KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 14, 2018

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

    I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") concerning the confidentiality of the exhibits to Plaintiffs' motion to compel. Plaintiffs filed their motion to compel on November 30, 2018. Because a large number of attachments, including discovery from the FBI, were marked confidential, Plaintiffs made their filing under seal.

    On Wednesday, in anticipation of a meet and confer between Saudi Arabia and Plaintiffs on the scope of their supplemental document requests, Plaintiffs indicated by email that, because the attachments to the motion to compel "are now judicial filings with a presumption of public access[,] . . . Plaintiffs' plan is to publically file those motion papers, in accord with the prior orders in this case and Second Circuit precedent." During the meet and confer, which occurred yesterday, Plaintiffs clarified that they would not file the exhibits publicly without further order of the Court. We offered to go through the attachments and decide if Saudi Arabia would consent to unsealing any of the specific documents but indicated that we would oppose any such request with respect to the remaining documents. Plaintiffs indicated that their position is that the entire filing should be made public (presumably except for the FBI confidential documents, which are governed by a separate protective order).

    The Court's August 27, 2018 Order sets forth the procedure (based on your Honor's Individual Practices) to follow when a party "wishes to file" confidential documents with the Court. ECF No. 4125, at 2. That Order directs the parties to: (1) "meet and confer to discuss whether the information should be filed under seal," (2) "submit a request for redactions" if "any party believes the information should be filed under seal," and (3) "present both parties' arguments" regarding sealing "in the application" if "the parties disagree on whether the information should be sealed." *Id.* Plaintiffs did not comply with any aspect of that procedure before their November 30 filing, despite a one-month extension granted by the Court at their

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

December 14, 2018
Page 2

request.  Neither did they seek reconsideration of the Court's August 27, 2018 Order or comply with the procedures of Local Rule 6.3.

      We would like to propose an appropriate schedule to give the Court an opportunity to resolve this dispute.  In all likelihood, we will be attaching additional confidential documents to our opposition to the motion to compel on December 21.  We assume that, when Plaintiffs file their reply, further confidential documents may also be included.  At Plaintiffs' request, and without objection from us, the Court has extended the due date for their reply to January 8.  *See* ECF No. 4278.

      In light of that schedule and in the interests of efficiency for the Court and the parties, we would propose that the issue of confidentiality be resolved for all such documents in one set of letter briefs.  Accordingly, we propose to review all the confidential documents attached to the motion, the response, and the reply by January 15.  At that time, we will indicate whether we consent to the unsealing of any of the attached documents and, with respect to the remaining documents, we will set forth our arguments in support of their sealing to the Court by letter brief.  Plaintiffs would have until January 22 to respond to that letter, and our reply would be due on January 25.

      We have proposed this schedule to Plaintiffs.  They have rejected it, indicating that they believe the status of sealed documents should be resolved "immediately" and pursuant to "a prompt motion schedule," but they have not proposed a specific alternative schedule.

      Respectfully submitted,

      */s/ Michael K. Kellogg*

      Michael K. Kellogg
      *Counsel for the Kingdom of Saudi Arabia*

cc:    Chambers of the Honorable George B. Daniels (via facsimile)
       All MDL counsel of record (via ECF)