# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

December 17, 2018

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

     The Plaintiffs' Executive Committees (PECs), on behalf of all Plaintiffs, respectfully write in opposition to the December 14, 2018 letter of the Kingdom of Saudi Arabia (ECF No. 4282), which seeks to delay for more than a month the question of whether Plaintiffs' discovery motions (docketed at ECF No. 4236 and ECF No. 4267, filed in support of ECF No. 4266) must remain under seal. Plaintiffs filed their motions under seal because the filings cite and attach documents that Saudi Arabia unilaterally and without justification designated as "confidential." The Kingdom has had ample opportunity to provide a substantive rationale for sealing, yet has never done so, and has never overcome the presumption of public access to judicial filings. The issue has been previously briefed (ECF Nos. 4235, 4243 and 4247).

     The PECs ask that this Court set an expedited briefing schedule. The PECs propose that the Kingdom be directed to complete its review of the confidential documents included in support of Plaintiffs' Motion to Compel by December 21, 2018, and advise by that date whether it will consent to the unsealing of any of the attached documents. With respect to any documents for which the Kingdom withholds such consent, it shall submit a letter brief in support of their continued sealing by December 28, 2018. Plaintiffs shall have until January 4 to respond to that letter.

     In addition, for purposes of the Kingdom's response to the Motion to Compel, due December 21, 2018, it shall determine in advance of that filing whether it intends to seek continued sealing of any documents it intends to file in support of that response, and to address

Hon. Sarah Netburn
December 17, 2018
Page 2

_____

its grounds for sealing those documents in its December 28, 2018 letter as well.  Plaintiffs are directed to also address those documents and arguments in their January 4 letter.

The delay the Kingdom seeks would interfere with the protection of important Constitutional rights, and deprive family members who lost loved ones in the September 11th attacks and survivors of those attacks with basic access to information in this Court's files. Because the Kingdom has unilaterally designated many of its documents as confidential, the PECs have been forced to file numerous motions under seal, leaving the Plaintiffs in the dark concerning basic details of their own case.  This result would be untenable in any case of this importance, but is all the more inappropriate here, as there is no legitimate basis for the overwhelming majority of the Kingdom's designations, and the Kingdom has not come forward to meet its burden to justify sealing.  The Kingdom has had ample opportunity to consider whether it wants to claim that the modest collection of documents in issue here should remain sealed, but has taken no action.[1]

The Second Circuit has held that immediate public access to judicial documents is required under both the common law and the First Amendment. *Lugosch*, 435 F.3d 110, 126 (2d Cir 2006); *DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 826 (2d Cir. 1997).   The Second Circuit requires that the issue be addressed "quickly" and stresses the need for "contemporaneous" access…." *Lugosch*, 435 F.3d at 126-27.

There is a strong presumption of public access to the Plaintiffs' motions and supporting papers.  *Id.* at 121.  Saudi Arabia has the burden of proof to overcome that presumption with specific proof of "the most compelling reasons" to justify sealing the public's record. *Id.* at 123. But rather than address its burden directly and promptly, Saudi Arabia has engaged in delay and obfuscation.

Plaintiffs have made repeated attempts to resolve this issue, "[t]o avoid the unnecessary filing of documents under seal…," as contemplated by Section III.d. of this Court's Individual Practices.  Upon receiving the Kingdom's document production in August, the PECs saw that the Kingdom had designated entire blocks of documents as "confidential" without any good cause. We immediately proposed that the Kingdom review its "confidential" documents, and identify any that met the standards for filing under seal.  The PECs urged that approach to avoid delays in public access to documents, anticipating the complexities that would arise if the issue was not addressed up front.  The Kingdom opposed that request, insisting that many of its "confidential" documents would never be filed before the Court, and that the matter could wait until documents were actually filed.

_____

[1] The motion also attached and included references to FBI documents subject to the FBI Protective Order.  On the day the motion was filed, the PECs provided the DOJ with proposed redactions to protect that information, in accordance with that Protective Order.  The DOJ promptly responded two business days later, endorsing the PECs' proposed redactions.  Thus, the FBI Protective Order poses no impediment to the public filing of Plaintiffs' motion papers with the agreed redactions.

