## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

December 12, 2018

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      The Plaintiffs' Executive Committees (PECs), on behalf of all plaintiffs, respectfully write in regards to the Court's November 29, 2018 Order, ECF No. 4261, addressing Plaintiffs' Motion for Supplemental Discovery concerning seven Saudi government officials. In that Order, the Court held that plaintiffs had "set forth a reasonable basis to conduct document discovery from Saudi Arabia concerning" Musaed Ahmed al-Jarrah; Smail Mana a/k/a Ismail Mana; and Mohamed Sulaiman al Muhanna. November 29, 2018 Order at p. 1. The Court denied plaintiffs' discovery as to the remaining four Saudi government officials, and indicated that an Opinion and Order containing the Court's reasoning would follow. *Id.* at p. 2.

      The PECs write to respectfully suggest that it would be more efficient for the Court to defer issuing its written Opinion and Order setting forth the Court's reasoning in denying discovery as to the remaining four Saudi government officials, until plaintiffs receive the second tranche of documents the FBI is producing in response to plaintiffs' subpoena. That production is currently scheduled for December 20, 2018.

      In support of this request, the PECs note that the first tranche of FBI documents (attached as Exhibit 17 to Plaintiffs' Motion to Compel) furnished substantial factual support for the independent investigation underlying plaintiffs' request for discovery as to the seven individuals, as described in the Affidavit of Catherine Hunt.

Hon. Sarah Netburn
December 12, 2018
Page 2

    The details contained in the first tranche relating to ▓▓▓▓▓ the Islamic Center of San Diego (ICSD) within the support network for the September 11 hijackers are illustrative. Plaintiffs did not have the benefit of that information when they sought to supplement discovery as to Sharif Batikhi, the Saudi government employee who at the time was the ICSD's President and/or Imam, and a close friend of Omar al Bayoumi. The FBI documents show ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The documents also showed that in December 1999, just weeks before the arrival of hijackers Hazmi and Khalid al Mihdhar, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ During his FBI interviews, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. These facts provide evidence that the ICSD was an operational center for the support network for the hijackers, and that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    Plaintiffs are currently investigating the identities of those ▓▓▓▓▓▓▓ Numerous men associated with the ICSD, including its Imam Batihki, together with a person described as ▓▓▓▓▓▓▓▓▓▓▓▓ attended the "welcoming party" organized by Bayoumi for the hijackers. ▓▓▓▓▓ attached Exhibit 1, February 24, 2004 9/11 Commission Memorandum for the Record, at 3-4). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    ▓▓▓▓ Based on the additional information provided thus far, a clearer picture of the importance of the ICSD and involvement of its employees and associates, including Batikhi, is emerging.

    The further FBI productions are likely to contain additional information relating to the individuals and transactions identified in Ms. Hunt's independent investigation, potentially to include the remaining four Saudi government officials. The PECs respectfully submit that such additional information may augment the details Ms. Hunt has identified relating to the four individuals in ways that would further inform the Court's assessment of the appropriateness of authorizing discovery as to those individuals.

    The purpose of discovery is, of course, to provide an opportunity for a party to learn facts unknown to it. Particularly in a case of this nature, which involves clandestine and illegal activities relating to sponsorship of terrorism, and government investigations that have remained largely classified up to this point, many of the facts are simply unknowable to plaintiffs, to include the identity of all of the relevant participants and the roles they played. Despite this challenge, plaintiffs have undertaken independent investigations to develop as much information as possible, and have made an evidentiary proffer in support of their supplemental discovery requests, to give the Court comfort concerning the appropriateness and focus of that discovery. However, plaintiffs would be especially disadvantaged if they are not afforded the opportunity to supplement that showing on the basis of the information the FBI has promised to produce.

Hon. Sarah Netburn
December 12, 2018
Page 3

---

      For all of these reasons, the PECs respectfully request that the Court defer issuance of its Opinion and Order regarding the four remaining Saudi officials. The PECs note that the Kingdom has not yet begun its searches for the three individuals for whom discovery was authorized, and pursuant to the schedule proposed by the parties, briefing on the Kingdom's efforts to limit that discovery will not be complete until January 8, 2019. The FBI's second tranche is due well before that date, and as such deferring issuance of the Court's opinion on the remaining four government employees should not result in any delay.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Sean P. Carter, Esquire*
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

MDL 1570 Plaintiffs' Exec. Committee
for Commercial Claims

MOTLEY RICE

*/s/ Robert T. Haefele, Esquire*
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

KREINDLER & KREINDLER

Steven R. Pounian, Esquire
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

cc: (via email)
    Michael Kellogg, Esq.
    Mark Hansen, Esq.
    Gregory Rapawy, Esq.
    Andrew Chun-Yang Shen, Esq.
    Sarah S. Normand, Esq.
    Jeanette Vargas, Esq.
    MDL 1570 Plaintiffs' Executive Committees

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the December 12, 2018 under seal letter addressed to The Honorable Sarah Netburn without enclosures was publicly filed in a redacted version today and emailed to the following parties on the 18th day of December 2018.

Michael K. Kellogg, Esq.
Mark C. Hansen, Esq.
Gregory G. Rapawy, Esq.
Andrew Chun-Yang Shen, Esq.
mkellogg@kellogghansen.com
mhansen@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com
(Counsel for the Kingdom of Saudi Arabia)

Sarah S. Normand, Esq.
Jeannette Vargas, Esq.
Sarah.normand@usdoj.gov
Jeannette.vargas@usdoj.gov
(U.S. Department of Justice)

Sean Carter, Esq.
Scott Tarbutton, Esq.
Robert Haefele, esq.
Jerry Goldman, Esq.
scarter@cozen.com
starbutton@cozen.com
rhaefele@cozen.com
jgoldman@cozen.com
(MDL 1570 Plaintiffs' Executive Committees)

Andrew J. Maloney, III