*HAVLISH* PLAINTIFFS' RENEWED MOTION
FOR AN ORDER CREATING A COMMON BENEFIT FUND AND
AUTHORIZING CERTAIN DISBURSEMENTS THEREFROM

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM OPINION AND
ORDER

03 MDL 1570 (GBD) (FM)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

This document relates to:

*Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD) (FM) ("*Ashton*");
*Federal Insurance Co. v. al Qaida*, 03-cv-6978 (GBD) (FM) ("*Federal Insurance*");
*Havlish v. bin Laden*, 03-cv-9848 (GBD) (FM) ("*Havlish*"); and
*Estate of John P. O'Neill, Sr., v. Republic of Iraq*, 04-cv-1076 (GBD) (FM) ("*O'Neill*")

GEORGE B. DANIELS, District Judge:

The *Havlish* Plaintiffs recently moved for an order requiring the *Ashton*, *Federal Insurance*, and *O'Neill* Plaintiffs (collectively, "Respondents") to deposit eight percent of any damages recovered from Iran into a common benefit fund to compensate the *Havlish* Plaintiffs for their efforts in securing a default judgment against Iran, and upon which this Court relied in entering default judgments against Iran on behalf of Respondents. (Havlish Plaintiffs' Motion for an Order Creating a Common Benefit Fund to Compensate and Reimburse Havlish Attorneys for Services Performed and Expenses Incurred in Developing and Presenting Evidence Establishing Liability and Damages against Defendant The Islamic Republic of Iran, (ECF No. 3235).)

On July 12, 2016, Magistrate Judge Maas issued a Report and Recommendation advising this Court to deny the *Havlish* Plaintiffs' motion without prejudice to its later renewal. (Report and Recommendation ("Report"), (ECF No. 3309), at 2, 7.) Magistrate Judge Maas based his recommendation on the fact that it would be premature to reach the merits of the motion because at this point the amount of effort Respondents will expend to collect their award from Iran, and the sums, if any, that they will actually recover, would be pure speculation. (*See id.* at 4-7.)

The Report notified the parties of their right to object to the Report's findings and recommendations. (*Id.* at 5.) No objections have been filed.

Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the Report without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000). No such error appears here. This Court adopts the findings and recommendation set forth in the Report in their entirety. (*See* Report.)

The *Havlish* Plaintiffs' motion requiring Respondents to deposit eight percent of any damages recovered from Iran into a common benefit fund is denied without prejudice to its later renewal. The Clerk of Court is directed to close the motion docketed as ECF No. 3235.

Dated: August 1, 2016
New York, New York

AUG 02 2016

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

2