KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 18, 2018

**REDACTED VERSION FOR PUBLIC FILING**

*Via electronic mail*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") in response to the letter filed by the Plaintiffs' Executive Committees ("Plaintiffs") on December 12, 2018 (the "December 12 Letter").  In an order dated November 29, 2018, the Court granted in part and denied in part Plaintiffs' motion seeking supplemental discovery of seven Saudi Arabian officials.  At that time, the Court advised that "[a]n opinion and order containing the Court's reasoning will follow."  ECF No. 4261 at 2 ("November 29 Order").  In their December 12 Letter (at 1), the Plaintiffs ask the Court "to defer issuing its written Opinion and Order setting forth the Court's reasoning in denying discovery as to the remaining four Saudi government officials, until plaintiffs receive the second tranche of documents the FBI is producing in response to plaintiffs' subpoena."  The Court should deny that request.

      **1.**     Nominally, Plaintiffs ask the Court only to defer issuing a written opinion.  The timing of the opinion is of course up to the Court, but Saudi Arabia respectfully submits that there is no reason to defer it past the point it is otherwise ready to release.  The parties have ongoing disputes and ongoing briefing about the scope of jurisdictional discovery, and knowing the Court's reasoning will help them to resolve those disputes and will avoid arguments that waste time because they do not match the approach the Court intended to adopt.  Broadly speaking, Saudi Arabia believes that discovery concerning Musaed Al Jarrah, Smail Mana, and Mohamed Al Muhanna should focus on contacts between those individuals and either Fahad Al Thumairy or Omar Al Bayoumi, plus searches for reasonable context and background information, such as the individuals' personnel files and any diplomatic credentials.  *See* ECF No. 4283.  Plaintiffs disagree and believe the Court intended to order discovery into all activities of those individuals. The Court's reasoning seems likely to provide guidance.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

**REDACTED VERSION FOR PUBLIC FILING**

Hon. Sarah Netburn
Page 2

      Also, Plaintiffs' statement (at 3) that Saudi Arabia "has not yet begun its searches for the three individuals for whom discovery was authorized" is incorrect. Saudi Arabia has deferred searches of its Embassy and its Los Angeles Consulate in an attempt to perform a single additional round of searches, *see* ECF No. 4283, at 5, but counsel have already traveled to Riyadh, interviewed Mohamed Al Muhanna, and made a preliminary request for documents from the Ministry of Islamic Affairs.

      **2.**      The substance of Plaintiffs' request is that they want to use information produced by the FBI to ask the Court to reconsider its order and grant broader discovery. *See* December 12 Letter at 1 ("the first tranche of FBI documents . . . furnished substantial factual support for . . . plaintiffs' request for discovery as to the seven individuals"). The Court should decline to reconsider its November 29 ruling as to the first tranche of FBI documents, both because those documents – produced on November 19, consisting of 109 pages all in English – were available to Plaintiffs more than a week before the Court issued its order[1] and because their substance does not support reconsideration.

      The Court denied supplemental discovery as to four individuals: Sharif Al Batikhi, Abdullah Al Jaithen, Adel Al Sadhan, and Mutaeb Al Sudairy. Plaintiffs do not argue that the first tranche of FBI documents provides any support for discovery about Al Jaithen, Al Sadhan, or Al Sudairy. Their letter mentions only Al Batikhi, who was employed by Saudi Arabia in 2003 – long after the events that form the basis of Plaintiffs' complaint – and is alleged to have been an imam at the Islamic Center of San Diego ("ICSD") in 2000. *See* Letter from M. Kellogg to Court at 5 (Nov. 2, 2018) (filed under seal); Declaration of Catherine Mannherz Hunt ¶ 34 ("Hunt Decl.") (attached as App. 2 to Pls.' Motion To Compel (Oct. 26, 2018) ("Mot.")). But the FBI's first tranche (submitted under seal as Exhibit 17 in support of Plaintiffs' motion to compel) adds nothing to the allegations that Plaintiffs previously put forth about Al-Batikhi.



Nothing in the production even mentions Al Batikhi. None of these allegations is a reason to reconsider the Court's previous ruling, and several mischaracterize what the FBI said.

---

[1] *See In re Rezulin Prods. Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (party seeking reconsideration "must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered"). Plaintiffs were well aware the FBI documents were coming and could have raised any arguments with the Court they wished to make in less than 10 days.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

**REDACTED VERSION FOR PUBLIC FILING**

Hon. Sarah Netburn
Page 3



Plaintiffs' description (at 2) of the ICSD as an "operational center for the support network for the hijackers" is their own invention and is not supported by anything in the FBI production.



Nor do they point to any evidence that Al Batikhi was an employee of Saudi Arabia at the time, just as they failed to do previously.[2]

---

[2] In their previous motion, Plaintiffs' only basis for that allegation was a conclusory assertion by their investigator. *See* Mot. at 4 (citing only Hunt Decl. ¶ 34); *see also* Hunt Decl. ¶ 34 (acknowledging that "the start date of al-Batikhi's employment [by Saudi Arabia] is not known at this time," but nevertheless asserting "a reasonable basis to believe that al-Batikhi was working for Saudi Arabia in the year 2000").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

**REDACTED VERSION FOR PUBLIC FILING**

Hon. Sarah Netburn
Page 4

3. Plaintiffs also request (at 3) an "opportunity to supplement [their previous] showing on the basis of the information the FBI has promised to produce." That is in substance a request for an extension of the 14-day limit on motions for reconsideration under Local Civil Rule 6.3. It should also be denied.

The Court has explained that it is "not going to allow" third-party discovery "to hold up [Saudi Arabia's] right to file a new motion to dismiss once a reasonable period of discovery has concluded." Tr. of Hr'g at 23 (Apr. 12, 2018), ECF No. 3964; *see also, e.g.*, Tr. of Hr'g at 24 (Oct. 12, 2018), ECF No. 4237 ("Even if you are seeing all these other documents through the FBI, that is not going to be the opening of the door."); *id.* at 29 ("What is to stop you from arguing every month that I set a motion to compel deadline that you think you are getting more documents and you want to review those? Saudi Arabia has a real interest in wrapping up this discovery and moving forward to the motion practice . . . ."). Plaintiffs' submission ignores this guidance and seeks to do exactly what the Court has said it would not permit.

More generally, in this District, "a motion for reconsideration is not an invitation for parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (quoting *de los Santos v. Fingerson*, 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998)). That sort of improper "dialogue" is exactly what Plaintiffs are trying to set up here – based not on genuine new evidence but on mischaracterization and hyperbole.

Giving appropriate weight to Saudi Arabia's legitimate concerns here, and to the lack of any substance in Plaintiffs' letter, the Court should make clear that it will not reopen already-resolved discovery issues whenever Plaintiffs claim they have or are likely to receive new evidence from third parties in discovery.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

Cc: Chambers of the Hon. George Daniels (via facsimile)
Service list for Plaintiffs' Executive Committees (via electronic mail)