# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

January 11, 2019

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

In accordance with the January 7, 2019 Order, ECF No. 4339, the Plaintiffs' Executive Committees ("PECs"), Department of Justice ("DOJ"), Defendants' Executive Committee ("DEC"), counsel for the Kingdom of Saudi Arabia, and counsel for Dallah Avco met and conferred on January 9, 2019, to identify aspects of this multi-district litigation that may be impacted by the government shutdown. As directed in that Order, the parties submit this joint status letter to apprise the Court of those discussions, and to briefly summarize any relief the parties believe to be appropriate in light of the shutdown.

Generally speaking, Assistant United States Attorney Sarah Normand, on behalf of the DOJ, advised that it is the government's position that, consistent with the Standing Order entered by the Chief Judge, any aspects of the litigation that require a response from the DOJ, or a federal agency, are stayed during the government shutdown. In light of that circumstance, the parties discussed several specific areas of ongoing and expected activity in the multidistrict litigation, to assess the particular impact of the shutdown on those activities, as summarized below.

    A. <u>Depositions</u>

As the Court is aware, depositions are ongoing in the proceedings as to the merits and personal jurisdiction defendants (Dallah Avco, Muslim World League ("MWL"), International Islamic Relief Organization ("IIRO"), World Assembly of Muslim Youth ("WAMY"), Dubai Islamic Bank, Abdullah bin Mohsen al Turki, Abdullah bin Saleh al Obaid, Abdullah Omar Naseef, Adnan Basha, and Yassin al Kadi). In addition, at an appropriate time, the PECs intend to depose witnesses with relevant knowledge and information pertaining to the ongoing jurisdictional discovery proceedings as

Hon. Sarah Netburn
January 11, 2019
Page 2
_____

to the Kingdom of Saudi Arabia, including individuals identified or referenced in documents produced by the Federal Bureau of Investigation ("FBI") and subject to the FBI Protective Order.

During the call, the DOJ advised that the shutdown is likely to present an impediment to moving forward with depositions implicating materials that are subject to the FBI Protective Order. Accordingly, the DOJ indicated that it would be preferable to defer any such depositions until the shutdown has concluded.

The equities underlying the FBI Protective Order do not present an impediment to moving forward with depositions that do not implicate or involve any materials subject to the Protective Order, such as the upcoming Dallah Avco and IIRO depositions scheduled for the week of January 21 in Madrid, Spain. However, the DOJ will not be in a position to respond to any subpoenas or *Touhy* requests seeking the depositions of any current or former U.S. government official or employee during the shutdown, and the DOJ asked that any such requests be deferred until the shutdown has concluded.

### B. Subpoenas

As the Court is aware, the PECs previously served subpoenas on the FBI, Central Intelligence Agency ("CIA"), Department of State, and Treasury Department. The government advised the parties that pursuant to the Standing Order, the subpoenas were stayed in their entireties and that no one in the government is or will be working on the subpoenas during the shutdown.

Prior to the shutdown, the FBI was in the midst of processing additional documents responsive to the PECs' subpoena. During a telephone call on January 2, 2019, the DOJ reported to the PECs that, prior to the commencement of the shutdown, the FBI had expected to process a third tranche of documents in response to the PECs' subpoena by the end of January. During that call, the DOJ further indicated that the FBI expected to process additional documents in one or more additional tranches. All of that work has been stayed as a result of the shutdown. The DOJ advised the parties that the anticipated dates for the completion of processing would not be met, unless the shutdown was resolved very soon. Even then, the loss of time incurred already is likely to delay the processing of the third tranche beyond the previously anticipated date. Before the shutdown, the FBI produced witness statements only. The remaining documents being processed by the FBI include certain evidentiary materials collected by the FBI, including phone and banking records, and the 2012 FBI Summary Report.

By letter dated December 20, 2018, the DOJ reported that the Department of State had identified records responsive to the PECs' subpoena pertaining to Fahad al Thumairy, Omar al-Bayoumi, and the 9/11 Hijackers. However, the Department of State advised that those materials were subject to the provisions of 8 U.S.C. §1202(f), relating to certain records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States. The DOJ advised that the statute authorizes the release of such records "in the discretion of the Secretary of State" if there has been a certification from the Court that the records are needed "in the interest of the ends of justice in a case pending before the Court." 8 U.S.C. §1202(f)(1). The DOJ further reported in its December 20, 2018 letter that the

Department of State was reviewing a small number of records not covered by §1202(f) relating to Thumairy, and expected to complete that review by mid-January.

