```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

```
----------------------------------------------------------------X
```

03-MDL-01570 (GBD)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/2019

**SARAH NETBURN, United States Magistrate Judge:**

On August 29, 2018, the Court issued an Opinion and Order granting in part the Plaintiffs' Executive Committees' ("PECs") motion to compel Defendants World Assembly of Muslim Youth Saudi Arabia ("WAMY SA") and World Assembly of Muslim Youth International ("WAMY Int'l") (collectively, "WAMY"). ECF No. 4130. On September 12, 2018, WAMY filed a motion for reconsideration pursuant to Local Civil Rule 6.3. ECF No. 4164. The PECs filed an opposition on October 10, and WAMY filed a reply on October 31. ECF Nos. 4209, 4239. WAMY's motion for reconsideration is GRANTED in part and DENIED in part.

## BACKGROUND

On February 28, 2018, the PECs filed a motion to compel WAMY to produce all documents responsive to the PECs' document requests. ECF No. 3911. The PECs argued, among other things, that WAMY had not produced "full, complete, and organized sets of documents for each of WAMY's branch offices." Id. at 5. While acknowledging that they had received "some reports" from "a handful of offices," the PECs maintained that WAMY's production was substantially incomplete, particularly with respect to banking records. Id. To show that further documentation must exist, the PECs emphasized that the branch offices were required to transmit

regular reports regarding their activities and finances to WAMY headquarters. Id.; WAMYSA051694–95 at Ex. 11; WAMYSAE001128–29 at Ex. 12.

WAMY opposed the PECs' motion to compel. ECF No. 3949. Regarding their branch offices, WAMY argued that the PECs failed to identify which specific reports were missing from a given office. Id. at 11. Such broad complaints, according to WAMY, were insufficient under Local Rule 37.1. Id. at 12.

The PECs filed a reply on April 13, 2018. ECF No. 3962. The PECs asserted that WAMY failed to establish an adequate process to identify, secure, and produce responsive documents. Id. at 1. The PECs emphasized that basic documentation from WAMY's branch offices was entirely missing, and that WAMY's counsel was unable to articulate a coherent explanation for these gaps in production. Id. at 1–2. Further, the PECs relied upon three letters written by WAMY's Assistant Secretary General of Offices and International Relations, Dr. Abdul Hameed bin Youssef Al-Mazrou. On October 25, 2011, Dr. Al-Mazrou sent a letter to the branch offices, asking for "reports and information about all projects, programs, and activities implemented by your esteemed office" from 1992 until 2002. Id. at 3 & Ex. 1. A few months later, on April 7, 2012, Dr. Al-Mazrou sent another letter to the branch offices, this time asking them to complete forms detailing the offices' financial and administrative matters. Id. at 3 & Ex. 2. Finally, on May 5, 2012, Dr. Al-Mazrou requested copies of bank account statements and audited balance sheets. Id. at 3 & Ex. 3. The PECs concluded that Dr. Al-Mazrou's approach did not reflect an adequate process to secure relevant documents. Id. at 3–4.

The Court agreed with the PECs' position. Pointing to Dr. Al-Mazrou's letters, the Court found that WAMY did not conduct an adequate search for documents located in its branch offices. ECF No. 4130 at 5. The Court emphasized that defense counsel "should have

2

communicated directly with staff in WAMY's branch offices and carefully coordinated and supervised their efforts to collect and produce all relevant and responsive documents." Id. at 6. Accordingly, the Court directed WAMY to conduct a more thorough search for documents located in its branch offices. Id. at 7.

On September 12, 2018, WAMY filed a motion for reconsideration pursuant to Local Rule 6.3. ECF No. 4165. Specifically, WAMY seeks reconsideration of the Court's finding that "WAMY did not conduct an adequate search for documents located in its branch offices." Id. at 1. WAMY argues that it did not have an opportunity to present all material facts to the Court and that those facts would have reasonably altered the Court's finding. Id. The Court agrees.

## LEGAL STANDARD

The standards governing a motion for reconsideration under Local Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, "the movant must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (citing Doe v. NYC Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (internal quotation marks omitted)). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 256–57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless the moving party can point to controlling decisions or data that the court overlooked — in other words, information that might reasonably be expected to alter the conclusion reached by the court. Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader, 70 F.3d at 257).

