**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

January 31, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:  *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

On behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia"), I write to request that the Court set a schedule for the parties to meet and confer, and submit any unresolved disputes to the Court, concerning the number and identities of deponents relating to jurisdictional discovery issues. Plaintiffs have stated in meet-and-confer discussions that they do not believe this issue will be ripe for resolution until the FBI produces its next tranche of documents, for which the United States has set a target date of March 15, 2019. Plaintiffs' position is inconsistent with the Court's guidance and Plaintiffs' own previous representations. The Court should enter a scheduling order to ensure that this process moves forward.

At the hearing on October 12, 2018, Plaintiffs repeatedly said they would provide Saudi Arabia with a list of names of proposed deponents on November 30, when they filed their motion to compel.[1] On November 13, Plaintiffs again represented to the Court that they would provide names of proposed deponents on November 30.[2] Yet they did not do so. On December 4, Saudi Arabia asked Plaintiffs to provide a list of names. Later the same day, Plaintiffs responded by

---

[1] *See* ECF No. 4237, at 25:20-26:2 ("In terms of Saudi government witnesses, we are going to propose that on the date the motion to compel is due that we provide a list to Mr. Kellogg."); *id.* at 33:6-13 (discussing people who would be "include[d] in our list to Mr. Kellogg" and stating that Plaintiffs "propose doing that at the same time that we file the motion to compel"); *id.* at 35:17-23 ("THE COURT: . . . [S]o I understand the relief that you are seeking [is] to move the motion to compel to November 30th and you think by that deadline you will also be able to make some determinations about depositions. Is that accurate? MR CARTER: That's correct, your Honor.").

[2] *See* ECF No. 4253-1, at 3 ("As discussed during the October 12 conference, the PECs intend to provide a preliminary list of proposed deponents to the Kingdom at the same time the PECs file their motion to compel on November 30, 2018.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
January 31, 2019
Page 2

e-mail that, because "the Court did not address the witness issue in its order" after the October hearing, they "understood the issue had been deferred until more information was available" – an understanding that is hard to square with their November 13 representation, made well after the hearing and order, that they intended to provide a list on November 30.  Plaintiffs said in the same e-mail that they intended to provide names after the FBI's "second tranche expected on December 20."  The FBI produced a second tranche of documents on December 20, but Plaintiffs did not provide a list of names, and still have not done so.

   Saudi Arabia again requested a list of names of proposed deponents from Plaintiffs during a meet-and-confer call on January 9, 2019, and noted the outstanding issue in further e-mails on January 10, 11, and 18.  Saudi Arabia also raised the issue in a meet-and-confer call on January 30 before this letter.  During that call, Plaintiffs indicated that they planned to wait until at least the next tranche of the FBI production, for which the United States has set a target date of March 15.  Plaintiffs further stated that the December 20 production had not included all materials they had expected and that the motion to compel was still pending.  As set forth above, Plaintiffs originally said they would provide a list of names before the December 20 production was even made, at the time the motion to compel was filed (not after it was resolved).

   Deponents should be identified now and any disputes over the number or identities of deponents should be presented to the Court so that such disputes can be resolved simultaneously with supplemental document production, and the depositions themselves can begin soon afterwards.  Plaintiffs' position that the entire process should wait until all other document discovery has been completed is contrary to the Court's guidance that it will "not . . . allow" third-party discovery "to hold up [Saudi Arabia's] right to file a new motion to dismiss once a reasonable period of discovery has concluded," ECF No. 3964, at 23:15-17 (Apr. 12, 2018); and that each new production of "documents through the FBI[] . . . is not going to be the opening of the door" for further discovery requests, ECF No. 4237, at 24:12-14.  A court-ordered schedule will enforce that approach and prevent further delay.

   Saudi Arabia proposes the following schedule for the Court's consideration.  Plaintiffs should serve on Saudi Arabia a proposed list of deponents within two weeks after the Court's order resolving this request, including the number of depositions they propose to take.  The parties should then meet and confer.  If they cannot resolve their disputes, the parties should submit simultaneous letter-briefs within two weeks after the service of the proposed list.

                              Respectfully submitted,

                              /s/ *Michael K. Kellogg*

                              Michael K. Kellogg
                              *Counsel for Saudi Arabia*

cc:     Chambers of the Hon. George Daniels (via facsimile)
        All Counsel of Record (via ECF)