**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

February 5, 2019

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:      *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs respond to the letter motion[1] of the Kingdom of Saudi Arabia, ECF 4390, requesting an order directing the parties to meet and confer to specify the number and identities of deponents. Plaintiffs respectfully submit that these issues be deferred until after the Court has resolved the pending discovery motions. As discussed below, forcing the parties to prepare a deponent list now, before key documents are produced, will needlessly waste the time of the parties and this Court.

In truth, Saudi Arabia's motion is a tactical ploy and not a genuine effort to advance jurisdictional discovery. The Kingdom does not and cannot claim unfair prejudice from any discovery delays to date. Nor can the Kingdom claim that Plaintiffs are in any way responsible for such delays. To the contrary, it is the Kingdom that has held up discovery by not producing relevant documents properly demanded by Plaintiffs.

While Plaintiffs' deponent list cannot be finalized until document discovery is complete, Plaintiffs did offer to provide the Kingdom with a preliminary list of Kingdom witnesses who we

---

[1] While the Kingdom's filed its letter as a "request," it should have been filed as a letter motion as it seeks judicial relief with respect to a discovery dispute.

The Honorable Sarah Netburn
Feb. 5, 2019
Page 2

_____

currently expect to depose, and suggested that the Kingdom advise Plaintiffs whether those witnesses were available to testify.  But the Kingdom refused to meet and confer on that issue, and filed its motion instead.

Moreover, the Kingdom offers no explanation why it is necessary to set a limit on the number of deponents at this time.  This Court always retains the power to impose such limits, when necessary in the interests of justice.  Yet an arbitrary limit imposed now could defeat justice by denying Plaintiffs the ability to obtain essential witness testimony.  The Kingdom's own litigation decisions will determine how many depositions Plaintiffs must conduct.

This case (like others involving clandestine criminal activity) requires that Plaintiffs assemble proof — often circumstantial — of the Kingdom's role in the 9/11 attacks.  To date, the Kingdom has repeatedly made clear that it will not admit facts and will fight every evidentiary battle, no matter how petty.[2]  And the Kingdom has not produced documents and information on basic issues, for example, the job responsibilities of Fahad al-Thumairy and Omar al-Bayoumi in the United States, and the officials who actually supervised them.[3]  Meanwhile, the information in the Kingdom's responses to Plaintiffs' interrogatories appears to have been provided by Thumairy and Bayoumi, both of whom are clearly documented to have lied extensively about these precise issues,[4] a circumstance that further demands that Plaintiffs be afforded sufficient access to witnesses to test their testimony and develop the true facts.  The scope of depositions required to address these and other circumstances is more appropriately determined after the Kingdom finally produces its documents as required by this Court.

In sum, the Kingdom's motion is at best premature.  The Kingdom knows that key documents necessary to identify and prepare a list of deponents have not yet been provided, despite the best efforts of Plaintiffs.  This Court ordered the Kingdom to produce documents in response to Plaintiffs' October 2018 Supplemental Requests.  The Kingdom has not yet done so, and has not even begun its search, based on its preference to wait until the resolution of Plaintiffs' Motion to Compel, so that it can conduct all required searches at the same time.  Moreover, the Motion to Compel demands production of critical documents and information

_____

[2] For example, in its Motion to Dismiss, the Kingdom prepared seven appendixes which argued that hundreds of government reports and business records submitted by Plaintiffs were inadmissible on hearsay and other grounds.  ECF 3851-1, 3851-2, 3852-3, 3851-4, 3851-5, 3851-6. 3851-7.

[3] The Kingdom even claims that it cannot verify the job held by that Alp Karli, the employee of the Kingdom's Presidency of Civil Aviation (PCA), who the Kingdom and Dallah Avco witnesses have identified as Bayoumi's supervisor at the PCA.  Although Dallah Avco witnesses explained unambiguously that Mr. Karli was a PCA employee, the Kingdom claims that it has no documents regarding Mr. Karli's job.

[4] The relevant facts are set forth in Plaintiffs' Timeline and Summary of Evidence, filed under seal with the Court as part of Plaintiffs' reply papers on their Motion to Compel on January 8, 2019.

