KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

February 6, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

     I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in further support of Saudi Arabia's January 31, 2019 letter requesting a scheduling order to brief disputes about the identity and number of jurisdictional discovery deponents (ECF No. 4390), and in response to Plaintiffs' February 5 letter opposing one (ECF No. 4399).

     Plaintiffs' assertion (at 1) that Saudi Arabia "cannot claim unfair prejudice" from an indefinite delay in identifying witnesses and preparing for depositions ignores Saudi Arabia's "real interest" – recognized by this Court at the October 12 hearing – "in wrapping up this discovery and moving forward to the motion practice." ECF No. 4237, at 29:11-13; *see EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007) (jurisdictional discovery should be circumscribed because "'FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation'") (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000)). Although the extent of remaining searches will not be finally set until the Court resolves Plaintiffs' motion to compel, Plaintiffs already have the lion's share of the documents that are even potentially relevant to the "limited and targeted jurisdictional discovery," ECF No. 3946, at 23, ordered by Judge Daniels. Resolving disputes about the identity and number of deponents while Saudi Arabia completes remaining document searches and production is the most efficient way to proceed.

     Plaintiffs have no basis to suggest (at 2-3) that delay is warranted because of alleged gaps in Saudi Arabia's document production. *First*, Plaintiffs' allegations of gaps are baseless for the reasons set forth in Saudi Arabia's opposition to Plaintiffs' motion to compel. Saudi Arabia has complied with every discovery deadline and its extensive document production is consistent with the scope of discovery set forth in the Court's May 24, 2018 Order. *Second*, Plaintiffs had already translated Saudi Arabia's production when they repeatedly stated in open court (and, weeks later, reiterated in a separate filing) that they would provide Saudi Arabia with a list of potential deponents on November 30, 2018. *See* ECF No. 4390, at 1 & nn.1-2 (citing Plaintiffs' statements). Plaintiffs never suggested in October or November that the process of identifying

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 6, 2019
Page 2

witnesses should await the completion of Saudi Arabia's supplemental document production, which they were well aware they would not have before November 30. Saudi Arabia's production did not suddenly develop new gaps between then and now. All that happened is that Plaintiffs changed their minds.

Plaintiffs' further contention (at 3) that they should not have to commit to a list of deponents (both party and non-party) until the FBI finishes its production is inconsistent with this Court's clear statements as early as April 2018 that third-party discovery – specifically including discovery from the FBI – would not determine the schedule for jurisdictional discovery against Saudi Arabia. *See* ECF No. 3964, at 23:11-17 (the Court explaining that Saudi Arabia lacked "standing to object" to "discovery from the FBI" but that, "if that process bleeds beyond the limited time frame that I impose, I'm not going to allow that to hold up the [K]ingdom's right to file a new motion to dismiss once a reasonable period of discovery has concluded"); ECF No. 4390, at 2 (other examples). Again, Plaintiffs were well aware when they told the Court that they would provide a list of deponents on November 30 that the FBI production would not be completed by that date. Unless this Court imposes a specific timeframe, Plaintiffs will simply refuse to disclose their final witness list until the FBI production is completed, which they acknowledge (at 3) will not be until some unspecified time after March 15, 2019.

The number of deponents (which seems likely to be disputed) should be decided on the same schedule as the identity of deponents because, without a number, a list of names does not move the process forward. Unless the limits on depositions are clear, nothing will prevent Plaintiffs from identifying dozens of potential deponents and leaving for later actual decisions about whom to depose. That would prevent Saudi Arabia from beginning witness preparation before the close of document discovery. If Plaintiffs want to ask about particular individuals, nothing bars them from doing so – just as nothing has barred them from doing so for months. But that is not a substitute for a process that will generate a usable list of deponents.

Finally, Plaintiffs' gratuitous invocation of the case of Jamal Khashoggi (at 3) is not relevant to the present request for a scheduling order. Plaintiffs have never before suggested that they were worried about witness safety, and there is no basis for any such suggestion here.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)
       Chambers of the Honorable George B. Daniels (via facsimile)