**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

February 20, 2018

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    Assistant U.S. Attorney Sarah Normand wrote to the Court on behalf of the Department of State on November 20, 2018, ECF 4256, advising that the Department may have certain visa and permit records of Fahad al-Thumairy, Omar al Bayoumi and the 19 9/11 hijackers subpoenaed by Plaintiffs but that such documents would be subject to the confidentiality restrictions of 8 U.S.C. §1202(f). According to the Department, it will consider the release of the documents it may have if this Court makes the certification specified in §1202(f)(1), "that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court."

    Plaintiffs respectfully request that this Court make the specified §1202(f)(1) certification. Attached is a proposed order. The filing of this application was delayed by negotiations between the Plaintiffs and the DOJ, and the government shutdown.

    Prior to writing this letter, the PECs contacted Saudi Arabia's counsel, Michael Kellogg, Esq., and asked whether the Kingdom had any objection to the requested certification. We were advised by Mr. Kellogg that Saudi Arabia "takes no position."

The Honorable Sarah Netburn
February 20, 2019
Page 2

_____

The State Department requested that this Court make specific findings in its Order that Plaintiffs made a showing of need sufficient to meet the §1202(f)(1) standard. That showing is set forth as follows.

**Fahad al-Thumairy.** Plaintiffs intend to present evidence relevant to the jurisdictional issue about the precise nature of the employment of Thumairy as a diplomat and official of the Saudi Ministry of Islamic Affairs (MOIA); the representations of the Kingdom of Saudi Arabia to the United States regarding Thumairy's diplomatic, consular and employment status; and, whether the Kingdom knowingly submitted false information about Thumairy to the United States. This proof is relevant to the issue of the Kingdom's intent in giving Thumairy cover to enter and work for the Kingdom inside the United States with diplomatic immunity.

The documents subpoenaed from the Department of State may include representations made by the Kingdom on Thumairy's behalf to receive and renew Thumairy's diplomatic and consular status, as well as his A-2 diplomatic visas. Specifically, the Kingdom told the United States on repeated occasions that Thumairy would be working for the Kingdom at its Saudi Embassy and Los Angeles Consulate, and that he held the position of "administrative officer." PEC Motion to Compel Memo. at 2-3.

The Kingdom has now declared in this litigation, however, that: (1) Thumairy never worked at either the Saudi Consulate or Embassy, and (2) that no one within the Saudi government "supervised, oversaw, provided direction to, or received reports from" Thumairy. *Id*. The Kingdom's litigation position is directly at odds with what it previously told the United States.

Plaintiffs requested that the Kingdom produce its applications to the United States for Thumairy's diplomatic status and visas. The majority of the requested records, however, were not produced.

To establish the facts, Plaintiffs need the evidence that may be held by the Department of State regarding the actual representations made by the Kingdom to the United States about Thumairy's diplomatic and employment status.

The Department of State files may also contain relevant information about Thumairy generated by the State Department and used as the justification to cancel Thumairy's visa and deny him entry into the United States in 2003.

The information addresses Thumairy's extremism, connections with terrorism and radical followers. According to the 9/11 Commission, Thumairy's visa was voided and he was denied reentry to the United States in 2003, "based on a determination by the State Department that he might be connected with terrorist activity." 9/11 Commission Report at 217. In 2003- 2004, the United States conducted a related investigation of MOIA officials sent by the Kingdom to work inside the United States. According to a January 2004 article in the Washington Post:

> FBI and Saudi officials have been working to identify other Saudis sponsored by the religious affairs ministry [MOIA] here who are spreading extremist rhetoric. U.S. officials said that last month a decision was made to try to send large numbers of those diplomats back to Saudi Arabia.
>
> A government official who asked not to be identified said that the Saudi Embassy was sent a diplomatic note last year asking it to review its diplomats to ensure that all are in compliance with the criteria for those visas.

Plaintiffs' Attorney Affidavit in Opposition to Motion to Dismiss, ECF 3780, Exh. 28.

This proof from Thumairy's visa cancellation is relevant to show his motive to provide support for the 9/11 hijackers and the Kingdom's direction, knowledge and ratification of Thumairy's activities inside the United States.

**Omar al-Bayoumi.** Plaintiffs also intend to present evidence relevant to the jurisdictional issue about the representations made by Bayoumi to enter the United States, and his concealment of the fact that he was actively employed and working for Saudi Arabia inside the United States. Specifically, we understand that prior to 2000, Bayoumi gained entry into the United States with an F1 student visa, while in May 2000, Bayoumi re-entered the United States with a B1/B2 business/tourism visa. The visa records are relevant to show the representations actually made by Bayoumi to gain entry into the United States. In addition, U.S. government investigators found that Saudi Arabia had placed a marker on Bayoumi's passport that was determined to be an indicator of extremism and/or adherence to al Qaeda. PEC Motion to Compel Memo. at 22. The visa records may contain evidence of such a marker and demonstrate Saudi Arabia's prior knowledge of Bayoumi's extremism.

**The 9/11 hijackers.** Finally, Plaintiffs plan to present evidence on the jurisdictional issue regarding the movements, identity and travel documents of the 9/11 hijackers. The subpoenaed records will provide evidence of the timing of the hijackers' plans to enter the United States, which was coordinated in advance with Thumairy and other Saudi government officials. In addition, the same marker found in Bayoumi's passport was also found by U.S. government investigators in the passports of hijackers Nawaf al-Hazmi and Khalid al-Mihdhar, who arrived in Los Angeles on January 15, 2000. The investigators observed that other hijackers may have had similar markers in their passports. The visa records may contain evidence of such markers.

Plaintiffs therefore respectfully request that the Court enter the attached proposed order with the §1202(f)(1) certification required to obtain the records that may be held by the Department of State.

The Honorable Sarah Netburn
February 20, 2019
Page 4

_____

Respectfully submitted,

COZEN O'CONNOR

 /s/ Sean P. Carter, Esquire
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

MDL 1570 Plaintiffs' Exec. Committee
for Commercial Claims

KREINDLER & KREINDLER

 /s/ Steven R. Pounian, Esquire
Steven R. Pounian, Esquire
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

MOTLEY RICE

 /s/ Robert T. Haefele, Esquire
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

Enclosure
cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case<br><br>[PROPOSED] **ORDER** |

*This document relates to:* All Actions

The Court, having received the February 20, 2019 letter of the PECs requesting that this Court enter a certification pursuant to 8 U.S.C. §1202(f)(1), and, having learned that the Department of State has identified certain visa and permit records of Fahad al-Thumairy, Omar al-Bayoumi and the 19 9/11 hijackers that are responsive to Plaintiffs' subpoena, but that the records are subject to the confidentiality restrictions of 8 U.S.C. §1202(f), and, having considered the Plaintiffs' submission, and the prior pleadings and proceedings in this litigation, and having determined that the subpoenaed records regarding the issuance or refusal of visas or permits to enter the United States may contain relevant information, including: Thumairy's claimed employment with the Kingdom of Saudi Arabia;, the representations made by the Kingdom to the United States about Thumairy's employment; the reasons for the cancellation of Thumairy's visa by the United States; the representations made by Omar al-Bayoumi to enter the United States; the markers in Bayoumi and the hijackers' passports; and, the timing of the hijackers' travel movements,

IT IS HEREBY ORDERED that this Court certifies, pursuant to 8 U.S.C. §1202(f)(1), that the information contained in the records subpoenaed by the Plaintiffs from the Department of State is needed by the Court in the interest of the ends of justice in a case pending before the Court.

1

2

_____
SARAH NETBURN
United States Magistrate Judge