# EXHIBIT 2

**WIGGINS CHILDS**
**PANTAZIS FISHER**
**GOLDFARB** PLLC
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
1850 M STREET, N.W. · SUITE 720 · WASHINGTON, D.C.  20036

Direct Dial: 202-467-4489 · Fax: 205-314-0805
Email:TFleming@wigginschilds.com · Web:www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

June 29, 2016

Kenneth Feinberg, Esq.
SPECIAL MASTER
Justice for Victims of State Sponsored Terrorism Act Program
Washington, D.C.

> PUBLIC COMMENTS ON THE VICTIMS COMPENSATION PROGRAM UNDER THE USVSST

    *Re:*    *USVSST – draft FAQ's*

Dear Mr. Feinberg:

We represent judgment holders in *Havlish, et al. v. bin Laden, et al.*, 1:03 Civ. 09848 (S.D.N.Y. 2011) (GBD) (FM), and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11 Civ. 7550 (GBD) (FM).  We appreciate this opportunity to provide comments on the proposed application procedures and FAQs pertaining to 42 U.S.C. § 10609(b)(2) ("USVSSTA") which establishes the "Justice For United States Victims Of State Sponsored Terrorism Act Fund ("USVSST Fund").

We have several comments and questions pertaining mostly to the USVSST's §404(d)(3)(A)(ii)(III) and draft FAQ 4.6.

First, several of our clients (1) hold judgments arising out of the September 11, 2001, terrorist attacks but (2) did not receive an award or award determination from the fund established by section 405 of the Air Transportation Safety and System Stabilization Act (the "9/11 Fund and "ATSSSA," respectively).  We understand from the June 24 town hall conference call that these individuals are eligible to receive funds from the USVSST Fund, regardless of whether their family members received an award and/or funds from the 9/11 Fund.  We believe that your announced approach is in accord with both the letter and the spirit of the USVSSTA.  We would appreciate it if this point would be incorporated into the published FAQ's and answers.

Second, and relatedly, we question why non-dependent family members of 9/11 decedents would be ineligible for participation in the USVSST program who (a) have an eligible judgment; (b) received VCF1 money through a distribution made to an estate of a decedent, but (c) did not receive their own award via the ATSSSA at all.  Importantly, many of these claimants received tiny percentages, *e.g.*, as little as 1.6%, of what became their judicial damages awards for compensatory damages only (disregarding punitive

BIRMINGHAM, AL
DELAND, FL
NASHVILLE, TN
WASHINGTON, D.C.

*Special Master Kenneth Feinberg*
*FAQ draft submission of the Havlish and Hoglan Judgment Creditors*
*June 29, 2016*
*Page 2*

damages), through the 9/11 Fund.[1]  Thus, we seek clarity as to whether the Special Master intends to substitute the awards of such a claimant's family member decedent received through the ATSSSA for the claimant's own judicial damages award, and, if so, then whether such a claimant would be zero'ed out based on their receipt of only a partial distribution from the decedent's estate.  We suggest that such claimants are not described by the USVSST's language in §404(d)(3)(A)(ii)(III) because they were not determined by the VCF1 Special Master to be entitled to an award, but rather were determined by the estates – which submitted distribution plans – to be entitled to an inheritance.[2]  Thus, such persons should be eligible to submit their claims based on their judgments and to have, at most, their VCF monies treated as an off-set.

We note in this regard that the VCF1 money was taxpayer dollars used to help 9/11 families in their darkest hours.  The funds for the USVSST comes from funds seized from, and penalties paid by, large banks that were caught laundering money for the Iranian regime.

Third, with respect to judgment holders who *did* receive award determinations under the 9/11 fund, we seek greater clarity with respect to their eligibility to participate in the

---

[1]  For example, one of our clients received 1.6% of what became his compensatory judgment from the VCF1; one set of parents received 1.9% of their total compensatory judgment from VCF1.  One 9/11 decedent left five siblings, all of whom became *Havlish* plaintiffs, and have compensatory damages judgments in *Havlish* for $4,250,000 each, but the VCF distributed only $68,000 to each sibling.  Another 9/11 decedent left behind two parents and three siblings, all *Havlish* plaintiffs, whose compensatory damages judgments are $8,500,000 for the parents and $4,250,000 for each sibling.  The VCF1 awarded all five persons just $160,961 each.

[2]  Page 11 of every VCF application including the following:
> *Please provide information on how you propose to distribute the award.  The distribution must be consistent with the law of the Victim's State of domicile or any applicable ruling made by a court of competent jurisdiction.  In many cases the Special Master anticipates that a portion of the award may be distributed in accordance with the wrongful death laws of the decedent's State or country, although this will not be the case universally… Note that any proposed distribution plan may be affected by offsets and any final plan must be reviewed by the Special Master.*

*Special Master Kenneth Feinberg*
*FAQ draft submission of the Havlish and Hoglan Judgment Creditors*
*June 29, 2016*
*Page 3*

USVSST Fund, in particular, the USVSSTA's language stating that awards or an award determinations issued under 9/11 Fund's authorizing statute are "controlling" for purposes of the USVSSTA. Insofar as there are cases where "the extent of the harm to the claimant, including any economic and noneconomic losses," ATSSSA §405(b)(1)(B)(i), is greater than "the amount of compensation to which the claimant [was] entitled based on the harm to the claimant, the facts of the claim, and the individual circumstances of the claimant," *id.*, §405(b)(1)(B)(ii), it would follow that individuals who received funds under the 9/11 Fund still should be able to participate in the USVSSTA Fund to obtain compensation for the amount of that difference.

Neither the USVSST, nor the draft FAQs specify what it is that the ATSSSA award actually is "controlling" in regard to a USVSST claim. Perhaps it means the amount of the compensatory damages because of the "notwithstanding" clause immediately following it. However, §405 of the ATSSSA required the Special Master to make *two* findings.[3] We submit that it is finding (i) from §405(b)(1)(B) of the ATSSSA – "the extent of the harm to the claimant, including any economic and noneconomic losses" – that USVSST §404(d)(3)(A)(ii)(3) now references as "controlling," for two reasons: (a) the first finding is "the extent of harm to the claimant," and therefore is logically the ATSSA's direct analog to the USVSST's clause "notwithstanding any compensatory damages awarded in the final judgment," which references a make-whole remedy; and (b) the zero'ing out result cannot be what Congress intended because the USVSST

---

[3] Section 405 of the ATSSSA said:

> (b) REVIEW AND DETERMINATION.—
>> (1) REVIEW.—The Special Master shall review a claim submitted under subsection (a) and determine—
>>> (A) whether the claimant is an eligible individual under subsection (c);
>>> (B) with respect to a claimant determined to be an eligible individual—
>>>> (i) the extent of the harm to the claimant, including any economic and noneconomic losses; and
>>>> (ii) the amount of compensation to which the claimant is entitled based on the harm to the claimant, the facts of the claim, and the individual circumstances of the claimant.

*Special Master Kenneth Feinberg*
*FAQ draft submission of the Havlish and Hoglan Judgment Creditors*
*June 29, 2016*
*Page 4*

expressly directs that "The Special Master *shall* order payment from the Fund *for each eligible claim* of a United States person to that person or, if that person is deceased, to the personal representative of the estate of that person." §404(d)(emphasis added).

Under this approach, the gap between ATSSSA findings (i) and (ii) would be an amount to which a USVSSST claimant was still "entitled" but has not recouped. This would make sense in that a court would not normally consider in the computation of damages any factors beyond "the extent of the harm to the claimant, including any economic and noneconomic losses"; to wit, factors such as "the facts of the claim, and the individual circumstances of the claimant." Accordingly, the Special Master has room to comply with the USVSSST directive to make an award to each eligible claimant based upon logical "controlling" aspects of an ATSSSA award that does not result in a zero'ing out of such a claimant.

This interpretation is consistent with the USVSSTA's permissive language with respect to collateral source set-offs, which gives the Special Master discretion to apply set-offs differently from how such set-offs may have been applied for the 9/11 Fund. This issue is particularly important for individuals, referenced above, who received money from the 9/11 Fund through an award determination which resulted in a distribution made to an estate of a decedent. It makes little sense to substitute the awards their family member decedent received through the 9/11 Fund for their own judicial damages awards and then zero'ing them out based on their receipt of only a partial distribution from the estate. This approach would amount to de facto ineligibility when such family member did not receive their own award via the 9/11 Fund at all.

Finally, we seek additional guidance regarding the manner in which the Special Master intends to apply set-offs. We note that there is no mandate in the statute at all regarding application of set-offs, only that collateral source income be disclosed. This issue is particularly significant in regard to the questions raised above regarding treatment of claims by 9/11 Fund recipients, *i.e.,* whether 9/11 Funds are to be set-offs, either in whole or in part, and, in particular, regarding non-dependent family members who received VCF1 money only through an estate distribution plan, not a VCF1 award directly,.

*Special Master Kenneth Feinberg*
*FAQ draft submission of the Havlish and Hoglan Judgment Creditors*
*June 29, 2016*
*Page 5*

We appreciate your work administering the USVSST Fund, and we look forward to continuing our work with you.

                        Respectfully submitted,

                        /s/ Timothy B. Fleming____
                        Timothy B. Fleming (DC Bar No. 351114)
                        WIGGINS CHILDS PANTAZIS
                        FISHER GOLDFARB PLLC
                        1850 M Street, NW, Suite 720
                        Washington, DC  20036
                        (202) 467-4489

                        Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                        WIGGINS CHILDS PANTAZIS
                        FISHER GOLDFARB LLC
                        The Kress Building
                        301 19th Street North
                        Birmingham, AL  35203
                        (205) 314-0500

                        Richard D. Hailey (IN Bar No. 7375-49)
                        Mary Beth Ramey (IN Bar No. 5876-49)
                        RAMEY & HAILEY
                        9333 North Meridian Street, Suite 105
                        Indianapolis, IN  46260
                        (317) 582-0000

                        Robert M. Foote (IL Bar No. 03124325)
                        FOOTE, MIELKE, CHAVEZ
                         & O'NEIL, LLC
                        10 West State Street, Suite 200
                        Geneva, IL  60134

*Special Master Kenneth Feinberg*
*FAQ draft submission of the Havlish and Hoglan Judgment Creditors*
*June 29, 2016*
*Page 6*

            (630) 232-7450

            *Attorneys for the* Havlish Judgment Holders
            and Hoglan Plaintiffs