KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

March 5, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") and am authorized to state that the Plaintiffs' Executive Committees (the "PECs") join in this letter, except to the extent the separate positions of the parties are set forth below.

      As the Court directed on the record during the hearing held on February 26, 2019, the parties have met and conferred about redactions of the following 11 exhibits previously submitted to the Court under seal: PX34 (KSA0000001237-1239 only), PX39, PX60/DX65, PX61, PX73/DX23, SX6, DX32, DX42, DX43, DX64 (KSA0000006645 only), and DX66. *See* Hearing Tr. 72:1-14 (Feb. 26, 2019); *see also* Exhibit A to Saudi Arabia's Letter Mot. re: Confidentiality and Sealing (Jan 15, 2019), ECF No. 4361-1 (filed under seal).[1]

---

[1] This letter addresses redactions to the referenced exhibits only as they are to be filed on the public docket; it does not address whether the documents may otherwise be used in the course of discovery. Specifically, for example, this agreement does not prevent the PECs from using the documents in unredacted form to seek third-party discovery. This letter does not address reactions to any other exhibit filed with the Court, including PX7 and PX59/PX83. For PX7 and PX59/PX83, Saudi Arabia has proposed redactions that depend on certain other documents being maintained under seal, which the PECs oppose. The parties understood such redactions to be outside the scope of their meet-and-confer discussions. This letter likewise does not address redactions for personally identifying information that may become necessary if the Court decides not to maintain certain documents under seal in their entirety.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
March 5, 2019
Page 2

Based on their understanding of Federal Rule of Civil Procedure 5.2, the parties agree that individuals filing items on the public docket must redact certain information from publicly filed versions of the exhibits listed above. To facilitate application of Rule 5.2 to these exhibits, the parties have agreed to redact the following from publicly filed versions of the indicated exhibits: (1) all but the final four digits (or, where the entire number is four digits, the final two digits) of passport numbers, Saudi national identification numbers, or financial-account numbers; and (2) the month and date, but not the year, of an individual's date of birth. Saudi Arabia has further agreed to withdraw its proposed redactions to the extent they go beyond the above information, with one exception. That exception – the only issue on which the parties were unable to reach agreement – concerns whether information about the salary and pension contribution of Omar Al Bayoumi should be redacted from DX42 and DX43.

The parties' positions on salary information are as follows:

**Saudi Arabia's Position:**

Documents in personnel files are appropriately filed under seal.[2] Information found in such files that is traditionally non-public and implicates the personal privacy of individual employees (*e.g.*, health and financial information) is also appropriately maintained under seal and redacted from public filings. *See*, *e.g.*, *Ashkinazi v. Sapir*, 2004 WL 1698446, at *1 (S.D.N.Y. July 28, 2004) (overruling objection to order permitting redaction of "references to salaries"); *Murphy v. Rochester City Sch. Dist.*, 2002 WL 31322639, at *2-3 (W.D.N.Y. Sept. 30, 2002) (ordering sealing of "salary information"). Here, Saudi Arabia has not sought to seal Omar Al Bayoumi's personnel file in its entirety, but believes that redaction of salary information is warranted because individual salary figures are not relevant to the issues before the Court on Plaintiffs' motion to compel. Although the PECs suggested during meet-and-confer discussions that information concerning Al Bayoumi's salary was made public in the 9/11 Report, they did not point to any public disclosure of the particular information disclosed in DX42 and DX43 – that is, Al Bayoumi's salary and pension contributions in 1997 and 1998.

**PECs' Position:**

An order protecting Mr. Bayoumi's compensation is not appropriate here, where his finances are necessarily entangled with the issue of his agency, the central issue being litigated and a matter of public interest. During the parties' meet and confer, beyond asserting that financial information may be sensitive, Saudi Arabia declined to elaborate about its need for

---

[2] *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 601 (2d Cir. 1986) (protective order properly limited disclosure of "personnel files" to counsel in order "to preserve the privacy of [defendant's] employees"); *Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (sealing personnel files in their entirety where file contained "documents pertaining to employment, health, financial, and personal data that are typically viewed as private").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
March 5, 2019
Page 3

redactions about Mr. Bayoumi's compensation. Though Plaintiffs recognize instances exist to necessitate the exercise of caution when filing financial information, no such protection is warranted here.

The fact that Saudi Arabia paid Omar al-Bayoumi substantial sums to work for the Kingdom inside the United States from 1995 through 2001 under various phony job titles is not only a significant issue in the case, it is also a matter of public interest. Plaintiffs' Motion to Compel at 17-21; February 26 Hearing Transcript at 23-25 (addressing Bayoumi's pay and pay increases from Saudi Arabia). As a result, there is no proper basis to protect details about his agency and compensation. *See Sanchez v. MTV Networks*, 525 Fed. Appx. 4 (2d. Cir. 2013) (compensation documents should not be sealed where the compensation is a subject of the litigation, and "the public is entitled to understand the nature of the dispute and the reasons for the [courts'] rulings….").

Moreover, substantial details about Bayoumi's compensation from Saudi Arabia are available in other documents that do not carry the protection Saudi Arabia requests here. In addition to the information available from documents produced by co-defendant Dallah Avco, the 9/11 Commission Report and other public documents have previously reported details of Bayoumi's compensation. 9/11 Report at 515 n. 18 (discussing Bayoumi's pay in April 2000, including dramatic increase in "other allowances" payments).

Finally, under *Lugosch v. Pyramid Co. of Onondaga*, 435 F3d 110 (2d. Cir. 2006), Saudi Arabia bears the burden of coming forward with actual proof to justify sealing Bayoumi's two-decade old compensation information but has offered no proof to support its argument.

\* \* \*

Saudi Arabia will separately submit to chambers by electronic mail files showing the parties' mutually agreed redactions for PX34 (KSA0000001237-1239 only), PX39, PX60/DX65, PX61, PX73/DX23, SX6, DX32, DX64 (KSA0000006645 only), and DX66. With respect to DX42 and DX43, Saudi Arabia maintains its request for the redactions related to salary and pension information set forth in its submission on January 15, 2019, and the PECs maintain their opposition to those requests.[3]

---

[3] Based on the parties' agreement, Saudi Arabia is modifying its requests for redactions to DX43, but intends to defer re-submitting DX43 until after the Court resolves the parties' dispute about salary information. In addition, the parties' meet-and-confer discussions led to the discovery of an error in the certified translation in DX43. The error consists of the inclusion of additional numbers in the translation that do not appear in the original document. It is not relevant to the substance of the motion. When Saudi Arabia re-submits proposed redactions to DX43, it will use a corrected translation.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
March 5, 2019
Page 4

    Nothing in this letter is intended to reflect any agreement between the parties concerning any subject except the appropriate redactions of the exhibits cited above for purposes of public filing on the Court's docket.

                                                          Respectfully submitted,

                                                          */s/ Michael K. Kellogg*

                                                          Michael K. Kellogg
                                                          *Counsel for the Kingdom of Saudi Arabia*

cc:    Chambers of the Honorable George B. Daniels (via facsimile)
        All MDL Counsel of Record (via ECF)