UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO CORRECT ERRORS

Plaintiffs by undersigned counsel submit this Memorandum of Law in Support of Motion for Leave to Amend to Correct Errors, and say:

### BACKGROUND

Plaintiffs are comprised of personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2001 (the "September 11th Attacks"). The only defendant in this case is Iran. On June 14, 2018, Plaintiffs commenced suit against Iran by the filing of a Complaint. ECF 5.[1] Iran was served on July 19, 2018 pursuant to 1608(a)(4). ECF 23. Iran failed to serve an answer or otherwise file a responsive pleading within sixty (60) days after service, and the Clerk issued a Certificate of Default on January 24, 2019. ECF 52. Plaintiffs have not yet applied for either a finding of liability or a judgment on damages.

Plaintiffs' counsel conducted extensive quality control before filing and has continued its quality control process after filing the Complaint, during which time it has continued to obtain additional information from clients and family members of clients to complete its files. In so doing, counsel has determined that certain minor errors were contained in the Complaint filed in

---

[1] All ECF citations are to the individual docket in *Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN).

the above-referenced matter, such as name misspellings, incorrect states of residence, and certain plaintiffs were incorrectly identified with respect to their relationship to the individual who died in the September 11th Attacks (e.g., a sibling of the victim incorrectly identified as a child). None of the corrections constitute substantial changes that would potentially warrant additional service of an amended pleading on Iran.

Through the instant Motion, Plaintiffs seek to correct such errors before proceeding to default judgment so as to ensure the record is accurate. None of the modifications requested herein affect the substantive claims or relief sought. No new claims are asserted, and no additional plaintiffs have been added. Moreover, because the changes are insubstantial, no additional service on Iran is required.

**ARGUMENT**

I.  LEGAL STANDARD

The Federal Rules of Civil Procedure make clear that leave to amend the complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "This 'permissive standard . . . is consistent with [the] strong preference for resolving disputes on the merits.'" *Media Glow Dig., LLC v. Panasonic Corp. of N. Am.*, 2018 U.S. Dist. LEXIS 207922, at *12 (S.D.N.Y. Dec. 10, 2018) quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d at 190. Leave to amend should only be denied in "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). It is well settled that "[d]istrict courts are vested with broad discretion to grant a party leave to amend the pleadings." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009).

### A. Plaintiff's Request for Leave to Amend Should Be Granted Under the Permissive Standard Set Forth In Rule 15(a).

Here, Plaintiffs only seek to correct what can best be characterized as typographical errors. There are no new claims asserted or any change in the substantive relief sought. Instead, the record will be made to accurately reflect the names, states of residence, and other data of each of the Plaintiffs. Such proposed amendments, as specifically itemized below, clearly do not constitute "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" and, therefore, should be permitted. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

#### i. Plaintiff Name Corrections:

The following Plaintiff's names were misspelled, should have included an "also known as," or should have had a more specific Personal Representative designation:

|    | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|----|---|---|---|
| 1. | 1st Amendment 18-cv-05331 | Simon, Berardi Jennifer | Berardi, Jennifer Simon |
| 2. | 3rd Amendment 18-cv-05331 | Smith, Patricia | Smith, Patricia Mary |
| 3. | 1st Amendment 18-cv-05331 | Sorresse, Leonard | Sorresse, Jr., Leonard M. |
| 4. | 1st Amendment 18-cv-05331 | Sorresse, Sr., Leonard | Sorresse, Sr., Leonard M. |
| 5. | 2nd Amendment 18-cv-05331 | Stephens Cobb, Barbara | Stephens-Cobb, Barbara |
| 6. | 1:18-cv-05331 | Strauss, Jean | Strauss, Jean<br>ALSO KNOWN AS<br>Strauss, Jeannie |
| 7. | 3rd Amendment 18-cv-05331 | Watson, Kenneth | Watson, Jr., Kenneth |
| 8. | 1:18-cv-05331 | Wollen, Saundra | Woolen, Saundra Faye |
| 9. | 3rd Amendment 18-cv-05331 | Young, Stephen | Young, Stephan |

|     | **Case Number** | **Plaintiff's Name as Pled** | **Plaintiff's Name as Amended** |
| --- | --- | --- | --- |
| 10. | 1:18-cv-05331 | Schlissel, Laurence | Schlissel, Laurence, individually, as surviving sibling of Jon S. Schlissel, and as the Personal Representative of the Estate of Jon S. Schlissel, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jon S. Schlissel |
| 11. | 1:18-cv-05331 | Laspa, Jude | Laspa, Jude, individually, as surviving sibling of Susan Lee Schuler, and as the Personal Representative of the Estate of Susan Lee Schuler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Susan Lee Schuler |
| 12. | 1:18-cv-05331 | Shajahan, Mansura | Shajahan, Mansura, individually, as surviving spouse of Mohammed Shajahan, and as the Personal Representative of the Estate of Mohammed Shajahan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mohammed Shajahan |
| 13. | 1:18-cv-05331 | Clarke, Eloise | Clarke, Eloise, individually, as surviving parent of Antionette Sherman, and as the Personal Representative of the Estate of Antionette Sherman, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Antionette Sherman |
| 14. | 1:18-cv-05331 | Smith Pusey, Marilyn | Smith Pusey, Marilyn, individually, as surviving spouse of Leon Smith, and as the Personal Representative of the Estate of Leon Smith, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Leon Smith |
| 15. | 1:18-cv-05331 | Smith, James | Smith, James, individually, as surviving spouse of  Moira A. Smith, as the Personal Representative of the Estate of Moira A. Smith, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Moira A. Smith |
| 16. | 1:18-cv-05331 | Ricciardelli, Catherine | Ricciardelli, Catherine, individually, as surviving spouse of Michael C. Sorresse, and as the Personal Representative of the Estate of Michael C. Sorresse, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael C. Sorresse |

docs-100107107.1

|  | **Case Number** | **Plaintiff's Name as Pled** | **Plaintiff's Name as Amended** |
|---|---|---|---|
| 17. | 1:18-cv-05331 | Carroll, David | Carroll, David, individually, as surviving spouse of Patricia J. Statz, and as the Personal Representative of the Estate of Patricia J. Statz, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Patricia J. Statz |
| 18. | 1:18-cv-05331 | Stephens, Torrass | Allen-Stephens, Torrass M. ALSO KNOWN AS Allen, Torrass Martez, individually, as surviving child of Edna L. Stephens, and as the Personal Representative of the Estate of Edna L. Stephens, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edna L. Stephens |
| 19. | 1:18-cv-05331 | Stoller, Trudy | Stoller, Trudy, individually, as surviving spouse of Sanford M. Stoller, and as the Personal Representative of the Estate of Sanford M. Stoller, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Sanford M. Stoller |
| 20. | 1:18-cv-05331 | Shirolkar, Pallavi | Shirolkar, Pallavi, individually, as surviving spouse of Harshad S. Thatte , and as the Personal Representative of the Estate of Harshad S. Thatte, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Harshad S. Thatte |
| 21. | 1:18-cv-05331 | Thompson, Kathleen | Thompson, Kathleen, individually, as surviving spouse of Brian T. Thompson, and as the Personal Representative of the Estate of Brian T. Thompson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Brian T. Thompson |
| 22. | 1:18-cv-05331 | Thompson, Doreen | Thompson, Doreen, individually, as surviving parent of Vanavah Thompson, and as the Personal Representative of the Estate of Vanavah Thompson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vanavah Thompson |

|  | **Case Number** | **Plaintiff's Name as Pled** | **Plaintiff's Name as Amended** |
|---|---|---|---|
| 23. | 1:18-cv-05331 | Traina, Teresa | Traina, Teresa, individually, as surviving parent of Christopher M. Traina, and as the Personal Representative of the Estate of Christopher M. Traina, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher M. Traina |
| 24. | 1:18-cv-05331 | Corio, Theresa | Corio, Theresa, individually, as surviving sibling of Diane M. Urban, and as the Personal Representative of the Estate of Diane M. Urban, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Diane M. Urban |
| 25. | 1:18-cv-05331 | Van Hine, Ann | Van Hine, Ann, individually, as surviving spouse of Richard B. Van Hine, and as the Personal Representative of the Estate of Richard B. Van Hine, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard B. Van Hine |
| 26. | 1:18-cv-05331 | Vola, Clotilda | Vola, Clotilda, individually, as surviving sibling of Maria P. Vola, as the Personal Representative of the Estate of Maria P. Vola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Maria P. Vola |
| 27. | 1:18-cv-05331 | Wagner, Kim | Wagner, Kim, individually, as surviving sibling of Karen J. Wagner, and as the Personal Representative of the Estate of Karen J. Wagner, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Karen J. Wagner |
| 28. | 1:18-cv-05331 | Treble, Andrea | Treble, Andrea, individually, as surviving sibling of Gabriela Waisman, and as the Personal Representative of the Estate of Gabriela Waisman, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gabriela Waisman |
| 29. | 1:18-cv-05331 | Wald Clemento, Rebecca | Wald Clemento, Rebecca, individually, as surviving spouse of Victor Wald, and as the Personal Representative of the Estate of Victor Wald, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Victor Wald |

|     | **Case Number** | **Plaintiff's Name as Pled** | **Plaintiff's Name as Amended** |
| --- | --- | --- | --- |
| 30. | 1:18-cv-05331 | Watson, Susan | Watson, Susan, individually, as surviving spouse of Kenneth Watson, and as the Personal Representative of the Estate of Kenneth Watson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kenneth Watson |
| 31. | 1:18-cv-05331 | White, Enid | White, Enid, individually, as surviving spouse of John White, and as the Personal Representative of the Estate of John White, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John White |
| 32. | 1:18-cv-05331 | Higgins, Wakeland | Higgins, Wakeland, individually, as surviving spouse of Malissa White, and as the Personal Representative of the Estate of Malissa White, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Malissa White |
| 33. | 1:18-cv-05331 | Wong, Eddie | Wong, Eddie, individually, as surviving child of Yuk Ping Wong, and as the Personal Representative of the Estate of Yuk Ping Wong, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Yuk Ping Wong |
| 34. | 1:18-cv-05331 | Chowdhury, Sharif | Chowdhury, Sharif, individually, as surviving parent of Shakila Yasmin, and as the Personal Representative of the Estate of Shakila Yasmin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Shakila Yasmin |
| 35. | 1:18-cv-05331 | Young, Marvene | Young, Marvene, individually, as surviving sibling of Edmond G. Young Jr., and as the Personal Representative of the Estate of Edmond G. Young Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edmond G. Young Jr. |
| 36. | 1:18-cv-05331 | Zelmanowitz, Jack | Zelmanowitz, Jack, individually, as surviving sibling of Abraham Zelmanowitz , and as the Personal Representative of the Estate of Abraham Zelmanowitz, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Abraham Zelmanowitz |

### ii. Decedent Name Corrections:

The following Decedent's names were misspelled or should have included an "also known as" or a "minor" designation:

|   | Case Number | Decedent's Name as Pled | Decedent's Name as Amended |
|---|---|---|---|
| 1. | 1:18-cv-05331; 1st Amendment 18-cv-05331 | Sherman, Antoinette | Sherman, Antionette |
| 2. | 1:18-cv-05331; 2nd Amendment 18-cv-05331 | Stoller, Stanford M. | Stoller, Sanford M. |

### iii. Plaintiff Whose Claim is Solely in Individual Capacity

The following Plaintiff has only a solatium claim and is not the administrator of an estate.

|   | Case Number | Plaintiff's Name | Claim as Pled | Claim as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05331 | Simon, Stanley | Solatium/Wrongful Death | Solatium |
| 2. | 1:18-cv-05331 | Youmans, William | Solatium/Wrongful Death | Solatium |

### iv. Plaintiffs' Whose Relationship to 9/11 Decedent is Incorrectly described:

The familial relationship to the 9/11 Decedent of the following Plaintiffs was incorrectly described:

|   | Case Number | Plaintiff's Name | Plaintiff's Relationship to 9/11 Decedent as Pled | Plaintiff's Relationship to 9/11 Decedent as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05331 | Simon, Stanley | Brother/PR | Brother |
| 2. | 1:18-cv-05331 | Chowdhury, Sharif | Father/PR | Father/co-PR |
| 3. | 1:18-cv-05331 | Youmans, William | Brother/PR | Brother |
| 4. | 1:18-cv-05331 | Young, Marvene | Brother/PR | Sister/PR |

### v. Plaintiffs' Whose State of Residency at Filing is Incorrectly described:

The Plaintiff's State of Residency at Filing of the following Plaintiffs was incorrectly described:

|   | Case Number | Plaintiff's Name | State of Residency at Filing as Pled | State of Residency at Filing as Amended |
|---|---|---|---|---|
| 1. | 2nd Amendment 18-cv-05331 | Stoller, Glen | NJ | ME |
| 2. | 1:18-cv-05331 | Chowdhury, Sharif | Dhaka, Bangladesh | VA |

### vi. Plaintiffs' Whose Citizenship/Nationality on 9/11 is Incorrectly described:

The Plaintiff's Citizenship/Nationality on 9/11 of the following Plaintiffs was incorrectly described:

|   | Case Number | Plaintiff's Name | Plaintiff's Citizenship/ Nationality on 9/11/01 as Pled | Plaintiff's Citizenship/ Nationality on 9/11/01 as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05331 | Shajahan, Mansura | United States | Bangladesh |

### vii. Decedent's Whose Citizenship/Nationality on 9/11 is Incorrectly described:

The Decedent's Citizenship/Nationality on 9/11 of the following Plaintiffs was incorrectly described:

|   | Case Number | Plaintiff's Name | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 as Pled | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05331; 1st Amendment 18-cv-05331 | Shajahan, Mansura | United States | Bangladesh |

## B. No Additional Service Is Required Because The Changes Contained In The Amended Pleadings Are Insubstantial.

In this case, Plaintiffs properly served Iran in accordance with the Foreign Sovereign Immunities Act and, after Iran failed to timely respond, the Clerk of Court issued a Certificate of Default.  *See* ECF 52.  Plaintiffs now seek to make the aforementioned corrections, which are insubstantial.  It is well settled that no additional service is required under these circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'"  *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 47 (D.D.C. 2013) *citing, Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("Service of the original complaint was effected on all three Defendants under 28 U.S.C. § 1608(a)(4).  Plaintiff did not serve the amended complaint on defendants.  Where changes made in an amended complaint are 'not substantial,' the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. …Accordingly, this Court will not require plaintiff to serve the amended complaint."); *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.")

In this case, the Plaintiffs only seeks to correct typographical errors and certain inaccuracies regarding the relationship of the Plaintiff to the September 11th decedent, or to

otherwise clarify the record.  Because these changes are insubstantial, no additional service of the amended pleadings should be required.

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature and serve to clarify the record.  They do not affect the substance of any claims made in the above-referenced action.  Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified plaintiffs to enforce and collect on any judgment this Court enters in their favor.  For the foregoing reasons, plaintiffs respectfully request that this Court permit the proposed amendments without requiring service on Iran.

Dated:  March 27, 2019

*/s/ Jerry S. Goldman*

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-278-1000
Fax: 212-278-1733
Email: jgoldman@andersonkill.com

Arthur R. Armstrong, Esq. *(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel: 267-216-2711
Fax: 215-568-4573
Email: aarmstrong@andersonkill.com

*Attorneys for Plaintiffs*