**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |
|---|---|

This document relates to:

*Bakahityar Kamardinova, et al. v. Islamic Republic of Iran, No. 1:18-cv-05339 (GBD)(SN)*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO
AMEND TO CORRECT ERRORS**

Plaintiffs by undersigned counsel submit this Memorandum of Law in Support of Motion

for Leave to Amend to Correct Errors, and say:

**BACKGROUND**

Plaintiffs are comprised of personal representatives and eligible family members of

individuals killed in the terrorist attacks against the United States on September 11, 2001 (the

"September 11th Attacks").  The only defendant in this case is Iran.  On June 15, 2018, plaintiffs

commenced suit against Iran by the filing of a Complaint.  ECF 10[1].  Iran was served on July 19,

2018 pursuant to 1608(a)(4).  ECF 24.  Iran failed to serve an answer or otherwise file a

responsive pleading within sixty (60) days after service, and the Clerk issued a Certificate of

Default on January 24, 2019.  ECF 54.  Plaintiffs have not yet applied for either a finding of

liability or a judgment on damages.

Plaintiffs' counsel conducted extensive quality control before filing and has continued its

quality control process after filing the Complaint, during which time it has continued to obtain

additional information from clients and family members of clients to complete its files.  In so

---

[1] All ECF citations are to the individual docket in *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran, No. 1:18-cv-05339 (GBD)(SN)*.

doing, counsel has determined that certain minor errors were contained in the Complaint filed in the above-referenced matter, such as name misspellings, incorrect states of residence, and certain plaintiffs were incorrectly identified with respect to their relationship to the individual who died in the September 11th Attacks (e.g., a sibling of the victim incorrectly identified as a child). None of the corrections constitute substantial changes that would potentially warrant additional service of an amended pleading on Iran.

Through the instant Motion, Plaintiffs seek to correct such errors before proceeding to default judgment so as to ensure the record is accurate. None of the modifications requested herein affect the substantive claims or relief sought. No new claims are asserted, and no additional plaintiffs have been added. Moreover, because the changes are insubstantial, no additional service on Iran is required.

## ARGUMENT

I.     LEGAL STANDARD

The Federal Rules of Civil Procedure make clear that leave to amend the complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "This 'permissive standard . . . is consistent with [the] strong preference for resolving disputes on the merits.'" *Media Glow Dig., LLC v. Panasonic Corp. of N. Am.*, 2018 U.S. Dist. LEXIS 207922, at *12 (S.D.N.Y. Dec. 10, 2018) quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d at 190. Leave to amend should only be denied in "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). It is well settled that "[d]istrict courts are vested with broad discretion to grant a party leave to amend the pleadings." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009).

**A.     Plaintiff's Request for Leave to Amend Should Be Granted Under the Permissive Standard Set Forth In Rule 15(a).**

Here, Plaintiffs only seek to correct what can best be characterized as typographical errors.  There are no new claims asserted or any change in the substantive relief sought.  Instead, the record will be made to accurately reflect the names, states of residence, and other data of each of the Plaintiffs.  Such proposed amendments, as specifically itemized below, clearly do not constitute "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" and, therefore, should be permitted.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

**i.     Plaintiff Name Corrections:**

The following Plaintiff's names were misspelled, should have included an "also known as" or a "minor" designation, or should have had a more specific Personal Representative designation:

|    | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|----|-------------|--------------------------|------------------------------|
| 1. | 1:18-cv-05339 | MM[2] | Jacqueline Milam, as Natural Guardian of MM, a minor, as surviving child of Major Ronald D. Milam |
| 2. | 1:18-cv-05339 | RDM Jr. | Jacqueline Milam, as Natural Guardian of RDM, Jr., a minor, as surviving child of Major Ronald D. Milam |
| 3. | 1:18-cv-05339 | Kamardinova, Bakahityar | Kamardinov, Bakhtiyar |
| 4. | 1:18-cv-05339 | Kamardinova, Mukhamet | Kamardinov, Mukhamet |
| 5. | 1:18-cv-05339 | Kamardinova, Zahro | Kamardinova, Zahro ALSO KNOWN AS Kamardinova, Zakhro |
| 6. | 1:18-cv-05339 | Kimelman, Michael | Kimelman, Michael G. |
| 7. | 1st Amendment  18-cv-05339 | Kimelman, Michael | Kimelman, Michael P. |
| 8. | 1:18-cv-05339 | Koragova, Zukhra | Koragoz, Zukhra |

[2] The full names of all Plaintiffs' where initials are now used, were inadvertently used in the initial pleading.

docs-100107313.1

| | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|---|---|---|---|
| 9. | 1:18-cv-05339 | Lopes Escalante, Lorraine | Lopes, Lorraine |
| 10. | 2nd Amendment  1:18-cv-05339 | McNeil, Walter | McNeil, Jr., Walter |
| 11. | 1:18-cv-05339 | Moran, Ellen, as Personal Representative of Margaret Murphy | Moran, Ellen ALSO KNOWN AS Brennan, Ellen, as Personal Representative of the Estate of Margaret Murphy Moran |
| 12. | 1:18-cv-05339 | Kane, George | Kane, George, individually, as surviving parent of Jennifer L. Kane, and as the Personal Representative of the Estate of Jennifer L. Kane, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jennifer L. Kane |
| 13. | 1:18-cv-05339 | Warren, Simara | Warren, Simara, individually, as surviving child of Brenda Kegler, and as the Personal Representative of the Estate of Brenda Kegler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Brenda Kegler |
| 14. | 1:18-cv-05339 | Juleff, Anne K. | Juleff, Anne K., individually, as surviving spouse of Thomas M. Kelly, and as the Personal Representative of the Estate of Thomas M. Kelly, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas M. Kelly |
| 15. | 1:18-cv-05339 | Kelly, Kathleen | Kelly, Kathleen, individually, as surviving spouse of  Thomas W. Kelly, and as the Personal Representative of the Estate of Thomas W. Kelly, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas W. Kelly |
| 16. | 1:18-cv-05339 | Garger, Allison | Garger, Allison, individually, as surviving spouse of Thomas Kennedy, and as the Personal Representative of the Estate of Thomas Kennedy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Kennedy |
| 17. | 1:18-cv-05339 | Wallach, Terre Susan | Wallach, Terre Susan, individually, as surviving parent of Mary Jo Kimelman, and as the co-Personal Representative of the Estate of Mary Jo Kimelman, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mary Jo Kimelman |

docs-100107313.1

| | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|---|---|---|---|
| 18. | 1:18-cv-05339 | Kimelman, Michael G. | Kimelman, Michael G., individually, as surviving parent of Mary Jo Kimelman, and as the co-Personal Representative of the Estate of Mary Jo Kimelman, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mary Jo Kimelman |
| 19. | 1:18-cv-05339 | Koecheler, Maureen | Koecheler, Maureen, individually, as surviving spouse of Gary E. Koecheler, and as the Personal Representative of the Estate of Gary E. Koecheler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gary E. Koecheler |
| 20. | 1:18-cv-05339 | Kuras, Thomas | Kuras, Thomas, individually, as surviving sibling of Patricia A. Kuras, and as the Personal Representative of the Estate of Patricia A. Kuras, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Patricia A. Kuras |
| 21. | 1:18-cv-05339 | Kyte, Roger | Kyte, Roger, individually, as surviving spouse of Angela R. Kyte, and as the Personal Representative of the Estate of Angela R. Kyte, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Angela R. Kyte |
| 22. | 1:18-cv-05339 | Kavinski, Jeanne | Kavinski, Jeanne, individually, as surviving sibling of Carol A. LaPlante, and as the Personal Representative of the Estate of Carol A. LaPlante, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carol A. LaPlante |
| 23. | 1:18-cv-05339 | Lauria, Antoinette | Lauria, Antoinette, individually, as surviving parent of Stephen J. Lauria, and as the Personal Representative of the Estate of Stephen J. Lauria, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen J. Lauria |

docs-100107313.1

| | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|---|---|---|---|
| 24. | 1:18-cv-05339 | Lawson Dixon, Pamela | Lawson Dixon, Pamela, individually, as surviving child of Nathaniel Lawson, and as the Personal Representative of the Estate of Nathaniel Lawson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Nathaniel Lawson |
| 25. | 1:18-cv-05339 | Farrally-Plourde, Elaine | Farrally-Plourde, Elaine, individually, as surviving child of Charles A. Lesperance, and as the co-Personal Representative of the Estate of Charles A. Lesperance, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles A. Lesperance |
| 26. | 1:18-cv-05339 | Gottenberg, Mindy | Gottenberg, Mindy, individually, as surviving child of Alisha C. Levin, and as the Personal Representative of the Estate of Alisha C. Levin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alisha C. Levin |
| 27. | 1:18-cv-05339 | Lightbourn, Rebecca | Lightbourn, Rebecca, individually, as surviving parent of Samantha Lightbourn-Allen, and as the Personal Representative of the Estate of Samantha Lightbourn-Allen, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Samantha Lightbourn-Allen |
| 28. | 1:18-cv-05339 | Feliciano, Sophia W. M. | Feliciano, Sophia W. M., individually, as surviving spouse of George Lopez, and as the Personal Representative of the Estate of George Lopez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of George Lopez |
| 29. | 1:18-cv-05339 | Wexler Magee, Janet | Wexler Magee, Janet, individually, as surviving spouse of Charles W. Magee, and as the Personal Representative of the Estate of Charles W. Magee, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles W. Magee |
| 30. | 1:18-cv-05339 | Fitzgerald, April | Fitzgerald, April, individually, as surviving sibling of Gene Maloy, and as the Personal Representative of the Estate of Gene Maloy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gene Maloy |

6

| | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|---|---|---|---|
| 31. | 1:18-cv-05339 | Martinez, Gabriel | Martinez, Gabriel, individually, as surviving parent of Robert G. Martinez, and as the Personal Representative of the Estate of Robert G. Martinez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Robert G. Martinez |
| 32. | 1:18-cv-05339 | Neal, Jean | Neal, Jean, individually, as surviving sibling of Margaret E. Mattic, and as the Personal Representative of the Estate of Margaret E. Mattic, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Margaret E. Mattic |
| 33. | 1:18-cv-05339 | McNeil, Kim | McNeil, Kim, individually, as surviving child of Walter A. McNeil, and as the Personal Representative of the Estate of Walter A. McNeil, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Walter A. McNeil |
| 34. | 1:18-cv-05339 | Mejia, Scarlyn | Mejia, Scarlyn, individually, as surviving child of Manuel E. Mejia, and as the Personal Representative of the Estate of Manuel E. Mejia, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Manuel E. Mejia |
| 35. | 1:18-cv-05339 | Mello, Ellen | Mello, Ellen, individually, as surviving parent of Christopher D. Mello, and as the Personal Representative of the Estate of Christopher D. Mello, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher D. Mello |
| 36. | 1:18-cv-05339 | Melnichenko, Alexsandr | Melnichenko, Alexsandr, individually, as surviving spouse of Yelena Melnichenko, and as the Personal Representative of the Estate of Yelena Melnichenko, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Yelena Melnichenko |

docs-100107313.1

|     | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
| --- | --- | --- | --- |
| 37. | 1:18-cv-05339 | Revilla, Maria | Revilla, Maria, individually, as surviving spouse of Luis Clodoaldo Revilla Mier, and as the Personal Representative of the Estate of Luis Clodoaldo Revilla Mier, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Luis Clodoaldo Revilla Mier |
| 38. | 1:18-cv-05339 | Moccia, Elaine | Moccia, Elaine, individually, as surviving spouse of Frank V. Moccia, and as the Personal Representative of the Estate of Frank V. Moccia, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Frank V. Moccia |
| 39. | 1:18-cv-05339 | Castrillon, Amanda | Castrillon, Amanda, individually, as surviving spouse of Antonio Montoya, and as the Personal Representative of the Estate of Antonio Montoya, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Antonio Montoya |
| 40. | 1:18-cv-05339 | Montoya, Stacey | Montoya, Stacey, individually, as surviving spouse of Carlos A. Montoya, and as the Personal Representative of the Estate of Carlos A. Montoya, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carlos A. Montoya |
| 41. | 1:18-cv-05339 | Morello, Eileen M. | Morello, Eileen M., individually, as surviving spouse of Steven Morello, and as the Personal Representative of the Estate of Steven Morello, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Morello |
| 42. | 1:18-cv-05339 | Malani, Elisa | Malani, Elisa P., as Personal Representative of the Estate of Erica Partosoedarso, deceased, the late spouse of Michael Lomax |

### ii.    Plaintiff Whose Claim is Solely in Individual Capacity

The following Plaintiff has only a solatium claim and is not the administrator of an estate:

|     | Case Number | Plaintiff's Name | Claim as Pled | Claim as Amended |
| --- | --- | --- | --- | --- |

| | | | | |
|---|---|---|---|---|
| 1. | 1:18-cv-05339 | Leduc-Sanchez, Cindy | Solatium/Wrongful Death | Solatium |

### iii.    Plaintiffs' Whose Relationship to 9/11 Decedent is Incorrectly described:

The familial relationship to the 9/11 Decedent of the following Plaintiffs was incorrectly described:

| | Case Number | Plaintiff's Name | Plaintiff's Relationship to 9/11 Decedent as Pled | Plaintiff's Relationship to 9/11 Decedent as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05339 | Lake, Kyler | Spouse | Son |
| 2. | 1:18-cv-05339 | Leduc-Sanchez, Cindy | Daughter/PR | Daughter |
| 3. | 1:18-cv-05339 | Farrally-Plourde, Elaine | Daughter/PR | Daughter/co-PR |

### iv.    Plaintiffs' Whose State of Residency at Filing is Incorrectly described:

The Plaintiff's State of Residency at Filing of the following Plaintiffs was incorrectly described:

| | Case Number | Plaintiff's Name | State of Residency at Filing as Pled | State of Residency at Filing as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05339 | Moran, Ellen ALSO KNOWN AS Brennan, Ellen, as Personal Representative of the Estate of Margaret Murphy Moran | NJ | NY |
| 2. | 1:18-cv-05339 | Moran Brennan, Ellen | NJ | NY |

### v.    Plaintiffs' Whose Citizenship/Nationality on 9/11 is Incorrectly described:

The Plaintiff's Citizenship/Nationality on 9/11 of the following Plaintiffs was incorrectly described:

| | Case Number | Plaintiff's Name | Plaintiff's Citizenship/ Nationality on 9/11/01 as Pled | Plaintiff's Citizenship/ Nationality on 9/11/01 as Amended |
|---|---|---|---|---|
| 1. | 1:18-cv-05339 | Malahi, Fares | Yemen | United States |

9

**B.      No Additional Service Is Required Because The Changes Contained In The Amended Pleadings Are Insubstantial.**

In this case, Plaintiffs properly served Iran in accordance with the Foreign Sovereign Immunities Act and, after Iran failed to timely respond, the Clerk of Court issued a Certificate of Default.  *See* ECF 54.  Plaintiffs now seek to make the aforementioned corrections, which are insubstantial.  It is well settled that no additional service is required under these circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'"  *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 47 (D.D.C. 2013) *citing, Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("Service of the original complaint was effected on all three Defendants under 28 U.S.C. § 1608(a)(4).  Plaintiff did not serve the amended complaint on defendants.  Where changes made in an amended complaint are 'not substantial,' the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. …Accordingly, this Court will not require plaintiff to serve the amended complaint."); *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.")

In this case, the Plaintiffs only seeks to correct typographical errors and certain inaccuracies regarding the relationship of the Plaintiff to the September 11th decedent, or to otherwise clarify the record.  Because these changes are insubstantial, no additional service of the amended pleadings should be required.

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature and serve to clarify the record.  They do not affect the substance of any claims made in the above-referenced action. Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified plaintiffs to enforce and collect on any judgment this Court enters in their favor.  For the foregoing reasons, plaintiffs respectfully request that this Court permit the proposed amendments without requiring service on Iran.

Dated:  April 8, 2019

/s/ Jerry S. Goldman

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-278-1000
Fax: 212-278-1733
Email: jgoldman@andersonkill.com

Arthur R. Armstrong, Esq. *(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel: 267-216-2711
Fax: 215-568-4573
Email: aarmstrong@andersonkill.com

*Attorneys for Plaintiffs*