# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

April 16, 2019

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    On behalf of all of the Plaintiffs, the Plaintiffs' Executive Committees (PECs) write to (1) apprise Your Honor of the status regarding the Federal Bureau of Investigation's (FBI's) response to the plaintiffs' April 6, 2018 subpoena and *Touhy* request[1], and (2) request that the Court set an informal discovery conference pursuant to Local Rule 37.2, to address issues as to which the plaintiffs and the FBI have reached an impasse after having met and conferred. We respectfully request that the conference be set in May, after the FBI produces its Fourth Tranche of production in late April. At the conference, the PECs will ask the Court to permit the PECs to file motions to compel the production of documents from the FBI as discovery disputes arise, rather than await the end of the FBI's production.

    This status report updates previous reports of the DOJ and PECs, which addressed the status of the FBI's production through only the first tranche production. The DOJ furnished an initial report on November 20, 2019 (ECF No. 4256), after the FBI produced its first tranche of documents on November 19, 2018. Although this Court's November 26, 2018 Order (ECF No. 4259) required a joint status report from the PECs and the government after the FBI's second tranche production, which occurred on December 20, 2018, the intervening government shutdown prevented the parties from submitting that report. The PECs and DOJ did submit a joint status report on January 31, 2019, but that report addressed the effect of the government shutdown and

---

[1] On April 6, 2018, the PECs issued a subpoena to the FBI pursuant to Rule 45 of the Federal Rules of Civil Procedure, along with a Touhy letter. Service of the subpoena and letter were accepted by the FBI on April 10, 2018.

Hon. Sarah Netburn
April 16, 2019
Page 2

_____

not the status of the FBI's searches, declassification review, or production. More recently, the FBI produced its Third Tranche of documents on March 15, 2019.

The FBI's first two tranches, totaling 228 pages, were previously provided to the Court under seal. The Second Tranche, containing 122 pages produced on December 20, 2018, was included under seal as Exhibit 69 to the PECs January 8, 2019 Reply to the Opposition to the Motion to Compel. The 106 pages comprising the First Tranche were filed under seal as Exhibit 17 of the November 30, 2018 Motion to Compel.

The FBI produced its Third Tranche on March 15, 2019, consisting of 28 pages, bringing the FBI's total production since service of the subpoena and *Touhy* request in April of last year to 256 pages. The FBI's production to date consists exclusively of redacted witness interviews. In addition, as part of the Third Tranche, the FBI identified four documents consisting of 15 additional pages that the FBI withheld from production in full, based on generalized assertions of privilege presented in privilege log chart. *See* FBI Amended Privilege Log, Exhibit 1 hereto.

As of this date, the FBI has not produced (1) any documents of an "analytic" nature; (2) any phone or banking records; or (3) any other investigative documents and reports that are not interview reports.[2] The FBI also has not yet made a determination concerning plaintiffs' demand for an unredacted copy of the 2012 FBI Summary Report, which includes the name of the person who "tasked" Fahad al Thumairy and Omar al Bayoumi to assist the hijackers.[3]

On March 20, 2019, the PECs and DOJ held a meet and confer concerning the Third Tranche and other issues relating to the FBI's response to plaintiffs' subpoena. At the time of that call, Ms. Normand advised that she was not in a position to discuss in detail the content and timing of any further FBI productions. Ms. Normand did, however, respond to the PECs' previous inquiries concerning the status of the 2012 Summary Report, advising that the FBI was awaiting a response to an inquiry the FBI had made to a foreign government relating to that report.

On March 25, 2019, the PECs wrote to the DOJ seeking additional information concerning the scope and timing of the FBI's searches, declassification reviews, and productions. That letter also reiterated a request the PECs made during the call on March 20 that the FBI release an interim version of the 2012 Summary Report, reflecting all determinations within the FBI's control, pending the response from the foreign government. On April 2, 2019, the DOJ responded to the PECs' March 25, 2019 letter, indicating that FBI expected to produce a fourth tranche by the end

---

[2] *See* October 12, 2018 Hearing Transcript at 12 (DOJ counsel explaining, "The first group as I said is largely records of interviews. The second group includes the 2012 interview report as well as portions of two other classified reports that were requested for declassification review or requested to be produced in the subpoena, which are both classified. Those are in the second group as well. There is additional material that is more analytical in nature in terms of the type of document.").

[3] Shortly after the FBI subpoena was served in April of last year, the PECs advised the DOJ that the unredacted 2012 Summary Report was a high order priority. At the October hearing before the Court, the DOJ stated that the 2012 Summary Report would be in Tranche 2. *See* Transcript of October 12, 2018 Hearing at p. 11 ("One of the documents, for example, that we know the plaintiffs are interested in is a 2012 summary report that they provided in redacted form that was produced under FOIA in the last few years. I know that that document is in the second tranche….").

_____

of April, and that a fifth tranche, and possibly others, would be produced at some undefined date(s) in the future.  The FBI further advised that it was still considering the PECs' request for release of an interim version of the 2012 Summary Report.

Although the FBI's declassification review and productions remain ongoing, the DOJ's April 2, 2019 letter confirmed that the parties have reached impasse on several issues relating to the parties' positions with regard to the scope of discovery authorized of the FBI under the Federal Rules and this Court's decisions, the scope of the FBI's searches, and the FBI's refusal to search for certain specific documents and categories of documents identified by plaintiffs.  The PECs believe it would be more efficient and appropriate to address certain of those issues in the near term, rather than to defer all areas of dispute until completion of the FBI's further productions.  In addition, in anticipation of the FBI completing the further productions it has identified, the PECs believe it would be appropriate to discuss the process for briefing any privilege or other disputes that remain unresolved at the conclusion of the FBI's productions.

We have been engaged in meet and confer discussions with the DOJ after the Third Tranche was produced, and sent a draft of this letter to the DOJ late last week.  We will not attempt to present the DOJ's position herein.  The PECs believe that it is important to advise the Court of these matters now, rather than waiting any longer.  Ms. Normand did advise us that if a conference was scheduled, that she was not available from April 30-May 10, and that her available dates thereafter were May 13, 15, 20, 22, 29 or 31.

The PECs thank the Court in advance for its consideration of this matter.

Respectfully submitted,

COZEN O'CONNOR

 /s/ Sean P. Carter, Esquire
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

*For the MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims*

KREINDLER & KREINDLER

 /s/ Steven R. Pounian, Esquire
Steven R. Pounian, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

*For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

MOTLEY RICE

 /s/ Robert T. Haefele, Esquire
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

cc:     The Honorable George B. Daniels, via ECF
        Sarah Normand, Deputy Chief, Civil Division, USAO, SDNY
        All Counsel of Record, via ECF