## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

April 25, 2019

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)
      This document relates to:  *All Actions*

## LETTER MOTION TO COMPEL NON-PARTY
## DEPOSITION OF AKRAM MOHAMED ALZAMARI

Dear Judge Netburn:

Plaintiffs move this Court pursuant to Fed. R. Civ. P. 37 to compel non-party Akram Mohamed Alzamari ("Alzamari") to comply with a previously-served subpoena and appear for his deposition in San Diego, California on May 30, 2019 at 10:00am, or such other location and date as ordered by this Court, and for such other relief as this Court deems appropriate, including contempt proceedings pursuant to Federal Rule of Civil Procedure 45(g).  A proposed order is attached.

This Motion is made following seven months of in-person and telephonic conferences between Mr. Alzamari, his counsel and the Plaintiffs' Executive Committees (PECs), which began in October 2018.  The PECs served a subpoena on Mr. Alzamari in September 2018, agreed at Mr. Alzamari's request to postpone the deposition, and have repeatedly attempted in good faith to confer with Mr. Alzamari and his counsel to obtain a date certain for his deposition.  Those efforts have been unsuccessful, and Mr. Alzamari's attorney has ceased responding to the PECs.  The facts are detailed below and in the accompanying Declaration of Andrew J. Maloney, Esq., attached as Exhibit 1 ("Maloney Decl.").

April 25, 2019
Page 2

## FACTUAL AND PROCEDURAL BACKGROUND

This Court approved jurisdictional discovery of Plaintiffs' claims that Saudi Arabia government officials in Southern California knowingly provided substantial support to the 9/11 hijackers. In the course of their investigation, Plaintiffs learned that Akram Mohamed Alzamari had personal knowledge of certain events, meetings and conversations directly relevant to Plaintiffs' claims. *See* Maloney Decl. at ¶¶ 3-4.

Accordingly, on September 27, 2018, the PECs personally served on Mr. Alzamari a subpoena issued from the United States District Court for the Southern District of New York, in compliance with Fed. R. Civ. P. 45. *See* Maloney Decl. at ¶ 5; Exhibit A to Maloney Decl. (Subpoena). Mr. Alzamari was given his witness and travel fee, and the deposition was set to take place on October 16, 2018 at 10:00 am at the law offices of Cozen & O'Connor, 501 W. Broadway, San Diego, California, well within 100 miles of Mr. Alzamari's residence, also in San Diego, California.

For months, however, Mr. Alzamari evaded all efforts to have his testimony taken. For example:

- At Mr. Alzamari's request, over the course of October, November and December 2018, his deposition was put off so that he could focus on an alleged immigration matter involving his wife and child. Maloney Decl. at ¶ 8. Mr. Alzamari claimed that the attorney representing his family in the immigration proceedings would represent him in connection with the deposition, but that attorney declined to do so. Maloney Decl. at ¶ 8.

- After the first attorney would not represent Mr. Alzamari in responding to the subpoena, in January 2019 Mr. Alzamari advised plaintiffs that he had a new attorney, Kelly Moore, Esq., with the Morgan, Lewis & Bockius LLP firm in New York City. Maloney Decl. at ¶¶10-12. On January 19, 2019 plaintiffs' counsel requested an in-person meeting with Ms. Moore, during which they could discuss and confer on the procedure for taking testimony from Mr. Alzamari. Maloney Decl. at ¶ 12. That meeting did not take place until February 1, 2019. Maloney Decl. at ¶ 13.

- At the February 1, 2019 meeting, Ms. Moore declined to schedule the deposition and requested copies of any certain under seal documents that were produced in the litigation. *See* Maloney Decl. at ¶ 14. On or about March 8, 2019, after the PECs obtained approval, Ms. Moore received copies of all of the materials she requested, but nevertheless declined to schedule the deposition, claiming that she would have to first meet in person with her client in San Diego. Maloney Decl. at ¶ 15.[1]

---

[1] Plaintiffs previously filed the same documents requested by and provided to Ms. Moore with the Court. ECF 4342 (under seal), Plaintiff's Reply Papers on their Motion to Compel, dated January 9, 2009, Exh. 69 at 140-143, 178-184 & 223-228.

- Throughout March 2019 plaintiffs repeatedly asked Ms. Moore for dates for Mr. Alzamari's deposition, to no avail. Maloney Decl. at ¶¶ 15-16. On March 18, Ms. Moore advised the PECs that she preferred that the deposition proceed in New York, rather than San Diego, and that she would get back to the PECs with dates. On March 27, 2019, Ms. Moore claimed that Mr. Alzamari was "sick" and that she could not "realistically" schedule the deposition until she reviewed the interview materials in person with her client. Maloney Decl. at ¶ 16.

- During an April 5, 2019 telephone call, Ms. Moore said that she had an appointment to meet with her client on April 12, 2019 and that she would not provide a deposition date until after she had met with him in person. Maloney Decl. at ¶ 17.

- Twice since that meeting was to have taken place, plaintiffs' counsel followed up with Ms. Moore both by telephone and by email to set the deposition date, but Ms. Moore did not respond to those inquiries and has still not provided a date for Mr. Alzamari's deposition. Maloney Decl. at ¶ 17. Finally, the PECs emailed Ms. Moore today to let her know we would be filing this motion unless she provided the PECs in writing with a date certain and location for the deposition. She acknowledged receipt of our message, but did not provide a deposition date. Maloney Decl. at ¶ 18.

## ARGUMENT

As the multidistrict court assigned to handle pretrial proceedings in this litigation by the multidistrict panel, this Court is authorized to compel a non-party to appear for deposition in the Southern District of California. 28 U.S.C. § 1407(b) provides that "pretrial proceedings shall be conducted" by this Court, and also that this Court "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions." Numerous courts have held that the § 1407 multidistrict court is empowered to enforce a non-party subpoena for a deposition in another federal district. "[T]his Court has jurisdiction to enforce subpoenas issued by plaintiffs in other jurisdictions pursuant to 28 U.S.C. § 1407" and "the overwhelming weight of authority from federal courts throughout the nation is that this power includes the ability to quash, modify, or enforce a subpoena directed to an extra-district nonparty." *In re: Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litigation*, 2012 WL 13059198 *1 (E.D.N.Y. 2012); *see also In re Subpoena Issued to Boies, Schiller & Flexner LLP*, 2003 WL 1831426 *1 (S.D.N.Y. 2003).

Fed. R. Civ. P. 37 allows a party seeking discovery to move for an order to compel disclosure or discovery. Fed. R. Civ. P. 45 governs subpoenas, including those demanding appearance at a deposition, and provides that "[t]he court… may hold in contempt a person who,

having been served, fails without adequate excuse to obey the subpoena or an order related to it."
Fed.R.Civ.P. 45(g).

The subpoena issued to Mr. Alzamari complied with the requirements of Rule 45, as well as Federal Rule of Civil Procedure 30, which governs deposition proceedings and, consequently, constitutes a court order. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983); *see also U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). The subpoena was served personally on Mr. Alzamari; stated the court from which it issued, the title of the action and its civil number; set out the text of Fed.R.Civ.P. 45(c), (d), (e) and (g); and when the subpoena was served, the process server tendered the fees for one day's attendance and mileage allowed by law. Mr. Alzamari did not object to the subpoena, and has waived any such objection. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)("The failure to serve written objections to a subpoena within the time specified by Rule 45[ ] typically constitutes a waiver of such objections.").

Despite the proper service of the subpoena, Mr. Alzamari, for now almost seven months, has obfuscated, delayed and avoided compliance with the requirements of the subpoena. Based on an alleged immigration matter involving his family, Mr. Alzamari asked for, and received, additional time from the plaintiffs; yet he has not provided a deposition date. Plaintiffs waited for Mr. Alzamari to retain one counsel and then another; yet he has not provided a deposition date. His new counsel then requested copies of under seal documents, which Plaintiffs arranged for and sent to her; yet no deposition date has been provided. Mr. Alzamari's counsel requested further delays to supposedly meet with her client in person; yet she has not provided a deposition date. Mr. Alzamari has failed to take reasonable steps to comply, and has no good excuse for failing to provide a date and appear at a deposition. His noncompliance requires judicial intervention.

Plaintiffs cannot wait indefinitely for a deposition date from a witness who has done everything possible to avoid having his testimony taken. We therefore ask that the Court set a date certain for the deposition. We expect that other discovery will turn on Mr. Alzamari's deposition.

## CONCLUSION

Plaintiffs' motion should be granted and this Court should order Akram Mohamed Alzamari to appear for his deposition in San Diego, California on May 30, 2019 at 10:00am, or such other location and date set by the Court. Plaintiffs respectfully request such other relief that this Court may deem necessary and appropriate to compel Mr. Alzamari to appear for his deposition, including the initiation of contempt proceedings pursuant to Fed. R. Civ. P. 45(g).

April 25, 2019
Page 5


Respectfully submitted,


KREINDLER & KREINDLER LLP                    MOTLEY RICE LLC

By: /s/ Steven R. Pounian                    By: /s/ Robert T. Haefele
    STEVEN R. POUNIAN                            ROBERT T. HAEFELE
    ANDREW J. MALONEY                            MOTLEY RICE LLC
    MEGAN BENETT                                 28 Bridgeside Boulevard
    KREINDLER & KREINDLER LLP                    Mount Pleasant, SC 29465
    750 Third Avenue                             Tel.: (843) 216-9184
    New York, New York 10017                     Email: rhaefele@motleyrice.com
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com             *For the Plaintiffs' Exec. Committees*

    *For the Plaintiffs' Exec. Committees*


COZEN O'CONNOR

By: /s/ Sean P. Carter
    SEAN P. CARTER
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pennsylvania 19103
    Tel.: (215) 665-2105
    Email: scarter@cozen.com

    *For the Plaintiffs' Exec. Committees*


cc:    The Honorable George B. Daniels (via First Class Mail)
       Kelly Moore, Esq., Morgan, Lewis & Bockius LLP (by email and hand delivery)
              Counsel for Akram Mohamed Alzamari
       All Counsel of Record (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | 03-MDL-1570 (GBD) (SN) |
| | ) | |
| TERRORIST ATTACKS ON | ) | **[proposed] ORDER** |
| SEPTEMBER 11, 2001 | ) | |
| | ) | |
| | ) | |
| | ) | |

**SARAH NETBURN, United States Magistrate Judge**:

Plaintiffs filed a motion for an order to compel Akram Mohamed Alzamari to appear at a deposition. ECF No. _____.

It is hereby ordered that the Plaintiffs' motion is granted, and that Akram Mohamed Alzamari is hereby directed to appear for a deposition at 10:00 am on May 30, 2019 at the Law Offices of Cozen O'Connor, 501 West Broadway, Suite 1610, San Diego, CA, or at another location that is mutually agreeable to the PECs and Mr. Alzamari, and

It is further ordered that should Akram Mohamed Alzamari fail to appear for his deposition at the above date and time, he shall immediately be held in contempt by this Court, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Federal Rule of Civil Procedure 45(g).

The Clerk of the Court is respectfully directed to terminate the letter-motion at ECF No. _____.

**SO ORDERED.**

Dated: _____, 2019

_____
HON. SARAH NETBURN
United States Magistrate Judge

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to All Actions*

**DECLARATION OF ANDREW J. MALONEY, ESQ. IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF AKRAM MOHAMED ALZAMARI**

Andrew J. Maloney, Esq., hereby declares under penalty of perjury that:

1.      I submit this declaration in support of the Plaintiffs' Motion to Compel Testimony from Akram Mohamed Alzamari and Initiate Contempt Proceedings.

2.      The source of my information and the basis for my belief in my statements herein are: my personal involvement in this matter; my firm's direct representation of individual plaintiffs in the *In re Terrorist Attacks of September 11, 2001* litigation; my participation with the Plaintiffs' Executive Committees in this litigation; and review of the discovery and court records relating to the multi-district litigation.

3.      This Court approved jurisdictional discovery regarding Plaintiffs' claims that Saudi Arabia government officials in Southern California knowingly provided substantial support to the 9/11 hijackers.   Pursuant to leads developed by our investigators, together with other witnesses and sources, Akram Mohamed Alzamari was identified as a person who witnessed certain events, meetings and conversations relevant to Plaintiffs' claims.   On August 15, 2018, investigators retained by Plaintiffs met with the person who identified himself as Akram Mohamed Alzamari at his residence in San Diego, California.   Mr. Alzamari confirmed that he had personal knowledge of certain events, meetings and conversations relevant to Plaintiffs' claims, but asked to adjourn the interview until the following day.

4.      On August 16, 2018, the investigators met again with Mr. Alzamari, who again confirmed that he had personal knowledge of events, meetings and conversations relevant to Plaintiffs' claims.  Mr. Alzamari, however, refused to provide more details and stated that he would only answer additional questions if compelled to do so pursuant to a subpoena.

5.      On September 27, 2018, while at his home in San Diego, California, Akram Mohamed Alzamari was properly served with a subpoena. *See* Exhibit A, hereto, a true and accurate copy of that subpoena and the certificate of service.  The investigator provided Mr. Alzamari with $60.00 in cash for his witness fee and travel expenses.  The subpoena provided for the deposition to occur at the law offices of our co-counsel Cozen O'Connor, 501 West Broadway, Suite 1610, San Diego CA 92101, on October 16, 2018 at 10:00 am.  That law office address was well within 100 miles of Mr. Alzamari's San Diego residence.

6.      I served counsel for defendant Saudi Arabia, Michael Kellogg, Esq., and defendants' Liaison Counsel, Alan Kabat, Esq., with a notice of the Alzamari deposition on September 27, 2018. *See* Exhibit B, hereto, a true and accurate copy of the certificate of service on defense counsel.

7.      Soon after he had been served with the subpoena, Mr. Alzamari called me to request we adjourn the date of his deposition so that he could retain counsel.  I agreed to Mr. Alzamari's request, and he provided me with his cell phone number in order to stay in touch for logistical planning until he retained counsel.

8.      Initially, Mr. Alzamari requested an adjournment until a date in November 2018. As he explained to me on or about October 9, 2018, Mr. Alzamari had an attorney, Susanne Arani, from the Council on American-Islamic Relations ("CAIR"), who was handling an immigration matter for his wife Fatima and their daughter.  Mr. Alzamari suggested that Ms. Arani would

handle the deposition and said that I should speak with her. I called Ms. Arani on October 22, 2018, and she confirmed that she was working on the immigration matter but also explained that she did not feel qualified to represent Mr. Alzamari at his deposition.

9.      I called Mr. Alzamari the following week and asked if he could find another attorney and to discuss a date for his deposition. Mr. Alzamari asked me to delay his deposition until late November or early December 2018. I agreed.

10.      In late November 2018, Mr. Alzamari advised me that he was having trouble finding counsel. By early December 2018 I advised Mr. Alzamari that we could no longer wait for him to find an attorney and that we would seek to enforce the subpoena. He claimed he may have an attorney but would not be able to speak with the attorney until early January 2019. I agreed to wait to schedule the deposition until he consulted with that attorney in early January, explaining that we would not agree to any additional delays.

11.      On January 17, 2019 Mr. Alzamari left me a voice mail claiming that he found an attorney but needed another two to three weeks to meet with the attorney. I responded that we would not wait unless he provided me with the name and contact information for his new attorney.

12.      On or about January 19, 2019, I was notified that Mr. Alzamari's attorney was Ms. Kelly A. Moore, Esq. of the law firm Morgan, Lewis & Bockius in New York City. I immediately contacted Ms. Moore and relayed to her the series of events and long delays requested by Mr. Alzamari. I asked Ms. Moore for an in-person meeting during which we could confer and set a date for questioning Mr. Alzamari. Due to Ms. Moore's busy travel and deposition schedule in other matters, she was not available to meet with us until February 1, 2019.

13.      I met with Ms. Moore at her New York City office on February 1, 2019. I was joined by my partner Megan Benett. Ms. Moore's associate, John Maloy, also attended. During

4

that meeting, we explained to Ms. Moore why we served a subpoena on her client, described to her generally the substance of the information we sought from her client, and advised her that we were aware that her client had been interviewed by the Federal Bureau of Investigation in connection with its investigation into the September 11, 2001 terrorist attacks.

14.     At the February 1, 2019 meeting, Ms. Moore did not agree to a date certain for a deposition and asked to see certain documents that had been produced under seal in the litigation. Because a protective order covered those materials, I needed to obtain approval to release those documents to Ms. Moore and Mr. Maloy.  After making the necessary inquiries, I obtained the approval, and sent the relevant protective order to Ms. Moore on February 21, 2019.  She and Mr. Maloy signed and returned the protective order acknowledgement on March 3, 2019.  On or about March 8, 2019, my office hand-delivered the documents to Ms. Moore.  Those same documents were previously filed with this Court as part of Plaintiffs' January 9, 2019 Reply Papers on their Motion to Compel, ECF 4342 (under seal), Exh. 69 at 140-143, 178-184 & 223-228.

15.     The following week, on March 14, 2019, I contacted Ms. Moore to set a date for Mr. Alzamari's deposition.  Ms. Moore emailed me and said she still needed to find some time to read the material but that it was "on the top of [her] list."  I contacted Ms. Moore again on March 18, 2019 to press for a deposition date, at which time she said she needed to meet with Mr. Alzamari before she could agree to a date, and that because he was in San Diego she needed additional time.  Ms. Moore confirmed that her preferred location for the deposition was New York, rather than San Diego, and that she would check on dates and get back to me.

16.     On March 25, 2019 I contacted Ms. Moore again to set a deposition date.  She responded by advising that she would be meeting Mr. Alzamari that week and would not provide me with dates for his deposition until after she had met with him in person. On March 27, 2019,

Ms. Moore emailed me and said that her meeting with Mr. Alzamari had been cancelled because he was sick. She did not provide any new date for when she would see him or when he would be available for a deposition. The following day I reminded Ms. Moore of the long delays we had already endured because of her client's concerns and to accommodate her schedule. When I suggested that we would now need to move for judicial intervention, Ms. Moore responded "go right ahead, you will not get him any faster."

17.     I exchanged messages with and spoke to Ms. Moore on April 5, 2019. She told me that she planned to meet Mr. Alzamari a week later, on Friday April 12, 2019, after which she hoped to have a deposition date. I left Ms. Moore a voicemail message late on April 12, 2019 asking her to provide a date for Mr. Alzamari's deposition. When, after six days, she had not returned the call I followed up with an email on April 18, 2019, asking for a status update and a deposition date. Ms. Moore did not respond to either my April 12, 2019 voicemail or my April 18, 2019 email, and still has not provided a deposition date for Mr. Alzamari, despite the duly served subpoena, the in-person meet-and-confer to discuss that subpoena and the months of efforts by Plaintiffs to schedule the deposition.

18.     I made a final attempt to resolve this matter by contacting Ms. Moore today, and letting her know that Plaintiffs would be filing this motion today if she did not provide the PECs in writing by 4:00 pm with a date certain and location for Mr. Alzamari's deposition. Ms. Moore acknowledged her receipt of my message and requested another copy of the subpoena served on Mr. Alzamari (which we provided to her) – but still would not provide a date.

19.     Plaintiffs are conducting court-ordered discovery in the underlying 9/11 litigation; they have accommodated the witness's requests to obtain counsel for four months; and they have tried for an additional four months to schedule the deposition through the witness's attorney.

Further discovery depends on Mr. Alzamari's testimony and Plaintiffs cannot wait any longer to schedule his deposition.

20.     Plaintiffs therefore respectfully request that the Court order Mr. Alzamari to appear for his deposition in San Diego, California on May 30, 2019 at 10:00 a.m., or such other date certain as ordered by this Court, or in New York (which Ms. Moore stated was a preferable location), and for such other relief, including contempt proceedings, that the Court may deem appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of April 2019.

_____
Andrew J. Maloney, III, Esq.

EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 ) | |
| *Plaintiffs* ) | |
| v. ) | Civil Action No.   MDL 03-1570 (GBD)(SN) |
| Kingdom of Saudi Arabia ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                              Akram Mohamed Alzamari

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Law Offices of Cozen O'Connor | Date and Time: |
|---|---|
| 501 West Broadway, Suite 1610 | |
| San Diego, CA  92101 | 10/16/2018 10:00 am |

The deposition will be recorded by this method:   Stenographic

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Plaintiffs' Executive Committees                                      , who issues or requests this subpoena, are:

Kreindler & Kreindler LLP, 750 Third Avenue, New York, NY 10017; Andrew Maloney, Esq., amaloney@kreindler.com, (212) 973-3438; Steven Pounian, Esq., spounian@kreindler.com, (212) 973-3477

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 03-1570 (GBD)(SN)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: AKRAM

MOHAMED ALZOMARI

_____ on *(date)* 9/27/18 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 60 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 9/27/18

_____
*Server's signature*

Brady pesola
*Printed name and title*

1131 C Estrella DE Mar CT Corisead Co 9200
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

*This document relates to All Actions*

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure and the attached subpoena served today, the Plaintiffs, through their undersigned attorneys, will take the oral deposition of Akram Mohamed Alzamari.

The deposition will commence on October 16, 2018, beginning at 10:00 a.m. Pacific Time at the Law Offices of Cozen O'Connor, 501 West Broadway, Suite 1610, San Diego, CA 92101, before a certified court reporter qualified to administer oaths and will continue day to day until complete.

The Plaintiffs' Executive Committee has assigned the following attorney point of contact for this deposition:

Andrew J. Maloney, Esq.
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017
Phone: 212-687-8181
amaloney@kreindler.com

You are invited to attend and examine.

Dated: September 27, 2018

Respectfully submitted,

KREINDLER & KREINDLER LLP                MOTLEY RICE LLC

By:  /s/ James P. Kreindler                         By:  /s/ Robert T. Haefele
     JAMES P. KREINDLER                                   ROBERT T. HAEFELE
     For the Plaintiffs Exec. Committees                  For the Plaintiffs Exec. Committees

COZEN O'CONNOR                            ANDERSON KILL P.C.

By:  /s/ Sean P. Carter                             By:  /s/ Jerry S. Goldman
     SEAN P. CARTER                                       JERRY S. GOLDMAN
     For the Plaintiffs Exec. Committees                  For the Plaintiffs' Exec. Committees

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2018, I caused a copy of the

foregoing Notice of Deposition to be served by email upon the following for their further

distribution to counsel for all parties in this action:

Michael K. Kellogg, Esq.
Mark C. Hansen, Esq.
Gregory G. Rapawy, Esq.
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
mkellogg@kellogghansen.com
mhansen@kellogghansen.com
grapawy@kellogghansen.com

Alan Kabat, Esq.
BERNABEI & KABAT, PLLC
1400 16th Street, N.W., Suite 500
Washington, D.C. 20036
Tel: (202) 745-1942
Fax: (202) 745-2627
kabat@bernabeipllc.com

/s/
Andrew J. Maloney, Esq.

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ) |
| *Plaintiffs* | ) |
| v. | ) |
| Kingdom of Saudi Arabia | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   MDL 03-1570 (GBD)(SN)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Akram Mohamed Alzamari

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Law Offices of Cozen O'Connor<br>501 West Broadway, Suite 1610<br>San Diego, CA  92101 | Date and Time:<br><br>10/16/2018 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/26/2018

         *CLERK OF COURT*

                                                            OR
_____                _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs' Executive Committees                                    , who issues or requests this subpoena, are:

Kreindler & Kreindler LLP, 750 Third Avenue, New York, NY 10017; Andrew Maloney, Esq., amaloney@kreindler.com, (212) 973-3438; Steven Pounian, Esq., spounian@kreindler.com, (212) 973-3477

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL 03-1570 (GBD)(SN)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: AKRAM

MOHAMED ALZAMARI _____

on *(date)* 9/27/18 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 60 .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: 9/27/18

_____
Brady pesola
Printed name and title

1931 CESTRELA DE MAR CT CORISEAD CO 92009
Server's address

Additional information regarding attempted service, etc.: