UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/2019

03-MDL-01570 (GBD)(SN)

**ORDER**

This document relates to:

    Ray et al. v. Islamic Republic of Iran et al., No. 19-CV-00012 (GBD)(SN) (S.D.N.Y.)

**SARAH NETBURN, United States Magistrate Judge:**

    On April 26, 2019, Plaintiffs filed a motion for leave to file a second amended complaint ("SAC"). ECF No. 136. The SAC joins nine additional plaintiffs, but otherwise does not alter Plaintiffs' allegations. ECF No. 137, at 2–3. Plaintiffs also request that the SAC be deemed to relate back to Plaintiffs' original complaint, which was filed on January 2, 2019. Id. at 4; ECF No. 136-2, Proposed Order, at 1. The Court addresses these requests in turn.

    Where a proposed amendment adds new parties, the propriety of the amendment is governed by Rule 21 of the Federal Rules of Civil Procedure. Lawrence v. Starbucks Corp., No. 08-CV-3734 (LTS) (JCF), 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) (citations omitted). Rule 21 provides that a party may be added "at any time, on just terms." Fed. R. Civ. P. 21. In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (quoting Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)). Accordingly, unless there is evidence of futility, bad faith, undue delay, or

undue prejudice to the opposing party, the proposed amendment should be granted. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

     Here, justice requires granting Plaintiffs' request. Defendants have not been served with a summons or a copy of the complaint. ECF No. 137, at 3. As a result, because the proposed amendment will not require the expenditure of additional resources or otherwise delay the resolution of the dispute, Defendants will not be prejudiced if Plaintiffs' request is granted. See Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008). There is also no evidence that Plaintiffs have acted in bad faith or intentionally delayed submitting their motion. For these reasons, Plaintiffs' request to file a second amended complaint is GRANTED.

     The Court, however, reserves decision as to whether the SAC relates back to Plaintiffs' original complaint and, therefore, is timely. The burden of proving that a proposed amendment relates back is on the party seeking leave to amend the pleading. Velez v. Fogarty, No. 06-CV-13186 (LAK) (HBP), 2008 WL 5062601, at *3 (S.D.N.Y. Nov. 20, 2008) (citations omitted). Plaintiffs do not meaningfully support their request, let alone discuss a split of authority as to how courts should analyze amendments seeking to add new plaintiffs. See, e.g., Merryman v. J.P. Morgan Chase Bank, 319 F.R.D. 468, 472-73 (S.D.N.Y. 2017) (discussing whether Rule 15(c)(1)(C)(ii) requires the omission of the new plaintiff from the original pleading be the result of a mistake). The Court is therefore not in a position to evaluate Plaintiffs' request. When Defendants appear or Plaintiffs move for default judgment, Plaintiffs will have the burden of establishing that the claims added in the SAC relate back to the original complaint. Plaintiffs are therefore ORDERED to raise this issue in any motion for a default judgment that they may file.

**SO ORDERED.**

DATED:    May 3, 2019  
              New York, New York

_____  
SARAH NETBURN  
United States Magistrate Judge