## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

May 3, 2019

### REDACTED LETTER FOR ECF FILING

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)
This document relates to: *All Actions*

### LETTER OPPOSITION TO MOTION
### FOR PROTECTIVE ORDER AND REPLY TO OPPOSITION
### TO COMPEL DEPOSITION OF AKRAM MOHAMED ALZAMARI

Dear Judge Netburn:

Plaintiffs respectfully submit their Opposition to the Motion of Akram Alzamari for a Protective Order, which also constitutes a Reply to the newly raised assertions in Mr. Alzamari's Opposition to the PECs' Motion to Compel his Deposition, together with the Supplemental Declaration of Andrew Maloney, Esq, attached as Exhibit 1. Despite the complaints of Mr. Alzamari's counsel, their filing now makes clear for the first time (after more than seven months of excuses, delays, and false promises) that Mr. Alzamari refuses to testify at his deposition, and that this Court must order him to appear.

### 1.  Mr. Alzamari's Motion for Protective Order Should Be Denied.

Plaintiffs are entitled to an oral deposition of Mr. Alzamari, a percipient witness to interactions among two 9/11 hijackers and Fahad al Thumairy, who is a main subject of the pending jurisdictional discovery authorized by this Court.

May 3, 2019
Page 2



Plaintiffs may depose Mr. Alzamari regarding these and other related facts from various FBI reports, additional sources, and Plaintiffs' own investigation, and obtain his knowledge relevant to the jurisdictional inquiry. Not only is the testimony important to establish the facts showing the interrelationships among Thumairy, the hijackers and others involved in assisting them, but it is significant to the issue of Thumairy's credibility, because he testified before the 9/11 Commission, in the presence of senior Saudi intelligence officials, that he did not know Hazmi and Mihdhar.

While the PEC's subpoena to secure sworn testimony follows the ordinary oral deposition procedure contemplated by the Federal Rules of Civil Procedure, Mr. Alzamari's motion for a protective order – asking that his deposition be conducted by written questions – is untimely, not in good faith, contrary to the Federal Rules and the Local Rules, and without any legal support.

After the PECs served Mr. Alzamari with a subpoena in September 2018, Mr. Alzamari never filed a motion to quash, but instead requested a series of postponements for various reasons, coupled with promises that a date for an oral deposition would ultimately be provided. In fact, as late as March 2019, Mr. Alzamari's counsel continued to promise to "check on dates" and even indicated a preference to proceed with the deposition in New York. Supplemental Declaration of Andrew J. Maloney, Esq. ("Maloney Supp. Decl."), ¶ 5. The first indication of any formal opposition came in Mr. Alzamari's protective order application. Maloney Supp. Decl, ¶ 7.

Because Mr. Alzamari delayed more than seven months to even suggest he opposed the subpoena, the Court should deny his application as untimely. Fed. R. Civ. P. 45(d)(3) (requiring a "timely" motion to quash or modify a subpoena); *see City of New York v. Golden Feather Smoke Shop, Inc.*, 2009 WL 10705762 *2 (E.D.N.Y. 2009)("Although '[t]he decision of whether to quash or modify a subpoena is within the district court's discretion,'…, it is well settled in the Second Circuit that for a motion to quash a subpoena to be 'timely,' it 'must be made prior to the return date of the subpoena.'"). District courts have considered untimely applications only in circumstances not present or alleged herein—for example, where a subpoena is overbroad and exceeds the bounds of fair discovery. *United States v. Int'l Bus. Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1975) (motion for protective order denied as untimely when "first motion was dated more than two months after the return date of the subpoena and weeks after [the witness] produced documents subject to the subpoena."); *Grigsby & Assocs., Inc. v. Rice Derivative Holdings, L.P.*, 2001 WL 1135620, at *4 (S.D.N.Y. Sept. 26, 2001) (in granting motion to compel subpoena seeking sensitive commercial information duplicative of other discovery, noting that "the only authority in our circuit" on the issue of timeliness and motions to quash "notes that when the court finds a combination of circumstances such as an overbroad subpoena

May 3, 2019
Page 3

that exceeds the bounds of fair discovery, a non-party acting in good faith, and communication between the parties, overlooking the issue of timeliness is appropriate.").

Plaintiffs are generally entitled to select their preferred discovery method from among those authorized under the Federal Rules.  Those Rules provide for the taking of discovery, including by oral depositions, "regarding any nonprivileged matter that is relevant to any party's claim … and proportional to the needs of the case" and that the information sought "need not be admissible" to be discoverable.  Fed. R. Civ. P. 26(b)(1).  Moreover, the Rules generally do not place any initial burden on parties to justify their deposition and discovery requests, including deposition demands.  *E.g.*, Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any person* ... without leave of court.") (emphasis added); *contrast* Fed. R. Civ. P. 26(c) (permitting courts to issue a protective order upon "good cause" by the party *opposing* discovery) and Fed. R. Civ. P. 45(c) (setting out the standards for protecting a person subject to a subpoena, including subsection (c), which indicates when a subpoena is to be quashed or modified).

For a number of well-considered reasons, oral depositions as a means of obtaining discoverable information are clearly favored over written questions.  *Mill–Run Tours, Inc. v. Khashoggi,* 124 F.R.D. 547, 549–50 (S.D.N.Y.1989) (listing "several reasons why oral depositions should not be routinely replaced by written questions," including the need for follow-up, observation of a prospective witness's demeanor, and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes); *see also In re Subpoena Issued to Dennis Freeman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("District courts have…typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.") (citing *Mill Run*, 124 F.R.D. at 549-50); *Greenberg v. Safe Lighting Incorporated, Inertia Switch Division,* 24 F.R.D. 410, 411 (S.D.N.Y. 1959) ("Experience has made it abundantly clear that the advantages of oral examination far outweigh the advantages of written interrogatories in carrying out the deposition procedures in aid of discovery under the [Federal R]ules [of Civil Procedure]."); *National Life Ins. Co. v. Hartford Acc. and Indem. Co.,* 615 F.2d 595, 600 n. 5 (3d Cir.1980) ("[T]here are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses."); *see also* S.D.N.Y. Loc. Civ. R. 33.3(b)(written interrogatories "may only be served…if they are a more practical method of obtaining the information sought than a request for production *or a deposition*.")(emphasis added).

The cases Mr. Alzamari cites about written questions involve two distinguishable situations.  First, they rely on cases involving notices of an oral deposition of a defendant corporation's senior executive, when that executive submits an affidavit that denies personal knowledge of the relevant events.  In that circumstance, courts have held that written questions *may* be appropriate initially to establish whether plaintiff has sufficient grounds to conduct a later deposition. *Consol. Rail Corp. v. Primary Indus. Corp.,* No. 92 CIV. 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) ("permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation."); *Colonial Capital Co. v. General Motors Corp.*, 29 F.R.D. 514 (D.Conn. 1961) (allowing two members of Board of Directors, who both provided sworn statements that they lacked personal knowledge of the relevant matters, to proceed first upon written questions).

May 3, 2019
Page 4

Second, Mr. Alzamari cites a group of outdated maritime decisions—from before the advent of modern jet aircraft travel and under earlier versions of the Court's rules—which allow written questions in lieu of forcing an overseas witness to appear for deposition in the United States because such travel would be "unusually and seriously burdensome." *Hyam v. American Export Lines*, 213 F.2d 221, 223 (2d Cir. 1954) (court found travel from Bombay to New York was too inconvenient to warrant oral deposition); *Wheeler v. West India S.S. Co.*, 11 F.R.D. 396 (S.D.N.Y. 1951) (cost of travel to did not justify oral depositions of three witnesses in France when the issues could be handled by written questions). But this matter involves complex, sharply contested fact issues, Mr. Alzamari is not overseas, and the subpoena properly compelled his appearance a short distance from his home in San Diego.[1]

Mr. Alzamari's untimely motion for a protective order must be denied because Plaintiffs' efforts to depose Mr. Alzamari are authorized under the rules; the subpoena was duly served; Mr. Alzamari delayed his deposition for seven months; he never moved to quash his subpoena, and he presents no proper argument to avoid his oral deposition.[2]

## 2. Clarifications to Factual Assertions of Mr. Alzamari's Counsel

Additionally, given the assertions of Mr. Alzamari's counsel, Plaintiffs briefly offer the following five clarifications.

*First*, Mr. Alzamari's attorneys state that Plaintiffs "indicated that proceeding by way of a declaration was a possibility." Alzamari Letter-Opposition Dated April 30, 2019 ("Alzamari Opp."), p.2. That is inaccurate. Although Mr. Alzamari's counsel proposed that a declaration from the witness might suffice, plaintiffs never suggested that they would be satisfied with a written declaration. Maloney Supp. Decl., ¶ 5.

*Second*, it was only after Ms. Moore expressed concerns about Mr. Alzamari's prior statements that Plaintiffs, in an effort to address those concerns, offered to ask the Department of Justice for permission to share the relevant FBI materials. Maloney Supp. Decl., ¶ 4.

*Third*, as demonstrated from the months' worth of emails, Plaintiffs have been assiduously pursuing deposition testimony from Mr. Alzamari since September 2018 and gave Ms. Moore ample notice that they would seek judicial intervention. Plaintiffs repeatedly asked for a deposition date and location, and on March 18, 2019, Ms. Moore said the deposition would proceed in New York – but did not provide a date. *Id.* at 4. Plaintiffs advised Ms. Moore on or

---

[1] Mr. Alzamari's counsel later suggested that the deposition would proceed in New York. Maloney Supp. Decl., ¶ 5. Plaintiffs will conduct the deposition in either location.

[2] Mr. Alzamari's expressed concerns about the scope of Plaintiffs' questioning of him in the deposition are moot. Although the limitations on jurisdictional discovery of the Kingdom of Saudi Arabia, a foreign state claiming immunity under the Foreign Sovereign Immunities Act, do not apply to third-parties like Mr. Alzamari, the Court need not consider the issue here because Plaintiffs agree that their questioning of Mr. Alzamari will address the people, interactions, locations, and events relevant to the jurisdictional inquiry discussed in pages 19-23 of the Court's March 28, 2018 decision. As in most discovery depositions, the PECs also anticipate questions may be addressed to probe the witness on issues of bias and other areas to understand the witness's potential background, as is commonplace.

May 3, 2019
Page 5

around April 5, 2019 that they would seek judicial intervention if her client continued to decline to provide a deposition date. Maloney Supp. Decl., ¶ 6. The motion to compel was not filed until three weeks later, after several additional unsuccessful efforts to obtain a date certain for the deposition and after Ms. Moore failed to respond to email and voicemail messages. Maloney Supp. Decl., ¶ 6. Even then, Plaintiffs gave Ms. Moore an opportunity to provide a date for Mr. Alzamari's deposition, and offered to delay filing the motion to compel until the end of the day on April 25, 2019 – yet she refused to provide a date, and stated for the first time that she thought a deposition would serve no purpose other than to "harass" Mr. Alzamari. Maloney Supp. Decl., ¶ 7.

*Fourth*, neither Mr. Alzamari nor his counsel ever expressed any concern about a public filing concerning Mr. Alzamari. To the extent that Mr. Alzamari or his counsel were concerned about the filing of a motion publicly identifying Mr. Alzamari, despite the advance notice Plaintiffs offered regarding the filing (including written communications on the day of filing), neither Mr. Alzamari nor his counsel ever proposed that moving papers be submitted under seal, undermining any argument that the motion "needlessly publicized" Mr. Alzamari's identity and was intended to harass him. Moore Letter-Opposition, p. 2. Moreover, this Court's rules do not permit a filing under seal absent a court order, and a non-confidential notice of Mr. Alzamari's deposition had already been served last September on Saudi Arabia and other defendants.

*Fifth*, while Ms. Moore states that Plaintiffs were on notice of immigration proceedings concerning Mr. Alzamari's wife, no documentation or proof of such proceedings have ever been provided. Nevertheless, Plaintiffs did voluntarily postpone the deposition at Mr. Alzamari's request, premised on his representations that those proceedings exist. But the immigration matter was never subsequently raised by Morgan Lewis after that firm was retained, and no corroboration of an immigration matter has even been furnished. Maloney Supp. Decl., ¶ 3.

## CONCLUSION

Mr. Alzamari's attorneys have confirmed what the Plaintiffs had come to learn only after seven months of avoidance tactics – the witness, who has personal knowledge concerning the two 9/11 hijackers and Fahad al Thumairy, will not comply with the deposition subpoena properly served on him more than seven months ago. It is therefore necessary for this Court to compel Akram Mohamed Alzamari to comply with the previously-served subpoena and appear for his deposition in San Diego, California on May 30, 2019 at 10:00am, or such other location and date as ordered by this Court, and for such other relief as this Court deems appropriate.

May 3, 2019
Page 6

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
    STEVEN R. POUNIAN
    ANDREW J. MALONEY
    MEGAN BENETT
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

    *For the Plaintiffs' Exec. Committees*

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
    ROBERT T. HAEFELE
    MOTLEY RICE LLC
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465
    Tel.: (843) 216-9184
    Email: rhaefele@motleyrice.com

    *For the Plaintiffs' Exec. Committees*

COZEN O'CONNOR

By: /s/ Sean P. Carter
    SEAN P. CARTER
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pennsylvania 19103
    Tel.: (215) 665-2105
    Email: scarter@cozen.com

    *For the Plaintiffs' Exec. Committees*

cc:    The Honorable George B. Daniels (By Hand)
        All Counsel of Record via ECF

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |
|---|---|
| | ECF Case |

This document relates to: *All Cases*

### SUPPLEMENTAL DECLARATION OF ANDREW J. MALONEY, ESQ.

Andrew J. Maloney, Esq., hereby declares under penalty of perjury that:

1.     I submit this declaration to rebut some of the inaccurate description of facts sworn to in John M. Maloy, Esq.'s Declaration and Ms. Moore's letter of opposition to Plaintiff's Motion to Compel the deposition of Akram M. Alzamari.

2.     During his communications with me to re-schedule his deposition, it was Mr. Alzamari who offered to meet with me in person for an interview, despite having previously advised our investigators months earlier, that he would only answer questions if compelled by a subpoena.  At no time did I rescind the subpoena or promise to forgo a deposition.  Ms. Moore later rescinded Mr. Alzamari's offer of a meeting.

3.     Mr. Alzamari had previously requested and received a postponement of his deposition date because of his statements to me about immigration proceedings concerning his wife.  After Morgan Lewis was retained, they never raised the immigration matter as an issue with me, and Plaintiffs never received any documentation or proof from Mr. Alzamari or his counsel of any immigration proceedings.

4.     At the initial in-person meeting with Ms. Moore and Mr. Maloy, it was Ms. Moore who asked to see the FBI interview 302 statements. I assumed it was because she wanted to know the content of those statements before Mr. Alzamari testified. I advised her that consent from the

DOJ was required. I was able to later obtain that consent and provided Ms. Moore and Mr. Maloy with the statements.

5.      It was *Ms. Moore* who proposed that her client execute a declaration rather than be deposed. At no time did I or anyone else from the Plaintiffs' agree to waive a deposition and proceed in this manner. Indeed, that would not be practical without interviewing Mr. Alzamari, and would deprive us and defense counsel from their right to cross examine the witness. Mr. Maloy's statement at paragraph 14 that on March 18, 2019 that I said "a declaration may be good enough" is not accurate.  It was the opposite, I said that a declaration would *not* be good enough. This is further reflected in our email exchanges that same day (Maloy Ex. 6) with the following:

> [Sent by Andrew J. Maloney March 18, 2019 at 4:10pm]
>
> **"Hi Kelly,**
> **As you know, Mr. Al Zamari is still under subpoena and we delayed his deposition at his request, in part to obtain counsel.  Now that you are retained and acting on his behalf and based on our conversation earlier today, we would like you to provide us with some available dates for his video-taped deposition in either San Diego or NY in mid to late April.  Please let us know his preferred location.**
>
> **Please advise at you earliest convenience."**
>
> Regards,
> Duke
> Andrew J. Maloney
>
>
> [Response from Kelly A. Moore at 4:21pm]
>
> **"New York. I will check on dates and get back to you."**

All of the emails referenced in this declaration are presented in Exhibit A, attached.

6.      Neither Ms. Moore nor Mr. Maloy objected to the request to take his deposition by videotape during the March 18 exchanges, nor at any time until their recent letter to the Court. Further, while I described some of the events in Los Angeles and San Diego in the year 2000,

2

some of which her client is believed to have witnessed, I never proposed asking him about post-9/11 events, as Ms. Moore implies at p. 4 of her letter.  Based on the above email exchange, Plaintiffs were led to believe that all that remained open was to determine a mutually convenient time for the deposition.

[Sent by Andrew J. Maloney to Kelly Moore, March 21, 2019 at 1:28p]

**"Any dates?"**


[Reply by Kelly A. Moore, March 21 at 2:00]

**"Not Yet"**


[Sent by Andrew J. Maloney to Kelly Moore, March 25, 2019 at 10:17a]

**"Hi Kelly, it has been a week since we spoke about you proposing some dates for us to depose Akram in NY. We have to provide sufficient notice to others, and preferably have 2-3 dates to choose from.  Please advise asap."**

Regards,

Duke

Andrew J. Maloney


[Reply by Kelly A. Moore March 25, 2019 at 10:24p]

**"I am planning on meeting with him later this week and hope to discuss it with him then.  I will let you know as soon as I know."**

Kelly A. Moore


[Sent by Kelly A. Moore, March 27, 2019 at 11:22p]


**Duke - Akram had to cancel his meeting with me this week because he is sick.  It sounds like he is very sick and I am not sure when exactly he and I**

3

**will be able to meet. I don't think I can realistically give you solid deposition date proposals until I spend time with him in person going over the 302's and all other concerns and issues with the deposition. I will let you know as soon as I can."**

Kelly A. Moore

[Reply by Andrew J. Maloney, March 28, 2019 at 5:02p]

**".... this is now a priority for us, and I hope it is for you as well. I will call you on Monday and hope to get an update with some real dates to calendar."**

Regards,

Duke

On April 5, I spoke to Ms. Moore and advised that if we did not get a date from her we would be forced to move to compel and Akram could be held in contempt. She became very aggressive and combative and stated **"go ahead, you will not get his deposition any sooner."**

I waited until April 12 at the end of the day of her planned meeting with her client on April 12 and left a message asking for a deposition date. There was no response. I waited until the following week and emailed her again.

[Sent by Andrew J. Maloney, April 18, 2019 at 7:59a]

**Kelly,**

**"Did you meet with Akram last week?**

**Do you have some dates for his deposition?"**

Regards,

Duke

7.      Having received no response, on April 25, in a final effort to obtain a deposition date, I sent her an email (Exh. A) to let her know we were filing the motion to compel later that day unless we had a date to depose her client.  She responded by essentially telling me that she was not going to allow her client to sit for a deposition by stating **"I don't think a deposition would serve any purpose other than to harass him."**   This was the first time that Ms. Moore or her client ever suggested that Mr. Alzamari would not agree to submit to an oral deposition. At no time did she request that his name be redacted nor that the motion be filed under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: May 3, 2019
          New York, NY

Andrew J. Maloney (AM8684)
PEC Co-Liaison Counsel
Death and Injury Cases

5

# EXHIBIT A

# Andrew J. Maloney

**From:** Andrew J. Maloney
**Sent:** Thursday, March 21, 2019 1:28 PM
**To:** kelly.moore@morganlewis.com
**Subject:** Akram

Any dates?

Sent from my iPhone

1

# Andrew J. Maloney

| | |
|---|---|
| **From:** | Moore, Kelly A. <kelly.moore@morganlewis.com> |
| **Sent:** | Thursday, March 21, 2019 2:00 PM |
| **To:** | Andrew J. Maloney |
| **Subject:** | RE: Akram |

Not yet.

Kelly A. Moore

Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com

**From:** Andrew J. Maloney <AMaloney@kreindler.com>
**Date:** Thursday, Mar 21, 2019, 1:28 PM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Subject:** Akram

[EXTERNAL EMAIL]
Any dates?

Sent from my iPhone

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**DISCLAIMER**
This e-mail message is intended only for the personal use

1

# Andrew J. Maloney

**From:** Andrew J. Maloney
**Sent:** Monday, March 25, 2019 10:17 AM
**To:** 'Moore, Kelly A.'
**Subject:** Akram

Hi Kelly,

It's been a week since we spoke about you proposing some dates for us to depose Akram in NY. We have to provide sufficient notice to others, and preferably have 2-3 dates to choose from. Please advise asap.

Regards,
Duke

**Andrew J. Maloney**
Partner

◇〉 **KREINDLER & KREINDLER** LLP       Kreindler & Kreindler LLP
────────────────────────       750 Third Avenue          T: 212.973.3438   ·   E-mail: amaloney@kreindler.com
TRADITION OF EXCELLENCE        New York, NY 10017-2703    F: 212.972.9432   ·   Web:    www.kreindler.com

♲ Please consider the environment before printing this e-mail.

1

**Andrew J. Maloney**

| | |
|---|---|
| **From:** | Moore, Kelly A. <kelly.moore@morganlewis.com> |
| **Sent:** | Monday, March 25, 2019 10:24 AM |
| **To:** | Andrew J. Maloney |
| **Subject:** | RE: Akram |
| **Attachments:** | mg_info.txt |

I am planning on meeting with him later this week and hope to discuss it with him then. I will let you know as soon as I know.

Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com

**From:** Andrew J. Maloney <AMaloney@kreindler.com>
**Date:** Monday, Mar 25, 2019, 7:17 AM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Subject:** Akram

[EXTERNAL EMAIL]
Hi Kelly,

It's been a week since we spoke about you proposing some dates for us to depose Akram in NY. We have to provide sufficient notice to others, and preferably have 2-3 dates to choose from. Please advise asap.

Regards,
Duke

**Andrew J. Maloney**
Partner

◇ KREINDLER & KREINDLER LLP        Kreindler & Kreindler LLP
   TRADITION OF EXCELLENCE          750 Third Avenue          T: 212.973.3438    ·    E-mail: amaloney@kreindler.com
                                    New York, NY 10017-2703   F: 212.972.9432    ·    Web:    www.kreindler.com

℗ Please consider the environment before printing this e-mail.

1

**Andrew J. Maloney**

| | |
|---|---|
| **From:** | Moore, Kelly A. <kelly.moore@morganlewis.com> |
| **Sent:** | Wednesday, March 27, 2019 11:22 PM |
| **To:** | Andrew J. Maloney |
| **Cc:** | Andrew J. Maloney; Maloy, John M. |
| **Subject:** | RE: Akram |
| **Attachments:** | mg_info.txt |

Duke - Akram had to cancel his meeting with me this week because he is sick.  It sounds like he is very sick and I am not sure when exactly he and I will be able to meet.  I don't think I can realistically give you solid deposition date proposals until I spend time with him in person going over the 302's and all other concerns and issues with the deposition. I will let you know as soon as I can.

Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekcs@morganlewis.com

**From:** Andrew J. Maloney <AMaloney@kreindler.com>
**Date:** Monday, Mar 25, 2019, 7:17 AM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Subject:** Akram

[EXTERNAL EMAIL]
Hi Kelly,

It's been a week since we spoke about you proposing some dates for us to depose Akram in NY. We have to provide sufficient notice to others, and preferably have 2-3 dates to choose from.  Please advise asap.

Regards,
Duke

**Andrew J. Maloney**
Partner

◇〉 **KREINDLER & KREINDLER** LLP     Kreindler & Kreindler LLP        T: 212.973.3438    ·    E-mail:  amaloney@kreindler.com
    TRADITION OF EXCELLENCE         750 Third Avenue                F: 212.972.9432    ·    Web:     www.kreindler.com
                                    New York, NY 10017-2703

**Andrew J. Maloney**

**From:**      Andrew J. Maloney
**Sent:**      Thursday, March 28, 2019 5:02 PM
**To:**        'Moore, Kelly A.'
**Cc:**        Maloy, John M.
**Subject:**   RE: Akram

Kelly, I am sorry to hear Akram is sick. What does he have? I hope he feels better soon.

I must re-emphasize that we are running out of time. We have been very patient and accommodating to him. We started this process last August and he next claimed he would speak, but only if compelled to. Accordingly, we served him with a subpoena and he asked on several occasions to adjourn the date because he wanted to (1) find a lawyer and (2) get his wife and daughter out of Saudi Arabia. During the adjournments he agreed to meet with us before any deposition to discuss things. Once you came on board, that changed – a change we view as a mistake for him and the party that hired you. Nonetheless, it is his right to decline a meeting, but not to unilaterally adjourn the subpoenaed deposition. The 9/11 families have rights too.

His testimony is an important predicate to have before we move on to certain other witnesses. We can keep his deposition under seal with the protective order that is in place, but there will come a time when we will no longer have flexibility on how we handle this. I have serious concerns that because he is in California and you are NY and need to find time for a face to face meeting to go over his 302s, there are built in additional delays still to come. I know how busy you are with the opioid cases and other firm matters, but this is now a priority for us, and I hope it is for you as well. I will call you on Monday and hope to get an update with some real dates to calendar.

Regards,

Duke

**From:** Moore, Kelly A. [mailto:kelly.moore@morganlewis.com]
**Sent:** Wednesday, March 27, 2019 11:22 PM
**To:** Andrew J. Maloney <AMaloney@kreindler.com>
**Cc:** Andrew J. Maloney <AMaloney@kreindler.com>; Maloy, John M. <john.maloy@morganlewis.com>
**Subject:** RE: Akram

Duke - Akram had to cancel his meeting with me this week because he is sick. It sounds like he is very sick and I am not sure when exactly he and I will be able to meet. I don't think I can realistically give you solid deposition date proposals until I spend time with him in person going over the 302's and all other concerns and issues with the deposition. I will let you know as soon as I can.

1

Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com

**From:** Andrew J. Maloney <AMaloney@kreindler.com>
**Date:** Monday, Mar 25, 2019, 7:17 AM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Subject:** Akram

[EXTERNAL EMAIL]
Hi Kelly,

It's been a week since we spoke about you proposing some dates for us to depose Akram in NY. We have to provide sufficient notice to others, and preferably have 2-3 dates to choose from. Please advise asap.

Regards,
Duke

**Andrew J. Maloney**
Partner

◇ KREINDLER & KREINDLER LLP
TRADITION OF EXCELLENCE

Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017-2703

· **T:** 212.973.3438
· **F:** 212.972.9432

· **E-mail:** amaloney@kreindler.com
· **Web:** www.kreindler.com

🌿 Please consider the environment before printing this e-mail.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here

**Andrew J. Maloney**

**From:** Andrew J. Maloney
**Sent:** Thursday, April 18, 2019 7:59 AM
**To:** kelly.moore@morganlewis.com
**Subject:** Akram

Kelly,

Did you meet with Akram last week?
Do you have some dates for his deposition?

Regards,
Duke

Sent from my iPhone

1

# Andrew J. Maloney

**From:** Andrew J. Maloney
**Sent:** Thursday, April 25, 2019 10:39 AM
**To:** 'Moore, Kelly A.'
**Cc:** Maloy, John M.; Megan Benett
**Subject:** Akram Alzamari

Dear Kelly,

As you know, we have made several attempts to schedule the deposition of your client Akram Alzamari, who was subpoenaed on September 27, 2018. In your last communication with me on April 5, 2019, you indicated that you would be meeting with Akram on Friday April 12, after which you would propose a date for his deposition.

I left you a voice mail message late afternoon on April 12 in order to receive the date. That message went un-returned.
I next sent you an email asking for same on Thurs. April 18. That email went un-returned.

It is now April 25 and as I previously indicated, Plaintiffs were prepared to file a motion to compel.
Despite the fact that Plaintiffs have already made every effort to resolve this matter without involving the Court, I am writing to offer you one final chance. We will file our motion with the Court at 4pm NY time today - unless you provide us by return email or letter in writing with a date and place certain for Mr. Alzamari's deposition. We need at least two weeks advance notice of any date in order to serve & provide notice to counsel in our MDL litigation.

I hope to hear from you before 4:00.

Regards,
Duke

**Andrew J. Maloney**
Partner

◇ **KREINDLER & KREINDLER** LLP
TRADITION OF EXCELLENCE

Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017-2703

T: 212.973.3438   ·   E-mail:  amaloney@kreindler.com
F: 212.972.9432        Web:      www.kreindler.com

♲ Please consider the environment before printing this e-mail.

1

**Andrew J. Maloney**

| | |
|---|---|
| **From:** | Moore, Kelly A. <kelly.moore@morganlewis.com> |
| **Sent:** | Thursday, April 25, 2019 12:39 PM |
| **To:** | Andrew J. Maloney |
| **Cc:** | Maloy, John M.; Megan Benett |
| **Subject:** | RE: Akram Alzamari |

Duke - I am in depositions the next couple of days but can speak on Monday if you would like. As you know from the 302's, given my client's lack of knowledge on the topic on which you are seeking discovery at this point in the case, I don't think a deposition would serve any purpose other than to harass him.

Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: +1.212.309.6612 | Main: +1.212.309.6000 | Fax: +1.212.309.6001
kelly.moore@morganlewis.com | www.morganlewis.com
Assistant: Donna C. Weekes | +1.212.309.7172 | donna.weekes@morganlewis.com

**From:** Andrew J. Maloney <AMaloney@kreindler.com>
**Date:** Thursday, Apr 25, 2019, 11:05 AM
**To:** Moore, Kelly A. <kelly.moore@morganlewis.com>
**Cc:** Maloy, John M. <john.maloy@morganlewis.com>, Megan Benett <Mbenett@kreindler.com>
**Subject:** RE: Akram Alzamari

[EXTERNAL EMAIL]
The one you are referring to clearly had a typo, as was explained to him at the time. He was later re-served on Sept. 27 with the attached.

**From:** Moore, Kelly A. [mailto:kelly.moore@morganlewis.com]
**Sent:** Thursday, April 25, 2019 10:53 AM
**To:** Andrew J. Maloney <AMaloney@kreindler.com>
**Cc:** Maloy, John M. <john.maloy@morganlewis.com>; Megan Benett <Mbenett@kreindler.com>
**Subject:** RE: Akram Alzamari

Can you please send me a copy of the subpoena with respect to which you intend to seek to motion to compel?  The only subpoena I am aware of is invalid on its face (dated 2018 and requesting testimony 2 years earlier in 2016).

1