# MARTIN F. MCMAHON & ASSOCIATES, PLLC

1717 K STREET N.W. - SUITE 900
WASHINGTON, D.C. 20006

mm@martinmcmahonlaw.com
www.martinmcmahonlaw.com

| | | |
|---|---|---|
| MARTIN F. MCMAHON<br>Managing Partner<br>Admitted in District of Columbia, New York and<br>U.S. District Court of Maryland | Established 1978 | RICHARD SANDZA, J.D.<br>Law Clerk |
| MICHAEL GOLDSTEIN<br>Litigation Associate<br>Admitted in Virginia and<br>District of Columbia | TELEPHONE (202) 862-4343<br>FACSIMILE (202) 776-0136 | |

May 23, 2019

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**VIA ECF**

Re:    *In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)*

Dear Judge Netburn:

This letter is in response to the PEC's May 17, 2019, letter submitted in response to this Court's, Order at ECF No. 4464.

In compliance with that Order, Attorney Haefele reached out to Undersigned Counsel about discussing each parties' obligations pursuant to that Order on or around April 15. At that time, Undersigned Counsel immediately reached out to his client, Mr. Wa'el Jelaidan, through his counsel in the Kingdom, Bassim Alim, to discuss the Court's Order and to seek their guidance on what he should tell the PEC. There is some good news fortunately, i.e., Attorney Alim got back to Undersigned Counsel promptly.

After hearing back from Attorney Alim, Undersigned Counsel informed Attorney Haefele and the PEC on April 16 essentially that, as the PEC correctly points out in their May 17 letter, Mr. Jelaidan asked to be deposed in Saudi Arabia and asked that his deposition be taken toward the end of this year or even early next year, *inter alia*. His rationale was that Ramadan and the Hajj are close together this year, and because he is a devout practicing Muslim that will cause scheduling issues. Undersigned Counsel knew that the PEC would undoubtedly express concerns about that schedule, but relayed Mr. Jelaidan's attorney's thoughts to keep the PEC informed.

Later that afternoon, as was totally anticipated, Attorney Haefele sent a chastising response reminding Undersigned Counsel about this Court's deposition protocols and informing him that this Court would likely not agree to an extension of December in which to conduct his deposition.

He also asked Undersigned Counsel to relay his and the PEC's concerns to Attorney Alim and Jelaidan.

Shortly after he received that email, Undersigned Counsel again reached out to Attorney Alim relaying the PEC's concerns and received a response. On April 22, Undersigned Counsel sent Attorney Haefele and the PEC another email with Attorney Alim and Mr. Jelaidan's response. In that email, Counsel informed them that Mr. Jelaidan has once again claimed an inability to pay for flights and hotels outside of the Kingdom, and that Undersigned Counsel had no role in informing Attorney Alim and Mr. Jelaidan that they should try to make things difficult for the PEC by only agreeing to a deposition in the Kingdom.

Hence, your Honor, it appears that once again we are in a situation where the PEC, and specifically Attorney Haefele, feels that Undersigned Counsel is responsible for the fact that his client has placed restrictions in terms of a deposition schedule. In reality, this is just another example where Mr. Jelaidan has communicated his inability to travel outside of the Kingdom and his inability to pay expenses, such as flights and hotels, since he is broke. Yet, Attorney Haefele continues to completely ignore that fact, and assumes that Mr. Jelaidan has sufficient funds to spend on hotels and airfare solely based on his assumption that since he is a named Defendant in this litigation, he must be very wealthy. However, as Undersigned Counsel has expressed numerous times, Mr. Jelaidan is not only not wealthy, nor has he ever been, he and his family are also virtually destitute.

For some reason, though, Attorney Haefele has conveniently assumed once again that Undersigned Counsel is complicit in Jelaidan's refusal to leave Saudi Arabia to be deposed by the 9/11 lawyers. Nothing could be further from the truth. Since Undersigned Counsel has already explained the role he has played herein in previous communications with this Court, he is not going to discuss again how he has not frustrated discovery objectives and how he has in good faith tried to keep an ongoing dialogue with Mr. Jelaidan's counsel.

Undersigned Counsel has been a litigator for nearly 40 years. Over that period there have been numerous occasions where clients simply refuse to comply with court orders. As seasoned litigators, Attorney Haefele and members of the PEC have undoubtedly been in this situation as well and know the frustration it causes. This is especially the case when a party lives overseas and has no real grasp of the U.S. court system.

Also, at this stage, and after all of the time wasting this Court's judicial resources that has occurred the last few years over Jelaidan's noncompliance, Undersigned Counsel, on behalf of Wa'el Jelaidan, would simply ask this Court to issue an order that Jelaidan can practically comply with, i.e., for the PEC's to take Jelaidan's deposition in Saudi Arabia whether by Skype or in person. This is because it is truly unbelievable that the PEC is still, after 15 years in this litigation, trying to argue that Mr. Jelaidan should be sanctioned for non-compliance with this Court's orders. It is important to reiterate that his non-compliance stems from the fact that he is a devout Muslim and takes his responsibility seriously when it comes to the Ramadan and the Hajj. Hence, he views his religious obligations as paramount, which obviously is not ideal when dealing with a lawsuit in the U.S.

Moreover, as Attorney Haefele admitted during the hearing held in front of your Honor on October 12, 2018, the parties could consent to a location outside of the four presumptively valid locations. Hence, nothing is stopping him nor the PEC from conducting Mr. Jelaidan's deposition in Saudi Arabia. On that point, this Court has not received an affidavit from Attorney Haefele discussing why he is terrified of visiting the Kingdom – something lots of U.S. lawyers have done in the past. Therefore, Attorney Haefele and the PEC could save this Court a lot of time and simply consent to taking Mr. Jelaidan's deposition in Saudi Arabia.

Lastly, since this Court issued an Order yesterday at ECF No. 4532 which ordered depositions to essentially conclude by July 31, 2019, Undersigned Counsel would simply ask that if the Court finds that the deposition of Mr. Jelaidan has to be taken by then, that the deposition occur as far as possible in time from both Ramadan and the Hajj to allow Mr. Jelaidan to fulfill his religious obligations.

Respectfully,


/s   *Martin McMahon*
Martin F. McMahon, esq.
Martin F. McMahon & Associates, PLLC
1717 K Street, NW, Ste. 900
Washington, DC 20006
mm@martinmcmahonlaw.com
Office #: (202) 862 - 4343