# Morgan Lewis

**Kelly A. Moore**
Partner
+1.212.309.6612
kelly.moore@morganlewis.com

May 24, 2019

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)

**LETTER MOTION IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Dear Judge Netburn:

Non-party Akram Mohamed Alzamari, by and through his undersigned attorneys, submits this letter in opposition to Plaintiffs' Motion for Reconsideration, served on May 21, 2019.  For the reasons described below, Plaintiffs' motion should be denied.

### I.   Legal Standard

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005).  "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 628 F. App'x 793, 796 (2d Cir. 2015) (citation omitted).  As the Second Circuit has stressed, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (citation omitted).

### II.   Plaintiffs' Motion for Reconsideration Lacks Merit

Plaintiffs' Motion for Reconsideration does not meet the exacting legal standard for reconsideration and should be denied.

Plaintiffs have not—and cannot—point to any law or fact that the Court overlooked in its May 15, 2019 Order (ECF No. 4522).  Plaintiffs suggest that the "sole procedures" for taking pretrial testimony of a non-party witness "are by oral deposition pursuant to Rule 30 or by written

The Honorable Sarah Netburn
May 24, 2019
Page 2

questions in accordance with Rule 31." That is not correct. Under Rule 26(c), the Court has broad discretion to "protect a party," including "forbidding the disclosure or discovery" entirely, "prescribing a discovery method other than the one selected by the party seeking discovery," and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (C), (D); see *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, 2019 WL 1895578, at *5 (D. Or. Apr. 29, 2019) (granting motion to modify deposition subpoena and ordering that party seeking deposition submit written interrogatories to nonparty witness in the first instance); see also *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."); *Brown v. Pritchard*, 2011 WL 2533011, at *4 (W.D.N.Y. 2011) (granting defendants' protective order and prescribing pursuant to Rule 26(c)(1)(C) a different method of discovery than that requested by plaintiff).

Plaintiffs' arguments regarding the admissibility of a declaration and responses to written questions at a future hearing or trial are not relevant at this stage of the litigation. The parties are engaged in limited jurisdictional discovery, and the method of discovery ordered by the Court fully satisfies Plaintiffs' current need: to respond to a motion to dismiss by defendants regarding jurisdiction. To the extent that Mr. Alzamari has any knowledge of facts that could be relevant to the jurisdictional issue, a declaration and interrogatory responses are sufficient. See *Park West Galleries, Inc. v. Franks*, 2012 WL 2367040, at *7-8 (S.D.N.Y. June 20, 2012) (relying on two declarations from plaintiffs in denying defendant's motion to dismiss on personal jurisdiction grounds); *Gosain v. State Bank of India*, 689 F. Supp. 2d 571, 582 (S.D.N.Y. 2010) *vacated in part on other grounds* 414 Fed. Appx. 311 (2d Cir. 2011) ("[I]t is proper for a court to rely on affidavits to establish jurisdictional facts"). Although Plaintiffs claim that Mr. Alzamari will be unavailable for future proceedings, they offer absolutely no facts or bases to support that assertion. Mr. Alzamari is a United States citizen who lives in the United States and is a young man in good health. If Plaintiffs' claims survive a motion to dismiss, there will be future opportunities for them to seek a Rule 31 deposition that would be admissible at trial.

For these reasons, we respectfully request that the Court deny Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

_____
KELLY A. MOORE
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
T: 212-309-6612
F: 212-309-6001
kelly.moore@morganlewis.com

Cc:    All Counsel of Record (via ECF)