UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/2019

**SARAH NETBURN, United States Magistrate Judge:**

    The Plaintiffs' Executive Committees ("Plaintiffs") move for reconsideration of the Court's May 15, 2019 Order (the "May 15 Order"). Plaintiffs' request is GRANTED in part and DENIED in part.

## DISCUSSION

    On April 25, 2019, Plaintiffs filed a motion for an order to compel non-party Akram Alzamari to appear at a deposition. ECF No. 4496. Alzamari moved for a protective order limiting his deposition to written questions confined to the scope of jurisdictional discovery currently permitted in this case. Plaintiffs opposed Alzamari's request, arguing, among other things, that written questions would not allow the parties to pose follow-up questions to the witness. ECF No. 4528, at 3.

    In part to address Plaintiffs' concern, the Court exercised its discretion under Rule 26(c) to "prescrib[e] a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(c). Specifically, the Court directed Alzamari to provide Plaintiffs with a sworn declaration containing all knowledge that he has regarding whether and to what extent Fahad al Thumairy, Omar al Bayoumi, and/or their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Nawaf al Hazmi, Khalid al Mihdhar, and

other 9/11 hijackers. ECF No. 4522, at 1. After receiving Alzamari's declaration, both Plaintiffs and Defendants were permitted to serve follow-up questions by written interrogatories. Id. at 2. Alzamari would provide sworn written answers to the parties' interrogatories within 21 days. Id.

Plaintiffs have raised concerns regarding the potential admissibility of Alzamari's written answers in a future trial or hearing. Accordingly, to prevent a manifest injustice, the May 15 Order is VACATED. Plaintiffs may conduct a deposition of Alzamari by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure, subject to the following limitations: (1) the scope of the deposition shall be limited to the three topics identified on pages four and five of Plaintiffs' reconsideration motion;[1] (2) the parties and Alzamari shall exchange questions in the order and timeframe contemplated by Rule 31(a)(5); (3) Alzamari can object, in advance, to the questions on privilege, scope, or other permissible grounds, subject to Rule 32(d); and (4) the deposition shall be videotaped and recorded by a stenographer. For the avoidance of doubt, any answer provided pursuant to Rule 31 will be inadmissible in the same manner as testimony provided under Rule 30.

Plaintiffs may file a copy of their motion on the public docket, although portions subject to the FBI Protective Order must be redacted.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 29, 2019
         New York, New York

---

[1] The Court understands that this information may be subject to the FBI Protective Order and therefore does not restate the topics here.