LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 801
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

June 5, 2019

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

### RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570

Dear Judge Netburn:

Pursuant to Fed. R. Civ. P. 26(c) and Section 40 of the Deposition Protocol Order (Doc. No. 3894) (the "**Protocol**"), Defendants World Assembly of Muslim Youth-International and World Assembly of Muslim Youth-SA (collectively as "**WAMY**") respectfully submit this letter motion seeking a protective order limiting the scope of Plaintiffs' May 22, 2019 Rule 30(b)(6) notice (the "**Notice**"). In a good faith effort to resolve the discovery dispute, WAMY has agreed to designate witnesses to address a number of the varied topics Plaintiffs include in the Notice. However, WAMY maintains its objections to specific portions of the Notice which are overly broad, unduly burdensome, constitute improper contention depositions, seek discovery that is not relevant to remaining claims, and improperly seek testimony protected by attorney client privilege and work product doctrine.

### BACKGROUND

On April 10, 2019, Plaintiffs requested an adjournment of the April 1, 2019 fact discovery deadline to permit Plaintiffs to depose four (4) witnesses: Saleh al Wohaibi, Abdul Wahab Noorwali, Ibrahim Anwar, and Ibrahim Alshalan. **Exhibit 1**. On April 12, 2019, Plaintiffs confirmed that they were limiting their depositions to those four individuals. *Id*.

On April 17, 2019, WAMY advised Plaintiffs that it had just noticed that Plaintiffs were planning to depose Ibrahim Alshalan, WAMY's lawyer in Saudi Arabia, and objected to Plaintiff's request because WAMY's lawyer is not a fact witness. *Id*. In response, Plaintiffs asserted that Mr. Alshalan submitted a declaration concerning WAMY's production of bank records and stated that "Plaintiffs may be willing to accept a Rule 30(b)(6) witness that can provide ***testimony concerning banking records and other document issues***" (emphasis added). *Id*. Based on that representation, WAMY agreed to produce a Rule 30(b)(6) witness to provide such testimony. *Id*.

From April 26th through May 20, 2019, WAMY repeatedly asked Plaintiffs to provide the Rule 30(b)(6) notice so that WAMY could begin the

process of designating a witness(es) confirming travel availability and arrangements, and preparing for the 30(b)(6) deposition. On May 22, 2019, Plaintiffs finally furnished a Notice on May 22, 2019. To WAMY's surprise the noticed matters are well beyond the agreed upon scope of banking records and, over 30 topics (73 subtopics), cover WAMY's entire document production and the full gamut of the claims and theories Plaintiffs have made over the long history of this litigation. **Exhibit 2.** Not only does the Notice violate the agreement WAMY reached with plaintiffs to extend the deadline to complete fact witness depositions but it demands that WAMY produce witnesses to address matters that have already been rejected by the Court. **Exhibit 3**.

On May 24, 2019, WAMY sent a letter pursuant to Section 40 of the Protocol setting forth its objections and proposing a compromise in a good faith attempt to resolve this dispute. **Exhibit 4**. WAMY received no response. On June 3, 2019, WAMY followed up in a final attempt to resolve these issues without court intervention. **Exhibit 5**. Plaintiffs responded with a June 5, 2019 email stating that they were "not in a position to provide a simple counterproposal that would be likely to bridge the gap". **Exhibit 6**. WAMY now seeks a protective order from the Court limiting the scope of the 30(b)(6) matters so that WAMY can designate and prepare the necessary witnesses in a timely fashion.

## LEGAL ARGUMENT

The objected to matters in Plaintiffs' Notice fall into four categories: (1) claims rejected by this Court (the "**Rejected Claims**"); (2) the 2010 Canada Revenue Agency's ("**CRA**") audit; (3) contention depositions; and (4) fatally overbroad topics (collectively, the "**Disputed Matters**"). As detailed below, WAMY is entitled to a protective order striking the Disputed Topics from the Notice.

*First*, discovery should not be allowed where a disputed topic would only be relevant to a Rejected Claim. *City of N.Y. v. Fedex Ground Pkg. Sys., Inc.*, 2016 WL 1718261, *6 (S.D.N.Y. 2016) (precluding discovery on affirmative defenses that were previously stricken). Discovery concerning the following Rejected Claims should therefore be precluded. In violation thereof, topics 1, 2, 5(d), 5(e), and 7(h) concern WAMY's relationship with the Kingdom of Saudi Arabia. That relationship is not relevant to Plaintiffs' claims against WAMY. Rather, these topics are plainly directed at Plaintiffs' Rejected Claims that WAMY was an alter ego of the Kingdom. *In re Terrorist Attacks on September 11, 2001*, 03 MDL-1570 (S.D.N.Y. 29, 2015) (Doc. 3046) at *12. Additionally, in the Court's August 2019 Order, the Court determined that Topic 6(e) (which seeks testimony concerning the auditing of WAMY's branch offices) determined that WAMY was *not* obligated to produce such audit reports.

Topic 25 is directed at the SAAR Network's role in sponsoring al Qaeda. The Court dismissed Plaintiffs' claim against SAAR. *In re Terrorist Attacks on*

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

*September 11, 2001*, 740 F.Supp.2d 494, 523 (S.D.N.Y. 2010). As these topics are only directed to the Rejected Claims, discovery should be precluded.

<u>Second</u>, Topics 8(e), (f), (g), and 10(c), (d), (e) seek information concerning the CRA audit. However, the CRA audit was issued in 2010 -- outside the temporal scope of discovery -- and after WAMY Canada ceased operations. WAMY did not learn of the CRA investigation until its results were publicly posted. Thus, any testimony about these topics would involve privileged communications as well as attorney work product reflecting WAMY's counsel's impressions, opinions, and advice. *S.E.C. v. Rosenfeld*, 1997 WL 576021, *2-3 (S.D.N.Y. 1997).

<u>Third</u>, Topics 15-27 constitute contention depositions which improperly require WAMY to "collect and synthesize all the information in [its] possession; … then impart that body of knowledge to [the deponent] and…[have the deponent] feed it back to defendant[] in response to [its] deposition questions." *Liveperson, Inc. v. 24/7 Customer, Inc.*, 2015 WL 45997546, *7 (S.D.N.Y. 2015); *JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D 361, 362 (S.D.N.Y. 2002) ("Depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means"). Thus, requests for "all information" concerning Plaintiffs' "allegation that" WAMY supposedly engaged in wrongdoing is patently improper and should be stricken.

<u>Fourth</u>, Topics 13, 29, and 30 are fatally vague and overbroad and subject WAMY to "to an impossible task because, where it is not possible to identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Blackrock Allocation Target Shares v. Wells Fargo Bank, NA*, 2017 WL 3610511 *11 (S.D.N.Y. 2017) (citation omitted).

Plaintiffs should be held to their agreement to limit the scope of a 30(b)(6) deposition to "one (1) witness to testify on banking records and other document issues." **Exhibit 1.** .In the alternative, the Court should issue a protective order prohibiting plaintiffs from examining as to the Disputed Matters and limiting the matters for examination within the time permitted for only fact witnesses Plaintiffs designated who may testify on 30(b)(6) matters and one additional 30(b)(6) witness set forth in WAMY's May 24, 2019 objections and good faith offer of compromise. **Exhibit 3 at p.6. fn.1.**

Sincerely,

*/s/ Omar Mohammedi*

Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*

Frederick J. Goetz, Esq.

3