# Exhibit 3

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 X102
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

May 24, 2019

**VIA ELECTRONIC MAIL**
Sean Carter, Esq.
Scott Tarbutton, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
E-mail: SCarter1@cozen.com
         starbutton@cozen.com

**RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Sean and Scott:

WAMY generally objects to Plaintiffs' May 22, 2019 Rule 30(b)(6) Notice on the grounds that it is overly broad, unduly burdensome, constitutes improper contention discovery, seeks testimony that is not relevant to remaining claims, and improperly seeks testimony that is covered by attorney-client privilege. In addition the notice seeks legal theories and mental impression of legal counsel.

As detailed below, both the timing and scope of this notice appear to be designed to effectuate an improper end-run around the parties' agreement to extend the April 1, 2019 fact discovery deadline to July 31, 2019 for the purpose of letting Plaintiffs conduct the depositions of Saleh al Wohaibi, Abdul Wahab Noorwali, Ibrahim Anwar and a 30(b)(6) witness who can provide testimony concerning "banking records" and "document issues." The timing of the notice (26 days after the parties agreed on the 3 fact witnesses and the limited 30(b)(6) witness testimony) and the scope of the notice (30 topics/73 subtopics) is suspect and appears calculated as a basis for the PECs to seek a further extension of the Court's deadline for completion of the depositions of fact witnesses.

Given Judge Netburn's May 22, 2019 Order [Doc. 4532] stating that the July 31, 2019 deadline will not be adjourned, please advise, within 48 hours whether Plaintiffs will agree to narrow their notice to reflect the original topics Plaintiffs represented—banking records and document issues. Absent your agreement, we will be moving for an

appropriate protective order. However, as detailed below, in an effort to resolve this dispute without court litigation, WAMY will agree to designate representatives to address some of the specific areas of inquiry listed in your 30(b)(6) notice. This offer of compromise is contingent upon plaintiffs' withdrawing the objected to topics as specified below.

### I. Improper end-run around the parties' agreement

On April 10, 2019, Plaintiffs asked WAMY to consent to an adjournment of the April 1, 2019 fact discovery deadline to permit Plaintiffs to depose four (4) witnesses: Saleh al Wohaibi, Abdul Wahab Noorwali, Ibrahim Anwar, and Ibrahim Alshalan. WAMY also requested that the date and list of witnesses to be agreed on immediately following the execution of the extension agreement.

On April 11, 2019, WAMY indicated that it needed to address a few matters prior to granting consent including, as relevant here, Plaintiffs' confirmation that they were limiting their depositions to the four individuals identified in their 4/10 email.

On April 12, 2019, Plaintiffs confirmed they were limiting the depositions to Saleh al Wohaibi, Abdul Wahab Noorwali, Ibrahim Anwar, and Ibrahim Alshalan.

On April 17, 2019, WAMY advised Plaintiffs that it had just noticed that Plaintiffs were planning to depose Ibrahim Alshalan, WAMY's lawyer in Saudi Arabia, and objected to Plaintiff's request because WAMY's lawyer is not a fact witness.

In response, Plaintiffs asserted that Mr. Alshalan submitted a declaration re: WAMY's production of bank records and reserved their right to depose him on those issues. "However, Plaintiffs may be willing to accept a <u>Rule 30(b)(6) witness that can provide testimony concerning banking records and other document issues</u>." (emphasis added) Based on that representation, WAMY agreed to produce a Rule 30(b)(6) witness to provide such testimony.

From April 26th through May 22, WAMY repeatedly requested that Plaintiffs furnish the Rule 30(b)(6) notice so that WAMY could address planning and scheduling issues associated with witness travel, including visa issues.

Finally, on May 22, 2019, almost one month later, Plaintiffs furnished a Rule 30(b)(6) notice the scope of which was astoundingly and unreasonably broad, incredibly burdensome, and far outside the agreed upon scope for the Rule 30(b)(6) deposition. The Rule 30(b)(6) notice seeks to accomplish an end-run around the parties' agreement to extend the discovery deadline to July 31, 2019 for the purpose of conducting 4 depositions—3 fact witnesses and, in the place of WAMY's lawyer in Saudi Arabia, a Rule 30(b)(6) witness that "can provide testimony concerning banking records and other

document issues." Instead, Plaintiffs served WAMY with a Rule 30(b)(6) notice which seeks testimony on vast, open-ended topics that cover the entire spectrum of WAMY's document productions as well as the full gamut of the claims plaintiffs have made over the long-history of this litigation; many of which have already been rejected by the Court. Preparing multiple witnesses to address those 30 general topics (73 total topics including subparts) will require vastly more time than preparing a witness to testify about the agreed-upon subjects—banking records and document issues. The requests are improper, unduly burdensome and intended to harass WAMY.

## II.     Time Constraints

WAMY has been diligently working with Plaintiffs to produce fact witnesses and one 30(b)(6) witness (on the limited topic of banking records and document production issues) for their depositions by the July 31, 2019 deadline. However, Plaintiffs' May 22, 2019 Rule 30(b)(6) notice bears no relation to the agreement reached by the parties in early April and will require, among other things, coordinating with and preparing an additional five to seven witnesses in order to address the 73 total topics noticed by the Plaintiffs. With deposition dates scheduled for July, it is not feasible to more than double the scope of WAMY's preparations at this late date. The notice is especially egregious insofar as WAMY had been asking for Plaintiffs to furnish it since April 26, 2019.

## III     Subject matter Topic-Specific Objections

WAMY objects to the following improper topics:

- Topics 1, 2, 5(d), 5(e), and 7(h) – which concern the relationship between WAMY and the Kingdom of Saudi Arabia – are not relevant to Plaintiffs' claims against WAMY. Rather, these topics are plainly directed at Plaintiffs' claims that WAMY was an alter ego of the Kingdom of Saudi Arabia—claims that the Court has already rejected and therefore are not a proper target of discovery. *In re Terrorist Attacks on September 11, 2001*, 03 MDL-1570 (S.D.N.Y. Sept. 29, 2015) (Doc. 3046). Where the Court struck a claim and the disputed topic would only be relevant to that claim, discovery should not be allowed. *City of NY v. Fedex Ground Pkg. Sys., Inc.*, 2016 WL 1718261, *6 (S.D.N.Y. 2016) (precluding discovery on affirmative defenses that were previously stricken).
- Topic 6.e. seeks "Information concerning the relationship between WAMY and its branch offices (both within the Kingdom and abroad) including but not limited to…auditing of the WAMY branches by internal WAMY auditors and accountants, and external auditors and accountants." However, the Court's January 15, 2019 Order [Doc. 4350] determined that WAMY was not obligated to produce such branch office audit reports.

3

Accordingly, testimony regarding such audits is irrelevant and should not be allowed. *Fedex*, 2016 WL 1718261 at *6.

- Topics 8.e, f, and g seek testimony concerning WAMY's relationship to WAMY-Canada including: (e) information concerning the Canada Revenue Agency's (CRA) audit; (f) any internal investigation by WAMY concerning the Canadian government's findings; and (g) communications with the Canadian government concerning the audit. However, WAMY Canada was not operational at the time of the CRA investigation and WAMY did not learn of the CRA investigation until its results were publicly posted. All subsequent communications were with counsel and, accordingly, are privileged. Moreover, the CRA audit occurred in 2010—well outside the scope of discovery. Further, any questions regarding the CRA's investigation should be directed to the CRA, not WAMY. Therefore, such testimony is not within the scope of discovery under Fed. R. Civ. P. 26(b)(1) and not a proper subject of a Rule 30(b)(6) notice.

- Topic 9 seeks testimony concerning WAMY's relationship with its branch office in Kashmir. Questions concerning Kashmir have no relevance to the issues in this litigation and are not within the scope of discovery under Rule 26(b)(1).

- Topics 10.c 10.d and 10.e seek information concerning the CRA's audit and information concerning any internal investigation by WAMY concerning same. The CRA occurred in 2010 – well outside the temporal scope of discovery. As set forth above, WAMY did not learn of the CRA investigation until its results were publicly posted. All subsequent communications were, except for communications between WAMY's counsel and CRA, between WAMY and its counsel. Thus, topics 10.d and 10.e are improper for the additional reason that they seek information protected by the attorney-client privilege. Again, this subject of inquiry is not within the scope of Rule 26(b)(1).

- Topic 13 seeks testimony on the "substance, content, and authenticity of the documents produced by WAMY." This topic is fatally overbroad and unduly harassing. WAMY has produced over 1.2 million pages of documents during the course of this litigation accumulated over a long period of time and addressing a great many different subjects. No witness or set of witnesses could possibly be prepared to knowledgeably testify as to the substance and content of all of these documents. Moreover, without

4

knowing what documents specifically plaintiffs want to inquire about, it is impossible for WAMY to determine what person to designate to testify as to the documents. The PECs overly broad Rule 30(b)(6) notice "subjects the noticed party to an impossible task because, where it is not possible to identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Blackrock Allocation Target Shares v. Wells Fargo Bank, NA*, 2017 WL 3610511, * 11 (S.D.N.Y. 2017) citing *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, *4 (S.D.N.Y. 2008) (quotation omitted).

- Topics 15-27 constitute improper contention discovery and seek the mental impressions of counsel by improperly requiring WAMY to "collect and synthesize all of the information in [its] possession; … then impart that body of knowledge to [the deponent] and… that [the deponent], in turn, feed it back to defendant[] in response to [its] deposition questions." *Liveperson Inc. v. 24/7 Customer, Inc.*, 2015 WL 4597546, *7 ( S.D.N.Y. 2015); *Securities and Exchange Commission v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (finding the proposed Rule 30(b)(6) deposition constitutes "an impermissible attempt by defendant to inquire into the mental processes and strategies" of the SEC…the Court is drawn inexorably to the conclusion that Morelli's Notice of Deposition is intended to ascertain how the SEC intends to marshal the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated"); *see e.g.* Notice at ¶ 16 ("All information concerning the allegation that WAMY financially supported jihadist activities in Bosnia"); ¶ 19 ("All information concerning the allegation that WAMY financially supported the Moro Islamic Liberation Front…"); ¶ 22 ("All information concerning the allegation that WAMY official Mohammed Ayyub Thukar was a principal financier of al Qaeda affiliated Hizb-ul-Muhahideen"). Such contention discovery is patently improper: "Depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JP Morgan Chase Bank v. Liberty Mut. Ins. Co*., 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

- Topic 25 is directed at the SAAR Network's role in sponsoring al Qaeda. Discovery on this topic should not be allowed because the Court dismissed Plaintiff's claim against SAAR. *In re Terrorists Attacks on September 11,*

5

*2011*, 740 F.Supp2d 494, 523 (S.D.N.Y. 2010). As such, discovery into this stricken claim is improper. *Fedex*, 2016 WL 1718261 at *6.

- Topic 28 seeks "all information concerning WAMY's role with respect to the content, editing, and distribution of publications that promote anti-American, anti-Semitic and pro-jihadist messages." WAMY objects to the argumentative form of this topic, but will produce a deponent to testify about its publications.

- Topic 29 seeks "all information concerning the educational content of WAMY's summer camps." This topic is overly broad. WAMY has sponsored hundreds of camps if not more in different parts of the world. WAMY cannot determine who to designate to answer questions about any camps unless plaintiffs clearly specify what camps they want to inquire about by identifying the date and location of the camp(s).

- Topic 30 seeks testimony on: "all information provided by WAMY in connection with any investigation regarding the potential connection between WAMY and support for al Qaeda, associated terrorist groups and Islamic extremists, including information provided to representatives of the United States authorities, by Kingdom of Saudi Arabian authorities, or others." This topic is vague, confusing as drafted, and overly broad.

IV    **WAMY's designation as to specific topics of inquiry**

- Topics 5 a-.d. Salah Wahaibi[1]
- Topics 6 a-.f: Salah Wahaibi
- Topic 6 g. Mohammed Al Mazroo
- Topics 7 a – g, i: Ibrahim Abdullah[2]
- Topics 8 a, c: Ibrahim Abdullah
- Topics 10 a-b: Abdul Noorwali, Salah Wahaibi

---

[1] Please be advised that by designating Salah Wahaibi and Abdul Noorwali WAMY is not agreeing to allow plaintiffs any additional time to depose these witnesses other than as is specified in the deposition protocol. The listed topics as to these witnesses must be included in the scope of their individual depositions.

[2] Please be advised that as of the writing of this letter WAMY does not know Ibrahim Abudllah's availability to sit for a deposition in Madrid within the fact deposition discovery deadline due to the breadth and time constraints resulting from plaintiffs' late 30(b)(6) notice. WAMY will not agree to any extension of the deadline to complete fact depositions. In addition, Ibrahim Abdullah will be the fifth witness which is beyond the agreed upon number.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

- Topic 11:   Salah Wahaibi
- Topic 12:   Salah Wahaibi

Sincerely,

_____
Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*

_____
Frederick J. Goetz, Esq.

Cc:   Plaintiffs Executive Committee