UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 03-cv-8591
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970
*Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al.*, No. 04-cv-7065
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-7216
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-7279
*Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al.*, No. 16-cv-7456
*Bowrosen, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8070
*McCarthy, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8884
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-117
*DeSimone v. Kingdom of Saudi Arabia*, No. 17-cv-348
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-450
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003
*The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-2129
*The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-2651
*General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, No. 17-cv-3810
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3887
*Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3908
*Abrams, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-4201
*Abtello, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5174
*Aasheim, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5471

**DECLARATION OF ANDREW C. SHEN IN SUPPORT OF
THE KINGDOM OF SAUDI ARABIA'S EMERGENCY MOTION
TO COMPEL PRODUCTION OF DOCUMENTS AND
TO RESCHEDULE THE DEPOSITIONS OF
KHALIL AL KHALIL AND OSMAN KALDIRIM**

I, Andrew C. Shen, make this Declaration pursuant to 28 U.S.C. § 1746.  I declare as follows:

1.      I am an attorney with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen").  I represent the Kingdom of Saudi Arabia ("Saudi Arabia") in this litigation.  I am admitted to practice in this Court.

2.      I make this Declaration in support of Saudi Arabia's emergency letter-motion, being filed on June 6, 2019, to compel the production of documents and to postpone the depositions of Khalil Al Khalil and Osman Kaldirim.

3.      I have personal knowledge of the facts stated in this Declaration.

4.      Exhibit 1 is a true and correct copy of a subpoena that the Plaintiffs Executive Committees ("Plaintiffs") issued to the King Fahad Mosque dated May 25, 2018.

5.      On July 30 and August 31, 2018, the King Fahad Mosque produced documents to Plaintiffs responsive to that subpoena and sent a copy of each production to counsel for Saudi Arabia.  These documents bear the Bates numbers KFM0001-0114.  Exhibits 2 and 3 are true and correct copies of the cover letters accompanying each production (omitting the production itself).

6.      On January 14, 2019, the King Fahad Mosque produced additional documents to Plaintiffs and sent a copy of that production to counsel for Saudi Arabia.  These additional documents bear the Bates numbers KFM0115-0122.  Exhibit 4 is a true and correct copy of the cover letter accompanying that production (omitting the production itself).

7.      Between January 14 and May 10, 2019, Saudi Arabia was not aware that the Mosque intended to produce or had produced additional documents to Plaintiffs.

- 1 -

8. On May 10, 2019, I had a telephone conversation with counsel for the King Fahad Mosque, Michael Watts. On that call, Mr. Watts informed me that the King Fahad Mosque had produced additional Bates-stamped documents to Plaintiffs consisting of 242 pages.

9. Following that call, and also on May 10, 2019, I sent an email to Plaintiffs requesting any additional productions that the King Fahad Mosque had provided to Plaintiffs. Exhibit 5 is a true and correct copy of this May 10, 2019 correspondence and subsequent correspondence in the same email chain.

10. Plaintiffs responded to my May 10 email on May 15, 2019, stating that "most of the documents were produced by the Mosque for review purposes only" and that Plaintiffs "would prefer that you ask [the Mosque's counsel] for a copy." *See* Exhibit 5.

11. That same day, on May 15, 2019, I sent an email to counsel for the King Fahad Mosque, copying Plaintiffs, requesting that the King Fahad Mosque produce to Saudi Arabia all additional productions that had previously been made to Plaintiffs. Counsel for the King Fahad Mosque responded the same day stating that he would contact his client and get back to me on this request. Exhibit 6 is a true and correct copy of this correspondence.

12. On June 3, 2019, having not received any additional productions from the King Fahad Mosque or from Plaintiffs, I contacted Plaintiffs and requested once again that Plaintiffs produce any additional productions made by the King Fahad Mosque to Saudi Arabia. That same day, counsel for Plaintiffs responded that "these documents were produced by the Mosque under an agreement that we reached with them, and not pursuant to our subpoena. . . . We have no problem giving you a copy now, as long as there is no objection from the Mosque." *See* Exhibit 5.

13. On June 4, 2019, counsel for Plaintiffs sent me an email message stating that counsel for the King Fahad Mosque had stated that Plaintiffs should not release any of the documents to Saudi Arabia until the King Fahad Mosque provided authorization. *See* Exhibit 5.

14. Following this email, on June 4, 2019, I called counsel for the King Fahad Mosque, Mr. Watts, and inquired about these additional documents that had previously been produced to Plaintiffs. Mr. Watts informed me that Plaintiffs had sent another subpoena to the King Fahad Mosque and that, in the course of negotiating that subpoena, the King Fahad Mosque agreed to make an additional production of documents if Plaintiffs agreed to withdraw their subpoena. Mr. Watts also informed me that he was currently not authorized by his client to produce any of the additional documents to Saudi Arabia, but that he was continuing to inquire about that issue.

15. Following this call, Mr. Watts sent me by email a copy of the subpoena that Plaintiffs had previously provided to Mr. Watts on December 6, 2018. In the cover letter accompanying that subpoena, Plaintiffs asked Mr. Watts to confirm that he would "accept service of the subpoena on behalf of the Mosque." Exhibit 7 is a true and correct copy of this correspondence.

16. Plaintiffs have never provided Saudi Arabia with notice or a copy of any subpoena to the King Fahad Mosque, other than the original subpoena dated May 25, 2018.

17. On June 4, 2019, I met and conferred with counsel for Plaintiffs and informed them that, unless Saudi Arabia received the additional productions of documents that the King Fahad Mosque had previously made to Plaintiffs immediately, we would file the present motion.

18. On June 5, 2019, Mr. Watts informed me that the King Fahad Mosque would not authorize production of these additional documents to Saudi Arabia. Exhibit 8 is a true and

correct copy of this correspondence.  In a telephone call, also on June 5, 2019, Mr. Watts informed me that the King Fahad Mosque intended to make an additional production of 42 Arabic language documents to Plaintiffs on June 5, 2019, and that the King Fahad Mosque will not authorize Plaintiffs to share those documents with Saudi Arabia.

19. Exhibit 9 is a true and correct copy of the Plaintiffs Executive Committees' Responses and Objections to "Defendant's First Set of Requests for Production of Documents" Served on Plaintiffs by the Kingdom of Saudi Arabia, dated May 23, 2018.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 6, 2019
Washington, D.C.

      /s/ *Andrew C. Shen*
      Andrew C. Shen