# Exhibit 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In Re Terroist Attacks on Sept. 11, 2001 | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. MDL 03-1570 |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: King Fahad Mosque a/k/a Islamic Foundation of Sheikh Ibn Tayymiah,
10980 Washington Blvd, Culver City, CA 90232
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Kreindler & Kreindler LLP<br>707 Wilshire Boulevard, Suite 3600<br>Los Angeles, CA 90017 | Date and Time:<br><br>07/01/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/25/2018

CLERK OF COURT

OR

_____       _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plainitffs' Executive Committees _____, who issues or requests this subpoena, are:
Steven R. Pounian & Andrew J. Maloney, Kreindler & Kreindler LLP, 750 Third Ave., NY NY 10017;
spounian@kreindler.com  212-687-8181.  Sean P. Carter, Cozen O'Connor 1650 Market St., 28th Fl, Phila, PA 19103

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 03-1570

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

I.  **Instructions and Definitions:**

1.  This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and all documents specified below are required to be produced as required by Rule 45.

2.  Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, and without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3.  With respect to any document withheld or redacted based on an assertion of common law privilege, a privilege log shall be provided. The privilege log shall provide information sufficient to evaluate the basis of any asserted privilege, including but not limited to: (a) the type of document; (b) date of document; (c) author; (d) recipient; (e) general subject matter of the document; and (f) basis for withholding production of the document or any portion of the document.

4.  As used herein, the following terms are defined as follows:

    a)  "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B). A draft or non-identical copy is a separate document within the meaning of this term.

    b)  "Concerning" means relating to, referring to, describing, evidencing, or constituting.

    c)  "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    d)  "All," "any," and "each" shall each be construed as encompassing any and all.

    e)  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    f)  "King Fahad Mosque" shall mean the King Fahad Mosque located on Washington Boulevard in Culver City, California, also known as the Islamic Foundation of Sheikh Ibn Tayymiah, including without limitation its Board, affiliated institutes, corporations and commercial enterprises, as well as any official or employee of the King Fahad Mosque or any person acting as a representative of the King Fahad Mosque.

    g)  "Kingdom of Saudi Arabia," "the Kingdom," or "the Saudi government" shall mean the government of the Kingdom of Saudi Arabia, including without

      g)     limitation any ministry, council, agency, instrumentality, organ, political subdivision, government committee, Saudi embassy or consulate, or component of the Saudi government, as well as any official or employee of the Saudi government.

      g)     "Ministry of Islamic Affairs" shall mean the ministry of the Saudi government also known as the "Ministry of Islamic Affairs, Dawah and Guidance" or the "Ministry of Islamic Affairs, Endowments, Dawah and Guidance," including any member, official, employee, representative or office of the Ministry of Islamic Affairs, as well as any Islamic Affairs or Da'awah office of any Saudi diplomatic mission.

      h)     "Saudi Consulate in Los Angeles" shall mean the Consulate General of the Kingdom of Saudi Arabia in Los Angeles, California.

      i)     "Saudi Embassy" shall mean the Embassy of the Kingdom of Saudi Arabia in Washington, D.C.

      k)     The "applicable time period" is defined as from January 1, 1998 through and including September 11, 2001. A responsive Document that was prepared prior to the applicable time period but that was operative and in use during the applicable time period must be produced. If a Document is undated, the date of its preparation cannot be ascertained, and the Document is otherwise responsive to the Request, the Document shall be produced.

## II.   Documents to be Produced:

1.    Regarding Fahad Thumairy, produce documents comprising and concerning:

   a. his appointment, title(s), activities and responsibilities at the King Fahad Mosque during the applicable time period;
   b. his pay, pay increases, awards, bonuses, stipends and allowances from January 1, 1998 through and including 2003;
   c. his performance reviews during the applicable time period;
   d. his sermons, speeches and writings during the applicable time period;
   e. the instructions or directions provided by him by the King Fahad Mosque during the applicable time period;
   f. the funds and resources under his control at the King Fahad Mosque during the applicable time period;
   g. his responsibilities for the finances of the King Fahad Mosque during the applicable time period;
   h. his superiors and supervisors at the King Fahad Mosque during the applicable time period;
   i. his assistants or other persons under his supervision or oversight at the King Fahad Mosque during the applicable time period;
   j. his phone, fax and email records at the King Fahad Mosque during the applicable time period;

- k. King Fahad Mosque board meetings attended by Thumairy during the applicable time period;
- l. his calendar and/or record of his activities at the King Fahad Mosque during the applicable time period;
- m. any weddings that Thumairy performed at the King Fahad Mosque during the applicable time period;
- n. disciplinary measures at any time, including but not limited to that "the leadership of the [King Fahad Mosque] attempted to discipline him [Thumairy] in the summer of 2002 and early 2003 for espousing extremist views" as stated in the 9/11 Commission Report, p. 515 n. 13; and
- o. investigations conducted at any time concerning money transfers, Nawaf al Hazmi and Khalid al Mihdhar, or Thumairy's ties to extremism, including but not limited to "a particularly radical faction" at the King Fahad Mosque and "terrorist activity" (as set forth in the 9/11 Commission Report, p. 216-7) and/or al Qaeda.

2. Regarding any person other than Thumairy who was employed at the Los Angeles Consulate and simultaneously was an imam or held another position or title at the King Fahad Mosque at any time during the applicable time period, produce documents concerning:

- a. his appointment, title(s), activities and responsibilities at the King Fahad Mosque during the applicable time period;
- b. his pay, pay increases, awards, bonuses, stipends and allowances from January 1, 1998 through and including 2003;
- c. his performance reviews during the applicable time period;
- d. his sermons, speeches and writings during the applicable time period;
- e. the instructions or directions provided by him by the King Fahad Mosque during the applicable time period;
- f. the funds and resources under his control at the King Fahad Mosque during the applicable time period;
- g. his responsibilities for the finances of the King Fahad Mosque during the applicable time period;
- h. his superiors and supervisors at the King Fahad Mosque during the applicable time period;
- i. his assistants or other persons under his supervision or oversight at the King Fahad Mosque during the applicable time period;
- j. his phone, fax and email records at the King Fahad Mosque during the applicable time period;
- k. King Fahad Mosque board meetings attended by the person during the applicable time period; and
- l. his calendar and/or record of his activities at the King Fahad Mosque during the applicable time period.

3. Documents concerning any and all communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any of the following individuals during the applicable time period:

    a. Khalid al Mihdhar
    b. Nawaf al Hazmi
    c. Hani Hanjour
    d. Omar Ahmed al Bayoumi
    e. Mohdhar Abdullah
    f. Caysan Bin Don a.k.a. Isamu Dyson a.k.a. Clayton Morgan
    g. Oualid Benomrane
    h. Omar Abdi Mohamed
    i. Anwar al Aulaqi
    j. Hasan Abukar
    k. Osama "Sam" Mustafa
    l. Ziyad Khreiwesh

4.    Documents concerning any and all communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any of the following organizations during the applicable time period:

    a. Islamic Center of San Diego
    b. AL-RRIBAT AL-ISLAMI (located on Saranac Street, San Diego, CA)
    c. Al Haramain Islamic Foundation
    d. Global Relief Foundation
    e. Western Somali Relief Organization
    f. Al Barakaat
    g. Dahabshil
    h. Muslim World League

5.    Produce documents concerning communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any persons working for or on behalf of any of the following Saudi government offices during the applicable time period:

    a. the Ministry of Islamic Affairs
    b. the Saudi Embassy
    c. the Saudi Consulate in Los Angeles

6.    Produce documents concerning any visit(s) of the Saudi Minister of Islamic Affairs to California during the applicable time period, including but limited to any contacts, communications and meetings with Thumairy and/or Omar Ahmed al Bayoumi.

7.    Produce documents concerning the financial relationship between the King Fahad Mosque and the Kingdom of Saudi Arabia during the applicable time period.

8.    Produce documents concerning lodging or lodging reservations in December 1999, January 2000 or February 2000 at any location in California including but not limited to:(a) hotels in the vicinity of the Los Angeles International Airport, the King Fahad Mosque or the Saudi Consulate in Los Angeles, including but not limited to (i) the Travelodge located at or near 11180 Washington Place, Culver City, CA, (ii) the Halfmoon Motel located at or near 3958 S.

Sepulveda Ave., Culver City, CA, and (iii) the Deano's Motel located at or near 3868 S. Sepulveda Ave., Culver City, CA; and (b) rentals at the Avalon Westside Apartments in Los Angeles made or arranged by any person, including but not limited to Thumairy, who held a work, volunteer or other position at the King Fahad Mosque.

9.  Produce documents concerning the use of any drivers, including but not limited to taxi, livery, private persons and/or volunteers, by or on behalf of the King Fahad Mosque from December 1, 1999 through and including December 31, 2000.

10. Produce documents concerning expenses incurred for any transportation provided by or on behalf of the King Fahad Mosque, including but not limited to picking up or dropping off persons at the Los Angeles International Airport, from December 1, 1999 through and including December 31, 2000.

11. Produce documents containing a list of the persons serving on the Board of Directors of the King Fahad Mosque during the applicable time period and for each person on the Board of Directors, produce documents concerning their work experience, background and their relationship with the Kingdom of Saudi Arabia.

12. Produce documents containing a list of propagators working for the Ministry of Islamic Affairs in the United States during the applicable time period.

13. Produce documents concerning the conference and/or meeting of propagators organized, funded and/or attended by the Saudi Embassy, the Saudi Consulate in Los Angeles and/or Ministry of Islamic Affairs and held in Los Angeles in July 1999.

14. Produce documents containing a list of the persons, together with their home and home addresses, who were visiting scholars at the King Fahad Mosque during the applicable time period.