# Exhibit 2

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
SHARI L. ROSENTHAL
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
DAVID V. ROTH
JENNIFER L. SUPMAN
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES E. GIBBONS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
SUZIE ZACHAR IRWIN †
DONALD R. DAY *
D. HIEP TRUONG
MICHAEL A. WEISMANTEL
JANET D. JOHN *
JOHN M. HOCHHAUSLER
ANTHONY S. VITAGLIANO†
KEVIN H. LOUTH
SHARON S. JEFFREY
KEITH RICKER †
JOHN M. COWDEN*
DAVID R. REEDER*
TOBY D. BUCHANAN
LADELL H. MUHLESTEIN

SEVAN GOBEL
RICHARD G. GARCIA
DEBORA VERDIER †
JEANETTE DIXON
KENNETH S. KAWABATA
STEVEN AMUNDSON*
RICHARD MACK †
TONY M. SAIN
MARILYN R. VICTOR*
MARTIN HOLLY
MINAS SAMUELIAN
MATTHEW P. NOEL
LALO GARCIA
GENE W. LEE
CHRISTOPHER DATOMI
ANTHONY CANNIZZO
GARY POPHAM JR.
MAIJA OLIVIA*
JONATHAN J. LABRUM *
JONATHON D. SAYRE
KAREN LIAO
ANDY J. SEMOTIUK *
JULIE M. FLEMING
ROBERT E. MURPHY *
NINA RICCI FRANCISCO
DONALD R. BECK
FRANK M. LAFLEUR
ROBERT P. WARGO*
SCOTT A. ALLES †
MAHASTI KASHEFI
LISA WONG
DONALD APPLEGATE
HEATHER M. ANTONIE
JASON J. DOSHI
ZUBIN FARINPOUR
LAURA MCADAMS
GRETHCHEN COLLIN
RODRIGO J. BOZOGHLIAN
ANGELA M. POWELL
D. ROCKEY GOODELL III *
JENIFER WALLIS*
MATTHEW E. KEARL
JUSTIN SHERGILL
NARINE AVANES

ERIK BABAKHANIAN
ADAM ROEHRICK
TONYA N. MORA
EMILY EDWARDS
JESI WOLNIK
FATIMA BADREDDINE
DANIEL SULLIVAN
HILA GOLCHET
MARYAM MALEKI
MICHAEL COOPER
PAUL MITTELSTADT
NICOLE THRELKEL
A. FOSTER SHI
MAE ALBERTO
MICHAEL KVYAT
BRIAN SMITH
GREGORY LEWIS
JUDSON H. PRICE
JORDON FERGUSON *
PAUL HARSHAW
VICTORIA KAJO
ANDREA KORNBLAU
ARA BAGHDASSARIAN
ANTHONY WERBIN
MICHAEL WATTS
TRISHA NEWMAN
NISHAN WILDE
LYNN CARPENTER
JEFFREY FISHKIN
LYNELL D. DAVIS
DAVID R. RUIZ
NATALYA VASYUK
JESSICA ROSEN
ANDREEA CUSTUREA
NATHAN GROSCH
LINNA LOANGKOTE
KAVEH HOSSEINI
ASHLEY ROLAND
DERIK SARKESIANS
SUZANNE FRIAS
DANIEL DUBIN
KATHERINE AGBAYANI
MARK WILSON
JENNY PAK

ELIZABETH HANDELIN
CRAIG SMITH
KARLY K. WHITE
MATTHEW P. OPPEN
GARRICK P. VANDERFIN
ALEXANDRA RAMBIS
SHAWHEEN SHAFIZADEH
KELSEY NICOLAISEN
ASHTON MCKINNON
FAROUK MANSOUR
KIRSTEN BROWN
ROBERT DAVIS
JOSEPH CORIATY
NATALIE ORTIZ
JAMILEH HAWATMEH
JEFFREY TSAO
ERIN N. COLLINS
JESSICA SPINOLA
ROBERT W. LAWTON
TIFFANY HENDERSON
JONATHAN HACK
DAVID BREITBURG
EMILY ELLSE
LAWTON JACKSON
TODD LEZON
JEAN CHA
JEFFREY KORN
CURTIS GOLE
RICK MARTIN
ERIC WAHRBURG
CAROL TREASURE
R. SCOTT HARLAN
ALDWIN TANALA

OF COUNSEL
ARI MARKOW

* Admitted in Multiple Jurisdiction
† Admitted to Practice Law in Arizona only
‡ Admitted to Practice Law in Alabama

# MANNING & KASS
## ELLROD, RAMIREZ, TRESTER LLP
### ATTORNEYS AT LAW



15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE: (213) 624-6900
FACSIMILE: (213) 624-6999
WEB SITE: WWW.MANNINGLLP.COM

July 30, 2018

**VIA E-MAIL AND U.S. MAIL**

Mr. Steven R. Pounian
Kreindler & Kreindler, LLP
750 Third Ave.
New York, NY 10017
E-Mail: spounian@kreindler.com

Re: **In re: Terrorist Attack on 9/11/2001**

Our File No.: : 7037-70000

Dear Mr. Pounian:

The enclosed records complete your request from the King Fahad Mosque, a/k/a Islamic Foundation of Shaikh Ibn Taymiyah, subject to the objections below. We are happy to meet and confer with you regarding our responses.

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, Attachment A

GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

Responding Party generally objects to the Subpoena to Produce Documents as follows:

DALLAS
1717 McKinney Ave., Suite 700
Dallas, TX 75202-1241
Telephone: (214) 953-7669

NEW YORK
One Battery Park Plaza, 4th Floor
New York, NY 10004
Telephone: (212) 858-7769

ORANGE COUNTY
19800 MacArthur Blvd, Suite 900
Irvine, CA 92612
Telephone: (949) 440-6690

PHOENIX
3636 North Central Avenue, 11th Floor
Phoenix, AZ 85012
Telephone: (602) 313-5469

SAN DIEGO
225 Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 515-0269

SAN FRANCISCO
333 Bush Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 217-6990

ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 2

      1.      Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

      2.      Responding Party objects generally to the Requests for Production to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Parties, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

      3.      Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Parties would be of little use or benefit to Propounding Parties;

      4.      Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter;

      5.      Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

      6.      Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

**Documents to be Produced**

**Request No. 1**

1.      Regarding Fahad Thumairy, produce documents comprising and concerning:

      a. his appointment, title(s), activities and responsibilities at the King Fahad Mosque during the applicable time period;

      b. his pay, pay increases, awards, bonuses, stipends and allowances from January 1, 1998 through and including 2003;

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 3

      c. his performance reviews during the applicable time period;

      d. his sermons, speeches and writings during the applicable time period;

      e. the instructions or directions provided by him by the King Fahad Mosque during the applicable time period;

      f. the funds and resources under his control at the King Fahad Mosque during the applicable time period;

      g, his responsibilities for the finances of the King Fahad Mosque during the applicable time period;

      h. his superiors and supervisors at the King Fahad Mosque during the applicable time period;

      i. his assistants or other persons under his supervision or oversight at the King Fahad Mosque during the applicable time period;

      j. his phone, fax and email records at the King Fahad Mosque during the applicable time period;

      k. King Fahad Mosque board meetings attended by Thumairy during the applicable time period;

      l. his calendar and/or record of his activities at the King Fahad Mosque during the applicable time period;

      m. any weddings that Thumairy performed at the King Fahad Mosque during the applicable time period;

      n. disciplinary measures at any time, including but not limited to that "the leadership of the [King Fahad Mosque] attempted to discipline him [Thumairy] in the summer of 2002 and early 2003 for espousing extremist views" as stated in the 9/11 Commission Report, p. 515 n. 13; and

      o. investigations conducted at any time concerning money transfers, Nawaf al Hazmi and Khalid al Mihdhar, or Thumairy's ties to extremist, including but not limited to "a particularly radical faction" at the King Fahad Mosque and "terrorist activity" (as set forth in the 9/11 Commission Report, p. 216-7) and/or al Qaeda.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 4


**Response to Request No. 1**

    OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

    PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

    ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

    VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

    Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: To the extent that this request seeks production of responsive unprivileged items, such documents are produced herewith.

**Request No. 2**

2.    Regarding any person other than Thumairy who was employed at the Los Angeles Consulate and simultaneously was an imam or held another position or title at the King Fahad Mosque at any time during the applicable time period, produce documents concerning;

    a. his appointment, title(s), activities and responsibilities at the King Fahad Mosque during the applicable time period;

    b. his pay, pay increases, awards, bonuses, stipends and allowances from January 1,1998 through and including 2003;

    c. his performance reviews during the applicable time period;

    d. his sermons, speeches and writings during the applicable time period;

    e. the instructions or directions provided by him by the King Fahad Mosque during the applicable time period;

Mr. Steven R. Pounian
**Re:  In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 5

   f. the funds and resources under his control at the King Fahad Mosque during the applicable time period;

   g. his responsibilities for the finances of the King Fahad Mosque during the applicable time period;

   h. his superiors and supervisors at the King Fahad Mosque during the applicable time period;

   i. his assistants or other persons under his supervision or oversight at the King Fahad Mosque during the applicable time period;

   j. his phone, fax and email records at the King Fahad Mosque during the applicable time period;

   k. King Fahad Mosque board meetings attended by the person during the applicable time period; and

   l. his calendar and/or record of his activities at the King Fahad Mosque during the applicable time period.

**Response to Request No. 2**

  OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

  PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

  ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

  VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

  Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 6

inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request.

### Request No. 3

3.   Documents concerning any and all communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any of the following individuals during the applicable time period:

    a. Khalid al Mihdhar

    b. Nawaf al Hazmi

    c. Hani Hanjour

    d. Omar Ahmed al Bayoumi

    e. Mohdhar Abdullah

    f. Caysan Bin Don a.k.a. Isamu Dyson a.k.a. Clayton Morgan

    g. Oualid Benomrane

    h. Omar Abdi Mohamed

    i. Anwar al Aulaqi

    j. Hasan Abukar

    k. Osama "Sam" Mustafa

    i. Ziyad Khreiwesh

### Response to Request No. 3

OBJECTION:  Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re: **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 7

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request, nor was there any contact between responding party and any of the individuals listed in this request.

### Request No. 4

4. Documents concerning any and all communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any of the following organizations during the applicable time period:

    a. Islamic Center of San Diego

    b. Al-RRIBAT AL-ISLAMI (located on Saranac Street, San Diego, CA)

    e. Al Haramain Islamic Foundation

    d. Global Relief Foundation

    e. Western Somali Relief Organization

    f. Al Barakaat

    g. Dahabshil

    h. Muslim World League

### Response to Request No. 4

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 8

client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request. Responding party also responds that there have been no communications with any of the above-listed organizations.

## Request No. 5

5.   Produce documents concerning communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any persons working for or on behalf of any of the following Saudi government offices during the applicable time period:

   a. the Ministry of Islamic Affairs

   b. the Saudi Embassy

   c. the Saudi Consulate in Los Angeles

## Response to Request No. 5

OBJECTION:  Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

Case 1:03-md-01570-GBD-SN   Document 4573-2   Filed 06/06/19   Page 10 of 17

ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 9

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: To the extent that this request seeks production of responsive unprivileged items, such documents are produced herewith.

### Request No. 6

6.   Produce documents concerning any visit(s) of the Saudi Minister of Islamic Affairs to California during the applicable time period, including but limited to any contacts, communications and meetings with Thumairy and/or Omar Ahmed al Bayoumi.

### Response to Request No. 6

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request, nor is responding party aware of any connection between itself and the entities listed in this request.

### Request No. 7

Mr. Steven R. Pounian
Re:     In re: Terrorist Attack on 9/11/2001
July 30, 2018
Page 10

7.      Produce documents concerning the financial relationship between the King Fahad Mosque and the Kingdom of Saudi Arabia during the applicable lime period.

**Response to Request No. 7**

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: To the extent that this request seeks production of responsive unprivileged items, such documents are produced herewith.

**Request No. 8**

8.      Produce documents concerning lodging or lodging reservations in December 1999. January 2000 or February 2000 at any location in California including but not limited to:(a) hotels in the vicinity of the Los Angeles International Airport, the King Fahad Mosque or the Saudi Consulate in Los Angeles, including but not limited to (1) the Travelodge located at or near 11180 Washington Place, Culver City, CA, (ii) the Halfmoon Motel located at or near 3958 S. Sepulveda Ave., Culver City, CA, and (iii) the Deano's Motel located at or near 3868 S. Sepulveda Ave., Culver City, CA; and (b) rentals at the Avalon Westside Apartments in Los Angeles made or arranged by any person, including but not limited to Thumairy, who held a work, volunteer or other position at the King Fahad Mosque.

Manning & Kass
Ellrod, Ramirez, Trester LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 11

### Response to Request No. 8

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request. It is the policy of the King Fahad Mosque to make no hotel arrangements for any person.

### Request No. 9

9.   Produce documents concerning the use of any drivers, including but not limited to taxi, livery, private persons and/or volunteers, by or on behalf of the King Fahad Mosque from December 1, 1999 through and including December 31, 2000.

### Response to Request No. 9

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 12

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request.

**Request No. 10**

10.   Produce documents concerning expenses incurred for any transportation provided by or on behalf of the King Fahad Mosque, including but not limited to picking up or dropping off persons at the Los Angeles International Airport, from December 1, 1999 through and including December 31, 2000.

**Response to Request No. 10**

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent

Case 1:03-md-01570-GBD-SN   Document 4573-2   Filed 06/06/19   Page 14 of 17

ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:     In re: Terrorist Attack on 9/11/2001
July 30, 2018
Page 13

inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request.

### Request No. 11

11.     Produce documents containing a list of the persons serving on the Board of Directors of the King Fahad Mosque during the applicable time period and for each person on the Board of Directors, produce documents concerning their work experience, background and their relationship with the Kingdom of Saudi Arabia.

### Response to Request No. 11

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence. Specifically, several members of the Board of Directors are Saudi citizens. It is unduly burdensome, harassing and unreasonable to expect them to produce all documents concerning their relationship and background with the Kingdom of Saudi Arabia.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: To the extent that this request seeks production of responsive unprivileged items, such documents are produced herewith.

Responding Party is willing to meet and confer regarding this request.

### Request No. 12

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 14

12.   Produce documents containing a list of propagators working for the Ministry of Islamic Affairs in the United States during the applicable time period.

**Response to Request No. 12**

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request.

**Request No. 13**

13.   Produce documents concerning the conference and/or meeting of propagators organized, funded and/or attended by the Saudi Embassy, the Saudi Consulate in Los Angeles and/or Ministry of Islamic Affairs and held in Los Angeles in July 1999.

**Response to Request No. 13**

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:   **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 15

right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request. To the extent that responding party understands this request, responding party responds that no such event occurred.

**Request No. 14**

14.   Produce documents containing a list of the persons, together with their home and home addresses, who were visiting scholars at the King Fahad Mosque during the applicable time period.

**Response to Request No. 14**

OBJECTION: Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

**MANNING & KASS**
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re: **In re: Terrorist Attack on 9/11/2001**
July 30, 2018
Page 16

      VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

      Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: After a diligent inquiry and reasonable search of the records and the items within responding party's possession, custody or control, responding party does not possess any documents responsive to this request. To the extent that responding party understands this request, responding party does not keep lists regarding visiting speakers or other persons.

      Please do not hesitate to contact us regarding these responses. Thank you.

Very truly yours,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

*[signature]*

Eugene P. Ramirez, Esq.
Michael Watts, Esq.

EPR/MRW

cc: Mr. Andrew Shen