# Exhibit 3

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
SHARI L. ROSENTHAL
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
DAVID V. ROTH
JENNIFER L. SUPMAN
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES E. GIBBONS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
SUZIE ZACHAR IRWIN †
DONALD R. DAY *
D. HIEP TRUONG
MICHAEL A. WEISMANTEL
JANET D. JOHN *
JOHN M. HOCHHAUSLER
ANTHONY S. VITAGLIANO†
KEVIN H. LOUTH
SHARON S. JEFFREY
KEITH RICKER †
JOHN M. COWDEN*
DAVID R. REEDER*
TOBY D. BUCHANAN
LADELL H. MUHLESTEIN

SEVAN GOREL
RICHARD G. GARCIA
DEBORA VERDIER †
JEANETTE DIXON
KENNETH S. KAWABATA
STEVEN AMUNDSON*
RICHARD MACK †
TONY M. SAIN
MARILYN R. VICTOR*
MARTIN HOLLY
MINAS SAMUELIAN
LALO GARCIA
GENE W. LEE
CHRISTOPHER DATOMI
ANTHONY CANNIZZO
GARY POPHAM JR.
MAIJA OLIVIA*
JONATHAN J. LABRUM *
JONATHON D. SAYRE
KAREN LIAO
ANDY J. SEMOTIUK *
JULIE M. FLEMING
ROBERT E. MURPHY *
NINA RICCI FRANCISCO
DONALD R. BECK
FRANK M. LAFLEUR
ROBERT P. WARGO*
SCOTT A. ALLES †
MAHASTI KASHEFI
LISA WONG
DONALD APPLEGATE
HEATHER M. ANTONIE
JASON J. DOSHI
ZUBIN FARINPOUR
LAURA MCADAMS
GRETHCHEN COLLIN
RODRIGO J. BOZOGHLIAN
ANGELA M. POWELL
D. ROCKEY GOODELL III *
JENIFER WALLIS*
MATTHEW E. KEARL
JUSTIN SHERGILL
NARINE AVANES
ERIK BABAKHANIAN

ADAM ROEHRKICK
TONYA M. NORA
EMILY EDWARDS
JESI WOLNIK
FATIMA BADREDDINE
DANIEL SULLIVAN
HILA GOLCHET
MARYAM MALEKI
MICHAEL COOPER
PAUL MITTELSTADT
NICOLE THRELKEL
A. FOSTER SHI
MAE ALBERTO
MICHAEL KVYAT
BRIAN SMITH
JUDSON H. PRICE
JORDON FERGUSON *
PAUL HARSHAW
VICTORIA KAUL
ANDREA KORNBLAU
ARA BAGHDASSARIAN
ANTHONY WERBIN
MICHAEL WATTS
TRISHA NEWMAN
NISHAN WILDE
LYNN CARPENTER
JEFFREY FISHKIN
LYNELL D. DAVIS
DAVID R. RUIZ
NATALYA VASYUK
JESSICA ROSEN
ANDREEA CUSTUREA
NATHAN GROSCH
LINNA LOANGKOTE
ASHLEY ROLAND
DERIK SARKESIANS
DANIEL DUBIN
KATHERINE AGBAYANI
MARK WILSON
JENNY PAK
ELIZABETH HANDELIN
CRAIG SMITH
KARLY K. WHITE
MATTHEW P. OPPEN

GARRICK P. VANDERFIN
ALEXANDRA RAMBIS
SHAWHEEN SHAFIZADEH
KELSEY NICOLAISEN
ASHTON MCKINNON
FAROUK MANSOUR
KIRSTEN BROWN
ROBERT DAVIS
JOSEPH CORIATY
NATALIE ORTIZ
JAMILEH HAWATMEH
JEFFREY TSAO
ERIN N. COLLINS
JESSICA SPINOLA
ROBERT W. LAWTON
TIFFANY HENDERSON
JONATHAN HACK*
DAVID BREITBURG
EMILY ELLSE
LAWTON JACKSON
TODD LEZON
JEAN CHA
JEFFREY KORN
CURTIS GOLE
RICK MARTIN
ERIC WAHRBURG
CAROL TREASURE
R. SCOTT HARLAN
ALDWIN TANALA
KIMBERLY OFFENBACHER
COURTNEY CASIANO

OF COUNSEL
ARI MARKOW

* Admitted in Multiple Jurisdiction
† Admitted to Practice Law in
  Arizona only
‡ Admitted to Practice Law in
  Alabama

# MANNING & KASS
# ELLROD, RAMIREZ, TRESTER LLP

ATTORNEYS AT LAW



15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE: (213) 624-6900
FACSIMILE: (213) 624-6999
WEB SITE: WWW.MANNINGLLP.COM

August 31, 2018

**VIA E-MAIL AND U.S. MAIL**

Mr. Steven R. Pounian
Kreindler & Kreindler, LLP
750 Third Ave.
New York, NY 10017
E-Mail: spounian@kreindler.com

Re:     **In re: Terrorist Attack on 9/11/2001**

Our File No.:     :     7037-70000

Dear Mr. Pounian:

This letter is in response to our telephone conversation on August 16, 2018, and your email correspondence of that same day, as well as your email correspondence of August 14, 2018. Below please find our responses to the topics which we discussed. We have attempted to correlate the various topics with the request number from the original subpoena to which it pertains.

**Excerpt from Request No. 1**

1.     Regarding Fahad Thumairy, produce documents comprising and concerning:

f. the funds and resources under his control at the King Fahad Mosque during the applicable time period;

DALLAS
1717 McKinney Ave., Suite 700
Dallas, TX 75202-1241
Telephone: (214) 953-7669

NEW YORK
One Battery Park Plaza, 4th Floor
New York, NY 10004
Telephone: (212) 858-7769

ORANGE COUNTY
19800 MacArthur Blvd, Suite 900
Irvine, CA 92612
Telephone: (949) 440-6690

PHOENIX
3636 North Central Avenue, 11th
Floor
Phoenix, AZ 85012
Telephone: (602) 313-5469

SAN DIEGO
225 Broadway, Suite 1200
San Diego, CA 92101
Telephone: (619) 515-0269

SAN FRANCISCO
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6990

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
Re:      In re: Terrorist Attack on 9/11/2001
August 31, 2018
Page 2

     g. his responsibilities for the finances of the King Fahad Mosque during the applicable time period;

     n. disciplinary measures at any time, including but not limited to that "the leadership of the [King Fahad Mosque] attempted to discipline him [Thumairy] in the summer of 2002 and early 2003 for espousing extremist views" as stated in the 9/11 Commission Report, p. 515 n. 13; and;

**Supplemental Information Regarding Response to Request No. 1**

     During our conversation, we discussed again Mr. Fahad Thumairy's control over the mosque's financial resources. As we explained, Mr. Thumairy had no control over the mosque's financial resources and was not an authorized signatory on any mosque accounts. However, as a common practice, the mosque frequently had a second person sign a check to verify a payment, as you can see on many of the checks which were provided to you. At the time, Mr. Thumairy was a volunteer at the mosque and provided his signature on checks as part of this common practice. However, this practice was merely a common practice and did not reflect any person's status as an authorized signatory on any mosque account nor any written policy.

     Further, the mosque has no information relating to any discipline of Mr. Thumairy. In your email to us on August 14, 2018, you had indicated that you knew that there was some dispute or discipline involving the mosque and Mr. Thumairy. We are unaware of any such dispute or discipline. As we discussed during our call, if you could provide documents or information relating to the basis for this belief, we would be happy to explore it further.

**Excerpt from Request No. 2**

2.     Regarding any person other than Thumairy who was employed at the Los Angeles Consulate and simultaneously was an imam or held another position or title at the King Fahad Mosque at any time during the applicable time period, produce documents concerning:

     a. his appointment, title(s), activities and responsibilities at the King Fahad Mosque during the applicable time period.

**Supplemental Information Regarding Response to Request No. 2**

     In your email of August 14, 2018 and during our conversation, you requested we search for any documents relating to Mohamed al-Muhanna.

     Currently, we have been unable to locate any document concerning Mr. al-Muhanna. If we locate any non-privileged document concerning Mr. al-Muhanna, we will review it for responsiveness to your subpoena, and, if responsive, provide it to you.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
**Re:    In re: Terrorist Attack on 9/11/2001**
August 31, 2018
Page 3


**Request No. 3**

3.    Documents concerning any and all communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any of the following individuals during the applicable time period:

> a. Khalid al Mihdhar
>
> b. Nawaf al Hazmi
>
> c. Hani Hanjour
>
> d. Omar Ahmed al Bayoumi
>
> e. Mohdhar Abdullah
>
> f. Caysan Bin Don a.k.a. Isamu Dyson a.k.a. Clayton Morgan
>
> g. Oualid Benomrane
>
> h. Omar Abdi Mohamed
>
> i. Anwar al Aulaqi
>
> j. Hasan Abukar
>
> k. Osama "Sam" Mustafa
>
> i. Ziyad Khreiwesh

**Supplemental Information Regarding Response to Request No. 3**

You requested additional information regarding the persons listed in Request No. 3. You also stated in your email of August 14, 2018 that you had reason to believe that Mr. Benomrane and Mr. Modhar Abdullah were visitors at the mosque and may have had interaction with Mr. Thumairy.

The mosque does not have any visitor logs or video recordings from the applicable time period as specified in the subpoena. Moreover, the mosque has no documents relating to these two individuals or any of the individuals named in Request 3. If Mr. Thumairy had any interaction with any of those individuals, the mosque would not and does not have any record of it.

**Request No. 5**

5.    Produce documents concerning communications, financial dealings, meetings, visits or activities between the King Fahad Mosque and any persons working for or on behalf of any of the following Saudi government offices during the applicable time period:

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
**Re:      In re: Terrorist Attack on 9/11/2001**
August 31, 2018
Page 4


       a. the Ministry of Islamic Affairs

       b. the Saudi Embassy

       c. the Saudi Consulate in Los Angeles

**Supplemental Information Regarding Response to Request No. 5**

In your August 14, 2018 email and during our conversation, you stated that you knew that the mosque "had regular communications with the Saudi government, in particular the Los Angeles Consulate, regarding the financing of the Mosque and its employees." As we discussed, if you could provide information relating to documents which you believe evidence these "regular communications" and "financing," this would perhaps assist us in our search.

However, the mosque is a non-profit corporation organized under the laws of the State of California. It is independent of any government, including the Kingdom of Saudi Arabia. The mosque did receive donations from the Saudi government during the applicable time period, which are reflected in the documents which were provided to you.

**Request No. 6**

6.      Produce documents concerning any visit(s) of the Saudi Minister of Islamic Affairs to California during the applicable time period, including but limited to any contacts, communications and meetings with Thumairy and/or Omar Ahmed al Bayoumi.

**Supplemental Information Regarding Response to Request No. 6**

You requested that we review our records for information relating to the visit of Saudi Minister of Islamic Affairs Dr. Abdullah bin Abdelmoshen al Turki. You stated that you knew Minister al Turki attended the grand opening and provided the program for the inauguration of the mosque in 1998.

On information and belief, Minister al Turki was invited by and a guest of HRH Prince Abdul Aziz bin Fahad, under whose auspices the mosque was inaugurated. No other documents relating to Minister al Turki have been located. If we locate any non-privileged document concerning Minister al Turki, we will review it for responsiveness to your subpoena, and, if responsive, provide it to you.

**Request No. 7**

7.      Produce documents concerning the financial relationship between the King Fahad Mosque and the Kingdom of Saudi Arabia during the applicable lime period.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
**Re:    In re: Terrorist Attack on 9/11/2001**
August 31, 2018
Page 5

**Supplemental Information Regarding Response to Request No. 7**

  Regarding check number 588, that check is not made payable to Mr. Thumairy. As you can see, check number 565 is made to Mr. Thumairy, and a note was placed on that page to denote this, which was copied when the documents were copied. A copy of check number 588 is attached.

  Please find additional checks attached, which are responsive to the subpoena.

  OBJECTION:  Responding Party incorporates by reference here each of the objections stated in the General Objections section, in its correspondence of July 30, 2018.

  PRIVACY: As phrased, this request potentially calls for the production of documents or information that is privileged from disclosure under the federal and California constitutional right to privacy, including the privacy rights of third parties, and/or – in light of its broad phrasing so as to potentially include responding party's attorneys– potentially including the attorney-client privilege (including but not limited to its investigative aspect) and/or the attorney work product protection.

  ATTORNEY-CLIENT PRIVILEGE / WORK PRODUCT PRIVILEGE: As phrased, this request potentially calls for the production of documents or information that includes attorney-client privilege information (including but not limited to its investigative aspect) and/or the attorney work product protection.

  VAGUE, OVERBROAD AND COMPOUND: This request is also vague, overbroad, compound, without limitation as to specific subject matter and unduly burdensome as phrased, and is therefore not likely to lead to admissible evidence.

  Notwithstanding and without waiving the foregoing objections, and to the extent the responding party understands the request, responding party responds as follows: To the extent that this request seeks production of responsive unprivileged items, such documents are produced herewith.

**Request No. 8**

8.  Produce documents concerning lodging or lodging reservations in December 1999. January 2000 or February 2000 at any location in California including but not limited to:(a) hotels in the vicinity of the Los Angeles International Airport, the King Fahad Mosque or the Saudi Consulate in Los Angeles, including but not limited to (1) the Travelodge located at or near 11180 Washington Place, Culver City, CA, (ii) the Halfmoon Motel located at or near 3958 S. Sepulveda Ave., Culver City, CA, and (iii) the Deano's Motel located at or near 3868 S. Sepulveda Ave., Culver City, CA; and (b) rentals at the Avalon Westside Apartments in Los

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
**Re:    In re: Terrorist Attack on 9/11/2001**
August 31, 2018
Page 6

Angeles made or arranged by any person, including but not limited to Thumairy, who held a work, volunteer or other position at the King Fahad Mosque.

**Supplemental Information Regarding Response to Request No. 8**

In your email of August 14, 2018, you requested we search for documents relating to Mr. Abdullah al Jraithen, aka Jaithen, based on your understanding that the mosque arranged for his lodging. The mosque does not have any documents relating to this person or his lodging. Again, if you can provide us with documents relating to the basis for your understanding, we will review it to assist in our search.

**Request No. 9**

9.    Produce documents concerning the use of any drivers, including but not limited to taxi, livery, private persons and/or volunteers, by or on behalf of the King Fahad Mosque from December 1,1999 through and including December 31, 2000.

**Supplemental Information Regarding Response to Request No. 9**

In your email to us of August 14, 2018, you stated that you knew that the mosque employed drivers, including Oualid Benomrane and a Yemeni man. The mosque does not have any documents relating to this person or to contracts employing any drivers. Again, if you can provide us with documents relating to the basis for your understanding, we will review it to assist in our search.

**Request No. 11**

11.    Produce documents containing a list of the persons serving on the Board of Directors of the King Fahad Mosque during the applicable time period and for each person on the Board of Directors, produce documents concerning their work experience, background and their relationship with the Kingdom of Saudi Arabia.

**Supplemental Information Regarding Response to Request No. 11**

In emails to us of August 14, 2018 and August 16, 2018, you stated that you had not received documents with the names of the persons actually serving on the board of directors during the applicable time period. We would direct your attention to KFM 0073, 75 and 76, as examples of documents that list the board of directors during the applicable time period.

Additionally, your emails request that we produce the mosque's original Articles of Incorporation. If you are requesting a copy of the mosque's original articles of incorporation from 1983, we will search for these records. However, we note that such records are well outside of the applicable time period and are publicly available as well.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
**Re:     In re: Terrorist Attack on 9/11/2001**
August 31, 2018
Page 7

Your email also requests documents concerning board members and actions between 1995 and 2001, including efforts to amend the articles of incorporation, notices served on board members and documents containing the names and positions the board members. You note that there were seven board members listed in the January 6, 1997 Articles. Please note that, as explained in KFM 0082, these seven board members were removed as they had not participated in any board action.

Many of the requests from your emails are well outside of the applicable time period, as defined in your subpoena. While we are happy to conduct an additional search, such a search will take time. If we locate non-privileged documents which are responsive to your requests, as stated in your emails, we will review them for possible production.

**Request No. 12**

12.     Produce documents containing a list of propagators working for the Ministry of Islamic Affairs in the United States during the applicable time period.

**Supplemental Information Regarding Response to Request No. 12**

As we stated in our original response, the mosque has no records relating to any "propagators." The mosque did not keep records relating to persons who could have been a "propagator."

**Request No. 13**

13.     Produce documents concerning the conference and/or meeting of propagators organized, funded and/or attended by the Saudi Embassy, the Saudi Consulate in Los Angeles and/or Ministry of Islamic Affairs and held in Los Angeles in July 1999.

**Supplemental Information Regarding Response to Request No. 13**

Thank you for providing the information relating to the meeting of the propagators and the testimony. However, as you can see from the testimony, any such meeting (if it ever took place) was organized by the Saudi government. The mosque has no records relating to any such event.

**Request No. 14**

14.     Produce documents containing a list of the persons, together with their home and home addresses, who were visiting scholars at the King Fahad Mosque during the applicable time period.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Mr. Steven R. Pounian
**Re:     In re: Terrorist Attack on 9/11/2001**
August 31, 2018
Page 8

**Supplemental Information Regarding Response to Request No. 14**

During our conversation, you requested that we search for any documents relating to "visiting scholars," or any documents relating to who was asked to lead prayers at the mosque, such as a bulletin, agenda or schedule of services.

During the applicable time period, as specified in the subpoena, Shaikh Tajuddin Shuaib was the Director and imam of the mosque who primarily delivered the Friday sermon and occasionally assigned individuals to lead Friday prayers. Shaikh Shuaib controlled the agenda and set the schedule. However, these were weekly programs and were not recorded in any document which we currently have.

Moreover, Shaikh Shuaib oversaw any person who would have fallen into the category you describe as "visiting scholars," but no records relating to any such persons were kept.

Unredacted Documents

At this time, we are unable to provide any unredacted documents. As noted in our previous responses, we have appropriately asserted various privileges, including a third party's privacy.

Sworn Statements

In your email, you requested that Dr. Khalil and Dr. Kaldirim provide sworn statements regarding various topics. We will be unable to provide you with sworn statements regarding these topics.

Please do not hesitate to contact us regarding these responses. Thank you.

Very truly yours,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

Eugene P. Ramirez, Esq.
Michael Watts, Esq.

EPR/MRW

cc: Mr. Andrew Shen