# Exhibit 7

# KREINDLER & KREINDLER LLP

750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

December 6, 2018

Eugene Ramirez, Esq.
Mike Watts, Esq.
Manning & Kass Ellrod, Ramirez, Trester LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017-3012

    Re:    In re: Terrorist Attacks on 9/11/2001
              Your File No.: 7037-70000

Dear Eugene and Mike,

    I am responding to your letter of November 27.

    First, could you please provide us with the first available dates for the depositions of Drs. Khalil and Kaldirim.

    Second, in a final effort to reach some agreement before we make our decision on filing a motion to compel, I would appreciate if you could consider and let us know whether the Mosque will produce unredacted copies of the "donation to volunteers against services" documents.

    The Mosque produced "donation to volunteers against services" documents at KFM 23, 25, 26, 28, 30, 31 and 33. Those documents range in date from Nov 1999 – Dec 2000. The documents show expenses paid by the Mosque, and we asked that the Mosque produce unredacted versions of those documents.

    So that there is no question over what we are requesting, enclosed is a second subpoena for the donation to volunteers against service documents from November 1999 through and including December 2000, together with the backup documents for the expenses set forth in the donation to volunteers documents. Also, the second subpoena seeks documents concerning the involvement of the Kingdom of Saudi Arabia in the establishment, organization, staffing, funding, management, construction, or oversight of the King Fahad Mosque and communications between the Islamic Foundation of Shaikh Ibn Taimmiyyah and the Kingdom of Saudi Arabia between 1994-1998. Please confirm that you will accept service of the subpoena on behalf of the Mosque.

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469  Fax: (213) 622-6019

Massachusetts Office
855 Boylston Street, Boston, MA 02116-2688
Tel: (617) 424-9100  Fax: (617) 424-9120

December 6, 2018
Page 2

    We would be glad to set up another call, but I believe our position is clear. As we said earlier, the documents could be produced under the existing Protective Order. If you have any particular issues with terms of that Order, please let me know.

    I would appreciate your prompt response.

                                Very truly yours,

                                Kreindler & Kreindler LLP

                                By:  Steven R. Pounian

Enclosure

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In Re Terrorist Attacks on Sept. 11, 2001 | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. MDL 03-1570 (GBD) (SN) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: King Fahad Mosque a/k/a Islamic Foundation of Sheikh ibn Tayymiah,
10980 Washington Boulevard, Culver City, CA 90232
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Kreindler & Kreindler LLP<br>707 Wilshire Boulevard, Suite 3600<br>Los Angeles, CA 90017 | Date and Time:<br><br>01/07/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/06/2018

CLERK OF COURT

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs' Executive Committees, who issues or requests this subpoena, are:
Steven R. Pounian and Andrew J. Maloney, Kreindler & Kreindler LLP, 750 Third Avenue, NY, NY 10017, spounian@kreindler.com 212-687-8181, Sean P. Carter, Cozen O'Connor, 1650 Market St., 28th Fl., Phila, PA 19103

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 03-1570 (GBD) (SN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

**I.**     **Instructions and Definitions:**

1. This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and all documents specified below are required to be produced as required by Rule 45.

2. Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, and without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3. With respect to any document withheld or redacted based on an assertion of common law privilege, a privilege log shall be provided. The privilege log shall provide information sufficient to evaluate the basis of any asserted privilege, including but not limited to: (a) the type of document; (b) date of document; (c) author; (d) recipient; (e) general subject matter of the document; and (f) basis for withholding production of the document or any portion of the document.

4. As used herein, the following terms are defined as follows:

    a)   "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B). A draft or non-identical copy is a separate document within the meaning of this term.

    b)   "Concerning" means relating to, referring to, describing, evidencing, or constituting.

    c)   "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    d)   "All," "any," and "each" shall each be construed as encompassing any and all.

    e)   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    f)   "King Fahad Mosque" shall mean the King Fahad Mosque located on Washington Boulevard in Culver City, California, also known as the Islamic Foundation of Sheikh Ibn Tayymiah, including without limitation its Board, affiliated institutes, corporations and commercial enterprises, as well as any official or employee of the King Fahad Mosque or any person acting as a representative of the King Fahad Mosque.

    g)   "Kingdom of Saudi Arabia" would be defined to include any official or agency of the Kingdom of Saudi Arabia, including without limitation King Fahd bin

1

Addulaziz and Prince Abdul Aziz bin Fahd, or any person or office acting on the behalf of them, and the Royal Diwan.

**II.     Documents to be Produced:**

1. Documents comprising all unredacted donation to volunteers against service documents of the King Fahad Mosque from November 1999 through and including December 2000, including unredacted copies of KFM 23, 25, 26, 28, 30, 31 and 33.

2. Documents concerning all backup, substantiation and support. including but not limited to any invoices, receipts, expense reports, checks and/or requests for payment to any person, for the payment of each donation to volunteers against service of the King Fahad Mosque from November 1999 through and including December 2000, including each such donation to volunteers shown in the unredacted documents produced in response to Request 1.

3. Documents concerning the involvement of the Kingdom of Saudi Arabia in the establishment, organization, staffing, funding, management, construction, or oversight of the King Fahad Mosque.

4. Communications between the Islamic Foundation of Shaikh Ibn Taimmiyyah and the Kingdom of Saudi Arabia between 1994-1998.