# Exhibit 9

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

IN RE:  TERRORIST ATTACKS ON      )      Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001          )      ECF Case

_____

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 03-cv-8591
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970
*Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al.*, No. 04-cv-7065
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-7216
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-7279
*Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al.*, No. 16-cv-7456
*Bowrosen, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8070
*McCarthy, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8884
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-117
*DeSimone v. Kingdom of Saudi Arabia*, No. 17-cv-348
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-450
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003
*The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-2129
*The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-2651
*General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, No. 17-cv-3810
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3887
*Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3908
*Abrams, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-4201
*Abtello, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5174
*Aasheim, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5471
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-6123
*Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-6519
*Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-7317
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-7914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No 17-cv-8617
*Behette, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-538
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-947
*Dillaber, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-3162
*Leff, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-3353

**PLAINTIFFS EXECUTIVE COMMITTEES' RESPONSES AND OBJECTIONS TO "DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" SERVED ON PLAINTIFFS BY THE KINGDOM OF SAUDI ARABIA**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rule 34"), the Memorandum Decision and Order issued by Judge Daniels on March 28, 2018 (ECF No. 3946) ("March 28 Order"), the Order issued by Judge Netburn on April 20, 2018 (ECF No. 3968) ("April 20 Order"), and Case Management Order #3 (ECF No. 248-2), the Plaintiffs' Executive Committees ("PECs"), on behalf of the plaintiffs in the captioned cases, respond to "Defendant's First Set of Requests for Production of Documents" served on Plaintiffs by the Kingdom of Saudi Arabia ("Saudi Arabia's Requests").

## PRELIMINARY STATEMENT

As Saudi Arabia, itself, asserts in its Responses and Objections to Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents Directed to the Kingdom of Saudi Arabia ("Saudi Arabia's Responses & Objections"), "Judge Daniels' March 28 Order directs that '*Plaintiffs* shall be permitted to conduct limited and targeted jurisdictional discovery.'" Saudi Arabia's Responses & Objections at 2, quoting March 28 Order at 23 (emphasis added); *see also* March 28 Order at 5 ("[T]his Court will exercise its discretion to allow *Plaintiffs* limited jurisdictional discovery)(emphasis added); Tr. of Conference (Apr. 12, 2018), ECF No. 3964, at 21:23-25 (making clear that the Court is allowing "*plaintiffs* to probe within each of those areas . . . that Judge Daniels identified.") (emphasis added).  Consistent with Judge Daniel's March 28 Order, Judge Netburn's April 20 Order authorized only plaintiffs to serve discovery demands.  April 20 Order.

Before Saudi Arabia served its discovery requests on April 26, 2018, Saudi Arabia never asked the Court to authorize it to serve jurisdictional discovery; nor did Saudi Arabia ever express to the Court or the plaintiffs that it intended to request permission to do so.  Throughout the course of the proceedings concerning Saudi Arabia's motion to dismiss, Saudi Arabia asserted that jurisdictional

discovery was not authorized.  In response to the plaintiffs' service of jurisdictional discovery on June 21, 2017, Saudi Arabia asserted that, until authorized by the Court in its discretion, discovery requests are premature.  Correspondence from Michael K. Kellogg to Robert T. Haefele, July 18, 2017.  In the Court's order scheduling the April 12, 2018 conference to discuss the jurisdictional proceedings as to Saudi Arabia (ECF No. 3948), the Court directed the parties to meet and confer to prepare "to propose and set a reasonable schedule for limited jurisdictional discovery." If Saudi Arabia intended to seek authorization to conduct jurisdictional discovery of plaintiffs, it was required by the Court's Order to raise the issue during the mandated meet and confer, and to request (and receive) the Court's authorization to pursue such discovery at the hearing on April 12, 2018.  Saudi Arabia never sought authorization for jurisdictional discovery, neither during the motion to dismiss proceedings, at the hearing on its motion to dismiss, in the meet and confer, at the conference, nor at any time before it served its discovery requests.

The discovery Saudi Arabia requests is vastly disproportionate to the current needs of the case. The Court has already found that Saudi Arabia is the party with the best access to the information relevant to the jurisdictional inquiry (ECF No. 3946, at 23).  Moreover, in the context of the current proceedings, plaintiffs have conducted discovery of other parties to the litigation (including Dallah Avco), other parties have produced documents on issues relevant to the jurisdictional inquiry, and plaintiffs put in evidence Documents responsive to Saudi Arabia's discovery requests.  In short, Saudi Arabia already has access to all or virtually all of the Documents responsive to its requests either from the record presented to the Court in the course of the motion to dismiss or from documents previously produced by other parties in the litigation.  Any expectation that plaintiffs should dedicate otherwise valuable resources scouring through evidence in the record or other previously produced discovery for Documents responsive to Saudi Arabia's discovery requests represent a burden wholly disproportionate to what is necessary to address the jurisdictional inquiry before the Court.

Finally, even if Saudi Arabia's discovery were proper (which it is not), plaintiffs object to production of any Documents at this time, before the scope of discovery has been determined and plaintiffs have obtained that discovery. While Saudi Arabia has sought to artificially restrict the issues, persons, subject, events and transactions at issue in discovery, and the temporal scope of discovery owed from Saudi Arabia to plaintiffs, it has written its own requests seeking much broader disclosure.

## PLAINTIFFS' OBJECTIONS TO INSTRUCTION IN PREAMBLE

Plaintiffs object to Saudi Arabia's instructions in the Preamble of "Defendant's First Set of Requests for Production of Documents" so far as the instructions purport to impose obligations exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, the March 28 Order, or the April 20 Order. Specifically, Saudi Arabia served its discovery requests on April 26, 2018, and instructed the plaintiffs to "serve written responses . . . by no later than May 11, 2018," or 15 days after service. Rule 34(b)(2)(A) sets a 30 day time period for responding to document requests, unless another deadline is ordered by the court. Because Saudi Arabia never disclosed that it intended to serve any discovery on plaintiffs, there was no discussion of a schedule for any such discovery and the Court never set an alternative deadline for responding to any discovery from Saudi Arabia.

## PLAINTIFFS' OBJECTIONS TO DEFINITIONS

1.      Plaintiffs object to Saudi Arabia's Definitions so far as they purport to impose obligations exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, the March 28 Order, or the April 20 Order. Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities. The following specific objections are without prejudice to this general reservation of rights.

2.      Plaintiffs object to Saudi Arabia's Definition No. 9 so far as it states a definition of "relating to," "related to," or "in relation to" that is broader than, or inconsistent with, the definition

of "concerning" provided by Local Civil Rule 26.3(c)(7). Plaintiffs will construe the terms "relating to," "related to," or "in relation to" consistent with the definition of "concerning" as provided by Local Civil Rule 26.3(c)(7).

3.      Plaintiffs object to Saudi Arabia's Definition No. 11 so far as it states a definition of "plaintiffs" that is broader than, or inconsistent with, the definition of "plaintiffs" provided by Local Civil Rule 26.3(c)(5). Plaintiffs will construe the term "plaintiffs" consistent with the definition of "plaintiff" as provided by Local Civil Rule 26.3(c)(5).  In particular, plaintiffs will not interpret any request to impose a discovery obligation on any person who is not a party to the litigation.

## PLAINTIFFS' OBJECTIONS TO GENERAL INSTRUCTIONS

1.      Plaintiffs object to Saudi Arabia's General Instructions so far as they purport to impose obligations exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, the March 28 Order, or the April 20 Order.  Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities. The following specific objections are without prejudice to this general reservation of rights.

2.      Plaintiffs object to Saudi Arabia's General Instruction No. 1 so far as it purports to impose an obligation exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or controlling case law concerning a party's obligation to search for and produce responsive documents.  Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities.

3.      Plaintiffs object to Saudi Arabia's General Instruction No. 6 so far as it purports to impose an obligation exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or controlling case law concerning a party's obligation

to search for and produce responsive documents.  In particular, to the extent that responsive documents are produced from the files of Plaintiffs' counsel, any "descriptive file folder" or "database category" remains attorney work product and will not be produced nor identified on a log.  Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities.

4.      Plaintiffs object to Saudi Arabia's General Instruction No. 9 so far as it purports to impose an obligation exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or controlling case law concerning a party's obligation to respond to a party's discovery requests.  In particular, plaintiffs object to the requirement that "all objections . . . must set forth all the information upon which you intend to rely in response to any motion to compel."

5.      Plaintiffs object to Saudi Arabia's General Instruction No. 10 so far as it purports to impose an obligation exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or controlling case law concerning a party's obligation to respond to a party's discovery requests.  In particular, plaintiffs object to the requirement that "you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request, and shall respond to the request as you interpret it."

6.      Plaintiffs object to Saudi Arabia's General Instruction No. 12 so far as it purports to impose an obligation exceeding or inconsistent with the November 19, 2012 Order Governing Identification of Privileged Documents (ECF No. 2644).

7.      Plaintiffs object to Saudi Arabia's General Instruction No. 14 so far as it purports to impose an obligation exceeding or inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or controlling case law concerning a party's obligation

to respond to a party's discovery requests. For example, plaintiffs object to the requirement that plaintiffs are obligated to provide "prompt and complete supplementation of the responses" if further information, evidence, or documentation "*is brought to the attention* of you or your attorneys or agents at any time subsequent to the service of any responses or production of any documents." (emphasis added). Plaintiffs will supplement their discovery responses as, and if, required by Rule 26(e) or any order of the Court.

8.      Plaintiffs object to Saudi Arabia's General Instruction No. 15 so far as it purports to impose an obligation that suggests a different scope of discovery between plaintiffs and Saudi Arabia.

## PLAINTIFFS' GENERAL OBJECTIONS

1.      Plaintiffs object to Saudi Arabia's Requests so far as they purport to impose obligations exceeding or inconsistent with the <u>Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, the March 28 Order, or the April 20 Order</u>. Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities. The following specific objections are without prejudice to this general reservation of rights.

2.      Plaintiffs object to Saudi Arabia's Requests so far as they call for the production of Documents subject to any privilege or protection, including without limitation the <u>attorney-client privilege and the work-product doctrine</u>. Plaintiffs further reserve the right to assert any other privilege the applicability of which becomes apparent upon further consideration, investigation, or review. All Responses in this filing are subject to and without waiver of any privilege or protection against discovery that may apply.

3.      Plaintiffs object to Saudi Arabia's Requests so far as they call for the production of Documents the disclosure of which is controlled by the Federal Rules of Civil Procedure, including

specifically Rule 26(a)(2) and Rule 26(b)(4) which govern the disclosure of information regarding parties' experts.

4.      Plaintiffs object to Saudi Arabia's Requests so far as Saudi Arabia has waived any right it may have had to request authorization to conduct jurisdictional discovery of plaintiffs.  Saudi Arabia has never requested an opportunity to conduct jurisdictional discovery of plaintiffs, much less specified the specific character of the discovery it would seek if authorized to conduct such discovery.  Indeed, to the contrary, Saudi Arabia has consistently asserted that jurisdictional discovery was neither authorized nor warranted.  By virtue of failing to have requested jurisdictional discovery, Saudi Arabia has waived any right to conduct such discovery at the jurisdictional phase.

5.      Plaintiffs object to Saudi Arabia's Requests so far as Saudi Arabia has not been authorized to serve jurisdictional discovery on plaintiffs.  Consistent with the fact that Saudi Arabia never sought an opportunity to conduct jurisdictional discovery of plaintiffs, none of the Court's orders authorize Saudi Arabia to conduct such discovery.  Indeed, as indicated in the Preliminary Statement of these Responses, Judge Daniels' March 28 Order (ECF No. 3946) contains no language suggesting that Saudi Arabia should be afforded an opportunity to conduct discovery of plaintiffs. Likewise, Judge Netburn's April 20 Order (ECF No. 3968), issued after the Court's hearing concerning discovery proceedings with regard to the claims against Saudi Arabia, plainly does not contemplate discovery by Saudi Arabia.

6.      Plaintiffs object to Saudi Arabia's Requests so far as Saudi Arabia served the discovery in contravention of the Court's orders and directives.  On March 30, 2018, Judge Netburn issued an Order (ECF No. 3948) setting a discovery conference concerning the jurisdictional proceedings as to Saudi Arabia for April 12, 2018, and expressly directing the parties "to meet and confer in advance of this conference," and to "be prepared to propose and set a reasonable schedule for limited

jurisdictional discovery." To the extent that Saudi Arabia sought an opportunity to conduct jurisdictional discovery of plaintiffs, it was required by the Court's Order to raise the issue during the mandated meet and confer, and to request (and receive) the Court's authorization to pursue such discovery at the hearing on April 12, 2018. However, Saudi Arabia never mentioned any desire or intention to pursue discovery of plaintiffs during the two telephone meetings held by the parties in advance of the hearing, and did not seek authorization from the Court to conduct discovery of plaintiffs at the hearing on April 12, 2018. Quite to the contrary, Saudi Arabia advocated that Judge Daniels' decision solely authorized discovery by plaintiffs of the Kingdom.

7.     Plaintiffs object to Saudi Arabia's Requests so far as the Requests are beyond the proper scope of discovery because they contravene the considerations articulated in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Specifically, for example, Rule 26 requires consideration of the following factors in determining the scope of discovery: "the proportional needs of the case," "the parties' relative access to relevant information" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, Saudi Arabia already has the benefit of the thousands of pages of evidence plaintiffs submitted in support of their theories of jurisdiction. Moreover, as Judge Daniels recognized when he authorized the plaintiffs (and only the plaintiffs) to propound discovery, Saudi Arabia has far superior access to relevant information. March 28 Order, ECF No. 3946, at p. 23 ("the party in the best position to shed light on th[e] inquiry is Saudi Arabia"). Finally, other defendants in the MDL have conducted extensive discovery of plaintiffs already. That includes Dallah Avco, the entity to which Omar al Bayoumi purportedly was "seconded" by the Saudi government. Plaintiffs' existing filings in opposition to the Kingdom's motion to dismiss, and discovery already provided to Dallah Avco and other defendants, provide access to all discovery the Kingdom could reasonably have been entitled to obtain from plaintiffs, had the Kingdom sought and received authorization to conduct discovery of plaintiffs, which it did not.

8.      Plaintiffs object to Saudi Arabia's Requests so far as the Requests propose a scope for discovery that is different from the scope applied to production of discovery responses from Saudi Arabia.  Saudi Arabia has sought to artificially restrict the issues, persons, subject, events and transactions at issue in discovery, and the temporal scope of discovery owed from Saudi Arabia to plaintiffs.  Even if Saudi Arabia's discovery were proper (which it is not), plaintiffs object to production of any Documents until after a determination is made regarding the proper scope of discovery.

9.      By agreeing to produce Documents in response to any Request, plaintiffs do not concede that any such Request seeks Documents that are relevant to the subject matter of these cases or that such Request is reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs specifically preserve all objections to relevance and burden.

10.      Plaintiffs' lack of objection to any specific Request is not an admission that Documents responsive to that Request exist.

11.      Any statement by plaintiffs in response to a Request that they will search for or produce Documents does not mean that plaintiffs have possession, custody, or control of any responsive Documents, or that any such Documents exist.

12.      Plaintiffs reserve the rights to (a) revise, correct, supplement, or clarify the content of any response in accordance with any applicable rule or law; (b) provide additional responsive information and Documents; or (c) challenge the authenticity or admissibility of any information or Documents in any hearing, proceeding, or trial.

**RESPONSES**

**REQUEST No. 1.**   All documents and communications relating to any official, employment, or agency relationship between the Kingdom of Saudi Arabia and Fahad Al Thumairy, Omar Al Bayoumi, and any subagents acting on their behalf regarding the provision of assistance to Nawaf Al Hazmi, Khalid Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 19-23 of the March 28, 2018 Order).

RESPONSE:  Plaintiffs incorporate by reference Plaintiffs' Objections to Instruction in

Preamble, Plaintiffs' Objections to Definitions, Plaintiffs' Objections to General Instructions, and

Plaintiffs' General Objections.  For the reasons articulated in Plaintiffs' Objections to Instruction in

Preamble, plaintiffs object to the obligation purportedly imposed in the preamble to Defendants'

requests as to the 15-day response deadline.  For the reasons articulated in Plaintiffs' Objections to

Definitions, plaintiffs object to Saudi Arabia's Definition No. 9 so far as it states a definition of

"relating to" that is broader than, or inconsistent with, the definition of "concerning" provided by

Local Civil Rule 26.3(c)(7).  Plaintiffs will construe the term "relating to" consistent with the definition

of "concerning" as provided by Local Civil Rule 26.3(c)(7).  For the reasons articulated in Plaintiffs'

Objections to General Instructions, plaintiffs object to Saudi Arabia's General Instruction Nos. 1, 6,

9, 10, 12, and 14.  For the reasons articulated in Plaintiffs' General Objections, plaintiffs object to this

request because Saudi Arabia has waived any right it may have had to request authorization to conduct

jurisdictional discovery, the Court has not authorized the jurisdictional discovery the Saudi Arabia

served on plaintiffs, the jurisdictional discovery Saudi Arabia served contravenes the Court's orders

and directives, and the discovery sought is beyond the scope of discovery as described by Rule

26(b)(1), because Saudi Arabia already has the benefit of the thousands of pages of evidence plaintiffs

submitted in support of their theories of jurisdiction and Judge Daniels has specifically  that Saudi

Arabia has far superior access to relevant information.  March 28 Order, ECF No. 3946, at p. 23 ("the

party in the best position to shed light on th[e] inquiry is Saudi Arabia").  Also for the reasons

articulated in Plaintiffs' General Objections, Plaintiffs object to this Request so far as Saudi Arabia

proposes a scope for discovery different from the scope applied to production of discovery responses from Saudi Arabia.

Finally, for the reasons articulated in Plaintiffs' General Objections 2 and 3, plaintiffs object to this request because, as phrased, it may be interpreted to seek production of Documents that are protected under the attorney work-product doctrine, attorney-client privilege, or Documents the disclosure of which is controlled by the Federal Rules of Civil Procedure, including specifically Rule 26(a)(2) and Rule 26(b)(4) which govern the disclosure of information regarding parties' experts.

Subject to and without waiving their objections, plaintiffs refer Saudi Arabia to the documents of record and produced to Saudi Arabia in the context of the plaintiffs' opposition to Saudi Arabia's motions to dismiss, including specifically the following documents:  (1) Exhibits 1-24 to the February 3, 2015 Affirmation of Sean P. Carter Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927); (2) Exhibits 1-273 to the February 3, 2015 Index of Evidence Supporting Plaintiffs' Averment of Facts in Support of Their Claims Against the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927-24); (3) Exhibits 1-83 to the November 9, 2017 Affirmation of J. Scott Tarbutton Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3783); (4) Exhibits 1-104 to the November 9, 2017 Affirmation of Robert T. Haefele Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3784); and (5) Exhibits 1-264 to the Index of Exhibits to Attorney Affidavit of James P. Kreindler and Steven R. Pounian in Opposition to the Motions to Dismiss of the Kingdom of Saudi Arabia and the Saudi High Commission (ECF No. 3780-

3).  Plaintiffs also will provide Saudi Arabia with copies of their responses to the discovery requests served by co-defendant Dallah Avco, and documents produced in response to those requests.  In addition, plaintiffs are in receipt of documents produced in discovery from Saudi Arabia's co-defendant, Dallah Avco.  Plaintiffs refer Saudi Arabia to Robert K. Kry, MoloLamkin LLP, 600 New Hampshire Avenue, N.W., Washington, D.C. 20037, telephone number 202-556-2011, counsel for Dallah Avco, and Alan Kabat, Bernabei & Kabat, PLLC, 1400 16th Street, NW, Suite 500, Washington, DC 20036, telephone number 202-745-1942, liaison counsel for the Defendants' Executive Committee of *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN), for copies of documents produced in discovery by Dallah Avco.  Further, plaintiffs agree to produce to Saudi Arabia, to the extent not already part of the record, responsive documents produced to plaintiffs' counsel as responsive to third-party subpoenas and Freedom of Information Act requests.

    **REQUEST No. 2.**    All documents and communications relating to any official, employee, or agent of the Kingdom of Saudi Arabia who directed Al Thumairy, Al Bayoumi, or any subagents acting on their behalf to provide assistance to Al Hazmi, Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 19 and 21-23 of the March 28, 2018 Order).

    RESPONSE:  Plaintiffs incorporate by reference Plaintiffs' Objections to Instruction in Preamble, Plaintiffs' Objections to Definitions, Plaintiffs' Objections to General Instructions, and Plaintiffs' General Objections.  For the reasons articulated in Plaintiffs' Objections to Instruction in Preamble, plaintiffs object to the obligation purportedly imposed in the preamble to Defendants' requests as to the 15-day response deadline.  For the reasons articulated in Plaintiffs' Objections to Definitions, plaintiffs object to Saudi Arabia's Definition No. 9 so far as it states a definition of "relating to" that is broader than, or inconsistent with, the definition of "concerning" provided by Local Civil Rule 26.3(c)(7).  Plaintiffs will construe the term "relating to" consistent with the definition of "concerning" as provided by Local Civil Rule 26.3(c)(7).  For the reasons articulated in Plaintiffs' Objections to General Instructions, plaintiffs object to Saudi Arabia's General Instruction Nos. 1, 6,

9, 10, 12, and 14.  For the reasons articulated in Plaintiffs' General Objections, plaintiffs object to this request because Saudi Arabia has waived any right it may have had to request authorization to conduct jurisdictional discovery, the Court has not authorized the jurisdictional discovery the Saudi Arabia served on plaintiffs, the jurisdictional discovery Saudi Arabia served contravenes the Court's orders and directives, and the discovery sought is beyond the scope of discovery as described by Rule 26(b)(1), because Saudi Arabia already has the benefit of the thousands of pages of evidence plaintiffs submitted in support of their theories of jurisdiction and Judge Daniels has specifically  that Saudi Arabia has far superior access to relevant information.  March 28 Order, ECF No. 3946, at p. 23 ("the party in the best position to shed light on th[e] inquiry is Saudi Arabia").  Also for the reasons articulated in Plaintiffs' General Objections, Plaintiffs object to this Request so far as Saudi Arabia proposes a scope for discovery different from the scope applied to production of discovery responses from Saudi Arabia.

Finally, for the reasons articulated in Plaintiffs' General Objections 2 and 3, plaintiffs object to this request because, as phrased, it may be interpreted to seek production of Documents that are protected under the attorney work-product doctrine, attorney-client privilege, or Documents the disclosure of which is controlled by the Federal Rules of Civil Procedure, including specifically Rule 26(a)(2) and Rule 26(b)(4) which govern the disclosure of information regarding parties' experts.

Subject to and without waiving their objections, plaintiffs refer Saudi Arabia to the documents of record and produced to Saudi Arabia in the context of the plaintiffs' opposition to Saudi Arabia's motions to dismiss, including specifically the following documents:  (1) Exhibits 1-24 to the February 3, 2015 Affirmation of Sean P. Carter Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927); (2) Exhibits 1-273 to the February 3, 2015 Index of Evidence Supporting Plaintiffs' Averment of Facts in Support of Their Claims

Against the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927-24); (3) Exhibits 1-83 to the November 9, 2017 Affirmation of J. Scott Tarbutton Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3783); (4) Exhibits 1-104 to the November 9, 2017 Affirmation of Robert T. Haefele Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3784); and (5) Exhibits 1-264 to the Index of Exhibits to Attorney Affidavit of James P. Kreindler and Steven R. Pounian in Opposition to the Motions to Dismiss of the Kingdom of Saudi Arabia and the Saudi High Commission (ECF No. 3780-3). Plaintiffs also will provide Saudi Arabia with copies of their responses to the discovery requests served by co-defendant Dallah Avco, and documents produced in response to those requests. In addition, plaintiffs are in receipt of documents produced in discovery from Saudi Arabia's co-defendant, Dallah Avco. Plaintiffs refer Saudi Arabia to Robert K. Kry, MoloLamkin LLP, 600 New Hampshire Avenue, N.W., Washington, D.C. 20037, telephone number 202-556-2011, counsel for Dallah Avco, and Alan Kabat, Bernabei & Kabat, PLLC, 1400 16th Street, NW, Suite 500, Washington, DC 20036, telephone number 202-745-1942, liaison counsel for the Defendants' Executive Committee of In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN), for copies of documents produced in discovery by Dallah Avco. Further, plaintiffs agree to produce to Saudi Arabia, to the extent not already part of the record, responsive documents produced to plaintiffs' counsel as responsive to third-party subpoenas and Freedom of Information Act requests.

**REQUEST No. 3.** All documents and communications relating to what Al Thumairy, Al Bayoumi, and any subagents acting on their behalf knew or should have known about Al Hazmi, Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 9-10 and 19-23 of the March 28, 2018 Order).

RESPONSE:  Plaintiffs incorporate by reference Plaintiffs' Objections to Instruction in Preamble, Plaintiffs' Objections to Definitions, Plaintiffs' Objections to General Instructions, and Plaintiffs' General Objections.  For the reasons articulated in Plaintiffs' Objections to Instruction in Preamble, plaintiffs object to the obligation purportedly imposed in the preamble to Defendants' requests as to the 15-day response deadline.  For the reasons articulated in Plaintiffs' Objections to Definitions, plaintiffs object to Saudi Arabia's Definition No. 9 so far as it states a definition of "relating to" that is broader than, or inconsistent with, the definition of "concerning" provided by Local Civil Rule 26.3(c)(7).  Plaintiffs will construe the term "relating to" consistent with the definition of "concerning" as provided by Local Civil Rule 26.3(c)(7).  For the reasons articulated in Plaintiffs' Objections to General Instructions, plaintiffs object to Saudi Arabia's General Instruction Nos. 1, 6, 9, 10, 12, and 14.  For the reasons articulated in Plaintiffs' General Objections, plaintiffs object to this request because Saudi Arabia has waived any right it may have had to request authorization to conduct jurisdictional discovery, the Court has not authorized the jurisdictional discovery the Saudi Arabia served on plaintiffs, the jurisdictional discovery Saudi Arabia served contravenes the Court's orders and directives, and the discovery sought is beyond the scope of discovery as described by Rule 26(b)(1), because Saudi Arabia already has the benefit of the thousands of pages of evidence plaintiffs submitted in support of their theories of jurisdiction and Judge Daniels has specifically  that Saudi Arabia has far superior access to relevant information.  March 28 Order, ECF No. 3946, at p. 23 ("the party in the best position to shed light on th[e] inquiry is Saudi Arabia").  Also for the reasons articulated in Plaintiffs' General Objections, Plaintiffs object to this Request so far as Saudi Arabia proposes a scope for discovery different from the scope applied to production of discovery responses from Saudi Arabia.

Finally, for the reasons articulated in Plaintiffs' General Objections 2 and 3, plaintiffs object to this request because, as phrased, it may be interpreted to seek production of Documents that are

protected under the attorney work-product doctrine, attorney-client privilege, or Documents the disclosure of which is controlled by the Federal Rules of Civil Procedure, including specifically Rule 26(a)(2) and Rule 26(b)(4) which govern the disclosure of information regarding parties' experts.

Subject to and without waiving their objections, plaintiffs refer Saudi Arabia to the documents of record and produced to Saudi Arabia in the context of the plaintiffs' opposition to Saudi Arabia's motions to dismiss, including specifically the following documents:  (1) Exhibits 1-24 to the February 3, 2015 Affirmation of Sean P. Carter Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927); (2) Exhibits 1-273 to the February 3, 2015 Index of Evidence Supporting Plaintiffs' Averment of Facts in Support of Their Claims Against the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927-24); (3) Exhibits 1-83 to the November 9, 2017 Affirmation of J. Scott Tarbutton Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3783); (4) Exhibits 1-104 to the November 9, 2017 Affirmation of Robert T. Haefele Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3784); and (5) Exhibits 1-264 to the Index of Exhibits to Attorney Affidavit of James P. Kreindler and Steven R. Pounian in Opposition to the Motions to Dismiss of the Kingdom of Saudi Arabia and the Saudi High Commission (ECF No. 3780-3).  Plaintiffs also will provide Saudi Arabia with copies of their responses to the discovery requests served by co-defendant Dallah Avco, and documents produced in response to those requests.  In addition, plaintiffs are in receipt of documents produced in discovery from Saudi Arabia's co-defendant, Dallah Avco.  Plaintiffs refer Saudi Arabia to Robert K. Kry, MoloLamkin LLP, 600 New

Hampshire Avenue, N.W., Washington, D.C. 20037, telephone number 202-556-2011, counsel for

Dallah Avco, and Alan Kabat, Bernabei & Kabat, PLLC, 1400 16th Street, NW, Suite 500,

Washington, DC 20036, telephone number 202-745-1942, liaison counsel for the Defendants'

Executive Committee of *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN), for

copies of documents produced in discovery by Dallah Avco.  Further, plaintiffs agree to produce to

Saudi Arabia, to the extent not already part of the record, responsive documents produced to plaintiffs'

counsel as responsive to third-party subpoenas and Freedom of Information Act requests.

**REQUEST No. 4.**     All documents you have obtained pursuant to Freedom of Information
Act request, subpoena, or any other U.S. or foreign judicial process, relating to any matters discussed
on pages 19-23 of the March 28, 2018 Order.  This request includes all documents created before,
during, and after the Relevant Period.

RESPONSE:  Plaintiffs incorporate by reference Plaintiffs' Objections to Instruction in

Preamble, Plaintiffs' Objections to Definitions, Plaintiffs' Objections to General Instructions, and

Plaintiffs' General Objections.  For the reasons articulated in Plaintiffs' Objections to Instruction in

Preamble, plaintiffs object to the obligation purportedly imposed in the preamble to Defendants'

requests as to the 15-day response deadline.  For the reasons articulated in Plaintiffs' Objections to

Definitions, plaintiffs object to Saudi Arabia's Definition No. 9 so far as it states a definition of

"relating to" that is broader than, or inconsistent with, the definition of "concerning" provided by

Local Civil Rule 26.3(c)(7).  Plaintiffs will construe the term "relating to" consistent with the definition

of "concerning" as provided by Local Civil Rule 26.3(c)(7).  For the reasons articulated in Plaintiffs'

Objections to General Instructions, plaintiffs object to Saudi Arabia's General Instruction Nos. 1, 6,

9, 10, 12, and 14.  For the reasons articulated in Plaintiffs' General Objections, plaintiffs object to this

request because Saudi Arabia has waived any right it may have had to request authorization to conduct

jurisdictional discovery, the Court has not authorized the jurisdictional discovery the Saudi Arabia

served on plaintiffs, the jurisdictional discovery Saudi Arabia served contravenes the Court's orders

and directives, and the discovery sought is beyond the scope of discovery as described by Rule

26(b)(1), because Saudi Arabia already has the benefit of the thousands of pages of evidence plaintiffs submitted in support of their theories of jurisdiction and Judge Daniels has specifically  that Saudi Arabia has far superior access to relevant information.  March 28 Order, ECF No. 3946, at p. 23 ("the party in the best position to shed light on th[e] inquiry is Saudi Arabia").

Also for the reasons articulated in Plaintiffs' General Objections, Plaintiffs object to this Request so far as Saudi Arabia proposes a scope for discovery different from the scope applied to production of discovery responses from Saudi Arabia.  Specifically, for example, while Saudi Arabia indicates response to this Request should include all documents regardless of their date, Saudi Arabia has simultaneously objected to production of Documents that post-date September 11, 2001.

Subject to and without waiving their objections, plaintiffs refer Saudi Arabia to the documents of record and produced to Saudi Arabia in the context of the plaintiffs' opposition to Saudi Arabia's motions to dismiss, including specifically documents within the following sets of documents:   (1) Exhibits 1-24 to the February 3, 2015 Affirmation of Sean P. Carter Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927); (2) Exhibits 1-273 to the February 3, 2015 Index of Evidence Supporting Plaintiffs' Averment of Facts in Support of Their Claims Against the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 2927-24); (3) Exhibits 1-83 to the November 9, 2017 Affirmation of J. Scott Tarbutton Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3783); (4) Exhibits 1-104 to the November 9, 2017 Affirmation of Robert T. Haefele Transmitting Evidence in Support of Plaintiffs' Memorandum of Law in Opposition to the Renewed Motions to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (ECF No. 3784); and (5)

Exhibits 1-264 to the Index of Exhibits to Attorney Affidavit of James P. Kreindler and Steven R. Pounian in Opposition to the Motions to Dismiss of the Kingdom of Saudi Arabia and the Saudi High Commission (ECF No. 3780-3).  Further, plaintiffs agree to produce to Saudi Arabia, to the extent not already part of the record, responsive documents produced to plaintiffs' counsel as responsive to third-party subpoenas and Freedom of Information Act requests (PECFOIA000001-49973 and ONEPEC00000001-ONEPEC00007138).   In addition, plaintiffs are in receipt of documents produced in discovery from Saudi Arabia's co-defendant, Dallah Avco.  Plaintiffs refer Saudi Arabia to Robert K. Kry, MoloLamkin LLP, 600 New Hampshire Avenue, N.W., Washington, D.C. 20037, telephone number 202-556-2011, counsel for Dallah Avco, and Alan Kabat, Bernabei & Kabat, PLLC, 1400 16th Street, NW, Suite 500, Washington, DC 20036, telephone number 202-745-1942, liaison counsel for the Defendants' Executive Committee of In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN), for copies of documents produced in discovery by Dallah Avco.  Further, plaintiffs agree to produce to Saudi Arabia, to the extent not already part of the record, responsive documents produced to plaintiffs' counsel as responsive to third-party subpoenas and Freedom of Information Act requests.

Dated:  May 23, 2018                                Respectfully,


COZEN O'CONNOR                           MOTLEY RICE LLC

By:  _/s/ Sean P. Carter_                     By:  _/s/ Robert T. Haefele_____
     SEAN P. CARTER                               ROBERT T. HAEFELE
     For the Plaintiffs Exec. Committees          For the Plaintiffs Exec. Committees

KREINDLER & KREINDLER LLP                ANDERSON KILL P.C.

By:  _/s/ James P. Kreindler___               By:  _/s/ Jerry S. Goldman_
     JAMES P. KREINDLER                           JERRY S. GOLDMAN
     For the Plaintiffs Exec. Committees          For the Plaintiffs' Exec. Committees

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2018, I caused a copy of the foregoing to be served on counsel for he Kingdom of Saudi Arabia via electronic means.

*/s/ Robert T. Haefele*