KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 6, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in support of the protective order sought by Defendants World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-International (collectively, "WAMY") with respect to Plaintiffs' Rule 30(b)(6) notice to WAMY dated May 22, 2019 ("WAMY Rule 30(b)(6) Notice"), attached as Exhibit A.

      The WAMY Rule 30(b)(6) Notice improperly seeks evidence to bolster Plaintiffs' already-dismissed claims against Saudi Arabia that is not relevant to any live claim against WAMY.  Plaintiffs previously sought to hold Saudi Arabia vicariously liable for "financial and operational support" that Al Qaeda allegedly received from WAMY and other charities.  *See In re Terrorist Attacks on September 11, 2011*, 298 F. Supp. 3d 631, 632 & 655 n.16 (S.D.N.Y. 2018) ("*Terrorist Attacks XII*").  Plaintiffs alleged that Saudi Arabia was the "alter ego" of WAMY and other charities because Saudi Arabia exercised "extensive control" over them.  *Id.* at 656.  Judge Daniels rejected those allegations as "'conclusory, [and] largely boilerplate.'"  *Id.* (quoting *In re Terrorist Attacks on September 11, 2011*, 134 F. Supp. 3d 774, 783-84 & n.9 (S.D.N.Y. 2015)).  And Judge Daniels did not allow jurisdictional discovery with respect to those allegations.  *See id.* at 640, 651 (allowing "limited and targeted jurisdictional discovery" into other issues).

      Despite Judge Daniels' refusal to allow jurisdictional discovery, Topic Nos. 1, 2, 5(d), 5(e), and 7(h) of the WAMY Rule 30(b)(6) Notice transparently seek evidence to support Plaintiffs' deficient "alter ego" allegations against Saudi Arabia.  Topic No. 1 seeks "[a]ll information concerning the relationship between WAMY and the Kingdom of Saudi Arabia"; Topic No. 2 seeks "[a]ll information concerning financial support provided to WAMY by officials of the Saudi government or members of the Saudi Royal family"; Topics 5(d) and 5(e) seek "the WAMY Governing Bodies' relationship with the Kingdom of Saudi Arabia" and

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
June 6, 2019
Page 2

"communications with the Kingdom of Saudi Arabia"; and Topic 7(h) seeks information about "WAMY-International's relationship with Khalid al-Sowailem" – a former employee of the Saudi Embassy in Washington, D.C. whose activities are in no way relevant to any claim Plaintiffs assert against WAMY.

Under Rule 26(c), this Court has "the right and responsibility to control the broad outline of discovery" and to prevent discovery efforts "that would be inconsistent with the scope of discovery already drawn by this Court." *Chevron Corp. v. Donziger*, 2012 WL 6634680, at *2 (S.D.N.Y. Dec. 19, 2012). Accordingly, this Court should strike Topic Nos. 1, 2, 5(d), 5(e), and 7(h) from the WAMY Rule 30(b)(6) Notice to prevent Plaintiffs from obtaining jurisdictional discovery from a third party (WAMY) that this Court has already ruled Plaintiffs may not obtain from Saudi Arabia. *See FHFA v. HSBC N. Am. Holdings Inc.*, 2014 WL 12791752, at *1 (S.D.N.Y. Jan. 8, 2014) (ordering defendants to "cease efforts to obtain from third parties the types of documents and information that this Court has previously ruled they may not obtain from [the plaintiff]"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) (quashing subpoena to a third party that would have "circumvent[ed] [the court's] prior decision" that the requested documents were irrelevant); *Goldstein v. FDIC*, 494 B.R. 82, 87 (D.D.C. 2013) (quashing subpoena to third party that sought the same documents the court had already ruled did not need to be produced by a party to avoid "open[ing] up an avenue for litigants to get around unfavorable holdings by the district court").

Allowing Plaintiffs to make an end run around the "limited and targeted jurisdictional discovery" ordered by Judge Daniels in *Terrorist Attacks XII* would also defeat the reason why Judge Daniels limited that discovery. "[S]ince 'sovereign immunity protects a sovereign from the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the [Foreign Sovereign Immunities Act of 1976].'" *Terrorist Attacks XII*, 298 F. Supp. 3d at 641 (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 210 (2d Cir. 2012), aff'd, 573 U.S. 134 (2014)). Here, Saudi Arabia should not be forced to continue to participate in discovery proceedings for claims that have been dismissed and for which the Court has refused to allow discovery.

Finally, Plaintiffs have given no legitimate reason for including Topics 1, 2, 5(d), 5(e), and 7(h) in the WAMY Rule 30(b)(6) Notice. The relationship between Saudi Arabia and WAMY is irrelevant to Plaintiffs' claims against WAMY. Those claims concern whether WAMY "knowingly and intentionally provid[ed] material support to al Qaeda" and have nothing to do with Saudi Arabia. *In re Terrorist Attacks on September 11, 2001*, 740 F. Supp. 2d 494, 519-20 (S.D.N.Y. 2010), aff'd, 714 F.3d 118 (2d Cir. 2013).

Because the WAMY Rule 30(b)(6) Notice seeks information regarding Saudi Arabia's relationship with WAMY (including financial support), Saudi Arabia has standing to challenge the notice. *See Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (a party has standing to challenge a subpoena to a non-party that seeks "'private,

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
June 6, 2019
Page 3

confidential, privileged, or highly sensitive'" information of the party) (quoting *Solow v. Conseco, Inc.*, 2008 WL 190340, at *4 (S.D.N.Y. Jan. 18, 2008)). In addition, WAMY is also challenging the same topics and unquestionably has standing to do so, removing any doubt about whether the Court may hear Saudi Arabia's objections. *See*, *e.g.*, *Secretary of Interior v. California*, 464 U.S. 312, 319 n.3 (1984) (where at least one party had standing to seek relief, declining to consider standing of other parties whose position was "identical").

        Respectfully submitted,

        /s/ *Michael K. Kellogg*

        Michael K. Kellogg
        *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)
       Chambers of the Honorable George B. Daniels (via Federal Express)