**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013) <br> Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Robert T. Haefele, *Co-Liaison Counsel* <br> MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

June 10, 2019

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees ("PECs") oppose the June 5, 2019 application of defendants World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-International (collectively "WAMY") for a protective order limiting the scope of the PECs' May 22, 2019 Rule 30(b)(6) notice of deposition pursuant to Fed. R. Civ. P. 26(c). For the reasons set forth below, plaintiffs respectfully ask the Court to deny WAMY's application and order WAMY to produce a 30(b)(6) witness that will provide testimony concerning allegations and facts this Court has already deemed relevant to plaintiffs' claims in this litigation.

**A.      Plaintiffs Timely Provided WAMY with the Rule 30(b)(6) Deposition Notice**

In issuing the Deposition Protocol Order ("Protocol"), the Court authorized that depositions of fact witnesses outside of the United States be noticed 21 days prior to the deposition. *See* Protocol at ¶ 28 ("Because additional planning, preparation, coordination, and travel is attendant to depositions conducted outside of the United States, depositions outside of the United States must be noticed at least twenty-one (21) days before they are scheduled to appear."). The PECs served WAMY with their Rule 30(b)(6) notice on May 22, 2019, *51 days* before the scheduled deposition date agreed to by WAMY, and more than double the time required by the Protocol. *See* Notice of Oral Deposition at Exhibit 1 (Rule 30(b)(6) deposition scheduled for July 11 and 13, 2019 in Madrid, Spain).

WAMY argues that the 51 day notice has created unnecessary time constraints that adversely affect its ability to "to prepare the necessary witnesses in a timely fashion," but otherwise fails to offer compelling evidence why it cannot prepare a witness(es) within that time frame to provide testimony concerning the detailed areas of factual inquiry, including issues this Court has previously considered and judged relevant to plaintiffs' claims. Relatedly, WAMY's application fails to inform the Court that the PECs offered to meet and confer with WAMY's counsel to discuss the concerns raised in WAMY's May 24, 2019 letter in

the hope of resolving the disputes. WAMY rejected the proposal outright, insisting there is insufficient time to confer with respect to a deposition that is more than 30 days away.[1]

In a further attempt to limit relevant testimony, WAMY ascribes a narrowing interpretation to an otherwise broad agreement between the parties that the 30(b)(6) witness will provide testimony relating to "banking records and other document issues." WAMY misapprehends that "other document issues" shall include, but are not limited to, the existence, organization, storage, location, and/or destruction of categories of records in WAMY's possession, custody, or control pertaining to allegations and facts advanced by the plaintiffs that are relevant to both plaintiffs' claims and WAMY's defenses. Indeed, the topics identified in the 30(b)(6) notice overwhelmingly are based on information included in WAMY's documents that are core relevance to the claims in issue, and the testimony sought thus concerns "other document issues." Moreover, there are very few witnesses with relevant knowledge from the applicable time period that remain available to provide testimony, per the PECs' review of WAMY's witness list. Given that circumstance, testimony concerning the evidence and information reflected in the documents is particularly appropriate and necessary. The PECs never entered in agreement with such a limiting reading as WAMY suggests in its application, and timely provided the defendant with a proper 30(b)(6) notice pursuant to ¶ 28 of the Protocol, well in advance (51 days) of the scheduled overseas deposition.

Finally, WAMY's application asserts wholesale objections to plaintiffs' 30(b)(6) notice, arguing that plaintiffs' areas of inquiry are irrelevant and have been rejected by the Court. For the reasons described below, those objections directly conflict with the prior rulings of the Court and should be denied.

**B.  Discovery Concerning WAMY's Relationship with Saudi Arabia is Relevant**

WAMY's assertion that discovery concerning its relationship with the Saudi government is not relevant to plaintiffs' claims and should preclude any such inquiries from the PECs during a Rule 30(b)(6) deposition, Motion at 2 (citing Topics 1, 2, 5(d), 5(e), and 7(h)), conflicts with this Court's August 29, 2018 ruling that such discovery is permissible. Indeed, after extensive briefing and evidence documenting direct ties between WAMY and the Saudi government relating to WAMY's budget, finances, and high-level policy making functions and activities,[2] the Court concluded that the relationship between WAMY and the Saudi government is relevant and directed WAMY to produce all responsive records. *See* Opinion and Order at 10-11 (ECF No. 4130).[3] WAMY's objection is also baseless because plaintiffs' discovery does not implicate the alleged immunity of the Kingdom. *See EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 210 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014) (sovereign immunity discovery concerns are not implicated or infringed when a party seeks discovery against non-sovereign non-parties because discovery will not cause burden or expense to the sovereign). Accordingly, plaintiffs' inquiries concerning the WAMY-Saudi Arabia relationship are proper.

---

[1] In a good faith attempt to accommodate WAMY's time concerns and allow the parties to confer, the PECs consented to an extension of the deadline for WAMY to submit its application for a protective order pursuant to ¶ 40 of the Protocol, and proposed rescheduling the 30(b)(6) deposition to a later date in July when plaintiffs will be in Madrid deposing other WAMY witnesses. WAMY rebuffed both proposals, which is, standing alone, reason to reject the application.

[2] Plaintiffs' Motion to Compel at ECF Nos. 3910-3912, 3962, and 3963.

[3] WAMY assertion that the Court's Opinion and Order at ECF No. 4130 precludes any testimony concerning audits (Topic 6(e)) is misleading. Motion at 2. The Court held *only* that it would not compel WAMY to conduct another search for audit records. Similar restrictions have never been ordered relative to fact deposition testimony.

### C. Discovery Concerning the Canadian Government's Investigation and Findings that WAMY Provided Direct Funding to Designated Terrorist Organizations is Relevant

WAMY's contention that discovery is foreclosed as to events occurring outside the temporal scope of discovery—in this instance, (1) the Canadian government's investigation and audit of WAMY-Canada which concluded in 2012 that WAMY maintained close relationships with and provided funding to Executive Order 13224 Specially Designated Global Terrorist ("SDGT") Benevolence International Foundation ("BIF"); and (2) any internal investigations conducted by WAMY concerning same[4] – has already been soundly rejected by this Court. In 2012, Magistrate Judge Frank Maas rejected this very same argument advanced by WAMY in opposition to plaintiffs' proposed Request for International Judicial Assistance (Letters Rogatory) to the Canadian government seeking investigation records, finding it appropriate to extend the timeframe for relevant discovery to later years. More recently, Your Honor authorized discovery as to WAMY's relationship with BIF, citing the Canadian government's investigation of WAMY-Canada and its intimate ties with BIF. *See* Opinion and Order at 11-13 (ECF No. 4130).[5]

### D. Discovery Concerning Topics 15-27 are Relevant to Plaintiffs' Claims

WAMY's argument that certain areas of inquiry in plaintiffs' 30(b)(6) notice are designed to discover contentions or legal theories rather than relevant facts is equally without merit. Motion at 3 (citing Topics 15-27). On the contrary, Topics 15-27 are substantively and temporally relevant to plaintiffs' well-documented claims in this litigation that WAMY provided significant funding and other support to al Qaeda in the decade leading up the September 11th attacks, WAMY was intimately involved in al Qaeda's operations, and WAMY allowed al Qaeda to use WAMY's infrastructure and resources to carry out violent jihad. As but one example, this Court specifically authorized discovery as to WAMY's relationship with, and financial support for, designated terrorist organizations Hamas, Fatah, and Palestinian Islamic Jihad (Topic No. 15), finding that any support provided to these organizations is relevant to plaintiffs' claims. *See* Opinion and Order at 13-14 (ECF No. 4130). Similarly, inquiries concerning relevant facts pertaining to the 2004 raid of WAMY-International's office in the United States by the FBI in connection with a terrorism investigation (Topic 25), are appropriate. *Alheid v. Target Corp.*, 2017 U.S. Dist. LEXIS 138922 (S.D.N.Y. Aug. 29, 2017) (overruling defendants' objections to 30(b)(6) notice seeking relevant facts).[6]

Because WAMY has failed to demonstrate good cause essential to obtaining a Rule 26(c) protective order, plaintiffs respectfully submit that WAMY's June 5, 2019 application should be denied.

---

[4] Motion at 3 (citing Topics (8(e), (f), (g), and 10(c), (d), and (e)).

[5] WAMY similarly objects to discovery concerning WAMY's branch office in Kashmir, arguing that any inquiries relating to that office "have no relevance to the issues in the litigation." Ex. 3 to Motion at 4. WAMY's argument is without merit. Plaintiffs have offered specific allegations and facts describing WAMY's history of support for al Qaeda's militant and terrorist activities in Kashmir, WAMY's ties to violent jihadist groups in Kashmir as reported in various media outlets, and WAMY Secretary General Maneh al Johani's calls to the Islamic world to support jihad to liberate Kashmir. Inquiries concerning these issues, including WAMY's sudden reversal that WAMY never had an office in Kashmir despite previously acknowledging the existence of the office, are relevant to plaintiffs' claims and therefore appropriate. *Compare* WAMY chart at ECF No. 4240-1 (identifying Kashmir as a "major branch office"), with Declaration of Omar T. Mohammedi at ECF No, 4465 at ¶ 17 (stating that "WAMY has never had an office in Kashmir (India)").

[6] WAMY's reliance on the holding in *JP Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. (S.D.N.Y. 2002) is misplaced. In *JP Morgan*, the Court denied plaintiff's 30(b)(6) request, finding that it "was irrelevant to any material fact issue in this case." 209 F.R.D. at 363.

Hon. Sarah Netburn
June 10, 2019
Page 4

_____

                                                    Respectfully submitted,

                                                    COZEN O'CONNOR

By:    J. Scott Tarbutton, on behalf of the Plaintiffs'
         Executive Committees

cc:    All MDL Counsel of Record (via ECF)