KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 11, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      Saudi Arabia submitted a letter in support of WAMY's motion for a protective order with respect to Topics 1, 2, 5(d), 5(e), and 7(h) in Plaintiffs' Rule 30(b)(6) Notice to WAMY because those topics sought evidence to support already-dismissed claims against Saudi Arabia and because any such evidence is irrelevant to any of Plaintiffs' pending claims against WAMY. Plaintiffs' opposition rebuts neither of those points.

      Plaintiffs incorrectly claim that the Court has already determined that the relationship between Saudi Arabia and WAMY is relevant. Although this Court previously compelled WAMY to produce documents regarding the relationship between WAMY and Saudi Arabia, this Court did not – and had no opportunity to – pass on the relevance of those documents. *See* ECF No. 4130, at 10-11. WAMY's sole argument in opposition to that motion to compel was that it had already produced relevant documents. *See* ECF No. 3949, at 17-18. At that time, WAMY did not contest relevance.

      Judge Daniels' March 28, 2018 Order dismissed all claims that the charities are "alter egos" of Saudi Arabia. Discovery on those claims is now clearly inappropriate. For that reason, Plaintiffs' reliance on *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 210 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014), is misplaced. There, the Second Circuit explained that "it is important to distinguish discovery requests made before a court conclusively has jurisdiction over a foreign sovereign from those made after such jurisdiction has been ascertained." *Id.* at 209-10. The Second Circuit was presented with the latter situation: discovery was sought "from a [sovereign] defendant over which the district court indisputably had jurisdiction," and, thus, the protections of sovereign immunity did not apply. *Id.* at 210. Here, by contrast, the Court has already held that Saudi Arabia is entitled to sovereign immunity with respect to any charity-related claim. Plaintiffs' pending claims against WAMY do not arise in any way from any asserted relationship between WAMY and Saudi Arabia, and

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
June 11, 2019
Page 2

Plaintiffs do not claim otherwise. *See In re Terrorist Attacks on September 11, 2001*, 740 F. Supp. 2d 494, 519-20 (S.D.N.Y. 2010), *aff'd*, 714 F.3d 118 (2d Cir. 2013). Accordingly, any discovery relating to the relationship between WAMY (or any other charity) and Saudi Arabia should be precluded by a protective order.

                Respectfully submitted,

                /s/ *Michael K. Kellogg*

                Michael K. Kellogg
                *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)
        Chambers of the Honorable George B. Daniels (via facsimile)