LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 801
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 X102
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, EASTERN & SOUTHERN
DISTRICT OF NEW YORK
US COURT ON INTERNATIONAL TRADE
ALGERIAN BAR

June 11, 2019

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

**RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Judge Netburn:

Defendants World Assembly of Muslim Youth-International and World Assembly of Muslim Youth-SA (collectively as "**WAMY**") respectfully submit this letter in reply to the Plaintiffs' Executive Committees' ("PECs") June 10, 2019 letter (the "**6/10 Letter**") in opposition to WAMY's and Saudi Arabia's ("**KSA**") letter motion (filed June 5, 2019 and June 6, 2019, respectively, and collectively hereinafter as the "**Letter Motion**") for a protective order limiting the scope of Plaintiffs' overly broad and unduly burdensome Rule 30(b)(6) notice (the "**Notice**"). WAMY particularly responds to two factual mischaracterizations in the PECs' 6/10 Letter.

*First*, the PECs' 6/10 Letter wrongly asserts that "the PECs never entered in agreement [sic] with such a limiting reading as WAMY suggests in its application", *i.e.*, "one (1) witness to testify on banking records and other document issues". The record confirms the parties' agreement to the contrary.

On April 10, 2019, after the initial deadline to complete fact depositions had passed, the PECs asked WAMY to consent to an adjournment of the April 1, 2019 fact discovery deadline to permit the PECs to depose four (4) witnesses: Saleh al Wohaibi, Abdul Wahab Noorwali, Ibrahim Anwar, and Ibrahim Alshalan. WAMY's agreement to extend the deadline included the agreement with PECs that a 30(b)(6) witness would be deposed in the place and stead of Ibrahim Alshalan because Mr. Alshalan is WAMY's lawyer and not a fact witness. In fact, it was the PECs that proposed substituting a Rule 30(b)(6) witness to "provide testimony concerning banking records and other document issues in Mr. Alshalan's place".[1] Based on that representation, WAMY agreed to produce a Rule 30(b)(6) witness to provide such testimony— not to exchange one limited fact

---
[1] WAMY's Letter Motion, Ex. 1.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

witness for a Rule 30(b)(6) witness to testify as to every claim Plaintiffs have ever asserted.[2]

Attempting to backpedal away from this agreement, the PECs now claim that the phrase "other document issues" somehow encompasses the 30 topics/73 subtopics set forth in the Notice. Interpreted within the context of the sentence in which that phrase appears, what was meant by "other document issues" was "other document issues" pertaining to and arising from the "bank records" discussed in Mr. Alshalan's Declaration. Also, the PECs inclusion of topics 15-27, listing PECs' contentions and theories of liability that have nothing to do with documents, belies their claim that the 30(b)(6) Notice was within the scope of their agreement to limit the scope of matters to "banking records and other document issues." The PECs' interpretation is without merit, is pure gamesmanship, and should be rejected.

*Second*, the PECs' 6/10 Letter asserts that "the PECs offered to meet and confer with WAMY's counsel to discuss the concerns raised in WAMY's May 24, 2019 letter" but "WAMY rejected the proposal outright".[3] This argument ignores that it was the PECs who refused to respond in writing to WAMY's good faith attempt to resolve the objections as WAMY repeatedly requested they do. Instead, the PECs did not suggest an oral meet-and-confer until ***June 4, 2019*** -- a full ***11 days*** after WAMY's May 24, 2019 letter; still refused to provide any written counter proposal, and sought to further delay any attempt to resolve the dispute.[4] Given the deadlines established in the Deposition Protocol Order ("**DPO**"), paragraph 40, as well as the hard deadline to complete fact depositions of July 31, 2019, this proposal was not reasonable.

The PECs' argument, in a footnote, touting their consent to extend WAMY's deadline to move for a protective order and to reschedule the 30(b)(6) deposition to a later date in July—when WAMY already has 4 days of depositions scheduled for the end of July—is a non-starter because it ignores the fact that these delays would have an adverse domino effect on the depositions scheduled for July, which the Court ordered must be completed by July 31, 2019. The PECs' argument also ignores the time it will take for WAMY to be ready for the deposition(s) once the 30(b)(6) issues are resolved including (i) determining which witnesses to designate to respond to particular matters, and then (ii) preparing the designated witnesses.

---

[2] *Compare* Mr. Alshalan's Declaration, ECF Doc. No. 4350 *with* the Notice.

[3] WAMY's May 24, 2019 letter was triggered by the PECs' service of the Notice upon WAMY two days earlier (on May 22, 2019). Thus, while it took WAMY two days to raise concerns to the PEC regarding the Notice, it took the PECs 11 days even to respond to, while failing to substantively address, the Notice.

[4] *See* Exhibit 1 hereto.

2

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

            Respectfully submitted,

            */s/ Omar Mohammedi*

            Omar T. Mohammedi, Esq.

            */s/ Fredrick Goetz*

            Frederick J. Goetz, Esq.