UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____          │
│ DATE FILED: __ 6/14/2019     │
└─────────────────────────────┘
```

In re:

        TERRORIST ATTACKS ON
        SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

<u>ORDER</u>

**SARAH NETBURN, United States Magistrate Judge:**

On May 22, 2019, the Plaintiffs' Executive Committees ("Plaintiffs") noticed a Rule

30(b)(6) deposition of Defendants World Assembly of Muslim Youth-International and World

Assembly of Muslim Youth-SA (collectively, "WAMY") (the "Deposition Notice"). WAMY

moves for a protective order limiting the scope of Plaintiffs' deposition. ECF No. 4571. In

addition, the Kingdom of Saudi Arabia (collectively with WAMY, "Defendants") filed a motion

in support of WAMY's request, objecting to those portions of the Notice seeking information

about the Kingdom. ECF No. 4575. Plaintiffs filed an opposition on June 7, ECF No. 4581, and

all three parties filed subsequent letters outlining their respective positions. ECF Nos. 4583,

4584, 4585. For the reasons that follow, WAMY and Saudi Arabia's motions are GRANTED in

part and DENIED in part.

**DISCUSSION**

Like other forms of discovery, a Rule 30(b)(6) deposition is subject to the limitations of

Rule 26 of the Federal Rules of Civil Procedure.[1] <u>City of New York v. Fedex Ground Package</u>

<u>Sys., Inc.</u>, 13-CV-9173 (ER), 2016 WL 1718261, at *5 (S.D.N.Y. Apr. 27, 2016) (citations

---

[1] WAMY contends that the scope of the Deposition Notice should be determined by reference to an
agreement between WAMY and Plaintiffs. ECF No. 4571, at 2–3. Because the scope of that agreement is
unclear — and because the Deposition Protocol clearly contemplates the taking of Rule 30(b)(6)
depositions — the Court declines to rule on these grounds.

omitted). As a result, the noticing party must demonstrate that "the information sought is relevant and material to the allegations and claims at issue in the proceedings." <u>BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.</u>, 14-CV-9371 (KPF) (SN), 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017). Although not unlimited, the relevance standard under Rule 26 is an "extremely broad concept." <u>Chen-Oster v. Goldman, Sachs & Co.</u>, 293 F.R.D. 557, 561 (S.D.N.Y. 2013).

Here, Plaintiffs allege that WAMY has "knowingly and intentionally provid[ed] material support to al Qaeda." <u>In re Terrorist Attacks on September 11, 2001</u>, 740 F. Supp. 2d 494, 520 (S.D.N.Y. 2010). Plaintiffs claim, for example, that WAMY, acting on behalf of al Qaeda, has raised and laundered funds; performed reconnaissance missions; and funded and facilitated al Qaeda training camps. <u>Id.</u> at 519. Information regarding WAMY's funding — including funding sources and distribution streams — is therefore relevant to Plaintiffs' allegations. Similarly, because WAMY has argued that its branch offices may have failed to follow instructions from headquarters or otherwise acted as rouge entities, the structure of control of WAMY's global operations is also relevant. Finally, as the Court has previously explained, evidence that WAMY has supported terrorist organizations is a proper topic for discovery. <u>See</u> ECF No. 4130, at 14. This information is responsive to WAMY's claim that it is a "peaceful organization that has never supported terrorist activity." <u>Id.</u>

The Deposition Notice largely focuses on WAMY's finances, organizational structure, and alleged support of terrorist activities. Because these topics are material to Plaintiffs' claims *against WAMY*, Defendants' relevancy objections are DENIED. <u>See</u> Deposition Notice, ¶¶ 1(b), 1(c), 1(d), 1(e), 2, 5(d), 6(e), 15–28. Other portions of the Notice, however, are overly broad and impose an undue burden on WAMY. <u>See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC</u>,

No. 10-CV-1391 (LGS) (JCF), 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013) (quoting Fed. R. Civ. P. 30(b)(6)) ("The party seeking a Rule 30(b)(6) deposition must first serve a notice that describes 'with reasonable particularity' the issues and topics that will be addressed at the deposition."). Accordingly, those topics are STRICKEN. See Deposition Notice, ¶¶ 1, 1(a), 5(e), 7(h), 13, 29, 30.

Plaintiffs also seek to depose WAMY regarding: (1) the Canadian government's 2012 investigation of WAMY's branch office in Canada; and (2) any internal investigations conducted by WAMY concerning the same. ECF No. 4581, at 3. WAMY opposes this request, claiming that any testimony would involve privileged communications and attorney work product. ECF No. 4571, at 3. Plaintiffs did not address WAMY's privilege claims in their opposition, and it is clear that the parties did not complete the meet-and-confer process regarding WAMY's motion generally. In addition, it is difficult for the Court to rule in the abstract, especially without seeing the documents on which WAMY's answers would rely. For these reasons, WAMY's request to strike paragraphs 8(e), (f), and (g), as well as paragraphs 10(c), (d), and (e), is DENIED without prejudice to renewal following the completion of the parties' meet-and-confer.

Defendants remaining arguments are unavailing. WAMY contends, for example, that certain topics in the Deposition Notice are contention depositions. ECF No. 4571, at 3 (citing paragraphs 15-27). This is not true. Plaintiffs seek testimony — not about WAMY's legal theories — but about relevant factual matters underlying Plaintiffs' allegations. These topics are, moreover, specific to particular allegations, and the Court does not interpret the phrase "All information concerning" to expand the topic beyond the targeted focus. WAMY also contends that Plaintiffs cannot ask questions about WAMY's internal audits of its branch offices. This argument misconstrues the Court's August 29, 2018 Opinion & Order. The Court held that

WAMY did not have to search for additional records, not that Plaintiffs were forbidden from pursuing this topic during a deposition. See ECF No. 4130, at 15. Accordingly, WAMY's argument is without merit.

For its part, Saudi Arabia argues that the Deposition Notice is irrelevant to Plaintiffs' claims against WAMY. ECF No. 4575, at 1. As discussed above, however, the Court disagrees. Saudi Arabia's concern that the Notice constitutes an impermissible attempt to obtain discovery about the Kingdom is therefore unfounded. See EM LTD. v. Republic of Argentina, 695 F.3d 201, 210 (2d Cir. 2012) (reasoning that a discovery order did not infringe on Argentina's sovereign immunity because, among other things, the subpoenas at issue were directed at two non-party banks whose compliance would "cause Argentina no burden and no expense").

## CONCLUSION

WAMY and Saudi Arabia's motions for a protective order are GRANTED in part and DENIED in part. The Court strikes the following paragraphs from the Deposition Notice as overly broad and unduly burdensome: 1, 1(a), 5(e), 7(h), 13, 29, 30. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 4571 and 4575.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     June 14, 2019
           New York, New York

4