UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:

*Betru et al. v. Islamic Republic of Iran,* 18-cv-8297 (GBD)(SN) (member case to *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN))

  JAMES P. KREINDLER, Esq., hereby states under penalty of perjury that:

  1. I am an attorney representing the *Betru* plaintiffs (whose case is associated with the cases of the *Ashton* plaintiffs) in the above-captioned litigation and I submit this declaration in support of the motion for final judgment on behalf of the individual claimants listed in Exhibit A, attached hereto, and for permission to allow any remaining *Betru* / *Ashton* plaintiffs to move for the same relief in separate stages.

  2. The source of my information and the basis for my belief in my statements is my personal involvement in this matter for over 17 years; my firm's representation of the claimants listed in Exhibit A in connection with the September 11th litigation as well as their family members; communications directly from family members of the individuals killed in the attacks on September 11th and the claimants listed in Exhibit A; official records provided by claimants; and other court records relating to the multi-district litigation to which the *Betru* and *Ashton* plaintiffs are or were parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

  3. I have been retained individually by the claimants listed in Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001.  My office has verified that none of the claimants listed in Exhibit A have recovered for

1

their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th attacks.

4. The decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the immediate and non-immediate family members whose relationships to the decedents are described in Exhibit A; the relationships of the non-immediate family members with the persons murdered in the September 11th terrorist attacks are detailed with particularity in the accompanying declarations, attached hereto as Exhibit B. These relationships have been personally verified by attorneys and paralegals in my office who have obtained written documentation and/or conducted interviews confirming the nature of the relationships.

5. In support of their entitlement to solatium damages, the non-immediate family member claimants have produced statements detailing the nature of their relationships with their respective decedents in the following declarations, attached hereto as Exhibit B:

    B-1.    Declaration of Vicki I. Burford, stepmother of Christopher Burford, decedent.

    B-2.    Declaration of Jeremy M. Krist, stepbrother of Christopher Burford, decedent.

6. Additionally, I have reviewed court documents from North Carolina, Onslow County, relating to the custody of Christopher Burford. That court issued a judgment on July 25, 1991 that awarded Christopher Burford's father David physical custody of Chris, who was then 13 years old. Under the terms of the Onslow County custody order, Chris was with his father full-time with the exception of two weekday evenings each month (from 6 to 9 pm), one 24-hour weekend period two times per month, every other spring school holiday, every other Thanksgiving school holiday, one month each year in the summer, one week during the winter holidays each and every mother's day.

7. The non-immediate family member relationships described in Exhibit A and detailed in Exhibit B satisfy the framework established by this Court and sufficiently show that those claimants are eligible for solatium damages.

8. While this Court previously established age guidelines that would inform the amount of a solatium award to be issued to non-immediate family members, and under a strict reading of those guidelines, Vicki L. Burford and Jeremy M. Krist would only be entitled to 50% of the ordinary presumptive amounts awarded to a parent and a sibling, respectively, in this case exceptional circumstances exist and warrant departing from the Court's guidelines. Vicki had been involved in Chris's life from the time he was about 12 years old. Vicki and her husband had full custody of 9/11 victim Chris from the time he was 13. Chris's primary maternal relationship was with Vicki, who provided for his material, emotional and social needs throughout his adolescence and young adulthood. She was effectively, in all but title, a mother to Chris and should be awarded solatium damages in the amount otherwise awarded to parents. Additionally, Jeremy was just 9 years old when Chris entered his life as an older brother and the two shared all of the indicia of a typical sibling relationship. They continued to be close up until Chris's death, with Chris bringing Jeremy to stay with him in the Marine barracks while Chris was assigned to work at the Pentagon shortly before his death. In documentation submitted to the Victim Compensation Fund, it was noted that Jeremy was an equal beneficiary of Chris's life insurance benefits, along with Chris's biological sister, further demonstrating that Chris and Jeremy were, for all intents and purposes, true siblings. Accordingly, both Vickie L. Burford and Jeremy M. Krist should be awarded the presumptive amounts that this Court has previously determined apply to the solatium losses suffered by the parent and sibling, respectively, of a person killed in the September 11th terrorist attacks.

9. To minimize the chance of any human error in submitting the instant motion, my firm has instituted a quality control process, during which an additional attorney and a paralegal review all case files and corroborate that the relationship is as stated in Exhibit A and the attached declarations and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10. Accordingly, I respectfully request that this Court grant the proposed order attached hereto as Exhibit C.

Dated: June 26, 2019
      New York, NY

                                /s/ James P. Kreindler
                                James P. Kreindler (7084)
                                Kreindler & Kreindler LLP
                                750 Third Ave, 32nd Floor
                                New York, NY 10017
                                (212) 687 – 8181