Case 1:03-md-01570-GBD-SN   Document 4605   Filed 06/26/19   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/26/2019

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

June 26, 2019

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

I write on behalf of the Plaintiffs' Executive Committees ("PECs"), seeking an emergency Order adjourning the depositions of World Assembly of Muslim Youth ("WAMY") witnesses currently scheduled to be held in Madrid during the week of July 9, 2019. The requested adjournment is necessary due to an extremely belated production of nearly 800 additional Arabic language documents by WAMY on June 3, 2019. **Information embedded in "attorney-client communications" stamps interposed on many of the documents indicates that those documents were collected in response to plaintiffs' document requests in August of 2012, and apparently withheld from production for nearly seven years, in apparent violation of this Court's orders.**

Plaintiffs are agreeable to conducting the depositions at the end of July, when the parties are scheduled to be in Madrid for depositions of other WAMY witnesses, or at an alternative time convenient for the parties. In a letter to WAMY's counsel, plaintiffs requested that WAMY consent to the adjournment sought here and explain the reason for its delayed production of the nearly 800 pages of documents. *See* PECs' June 25, 2019 letter, attached hereto as Ex. A. In a letter received from WAMY's counsel today, WAMY has rejected plaintiffs' request for adjournment, and offered a questionable explanation for the belated production of these documents. *See* WAMY's June 26, 2019 letter attached hereto as Ex. B. In support of plaintiffs' request for an adjournment of the depositions presently scheduled for July 9, 10, 11, and 13, plaintiffs offer the following facts.

1.      Plaintiffs served their document requests directed to WAMY in 2010. By order dated October 12, 2017, the Court granted WAMY a final extension of time, over plaintiffs' objection, and set a November 30, 2017 deadline for WAMY to complete its document production. *See* ECF No.

3762 ("Because WAMY has been given substantial time to produce documents, no further extensions of this deadline will be granted.")

2.  Plaintiffs filed a motion to compel on February 28, 2018 (ECF Nos. 3910-12), raising among other deficiencies WAMY's failure to produce all documents relating to WAMY's relationship with the Saudi government. *Id.* at 9-10. In its March 30, 2018 opposition to plaintiffs' motion to compel, WAMY represented to this Court that it "has produced all relevant documents in its possession dealing with its relationship with various ministries and embassies (some cited in Plaintiffs' motion)," and that the documents relating to its ties to the Saudi government that "Plaintiffs are looking for do not exist, and Plaintiffs' motion should therefore be denied." ECF No. 3949 at 17-18.

3.  By Order dated August 29, 2018, the Court directed WAMY to produce any and all additional documents in its possession relating to its relationship with the Saudi government by October 29, 2018, and to submit declarations by that same date describing WAMY's renewed efforts to search for and produce those documents. ECF No. 4130 at 17. At WAMY's request (ECF No. 4219), the Court thereafter extended those deadlines to November 12, 2018. ECF No. 4230.

4.  On November 12, 2018, WAMY submitted a declaration of Dr. Abdulhameed Ben Yousof al Mazroo, indicating that WAMY had located only 42 additional pages relating to that issue through further searches, which were produced on that same date. ECF No. 4251-1 at 12-15.

5.  On May 22, 2019, plaintiffs served a Notice of Deposition seeking testimony of WAMY pursuant to Rule 30(b)(6). Among other topics, the Notice sought testimony from a WAMY designee as to issues bearing on WAMY's relationship with the Saudi government. On June 5, 2019, WAMY sought a protective order precluding plaintiffs from pursuing testimony on issues relating to WAMY's relationship with the Saudi government. ECF No. 4571.

6.  On June 3, 2019 – more than a year and a half after the deadline for completion of WAMY's document production; over a year after WAMY represented in its opposition to plaintiffs' motion to compel that it had produced all documents relating to its relationship with the Saudi government; more than six months since the deadline set by the Court in granting plaintiffs' motion to compel for WAMY to produce any and all additional documents relating to its relationship with the Kingdom; and precisely as the dispute over plaintiffs' entitlement to obtain testimony from WAMY on issues bearing on its relationship with the Saudi government was unfolding – WAMY produced 779 pages of additional documents, virtually all in Arabic.

7.  For obvious reasons, plaintiffs had not expected an additional production of nearly 800 pages of Arabic documents from WAMY at this point in time, but nonetheless arranged for their subject matter experts with Arabic fluency to conduct an initial review as soon as possible. Plaintiffs understand from their consultants' preliminary review that the production includes documents responsive to several of plaintiffs' earliest document requests, including (but by no means limited to) requests served in 2010 seeking documents relating to WAMY's relationship with the Saudi government and specified Ministries of the Saudi government. In fact, the production contains hundreds of pages relating to dealings between WAMY and the Saudi government at the very highest levels, including directives issued by the King; funding from the Saudi government; coordination between WAMY and the Ministry of Islamic Affairs, Ministry of Foreign Affairs, and others; the involvement of WAMY in strategic initiatives of the Saudi government to expand its

influence outside of the Kingdom; WAMY's designation by the government to serve on Committees also including senior officials from several ministries; and numerous events and transactions of interest.  These are by far the most significant documents WAMY has produced to date relating to these issues, which plaintiffs have identified as a priority since the outset of discovery as to WAMY.[1]

8.      Many of the documents comprising the belated production bear an "attorney-client communications" stamp, which was interposed electronically.  The electronic data associated with that stamp on each document can be accessed by right-clicking on each stamp, and that data indicates that the stamps were affixed to the documents by a person designated as "amousa" during a concentrated period of several days in August 2012.  *This information indicates that many, if not all, of the records were collected and reviewed in response to plaintiffs' document requests in 2012, and withheld from production for seven years in apparent violation of WAMY's discovery obligations and numerous orders of this Court.*

9.      Plaintiffs have not yet identified a single document in the production that involves a communication with a lawyer, and the designation of these as attorney-client communications is entirely baseless.

10.     The documents belatedly produced by WAMY on June 3, 2019 are of singular relevance and importance to the depositions presently scheduled for the week of July 9, 2019 in Madrid.  Plaintiffs are scheduled to depose Saleh al Wohaibi, a long time WAMY senior official who has served as WAMY's Secretary General from 2002 to the present, and three witnesses (including Wohaibi) designated to testify for WAMY pursuant to Rule 30(b)(6).  Dr. Wohaibi has been designated to testify as to matters bearing on WAMY's relationship with the Kingdom, and the documents just produced are thus of key relevance to both his testimony as a fact witness and his testimony pursuant to Rule 30(b)(6).  Other of the witnesses set for that week have been designated to testify as to WAMY's efforts to collect documents responsive to plaintiffs' discovery requests and this Court's orders, and the documents are directly relevant to those issues as well.

11.     Plaintiffs need additional time to analyze the late production, to identify other documents in WAMY's production that are related to the issues and events described in the late production, to determine which of the documents need to be submitted for certified translations, to obtain those translations, and to conduct follow up investigations relating to certain key events, issues, and transactions reflected in the documents.  Finally, plaintiffs had already undertaken efforts with their consultants to identify priorities for these upcoming depositions and to identify documents relevant to those priorities.  Those assessments need to be revisited based on these new documents.

Plaintiffs respectfully submit that the documents in issue should have been produced years ago, that good cause exists to adjourn the upcoming depositions based on the severely belated production, and that the need for this adjournment is attributable solely to WAMY's failure to comply with its discovery obligations and this Court's orders.  To the extent the Court believes a telephone conference would be helpful in relation to this request, the PECs note that they will be deposing an IIRO witness located in the Philippines by video from 6 a.m. to 11 a.m. on Thursday and Friday (June 27-28), but are otherwise available.

---

[1] WAMY's claim that there is nothing new in the production, citing the fact that three previously produced documents are similar to four pages in the current production, is absurd.  As WAMY admits, 80% of the production, or about 640 pages, concerns WAMY's ties to the Saudi government and the activities of WAMY's senior leadership.  The information in those documents is in fact quite significant, and new.

3

LEGAL\41728817\1

Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | KREINDLER & KREINDLER |
| _/s/ Sean P. Carter_ | _/s/ Andrew J. Maloney_ |
| Sean P. Carter, Esquire | Andrew J. Maloney, Esquire |
| 1650 Market Street, Suite 2800 | 750 Third Avenue, 32nd Floor |
| Philadelphia, PA 19103 | New York, NY 10017 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

MOTLEY RICE

_/s/ Robert T. Haefele_
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims


cc:   The Honorable George B. Daniels (via Overnight Mail)
      MDL Counsel of Record (via ECF)

---

WAMY shall file a response to Plaintiffs' letter no later than 12:00 p.m. on Friday, June 27, 2019. In addition, a telephone conference is scheduled for Monday, July 1, 2019, at 11:00 a.m. The parties shall provide the Court with a call-in number for the conference.

**SO ORDERED.**

June 26, 2019
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge