LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x102
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

June 28, 2019

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

### RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570

Dear Judge Netburn:

    Defendants World Assembly of Muslim Youth-International and World Assembly of Muslim Youth-SA ("WAMY") respectfully submit this letter in opposition to the Plaintiffs' Executive Committees ("PECs") request for an Order adjourning the deposition of Saleh al Wohaibi currently scheduled for July 9-10, 2019, and three of WAMY's four designated Rule 30(b)(6) witnesses currently scheduled to testify on July 11, and 13, 2019 (the "Depositions"). As demonstrated herein, Plaintiffs' eleventh-hour request for an adjournment is, at best, a delay tactic founded on false, baseless, and offensive premises rather than showing any prejudice if the Depositions are not postponed. There should be no adjournment of these long-scheduled Depositions as the June 3, 2019 production was made in good faith as required by the Rules of Civil Procedure, as the documents largely relate to matters deemed irrelevant by Judge Daniels, as the last production contains some duplication and the total number of new documents is thus less than 800 pages out of more than 1.3 million pages WAMY produced, and as Plaintiffs have ample time to review and analyze the documents.

    Due to the nature of Plaintiffs' claims against WAMY, we respectfully request that the Court require Plaintiffs to provide evidence supporting their accusation that WAMY *purposely* withheld documents regarding the Kingdom of Saudi Arabia (the "KSA" and the "KSA Documents"), which WAMY later voluntarily produced, and used objections to Plaintiffs' Rule 30(b)(6) Notice to prevent Plaintiffs from questioning on the production of these documents. Attributing such nefarious purpose to WAMY without any basis is egregious and warrants the Court's concern. Plaintiffs accuse WAMY of seeking a protective order striking 29 questions from Plaintiffs' Rule 30(b)(6) Notice— only a few of which concerned WAMY's relationship with the KSA—for the purpose of shielding WAMY from questioning on the June 2019 Production. [ECF No. 4571]. WAMY's legitimate objections to Plaintiffs' overly broad and unduly burdensome Rule

30(b)(6) Notice should not be construed as bad faith, or a cover up.[1] Plaintiffs attempt to convolute the issues based on their groundless request to postpone the Depositions. Plaintiffs forget that it was Judge Daniels who rejected their "charity alter-ego" theory and therefore rendered this matter irrelevant.

Critically, Plaintiffs fail to demonstrate how they will suffer any prejudice from the disclosure. Plaintiffs will have had thirty-six days to review and analyze the June 2019 production's 778 pages many of which have been produced before. And, having had the documents for 24 days, Plaintiffs already have managed to describe them to the Court in great detail.[2] Given that Plaintiffs have had the KSA Documents for a sufficient period of time prior to the Depositions, they are unable to demonstrate any prejudice and their request for an adjournment should be denied. *Laryngeal Masc Co. v. Ambu A/S*, No. 07CV1988-DMS NLS, 2009 WL 953059, at *9 (S.D. Cal. Sept. 23, 2009) (Majority of documents produced long before the deposition; "while a smaller number documents were produced shortly before or after each deposition…there is no evidence of malfeasance or prejudice"); *Agudas Chasidei Chabad of U.S. v. Gourary*, 650 F.Supp. 1463, 1473 (E.D.N.Y.) aff'd 833 F.2d 431 (2d Cir. 1987) ("defendants have shown no prejudice from the delayed disclosure").

Contrary to Plaintiffs' fiction wherein WAMY supposedly withheld the KSA Documents for seven years in violation of "numerous" orders of this Court, WAMY objected—from the outset—to Plaintiffs' document requests seeking correspondence between WAMY and the KSA as irrelevant and immaterial *inter alia*. Thereafter, WAMY produced KSA Documents and, pursuant to this Court's August 31, 2018 Order [ECF No. 4130], supplemented its prior productions. Its ongoing effort to supplement its productions in order to provide a complete record—which it is obligated and has a right to do pursuant to Fed. R. Civ. P. 26—refutes Plaintiffs' baseless accusation that WAMY intentionally withheld responsive documents from production.[3]

---

[1] As set forth in WAMY's June 5, 2019 motion (ECF No. 4571), WAMY had not expected the Plaintiffs to serve a broad Rule 30(b)(6) notice in violation of their prior representation that they only sought a corporate representative to testify "concerning banking records and other document issues." *Id*. ("To WAMY's surprise the noticed matters are well beyond the agreed upon scope of banking records…"). The timing of the June 2019 Production is completely unrelated to WAMY's motion for a protective order—the submission of which was mandated by the timing of Plaintiffs' service of the Notice and the terms of the Deposition Protocol.

[2] *See* PECs' June 26, 2019 Letter (ECF No. 4603) at p. 2 ¶ 7 (according to Plaintiffs, the production contains "directives issued by the King; funding from the Saudi government; coordination between WAMY and the Ministry…; the involvement of WAMY in strategic initiatives of the Saudi government to expand its influence…; WAMY's designation by the government to serve on Committees also including senior officials from several ministries…").

[3] Gathering historical documents from a world-wide charity on a "time is of the essence" basis has been a daunting task that WAMY has confronted with deliberate and serious focus. WAMY has produced over 1.3 million pages to comply with its discovery obligations. WAMY asks this Court to direct Plaintiffs to cease and desist from making unnecessary attacks full of speculations that have no ground in facts or the law. Such attacks should be sanctioned.

In an exercise of utmost due diligence, counsel undertook steps to catalogue any previously produced KSA Documents that referred to another letter, report, or attachment that did not appear to have been previously produced. Counsel identified those references and instructed WAMY to immediately search for and produce the tagged materials in an abundance of caution, regardless of whether WAMY thought it had already produced those documents.

Based on the review of prior productions, the June 2019 production necessarily contains similar materials related to the previously produced KSA Documents. For example, WAMY's November 2018 production contained correspondence between the KSA and WAMY concerning donations from a Prince (WAMYSA1235426; WAMYSA1235424) and the June 3, 2019 production contains similar correspondence concerning donations from a Prince (WAMYSA1248998-99). The November 2018 production contained correspondence between the KSA and WAMY concerning the KSA's financial aid to WAMY (WAMYSA1235420) and the June 3, 2019 production contains similar correspondence on that topic (WAMYSA1248831).

Moreover, the June 2019 production produces KSA Documents that were previously produced without a referenced attachment or letter, or with a missing page(s), as a whole in order to avoid producing "orphan" attachments.[4] Thus, WAMY's previous production contained WAMYSA016200 and the June 2019 production contains the exact same letter together with a newly-produced letter and attachment referenced (but not previously located/produced) in the prior production (WAMYSA1248845-47).[5]

WAMY's June 2019 production was made in good faith, in an exercise of due diligence, and contains no new, game-changing documents. Plaintiffs waited 21 days to raise their request to adjourn the Depositions based on WAMY's June 2019 production which is based on and related to previously produced KSA Documents. Plaintiffs attempt to manufacture excuses and launch attacks on WAMY to convolute the issue at bar without demonstrating any prejudice supporting their request to postpone the Depositions. Plaintiffs' request should be rejected.

---

[4] By way of illustration only—WAMY's 8/1/14 production contained WAMYSA016200, reproduced on 6/3/19 with missing/referenced attachment at WAMSYSA1248845-847; WAMYSA016203 reproduced at WAMYSA124938-39; WAMYSA016208 reproduced at WAMYSA1248904-905 (second page referenced in prior correspondence); and WAMYSA015998-6008 reproduced at WAMYSA1249159-170 (prior version missing p.3). WAMY's 2012 production contained WAMYSA2618-19 reproduced at WAMYSA1248862-65 (related correspondence). After a closer look Counsel found that June 3, 2019 production contains duplicates of previous production as well. WAMY was only trying to make sure documents were not missing.

[5] Counsel previously instructed its client to cease stamping all of its documents with "attorney-client communications" and had manually removed the stamp. When WAMY sent missing orphan documents together with their parent document which they previously had produced—or believed had been produced, the parent document contained the old stamp. Had counsel noticed the stamp on previously produced WAMYSA1248845-46 (or other previously produced parent documents being re-sent with newly located attachments) they would have had it removed. By diligently combing through over 1.3 million pages, counsel located documents that may not have been produced and directed WAMY to search and find them.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

                                                  Respectfully,

                                                  /s/ Omar Mohammedi

                                                  Omar Mohammedi

                                                  /s/ Fredrick Goetz

                                                  Frederick Goetz