# EXHIBIT B

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**CONFIDENTIAL**

*By Email*

June 28, 2019

Sarah S. Normand, Esq.
U.S. Department of Justice
United States Attorney
Southern District of New York
86 Chambers Street
New York, NY 10007
Sarah.Normand@usdoj.gov

Re:   *In Re Terrorist Attacks On September 11, 2001 – Third-Party Witnesses*

Dear Ms. Normand:

I write on behalf of the Plaintiffs' Executive Committees (the "PECs") in response to your letter dated June 25, 2019, regarding depositions of third-party witnesses in government custody. As discussed in more detail below, the PECs are amenable to most of the Government's proposed conditions as to the depositions of third-party witnesses at USP Florence ADMAX in Florence, Colorado ("Supermax") and will await more definitive positions by the Government as to depositions of third-party witnesses at the Joint Task Force ("JTF") detention facility at Guantanamo Bay, Cuba and the federal Witness Security Program (the "WitSec Program").

## A. Individuals in the Custody of the Federal Bureau of Prisons

Regarding the Government's request that prior to deposing Mamdouh Mahmud Salim and Wadih el Hage at Supermax, "each attorney participating in the respective depositions, and also any translators or court reporters participating in such depositions . . . submit to an FBI background check . . . be given a copy of the SAMs ["Special Administrative Measures"] for the particular witness, and . . . sign an affirmation agreeing to abide by the SAM provisions prohibiting passing messages to third parties," the PECs agree to abide by this condition, and have done so in the past in connection with the examination of Supermax inmate Zacarias Moussaoui. We anticipate that the same, or a substantial overlap, of attorneys on behalf of the plaintiffs would be involved with these depositions.

Regarding the Government's request that "depositions must be marked as 'attorneys' eyes only,' and disseminated only to counsel of record in this case, until the Government completes a review of the transcript," the PECs request that plaintiffs' consultants who agree to abide by the SAM provisions also be allowed access to the deposition transcripts pending the Government's review and that such review will be completed in a reasonable timeframe.

Sarah S. Normand, Esq.
June 28, 2019
Page 2

The PECs agree to the Government's request that any deposition be recorded only stenographically, and not by video.

The PECs will reach out to counsel for Mamdouh Mahmud Salim and Wadih el Hage prior to their depositions to ascertain whether counsel anticipates their clients will appear.

### B. Individuals Detained at the Joint Task Force Detention Facility at Guantanamo Bay, Cuba

The PECs will reach out to counsel for Khalid Shaikh Mohammad, Ali Abdul Aziz Ali, and Mustafa Ahmed Adam al Hawsawi—who are currently detained at JTF—prior to the detainees' depositions.

We understand the Government is not objecting to these depositions at this time, but may do so if the witnesses are willing to appear for depositions. The PECs will respond accordingly. The PECs of course are willing to work with the Government to alleviate any logistical or security concerns the Government may have.

### C. One Individual Who Is Believed to Be in the WitSec Program

Your letter indicates that discretion to disclose the location of a witness in the WitSec Program lies solely with the Attorney General of the United States. With regard to that statement, we would initially note that we do not necessarily need to have the location of the witness disclosed to us, as a deposition could be conducted by videoconference with the witness located in an undisclosed location. Separately, we are uncertain whether this issue has been presented to the Office of the Attorney General for consideration, or whether your letter was intended to convey that we do so. Unless we hear from you to the contrary, we will direct our request on this issue directly to the Office of the Attorney General.

Regarding the Government's position neither confirming nor denying that Jamal al Fadl is in the WitSec Program and asserting general reservations that the Government need not produce any potential witness in the WitSec Program, the PECs reserve all of their rights to object to the Government's withholding of Jamal al Fadl, in the event the Government ultimately takes that position. As noted above, the PECs will work with the Government to alleviate any logistical or security concerns the Government may have.

Please contact us if you would like to further discuss any of these issues.

Very truly yours,

*/s/ Jerry S. Goldman*

Jerry S. Goldman

cc:  Jeannette Vargas, Esq.
   (via email Jeannette.Vargas@usdoj.gov)
   Andrew Krause, Esq.
   (via email Andrew.Krause@usdoj.gov)
   Sean P. Carter, Esq.
   (via email scarter1@cozen.com)
   J. Scott Tarbuttton, Esq.
   (via email starbutton@cozen.com)

docs-100147016.2

Sarah S. Normand, Esq.
June 28, 2019
Page 3

    James P. Kreindler, Esq.
      (via email jkreindler@kreindler.com)
    Andrew J. Maloney, III, Esq.
      (via email AMaloney@kreindler.com)
    Steven R. Pounian, Esq.
      (via email Spounian@kreindler.com)
    John Eubanks, Esq.
      (via email jeubanks@motleyrice.com)
    Robert T. Haefele, Esq.
      (via email rhaefele@motleyrice.com)