# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 25, 2019

By Electronic Mail

MDL 1570 Plaintiffs' Executive Committees
Attn: Sean P. Carter
Jerry S. Goldman
James P. Kreindler
Robert T. Haefele

MDL 1570 Defendants' Executive Committee
Attn: Alan R. Kabat
Steve T. Cottreau
Samid Guha

Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN)
Requests for third-party witness depositions

Dear Counsel:

This Office represents the interests of United States of America (the "Government") in the above-referenced matter. We write in connection with the parties' May 31, 2019, letter to the Court concerning, among other things, third party discovery, *see* Dkt. No. 4566, and the Court's June 10, 2019, scheduling order, *see* Dkt. No. 4582, to provide the Government's position as to the parties' requests to depose six witnesses who the parties believe to be "either in the custody or protection of the [Government]," Dkt. No. 4566 at 2.

**A. Individuals in the Custody of the Federal Bureau of Prisons**

The parties have identified two witnesses—Mamdouh Mahmud Salim and Wadih el Hage—who are currently in the custody of the Federal Bureau of Prisons ("BOP"), and are housed at USP Florence ADMAX in Florence, Colorado. The Government does not object to the depositions of Salim and el Hage, but for logistical, security, and administrative reasons, any depositions of these witnesses will have to be subject to certain conditions.

First, both Salim and el Hage are currently subject to Special Administrative Measures ("SAMs"), pursuant to 28 C.F.R. § 501.3, because "there is a substantial risk that [the] prisoner[s'] communications or contacts with persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons." Among other things, the SAMs for these inmates provide strict limitations on their communications with people outside of the USP Florence ADMAX facility. Before a deposition of either witness could proceed, the Department of Justice would have to

undertake a formal process to temporarily modify the SAMs for Salim and el Hage to allow them to have contact with the attorneys who would be conducting the depositions. The modifications will specify that prior to meeting with the inmates, each attorney participating in the respective depositions, and also any translators or court reporters participating in such depositions, will be required to submit to an FBI background check, will be given a copy of the SAMs for the particular witness, and will be required to sign an affirmation agreeing to abide by the SAM provisions prohibiting passing messages to third parties.

Second, any transcript of the depositions must be marked as "attorneys' eyes only," and disseminated only to counsel of record in this case, until the Government completes a review of the transcript to ensure that any testimony that is given does not run afoul of the SAMs or otherwise present security concerns.

Third, because of the SAMs and concerns about communications with unauthorized persons outside of USP Florence ADMAX, as well as concerns about the potential use for propaganda purposes of any video that is ultimately publicly filed or entered into evidence, any deposition should only be recorded stenographically, and not by video.

Fourth, we note that both Salim and el Hage are currently represented by counsel. In addition to complying with the requirement of Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure (requiring that a party obtain leave of court to take the deposition of a witness confined in prison), the parties should confirm with counsel for these witnesses that the witnesses will be willing to participate in the depositions. BOP officials have informed us that there have been instances where these individuals have refused to leave their cells, even for previously scheduled meetings. Given the significant logistical and procedural steps that must be taken to permit a deposition of inmates subject to SAMs, and these witnesses in particular, the parties should attempt to determine in advance whether these witnesses have any objection to the depositions, and the likelihood of their compliance with the depositions. The attorneys for Salim are Sam Braverman, Louis V. Fasulo, Michael Giordano, Icelsa P. Gonzalez, and Bernard Kleinman. The attorneys for el Hage are Alan Nelson and Ezra Spilke. The inmates' attorneys should be allowed to attend the deposition, if the inmate wants his attorney to be present.

Fifth, due to space limitations at the USP Florence ADMAX facility, and the need for security staff to be present with these inmates, no more than 15 outside personnel (including the court reporter, one Department of Justice representative, and, potentially, an attorney for the witness) will be able to attend either of these depositions.

**B. Individuals Detained at the Joint Task Force Detention Facility at Guantanamo Bay, Cuba**

The parties have identified three witnesses—Khalid Shaikh Mohammad, Ali Abdul Aziz Ali, and Mustafa Ahmed Adam al Hawsawi—who are currently detained at the Joint Task Force ("JTF") detention facility at Guantanamo Bay, Cuba. All three are current accused before a capital military commission, where they are charged jointly (and with two others) in connection with their alleged roles in the September 11, 2001, attacks against the United States. Specifically, they are charged with committing the following offenses: conspiracy; attacking

civilians; attacking civilian objects; intentionally causing serious bodily injury; murder in violation of the law of war; destruction of property in violation of the law of war; hijacking or hazarding a vessel or aircraft; and terrorism.

The Government has substantial concerns about facilitating any communication with these individuals, and there are significant logistical obstacles to proceeding with depositions, in any form, of these three individuals. As noted during the telephonic meet and confer on May 29, 2019, however, there is a threshold question regarding whether counsel for these individuals would object to depositions of their clients during the pendency of the military commission proceedings. All three are represented by counsel from the Military Commissions Defense Organization ("MCDO") as part of their ongoing military commission. Especially given the significant likelihood of overlap between the potential topics to be addressed at depositions and the charges that these accused are facing, the parties should confer with counsel for the witnesses to confirm that there is no objection to proceeding with civil depositions while the military commission is ongoing. In the event that one or more of the witnesses is willing to participate in a civil deposition despite the ongoing military commission, the Government will then determine whether it objects to such a deposition.

Lead counsel for the witnesses are as follows: for Khalid Shaikh Mohammad, David Nevin (david.z.nevin.civ@mail.mil or DNevin@nbmlaw.com); for Ali Abdul Aziz Ali, James Connell (james.g.connell7.civ@mail.mil), Jon Sands (Jon_sands@fd.org) (habeas counsel), and Daniel Kaplan (dan_kaplan@fd.org) (habeas counsel); for Mustafa al Hawsawi, Walter Ruiz: (walter.b.ruiz.mil@mail.mil).

### C. One Individual Who Plaintiffs Believe to Be in the Federal Witness Security Program

The parties also have identified one individual who they believe may be in the federal Witness Security Program ("WitSec Program"). Pursuant to longstanding practice, the Government will neither confirm nor deny whether an individual is, or was, a participant in the WitSec Program.

The decision whether to disclose the location of a potential witness who is in the WitSec Program "is solely within the discretion of the Attorney General." *Pacelli v. Nassau Cnty. Police Dep't*, 639 F. Supp. 1382, 1385 (E.D.N.Y. 1986); 18 U.S.C. § 3521(b)(1)(G) (providing that the Attorney General may "disclose or refuse to disclose the identity or location of the person relocated or protected, or any other matter concerning the person or the program"); 28 C.F.R. § 0.111B(b). If an individual is in the WitSec program, the Attorney General need not produce him in response to a subpoena in a civil suit, *see Pacelli*, 639 F. Supp. at 1385, and at least one court has found there to be no authority that would enable the court to order the Government to produce such an individual, *see United States v. Bd. of Educ. of City of Union City*, CIV. A. No. 83-2651, 1988 WL 188297, at *3 (D.N.J. Aug. 15, 1988). Of course, if an individual is not in the WitSec program, the Government has no obligation to assist the parties in locating the individual for purposes of serving a subpoena for his deposition testimony.

Please contact us if you would like to further discuss the Government's positions with respect to these categories of third party witnesses.

Sincerely,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: *<u>/s/ Sarah S. Normand</u>*
SARAH S. NORMAND
JEANNETTE A. VARGAS
ANDREW E. KRAUSE
Assistant United States Attorneys
Telephone: 212-637-2709/2678/2769