UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to: All Cases

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PETITION FOR A WRIT OF *HABEAS CORPUS AD TESTIFICANDUM***

By Order dated June 10, 2019, ECF No. 4582, this Court ordered any party seeking to make an application for relief related to the deposition of six individuals currently in the custody or protection of the U.S. Government to be filed by July 1, 2019.  Pursuant to that Order, Plaintiffs submit this Memorandum of Law in support of the Petition for Writ of *Habeas Corpus Ad Testificandum* for the production of Mamdouh Mahmud Salim and Wadih el Hage, currently in the custody of Warden Andre Matevousian at USP Florence ADMAX in Florence, Colorado ("Supermax"), to provide deposition testimony at Supermax.  By letter dated June 25, 2019, the U.S. Department of Justice, on behalf of the United States of America, confirmed that it "does not object to the depositions" provided certain logistical and security concerns are addressed.  *See* Declaration of Jerry Goldman dated July 1, 2019, Exhibit A, Letter from Sarah Normand to Plaintiffs' Executive Committees, dated June 25, 2019.[1]  Plaintiffs have agreed to work with the Government to address these concerns.

**I.      LEGAL STANDARD**

"The authority of the court to compel the attendance of an inmate witness . . . is to be found in a conjoint reading of 28 U.S.C. § 2241(c)(5) and 28 U.S.C § 1651(1)" through the issuance of a writ of *Habeas Corpus Ad Testificandum*.  *United States v. Gotti*, 784 F. Supp. 1011, 1012 (E.D.N.Y. 1992); *Atkins v. City of New York*, 856 F. Supp. 755, 757 (E.D.N.Y. 1994).  In addition to compelling production of a prisoner for a court appearance, the court may also issue a Writ of *Habeas Corpus Ad Testificandum* for the purpose of taking an oral deposition.  *See Calvente v. Suffold Cnty. Corr. Facility*, No. CV 15-2024, 2017 U.S. Dist. LEXIS 75472, at *2 (E.D.N.Y. May 16, 2017) (issuing a writ to the Superintendent of the Marcy Correctional Facility to have a prisoner delivered to Sing Sing Correctional Facility to sit for a

---

[1] Plaintiffs have contacted counsel for Mamdouh Mahmud Salim and Wadih el Hage to help facilitate the depositions.

1

deposition); *Waste Mgmt. of La. V. River Birch*, No. 11-2405, 2017 U.S. Dist. LEXIS 58842, at *7 (E.D. La. Apr. 13, 2017) (citing *Hasso v. Retail Credit Co.*, 326 F. Supp. 1179 (D. Del. 1971)) ("The Court may also issue a Writ of *Habeas Corpus Ad Testificandum* for the purpose of taking an oral deposition."); *In re Rothstein Rosenfeldt Adler, P.A.*, No. 11-61338, 2011 U.S. Dist. LEXIS 99651 (S.D. Fla. Sept. 6, 2011) (discussing issuance of a writ for habeas corpus *ad testificandum* for pretrial deposition).  A Writ of *Habeas Corpus Ad Testificandum* commands a prisoner's custodian to produce the witness and as such is the proper procedure here, as opposed to a subpoena, which only commands a prospective witness's attendance.  *See Gotti*, 784 F. Supp. at 1012.

"Whether a writ of *habeas corpus ad testificandum* is necessary is 'committed to the sound discretion' of the court, taking into account such factors as: '(i) whether the prisoner's presence will substantially further the resolution of the case; (ii) the security risks presented by the prisoner's transportation and safekeeping; and (iii) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.'"  *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 713, 723 (Bankr. S.D.N.Y. 2013) (quoting *Atkins*, 856 F. Supp. at 757); *see also Gotti*, 784 F. Supp. at 1012-13 (the court may also consider "whether the presence of the prisoner will advance the disposition of the case; . . . whether the witness to be called could offer evidence that was relevant").

## II. THE COURT SHOULD EXERCISE ITS DISCRETION IN GRANTING PLAINTIFFS' PETITION FOR A WRIT OF HABEAS CORPUS *AD TESTIFICANDUM*

Plaintiffs seek to depose Mamdouh Mahmud Salim and Wadih el Hage (collectively referred to as the "Deponents"), both of whom are currently detained at Supermax, and the Government "does not object to the depositions".  Mamdouh Mahmud Salim was an associate of

2

Osama bin Laden during the relevant time period and a founding member of al Qaeda.[2]  Wadih el Hage was also a member of al Qaeda during the relevant time period and bin Laden's personal secretary.[3]

Plaintiffs anticipate both witnesses will provide highly relevant testimony based on their positions within the al Qaeda organization and their involvement in organizing and facilitating the terrorist attacks on September 11, 2001.  Plaintiffs intend to depose these witnesses at Supermax.[4]  As such, the Deponents will not require transportation outside of Supermax, and Plaintiffs' counsel will work with the Government to ensure appropriate logistical and security measures are adhered to.  In addition, because the Deponents have both been given life sentences, staying this litigation until their release is not possible.

### III.  CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court issue a Writ of *Habeas Corpus Ad Testificandum* directing Warden Andre Matevousian at Supermax to produce Mamdouh Mahmud Salim and Wadih el Hage for depositions at Supermax.

---

[2] *See, e.g.*, Benjamin Weiser, *Reputed bin Laden Adviser Gets Life Term in Stabbing*, N.Y. Times (Aug. 31, 2010), https://www.nytimes.com/2010/09/01/nyregion/01salim.html.

[3] *See, e.g.*, Indictment of Wadih el Hage, http://webarchive.loc.gov/all/20011110104742/http://cns.miis.edu/pubs/reports/pdfs/binladen/indict.pdf.

[4] Plaintiffs are familiar with the procedures and safeguards associated with deposing a detainee of Supermax.  On October 20 and 21, 2014, Plaintiffs examined Zacarias Moussaoui without issue at Supermax.  On June 25, 2019, the U.S. Government confirmed that similar procedures could be used to depose these witnesses.  *See* Declaration of Jerry Goldman dated July 1, 2019, Exhibit A, Letter from Sarah Normand to Plaintiffs' Executive Committees, dated June 25, 2019.

Dated:  July 1, 2019

| | |
|---|---|
| KREINDLER & KREINDLER LLP<br><br>By:  /s/ *James P. Kreindler*<br>James P. Kreindler<br>Steven R. Pounian<br>750 Third Avenue<br>New York, NY  10017<br>Tel.:  (212) 687-8181<br>Email:  jkreindler@kreindler.com<br><br>*For the Plaintiffs' Exec. Committees* | MOTLEY RICE LLC<br><br>By:  /s/ *Robert T. Haefele*<br>Robert T. Haefele<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC  29465<br>Tel.:  (843) 216-9184<br>Email:  rhaefele@motleyrice.com<br><br>*For the Plaintiffs' Exec. Committees* |
| COZEN O'CONNOR<br><br>By:  */s/ Sean P. Carter*<br>Sean P. Carter<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA  19103<br>Tel.:  (215) 665-2105<br>Email:  scarter1@cozen.com<br><br>*For the Plaintiffs' Exec. Committees* | ANDERSON KILL P.C.<br><br>By:  */s/ Jerry S. Goldman*<br>Jerry S. Goldman, Esq.<br>1251 Avenue of the Americas<br>New York, NY  10020<br>Tel:  (212) 278-1000<br>Email:  jgoldman@andersonkill.com<br><br>*For the Plaintiffs' Exec. Committees* |