# Morgan Lewis

**Kelly A. Moore**
Partner
+1.212.309.6612
kelly.moore@morganlewis.com

August 1, 2019

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:    <u>In re Terrorist Attacks on September 11, 2001</u>, No. 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

As you know, we represent non-party witness Akram Alzamari. We write to seek clarification with respect to three aspects of the court's May 29, 2019 Order (Dkt. No. 4564): (1) our ability to share the content of the written deposition questions with our client; (2) the time for us to object to questions that have been (or will be) served by Plaintiffs and Defendants on Mr. Alzamari pursuant to Federal Rule of Civil Procedure 31 and the court's May 29 Order; and (3) the length of Mr. Alzamari's deposition.

   1.  <u>Disclosure of Content of Questions to Mr. Alzamari</u>

On July 19, Plaintiffs served 645 written deposition questions on counsel for Mr. Alzamari, counsel for the Kingdom of Saudi Arabia, and counsel for Dallah Avco and, in the notice of deposition, included language that the questions "shall not be shared with the witness by Mr. Alzamari's counsel or anyone else, either in writing or orally, in advance of his deposition." This instruction is inconsistent with the court's May 29 Order, which carefully balanced concerns Mr. Alzamari raised in his request for a Protective Order and Plaintiffs' concerns regarding the admissibility of Mr. Alzamari's answers at a future trial or hearing. In light of these competing interests, the court granted Plaintiffs' motion for reconsideration in which they requested that Mr. Alzamari sit for a videotaped deposition by written questions taken in accordance with the procedures and requirements of FRCP 31 and proposed limiting their questions to three topics. Regarding the procedures for serving written questions, the court directed that "the parties and Alzamari shall exchange questions."

Many of the 645 questions that Plaintiffs served relate to people and topics about which we have never asked our client and do not appear to relate to the three topics within the scope of the court's order. If we are not able to discuss those topics with our client, our ability to determine whether the questions fall within the scope of the court's order and whether they are objectionable will be severely limited. We raised these concerns with Plaintiffs but they are maintaining their

The Honorable Sarah Netburn
August 1, 2019
Page 2

position that we are not free to share the content of the questions with Mr. Alzamari, even though it would not impact the admissibility of Mr. Alzamari's answers at a future trial or hearing.

Because we do not agree that the court's order restricted us in this way and do not believe Plaintiffs can unilaterally do so in their deposition notice, we respectfully request clarification that the court's May 29 Order does not restrict our ability to discuss the content of the questions with our client to help us make appropriate and necessary objections.

2. Mr. Alzamari's Objections to Written Deposition Questions

FRCP 32(d) governs the time for **parties** to object to written deposition questions, but the rule is silent on the deadline for a non-party witness to object to questions served pursuant to FRCP 31. Similarly, the court's May 29 Order provides that Mr. Alzamari "can object, in advance, to the questions on privilege, scope, or other permissible grounds, subject to Rule 32(d)," without specifying any deadline for objections.

We contacted Plaintiffs and Defendants to ask if they had any objection to our serving our objections after all direct, cross, redirect, and re-cross questions have been served. Defendants agreed to our request; Plaintiffs denied our request and asserted their belief that Mr. Alzamari's objections are due tomorrow—Friday, August 2—without providing any support for that belief.

Plaintiffs' position is unreasonable given the breadth and scope of their questions. Specifically, on July 19, Plaintiffs served 645 written questions (38 pages of questions), many of which are or appear to be outside the scope of the court's order, *i.e.*, the three topics Plaintiffs listed in their motion for reconsideration. In addition, we cannot lodge appropriate objections as to the scope of Plaintiffs' written questions without fully discussing the content of the questions with Mr. Alzamari, to which, as described above, Plaintiffs are also objecting.

We respectfully request that Mr. Alzamari be given until August 19 to make objections to all direct, cross, redirect, and re-cross questions.

3. Deposition Timing

The length of Plaintiffs' written questions—645 questions—raises serious concerns about the court reporter's ability to complete the deposition in seven hours, the time allotted by FRCP 30(d)(1). Mr. Alzamari is a non-party witness with limited to no knowledge relevant to the pending jurisdictional discovery authorized in this case. However, simply reading all of these questions, putting aside the time it will take Mr. Alzamari to answer them, will exceed the time limit authorized by the rules. Indeed, for the deposition to be completed in seven hours, the number of questions permits only 39 seconds for each question and answer, and this does not account for cross, redirect, and re-cross questions.

The Honorable Sarah Netburn
August 1, 2019
Page 3

We respectfully request that the court limit the deposition to seven hours and direct Plaintiffs and Defendants to meet and confer and come to an agreement on dividing that time as they see fit, but in no event to exceed seven hours.

Very truly yours,


*/s/ Kelly A. Moore*

Kelly A. Moore