## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

August 2, 2019

VIA ECF/E-Mail
Hon. Sarah Netburn
United States Magistrate Judge for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Netburn_NYSDChambers@nysd.uscourts.gov

Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)
*This document relates to:* All Actions

## PLAINTIFFS' OPPOSITION TO ALZAMARI REQUEST TO MODIFY DEPOSITION

Dear Judge Netburn,

Plaintiffs respectfully submit this response in opposition to last night's letter filed by Kelly Moore, Esq. of Morgan Lewis, counsel to third party witness Akram Alzamari, seeking to further control and curtail the 9/11 Plaintiffs' rights to conduct a deposition of a material witness and deny access to critical information. The Court will recall that Ms. Moore raised certain purported security issues for the witness to the Court on an *ex parte* basis. The Court ultimately struck a balance and held that the deposition would proceed by written questions pursuant to Fed. R. Civ. P. 31 before a videographer.

The Court's May 29, 2019 Order [doc. 4564] permitted the Plaintiffs to inquire of the witness about the three topics, identified on pages four and five of our motion to reconsider:

1. ████████████████████████████████

2. the pre-September 11, 2001 observations and knowledge of the witness of the following individuals, and his interactions and discussions with them: (a) Saudi government diplomat and Imam Fahad al-Thumairy, Saudi employee Omar al-Bayoumi, Saudi Embassy and Consulate personnel, Saudi Ministry of Islamic Affairs personnel, and any other Saudi

government personnel; (b) 9/11 hijackers Nawaf al-Hazmi and Khalid al-Mihdhar; and (c) any individuals who had interactions with and/or provided assistance to the hijackers, including ▮▮▮▮▮ and family, and ▮▮▮▮▮, who Thumairy and Bayoumi tasked to help the hijackers;

    3.    the observations and knowledge of the witness concerning the King Fahad Mosque, its employees, operation, and leadership prior to September 11, 2001, and the visits of the 9/11 hijackers to that Mosque.

    On July 19, 2019, Plaintiffs served Ms. Moore with 244 deposition questions to be asked of Mr. Alzamari at his deposition by the court reporter. Many of the questions have sub-parts that are natural follow-up questions depending upon his answer to the topic. In many cases, if the initial response is negative, the follow-up questions would not be asked. Ms. Moore's letter counts all sub-parts, many of which may not get asked, in reaching the 645 number she articulated.[1] Counsel for the Kingdom served its questions for cross examination moments ago. They are brief and contain 18 questions and the reading of some statements.

    Similar to a lawyer's preparation of a witness for any deposition, Ms. Moore can prepare Mr. Alzamari for his deposition by advising him about the three topics above and the FBI 302s interview statements of Mr. Alzamari that were provided to her several months ago. There is no precedent or proper basis for Ms. Moore to give Mr. Alzamari the actual deposition questions in advance of his testimony. The purpose of the deposition is to hear from the witness, and not get responses scripted by counsel.

This Court has described a deposition as:

> a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness — not the lawyer — who is the witness.

*Abu Dhabi Commercial Bank, v. Morgan Stanley & Co. Inc.*, No. 08 CV 7508, 2011 U.S. Dist. LEXIS 116840, 2011 WL 4526141, at *7 (S.D.N.Y. Sept. 21, 2011) (citing *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)); *see also Cordero v. City of New York*, 2017 U.S. Dist. LEXIS 80556, at *17 (E.D.N.Y. May 12, 2017) (quoting *Abu Dhabi*).

---

[1] In recent third party witness deposition of Dr. Khalil, over 1,500 questions were asked by the parties within seven hours.

2

"To allow private conferences initiated by the witness would be to allow the witness to listen to the question, ask his or her lawyer for the answer, and then parrot the lawyer's response. Again, this is not what depositions are all about -- or, at least, it is not what they are supposed to be all about." Hall v Clifton Precision, 150 FRD 525, 528 (E.D. Pa. 1993); See also this, from *Cordero v. City of New York*, 2017 U.S. Dist. LEXIS 80556, at *17 (May 12, 2017, EDNY).

The people and topics identified in Plaintiffs' questions are within the scope of the Court's Order. No suggestion is made otherwise. Nor is any claim made that Plaintiffs' questions implicate any of the concerns raised by Ms. Moore before this Court *ex parte*.

Rule 31 requires service of cross-examination questions 14 days after service of the opening questions on direct. That deadline is today, August 2. Plaintiffs then have 7 days to serve their re-direct questions.[2] Plaintiffs told Ms. Moore that they must receive her objections now so that Plaintiffs are aware of any disputes, and in particular any instructions not to answer a question, before we are required to submit our re-direct questions.

If the Court is inclined to grant more time for Ms. Moore to lodge her objections, Plaintiffs respectfully request that the Court allow Plaintiffs additional time to submit their re-direct questions and resolve any objections to a question re before the deposition which is presently noticed for August 21.

Finally, while not raised in Ms. Moore's letter, we discussed with Ms. Moore that now that she has our questions and can see that they do not raise the security issues discussed *ex parte*, whether she would now consent to a more traditional deposition where the lawyers would read the questions that have been submitted in advance and only deviate to clarify a question, engage in natural follow up or re-phrase an otherwise objectionable question. In a less than ideal alternative, we asked that we allow a limited number of counsel be present in person or by video conference in the event that one of these issues arises and can be resolved expeditiously among the parties or with the assistance of the Court. Ms. Moore has not stated a firm position on this.

Respectfully submitted,

| MOTLEY RICE LLC | KREINDLER & KREINDLER LLP |
|---|---|
| By: /s/ *Robert T. Haefele* | By: /s/ Andrew J. Maloney, III |
| Robert T. Haefele | James P. Kreindler |
| For the Plaintiffs Exec. Committees | Steven R. Pounian |
| | For the Plaintiffs Exec. Committees |

---

[2] As of the drafting of this letter, Plaintiffs have not received any questions for cross examination from Dallah Avco.

3

COZEN O'CONNOR

By: /s/ Sean P. Carter
Sean P. Carter
For the Plaintiffs Exec. Committees

cc:	The Honorable George B. Daniels, By Mail

(VIA E-MAIL)

Michael K. Kellogg, Esq.
Mark C. Hansen, Esq.
Gregory G. Rapawy, Esq.
Andrew Chun-Yang Shen, Esq.
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
mkellogg@kellogghansen.com
mhansen@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com
(Counsel for the Kingdom of Saudi Arabia)

Robert K. Kry, Esq.
MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, DC 20037
rkry@mololamken.com
(Counsel for Dallah Avco)