USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/06/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**In re:**

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

03-MDL-01570 (GBD)(SN)

**ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    On May 29, 2019, the Court permitted, subject to certain limitations, the Plaintiffs' Executive Committees ("Plaintiffs") to depose non-party witness Akram Alzamari by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure. ECF No. 4564, at 2. On August 1, 2019, Alzamari requested clarification with respect to three aspects of the May 29 Order: (1) whether counsel can share the content of the written questions with Alzamari before the deposition; (2) the date by which Alzamari is required to object to questions that have been (or will be) served by Plaintiffs and Defendants; and (3) the length of Alzamari's deposition. On August 2, the Court stayed Alzamari's deadline to object to Plaintiffs' written questions and directed any interested party to file a responsive letter by August 5. ECF No. 4726. Plaintiffs filed an opposition later that same day. ECF No. 4727.

**I.    Disclosure of Written Deposition Questions**

    Rule 31 does not address whether counsel for a non-party witness can share the content of written deposition questions with her client in advance of the deposition. Addressing this exact issue, a court in this District concluded that the practice was permissible. See Hamdi & Ibrahim Mango Co. v. Fire Ass'n of Philadelphia, 20 F.R.D. 181, 183 (S.D.N.Y. 1957) ("[A]ny rule that a deposition is to be suppressed merely because counsel had reviewed the questions

with his witness beforehand, or had given the witness copies of direct interrogatories, would be most unfair and cannot be justified."). Commentators agree that, while sharing written questions in advance renders Rule 31 depositions a less preferable discovery tool, doing so is permissible under the Federal Rules. Moore's Federal Practice, § 31.02 (vol. 7, 2019) ("Written questions are often provided in advance to the witness by a party who considers it in its interest to do so."); see also Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co., 615 F.2d 595, 600 n.5 (3d Cir. 1980) (noting that oral depositions are preferable because of the "*spontaneity* of the responses") (emphasis added).

  Accordingly, Alzamari's counsel may share the content of the parties' written deposition questions with Alzamari before his deposition. This practice is particularly appropriate here, where the Court has found good cause to limit the scope of Alzamari's deposition to certain enumerated topics. ECF No. 4564, at 2. If Alzamari's counsel cannot confer with her client regarding the content of the deposition questions, she cannot properly object to the questions in advance, as is her right under Rule 32(d).

  The Court acknowledges Plaintiffs' concern that, in the abstract, disclosing the contents of the parties' deposition questions may enable counsel to assist the witness in providing carefully tailored answers. But the alternative is simply unworkable. If Alzamari's counsel could not share the contents of the parties' questions, she would be forced to object to every question that referenced events or topics that she did not recognize. This creates inefficiencies for the parties and would needlessly burden the Court to resolve the parties' eventual disputes. Moreover, for Rule 30(b)(6) depositions, the noticing party must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Thus, the Federal Rules

contemplate the disclosure of deposition topics in similar circumstances, which further supports the Court's decision here.

## II.     Timing of Alzamari's Objections

Given the Court's ruling regarding the disclosure of the contents of the parties' written deposition questions, the parties are directed to meet-and-confer regarding the timing for Alzamari to serve objections; Plaintiffs to serve redirect questions; and Saudi Arabia and Dallah Avco to serve re-cross questions within the scheduled August 21 date for the deposition. In the alternative, the parties can mutually agree to adjourn the deposition to a later date.

## III.    Length of Alzamari's Deposition

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and the Court's January 31, 2019 Deposition Protocol, Plaintiffs are permitted to depose Alzamari for a total of seven hours. Defendants are permitted to depose Alzamari for an additional seven hours, although the Court does not anticipate that Defendants will need the entire time. See Fed. R. Civ. P. 30(d)(1); ECF No. 3894, ¶¶ 9, 75–76.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     August 6, 2019
           New York, New York