KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

August 6, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
          (All Actions)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") concerning certain sealed filings by the Plaintiffs' Executive Committees ("Plaintiffs"), dated August 5, 2019.  Those filings include two sets of objections to this Court's orders under Rule 72(a) of the Federal Rules of Civil Procedure; a motion to reconsider a discovery order under Local Civil Rule 6.3; and a motion to vacate a discovery order that is, in effect, a motion for reconsideration. Accordingly, the deadlines for Saudi Arabia to respond range from seven days (under Local Civil Rule 6.1(a), as incorporated by Local Rule 6.3) to 14 days (under Federal Rule 72, although Rule 72(a) is not explicit on this point).

      Saudi Arabia respectfully requests that the Court set a uniform period of 14 days (to and including August 19, 2019) for Saudi Arabia's responses to Plaintiffs' August 5 filings.  Because Plaintiffs' objections and motions are interrelated, it would be inefficient for Saudi Arabia to file one set of responses on August 12 and a second, partially duplicative set on August 19.  Further, because Plaintiffs' motions include 46 pages of briefing plus new evidentiary submissions, a complete response to the entire set of papers within seven days would not be practical.  This is Saudi Arabia's first request for any extension as to Plaintiffs' August 5 filings.

      In addition, if required, Saudi Arabia respectfully seeks leave to file a response to Plaintiffs' Rule 72(a) objections.  During meet-and-confer discussions with Plaintiffs concerning the above requests, Plaintiffs contended that Rule 72(a) does not authorize such responses, citing *Reiseck v. Universal Communications of Miami, Inc.*, 2014 WL 5364081, at *1 n.1 (S.D.N.Y. Oct. 22, 2014).  Although Rule 72(a) is silent on the subject of responses, most judges in this District routinely entertain such responses without a request for special permission – indeed, the parties in this MDL have made such filings at least eight times, including five by Plaintiffs

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 6, 2019
Page 2

themselves, without leave from the Court.[*] Nevertheless, out of an abundance of caution, we ask that the Court grant any authorization it deems necessary.

Plaintiffs have stated that they will not object to Saudi Arabia's requests in this letter on condition that (1) Saudi Arabia's response to their combined motion for reconsideration and Rule 72 objections to the Court's rulings on the motion to compel and motion for protective order does not exceed 25 pages, and (2) Plaintiffs are permitted to file a reply on or before August 23, 2019. Saudi Arabia does not object to either of Plaintiffs' conditions.

Although Plaintiffs' August 5 filings are currently under seal, this letter is being filed on the public docket because it does not refer to any information designated as confidential.

Respectfully submitted,

/s/ *Gregory G. Rapawy*

Gregory G. Rapawy
*Counsel for the Kingdom of Saudi Arabia*

cc:   The Honorable George B. Daniels (via facsimile)
      All MDL Counsel of Record (via ECF)

---

[*] *See* ECF Nos. 2034 (Saudi Binladin Group), 2098 (Saudi Binladin Group), 2226 (National Commercial Bank), 2389 (Plaintiffs), 2504 (Plaintiffs), 2803 (Plaintiffs), 2805 (Plaintiffs), and 3242 (Plaintiffs). Our review of the docket indicates that none of these filings was preceded by an application for leave or a court order granting leave.