UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MDL-01570 (GBD)(SN)

REPORT AND
RECOMMENDATION

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Abustan et al v. Kingdom of Saudi Arabia, et al., 18-CV-07030 (GBD) (SN) (S.D.N.Y.)

On September 14, 2018, the Abustan Plaintiffs ("Plaintiffs") filed a complaint against the Kingdom of Saudi Arabia ("Saudi Arabia") and the Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC"). No. 18-CV-07030, ECF No. 7. On February 11, 2019, SHC moved to dismiss Plaintiffs' claims. That motion should be granted.

## BACKGROUND

On March 17, 2017, the Plaintiffs' Executive Committees ("PECs") filed a Consolidated Amended Complaint ("CAC"), on behalf of plaintiffs in nine separate actions that are part of this multi-district litigation. ECF No. 3463. Other plaintiffs subsequently adopted the CAC by filing either a notice to conform or a short-form complaint. Plaintiffs in three cases — Bowrosen, et al. v. Kingdom of Saudi Arabia, No. 16-CV-8070, DeSimone, et al. v. Kingdom of Saudi Arabia, et al., No. 17-CV-348, and The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al., No. 17-CV-2129 — filed their own complaints, which were substantially similar to the CAC but did not formally incorporate its allegations. In addition, the Ashton

Plaintiffs also filed their own complaint against Saudi Arabia, which included several allegations against SHC. See No. 17-CV-2003, ECF No. 1.

On August 1, 2017, SHC moved to dismiss each of these complaints. ECF No. 3671, at 7–8. The Honorable George B. Daniels granted SHC's motion on March 28, 2018, concluding that the allegations did not provide a basis to assert jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). ECF No. 3946, at 16–17. However, Judge Daniels permitted limited and targeted jurisdictional discovery regarding certain allegations against Saudi Arabia. Id. at 23.

On September 14, 2018, the Abustan Plaintiffs filed a complaint against Saudi Arabia and SHC. SHC filed a motion to dismiss on February 11, 2019 ("Def's Br."), and Plaintiffs filed an opposition on March 1, 2019 ("Pl's Br."). No. 18-CV-07030, ECF Nos. 29, 32. SHC filed a reply on March 11. Id., ECF No. 34.

## DISCUSSION

SHC's motion to dismiss should be granted. Plaintiffs concede that the allegations in their complaint "have been adopted from the [CAC] and/or the Ashton Complaint." Pl's Br., at 1. Moreover, rather than raising any new arguments in support of their opposition, Plaintiffs have "adopt[ed] . . . by reference" the arguments raised by the PECs in their response to SHC's August 2017 motion to dismiss. Pl's Br., at 1 n.1. The Court previously determined that those arguments, and the allegations upon which they were based, "do not suffice to rebut the presumption of immunity afforded to [SHC] by the FSIA." ECF No. 3946, at 17. Accordingly, for the same reasons that the previous complaints against SHC were dismissed, the Abustan Complaint should be dismissed as well.

Plaintiffs contend that the Court should "place [them] in the same position as every other Plaintiff before [them]." Pl's Br., at 3. More specifically, Plaintiffs ask the Court to "bind[]"

[them] to the prior Order of Dismissal while still preserving [their] time to file an appeal upon entry of the final Order of Judgment." Id. But this is exactly what will occur if SHC's motion to dismiss is granted. Plaintiffs' time to appeal the dismissal of their claims against SHC will be preserved until a final judgment is entered. At the earliest, this will not occur until jurisdictional discovery regarding Saudi Arabia is completed. See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

## CONCLUSION

For the foregoing reasons, SHC's motion to dismiss should be granted. Because the Court's prior decision was based on a lack of subject matter jurisdiction, see ECF No. 3946, at 41, Plaintiffs' claims should be dismissed without prejudice. See Tran v. Farmers Grp., Inc., No. 17-CV-3907 (CS), 2018 WL 2926152, at *3 (S.D.N.Y. June 11, 2018) ("[A] dismissal for lack of subject matter jurisdiction must be entered without prejudice.") (citing Katz v. Donna Karan Co., 872 F.3d 114, 121 (2d Cir. 2017)).

DATED:   August 9, 2019
         New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

\*              \*              \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules

3

of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).