## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment, and say:

### BACKGROUND

On July 31, 2019, this Court entered an Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibit A (Burnett/Iran VI) (ECF No. 4712). In that Order, 250 plaintiffs in *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, 15-cv-9903, who are each a spouse, parent, child, or sibling (or the estate of a parent or sibling) of a victim killed in the terrorist attacks on September 11, 2001, were awarded damages against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and The Central Bank of the Islamic Republic of Iran. The individual plaintiffs were identified in Exhibit A to ECF No. 4712.

Exhibit A to ECF No. 4712 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to be a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 4712 was entered, plaintiffs' counsel have been preparing the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 4712 on Iran in addition to finalizing applications for the plaintiffs included in the Order to be submitted

to the United States Victims of State Sponsored Terrorism Fund.  In the course of this review, plaintiffs' counsel discovered errors in the exhibit they had presented to the Court.  Due to these errors, plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 4712 to correct plaintiffs' counsel's clerical mistakes.

## ARGUMENT

### Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.,* 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* at 322. In *Wheeling Downs Race Track and*

2

*Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the errors are mechanical in nature and do not require substantive judgment. The correction of ECF No. 4712 would reflect the actual intent of plaintiffs in obtaining the default judgment against Iran. The clerical mistakes fall into four distinct categories: (1) instances where the name of the plaintiff was incorrectly stated;and (2) instances where the relationship between the plaintiff and a 9/11 decedent was misstated.

### A. Plaintiffs Whose Names Were Incorrectly Provided in Exhibit A to ECF No. 4712

In Exhibit A to ECF No. 4712, four plaintiffs were identified with incorrect names. Line 65 of Exhibit A to ECF No. 4712 identified the plaintiff by the name of "DOE AP211 - Child"; however, her legal name and the name that should have been reflected in the judgment is "Tara R. Allison." She was correctly identified as the Child of decedent DOE AP211. Decedent DOE AP211 is Robert Speisman.

Line 66 of Exhibit A to ECF No. 4712 identified the plaintiff by the name of "DOE AP211 - Child"; however, the proper name to be reflected in the judgment is "Hayley R. Speisman" who was correctly identified as the child of decedent DOE AP211. Decedent DOE AP211 is Robert Speisman.

Line 67 of Exhibit A to ECF No. 4712 identified the plaintiff by the name of "DOE AP211 - Child"; however, the proper name to be reflected in the judgment is "Brittany B. Speisman" who was correctly identified as the child of decedent DOE AP211. Decedent DOE AP211 is Robert Speisman.

Line 68 of Exhibit A to ECF No. 4712 identified the plaintiff by the name of "DOE AP211 - Spouse"; however, the proper name to be reflected in the judgment is "Rena Speisman" who was correctly identified as the spouse of decedent DOE AP211.  Decedent DOE AP211 is Robert Speisman.

**B.      Plaintiffs Whose Relationship to the 9/11 Decedent Was Incorrect in Exhibit A to ECF No. 4712**

The second category of clerical errors included in plaintiffs' Exhibit A to ECF No. 4712 includes three individuals whose relationship to the 9/11 decedent was incorrectly noted.  On Line 12, plaintiff Richard L. Booms, Jr. was identified as the "parent" of 9/11 decedent Kelly Ann Booms with a judgment amount corresponding to a parent's solatium judgment of $8,500,000. Mr. Booms is the sibling of 9/11 decedent Kelly Ann Booms, so the relationship needs to be changed as does the judgment amount to correspond to a sibling's solatium judgment of $4,250,000.00.

The second instance of an incorrect relationship is only slightly more complicated.  On line 30, Frank Gerald Jensen was incorrectly identified as the "Spouse" of 9/11 decedent Suzanne M. Calley.  Mr. Jensen was actually the Domestic Partner of decedent Suzanne M. Calley, and the Court's prior orders in this MDL dictate that further evidence must be submitted to determine whether a Domestic Partner qualifies for solatium damages as the "functional equivalent" of a Spouse.  Given that no such evidence has been submitted on behalf of Mr. Jensen to date, we ask that the judgment on his behalf be withdrawn and his name removed from Exhibit A as he was not entitled to the relief that was awarded at the present time subject to a future submission of evidence substantiating his relationship as the "functional equivalent" of a spouse to decedent Suzanne M. Calley.

4

The third instance of an incorrect relationship is on line 208. Robert Giallombardo was incorrectly identified as the "Parent" of 9/11 decedent Paul Richard Salvio. Mr. Giallombardo is actually a Step-Parent of decedent Paul Richard Salvio, and the Court's prior orders in this MDL dictate that further evidence must be submitted to determine whether a Step-Parent qualifies for solatium damages as the "functional equivalent" of a Parent. Given that no such evidence has been submitted on behalf of Mr. Giallombardo to date, we ask that the judgment on his behalf be withdrawn and his name removed from Exhibit A as he was not entitled to the relief that was awarded at the present time subject to a future submission of evidence substantiating his relationship as the "functional equivalent" of a Parent to decedent Paul Richard Salvio.

### C. Plaintiff Whose Eligibility for Judgment under 28 U.S.C. § 1605A Remains Unclear.

The last category of clerical errors included in plaintiffs' Exhibit A to ECF No. 4712 includes one individual for whom United States nationality has not been conclusively determined for either the 9/11 decedent or the solatium-claiming plaintiff. Plaintiffs incorrectly surmised that they possessed U.S. citizenship documents for Luis S. Samaniego who appears on line 209 and Felix Ksido who appears on line 142 of Exhibit A to ECF No. 4712. Plaintiffs' counsel has now determined that U.S. citizenship documentation has not been obtained that would render either Mr. Samaniego or Mr. Ksido eligible for judgment pursuant to 28 U.S.C. § 1605A which limits relief in this situation to "a national of the United States … at the time the act … occurred." 28 U.S.C. § 1605A(a)(2)(A)(ii)(I). Given that no such documentation has yet been obtained for Mr. Samaniego and Mr. Ksido, we ask that the judgment on their behalf be withdrawn and their names removed from Exhibit A as they were not entitled to the relief that was awarded at the present time subject to their furnishing to counsel sufficient citizenship documentation rendering them eligible for a judgment pursuant to 28 U.S.C. § 1605A.

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature despite being predicated on oversights and omissions by plaintiffs' counsel in preparing the Exhibit A to ECF No. 4712. The requested corrections do not raise issues with the substantive judgment contained in ECF No. 4712 and will not in any way change the Court's disposition. Instead, the correction of ECF No. 4712 will allow it to more accurately reflect the Court's and plaintiffs' intent. Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified plaintiffs to enforce and collect on the judgment this Court intended in their favor. For the foregoing reasons, plaintiffs respectfully request that this Court enter the Corrected Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibit A (attached to plaintiffs' motion as Exhibit A) to conform with the corrections provided herein.

Dated: August 9, 2019                             Respectfully submitted,

                                                  /s/ John Eubanks
                                                  Jodi Westbrook Flowers, Esq.
                                                  Robert T. Haefele, Esq.
                                                  John Eubanks, Esq.
                                                  MOTLEY RICE LLC
                                                  Mount Pleasant, SC 29464
                                                  Tel. (843) 216-9000
                                                  Fax (843) 216-9450
                                                  jflowers@motleyrice.com
                                                  rhaefele@motleyrice.com
                                                  jeubanks@motleyrice.com