# EXHIBIT D



U.S. Embassy
U.S. EMBASSY BERN,
SWITZERLAND

Customer: MARINELLA HEMENWAY
VS IRAN
Date: 5/16/2019 2:30:05 PM
Register: ACS Cash
Transaction: 15032682
Tender: U.S. Dollars

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | Fr. 2'275.00 |
| ROGATORY/FSIA FEE | | | | |

| | |
|---|---|
| Balance | $2,275.00 |
| Amount Paid | $2,275.00 |
| Change | $0.00 |

CUSTOMER COPY
**ALL TRANSACTIONS ARE**
**FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

41859



United States Department of State

Washington, D.C.   20520

July 10, 2019

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re: Marinella Hemenway, et al. v. Islamic Republic of Iran, 1:18-cv-12277**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Complaint, and  Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs.  The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1045-IE, dated and delivered on June 11, 2019.  A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs

Cc:    Arthur Armstrong
       Anderson Kill
       1760 Market St., Suite 600
       Philadelphia, PA 19103

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland        )
ern, Canton of Bern                ) SS:
mbassy of the United States of America )



Brianna E Powers, a consular officer at the Embassy of the United States at Bern, Switzerland, ertify that this is a true copy of Embassy note number 26879 dated May 22, 2019, which was ansmitted to the Swiss Ministry of Foreign Affairs on May 22, 2019 for further transmission to e American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)


Brianna E. POWERS
(Typed name of Consular Officer)



Consul of the United States of America
(Title of Consular Officer)



June 28, 2019
(Date)



*Embassy of the United States of America*

May 22, 2019

**CONS NO.  26879**

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities
Act (FSIA) – Marinella Hemenway, et al. V. Islamic Republic of Iran, 1:18-cv-12277

REF:    ----

The Department of State has requested the delivery of the enclosed Summons, Complaint, and
Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the
Foreign Sovereign Immunities Act in the matter of Marinella Hemenway, et al. V. Islamic
Republic of Iran, 1:18-cv-12277.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the
documents to the American Interests Section of the Swiss Embassy in Tehran. There is one
defendant to be served in this case: the Islamic Republic of Iran.  The American Interests Section
should transmit the Summons, Complaint, and Notice of Suit to the Iranian Ministry of Foreign
Affairs under cover of one diplomatic note utilizing the language provided in the enclosed
instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery.  The
American Interests Section should execute certifications of the diplomatic notes, which will be
forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of
State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the
Swiss Embassy in Tehran receives the documents as well as the date the Interests Section
forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC
OF IRAN:

he Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of
Affairs of the Islamic Republic of Iran to the lawsuit Marinella Hemenway, et al. v.
mic Republic of Iran, 1:18-cv-12277, which is pending in the U.S. District Court for the
outhern District of New York. The Islamic Republic of Iran is a defendant in this case. The
Foreign Interests Section transmits a Summons and Complaint herewith. The U.S. District Court
for the Southern District of New York has requested service of these documents. This note
constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as
contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint
or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in
this case the date of this note. Failing to do so, a defendant risks the possibility of having
judgment entered against it without the opportunity to present arguments or evidence on its
behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons and
Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view
towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Complaint, the Foreign Interests Section is enclosing a
Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes
references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or
other defense including claims of sovereign immunity must be addressed to the court before
which the matter is pending, for which reason it is advisable to consult an attorney in the United
States. It is the practice of the U.S. Department of State to be available to discuss the
requirements of U.S. law with counsel. The U.S. Government is not a party to this case and
cannot represent other parties in this matter.

Attachments:

1. Summons, Complaint, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC
REPUBLIC OF IRAN**

## SPECIFIC AUTHENTICATION CERTIFICATE



federation of Switzerland            )
, Canton of Bern                     ) SS:
bassy of the United States of America )


rtify that the annexed document bears the genuine seal of the Swiss Federal Department of
reign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.


_____
(Signature of Consular Officer)


_____Brianna E. POWERS_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


June 28, 2019
(Date)

édération suisse
onfederazione Svizzera
Confederaziun svizra

28271

**Federal Department of Foreign Affairs FDFA**

K.252.22-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 26879 dated May 22, 2019 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Marinella Hemenway, et al. V. Islamic Republic of Iran, 1:18-cv-12277

- Note No. 1045-IE addressed to The Islamic Republic of Iran

dated June 11, 2019 and proof of service, dated June 11, 2019 as well as the certification by the Swiss Federal Chancellery dated June 25, 2019.

The section has received the above mentioned documents on June 3, 2019. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on June 11, 2019. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, June 26, 2019



_Enclosure(s) mentioned_

To the

Embassy of the

United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE



onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

certify that the annexed document is executed by the genuine signature and seal of the
llowing named official who, in an official capacity, is empowered by the laws of Switzerland
execute that document.

certify under penalty of perjury under the laws of the United States that the foregoing is true
nd correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

June 28, 2019
(Date)

Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
Foreign Interests Section

No. 1045-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Marinella Hemenway, et al. v. Islamic Republic of Iran, 1:18-cv-12277, which is pending in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons and Complaint herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Complaint, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, 11 June, 2019

Attachments:
1. Summons, Complaint, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Patricia Weber Singh, Head of the Foreign Interests Section of the Embassy of Switzerland certify herewith that this is a true copy of the Diplomatic Note No. 1045-IE, dated June 11, 2019, delivery of this note and its enclosures was attempted on June 11, 2019, but the Iranian Ministry Foreign Affairs refused its acceptance.



Patricia Weber Singh
Head of the Foreign Interests Section

Tehran, 11 June, 2019

---

**APOSTILLE**

(Convention de la Haye du 5 octobre 1961)

1. Country:  SWISS CONFEDERATION

   This public document

2. has been signed by    P. Weber Singh

3. acting in the capacity of Head of the Foreign Interests Sechtion

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne             6.       the 25 June 2019

7. by Alessandra Manolero
   functionary of the Swiss federal Chancellery

8. No  015178

9. Seal/stamp:                    10. Signature:

   Swiss federal Chancellery

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE – 1045

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراما" توجه آن وزارتخانه محترم را به دعوای حقوقی تحت عنوان ماریبلا هملوی و سایرین بر علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:18-cv-12277 که در دادگاه منطقه ای ایالات متحده آمریکا برای منطقه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، یک فقره احضارنامه و شکایت را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحده، خوانده یک پرونده می بایست ظرف 60 روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفائیه از طرف خود را داشته باشد. لذا، سفارت در خواست می نماید که احضارنامه و شکایت ضمیمه شده، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه بر احضارنامه و شکایت، ابلاغیه اقامه دعوی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ بیست و یکم خرداد ماه ۱۳۹۸ (۱۱ ژوئن ۲۰۱۹)



پیوست: ۱ – احضارنامه، شکایت و ابلاغیه اقامه دعوی
۲ – ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

TO BE RETURNED TO
CA/OCS/L, WITH A CERTIFIED
COPY OF THE DIPLOMATIC
NOTE TRANSMITTING THE
ORIGINAL SET OF DOCUMENTS
TO THE MINISTRY OF FOREIGN
AFFAIRS

Case 1:18-cv-12277-UA   Document 5   Filed 01/28/19   Page 1 of 10

28 USC 1608 Summons 1H 6
4/17

## UNITED STATES DISTRICT COURT
for the
Southern District of New York

Marinella Hemenway., et al. (see
appendix)

|  |  |
|---|---|
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| Islamic Republic of Iran | ) |
| | ) |
| Defendant | ) |

Civil Action No.

### SUMMONS IN A CIVIL ACTION

To:    (Defendant's name and address) ISLAMIC REPUBLIC OF IRAN,
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY 10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must
serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of
Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the
complaint.  You also must file your answer or motion with the court.

### CLERK OF COURT

Date:  01/02/2019            /s/ J. Gonzalez
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                              .

☞  I personally served the summons on the individual at *(place)*

on *(date)*                          ; or

☞  I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                          , and mailed a copy to the individual's last known address; or

☞  I served the summons on *(name of individual)*                                         , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                          ; or

☞  I returned the summons unexecuted because                                          ; or

☞  Other *(specify):*

My fees are $                     for travel and $                   for services, for a total of $   0.00                .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## APPENDIX

Marinella Hemenway, individually, as surviving spouse of Ronald J. Hemenway

John Doe 27, being intended to designate the Personal Representative of the Estate of Ronald J. Hemenway, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Ronald J. Hemenway

Stefan Hemenway, individually, as surviving child of Ronald J. Hemenway

Desiree Hemenway, individually, as surviving child of Ronald J. Hemenway

Shirley Hemenway, individually, as surviving parent of Ronald J. Hemenway

Robert B. Hemenway Sr., individually, as surviving parent of Ronald J. Hemenway

Kathleen Novich, individually, as surviving sibling of Ronald J. Hemenway

John Doe 28, being intended to designate the Personal Representative of the Estate of DaJuan Hodges, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of DaJuan Hodges

Joan M. Houston as Personal Representative of the Estate of Joan McQuillen, deceased, the late parent of Charles J. Houston

Trina Sabb, individually, as surviving sibling of Lamar D. Hulse

John Doe 29, being intended to designate the Personal Representative of the Estate of John C. Jenkins, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John C. Jenkins

John Doe 30, as Personal Representative of the Estate of Florence Detherage, deceased, the late parent of John C. Jenkins

John Doe 31, as Personal Representative of the Estate of Marshall Ray Detherage, deceased, the late parent of John C. Jenkins

John Doe 32, being intended to designate the Personal Representative of the Estate of Charles G. John, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles G. John

Cleveland B. John, individually, as surviving sibling of Charles G. John

Orwyn John, individually, as surviving sibling of Charles G. John

John Doe 33, being intended to designate the Personal Representative of the Estate of Karen Kincaid, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Karen Kincaid

Kristian G. Kincaid, individually, as surviving sibling of Karen Kincaid

Kathryn "Kay" D'Amico, individually, as surviving sibling of Karen Kincaid

Karyl Kincaid-Noel, individually, as surviving sibling of Karen Kincaid

Karen Barrett, as the co-Personal Representative of the Estate of Lucille T. King, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lucille T. King

Robert Murray, as the co-Personal Representative of the Estate of Lucille T. King, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lucille T. King

John Doe 34, being intended to designate the Personal Representative of the Estate of Ronald Philip Kloepfer, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Ronald Philip Kloepfer

Christopher Kloepfer, individually, as surviving sibling of Ronald Philip Kloepfer

Carolyn LaFrance, individually, as surviving sibling of Alan LaFrance

John Doe 35, being intended to designate the Personal Representative of the Estate of William D. Lake, deceased, said name being fictitious, her/his true name is not presently

known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of William D. Lake

John Doe 36, being intended to designate the Personal Representative of the Estate of Kenneth Charles Ledee, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Kenneth Charles Ledee

Olivia Ledee Lindsey, individually, as surviving child of Kenneth Charles Ledee

Anna Ledee, individually, as surviving parent of Kenneth Charles Ledee

Jessica Leduc, individually, as surviving child of Alexis Leduc

Alexis John Leduc, individually, as surviving child of Alexis Leduc

Leslie K. Lesperance, individually, as surviving child of Charles A. Lesperance

Leslie K. Lesperance, as the co-Personal Representative of the Estate of Charles A. Lesperance, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles A. Lesperance

Nilaja A. Shealy-Loveless, individually, as surviving child of Charles A. Lesperance

John Doe 37, being intended to designate the Personal Representative of the Estate of Nancy Liz, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Nancy Liz

Jose Liz a/k/a Domingo Liz, individually, as surviving sibling of Nancy Liz

Jose Liz a/k/a Domingo Liz as Personal Representative of the Estate of Jose Liz, Sr., deceased, the late parent of Nancy Liz

Matthew J. Liz-Ramirez, individually, as surviving child of Nancy Liz

Anastasia Mancini a/k/a Anastasia Louvelos, individually, as surviving spouse of Francisco M. Mancini a/k/a Frank Mancini

Anastasia Mancini a/k/a Anastasia Louvelos, as the Personal Representative of the Estate of Francisco Mancini (a/k/a Frank Mancini), deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Francisco M. Mancini a/k/a Frank Mancini

Anastasia Mancini a/k/a Anastasia Louvelos, as Natural Guardian of SM, a minor, as surviving child of Francisco M. Mancini a/k/a Frank Mancini

Anthony Mancini, individually, as surviving sibling of Francisco M. Mancini a/k/a Frank Mancini

Anthony Mancini as the Personal Representative of the Estate of Lea Sola (a/k/a Lea Mancini), deceased, the late parent of Francisco M. Mancini a/k/a Frank Mancini

John Doe 38, being intended to designate the Personal Representative of the Estate of Louis N. Mariani, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis N. Mariani

John Doe 39, being intended to designate the Personal Representative of the Estate of William A. Mathesen, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of William A. Mathesen

John Doe 40, being intended to designate the Personal Representative of the Estate of Robert G. McIlvaine, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Robert G. McIlvaine

Dolores Lara, individually, as surviving parent of Manuel E. Mejia

Ana I. Peguero-Miliano, individually, as surviving spouse of Manuel E. Mejia

Jacqueline Mejia Peguero, individually, as surviving child of Manuel E. Mejia

Jose Miguel Mejia Peguero, individually, as surviving child of Manuel E. Mejia

Manuel E. Mejia Peguero, individually, as surviving child of Manuel E. Mejia

John Doe 41, being intended to designate the Personal Representative of the Estate of Nurul Miah, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Nurul Miah

Sharif Chowdhury & Showkatara Sharif as Personal Representatives of the Estate of Shakila Yasmin, deceased, the late spouse of Nurul Miah

Bakul Miah, individually, as surviving sibling of Nurul Miah

Jane Doe 42, being intended to designate the Personal Representative of the Estate of Philip D. Miller, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Philip D. Miller

Arlene Miller, individually, as surviving spouse of Philip D. Miller

John Doe 43, being intended to designate the Personal Representative of the Estate of Peter A. Nelson, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter A. Nelson

Robert T. Ogren, as the Personal Representative of the Estate of Joseph J. Ogren, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph J. Ogren

Dorothy Ogren, individually, as surviving parent of Joseph J. Ogren

Lance Edward Ogren, individually, as surviving sibling of Joseph J. Ogren

Jean Oitice, as the Personal Representative of the Estate of Samuel Oitice, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Samuel Oitice

John Doe 44, being intended to designate the Personal Representative of the Estate of James W. Parham, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet

been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of James W. Parham

John Doe 45, being intended to designate the Personal Representative of the Estate of Leobardo L. Pascual, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Leobardo L. Pascual

Ana Pascual Ortiz, individually, as surviving parent of Leobardo L. Pascual

Mirna Huerta Aguirre, individually, as surviving spouse of Leobardo L. Pascual

Diego Lopez Reyes, individually, as surviving child of Leobardo L. Pascual

Juan Lopez Reyes, individually, as surviving child of Leobardo L. Pascual

Lizeth Lopez Huerta, individually, as surviving child of Leobardo L. Pascual

Mariela Lopez Huerta, individually, as surviving child of Leobardo L. Pascual

Cristobal Lopez, individually, as surviving sibling of Leobardo L. Pascual

Rafael Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Ana Luisa Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Graciela Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Flor Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Elena De La Cruz Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Maria Elvia Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Manuela Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Raquel Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Janet Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Carmen Yosef Lopez, individually, as surviving sibling of Leobardo L. Pascual

Terilyn Patrick Esse a/k/a Terilyn Patrick, individually, as surviving spouse of James Patrick

Terilyn Patrick Esse a/k/a Terilyn Patrick, as the Personal Representative of the Estate of James Patrick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of James Patrick

Terilyn Patrick Esse a/k/a Terilyn Patrick, as Natural Guardian of JJPE a/k/a JJP, a minor, as surviving child of James Patrick

John Doe 46, being intended to designate the Personal Representative of the Estate of Anthony Portillo, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Anthony Portillo

Natalie Quappe, individually, as surviving child of Lincoln Quappe

Clint Quappe, individually, as surviving child of Lincoln Quappe

Kerene Reeves aka Kerene Sherica Clarke, individually, as surviving child of Carol Rabalais a/k/a Carol South-Rabalais

Kerene Reeves aka Kerene Sherica Clarke, as the Personal Representative of the Estate of Carol Rabalais a/k/a Carol South-Rabalais, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carol Rabalais a/k/a Carol South-Rabalais

Samantha Blake a/k/a Samantha Bianca Herring, individually, as surviving child of Carol Rabalais a/k/a Carol South-Rabalais

Selvyn Neil Patrick Blake, individually, as surviving child of Carol Rabalais a/k/a Carol South-Rabalais

Mary Agatha South, individually, as surviving parent of Carol Rabalais a/k/a Carol South-Rabalais

John Doe 47, being intended to designate the Personal Representative of the Estate of Laura Ragonese-Snik, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Laura Ragonese-Snik

John Doe 48, being intended to designate the Personal Representative of the Estate of John Rhodes, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he

or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John Rhodes

John Doe 49, as the co-Personal Representative of the Estate of Vernon A. Richard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vernon A. Richard

Jane Doe 50, as the co-Personal Representative of the Estate of Vernon A. Richard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vernon A. Richard

Vernon A. Richard II, individually, as surviving child of Vernon A. Richard

Vernessa Richard, individually, as surviving child of Vernon A. Richard

Vernessa Richard & Vernon A. Richard II as Personal Representatives of the Estate of Dorothy Richard, deceased, the late spouse of Vernon A. Richard

John Doe 51, being intended to designate the Personal Representative of the Estate of Marsha A. Rodriguez, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Marsha A. Rodriguez

John Doe 52, being intended to designate the Personal Representative of the Estate of James Romito, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of James Romito

JS 44C/SDNY
REV. 06/01/17

Case 1:18-cv-12277   Document 2   Filed 12/28/18   Page 1 of 11

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Marinella Hemenway, et al.

DEFENDANTS
The Islamic Republic of Iran

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER

Jerry S. Goldman, Esq., Anderson Kill P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000/ jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. § 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑

Judge Previously Assigned
George B. Daniels

If yes, was this case   Vol. ☐   Invol. ☐   Dismissed.   No ☒ Yes ☐   If yes, give date _____   & Case No. 1:03-md-01570

Is this an international arbitration case?   No ☒   Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*

NATURE OF SUIT

|  | TORTS |  |  | ACTIONS UNDER STATUTES |  |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY/ PHARMACEUTICAL** | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
| [ ] 110  INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ | [ ] 625 DRUG RELATED | [ ] 422 APPEAL | [ ] 375 FALSE CLAIMS |
| [ ] 120  MARINE | [ ] 315 AIRPLANE PRODUCT | PHARMACEUTICAL | SEIZURE OF PROPERTY | 28 USC 158 | [ ] 376 QUI TAM |
| [ ] 130  MILLER ACT | LIABILITY | INJURY/PRODUCT LIABILITY | 21 USC 881 | [ ] 423 WITHDRAWAL | [ ] 400 STATE |
| [ ] 140  NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | [ ] 365 PERSONAL INJURY | [ ] 690 OTHER | 28 USC 157 | REAPPORTIONMENT |
| INSTRUMENT | SLANDER | PRODUCT LIABILITY |  |  | [ ] 410 ANTITRUST |
| [ ] 150  RECOVERY OF | [ ] 330 FEDERAL | [ ] 368 ASBESTOS PERSONAL |  |  | [ ] 430 BANKS & BANKING |
| OVERPAYMENT & | EMPLOYERS' | INJURY PRODUCT |  | **PROPERTY RIGHTS** | [ ] 450 COMMERCE |
| ENFORCEMENT | LIABILITY | LIABILITY |  | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| OF JUDGMENT | [ ] 340 MARINE |  |  | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU- |
| [ ] 151  MEDICARE ACT | [ ] 345 MARINE PRODUCT | **PERSONAL PROPERTY** |  | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | ENCED & CORRUPT |
| [ ] 152  RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD |  | [ ] 840 TRADEMARK | ORGANIZATION ACT |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING |  |  | (RICO) |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE |  |  | **SOCIAL SECURITY** | [ ] 480 CONSUMER CREDIT |
| (EXCL VETERANS) | PRODUCT LIABILITY |  |  | [ ] 861 HIA (1395ff) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153  RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 380 OTHER PERSONAL | **LABOR** | [ ] 862 BLACK LUNG (923) |  |
| OVERPAYMENT | INJURY | PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 SECURITIES/ |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY - | [ ] 385 PROPERTY DAMAGE | STANDARDS ACT | [ ] 864 SSID TITLE XVI | COMMODITIES/ |
| BENEFITS | MED MALPRACTICE | PRODUCT LIABILITY | [ ] 720 LABOR/MGMT | [ ] 865 RSI (405(g)) | EXCHANGE |
| [ ] 160  STOCKHOLDERS |  |  | RELATIONS |  |  |
| SUITS |  | **PRISONER PETITIONS** | [ ] 740 RAILWAY LABOR ACT |  | [x] 890 OTHER STATUTORY |
| [ ] 190  OTHER |  | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL | **FEDERAL TAX SUITS** | ACTIONS |
| CONTRACT |  | [ ] 510 MOTIONS TO | LEAVE ACT (FMLA) | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 891 AGRICULTURAL ACTS |
| [ ] 195  CONTRACT | **ACTIONS UNDER STATUTES** | VACATE SENTENCE |  | Defendant) |  |
| PRODUCT |  | 28 USC 2255 | [ ] 790 OTHER LABOR | [ ] 871 IRS-THIRD PARTY | [ ] 893 ENVIRONMENTAL |
| LIABILITY | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | LITIGATION | 26 USC 7609 | MATTERS |
| [ ] 196  FRANCHISE |  | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC |  | [ ] 895 FREEDOM OF |
|  | [ ] 440  OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | SECURITY ACT (ERISA) |  | INFORMATION ACT |
|  | (Non-Prisoner) |  |  |  | [ ] 896 ARBITRATION |
| **REAL PROPERTY** | [ ] 441 VOTING |  |  | **IMMIGRATION** | [ ] 899 ADMINISTRATIVE |
| [ ] 210  LAND | [ ] 442 EMPLOYMENT | **PRISONER CIVIL RIGHTS** |  | [ ] 462 NATURALIZATION | PROCEDURE ACT/REVIEW OR |
| CONDEMNATION | [ ] 443 HOUSING/ |  |  | APPLICATION | APPEAL OF AGENCY DECISION |
| [ ] 220  FORECLOSURE | ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS |  | [ ] 465 OTHER IMMIGRATION | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 230  RENT LEASE & | [ ] 445 AMERICANS WITH | [ ] 555 PRISON CONDITION |  | ACTIONS | STATE STATUTES |
| EJECTMENT | DISABILITIES - | [ ] 560 CIVIL DETAINEE |  |  |  |
| [ ] 240  TORTS TO LAND | EMPLOYMENT | CONDITIONS OF CONFINEMENT |  |  |  |
| [ ] 245  TORT PRODUCT | [ ] 446  AMERICANS WITH |  |  |  |  |
| LIABILITY | DISABILITIES -OTHER |  |  |  |  |
| [ ] 290  ALL OTHER | [ ] 448 EDUCATION |  |  |  |  |
| REAL PROPERTY |  |  |  |  |  |

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 150 Billion   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels   DOCKET NUMBER 1:03-md-01570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 1:18-cv-12277   Document 2   Filed 12/28/18   Page 2 of 11

**(PLACE AN x IN ONE BOX ONLY)**  **ORIGIN**

[x] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation (Transferred)  [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

**(PLACE AN x IN ONE BOX ONLY)**  **BASIS OF JURISDICTION**  *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT  [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)  [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The Islamic Republic of Iran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 12/27/18   /s/ Jerry S. Goldman
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. May   Yr. 1980   )
Attorney Bar Code # 1302454

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**APPENDIX**

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Marinella Hemenway | KS | United States | Ronald J. Hemenway | Spouse | United States | Solatium |
| 2 | John Doe 27 | DC | United States | Ronald J. Hemenway | PR | United States | Solatium/ Wrongful Death |
| 3 | Stefan Hemenway | KS | United States | Ronald J. Hemenway | Child | United States | Solatium |
| 4 | Desiree Hemenway | KS | United States | Ronald J. Hemenway | Child | United States | Solatium |
| 5 | Shirley Hemenway | MA | United States | Ronald J. Hemenway | Parent | United States | Solatium |
| 6 | Robert B. Hemenway Sr. | MA | United States | Ronald J. Hemenway | Parent | United States | Solatium |
| 7 | Kathleen Novich | KS | United States | Ronald J. Hemenway | Sibling | United States | Solatium |
| 8 | John Doe 28 | NY | United States | DaJuan Hodges | PR | United States | Solatium/ Wrongful Death |
| 9 | Joan M. Houston as Personal Representative of the Estate of Joan McQuillen | NY | United States | Charles J. Houston | Parent (Deceased) | United States | Solatium |
| 10 | Trina Sabb | NY | United States | Lamar D. Hulse | Sibling | United States | Solatium |
| 11 | John Doe 29 | MA | United States | John C. Jenkins | PR | United States | Solatium/ Wrongful Death |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 12 | John Doe 30, as Personal Representative of the Estate of Florence Detherage | KY | United States | John C. Jenkins | Parent (Deceased) | United States | Solatium |
| 13 | John Doe 31, as Personal Representative of the Estate of Marshall Ray Detherage | KY | United States | John C. Jenkins | Parent (Deceased) | United States | Solatium |
| 14 | John Doe 32 | NY | United States | Charles G. John | PR | United States | Solatium/ Wrongful Death |
| 15 | Cleveland B. John | NY | United States | Charles G. John | Sibling | United States | Solatium |
| 16 | Orwyn John | NY | Guyana | Charles G. John | Sibling | United States | Solatium |
| 17 | John Doe 33 | DC | United States | Karen Kincaid | PR | United States | Solatium/ Wrongful Death |
| 18 | Kristian G. Kincaid | IA | United States | Karen Kincaid | Sibling | United States | Solatium |
| 19 | Kathryn "Kay" D'Amico | IA | United States | Karen Kincaid | Sibling | United States | Solatium |
| 20 | Karyl Kincaid-Noel | IA | United States | Karen Kincaid | Sibling | United States | Solatium |
| 21 | Karen Barrett | NJ | United States | Lucille T. King | co-PR | United States | Solatium/ Wrongful Death |
| 22 | Robert Murray | NJ | United States | Lucille T. King | co-PR | United States | Solatium/ Wrongful Death |
| 23 | John Doe 34 | NY | United States | Ronald Philip Kloepfer | PR | United States | Solatium/ Wrongful Death |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 24 | Christopher Kloepfer | NY | United States | Ronald Philip Kloepfer | Sibling | United States | Solatium |
| 25 | Carolyn LaFrance | GA | United States | Alan LaFrance | Sibling | United States | Solatium |
| 26 | John Doe 35 | NY | United States | William D. Lake | PR | United States | Solatium/ Wrongful Death |
| 27 | John Doe 36 | NY | United States | Kenneth Charles Ledee | PR | United States | Solatium/ Wrongful Death |
| 28 | Olivia Ledee Lindsey | FL | United States | Kenneth Charles Ledee | Child | United States | Solatium |
| 29 | Anna Ledee | NY | United States | Kenneth Charles Ledee | Parent | United States | Solatium |
| 30 | Jessica Leduc | NJ | United States | Alexis Leduc | Child | United States | Solatium |
| 31 | Alexis John Leduc | NJ | United States | Alexis Leduc | Child | United States | Solatium |
| 32 | Leslie K. Lesperance | FL | United States | Charles A. Lesperance | Child | United States | Solatium |
| 33 | Leslie K. Lesperance | FL | United States | Charles A. Lesperance | co-PR | United States | Solatium/ Wrongful Death |
| 34 | Nilaja A. Shealy-Loveless | NJ | United States | Charles A. Lesperance | Child | United States | Solatium |
| 35 | John Doe 37 | NY | United States | Nancy Liz | PR | United States | Solatium/ Wrongful Death |
| 36 | Jose Liz a/k/a Domingo Liz | TX | United States | Nancy Liz | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 37 | Jose Liz a/k/a Domingo Liz as Personal Representative of the Estate of Jose Liz, Sr. | NY | United States | Nancy Liz | Parent (Deceased) | United States | Solatium |
| 38 | Matthew J. Liz-Ramirez | NY | United States | Nancy Liz | Child | United States | Solatium |
| 39 | Anastasia Mancini a/k/a Anastasia Louvelos | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Spouse | United States | Solatium |
| 40 | Anastasia Mancini a/k/a Anastasia Louvelos | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | PR | United States | Solatium/ Wrongful death |
| 41 | Anastasia Mancini a/k/a Anastasia Louvelos, as Natural Guardian of SM | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Child (Minor) | United States | Solatium |
| 42 | Anthony Mancini | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Sibling | United States | Solatium |
| 43 | Anthony Mancini as the Personal Representative of the Estate of Lea Sola (a/k/a Lea Mancini) | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Parent (Deceased) | United States | Solatium |
| 44 | John Doe 38 | NH | United States | Louis N. Mariani | PR | United States | Solatium/ Wrongful Death |
| 45 | John Doe 39 | NJ | United States | William A. Mathesen | PR | United States | Solatium/ Wrongful Death |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 46 | John Doe 40 | NY | United States | Robert G. McIlvaine | PR | United States | Solatium/ Wrongful Death |
| 47 | Dolores Lara | NY | Dominican Republic | Manuel E. Mejia | Parent | Dominican Republic | Solatium |
| 48 | Ana I. Peguero-Miliano | NY | United States | Manuel E. Mejia | Spouse | Dominican Republic | Solatium |
| 49 | Jacqueline Mejia Peguero | NY | United States | Manuel E. Mejia | Child | Dominican Republic | Solatium |
| 50 | Jose Miguel Mejia Peguero | NY | United States | Manuel E. Mejia | Child | Dominican Republic | Solatium |
| 51 | Manuel E. Mejia Peguero | NY | Dominican Republic | Manuel E. Mejia | Child | Dominican Republic | Solatium |
| 52 | John Doe 41 | NY | United States | Nurul Miah | PR | United States | Solatium/ Wrongful Death |
| 53 | Sharif Chowdhury & Showkatara Sharif as Personal Representatives of the Estate of Shakila Yasmin | NY | United States | Nurul Miah | Spouse (Deceased) | United States | Solatium |
| 54 | Bakul Miah | NJ | United States | Nurul Miah | Sibling | United States | Solatium |
| 55 | Jane Doe 42 | NY | United States | Philip D. Miller | PR | United States | Solatium/ Wrongful Death |
| 56 | Arlene Miller | MS | United States | Philip D. Miller | Spouse | United States | Solatium |
| 57 | John Doe 43 | NY | United States | Peter A. Nelson | PR | United States | Solatium/ Wrongful Death |
| 58 | Robert T. Ogren | FL | United States | Joseph J. Ogren | PR | United States | Solatium/ Wrongful Death |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 59 | Dorothy Ogren | NJ | United States | Joseph J. Ogren | Parent | United States | Solatium |
| 60 | Lance Edward Ogren | SC | United States | Joseph J. Ogren | Sibling | United States | Solatium |
| 61 | Jean Oitice | NY | United States | Samuel Oitice | PR | United States | Solatium/ Wrongful Death |
| 62 | John Doe 44 | NY | United States | James W. Parham | PR | United States | Solatium/ Wrongful Death |
| 63 | John Doe 45 | NY | United States | Leobardo L. Pascual | PR | United States | Solatium/ Wrongful Death |
| 64 | Ana Pascual Ortiz | CA | Mexico | Leobardo L. Pascual | Parent | Mexico | Solatium |
| 65 | Mirna Huerta Aguirre | Mexico | Mexico | Leobardo L. Pascual | Spouse | Mexico | Solatium |
| 66 | Diego Lopez Reyes | NJ | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 67 | Juan Lopez Reyes | NJ | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 68 | Lizeth Lopez Huerta | Mexico | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 69 | Mariela Lopez Huerta | Mexico | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 70 | Cristobal Lopez | CA | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 71 | Rafael Lopez Pascual | CA | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 72 | Ana Luisa Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 73 | Graciela Lopez Pascual | CA | United States | Leobardo L. Pascual | Sibling | Mexico | Solatium |

Case 1:18-cv-12277   Document 2   Filed 12/28/18   Page 9 of 11

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 74 | Flor Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 75 | Elena De La Cruz Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 76 | Maria Elvia Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 77 | Manuela Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 78 | Raquel Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 79 | Janet Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 80 | Carmen Yosef Lopez | CA | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 81 | Terilyn Patrick Esse a/k/a Terilyn Patrick | CT | United States | James Patrick | Spouse | United States | Solatium |
| 82 | Terilyn Patrick Esse a/k/a Terilyn Patrick | CT | United States | James Patrick | PR | United States | Solatium/ Wrongful Death |
| 83 | Terilyn Patrick Esse a/k/a Terilyn Patrick, as Natural Guardian of JJPE a/k/a JJP | CT | United States | James Patrick | Child (Minor) | United States | Solatium |
| 84 | John Doe 46 | NY | United States | Anthony Portillo | PR | United States | Solatium/ Wrongful Death |
| 85 | Natalie Quappe | NY | United States | Lincoln Quappe | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 86 | Clint Quappe | NY | United States | Lincoln Quappe | Child | United States | Solatium |
| 87 | Kerene Reeves aka Kerene Sherica Clarke | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Child | United States | Solatium |
| 88 | Kerene Reeves aka Kerene Sherica Clarke | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | PR | United States | Solatium/ Wrongful Death |
| 89 | Samantha Blake a/k/a Samantha Bianca Herring | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Child | United States | Solatium |
| 90 | Selvyn Neil Patrick Blake | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Child | United States | Solatium |
| 91 | Mary Agatha South | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Parent | United States | Solatium |
| 92 | John Doe 47 | PA | United States | Laura Ragonese-Snik | PR | United States | Solatium/ Wrongful Death |
| 93 | John Doe 48 | NJ | United States | John Rhodes | PR | United States | Solatium/ Wrongful Death |
| 94 | John Doe 49 | NY | United States | Vernon A. Richard | co-PR | United States | Solatium/ Wrongful Death |
| 95 | Jane Doe 50 | NY | United States | Vernon A. Richard | co-PR | United States | Solatium/ Wrongful Death |
| 96 | Vernon A. Richard II | NC | United States | Vernon A. Richard | Child | United States | Solatium |
| 97 | Vernessa Richard | NY | United States | Vernon A. Richard | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 98 | Vernessa Richard & Vernon A. Richard II as Personal Representatives of the Estate of Dorothy Richard | NC/NY | United States | Vernon A. Richard | Spouse (Deceased) | United States | Solatium |
| 99 | John Doe 51 | NJ | United States | Marsha A. Rodriguez | PR | United States | Solatium/ Wrongful Death |
| 100 | John Doe 52 | NY | United States | James Romito | PR | United States | Solatium/ Wrongful Death |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

Marinella Hemenway, individually, as surviving
spouse of Ronald J. Hemenway

John Doe 27, being intended to designate the Personal
Representative of the Estate of Ronald J. Hemenway,
deceased, said name being fictitious, her/his true name
is not presently known, confirmed, and/or has not been
duly appointed by a court of competent jurisdiction (or
having been so appointed, his or her appointment has
expired, and/or he or she has ceased to serve, and his
or her successor has not yet been appointed) and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Ronald J.
Hemenway

Stefan Hemenway, individually, as surviving child of
Ronald J. Hemenway

Desiree Hemenway, individually, as surviving child of
Ronald J. Hemenway

Shirley Hemenway, individually, as surviving parent
of Ronald J. Hemenway

Robert B. Hemenway Sr., individually, as surviving
parent of Ronald J. Hemenway

Kathleen Novich, individually, as surviving sibling of
Ronald J. Hemenway

John Doe 28, being intended to designate the Personal
Representative of the Estate of DaJuan Hodges,
deceased, said name being fictitious, her/his true name
is not presently known, confirmed, and/or has not been
duly appointed by a court of competent jurisdiction (or
having been so appointed, his or her appointment has
expired, and/or he or she has ceased to serve, and his
or her successor has not yet been appointed) and on
behalf of all survivors and all legally entitled
beneficiaries and family members of DaJuan Hodges

Civil Docket Number: _____

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

docs-100080926.1

Joan M. Houston as Personal Representative of the Estate of Joan McQuillen, deceased, the late parent of Charles J. Houston

Trina Sabb, individually, as surviving sibling of Lamar D. Hulse

John Doe 29, being intended to designate the Personal Representative of the Estate of John C. Jenkins, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John C. Jenkins

John Doe 30, as Personal Representative of the Estate of Florence Detherage, deceased, the late parent of John C. Jenkins

John Doe 31, as Personal Representative of the Estate of Marshall Ray Detherage, deceased, the late parent of John C. Jenkins

John Doe 32, being intended to designate the Personal Representative of the Estate of Charles G. John, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles G. John

Cleveland B. John, individually, as surviving sibling of Charles G. John

Orwyn John, individually, as surviving sibling of Charles G. John

John Doe 33, being intended to designate the Personal Representative of the Estate of Karen Kincaid, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on

2

behalf of all survivors and all legally entitled beneficiaries and family members of Karen Kincaid

Kristian G. Kincaid, individually, as surviving sibling of Karen Kincaid

Kathryn "Kay" D'Amico, individually, as surviving sibling of Karen Kincaid

Karyl Kincaid-Noel, individually, as surviving sibling of Karen Kincaid

Karen Barrett, as the co-Personal Representative of the Estate of Lucille T. King, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lucille T. King

Robert Murray, as the co-Personal Representative of the Estate of Lucille T. King, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lucille T. King

John Doe 34, being intended to designate the Personal Representative of the Estate of Ronald Philip Kloepfer, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Ronald Philip Kloepfer

Christopher Kloepfer, individually, as surviving sibling of Ronald Philip Kloepfer

Carolyn LaFrance, individually, as surviving sibling of Alan LaFrance

John Doe 35, being intended to designate the Personal Representative of the Estate of William D. Lake, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of William D. Lake

John Doe 36, being intended to designate the Personal

3

Representative of the Estate of Kenneth Charles Ledee, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Kenneth Charles Ledee

Olivia Ledee Lindsey, individually, as surviving child of Kenneth Charles Ledee

Anna Ledee, individually, as surviving parent of Kenneth Charles Ledee

Jessica Leduc, individually, as surviving child of Alexis Leduc

Alexis John Leduc, individually, as surviving child of Alexis Leduc

Leslie K. Lesperance, individually, as surviving child of Charles A. Lesperance

Leslie K. Lesperance, as the co-Personal Representative of the Estate of Charles A. Lesperance, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles A. Lesperance

Nilaja A. Shealy-Loveless, individually, as surviving child of Charles A. Lesperance

John Doe 37, being intended to designate the Personal Representative of the Estate of Nancy Liz, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Nancy Liz

Jose Liz a/k/a Domingo Liz, individually, as surviving sibling of Nancy Liz

Jose Liz a/k/a Domingo Liz as Personal Representative of the Estate of Jose Liz, Sr., deceased, the late parent of Nancy Liz

4

Matthew J. Liz-Ramirez, individually, as surviving child of Nancy Liz

Anastasia Mancini a/k/a Anastasia Louvelos, individually, as surviving spouse of Francisco M. Mancini a/k/a Frank Mancini

Anastasia Mancini a/k/a Anastasia Louvelos, as the Personal Representative of the Estate of Francisco Mancini (a/k/a Frank Mancini), deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Francisco M. Mancini a/k/a Frank Mancini

Anastasia Mancini a/k/a Anastasia Louvelos, as Natural Guardian of SM, a minor, as surviving child of Francisco M. Mancini a/k/a Frank Mancini

Anthony Mancini, individually, as surviving sibling of Francisco M. Mancini a/k/a Frank Mancini

Anthony Mancini as the Personal Representative of the Estate of Lea Sola (a/k/a Lea Mancini), deceased, the late parent of Francisco M. Mancini a/k/a Frank Mancini

John Doe 38, being intended to designate the Personal Representative of the Estate of Louis N. Mariani, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis N. Mariani

John Doe 39, being intended to designate the Personal Representative of the Estate of William A. Mathesen, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of William A. Mathesen

John Doe 40, being intended to designate the Personal Representative of the Estate of Robert G. McIlvaine,

5

deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Robert G. McIlvaine

Dolores Lara, individually, as surviving parent of Manuel E. Mejia

Ana I. Peguero-Miliano, individually, as surviving spouse of Manuel E. Mejia

Jacqueline Mejia Peguero, individually, as surviving child of Manuel E. Mejia

Jose Miguel Mejia Peguero, individually, as surviving child of Manuel E. Mejia

Manuel E. Mejia Peguero, individually, as surviving child of Manuel E. Mejia

John Doe 41, being intended to designate the Personal Representative of the Estate of Nurul Miah, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Nurul Miah

Sharif Chowdhury & Showkatara Sharif as Personal Representatives of the Estate of Shakila Yasmin, deceased, the late spouse of Nurul Miah

Bakul Miah, individually, as surviving sibling of Nurul Miah

Jane Doe 42, being intended to designate the Personal Representative of the Estate of Philip D. Miller, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on

6

behalf of all survivors and all legally entitled beneficiaries and family members of Philip D. Miller

Arlene Miller, individually, as surviving spouse of Philip D. Miller

John Doe 43, being intended to designate the Personal Representative of the Estate of Peter A. Nelson, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter A. Nelson

Robert T. Ogren, as the Personal Representative of the Estate of Joseph J. Ogren, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph J. Ogren

Dorothy Ogren, individually, as surviving parent of Joseph J. Ogren

Lance Edward Ogren, individually, as surviving sibling of Joseph J. Ogren

Jean Oitice, as the Personal Representative of the Estate of Samuel Oitice, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Samuel Oitice

John Doe 44, being intended to designate the Personal Representative of the Estate of James W. Parham, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of James W. Parham

John Doe 45, being intended to designate the Personal Representative of the Estate of Leobardo L. Pascual, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has

expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Leobardo L. Pascual

Ana Pascual Ortiz, individually, as surviving parent of Leobardo L. Pascual

Mirna Huerta Aguirre, individually, as surviving spouse of Leobardo L. Pascual

Diego Lopez Reyes, individually, as surviving child of Leobardo L. Pascual

Juan Lopez Reyes, individually, as surviving child of Leobardo L. Pascual

Lizeth Lopez Huerta, individually, as surviving child of Leobardo L. Pascual

Mariela Lopez Huerta, individually, as surviving child of Leobardo L. Pascual

Cristobal Lopez, individually, as surviving sibling of Leobardo L. Pascual

Rafael Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Ana Luisa Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Graciela Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Flor Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Elena De La Cruz Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Maria Elvia Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Manuela Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Raquel Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Janet Lopez Pascual, individually, as surviving sibling of Leobardo L. Pascual

Carmen Yosef Lopez, individually, as surviving sibling of Leobardo L. Pascual

Terilyn Patrick Esse a/k/a Terilyn Patrick, individually, as surviving spouse of James Patrick

Terilyn Patrick Esse a/k/a Terilyn Patrick, as the Personal Representative of the Estate of James Patrick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of James Patrick

Terilyn Patrick Esse a/k/a Terilyn Patrick, as Natural Guardian of JJPE a/k/a JJP, a minor, as surviving child of James Patrick

John Doe 46, being intended to designate the Personal Representative of the Estate of Anthony Portillo, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Anthony Portillo

Natalie Quappe, individually, as surviving child of Lincoln Quappe

Clint Quappe, individually, as surviving child of Lincoln Quappe

Kerene Reeves aka Kerene Sherica Clarke, individually, as surviving child of Carol Rabalais a/k/a Carol South-Rabalais

Kerene Reeves aka Kerene Sherica Clarke, as the Personal Representative of the Estate of Carol Rabalais a/k/a Carol South-Rabalais, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carol Rabalais a/k/a Carol South-Rabalais

Samantha Blake a/k/a Samantha Bianca Herring, individually, as surviving child of Carol Rabalais a/k/a Carol South-Rabalais

Selvyn Neil Patrick Blake, individually, as surviving child of Carol Rabalais a/k/a Carol South-Rabalais

Mary Agatha South, individually, as surviving parent of Carol Rabalais a/k/a Carol South-Rabalais

John Doe 47, being intended to designate the Personal Representative of the Estate of Laura Ragonese-Snik,

9

deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Laura Ragonese-Snik

John Doe 48, being intended to designate the Personal Representative of the Estate of John Rhodes, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John Rhodes

John Doe 49, as the co-Personal Representative of the Estate of Vernon A. Richard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vernon A. Richard

Jane Doe 50, as the co-Personal Representative of the Estate of Vernon A. Richard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vernon A. Richard

Vernon A. Richard II, individually, as surviving child of Vernon A. Richard

Vernessa Richard, individually, as surviving child of Vernon A. Richard

Vernessa Richard & Vernon A. Richard II as Personal Representatives of the Estate of Dorothy Richard, deceased, the late spouse of Vernon A. Richard

John Doe 51, being intended to designate the Personal Representative of the Estate of Marsha A. Rodriguez, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled

10

beneficiaries and family members of Marsha A.
Rodriguez

John Doe 52, being intended to designate the Personal
Representative of the Estate of James Romito,
deceased, said name being fictitious, her/his true name
is not presently known, confirmed, and/or has not been
duly appointed by a court of competent jurisdiction (or
having been so appointed, his or her appointment has
expired, and/or he or she has ceased to serve, and his
or her successor has not yet been appointed) and on
behalf of all survivors and all legally entitled
beneficiaries and family members of James Romito

<div align="right">Plaintiffs,</div>

-against-

Islamic Republic of Iran,

<div align="right">Defendant.</div>

Plaintiffs named herein by and through the undersigned counsel file this Short Form
Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September
11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved
by the Court's Order of July 10, 2018, ECF No. 4045. Each Plaintiff incorporates by reference
the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs'
Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No.
3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903
(GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all
factual and jurisdictional allegations of the complaint that has been joined as specified below; all
causes of action contained within that complaint; all prior filings in connection with that
complaint; and all prior Orders and rulings of the Court in connection with that complaint.

<div align="center">11</div>

docs-100080926.1

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.       Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.       Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

□ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.       In addition, each Plaintiff hereby asserts the following additional causes of action:

12

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.    The following allegations and information are alleged on behalf of each

individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form

Complaint, herein referred to as "Plaintiffs."

a.   The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

13

b.  Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c.  As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d.  For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e.  For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.  The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

docs-100080926.1

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: December 27, 2018

Respectfully submitted,

/s/ Jerry S. Goldman
Jerry S. Goldman
Bruce Strong
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

*Attorneys for Plaintiffs*

## APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Marinella Hemenway | KS | United States | Ronald J. Hemenway | Spouse | United States | Solatium |
| 2 | John Doe 27 | DC | United States | Ronald J. Hemenway | PR | United States | Solatium/ Wrongful Death |
| 3 | Stefan Hemenway | KS | United States | Ronald J. Hemenway | Child | United States | Solatium |
| 4 | Desiree Hemenway | KS | United States | Ronald J. Hemenway | Child | United States | Solatium |
| 5 | Shirley Hemenway | MA | United States | Ronald J. Hemenway | Parent | United States | Solatium |
| 6 | Robert B. Hemenway Sr. | MA | United States | Ronald J. Hemenway | Parent | United States | Solatium |
| 7 | Kathleen Novich | KS | United States | Ronald J. Hemenway | Sibling | United States | Solatium |
| 8 | John Doe 28 | NY | United States | DaJuan Hodges | PR | United States | Solatium/ Wrongful Death |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Joan M. Houston as Personal Representative of the Estate of Joan McQuillen | NY | United States | Charles J. Houston | Parent (Deceased) | United States | Solatium |
| 10 | Trina Sabb | NY | United States | Lamar D. Hulse | Sibling | United States | Solatium |
| 11 | John Doe 29 | MA | United States | John C. Jenkins | PR | United States | Solatium/ Wrongful Death |
| 12 | John Doe 30, as Personal Representative of the Estate of Florence Detherage | KY | United States | John C. Jenkins | Parent (Deceased) | United States | Solatium |
| 13 | John Doe 31, as Personal Representative of the Estate of Marshall Ray Detherage | KY | United States | John C. Jenkins | Parent (Deceased) | United States | Solatium |
| 14 | John Doe 32 | NY | United States | Charles G. John | PR | United States | Solatium/ Wrongful Death |
| 15 | Cleveland B. John | NY | United States | Charles G. John | Sibling | United States | Solatium |
| 16 | Orwyn John | NY | Guyana | Charles G. John | Sibling | United States | Solatium |
| 17 | John Doe 33 | DC | United States | Karen Kincaid | PR | United States | Solatium/ Wrongful Death |
| 18 | Kristian G. Kincaid | IA | United States | Karen Kincaid | Sibling | United States | Solatium |
| 19 | Kathryn "Kay" D'Amico | IA | United States | Karen Kincaid | Sibling | United States | Solatium |

docs-100080926.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Karyl Kincaid-Noel | IA | United States | Karen Kincaid | Sibling | United States | Solatium |
| 21 | Karen Barrett | NJ | United States | Lucille T. King | co-PR | United States | Solatium/ Wrongful Death |
| 22 | Robert Murray | NJ | United States | Lucille T. King | co-PR | United States | Solatium/ Wrongful Death |
| 23 | John Doe 34 | NY | United States | Ronald Philip Kloepfer | PR | United States | Solatium/ Wrongful Death |
| 24 | Christopher Kloepfer | NY | United States | Ronald Philip Kloepfer | Sibling | United States | Solatium |
| 25 | Carolyn LaFrance | GA | United States | Alan LaFrance | Sibling | United States | Solatium |
| 26 | John Doe 35 | NY | United States | William D. Lake | PR | United States | Solatium/ Wrongful Death |
| 27 | John Doe 36 | NY | United States | Kenneth Charles Ledee | PR | United States | Solatium/ Wrongful Death |
| 28 | Olivia Ledee Lindsey | FL | United States | Kenneth Charles Ledee | Child | United States | Solatium |
| 29 | Anna Ledee | NY | United States | Kenneth Charles Ledee | Parent | United States | Solatium |
| 30 | Jessica Leduc | NJ | United States | Alexis Leduc | Child | United States | Solatium |
| 31 | Alexis John Leduc | NJ | United States | Alexis Leduc | Child | United States | Solatium |
| 32 | Leslie K. Lesperance | FL | United States | Charles A. Lesperance | Child | United States | Solatium |
| 33 | Leslie K. Lesperance | FL | United States | Charles A. Lesperance | co-PR | United States | Solatium/ Wrongful Death |
| 34 | Nilaja A. Shealy-Loveless | NJ | United States | Charles A. Lesperance | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 35 | John Doe 37 | NY | United States | Nancy Liz | PR | United States | Solatium/ Wrongful Death |
| 36 | Jose Liz a/k/a Domingo Liz | TX | United States | Nancy Liz | Sibling | United States | Solatium |
| 37 | Jose Liz a/k/a Domingo Liz as Personal Representative of the Estate of Jose Liz, Sr. | NY | United States | Nancy Liz | Parent (Deceased) | United States | Solatium |
| 38 | Matthew J. Liz-Ramirez | NY | United States | Nancy Liz | Child | United States | Solatium |
| 39 | Anastasia Mancini a/k/a Anastasia Louvelos | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Spouse | United States | Solatium |
| 40 | Anastasia Mancini a/k/a Anastasia Louvelos | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | PR | United States | Solatium/ Wrongful death |
| 41 | Anastasia Mancini a/k/a Anastasia Louvelos, as Natural Guardian of SM | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Child (Minor) | United States | Solatium |
| 42 | Anthony Mancini | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Sibling | United States | Solatium |
| 43 | Anthony Mancini as the Personal Representative of the Estate of Lea Sola (a/k/a Lea Mancini) | NY | United States | Francisco M. Mancini a/k/a Frank Mancini | Parent (Deceased) | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 44 | John Doe 38 | NH | United States | Louis N. Mariani | PR | United States | Solatium/ Wrongful Death |
| 45 | John Doe 39 | NJ | United States | William A. Mathesen | PR | United States | Solatium/ Wrongful Death |
| 46 | John Doe 40 | NY | United States | Robert G. McIlvaine | PR | United States | Solatium/ Wrongful Death |
| 47 | Dolores Lara | NY | Dominican Republic | Manuel E. Mejia | Parent | Dominican Republic | Solatium |
| 48 | Ana I. Peguero-Miliano | NY | United States | Manuel E. Mejia | Spouse | Dominican Republic | Solatium |
| 49 | Jacqueline Mejia Peguero | NY | United States | Manuel E. Mejia | Child | Dominican Republic | Solatium |
| 50 | Jose Miguel Mejia Peguero | NY | United States | Manuel E. Mejia | Child | Dominican Republic | Solatium |
| 51 | Manuel E. Mejia Peguero | NY | Dominican Republic | Manuel E. Mejia | Child | Dominican Republic | Solatium |
| 52 | John Doe 41 | NY | United States | Nurul Miah | PR | United States | Solatium/ Wrongful Death |
| 53 | Sharif Chowdhury & Showkatara Sharif as Personal Representatives of the Estate of Shakila Yasmin | NY | United States | Nurul Miah | Spouse (Deceased) | United States | Solatium |
| 54 | Bakul Miah | NJ | United States | Nurul Miah | Sibling | United States | Solatium |
| 55 | Jane Doe 42 | NY | United States | Philip D. Miller | PR | United States | Solatium/ Wrongful Death |
| 56 | Arlene Miller | MS | United States | Philip D. Miller | Spouse | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 57 | John Doe 43 | NY | United States | Peter A. Nelson | PR | United States | Solatium/ Wrongful Death |
| 58 | Robert T. Ogren | FL | United States | Joseph J. Ogren | PR | United States | Solatium/ Wrongful Death |
| 59 | Dorothy Ogren | NJ | United States | Joseph J. Ogren | Parent | United States | Solatium |
| 60 | Lance Edward Ogren | SC | United States | Joseph J. Ogren | Sibling | United States | Solatium |
| 61 | Jean Oitice | NY | United States | Samuel Oitice | PR | United States | Solatium/ Wrongful Death |
| 62 | John Doe 44 | NY | United States | James W. Parham | PR | United States | Solatium/ Wrongful Death |
| 63 | John Doe 45 | NY | United States | Leobardo L. Pascual | PR | United States | Solatium/ Wrongful Death |
| 64 | Ana Pascual Ortiz | CA | Mexico | Leobardo L. Pascual | Parent | Mexico | Solatium |
| 65 | Mirna Huerta Aguirre | Mexico | Mexico | Leobardo L. Pascual | Spouse | Mexico | Solatium |
| 66 | Diego Lopez Reyes | NJ | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 67 | Juan Lopez Reyes | NJ | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 68 | Lizeth Lopez Huerta | Mexico | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 69 | Mariela Lopez Huerta | Mexico | Mexico | Leobardo L. Pascual | Child | Mexico | Solatium |
| 70 | Cristobal Lopez | CA | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 71 | Rafael Lopez Pascual | CA | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 72 | Ana Luisa Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 73 | Graciela Lopez Pascual | CA | United States | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 74 | Flor Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 75 | Elena De La Cruz Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 76 | Maria Elvia Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 77 | Manuela Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 78 | Raquel Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 79 | Janet Lopez Pascual | Mexico | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 80 | Carmen Yosef Lopez | CA | Mexico | Leobardo L. Pascual | Sibling | Mexico | Solatium |
| 81 | Terilyn Patrick Esse a/k/a Terilyn Patrick | CT | United States | James Patrick | Spouse | United States | Solatium |
| 82 | Terilyn Patrick Esse a/k/a Terilyn Patrick | CT | United States | James Patrick | PR | United States | Solatium/ Wrongful Death |
| 83 | Terilyn Patrick Esse a/k/a Terilyn Patrick, as Natural Guardian of JJPE a/k/a JJP | CT | United States | James Patrick | Child (Minor) | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 84 | John Doe 46 | NY | United States | Anthony Portillo | PR | United States | Solatium/ Wrongful Death |
| 85 | Natalie Quappe | NY | United States | Lincoln Quappe | Child | United States | Solatium |
| 86 | Clint Quappe | NY | United States | Lincoln Quappe | Child | United States | Solatium |
| 87 | Kerene Reeves aka Kerene Sherica Clarke | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Child | United States | Solatium |
| 88 | Kerene Reeves aka Kerene Sherica Clarke | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | PR | United States | Solatium/ Wrongful Death |
| 89 | Samantha Blake a/k/a Samantha Bianca Herring | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Child | United States | Solatium |
| 90 | Selvyn Neil Patrick Blake | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Child | United States | Solatium |
| 91 | Mary Agatha South | NY | United States | Carol Rabalais a/k/a Carol South-Rabalais | Parent | United States | Solatium |
| 92 | John Doe 47 | PA | United States | Laura Ragonese-Snik | PR | United States | Solatium/ Wrongful Death |
| 93 | John Doe 48 | NJ | United States | John Rhodes | PR | United States | Solatium/ Wrongful Death |
| 94 | John Doe 49 | NY | United States | Vernon A. Richard | co-PR | United States | Solatium/ Wrongful Death |
| 95 | Jane Doe 50 | NY | United States | Vernon A. Richard | co-PR | United States | Solatium/ Wrongful Death |
| 96 | Vernon A. Richard II | NC | United States | Vernon A. Richard | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal Injury)[2] |
|---|---|---|---|---|---|---|---|
| 97 | Vernessa Richard | NY | United States | Vernon A. Richard | Child | United States | Solatium |
| 98 | Vernessa Richard & Vernon A. Richard II as Personal Representatives of the Estate of Dorothy Richard | NC/NY | United States | Vernon A. Richard | Spouse (Deceased) | United States | Solatium |
| 99 | John Doe 51 | NJ | United States | Marsha A. Rodriguez | PR | United States | Solatium/ Wrongful Death |
| 100 | John Doe 52 | NY | United States | James Romito | PR | United States | Solatium/ Wrongful Death |

24

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| Marinella Hemenway, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> Islamic Republic of Iran, <br><br> DEFENDANT. | Civil Docket Number:  1:18-cv-12277 |

### NOTICE OF SUIT

| | | |
|---|---|---|
| 1. | Title of legal proceeding: | *Marinella Hemenway, et al. v. Islamic Republic of Iran* |
| | Full Name of Court: | United States District Court for the Southern District of New York |
| | Docket Number: | 1:18-cv-12277 |
| | Judge: | United States District Judge George B. Daniels |
| 2. | Name of foreign state concerned: | The Islamic Republic of Iran |
| 3. | Identity of the other Parties: | None |
| 4. | Nature of documents served: | Summons and Complaint (in English and Farsi) |
| 5. | Nature and Purpose of Proceedings: | Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of American on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.  The conspiracy among the defendant to commit acts of international terrorism against the United States, its nationals and allies, including the aiding and abetting of, and provision of material support and resources to, al Qaida and/or affiliated foreign terrorist organizations |

commercial entities, persons and other parties.

6.  A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7.  The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.  Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.

Dated:  January 2, 2019

/s/ Jerry S. Goldman
Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

I.    *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

II.    *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)** Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

*28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.

*28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

#### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

(a)  A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b)  An "agency or instrumentality of a foreign state" means any entity—

(1)  which is a separate legal person, corporate or otherwise, and

(2)  which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3)  which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

(c)  The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

(d)  A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

(e)  A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

#### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

    **(b)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

      **(1)**  notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

      **(2)**  notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

    **(c)**  Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

    **(d)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

    **(e), (f)**  [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

**(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

**(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

(II) in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

(ii) the claimant or the victim was, at the time the act described in paragraph (1) occurred—

(I)   a national of the United States;

(II)   a member of the armed forces; or

(III)   otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

(IV)   in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

(B) the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

(b) Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

(1) 10 years after April 24, 1996; or

(2) 10 years after the date on which the cause of action arose.

(c) Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

(1) a national of the United States,

(2) a member of the armed forces,

(3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions. For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition. In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states. A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

(c)  Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333]* if the foreign state would not be immune under subsection (b).

(d)  Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

(a)  for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

(b)  arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

   **(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

<div align="center">

**28 USCS § 1608**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1608. Service; time to answer; default

   **(a)**  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

     **(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

     **(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

     **(3)**  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

     **(4)**  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

   As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

   **(b)**  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

     **(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

     **(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

    **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

    **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

    **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

    **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

    **(c)** Service shall be deemed to have been made—

    **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

    **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

    **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

    **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

    Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

<u>28 USCS § 1610</u>
Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

(a)  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

(1)  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

(2)  the property is or was used for the commercial activity upon which the claim is based, or

(3)  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

(4)  the execution relates to a judgment establishing rights in property

(A)  which is acquired by succession or gift, or

(B)  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

(5)  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6)  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7)  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

(b)  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

> **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

> **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

> **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

> **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

> **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

> **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

> **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

> **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

> **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

   **(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

   **(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

   **(B)** In providing such assistance, the Secretaries

      **(i)** may provide such information to the court under seal; and

      **(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

   **(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

   **(g)** Property in certain actions.

   **(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

      **(A)** the level of economic control over the property by the government of the foreign state;

      **(B)** whether the profits of the property go to that government;

      **(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

      **(D)** whether that government is the sole beneficiary in interest of the property; or

      **(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

   **(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

(3) Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## 28 USCS § 1611
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.   JUDICIARY AND JUDICIAL PROCEDURE PART IV.   JURISDICTION AND VENUE CHAPTER 97.   JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

(a)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

(1)  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2)  the property is, or is intended to be, used in connection with a military activity and

(A)  is of a military character, or

(B)  is under the control of a military authority or defense agency.

(c)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| Marinella Hemenway, *et al.* | Civil Docket Number: 1:18-cv-12277 |
| PLAINTIFFS, | **AFFIDAVIT OF TRANSLATOR** |
| v. | ECF CASE |
| Islamic Republic Of Iran, | |
| DEFENDANT. | |

STATE OF NEW YORK          )
                                              ) ss:
COUNTY OF NEW YORK    )

Sabrina M. Ki, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

    a.  Summons with appendix
    b.  Complaint with appendix
    c.  Civil cover sheet with appendix
    d.  Notice of Suit

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by translator(s) who each have more than 15 years of experience translating English into Farsi and are certified by TransPerfect to translate legal material.

docs-100079605.1

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

Sabrina M. Ki, Project Manager

Sworn to before me
this 22 day of January, 2019

Notary Public

ANDERS MIKAEL EKHOLM
NOTARY PUBLIC-STATE OF NEW YORK
No 01EK6378373
Qualified in New York County
My Commission Expires 07-23-2022

2



پرونده 1:18-cv-12277-UA سند 5 ارائه شده در 18/02/08 صفحه 1 از 10

IH 6 احضاریه 1608 USC 28

دادگاه ناحیه‌ای ایالات متحده
از طرف
ناحیه جنوب نیویورک

مارینلا همنوی و دیگران (به ضمیمه مراجعه کنید)

_____
خواهان

اقدام مدنی شماره          در برابر

جمهوری اسلامی ایران

_____
خوانده

احضاریه در یک اقدام مدنی

به:          (نام و آدرس خوانده)

ISLAMIC REPUBLIC OF IRAN, c/o
Permanent Mission of Iran to the
United Nations
622 Third Avenue
New York, NY 10017

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا دفاعیه ای را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. پاسخ یا اقدام باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

Jerry S. Goldman, Esq
ANDERSON KILL PC.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا دفاعیه خود را به دادگاه ارائه نمایید.

منشی دادگاه

تاریخ: 01/02/2019          [مهر]: دادگاه ناحیه‌ای ایالات متحده - ناحیه          /امضا/ جی. گونزالس
                                       نیویورک
                                       برای منطقه جنوبی                        _____
                                       [امضا]                                  امضای منشی یا معاون منشی

پرونده 1:18-cv-12277-UA سند 5 ارائه شده در 18/02/08 صفحه 2 از 10

28 USC 1608 احضاریه 12/11 (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 (l))

این ابلاغیه مربوط به (نام فرد یا سمت، در صورت امکان) _____ به من ابلاغ شد. در (تاریخ) _____

☐   من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____
در (تاریخ) _____ ابلاغ کردم؛ یا

☐   من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم (نام) _____
، شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد، در
(تاریخ) _____ ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

☐   من ابلاغیه را به این فرد تحویل دادم: (نام فرد) _____ ، که بنا به
قانون اجازه دارد ابلاغ احضاریه را از طرف (نام سازمان) _____
بپذیرد؛ در (تاریخ) _____ ؛ یا

☐   من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

☐   سایر (مشخص کنید):


حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ و جمعاً 0.00 دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____

_____
امضای ابلاغ‌کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
آدرس ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام‌شده، غیره:

## ضمیمه

مارینلا همنوی، انفراداً، به عنوان همسر بازمانده رونالد جی. همنوی

فرد ناشناس27، که قصد دارد نماینده شخصی ماترک رونالد جی. همنوی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رونالد جی. همنوی

استفان همنوی، انفراداً، به عنوان فرزند بازمانده رونالد جی. همنوی

دزیری همنوی، انفراداً، به عنوان فرزند بازمانده رونالد جی. همنوی

شرلی همنوی، انفراداً، به عنوان والد بازمانده رونالد جی. همنوی

رابرت بی. همنوی سنیور، انفراداً، به عنوان والد بازمانده رونالد جی. همنوی

کاتلین نوویج، انفراداً، به عنوان برادر/خواهر بازمانده رونالد جی. همنوی

فرد ناشناس، 28، که قصد دارد نماینده شخصی داجوان هاجز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده داجوان هاجز

جوان ام. هوستون به عنوان نماینده شخصی جوان مک‌کوئیلن، متوفی، والد متوفای چارلز جی. هوستون

ترینا ساب، انفراداً، به عنوان برادر/خواهر بازمانده لامار دی. هالس

فرد ناشناس 29، که قصد دارد نماینده شخصی ماترک جان سی. جنکینز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان سی. جنکینز

فرد ناشناس 30، به عنوان نماینده شخصی ماترک فلورنس دیتریج، متوفی، والد متوفای جان سی. جنکینز

فرد ناشناس 31، به عنوان نماینده شخصی ماترک مارشال ری دیتریج، متوفی، والد متوفای جان سی. جنکینز

فرد ناشناس 32، که قصد دارد نماینده شخصی ماترک چارلز جی. جان، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز جی. جان

کلیولند بی. جان، انفراداً، به عنوان برادر/خواهر بازمانده چارلز جی. جان

اوروین جان، انفراداً، به عنوان برادر/خواهر بازمانده چارلز جی. جان

فرد ناشناس 33، که قصد دارد نماینده شخصی ماترک کارن کینکید، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارن کینکید

کریستین جی. کینکید، انفراداً، به عنوان برادر/خواهر بازمانده کارن کینکید

کاترین "کی" دامیکو، انفراداً، به عنوان برادر/خواهر بازمانده کارن کینکید

کاریل کینکید-نوئل، انفراداً، به عنوان برادر/خواهر بازمانده کارن کینکید

کارن برت، به عنوان نماینده شخصی مشترک ماترک لوسیل تی. کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوسیل تی. کینگ

رابرت موری، به عنوان نماینده شخصی مشترک ماترک لوسیل تی. کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوسیل تی. کینگ

فرد ناشناس 34، که قصد دارد نماینده شخصی ماترک رونالد فیلیپ کلوپفر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رونالد فیلیپ کلوپفر

کریستوفر کلوپفر، انفراداً، به عنوان برادر/خواهر بازمانده رونالد فیلیپ کلوپفر

کارولین لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

فرد ناشناس 35، که قصد دارد نماینده شخصی ماترک ویلیام دی. لیک، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام دی. لیک

فرد ناشناس 36، که قصد دارد نماینده شخصی ماترک کنت چارلز لدی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کنت چارلز لدی

الویا لدی، انفراداً، به عنوان فرزند بازمانده کنت چارلز لدی

آنا لدی، انفراداً، به عنوان والد بازمانده کنت چارلز لدی

جسیکا لدوک، انفراداً، به عنوان فرزند بازمانده آلکسیس لدوک

آلکسیس جان لدوک، انفراداً، به عنوان فرزند بازمانده آلکسیس لدوک

لسلی کی. لسپرنس، انفراداً، به عنوان فرزند بازمانده چارلز آ. لسپرنس

لسلی کی. لسپرنس، به عنوان نماینده شخصی مشترک ماترک چارلز آ. لسپرنس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز آ. لسپرنس

نیلاجا آ. شلی- لاولس، انفراداً، به عنوان فرزند بازمانده چارلز آ. لسپرنس

فرد ناشناس 37، که قصد دارد نماینده شخصی ماترک نانسی لیز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نانسی لیز

خوزه لیز مشهور به دومینیگو لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

خوزه لیز مشهور به دومینیگو لیز به عنوان نماینده شخصی ماترک خوزه لیز سنیور، متوفی، والد متوفای نانسی لیز

متیو جی. لیز- رامیرز، انفراداً، به عنوان فرزند بازمانده نانسی لیز

آناستازیا مانچینی مشهور به آناستازیا لاولوس، انفراداً، به عنوان همسر بازمانده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

پرونده UA-12277-cv-1:18 سند 5 ارائه شده در 18/02/08 صفحه 6 از 10

آناستازیا مانچینی مشهور به آناستازیا لاولوس، به عنوان نماینده شخصی ماترک فرانسیسکو مانچینی (مشهور به فرانک مانچینی)، متوفی، و از طرف تمام بازماندگان قانونی و اعضای خانواده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آناستازیا مانچینی مشهور به آناستازیا لاولوس، به عنوان قیم طبیعی SM، فرد زیر سن قانونی، به عنوان فرزند بازمانده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آنتونی مانچینی مشهور، انفراداً، به عنوان برادر/خواهر بازمانده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آنتونی مانچینی به عنوان نماینده شخصی ماترک لیا سولا (مشهور به لیا مانچینی)، متوفی، والد متوفای فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

فرد ناشناس 38، که قصد دارد نماینده شخصی ماترک لوئیس ان. ماریانی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوئیس ان. ماریانی

فرد ناشناس 39، که قصد دارد نماینده شخصی ماترک ویلیام آ. ماتسن، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام آ. ماتسن

فرد ناشناس 40، که قصد دارد نماینده شخصی ماترک رابرت جی. مک‌ایلواین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رابرت جی. مک‌ایلواین

دولورس لارا، انفراداً، به عنوان والد بازمانده مانوئل ای. مجیا آنا آی. پگٹورو- میلیانو، انفراداً، به عنوان همسر بازمانده مانوئل ای. مجیا ژاکلین مجیا پگٹورو، انفراداً، به عنوان فرزند بازمانده مانوئل ای. مجیا خوزه میگوئل مجیا پگٹورو، انفراداً، به عنوان فرزند بازمانده مانوئل ای. مجیا مانوئل ای. مجیا پگٹورو، انفراداً، به عنوان فرزند بازمانده مانوئل ای. مجیا

فرد ناشناس 41، که قصد دارد نماینده شخصی ماترک نورول میا، باشد، متوفی، چرا که نام مذکور غیرواقعی است، در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نورول میا

شریف چاودهوری و شوکاتارا شریف به عنوان نماینده شخصی ماترک شکیلا یاسمین، متوفی، همسر متوفای نورول میا

باکول میا، انفراداً، به عنوان برادر/خواهر بازمانده نورول میا

فرد ناشناس مونث 42، که قصد دارد نماینده شخصی ماترک فیلیپ دی. میلر، باشد، متوفی، چرا که نام مذکور غیرواقعی است، در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فیلیپ دی. میلر

آرلن میلر، انفراداً، به عنوان همسر بازمانده فیلیپ دی. میلر

فرد ناشناس43، که قصد دارد نماینده شخصی ماترک پیتر آ. نلسون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر آ. نلسون

رابرت تی. اگرن، به عنوان نماینده شخصی ماترک جوزف جی. اگرن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف جی. اگرن

دوروتی اگرن، انفراداً، به عنوان والد بازمانده جوزف جی. اگرن

لنس ادوارد اگرن، انفراداً، به عنوان برادر/خواهر بازمانده جوزف جی. اگرن

جین اوپتیس، به عنوان نماینده شخصی ماترک ساموئل اوپتیس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ساموئل اوپتیس

فرد ناشناس 44، که قصد دارد نماینده شخصی ماترک جیمز دبلیو. پرهام، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز دبلیو. پرهام

فرد ناشناس 45، که قصد دارد نماینده شخصی ماترک لئوباردو لی. پاسکال، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لئوباردو لی. پاسکال

آنا پاسکال ارتیز، انفراداً، به عنوان والد بازمانده لئوباردو لی. پاسکال

میرنا هونرتا آگونیر، انفراداً، به عنوان همسر بازمانده لئوباردو لی. پاسکال

دیگو لوپز ریز، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

خوان لوپز ریز، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

لیزت لوپز هونرتا، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

ماریلا لوپز هونرتا، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

کریستوبال لوپز، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

رافائل لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

آنا لوئیزا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

گارسیلا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

فلور لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

النا دلا کروز لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

ماریا الویا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

مانوئلا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

راکوئل لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

جانت لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

کارمن یوسف لوپز، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

تریلین پاتریک اسه مشهور به تریلین پاتریک، انفراداً، به عنوان همسر بازمانده جیمز پاتریک

پرونده UA-12277-cv-1:18 سند 5 ارائه شده در 18/02/08 صفحه 9 از 10

تریلین پاتریک اسه مشهور به تریلین پاتریک، به عنوان نماینده شخصی ماترک جیمز پاتریک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز پاتریک

تریلین پاتریک اسه مشهور به تریلین پاتریک به عنوان قیم طبیعی JJPE مشهور به JP، فرد زیر سن قانونی، به عنوان فرزند بازمانده جیمز پاتریک

فرد ناشناس 46، که قصد دارد نماینده شخصی ماترک آنتونی پورتیلو، باشد و نام مذکور غیرواقعی است، متوفی، در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آنتونی پورتیلو

ناتالی کواپ، انفراداً، به عنوان فرزند بازمانده لینکلن کواپ

کلینت کواپ، انفراداً، به عنوان فرزند بازمانده لینکلن کواپ

کرین ریوز مشهور به کرین شریکا کلارک، انفراداً، به عنوان فرزند بازمانده کارول راباللیس مشهور به کارول ساوت- راباللیس

کرین ریوز مشهور به کرین شریکا کلارک، به عنوان نماینده شخصی ماترک کارول راباللیس مشهور به کارول ساوت- راباللیس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارول راباللیس مشهور به کارول ساوت- راباللیس

سامانتا بلیک مشهور به سامانتا بیانکا هرینگ، انفراداً، به عنوان فرزند بازمانده کارول راباللیس مشهور به کارول ساوت- راباللیس

سلوین نیل پاتریک بلیک، انفراداً، به عنوان فرزند بازمانده کارول راباللیس مشهور به کارول ساوت- راباللیس

ماری آگاتا ساوت، انفراداً، به عنوان والد بازمانده کارول راباللیس مشهور به کارول ساوت- راباللیس

فرد ناشناس 47، که قصد دارد نماینده شخصی ماترک لورا راگونیس-اسنیک، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لورا راگونیس-اسنیک

فرد ناشناس 48 ، که قصد دارد نماینده شخصی ماترک جان رودز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان رودز

فرد ناشناس 49، به عنوان نماینده شخصی مشترک ماترک ورنون آ. ریچارد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ورنون آ. ریچارد

فرد ناشناس مونث 50، به عنوان نماینده شخصی مشترک ماترک ورنون آ. ریچارد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ورنون آ. ریچارد

ورنون آ. ریچارد دوم، انفراداً، به عنوان فرزند بازمانده ورنون آ. ریچارد

ورنسا ریچارد، انفراداً، به عنوان فرزند بازمانده ورنون آ. ریچارد

ونسا ریچارد و ورنون آ. ریچارد دوم به عنوان نماینده شخصی ماترک دوروتی ریچارد، متوفی، همسر متوفای ورنون آ. ریچارد

فرد ناشناس51، که قصد دارد نماینده شخصی ماترک مارشا آ. رودریگز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مارشا آ. رودریگز

فرد ناشناس 52، که قصد دارد نماینده شخصی ماترک جیمز رومیتو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز رومیتو

پرونده 1:18-cv-12277 سند 2 ارائه شده در 12/28/18 صفحه 1 از 11

## برگه جلد دادخواست مدنی

JS 44C/SDNY
REV. 06/01/17

برگه جلد دادخواست مدنی S-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواهان‌ها | خواندها |
|---|---|
| مارینا هندوی و دیگران | جمهوری اسلامی ایران |
| وکلا (نام شرکت، ادرس، و شماره تلفن | وکلا (در صورت اطلاع) |
| وکیل دعاوی جری اس. گلدمن، شرکت اندرسون کیل P.C. | |
| 1251 Avenue of the Americas, New York, NY 10020 | |
| jgoldman@andersonkill.com /(212) 278-1000) | |

علت اقدام (به قانون مدنی ایالات متحده بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید (به قوانین مصوب مربوطه استناد نکنید، مگر در صورت وجود اختلاف آرا)

18 U.S.C. § 2333 و 28 U.S.C. § 1605B

| قاضی منصوب شده قبلی | آیا این اقدام، پرونده یا دادرسی با موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ |
|---|---|
| George B. Daniels | ☐ خیر   ☐ بله |

| اگر بله، آیا این پرونده | ☐ داوطلبانه   ☐ غیرداوطلبانه   ☐ رد شده است | اگر بله، تاریخ و | شماره پرونده را ذکر کنید  1:03-md-01570 |
|---|---|---|---|

آیا این یک پرونده داوری بین‌المللی است؟   ☐ بله   ☑ خیر

(فقط یک کادر را با علامت/تیک مشخص نمایید)   ماهیت اقامه دعوی

| قرارداد | صدمه جرم شخصی | صدمه شخصی | اقدام بر اساس قوانین مصوب | | سایر قوانین مصوب |
|---|---|---|---|---|---|
| [ ] 110 بیمه | [ ] 310 هواپیما | [ ] 367 بهداشت و درمان/محصولات شخصی داروسازی/صدمات شخصی بر اثر محصول | [ ] 625 توقیف اموال مربوط به مواد مخدر 21 USC 881 | [ ] 422 درخواست تجدید نظر 28 USC 158 | [ ] 375 سایر قوانین مصوب ادعاهای دروغ |
| [ ] 120 دریایی | [ ] 315 مسئولیت در قبال محصول هواپیما | [ ] 365 مسئولیت در قبال صدمات شخصی بابت محصول | [ ] 690 سایر | [ ] 423 انصراف 28 USC 157 | [ ] 376 دعوی متقابل کیفیت، نهاد مالی |
| [ ] 130 قانون میزر | [ ] 320 ضرب و جرح، افترا و توهین | | | | [ ] 400 تکمیک، سهام |
| [ ] 140 اوراق بهادار | [ ] 330 مسئولیت کارفرمایان فدرال | [ ] 368 مسئولیت در قبال صدمات شخصی بابت محصول آزبست | حقوق مالکیت | [ ] 410 مقابله با انحصار |
| [ ] 150 استرداد اضافه پرداخت، و اجرای حکم | | | [ ] 820 حقوق انحصاری | [ ] 430 بانک‌ها و بانکداری |
| [ ] 151 قانون مدیکر | [ ] 340 دریایی | صدمه شخصی | [ ] 830 حق اختراع | [ ] 450 تجارت |
| [ ] 152 استرداد وام‌های دانشجویی (غیر کهنه‌سربازان) | [ ] 345 مسئولیت در قبال محصول دریایی | [ ] 370 سایر تقلب | [ ] 840 کاربرد داروهای با نام تجاری شده مشابه | [ ] 450 اخراج |
| | [ ] 350 خودروی موتوری | [ ] 371 حقیقت در وام/رباخوری | علامت تجاری | [ ] 470 قانون سازمان‌های منحل شده نفوذ ناقص و فساد (RICO) |
| [ ] 153 استرداد اضافه پرداخت و بازیابی کهنه سربازان | [ ] 355 مسئولیت در قبال محصول خودروی موتوری | [ ] 380 سایر موارد آسیب به اموال شخصی | | [ ] 480 اعتبار مشتری |
| [ ] 160 دعاوی سهامداران | [ ] 360 سایر صدمات شخصی | | تامین اجتماعی | [ ] 490 تلویزیون کابلی/ماهواره |
| [ ] 190 سایر قراردادها | [ ] 362 صدمه شخصی - صدمات پزشکی | [ ] 385 آسیب به اموال، مسئولیت کهنه سربازان | [ ] 861 HIA (1395f) | [ ] 850 تضمین/کالا/مبادله |
| [ ] 195 مسئولیت محصول قرارداد | | | [ ] 862 شش سیاه (923) | |
| [ ] 196 فرانشیز | | اعتراضات زندانی | [ ] 863 DIWC/DIWW (405g) | [ ] 890 سایر اقدامات قانونی |
| | | [ ] 463 فرد بازداشتی بیگانه | [ ] 864 SSID عنوان XVI | [ ] 891 قوانین کشاورزی |
| حقوق شهروندی | | [ ] 510 قانون درخواست ابطال حکم 28 USC 2255 | [ ] 865 RSI (405g) | [ ] 893 موضوعات زیست محیطی |
| | | سایر دادخواهی‌ها | پرونده‌های مالیاتی فدرال | [ ] 895 قانون الزام اطلاعات |
| املاک | اقدام در تحت قوانین مصوب | [ ] 530 قرار تجدید زندانی | [ ] 870 مالیات (خواهان یا خوانده) | [ ] 896 داوری |
| | مربوطه | [ ] 535 مجازات اعدام | [ ] 871 شخص ثالث IRS 28 USC 7609 | [ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان |
| [ ] 210 تملک زمین | [ ] 440 سایر حقوق مدنی (غیرزندانی) | سایر | | [ ] 950 تحلیل قوانین ایالتی با قانون اساسی |
| [ ] 220 حبس رهن | [ ] 441 استخدام | حقوق شهروندی (زندانی) | | |
| [ ] 230 اجاره اموال و تخلیه | [ ] 442 مسکن/امکانات | [ ] 550 حقوق شهروندی | | |
| [ ] 240 خسارت وارد به زمین | [ ] 445 امریکایی‌های دچار معلولیت - اشتغال | [ ] 555 شرایط زندان | | |
| [ ] 245 مسئولیت خسارت وارد به محصول | [ ] 446 امریکایی‌های دچار معلولیت - سایر | [ ] 560 شرایط بازداشت‌- سایر | | |
| [ ] 290 سایر املاک حقیقی دیگر | [ ] 448 آموزش | | | |

آیا مدعی هستید که این پرونده که به پرونده مدنی در تحت بررسی در S.D.N.Y. است که طبق قانون محلی مطرح بنویسد:
اگر این یک دعوی مطرح شده توسط چند خواهان بر اساس F.R.C.P. 23 است، بخش 13 تعریف شده است: ☐
اگر پاسخ مثبت است، ذکر کنید:

| تقاضا   130 میلیارد دلار   سایر | قاضی جورج بی. دانیلز | شماره پرونده   1:03-md-01570 |
|---|---|---|

فقط اگر در شکایت تقاضا شده است: "بله" را علامت بزنید:
درخواست هیئت منصفه: ☐ بله   ☑ خیر

توجه: باید فرم اظهاریه مرتبط‌بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده 1:18-cv-12277 سند 2 ارائه شده در 12/28/18 صفحه 2 از 11

منشا

(فقط یک کادر را با علامت ☒ مشخص نمایید)

☒ 1. رسیدگی اصلی  ☐ 2. خارج شده از دادگاه ایالتی  ☐ 3. تأیید شده در دادگاه تجدید نظر  ☐ 4. شروع مجدد یا رفع  ☐ 5. منتقل شده از (ناحیه را مشخص کنید)  ☐ 6. دادخواهی مربوط به چند ناحیه (منتقل شده)  ☐ 7. درخواست تجدید نظر از قاضی ناحیه از قاضی بخش

☐ 8. دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

- a. وکلای همه طرفین حضور داشتند
- b. وکلای همه طرفین حضور داشتند
- c. حداقل یکی از طرفین بدون وکیل حضور دارد.

مبنای صلاحیت

(فقط یک کادر را با علامت ☒ مشخص نمایید)

☐ 1. خواهان ایالات متحده  ☐ 2. خوانده ایالات متحده  ☒ 3. سوال فدرال (ایالات متحده جزو طرفین نیست)  ☐ 4. تفاوت

تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک [X] هم در کادر مربوط به خوانده علامت بزنید)

| | PTF | DEF | | | PTF | DEF | |
|---|---|---|---|---|---|---|---|
| شهروند این ایالت | 1 [ ] | 1 [ ] | شهروند یا تبعه یک کشور خارجی | | 3 [ ] | 3 [ ] | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | 5 [ ] | 5 [ ] |
| شهروند ایالتی دیگر | 2 [ ] | 2 [ ] | تأسیس شده و محل اصلی کسب و کار در این ایالت | | 4 [ ] | 4 [ ] | تابعیت خارجی | 6 [ ] | 6 [ ] |

آدرس(ها) و کشور(های) خواهان(ها)
**به پیوست مراجعه کنید**

آدرس(ها) و کشور(های) خوانده(ها)
**جمهوری اسلامی ایران، ایران**

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانستم آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

تخصیص به دادگاه
بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با کانون محلی بخش تجارت، 20 ،18 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

این اقدام باید به محل زیر اختصاص یابد؛  یک مورد را علامت بزنید:

☒ منهتن   ☐ وایت پلینز

[ انتشار دری گلشن ]

تاریخ 12/27/18   امضای وکیل پرونده

شماره رسید

پذیرفته شده برای اجرا در این ناحیه
☐ خیر
☒ بله (تاریخ پذیرش ماه بی سال <u>1980</u> )
شماره کد وکیل در کانون وکلا 1302454

قاضی باید توسط منشی دادگاه منصوب شود.

قاضی بخش _____به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____.

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

[ چاپ ]   [ ذخیره کردن ]   [ پاک کردن فرم ]

پرونده 12277-cv-18:1 سند 2 ارائه شده در 12/28/18 صفحه 3 از 11

ضمیمه

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | همسر | Ronald J. Hemenway | ایالات متحده | کانزاس | Marinella Hemenway | 1 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Ronald J. Hemenway | ایالات متحده | ناحیه کلمبیا | John Doe 27 | 2 |
| ترضیه خاطر | ایالات متحده | کودک | Ronald J. Hemenway | ایالات متحده | کانزاس | Stefan Hemenway | 3 |
| ترضیه خاطر | ایالات متحده | کودک | Ronald J. Hemenway | ایالات متحده | کانزاس | Desiree Hemenway | 4 |
| ترضیه خاطر | ایالات متحده | والد | Ronald J. Hemenway | ایالات متحده | ماساچوست | Shirley Hemenway | 5 |
| ترضیه خاطر | ایالات متحده | والد | Ronald J. Hemenway | ایالات متحده | ماساچوست | Robert B. Hemenway Sr. | 6 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Ronald J. Hemenway | ایالات متحده | کانزاس | Kathleen Novich | 7 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | DaJuan Hodges | ایالات متحده | نیویورک | John Doe 28 | 8 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Charles J. Houston | ایالات متحده | نیویورک | جوان ام. هوستون به عنوان نماینده شخصی ماترک جوان مک‌کوئیلن | 9 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Lamar D. Hulse | ایالات متحده | نیویورک | Trina Sabb | 10 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | John C. Jenkins | ایالات متحده | ماساچوست | John Doe 29 | 11 |

---

[1] در خصوص مواردی که با عبارت "PR" مشخص شده است، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

پرونده 1:18-cv-12277 سند 2 ارائه شده در 12/28/18 صفحه 4 از 11

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 12 | فرد ناشناس 30، به عنوان نماینده شخصی ماترک فلورنس دیتریج | کنتاکی | ایالات متحده | John C. Jenkins | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 13 | فرد ناشناس 31، به عنوان نماینده شخصی ماترک مارشال ری دیتریج | کنتاکی | ایالات متحده | John C. Jenkins | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 14 | John Doe 32 | نیویورک | ایالات متحده | Charles G. John | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 15 | Cleveland B. John | نیویورک | ایالات متحده | Charles G. John | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | Orwyn John | نیویورک | گویان | Charles G. John | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 17 | John Doe 33 | ناحیه کلمبیا | ایالات متحده | Karen Kincaid | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 18 | Kristian G. Kincaid | ایوا | ایالات متحده | Karen Kincaid | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | Kathryn "Kay" D'Amico | ایوا | ایالات متحده | Karen Kincaid | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 20 | Karyl Kincaid-Noel | ایوا | ایالات متحده | Karen Kincaid | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | Karen Barrett | نیوجرسی | ایالات متحده | Lucille T. King | نماینده شخصی مشترک | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 22 | Robert Murray | نیوجرسی | ایالات متحده | Lucille T. King | نماینده شخصی مشترک | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 23 | John Doe 34 | نیویورک | ایالات متحده | Ronald Philip Kloepfer | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی، |

پرونده 12277-cv-18:1 سند 2 ارائه شده در 12/28/18 صفحه 5 از 11

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 24 | Christopher Kloepfer | نیویورک | ایالات متحده | Ronald Philip Kloepfer | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | Carolyn LaFrance | جورجیا | ایالات متحده | Alan LaFrance | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | John Doe 35 | نیویورک | ایالات متحده | William D. Lake | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 27 | John Doe 36 | نیویورک | ایالات متحده | Kenneth Charles Ledee | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 28 | Olivia Ledee Lindsey | فلوریدا | ایالات متحده | Kenneth Charles Ledee | کودک | ایالات متحده | ترضیه خاطر |
| 29 | Anna Ledee | نیویورک | ایالات متحده | Kenneth Charles Ledee | والد | ایالات متحده | ترضیه خاطر |
| 30 | Jessica Leduc | نیوجرسی | ایالات متحده | Alexis Leduc | کودک | ایالات متحده | ترضیه خاطر |
| 31 | Alexis John Leduc | نیوجرسی | ایالات متحده | Alexis Leduc | کودک | ایالات متحده | ترضیه خاطر |
| 32 | Leslie K. Lesperance | فلوریدا | ایالات متحده | Charles A. Lesperance | کودک | ایالات متحده | ترضیه خاطر |
| 33 | Leslie K. Lesperance | فلوریدا | ایالات متحده | Charles A. Lesperance | نماینده شخصی مشترک | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 34 | Nilaja A. Shealy-Loveless | نیوجرسی | ایالات متحده | Charles A. Lesperance | کودک | ایالات متحده | ترضیه خاطر |
| 35 | John Doe 37 | نیویورک | ایالات متحده | Nancy Liz | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 36 | خوزه لیز مشهور به دومینگو لیز | تگزاس | ایالات متحده | Nancy Liz | برادر/خواهر | ایالات متحده | ترضیه خاطر |

پرونده 1:18-cv-12277 سند 2 ارائه شده در 12/28/18 صفحه 6 از 11

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 37 | خوزه لیز مشهور به دومینیگو لیز به عنوان نماینده شخصی ماترک خوزه لیز سنیور | نیویورک | ایالات متحده | Nancy Liz | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 38 | Matthew J. Liz-Ramirez | نیویورک | ایالات متحده | Nancy Liz | کودک | ایالات متحده | ترضیه خاطر |
| 39 | آناستازیا مانچینی مشهور به آناستازیا لاولوس | نیویورک | ایالات متحده | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | همسر | ایالات متحده | ترضیه خاطر |
| 40 | آناستازیا مانچینی مشهور به آناستازیا لاولوس | نیویورک | ایالات متحده | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 41 | آناستازیا مانچینی مشهور به آناستازیا لاولوس به‌عنوان قیم طبیعی SM | نیویورک | ایالات متحده | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | فرزند (زیر سن قانونی) | ایالات متحده | ترضیه خاطر |
| 42 | Anthony Mancini | نیویورک | ایالات متحده | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 43 | آنتونی مانچینی به عنوان نماینده شخصی ماترک لیا سولا (مشهور به لیا مانچینی) | نیویورک | ایالات متحده | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 44 | John Doe 38 | نیو همپشایر | ایالات متحده | Louis N. Mariani | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 45 | John Doe 39 | نیو جرسی | ایالات متحده | William A. Mathesen | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

پرونده 12277-cv-18:1 سند 2 ارائه شده در 12/28/18 صفحه 7 از 11

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | نسبت خواهان با متوفی[1] 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Robert G. McIlvaine | ایالات متحده | نیویورک | John Doe 40 | 46 |
| ترضیه خاطر | جمهوری دومینیکن | والد | Manuel E. Mejia | جمهوری دومینیکن | نیویورک | Dolores Lara | 47 |
| ترضیه خاطر | جمهوری دومینیکن | همسر | Manuel E. Mejia | ایالات متحده | نیویورک | Ana I. Peguero-Miliano | 48 |
| ترضیه خاطر | جمهوری دومینیکن | کودک | Manuel E. Mejia | ایالات متحده | نیویورک | Jacqueline Mejia Peguero | 49 |
| ترضیه خاطر | جمهوری دومینیکن | کودک | Manuel E. Mejia | ایالات متحده | نیویورک | Jose Miguel Mejia Peguero | 50 |
| ترضیه خاطر | جمهوری دومینیکن | کودک | Manuel E. Mejia | جمهوری دومینیکن | نیویورک | Manuel E. Mejia Peguero | 51 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Nurul Miah | ایالات متحده | نیویورک | John Doe 41 | 52 |
| ترضیه خاطر | ایالات متحده | همسر (متوفی) | Nurul Miah | ایالات متحده | نیویورک | شریف چاودهوری و شوکاتارا شریف به عنوان نماینده شخصی ماترک شکیلا یاسمین | 53 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Nurul Miah | ایالات متحده | نیوجرسی | Bakul Miah | 54 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Philip D. Miller | ایالات متحده | نیویورک | Jane Doe 42 | 55 |
| ترضیه خاطر | ایالات متحده | همسر | Philip D. Miller | ایالات متحده | می‌سی‌سی‌پی | Arlene Miller | 56 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Peter A. Nelson | ایالات متحده | نیویورک | John Doe 43 | 57 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Joseph J. Ogren | ایالات متحده | فلوریدا | Robert T. Ogren | 58 |

پرونده 12277-cv-18:1 سند 2 ارائه شده در 12/28/18 صفحه 8 از 11

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)² | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | نسبت خواهان با متوفی 9/11¹ | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | والد | Joseph J. Ogren | ایالات متحده | نیوجرسی | Dorothy Ogren | 59 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Joseph J. Ogren | ایالات متحده | کارولینای جنوبی | Lance Edward Ogren | 60 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Samuel Oitice | ایالات متحده | نیویورک | Jean Oitice | 61 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | James W. Parham | ایالات متحده | نیویورک | John Doe 44 | 62 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Leobardo L. Pascual | ایالات متحده | نیویورک | John Doe 45 | 63 |
| ترضیه خاطر | مکزیک | والد | Leobardo L. Pascual | مکزیک | کالیفرنیا | Ana Pascual Ortiz | 64 |
| ترضیه خاطر | مکزیک | همسر | Leobardo L. Pascual | مکزیک | مکزیک | Mirna Huerta Aguirre | 65 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | نیوجرسی | Diego Lopez Reyes | 66 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | نیوجرسی | Juan Lopez Reyes | 67 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | مکزیک | Lizeth Lopez Huerta | 68 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | مکزیک | Mariela Lopez Huerta | 69 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | کالیفرنیا | Cristobal Lopez | 70 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | کالیفرنیا | Rafael Lopez Pascual | 71 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Ana Luisa Lopez Pascual | 72 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | ایالات متحده | کالیفرنیا | Graciela Lopez Pascual | 73 |

پرونده 1:18-cv-12277 سند 2 ارائه شده در 12/28/18 صفحه 9 از 11

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 74 | Flor Lopez Pascual | مکزیک | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 75 | Elena De La Cruz Lopez Pascual | مکزیک | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 76 | Maria Elvia Lopez Pascual | مکزیک | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 77 | Manuela Lopez Pascual | مکزیک | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 78 | Raquel Lopez Pascual | مکزیک | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 79 | Janet Lopez Pascual | مکزیک | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 80 | Carmen Yosef Lopez | کالیفرنیا | مکزیک | Leobardo L. Pascual | برادر/خواهر | مکزیک | ترضیه خاطر |
| 81 | تریلین پاتریک اسه مشهور به تریلین پاتریک | کنکتیکات | ایالات متحده | James Patrick | همسر | ایالات متحده | ترضیه خاطر |
| 82 | تریلین پاتریک اسه مشهور به تریلین پاتریک | کنکتیکات | ایالات متحده | James Patrick | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 83 | تریلین پاتریک اسه مشهور به تریلین پاتریک به عنوان قیم طبیعی JJPE مشهور به JJP | کنکتیکات | ایالات متحده | James Patrick | فرزند (زیر سن قانونی) | ایالات متحده | ترضیه خاطر |
| 84 | John Doe 46 | نیویورک | ایالات متحده | Anthony Portillo | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 85 | Natalie Quappe | نیویورک | ایالات متحده | Lincoln Quappe | کودک | ایالات متحده | ترضیه خاطر |

پرونده 12277-cv-1:18 سند 2 ارائه شده در 12/28/18 صفحه 10 از 11

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | ملیت خواهان در زمان 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 86 | Clint Quappe | نیویورک | ایالات متحده | Lincoln Quappe | کودک | ایالات متحده | ترضیه خاطر |
| 87 | کرین ریوز مشهور به کرین شریکا کلارک | نیویورک | ایالات متحده | کارول رابالایس مشهور به کارول ساوت- رابالایس | کودک | ایالات متحده | ترضیه خاطر |
| 88 | کرین ریوز مشهور به کرین شریکا کلارک | نیویورک | ایالات متحده | کارول رابالایس مشهور به کارول ساوت- رابالایس | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 89 | سامانتا بلیک مشهور به سامانتا بیانکا هرینگ | نیویورک | ایالات متحده | کارول رابالایس مشهور به کارول ساوت- رابالایس | کودک | ایالات متحده | ترضیه خاطر |
| 90 | Selvyn Neil Patrick Blake | نیویورک | ایالات متحده | کارول رابالایس مشهور به کارول ساوت- رابالایس | کودک | ایالات متحده | ترضیه خاطر |
| 91 | Mary Agatha South | نیویورک | ایالات متحده | کارول رابالایس مشهور به کارول ساوت- رابالایس | والد | ایالات متحده | ترضیه خاطر |
| 92 | John Doe 47 | پنسیلوانیا | ایالات متحده | Laura Ragonese-Snik | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 93 | John Doe 48 | نیوجرسی | ایالات متحده | John Rhodes | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 94 | John Doe 49 | نیویورک | ایالات متحده | Vernon A. Richard | نماینده شخصی مشترک | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 95 | Jane Doe 50 | نیویورک | ایالات متحده | Vernon A. Richard | نماینده شخصی مشترک | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 96 | Vernon A. Richard II | کارولینای شمالی | ایالات متحده | Vernon A. Richard | کودک | ایالات متحده | ترضیه خاطر |
| 97 | Vernessa Richard | نیویورک | ایالات متحده | Vernon A. Richard | کودک | ایالات متحده | ترضیه خاطر |

پرونده 12277-cv-18:1 سند 2 ارائه شده در 12/28/18 صفحه 11 از 11

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 98 | ونسا ریچارد و ورنون ا. ریچارد دوم به عنوان نماینده شخصی ماترک دوروتی ریچارد | کارولینای شمالی/نیویور ک | ایالات متحده | Vernon A. Richard | همسر (متوفی) | ایالات متحده | ترضیه خاطر |
| 99 | John Doe 51 | نیوجرسی | ایالات متحده | Marsha A. Rodriguez | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 100 | John Doe 52 | نیویورک | ایالات متحده | James Romito | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

عطف به:

حملات تروریستی
11 سپتامبر 2001

مارینلا همنوی، انفراداً، به عنوان همسر بازمانده رونالد جی. همنوی

فرد ناشناس27، که قصد دارد نماینده شخصی ماترک رونالد جی. همنوی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رونالد جی. همنوی

استفان همنوی، انفراداً، به عنوان فرزند بازمانده رونالد جی. همنوی

دزیری همنوی، انفراداً، به عنوان فرزند بازمانده رونالد جی. همنوی

شرلی همنوی، انفراداً، به عنوان والد بازمانده رونالد جی. همنوی

رابرت بی. همنوی سنیور، انفراداً، به عنوان والد بازمانده رونالد جی. همنوی

کاتلین نوویچ، انفراداً، به عنوان برادر/خواهر بازمانده رونالد جی. همنوی

فرد ناشناس 28، که قصد دارد نماینده شخصی ماترک داجوان هاجز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده داجوان هاجز

03MDL-1570 (GBD)(SN-)

شماره پرونده مدنی: _____

فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه

جوان ام. هوستون به عنوان نماینده شخصی ماترک جوان مک‌کونیلن، متوفی، والد متوفای چارلز جی. هوستون

ترینا ساب، انفراداً، به عنوان برادر/خواهر بازمانده لامار

دی. هالس

فرد ناشناس 29، که قصد دارد نماینده شخصی ماترک جان سی. جنکینز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان سی. جنکینز

فرد ناشناس 30، به عنوان نماینده شخصی ماترک فلورنس دیتریچ، متوفی، والد متوفای جان سی. جنکینز

فرد ناشناس 31، به عنوان نماینده شخصی ماترک مارشال ری دیتریچ، متوفی، والد متوفای جان سی. جنکینز

فرد ناشناس 32، که قصد دارد نماینده شخصی ماترک چارلز جی. جان، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز جی. جان

کلیولند بی. جان، انفراداً، به عنوان برادر/خواهر بازمانده چارلز جی. جان

اورروین جان، انفراداً، به عنوان برادر/خواهر بازمانده چارلز جی. جان

فرد ناشناس 33، که قصد دارد نماینده شخصی ماترک کارن کینکید، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارن کینکید

کریستین جی. کینکید، انفراداً، به عنوان برادر/خواهر بازمانده کارن کینکید

کاترین "کی" دامیکو، انفراداً، به عنوان برادر/خواهر بازمانده کارن کینکید

2

کاریل کینکید-نوئل، انفراداً، به عنوان برادر/خواهر بازمانده کارن کینکید

کارن برت، به عنوان نماینده شخصی مشترک ماترک لوسیل تی. کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوسیل تی. کینگ

رابرت موری، به عنوان نماینده شخصی مشترک ماترک لوسیل تی. کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوسیل تی. کینگ

فرد ناشناس 34، که قصد دارد نماینده شخصی ماترک روناند فیلیپ کلوپفر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده روناند فیلیپ کلوپفر

کریستوفر کلوپفر، انفراداً، به عنوان برادر/خواهر بازمانده روناند فیلیپ کلوپفر

کارولین لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

فرد ناشناس 35، که قصد دارد نماینده شخصی ماترک ویلیام دی. لیک، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام دی. لیک

فرد ناشناس 36، که قصد دارد نماینده شخصی ماترک کنت چارلز لدی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کنت چارلز لدی

الیویا لدی، انفراداً، به عنوان فرزند بازمانده کنت چارلز لدی

آنا لدی، انفراداً، به عنوان والد بازمانده کنت چارلز لدی

3

جسیکا لدوک، انفراداً، به عنوان فرزند بازمانده آلکسیس لدوک

آلکسیس جان لدوک، انفراداً، به عنوان فرزند بازمانده آلکسیس لدوک

لسلی کی. لسپرنس، انفراداً، به عنوان فرزند بازمانده چارلز آ. لسپرنس

لسلی کی. لسپرنس، به عنوان نماینده شخصی مشترک ماترک چارلز آ. لسپرنس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز آ. لسپرنس

نیلاجا آ. شلی- لاولس، انفراداً، به عنوان فرزند بازمانده چارلز آ. لسپرنس

فرد ناشناس 37، که قصد دارد نماینده شخصی ماترک نانسی لیز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نانسی لیز

خوزه لیز مشهور به دومینیگو لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

خوزه لیز مشهور به دومینیگو لیز به عنوان نماینده شخصی ماترک خوزه لیز سنیور، متوفی، والد متوفای نانسی لیز مئیو جی. لیز- رامیرز، انفراداً، به عنوان فرزند بازمانده نانسی لیز

آناستازیا مانچینی مشهور به آناستازیا لاولوس، انفراداً، به عنوان همسر بازمانده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آناستازیا مانچینی مشهور به آناستازیا لاولوس، به عنوان نماینده شخصی ماترک فرانسیسکو مانچینی (مشهور به فرانک مانچینی)، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آناستازیا مانچینی مشهور به آناستازیا لاولوس، به عنوان قیم طبیعی SM، فرد زیر سن قانونی، به عنوان فرزند بازمانده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آنتونی مانچینی مشهور، انفراداً، به عنوان برادر/خواهر بازمانده فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

آنتونی مانچینی به عنوان نماینده شخصی ماترک لیا سولا (مشهور به لیا مانچینی)، متوفی، والد متوفای فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی

4

فرد ناشناس 38، که قصد دارد نماینده شخصی ماترک لوئیس ان. ماریانی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوئیس ان. ماریانی

فرد ناشناس 39، که قصد دارد نماینده شخصی ماترک ویلیام آ. ماتس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام آ. ماتس

فرد ناشناس 40، که قصد دارد نماینده شخصی ماترک رابرت جی. مکایلوابن، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رابرت جی. مکایلوابن

دولورس لارا، انفراداً، به عنوان والد بازمانده مانوئل ای. مجیا

آنا آی. پگونرو- میلیانو، انفراداً، به عنوان همسر بازمانده مانوئل ای. مجیا

ژاکلین مجیا پگونرو، انفراداً، به عنوان فرزند بازمانده مانوئل ای. مجیا

خوزه میگوئل مجیا پگونرو، انفراداً، به عنوان فرزند بازمانده مانوئل ای. مجیا

مانوئل ای. مجیا پگونرو، انفراداً، به عنوان فرزند بازمانده مانوئل ای. مجیا

فرد ناشناس 41، که قصد دارد نماینده شخصی ماترک نورول میا، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نورول میا

docs-100080926.1

شریف چاودهوری و شوکاترا شریف به عنوان نماینده شخصی ماترک شکیلا یاسمین، متوفی، همسر متوفای نورول میا

باکول میا، انفراداً، به عنوان برادر/خواهر بازمانده نورول میا

فرد ناشناس مونث 42، که قصد دارد نماینده شخصی ماترک فیلیپ دی. میلر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فیلیپ دی. میلر

آرلن میلر، انفراداً، به عنوان همسر بازمانده فیلیپ دی. میلر

فرد ناشناس43، که قصد دارد نماینده شخصی ماترک پیتر أ. نلسون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر أ. نلسون

رابرت تی. اگرن، به عنوان نماینده شخصی ماترک جوزف جی. اگرن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف جی. اگرن

دوروتی اگرن، انفراداً، به عنوان والد بازمانده جوزف جی. اگرن

لنس ادوارد اگرن، انفراداً، به عنوان برادر/خواهر بازمانده جوزف جی. اگرن

جبن اویتیس، به عنوان نماینده شخصی ماترک ساموئل اویتیس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ساموئل اویتیس

فرد ناشناس 44، که قصد دارد نماینده شخصی ماترک جیمز دبلیو. پرهام، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز دبلیو. پرهام

فرد ناشناس 45، که قصد دارد نماینده شخصی ماترک لئوباردو لی. پاسکال، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی

پرونده 1:18-cv-12277 سند 1 ارائه شده در 12/28/18 صفحه 7 از 24

وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لئوباردو لی. پاسکال

آنا پاسکال ارتیز، انفراداً، به عنوان والد بازمانده لئوباردو لی. پاسکال

میرنا هوئرتا آگوئیر، انفراداً، به عنوان همسر بازمانده لئوباردو لی. پاسکال

دیگو لوپز ریز، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

خوان لوپز ریز، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

لیزت لوپز هوئرتا، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

ماریلا لوپز هوئرتا، انفراداً، به عنوان فرزند بازمانده لئوباردو لی. پاسکال

کریستوبال لوپز، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

رافائل لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

آنا لوئیزا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

گارسیلا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

فلور لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

النا دلا کروز لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

ماریا الویا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

مانوئلا لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

راکوئل لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو

7

لی. پاسکال

جانت لوپز پاسکال، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

کارمن یوسف لوپز، انفراداً، به عنوان برادر/خواهر بازمانده لئوباردو لی. پاسکال

تریلین پاتریک اسه مشهور به تریلین پاتریک، انفراداً، به عنوان همسر بازمانده جیمز پاتریک

تریلین پاتریک اسه مشهور به تریلین پاتزیک، به عنوان نماینده شخصی ماترک جیمز پاتریک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز پاتریک

تریلین پاتریک اسه مشهور به تریلین پاتریک به عنوان قیم طبیعی JJPE مشهور به JJP، فرد زیر سن قانونی، به عنوان فرزند بازمانده جیمز پاتریک

فرد ناشناس 46، که قصد دارد نماینده شخصی ماترک آنتونی پورتیلو، متوفی، باشد نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آنتونی پورتیلو

ناتالی کواپ، انفراداً، به عنوان فرزند بازمانده لینکلن کواپ

کلینت کواپ، انفراداً، به عنوان فرزند بازمانده لینکلن کواپ

کرین ریوز مشهور به کرین شریکا کلارک، انفراداً، به عنوان فرزند بازمانده کارول رابالایس مشهور به کارول ساوت- رابالایس

کرین ریوز مشهور به کرین شریکا کلارک، به عنوان نماینده شخصی ماترک کارول رابالایس مشهور به کارول ساوت- رابالایس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارول رابالایس مشهور به کارول ساوت- رابالایس

سامانتا بلیک مشهور به سامانتا بیانکا هرینگ، انفراداً، به عنوان فرزند بازمانده کارول رابالایس مشهور به کارول ساوت- رابالایس

سلوین نیل پاتریک بلیک، انفراداً، به عنوان فرزند بازمانده کارول رابالایس مشهور به کارول ساوت- رابالایس

ماری آگاتا ساوت، انفراداً، به عنوان والد بازمانده کارول رابالایس

docs-100080926.1

مشهور به کارول ساوت- رابالایس

فرد ناشناس 47، که قصد دارد نماینده شخصی ماترک لورا راگونیس-اسنیک،

متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لورا راگونیس-اسنیک

فرد ناشناس 48 ، که قصد دارد نماینده شخصی ماترک جان رودز ، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان رودز

فرد ناشناس 49، به عنوان نماینده شخصی مشترک ماترک ورنون آ. ریچارد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ورنون آ. ریچارد

فرد ناشناس مونث 50، به عنوان نماینده شخصی مشترک ماترک ورنون آ. ریچارد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ورنون آ. ریچارد

ورنون آ. ریچارد دوم، انفراداً، به عنوان فرزند بازمانده ورنون آ. ریچارد

ورنسا ریچارد، انفراداً، به عنوان فرزند بازمانده ورنون آ. ریچارد

ونسا ریچارد و ورنون آ. ریچارد دوم به عنوان نماینده شخصی ماترک دوروتی ریچارد، متوفی، همسر متوفای ورنون آ. ریچارد

فرد ناشناس51، که قصد دارد نماینده شخصی ماترک مارشا آ. رودریگز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مارشا آ. رودریگز

فرد ناشناس 52، که قصد دارد نماینده شخصی ماترک جیمز رومیتو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در

9

حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت
قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده،
انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین
وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان
قانونی و اعضای خانواده جیمز رومیتو

خواهان‌ها،

- علیه -

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی
ایران (''ایران'') در خصوص حملات تروریستی 11 سپتامبر 2001 (''حملات تروریستی 11 سپتامبر 2001'') ارائه می‌کنند که بنا به دستور
دادگاه ECF شماره 4045 مورخ 10 جولای 2018 مجاز دانسته شده و تأیید گردیده است. هریک از خواهان‌ها اتهامات مشخص مندرج در زیر
را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی
ایران،ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y) (SN) (GBD) 15-CV-9903.
تاریخ 8 فوریه 2016، ECF ( شماره 53).

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت از ایران، تمامی اتهامات مبتنی بر حقایق و مبانی
حقوقی این شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام
احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

docs-100080926.1

پرونده CV-12277-1:18 سند 1 ارائه شده در 12/28/18 صفحه 11 از 24

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش علیه بن لادن</u>، به شماره ECF .(S.D.N.Y.) (SN) (GBD) 1:03-CV-9848 شماره‌های 263، 294، 295؛ و <u>عطف به حملات تروریستی 11 سپتامبر</u> <u>2001</u>، پرونده ECF .(S.D.N.Y.) (SN) (GBD) 03-MDL-1570 شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر (ECF شماره 2540) را گنجانده‌اند.

**مکان**

1.   این منطقه بر اساس (2)(b)1391 §§ .U.S.C 28 و (1)(f)1391)، به عنوان جزئی از رویدادهای زمینه‌ساز دعاوی مطرح شده در اینجا که در این منطقه رخ داد است، برای رسیدگی به این دعوا مناسب است. این مکان در این منطقه طبق(a)2334 § .U.S.C 18 مناسب محسوب می‌شود.

**صلاحیت دادگاه**

2.   صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به (a)1605 § .U.S.C 28 (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 1605A § .U.S.C 28 (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 1605B § .U.S.C 28 (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

**علت اقدام**

3.   بدین وسیله هر یک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [<u>فقط یک شکایت</u> را علامت بزنید]:

☐ **شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال** و <u>اشتون</u> علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره Y.N.D.S) (SN) (GBD) 15-CV-9903. تاریخ 8 فوریه 2016, ECF) شماره 53

4.   به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

11

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 1605B 28 (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و U.S.C. § 2333 18 *و آنچه که پس از آن می‌آید.* (قانون مبارزه با ATA یا)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده بالا و **همچنین اتهامات مندرج در پرونده هاولیش که** در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ بوده است؛ نقش خوانده در حملات ۱۱ سپتامبر ۲۰۰۱ به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 است؛ حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس U.S.C. § 1189 8 تعیین شده است؛ و اینکه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ منجر به نقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 شده است؛ و اینکه خوانده ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض U.S.C. § 2333 18 *et seq. بوده است.*

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 1605B 28 عدالت علیه حامیان مالی تروریسم یا JASTA) و U.S.C. § 2333 18 *و آنچه که پس از آن می‌آید.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده بالا و **همچنین اتهامات مندرج در پرونده هاولیش که** در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ بوده است؛ نقش خوانده در حملات ۱۱ سپتامبر ۲۰۰۱ به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 است؛ حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس U.S.C. § 1189 8 تعیین شده است؛ و اینکه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ منجر به نقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 شده است؛ و اینکه خوانده ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض U.S.C. § 2333 18 *و بعد از آن بوده است.*

### شناسایی خواهان‌های جدید

۵.    اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه ۱ این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a.    شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه ۱ این فرم کوتاه شکایت از ایران ذکر شده است.

docs-100080926.1

b.   خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c.   طبق مندرجات پیوست 1، «خواهان‌ها» (الف) نماینده ورثه فرد کشته شده بر اثر «حملات تروریستی 11 سپتامبر 2001»؛ (ب) بستگان درجه یک بازمانده فرد کشته شده در «حملات تروریستی 11 سپتامبر 2001»؛ و/یا افراد دچار مصدومیت جسمی بر اثر «حملات تروریستی 11 سپتامبر 2001» هستند.

d.   در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

e.   در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده یا فرد متوفی آنها دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده‌اند، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همانگونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f.   نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خوانده‌ها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6.   تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7.   خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی علیه هر یک از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

13

8.    خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه:**

9.    بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند. بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به صورت مقتضی دارند.

تاریخ: 27 دسامبر 2018                    تقدیم با احترام،

/امضا/ جری گلدمن
جری گلدمن
Bruce Strong
ANDERSON KILL P.C
1251 Avenue of the Americas
New York, New York
تلفن: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

وکلای خواهان‌ها

docs-100080926.1

پرونده 12277-cv-1:18 سند 1 ارائه شده در 12/28/18 صفحه 15 از 24

## ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان متوفی 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|
| 1 | Marinella Hemenway | کانزاس | ایالات متحده | Ronald J. Hemenway | همسر | ایالات متحده | ترضیه خاطر |
| 2 | John Doe 27 | ناحیه کلمبیا | ایالات متحده | Ronald J. Hemenway | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 3 | Stefan Hemenway | کانزاس | ایالات متحده | Ronald J. Hemenway | کودک | ایالات متحده | ترضیه خاطر |
| 4 | Desiree Hemenway | کانزاس | ایالات متحده | Ronald J. Hemenway | کودک | ایالات متحده | ترضیه خاطر |
| 5 | Shirley Hemenway | ماساچوست | ایالات متحده | Ronald J. Hemenway | والد | ایالات متحده | ترضیه خاطر |
| 6 | Robert B. Hemenway Sr. | ماساچوست | ایالات متحده | Ronald J. Hemenway | والد | ایالات متحده | ترضیه خاطر |
| 7 | Kathleen Novich | کانزاس | ایالات متحده | Ronald J. Hemenway | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | John Doe 28 | نیویورک | ایالات متحده | DaJuan Hodges | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفی مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفی مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100080926.1

پرونده 1:18-cv-12277 سند 1 ارائه شده در 12/28/18 صفحه 16 از 24

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/2001 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 9 | جوان ام. هوستون به عنوان نماینده شخصی ماترک جوان مک‌کوئنیان | نیویورک | ایالات متحده | Charles J. Houston | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 10 | Trina Sabb | نیویورک | ایالات متحده | Lamar D. Hulse | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 11 | John Doe 29 | ماساچوست | ایالات متحده | John C. Jenkins | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 12 | فرد ناشناس30، به عنوان نماینده شخصی ماترک فلورنس دیتریج | کنتاکی | ایالات متحده | John C. Jenkins | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 13 | فرد ناشناس 31، به عنوان نماینده شخصی ماترک مارشال ری دیتریج | کنتاکی | ایالات متحده | John C. Jenkins | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 14 | John Doe 32 | نیویورک | ایالات متحده | Charles G. John | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 15 | Cleveland B. John | نیویورک | ایالات متحده | Charles G. John | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | Orwyn John | نیویورک | گویان | Charles G. John | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 17 | John Doe 33 | ناحیه کلمبیا | ایالات متحده | Karen Kincaid | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 18 | Kristian G. Kincaid | ایوا | ایالات متحده | Karen Kincaid | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | Kathryne "Kay" D'Amico | ایوا | ایالات متحده | Karen Kincaid | برادر/خواهر | ایالات متحده | ترضیه خاطر |

16

docs-100080926.1

پرونده 12277-cv-18:1 سند 1 ارائه شده در 12/28/18 صفحه 17 از 24

| | | | | | | |
|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Karen Kincaid | ایالات متحده | ایوا | Karyl Kincaid-Noel | 20 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | نماینده شخصی مشترک | Lucille T. King | ایالات متحده | نیوجرسی | Karen Barrett | 21 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | نماینده شخصی مشترک | Lucille T. King | ایالات متحده | نیوجرسی | Robert Murray | 22 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Ronald Philip Kloepfer | ایالات متحده | نیویورک | John Doe 34 | 23 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Ronald Philip Kloepfer | ایالات متحده | نیویورک | Christopher Kloepfer | 24 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Alan LaFrance | ایالات متحده | جورجیا | Carolyn LaFrance | 25 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | William D. Lake | ایالات متحده | نیویورک | John Doe 35 | 26 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Kenneth Charles Ledee | ایالات متحده | نیویورک | John Doe 36 | 27 |
| ترضیه خاطر | ایالات متحده | کودک | Kenneth Charles Ledee | ایالات متحده | فلوریدا | Olivia Ledee Lindsey | 28 |
| ترضیه خاطر | ایالات متحده | والد | Kenneth Charles Ledee | ایالات متحده | نیویورک | Anna Ledee | 29 |
| ترضیه خاطر | ایالات متحده | کودک | Alexis Leduc | ایالات متحده | نیوجرسی | Jessica Leduc | 30 |
| ترضیه خاطر | ایالات متحده | کودک | Alexis Leduc | ایالات متحده | نیوجرسی | Alexis John Leduc | 31 |
| ترضیه خاطر | ایالات متحده | کودک | Charles A. Lesperance | ایالات متحده | فلوریدا | Leslie K. Lesperance | 32 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | نماینده شخصی مشترک | Charles A. Lesperance | ایالات متحده | فلوریدا | Leslie K. Lesperance | 33 |
| ترضیه خاطر | ایالات متحده | کودک | Charles A. Lesperance | ایالات متحده | نیوجرسی | Nilaja A. Shealy-Loveless | 34 |

docs-100080926.1

پرونده 12277-cv-18:1 سند 1 ارائه شده در 12/28/18 صفحه 18 از 24

| | | | | | | |
|---|---|---|---|---|---|---|
| رضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | Nancy Liz | ایالات متحده | نیویورک | John Doe 37 | 35 |
| رضیه خاطر | ایالات متحده | برادر/خواهر | Nancy Liz | ایالات متحده | تگزاس | خوزه لیز مشهور به دومینیگو لیز | 36 |
| رضیه خاطر | ایالات متحده | والد (متوفی) | Nancy Liz | ایالات متحده | نیویورک | خوزه لیز مشهور به دومینیگو لیز به عنوان نماینده شخصی ماترک خوزه لیز سنیور | 37 |
| رضیه خاطر | ایالات متحده | کودک | Nancy Liz | ایالات متحده | نیویورک | متیو جی. لیز - رامیرز | 38 |
| رضیه خاطر | ایالات متحده | همسر | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | ایالات متحده | نیویورک | اناستازیا مانچینی مشهور به اناستازیا لاولوس | 39 |
| رضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | ایالات متحده | نیویورک | اناستازیا مانچینی، مشهور به اناستازیا لاولوس | 40 |
| رضیه خاطر | ایالات متحده | فرزند (زیر سن قانونی) | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | ایالات متحده | نیویورک | اناستازیا مانچینی مشهور به اناستازیا لاولوس به‌عنوان قیم طبیعی SM | 41 |
| رضیه خاطر | ایالات متحده | برادر/خواهر | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | ایالات متحده | نیویورک | Anthony Mancini | 42 |
| رضیه خاطر | ایالات متحده | والد (متوفی) | فرانسیسکو ام. مانچینی مشهور به فرانک مانچینی | ایالات متحده | نیویورک | انتونی مانچینی به عنوان نماینده شخصی ماترک لیا سولا (مشهور به لیا مانچینی) | 43 |

18

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Louis N. Mariani | ایالات متحده | نیوهمپشایر | John Doe 38 | 44 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | William A. Mathesen | ایالات متحده | نیوجرسی | John Doe 39 | 45 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Robert G. McIlvaine | ایالات متحده | نیویورک | John Doe 40 | 46 |
| ترضیه خاطر | جمهوری دومینیکن | والد | Manuel E. Mejia | جمهوری دومینیکن | نیویورک | Dolores Lara | 47 |
| ترضیه خاطر | جمهوری دومینیکن | همسر | Manuel E. Mejia | ایالات متحده | نیویورک | Ana I. Peguero-Miliano | 48 |
| ترضیه خاطر | جمهوری دومینیکن | کودک | Manuel E. Mejia | ایالات متحده | نیویورک | Jacqueline Mejia Peguero | 49 |
| ترضیه خاطر | جمهوری دومینیکن | کودک | Manuel E. Mejia | ایالات متحده | نیویورک | Jose Miguel Mejia Peguero | 50 |
| ترضیه خاطر | جمهوری دومینیکن | کودک | Manuel E. Mejia | جمهوری دومینیکن | نیویورک | Manuel E. Mejia Peguero | 51 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Nurul Miah | ایالات متحده | نیویورک | John Doe 41 | 52 |
| ترضیه خاطر | ایالات متحده | همسر (متوفی) | Nurul Miah | ایالات متحده | نیویورک | شریف چاودهوری و شوکاتارا شریف به عنوان نماینده شخصی ماترک شکیلا یاسمین | 53 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Nurul Miah | ایالات متحده | نیوجرسی | Bakul Miah | 54 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Philip D. Miller | ایالات متحده | نیویورک | Jane Doe 42 | 55 |
| ترضیه خاطر | ایالات متحده | همسر | Philip D. Miller | ایالات متحده | می‌سی‌سی‌پی | Arlene Miller | 56 |

پرونده 12277-cv-1:18 سند 1 ارائه شده در 12/28/18صفحه 20 از 24

| | | | | | | |
|---|---|---|---|---|---|---|
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Peter A. Nelson | ایالات متحده | نیویورک | John Doe 43 | 57 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Joseph J. Ogren | ایالات متحده | فلوریدا | Robert T. Ogren | 58 |
| ترضیه خاطر | ایالات متحده | والد | Joseph J. Ogren | ایالات متحده | نیوجرسی | Dorothy Ogren | 59 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Joseph J. Ogren | ایالات متحده | کارولینای جنوبی | Lance Edward Ogren | 60 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Samuel Oitice | ایالات متحده | نیویورک | Jean Oitice | 61 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | James W. Parham | ایالات متحده | نیویورک | John Doe 44 | 62 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Leobardo L. Pascual | ایالات متحده | نیویورک | John Doe 45 | 63 |
| ترضیه خاطر | مکزیک | والد | Leobardo L. Pascual | مکزیک | کالیفرنیا | Ana Pascual Ortiz | 64 |
| ترضیه خاطر | مکزیک | همسر | Leobardo L. Pascual | مکزیک | مکزیک | Mirna Huerta Aguirre | 65 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | نیوجرسی | Diego Lopez Reyes | 66 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | نیوجرسی | Juan Lopez Reyes | 67 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | مکزیک | Lizeth Lopez Huerta | 68 |
| ترضیه خاطر | مکزیک | کودک | Leobardo L. Pascual | مکزیک | مکزیک | Mariela Lopez Huerta | 69 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | کالیفرنیا | Cristobal Lopez | 70 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | کالیفرنیا | Rafael Lopez Pascual | 71 |

docs-100080926.1

پرونده 12277-cv-18:1 سند 1 ارائه شده در 12/28/18 صفحه 21 از 24

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Ana Luisa Lopez Pascual | 72 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | ایالات متحده | کالیفرنیا | Graciela Lopez Pascual | 73 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Flor Lopez Pascual | 74 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Elena De La Cruz Lopez Pascual | 75 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Maria Elvia Lopez Pascual | 76 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Manuela Lopez Pascual | 77 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Raquel Lopez Pascual | 78 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | مکزیک | Janet Lopez Pascual | 79 |
| ترضیه خاطر | مکزیک | برادر/خواهر | Leobardo L. Pascual | مکزیک | کالیفرنیا | Carmen Yosef Lopez | 80 |
| ترضیه خاطر | ایالات متحده | همسر | James Patrick | ایالات متحده | کنکتیکات | تریلین پاتریک اسه مشهور به تریلین پاتریک | 81 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | James Patrick | ایالات متحده | کنکتیکات | تریلین پاتریک اسه مشهور به تریلین پاتریک | 82 |
| ترضیه خاطر | ایالات متحده | فرزند (زیر سن قانونی) | James Patrick | ایالات متحده | کنکتیکات | تریلین پاتریک اسه مشهور به تریلین پاتریک به عنوان قیم طبیعی JJPE مشهور به JJP | 83 |

docs-100080926.1

پرونده 12277-cv-18:1 سند 1 ارائه شده در 12/28/18 صفحه 22 از 24

| | | | | | | |
|---|---|---|---|---|---|---|
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | Anthony Portillo | ایالات متحده | نیویورک | John Doe 46 | 84 |
| ترضیه خاطر | ایالات متحده | کودک | Lincoln Quappe | ایالات متحده | نیویورک | Natalie Quappe | 85 |
| ترضیه خاطر | ایالات متحده | کودک | Lincoln Quappe | ایالات متحده | نیویورک | Clint Quappe | 86 |
| ترضیه خاطر | ایالات متحده | کودک | کارول رابالایس مشهور به کارول ساوت- رابالایس | ایالات متحده | نیویورک | کرین ریوز مشهور به کرین شریکا کلارک | 87 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | کارول رابالایس مشهور به کارول ساوت- رابالایس | ایالات متحده | نیویورک | کرین ریوز مشهور به کرین شریکا کلارک | 88 |
| ترضیه خاطر | ایالات متحده | کودک | کارول رابالایس مشهور به کارول ساوت- رابالایس | ایالات متحده | نیویورک | سامانتا بلیک مشهور به سامانتا بیانکا هرینگ | 89 |
| ترضیه خاطر | ایالات متحده | کودک | کارول رابالایس مشهور به کارول ساوت- رابالایس | ایالات متحده | نیویورک | Selvyn Neil Patrick Blake | 90 |
| ترضیه خاطر | ایالات متحده | والد | کارول رابالایس مشهور به کارول ساوت- رابالایس | ایالات متحده | نیویورک | Mary Agatha South | 91 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | لورا راگونیس-اسنیک | ایالات متحده | پنسیلوانیا | John Doe 47 | 92 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | John Rhodes | ایالات متحده | نیوجرسی | John Doe 48 | 93 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | نماینده شخصی مشترک | Vernon A. Richard | ایالات متحده | نیویورک | John Doe 49 | 94 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | نماینده شخصی مشترک | Vernon A. Richard | ایالات متحده | نیویورک | Jane Doe 50 | 95 |
| ترضیه خاطر | ایالات متحده | کودک | Vernon A. Richard | ایالات متحده | کارولینای شمالی | Vernon A. Richard II | 96 |

22

docs-100080926.1

| | | | | | | |
|---|---|---|---|---|---|---|
| 97 | Vernessa Richard | نیویورک | ایالات متحده | Vernon A. Richard | کودک | ایالات متحده | ترضیه خاطر |
| 98 | ونسا ریچارد و ورنون أ. ریچارد دوم به عنوان نماینده شخصی ماترک دوروتی ریچارد | کارولینای شمالی/نیویورک | ایالات متحده | Vernon A. Richard | همسر (متوفی) | ایالات متحده | ترضیه خاطر |
| 99 | John Doe 51 | نیوجرسی | ایالات متحده | Marsha A. Rodriguez | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 100 | John Doe 52 | نیویورک | ایالات متحده | James Romito | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

23

docs-100080926.1

<div dir="rtl">

دادگاه ناحیه‌ای ایالات متحده
منطقه جنوبی نیویورک

| | |
|---|---|
| عطف به حملات تروریستی 11 سپتامبر 2001 | مرتبط با 03 MDL 1570 (GBD) (SN) |
| مارینلا همنوی و دیگران، | شماره پرونده مدنی: 1:18-cv-12277 |
| خواهان‌ها، | |
| در برابر | |
| جمهوری اسلامی ایران، | |
| خوانده. | |

**اخطار دادرسی**

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | *مارینلا همنوی و دیگران، علیه جمهوری اسلامی ایران* |
| | نام کامل دادگاه: | دادگاه منطقه‌ای ایالات متحده در منطقه جنوبی نیویورک |
| | شماره پرونده: | 1:18-cv-12277 |
| | قاضی: | جورج بی. دنیلز، قاضی منطقه‌ای ایالات متحده |
| 2. | نام دولت خارجی مرتبط: | جمهوری اسلامی ایران |
| 3. | هویت دیگر طرفین طرفین: | هیچ |
| 4. | ماهیت اسناد ابلاغ شده: | احضاریه و شکایت (به زبان انگلیسی و فارسی) |
| 5. | ماهیت و هدف اقدامات قضایی: | دعوا برای جبران خسارت مرگ غیرمنصفانه و دیگر صدمات ناشی از حملات تروریستی صورت گرفته در ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت و همدستی با دیگر طرفین برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و هم‌پیمانان آن و نیز کمک‌رسانی مادی به طرفین مرتبط/برنامه‌ریزی حملات تروریستی که به صورت مستقیم، آگاهانه و پیش‌بینی شده منجر به حمله 11 سپتامبر شده است، تحت پیگرد قرار گرفته است. همدستی خواندها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و هم‌پیمانان آن، شامل همدستی و همکاری، و کمک‌رسانی مادی به القاعده و/یا سازمان‌های تروریستی خارجی وابسته، نهادهای تجاری، افراد و دیگر طرفین بوده است. |

</div>

1

6. پاسخ «احضاریه» و «شکایت» باید ظرف مدت شصت (60) روز از تاریخ دریافت این اسناد به دادگاه تسلیم شود. امکان گنجاندن دفاعیه قضایی (شامل دفاعیه مربوط به مصونیت دولتی) در پاسخ وجود دارد.

7. قصور در ارائه پاسخ بهنگام به دادگاه ممکن است به صدور حکم غیابی و درخواست اجرای حکم منجر است. اگر حکم غیابی صادر شده باشد، ممکن است روالی برای باطل کردن یا باز کردن حکم وجود داشته باشد.

8. پرسش‌های مربوط به مصونیت دولتی و صلاحیت دادگاه‌های ایالات متحده برای رسیدگی به دعوا علیه دولت‌های خارجی مشمول قانون 1976 مصونیت دولت‌های خارجی است که در بخش‌های 1441(d)، 1330 ،391(f)) و 1602 تا 1611 از عنوان 28 قانون ایالات متحده (Pub. L. 94–583; 90 Stat. 2891). این بخشهای قانون ایالات متحده به زبان‌های انگلیسی و فارسی پیوست شده است.

تاریخ: 2 ژانویه 2019

/امضا/ جری گلدمن

جری گلدمن
اندرسون کیل (Anderson Kill P.C.)
1251 Avenue of the Americas
New York, New York
تلفن: 212-278-1000
jgoldman@andersonkill.com
وکلای خواهان‌ها

2

### یک. *28 USCS § 1330*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28.دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش(3a) این *[28 USCS § 1603(a)]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605  این *[28 USCS §§ 1605-1607]* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)   در دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *[28 USCS § 1608]* انجام شده باشد.

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این *[28 USCS §§ 1605-1607]* ناشی شده باشد.

### دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28.دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f) اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش (a1603) این *[28 USCS § 1603(a)]* تعریف شده قابل انجام است-

(1)   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک فعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش (b1605) این *[28 USCS § 1605(b)]* مطرح شده باشد؛

(3)   در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار است یا در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش (b1603) این *[28 USCS § 1603(b)]* مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

## *1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

(d) اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش (a)1603 این [28 USCS § 1603(a)] مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش (b)1446 این فصل [28 USCS § 1446(b)] را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *1602 § 28 USCS*
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *1602 §§ 28 USCS et seq.* تعیین شود.

صفحه 3 از 18

<u>*1603, §28 USCS*</u>
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده - عناوین 1 تا 54
عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

<u>1603§. تعاریف</u>

برای اهداف این فصل [.et seq <u>28 USCS §§ 1602</u>]

**(a)** یک "دولت خارجی"، به استثنای معنای مستفاد از آن در بخش 1608 این عنوان [<u>28 USCS § 1608</u>]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)** که شهروند دولت ایالات متحده بنا به تعریف بخش (c)1332 و (e) این عنوان [<u>28 USCS §§</u> <u>1332(c)</u> و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

**28 USCS § 1604**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

<u>§ 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی</u>

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1607-1605 این فصل [<u>28 USCS §§ 1605</u>-1607].

**28 USCS § 1605**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

(1) که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند بر اساس آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

(2) که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یک اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

(A) هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش با بخش 28 USCS § 16071 مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه—

(1) ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط مسئول خواهد بود؛ و

(2) ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز میگردد.

(c) هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواستهای عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی میتواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت میشود، به استثنای اینکه دادگاه نمیتواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محمولهای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پروندههای دریایی و حوزه صلاحیت دریایی هستند. هیچیک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d) دولت خارجی نمیتواند از صلاحیت قضایی دادگاههای ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 USCS §§ 31301 et seq.] and in و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواستهای عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی میتواند ابقا گردد.

(f)، (e) [منسوخ شد]

<div dir="rtl">

**(g)** محدودیت کشف.

**(1)** به‌طور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ § USCS 28 1604]،همچنین بخش 1605A یا بخش 1605B [ § USCS 28 1605A] یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر، بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

**(2)** شرط افول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانچه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

**(4)** منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6(b)(12) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

**(5)** رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

</div>

(1)       بطور کلی، اگر

(A) اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش
گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و
ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

(B) رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89
(a2459 .C.S.U 22) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین
اثری به نفع مصالح ملی است؛ و

(C) ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 ( .C.S.U 22
(a2459) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد
نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

(2)   استثنائات.

(A) دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که
صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با
نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت
تحت پوشش در طول دوره تحت پوشش تملک شده است؛

(iii) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن
فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش USCS 28 [1603(d) § 1603(d)] تعریف شده است؛ و

(iv) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه
دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(B) سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر
اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به
بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی
در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند

(1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت
خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده
است؛

(iii) تملک پس از سال 1900 رخ داده است؛

(iv) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [(28 USCS § 1603(d)] تعریف شده است؛ و

(v) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(3) تعاریف. برای اهداف این بخش فرعی

(A) اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

(B) اصطلاح "دولت تحت پوشش" یعنی

(i) دولت آلمان در طول دوره تحت پوشش؛

(ii) هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

(ii) هر دولتی در اروپا که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

(iv) هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

(C) اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

§ 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

(a) بطور کلی.

(1) عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت مادی برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

(2) استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که—

(A) (I) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

(II)در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)(1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش (3)(c)(1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 1605(a)(7) [_28 USCS § 1605(a)7/_] (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش 101(c) قسمت A قانون عمومی 104-208 _1605 $ 28 USCS]_ تبصره] مطرح شده باشد؛

(ii) مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

(I) تبعه ایالات متحده باشد؛

(II) عضو نیروهای مسلح باشد؛ یا

(III) به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

(IV) در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

(B) اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) (1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

(b) محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 1605(a)(7) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش 101(c) قسمت A قانون عمومی 104-208 [_1605 5 28 USCS_ تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

(1) 10 سال پس از 24 آوریل 1996؛ یا

(2) 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

(c) حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (i)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

(1) تبعه ایالات متحده باشد،

(2) یک عضو نیروهای مسلح باشد،

(3) یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

صفحه 10 از 18

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [1] بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 *(42 U.S.C. 10603c)*،  را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292 این عنوان *(28/ USCS § 1292(b))/* مطرح گردد.

**(g)** مقررات مربوط به اموال.

**(1)** بطور کلی. در اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که— باشد؛

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 76701*

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خواندها نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

(3) قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل ۱۱۱ این عنوان/_28 USCS §§ 1651_ et seq. قابل اجرا باشد].

(h) تعاریف. برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده ۱ کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت/_22)(8 U.S.C. 1101(a)_) است؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 (_50 U.S.C. App. 2405(i)_)[[_50 USCS § 46050_])، بخش 620A قانون کمک خارجی 1961 (_22 U.S.C. 2371_)، ، بخش 40 قانون کنترل صادرات اسلحه (_22 U.S.C. 2780_) یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (_28 U.S.C. 1350_ تبصره).

## § 1605B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

(a) تعاریف. در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در _بخش 2331 عنوان 18، قانون ایالات متحده است_؛ و

(2) شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

(c)  دعاوی اتباع ایالات متحده. علی‌رغم بخش (2)2337 عنوان 18 *[2(2)2337 § USCS 18]،* یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *عنوان/ 2333 § USCS 18]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

(d)  قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
## جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل *[1605 § USCS 28 یا 1607]* از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در در پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
## جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

(a)  که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست *[28 USCS § 1605 یا 1605A]* چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b)  ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c)  تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی

(a)  در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)  با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2)  اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)  اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه؛ یا

(4)  اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b)  در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)  با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2)  اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)  اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A)  بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)**  با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید

به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)**  طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)**  ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)**  در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی

شده یادداشت دیپلماتیک؛ و

**(2)**  در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده

شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)**  در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی

آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس

این بخش ارائه نماید.

**(e)**  محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش

سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص

غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده

جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**28 USCS §1609**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی**
**فصل 97، مصونیت‌های قضایی دولت‌های خارجی**

**§ 1609. مصونیت در برابر توقیف اموال دولت خارجی**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان

تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص

موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

<u>28 USCS § 1610</u>
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28، دادرسی و رویه دادرسی بخش چهارم، صلاحیت قضایی و محل اقامه دعوی فصل 97، مصونیت‌های قضایی دولت‌های خارجی

<u>§ 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم</u>

(a)   اموال دولت خارجی در ایالات متحده بنا به تعریف بخش
(1603a این فصل [<u>28 USCS § 1603(a)</u>]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ──

(1)   دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

(3)   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

(4)   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

(A)   که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

(B)   غیرمنقول بوده و در ایالات متحده واقع شده باشد: به شرطی که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

(5)   اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

(6)   حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

(7)   حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [ 28 USCS <u>§ 1605A</u>] یا بخش <u>1605(a)(7)</u> [سابقاً 1605(a)(7) USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(b)   علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ──

(1)   سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3 ، (2)(a)1605، یا (5) یا (b)1605 این فصل [<u>28 USCS § 1605(a)(2)</u>، (3)، یا (5)، یا (b)1605] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

(3) حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] با بخش 1605(a)(7) این فصل [سابقاً 7)(a)1605 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(c) توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش 1608(e) این فصل [1608(e) § USCS 28] سپری شده است.

(d) اموال دولت خارجی بنا به تعریف بخش 1603(a) این فصل [1603(a) § USCS 28] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف، قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

(1) دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

(2) هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

(e) کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش 1605(d) [1605(d) § USCS 28] آمده است، مصون باشند.

(f) (1) (A) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش 208(f) قانون مأموریت خارجی ( 22 U.S.C. 4308(f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش 5(b) قانون تجارت با دشمن (50 U.S.C) ضمیمه 5(b) [50 USCS 5 4305(b)]، بخش 620(a) قانون کمک خارجی 1961 [22 U.S.C. 2370(a)]، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( 50 U.S.C. 1702-1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده در این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی علیه آن اموال مذکور بر اساس بخش 1605(a)(7) [1605(a)(7) § USCS 28] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A 5 USCS 28] شامل مصونیت نیست.

(B) چنانچه در ـ زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی که به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

(A) بنا بر درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش 1605(a)(7) [1605(a)(7) 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A 5 USCS 28] مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

(B) وزرای مذکور در ارائه چنان کمکی

(i) می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

(ii) باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

(g) اموال در برخی اقدامات.

(1) به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است، صرف‌نظر از

(A) سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

(B) اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C) میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

(D) اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

(E) اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

(2) قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون تجارت با دشمن [50 USCS Appx §§ 1 et seq] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §§ 1701 et seq] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از اختیار دادگاه برای جلوگیری از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

**28 USCS §1611**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28، دادرسی و رویه دادرسی بخش چهارم، صلاحیت قضایی و محل اقامه دعوی فصل 97، مصونیت‌های قضایی دولت‌های خارجی**

**§1611. برخی از انواع دارایی‌ها در برابر اجرای حکم مصون هستند**

(a) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال سازمان‌های تعیین شده توسط رئیس جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

(b) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم مصون باشد، چنانچه ——

(1) اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود، مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

**(A)** دارای ماهیت نظامی باشد، یا

**(B)** تحت کنترل مقام نظامی سازمان دفاع باشد.

**(c)** علی‌رغم مفاد بخش 1610 این فصل [1610 § 28 USCS]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.