UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Matthew Rowenhorst et al. v. Islamic Republic of Iran, 1:18-cv-12387 (GBD) (SN)*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO CORRECT ERRORS

Plaintiffs by undersigned counsel submit this Memorandum of Law in Support of Motion

for Leave to Amend to Correct Errors, and say:

## BACKGROUND

Plaintiffs are comprised of personal representatives and eligible family members of

individuals killed in the terrorist attacks against the United States on September 11, 2001 (the

"September 11th Attacks").  The only defendant in this case is Iran.  On December 31, 2018,

plaintiffs commenced suit against Iran by the filing of a Complaint.  ECF 1.  Iran was served on

June 11, 2019 pursuant to 1608(a)(4).  ECF 16.  Iran failed to serve an answer or otherwise file a

responsive pleading within sixty (60) days after service, and the Clerk issued a Certificate of

Default on August 13, 2019.  ECF 24.  Plaintiffs have not yet applied for the entry of default

judgment.

Plaintiffs' counsel conducted extensive quality control before filing and has continued its

quality control process after filing the Complaint, during which time it has continued to obtain

additional information from clients and family members of clients to complete its files.  In so

doing, counsel has determined that certain minor errors were contained in the Complaint filed in

the above-referenced matter, such as name misspellings.  None of the corrections constitute

substantial changes that would potentially warrant additional service of an amended pleading on

Iran.

Through the instant Motion, Plaintiffs seek to correct such errors before

proceeding to default judgment so as to ensure the record is accurate.  None of the modifications

requested herein affect the substantive claims or relief sought.  No new claims are asserted, and

no additional plaintiffs have been added.  Moreover, because the changes are insubstantial, no

additional service on Iran is required.

**ARGUMENT**

I.      LEGAL STANDARD

The Federal Rules of Civil Procedure make clear that leave to amend the

complaint should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "This

'permissive standard . . . is consistent with [the] strong preference for resolving disputes on the

merits.'"  *Media Glow Dig., LLC v. Panasonic Corp. of N. Am.*, 2018 U.S. Dist. LEXIS 207922,

at \*12 (S.D.N.Y. Dec. 10, 2018) quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*,

LLC, 797 F.3d at 190.  Leave to amend should only be denied in "instances of futility, undue

delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments

previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit*

*Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  It is well settled that "[d]istrict courts are

vested with broad discretion to grant a party leave to amend the pleadings."  *Ruggles v.*

*Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009).

A.      **Plaintiffs' Request for Leave to Amend Should Be Granted Under the**
        **Permissive Standard Set Forth In Rule 15(a).**

Here, Plaintiffs only seek to correct what can best be characterized as typographical

errors.  There are no new claims asserted or any change in the substantive relief sought.  Instead,

the record will be made to accurately reflect the names, states of residence, and other data of

each of the Plaintiffs.  Such proposed amendments, as specifically itemized below, clearly do not

constitute "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, or undue prejudice to the non-moving party"

and, therefore, should be permitted.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126

(2d Cir. 2008).

### i.      Plaintiff Name Corrections:

The following Plaintiffs' names were misspelled:

|   | Case Number | Plaintiff's Name as Pled | Plaintiff's Name as Amended |
|---|---|---|---|
| 1. | 1:18-cv-12387 | John Muldowney | John Proodian |
| 2. | 1:18-cv-12387 | Constance Muldowney as Personal Representative of the Estate of Kathryn Muldowney | Constance Muldowney as Personal Representative of the Estate of Kathryn Proodian |
| 3. | 1:18-cv-12387 | Perry J. Sikorsky, individually, as surviving sibling of Gregory Sikorsky | Perry V. Sikorsky, individually, as surviving sibling of Gregory Sikorsky |

### B.      No Additional Service Is Required Because The Changes Contained In The Amended Pleadings Are Insubstantial.

In this case, Plaintiffs properly served Iran in accordance with the Foreign

Sovereign Immunities Act and, after Iran failed to timely respond, the Clerk of Court issued a

Certificate of Default.  *See* ECF 24.  Plaintiffs now seek to make the aforementioned corrections,

which are insubstantial.  It is well settled that no additional service is required under these

circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the

FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the

new complaint is only necessary if the changes are 'substantial.'"  *Shoham v. Islamic Republic of*

*Iran*, 922 F. Supp. 2d 44, 47 (D.D.C. 2013) *citing, Belkin v. Islamic Republic of Iran*, 667 F.

Supp. 2d 8, 20 (D.D.C. 2009) ("Service of the original complaint was effected on all three

Defendants under 28 U.S.C. § 1608(a)(4).  Plaintiff did not serve the amended complaint on defendants.  Where changes made in an amended complaint are 'not substantial,' the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. …Accordingly, this Court will not require plaintiff to serve the amended complaint."); *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.")

In this case, the Plaintiffs only seek to correct typographical errors or to otherwise clarify the record.  Because these changes are insubstantial, no additional service of the amended pleadings should be required.

**CONCLUSION**

The corrections requested by Plaintiffs are clerical in nature and serve to clarify the record.  They do not affect the substance of any claims made in the above-referenced action. Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified plaintiffs to enforce and collect on any judgment this Court enters in their favor.  For the foregoing reasons, plaintiffs respectfully request that this Court permit the proposed amendments without requiring service on Iran.

Dated:  August 14, 2019

/s/ Jerry S. Goldman

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-278-1000
Fax: 212-278-1733
Email: jgoldman@andersonkill.com

Arthur R. Armstrong, Esq. *(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel: 267-216-2711
Fax: 215-568-4573
Email: aarmstrong@andersonkill.com

*Attorneys for Plaintiffs*