UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) <br> ECF Case |
|---|---|

This document relates to:

*Gordon Aamoth Sr. et al. v. Islamic Republic of Iran, 1:18-cv-12276 (GBD) (SN)*

JERRY S. GOLDMAN, Esq., hereby states under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the *Aamoth* Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the Motion for Partial Final Judgment Against the Islamic Republic of Iran as to Liability and Damages.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

> a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 6, below.
>
> b. The Court's Order dated October 14, 2016 (ECF No. 3363) concerning the amounts of solatium damage awards.
>
> c. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past fifteen years; my firm's representation of the *Aamoth* plaintiffs listed in Exhibit A in connection with the September 11th litigation; communications directly from family members of the individuals killed in the attacks on September 11th and the plaintiffs listed in Exhibit A; communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's file and other court records relating to the multi-district litigation to which the *Aamoth* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. The *Aamoth* Plaintiffs identified in Exhibit A are each immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically set forth on Exhibit A.[1] These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

5. With respect to each estate plaintiff, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative.

6. The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the

---

[1] Exhibit A also includes the estates of solatium plaintiffs who are now deceased.

decedent. *See, e.g.*, 03-md-1570, ECF Nos. 3175 at 2; 3300 at 1; 3358 at 9; 3363 at 16; 3399, 3666, and 4023.

7. All of the decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

8. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

9. We have been retained individually by the plaintiffs listed in Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in Exhibit A is the relative of a decedent, all of whom have applied for a final default judgment as to liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the plaintiffs listed in Exhibit A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

10. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

11. Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgment submitted herewith.

Dated: August 14, 2019
      New York, New York

_____
Jerry S. Goldman, Esq.

4