UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Abel, et al. v. Islamic Republic of Iran (1:18-CV-11837) (GBD) (SN)*

### DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF *ABEL* PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT II

JERRY S. GOLDMAN, Esq., hereby states under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the *Abel II* Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the motion for final judgment on behalf of the plaintiffs listed in the attached Exhibit A.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 6, below.

   b. The Court's Order dated October 14, 2016 (ECF No. 3363) concerning the amounts of solatium damage awards.

   c. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past fifteen years; my firm's representation of the *Abel II* plaintiffs listed in Exhibit A in connection with the September 11th litigation; communications directly from family members of the individuals killed in the attacks on September 11th and the plaintiffs listed in Exhibit A; communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's file and other court records relating to the multi-district litigation to which the *Abel II* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. The *Abel II* Plaintiffs identified in Exhibit A are each immediate family members or functional equivalents thereof, of decedents from the terrorist attacks on September 11, 2001, as specifically set forth on Exhibit A[1], which includes individuals who were not named in the complaint, but are otherwise members of the 9/11 decedent's family, and are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

---

[1] Exhibit A also includes the estates of solatium plaintiffs who are now deceased.

5.   With respect to each estate plaintiff, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative.

6.   The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See, e.g.*, 03-md-1570, ECF Nos. 3175 at 2; 3300 at 1; 3358 at 9; 3363 at 16; 3399, 3666, and 4023.

7.   All of the decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

8.   To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

9.   We have been retained individually by the plaintiffs listed in Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in Exhibit A is the relative, functional equivalent thereof, or acting on behalf of the estate of a decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the plaintiffs listed in Exhibit A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

10. A true and correct copy of the Declaration of Julio Masa Lebron is attached hereto as Exhibit B.

11. A true and correct copy of the Declaration of Antonia Torres Ayala is attached hereto as Exhibit C.

12. A true and correct copy of the Declaration of Maria Zayas is attached hereto as Exhibit D.

13. Upon information and belief, Julio Masa Lebron was the stepfather of Ana M. Centeno, an accountant at Marsh & McLennan who died on September 11, 2001 when the World Trade Center collapsed. For the reasons set forth in the Declaration of Julio Masa Lebron, the Declaration of Ana M. Centeno's mother, Antonia Torres Ayala, and the Declaration of Ana M. Centeno's sister, Maria Zayas, I believe Mr. Lebron qualifies as the parent equivalent of Ana M. Centeno. *See* Exhibits B-D, respectively. In particular, upon information and belief, Julio Masa Lebron, who has been with and married to Ana M. Centeno's mother for over fifty years, has always been considered as Ana M. Centeno's father and he has always considered Ana M. Centeno his child in every way, especially because Ana M. Centeno's biological father, who lived in Puerto Rico, was not in her life, did not financially support her, and passed away when Ana M. Centeno was 15 years old. *See* Exhibits B-D, respectively.

14. A true and correct copy of the Declaration of Diana Patricia Castano is attached hereto as Exhibit E.

15. Upon information and belief, Diana Patricia Castano was the life partner of Alejandro Castano, a delivery man for Empire Distributing Corp. who died on September 11, 2001 when the World Trade Center collapsed. For the reasons set forth in the Declaration of Diana Patricia Castano, I believe Mrs. Castano qualifies as the spousal equivalent of Alejandro

Castano. *See* Exhibit E. In particular, upon information and belief, Diana Patricia Castano and Alejandro Castano shared a life together for over 17 years before he passed away and shared a son together. *See* Exhibit E.

16. Frank Camaj is an individual who is not named in the complaint but is otherwise a member of the 9/11 decedent's, Roko Camaj, family entitled to receive a judgment for solatium based upon his family relationship, as the 9/11 decedent's sibling. The personal representative of the relevant 9/11 decedent is a named party in this litigation and has complied with the Court's requirements pursuant to its January 25, 2017 Order.

17. Kole Camaj is an individual who is not named in the complaint but is otherwise a member of the 9/11 decedent's, Roko Camaj, family entitled to receive a judgment for solatium based upon his family relationship, as the 9/11 decedent's sibling. The personal representative of the relevant 9/11 decedent is a named party in this litigation and has complied with the Court's requirements pursuant to its January 25, 2017 Order.

18. Preta Berisha is an individual who is not named in the complaint but is otherwise a member of the 9/11 decedent's, Roko Camaj, family entitled to receive a judgment for solatium based upon his family relationship, as the 9/11 decedent's sibling. The personal representative of the relevant 9/11 decedent is a named party in this litigation and has complied with the Court's requirements pursuant to its January 25, 2017 Order.

19. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

20.     Based on the foregoing, I respectfully request that this Court grant the proposed order attached hereto as Exhibit F.

Dated: August 19, 2019
      New York, NY

                                                     Jerry S. Goldman, Esq.