# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) |
|---|---|

This document relates to:

*Jessica DeRubbio, et al. v. Islamic Republic of Iran, Case Number:  1:18-cv-05306 (GBD) (SN)*

## DECLARATION OF FAMILIAL RELATIONSHIP

I, Rebecca Sue Loethen, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1.     My name is Rebecca Sue Loethen, and I am the Personal Representative of the Estate of Julie Marie Geis, who died on September 11, 2001 when the South Tower of the World Trade Center collapsed.

2.     I was the life partner of Julie M. Geis.  While same-sex marriage was not permitted under the law during our time together, for the reasons set forth below, I should be deemed a spousal equivalent.

3.     In 1990, I met Julie for the first time during our employment with the Postal Service in Columbia, Missouri.  It was at this time that our lifelong partnership began.

4.     I was working in the finance department and Julie as a management trainee.  After quickly becoming the best of friends and spending more and more time together, we realized that we were soul mates.

5.     We soon developed a loving, committed, and monogamous relationship.  We purchased wedding bands for one another as a sign of our commitment to each other and held ourselves out to the world as domestic life partners.

6.     Together, we purchased a house in an affluent suburb of Kansas City and, shortly thereafter, I retired from my work at the Post Office to take care of our home and pets while Julie focused on her career.

7.     Over the years, our relationship flourished, and our families and friends universally accepted us, without compromise or hesitation, as life partners.

8.     Julie and I jointly owned a checking account, our home and its furnishings, automobiles, and other personal assets. We traveled together, were passionate about playing golf together, and spent virtually all of our free time together. I was named as the sole beneficiary and Personal Representative in Julie's Will, which described me as Julie's "friend and companion," (Exhibit 1), in addition to being named as the beneficiary on several of Julie's insurance policies. *See* Exhibits 2 and 3. After Julie's death the State of New York, Workers' Compensation Board heard evidence from both Julie's mother and myself and determined that I was Julie's domestic partner, thus warranting the payment of workers' compensation benefits to me. *See* Exhibit 4. The New York Crime Victims Board similarly determined that I was the Julie Geis's "domestic partner." *See* Exhibit 5.

9.     At the time of Julie's death, we were in the process of searching for land closer to Nebraska to build our dream house: one that would fulfill our needs and also allow for us to visit Julie's family more frequently.

10.     Julie's death shattered these dreams, and devastated me indescribably, causing both physical and emotional trauma, including a Post-Traumatic Stress Disorder diagnosis, and other health problems. *See* Exhibit 6.

11.     Since 9/11, I have undergone various forms of therapy, including prescription anti-depressants and steroids.

2

12.     In sum, Julie Geis and I shared our lives as only two people with the deepest kind of love for one another can.  Despite making every effort to move on with my life, I still struggle on a daily basis with Julie's death.  Julie will always be a significant and substantial part of what and who I am.  I loved Julie dearly, and miss her deeply.

13.     On September 10, 2001, Julie and I traveled to New York City together to enjoy the sights and sounds of the City, to take in a Yankees' game, and to allow Julie to fulfill a few days of work related responsibilities.

14.     The AON Corporation employed hundreds of people on many of the upper floors of the South Tower of the World Trade Center, and Julie was on the 102nd floor of the South Tower on the morning of September 11 in a meeting with her staff members when the terrorists crashed the first plane into the North Tower.

15.     Julie immediately called me back at our hotel room.  Julie told me that she had just seen an airplane crash into the North Tower, not-to worry, that she was okay and that she was in the South Tower.  Julie then told me to turn my television on.  Until then, I had been completely unaware of the events unfolding around me, and when I turned my television on, I, like the rest of America, was immediately riveted by the tragedy unfolding just blocks from my room.

16.     At precisely 9:03 a.m., just a few short minutes after finishing what had been a "comforting" conversation with Julie, I watched in utter disbelief as United Airlines Flight 175 crashed into the South Tower (between the 78th and 84th floors).

17.     Transcripts released from the Port Authority of New York and New Jersey reveal numerous calls for help being made after the impact from the 87th floor and above of the South Tower.  Callers from the South Tower above the crash zone describe a terror filled scene with smoke everywhere — and no way to escape.  Julie, on the 102nd floor, unquestionably survived

3

the impact and was, like the rest of those above the inferno, trapped, most certainly scared and very aware that she was in imminent danger.

18.     Forty-seven minutes after UAL 175 hit the South Tower, at 9:50 a.m. and in "real time," I watched in horror as the South Tower suddenly collapsed.  Looking out the window of my room in the minutes that followed, I soon saw lower Manhattan engulfed in smoke and dust - tangible evidence that the South Tower had indeed crashed to the ground.

19.     Despite what I had seen, and driven by hope and faith, I *knew* that somehow, someway, Julie had survived the collapse or managed to escape the building before it came down.  As soon as I could grasp the magnitude of what had happened and was able to get around, I got as close as I could get to Ground Zero, handing out pictures of Julie, searching, asking anyone and everyone if they had seen her — including a tearful plea for help on CNN.  I recall that Julie was #329 on the form listing missing individuals, and I went through the names of hundreds of survivors, forcing myself to review lists of body parts and composite pictures.

20.     Refusing to give in, I turned in Julie's toothbrush and hairbands to be used for gathering DNA samples.  Despite my unsuccessful efforts to find some trace of Julie in the emergency rooms in Manhattan, the Armory, or anywhere else in New York City that week, I would not give up my belief that somehow, someway, my soul mate had found a way to survive.

21.     After a week, I began to accept the unacceptable, and allowed my friends to take me back to the Geis family home in Nebraska where I spent time with Julie's family.  Days passed, hope faded and the reality that Julie was not coming back began to settle in.  Julie's remains were never recovered from Ground Zero.

Executed on: _July 27, 2019_

Name (Signature): _Rebecca Loth_

4

Executed on: _July 27, 2019_

Name (Signature): _Rebecca Sue Loethen_

Name (Print):   Rebecca Sue Loethen

5

# EXHIBIT 1

# Surrogate's Court
## of the County of New York

LETTERS   TESTAMENTARY
The People of the State of New York

Index#2003-3103

To Rebecca S. Loethen       send greetings:

WHEREAS, the last will and testament of Julie M. Geis  deceased,
late of Lee's Summit, MO was duly admitted to probate by decree of
the Surrogate's Court of New York County on October 28, 2003 which
directed the issuance to  you of LETTERS TESTAMENTARY upon your
qualifying according to law.

NOW, THEREFORE, KNOW YE that you are hereby authorized to
administer the estate of the said deceased subject to the
jurisdiction and the supervision of this court.

WITNESS, Eve Preminger , a Surrogate of the County of New York this
October 29, 2003.

_Jane Passenant_

Jane Passenant

Clerk of the Surrogate's Court

### NOTICE

Attention is called to the provision of Sec.11-1.6 of Estates,
Powers and Trusts Law and Sec.719 of Surrogate's Court Procedure
Act, which make it a misdemeanor and a cause for removal for an
executor, administrator trustee or guardian to deposit or invest
estate funds in his individual account or name. All estate funds
must be deposited in the name of the executor, administrator,
trustee or guardian in his or her representative capacity and to
the credit of the estate. Sec.708 and Sec.711 of the Surrogate's
Court Procedure Act provide that if a fiduciary shall change his
address he shall promptly notify the court of his new address and
that failure to do so within thirty (30) days after such change may
result in the suspension or revocation of letters.

212-005344-0031

**\* THIS ORIGINAL LETTER IS NOT VALID WITHOUT A RAISED SEAL OF THE COURT \***

## WILL

### of

### JULIE M. GEIS

I, **JULIE M. GEIS**, Lee's Summit, Jackson County, Missouri, declare this to be my Will and revoke all other Wills.

### ARTICLE I

I give those items of tangible personal property which are described in the most recent list signed by me and dated after the date of this Will to my survivors named in the list. To the extent that such list does not dispose of all my tangible personal property, or in the event that such list is not found within thirty (30) days after my death, I give such property to my friend and companion, **REBECCA S.LOETHEN**.

### ARTICLE II

I give all the rest of my property to, **REBECCA S. LOETHEN**, if she survives me. If REBECCA S. LOETHEN does not survive me, I give the rest of my property to my parents, **PAUL C.and BETTY J. GEIS**, if either or both survive me; but if my parents do not survive me, then I give the rest of my property in equal shares to my siblings who survive me: **MARY LOU BUSS, CAROL ANNE VARLAND, MICHAEL PAUL GEIS, DAVID EUGENE GEIS, DANIEL JOSEPH GEIS, JAMES PATRICK GEIS, and CHRISTOPHER ALLEN GEIS;** provided that if any of my siblings does not survive me but leaves descendants surviving me those descendants shall take, *per stirpes*, the share which my sibling would have taken if he or she had survived me.

### ARTICLE III

-1-

212-005344-0032



The provisions in this Will for the distribution of my estate shall be supplemented by the following:

(A)   My Personal Representative shall pay all taxes (including inheritance taxes) owed because of my death (including any interest and penalties) out of the residue of my estate.  The payment of the taxes shall be made regardless of whether the taxes are owed on property passing under this Will or outside of this Will and regardless of whether the taxes are owed by my estate or by any beneficiary.  My Personal Representative shall not be entitled to reimbursement from any beneficiary for the payment of the taxes.

(B)   Each beneficiary shall be deemed not to have survived me unless the beneficiary is living on the sixtieth day after the date of my death.

(C)   Whenever any beneficiary of my estate is under a legal disability or, in the judgment of my Personal Representative, is for any reason unable to apply any distribution to the beneficiary's own best advantage, my Personal Representative may nevertheless make the distribution directly to the beneficiary or to the conservator of the beneficiary's property or to a person with whom the beneficiary resides at the time of the distribution in whatever manner my Personal Representative shall deem best.  The receipt by the beneficiary, conservator, custodian or other person of any distribution so made shall be a complete discharge to my Personal Representative regarding the distribution.

## ARTICLE IV

In addition to the existing authority of my Personal Representative, my Personal Representative may exercise those powers listed in Section 456.520 of the Revised Statutes of Missouri (which Section is incorporated by reference into this Will) and, in addition, may:

(A)   Sell or grant options with respect to any real or personal property in such manner, for such purposes, for such prices, and upon such terms, credits and conditions as may be deemed advisable.

(B)   Make any distribution of my residuary estate in money or in other property or partly in both.

-2-

(C)   Take charge of any real property as part of the probate administration of my estate for such period as my Personal Representative shall determine; collect any income therefrom; and pay the taxes and expenses thereof, including the cost of keeping such property in adequate condition and repair, in the manner and to the extent that my Personal Representative shall deem advisable.

## ARTICLE V

(A)   I appoint **REBECCA S. LOETHEN**, as Personal Representative of my estate. If REBECCA S. LOETHEN shall fail to qualify or cease to act as my Personal Representative, I appoint my brother, **DANIEL JOSEPH GEIS** and **MARILYN J. DEVERMAN**, as alternate or successor Personal Representatives in her place.

(B) The principal administration of my estate shall take place in the state of Missouri. To the extent permitted by law, my Personal Representative shall be authorized, in the discretion of my Personal Representative, to have my estate administered without adjudication, order or direction of the court having jurisdiction over my estate.

(C)   No bond or surety shall be required of any Personal Representative serving hereunder.

(D)   Throughout this Will, the use of any gender shall be deemed to include all genders, and the use of the singular the plural, and *vice versa*. The terms "child" and "descendant" shall include adopted persons and their descendants.

I sign this Will on ___January 28___ , 2000.

_____
JULIE M. GEIS

-3-

ORIGINAL FILED August 20th, 2005
A TRUE COPY
_____
CLERK OF THE SURROGATE'S COURT
CERTIFIED October 1st 2005

212-005344-0034



We sign this Will and declare that Testator executes this instrument as Testator's Will, in our presence, and that each of us, in the presence of Testator and each other, signs this Will as witness to Testator's signing.

_____ of _Kansas City, Mo._

_____ of _Overland Park, KS._

THE STATE OF _Missouri_

THE COUNTY OF _Jackson_

I, the undersigned, a notary public, certify that JULIE M. GEIS, Testator, and the witnesses whose names are signed to the foregoing instrument, having appeared together before me and having been first duly sworn, each then declared to me that Testator executed the instrument as Testator's Will; that Testator had willingly signed; that Testator executed it as Testator's free and voluntary act for the purposes therein expressed; that each of the witnesses, in the presence and hearing of Testator and each other, signed the Will as witness; and that, to the best of the knowledge of each, Testator was at that time over seventeen years of age, of sound mind, and under no constraint or undue influence.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal on the day and year last above written.

_____
Notary Public

My commission expires:

SANDRA L. SCHERMERHORN
Notary Public — State of Missouri
County of Jackson
My Commission Expires Jun 6, 2003

−4−

# EXHIBIT 2

Form **712**
(Rev. August 1994)
Department of Treasury
Internal Revenue Services

# Life Insurance Statement

OMB No. 1545-0022

| **Part 1** | Decedent-Insured - (To Be Filed by the Executor With United States Estate Tax Return, Form 706 or Form 706-NA) |
|---|---|

| 1. Decedent's first name and middle initial | 2. Decedent's Last name | 3. Decedent's social security number (if known) | 4. Date of Death |
|---|---|---|---|
| JULIE M | GEIS | ▮▮▮▮▮▮ | 09/11/2001 |

5. Name and address of insurance company

Connecticut General Life Insurance Company

280 Trumbull Street   H14A

| 6. Type of policy | 7. Policy number |
|---|---|
| UNIVERSAL LIFE | CUL024685Z |

| 8. Owner's name. If decedent is not owner, please attach copy of application. | 9. Date issued | 10. Assignor's name. Attach copy of assignment. |
|---|---|---|
| | | AON |

| 11. Date assigned | 12. Value of the policy at the time of assignment. | 13. Amount of premium (see instructions) | 14. Name of beneficiaries |
|---|---|---|---|
| 06/06/2000 | | $    6,321.00 | REBECCA LOETHEN   AON |

| | |
|---|---|
| 15. Face amount of policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 323,173.00 |
| 16. Indemnity benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 17. Additional insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 18. Other benefits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 19. Principal of any indebtedness to the company that is deductible in determining net proceeds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 20. Interest on indebtedness (line 19) accrued to date of death . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 21. Amount of accumulated dividends . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 22. Amount of post-mortem dividends . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 23. Amount of returned premium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0.00 |
| 24. Amount of proceeds if paybale in one sum . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ * |
| 25. Value of proceeds as of date of death (if not payable in one sum) . . . . . . . . . . . . . . | $ 0.00 |

26. Policy provisions concerning deferred payments or installments.
   Note: *If other than lump-sum settlement is authorized for a surviving spouse, attach a copy of the insurance policy.*

   REBECCA LOETHEN - $310,500.00
   AON - $12,673.00

| | |
|---|---|
| 27. Amount of installments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |

28. Date of birth, sex, and name of any person the duration of whose life may measure the number of payments.

| | |
|---|---|
| 29. Amount applied by the insurnace company as a single premium representing the purchase of installment benefits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |

30. Basis (mortality table and rate of interest) used by insurer in valuing installment benefits.

31. Was the insured, the annuitant or beneficiary of any annuity contract issued by the company?   ◯ Yes  ⊗ No

32. Names of companies with which decedent carried other policies and amount of such policies if this information is disclosed by your records.

The undersigned officer of the above-named insurance company hereby certifies that this statement sets forth true and correct information.

Signature ➤ *[signature]*   Title ➤ *[title]*   Date of Certification ➤ 11/07/2001

**INSTRUCTIONS**

**Paperwork Reduction Act Notice.** - We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is:

| Form | Recordkeeping | Preparing the form |
|---|---|---|
| 712 | 18 hrs., 25 min. | 18 min. |

If you have comments concerning the accuracy of these time estimates or suggestions for making this form more simple, we would be happy to hear from you. You can write to both the IRS

and the Office of Management and Budget at the addresses listed in the instructions of the tax return with which this form is filed. DO NOT send the tax form to either of these offices. Instead, return it to the executor or representative who requested it.

**Statement of Insurer** - This statement must be made, on behalf of the insurance company that issued the policy, by an officer of the company having access to the records of the company. For purposes of this statement, a facsimile signature may be used in lieu of a manual signature and if used, shall be binding as a manual signature.

**Separate Statements.** - File a separate Form 712 for each policy.

**Line 13.** - Report on line 13 the annual premium, not the cumulative premium to date of death. If death, occurred after the end of the premium period, report the last annual premium.

Cat. No. 10170V

Form 712 (Rev. 8-94)

212-005344-0057

# EXHIBIT 3

OCT-06-2003  10:07                                                                    P.03

**Julie Geis**

Page 1 of 6   AON

| Employee ID: 0028531 | Address: | Kansas City  MO | Birth Date: | 8/14/1957 |
| SS#: | Company name: | Aon Risk Services Companies | Service Date: | 5/29/1995 |

## 2002 Earnings

| Earnings | YTD Amt |
|---|---|
| Base Salary/Wages | $2,985.58 |
| Performance Related Bonus | $25,000.00 |

## Earnings History

| 2001 Earnings | YTD Amt |
|---|---|
| Base Salary/Wages | $135,923.10 |
| Performance Related Bonuses | $50,000.00 |

| 2000 Earnings | YTD Amt |
|---|---|
| Base Salary/Wages | $143,423.70 |
| Performance Related Bonuses | $41,000.00 |
| Other Bonuses (e.g. employee referral, education, sign on, etc.) | $790.77 |

| 1999 Earnings | YTD Amt |
|---|---|
| Base Salary/Wages | $75,000.02 |
| Performance Related Bonuses | $12,096.10 |
| Other Bonuses (e.g. employee referral, education, sign on, etc.) | $1,000.00 |

| 1998 Earnings | YTD Amt |
|---|---|
| Base Salary/Wages | $64,695.20 |
| Performance Related Bonuses | $5,500.00 |
| Other Bonuses (e.g. employee referral, education, sign on, etc.) | $5,000.00 |

## Job/Salary History

| Effective | JobTitle | Action/Action Reason | Annual Rt | Change % | Change Amt |
|---|---|---|---|---|---|
| 4/1/2001 | Not Yet Assigned | Pay Rate Change: Merit | 155,250.00 | 3.5 | 5,250.00 |
| 2/6/2000 | Not Yet Assigned | Pay Rate Change: Transfer | 150,000.00 | 61.29 | 57,000.00 |
| 12/26/1999 | Cons Sales Bus Dev | Pay Rate Change: Merit | 93,000.00 | 20 | 15,500.00 |
| 6/27/1999 | Cons-Srvc/Sales-Bus Dev | Pay Rate Change: Merit | 77,500.00 | 6.897 | 5,000.00 |
| 11/29/1998 | Not Yet Assigned | Pay Rate Change: Merit | 72,500.00 | 10.58 | 6,936.38 |
| 6/28/1998 | Not Yet Assigned | Pay Rate Change: Merit | 65,563.62 | 3 | 1,909.62 |
| 6/28/1998 | Not Yet Assigned | Pay Rate Change: Merit | 63,654.00 | -0.915 | -588.00 |
| 1/15/1997 | Not Yet Assigned | Hire: Alexander & Alexander Acq | 64,242.00 | 0 | 0.00 |

## FICA Taxes

| Year | Medicare Employee Tax Paid | Medicare Employer Tax Paid | OASDI Employee Tax Paid | OASDI Employer Tax Paid |
|---|---|---|---|---|
| 2001 | $2,696.14 | $2,696.14 | $4,984.80 | $4,984.80 |
| 2000 | $2,673.60 | $2,673.60 | $4,724.40 | $4,724.40 |
| 1999 | $1,266.32 | $1,266.32 | $4,501.20 | $4,501.20 |
| 1998 | $1,080.83 | $1,080.83 | $4,240.80 | $4,240.80 |

212-005344-0063

These schedules can be attached directly to the September 11th Victim Compensation Fund application.  You can refer to these schedules rather than copying the information onto the application.  If you have any questions on the information, call 312-381-3158.

OCT-06-2003  10:08                                                                                    P.04

## Julie Geis

Page 2 of 6    **AON**

| Employee ID: | 0028531 | Address: | Kansas City MO | Birth Date: | 8/14/1957 |
| SS#: | ███████ | Company name: | Aon Risk Services Companies | Service Date: | 5/29/1995 |

### Health Benefit Premiums/Costs

| 2001 PlanType | | Coverage/Description | Employee Premium Paid | Employer Premium Paid |
|---|---|---|---|---|
| MEDICAL | 1 | Employee only | $641.40 | $1,794.00 |
| DENTAL | 1 | Employee only | $54.20 | $188.40 |

| 2000 PlanType | | Coverage/Description | Employee Premium Paid | Employer Premium Paid |
|---|---|---|---|---|
| MEDICAL | 1 | Employee only | $752.96 | $2,106.00 |
| DENTAL | 1 | Employee only | $82.88 | $239.46 |

| 1999 PlanType | | Coverage/Description | Employee Premium Paid | Employer Premium Paid |
|---|---|---|---|---|
| MEDICAL | 1 | Employee only | $672.62 | $1,881.36 |
| DENTAL | 1 | Employee only | $73.84 | $214.32 |

### Medical and Dental Premiums Paid by AON after September 11

| Plan | 6 month employee premium paid by AON through April 30, 2002 | Employer Premium Paid |
|---|---|---|
| DENTAL | $0.00 | $0.00 |
| MEDICAL | $0.00 | $0.00 |

Medical and dental coverage available at AON employee rates for spouse until age 65 or remarriage, whichever is earlier, and for children until dependent eligibility period ends.

### Medical and Dental Election History

| Effective Date | Plan | Coverage |
|---|---|---|
| 12/31/1997 | Aon Dental Plan Before Tax | Employee only |

212-005344-0064

These schedules can be attached directly to the September 11th Victim Compensation Fund application. You can refer to these schedules rather than copying the information onto the application. If you have any questions on the information, call 312-381-3158.

OCT-06-2003  10:08                                                                                       P.05

**Julie Geis**

Page 3 of 8    AON

Employee ID:   0028531
SS#:          ▮▮▮▮▮▮▮

Address:        Kansas City  MO
Company name:   Aon Risk Services Companies

Birth Date:    8/14/1957
Service Date:  5/29/1995

## Pension Plan (Qualified Plan)

Years service for benefit accrual as of 9/11/01: 7

Amount payable due to the death of the participant on 9/11/01: $.00

Vested accrued benefit-monthly benefit payable to participant at age
65 assuming termination of employment on 9/11/01: $737.99

Data needed for projection purposes for grandfathered benefits
due to 1998 plan amendment:
    Accrued annual benefit as of 12/31/1997: $1,596.12
    Final average earnings as of 12/31/1997: $55,654.46

## Savings Plan

| Year | Employee Pre-tax contribution | Employee After-tax contribution | Employer Match |
|------|-------------------------------|---------------------------------|----------------|
| 2001 | $10,500.00 | $0.00 | $0.00 |
| 2000 | $10,500.00 | $0.00 | $0.00 |
| 1999 | $9,738.98 | $2,517.92 | $4,572.64 |

## Savings Plan Contribution Election History

| Effective Date | Before Tax % | After Tax % |
|----------------|--------------|-------------|
| 1/1/2000 | 8 | 0 |
| 12/12/1999 | 16 | 0 |
| 1/1/1998 | 11 | 3 |

## Supplemental Savings Plan

*Employer Allocation*

| | |
|---|---|
| 2001 | $0.00 |
| 2000 | $757.24 |
| 1999 | $0.00 |

*Paid out to Beneficiary*

| | |
|---|---|
| Total Value as of 9-30-01 | $849.86 |
| Beneficiary | Rebecca Loethan |

## Employee Stock Purchase Plan

| | |
|---|---|
| Contribution rate as of 9-11-01: | 1 % |

*212-005344-0065*

These schedules can be attached directly to the September 11th Victim Compensation Fund application.  You can refer to
these schedules rather than copying the information onto the application.  If you have any questions on the information, call
312-381-3158.

OCT-06-2003  10:08                                                                P.06

## Julie Geis

Page 4 of 6  **AON**

| Employee ID: | 0028531 | Address: | Kansas City  MO | Birth Date: | 8/14/1957 |
| SS#: | | Company name: | Aon Risk Services Companies | Service Date: | 5/29/1995 |

| Insurance Carrier/Provider | Account/Policy # | Type | Beneficiary(s) and Relationship to Victim | Amount (by beneficiary) |
|---|---|---|---|---|
| CIGNA | CUL024685Z | Executive Life | Rebecca Loethan Friend | $310,500 |
| Combined Insurance Company of America | VL-00100 | Supplemental Life | Rebecca Loethan Friend | $621,000 |
| Combined Insurance Company of America | BA-00100 | Basic AD&D | Rebecca Loethan Friend | $310,500 |
| Combined Insurance Company of America | VA-00100 | Supplemental AD&D | Rebecca Loethan Friend | $500,000 |
| Combined Insurance Company of America | TA-00100 | Business Travel Accident | Rebecca Loethan Friend | $932,000 |

**212-005344-0066**

These schedules can be attached directly to the September 11th Victim Compensation Fund application. You can refer to these schedules rather than copying the information onto the application. If you have any questions on the information, call 312-381-3158.

OCT-06-2003  10:08                                                                  P.07

**Julie Geis**

Page 5 of 6

AON

| Employee ID: | 0028531 | Address: | Kansas City MO | Birth Date: | 8/14/1957 |
|---|---|---|---|---|---|
| SS#: | | Company name: | Aon Risk Services Companies | Service Date: | 5/29/1995 |

## Life Insurance Premiums

| Benefit Plan | Deduction Description | Contribution Amt |
|---|---|---|
| **2001** | | |
| Executive Life Insurance | Employee paid premium | $125.59 |
| Executive Life Insurance | Employer paid premium | $6,148.00 |
| Supp. Life (64 or less - 4xSalary) | Employee paid premium | $508.96 |
| **2000** | | |
| Executive Life Insurance | Employee paid premium | $79.04 |
| Executive Life Insurance | Employer paid premium | $6,193.00 |
| Basic Life (64 or less - 2xSalary) | Employer paid premium | $190.54 |
| Supp. Life (64 or less - 4xSalary) | Employee paid premium | $621.53 |
| **1999** | | |
| Basic Life (64 or less - 2xSalary) | Employer paid premium | $299.66 |
| Supp. Life (64 or less - 4xSalary) | Employee paid premium | $599.06 |
| **1998** | | |
| Basic Life (64 or less - 2xSalary) | Employer paid premium | $72.84 |
| Supp. Life (64 or less - 4xSalary) | Employee paid premium | $503.65 |

## Accidental Death and Dismemberment Insurance Premiums

| Benefit Plan | Deduction Description | Contribution Amt |
|---|---|---|
| **2001** | | |
| Basic AD&D (69 or less) | Employer paid premium | $28.32 |
| Supp. AD&D - 1xSalary Before Tax | Employee paid premium | $55.40 |
| **2000** | | |
| Basic AD&D (69 or less) | Employer paid premium | $72.95 |
| Supp. AD&D - 4xSalary Before Tax | Employee paid premium | $134.54 |
| **1999** | | |
| Basic AD&D (69 or less) | Employer paid premium | $89.60 |
| Supp. AD&D - 4xSalary Before Tax | Employee paid premium | $178.94 |
| **1998** | | |
| Basic AD&D (69 or less) | Employer paid premium | $20.33 |
| Supp. AD&D - 4xSalary Before Tax | Employee paid premium | $150.42 |

## Long Term Disability Premiums

| Benefit Plan | Deduction Description | Contribution Amt |
|---|---|---|
| **2001** | | |
| Long-term Disability | Employee paid premium | |
| **2000** | | $482.96 |
| Long-term Disability | Employee paid premium | |
| **1999** | | $571.63 |
| Long-term Disability | Employee paid premium | |
| **1998** | | $306.66 |
| Long-term Disability | Employee paid premium | $251.52 |

212-005344-0067

These schedules can be attached directly to the September 11th Victim Compensation Fund application.  You can refer to these schedules rather than copying the information onto the application.  If you have any questions on the information, call 312-381-3158.

OCT-06-2003  10:08                                                                                        P.08

**Julie Geis**

Page 6 of 6        **AON**

Employee ID:  0028531        Address:        Kansas City MO
SS#:  ▮▮▮▮▮▮                 Company name:   Aon Risk Services Companies        Birth Date:    8/14/1957
                                                                                Service Date:  5/29/1995

**Workers Compensation**   (as of 6-20-02)

| | |
|---|---|
| Total Paid: | $5,000.00 |
| Funeral Expense: | $5,000.00 |
| Lump Sum Death Benefit: | $0.00 |
| (Uninsured Employers and Vocational Rehab Funds) | |

*Beneficiary Information*

| Beneficiary | Relationship | Birth Date of Children | Payout |
|---|---|---|---|
| No Dependents/Beneficiary | | | |

**Related Expenses Reimbursed by AON**

| | |
|---|---|
| Funeral Expenses | $5,000.00 |

212-005344-0068

These schedules can be attached directly to the September 11th Victim Compensation Fund application. You can refer to ease schedules rather than copying the information onto the application. If you have any questions on the information, call 2-381-3158.

# EXHIBIT 4



**FINE, OLIN & ANDERMAN, LLP**

*Attorneys at Law*

*please send all correspondence to our Processing Center:*
436 Robinson Avenue • Newburgh, New York • 12550
888-909-4FOA (888-909-4362)
Fax: 866-711-1087
Web: www.foalaw.com

NOTARY PUBLIC

March 18, 2003

REFER TO OUR FILE #

Ms. Rebecca Loethen
2204 Southwest Forest Park Circle
Lees Summit, MO 64081-2242

> Re:  WCB No: 0024 2970
> Claimant-Julie M. Geis
> Employer-AON
> D/A: 9/11/01
> Carr: Transcontinental Ins. Co.
> Our File No: 506354

Dear Ms. Loethen:

As you are aware, this firm represented your interest at a workers' compensation hearing held on March 12, 2003. As you also are aware, testimony was taken from you as well as Ms. Betty Geis on the issue of domestic partnership. The Judge has found that you were a domestic partner of Ms. Julie Geis. As such, this case was established ANCR death, with an average weekly wage of $3,892.75. Awards were made from 9/12/2001 to 10/26/2001 at $400.00 reimbursement to the employer; and from 10/26/01 to date at $400.00, and the carrier to continue paying you $400.00 per week. In about three to four weeks, you will receive a retroactive payment from 10/26/01 to March 12, 2003. This check should be approximately $29,000.00, minus our attorney's fee of $4,000.00. Thereafter, the insurance carrier is to continue paying you $400.00 a week. As I have indicated to you, the Judge has withheld $4,000.00 for the attorney's fee. Please sign and notarize at the bottom of this letter and return it to me as soon as possible so that we may write to the Board so that he may release the attorney's fee.

Should you have any questions or comments regarding this matter, please do not hesitate to contact this office. We thank you in advance for your cooperation in this matter.

Very truly yours,

*Marjorie Richemard*

Marjorie Richemard

MR/sl

*Rebecca Loethen*

REBECCA LOETHEN

*Susan Gibson*

NOTARY PUBLIC
my commission expires 9/21/03

SUSAN GIBSON
NOTARY SEAL
NOTARY PUBLIC
STATE OF MISSOURI

212-005344-0168

MANHATTAN • ALBANY • BINGHAMTON • BUFFALO • ___ ___ • NEWBURGH • NYACK • POUGHKEEPSIE
SCHENECTADY • SYRACUSE • TROY • UTICA • WHITE PLAINS • NEWARK, NJ • NORTH HAVEN, CT



**Robert R. Snashall**
**Chairman**

STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO BOX 29017
BROOKLYN, NY  11202-9017
*www.wcb.state.ny.us*
(800) 877-1373

*506354*

10059057

## State of New York - Workers' Compensation Board

### In regard to Julie M. Geis (Deceased), WCB Case #0024 2970

### NOTICE OF DECISION
### (Death Claim)
*keep for your records*

At the Workers' Compensation hearing held on 03/12/2003 involving the claim of Julie M. Geis (Deceased) at the Manhattan hearing location, Judge William Griff made the following decision, findings and directions:

AWARD - THE EMPLOYER OR INSURANCE CARRIER ARE DIRECTED TO PAY AT ONCE AS FOLLOWS:

Initial decision.

The period from 10/26/2001 to 3/12/2003 for 71.6 weeks totaling $28,640.00 is awarded as follows:

| Award to: | Relation | DOB | Pct | Rate / week | Total | Pay to: |
|---|---|---|---|---|---|---|
| Rebecca Loethen | Spouse | 7/12/1942 | 66.67% | $400.00 | $28,640.00 | Rebecca Loethen |

Carrier Continue Payments bi-weekly in the amount of $800.00

*Any money previously paid for the above period(s) will be deducted from the total amount.*

DECISION:   The claimant Julie M. Geis (Deceased) had a work related injury resulting in her death.  The claimant's average weekly wage for the year worked before this work related injury or occupational disease is determined to be $3,892.75 per investigation.  I find Rebecca Loethen to be the domestic partner of decedent Julie Geis.  Carrier to withhold $4,000.00 as possible attorney fees.  Reimburse employer for wages paid from 9/12/01 to 10/26/01 @ $400.00 per week.  No further action is planned by the Board at this time.

| | | | |
|---|---|---|---|
| Claimant - | Julie M. Geis (Deceased) | Employer - | AON |
| Social Security No. - | ▓▓▓▓▓ | Carrier - | Transcontinental Ins Co |
| WCB Case No. - | 0024 2970 | Carrier ID No. - | W209001 |
| Date of Accident - | 09/11/2001 | Carrier Case No. - | |
| District Office - | NYC | Date of Filing of this Decision – 03/20/2003 | |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EC-23 (4/98)

Page 1 of 1

(86)\16769750-4

Fine, Olin & Anderman P.C.
c/o Processing Center
436 Robinson Ave
Newburgh, NY  12550

Copies To:
Claimant:                         Julie M. Geis (Deceased)
Carrier:                           Transcontinental Ins Co
Employer:                         AON
Attorney/Representative:          Fine, Olin & Anderman P.C.
                                  McCarthy, Small & Associates,
                                  Rebecca Loethen
                                  Paul & Betty Geis

MAR  19  2003

Julie M. Geis (Deceased)          AON                            Transcontinental Ins Co
c/o Paul and Betty Geis           8th Floor                      c/o CNA
4090 Pioneer Road                 200 East Randolph Dr.          PO Box 4855
Beaver Crossing, NE  68313        Chicago, IL  60601             Syracuse, NY  13221-4855

Fine, Olin & Anderman P.C.        McCarthy, Small & Associates,   Rebecca Loethen
c/o Processing Center             80 Broad Street                2204 S.W. Forestpark Circle
436 Robinson Ave                  33rd Floor                     Lee's Summit, MO  64081
Newburgh, NY  12550               New York, NY  10004

Paul & Betty Geis
4090 Pioneer Road
Beaver Crossing, NE  68313-9460

EC-23 (4/98)                          **OVER**

212-005344-0170

# EXHIBIT 5



AMENDED
CRIME VICTIMS BOARD
DEATH CLAIM DECISION

Claim No: 446600 WTC                    Decedent's Name: JULIE M. GEIS

Claimant's Name and Address:                    Attorney's Name and Address:

REBECCA S. LOETHEN
2204 S.W. FOREST PARK CIRCLE
LEE'S SUMMIT, MO  64081

BOARD MEMBER
CHRISTINA HERNANDEZ

## MEDICAL AND FUNERAL EXPENSES

| PROVIDER | TOTAL | ALLOWED | RECEIVED | BALANCE |
|----------|-------|---------|----------|---------|
| LINDA L. MOORE & ASSOC. | $3,360.00 | $3,360.00 | -0- | $3,360.00* |

COUNSELING: YES
*PAYABLE TO CLAIMANT

## EMPLOYMENT

Occupation  AON CENTER                    Monthly Salary    $12,937.51

|   |   |
|---|---|
| Federal Income Tax | $ 3,881.24 |
| State Income Tax | 0 |
| City Income Tax | 0 |
| Social Security | $   989.68 |
| Personal Expenses | 0 |
| TOTAL | $ 4,870.92 |
| Net Income | $  8,066.59 |

Present Income:

|   |   |
|---|---|
| Pension | 0 |
| Social Security | 0 |
| Workers' Compensation | $1,733.33 |
| TOTAL | $1,733.33 |

Lost of Support    From: 1/2/02    thru  7/31/03
Months      19 MONTHS    thru  $8,066.59        = $153,265.15
Weeks                    at                    =
                                Total Loss of Support    $153,265.15

Reimbursements:
(Soc. Sec.)                    at                =
(W.C)        19 MONTHS    at    $1,733.33 (EST. W.C.)  = $ 32,933.33
(Salary Cont.)                at                =
                        Total Reimbursement    ~ $ 32,933.33
                        Actual Loss of Support  = $120,331.82
Attorney's Fees        $        PAYABLE LOSS OF SUPPORT    $ 30,000.00*
*REDUCED TO MAXIMUM ALLOWED BY NEW YORK STATE LAW $30,000.00

|   |   |
|---|---|
| Total Funeral Expenses | -0- |
| Total Medical Expenses | -0- |
| Total Counseling Expenses | $ 3,360.00 |
| Total Loss of Support | $30,000.00 |
| TOTAL AWARD | $33,360.00 |
| Attorney Fee | -0- |
| TOTAL AWARD DUE | $33,360.00 |

JUN 1 7 2003

- 2 -

CLAIM NO. 446600        WTC              VICTIM: JULIE M. GEIS
                                        CLAIMANT: REBECCA S. LOETHEN

1. Statutory Requirements:        YES
2. Financial Difficulty:          N/A
3. Rescue Worker:                 NO

Reason for Decision:

This is an Amended Decision. The original decision of the Board dated September 5, 2002 closed the claim for failure to supply requested information. The claim was reopened upon submission of the requested information.

Claimant was the domestic partner of a forty-four year old female, who was a victim of a terrorist act at the World Trade Center on September 11, 2001 in New York, New York.

After reviewing the file and the evidence submitted, I find that eligibility and jurisdiction have been established; and that the provisions of Article 22, Section 631, of the Executive Law have been complied with. The victim was an innocent victim of a crime.

Accordingly, an award is herein made and payable, pursuant to claimant's authorization dated May 9, 2002 as follows:

To:
REBECCA S. LOETHEN
2204 S.W. FOREST PARK CIRCLE                              $33,360.00
LEE'S SUMMIT, MO  64081
SS#:
(for unreimbursed counseling expenses $3,360.00 and for loss of
support from 1/1/02 to 7/31/03 less estimated Worker's
Compensation, $30,000.00)

                              TOTAL AWARD      $33,360.00

Executive Law Section 626 (1) provides the Board may consider reimbursement for the cost of counseling for the eligible spouse, parents, step-parents, grandparents, guardians, siblings, step-siblings, children and step-children of a homicide victim. Therefore, pursuant to Executive Law Section 626 (1), claimant will be permitted to submit to the Board for consideration of payment evidence of any causally related unreimbursed counseling expense, if incurred as a direct result of the crime, after submission to any applicable health insurance coverage. The Crime Victims Board is payer of last resort.

Dated:      JUN 1 7 2003        Signed:   _Christina Hernandez_
Dated at Albany, New York
                                          Christina Hernandez
CH:dln                                    Board Member

## NOTICE TO CLAIMANT OR ATTORNEY

If you are dissatisfied with the decision of the Board Member who decided your claim, you may, within thirty days after receipt of the decision, make an application in writing to the Chairperson of the Board for consideration of the decision by the Board. Your application should specify the grounds thereof, and should be sent to the Board at its principal office at Albany, New York.

                    CRIME VICTIMS BOARD
                      845 Central Avenue
                   Albany, New York  12206-1588

If an award has been granted, the decision must then be reviewed by the Office of the State Comptroller whose approval must be received prior to the award payment. You should receive payment within eight to ten weeks from the date of the decision.

212-005344-0166

# EXHIBIT 6


*Linda L. Moore*
*& associates*

A Summary of Therapy Notes

Rebecca Loethen's first psychotherapy session was 4/30/02, approximately nine months after the traumatic events of September 11, 2001, and the death of her partner.   The list of all other appointments is attached.

Presenting Problem:  Inability to function effectively; extreme grief; sleeplessness; dramatic shifts in eating patterns, in social interactions, and in general physical health.

Diagnosis:  Initial diagnosis was adjustment disorder with depression.  Current Diagnosis is  Post Traumatic Stress Disorder

After several months of therapy Ms. Loethen has begun to function somewhat more effectively in her life.  There is a lack of consistency in her functioning due to mood swings, some fairly dramatic, with thoughts of not wanting to go on with life.  She is not suicidal; however, such thoughts frighten her and add to the difficulty of facing each day and living a full life.

Through multiple, weekly sessions directed at expressing her grief; facing the basic loss of her future as she had pictured and planned it; confronting the anger that is common and normal with such tragic, sudden, and senseless loss of life; struggling with confronting the grief and loss experienced by the large and close knit family of her partner, and that of countless friends; and working hard to involve herself in the efforts to memorialize her partner, Ms Loethen has begun to attempt to put fragments of her life back together.

Serious symptoms remain.  She suffers from severe rashes that have covered her body, necessitating cortisone shots; bouts of diarrhea that are only abated with

212-005344-0210

*Linda L. Moore*
*& associates*

medication; continued trouble sleeping with normal consistency; and a general level of depression necessitating anti-depressant medications.

Ms. Loethen is highly motivated to live her life fully and effectively, and her progress through this period is normal in what is believed to be a two to five year recovery process surrounding grief. The added trauma of the nature of this loss – for individuals and for our country - leaves most professionals feeling inadequate to provide an accurate prognosis since this kind of trauma has far less research to assist in predicting outcomes.

Ms. Loethen will likely need continued psychotherapy for a minimum of one to two years. She has expanded her work on her recovery to include a holistic health routine, including regular exercise and attention to basic nutritional and physical health needs. The combination is essential to her progress.


*Linda L. Moore, Ed. D.*
*Psychologist*

212-005344-0211

*6011 Central ◆ Kansas City, Missouri ◆ 816-444-2242 ◆ Fax 816-444-8630*



November 20, 2003


Rebecca Loethen
2204 SW Forest Park Circle
Lee's Summit, MO 64081


| DATE | SERVICE/CPT | CHARGE | AMT.PAID | BALANCE |
|------|-------------|--------|----------|---------|
| 01/10/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 01/16/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 01/27/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 02/13/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 02/18/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 02/27/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 03/06/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 03/13/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 04/09/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 04/16/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 04/23/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/19/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/28/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 06/02/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/23/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/30/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/18/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/27/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/10/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/17/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/02/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/08/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/22/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |

Dx: 309.00, 308.3

212-005344-0212


*Linda L. Moore & associates*

January 2, 2003

Rebecca Loethen
2204 SW Forest Park Circle
Lee's Summit, MO 64081

| DATE | SERVICE/CPT | CHARGE | AMT.PAID | BALANCE |
|------|-------------|--------|----------|---------|
| 04/30/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/06/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/15/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/24/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/29/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 06/06/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 06/12/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/01/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/15/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/22/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/31/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/07/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/13/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/19/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/27/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/05/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/16/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/30/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/08/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/16/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/23/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/04/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/06/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/12/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/20/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 12/05/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 12/11/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 12/18/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |

Dx:  309.00, 308.3

*6011 Central ◆ Kansas City, Missouri ◆ 816-444-2242 ◆ Fax 816-444-8630*

212-005344-0213



A Summary of Therapy Notes

Rebecca Loethen's first psychotherapy session was 4/30/02, approximately nine months after the traumatic events of September 11, 2001, and the death of her partner.   The list of all other appointments is attached.

Presenting Problem:  Inability to function effectively; extreme grief; sleeplessness; dramatic shifts in eating patterns, in social interactions, and in general physical health.

Diagnosis:  Initial diagnosis was adjustment disorder with depression.  Current Diagnosis is  Post Traumatic Stress Disorder

After several months of therapy Ms. Loethen has begun to function somewhat more effectively in her life.  There is a lack of consistency in her functioning due to mood swings, some fairly dramatic, with thoughts of not wanting to go on with life.  She is not suicidal; however, such thoughts frighten her and add to the difficulty of facing each day and living a full life.

Through multiple, weekly sessions directed at expressing her grief; facing the basic loss of her future as she had pictured and planned it; confronting the anger that is common and normal with such tragic, sudden, and senseless loss of life; struggling with confronting the grief and loss experienced by the large and close knit family of her partner, and that of countless friends; and working hard to involve herself in the efforts to memorialize her partner, Ms Loethen has begun to attempt to put fragments of her life back together.

Serious symptoms remain.  She suffers from severe rashes that have covered her body, necessitating cortisone shots; bouts of diarrhea that are only abated with

212-005344-0210

*Linda L. Moore*
& associates
_____

medication; continued trouble sleeping with normal consistency; and a general level of depression necessitating anti-depressant medications.

Ms. Loethen is highly motivated to live her life fully and effectively, and her progress through this period is normal in what is believed to be a two to five year recovery process surrounding grief. The added trauma of the nature of this loss – for individuals and for our country - leaves most professionals feeling inadequate to provide an accurate prognosis since this kind of trauma has far less research to assist in predicting outcomes.

Ms. Loethen will likely need continued psychotherapy for a minimum of one to two years. She has expanded her work on her recovery to include a holistic health routine, including regular exercise and attention to basic nutritional and physical health needs. The combination is essential to her progress.

*Linda L. Moore, Ed. D.*
*Psychologist*

212-005344-0211



November 20, 2003

Rebecca Loethen
2204 SW Forest Park Circle
Lee's Summit, MO 64081

| DATE | SERVICE/CPT | CHARGE | AMT.PAID | BALANCE |
|------|-------------|--------|----------|---------|
| 01/10/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 01/16/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 01/27/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 02/13/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 02/18/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 02/27/03 | Individual Psychotherapy-90806_ | 120.00 | 120.00 | 00.00 |
| 03/06/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 03/13/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 04/09/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 04/16/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 04/23/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/19/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/28/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 06/02/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/23/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/30/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/18/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/27/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/10/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/17/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/02/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/08/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/22/03 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |

Dx: 309.00, 308.3

212-005344-0212



January 2, 2003


Rebecca Loethen
2204 SW Forest Park Circle
Lee's Summit, MO 64081


| DATE | SERVICE/CPT | CHARGE | AMT.PAID | BALANCE |
|------|-------------|--------|----------|---------|
| 04/30/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/06/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/15/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/24/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 05/29/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 06/06/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 06/12/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/01/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/15/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/22/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 07/31/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/07/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/13/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/19/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 08/27/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/05/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/16/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 09/30/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/08/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/16/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 10/23/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/04/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/06/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/12/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 11/20/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 12/05/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 12/11/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |
| 12/18/02 | Individual Psychotherapy-90806 | 120.00 | 120.00 | 00.00 |

Dx: 309.00, 308.3


6011 Central ◆ Kansas City, Missouri ◆ 816-444-2242 ◆ Fax 816-444-8630

212-005344-0213