UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Chang Dom Kim et al. v. Islamic Republic of Iran, 1:18-cv-11870 (GBD) (SN)*

**DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF
*KIM* PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT II**

JERRY S. GOLDMAN, Esq., hereby states under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the *Kim II* Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the motion for final judgment on behalf of the plaintiffs listed in the attached Exhibit A.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 6, below.

   b. The Court's Order dated October 14, 2016 (ECF No. 3363) concerning the amounts of solatium damage awards.

   c. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past fifteen years; my firm's representation of the *Kim II* plaintiffs listed in Exhibit A in connection with the September 11th litigation; communications directly from family members of the individuals killed in the attacks on September 11th and the plaintiffs listed in Exhibit A; communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's file and other court records relating to the multi-district litigation to which the *Kim II* Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. The *Kim II* Plaintiffs identified in Exhibit A are each immediate family members or functional equivalents thereof, of decedents from the terrorist attacks on September 11, 2001, as specifically set forth on Exhibit A,[1] which includes individuals who were not named in the complaint, but are otherwise members of the 9/11 decedent's family, and are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate.  These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

5. With respect to each estate plaintiff, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal

---

[1] Exhibit A also includes the estates of solatium plaintiffs who are now deceased.

docs-100192989.1

representative of the deceased relative, except in the following cases: (1) the deceased relative Cecil Mohammed Ishmael Hafiz where Bebe Hafiz has filed a petition to be so appointed, which petition, on information and belief, is unopposed, but has not yet been granted; and (2) the deceased relative Herman W. Hall where Douglas Hall has filed a petition to be so appointed, which petition, on information and belief, is unopposed, but has not yet been granted.

6. The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See, e.g.*, 03-md-1570, ECF Nos. 3175 at 2; 3300 at 1; 3358 at 9; 3363 at 16; 3399, 3666, and 4023.

7. All of the decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

8. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

9. We have been retained individually by the plaintiffs listed in Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in Exhibit A is the relative, functional equivalent thereof, or acting on behalf of the estate of a decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the plaintiffs listed in Exhibit A have recovered for their solatium

damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

10. A true and correct copy of the Declaration of Familial Relationship of Margaret Williams is attached hereto as Exhibit B.

11. Upon information and belief, Margaret Williams was the aunt of Peggie Maxine Hurt who died on September 11, 2001 when the World Trade Center collapsed. For the reasons set forth in the Declaration of Familial Relationship of Margaret Williams, I believe Margaret Williams qualifies as the sibling equivalent of Peggie Maxine Hurt. *See* Exhibit B. In particular, upon information and belief, Peggie Maxine Hurt and Margaret Williams lived and were raised together as sisters in the same household. *See* Exhibit B.

12. A true and correct copy of the Declaration of Familial Relationship of Christine Wilson is attached hereto as Exhibit C.

13. A true and correct copy of the Declaration of Familial Relationship of Katherine Wynn is attached hereto as Exhibit D.

14. A true and correct copy of the Declaration of Familial Relationship of Edith Harris is attached hereto as Exhibit E.

15. A true and correct copy of the Declaration of Familial Relationship of Lelia Wynn is attached hereto as Exhibit F.

16. A true and correct copy of the Declaration of Familial Relationship of Dorothy Coles is attached hereto as Exhibit G.

17. A true and correct copy of the three page Introduction to the book The Black Extended Family, Elmer Martin, University of Chicago Press 1978 is attached hereto as Exhibit H.

18. A true and correct copy of the set of letters from Kenneth R. Feinberg, Special Master of the September 11 Victim Compensation Fund to each of the six movants notifying each of them of her award from the Fund is attached hereto as Exhibit I.

19. A true and correct copy of a single page document from the Fund entitled "Notable issues for Claim 212-000904" is attached hereto as Exhibit J.

20. A true and correct copy of an excerpt from the "Claim Action Report for Claim 212-000904" is attached hereto as Exhibit K.

21. A true and correct copy of the Hearing Decision awarding damages to the movants is attached hereto as Exhibit L.

22. A true and correct copy of an excerpt from the transcript of a telephonic hearing held by a Deputy Special Master of the Victim Compensation Fund is attached hereto as Exhibit M.

23. Upon information and belief, Christine Wilson, Katherine Wynn, Edith Harris, Lelia Wynn, and Dorothy Coles were the aunts of Peggie Maxine Hurt who died on September 11, 2001 when the World Trade Center collapsed.  For the reasons set forth in the Declaration of Familial Relationship of Christine Wilson, Declaration of Familial Relationship of Katherine Wynn Declaration of Familial Relationship of Edith Harris, Declaration of Familial Relationship of Lelia Wynn, and Declaration of Familial Relationship of Dorothy Coles, I believe each of these aunts qualify as the parent equivalent of Peggie Maxine Hurt.  *See* Exhibits C-M.  In particular, upon information and belief, these aunts helped raise Peggie Maxine Hurt, lived with her in the same household for Peggie Maxine Hurt's childhood and each had a parent and child bond with Peggie Maxine Hurt.  *See* Exhibits C-M.

24.     Elizabeth Ann Kiel is an individual who is not named in the complaint but is otherwise a member of the 9/11 decedent's, John Joseph Florio, family entitled to receive a judgment for solatium based upon his family relationship, as the 9/11 decedent's sibling.  The personal representative of the relevant 9/11 decedent is a named party in this litigation and has complied with the Court's requirements pursuant to its January 25, 2017 Order.

25.     John Florio is an individual who is not named in the complaint but is otherwise a member of the 9/11 decedent's, John Joseph Florio, family entitled to receive a judgment for solatium based upon his family relationship, as the 9/11 decedent's sibling.  The personal representative of the relevant 9/11 decedent is a named party in this litigation and has complied with the Court's requirements pursuant to its January 25, 2017 Order.

26.     Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

27.     Based on the foregoing, I respectfully request that this Court grant the proposed order attached hereto as Exhibit N.

Dated: August 20, 2019

/s/ Jerry S. Goldman, Esq.
Jerry S. Goldman, Esq.

docs-100192989.1