# EXHIBIT M

```
0001
 1                    C O N F I D E N T I A L
 2     - - - - - - - - - - - - - - - - - X
 3     SEPTEMBER 11th VICTIMS'             :
 4     COMPENSATION FUND HEARING           :
 5     APPELLANT:  ARTHUR HARRIS           :
 6     - - - - - - - - - - - - - - - - - X
 7                              Washington, D.C.
 8                              Wednesday, April 30, 2003
 9             Telephone hearing in the above-entitled
10     matter, before JACQUELINE E. ZINS, ESQ., Deputy
11     Special Master, taken at the offices of The Feinberg
12     Group, 1120 20th Street, N.W., Suite 740, Washington,
13     D.C. at 4:05 p.m., Wednesday, April 30, 2003 and the
14     proceedings being taken down by Stenotype by MARIJANE
15     SIMON, RDR, and transcribed under her direction
16
17
18
19
20
21
22
23
24
25
0002
 1     APPEARANCES (via telephone):
 2
 3         On Behalf of the Witness:
 4             JAMES B. THORSEN, ESQ.
 5             Thorsen & Scher L.L.P.
 6             316 West Broad Street
 7             Richmond, Virginia 23220-4219
 8             804-644-0711
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
0003
 1                      C O N T E N T S
```

```
0028
 1   question is what that means in the context of some of
 2   this award is not going to the estate; it is not
 3   estate money per se.  And that's, I guess, my
 4   question.
 5             MR. THORSEN:  Well, what do you mean, "not
 6   estate money"?
 7             THE DEPUTY SPECIAL MASTER:  Well, the way
 8   our fund works, $250,000 of the money would flow
 9   through the estate.  In other words, were there to
10   have been a will here --
11             MR. THORSEN:  Right.
12             THE DEPUTY SPECIAL MASTER:  -- the 250,000
13   would be distributed pursuant to the estate and
14   would, for example, go through the will; and without
15   a will, it would go through --
16             MR. THORSEN:  The laws of intestacy.
17             THE DEPUTY SPECIAL MASTER:  Intestacy.
18             MR. THORSEN:  Okay.
19             THE DEPUTY SPECIAL MASTER:  I'm just
20   looking at the order for a second.  Okay?
21             MR. THORSEN:  Under the laws of intestate
22   succession in Virginia, again, Mr. Harris was the
23   sole distributee.
24             THE DEPUTY SPECIAL MASTER:  I understand
25   that, but I guess I'm looking at the order, and it
0029
 1   says the Court declares that Arthur Harris is the
 2   sole heir at law of the decedent.
 3             My question is:  In our fund, of this
 4   particular award, $250,000 of it flows through the
 5   estate, and the remainder of it is economic damages.
 6   I'm trying to see whether or not this order is really
 7   limited to the money that flows through the estate,
 8   the noneconomic damages which is the $250,000, or
 9   not.  So that's my question to you.
10             MR. THORSEN:  Well, I don't know how to
11   answer that because I don't fully understand the
12   question, frankly.
13             THE DEPUTY SPECIAL MASTER:  Let me back up
14   and say it again.
15             MR. THORSEN:  Okay.
16             THE DEPUTY SPECIAL MASTER:  Just ask me if
17   there's something that I'm saying that's unclear.
18             MR. THORSEN:  Right.
19             THE DEPUTY SPECIAL MASTER:  There are two
20   components to awards under the Victims' Compensation
21   Fund.  One is the noneconomic component.  That
22   component flows according to the estate which would
23   either be a will or the intestacy.
24             The Court clearly has said that he would
25   be, in the Court's view, the person who would take
0030
 1   under the intestate laws.
```

```
 2                The remainder of the money of this award
 3   is for economic damages and is pursuant to wrongful
 4   death.  And my question is whether or not this
 5   Court's order where the Court's appointing Arthur
 6   Harris as the administrator of the estate, and then
 7   the Court is declaring that he's the sole heir at law
 8   of the decedent -- if the Court intended that to also
 9   cover all economic damages for wrongful death.
10            MR. THORSEN:  Yes.
11            THE DEPUTY SPECIAL MASTER:  That's my
12   question.
13            MR. THORSEN:  Yes, yes, yes.  Yes.
14            THE DEPUTY SPECIAL MASTER:  And the Court
15   cited the intestacy code in making its order, did not
16   cite the wrongful death code.
17            Now, whether the Court sort of understood,
18   you know, I don't really know, but the order
19   explicitly is a finding under the intestacy laws, not
20   under the wrongful death laws.
21            So my question to you is:  What do we make
22   of that?  We have two components of this award.
23            MR. THORSEN:  This would be my response.
24   Thank you for explaining it.  I would preface my
25   remark, I wasn't being flip.
0031
 1            THE DEPUTY SPECIAL MASTER:  No, no.  I
 2   understand that.  No, the truth is that the Fund
 3   is -- it's a sui generis creature.  It's not
 4   something any of us are used to, believe me.  And
 5   everybody needs that explication, because it's not,
 6   on its face, obvious until somebody tells you so.
 7   Not at all.
 8            I deal with this every day so I thought
 9   maybe I was not being careful in my description, and
10   I probably wasn't; so, anyhow, I apologize for that.
11   But -- so that's my question.
12            MR. THORSEN:  Okay.  Do you have the
13   Court's order?
14            THE DEPUTY SPECIAL MASTER:  Mm-hmm.  I do.
15            MR. THORSEN:  I'm looking at the first
16   page of the Court's order.  And, of course,
17   Mrs. Williams brought the action to have herself
18   appointed as the administrator and to clarify that
19   Arthur Harris is not the decedent's heir at law.
20            THE DEPUTY SPECIAL MASTER:  Right.
21            MR. THORSEN:  The Court refused to do
22   that.
23            THE DEPUTY SPECIAL MASTER:  Right.
24            MR. THORSEN:  I don't know.  Looking at
25   the page 2 of the order, again, it says that
0032
 1   Mr. Harris is the sole distributee of her estate.  I
 2   know you said 250 of that goes to the estate.
 3            THE DEPUTY SPECIAL MASTER:  Right.
```

```
 4                  MR. THORSEN:  And I thought I had had the
 5      pleadings that were filed in the matter, but under
 6      the wrongful death statute, we read paragraph -- I
 7      mean, Section 53, 8.01-53 --
 8                  THE DEPUTY SPECIAL MASTER:  Yes.
 9                  MR. THORSEN:  -- that defines "class
10      beneficiaries" and when they're determined.
11                  And then there's another section there --
12      see if I can get to it.  The part I was looking for,
13      Ms. Zins, was the damages section.
14                  (Reading):  The jury or the Court, as the
15      case may be, may award damages as it deems fair and
16      just.  The verdict or judgment of the Court trying
17      the case without a jury shall include but may not be
18      limited to damages for the following.
19                  Do you see that on Section 52?
20                  THE DEPUTY SPECIAL MASTER:  I don't have
21      the entire statute in front of me.  I just have a
22      portion of it, and I will get the whole thing --
23                  MR. THORSEN:  Okay.
24                  MR. HARRIS:  -- but I'm not sure that I
25      can pull it up while we're speaking.
0033
 1                  MR. THORSEN:  Here's what I'm getting at.
 2      It has five different portions.
 3                  THE DEPUTY SPECIAL MASTER:  Mm-hmm.
 4                  MR. THORSEN:  The first one says:  Sorrow,
 5      mental anguish; solace, which may include society,
 6      companionship, comfort, guidance, kindly offices, or
 7      advice of the decedent.
 8                  Two, compensation for reasonably expected
 9      loss of one, (i), income of the decedent; (ii),
10      services, protection, care, and assistance provided
11      by the decedent; (iii), expenses for care, the last
12      hospitalization; (iv), funeral expenses; (v) punitive
13      damages.
14                  My point, I think, would be, we're talking
15      about the issue of the economic damages; and any
16      award under the wrongful death statute talks about
17      the economic damages, and we've done this -- I've
18      done this in trial matters in wrongful death cases,
19      put on what the income of the decedent would have
20      been had they lived and otherwise retired at a normal
21      age discounted by the present value, actuarial
22      tables, and everything like that.
23                  So, yes, I'm clearly convinced that the
24      Court in Fairfax, when they entered the award
25      appointing Mr. Harris as the personal representative,
0034
 1      had in mind his receipt of any economic damages that
 2      would flow from any award based on the fact that the
 3      wrongful death statute talks about including but not
 4      limited to income of the decedent.
 5                  So that's my best answer.
```

```
 6                    THE DEPUTY SPECIAL MASTER:  All right.
 7                    MR. THORSEN:  Again, that's 8.01-52, Code
 8      of Virginia.
 9                    THE DEPUTY SPECIAL MASTER:  Okay.
10                    MR. THORSEN:  That's the section of -- The
11      heading on that is, quote, "Amount of Damages."
12                    THE DEPUTY SPECIAL MASTER:  Mm-hmm.
13                    MR. THORSEN:  Again, included but not
14      limited to what I've set out.
15                    THE DEPUTY SPECIAL MASTER:  Okay.  I'll
16      take a better look at that and discuss this matter
17      with the Special Master.
18                    Is there anything else that you all wanted
19      us to take into consideration?  We have your
20      testimony.
21                    MR. THORSEN:  Well, I don't know what
22      is -- I feel somewhat at a disadvantage in this
23      respect.  I don't know what's been said by the other
24      folks that you've interviewed as to this informal
25      hearing --
0035
 1                    THE DEPUTY SPECIAL MASTER:  Mm-hmm.
 2                    MR. THORSEN:  -- so have I no idea what
 3      they said.  I have no idea as to what examination I
 4      would do under opportunity of cross-examination to --
 5                    THE DEPUTY SPECIAL MASTER:  Right.
 6                    MR. THORSEN:  -- to either refute or to
 7      call into question what assertions or statements of
 8      facts or claims that they are making.  Neither does
 9      my client, because he hasn't heard that, but I would
10      tell you, I have read their statements, and it's
11      basically just -- you know, we loved her a lot, and
12      we should get money.  That's fine, but that's not the
13      law in Virginia.
14                    The law in Virginia in this matter has
15      been settled by the Fairfax Circuit Court.  This was
16      a proceeding in that court for the appointment of
17      personal representative to bring -- and/or to bring a
18      wrongful death action or to collect the funds under
19      the victims' compensation.
20                    Mr. Harris, as personal representative,
21      thereafter filed a claim with the Compensation Fund
22      choosing not to go the wrongful death route against
23      the airlines or anybody else; and because of that,
24      he's entitled to get the amount of damages, full
25      amount of damages, that he would otherwise be
0036
 1      entitled to under the Code of Virginia; one, as sole
 2      distributee of the estate and all funds flowing to
 3      the estate whether they're categorized as economic or
 4      noneconomic.
 5                    Thank you very much for your time,
 6      Mrs. Zins.
 7                    THE DEPUTY SPECIAL MASTER:  Okay.  Thank
```

```
 8   you so much.
 9            MR. THORSEN:  You've been kind and
10   patient, and I want to thank Mr. Feinberg's offices,
11   too, for the donating of their time and energies.
12            THE DEPUTY SPECIAL MASTER:  Right.  Thank
13   you so much, and we appreciate your very helpful oral
14   argument and the testimony.  We will be analyzing the
15   transcript and thinking carefully about this, and
16   then we will be letting you know what the Special
17   Master's determination is.
18            MR. THORSEN:  Do you have a timetable on
19   that?
20            THE DEPUTY SPECIAL MASTER:  I don't have a
21   precise timetable, but it will not be a lengthy
22   period of time, I wouldn't imagine.
23            (Mr. Thorsen laughed.)
24            THE DEPUTY SPECIAL MASTER:  Do you want me
25   to tell you what "lengthy" is?
0037
 1            MR. THORSEN:  It's a question by a lawyer,
 2   but I would ask that.
 3            THE DEPUTY SPECIAL MASTER:  I don't see
 4   this taking several weeks.
 5            MR. THORSEN:  Okay.  Well, several weeks
 6   or 30 days.  That's fine.  Gives us some idea.
 7            THE DEPUTY SPECIAL MASTER:  Yes.  I do not
 8   think that this is going to take a very -- you know,
 9   extended period of time --
10            MR. THORSEN:  Okay.
11            THE DEPUTY SPECIAL MASTER:  -- because I
12   think we have all the information we need.  I think
13   we need to look at the statute a little more
14   carefully.
15            MR. THORSEN:  If you want me to send you
16   copies of the statute of wrongful death for
17   Virginia --
18            THE DEPUTY SPECIAL MASTER:  No.  I can do
19   that.  It's just that I am not known for my terrific
20   computer skills; and talking and using the computer
21   at the same time is not my forte, so I will be able
22   to do this shortly thereafter, but I really can't do
23   both at once --
24            MR. THORSEN:  Right.
25            THE DEPUTY SPECIAL MASTER:  -- unlike, you
0038
 1   know, my children and --
 2            MR. THORSEN:  Right.
 3            THE DEPUTY SPECIAL MASTER:  -- other
 4   younger people who can do 17 things at once that have
 5   to do with computers.  I can't, so I have to focus on
 6   that, pulling the statute up, but I can do that.  I
 7   don't need you to do it.
 8            MR. THORSEN:  On the statute, when you
 9   look at 8.01-52, "Amount of Damages" which I talked
```

```
10     about just a moment ago --
11               THE DEPUTY SPECIAL MASTER:  Mm-hmm.
12               MR. THORSEN:  -- the final paragraph says:
13     Competent expert testimony shall be admissible in
14     proving the damages recoverable under 2 above.
15               And 2 above is what I told you about
16     compensation for reasonably expected loss of income,
17     services, protection, care --
18               THE DEPUTY SPECIAL MASTER:  What I'm more
19     interested in is the section that has to do with
20     pecuniary loss and the class of people who can take
21     pecuniary loss.
22               MR. THORSEN:  That's Section 53.
23               THE DEPUTY SPECIAL MASTER:  Yes.  That's
24     really what I think we need to look at carefully.
25               MR. THORSEN:  Yes, and I would again
0039
 1     advocate that since there's no surviving spouse or
 2     children, you move to little i, number two, and it
 3     goes:  Parents, brothers and sisters of the decedent
 4     and to any other relatives who primarily were
 5     dependent on the decedent for support and services,
 6     and also a member of the same household as the
 7     decedent.
 8               She had nobody living with her.  She had
 9     no brothers or sisters; and she had only one parent.
10     That's Mr. Harris, so --
11               THE DEPUTY SPECIAL MASTER:  Okay.
12               MR. THORSEN:  Anyway, thank you very, very
13     much.
14               THE DEPUTY SPECIAL MASTER:  Thank you.
15               MR. THORSEN:  All right.  Arthur, thank
16     you.  We'll talk to you later.
17               MR. HARRIS:  Just one question.
18               Your name is Jackie?
19               MR. THORSEN:  Zins.
20               THE DEPUTY SPECIAL MASTER:  Yes.  Z like
21     zebra, i-n-s.
22               MR. HARRIS:  -- i-n-s.
23               THE DEPUTY SPECIAL MASTER:  Yes.  And I
24     work with Mr. Feinberg.
25               MR. HARRIS:  Okay.
0040
 1               THE DEPUTY SPECIAL MASTER:  Okay.  I think
 2     I said earlier that he has designated me to hear this
 3     hearing.
 4               MR. THORSEN:  You did.
 5               Thank you, Ms. Zins.
 6               THE DEPUTY SPECIAL MASTER:  Okay.  Thank
 7     you so much.
 8               MR. THORSEN:  Good day.
 9               (Whereupon, at 4:46 p.m., the hearing in
10     the above-entitled matter was concluded.)
11
```