# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Laurence Schlissel et al. v. Islamic Republic of Iran, No. 1:18-cv-05331 (GBD) (SN)*

## THE *SCHLISSEL* PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT II

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Jeffrey E. Glen, Esq.
Vianny M. Pichardo, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel:    212-278-1000
Fax:    212-278-1733
Email:  jgoldman@andersonkill.com
          bstrong@andersonkill.com
          jglen@andersonkill.com
          vpichardo@andersonkill.com
Arthur R. Armstrong, Esq. *(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel: 267-216-2711
Fax: 215-568-4573
Email: aarmstrong@andersonkill.com

*Attorneys for Plaintiffs*

Dated: New York, New York
       August 20, 2019

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

I.      Procedural Background ......................................................................................... 2

II.     Damages ................................................................................................................ 2

        A.      Solatium Damages .................................................................................... 4

        B.      Pain and Suffering Damages (Van Hine Estate) ...................................... 6

        C.      Economic Damages (Van Hine Estate) .................................................... 7

        D.      Punitive Damages ..................................................................................... 9

        E.      Prejudgment Interest ................................................................................ 10

III.    Conclusion ............................................................................................................ 11

docs-100192820.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Socialist People's Libyan Arab Jamahirya*,
  775 F. Supp. 2d 48 (D.D.C. 2011) ........................................................................10

*Belkin v. Islamic Republic of Iran*,
  667 F. Supp. 2d 8 (D.D.C. 2009) ...........................................................................4

*Estate of Bland v. Islamic Republic of Iran*,
  831 F. Supp. 2d 150 (D.D.C. 2011) ......................................................................4, 9

*Dammarell v. Islamic Republic of Iran*,
  281 F. Supp. 2d 105 (D.D.C. 2003), vacated on other grounds, 404 F. Supp.
  2d 261 (D.D.C. 2005) ............................................................................................4

*Flatow v. Islamic Republic of Iran*,
  999 F.Supp. 1 (D.D.C. 1998) .................................................................................7

*Estate of Heiser v. Islamic Republic of Iran*,
  466 F. Supp. 2d 229 (D.D.C. 2006) ......................................................................4, 5, 7

*Roth v. Islamic Republic of Iran*,
  78 F. Supp. 3d 379 (D.D.C. 2015) .........................................................................7

*Surette v. Islamic Republic of Iran*,
  231 F. Supp. 2d 260 (D.D.C. 2002) ......................................................................4

*Valore v. Islamic Republic of Iran*,
  700 F. Supp. 2d 52 (D.D.C. 2010) .........................................................................4, 7

*World Trade Ctr. Props. LLC v. Am. Airlines, Inc.* (*In re September 11th Litig.*),
  802 F.3d 314 (2d Cir. 2015).................................................................................10

**Statutes**

28 U.S.C. § 1605A(a)(1).............................................................................................2

28 U.S.C. § 1605A(c) .................................................................................................3, 7, 9

49 U.S.C. § 40101.......................................................................................................10

Air Transportation Safety and System Stabilization Act,
  Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. §
  40101) .....................................................................................................................10, 11

**<u>TABLE OF AUTHORITIES</u>**
(*continued*)

**Page(s)**

Foreign Sovereign Immunities Act 28 U.S.C. §§ 1602, et seq. ............................................ *passim*

iii

## INTRODUCTION

For the reasons set forth below, and the statements contained in the declaration of Jerry S. Goldman, Esq., along with the exhibits appended thereto (the "Goldman Declaration"), certain plaintiffs in the above-referenced matter who are identified on Exhibit A to the Goldman Declaration (collectively, the "*Schlissel II* Plaintiffs") by and through their counsel, Anderson Kill, P.C., respectfully move this Court for an order awarding: (1) as to the solatium claims for the losses suffered by the relatives of an individual killed as a result of the terrorist attacks on September 11, 2001 (a "9/11 decedent"),[1] judgment for solatium damages in the same amounts previously awarded by this Court to other similarly situated plaintiffs against the Islamic Republic of Iran ("Iran"); (2) as to a claim asserted by the estate of a 9/11 decedent, damages for pain and suffering and economic damages; (3) as to all claims, prejudgment interest on the damages awarded; and (4) permission for the *Schlissel II* plaintiffs to seek punitive damages and economic and other appropriate damages at a later date.  This motion is made only on behalf of the *Schlissel II* Plaintiffs listed in Exhibit A attached to the Goldman Declaration.[2]

As the awards set forth in the attached proposed order represent the only direct recovery against Iran on behalf of the *Schlissel II* Plaintiffs, any award issued to those individuals will

---

[1] The plaintiffs listed on Exhibit A are the relatives or personal representative of a 9/11 decedent. In the case of a relative who died subsequent to the 9/11 decedent, the claim is brought by the personal representative of the relative's estate.  As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative. Goldman Declaration at ¶ 5.

[2] Exhibit A only includes plaintiffs who intend to submit US VSST applications in 2019, including Ann Van Hine as the Personal Representative of the Estate of Richard B. Van Hine, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard B. Van Hine (the "Van Hine Estate"), which did not receive an award from the Victim's Compensation Fund.  The plaintiffs in the above matter who are not included on Exhibit A have either already filed a motion for damages (*MDL*, ECF 4750) or intend to file a motion seeking damages at a later date.

constitute final awards and judgments against Iran for those plaintiffs listed in Exhibit A to the Goldman Declaration.

## I.        Procedural Background

On or about May 23, 2019, the *Schlissel II* Plaintiffs filed a Motion for Default Judgment Against the Islamic Republic of Iran for Liability Only.  *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (hereinafter "*MDL*"), ECF Nos. 4550, 4551, 4553 and 4556.  On June 21, 2019, the Court granted the Motion and referred the matter to Magistrate Judge Netburn for determination of damages.  *MDL,* ECF No. 4598.

The *Schlissel II* Plaintiffs[3] listed on Exhibit A now seek: (1) as to the solatium claims, judgment for damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, and other cases; (2) as to the Van Hine Estate claim, compensatory damages for pain and suffering in the amount of $2,000,000 and economic damages in the amount of $1,388,723; (4) as to all claims, prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment for damages; and (5) permission for such plaintiffs to seek punitive damages and economic and other appropriate damages at a later date.

## II.       Damages

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA"), permits a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency.  28 U.S.C. § 1605A(a)(1).  The statute specifies that damages are

_____

[3] Where a plaintiff's name is the subject of a pending Motion to Amend to Correct Errors, the corrected plaintiff's name is listed on Exhibit A.

2

available "for personal injury or death," § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *MDL*, ECF No. 2623 at 2-3 (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010)).

Plaintiffs identified in Exhibit A are comprised of immediate family members or the personal representative of an individual killed on 9/11, as demonstrated by documentary evidence of each plaintiff's relationship or authority to represent the estate of a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, letters of administration, or other official documents or documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery or the authority to represent the decedent's estate, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.[4] *See* Goldman Declaration at 3-7.

As liability has been established in this matter, each moving plaintiff is now entitled to damages in the amounts set forth on Exhibit A, which reflect the damage amounts previously established and applied by this Court in this and other related cases arising from the terrorists attacks on September 11, 2001 (the "9/11 Attacks"). In accordance with the terms of the FSIA, the Plaintiffs identified in Exhibit A are entitled to compensation under Section 1605A for their solatium, pain and suffering and economic damages, as applicable, and are also entitled to prejudgment interest.

---

[4] Such evidence is consistent with that contemplated in the Court's July 10, 2018 Order, ECF No. 4045.

## A.      Solatium Damages

As set forth above, the FSIA specifically provides for an award of solatium damages. Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F. Supp. 2d 261 (D.D.C. 2005).  Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009).  In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress. *See, e.g.*, *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "indistinguishable from the claim of intentional infliction of emotional distress" (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001))).

When previously awarding solatium damages in other cases related to the 9/11 Attacks, such as those noted above, this Court looked at the framework established by District Court Judge Royce C. Lamberth in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), where the court awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.*  This formula, however, may be adjusted upward or downward when circumstances warrant. *See, e.g.*, *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

4

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 Attacks, Magistrate Judge Maas concluded that an upward departure from Judge Lambert's framework in *Heiser* was appropriate.  In *Havlish*, Judge Maas explained that an upward departure was warranted because the decedents' immediate family members suffered, and continue to suffer "profound agony and grief" and "[w]orse yet, . . . are faced with frequent reminders of the events of that day."  *MDL*, ECF No. 2618 at 10-12.  Judge Maas noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families . . . ."  *Id.* at 11.  In that Report and Recommendation, with which this Court later agreed, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the 9/11 Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Id.* at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, *MDL*, ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, *MDL*, ECF No. 3300, in the September 12, 2016 Order pertaining to plaintiffs in the *Bauer* case, *MDL*, ECF No. 3341, in the October 14, 2016 Report and Recommendation, *MDL*, ECF No. 3363, and in the October 31, 2016 Order in the *Hoglan*

5

case, *MDL*, ECF No. 3384.  These amounts were, again, adopted by this Court in its April 24, 2018 Order relating to the claims of additional *Ashton* Plaintiffs, *MDL*, ECF No. 3977 at 6–7. The same amounts were recently adopted in the Court's June 8, 2018 (Corrected) Order of Partial Final Default Judgment in the matter known as "Burnett/Iran II,"[5] No. 15-cv-09903, ECF No. 101.

The solatium losses suffered by the family members identified on Exhibit A are legally and factually comparable to those suffered by the plaintiffs in the *Havlish*, *Ashton*, *Bauer*, *Hoglan* and *Burnett* cases.  As such, the family members identified on Exhibit A respectfully request that the Court grant awards of solatium damages in the same amounts indicated herein, consistent with this Court's application of those values established and applied in *Havlish*, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, *Hoglan* and *Burnett* cases.

**B.   Pain and Suffering Damages (Van Hine Estate)**

As noted above, the plaintiffs identified in Exhibit A include the estate of one individual, Richard Van Hine, killed in the 9/11 Attacks, which seek damages for the decedent's pain and suffering.  This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. 03-md-1570, ECF Nos. 2618 at 7-9.  For the reasons articulated by this Court in the context of the *Havlish* case, the Van Hine Estate respectfully requests that the Court grant awards for the decedent's pain and suffering in the amount of $2,000,000 per estate. *See id.* at 9; 03-md-1570, ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate in *Havlish*).

---

[5] The same values were applied to the claims of other plaintiffs in the earlier *Burnett* case in this Court's order of July 31, 2017. *MDL*, ECF No. 3666.

6

C.      **Economic Damages (Van Hine Estate)**

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c).  The

economic damages provision is "designed to compensate [a] decedent's heirs-at-law for

economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic*

*of Iran,* 999 F.Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's

estate [are] ...entitled to recover the present value of economic damages, including lost wages

that the decedents might reasonably have been expected to earn but for their wrongful deaths."

*Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466

F.Supp.2d 229.  Thus, for example, United States District Court Royce C. Lambreth of the

District of Columbia, in a series of decisions issuing final judgments against the Islamic

Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to

decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C.

2015), quoting *Valore,* 700 F.Supp.2d at 78.[6]  The *Van Hine* Estate is the only 9/11 Decedent

Estate[7] included on Exhibit A, which seeks economic damages, similar to the plaintiff in the

*Havlish* case.

Previously, this Court awarded economic damages in each *Havlish* case for the

"economic losses stemming from the wrongful death of the decedent[.]" *See* 03-md-1570 (02-cv-

6977) (S.D.N.Y.) (GBD) (FM), ECF No. 2623, Entered 10/03/12, at 2-3. In doing so, it adopted

the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports.

---

[6] In adopting this estate-accumulations calculation, Judge Lambreth recognized that case law under the FSIA was "develop[ing]... a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth,* 78 F.Supp.3d at 82.

[7] To the extent other estates are referenced on Exhibit A, these are estates of family members of 9/11 decedents who themselves have passed away in the years following the September 11th attacks.

In this case, plaintiffs retained the services of economic experts Chad L. Staller, JD, MBA, MAC, CVA, and Stephen M. Dripps, M.Fin., CVA, of The Center for Economic Studies to evaluate the economic losses resulting from Mr. Van Hine's death.  Goldman Declaration at 11.  Plaintiffs' experts prepared an economic loss expert report dated August 16, 2019, a copy of which is attached to the Goldman Declaration as Exhibit B.  Goldman Declaration at 12 and Ex. B.

By way of summary, the economic damage amounts determined by Plaintiffs' experts total $1,388,723, which is comprised of the following sums:

| | |
|---|---|
| Lost Earnings | $1,099,438 |
| Lost FDNY Pension | $625,889 |
| Lost Private Sector Retirement Benefits | $30,538 |
| Lost Household Services | $271,015 |

*Less:*

| | |
|---|---|
| Personal Maintenance | ($390,588) |
| Taxes | ($235,056) |
| FDNY Contribution | ($12,514) |
| **Total** | **$1,388,723** |

Goldman Declaration at 13.

Plaintiffs' expert report includes the detailed analyses of Mr. Staller and Mr. Dripps in reaching these conclusions, along with a description of their methodology and curricula vitae. Goldman Declaration at 14.

Based on the foregoing, the *Schlissel II* plaintiffs respectfully ask that this Court award economic damages to the Van Hine Estate in the amount of $1,388,723 as supported by the expert reports attached to the Goldman Declaration as Exhibit B.

8

### D.   Punitive Damages

Under the FSIA plaintiffs are also entitled to punitive damages.  28 U.S.C.

§ 1605A(c)(4).  In the *Havlish* Report and Recommendation on Damages, the magistrate judge

explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising

out of' terrorist attacks."  *MDL*, ECF No. 2618 at 13 (quoting *Estate of Bland v. Islamic Republic

of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and

awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive)

to 1 (compensatory).  *MDL*, ECF No. 2623 at 2.  The Court has applied that ratio to awards for

plaintiffs in other related cases.  *See, e.g.*, *MDL*, ECF No. 3175 at 3 (Magistrate Judge Maas

Report and Recommendation to apply a 3.44 punitive multiplier); *MDL*, ECF No. 3229 at 1

(Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a

3.44 multiplier); *MDL*, ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive

multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001*

multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for

punitive damages be denied without prejudice.  *MDL*, ECF No. 3363 at 28.  Judge Daniels

adopted Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request

for punitive damages.  *MDL*, ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive

damage issues until a later stage of the litigation, Plaintiffs herein request permission to address

the issue of punitive damages at a later date.  *See, e.g.*, *MDL*, ECF No. 3666 (Judge Daniels'

order in *Burnett*, authorizing plaintiffs to make an application for punitive damages at a later date

consistent with any future rulings of the Court).

9

E.      **Prejudgment Interest**

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment. *MDL*, ECF No. 2618 at 13-14. This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See MDL*, ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *World Trade Ctr. Props. LLC v. Am. Airlines, Inc.* (*In re September 11th Litig.*), 802 F.3d 314, 343 (2d Cir. 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state

10

rules concerning prejudgment interest. *Id.* Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks. *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. *MDL*, ECF No. 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. *MDL*, ECF No. 3384 at 6. Thereafter, in *Burnett II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in the *Hoglan* and *Burnett* matters, applying the 4.96 percent rate to prejudgment interest, the *Schlissel II* Plaintiffs identified in Exhibit A respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

## III.   Conclusion

For all of the reasons herein, plaintiffs respectfully request: (1) as to the solatium claimants identified on Exhibit A, judgment as to damages in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, and other cases; (2) as to the Van Hine Estate, compensatory damages for pain and suffering in the amount of $2,000,000 and economic damages in the amount of $1,388,723 to the Van Hine Estate; (3) as to all *Schlissel* II claims, prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment for damages; and (4) permission for the *Schlissel II* Plaintiffs listed on Exhibit A to seek punitive damages and economic and other appropriate damages at a later date.

11

Respectfully submitted,

*/s/ Jerry S. Goldman*

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Jeffrey E. Glen, Esq.
Vianny M. Pichardo, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel:    212-278-1000
Fax:    212-278-1733
Email:  jgoldman@andersonkill.com
             bstrong@andersonkill.com
             jglen@andersonkill.com
             vpichardo@andersonkill.com

Arthur R. Armstrong, Esq.
*(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel:    267-216-2711
Fax:    215-568-4573
Email:  aarmstrong@andersonkill.com
*Attorneys for Plaintiffs*

Dated:  August 20, 2019
            New York, New York

12