UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Laurence Schlissel et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD) (SN)

## DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF *SCHLISSEL* PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT II

JERRY S. GOLDMAN, Esq., hereby states under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the *Schlissel* Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the motion for final judgment on behalf of the plaintiffs listed in the attached Exhibit A.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

> a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 6, below.
>
> b. The Court's Order dated October 14, 2016 (ECF No. 3363) concerning the amounts of solatium damage awards.
>
> c. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past fifteen years; my firm's representation of the *Schlissel* plaintiffs listed in Exhibit A in connection with the September 11th litigation; communications directly from family members of the individuals killed in the attacks on September 11th and the plaintiffs listed in Exhibit A; communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's file and other court records relating to the multi-district litigation to which the *Schlissel* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. The *Schlissel* Plaintiffs identified in Exhibit A are each immediate family members or the personal representative of an estate of decedents from the terrorist attacks on September 11, 2001, as specifically set forth on Exhibit A. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

5. With respect to each estate plaintiff, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative.

6. The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent.

7. All of the decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

8. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

9. We have been retained individually by the plaintiffs listed in Exhibit A to pursue recovery for their losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in Exhibit A is the relative or is acting on behalf of the estate of a decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the plaintiffs listed in Exhibit A have recovered for their damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

10. Exhibit A also includes one estate claim, namely, that of Ann Van Hine as the Personal Representative of the Estate of Richard B. Van Hine, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard B. Van Hine (the "Van Hine Estate"), which, on information and belief did not receive an award from the Victim's Compensation Fund.

11. To determine the economic losses resulting from Mr. Van Hine's death, plaintiffs retained the services of economic experts Chad L. Staller, JD, MBA, MAC, CVA, and Stephen

3

M. Dripps, M.Fin., CVA, of The Center for Economic Studies to evaluate the economic losses resulting from Mr. Van Hine's death.

12. Plaintiffs' experts prepared an economic loss expert report dated August 16, 2019, a copy of which is attached hereto as Exhibit B.

13. By way of summary, the economic damage amounts as determined by Plaintiffs' experts total $1,388,723, which is comprised of the following sums:

| | |
|---|---|
| Lost Earnings | $1,099,438 |
| Lost FDNY Pension | $625,889 |
| Lost Private Sector Retirement Benefits | $30,538 |
| Lost Household Services | $271,015 |
| *Less:* | |
| Personal Maintenance | ($390,588) |
| Taxes | ($235,056) |
| FDNY Contribution | ($12,514) |
| **Total** | **$1,388,723** |

14. Plaintiffs' expert report includes the detailed analyses of Mr. Staller and Mr. Dripps in reaching these conclusions, along with a description of their methodology and curricula vitae. *See* Ex. B.

15. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

16. Based on the foregoing, I respectfully request that this Court grant the proposed order attached hereto as Exhibit C.

4

Dated: August 19, 2019
New York, NY

_____
Jerry S. Goldman, Esq.