## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Cheryl Rivelli et al. v. Islamic Republic of Iran, No. 1:18-cv-11878 (GBD) (SN)*

# THE *RIVELLI* PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT II

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Jeffrey E. Glen, Esq.
Vianny M. Pichardo, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel:     212-278-1000
Fax:    212-278-1733
Email:  jgoldman@andersonkill.com
            bstrong@andersonkill.com
            jglen@andersonkill.com
            vpichardo@andersonkill.com

Arthur R. Armstrong, Esq.
*(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel:     267-216-2711
Fax:    215-568-4573
Email:  aarmstrong@andersonkill.com

Dated:  August 21, 2019
        New York, New York

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baker v. Socialist People's Libyan Arab Jamahirya*,
　775 F. Supp. 2d 48 (D.D.C. 2011) ................................................................................................7

*Belkin v. Islamic Republic of Iran*,
　667 F. Supp. 2d 8 (D.D.C. 2009) ..................................................................................................3

*Estate of Bland v. Islamic Republic of Iran*,
　831 F. Supp. 2d 1 50, 156 (D.D.C. 2011) .....................................................................................4

*Dammarell v. Islamic Republic of Iran*,
　281 F. Supp. 2d 105 (D.D.C. 2003), vacated on other grounds, 404 F. Supp.
　2d 261 (D.D.C. 2005) ...................................................................................................................3

*Estate of Heiser v. Islamic Republic of Iran*,
　466 F. Supp. 2d 229 (D.D.C. 2006) ..............................................................................................4

*Surette v. Islamic Republic of Iran*,
　231 F. Supp. 2d 260 (D.D.C. 2002) ..............................................................................................4

*Valore v. Islamic Republic of Iran*,
　700 F. Supp. 2d 52 (D.D.C. 2010) ................................................................................................4

*World Trade Ctr. Props. LLC v. Am. Airlines, Inc. (In re September 11th Litig.)*,
　802 F.3d 314 (2d Cir. 2015) .........................................................................................................7

**Statutes**

28 U.S.C. § 1605A(a)(1) ..................................................................................................................2

28 U.S.C. § 1605A(c)(4) .............................................................................................................2, 12

Federal Air Transportation Safety and System Stabilization Act ("ATSSSA")
　Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. §
　40101) ...........................................................................................................................................7

N.Y. Surr. Ct. Proc. Act Law § 1414 (Consol., Lexis Advance through 2019
　released Chapters 1-147, except for 96 and 106) .........................................................................1

## INTRODUCTION

For the reasons set forth below, and the statements contained in the declaration of Jerry S. Goldman, Esq., which is filed contemporaneously with this memorandum of law, along with the exhibits appended thereto (the "Goldman Declaration"), certain plaintiffs in the above-referenced matter who are identified on Exhibit A to the Goldman Declaration (collectively, the "*Rivelli II* Plaintiffs") by and through their counsel, Anderson Kill, P.C., respectfully move this Court to award solatium damages for the losses suffered by the relatives[1] of an individual killed as a result of the terrorist attacks on September 11, 2001 ("9/11 decedent"), in the same amounts previously awarded by this Court to other similarly situated plaintiffs against the Islamic Republic of Iran ("Iran"); award prejudgment interest on those damages; and permit the *Rivelli II* Plaintiffs to seek punitive damages and economic and other appropriate damages at a later date, for the reasons set forth below. This motion is made only on behalf of the *Rivelli II* Plaintiffs listed in Exhibit A attached to the Goldman Declaration.[2]

As the awards set forth in the attached proposed order represent the only direct recovery against Iran on behalf of the *Rivelli II* Plaintiffs, any award issued to those individuals will constitute final awards and judgments against the Islamic Republic of Iran for those solatium claimants listed in Exhibit A to the Goldman Declaration.

---

[1] The plaintiffs listed on Exhibit A are the relatives of a 9/11 decedent. In the case of a relative who died subsequent to the 9/11 decedent, the claim is brought by the personal representative of the relative's estate. As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative, except in the case of the deceased relative Kathryn Ann Walier, where Arthur Walier has filed a petition to be so appointed, which petition, on information and belief, is unopposed, but has not yet been granted. Goldman Decl. at ¶ 5. N.Y. Surr. Ct. Proc. Act Law § 1414 (Consol., Lexis Advance through 2019 released Chapters 1-147, except for 96 and 106).

[2] Exhibit A only includes plaintiffs who intend to submit US VSST applications in 2019. The *Rivelli* plaintiffs who are not included on Exhibit A have either already filed a motion for damages or intend to file a motion seeking damages at a later date.

I.  **Procedural Background**

On August 15, 2019, certain *Rivelli* Plaintiffs filed a Motion for Default Judgment Against the Islamic Republic of Iran for Liability and Damages. *In Re Terrorist Attacks on September 11, 2001*, No. 03-md-1570, ECF Nos. 4868-4871 (hereinafter "*MDL*").

The moving *Rivelli II* Plaintiffs listed on Exhibit A[3] now seek: (1) judgment as to damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, and other cases; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; and (3) permission for such plaintiffs to seek punitive damages and economic and other appropriate damages at a later date.

II. **Damages**

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA"), permits a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. *MDL*, ECF No. 2623 at 2-3 (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010)).

---

[3] Where a plaintiff's name is the subject of a pending Motion to Amend to Correct Errors, the corrected plaintiff's name is listed on Exhibit A.

Plaintiffs identified in Exhibit A are comprised of immediate family members of those killed on 9/11, as demonstrated by documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents or other documents signed under penalty of perjury, which attest to a family relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.[4]  *See* Goldman Decl. at ¶¶ 3-7.

Once liability has been established in this matter, each such family member will be entitled to solatium damages in the amounts previously established and applied by this Court in this and other related cases arising from the terrorists attacks on September 11, 2001 (the "9/11 Attacks").  In accordance with the terms of the FSIA, the Plaintiffs identified in Exhibit A are entitled to compensation under Section 1605A for their solatium damages and are also entitled to prejudgment interest.

**A. Solatium Damages**

As set forth above, the FSIA specifically provides for an award of solatium damages. Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F. Supp. 2d 261 (D.D.C. 2005).  Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F.

---

[4] Such evidence is consistent with that contemplated in the Court's July 10, 2018 Order, ECF No. 4045.

Supp. 2d 8, 22 (D.D.C. 2009).  In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress.  *See, e.g.*, *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "indistinguishable from the claim of intentional infliction of emotional distress" (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)).

When previously awarding solatium damages in other cases related to the 9/11 Attacks, such as those noted above, this Court looked at the framework established by District Court Judge Royce C. Lamberth in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), where the court awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million.  *Id.*  This formula, however, may be adjusted upward or downward when circumstances warrant.  *See, e.g.*, *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 1 50, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 Attacks, Magistrate Judge Maas concluded that an upward departure from Judge Lambert's framework in *Heiser* was appropriate.  In *Havlish*, Judge Maas explained that an upward departure was warranted because the decedents' immediate family members suffered, and continue to suffer, "profound agony and grief" and "[w]orse yet, . . . are faced with frequent reminders of the events of that day."  *MDL*, ECF No. 2618, at 10-12.  Judge Maas noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families . . . ." *Id.* at 11.  In that Report, with which this Court later agreed, Magistrate Judge

4

Maas recommended that solatium damages be awarded to the immediate family members of the victims of the 9/11 Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Id.* at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, *MDL*, ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, *MDL*, ECF No. 3300, and in the September 12, 2016 Order pertaining to plaintiffs in the *Bauer* case, *MDL*, ECF No. 3341, and in the October 14, 2016 Report and Recommendation and October 31, 2016 Order in the *Hoglan* case, *MDL*, ECF Nos. 3363, 3384. These amounts were, again, adopted by this Court in its April 24, 2018 Order relating to the claims of additional *Ashton* Plaintiffs, *MDL*, ECF No. 3977 at 6–7. The same amounts were recently adopted in the Court's June 8, 2018 (Corrected) Order of Partial Final Default Judgment in the matter known as "Burnett/Iran II,"[5] No. 15-cv-09903, ECF No. 101.

The solatium losses suffered by the *Rivelli II* Plaintiffs before the Court in this application are legally and factually comparable to those suffered by the plaintiffs in the *Havlish*, *Ashton*, *Bauer*, *Hoglan* and *Burnett* cases. As such, Plaintiffs identified on Exhibit A respectfully request that the Court grant awards of solatium to the immediate family members as identified on

---

[5] The same values were applied to the claims of other plaintiffs in the earlier *Burnett* case in this Court's order of July 31, 2017. *MDL*, ECF No. 3666.

Exhibit A in the same amounts indicated herein, consistent with this Court's application of those values established and applied in *Havlish*, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, *Hoglan* and *Burnett* cases.

### B. Punitive Damages

Under the FSIA, plaintiffs are also entitled to punitive damages. 28 U.S.C. § 1605A(c)(4). In the *Havlish* Report and Recommendation on Damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." *MDL*, ECF No. 2618 at 13 (quoting *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). *MDL*, ECF No. 2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, *MDL*, ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); *MDL*, ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); *MDL*, ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying a 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. *MDL*, ECF No. 3363 at 28. Judge Daniels adopted Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages. *MDL*, ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date. *See, e.g.*, *MDL*, ECF No. 3666 (Judge Daniels'

6

order in *Burnett*, authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

### C. Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment. *MDL*, ECF No. 2618 at 13-14. This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See MDL*, ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *World Trade Ctr. Props. LLC v. Am. Airlines, Inc.* (*In re September 11th Litig.*), 802 F.3d 314, 343 (2d Cir. 2015). In that case, the

7

Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest. *Id.* Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks. *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. *MDL*, ECF No. 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. *MDL*, ECF No. 3384 at 6. Thereafter, in *Burnett II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in the *Hoglan* and *Burnett* matters, applying the 4.96 percent rate to prejudgment interest, the *Rivelli II* Plaintiffs identified in Exhibit A respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

**Conclusion**

For all of the reasons herein, plaintiffs respectfully request: (1) judgment as to damages on behalf of the *Rivelli II* Plaintiffs identified on Exhibit A only in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, and other cases; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment for damages; and (3) permission for such plaintiffs to seek punitive damages and economic and other appropriate damages at a later date.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>*/s/ Jerry S. Goldman*<br>ANDERSON KILL P.C.<br>Jerry S. Goldman, Esq.<br>Bruce E. Strong, Esq.<br>Jeffrey E. Glen, Esq.<br>Vianny M. Pichardo, Esq.<br>1251 Avenue of the Americas<br>New York, NY  10020<br>Tel: 212-278-1000<br>Fax: 212-278-1733<br>Email: jgoldman@andersonkill.com<br>           bstrong@andersonkill.com<br>           jglen@andersonkill.com<br>           vpichardo@andersonkill.com<br><br>Arthur R. Armstrong, Esq. *(pro hac vice)*<br>1760 Market Street, Suite 600<br>Philadelphia, PA  19103<br>Tel: 267-216-2711<br>Fax: 215-568-4573<br>Email: aarmstrong@andersonkill.com |
| Dated:  New York, New York<br>August 21, 2019 | *Attorneys for Plaintiffs* |