

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

August 23, 2019

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY  10007

BY ECF

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570 (S.D.N.Y.)

Dear Judge Netburn:

We write on behalf of defendant Dallah Avco in connection with this Court's recent opinion on plaintiffs' motion to compel additional document discovery from the Kingdom of Saudi Arabia (filed under seal on July 22), plaintiffs' motion for reconsideration of that opinion (filed under seal on August 5), and the Kingdom's opposition (filed under seal on August 19).

Dallah Avco has no direct stake in plaintiffs' motion to compel discovery from the Kingdom.  For that reason, Dallah Avco has made no formal submission in connection with that motion, nor would Dallah Avco consider it appropriate to do so unless ordered to respond by the Court.  Nonetheless, both this Court's opinion and the parties' briefing on reconsideration contain a number of assertions regarding the relationship between Dallah Avco and Omar Al Bayoumi that may be material to Dallah Avco's position in the case.

Dallah Avco respectfully submits that those issues have not been adequately briefed by either side on the pending motion, and that the Court should be cautious in making findings about the relationship between Dallah Avco and Omar Al Bayoumi in the context of a motion in which Dallah Avco had no opportunity to participate.  Dallah Avco is confident that, when those issues are fully briefed by all interested parties, the evidence will clearly show that Dallah Avco performed only payroll processing and related administrative support functions for ANSS project employees like Omar Al Bayoumi; that Dallah Avco had no role whatsoever in directing or supervising the work of any ANSS project employees or in the assignment or designation of the nature or location of any of that work; and that the corporate representative testimony of Dallah Avco Executive Director Ammar Kamel on those and other matters was based on and fully supported by extensive documentary records as well as information from at least four different former employees directly involved in the ANSS project.

Addressing those issues in the context of plaintiffs' motion to compel production from the Kingdom would be particularly unwarranted because, as the Kingdom correctly points out, plaintiffs have failed to show any basis for further discovery into payroll records even on

plaintiffs' own view of Dallah Avco's role.  Plaintiffs themselves acknowledge that Dallah Avco acted as a paymaster for ANSS project employees.  Dallah Avco's own files are thus the perfectly logical place to look for Al Bayoumi's pay records.  And indeed, Dallah Avco has produced hundreds of pages of those records, including pay slips, bank transfer records, PCA request forms and other instructions regarding ANSS employee positions and compensation, and many other administrative records.  Plaintiffs offer no reason to think that additional searching for those types of documents at the PCA would meaningfully alter the extensive body of evidence that already exists.  Plaintiffs' motion can and should be denied on that basis alone.

We thank the Court for its time and attention to these matters.

Respectfully submitted,

Robert Kry

cc:   All counsel by ECF