UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
              :
IN RE:                          :      MEMORANDUM DECISION
              :      AND ORDER
TERRORIST ATTACKS ON           :
SEPTEMBER 11, 2001               03 MDL 1570 (GBD) (SN)
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 27 2019

This document relates to:

*Abustan, et al. v. Kingdom of Saudi Arabia, et al.*, 18 Civ. 7030 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On September 14, 2018, the Abustan Plaintiffs ("Plaintiffs") filed a complaint, naming the Saudi High Commission for Relief of Bosnia & Herzegovina ("Defendant SHC") and the Kingdom of Saudi Arabia ("Defendant Saudi Arabia") (collectively, "Defendants"), as defendants. (*Abustan, et al. v. Kingdom of Saudi Arabia, et al.*, 18 Civ. 7030 (GBD) (SN) ("*Abustan*"), Compl., ECF No. 7.)[1] On February 11, 2019, Defendant SHC moved to dismiss Plaintiffs' complaint. (*Abustan*, Notice of Def. Saudi High Comm'n for Relief of Bosnia & Herzegovina's Mot. to Dismiss, ECF No. 29.) Other plaintiffs in this multidistrict litigation ("MDL Plaintiffs") previously brought suit against the Defendants in 2017, but such complaints were dismissed by this Court as to Defendant SHC because the "allegations [did not] suffice to rebut the presumption of immunity afforded to it by the [Foreign Sovereign Immunities Act ('FSIA').]" (*In re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN) ("9/11 MDL"), Mar. 28, 2018 Mem. Decision and Order, ECF No. 3946, at 17.)[2] Plaintiffs were "permitted to conduct limited and targeted jurisdictional discovery" as to Defendant Saudi Arabia. (*Id.* at 23.)

---

[1] Citations to "*Abustan*" refer to documents filed in the *Abustan* action.

[2] Citations to "9/11 MDL" refer to documents filed in the general multidistrict litigation docket.

Defendant SHC now argues that "because all of the allegations in the *Abustan* Complaint are substantially identical to the evidence and allegations presented in the [complaints mentioned above], this Court should dismiss the *Abustan* Complaint for the same reasons[.]" (*Abustan*, Mem. of Law in Supp. of Mot. to Dismiss of the Saudi High Comm'n for Relief of Bosina & Herzegovina ("Mem."), ECF No. 30, at 3.) Before this Court is Magistrate Judge Sarah Netburn's August 9, 2019 Report and Recommendation, recommending that this Court grant Defendant SHC's motion to dismiss. (*Abustan*, Report and Recommendation (the "Report"), ECF No. 38, at 1, 3.) Magistrate Judge Netburn found that this Court's prior decision was based upon a lack of subject matter jurisdiction. (*Id.*) She recommended that the same decision be rendered here, given similar allegations and the presumption of sovereign immunity. (*Id.* at 2–3.) This Court ADOPTS Magistrate Judge Netburn's Report.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

The parties did not file any objections. Accordingly, this Court reviews the Report for clear error.

2

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT SHC

This Court previously granted Defendant SHC's motion to dismiss the MDL Plaintiffs' complaints because they failed to rebut Defendant SHC's assumption of immunity. (*See* 9/11 MDL, Mar. 28, 2018 Mem. Decision and Order at 17.) Similarly, because the *Abustan* Plaintiffs adopt and incorporate those plaintiffs' arguments by reference, Magistrate Judge Netburn accurately found that "for the same reasons that the previous complaints against SHC were dismissed, the [*Abustan*] Complaint should be dismissed as well." (*Abustan*, Report at 2; *Abustan*, Pls.' Opp'n to Mot. to Dismiss by the Saudi High Comm'n for Relief of Bosnia & Herzevovina ("Opp'n"), ECF No. 32; at 1 & n.1.) She also properly noted Plaintiffs' concession that such adoption and incorporation of the previous complaints could bind them to this Court's prior order of dismissal. (*Abustan*, Report at 2–3; *Abustan*, Opp'n at 1.) Finally, Magistrate Judge Netburn correctly determined that "[b]ecause th[is] Court's prior decision was based on a lack of subject matter jurisdiction, . . . Plaintiff's claims should be dismissed without prejudice." (*Abustan*, Report at 3 (citing *Tran v. Farmers Grp., Inc.*, No. 17 Civ. 3907 (CS), 2018 WL 2926152, at *3 (S.D.N.Y. June 11, 2018)).)

Accordingly, Defendant SHC's motion to dismiss is GRANTED, without prejudice.

### III. CONCLUSION

Defendant SHC's motion to dismiss, (ECF No. 29), is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: August 27, 2019
      New York, New York

SO ORDERED.

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3