UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Parker, et al. v. Islamic Republic of Iran*, 18-cv-11416 (GBD)(SN)

### AFFIDAVIT IN SUPPORT OF REQUEST FOR CLERK'S DEFAULT AGAINST THE ISLAMIC REPUBLIC OF IRAN

State of New York    :
                     : ss.
County of New York   :

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Dorothea M. Capone, Esq., an attorney at law duly admitted before the Courts of the State of New York, being duly sworn, hereby deposes and says that:

1. Pursuant to Rules 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1 of the U.S. District Court for the Southern District of New York, I make this Affidavit in support of Plaintiffs' Request to the Clerk of Court for Entry of Default and for a Clerk's Certificate of Default against Defendant, The Islamic Republic of Iran ("Iran").

2. The Plaintiffs are personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2001.

3. The only defendant in this case is Iran.

4. A Short Form Complaint was filed with the Court on December 6, 2018 on behalf of the Plaintiffs against Iran pursuant to the Order issued by Magistrate Judge Sarah Netburn on July 10, 2018 in *In Re Terrorist Attacks on September 11, 2001*, 03-md-01570 (GBD)(SN)(ECF

4045).

5. Iran is not amenable to service under the provisions of 28 U.S.C. § 1608(a)(1) or (2) because no special arrangement for service exists between the Plaintiffs and Iran, and because there is no applicable international convention on service of judicial documents upon it.

6. Before serving Iran under 28 U.S.C. § 1608(a)(4), Plaintiffs attempted to serve Iran pursuant to 28 U.S.C. § 1608(a)(3) mailing provisions. On February 27, 2019, the Clerk's Office filed the Certificate of Mailing (ECF 17) and the documents were entrusted to Federal Express for delivery. On February 28, 2019, a representative from Federal Express contacted my office to advise that they were unable to deliver the documents to Iran and returned the documents to our office. Attached as Exhibit A is a copy of the letter from Federal Express stating they were unable to effectuate service.

After researching other methods of service, and following telephone conversations with the Clerk's Office on March 4, 2019 and April 8, 2019, we ascertained that it would be necessary to serve the Short Form Complaint and accompanying documents in accordance with 28 U.S.C. § 1608(a)(4) via the U.S. Department of State.

7. On April 8, 2019, Plaintiffs began the process of serving Iran pursuant to 28 U.S.C. § 1608(a)(4), by delivering to the Clerk of the Court for the U.S. District Court for the Southern District of New York the following items: a cover letter; copies of the Summons and Short Form Complaint in both English and Farsi, copies of the Notice of Suit in both English and Farsi with a copy of the Foreign Sovereign Immunities Act attached as an exhibit, the Certification of Translation, a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern, and a Federal Express envelope with a prepaid air waybill addressed the U.S.

2

Department of State, for service (collectively "Service Documents") all of which are attached as Exhibit B.

8. On April 11, 2019, the Clerk's Office forwarded copies of the Service Documents and the cashier's check payable to the Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison, United States Department of State for further service upon Iran under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4). *See* Clerk Certificate of Mailing (ECF 19).

9. In accordance with 28 USC § 1608(c)(1), in instances of service under § 1608(a)(4), service shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note". On July 25, 2019, Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, wrote to Clerk of Court Ruby J. Krajick advising that service was effectuated on Iran on July 3, 2019 when the U.S. Department of State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of Diplomatic Note number 1052-IE.

Based on the foregoing, the Plaintiffs filed an Affidavit of Service confirming service was effectuated on Iran on July 3, 2019. *See* Affidavit of Service (ECF 23).

10. Iran has not filed any responsive pleading, nor has it otherwise defended the Plaintiff's lawsuit.

11. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Upon

such a showing, the Court Clerk must enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a); *see City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Accordingly, the Plaintiffs are entitled to entry of default against Iran.

12. It is respectfully requested that the Clerk now enter default against Iran because:

   a. Iran was obligated to "serve an answer or other responsive pleading to the complaint within sixty days after service [was effectuated]." 28 U.S.C. § 1608(d);

   b. Iran was served on July 3, 2019; and

   c. More than 60 days will have elapsed since service, and Iran has not served an answer or other responsive pleading, or taken any other steps to defend this action since receiving service.

13. The defendant Iran is not:

   a. A minor, infant, or an incompetent person. *See* Fed. R. Civ. P. 55(b)(1); or

   b. In the military service. *See* 50 U.S.C. app. § 521(b)(1).

14. For the reasons set forth herein, Iran was properly served and has failed to timely answer or otherwise defend against this action within sixty (60) days as required by 28 U.S.C. § 1608(d). Accordingly, Plaintiffs request that the Court enter a Clerk's Certificate of Default as to the Islamic Republic of Iran in the form attached as Exhibit C.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained herein is true and correct.

Dated: September 3, 2019

_____
Dorothea M. Capone, Esq.

Sworn to before me this
3rd day of September, 2019.

_____
Notary Public

CAROLYN MARTINEZ
Notary Public, State of New York
No. 01MA6084613
Qualified in New York County
Commission Expires: December 9, 2022

5