# EXHIBIT B



**Baumeister & Samuels, P.C.**
**A PROFESSIONAL CORPORATION**

140 Broadway, 46th Floor                                    212-363-1200
New York, NY 10005                                          866-363-1200
                                                            212-363-1346 Fax
DOROTHEA M. CAPONE                                          www.baumeisterlaw.com
tcapone@baumeisterlaw.com

April 8, 2019

*VIA FEDERAL EXPRESS*

Ms. Ruby J. Krajick, Clerk of Court
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Parker, et al. v. The Islamic Republic of Iran*, Civil Action No. 18-11416
      *In Re Terrorist Attacks on September 11, 2001*, 03-md-01570 (GBD)(SN)

Dear Ms. Krajick:

Pursuant to the Order issued by Magistrate Judge Sarah Netburn on July 10, 2018 in *In Re Terrorist Attacks on September 11, 2001*, 03-md-01570 (GBD)(SN), DE4045, a short form complaint was filed with the Court on December 6, 2018 on behalf of the Parker and Suarez Plaintiffs against the Islamic Republic of Iran (herein the "Defendant").

On February 27, 2019, pursuant to the Foreign Sovereign Immunities Act, 29 U.S.C. §1608(a)(3), our firm attempted service upon the Defendant to no avail, and it has now been thirty (30) days since attempted service was made. Accordingly, enclosed please find three copies of the following documents in both English and Farsi:

1.    Notice of Suit with the Foreign Sovereign Immunities Act attached as an Exhibit;
2.    Summons and Complaint; and
3.    Certification by the Translator.

Also, enclosed is a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy in Bern representing the required fee for service. Please forward two copies of the aforementioned documents and the cashier's check to the U.S. Department of State for further service under the Foreign Sovereign Immunities Act, 29 U.S.C. §1608(a)(4) upon the Defendant, in care of H.E. Dr. Mohammad Javad Zarif, Foreign Minister, The Ministry of Foreign Affairs for the Islamic Republic of Iran, Imam Khomeini Street, Imam Khomeini Square, Tehran, Iran, Postal Code 1136914811. Lastly, enclosed to facilitate service please find a Federal Express envelope and a prepaid air waybill addressed the U.S. Department of State, Attention - FSIA, CA/OCS/L, SA-17, 10th Floor, Washington, D.C. 20522-1710.



**B&S** Baumeister & Samuels, P.C.
A PROFESSIONAL CORPORATION

Please contact my office if you have any questions or concerns. Thank you for your assistance with this matter.

Very truly yours,

Dorothea M. Capone

DMC:cml
Enclosures


**CHASE**

## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
  if the Cashier's Check is not cashed by a certain time
    - Please cash/deposit this Cashier's Check as soon as possible to
      prevent this from occurring
    - In most cases, the funds will be considered "abandoned"
      before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
    - Stop Payment can only be placed if the Cashier's Check
      is lost, stolen, or destroyed
    - We may not re-issue or refund the funds after the stop payment has
      been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check
  or for any other information about this item

FOR YOUR PROTECTION SAVE THIS COPY      Customer Copy
**CASHIER'S CHECK**                       9821762926

04/01/2019
Void after 7 years

Remitter:    BAUMEISTER & SAMUELS PC

$** 2,275.00 **

Pay To The    US EMBASSY BERN
Order Of:

Drawer: **JPMORGAN CHASE BANK, N.A.**
**NON NEGOTIABLE**

Memo:-------------------------------------------------------------
Note: For information only. Comment has no effect on bank's payment.

282111107 NEW 01/08 8810004306

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK      **CASHIER'S CHECK**      HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**CHASE**                                                          9821762926    25-3
                                              Date    04/01/2019   Void after 7 years   440

Remitter:    BAUMEISTER & SAMUELS PC

Pay To The    US EMBASSY BERN
Order Of:

Pay:    TWO THOUSAND TWO HUNDRED SEVENTY FIVE DOLLARS AND 00 CENTS      $** 2,275.00 **

Do not write outside this box

Drawer: **JPMORGAN CHASE BANK, N.A.**

Sol Gindi

Memo:-----------------------------------------------------
Note: For information only. Comment has no effect on bank's payment.

Sol Gindi, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Columbus, OH

⑈9821762926⑈  ⑆044000037⑆  7586614331⑈

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |
|---|---|

### NOTICE OF SUIT

1.     Title of legal proceedings; full name of court; case or docket numbers:

*Parker, et al. v. The Islamic Republic of Iran*, 18-cv-11416 (GBD)(SN)
United States District Court for the Southern District of New York.

2.     Name of foreign state (or political subdivision) concerned:

The Islamic Republic of Iran (herein the "Sovereign Defendant").

3.     Identity of the other Parties: None.

### JUDICIAL DOCUMENTS

4.     Nature of documents served: Notice of Suit, Summons and Short Form
Complaint.

5.     Nature and purpose of the proceedings; why the foreign state (or political
subdivision) has been named; relief requested: This action arises out of the events of September
11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial
airliners and used those planes as weapons in coordinated terrorist attacks on the United States.
Plaintiffs brought claims against the Sovereign Defendant based on its sponsorship of al Qaeda
for nearly a decade leading up to September 11, 2001 that assisted and enabled al Qaeda to carry
out the September 11th terror attacks.

6.     Date of default judgment (if any): None.

7.     A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

8.     The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

9.     Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). A copy of which is attached hereto as Exhibit A.

Dated:  New York, New York
        February 26, 2019

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

By: _____
Dorothea M. Capone, Esq. (DC8582)
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
Attorneys for the Plaintiffs

2

# EXHIBIT A

PUBLIC LAW 94–583—OCT. 21, 1976          **90 STAT. 2891**

## Public Law 94–583
## 94th Congress

## An Act

To define the jurisdiction of United States courts in suits against foreign states, the circumstances in which foreign states are immune from suit and in which execution may not be levied on their property, and for other purposes.

<div style="float:right">Oct. 21, 1976<br>[H.R. 11315]</div>

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Foreign Sovereign Immunities Act of 1976".

<div style="float:right">Foreign Sovereign Immunities Act of 1976.<br>28 USC 1 note.</div>

SEC. 2. (a) That chapter 85 of title 28, United States Code, is amended by inserting immediately before section 1331 the following new section:

### "§ 1330. Actions against foreign states

"(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

<div style="float:right">28 USC 1330.<br>Jurisdiction.<br><br>*Post,* p. 2892.</div>

"(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

<div style="float:right">*Post,* p. 2894.</div>

"(c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title.".

(b) By inserting in the chapter analysis of that chapter before—

"1331. Federal question; amount in controversy; costs."

the following new item:

"1330. Action against foreign states.".

SEC. 3. That section 1332 of title 28, United States Code, is amended by striking subsections (a)(2) and (3) and substituting in their place the following:

"(2) citizens of a State and citizens or subjects of a foreign state;

"(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

"(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.".

SEC. 4. (a) That title 28, United States Code, is amended by inserting after chapter 95 the following new chapter:

## "Chapter 97.—JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

"Sec.
"1602. Findings and declaration of purpose.
"1603. Definitions.
"1604. Immunity of a foreign state from jurisdiction.
"1605. General exceptions to the jurisdictional immunity of a foreign state.
"1606. Extent of liability.



AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

"1607. Counterclaims.
"1608. Service; time to answer default.
"1609. Immunity from attachment and execution of property of a foreign state.
"1610. Exceptions to the immunity from attachment or execution.
"1611. Certain types of property immune from execution.

28 USC 1602.   "§ 1602. Findings and declaration of purpose

"The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

28 USC 1603.   "§ 1603. Definitions

"For purposes of this chapter—
"(a) A 'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
"(b) An 'agency or instrumentality of a foreign state' means any entity—
"(1) which is a separate legal person, corporate or otherwise, and
"(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
"(3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (d) of this title, nor created under the laws of any third country.
"(c) The 'United States' includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.
"(d) A 'commercial activity' means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.
"(e) A 'commercial activity carried on in the United States by a foreign state' means commercial activity carried on by such state and having substantial contact with the United States.

28 USC 1604.   "§ 1604. Immunity of a foreign state from jurisdiction

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

28 USC 1605.   "§ 1605. General exceptions to the jurisdictional immunity of a foreign state

"(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
"(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of

the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

"(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

"(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

"(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue; or

"(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

    "(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

    "(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

"(b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided*, That—

*Suit in admiralty.*

*Notice.*

"(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; but such notice shall not be deemed to have been delivered, nor may it thereafter be delivered, if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit—unless the party was unaware that the vessel or cargo of a foreign state was involved, in which event the service of process of arrest shall be deemed to constitute valid delivery of such notice; and

"(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in subsection (b)(1) of this section or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

Whenever notice is delivered under subsection (b)(1) of this section, the maritime lien shall thereafter be deemed to be an in personam

claim against the foreign state which at that time owns the vessel or cargo involved: *Provided*, That a court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose, such value to be determined as of the time notice is served under subsection (b)(1) of this section.

28 USC 1606.    "**§ 1606. Extent of liability**

"As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

28 USC 1607.    "**§ 1607. Counterclaims**

"In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

"(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or

"(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

"(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

28 USC 1608.    "**§ 1608. Service; time to answer; default**

"(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

"(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of

PUBLIC LAW 94–583—OCT. 21, 1976          90 STAT. 2895

Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a 'notice of suit' shall mean a notice    "Notice of suit." addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

"(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

"(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

"(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

"(C) as directed by order of the court consistent with the law of the place where service is to be made.

"(c) Service shall be deemed to have been made—

"(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

"(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

"(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

"(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

"§ 1609. Immunity from attachment and execution of property of    28 USC 1609. a foreign state

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property

in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

28 USC 1610.

"**§ 1610. Exceptions to the immunity from attachment or execution**

"(a)  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

"(2) the property is or was used for the commercial activity upon which the claim is based, or

"(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

"(4) the execution relates to a judgment establishing rights in property—

"(A) which is acquired by succession or gift, or

"(B) which is immovable and situated in the United States: *Provided*, That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

"(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment.

"(b)  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

"(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), or (5), or 1605(b) of this chapter, regardless of whether the property is or was used for the activity upon which the claim is based.

"(c)  No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

PUBLIC LAW 94–583—OCT. 21, 1976         **90 STAT. 2897**

"(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

"(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

"(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

**"§ 1611.  Certain types of property immune from execution**          28 USC 1611.

"(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not          22 USC 288 note.
be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

"(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if—

"(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

"(2) the property is, or is intended to be, used in connection with a military activity and

"(A) is of a military character, or

"(B) is under the control of a military authority or defense agency."

(b) That the analysis of "PART IV.—JURISDICTION AND VENUE" of title 28, United States Code, is amended by inserting after—

"95. Customs Court.",

the following new item:

"97. Jurisdictional Immunities of Foreign States.".

SEC. 5. That section 1391 of title 28, United States Code, is amended          Venue.
by adding at the end thereof the following new subsection:

"(f) A civil action against a foreign state as defined in section 1603(a) of this title may be brought—

"(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

"(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

90 STAT. 2898                     PUBLIC LAW 94–583—OCT. 21, 1976

"(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603 (b) of this title; or

"(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.".

Actions removable.

SEC. 6. That section 1441 of title 28, United States Code, is amended by adding at the end thereof the following new subsection:

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603 (a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446 (b) of this chapter may be enlarged at any time for cause shown.".

28 USC 1446.

28 USC 1602 note.

SEC. 7. If any provision of this Act or the application thereof to any foreign state is held invalid, the invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are severable.

Effective date.
28 USC 1602 note.

SEC. 8. This Act shall take effect ninety days after the date of its enactment.

Approved October 21, 1976.

LEGISLATIVE HISTORY:

HOUSE REPORT No. 94–1487 (Comm. on the Judiciary).
SENATE REPORT No. 94–1310 accompanying S. 3553 (Comm. on the Judiciary).
CONGRESSIONAL RECORD, Vol. 122 (1976):
   Sept. 29, considered and passed House.
   Oct. 1, considered and passed Senate.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 12, No. 43:
   Oct. 22, Presidential statement.

**دادگاه‌های ناحیه ایالات متحده آمریکا**
**ناحیه جنوب نیویورک**

| | |
|---|---|
| 03 MDL 1570 (GBD) (SN)<br>پرونده ECF | در رابطه با حملات تروریستی مورخ 11 سپتامبر 2001 |

<u>**اعلامیه دادخواست**</u>

1. عنوان محاکمه؛ نام کامل دادگاه؛ شماره پرونده یا شماره ثبت:

دادگاه منطقه ای *Parker, et al. v. The Islamic Republic of Iran* ‏، 18-cv-11416 (GBD)(SN)
ایالات متحده در منطقه جنوب نیویورک.

2. نام کشور خارجی (یا بخش سیاسی): جمهوری اسلامی ایران (در اینجا "متهم حاکم").

3. هویت طرفین دیگر: هیچ.

**اسناد محرمانه**

4. ماهیت اسناد مورد استفاده: اطلاعیه دادخواست، احضاریه و شکایت مختصر.

5. ماهیت و هدف از پرونده؛ چرا دولت خارجی (یا بخش سیاسی) نامگذاری شده است؟ درخواست تسکین:
این درخواست از وقایع 11 سپتامبر 2001 نشأت می‌گیرد که طی آن اعضای شبکه تروریستی القاعده
چهار هواپیمای تجاری را ربودند و از این هواپیماها به عنوان سلاح در حملات تروریستی هماهنگ شده
به ایالات متحده استفاده کردند. شاکیان این ادعا را علیه متهمین حاکم ارائه کردند بر اساس حمایت آنان از
القاعده تقریبا یک دهه پیش از 11 سپتامبر 2001 که به القاعده کمک کرده و برای انجام حملات تروریستی
یازدهم سپتامبر با آنان همکاری کرده بودند.

6. تاریخ صدور حکم غیابی (در صورت وجود): هیچ

۷. پاسخ به "احضار" و "شکایت" لازم است که به پیش از ۶۰ روز پس از دریافت این اسناد به دادگاه ارسال شود. پاسخ ممکن است دفاع قانونی (شامل دفاع از مصونیت دولتی) را ارائه دهد.

۸. عدم ارائه پاسخ به موقع در دادگاه می‌تواند به صدور حکم غیابی و درخواست اعدام برای اجرای حکم منجر شود. اگر حکم غیابی صادر شود، ممکن است روشی برای لغو یا بازنگری آن قضاوت در دسترس باشد.

۹. سوالات مربوط به مصونیت دولت‌ها و صلاحیت دادگاه‌های ایالات متحده برای قضاوت در مورد کشورهای خارجی توسط قانون معافیت حاکمیت‌های خارجی سال ۱۹۷۶ می‌شود، که در بخش‌های ۱۳۳۰، ۱۳۹۱(f)، ۱۴۴۱(d) و ۱۶۰۲ تا ۱۶۱۱ از عنوان ۲۸ قانون کشور ایالات متحده ( ;۹۴-۵۸۳) .Pub. L ۹۰ Stat.۲۸۹۱؛ آمده است. یک نسخه از آن در قالب پیوست ۱ به این اعلامیه پیوست شده است.


با احترام،                                                          تاریخ: نیویورک، نیویورک
**BAUMEISTER & SAMUELS, P.C.**                    ـکـلـ فوریه ۲۰۱۹ .

توسط:

Dorothea M. Capone, Esq. (DC8582)
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200

نیویورک، نیویورک ۱۰۰۰۵
تلفن: (۲۱۲) ۳۶۳-۱۲۰۰
وکلای شاکیان

2

<u>**پیوست 1**</u>

قانون عمومی 583-94 – 21 اکتبر 1976                              STAT 90 (مجموعه قوانین کنگره)
                                                                            2891

قانون عمومی 583-94
نود و چهارمین جلسه کنگره

**هدف از این قانون عبارت است از**
تعریف صلاحیت قضایی دادگاه‌های ایالات متحده آمریکا در دعاوی علیه دولت‌های                21 اکتبر 1976
خارجی، شرایطی که در آن دولت‌های خارجی در برابر اقامه دعوا مصون هستند و                    H.R. 11315
شرایطی که در آن هیچ حکمی علیه دارایی‌های آنها قابل اجرا نیست و اهداف دیگر.

*سنا و مجلس نمایندگان ایالات متحده آمریکا* در کنگره تصویب کردند که این قانون، «قانون      قانون مصونیت‌های حاکمیت خارجی
مصونیت‌های حاکمیت خارجی مصوب 1976» نامیده شود.                                              مصوب 1976
بخش .2 (a) فصل 85 از عنوان 28 از قانون ایالات متحده آمریکا با افزودن بخش جدید            تبصره 1 عنوان 28 قانون ایالات
زیر درست قبل از بخش 1331، اصلاح می‌شود:                                                      متحده آمریکا

**بخش .1330 اقدام علیه دولت‌های خارجی**                                                    بخش 1330 عنوان 28 قانون ایالات
«(a) دادگاه‌های منطقه‌ای صرف نظر از میزان اقدام مدنی غیرقضایی علیه یک دولت                    متحده آمریکا
خارجی طبق تعریف مندرج در بخش (a)1603 از این عنوان دارای صلاحیت اولیه در                      صلاحیت قضایی
ارتباط با هر گونه دعوای جبران خسارتی هستند که در آن تحت بخش‌های 1605-1607
از این عنوان یا تحت هر گونه توافق‌نامه قابل اجرای بین‌المللی، دولت خارجی مصونیتی           ص. 2892
ندارد.»

«(b) صلاحیت قضایی دادگاه در مورد یک دولت خارجی برای تمام دعواهای جبران
خسارتی صدق می‌کند که دادگاه‌های منطقه‌ای طبق زیربخش (a) در جایی که ابلاغیه طبق
بخش 1608 از این عنوان صورت گرفته است، صلاحیت رسیدگی را دارند.»
«(c) به منظور اجرای زیربخش (b)، حضور دولت خارجی در دادگاه، منجر به تفویض                     ص. 2894
صلاحیت قضایی در ارتباط با دعوای جبران خسارتی نمی‌شود که ناشی از معامله یا
پیش‌آمد مندرج در بخش‌های 1605 تا 1607 از این عنوان نیست.»
(b) در تحلیل فصلی آن فصل، قبل از عبارتِ
«.1331 مساله فدرال؛ مبلغ مطروحه؛ هزینه‌ها.»
عبارت جدید زیر افزوده می‌شود:
«.1330 اقدام علیه دولت‌های خارجی»
بخش .3 بخش 1332 از عنوان 28 قانون ایالات متحده آمریکا با خط خوردن زیربخش‌های
(3) ,(2) ,(a) (2) و جایگزین کردن موارد زیر اصلاح می‌گردد:
«(2) شهروندان یک ایالت و شهروندان یا تبعه یک دولت خارجی؛
«(3) شهروندان ایالات مختلف و پرونده‌ای که در آن شهروندان یا اتباع یک دولت خارجی
جزو سایر طرف‌های دعوی هستند؛ و
«(4) یک دولت خارجی طبق تعریف در بخش (a)1603 از این قانون به عنوان شاکی و
شهروندان یک ایالت یا ایالت‌های مختلف.»
بخش .4 (a) عنوان 28 از قانون ایالات متحده آمریکا با افزودن فصل جدید زیر پس از
فصل 95 اصلاح می‌شود:

**فصل .97 – مصونیت‌های قضایی دولت‌های خارجی**
بخش.
.1602 احکام و اعلام هدف
.1603 تعاریف
.1604 مصونیت یک دولت خارجی در برابر حوزه قضایی
.1605 استثنائات کلی مصونیت قضایی یک دولت خارجی
.1606 حدود مسئولیت

قانون عمومی 583-94 – 21 اکتبر 1976

1607. دعوای متقابل
1608. ابلاغ؛ زمان پاسخ؛ غیبت
1609. مصونیت در برابر توقیف و به اجرا گذاشتن دارایی یک دولت خارجی
1610. استثنائات مصونیت در برابر توقیف یا به اجرا گذاشته شدن
1611. انواع خاص مصونیت دارایی در برابر اجرا

**1602. احکام و اعلام هدف**

بخش 1602 عنوان 28 قانون ایالت متحده آمریکا

کنگره حکم می‌کند که تصمیم‌گیری از سوی دادگاه‌های ایالت متحده آمریکا درباره ادعای مصونیت دولت‌های در برابر صلاحیت قضایی این دادگاه‌ها در راستای عدالت خواهد بود و باعث حفظ حقوق دولت‌های خارجی و شاکیان در دادگاه‌های ایالت متحده آمریکا خواهد شد. طبق قوانین بین‌المللی، دولت‌ها در ارتباط با فعالیت‌های تجاری خود در برابر صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و ممکن است اموال تجاری آنها مشمول اجرای احکامی شود که در ارتباط با فعالیت‌های تجاری‌شان علیه آنها صادر شده است. بنابراین، تصمیم‌گیری درباره ادعای مصونیت دولت‌های خارجی باید مطابق با اصول مندرج در این فصل، از سوی دادگاه‌های ایالت متحده آمریکا و ایالات صورت گیرد.

**1603. تعاریف**

بخش 1603 عنوان 28 قانون ایالت متحده آمریکا

در این فصل،
(a) یک «دولت خارجی»، به غیر از مورد استفاده شده در بخش 1608 از این عنوان، شامل زیرمجموعه سیاسی یک دولت خارجی یا یک سازمان یا دستگاه یک دولت خارجی طبق تعریف مندرج در زیربخش (b) می‌شود.
(b) یک «سازمان یا دستگاه یک دولت خارجی» به معنی هر گونه نهادی است که
    1. یک شخصیت یا شرکت حقوقی جداگانه یا موارد دیگر است،
    2. یک ارگان دولت خارجی یا زیرمجموعه سیاسی آن است یا نهادی است که اکثر سهام آن یا انواع دیگر مالکیت آن متعلق به یک دولت خارجی یا زیرمجموعه سیاسی آن است،
    3. نه شهروند یکی از ایالات آمریکا طبق تعریف مندرج در بخش (c) 1332 و (d) آن، نه تحت قوانین یک کشور ثالث ایجاد شده است.
(c) منظور از «ایالت متحده آمریکا» همه سرزمین و آبهای قاره‌ای یا جزیره‌ای است که مشمول حوزه قضایی ایالت متحده آمریکا هستند.
(d) منظور از «فعالیت تجاری»، یک عمل عادی تجاری یا یک معامله یا عمل تجاری خاص است. تجاری بودن یک فعالیت باید با استناد به ماهیت عمل یا معامله یا عمل خاص تعیین شود و نه با استناد به هدف آن معامله.
(e) منظور از یک «فعالیت تجاری انجام شده از سوی یک دولت خارجی در ایالت متحده آمریکا» هر گونه فعالیت تجاری است که از سوی چنین دولتی با تماس قابل ملاحظه با ایالت متحده آمریکا صورت می‌گیرد.

**1604. مصونیت یک دولت خارجی در برابر حوزه قضایی**

بخش 1604 عنوان 28 قانون ایالت متحده آمریکا

طبق توافق‌های بین‌المللی موجود که ایالت متحده آمریکا در زمان تصویب این قانون عضوی از آن است، یک دولت خارجی به غیر از موارد مندرج در بخش‌های 1605 تا 1607 از این فصل، در برابر حوزه قضایی دادگاه‌های ایالت متحده آمریکا و ایالات مصون خواهد بود.

**1605. استثنائات کلی مصونیت قضایی یک دولت خارجی**

بخش 1605 عنوان 28 قانون ایالت متحده آمریکا

a) یک دولت خارجی در موارد زیر در برابر صلاحیت قضایی دادگاه‌های ایالت متحده آمریکا یا ایالات مصون نخواهد بود:

<div dir="rtl">

قانون عمومی 94-583 – 21 اکتبر 1976

STAT 90 (مجموعه قوانین کنگره)
2893

1) در صورتی که دولت خارجی، مصونیت را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد.

2) در صورتی که اقدام صورت گرفته بر اساس یک فعالیت تجاری باشد که توسط دولت خارجی در ایالت متحده آمریکا انجام گرفته است؛ یا بر اساس عملی باشد که در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر در ایالت متحده آمریکا انجام گرفته است؛ یا بر اساس عملی خارج از قلمرو ایالت متحده آمریکا باشد که در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر صورت گرفته است و آن عمل تاثیری مستقیم در ایالت متحده آمریکا داشته باشد؛

3) در صورتی که موضوع مطروحه مربوط به حقوق دارایی هایی باشد که خلاف قوانین بین المللی به دست آمده است و آن دارایی یا هر مالی که در ازای این دارایی تبادل شده است در ایالت متحده آمریکا واقع شده باشد و مربوط به فعالیت تجاری دولت خارجی در ایالت متحده آمریکا باشد؛ یا آن دارایی هر مالی که در ازای این دارایی تبادل شده است متعلق به سازمان یا دستگاه دولت خارجی باشد یا از سوی آن اداره شود و آن سازمان یا دستگاه مشغول فعالیت تجاری در ایالت متحده آمریکا باشد؛

4) در صورتی که موضوع مطروحه مربوط به حقوق دارایی هایی در ایالت متحده آمریکا باشد که از طریق ارث یا به عنوان هدیه به دست آمده یا مربوط به حقوق اموال غیرمنقولی باشد که در ایالت متحده آمریکا واقع شده اند؛ یا

5) در صورتی که موضوع مطروحه هیچ یک از موارد مندرج در بند 2 فوق نباشد و در آن شاکی به دنبال دریافت غرامت مالی از یک دولت خارجی به دلیل صدمه شخصی، مرگ، خسارت یا از دست دادن مال در ایالت متحده آمریکا باشد و مسبب آن، یک عمل مجرمانه یا غفلت از سوی آن دولت خارجی یا هر یک از مسئولین یا کارکنان آن دولت خارجی حین عمل در حوزه تصدی یا کاری خود باشد؛ موارد ذیل از این بند مستثنی هستند:

A.   هر گونه ادعا بر اساس عمل یا اقدام یا عدم عمل یا اقدام یک وظیفه اختیاری صرف نظر از این که از وظیفه سوءاستفاده شده است یا خیر،

B.   هر گونه ادعای ناشی از پیگرد بدخواهانه، سوءاستفاده از پروسه، افترا، تهمت، اطلاعات غلط، فریب کاری یا دخالت در حقوق قراردادی.

b) یک دولت خارجی در صورتی که در حوزه دریانوردی اقامه دعوایی صورت گرفته باشد تا حق به وثیقه گذاشتن کشتی یا محموله یک دولت خارجی اجرا شود و این حق ناشی از فعالیت تجاری دولت خارجی باشد، در برابر صلاحیت قضایی دادگاه های ایالت متحده آمریکا مصون نخواهد بود به شرطی که:

اقامه دعوی در حوزه دریانوردی

1) از طریق تحویل یک نسخه از احضاریه و شکایت نامه به خود شخص یا نماینده شخصی که صاحب کشتی و محموله ای است که به وثیقه گذاشته خواهد شد، اطلاعیه مربوط به اقامه دعوا ابلاغ شود؛ اما در صورتی که کشتی یا محموله در پی دریافت ابلاغیه از طرف شاکی توقیف شود، این اطلاعیه ابلاغ شده تلقی نخواهد شد و پس از آن نیز تحویل داده نخواهد شد، مگر آن که شاکی از وجود کشتی یا محموله دولت خارجی بی خبر باشد که در این صورت اطلاعیه توقیف، ابلاغ شده تلقی خواهد شد؛

اطلاعیه

2) اطلاعیه به کشور خارجی در ارتباط با آغاز دعوا طبق مندرجات بخش 1608 این عنوان ظرف ده روز پس از تحویل اطلاعیه طبق مندرجات زیربخش (1) (b) از این بخش یا در صورتی که طرف دعوا از وجود کشتی یا محموله دولت خارجی بی خبر باشد، ظرف ده روز پس از تاریخ تعیین وجود چنین اموالی از دولت خارجی توسط این طرف دعوا آغاز خواهد شد.

</div>

قانون عمومی 94-583 – 21 اکتبر 1976

STAT 90 (مجموعه قوانین کنگره)
2894

هر گاه اطلاعیه طبق زیربخش (1) (b) از این بخش تحویل داده شود، حق به وثیقه گذاشتن محموله دریافتی پس از آن یک دعوای شخصی علیه دولت خارجی تلقی خواهد شد که در آن زمان صاحب کشتی یا محموله مورد نظر است به شرطی که طی صدور حکم از سوی یک دادگاه علیه دولت خارجی، میزان محکوم‌به از ارزش کشتی یا محموله‌ای که حق به وثیقه گذاشتن از آن نشئت گرفته است، فراتر نرود. ارزش اموال فوق طبق زیربخش (b)
(1) از این بخش در زمان ابلاغ اطلاعیه تعیین خواهد شد.

بخش 1606 عنوان 28 قانون ایالت متحده آمریکا

**1606. حدود مسئولیت**

در مورد هر گونه ادعای خسارت که در آن یک دولت خارجی طبق بخش 1605 یا 1607 از این فصل مصونیت ندارد، دولت خارجی به همان شکل و همان حدی مسئول خواهد بود که یک شخص در شرایط یکسان مسئول است؛ اما یک دولت خارجی به غیر از سازمان یا دستگاه آن دولت، بابت خسارات تنبیهی مسئول محکوم نخواهد شد؛ البته، اگر در هر موردی که منجر به فوت شده است، طبق قانون محل وقوع عمل یا غفلت، یا طبق تفسیر آن قانون، دریافت خسارات تنها برای مواردی با ماهیت تنبیهی امکان‌پذیر باشند، دولت خارجی مسئول خسارات حقیقی یا غرامتی خواهد بود که بر اساس صدمات مالی ناشی از فوتی تعیین می‌شود که افرادی که اقامه دعوی که به نفع آنها صورت گرفته متحمل شده‌اند.

بخش 1607 عنوان 28 قانون ایالت متحده آمریکا

**1607. دعوای متقابل**

در هر دعوای اقامه شده از سوی یک دولت خارجی یا دعوایی که یک دولت خارجی در آن دخالت می‌کند، در دادگاه ایالت متحده آمریکا یا دادگاه یک ایالت، آن کشور خارجی در ارتباط با دعواهای متقابل در موارد زیر مصون نخواهد بود:

a) در صورتی که اگر چنین دعوایی به صورت جداگانه علیه یک دولت خارجی اقامه شود، دولت خارجی طبق بخش 1605 از این فصل مصون نباشد؛ یا

b) در صورتی که دعوای متقابل ناشی از معامله یا اتفاقی باشد که موضوع مطروحه در دعوای دولت خارجی است؛ یا

c) در صورتی که دعوای متقابل در صدد دریافت غرامتی فراتر از میزان یا با ماهیتی متفاوت از غرامت ادعا شده از سوی دولت خارجی نباشد.

بخش 1608 عنوان 28 قانون ایالت متحده آمریکا

**1608. ابلاغ؛ زمان پاسخ؛ غیبت**

a) در دادگاه‌های ایالت متحده آمریکا و ایالات، ابلاغ به یک دولت خارجی یا زیرمجموعه سیاسی یک دولت خارجی از طریق زیر صورت می‌گیرد:

1) از طریق تحویل یک نسخه از احضاریه و شکایت‌نامه طبق هر گونه برنامه‌ریزی خاص انجام شده بین شاکی و دولت خارجی یا زیرمجموعه سیاسی آن بابت ابلاغ؛ یا

2) اگر هیچ برنامه‌ریزی خاصی وجود ندارد، از طریق تحویل یک نسخه از احضاریه و شکایت‌نامه طبق یک توافق بین‌المللی قابل اجرا درباره ابلاغ اسناد قضایی؛ یا

3) در صورتی که ابلاغ طبق بند 1 و 2 امکان‌پذیر نیست، از طریق ارسال یک نسخه از احضاریه و شکایت‌نامه و اطلاعیه مربوط به اقامه دعوی همراه با ترجمه هر یک از آنها به زبان دولت خارجی به هر طریقی از ارسال پستی که مستلزم یک رسید امضاشده است و باید توسط منشی دادگاه به وزیر امور خارجه کشور مربوطه نوشته و ارسال شود.