# EXHIBIT B - PART TWO

قانون عمومی 583-94 – 21 اکتبر 1976

STAT 90 (مجموعه قوانین کنگره)
2895

4) در صورتی که طبق بند 2 امکان ابلاغ ظرف 30 روز ممکن نیست، از طریق ارسال دو نسخه از احضاریه و شکایتنامه و اطلاعیه اقامه دعوا همراه با ترجمه هر یک از آنها به زبان رسمی دولت خارجی به هر طریقی از ارسال پستی که مستلزم یک رسید امضاشده است و باید توسط منشی دادگاه به وزیر امور خارجه ایالت متحده آمریکا در واشنگتن، منطقه کلمبیا خطاب به مدیر ابلاغیههای خاص کنسولی نوشته و ارسال شود، و وزیر امور خارجه باید یک نسخه از این اسناد را از طریق راههای دیپلماتیک به دولت خارجی انتقال دهد و یک نسخه مصدق از یادداشت دیپلماتیکی که زمان انتقال اسناد در آن ذکر شده، به منشی دادگاه ارسال کند.

طبق آن چه در این زیربخش به کار برده شد، «اطلاعیه اقامه دعوی» به معنی اطلاعیهای خطاب به یک دولت خارجی و به شکل مندرج در مقرراتی است که از سوی وزیر امور خارجه وضع میگردد.

اطلاعیه اقامه دعوی

b) در دادگاههای ایالت متحده آمریکا و ایالات، ابلاغ به یک سازمان یا دستگاه یک دولت خارجی از طریق زیر صورت میگیرد:

1) از طریق تحویل یک نسخه از احضاریه و شکایتنامه طبق هر گونه برنامهریزی خاص انجام شده بین شاکی و آن سازمان یا دستگاه بابت ابلاغ؛ یا

2) اگر هیچ برنامهریزی خاصی وجود ندارد، از طریق تحویل یک نسخه از احضاریه و شکایتنامه به یک مأمور یا مدیر عامل یا به هر مأمور دیگری که از طرف قانون برای دریافت ابلاغ در ایالت متحده آمریکا منصوب و مجاز است؛ یا طبق یک توافق بینالمللی قابل اجرا درباره ابلاغ اسناد قضایی؛ یا

3) در صورتی که ابلاغ طبق بند 1 و 2 امکانپذیر نیست، و اگر ارسال اطلاعیه حقیقی به طور معقول در نظر گرفته شده است، از طریق ارسال یک نسخه از احضاریه و شکایتنامه و اطلاعیه مربوط به اقامه دعوی همراه با ترجمه هر یک از آنها به زبان دولت خارجی:

A طبق دستور یک مقام دولت خارجی یا زیرمجموعه سیاسی درباره یک نامه رسمی درخواست؛ یا

B به هر طریقی از ارسال پستی که مستلزم یک رسید امضاشده است و باید توسط منشی دادگاه خطاب به سازمان یا دستگاه مربوطه نوشته و ارسال شود، یا

C طبق دستور دادگاه مطابق با قانون محلی که ابلاغ باید در آن صورت گیرد.

c) ابلاغیه در موارد زیر ابلاغ شده تلقی میشود:

1) در مورد ابلاغ طبق زیربخش (4) (a) از تاریخ انتقال مندرج در رونوشت مصدق یادداشت دیپلماتیک؛

2) در موارد دیگر طبق این زیربخش، از تاریخ دریافت مندرج در گواهی، رسید پستی امضا شده و برگشتی، یا هر نوع مدرک ابلاغ که برای روش ابلاغ انجام شده صدق میکند.

d) در هر دعاوی که در یکی از دادگاههای ایالت متحده آمریکا یا یک ایالت اقامه میشود، یک دولت خارجی، زیرمجموعه سیاسی آن یا سازمان یا دستگاه یک دولت خارجی باید ظرف شصت روز پس از تحویل ابلاغ طبق این زیربخش یک جوابیه یا هر نوع دفاعیه دیگری به شکایت ارائه دهد.

e) دادگاههای ایالت متحده آمریکا یا یک ایالات نباید علیه یک دولت خارجی، زیرمجموعه سیاسی آن، یا یک سازمان یا دستگاه دولت خارجی حکم غیابی صادر کند مگر آن که شاکی، شکایت یا حق درخواست غرامت خود را با شواهد و مدارک قابل قبول برای دادگاه به اثبات برساند. یک نسخه از چنین حکم غیابیای باید به نحوه قید شده در این بخش به دولت خارجی یا زیرمجموعه سیاسی ارسال شود.

بخش 1609 عنوان 28 قانون ایالت متحده آمریکا

**1609. مصونیت در برابر توقیف و به اجرا گذاشتن دارایی یک دولت خارجی**

<div dir="rtl">

STAT 90 (مجموعه قوانین کنگره)
2897

قانون عمومی 583-94 – 21 اکتبر 1976

d) دارایی یک دولت خارجی طبق تعریف مندرج در بخش (a)1603 از این فصل که برای یک فعالیت خارجی در ایالت متحده آمریکا استفاده می‌شود، پیش از صدور حکم در هر دعوای اقامه شده در دادگاه ایالت متحده آمریکا یا دادگاه ایالت یا پیش از گذشتن مدت زمان ذکر شده در زیربخش (c) از این بخش، در موارد زیر در برابر توقیف مصون نخواهد بود:

1) در صورتی که دولت خارجی، مصونیت در برابر توقیف دارایی پیش از صدور حکم را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد، و

2) در صورتی که هدف توقیف، اجرای حکمی باشد که قبلاً علیه یک دولت خارجی صادر شده یا احتمالاً در آینده صادر می‌شود و نه به دست آوردن صلاحیت قضایی.

**1611. انواع خاص مصونیت دارایی در برابر اجرا**

بخش 1611 عنوان 28 قانون ایالت متحده آمریکا

a) علی رغم مفاد بخش 1610 از این فصل، دارایی سازمان‌هایی که از سوی رئیس جمهور مستحق بهره‌مندی از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده در قانون مصونیت‌های سازمان‌های بین‌المللی شناخته می‌شوند، مشمول توقیف یا هر گونه پرونده قضایی دیگری نخواهد بود که در نتیجه دعوای اقامه شده در دادگاه‌های ایالت متحده آمریکا یا ایالت‌ها مانع پرداخت وجه به یک دولت خارجی یا به سفارش یک دولت خارجی شود.

تبصره 288 عنوان 26 قانون ایالت متحده آمریکا

b) علی رغم مفاد بخش 1610 از این فصل، دارایی یک دولت خارجی در موارد زیر در برابر توقیف یا اجرا مصون خواهد بود:

1) در صورتی که دارایی متعلق به بانک مرکزی یا اداره پولی یک کشور خارجی باشد که به برای حساب خود نگه داشته است، مگر این که چنین بانک یا اداره‌ای یا دولت خارجی مادر مصونیت در برابر توقیف ناشی از اجرا یا به اجرا گذاشته شدن دارایی را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد؛ یا

2) در صورتی که دارایی در حال حاضر در ارتباط با یک فعالیت نظامی مورد استفاده قرار گیرد یا قصد چنین استفاده‌ای وجود داشته باشد و

A) دارایی ماهیتاً نظامی داشته باشد یا

B) تخت کنترل یک مقام نظامی یا سازمان دفاعی باشد.

b) تحلیل "بخش 4 – حوزه قضایی و محل دادرسی" از عنوان 28 قانون ایالت متحده آمریکا بدین صورت اصلاح می‌شود که پس از عبارت "95. دادگاه گمرک" عبارت جدید زیر افزوده می‌شود:
"97. مصونیت‌های قضایی دولت‌های خارجی"

محل دادرسی

بخش 5. بخش 1391 از عنوان 28 قانون ایالت متحده آمریکا با افزودن زیربخش زیر در پایان آن اصلاح می‌شود:
f) یک دعوای مدنی را می‌توان علیه یک دولت خارجی طبق تعریف مندرج در بخش 1603 از این عنوان در هر یک از محل‌های زیر اقامه کرد:
1) در هر منطقه قضایی که بخش قابل توجهی از رویدادها یا غفلت منجر به دعوا در آن رخ داده است یا این که بخش قابل توجهی از دارایی مطروحه در دعوا در آن واقع شده است؛
2) در صورت اقامه دعوا بر اساس بخش (b) 1605 از این عنوان، در هر منطقه قضایی که کشتی یا محموله یک دولت خارجی در آن واقع شده است؛

</div>

قانون عمومی 583-94 – 21 اکتبر 1976

STAT 90 (مجموعه قوانین کنگره)
2898

3) در صورتی که دعوا علیه یک سازمان یا دستگاه کشور خارجی طبق تعریف مندرج در بخش (b) 1603 از این عنوان اقامه شده باشد، در هر منطقه قضایی که سازمان یا دستگاه در آن مجاز به انجام کسب و کار است یا در آن مشغول کسب و کار است؛

4) در دادگاه منطقه‌ای ایالت متحده آمریکا برای منطقه کلمبیا در صورتی که دعوا علیه یک دولت خارجی یا زیرمجموعه سیاسی آن اقامه شده باشد.

بخش 6. بخش 1441 از عنوان 28 قانون ایالت متحده آمریکا با افزودن زیربخش جدید زیر به پایان آن اصلاح می‌شود:

اقدامات قابل انتقال

d) هر اقدام مدنی اقامه شده در یک دادگاه ایالتی علیه یک دولت خارجی طبق تعریف مندرج در بخش (a) 1603 از این عنوان توسط دولت خارجی قابل انتقال به دادگاه منطقه‌ای ایالت متحده آمریکا در بخش و حوزه‌ای است که محلی را که این دعوا در آن در صف رسیدگی است پذیرفته است. به محض انتقال، دعوای بدون هیئت منصفه توسط دادگاه رسیدگی خواهد شد. هر گاه انتقال بر اساس این زیربخش صورت گیرد، محدودیت‌های زمانی بخش (b) 1446 در این فصل در هر زمان بابت علت اعلام شده قابل افزایش است.

بخش 1446 عنوان 28 قانون ایالت متحده آمریکا

بخش 7. در صورتی که مفاد این قانون یا اجرای آن در خصوص یک دولت خارجی نامعتبر شناخته شود، در سایر مفاد و اجرائیات این قانون که جدا از مفاد یا اجرائیات نامعتبر قابل اجرا است تاثیری ندارد، و بدین منظور، مفاد این قانون تفکیک‌پذیر هستند.

بخش 1602 عنوان 28 قانون ایالت متحده آمریکا

بخش 8. این قانون ظرف نود روز پس از تاریخ تصویب به اجرا خواهد آمد. مصوب 21 اکتبر 1976.

تبصره 1602 عنوان 28 قانون ایالت متحده آمریکا. تاریخ اجرا

---

<u>تاریخچه قانون گذاری:</u>

گزارش مجلس نمایندگان به شماره 1487-94 (تفسیر قضایی)
گزارش سنا به شماره 1310-94 به همراه S.3553 (تفسیر قضایی)
سند کنگره، جلد 122 (1976):
29 سپتامبر، توسط مجلس نمایندگان بررسی و تصویب شد.
1 اکتبر، توسط سنا بررسی و تصویب شد.

تدوین هفتگی اسناد ریاست جمهوری، جلد 12، شماره 43
22 اکتبر، بیانیه ریاست جمهوری

28 USC 1608 Summons IH 6
4/17

## UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Parker, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civil Action No. 18-11416 |
| | ) |
| Islamic Republic of Iran | ) |
| | ) |
| Defendant. | ) |

### SUMMONS IN A CIVIL ACTION

To:    (Defendant's name and address)

Islamic Republic of Iran
c/o The Ministry of Foreign Affairs for the
Islamic Republic of Iran, Iman
Khomeini Avenue, Tehran, Iran

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Baumeister & Samuels, P.C.
140 Broadway, 46th Floor
New York, New York 10005

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

### CLERK OF COURT

Date:    12/10/2018                                        /s/ D. Howie

                                                    Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for (*name of individual and title, if any*) _____

was received by me on (*date*) _____.

- I personally served the summons on the individual at (place) _____

_____ on (*date*) _____ ; or

- I left the summons at the individual's residence or usual place of abode with (*name*) _____

_____, a person of suitable age and discretion who resides there, on (*date*)

_____, and mailed a copy to the individual's last known address; or

- I served the summons on (*name of individual*) _____ , who is

designated by law to accept service of process on behalf of (*name of organization*) _____

_____ on (*date*) _____ ; or

- I returned the summons unexecuted because _____ ; or

- Other (*specify*):

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

پرونده GBD-11416-cv-18:1 سند شماره7 ثبت شده در تاریخ 12/10/18 صفحه 1 از2

بخش 1608 از قانون USC 28 احضاریه‌ها IH 6

4/17

دادگاه منطقه‌ای ایالات متحده

برای منطقه جنوبی نیویورک

Parker و دیگران          (

شاکیان،  )

علیه          (          اقدام مدنی شماره 11416-18

(

جمهوری اسلامی ایران   )

(

یعنی متهم.          (

**احضاریه در قالب یک اقدام مدنی**

علیه: (نام و آدرس متهم)

جمهوری اسلامی ایران

با سمت وزارت امور خارجه

جمهوری اسلامی ایران، خیابان امام

خمینی، تهران، ایران

علیه شما دعوی ثبت شده است.

ظرف مدت 60 روز پس از تقدیم این احضاریه (به غیر از روزی که آن را دریافت کردید)، باید به شکایت شاکی پاسخ بدهید یا دادخواستی طبق قانون مندرج در ماده 12 دادرسی فدرال مدنی ارائه نمایید. پاسخ یا دادخواست باید به شاکی یا وکیل شاکی ارائه شود که نام و آدرس آن عبارت است از:

Baumeister & Samuels, P.C.

140 Broadway, 46th Floor

نیویورک، نیویورک 10005

اگر پاسخ ندهید، ممکن است حکم غیابی علیه شما برای جبران خسارت مورد شکایت صادر شود. همچنین می‌بایست پاسخ یا دادخواست خود را در دادگاه ثبت کنید.

**کرسی دادگاه**

تاریخ: 12/10/2018

امضاء کارمند یا معاون اداری / D. Howie / s

پرونده GBD-11416-cv-1:18 سند شماره7  ثبت شده در تاریخ  12/10/18  صفحه 2 از2

بخش 1608 از قانون USC 28 (12/11) (صفحه 2)

دادخواست مدنی شماره

## گواهی ارائه خدمات

**(این بخش نباید در دادگاه ثبت شود، مگر اینکه توسط فدرال رزرو درخواست شده باشد. (Civ. P.4(I)**

این احضاریه برای ( نام فرد و عنوان، در صورت وجود) _____

توسط من در تاریخ (تاریخ) _____ دریافت شد.

- من شخصا احضاریه را  به فردی در (مکان) _____

_____ در (تاریخ) _____ تحویل دادم؛ یا

- من احضاریه را در محل اقامت فرد یا محل اقامت معمول او به  (نام)

_____ ، فردی ساکن آنجا که سن مناسب و اختیاری دارد در

(تاریخ) _____ تحویل دادم و یک کپی به آخرین آدرس شناخته شده

فرد ارسال کردم؛ یا

- من احضاریه را به (نام فرد) _____ ، که توسط قانون

برای پذیرش فرآیند به نمایندگی از (نام سازمان) _____

تعیین شده در (تاریخ) _____

_____ تحویل دادم ؛ و یا

- من احضاریه را بدون تحویل دادن برگرداندم چون _____ ؛ یا

- مورد دیگر (مشخص کنید):

هزینه های من _____$ برای سفر و  _____$ برای خدمات، در مجموع

_____ $ است. من با قبول مجازات شهادت دروغ گواهی میکنم که این اطلاعات درست است.

تاریخ: _____

امضای تحویل دهنده _____

نام و عنوان چاپی _____

آدرس تحویل دهنده _____

اطلاعات اضافی در مورد خدمات تلاش و غیره:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

          03-MDL-1570 (GBD)(SN)

------------------------------------------------------------------X

JOAN PARKER, Individually, as Administratrix
of the Estate of PHILIP LACEY PARKER, Deceased,

          18-CV-11416

JOAN PARKER, as Surviving Spouse of PHILIP
LACEY PARKER, Deceased

STEPHANIE PARKER, as Surviving Child of
PHILIP LACEY PARKER, Deceased

          **IRAN SHORT FORM
          COMPLAINT AND DEMAND
          FOR TRIAL BY JURY**

LESLIE PARKER BENNISON, Individually, as the
Personal Representative of the Estate of GEORGE
LEYSTER PARKER, Deceased, as Surviving Parent
of PHILIP LACEY PARKER, Deceased,

LESLIE PARKER BENNISON, as Surviving Sibling
of PHILIP LACEY PARKER, Deceased,

CAROL A. SUAREZ, and MANUEL T. SUAREZ
Individually, and as Co-Administrators of the Estate
of DAVID SCOTT SUAREZ, Deceased,

CAROL A. SUAREZ, as Surviving Parent of
DAVID SCOTT SUAREZ, Deceased,

MANUEL T. SUAREZ, as Surviving Parent of
DAVID SCOTT SUAREZ, Deceased,

BRYAN A. SUAREZ, as Surviving Sibling of
DAVID SCOTT SUAREZ, Deceased,

KRISTEN M. CARPENTER, as Surviving
Sibling of DAVID SCOTT SUAREZ,

                    Plaintiffs,

      -against-

ISLAMIC REPUBLIC OF IRAN,

                                        Defendant.

------------------------------------------------------------------X

     Plaintiffs named herein by and through the undersigned counsel file this Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of July 10, 2018, ECF No. 4045.  Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

     Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

     Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

2

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.     Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

■    Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☐    Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.     In addition, each Plaintiff hereby asserts the following additional causes of action:

■    Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 et seq. (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiffs allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001

3

Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 et seq.

☐   Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 et seq. (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiffs allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 et seq.

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein referred to as "Plaintiffs."

a.     The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

b.     Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c.     As indicated at Appendix 1, Plaintiff (I) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist

4

Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d.   For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e.   For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.   The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6.   The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.   By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

5

8.    By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.    Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: December 6, 2018

Respectfully submitted,

_/s/ Dorothea M. Capone_
Dorothea M. Capone (DC8582)
BAUMEISTER & SAMUELS, P.C.
140 Broadway, 46th Floor
New York, NY 10005
Phone: (212) 363-1200
Email: tcapone@baumeisterlaw.com
**COUNSEL FOR PLAINTIFFS**

6

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent | 9/11 Decedent's Citizenship/ Nationality on 9/11/2001 | Nature of Claim (wrongful death, solatium, personal injury) |
|---|---|---|---|---|---|---|
| Parker, Joan | Pennsylvania | U.S. Citizen | Philip Lacey Parker | Spouse | U.S. Citizen | Wrongful death and solatium. |
| Parker, Stephanie | London, United Kingdom | U.S. Citizen | Philip Lacey Parker | Child | U.S. Citizen | Wrongful death and solatium. |
| Parker, George Leyster | New Jersey | U.S. Citizen | Philip Lacey Parker | Parent | U.S. Citizen | Wrongful death and solatium. |
| Bennison, Leslie Parker | Georgia | U.S. Citizen | Philip Lacey Parker | Sibling | U.S. Citizen | Wrongful death and solatium. |
| Suarez, Carol A. | New Jersey | U.S. Citizen | David Scott Suarez | Parent | U.S. Citizen | Wrongful death and solatium. |
| Suarez, Manuel T. | New Jersey | U.S. Citizen | David Scott Suarez | Parent | U.S. Citizen | Wrongful death and solatium. |
| Suarez, Bryan A. | Virginia | U.S. Citizen | David Scott Suarez | Sibling | U.S. Citizen | Wrongful death and solatium. |
| Carpenter, Kristen M. | New Jersey | U.S. Citizen | David Scott Suarez | Sibling | U.S. Citizen | Wrongful death and solatium. |

پرونده 1:18-cv-11416-UA سند شماره 5 ثبت شده در تاریخ 12/07/18 صفحه 1 از 7

دادگاه ناحیه ایالات متحده آمریکا

ناحیه جنوب نیویورک

x......................................................

در خصوص:                                                 03-MDL-1570 (GBD)(SN)

حملات تروریستی مورخ

11 سپتامبر 2001

x......................................................

JOAN PARKER، شخصاً، به عنوان ورثه          18-CV-11416

بازماندگان PHILIP LACEY PARKER متوفی،

JOAN PARKER به عنوان همسر بازمانده

PHILIP LACEY PARKER متوفی،

STEPHANIE PARKER به عنوان فرزند بازمانده          **شکایت و درخواست مختصر**

PHILIP LACEY PARKER متوفی،          **ایران برای تشکیل دادگاه از سوی دادگاه**

LESLIE PARKER BENNISON شخصا به عنوان

نماینده فردی بازماندگان GEORGE

LEYSTER PARKER متوفی، به عنوان والد بازمانده

PHILIP LACEY PARKER متوفی،

LESLIE PARKER BENNISON به عنوان خواهر

یا برادر بازمانده PHILIP LACEY PARKER متوفی،

CAROL A. SUAREZ و MANUEL T. SUAREZ

شخصاً، و به عنوان مدیران شرکت بازماندگان

DAVID SCOTT SUAREZ متوفی،

CAROL A. SUAREZ به عنوان والد بازمانده

DAVID SCOTT SUAREZ متوفی،

MANUEL T. SUAREZ به عنوان والد بازمانده

DAVID SCOTT SUAREZ متوفی،

BRYAN A. SUAREZ به عنوان خواهر

یا برادر بازمانده DAVID SCOTT SUAREZ متوفی،

KRISTEN M. CARPENTER به عنوان خواهر

یا برادر بازمانده DAVID SCOTT SUAREZ،

شاکیان -علیه-

جمهوری اسلامی ایران،

متهم.

x.....................................

شاکیان نام برده در اینجا و از طریق مشاور امضا کننده این فرم شکایت مختصر را علیه متهم، جمهوری اسلامی ایران ("ایران") به موجب حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001")، طبق مجوز و تأییدیه حکم دادگاه مورخ 10 جولای 2018 به شماره 4045 ثبت کرده اند. هر شاکی از طریق ارجاع تمامی درخواست های ارائه شده در پرونده های زیر را در مجموع خواستار است:

(a) بیمه فدرال و شکایت جمعی اصلاح شده شاکیان Ashton علیه متهم، یعنی جمهوری اسلامی ایران، پرونده شماره 3237 یا (b) شکایت اصلاح شده، یعنی Burnett v. Islamic Republic of Iran به شماره -15-CV 9903 (GBD)(SN) .S.D.N.Y مورخ 8 فوریه 2016) به شماره پرونده 53.

به محض ثبت این شکایت مختصر علیه ایران، تک تک شاکیان می‌بایست تمام درخواست‌های قضایی و واقعی شکایتی را که به شرح زیر به آن پیوسته اند؛ تمام دلایل اقدام موجود در آن شکایت؛ تمام پرونده‌های پیشین ثبت شده در رابطه با آن شکایت؛ و تمام حکم‌ها و قواعد دادگاه در رابطه با همان شکایت را اتخاذ کرده باشند.

همچنین هر شاکی به درخواست‌های واقعی و یافته‌های موجود در دادخواست‌ها و احکام ثبت شده در Havlish v. Bin Laden به شماره (S.D.N.Y.) (GBD)(SN) 1:03-CV-9848 پرونده‌های شماره 263، 294، 295؛ In re Terrorist Attacks on September 11, 2001 ،03-MDL-1570 (GBD)(SN) (.S.D.N.Y) پرونده های شماره 2430، 2431، 2432، 2433، 2473، 2515، 2516 و شواهد ارائه شده در پیگیری‌ها در محضر جناب قاضی Honorable George B. Daniels ارائه شده به تاریخ 15 دسامبر 2011 (شماره پرونده 2540).

2

## محل تشکیل دادگاه

1. محل تشکیل دادگاه به موجب 28 U.S.C. §§ 1391(b)(2) و 1391(f)(1) شایسته است چون بخش اعظم رخدادهای عامل ادعاهای مطروحه در این بخش رخ داده است. محل تشکیل دادگاه به موجب § 18 U.S.C. 2334(a) نیز صحیح است.

## قلمرو قضایی

2. قلمرو قضایی علیه جمهوری اسلامی ایران در سرزمین‌های مطرح شده در شکایات مشخص شده ذیل قرار دارد که از آن جمله است بخش (a)1605 از قانون 28 U.S.C. (استثنای شبه جرم از قانون مصونیت حاکمیت‌های خارجی) بخش 1605A از قانون 28 U.S.C. (استثنای تروریسم از قانون مصونیت حاکمیت‌های خارجی) و بخش 1605B از قانون 28 U.S.C. (قانون برقراری عدالت علیه حامیان تروریسم).

## علت دعوا

3. هر یک از شاکیان، به واسطه ارجاع، تمامی درخواست‌های حقیقی، قضایی و دستور دادگاه‌های برگزار شده را اتخاذ و تجمیع می‌کنند از جمله تمامی علل دعوا علیه جمهوری اسلامی ایران چنانکه در شکایت زیر مطرح شده است [فقط یک شکایت را چک کنید]:

■ بیمه فدرال و شکایت اصلاح و یکپارچه شده شاکیان Ashton علیه متهم، یعنی جمهوری اسلامی ایران، پرونده شماره 3237

☐ شکایت اصلاح شده، Burnett v. Islamic Republic of Iran به شماره 15-CV-9903 (GBD)(SN) (S.D.N.Y.) مورخ 8 فوریه 2016)، پرونده شماره 53

4. به علاوه، هر شاکی را نیز برای دعوا مطرح می‌کند:

■ شکایت مختصر ایران نخستین علت دعوا برای دریافت غرامت ناشی از قتل Pursuant به موجب بخش 1605B قانون 28 U.S.C. (عدالت علیه حامیان قانون تروریسم یا JASTA) و بخش 2333 از قانون 18 U.S.C. و بعد. (قانون ضد تروریسم یا ATA)

به عنوان یک مبنای واقعی برای این علت دعوا، شاکیان ادعا می‌کنند که اتهاماتی فوق الذکر در شکایت، و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شده است، ثابت می‌کنند که همانطور که در اینجا گفتیم صدمات وارده به آنها ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش متهم در حملات تروریستی 11 سپتامبر 2001

جزء اقدامات تروریسم بین المللی بوده است که به موجب بخش 2331 قانون 18 U.S.C. نقض کرده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریستی بین المللی است که توسط سازمانی مرتکب، برنامه ریزی یا مجاز دانسته شده که طبق بخش 1189 قانون 8 U.S.C. یک سازمان تروریسم بین المللی تعیین شده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 قوانین ایالتی و فدرال را به موجب بخش 2331 قانون 18 U.S.C. نقض کرده است؛ و اینکه متهم از روی دانش به کمک و همدستی و معاونت با دیگران و/یا توطئه با افرادی پرداخته است که در جهت نقض بخش 2333 و سایر بخش‌های قانون 18 U.S.C. فعالیت می‌کرده اند.

☐ شکایت مختصر ایران نخستین علت دعوا برای دریافت غرامت ناشی از قتل Pursuant به موجب بخش 1605B قانون 28 U.S.C. (عدالت علیه حامیان قانون تروریسم یا JASTA) و بخش 2333 از قانون 18 U.S.C. و بعد. (قانون ضد تروریسم یا ATA)

به عنوان یک مبنای واقعی برای این علت دعوا، شاکیان ادعا می‌کنند که اتهاماتی فوق الذکر در شکایت، و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شده است، ثابت می‌کنند که همانطور که در اینجا گفتیم صدمات وارده به آنها ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقض متهم در حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریسم بین المللی بوده است که قوانین ایالتی و فدرال را به موجب بخش 2331 قانون 18 U.S.C. نقض کرده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریسم بین المللی است که توسط سازمانی مرتکب، برنامه ریزی یا مجاز دانسته شده که طبق بخش 1189 قانون 8 U.S.C. یک سازمان تروریسم بین المللی تعیین شده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 قوانین ایالتی و فدرال را به موجب بخش 2331 قانون 18 U.S.C. نقض کرده است؛ و اینکه متهم از روی دانش به کمک و همدستی و معاونت با دیگران و/یا توطئه با افرادی پرداخته است که در جهت نقض بخش 2333 و سایر بخش‌های قانون 18 U.S.C. فعالیت می‌کرده اند.

### شناسایی شاکیان جدید

5. ادعاها و اطلاعات زیر به نفع هر شخصی تأیید می‌شود که این ادعا را ارائه کند، چنانکه در پیوست 1 به این شکایت مختصر از ایران آمده است، و در اینجا به آنها «شاکیان» گفته می شود.

a. شهروندی/ملیت هر یک از شاکیان در پیوست 1 این شکایت مختصر از ایران آورده شده است.

b. شاکی مستحق است که غرامت‌های لازم را به واسطه علت دعوا چنانکه پیشتر گفتیم و اکنون در شکایت مختصر از ایران آمده است و در همین شکایت مختصر از ایران خواهد آمد دریافت نماید.

c. چنانکه در پیوست 1 آمده است، شاکی (I) نماینده وراث کسی است که در نتیجه حملات تروریستی 11 سپتامبر 2001

4

به قتل رسیده است؛ شاکی (ii) بازمانده درجه یک کسی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 به قتل رسیده است؛ و/یا شاکی (iii) در نتیجه حملات تروریستی 11 سپتامبر 2001 آسیب جسمی دیده است.

d. برای شاکیان با ادعای خسارت شخصی، چنانکه در پیوست 1 آمده است، جناب پس از 11 سپتامبر 2001 فرمود شاکی در Pentagon و/یا مرکز تجارت جهانی و/یا اطراف آن و/یا lower Manhattan و/یا در منطقه‌ای بوده است که ایشان در نتیجه حملات تروریستی مسموم شده‌اند و از حملات مسموم شده و/یا سدمه دیگری دیده‌اند و/یا درخواست دیگری دارند، که مشخصاً در پیوست 1 آمده است.

e. در مورد شاکیان با صدمه فردی یا ادعای مرگ خطئی، چنانکه در پیوست 1 آمده است، به عنوان نتیجه مستقیم، نزدیک یا قابل پیشبینی از اقدام یا عدم اقدام متهم، شاکی یا بازماندگان ایشان به صدمات جسمی و/یا مرگ، و در نتیجه خسارت‌های مالی و سایر خسارات از جمله درد و رنج؛ ناراحتی عاطفی، آسیب‌های روانشناختی، و از دست دادن لذت زندگی، و/یا چنانکه در شکایت مختصر علیه ایران توضیح داده شد و/یا چنانکه ممکن است در مراحل آتی کشف شود و/یا چنانکه به گونه‌ای دیگر در پیوست 1 خواسته شده است مبتلا شده‌اند.

f. نام، نسبت با قربانی آسیب دیده و/یا متوفی در تاریخ 11 سپتامبر، تابعیت، شهروندی/ملیت، و ماهیت کلی ادعای هر شاکی یعنی بیان مرگ خطئی و/یا ادعای خسارت بابت صدمات روحی در ضمیمه پیوست 1 ارائه شده است، و همراه با سایر درخواست‌های مربوط به ادعاهای دیگر که پیشتر گفتیم در اینجا به عنوان درخواست به حساب می‌آید و به هر یک از شاکیان مرتبط می‌شود.

**شناسایی متهم**

6. تنها متهم نام برده شده در این شکایت مختصر علیه ایران جمهوری اسلامی ایران است.

**هیچ اسقاط ادعایی ممکن نیست**

7. با ثبت این شکایت مختصر علیه ایران، هیچ حقی از شاکیان برای ثبت پیگیری علیه سایر متهمان یا طرفین احتمالی سلب نمی‌شود.

پرونده UA-11416-cv-18:1 سند شماره 5 ثبت شده در تاریخ 12/07/18 صفحه 6 از 7

8. با ثبت این شکایت مختصر علیه ایران، شاکیان از هیچ کلاسی که ممکن است دادگاه در آینده تأیید نماید خارج نمی شوند.

**دستور دادگاه**

9. هر شاکی در اینجا درخواست دارد که ادعاهای مربوط به این اقدام در دادگاه بررسی شود. به همین دلیل، شاکیان دعا می‌کنند که قضاوت و دادرسی علیه متهم چنانکه در این شکایت مختصر مطرح شده است به طور مناسب انجام پذیرد.

به تاریخ: 6 دسامبر 2018

تقدیم با احترام،

/s/ Dorothea M. Capone
Dorothea M. Capone (DC8582)
BAUMEISTER & SAMUELS, P.C.
140 Broadway, 46th Floor
New York, NY 10005

تلفن: 1200-363 (212)

ایمیل: tcapone@baumeisterlaw.com

**مشاور حقوقی شاکیان**

پرونده UA-11416-cv-18:1 سند شماره 5 ثبت شده در تاریخ 12/07/18 صفحه 7 از 7

## ضمیمه 1

هر یک از خطوط زیر درخواستی است که تمام درخواست‌ها، زبان و ارجاعات موجود در شکایت مختصر علیه ایران که این ضمیمه 1 به آن پیوست شده است را یکپارچه می‌کند. به این ضمیمه می‌بایست به شکل زیر ارجاع داده شود: درخواست 1 از ضمیمه 1 شکایت مختصر علیه ایران، درخواست 2 از ضمیمه 1 شکایت مختصر علیه ایران و غیره.

| ماهیت ادعا (مرگ خطئی، خسارت روحی، آسیب فردی) | شهروندی/ملیت متوفی در 9/11/2001 | نسبت شاکی با متوفی | نام کامل متوفی | شهروندی/ملیت شاکی در حین 9/11/2001 | ایالت محل اقامت شاکی در حین ثبت (یا مرگ) | نام شاکی (به ترتیب الفبایی نام خانوادگی) |
|---|---|---|---|---|---|---|
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | همسر | Philip Lacey Parker | U.S. Citizen | Pennsylvania | Parker, Joan |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | فرزند | Philip Lacey Parker | U.S. Citizen | London, United Kingdom | Parker, Stephanie |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | پدر یا مادر | Philip Lacey Parker | U.S. Citizen | New Jersey | Parker, George Leyster |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | خواهر یا برادر | Philip Lacey Parker | U.S. Citizen | Georgia | Bennison, Leslie Parker |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | پدر یا مادر | David Scott Suarez | U.S. Citizen | New Jersey | Suarez, Carol A. |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | پدر یا مادر | David Scott Suarez | U.S. Citizen | New Jersey | Suarez, Manuel T. |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | خواهر یا برادر | David Scott Suarez | U.S. Citizen | Virginia | Suarez, Bryan A. |
| مرگ خطئی و خسارت روحی | شهروند ایالات متحده | خواهر یا برادر | David Scott Suarez | U.S. Citizen | New Jersey | Carpenter, Kristen M. |



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

**CERTIFICATION**

Date: February 14, 2019

We hereby certify and confirm that the attached documents are a true and accurate **Farsi translation** of the **English documents** presented to us, and have been translated to the best of our professional ability.

**Exhibit A to Notice of Suit**
**Parker et al vs Iran Complaint (Refiled 12-7-18)**
**Notice of Suit for Service under FSIA 01 31 09**
**Summons Issued by Clerk Parker Suarez 18-11416**

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public:

My commission expires on:

April 12, 2024