

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**John M. Eubanks**
*Licensed in MD and SC*
direct: 843.216.9218
jeubanks@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

September 6, 2019

**VIA CM/ECF**

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)

Dear Judge Daniels and Magistrate Judge Netburn:

      We write in response to the inquiry Your Honor raised in the memo endorsement at ECF No. 5044, directing the *Burnett* plaintiffs' counsel to "address[] the timeliness of Plaintiffs' claims [against Iran] under the applicable statute of limitations, particularly those added through Notice of Amendment in July and August of 2019." We thank Your Honor for affording us the opportunity to clarify plaintiffs' position on this issue for the Court. As an initial matter, it is Plaintiffs' collective position that any amendments filed in 2019 were not adding new claims but rather asserting those claims in the individual names of the plaintiffs rather than asserting solatium claims through an estate's personal representative. However, if the Court's concern centers on a statute-of-limitations question, the *Burnett* Plaintiffs submit that each of the claims was filed in a timely manner under the applicable statute of limitations and recent case law indicates that it would be improper for the district court to exercise discretion to raise the affirmative defense *sua sponte* for the Iran defendants.[1]

      As an initial point, the plaintiffs added to the pleadings through the amendments referenced by the Court could have been awarded judgments without them ever being named as plaintiffs

---

[1] We have conferred with counsel in the *Ashton* and *O'Neill* cases. While there is no disagreement on the arguments included here, the *Ashton* and *O'Neill* Plaintiffs will be submitting separate letters to the Court for its consideration.



The Honorable Sarah Netburn, U.S. Magistrate Judge
September 6, 2019
Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN)
Page 2

given precedent in this multi-district litigation in addition to cases arising within the D.C. Circuit. The *Burnett/Iran* Plaintiffs (along with other firms within the PECs) sought to name each of the solatium claimants as plaintiffs in the litigation rather than solely to seek judgments on their behalf through the personal representative of the 9/11 decedent's estate. While solatium claims recognized under the FSIA belong to the individual heirs of the deceased family members personally for the injury to the feelings and loss of the decedent's comfort and society,[2] courts have nonetheless permitted recovery by family members for solatium damages in instances where an estate representative has sought the damages on behalf of individual family members.[3] In fact, in *Surette*, the court's decision specifically addressed the legal basis for awarding damages to individuals not specifically named in the case based on applications by the estates' personal representatives. The court commented:

> While the Court ordinarily will not award damages to a non-plaintiff, the specific circumstances of this action permit such an award to plaintiff [the estate representative] on behalf of [the decedent's sister]. In similar cases brought in this district, judges have awarded damages to non-plaintiffs who demonstrated a sufficiently close connection to the victim of a terrorist attack." "In conformity with this practice, and in recognition of the unique circumstances of this action, the Court finds that plaintiff [the estate representative] may raise a claim for solatium on behalf of [the decedent's sister]. For clarity on this point, plaintiff moved to amend [the complaint], and the Court granted the motion, so that it now reads: "This action is brought by plaintiff [the estate representative], on behalf of herself and the decedent's heirs-at-law, including [decedent's sister].

*Surette*, 231 F. Supp. 2d at 271 n9.

As Your Honor may recall, the only individuals who may be added by amendment are those family members who are joining a claim where the estate of the 9/11 decedent is already a plaintiff in the underlying action. *See* ECF No. 4045 at 6. Therefore, when these amendments were filed, standing would have already been established on behalf of these family member claimants because the estate is an accepted vehicle to obtain such judgments. The filing of the

---

[2] *See, e.g., Eisenfeld v. Islamic Republic of Iran*, 172 F. Supp. 2d 1, 8 (D.D.C. 2000); *Flatow v. The Islamic Republic of Iran*, 999 F. Supp. 1, 29 (D.D.C. 1998); *Kilburn v. The Islamic Republic of Iran*, 999 F. Supp. 136, 157 (D.D.C. 1998).

[3] *See* 03-md-1570 ECF No. 3296 (awarding solatium damages through estate representatives in *Ashton*); s*ee, e.g., Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260 (D.D.C. 2002) (solatium award granted to decedent's sister where estate's personal representative filed suit); *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78 (D.D.C. 2002) (solatium award granted to decedent's three siblings where estate's personal representative filed suit); *Flatow*, 999 F. Supp. 1 (solatium award granted to decedent's three siblings where estate's personal representative filed suit).



The Honorable Sarah Netburn, U.S. Magistrate Judge
September 6, 2019
Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN)
Page 3

amendments to name these individuals explicitly as plaintiffs in the *Burnett/Iran* case (and other cases) would not undo this prior standing for these individuals.

To the extent that the Court's concern implicates statute-of-limitations issues with regard to claims against Iran under 28 U.S.C. § 1605A or 28 U.S.C. § 1605B, Plaintiffs respectfully submit that the Notices of Amendment filed in 2019 do not implicate statute-of-limitations concerns as set forth above. However, to avoid any confusion on this subject, the *Burnett/Iran* Plaintiffs submit that a discussion of statute of limitations would garner the same result. Each of the actions filed to date are timely based on the applicable statute of limitations. The statute of limitations that applies is found in a combined reading of 28 U.S.C. § 1605A(b) and Section 1083(c)(3) of the National Defense Authorization Act of 2008. Section 1605A(b) provides that: "An action may be brought . . . if . . . a related action was commenced under section 1605(a)(7) . . . not later than the latter of . . . 10 years after April 24, 1996; or 10 years after the date on which the cause of action arose." Section 1083(c)(3) provides: "If an action arising out of an act or incident has been timely commenced under [28 U.S.C. §] 1605(a)(7) . . . any other action arising out of the same act or incident may be brought under [28 U.S.C. §] 1605A . . ., if the action is commenced not later than . . . 60 days after . . . the date of the entry of judgment in the original action."

In *In re: Islamic Republic of Iran Terrorism Litigation*, 659 F. Supp. 2d 31, 65 (D.D.C. 2009), while discussing how "related actions" may be filed under § 1083(c)(3), Judge Lamberth explained that:

> § 1083(c) allows plaintiffs in a prior action under § 1605(a)(7) to file an action under the new law, § 1605A, as a related case to any other pending action that was timely commenced under § 1605(a)(7) and based on the same terrorist act or incident. In other words, plaintiffs' right to proceed under the new section is not tied exclusively to their prior action; plaintiffs may identify other cases that are pending under § 1605(a)(7) that are based on the same act or incident.

Here, *Ashton, Continental, Federal*, and *O'Neill* are all "related actions" that were timely commenced against the Iran defendants under §1605(a)(7), and each of those cases arise out of the same act or incident as the more recently filed actions. Because final judgments have not been entered as to all of the plaintiffs in those cases, 60 days from the date of entry of judgment in the earlier cases has not yet passed. Accordingly, the newer filed cases remain timely.

In addition, recent decisions from the United States Court of Appeals for the District of Columbia Circuit (whose law in the area of foreign sovereign immunity has provided the backdrop for the majority of this Court's decisions against Iran) have determined that district courts lack discretion to invoke the statute of limitations of the Foreign Sovereign Immunities Act's terrorism



The Honorable Sarah Netburn, U.S. Magistrate Judge
September 6, 2019
Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN)
Page 4

exception on behalf of defendants who had defaulted. *Maalouf v. Islamic Republic of Iran*, 923 F. 3d 1095 (D.C. Cir. 2019); *see also Baithiard v. Islamic Republic of Iran*, Case No. 1:16-cv-1549 (CRC), 2019 WL 3412983 (D.D.C. July 29, 2019)(applying *Maalouf*). In *Maalouf*, "after reviewing the applicable principles governing the forfeiture of affirmative defenses, and the Supreme Court's instructive jurisprudence on the narrow set of situations in which a court may raise affirmative defenses on its own motion," the D.C. Circuit Court "concluded that the District Courts erred in taking sua sponte action" to deny default based on an application of the statute of limitations. This comports with Supreme Court precedent that "[o]rdinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day v. McDonough*, 547 U.S. 198, 202 (2006). Further, "[a]ffirmative defense, once forfeited, is 'excluded from the case.'" *Wood v. Milyard*, 566 U.S. 463, 470 (2012).

Plaintiffs would be remiss if they did not express their appreciation for the Court's diligence in addressing the motions before it since Your Honor issued the memo endorsement on September 3, 2019. At the present time, it appears that between *Ashton* counsel, *O'Neill* counsel, and Motley Rice, there are currently only eleven pending motions:

1. *DeRubbio, et al. v. Islamic Republic of Iran*, 18-cv-5306 (GBD)(SN), ECF No. 4918 (functional equivalent motion for default judgment);
2. *Agyeman, et al. v. Islamic Republic of Iran*, 18-cv-5320 (GBD)(SN), ECF No. 4914 (functional equivalent motion for default judgment);
3. *Abel, et al. v. Islamic Republic of Iran*, 18-cv-11837 (GBD)(SN), ECF No. 4910 (functional equivalent motion for default judgment);
4. *Kim, et al. v. Islamic Republic of Iran*, 18-cv-11870 (GBD)(SN), ECF No. 4934 (functional equivalent motion for default judgment);
5. *Jimenez, et al. v. Islamic Republic of Iran*, 18-cv-11875 (GBD)(SN), ECF No. 4922 (functional equivalent motion for default judgment);
6. *Rowenhorst, et al. v. Islamic Republic of Iran*, 18-cv-12387 (GBD)(SN), ECF No. 4930 (functional equivalent motion for default judgment);
7. *Ashton, et al. v. Al Queda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN), ECF No. 4718 (functional equivalent motion for default judgment);
8. *Ashton, et al. v. Al Queda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN), ECF No. 4890 (motion for default judgment for immediate family members);
9. *Arias, et al. v. Islamic Republic of Iran*, 19-cv-41 (GBD)(SN), ECF No. 5078 (motion for default judgment as to liability and for immediate family members); and
10. *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN), ECF No. 5028 (functional equivalent motion for default judgment); and
11. *Betru, et al. v. Islamic Republic of Iran*, 18-cv-8297 (GBD)(SN), ECF No. 25 (*Betru* case docket) (functional equivalent motion for default judgment).



The Honorable Sarah Netburn, U.S. Magistrate Judge
September 6, 2019
Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN)
Page 5

      Again, we appreciate the opportunity to clarify our position on the timeliness of these claims, and remain at the Court's disposal to address further any aspect of the above analysis or to provide assistance to the Court in assessing the merits of any of the aforementioned pending motions.

                    Respectfully submitted,

                    /s/ John M. Eubanks
                    John M. Eubanks, Esq.
                    MOTLEY RICE LLC
                    28 Bridgeside Boulevard
                    Mount Pleasant, SC 29464
                    Tel: (843) 216-9218
                    Fax: (843) 216-9450
                    E-Mail: jeubanks@motleyrice.com

cc:       All MDL Counsel of Record (via ECF)