UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

------------------------------------x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

This document relates to:

> *Betru, et al. v. Islamic Republic of Iran*, 18 Civ. 8297 (GBD) (SN)
> *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02 Civ. 6977 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On June 26, 2019, the Ashton and Betru Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain immediate and non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (The Betru II (Ashton XI) Wrongful Death Plaintiffs' Motion for Final Judgements, ECF No. 4601.)[1] Plaintiffs principally argue that Vicki L. Burford and Jeremy M. Krist, stepmother and stepbrother of 9/11 decedent Christopher Burford, are the functional equivalents of immediate family members of the decedent. (*Id.* at 1, 12–14.) Before this Court is Magistrate Judge Sarah Netburn's August 5, 2019 Report and Recommendation, recommending that this Court grant in part and deny in part Plaintiffs' motion because, although the claimants for whom relief is presently sought are the functional equivalents of immediate family members under this Court's prior framework, such relationships were not established until the decedent's teenage years, warranting a reduction in solatium damages by one-half. (Report and Recommendation (the "Report"), ECF No. 4735, at 4–5.) This Court ADOPTS Magistrate Judge Netburn's Report.

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 md 1570 (GBD) (SN).

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

The parties did not file any objections. Accordingly, this Court reviews the Report for clear error.

## II. THE SOLATIUM CLAIMANTS ARE THE FUNCTIONAL EQUIVALENTS OF IMMEDIATE FAMILY MEMBERS OF THE DECEDENT.

On July 30, 2012, Magistrate Judge Frank Maas "set forth a framework to award solatium damages to immediate family members[,]" which this Court adopted on October 3, 2012. (Report at 1 (citing Report and Recommendation to the Honorable George B. Daniels, ECF No. 2618, *adopted by* Memorandum Decision and Order, ECF No. 2623.) This framework outlined the solatium awards for a September 11, 2001 decedent's spouse, parent, child, and sibling, and is as follows:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

(*Id.* at 11.) This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. (Report at 2 (citing *Hoglan II*, Report and Recommendation dated October 14, 2016, ECF No. 3363, *adopted by* Memorandum Decision and Order dated October 31, 2016, ECF No. 3384; *see also Hoglan IV*, Report and Recommendation dated August 8, 2017, ECF No. 3676, *adopted by* Memorandum Decision and Order dated November 17, 2017, ECF No. 3795.)

Here, Magistrate Judge Netburn correctly noted that Mrs. Burford married Christopher's father when he was 13 years old and "resided with Christopher until he moved out for [Naval] boot camp nearly a decade later." (Report at 5 (citing Decl. of Vicki L. Burford ("Burford Decl."), ECF No. 4602-2, ¶ 2).) In fact, during that time, Mrs. Burford and her son "Jeremy lived with Christopher for approximately 80 percent of [each] year. This is the type of 'longstanding, semi-permanent relationship' that mirrors that of an immediate family member.'" (*Id.* at 6 (citing *Hoglan IV* at 7.) While living with Christopher, Mrs. Burford provided "financial, emotional, and moral support, much like a biological mother would, and she continued to do so after Christopher moved out of the family home." (*Id.* at 5.) Moreover, Christopher did not seem to "receive significant financial support from his biological mother, which further strengthens [Mrs. Burford's] claim for damages." (*Id.* at 6 (citing Burford Decl. ¶ 3).) Still, because Mrs. Burford "did not have a relationship with Christopher during his early childhood," Magistrate Judge Netburn properly recommended that this "Court . . . award $4,250,000 in solatium damages, one-half the amount for biological parents." (*Id.* at 5.) Because "[a] similar analysis applies to Jeremy, [Mrs. Burford's] son," Magistrate Judge Netburn correctly determined that he is entitled to "$2,125,000 in solatium damages, one-half the amount for biological siblings." (*Id.*; *see also* Decl. of Jeremy M. Krist ("Krist Decl."), ECF No. 4602-2, ¶ 2–4.) Finally,

3

Magistrate Judge Netburn accurately found that "Plaintiffs should be awarded prejudgment interest on these damages from September 11, 2001 through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (Report at 7.)

### III. CONCLUSION

Plaintiffs' Motion for Final Judgements, (ECF No. 3021), is GRANTED in part and DENIED in part. Vicki L. Burford is entitled to $4,250,000 in solatium damages plus prejudgment interest at a rate of 4.96 percent per annum, compounded annually. Jeremy M. Krist is entitled to $2,125,000 in solatium damages plus prejudgment interest at a rate of 4.96 percent per annum, compounded annually.

Final judgment is entered on behalf of all other Plaintiffs identified in the attached Exhibit A against the Islamic Republic of Iran (the "Betru II (Ashton XI) Plaintiffs"); and it is

**ORDERED** that all other Betru II (Ashton XI) Plaintiffs identified in the attached Exhibit A are awarded solatium damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96% per annum; all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that will be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 md 1570, 18 Civ. 8297 (ECF No. 17), and 02 Civ. 6977 (ECF No. 1029), accordingly.

Dated: September 9, 2019
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge

5