# BERNABEI & KABAT, PLLC

ATTORNEYS AT LAW

1400 16th STREET, N.W., SUITE 500

WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| **LYNNE BERNABEI** | 202.745.1942 | **DEVIN WRIGLEY** |
| **ALAN R. KABAT** | FAX: 202.745.2627 | **KAIYA LYONS*** |
| **PETER M. WHELAN** | WWW.BERNABEIPLLC.COM | |
| **KRISTEN SINISI** | | |

*ADMITTED IN MN ONLY

By ECF
September 10, 2019

Honorable George B. Daniels
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Honorable Sarah Netburn
Magistrate Judge, United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)

Dear Judge Daniels and Judge Netburn:

I write on behalf of the Defendants' Executive Committee ("Defendants") concerning the status reports filed on Friday, September 6, 2019, by Plaintiffs in the *Ashton*, *O'Neill*, and *Burnett* actions (ECF Nos. 5095, 5096, 5097) concerning their various attempts to obtain default judgments against the Islamic Republic of Iran ("Iran").  Defendants have no interest in, and take no position on, the default judgments in this case against Iran.  But Plaintiffs' letters raise the question whether new Plaintiffs, added to the case only after the end of the limitations period, may assert claims for solatium even though the new claimants were not named as parties in any timely pleading.  Among other things, Plaintiffs' letter argues that a timely wrongful death claim by the personal representative of a decedent's estate, preserves, for limitations purposes, claims for solatium by members of the decedent's family who are not parties to the original complaint.  *See* ECF No. 5097, at 1-3.

Before resolving the legal issue presented by Plaintiffs' letters, this Court should hear the arguments on both sides.  As context for the concern that motivates this letter, we note that Plaintiffs have previously cited default-judgment rulings against Iran as precedent against other

Hon. George B. Daniels
Hon. Sarah Netburn
September 10, 2019
Page 2 of 3

Defendants, even though those initial rulings were made without adversarial briefing.  *See*, *e.g.*, ECF No. 3782, at 19 (citing default-judgment ruling against Iran for causation standard against Saudi Arabia).  Indeed, Plaintiffs' present letters rely heavily on previous default-judgment cases against Iran in which no defense briefs were ever filed – including one ruling by this Court where it does not appear the issue was ever expressly raised or resolved.  *See* ECF No. 5097, at 2 & nn.2-3.  Plaintiffs' attempted use against appearing parties of default judgment rulings against Iran is inappropriate.  Plaintiffs' unopposed legal arguments against a defaulted party are not law of the case and cannot be regarded as binding upon appearing parties.  Accordingly, Defendants reserve all defenses, including the statute of limitations, with respect to any claims by new claimants, even though any consideration of damages in their cases (unlike Iran's) is far in the future and may never occur.

     A representative of a decedent's estate may not generally bring claims on behalf of the decedent's surviving family members for non-physical injuries arising from the decedent's death.  Under New York law, which likely governs the majority of the claims at issue, "an executor's duties are derived from the will itself."  *In re Estate of Skelly*, 725 N.Y.S.2d 666, 667 (App. Div. 2001).  "It is elementary that the executors and administrators represent the legatees, creditors, and distributees in the administration of the estate," and "their duty is to recover the property of the estate."  *McQuaide v. Perot*, 119 N.E.2d 230, 231 (N.Y. 1918).  Thus, an executor "owe[s] a fiduciary duty to the estate beneficiaries."  *Nat'l Bank of N. Am. v. Duramark, Inc.*, 468 N.Y.S.2d 691, 692 (App. Div. 1983).

     But an executor does not have standing – as Plaintiffs contend – to pursue claims on behalf of family members that belong to them personally.  *See* Restatement (Second) of Agency § 14F cmt. c ("An executor or administrator is a fiduciary but is not the agent of the persons entitled to the estate.").  To the contrary, the executor's duties and authorities generally stop at the estate's boundaries.  Thus, for example, New York permits executors to "contest, compromise or otherwise settle any claim in favor of the estate . . . or in favor of third persons and against the estate," N.Y. Est. Powers & Trusts § 11-1.1(b)(13), but does not authorize executors, by virtue of their status as executors, to bring or settle non-estate claims on behalf of a decedent's family members.  Judge Buchwald recently reviewed cases applying § 11-1.1(b)(13) and found that "none suggests that an executor has any power to contest or compromise devisees' claims over non-estate property."  *JPMorgan Chase Bank, N.A. v. Maurer*, No. 13 Civ. 3302 (NRB), 2015 WL 4566686, at *11 (S.D.N.Y. July 27, 2015).

     To the extent they cite authority to support their position, Plaintiffs rely on cases decided in the U.S. District Court for the District of Columbia, where non-party relatives were awarded solatium damages in actions brought by the personal representative or executor of the estate of a victim of terrorism.[1]  As noted above, those cases involved default judgments against Iran, with no briefing on the defense side.  Even so, a more recent decision by Judge Lamberth analyzed

---

[1] *See Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 271 n.9 (D.D.C. 2002); *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78, 89 n.18 (D.D.C. 2002); *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 30-31 (D.D.C. 1998).

Hon. George B. Daniels
Hon. Sarah Netburn
September 10, 2019
Page 3 of 3

the question squarely and dismissed claims for intentional infliction of emotional distress on non-party heirs where such "claims . . . were made by estates on behalf of beneficiaries" because "[s]olatium, the sort of damages sought for IIED, 'is traditionally a compensatory damage which belongs to the individual heir personally.'" *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 78 (D.D.C. 2010) (quoting *Flatow*, 999 F. Supp. at 29).[2] Plaintiffs' discussion of D.D.C. precedent on this area omits that unfavorable (to them) authority.

      Accordingly, Defendants respectfully request that the Court reserve decision on the question whether a timely wrongful death claim by a decedent's estate, preserves, for limitations purposes, claims for solatium by members of the decedent's family who are not parties to the original complaint.  That question can be briefed in full if and when it becomes relevant to a claim against a Defendant that is actively defending this case.  We recognize that the Court has already entered some of the judgments sought by Plaintiffs since they filed their Friday letters.  *See, e.g.,* ECF No. 5101.  Nevertheless, Plaintiffs offered several other reasons for the requested relief,[3] and the Court did not give reasoning for its judgments.  Defendants therefore respectfully submit that the Court should not construe its orders as a ruling on the merits of the question Plaintiffs' letters raise.

                                                Respectfully submitted,

                                                */s/ Alan R. Kabat*

                                                Alan R. Kabat
                                                Defendants' Executive Committee

cc:  MDL-1570 counsel (by ECF)

---

      [2] Judge Lamberth was the author of both *Flatow* and *Valore*.  His opinion in *Valore*, despite quoting *Flatow*, did not address whether his own earlier award of solatium damages to non-party heirs in that case had been appropriate – suggesting that he did not regard *Flatow* as squarely confronting the question.

      [3] *See* ECF No. 5097, at 3 (arguing that Plaintiffs' claims are timely under a special limitations provision for claims arising under 28 U.S.C. § 1605A, which applies only to designated state sponsors of terrorism such as Iran); *id.* at 3-4 (arguing that Iran forfeited any limitations defense by defaulting in these cases).