UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...........................................................x

*In re Terrorist Attacks of September 11, 2001*      No. 03 MDL 1570(GBD)(SN)

...........................................................x

## DECLARATION OF WILLIAM P. BARR, ATTORNEY GENERAL

I, WILLIAM P. BARR, hereby state and declare as follows:

1.  I am the Attorney General of the United States and head of the United States Department of Justice ("DOJ"), an Executive Department of the United States. *See* 28 U.S.C §§ 501, 503, 509. The purpose of this declaration is to assert, at the request of the Federal Bureau of Investigation ("FBI"), and in my capacity as Attorney General and head of DOJ, a formal claim of the state secrets privilege in order to protect the national security interests of the United States. The statements made herein are based on my personal knowledge, on information provided to me in my official capacity, and on my evaluation of that information.

2.  In the course of my official duties, I have been informed that Plaintiffs in this multidistrict litigation are victims of the September 11, 2001 terrorist attacks, their family members, and persons or entities that have suffered damages as a result of the terrorist attacks. I understand that the district court has granted Plaintiffs leave to seek jurisdictional discovery concerning whether and to what extent Fahad al-Thumairy, Omar al-Bayoumi, and their agents took actions in 2000, at the direction of more senior officials of the Kingdom of Saudi Arabia, to provide assistance to Nawaf al-Hazmi, Khalid al-Mihdhar, and other 9/11 hijackers. I further understand that Plaintiffs have sought documents from the FBI concerning the FBI's

investigation of Bayoumi and Thumairy, including an October 2012 report summarizing aspects of the FBI's investigation (the "2012 summary report"). I also understand that the FBI has released portions of the 2012 summary report in response to a request under the Freedom of Information Act, and that the FBI has produced additional information from the report to counsel representing the parties pursuant to a protective order. However, the FBI has withheld from production certain information contained in the 2012 summary report that is classified and/or privileged.

3. As described further below, I am formally asserting the state secrets privilege in this case in order to prevent the disclosure of certain classified national security information that may be subject to jurisdictional discovery in this case. In unclassified terms, my state secrets privilege assertion encompasses four categories of information described below. These categories of information appear in the 2012 summary report. The four categories of information over which I am asserting privilege are:

- *Subject information*, including information which would indicate that a particular individual is or was the subject of a national security investigation, unless the identity of the subject has been made public or has been declassified under proper authority. This category of information includes information that could tend to confirm or deny whether a particular individual is, was, or was not the subject of a national security investigation.

- *Reasons for investigation and results*, including information which would reveal the reasons a particular individual is or was the subject of a national security investigation and information obtained as a result of that investigation. This category of information includes information that could tend to reveal the predicate for an FBI national security investigation regarding a particular person, information obtained during the course of such an investigation, and the status and results of the investigation.

- *Sources and methods*, including information which would reveal sensitive sources and methods used in a national security investigation. This category includes information that could tend to reveal particular sources and methods or techniques, and classified policies and procedures, the FBI used in a national security investigation with respect to a specific individual, including information relating to court-ordered searches or surveillance, confidential human sources and other investigative or operational sources and methods the FBI may use in a national security investigation regarding a particular

person, the reasons such methods were used, the status of the use of such sources and methods, and results derived from such methods.

- *Foreign government information and information sharing and cooperation with foreign partners*, including information received from a foreign government with the understanding that it and the nature of the information sharing and cooperation between the FBI and foreign partners in a national security investigation will remain confidential.

4.    These four categories of information are discussed in further detail in the classified declaration of Michael C. McGarrity, the Assistant Director of the FBI's Counterterrorism Division, which is available solely for the Court's *ex parte, in camera* review.[1] I have read and carefully considered the classified McGarrity Declaration. After careful and actual personal consideration of the matter, I have concluded that disclosure of the categories of information described above and in more detail in the classified McGarrity declaration reasonably could be expected to cause significant harm to the national security, and I therefore formally assert the state secrets privilege over this information.

5.    First, I concur with the determination of the FBI that disclosure of the identities of unacknowledged subjects of FBI national security investigations reasonably could be expected to cause significant harm to national security. As the FBI has explained, such disclosure would alert those subjects to the FBI's interest in them and could reasonably be expected to cause them to destroy evidence, attempt to influence witnesses, or take steps to alter their conduct so as to avoid detection of their future activities. In addition, as the FBI has explained, disclosure would also alert associates of the subjects to the fact that the FBI may be aware of their associations with the subjects, causing them to take similar steps to avoid scrutiny.

---

[1] As Attorney General, I possess original classification authority under Section 1.3 of Executive Order (E.O.) 13526, dated December 29, 2009. *See* 75 Fed. Reg. 707. I have determined that the classified FBI declaration is properly classified under Section 1.2 of E.O. 13526 because public disclosure of the classified information contained in that declaration also could reasonably be expected to cause significant harm to national security.

6. Second, I agree with the judgment of the FBI that disclosure of the reasons for and results of an FBI national security investigation—whether the initial predicate for opening an investigation, information gained during the investigation, or the status or results of the investigation—could also reasonably be expected to cause significant harm to national security. As the FBI has determined, disclosure of this information could reveal a range of sensitive national security information. In addition to revealing what the FBI knows and what the FBI deems important to a national security investigation, disclosure of such information would alert current and future subjects to which activities are likely to cause the FBI to focus its attention and result in the opening of an investigation, thereby providing valuable insight to those intent on terrorism and other criminal activity on how individuals can avoid detection. Disclosure of the reasons for and results of an FBI national security investigation may also alert subjects and others of the sources of that information, thus revealing sensitive sources and methods including the existence of confidential human sources reporting on the subject.

7. Third, I agree with the FBI that the disclosure of information that would tend to reveal sensitive sources and methods used in a national security investigation could likewise be reasonably expected to cause significant harm to national security. This aspect of my privilege assertion includes information that would tend to reveal whether court-ordered searches or surveillance, confidential human sources, or other investigative or operational sources and methods were used in a national security investigation of a particular person, the reasons for and status of the use of such sources and methods, and the results derived from such methods. As the FBI has explained, protecting FBI sources and methods for investigating and countering potential national security threats is of the utmost significance because revelation of this vital information would allow adversaries to deploy countermeasures or escape detection.

8. Fourth, I agree with the FBI's judgment about the significant harm to national security that would be caused by the disclosure of information and other assistance supplied to the United States by foreign government partners in connection with national security investigations. The FBI's ability to carry out its responsibilities to conduct national security investigations often depends on the cooperation of foreign government officials, foreign intelligence services, or foreign security services. In addition, as the FBI has explained, disclosure of a country's cooperation with the FBI could reasonably be expected to cause significant harm to national security because it would enable terrorists to avoid or employ countermeasures in countries that share information with the United States. Accordingly, I agree with the FBI's conclusion that maintaining the confidentiality of foreign government information and information pertaining to information sharing and cooperation of foreign partners is critical to sustaining ongoing, productive cooperation with friendly foreign nations in the field of counterterrorism.

9. Any further elaboration concerning the foregoing matters on the public record—beyond the information provided in this declaration and in the unclassified declaration of Assistant Director McGarrity—would reveal information that could cause the very harms my assertion of the state secrets privilege is intended to prevent. Again, the classified FBI declaration, submitted for *ex parte*, *in camera* review, provides a more detailed explanation of the particular information over which I am asserting the privilege and the harms to national security that would result from disclosure of that information.

10. In 2009, DOJ adopted guidance governing the assertion and defense of the state secrets privilege in litigation. Under this guidance, DOJ will defend an assertion of the state secrets privilege in litigation only when necessary to protect against the risk of significant harm

to national security. *See* Exhibit 1 (State Secrets Guidance), § 1(A). The guidance provides further that an application of a privilege assertion must be narrowly tailored. *Id.* § 1(B).[2] Moreover, "[t]he Department will not defend an invocation of the privilege in order to: (i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States Government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security." *Id.* § 1(C). The guidance also establishes detailed procedures for review of a proposed assertion of the state secrets privilege in a particular case. *Id.* § 2. Those procedures require submissions by the relevant Government departments or agencies specifying: "(i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; [and] (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm." *Id.* § 2(A). Based on my personal consideration of the matter, I have

---

[2] The guidance also discusses standards for seeking dismissal of a claim or action under the state secrets privilege. Because the Government is not seeking to dismiss this action on privilege grounds, I do not discuss these standards here.

determined that the requirements for an assertion and defense of the state secrets privilege have been met in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September, 2019, in the City of Washington, District of Columbia.

*/s/ William P. Barr*

WILLIAM P. BARR
ATTORNEY GENERAL OF THE UNITED STATES