# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF and Federal Express**

September 20, 2019

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

 Re:  *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

 We are writing on behalf of the Plaintiffs' Executive Committees (the "PECs") for the following two purposes. First, we write to respond to Your Honor's Order, dated August 27, 2019 (ECF No. 5000), requesting a status update on the progress of securing depositions of witnesses in federal custody. Second, we write to make a joint request with defendant WAMY to reschedule a deposition of a WAMY representative, Ibrahim Anwar Ibrahim, which was previously set to occur in Madrid in July, but was adjourned after WAMY's counsel advised that the witness was unable to obtain a visa to travel to Madrid to appear for his deposition.

 **A.  Status Report Regarding Witnesses in Federal Custody**

 As detailed below, we have continued to communicate with counsel for Mamdouh Salim and Wadih el Hage and have followed up with the Department of Justice (the "Government") regarding the witness allegedly in witness protection.

 Mr. Salim has agreed to a deposition at USP Florence ADMAX in Florence, Colorado. Due to scheduling conflicts, including the upcoming Jewish holidays, counsel for Mr. Salim requests that the deposition date be moved to November 5, 2019. The Government has no objection to rescheduling Mr. Salim's deposition to that day if the Court is willing to modify the habeas order (Dkt. No. 4682) accordingly.

 Counsel for Mr. el Hage has advised the PECs that Mr. el Hage will not consent to a deposition at this time but that he may change his mind closer to the date of Mr. Salim's deposition. The Government has stated that if Mr. el Hage's deposition were to proceed, that it needs to be

done in close proximity to Mr. Salim's deposition for efficiency. The Government requested that the habeas order for Mr. el Hage (Dkt. No. 4681) be modified given that he has not agreed to participate in a deposition at this time.

Accordingly, the PECs respectfully request that fact discovery be extended a few days to accommodate these depositions; that Mr. Salim's habeas order (Dkt. No. 4682) be modified to reflect that the deposition will take place on Tuesday, November 5, 2019; and, that the habeas order for Mr. el Hage (Dkt. No. 4681) be modified to reflect that his deposition would take place on November 6, 2019. If Mr. el Hage ultimately refuses to be deposed, we will advise the Court accordingly.

Counsel for the defendants and the Government do not object to extending fact discovery by a few days to accommodate these depositions.

Regarding the witness allegedly in witness protection, as the PECs previously advised Your Honor, the Government has "agree[d] to make reasonable efforts to serve a deposition subpoena on [the witness] at his last known address." On September 17, 2019, the Government confirmed that the witness had been served with a deposition subpoena and that the PECs should expect to hear from the witness's counsel regarding the subpoena in the near future.

We will promptly communicate with the Government as soon as we hear more from counsel. The PECs still need to confer with the applicable parties regarding procedures relating to objections and assertions of privilege and will keep Your Honor advised.

### B. Request for Extension of Discovery Schedule for Ibrahim Deposition

Respectfully, the PECs and WAMY jointly request that fact discovery be extended a few days also to accommodate the rescheduling of the deposition of WAMY-related witness, Ibrahim Anwar Ibrahim.

Mr. Ibrahim was scheduled to be deposed on Tuesday, July 23-24, 2019, in Madrid, Spain, one of the four Presumptively Acceptable Locations ("PALs") authorized by the Deposition Protocol (ECF No. 3894, ¶ 31). On Friday, July 19, 2019, WAMY's counsel advised that Mr. Ibrahim was denied a visa and was unable to appear for his deposition in Madrid, as planned. To avoid further burdening the Court with the parties' related disagreements (but without conceding to this approach as precedent for future depositions), and if the Court will authorize a limited, brief extension to the discovery schedule, the PECs, WAMY, and the witness have agreed to conduct Mr. Ibrahim's deposition via video on November 7 and 8, 2019, provided the following: (1) the defendant will secure a location for Mr. Ibrahim's deposition and advise the PECs promptly; (2) so that the PECs are able to secure and arrange for a court reporter, videographer, and translator to attend the deposition on the date and at the location selected; and (3) the deposition is scheduled to occur on November 7 and 8, 2019. WAMY has advised that a 2 ½ hours break for religious observances will be necessary on Friday, November 8, and the PECs have agreed to that proposal, if the Court will order the extension.

### C. Conclusion

For the reasons set out herein, the PECs ask that the Court enter an order: (1) granting a brief extension of several days of the current October 31, 2019 fact discovery deadline (for

conducting depositions) to allow for the depositions of Mamdouh Salim and Ibrahim Anwar Ibrahim, and the possible deposition of Wadih el Hage; (2) modifying the habeas order as to Mr. Salim (ECF No. 4682) to reflect that the deposition will take place on Tuesday, November 5, 2019; and, (3) modifying the habeas order as to Mr. el Hage (ECF No. 4681) to reflect that his deposition will take place on November 6, 2019 (if he consents).

      Respectfully submitted,

COZEN O'CONNOR

By: /s/ *Sean P. Carter*
    SEAN P. CARTER
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pennsylvania 19103
    Tel.: (215) 665-2105
    Email: scarter@cozen.com

*For the Plaintiffs' Exec. Committees*

MOTLEY RICE LLC

By: /s/ *Robert T. Haefele*
    ROBERT T. HAEFELE
    MOTLEY RICE LLC
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465
    Tel.: (843) 216-9184
    Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER LLP

By: /s/ *Andrew J. Maloney*
    ANDREW J. MALONEY
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*

ANDERSON KILL P.C.

By: /s/ *Jerry S. Goldman*
    JERRY S. GOLDMAN
    ANDERSON KILL P.C.
    1251 Avenue of the Americas
    New York, NY 10020
    Tel: (212) 278-1000
    Email: jgoldman@andersonkill.com

*For the Plaintiffs' Exec. Committees*

cc:    The Honorable George B. Daniels, via ECF
        All Counsel of Record via ECF