USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/27/2019

# MDL 1570 Plaintiffs' Executive C[ommittees]

In re: Terrorist Attacks on September 11, 2001

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiff[s' Executive Committee for Commercial Claims] |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>Motley Rice LLC<br>James P. Kreindler, *Co-Chair*<br>Kreindler & Kreindler LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>Cozen O'Connor |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>Kreindler & Kreindler llp<br>Robert T. Haefele, *Co-Liaison Counsel*<br>Motley Rice LLC | J. Scott Tarbutton, *Liaison Counsel*<br>Cozen O'Connor |

**VIA ECF**

September 27, 2019

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    The Plaintiffs' Executive Committees write to request an extension of the Monday, September 30, 2019 deadline set in the Court's May 22, 2019 order, directing the Plaintiffs to respond to interrogatories served by defendants WAMY and Yassin Kadi (ECF No. 4532). In that same order, the Court also set a July 31 deadline for the completion of the depositions relevant to the interrogatory responses. *Id.* at ¶ 1. When the Court later adjusted the July 31 deadline to October 31 (and later to November 8 for WAMY)(ECF Nos. 4582, 5166), the parties inadvertently overlooked asking the Court for a correlative adjustment as to the interrogatory responses.[1] Because the schedule to complete depositions regarding the WAMY and Kadi defendants was adjusted, and depositions of several witnesses relevant to those defendants remain outstanding, the PECs ask that the Court, likewise, adjust the schedule for responding to the interrogatories until one month after the completion of the depositions of the WAMY witnesses (as to WAMY) and Mr. Jelaidan (as to Mr. Kadi).

    The Court reset the deadline for completing depositions of WAMY witnesses and Jelaidan to October 31 (ECF No. 4582), and recently, readjusted the deadline as to WAMY to November 8, 2019 (ECF No. 5166). Although the Court initially required Mr. Jelaidan to appear at a Presumptively Acceptable Location ("PAL") for his deposition by July 31, 2019 (ECF No. 4532, ¶ 1), the Court modified that schedule after he alleged he was financially unable to appear at a PAL. The Court

---

[1] As Your Honor has previously observed, the better practice is to conduct depositions *before* responding to contention interrogatories. *See* Transcript of September 7, 2017 discovery conference at p. 17 ("Typically my practice is to have some depositions go forward before contention interrogatories are propounded."), and pp. 17-18 ("… I can tell you that my practice generally is that I think it is more productive to have depositions go forward and then propound those interrogatories at the conclusion of that."); *see also* Local Civ. Rule 33.3.

directed Mr. Jelaidan and the PECs to confer about the possibility of conducting Mr. Jelaidan's deposition remotely via videotape, but directed him to sit for his deposition by October 31, 2019 (ECF No. 4582, ¶ 7). Although the PECs remain intent on deposing Mr. Jelaidan and have reached out in this regard to his counsel, Mr. McMahon, the PECs have received no commitment for Mr. Jelaidan to appear for his deposition in any manner by the October 31 deadline. The PECs have also expressed a concern that it will be difficult to make the necessary logistical arrangements for his deposition as the deadline approaches.

Under the circumstances, the PECs ask that the Court enter an order directing the following:

(1) The deadline set in ECF No. 4532 at ¶ 2 for Plaintiffs to respond to WAMY's interrogatories is rescheduled until one month after the completion of depositions of WAMY's witnesses;

(2) The deadline set in ECF No. 4532 at ¶ 2 for Plaintiffs to respond to Kadi's interrogatories is rescheduled until one month after the completion of the depositions of Wa'el Jelaidan; and

(3) By Tuesday, October 1, 2019, defendant Wa'el Jelaidan shall confirm in writing to the PECs, through his counsel, Martin McMahon, that Jelaidan will appear for his deposition on October 29-30, 2019 (or such other time as may be mutually agreed by the parties) and shall sit for his deposition on the indicated date, or move for a protective order by October 1, 2019.

The PECs have asked counsel for WAMY and Mr. Kadi for their consent to this application. Counsel for WAMY has consented. Counsel for Mr. Kadi initially objected to the extension but was asked to reconsider; however, because Mr. Kadi's counsel is currently recuperating from surgery, he is unavailable until Saturday to advise whether he will consent.

Given the outstanding depositions, an extension of the deadline for the Plaintiffs' Executive Committees ("PECs") to respond to Defendants' interrogatories is appropriate. Accordingly, the PECs must respond to WAMY's interrogatories by Monday, December 9, 2019, and to Mr. Kadi's interrogatories by Monday, December 2, 2019.

In addition, on June 10, 2019, nearly four months ago, the Court directed Jelaidan to sit for a deposition by October 31, 2019. Mindful of Jelaidan's limited financial resources, the Court further directed the parties to meet-and-confer regarding the possibility of taking the deposition by videoconference. It is now late September, and the parties have yet to reach an agreement or even confirm a deposition date.

Accordingly, by Wednesday, October 2, 2019, Jelaidan is directed to file a letter with the Court confirming the dates on which he can sit for a deposition before the deadline, and his position on where that deposition should take place. Jelaidan's failure to confirm his deposition intentions may result in sanctions.

**SO ORDERED.**

September 27, 2019
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge