## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

April 6, 2018

**<u>Hand Delivered</u>**
Office of General Counsel
Federal Bureau of Investigation Headquarters
J Edgar Hoover Building
935 Pennsylvania Ave., NW
Washington, DC 20535

  Re: In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)
    *Touhy* Request for documents

Dear Madam or Sir:

  We write as the Plaintiffs' Executive Committees ("PECs") in *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN) ("MDL 1570"), to request production of the documents and electronically stored information ("ESI") identified in Appendix A to this letter, pursuant to the applicable *Touhy* regulations. *See* 16 CFR §§ 16.21-16.29. This request is also accompanied by a separate subpoena *duces tecum* that is being served on the agency under Rule 45 of the Federal Rules of Civil Procedure, seeking production of the same documents and ESI pursuant to the court's authority.

  MDL 1570 is a multidistrict litigation that consolidates actions brought by thousands of plaintiffs, namely the surviving family members of persons killed in the September 11 attacks; persons seriously injured in those attacks; and businesses that suffered property damage and financial losses. The defendants are the Kingdom of Saudi Arabia ("KSA") and others alleged to have provided material support to al Qaeda resulting in the attacks. The multidistrict litigation and each of its constituent cases are currently before the Honorable George B. Daniels, United States District Judge for the United States District Court for the Southern District of New York ("the MDL court"). The MDL court has tasked the PECs with the responsibility of coordinating discovery and has authorized the PECs to serve discovery on behalf of all plaintiffs in the litigation.

  The documents and ESI identified here, listed in Appendix A (and in the accompanying separate subpoena *duces tecum*) are highly relevant to the litigation. On March 28, 2018, the MDL court denied the KSA's motion to dismiss and authorized the PECs to proceed promptly with limited jurisdictional discovery. The documents and ESI identified in Appendix A concern matters relevant to the jurisdictional issue addressed in the MDL court's March 28 order, as well as matters of broader

Office of General Counsel, FBI
April 6, 2018
Page 2

---

relevance to the pending civil claims of the 9/11 plaintiffs, including for example the hijackers' activities within the United States preceding the 9/11 attacks. Included within this request are documents and ESI regarding the nature and scope of the activities of Omar al Bayoumi, Fahad al Thumairy, and others who performed related activities for the KSA; the identity and the nature and scope of activities of actors working in connection with Bayoumi or Thumairy; the sources of support for Nawaf al Hazmi and Khalidal Mihdhar, or any other 9/11 hijackers; the linkages between Bayoumi and Thumairy and the Saudi government and Saudi government institutions and agents; and the identity and the nature and scope of actions of agents of the Kingdom of Saudi Arabia who gave direction to Thumairy and/or Bayoumi.

In enacting the Justice Against Sponsors of Terrorism Act (JASTA), Congress expressly recognized that "The United States has a vital interest in providing persons and entities injured as a result of terrorist attacks committed within the United States with full access to the court system in order to pursue civil claims against persons, entities, or countries that have knowingly or recklessly provided material support or resources, directly or indirectly, to the persons or organizations responsible for their injuries." Consistent with that declaration, we are asking that the FBI produce the identified documents and ESI in a prompt and expeditious manner.

In considering whether to produce each of the requested documents and ESI, we ask that the agency take into account the following considerations:

1. Because the information sought addresses precisely the issues the MDL court has identified as a relevant issue for its consideration, the information sought in this request is appropriate under the rules of procedure governing in which the demand arose;

2. Plaintiffs have identified no relevant substantive law concerning privilege preventing disclosure of any of the requested documents and ESI;

3. Plaintiffs have considered and understand that disclosure of the requested documents and ESI:

   - Will not violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.C.P., Rule 6(e);

   - Will not violate a specific regulation;

   - Will not necessitate classified information to be revealed, either because the information sought is not classified, should not have been classified, or no longer warrants classification.

   - Will not reveal a confidential source or informant;

   - Will not reveal investigatory records compiled for law enforcement purposes, or interfere with enforcement proceedings or disclose

- investigative techniques and procedures the effectiveness of which would thereby be impaired, and

- Will not improperly reveal trade secrets without the owner's consent.

*See* 28 CFR 16.26 (identifying considerations in determining whether production or disclosure should be made pursuant to a demand).

Respectfully,

MOTLEY RICE LLC

By: */s/ Robert T. Haefele*
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel. 843-216-9184
rhaefele@motleyrice.com
*Licensed in DC, NJ, NY, PA, SC*

For the Plaintiffs Exec. Committees

COZEN O'CONNOR

By: */s/ Sean P. Carter*
SEAN P. CARTER
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Tel. 215-665-2105
scarter@cozen.com
*Licensed in PA*

For the Plaintiffs Exec. Committees

KREINDLER & KREINDLER LLP

By: */s/ James P. Kreindler*
JAMES P. KREINDLER
750 Third Avenue, 32nd Fl.
New York, NY 10017
Tel. 212-973-3449
jkreindler@kreindler.com
*Licensed in NY*

For the Plaintiffs Exec. Committees

ANDERSON KILL P.C.

By: */s/ Jerry S. Goldman*
JERRY S. GOLDMAN
1251 Avenue of the Americas
New York, NY 10020
Tel. 212-278-1569
jgoldman@andersonkill.com
*Licensed in NY, MA, PA*

For the Plaintiffs Exec. Committees

Enclosure

cc: Geoffrey S. Berman, U.S. Attorney for SDNY
Jessie K. Liu, U.S. Attorney for District of Columbia

## APPENDIX A

### Documents and ESI To Be Produced:

(a) Any and all records referring or relating to Omar al Bayoumi, Fahad al Thumairy, Mohdhar Abdullah, Omar Abdi Mohamed,[1] Khalid Sowailem, the King Fahd Mosque, or the Western Somali Relief Agency;

(b) Any and all PENTTBOM[2] records referring or relating to Omar al Bayoumi, Fahad al Thumairy, Mohdhar Abdullah, Omar Abdi Mohamed, Khalid Sowailem, the King Fahd Mosque, or the Western Somali Relief Agency;

(c) Any and all communication records (including but not limited to phone, email and fax) and financial and banking records of Khalid al Mihdhar, Nawaf al Hazmi and Anwar al Aulaqi (prior to and on September 11, 2001).

(d) Any and all records referring or relating to the work and investigation of the PENTTBOM subfile team, as referenced on pp. 101-103 of the 9/11 Review Commission Report[3];

(e) The 2012 FBI Summary Report[4];

(f) Any and all records referring or relating to any person(s) referenced in the 2012 FBI Summary Report as "subjects" of the investigation described in that report;

(g) Any and all records referring or relating to the person(s) "who tasked al-Thumairy and al-Bayoumi with assisting the hijackers," according to the 2012 FBI Summary Report;

(h) The Joint FBI-CIA Intelligence report assessing the nature and extent of Saudi government support for terrorism, prepared and submitted in accordance with the Intelligence Authorization Act for FY 2004, Classified Annex S. 1025 / S. Report 108-44;

(i) The September 1, 2005 letter from Robert Mueller and Porter Goss to Senator Pat Roberts, enclosing the Joint FBI-CIA Intelligence report assessing the nature and extent of Saudi government support for terrorism, prepared and submitted in accordance with the Intelligence Authorization Act for FY 2004, Classified Annex S. 1025 / S. Report 108-44; and

(j) The November 2004 U.S. Department of Justice, Office of Inspector General report titled "A Review of the FBI's Handling of Intelligence Information Related to the September 11 Attacks (November 2004)."[5]

---

[1] Omar Abdi Mohamed refers to the individual also known as Omar Khadiib, Omar Khatiib, and/or Omar Abdo al-Khatib, as referenced in the Department of the Treasury United States Customs Service Report of Investigation regarding Mohamed, Omar Abdi in case no. SD32CI04SD0015 and the Government's brief filed before the United States Department of Justice Executive Office for Immigration Review Immigration Court in *In the Matter of: Omar Abdi Mohamed*, File No. A44 917 640. Copies of the documents referencing the subject individual are attached hereto as Exhibits A and B, respectively.

[2] The term "PENTTBOM" refers to the Pentagon/Twin Towers Bombing Investigation referenced at pp. 101-103 of the 9/11 Review Commission Report.

[3] The term "9/11 Review Commission Report" refers to the March 2015 report of the 9/11 Review Commission, The FBI: Protecting the Homeland in the 21st Century, attached hereto as Exhibit C.

[4] The term "2012 FBI Summary Report" refers to the report referenced at footnote 330 of the 9/11 Review Commission Report, a redacted copy of which is attached hereto as Exhibit D.

[5] A redacted copy of this document is attached hereto as Exhibit E.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

IN RE TERRORIST ATTACKS ON SEPT. 11, 2001

_Plaintiff_

v.

Civil Action No. MDL 03 - 1570

_Defendant_

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: THE FEDERAL BUREAU OF INVESTIGATION
935 PENNSYLVANIA AVENUE, NW, WASHINGTON, DC 20535

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    SEE ATTACHMENT A AND EXHIBITS THERETO

| Place: COZEN O'CONNOR, 1200 19TH STREET, NW, WASHINGTON, DC 20036 | Date and Time: 05/17/2018 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/06/2018

_CLERK OF COURT_

OR   _/s/ Sean P. Carter_

_Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
PLAINTIFFS' EXECUTIVE COMMITTEES                                , who issues or requests this subpoena, are:
Sean Carter, Cozen O'Connor, 1650 Market St., 28th Fl., Phila., PA 19103; spcarter1@cozen.com;215-665-2105 &
Robert Haefele, Motley Rice, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464; rhaefele@motleyrice.com; 843-216-9184

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 03 - 1570

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A**

**Instructions and Definitions:**

1. This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, and not pursuant to a request for records under the Freedom of Information Act ("FOIA"), and all documents specified below are required to be produced as required by Rule 45.

2. Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, and without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3. With respect to any document withheld or redacted based on an assertion of common law privilege, a privilege log shall be provided. The privilege log shall provide information sufficient to evaluate the basis of any asserted privilege, including but not limited to: (a) the (a) type of document; (b) date of document; (c) author; (d) recipient; (e) general subject matter of the document; and (f) basis for withholding production of the document or any portion of the document.

4. No document responsive to this subpoena shall be withheld or redacted pursuant to FOIA exemptions.

5. As used herein, the following terms are defined as follows:

   A. The term "9/11 Review Commission Report" shall mean the March 2015 report of the 9/11 Review Commission, *The FBI: Protecting the Homeland in the 21st Century*, attached hereto as Exhibit A.

   B. The term "PENTTBOM" shall mean the Pentagon/Twin Towers Bombing Investigation referenced at pp. 101-103 of the 9/11 Review Commission Report.

   C. The term "2012 FBI Summary Report" shall mean the report referenced at footnote 330 of the 9/11 Review Commission Report, a redacted copy of which is attached hereto as Exhibit B.

**Documents To Be Produced:**

1. Any and all records referring or relating to Omar al Bayoumi, Fahad al Thumairy, Mohdhar Abdullah, Omar Abdi Mohamed,[1] Khalid Sowailem, the King Fahd Mosque, or the Western Somali Relief Agency;

2. Any and all PENTTBOM records referring or relating to Omar al Bayoumi, Fahad al Thumairy, Mohdhar Abdullah, Omar Abdi Mohamed, Khalid Sowailem, the King Fahd Mosque, or the Western Somali Relief Agency;

3. Any and all communication records (including but not limited to phone, email and fax) and financial and banking records of Khalid al Mihdhar, Nawaf al Hazmi, and Anwar al Aulaqi (prior to and on September 11, 2001).

4. Any and all records referring or relating to the work and investigation of the PENTTBOM subfile team, as referenced on pp. 101-103 of the 9/11 Review Commission Report;

5. The 2012 FBI Summary Report;

6. Any and all records referring or relating to any person(s) referenced in the 2012 FBI Summary Report as "subjects" of the investigation described in that report;

7. Any and all records referring or relating to the person(s) "who tasked al-Thumairy and al-Bayoumi with assisting the hijackers," according to the 2012 FBI Summary Report;

8. The Joint FBI-CIA Intelligence report assessing the nature and extent of Saudi government support for terrorism, prepared and submitted in accordance with the Intelligence Authorization Act for FY 2004, Classified Annex S. 1025 / S. Report 108-44; and

9. The September 1, 2005 letter from Robert Mueller and Porter Goss to Senator Pat Roberts, enclosing the Joint FBI-CIA Intelligence report assessing the nature and extent of Saudi government support for terrorism, prepared and submitted in accordance with the Intelligence Authorization Act for FY 2004, Classified Annex S. 1025 / S. Report 108-44.

---

[1] Omar Abdi Mohamed refers to the individual also known as Omar Khadiib, Omar Khatiib, and/or Omar Abdo al-Khatib, as referenced in the Department of the Treasury United States Customs Service Report of Investigation regarding Mohamed, Omar Abdi in case no. SD32CI04SD0015 and the Government's brief filed before the United States Department of Justice Executive Office for Immigration Review Immigration Court in In the Matter of: Omar Abdi Mohamed, File No. A44 917 640. Copies of the documents referencing the subject individual are attached hereto as Exhibits C and D, respectively.

10. The November 2004 U.S. Department of Justice, Office of Inspector General report titled "A Review of the FBI's Handling of Intelligence Information Related to the September 11 Attacks (November 2004)," a redacted copy of which is attached hereto as Exhibit E.