

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

September 13, 2018

**By ECF**
Hon. Sarah Netburn
U.S. Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

               Re:    *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      We write in response to the letter of the Plaintiffs' Executive Committees ("PECs"), dated September 10, 2018 [ECF No. 4153], in which the PECs seek leave to file a motion to compel production of records in response to their subpoena to the Federal Bureau of Investigation ("FBI"). Any motion to compel is premature at this time, and would only divert resources from the FBI's ongoing review of classified and privileged records sought by the PECs.

      Requests for disclosure of FBI records in litigation not involving the United States are governed by the Department of Justice's so-called "Touhy" regulations, 28 C.F.R. § 16.21 *et seq*. Pursuant to those regulations, this Office and the FBI have reviewed the subpoena and the PECs' accompanying Touhy request. On May 2, this Office provided an interim response to the Touhy request and objections to the subpoena.

      At the outset, it should be noted that the PECs' Touhy request and subpoena are not an ordinary demand for civil discovery. Rather, the PECs seek a voluminous amount of material from the files of a federal law enforcement agency regarding active investigations. Moreover, the PECs explicitly seek records and information they know to be classified (including material that has recently been the subject of FOIA litigation, where another federal court has upheld the FBI's determination that the material is properly and currently classified, *see Broward Bulldog v. FBI*, No. 16-61289, 2017 WL 746410, at *16 (S.D. Fla. Feb. 27, 2017) (classified information in 2012 FBI summary report), *appeal pending*, Nos. 17-13787, 17-14264 (11th Cir.)). The Touhy request

Case 1:03-md-01570-GBD-SN   Document 5192-4   Filed 10/04/19   Page 2 of 3
Case 1:03-md-01570-GBD-SN   Document 4176   Filed 09/13/18   Page 2 of 3

*In re Terrorist Attacks*, 03 MDL 1570
Page 2

therefore effectively serves as a request to declassify large swaths of national security information.

Moreover, as explained in the interim response and in subsequent meet and confer communications with the PECs, the subpoena and Touhy request to the FBI are extraordinarily broad on their face. Among other things, they seek "any and all records" in the FBI's possession "referring or relating to" numerous individuals and entities, as well as "any and all records referring or relating to" a pending FBI investigation that involves multiple subjects and over 1000 "serials" in the FBI's investigatory file (many of which attach or refer to other records). The requests in the subpoena go well beyond the matters on which the Court has permitted limited jurisdictional discovery to proceed (concerning Omar al-Bayoumi and Fahad al-Thumairy), and as currently framed would impose an undue and unreasonable burden on the FBI. To date, the PECs have declined to materially narrow their requests, despite repeated requests from the FBI.

Nevertheless, as this Office explained to the PECs in July and in the most recent meet-and-confer discussion on August 17, the FBI has identified a subset of records that may be relevant to the allegations on which the Court has permitted limited jurisdictional discovery. These include (1) the 2012 FBI summary report identified in the subpoena, (2) any portions of the November 2004 Office of Inspector General report or the 2005 FBI/CIA joint intelligence report identified in the subpoena that pertain to Bayoumi or Thumairy, and (3) evidentiary and investigatory material related to Bayoumi or Thumairy, including interview reports and internal analytical reports.

The FBI has conducted a preliminary review of these materials, and determined that they are all classified and/or were compiled in the course of an active law enforcement investigation. The FBI is therefore in the process of conducting a thorough declassification and privilege review of this subset of records to determine what, if any, information can be produced in the litigation. This review is currently underway. It involves multiple components within the FBI, including those with subject matter expertise, as well as active assistance from this Office. The review is painstaking and time-consuming; it requires a page-by-page and line-by-line review of individual records to determine whether information remains properly classified and privileged, and if so, whether specific classified and privileged information can nonetheless be released in the public interest and the exercise of discretion. Ordinarily, a review of this nature would take many months to complete, particularly given the levels of review and coordination required and the extremely sensitive nature of any request to declassify national security information or to release information regarding an active investigation. However, the FBI understands that the Court wishes to conclude jurisdictional discovery by early 2019, and the review accordingly has been expedited. The FBI will make its best efforts to conclude the review as soon as possible, and will provide a report to the PECs and the Court at the discovery conference scheduled for October 12, 2018.

*In re Terrorist Attacks*, 03 MDL 1570
Page 3

In light if the above, any motion to compel is premature. The FBI has not yet made a determination regarding what if any information can be provided in response to the PECs' Touhy request and subpoena. That is not because of any undue delay on the FBI's part, but rather stems from the extraordinary breadth of the Touhy request and subpoena and the classified and privileged nature of the records requested. In addition to being premature, a motion to compel at this stage would ultimately serve to delay the FBI's response to the subpoena by diverting resources that are currently focused on the declassification and privilege review.

We therefore respectfully submit that any motion practice with regard to the Touhy request and subpoena should be deferred until after the FBI has completed its declassification and privilege review of the relevant records.

    Very truly yours,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By:   */s/ Sarah S. Normand*
    SARAH S. NORMAND
    JEANNETTE VARGAS
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel. (212) 637-2709/2678
    Fax (212) 637-2730
    sarah.normand@usdoj.gov
    jeannette.vargas@usdoj.gov

cc: Counsel of Record (by ECF)