

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

April 2, 2019

CONFIDENTIAL
SUBJECT TO FBI PROTECTIVE ORDER

<u>*By Electronic Mail*</u>
MDL 1570 Plaintiffs' Executive Committees
Attn:   Sean P. Carter, Cozen O'Connor
        Robert T. Haefele, Motley Rice
        Andrew J. Maloney, Kreindler & Kreindler

Re:   *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
       Touhy Request and Subpoena Directed to FBI

Dear Counsel:

This letter responds to your letter of March 25, 2019, concerning the FBI's ongoing response to the Touhy Request and subpoena directed to the FBI in this matter.

As a threshold matter, we disagree that the "third tranche" of records produced by the FBI on March 15, 2019, should raise any concern about the FBI's production and response to the Touhy request and subpoena. The third tranche is one of multiple tranches of records that the FBI has processed, and continues to process, in response to the Touhy request and subpoena. Although production of the third tranche was delayed on account of the lapse in Department of Justice appropriations, it was produced on the date the FBI indicated it would be produced, and it contained records that the FBI understood to be of interest to plaintiffs.[1] Moreover, as we have said from the beginning, given the classified and privileged nature of many of the records at issue, the review process is painstaking and requires coordination among multiple components within the FBI.

Your letter indicates that a subset of the records produced in the third tranche had previously been produced by the FBI under FOIA, but we do not believe that has any

---

[1] You had asked the FBI to provide page counts for the records withheld in full in the third tranche. An amended log is attached, which includes page counts and also adds the National Security Act, 50 U.S.C. § 3024(i)(1), as amended, as an additional basis for withholding.

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 2

bearing on the FBI's response to the Touhy request and subpoena in this case. We note that last fall, shortly after the PECs provided the FBI with the Hunt Declaration, we asked the PECs to provide copies of any U.S. government documents released under FOIA or otherwise on which Ms. Hunt relied in preparing her declaration, to aid the FBI in identifying and reviewing relevant records. The PECs declined to do so. Having taken that position, we do not believe it is fair or reasonable for the PECs to complain that the FBI produced the documents again in response to the Touhy request and subpoena.[2] Going forward, if the PECs would like the FBI to consider specific documents previously processed under FOIA or otherwise publicly available in connection with its ongoing review, we reiterate our request that the PECs provide those records.

FBI's Ongoing Review Process

Apart from the third tranche, as you know, the FBI continues to search for and process additional records in response to the Touhy request and subpoena, including many of the items identified in the PECs' January 2, 2019 letter. These include the following:

Interview Records: As we previously advised the PECs and the Court, the FBI has prioritized review of interview records. We understood that the PECs were in favor of this approach, given that the PECs (at least initially) intended to notice depositions on an expedited basis. While the FBI has completed review of the majority of interview records, some additional interview records (including for                                   all identified in your                             been located and are being processed.

The 2012 FBI Summary Report: As I explained during our last telephone conversation, one of the reasons this report remains under review is because the FBI is awaiting the position of a foreign government regarding release of certain information in the document. We are unable to identify the specific foreign government or information at issue, as the FBI's communications with foreign governments generally, and in this instance, are highly sensitive and confidential. The FBI is considering your request that it produce an interim version of the report.

Certain Electronic Communications (ECs) relating to Bayoumi, Thumairy, and the "third subject" referred to in the 2012 Summary Report, to include the September 4, 2002 EC regarding Thumairy.

---

[2] To the extent the PECs assert that any records produced under FOIA contained fewer redactions, if the PECs provide those records, the FBI will undertake a further review to determine if additional information can be released.

**MATERIAL REDACTED - UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER**

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 3

Telephone and Financial Records: The FBI continues to identify and gather these records and hopes to complete this process by mid-April.

Materials Seized by New Scotland Yard: The FBI still is working on this request.

With regard to the other specific records requested in your January 2, 2019 letter:

- Regarding the PECs' request for "Other Subfile FBI Summary Reports post-2012," the FBI has not located any other reports that resemble the document the PECs have described as the 2012 FBI Summary Report.
- The FBI has searched for the alleged LAX parking ticket, but to date no such document has been located. Unless the PECs are willing to provide further information or documentation regarding the alleged parking ticket, the FBI has completed its search for this item.
- 265A-NY-280350-SD serial 3332 is being processed.
- Regarding the request for 302s or ECs using particular search terms for Adel al Sadhan and Mutaeb al Sudairy, the FBI does not believe any searches are warranted, particularly in light of Magistrate Judge Netburn's ruling denying the PECs' request to expand jurisdictional discovery to include these individuals. *See infra* note 3.
- 
- The FBI has not located an EC of April 15, 2002, regarding a canvas of hotels in Culver City,
- The FBI has searched for, but not located, any 302s for San Diego.
- 
- The FBI continues to search for the "Bayoumi videotape of the February 2000 party."

We expect that the remaining records will be processed in at least two tranches, and possibly more. In addition, we anticipate that the requested phone/banking records and New Scotland Yard materials will be processed in additional tranches. Regarding a timeline, while we are not able at this time to determine when the FBI will complete all remaining searches, review and processing, FBI expects to complete processing of a fourth tranche of records by the end of April. In addition, assuming the search for and

**MATERIAL REDACTED - UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER**

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 4

collection of the phone and bank records is completed by mid-April, by the end of April, FBI expects to be able to provide an estimated time frame for processing the phone and banking records.

Appendix 1 to Hunt Declaration

Finally, your March 25 letter asked about records identified in Appendix 1 to the Hunt Declaration.  As we have previously explained to the PECs and the Court, in the months after the Touhy request and subpoena were served, and well before Ms. Hunt signed her declaration on September 26, 2018, the FBI conducted a lengthy search and identified a subset of records potentially relevant to the issues on which Judge Daniels authorized limited jurisdictional discovery.  After receiving the Hunt Declaration in late September, and further meet and confer calls with the PECs in October, the FBI added additional interview records to the set of records to be reviewed and processed.  However, the FBI did not—and does not intend to—undertake a new search based on Appendix 1 to the Hunt Declaration.

Nor would a new search be reasonable or appropriate under the circumstances.  The FBI is gathering, has identified for processing, or already processed, records falling into several of the categories identified by Ms. Hunt, including but not limited to (1) the 2012 FBI Summary Report, (2) witness interviews for many of the individuals identified in Appendix 1, (3) documents concerning the investigations of Bayoumi and Thumairy, (4) phone records of Bayoumi and Thumairy, (5) 265A-NY-280350-SD serial 3332, (6) documents regarding contacts between the hijackers and Bayoumi and Thumairy, as well as                                                                                                              and (7) materials seized by New Scotland Yard.

Moreover, Appendix 1 is objectionable for many of the same reasons as the PECs' original Touhy request and subpoena.  Among other things, it seeks records beyond the scope of the limited jurisdictional discovery authorized by Judge Daniels and Magistrate Judge Netburn.[3]  It also purports to identify subjects of investigation and effectively asks the FBI to confirm or deny whether it has opened investigations

---

[3] For example, Judge Daniels denied discovery as to Omar Abdi Mohammed, and Magistrate Judge Netburn denied discovery as to Abdullah al-Jraithen, Adel Mohamed al-Sadan, and Mutaeb Abdelaziz al-Sudairy.  The FBI has always taken the position that the Touhy request and subpoena are limited to the scope of jurisdictional discovery authorized by the Court.  *See* Interim Response to Touhy Request dated May 2, 2018.  We understand that plaintiffs have requested "records regarding individuals who may have tasked or acted in concert with Bayoumi and Thumairy, or as their subagents," and the FBI's original search was calculated to identify such records.  However, the FBI does not intend to undertake additional searches for records regarding individuals as to whom the Court has ruled that jurisdictional discovery is not appropriate.

**MATERIAL REDACTED - UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER**

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 5

regarding those individuals. And it continues to seek broad swaths of classified and privileged records, including but not limited to "FBI summary, synopsis and file review documents setting forth the status of each case" within the entire "subfile" investigation—which involves multiple subjects and over 1000 "serials" in the FBI's investigatory file (many of which attach or refer to other records)—as well as within six other alleged investigative files. As such, any search premised on Appendix 1 would be overbroad and unduly burdensome.

      For all of these reasons, we do not believe Appendix 1 provides a helpful framework for the parties' meet and confer discussions, nor is the FBI undertaking additional searches based on that document. Rather, the FBI has been focusing on the PECs' January 2, 2019 letter, which provided "a list of documents that [the PECs] wanted to make certain were included in the FBI's searches and produced," many of which, as the PECs acknowledged, had "already been set aside as part of the FBI's review process." We have endeavored to provide additional information in this letter regarding the items identified in your January 2 letter, as well as other information regarding the records remaining to be reviewed and estimated time frames to the extent we are able to do so. As always, we are limited in our ability to provide firm deadlines or in some cases even estimates, as issues may arise during the review of the remaining materials that require additional time and coordination to address. We can assure you that the FBI continues to work diligently to review the remaining materials.[4]

---

[4] We can also confirm that while the FBI's review was suspended during the lapse in appropriations, no resources have been reduced since the shutdown. In fact, additional personnel have been tasked to assist with the search for responsive phone and bank records. You should note that most of the FBI personnel tasked with preparing the Agency's response to the Touhy Request and subpoena are doing so in addition to their regularly assigned investigative and operational duties and responsibilities. Their primary duty is investigative and disrupting new and evolving threats to national security and the American people.

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 6

        Very truly yours,

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

By:   */s/ Jeannette A. Vargas*
      SARAH S. NORMAND
      JEANNETTE A. VARGAS
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel. (212) 637-2709/2678