

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

April 16, 2019

CONFIDENTIAL
SUBJECT TO FBI PROTECTIVE ORDER

<u>*By Electronic Mail*</u>
MDL 1570 Plaintiffs' Executive Committees
Attn:  Sean P. Carter, Cozen O'Connor
       Robert T. Haefele, Motley Rice
       Andrew J. Maloney, Kreindler & Kreindler

> Re:  *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
>       <u>Touhy Request and Subpoena Directed to FBI</u>

Dear Counsel:

    This letter responds to your correspondence of April 9, 2019, concerning the FBI's ongoing response to the Touhy Request and subpoena directed to the FBI in this matter.

    While we have no objection to providing the Court with a report on the status of the FBI's production, it is not clear precisely what relief the PECs intend to seek from the Court, and thus whether further meet and confer discussions would be productive to clarify and attempt to narrow any areas of dispute.  In addition, the FBI has not yet made final determinations as to some of the documents requested in the Touhy request and subpoena, including the 2012 FBI summary report.

    We further believe that your letter does not fairly summarize our prior discussions on certain points.

    First, your letter indicates that the PECs declined on privilege grounds the FBI's request to provide copies of the government documents on which Ms. Hunt relied in preparing her declaration.  This is confusing to us, as the PECs initially provided us with a copy of the Hunt declaration for the FBI's eyes only, subject to a claim of work product

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 2

privilege.  It is not clear why the PECs could not have provided copies of any potentially relevant government documents on the same basis.

In any event, to the extent our prior request was not sufficient, we reiterate our request that the PECs provide copies of all records produced by the FBI or other government agencies under FOIA or otherwise, or produced by The 9/11 Commission or 9/11 Review Commission, that plaintiffs believe may be relevant to the claims that are now the subject of jurisdictional discovery.  Please also provide a copy of the affidavit of David Mitchell, referred to in your letter.  As we have said before, it is not reasonably feasible for the FBI to try to identify such records on the MDL docket, which contains thousands of entries, or from the many 9/11-related FOIA productions that have been made over more than a decade.

Second, your letter reflects a misunderstanding of my comments during the status conference on October 12, 2018.  In the comments quoted on page 2 of your letter, I was not referring to discussions about Appendix 1 to the Hunt declaration.  Rather, I was referring to our telephonic meet and confer on October 9, 2018.  As reflected in Steve Pounian's email of October 10, 2018, plaintiffs indicated during that call that they were particularly interested in (1) an alleged parking ticket at LAX on January 15, 2000, (2) additional summary documents from the subfile, (3) interview records pertaining to Smail Mana, Akram Alzamari, and Mohamed Johar, and (4) documents pertaining to Musaed al-Jarrah, Abdullah al-Jraithen, Mohammed al Muhanna, and Majid al-Ghesheyan. Consistent with my comments to the Court at the October 12 conference, the FBI conducted additional searches based on those discussions, and located some additional records                               that have been or are in the process of being reviewed and processed.  In fact, my comments to the Court made clear that the additional searches may not result in a large volume of additional records.  *See* Tr. at 9-10 ("As a result of those recent discussions, we are searching for *some* additional records.  We don't yet know [the] volume, and *it may not be a large volume*, but the[re] are likely to be *some* additional records that are added that would become a third tranche of materials." (emphasis added)).

We have never advised the PECs that the FBI was undertaking a broad new search based upon Appendix 1 to the Hunt declaration, and we do not believe the PECs reasonably could have inferred that the FBI was doing so based on either our meet and confer discussions or my comments at the October 12 conference.  To the contrary, our subsequent discussions have focused on a relatively small number of specific records or groups of records, as set forth in Steve Pounian's letter dated January 2, 2019.

**MATERIAL REDACTED - UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER**

*In re Terrorist Attacks*, 03 MDL 1570
Touhy Request and Subpoena Directed to FBI
Page 3

      We disagree with your assertion that there has been any change in the FBI or DOJ's posture or tone with regard to the Touhy request and subpoena.  The FBI and DOJ continue to work diligently to respond to your requests.

      Finally, as you requested, enclosed please find additional redactions (in purple) to our April 2, 2019 letter.  With these additional redactions, the FBI has no objection to the filing of the letter on the public docket.

      Very truly yours,

      GEOFFREY S. BERMAN
      United States Attorney for the
      Southern District of New York

By:   */s/ Sarah S. Normand*
      SARAH S. NORMAND
      JEANNETTE A. VARGAS
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.  (212) 637-2709/2678
      Fax  (212) 637-2730
      sarah.normand@usdoj.gov
      jeannette.vargas@usdoj.gov

Encl.