UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2019

**SARAH NETBURN, United States Magistrate Judge:**

On September 20, 2019, the Plaintiffs' Executive Committees ("Plaintiffs") requested that the Court issue an order authorizing disclosure of certain grand jury materials to qualified persons, subject to the terms of the FBI Privacy Act and Protective Order. See ECF No. 4255. Plaintiffs' request is GRANTED.

## BACKGROUND

On March 28, 2018, the Honorable George B. Daniels concluded that Plaintiffs articulated a reasonable basis for the Court to assume jurisdiction over the Kingdom of Saudi Arabia ("Saudi Arabia"). ECF No. 3946, at 4–5. Judge Daniels permitted Plaintiffs to take targeted jurisdictional discovery regarding two individuals: Fahad al Thumairy and Omar al Bayoumi. Id. at 23.

On April 10, 2018, Plaintiffs served a subpoena and *Touhy* request on the Federal Bureau of Investigation ("FBI"). Plaintiffs requested, among other things, the production of financial, banking, and communication records of various individuals with alleged connections to the September 11 attacks. These individuals included Thumairy, Bayoumi, and two of the 9/11 hijackers, Nawaf al Hazmi and Khalid al Mihdhar.

The FBI determined that it had responsive documents in its possession. Because these materials were obtained via grand jury subpoena in other federal district courts, the United States of America (the "Government") filed *ex parte* petitions in those districts seeking disclosure of the relevant grand jury material. The petitions were subsequently transferred to the Southern District of New York for this Court's resolution.

The Government does not object to the disclosure of the grand jury records, and it has represented that it is "not aware of any countervailing reason to maintain grand jury secrecy for the subject documents." Nevertheless, because the Government is not a litigant in this case, it has not sought to make a showing of particularized need justifying disclosure. As such, on September 20, 2019, Plaintiffs submitted a memorandum of law and accompanying declaration in support of the Government's petitions.

## DISCUSSION

Courts may authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). To unseal grand jury records, the moving party must demonstrate a "particularized need." Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 222 (1979). This requires the moving party to show that: (1) the material it seeks is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) its request is structured to cover only material so needed. Frederick v. New York City, No. 11-CV-469 (JPO), 2012 WL 4947806, at *7 (S.D.N.Y. Oct. 11, 2012) (citing Douglas Oil Co., 441 U.S. at 222). Courts have substantial discretion to determine whether grand jury material should be released. Matter of Fed. Grand Jury Proceedings, 760 F.2d 436, 439 (2d Cir. 1985).

Here, Plaintiffs have demonstrated a particularized need for the requested documents. Contacts and financial transactions among Bayoumi, Thumairy, the 9/11 hijackers, and other individuals with ties to the attacks are relevant to the jurisdictional inquiry against Saudi Arabia. To avoid a possible injustice in this litigation, Plaintiffs are entitled to review the records obtained by the FBI. See SEC v. Everest Mgmt. Corp., 87 F.R.D. 100, 105 (S.D.N.Y. 1980) ("Disclosure is appropriate where documents are sought to further legitimate purposes in connection with lawful investigations or judicial proceedings."); Conte v. County of Nassau, No. 06-CV-4746 (JFB) (ETB), 2009 WL 1362784, at *10 (E.D.N.Y. May 15, 2009) ("When documents are sought 'for [their] own sake' rather than to learn what transpired before the grand jury, and their release would not compromise the grand jury proceedings, Rule 6(e) does not preclude their disclosure.") (citations omitted in both).

Further, the need for disclosure outweighs the need for confidentiality. "[T]he passage of time erodes many of the justifications for continued secrecy," and in this case, the relevant subpoenas were issued over 18 years ago. See In re Petition of Craig, 131 F.3d 99, 107 (2d Cir. 1997). As a result, the traditional reasons to maintain grand jury secrecy — such as encouraging freedom in deliberations and preventing witness tampering[1] — do not caution against disclosure. See Palmer v. Estate of Stuart, No. 02-CV-4076 (LTS) (GWG), 2004 WL 2429806, at *5

---

[1] The Supreme Court has identified five reasons to protect grand jury secrecy:
> (1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations . . . ; (3) to prevent subordination of perjury or tampering with the witnesses who may testify before the grand jury and latter appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to crimes; [and] (5) to protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation."

United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958) (citations omitted).

(S.D.N.Y. Nov. 1, 2004) (finding that the need for secrecy was diminished when the relevant grand jury proceedings were completed).

The Court is mindful that "the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." Douglas Oil Co., 441 U.S. at 222. For example, persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Id. But this concern is less applicable where, as here, Plaintiffs do not seek any transcripts from the grand jury proceedings. See Everest Mgmt. Corp., 87 F.R.D. at 104 ("A request for grand jury documents evokes . . . less exacting[] considerations than a request for transcripts of grand jury testimony."). Moreover, the Government does not oppose Plaintiffs' request, and any disclosure will be limited in scope by the FBI Privacy Act and Protective Order. These circumstances indicate that disclosure is warranted. See In re Petition of Craig, 131 F.3d at 106 ("If the government supports a motion for disclosure, that should serve as a preliminary indication that the need for secrecy is not especially strong."); id. at 106–07 ("[I]t is highly relevant whether the disclosure is general or limited to a specified number of people under special circumstances.").

Finally, Plaintiffs' request is structured to cover only material so needed. Plaintiffs seek disclosure of certain banking, phone, and financial records related to this litigation. They do not seek the entire grand jury record, and more importantly, they do not seek any transcripts or other documents that could reveal what took place before the grand jury. Given that these records are relevant to the Court's jurisdictional inquiry, disclosure is appropriate. See DiLeo v. C.I.R., 959 F.2d 16, 20 (2d Cir. 1992) (holding disclosure of bank records did not compromise secrecy of grand jury deliberations where documents were sought for their own sake, not to learn what took place before the grand jury).

## CONCLUSION

Based on Plaintiffs' showing of particularized need, the Court grants the four petitions filed by the Government and authorizes disclosure of the grand jury materials to qualified persons, subject to the terms of the FBI Privacy Act and Protective Order at ECF No. 4255.

The parties are directed to file their submissions on the public docket, subject to any necessary redactions under the Protective Order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 7, 2019
         New York, New York