KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 8, 2019

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this letter concerning the status of its document production in jurisdictional discovery. This Court's sealed orders dated July 22, 2019 (the "July 22 Orders") directed that Saudi Arabia complete its production in response to those orders within 45 days. On July 30, this Court entered a docket order, ECF No. 4710, extending that deadline to October 4. On September 25, Saudi Arabia produced to the Plaintiffs' Executive Committees ("Plaintiffs") 522 documents (953 pages) in partial response to the July 22 Orders. On October 4, Saudi Arabia produced to Plaintiffs an additional 589 documents (816 pages). The October 4 production completed Saudi Arabia's production in response to the July 22 Orders.

      Saudi Arabia's productions to Plaintiffs included not only documents responsive to the July 22 Orders, but also additional documents for which Saudi Arabia had voluntarily agreed to search in meet-and-confer negotiations leading up to Plaintiffs' November 30, 2018 motion to compel. Further, to the extent Saudi Arabia's searches for responsive documents located additional documents responsive to Plaintiffs' original jurisdictional requests for production served in April 2018 (subject to Saudi Arabia's objections to those requests and the Court's May 24, 2018 order, ECF No. 4009), Saudi Arabia included such documents in its production as well.

      Saudi Arabia's search and review process identified as potentially responsive certain documents that were duplicative of those in Saudi Arabia's earlier productions. Saudi Arabia made reasonable efforts to remove exact duplicates from the production.[1] Because the review population consisted largely of scanned hard-copy Arabic documents that do not yield consistent

---

[1] Saudi Arabia defined an exact duplicate as a document containing identical Arabic or English text, identical handwritten marks (if any), and identical stamps (if any), erring on the side of producing documents that could not be confidently identified as exact duplicates.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
October 8, 2019
Page 2

results when run through optical character recognition, there was no feasible automated way to identify exact duplicates.  It is probable that manual review did not identify all exact duplicates and that some duplicates were included in the September 25 and October 4 productions.

Saudi Arabia voluntarily searched for and produced responsive documents that were subject to the Vienna Conventions on Diplomatic and Consular Relations from its Embassy in Washington, D.C. and its Consulate in Los Angeles, California.  All such documents have been marked confidential under the general MDL protective order.  *See* ECF No. 1900.  Saudi Arabia reserves its rights as to all other documents subject to the Vienna Conventions.

Saudi Arabia has withheld one document and redacted one document on the grounds of attorney-client privilege.  Those documents are identified, and the basis for Saudi Arabia's assertions of privilege are set forth, in a privilege log that was served on Plaintiffs together with Saudi Arabia's October 4 production.  Other than as set forth in that privilege log, Saudi Arabia has withheld no documents on grounds of privilege, protection, or immunity.[2]

Together with this letter, Saudi Arabia is submitting a sealed appendix citing, by Bates number or Bates range, documents produced that are responsive to the specific directives in the July 22 Orders. The appendix also indicates that a reasonable search did not locate documents responsive to other specific directives.  Saudi Arabia is not filing the documents identified in the appendix, but can provide any or all of them upon request by the Court.

The appendix is being submitted under seal because it includes material that is subject to the general MDL protective order, including documents subject to Vienna Convention protection; and to the special FBI protective order, ECF No. 4255, including portions of the July 22 Orders for which the FBI has previously sought redaction.  It is likely that the appendix can ultimately be filed on the public docket with appropriate redactions.  As with previous related submissions, Saudi Arabia respectfully requests that the Court accept its response and attachments today under seal and direct that any proposed redactions be submitted together with the other proposed redactions that will be due after Judge Daniels resolves Plaintiffs' Rule 72 objections to your Honor's July 22 order concerning confidentiality and sealing matters.

---

[2] As with previous productions, Saudi Arabia has treated as nonresponsive documents generated specifically in connection with document or information requests in this litigation, some of which were included in employee personnel files by the relevant agencies.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
October 8, 2019
Page 3

                                            Respectfully submitted,

                                            */s/ Michael K. Kellogg*

                                            Michael K. Kellogg
                                            *Attorney for the Kingdom of Saudi Arabia*

Enclosure

Cc:    Chambers of the Honorable George B. Daniels (by overnight mail, with enclosure)
         Service list for Plaintiffs, the United States, and Dallah Avco (by email, with enclosure)
         All MDL counsel (by ECF, without enclosure)

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.