# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

October 15, 2019

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    On behalf of the Plaintiffs' Executive Committees (PECs), we write to ask that the Court address two discovery issues that the PECs view to be in need of resolution before we begin the upcoming depositions of WAMY witnesses, Dr. Ibrahim Abdullah, Dr. Abdulhameed Al Mazroo, and Dr. Saleh Al Wohaibi, scheduled for Madrid during October 21-24, 2019.[1] We wrote to counsel for WAMY last week to address these items to their attention, expressing the need for a timely resolution before the depositions are to commence. *See* Attachment A, Letter to Omar Mohammedi, dated November 9, 2019. However, we have not heard back from counsel for WAMY. Because the relevant depositions are scheduled to begin next week, we are respectfully asking the Court to address these issues on an emergent basis.

    While these clarifications are necessary before we embark on the depositions next week, practically speaking, if we proceed as the PECs have planned, we do not anticipate the issues to materially change the schedule that WAMY has set out for completing these witnesses' depositions. The PECs anticipate taking the depositions within the time and in the order that WAMY has proposed. Specifically, we anticipate deposing Dr. Abdullah and Dr. Al Mazroo on October 21 and 22, and Dr. Wohaibi on October 23 and 24.

---

[1] The three witnesses are among four witnesses that WAMY designated as witnesses to testify for WAMY in response to a single deposition notice served on WAMY pursuant to Rule 30(b)(6). Dr. Wohaibi, and the fourth designated witness (Dr. Noorwali), were also separately noticed in their own individual capacity. Dr. Noorwali was previously deposed.

The Honorable Sarah Netburn, U.S. Magistrate Judge
October 15, 2019
Page 2

---

The two issues in need of resolution concern (1) the time to which plaintiffs are presumptively entitled with each witness, and (2) whether the plaintiffs *must* segregate into separate depositions testimony premised on a witness's status as a Rule 30(b)(6) witness versus testimony premised on the witness's personal knowledge.[2] Under the Deposition Protocol Order (ECF 3894), Rule 30, and pertinent case law, plaintiffs are entitled to 12.75 hours with each of the witnesses, and the depositions need not be segregated as WAMY suggests.[3]

As to the first issue, the Federal Rules of Civil Procedure are clear—and courts have repeatedly held—that the deposition of each witness designated under Rule 30(b)(6) is considered a separate deposition for purposes of the presumptive durational limit placed on depositions. Fed. R. Civ. P. 30(b)(6) advisory committee's notes (2000) ("For purposes of th[e presumptive durational limitation], the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."); *see also Sabre v. First Dominion Capital, LLC*, No. 01 Civ. 2145 (BSJ)(HBP), 2001 U.S. Dist. Lexis 20637, at *2 (S.D.N.Y, Dec. 10, 2001), 51 Fed. R. Serv. 3d (Callaghan) 1405 (citing the advisory committee notes). So, for calculating the time available for each of the witnesses that WAMY designated under Rule 30(b)(6), the full presumptive period is allotted to each witness's deposition. Plaintiffs are not required, as WAMY has intimated, to split the presumptive time allotted for a single deposition among all four of WAMY's Rule 30(b)(6) witnesses.

In *Saber*, after citing the Federal Rule and the advisory committee notes, the court rejected the position WAMY has expressed, citing concern that it would lead to absurd results and the precise over-reaching WAMY is attempting here. The Court reasoned that:

> [i]f defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under defendant's interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge. Conversely, defendants' interpretation would also permit

---

[2] This issue rose because WAMY previously indicated its view that plaintiffs are entitled to only 10.5 hours total split among *all four* of WAMY's Rule 30(b)(6) designated representatives and that plaintiffs *must* segregate a witness's testimony as a Rule 30(b)(6) representative as distinct from the witness's testimony as an individual "fact" witness. *See, e.g.*, Attachment B, Letter from Omar Mohammedi, dated July 12, 2019 (Asking the PECs to "provide the amount allotted to Dr. Noorwali to testify in his capacity as a 30(b)(6) witness during the July depositions" and "indicating that WAMY "shall produce Dr. Abdullah, Dr. Al Mazroo, and Dr. Al Wohaibi as our 30(b)(6) witnesses in that order over the course of whatever time remains of your 10.5 hours after your 30(b)(6) deposition of Dr. Noorwali. The factual testimony of Dr. Al Wohaibi is set for October 23-24.")

[3] Because each witness is to testify through a translator, the presumptive time limit set by the protocol is 8.5 hours plus ½ of that time, or 12.75 hours (ECF No. 3894, ¶¶ 78-80). Plaintiffs have consistently complied with those constraints, and indeed anticipate it is likely that one or more of the remaining three witnesses will be completed in less than the presumptive time allotted.

The Honorable Sarah Netburn, U.S. Magistrate Judge
October 15, 2019
Page 3

> an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock. An interpretation that would lead to such absurd results must be rejected.

*Id.* at *3.

As to the second issue, because the proper scope of questioning of a Rule 30(b)(6) witness is not bound by the deposition notice,[4] the PECs are not required to segregate Dr. Wohaibi's testimony (or any other witness's testimony) into separate periods, one for Rule 30(b)(6) testimony and another for testimony as an individual fact witness. As numerous authorities have recognized, the notice of deposition sets forth the minimum, not the maximum, about which a deponent must be required to speak. *Crawford*, 261 F.R.D. at 39. Indeed, if plaintiffs were to segregate the testimony into two distinct depositions, the rules would allow twice the presumptive time with the witness. However, the PECs anticipate that such segregation is unnecessary, and that we will complete Dr. Wohaibi's deposition in a single presumptive period, barring any intervening interference to cause that period to be extended.

Accordingly, the PECs respectfully ask the Court to confirm that (1) the deposition of each witness designated under Rule 30(b)(6) is a separate deposition for purposes of the presumptive durational limit placed on depositions (i.e., that plaintiffs may question each Rule 30(b)(6) witness for the full presumptive time period), and (2) that plaintiffs need not segregate the Rule 30(b)(6) testimony of a witness and the individual fact testimony of the same witness into separate depositions.

Respectfully,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ *Sean P. Carter* | By: /s/ *Robert T. Haefele* |
| SEAN P. CARTER | ROBERT T. HAEFELE |
| COZEN O'CONNOR | MOTLEY RICE LLC |
| One Liberty Place | 28 Bridgeside Boulevard |
| 1650 Market Street, Suite 2800 | Mount Pleasant, SC 29465 |
| Philadelphia, Pennsylvania 19103 | Tel.: (843) 216-9184 |
| Tel.: (215) 665-2105 | Email: rhaefele@motleyrice.com |
| Email: scarter@cozen.com | |
| | *For the Plaintiffs' Exec. Committees* |

---

[4] *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38 (S.D.N.Y. 2009) (Maas, Mag. J.) (citing *Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, No. CV 2005-620 (JFB) (MDD), 2006 U.S. Dist. LEXIS 23419, 2006 WL 1120632, at *1 (E.D.N.Y. Apr. 26, 2006) (Go, Mag. J.)); *see also* 8A Fed. Prac. & Proc. Civ. § 2103 (Wright & Miller 3d ed.) ("[T]he scope of the inquiry is governed only by the general scope of discovery, and not limited to the specific areas identified.").

.

---

*For the Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER LLP

By: /s/ *Andrew J. Maloney*
     ANDREW J. MALONEY
     KREINDLER & KREINDLER LLP
     750 Third Avenue
     New York, New York 10017
     Tel.: 212-687-8181
     Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*

cc:    The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF