# EXHIBIT A

# MDL 1570 Plaintiffs' Executive Committees
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>Motley Rice LLC<br>James P. Kreindler, *Co-Chair*<br>Kreindler & Kreindler LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>Cozen O'Connor |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>Kreindler & Kreindler llp<br>Robert T. Haefele, *Co-Liaison Counsel*<br>Motley Rice LLC | J. Scott Tarbutton, *Liaison Counsel*<br>Cozen O'Connor |

**VIA EMAIL**

October 9, 2019

Omar T. Mohammedi, Esq.
The Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
Woolworth Building
New York, NY 10279

   Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Omar:

  We write to address to your attention two issues that the Plaintiffs' Executive Committees (PECs) view to be in need of resolution before we begin the upcoming depositions of Dr. Ibrahim Abdullah, Dr. Abdulhameed Al Mazroo, and Dr. Saleh Al Wohaibi, scheduled for Madrid during October 21-24. WAMY has previously indicated that it holds the view that plaintiffs are entitled to only 10.5 hours split among all of WAMY's Rule 30(b)(6) designated representatives and that plaintiffs must segregate a witness's testimony as a Rule 30(b)(6) representative as distinct from the witness's testimony as an individual "fact" witness. *See, e.g.*, July 12, 2019 Ltr from Omar Mohammedi (Asking the PECs to "provide the amount allotted to Dr. Noorwali to testify in his capacity as a 30(b)(6) witness during the July depositions" and "indicating that WAMY "shall produce Dr. Abdullah, Dr. Al Mazroo, and Dr. Al Wohaibi as our 30(b)(6) witnesses in that order over the course of whatever time remains of your 10.5 hours after your 30(b)(6) deposition of Dr. Noorwali. The factual testimony of Dr. Al Wohaibi is set for October 23-24.") The positions asserted by WAMY are illogical, inefficient, and contrary to the rules.

  First, the Federal Rules of Civil Procedure are clear—and courts have repeatedly held—that the deposition of each witness designated under Rule 30(b)(6) is considered a separate deposition for purposes of the presumptive durational limit placed on depositions. Fed. R. Civ. P. 30(b)(6) advisory committee's notes (2000) ("For purposes of th[e presumptive durational limitation], the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."); *see also Sabre v. First Dominion Capital, LLC,* No. 01 Civ. 2145 (BSJ)(HBP), 2001 U.S. Dist. Lexis 20637, at *2 (S.D.N.Y, Dec. 10, 2001), 51 Fed. R. Serv. 3d (Callaghan) 1405 (citing the advisory committee notes). So, for calculating the time available for each of the representatives that WAMY designated under

Omar T. Mohammedi, Esq.
October 9, 2019
Page 2

Rule 30(b)(6), the deposition of each witness is allotted the full presumptive period. Plaintiffs are not required, as WAMY has intimated, to split the presumptive time allotted for a single deposition among all four of WAMY's Rule 30(b)(6) representatives.

Second, because the proper scope of questioning of a Rule 30(b)(6) witness is not bound by the deposition notice,[1] the PECs are not required to segregate Dr. Wohaibi's deposition (or any other witness's deposition) into separate periods, one for Rule 30(b)(6) testimony and another for testimony as an individual fact witness. Indeed, if we were to do so, we would be entitled to twice the presumptive time with the witness. However, the PECs anticipate that such segregation is unnecessary, and that we will complete Dr. Wohaibi's deposition in a single presumptive time period, barring any intervening interference that would cause that period to be extended.

While these clarifications are necessary before we embark on the depositions later this month, practically speaking, they do not materially change the schedule that WAMY has set out for completing these witnesses' depositions. The PECs anticipate taking the depositions within the time and in the order that WAMY has proposed. Specifically, we anticipate deposing Dr. Abdullah and Dr. Al Mazroo on October 21 and 22, and Dr. Wohaibi on October 23 and 24.

Please advise us promptly whether you agree that (1) the deposition of each witness designated under Rule 30(b)(6) is considered a separate deposition for purposes of the presumptive durational limit placed on depositions (i.e., that plaintiffs are permitted to question each Rule 30(b)(6) witness for the full presumptive time period), and (2) that plaintiffs need not segregate the Rule 30(b)(6) testimony of a witness and the individual fact testimony of the same witness into separate depositions. If you do not agree, please explain your position. To the extent that we continue to disagree, we intend to place these issues before the Court promptly to have them resolved before we travel to Madrid later this month.

Sincerely,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ *Sean P. Carter* | By: /s/ *Robert T. Haefele* |
| SEAN P. CARTER | ROBERT T. HAEFELE |
| COZEN O'CONNOR | MOTLEY RICE LLC |
| One Liberty Place | 28 Bridgeside Boulevard |
| 1650 Market Street, Suite 2800 | Mount Pleasant, SC 29465 |
| Philadelphia, Pennsylvania 19103 | Tel.: (843) 216-9184 |

---

[1] *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38 (S.D.N.Y. 2009) (Maas, Mag. J.) (citing *Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, No. CV 2005-620 (JFB) (MDD), 2006 U.S. Dist. LEXIS 23419, 2006 WL 1120632, at *1 (E.D.N.Y. Apr. 26, 2006) (Go, Mag. J.)); *see also* 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) ("[T]he scope of the inquiry is governed only by the general scope of discovery, and not limited to the specific areas identified.").

.

Omar T. Mohammedi, Esq.
October 9, 2019
Page 3

---

    Tel.: (215) 665-2105
    Email: scarter@cozen.com

*For the Plaintiffs' Exec. Committees*

    Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER LLP

By: /s/ *Andrew J. Maloney*
    ANDREW J. MALONEY
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*

cc: Frederick J. Goetz, Esquire, Goetz & Eckland P.A – via email