N.Y.S.D. Case #
03-md-1570(GBD)

18-1201(L),
In re: Terrorist Attacks on Sept. 11, 2001

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 15 2019
```

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of October two thousand nineteen.

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
                *Circuit Judges*.

UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 2, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 53, UNDERWRITING OF MEMBERS OF LLOYD'S SYNDICATE 55, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 205, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 228, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 271, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 376, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 510, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 529, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 535, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 557, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 588, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 672, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 807, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 861, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 991, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 1003, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 1121, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 1209, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 1236, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 1243, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 1308, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 2003, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 2020, UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 2020, MARLON INSURANCE COMPANY LIMITED, COPENHAGEN REINSURANCE COMPANY (U.K.) LIMITED,

CERTIFIED COPY ISSUED ON 10/15/2019

UNIONAMERICA INSURANCE COMPANY LIMITED, SCOR GLOBAL P&C SE, SCOR UK COMPANY LIMITED, SCOR REINSURANCE ASIA-PACIFIC PTE LIMITED, SCOR REINSURANCE COMPANY (ASIA) LIMITED, SCOR REINSURANCE COMPANY, GENERAL SECURITY NATIONAL INSURANCE COMPANY, SCOR CANADA REINSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, AMERICAN ECONOMY INSURANCE COMPANY, AMERICAN FIRE & CASUALTY COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, EXCELSIOR INSURANCE COMPANY, FIRST LIBERTY INSURANCE CORPORATION, GENERAL INSURANCE COMPANY OF AMERICA, INDIANA INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY LLOYD'S OF TEXAS INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY & CASUALTY INSURANCE COMPANY, LIBERTY MANAGING AGENCY LIMITED, for and on behalf of THE LLOYD'S UNDERWRITING MEMBERS FROM TIME TO TIME OF LLOYD'S SYNDICATES 4472, 190, AND 282, LIBERTY MUTUAL INSURANCE EUROPE LIMITED, MIDWESTERN INDEMNITY COMPANY, NETHERLANDS INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY, PEERLESS INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, WAUSAU BUSINESS INSURANCE COMPANY, WAUSAU UNDERWRITERS INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, AMERICAN SAFETY INDEMNITY COMPANY, AMERICAN SAFETY CASUALTY INSURANCE COMPANY, ODYSSEY REINSURANCE COMPANY, QBE INSURANCE (INTERNATIONAL) LTD., NEW REINSURANCE COMPANY, LTD., MUENCHENER RUECKVERSICHERUNGS-GESELLSCHAFT, AKTIENGESELLSCHAFT IN MUENCHEN, AIG SPECIALTY INSURANCE COMPANY, CHARTIS EXCESS LIMITED, AIU INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AIG INSURANCE COMPANY OF CANADA, AIG ASSURANCE COMPANY, AIG PROPERTY CASUALTY COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, GRANITE STATE INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., NEW HAMPSHIRE INSURANCE COMPANY, AIG INSURANCE COMPANY - PUERTO RICO, ARROWOOD SURPLUS LINES INSURANCE COMPANY, fka ROYAL SURPLUS LINES INSURANCE COMPANY, ARROWOOD INDEMNITY COMPANY, FKA ROYAL INDEMNITY CO., LIBERTY INSURANCE UNDERWRITERS, INC., GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, LUIS AGUILAR, RENA ALEXANDER, JAMES ALAMIA, PHILIP ANNUNZIATO, PATRICIA ANCONA, DESIDERIO ARBOLEDA, MARCELO ATIENCIA, RICHARD BALLERINI, MICHAEL BANAHAN, VIRGINIA BARBOSA, CARON ADDESSO, JORGE ALBAN, SANDY ALBERTO, RAUL ALCIVAR, CANDIDA ALMONTE, DORIA S. ALVAREZ, JUAN ALVAREZ, MARIA ALVAREZ, JOSE ALVARRACIN, ROSA BEATRIZ ANGAMARCA, MIRIAM HODGES, ROBERT E. HOEHN, JR., BRIAN HOESL, THOMAS HOGAN, DOUGLAS HOLDER, GREGORY HOLGERSON, ROBERT HUTCHINSON, AMATO IANNELLI, PAUL INZIRILLO, CONSTANCE JAMES, TIMOTHY AIKEN, JOSEPH ANNIBALE, IVAN ASCENDIO, JOSEPH BAKER, BARBARA BARILE, LINDA BELINSKY, EMILIO BERMONTY, MICHAEL BITTNER, ANTHONY BLOUT, KATHLEEN BONDESON, MARCO

ACEVEDO, MRIAN ACEVEDO, GAIL ALTARO, ROBERT AIELLO, JUANA F. ADAMES, GINA AKOS, JAMES ADAMS, KARIMA ALFRED, Administratrix of THE ESTATE OF CLOVIS ALFRED, MANJEET AHLUWALIA, ALLEN J ADAMS, YOUSEF ABEDHAJAJREH, HAROLD ADAMS, ELIAS AKEREDOLU, PAT ACRI, LOUIS H AGUIRRE, ANTHONY AGNELLI, MOKHTAR AHMED, ALVIN ACEVEDO, ANDY AGUAYO, SAUNDRA ADAMS, RICHARD ABBATE, SUZANNE ACHORN, STEPHEN ADDEO, ANDRES ACEVEDO, VINCENZO ACQUISTA, CLIFF ACOSTA, HALA MORSY, FLORENCE ACRES, CHRISTOPHER ABRAMOWSKI, GIUSEPPE ACQUISTA,

   *Plaintiffs-Appellants*,

    v.

AL RAJHI BANK,

   *Defendant-Appellee*.[1]

            Nos. 18-1201-cv(L), 18-1264-cv(CON),
            18-1266-cv(CON),18-2162-cv(CON),
            18-2171-cv(CON)

_____

| | |
|---|---|
| Appearing for Appellants: | Richard D. Klingler, Sidley Austin LLP (Carter G. Phillips, Sidley Austin; Stephen A. Cozen, Sean P. Carter, Cozen O'Connor; James L. Bernard, Patrick N. Petrocelli, Stroock & Stroock & Lavan LLP; Paul J. Napoli, Christopher R. LoPalo, Napoli Shkolnik PLLC; Robert C. Sheps, *on the brief*), Washington, D.C. |
| Appearing for Appellee: | Christopher M. Curran, White & Case LLP (Nicole Erb, Matthew S. Leddicotte, Reuben J. Sequeira II, *on the brief*), Washington, D.C. |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REVERSED**.

   Plaintiffs-Appellants, corporate entities and individuals who suffered injury from the terrorist attacks on the United States on September 11, 2001 ("9/11 Attacks"), appeal from the June 27, 2018 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*), dismissing their claims that Al Rajhi Bank aided and abetted al Qaeda in attacking the United States and its interests for lack of personal jurisdiction and denying

---

[1] The Clerk of Court is directed to amend the caption as above.

3

Plaintiffs-Appellants request for jurisdictional discovery.[2] In brief, Plaintiffs-Appellants principally allege that Al Rajhi Bank provided financial services and donations to charities that it knew financially supported al Qaeda and provided financial services to known extremist operatives. They further allege Al Rajhi Bank's provision of financial services was done with the specific intent to further al Qaeda's terrorism against the United States. Plaintiffs-Appellants argue that the Southern District of New York has jurisdiction over Al Rajhi Bank because of its financial support of al Qaeda, and, in the alternative, because Al Rajhi Bank and al Qaeda entered into a conspiracy to target U.S. interests. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's dismissal of an action for want of personal jurisdiction *de novo*, construing all pleadings and affidavits in the light most favorable to the plaintiff and resolving all doubts in the plaintiff's favor." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). "We review a district court's denial of jurisdictional discovery for abuse of discretion." *Haber v. United States*, 823 F.3d 746, 754 (2d Cir. 2016).

This Court has held that "[p]roviding indirect funding to an organization that was openly hostile to the United States does not constitute . . . intentional conduct" that is "expressly aimed . . . at residents of the United States." *In re Terrorist Attacks on September 11, 2001*, 538 F.3d 71, 95 (2d Cir. 2008) ("*Terrorist Attacks III*"), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010) (internal quotation marks omitted); *see also In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 675 (2d Cir. 2013) ("*Terrorist Attacks VII*"). Therefore, the defendants in those cases were not subject to personal jurisdiction in the United States.

The inclusion of allegations related to Al Rajhi Bank's specific intent to further terrorism in the United States, however, distinguishes the present case from those in which we have not granted personal jurisdiction and warrants jurisdictional discovery. Construing all reasonable inferences in favor of the Plaintiffs-Appellants, the support alleged here, in conjunction with this specific intent, we believe is "more direct and one step closer to al Qaeda" when compared to the support we have previously found inadequate. *Terrorist Attacks VII*, 714 F.3d at 678. Given the factual issues that persist, we remand for jurisdictional discovery to determine: "(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda." *Id*. at 678-79.

---

[2] Although the district court issued its decision and order on March 28, 2018, the court entered judgment after granting the parties' joint Federal Rule of Civil Procedure 58(d) motion on June 27, 2018.

4

The order of the district court hereby is REVERSED and the case is REMANDED to the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*[signature: Catherine O'Hagan Wolfe]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature: Catherine O'Hagan Wolfe]*

5