LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 801
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x102
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, EASTERN & SOUTHERN
DISTRICT OF NEW YORK
US COURT ON INTERNATIONAL TRADE
ALGERIAN BAR

October 15, 2019

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

**RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Judge Netburn:

Defendants World Assembly of Muslim Youth-International and World Assembly of Muslim Youth-SA ("WAMY") are producing all of the witnesses who plaintiffs seek to depose at such dates and times as the parties have agreed. WAMY stands by its agreement reached with the Plaintiffs' Executive Committees (PECs) months ago agreeing to an extension of time to complete fact discovery so PECs could complete four depositions. One of those depositions has already been completed. As to the remaining depositions, WAMY expects that PECs will adhere to the limits on the duration of depositions established in the Court's Deposition Protocol Order. Doc. No. 3894 at ¶¶ 75-81 (limiting the duration of questioning by the noticing side to 7 hours, 10.5 hours in the event that the witness requires a translator). To that end, WAMY sent the PECs a letter on July 12, 2019 confirming the parties' agreement that the deposition duration time limits apply to four depositions at 10.5 hours each that PECs and WAMY agreed on. As long as PECs take the depositions within the time period allowed as they previously agreed, WAMY believes there is no issue for the Court to decide.

PECs, however, ignored WAMY's letter confirming the agreement for over twelve (12) weeks and now seek, on the eve of the scheduled depositions, to nullify the parties' agreement. As detailed below, there is no basis to disrupt the parties' agreement to conduct four depositions.

**The Agreement to Conduct 4 Depositions**

On April 10, 2019, the PECs asked WAMY to consent to an adjournment of the April 1, 2019 fact discovery deadline. The parties agreed WAMY would offer the extension based on Plaintiffs' representation that they were conducting a maximum of

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

four depositions: Dr. Wohaibi, Dr. Noorwali, Dr. Anwar, and WAMY's attorney in Saudi Arabia, Mr. Ibrahim Alshalan.[1] On April 12, 2019, plaintiffs confirmed that they were limiting their request for an extension for the purpose of conducting those four depositions only. *Id*.

On April 17, 2019, WAMY objected to plaintiffs' request to depose their attorney, Mr. Alshalan. In response, the PECs stated that they "may be willing to accept **a Rule 30(b)(6) witness that can provide testimony concerning banking records and other document issues**." *Id* (emphasis supplied). Based on the PECs' representation, WAMY agreed to produce such requested testimony concerning banking records and document issues through Rule 30(b)(6) testimony. *Id*.

On May 22, 2019, plaintiffs torpedoed that agreement by serving a Rule 30(b)(6) Notice seeking testimony on over 30 topics (73 subtopics) that went far beyond banking records and document issues and instead sought testimony concerning the entire scope of claims and allegations that plaintiffs have pursued throughout this litigation's history.

Once the Court issued an Order narrowing the topics set forth in the Notice,[2] WAMY designated four Rule 30(b)(6) witnesses—nearly doubling the total number of witnesses from the original four to seven. Thereafter, the parties worked out a deposition schedule. However, there was never any change in the parties' agreement as to the number of depositions. Instead of four fact witness depositions there would be three fact witness depositions and one 30(b)(6) deposition for the 30(b)(6) designees.

### The Parties Agree on a Deposition Schedule

Dr. Noorwali testified as a fact witness and as a Rule 30(b)(6) witness through a translator for approximately 7.25 hours on July 23, 2019, and another 4.2 hours on July 24, 2019.[3] Dr. Mazroo and Dr. Abdullah are scheduled to testify as Rule 30(b)(6) witnesses through a translator on October 21-22, 2019, and Dr. Wohaibi is scheduled to testify as a fact witness and as a Rule 30(b)(6) witness through a translator on October 23-24, 2019. The plaintiffs agreed to this schedule—with its inherent time limitations based on four depositions—many weeks ago.

### The PECs' Eleventh-Hour Request to Alter the Deposition Schedule

Notwithstanding, the PECs now seek a declaratory order from this Court (i) requiring WAMY to confirm its willingness to produce each of its witnesses for 12.75 hours per deposition despite having scheduled only one calendar day for each deposition and (ii) permitting plaintiffs to mix Dr. Wohaibi's fact and Rule 30(b)(6) testimony together over the course of two days for a marathon 25.5 hours of testimony. There is no basis to grant these requests.

---

[1] A copy of the parties' correspondence is annexed hereto as Exhibit 1.
[2] DKT # 4588
[3] The transcript frequently fails to clarify when the witness was testifying in his representative capacity pursuant to Rule 30(b)(6).

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

First, paragraph 74 of the Deposition Protocol limits questioning by the noticing side to seven (7) hours. Another 90 minutes of questioning by the non-noticing side is permissible. However, the time-and-a-half increase applicable to the noticing side (plaintiffs) results in 10.5 hours of questioning, only 8.5 of which is permitted in one calendar day. (DKT # 3849 at ¶¶ 78; 80).

Unlike the situation presented in *Sabre v. First Dominion Capital, LLC,* 2001 WL 1590544 (S.D.N.Y 2001), WAMY is not seeking to have the seven-hour time limit for a deposition apply cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative under Fed. R. Civ. P. 30(b)(6). Rather, consistent with the agreement of the parties, WAMY contends that the deposition duration time limits apply to four depositions at 10.5 hours each that PECS and WAMY agreed on. The PECS and WAMY agreed to conduct only four depositions, whether as fact or Rule 30(b)(6) depositions. In addition, WAMY's elderly witnesses cannot be subjected to a 10.5-hour—let alone 12.75-hour—day of questioning the PECs seem to suggest.

As to the second point, WAMY suggested that the PECs agree to segregate their questioning of Dr. Wohaibi in order to produce a clearer transcript. Moreover, in fairness to the witness, PECs must make clear in what capacity is he to answer the questions: as an individual limited to his personal knowledge or as a representative of the organization. However, if the plaintiffs choose to create a transcript that does not distinctly identify when Dr. Wohaibi is testifying in his personal versus representative capacity, they bear the risk of the confusion that will surely ensue.

### The Unpaid Witness Fees

Lastly, as raised by WAMY's July 12, 2019 letter and ignored by the PEC's for over 12 weeks, WAMY has a long-pending request for the payment of witness fees pursuant to 28 U.S.C. § 1821. WAMY should not have to shoulder these costs. Accordingly, WAMY respectfully asks the Court to instruct the PECs to respond to WAMY's outstanding request for payment and adopt a procedure for the reimbursement of costs incurred by WAMY's witnesses in connection with appearing for these depositions.

Respectfully submitted,

*/s/ Omar Mohammedi*

Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*

Frederick J. Goetz, Esq.