# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

October 17, 2019

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    On behalf of the Plaintiffs' Executive Committees (PECs), we write in response to the letter from WAMY's counsel received via email at 5:52 pm on October 16, 2019 (though dated October 15, 2019)(ECF No. 5212), and in furtherance of the PECs October 15, 2019 request at ECF No. 5206, raising two discrete issues about upcoming WAMY representative depositions. Aside from correcting an error in the PECs request at ECF No. 5206,[1] we note that WAMY has not disputed either of the two discrete issues placed before the Court for its consideration.[2]

---

[1] In the PECs initial request, we erroneously misinterpreted the Deposition Protocol Order to presumptively authorize 8.5-hour depositions plus an additional 50% of that time where the deposition is conducted through a translator, citing ECF No. 3894 ¶¶ 78, 81. However, the Protocol actually presumptively authorizes 7-hour depositions plus an additional 50% where conducted through a translator. Accordingly, in each instance where the PECs referenced a 12.75 presumptive limit, it should have referenced 10.5 hours, exclusive of attorney colloquy and breaks. ¶¶ 76, 79, 81. To date, each deposition has complied.

[2] The only two issues placed before the Court are: (1) whether the deposition of each witness designated under Rule 30(b)(6) is a separate deposition for purposes of the presumptive durational limit placed on depositions (i.e., that plaintiffs may question each Rule 30(b)(6) witness for the full presumptive time period), and (2) whether plaintiffs must segregate the Rule 30(b)(6) testimony of a witness and the individual fact testimony of the same witness into separate depositions.

Notably, in its response, WAMY raises for the first time, that witness fees for a parties' appearance at its own deposition should be taxed. That issue was never the subject of discussion, meet and confer or otherwise, for purposes of the discrete disputes raised for the court's consideration. Accordingly, unless the Court determines to expand the issues for the Court's consideration to address that issue, the PECs decline to respond. However,

The Honorable Sarah Netburn
October 17, 2019
Page 2

      Instead of responding to the two issues presented for the Court's consideration, WAMY essentially reargues issues from its June 5, 2019 motion for protective order (ECF No. 4571), which the Court resolved in the Court's June 14, 2019 Order (ECF No. 4588), where the Court authorized the PECs to pursue the depositions of WAMY's Rule 30(b)(6) designated witnesses after striking certain paragraphs from the notices. *Id.* WAMY designated witnesses to address the remainder of the issues as to which the Court authorized the depositions to proceed. As a result, at present, there is no dispute about whether the PECs may proceed with the depositions of the Rule 30(b)(6) witnesses.

      In short, the PECs issued a Rule 30(b)(6) notice, the Court ruled on which aspects of that notice the depositions would proceed, WAMY designated witnesses to respond to those issues, and the parties agreed on dates to proceed with those depositions. The only issues that remain open are (1) whether the PECs have 10.5 hours per each designated witness, as authorized by the rules and applicable case law, and (2) whether the PECs are obligated to split personal knowledge and Rule 30(b)6) depositions apart, contrary to what the rules require. Unfortunately, the Court's intervention appears necessary to confirm what is already plain from the rules and case law.

      As the PECs expressed in our opening letter, we anticipate completing the depositions of the noticed witnesses within the presumptive time authorized under the Protocol Order, as described by the PECs, absent intervening interference. Importantly, though, to the extent that WAMY's position can be interpreted to suggest that WAMY's proposed deposition schedule is immutable regardless of the conduct of counsel or witness, the PECs disagree. The parties' scheduling agreements are necessarily without waiver of protections (including but not limited to those incorporated into the Deposition Protocol Order) against counsel or witness conduct necessitating a deposition extending beyond the agreed upon schedule. For example, if extended colloquy throughout the course of a 10-hour deposition results in a witness's deposition falling to a date beyond the agreed dates, the PECs have not agreed to waive the conclusion of the deposition. *See* ECF No. 3894 ¶ 789(colloquy and breaks are excluded from the presumptive time limits).

      The PECs have agreed to conduct the depositions (through translators) over the course of only four days of two WAMY Rule 30(b)(6) witnesses and one WAMY witness that is both a 30(b)(6) witness and a fact witness due to his long tenure as an senior officer of WAMY. Under the Protocol, the Rules, and as a professional courtesy, counsel are obligated to work toward an agreement in the limited instances where time beyond the presumptive limits may be needed. Here, the PECs have expressed the intention of conducting the depositions of the two 30(b)(6)-only witnesses within the presumptive time prescribed for each (and anticipate it being less). Moreover, although the span of testimony to be covered by Dr. Wohaibi, the mixed personal knowledge/30(b)(6) witness, is anticipated to be much broader and could be expected to be longer than a single 10.5 hour limit, the PECs nonetheless intend to conduct the depositions of all three witnesses within the four days set aside for the depositions, and have not asked for an additional full 10.5 hours to conduct separate depositions of Dr. Wohaibi as a fact and designated witness. However, rather than working to resolve the potential issue regarding the time needed to complete Dr. Wohaibi's deposition, WAMY indicated

---

if the Court is interested in addressing the issue, the PECs request an opportunity to address the point after the parties have conferred.

its intention to require all of the witnesses' 30(b)(6) testimony to be conducted within 10.5 hours split among the four witnesses, effectively shortening the time presumptively authorized.

Again, the PECs ask the Court to address the two discrete issues called to the Court's attention, and that WAMY has not disputed in its response—namely: (1) that plaintiffs may question each Rule 30(b)(6) witness for the full presumptive time period (as authorized by the cited authorities), and (2) that plaintiffs are not obligated to segregate the Rule 30(b)(6) testimony of a witness and the individual fact testimony of the same witness into separate depositions (in accord with cited authorities). We respectfully ask for an order confirming those answers, so that the depositions may proceed as planned next week.[3]

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ *Sean P. Carter* <br> SEAN P. CARTER <br> COZEN O'CONNOR <br> One Liberty Place <br> 1650 Market Street, Suite 2800 <br> Philadelphia, Pennsylvania 19103 <br> Tel.: (215) 665-2105 <br> Email: scarter@cozen.com | By: /s/ *Robert T. Haefele* <br> ROBERT T. HAEFELE <br> MOTLEY RICE LLC <br> 28 Bridgeside Boulevard <br> Mount Pleasant, SC 29465 <br> Tel.: (843) 216-9184 <br> Email: rhaefele@motleyrice.com |
| *For the Plaintiffs' Exec. Committees* | *For the Plaintiffs' Exec. Committees* |

KREINDLER & KREINDLER LLP

By: /s/ *Andrew J. Maloney*
    ANDREW J. MALONEY
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*

---

[3] WAMY's suggestion that the PECs must make clear in what capacity a witness is answering a question is completely contrary to the relevant authorities. *See, e.g., Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 (CBA)(MDG), 2012 U.S. Dist. LEXIS 113819 *13-14; 2012 WL 3536987 (E.D.N.Y. Aug. 13, 2012) (explaining that the appropriate means of preserving the distinction is for the witness's counsel to object to a question, in a non-interfering manner, as beyond the notice to preserve for the record that the deponent is answering in an individual, not corporate, capacity; counsel "must state his objections to scope simply by stating 'Objection, beyond the scope of the deposition notice.'"); *A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, Civ. No. 3:07CV929 (WWE), 2013 U.S. Dist. LEXIS 167800 *5-7, 2013 WL 6212159 (D. Conn. Nov. 26, 2013) (citing cases) (citing a party's right to object in a non-intrusive manner to inquiries outside the scope of a 30(b)(6) notice and that testimony outside the scope must nonetheless be provided, though in the witness's individual capacity).

The Honorable Sarah Netburn
October 17, 2019
Page 4

_____


cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF