LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, EASTERN & SOUTHERN
DISTRICT OF NEW YORK
US COURT ON INTERNATIONAL TRADE
ALGERIAN BAR

September 3, 2019

**VIA ELECTRONIC MAIL**
Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Exec. Committees*

Sean P. Carter, Esq.
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
*For the Plaintiffs' Exec. Committees*

Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: amaloney@kreindler.com
*For the Plaintiffs' Exec. Committees*

**In re: Terrorist Attacks on September 11, 2001 03 MDL 1570 (GBD) (SN)**

Dear Counsel:

This responds to your letter sent at 5:47 p.m. on August 30, 2019 regarding the deposition of Ibrahim Anwar Ibrahim, and follows up on our letters dated July 19, 2019, August 9, 2019 and August 29, 2019 concerning same.

First, Plaintiffs' claiming to be "now concerned that little effort has been made to comply with the Court's protocol preference for deposition venue" is misplaced given the fact that our letters -- advising **(i)** of Spain's denial of Mr. Anwar's visa, **(ii)** regarding the unlikelihood that he (an Iraqi national) would be granted entry to any of the Presumptively Acceptable Locations identified in the Deposition Protocol Order ("**DPO**") (ECF No. 3894, ¶ 31), and **(iii)** proposing that Mr. Ibrahim's deposition proceed by video deposition -- predated your Letter by three weeks, and one day. Most recently we followed up with the letter on August 29, 2019. It is ***WAMY*** who is concerned about the "little effort" exerted by ***Plaintiffs*** to communicate and find a resolution to this issue. To date, the PECs have yet to respond to WAMY to propose possible dates for Mr. Anwar's deposition.

Second, WAMY is unable to move ahead with a second attempt at obtaining a visa for Ibrahim Anwar until we receive a Notice of Deposition from PECs specifying the dates and location of the deposition. WAMY asked for specific dates for the Anwar deposition at the conclusion of the Noorwali deposition on July 24, 2019. We still have not received such dates from you. Our understanding is that Spanish immigration officials will not issue a blanket business visa for an Iraqi national. Rather the application must include verification as to the specific dates that the applicant is required to be in Spain and the purpose of the business. Once we receive the Notice of Deposition from you specifying dates we will then be able to move forward with a second attempt at obtaining the visa for Ibrahim Anwar.

That said, neither WAMY nor the witness has any leverage to compel a sovereign nation to approve a visa application. They can only make the application and provide the supporting documents, which they did. Please know WAMY went out of its way to offer proof of financial support for Mr. Anwar to cover all expenses while in Madrid. Your letter's comparisons of the situations of Riaz Khan and Abderraouf Khalaf Alshorman, on the one hand, to Mr. Anwar's, on the other, are unpersuasive. Visa approval is on a case by case basis and is also based on the nationality of the applicant.

Third, in order to avoid the cost and effort of going through a visa application process that may well be denied, and to ensure that the Anwar deposition is completed by October 31, 2019, we ask that you consider two viable and practical alternatives:

1. Produce Mr. Anwar for a video deposition

2. Producing Mr. Anwar for deposition in Istanbul, Turkey at a mutually agreeable time in advance of the October 31, 2019 fact discovery deadline. Though this location is not listed as a Presumptively Acceptable Location in the DPO, we trust the Court would approve of the parties coming up with a solution without judicial intervention. There are no travel advisories by the US State Department as to Istanbul. The location has ample facilities that could accommodate all parties and the efficient taking of the deposition. Further, we believe that Ibrahim Anwar will be able to obtain a travel visa to Turkey allowing us to complete the deposition by October 31, 2019.

DPO ¶ 25 requires the parties to "promptly confer to discuss alternative dates" to the extent that "a proposed witness is unable to be deposed on the noticed date of his or her deposition", and DPO ¶ 31 provides that ". . . upon agreement of the Parties, a deposition may take place in some location other than those four Presumptively Acceptable Locations". WAMY is attempting to utilize the DPO's flexibility to resolve the issue at hand. We hope that PECs will do the same and agree to take the Anwar deposition in Istanbul if not by video-conferencing.

It is up to Plaintiffs to respond in kind to WAMY's efforts to "confer [and] discuss" to find a solution. *See* DPO, ¶ 25. In order to finalize everyone's busy schedules in advance, we need an immediate response from Plaintiffs as to the foregoing.

Finally, witnesses testifying on behalf of WAMY have requested payment of witness fees. Witnesses not parties to this lawsuit may seek from Plaintiffs to recover deposition expenses pursuant to 28 U.S.C. 1821. Please let us know to whom receipts for these expenses should be submitted for reimbursement.

Thank you. We look forward to your prompt reply.

Sincerely,

*/s/ Omar Mohammedi*
Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*
Frederick J. Goetz, Esq.