UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/2019

**SARAH NETBURN, United States Magistrate Judge:**

On May 22, 2019, the Plaintiffs' Executive Committees ("Plaintiffs") noticed a Rule 30(b)(6) deposition of Defendants World Assembly of Muslim Youth-International and World Assembly of Muslim Youth-SA (collectively, "WAMY") (the "Deposition Notice"). On June 14, 2019, the Court granted in part WAMY's motion for a protective order, narrowing the scope of the Deposition Notice. ECF No. 4588. WAMY designated four witnesses to testify on its behalf, and the parties subsequently agreed on dates to proceed with each deposition.[1]

On October 15, 2019, Plaintiffs requested that the Court resolve two related disputes: (1) whether the deposition of each Rule 30(b)(6) witness is a separate deposition for purposes of the presumptive durational limit placed on depositions; and (2) whether Plaintiffs are required to segregate into separate depositions a witness's Rule 30(b)(6) testimony from his individual fact testimony. ECF No. 5211. WAMY filed a response on October 16, 2019, and both parties submitted additional letters on October 17. ECF Nos. 5213, 5214. The Court addresses these disputes in turn.

---

[1] The four witnesses are Dr. Ibrahim Abdullah, Dr. Abdulhameed al Mazroo, Dr. Saleh al Wohaibi, and Dr. Noorwali. Drs. Abdullah and Mazroo were noticed only as Rule 30(b)(6) witnesses, whereas Drs. Wohaibi and Noorwali were noticed both in their individual capacity and as a corporate representative. Dr. Noorwali was deposed in July 2019, and the remaining depositions will occur from October 21–24, 2019.

Under the Federal Rules of Civil Procedure, a deposition is generally limited to one day of seven hours. See Fed. R. Civ. P. 30(d)(1). "[F]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." I/P Engine, Inc. v. AOL, Inc., 283 F.R.D. 322, 326 n.5 (E.D. Va. 2012); accord Wright & Miller, Federal Practice & Procedure, § 2104.1 (3d ed.). This remains true even if the witness will also testify in his individual capacity. See Sabre v. First Dominion Capital, LLC, No. 01-CV-2145 (BSJ) (HBP), 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). Accordingly, Plaintiffs may depose each Rule 30(b)(6) witness for the full presumptive period — in this case, 10.5 hours.[2]

WAMY contends that the parties agreed that all 30(b)(6) testimony would be completed within a single 10.5-hour timeframe. See ECF No. 5212, at 2–3. Because the scope of that agreement is unclear — and because Plaintiffs' proposed discovery is plainly permitted under the Federal Rules — the Court declines to rule on these grounds. See ECF No. 4588 at 1 n.1 (adopting a similar rationale to evaluate WAMY's motion for a protective order).

Plaintiffs are further directed to segregate Dr. Wohaibi's testimony into separate periods, one for Rule 30(b)(6) testimony and another for testimony as an individual fact witness. Doing so will ensure that the parties (and if necessary, the Court) can discern which portions of Dr. Wohaibi's testimony bind the corporation, and which do not. See L-3 Commc'ns Corp. v. OSI Sys., Inc., No. 02-CV-9144 (PAC), 2006 WL 988143, at *9 n.14 (S.D.N.Y. Apr. 13, 2006) ("As a general rule, a 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity, and he is responsible for providing all the relevant information known or reasonably available to the entity.") (internal citations and quotation marks omitted).

---

[2] Under the January 31, 2019 Deposition Protocol, Plaintiffs are allotted 10.5 hours of questioning for each of these witnesses, only 8.5 of which is permitted in one calendar day. See ECF No. 3894, ¶¶ 75–80.

Moreover, deponents who are both noticed as an individual witness and produced as a corporate representative are "presumptively subject to *independent* seven-hour time limits." Sabre, 2001 WL 1590544, at *1 (emphasis added). This suggests that these individuals are normally deposed twice — once in their individual capacities, and a second time as a corporative representative. If the noticing party conducted both depositions simultaneously, there would be no reasonable way to ensure that the witness spent only seven hours answering questions in each capacity.

The cases cited by Plaintiffs do not compel a different result. In Meyer Corp. U.S. v. Alfay Designs, Inc., plaintiff counsel "repeatedly raised the objection that questions posed to a Rule 30(b)(6) witness . . . were beyond the scope of the deposition notice." No. 10-CV-3647 (CBA) (MDG), 2012 WL 3536987, at *4–5 (E.D.N.Y. Aug. 13, 2012). The court ruled that these questions were permissible, but allowed counsel to object "in order to preserve for the record that the deponent is answering such a question in an individual, not corporate, capacity." Id. Similar reasoning was used in A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co., No. 07-CV-929 (WWE), 2013 WL 6212159, at *1–2 (D. Conn. Nov. 26, 2013). There, the court permitted the deponent to object during the deposition to any questions exceeding the scope of the 30(b)(6) notice, finding that such questions were "not bind[ing] on the corporation, but . . . merely treated as the answers of the individual deponent." Id.

These cases are distinguishable. Although they suggest a corporative representative can be required to answer questions in his individual capacity, they do not address the situation where a deponent has been produced as a corporative representative *and* noticed as an individual witness. The difference is meaningful, as the burden on the deponent's counsel to object to

3

questions that are outside the scope of the Rule 30(b)(6) notice is significantly greater when the deponent is also a fact witness.

Accordingly, Dr. Wohaibi should be deposed once in his individual capacity, and a second time in his capacity as a corporative representative. Given Plaintiffs' representation that the combined deposition would have been completed in less than 10.5 hours, the Court does not anticipate that the separated depositions will take an excessive amount of time, let alone the full 21 hours available to Plaintiffs under the Deposition Protocol. This should allow the parties to complete WAMY's depositions next week, even if Dr. Wohaibi's second deposition extends into Friday, October 25.

## CONCLUSION

The Court concludes that Plaintiffs: (1) may depose each Rule 30(b)(6) witness for the full presumptive time period; but (2) are required to segregate Dr. Wohaibi's testimony into separate periods, one for Rule 30(b)(6) testimony and another for testimony as an individual fact witness. In addition, the parties are directed to meet-and-confer regarding WAMY's request for witness fees pursuant to 28 U.S.C. § 1821.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 18, 2019
         New York, New York