**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) | Civil Action No. 03 MDL 1570 (GBD) (SN) |
| TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) | **[PROPOSED] ORDER** |

Having considered the request of the Kingdom of Saudi Arabia ("Saudi Arabia") for a scheduling order to govern the remainder of jurisdictional discovery and address related matters, the response of the Plaintiffs' Executive Committees ("Plaintiffs"), and other matters of record; and finding that the requested order would assist in "secur[ing] the just, speedy, and inexpensive determination" of this matter, Fed. R. Civ. P. 1, and in implementing Judge Daniels' authorization for "limited and targeted jurisdictional discovery," ECF No. 3946, at 23; the Court directs as follows:

**1.**     Fact depositions in connection with jurisdictional discovery against Saudi Arabia may begin on or after November 4, 2019, and shall conclude on or before February 1, 2020. Each side may depose no more than 10 fact witnesses, except as expressly set forth below. Depositions of non-party witnesses (whether or not already completed or scheduled) are included in this limit.

**2.**     On or before November 15, 2019, Plaintiffs and Saudi Arabia shall disclose to one another the names of any fact witnesses from whom either party will use a declaration in connection with Saudi Arabia's renewed motion to dismiss for lack of jurisdiction, other than declarations solely to authenticate or to provide foundation for documents. Each party may depose any such witness named by the other side without such a deposition counting towards the 10-deposition limit set forth in Paragraph 1.

3. On or before the earlier of (a) two weeks before a fact witness's deposition or (b) four weeks before the close of fact discovery, Plaintiffs and Saudi Arabia shall serve upon one another any declaration from that witness that either party will use in connection with Saudi Arabia's renewed motion to dismiss for lack of jurisdiction, other than declarations solely to authenticate or to provide foundation for documents.

4. Expert discovery will not be part of jurisdictional discovery in this case. Neither Plaintiffs nor Saudi Arabia shall submit any expert declaration in connection with Saudi Arabia's renewed motion to dismiss for lack of jurisdiction.

5. The parties shall meet and confer to determine the locations of depositions on a case-by-case basis. There is no presumption that a witness who does not reside either in the United States or in Western Europe must travel to the United States or to Western Europe for his or her deposition.

6. No party may serve further written discovery, including requests for documents, interrogatories, and requests for admissions, without leave of Court for good cause shown.

7. The briefing for Saudi Arabia's renewed motion to dismiss for lack of jurisdiction shall proceed on the following schedule:

    a. Forty-five days after the close of discovery, Plaintiffs shall file with the Court proposed findings of fact, supported by all evidence on which Plaintiffs will rely as part of their *prima facie* case in opposition to Saudi Arabia's renewed motion to dismiss.

    b. Forty-five days after Plaintiffs file their proposed findings of fact, Saudi Arabia shall file its renewed motion to dismiss, together with proposed findings of fact, supported by all evidence on which Saudi Arabia will rely as part of its *prima facie* case

in support of its motion; and with objections to Plaintiffs' proposed findings of fact, supported by any appropriate evidence.

      **c.**      Thirty days after Saudi Arabia files its renewed motion to dismiss, Plaintiffs shall file an opposition, together with objections to Saudi Arabia's proposed findings of fact. Any evidence submitted with the opposition shall be limited to reasonable rebuttal of Saudi Arabia's *prima facie* case and may not include evidence that should have been part of Plaintiffs' *prima facie* case.

      **d.**      Thirty days after Plaintiffs file their opposition, Saudi Arabia may file a reply. Any evidence submitted with the reply shall be limited to reasonable rebuttal of Plaintiffs' opposition and may not include evidence that should have been part of Saudi Arabia's *prima facie* case.

It is SO ORDERED.


Dated: _____                       _____