UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
:
:
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001      03 MDL 1570 (GBD)(SN)
:
:
-----------------------------------------------------------------------X

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

2. In my official capacity as Section Chief of RIDS, I supervise approximately 244 employees who staff a total of twelve (12) Federal Bureau of Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures;

judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526,[1] and the preparation of declarations in support of Exemption 1 claims asserted under the FOIA. I have been designated by the Attorney General of the United States as an original classification authority (OCA) and a declassification authority pursuant to Executive Order (E.O.) 13526, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. I am submitting this declaration in support of the Government's memorandum of law in opposition to the Plaintiffs' Motion to Compel, which I am advised requests that the Court order the FBI to conduct additional searches in response to a subpoena and *Touhy* request served in April 2018 on the FBI in this matter. This matter does not pertain to a FOIA request and I do not have personal knowledge of the work done by the FBI in response to the subpoena and *Touhy* request. However, I am advised that in support of their motion to compel, the Plaintiffs submitted a declaration from a former FBI Special Agent named Bassem Youssef, who opines that based on how the FBI processes FOIA requests, the FBI could have, by now, reviewed, processed and produced in response to the subpoena/*Touhy* request, all the documents in a pending classified FBI counterterrorism investigation relating to the September 11, 2001 terrorist attacks. I am advised that Mr. Youssef cites to my November 21, 2016 declaration in the matter of *Broward Bulldog v. DOJ*, No. 16-cv-61289 (U.S.D.C., S. D. Fl.) for this contention.

4. The approximately 244 employees assigned to RIDS have no operational responsibilities to

---

[1] 75 Fed.Reg. 707 (December 29, 2009).

2

investigate or prevent terrorist or other criminal activity and, therefore, with the exception of certain employees in the Classification Units (CUs) in RIDS, they are generally dedicated full-time to handling FOIA/Privacy Act matters.[2] When courts order large volumes of documents to be produced, RIDS pulls its employees from other FOIA requests to meet the court-imposed deadlines. Because of the extremely large number of FOIA requests received by the FBI and the numerous court-ordered deadlines for processing of FOIA requests, with the exception of personnel in the CUs who assist with review of documents in response to civil discovery requests, RIDS employees do not work on responses to subpoenas or *Touhy* requests in civil litigation.

5. The processing time for a FOIA request may vary from case to case, depending on the complexity of the request, the type and sensitivity of the information at issue, whether the records sought relate to a pending investigation[3], whether referrals need to be sent to other government agencies, and other factors. Thus, it is not possible to extrapolate from one case what the processing time should be for another request.

6. Also, while a FOIA review of classified documents focuses on whether information meets the procedural and substantive criteria for classification and is therefore subject to FOIA Exemption 1, in FOIA matters the FBI does not ordinarily conduct a declassification review to consider, among other things, whether information that is currently and properly classified

---

[2] As I stated in the November 21, 2016 declaration in *Broward Bulldog*, in addition to reviewing documents responsive to FOIA/Privacy Act requests, personnel in the CUs review documents in connection with criminal and civil discovery requests, Congressional and Presidential mandates, and other matters, in order to determine whether such material should remain classified or be declassified. Personnel from CU have been assisting with the processing of documents in response to the subpoena/*Touhy* request.

There have also been extraordinary occasions, such as with certain record requests from Congress, where RIDS employees from units other than CU have assisted.

[3] In response to FOIA requests, the FBI generally categorically denies access to all records in pending investigative files. There may be an exception to the general rule where, as is the case with the investigation of the September 11, 2001 attacks, there have been prior official disclosures of information about the pending investigation.

3

should nevertheless be declassified in the FBI's discretion under section 3.1 of E.O. 13526. That section provides:

> It is presumed that information that continues to meet classification requirements under this order requires continued protection. In some exceptional cases, however, the need to protect such information may be outweighed by the public interest in disclosure of the information, and in these cases the information should be declassified. When such questions arise, they shall be referred to the agency head or the senior agency official. That official will determine, as an exercise of discretion, whether the public interest in disclosure outweighs the damage to national security that might reasonably be expected from disclosure.

7. In addition, in response to FOIA requests, the FBI does not interact with foreign governments to seek approval to release classified information or information, which is otherwise restricted from dissemination without the approval of the foreign government.

8. I am advised that Mr. Youssef claims in his declaration that as Unit Chief of the Digital Media Exploitation (DMX) Unit and the Communications Analysis Unit he was tasked with working with the FBI's Office of the General Counsel and, on a number of occasions with the General Counsel personally, "to coordinate the declassification and dissemination of" the FBI's responses to more than 50 FOIA requests. I am advised that Mr. Youssef does not identify any of the FOIA requests he claims to have worked on, and there is no practical way for RIDS to try to determine what FOIA requests he may be referring to. Nor does Mr. Youssef define what he means by "coordinating the declassification and dissemination" of documents, and thus it is unclear what role he claims to have played with respect to these FOIA requests. However, I can say that the processing of FOIA requests is coordinated by RIDS. It is often the case that the information at issue in a FOIA lawsuit is either classified or very sensitive law enforcement information, and so RIDS consults frequently with Special Agents and other FBI personnel in the field and in various operational FBIHQ divisions as subject matter experts as they are best situated to provide their expertise about investigations, programs,

processes, techniques, etc. This further ensures that any exemptions applied are appropriate and must be protected. However, personnel outside of RIDS would not have primary responsibility for processing FOIA requests.

9. Furthermore, within the FBI the authority to declassify information may only be exercised by an OCA or by officials who have been delegated declassification authority in writing by the Director of the FBI or the senior agency official designated in accordance with EO 13526 section 3.1(b)(4). Such authority is granted to only a very limited number of FBI employees. Within RIDS, I am a designated OCA as Section Chief and only the Assistant Section Chief and the Unit Chiefs of the three CUs are declassification authorities.

10. Executed this 20th day of June 2019.

*DAVID M. HARDY*