UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Bakahityar Kamardinova et al. v. Islamic Republic of Iran*, No. 1:18-cv-05339 (GBD) (SN)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTIONS TO ORDER OF JUDGMENT

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Order of Judgment, and say:

### BACKGROUND

On August 26, 2019, this Court entered an Order of Judgment on behalf of certain moving plaintiffs in *Bakahityar Kamardinova et al. v. The Islamic Republic of Iran et al.*, 18-cv-5339 (ECF No. 4996) (the "*Kamardinova* Plaintiffs"). The *Kamardinova* Plaintiffs, comprised one-hundred forty-four (144) of the plaintiffs in the case, who are each a spouse, parent, child, or sibling (or their estate) of a victim killed in the terrorist attacks on September 11, 2001. Each individual plaintiff was awarded damages as set forth in Exhibit A to ECF No. 4996. Exhibit A to ECF No. 4996 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to reflect a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 4996 was entered, plaintiffs' counsel prepared the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 4996 on Iran in addition to finalizing applications to the United States Victims of State Sponsored Terrorism Fund. In the course of this review, plaintiffs' counsel discovered one error in the exhibit they had presented to the Court, but given the multitude of motions that the Court was reviewing in August and

September, plaintiffs' counsel have waited until after the flurry of motions were decided to formally raise this issue with the Court. Due to this error, plaintiffs' counsel did not apply to the United States Victims of State Sponsored Terrorism Fund on behalf of Amanda Castrillon, and now plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 4996 to correct plaintiffs' counsel's clerical mistake.

## ARGUMENT

### I. Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Emp'rs Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)); *Dura-Wood Treating Co., A Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982). The United States Court of Appeals for the Second Circuit examined an analogous issue *in Fluoro Elec. Corp. v. Branford Assocs.* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* In *Wheeling Downs Race Track and Gaming Ctr. v. Kovach*, the United States District Court for the

docs-100201964.1

Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004). Here, the error is mechanical in nature and does not require substantive judgment. The correction of ECF No. 4996 would reflect the actual intent of plaintiffs in obtaining the default judgment against Iran.

The clerical mistake included in plaintiffs' Exhibit A to ECF No. 4996 include an individual who was not a United States national on September 11, 2001. Plaintiffs incorrectly surmised that they possessed U.S. citizenship documents for Amanda Castrillon who appears on line 126 of Exhibit A to ECF No. 4996. Plaintiffs' counsel has determined that United States citizenship documentation has not been obtained that would render Ms. Castrillon eligible for judgment pursuant to 28 U.S.C. § 1605A which limits relief in this situation to "a national of the United States . . . at the time the act . . . occurred." 28 U.S.C. § 1605A(a)(2)(A)(ii)(I). Given that no such documentation has yet been obtained for Ms. Castrillon, we ask that the judgment for Amanda Castrillon be vacated and that the Clerk remove Amanda Castrillon from the Judgment Index as she is not entitled to the relief that was awarded at the present time subject to her furnishing to counsel sufficient citizenship documentation rendering her eligible for a judgment pursuant to 28 U.S.C. § 1605A.

## CONCLUSION

The correction requested by Plaintiffs is clerical in nature despite being predicated on oversights and omission by plaintiffs' counsel in preparing the Exhibit A to ECF No. 4996. The requested correction does not raise issues with the substantive judgment contained in ECF No. 4996 and will not in any way change the Court's disposition. Instead, the correction of ECF

No. 4996 will allow it to more accurately reflect the Court's and plaintiffs' intent. Moreover, the correction is necessary to the administration of justice insomuch as not making them will potentially affect the rights of the plaintiffs to enforce and collect on the judgment this Court intended in their favor. For the foregoing reasons, plaintiffs respectfully request that the judgment for Amanda Castrillon be vacated and that the Clerk remove Amanda Castrillon from the Judgment Index.

Dated:  November 12, 2019

/s/ Jerry S. Goldman

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Stephen Wah, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-278-1000
Fax: 212-278-1733
Email: jgoldman@andersonkill.com

Arthur R. Armstrong, Esq. *(pro hac vice)*
1760 Market Street, Suite 600
Philadelphia, PA  19103
Tel: 267-216-2711
Fax: 215-568-4573
Email: aarmstrong@andersonkill.com

*Attorneys for Plaintiffs*