# EXHIBIT 2

## Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Monday, October 7, 2019 10:14 AM |
| **To:** | Martin McMahon |
| **Cc:** | Carter, Sean; Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry; Tarbutton, Scott; Strong, Bruce; Eubanks, John |
| **Subject:** | RE: EXTERNAL-Re: Deposition of Wa'el Jelaidan |

Marty,

Since our initial inquiry and because we had not heard back from you, we have had a number of moving parts fall a bit more into place that make scheduling this deposition more difficult. Nonetheless, we are trying to work with you as much as we can. Toward that goal, can you please ask Mr. Jelaidan ASAP whether, if the court will authorize a brief extension of the discovery schedule, will he be available to sit between Monday November 11 through Wednesday November 13. That adjustment may allow us the time needed to put a reporter, videographer, and possibly a translator in place. To be clear, these video depositions are not done (as you and others have suggested) via Skype or Facebook. It is a bit more formal than what has been suggested in your email exchanges. A reporter and videographer are on location with the witness. At present, we have a reporter and videographer available in Jeddah for another deposition set for 11/6 and 11/7. Earlier that week is unavailable due to other depositions set elsewhere. However, if we can get a commitment from the reporter and videographer to stay, we could start Mr. Jelaidan's deposition early the following week (assuming the Court agrees to the schedule adjustment)

On several related notes, before we can agree to do the deposition remotely:
  (1) Please confirm to us that Mr. Jelaidan agrees being subject to the sworn oath to tell the truth subject to the jurisdiction of the US district court; and
  (2) I had assumed that you, as counsel of record for Mr. Jelaidan, would be defending him in the deposition; however, to the extent that you have anticipated that another lawyer will defend him in the deposition (or otherwise appearing at the deposition), the other lawyer must be authorized to practice in or by the SDNY and counsel of record for Mr. Jelaidan. In addition to the witness being accountable to the court, the lawyer must also be accountable to the court under the FRCP and under the applicable rules of ethics.

Finally, please note the following:
  (1) We need to know now whether Mr. Jelaidan speaks English well enough to conduct the deposition in English; if not, we will need to account for us retaining a translator in addition to the reporter and videographer.
  (2) Due to the time difference, the practice in the litigation has been to conduct depositions being done in different time zones at a time that mitigates the inconvenience on both sides. In the case of depositions in Jeddah, we have started at 7 am Eastern time, which may translate to starting at 2 or 3 pm in Jeddah (depending on whether there is a time difference of 7 or 8 hours at that time of the year).

Regards,

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Martin McMahon <mm@martinmcmahonlaw.com>
**Sent:** Monday, October 7, 2019 8:14 AM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** Fwd: EXTERNAL-Re: Deposition of Wa'el Jelaidan

1

# Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Monday, October 7, 2019 11:37 AM |
| **To:** | Martin McMahon |
| **Cc:** | Carter, Sean; Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry; Tarbutton, Scott; Strong, Bruce; Eubanks, John |
| **Subject:** | RE: EXTERNAL-Re: Deposition of Wa'el Jelaidan |

Martin – Thank you. I will write to the Court and propose the 11th and 12th. To confirm, this will be a 2 day deposition. And you likely need to address the rest of my email, too. The exchange below appears to suggest that Bassim Alim intends to defend the deposition and I am not certain whether that would be permitted. It also indicates that the rest of the issues indicated have not been addressed—namely:

(1) Confirm that Mr. Jelaidan understands and agrees that he will be subject to the sworn oath and under the jurisdiction of the US court
(2) The defending lawyer must be authorized to practice in the SDNY, counsel of record, accountable to the court under the FRCP and applicable ethics rules
(3) We need confirmation as to whether or not Mr. Jelaidan will be deposed in English or if we need to retain a translator, and
(4) Confirmation that you understand the deposition will start at 7 am Eastern time, which is either 2 or 3 pm in Jeddah. The run-time for the deposition is presumptively 7 hours if in English and 10 hours if through a translator.

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Martin McMahon <mm@martinmcmahonlaw.com>
**Sent:** Monday, October 7, 2019 11:24 AM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** Fwd: EXTERNAL-Re: Deposition of Wa'el Jelaidan

Fyi I ll confirm nov 11th

---------- Forwarded message ---------
From: **AlimLaw** <alim@alimlaw.com>
Date: Mon, Oct 7, 2019, 11:21 AM
Subject: Re: EXTERNAL-Re: Deposition of Wa'el Jelaidan
To: Martin McMahon <mm@martinmcmahonlaw.com>

Nov 11 is fine I will travel on the 11th at night

مع وافر التحية
باسم عالم
Best Regards

Bassim Alim

On 7 Oct 2019, at 5:19 PM, Martin McMahon <mm@martinmcmahonlaw.com> wrote:

1

# Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Monday, October 14, 2019 2:10 PM |
| **To:** | Martin McMahon |
| **Cc:** | Carter, Sean; Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry; Tarbutton, Scott; Strong, Bruce; Eubanks, John |
| **Subject:** | RE: EXTERNAL-Re: Deposition of Wa'el Jelaidan |

Martin – Please confirm that Mr. Jelaidan will be present for his deposition, which we intend to schedule for November 11 and 12, 2019. Reminder: the time of the deposition will correspond to the practice in this MDL of conducting remote depositions in different time zones at a time that mitigates the inconvenience on both sides—namely, for depositions in Jeddah, we have started at 7 am Eastern time, which translates to starting at 3 pm in Jeddah. We anticipate scheduling it to occur at the Park Hyatt Jeddah, Al Hamra District, Southern Corniche, Jeddah, Saudi Arabia, 21432, which is where we previously did the deposition of Adnan Basha on February 20-21, 2019. We are working to arrange the reporter, videographer, and venue.

In addition, please confirm for us immediately the following three items, as well:
- First, please confirm for us immediately whether Mr. Jelaidan requires a translator; If so, we will arrange for one ASAP; and
- Second, Please confirm whether Mr. Jelaidan agrees to be subject to the Court's jurisdiction for the purpose of the deposition and to be subject to the oath to tell the truth administered for his deposition.
- Third, Please confirm that counsel appearing for Mr. Jelaidan during the deposition are counsel of record for Mr. Jelaidan in the MDL, subject to this Court's authority.

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

---

From: Haefele, Robert
Sent: Monday, October 7, 2019 10:14 AM
To: Martin McMahon <mm@martinmcmahonlaw.com>
Cc: Carter, Sean <SCarter1@cozen.com>; Andrew Maloney [AMaloney@kreindler.com] <AMaloney@kreindler.com>; Goldman, Jerry <jgoldman@andersonkill.com>; Tarbutton, Scott <starbutton@cozen.com>; Strong, Bruce <Bstrong@andersonkill.com>; Eubanks, John (jeubanks@motleyrice.com) <jeubanks@motleyrice.com>
Subject: RE: EXTERNAL-Re: Deposition of Wa'el Jelaidan

Marty,

Since our initial inquiry and because we had not heard back from you, we have had a number of moving parts fall a bit more into place that make scheduling this deposition more difficult. Nonetheless, we are trying to work with you as much as we can. Toward that goal, can you please ask Mr. Jelaidan ASAP whether, if the court will authorize a brief extension of the discovery schedule, will he be available to sit between Monday November 11 through Wednesday November 13. That adjustment may allow us the time needed to put a reporter, videographer, and possibly a translator in place. To be clear, these video depositions are not done (as you and others have suggested) via Skype or Facebook. It is a bit more formal than what has been suggested in your email exchanges. A reporter and videographer are on location with the witness. At present, we have a reporter and videographer available in Jeddah for another deposition set for 11/6 and 11/7. Earlier that week is unavailable due to other depositions set elsewhere. However, if we can get a commitment from the reporter and videographer to stay, we could start Mr. Jelaidan's deposition early the following week (assuming the Court agrees to the schedule adjustment)

On several related notes, before we can agree to do the deposition remotely:
(1) Please confirm to us that Mr. Jelaidan agrees being subject to the sworn oath to tell the truth subject to the jurisdiction of the US district court; and
(2) I had assumed that you, as counsel of record for Mr. Jelaidan, would be defending him in the deposition; however, to the extent that you have anticipated that another lawyer will defend him in the deposition (or otherwise appearing at the deposition), the other lawyer must be authorized to practice in or by the SDNY and counsel of record for Mr. Jelaidan. In addition to the witness being accountable to the court, the lawyer must also be accountable to the court under the FRCP and under the applicable rules of ethics.

Finally, please note the following:
(1) We need to know now whether Mr. Jelaidan speaks English well enough to conduct the deposition in English; if not, we will need to account for us retaining a translator in addition to the reporter and videographer.
(2) Due to the time difference, the practice in the litigation has been to conduct depositions being done in different time zones at a time that mitigates the inconvenience on both sides. In the case of depositions in Jeddah, we have started at 7 am Eastern time, which may translate to starting at 2 or 3 pm in Jeddah (depending on whether there is a time difference of 7 or 8 hours at that time of the year).

Regards,

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Martin McMahon <mm@martinmcmahonlaw.com>
**Sent:** Monday, October 7, 2019 8:14 AM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** Fwd: EXTERNAL-Re: Deposition of Wa'el Jelaidan

Fyi

---------- Forwarded message ---------
From: **Bassim A. Alim** <alim@alimlaw.com>
Date: Mon, Oct 7, 2019, 5:13 AM
Subject: Re: EXTERNAL-Re: Deposition of Wa'el Jelaidan
To: Martin F. McMahon <mm@martinmcmahonlaw.com>
Cc: حمزة وائل, <aftabhussainaltaf@gmail.com> ألطاف حسين أفتاب, <tabi_aaftab@yahoo.com>, ألطاف حسين أفتاب <wael.jelaidan@gmail.com> جليدان

Dear Mr. McMahon;

I will be out of Jeddah until the 24th. of October on a Business trip (InShaa Allah). As you know Wael does not have the means to travel to Europe to accommodate the Plaintiffs, We are ready to arrange to be available for deposition via FaceTime, the week after, staring Sunday the 27th. of October & Tuesday the 29th. of October & Thursday the 31st. of October.

Please confirm at your convenience.

Best Regards

2

# Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Friday, October 18, 2019 2:00 PM |
| **To:** | Martin McMahon; tabi_aaftab@yahoo.com |
| **Cc:** | Carter, Sean; Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry; Tarbutton, Scott; Strong, Bruce; Eubanks, John |
| **Subject:** | RE: EXTERNAL-Fwd: Wael deposition scheduling |
| **Attachments:** | RE: EXTERNAL-Re: Deposition of Wa'el Jelaidan |

Martin (and Aftab) – I am concerned about the lack of accurate communication here. I have been clear to Martin that I am not inclined to be required to jump through any further hoops to arrange for a court ordered deposition of a defendant in litigation venued in the Southern District of New York. I am troubled by the repeated indication that I must work through anyone other than counsel of record to arrange for the deposition. If there is additional communication that is necessary on your side, please get it done and confirm for me the information that you have been ordered to provide. However, to be clear, I have not told Martin that I would reach out to Saudi lawyers for Mr. Jelaidan. The fact that Mr. Jelaidan will be in a room in Jeddah for the deposition is merely a convenience for him. He must consent to the jurisdiction of the Court in NY and counsel must be counsel of record subject to the NY federal court's authority. Anything less and I will bring the issue back to the Court's attention with a renewed request for imposition of sanctions.

I have now sent Martin two email messages (10/7 and 10/14) asking for information that the Court has now ordered Mr. Jelaidan to provide. For your convenience, I am attaching to this email the email string that includes those messages. But the short of it is that I need confirmation of the following immediately:

- First, please confirm for us immediately whether Mr. Jelaidan requires a translator; If so, we will arrange for one ASAP; and
- Second, Please confirm whether Mr. Jelaidan agrees to be subject to the Court's jurisdiction for the purpose of the deposition and to be subject to the oath to tell the truth administered for his deposition.
- Third, Please confirm that counsel appearing for Mr. Jelaidan during the deposition are counsel of record for Mr. Jelaidan in the MDL, subject to this Court's authority.

As you see from the previous email, we anticipate scheduling it to occur at the Park Hyatt Jeddah, Al Hamra District, Southern Corniche, Jeddah, Saudi Arabia, 21432, and it will be scheduled to begin 7 am Eastern time, which translates to starting at 3 pm in Jeddah.

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Martin McMahon <mm@martinmcmahonlaw.com>
**Sent:** Thursday, October 17, 2019 9:42 AM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** EXTERNAL-Fwd: Wael deposition scheduling

Fyi

---------- Forwarded message ---------
From: **Aftab Hussain** <tabi_aaftab@yahoo.com>
Date: Thu, Oct 17, 2019, 7:25 AM

1

# Haefele, Robert

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Tuesday, October 22, 2019 5:05 PM |
| **To:** | Martin McMahon |
| **Cc:** | Carter, Sean; Tarbutton, Scott; Andrew Maloney [AMaloney@kreindler.com]; Steven R. Pounian; Strong, Bruce; Eubanks, John; Kappler, David |
| **Subject:** | RE: EXTERNAL-See attached consent motion |

Martin – With some slight revisions to what you have proposed, plaintiffs would not oppose the request. However, we reserve our right to revise our position if this proposal comes off the table.
Here is what you would need to add:

- **First**, the dates need to be narrowed to your first options—namely, Nov. 20 and 21 (not the week of Thanksgiving).

- **Second**, include specifically within the text that the remainder of the provisions set out in the Court's Endorsement at ECF No. 5199 continue to apply (*see* ECF No. 5199;
    - "First, in advance of the deposition, Mr. Jelaidan will confirm his agreement to be subject to the Court's jurisdiction for the purpose of the deposition and to be subject to the oath to tell the truth administered for his deposition.
    - Second, counsel appearing for Mr. Jelaidan during the deposition must be counsel of record for Mr. Jelaidan in the MDL, subject to this Court's authority.
    - Third, the time of the deposition will correspond to the practice in this MDL of conducting remote depositions in different time zones at a time that mitigates the inconvenience on both sides—namely, for depositions in Jeddah, we have started at 7 am Eastern time, which translates to starting at 3 pm in Jeddah.
    - Finally, Mr. Jelaidan needs to advise the PECs immediately whether his deposition will be conducted in English or if he needs a translator.").

- **Third**, add a provision that, absent plaintiffs' consent, attendance at the deposition, either in-person or via audio/video link, will be free from any person who is not U.S. counsel in the MDL to the witness, to another defendant, or to plaintiffs, or that counsels staff, or the reporter, videographer, or translator for the deposition.

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

From: Martin McMahon <mm@martinmcmahonlaw.com>
Sent: Monday, October 21, 2019 12:12 PM
To: Haefele, Robert <rhaefele@motleyrice.com>
Subject: EXTERNAL-See attached consent motion


--
**Martin F. McMahon, Esq.**
**Martin McMahon & Associates, PLLC**
**1717 K Street, N.W., Suite 900**

1

# Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Thursday, October 31, 2019 10:28 AM |
| **To:** | Martin McMahon; Aftab Hussain |
| **Cc:** | Carter, Sean; Tarbutton, Scott; Andrew Maloney [AMaloney@kreindler.com]; Steven R. Pounian; Strong, Bruce; Eubanks, John; Kappler, David |
| **Subject:** | Re: EXTERNAL-Al Shamal |

MARTIN - I received your message a few moments ago asking if we can "nail down Nov. 24-25" for Jelaidan's deposition. And I responded that you needed to act quickly to file an application or you will find yourself in breach of the court's order. Your application needs to conform substantively with the conditions that we previously responded to you in my email of 10/22.

However, when I responded a moment ago, I had not focused closely on the dates you proposed, assuming (incorrectly) that they corresponded with the dates we had previously give to you as acceptable. I now notice that the dates you propose revert to dates we explained to you in my email below we would not accept. But we did offer one day later. See below from my email of Oct 24, where I explained that "To be clear, though, after all of the accommodations that have been made for Mr. Jelaidan's deposition, we are not willing to volunteer to conduct his deposition starting on Sunday Nov. 24, which was one of your options." We proposed Nov 25-26. Please lock those dates in and file an application that asks for the extension with the conditions we included in my email of 10/22.

I am incorporating below the language from my 10/22 email (with slight date modifications) and there is language in my email from 10/24 (captured in this thread) that captures these ideas:

## Here is what you would need to include in you application:

- **First**, the dates need to be revised to 11/25-26.
- **Second**, include specifically within the text that the remainder of the provisions set out in the Court's Endorsement at ECF No. 5199 continue to apply (*see* ECF No. 5199;
    - o "First, in advance of the deposition, Mr. Jelaidan will confirm his agreement to be subject to the Court's jurisdiction for the purpose of the deposition and to be subject to the oath to tell the truth administered for his deposition.
    - o Second, counsel appearing for Mr. Jelaidan during the deposition must be counsel of record for Mr. Jelaidan in the MDL, subject to this Court's authority.
    - o Third, the time of the deposition will correspond to the practice in this MDL of conducting remote depositions in different time zones at a time that mitigates the inconvenience on both sides—namely, for depositions in Jeddah, we have started <u>at 7 am Eastern time</u>, which translates to <u>starting at 3 pm</u> in Jeddah.
    - o Finally, Mr. Jelaidan needs to advise the PECs immediately whether his deposition will be conducted in English or if he needs a translator.").

- **Third**, add a provision that, absent plaintiffs' consent, attendance at the deposition, either in-person or via audio/video link, will be free from any person who is not U.S. counsel in the MDL to the witness, to another defendant, or to plaintiffs, or that counsels staff, or the reporter, videographer, or translator for the deposition.

In response to an email you sent me with some proposed language, I proposed modified language to you in my Oct 24 email, included below. You need to file an application TODAY, please, so that plans can start and so that you can avoid sanctions for failure to comply with the court's order.

Sent from my iPhone

On Oct 24, 2019, at 11:55 AM, Haefele, Robert <rhaefele@motleyrice.com> wrote:

> Martin, Thank you for the response. And I am please you are agreeable and responded to the inquiries, but to be clear, we were conditioning our agreement on ensuring that those items were incorporated into what you propose to the Court. Nonetheless, we would not have a problem with you also incorporating your answers into the proposal, so that there is no question that you have complied. I have to admit to a little confusion on our end that you are unable to commit to one of the set of dates that you offered to us for your availability. Nonetheless, though, if it helps scheduling on your end, we are willing to accept part of the other dates you offered for availability, resulting in the deposition taking place November 25 and 26. So, it can be your choice whether you include November 20-21 or November 25-26 (starting at some time between 7 and 8 AM ET), but the order should include one or the other of those dates, so that we can lock the dates down now. To be clear, though, after all of the accommodations that have been made for Mr. Jelaidan's deposition, we are not willing to volunteer to conduct his deposition starting on Sunday Nov. 24, which was one of your options. Whichever set you select should be incorporated in to the text proposed below.
>
> Although I am not offering an opinion as to the means of approaching the court, I have taken the text that you sent to me and am proposing a number of refinements that would make the proposal acceptable to us—perhaps something like this:
>
>> Comes now Defendant Wael Jelaidan, through undersigned counsel, AND hereby asks the Court to modify this Court's previous order at ECF No. 5199, to allow for the rescheduling of Mr. Jelaidan's deposition on the afternoon (Jeddah time) of November 25th and 26th, 2019, beginning at 2:30 pm local time (7:30 am in New York). Mr. Jelaidan and his counsel understand that all other conditions of that order would apply and agree to comply with each of those conditions. As revealed by the attached email from Mr. Jelaidan's counsel in Jeddah (Bassim A. Alim, who does not represent Mr. Jelaidan in this MDL, is not a U.S. counsel authorized to practice before this Court, and has, therefore, not entered an appearance here), Mr. Jelaidan has advised that he is available on these dates for his deposition.

As this court knows, it has authorized the parties to consent to conducting Mr. Jelaidan's deposition via remote means, using electronic audio and video link; and the parties have agreed to conduct the deposition from a location in Jeddah arranged by the court reporting agency recording Mr. Jelaidan's deposition. Unfortunately, however, counsel for Mr. Jelaidan has been engaged in a protracted and frustrating series of emails attempting to confirm the time and date for Mr. Jelaidan's deposition. Despite numerous attempts, Mr. Jelaidan's counsel in Jeddah, Bassim A. Alim, has been unable until now to nail down a specific time for the deposition. He has offered two options. The parties have conferred and have agreed to the dates indicated above. He has also apprised us that he will have difficulty blocking out other weeks and asks that we set a date as soon as possible. (see attached email.)

Plaintiff's counsel, Robert T. Haefele, Esquire, for the Plaintiffs' Executive Committees, has suggested we bring this matter to the Court's attention to secure an appropriate discovery extension to the schedule the Court previously set in ECF No. 5199. On behalf of the Plaintiffs, Mr. Haefele advised that the Plaintiffs would agree to Mr Jelaidan's request to modify the schedule set out in ECF No. 5199, provided that the resulting Order specifically provides that all other requirements in that order remain in full force, and provided that Mr. Jelaidan agree, and the Court's order requires, that unless Plaintiffs consent otherwise Mr. Jelaidan's deposition cannot be attended (either in person or via video link) by any person who is not (1) U.S. counsel in this MDL for Mr. Jelaidan (or that counsel's U.S. staff); (2) U.S. counsel in this MDL for another defendant (or that counsel's U.S. staff); (3) counsel for the plaintiffs (or that counsel's staff); or (4) the reporter, videographer, or translator hired for the purpose of the deposition. Mr. Jelaidan agrees to each of these conditions.

Wherefore, Mr. Jelaidan's counsel asks that the Court order the deposition to take place on the dates identified above, pursuant to the above-referenced conditions.

## Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Wednesday, November 20, 2019 5:33 PM |
| **To:** | Martin McMahon |
| **Cc:** | Sean P. Carter - Cozen O'Connor (scarter1@cozen.com); Tarbutton, Scott |
| **Subject:** | RE: EXTERNAL-Jeddah Deposition |

Good afternoon, Martin. I wanted to follow up one last time regarding Wa'el Jelaidan's deposition scheduled for next week. The team of people scheduled to be in Jeddah next week will be departing for Jeddah several days before the deposition. We want to be sure before they depart that Mr. Jelaidan will be appearing and that all of the requirements of the notice and the court's orders are met. Please confirm the following:

1. That Mr. Jelaidan will appear;
2. That Mr. Jelaidan agrees that he is subject to the Court's jurisdiction for the purpose of the deposition and is subject to the oath to tell the truth administered for his deposition.
3. That Counsel appearing for Mr. Jelaidan during the deposition are counsel of record for Mr. Jelaidan in the MDL, subject to this Court's authority
4. That any person appearing or otherwise attending Mr. Jelaidan's deposition is: (1) U.S. counsel in this litigation for Mr. Jelaidan (or that counsel's U.S. staff); (2) U.S. counsel in this litigation for another Defendant (or that counsel's U.S. staff); (3) counsel for the Plaintiffs (or that counsel's staff); or (4) the reporter, videographer, or translator hired for the purpose of the deposition.

Additionally, as we have received no timely objection, please produce the following items ASAP, which were due for production "at least seven days before the deposition": "a copy of the witness's current curriculum vitae or résumé and all documents used to refresh the witness's recollection and/or upon which the witness will rely for his testimony."

Regards,

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

---

**From:** Haefele, Robert
**Sent:** Wednesday, November 13, 2019 2:27 PM
**To:** Martin McMahon <mm@martinmcmahonlaw.com>
**Subject:** Re: EXTERNAL-Jeddah Deposition

Should not be a problem

Sent from my iPhone

On Nov 13, 2019, at 1:54 PM, Martin McMahon <mm@martinmcmahonlaw.com> wrote:

> We need to set up Friday afternoon, to be sure it all works first thing Monday morning, please. Thanks.
>
> On Wed, Nov 13, 2019 at 1:31 PM Haefele, Robert <rhaefele@motleyrice.com> wrote:

1

# Kappler, David

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Thursday, November 21, 2019 5:32 PM |
| **To:** | Martin McMahon |
| **Cc:** | tabi_aaftab@yahoo.com; mm@martinmcmahonlaw.com; starbutton@cozen.com; SCarter1@cozen.com; Andrew Maloney [AMaloney@kreindler.com] |
| **Subject:** | RE: EXTERNAL-Deposition |

Martin – When we spoke on the phone earlier this afternoon, you faulted me for my multiple emails that repeated again and again the court's requirements about this deposition. The fact is, I was repeating those requirements because I was going out of my way to ensure that you have had repeated notice of these requirements and ample opportunity to discuss them with your client. It is incomprehensible to me that you clearly have never paid attention to any of the communications, nor to the plain language in the Court's orders, and perhaps may not have shared those requirements with Mr. Jelaidan. (I do note, however, that Mr. Jelaidan's counsel in Jeddah were alerted to the requirements as early as my Oct. 31 email proposing conditions on the last adjournment)

But if you took even a moment to read the Court's orders or any of the multiple emails to you dating back to at least Oct 31, you will see repeated (as you acknowledged when we spoke a few moments ago) plainly that counsel appearing for Mr. Jelaidan must be counsel of record for Mr. Jelaidan in the MDL, subject to the Court's authority, and that no one could attend unless they were within several specific groups, none of which Bassim Ali fits. Given those very clear statements repeated to you again and again, I too was curious why you were insistent that the deposition fit within Mr. Alim's schedule. But I assumed it had to do with Mr. Alim meeting with Mr. Jelaidan in advance, and it was not for me to guess. But because that was one of our explicit conditions for agreeing to adjourn Mr. Jelaidan's deposition last time— and especially given that all of our communications have only underscored the need for accountability to the U.S. District Court—we cannot now agree to remove them.

As Sean and I indicated when we spoke to you earlier this afternoon, our interactions with you (and the limited exchanges regarding Mr. Alim) have demonstrated a lack of attention to the ongoing proceedings, a lack of commitment to appear for the deposition (indeed, to engage in any discovery obligations), and do not reassure us to any commitment to comply with the rules and orders imposed on the deposition by the Court. Because the Court, and in fact Mr. Jelaidan himself, have deemed you to continue to be Mr. Jelaidan's counsel for the purpose of this MDL (and thus, for this deposition), and because Mr. Alim, though perhaps esteemed counsel in Jeddah, does not appear to have familiarity with U.S. proceedings, and the Court appears to lack authority to enforce his obligation to comply with the U.S. rules and orders, the only reasonable approach is for the counsel at the deposition to be limited to U.S. counsel of record for Mr. Jelaidan in the MDL, subject to the Court's authority. Moreover, to avoid any perceived interference with the Court's authority or with the orderly proceedings, attendance was limited as indicated in the Court's order.

As these requirements were proposed and agreed to on your part at least as of October 31, and were imposed in the Court's orders, based on an application that you agreed to file without any objection, we would once again ask that you clarify immediately:
1. Whether Mr. Jelaidan will appear;
2. That Mr. Jelaidan agrees that he is subject to the Court's jurisdiction for the purpose of the deposition and is subject to the oath to tell the truth administered for his deposition.
3. That Counsel appearing for Mr. Jelaidan during the deposition are counsel of record for Mr. Jelaidan in the MDL, subject to this Court's authority
4. That any person appearing or otherwise attending Mr. Jelaidan's deposition is: (1) U.S. counsel in this litigation for Mr. Jelaidan (or that counsel's U.S. staff); (2) U.S. counsel in this litigation for another Defendant (or that counsel's U.S. staff); (3) counsel for the Plaintiffs (or that counsel's staff); or (4) the reporter, videographer, or translator hired for the purpose of the deposition.

Additionally, as we have received no timely objection, please produce the following items ASAP, which were due for production "at least seven days before the deposition": "a copy of the witness's current curriculum vitae or résumé and all documents used to refresh the witness's recollection and/or upon which the witness will rely for his testimony."

Finally, because we have been more than clear about our concerns in this regard, if this cannot be clarified before the U.S. team of people necessary for conducting the deposition leave for Jeddah, we would reserve our right to ask the Court to impose any costs for an aborted, adjourned, or cancelled deposition jointly on both Mr. Jelaidan and his counsel (including you, Martin). Plaintiffs cannot bear the cost of needlessly sending people to Jeddah for depositions that do not occur because of failed attention or communication on your side, especially where we have been so adamant about confirming that the deposition will occur as noticed pursuant to the Court's orders.

Please address this on your side and respond to us in the morning. If you feel that this needs to be brought to the Court's attention, I propose that you do so first thing in the morning.

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Martin McMahon <mm@martinmcmahonlaw.com>
**Sent:** Thursday, November 21, 2019 4:29 PM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** Re: EXTERNAL-Deposition

No, I am proposing that you allow Bassim into the deposition; that's the best way to ensure that it takes place. AndI have to ask you why I went through all these machinations to comply with Bassim Ali's schedule?

On Thu, Nov 21, 2019 at 4:24 PM Haefele, Robert <rhaefele@motleyrice.com> wrote:

> Martin – I am not understanding what you are proposing? Are you saying that the deposition will not occur on Monday and Tuesday?
>
>
> **Robert T. Haefele** | Attorney at Law | Motley Rice LLC
> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
> o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com
>
>
> **From:** Martin McMahon <mm@martinmcmahonlaw.com>
> **Sent:** Thursday, November 21, 2019 4:22 PM
> **To:** Haefele, Robert <rhaefele@motleyrice.com>
> **Subject:** EXTERNAL-Deposition
>
>
> Dear Bob,
>
> I'm going to try to seek an extension on my outstanding obligations and I'm going to suggest that you contact judges chambers to see if we can resolve this issue.

2