UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

**TERRORIST ATTACKS ON SEPTEMBER 11, 2001**

03-MDL-01570 (GBD)(SN)

**ORDER**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Following discussion with the parties during the conference on November 15, 2019, the Court seeks to clarify the procedures for filing materials under seal.

On October 3, 2006, the Honorable Richard Conway Casey issued a Protective Order regarding this multi-district litigation. ECF No. 1900. The Protective Order states that any party producing documents may designate material as confidential. Id. at 8–9. The Protective Order also establishes a procedure to challenge another party's designations. Id. at 14–15.

The Protective Order does not, however, grant permission to file documents under seal. Id. at 6. This process is governed by § III.d of the Court's Individual Rules of Practice, which provides:

> Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, based on a party's designation of information as Confidential, must make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal and addressing the request in light of the Court of Appeals' opinion in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). If a request for redactions is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request for redactions.

The Court reiterated this procedure in its August 27, 2018 Order:

> [W]hen a party wishes to file a document containing information that has been designated as confidential, the parties must first meet and confer to discuss whether the information should be filed under seal. This requirement applies regardless of which party has designated the information as confidential. If any party believes the information should be filed under seal, the Court's Individual Practices do not permit the opposing party to file the information on the docket in unredacted form. Rather, the Individual Practices direct the parties to submit a request for redactions. To the extent the parties disagree on whether the information should be sealed, the parties may present both parties' arguments in the application.

ECF No. 4125, at 2.

There are two exceptions to this procedure. First, on November 14, 2018, the Court granted the joint request of the Plaintiffs' Executive Committees ("Plaintiffs") and the Federal Bureau of Investigation ("FBI") to issue a protective order for documents produced by the FBI (the "FBI Protective Order"). ECF No. 4255. The FBI Protective Order authorizes parties to file documents containing protected information under seal without seeking leave from the Court. Id., ¶ 11. In addition:

> The filing party shall, on the same date as the papers are filed under seal, serve upon counsel for the relevant parties and the FBI, and provide to the Court, an unredacted copy of the papers filed under seal as well as a copy of the papers that the party proposes to file on ECF with all Protected [I]nformation redacted. The FBI and any relevant parties shall have seven (7) days to inform the filing party whether it opposes any redactions proposed by the filing party, and/or whether it proposes any additional redactions to any such papers. <u>The filing party may then file the documents on ECF with the redactions agreed upon (or not objected to) by the FBI and any relevant parties.</u>

Id. (emphasis added). The parties should ensure that all documents referencing protected information are filed in redacted form on the public docket.

Second, on July 22, 2019, the Court granted in part a motion to seal filed by the Kingdom of Saudi Arabia ("Saudi Arabia"). ECF No. 4696. Although the Court directed the parties to file

proposed redactions for the Court's review, the deadline was stayed *sine die* when Plaintiffs objected to the Court's decision pursuant to Rule 72 of the Federal Rules of Civil Procedure. The Court will set a new deadline following the resolution of Plaintiffs' objections. Accordingly, until the Court finds otherwise, documents referencing information subject to the July 22 Order may also be filed under seal without further leave.

Once a party obtains leave to file documents under seal, they must file their submission with the Records Management Unit. Procedures for making these submissions can be found here: https://nysd.uscourts.gov/programs/records/request (select "Sealed Records" to review the "Sealed Records Filing Instructions"). The parties should ensure that all documents previously submitted to the Court have been filed in accordance with these procedures.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: November 25, 2019
             New York, New York