UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

03-MDL-1570 (GBD)(SN)

In re: TERRORIST ATTACKS ON SEPTEMBER 11, 2001

### DEFENDANT JELAIDAN'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72

Comes now Defendant Wael Jelaidan, pursuant to Fed. R. Civ. P. 72(a), and who, through undersigned counsel, hereby objects to the Court's order dated November 22, 2019, denying Defendant's motion for relief (ECF 5301). The issue the court addressed is who may attend the upcoming deposition of Defendant in Saudi Arabia.

Defendant Jelaidan asks for relief under Fed. R. Civ. P. 72(a), based *inter alia* upon the gross misinterpretation of Defendant Jelaidan's position, by Plaintiffs in their opposition filed on November 22, 2019 in ECF 5304.

In that filing, Plaintiffs' Counsel ("PEC") argued that undersigned counsel had abdicated his responsibilities to his client for the upcoming deposition. Nothing could be further from the truth.

1.  As the court knows only too well, for a variety of reasons, the deposition of Defendant Jelaidan has been difficult to schedule.

2.  In late October 2019, undersigned counsel, working closely with Defendant Jelaidan's Saudi Arabia counsel, Bassim Alim, was able to secure mutually agreeable dates for the deposition noticed by Plaintiff in ECF 5255.

3.  On several occasions leading up to the draft order being submitted to the court, undersigned counsel discussed with PEC (through Attorney Robert Haefele), concerns undersigned counsel had about the availability of Attorney Alim to attend the deposition on a particular date that would suit Attorney Haefele's schedule. As such, when Attorney Haefele provided

the draft order regarding the deposition to undersigned counsel, it was assumed by undersigned counsel that the provision that no one else could be in the deposition room did not refer to Attorney Alim. The obvious question was why didn't Attorney Haefele directly inform undersigned counsel that, he sought to disallow Attorney Alim from accompanying Defendant Jelaidan in the deposition even if just to "hold his hand." Instead, the order states that "no one will be allowed in the deposition room unless agreed by PEC, which agreement will not be unreasonably withheld." If the PEC was not in agreement that Attorney Alim could attend the deposition, why, in several meet and confer sessions, did we discuss dates that were agreeable with Attorney Alim?

4. Defendant's counsel, as well as client Jelaidan, believes that Attorney Haefele had an obligation to specifically inform him that Attorney Alim would not be permitted in the conference room, so that they could have sought relief from such position. As the attached statement received from the client reveals,[1] he would never entertain the thought of entering that conference room without Attorney Alim being present. (Exhibit A) In other words. Attorney Haefele had that obligation because it affected the client's ability to make a rational decision about attending the deposition.

5. Moreover, at no point did Attorney Haefele provide undersigned counsel, or the court for that matter, with a reason why Attorney Alim's presence would prejudice the Plaintiffs and justify excluding him from attending the deposition even in a hand holder capacity.

6. There are a number of reasons for Attorney Alim to be present in the deposition room. First, there could be local repercussions in Saudi Arabia, based upon what Defendant JJ says in his deposition, or how he acts. Second, attorneys for the kingdom will be present and obviously have the right to question Defendant Jelaidan about issues they believe are relevant. As a result, after the deposition has concluded, Attorney Alim might be called

---

[1] This document is privileged but is important for the Court to decide whether Defendant Jelaidan is entitled to relief.

upon, in a different forum, to defend Defendant with regard to such repercussions. If he is present and at least witnessing the deposition, Attorney Alim will be better able to explain answers given by his client.

7. In its ruling of November 22, 2019, denying Defendants motion, it appears that the court may have relied upon a number of misrepresentations by the PEC in its letter motion, ECF 5304, filed with this court on November 22, 2019. Those misrepresentations include:

   a. "Mr. McMahon suggests that, because Saudi lawyer Bassim Alim attended Georgetown law school, the Court should permit Mr. Alim to defend the witness instead of Mr. McMahon." (November 22, 2019 Letter to the Court, ECF 5304 footnote 1, page 2.)

   b. In fact, the motion said: "Attorney Alim will not participate in any way in the deposition; undersigned counsel will exclusively represent Mr. Jelaidan and exclusively present any and all objections on his behalf." (Defendant's Motion for Relief, ECF 5301, November 21, 2019, paragraph 3.)

   c. That "Mr. Jelaidan has alleged to have had a close relationship with Shafiq Ayadi for a number of years" Mr. Ayadi has been designated by the U.S. Treasury Department as an international terrorist. However, Attorney Haefele and the PEC did not provide this court with any evidence that Defendant Jelaidan had a close relationship with Mr. Ayadi. That statement was simply made to justify Plaintiffs' viewpoint that Defendant Jelaidan is a known international terrorist. The implicit message is "who cares if he is represented in the conference room or not." (November 22, 2019 Letter to the Court, ECF 5304 footnote 1, page 3.)

   d. Concluding that Defendant Jelaidan's motion shows "Mr. McMahon's unwillingness to fulfil his role in representing Mr. Jelaidan. But also Mr. Jelaidan's unwillingness to fulfill his obligations in discovery." (November 22, 2019 Letter to the Court, ECF 5304, paragraph 4, page 2.)

The motion made it crystal clear that Attorney McMahon would defend Mr. Jelaidan in the deposition, and Mr. Alim would simply observe.

    e.  PEC's letter also opines that "deferring Mr. McMahon's representational obligations to foreign counsel completely unfamiliar with U.S. civil proceedings will result in the deposition devolving into a nullity to Plaintiffs' detriment."

Of course, as stated *supra*, Attorney McMahon has never had any intention to "defer" his representational responsibilities to Mr. Alim or anyone else. This is language designed to cast Attorney McMahon in a false light and unfairly influence the court to deny the relief requested.

8.  As this court knows, the November 25-26, 2019 deposition was unfortunately cancelled due the death of a family member of undersigned counsel.

9.  It is now time to reschedule the deposition, in accordance with this court's order to set a new deposition date, ECF 5305 signed on November 22, 2019.

10. As with last time, Defense counsel is working with Defendant Jelaidan's local counsel Alim to secure dates and assurances that Defendant Jelaidan will appear for the deposition.

11. As this court knows, Defendant Jelaidan last week (ECF 5301) filed a motion to allow Attorney Alim to *attend* the deposition, once he discovered that the order that Attorney Haefele had drafted would bar Attorney Alim from being in the same room, even if he was simply there as a silent observer.

12. Defendant Jelaidan's motion clearly stated that Alim's attendance would be limited to the "hand holder" role; he would appear and observe, but he would NOT participate in the deposition. That of course is the obligation of undersigned counsel which he has never shirked. (Defendant's Motion for Relief ECF 5301, paragraph 3.)

13. In other words, even if Mr. McMahon was able to attend the deposition, his presence would not ensure the presence of client Defendant Jelaidan, absent the attendance of Attorney Alim, who has represented him for more than 10 years.

14. As Defendant Jelaidan stated in his motion of November 21, 2019, (ECF 5301), it does not appear that Plaintiffs are prejudiced by the presence of Attorney Alim at the deposition as long as his role is that of a silent observer.

15. It is undersigned counsel's specific representation to the court that he was clearly operating on an invalid assumption. i.e. the order would not bar Attorney Alim from being in conference room with the client. The reason—the drafter, Attorney Haefele--specifically included in the order a provision whereby consent could be granted re: the presence of Attorney Alim.

16. Attorney Haefele, at no point, has explained one way or the other why he included that provision in in the order—particularly when he clearly intended to summarily deny said consent. Even if this court concluded that undersigned counsel was negligent, it is Hornbook law that a court should not visit the sins of counsel the client, in this case, Mr. Jelaidan.

17. It is therefore requested that in the interests of justice and to have a complete record on appeal, that this court should accept the objections and issue formal Findings of Fact and Conclusion of Law, re:

    a.  The issue of whether Attorney Alim can be in attendance at the upcoming deposition;

    b.  Whether Attorney Haefele intentionally misled undersigned counsel;

    c.  Whether Attorney Alim's silent presence will prejudice the plaintiff.

### CONCLUSION

For all the reasons cited herein Defendant Jelaidan requests that the Court accept his objections under Fed, R. Civ. P. 72(a).

November 25, 2019

Respectfully submitted.

Martin F. McMahon, Esquire

/s/ *Martin McMahon*
Martin F. McMahon & Associates
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
(202) 862-4343
mm@martinmcmahonlaw.com
*Counsel for Defendant Wael Jelaidan*

# EXHIBIT A

Date:    25th of November, 2018G

## Confidential Client - Attorney Privileged Correspondence.

To:    **Mr. Martin F. McMahon**
       **Transnational Business Attys. Group**
       Connecticut Bldg., Ninth Floor
       1150 Connecticut Ave., N.W.
       Washington, D.C. 20036
       United States of America

       Phone: +12028624343
       Fax:    +12028624302
       E-mail: mm@martinmcmahonlaw.com

**From: Wael Hamzah Jelaidan**
       C/O Law Firm of Bassim A. Alim & Associates
       King Abdullah Road, Abeer Building,
       4th Floor, Office No. 17
       P.O.Box: 10361
       Jeddah 21433
       Saudi Arabia

**Ref.: The upcoming deposition & Judges Ruling to deny non-US Counsel.**

*Dear Mr. McMahon;*

With reference to the above mentioned subjects;  We received from Mr. Andrew
Shen via email message indicating that the judge ruled that the deposition should
take place without the presence of my Saudi lawyer based upon the fact that he is
not a U.S. Counsel.

I believe this ruling is unusual and baseless. I am further giving notice that my original
participation and will to cooperate with court system in the United States was based
upon good will and eagerness to clear my name from the unjust and unfair accusa-
tions against my actions and my character.

1

It is however impossible to continue further with such wild rulings denying me the right to have the counsel of my choice with me. I therefore hereby decline to participate in any further communication and/or depositions without a clear understanding by the court that my National Counsel who has been helping me handle the case for over a decade, is by my side and continue to be recognized as such by all parties as Such including the Judge presiding over the case.

Please relay this message to the Judge presiding and all parties concerned. Further; if You have any explanation on why and how this ruling came to be, please provide us with an explanation ASAP.

Best Regards;

**Wael H. Jelaidan**

2