**MDL PLAINTIFFS' EXECUTIVE COMMITTEE FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)


| Ronald L. Motley (1944 – 2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC |
|---|---|


**VIA ECF**

November 28, 2019

The Honorable George B. Daniels
U.S. District Judge
United States District Court
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
U.S. Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re: *In re Terrorist Attacks on September 11, 2001***
**Case No. 03 MDL 1570 (GBD)(SN)**

Dear Judge Daniels and Magistrate Judge Netburn:

We write today on behalf of the *Burnett*, *Ashton*, and *O'Neill* Plaintiffs who are pursuing claims in this MDL against the Islamic Republic of Iran for its role in the terrorist attacks on September 11, 2001, and pursuant to Magistrate Judge Netburn's Order of November 21, 2019 (ECF No. 5300) seeking a joint status letter regarding any anticipated motions related to Iran in light of the passage of Title VII of Public Law 116-69 (Nov. 21, 2019) entitled the "United States Victims of State Sponsored Terrorism Fund Clarification Act."[1] In response to the Court's Order of November 21, 2019, counsel for *Burnett*, *Ashton*, and *O'Neill* have met and conferred and submit this joint letter. We collectively are seeking to apprise the Court of the changes in the law (and interpretation by the U.S. Victims of State Sponsored Terrorism Fund ("VSSTF" or "Fund")) that will give rise to additional motions related to default judgments for plaintiffs in these various cases and the relevant deadlines.

**United States Victims of State Sponsored Terrorism Fund Clarification Act**

Title VII of Public Law 116-69 was amended to expand the operation of the VSSTF by broadening the categories of claimants eligible for compensation pursuant to the VSSTF. The pre-amendment version of the VSSTF included provisions that prohibited compensation for any individual or estate that received an award or an award determination from the September 11th Victim Compensation Fund of 2001 ("VCF I") whether related to death or physical injury on

[1] The counsel involved in the preparation of this letter include: Motley Rice LLC (on behalf of *Burnett* plaintiffs in Case No. (15-9903)(GD)(SN), *et al.*); Kreindler & Kreindler LLP (on behalf of *Ashton* plaintiffs in Case No. (02-6977)(GD)(SN)); and Anderson Kill (on behalf of *O'Neill* plaintiffs in Case No. (04-1076)(GD)(SN), *et al.*).

September 11, 2001 or due to subsequent injuries related to exposure in the vicinity of Ground Zero after September 11, 2001 ("VCF II"). In summary, the changes to the law include:

- Payments received through the VCF I or II no longer bar recipients from participation in the VSSTF compensation plan.
- Plaintiffs have ninety (90) days to file new applications with the VSSTF to be included in the third distribution. The law passed November 21, 2019. The deadline is February 19, 2020 (the Department of Justice's Special Master has an additional 90 days from February 19, 2020 – until May 19, 2020 – to make the third round payments.)[2]
- The family-cap issue has been changed, creating two different caps: one for the victim/decedent, their spouse and children and one for the parents and siblings of the victim/decedent.
- The VSSTF will continue through 2030 rather than 2026.
- The amount of money that the Fund receives from fines, assessments or penalties has risen from fifty percent (50%) to seventy-five percent (75%).
- Attorney's fees and costs will be limited to fifteen percent (15%) of payments from the VSSTF going forward.
- Payments under the VSSTF will be divided in half between 9/11 and Iran hostage judgments going forward.

Counsel will now address the specific anticipated motions related to the VSSTF:

**1) Wrongful Death Spouses and Dependents**

The amendment eliminates the VCF prohibitions and permits the September 11 decedent estates along with their spouses and dependents to be eligible for compensation from the VSSTF, beginning with the next round of payments, if they obtained final judgments from the Court and submitted applications to the VSSTF in advance of **February 19, 2020.**

- Counsel for *Burnett* has just under 475 spouse and dependent judgments for whom they will be submitting motions for final damages judgements.
- Counsel for *Ashton* estimates they have an additional 50 spouse/dependents for whom they will be submitting motions for final damages judgments.
- Counsel for *O'Neill* estimates they have an additional 50 clients for whom they will be submitting motions for final damages judgments.

These motions have historically been decided by Judge Daniels without the need for reports and recommendations from Magistrate Judge Netburn.

**2) Wrongful Death Estates**

The amended law also permits claims to be filed in advance of **February 19, 2020**, for estates of individuals killed on September 11, 2001 who previously received VCF awards. Counsel for *Burnett* anticipates filing for judgments on up to 1,111 estate claims; however, this number is an estimate because the VSSTF has caps in place on judgments that may make the

[2] *See* www.usvsst.com.

submission of many of these estate claims unnecessary. Counsel for *Ashton* anticipates filing for judgments for up to 600 of these estate claims. Counsel for *O'Neill* anticipates filing for judgments for as many as 325 decedent estates. Historically, Judge Daniels has issued judgments in the cases involving decedent estates.[3]

**3) Personal Injuries**

The amended law opens compensation options for individuals who were injured on September 11, 2001. These individuals typically obtained awards from the VCF I, and were, under the pre-amendment version of the law, ineligible for compensation under the VSSTF. Now, post-amendment, they are not excluded under the VSSTF. These claims must also be filed by the same **February 19, 2020**, deadline.[4]

The district court in the D.C. Circuit generally has referred personal injury cases to a Court-appointed Special Master for consideration and submission of recommendations regarding damages amounts for this classification of plaintiffs. The district court in the D.C. Circuit has generally established damages judgments for injured individuals along a matrix in much the same manner as the awards established for solatium damages.

There are two types of injury claims at issue:

**a) Persons Injured on 9/11**

Persons injured during the 9/11 attacks: Counsel for *Burnett* represents 387 plaintiffs who were physically injured on September 11, 2001. Counsel for *Ashton* represents approximately 25 plaintiffs who were physically injured on September 11, 2001. Counsel for *O'Neill* does not represent clients injured on September 11, 2001.

**b) Injuries in the Aftermath of 9/11**

Counsel for *Burnett* represents 900 plaintiffs who have either been diagnosed with cancers, Post-Traumatic Stress Disorder, respiratory damage, and other injuries due to toxic WTC dust exposure. Counsel for *Ashton* represents approximately 16,000 plaintiffs who have been diagnosed with cancers, inhalation-related and other injuries in the aftermath of the September 11, 2001 terrorist attacks.

As of October 31, 2019, the VCF II had a total of 53,228 eligible health-injury claims, many represented by other firms, but all of whom may no longer be barred from receiving compensation from the VSST Fund should they be able to establish legal causation and damages.

---

[3] Counsel for *Burnett* represents up to an additional 538 solatium claims by adult children, parents, or siblings. Counsel for *Ashton* represents 50 and counsel for *O'Neill* represents 50 such solatium claims.

[4] The Clarification Act provides "any United States person with an eligible claim described in paragraph (2)(B) who did not have an eligible claim before the date of enactment of the United States Victims of State Sponsors of Terrorism Fund Clarification Act shall have 90 days from the date of enactment of such Act to submit an application for payment." 34 U.S.C. 20144(c)(3)(A)(i)(II).

Whatever path the Court prefers to adopt on the aftermath injury claims (for example, test cases), plaintiffs' counsel seek to minimize the burden placed upon the Court and streamline the process. In the event the Court believes a Special Master would be of assistance here, we are prepared to promptly offer potential candidates for the Court to consider.

**4) Functional Equivalent Motions**

An issue dating back to July and August of 2019 is also outstanding. Last summer, motions were filed with the Court to determine whether certain plaintiffs were "functional equivalents" (or "FEQs") entitled to default judgments in this case.

Counsel for *Burnett* filed a motion on August 31, 2019 seeking judgment on behalf of 31 individuals as "functional equivalents" of immediate family members. ECF No. 5028 and ECF No. 4175.

Counsel for *Ashton* has sought judgment for 7 individuals seeking a determination whether they are "functional equivalents" of immediate family members. ECF No. 915 and ECF No. 4718.

Counsel for *O'Neill* has sought this determination for 13 of its plaintiffs. ECF Nos. 5152, 5125, 5124, 5123 and 5122.

On behalf of these clients, counsel asks the Court to rule on these 51 motions. Counsel for plaintiffs note these individuals may be included in the next round of compensation should a judgment be entered on their behalf in advance of the February 19, 2020 deadline for submission of additional claims.

Should the Court require additional information, counsel for plaintiffs are prepared to address any questions that the Court may have, either in person or telephonically.

Respectfully Submitted,

By: *<u>/s/ Jodi Westbrook Flowers</u>*
JODI WESTBROOK FLOWERS
*For Burnett Plaintiffs*

By: *<u>/s/ James P. Kreindler</u>*
JAMES P. KREINDLER
*For Ashton Plaintiffs*

By: *<u>/s/ Jerry S. Goldman</u>*
JERRY S. GOLDMAN
*For O'Neill Plaintiffs*