UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN) (and member case
  *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))
*Ashton, et al. v. Kingdom of Saudi Arabia,* 17-cv-02003 (GBN)(SN)
*Dickey, et al. v. Republic of Iran,* 18-CV-11417 (UA)

### The *Burlingame* Wrongful Death Plaintiffs' Motion for Partial Final Judgments

For the reasons set forth below, and the exhibits attached to and statements contained in the Declaration of John F. Schutty, Esq. ("Schutty Declaration") and the Declarations of the Personal Representatives of the Estates of the following set of 9/11 decedents: Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., Plaintiffs herein, a *Burlingame* subset of *Ashton* Plaintiffs,[1] by and through their counsel, the Law Office of John F. Schutty, P.C., respectfully move this Court to award them: (1) economic damages as described herein; (2) *solatium* damages for the losses suffered by the "immediate family members" and state-recognized heirs of the aforementioned Estates in the same amounts previously awarded by this Court to other *Ashton* Plaintiffs-Heirs,

---

[1] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.* master docket number 02-cv-6977, with the filing of a consolidated master complaint. *See* 02-cv-6977, Doc. No. 15, entered 11/19/2002. There are 167 *Burlingame* Plaintiffs who bring claims for themselves and/or as representatives of their respective decedents' estates. 108 *Burlingame* Plaintiffs were named in the original *Burlingame* complaint (02-cv-7230) while an estimated additional 59 were named in subsequent amendments to the consolidated *Ashton* complaint (02-cv-6977). The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. *See, e.g.*, 02-cv-6977, Doc. No. 465, filed 03/30/2005. The *Dickey, et al. v. Republic of Iran* action, more fully described in the caption, was filed by the same identical Plaintiffs on this motion, to ensure that service was properly completed upon Iran.

as well as to other plaintiffs in this consolidated multidistrict litigation against the Islamic Republic of Iran ("Iran"); and (3) prejudgment interest on those damages as set forth below; to (4) permit *Burlingame* claimants to submit future applications for punitive damages consistent with any future rulings of this Court; and (5) permit remaining *Burlingame* claimants to submit motions for final judgment in future stages.

This motion is made only on behalf of the appointed Personal Representatives and state-recognized heirs of the Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., and, specifically, the individuals and amounts listed in the simultaneously filed "[Proposed] Order of Partial Final Judgments Against Iran on Behalf of Certain *Burlingame* Plaintiffs," in light of this Court's previous order granting permission to allow certain remaining *Burlingame* Plaintiffs to move for this relief. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3987, filed 04/30/2018.

Having already been awarded a partial judgment for the conscious pain and suffering of their decedent, the awards in the simultaneously filed "Proposed Order" will constitute partial final awards and judgments against the Islamic Republic of Iran in the matter brought by the Personal Representatives and state-recognized heirs of the Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr.

I.      **Procedural Background**

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001, terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* Plaintiffs (including the

*Burlingame* Plaintiffs, including the Personal Representatives named as Plaintiffs herein)[2] for claims arising out of the deaths of the Plaintiffs' decedents (the "*Ashton* wrongful death Plaintiffs"). *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3008, Entered 08/26/2015. Thereafter, the *Ashton* wrongful death Plaintiffs (including the *Burlingame* Plaintiffs) moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which a December 28, 2015 Report and Recommendation to this Court recommended be granted, and recommended awarding a default judgment against Iran in the amount of $7,556,880,000, representing compensatory damages of $2 million per decedent and punitive damages of $6.88 million per decedent. *See* 03-md-1570 (02-cv- 6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015. Certain *Ashton* wrongful death Plaintiffs (not including any of the *Burlingame* Plaintiffs) moved for default judgments on economic damages as well. This Court granted those motions. *See, e.g.,* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. Nos. 3229, Entered 03/09/2016 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and 3356, Entered 10/11/2016 (awarding damages for economic loss).

The Report and Recommendation also concluded that to the extent the *Ashton* wrongful death Plaintiffs' claims arose out of injuries in New York State the rate of prejudgment interest was 9 percent per annum from September 11, 2001, until the date judgment was entered and to the extent the injuries arose elsewhere 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015, pp. 1-2. In addition to awarding pre-death conscious pain and suffering in certain wrongful death actions, this Court previously considered the issue of

---

[2] Proof of the Islamic Republic of Iran's default in answering the Complaint filed by the *Ashton/Burlingame* Plaintiffs was set forth in the Affidavit of Andrew J. Maloney III sworn to on the 13th day of April 2006 (ECF#524-2 filed 4/28/06 in Case No. 1:02-cv-GBD-SN).

*solatium* damages suffered by certain of the *Ashton* Plaintiffs and the *Havlish* Plaintiffs and the economic damages arising out certain of the *Ashton* Plaintiffs and each of the *Havlish* cases.  In connection with a first group of *Ashton* Plaintiffs *("Ashton I"),* this Court found, among other things, that an award to the immediate family members of each decedent was proper and that prejudgment interest on the *solatium* loss amounts was warranted.  *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBN) (FM), Doc. No. 2623, Entered 10/03/12. pp. 4-5; 03-md-1570 (S.D.N.Y.) (GBN) (FM), Doc. No. 3300, Filed 06/16/2016, p. 1.  The District Court adopted that Report and Recommendation in its entirety in connection with the application made by the *Ashton I* claimants.  *See*  03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3229, Entered 03/09/2016.

In connection with the motion for final judgment for a different group of plaintiffs, an October 14, 2016 Report and Recommendation disagreed with the prior conclusion on punitive damages and permitted plaintiffs to file supplemental briefing at a later date to justify their claim to punitive damages.  *See* 03-md-1570 (11-cv-7550) Doc. No. 3358, Entered 10/12/201 6, pp. 11–16.  The October 14, 2016 Report and Recommendation also adopted a rate of prejudgment interest of 4.96 percent, regardless of where the injuries arose.  *Id.,* p. 20.  A second group of *Ashton* Plaintiffs *("Ashton II")* moved for final judgment on all claims against the Islamic Republic of Iran, asking to defer the issue of punitive damages and employing the 4.96 percent prejudgment interest rate previously adopted by this Court.  *See* 03-md-1570 (11-cv-7550) Doc. No. 3370, Entered 10/21/2016.  On October 31, 2016, this Court granted the *Ashton II* proposed order.  *See* 03-md-1570 (02-cv-6977), Doc. No. 3387, Entered 10/31/2016.  A third group of Ashton Plaintiffs ("*Ashton III"*) then moved for final judgments as well, also employing the 4.96 percent prejudgment interest rate.  *See* Doc. No. 3686, Entered 08/16/2017 (Motion for Final

Judgment for *Ashton III* claimants including claims for *solatium* damages). On 08/22/2017 this Court granted the *Ashton III* proposed order. Doc. No. 3706. A fourth group of Ashton Plaintiffs followed ("*Ashton IV*"), and the Court granted their similar request employing a 4.96 percent prejudgment interest rate. *See* 03-md-1570 (02-cv-6977), Doc. No. 3977, Entered 04/24/2018 (Motion for Final Judgment for *Ashton IV* claimants including claims for *solatium* damages) Doc. No. 3979 Entered 04/25/2018 (granting proposed order). On April 27, 2018, the first of the *Burlingame* subset of Ashton Plaintiffs moved for final judgments, similarly employing a 4.96 percent prejudgment interest rate. *See* Doc. No. *See* 02-cv-6977, Doc. No. 897, Entered 04/27/2018. The Court granted the *Burlingame* Plaintiffs' proposed order. *See* 03-md-1570 (02 cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3987, Filed 04/30/2018.

      In addition to economic losses, certain *Aston* Plaintiffs have previously moved this court for *solatium* damages suffered by those family members allegedly eligible to recover such damages under 28 U.S.C. § 1605A. *See* 03-md-1570 (02-cv-697), Doc. Nos. 3295, Entered 06/08/2016 (Motion for Final Judgment for *Ashton I* claimants including claims for *solatium* damages), 3356, Entered 10/11/2016 (Motion for Final Judgment for *Ashton II* claimants including claims for *solatium* damages); 3686, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for *solatium* damages); and Doc. No. 3977, Entered 04/24/2018 (Motion for Final Judgment for *Ashton IV* claimants including claims for *solatium* damages). Thereafter, the first group of *Burlingame* Plaintiffs moved this court for *solatium* damages under 28 U.S.C. § 1605A. *See* Doc. No. *See* 02-cv-6977, Doc. No. 897, Entered 04/27/2018. This Court granted all these motions, finding that an award to the "immediate family members" of each decedent was proper and, as set forth above, that prejudgment interest on the *solatium* loss amounts was warranted. *See* 03- md-1570 (02-cv-

6977) (S.D.N.Y.) (GBD) (FM), Doc. Nos. 3300, Entered 06/16/16, 3387, Entered 10/31/2016, 3706, Entered 08/22/2017 and 3987, Filed 04/30/2018.

For the reasons below, as well as those set forth in the prior motions made in *Ashton I, Ashton II, Ashton III, Ashton IV* and the first set of *Burlingame* wrongful death Plaintiffs, the Personal Representatives of the Estates and state-recognized heirs of the Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. described in the "[Proposed] Order of Partial Final Judgments Against Iran on Behalf of Certain *Burlingame* Plaintiffs" now move this Court to grant the simultaneously filed Proposed Order awarding them economic damages as described below, awarding the same amount of compensatory damages for their *solatium* losses as awarded to the prior rounds of the *Ashton I, Ashton II, Ashton III, Ashton IV* and the first set of *Burlingame* wrongful death Plaintiffs and awarded in the *Bauer* and *Havlish* cases, and directing that pre-judgment interest be assessed at the rates previously awarded in connection with the *Ashton II, Ashton III* and first *Burlingame* Plaintiffs' motions. The remaining *Burlingame* Plaintiffs may ask for permission to continue to submit applications in subsequent stages on behalf of those claimants for whom motions have not been submitted, should other applications be warranted.

## II. Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and state law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605 A(a)(1) and (c)(4). The damages available to plaintiffs in a Section 1605A action include "economic damages, *solatium*, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can

recover economic losses stemming from wrongful death of the decedent, family members can recover *solatium* for their emotional injury, and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 83 (D.D.C. 2010). As this Court has previously held, certain qualified *Ashton* Plaintiffs are therefore entitled to compensation under Section 1605A for the *solatium* and economic losses suffered as a result of the wrongful death of each of their decedents.

    A.    *Solatium* **Damages**

Section 1605A specifically provides for *solatium* damages. Under that provision, the state-recognized heirs of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran,* 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran,* 667 F. Supp. 2d 8, 22 (D.D.C. 2009). Given that, in FSIA cases, *solatium* claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the "immediate family members" of the decedents are treated as direct victims. *See, e.g. Salazar v. Islamic Republic of Iran,* 370 F. Supp. 2d 105, 115 n. 12 (D.D.C. 2005) ("[c]ourts have uniformly held that a terrorist attack – by its nature – is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran,* 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2001)). Thus, this Court has previously awarded *solatium* damages to

"immediate family members"[3] who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities.  *See In re Terrorist Attacks on Sept. 11, 2001,* No. 03-MDL-1570 (GBD)(FM) (S.D.N.Y. Oct. 12, 2016) (ECF No. 3358) ("*Hoglan* Report"); *In re Terrorist Attacks on Sept. 11, 2001,* No. 03-MDL-1570 (GBD)(FM), 2015 WL 9468813 (S.D.N.Y. Dec 28, 2015) ("*Ashton* Report"); *In re Terrorist Attacks on Sept. 11, 2001,* No. 03-MDL-1570 (GBD)(FM), 2012 WL 4711404 (S.D.N.Y. Oct 3, 2012) (*"Havlish* Report").

In defining those family members eligible to make a claim for *solatium* damages, this Court previously determined, among other things, that spouses and children who survived the 9/11 decedent were entitled to recover for their losses.  *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3363, Entered 10/14/2016.  Spouses and children – are members of the decedent's estate under New York State law and they do not, therefore, require any additional showing of the nature of their underlying relationship with their decedent.  Those claimants falling into these categories appear, as described, on Exhibit A to the simultaneously filed "[Proposed] Order of Partial Final Judgments Against Iran on

---

[3] This undersigned explicitly objects to this Court's prior awards of *solatium* damages to family members who have not proven that they were either state-recognized heirs of their decedents or "immediate family members" of their decedents (*i.e.*, domiciled with the decedent and financially/emotionally dependent on the decedent). In fact, *solatium* damages are available only to the decedents' "estate, survivors or heirs," described in the Anti-Terrorism Act (the "ATA")**,** 18 U.S.C. § 2333*,* as those terms have been defined by applicable state law governing the decedent's estate*. See, e.g., Bettis v. Islamic Republic of Iran*, 315 F.3d 325 (D.C. Cir. 2003)). In *Bettis*, the D.C. Circuit found that courts should look to state common law to define the class of plaintiffs for whom *solatium* damages are available, reasoning that the FSIA terrorism exception provides for the foreign state sponsor of terrorism to be "liable in the same manner and to the same extent as a private individual under like circumstances," and thus instructs courts to "find the relevant law, not to make" federal common law. *Bettis*, 315 F.3d at 333 (quoting 28 U.S.C. § 1606). State substantive tort law governing estate distribution may apply to claims brought under the FSIA. *See, e.g., First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 622 n. 11, 103 S.Ct. 2591 [2598 n. 11], 77 L.Ed.2d 46 (1983) (finding that under the commercial exceptions to the FSIA, "where state law provides a rule of liability governing private individuals, the FSIA requires the application of that rule to foreign states in like circumstances").

Behalf of Certain *Burlingame* Plaintiffs."

To fashion a *solatium* award adequately compensating the surviving "immediate family members" in the litigation against Iran, this Court previously looked to the analysis undertaken by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). There, Judge Lamberth concluded that *solatium* damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.*[4]

Magistrate Judge Frank Maas previously recognized that the "immediate family members" of those killed in the September 11th terrorist attacks suffered and continue to suffer "profound agony and grief" and, "[w]orse yet … are faced with frequent reminders of the events that day." *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (GM), Doc. No. 2618, Entered 07/30/12, pp. 10–12. Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families," the *Havlish* Report and Recommendation concluded that an upward departure was appropriate and recommended *solatium* damages in the following amounts:

| **Relationship to Decedent** | ***Solatium* Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

The *solatium* losses suffered by the surviving, state-recognized heirs of Joseph D.

---

[4] This formula may be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran,* 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore,* 700 F. Supp. 2d at 85.

Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. are legally and factually comparable to those suffered by the *Havlish* claimants. The deaths of Messrs. Dickey, Eaton, Kelly, O'Brien, Seaman, Sliwak, and Wallice, were sudden and unexpected and were the result of the terrorism defendants' extreme acts of malice. These gentlemen were civilians whose deaths, along with those of the other September 11th victims, were intended to create an environment of fear and terror. The claimants here were not attenuated victims, but they paid the immediate price for the terrorist acts and consequences. The surviving and state-recognized heirs of Messrs. Dickey, Eaton, Kelly, O'Brien, Seaman, Sliwak, and Wallice, can visit no private cemetery plot or gravestone to visit their loved one, but are instead resigned to never have the closure that might otherwise be expected after the death of an immediate family member. The amount of *solatium* damages previously adopted by the District Court in the *Havlish* cases should apply equally to the surviving spouses and children of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. and they therefore respectfully request that they be awarded *solatium* damages in those same amounts, based on their relationship with Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. as set forth in Exhibit A to the simultaneously filed "[Proposed] Order of Partial Final Judgments Against Iran on Behalf of Certain *Burlingame* Plaintiffs."

**B.     Economic Damages**

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic*

*Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are] . . . entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths."  *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466 F. Supp. 2d 229.  Thus, for example, Royce C. Lamberth of the United States District Court for the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates."  *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F. Supp. 2d at 78.

Previously, this Court awarded economic damages in each *Havlish* case for the "economic losses stemming from the wrongful death of the decedent[.]"  *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 2-3.  In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports.  The Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. respectfully ask this Court to award economic damages set forth in the simultaneously filed "[Proposed] Order of Partial Final Judgments Against Iran on Behalf of Certain *Burlingame* Plaintiffs" and supported by the economic expert reports attached as Exhibits A thru G to the Schutty Declaration.  The Personal Representative claimants listed in the "[Proposed] Order of Partial Final Judgments Against Iran on Behalf of Certain *Burlingame* Plaintiffs" opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and in connection with that claim, gathered information relevant to the economic losses suffered as result of their decedent's wrongful death, which included both documentary evidence of the decedent's earnings as well as

interviews with decedent's surviving spouse, colleagues and other witnesses. The Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. retained an expert who has rendered recent opinions as to the economic losses that resulted from the wrongful deaths of Messrs. Dickey, Eaton, Kelly, O'Brien, Seaman, Sliwak, and Wallice. Attached as Exhibit A thru G to the Schutty Declaration are copies of those economic expert reports. The expert reports also include a description of methodology used and the expert's curriculum vitae.

Accordingly, the Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. respectfully request that the economic damages as set forth in the attached Exhibits A thru G of the Schutty Declaration be awarded here, which are the figures calculated by the Plaintiffs' economic expert as the economic losses suffered as a result of the wrongful deaths of Messrs. Dickey, Eaton, Kelly, O'Brien, Seaman, Sliwak, and Wallice Jr.'s and brought to present value.

### C. Prejudgment Interest

Additionally, this set of *Burlingame* Plaintiffs also ask that this Court direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously for the *Ashton II*, *Ashton III*, *Ashton* IV and *Burlingame* Plaintiffs, as well as for other plaintiffs in this consolidated litigation.

### D. Punitive Damages

Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See* 03-md-1570 (S.D.N.Y.)

(GBD)(SN), Doc. No. 3362, Entered 10/14/2016.  The *Burlingame* Plaintiffs herein ask that this Court allow them to submit future applications for punitive damages consistent with any future ruling of this Court.

### III.     Conclusion

For all the reasons herein, as well as those set forth in the previous submissions of the *Ashton* Plaintiffs and other plaintiffs, the *Burlingame* Plaintiffs herein respectfully request that this Court grant the "[Proposed] Order of Partial Final Judgments Against Iran on Behalf of Certain *Burlingame* Plaintiffs" and (1) award economic loss damages in the amounts set forth therein, as supported by the attached economic expert reports and analysis; (2) award *solatium* damages to immediate family members as set forth in the Proposed Order; (3) direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; (4) permit *Burlingame* claimants to submit future applications for punitive damages consistent with any future ruling of this Court; and (5) permit remaining *Burlingame* claimants to submit motions for final judgment in future stages.

Dated:   New York, New York
             December 16, 2019

                                       Respectfully submitted,

                                       LAW OFFICE OF JOHN F. SCHUTTY, P.C.

                                       By: /s/ *John F. Schutty*
                                       John F. Schutty (JS2173)
                                       445 Park Avenue, 9th Floor
                                       New York, NY 10022
                                       Tel: (212) 745-1157
                                       Fax: (917) 591-5980