**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case
     *Burlingame v. Bin Laden, et al.*, 02-cv-7230 (GBD)(SN))
*Ashton, et al. v. Kingdom of Saudi Arabia*, 17-cv-02003 (GBN)(SN)
*Dickey v. Republic of Iran, et al.*, 18-CV-11417 (UA)

**DECLARATION OF JOHN F. SCHUTTY IN
SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENTS
AGAINST IRAN ON BEHALF OF CERTAIN *BURLINGAME* PLAINTIFFS**

JOHN F. SCHUTTY, ESQ., hereby states under penalty of perjury that:

1.     I am an attorney representing a *Burlingame* subset of *Ashton* Plaintiffs in the above-captioned litigation.

2.     I submit this Declaration in support of the present motion for the entry of partial final judgments against the Islamic Republic of Iran ("Iran") on behalf of various Estates of decedents described below, all of whom perished at the World Trade Center as a result of the terrorist acts perpetrated on September 11, 2001.  In support of this application, and for the convenience of this Court, I am separately filing a "Proposed Order for the Entry of Partial Final Judgments Against Iran" on behalf of the following Estates:

a.     The Estate of Joseph D. Dickey (described within the Irene Dickey Declaration and accompanying economist report, both attached hereto as Exhibit A);

b.     The Estate of Robert D. Eaton (described within the Jacqueline Eaton Declaration and accompanying economist report, both attached hereto as Exhibit B);

    c.    The Estate of James J. Kelly (described within the Joanne Kelly Declaration and accompanying economist report, both attached hereto as Exhibit C);

    d.    The Estate of Timothy M. O'Brien (described within the Lisa O'Brien Declaration and accompanying economist report, both attached hereto as Exhibit D);

    e.    The Estate of Michael H. Seaman  (described within the Dara Seaman Declaration and accompanying economist report, both attached hereto as Exhibit E);

    f.    The Estate of Robert F. Sliwak  (described within the Susan Sliwak Declaration and accompanying economist report, both attached hereto as Exhibit F); and

    g.    The Estate of John Wallice, Jr. (described within the Allison Wallice Declaration and accompanying economist report, both attached hereto as Exhibit G).

3.    The source of information and the basis for belief in the statements contained herein are my representation of the *Burlingame* Plaintiffs listed in Exhibits A through G (the attached Declarations and economist reports), my work in connection with the September 11th terror attacks, my firm's files, my conversations with the widows of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., as well as other court records relating to the multi-district litigation to which these *Burlingame* Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4.    Claims brought on behalf of the Plaintiffs described herein and within Exhibits A through G were part of the original *Burlingame* Complaint, styled *Burlingame, et al. v. Bin Laden, et al.*, filed on September 10, 2002, and bearing civil action number 02-cv-7230.  Since these Plaintiffs remain segregated in the consolidated *Ashton* filings under their original civil action number and thus can easily be identified, Plaintiffs appearing under the *Burlingame* civil

action number 02-cv-7230 within the consolidated *Ashton* Complaint are being collectively referred to hereinafter as the "*Burlingame* Plaintiffs."

5.      Mr. Joseph D. Dickey was 50 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Irene Dickey, son, Joseph Dickey and daughter, Elizabeth Dickey (the only "immediate family members" living with this decedent at the time of his death and his only surviving New York State designated "heirs," as set forth in Exhibit A). At the time of his death, Mr. Dickey was a Managing Director and Partner at Cantor Fitzgerald.

6.      Mr. Robert D. Eaton was 37 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Jacqueline Eaton (the only "immediate family member" living with him at the time of his death and his only New York State designated "heir," as set forth in Exhibit B).  At the time of his death, Mr. Eaton was an NASD Registered Dealer at Espeed, Cantor Fitzgerald, and Liberty Brokerage - Patriot Securities.

7.      Mr. James J. Kelly was 39 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Joanne Kelly, and daughters, Brianne Kelly, Kaitlyn Kelly, Erin Kelly and Collen Kelly (the only "immediate family members" living with this decedent at the time of his death and his only surviving New York State designated "heirs," as set forth in Exhibit C).  At the time of his death, Mr. Kelly was a Partner - Mortgage Backed Securities Broker at Cantor Fitzgerald.

8.      Mr. Timothy M. O'Brien was 40 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Lisa O'Brien, son, John O'Brien, and daughters, Madeline O'Brien and Jacqueline O'Brien (the only "immediate family members" living with this decedent at the time of his death and his only surviving New York State designated "heirs," as

set forth in Exhibit D).  At the time of his death, Mr. O'Brien was a Partner - Mortgage Backed Securities Broker at Cantor Fitzgerald.

9.     Mr. Michael H. Seaman was 41 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Dara Seaman, son, Edward Seaman, and daughters Michaella Seaman and Mary Seaman (the only "immediate family members" living with this decedent at the time of his death and his only surviving New York State designated "heirs," as set forth in Exhibit E).  At the time of his death, Mr. Seaman was an Interest Rate Derivatives Swaps Broker at Cantor Fitzgerald.

10.    Mr. Robert F. Sliwak was 43 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Susan Sliwak, sons, Ryan Sliwak, Kyle Sliwak and daughter, Nicole Sliwak (the only "immediate family members" living with this decedent at the time of his death and his only surviving New York State designated "heirs," as set forth in Exhibit F).  At the time of his death, Mr. Sliwak was an Institutional Bond Trader at Cantor Fitzgerald.

11.    Mr. John Wallice, Jr. was 44 years of age when he died in the September 11th terrorist attacks.  He was survived by his wife, Allison Wallice, sons, John Wallice III, Christian Wallice, and Patrick Wallice (the only "immediate family members" living with this decedent at the time of his death and his only surviving New York State designated "heirs," as set forth in Exhibit G).  At the time of his death, Mr. Wallice was a Broker - Emerging Markets Securities at Cantor Fitzgerald.

12.    In connection with the filing of a claim to the September 11th Victim Compensation Fund on behalf of the Estates of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., I

obtained information and materials relevant to the calculation of economic loss attributable to their wrongful deaths as of the time their claims were submitted to the Victim Compensation Fund.  That information has been provided to Steven J. Shapiro, Ph.D., of Analytic Resources, LLC, Economic Consultants.   Dr. Shapiro took the information we obtained relevant to economic loss and prepared expert report calculations as to the present value of each Estate's economic damages.   These reports, which set forth Dr. Shapiro's methodology, are attached hereto to the Declarations signed by each surviving spouse as Exhibits A through G.  Attached to the reports in each case is Dr. Shapiro's curriculum vitae.

13.    The economic loss figures set forth in each economist report represents the present value (based on the calculations attached in Exhibits A through G) of the estimated economic loss suffered as a result of the wrongful deaths of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr.

14.    The decedents' surviving wives and children have suffered tremendously as a result of the loss of their husband and father.  In addition to the economic losses set forth herein, they have suffered unimaginable mental anguish and grief as a result of the acts of terror that so tragically and violently took the lives of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., and devastated their families.

15.    I have been retained by the Plaintiffs described in Exhibits A through G to pursue recovery for their wrongful death damages and *solatium* losses arising out of the deaths of Joseph D. Dickey, Robert D. Eaton, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. on September 11, 2001.  I have verified via written

documentation and interviews, and through the Declarations attached as Exhibit A through G, that these Plaintiffs were the only "immediate family members" living with their respective husbands/fathers at the time of their deaths, that these Plaintiffs are the only New York State defined "heirs" of their decedent husbands/fathers, that these Plaintiffs did in fact survive the decedent and that they have not recovered fully for their economic or *solatium* damages previously.  I have further confirmed that they do not have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

16.     In prior orders, the Court has established the loss amounts for *solatium* damages based on familial relationship to the decedents.  *See, e.g.,* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD)(FM), Doc. No. 2623, Entered 10/03/12, pp. 4-5; 03-md-1570 (S.D.N.Y.) (GBD)(FM), Doc. No. 3300, Filed 06/16/2016, p. 1.  The *solatium* amounts requested in Exhibits A through G are the figures determined appropriate in the Court's prior orders.

17.     Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, the claimants defer decision as to the appropriate quantum of punitive damages and present a proposed order with a rate of prejudgment interest of 4.96 per annum, compounded annually. *See* 03- md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016.  The form of the proposed Order submitted simultaneously herewith therefore conforms to the Court's prior orders.

18.     Accordingly, simultaneously filed herewith is a "[Proposed] Order for the Entry of Partial Final Judgments Against Iran" conforming with the Court's previous orders.  This Proposed Order contains economic loss figures supplied by the expert reports attached as

Exhibits A through G, and the *solatium* damages reflect the amounts previously awarded to relatives of those killed on September 11, 2001.

19.     Accordingly, I respectfully request that this Court grant the Proposed Order submitted simultaneously herewith.

Dated:  December 16, 2019
        New York, New York

                              LAW OFFICE OF JOHN F. SCHUTTY, P.C.

                              By: /s/ *John F. Schutty*
                                  John F. Schutty (JS2173)
                                  445 Park Avenue, 9th Floor
                                  New York, New York 10022
                                  Tel: (212) 745-1157
                                  Fax: (917) 591-5980