**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                                :
                                                :
                                                :
                                                :   03 MDL 1570 (GBD) (SN)
-------------------------------------------------------------------x

**This Document Relates to**
***Hoglan, et al. v. Iran, et al.***
**1:11-cv-07550 (GBD) (SN)**


### DECLARATION OF TIMOTHY FLEMING

I, Timothy B. Fleming, state as follows:

1.      I am one of the attorneys representing the Plaintiffs in the above-captioned case.  I am over the age of eighteen years.

2.      The judgment Defendants in this case are the Islamic Republic of Iran and fifteen of its political subdivisions and agencies and instrumentalities, including two individuals who are or were high governmental office holders.

3.      The *Hoglan* Plaintiffs have fully complied with the service requirements of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(e), with regard to service of the judgment in this case by sending all Defendants all required materials relating to the *Hoglan* final judgment by the means prescribed in the FSIA, §1608(a), *et seq.*, and §1608(b), *et seq.*

4.      First, the *Hoglan* Plaintiffs caused the Clerk of this Court to send the final judgment materials to all sixteen judgment Defendants pursuant to the prescribed direct mailing steps of FSIA in §§1608(a)(3) and (b)(3)(B).

5.      More than thirty days thereafter, the *Hoglan* Plaintiffs caused the same final judgment materials to be served via diplomatic channels upon the nation-state of the Islamic Republic of Iran and seven political subdivision Defendants that are judgment Defendants in this case.

6.      The *Hoglan* Plaintiffs requested the Clerk of this Court to send the judgment materials, along with *Hoglan* Plaintiffs' counsel's cashiers' checks payable to the "U.S. Embassy Bern [Switzerland]" in the amount of $2,275 for each of these eight Defendants, to the State Department in Washington, D.C. for initiation of diplomatic service under §1608(a)(4) upon those eight Defendants.  The Clerk did so.

7.      Several months thereafter, the *Hoglan* Plaintiffs obtained letters rogatory, as referenced in §1608(b)(3)(a), from this Court pertaining to the eight agency and instrumentality judgment Defendants.

8.      The *Hoglan* Plaintiffs then requested the Clerk of this Court to send the judgment materials, along with the translated letters rogatory and *Hoglan* Plaintiffs' counsel's cashiers' checks payable to the "U.S. Embassy Bern" in the amount of $2,275 for each of these eight Defendants, to the State Department in Washington, D.C. for initiation of diplomatic service under §1608(b)(3), *et seq*.  The Clerk did so.

9.      Accordingly, the judgment materials, together with the *Hoglan* Plaintiffs' checks totaling $36,400, were sent, in two batches several months apart, by the Clerk of this Court to the United States State Department in Washington for diplomatic service upon the judgment Defendants.

10.     The State Department, in turn, caused said judgment materials, again in two batches a few months apart, to be transferred to the Swiss Confederation's Federal Department of Foreign Affairs for further transfer to the Swiss Embassy in Tehran, Iran.

11.     The Swiss Embassy in Tehran thereafter served the judgment materials upon Iran's Foreign Ministry via diplomatic courier, again, in two batches, several months apart.

12.     Two sets of "Specific Authentication Certificates," or "diplomatic notes," detailing these service events were channeled back from the Swiss authorities to the United States State Department in Washington, D.C.

13.     On or about November 28, 2018, the United States State Department sent to the Clerk of the Court of the U.S. District Court for the Southern District of New York these "Specific Authentication Certificates," or "diplomatic notes," detailing the diplomatic service efforts and certifying compliance with the FSIA's diplomatic service requirements, together with a letter with regard to the Islamic Republic of Iran and its seven political subdivisions that are judgment Defendants in this case.

14.     Acknowledgements of the Clerk of the Court's receipt of these certificates and these "Specific Authentication Certificates" were entered onto the *Hoglan* docket on December 7 and 11, 2018.  These December 7 and 11, 2018 *Hoglan* Docket entries are not numbered.

15.     Neither the State Department letter nor the "Specific Authentication Certificates," or "diplomatic notes," themselves were themselves entered onto the Court's docket.

16.     Subsequently, on or about August 27, 2019, the United States State Department sent to the Clerk of the Court of the U.S. District Court for the Southern District of New

York a second set of "Specific Authentication Certificates," or "diplomatic notes," detailing the diplomatic service efforts and certifying compliance with the FSIA's diplomatic service requirements, together with a letter, with regard to the eight agencies and instrumentalities or individual high office holders of the Islamic Republic of Iran that are judgment Defendants in this case.

17.     The Clerk of the Court made a series of entries acknowledging receipt of these certificates on the MDL dockets on September 6, 2019.  The MDL Docket Nos. are 5100 and 5113-5119.

18.     Again, neither the State Department letter nor the "Specific Authentication Certificates," or "diplomatic notes," were themselves entered onto the Court's docket.

19.     It is my understanding that the above-referenced two State Department letters and accompanying sixteen "Specific Authentication Certificates," or "diplomatic notes," that detail each step of the diplomatic service process are in the possession or custody of the office of the Clerk of the United States District Court for the Southern District of New York.

*I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.*

December 30, 2019

_____
Timothy B. Fleming

4