UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.* | 15-cv-9903 (GBD)(SN)<br>ECF Case |

**DECLARATION IN SUPPORT OF MOTION FOR
ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF
OF *BURNETT/IRAN* PLAINTIFFS IDENTIFIED AT EXHIBIT A
WHO WERE NOT IMMEDIATE FAMILY MEMBERS
OF A 9/11 DECEDENT**

(*BURNETT / IRAN XV*)

JOHN M. EUBANKS, Esquire, hereby states under penalty of perjury that:

1. I am an attorney with the law firm of Motley Rice LLC, attorneys for the Plaintiffs in the above-captioned matters. I submit this Declaration in support of this motion on behalf of the Plaintiffs identified in Exhibit A (attached hereto) from the action titled *Burnett, et al., v. The Islamic Republic of Iran, et al.*, 15-cv-9903-GBD-SN ("*Burnett/Iran*") (Collectively, the Plaintiffs identified in Exhibit A are hereinafter "the *Burnett/Iran XV* Plaintiffs").

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. <u>The Court's order dated January 24, 2017</u> (ECF No. 3435[1]), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been

---

[1] Unless indicated differently, citations to ECF Nos. are to the docket in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN).

        awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 7, below.

    b.    <u>The Court's Orders dated October 14, 2016 and August 8, 2017</u> (ECF Nos. 3363 and 3676) concerning the amounts of solatium damage awards.

    c.    <u>The Court's Order dated October 14, 2016</u> (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

3.    The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted as to other plaintiffs in the *Burnett/Iran* action, in orders dated July 31, 2017, June 8, 2018, August 28, 2018, September 13, 2018, and September 4, 2018 at ECF Nos. 3666 (*Burnett/Iran I*), 4023 (*Burnett/Iran II*), 4126 (*Burnett/Iran III*), 4175 (*Burnett/Iran IV*), 4146 (*Burnett/Iran V*), 5062 (*Burnett/Iran VI*), 5061 (*Burnett/Iran VII*), 5092 (*Burnett/Iran VIII*), 5087 (*Burnett/Iran IX*), 5138 (*Burnett/Iran XI*), 5151 (*Burnett/Iran XII*), and 5356 (*Burnett/Iran XIII*).

4.    The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett/Iran XV* Plaintiffs in connection with the September 11th terror attacks, other court records relating to the *In re Terrorist Attack on September 11, 2001* multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation, and conversations with these plaintiffs and the sworn statements of the plaintiffs attached hereto as Exhibits B through M. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5.    The *Burnett/Iran* Plaintiffs identified in Exhibit A each have the functional equivalence of an "immediate family member" of decedents from the terrorist attacks on September 11, 2001, as indicated for each person on Exhibit A. In support of their entitlement to

2

solatium damages, the *Burnett/Iran XV* Plaintiffs have affirmed the details of their relationships to their respective decedents in the declarations attached hereto as Exhibits B through M.

6. Exhibit B is a true and correct copy of the Declaration of Justin Benitez detailing that he was the functional equivalent of a child to 9/11 decedent James N. Pappageorge.

7. Exhibit C is a true and correct copy of the Declaration of Paula Carucci detailing that she was the functional equivalent of a child to 9/11 decedent Ronald Golinski.

8. Exhibit D is a true and correct copy of the Declaration of Robert Dow detailing that he was the functional equivalent of a spouse to 9/11 decedent Ruth Ellen Ketler.

9. Exhibit E is a true and correct copy of the Declaration of David Eschenbaum detailing that he was the functional equivalent of a child to 9/11 decedent Ronald Golinski.

10. Exhibit F is a true and correct copy of the Declaration of Serena Giovi detailing that she was the functional equivalent of a spouse to 9/11 decedent Stephen J. Colaio.

11. Exhibit G is a true and correct copy of the Declaration of Kara Lydia Jerez detailing that she was the functional equivalent of a child to 9/11 decedent Robert D. Cirri, Sr.

12. Exhibit H is a true and correct copy of the Declaration of Jessica Nardone Feldman detailing that she was the functional equivalent of a spouse to 9/11 decedent Scott Thomas Coleman.

13. Exhibit I is a true and correct copy of the Declaration of Paige Marie Rollison detailing that she was the functional equivalent of a child to 9/11 decedent Claude Michael Gann.

14. Exhibit J is a true and correct copy of the Declaration of Sarah Elizabeth Rollison detailing that she was the functional equivalent of a child to 9/11 decedent Claude Michael Gann.

15. Exhibit K is a true and correct copy of the Declaration of David Spivock, Jr. detailing that he was the functional equivalent of a spouse to 9/11 decedent Renee A. May.

16. Exhibit L is a true and correct copy of the Declaration of Jacqueline Steed detailing that she was the functional equivalent of a child to 9/11 decedent Charles A. Laurencin.

17. Exhibit M is a true and correct copy of the Declaration of Tanya Villanueva Tepper detailing that she was the functional equivalent of a spouse to 9/11 decedent Sergio Villanueva.

18. The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent.

19. After reviewing the records available to me regarding other judgments entered by this Court against the Iranian defendants, I have not identified any relief that has previously been awarded to any *Burnett/Iran XV* Plaintiff.

20. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against the Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

21. Accordingly, a proposed Order of Partial Final Judgment for the *Burnett/Iran XV* Plaintiffs, conforming to the Court's previous orders, had been provided with Plaintiffs' motion.

Dated: January 3, 2020    /s/    John M. Eubanks
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9218
Fax: 843-216-9450
Email: jeubanks@motleyrice.com