# EXHIBIT D

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

*This document relates to:*

*Burnett, et al. v. Islamic Republic of Iran,* No. 15-cv-9903 (GBD)(SN)

### DECLARATION OF ROBERT DOW

I, ROBERT DOW, hereby declare under penalty of perjury as follows:

1. I am currently 68 years of age and reside in Amherst, Massachusetts.

2. I was the domestic partner of Ruth Ellen Ketler who was killed in the September 11, 2001 terrorist attacks on the World Trade Center in New York where she worked as Senior Vice President and head of research with Fiduciary Trust Company International.

3. At the time of her death on September 11, 2001, Ruth Kelter and I had been living together for eight years. (See attached Porter/Doorman letter dated June 6, 2002).

4. At the time of her death, Ruth and I depended on each other for financial, emotional and spiritual support.

5. Throughout our eight years living together, Ruth and I shared all our living expenses as well as responsibility for household chores.

6. Throughout our eight years living together, Ruth and I considered ourselves married to each other and held ourselves out to the world as a married couple.

7. Following her death, I received a death benefit payment as Ruth's domestic partner pursuant to the New York State Workers' Compensation laws. (See attached Workers' Compensation Work Sheet dated January 4, 2004).

8. Following her death, I received an award from the September 11th Victims Compensation Fund as Ruth's domestic partner. (See attached Victims Compensation Fund award letter dated September 27, 2003).

9. Following her death, I received an award from the New York State Crime Victims Board based on our "mutual interdependence" as determined by the single Commissioner. (See attached Death Claim Decision dated December 28, 2001.

10. Prior to her death, Ruth told me that she had designated me as the beneficiary of a life insurance policy provided by her employer. However, all beneficiary documents were lost among the debris of the collapsed towers.

11. Prior to her death, Ruth and I discussed having children together, the concerns of her having a baby given her health issues, and the option of adopting children. (See attached letter dated January 21, 2002 from Liz Pennisi, R.N. and Office Manager for Doctors Romoff and Yale).

12. At the time of her death, Ruth and I were in the process of searching for a home to purchase together in Massachusetts, where we intended to retire and grow old together.

13. The September 11, 2001 terrorist attacks destroyed the life that Ruth and I had been building together, and my life will never be the same since losing her.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October, 29, 2019

Robert Dow

June 6, 2002

My name is Scott J Slater and I have been employed at 444 East 75th street as a doorman/porter since November of 1993. During the course of my employment I came to know a couple who lived in apartment 4D together, Mr Robert Dow and Ms Ruth Ketler. They were among my favorite tenants in the building, always extremely friendly and down to earth and so I was always happy to see them coming and going.

I would guess that I saw the two of them enter the building thousands of times, almost invariably together. There is no doubt in my mind that they were deeply in love and fully committed to each other.

Very truly yours,
Scott J Slater

Sandra N.S. Covington, ESQ.
Notary Public, State of New York
No. 02CO6019126.
Qualified in Kings County
Commission Expires February 1, 2023

Chubb Group of Insurance Companies
55 Water St
New York, New York 10041

CHECK TYPE OF CASE  [X] WORKERS' COMPENSATION   [ ] VOLUNTEER FIREFIGHTER   [ ] VOLUNTEER AMBULANCE WORKER

**ANSWER ALL QUESTIONS FULLY – TYPEWRITER OR COMPUTER PREPARATION IS REQUIRED**

ALL COMMUNICATIONS SHOULD REFER TO THESE NUMBERS

| 1. WCB Case Number | 2. Carrier Case Number | 3. Carrier Code | 4. Date of Injury | 5. Social Security Number |
|---|---|---|---|---|
| 00160246 | 71650080-087 | W080006 | 09/11/01 | 178420712 |

| | Name | Address to which notices should be sent |
|---|---|---|
| 6. Claimant/Name of Deceased | KETLER, RUTH | 408 East 65th St, #6H New York, NY 10021 |
| 7. Employer* | Fiduciary Trust Company | WTC, NEW YORK, NY 10048 |
| 8. Carrier | Federal Insurance Co c/o Chubb & Son | 55 WATER STREET, N.Y., N.Y. 10041 |

*In VF and VAW benefit cases, The liable political subdivision (or unaffiliated ambulance service as defined in Sec. 30 VAWBL) is deemed to be the "EMPLOYER"

| 9. County Where Injury Occurred | 10. Date Disability Began or Date of Death | 11. Average Weekly Wage | 12. Date First Payment Mailed | 13. Date Most Recent Payment Mailed |
|---|---|---|---|---|
| Manhattan | 09/11/01 | $600+ | 10/21/01 | |

14. Description (Diagnosis) of Injury  **INVOLVED IN WTC EXPLOSION**

### 15. SUMMARY OF BENEFIT PAYMENTS

| Indicate Type of Disability | | Period(s) of Payment | | Less Days Worked | Number of Weeks | Weekly Rate | Amount |
|---|---|---|---|---|---|---|---|
| Total/Partial | PERM./TEMP. | FROM | TO | | | | |

DISFIGUREMENT...............
LUMP SUM PAYMENT (Include Lump Sum Non-Schedule Adjustment or Lump Sum Advance on a Schedule Loss Award)............

| DEATH BENEFITS | From | To | Paid To Or For | | | | |
|---|---|---|---|---|---|---|---|
| | 9/11/01 | 9/24/04 | ROBERT DOW | | | | $63,440 |

Lump Sum Death Benefit (VFBL and VAWBL only)...........
Funeral Expenses.................
State Treasurer (Sections 15-9, 25-a or 26-a)............
Payment made into Aggregate Trust Fund – Date: ............

**TOTAL AWARD**

PENALTY PAYMENT TO CLAIMANT..........
LESS:  a. Fees to representative: ............ Cowen, Liebowitz & Latman, P.C.      $10,000
       b. Reimbursement to: ............$
       c. Other (specify): ............$

TOTAL DEDUCTIONS (a+b+c)  $10,000
**BALANCE TO CLAIMANT**   **$63,440**

16. Have benefits been paid in full in accordance with an award of the WCB? [X] Yes   [ ] No If "No", check and complete items a-c, as appropriate:
    a. [ ] Claimant returned to work. Date of return:_____   [ ] At pre-injury wages   [ ] At reduced wages
    b. [ ] There is a change in condition and/or earnings (A medical report or other supporting documentation must be attached.)
    c. [ ] Payments stopped or modified for other reason. (Explain below and/or attach explanation/documentation.)
    Per Reserved Decision filed 10/25/04 and affirmed by Board Panel on 12/24/04, CCP $800/bi-weekly benefits to Robert Dow @ 66.67%. Carrier released Atty fee as per Decision of 11/19/04

17. [ ] NOTICE OF TERMINATION OF TEMPORARY PAYMENTS OF COMPENSATION (Sec 21-aWCL) Employer or carrier is ceasing payment of temporary compensation. See special information box on reverse. Last payment was made on _____. Reason for termination of payments:

Prepared by: Harriet Nichols                    Dated  1/4/04

Official Title   Workers' Compensation Examiner     Telephone No & Extension  (212) 612-4387
C-8/8.6 (4-01)   Prescribed by Chair Workers' Compensation Board. State of New York
**SEE IMPORTANT INORMATION TO CLAIMANT AND CARRIER ON REVERSE**

Victim's SSN: 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
Personal Representative's SSN: 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

## Exhibit CC

### Submission Related to Proper use of Table 4 – Decedent's Personal Expenditures or Consumption as Percent of Income.

Digest: In light of the long term domestic partnership between Ruth Ketler and Robert Dow, the proper consumption rate under Table 4 is married with no children, for purposes of the calculation of the presumed economic loss.

The calculation of presumed economic loss uses various procedures and assumptions. As noted in subpart 7 of Section 5.13 of the Victim Compensation Fund Frequently Asked Questions (12/13/02), the victim's share of household expenditures or consumption is subtracted from projected compensable income to arrive at the loss amount. Table 4, entitled "Decedent's Personal Expenditures or Consumption as Percent of Income," provides a schedule, based on selected income levels, marital status and number of dependents.

The income level listed most closely approximating Ms. Ketler's income is $225,000. The table notes that the consumption percentage for a single decedent (no children) is 48%, and a married decedent (no children) is 12.5%.

The proper consumption percentage to use in the instant case is 12.5%, married with no children.

Ruth Ketler and Robert Dow had a long-term relationship and lived together at 444 East 75th Street, Apt. 4D, in New York City for the eight years prior to September 11, 2001. Robert Dow was Ruth Ketler's domestic partner. Although they were not married, their long-term relationship and cohabitation, characterized by financial and emotional commitment and interdependence (see Submission and Statement of Robert Dow in Exhibit CC), should be considered in determining the appropriate consumption percentage.

Verification of Robert Dow's status as the surviving domestic partner can be found from the New York Crime Victims Board determination that Robert Dow was the "mutual interdependent" of Ruth, and as such enjoyed certain rights under New York law. As the surviving domestic partner, the New York Crime Victims Board awarded Robert Dow crime victim benefits. Similarly, as the surviving domestic partner, Robert Dow received charitable contributions from the American Red Cross, Safe Horizons and the September 11th Victim Fund.

Additional support for the proposition may be found in the recent amendment to Chap. 467 of the New York Worker's Compensation law, signed into law on August 20, 2002, which makes domestic partners of persons dying, without surviving spouses, as a result of the terrorist attacks of September 11, 2001 eligible for worker's compensation death benefits....otherwise due a surviving spouse.

As noted in a comment letter dated November 16, 2001 by the Empire State Pride agenda (website reference W000431):

R653170.2

In many areas, New York State law already recognizes that an array of people come together to form families that are emotionally and financially interdependent, and the law has been taking affirmative steps to protect those who face peril when a family member perishes. These court rulings, laws, and executive orders deserve special consideration and carry special weight if the Fund is to live up to its purpose as a viable alternative to litigation, since the vast majority of the victims of the September 11 attacks were killed in New York, and New York law will apply in compensation litigation for those victims.

.....Governor Pataki issued an Executive Order granting surviving partners of the World Trade Center attacks comparable benefits to those received by surviving spouses from the state's Crime Victim Board. (The board receives a large proportion of its compensation funds from the Department of Justice's Office for Victims of Crime.) Under the Order, the Crime Victims Board will use criteria similar to those used in granting health benefits to the domestic partners of state employees, discussed below.

That Executive Order follows the example set as early as 1989 by New York's highest court, which has defined "family" to embrace the diverse family structures that play vital roles in the state and to protect life partners of rent-controlled tenants. In Braschi v. Stahl Associates, 74 N.Y.2d 201 (1989), the Court of Appeals held that government protection when a loved one dies "should not rest on fictitious legal distinctions or genetic history, but instead should find its foundation in the reality of family life." Id. at 211. Braschi held that in addition to the traditional definitions of family, "a more realistic and certainly equally valid, view of family includes two adult lifetime partners whose relationship is long term and characterized by an emotional and financial commitment and interdependence." Id. The definition of family the Court formulated is now codified in New York administrative regulations at 9 N.Y.C.R.R. 2104.6(d)(3). By incorporating factors like longevity of the relationship, formalization of responsibilities toward one another, and mutual, day-to-day care for one another as well as extended family, it offers a workable standard for ensuring that only genuine family members in need of relief are eligible beneficiaries.

In 1995, New York State extended domestic partner health benefits to state employees, and established criteria that follow the sprit of Braschi to judge when two unmarried individuals are involved in a committed and interdependent relationship. The judicial and legislative branches have since followed suit so that all New York

Victim's
SSN: 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

R653170.2

Personal Representative's
SSN: 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

State public employees are now eligible for domestic partner benefits. New York City also has a long history of fair treatment for all families, beginning in 1989 when city employees with domestic partners were granted bereavement leave benefits, several additional measures followed, culminating in a 1998 law introduced by Mayor Giuliani granting partners equal rights and responsibilities to spouses in all areas under City jurisdiction.

Those who died here in an attack on our nation deserve no less from their federal government, and clearly the survivors will settle for no less. Because New York has in so many contexts taken a realistic, expansive view of family, survivors are likely to choose New York litigation as a means for compensation over a federal fund that uses a more restrictive approach. Whatever the final outcome, the issue of whether a domestic partner and non-biological children are eligible for damages in a wrongful death suit brought under New York law will certainly not be dismissed out of hand. Therefore, if the Victim Compensation Fund is to serve one of its purposes of protecting airlines from costly litigation, it must reflect New York's inclusive definition of family.

Moreover, on June 24, 2002, President Bush signed into law what has become known as the Father Judge Law. The new law is actually an amendment to 42 USC Section 3796(a). This federal law expands certain benefits to domestic partners in certain circumstances.

Following is a memorandum to Trial Lawyers Care, dated May 15, 2002 and prepared by Charles River Associates Incorporated, that discusses the personal consumption offset As noted in Table 2, the proper consumption rate for married, no children under prior economic surveys was 9.7%, a full 2.8% below the 12.5% used by the Special Master.

In light of New York State law, Father Judge law, and fairness in administering the Victim Compensation Fund, the "married–no children" category in Table 4 should be used in determining the "consumption as a percent of income" amount for purposes of the presumed economic loss calculation in the case of Ruth Ellen Ketler.

Appendix:   Following is a memorandum, dated May 15, 2002 prepared by Charles River Associates Incorporated, to Trial Lawyers Care.

Victim's
SSN: 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

Personal Representative's
SSN: 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

R653170.2



# U.S. Department of Justice
## September 11th Victim Compensation Fund

P.O. Box 18698
Washington, D.C. 20036-8698

September 27, 2003

ROBERT J DOW
UMCC, 504 GOODELL BLDG, 140 HICKS WAY
AMHERST, MA 01003-9272

Dear ROBERT J DOW:

This letter serves to notify you that a final award determination has been made by the September 11th Victim Compensation Fund ("Fund"). The Special Master has reviewed and approved the distribution plan submitted by the Personal Representative. Based on the approved distribution plan, you will receive the following amount:

| Beneficiary | Relationship to Victim | Net Amount |
|---|---|---|
| ROBERT J DOW | DOMESTIC PARTNER | $831,231.06 |
| | | |

Under federal regulations, approval of the distribution plan by the Special Master is final and not subject to judicial review. See Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Sec. 405(b)(3).

If you have any questions, please feel free to call the toll-free Helpline at 1-888-714-3385, 1-888-560-0844 for the hearing impaired (TDD); from outside the United States, please call collect at 212-625-1645.

Sincerely,

Kenneth R. Feinberg
Special Master, September 11th
Victim Compensation Fund

**CRIME VICTIMS BOARD**
**DEATH CLAIM DECISION**

Claim No: 434556 WTC      Decedent's Name: RUTH KETLAR

Claimant's Name and Address:        Attorney's Name and Address:

ROBERT DOW
444 EAST 75TH STREET
APT. 4-D
NEW YORK, NEW YORK 10021

DEC 28 2001

COMMISSIONER
CHARLES F. MAROTTA

## MEDICAL AND FUNERAL EXPENSES

| PROVIDER | TOTAL | ALLOWED | RECEIVED | BALANCE |
|---|---|---|---|---|
|  |  |  |  |  |

COUNSELING: YES

### EMPLOYMENT

Occupation  Fiduciary Trust Company      Monthly Salary  $19,409.71

| | |
|---|---|
| Federal Income Tax | $6,149.32 |
| State Income Tax | $1,636.61 |
| City Income Tax | $674.22 |
| Social Security | $700.00 |
| Personal Expenses | -0- |
| TOTAL | $9,160.15 |
| Net Income | $10,249.56 |

Present Income:
| | |
|---|---|
| Pension | -0- |
| Social Security | -0- |
| Workers' Compensation | -0- |
| TOTAL | -0- |

Lost of Support  Fro  9/11/01   thru  1/31/02
Months       4       thru $10,249.56    = $40,998.24
Weeks        2       at   $2,365.28     = $ 4,730.56
                          TOTAL           $45,728.80

Reimbursements:
(Soc. Sec., WC, etc.)   Employer 1.75 mos. at  $10,249.56  = $17,936.73
                              Actual Loss of Support = $27,792.07

Attorney's Fees  $

Total Funeral Expenses
Total Medical Expenses
Total Loss of Support
**TOTAL AWARD**
Less Emergency Award (s)
Attorney Fee
**TOTAL AWARD DUE**
Award Payable Monthly Effective 2/1/02

---

1. Statutory Requirements:  YES
2. Financial Difficulty:    N/A

Reason for Decision:

Claimant is the mutual interdependent of a fifty-one year old female, who was a victim of a terrorist act at the World Trade Center on September 11, 2001 in New York, New York.

After reviewing the file and the evidence submitted, I find that eligibility and jurisdiction have been established; and that the provisions of Article 22, Section 631, of the Executive Law have been complied with. The victim was an innocent victim of a crime.

Accordingly, an award is herein made and payable, pursuant to claimant's authorization dated October 30, 2001 as follows:

To:
ROBERT DOW                                                                $17,792.07
444 EAST 75TH STREET
APT. 4-D
NEW YORK, NEW YORK 10021
SS#: 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
(for funeral expenses)

EMERGENCY AWARD HERETOFORE PAID ON 11/1/01             $10,000.00
TO THE CLAIMANT FOR LOSS OF SUPPORT AS ABOVE
MENTIONED FOR WHICH NO CHECK
SHALL BE ISSUED

                                    TOTAL AWARD        $27,792.07

Executive Law Section 626 (1) provides the Board may consider reimbursement for the cost of counseling for the eligible spouse, parents, step-parents, grandparents, guardians, siblings, step-siblings, children and step-children of a homicide victim. Therefore, pursuant to Executive Law Section 626 (1), claimant will be permitted to submit to the Board for consideration of payment evidence of any causally related unreimbursed counseling expense, if incurred as a direct result of the crime, after submission to any applicable health insurance coverage. The Crime Victims Board is payer of last resort.

In addition, commencing February 1, 2002 claimant shall receive the sum of $2,208.93 payable monthly. Said payments shall continue during the period of claimant's dependency. Should claimant remarry or should claimant receive any additional income from any source whatsoever, then and in that event claimant must immediately notify the Crime Victims Board in writing of such change in circumstances and a re-evaluation of claimant's entitlement will be made. In no event shall the award payable for loss of support exceed the sum of $30,000.00 in the aggregate which includes al prior payments made to this claimant for loss of support.

Dated: DEC 28 2001          Signed: _____
Dated at Brooklyn, New York                   Charles F. Marotta
                                               Commissioner

CFM:sa

---

NOTICE TO CLAIMANT OR ATTORNEY

If you are dissatisfied with the decision of the Board Member who decided your claim, you may, within thirty days after receipt of the decision, make an application in writing to the Chairperson of the Board for consideration of the decision by the Board. Your application should specify the grounds thereof, and should be sent to the Board at its principal office at Albany, New York.

CRIME VICTIMS BOARD
845 Central Avenue
Albany, New York   12206-1588

If an award has been granted, the decision must then be reviewed by the Office of the State Comptroller whose approval must be received prior to the award payment. You should receive payment within eight to ten weeks from the date of the decision.

**ADAM ROMOFF, M.D.**

**SUZANNE YALE, M.D.**

768 PARK AVENUE

NEW YORK, NEW YORK 10021

Telephone (212) 744-9300

LIZ PENNISI, R.N.C.

January 21, 2002

Re: Ruth Ketler
    Robert Dow

To Whom It May Concern,

Ms. Ruth Ketler was a patient of ours since October of 1984. In the past three to four years we have seen her between two and five times a year. She has had three surgeries since 1993. For each of those surgeries it is required that someone accompany her home. Mr. Robert Dow, her boyfriend who lives with her, accompanied her to the surgeries, waited for her, and brought her home. While they were not husband and wife, Ruth would speak of "Bob" at her visits.

We were aware that they had been living together for some time and in 1997 she was thinking of conceiving. She called and started taking folic acid daily. While there were no legal papers between them, there certainly was a bond.

We were saddened by the events of September 11, 2001, that tragically ended Ruth's life and also changed Bob Dow's life forever. There are no words that can make this better.

If there are any questions please feel free to contact the office.

Yours truly,

*[signature]*

Liz Pennisi, R.N.,C.
Nurse and office manager