UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) <br> ECF Case |
| This document relates to: <br> *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.* | 15-cv-9903 (GBD)(SN) <br> ECF Case |

**ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF BURNETT/IRAN PLAINTIFFS IDENTIFED AT EXHIBIT A**

(***BURNETT / IRAN XV***)

On January 31, 2017, the Court granted the *Burnett/Iran* Plaintiffs an Order of Judgment by default against the Islamic Republic of Iran. *See* Order of Judgment, ECF No. 3441. The Court has issued numerous order addressing the *Burnett/Iran* Plaintiffs' requests for damages. Here, pursuant to § 1605A of the Foreign Sovereign Immunities Act, Plaintiffs seek an award of solatium damages on behalf of 12 non-immediate family members of victims of the terrorist attacks on September 11, 2001. Plaintiffs' motion should be GRANTED.

Given that the trauma of a terrorist attack transcends the bounds of a nuclear family, courts have expanded eligibility for solatium damages beyond immediate family members. In this vein, on October 14, 2016, the Court detailed a framework to evaluate damages requests by non-immediate family members of the victims of the September 11 attacks. ECF No. 3363, adopted by, ECF No. 3384 ("*Hoglan II*"). The Court clarified this framework in a subsequent decision issued on August 8, 2017. ECF No. 3676, adopted by, ECF No. 3795 ("*Hoglan IV*").

The framework allows individuals to recover solatium damages when they are "functional equivalents" of immediate family members. *Hoglan IV*, at 3. Three general factors guide the Court's analysis, though none is dispositive. First, the Court determines whether the individual

resided in the decedent's household long-term. *Id*. at 7. Intermittent or sporadic cohabitation — for example, brief periods of help in times of need, instead of a long-standing, semi-permanent arrangement — is generally insufficient to satisfy this requirement. *Id*.

Second, for individuals in the parent or child role, the Court determines whether the individual played a guardian or custodian-like role in the decedent's life (or vice versa, whether the decedent played such a role in the life of the family member). *Hoglan IV*, at 7–8. The length of the alleged relationship, and the number of years the child was a minor while the relationship existed, are important considerations in this analysis. *Id*. at 8.

Third, in the case of a parent or child, the Court determines whether the biological family member in question was absent in the decedent's life. *Hoglan IV*, at 8. For example, a stepmother is less likely to be considered a "functional equivalent" of a (biological) parent if the decedent maintained close contact with and/or received support from his or her (biological) mother, *even if* they lived in the custody of their stepmother and received significant support from her. *Id.* (emphasis added). On the other hand, if the non-immediate family member was stepping in to play a "functionally equivalent" role because of the death or long-term absence of the biological family member, an award of solatium damages would be more likely. *Id*.

Further, in *Hoglan II*, the Court established additional guidelines for specific classes of individual plaintiffs. Relevant here, stepparents and stepsiblings who became part of the family when the decedent was in early childhood (roughly until the age of eight) may be deemed fully functional equivalent to biological parents or siblings and would be entitled to full solatium damages, and stepchildren who were in the same range when the decedent became part of their family would be deemed fully equivalent to biological children. Stepparents and stepsiblings who became part of the family when the decedent had passed early childhood but was still living in the

family home (ages nine and above) may be entitled to solatium damages reduced by one-half, and stepchildren who were in this age range when the decedent became part of the family would receive half damages as well. Stepparents and stepsiblings who became part of the decedent's family when the decedent had nearly finished his secondary education would likely not be deemed functional equivalents of immediate family members and would not be illegible for solatium awards, with the same being true for stepchildren who were this age when the decedent became part of their family. *See Hoglan II*, at 15–16.

The Court affirmed this framework in *Hoglan IV* with one clarification — any step-relative receiving solatium damages must demonstrate that they continuously cohabited with the decedent for a significant period of time before the date the claimant (for stepchild claims) or decedent (for stepparent claims) turned 18 and attained the age of majority. This period of time is presumptively at least two years. *Hoglan IV*, at 13.

Stepsibling claims carry an additional caveat. As discussed below, the ages of both the decedent and the claimant are relevant to the inquiry, which is fundamentally targeted at determining the degree to which the claimant and the decedent "grew up together" as brothers or sisters. Therefore, a stepsibling who enters the family at a young age will not be eligible for solatium damages if the decedent was already at or approaching the age of majority (18) at the time; by the same token, a stepsibling who was at or near the age of majority when the decedent entered the family would be similarly ineligible. See *Hoglan IV*, at 14.

Applying these standards dispassionately, the Court approves the solatium damages on behalf of each of the 12 plaintiffs as set forth on Exhibit A.

Plaintiffs identified in Exhibit A are also awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment.

Plaintiffs identified in Exhibit A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue.

Finally, any *Burnett/Iran* Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may still submit applications for solatium and/or economic damages awards.

Dated: New York, New York  
_____, 2020

**SO ORDERED:**

_____  
GEORGE B. DANIELS  
United States District Judge