UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Parker, et al. v. Islamic Republic of Iran,* 18-cv-11416 (GBD)(SN)

## The *Parker* Plaintiffs' Motion for Final Judgments

For the reasons set forth below and the statements contained in the Declaration of Dorothea M. Capone, Esq., the *Parker* Plaintiffs identified in Exhibit A to said Declaration,[1] by and through their counsel, Baumeister & Samuels, P.C., respectfully move this Court for final judgment against the Islamic Republic of Iran ("Iran"), together with (1) an award of $2 million dollars in compensatory damages for the pain and suffering endured by their decedents, two of the victims killed in the September 11, 2001 attacks, who are identified in Exhibit A; (2) an award of prejudgment interest on said compensatory damages in the amount of 4.96% per year, compounded annually; and (3) permission for the *Parker* Plaintiffs to submit future applications for economic losses and punitive damages consistent with any future rulings of this Court.

---

[1] Pursuant to this Court's July 10, 2018 Order (ECF No. 4045), on December 6, 2018 counsel for certain *Ashton* and *Bauer* Plaintiffs filed a Short Form Complaint for the *Parker* Plaintiffs, adopting all of the factual and jurisdictional allegations in the *Ashton* Amended Consolidated Complaint against the Islamic Republic of Iran and joining in all prior pleadings in *Ashton*. As provided for in the Court's July 10, 2018 Order, and by filing the Short Form Complaint, the *Parker* Plaintiffs have joined and are bound by all decisions in *Ashton* and in this MDL that relate to all actions. Counsel for the *Parker* Plaintiffs also represent the *Bauer* Plaintiffs whose claims were consolidated for liability purposes into *Ashton v. al Qaeda Islamic Army, et al.,* Civ. No. 02-cv-6977.

1

This motion is submitted pursuant to the Court's previous orders granting permission for *Ashton* and *Bauer* Plaintiffs to move for awards for damages in the future,[2] and, most recently, the Court's December 6, 2019 Order requiring the submission of new motions for final judgments and awards by January 15, 2020.  *See* ECF No. 5338.

### I.     Procedural Background

After reviewing evidence and arguments submitted by various Plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* Plaintiffs for claims arising out of the deaths of the plaintiffs' decedents.  *See* ECF No. 3014, Filed 08/31/15.  Thereafter, the *Ashton* Plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents endured before their deaths.  In his December 28, 2015 Report and Recommendation, Magistrate Judge Maas recommended that the Court grant a compensatory damage award of $2,000,000 for each of the victims killed in the September 11, 2001 terror attacks, together with a punitive damage multiplier.[3]  This Court adopted Magistrate Judge Maas' determination (*see* ECF No. 3229, Filed 03/09/16), and subsequent Orders of this Court

---

[2] *See e.g.* 03-md-1570 (S.D.N.Y.)(GBD)(SN), ECF No. 3300, Filed 06/16/16, ECF No. 3341, Filed 09/12/16, ECF No. 3387, Filed 10/31/16.

[3] *See* ECF No. 3175, Filed 12/28/15.  Although Magistrate Judge Maas had previously applied 3.44 as the appropriate punitive damage multiplier against the claims arising out of the September 11, 2001 terror attacks, ECF No. 2618, Filed 07/30/12, and the Court adopted this recommendation, ECF No. 2623, Filed 10/03/12, in a subsequent Report and Recommendation issued October 12, 2016, Magistrate Judge Netburn expressed concern over the analysis used to reach this multiplier, and recommended that the *Hoglan* Plaintiffs' claim for punitive damages, which was the subject of the October 12, 2016 Report, be denied without prejudice, providing plaintiffs with an opportunity to file supplemental briefing to justify future punitive damages awards.  *See* ECF No. 3358, *adopted by,* ECF No. 3383, Filed 10/31/16.

have made identical awards of $2,000,000 for the conscious pain and suffering of the 9/11 victims.[4]

For the reasons below, as well as those set forth in the prior motions for summary judgment on liability and prior motions for awards of conscious pain and suffering, the *Parker* Plaintiffs respectfully request that this court grant the Proposed Order attached to the Capone Declaration as Exhibit B awarding conscious pain and suffering damages for their decedents as described below, and directing that prejudgment interest be assessed against these damages at 4.96% per annum, compounded annually consistent with this Court's Order of October 31, 2016. *See* ECF No. 3383.

## II. Damages

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") which applies to the claims filed by the *Ashton, Bauer* and *Parker* Plaintiffs against Iran, creates an exception to sovereign immunity under which a U.S. citizen can sue a foreign state that is, or was, a state sponsor of terrorism, and any official, employee or agent of that foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency. The statute specifies that damages are available "for personal injury or death", 28 U.S.C. §1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." *Id.* at (c)(4).

Courts addressing the damages available under the statute have held that the estates of those who died can recover compensation for their decedent's conscious pain and suffering as well as economic losses stemming from the wrongful death of the decedent while surviving

---

[4] *See* e.g., ECF No. 3666, dated 7/31/2017; ECF No. 3905, dated 2/26/2018; ECF No. 4126, dated 8/28/2018; ECF Nos. 5071, 5072, dated 9/4/2019; ECF No. 5092, dated 9/6/2019; ECF No. 5125, dated 9/10/2019, and ECF No. 5376, dated 12/17/2019.

family members can recover solatium for their emotional injuries, together with punitive damages.  *See, e.g., Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010), *citing* RESTATEMENT (SECOND) OF TORTS, § 926, *Eisenfeld v. Islamic Republic of Iran,* 172 F.Supp.2d 1, 8 (D.D.C. 2000)(awarding damages to estates of decedents who endured several minutes of pain and suffering prior to death); *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 28-29 (D.D.C. 2007)(awarding damages to estates of decedents who endured several hours of pain and suffering prior to death).

    A.  **Conscious Pain and Suffering**

In determining the appropriate damages for a decedent's pain and suffering, courts look to a reasonable standard.  *See* Report and Recommendation of Magistrate Judge Maas, ECF No. 2618, Filed 07/30/12 at p. 7, *citing Mastrantuono v. United States,* 163 F.Supp.2d 244, 258 (S.D.N.Y. 2001)(citing *Battista v. United States,* 889 F.Supp. 716, 727 (S.D.N.Y. 1995)). Magistrate Judge Maas conducted a thoughtful analysis of prior cases that had established awards for the conscious pain and suffering endured by individuals killed as a result of acts of terror before concluding that $2 million dollars was an appropriate award for each of the victims who lost their lives in the 9/11 terror attacks. *Id.* at p. 9.  This recommendation was adopted by this Court in an Order dated October 3, 2012, ECF No. 2624 at p. 3.

Since making that determination, this Court has reaffirmed that determination and awarded $2 million dollars to subsequent decedents for their conscious pain and suffering.  *See* ECF No. 3175, Filed 12/28/15 (awarding $2 million dollars to the decedents of the *Ashton* plaintiffs), *adopted by* ECF No. 3229, Filed 03/09/16, at p. 3, *see also,* ECF No. 3666, dated 7/31/2017; ECF No. 3905, dated 2/26/2018; ECF No. 4126, dated 8/28/2018; ECF Nos. 5071,

5072, dated 9/4/2019; ECF No. 5092, dated 9/6/2019; ECF No. 5125, dated 9/10/2019, and ECF No. 5376, dated 12/17/2019.

The *Parker* plaintiffs identified in Exhibit A to the Capone Declaration respectfully request that this Court award their decedents $2 million dollars in compensatory damages for the conscious pain and suffering endured by each of them before their deaths in the September 11, 2011 terror attacks.

### B.  Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011).

The awards granted by this Court to other *Ashton* Plaintiffs in its March 9, 2016 Order included pre-judgment interest based upon the location of where the injuries occurred.  In a subsequent Report and Recommendation issued October 12, 2016, Magistrate Judge Netburn reconsidered the legal analysis that led to the original determination, and recommended that the Court adopt a prejudgment interest rate of 4.96% on the decedents' pain and suffering awards, regardless of where the injuries arose.  *See* ECF No. 3358, at 19-20.  This Court adopted Magistrate Judge Netburn's recommendation in an Order issued October 31, 2016.  *See* ECF No. 3383.

The *Parker* Plaintiffs identified in Exhibit A to the Capone Declaration respectfully request that this Court award prejudgment interest to their decedents $2 million dollar compensatory awards for conscious pain and suffering at a rate of 4.96% per annum, compounded annually.

5

### III. Conclusion

For all of the reasons stated herein, as well as those set forth in the previous submissions of the *Ashton* and *Bauer* Plaintiffs, the *Parker* Plaintiffs respectfully request that this Court grant the proposed Order attached to the Capone Declaration as Exhibit B and issue (1) an award of $2 million dollars in compensatory damages for the pain and suffering endured by their decedents as set forth in Exhibit A; (2) an award of prejudgment interest on said compensatory damages in the amount of 4.96% per year, compounded annually; and (3) grant permission for the *Parker* Plaintiffs to submit future applications for economic losses and punitive damages consistent with any future rulings of this Court.

Dated: New York, New York  
       January 5, 2020

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

BY: /s/ Dorothea M. Capone  
Dorothea M. Capone, Esq.  
140 Broadway, 46th Floor  
New York, New York 10005  
Tel: (212) 363-1200  
Email: tcapone@baumeisterlaw.com  
**Attorneys for *Parker* Plaintiffs**