UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

*IN RE* TERRORIST ATTACKS ON                    :
SEPTEMBER 11, 2001                              :      **MEMORANDUM OF LAW**
                                                :      **IN SUPPORT OF PLAINTIFFS'**
                                                :      **MOTION TO FILE A**
                                                :      **NEW ASSOCIATED CASE**
                                                :
                                                :      **1:03 MDL 1570 (GBD) (SN)**
------------------------------------------------------------------x

**This Document Relates to**
*Havlish, et al. v. bin Laden, et al.*, Case No. 1:03- cv-09848 (GBD) (SN)
*Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD) (SN)
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977 (GBD) (SN)
*Burnett, Sr., et al., v. Islamic Republic of Iran, et al.*, Case No. 1:15-cv-9903 (GBD) (SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD) (SN)
*Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 1:17-cv-02003 (GBD) (SN)

*Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, deceased; Kristen Ryan; Laura Ryan; Colin Ryan; Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, deceased; Daniel R. Maher; Joseph F. Maher; Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, deceased; Caroline Breitweiser; Patricia D. Casazza, in her own right and as Administratrix of the Estate of John Francis Casazza, deceased; John F. Casazza; Mindy Kleinberg, in her own right and as Administratrix of the Estate of Alan D. Kleinberg, deceased; Lauren Nicole Kleinberg; Jacob Kleinberg; Sam Eric Kleinberg; Lorie Van Auken, in her own right and as Executrix of the Estate of Kenneth Van Auken, deceased; Sarah Van Auken; and Matthew Van Auken v. The Islamic Republic of Iran, et. al.*

The Estate of John J. Ryan, Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan (the

"*Ryan Family* Plaintiffs"), the Estate of Daniel L. Maher, Katherine Maher, Daniel R. Maher, and

Joseph F. Maher (the "*Maher* Plaintiffs"), the Estate of Ronald Breitweiser, Kristen Breitweiser

and Caroline Breitweiser (the "*Breitweiser* Plaintiffs"), the Estate of John Francis Casazza, Patricia

Casazza and John Casazza (the "*Casazza* Plaintiffs"), the Estate of Alan D. Kleinberg, Mindy

Kleinberg, Lauren Nicole Kleinberg, Jacob Kleinberg, and Sam Eric Kleinberg (the "*Kleinberg*

Plaintiffs"), and the Estate of Kenneth Van Auken, Lorie Van Auken, Sarah Van Auken and Mathew Van Auken (the "*Van Auken* Plaintiffs") (collectively the "*Ryan* Plaintiffs"), through counsel, hereby respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to File a New Associated Case. Plaintiffs now seek to transfer their merged judgments and other claims against the Iranian Defendants from their respective original cases referenced above (other than *Ashton, et al. v. Kingdom of Saudi Arabia*), and to file, in their individual and representative capacities, a new case, to be captioned "*Ryan, et al. v. Islamic Republic of Iran, et al.*" and associated with two existing cases that are a part of the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in the United States District Court for the Southern District of New York, specifically *Havlish, et al. v. bin Laden, et al.*, Case No. 03- cv-09848.

On November 26, 2019, Magistrate Judge Sarah Netburn granted the last of a series of the *Ryan* Plaintiffs' motions to substitute counsel. On that same date, Magistrate Judge Netburn ordered the *Ryan* Plaintiffs to transfer their existing claims to "a new member case associated with the *Havlish* action…." (1:03-md-01570, Doc. No. 5312.)

Attached to the accompanying Motion to File a New Associated Case as **EXHIBIT A**, is the proposed *Ryan* Plaintiffs' proposed Complaint to be filed in this Court and proposed to be entered into the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in the Southern District of New York.

## I.   STATEMENT OF FACTS

### A.   THE *RYAN* PLAINTIFFS ARE SIMILARLY SITUATED AND PROPERLY TO BE JOINED

All of the *Ryan* Plaintiffs are properly joined together because they are similarly situated as victims of the September 11, 2001 terrorist attacks. Until recently, they were each represented by various attorneys and their claims were filed in the various above-referenced cases, all part of

the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court.  All have recently terminated their prior counsel in the above-referenced cases, and each has retained the undersigned counsel to continue their representation in regard to their judgments against Iran, and, for some against the Islamic Revolutionary Guards Corp, and their causes of action against a passel of Iran's high office holders, political subdivisions, and agencies or instrumentalities.

While the *Ryan* Plaintiffs have each previously won judgments against either the Islamic Republic of Iran, or Iran and Iran's Islamic Revolutionary Guard Corps ("IRGC") and the Central Bank of Iran, the proposed *Ryan* Amended Complaint will also name the other Iranian Defendants against which judgment was entered in both the *Havlish* and *Hoglan* cases.  The instant motion seeks to preserve those merged judgments and also to add the following thirteen Iranian Defendants (or fifteen, including the Central Bank and the IRGC for certain *Ryan* Plaintiffs):  The Supreme Leader of Iran, Ayatollah Ali Hoseini-Khamenei; former president of Iran Ali Akbar Hashemi Rafsanjani, deceased (Estate of); Iran's Ministry of Information and Security; Iran's Ministry of Petroleum; Iran's Ministry of Economic Affairs and Finance; Iran's Ministry of Commerce; Iran's Ministry of Defense and Armed Forces Logistics; the National Iranian Oil Company; the National Iranian Tanker Company; the National Iranian Gas Company; National Iranian Petrochemical Company; Iran Airlines; and Hezbollah.

Therefore, the proposed *Ryan* Amended Complaint seeks judgment against all sixteen (16) *Havlish* Iranian Defendants in favor of the *Ryan* Plaintiffs.

The joinder of all of these Defendants is of paramount importance for the *Ryan* Plaintiffs' ability to collect any future damage awards in this country and abroad.  Because *Ryan* would be a new associated case, addition of those Defendants is not problematic.  All Defendants will be

served with process in due course pursuant to the service provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. §1608.

**B.** **THE *RYAN* PLAINTIFFS HAVE OBTAINED JUDGMENTS AND HAVE BEEN GRANTED PERMISSION TO SUBSTITUTE COUNSEL**

**1.** **THE *RYAN FAMILY* PLAINTIFFS**

The Estate of John J. Ryan was a Plaintiff in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977. The *Ashton* Complaint was originally filed on September 4, 2002 (1:02-cv-06977, Doc. 1), and, for this Plaintiff, this Complaint relates back to the time of the filing of the *Ashton* Complaint as to the Defendants named in *Ashton*. As an *Ashton* Plaintiff, the Estate of John J. Ryan was granted a Default Judgment against the Islamic Republic of Iran on August 31, 2015 (1:03-md-01570, Doc. No. 3014).

In *Ashton*, the Estate of John J. Ryan was awarded compensatory damages for conscious pain and suffering in the amount of $2,000,000, punitive damages for conscious pain and suffering in the amount of $6,880,000, and prejudgment interest on the compensatory damage award for conscious pain and suffering (1:03-md-01570, Doc. No. 3226, dated March 8, 2016; 1:03-md-01570, Doc. No. 3229, dated March 9, 2016). Economic loss damages and concomitant punitive damages and prejudgment interest for this Plaintiff have not yet been determined.

The original cause of action of Plaintiff Estate of John J. Ryan against the Islamic Republic of Iran merged into the Estate's judgment in *Ashton* as to liability of the Islamic Republic of Iran and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein. It is re-alleged in the proposed *Ryan* Complaint for the dual purposes of (a) completing the award with respect economic loss damages and prejudgment interest and concomitant punitive damages and (b) unifying this Plaintiff's *Ashton* judgment with the judgment sought against the other Iranian Defendants in Ryan.

4

Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan were Plaintiffs in *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236.  The *Bauer* Complaint was originally filed on September 10, 2002 (1:02-cv-07236, Doc. 1), and, for these Plaintiffs, this Complaint relates back to the time of the filing of the *Bauer* Complaint as to the Defendants named in *Bauer*. As *Bauer* Plaintiffs, Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan were granted a Default Judgment against the Islamic Republic of Iran on August 31, 2015 (1:03-md-01570, Doc. No. 3014).

In *Bauer*, Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan were awarded individual solatium damage judgments of $12,500,000 for Patricia Ryan, the spouse, and $8,500,00 each for Kristen Ryan, Laura Ryan, and Colin Ryan, as children of the Decedent, John J. Ryan.  (1:03-md-01570, Doc. No. 3387, dated October 31, 2016).  Prejudgment interest and punitive damages for these Plaintiffs have not yet been determined.

The original causes of action of Plaintiffs Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan against the Islamic Republic of Iran merged into their judgments in as to liability of the Islamic Republic of Iran and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein.  They are re-alleged in the proposed *Ryan* Complaint for the dual purposes of (a) completing their awards with respect to prejudgment interest and punitive damages and (b) unifying these Plaintiffs' *Bauer* judgments with the judgments sought against the other Iranian Defendants in *Ryan*.

The *Ryan Family* Plaintiffs filed in this Court a motion to substitute counsel on September 20, 2019 (1:03-md-01570, Doc. No. 5164).  The *Ryan Family* Plaintiffs requested permission for their original attorneys at Baumeister & Samuels, P.C. to withdraw and permission to substitute Dennis G. Pantazis of Wiggins Childs Pantazis Fisher Goldfarb LLC as their attorney of record.

This Court granted the withdrawal and substitution of counsel on November 26, 2019 (1:03-md-01570, Doc. 5312).

### 2. THE *MAHER* PLAINTIFFS

The Estate of Daniel L. Maher was a Plaintiff in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977. The *Ashton* Complaint was originally filed on September 4, 2002 (1:02-cv-06977, Doc. 1), and, for this Plaintiff, this Complaint relates back to the time of the filing of the *Ashton* Complaint as to the Defendants named in *Ashton*. As an *Ashton* Plaintiff, the Estate of Daniel L. Maher was granted a Default Judgment against the Islamic Republic of Iran on August 31, 2015 (1:03-md-01570, Doc. No. 3014).

In *Ashton*, the Estate of Daniel L. Maher was awarded compensatory damages for conscious pain and suffering in the amount of $2,000,000, as well as punitive damages for conscious pain and suffering in the amount of $6,880,000, and prejudgment interest on the compensatory damage award for conscious pain and suffering (1:03-md-01570, Doc. No. 3226, dated March 8, 2016; 1:03-md-01570, Doc. No. 3229, dated March 9, 2016). Economic loss damages and concomitant punitive damages for this Plaintiff have not yet been determined.

The original cause of action of Plaintiff Estate of Daniel L. Maher against the Islamic Republic of Iran merged into the Estate's judgment in *Ashton* as to liability of the Islamic Republic of Iran and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein. It is re-alleged in the proposed Ryan Complaint for the dual purposes of completing the award with respect economic loss damages and concomitant punitive damages and prejudgment interest and unifying this Plaintiff's *Ashton* judgment with the judgment sought against the other Iranian Defendants in Ryan.

Katherine Maher, individually, Daniel R. Maher, and Joseph F. Maher were Plaintiffs in *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236. The *Bauer* Complaint was

originally filed on September 10, 2002 (1:02-cv-07236, Doc. 1), and, for these Plaintiffs, this Complaint relates back to the time of the filing of the *Bauer* Complaint as to the Defendants named in *Bauer*. As *Bauer* Plaintiffs, Katherine Maher, Daniel R. Maher, and Joseph F. Maher were granted Default Judgments against the Islamic Republic of Iran on August 31, 2015 (1:03-md-01570, Doc. No. 3014).

In *Bauer*, Katherine Maher, Daniel R. Maher, and Joseph F. Maher were awarded individual solatium damage judgments of $12,500,000 for Katherine Maher, the spouse, and $8,500,00 each for Kristen Ryan, Laura Ryan, and Colin Ryan, as children of the Decedent, John J. Ryan (1:03-md-01570, Doc. No. 3387, dated October 31, 2016). Punitive damages and prejudgment interest for these Plaintiffs have not yet been determined.

The original causes of action of Plaintiffs Katherine Maher, Daniel R. Maher, and Joseph F. Maher against the Islamic Republic of Iran merged into their judgments in *Bauer* as to liability of the Islamic Republic of Iran and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein. They are re-alleged in the proposed Ryan Complaint for the dual purposes of completing their awards with respect to punitive damages and prejudgment interest and unifying Plaintiffs' *Bauer* judgments with the judgments sought against the other Iranian Defendants in Ryan.

The *Maher* Plaintiffs filed in this Court a motion to substitute counsel on September 20, 2019 (1:03-md-01570, Doc. No. 5165). The *Maher* Plaintiffs requested permission for their original attorneys at Baumeister & Samuels, P.C. to withdraw and permission to substitute Dennis G. Pantazis of Wiggins Childs Pantazis Fisher Goldfarb LLC as their attorney of record. This Court granted the withdrawal and substitution of counsel on November 26, 2019 (1:03-md-01570, Doc. 5312).

3.      THE *BREITWEISER* PLAINTIFFS

The Estate of Ronald Breitweiser was a Plaintiff in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977.  The *Ashton* Complaint was originally filed on September 4, 2002 (1:02-cv-06977, Doc. 1), and, for this Plaintiff, this Complaint relates back to the time of the filing of the *Ashton* Complaint as to the Defendants named in *Ashton*.  As an *Ashton* Plaintiff, the Estate of Ronald Breitweiser was granted a Default Judgment against the Islamic Republic of Iran on August 31, 2015 (1:03-md-01570, Doc. No. 3014).

In *Ashton*, the Estate of Ronald Breitweiser was awarded compensatory damages for conscious pain and suffering in the amount of $2,000,000, as well as punitive damages for conscious pain and suffering in the amount of $6,880,000, and prejudgment interest on the compensatory damage award for conscious pain and suffering (1:03-md-01570, Doc. No. 3226, dated March 8, 2016; 1:03-md-01570, Doc. No. 3229, dated March 9, 2016; 1:02-cv-7230 Doc. No. 22, dated May 29, 2018).  Economic loss damages and concomitant punitive damages and prejudgment interest for this Plaintiff have not yet been determined.

The original cause of action of Plaintiff Estate of Ronald Breitweiser against the Islamic Republic of Iran merged into the Estate's judgment in *Ashton* as to liability of the Islamic Republic of Iran and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein.  It is re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing the award with respect economic loss damages and prejudgment interest and concomitant punitive damages and (b) unifying this Plaintiff's *Ashton* judgment with the judgment sought against the other Iranian Defendants in Ryan.

Kristen Breitweiser, individually, and Caroline Breitweiser were Plaintiffs in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977.  The *Ashton* Complaint was originally

filed on September 4, 2002 (1:02-cv-06977, Doc. 1), and, for these Plaintiffs, this Complaint relates back to the time of the filing of the *Ashton* Complaint as to the Defendants named in *Ashton*. As *Ashton* Plaintiffs, Kristen Breitweiser and Caroline Breitweiser were granted a Default Judgment against the Islamic Republic of Iran on August 31, 2015 (1:03-md-01570, Doc. No. 3014).

In *Ashton*, Kristen Breitweiser and Caroline Breitweiser were awarded individual solatium damage judgments of $12,500,000 for Kristen Breitweiser, the spouse, and $8,500,00 for Caroline Breitweiser as a child of the Decedent, Ronald Breitweiser (1:02-cv-7230 Doc. No. 22, dated May 29, 2018). Prejudgment interest and punitive damages for these Plaintiffs have not yet been determined.

The original causes of action of Plaintiffs Kristen Breitweiser and Caroline Breitweiser against the Islamic Republic of Iran merged into their judgments in *Ashton* as to liability of the Islamic Republic of Iran and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein. They are re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing their awards with respect to prejudgment interest and punitive damages and (b) unifying these Plaintiffs' *Ashton* judgments with the judgments sought against the other Iranian Defendants in Ryan.

The *Breitweiser* Plaintiffs filed in this Court an unopposed motion to substitute counsel on August 28, 2019 (1:03-md-01570, Doc. No. 5017[1]). The *Breitweiser* Plaintiffs requested permission for their original attorneys at Speiser Krause, PC, to withdraw and permission to substitute Dennis G. Pantazis of Wiggins Childs Pantazis Fisher Goldfarb LLC as their attorney of record. This Court granted the *Breitweiser* Plaintiffs' Motion on September 16, 2019 (1:03-

---

[1] This Unopposed Motion to Substitute Counsel is erroneously marked document number "75017" [not "5017"] on the *In Re: Terrorist Attacks on September 11, 2001* MDL (md-01570) SDNY docket.

md-01570, Doc. No. 5157).

### 4.    THE *CASAZZA* PLAINTIFFS

The Estate of John Francis Casazza, Patricia Casazza individually, and John Casazza were Plaintiffs in *Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 1:15-cv-9903. A Statement of Relatedness was filed by the *Burnett* Plaintiffs on December 18, 2015 (1:15-cv-9903, Doc. No. 3) stating the *Burnett* action should be docketed as related to the *Ashton* action, and, for these Plaintiffs, this Complaint relates back to the time of the filing of the *Burnett* Complaint as to the Defendants named in *Burnett*. As. As *Burnett* Plaintiffs, Patricia Casazza, John Casazza, and the Estate of John Francis Casazza were granted Default Judgments against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran on January 31, 2017 (1:15-cv-09903, Doc. No. 85).

In *Burnett*, the Estate of John Francis Casazza was awarded compensatory damages for conscious pain and suffering in the amount of $2,000,000 (1:03-md-01570, Doc. No. 4126, dated August 28, 2018). Economic loss damages, prejudgment interest, and punitive damages for this Plaintiff have not yet been determined.

The original cause of action of Plaintiff Estate of John Francis Casazza against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran merged into the Estate's judgment in *Burnett* as to liability of the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran, and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein. It is re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing the award with respect economic loss damages and prejudgment interest and concomitant punitive damages and (b) unifying this Plaintiff's *Burnett* judgment with the judgment sought against the other Iranian Defendants in Ryan.

Patricia Casazza individually and John Casazza were awarded individual solatium damage judgments of $12,500,000 for Patricia Casazza, the spouse, and $8,500,00 for John Casazza as the child of the Decedent, John Francis Casazza (1:03-md-01570, Doc. No. 4023, dated June 8, 2018). Prejudgment interest and punitive damages for these Plaintiffs have not yet been determined.

The original causes of action of Plaintiffs Patricia Casazza individually and John Casazza against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran merged into their judgments in *Burnett* as to liability of the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran, and such Plaintiff's partial damages award, and such judgment remains valid and effective as to the liability and the partial award of damages found therein.  They are re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing their awards with respect to prejudgment interest and punitive damages and (b) unifying these Plaintiffs' *Burnett* judgments with the judgments sought against the other Iranian Defendants in Ryan.

The *Casazza* Plaintiffs filed in this Court an unopposed motion to substitute counsel on August 28, 2019 (1:03-md-01570, Doc. No. 5013).  The *Casazza* Plaintiffs requested permission for their original attorneys at Motley Rice LLC to withdraw and permission to substitute Dennis G. Pantazis of Wiggins Childs Pantazis Fisher Goldfarb LLC as their attorney of record.  This Court granted the *Casazza* Plaintiffs' Motion on September 16, 2019 (1:03-md-01570, Doc. No. 5156).

**5.    THE *KLEINBERG* PLAINTIFFS**

Estate of Alan D. Kleinberg, Mindy Kleinberg, Lauren Nicole Kleinberg, Jacob Kleinberg, Sam Eric Kleinberg were Plaintiffs in *Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 1:15-cv-9903.  A Statement of Relatedness was filed by the *Burnett* Plaintiffs on December 18, 2015 (1:15-cv-9903, Doc. No. 3) stating the *Burnett* action should be docketed as related to the

*Ashton* action, and, for these Plaintiffs, this Complaint relates back to the time of the filing of the *Burnett* Complaint as to the Defendants named in *Burnett*. As *Burnett* Plaintiffs, the Estate of Alan D. Kleinberg, Mindy Kleinberg, Lauren Nicole Kleinberg, Jacob Kleinberg, and Sam Eric Kleinberg were granted a Default Judgment against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran on January 31, 2017 (1:15-cv-09903, Doc. No. 85).

In Burnett, the Estate of Alan D. Kleinberg was awarded compensatory damages for conscious pain and suffering in the amount of $2,000,000 (1:03-md-01570, Doc. No. 4126, dated August 28, 2018). Economic loss damages, prejudgment interest, and punitive damages for this Plaintiff have not yet been determined.

The original cause of action of Plaintiff Estate of Alan D. Kleinberg against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran merged into the Estate's judgment in *Burnett* and remains effective as to the liability of the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran, and the partial award of damages found therein. It is re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing the award with respect economic loss damages and prejudgment interest and concomitant punitive damages and (b) unifying this Plaintiff's *Burnett* judgment with the judgment sought against the other Iranian Defendants in Ryan.

Plaintiffs Mindy Kleinberg, Lauren Nicole Kleinberg, Jacob Kleinberg, and Sam Eric Kleinberg were awarded individual solatium damage judgments of $12,500,000 for Mindy Kleinberg, the spouse, and $8,500,00 each for Lauren Nicole Kleinberg, Jacob Kleinberg, and Sam Eric Kleinberg as children of the Decedent, Alan D. Kleinberg (1:03-md-01570, Doc. No. 4023,

dated June 8, 2018).  Prejudgment interest and punitive damages for these Plaintiffs have not yet been determined.

The original causes of action of Plaintiffs Mindy Kleinberg individually, Lauren Nicole Kleinberg, Jacob Kleinberg, and Sam Eric Kleinberg against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran merged into their judgments in *Burnett* and remain effective as to the liability of the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran, and the partial award of damages found therein.  They are re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing their awards with respect to prejudgment interest and punitive damages and (b) unifying these Plaintiffs' *Burnett* judgments with the judgments sought against the other Iranian Defendants in Ryan.

The *Kleinberg* Plaintiffs filed in this Court an unopposed motion to substitute counsel on August 28, 2019 (1:03-md-01570, Doc. No. 5010).  The *Kleinberg* Plaintiffs requested permission for their original attorneys to withdraw and permission to substitute Dennis G. Pantazis as their attorney of record.  This Court granted the *Kleinberg* Plaintiffs' Motion on September 7, 2019 (1:03-md-01570, Doc. No. 5099).

## 6.    THE *VAN AUKEN* PLAINTIFFS

The Estate of Kenneth W. Van Auken, Lorie Van Auken individually, Sarah Van Auken, and Mathew Van Auken were Plaintiffs in *Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 1:15-cv-9903.  A Statement of Relatedness was filed by the *Burnett* Plaintiffs on December 18, 2015 (1:15-cv-9903, Doc. No. 3) stating the *Burnett* action should be docketed as related to the *Ashton* action, and, for these Plaintiffs, this Complaint relates back to the time of the filing of the *Burnett* Complaint as to the Defendants named in *Burnett*.  As *Burnett* Plaintiffs, the Estate of Kenneth W. Van Auken, Lorie Van Auken individually, Sarah Van Auken, and Mathew Van

Auken were granted Default Judgments against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran on January 31, 2017 (1:15-cv-09903, Doc. No. 85).

In *Burnett*, the Estate of Kenneth W. Van Auken was awarded compensatory damages for conscious pain and suffering in the amount of $2,000,000 (1:03-md-01570, Doc. No. 4126, dated August 28, 2018). Economic loss damages, prejudgment interest, and punitive damages for this Plaintiff have not yet been determined.

The original cause of action of Plaintiff Estate of Kenneth W. Van Auken against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran merged into the Estate's judgment in *Burnett* and remains effective as to the liability of the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran, and the partial award of damages found therein. It is re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing the award with respect economic loss damages and prejudgment interest and concomitant punitive damages and (b) unifying this Plaintiff's *Burnett* judgment with the judgment sought against the other Iranian Defendants in Ryan.

In *Burnett*, Lorie Van Auken individually, Sarah Van Auken, and Mathew Van Auken were awarded individual solatium damage judgments of $12,500,000 for Lorie Van Auken, the spouse, and $8,500,00 each for Sarah Van Auken and Mathew Van Auken as children of the Decedent, Kenneth W. Van Auken (1:03-md-01570, Doc. No. 4023, dated June 8, 2018). Prejudgment interest and punitive damages for these Plaintiffs have not yet been determined.

The original causes of action of Plaintiffs Lorie Van Auken individually, Sarah Van Auken, and Mathew Van Auken against the Islamic Republic of Iran, the Islamic Revolutionary Guard

Corps, and the Central Bank of the Republic of Iran merged into their judgments in *Burnett* as to the liability of the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Republic of Iran, and the partial award of damages found therein.  They are re-alleged in the proposed Ryan Complaint for the dual purposes of (a) completing their awards with respect to prejudgment interest and punitive damages and (b) unifying these Plaintiffs' *Burnett* judgments with the judgments sought against the other Iranian Defendants in Ryan.

The *Van Auken* Plaintiffs filed in this Court an unopposed motion to substitute counsel on August 28, 2019 (1:03-md-01570, Doc. No. 5006).  The *Van Auken* Plaintiffs requested permission for their original attorneys to withdraw and permission to substitute Dennis G. Pantazis as their attorney of record.  This Court granted the *Van Auken* Plaintiffs' Motion on September 7, 2019 (1:03-md-01570, Doc. No. 5098).

## II.    LEGAL ARGUMENT

### A.    THE *RYAN* PLAINTIFFS HAVE COMPLIED WITH THIS COURT'S ORDER

On November 26, 2019, this Court, through Magistrate Judge Netburn, granted the *Maher* Plaintiffs' and the *Ryan Family* Plaintiffs' motion to substitute counsel and ordered "Plaintiffs are directed to voluntarily withdraw their claims from the *Ashton* and *Bauer* actions."  (1:03-md-01570, Doc. No. 5312).  All of the *Ryan* Plaintiffs have voluntarily withdrawn their claims from the *Ashton, Bauer* and *Burnett* actions.  *See* § I., B., *supra*.

The November 26, 2019 Order also directed the *Ryan* Plaintiffs to "file a new member case associated with the *Havlish* action, or otherwise file a status letter indicating how Plaintiffs will be removed from their current complaints."  (1:03-md-01570, Doc. No. 5312.)  It is the object of the instant Motion to comply with this directive of the Court, and in doing so, and in the filing and prosecution of the *Ryan* case itself, to preserve these Plaintiffs' respective existing judgments and

to unify them with the judgments sought in *Ryan* against the other Iranian Defendants who were previously adjudged liable in *Havlish* and *Hoglan.*

The *Ryan* Plaintiffs' proposed Complaint is attached to the Motion To File A New Associated Case as **EXHIBIT A**.  The *Ryan* Plaintiffs respectfully request permission to file this proposed Complaint as such a new member case associated with both the *Havlish* and *Hoglan* actions.  *Hoglan* is included because it is already associated with *Havlish* and incorporated all of the evidence and Findings of Fact and Conclusions of Law in *Havlish*, plus a very small amount of evidence that was not entered in *Havlish* because such evidence did not yet exist.  The sealed testimony of the three Iranian defector witnesses was also re-filed in *Hoglan*.  Additionally, *Hoglan* remains an open proceeding.  Accordingly, the *Ryan* Plaintiffs request that the *Ryan* case be associated both to *Havlish* and *Hoglan* as well.

**B.**   **THE COURT HAS AUTHORITY TO PERMIT THE FILING OF A NEW ASSOCIATED CASE CONTAINING THE PRIOR JUDGMENTS**

This Court has the inherent authority to manage its docket and to join or sever claims in the interest of justice.  All that is being done here is to reformat certain aspects of the litigation in order to make an orderly transition to new attorneys representing existing similarly situated parties against defendants that have been subject to this MDL from its inception.  Rule 21, FED. R. CIV. PROC., provides that "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  Indeed, this Court has the inherent authority to "add and drop a party" and to "sever any claims" "at any time, on just terms." *See, e.g., Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909(DLC), 2001 WL 58000, at *1-2 (S.D.N.Y., Jan. 23, 2001); *Johnson v. Bryson*, 851 F.Supp.2d 688 (S.D.N.Y. 2012).  To the extent that the instant motion may constitute a request to add parties-defendant, the Case Management Order of June 16, 2004, in this MDL allows parties to be added and removed

with consent of the Court (03-md-01570, Doc. No. 247, paragraph 12).  Addition of adding parties

is also permitted by Rule 21, FED. R. CIV. PROC., by order of the Court: "On motion or on its own,

the court may at any time, on just terms, add or drop a party."

Further, it is entirely proper for the Court to transfer, or carry over, the *Ryan* Plaintiffs'

existing judgments from their original cases into the new *Ryan* case, undisturbed.  Although those

judgments were final, they were also partial.  In none of them was all claims decided.  Punitive

damages as to each and every proposed *Ryan* Plaintiff remains outstanding.  For all of them, at

least one or more elements of damages remain to the be determined.  Thus, further proceedings

are necessary as to each and every proposed *Ryan* Plaintiff, and accordingly, Rule 21, FED. R. CIV.

PROC., permits the Court to split their prior cases and order separate proceedings: "The court may

also sever any claim against a party."

Further, Rule 54 make is clear that, despite the existence of partial final judgments in these

cases, there is no barrier to ordering proceedings to complete unresolved aspects of those

judgments or to litigate additional claims.  Rule 54 provides, in pertinent part:

> (b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE
> PARTIES. When an action presents more than one claim for relief —
> whether as a claim, counterclaim, crossclaim, or third-party claim
> — or when multiple parties are involved, the court may direct entry
> of a final judgment as to one or more, but fewer than all, claims or
> parties only if the court expressly determines that there is no just
> reason for delay. Otherwise, *any order or other decision, however
> designated, that adjudicates fewer than all the claims or the rights
> and liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the claims and all
> the parties' rights and liabilities.*

Plaintiffs submit that the *Ryan* Plaintiffs' original causes of action pertaining to those

single, or, in some cases, three Defendants named in their original cases against Iran, as detailed

above, have merged into their respective judgments as to liability and partial damages against those

few particular Defendants.  Accordingly, those judgments are, and will continue to be, valid and effective, and they need not be revisited except as to certain elements of damages, as set forth in the proposed *Ryan* Complaint, which are yet to be determined.  Accordingly, the *Ryan* Complaint, when filed, should relate back in time to the original Complaints filed on behalf of the respective *Ryan* Plaintiffs, at least with respect to those Iranian Defendants that were named in such original suits.

### III.   CONCLUSION

For the reasons stated above, the *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING this Motion to File An Associated Case. The *Ryan* Plaintiffs should be permitted to transfer their existing merged judgments, which remain fully effective, and their unresolved claims from their original actions and to file, in their individual and representative capacities, a case associated with *Havlish, et al. v. bin Laden, et al.*, Case No. 03- cv-09848, and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550, both of which are existing cases in the pending *In Re Terrorist Attacks on September 11, 2001* MDL proceedings that are ongoing in this Court.  The *Ryan* Plaintiffs should be further authorized to prosecute their claims against additional Iranian Defendants that have been parties to the above-referenced *Havlish* and *Hoglan* cases in this MDL proceeding from its inception.

Respectfully submitted,

Date:  January 6, 2020                          _/s/_Dennis G. Pantazis_____
                                                Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                                WIGGINS CHILDS PANTAZIS
                                                FISHER GOLDFARB LLC
                                                The Kress Building
                                                301 Nineteenth Street North
                                                Birmingham, AL  35203
                                                (205) 314-0500
                                                dgp@wigginschilds.com

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, DC  20036
(202) 467-4489

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the Ryan Plaintiffs***