UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

### The *Bauer IV* Plaintiffs' Motion for Final Judgments

For the reasons set forth below and the statements contained in the Declaration of Dorothea M. Capone, Esq., certain *Ashton* and *Bauer* Plaintiffs ("*Bauer IV* Plaintiffs") identified in Exhibit A to said Declaration,[1] by and through their counsel, Baumeister & Samuels, P.C., respectfully move this Court for an Order awarding them (1) economic losses as supported by expert reports and analysis attached as Exhibits to the Capone Declaration; (2) permission for the remaining Plaintiffs represented by *Bauer* counsel not included in the attached Exhibit A to seek economic damages as calculated by experts at a later date; and (3) permission for *Bauer IV* and other *Bauer* Plaintiffs to submit future applications for punitive damages consistent with any future rulings of this Court.

This motion is submitted pursuant to the Court's previous orders granting permission for *Ashton* Plaintiffs to move for awards for damages in the future, *see e.g.* 03-cm-1570 (S.D.N.Y.) (GBD)(FM), ECF No. 3300, Filed 06/16/16, ECF No. 3341, Filed 09/12/16, ECF No. 3387, Filed 10/31/16, and, most recently, the Court's December 6, 2019 Order requiring the

---

[1] By Stipulation and Order dated November 19, 2002, the claims of the *Bauer* Plaintiffs were consolidated for liability purposes into *Ashton v. al Qaeda Islamic Army, et al.,* civ. No. 02-cv-6977. The instant motion is brought exclusively on behalf of the *Bauer IV* Plaintiffs identified in Exhibit A to the Capone Declaration.

1

submission of new motions for estate economic loss awards by January 15, 2020. *See* ECF No. 5338.

I. **Procedural Background**

After reviewing evidence and arguments submitted by various Plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* Plaintiffs for claims arising out of the deaths of the plaintiffs' decedents. *See* ECF No. 3014, Filed 08/31/15. Thereafter, the *Ashton* Plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents endured before death, which this Court granted. In his December 28, 2015 Report and Recommendation,[2] Magistrate Judge Maas recommended that this Court grant a compensatory damage award of $2,000,000 for each of the victims killed in the September 11, 2001 terror attacks, together with a punitive damage multiplier.[3] This Court adopted Magistrate Judge Maas' determination, *see* ECF No. 3229, Filed 03/09/2016, and subsequent Orders of this Court have made identical awards of $2,000,000 for the conscious pain and suffering of the 9/11 victims.

This Court has also previously considered the issues of solatium and economic damages in connection with the September 11, 2001 terror attacks, and determined that awards to the

---

[2] See ECF No. 3175, Filed 12/28/15.

[3] Although Magistrate Judge Maas applied 3.44 as the appropriate punitive damage multiplier against all claims arising out of the September 11, 2001 terror attacks, *see* ECF No. 2618, Filed 07/30/12, and this recommendation was adopted by District Judge Daniels, *see* ECF No. 2623, Filed 10/03/12, in a subsequent Report and Recommendation issued October 12, 2016, Magistrate Judge Netburn expressed concern over the analysis used to reach this multiplier, and recommended that the *Hoglan* Plaintiffs' claim for punitive damages, which was the subject of the October 12, 2016 Report, be denied without prejudice, providing plaintiffs with an opportunity to file supplemental briefing to justify future punitive damages awards. *See* ECF No. 3358, *adopted by,* ECF No. 3383, Filed 10/31/16.

estates of the victims and their immediate family members was proper and prejudgment interest was warranted.  *See e.g.* ECF No. 2623, Filed 10/03/12, ECF No. 2624, Filed 10/16/12, ECF No. 3300, Filed 06/16/16, ECF No. 3341, Filed 09/12/2016,  ECF No. 3394, Filed 11/16/16, ECF No. 5071, Filed 09/04/19, ECF No. 5072, Filed 09/04/19, ECF No. 5087, Filed 09/06/19, and ECF No. 5376, Filed 12/17/19.

For the reasons below as well as those set forth in the prior motions for summary judgment on liability, and prior motions for judgment on conscious pain and suffering, economic losses and solatium damages made on behalf of other *Ashton* and *Bauer* plaintiffs, the *Bauer IV* Plaintiffs here respectfully request that this court grant the Proposed Order attached to the Capone Declaration as Exhibit D awarding them economic damages as described below.

**II.     Damages**

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") which applies to the claims filed by the *Ashton* and *Bauer* Plaintiffs against Iran, creates an exception to sovereign immunity pursuant to which a U.S. citizen can sue a foreign state that is, or was, a state sponsor of terrorism, and any official, employee or agent of that foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency.  The statute specifies that damages are available "for personal injury or death", 28 U.S.C. §1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." *Id.* at (c)(4).  Courts addressing the damages available under the statute have held that the "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52,83 (D.D.C. 2010).

In accordance with the terms of the statute, and since they have already received an award pertaining to the conscious pain and suffering of their decedents, *see* ECF No. 3229, Filed 03/09/16, the *Bauer IV* Plaintiffs identified in Exhibit A to the Capone Declaration are now entitled to recover their economic losses under Section 1605A for the estates of their decedents.

### A. Economic Damages

As stated above, the statutory language of 28 U.S.C. 1605A found at (c)(4) provides for the recovery of economic losses. This provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] ... entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser*, 466 F. Supp. 2d 229. In a series of decisions issuing final judgments against the Islamic Republic of Iran in the District of Columbia pursuant to this statute, District Judge Lamberth has repeatedly held Iran "liable for the economic damages caused to decedents' estates." *See*, e.g., *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F. Supp. 2d at 78.

Following this reasoning, this Court has awarded economic damages to many Plaintiffs in connection with the September 11, 2001 terror attacks, including the *Baur I* Plaintiffs, by adopting the economic loss calculations contained in those Plaintiffs' economic expert reports. *See e.g.,* ECF No. 2623, Filed 10/03/12, ECF No. 3300, Filed 06/16/16, and ECF No. 3341, Filed 09/12/2016, and ECF No. 3394, Filed 11/16/16.

The *Bauer IV* Plaintiffs retained experts who rendered opinions as to the economic losses each family suffered as a result of the wrongful deaths of their loved ones. Attached as Exhibit B to the Capone Declaration are copies of the economic expert reports pertaining to the claims of each of *Bauer IV* Plaintiffs that are the subject of this motion.[4] To insure these economic loss calculations were current and appropriate, counsel for the *Bauer IV* Plaintiffs consulted with the same experts they had previously retained to obtain information as to the updated present value of each estate's economic losses. Attached as Exhibit C to the Capone Declaration are copies of the curriculum vitae of these experts.

Accordingly, the *Bauer IV* Plaintiffs respectfully request that they be awarded economic damages as set forth in the attached Exhibit A, which represents economic losses updated to present value.

### III.     Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton* and *Bauer* Plaintiffs, the *Bauer IV* Plaintiffs identified in Exhibit A respectfully request that this Court award (1) award economic losses in the amounts set forth in Exhibit A as supported by economic expert reports and analysis contained in Exhibit B; (2) permission for the remaining Plaintiffs represented by *Bauer* counsel not included in the attached Exhibit A to seek economic damages as calculated by experts at a later date; and (3) permission for *Bauer IV* and other *Bauer* Plaintiffs to submit future applications for punitive damages consistent with any future rulings of this Court.

---

[4] The individual expert economic reports for the *Bauer IV* Plaintiffs identified in Exhibit A are being provided under seal to the Court, and will be sent via Federal Express for receipt on January 7, 2019.

Dated: New York, New York
       January 6, 2020

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

BY: /s/ Dorothea M. Capone
Dorothea M. Capone, Esq.
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
Email: tcapone@baumeisterlaw.com
**Attorneys for *Bauer IV* Plaintiffs**