**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br><br>*Ashton et al. v. al Qaeda Islamic Army, et al.*, (and member case *Betru, et al. v. Islamic Republic of Iran*) | 02-cv-6977 (GBD)(SN) *Ashton*<br>18-cv-8297 (GBD)(SN) *Betru*<br>ECF Case |

**The *Betru V* Wrongful Death Plaintiffs' Motion for Partial Final Judgments**

For the reasons set forth below, and the statements contained in the declaration of Jeanne M. O'Grady, Esq. ("O'Grady Declaration"), the *Betru V* plaintiffs, a subset of *Ashton* plaintiffs, by and through their counsel, Speiser Krause, PC, respectfully move this Court to award in their case against the Islamic Republic of Iran ("Iran"): (1) economic damages as supported by the expert reports and analysis attached as Exhibits to the O'Grady Declaration; (2) noneconomic damages for pre-death conscious pain and suffering damages to each of the Decedents' Estates as set forth in the attached Exhibit A; (3) prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; (4) to permit the *Betru V* claimants to submit future applications for punitive damages consistent with any future rulings of this Court; and (5) to permit remaining *Betru* claimants to submit motions for final judgment in future stages.

This motion is made only on behalf of *Betru* plaintiffs listed in Exhibit A attached to the O'Grady Declaration ("*Betru V* Plaintiffs"), in light of this Court's previous orders granting permission to allow certain remaining *Betru* plaintiffs to move for this relief. *See* 03-md-1570 (18-cv-08297)(GBD)(SN), Doc. No. 29, Filed 09/13/19.

I.     **Procedural Background**

Based on evidence and arguments submitted by various plaintiffs in this consolidated

multi-district litigation arising out of the September 11, 2001, terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* plaintiffs (including the *Betru* plaintiffs listed on Exhibit A) for claims arising out of the deaths of the plaintiffs' decedents (the "*Ashton* wrongful death plaintiffs"). *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3008, Entered 08/26/2015.[1]  Thereafter, certain *Ashton* wrongful death plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which a December 28, 2015 Report and Recommendation to this Court recommended be granted, and recommended awarding a default judgment against Iran in the amount of $7,556,880,000, representing compensatory damages of $2 million per decedent and punitive damages of $6.88 million per decedent. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015; *see also* 03-md-1570 (02-cv-06977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3226, Entered 03/08/2016. Certain *Ashton* wrongful death plaintiffs (including one of the *Burlingame* plaintiffs) moved for default judgments on economic damages as well. This Court granted those motions. *See, e.g.,* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. Nos. 3229, Entered 03/09/2016 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and 3386, Entered 10/31/2016 (awarding damages for economic loss); and 02-cv-7230 (S.D.N.Y.)(GBD)(SN), Doc. No. 3386, Entered 5/29/18 (awarding damages for economic and non-economic losses).

---

[1] On September 12, 2018, pursuant to the Court's July 10, 2018 Order (ECF No. 4045), counsel for plaintiffs filed a Short Form Complaint for the *Betru* plaintiffs for the deaths of their respective decedents in the September 11th attacks, adopting all of the factual and jurisdictional allegations in the *Ashton* Amended Consolidated Complaint against the Islamic Republic of Iran and joining in all prior pleadings in *Ashton*. As provided for in the Court's July 10, 2018 Order, by filing the Short Form Complaint, the *Betru* plaintiffs have joined in and are bound by all decisions in *Ashton* and in this MDL that relate to all actions.

The Report and Recommendation also concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State the rate of prejudgment interest was 9 percent per annum from September 11, 2001, until the date judgment was entered and to the extent the injuries arose elsewhere 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015, pp. 1-2.   In addition to awarding pre-death conscious pain and suffering in certain wrongful death actions, this Court previously considered the issue of solatium damages suffered by certain of the *Ashton* plaintiffs and the economic damages arising out certain of the *Ashton* plaintiffs' cases.  In connection with a first group of *Ashton* plaintiffs *( "Ashton I"),* this Court found, among other things, that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. *See* 03-md-1570 (02-cv- 6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 4 – 5; 03-md-1570 (S.D.N.Y.) (GBD) (FM), Doc. No. 3300, Filed 06/16/2016, p. 1. The District Court adopted that Report and Recommendation in its entirety in connection with the application made by the *Ashton I* claimants. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3229, Entered 03/09/2016.

In connection with the motion for final judgment for a different group of plaintiffs, an October 14, 2016 Report and Recommendation disagreed with the prior conclusion on punitive damages and permitted plaintiffs to file supplemental briefing at a later date to justify their claim to punitive damages. *See* 03-md-1570 (11-cv-7550) Doc. No. 3358, Entered 10/12/2016, pp. 1 1 – 16. The October 14, 2016 Report and Recommendation also adopted a rate of prejudgment interest of 4.96 percent, regardless of where the injuries arose. *Id.,* p. 20. A second group of

*Ashton* plaintiffs *("Ashton II")* moved for final judgment on all claims against the Islamic Republic of Iran, asking to defer the issue of punitive damages and employing the 4.96 percent prejudgment interest rate previously adopted by this Court. *See* 03-md-1570 (11-cv-7550) Doc. No. 3370, Entered 10/21/2016.  On October 31, 2016, this Court granted the *Ashton II* proposed order. *See* 03-md-1570 (02-cv-6977), Doc. No. 3387, Entered 10/31/2016. A third group of Ashton plaintiffs ("*Ashton III*") then moved for final judgments as well, also employing the 4.96 percent prejudgment interest rate. See Doc. No. 3686, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for solatium damages). On 08/22/2017 this Court granted the *Ashton III* proposed order. Doc. No. 3706. Subsequent *Ashton* Plaintiffs followed ("*Ashton IV*"), and the Court granted their similar request employing a 4.96 percent prejudgment interest rate. *See* 03-md-1570 (02-cv-6977), Doc. No. 3977, Entered 04/24/2018 (Motion for Final Judgment for *Ashton IV* claimants including claims for solatium damages) Doc. No. 3979 Entered 04/25/2018 (granting proposed order).   On April 27, 2018, the first of the *Burlingame* subset of Ashton plaintiffs moved for final judgments, similarly employing a 4.96 percent prejudgment interest rate. See Doc. No. *See* 02-cv-6977, Doc. No. 897, Entered 04/27/2018. The Court granted the *Burlingame* Plaintiffs' proposed Order. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3987, Filed 04/30/2018. The only *Burlingame* Plaintiff to have moved this Court for economic damages also employed a 4.96 percent prejudgment interest rate. 02-cv-7230 (S.D.N.Y.)(GBD)(SN), Doc. No. 3386, Entered 5/29/18.

In addition to economic losses, certain *Ashton* plaintiffs have previously moved this court for solatium damages suffered by those family members eligible to recover such damages under 28 U.S.C. § 1605A. *See* 03-md-1570 (02-cv-697), Doc. Nos. 3295, Entered 06/08/2016 (Motion for Final Judgment for *Ashton I* claimants including claims for solatium damages), 3356, Entered

10/11/2016 (Motion for Final Judgment for *Ashton II* claimants including claims for solatium damages); 3686, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for solatium damages); and Doc. No. 3977, Entered 04/24/2018 (Motion for Final Judgment for *Ashton IV* claimants including claims for solatium damages). Recently, the first groups of *Betru* plaintiffs moved this court for solatium damages under 28 U.S.C. § 1605A. See 03-md-1570 (02-cv-06977)(GBD)(SN) Doc. No. 942 Filed 09/12/18 ("*Betru I*"); (18-cv-08297)(GBD)(SN) Docs. No. 23, Filed 08/06/19 ("*Betru III*")and  No. 25, Filed 08/06/19 (*Betru IV*"). This Court granted all these motions, finding that an award to the immediate family members of each decedent was proper and, as set forth above, that prejudgment interest on the solatium loss amounts was warranted.

For the reasons below as well as those set forth in the prior motions made by the *Ashton* plaintiffs and the previous *Betru I-IV* plaintiffs, the Estates and survivors of the Estates listed in Exhibit A to the O'Grady Decl. now move this Court to grant the attached proposed Order awarding them economic and noneconomic damages as described below resulting from the deaths of their decedents in the September 11th attacks, and directing that pre-judgment interest be assessed at the rates previously awarded in connection with the previous *Ashton* and *Betru* plaintiffs' motions.  The remaining *Betru* plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants for whom  motions have not been submitted, should other applications be warranted.

### I.    Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and include money damages "for personal injury or death."  *See* 28 U.S.C. § 1605 A(a)(1) and (c)(4).   The damages available to plaintiffs in Section

1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4).  That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent, family members can recover solatium for their emotional injury, and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).  As this Court has previously held, all *Ashton* plaintiffs, including the *Betru* subset of Plaintiffs, are therefore entitled to compensation under Section 1605A for the solatium and economic losses suffered as a result of the wrongful death of each of their decedents.

> ### A.      Economic Damages

The FSIA specifically provides for economic damages. See 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are] . . . entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466 F.Supp.2d 229.  Thus, for example, United States District Court Royce C. Lamberth of the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[2]

---

[2] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing] … a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth,* 78 F.Supp.3d at 82.

Previously, this Court awarded economic damages to certain *Ashton* plaintiffs for the "economic losses stemming from the wrongful death of the decedent[.]" See 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3386, Entered 10/31/2016. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports. The *Betru V* Plaintiffs respectfully ask that this Court award economic damages as set forth in the attached Exhibit A to the O'Grady Decl. and supported by the economic expert reports attached as Exhibits B-C to the O'Grady Decl. The Estates listed in Exhibit A opted to seek compensation through the September 11th Victim Compensation Fund of 2001 (the "VCF") and in connection with that claim, gathered information relevant to the economic losses suffered as result of the decedent's wrongful death, which included both documentary evidence of decedent's earnings as well as interviews with decedent's surviving family members, colleagues and other witnesses. The Estates retained an expert who has rendered opinions as to the economic losses that resulted from their decedents' wrongful deaths. Attached as Exhibits B-C to the O'Grady Decl. are copies of that economic expert's reports. The expert report also includes a description of methodology used and the expert's curriculum vitae.

Accordingly, the *Betru V* plaintiffs respectfully request that the economic damages as set forth in the attached Exhibit A be awarded here, which is the figure calculated by the plaintiffs' economic expert as the economic loss suffered as a result of the wrongful deaths of their decedents and brought to present value.

### B.    Noneconomic Damages

In a prior Report and Recommendation adopted by this Court, it was found that "[t]he effort after a tragedy of this nature to calculate pain and suffering is difficult at best. Unfortunately, there is no way to bring back [the decedents] and no way to even come close to understanding what

[they] experienced during their last moments. Under our legal system, compensation can only be through the award of a sum of money. While always difficult and never exact, the devastation and horror accompanying this tragedy makes a realistic appraisal almost impossible." See 03-md-1570 (03-cv-9848) (S.D.N.Y.) (GBD) (FM), Doc. No. 2618, Entered 07/30/201), p. 8, quoting *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 233 (S.D.N.Y. 2003), amended, 2003 WL 23324214 (S.D.N.Y. May 19, 2003). Accordingly, a uniform compensatory award for pain and suffering of the *Ashton* plaintiffs' decedents was awarded in the amount of $2 million per person with punitive damages awarded in the uniform amount of $6.88 million per person. See 03-md-1570 (02-cv-06977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3226, Entered 03/08/2016.

For all of the reasons herein, as well as those set forth in the prior submissions of the previous *Ashton* wrongful death plaintiffs, the *Betru* plaintiffs respectfully request that this Court award their decedents compensatory damages in the amount of $2,000,000 for their consiouc pain and suffering consistent with the awards previously made to other *Ashton* plaintiffs' decedents.

### C.      Prejudgment Interest

Additionally, the *Betru* Plaintiffs ask that this Court direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously for the *Ashton I-X* and *Betru I-IV* plaintiffs, as well as for other plaintiffs in this consolidated litigation.

### D.      Punitive Damages

Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The *Betru* Plaintiffs ask that this Court allow them to

submit future applications for punitive damages consistent with any future rulings of this Court.

## II.   Conclusion

For all the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and previous *Betru* plaintiffs, the *Betru V* Plaintiffs respectfully request that this Court grant the proposed Order attached hereto and (1) award economic loss damages in the amounts set forth in Exhibit A, as supported by the attached economic expert reports and analysis; (2) award pre-death conscious pain and suffering damages to each of the Decedents' Estates as set forth in the attached Exhibit A; (3) direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; (4) permit *Betru V* claimants to submit future applications for punitive damages consistent with any future rulings of this Court; and (5) permit remaining *Betru* claimants to submit motions for final judgment in future stages.

Dated: Rye Brook, New York
January 7, 2020

Respectfully submitted,

SPEISER KRAUSE, PC

By: /s/ Jeanne M. O'Grady
Frank H. Granito, III, Esq. (FG9760)
Douglas A. Latto, Esq. (DL3649)
Jeanne M. O'Grady, Esq. (JO3362)
Speiser Krause, PC
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
f3g@speiserkrause.com
dal@speiserkrause.com
jog@speiserkrause.com
*Attorneys for Betru V Plaintiffs*