UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Ashton et al. v. al Qaeda Islamic Army*, et al., (and member case *Nolan, et al. v. Islamic Republic of Iran)* | 02-cv-6977 (GBD)(SN)<br>18-cv-11340 (GBD)(SN)<br>ECF Case |

**MOTION FOR PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF THE "*NOLAN II*" PLAINTIFF IDENTIFIED AT EXHIBIT A**

For the reasons set forth below, and the statements contained in the declaration of Jeanne M. O'Grady, Esq. ("O'Grady Declaration"), the *Nolan* plaintiff reflected on the annexed Exhibit A ("*Nolan II*" Plaintiff) by and through their counsel, Speiser Krause, PC, respectfully move this Court to award in their case against the Islamic Republic of Iran ("Iran"): (1) economic damages as supported by the expert report and analysis attached as Exhibit B to the O'Grady Declaration; (2) noneconomic damages for pre-death conscious pain and suffering damages to the Decedent's Estate as set forth in the attached Exhibit A; (3) prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; (4) to permit the *Nolan II* claimant to submit future applications for punitive damages consistent with any future rulings of this Court; and (5) to permit remaining *Nolan* claimants to submit motions for final judgment in future stages.

**I.     Procedural Background**

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* plaintiffs for claims arising out of the deaths of the plaintiffs' decedents (the "*Ashton* wrongful death plaintiffs"). *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3008, Entered 08/26/2015.  Thereafter, certain *Ashton*

1

wrongful death plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which this Court granted, and certain *Ashton* wrongful death plaintiffs moved for default judgments on economic damages as well. This Court granted those motions. *See, e.g.,* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. Nos. 3229, Entered 03/09/2016 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and Docs. No. 3356, Entered 10/11/2016 (awarding damages for economic loss).

In addition, certain *Ashton* plaintiffs previously moved for solatium damages suffered by those family members eligible to recover such damages under 28 U.S.C. § 1605A. *See* 03-md-1570 (02-cv-6977), Doc. Nos. 3295, Entered 06/08/2016 (Motion for Final Judgment for *Ashton I* claimants including claims for solatium damages), 3356, Entered 10/11/2016 (Motion for Final Judgment for *Ashton II* claimants including claims for solatium damages) and 3686, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for solatium damages); 3977, Filed 4/24/2018 (Motion for Final Judgment for *Ashton IV* claimants solely for solatium damages); 4100, Filed 8/14/2018 (Motion for Final Judgment for *Ashton VI* claimants solely for solatium damages); 4120, Filed 8/23/2018 (Motion for Final Judgment for *Ashton VII* claimants solely for solatium damages); 4149, Filed 9/6/2018 (Motion for Final Judgment for *Ashton VIII* claimants solely for solatium damages); 4258, Filed  (Motion for Final Judgment for *Nolan (Ashton IX)* claimants solely for solatium damages); 4478, Filed 4/05/2019 (Motion for Final Judgment for *Ashton X* claimants solely for solatium damages); 4717, Filed 07/31/2019 (Motion for Final Judgment for *Ashton XII* claimants solely for solatium damages); and 18-cv-11340 Doc. No. 19, Filed 08/19/2019 (Motion for Final Judgment for *Nolan I* claimants solely for solatium damages).  This Court granted these motions, finding that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss

amounts was warranted.  *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. Nos. 3300, Entered 06/16/16; 3387, Entered 10/31/2016; 3706, Entered 8/17/2017; 3979, Entered 4/25/2018; 4106, Entered 8/16/2018; 4127, Entered 8/28/2018; 4152, Entered 9/7/2018; 4170, Entered 09/13/2018; 4497, Entered 04/29/2019; and 4880, Entered 08/15/2019. See also  *Nolan, et al. v. Islamic Republic of Iran* (18-cv-11340)(GBD)(SN), Doc. No. 23, Entered 09/09/2019.

On the issue of prejudgment interest, a December 28, 2015, Report and Recommendation adopted by this Court concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of the injuries in New York State the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered and to the extent the injuries arose elsewhere, 4.96 percent per interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015, pp. 1–2. A subsequent Report and Recommendation issued October 12, 2016, also adopted by this Court, however, concluded that the rate of prejudgment interest of 4.96 percent for all pain and suffering and solatium claims was more appropriate. *See* 03-md-1570 (11-cv-7550). Accordingly, the *Ashton I-XII* plaintiffs, were all awarded prejudgment interest at the rate of 4.96 percent per annum.

For the reasons below as well as those set forth in the prior motions for summary judgment on liability and prior motions for judgment for solatium damages made on behalf of other *Ashton* wrongful death plaintiffs, the *Nolan II* plaintiff listed in Exhibit A to the O'Grady Declaration now moves this Court to grant the attached proposed Order awarding them the same amount of compensatory damages for their solatium losses as awarded to other plaintiffs, including the *Ashton I-XII* plaintiffs' prior motions for partial judgment on solatium damages. All *Nolan* plaintiffs also ask for permission to continue to submit applications in subsequent stages for economic damages, punitive damages and/or for solatium damages to the extent those awards have

not been previously addressed (as have all prior *Ashton* plaintiffs moving for similar relief), should any other applications be warranted.

## II. Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages available include money damages "for personal injury or death." *See* 28 U.S.C. § 1605 A(a)(1) and (c)(4). The damages available to plaintiffs in Section 1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605 A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent, family members can recover solatium for their emotional injury, and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

The *Nolan* plaintiffs on Exhibit A are therefore entitled to compensation under Section 1605A for the solatium damages suffered as a result of the death of their decedent.

### A. Economic Damages

The FSIA specifically provides for economic damages. See 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] . . . entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466 F.Supp.2d 229. Thus, for example, United States District Court Royce C. Lamberth of the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400

(D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[1]

Previously, this Court awarded economic damages to certain *Ashton* plaintiffs for the "economic losses stemming from the wrongful death of the decedent[.]" See 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3386, Entered 10/31/2016. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports. The *Nolan II* Plaintiff respectfully asks that this Court award economic damages set forth in the attached Exhibit A to the O'Grady Decl. and supported by the economic expert report attached as Exhibit B to the O'Grady Decl. The Estate listed in Exhibit A opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and in connection with that claim, gathered information relevant to the economic losses suffered as result of the decedent's wrongful death, which included both documentary evidence of decedent's earnings as well as interviews with decedent's surviving family members, colleagues and other witnesses. The Estates retained an expert who has rendered opinions as to the economic losses that resulted from their decedents' wrongful deaths. Attached as Exhibit B to the O'Grady Decl. is a copy of that economic expert's report. The expert report also includes a description of methodology used and the expert's curriculum vitae.

Accordingly, the *Nolan II* plaintiff respectfully requests that the economic damages as set forth in the attached Exhibit A be awarded here, which is the figure calculated by the plaintiffs' economic expert as the economic loss suffered as a result of the wrongful deaths of their decedent and brought to present value.

### B. Noneconomic Damages

---

[1] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing] … a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth,* 78 F.Supp.3d at 82.

In a prior Report and Recommendation adopted by this Court, it was found that "[t]he effort after a tragedy of this nature to calculate pain and suffering is difficult at best. Unfortunately, there is no way to bring back [the decedents] and no way to even come close to understanding what [they] experienced during their last moments. Under our legal system, compensation can only be through the award of a sum of money. While always difficult and never exact, the devastation and horror accompanying this tragedy makes a realistic appraisal almost impossible." See 03-md-1570 (03-cv-9848) (S.D.N.Y.) (GBD) (FM), Doc. No. 2618, Entered 07/30/2011), p. 8, quoting *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 233 (S.D.N.Y. 2003), amended, 2003 WL 23324214 (S.D.N.Y. May 19, 2003). Accordingly, a uniform compensatory award for the pre-death conscious pain and suffering of the *Ashton* decedents was awarded in the amount of $2 million per person with punitive damages awarded in the uniform amount of $6.88 million per person. See 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3236, Entered 03/08/2016.

For all of the reasons herein, as well as those set forth in the prior submissions of the previous *Ashton* wrongful death plaintiffs, the *Nolan II* plaintiffs respectfully request that this Court award their decedents conscious pain and suffering damages in the amount of $2,000,000 consistent with the awards previously made to other *Ashton* plaintiffs' decedents.

    **C.**    **Prejudgment Interest**

Additionally, the *Nolan II* Plaintiffs ask that this Court direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously for the *Ashton I-XII* and *Nolan I* plaintiffs, as well as for other plaintiffs in this consolidated litigation.

    **D.**    **Punitive Damages**

Previously, in connection with a motion for final judgment on behalf of other *Ashton*

claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The *Nolan* Plaintiffs ask that this Court allow them to submit future applications for punitive damages consistent with any future rulings of this Court.

### I.     Conclusion

For all the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and other plaintiffs, the *Nolan* Plaintiffs respectfully request that this Court grant the proposed Order submitted herewith and (1) award economic loss damages in the amounts set forth in Exhibit A, as supported by the economic expert report and analysis attached as Exhibit B ; (2) award pre-death conscious pain and suffering damages to the decedent set forth in the attached Exhibit A; (3) direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; (4) permit the *Nolan II* claimant to submit future applications for punitive damages consistent with any future rulings of this Court; and (5) permit remaining *Nolan* claimants to submit motions for final judgment in future stages.

Dated: Rye Brook, New York
January 7, 2020

Respectfully submitted,

SPEISER KRAUSE, PC

By: /s/ Jeanne M. O'Grady
Frank H. Granito, III, Esq. (FG9760)
Douglas A. Latto, Esq. (DL3649)
Jeanne M. O'Grady, Esq. (JO3362)
Speiser Krause, PC
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
f3g@speiserkrause.com
dal@speiserkrause.com
jog@speiserkrause.com
*Attorneys for Nolan Plaintiffs*