UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Ashton et al. v. al Qaeda Islamic Army*, et al., (and member case *Nolan, et al. v. Islamic Republic of Iran*) | 02-cv-6977 (GBD)(SN)<br>18-cv-11340 (GBD)(SN)<br>ECF Case |

**DECLARATION OF JEANNE M. O'GRADY
IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT**

JEANNE M. O'GRADY, Esq., hereby states under penalty of perjury that:

1. I am an attorney representing the *Nolan II* Plaintiffs in the above-captioned litigation and I submit this Declaration in support of the motion for final judgment on behalf of the Estate set forth on the attached Exhibit A. I submit this Declaration in support of this motion for final judgment on behalf of only the individual Plaintiff identified in Exhibit A attached hereto, and for permission to allow any remaining *Nolan* plaintiffs to move for the same relief in separate stages.

2. The sources of information and the basis for belief in the statements contained herein are my representation of the *Nolan II* Plaintiff listed in Exhibit A in connection with the September 11th terror attacks, my firm's files, conversations with the family members of the deceased Plaintiff and decedent's colleagues, as well as other court records relating to the multi-district litigation to which the *Nolan II* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3. Claims brought on behalf of the decedent listed in Exhibit A were part of the original *Nolan* complaint, styled *Nolan, et al. v. Islamic Republic of Iran*, filed on December 12, 2018, and bearing civil action number 18-cv-11340. Since these plaintiffs remain segregated in the

consolidated *Ashton* filings under their original civil action number and thus can easily be identified, plaintiffs appearing under the *Nolan* civil action number 18-cv-11340 are being collectively referred to as "*Nolan* plaintiffs." The *Nolan* plaintiffs listed in Exhibit A are the second group of *Nolan* plaintiffs to move for relief on the issue of damages and are therefore referred to as the *Nolan II* plaintiffs.

4. Thomas P. Cullen, III was a New York City Firefighter when he died saving lives at the World Trade Center on September 11, 2001. Though he was born into a family of lawyers, and took the LSAT exam during his senior year at Fordham University contemplating following their footsteps, his true calling led him to the FDNY. Tom was a true student who devoured books on the topics of firefighting and engineering, studying his art so that he could best serve his brothers well and save lives when the time came to respond to a fire. At the time of his death, Tom was studying for the Lieutenant's exam to be administered in October 2001, which he undoubtedly would have passed.

5. At the time of his death, Mr. Cullen, merely 31 years of age, was well respected within the FDNY. Working 24-hour shifts, he provided tremendous support to his wife Susan Cullen Nolan and their son, Thomas, who survived him. The couple agreed that Tom would forego a second career while he worked with the Fire Department, instead assuming the role of primary caregiver to the couple's young son, and awaiting the opportunity to choose a second career, likely in the field of law, upon his retirement from the FDNY. Upon information and belief, based upon the employment prospects that existed for an individual with Mr. Cullen's education and experience, at the time of his death Mr. Cullen had the expectation a full and successful career with the FDNY and, further, of significant earnings in the civilian sector which would supplement the FDNY pension he anticipated upon his retirement.

6. In connection with the filing of claims to the September 11th Victim Compensation Fund on behalf of the decedent listed on Exhibit A, the personal representative of the decedent's estates obtained information and materials relevant to the calculation of economic loss attributable to their decedents' wrongful death as of the time their claims were submitted to the Victim Compensation Fund. That information has been provided to Gary Crakes, Ph.D, of Maher, Crakes and Associates, Economic Consultants. Dr. Crakes took the information that was obtained relevant to economic loss and prepared an expert report calculating the present value of the economic damages. Those reports, which set forth Dr. Crakes' methodology, are attached hereto as Exhibit B. Attached to the report is Dr. Crakes' curriculum vitae.

7. The economic loss figures set forth in the table attached as Exhibit A represent the present value (based on the calculations attached in Exhibit B) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

8. We have been retained individually by the personal representative of the decedent listed in Exhibit A to pursue recovery for the economic and noneconomic losses arising out of the death of their loved one on September 11, 2001. We have verified via written documentation and/or interviews that the plaintiff listed in Exhibit A perished in the September 11th terrorist attacks and has not recovered for his economic or conscious pain and suffering damages previously. We have further confirmed that he does not have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

9. In prior orders, the Court has established $2,000,000 as the appropriate amount for the pre-death conscious pain and suffering of the decedents killed in the terror attacks of September 11, 2001. *See, e.g.,* See 03-md-1570 (02-cv-06977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3226, Entered 03/08/2016. The decedents' conscious pain and suffering amounts set forth

on Exhibit A are the figures determined appropriate in the Court's prior orders.

10. Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages and present a proposed order with a rate of prejudgment interest of 4.96 per annum, compounded annually. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The form of the proposed order submitted herewith therefore conforms to the Court's prior orders.

11. Accordingly, filed herewith is a proposed final judgment conforming with the Court's previous orders. Exhibit A contains an economic loss figure supplied by the expert report attached as Exhibit B and the solatium damages reflect the amount previously awarded to relatives of those killed on September 11, 2001.

12. Accordingly, I respectfully request that this Court grant the proposed order submitted herewith.

Dated: January 7, 2020
      Rye Brook, New York

                                        /s/ Jeanne M. O'Grady
                                        JEANNE M. O'GRADY (JO3362)