**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001

***CORRECTED***
**MOTION TO FILE A**
**NEW ASSOCIATED CASE**

1:03 MDL 1570 (GBD) (SN)

------------------------------------------------------------x

**This Document Relates to**
*Havlish, et al. v. bin Laden, et al.*, Case No. 1:03- cv-09848 (GBD) (SN)
*Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD) (SN)
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977 (GBD) (SN)
*Burnett, Sr., et al., v. Islamic Republic of Iran, et al.*, Case No. 1:15-cv-9903 (GBD) (SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD) (SN)
*Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 1:17-cv-02003 (GBD) (SN)

*Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, deceased; Kristen Ryan; Laura Ryan; Colin Ryan; Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, deceased; Daniel R. Maher; Joseph F. Maher; Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, deceased; Caroline Breitweiser; Patricia D. Casazza, in her own right and as Administratrix of the Estate of John Francis Casazza, deceased; John F. Casazza; Mindy Kleinberg, in her own right and as Administratrix of the Estate of Alan D. Kleinberg, deceased; Lauren Nicole Kleinberg; Jacob Kleinberg; Sam Eric Kleinberg; Lorie Van Auken, in her own right and as Executrix of the Estate of Kenneth Van Auken, deceased; Sarah Van Auken; and Matthew Van Auken (collectively, "the Ryan Plaintiffs") v. The Islamic Republic of Iran, et. al.*

The Estate of John J. Ryan, Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan (the "*Ryan Family* Plaintiffs"), the Estate of Daniel L. Maher, Katherine Maher, Daniel R. Maher, and Joseph F. Maher (the "*Maher* Plaintiffs"), the Estate of Ronald Breitweiser, Kristen Breitweiser and Caroline Breitweiser (the "*Breitweiser* Plaintiffs"), the Estate of John Francis Casazza, Patricia Casazza and John Casazza (the "*Casazza* Plaintiffs"), the Estate of Alan D. Kleinberg, Mindy Kleinberg, Lauren Nicole Kleinberg, Jacob Kleinberg, and Sam Eric Kleinberg (the "*Kleinberg*

Plaintiffs"), and the Estate of Kenneth Van Auken, Lorie Van Auken, Sarah Van Auken and Mathew Van Auken (the "*Van Auken* Plaintiffs") (collectively the "*Ryan* Plaintiffs"), through counsel, hereby respectfully submit this *Corrected* Motion to File a New Associated Case in the interest of justice, and in support thereof, aver the following:

1. The *Ryan* Plaintiffs seek to transfer their claims from their original SDNY actions and to file, in their individual and representative capacities, a new case associated with existing *In Re Terrorist Attacks on September 11, 2001* MDL cases in the United States District Court for the Southern District of New York, specifically *Havlish, et al. v. bin Laden, et al.*, Case No. 03-cv-09848, and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550.

2. On November 26, 2019, Magistrate Judge Sarah Netburn ordered the proposed *Ryan* Plaintiffs to transfer their existing claims to "a new member case associated with the *Havlish* action…" (1:03-md-01570, Doc. No. 5312.)

3. A proposed Complaint captioned "*Ryan, et al. v. Islamic Republic of Iran, et al.,*" attached hereto as **EXHIBIT A**, is submitted to be filed in this Court and entered into in the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in the Southern District of New York. It is the object of this Motion, and the filing and prosecution of the *Ryan* case itself, to preserve these Plaintiffs' respective existing judgments and to unify them with the judgments sought in *Ryan* against the other Iranian Defendants who were previously adjudged liable in *Havlish* and *Hoglan*.

4. The *Ryan* Plaintiffs respectfully request this proposed Complaint be filed as a new member case associated with the *Havlish* and *Hoglan* actions and entered into the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court. *Havlish* and *Hoglan* are already related cases. *Hoglan* is included because it is still an open proceeding and, additionally, contained

some evidence not entered (because it did not then exist) in *Havlish*, but the proofs are otherwise co-extensive and all *Hoglan* evidence is consistent with *Havlish*.

5. All of the *Ryan* Plaintiffs are similarly situated in that they were represented by attorneys other than the undersigned, and their claims were filed in various complaints in the United States District Court for the Southern District of New York. All such cases were and are within the *In Re Terrorist Attacks on September 11, 2001* MDL. Those cases are as follows: *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977 (GBD) (SN); *Burnett, Sr., et al., v. Islamic Republic of Iran, et al.*, Case No. 1:15-cv-9903 (GBD) (SN); *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD) (SN); and *Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 1:17-cv-02003 (GBD) (SN).

6. The *Ryan* Plaintiffs previously received judgments in their respective cases referenced above (other than *Ashton, et al. v. Kingdom of Saudi Arabia*) against either one or three of the Iranian Defendants that are also named Defendants in the proposed new associated case. Plaintiffs submit that the *Ryan* Plaintiffs' original causes of action pertaining to those single, or, in some cases, three Defendants named in the cases against Iran listed above, have merged into their respective judgments as to liability and partial damages against those few particular Defendants. Accordingly, those judgments are, and will continue to be, valid and effective, and they need not be revisited except as to certain elements of damages, as described below and in the proposed *Ryan* Complaint.

7. Further, it is appropriate for the *Ryan* Complaint, in pertinent parts, to relate back to the time of the filing of those original cases, at least with respect to the single Defendant, or three Defendants, named in those original cases.

8. The original judgments of the *Ryan* Plaintiffs did not award all of the types of damages sought by the Plaintiffs in their prior cases; those issues remain outstanding, and resolution of those damages issues is sought in *Ryan*. As detailed in the proposed *Ryan* Complaint, two of the decedent estate Plaintiffs did not receive any award for economic damages; for some of them, prejudgment interest and punitive damages issues remain outstanding. *Ryan* Plaintiffs who are family members generally received solatium awards, and for some of them, prejudgment interest remains pending. For all of the *Ryan* Plaintiffs, punitive damages remain an outstanding issue, in whole or in part. Accordingly, pursuant to Rule 54(b), Fed. R. Civ. P., orders pertaining to the proposed *Ryan* Plaintiffs' cases may be revised or supplemented.

9. The newly proposed *Ryan* Complaint also names the other Iranian Defendants in the related *Havlish* and *Hoglan* cases. Specifically, the newly proposed *Ryan* Complaint seeks judgments in favor of the *Ryan* Plaintiffs against all sixteen (16) of the Iranian Defendants named in *Havlish* and *Hoglan*. Both *Havlish* and *Hoglan* included as named Defendants the Islamic Republic of Iran and two of its political subdivisions: Iran's Ministry of Information and Security, and Iran's Islamic Revolutionary Guard Corps. These three Defendants comprise the set of Defendants against which the proposed *Ryan* Plaintiffs hold liability and partial damages judgments. Both *Havlish* and *Hoglan* also included as named Defendants thirteen (13) additional political subdivisions, high office holders, and agencies or instrumentalities of the Islamic Republic of Iran, as follows: the Supreme Leader of Iran Ayatollah Ali Hoseini-Khamenei; (the estate of) former president of Iran Ali Akbar Hashemi Rafsanjani; Iran's Ministry of Petroleum; Iran's Ministry of Commerce; Iran's Ministry of Economic Affairs and Finance; Iran's Ministry of Defense and Armed Forces Logistics; the National Iranian Oil Company; the National Iranian Tanker Company; the National Iranian Gas Company; the National Iranian Petrochemical

Company; Iran Airlines; the Central Bank of Iran; and Iran's terrorist proxy organization, Hezbollah. Addition of these Defendants is properly authorized by Rule 21.

10. The inclusion of these additional Defendants is of paramount importance to the *Ryan* Plaintiffs' ability to collect their damage awards in this country and abroad.

11. Based upon the foregoing, in this motion, the newly proposed *Ryan* Plaintiffs seek two forms of order from the Court. First, as stated above, the *Ryan* Plaintiffs request that their existing judgments against the Islamic Republic of Iran and, for some, against Iran's Ministry of Information and Security and the Islamic Revolutionary Guard Corps, be preserved with respect to the such Judgment Defendants, and the *Ryan* Complaint be related back in time to the filing of their respective original complaints that produced those judgments, at least as to those Judgment Defendants. Because the original judgments against the original Defendants in those original cases are final only as to liability of a single Defendant, or as to three Defendants, and as to partial damages awards against those few Defendants, those causes of action are merged into those partial judgments and may be transferred from the original cases into the new *Ryan* case. An appropriate order to actuate this transfer is authorized by Rule 21 and by Rule 54(b), FED. R. CIV. PROC. Second, the *Ryan* Plaintiffs seek permission to assert in this Complaint their claims against the above-stated thirteen (13) or fifteen (15) additional political subdivisions, high office holders, and agencies or instrumentalities of the Islamic Republic of Iran. Judgment against these additional thirteen (13) or fifteen (15) Defendants would be sought at an appropriate time based upon evidence admitted in, and the Findings of Fact and Conclusions of Law entered in, the *Havlish* and *Hoglan* cases. Addition of these parties is authorized by Rule 21, FED. R. CIV. PROC., as well as by the inherent authority of this Court to manage its docket and cases.

**WHEREFORE,** the proposed *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING said Plaintiffs' request to file a new Case associated with *Havlish, et al. v. bin Laden, et al.*, Case No. 03-cv-09848, and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550, preserving the *Ryan* Plaintiffs' existing judgments and partial damages awards, relating back to the time of filing of the *Ryan* Plaintiffs' respective original cases with respect to Defendants named therein, and that the *Ryan* case be entered into the ongoing *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in the United States District Court for the Southern District of New York.

                                                    Respectfully submitted,

Date:  January 8, 2020                   */s/ Dennis G. Pantazis*
                                           Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                           WIGGINS CHILDS PANTAZIS
                                           FISHER GOLDFARB LLC
                                           The Kress Building
                                           301 Nineteenth Street North
                                           Birmingham, AL 35203
                                           (205) 314-0500
                                           dgp@wigginschilds.com

                                           Timothy B. Fleming (DC Bar No. 351114)
                                           WIGGINS CHILDS PANTAZIS
                                           FISHER GOLDFARB PLLC
                                           1211 Connecticut Avenue, N.W.
                                           Suite 420
                                           Washington, DC  20036
                                           (202) 467-4489

                                           Richard D. Hailey (IN Bar No. 7375-49)
                                           Mary Beth Ramey (IN Bar No. 5876-49)
                                           RAMEY & HAILEY
                                           9333 North Meridian Street, Suite 105
                                           Indianapolis, IN  46260
                                           (317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*__Attorneys for the Ryan Plaintiffs__*