**Exhibit 3**

Personal Injury Damage Precedent from D.C. Circuit

    a.    *Goldstein v. Islamic Republic of Iran*, 383 F. Supp. 3d 15 (D.D.C. 2019)

Plaintiff Goldstein suffered injuries to his ear drums and his right eye as well as lacerations as a result of a bus bombing. He received many medical treatments after the attack, and there was testimony that he continues to experience hearing difficulties. He also testified that he experienced fear and anxiety following the attack and that the emotional trauma continued to affect his sleep and ability to work.[1]

The court in *Goldstein* compared the injuries to *Cohen*, specifically looking at Goldstein's injuries compared to Ora Cohen's injuries. Here, the court agreed that there be a downward variance. The court decided that not only did Ora Cohen suffer more severe physical injuries than Goldstein, but her children were also injured in the attack. For Goldstein, the court states the psychological trauma was not as great, and Ora Cohen was actually diagnosed with PTSD and depression following the bombing.[2] The court equated Goldstein's injuries with those of the Cohen children and awarded him $2.5 million in damages.

    b.    *Schooley v. Islamic Republic of Iran*, 2019 WL 2717888 (D.D.C. June 27, 2019)

In this case, the court looked to plaintiff's VA disability rating to serve as a metric for damages in the decision to award the baseline or partake in some deviation. Under the *Schooley* metric, service members with a VA disability rating of 70% or higher received an award of $7 million in damages. Those with a disability rating between 40 and 60% were awarded $6 million. Service members with a rating of up to 30% received $5 million. Lastly, those without any disability rating had two possible awards: $5 million was awarded to those who suffered severe physical injuries, and $3 million was awarded to plaintiffs with comparatively minor injuries

    c.    *Schertzman Cohen v. Islamic Republic of Iran*, 2019 WL 3037868 (D.D.C. July 11, 2019)

The plaintiffs in this case brought the action against Iran for the terrorist attack on November 4, 2001 in which a gunman opened fire on an Israeli bus.

In this case, the court offered several more examples of injuries for each range of damages awards as established in *Wamai*:[3]

> Recognizing that "[a] great number of plaintiffs were injured in the bombings" and that plaintiffs' injuries "span[ned] a broad range," the court identified six general categories of plaintiffs. For those who suffered little to no physical injury, the court awarded $1.5

---

[1] *Goldstein*, 2019 WL 2189470 at *9.
[2] *Id*. at *20-21.
[3] *Schertzman Cohen v. Islamic Republic of Iran*, 2019 WL 3037868, at *6 (D.D.C. July 11, 2019) (citing *Wamai v. Republic of Sudan*, 60 F. Supp. 3d 84 (D.D.C. 2014)) (internal citations omitted).

million. The court increased that award to $2 million for plaintiffs who suffered injuries "such as lacerations and contusions caused by shrapnel, accompanied by severe emotional damages and to $2.5 million for people "who suffered more serious physical injuries, such as broken bones, head trauma, some hearing or vision impairment, or impotence." Moving upward, those "with even more serious injuries," such as "spinal injuries not resulting in paralysis, more serious shrapnel injuries, head trauma, or serious hearing impairment," received $3 million. Victims who suffered injuries similar to those for which other courts had awarded the "baseline" of $5 million — including "vision impairment, many broken bones, severe shrapnel wounds or burns, lengthy hospital stays ... and permanent injuries" — received that baseline amount. Finally, people with "even more grievous wounds such as lost eyes, extreme burns ... or [who] endured months of recovery in hospitals" received awards of $7.5 million. These categories all assume severe psychological injuries.

Plaintiff Schertzman Cohen suffered direct injuries in the attack. She sustained a shrapnel wound, and she was left with continuing neck pain as a result. She also experienced severe psychological trauma, as her close friend was fatally wounded as she was sitting next to her. The court awarded her $2.5 million in damages, as it concluded her injuries were similar to the less severe end of the *Wamai* framework—lacerations and contusions caused by shrapnel. With the heightened emotional trauma from the event of watching a close friend shot in her presence, the court included this factor in the analysis of her default award.

    d.    *Barry v. Islamic Republic of Iran*, 2019 WL 4194824 (D.D.C. Sept. 4, 2019)

After bombing of the United States Embassy in Lebanon, several plaintiffs brought this suit under the FSIA for damages resulting from the attack.

Plaintiff Barry lost hearing and vision function in one eye as a result of the bombing, and the court awarded $7 million. McKennan required surgery for shrapnel wounds to his upper body and head. He suffered from constant pain in his head, neck, ear, and upper back, as well as tinnitus and dizziness. He developed tics in both his eyes which did not dissipate until after leaving Beirut. He was later diagnosed with two herniated discs in his neck. McKennan was awarded $7 million in damages.

Plaintiff Milroy was also awarded $7 million for his injuries. He suffered extensive shrapnel wounds, and his eardrum was perforated. He continues to suffer from hearing loss as well as shrapnel and glass embedded in his body.

Another plaintiff, Ruefle, was awarded $7 million by the court. Both the immediate and lasting injury was to his ears, resulting in irreversible hearing loss. Plaintiff Woerz suffered lacerations to his head, neck, scalp, and upper extremities. He was subject to extreme pain as the doctors were attempting to understand the exact nature of his head wound. Woerz still has shrapnel embedded

2

in his body, including behind his left eye.  He was awarded $7 million in damages.  Plaintiff Zeikel suffered from headaches for many months, hearing loss in both ears, and painful knee injuries.  He was awarded $7 million.

Plaintiff Bigler was the most seriously injured plaintiff in this case.  He sustained injuries so severe that he was presumed dead and placed in a body bag.  He was left with facial deformities and difficulty using his hand when he writes.  He also still experienced constant pain in his left leg, head pain, and lack of feeling in his right jaw.  He was awarded $9 million in damages.

   e.  *Gill v. Islamic Republic of Iran*, 249 F. Supp. 3d 88 (D.D.C. 2017)

Plaintiff Gill suffered a gunshot wound to his leg during a shooting attack in Israel on April 4, 2008 near the Gaza Border when he was serving as an aide to Israel's Minister of Public Security.  He was awarded $7.5 million because the injuries caused him severe trauma and discomfort immediately after the attack, resulting in a five day hospitalization.  The higher award was also justified due to the permanency of the injuries.

   f.  *Cohen v. Islamic Republic of Iran*, 268 F. Supp. 3d 19 (D.D.C. 2017)

Five members of the Cohen family were involved in a bombing of a bus on the way to Jerusalem.  Plaintiff Ora Cohen, the mother, suffered a broken nose, an injury to the neck, and significant damage to her eardrum.  After the attack, she waited hours to find out if her family survived the attack.  In the years following, she was diagnosed with PTSD and depression.  Although her physical injuries were not as severe as other FSIA plaintiffs, her emotional injury was unique as she deferred her own treatment to be sure her children received proper care.  As such, she received the baseline award of $5 million.

Meirav, Cohen's daughter, was also awarded $5 million as her injuries to her ears continued to affect her daily life.  She spent nine days in the hospital following the attack and still had scars on her face, legs, and arms.  Cohen's other daughter, Shira, suffered the most severe and permanent physical injuries of her family.  She suffered severe injuries to her eyes, resulting in permanent disfigurement and loss of vision. The physical injuries, along with the psychological impact, led to an award of $7 million in damages.

Orly and Daniel, two more of her children, received $3 million each.  Orly had shrapnel wounds, and suffered from some hearing loss, but her injuries were less severe than her mother, sisters, and prior plaintiffs.  Daniel also suffered from shrapnel wounds and ongoing hearing issues.

   g.  *Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1 (D.D.C. 2016)

Plaintiff Bluth suffered from a gamut of physical and emotional injuries as a result of a terrorist.  He suffered serious head and hand injuries; the right side of his face and head were cut deeply, making bone visible; and severe flesh wounds that left scars.  His emotional health was also affected.  He experienced severe paranoia, anxiety, a speech impediment, and fear of loud noises and the dark following the attack.  As a result of these personal injuries, and because he lost hearing in one ear, he was awarded $6 million by the court.

      h.      *Spencer v. Islamic Republic of Iran*, 2014 WL 12773915 (D.D.C. Feb. 3, 2014)

Plaintiff Spencer brought a claim for injuries arising out of the Beirut terror attacks. In a declaration, the plaintiff alleged he suffered hearing loss, back problems, depression, high blood pressure, PTSD, and COPD arising out of the attack. He supplied no medical records to support his testimony regarding his ailments, and the court questioned the lack of production of physical examinations Spencer would have received while in the service. The court articulates further doubts in stating[4]

> [A]side from a 30% PTSD "service connected" diagnosis and a 30% collective disability rating for "intervertebral disc syndrome, degenerative arthritis of the spine, tinnitus and post-traumatic stress disorder," that may or may not be related to the events of October 23, 1983, the evidence supporting Mr. Spencer's claim for pain and suffering consists in the main of vague and often unsupported allegations of ailments with a tenuous connection, at best, to the Beirut incident.

Even with the doubts the court conveyed in *Spencer*, the special master recommended a $2 million award for Spencer which was adopted by the court.[5]

      i.      *Opati v. Republic of Sudan*, 60 F. Supp. 3d 68 (D.D.C. 2014)

*Opati* arises out of the bombing of the embassy in Nairobi. Similar to *Owens*, this case cited the range of $1.5 to 3 million for the lower deviation of personal injury awards.

The two plaintiffs in this case received $7.5 million in damages for what the court referred to as "more grievous wounds."[6] Plaintiff Oyoo, the first plaintiff discussed, had severe burns to her face from the blast. She suffered from total vision loss in her left eye and substantially impaired vision in her right eye, and she continued to suffer from shrapnel embedded in her skin and eyes. Oyoo has never regained the full use of her right hand and spent two years recovering in hospitals. Due to the severity of her injuries, the court increased her award from the baseline amount to $7.5 million. The second plaintiff Maina was not onsite when the blast occurred, but he helped in the rescue and recovery efforts that immediately followed. Due to exposure to victims' blood and having open wounds from digging through the rubble, Maina contracted HIV. The court awarded Maina $7.5 million reasoning: "[a]lthough he otherwise suffered only minor physical injuries during the recovery efforts, HIV is a chronic, serious, and stigmatizing disease requiring a lifetime of treatment."[7]

      j.      *Murphy v. Islamic Republic of Iran*, 700 F. Supp. 2d 52 (D.D.C. 2010)

---

[4] *Spencer*, 2014 WL 12773915 at *11.
[5] *See Spencer v. Islamic Republic of Iran*, 71 F. Supp. 3d 23, 26-27 (D.D.C. 2014).
[6] *Opati*, 60 F. Supp. 3d at 78.
[7] *Id*. at 79.

Plaintiff L'Heureux was awarded $7.5 million for his injuries caused by the bombing of the United States Marine barracks in Beirut. He suffered multiple injuries including an "impaled rectum by an object that split his sphincter and pierced his stomach; [a] crushed kidney; [a] fractured pelvis; [a] detached ear; cuts and abrasions over 80 to 90% of his body; [the wearing of a] colostomy bag for 11 months[,] and damage to his legs and feet that confined him to a wheelchair for many months." *Id*. at 78. He continued to suffer from anxiety and PTSD.

Plaintiff Ybarra was also injuries in this event. He was buried under concrete for several hours, which did not break his leg, but did cause muscle and nerve damage. He also suffered from shrapnel injuries. He had no feeling in his lower right leg, which is prone to recurring infection. He required the use of a cane, walker, or wheelchair. Ybarra also suffered from depression and PTSD. The court awarded him $5 million.

      k.      *Brewer v. Islamic Republic of Iran*, 664 F. Supp. 2d 34 (D.D.C. 2009)

Plaintiff Brewer was injured in the terrorist attack on the United States Embassy Annex building in Lebanon. He was knocked unconscious by the blast and buried in rubble. Although he was bleeding profusely, he assisted in the rescue efforts. When he began feeling weak from blood loss, he was taken to the hospital for a blood transfusion and treatment for his injuries. Brewer is deemed 80% disabled by the VA. He suffered from PTSD, depression, migraines, and severe upper and lower back problems. He also suffered from ringing in the ears and nightmares on a continuous basis. The court awarded Brewer $7 million in damages.

      l.      *Haim v. Islamic Republic of Iran*, 425 F. Supp. 2d 56 (D.D.C. 2006)

Plaintiff Haim was awarded $11 million in damages for his injuries resulting from an explosion caused by a suicide bomber. The court compared his injuries to those of Mousa and Campuzano to come to the award amount, deciding his injuries were slightly less severe. He suffers from complete vision loss on his left side, resulting in decreased coordination. Haim also suffered from frequent, severe headaches, and his ability to concentrate is limited. His scars remained visible and sensitive, and he suffered from insomnia, flashbacks, and PTSD.

      m.      *Campuzano v. Islamic Republic of Iran*, 281 F. Supp. 2d 258 (D.D.C. 2003)

Eight plaintiffs brought an action against Iran after Hamas carried out a triple suicide bombing in Jerusalem that occurred on September 4, 1997. Each plaintiff was awarded in the upward departure of awards.

Plaintiff Campuzano suffered severe burns, skull injuries, scarring, permanent vision and hearing impairments, and PTSD symptoms. She was hospitalized for an extended period of time. The court compared her injuries to those in *Mousa v. Islamic Republic of Iran* and determined Campuzano's injuries were slightly more severe. The court awarded her $17 million.

Plaintiff Rozenman suffered severe burns and blast injuries, including tinnitus, perforated eardrums, chronic ear infections, scars, nerve damage in his left leg and right hand, and PTSD. He spent six weeks in the hospital and underwent additional surgeries a year after the bombing. Mr.

Rozenman required ongoing treatment for his severe burn injuries. The court awarded him $15 million in damages.

Plaintiff Elishis was awarded $12 million for his injuries resulting from the bombing. He was hospitalized for about four weeks, suffered severe burns and blast injuries, scarring, and has permanent hearing loss, walking difficulties, difficulty breathing, and PTSD. The court found his injuries were comparable to Mousa, and thus awarded the same amount.

Plaintiff Miller was awarded $12 million. He suffered severe blast injuries including multiple shrapnel wounds to his legs and left eye and his permanent injuries include a hematoma in his left leg, a permanent limp in his right leg, difficulty walking, permanent hypersensitivity to sunlight, nerve damage to his fingers and hands, and PTSD. He was hospitalized for about five weeks. Because of the severity of his injuries, the court awarded him an upward departure.

Plaintiff Mendelson suffered severe burns and blast injuries including a perforated eardrum, a partially severed right ear, partial hearing loss, tinnitus, large scars, chronic headaches, and PTSD. He was hospitalized for four days, and underwent burn therapy for about a month. The court awarded him $12 million.

Plaintiff Hersh was awarded $12 million in damages. He suffered severe burns and blast injuries including a 60 percent hearing loss, tinnitus, back pain, chronic ear infections, burn scars, difficulty walking, PTSD, and psychomotor retardation. He was hospitalized for one day.

Plaintiff Salzman suffered severe burns and blast injuries including perforated eardrum and a shrapnel wound to his upper lip. His permanent injuries included severe nerve damage that causes chronic pain, debilitating headaches and PTSD. He was hospitalized for about one week. The court awarded him damages of $10 million.

    n.    *Mousa v. Islamic State of Iran*, 238 F. Supp. 2d 1 (D.D.C. 2001)

Plaintiff Mousa was injured in Jerusalem when a terrorist bombed a bus. She suffered extensive and permanent losses of sensory perception, disfigurement, and conscious pain and suffering. Her injuries included blindness in her left eye; life span has been shortened by approximately 6 years; deafness in both ears; destruction of tendons and substantial loss of the use of her right hand with resulting chronic pain in her hand and arm; extensive burns to her face and body; cranial fractures; lacerations to the face and eyes, caused by shrapnel, glass, and impact, with resulting permanent nerve damage, scarring, shrinkage and recession of her left eye, and other cosmetic damage; lung blast injury, with resulting permanent impairment of breathing; and PTSD. Her injuries necessitated hospitalization, multiple surgeries, treatments, and immobilization, over a continuous period of four months. The court awarded her $12 million in damages.

The range of damages possible for personal injury victims against Iran in the context of international terrorism is established within the precedent found in the D.C. courts. While each case is fact dependent, the courts do recognize examples to provide guidelines here. All of the courts recognize the punitive nature of the judgments at issue, given the catastrophic and traumatic nature of terror attacks. Each personal injury victim experienced events too horrific to fully

describe.  Here, not only do the survivors often carry significant psychological damage from the horrific events they suffered, but they also have endured physical injuries.  As such, when awarding damages, the court must consider the unparalleled traumatizing effects, both psychological and physical, that are a consequence of September 11, 2001.