**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br><br>ECF Case |
| This document relates to:<br><br>*Ashton et al. v. al Qaeda Islamic Army, et al.*, (and member case *Burlingame, et al. v. Bin Laden, et al.*) | 02-cv-6977 (GBD)(SN)<br><br>02-cv-7230 (GBD)(SN)<br><br>ECF Case |

**DECLARATION OF FRANK H. GRANITO, III**
**IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT**

FRANK H. GRANITO, III, Esq., hereby states under penalty of perjury that:

1.      I am an attorney representing the *Burlingame X* Plaintiffs in the above-captioned litigation and I submit this Declaration in support of the motion for final judgment on behalf of the Estate set forth on the attached Exhibit A. I submit this Declaration in support of this motion for final judgment on behalf of only the individual Plaintiffs identified in Exhibit A attached hereto, and for permission to allow any remaining *Burlingame* plaintiffs to move for the same relief in separate stages.

2.      The sources of information and the basis for belief in the statements contained herein are my representation of the *Burlingame X* Plaintiffs listed in Exhibit A in connection with the September 11th terror attacks, my firm's files, conversations with the family members of the deceased Plaintiff and decedent's colleagues, as well as other court records relating to the multi-district litigation to which the *Burlingame X* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3.      Claims brought on behalf of the decedents listed in Exhibit A were part of the original *Burlingame* complaint, styled *Burlingame, et al. v. Bin Laden, et al.*, bearing civil action number 02-cv-7230. The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were

Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al*. master docket number 02-cv-6977. See 02-cv-6977, Doc. No. 15, Entered 11/19/2002. Since these plaintiffs remain segregated in the consolidated *Ashton* filings under their original civil action number and thus can easily be identified, plaintiffs appearing under the *Burlingame* civil action number 02-cv-7230 are being collectively referred to as "*Burlingame* plaintiffs." The *Burlingame* plaintiffs listed in Exhibit A are the tenth group of *Burlingame* plaintiffs represented by the undersigned to move for relief on the issue of damages and are therefore referred to as the *Burlingame X* plaintiffs.

4.       In connection with the filing of claims to the September 11th Victim Compensation Fund on behalf of the decedents listed on Exhibit A, the personal representatives of the decedents' estates obtained information and materials relevant to the calculation of economic loss attributable to their decedents' wrongful deaths as of the time their claims were submitted to the Victim Compensation Fund.  That information has been provided to Gary Crakes, Ph.D, of Maher, Crakes and Associates, Economic Consultants. Dr. Crakes took the information that was obtained relevant to economic loss and prepared expert reports calculating the present value of the economic damages.  Attached to each report is Dr. Crakes' curriculum vitae and a statement of Dr. Crakes' methodology. Because of their sheer volume and the confidential nature of their contents, Dr. Crakes' reports of the economic losses suffered as a result of the deaths of the wrongful deaths of the decedents on Exhibit A are being submitted to the Court separately, on compact disc, as Exhibit B.

5.       The economic loss figures set forth in the table attached as Exhibit A represent the present value (based on the calculations set forth in Exhibit B) of the estimated economic losses suffered as a result of the wrongful deaths of plaintiffs' decedents.

6.      We have been retained individually by the personal representatives of the decedents listed in Exhibit A to pursue recovery for the economic and noneconomic losses arising out of the deaths of their loved ones on September 11, 2001. We have verified via written documentation and/or interviews that the decedents listed in Exhibit A perished in the September 11th terrorist attacks and have not recovered for their economic damages previously. We have further confirmed that they do not have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

7.      In prior orders, the Court has established $2,000,000 as the appropriate amount for the pre-death conscious pain and suffering of the decedents killed in the terror attacks of September 11, 2001, including those decedents listed on Exhibit A.  *See* 03-md-1570 (02-cv-06977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3226, Entered 03/08/2016.  The decedents' conscious pain and suffering amounts set forth on Exhibit A reflect the figures awarded in the Court's prior order.

8.      Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages and present a proposed order with a rate of prejudgment interest of 4.96 per annum, compounded annually. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The form of the proposed order submitted herewith therefore conforms to the Court's prior orders.

9.      Accordingly, filed herewith is a proposed final judgment conforming with the Court's previous orders.  Exhibit A contains an economic loss figure supplied by the expert reports furnished as Exhibit B and the pre-death conscious pain and suffering damages reflect the amounts previously awarded to these decedents killed on September 11, 2001.

10.     Accordingly, I respectfully request that this Court grant the proposed order submitted herewith.

Dated: January 10, 2020
        Rye Brook, New York

                                        /s/ Frank H. Granito, III
                                        FRANK H. GRANITO (FG9760)