UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT**

Plaintiffs as identified in Exhibit 1, through their undersigned counsel, submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment, as follows:

**BACKGROUND**

On September 12, 2016 and October 31, 2016, this Court entered Orders of Partial Final Default Judgments on behalf of certain Plaintiffs named in *Bauer et al. v. al Qaeda Islamic Army, et al.,* 02-cv-7236 (GBD)(SN) and *Ashton et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN) as identified in Exhibit A of *Bauer I,* ECF No. 3341, and in Exhibits A and B of *Bauer II*, ECF Nos. 3371-1 and 3371-2.  These Plaintiffs are each a spouse, parent, child, or sibling of a victim killed in the terrorist attacks on September 11, 2001 and were awarded damages against the Islamic Republic of Iran.  The aforementioned exhibits were prepared by Plaintiffs' counsel who, at the time of its filing, believed it to be an accurate and correct list of Plaintiffs for whom the Orders should have been entered.

Since the Orders were entered, Plaintiffs' counsel, while finalizing applications for the Plaintiffs included in the Orders to be submitted to the United States Victims of State Sponsored

1

Terrorism Fund, discovered clerical errors in the exhibit they had presented to the Court. Plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 3341 entered 09/12/2016, and ECF No. 3887[1] entered on 10/31/2016, to correct said clerical mistakes.

## ARGUMENT

### Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not

---

[1] The Order entered on October 31, 2016, ECF No. 3387, did not include Exhibit A and B, ECF Nos. 3371-1 and 337-2 attached to the Order, but refers to them. These exhibits were part of the Revised Attorney Declaration in Support of the Motion for Partial Final Judgment, ECF No. 3371, Filed 10/21/2016.

operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* at 322. In *Wheeling Downs Race Track and Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the errors are mechanical in nature and do not require substantive judgment. The correction of Plaintiffs identified in Exhibit A of *Bauer I,* ECF No. 3341, and Exhibits A and B of *Bauer II*, ECF Nos. 3371-1 and 3371-2 would reflect the actual intent of Plaintiffs in obtaining the default judgment against Iran. The clerical mistakes and requested corrections fall into one distinct category: Instances where the name of the plaintiff was incorrectly stated.

**Plaintiffs Whose Names Were Incorrectly
Provided in Exhibit A of *Bauer I,* ECF No. 3341
and Exhibits A and B of *Bauer II*, ECF Nos. 3371-1 and 3371-2**

In Exhibit A of *Bauer I,* ECF No. 3341, and Exhibits A and B of *Bauer II*, ECF Nos. 3371-1 and 3371-2, forty-nine plaintiffs were identified with incorrect names. Exhibit 1 to this Motion identifies the individual Plaintiffs whose names were listed incorrectly, and what the correct name should be on the Order.

**CONCLUSION**

The corrections requested by Plaintiffs are clerical in nature, and do not raise issues with the substantive judgments contained in the September 12, 2016 Order, ECF No. 3341, and the October 31, 2016 Order, ECF No. 3387, and will not in any way change the Court's disposition. Instead, the correction of ECF Nos. 3341 and 3387 will allow it to more accurately reflect the

Court's and Plaintiffs' intent.  Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified Plaintiffs to enforce and collect on the judgment this Court intended in their favor.  For the foregoing reasons, Plaintiffs respectfully request that this Court enter the Corrected Order of Partial Final Default Judgments, attached hereto as Exhibit 2, on behalf of certain *Bauer* and *Ashton* Plaintiffs identified in Exhibit A (attached to Plaintiffs' Motion) to conform with the corrections provided herein.

Dated: January 14, 2020

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

/s/ Dorothea M. Capone
Dorothea M. Capone, Esq.
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
Email: tcapone@baumeisterlaw.com
**Attorneys for Plaintiffs**