UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case *Betru et al. v. Islamic Republic of Iran,* 18-cv-8297 (GBD)(SN))

JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1745, hereby states under penalty of perjury that:

1. I am an attorney representing the *Ashton* (and *Betru*) plaintiffs ("*Ashton*") in the above-captioned litigation and I submit this declaration in support of the motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("9/11 Decedents"), and for permission to allow any remaining *Ashton* plaintiffs to move for the same relief in separate stages. This motion seeks the following relief:

    a. awarding the Estates of 9/11 Decedents identified on Exhibits A-1, A-2, B-1 and B-2, through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedents, an award for economic damages, which, when combined with any previously-awarded compensatory damages for pain and suffering will constitute a final judgment in the amounts set forth on Exhibits A-1, A-2, B-1 and B-2;

    b. awarding those Estates of 9/11 Decedents identified on Exhibits A-1, A-2, B-1 and B-2 who have not previously been awarded compensatory damages for pain and suffering, an award for conscious pain and suffering in the same amount previously awarded by this Court regarding other estates of 9/11 Decedents, which, when combined with any award for economic damages requested in this motion will constitute a final judgment in the amounts set forth on Exhibits A-1, A-2, B-1 and B-2;

    c. awarding the Plaintiffs identified on Exhibits A-1, A-2, B-1 and B-2 pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

    d. granting the Plaintiffs identified in Exhibits A-1, A-2, B-1 and B-2 permission to seek punitive damages, economic damages (to the extent not requested in this motion), and other appropriate damages at a later date;

    e. determining that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

    f. granting permission for all other *Ashton* plaintiffs not appearing on Exhibits A-1, A-2, B-1 and B-2 to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

    c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

    d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

<u>Due Diligence</u>:

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 18 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly from family members of the 9/11 Decedents listed in Exhibits A-1, A-2, B-1 and B-2; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11,*

*2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

    4.    All of the 9/11 Decedents listed in Exhibits A-1, A-2, B-1 and B-2 died on September 11, 2001 in the September 11th terrorist attacks. My law firm has been retained by the representatives of the estates of the 9/11 Decedents listed in Exhibits A-1, A-2, B-1 and B-2 to represent those estates. Before filing this motion, I have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on review by myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment.

    5.    For the 9/11 Decedents listed in Exhibits A-1 and B-1, my law firm has confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and / or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and / or written communications with the representatives of the Estates of those 9/11 Decedents.

    6.    For the 9/11 Decedents listed on Exhibits A-2 and B-2, my office has either confirmed that neither they nor their relative killed on September 11, 2001 was a United States national (or member of the armed services or government or government contractor employee) as of September 11, 2001, or else has not yet been able to confirm the nationality of the family member from documentation or via interviews.

Damages Sought

7. Exhibits A-1, A-2, B-1 and B-2 set forth: (a) the compensatory damages amount this Court previously awarded to the Estates of certain 9/11 Decedents for conscious pain and suffering and (b) the new claims by Personal Representatives of certain of the Estates of 9/11 Decedents for compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, specifically Two Million Dollars ($2,000,000.00), per 9/11 Decedent.

8. Exhibits A-1, A-2, B-1 and B-2 also set forth claims by certain Personal Representatives of the Estates of 9/11 Decedents seeking an award of economic damages in the amounts set forth on Exhibits A-1, A-2, B-1 and B-2.

9. For those Estates seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value.

10. For example, in some of those cases in which Kreindler & Kreindler represented the Estate of the 9/11 Decedent now seeking economic damages in the September 11 Victim Compensation Fund ("VCF"), we previously retained the services of economic experts who, in turn, performed an analysis of the economic loss as of the date of those reports. In other cases, where, for example, Kreindler & Kreindler did not represent the Estate of the 9/11 Decedent in the VCF, we obtained VCF files from the Department of Justice via a Freedom of Information Act request.[1] Sometimes those VCF files contained reports by economic experts and other times

---

[1] The Department of Justice requires each FOIA request to be accompanied by a Certification of Identity executed by the representative of the estate specifically authorizing counsel to obtain the VCF files, even if counsel provides a retainer agreement with the FOIA demand.

they contained only VCF economic valuation files and the supporting documentation (including tax returns, W-2 forms and other salary and income verification.)

11. Given the length of time between 9/11 and the date of the motion for economic damages, I asked the personal representatives of the 9/11 Decedents' estates to provide me with an authorization to obtain the relevant files from the Victims Compensation Fund ("VCF") pursuant to the Freedom of Information Act ("FOIA"). After we received the authorization, I made a formal FOIA demand for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, there are substantial delays in obtaining them.[2] In a few instances, I was able to receive the necessary documentation directly from the clients. The files include expert reports dating back to the time that the application was filed, supporting materials in support of the expert report, reviews and computations of same made by the VCF, award determinations, applications and/or other relevant documentation.

12. Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, to review and update the computations contained within the VCF files which I arranged to have transmitted in full to him for his review, analysis and opinion.

13. A declaration by John F. Beauzile is attached hereto and incorporated herein as Exhibit C ("Beauzile Declaration"). As set forth in the Beauzile Declaration, he prepared an

---

[2] This delay by the DOJ in responding to FOIA requests is the primary reason why there is a difference between the overall number of *Ashton* Plaintiffs seeking pain and suffering awards and economic damage awards at this time. We expect to have additional VCF files, and thus additional expert reports, to submit prior to the next deadline for applications to the United States Victims of State Sponsored Terrorism Fund.

updated report for each those plaintiffs who are seeking an award of economic damages at this time, identified on Exhibits A-1, A-2, B-1 and B-2.[3]

14. The expert reports and the Beauzile Declaration include the detailed analyses of the expert in reaching these conclusions, along with a description of the methodology he employed, assumptions he made and his curricula vitae.[4]

15. The economic loss figures set forth in the tables attached as Exhibits A-1, A-2, B-1 and B-2 represent the present value (based on the calculations attached in underlying expert reports) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

16. The updated economic reports for the estates listed on Exhibits A-1, A-2, B-1 and B-2 are filed as Exhibit D hereto, submitted on disc to the Court in light of their file size. Each updated report is saved with the last name of the 9/11 Decedent so as to be readily matched with each claim for economic damages.

Conclusion

17. For all of the reasons set forth in this declaration and the *Ashton XVII* Wrongful Death Plaintiffs' Motion for Final Judgments, I respectfully request that this Court grant the proposed order filed herewith.

Dated: January 14, 2020
    New York, NY

                                       /s/ James P. Kreindler
                                       James P. Kreindler

---

[3] This declaration was prepared for the use in all of the *Ashton* Iran filings being tendered at this time.

[4] Our firm has extracted the relevant economic data from each of these VCF files (in un-redacted form) so that it (or the entire VCF file as utilized by the expert, if desired) can be available for the Court's inspection and review upon request.