**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)

### The *Ashton XVIII* Wrongful Death Plaintiffs' Motion for Final Judgments

For the reasons set forth below, and the statements contained in the declaration of James P. Kreindler, Esq. ("Kreindler Declaration") and exhibits thereto, the *Ashton* Plaintiffs, by and through their counsel, Kreindler & Kreindler LLP, respectfully move this Court for an Order:

1) Awarding those plaintiffs set forth on Exhibit A to the Kreindler Declaration (the "*Ashton XVIII* Plaintiffs") solatium damages for the losses they suffered as a result of the deaths of their immediate family members in the September 11, 2001 terrorist attacks in the amounts previously awarded by this Court;

2) Awarding the *Ashton XVIII* Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3) Granting the *Ashton VXIII* Plaintiffs permission to seek punitive damages and any other appropriate damages at a later date;

4) Finding that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

5) Granting permission for all other *Ashton* Plaintiffs in this action to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

1

This motion is made on behalf of the *Ashton XVIII* Plaintiffs listed in Exhibit A to the Kreindler Declaration, in light of this Court's previous order granting permission to allow remaining plaintiffs in the case to move for this relief. *See* 03-md-1570 (S.D.N.Y.) (GBD) (SN), Doc. No. 3300, Filed 06/16/2016. [1]

As the awards set forth in the proposed order represent the only direct recovery against Iran on behalf of the *Ashton XVIII* Plaintiffs listed in Exhibit A, any award issued to those individuals will constitute final awards and judgments against the Islamic Republic of Iran ("Iran") for those plaintiffs listed in Exhibit A to the Kreindler Declaration. [2]

I.      **Procedural Background**

On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the sponsors of the September 11, 2001 terrorist attacks, which included allegations against Iran. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 1.  Plaintiffs asserted federal jurisdiction pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"). *Id.* at 28, 39 – 40, 43, 48.  Iran was listed as a named defendant in the *Ashton* plaintiffs' Consolidated Amended Complaint, filed on March 6, 2003, with the same jurisdictional assertions. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 11-2 at 17, ECF No. 11-5 at 45 - 49.  This Consolidated Amended Complaint (the "CAC") was served in compliance with FSIA requirements through diplomatic channels, but Iran has never answered. *See* 02-cv-6977

---

[1] References to the 03-md-1570 docket entries will be noted only by the ECF document number. Any reference to a prior Order or filing on a different docket will include that docket number as well as the ECF document number.

[2] The *Ashton* Plaintiffs are also filing a motion for economic damages and conscious pain and suffering on behalf of certain estates (the "*Ashton XVII* Plaintiffs") at the same time as the instant motion for solatium damages.

(S.D.N.Y.), ECF No. 424 at 2; *see also* 02-cv-6977 (S.D.N.Y.) ECF No. 358.  The *Ashton* Plaintiffs moved for a Certificate of Default, which the Clerk of the Court issued. *See* 02-cv-6977 (S.D.N.Y.), ECF No. 651.

At the time that the CAC was first filed against Iran, the FSIA functioned as a pass-through statute, denying immunity for claims arising from certain acts of terrorism or material support for terrorism if the United States had designated the foreign sovereign a state sponsor of terrorism, thus allowing a plaintiff to pursue a claim in the federal courts in suits against a nation-state that had been officially designated a state-sponsor of terrorism, such as Iran. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 221(a), 110 Stat. 1214, 1241.  The substantive causes of action detailed in the CAC were for common-law wrongful death based on intentional murder, survival damages and injuries and assault and battery; violation of the Anti-Terrorism Act (18 U.S.C. § 2333); violation of the TVPA; and violation of the FSIA. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 11-5 at 245 – 50.

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, the *Ashton* Plaintiffs moved for a judgment of liability against Iran for claims arising out of the deaths of the plaintiffs' decedents. ECF No. 3008.  In their motion for a liability default judgment, the *Ashton* Plaintiffs relied on the Certificate of Default entered in the *Ashton* case, which was premised on the CAC that Iran had never answered. ECF No. 2970 at 2.  They then moved for a default judgment of liability against Iran only as to those causes of action established under the FSIA. ECF No. 2970 at 2, 10 – 18.  This Court granted that motion for a default judgment of liability. ECF No. 3014.[3]

---

[3] The *Ashton* Plaintiffs at the same time also moved for permission to file an Amended Consolidated Complaint against Iran, asserting the same jurisdictional allegations as in the prior complaints, adding a claim based on the new provision of the FSIA enacted subsequent to the

Thereafter, the *Ashton* Plaintiffs moved for partial summary judgment for the conscious pain and suffering that victims murdered on September 11, 2001 suffered before death, which this Court granted, and certain *Ashton* Plaintiffs moved for default judgments on economic damages suffered as a result of their decedents' wrongful deaths as well.  This Court granted those motions. *See* ECF No. 3229 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and No. 3356 (awarding damages for economic loss).   In addition, certain *Ashton* Plaintiffs moved for solatium damages suffered by immediate family members and those non-immediate family members who were the "functional equivalent" of immediate family members eligible to recover under the terrorism exception to the FSIA. *See* ECF Nos. 3295 (Motion for Final Judgment for *Ashton I* claimants including claims for solatium damages); 3356 (Motion for Final Judgment for *Ashton II* claimants including claims for solatium damages); 3686 (Motion for Final Judgment for *Ashton III* claimants solely for solatium damages); 3977 (Motion for Final Judgment for *Ashton IV* claimants solely for solatium damages); 4058 (Motion for Final Judgment for *Ashton V* claimants, the "functional equivalent" of immediate family members, solely for solatium damages); 4100 (Motion for Final Judgment for *Ashton VI* claimants solely for solatium damages); 4120 (Motion for Final Judgment for *Ashton VII* claimants solely for solatium damages); 4149 (Motion for Final Judgment for *Ashton VIII* claimants solely for solatium damages); 4158 (Motion for Final Judgment for *Betru (Ashton IX)* claimants solely for solatium damages); 4478 (Motion for Final Judgment for *Ashton X* claimants solely for

---

filing of the original suits against Iran and adopting and incorporating by reference the prior *Ashton* allegations against Iran. ECF Nos. 2968, 2968-1 at 1 - 2 (adding allegations under 28 U.S.C. § 1605A).  The Court issued an Opinion and Order that allowed the *Ashton* Plaintiffs to amend their pleadings as to Iran without requiring service of the amended pleadings. ECF No. 3227.  Plaintiffs thereafter filed the Amended Consolidated Complaint on the docket. ECF. No. 3237.

solatium damages); 4601 (Motion for Final Judgment for *Ashton XI* claimants solely for solatium

damages); 4716 (Motion for Final Judgment for *Ashton XIII* claimants solely for solatium

damages); 4890 (Motion for Final Judgment for *Ashton XIII* claimants solely for solatium

damages); 5094 (Motion for Final Judgment for *Ashton XIII* claimants solely for solatium

damages)[4]; 5134 (Motion for Final Judgment for *Ashton XV* clamants solely for solatium damages)

and 5428 (Motion for Final Judgment for *Ashton XVI* claimants solely for solatium damages).

This Court granted these motions finding that an award to the immediate family members

of each decedent was proper and that prejudgment interest on the solatium loss amounts was

warranted. *See* ECF Nos. 3300; 3387; 3706; 3979; 4106; 4127; 4152; 4173 (granting in part and

denying in part motion for "functional equivalent" of immediate family members); 4170; 4497;

4880; 5101; 5137; and 5387 (granting in part and denying in part motion for "functional

equivalent" of immediate family members).[5]

For the reasons below as well as those set forth in the prior motions for summary

judgment on liability and prior motions for judgment for solatium damages made on behalf of

other *Ashton* wrongful death plaintiffs, the *Ashton XVIII* Plaintiffs listed in Exhibit A to the

Kreindler Declaration now move this Court to grant the proposed Order filed herewith awarding

them the same amount of compensatory damages for their solatium losses as awarded to other

plaintiffs, including the *Ashton I-XVI* plaintiffs,[6] and directing that pre-judgment interest be

---

[4] Three different subgroups of *Ashton* plaintiffs were inadvertently captioned "*Ashton XIII*" – the 07/31/2019 *Ashton XIII* (ECF No. 4716 et seq.), the 08/19/2019 *Ashton XIII* (ECF No. 4890 et seq.) and the 09/06/2019 *Ashton XIII* (ECF No. 5094 et seq.)

[5] This Court has not yet issued a decision on ECF No. 5428, filed on behalf of non-immediate family members of individuals killed on September 11, 2001.

[6] The *Ashton XVII* Plaintiffs, whose motion for final damages judgment is also being filed today, are not solatium plaintiffs but are seeking compensatory damages for conscious pain and

assessed at 4.96 percent per annum, which is the rate that this Court previously approved in

connection with the *Ashton I-XVI* plaintiffs' motions for damages judgments.  All plaintiffs also

ask for permission to continue to submit applications in subsequent stages on behalf of those

claimants not included in the attached exhibit, should any other applications be warranted.

## II.     Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which, among other claims, applies to the

suit against Iran, available damages include "economic damages, solatium, pain and suffering,

and punitive damages."  28 U.S.C. § 1605A(a)(1) and (c)(4).  That is, the "estates of those who

[died] can recover economic losses stemming from wrongful death of the decedent; family

members can recover solatium for their emotional injury; and all plaintiffs can recover punitive

damages."  *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

Those *Ashton XVIII* Plaintiffs in Exhibit A are all immediate family members of

individuals killed in the September 11, 2001 terrorist attacks and either they or the victim was a

United States national as of September 11, 2001.  As liability against Iran has been established in

this matter, and given the relationship identified between the plaintiffs and those killed on

September 11, 2001 in the terrorist attacks, each moving plaintiff is now entitled to damages in

the amounts set forth on Exhibit A, which reflects the damages amounts that this Court has

previously applied in this and other related cases arising out of the September 11 attacks.

## A. Solatium Damages

The Foreign Sovereign Immunities Act (28 U.S.C. § 1605A) specifically provides for

solatium damages.  Under that provision, family members of the decedents may recover for "the

---

suffering and economic loss damages on behalf of the estates of those killed on September 11,
2001.

mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). Given that, in FSIA cases solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims. *See, e.g* Salazar v. Islamic Republic of Iran, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)("[c]ourts have uniformly held that a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Thus, this Court has previously awarded solatium damages to "immediate family members" who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN) (S.D.N.Y. Oct. 12, 2016) (ECF No. 3358); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN), 2015 WL 9468813 (S.D.N.Y. Dec. 28, 2015) ("*Ashton* Report"); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN), 2012 WL 4711407 (S.D.N.Y. Oct. 3, 2012).

In defining those family members eligible to make a claim for solatium damages, this Court previously determined that spouses, parents, children and siblings who survived a victim

killed in the September 11 terrorist attacks were entitled to recover for their losses, and set forth

a framework for other family relationships that fell outside of those four categories, such as

intimate partners, aunts and uncles and step-relationships. *See* 03-md01570 (S.D.N.Y.)

(GBD)(SN), Doc. No. 3363, Entered 10/14/2016.  The four established categories of family

relationships – spouses, parents, children and siblings – do not require any additional showing of

the nature of the underlying relationship.

To fashion a solatium award adequately compensating the surviving family members in

the litigation against Iran, this Court previously looked to the analysis undertaken by District

Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F.

Supp. 2d 229 (D.D.C. 2006).  There, Judge Lamberth concluded that solatium damages should

be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the

amount of $5 million, and to each sibling in the amount of $2.5 million.  *Id.*[7]

Magistrate Judge Frank Maas previously recognized that the immediate family members

of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound

agony and grief and, "[w]orse yet, … are faced with frequent reminders of the events of that

day."  *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. No. 2618, Entered 07/30/12,

pp. 10 – 12.  Given the "extraordinarily tragic circumstances surrounding the September 11th

attacks, and their indelible impact on the lives of the victims' families," Magistrate Judge Maas

in his Report and Recommendation concluded that an upward departure from the *Heiser*

framework was appropriate and recommended solatium damages in the following amounts:

---

[7] This formula may be adjusted upward or downward when circumstances warrant.  *See, e.g.,*
*Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700
F. Supp. 2d at 85.

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

Subsequently, Magistrate Judge Maas and then Magistrate Judge Sarah Netburn issued orders awarding solatium damages in the amounts set forth above to various groups of plaintiffs.

The losses claimed in this motion are legally and factually comparable to those suffered by the *Ashton I-XVI* claimants, and the other claimants involved in this litigation. Each of the deaths in this case were sudden and unexpected and were the result of the terrorism defendants' extreme acts of malice. The decedents were civilians whose deaths were intended to create an environment of fear and terror. The claimants here were not attenuated victims but the immediate family members of the decedents and were directly and irrevocably harmed by the terrorist acts and consequences. Many family members can visit no private cemetery plot or gravestone to visit their loved ones but are instead resigned to never have the closure that might otherwise be expected after the death of an immediate family member. The amount of solatium damages previously adopted by the District Court in the other *Ashton* cases as well as the other claimants involved in this litigation should apply equally to the *Ashton XVIII* Plaintiffs.

The relationships between the decedent and the *Ashton XVIII* Plaintiffs are set forth in Exhibit A accompanying the Kreindler Declaration. As described in the Kreindler Declaration, all of the *Ashton XVIII* Plaintiffs have direct relationships previously recognized as being presumptively qualified for solatium damages; the relationships between the *Ashton XVIII* Plaintiffs and their immediate family members, who were killed in the September 11, 2001

terrorist attacks, have been verified; all of the *Ashton XVIII* Plaintiffs survived the death of their

immediate family member on September 11, 2001; and none of the *Ashton XVIII* Plaintiffs has

another known claim pending before this Court for compensation against Iran.  The *Ashton*

Plaintiffs therefore respectfully request that this Court issue a final judgment ordering payment

of solatium damages to the *Ashton XVIII* Plaintiffs, listed in Exhibit A, in the same amounts set

forth above, based on their relationship with their decedent and as described in the Kreindler

Declaration and set forth in Exhibit A.

### B.  Punitive Damages

Plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4).  Previously

in this case, the magistrate judge explained that a "3.44 ratio 'has been established as the

standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting

*Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This

Court adopted that recommendation and awarded punitive damages on each compensatory

damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2.  The

Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF No.

3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive

multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and

Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels

applying 3.44 punitive multiplier to claims in *Ashton*).

However, in another case in the *In re Terrorist Attacks on September 11, 2001*

multidistrict litigation, a different magistrate judge recommended that the plaintiffs' request for

punitive damages be denied without prejudice. ECF No. 3363 at 28.  Judge Daniels adopted that

recommendation, denying without prejudice the plaintiffs' request for punitive damages. ECF

No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, the *Ashton* Plaintiffs request permission to address the issue of punitive damages at a later date.  *See, e.g.*, ECF No. 3666 (Judge Daniels' order authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

## C.  Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate.  *See* ECF No. 3175 at 1 – 2.  Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF No. 3384 at 6.  *See* 03-md-1570 (11-cv-7550).

Accordingly, the *Ashton XVIII* Plaintiffs ask that this Court order prejudgment interest of 4.96 percent per annum to run on their awards from September 11, 2001 until the date of judgment, as was done previously in the *Ashton I-XVI* cases, as well as for other plaintiffs in this consolidated litigation.

## III.    Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and other plaintiffs, the *Ashton XVIII* Plaintiffs respectfully request that this Court grant the proposed order filed herewith and

1)      Award them solatium damages in the amounts set forth on Exhibit A to the Kreindler Declaration;

2)      Award them pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3)      Grant them permission to seek punitive damages, economic damages (if not sought herein), and other appropriate damages at a later date;

4)      Find that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

5)      Grant permission for all other plaintiffs in this action not appearing on Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Dated:  New York, New York
        January 14, 2020

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY:    /s/ James P. Kreindler
James P. Kreindler, Esq.
750 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 687-8181
*Counsel for Ashton Plaintiffs*