UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:
*Estate of John P. O'Neill, Sr. et al. v. The Republic of Iraq et al.*, No. 04-cv-01076 (GBD) (SN)

### DECLARATION OF JERRY S. GOLDMAN, ESQUIRE

JERRY S. GOLDMAN, Esq., hereby states under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1.  I am an attorney representing the *O'Neill II* Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the motion for final judgment as to damages on behalf of the plaintiffs listed in the attached Exhibits A and B. Such motion seeks the following requested relief:

    (1) awarding the Plaintiffs identified in Exhibit A judgment as to damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett, Ashton, Havlish, Bauer*, and other cases, except as in the case of plaintiff-personal representatives of 9/11 Decedents;

    (2) awarding the Estates of 9/11 Decedents through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedents, as identified on Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibit B;

(3)  awarding the Estates of 9/11 Decedents through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedents, as identified on Exhibit B, an award of economic damages in the amounts as set forth on Exhibit B;

(4)  awarding the Plaintiffs identified on Exhibits A and B pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

(5)  granting the Plaintiffs identified in Exhibits A and B permission to seek punitive damages, economic damages, and other appropriate damages at a later date;

(6)  determining that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants; and,

(7)  granting permission for all other plaintiffs in this action not appearing on Exhibits A and/or B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2.  The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

>   a.  The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

> For compliance with the required sworn declaration, please see paragraph 6, below.
>
> b.   The Court's Order dated October 14, 2016 (ECF No. 3363) concerning the amounts of solatium damage awards.
>
> c.   The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).
>
> d.   The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.
>
> e.   The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

Due Diligence:

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past fifteen years; my firm's representation of the *O'Neill II* Plaintiffs listed in Exhibits A and B in connection with the September 11th litigation; communications directly from family members of the individuals killed in the attacks on September 11th and the plaintiffs listed in Exhibits A and B; communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *O'Neill II* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. The *O'Neill II* Plaintiffs identified in Exhibit A are each immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically set forth on Exhibit A,[1] which includes individuals who were not named in the complaint, but are otherwise members of the 9/11 decedent's family, and are entitled to receive a

---

[1] Exhibit A also includes the estates of solatium plaintiffs who are now deceased.

3

judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

5. With respect to each estate plaintiff, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative and/or 9/11 decedent estate.

6. All of the decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

7. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

8. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my

review of the records available to me regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment.

Notices of Amendment:

9. Among other things, Section II.D provides, "In instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that he or she authorized the personal representative to seek the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought has not retained other counsel or been named in any other action or, if he or she has, that counsel has communicated with the claimant's counsel and received authorization to seek the judgment via the estate's representative." ECF 3435.

10. I hereby confirm that the persons-plaintiffs listed in Exhibit C, which is attached hereto are incorporated herein, are such claimants and that: (1) the personal representatives of the estates set forth in Exhibit C have requested that a judgment be sought in such claimant-plaintiffs favor; (2) the plaintiffs set forth in Exhibit C have affirmed that he or she authorized the personal representative to seek this judgment; and (3) the plaintiffs set forth in Exhibit C have not retained other counsel or been named in any other action and/or that I, or a representative of Anderson Kill, communicated with claimant's counsel and received authorization to seek the judgment via the estate's representative.

Solatium:

11. We have been retained individually by the plaintiffs listed in Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in Exhibit A is the relative or is acting on behalf of the estate of a decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the plaintiffs listed in Exhibit A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

12. The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See, e.g.*, 03-md-1570, ECF Nos. 3175 at 2; 3300 at 1; 3358 at 9; 3363 at 16; 3399, 3666, and 4023.

Estates:

13. Exhibit B sets forth claims by Personal Representatives of the Estates of the 9/11 Decedents identified therein, and on behalf of all survivors and all legally entitled beneficiaries and family members of such Estates, for compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, specifically Two Million Dollars ($2,000,000.00), per 9/11 Decedent.[2]

---

[2] There are additional personal representatives as part of the *O'Neill* Iran cases for which we are not seeking pain and suffering compensatory damage claims at this time, as there is still necessary documentation missing from the files (e.g., letters testamentary or administration), the probate/administration files cannot be found at the presumptive courthouses, or the fiduciary has died and a proceeding has not yet commenced to appoint a successor, etc. We assume that a number of these will also be in a situation where such relief can be requested at the time of future rounds.

14. Exhibit B also sets forth claims by certain Personal Representatives of the Estates of 9/11 Decedents and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedents. These eligible estates are specifically identified on such Exhibit B and seeks for an award of economic damages in the amounts as set forth on Exhibit B.

15. For those Estates seeking economic damages, such amounts sought are based upon expert reports based upon additional expert reports, VCF files and other documentary evidence.

16. Given the length of time between 9/11 and the time I was retained, as part of the retention process I asked the personal representative to provide me with an authorization to obtain the relevant files from the Victims Compensation Fund ("VCF") pursuant to the Freedom of Information Act. After we received the authorization, I made a formal FOIA demand for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, there are substantial delays in obtaining them. At this time I have received approximately 2/3 of the *O'Neill* Iran plaintiffs VCF files.[3] In a few instances, I was able to receive the necessary documentation directly from the clients. The files include expert reports dating back to the time that the application was filed, supporting materials in support of the expert report, reviews and computations of same made by the VCF, award determinations, applications and/or other relevant documentation.

---

[3] This delay, by the DOJ in responding to FOIA requests, is the primary reason why there is a difference between the overall number of *O'Neill* personal representatives seeking pain and suffering awards and economic damage awards, at this time. I assume, that prior to the next round of applications for the U.S. V.S.S.T. that we will have received additional VCF files and will have additional expert reports.

17. Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, to review and update the computations contained within the VCF files which I arranged to have transmitted in full to him for his review, analysis and opinion.

18. The declaration of John F. Beauzile is attached hereto and incorporated herein as Exhibit D ("Beauzile Declaration"). As set forth in the Beauzile Declaration, he prepared an updated report for each those plaintiffs who are seeking an award of economic damages at this time, identified on Exhibit B.[4]

19. Those expert reports (attached to Exhibit B hereof, as sub-exhibits B-1) the Beauzile Declaration include the detailed analyses of the expert in reaching these conclusions, along with a description of the methodology, assumptions and curricula vitae.[5]

20. The economic loss figures set forth in the table attached as Exhibit B represent the present value (based on the calculations attached in underlying expert reports) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

21. Attached to Exhibit B, hereof, and incorporated herein as sub-exhibits B-1 is the updated economic reports for the following decedents:

        B-1. Estate of John P. O'Neill

22. We have verified via written documentation and/or interviews that the plaintiffs listed in Exhibit B perished in the September 11th terrorist attacks and has not

---

[4] This declaration was prepared for the use in all of the *O'Neill* Iran filings being tendered at this time.

[5] I have had members of my team electronically extract the relevant economic data from each of these VCF files (in un-redacted form) so that it (or the entire VCF file as utilized by the expert, if desired) will be available for the Court's inspection and review, immediate upon request. Such materials are also relevant to the pain and suffering claim discussed in Paragraph 13, hereof.

recovered for his or her economic or conscious pain and suffering damages previously. We have further confirmed that he does not have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

Conclusion:

23.　Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgment as set forth in the notice of motion, including Exhibits A and B.

Dated:  January 14, 2020
        New York, NY

_____
Jerry S. Goldman, Esq.