UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to*:
All Actions

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST SOLIMAN H.S. AL BUTHE FOR FAILURE TO APPEAR AND TO STAY DEADLINES

## A. Introduction

The Plaintiffs' Executive Committees, on behalf of all plaintiffs, ("Plaintiffs") request that the Court impose sanctions, as authorized by Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure and the Court's inherent powers,[1] against defendant Soliman H.S. Al Buthe for his conscious refusal to appear for his deposition, which Plaintiffs properly noticed to occur on September 17-18, 2018, in London, United Kingdom, a location that the Court identified as a Presumptively Acceptable Location.  Although the Court denied Al Buthe's request for a protective order (*see* ECF No. 4105), Al Buthe nonetheless refused to appear for his deposition. Accordingly, Plaintiffs ask that the Court impose sanctions authorized under Rule 37(d)(3) and Rule 37(b)(2)(A), including specifically a request that the Court impose the sanction authorized by Rule 37(b)(2)(A)(vi)—namely, rendering a default judgment against the disobedient party— and such other relief as the Court deems appropriate.  Plaintiffs also ask that, at least until this application is resolved, the Court stay Plaintiffs' deadlines for claims against Al Buthe.[2]

---

[1] *Chambers v. NASCO, Inc*., 501 U.S. 32, 50-51 (1991).

[2] For example, while Al Buthe is refusing to participate in discovery, has declined to be deposed, and is subject to default or other sanctions, Plaintiffs ask that they not be subjected to the expense and burden of retaining an expert to opine as to the claims versus him.

B. Argument

The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of the discovery rules by others, and to punish parties for discovery violations. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). When considering sanctions, a court should ensure that any discovery sanction comports with due process. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982). The sanctions imposed must have a direct relationship to the offensive conduct. *See Martin v. Brown*, 63 F.3d 1252, 1263-64 (3d Cir. 1995); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988).

The Court should grant this motion for sanctions because—after Soliman H.S. Al Buthe, was served with proper notice on July 9, 2018 (Exh. 1)[3], that he was to appear for his deposition on September 17-18, 2018, in London, United Kingdom, as authorized by this Court—Al Buthe refused to appear for his deposition. On July 9, 2018, Plaintiffs served on Al Buthe's counsel a letter with enclosed notice for the deposition of Al Buthe. (Exh. 1)  The letter expressed concern about Al Buthe's attempts to deflect Plaintiffs' requests for dates of availability and for his repeated suggestions that he was not obligated to appear because he intended to assert a Fifth Amendment privilege and (in his view) the deposition would be unproductive.  Nonetheless, the enclosed deposition notice obligated Al Buthe to appear for his deposition on September 17-18, 2018 in the United Kingdom.

In correspondence sent to Al Buthe's counsel on July 25, 2019 (Exh. 2), Plaintiffs underscored their intention to proceed with Al Buthe's deposition.  Plaintiffs' July 25 letter

---

[3] Exhibits cited herein are to exhibits attached to the Declaration of Robert T. Haefele, dated Jan. 15, 2019.

2

responded to July 20 correspondence from Al Buthe's counsel (Exh. 3), who was then writing as counsel for other charity official defendants whose depositions were noticed coincident with Al Buthe's.  In the July 20 letter, Al Buthe's counsel offered information about the other charity officials' depositions—e.g., dates of availability and arguments that the witnesses were unavailable outside Saudi Arabia.  However, as Plaintiffs observed in the July 25 letter, although Al Buthe's deposition was noticed at the same time as the other charity official defendants' depositions, the July 20 letter was silent about Al Buthe's deposition.

On July 30, 2018, Al Buthe asked this Court for a protective order (ECF No. 4074), relieving Al Buthe of his obligation to appear in London, pursuant to the deposition notice, but obligating him to appear to be deposed by videoconference.  Plaintiffs opposed that application (ECF Nos. 4088-89), and the Court denied Al Buthe's request for a protective order on August 16, 2018.  ECF No. 4105.  Accordingly, Al Buthe was obligated to appear for his deposition on September 17-18, 2018, in London, United Kingdom, as noticed by Plaintiffs and authorized by this Court.

On September 17-18, 2018, Plaintiffs' counsel was available in London, United Kingdom, for Al Buthe's deposition; however, Al Buthe did not appear.[4]  Communications from Al Buthe's counsel indicate that Al Buthe's refusal to appear was an intentional decision to assert his Fifth Amendment privilege as a proposed bar to obviate entirely his obligation to appear.  Nonetheless, as Al Buthe himself acknowledges,[5] a witness's assertion of his Fifth Amendment privilege does not obviate his obligation to appear.  *In re Forbes Magazine*, 494 F.

---

[4] Depositions of other witnesses were conducted that week, including depositions of charity official defendants Abdullah al-Obaid and Abdullah al-Turki.  Mr. Al Buthe's counsel was present at those depositions.  *See* Declaration of Robert T. Haefele, dated Jan. 15, 2019, ¶ 5 and Exh. 4; *see also* ECF No. 4495 at 5.

[5] *See, e.g.*, ECF No. 4074 (in his application for a protective order, Al Buthe concedes at least that Plaintiffs may depose him "about subjects for which he would not have to assert the Fifth Amendment privilege).

Supp. 780, 781 (S.D.N.Y. 1980) (a deposition notice ordinarily requires the party served to appear, raise objections where appropriate, and respond to matters not objected to).

Here, the Court should impose (or recommend imposing) the following sanctions: strike Al Buthe's answer and defenses and enter default judgment (Rule 37(b)((2)(A)(vi)), preclude Al Buthe from opposing the Plaintiffs' claims or supporting his own defenses (Rule 37(b)((2)(A)(ii)), and impose on Al Buthe reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition (Rule 37(b)((2)(C) and Rule 37(d)(3). The sanctions sought are not excessive, will encourage compliance with the rules (by this defendant and other defendants), and will deter future violations.

Each of the sanctions, including the sanction of dismissal, for Al Buthe's refusal to appear at his deposition is appropriate in this case for the following reasons:

(A)   Bad faith is not a prerequisite for imposition of sanctions under Rule 37(d), *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149,(S.D.N.Y. 2014). Nonetheless, Al Buthe's refusal to appear for his deposition is little more than an extension of his continued bad faith and willful conduct to evade his discovery obligations and decline to participate in discovery. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997). Moreover, the positions Al Buthe has asserted (that he was aware of the notice, but refused to appear because he expected that the deposition would be unproductive and that he would invoke the Fifth Amendment privilege regarding certain answers) underscore that his refusal to appear was expressly willful and intentional.

(B)   Al Buthe's refusal to participate in discovery—and in particular his decision to refuse to appear for his deposition—threatens to interfere with the "rightful decision" of the case

so that the Court cannot be confident that the parties will ever have access to the true and complete facts, specifically in regard to the claims versus Al Buthe. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate" *Id*., *citing Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998).

  (C) Sanctions against Al Buthe, whose actions have created unjustified delays, serve the public interest in the expeditious resolution of litigation. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

  (D) Al Buthe's refusal to participate in discovery—and in particular his decision to refuse to appear for his deposition—has interfered with the Court's ability to manage its docket. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

  (E) Al Buthe is personally responsible for his own refusal to participate in discovery—and in particular his decision to refuse to appear for his deposition. *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 692-93 (3d Cir. 1988).

  (F) Plaintiffs have been substantially prejudiced by Al Buthe's refusal to participate in discovery—and in particular his decision to refuse to appear for his deposition. *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Al Buthe's refusal to appear has deprived Plaintiffs of testimony regarding not only Al Buthe's activities, but also regarding the conduct related to other defendants. For example, given the alleged defunct nature of defendant Al Haramain and the identical unwillingness to testify of co-defendant Pirouz Sedaghaty, there is likely no other source for similar testimony.

  (G) On multiple occasions, Plaintiffs and the Court have warned Al Buthe that

Plaintiffs might seek default and the defendants might be defaulted as a sanction for improper discovery abuse. *Bass v. Jostens, Inc.*, 71 F.3d 237, 242 (6th Cir. 1995). The docket in this case is replete with instances of Plaintiffs seeking sanctions and the Court admonishing defendants of their obligations to comply with their discovery obligations.

(H) Entry of Default versus Al Buthe is the only effective sanction available. *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Given Al Buthe's repeated unwillingness to comply with his discovery obligations, including most importantly his refusal to appear for his deposition, there is no confidence that Al Buthe will ever willingly appear, or that, even if Al Buthe were to appear, he would be constrained to comply with his other obligations under U.S. law and rules in civil litigation. Under the long history of this litigation, the only effective sanction, for Al Buthe and to encourage other defendants to comply, is to enter default.

## C. Conclusion

For the reasons stated herein, Plaintiffs ask the Court to sanction defendant Soliman H.S. Al Buthe for his conscious refusal to appear for his properly noticed deposition, by imposing sanctions as permitted pursuant to Rule 37(d)(3) and Rule 37(b)(2)(A). Specifically, Plaintiffs ask that the Court strike Al Buthe's answer and defenses and enter default judgment (Rule 37(b)((2)(A)(vi)), preclude Al Buthe from opposing the Plaintiffs' claims or support of his own defenses (Rule 37(b)((2)(A)(ii)), and impose on Al Buthe reasonable expenses, including attorney's fees, caused by his failure to appear at his deposition (Rule 37(b)((2)(C) and Rule 37(d)(3). Finally, as indicted in note 2, *supra*, Plaintiffs also ask that, at least until this application is resolved, the Court stay Plaintiffs' deadlines for claims against Al Buthe.

Dated: January 15, 2020

Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | MOTLEY RICE LLC |
| By: /s/ *Sean P. Carter*<br>SEAN P. CARTER<br>COZEN O'CONNOR<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br>Tel.: (215) 665-2105<br>Email: scarter@cozen.com | By: /s/ *Robert T. Haefele*<br>ROBERT T. HAEFELE<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel.: (843) 216-9184<br>Email: rhaefele@motleyrice.com |
| *For the Plaintiffs' Exec. Committees* | *For the Plaintiffs' Exec. Committees* |

KREINDLER & KREINDLER LLP

By: /s/ *Andrew J. Maloney*
ANDREW J. MALONEY
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF