# EXHIBIT 2

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

July 25, 2018

Alan R. Kabat, Esq.
Bernabei & Kabat, PLLC
1400 16th Street, N.W.
Suite 500
Washington, D.C. 20036-2223

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Alan:

      We are in receipt of your letter of July 20, 2018, regarding the depositions of defendants Abdullah al Turki, Abdullah al Obaid, Abdullah Naseef, and Adnan Basha.

      As you know, the Plaintiffs' Executive Committees have served Notices fully consistent with the terms of the Deposition Protocol (ECF No. 3894) scheduling the depositions of those defendants in London for dates during the period between September 10 and September 18, 2018. We understand your letter to indicate that, although available for deposition, defendants Turki, Basha, and Obaid do not wish to appear for their scheduled depositions in London pursuant to the Notices of Deposition. Further, while you have asserted that defendant Naseef is unavailable for medical reasons, you have failed to provide an affidavit from a qualified treating physician in support of those claims, as required by the Court's Order (ECF No. 4043).

      Pursuant to the Deposition Protocol, Deposition Point Persons are required to "cooperate and coordinate the scheduling of depositions in an effort to accommodate all counsel and Parties and to schedule the depositions in the most efficient manner feasible regarding date, time and location." Deposition Protocol at ¶ 26. The Deposition Protocol further provides that, "in the event that the Deposition Point Persons are unable to reach agreements – either advance agreement on dates, times and location, or agreement as to blocks of depositions to be scheduled – the noticing Party may notice the deposition in accordance with this Order; should any other

Alan R. Kabat, Esq.
July 25, 2018
Page 2
_____

Party or the witness maintain a need for the relief thereon, such request for relief shall be submitted promptly for judicial resolution."  Deposition Protocol at ¶ 27.

      As explained at length in our prior communications relating to these depositions, we have been attempting to coordinate the scheduling of these depositions with you for more than five months.  Your responses to our inquiries concerning the proposed scheduling of these depositions have been consistently evasive, and have offered shifting and often contradictory information concerning the witnesses' availability to travel to London for the depositions and reasons for resisting appearing in London.  Through our good faith efforts over the last five months, the PECs have more than exhausted every reasonable effort to schedule these depositions for mutually convenient dates, times, and locations.  Because those good faith efforts were consistently rebuffed or evaded by you and the witnesses, we have proceeded as provided in the Deposition Protocol and noticed the depositions several weeks in advance in London, one of the Presumptively Acceptable Locations.[1]

      We are in the process of scheduling flights and room reservations to travel to London for the depositions of these defendants and plan to proceed with those depositions pursuant to the notices.  To the extent those witnesses seek relief from those dates, they must seek that relief from the Court and do so promptly.

      Finally, we note that your July 20, 2018 letter contains no reference to the deposition of your client Soliman al Buthe, whose deposition has been noticed for September 17 and 18, 2018 in London.  We also intend to proceed with defendant al Buthe's deposition as per the Notice.

_____

[1] As an aside, the PECs remain frustrated by your often-repeated mischaracterization of the Deposition Protocol as having authorized your unilateral insistence that the witness must be permitted to appear via videoconference from Riyadh or Jeddah, Saudi Arabia.  For example, in your July 20 letter, you indicate that the "depositions would have to take place by videoconference, as expressly contemplated by Sections 31 and 32 of the Deposition Protocol Order."  But the terms of those sections provide exactly the opposite of what you suggest.  Indeed, Section 31 opens with the statement that, "For those witnesses who reside outside of the United States, a deposition *shall take place* in New York, New York; London, United Kingdom; Madrid, Spain; and Rome, Italy (collectively, 'Presumptively Acceptable Locations')."  Deposition Protocol at ¶ 31 (emphasis added).  Although the remainder of that section and Section 32 both authorize the parties to agree to a witness appearing at an alternative location and having a deposition conducted via videoconference, both sections are unambiguous that any change from the presumption must be *by agreement*.  Deposition Protocol at ¶¶ 31-32 ("*upon agreement of the Parties*, a deposition may take place in some location other than those four Presumptively Acceptable Locations" and "*If the Parties and deponent agree*, the deposition maybe taken by videoconference") (emphasis added).  In short, your unilateral insistence that the depositions must take place somewhere other than at a Presumptively Acceptable Location does violence to the text and the purpose of the Deposition Protocol, especially in light of the fact that it insists that nearly every deposition of these defendants must be conducted at a location that ignores the Court's admonition that "[l]ocations covered by a 'Travel Warning' by the U.S. State Department may be inappropriate locations for conducting depositions."

Alan R. Kabat, Esq.
July 25, 2018
Page 3
_____

Regards,

COZEN O'CONNOR

By:     Sean P. Carter, on behalf of the PECs

SPC/bdw

cc:     Steven T. Cottreau (via Email)
        Members of the Plaintiffs' Executive Committees (via Email)

LEGAL\37336731\1