UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case 3226 |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case *Betru et al. v. Islamic Republic of Iran,* 18-cv-8297 (GBD)(SN))

### The *Ashton XX* Wrongful Death Plaintiff's Motion for Final Judgment on Economic Loss Against the Islamic Republic of Iran

For the reasons set forth below, and the statements contained in the Declaration of Andrew J. Maloney ("Maloney Declaration") and exhibits thereto, the *Ashton XX* Plaintiff (that is, the estate of Edward Brennan III), by and through his estate's counsel, Kreindler & Kreindler LLP, respectfully moves this Court for an Order:

1) Awarding the Brennan Estate economic loss damages as supported by the analysis and documents attached as exhibits to the Maloney Declaration;

2) Awarding the Brennan Estate pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3) Granting the Brennan Estate permission to seek punitive damages, update economic damages, and other appropriate damages at a later date;

4) Finding that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants.

This motion is made on behalf of the *Ashton* Plaintiff, the Estate of Edward Brennan III, in light of this Court's previous order granting permission to allow remaining Plaintiffs in the

1

case to move for this relief. *See* 03-md-1570 (S.D.N.Y.) (GBD) (SN), ECF No. 3300, Filed 06/16/2016.[1]

As the award set forth in the proposed order represents the only direct recovery against Iran on behalf of the Brennan Estate listed in Exhibit A, the proposed order will constitute a final award for economic loss and judgment against the Islamic Republic of Iran ("Iran") for the Plaintiff listed in Exhibit A to the Maloney Declaration.

I.      **Procedural Background**

On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the sponsors of the September 11, 2001 terrorist attacks, which was amended to include allegations against Iran. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 1, ECF 11-2 and 11-5.  Plaintiff, a United States national, asserted federal jurisdiction pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"). *Id.* at 28, 39 – 40, 43, 48.  Iran was listed as a named defendant in the *Ashton* Plaintiffs' Consolidated Amended Complaint, filed on March 6, 2003, with the same jurisdictional assertions. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 11-2 at 17, ECF No. 11-5 at 45 - 49.  This Consolidated Amended Complaint (the "CAC") was served in compliance with FSIA requirements through diplomatic channels, but Iran has never answered. *See* 02-cv-6977 (S.D.N.Y.), ECF No. 424 at 2; *see also* 02-cv-6977 (S.D.N.Y.) ECF No. 358.  The *Ashton* Plaintiffs moved for a Certificate of Default, which the Clerk of the Court issued. *See* 02-cv-6977 (S.D.N.Y.), ECF No. 651.

---

[1] References to the 03-md-1570 docket entries will be noted only by the ECF document number. Any reference to a prior Order or filing on a different docket will include that docket number as well as the ECF document number.

At the time that the CAC was first filed against Iran, the FSIA functioned as a pass-through statute, denying immunity for claims arising from certain acts of terrorism or material support for terrorism if the United States had designated the foreign sovereign a state sponsor of terrorism, thus allowing a Plaintiff to pursue a claim in the federal courts in suits against a nation-state that had been officially designated a state-sponsor of terrorism, such as Iran. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 221(a), 110 Stat. 1214, 1241.  The substantive causes of action detailed in the CAC were for common-law wrongful death based on intentional murder, survival damages and injuries and assault and battery; violation of the Anti-Terrorism Act (18 U.S.C. § 2333); violation of the TVPA; and violation of the FSIA. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 11-5 at 245 – 50.

As indicated in the supporting Declaration of Andrew J. Maloney, Esq., Mr. Brennan was born in Elizabeth, NJ and was a U.S. citizen at the time of his death on September 11, 2001 and qualifies as a U.S. National.

Based on evidence and arguments submitted by various Plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, the *Ashton* Plaintiffs moved for a judgment of liability against Iran for claims arising out of the deaths of the Plaintiffs' decedents. ECF No. 3008.  In their motion for a liability default judgment, the *Ashton* Plaintiffs relied on the Certificate of Default entered in the *Ashton* case, which was premised on the CAC that Iran had never answered. ECF No. 2970 at 2.  They then moved for a default judgment of liability against Iran only as to those causes of action established under the FSIA.

ECF No. 2970 at 2, 10 – 18.  This Court granted that motion for a default judgment of liability.  ECF No. 3014.[2]

      Thereafter, the *Ashton* Plaintiffs moved for partial summary judgment for the conscious pain and suffering that victims murdered on September 11, 2001 suffered before death, which this Court granted, and certain *Ashton* Plaintiffs moved for default judgments on economic damages suffered as a result of their decedents' wrongful deaths as well.  This Court granted those motions. *See* ECF No. 3229 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and No. 3356 (awarding damages for economic loss).  In addition, certain *Ashton* Plaintiffs moved for solatium damages suffered by immediate family members and those non-immediate family members who were the "functional equivalent" of immediate family members eligible to recover under the terrorism exception to the FSIA. *See* ECF Nos. 3295 (Motion for Final Judgment for *Ashton I* claimants including claims for solatium damages); 3356 (Motion for Final Judgment for *Ashton II* claimants including claims for solatium damages); 3686 (Motion for Final Judgment for *Ashton III* claimants solely for solatium damages); 3977 (Motion for Final Judgment for *Ashton IV* claimants solely for solatium damages); 4058 (Motion for Final Judgment for *Ashton V* claimants, the "functional equivalent" of immediate family members, solely for solatium damages); 4100 (Motion for Final Judgment for *Ashton VI* claimants solely for solatium

---

[2] The *Ashton* Plaintiffs at the same time also moved for permission to file an Amended Consolidated Complaint against Iran, asserting the same jurisdictional allegations as in the prior complaints, adding a claim based on the new provision of the FSIA enacted subsequent to the filing of the original suits against Iran and adopting and incorporating by reference the prior *Ashton* allegations against Iran. ECF Nos. 2968, 2968-1 at 1 - 2 (adding allegations under 28 U.S.C. § 1605A).  The Court issued an Opinion and Order that allowed the *Ashton* Plaintiffs to amend their pleadings as to Iran without requiring service of the amended pleadings. ECF No. 3227.  Plaintiffs thereafter filed the Amended Consolidated Complaint on the docket. ECF. No. 3237.

damages); 4120 (Motion for Final Judgment for *Ashton VII* claimants solely for solatium damages); 4149 (Motion for Final Judgment for *Ashton VIII* claimants solely for solatium damages); 4158 (Motion for Final Judgment for *Betru (Ashton IX)* claimants solely for solatium damages); 4478 (Motion for Final Judgment for *Ashton X* claimants solely for solatium damages); 4601 (Motion for Final Judgment for *Ashton XI* claimants solely for solatium damages); 4716 (Motion for Final Judgment for *Ashton XIII* claimants solely for solatium damages); 4890 (Motion for Final Judgment for *Ashton XIII* claimants solely for solatium damages); 5094 (Motion for Final Judgment for *Ashton XIII* claimants solely for solatium damages)[3]; 5134 (Motion for Final Judgment for *Ashton XV* clamants solely for solatium damages); and 5428 (Motion for Final Judgment for *Ashton XVI* claimants solely for solatium damages); 5535 (Motion for Final Judgment for *Ashton XVII/Betru VI* claimants for estates' economic damages); 5542 (Motion for Final Judgment for *Ashton XVIII* claimants solely for solatium damages); 5603 (Motion for Final Judgment for *Ashton XIX* claimants solely for solatium damages).

This Court has granted the *Ashton* motions I through XV thus far, finding that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. *See* ECF Nos. 3300; 3387; 3706; 3979; 4106; 4127; 4152; 4173 (granting in part and denying in part motion for "functional equivalent" of immediate family members); 4170; 4497; 4880; 5101; 5137; and 5387 (granting in part and denying in part motion for "functional equivalent" of immediate family members).[4]

---

[3] Three different subgroups of *Ashton* Plaintiffs were inadvertently captioned "*Ashton XIII*" – the 07/31/2019 *Ashton XIII* (ECF No. 4716 et seq.), the 08/19/2019 *Ashton XIII* (ECF No. 4890 et seq.) and the 09/06/2019 *Ashton XIII* (ECF No. 5094 et seq.)

For the reasons below as well as those set forth in the prior motions for summary judgment on liability and prior motions for judgment for conscious pain and suffering and economic loss made on behalf of other *Ashton* wrongful death Plaintiffs, the *Ashton XX* Plaintiff Estate of Edward Brennan, listed in Exhibit A, to the Maloney Declaration now moves this Court to grant the proposed Order awarding him economic loss damages, incurred as a result of his murder on September 11, 2001 in the amount listed in Exhibit A, directing that pre-judgment interest be assessed at 4.96 percent per annum and finding that service of process was properly effected on Iran pursuant to the FSIA (28 U.S.C. § 1608(a)).

**II.     Damages**

Under 28 U.S.C. § 1605A ("Section 1605A"), which, among other claims, applies to the suit against Iran, available damages include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(a)(1) and (c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all Plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

The *Ashton XX* Plaintiff, Estate of Edward Brennan III, set forth in Exhibit A to the Maloney Dec., is the representative of the estate of Edward Brennan III who was murdered on September 11, 2001 ("9/11 Decedent") and claims on behalf of the 9/11 Decedent is asserted by the estate representative. As liability has been established in this matter, moving Plaintiff is now entitled to damages in the amounts set forth on Exhibit A which reflects (1) the damage amounts previously awarded by this Court for the conscious pain and suffering suffered by the 9/11 Decedents and (2) the current request for economic loss damages now sought supported by the

Maloney Declaration submitted herewith.  Plaintiff identified in Exhibit A is therefore entitled to compensation for his economic loss and is also entitled to prejudgment interest.

### A. Conscious Pain and Suffering Award Was Previously Granted to Brennan Estate

This Court has previously assessed claims for the extraordinary conscious pain and suffering experienced by those who lost their lives on September 11, 2001.  ECF Nos. 2618 at 7 – 9, including the Estate of Edward Brennan III, in the amount of $2,000,000 for the decedent's conscious pain and suffering. ECF Nos. 2618, 2624 at 1, 3 – 4.

### B. Economic Damages

Economic damages are specifically contemplated in a suit against an officially designated state-sponsor of terrorism such as Iran. *See* 28 U.S.C. § 1605A(c).  The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are] … entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore,* 700 F. Supp. 2d at 81-82, citing *Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229 (D.D.C. 2006.)  Thus, for example, United States District Court Royce C. Lambreth of the District of Columbia, in a series of decisions issuing final judgments against the Iran, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore,* 700 F.Supp.2d at 78.[5]

---

[5] In adopting this estate-accumulations calculation, Judge Lambreth recognized that case law under the FSIA was "develop[ing] … a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth,* 78 F.Supp.3d at 82.

Previously, this Court awarded economic damages in prior claims against Iran for the "economic losses stemming from the wrongful death of the decedent[.]" ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the Plaintiffs' economic expert reports. For the 9/11 Decedent Estate of Edward Brennan III, for whom economic damages are sought, the previous firm did not obtain an economic expert and instead relied on the economic loss tables devised by September 11 Victim Compensation Fund ("VCF") in 2002-03 and utilized the decedent's employment income records. The economic loss amount herein was accordingly calculated based on figures of the economic damages calculation previously submitted to the VCF in 2004 and is not updated.

As described in more detail in the Maloney Declaration, relying on materials provided by Plaintiff's family, income reports from his employer Cantor Fitzgerald, and a summary letter from Plaintiff's 2003 attorneys at Paul Weiss addressing economic loss, and applying the methodologies and assumptions used in the VCF and described in the Maloney Declaration, the economic damages in the amount set forth in Exhibit A is accurate and reasonable. Maloney Dec. at ¶ 9. Accordingly, *Ashton* Plaintiffs now respectfully request that this Court order an economic loss award to this 9/11 decedent whose estate is set forth in Exhibit A in the amount set forth therein.

### C. Punitive Damages

Plaintiff is also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4). Previously in this case, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF No. 2618 at 13 (quoting *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2. The Court has applied that

ratio to awards for Plaintiffs in other related cases. *See, e.g.*, ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, a different magistrate judge recommended that the Plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28. Judge Daniels adopted that recommendation, denying without prejudice the Plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, the *Ashton* Plaintiffs request permission to address the issue of punitive damages at a later date. *See, e.g.*, ECF No. 3666 (Judge Daniels' order authorizing Plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

**D. Prejudgment Interest**

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton* wrongful death Plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate. *See* ECF No. 3175 at 1 – 2. Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF No. 3384 at 6. *See* 03-md-1570 (11-cv-7550).

Accordingly, the *Ashton XX* Plaintiff Brennan Estate asks that this Court direct that prejudgment interest of 4.96 percent per annum on their awards running from September 11, 2001 until the date of judgment, as was done previously in the *Ashton I-XV* cases, as well as for other Plaintiffs in this consolidated litigation.

### III.   Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton* Plaintiffs and other Plaintiffs, the *Ashton XX* Plaintiff, Estate of Edward Brennan III, respectfully requests that this Court grant the proposed order and

1)   Award the Estate of Edward Brennan III economic loss damages listed in Exhibit A as supported by the Maloney Declaration and exhibits attached thereto;

2)   Award the Estate of Edward Brennan III pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3)   Grant the Estate of Edward Brennan III permission to seek punitive damages, update economic loss damages, and other appropriate damages at a later date;

4)   Find that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

Dated:  New York, New York  
            January 15, 2020

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY:   /s/ Andrew J. Maloney  
Andrew J. Maloney, Esq.  
750 Third Avenue, 32nd Floor  
New York, New York 10017  
Tel: (212) 687-8181  
*Counsel for Ashton Plaintiffs*