UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |
| *Gail Brennan as Personal Representative for the Estate of Edward Brennan III*<br><br>v.<br><br>*Islamic Republic of Iran* | Declaration of Andrew J. Maloney |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN) (and member case *Betru et al. v. Islamic Republic of Iran,* 18-cv-8297 (GBD)(SN))

Andrew J. Maloney, Esq., hereby declares under penalty of perjury that:

1. I am an attorney representing the *Ashton* plaintiffs ("*Ashton*") in the above-captioned litigation and I submit this declaration in support of the motion for final judgment on behalf of the Estate of Edward Brennan III, who was murdered on September 11, 2001 (the "Brennan Estate"), and for permission to allow any remaining *Ashton* plaintiffs to move for the same relief in separate stages. This motion seeks an award to the Brennan Estate, through the personal representative, and on behalf of all survivors and legally entitled beneficiaries and family members for an award of economic damages which, when combined with the previously-awarded compensatory damages to the Brennan Estate for conscious pain and suffering, will constitute a final judgment in the amount set forth on Exhibit A hereto.:

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

    c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

    d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

<u>Due Diligence</u>:

    3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 18 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly from family members of the Edward Brennan III, communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

    4. Edward Brennan III died on September 11, 2001 in the September 11th terrorist attacks. My law firm has been retained by the representatives of the Brennan Estate to represent the Brennan Estate in this litigation. Before filing this motion, I have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on review by

myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, no economic damages to the Brennan Estate have previously been awarded.

5. My law firm has confirmed that Edward Brennan was a United States national as of September 11, 2001 based on the material that the Brennan Estate submitted to the September 11 Victims Compensation Fund ("VCF") stating that he was born in Elizabeth, New Jersey, raised in Sea Girt, New Jersey and living in New York, New York at the time of his death.

<u>Damages Sought</u>

6. Exhibit A sets forth the amount sought by the personal representatives of the Brennan Estate for an award of economic damages in the amounts set forth on Exhibit A, and also lists the amount previously awarded to the Brennan Estate for the conscious pain and suffering that Edward Brennan III experienced during the September 11, 2001 terrorist attacks, prior to his death.

7. The Brennan Estate was represented in the original VCF by the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"). That firm did not retain a forensic economist to project the economic loss as a result of Mr. Brennan's death. *See* Exhibit B hereto. Instead, Paul Weiss submitted a claim for economic loss to the VCF based on the income information supplied by Mr. Brennan's employer, Cantor Fitzgerald, which I have seen. Paul Weiss utilized the income loss tables devised by the VCF in 2002 and considered the offsets and non-economic losses that the VCF regulations required.

8. Neither the personal representative of the Brennan Estate, the family members of Edward Brennan III, nor Paul, Weiss, can locate the VCF award letter, which would include the

amount of economic damages awarded to the Brennan Estate. My law firm has sent an authorization to the VCF administrator to obtain the full VCF file, but have not yet received it.

9. Based on the attached letter from Paul Weiss however, and the income information supplied by Cantor Fitzgerald and the use of the VCF income loss tables, the presumptive economic loss to which the Brennan Estate would have been entitled was $1,342,273 (without offsets of $150,000, and before any addition of non-economic loss of $250,000). That economic loss amount was premised on Edward Brennan III being a single person with no dependents at the time of his death. Paul Weiss however, argued for an upward departure using a different personal consumption rate based on Edward Brennan III's engagement to Meghan Daley and their imminent marriage, which was to occur in 2002. At that point, Edward Brennan III would no longer be living alone and therefore the proper consumption rate from VCF presumptions would be 12.5% instead of 48%. This decrease in the consumption rate would increase the economic loss to $2,258,983.

10. Accordingly, the proper economic loss for the Brennan Estate as of 2004 should have been $2,258,983. We respectfully submit the Court award a default for economic loss in the amount of **$2,258,983** and have listed that amount in Exhibit A.

Dated: January 15, 2020
New York, NY

/s/ Andrew J. Maloney
Andrew J. Maloney (AM8684)
PEC Co-Liaison Counsel
Death and Injury Cases