UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment & Development Corp. et al.*, 04-cv-1923 (GBD) (SN)

### [PROPOSED] ORDER GRANTING CLASS CERTIFICATION AND RELATED RELIEF

Upon consideration of Plaintiffs' Motion for Class Certification and Related Relief, dated January 15, 2020, the Memorandum of Law and Affidavits filed in support, and the entire record herein, the Court finds that:

1. The class satisfies the numerosity requirement in that joinder of all Class Members, at least 5,130 people, is impracticable;

2. There are questions of law and fact that are common to the O'Neill Plaintiffs and to the Class Members. Specifically, questions related to the alleged material support provided by defendants named in the above-referenced matter (the "al Baraka Defendants") in the form of planning, funding, and executing the September 11, 2001 attacks;

3. Common questions predominate over any questions affecting only individual members in that almost all issues litigated in this case over the past sixteen (16) years are applicable to all Class Members, and almost all issues to be litigated in the future likely will apply to all Class Members;

4. The claims of the Estate of John P. O'Neill, Sr., Christine I. O'Neill, John P. O'Neill, Jr., Carol A. O'Neill, the Estate of John F. O'Neill, and the Estate of

-1-

    Dorothy A. O'Neill arising from the al Baraka Defendants' alleged provision of material support to al Qaeda, relied upon to plan, fund, and execute the September 11, 2001 attacks, are typical of the claims of the Class Members;

5. Christine I. O'Neill, John P. O'Neill, Jr., and Carol A. O'Neill (collectively, the "O'Neill Class Representatives"), will fairly and adequately protect the interests of the class;

6. The O'Neill Class Representatives have not only indicated a willingness and an ability to represent the Class Members, they have engaged Jerry S. Goldman, Esq. of the firm Anderson Kill P.C. to represent them in this matter. Counsel chosen is competent to represent the class fairly and adequately in this litigation; and,

7. A class action is superior to other methods for the fair and efficient adjudication of this controversy. By combining the Class Members with the many plaintiffs in the Multidistrict Litigation, *In re Terrorist Attacks on September 11, 2001* (S.D.N.Y.), No. 03-cv-1570 ("MDL"), this Court can adjudicate the Class's claims and the MDL Plaintiffs' claims with the aid of the exact same discovery, motion practice, and trial proceedings.

IT IS HEREBY **ORDERED** that Plaintiffs' Motion for Class Certification and Related Relief is **GRANTED**; it is further

    **ORDERED** that:

1. This matter is certified as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

2. The Class is defined as

    (1) all spouses, children, parents, or siblings of any individual who died on or within seventy-two (72) hours of September 11, 2001, at

the World Trade Center in New York, NY, the Pentagon Building in Arlington County, Virginia, or in the airliner crash in Shanksville, Pennsylvania, as the result of terrorist attacks on September 11, 2001; and (2) all legal representatives (including executors, estate administrators and trustees) entitled to bring legal action on behalf of any individual who died on or within seventy-two (72) hours of September 11, 2001, at the World Trade Center in New York, NY, the Pentagon Building in Arlington County, Virginia, or in the airliner crash in Shanksville, Pennsylvania, as the result of terrorist attacks on September 11, 2001; but excluding (a) all individuals, and all spouses, children, parents, siblings, and legal representative of individuals identified by the Attorney General of the United States or otherwise shown to have perpetrated, aided and abetted, conspired in regard to, or otherwise supported the terrorist attacks of September 11, 2001; and further excluding (b) any person or estate identified in (1) or (2) who as of January 15, 2020 has a case pending in the Multidistrict Litigation entitled *In re Terrorist Attacks on September 11, 2001* (S.D.N.Y.), Index No. 03-md-1570, against defendants named in *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment & Development Corp. et al.* (S.D.N.Y.)*,* Index No. 04-cv-1923 (GBD)(SN), but including the Estate of John P. O'Neill, Sr., the Estate of John F. O'Neill, the Estate of Dorothy A O'Neill, John P. O'Neill, Jr., Carol A. O'Neill, and Christine I. O'Neill;

3. Plaintiffs are granted leave to amend the First Consolidated Complaint to

    a. Amend the Class Definition set forth in paragraphs 14 and 128 of the First

       Consolidated Complaint to conform with the class as defined above;

    b. Add the Estate of John F. O'Neill, the late father of John P. O'Neill, Sr.,

       as a party and Class Representative;

    c. Substitute in Christine I. O'Neill as personal representative to the Estate of

       Dorothy A. O'Neill for Dorothy A. O'Neill;

4. The Class is certified with regard to liability and damages;

5. The claims that will be decided in this action are:

    a. Liability of all al Baraka Defendants to Class Members;

    b. Damages suffered by Class Members;

6. Jerry S. Goldman, Esq. of Anderson Kill, P.C. is appointed as class counsel to represent the interests of the Plaintiff Class;

7. Christine I. O'Neill, John P. O'Neill Jr. and Carol A. O'Neill are appointed as Class Representatives in their individual capacity;

8. Christine I. O'Neill is appointed as Class Representative in her capacity as personal representative of the Estate of John F. O'Neill and the Estate of Dorothy A. O'Neill;

9. John P. O'Neill, Jr. is appointed as Class Representative in his capacity as personal representative to the Estate of John P. O'Neill, Sr.;

10. Subject to defendants being afforded discovery in the same scope and manner as previously conducted, and the opportunity to be heard, Plaintiffs are granted
    a. Leave to substitute any nominated Class Representative that is deemed inadequate with alternate Class Representatives;
    b. Leave to proffer additional or alternative Class Representatives should it be deemed necessary;

11. Any judgment in this action, whether or not favorable to the class described above, will include and affect all members of the class described above;

12. The type, content and manner of class notice will be determined on _____;

13. Plaintiffs shall make proposals for the contents and manner of giving notice of the pendency of the class action under Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and for the responsibility for paying for the notice. Those proposals must be filed with the Court, and served on all parties to the action who have

appeared in the action to date, no later than _____. Any supporting briefs or affidavits concerning the proposed form of, manner of, and responsibility for paying for notice must be filed and served at the same time. All other parties to the action may make counterproposals and submit briefs and affidavits on the propriety of, the form of, manner of, and responsibility for paying for notice. These materials must be filed with the Court and served on all parties who have appeared in the action to date, that are not in default, no later than _____.

Dated: New York, New York
      _____

      SO ORDERED:

      _____
      SARAH NETBURN
      UNITED STATES MAGISTRATE JUDGE