# SALERNO & ROTHSTEIN
### ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

WRITER'S EMAIL ADDRESS:
peter.salerno.law@gmail.com

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567
—
T: 518.771.3050
F: 866.589.9010

January 16, 2020

By ECF

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

      Re: *In re Terrorist Attacks on September 11, 2001*
          03 MDL 1570 (GBD) (SN)

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03 Civ. 9849
*Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03 Civ. 6978
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04 Civ. 5970
*Euro Brokers Inc., et al., v. Al Baraka, et al.*, No. 04 Civ. 7279
*Estate of John P. O'Neill et. al., v. Al Baraka et. al.*, No. 04 Civ. 1923

Dear Judge Netburn:

      We write on behalf of our client, defendant Yassin Kadi, in response to the PECs' letter application filed today (ECF No. 5687) to extend their deadline for making expert disclosures with respect to Mr. Kadi from the current January 17, 2020 to a date 30 days after the conclusion of the deposition of defendant Wa'el Jelaidan. We consent to a reasonable extension, but not to the open-ended, indefinite, and indeed potentially infinite one requested by Plaintiffs.

      **We also write to request that the Court clarify for the PECs that its direction in ECF No. 5266 (filed November 4, 2019) that Plaintiffs "inform Defendants of the identity**

Hon. Sarah Netburn                              -2-                              January 16, 2020

**of Plaintiffs' experts and the topics on which those experts will provide an opinion" did not state, or contemplate, that the notice of the identities was to be "general" and the topics "generalized," as Plaintiffs state in the application filed today.**

The Request for an Extension

       We note that Plaintiffs only contacted us to request consent to this application today at 1:18 p.m. when we were away from our desks, which we were until shortly after 6:00 p.m. this evening. Had we been given a reasonable time to respond, we would have done so as stated above, and more specifically we would have proposed that if the Jelaidan deposition has not occurred by May 31, 2020, Plaintiffs' expert disclosures with respect to Mr. Kadi be due by June 30, 2020.

       We wish to stress the importance of such a limitation. Mr. Jelaidan's deposition has been postponed repeatedly since last year, most recently with no firm date set for its occurrence. If a firm limitation is not imposed, Plaintiffs' expert disclosures with respect to Mr. Kadi will be due at some indefinite time in the future, and by implication all other events in the prosecution of Plaintiffs' case against Mr. Kadi will be deferred until some indefinite time. This is turn will delay indefinitely the date on which Mr. Kadi will finally be able to seek relief (for the second time) from the burden and expense of defending this action, and of Plaintiffs' frequent reminders that he was once (but has not been since November 2014) a Specially Designated Global Terrorist (ECF No. 5687 at 1 n.1).

The Scope of the Ordered Disclosures

       We also request that the Court direct Plaintifffs, when they "inform Defendants of the identity of Plaintiffs' experts and the topics on which those experts will provide an opinion," to identify which experts will opine with respect to which defendant, and which topics of each expert's opinion will relate to which defendant. We also request that the topics be specific, not "generalized."

       This application is necessitated by the mischaracterizations, in Plaintiffs' application for this extension, of prior discovery orders of this Court. The letter request, ECF No. 5687 at 1, seeks an extension of the "deadline for the plaintiffs to provide *general* notice to the merits and personal jurisdiction defendants … concerning the identities of Plaintiffs' contemplated experts and a *generalized* description of the subject matter or their anticipated reports and testimonies." (Emphases added.)

       The italicized words in Plaintiffs' application, quoted in the previous sentence, appear nowhere in the orders cited, ECF Nos. 5266 and 5413. The applicable language from ECF No 5266 (decretal paragraph 1) is that Plaintiffs are directed to "inform Defendants of the identity of Plaintiffs' experts and the topics on which those experts will provide an opinion." ECF No. 5413 is simply the Court's endorsement granting the extension requested in the PECs' letter of December 20, 2019, which had accurately (*i.e.* without the words "general" and

Hon. Sarah Netburn                    -3-                         January 16, 2020

"generalized") characterized the Court's direction in ECF No. 5266. We submit that these mischaracterizations appear to foretell a violation of the Court's direction in ECF No. 5266.

  We respectfully suggest that in directing Plaintiffs to "inform Defendants of the identity of Plaintiffs' experts and the topics on which those experts will provide an opinion," without using the words "general" and "generalized," the Court intended that Defendants be provided with meaningful, useful, specific information, prior to the submission of expert reports, that would aid Defendants in selecting and identifying their own experts and determining whether to use such experts affirmatively or only in rebuttal.

  With respect to discerning Plaintiffs' claims with a view to selecting and preparing his own expert or experts, Mr. Kadi has nothing to go on except lengthy, vague complaints and other disclosures dating back to 2005 and earlier. We have no idea what Plaintiffs think they have learned in the six years of document discovery they have received, and the 15 or more years of investigation they presumably have engaged in. We believe that in directing Plaintiffs to make disclosures as to their experts' identities and the topics of their opinions, the Court intended Defendants to receive such information at the beginning of the expert discovery process.

  We thank the Court for its attention to this request for a limitation on the extension Plaintiffs seek in their letter filed today, and for a clarification of its order in ECF No. 5266 by directing Plaintiffs to provide specific meaningful information as to which expert will opine about which defendant, and which topic from each expert will relate to which defendant.

            Respectfully,

            s/
            Peter C. Salerno


cc: All MDL Counsel of Record (via ECF)