

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 19, 2020

By ECF

Honorable Sarah Netburn
United States Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY  10007

  Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  This Office represents the Federal Bureau of Investigation ("FBI") in the above-referenced matter.  We write in response to the letter motion filed by the Plaintiffs' Executive Committees ("PECs") on January 15, 2020, in which the PECs "formally object" to the privileged log furnished by the FBI on January 14, 2020.  *See* Dkt. No. 5591.  The FBI's most recent privilege log was both procedurally and substantively proper, and to the extent the PECs' letter motion can be construed as seeking some particular relief, the motion should be denied.

  First, the FBI's January 14, 2020 privilege log was provided in a timely manner.  It is curious that the PECs would suggest that the FBI should not have submitted any updated privilege log after July 12, 2019, even though—as the PECs requested—the FBI has continued to search for and produce documents in response to the PECs' *Touhy* request to the FBI beyond that date.  The PECs understood that the FBI was still searching for and attempting to produce additional materials—indeed, the PECs shared a list of additional documents that they wanted the FBI to search for on October 11, 2019, and requested that the FBI search for additional materials in a letter dated November 26, 2019.  Subsequently, the parties had a lengthy meet-and-confer discussion on December 4, 2019, to discuss, among other things, certain additional records and categories of records that the PECs wanted the FBI to continue to try to locate.  The FBI processed and produced additional documents on October 16, 2019, November 15, 2019, December 11, 2019, and January 10, 2020.  The FBI withheld from the tenth tranche, produced on January 10, 2020, additional documents on the basis of privilege, and the FBI promptly supplemented its privilege log on January 14, 2020, to reflect that fact.  The PECs therefore have no valid basis to object to the timing of the FBI's January 14, 2020, revised privilege log.

  Second, with respect to item 21 of the January 14, 2020, privilege log, as stated directly in the privilege log itself, the FBI could not provide any description of certain records without thereby disclosing classified information.  *See* Dkt. No. 5591-1 at 5.  It is axiomatic that a party is not required to reveal information in a privilege log that is itself protected from disclosure. *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 601 (S.D.N.Y. 2015) (Netburn, J.) ("To require more information would be to put the defendant in the contradictory position of having to risk its privilege in order to preserve it."); *cf. New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 122 (2d Cir. 2014) (holding, in FOIA context, that government

can decline to provide a log detailing "the number of responsive documents and a description of their contents if those facts are protected from disclosure by a FOIA exemption"); *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1384 (D.C. Cir. 1979) (holding, also in FOIA context, that government could submit explanations for withholding classified information *in camera*— "[w]hen the itemization and justification are themselves sensitive . . . , to place them on public record could damage security in precisely the way that FOIA Exemption 1 [which protects classified information] is intended to prevent").  While the FBI wanted to make clear to the PECs that additional records have been located and are being withheld, the FBI cannot provide any further explanation of the records referenced in item 21 of the January 14, 2020, privilege log without revealing classified information, and instead will have to provide a classified explanation to the Court.

Third, the PECs make various points in their letter motion regarding the scope of the FBI's production of documents concerning the "third main subject."  This is one of the central matters at issue in the ongoing briefing of the PECs' second motion to compel directed to the FBI, for which the PECs filed their opening memorandum of law under seal earlier this week. The purpose of the current motion sequence is to address all remaining disputes between the PECs and the FBI regarding the *Touhy* request in a single omnibus set of filings, rather than in piecemeal submissions.  Accordingly, the FBI will not address this issue further in response to the January 15 letter motion; rather, the FBI will substantively respond to the PECs' arguments regarding the FBI's search for and production of documents concerning the third main subject in its opposition to the PECs' motion to compel and as part of the FBI's motion papers.

We thank the Court for its consideration of and attention to this matter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:     */s/ Andrew Krause*
SARAH S. NORMAND
JEANNETTE A. VARGAS
ANDREW E. KRAUSE
Assistant United States Attorneys
Telephone: 212-637-2709/2678/2769

cc:     All counsel of record via ECF