USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> Mandelkow, et al. v. Islamic Republic of Iran, 20-cv-00315 (GBD)(SN)
> Alcabes, et al. v. Islamic Republic of Iran, 20-cv-00340 (GBD)(SN)
> Ahearn, et al. v. Islamic Republic of Iran, 20-cv-00355 (GBD)(SN)
> Anderson, et al. v. Islamic Republic of Iran, 20-cv-00354 (GBD)(SN)
> Amin, et al. v. Islamic Republic of Iran, 20-cv-00412 (GBD)(SN)
> Basci, et al. v. Islamic Republic of Iran, 20-cv-00415 (GBD)(SN)
> Cloud, et al. v. Islamic Republic of Iran, 20-cv-00416 (GBD)(SN)
> Asciutto, et al. v. Islamic Republic of Iran, 20-cv-00411 (GBD)(SN)

Last week, Plaintiffs in the above referenced cases (the "Latent Injury Plaintiffs") filed Short Form Complaints against the Islamic Republic of Iran and motions for default judgment. The Plaintiffs' Executive Committee ("PEC") filed a letter yesterday addressing, in part, issues raised by the Latent Injury Plaintiffs' motions. ECF No. 5704.

The Latent Injury Plaintiffs are directed to submit a letter to the Court addressing the issues raised in the PEC's letter, including: (1) what statutory or other authority authorizes the Court to enter a default judgment against Iran without proof of service and an opportunity for Iran to respond to the Short Form Complaint? The letter should specifically address footnote 2 of the PEC's letter and whether and on what basis the Latent Injury Plaintiffs' claims should properly be considered "member cases" to Ashton; and (2) a response to the PEC's arguments with respect to the issues of causation and damages. Here, the Court would benefit from a more

substantive analysis than provided in their motion papers. This letter should be filed no later than January 27, 2020.

Finally, since November 21, 2019, the Court has attempted to manage the anticipated flood of motions that would be filed in connection with the VSSTF amendments and has established several deadlines to avoid last minute motion practice that raises new and complex questions of law and fact. The Latent Injury Plaintiffs' claims were unanticipated. In light of the complicated issues raised by these claims and the competing demands on the Court's time, the Court does not anticipate issuing any judgments in the Latent Injury Plaintiffs' claims before the February 19, 2020 VSSTF deadline.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 22, 2020
         New York, New York