UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
|---|---|
| This document relates to:<br>*Arias, et al. v. The Islamic Republic of Iran* | 19-cv-41 (GBD)(SN)<br>ECF Case |

**SUPPLEMENTAL MEMORANDUM OF LAW FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF *ARIAS* PLAINTIFF IDENTIFIED AT EXHIBIT A**

(*ARIAS* Supplement 1)

For the reasons set forth below and in the accompanying declaration of John M. Eubanks ("Eubanks Declaration"), the Plaintiff identified in Exhibit A to the Eubanks Declaration filed contemporaneously with this application, by and through its counsel, Motley Rice LLC, respectfully moves this Court for an Order awarding it (1) economic damages for the plaintiff identified in the expert report attached as Exhibit B to the Eubanks Declaration and contained on digital media to be delivered to the Court by overnight courier; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (3) permission for the *Arias* plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date; and (4) for all other *Arias* Plaintiffs not appearing on Exhibit A, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed. This is in addition to any relief for pain and suffering damages for this Plaintiff that have been sought from the Court and is currently awaiting decision.

The Plaintiff identified at Exhibit A has sought a judgment from this Court for pain and suffering damages in this case that remains *sub judice* before the Court. As this Court has

previously ordered, "Plaintiffs [previously awarded damages for pain and suffering] may submit an application for … economic damages … at a later date consistent with any future rulings made by this Court on this issue…." *See* ECF No. 5092.  The Plaintiff identified on Exhibit A is seeking only economic damages to be combined with its currently pending motion for pain and suffering damages.  This motion is meant to supplement the prior motion on this front.

Plaintiff sued The Islamic Republic of Iran in connection with the 9/11 Attacks.  On December 1, 2016, all plaintiffs in the action *Arias, et al. v. The Islamic Republic of Iran*, Case No. 19-cv-41 (GBD)(SN) ("*Arias*"), moved for judgment as to liability only ECF No. 5078.  On September 9, 2019, the Court granted plaintiffs' application for judgment as to liability only. ECF No. 5104. The plaintiff that is party to this application, as identified in Exhibit A, is one of the plaintiffs who has been granted judgment as to liability only, and relies on that judgment as to liability only for its request for default judgment as to economic damages. The plaintiff identified in Exhibit A now requests entry of partial final default judgment against the Islamic Republic of Iran as to its claims in the amount indicated in Exhibit A.

**I.      Procedural Background**

The Plaintiff identified on Exhibit A recently moved for judgment for pain and suffering only and is now submitting claims for economic-loss.  *See* ECF No. 5643.  Therefore, the Plaintiff listed on Exhibit A has submitted a motion to the Court for pain and suffering damages and has never sought damages for economic loss.

**II.     Supplemental Damages Sought Under § 1605A**

Section 1605A of the Foreign Sovereign Immunities Act (FSIA) creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while

2

acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. 03-md-1570, ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). Because the Plaintiff listed on Exhibit A has a motion for pain and suffering damages pending before the Court, the Plaintiff listed on Exhibit A seeks only damages for economic loss and for prejudgment interest on any economic-loss damages determination in addition to the relief currently *sub judice* before the Court.

    A.    **Economic Damages**

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F.Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are]…entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d 229. Thus, for example, Judge Royce C. Lamberth of the U.S. District Court for the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates."

*Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[1]

Previously, this Court awarded economic damages in each *Havlish* case for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports. The *Arias* plaintiffs have retained the services of the same expert economist, Dr. Stan V. Smith, to submit his extensive economic analyses that detail the significant economic losses suffered by the decedent estates in this case. Exhibit B to the Eubanks Declaration is being submitted to this Court under seal due to the sensitive financial data contained therein. While Dr. Smith has opined utilizing his standard methodology on the economic losses sustained by each of the individual decedents and their estates, he has provided a single fulsome report—for the Estate of Mark Bavis (which is not party to this motion, but the report is provided for illustrative purposes)—to outline, introduce, and delve into the expert methodology that he has employed in each of the subsequent summary reports which provide a breakdown of the summary of both past and future losses for the following categories: (1) loss of wages and benefits; (2) loss of pension benefits (if they exist); (3) loss of housekeeping and home management services; and (4) loss of value of life, also known as the loss of enjoyment of life. As Dr. Smith states in his report for the Bavis estate, "All opinions … are rendered in accordance with generally accepted standards within the field of economics and are expressed to a reasonable degree of economic certainty." *See* Bavis Report at 11. All subsequent reports for the remaining decedent estates is rendered in summary

---

[1] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth*, 78 F.Supp.3d at 82.

4

form while also stating the basis for certain assumptions, consumption rates, and other material economic data utilized to render these opinions.

The *Arias* plaintiff respectfully asks that this Court award economic damages as supported by the expert report submitted by Dr. Smith.

### B.   Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment (ECF 2619 at 13-14). This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See* ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). *World Trade Farmers Market,*

*Inc. v. American Airlines, Inc*. (*In Re: September 11th Litigation*), 2015 U.S. App. LEXIS 16619, *66 (2d Cir. Sept. 17, 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest. *Id*. Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' 9/11 claims. *Id*.

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. ECF No. 3384 at 6.

In light of the Court's decision in the *Hoglan* matter, applying the 4.96 percent rate to prejudgment interest, the *Arias* Plaintiff identified in Exhibit A respectfully requests that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

**III.     Conclusion**

For all of the reasons herein, as well as those set forth in the submissions of the other plaintiffs in this case and plaintiffs in the other 9/11 related cases in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the *Arias* plaintiff identified in Exhibit A respectfully requests that this Court award it (1) economic damages for the plaintiff identified in the expert report attached as Exhibit B to the Eubanks Declaration and contained on digital media to be delivered to the Court by overnight courier; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the

judgment; (3) permission for the *Arias* plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date; and (4) for all other *Arias* Plaintiffs not appearing on Exhibit A, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed. This is in addition to any relief for pain and suffering damages for this Plaintiff that have been sought from the Court and is currently awaiting decision.

Dated: January 24, 2020                     Respectfully submitted,

                                       **/s/**  John M. Eubanks
                                       John M. Eubanks, Esq.
                                       Robert T. Haefele, Esq.
                                       MOTLEY RICE LLC
                                       28 Bridgeside Blvd.
                                       Mount Pleasant, SC 29464
                                       Tel: 843-216-9000
                                       Fax: 843-216-9450
                                       Email: jeubanks@motleyrice.com
                                       Email: rhaefele@motleyrice.com

                                       Attorneys for the *Arias* Plaintiffs