**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                                    :
                                                    :
                                                    :
                                                    :    03 MDL 1570 (GBD) (SN)
--------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **JAN 2 7 2020**

**This Document Relates to**
***Havlish, et al. v. bin Laden, et al.,***
**1:03-cv-09848 (GBD)(SN)**

***Hoglan, et al. v. Islamic Republic***
***of Iran, et al.,*** **11 Civ. 7550 (GBD)(SN)**

## ORDER

The *Havlish* Plaintiffs' motion requesting permission to use previously-sealed witness

testimony and some related exhibits, for limited purposes, is GRANTED.

The *Havlish* Plaintiffs and their counsel may use certain witness testimony and

documentary evidence, listed below, that is presently under seal in this Court, that was

considered by this Court, together with all the evidence submitted in *Havlish*, pursuant to 28

U.S.C. §1608(e). Accordingly, such evidence formed part of the body of evidence that led this

Court, under 28 U.S.C. §1608(e), to issue the Findings of Fact and Conclusions of Law dated

December 22, 2011, followed by the final Order and Judgment in *Havlish* on October 12, 2012,

(entered onto the docket October 16, 2012, *Havlish* Docket No. 317) and, thereafter, to issue its

Order Permitting Attachment and Execution Pursuant to The Foreign Sovereign Immunities Act

("FSIA"), 28 U.S.C. §1610(c) (dated September 12, 2013; MDL Docket No. 2778).

The evidence listed below may be used by *Havlish* counsel and their international

counsel for the limited purposes of making submissions in proceedings in Italy and Luxembourg,

including Plaintiffs' efforts to domesticate, enforce, and collect on the judgments in *exequatur*

petitions, related judgment enforcement proceedings, including efforts to maintain freezes on the

assets of *Havlish* judgment debtors in those proceedings, in order to address issues that *Havlish*

counsel represents have arisen and warrant immediate addressing in such litigation in Italy and

Luxembourg.

Specifically, *Havlish* counsel has requested this Court's permission, and this Court

hereby grants such permission, to use or authorize their international counsel to use, the

testimony transcripts, and exhibits related thereto, of two Iranian defector witnesses identified in

*Havlish* as "Witness X" and "Witness Z," as follows:

Witness X – Transcript dated March 2, 2008

*Page numbers are the transcript page numbers, not the pdf.*

| | |
|---|---|
| Start page | 1 |
| End Page | 13, Line 18 |
| | |
| Start Page | 18, Line 5 |
| End Page | 35, Line 5 |
| | |
| Start Page | 56, Line 15 |
| End Page | 64, Line 8 |
| | |
| Start Page | 73, Line 1 |
| End Page | 74, Line 12 |

Witness Z – Transcript dated June 3, 2005

*Page numbers are the transcript page numbers, not the pdf, and "@" refers to the time code, not the line.*

| | |
|---|---|
| Start Page | 1 |
| End Page | 6 @ 9:27:04 |

| Start page | 26 @ 9:54:22 |
| End Page | 32 @ 12:04:13 |
| | |
| Start Page | 44 @ 10:18:42 |
| End Page | 48 @ 10:24:08 |
| | |
| Start Page | 61 @ 10:53:02 |
| End Page | 76 @ 11:34:08 |
| | |
| Start Page | 78 @ 11:35:42 |
| End Page | 91 @ 11:56:04 |
| | |
| Start Page | 108 @ 12:34:51 |
| End Page | 118 @ 12:47:32 |
| | |
| Start Page | 128 @ 1:06:18 |
| End Page | 139 @ 1:20:21 |
| | |
| Start Page | 149 @ 1:38:16 |
| End Page | 155 @ 1:45:39 |
| | |
| Start Page | 167 @ 2:03:29 |
| End Page | 169 @ 2:06:07 |

Documents
- Ex. 7 from Ex. S-7 (Witness Z testimony)
  - Ex. S-34 (English translation of same)
- Ex. 8 from Ex. S-7 (Witness Z testimony)
  - Ex. S-35 (English translation of same)
- Ex. 10 from Ex. S-7 (Witness Z testimony)
  - Ex. S-36 (English translation of same)

Prior to the use of the testimony transcripts, and exhibits related thereto, Counsel shall redact any identifying information of the witnesses and others present at such testimony, other than *Havlish* counsel and their consultant, and may also redact the names of persons mentioned in such testimony if such redactions are necessary to protect the identities of the defector witnesses, or to otherwise ensure the safety of the defector witnesses, as determined by counsel.

Such use shall be made by means of copies of excerpts of the witnesses' testimony transcripts and the referenced exhibits that are in *Havlish* Plaintiffs' counsel's possession and are the same as those under seal in this Court.

No sealed evidence currently in the Court's vault shall be disturbed by means of this Order.

Dated: January 27, 2020

New York, NY

**SO ORDERED:**

George B. Daniels

GEORGE B. DANIELS
United States District Judge