UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Ashton et al. v. al Qaeda Islamic Army, et al.,* | 02-cv-6977 (GBD)(SN)<br>ECF Case |

**DECLARATION IN SUPPORT OF MOTION FOR
ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF
OF *ASHTON/IRAN* PERSONAL-INJURY PLAINTIFFS**

(*ASHTON / IRAN* PERSONAL INJURY 1)

JAMES P. KREINDLER, Esquire, hereby states under penalty of perjury that:

1. I am a partner with the law firm of Kreindler & Kreindler, LLP, attorneys for the Plaintiffs in the above-captioned matters. I submit this Declaration in support of this motion on behalf of the Plaintiffs identified in Exhibit A (attached hereto) from the action titled *Kathleen Ashton et al., v. al Qaeda Islamic Army, et al.*, 02-cv-6977-GBD-SN ("*Ashton/Iran*").

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435[1]), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 31, below.

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236

---

[1] Unless indicated differently, citations to ECF Nos. are to the docket in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN).

(GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN).

3. Service of process of the initiating complaint on the Islamic Republic of Iran ("Iran") was executed pursuant to 28 U.S.C. § 1608(a) on April 30, 2003 by service through diplomatic channels. Defendant Iran has not answered nor otherwise responded to the complaint, nor to any subsequent damages judgment served on it also pursuant to diplomatic channels.

4. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Ashton/Iran* Plaintiffs listed in Exhibit A in connection with the September 11th terror attacks, as well as all other plaintiffs to the *Ashton* complaints, other court records relating to the *In re Terrorist Attack on September 11, 2001* multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5. The *Ashton/Iran* Plaintiffs identified in Exhibit A each sustained physical injuries on September 11, 2001 as a proximate result of the terrorist attacks on September 11, 2001, as indicated for each person on Exhibit A.

6. Exhibit B is a true and correct copy of the Declaration of Zofia Cieslik detailing injuries her late husband Andrzej Cieslik sustained on September 11, 2001.

7. Exhibit C is a true and correct copy of the Declaration of Leonard Ardizzone detailing injuries sustained on September 11, 2001.

8. Exhibit D is a true and correct copy of the New York Daily News article "WTC Survivor Meets his Rescuers" dated January 20, 2002.

9. After reviewing the records available to me regarding other judgments entered by this Court against the Iranian defendants, I have not identified any judicial relief that has previously been awarded to any particular plaintiff identified in Exhibit A to *Ashton/Iran* Personal Injury 1.

10. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) with the assistance of other attorneys, paralegals and staff in my office, personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against the Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

11. Accordingly, a proposed Order of Partial Final Judgment for the Plaintiffs Identified in Exhibit A, conforming to the Court's previous orders, is being filed contemporaneously with this Declaration.


Dated: January 31, 2020        /s/ James P. Kreindler
                               James P. Kreindler, Esq.
                               Attorneys for the *Ashton/Iran* Plaintiffs