```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/5/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> Mandelkow, et al. v. Islamic Republic of Iran, 20-cv-00315 (GBD)(SN)
> Alcabes, et al. v. Islamic Republic of Iran, 20-cv-00340 (GBD)(SN)
> Ahearn, et al. v. Islamic Republic of Iran, 20-cv-00355 (GBD)(SN)
> Anderson, et al. v. Islamic Republic of Iran, 20-cv-00354 (GBD)(SN)
> Amin, et al. v. Islamic Republic of Iran, 20-cv-00412 (GBD)(SN)
> Basci, et al. v. Islamic Republic of Iran, 20-cv-00415 (GBD)(SN)
> Cloud, et al. v. Islamic Republic of Iran, 20-cv-00416 (GBD)(SN)
> Asciutto, et al. v. Islamic Republic of Iran, 20-cv-00411 (GBD)(SN)
> Betru et al. v Islamic Republic of Iran, 18-cv-08297 (GBD)(SN)
> Nolan et al. v. Islamic Republic of Iran, 18-cv-11340 (GBD)(SN)

The Court has reviewed the Mandelkow Plaintiffs' January 27, 2020 letter, ECF No. 5746, filed in response to the Court's January 22, 2020 Order, ECF No. 5718; the Plaintiffs' Executive Committee's ("PEC") January 21, 2020 Letter, ECF No. 5704; and the Federal Insurance Plaintiffs' January 28, 2020 letter, ECF No. 5747.

In their letter, the Mandelkow Plaintiffs explain that they identified their newly-filed cases as "member cases" of Ashton and Federal Insurance to reflect, consistent with the Court's requirements in the Short Form Complaint, that the Mandelkow Plaintiffs have adopted and incorporated by reference the allegations in the Ashton and Federal Insurance complaints. See ECF No. 5746, at 3. The Federal Insurance Plaintiffs argue in response that the newly-filed Mandelkow Plaintiffs cases are not "member cases" of Federal Insurance, and that there is no

basis for the Mandelkow Plaintiffs to represent that their default papers are in any way being submitted on behalf of the Federal Insurance Plaintiffs. ECF No. 5747 at 2. The PEC argues the same on behalf of the Ashton Plaintiffs. ECF No. 5704 at 2-3.

The Court agrees with the PEC and the Federal Insurance Plaintiffs that the Mandelkow Plaintiffs are not "member cases" of Ashton and Federal Insurance. Except for a handful of cases that the Court consolidated as member cases of Ashton in 2002, see e.g., Bauer et al. v. Al Qaeda Islamic Army, et al., 02-cv-7236, the Court considers all other newly filed cases to be "member cases" only of this Multidistrict Litigation. The adoption and incorporation by reference of the allegations in the Ashton and Federal Insurance complaints does not incorporate a new action into an earlier filed case; rather, it deems the newly-filing plaintiff to have asserted the factual allegations, jurisdictional allegations, and jury trial demand of the Ashton and Federal Insurance complaints. See ECF No. 5234, Amended Order Approving Notices to Conform, Short Form Complaints & Notices of Amendment ("October 28, 2019 Order"), at 4. The Court has stated, to this effect, that "[a]ny such new action initiated through the filing of an Iran Short Form Complaint shall be filed as a *new case*." Id. (emphasis added). The Court therefore directs the Mandelkow Plaintiffs to remove all references to being a "member case" of the Ashton and Federal Insurance complaints.

The Mandelkow Plaintiffs next argue that they do not have to pursue service of the Islamic Republic of Iran ("Iran") until their judgments are entered. See ECF No. 5746, at 4. On this point they rely on the Betru Plaintiffs, who moved for final judgment for solation damages before initiating service on Iran. See Id., n.2. The Court understands the Betru Plaintiffs to have moved for judgment immediately after filing their Iran Short Form Complaint, in accordance with the procedures that were in place before the Court issued its July 10, 2018 Order, ECF No.

4045. In that Order, however, and in the Court's superseding October 28, 2019 Order, only under the Notice of Amendment section does the Court state that "Plaintiffs added by this procedure need not re-serve defendants who have already been served." October 28, 2019 Order, at 5. There is no such service exception in the section discussing the Iran Short Form Complaint.

The need to serve Iran before moving for judgment has not been lost on the other plaintiffs in this case. See, e.g., Aronow et al. v. Islamic Republic of Iran, 18-cv-12001; Arias et al. v. Islamic Republic of Iran, 19-cv-00041. Other plaintiffs in this case are currently waiting for their service of Iran to be complete before moving for a default judgment. See Ray et al. v. Islamic Republic of Iran, et al., 19-cv-00012, at ECF No. 199. It would not be fair to the Ray Plaintiffs, or any other plaintiffs who waited for their certificates of default to be issued before moving for damages, to award the Mandelkow Plaintiffs judgments before they effected service.

Rectifying any initial procedural errors, the Betru Plaintiffs have subsequently undertaken to serve their Short Form Complaint on Iran. See Betru et al. v Islamic Republic of Iran, 18-cv-08297, ECF No. 30. While the Court does not fault the Mandelkow Plaintiffs for any confusion caused by the procedure undertaken by the Betru Plaintiffs, the Court's October 28, 2019 Order on the subject, and the numerous other cases in this litigation that have effected service on Iran before moving for damages, should have placed the Mandelkow Plaintiffs on notice regarding the required procedures. To ensure procedural clarity moving forward, the Court must require the Mandelkow Plaintiffs to effectuate service and receive a certificate of default before moving for damages. Likewise, the Court will not enter any further judgments on behalf of the Betru Plaintiffs, or on behalf of any other plaintiffs that have not completed the service requirements, until a certificate of default has been filed. See, e.g. Nolan et al. v. Islamic Republic of Iran, 18-cv-11340 (similarly claiming to be a "member case" of Ashton). The PEC is

3

welcome to submit a letter to the Court arguing why the service requirement does not apply in these cases, but should be aware that the Court finds the arguments presented in Footnote 2 to the January 21, 2020 letter to be unpersuasive.

Because the <u>Mandelkow</u> Plaintiffs' motions are not currently ripe for review, the Court will not consider the causation and damages issues they present at this time.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: February 5, 2020
New York, New York