UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.* | 15-cv-9903 (GBD)(SN)<br>ECF Case |

**MEMORANDUM OF LAW FOR ENTRY OF PARTIAL
FINAL DEFAULT JUDGMENTS ON BEHALF OF
*BURNETT/IRAN* PLAINTIFFS IDENTIFIED AT EXHIBITS A AND B**

**(*BURNETT / IRAN* XXI)**

For the reasons set forth below and in the accompanying declaration of John M. Eubanks ("Eubanks Declaration"), the Plaintiffs identified in Exhibits A and B to the Eubanks Declaration filed contemporaneously with this application, by and through their counsel, Motley Rice LLC, respectfully move this Court for an Order awarding them (1) solatium damages for the losses they suffered as the immediate family members (in this instance, spouses, parents, children, and siblings, or the estate of a spouse, parent, child, or sibling) of their decedents (as indicated in Exhibit A to the Eubanks Declaration) in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs; (2) compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the terrorist attacks on September 11, 2001; (3) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (4) permission for the *Burnett/Iran* plaintiffs identified in Exhibits A or B to seek punitive damages, economic damages, or other damages at a later date; and (5) for all other *Burnett/Iran* Plaintiffs not appearing on Exhibits A or B, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Plaintiffs sued the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (collectively, "the Iran Defendants") in connection with the deaths of plaintiffs' decedents in the 9/11 Attacks.  On December 1, 2016, all plaintiffs in the action *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran*, et al., Case No. 15-cv-9903 (GBD) ("*Burnett/Iran*"), moved for judgment as to liability only.  15-cv-9903, ECF Nos. 65, 66, amended on December 6, 2016, 15-cv-9903 ECF Nos. 68, 69.  On January 31, 2017, the The plaintiffs that are party to this application, as identified in Exhibits A, are a subset of the plaintiffs who have been granted judgment as to liability only, and rely on that judgment as to liability only for their request for default judgment as to the solatium or pain and suffering damages.  Different subsets of the plaintiffs in the *Burnett/Iran* case previously requested and were granted similar judgments in the Court's orders dated July 31, 2017 (ECF No. 3666), June 8, 2018 (ECF No. 4023), August 28, 2018 (ECF No. 4126), September 4, 2018 (ECF No. 4146), September 13, 2018 (ECF No. 4175), September 3, 2019 (ECF Nos. 5061 and 5062), September 6, 2019 (ECF No. 5087), September 11, 2019 (ECF No. 5138), and December 13, 2019 (ECF No. 5356).  The plaintiffs identified in Exhibits A and B now request entry of partial final default judgment against the Iran Defendants as to their claims in the amounts indicated in Exhibits A and B. Plaintiffs recognize that the Court previously established a deadline of January 15, 2020 for the submission of motions such as the instant motion; however, undersigned counsel is advocating for their collective inclusion and for judgments to be entered in advance of February 19, 2020.

I.  **Procedural Background**

   A.  **Related Cases**

Relying on evidence and arguments[1] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the 9/11 Attacks, this Court on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of the *Havlish, Ashton, O'Neill, Federal Insurance*, and *Hoglan* groups of plaintiffs against the Iran Defendants (*See* 03-md-1570, ECF Nos. 2516, 3014, 3016, 3020, 3020-23). After granting the *Havlish* Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the submissions of the *Havlish* plaintiffs, on October 3, 2012, this Court found, among other things, that "Plaintiffs may recover for[, inter alia,] solatium . . . in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4).  In such an action, . . . family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." 03-md-1570, ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010).  This Court also found that the following solatium awards for family members are appropriate, as an upward departure from the framework in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

| **Relationship of Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

---

[1] In each of the Orders of Judgment regarding plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December 15, 2011, hearing on liability, together with the entire record in this case." 03-md-1570, ECF Nos. 2516, 3014, 3016, 3020-22; *see also* 03-md-1570, ECF No. 3023 (substantially similar language).

03-md-1570, ECF No. 2623 at 4.  The Court has applied the same solatium values to claims of other solatium plaintiffs in the *Burnett/Iran* case (ECF Nos. 3666, 4023, 4126, 4146, 4175, 5061, 5062, 5087, 5138, and 5356) and other solatium plaintiffs in other cases coordinated in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation. *See, e.g.,* 03-md-1570, ECF Nos. 3175 at 2; 3300 at 1; 3358 at 9; 3363 at 16; 3399; and 3977 at 7.

In that same decision in *Havlish,* this Court also found that Plaintiffs are entitled to punitive damages under the FSIA in an amount of 3.44 multiplied by their compensatory damages award. 03-md-1570, ECF No. 2623 at 5.  The Court has applied that 3.44 multiplier also to judgments in the *Ashton* case. *See* 03-md-1570, ECF No. 3175, at 3 (Report and Recommendation to apply 3.44 punitive multiplier); 03-md-1570, ECF No. 3229 at 1 (Order adopting in its entirety Report and Recommendation to apply 3.44 punitive multiplier).  The Court applied the 3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett/Iran*.  ECF No. 3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice.  03-md-1570, ECF Nos. 3358 at 11-16 and 3363 at 28.  Judge Daniels adopted Judge Netburn's Reports and Recommendations in their entirety. 03-md-1570, ECF Nos. 3383 at 2 and 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the Plaintiffs' solatium damages. 03-md-1570, ECF No. 2623 at 5. The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (03-md-1570, ECF No. 2619 at 13-14) and Judge Daniels adopted (03-md-1570, ECF No. 2623 at 5).  In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. 03-md-1570, ECF No. 3175 at 7-8. Judge Daniels adopted the magistrate judge's report and recommendation and has applied the nine percent

interest rate in multiple instances in the *Ashton* and *Bauer* matters.  *See* 03-md-1570, ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.  However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all of the solatium claims, 03-md-1570, ECF Nos. 3358 at 17-20 and 3363 at 28-29.  Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. 03-md-1570, ECF Nos. 3383 at 2 and 3384 at 6.  The Court applied that interest rate, 4.96 percent per annum, to the awards to other plaintiffs in *Burnett/Iran*.

      **B.**    ***Burnett, et al. v. Iran* Defendants**

The *Burnett/Iran* plaintiffs filed suit on December 18, 2015, against the Iran Defendants. Service on the Central Bank was effectuated on March 18, 2016, and on Iran and the IRGC on September 14, 2016. 15-cv-9903 ECF No. 67 at ¶¶ 3-4.  At Plaintiffs' request, the Clerk of the Court issued a Certificate of Default as to the Iran Defendants on December 5, 2016. 15-cv-9903 ECF No. 67.  On December 1, 2016, Plaintiffs requested judgment as to liability against the Iran Defendants, 15-cv-9903 ECF Nos. 65, 66, which application was amended on December 6, 2016 (15-cv-9903 ECF Nos. 68, 69), after the Clerk of the Court issued a Certificate of Default on December 5, 2016. ECF No. 67.  The Court granted judgment as to liability against the Iran defendants in favor of all plaintiffs on January 31, 2017.  15-cv-9903 ECF No. 85.  On July 31, 2017, June 8, 2018, August 28, 2018, September 13, 2018, September 4, 2018, September 3, 2019, September 6, 2019, September 11, 2019, and December 13, 2019 (03-md-1570 ECF Nos. 3666, 4023, 4126, 4175, 4146, 5061, 5062, 5087, 5138, and 5356), the Court granted orders of judgement to different subsets of *Burnett/Iran* plaintiffs who filed for entry of partial final default judgments.

The *Burnett/Iran* plaintiffs identified in Exhibit A now respectfully request that this Court grant them an Order awarding them (1) solatium damages for the losses they suffered as the

immediate family members (in this instance, spouses, parents, children, and siblings, or the estate of a spouse, parent, child, or sibling) of their decedents (as indicated in Exhibit A to the Eubanks Declaration) in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs; (2) compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the terrorist attacks on September 11, 2001; (3) economic damages for the plaintiffs identified in the expert reports attached as Exhibit B to the Eubanks Declaration and contained on digital media to be delivered to the Court by overnight courier; (4) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (5) permission for the *Burnett/Iran* plaintiffs identified in Exhibits A or B to seek punitive damages, economic damages, or other damages at a later date; and (6) for all other *Burnett/Iran* Plaintiffs not appearing on Exhibits A or B, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

## II.     Damages Under § 1605A

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium

for their emotional injury; and all plaintiffs can recover punitive damages. 03-md-1570, ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010).

Plaintiffs identified in Exhibit A are each family members (in this instance, spouses, parents, children, and siblings (or the estate of a spouse, parent, child, or sibling)) of decedents killed on 9/11, who are each entitled to solatium damages based on this Court's previous determinations in the amounts as previously established and applied by this Court in this and other related cases arising from the 9/11 Attacks. In accordance with the terms of the FSIA, the Plaintiffs identified in Exhibit A—spouses, parents, children, and siblings (or the estate of a spouse, parent, child, or sibling) of 9/11 decedents—are entitled to compensation under Section 1605A for their solatium, pain and suffering, or economic damages and are also entitled to prejudgment interest.

**A.      Solatium Damages**

As set forth above, the FSIA specifically provides for an award of solatium damages. Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran,* 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "indistinguishable" from the claim

of "intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001).

When previously awarding solatium damages in this case and in other 9/11-related cases, this Court looked at the framework established by District Judge Royce C. Lamberth in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), where the court awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id*. This formula, however, may be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 1 50, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 Attacks, Magistrate Judge Maas concluded that an upward departure from Judge Lamberth's framework in *Heiser* was appropriate. In *Havlish*, Judge Maas explained that an upward departure was warranted because the decedents' immediate family members suffered, and continue to suffer, "profound agony and grief and, [w]orse yet, . . . are faced with frequent reminders of the events of that day." *See* 03-md-1570 ECF No. 2619 at 10-12. Judge Maas noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the 9/11 Attacks and their indelible impact on the lives of the victims' families." *Id*. at 11. In that Report, with which this Court later agreed, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the 9/11 Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

03-md-1570, ECF No. 2619 at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, 03-md-1570, ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, 03-md-1570, ECF No. 3300, and in the September 12, 2016 Order pertaining to plaintiffs in the *Bauer* case, 03-md-1570, ECF No. 3341, and in the October 14, 2016 Report and Recommendation and October 31, 2016 Order in the *Hoglan* case, 03-md-1570, ECF Nos. 3363, 3384.  These amounts were, again, adopted by this Court in its April 24, 2018 Order relating to the claims of additional *Ashton* Plaintiffs, 03-md-1570, ECF No. 3977 at 7.  And notably, the same values were applied to the claims of other plaintiffs in the *Burnett/Iran* case in this Courts orders of July 31, 2017, June 8, 2018, August 28, 2018, September 13, 2018, September 4, 2018, September 3, 2019, September 6, 2019, and September 11, 2019 (03-md-1570 ECF Nos. 3666, 4023, 4126, 4175, 4146, 5061, 5062, 5087, and 5138).  The solatium losses suffered by the *Burnett/Iran* plaintiffs before the Court in this application are legally and factually comparable to those suffered by the other plaintiffs in *Burnett/Iran* and the plaintiffs in the *Havlish*, *Ashton*, *Bauer*, and *Hoglan* cases.

Plaintiffs identified on Exhibit A respectfully request that the Court grant awards of solatium to the immediate family members as identified on Exhibit A in the same amounts indicated herein, consistent with this Court's application of those values established and applied in *Havlish*, and subsequently adopted and applied to other plaintiffs in this case and to plaintiffs in the *Ashton*, *Bauer*, and *Hoglan* cases and in earlier orders for other plaintiffs in the *Burnett/Iran* case.

### B. Pain and Suffering Damages

The plaintiffs identified in Exhibit B include the estates of individuals killed in the 9/11 Attacks whose claims are being pursued by designated estate representatives (executors, administrators, personal representatives, etc.) and seek damages for the decedents' pain and suffering. This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. *See* ECF No. 2618 at 7-9. For the reasons articulated by this Court in the context of the *Havlish* case, the estates identified in Exhibit A respectfully request that the Court grant awards for their decedents' pain and suffering in the amount of $2,000,000 per estate. *See id*. at 9; ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate in *Havlish*).

### C. Punitive Damages

Under the FSIA, plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. §1605A(c)(4). In the *Havlish* Report and Recommendation on Damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." (ECF No. 2619, at 13, citing *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory) (ECF No. 2623). The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF No. 3175, at 3 (Magistrate Judge Maas Report and Recommendation to apply 3.44 punitive multiplier); ECF No. 3229, at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply 3.44 multiplier); ECF No. 3300, at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363, at 28. Judge Daniels adopted Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384, at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date. *See, e.g.*, ECF No. 3666 (Judge Daniels order in *Burnett/Iran*, authorizing other plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

### D. Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment (ECF 2619 at 13-14). This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used

11

in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states.  *See* ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA").  *World Trade Farmers Market, Inc. v. American Airlines, Inc*. (*In Re: September 11th Litigation*), 2015 U.S. App. LEXIS 16619, *66 (2d Cir. Sept. 17, 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest.  *Id*. Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' 9/11 claims.  *Id*.

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. ECF No. 3384 at 6.

In light of the Court's decision in the *Hoglan* matter, applying the 4.96 percent rate to prejudgment interest, the *Burnett/Iran* Plaintiffs identified in Exhibits A and B respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

### III.     Conclusion

For all of the reasons herein, as well as those set forth in the submissions of the other plaintiffs in this case and plaintiffs in the other 9/11 related cases in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the *Burnett/Iran* plaintiffs identified in Exhibit A respectfully request that this Court award them solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling.  The *Burnett/Iran* plaintiffs identified at Exhibit B respectfully request that this Court award them damages for decedents' pain and suffering in the amount of $2,000,000 per estate.  Furthermore, the *Burnett/Iran* plaintiffs identified at Exhibits A and B respectfully request that the Court: (1) award prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (2) grant permission for the *Burnett/Iran* plaintiffs identified in Exhibits A and B to seek punitive damages, economic damages, or other appropriate damages at a later date; and (3) grant permission for all *Burnett/Iran* Plaintiffs not appearing on Exhibits A or B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Dated: February 7, 2020                                  Respectfully submitted,

                                                         **/s/**  John M. Eubanks
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9218
Fax: 843-216-9450
Email: jeubanks@motleyrice.com

Attorneys for the *Burnett/Iran* Plaintiffs