**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Robert T. Haefele, *Co-Liaison Counsel* <br> MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

February 10, 2020

The Honorable Sarah Netburn
U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs' Executive Committees, for all Plaintiffs, oppose the FBI's request (ECF No. 5887), filed Friday evening, seeking a five-week extension of its deadline to file its cross motion and response to the Plaintiffs' January 15, 2020 Motion to Compel (filed under seal), which otherwise would be due on February 12, 2020.  As the Plaintiffs' advised the government last Friday, although the Plaintiffs are fully amenable to working cooperatively with the government to address its need for a reasonable extension, reciprocal accommodation is necessary to protect the Plaintiffs from the prejudice of being foreclosed from using valuable evidence anticipated to be released through the ongoing motion practice. The government has expressed no opposition to safeguards the Plaintiffs' have proposed, but has left to the Court's determination whether to implement such safeguards, and the Plaintiffs' request is unlikely to impose delay in the overall discovery schedule.

To ameliorate the prejudice to Plaintiffs, the Court should enter an order deferring the depositions of the Saudi government officials investigated by the FBI for their role in providing substantial assistance to the hijackers until the Court determines Plaintiffs' rights under the subpoena, including whether the FBI must produce its key evidence about those officials. Otherwise, the Plaintiffs would be forced either to forego valuable depositions or to depose those witnesses without documents essential to those examinations.  Absent such safeguards to protect the Plaintiffs' rights, Plaintiffs oppose the extension as unduly and irreversibly prejudicial.

The Honorable Sarah Netburn
February 10, 2020
Page 2

_____

      The FBI's investigation documents at issue in the underlying motions are of central importance to the jurisdictional inquiry, are essential to any reasonable examination of the relevant Saudi witnesses, are unavailable anywhere else, and their core relevance is not even remotely questioned.[1]  Plaintiffs cannot effectively conduct depositions and cross-examine the key Saudi government officials about events that occurred two decades ago without the evidence the FBI continues to withhold.  As Plaintiffs have previously demonstrated, the Saudi officials who were previously questioned lied throughout their interviews; indeed, the FBI and 9/11 Commission found one of those officials to be "deceptive" in giving his answers.  PECs' Jan. 8, 2019 Reply at App. 9-11.  Documents affording the Plaintiffs an opportunity to cross-examine the witnesses are essential to an effective examination.

      Because other issues require the Court's and the parties' attention before depositions may commence, the safeguards the Plaintiffs have proposed are unlikely to result in any appreciable delay in the overall jurisdictional discovery schedule as to the Kingdom.  In addition to the pending motions to compel, for example, the Court must also address the new disputes relating to the Kingdom's objections to producing the vast majority of the relevant witnesses and how the Court will "count" depositions of third-party document custodians.  Further, depositions of third-party document custodians can proceed while the remaining disputes as to the FBI are resolved.

_____

[1] For example, documents at issue in the underlying motions include evidence of Saudi government complicity referenced in FBI Summary Reports from 2012 and 2014, the 2016 FBI Review Report, and documents that the FBI has acknowledged withholding without identification even so much as on a privilege log.  The 2012 and 2014 FBI Summary Reports both confirm that "there is evidence" that a third criminal subject, who Plaintiffs identified in their Complaints as a Saudi government Embassy official, tasked two other Saudi government officials in California to assist the hijackers.  The NYT Times article now confirms that, in 2016, a FBI senior analyst prepared a "forceful summary, laying out in 16 pages everything that the team found about suspected Saudi complicity in the plot.…" Tim Golden & Sebastian Rotella, *The Saudi Connection – Inside the 9/11 Case That Divided the F.B.I.*, N.Y. TIMES, Jan. 23, 2020, at MM42 ("*Saudi Connection*").  Moreover, as the FBI acknowledged during the November 15, 2019 conference before this Court, the FBI unilaterally withheld from production relevant evidence about Saudi government officials, including witness statements, phone calls, and other information, without referencing the evidence on its Privilege Log (in violation of Local Civil Rule 26.2(b) (absent a court order, a party must provide a complete privilege log of documents that have been withheld from production).  *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157-58 (S.D.N.Y. 2014) (citing cases showing that a party's failure to comply with the requirements of Local Civil Rule 26.2 may result in a waiver of privilege)).

FBI documents produced to date, among other things, reveal truths otherwise uncovered and compel the Kingdom to produce documents it has withheld.  One public example is the production of documents the FBI seized in 2004 from the San Diego apartment of a Saudi government official, showing that the Kingdom had assigned Thumairy to supervise Saudi Propagators in California.  The document contradicted the Kingdom's sworn statements in its answers to interrogatories and led to additional discovery.  July 22, 2019 Opinion at 12.  The under-seal record contains numerous other examples where FBI productions have shown that Kingdom improperly withheld documents and information from production.  *See* July 22, 2019 Opinion at 35-37; January 3, 2020 Opinion at 4-7; January 7, 2020 Opinion at 7.

The Honorable Sarah Netburn
February 10, 2020
Page 3

_____

In these and other respects, the parties and Court can continue to move the case forward in material respects, without prejudicing the Plaintiffs' fundamental rights.

During the January 2020 hearing, the Court authorized the Plaintiffs to depose 25 Saudi government officials, and directed the Kingdom to advise Plaintiffs about the availability of 54 Kingdom officials the Plaintiffs had identified.  Jan 13, 2020 Hearing at 34-36.  Last week, the Kingdom advised Plaintiffs that only seven of the 54 witnesses were "available," and asserted various objections to prevent testimony from the remaining witnesses.[2]  The seven available witnesses include four Saudi government officials (including Fahad al-Thumairy and Bayoumi) whose depositions must be deferred until the Court resolves the disputes concerning the Plaintiffs' entitlement to depose other of the Saudi officials, whose testimony will be essential to the questioning of Bayoumi and Thumairy.  The other three witnesses identified as available are not among Plaintiffs' top 25 priority witnesses.  Before a deposition schedule can commence, the parties must meet and confer and each of the Kingdom's objections need to be resolved individually as to each witness.

Finally, the government's rationales for an extension do not implicate the assertion of the law enforcement privilege.  Plaintiffs challenged the assertion of that privilege in their prior papers, and recent reporting confirms the 9/11 subfile investigation was shut down in 2016, and is open in name only, undercutting the FBI's core claims concerning the sensitivity of the documents.[3]  This provides a strong indication that plaintiffs are indeed entitled to additional evidence responsive to their subpoena.  Those portions of the governments briefing may move forward more expeditiously, without the extension the government has requested.

* * *

The FBI's requested extension should not be granted unless safeguards to protect Plaintiffs' rights are established by this Court: specifically, the depositions of the key Saudi government officials must be deferred until this Court rules on Plaintiffs' outstanding motions to compel the production of FBI documents.  Those documents are essential for the Plaintiffs to properly conduct those depositions.  The portions of the government's response and cross-motion not implicated by its rationales for needing delay – namely, those that rest on assertions that documents are sensitive due to pending law enforcement investigations – should be disentangled from the remainder of the motions and should move forward without delay.

_____

[2] The Kingdom stated that two of the witnesses on Plaintiffs' list have died.  Plaintiffs will separately file under seal a copy of the Kingdom's letter, which was marked as subject to the MDL and FBI Protective Orders.

[3] *Saudi Connection,* at MM42.

The Honorable Sarah Netburn
February 10, 2020
Page 4

_____

Respectfully submitted,


COZEN O'CONNOR                          MOTLEY RICE LLC

By:  /s/ *Sean P. Carter*                    By:  /s/ *Robert T. Haefele*
    SEAN P. CARTER                               ROBERT T. HAEFELE
    COZEN O'CONNOR                               MOTLEY RICE LLC
    One Liberty Place                            28 Bridgeside Boulevard
    1650 Market Street, Suite 2800               Mount Pleasant, SC 29465
    Philadelphia, Pennsylvania 19103             Tel.: (843) 216-9184
    Tel.: (215) 665-2105                         Email: rhaefele@motleyrice.com
    Email: scarter@cozen.com

*For the Plaintiffs' Exec. Committees*        *For the Plaintiffs' Exec. Committees*


KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
    STEVEN R. POUNIAN
    ANDREW J. MALONEY
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*


cc:    The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF