KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 11, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in response to the letter filed by Plaintiffs' Executive Committees ("Plaintiffs") on February 10, 2020, ECF No. 5889, which seeks to "defer[] the depositions" of "key" current or former Saudi Arabian officials until after this Court rules on Plaintiffs' pending motion to compel the FBI to produce additional documents. Plaintiffs' request for "deferral" should be rejected for multiple reasons.[1]

      *First*, Plaintiffs' request for an indefinite delay of depositions is inconsistent with this Court's guidance at the most recent hearing that it was contemplating a May 13, 2020 deadline for the completion of all fact depositions, including 30 days "to get up and running" and 30 days to "clean up and wind down." Hr'g Tr. 40:2-9 (Jan. 13, 2020). Although the Court did not set a May 13 deadline for depositions, it did indicate that it would set a firm deadline imminently and gave the parties guidance that the deposition period should last approximately three months. *See id*. at 36:2-13, 40:2-9. As the Court has recognized, Saudi Arabia has a "real interest in wrapping up this discovery and moving forward to the motion practice." ECF No. 4237, at 29:6-13, 29:23-30:6. Indefinitely delaying depositions would not only prejudice this interest, but abandon the Court's goal "to keep moving us forward," Hr'g Tr. 41:3 (Jan. 13, 2020).

      *Second*, Plaintiffs' unending discovery-related motion practice cannot justify further delay. The Court has already ruled on at least five discovery motions pertaining to Saudi Arabia – with each order spawning motions to vacate, motions for reconsideration, Rule 72(a)

---

[1] Plaintiffs' request to delay depositions indefinitely is also improper because Plaintiffs did not meet and confer with Saudi Arabia before seeking that relief, as required by paragraph II(d) of the Court's Individual Practices in Civil Cases. In any event, Saudi Arabia would have refused Plaintiffs' request for indefinite delay.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 11, 2020
Page 2

objections, or all of the above.  *See*, *e.g.*, ECF Nos. 4696, 4261, 4294, 4522, 4564.  As this Court has affirmed on several occasions, if the process of seeking documents from the FBI "bleeds beyond the limited time frame" for jurisdictional discovery – as it certainly has – that should not "hold up the [K]ingdom's right to file a new motion to dismiss once a reasonable period of discovery has concluded."  ECF No. 3964, at 23:13-17.  It has further made clear that Plaintiffs' hope of "getting more documents" from the FBI is not a basis for delaying jurisdictional discovery.  ECF No. 4237, at 29:6-11; *see id.* at 30:4-6 ("There is probably an endless source of information you can be seeking here and at a certain point we need to move forward.").

*Third*, Plaintiffs offer no factual basis for their claims of prejudice.  They merely speculate that "valuable evidence" *might* be produced *if* they prevail on their pending motion against the FBI.  ECF No. 5889, at 1-2 & n.1.  To support that speculation, they rely on a recent *New York Times* article that relies heavily on a former FBI Agent, Daniel Gonzalez, who is now an investigator for the Kreindler firm.[2]  An image of Mr. Gonzalez's business card, as provided to a former employee of Saudi Arabia whom he contacted, is attached as Exhibit A.  The Court should give no weight to a story that Plaintiffs fed to friendly reporters and now present as corroboration of their claims.[3]

Nor do Plaintiffs have any basis to assert (at 2) that they cannot "effectively conduct depositions" without the documents they speculate they may obtain.  Jurisdictional discovery has lasted nearly two years.  Saudi Arabia has conducted thorough searches of 6 ministries and 3 diplomatic and consular facilities, and has obtained documents voluntarily provided by numerous individuals and non-government organizations and institutions.  It has answered all authorized interrogatories.  Plaintiffs' have further obtained more than 4,000 pages of documents from the FBI, in addition to productions from at least 9 non-parties.  Despite this extensive document discovery, there is not a shred of evidence supporting Plaintiffs' allegation in this case that any senior Saudi official instructed Fahad Al Thumairy or Omar Al Bayoumi to assist two of the 9/11 hijackers – a result consistent with the final determinations of the FBI, the CIA, the 9/11

---

[2] The article mentions Gonzalez more than 60 times and quotes him directly and indirectly throughout the article (repeatedly describing, for example, what "Gonzalez thought" or "Gonzalez believed").  *See* Tim Golden & Sebastian Rotella, *The Saudi Connection*, N.Y. Times, Jan. 23, 2020, at MM42 ("*Saudi Connection*").

[3] Indeed, even Plaintiffs' planted story repeatedly acknowledges the lack of supporting evidence for the theories that Gonzalez and some of his fellow agents were pressing.  *See*, *e.g.*, *Saudi Connection* at MM42 (quoting FBI's most senior counterterrorism official) ("'Give me something that after eight years shows we really are onto a couple of co-conspirators . . . . I don't want your gut; I don't want your theories.  If you don't have that, stop wasting my time . . . .'"); *id.* ("Many counterterrorism experts . . . doubted that Saudi Arabia's rulers would have deliberately supported Al Qaeda's effort to attack the kingdom's most powerful ally.  It was easier *to imagine* that a few of the extremists who flourished in the largely autonomous clerical bureaucracy *might* have conspired to support the plot.  *But proof was lacking*.") (emphasis added).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 11, 2020
Page 3

Commission, and the 9/11 Review Commission.[4]  Indeed, the FBI has clarified that the statement in the October 2012 summary report – the cornerstone of Plaintiffs' allegations – was never more than an "investigative theory," not a statement of objective fact.  ECF No. 5142, ¶ 22.[5]  There is nothing to suggest that additional discovery will further Plaintiffs' case.  "[F]ormal paper discovery" is now "over."  Hr'g Tr. 43:9 (Jan. 13, 2020).  It is time for Plaintiffs to complete the deposition process (within the three-month period contemplated by the Court) and for Plaintiffs to answer a renewed motion to dismiss with whatever evidence they claim supports their discredited allegations.

*Finally*, Plaintiffs suggest that an indefinite delay will not disturb the discovery schedule because they intend to file still more motions relating to whether certain current or former Saudi employees are available for deposition.  On February 3, 2020, consistent with the Court's direction at the January 13, 2020 hearing, Saudi Arabia informed Plaintiffs whether each of the current or former employees that Plaintiffs seek to depose are available for deposition, and if so where they will appear for deposition.  On February 7, 2020, Saudi Arabia provided to Plaintiffs a draft deposition protocol and invited Plaintiffs to meet and confer.  Plaintiffs have not responded to either communication or made any other attempt to move forward with the deposition process.  That underscores, once again, that without firm, Court-ordered deadlines Plaintiffs have no intention of moving this case forward.

Saudi Arabia has identified seven party witnesses available for deposition now – four of whom are under no obligation to testify, but are voluntarily appearing at the parties' request.  The Court should set a firm deadline for the completion of all these fact depositions.  Plaintiffs' request for further delay is inappropriate and should be denied.

---

[4] *See* 9/11 Commission Report at 171-72, 217-19; 2005 FBI-CIA Summary (ECF No. 3669-06) at 2; 9/11 Review Report (ECF No. 3669-07) at 101-03.

[5] Plaintiffs' suggestion that additional documents are necessary because current and former Saudi employees will lie at their depositions is utterly inappropriate.  *See also* Hr'g Tr. 6:10-14 (Jan. 13, 2020).  Plaintiffs have never met these witnesses or asked any of them a single question.  That Plaintiffs anticipate they will fail to elicit helpful testimony in depositions does not give them license to make serious and irresponsible accusations.  These latest predictions of perjury are of a piece with Plaintiffs' repeated practice of accusing everyone in sight – witnesses, defendants, third parties, counsel, and even the Department of Justice – of lying or deception whenever Plaintiffs encounter inconvenient evidence, facts, or discovery disputes.  *See*, *e.g.*, Pls.' MTC Saudi Arabia at 3-4, 25 (filed under seal Nov. 30, 2018); Pls.' Ltr. Reply in Supp. of MTC FBI at 1-5 (filed under seal Nov. 1, 2019); Pls.' Ltr. re: King Fahad Mosque Depositions at 1-4 (filed under seal June 21, 2019).  The Court should give Plaintiffs' anticipatory accusations no weight.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 11, 2020
Page 4

                                                  Respectfully submitted,

                                                  /s/ *Michael K. Kellogg*

                                                  Michael K. Kellogg
                                                  *Counsel for the Kingdom of Saudi Arabia*

cc:    The Honorable George B. Daniels (via facsimile)
        All MDL Counsel of Record (via ECF)