**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE:  TERRORIST ATTACKS ON | : | |
| SEPTEMBER 11, 2001 | : | 03-MDL-1570 (GBD)(SN) |

This Document Relates To:
*Ryan, et al. v. Islamic Republic of Iran, et al.,* **1:20-cv-00266 (GBD)(SN)**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
## ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS

For the reasons set forth below and in the accompanying Declaration of Dennis G. Pantazis

("Pantazis Declaration"), Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher,

as identified in the Pantazis Declaration filed contemporaneously with this application, by and

through their counsel, Dennis G. Pantazis, have respectfully moved this Court for an Order

awarding each of said Plaintiffs: (1) economic damages as calculated in the expert reports attached

to the Pantazis Declaration and contained on digital media to be delivered to the Court by overnight

courier; and (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually

for the period from September 11, 2001 until the date of the judgment.  This is in addition to any

relief either previously awarded to these Plaintiffs for pain and suffering damages.  A request for

punitive damages remains reserved.

Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, have obtained a

judgment from this Court for pain and suffering damages in this case previously.  As this Court

has previously ordered *sub. nom. Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6987

(GBD)(FM), "Plaintiffs appearing on Exhibits A and B may submit at a later date … an application

for economic damages awards that will be approved on the same basis as previously awarded …"

(1:03-md-01570, Doc. No. 3387).  Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel

L. Maher, are seeking only economic damages to be combined with their previously awarded pain and suffering damages in the liability judgment that has been, pursuant to this Court's order, transferred into the above-captioned case.

Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, brought suit against, *inter alia*, the Islamic Republic of Iran in connection with the 9/11 Attacks.  On August 31, 2015, Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, were granted a Default Judgment against the Islamic Republic of Iran (1:03-md-01570, Doc. No. 3014), and were awarded compensatory damages of $2 million for conscious pain and suffering (1:03-md-01570, Doc. No. 3226, dated March 8, 2016; 1:03-md-01570, Doc. No. 3229, dated March 9, 2016). Plaintiff, the Estate of John J. Ryan, is now requesting entry of partial final default judgment against the Islamic Republic of Iran as to the Estate's claim in the amount of $21,160,744.00 for economic damages, to be added to the existing judgment for $2,000.000.00 for pain and suffering. Likewise, the Estate of Daniel L. Maher is now requesting entry of partial final default judgment against the Islamic Republic of Iran as to the Estate's claim in the amount of $7,662,835.00 for economic damages, also to be added to the existing judgment for $2,000.000.00 for pain and suffering. (*See* Exhibit A to Pantazis Declaration.)

## I.    Procedural Background

Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, received judgments for pain and suffering damages on March 8, 2016 (Doc. 3226).  Economic loss damages were not requested at that time; however, the Court's August 31, 2015 referral of the issues of damages to the Magistrate Judge remains effective, as other elements of damages also remain unresolved.  *See* August 31, 2015 Order, *sub. nom. Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6987

(GBD)(FM)(1:03-md-01570, Doc. No. 3014).   These two Plaintiffs are now submitting claims for economic loss damages.

## II.      Supplemental Damages Sought Under § 1605A

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency.   28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages."  28 U.S.C. § 1605A(c)(4).  Because Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, have already been awarded pain and suffering damages, each seeks to complete their compensatory damages judgment through an award for economic loss and an award of prejudgment interest in addition to the relief ordered by this Court previously.   The question of punitive damages, consistent with this Court's prior holdings, remains reserved.

### A.      Economic Damages

The FSIA specifically provides for economic damages.  *See* 28 U.S.C. § 1605(A( c).  The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998).   Accordingly, "the beneficiaries of each decedent's estate [are]…entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran,* 700 F.  Supp. 2d 52, 83 (D.D.C. 2010), citing *Heiser*, 466 F. Supp.2d

229.   Thus, for example, Judge Royce C. Lamberth of the U.S. District Court for the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F. Supp. 2d at 78.[1]

Previously, this Court awarded economic damages for each 9/11 decedent's estate in *Havlish* for the "economic losses stemming from the wrongful death of the decedent[.]"  *See* Doc. No. 2623 at 2-3.  In doing so, it adopted the economic loss calculations set forth in the *Havlish* Plaintiffs' economic expert reports.  Plaintiffs here, the Estate of John J. Ryan and the Estate of Daniel L. Maher, have retained the services of the same expert economist, Dr. Stan V. Smith, to submit his extensive economic analyses that detail the significant economic losses suffered by these two decedents' estates in this case.  Exhibit A to the Pantazis Declaration is being submitted to this Court under seal due to the significant amount of sensitive financial data contained therein. While Dr. Smith has opined utilizing his standard methodology on the economic losses sustained by each of the individual decedents and their estates, he has provided a single fulsome report – for the Estate of John J. Ryan (for illustrative purposes) – in order to outline, introduce, and delve into the expert methodology that he has employed in each of the subsequent summary reports wherein Dr. Smith provides a breakdown of the summary of both past and future losses for the following categories: (1) loss of wages and benefits; (2) loss of pension benefits (if they exist); (3) loss of housekeeping and home management services; and (4) loss of value of life, also known as the loss of enjoyment of life.  As Dr. Smith states in his report, "All opinions … are rendered in accordance

---

[1] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate.  *Roth,* 78 F. Supp. 3d at 82.

with generally accepted standards within the field of economics and are expressed to a reasonable degree of economic certainty." (*See* Smith Report at p. 8).  All subsequent reports for the remaining decedent estates are rendered in summary form while also stating the basis for certain assumptions, consumption rates, and other material economic data utilized to render these opinions.

Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, respectfully ask that this Court award economic damages as supported by the expert reports submitted by Dr. Smith.

### B.    Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* Plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment (Doc. 2619 at 13-14).  This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the Magistrate Judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* Plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states.  (*See* Doc. Nos. 3229 at 2; 3300 at 1; 3341 at 1).

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the Federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). *World Trade Farmers Market, Inc. v. American Airlines, Inc.* (*In Re: September 11th Litigation*), 2015 U.S. App. LEXIS 16619, *66 (2d Cir. Sept. 17, 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest. *Id.* Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' 9/11 claims. *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all of the solatium claims. (Doc. No. 3363 at 28-29). Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. (Doc. No. 3384 at 6).

In light of the Court's decision in the *Hoglan* matter, applying the 4.96 percent rate to prejudgment interest, Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

## III.    Conclusion

For all of the reasons herein, as well as those set forth in the submissions of the other plaintiffs in this case and plaintiffs in the other 9/11 related cases in the *In re Terrorist Attacks on*

*September 11, 2001* multidistrict litigation, Plaintiffs, the Estate of John J. Ryan and the Estate of

Daniel L. Maher, respectfully request that this Court award them (1) economic damages for the

Estate of John J. Ryan in the amount of $21,160,744.00, and the Estate of Daniel L. Maher in the

amount of $7,662,835.00, as set out in the expert reports attached as Exhibit A to the Pantazis

Declaration and contained on digital media to be delivered to the Court by overnight courier; and

(2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period

from September 11, 2001 until the date of the judgment.  This is in addition to any relief previously

awarded to these Plaintiffs for pain and suffering damages.   Punitive damages issues remain

reserved.

Respectfully Submitted,

Date:  February 11, 2020          _____/s/  Dennis G. Pantazis_____
Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500
dgp@wigginschilds.com

***Attorney for the* Ryan *Plaintiffs***