```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON          03-MDL-01570 (GBD)(SN)
SEPTEMBER 11, 2001
                                     REPORT AND
-----------------------------------------------------------------X    RECOMMENDATION

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Ashton et al. v. al Qaeda Islamic Army, et al., 02-cv-6977 (GBD)(SN)

On August 31, 2015, the Honorable George B. Daniels granted the Ashton Plaintiffs an Order of Judgment by default against the Islamic Republic of Iran. See Order of Judgment, ECF No. 3021. Since then, the Court has issued numerous orders addressing the Ashton Plaintiffs' requests for damages. Before the Court is a motion brought by two personal injury plaintiffs injured in the terrorist attacks on September 11, 2001. ECF No. 5792. Plaintiffs' motion should be GRANTED in part and DENIED in part.

## DISCUSSION

The Court assumes the parties' familiarity with the extensive rulings related to this multi-district litigation. As relevant here, the Court on February 7, 2020, issued a Report and Recommendation ("Burnett I") that detailed an objective framework to evaluate the proper amount of pain and suffering damages for 9/11 personal injury victims. ECF No. 5879. This motion asks the Court to award compensatory damages for pain and suffering in amounts commensurate with the injuries these plaintiffs sustained during the terrorist attacks on September 11, 2001. In addition, in keeping with the Court's prior rulings, plaintiffs seek

prejudgment interest at the rate of 4.96 percent per annum compounded annually for the period from September 11, 2001, until the date of judgment, permission to seek punitive damages, economic damages, or other damages at a later date, and permission to file applications for all other Ashton Personal Injury Plaintiffs to file applications for damages awards in later stages, to the extent such awards have not previously been addressed.

I.   **ASHTON I PERSONAL INJURY PLAINTIFFS**

Consistent with the framework set forth in Burnett I, the Court analyzes each plaintiff's claim for pain and suffering damages individually using the objective criteria set forth therein.

**A.  Andrzej Cieslik**

Andrzej Cieslik died intestate and his next-of-kin are in the process of having a personal representative appointed to administer his estate. On January 29, 2020, Andrzej Cieslik's surviving spouse Zofia Cieslik submitted a motion to substitute as plaintiff, ECF No. 5768, and asked the Court to grant damages on her behalf as the anticipated representative of the Estate. The Court denied the motion, pursuant to Fed. R. Civ. P. 25(a)(1), because the Court is not authorized to substitute Ms. Cieslik unless and until she has been appointed as the personal representative of the estate, at which point she becomes the "proper party" for the Court to substitute. ECF No. 5787. Accordingly, the Court recommends that Andrzej Cieslik's motion be DENIED without prejudice to renew upon formal appointment of the Estate representative.

**B.  Leonard Ardizzone**

Leonard Ardizzone was at the World Trade Center as the Port Authority of New York and New Jersey's Director of Maintenance for the World Trade Center during the 9/11 attacks. ECF No. 5794-3, Leonard Ardizzone Decl. ¶¶ 3, 4. After the first plane hit, he began assisting FDNY personnel on the ground. Id. ¶ 5. He was at the command center in the lobby of the South

Tower when the building began to collapse. Id. ¶ 8. He fell three stories to the B3 subgrade level, where he was buried alive for eight hours. Id. During this time, he was continually in and out of consciousness while calling for help. Id. Around 3:00 PM a firefighter was crawling through the rubble and heard his cry for help, dragging him out of where he was to a tunnel where four other firefighters were clearing a path out. Id. ¶¶ 9, 11. A bone was protruding from his left leg. Id.

Leonard underwent multiple surgeries in the hospital, where he remained for two weeks. Id. ¶ 12. He sustained fractures of both legs; multiple lacerations and third degree burns on his face, forehead, scalp, nose, chin, right arm, right elbow and right hand requiring surgery; cerebral concussion with post-concussion syndrome; traumatic brain injury causing daily headaches; partial amputation of left ear with disfigurement and loss of hearing; mild loss of hearing in his right ear; multiple traumatic orthopedic derangements; disruption of normal vision; sleep disturbances; PTSD and major depression; and respiratory difficulties. Id. ¶ 13. These injuries fall into both the second a third categories established by the Court. Because plaintiffs have not submitted any medical documentation, the Court is unable to assess the extent and duration of many of these injuries. See Burnett I at 9. Accordingly, the Court is constrained to recommend that Leonard Ardizzone be awarded $7 million, the baseline for severe injuries.

## CONCLUSION

For the foregoing reasons, Plaintiffs should receive pain and suffering damages as follows:

| Number | Plaintiff | Pain and Suffering Damages |
|---|---|---|
| 1 | Leonard Ardizzone | $7,000,000 |

The Court recommends that Andrzej Ceislik's motion for damages be DENIED without prejudice to renew upon formal appointment of the Estate representative.

Plaintiffs should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually. See ECF No. 3358, adopted by, ECF No. 3383.

Plaintiffs may apply for punitive damages, economic damages, or other damages at a later date consistent with any future rulings made by the Court on this issue. Any application for punitive damages should not be filed until after the Supreme Court has issued a decision in Opati v. Republic of Sudan, 139 S. Ct. 2771 (2019).

Any Ashton Personal Injury Plaintiffs not appearing in this motion and who were not previously awarded damages may still submit applications for damages awards in later stages.

Finally, the Court recognizes that in order to participate in the next distribution from the United States Victims of State Sponsored Terrorism Fund ("VSSTF"), Plaintiffs must have a judgment by February 19, 2020. Accordingly, the Ashton I Plaintiffs are ORDERED to notify the Honorable George B. Daniels no later than **noon on Friday, February 14, 2020**, whether any plaintiff intends to file an objection. For claims for which no objections are anticipated, the Court will issue judgments by the VSSTF deadline. For claims for which objections are filed, the Court will make every effort to address the objections by the VSSTF deadline, but a judgment cannot be guaranteed. And, to protect the due process rights of all parties, any objection timely filed within the 14-day period but after a judgment has been entered, will result in a stay of execution of the judgment until further order of the Court.

DATED: February 11, 2020
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).