UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

03-MDL-01570 (GBD)(SN)

**REPORT AND RECOMMENDATION**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2020

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al., 15-cv-9903 (GBD)(SN)

On January 31, 2017, the Honorable George B. Daniels granted the Burnett Plaintiffs an Order of Judgment by default against the Islamic Republic of Iran. See Order of Judgment, ECF No. 3443. Since then, the Court has issued numerous orders addressing the Burnett Plaintiffs' requests for damages. Before the Court is a motion brought by three personal injury plaintiffs injured in the terrorist attacks on September 11, 2001. ECF No. 5816. Plaintiffs' motion should be GRANTED.

## DISCUSSION

This Court assumes the parties' familiarity with the extensive rulings related to this multi-district litigation. As relevant here, the Court on February 7, 2020, issued a Report and Recommendation ("Burnett I") that detailed an objective framework to evaluate the proper amount of pain and suffering damages for 9/11 personal injury victims. ECF No. 5879. This motion asks the Court to award compensatory damages for pain and suffering in amounts commensurate with the injuries these plaintiffs sustained during the terrorist attacks on

September 11, 2001. In addition, in keeping with the Court's prior rulings, plaintiffs seek prejudgment interest at the rate of 4.96 percent per annum compounded annually for the period from September 11, 2001, until the date of judgment, permission to seek punitive damages, economic damages, or other damages at a later date, and permission to file applications for all other Burnett Personal Injury Plaintiffs to file applications for damages awards in later stages, to the extent such awards have not previously been addressed.

I.   **BURNETT IV PERSONAL INJURY PLAINTIFFS**

Consistent with the framework set forth in Burnett I, the Court analyzes each plaintiff's claim for pain and suffering damages individually using the objective criteria set forth therein.

   **A. Jonathan Becker**

Jonathan Becker was on the 47th floor of the North Tower of the World Trade Center during the 9/11 attacks. ECF No. 5818-2, Jonathan Becker Decl. ¶ 3. The jolt and twisting of the building as the plane struck caused Jonathan to fall and injure both his elbows, neck, and jaw. Id. ¶ 6. He lives with chronic pain caused by herniated and bulged disks, and attempts to mitigate the pain through physical therapy, injections, and other medicines have proved ineffective. Id. ¶ 8. He suffered, and continues to suffer, from anxiety and bouts of depression. Id. ¶ 10. Because these injuries fall into the first category, including significant orthopedic injuries and mental health disorders, the Court recommends that Jonathan Becker be awarded $5 million.

   **B. David Allen Bridgeforth**

David Allen Bridgeforth was at the World Trade Center during the 9/11 attacks. ECF No. 5818-3, Carmen Bridgeforth as the Personal Representative of the Estate of David Allen Bridgeforth Decl. ¶ 4. David was working in the cafeteria on the 43rd floor of the North Tower when the plane hit. Id. ¶ 5. The impact caused the grill in the kitchen where David was working

to become dislodged, and it fell on top of him, crushing his legs and inflicting severe burns. Id. ¶ 6. David then limped towards the stairwell where he found his stepson Antonio and spouse Carmen. Id. The family managed to exit the building seconds before the South Tower began to collapse. Id. ¶¶ 7, 8. David was bombarded with clouds of dust, bricks, steel, and other debris. Id. ¶ 8. He suffered from sprains and tears to his knee, leg, arm, back, and third degree burns on both legs. Id. ¶ 10; ECF No. 5818-3, Ex. C at 9. He also suffered from post-concussion syndrome with cognitive dysfunction. ECF No. 5818-3, Ex. C at 9. He watched as his wife and stepson suffered injuries in front of him. Id. ¶ 11. David suffered from severe anxiety and emotional distress, and died at 49 years old from congestive heart failure. Id. ¶ 12. These injuries fall into both the first and second categories. Because David suffered from burns, cognitive dysfunction, and emotional trauma including witnessing his spouse and stepson be injured, the Court recommends that the Estate of David Allen Bridgeforth be awarded $7 million.

### C. Joseph Falco

Joseph Falco was a firefighter at the World Trade Center during the 9/11 attacks. ECF No. 5818-4, Joseph Falco Decl. ¶ 4. The force of the air pressure during the collapse of the South Tower crushed Joseph and blew him across the street. Id. ¶ 5. The force rolled him and pushed him into, and up and over, the center divider of the West Side Highway. Id. He suffered from a badly bruised head, asbestos and contamination inhalation, shoulder injuries, a fractured vertebra, a large hematoma to the left calf, fracture of the left patella, laceration to his lower left leg under his patella requiring sutures, a torn anterior cruciate ligament and medial meniscus in both knees, sprain to the medial collateral ligament, and a posterior cruciate ligament injury with an avulsion fracture to his left knee. Id. ¶ 6. He had reconstruction surgery on his knee, has had both knee joints replaced, and will need shoulder replacement surgery in the near future. Id. ¶ 7.

He suffered, and continues to suffer, from severe emotional distress, anxiety, and bouts of depression. Id. ¶ 9. Because these injuries fall into the second category, including severe orthopedic injuries requiring multiple surgeries and mental health trauma, the Court recommends that Joseph Falco be awarded $7 million.

## CONCLUSION

For the foregoing reasons, Plaintiffs should receive pain and suffering damages as follows:

| **Number** | **Plaintiff** | **Pain and Suffering Damages** |
|---|---|---|
| 1 | Jonathan Becker | $5,000,000 |
| 2 | Estate of David Allen Bridgeforth | $7,000,000 |
| 3 | Joseph Falco | $7,000,000 |

Plaintiffs should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually. See ECF No. 3358, adopted by, ECF No. 3383.

Plaintiffs may apply for punitive damages, economic damages, or other damages at a later date consistent with any future rulings made by the Court on this issue. Any application for punitive damages should not be filed until after the Supreme Court has issued a decision in Opati v. Republic of Sudan, 139 S. Ct. 2771 (2019).

Any Burnett Personal Injury Plaintiffs not appearing in this motion and who were not previously awarded damages may still submit applications for damages awards in later stages.

Finally, the Court recognizes that in order to participate in the next distribution from the United States Victims of State Sponsored Terrorism Fund ("VSSTF"), Plaintiffs must have a

judgment by February 19, 2020. Accordingly, the <u>Burnett IV</u> Plaintiffs are ORDERED to notify the Honorable George B. Daniels no later than **noon on Tuesday, February 18, 2020**, whether any plaintiff intends to file an objection. For claims for which no objections are anticipated, the Court will issue judgments by the VSSTF deadline. For claims for which objections are filed, the Court will make every effort to address the objections by the VSSTF deadline, but a judgment cannot be guaranteed. And, to protect the due process rights of all parties, any objection timely filed within the 14-day period but after a judgment has been entered, will result in a stay of execution of the judgment until further order of the Court.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 13, 2020
         New York, New York

\*          \*          \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file

these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).