USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 14 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

> *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran et al.*, 15 Civ. 9903 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On January 21, 2020, the *Burnett* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks. (Pls.' Notice of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 5711.)[1] The moving Plaintiffs are individuals who were either on site at the time of the terrorist attacks or who were in the vicinity of the areas where the attacks occurred, which caused subsequent damage. (Mem. of Law for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 5712, at 6.) Before this Court is Magistrate Judge Sarah Netburn's February 7, 2020 Report and Recommendation (the "Report"), recommending that this Court grant Plaintiffs' motion and recommending the amounts in which each Plaintiff should be awarded pain and suffering

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN).

1

damages. (Report, ECF No. 5879, at 27–29.) This Court ADOPTS Magistrate Judge Netburn's Report.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

## II. THE FRAMEWORK APPLIED TO PERSONAL INJURY PLAINTIFFS IS NOT CLEARLY ERRONEOUS

Magistrate Judge Netburn properly determined that Plaintiffs may recover for "economic damages, solatium, pain and suffering, and punitive damages" in an action under Section 1605A. (Report at 2 (quoting 28 U.S.C. § 1065A(c)(4)).) As the Report explains, in such an action, a plaintiff "may recover damages by proving 'that the projected consequences are reasonably certain (i.e. more likely than not) to occur, and must prove the amount of damages by a reasonable estimate.'" (*Id.* (quoting *Fraenkel v. Islamic Republic*

2

*of Iran, Ministry of Foreign Affairs, et al.*, 892 F.3d 348, 353 (D.C. Cir. 2018) (quoting *Hill v. Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003))).)

A review of Plaintiffs' submissions makes clear that each of the individual Plaintiffs has suffered profoundly as a result of the tragic events of September 11, 2001. Relying heavily on the same logic previously used by Magistrate Judge Frank Maas in his recommendation that this Court grant an upward departure for solatium awards to immediate family members, (*see* R. & R. to the Honorable George B. Daniels dated July 30, 2012, ECF No. 2618, *adopted by* Mem. Decision and Order dated Oct. 3, 2012, ECF No. 2623), this Court finds that Judge Netburn properly determined that the following personal injury awards are appropriate, beginning with a baseline of $7,000,000 as an upward departure from the $5,000,000 baseline assumption described in *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 37–38 (D.D.C. 2012):

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(*See* Report at 6.) Further, Magistrate Judge Netburn did not err in defining what type of injuries this Court will typically consider to be "significant," "severe," or "devastating," nor did she err in reserving this Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6–9.)

## A. The Report Did Not Err in Determining That the Individual Plaintiffs Are Entitled to Pain and Suffering Damages.

Magistrate Judge Netburn properly determined that awards of pain and suffering damages, as broken down in Exhibit A of this opinion, are appropriate. Plaintiffs submitted declarations wherein they extensively detailed the injuries they sustained during the September 11, 2001 terrorist attacks. (*See* Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 5713.) The Report accurately describes the relevant injuries, and Magistrate Judge Netburn did not err in her categorization of each injury as "significant," "severe," or "devastating," nor did she err in finding that Plaintiff Kevin Shaeffer's injuries were "particularly devastating," and finding that Shaeffer is therefore entitled to a $12,000,000 award. (Report at 20–21.) Additionally, Magistrate Judge Netburn appropriately found that "Plaintiffs should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 28.)

## III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 5711), is GRANTED. It is

**ORDERED** that the *Burnett* Plaintiffs identified in the attached Exhibit A are awarded judgment for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, (ECF No. 5711), and 15 Civ. 9903, (ECF No. 300), accordingly.

Dated: February 14, 2020
      New York, New York

SO ORDERED. FEB 1 4 2020

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

| Number | Plaintiff | Pain and Suffering Damages Amount |
|:---:|:---:|:---:|
| 1 | George Joseph Bachmann | $7,000,000 |
| 2 | Mary Ellen Barbieri | $10,000,000 |
| 3 | Richard A. Beatty | $10,000,000 |
| 4 | Jean M. Hunt | $10,000,000 |
| 5 | David Kletsman | $5,000,000 |
| 6 | Daniel Kruesi | $5,000,000 |
| 7 | John R. La Sala | $5,000,000 |
| 8 | Veronica O. Li | $5,000,000 |
| 9 | James Raymond McCarthy | $7,000,000 |
| 10 | Nancy Marie Morrison | $7,000,000 |
| 11 | Kofi Osei Nyantakyi | $7,000,000 |
| 12 | Sharon Premoli | $10,000,000 |
| 13 | Bryan Rodrigues | $7,000,000 |
| 14 | Julio Roig, Jr. | $7,000,000 |
| 15 | Kevin Shaeffer | $12,000,000 |
| 16 | Donna Singer | $5,000,000 |
| 17 | Eugenia S. Singer | $10,000,000 |
| 18 | Lauren A. Smith | $7,000,000 |
| 19 | Kenneth A. Summers | $10,000,000 |
| 20 | Michael A. Telesca | $7,000,000 |
| 21 | Bidiawattie Tewari | $5,000,000 |
| 22 | Denise Thompson | $5,000,000 |
| 23 | John Lewis Thurman | $5,000,000 |
| 24 | Phidia Wong | $10,000,000 |