UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 14 2020
```

------------------------------------

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

> *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran et al.*, 15 Civ. 9903 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On January 3, 2020, the *Burnett* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (Pls.' Notice of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Pls., ECF No. 5433.)[1] Plaintiffs principally argue that the listed claimants[2] are the "functional equivalents" of immediate family members of certain decedents. (Mem. of Law for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Pls., ECF No. 5434, at 10–21.) Before this Court is Magistrate Judge Sarah Netburn's January 21, 2020 Report and Recommendation (the "Report"), recommending that this Court grant in part and deny in part Plaintiffs' motion. (Report, ECF No. 5697, at 12–13.) This Court ADOPTS Magistrate Judge Netburn's Report.

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

[2] Plaintiffs' motion covers a total of 12 claimants, including five fiancés and/or domestic partners and seven step-relatives to various individuals killed in the September 11, 2001 terrorist attacks.

1

# I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

# II. MAGISTRATE JUDGE NETBURN PROPERLY APPLIED THE FUNCTIONAL EQUIVALENTS FRAMEWORK TO THE PLAINTIFFS

On July 30, 2012, Magistrate Judge Frank Maas established a framework to award solatium damages to immediate family members of a September 11, 2001 decedent, which this Court adopted on October 3, 2012. (R. & R. to the Honorable George B. Daniels, ECF No. 2618, *adopted by* Mem. Decision and Order, ECF No. 2623.) This framework specifically outlined the solatium awards for a decedent's spouse, parent, child, and sibling, and is as follows:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |

2

| Child | $8,500,000 |
|---|---|
| Sibling | $4,250,000 |

(*Id.*) This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. (*See* Report at 1 (citing *Hoglan II*, R. & R. dated Oct. 14, 2016, ECF No. 3363, *adopted by* Mem. Decision and Order dated Oct. 31, 2016, ECF No. 3384; *Hoglan IV*, R. & R. dated Aug. 8, 2017 ("*Hoglan IV* Report"), ECF No. 3676, *adopted by* Mem. Decision and Order dated Nov. 17, 2017, ECF No. 3795).)

## A. The Report Properly Determined That Jessica Nardone Feldman Is Not a Functional Equivalent of an Immediate Family Member to the Decedent.

Here, Magistrate Judge Netburn correctly noted that Jessica Nardone Feldman, the domestic partner of decedent Scott Thomas Coleman, had been romantically involved with the decedent for approximately three years and cohabitated with the decedent for approximately two years. (Report at 7.) While the Report describes the fact that the two had been living together and had plans to marry in 2002 after they completed purchasing a new apartment, it also correctly notes that they had not entered into a formal engagement to be married. (*Id.* at 7–8.) As the Report properly explains, "the Court considers that the presence or absence of a formal engagement is virtually dispositive for any fiancée claim where no legal barrier would have impeded the couple from getting married." (*Id.* at 8 (quoting *Hoglan IV Report* at 12).) Here, there is nothing indicating that there was any barrier interfering with Feldman's and Coleman's ability to enter into a formal engagement. Additionally, the Report also correctly points out that although the *Hoglan IV Report* carves

3

out an exception where the Court may consider claims by domestic partners who did not enter into a formal engagement "in extraordinary circumstances (such as decades of relationship or cohabitation, coupled with commingling of finances)," Feldman and Coleman do not reach this threshold because they lived together of a period of only approximately two years. (*Id.* (quoting *Hoglan IV Report* at 12).) Therefore, Magistrate Judge Netburn did not commit clear error in recommending that Feldman's request for solatium damages be denied.

### B. The Report Properly Found That Paula M. Carucci and David E. Eschenbaum Are Functional Equivalents of Immediate Family Members to the Decedent and Properly Limited the Amount of Damages to Which They Are Entitled.

Magistrate Judge Netburn found that both Paula M. Carucci and David E. Eschenbaum are functional equivalents of an immediate family members to their stepfather Col. Ronald Franklin Golinski (Ret.), who the Report indicates "assumed all the responsibilities of raising [Carucci]" and "assumed all the financial, moral, and spiritual responsibilities of raising [Eschenbaum]" from the time he came into their lives in 1976 until he died on September 11, 2001. (*Id.* at 3–5.) The Report recommends that the solatium damages amount be reduced to $4,250,000, as opposed to the $8,500,000 award typically granted to functional equivalents of children or parents, in light of the fact that Col. Golinski did not marry their mother until Carucci was 11 years old and Eschenbaum was 10 years old, *i.e.*, after the two had passed "early childhood." (*Id.* at 3–6 (citing *Hoglan IV* Report at X).) This Court finds that Magistrate Judge Netburn did not act clearly erroneously in limiting the damages awards to Carucci and Eschenbaum.

4

## C. The Report Properly Determined That the Remaining Plaintiffs Are Functional Equivalents of Immediate Family Members to the Decedents.

Regarding the remaining individuals seeking solatium damages as functional equivalents, the Report accurately describes and analyzes each relationship with the relevant decedent, and properly finds that each Plaintiff is a functional equivalent of an immediate family member. Magistrate Judge Netburn appropriately found that each Plaintiff is entitled to the solatium damages amounts listed in Exhibit A. (Report at 2–4; 6–11.) Finally, Magistrate Judge Netburn accurately found that "Plaintiffs should be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 12.)

## III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 5433), is GRANTED in part and DENIED in part. It is

**ORDERED** that the *Burnett* Plaintiffs identified in the attached Exhibit A are awarded judgment for solatium damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motion in 03 MDL 1570, (ECF No. 5433), and in 15 Civ. 9903, (ECF No. 269), accordingly.

5

Dated: February 14, 2020
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

|    | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages Amount |
|----|---------------|-----------|--------------|-------------------------|
| 1  | James N. Pappageorge | Justin Benitez | Stepchild | $8,500,000 |
| 2  | Col. Ronald Franklin Golinski (Ret.) | Paula M. Carucci | Stepchild | $4,250,000 |
| 3  | Ruth Ellen Ketler | Robert Dow | Domestic Partner | $12,500,000 |
| 4  | Col. Ronald Franklin Golinski (Ret.) | David R. Eschenbaum | Stepchild | $4,250,000 |
| 5  | Stephen J. Colaio | Serena Giovi | Fiancée | $12,500,000 |
| 6  | Robert D. Cirri, Sr. | Kara Lydia Jerez | Stepchild | $8,500,000 |
| 8  | Claude Michael Gann | Paige Marie Rollison | Stepchild | $8,500,000 |
| 9  | Claude Michael Gann | Sarah Elizabeth Rollison | Stepchild | $8,500,000 |
| 10 | Renee A. May | David Spivock, Jr. | Fiancé | $12,500,000 |
| 11 | Charles A. Laurencin | Jacqueline Steed | Stepchild | $8,500,000 |
| 12 | Sergio Villanueva | Tanya Villanueva Tepper | Domestic Partner and Fiancée | $12,500,000 |