UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
IN RE:                              :
                                    :    MEMORANDUM DECISION
                                    :    AND ORDER
TERRORIST ATTACKS ON                :
SEPTEMBER 11, 2001                  :    03 MDL 1570 (GBD) (SN)
                                    :
                                    :
------------------------------------x

This document relates to:

> *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran et al.*, 15 Civ. 9903 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On August 31, 2019, the *Burnett* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (Pls.' Notice of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett*/Iran Pls., ECF No. 5028.)[1] Plaintiffs principally argue that the listed claimants[2] are the "functional equivalents" of immediate family members of certain decedents. (Mem. of Law for Entry of Partial Final Default Js. on Behalf of *Burnett*/Iran Pls., ECF No. 5029, at 9–23.) Before this Court is Magistrate Judge Sarah Netburn's January 10, 2020 Report and Recommendation (the "Report"), recommending that this Court grant in part and deny in part Plaintiffs' motion. (Report, ECF No. 5483, at 21–24.) This Court ADOPTS Magistrate Judge Netburn's Report.

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

[2] Plaintiffs' motion covers a total of 31 claimants, including 12 fiancés, seven domestic partners, 11 step-relatives, and one grandchild to various individuals killed in the September 11, 2001 terrorist attacks.

1

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

## II. MAGISTRATE JUDGE NETBURN PROPERLY APPLIED THE FUNCTIONAL EQUIVALENTS FRAMEWORK TO THE PLAINTIFFS

On July 30, 2012, Magistrate Judge Frank Maas established a framework to award solatium damages to immediate family members of a September 11, 2001 decedent, which this Court adopted on October 3, 2012. (R. & R. to the Honorable George B. Daniels, ECF No. 2618, *adopted by* Mem. Decision and Order, ECF No. 2623.) This framework specifically outlined the solatium awards for a decedent's spouse, parent, child, and sibling, and is as follows:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |

2

| Child | $8,500,000 |
|---|---|
| Sibling | $4,250,000 |

(*Id.*) This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. (*See* Report at 1 (citing *Hoglan II*, R. & R. dated Oct. 14, 2016, ECF No. 3363, *adopted by* Mem. Decision and Order dated Oct. 31, 2016, ECF No. 3384; *Hoglan IV*, R. & R. dated Aug. 8, 2017, ("*Hoglan IV* Report") ECF No. 3676, *adopted by* Mem. Decision and Order dated Nov. 17, 2017, ECF No. 3795).)

### A. The Report Properly Determined That Rebecca Chang Is Not a Functional Equivalent of an Immediate Family Member to the Decedent.

Here, Magistrate Judge Netburn correctly noted that Rebecca Chang, the stepdaughter of decedent Salvatore "Sal" Fiumefreddo, was six years old when her mother met Fiumefreddo. (Report at 4.) While the Report describes Fiumefreddo as the "father figure in [Chang]'s life on a daily basis," it also correctly notes that Fiumefreddo died only one year after he met Chang's mother. (*Id.*) Because the *Hoglan IV* Report set out a requirement that step-relatives moving for solatium damages demonstrate that they continuously cohabited with the decedent for a significant period of time, presumptively at least two years, before the date the Plaintiff turned eighteen and attained the age of majority, (*Hoglan IV* Report), Magistrate Judge Netburn did not commit clear error in recommending that Chang's request for solatium damages be denied (*see* Report at 4–5 (citing *id.*)).

3

## B. The Report Properly Found That Rhonda McCleary Is a Functional Equivalent of an Immediate Family Member to the Decedent and Properly Limited the Amount of Damages to Which She is Entitled.

Magistrate Judge Netburn correctly found that Rhonda McCleary is a functional equivalent of an immediate family member to her stepfather James "Jim" Durward Cleere, who the Report indicates "nurtured Rhonda, clothed her, fed her, and provided her with emotional support throughout her formative years." Although the Report notes that McCleary lived with Cleere and her mother until she was approximately 20 years old, the Report recommends that the solatium damages amount be reduced to $4,250,000, as opposed to the $8,500,000 award typically granted to functional equivalents of children or parents, in light of the fact that McCleary was already 10 years old at the time that she and Cleere began living together. (*Id.* at 15–16.) This is consistent with the Court's previous determination that stepchildren who had "passed early childhood but w[ere] still living in the family home (ages nine and above)" at the time that the decedent became part of their family may be entitled to solatium damages reduced by one-half of the total amount awarded for functional equivalents of children. (*See Hoglan IV* Report.) Magistrate Judge Netburn therefore did not commit clear error in finding that the amount in damages awarded to McCleary should be reduced to $4,250,000.

## C. The Report Properly Determined That the Remaining Plaintiffs Are Functional Equivalents of Immediate Family Members to the Decedents.

Regarding the remaining individuals seeking solatium damages as functional equivalents, the Report accurately describes and analyzes each relationship with the relevant decedent, and properly finds that each Plaintiff is a functional equivalent of an immediate family member. Magistrate Judge Netburn appropriately found that each Plaintiff is entitled to the solatium damages amounts listed in Exhibit A. (Report at 2–21.) Finally, Magistrate

4

Judge Netburn accurately found that "Plaintiffs should be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 24.)

### III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 5028), is GRANTED in part and DENIED in part. It is

**ORDERED** that the *Burnett* Plaintiffs identified in the attached Exhibit A are awarded judgment for solatium damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, (ECF No. 5028), and 15 Civ. 9903, (ECF No. 205), accordingly.

Dated: February 14, 2020
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

|    | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages Amount |
|----|---|---|---|---|
| 1  | Brian Cummins | Deborah L. Barrett | Fiancé | $12,500,000 |
| 2  | Stephen F. Masi | Theresa Bevilacqua | Stepdaughter | $8,500,000 |
| 3  | Gavin Cushny | Susann Carol Brady | Fiancé | $12,500,000 |
| 5  | Elizabeth C. Logler | Douglas C. Cleary | Fiancé | $12,500,000 |
| 6  | Donald A. Foreman | Cheryl D. Cooper | Domestic Partner | $12,500,000 |
| 7  | Kevin W. Donnelly | Mary Coughlin | Domestic Partner | $12,500,000 |
| 8  | Patricia McAneney | Margaret E. Cruz | Domestic Partner | $12,500,000 |
| 9  | William J. McGovern | John Cuccinello | Stepchild | $8,500,000 |
| 10 | Karen Lynn Seymour | William G. Dietrich | Fiancé | $12,500,000 |
| 11 | Paul Richard Salvio | Robert Giallombardo | Stepparent | $8,500,000 |
| 12 | Keith A. Glascoe | Veronica A. Glascoe | Registered Domestic Partner | $12,500,000 |
| 13 | Martin McWilliams | Lisa C. Goldberg-McWilliams | Domestic Partner | $12,500,000 |
| 14 | Johnnie Doctor, Jr. | Lydeda Grant | Stepchild | $8,500,000 |
| 15 | Johnnie Doctor, Jr. | Anthony Newsome | Stepchild | $8,500,000 |
| 16 | Joseph A. Ianelli | Monica Ianelli | Fiancé | $12,500,000 |
| 17 | Suzanne M. Calley | Frank G. Jensen | Fiancé | $12,500,000 |
| 18 | Joseph Leavey | Kerri Kelly | Stepchild | $8,500,000 |
| 19 | Joshua S. Vitale | Ina Leventhal | Fiancé | $12,500,000 |
| 20 | Charles Augustus Laurencin | Camille Nicole Martin | Grandchild | $8,500,000 |
| 21 | Kevin M. McCarthy | Chelsea Rhea McCarthy | Stepchild | $8,500,000 |
| 22 | James Durward Cleere | Rhonda McCleary | Stepchild | $4,250,000 |
| 23 | Mitchel Scott Wallace | Noreen V. McDonough | Fiancé | $12,500,000 |
| 24 | Joann Tabeek | Vincent A. Milotta | Fiancé | $12,500,000 |
| 25 | Michael J. Armstrong | Catherine M. Nolan | Fiancé | $12,500,000 |
| 26 | James N. Pappageorge | Gina Pinos | Fiancé | $12,500,000 |
| 27 | Daniel Maurice Van Laere | Cheryl Rinbrand | Fiancé | $12,500,000 |

| 28 | Juan G. Salas | Silveria Segura | Domestic Partner | $12,500,000 |
|----|---------------|-----------------|------------------|-------------|
| 29 | Michael Matthew Miller | Patricia Skic | Domestic Partner | $12,500,000 |
| 30 | Benjamin Suarez | Jose A. Franco-Suarez | Stepchild | $8,500,000 |
| 31 | Benjamin Suarez | Joscelyn C. Franco-Suarez | Stepchild | $8,500,000 |