UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 14 2020
```

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

> *Matthew Roewnhorst, et al. v. Islamic Republic of Iran*, 18 Civ. 12387 (GBD) (SN)
> *Roberta Agyeman, et al. v. Islamic Republic of Iran*, 18 Civ. 5320 (GBD) (SN)
> *Abel, et al. v. Islamic Republic of Iran*, 18 Civ. 11837 (GBD) (SN)
> *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, 18 Civ. 5306 (GBD) (SN)
> *Chang Dom Kim, et al. v. Islamic Republic of Iran*, 18 Civ. 11870 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge

On August 20, 2019, the *Agyeman*, *Abel*, and *DeRubbio* Plaintiffs each separately moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (*See* the *Agyeman* Pls.' Notice of Mot. for Partial Final J. II, ECF No. 4914; the *Abel* Pls.' Notice of Mot. for Partial Final Default J. II, ECF No. 4910; the *DeRubbio* Pls.' of Mot. for Partial Final J. II, ECF No. 4918.)[1]

Subsequently on August 21, 2019, the *Rowenhorst* and *Kim* Plaintiffs each separately moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

1

victims killed in the September 11, 2001 terrorist attacks. (*See* the *Rowenhorst* Pls.' Notice of Mot. for Partial Final J. II, ECF No. 4930; the *Kim* Pls.' Notice of Mot. For Partial Final J. II, ECF No. 4934.)

In each motion, Plaintiffs principally argue that the listed claimants[2] are the "functional equivalents" of immediate family members of certain decedents. (*See* the *Rowenhorst* Pls.' Mem. of Law in Supp. of Mot. for Partial Final J. II, ECF No. 4931, at 9–13; the *Agyeman* Pls.' Mem. of Law in Supp. of Mot. for Partial Final J. II, ECF No. 4915, at 8–10; the *Abel* Pls.' Mem. of Law in Supp. of Mot. for Partial Final J. II, ECF No. 4911, at 9–14; the *DeRubbio* Pls.' Mem. of Law in Supp. of Mot. for Partial Final J. II, ECF No. 4919, at 8–14; the *Kim* Pls.' Mem. of Law in Supp. of Mot. for Partial Final J. II, ECF No. 4935, at 11–18.) Before this Court is Magistrate Judge Sarah Netburn's January 23, 2020 Report and Recommendation (the "Report"), recommending that this Court grant in part and deny in part Plaintiffs' motion. (Report, ECF No. 5735, at 12.) This Court ADOPTS Magistrate Judge Netburn's Report, as it pertains to Plaintiffs John Proodian, Reginald Colon, Rosa Colon, Julio Masa Lebron, George A. Cuellar, and Rebecca Sue Loethen.[3]

---

[2] Plaintiffs' motions were addressed by this Court as they pertained to immediate family members' claims for solatium damages. (*See* ECF Nos. 5152, 5125, 5124, 5123, and 5122.) The remaining individuals for which this Court did not grant judgment include a total of thirteen claimants, comprised of four step-relatives, three spousal equivalents, and six aunts of various individuals killed in the September 11, 2001 terrorist attacks.

[3] On January 29, 2020, Plaintiffs filed a letter requesting an extension of time to object to the Report and indicating that this request applied solely to plaintiffs Diana P. Castano, Margaret Ann Williams, Christine Wilson, Katherine Wynn, Edith Otelia Harris, the Estate of Lelia Wynn, and the Estate of Dorothy Lee Coles. (ECF No. 5759.) This Court granted that request on February 6, 2020, (ECF No. 5869). Therefore, at this time, this Court will reserve judgment on the plaintiffs named in the February 29, 2020 letter.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

## II. MAGISTRATE JUDGE NETBURN PROPERLY APPLIED THE FUNCTIONAL EQUIVALENTS FRAMEWORK TO THE PLAINTIFFS

On July 30, 2012, Magistrate Judge Frank Maas established a framework to award solatium damages to immediate family members of a September 11, 2001 decedent, which this Court adopted on October 3, 2012. (R. & R. to the Honorable George B. Daniels, ECF No. 2618, *adopted by* Mem. Decision and Order, ECF No. 2623.) This framework specifically outlined the solatium awards for a decedent's spouse, parent, child, and sibling, and is as follows:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |

| Child | $8,500,000 |
|---|---|
| Sibling | $4,250,000 |

(*Id.*) This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. (*See* Report at 1 (citing *Hoglan II*, R. & R. dated Oct. 14, 2016, ECF No. 3363, *adopted by* Mem. Decision and Order dated Oct. 31, 2016, ECF No. 3384; *Hoglan IV*, R. & R. dated Aug. 8, 2017 ("*Hoglan IV* Report"), ECF No. 3676, *adopted by* Mem. Decision and Order dated Nov. 17, 2017, ECF No. 3795).)

### A. The Report Properly Determined That the Plaintiffs Are Functional Equivalents of Immediate Family Members to the Decedents.

The Report accurately describes and analyzes each plaintiff's relationship with the relevant decedent, and properly finds that each Plaintiff is a functional equivalent of an immediate family member. Magistrate Judge Netburn appropriately found that each Plaintiff is entitled to the solatium damages amounts listed in Exhibit A. (Report at 2–11.) Finally, Magistrate Judge Netburn accurately found that "Plaintiffs should be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 12.)

### III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF Nos. 4930, 4914, 4910, 4918, and 4934), are GRANTED as they pertain to Plaintiffs John Proodian, Reginald Colon, Rosa Colon, Julio Masa Lebron, George A. Cuellar, and Rebecca Sue Loethen. It is

**ORDERED** that the Plaintiffs identified in the attached Exhibit A are awarded judgment for solatium damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions for which this Court has not granted extensions of time for plaintiffs to object in 03 MDL 1570, (ECF Nos. 4930, 4914, and 4918), 18 Civ. 12387, (ECF No. 34), 18 Civ. 5320 (ECF No. 84), and 18 Civ. 5306 (ECF No. 85), accordingly.

Dated: February 14, 2020
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

|   | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages Amount |
|---|---|---|---|---|
| 1 | Richard Thomas Muldowney, Jr. | John Proodian | Stepchild | $8,500,000 |
| 2 | Jaime Concepcion | Reginald Colon | Stepchild | $8,500,000 |
| 3 | Jaime Concepcion | Rosa Colon | Stepchild | $8,500,000 |
| 5 | Ana M. Centeno | Julio Masa Lebron | Stepfather | $8,500,000 |
| 6 | Luke Dudek | George A. Cuellar | Spousal Equivalent | $12,500,000 |
| 7 | Julie Marie Geis | Rebecca Sue Loethen | Spousal Equivalent | $12,500,000 |