USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 14 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02 Civ. 6977 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On January 31, 2020, the *Ashton* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks. (Pls.' Notice of Mot. for Entry of Partial Final Default Js. on Behalf of *Ashton/Iran* Personal-Injury Pls., ECF No. 5792.)[1] The moving Plaintiffs are individuals who were either on site at the time of the terrorist attacks or who were in the vicinity of the areas where the attacks occurred, causing subsequent damage. (Mem. of Law for Entry of Partial Final Default Js. on Behalf of *Ashton/Iran* Personal-Injury Pls., ECF No. 5793, at 6.) Before this Court is Magistrate Judge Sarah Netburn's February 11, 2020 Report and Recommendation (the "Report"), recommending that this Court grant in part and deny in part Plaintiffs' motion, and for those Plaintiffs whose motions should be granted,

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

1

recommending the amounts in which each should be awarded pain and suffering damages. (Report, ECF No. 5914, at 3–4.) This Court ADOPTS Magistrate Judge Netburn's Report.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the September 11, 2001 terrorist attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs and is as follows:

2

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(*Id.* at 6.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what type of injuries this Court will typically consider to be "significant," "severe," or "devastating," and she also reserved this Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6–9.)

### A. The Report Did Not Err in Determining That Plaintiff Andrzej Cieslik is Not Entitled to Pain and Suffering Damages.

Magistrate Judge Netburn did not err in finding that Plaintiff Andrzej Cieslik is not entitled to an award of pain and suffering damages. As the Report outlines, there has not been a formal appointment of a representative of the Estate, and so at this time, it is not appropriate to grant personal injury damages to Cieslik's surviving spouse, *i.e.*, the anticipated representative of the Estate. (Report at 2.) Magistrate Judge Netburn did not commit clear error in recommending that Cieslik's motion be denied without prejudice to renew upon a formal appointment of the Estate representative. (*Id.*)

### B. The Report Did Not Err in Determining That Plaintiff Leonard Ardizzone is Entitled to Pain and Suffering Damages.

Magistrate Judge Netburn properly determined that the award of pain and suffering damages, as it applies to Plaintiff Leonard Ardizzone and as outlined in Exhibit A of this opinion, is appropriate. Ardizzone submitted a declaration wherein he extensively detailed the injuries he sustained during the September 11, 2001 terrorist attacks. (*See* Decl. in Supp.

3

of Mot. for Entry of Partial Final Default Js. On Behalf of *Ashton/Iran* Personal Injury Pls., Ex. C (Decl. of Leonard Ardizzone), ECF No. 5794-3.) The Report accurately describes Plaintiff's relevant injuries, and Magistrate Judge Netburn did not err in her categorization of Ardizzone's injury as "severe." (Report at 2–3.) Additionally, Magistrate Judge Netburn appropriately found that Ardizzone "should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 4.)

### III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 5792), is GRANTED. It is

**ORDERED** that the *Ashton* Plaintiff identified in the attached Exhibit A are awarded judgments for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, (ECF No. 5792), and 02 Civ 6977, (ECF No. 1235), accordingly.

Dated: February 14, 2020
     New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

| Number | Plaintiff | Pain and Suffering Damages Amount |
|--------|-----------|-----------------------------------|
| 1 | Leonard Ardizzone | $7,000,000 |