UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 1 4 2020

------------------------------------ x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------ x

This document relates to:

> *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02 Civ. 6977 (GBD) (SN)
> *Burlingame v. Bin Laden, et al.*, 02 Civ. 7230 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On January 31, 2020, the *Burlingame* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks. (The *Burlingame XI* Personal Injury Pls.' Mot. for Partial Final Js., ECF No. 5802.)[1] The moving Plaintiffs are individuals who were either on site at the time of the terrorist attacks or who were in the vicinity of the areas where the attacks occurred, causing subsequent damage. (*Id.* at 7.) Before this Court is Magistrate Judge Sarah Netburn's February 11, 2020 Report and Recommendation (the "Report"), recommending that this Court grant Plaintiffs' motion and recommending the amounts in which each Plaintiff should be awarded pain and suffering damages. (Report, ECF No. 5915, at 6–7.) This Court ADOPTS Magistrate Judge Netburn's Report.

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN).

1

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the September 11, 2001 terrorist attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs and is as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |

2

| Severe | $7,000,000 |
|---|---|
| Devastating | $10,000,000 |

(*Id.* at 6.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what type of injuries this Court will typically consider to be "significant," "severe," or "devastating," and she also reserved this Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6–9.)

## A. The Report Did Not Err in Determining That the Individual Plaintiffs Are Entitled to Pain and Suffering Damages.

Magistrate Judge Netburn properly determined that awards of pain and suffering damages, as broken down in Exhibit A of this opinion, are appropriate. Plaintiffs submitted declarations wherein they extensively detailed the injuries they sustained during the September 11, 2001 terrorist attacks. (*See* Decl. of Frank H. Granito, III in Supp. of Mot. for Partial Final J., ECF No. 5803.) The Report accurately describes the relevant injuries, and Magistrate Judge Netburn did not err in her categorization of each injury as "significant," "severe," or "devastating," nor did she err in finding that Plaintiffs Ling N. Young and Virginia DiChiara are each entitled to a $12,000,000 award, due to their respective "devastating injuries . . . including severe burns and loss of mobility." (Report at 2–3.) Additionally, Magistrate Judge Netburn appropriately found that "Plaintiffs should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 6.)

### III.  CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 5802), is GRANTED. It is

**ORDERED** that the Plaintiffs identified in the attached Exhibit A are awarded judgments for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, (ECF No. 5802), 02 Civ 6977, (ECF No. 1240), and 02 Civ. 7230, (ECF No. 102), accordingly.

Dated: February 14, 2020
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

| Number | Plaintiff | Pain and Suffering Damages Amount |
|:---:|:---:|:---:|
| 1 | Ling N. Young | $12,000,000 |
| 2 | Virginia DiChiara | $12,000,000 |
| 3 | Kathy Cordero | $10,000,000 |
| 4 | Edward A. Nicholls | $10,000,000 |
| 5 | Valecia Parker | $7,000,000 |