# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF (with Exhibit 1 filed under seal)**

February 19, 2020

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

     Plaintiffs write to request a pre-motion conference to address the structure and timing for motion practice relating to current and former Saudi government witnesses that the Kingdom recently indicated for the first time that it would not produce for deposition. Alternatively, in lieu of a conference, Plaintiffs propose that the Court immediately enter the scheduling order set forth below for the briefing of any motion for a protective order that the Kingdom wishes to file as to such witnesses, and Plaintiffs' anticipated cross-motion to compel the Kingdom to produce the witnesses for deposition.

     On February 3, 2020, Saudi Arabia served its letter response and objections to Plaintiff's December 6, 2020 Witness List, in which the Kingdom declared for the first time that it would refuse to offer any more than seven witnesses for deposition. Plaintiffs' Second Motion to Compel, Ex. 42 (filed under seal on February 12, 2020).

     Yesterday afternoon, the parties held a meet and confer phone call to discuss the deposition protocol, as well as the availability of Saudi government witnesses on Plaintiffs' list. Regarding its witnesses, the Kingdom was completely unwilling to compromise during the meet and confer, and again refused to agree to depositions of more than the seven specified Kingdom officials. Moreover, the Kingdom's counsel, Andy Shen, Esq., rejected Plaintiffs' efforts to agree on a motion schedule and contended that Plaintiffs were required to submit substantive

The Honorable Sarah Netburn
February 19, 2020
Page 2

briefing as to any disputes relating to the witnesses by this Friday, February 21, along with submissions concerning the proposed deposition protocol. This Court, however, only directed the parties to submit a "short letter on issues of dispute for me to resolve" involving the protocol. Jan. 13, 2020 Hearing at 39. The Kingdom had not yet disclosed its extensive list of witness objections, and there was no reason for this Court or the Plaintiffs to believe that the "short letter" accompanying the protocol would include substantive briefing addressing the Kingdom's specific objections relating to forty-seven witnesses central to jurisdictional discovery. To the contrary, the Court indicated at the hearing its expectation that it would take the parties "more than thirty days" from the date of the hearing "for the parties to agree on witnesses and pick dates for their depositions," *id.* at 36, and affirmed that Plaintiffs would be "entitled to 25 depositions" of Kingdom officials. *Id.* at 39. From these statements, it was apparent that the Court, like the Plaintiffs, never anticipated the Kingdom's near wholesale refusal to make its witnesses available, and the resulting expanded scope of disputes requiring resolution by the Court.

Indeed, at the January 2020 hearing, this Court rejected Saudi Arabia's proposed limits on the number of depositions and ordered that Plaintiffs could conduct the depositions of 25 Saudi government witnesses, and 15 non-party witnesses. *Id.* at 36-37. This Court, and the Plaintiffs, fully expected that the Kingdom would actually provide 25 witnesses to testify. Yet the Kingdom's February 2020 letter disregards this Court's January 2020 order, and essentially seeks through other means to limit Plaintiffs to the same 5 depositions that the Kingdom proposed at the initial April 2018 jurisdictional discovery hearing. April 13, 2018 Hearing at 17.[1]

Even more fundamentally, the Kingdom's contention that Plaintiffs must substantively brief issues relating to the Kingdom's witness "objections" in their letter due this Friday is procedurally improper. Specifically, as the party seeking to avoid depositions of relevant and knowledgeable witnesses, the Kingdom is required to move for a protective order (and bears the burden). Yet the Kingdom has not done so despite having had the names of most of the witnesses on Plaintiffs' list for more than a year, and its February 3, 2020 letter does no more than intone its grounds for objecting in the most summary and conclusory fashion, and offers none of the facts necessary for Plaintiffs or the Court to evaluate its claims of protection from discovery based on the alleged diplomatic status of witnesses or the so-called high official doctrine (to the extent either even applies to the witnesses in question). Plaintiffs cannot respond to objections and claims of privilege that have not been properly or competently raised. Accordingly, Plaintiffs respectfully submit that the Court should set a deadline for the Kingdom to file any motion(s) for protective order(s) as to the witnesses in issue.

---

[1] Of the seven witnesses, four are the key Saudi government actors, one of whom is in the United States and subject to subpoena. The remaining three individuals offered by Saudi Arabia are not among the top 25 witnesses sought by Plaintiffs.

The Honorable Sarah Netburn
February 19, 2020
Page 3

      The Kingdom is responsible for any delay in filing this essential motion. This Court first ordered Plaintiffs to serve a preliminary list of Saudi government witnesses for depositions in February 2019. ECF No. 4404. Plaintiffs served that preliminary list with the names of over 50 Saudi government witnesses on February 20, 2019, and specifically asked the Kingdom to advise Plaintiffs "whether it claims to be unable or unwilling to produce any of these individuals for deposition." Attached Exhibit 1.[2] The Kingdom never responded to Plaintiffs' preliminary list.

      On December 6, 2019, Plaintiffs provided a revised witness list, which repeated most of the same names provided by Plaintiffs to the Kingdom in February 2019. Again, the Kingdom did not provide any response, until it was ordered to do so by this Court. When the Kingdom finally did respond this month, it objected to depositions of the vast majority of the witnesses, and the number it proposed should be permitted to proceed corresponded almost exactly to the limit on depositions it unsuccessfully asked the Court to impose.

      As a result, the parties must now brief, and the Court must resolve, objections as to over 40 separate Kingdom officials, involving various issues of fact and law, including:

- the Kingdom's invocation of the Vienna Convention to prevent testimony of officials designated by the Saudi government as diplomats, despite the Kingdom's prior agreement to produce document discovery on the relevant issues from its Embassy and Consulate, and the fact that the Kingdom obtained diplomatic status for certain of its officials as cover for other non-diplomatic Saudi government activities they were conducting inside the U.S.;

- the Kingdom's repeated use of what it calls the "high-level official doctrine" to bar testimony of certain officials it claims are of ministerial rank, even though that "doctrine" does not bar government witnesses from providing relevant and needed testimony and the Kingdom has made no effort to sustain its burden to show that the doctrine applies or to address the relevant factors;

- the Kingdom's claims that certain witnesses are "beyond the scope of the limited jurisdictional discovery authorized by the Court" based on this Court's prior document discovery rulings, which do not bar relevant witness testimony; and

- the Kingdom's claims that certain officials have retired and are no longer under its control, without providing any information on the circumstances of the retirements of

---

[2] Exhibit 1 will be separately furnished to this Court, and filed with the Clerk under seal.

The Honorable Sarah Netburn
February 19, 2020
Page 4

these officials or their current positions, and whether the retirements were engineered because of this litigation.[3]

Plaintiffs propose the following briefing schedule:

| | |
|---|---|
| March 6, 2020 | Saudi Arabia must file any motion for protective order as to high ranking and diplomatic claims, and its retired officials, as to whom the Kingdom should include the date and reason for their retirements, and the official's current position; |
| March 20, 2020 | Plaintiffs must file their Opposition and Cross-Motion to compel; and |
| March 27, 2020 | Saudi Arabia must file its Reply Brief. |

Respectfully submitted,

COZEN O'CONNOR

 /s/ Sean P. Carter, Esquire
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

MDL 1570 Plaintiffs' Exec. Committee
for Commercial Claims
KREINDLER & KREINDLER

 /s/ Steven R. Pounian, Esquire
Steven R. Pounian, Esquire
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

MOTLEY RICE

 /s/ Robert T. Haefele, Esquire
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

cc:   All Counsel via ECF

---

[3] As to the "former" employees who have declined to appear "voluntarily," Plaintiffs asked the Kingdom's counsel yesterday if the Saudi government would agree to provide judicial assistance pursuant to a request from the Court to facilitate the appearance of witnesses for deposition. Counsel for the Kingdom indicated that they had not raised that issue with the Kingdom, but would do so in response to a written request from Plaintiffs. Plaintiffs sent an email to the Kingdom following up on this question, and are awaiting a response.