KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

February 20, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in opposition to the letter-motion (ECF No. 5982) of the Plaintiffs' Executive Committees ("Plaintiffs") for a pre-motion conference and briefing schedule on the subject of deposition witnesses. Saudi Arabia intends to file on February 21, 2020, the date the Court has already set for disputes about deposition witnesses in its February 11 order (ECF No. 5916). We do not object to a reasonable extension for Plaintiffs' response, but the schedule they propose is unreasonably long.

**1.**   At the January 13, 2020 conference, the Court directed Saudi Arabia to provide Plaintiffs with a response to their witness list by February 3. Hr'g Tr. 34:19-21 (Jan. 13, 2020) ("Jan. 13 Tr."). Saudi Arabia did so. On February 10, Plaintiffs filed a copy of Saudi Arabia's February 3 response with the Court as a sealed attachment to their response (ECF No. 5889) to the FBI's motion for an extension. In the body of their February 10 letter, Plaintiffs further stated that Saudi Arabia had "advised Plaintiffs that only seven of the 54 witnesses were 'available' " and indicated their intent to raise with the Court "disputes concerning the Plaintiffs' entitlement to depose other . . . Saudi officials." ECF No. 5889, at 2.

On February 11, 2020, the Court issued a docket order stating in part: "The parties are ORDERED to file their deposition protocol and any disputes related to deponents by February 21, 2020." ECF No. 5916. On February 18, counsel for Saudi Arabia met and conferred with counsel for Plaintiffs concerning the identities of the deponents. During the call, it was apparent that the parties would likely need assistance from the Court to resolve their disputes. As a result, counsel for Saudi Arabia called Plaintiffs' attention to the February 11 order and indicated that Saudi Arabia would move for a protective order on February 21.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 20, 2020
Page 2

      Plaintiffs have now filed a letter that fails to acknowledge the deadline already set by the Court in its February 11, 2020 order and requests that Saudi Arabia move for a protective order on March 6; Plaintiffs oppose and cross-move on March 20; and Saudi Arabia reply on March 27. That would delay the resolution of the dispute until mid-April at earliest. Saudi Arabia does not believe such a delay is warranted and is prepared to file a five-page letter-motion on February 21. Under the regular briefing schedule set by this Court in November 2019, *see* ECF No. 5334, at 44:2-5, Plaintiffs' five-page letter-opposition would ordinarily be due in three business days, on February 26; Saudi Arabia's three-page letter-reply, on February 28.

      The Court appears to have set the February 21, 2020 deadline deliberately to move this process forward. We are prepared (and would prefer) to comply with that deadline and to finish the rest of the briefing on the regular schedule. We recognize, however, that professional courtesy favors consent to reasonable extensions. To accommodate Plaintiffs' request for an extension, we propose that Saudi Arabia file on February 21; Plaintiffs oppose on February 28; and Saudi Arabia reply on March 5.[1]

      **2.**      Plaintiffs err in stating (at 2) that, at the January 13, 2020 hearing, "the Court, like the Plaintiffs, never anticipated the Kingdom's near wholesale refusal to make its witnesses available." Most importantly, the Court had before it Saudi Arabia's witness list (and a preview of Plaintiffs' complaints about that list) when it issued its February 11 order setting the current February 21 deadline. The information in that list is not new in any relevant sense.

      Even at the January hearing itself, counsel for Saudi Arabia stated plainly that "[m]ost of those individuals cannot be compelled to testify without voluntary consent of either Saudi Arabia or the original individual," Jan. 13 Tr. 22:2-4; "many . . . are current or former diplomatic or consular employees who are immune from compelled testimony under the Vienna Convention," *id.* at 22:6-8; "a number . . . [we]re high-ranking officials who cannot be deposed without a special showing of need," *id.* at 22:8-10; and "a number . . . are former employees not currently employed by the Saudi government," who "would be appearing, if they choose to do so, voluntarily," *id.* at 22:11-15. Counsel also specifically explained that Saudi Arabia had not yet determined "who is and isn't subject to Vienna Convention protection" or the "employment status" and "willing[ness] to voluntarily testify" of the individuals on the list. *Id.* at 23:17-24:1. Both Plaintiffs and the Court were thus fully aware of the categories of issues likely to arise.

      **3.**      None of those issues requires complex briefing. Most of the individuals who are unavailable are unavailable because they are retired and live outside the subpoena jurisdiction of

---

[1] That includes a two-day extension for Saudi Arabia's reply, which would help to accommodate previous commitments on March 3 for Mr. Rapawy, who will be presenting oral argument before the U.S. Supreme Court in *Liu v. SEC*, No. 18-1501; and Mr. Shen, who expects to be appearing at the hearing currently set on that date in Stockholm, Sweden, for witness testimony by Mohdar Abdullah.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 20, 2020
Page 3

the Court.  As the relevant events occurred 20 years ago and Plaintiffs' list focused heavily on mid-ranking to senior government officials, there is nothing surprising about that.  Plaintiffs' suggestion (at 3-4) that retirements were "engineered because of this litigation" is unfounded and false.  Saudi Arabia did not "engineer" any retirements to avoid testimony.  Plaintiffs have no basis to suggest otherwise.  Assembling a list of retirement dates to rebut Plaintiffs' made-up charge would be a waste of time.  So would extended briefing of the issue.[2]

The Vienna Convention issues are equally straightforward:  "[a] diplomatic agent is not obliged to give evidence as a witness," and this immunity "continue[s] to subsist" even after the agent leaves the receiving country "with respect to acts performed . . . in the exercise of his functions as a member of the mission."[3]  Function-based immunity also protects "[m]embers of a consular post."[4]  There is no concrete allegation or evidence that the individuals for whom Saudi Arabia has asserted immunity took any relevant acts outside the scope of their functions.  And Saudi Arabia has repeatedly made clear, including at the January 13 hearing, that its (extensive) voluntary compliance with targeted document requests as to its diplomatic and consular missions did not imply waiver of protection against compelled testimony.

The high-ranking official doctrine is well-settled in this Circuit, *see Lederman v. NYC Dep't of Parks & Recreation*, 731 F.3d 199 (2d Cir. 2013), and puts the burden on Plaintiffs to establish "that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means."  *Id.* at 203.  Saudi Arabia has invoked the doctrine as to only a small number of current or former officials who clearly qualify as high-ranking by holding the present or past rank of Minister, Ambassador, or head of a diplomatic mission.  All but two of those individuals are also unavailable for other reasons such as Vienna Convention immunity or former-employee status.  The arguments easily fit into ordinary letter-motion format.

Finally, the witnesses outside the scope of jurisdictional discovery (including Adel Al Sadhan, Mutaeb Al Sudairy, and the unnamed class of "California propagators") have been addressed in previous rulings that were briefed at great length.  Rehashing facts about them would be neither necessary nor productive.

In sum, Plaintiffs have not shown that the previously set deadline should be moved or that briefing over witnesses should be extensive or protracted.  The Court should continue to move this litigation forward so that depositions may begin.

---

[2] Counsel for Saudi Arabia have conveyed to their client Plaintiffs' request for information about procedures (if any) available under Saudi law to compel testimony from former employees.  We will advise the Court of our response in our February 21 letter-motion.

[3] Vienna Convention on Diplomatic Relations arts. 31(2), 39(2).

[4] Vienna Convention on Consular Relations arts. 44(3), 53(4).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 20, 2020
Page 4

                                            Respectfully submitted,

                                            /s/ *Michael K. Kellogg*

                                            Michael K. Kellogg
                                            *Counsel for the Kingdom of Saudi Arabia*

Cc:    The Honorable George B. Daniels (via facsimile)
        All MDL Counsel of Record (via ECF)