# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013) <br> Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Robert T. Haefele, *Co-Liaison Counsel* <br> MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

February 20, 2020

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

We write in reply to Michael Kellogg's letter of this morning on behalf of Saudi Arabia (ECF No. 5991), responding to Plaintiffs' request that the Court set a briefing schedule for any motion for a protective order Saudi Arabia may wish to file as to current and former officials on Plaintiffs' witness list.

Initially, and as indicated in Plaintiffs' letter of yesterday (ECF No. 5982), we note that the discussions during the meet and confer did not leave Plaintiffs with the impression that Saudi Arabia intended to file a motion for a protective order on February 21, 2020, to which Plaintiffs would be afforded an opportunity to respond. Quite to the contrary, the conversation during the meet and confer indicated that Saudi Arabia was taking the position that Plaintiffs were required to substantively brief all issues related to Saudi Arabia's objections to depositions of the witnesses as part of the submissions due on February 21, 2020, before Saudi Arabia had even submitted any substantive briefing to support its positions. Now that Saudi Arabia has acknowledged its obligation to first move for a protective order, Plaintiffs have written to the Kingdom to propose a schedule and structure for that briefing. A copy of Plaintiffs' email is attached hereto.

With regard to the schedule, Plaintiffs have no objection to Saudi Arabia filing its motion for a protective order on February 21, 2020. However, it is unrealistic to suggest that Plaintiffs should be required to respond to Saudi Arabia's motion covering 47 current and former government officials within seven days, and through a five-page letter brief. Contrary to Saudi

The Honorable Sarah Netburn
February 20, 2020
Page 2 of 3

Arabia's letter, these issues are not straightforward, and Saudi Arabia's efforts to invoke the high-ranking official doctrine and Vienna Conventions as to many of the officials is unsustainable for reasons unique to the individuals in question.  Thus, the claims of privilege or protection must be addressed as to each of the witnesses for which they have been invoked.

Saudi Arabia is also incorrect in suggesting that the information Plaintiffs seek about the removal of its alleged former government officials is irrelevant or would be a waste of time. That information may indicate that Saudi Arabia retains control over the witnesses, as they were removed from Saudi Arabia's employ to make them unavailable to testify, and/or have a continuing relationship with Saudi Arabia.  In the process of determining whether these witnesses were current or former employees, Saudi Arabia would have already discovered the basic information Plaintiffs are seeking, and it should not be difficult or controversial for the Kingdom to provide that information to Plaintiffs.  Plaintiffs believe it would be most efficient for Saudi Arabia to provide that information now.  If the Court prefers, Plaintiffs can address the issue in their consolidated opposition to the motion for a protective order and cross-motion to compel.

To allow these issues to be adequately presented to the Court, Plaintiffs have proposed to Saudi Arabia, and request that the Court endorse, the following schedule and structure for briefing on Saudi Arabia's motion for a protective order and Plaintiffs' cross motion to compel:

1.  By February 21, 2020, Saudi Arabia will file its motion for a protective order and identify any witnesses who allegedly left the employ of the Kingdom subsequent to the enactment of the Justice Against Sponsors of Terrorism Act, on September 28, 2016, not to exceed 20 pages;

2.  By March 9, 2020, Plaintiffs will file a brief in opposition to Saudi Arabia's motion for a protective order, and in support of Plaintiffs' cross-motion to compel Saudi Arabia to produce its witnesses, not to exceed 20 pages; and

3.  By March 16, 2020, Saudi Arabia will file its consolidated reply and opposition to Plaintiffs' cross-motion to compel, not to exceed 10 pages.

Plaintiffs' proposed schedule extends the briefing on these issues by a mere eleven days beyond the schedule proposed by Saudi Arabia, but assures that these complicated issues are afforded adequate treatment to allow the Court to make an informed and appropriate decision.

Again, Plaintiffs have submitted this alternate proposal to Saudi Arabia for consideration.

The Honorable Sarah Netburn
February 20, 2020
Page 3 of 3


Respectfully submitted,

KREINDLER & KREINDLER, LLP

By: */s/ Steven R. Pounian*
    Steven R. Pounian
    Kreindler & Kreindler, LLP
    750 Third Avenue
    New York, NY  10017
    Tel:  212-687-8181
    E-mail: spounian@kreindler.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

COZEN O'CONNOR

By: */s/ Sean P. Carter*
    Sean P. Carter
    Cozen O'Connor
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, PA  19103
    Tel: (215) 665-2105
    E-mail: scarter@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

MOTLEY RICE LLC

By: */s/ Robert T. Haefele*
    Robert T. Haefele
    Motley Rice LLC
    28 Bridgeside Boulevard
    Mount Pleasant, SC  29465
    Tel:  (843) 216-9184
    E-mail: rhaefele@motleyrice.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

Enclosure

cc:    The Honorable George B. Daniels (via ECF)
        All Counsel of Record (via ECF)

LEGAL\44974416\1

3

## Tarbutton, J. Scott

| | |
|---|---|
| **From:** | Carter, Sean |
| **Sent:** | Thursday, February 20, 2020 10:42 AM |
| **To:** | Shen, Andrew C. |
| **Cc:** | Kellogg, Michael K.; Rapawy, Gregory G.; zRobert Haefele; Steven R. Pounian; WTC[amaloney@kreindler.com]; WTC[jgoldman@andersonkill.com]; Strong, Bruce; Tarbutton, J. Scott |
| **Subject:** | Proposal Re your letter of this am |

Andy – We write in response to Michael's letter to Judge Netburn of this morning, in the hopes of reaching an agreement to resolve at least some of the disputes relating to briefing on the witnesses.

Initially, based on the discussion during the meet and confer, we did not at all understand that the Kingdom intended to file a motion for protective order on Feb 21 to which the plaintiffs would then respond. Rather, we understood you to have been asserting that plaintiffs were required to submit substantive briefing on Saudi Arabia's objections by February 21, before Saudi Arabia had filed any motion for protective order. Now that you have indicated that the Kingdom intends to move for a protective order, we would like to offer a compromise proposal for the schedule and structure of briefing on that motion.

In terms of schedule, we obviously have no objection to the Kingdom filing its motion on Feb 21. Given schedules and travel commitments on our side, we would propose that our opposition be due on March 9. We would propose a March 16 deadline for the Kingdom's reply. This will not materially delay the briefing beyond the dates you have proposed. We do not believe a 5 page letter brief to be remotely sufficient to provide the Court with the information it needs to resolve these issues. We would therefore propose that the Kingdom be permitted to file an initial brief, not to exceed 20 pages, that plaintiffs be permitted to file a brief opposing Saudi Arabia's motion for protective order and in support of plaintiffs' cross motion to compel, also not to exceed 20 pages, and that the Kingdom be permitted to file a consolidated reply in support of its motion and in opposition to plaintiffs' motion to compel, not to exceed 10 pages.

Please let us know if this compromise proposal is acceptable.



**Sean P. Carter**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 **|** Philadelphia, PA 19103
P: 215-665-2105 F: 215-701-2105
Email | Bio | LinkedIn | Map | cozen.com