KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 21, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      The Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this letter pursuant to the Court's February 11, 2020 Order, ECF No. 5916, to set forth Saudi Arabia's position on disputed issues regarding the deposition protocol.  A proposed protocol, highlighting disputed provisions, is attached as an Addendum.

      **Paragraph 7 – Deadline for the Completion of Fact Depositions.**  Saudi Arabia proposes that all fact depositions be complete by June 5, 2020, which provides for a fact-deposition period of more than three months (105 days).  This proposal is modeled after the Court's guidance at the January 13 hearing that a May 13 deadline for the completion of all fact depositions would be appropriate.  Hr'g Tr. 40:4 (Jan. 13, 2020) ("Jan. 13 Tr.").  That deposition period included a 60-day window "to take these depositions" and a 30-day window to "clean up and wind down."  *Id.* at 40:8-9.[1]  The June 5 deadline proposed by Saudi Arabia extends this period to account for time the parties have used to discuss potential witnesses and draft a proposed deposition protocol for the Court, and also adds an extra week to ensure time for any necessary follow-up after Eid Al-Fitr (the end of the Ramadan holiday, which falls on May 23).

      Plaintiffs propose that the Court set no deadline for the completion of fact depositions until "outstanding motions" against both Saudi Arabia and the FBI are fully resolved.  Add. ¶ 7 (Plaintiffs' Proposal).  As detailed in Saudi Arabia's February 11, 2020 letter, *see* ECF No. 5905, there is no end to the number of motions to compel, motions for reconsideration, motions to vacate, and Rule 72 objections that Plaintiffs have filed and will continue to file.  This Court has affirmed on multiple occasions that discovery should continue apace and that Plaintiffs' disputes

---

[1] The Court's proposed May 13 deadline also included a 30-day window "to get up and running."  Jan. 13 Tr. 40:7.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 21, 2020
Page 2

with the FBI should not "hold up the [K]ingdom's right to file a new motion to dismiss once a reasonable period of discovery has concluded." ECF No. 3964, at 23:13-17.[2] Plaintiffs' request for an indefinite fact deposition period is also at odds with Judge Daniels' direction in the March 28, 2018 order that "[l]imited jurisdiction discovery . . . shall proceed promptly and expeditiously." ECF No. 3946, at 41.

**Paragraph 8 – Identity of Non-Party Witnesses.** This Court's November 20, 2019 Order directed Plaintiffs "to file a letter stating the scope of information Plaintiffs intend to elicit from each witness." ECF No. 5297, at 1. Plaintiffs submitted a witness list on December 6, 2019, stating that Plaintiffs "have identified 35 potential third party witnesses," but refused to name those witnesses based on a conclusory statement that the witnesses have "personal safety concerns about providing testimony in a case involving the Kingdom of Saudi Arabia." Pls.' Witness List at 13.[3] Plaintiffs continue to withhold the identities of these individuals, despite the Court's directions at the recent hearing that the parties should "come to me with a clear idea about these 35 . . . individuals and exactly who they are" and that Plaintiffs "need" to "talk with the Kingdom about them." Jan. 13 Tr. 39:13-14, 23-24.[4] The Court should adopt Saudi Arabia's proposal that, by February 28, 2020, Plaintiffs identify any non-party witnesses that they may seek to depose. This deadline is necessary to prevent unfair surprise and to allow sufficient time to prepare for and schedule depositions.

**Paragraph 9 – Disclosure of Declarations.** The parties agree as a general matter to disclose fact declarations. They disagree, however, as to the deadline for production. Saudi Arabia has proposed that any declaration must be produced by the earlier of: (a) 14 days prior to the declarant's deposition; or (b) 30 days before the deadline for fact depositions. This proposal ensures that the parties have sufficient time to depose any declarant and that Plaintiffs cannot rely on declarations submitted after the fact deposition period is over. Plaintiffs' proposal would allow them to submit fact declarations even after the fact deposition period is over, and potentially while the renewed motion to dismiss is being briefed.

---

[2] *See also* Jan 13 Tr. 41:3 (noting desire to "keep moving us forward"); ECF No. 4237, at 29:6-13 (recognizing Saudi Arabia's "real interest in wrapping up this discovery and moving forward to the motion practice"); *id.* at 30:4-6.

[3] The only personal safety concerns expressed by any witness in this litigation were prompted by Plaintiffs' conduct in attempting to secure testimony. *See* ECF No. 5233 (granting protective order); *see also* ECF No. 5372 (sustaining in part and overruling additional objections to Plaintiffs' direct and redirect examination questions).

[4] During a meet-and-confer call on February 18, 2020, Plaintiffs inquired whether Saudi Arabia would agree to an attorneys'-eyes-only restriction on the list of 35 non-party witnesses. As indicated at the recent conference, Saudi Arabia objects to such a restriction. *See* Jan. 13 Tr. 39:24-40:1. To the extent Plaintiffs believe they have grounds to seek a protective order imposing an attorneys'-eyes-only restriction, they should file a motion promptly with the Court.

**Paragraph 18 – Deposition Locations.**  In its February 3, 2020 letter responding to Plaintiffs' witness list, Saudi Arabia identified the current and former government employees who were available for deposition, as well as the locations where those employees are willing to sit for deposition.  *See* Exh. 1 to Saudi Arabia's Mtn. for Protective Order (Feb. 21, 2020), at 1-2.  For each witness, counsel in good faith encouraged the witness to travel outside of Saudi Arabia for deposition.  All but two of the witnesses agreed to do so.  Plaintiffs are welcome to travel to Saudi Arabia for those two depositions and can readily obtain visas to do so.  *See Saudi eVisa Portal*, VisitSaudi.com, https://visa.visitsaudi.com/ (last visited Feb. 20, 2020).  If Plaintiffs' counsel are unwilling to travel to Saudi Arabia – or any other location where a witness is available – those depositions should proceed by videoconference.  This proposal respects the strong presumption that depositions should take place where witnesses are located,[5] which is only bolstered in this case by the significant sovereign interests at stake.

Plaintiffs' counter-proposal should be rejected.  *First*, Plaintiffs demand yet more written discovery, this time regarding current and former employees' travels over the past decade.  This information is beyond the scope of the "limited and targeted jurisdictional discovery" authorized by Judge Daniels and is unnecessary.  ECF No. 3946, at 23; *see* ECF No. 4009, at 1 (setting December 31, 2002, as the cut-off period); MTC Order[6] at 8 ("Imposing time constraints on Saudi Arabia's document production is consistent with the Court's obligation to be circumspect in allowing discovery.").  Further, it ignores the Court's direction that "formal paper discovery" is now "over."  Jan. 13 Tr. 43:9.

*Second*, Plaintiffs' proposal is a cut and paste of the "Presumptively Acceptable Locations" provision from the MDL Deposition Protocol.  *See* ECF No. 3894, ¶ 31.  As the Court made clear at the January 13 hearing, "the interests [pertaining to deposition location] are different in this case, given that these are . . . either current or foreign employees of a sovereign nation."  Jan. 13 Tr. 38:5-7.  Plaintiffs' counter-proposal ignores this guidance entirely.  At bottom, there are only *two* depositions that will proceed in Saudi Arabia – all others, including the depositions of all the key witnesses, will be conducted elsewhere.  Plaintiffs' proposal is unreasonable and should be rejected.[7]

---

[5] *See*, *e.g.*, *In re Petition of Boehringer Ingelheim Pharm., Inc. & Boehringer Ingelheim Int'l GmbH, in Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 745 F.3d 216 (7th Cir. 2014) (granting mandamus relief from a district court order requiring a company to produce Germany-based employees, 10 of whom were German citizens, in the United States for deposition); *Dagen v. CFC Grp. Holdings Ltd.*, 2003 WL 21910861 (S.D.N.Y. Aug. 11, 2003).

[6] "MTC Order" refers to the Court's July 22, 2019 opinion and order resolving Plaintiffs' first motion to compel.

[7] Several of the witnesses are former employees and are available for deposition only because they have voluntarily agreed to sit.  If the Court adopts a proposal requiring these

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 21, 2020
Page 4

**Paragraph 20 – Additional Document Production.**  The Court should reject Plaintiffs' proposal that they be allowed to request additional documents with their deposition notices.  "[F]ormal paper discovery" is now "over."  Jan. 13 Tr. 43:9.  Re-opening paper discovery in connection with each noticed deposition would circumvent that ruling.  As reflected in Saudi Arabia's proposal, however, Saudi Arabia will ask that each former and current employee of Saudi Arabia provide a curriculum vitae at least 7 days before that individual's deposition.

**Paragraph 21 – Number of Depositions Allowed.**  The Court should reject Plaintiffs' request to increase their allotted number of non-party fact depositions.  At the January 13 hearing, the Court authorized Plaintiffs to take 25 depositions of current or former Saudi employees and 15 depositions of non-party witnesses.  Jan. 13 Tr. 42:21-43:7.  When the Court set those parameters, it was well aware that a large number of the Saudi government witnesses on Plaintiffs' witness list likely would be unavailable because they are former employees or because of various immunities.[8]  Without taking a single deposition since that hearing, Plaintiffs have now requested that the Court enlarge the number of permitted non-party depositions.  They have presented no basis for this request, much less good cause.  *See United States v. Bank of Am.*, 2008 WL 128130, at *1 (W.D.N.Y. Jan. 11, 2008) (noting that a party must show good cause to justify increasing the number of depositions).  Furthermore, all depositions (other than depositions to establish the authenticity or admissibility of documents) should count against these deposition limits.

The Court should also make clear that Saudi Arabia is entitled to take depositions and that Saudi Arabia is subject to the same numerical deposition limits that apply to Plaintiffs.  To the extent Plaintiffs choose not to depose certain non-party witnesses, Saudi Arabia may choose to do so.  Saudi Arabia may also cross-notice certain party and non-party witnesses.  There is no basis to deny Saudi Arabia the basic ability to take depositions in support of its defense.

**Paragraph 31 – Attendance of Depositions.**  The Court should permit Saudi Arabia's party representative to attend all depositions, which is expressly permitted by this Court's rules.  *See* Loc. Civ. R. 30.3.  A party representative may be necessary to assist counsel during depositions on issues of fact, privilege, and translation.  Plaintiffs have asserted in the parties' meet-and-confer discussions that the presence of any Saudi Arabian government representative may "operate as a form of coercion to the witness."  This rhetoric is baseless and irresponsible.  Saudi Arabia's representatives have attended other depositions in this MDL and have not affected the proceedings or testimony in any way.

**Paragraph 42 – Deposition Time Limits When Translators Are Used.**  The MDL Deposition Protocol governing other depositions increases the time limits for depositions by 50%

---

witnesses to travel to other locations for deposition, there is no guarantee that these witnesses will still consent to participate in this case.

[8] *See* Jan. 13 Tr. 21:22-22:15, 34:25-35:13 (the Court recognizing the various reasons why Saudi Arabia may not produce a witness for deposition).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 21, 2020
Page 5

for depositions in which a translator is used.  ECF No. 3984, ¶ 80.  This rule has worked for every MDL deposition; there have been no requests to the Court for additional time due to translation issues.  Plaintiffs' proposal to increase time limits by 100% to account for translation is unreasonable and unnecessary.  If each side chooses to depose a witness who needs a translator, then that witness would already be subject to up to 21 hours of testimony under a 50% rule.  *See* Add. ¶¶ 40 (Joint Proposal), 42 (Saudi Arabia & Dallah Avco's Proposal) (providing each side with 7 hours, which would increase by 50% to 10.5 hours for witnesses who need a translator).  Plaintiffs' 100% proposal would unreasonably require certain cross-noticed witnesses to sit for up to 28 hours.[9]

**Paragraph 54 – Re-Opening Depositions Based on Errata.**  Plaintiffs have proposed that any time an errata sheet "substantively" changes the witness's answer – including because of translation errors – they should be permitted to re-open the deposition.  Add. ¶ 54 (Plaintiffs' Proposal).  This is inconsistent with the Federal Rules, which require a showing of good cause to re-open a deposition.  *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); *see also* Fed. R. Civ. P. 30 advisory committee note (2000 Amendments) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.").  As Saudi Arabia has suggested to Plaintiffs, translation problems can be ameliorated if each side has a "check" translator present who can assist the parties in resolving any translation issues during the deposition.  In any event, consistent with this Court's precedent, Plaintiffs should be required to show good cause before any deposition is re-opened.  *See*, *e.g.*, *City of Almaty, Kazakhstan v. Ablyazov*, 2017 WL 9771809, at *3 (S.D.N.Y. July 28, 2017) ("[A] movant must show good cause to reopen and extend the deposition.").

**Paragraph 62 – Use of FBI Materials at Deposition and Deposition Preparation.**  The parties jointly propose the language in Paragraph 62 to allow for the efficient preparation for and taking of depositions.  The FBI has consented to all but the last sentence of this paragraph.  The parties have submitted this sentence to the FBI for its review.

**Expert Disclosures.**  At the January 13 hearing, the Court asked the parties to submit a deadline for "a list of the expert or experts that the parties intend to or would offer if permitted and the subject matter of their testimony."  Jan. 13 Tr. 40:18-20.  The Court requested that the deadline be "plus or minus 30 days from February 21st."  *Id.* at 40:22-23.  Saudi Arabia proposes a deadline of March 6, 2020.  Plaintiffs ignore the Court's instructions entirely and instead have proposed in meet-and-confer discussions that the deadline for expert disclosures be set "within 45 days of the deadline for completion of fact depositions."  Exh. 1, at 1.  That would not allow the Court an opportunity to determine at an early juncture whether experts should be permitted at all.

---

[9] For certain witnesses, Plaintiffs have already indicated that they will ask for even more time, which could easily result in a week-long deposition.  *See* Add. ¶ 40 (Joint Proposal) (stating that Plaintiffs will seek additional deposition time for at least four witnesses).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 21, 2020
Page 6

                                            Respectfully submitted,

                                            */s/ Michael K. Kellogg*

                                            Michael K. Kellogg
                                            *Counsel for the Kingdom of Saudi Arabia*


cc:   The Honorable George B. Daniels (via facsimile)
        All MDL Counsel of Record (via ECF)