# Addendum

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: ) | 03-MDL-1570 (GBD) (SN) |
| TERRORIST ATTACKS ON ) | [PROPOSED] DEPOSITION PROTOCOL |
| SEPTEMBER 11, 2001 ) | ORDER #2 |

SARAH NETBURN, United States Magistrate Judge:

1)  On March 28, 2018, the Court denied Saudi Arabia's motion to dismiss (ECF No. 3946 at 7, 41), and authorized the Plaintiffs to engaged in "limited and targeted jurisdictional discovery" relating to their claims against Saudi Arabia. *Id*. at 23. On January 13, 2020, the Court directed the Plaintiffs and Saudi Arabia to meet and confer (*see* Tr. Jan. 13, 2020 Hearing at 35) regarding a deposition protocol governing fact depositions concerning the claims against Saudi Arabia.

2)  This order sets forth the deposition protocols, between Plaintiffs, Saudi Arabia, and Dallah Avco (the "Parties"), applicable to depositions of all fact witnesses (including non-party witnesses and witnesses under Federal Rule of Civil Procedure 30(b)(6)) in the context of the authorized jurisdictional discovery concerning the claims against Saudi Arabia in these MDL Proceedings.

3)  Nothing in this Order shall preclude any Party or witness to which or whom this Order applies from seeking to modify it later for good cause shown; prior to doing so, however, counsel shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

4)  The term "Deposition Point Persons" refers collectively to the MDL Plaintiffs' Executive Committees co-chairs and liaison counsel (or their designees), counsel for defendant Kingdom of Saudi Arabia and Dallah Avco (or their designees), and (where known) counsel for the deponent.

5)  The sides may stipulate to different arrangements or rules other than those specified in this Order.

## I.   General Provisions

6)  The MDL Protective Order entered on October 3, 2006 (ECF No. 1900) and the Privacy Act Order and Protective Order for FBI Documents (ECF No. 4255), remain in effect to the extent that they are not in conflict with the provisions of this Order. Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure or the Court's previous orders pertaining to the Parties entered in these MDL proceedings.

7)

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| The following outstanding motions regarding FBI and Saudi Arabia document discovery and Saudi Arabia witnesses shall be resolved before a deposition schedule is set with discovery deadlines.<br><br>a) Plaintiffs have outstanding document discovery requests regarding productions from Saudi Arabia and the FBI that are currently the subject of motion practice before the Court.<br><br>b) Plaintiffs have previously provided to Saudi Arabia and the Court a list of current and former employees of Saudi Arabia that Plaintiffs seek to depose. During the hearing on January 13, 2020, the Court indicated that the Court would allow 25 depositions of Kingdom officials (*see* Tr. Jan. 13, 2020 Hearing at 36). On February 3, 2020, Saudi Arabia responded to Plaintiffs indicating whether each witness is available for deposition and, if so, the Kingdom's preferred location of each deposition. The Kingdom's list identified only seven witnesses were available. The parties met and conferred regarding the witnesses, and have disputes that must be addressed to the Court. | The Parties shall complete all fact depositions on or before June 5, 2020. No extensions shall be granted absent a showing of good cause. |

2

|  |  |
|---|---|
| c) Following the Court's ruling on the motions regarding FBI and Saudi Arabia document discovery and Saudi Arabia witnesses, the parties shall immediately meet and confer on a deposition schedule, and submit to the Court either agreed or disputed deposition schedule(s), and proposed discovery deadline(s).<br><br>d) Depositions of third-party document custodians may commence immediately. |  |

8)

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| Plaintiffs will provide notices of the deposition of any non-party witness at least three weeks in advance of the deposition. With regard to certain depositions, Plaintiffs may meet and confer with counsel for Saudi Arabia, and file an appropriate application with the Court if necessary, to establish safeguards necessary to protect the witness and testimony. | Plaintiffs have previously provided to Saudi Arabia and the Court a list of current and former employees of Saudi Arabia that Plaintiffs seek to depose. On February 3, 2020, Saudi Arabia responded to Plaintiffs indicating whether each witness is available for deposition and, if so, the location of each deposition.<br><br>Plaintiffs shall identify all non-party witnesses that they intend to depose no later than February 28, 2020. |

9) The Parties shall identify any fact witnesses from whom they have reason to expect they will present a declaration 45 days before the deadline for fact depositions, and if requested, provide the addresses of those witnesses so that they may be subpoenaed for deposition or arrange for service of deposition subpoenas by the other side. The parties shall promptly supplement such identification if additional witnesses become amenable to submitting declarations, and the other side shall be afforded an opportunity to depose the declarant.

3

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| Any declaration from such a witness shall be produced 14 days prior to that witness's deposition. No fact witness declaration (other than a declaration to establish authenticity or admissibility of documents) may be used with respect to jurisdictional proceedings following the close of discovery, whether related to a renewed motion to dismiss, evidentiary hearing, or other process, if the other side has not been afforded a reasonable opportunity to depose the declarant. | Any declaration from such a witness shall be produced on the earlier of: (a) 14 days prior to that witness's deposition; or (b) 30 days before the deadline for fact depositions. No fact witness declaration (other than a declaration to establish authenticity or admissibility of documents) may be used with respect to the renewed motion to dismiss, if the other side has not been afforded a reasonable opportunity to depose the declarant or if the declaration is not produced by the deadline set forth in this paragraph. |

## II.   Deposition Notices, Scheduling, and Logistics

10) All deposition notices and deposition subpoenas shall comply with the Federal Rules of Civil Procedure and this Order. This Order, in its entirety, shall be attached to any subpoena or deposition notice for a non-party's deposition

11) Notices for Depositions shall be served by e-mail, facsimile, or other electronic means on Deposition Point Persons.

12) Deposition Point Persons shall confer before noticing or subpoenaing a deposition in an effort to schedule depositions for mutually convenient dates and times. To the extent that a proposed witness is unable to be deposed on the noticed date of his or her deposition, Deposition Point Persons shall promptly confer to discuss alternative dates.

13) Deposition Point Persons are expected to cooperate and coordinate the scheduling of depositions in an effort to accommodate all counsel and Parties and to schedule the depositions in the most efficient manner feasible regarding date and time. With respect to non-party witnesses, the Deposition Point Persons will also cooperate and coordinate regarding location. Toward that goal, the Deposition Point Persons shall periodically meet and confer to develop a plan for scheduling depositions that will maximize efficiency and control costs by attempting to schedule witnesses to be deposed in blocks of time, especially where the depositions are scheduled to occur outside of the United States.

14) To ensure the expeditious progress, in the event that the Deposition Point Persons are unable to reach agreements—either advance agreement on dates and times (and, with

respect to non-party witnesses, locations), or agreement as to blocks of depositions to be scheduled—the noticing Party may notice the deposition in accordance with this Order; should any other Party or the witness maintain a need for relief thereon, such request for relief shall be submitted promptly for judicial resolution.

15) To allow for planning, preparation, and coordination, fact depositions of witnesses residing in the United States must be noticed at least fourteen (14) days before they are scheduled to occur. Because additional planning, preparation, coordination, and travel is attendant to depositions conducted outside the United States, depositions outside of the United States must be noticed at least twenty-one (21) days before they are scheduled to occur.

16) Expedited depositions may be scheduled by agreement of the Deposition Point Persons in writing or as ordered by the MDL Court, and in which event the time limitations for notice may be lessened, as well as the time limitation for production of any documents sought by third-party subpoena in conjunction with such a deposition.

17) In the absence of agreement, for witnesses who reside or work in the United States, a deposition may take place within (a) the county in which the deponent resides, (b) the county in which the deponent is employed, (c) the judicial district of the MDL Court, or (d) a mutually agreeable location.

18)

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| The parties are submitting motions to the court addressing disputes as to certain proposed deponents, including as to locations. The parties will be guided by the Court's holdings on those motions, as to location and other relevant issues. Plaintiffs' core proposal is:<br><br>For each current or former official of Saudi Arabia who is being deposed, Saudi Arabia shall provide a list of all location(s) outside of Saudi Arabia that each such witness has travelled from 2010 to date.<br><br>For those witnesses who reside outside of the United States, a deposition shall take place in New York, New York; London, United Kingdom; Madrid, Spain; and Rome, Italy (collectively, "Presumptively Acceptable Locations"). Notwithstanding | For each current or former official of Saudi Arabia who is being deposed, Saudi Arabia has already provided locations (if any) outside of Saudi Arabia where the witness is willing to be deposed.<br><br>If a Party's counsel is unable or unwilling to travel to the location of a deposition that deposition may proceed by videoconference. |

5

|  |  |
|---|---|
| the preceding sentence, upon agreement of the Parties, a deposition may take place in some location other than those four Presumptively Acceptable Locations, including one of the locations where the witness travelled from 2010 to date. Locations covered by a "Travel Warning" by the U.S. State Department may be inappropriate locations for conducting depositions and the Parties should meet and confer to ensure a safe location. The Parties should also discuss any applicable local laws that may affect the taking of the deposition.<br><br>If the Parties and deponent agree, the deposition may be taken by videoconference. |  |

19) The costs of a deposition venue of reasonable size (as necessary to accommodate up to fifteen people) and, if applicable, the costs of securing a court reporter shall be borne by the Party noticing the deposition.

20)

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| Given the pending motions, document discovery remains ongoing. For any notice of deposition where there is an accompanying request for the production of documents, the producing Party shall, within seven (7) days of receipt of such notice, alert counsel for the noticing Party and the Deposition Point Persons of any reason that the requested documents cannot be produced a minimum of seven (7) days prior to the date noticed for the deposition. As to each witness, where a curriculum vitae or comparable document exists, the witness or the witness's counsel shall produce the document at least seven days before the date originally noticed for the witness's deposition. | Written discovery is closed. For current and former employees of Saudi Arabia, Saudi Arabia will request that the witness voluntarily produce a curriculum vitae seven (7) days before the deposition. |

6

|  |  |
|---|---|
| Plaintiffs may demand the production of documents that are identified during the course of a deposition, and the parties shall meet and confer regarding any disputes, and file any motions, if necessary with the Court. |  |

### III. Number of depositions allowed

21) During the hearing on January 13, 2020, the Court ordered that Plaintiffs shall take no more than twenty-five (25) depositions of current or former employees of Saudi Arabia and fifteen (15) depositions of all other fact witnesses and that Plaintiffs' prior depositions of Khalil Al Khalil and Osman Kaldrim will count against Plaintiffs' 15-deposition limit. Notwithstanding these limitations, depositions for the principal purpose of authenticating documents are not counted against the Parties' limit.

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| For the reasons stated in Plaintiffs' accompanying letter, Saudi Arabia is permitted to depose Plaintiffs' deponents or declarants, but the Court has not granted and should not grant Saudi Arabia the right to conduct additional affirmative depositions. To the extent that Plaintiffs do not depose 25 current or former employees of Saudi Arabia, Plaintiffs shall be entitled to conduct additional depositions of fact witnesses. Notwithstanding these limitations, depositions for the principal purposes of (a) obtaining testimony necessary to assess the meaning and import of documents provided by non-parties; or (b) impeaching the deposition testimony of another witness based on a prior statement, are not counted against the parties' limit. In addition, depositions conducted for purposes of Plaintiffs' discovery disputes with the FBI, including any deposition of | Saudi Arabia will be subject to the same deposition limits as Plaintiffs.<br><br>All depositions (other than depositions to establish authenticity or admissibility of documents) will count against the parties' deposition limits. |

| | |
|---|---|
| an FBI records custodian, shall not count against these limits.  Further, depositions of declarants offered by Saudi Arabia or Dallah Avco shall not count against this limit. | |

22) Unless otherwise agreed to by the Parties or ordered by the Court, depositions shall not be taken on days that would interfere with a deponent's religious observances.  In addition, counsel and Parties shall also use their best efforts to accommodate any conflict due to religious observance of witnesses (including Ramadan) and of counsel whose participation in the deposition is necessary.

23) All fact witnesses may be deposed only once unless (i) otherwise agreed to in writing by both sides or (ii) authorized by an order of the MDL Court upon a showing of good cause by the Party seeking the additional deposition.

24) Plaintiffs may serve a single 30(b)(6) notice on Saudi Arabia listing all topics on which Plaintiffs seek 30(b)(6) testimony.  To the extent Plaintiffs intend to serve any 30(b)(6) notice, it must be served no later than 8 weeks before the close of the fact deposition period.  The 30(b)(6) deposition will count against Plaintiffs' 25-deposition limit for current and former employees of Saudi Arabia.

25) A witness may be deposed once in his individual capacity and separately if designated as 30(b)(6) representative.

## IV.   *Touhy* Requests

26) Access to the testimony of a current or former government employee is often restricted by U.S. or state law or regulation and may only proceed with government permission upon request (a "*Touhy* request").  Prior to the submission of any Touhy request, the Parties shall meet and confer on the subjects to be included in such request so that the request includes all topics desired by both sides.  All Touhy requests will separately indicate the testimony requested by Plaintiffs and the testimony requested by Defendants.

## V.   Rescheduling and Resolution of Deposition Disputes

27) Any disputes regarding the timing or scheduling of the deposition or any other objections to a deposition shall be resolved through the procedures stated in ECF No 3894, paragraphs 40-46.

## VI.   Recording

28) Each witness, attorney, and other person attending the deposition (in person, electronically, or telephonically) shall be identified on the record at the commencement of the deposition. The videotape recording shall include the court reporter administering

      the oath or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

29) The videotape operator shall use recording equipment with an appropriate timer and, unless otherwise agreed to by the Parties, shall prepare and provide counsel with a log, cross-referenced with timestamps, that identifies the portion of the recording at which examination by different counsel begins and ends and when there is any interruption of continuous tape recording, whether for recess, "off the record" discussions by counsel, mechanical failure, or other interruption.

30) Video recording will be suspended during all "off the record" discussions and the video operator shall note such suspensions.

## VII.    Attendance

31) Unless otherwise agreed to by the Parties or ordered under Federal Rule of Civil Procedure 26(c) and subject to the terms of the MDL Protective Order (ECF No. 1900) and the Privacy Act and Protective Order for FBI Documents (ECF No. 4255), depositions may be attended (either in person or remotely) only by the witness, counsel for the witness, attorneys of record in the MDL Proceeding and their staff, court reporters, videographers, translators, and the Parties' in-house counsel. All persons in attendance (either in person or remotely) must be noted on the deposition record.

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| It is anticipated that a party representative will be permitted to attend depositions, subject to the limitations of the FBI Protective Order, provided, however, that the party seeking to include its representative shall identify the name and position of the representative who plans to attend at least 20 days in advance of the deposition, and the parties shall confer in the event there are any objections to the representative's attendance. Any disputes relating to a representative's attendance shall be presented to the Court in a letter, not to exceed 3 pages, at least 10 days in advance of the deposition. | Saudi Arabia's and Dallah Avco's party representatives may attend depositions. |

32) Upon motion, and for good cause shown, the MDL Court may permit attendance by a person who does not fall within any of the categories above or prohibit attendance by a person who does fall within any of the categories.

33) While a deponent is being examined about any information subject to the MDL Protective Order (ECF No. 1900) or the Privacy Act and Protective Order for FBI Documents (ECF No. 4255), persons to whom disclosure is not authorized shall be excluded.

34) A witness (other than a Party) who appears on any Party's list of witnesses to be deposed is prohibited from attending other depositions in the MDL Proceeding prior to the taking of that witness' own deposition.

35) The Plaintiffs' Executive Committees shall designate an attorney to serve as the lead examiner to conduct the principal examination of each deponent on behalf of the MDL Plaintiffs.

36) Given deposition time limits and in the interest of efficiency, the Plaintiffs' Executive Committees shall designate the attorneys to examine each witness, and the Court encourages the Committees to designate no more than three attorneys to serve as the examiners of each deponent on behalf of all Plaintiffs.

37) Plaintiffs' Counsel shall diligently work together to ensure that questioning on behalf of Plaintiffs in the MDL proceeds in the most efficient manner possible.

38) All counsel shall use reasonable efforts not to ask duplicative questions of a witness.

## VIII.   Remote Participation

39) Remote participation of interested counsel shall be governed by the procedures stated in ECF No 3894, paragraphs 71-74.

## IX.   Duration of Depositions

40) All questioning by the noticing side shall be limited to seven (7) hours. The non-noticing side of the deposition will also be permitted to question the witness for up to seven (7) hours. The noticing side may have additional time to address any subjects and/or answers that are raised for the first time during the questioning by the non-noticing side, and the non-noticing side may also have an equal time for questioning thereafter. Plaintiffs state that, as provided in Fed. R. Civ. P. 30(d)(1), additional time consistent with Rule 26(b)(1) and (2) will be needed to fairly examine various deponents, including Fahad al-Thumairy, Omar al-Bayoumi, Musaed al-Jarrah, and Smail Mana. Saudi Arabia is willing to meet and confer with Plaintiffs regarding this request, once Plaintiffs have a concrete proposal.

41) During the scheduling of a deposition, prior to noticing a deposition, if a side believes there is an exception to the seven-hour limitation, then the parties shall meet and confer to reach an agreement. Absent agreement, this issue must be briefed and decided by the

Court. To the extent the non-noticing side for a deposition reasonably anticipates that its questioning of the witness will exceed ninety minutes, it will provide notice at least ten (10) days before the scheduled deposition, so arrangements can be made for the deposition to continue into an additional day, if necessary; provided, however, that this provision shall not be interpreted to preclude any Party on the non-noticing side from questioning a witness for the time that Party may deem necessary up to its limit of seven (7) hours. The Parties may, by agreement, modify this provision in the context of a particular deposition as may be appropriate to facilitate to enhance coordination.

42) The time limits for a deposition set forth above shall be based on the actual time spent in examining the witness. Time spent on attorney colloquy and breaks (including for lunch) shall not be counted toward the time limit. Colloquy regarding translations shall be excluded from calculation of time.

| Plaintiffs' Proposal | Saudi Arabia & Dallah Avco's Proposal. |
|---|---|
| All time limits for depositions shall be increased by one hundred percent (100%) in the event that the witness requires a translator. | All time limits for depositions shall be increased by 50 percent (50%) in the event that the witness requires a translator. |

## X. Examination, Objections, Confidentiality, Consultation

43) All objections, except those as to form, foundation, manner of taking the deposition, and privilege, are reserved until trial or other use of the depositions.

44) Counsel shall state all objections in a concise, nonargumentative, and nonsuggestive manner—i.e., counsel shall not make objections or statements in order to suggest an answer to a witness. Counsel shall not engage in colloquy in objecting to a question or responding to an objection. The phrases "objection as to form," "objection as to foundation," or similar language are sufficient and shall preserve all objections as to form and foundation until a Party seeks to use a deposition. To prevent a deponent from being improperly guided by objections and other colloquy, and to reduce the time to complete depositions, objections and colloquy shall not be translated by the translator unless necessary to afford the witness proper direction.

45) If a deposition is cross-noticed, the Parties shall confer in good faith about the order of examination.

46) Any objection raised by one Party is preserved as to all other Parties on that side. Counsel for other Parties should avoid repeating the objection. To determine whether there is a need to cure a defect in a question, counsel conducting the examination may ask the attorney lodging the form or foundation objection to identify the specific defect. If an explanation for the basis of the objection is requested, objecting counsel shall explain the

11

basis for the objection. Nothing herein shall prohibit counsel for a Party or for the deponent from objecting to preserve a privilege or confidentiality, to identify an ostensible mistranslation, or to enforce a limitation imposed by court order, law, or rule.

47) A deponent may be instructed not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the MDL Court, or to present a motion under Rule 30(d)(3).

48) When a question is pending, the witness must first answer the question before consulting with counsel, except that a witness may consult with counsel at any time for the purpose of (a) determining whether a privilege or immunity exists, (b) determining whether disclosure of information may violate an order of the MDL Court or another court or may violate any other law, rule, or restriction, or (c) addressing an issue regarding confidentiality or whether the information sought is subject to an applicable protective order. Such consultations are attorney-client privileged and work product protected. Attorney-witness conferences should be kept to a minimum and should not be employed to coach the witness or otherwise improperly shape the witness's testimony.

49) When a privilege or protection is claimed, to the extent a witness is able to answer questions relevant to the existence, extent, or waiver of the privilege (such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and such other information as may be necessary to determine the nature of the purportedly privileged communication), without waiving the privilege or protection, the witness should do so.

50) Treatment of Confidential Information in depositions is governed by section G of the MDL Protective Order (ECF No. 1900) and the Privacy Act and Protective Order for FBI Documents (ECF No. 4255).

## XI.   Interpreters

51) For witnesses who require a translator, the noticing Party bears the cost of securing a qualified and official neutral translator for the deposition. In addition, counsel for any Party may bring its own translator to the deposition for the purpose of assisting that counsel.

52) Absent the Parties' agreement, for any witness who, at least fourteen (14) days before the deposition, states that he or she lacks sufficient familiarity with English to understand questions asked in English or to respond to questions in English, the Parties will secure a neutral interpreter. Counsel for the witness or defending Party shall promptly, but in any event no less than fourteen (14) days before the deposition, notify the Deposition Point Persons if a witness will require the use of an interpreter during a deposition.

53) If a Fact Witness does not indicate the need for an interpreter but then demonstrates an inability or unwillingness to respond to questions due to alleged language difficulty, any

Party may bring the issue to the attention of the MDL Court so that a proper remedy may be fashioned.

54) In the event that a Party or witness objects to a translation of the translator, the objecting Party has the right to raise its objection on the record to the translation, affording the opportunity for correction, and may file an errata sheet within sixty (60) days after the date that the transcript is received by counsel for the Party or the witness. Colloquy regarding translations is excluded from the parties' allotted time for questioning and are not to be used to lead or otherwise coach a witness.

| Plaintiffs' Proposal | Saudi Arabia's & Dallah Avco's Proposal. |
|---|---|
| To the extent that the errata sheet substantively changes the witness's answer, the witness shall be made available to address the revised answer. | No witness shall be recalled for additional testimony absent a showing of good cause. |

55) Any objection to a translation must be mindful of the requirements of Federal Rule of Civil Procedure 30(c)(2). Counsel shall refrain from argumentative or suggestive objections, and colloquy in the witness's presence shall be kept to a minimum.

56) In the event that a Party or witness objects to repeated mistranslations at a deposition, that Party or witness may, after meeting and conferring with the other Parties attending the deposition, stop the deposition and seek relief from the MDL Court and a continuation of the deposition with another translator.

## XII. Provision of Documents

57) All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.

58) During a deposition, copies of documents about which counsel plan to examine the deponent shall be provided to counsel for the deponent and counsel for the other Party participants. As a general rule, hard copies of the documents should be made available to the deponent, the deponent's attorney, and the principal examiners of the deponent. The documents may be provided to other attendees on electronic media such as CDs, DVDs, or USB drives. To the extent possible, all exhibits should have printed Bates or other document control numbers affixed before distribution, which shall remain constant throughout the litigation.

59) Counsel shall use best efforts to mark exhibits sequentially and shall attempt to use previously marked exhibits in subsequent depositions rather than re-marking the same documents with different exhibit numbers.

60) Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the MDL Court.

61) If a Party chooses to use a document that is a translation of a foreign language document by showing it to the witness or by quoting from the translation at the deposition, the Party must also provide to the witness and other counsel a copy of the original foreign language document.

## XIII. Transcript and Time to Review Transcript

62) Notwithstanding the Privacy Act and Protective Order for FBI Documents (ECF No. 4255), the Parties shall be permitted to disclose Protected Information (as defined in that Order) to a witness in preparation for a deposition or at a deposition if that Protected Information: (a) purports to summarize the substance of an interview of the deponent; (b) purports to summarize the substance of an interview or portion of an interview of another witness and references the witness; (c) is a phone or bank record or portion thereof referencing the witness; (d) is a document that was at one time in the possession of the witness; or (e) contradicts an interview statement of the deponent.  The witness must execute the acknowledgement attached to the Privacy Act and Protective Order for FBI Documents before the disclosure of the Protected Information specified above. Nothing in this provision shall be construed to limit permitted uses of Protected Information pursuant to the FBI Protective Order.

63) All confidentiality designations of deposition testimony shall be made as authorized by the MDL Protective Order (ECF No. 1900) and the Privacy Act and Protective Order for FBI Documents (ECF No. 4255).  Notwithstanding the terms of those Orders, the following shall apply to confidentiality designations of deposition testimony.  The deposition transcript and video recording will be treated as confidential under the MDL Protective Order (ECF No. 1900) for ninety (90) days following the deposition, and such confidentiality shall continue as to those portions of the deposition designated confidential by a Party or witness within ninety (90) days after the deposition.  Notice of such confidentiality designations shall be made in writing to the court reporter, with copies to the Deposition Point Persons, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential Information or Material and are to be marked as Confidential.

64) Unless waived by the deponent, the deposition transcript shall be submitted to the deponent for correction and signature, and shall be corrected and signed before any notary or certified under penalty of perjury within sixty (60) days after the date that the transcript is received by counsel for the witness.  The Parties may agree to reasonable extensions of this deadline.

65) Corrections to a deposition shall be listed on an errata sheet signed by the deponent and the court reporter shall serve copies of the errata sheet on all Parties and counsel for the deponent if the deponent is not a party purchasing the transcript.  Should the deponent fail to submit corrections within sixty (60) days, the transcript will be presumed accurate, and all Parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections needed.  Parties in jurisdictions where rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

XIV. **Witness Claim to Alternate Procedures**

66) To the extent that any Party anticipates a witness asserting that applicable law requires a procedure other than that set forth herein or under the Federal Rules of Civil Procedure, the Party aware of the issue shall promptly notify all other Parties in writing. The Parties shall thereafter meet and confer in an effort to timely resolve the matter among the Parties so as to minimize any disruption to the scheduling of the deposition. To the extent the Parties are unable to resolve the issue, the matter shall be promptly presented for judicial resolution.