UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*
All Actions

### DECLARATION OF ROBERT T. HAEFELE

I, Robert T. Haefele, hereby declare under the penalty of perjury that the following is true and correct and in my personal knowledge:

1.      I am an attorney practicing at the law firm of Motley Rice LLC and currently serve as Co-Liaison Counsel on the Plaintiffs' Executive Committee for Personal Injury and Death Claims in the above captioned case.

2.      I have personally conducted many, and attended nearly all, of the depositions in the merits defendant and jurisdictional defendant discovery in this multidistrict litigation, and personally observed the interactions among the interpreters, witnesses, counsel, and court reporter recounted in this declaration.

3.      I submit this declaration in support of the Plaintiffs' Executive Committees' proposal that depositions in this MDL where Arabic interpreters are used must be afforded at least twice the allotted time to achieve a comparable amount of time questioning the witnesses.

4.      In considering the relative time questioning a witness through an Arabic interpreter, the Court should not assume that the interpreters in the depositions are conducting simultaneous translations; they are not. Specifically, I note that in deciding the previous protocol, the Court premised the decision to allow only 50% additional time on an erroneous premise that the

interpreters in the depositions would "do something pretty close to realtime interpretation" (Tr. of Sept. 7, 2017 at page 38).

5.  For a variety of reasons, the practice throughout the litigation has been for interpreters to allow all or part of the question or answer to be spoken before starting a translation.

6.  The complexity of the subject matter of the litigation, the need for the court reporter to focus carefully to capture the interpreter's translations, and the nature of translations from Arabic to English and English to Arabic (which may be different from translations between other languages), have resulted in the parties, reporter, and interpreters following an approach that requires the interpreters to comprehend at the very least full portions of questions and responses before rendering a translation.

7.  In one instance, during the June 20, 2019 deposition of Abderraouf Khalaf Alshorman, when the interpreter began to employ simultaneous translation, the court reporter stopped transcribing the testimony and told the interpreter that she was having difficulty transcribing while two people were speaking.  That exchange is on the video recording of the deposition at 10:02:35 AM of the video file and the reporter interruption is reflected at page 28, line 7 of the transcript.

8.  Moreover, counsel for the defendants have regularly instructed the interpreters at the start of each deposition to break questions and answers into segments, stopping the speaker in stages to allow for sentence-by-sentence interpretation, where necessary. *See, e.g.,* Transcript of June 20, 2019 deposition of Abderraouf Khalaf Alshorman at page 10, line 17 to page 11, line 10.

9.  Comparison of depositions conducted without an interpreter against depositions conducted with an Arabic interpreter show the disparity is greater than double the time for depositions with interpreters.  For example, after reviewing of several representative depositions,

2

objective data indicates that depositions where Arabic interpreters are involved have taken more than twice as long to cover the same amount of testimony.

10.    Specifically, I have compared the deposition of witnesses Riaz Khan and Ammar H. Kamel, conducted on January 23, 2019 and January 24, 2019, with the depositions Saleh al Wohaibi and Abdul Wahab Noorwali, conducted on October 23, 2019 and July 23-24, 2019, respectively.

11.    Khan's deposition, done without an interpreter, spanned four hours, resulting in 158 pages of testimony (or averaging about 39.5 pages an hour).

12.    Kamel's deposition, done without an interpreter, spanned 5.25 hours, resulting in 296 pages of testimony (or averaging about 56.4 pages an hour)

13.    Wohaibi and Noorwali both used Arabic interpreters.  Wohaibi's deposition lasted 9 hours and resulted in 148 pages of testimony, excluding colloquy arguing about translations (or averaging about 16.4 pages per hour).  Noorwali's deposition, over two days, lasted 15 hours and resulted in 249 pages of testimony, excluding colloquy arguing about translations (or averaging about 16.6 pages per hour).

14.    Based on the manner in which depositions are conducted in the multidistrict litigation and a comparison of the actual depositions that have been conducted with and without Arabic interpreters, a deposition conducted with an interpreter takes more than twice (or even triple) as long to achieve a comparable volume of testimony from the witness.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: Mount Pleasant, South Carolina
           February 21, 2020

_____
Robert T. Haefele

3