

| | |
|---|---|
| | Robert K. Kry<br>MoloLamken LLP<br>The Watergate, Suite 500<br>600 New Hampshire Avenue, N.W.<br>Washington, D.C. 20037<br>T: 202.556.2011<br>F: 202.556.2001<br>rkry@mololamken.com<br>www.mololamken.com |

February 21, 2020

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY  10007

BY ECF

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570 (S.D.N.Y.)

Dear Judge Netburn:

We write on behalf of defendant Dallah Avco in connection with the proposed deposition protocol that the Kingdom of Saudi Arabia and the Plaintiffs' Executive Committees submitted earlier today, to which Dallah Avco would also be a party (Dkts. 6002, 6003).

This Court previously ruled, with Dallah Avco's consent, that the fact discovery deadline for Dallah Avco would coincide with the jurisdictional fact discovery deadline for the Kingdom of Saudi Arabia.  Dkt. 4389.  Consequently, the claims against Dallah Avco cannot be resolved until fact discovery against Saudi Arabia ends.  For that reason, Dallah Avco generally supports Saudi Arabia's positions on the disputed issues in the deposition protocol, which would help ensure that fact discovery is completed on a more reasonable timeframe.

Dallah Avco also specifically endorses Saudi Arabia's position on paragraph 31, that Saudi Arabia's and Dallah Avco's party representatives should be permitted to attend depositions.  Dallah Avco's in-house counsel speak and read Arabic, while undersigned counsel does not.  In addition, Dallah Avco's in-house counsel has knowledge about the underlying facts of the case that undersigned counsel does not.  Prohibiting Dallah Avco's in-house counsel from attending depositions, particularly those of ANSS or PCA related witnesses, would thus impose serious prejudice on Dallah Avco's defense of the case.

We thank the Court for its time and attention to these matters.

Respectfully submitted,

Robert Kry

cc:   All counsel by ECF