**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
: 
:   03 MDL 1570 (GBD)(SN)
:
:
-------------------------------------------------------------------x

**This Document Relates to:**
*Hoglan, et al. v. Iran, et al.*
**1:11-cv-07550 (GBD)(SN)**

## PLAINTIFFS' MOTION FOR ORDER TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. §1610(c)

Pursuant to 28 U.S.C. §1610(c), the *Hoglan* Plaintiffs, through counsel, hereby respectfully move this Court and submit this application for an Order finding that the notice required under 28 U.S.C. §1608(e) has been given to all Defendants, that a reasonable period of time has elapsed since entry of the judgment and the giving of notice to Defendants, and authorizing the *Hoglan* Plaintiffs to enforce their judgment against property belonging to Defendants, or any of them, by attachment, execution, or any other lawful means.

In support of this motion, the *Hoglan* Plaintiffs state the following:

1. The *Hoglan* Plaintiffs, who are representatives of estates of victims of the terrorist attacks of September 11, 2001, and family members, or estates of family members, of such victims, filed this action to hold accountable those who planned, executed, and/or provided material support and assistance in carrying out the most deadly and outrageous act of terror to occur on American soil.

2. An Order of Judgment was entered by the Honorable George B. Daniels on August 31, 2015 (*Hoglan* Doc. No. 112, MDL Doc. No. 3017) which held all Defendants in *Hoglan, et al. v. Islamic Republic of Iran, et al.*, to be jointly and severally liable for the

September 11, 2001 terrorist attacks, together with Findings of Fact and Conclusions of Law. *Hoglan* Doc. No. 111, MDL Doc. No. 3023.

3. This Court entered a partial Order and Judgment, together with Memoranda and Decisions, dated October 31, 2016, which was final as to most of the *Hoglan* Plaintiffs. *Hoglan* Doc. No. 178, MDL Doc. Nos. 3383 and 3384.

4. This Court restated the successful judgments in a Final Order and Judgment on Compensatory Damages on February 26, 2018 (the "*Hoglan* Judgment"). *Hoglan* Doc. No. 241, MDL Doc. No. 3905. The *Hoglan* Judgment was a judgment entered by default within the meaning of 28 U.S.C. §1608(e).

5. The *Hoglan* Judgment was entered against the following Defendants: Islamic Republic of Iran; Ayatollah Ali Hoseini-Khamenei; Ali Akbar Hashemi Rafsanjani; Iran's Ministry of Information and Security; Islamic Revolutionary Guard Corps; Iran's Ministry of Petroleum; National Iranian Oil Corporation; National Iranian Tanker Corporation; National Iranian Gas Company; National Iranian Petrochemical Company; Iran's Ministry of Commerce; Iran's Ministry of Economic Affairs and Finance; Iran's Ministry of Defense and Armed Forces Logistics; Iran Airlines; Central Bank of Iran; and, Hezbollah.

6. The *Hoglan* Plantiffs now intend to enforce the *Hoglan* Judgment against Defendants' property, or the property of any of them, wherever they may find it.

7. The *Hoglan* Plaintiffs have served this Court's *Hoglan* Judgment Documents in conformity with the FSIA, as demonstrated by Exhibits A through J hereto.

8. The Government Defendants were served through diplomatic channels with the *Hoglan* Judgment Documents and were given full notice of the *Hoglan* Judgment more than a year and a half ago in conformity with §1608(e) and (a)(4).

9. The Agency and Instrumentality Defendants were served through diplomatic channels with the *Hoglan* Judgment Documents and were given full notice of the *Hoglan* Judgment more than seven months ago in conformity with §1608(e) and (a)(4).

10. A reasonable time has, therefore, passed since "the giving of [] notice required under section 1608(e)."

11. Pursuant to 28 U.S.C. §1610(c), the *Hoglan* Plaintiffs are entitled to an order authorizing them to enforce the Final Judgment against property belonging to Defendants, or any of them, by attachment, execution, or any other lawful means.

**WHEREFORE**, for the reasons stated above and in the accompanying Memorandum of Law in support hereof, the *Hoglan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order **GRANTING** this Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. §1610(c).

Respectfully submitted,

Date: February 22, 2020      */s/ Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY

9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for the* **Hoglan** *Plaintiffs*