**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                                                                :
                                                                                :    03 MDL 1570 (GBD)(SN)
                                                                                :
                                                                                :
-------------------------------------------------------------------x

**This Document Relates to:**
*Hoglan, et al. v. Iran, et al.*
**1:11-cv-07550 (GBD)(SN)**

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. §1610(c)

Pursuant to The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1610(c), the *Hoglan* Plaintiffs, through counsel, hereby submit this memorandum of law in support of their motion for an Order finding that a reasonable period of time has elapsed, that the notice required under 28 U.S.C. §1608(e) has been given to all Defendants, and that they are authorized to enforce their judgments against property belonging to Defendants, or any of them, by attachment, execution, or any other lawful means.

This action was brought by representatives of estates and family members who are victims of the terrorist attacks of September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act of terror to occur on American soil.

FSIA §1610(c) states that:

> *No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of*

> *judgment and the giving of any notice required under section 1608(e) of this chapter.*

FSIA §1608(e) states that:

> *No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.*

As detailed below, the *Hoglan* Plaintiffs have fully complied with all of the requirements of the FSIA, including §§1608(e) and1610(c). A reasonable period of time has elapsed since entry of their Final Order and Judgment and the *Hoglan* Plaintiffs have successfully given all Defendants full notice of the entry of that judgment as required by §1608(e).

**I.   THE *HOGLAN* PLAINTIFFS HAVE SATISFIED EACH ELEMENT OF §1610(c) AND ARE THEREFORE ENTITLED TO AN ORDER AUTHORIZING THEM TO ENFORCE THEIR JUDGMENTS**

The facts and documents detailed in the *Hoglan* Plaintiffs' Motion for Order to Permit Attachment and Execution Pursuant to 28 U.S.C. §1610(c), filed contemporaneously herewith, demonstrate the *Hoglan* Plaintiffs have fully complied with the requirements of §1610(c). They have served the *Hoglan* Judgment Documents, which include the Final Judgment, on all the Judgment Defendants. The *Hoglan* Plaintiffs complied with §1608(e) and (a) and, thereby, properly served the *Hoglan* Judgment Documents on all the *Hoglan* Judgment Defendants.

Further, a reasonable time has passed since entry of the Final Judgment and also since service of the *Hoglan* Judgment Documents on the Judgment Defendants under §1608(e). Therefore, the *Hoglan* Plaintiffs are entitled to an order pursuant to §1610(c) authorizing them to enforce their judgments.

A.     **THE *HOGLAN* FINAL JUDGMENT WAS PROPERLY SERVED**

Section 1608(e) requires Plaintiffs who obtain a "judgment by default" against a foreign government, its political subdivisions, or its agencies and instrumentalities to serve that judgment on "the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. §1608(e). Section 1608(e), therefore, required the *Hoglan* Plaintiffs to serve the *Hoglan* Judgment pursuant to the procedures contained in §1608(a) for serving a foreign state. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 109 (6th Cir. 1995); *see also Straub v. AP. Green, Inc.*, 38 F.3d 448, 454-55 (9th Cir. 1994) (default judgments against a government, a political subdivision, or an agency and instrumentality "should be sent to the foreign state"); *see also Straub v. AP Green, Inc.*, 38 F.3d 448, 454 (9th Cir. 1994) (Section 1608(e) requires service of default judgments only on the foreign state or its political subdivisions and does not require default judgments to be served on agencies or instrumentalities).

Accordingly, all sixteen *Hoglan* Defendants were required to be served with the final judgment papers, in both English and Farsi. The following documents were served by the *Hoglan* Plaintiffs on all the *Hoglan* Defendants, together with Farsi translations of each document and certificates of translation (collectively, the "*Hoglan* Judgment Documents"):

1) Cover Letter to Mohammad Javad Zarif, Foreign Minister of the Islamic Republic of Iran;

2) U.S. Dist. Court for the Southern District of N.Y. Clerk's Certificate of Default, dated March 17, 2015 (*Hoglan* Doc. No. 89, MDL Doc. No. 2936);

3) Notice of Default Judgment prepared in accordance with 22 CFR § 93.2;

4) Order of Judgment Regarding Liability entered by Judge George B. Daniels on August 31, 2015 (*Hoglan* Doc. No. 112; MDL Doc. No. 3027);

5)     Findings of Fact and Conclusions of Law entered by Judge George B. Daniels on August 31, 2015 (*Hoglan* Doc. No. 111, MDL Doc. No. 3019);

6)     Report and Recommendation #1 by Magistrate Judge Sarah Netburn, dated October 12, 2016 (*Hoglan* Doc. No. 171, MDL Doc. No. 3358);

7)     Report and Recommendation #2 by Magistrate Judge Sarah Netburn, dated October 14, 2016 (*Hoglan* Doc. No. 172, MDL Doc. No. 3363);

8)     Report and Recommendation #3 by Magistrate Judge Sarah Netburn, dated October 24, 2016 (MDL Doc. No. 3374);

9)     Partial Order and Judgment entered by Judge George B. Daniels on October 31, 2016 (*Hoglan* Doc. No. 178, MDL Doc. No. 3382);

10)     Memorandum Decision and Order entered by Judge George B. Daniels on October 31, 2016 (MDL Doc. No. 3383);

11)     Memorandum Decision and Order entered by Judge George B. Daniels on October 31, 2016 (*Hoglan* Doc. No. 178, MDL Doc. No. 3384);

12)     Memorandum Decision and Order entered by Judge George B. Daniels on June 21, 2017 (*Hoglan* Doc. No. 217, MDL Doc. No. 3633);

13)     Report and Recommendation #4 by Magistrate Judge Sarah Netburn, dated August 8, 2017 (*Hoglan* Doc. No. 219, MDL Doc. No. 3676);

14)     Memorandum Decision and Order entered by Judge George B. Daniels on November 17, 2017 (*Hoglan* Doc. No. 228, MDL Doc. No. 3795);

15)     Final Order and Judgment on Compensatory Damages entered by Judge George B. Daniels on February 26, 2018 (*Hoglan* Doc. No. 241, MDL Doc. No. 3905);

16)     The Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq.*;

17)     Right to Appeal Notice; and,

      18)    Right to Appeal Form.

Section 1608(a) "sets out in hierarchical order" four methods by which service "shall be made upon a foreign state or political subdivision of a foreign state." *Republic of Sudan v. Harrison*, 139 S.Ct. 1048, 1054 (2019).

### 1. The *Hoglan* Plaintiffs Could Not Serve Defendants Using Either of the First Two Methods of Service Authorized by §1608(e) and (a)

The first two methods of service under §1608(a) are unavailable in cases against the Islamic Republic of Iran, its political subdivisions, or its agencies and instrumentalities. The first method authorizes service "by delivery of a copy of the [default judgment] in accordance with any special arrangement for service between the plaintiff and political subdivision." §1608(a)(1). No "special arrangement" for service of the default judgment exists between the *Hoglan* Plaintiffs and Iran.

When no special arrangement for service exists, §1608(a)(2) authorizes service "in accordance with an applicable international convention on service of judicial documents." Iran is not a signatory to any such international convention. *See, e.g., Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 70 (D.D.C. 2010).[1] Therefore, this second method of authorized service is also unavailable in cases against Iran, its political subdivisions, and its agencies and instrumentalities.

### 2. The *Hoglan* Plaintiffs Attempted to Serve Defendants with the Judgment Documents Using the Third Method of Service Authorized by §1608(e) and (a), but Iran's Minister of Foreign Affairs Rejected Delivery

---

[1] *See also,* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed October 4, 2019*); United States District Court for the Southern District of New York, Foreign Mailing Instructions pp. 5-6, at http://www.nysd.uscourts.gov/file/forms/foreign-mailing-instructions (*last accessed September 26, 2019*).

If service of the judgment documents cannot be made by either of the first two methods, §1608(a) then directs a plaintiff to request that the Clerk of Court dispatch the judgment documents to "the head of the ministry of foreign affairs of the foreign state concerned" by "any form of mail requiring a signed receipt." 28 U.S.C. §1608(a)(3).

As detailed in the exhibits appended to this Memorandum of Law supporting the Motion, the Clerk of the Court, at the *Hoglan* Plaintiffs' request, dispatched sixteen packages containing the *Hoglan* Judgment Documents – one package for each Defendant – to the Iranian Minister of Foreign Affairs in Tehran, Iran by DHL, return receipt requested. The packages were delivered but rejected.

Specifically, on May 22, 2018, counsel for the *Hoglan* Plaintiffs hand-delivered sixteen (16) packages (one for each *Hoglan* Defendant) to the Foreign Mailings Clerk of Court for the Southern District of New York. Each package included all of the *Hoglan* Judgment Documents and also included completed DHL Express shipping waybills directing each package to be delivered to the Minister of Foreign Affairs of the Islamic Republic of Iran at the Iranian Ministry of Foreign Affairs in Tehran, Iran.

On May 25, 2018, the SDNY Foreign Mailings Clerk dispatched all sixteen packages of *Hoglan* Judgment Documents to the Defendants in Tehran, Iran, via DHL Express pursuant to 28 U.S.C. §1608(e) and (a)(3). *Hoglan* Doc. Nos. 244-259. All of the corresponding SDNY Foreign Mailings Clerk Certificates of Mailing collectively are attached hereto as **Exhibit A**.

On or about June 2, 2018, the Iranian Minister of Foreign Affairs refused delivery in Tehran of all sixteen of the above-described DHL Express packages containing the *Hoglan* Judgment Documents. The *Hoglan* Plaintiffs filed the sixteen (16) certificates of service demonstrating the Iranian Minister of Foreign Affairs refused delivery on the *Hoglan* SDNY

6

docket on July 12, 2018, attached hereto collectively as **Exhibit B**.  *Hoglan* Doc. No. 264; MDL Doc. No. 4048.

### 3. The *Hoglan* Plaintiffs Effected Valid Service on Each Defendant Using the Fourth Method of Service Authorized by §1608(e) and (a)

If plaintiffs are not able to complete service by mail within thirty (30) days, §1608(a) then authorizes a plaintiff to request that the Clerk of Court dispatch the judgment documents to the U.S. State Department for the purpose of transmitting the papers "through diplomatic channels to the foreign state." 28 U.S.C. §1608(a)(4).  Service is deemed complete "as of the date of transmittal indicated in the certified copy of the diplomatic note" returned by the State Department.  28 U.S.C. §1608(c).

Service on the Government Defendants.  Following Iran's Minister of Foreign Affair's refusal of mail service, counsel for the *Hoglan* Judgment Plaintiffs hand-delivered to the Clerk of the Court eight packages, each containing a complete set of the *Hoglan* Judgment Documents for service through diplomatic channels upon (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran (collectively, the "Government Defendants"), along with eight cashier's checks in the amount of $2,275.00 for each Defendant to be served.  On August 2, 2018, the Clerk of Court dispatched the eight packages containing the *Hoglan* Judgment Documents to the United States Department of State in Washington, D.C. via Federal Express courier pursuant to 28 U.S.C. §1608(e) and (a)(4).  *Hoglan* Doc. Nos. 267-74.  All of the corresponding Foreign Mailings Clerk's Certificates of Mailing collectively are attached hereto as **Exhibit C**.

At the request of the U.S. State Department, authorities of the Swiss Confederation (*i.e.*, Switzerland) served the *Hoglan* Judgment Documents on the Government Defendants through diplomatic channels by transmitting them to the Iranian Minister of Foreign Affairs in Tehran, Iran on July 17, 2018.  That same day, Iran's Ministry of Foreign Affairs refused service of the *Hoglan* Judgment Documents.  Pursuant to 28 U.S.C. §1608(c), service is deemed complete, valid, and effective as of the date of transmittal.

Diplomatic notes confirming such service through diplomatic channels were transmitted by the Swiss to the U.S. State Department in Washington, D.C. and then submitted by the State Department to the Clerk of the Court to establish proof of service in compliance with 28 U.S.C. §1608(a)(4) and (c).  Letter from Mr. Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, SDNY Clerk of Court, dated November 28, 2018, attached hereto as **Exhibit D**.  The Clerk of the Court acknowledged receipt of the diplomatic notes on December 7, 2018.  Consequently, the eight Government Defendants were properly and validly served on July 17, 2018.

Service on the Agency and Instrumentality Defendants.  The U.S. State Department requires letters rogatory in order to effect service on agencies, instrumentalities, and individual defendants through diplomatic channels in conformity with 28 U.S.C. §1608(e).  *See* Letter from State Department, dated January 25, 2013 concerning service of the judgment documents in *Havlish v. bin Laden*, 1:03-md-01570-GBD (S.D.N.Y.), attached hereto as **Exhibit E**.  Given the State Department policy, the *Hoglan* Plaintiffs filed in this Court, on September 18, 2018, a Motion to Request the Issuance of Letters Rogatory so that the remaining eight Defendants could be served through diplomatic channels by the U.S. Department of State.  *Hoglan* Doc. No. 282; MDL Doc. No. 4184; Memorandum of Law, *Hoglan* Doc. No. 283, MDL Doc. No. 4185.  The

Court granted Plaintiffs' motion by Order dated January 7, 2019 (*Hoglan* Doc. No. 293, MDL Doc. No. 4338; attached hereto as **Exhibit F**), and the letters rogatory, attached hereto as **Exhibit G**, were issued on January 17, 2019.

On January 24, 2019, the *Hoglan* Plaintiffs hand-delivered the *Hoglan* Judgment Documents to the SDNY Clerk of Court to initiate diplomatic service on (1) National Iranian Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Corporation; (4) National Iranian Petrochemical Company; (5) Iran Airlines; (6) Hezbollah; (7) Ayatollah Ali Khamenei; and, (8) Ali Akbar Hashemi Rafsanjani (collectively, the "Agency and Instrumentality Defendants") in conformity with 28 U.S.C. §1608(e) and (a)(4), together with eight cashier's checks in the amount of $2,275.00, one for each Agency and Instrumentality Defendant to be served.  The Clerk of Court dispatched the packages containing the *Hoglan* Judgment Documents to the State Department in Washington, D.C., including the required fee of $2,275.00 per Agency and Instrumentality Defendant, via Federal Express pursuant to 28 U.S.C. §1608(e) and (a)(4).  *Hoglan* Doc. Nos. 294-302, MDL Doc. Nos. 4377-4384, dated January 24 and 25, 2019.  The corresponding Foreign Mailings Clerk's Certificates of Mailing, collectively, are attached hereto as **Exhibits H1, H2,** and **H3**.

The *Hoglan* Plaintiffs were subsequently informed by the State Department that it now requires the actual letters rogatory also to be translated into Farsi.  Therefore, the *Hoglan* Plaintiffs hand-delivered translated letters rogatory for each Agency and Instrumentality Defendant, along with new certificates of translation, to the Clerk of the Court on May 2, 2019. The Clerk dispatched the translated letters rogatory to the State Department that same day in conformity with 28 U.S.C. §1608(e) and (a)(4).  *Hoglan* Doc. Nos. 305-12, MDL Doc. Nos.

9

4513-4520, dated May 8, 2019.  The corresponding SDNY Foreign Mailings Clerk Certificates of Mailing, collectively, are attached hereto as **Exhibit I**.

On or about July 17, 2019, at the request of the U.S. State Department, the Swiss authorities served the *Hoglan* Judgment Documents on the Agency and Instrumentality Defendants through diplomatic channels by transmitting them to the Minister of Foreign Affairs of the Islamic Republic of Iran.  The Minister of Foreign Affairs rejected delivery of *Hoglan* Judgment Documents on that same date.

Subsequently, diplomatic notes confirming service through diplomatic channels were transmitted by the Swiss to the U.S. State Department in Washington, D.C.  On August 27, 2019, the State Department submitted to the Clerk of the Court, diplomatic notes establishing service of the *Hoglan* Judgment Documents on the Agency and Instrumentality Defendants.  28 U.S.C. §1608(c).  Letter from Mr. Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, SDNY Clerk of Court, dated August 27, 2019, attached hereto as **Exhibit J**.  The Clerk recorded receipt of the diplomatic notes on the MDL Docket. at Doc. Nos. 5100, 5113-19.  Consequently, the eight Agency and Instrumentality Defendants were properly and validly served on July 17, 2019.

### B. A REASONABLE PERIOD OF TIME HAS ELAPSED SUCH THAT THE *HOGLAN* PLAINTIFFS SHOULD BE PERMITTED TO ENFORCE THEIR JUDGMENT

After the judgment documents have been served and before plaintiffs are authorized to begin enforcing their judgments, §1610(c) requires the court to find that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)."  Under the circumstances of this case, more than a reasonable period of time has elapsed.

The U.S. District Court for the District of Columbia has held that a "reasonable period of time" for purposes of §1610(c) is sixty (60) days.  *Valore v. Islamic Republic of Iran*, 1:08-cv-01273-RCL (D.D.C. Jun. 8, 2003).  Chief Judge Lamberth found "no basis in the FSIA to suggest that any longer period is needed, particularly in comparison to the period of time – 60 days, 28 U.S.C. §1608(e) – that a foreign sovereign is given to respond to initial service of a complaint and summons under the Act."  *Id*.  Chief Judge Lamberth has also held separately that six weeks is a reasonable period of time to satisfy the requirements of §1610(c), especially when "there is no evidence that the defendant has taken any steps toward the payment of its debt."  *Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F.Supp.2d 64 (D.D.C. 2001).  *See also, Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F.Supp. 420, 423 (three months is a reasonable time to satisfy the requirements of §1610(c)).

The *Hoglan* Final Order and Judgment on Compensatory Damages was entered by this Court two years ago.  The eight Government Defendants were served with notice of the *Hoglan* final judgment more than nineteen months ago.  The eight Agency and Instrumentality Defendants were served with notice of the final judgment more than seven months ago.

The *Hoglan* Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, Plaintiffs should be permitted to commence enforcement of their judgment immediately.  Iran has never voluntarily paid any of the many judgments entered in the U.S. courts as a result of Iran's continued state sponsorship of terrorism around the world.  There is not now, nor has there ever been, any indication, or any reason to believe, that any of the Iranian Defendants are inclined to satisfy the judgments that have been entered against it.

Therefore, the *Hoglan* Plaintiffs' instant Motion should be granted and an Order entered under §1610(c) clearing the way for the *Hoglan* Plaintiffs to pursue enforcement of their Judgment.

### III.    CONCLUSION

For the reasons set forth in this Memorandum of Law in Support of the Motion, and documented in the Exhibits attached hereto, the *Hoglan* Plaintiffs respectfully request that this Honorable Court enter an Order GRANTING the Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. §1610(c).  A proposed form of order is filed herewith.

Respectfully submitted,

Date:  February 22, 2020

*/s/ Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ

 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the* Hoglan *Plaintiffs***