KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900
FACSIMILE:
(202) 326-7999

February 27, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Kingdom of Saudi Arabia ("Saudi Arabia") submits this letter to address the extraordinarily serious allegations made in the Plaintiffs' Executive Committees' ("Plaintiffs") February 21, 2020 letter (ECF No. 6003) and the supporting Declaration submitted by Andrew J. Maloney (ECF No. 6003-2).  Saudi Arabia requests that the Court strike these baseless and inflammatory accusations from the public record and allow Saudi Arabia a fair opportunity to prove their falsity.

1.     Plaintiffs' submissions claim that "Saudi Arabia" is actively intimidating potential witnesses, including threatening to murder one potential witness and that witness's family and "stalking" another potential witness, thereby "sending a message that they could get to him/her at any time and make him/her disappear."  ECF 6003, at 3; 6003-2, ¶¶ 3-8.  These claims are false. Undersigned counsel has brought them to the highest levels of the Saudi government and can categorically represent that no Saudi Arabian government official, employee, agent, or anyone acting on Saudi Arabia's behalf has attempted to threaten any potential witness in this proceeding.  Attached to this letter is the supporting declaration of Mohammed Al Sheikh, a Minister of State of Saudi Arabia, who has primary responsibility for the oversight of this litigation.  *See* Exh. 1.  As set forth in this declaration, none of Plaintiffs' accusations have any validity and, indeed, the only outreach that Saudi Arabia has made to potential non-party witnesses pertaining to this action has been through outside counsel.  *See* Exh. 1, ¶¶ 4-8.

On February 23, 2020, Saudi Arabia wrote Plaintiffs a letter informing them that the assertions made in their February 21 submission were false.  *See* Exh. 2 at 1.  Saudi Arabia requested that Plaintiffs immediately provide the identity of the witnesses referenced in paragraphs 3-8 of Mr. Maloney's declaration, as well as any and all support for Plaintiffs' allegations of witness intimidation.  *Id.* at 2.  Undersigned counsel stated that they would

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

The Honorable Sarah Netburn
February 27, 2020
Page 2

maintain that information on an Attorneys' Eyes Only basis pending a ruling by the Court on the terms of an appropriate protective order.  *Id.*  Finally, counsel informed Plaintiffs that we intend to seek sworn deposition testimony from these witnesses regarding the assertions made in Plaintiffs' submissions and will share all such information with the Court and the United States Department of Justice.  *Id.*  On February 25, 2020, Plaintiffs rejected this request.  *See* Exh. 3.

      **2.**     Plaintiffs' scurrilous allegations are based on unsupported hearsay within hearsay. Each layer is attributed to unidentified individuals, with no indicia remotely suggesting that they are reliable.  Several are phrased in deliberately vague language indicating that Mr. Maloney either does not know or is withholding details that would make it possible to marshal specific proof that the allegations are false.  *E.g.*, ECF No. 6003-2, ¶ 4 (for one witness, stating that a threat was made "by Saudi government officials and/or their employees/agents"); *id.* ¶ 5 (for another, stating that "[n]o specific person or threat was identified"); *id.* ¶ 6 (for a third, stating that a witness "believed" unidentified "Saudi agents" had been "stalking him/her").  Those are paradigmatic examples of the types of allegations that a court cannot accept at face value and that should be subject to "confrontation and cross-examination[,] . . . the usual tools used to test credibility."  *Sira v. Morton*, 380 F.3d 57, 78 (2d Cir. 2004)

      Mr. Maloney's declaration also states that he has known about an alleged "direct[ ] threat[ ]" to a potential witness for at least several months.  ECF No. 6003-2, ¶ 4.  Given that Mr. Maloney brandishes his credentials as a former federal prosecutor who worked with witnesses who have been threatened and murdered, *id.* ¶ 2, one would expect him immediately to bring such a purported threat to the Court's attention in an appropriately sealed filing or to the attention of federal law enforcement authorities – or both.  Yet there is no suggestion in his declaration that he has taken either course.  Instead, he has apparently waited for months to raise the issue, and when he finally did so, he disclosed it on the Court's public docket to support his clients' position on a dispute over a deposition protocol.  He is not acting like someone who believes his own claims.[*]

      **3.**     Federal Rule of Civil Procedure 12(f) and the Court's inherent power authorize the Court "to strike any scandalous matter or document submitted to it."  *Mount Sinai Hosp. v. Borg-Warner Corp.*, 527 F. Supp. 922, 926 (S.D.N.Y. 1981).  Exercising this authority, courts in this District frequently strike from the record parties' accusations that "have criminal overtones." *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002); *Toto v. McMahan, Brafman, Morgan & Co.*, 1995 WL 46691, at *16 (S.D.N.Y. Feb. 7, 1995); *see also*, *e.g.*, *Alexander v. FBI*, 186 F.R.D. 21, 53 (D.D.C. 1998) (striking the plaintiffs' accusations that

---

      [*] Nor are Plaintiffs generally, who – even as they allege without any legitimate basis that Saudi Arabia is intimidating unknown and unidentified witnesses – have sought Saudi Arabia's voluntary assistance to obtain testimony from former Saudi government employees who are outside of Saudi Arabia's control, and who have no obligation at all to testify.  *See* Plaintiffs' February 19, 2020 Letter at 4 n.3 (filed under seal).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 27, 2020
Page 3

an attorney "'threatened Plaintiffs' counsel and family,'" because the plaintiffs' submissions did not provide evidentiary support for the accusations).

The Court should exercise that authority here. Plaintiffs' false and inflammatory accusations – unsupported by any specifics that would enable Saudi Arabia to demonstrate their falsity, except through a general denial – cannot be permitted to remain on the docket of this Court. *See Mount Sinai Hosp.*, 527 F. Supp. at 926-27 (striking brief that contained "unfair" and "intemperate" accusations made "without justification"); *see also G-I Holdings*, 238 F. Supp. 2d at 555-56 (striking allegations that were "prejudicial" because they were "amorphous, unspecific and cannot be defended against," and would "harm [the defendant] in the public eye"); *Chandler v. Berlin*, 2018 WL 8646840, at *1-2 (D.D.C. Oct. 16, 2018) (striking allegations designed to cast a party "in a sinister and pernicious light," where those allegations were based on a news article that "contains no substantiation" for its claims).

4.      The Court should further order Plaintiffs immediately to produce all documents and information relating to their (false) charges of witness intimidation, identify all individuals with purported knowledge of the alleged conduct, and set an expedited schedule for Saudi Arabia to depose the relevant witnesses regarding the assertions made in Plaintiffs' submission. *See Alexander*, 186 F.R.D. at 53 (striking charge of witness intimidation after examining the plaintiffs' submissions on the issue and concluding that "no evidence" supported the charge); *Cavelle v. Chicago Transit Auth.*, 2020 WL 133277, at *1-2 (N.D. Ill. Jan. 13, 2020) (describing evidentiary hearing to determine truth of charges of witness tampering); *see also Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 318 (S.D.N.Y. 2001) (noting that a "clearly inflammatory" allegation of witness intimidation would "be struck" if discovery did not yield "proof" related to the allegation). The parties should further be ordered not to contact any of the purported witnesses who are alleged to have been tampered with, other than to inform them of their required testimony. *See Cavelle*, 2020 WL 133277, at *2.

When that process is complete, the Court should then determine whether there was any reasonable basis for Plaintiffs to make the allegations set forth in Mr. Maloney's declaration and Plaintiffs' letter submission. As the Northern District of Illinois recently explained in *Cavelle*, witness intimidation "is not a civil cause of action that a party may bring against another at its choice and leisure. Rather, witness tampering is an attack on the integrity of the judicial process serious enough to warrant criminalization and severe punishment." *Id.* at *5; *see id.* at *8 (upholding award of attorneys' fees based on recklessly made allegations; deferring evidentiary sanctions).

5.      It is impossible to overstate the impact that these false allegations will have on this litigation. Although there is not a shred of truth to them, the allegations will make it far more difficult for Saudi Arabia to obtain cooperation and testimony from third-party witnesses. Dealing with them responsibly (as the Court should) will also take time and delay the discovery process. Plaintiffs know all this. They have already sought to deny Saudi Arabia the ability to take any depositions at all, including from third parties with evidence favorable to Saudi Arabia.

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

The Honorable Sarah Netburn
February 27, 2020
Page 4

*See* ECF No. 6003, at 5.  They have also repeatedly sought to delay these proceedings.  These outrageous allegations are their latest device to achieve these aims.  That Plaintiffs have resorted to lodging these false and inflammatory accusations on the public record plainly reveals that they do not intend to litigate this case on the merits, but instead to find ever more inventive reasons why their continued lack of evidence is Saudi Arabia's fault and not the consequence of asserting meritless claims.

\* \* \*

The allegations made here, although utterly unfounded, are of the most serious nature and cannot go unaddressed.  The Court should immediately strike them and order immediate discovery and witness testimony, or schedule an emergency hearing to address these issues.

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:  The Honorable George B. Daniels (via facsimile)
      All MDL Counsel of Record (via ECF)