UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570<br>ECF CASE |

This document relates to:
*O'Neill v. Al Baraka Investment & Devel. Corp.*, 04-cv-01923

## DECLARATION OF STEVEN T. COTTREAU, ESQ.

I, Steven T. Cottreau, declare that I am over the age of eighteen years and of sound mind to make this declaration. I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify to these facts, all of which are true and accurate to the best of my knowledge and belief:

1. I am an attorney admitted *pro hac vice* in the above-captioned matter, and a partner in the law firm Jones Day. I submit this declaration in connection with the Joint Memorandum of Law In Opposition to the *O'Neill* Plaintiffs' Motion for Class Certification and Related Relief ("Joint Opp."), filed by Defendants Dubai Islamic Bank ("DIB"), Muslim World League ("MWL"), International Islamic Relief Organization ("IIRO"), World Assembly of Muslim Youth ("WAMY"), and Yassin Kadi (collectively, "*O'Neill* Defendants").

2. Since 2010, I have represented DIB in the multi-district litigation ("MDL") *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD / SN).

3. I am unaware of any action that the *O'Neill* Plaintiffs took with regard to their proposed class action before I began representing DIB. From the time I began representing DIB

- 1 -

through the end of 2018, the *O'Neill* Plaintiffs took no action of which I am aware with regard to their proposed class action, apart from resisting document discovery on class issues in 2011.

4. The *O'Neill* Defendants have not told counsel for the *O'Neill* Plaintiffs that the *O'Neill* Defendants would not oppose adding class representatives. Throughout the class discovery period in 2019, counsel for DIB, including me, asked counsel for the *O'Neill* Plaintiffs whether they intended to seek leave to amend the complaint to add class representatives. The only class representative that the *O'Neill* Plaintiffs sought to add was the estate of John F. O'Neill; the *O'Neill* Defendants obtained interrogatory responses from that estate, were able to ask questions of the personal representative of that estate at her deposition, and did not oppose that request. The *O'Neill* Defendants reserved the right to obtain discovery from additional proposed class representatives and took no position on whether seeking to add class representatives after the close of class discovery would be appropriate.

5. In connection with preparing the Joint Opposition filed by the *O'Neill* Defendants, I have become familiar with the number of active cases in the MDL and the number of plaintiffs named in certain cases consolidated within the MDL.

6. My team has counted the number of cases listed as related to the MDL by accessing the MDL's docket through PACER and counting the number of related cases.

7. Based on a good-faith attempt to accurately count the number of active cases as of the date of the execution of this declaration, there are approximately 330 separate complaints filed for cases that have been consolidated in this MDL.

8. My team has also attempted to count the number of plaintiffs in certain cases within the MDL. To do this, my team identified the operative complaint in each case and counted the

number of named plaintiffs listed as a plaintiff in each action.  This count excluded John or Jane Doe plaintiffs.

9. Based on a good-faith attempt to accurately count the number of named personal-injury and death plaintiffs as of the date of the execution of this declaration, there are approximately 2,649 named personal-injury and death plaintiffs in the case captioned *Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03-cv-9849 (filed Dec. 11, 2003).  The *Burnett* Plaintiffs have sued all of the *O'Neill* Defendants.

10. Based on a good-faith attempt to count the number of named personal-injury and death plaintiffs as of the date of the execution of this declaration, there are approximately 3,561 named personal-injury and death plaintiffs in the following cases: *Ashton v. Al Qaeda Islamic Army*, No. 02-cv-6977 (filed Sept. 4, 2002); *Barrera v. Al Qaeda Islamic Army*, No. 03-cv-7036 (filed Sept. 10, 2003); *Beyer v. Al Qaeda Islamic Army,* No. 02-cv-6978 (filed Sept. 4, 2002); *Burlingame v. Osama Bin Laden,* No. 02-cv-7230 (filed Sept. 10, 2002); *Bauer v. Al Qaeda Islamic Army,* No. 02-cv-7236 (filed Sept. 10, 2002); *Schneider v. Al Qaeda Islamic Army,* No. 02-cv-7209 (filed Sept. 10, 2002); *Salvo v. Al Qaeda Islamic Army,* No. 03-cv-5071 (filed July 8, 2003). These plaintiffs have not sued DIB.

11. Attached as Exhibit A to this Declaration is a true and accurate copy of the Report of the United States Victims of State Sponsored Terrorism Fund Special Master regarding the Second Distribution of Funds in February 2019.

12. Attached as Exhibit B to this Declaration is a true and accurate copy of the Annual Report of the September 11th Victims Compensation Fund Special Master for the year 2019.

13. Attached as Exhibit C to this Declaration is a true and accurate copy of the First Annual Status Report of the September 11th Victims Compensation Fund Special Master dated October 2012.

In accordance with 28 U.S.C. §1746, I, Steven T. Cottreau, Esq., declare under penalty of perjury that the foregoing is true and correct.

Executed on February 28, 2020.

>        */s/ Steven T. Cottreau*
> Steven T. Cottreau, Esq.
> Jones Day
> 51 Louisiana Ave, NW
> Washington, D.C. 20001
> Telephone: (202) 879-3939
> Email: scottreau@jonesday.com