KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

March 2, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  Re: *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

  I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in response to the Plaintiffs' Executive Committees' ("Plaintiffs") letter dated February 27, 2020, seeking a briefing schedule for a motion to compel.

  On January 3, 2020, the Court ordered Saudi Arabia to produce certain documents relating to Abdullah Al Jaithen. During the relevant period, Mr. Al Jaithen was not an "official" of the Ministry of Islamic Affairs ("MOIA"), as Plaintiffs claim. Instead, he was a "preacher," assigned to a MOIA branch office in the Qassim region of Saudi Arabia, *see* Exh. 1 (KSA0000008883), an area whose primary economic activity is agriculture, including a famous annual date festival. He retired in early 2019. *See* Exh. 2 (KSA0000008885).[1]

  Pursuant to the January 3, 2020 Order, Saudi Arabia conducted a thorough search of MOIA for responsive documents. On February 20, 2020, Saudi Arabia produced all potentially responsive documents located in that search – a total of 107 documents.[2] None were withheld on

---

[1] Plaintiffs' suggestion (at 1 n.1) that the end of Mr. Al Jaithen's employment at MOIA was somehow connected to his being identified as a target of discovery in this matter is completely unsupported. As reflected in the documents produced to Plaintiffs, Mr. Al Jaithen asked to retire in April 2019 following more than 36 years of employment. *See* Exhs. 1 & 2. At that time, the Court had already denied discovery concerning Mr. Al Jaithen, *see* ECF No. 4261 (November 29, 2018 Order), and Plaintiffs had not yet moved to reconsider that ruling. Mr. Al Jaithen's Saudi identification information has been redacted from Exhibit 1, pursuant to Federal Rule of Civil Procedure 5.2.

[2] Plaintiffs incorrectly state that all documents have been marked as Confidential under the MDL protective order. Fifty-three of the 106 documents have been designated as

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
March 2, 2020
Page 2

the basis of privilege.  Although not required to do so, Saudi Arabia produced numerous documents outside of the requested date range.

On February 27, 2020, the parties conducted a meet-and-confer call regarding Saudi Arabia's production.  On that call, Saudi Arabia informed Plaintiffs that it was in the process of conducting a secondary search of MOIA to ensure that all responsive documents have been collected (a process that started before Plaintiffs had made any complaints about the production) and that any documents located in that search would be produced.  *See* Exh. 3.  Saudi Arabia further informed Plaintiffs that it was still in the process of obtaining, and intends to produce, information from the Ministry of Interior pertaining to Mr. Al Jaithen's passport and travel during the relevant period.  *Id.*

Although Saudi Arabia's search and production is still ongoing (and although Plaintiffs acknowledge that they have yet even to translate the February 20, 2020 production for review), they request that the Court set a briefing schedule for a motion to compel.  There is nothing to compel.  Saudi Arabia has already conducted a reasonable search and is now conducting a reasonable secondary search.  All responsive documents have been or will be produced.  The absence of documents supporting Plaintiffs' claims in this litigation cannot support a request for additional searches.  As this Court has repeatedly made clear, "[w]ithout evidence that additional searches will locate more documents, the Court will not order Saudi Arabia to duplicate its discovery efforts."  July 22, 2019 Order re: Motion To Compel at 16 (filed under seal).  In any event, Plaintiffs' request is premature.  Once Saudi Arabia's production is complete, if (and only if) Plaintiffs can present some concrete basis for asserting that Saudi Arabia has improperly withheld documents, they can then request a pre-motion conference regarding a potential motion to compel.

Plaintiffs' further assertion that Saudi Arabia's February 20, 2020 production somehow supports their previous demand that Saudi Arabia should also search the Embassy in Washington, D.C. and the Los Angeles Consulate for Al Jaithen-related documents is baseless.  As set forth in Saudi Arabia's previous briefing, there is no non-speculative basis to suggest that Mr. Al Jaithen ever interacted with anyone in the Embassy or the Consulate during the relevant period, or that any documents relating to Mr. Al Jaithen, a MOIA employee, would be found in those diplomatic missions.  *See* January 22, 2020 Letter Brief at 2-3.  Plaintiffs have pointed to nothing in the February 20 production that changes this.

Plaintiffs' current request seeks unnecessary motion practice that will further increase the already substantial amount of paper before the Court.  This request should be denied.

---

Confidential, largely because they contain Mr. Al Jaithen's personal information, such as his National Identification number.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
March 2, 2020
Page 3

                                                            Respectfully submitted,

                                                            */s/ Michael K. Kellogg*

                                                            Michael K. Kellogg
                                                           *Counsel for the Kingdom of Saudi Arabia*

cc:    The Honorable George B. Daniels (via facsimile)
        All MDL Counsel of Record (via ECF)