## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Abel et al v. Islamic Republic of Iran*, Case No. 1:18-cv-11837 (GBD) (SN)

**_Abel_ Plaintiffs' Objections To That Portion Of The Report And Recommendation Of Magistrate Judge Sarah Netburn Dated January 23, 2020, Denying Objectants Claims For Solatium Damages.**

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Stephen Wah, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel:    212-278-1000
Fax:    212-278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com
        swah@andersonkill.com

*Attorneys for Plaintiffs*

Dated:  March 12, 2020
        New York, New York

1

The *Abel* plaintiffs respectfully submit the following Fed. R. Civ. P. 72(b) objections, pursuant to 28 U.S.C. § 636(b)(1), to Magistrate Judge Netburn's Report and Recommendations regarding solatium damages to certain non-immediate family members of victims killed on September 11, 2001 in the terrorist attacks.  ECF No. 5735.  For the following reasons, Diana Patricia Castano was in fact a "functional equivalent" to a spouse warranting a final judgment of damages.  Upon a *de novo* review, this Court should grant Diana Patricia Castano's damages at the amount set forth below.

## I.      LEGAL STANDARD

When a party files objections to a report and recommendation, a district court must make a *de novo* determination as to those portions of the report to which objections are made.  *See* 28 U.S.C. § 636(b)(l)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271,273 (S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The court must "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made.  *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle,* 711 F.2d 619,620 (5th Cir. 1983)).

### A.      Standard for Non-Immediate Family Members

As a general matter, "only spouses, parents, siblings, and children are entitled to recover" solatium damages asserted in a Foreign Sovereign Immunities Act (FSIA) action.  *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379 (D.D.C. 2015); *see also Owens v. Republic of Sudan*, 864 F.3d 751, 807 (D.C. Cir. 2017) ("[N]ot every person who experiences emotional distress from a major terrorist attack – a universe that could be large indeed-can state a claim for [intentional infliction of emotional distress] absent some close relationship to a victim who was injured or killed.")  Courts, including in this multi-district litigation, have, however, recognized

2

an exception to the "immediate family member" requirement and have awarded solatium damages to plaintiffs who the courts have found to be the "functional equivalent" of immediate family members of the deceased victims.  *See* ECF No. 3795 (adopting ECF No. 3676 and establishing non-immediate family member framework); *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 79 (D.D.C. 2010); *Estate of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20, 29 (D.D.C. 2009); *Knox v. Palestinian Authority*, 442 F. Supp. 2d 62 (S.D.N.Y. 2006); *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 236 (S.D.N.Y. 2003).

## II.    ARGUMENT

> *Diana Patricia Castano, spousal equivalent of Alejandro Castano,*
> *Presumptive Award*: $12.5 Million
> *Requested Award*: $12.5 Million

The Court's October 14, 2016 Report and Recommendation identified three factors which were relevant to the determination of whether a close non-immediate family member was the "functional equivalent" of an immediate family member.  Those factors are:

- The long term residence or co-habitation in the decedent's household;

- Whether the non-immediate family member ever played a guardian or custodian-like role in the 9/11 decedent's life or vice-versa; and

- Whether the biological family member whose role the "functional equivalent" individual played was absent from the family life.

*See* ECF No. 3363 at 10-12.  In weighing these different factors, the Court stated it would consider whether the non-immediate family member supported the decedent financially and emotionally, or vice versa, and whether the decedent and the claimant shared in typical family activities like doing homework, eating dinner and vacationing together.  *Id.*

3

### A.  Compensatory Damages

Alejandro Castano was working as a delivery man for Empire Distributing Corp., when he died on September 11, 2001 when the World Trade Center collapsed.  Diana Patricia Castano was his life partner and upon hearing the news of the attack, she spent the days after the incident at the World Trade Center trying to find him or any information about him.  ECF No. 4912-5 at ¶14.  Diana never imagined that the day before September 11, 2001 would be her last time seeing Alejandro.  ECF No. 4912-5 at ¶11.

Diana was 19 and Alejandro was 18 when they met in 1984 and started dating. ECF No. 4912-5 at ¶3.  Diana and Alex dated for three years, and in 1987, they moved in together in Bergenfield, New Jersey.  ECF No. 4912-5 at ¶4-5.  One year later, in 1988, the couple welcomed their son, Stephen Alejandro Castano.  ECF No. 4912-5 at ¶4-5.  Once their son was born, Alejandro proposed to Diana, and in 1990, Alejandro and Diana brought a house together in Englewood, New Jersey.  ECF No. 4912-5 at ¶6-7.

Alejandro and Diana continued to live as a family with their son Stephen in their home until 1993 when they moved into Alejandro's mother's house which was also in Englewood, New Jersey.  ECF No. 4912-5 at ¶8.  Alejandro and Diana treated each other as husband and wife—they loved together, raised their son together, shared expenses and owned real-estate together.  To this day, Alejandro's mother considers Diana to have been Alejandro's wife.  ECF No. 4912-5 at ¶9.

Although Alejandro and Diana were not living together at the time of Alejandro's death, the two were still in a relationship and very involved in each other's lives.  They raised Stephen together, celebrated birthdays together, vacationed together and did things as only families would.  ECF No. 4912-5 at ¶10.

Diana was informed of the September 11, 2001 attacks after dropping their child off at school and watching the tragic events unfold on the television.  ECF No. 4912-5 at ¶12. Diana immediately reached out to Alejandro's mother and quickly went to her home so that they could find more information about Alejandro's whereabouts as the authorities would not let them travel downtown.  One of Alejandro's co-workers who survived the attacks met with Diana at Alejandro's mother's house as he was the last person to see him alive.  ECF No. 4912-5 at ¶13. While Diana attempted to find Alejandro or information about him, she was unsuccessful and sadly had to accept that he was a victim of the attack.  ECF No. 4912-5 at ¶14-15.

On April 2, 2002, Diana was appointed as the Administratrix of Alejandro's estate in Bergen County.  ECF No. 4912-5 at ¶16 and Ex. 1.  Diana and Alejandro spent 17 years together, considered each other to be husband and wife and shared many moments which Diana still holds dearly.  ECF No. 4912-5 at ¶17-19.

Based on Diana Patricia Castano's traumatic experience in losing her life partner, and the father of her child, she should be awarded the full solatium damages award of $12.5 Million otherwise awarded to the spouses of September 11, 2001 decedents.

### B.  Prejudgment Interest

As in prior applications, the *Abel* plaintiffs ask that this Court direct that prejudgment interest of 4.96% on the solatium award running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously in the prior *Abel* applications, as well as for other plaintiffs in this consolidated litigation.

5

### C.  Punitive Damages

Under the FSIA, plaintiffs are also entitled to punitive damages. 28 U.S.C. § 1605A(c)(4).  In the *Havlish* Report and Recommendation on Damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory).  ECF No. 2623 at 2.  The Court has applied that ratio to awards for plaintiffs in other related cases.  *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas's Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying a 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice.  ECF No. 3363 at 28.  Judge Daniels adopted Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages.  ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, the *Abel* plaintiffs herein request permission to address the issue of punitive damages at a later date.  *See, e.g.*, ECF No. 3666 (Judge Daniels's order in *Burnett*, authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

6

### III.     Conclusion

For the reasons set forth herein, under the Court's previously established framework and the facts in this case, the *Abel* plaintiffs respectfully (1) object to the Report and Recommendations as to Diana Patricia Castano, and request that Diana Patricia Castano is deemed a functional equivalent; (2) request that Diana Patricia Castano be awarded compensatory damages in the amount of $12,500,000; (3) direct that prejudgment interest of 4.96% on the solatium award running from September 11, 2001 until the date of judgment be assessed; and (4) request permission for such plaintiff to seek punitive damages, economic damages, and other appropriate damages at a later date.

Respectfully submitted,

/s/ Stephen Wah
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Stephen Wah, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel:     212-278-1000
Fax:     212-278-1733
Email:  jgoldman@andersonkill.com
            bstrong@andersonkill.com
            swah@andersonkill.com

*Attorneys for Plaintiffs*

Dated:  March 12, 2020
          New York, New York

7