KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 28, 2019

**FILED UNDER SEAL**
**CONTAINS INFORMATION SUBJECT TO FBI PROTECTIVE ORDER**

*Via Electronic Mail*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Pursuant to Local Rule 37.2, Saudi Arabia requests a pre-motion conference regarding discovery requests served by Plaintiffs on Saudi Arabia on October 10, 2019. These requests are untimely. They were served more than 10 months after the deadline for Plaintiffs to present to the Court disputes about the appropriate scope of any further jurisdictional discovery. Moreover, all but one of these belated discovery requests are squarely prohibited by this Court's prior rulings that Plaintiffs may not seek Saudi Arabia's post-9/11 investigation files.

Saudi Arabia conferred with Plaintiffs by email on October 24, 2019, and by phone on October 28, asking them to withdraw these discovery requests, but Plaintiffs have refused to do so. For the reasons set forth below, Saudi Arabia requests that this Court grant a protective order under Rule 26(c) preventing these discovery requests or, in the alternative, set a briefing schedule for Saudi Arabia to move for such an order.

**1.a.**   This Court set a two-stage schedule for written discovery. *First*, Saudi Arabia was to complete its responses to written discovery by July 31, 2018. *See* ECF No. 4009; ECF No. 4015, at 37-38. *Second*, the parties were "to meet and confer and make good faith efforts to resolve any disputes with respect to any documents that have been withheld and any disputes with respect to the appropriate scope of any further jurisdictional discovery" and to present any disputes to the Court by September 21, 2018. ECF No. 4009. At Plaintiffs' request, the September 21 deadline for presenting remaining disputes was postponed twice until November 30. *See* ECF Nos. 4115, 4213; ECF No. 4237, at 41:16-42:5.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn   **FILED UNDER SEAL**
October 28, 2019
Page 2

      That process is complete. Saudi Arabia responded to Plaintiffs' initial written discovery by July 31, 2018. *See* ECF No. 4078. Following those responses, Plaintiffs made additional discovery demands, including serving additional written discovery on October 10, 2018. *See* Ex. A. Saudi Arabia objected to the October 10 demands; after briefing, the Court granted discovery as to some of Plaintiffs' demands, and denied others. *See* ECF No. 4261. The parties presented their disputes about those additional demands, and in two sealed orders issued on July 22, 2019, this Court resolved those disputes. Consistent with those orders, Saudi Arabia completed its responses to Plaintiffs' additional demands on October 4, 2019, thus bringing written discovery to a close. *See* ECF No. 5200.

      On October 10, 2019 – more than 10 months after the twice-extended deadline to present to the Court any "disputes with respect to the appropriate scope of any further jurisdictional discovery," ECF No. 4009 – Plaintiffs served another round of written discovery on Saudi Arabia without seeking authorization from the Court. *See* Exs. B, C. These discovery demands are untimely and should be disallowed.

      "A party seeking relief from the discovery schedule, including the reopening of discovery when discovery has closed, must make an application to the Court demonstrating why good cause exists to modify the schedule." *McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007). "[T]he 'primary consideration' in determining whether such good cause exists is 'whether the moving party can demonstrate diligence.'" *In re General Motors LLC*, 2016 WL 2766654, at *1 (S.D.N.Y. May 12, 2016) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). With respect to diligence, Plaintiffs bear the burden of demonstrating that the prior schedule could not "reasonably be met despite the[ir] diligence." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. Another "relevant factor[]" is prejudice to the opposing party. *Kassner*, 496 F.3d at 244.

    **b.**    Plaintiffs' October 10, 2019 discovery requests seek information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Plaintiffs served three document requests seeking (1) "all documents received from the United States ▮▮▮▮▮▮▮▮, (2) "all documents provided to the United States ▮▮▮▮▮▮ and (3) "all documents relating to any inquiry or investigation conducted by the Kingdom of Saudi Arabia, in relation to any requests for information from the United States, ▮▮▮▮▮▮▮▮. Ex. B. They also served three interrogatories seeking information about (1) ▮▮▮▮▮▮ usage between January 1, 1998, and September 11, 2002, (2) whether Saudi Arabia received "any request for information or inquiry ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. C. The requests were labeled as subject to the FBI protective order.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn      **FILED UNDER SEAL**
October 28, 2019
Page 3

[REDACTED]

[REDACTED] Their failure to do so "falls far short of the diligence needed" to justify reopening discovery. *In re General Motors*, 2016 WL 2766654, at *2 (declining to reopen discovery where a party "had reason to know" discovery could be fruitful but "did absolutely nothing to pursue the matter").

    c.    The United States' [REDACTED]

[REDACTED]. This Court has previously explained that discovery against Saudi Arabia will not be reopened each time the FBI, or other United States agencies, produce additional information:

> [Y]ou will be given a tranche of information from the FBI and potentially these other agencies in the coming months. What is to stop you from arguing every month that I set a motion to compel deadline that you think you are getting more documents and you want to review those?

ECF No. 4237, at 29:6-11; *see also* ECF No. 4015, at 27:5-8 (the Court: "[T]he fact that the 9/11 Commission or some [FBI] agent said that, ['w]e had suspicions or we thought this or we made this conclusion,[']" is "not evidence").[3] [REDACTED]

---

[2] *See* [REDACTED]

[3] *See also* ECF No. 3964, at 23:13-17 ("To the extent what Mr. Kellogg fears is realized, meaning that if [the FBI discovery] process bleeds beyond the limited time frame that I impose, I'm not going to allow that to hold up the [K]ingdom's right to file a new motion to dismiss once a reasonable period of discovery has concluded."); ECF No. 4237, at 30:4-6 ("There is probably an endless source of information you can be seeking here and at a certain point we need to move forward.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn  **FILED UNDER SEAL**
October 28, 2019
Page 4

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

It would also be prejudicial to Saudi Arabia to reopen discovery. This Court has recognized that Saudi Arabia "has a real interest in wrapping up this discovery and moving forward to the motion practice." ECF No. 4237, at 29:11-13. Further, Saudi Arabia has already responded ▬▬▬▬▬▬▬▬▬▬▬▬▬▬. This search required a time-consuming page-by-page search of the relevant repositories. Saudi Arabia should not be forced by Plaintiffs' delay to conduct another round of searches for documents ▬▬▬▬ That would be inconsistent with Judge Daniels' directive that the limited jurisdictional discovery "shall proceed in a prompt and expeditious manner." ECF No. 3946, at 4-5.

2.   Five of Plaintiffs' six new discovery requests seek information about any post-9/11 investigations ▬▬▬▬▬ Those mirror Plaintiffs' requests at the outset of discovery that Saudi Arabia produce its "investigative efforts" regarding September 11, 2001, including from Saudi Arabia's law enforcement, intelligence, and defense agencies. ECF No. 4003, at 2-5.[4] This Court rejected those earlier requests, recognizing "the sensitivity to [Saudi Arabia] and the likelihood that a lot of information is appropriately protected by privilege." ECF No. 4015, at 26:21-27:5; *see* ECF No. 4005, at 4-5 (explaining Saudi Arabia's interest in protecting such highly sensitive information and its ability to assert privilege over that information). Instead, the Court ordered Saudi Arabia to produce only "actual evidence, contemporaneous evidence" that was collected by the Presidency of State Security ("PSS") but not post-9/11 investigative files. ECF No. 4015, at 26:21-27:5; *see* ECF No. 4009 (directing Saudi Arabia to "search for documents that the Presidency of State Security obtained and compiled" from other agencies).

This Court reaffirmed those principles in its ruling on Plaintiffs' November 30, 2018 motion to compel: "[B]road searches of the [General Intelligence Directorate ('GID')] or the PSS are inappropriate" because "international comity requires the Court to demonstrate due respect for 'any sovereign interest expressed by a foreign state' " – "considerations that are particularly important 'when it comes to a foreign sovereign's diplomatic and military affairs.' " Opinion and Order at 9-10 (filed under seal on July 22, 2019) ("MTC Order") (quoting *Catalano v. BMW of N. Am., LLC*, 2016 WL 3406125, at *6 (S.D.N.Y. June 16, 2016), and *Aurelius Capital Master, Ltd. v. Republic of Argentina*, 589 F. App'x 16, 18 (2d Cir. 2014)).[5]

---

[4] *See also* Ex. D (RFP No. 85: seeking "all Documents concerning any inquiry, investigation, remedial action, or joint effort with the United States, between September 11, 2001 and December 31, 2005, concerning . . . any representatives, agents, employees, or officials of the Ministry of Islamic Affairs in the United States").

[5] This Court also stated that Plaintiffs may be allowed discovery of Saudi Arabia's investigative or intelligence agencies if Plaintiffs provide "evidence that responsive documents

Those rulings foreclose the discovery that Plaintiffs seek. [redacted] – precisely the types of investigative files for which this Court has denied discovery based on comity, privilege, and lack of relevance. *See* ECF No. 4015, at 26:21-27:10 (rejecting discovery of post-9/11 "suspicions," "thought[s]," and "conclusion[s] of others," which are "not evidence" that the Court can "rely on"); ECF No. 4456, at 31:9-12 (questioning why Plaintiffs believe "the law entitles [them] to inquire into a nation's deliberative processes and investigative efforts when they're here not on merits discovery"). There is no basis to depart from those rulings, especially because Plaintiffs have already received contemporaneous evidence [redacted] – the only kind of evidence that matters here.

[redacted] This Court has also already considered and rejected Plaintiffs' request for similar information. *See* ECF No. 4003, at 5 (seeking Saudi Arabia's "responses to inquiries and requests from the 9/11 Commission"); *supra* p. 4. Requiring Saudi Arabia to search its law enforcement, intelligence, or defense agencies for documents [redacted] presents the same set of comity concerns. Those concerns are not diminished for any documents that may have been shared with the United States because those documents would have been shared "on a confidential basis as part of the two countries' close security and intelligence cooperation." ECF No. 4005, at 5. Indeed, the United States has classified certain information provided by Saudi Arabia. *See id.* Accordingly, the Court should again deny Plaintiffs' discovery requests.

* * *

This letter contains citations to, descriptions of, and quotations from documents subject to the Privacy Act Order and Protective Order for FBI Documents, ECF No. 4255. Accordingly, Saudi Arabia is filing it under seal. Saudi Arabia has submitted proposed redactions to the FBI for review and will advise the Court of any changes the FBI requests. Any pre-motion conference may also need to be conducted under circumstances that protect the FBI's confidentiality interests.

---

may exist." MTC Order 11. That statement concerned Plaintiffs' request for *pre-9/11* documents from those agencies, not *post-9/11* investigative files that raise distinct concerns about comity, international relations, and privilege. *See* ECF No. 4456, at 31:6-8; *see id.* at 31:16-32:8 ("We're not seeking investigative documents, we're seeking who directed Bayoumi and Thumairy to assist the hijackers. . . . We're looking for documents from before 9/11.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn    **FILED UNDER SEAL**
October 28, 2019
Page 6

        Repectfully submitted,

        */s/ Michael K. Kellogg*

        Michael K. Kellogg
        *Counsel for the Kingdom of Saudi Arabia*

Enclosures

cc:    The Honorable George B. Daniels (by overnight mail)
       Service list for the Plaintiffs, the United States, and Dallah Avco (by email)