# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to*:
All Actions

## SUBJECT TO FBI PRIVACY ACT AND PROTECTIVE ORDER

## PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES CONCERNING
███████████████████

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES

Sean P. Carter
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Tel. (215) 665-2105

Robert T. Haefele
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel. (843) 216-9184

James P. Kreindler
KREINDLER & KREINDLER LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel. (212) 687-8181

Jerry S. Goldman
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel. (212) 278-1000

October 10, 2019

**PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES CONCERNING** ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

Pursuant to the March 28, 2018 Memorandum Decision and Order of the Honorable George B. Daniels, U.S.D.J., and the April 20, 2018 Order of the Honorable Sarah Netburn, U.S.M.J., the Plaintiffs' Executive Committees, on behalf of the Plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, 03 MDL 1570, with claims asserted against the Kingdom of Saudi Arabia ("the Kingdom" or "the Saudi government" or "Defendant"), propound and serve on Defendant the following Supplemental Interrogatories Concerning ▮▮▮▮

▮▮▮▮▮▮▮▮ to be answered fully and under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure, within 30 days of their service.

## INSTRUCTIONS

1.      Each Interrogatory is to be answered separately and fully in writing under oath. Each person who makes the answers must sign them, and the attorney who objects must sign any objections.

2.      You are required, in responding to these Interrogatories, to obtain and furnish all information available to you that is in your possession, custody, or control, or in the possession, custody or control of any of your representatives, officers, directors, employees, agents, servants, or attorneys.

3.      As to each individual interrogatory, you are required to state with specificity the grounds for objecting to any interrogatory.

4.      If you decline to answer any Interrogatory or any portion of any Interrogatory due to a claim of any privilege or other authorized protection, Identify each Person having knowledge of the factual basis on which the privilege or other ground is asserted, respond in full to the

2

remainder of the interrogatory, comply with Local Civil Rule 26.2, and where any Document or information is withheld based on the assertion of the privilege or the authorized protection, comply with the requirements set out in the November 19, 2012 Order Governing Identification of Privileged Documents (ECF No. 2644), including providing a privilege log that provides the following information concerning each individual Document or information withheld:

    a. The type of Document or information (e.g., letter, notebook, telephone conversation, etc.);
    b. The general subject matter of the Document or information;
    c. The date of the Document;
    d. The authors of the Document, the addressees of the Document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;
    e. If the Document is an electronic Document, its file size; and
    f. Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is governed by a federal or state statute, regulation, or rule, the specific federal or state statute, regulation, or rule being invoked.

    5.    These Interrogatories are deemed to be continuing and you must, in a timely manner, supplement or correct any response that you learn is, in any respect, incomplete or incorrect. Should you obtain information or Documents subsequent to your response(s) that would add to or otherwise change your response(s), including the Documents produced to you, you must supplement your response in a timely manner, and produce such additional or different information or Documents to the undersigned attorneys immediately upon your discovery or receipt of such information or Documents.

    6.    For the purpose of these discovery requests, except to the extent specifically indicated in the "Definitions" section of this Set of Requests, the words used herein are considered to have, and should be understood to have, their ordinary, everyday meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary*, Second College Edition by Prentice Hall Press. In the event Defendant asserts that the wording which has been

used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

7.      If You object to any interrogatory, the objection must state whether any responsive information is being withheld on the basis of that objection; and the objection must state whether the objection is to all or part of the interrogatory; and if to only part of the interrogatory, it must state to which part of the interrogatory the objection is made and respond to the rest of the interrogatory.

8.      If You object to any interrogatory on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, You should state the specific reasons for that objection, state what You contend to be the proper scope of the interrogatory, and respond in accordance with what You contend is the proper scope.

9.      Any interrogatory referring to any entity, organization, office, association, or government includes any official, employee, representative or agent of that entity, organization, office, association, or government.

10.     The time period for Interrogatory number 1 is January 1, 1998 through September 11, 2007.  The time period for Interrogatory numbers 2 and 3 is September 11, 2001 through the present.

## DEFINITIONS

1.      All terms used herein that are defined in Local Civil Rule 26.3 have the meaning as defined therein, unless specified otherwise in these directions. To the extent that any term is defined herein in a manner that is inconsistent with Local Civil Rule 26.3, the rule governs.

2.      The terms "Defendant," "You," "Your," "the Kingdom of Saudi Arabia," "the Kingdom," or "the Saudi government" refer to the government of the Kingdom of Saudi Arabia,

including without limitation any ministry, council, agency, instrumentality, organ, political subdivision, government committee, Saudi embassy or consulate, or component of the Saudi government, as well as any official, employee or agent of the Saudi government.

3.      The terms "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B).  Specifically, the term "Document" as used herein shall include "electronically stored information" and "any designated tangible things."   A draft or non-identical copy is a separate Document within the meaning of this term.

4.      The term "electronically stored information," or "ESI," includes the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts and/or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, .PDF and .TIFF files, batch files, native files and all

ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. ESI includes, but is not limited to, any and all items stored on any electronic media, computers, networks or "cloud" computing services and all backup files containing electronically stored data. ESI also includes the file, folder tabs, metadata, personal electronic backup media, including thumb drives, and/or containers and labels appended to or associated with any physical storage device associated with each such original and/or copy. ESI includes all text messages, instant messages, internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, and all other methods by which messages may be transmitted by or through electronic means.

5.      The use of the singular form of any word includes the plural and vice versa.

6.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

7.      The terms "all," "any" and "each" shall be construed as encompassing any and all.

8.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## **INTERROGATORIES**

1.      For any work, home, or mobile phone used by ███████████████ between

January 1, 1998 and September 11, 2002, provide the following information:

        (a)     The phone number;

        (b)     The name of the service provider for each such phone number;

        (c)     The name of the subscriber for each such phone number;

        (d)     Address of the phone; if cell phone, so state.

**ANSWER:**


2.      State whether the Kingdom of Saudi Arabia received any request for information

or inquiry concerning ███████████████ from the United States, and, if so, provide the

following information:

        (a)     The date(s) of any such request(s) for information or inquiry;

        (b)     The name of the United States agency or government office that presented

              any such request(s) for information or inquiry;

        (c)     The name(s) of any agency of the Saudi government that gathered

              information in response to the request for information;

        (d)     The date(s) of any response(s) provided by the Saudi government;

        (e)     The nature of the inquiry and/or information requested;

        (f)     The nature of any information provided by the Kingdom of Saudi Arabia.

**ANSWER:**

3.



**ANSWER:**

Dated: October 10, 2019             Respectfully,

COZEN O'CONNOR                    MOTLEY RICE LLC

By: _/s/ Sean P. Carter_          By: _/s/ Robert T. Haefele_____
    SEAN P. CARTER                    ROBERT T. HAEFELE
    For the Plaintiffs Exec. Committees   For the Plaintiffs Exec. Committees

KREINDLER & KREINDLER LLP         ANDERSON KILL P.C.

By: _/s/ James P. Kreindler____   By: _/s/ Jerry S. Goldman_____
    JAMES P. KREINDLER               JERRY S. GOLDMAN
    For the Plaintiffs Exec. Committees   For the Plaintiffs' Exec. Committees

## CERTIFICATE OF SERVICE

I, Andrew J. Maloney III, hereby certify that a true copy of the Plaintiffs'

Supplemental Interrogatories Concerning ███████████████ are being served via electronic

mail and U.S. first-class mail, postage prepaid, this 10th day of October, 2019, upon:

Michael K. Kellogg
MKellogg@kelloghansen.com
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(Counsel for the Kingdom of Saudi Arabia)

- and -

Robert Kry
rkry@mololamken.com
MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(Counsel for Dallah Avco)

Andrew J. Maloney III