## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

### FILED UNDER SEAL SUBJECT TO FBI PROTECTIVE ORDER

November 8, 2019

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees ("PECs") write on behalf of Plaintiffs, in opposition to Saudi Arabia's October 28, 2019 letter requesting a pre-motion conference and entry of a protective order relative to Plaintiffs' October 10, 2019 supplemental discovery requests concerning [REDACTED]. Plaintiffs respectfully request that the Court deny the Kingdom's application for a pre-motion conference and protective order, and direct it to respond to Plaintiffs' discovery.

Plaintiffs' supplemental discovery requests seek facts and evidence necessary to determine the nature of [REDACTED]. This includes evidence relevant to whether the Kingdom ratified [REDACTED]. The requests also are relevant in assessing whether the Kingdom has obstructed the discovery process. Meanwhile, the Kingdom has failed to make any showing that would support protection from this discovery on privilege or international comity grounds, and the available facts indicate that it could not do so.

Saudi Arabia's claims that Plaintiffs' supplemental discovery requests are "untimely" and that it would be "prejudicial" to require Saudi Arabia to respond to the simple requests are baseless. Discovery remains ongoing and plaintiffs have been diligently seeking evidence concerning [REDACTED], from the commencement of discovery. The supplemental discovery requests are entirely appropriate given the [REDACTED], and necessary because Saudi Arabia evaded providing evidence concerning [REDACTED]. Saudi Arabia does not and cannot claim any *unfair* prejudice. *See Old Chief v. U.S.*, 519 U.S. 172, 193 (1997) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'") (dissent).

<u>Plaintiffs' Supplemental Discovery Requests.</u> [REDACTED] Plaintiffs served a focused set of supplemental discovery requests,

encompassing just three (3) interrogatories (Exhibit A) and three (3) document requests (Exhibit B), on October 10, 2019. The interrogatories seek disclosure of phone numbers ▮▮▮▮ basic information relating to any notifications or circumstances apprising the Kingdom ▮▮▮▮ ▮▮▮▮, such as the date of any information request from the United States pertaining ▮▮▮▮ disclosure of ▮▮▮▮ ▮▮▮▮ *See* Exhibit A. The document requests seek documents exchanged with the United States concerning ▮▮▮▮ materials collected by the Kingdom about ▮▮▮▮ to any informational request from the United States. *See* Exhibit B.

<u>Plaintiffs' Supplemental Discovery Requests are Proper.</u> Particularly given ▮▮▮▮ ▮▮▮▮ there can be no question that Plaintiffs are entitled to fulsome discovery concerning ▮▮▮▮ ▮▮▮▮ Indeed, discovery as to those issues goes to the heart of the inquiry into "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." *In re Terrorist Attacks*, 298 F. Supp. 3d 631, 651 (S.D.N.Y. 2018).

Plaintiffs' supplemental discovery requests seek information directly relevant to those very issues. For example, Plaintiffs' first supplemental interrogatory seeks basic information concerning phone numbers ▮▮▮▮ the period between January 1, 1998 and September 11, 2002, including the number(s) assigned to the phone(s), and the subscriber and provider information. Exhibit A at No. 1. ▮▮▮▮ ▮▮▮▮ Such communications are relevant to the overarching agency questions for which the Court has authorized discovery, and may provide evidence ▮▮▮▮.

Plaintiffs' two additional interrogatories simply ask the Kingdom to disclose facts indicating whether, when, and under what circumstances it received investigative information requests relating ▮▮▮▮ the U.S., or ▮▮▮▮ and the Kingdom's responses (if any) to same. *See* Exhibit A at Nos. 2-3. The three document requests, in turn, simply seek information requests and notifications the Kingdom received from the United States concerning any investigation ▮▮▮▮ materials that the Kingdom assembled and provided to the United States in relation to any request for information ▮▮▮▮. *See* Exhibit B. Facts and records relating to ▮▮▮▮ are singularly relevant to the ongoing jurisdictional discovery inquiry, and the Kingdom makes no effort whatsoever to claim otherwise. Whether any of those materials are privileged is a separate matter relative to which the Kingdom has made no competent showing. *See infra* at pp. 3-4.

---

[1] The Court previously held that determinations whether to authorize discovery involve a "delicate balancing" requiring that discovery be "ordered circumspectly," but that "Plaintiffs must be given the discovery necessary to determine whether JASTA applies." July 22, 2019 Opinion and Order at pp. 7-8. While Plaintiffs have expressed their respectful disagreement with aspects of this approach, ▮▮▮▮ ▮▮▮▮

Discovery as to any investigative requests or notifications concerning ▓▓▓ the 9/11 attacks also is relevant to the ▓▓▓

▓▓▓, would reflect a clear ratification of those actions. *See Reiss v. Societe Centrale du Groupe Des Assurances Nationales,* 185 F. Supp. 2d 335, 338 (S.D.N.Y. 2002) ("[A] party's ratification, that is, subsequent approval of an agent's performance, may support a finding of jurisdiction under the FSIA.")

The Kingdom's claims that this discovery runs afoul of the Court's prior orders[2] simply ignores that the Court has authorized discovery of this precise nature. Specifically, the Court directed Saudi Arabia to produce records relating to the 2003 inquiry conducted by a committee established by the Saudi government to investigate extremist connections of Saudi propagators in the U.S., and Thumairy's expulsion from the King Fahad Mosque and efforts to "cultivate[] extremist followers." July 22, 2019 Opinion and Order at p. 33. The Court recognized that this investigation was relevant to Saudi Arabia's review and potential ratification of Thumairy's work. *Id.* The Court also ordered Saudi Arabia to produce existing documents about Bayoumi and Thumairy collected during post-9/11 investigations prompted by the evidence implicating them as subjects. Plaintiffs' supplemental discovery requests ▓▓▓ are in accord with these rulings.

The Kingdom's efforts to avoid this discovery based on unsubstantiated claims of privilege and vague allusions to international comity considerations should not be considered at all, and are facially doubtful and overstated. To the extent the Kingdom seeks to avoid discovery on privilege or international comity grounds, it must make a competent showing as to specific documents and evidence under the Rules and governing law. It has failed entirely to make any effort to do so.

Moreover, the Kingdom's conclusory claims that the evidence and information Plaintiffs seek is privileged or necessarily involve information warranting protection on comity grounds are dubious at best. For example, disclosure of the date on which the Kingdom learned ▓▓▓ ▓▓▓ would not implicate any privilege. To the contrary, it is information routinely exchanged in discovery in civil cases for purposes of notice, spoliation, and other issues. And Plaintiffs' requests for information provided to the United States in response to any request for information would most naturally include ▓▓▓ ▓▓▓ that the Kingdom assembled in response to such a request. No privilege or apparent comity consideration applies to such records.[3] Further, Plaintiffs interrogatories and document requests principally seek simple *facts* ▓▓▓ ▓▓▓

Those *facts* are separable from any information that may be privileged. *Upjohn v United States,* 449

---

[2] Plaintiffs have filed a motion for reconsideration and/or objections relating to the Court's rulings denying certain discovery of Saudi Arabia's intelligence and similar files, which Plaintiffs incorporate by reference. August 5, 2019 Motion for Reconsideration at pp. 16-25. That Motion included a discussion about the requirements for raising an international comity objection to discovery, which the Kingdom has again failed to meet.

[3] "Documents prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation do not qualify for protection." *Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.,* 2001 U.S. Dist. LEXIS 10623, *4 (S.D.N.Y. Aug. 2, 2001); *Burke v. N.Y.C. Police Dept.,* 115 F.R.D. 220 (S.D.N.Y. 1987) (defendants' conclusory claims that documents prepared during confidential investigation were privileged did not support claim).

U.S. 383 (1981) (explaining that the work product doctrine and attorney client privilege do not protect facts from disclosure); *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (distinguishing attorney opinion work product from factual material). So-called fact work product "encompass[es] factual material, including the result of a factual investigation," *id.* at 183, and may be discovered "upon a showing of substantial need and inability to obtain the equivalent without undue hardship." *Upjohn*, 449 U.S. at 400. Here, Plaintiffs' need for the information is obvious, and it is not available from any other source. These standards further underscore that the Kingdom's unsupported claims of privilege and comity cannot be indulged.[4]

Finally, Plaintiffs' supplemental discovery is all the more appropriate given the dearth of information Saudi Arabia has produced ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ Yet the Kingdom identified ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ over the relevant five year period, and did not produce a single document ▋▋▋▋▋▋▋▋▋▋▋ - let alone ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ – during the year 2000 when the hijackers arrived and ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋.[5]



<u>The Kingdom's Procedural Arguments Are Meritless.</u> Initially, the Kingdom's procedural arguments rest on cases and standards applicable to applications to re-open discovery *after the deadline for completion of all discovery has passed*, which are wholly inapplicable here.[6] As the Kingdom obviously knows, discovery remains ongoing in the present action.

Further, while the Court did set deadlines for Plaintiffs to serve initial discovery requests and to move to compel on the basis of those initial requests, the Court did not issue any directive precluding Plaintiffs from serving appropriate follow up discovery requests based on newly discovered evidence, and the circumstances and record confirm otherwise. Indeed, when the Court set a deadline for Plaintiffs' initial discovery requests, the Court was aware that Plaintiffs ▋▋▋▋▋▋ ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋, and that Plaintiffs were just beginning to collect evidence from the Kingdom and third parties. Under these circumstances, it was self-evident that discovery would yield additional evidence warranting further inquiry, as is common in any case and particularly appropriate in a matter of this complexity and involving covert criminal activities.

---

[4] The Kingdom claims that the United States' privilege assertions as to certain documents provided by Saudi Arabia supports its efforts to avoid discovery, Kingdom Letter at p. 5, but in fact the U.S. approach demonstrates that such materials are a proper subject of discovery, and that claims of privilege as to such materials must be formally substantiated. Further, whatever may be said about the government's privilege claims as to materials from foreign governments, Saudi Arabia faces no restriction on producing its own documents that it provided to the U.S.

[5] ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

[6] *See McKay v. Triborough Bridge & Tunnel Auth.*, 2007 WL 3275918 (S.D.N.Y. Nov. 5, 2007) (issuance of a Rule 45 trial subpoena after close of discovery, where defendants argued that they realized documents were relevant only after court-ordered mediation); *In re General Motors, LLC*, 2016 WL 2766654 (S.D.N.Y. May 12, 2006) (issuance of a subpoena after discovery period closed which was construed as a request to re-open discovery); *see also Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007) (whether to allow amended complaint after deadline for amendments).

Consistent with those realities, the Court previously authorized Plaintiffs to conduct supplemental discovery as to several Saudi officials based on newly discovered information, and also ordered the Kingdom to conduct additional searches for documents based on evidence learned through discovery, including disclosures in response to plaintiffs' subpoena to the FBI. The supplemental discovery requests are consistent with these prior practices and rulings.

And even where the deadline for completing all discovery has passed, Courts liberally construe the good cause standard of Rule 16(h). In relation to that liberal analysis, courts in the Second Circuit give particular consideration to whether the moving party was diligent in seeking discovery within the guidelines established by the Court, and the likelihood that the discovery sought will lead to relevant evidence. *Cordero v. City of New York*, 2017 U.S. Dist. LEXIS 205030 (E.D.N.Y. Dec. 13, 2017). In the present case, Plaintiffs have been steadfastly diligent in pursuing discovery ▮ ▮ from the outset of the discovery process,[7] ▮ ▮ confirms that the discovery Plaintiffs are seeking is certain to lead to singularly relevant evidence. *See supra* at pp. 2-4. Thus, even if the "good cause" standard the Kingdom cites were applicable, which it is not, it would support Plaintiffs' discovery.

In claiming that Plaintiffs should have served additional discovery requests ▮ Kingdom letter at pp. 2-3, the Kingdom conveniently ignores that it aggressively opposed *any* discovery ▮ ▮. In support of those efforts, the Kingdom misleadingly claimed that the evidence indicated that the relevant time ▮ interactions with Thumairy ▮ ▮ despite the fact that the Kingdom certainly knew otherwise. The Kingdom also claimed that there was no basis for Plaintiffs' arguments that ▮ ▮.

This final point underscores the real reason Saudi Arabia is working so hard to evade Plaintiffs' supplemental discovery requests: it knows that responding would reveal that it has been aware of ▮ before discovery began, and would thus lay bare the Kingdom's efforts to frustrate discovery by engineering its searches to exclude the most damaging documents and facts in its possession. It is thus all the more important to require the Kingdom to respond to Plaintiffs' supplemental requests, to assess whether it has flouted the discovery process and is itself responsible for delaying discovery ▮ involvement for more than a year. The Kingdom has itself placed these questions in issue, by claiming it would be prejudiced by any further discovery ▮ at this point and asserting an interest in "wrapping up discovery."

---

[7] ▮

Respectfully submitted,

COZEN O'CONNOR

/s/ *Sean P. Carter, Esquire*
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

On behalf of the MDL 1570 Plaintiffs'
Exec. Committee for Commercial Claims

KREINDLER & KREINDLER

Steven R. Pounian, Esquire
Andrew J. Maloney, III, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

On behalf of the MDL 1570 Plaintiffs'
Exec. Committee for Personal Injury and
Death Claims

cc: Hon. George B. Daniels, U.S.D.J.

MOTLEY RICE

/s/ *Robert T. Haefele, Esquire*
Robert T. Haefele, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

On behalf of the MDL 1570 Plaintiffs'
Exec. Committee for Personal Injury and
Death Claims

Legal\43652580

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiffs' Executive Committees' opposition to Saudi Arabia's October 28, 2019 letter requesting a pre-motion conference and entry of a protective order was served upon the following via electronic mail this 8th day of November 2019:

Michael K. Kellogg, Esq.
Mark C. Hansen, Esq.
Gregory G. Rapawy, Esq.
Andrew C. Shen, Esq.
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
mkellogg@kellogghansen.com
mhansen@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com

Sarah S. Normand, Esq.
Jeannette A. Vargas, Esq.
Andrew E. Krause, Esq.
U.S. Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Sarah.Normand@usdoj.gov
Jeannette.Vargas@usdoj.gov
Andrew.Krause@usdoj.gov

Robert K. Kry, Esq.
Eric Nitz, Esq.
MOLO LAMKEN LLP
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
rkry@mololamken.com
enitz@mololamken.com

Steven R. Pounian