# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*
*ALL CASES*

### SUBJECT TO FBI PRIVACY ACT AND PROTECTIVE ORDER

### PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS CONCERNING ▮

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES

Sean P. Carter
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Tel. (215) 665-2105

Robert T. Haefele
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel. (843) 216-9184

James P. Kreindler
KREINDLER & KREINDLER LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel. (212) 687-8181

Jerry S. Goldman
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel. (212) 278-1000

October 10, 2019

## PLAINTIFFS' SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS CONCERNING ▮

Pursuant to the March 28, 2018 Memorandum Decision and Order of the Honorable George B. Daniels, U.S.D.J., and the April 20, 2018 Order of the Honorable Sarah Netburn, the Plaintiffs' Executive Committees, on behalf of the Plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, 03 MDL 1570, with claims asserted against the Kingdom of Saudi Arabia ("the Kingdom" or "the Saudi government" or "Defendant"), propound and serve on Defendant the following Supplemental Request for Production of Documents Concerning ▮ to be answered fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their service.

### INSTRUCTIONS

1.  In responding to these requests, You shall produce all responsive Documents and other things, in Your possession, custody, or control, regardless of whether such Documents or things are possessed directly by You or by Your employees, agents, attorneys, accountants, auditors, investigators, or other representatives. A Document shall be deemed to be within Your control if You have the practical ability to obtain the document or a copy of the document from another person having possession or custody of the Document.

2.  Documents are to be produced in full; redacted Documents will not constitute compliance with this request. If any requested Document or thing cannot be produced in full, Defendant is requested to produce it to the extent possible, indicating which Document or portion of that Document is being withheld and the reason that Document or portion of that Document is being withheld.

3.  In producing Documents, Defendant is to produce the original of each Document requested together with all non-identical copies and drafts of that Document. If the original of any

Document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. Documents shall be produced as they are kept in the usual course of business or the Documents shall be organized and labeled to correspond to the categories in this request. All Documents shall be produced in the original file folder, binder, covers, envelope, or other container in which the Documents are kept or maintained by Defendant. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5. Documents shall be produced in such fashion as to identify any organization, department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian.

6. Documents attached to each other should not be separated.

7. If any Documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible, including without limitation the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the Document.

8. Unless the parties agree otherwise, the form of production shall be as follows:

   a. Hardcopy Documents should be scanned as multipage PDF files. The Documents should be logically unitized (*i.e.*, distinct Documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business. If an original document contains color necessary to understand the meaning or content of the document, the document must be produced in a manner with sufficient color distinction and clarity to understand

the meaning or content of the document. This includes, but is not limited to, color or graphs, charts, presentations, edits, or highlighting made by hand or electronically on the original. Multi-page Optical Character Recognition ("OCR") text for each document should also be provided. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

        b.      Documents kept in their usual course of business in electronic format, or ESI, are to be produced in their native format. Any key, password, or other protection necessary to access the Documents are to be produced with the documents.

        c.      All images should show any and all text and images which would be visible to the reader using the native software that created the Document. For example, images of email messages should include the BCC line. PowerPoint Documents should disclose hidden slides and all speaker notes.

        9.      Each of these requests shall be continuing. If at any time after Defendant responds to this request any information becomes available that calls for any supplement to a previous response, provide such Documents within a reasonable time period from the time when it becomes available.

        10.      If Defendant asserts a privilege or other authorized protection with respect to any Document requested herein, Defendant must produce all non-privileged/protected portions of the document with those portions as to which a privilege/protection is claimed redacted, and Defendant must provide a privilege log that conforms with the requirements set out in the November 19, 2012 Order Governing Identification of Privileged Documents (ECF No. 2644), including providing the following information concerning each individual Document withheld or redacted:

      a. The type of Document or information (e.g., letter, notebook, telephone conversation, etc.);
      b. The general subject matter of the Document;
      c. The date of the Document;
      d. The authors of the Document, the addressees of the Document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;
      e. If the Document is an electronic Document, its file size; and
      f. Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is based upon or governed by a law, statute, regulation, or rule, the specific law, statute, regulation, or rule being invoked.

11. For the purpose of these discovery requests, except to the extent specifically indicated in the "Definitions" section of this Set of Requests, the words used herein are considered to have, and should be understood to have, their ordinary, everyday meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press. In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

12. If You object to any request for production, the objection must state whether any responsive materials are being withheld on the basis of that objection; and the objection must state whether the objection is to all or part of the request; and if to only part of the request, it must state to which part of the request the objection is made and produce all Documents responsive to the rest.

13. If You object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, You should state the specific reasons for that objection, state what You contend to be the

proper scope of the request for production, and respond in accordance with what You contend is the proper scope, and produce Documents within the scope You contend to be proper.

14. Any request referring to any entity, organization, office, association, or government includes any official, employee, representative or agent of that entity, organization, office, association, or government.

15. The time period for these requests is September 11, 2001 through the present.

## DEFINITIONS

1. All terms used herein that are defined in Local Civil Rule 26.3 have the meaning as defined therein, unless specified otherwise in these directions. To the extent that any term is defined herein in a manner that is inconsistent with Local Civil Rule 26.3, the rule governs.

2. The terms "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B). Specifically, the term "Document" as used herein shall include "electronically stored information" and "any designated tangible things." A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "electronically stored information," or "ESI," includes the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts and/or transmittals,

6

logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, .PDF and .TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. ESI includes, but is not limited to, any and all items stored on any electronic media, computers, networks or "cloud" computing services and all backup files containing electronically stored data. ESI also includes the file, folder tabs, metadata, personal electronic backup media, including thumb drives, and/or containers and labels appended to or associated with any physical storage device associated with each such original and/or copy. ESI includes all text messages, instant messages, internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, and all other methods by which messages may be transmitted by or through electronic means.

   4.  The term "Plaintiffs" shall refer to Plaintiffs in cases in the above-referenced MDL proceedings, *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570, (including plaintiffs in cases filed and indicated as being "associated" or "related to" the MDL proceedings), who have claims asserted against the Kingdom of Saudi Arabia.

   5.  The terms "Defendant," "You," "Your," "the Kingdom of Saudi Arabia," "the Kingdom," or "the Saudi government" shall refer to the government of the Kingdom of Saudi

Arabia, including without limitation any ministry, council, agency, instrumentality, organ, political subdivision, government committee, Saudi embassy or consulate, or component of the Saudi government, as well as any official or employee of the Saudi government.

6. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether oral or written.

7. The use of the singular form of any word includes the plural and vice versa.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

9. The terms "all," "any" and "each" shall be construed as encompassing any and all.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents received from the United States concerning ███ ███.

**ANSWER:**

2. Any and all documents provided to the United States concerning ███ ███.

**ANSWER:**

3. Any and all documents relating to any inquiry or investigation conducted by the Kingdom of Saudi Arabia, in relation to any requests for information from the United States, concerning ███.

**ANSWER:**

Dated: October 10, 2019

Respectfully,

COZEN O'CONNOR

By: /s/ *Sean P. Carter*
    SEAN P. CARTER
    For the Plaintiffs Exec. Committees

KREINDLER & KREINDLER LLP

By: /s/ *James P. Kreindler*
    JAMES P. KREINDLER
    For the Plaintiffs Exec. Committees

MOTLEY RICE LLC

By: /s/ *Robert T. Haefele*
    ROBERT T. HAEFELE
    For the Plaintiffs Exec. Committees

ANDERSON KILL P.C.

By: /s/ *Jerry S. Goldman*
    JERRY S. GOLDMAN
    For the Plaintiffs' Exec. Committees

**CERTIFICATE OF SERVICE**

I, Andrew J. Maloney III, hereby certify that a true copy of the Plaintiffs' Supplemental Requests for Production of Documents Concerning ▉▉▉▉▉▉▉▉▉ are being served via electronic mail and U.S. first-class mail, postage prepaid, this 10th day of October, 2019, upon:

Michael K. Kellogg
MKellogg@kellogghansen.com
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(Counsel for the Kingdom of Saudi Arabia)

Robert Kry
rkry@mololamken.com
MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(Counsel for Dallah Avco)

Andrew J. Maloney III