# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

March 16, 2020

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs write in response to the Kingdom of Saudi Arabia's request that the Court proceed with the hearing previously set for March 23, 2020, ECF No. 6069, but by telephone rather than in person. The Kingdom's letter misstates Plaintiffs' position, which is not that the hearing should be canceled altogether, but rather that the hearing should be deferred so that the parties and Court can assess how best to proceed on various fronts in this difficult environment. To that end, Plaintiffs propose that the Court set a case management conference by phone for the week of April 6, 2020, to discuss proposals for managing and advancing this MDL, including approaches to the hearing on the deposition protocol and witness issues, based on a more complete understanding of the impact of the coronavirus emergency.

Initially, Plaintiffs note that they are mindful of the gravity and unprecedented nature of the present crisis, and the degree to which circumstances are changing on a daily basis. Plaintiffs recognize that parties will need to adapt to meet these challenges, but are reluctant to embrace or advance any rash proposals in such a difficult and rapidly shifting situation.

With respect to the hearing that was scheduled to be held in person on March 23, 2020, Plaintiffs respectfully submit that proceeding by phone on Monday would be prejudicial to Plaintiffs and would not result in a productive use of the parties' or Court's time. To begin with, the issues raised in the papers are complex, and Plaintiffs' presentation, including responses to

issues raised in real time, will need to be coordinated among numerous members of the PECs. The inability for members of the PECs to effectively communicate with one another during the hearing will impair that needed coordination.  The witness disputes also require presentation of facts and exhibits involving 50 knowledgeable witnesses the Kingdom is seeking to exclude from providing testimony, a process that will be unworkable over the phone, particularly on short notice and while the involved PECs firms are transitioning to remote work locations.

In addition to these logistical issues, the hearing on the deposition protocol and witness disputes raises important issues about Plaintiffs' rights to obtain testimony from Saudi Arabia, and members of the 9/11 family community want to attend the hearing.

Another important factor, as briefly mentioned above, is that actions being undertaken to mitigate the coronavirus emergency have significantly impaired the functioning of the PECs' offices.  In most cases, personnel are now working from home on short notice, requiring the firms to work through a range of administrative and technical issues.  In the case of one of the PECs' firms, the Commonwealth of Pennsylvania and City of Philadelphia announced new restrictions on business activities late today, requiring the firm to transition all employees other than a skeleton staff to a remote workplace.[1]

Nor is there any urgent reason to decide this particular motion now.  The motion for a protective order and other witness issues were scheduled for hearing before the Court on an early date after briefing to allow the deposition process to begin.  But because of the coronavirus emergency, it is currently impossible to conduct depositions.

In this environment, Plaintiffs respectfully submit that it would be more productive for the Court to address the already pending motions to compel and objections regarding document production of the Kingdom and the FBI.[2]  The resolution of those issues would advance discovery, and if, as Plaintiffs contend, the Court orders the Kingdom and the FBI to produce documents, that process can and should be completed before any depositions.

For all of the foregoing reasons, Plaintiffs respectfully submit that it would be prudent to adjourn the hearing presently set for March 23, 2020, and to schedule a case management conference for the week of April 5, 2020 to discuss proposals for advancing the MDL.

---

[1] Plaintiffs have not yet seen Saudi Arabia's reply, which will require us to gather additional exhibits with only a few days of lead time and virtually no office support staff.

[2] The fully briefed motions include Plaintiffs' January 22, 2020 Second Motion to Compel the Kingdom to Produce Documents; Plaintiffs' January 17, 2020 Motion for Leave to Supplement the Record and for Reargument of this Court's January 3, 2020 Order regarding the production of documents; Plaintiffs' January 21, 2020 Objections to this Court's January 7, 2020 Order; Plaintiffs' May 31, 2019 Motion to Compel the FBI to produce documents concerning Adel al-Sadhan, Mutaeb al-Sudairy, and Abdullah al-Jaithen, and material redacted from the 2012 FBI Summary Report; Saudi Arabia's January 22, 2020 Letter-Motion to limit its searches for documents; and, Plaintiffs' February 27, 2020 Letter-Motion for leave to bring a motion to compel production of documents. Plaintiffs requested oral argument of the Second Motion to Compel the Kingdom and the Motion to Compel the FBI. Plaintiffs also brought an October 24, 2019 Letter-Motion to compel the FBI, which was deferred and made part of Plaintiffs' January 14, 2020 Second Motion to Compel the FBI, as to which the FBI just today requested a second extension to file its opposition papers.

March 16, 2020
Page 3

If, nevertheless, this Court decides to hold the hearing by phone, Plaintiffs request additional time, at least one week, to make necessary arrangements to present the exhibits before the Court during the argument and evaluate technological tools to mitigate at least certain of the challenges described above.

Finally, as the PECs previously advised Saudi Arabia, Plaintiffs have no objection to the Kingdom's proposed modification about filing under seal pleadings.

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE |
|---|---|
| /s/ Sean P. Carter, Esquire | /s/ Robert T. Haefele, Esquire |
| Sean P. Carter, Esquire | Robert T. Haefele, Esquire |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, PA 19103 | Mt. Pleasant, SC 29464 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

KREINDLER & KREINDLER

/s/ Steven R. Pounian, Esquire
Steven R. Pounian, Esquire
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims

cc:   Honorable George B. Daniels by ECF
      All counsel by ECF