**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
1850 M STREET, N.W. · SUITE 720 · WASHINGTON, D.C.  20036

Direct Dial: 202−467−4489 · Fax: 205−314−0805
Email:TFleming@wigginschilds.com · Web:www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

March 17, 2020

<u>VIA ECF and FEDERAL EXPRESS</u>
The Honorable George B. Daniels
United States District Judge
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 Pearl Street
New York, New York  10007

  Re: *In Re Terrorist Attacks on September 11, 2001*, 1:03-md-01570 (GBD)(SN)
   *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM)
   *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN)
   Request for Expedited Consideration of Three Pending Motions

Dear Judge Daniels:

This letter is to request expedited consideration of three motions currently pending that were filed on February 28, 2020, in the related *Havlish* and *Hoglan* cases in the *In Re September 11, 2001 Terrorist Attacks* MDL, specifically *Hoglan* Doc. No. 321, MDL Doc. No. 6021, *Havlish* Doc. No. 495, MDL Doc. No. 6028, and *Hoglan* Doc. No. 323, MDL Doc. No. 6029.

Time is of the essence for entry of the 28 U.S.C. §1610(c) Order that is requested in the Motion For Order To Permit Attachment And Execution Pursuant To 28 U.S.C. §1610(c) in *Hoglan* (*Hoglan* Doc. No. 321, MDL Doc. No. 6021), as well as the other two motions, for the following reasons.

First, the §1610(c) Order requested in *Hoglan* Doc. No. 321, MDL Doc. No. 6021, is critical to maintaining a freeze of <u>more than $1.6 billion held in Luxembourg</u> that is an asset of *Havlish* and *Hoglan* Judgment Defendant the Central Bank of Iran, *a.k.a.* Bank Markazi.

<u>The current freeze of those funds, accomplished by the *Havlish* Judgment Plaintiffs in January 2016, is at risk of being dissolved by the Luxembourg Court of Appeals in a decision scheduled for April 1, 2020.</u>  Bank Markazi has been attempting to persuade Luxembourg courts to dissolve the freeze, and Luxembourg counsel representing the *Havlish* Judgment Plaintiffs has explained that the procedural rules governing the particular proceeding Bank Markazi is using <u>do not provide for stays pending appeal</u> – regardless of the merits of any potential appeal.  Thus, an adverse decision on April 1 would render any appeal futile.  Bank Markazi would be free to transfer the funds outside the jurisdiction of Luxembourg courts and would do so, in all likelihood, beyond the jurisdiction of any court that could otherwise enforce the *Havlish* and *Hoglan* Plaintiffs' respective judgments.

However, <u>the *Hoglan* Plaintiffs can serve a new asset freeze independently </u>of the *Havlish* Plaintiffs that will block Bank Markazi's ability to transfer the funds, and, by so doing, effectively re-impose the current asset freeze to provide the *Havlish* Plaintiffs an opportunity to meaningfully appeal an adverse decision.  <u>In order to serve this new asset freeze, the *Hoglan* Plaintiffs must obtain this

The Honorable George B. Daniels  March 17, 2020
United States District Judge  Page 2

Court's order authorizing enforcement proceedings pursuant to 28 U.S.C. §1610(c) and then deliver certified copies of that Order to Luxembourg counsel in time for them to serve the *Hoglan* Plaintiffs' asset freeze before April 1, 2010.

Second, the *Hoglan* Plaintiffs will need several days lead time to effect service of the asset freeze in Luxembourg. The *Hoglan* Plaintiffs have already collected the necessary orders and filings from the docket and have drafted the papers needed to serve the asset freeze. Therefore, Luxembourg counsel is prepared to serve the asset freeze once they receive a certified copy of the §1610(c) Order authorizing them to begin enforcing their judgment. Thus, the *Hoglan* Plaintiffs not only need the §1610(c) Order to be entered, but will also need to obtain, and deliver to Luxembourg, certified copies of the §1610(c) Order. Because Luxembourg is in a time zone that is five hours ahead of Eastern Daylight Time, the *Hoglan* Plaintiffs will lose one to two days from the date the §1610(c) Order is entered because they must deliver a certified copy to counsel in Luxembourg.

Finally, emergency measures being implemented throughout Europe to deal with COVID-19 outbreaks could also adversely impact the *Hoglan* Judgment Plaintiffs' ability to serve the their asset freeze quickly. Luxembourg counsel has explained that reports in Luxembourg have suggested that varying degrees of a shutdown may be implemented soon. Depending on the shutdown level implemented, formal service of papers may be delayed or interrupted for periods of time that extend beyond April 1, 2020. Therefore, Luxembourg counsel needs to begin the process of serving the asset freeze as soon as possible.

For the reasons described above, the window of time for the *Hoglan* Plaintiffs to serve their asset freeze is critically short. It must be served before April 1, 2020, which is only fourteen (14) days from today. Of those 14 days, four are weekends and at least two to three additional days will be used to obtain certified copies of the Order and deliver them to Luxembourg. Consequently, the *Hoglan* Plaintiffs currently have only seven or eight court days (taking into account the time to deliver the §1610(c) Order to Luxembourg counsel) to serve the asset freeze in Luxembourg.

The motions at *Havlish* Doc. No. 495, MDL Doc. No. 6028, and *Hoglan* Doc. No. 323, MDL Doc. No. 6029, are motions to file documents under seal. They are related to the motion filed at *Hoglan* Doc. No. 321, MDL Doc. No. 6021, for reasons that directly relate to the freeze of the Luxembourg funds, as will be apparent from a review of the courtesy copies of the papers with the motion for leave to file under seal previously delivered to the Court.

We thank the Court for its consideration of this very time sensitive matter.

                                      Respectfully,

                                      Timothy B. Fleming
                                      *An Attorney for the Havlish and Hoglan Plaintiffs*