# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-5572
scottreau@jonesday.com

March 24, 2020

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (S.D.N.Y.) (GBD) (SN)
            *Estate of John P. O'Neill, Sr. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-1923 (S.D.N.Y.) (GBD) (SN)

Dear Judge Netburn:

      In accordance with this Court's Individual Practices in Civil Cases (p. 4) and mindful of this Court's time, Defendants Dubai Islamic Bank ("DIB"), International Islamic Relief Organization, Yassin Kadi, Muslim World League, and World Assembly of Muslim Youth (collectively, "*O'Neill* Defendants") jointly move for leave to file a short sur-reply, not to exceed five pages, to address points newly raised in the ten-page Reply Memorandum of Law in support of the *O'Neill* Plaintiffs' motion for class certification.[1] MDL ECF 6065 ("Reply").

      We seek such leave because the *O'Neill* Plaintiffs in their opening brief did not provide in any detail their arguments on the issues of predominance and superiority. ECF 5676 at 18 (one page discussing predominance issues in this case, among discussion of "common cause or disaster" case law generally); *id.* at 23-25 (two and a half pages briefly analyzing superiority factors). Instead, the *O'Neill* Defendants did not see Plaintiffs' full arguments on these issues until Plaintiffs served their Reply. In particular, Plaintiffs argue in Reply for the first time that it was the *O'Neill* Defendants who delayed in raising issues, and imply that this supposed delay somehow is dipositive of the class-certification issue. Reply 1, 3-4. The *O'Neill* Plaintiffs also suggest in their Reply that a common harm is the key to the predominance inquiry. *Id.* at 1, 3-5. In addition, the *O'Neill* Plaintiffs now try to attack the *O'Neill* Defendants' position by pointing to the relative simplicity of class discovery. *Id.* at 4, 9.

---

[1] Counsel for DIB (on behalf of the *O'Neill* Defendants) conferred with counsel for the *O'Neill* Plaintiffs prior to filing this motion. Counsel for the *O'Neill* Plaintiffs indicated that they opposed this motion, and will be filing a response to this motion within 24 hours.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

March 24, 2020
Page 2

In the proposed sur-reply brief, the *O'Neill* Defendants would briefly address Plaintiffs' primary arguments in support of class certification. That is "particularly" appropriate cause for allowing the filing of a sur-reply. *E.g., Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Am. Boat Co., LLC*, 2012 WL 32352, at *1 (S.D.N.Y. Jan. 6, 2012) ("[C]ourts have broad discretion to consider arguments in a sur-reply. This is particularly so when new arguments are put forth in a reply brief." (citation and internal quotation marks omitted) (alteration in original)).

Moreover, the opportunity to provide argument in a sur-reply has potentially increased importance given disruptions as a result of COVID-19. *See* S.D.N.Y. Mem. on COVID-19 Protocols (Mar. 20, 2020) (noting that "[i]n-court appearances will be limited strictly to Emergency Matters" for civil matters). If the Court decides to rule on class certification without oral argument, the sur-reply hopefully will assist the Court in sorting through the arguments of the parties.

The *O'Neill* Defendants thus respectfully request that this Court grant them leave to file a short sur-reply.

Respectfully submitted,

/s/ Omar T. Mohammedi
Omar T. Mohammedi
The Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
New York, NY 10279
Telephone: (212) 725-3846
Fax: (212) 202-7621
Email: omohammedi@otmlaw.com

Frederick J. Goetz (admitted *pro hac vice*)
Goetz & Eckland P.A.
43 Main St. S.E., Suite 505
Minneapolis, MN 55414
(612)-874-1552
Fax: (612)-331-2473
Email: fgoetz@goetzeckland.com

*Counsel for Defendant World Assembly of Muslim Youth*

/s/ Steven T. Cottreau
Steven T. Cottreau (admitted *pro hac vice*)
C. Kevin Marshall (admitted *pro hac vice*)
Stephen M. DeGenaro (admitted *pro hac vice*)
Gabrielle E. Pritsker
Jones Day
51 Louisiana Ave, NW
Washington, D.C. 20001
Telephone: (202) 879-3939
Email: scottreau@jonesday.com
Email: ckmarshall@jonesday.com
Email: sdegenaro@jonesday.com
Email: gpritsker@jonesday.com

Juan P. Morillo (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
777 Sixth St NW
Washington, DC 20001
Telephone: (202)-538-8174
Email: juanmorillo@quinnemanuel.com

*Counsel for Defendant Dubai Islamic Bank*

JONES DAY

March 24, 2020
Page 3

| /s/ Aisha E. R. Bembry | /s/ Peter C. Salerno |
|---|---|
| Aisha E. R. Bembry (admitted *pro hac vice*) | Peter C. Salerno |
| Waleed Nassar (admitted *pro hac vice*) | Amy Rothstein |
| Lewis Baach Kaufmann Middlemiss PLLC | Salerno & Rothstein |
| 1101 New York Avenue, NW Suite 1000 | 221 Schultz Hill Road |
| Washington, DC 20005 | Pine Plains, NY 12567 |
| Telephone: (202) 833-8900 | Telephone: (518) 771-3050 |
| Fax: (202) 466-5738 | Fax: (866) 589-9010 |
| Email: aisha.bembry@lbkmlaw.com | Email: peter.salerno.law@gmail.com |
| Email: waleed.nassar@lbkmlaw.com | Email: amyrothsteinlaw@gmail.com |
| *Counsel for Defendants Muslim World League and International Islamic Relief Organization* | *Counsel for Defendant Yassin Kadi* |

cc:      Counsel of Record (via ECF)