# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212-278-1569

*Via ECF*  March 25, 2020

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

> Re:  *Estate of John P. O'Neill, Sr. v. Al Baraka Inv. & Dev. Corp.,*
>      04-cv-1923 (S.D.N.Y.) (GBD) (SN)

Dear Judge Netburn:

We write in opposition to the *al Baraka* Defendants' March 24, 2020 letter motion requesting leave to file a surreply in further opposition to the *O'Neill* Plaintiffs' class motion. ECF No. 6095.

Your Honor explicitly disfavors surreplies. *See* Individual Practices in Civil Cases Before Judge Netburn ("Sur-reply memoranda will not be accepted without prior permission of the Court."). This strong preference was reiterated as recently as November. *See, e.g.*, Hearing Before Magistrate Judge Netburn, November 15, 2019, Tr. 87:6 ("I don't want surreplies"). Further, "neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file surreplies." *Kapiti v. Kelly*, No. 07-cv-3782, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) (denying surreply, noting that authorizing surreply "has the potential for placing a court in the position of refereeing an endless volley of briefs.") (internal citations omitted). Yet in their letter motion, Defendants disregard this Court's Individual Rules and admonitions, the Federal Rules of Civil Procedure, and the Local Civil Rules of the Southern District of New York, and even depart from the position they staked out a day earlier during a meet and confer, claiming now that a surreply is warranted here primarily "[b]ecause the O'Neill Plaintiffs' in their opening brief did not provide in detail their arguments on the issues of predominance and superiority." ECF No. 6095, p. 1. But as discussed below, this excuse, and the others Defendants proffer are all poor reasons to allow a surreply.

The reasons for allowing a surreply are limited to when a party raises new arguments or new facts in a reply and there is no opportunity to address these new facts or arguments at oral argument. *See, e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) ("[a] surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond."); *Martin v. Wegener*, No. 13-cv-00884, 2014 WL 5503725, at *10 (D. Colo. Oct. 31,

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100242979.3

**Anderson Kill P.C.**

The Honorable Sarah Netburn
March 25, 2020
Page 2

2014) (no surreply or oral argument because no new issues raised in reply). Here, the *al Baraka* Defendants complain that Plaintiffs did not provide sufficient "detail . . . on the issues of predominance and superiority" in their opening brief. Yet Defendants acknowledge that Plaintiffs devoted 14% of the opening brief to these very issues and only elaborated on them in their reply because these were the exact points Defendants disputed in their opposition. *See* Joint Opposition to Class Motion, ECF No. 6030 ("Opp."), p. i., Parts I & II (objecting to predominance and superiority). Similarly, the other issues Defendants' claim were elaborated on in the reply were discussed precisely because Defendants challenged them in their opposition, including (1) the relevance of damages to the predominance inquiry,[1] *see* Opp., Part I.D, (2) whether the obscure issues Defendants raised in their opposition actually predominated over other issues in the case, *see* Opp., Part I, and (3) the manageability of the case as a class action, given the ease with which class discovery was already completed. *See* Opp., Part II.[2]

      Defendants plainly misunderstand the role of oppositions, replies, and surreplies. If Defendants thought Plaintiffs' arguments and analyses in the opening brief were insufficient, as alleged in their present letter motion, their time to challenge it was in their opposition; not to seek additional pages in the guise of a surreply. If they thought that page limitations were a challenge (as they always are), then they should have sought leave for additional pages. They did not. A party's strategic decisions (and errors) of what issues to challenge and how to frame them in a response do not form a proper ground for leave to file a surreply. *See Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d at 276-77. In reality, here, all of the 10-page reply from Plaintiffs was devoted to either rebutting points raised in Defendants' opposition or reiterating points initially raised in Plaintiffs' opening brief, as replies are supposed to do.

      Having failed to satisfy the threshold test for granting this disfavored relief (new facts or new argument), Defendants finally contend that they will be prejudiced without a surreply because of the potential inability to hold oral argument under the present catastrophic conditions. *See* ECF No. 6095, p. 2 ("the opportunity to provide argument in a sur-reply has potentially increased importance given disruptions as a result of COVID-19"); *see also* Ex. A, at p. 1 ("You stated that I did not give any other reason for a surreply. That is not true. As we discussed, the Court may not hold oral argument in light of Covid-19.");[3] *id.* at p. 4 ("We are also taking into

---

[1] Defendants characterize the reply as "suggest[ing] . . . that a common harm is the key to the predominance inquiry." Plaintiffs object to that characterization and accordingly direct the Court, and Defendants, to the reply brief.

[2] Indeed, the *al Baraka* Defendants had originally conceded in the meet and confer process that Plaintiffs raised no new arguments or new facts in their reply and that a surreply was warranted "[b]ecause the O'Neill Plaintiffs' opening brief did not address the flaws in the class definition, [so] we did not see your position on those flaws until your Reply brief" and because of page limit concerns. *See* Email Correspondence with Steven T. Cottreau, Esq., March 20-23, 2020, attached hereto as Ex. A, pp.1-2.

[3] Mr. Cottreau's recollection on this point is correct, and we subsequently advised him of our omission in the earlier summary of the call.

**Anderson Kill P.C.**

The Honorable Sarah Netburn
March 25, 2020
Page 3

account the constraints on oral argument due to Covid-19"). Yet, a week early, on March 12, 2020, Defendants stated that they *oppose* oral argument. *See* Email from Gabrielle E. Pritsker, Esq., dated March 12, 2020, attached hereto as Ex. B ("Defendants believe that the issue could be resolved on the papers[.]"); *see also* ECF No. 6066 (same). Defendants cannot complain now of their inability to elaborate on their opposition brief or devote more time to the issue of class certification due to a potential absence of oral argument, which they made a conscious decision to oppose. Rather, Defendants' belated and improper request to file a surreply should be denied as pure gamesmanship.

Plaintiffs respectfully submit that class certification be granted and that this present issue be resolved by authorizing oral argument, once this health emergency passes. While Plaintiffs seek to avoid "an endless volley of briefs," *Kelly*, 2008 WL 754686, at *1 n.1, given that Plaintiffs have the burden of proof on the issue of class, Plaintiffs would request to file a brief sur-surreply in response to Defendants' proposed surreply, if their present request is granted.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Attorney for the *O'Neill* Plaintiffs

Attachments- Ex. A and Ex. B.
cc:   All counsel via ECF