

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

March 27, 2020

**By ECF**
Honorable Sarah Netburn
United States Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      We write respectfully on behalf of non-party the Federal Bureau of Investigation ("FBI"). Pursuant to the Court's Order dated March 16, 2020 (ECF No. 6078), the FBI is currently scheduled to file its opposition to plaintiffs' second motion to compel, and any cross-motion, by April 3, 2020. We write respectfully to request leave to submit a portion of the FBI's memorandum of law—up to 15 pages of the 35 pages previously authorized by the Court—*ex parte* and *in camera* to allow the Government to discuss classified national security information that is necessary to directly address certain issues.

      We make this request because, in preparing the FBI's motion papers, it has become apparent that some points raised by plaintiffs' motion to compel and the FBI's cross-motion can only be directly addressed by discussing classified information. We expect to submit classified declarations in support of the FBI's opposition and cross-motion that will be in excess of two hundred pages. We believe that discussing certain classified information in a separate portion of the FBI's memorandum of law will be the most clear and efficient way to address certain issues, and will be most helpful to the Court. This will allow the FBI to directly address certain points that it would not otherwise be able to address in its memorandum of law, and to identify for the Court the specific portions of the voluminous declarations that relate to the issues raised by the cross-motions.

      There is ample precedent for this approach. The Second Circuit and this Court have permitted the Government to submit classified briefing in civil cases where necessary to fully address the relevant facts and law. *See, e.g.*, *N.Y. Times v. DOJ*, Dkt. Nos. 13-422(L), 13-445(Con) (2d Cir.), ECF Nos. 122, 149 (permitting government to file *ex parte*, for *in camera* review, classified inserts to the government's brief on appeal

*In re Terrorist Attacks*, 03 MDL 1570
Page 2

and a classified submission addressing questions posed at oral argument); *Johnson v. CIA*, Dkt. No. 17 Civ. 1928(CM) (S.D.N.Y.), ECF Nos. 29-30 (classified memorandum of law submitted *ex parte*, and redacted unclassified version filed on the public docket), Dkt. No. 18-1826 (2d Cir.), ECF Nos. 77-79 (same); *see also N.Y. Times v. DOJ*, Dkt. Nos. 14-4432(L), 14-4764(Con) (2d Cir.), ECF Nos. 89, 92 (granting government leave to file classified brief *ex parte* and *in camera* and redacted unclassified version on the public docket); *ACLU v. DOJ*, Dkt. Nos. 15-2956(L), 15-3122(XAP) (2d Cir.), ECF Nos. 109, 105, 114, 125, 129 (same); *ACLU v. DOJ*, Dkt. No. 17-157 (2d Cir.), ECF Nos. 33, 35 (same); *ACLU v. CIA*, Dkt. No. 18-2265 (2d Cir.), ECF Nos. 58, 60 (same).

      Here, the FBI seeks leave to submit a memorandum of law of no more than 35 total pages, as two separate documents: (1) an unclassified memorandum of law that will be filed under seal pursuant to the FBI Protective Order and served on counsel for the PECs and relevant defense counsel, and (2) a classified memorandum of up to 15 pages that will be submitted to the Court *ex parte* and *in camera*, and limited to certain issues that can only be directly addressed by reference to classified information. Particularly given the restrictions in place due to the Coronavirus pandemic, it will be substantially easier for government counsel to prepare two separate documents than to prepare a single brief on a classified system that must be redacted and reviewed by an Original Classification Authority before it can be moved to an unclassified system. Government counsel can work remotely on the unclassified system, but we are unable to do so on a classified system.

      We have conferred with the Plaintiffs' Executive Committees ("PECs") regarding this request. The PECs have advised us that they oppose the filing of an *ex parte* brief and intend to file a letter in response to this request. We thank the Court for its consideration of this request.

                           Respectfully,

                             GEOFFREY S. BERMAN
                             United States Attorney for the
                             Southern District of New York

By:   */s/ Sarah S. Normand*
       SARAH S. NORMAND
       JEANNETTE A. VARGAS
       ANDREW E. KRAUSE
       Assistant United States Attorneys
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel. (212) 637-2709/2678/2769