KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

March 30, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") concerning 18 Rule 45 document subpoenas that Plaintiffs seek to issue more than two months after the deadline for "formal paper discovery." Saudi Arabia respectfully requests that the Court quash these untimely subpoenas.

      At the January 13, 2020 hearing, this Court ruled that "I view formal paper discovery to now be over." Jan 13, 2020 Tr. 43:8-20. The only exceptions that the Court articulated to this general rule were: (i) the pending motions to compel the FBI to produce additional documents; (ii) "the possibility . . . that during a deposition someone would indicate a particular document or category of documents . . . was not reasonably sought" that may lead to "follow-up in the . . . ordinary course"; and (iii) Plaintiffs' request to file a second motion to compel, which has now been fully briefed. *Id.* at 43:8-47:4; *see also* Jan. 22, 2020 Pls.' Second Mot. to Compel.

      Notwithstanding this clear ruling, on March 24, 2020, Plaintiffs gave notice pursuant to Federal Rule of Civil Procedure 45(a)(3) that they intend to serve three additional Rule 45 document subpoenas. *See* Exh. A. These subpoenas direct three telecommunications companies to collectively provide subscriber information for 642 unique telephone numbers. On March 26, 2020, Saudi Arabia requested that Plaintiffs withdraw these subpoenas. On March 27, 2020, Plaintiffs refused to do so, and instead gave notice that they intended to serve an additional 15 Rule 45 document subpoenas. *See* Exh. B. These additional subpoenas direct 15 other telecommunications companies to provide subscriber information for 195 additional telephone numbers. Based on our review, the telephone numbers identified in the 18 untimely subpoenas appear in documents that were produced to Plaintiffs no later than November 2019. *See*, *e.g.*,

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
March 30, 2020
Page 2

Oct. 6, 2019 AT&T Resp. to Pls.' Rule 45 Subpoena.[*] Thus, there is no reason why Plaintiffs could not have pursued this discovery well before the end of "formal paper discovery."

The Court should quash these untimely subpoenas. It is settled law that, "when a plaintiff, as here, is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas . . . should be denied" *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995); *see also Four M Corp. v. Guiliano*, No. 89 Civ. 5275 (KTD), 1991 WL 44840, at *1 (S.D.N.Y. Mar. 27, 1991) (granting plaintiff's request to quash defendant's Rule 45 subpoena served after the discovery cut-off); *Agapito v. AHDS Bagel, LLC*, No. 16-CV-8170 (JPO), 2018 WL 3216119, at *1-2 (S.D.N.Y. May 17, 2018) (same). Moreover, although the "general rule is that a party does not have standing to object to a subpoena issued to a third-party witness unless the movant has alleged some personal privacy right or privilege to the documents sought," that rule does not prevent the court from acting on a party's motion to quash when the "more fundamental problem[ ]" with the subpoena is that it was issued "after the deadline for completing discovery has passed." *McNerney*, 164 F.R.D. at 587-88; *see Revander v. Denman*, No. 00 Civ. 1810 (RJH), 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004) ("Although a party generally does not have standing to challenge a subpoena issued to a third-party witness unless a personal privacy right or privilege is implicated, the Court, in the exercise of its discretion, may deny a subpoena request when it finds that there is no reason why the subpoena could not have been brought during the discovery period.").

Here, Plaintiffs have flouted the "formal paper discovery" deadline. Each of the 18 subpoenas could have been issued more than four months ago, in November 2019 – well before the relevant deadline. Saudi Arabia respectfully requests that the Court quash each of the subpoenas. In the alternative, Saudi Arabia requests permission to provide the Court's January 13, 2020 ruling regarding the end of "formal paper discovery" to the subpoena recipients, so that these non-parties can make their own informed decisions as to how to respond to these untimely subpoenas.

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:  The Honorable George B. Daniels (via facsimile)
     All MDL Counsel of Record (via ECF)

---

[*] To avoid an unnecessary sealed filing, Saudi Arabia has not attached the relevant productions to this letter filing. If the Court requests, Saudi Arabia can provide these productions to chambers.