# Exhibit A

**From:** Tarbutton, J. Scott [mailto:STarbutton@cozen.com]
**Sent:** Tuesday, March 24, 2020 3:01 PM
**To:** Kellogg, Michael K. <mkellogg@kellogghansen.com>; Rapawy, Gregory G.
<grapawy@kellogghansen.com>; Shen, Andrew C. <ashen@kellogghansen.com>;
WTC[sarah.normand@usdoj.gov] <sarah.normand@usdoj.gov>; Vargas, Jeannette
<jeannette.vargas@usdoj.gov>; Krause, Andrew (USANYS) 1 <Andrew.Krause@usdoj.gov>; Kabat, Alan
<kabat@bernabeipllc.com>; 'Cottreau, Steven T.' <scottreau@jonesday.com>; Eric L. Lewis
<Eric.Lewis@LBKMLAW.com>; Waleed.Nassar@LBKMLAW.com; Aisha Bembry
<Aisha.Bembry@LBKMLAW.com>; WTC[omohammedi@otmlaw.com] <omohammedi@otmlaw.com>;
fgoetz@goetzeckland.com; rkry@mololamken.com; enitz@mololamken.com;
peter.salerno.law@gmail.com; McMahon, Martin <mm@martinmcmahonlaw.com>
**Cc:** Carter, Sean <SCarter1@cozen.com>; 'Haefele, Robert' (rhaefele@motleyrice.com)
<rhaefele@motleyrice.com>; WTC[jflowers@motleyrice.com] <jflowers@motleyrice.com>; Kreindler, James
<jkreindler@kreindler.com>; Maloney, III, Andrew <amaloney@kreindler.com>; Steven R. Pounian
<Spounian@kreindler.com>; Goldman, Jerry <jgoldman@andersonkill.com>; Strong, Bruce
<Bstrong@andersonkill.com>; Clark,Jr., William <WClark@cozen.com>
**Subject:** [EXTERNAL] Notice of Service of Subpoenas - In Re Terrorist Attacks on September 11, 2001 (Case
No. 1:03-MD-01570)

Counsel – Please accept this as notice pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure that
the Plaintiffs' Executive Committees in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN)
("MDL 1570"), on behalf of all plaintiffs, intend to promptly serve the attached subpoenas. To the extent
there are additional interested counsel, we ask Defendants' Liaison Counsel or other related counsel to
please circulate this notice and the attached subpoenas accordingly.

Regards,

Scott Tarbutton
On behalf of the Plaintiffs' Executive Committees



**J. Scott Tarbutton**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-7255 F: 215-701-2467
Email | Bio | LinkedIn | Map | cozen.com 

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | ) | |
|---|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   03-MDL-1570 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        AT&T Global Legal Demand Center, 11760 US Highway 1, Suite 300, North Palm Beach, FL 33408
By Fax to:  888-938-4715

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attachment**

| Place:  Per instructions from AT&T, responses can be mailed to: amaloney@kreindler.com                rhaefele@motleyrice.com | Date and Time:            04/23/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/23/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        **Plaintiffs'**
**Executive Committees**_____ , who issues or requests this subpoena, are:

Andrew Maloney, Kreindler & Kreindler, 750 3rd Ave., NY, NY 10017; 212-687-8181; amaloney@kreindler.com
Robert Haefele, Motley Rice, 28 Bridgeside Ave., Mt. Pleasant, NC 29464; 843-216-9184; rhaefele@motleyrice.com

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   03-MDL-1570

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9633;  I served the subpoena by delivering a copy to the named person as follows: _____

_____   _____

_____   on *(date)* _____ ; or

&#9633;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT**

### I.   **Instructions and Definitions:**

1. This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and all documents specified below are required to be produced as required by Rule 45.

2. Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3. If You assert a privilege or other authorized protection with respect to any document requested herein, You must produce all non-privileged/protected portions of the document with those portions as to which a privilege/protection is claimed redacted, and You must provide a privilege log that conforms with the requirements set out by United States Magistrate Judge Frank Maas in the case captioned *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (S.D.N.Y.), by Order dated November 19, 2012 (ECF No. 2644), including providing the following information concerning each individual document withheld or redacted:

   a. The type of document or information (*e.g.*, letter, notebook, telephone conversation, etc.);

   b. The general subject matter of the document;

   c. The date of the document;

   d. The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

   e. If the document is an electronic document, its file size; and

   f. Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is based upon or governed by a law, statute, regulation, or rule, the specific law, statute, regulation, or rule being invoked.

4. As used herein, the following terms are defined as follows:

   a. "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B). A draft or non-identical copy is a separate document within the meaning of this term.

1

b. "Concerning" shall mean referring to, relating to, describing, evidencing, constituting, or in any way relevant to.

c. "All," "any," and "each" shall each be construed as encompassing any and all.

d. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

e. "AT&T Mobility" shall mean AT&T Mobility, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on AT&T Mobility's behalf.

"AT&T - Local" shall mean AT&T - Local, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on AT&T - Local's behalf.

"Bellsouth Mobility, LLC - GA" shall mean Bellsouth Mobility, LLC - GA, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Bellsouth Mobility, LLC - GA's behalf.

"Bellsouth Telecommunications, Inc. (d/b/a Southern Bell Telephone and Telegraph)" shall mean Bellsouth Telecommunications, Inc. (d/b/a Southern Bell Telephone and Telegraph), including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Bellsouth Telecommunications, Inc.'s (d/b/a Southern Bell Telephone and Telegraph) behalf.

"Blue Licenses Holding, LLC" shall mean Blue Licenses Holding, LLC, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Blue Licenses Holding, LLC's behalf.

"Michigan Bell Telephone Co." shall mean Michigan Bell Telephone Co., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors,

or agents; and others known to You to have acted on Michigan Bell Telephone Co.'s behalf.

"Ohio Bell Telephone Co." shall mean Ohio Bell Telephone Co., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Ohio Bell Telephone Co.'s behalf.

"Pacific Bell" shall mean Pacific Bell, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Pacific Bell's behalf.

"SBC Internet Services, Inc. (d/b/a AT&T Internet Services)" shall mean SBC Internet Services, Inc. (d/b/a AT&T Internet Services), including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on SBC Internet Services, Inc.'s (d/b/a AT&T Internet Services) behalf.

"Southwestern Bell" shall mean Southwestern Bell, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Southwestern Bell's behalf.

"Teleport Communications Group, Inc." shall mean Teleport Communications Group, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Teleport Communications Group, Inc.'s behalf.

"Teleport Communications Seattle" shall mean Teleport Communications Seattle, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Teleport Communications Seattle's behalf.

f.   "You" and "Your" shall mean the following entities, individually and/or collectively:  AT&T Mobility; AT&T – Local; Bellsouth Mobility, LLC – GA; Bellsouth Telecommunications, Inc. (d/b/a Southern Bell Telephone and Telegraph); Blue Licenses Holding, LLC; Michigan Bell Telephone Co.; Ohio

Bell Telephone Co.; Pacific Bell; SBC Internet Services, Inc. (d/b/a AT&T Internet Services); Southwestern Bell; Teleport Communications Group, Inc.; Teleport Communications Seattle, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on their behalf.

g.   "Subscriber Information" shall mean the name of each subscriber or customer associated with the phone number or account; each account number associated with the phone number; each service address and billing address associated with the phone number or account; the name of each person or entity that opened the account or to which billing statements were directed; the features associated with the phone number or account; and any other phone numbers associated with the account.

h.   The "applicable time period" is defined as from January 1, 1995 through and including December 31, 2002.  A responsive Document that was prepared prior to the applicable time period but that was operative and in use during the applicable time period must be produced.  If a Document is undated, the date of its preparation cannot be ascertained, and the Document is otherwise responsive to the Request, the Document shall be produced.

## II.   <u>To Be Produced</u>:

1.   Subscriber Information for the following AT&T Mobility telephone numbers:

2022568554
2022972169
2022976226
2145789818
2145789873
2817983214
3139309916
5015414599
5712131953
7036232924
7036236261
7036251717
7036260942
7036260942
7036281000
7036288888
7036298247
7039897358
7082059720
9147079413

4

9147079423

2.  Subscriber Information for the following AT&T - Local telephone number:

    7145394200

3.  Subscriber Information for the following Bellsouth Mobility, LLC - GA telephone numbers:

    2138060131
    3102134469
    3109364186
    4129017373
    4152388984
    5107152668
    5596759910
    5596759910
    6192745516
    6193005208
    6193008199
    6193161299
    6193390512
    6194632000
    6194649428
    6198465611
    6199809797
    6266766677
    6462469900
    7035854424
    7143664202
    7732207210
    7863939119
    7863939239
    8083817133
    8084787788
    8585604557
    8587751785
    9092653401
    9096844422

4.  Subscriber Information for the following Bellsouth Telecommunications, Inc. (d/b/a Southern Bell Telephone and Telegraph) telephone numbers:

    2707620015
    5026376377
    8596259666

5

9049283693
9547485332

5. Subscriber Information for the following Blue Licenses Holding, LLC telephone numbers:

2063210412
2064096777
2097568201
2097568224
3102004857
3102004867
3102008874
3102662025
3102831654
3104354330
3104355848
3104357330
3104358490
3106004867
3106661019
3106661234
3106661666
3106662566
3106662665
3106662701
3106664566
3106666135
3106666789
3106667776
3106669563
3106669563
3107215061
3107533362
3108718443
3108744708
3109386649
3109620159
3109620866
4157943465
4159991133
5593556011
5622432684
5628834044
6192520986
6195180460

6197290847
6198132310
6198132370
6198871606
6198877253
6199918316
6612899202
6613017859
6618780104
6618780111
6618780115
6618780116
6618780119
6618780125
6618780129
6618780137
6618780141
6618780142
6618780157
6618780170
6618780172
6618780175
6618780179
6618780187
6618780191
7027684919
7143060171
7144230860
7144257547
7146860145
7146860149
7146860156
7148836615
7149153532
8016479603
8052526666
8583354593
8583494379
8585684293
8587052097
9097760052
9097762972
9168345237
9168345465
9492917546
9492940521

9496323301

6. Subscriber Information for the following **Michigan Bell Telephone Co.** telephone numbers:

2485527777
3132778064
3135810444
7343326152

7. Subscriber Information for the following **Ohio Bell Telephone Co.** telephone numbers:

6144592175
9372688299
9372947179

8. Subscriber Information for the following **Pacific Bell** telephone numbers:

2133864567
2133870541
3102020132
3102020432
3102020538
3102020636
3102020638
3102020789
3102023160
3102040034
3102041250
3102871471
3102872337
3103380201
3103380233
3103380281
3104792752
3105141121
3106413488
3106455054
3106698721
3106705926
3107775218
3108158411
3108368998
3108388998
3108397391

3108412239
3108599090
3109736050
3234666120
3239386649
4157768088
5305891008
5592294440
5592947881
6192164860
6192208497
6192225923
6192258325
6192258352
6192263901
6192302895
6192325264
6192326264
6192326284
6192333004
6192340284
6192343151
6192344354
6192624009
6192638999
6192641808
6192653455
6192763253
6192805170
6192812508
6192819139
6192838333
6192838999
6192849169
6192851561
6192861661
6192960534
6192980534
6192988804
6192991788
6192998996
6193370553
6193371812
6193390512
6194012692
6194012697

6194012892
6194071512
6194202713
6194208825
6194220914
6194227107
6194236749
6194256618
6194272220
6194276362
6194276368
6194278273
6194424005
6194442794
6194615353
6194628695
6194651917
6194652115
6194665588
6194744103
6194793533
6194828483
6195232014
6195428489
6195620682
6195639443
6195793142
6195820682
6195821746
6195891007
6195897474
6196400089
6196441016
6196617373
6196672727
6196673704
6196682121
6196978808
6197186985
6262821334
6262828641
6262844345
6262867730
6263091122
6265649133
6265761048

6265761590
6612227114
6612486564
6612731718
6618458308
7142375788
7145258265
7145381899
7145394920
7145441275
7146357161
7146367887
7146954228
7147753843
7148391798
7148393700
7148700751
7149400035
7149790837
7149978272
7604326938
7604361320
7604808006
7605981421
7607301980
7607413007
7607463717
7607613885
7609012441
7609317423
7609317463
8055207142
8182389819
8183446988
8183447752
8314497609
8582590717
8582680507
8582681133
8582682060
8582682133
8582684830
8582689521
8582689621
8582709211
8582710192

8582728020
8582737856
8582745336
8582747668
8582770150
8582775252
8582775841
8582775947
8582776941
8582777297
8582777300
8582780788
8582795915
8582799530
8582924147
8583501332
8584579127
8584679330
8584813640
8584830236
8584830238
8584837948
8584846569
8584858898
8584865120
8584950300
8585582488
8585600988
8585604300
8585604551
8585609261
8585651239
8585657080
8585690168
8585694293
8585717855
8585719172
8585719312
8585732190
8585739753
8586130620
8586221169
8586272545
8586589939
8586737106
8586790328

8586898764
8587154724
8587158510
8587159933
8588740339
8588746966
9162633680
9163669375
9495819047
9495950486
9497200742
9497268006
9497532000

9. Subscriber Information for the following SBC Internet Services, Inc. (d/b/a AT&T Internet Services) telephone numbers:

2137492218
3105588123
3108384999
5107916905
6192164880
6194277111
6194741445
6194826933
6195896200
8582723400
8582782700
8585382410
9497232000

10. Subscriber Information for the following Southwestern Bell telephone numbers:

4053668537
5015699220
7139757752
7139772689
8709721991

11. Subscriber Information for the following Teleport Communications Group, Inc. telephone numbers:

3026539245
3035814400
3103053344
5032267600

13

6175282078
6177324578
6195165244
6195236005
7035583000
7035583085
7142265168
7145336271
7145336272
7147814565
8582792753
8585650055

12. Subscriber Information for the following Teleport Communications Seattle telephone number:

4256026296

13. Any and all documents concerning Your document destruction, retention, or storage procedures in effect between 1995 and the present, which could have caused documents concerning the aforementioned telephone numbers to be destroyed or to no longer be in Your possession, custody, or control.

LEGAL\45447863\1

14

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   03-MDL-1570 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Verizon Subpoena Compliance Center: VSAT, 180 Washington Valley Road, Bedminster, NJ  07921
By fax to:  888-667-0028

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attachment**

| Place: Kreindler & Kreindler | Date and Time: |
|---|---|
| 750 3rd Avenue, New York, NY 10017 | 04/23/2020 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/23/2020

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Plaintiffs'**
**Executive Committees** _____ , who issues or requests this subpoena, are:

Andrew Maloney, Kreindler & Kreindler, 750 3rd Ave., NY, NY 10017; amaloney@kreindler.com; 212-687-8181
Robert Haefele, Motley Rice, 28 Bridgeside Blvd., Mt. Pleasant, NC 29464; rhaefele@motleyrice.com; 843-216-9184

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   03-MDL-1570

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                          _____
                                                          *Printed name and title*

                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT**

I.      **Instructions and Definitions:**

1.  This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and all documents specified below are required to be produced as required by Rule 45.

2.  Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3.  If You assert a privilege or other authorized protection with respect to any document requested herein, You must produce all non-privileged/protected portions of the document with those portions as to which a privilege/protection is claimed redacted, and You must provide a privilege log that conforms with the requirements set out by United States Magistrate Judge Frank Maas in the case captioned *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (S.D.N.Y.), by Order dated November 19, 2012 (ECF No. 2644), including providing the following information concerning each individual document withheld or redacted:

    a.  The type of document or information (*e.g.*, letter, notebook, telephone conversation, etc.);

    b.  The general subject matter of the document;

    c.  The date of the document;

    d.  The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

    e.  If the document is an electronic document, its file size; and

    f.  Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is based upon or governed by a law, statute, regulation, or rule, the specific law, statute, regulation, or rule being invoked.

4.  As used herein, the following terms are defined as follows:

    a.  "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B). A draft or non-identical copy is a separate document within the meaning of this term.

1

b.   "Concerning" shall mean referring to, relating to, describing, evidencing, constituting, or in any way relevant to.

c.   "All," "any," and "each" shall each be construed as encompassing any and all.

d.   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

e.   "Allegiance Telecom, Inc." shall mean Allegiance Telecom, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Allegiance Telecom, Inc.'s behalf.

"Cellco Partnership (d/b/a Verizon Wireless – CA)" shall mean Cellco Partnership (d/b/a Verizon Wireless – CA), including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Cellco Partnership's (d/b/a Verizon Wireless – CA) behalf.

"GTE-SW (d/b/a Verizon Southwest, Inc. – TX)" shall mean GTE-SW (d/b/a Verizon Southwest, Inc. – TX), including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on GTE-SW's (d/b/a Verizon Southwest, Inc. – TX) behalf.

"MCI Worldcom Communications, Inc. – MD" shall mean MCI Worldcom Communications, Inc. – MD, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on MCI Worldcom Communications, Inc. – MD's behalf.

"Verizon" shall mean Verizon, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon's behalf.

"Verizon California, Inc. - CA (GTE)" shall mean Verizon California, Inc. - CA (GTE), including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees,

officers, directors, or agents; and others known to You to have acted on Verizon California, Inc. - CA (GTE)'s behalf.

"Verizon Delaware, Inc." shall mean Verizon Delaware, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon Delaware, Inc.'s behalf.

"Verizon Maryland, Inc." shall mean Verizon Maryland, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon Maryland, Inc.'s behalf.

"Verizon New England Inc." shall mean Verizon New England, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon New England, Inc.'s behalf.

"Verizon New Jersey, Inc." shall mean Verizon New Jersey, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon New Jersey, Inc.'s behalf.

"Verizon New York, Inc." shall mean Verizon New York, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon New York, Inc.'s behalf.

"Verizon Pennsylvania, Inc." shall mean Verizon Pennsylvania, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon Pennsylvania, Inc.'s behalf.

"Verizon Virginia, Inc." shall mean Verizon Virginia, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon Virginia, Inc.'s behalf.

"Verizon Washington DC" shall mean Verizon Washington, D.C., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon Washington DC's behalf.

"Verizon FDV" shall mean Verizon FDV, including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Verizon FDV's behalf.

"XO California, Inc." shall mean XO California, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on XO California, Inc.'s behalf.

"XO Idaho, Inc." shall mean XO Idaho, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on XO Idaho, Inc.'s behalf.

"XO Illinois, Inc." shall mean XO Illinois, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on XO Illinois, Inc.'s behalf.

"XO DC, Inc." shall mean XO D.C., Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on XO D.C., Inc.'s behalf.

f.  "You" and "Your" shall mean the following entities, individually and/or collectively:  Allegiance Telecom, Inc., Cellco Partnership (d/b/a Verizon Wireless – CA); GTE-SW (d/b/a Verizon Southwest, Inc. – TX); MCI Worldcom Communications, Inc. – MD; Verizon; Verizon California, Inc. - CA (GTE); Verizon Delaware, Inc.; Verizon Maryland, Inc.; Verizon New England, Inc.; Verizon New Jersey, Inc.; Verizon New York, Inc.; Verizon Pennsylvania, Inc.; Verizon Virginia, Inc.; Verizon Washington, D.C.; Verizon FDV; XO California, Inc.; XO Idaho, Inc.; XO Illinois, Inc.; XO D.C., Inc.; including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions,

corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on their behalf.

g.  "Subscriber Information" shall mean the name of each subscriber or customer associated with the phone number or account; each account number associated with the phone number; each service address and billing address associated with the phone number or account; the name of each person or entity that opened the account or to which billing statements were directed; the features associated with the phone number or account; and any other phone numbers associated with the account.

h.  The "applicable time period" is defined as from January 1, 1995 through and including December 31, 2002.  A responsive Document that was prepared prior to the applicable time period but that was operative and in use during the applicable time period must be produced.  If a Document is undated, the date of its preparation cannot be ascertained, and the Document is otherwise responsive to the Request, the Document shall be produced.

## II.   To Be Produced:

1.  Subscriber Information for the following Allegiance Telecom, Inc. telephone number:

    7148435011

2.  Subscriber Information for the following Cellco Partnership (d/b/a Verizon Wireless – CA) telephone numbers:

    2022976224
    2024942777
    3035794666
    3103399199
    3103453087
    3103453097
    3104357335
    3104881100
    3104979021
    3106660077
    3106662656
    3106662666
    3106664666
    3108041544
    3108243917
    3109015999
    3109364196
    3109365252
    4153102791
    5014423436

5085795599
5099537952
5622448888
5627439128
5628822222
6104208825
6192041060
6192269039
6192275561
6193001800
6193226562
6193226662
6193226663
6193793304
6194577595
6195382410
6196234080
6196724368
6266446627
6618164004
7032980264
7033076234
7033955612
7034475010
7036235055
7038679399
7144031877
7144038926
7144060000
7604806290
8058963255
8312067916
8582581133
8582791994
8583360325
8583370429
8589458031
8593146555
9092439521
9097326702
9097326702
9173017855
9178160838
9494005009
9496366666

3. Subscriber information for the following GTE-SW (d/b/a Verizon Southwest, Inc. – TX) telephone number:

   9797766515

4. Subscriber information for the following MCI Worldcom Communications, Inc. – MD telephone numbers:

   3105565689
   3108297878
   6097717330
   6192292882
   6192965570
   8585760811

5. Subscriber information for the following Verizon telephone numbers:

   2022988806
   2022988809
   2022988856
   2022988858
   2022988860

6. Subscriber information for the following Verizon California, Inc. - CA (GTE) telephone numbers:

   2137400203
   3102341170
   3103064803
   3103136002
   3103700338
   3103902765
   3103916482
   3103946774
   3103980811
   3103991232
   3104400788
   3104412085
   3104412314
   3104587419
   3104651616
   3104773327
   3104795000
   3105771585
   3105899984
   3106562666

```
3108295511
5598759910
5624026448
5624215722
5624646549
5624946549
5624971514
5625971514
5629239911
5629517199
5629617110
6263050077
6263312442
6617631153
7148419275
7148943552
8055718816
8183607980
8183663914
9095937743
9096214597
9096236512
9096238512
9096268220
9099492101
```

7.   Subscriber information for the following Verizon Delaware, Inc. telephone numbers:

```
3024221386
3026533774
3026536141
3026537566
3026538287
3026538623
3026538726
3026539294
3026591630
```

8.   Subscriber information for the following Verizon Maryland, Inc. telephone number:

```
3019841555
```

9.   Subscriber information for the following Verizon New England, Inc. telephone numbers:

4017699826
5088421379

10. Subscriber information for the following Verizon New Jersey, Inc. telephone number:

    9737788100

11. Subscriber information for the following Verizon New York, Inc. telephone numbers:

    2127517102
    2127517117
    7182224986
    7184981785
    9143770520

12. Subscriber information for the following Verizon Pennsylvania, Inc. telephone number:

    6109989666

13. Subscriber information for the following Verizon Virginia, Inc. telephone numbers:

    5409515666
    7032073901
    7032073923
    7032073924
    7032073965
    7032127337
    7032181814
    7032378200
    7032378666
    7032419659
    7032805333
    7033221115
    7033546300
    7033798319
    7033858833
    7035274242
    7035322668
    7035360998
    7035564127
    7036414899
    7036580667
    7036712115
    7036913403

7036986971
7037573383
7038205738
7038278836
7038364327
7039160924
7039160925
7039986067
7039988897

14. Subscriber information for the following Verizon Washington, D.C. telephone numbers:

2022241300
2022245972
2022326313
2022968849
2022986722
2022988614
2022988722
2022988802
2022988804
2022988813
2022988814
2022988841
2022988848
2022988849
2022988861
2022988862
2022988863
2022988886
2022988888
2022988895
2023333800
2023372976
2023374132
2023379450
2023423700
2023423800
2026380890
2026385900
2028570122
2029442113
2029443108
2029443112
2029443120

2029443192
2029443262
2029443344
2029443532
2029443535
2029443547
2029445963
2029445982
7033594424
7035281000

15. Subscriber information for the following Verizon FDV telephone numbers:

2014341305
3019620866
7035243722
7037590211
7037640508
7037640942
7037930180
7038203784

16. Subscriber information for the following XO California, Inc. telephone numbers:

3102755200
3105562777
6194508646
6194608646
6196987747
7149170944
8582782100
8586740339

17. Subscriber information for the following XO Idaho, Inc. telephone number:

2082988722

18. Subscriber information for the following XO Illinois, Inc. telephone number:

8476784488

19. Subscriber information for the following XO D.C., Inc. telephone numbers:

2023344207
2023345032
2023347572

20. Any and all documents concerning Your document destruction, retention, or storage procedures in effect between 1995 and the present, which could have caused documents concerning the aforementioned telephone numbers to be destroyed or to no longer be in Your possession, custody, or control.

45440748\1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   03-MDL-1570 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Airus, Inc., 840 South Canal Street, 7th Floor, Chicago, IL  60607
              To the atention of Pat Phipps by fax:  312-757-4874

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:

See Attachment

| Place:  Cozen O'Connor, 123 North Wacker Drive, Suite 1800, Chicago, IL  60606 | Date and Time: 04/24/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:      03/24/2020

              *CLERK OF COURT*
                                                    OR

    _____                    _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs'
Executive Committees                                   , who issues or requests this subpoena, are:

Sean P. Carter, Cozen O'Connor, One Liberty Place, 1650 Market Street, 28th Fl., Phila., PA 19103;
scarter1@cozen.com   Phone: 215-665-2105

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom
it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   03-MDL-1570

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                        _____
                                                          *Printed name and title*

                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT

**I.**    **Instructions and Definitions:**

1.   This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and all documents specified below are required to be produced as required by Rule 45.

2.   Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3.   If You assert a privilege or other authorized protection with respect to any document requested herein, You must produce all non-privileged/protected portions of the document with those portions as to which a privilege/protection is claimed redacted, and You must provide a privilege log that conforms with the requirements set out by United States Magistrate Judge Frank Maas in the case captioned *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (S.D.N.Y.), by Order dated November 19, 2012 (ECF No. 2644), including providing the following information concerning each individual document withheld or redacted:

   a.   The type of document or information (*e.g.*, letter, notebook, telephone conversation, etc.);

   b.   The general subject matter of the document;

   c.   The date of the document;

   d.   The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

   e.   If the document is an electronic document, its file size; and

   f.   Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is based upon or governed by a law, statute, regulation, or rule, the specific law, statute, regulation, or rule being invoked.

4.   As used herein, the following terms are defined as follows:

   a.   "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B).  A draft or non-identical copy is a separate document within the meaning of this term.

   b.   "Concerning" shall mean referring to, relating to, describing, evidencing, constituting, or in any way relevant to.

c.   "All," "any," and "each" shall each be construed as encompassing any and all.

d.   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

e.   "Airus, Inc." shall mean Airus, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Airus, Inc.'s behalf.

f.   "You" and "Your" shall mean Airus, Inc., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on Airus, Inc.'s behalf.

g.   "Subscriber Information" shall mean the name of each subscriber or customer associated with the phone number or account; each account number associated with the phone number; each service address and billing address associated with the phone number or account; the name of each person or entity that opened the account or to which billing statements were directed; the features associated with the phone number or account; and any other phone numbers associated with the account.

h.   The "applicable time period" is defined as from January 1, 1995 through and including December 31, 2002.  A responsive Document that was prepared prior to the applicable time period but that was operative and in use during the applicable time period must be produced.  If a Document is undated, the date of its preparation cannot be ascertained, and the Document is otherwise responsive to the Request, the Document shall be produced.

## II.   <u>To Be Produced</u>:

1.   Subscriber Information for the following Airus, Inc. telephone numbers:

   (619) 291-7131
   (703) 858-1500

2.   Any and all documents concerning Your document destruction, retention, or storage procedures in effect between 1995 and the present, which could have caused documents concerning the aforementioned telephone numbers to be destroyed or to no longer be in Your possession, custody, or control.