# EXHIBIT A

Sample Declaration Sent to Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )   Civil Action No. 03-md-1570 (GBD) (SN)
IN RE: TERRORIST ATTACKS ON         )   MDL-1570
SEPTEMBER 11, 2001                  )   ECF Case
                                    )
_____)

This document relates to: All Actions

## DECLARATION

1. We, 9/11 family members and survivors, who are among the now countless spouses, children, parents, and siblings of the 2,977 persons murdered on September 11, 2001, and the persons who suffered life-altering injuries, submit this Declaration to express the 9/11 family and survivor community's grave concerns regarding the government's request to file an *ex parte* brief in support of its efforts to withhold evidence from the 9/11 families and survivors, concerning the involvement of Saudi government in supporting and facilitating the September 11th attacks.

2. Since immediately after the September 11th attacks, the 9/11 family and survivor community has engaged in continuous and steadfast efforts to secure transparency concerning the identity of all individuals implicated in the murder of our loved ones and facilitation of the September 11th attacks.

3. As part of that effort, members of the 9/11 family and survivor community were instrumental in the establishment of the National Commission Upon Terrorist Attacks Upon the United States ("9/11 Commission"), whose investigation revealed evidence indicating the involvement of Saudi government employees and agents in supporting the first-arriving hijackers. Members of the 9/11 Commission have submitted their own affidavits in this proceeding, indicating that their Commission was unable to fully explore these facts, and that the evidence of Saudi government involvement in the attacks warranted further investigation.

4. Largely through efforts associated with this litigation, we now know that the 9/11 Commission did not have access to critical evidence about the involvement of Saudi government employees in the September 11th attacks. Indeed, the government has confirmed in filings in this litigation, compelled by our subpoena to the FBI, that the investigation into Saudi government involvement in the September 11th attacks continued for years after the 9/11 Commission completed its work, and developed new evidence that the Commission did not have and that government has not disclosed to us or the American public.

5. For example, we know from public versions of a 2012 FBI summary report that the government's investigation confirmed that both Omar al Bayoumi and Fahad al Thumairy are known to have provided substantial assistance to the first-arriving 9/11 hijackers, and that Fahad al Thumairy immediately assigned someone to look after the hijackers upon their arrival in the United States. The government's findings concerning Thumairy's role in immediately assigning someone to assist the hijackers upon their arrival were not known to the 9/11 Commission.

6. In the years after the 9/11 Commission completed its work, the government has engaged in consistent efforts to block our efforts to uncover the additional facts developed by the government in its investigation into Saudi government involvement in the attacks. The government has, on several occasions, filed amicus briefs with the Supreme Court seeking to prevent the litigation from going forward. In those briefs and throughout extensive proceedings before this Court, the government stood silently by while the Saudi government repeatedly made false claims that it has been exonerated by the 9/11 Commission, without apprising us, the courts, or public that its investigations of Saudi government involvement remained active and ongoing. We spent years and incalculable resources rebutting those false claims, a burden imposed on us entirely by our own government's calculated silence and lack of transparency.

7. In the face of the government's continuing resistance to sharing facts about the murder of our loved one with us, we successfully petitioned the legislative branch to amend U.S. sovereign immunity law by enacting the Justice Against Sponsors of Terrorism Act ("JASTA"). Congress made expressly clear that JASTA was intended to provide us with full access to the U.S. legal system to develop all relevant evidence concerning possible Saudi government involvement in the attacks through the present litigation. As this Court is aware, the Executive Branch fought hard to block JASTA's passage, consistent with its long-standing pattern of obstructing the families' efforts to uncover the evidence in the possession of the Executive Branch concerning Saudi government involvement in the attacks.

8. After this Court authorized us to proceed with discovery for the first time in 2018, we submitted a subpoena to the FBI, seeking information concerning its investigations of Saudi government employees implicated in supporting the 9/11 hijackers and attacks. As this Court is aware, that subpoena required the government to acknowledge that the investigation into Saudi government involvement in the attacks continued for years after the 9/11 Commission completed its work, and to disclose that the investigative subfile includes thousands of pages of additional evidence that have never been revealed to us or the public.

9. Following service of our subpoena to the FBI, we reluctantly agreed to a strict attorneys' eyes only protective order, based on assurances the government provided to our counsel that the protective order would facilitate disclosure of the evidence relevant to our claims against the government of Saudi Arabia. We reasonably understood from the government's representations that the protective order would enable broad cooperation by the government, but that is not proving to be the case. Instead, the government has broadly resisted even searching for many documents that are directly relevant to our JASTA claims, and has broadly resisted disclosing other materials based on assertions of various privileges. We also understood the protective order would be invoked surgically and only where necessary, but the government has instead applied it to every document produced to date, preventing us from seeing any of the limited evidence the FBI has produced concerning the murder of our loved ones.

10. Against this backdrop, we are outraged that the government now seeks permission to present an entire legal brief to the Court that even our attorneys would not be permitted to see. This case represents nothing less than our last chance to secure justice for our murdered loved ones, nearly twenty years after their murder, and we cannot be fairly represented if the government is permitted to conceal evidence on the basis of secret arguments.

11. The government's attempts to evade any scrutiny of its arguments is especially concerning given public reporting that calls into question some of the most basic claims the

government has presented in support of its efforts to withhold the relevant evidence from us.  For example, we understand that the government has claimed in filings with this Court that its investigation of Bayoumi, Thumairy, and their accomplices remains open and active.  We further understand that the government has cited the alleged "open and active" status of the investigation in order to substantiate its claims of privilege and the alleged sensitivity of the evidence that is responsive to our subpoena.  However, recent public reporting by the New York Times indicates that Senior Department of Justice officials made the determination several years ago that the government would not be pursuing any prosecutions in relation to the investigation of Bayoumi, Thumairy and their accomplices (presumably based on the rigorous standards applicable to criminal prosecutions and even more demanding standards applied by the DOJ in determining whether to proceed with a prosecution) and that the government disbanded the investigative team that was pursuing those investigations in 2016.  The reporting further indicates that relevant file materials were shipped to "storage" or "destroyed" years ago, actions that likewise stand at odds with the current claims that the investigation remains open and active.  Given these facts, we have legitimate concerns the government has overstated the "active" status of the investigation to enable it to continue to withhold evidence from us.

12.     We also believe the government's request to submit secret arguments warrants particular scrutiny in this moment, given the deserved national focus on the COVID-19 crisis.  In such an environment, the government's tactics will not receive the kind of attention from the media and public that they would normally command.

13.      For all of these reasons, we respectfully urge the Court to reject the government's request to submit a secret legal brief, and to carefully scrutinize the appropriateness of any and all information the government seeks to submit *ex parte*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, _____, _____
                       (date)                                (county)                     (state)

_____
(signature)

_____
(print name)

_____
(9/11 Affiliation)

3