Hon. Sarah Netburn
December 17, 2018
Page 3

_____

On October 23, 2018, Plaintiffs provided the Kingdom with the PECs' preliminary list of 94 documents (totaling 530 pages) that were likely to be filed, and asked the Kingdom to address that subset of documents. The Kingdom opposed that request as well, and has refused to provide a substantive rationale for concealing these documents from the litigants and the public. On October 26, 2018 Plaintiffs submitted their papers regarding Plaintiffs' supplemental discovery requests. *See* ECF 4236 ("placed in vault" October 29, 2018). Since those papers attached and referenced 14 "confidential" Kingdom documents (all but one of those documents referenced in Plaintiffs' October 26 filing was also identified on Plaintiffs' October 23 list), Plaintiffs were forced to file those papers under seal. Plaintiffs simultaneously moved this Court for an Order that Plaintiffs could publically file their judicial documents pursuant to the existing Protective Order, ECF 1900 at 6, 16.

On November 30, 2018, Plaintiffs filed their Motion to Compel with the Court, which included 44 "confidential" Kingdom documents (totaling 115 pages). Of those documents, 30 were previously identified to the Kingdom in Plaintiffs' October 23 list.

The Kingdom has been given ample prior notice and knew that the status of its "confidential" documents needed to be addressed. But since designating documents as "confidential" in July, the Kingdom has done nothing to meet its burden of proof to justify the sealing of those documents from public view.[2]

The issue is ripe for adjudication and should not be further delayed. The Kingdom's latest proposal – to wait until January 15, 2019 to offer its position on the documents and briefing thereafter – fails to meet its burden as mandated by the Second Circuit. The Kingdom should be ordered to immediately present its position and proof.

Indeed, since the last papers were filed on confidentiality, the Kingdom effectively abandoned its reliance on the Vienna Conventions for Diplomatic (1961) and Consular (1963) Relations – and contradicted its prior factual assertions to the United States and this Court – by claiming for the first time that its diplomat Fahad al-Thumairy was never actually an employee of the Kingdom's Embassy or Consulate. *See* Plaintiffs' November 30, 2018 Memorandum in Support of Motion to Compel at 2-3 & Exh. 7-E at 2. It is now clear that the Kingdom produced documents from its Embassy and Consulate not as some sort of gratuitous gesture (as the Kingdom wanted this Court to believe), but as part of the Kingdom's litigation strategy. *Id.*; *see* Plaintiffs' November 7, 2018 Letter to Hon. Sarah Netburn at 4 (the 1963 Vienna Convention only protects "official correspondence…relating to the consular post and its functions," not

---

[2] The Court has also already admonished all defendants to review their confidentiality designations carefully and warned that if "documents have been designated as confidential without justification," the Court would "likely . . . impose sanctions not only on the party that acted improperly, but on its counsel as well." ECF No. 2946 at 2.

Hon. Sarah Netburn
December 17, 2018
Page 4

_____

documents related to Thumairy and Omar al-Bayoumi).  In any event, neither the 1961 nor 1963 Vienna Conventions provide for the sealing of documents once they have been produced. *Id*.

The Kingdom's failure to act has caused a real hardship in the 9/11 community, raising anxiety and alarm because of the lack of access to case files.  Plaintiffs should not be left to endure this continuing strain simply because the Kingdom is dragging its feet and would prefer these proceedings remain secret as long as possible.

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE |
|---|---|
| /s/ Sean P. Carter, Esquire | /s/ Robert T. Haefele, Esquire |
| Sean P. Carter, Esquire | Robert T. Haefele, Esquire |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, PA 19103 | Mt. Pleasant, SC 29464 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

KREINDLER & KREINDLER

/s/ Steven R. Pounian, Esquire
Steven R. Pounian, Esquire
Megan Benett, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

cc:   The Honorable George B. Daniels (via First Class Mail)
      All MDL Counsel of Record (via ECF)