The PECs provided the DOJ with a draft application to the Court seeking the necessary certification for the records subject to §1202(f) on December 28, 2018, and in response the DOJ requested that the PECs hold off on submitting the application until the Department of State had an opportunity to review the proposed Order.

No further progress with regard to the certification or review or production of responsive documents by the State Department has been or will be possible during the shutdown.

During the call on January 2, 2019, the PECs advised the DOJ that they intended to present a proposal in the near future, aimed at narrowing areas of dispute with respect to the CIA and Treasury Department subpoenas, in the hopes of limiting the issues requiring intervention by the Court. The DOJ and responding agencies will not be in a position to engage in any discussions on that front during the shutdown, and no disputes relating to those subpoenas can be presented to the Court during the shutdown.

Also during the PECs' call with the DOJ on January 2, 2019, the PECs advised that they intended to issue additional third party subpoenas, one or more of which may be directed to individuals or entities referenced in documents subject to the FBI Protective Order. In an abundance of caution, the PECs had planned to provide copies of those subpoenas to the DOJ and FBI before serving them, to ensure that the FBI did not have any concerns. While that approach will not be feasible during the shutdown, the DOJ has advised that it has no objection to the issuance of any such third party subpoenas at this time, so long as those subpoenas do not reference the FBI or any documents that are subject to the FBI Protective Order, and so long as the PECs copy Ms. Normand on the notice to other parties before service pursuant to Fed. R. Civ. P. 45(a)(4).

### C. Confidentiality Review

The DOJ advised that the parties should not submit their proposed redactions of documents pursuant to the FBI Protective Order to the DOJ until the shutdown is over. As a result, all Court filings that include FBI documents will remain under seal during the shutdown.

### D. Proceedings as to Iran

In general, the DOJ indicated that the shutdown need not impede further default or other proceedings as to Iran. However, it is unclear whether service of any recently filed or new complaints against Iran through the Department of State can occur during the shutdown. Ms. Normand kindly offered to contact the Department of State to inquire about the service issue, but advised that she may not receive an immediate response due to the shutdown.

### E. Administrative Matters

Over the last several weeks, the Court has issued a number of orders to formally incorporate new actions into the MDL. Administrative activities of that nature do not require the attention of the DOJ, and thus need not be stayed during the shutdown.

### F. The Parties' Proposal on How to Proceed

The parties believe the most prudent course of action at this time would be for the parties and Court to focus on matters that are not impacted immediately by the shutdown in the coming weeks, and present further proposals related to the shutdown thereafter.

With regard to the Kingdom of Saudi Arabia, briefing on Plaintiffs' Motion to Compel further discovery, and the Kingdom's Motion to Limit Plaintiffs' Supplemental Discovery Requests, is complete. The shutdown does not present an impediment to the Court holding a hearing on those motions, as requested by the PECs, and then proceeding to decide those motions.[1] Meanwhile, the PECs can continue to advance discovery as to the Kingdom by issuing subpoenas to certain third parties.

In addition, the parties can proceed with depositions of the merits and personal jurisdiction defendants that do not implicate the protected FBI materials and do not invoke the Touhy process. The parties also agree that the shutdown should not interfere with default and other proceedings as to Iran. Finally, the parties also agree that the shutdown does not of course implicate the Court's determining all other pending motions.

The parties would further propose that a January 31, 2019 deadline be set for the parties to meet and confer and submit further proposals in light of the shutdown.

Finally, given the language of the Standing Order, the PECs believe a formal order implementing the above is appropriate.

Respectfully submitted,

COZEN O'CONNOR

 /s/ Sean P. Carter, Esquire
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims

MOTLEY RICE

 /s/ Robert T. Haefele, Esquire
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims

KREINDLER & KREINDLER

 /s/ Andrew J. Maloney, Esquire
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

---

[1] The PECs anticipate that the further FBI production is likely to include names and details not presently known, but any relief warranted by such disclosures can be addressed in due course.

Hon. Sarah Netburn
January 11, 2019
Page 5
_____

  MDL 1570 Plaintiffs' Exec. Committee for
  Personal Injury and Death Claims

cc:    The Honorable George B. Daniels (via First Class Mail)
       All MDL Counsel of Record (via ECF)