**DISCUSSION**

WAMY has demonstrated a need to prevent manifest injustice. To begin, WAMY has shown that it conducted an adequate search for records in its branch offices. In October 2011, WAMY's counsel traveled to the Kingdom of Saudi Arabia ("Saudi Arabia") for six days to install a system that would ensure a robust document production. ECF No. 4166, Declaration of Omar T. Mohammedi ("Mohammedi Decl."), at ¶¶ 5–6; ECF No. 4167, Declaration of Frederick J. Goetz ("Goetz Decl."), at ¶ 4.[1] WAMY established a "search team," composed of over 150 delegates, including high-ranking WAMY officials, regional office heads, and the heads of branch offices. Mohammedi Decl., at ¶ 7; Goetz Decl., at ¶ 5. Counsel trained the search team on WAMY's discovery obligations under the Federal Rules. Mohammedi Decl., at ¶ 8; Goetz Decl., at ¶¶ 9–10, 13. Counsel also discussed the specific document requests made by the PECs, including how to identify responsive documents, preserve them, and collect them for review by WAMY's legal team. Mohammedi Decl., at ¶ 8; Goetz Decl., at ¶ 5.

Defense counsel sent the search team to WAMY's individual branch offices. Mohammedi Decl., at ¶9. The team was directed to copy all documents, without exception, and scan or otherwise bring them back to Saudi Arabia. Id.; Goetz Decl., at ¶¶ 7, 16. As a result, all documents belonging to the chapters were copied and sent back to WAMY headquarters in Riyadh for an initial review. ECF No. 4168, Declaration of Elizabeth K. Kimundi ("Kimundi Decl."), at ¶ 5. Once the records were in Saudi Arabia, WAMY's counsel showed the search team how to identify relevant documents, and any responsive materials were scanned to New York for a secondary review by WAMY's legal team. Mohammedi Decl., at ¶¶ 12–13, 14, 16;

---

[1] The PECs argue that, because WAMY never sought permission to file declarations in connection with their motion for reconsideration, the Court must disregard the declarations in their entirety. ECF No. 4209, at 8. But the Court explicitly endorsed WAMY's request to file declarations in support of its motion for reconsideration. ECF No. 4142. Accordingly, consideration of WAMY's declarations is proper.

Goetz Decl., at ¶¶ 11–12. If there were documents which seemed missing, counsel gave specific guidelines to the search team to conduct a more thorough investigation. Mohammedi Decl., at ¶ 17; Kimundi Decl., at ¶¶ 4, 14. In October 2015, for example, WAMY's counsel met with the heads of all the regional offices within Saudi Arabia. Goetz Decl., at ¶15. The specific purpose of the meeting was to review the areas where counsel thought there might be gaps in the document production from the various chapters. Id.

Defense counsel supervised WAMY's document production throughout discovery. In addition to making over 30 trips abroad, counsel had almost weekly communications with the search team to ensure compliance with the Federal Rules. Mohammedi Decl., at ¶¶ 11, 15, 20; Goetz Decl., at ¶¶ 9–10, 16; Kimundi Decl., at ¶¶ 6–10. Counsel also met with former representatives and employees in various countries to determine whether they had any missing documents in their personal possession. Mohammedi Decl., at ¶ 21; Goetz Decl., at ¶ 17; Kimundi Decl., at ¶ 12. Under these facts, the Court finds, as a general matter, that WAMY conducted an adequate search for documents in its branch offices.

It would be a manifest injustice to ignore WAMY's extensive discovery efforts. First, WAMY was justified in not raising these arguments in its opposition to the PECs' motion to compel. In their initial briefing, the PECs did not allege that WAMY failed to establish an adequate *process* to produce responsive documents. Rather, the PECs argued that WAMY withheld certain categories of documents from many of its branch offices. ECF No. 3911 at 5. As evidence for their claim, the PECs asserted that the branch offices were required to submit monthly reports regarding the offices' activities and finances to WAMY headquarters. Id. There was no discussion, however, about WAMY's collection efforts; it was not until their reply memorandum that the PECs argued that WAMY had failed to develop an adequate procedure.

ECF No. 3962 at 1, 3–4. As a result, defense counsel acted reasonably when they focused on the alleged generality of the PECs' objections.

Second, in its August 29 Order and Opinion, the Court ordered WAMY to conduct a more thorough search for documents located in its branch offices. ECF No. 4130 at 7. Among other things, WAMY was required to (1) communicate directly with staff; (2) explain the PECs' document requests in specific terms; and (3) coordinate and supervise the offices' efforts to produce relevant documents. But WAMY has already engaged in these activities. As detailed above, WAMY has, under the direct supervision of counsel, conducted an extensive review of its branch offices. To re-do these efforts would impose a significant and undue burden on WAMY.

The PECs' arguments to the contrary are unavailing. The PECs claim, for example, that WAMY has failed to provide adequate documentation from 26 individual branch offices. ECF No. 4209 at 9. WAMY's reply memorandum, however, addresses each of these offices in detail. Eleven of the "branch offices" identified by the PECs are not actually offices; rather, work was conducted in these countries from branch offices in other locations.[2] ECF No. 4240, Ex. 1, at 1–2. Other branch offices were not formed until at least 2000, which suggests the number of responsive documents will be limited.[3] Id. For the remaining offices, WAMY has produced tens of thousands of pages for each office, including hundreds of financial documents. Id. at 1–5. As a result, WAMY has addressed the PECs' concerns regarding the "22 specific WAMY overseas branch offices" and the "4 WAMY branch offices in the Kingdom." ECF No. 4209 at 9.

Nevertheless, there is still some concern about WAMY's document production. Defense counsel met with Dr. Al-Mazrou in October 2011 to "put a system in place that would ensure a

---

[2] These "chapters" are: Argentina, Belgium, Chechnya, Czech Republic, Germany, Greece, Hong Kong, Malawi, Malaysia, Romania, and Uganda.
[3] These offices are: Australia (established in 2002); Bangladesh (established in 2000); Brazil (established in 2000); Kosovo (established in 2000); and Thailand (established in 2004).

robust and complete document production." Goetz Decl., at ¶¶ 4–5. Following the October meeting, however, Dr. Al-Mazrou sent three separate letters to the branch offices. The letters — which did not discuss WAMY's discovery obligations or the PECs' document requests — sought financial and administrative documents for an "informational program." ECF No. 3963 at Ex. 1– 3. WAMY admits that the letters were part of WAMY's collection efforts. ECF No. 4165 at 3. For this reason, there is some concern that, despite counsel's best efforts, the search team — of which Dr. Al-Mazrou was a part — did not fully understand its discovery obligations.

Additionally, the PECs argued in their motion to compel that WAMY failed to produce a complete set of banking records for each of its branch offices. ECF No. 3911 at 5–6. The PECs identified 86 bank accounts belonging to WAMY, but insist that WAMY has produced only a small number of account statements. ECF No. 3962 at 5 n.7 & Exhibit 5. In response, WAMY contends that the PECs' arguments "should be stricken as outside the scope of the Court's August 29th Order and WAMY's motion." But WAMY seeks reconsideration of Section IV of the Court's Order. That Section dealt with the PECs' concerns regarding WAMY's branch offices, which include a claim that WAMY has failed to produce a complete set of banking records from each of its offices. ECF No. 3911 at 5–6; ECF No. 3962 at 5 n.7. WAMY's argument therefore does little to persuade the Court that WAMY has performed an adequate search for these records.

Accordingly, within seven days of this Opinion and Order, the PECs are directed to provide WAMY with a list of no more than 10 branch offices (including offices in Saudi Arabia) that the PECs believe have provided inadequate documentation regarding their banking records. Within 45 days of this Opinion and Order, WAMY is ordered to search for and produce all banking records in those 10 branch offices. In addition, within 45 days of this Opinion and

Order, WAMY must produce a sworn declaration in accordance with 28 U.S.C. § 1746 describing in detail its efforts to locate these banking documents in its branch offices.

## CONCLUSION

For the foregoing reasons, WAMY's motion for reconsideration is GRANTED in part and DENIED in part. The Clerk of the Court is directed to terminate the motion at ECF No. 4164. The PECs' request to depose WAMY's declarants is DENIED.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: January 15, 2019
New York, New York