The Honorable Sarah Netburn
Feb. 5, 2019
Page 3

_____

responsive to Plaintiffs' May 2018 Requests concerning the *actual* roles of Fahad al-Thumairy
and Omar al-Bayoumi for the Saudi government – not the cover jobs that they were given by the
Kingdom so they could surreptitiously enter and operate inside the United States. Thus, the
Kingdom will be providing additional documents identifying additional witnesses, but Plaintiffs
do not yet have any of that information, because the Kingdom has deferred its searches.

In addition, the Kingdom's motion unfairly attempts to gain an advantage from the delay
occasioned by the government shutdown, which postponed document production by the FBI in
response to Plaintiffs' April 2018 subpoena. The FBI production was originally scheduled to be
completed by now. But, after the shutdown, the DOJ advised the parties that the production of
additional FBI witness interview reports will occur on March 15, 2019, and the FBI's analytical
reports – including the 2012 Summary Report that names the Kingdom official who "tasked"
Bayoumi and Thumairy – will not be produced until this coming spring.

Under these circumstances, it is clear that any identification of witnesses at this stage
would need to be revisited after further document productions. As a result, any effort to identify
and predict the number of witnesses now will not advance discovery in a meaningful way, and
will instead only produce further disputes requiring Court intervention when the inevitable
revision and supplementation of those witness lists occur based on the further productions.

The Kingdom cites discussions at prior court hearings out of context as its justification to
deny Plaintiffs a reasonable period for jurisdictional discovery given the unique circumstances
presented in this litigation. Kellogg January 31 letter at 2. Once again, however, the Kingdom
has made no showing of prejudice nor made any argument that Plaintiffs are responsible for any
delay. The fact that document production has taken longer than originally anticipated because of
the Kingdom's own conduct and the government shutdown should not affect Plaintiffs' rights.

Finally, the Kingdom's motion also raises but does not address another serious issue
regarding the protection of non-party witnesses, who must be allowed to testify freely without
intimidation or fear of Saudi government retribution. As confirmed by a U.S. Senate resolution,
a group of Kingdom officials murdered Saudi dissident journalist (and former Kingdom official)
Jamal Khashoggi at the Saudi Consulate in Istanbul. S. Res. 69, 155th Cong. (2018). The U.S.
Senate "believes [Saudi] Crown Prince Mohammed bin Salman is responsible for the murder of
Jamal Khashoggi." *Id.* In addition, the Senate resolution found that the Kingdom engaged in
other violent behavior in violation of international law and made "misleading statements" to
deny its involvement in the murder. *Id.*

The highly publicized murder demonstrates the lengths that the Kingdom will go to stifle
free discourse and silence anyone who speaks against the Kingdom's interests. Plaintiffs are
entitled to make an appropriate application before providing the names of non-party witnesses to
the Kingdom, so that protections to keep witnesses safe and free from intimidation can be
established by this Court in advance. *See United States v. Real Property,* 849 F. Supp. 876, 879
(S.D.N.Y. 1994)(governing standards in a civil action were no different than those in a criminal
case, and an anonymous jury was empaneled given the threat of violence from a gang that
claimed an interest in the property at issue).

The Honorable Sarah Netburn
Feb. 5, 2019
Page 4

_____

Respectfully submitted,


KREINDLER & KREINDLER LLP          MOTLEY RICE LLC


By: /s/ *Steven R. Pounian*               By: /s/ *Robert T. Haefele*
    STEVEN R. POUNIAN                    ROBERT T. HAEFELE
    ANDREW J. MALONEY                    MOTLEY RICE LLC
    KREINDLER & KREINDLER LLP            28 Bridgeside Boulevard
    750 Third Avenue                     Mount Pleasant, SC 29465
    New York, New York 10017             Tel.: (843) 216-9184
    Tel.: 212-687-8181                   Email: rhaefele@motleyrice.com
    Email: amaloney@kreindler.com

    *For the Plaintiffs' Exec. Committees*      *For the Plaintiffs' Exec. Committees*


COZEN O'CONNOR


By: /s/ *Sean P. Carter*
    SEAN P. CARTER
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pennsylvania 19103
    Tel.: (215) 665-2105
    Email: scarter@cozen.com

    *For the Plaintiffs' Exec. Committees*


cc:    The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF