

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

*IN RE* TERRORIST ATTACKS
ON SEPTEMBER 11, 2001

03 MDL 1570 (GBD)(SN)

-----------------------------------------------------------x

This Document Relates to:
Hoglan, et al. v. Iran, et al.
1:11-cv-07550 (GBD)(SN)

### ORDER UNDER 28 U.S.C. § 1610(c) AUTHORIZING ENFORCEMENT OF JUDGMENT

After having read and considered the *Hoglan* Plaintiffs' Motion for Order Under 28 U.S.C. § 1610(c) Authorizing Enforcement of Judgment, the Court finds as follows:

1. That on March 19, 2020, this Court previously determined that:

    (a) the *Hoglan* Plaintiffs had validly and properly served the Final Judgment entered against the Defendants Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Ali Akbar Hashemi Rafsanjani, Iran's Ministry of Information and Security, Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, Iran's Ministry of Defense and Armed Forces Logistics, Central Bank of Iran, *a.k.a.*, Bank Markazi, National Iran's Petrochemical Company, National Iranian Oil Company, National Iranian Tanker Company, National Iranian Gas Company, Iran Air, and Hezbollah (collectively, the "Judgment Debtor Defendants") on each Judgment Debtor Defendant in conformity with the requirements of 28 U.S.C. § 1608(e);

    (b) a reasonable period of time had elapsed since entry of the Final Judgment and since service of the Final Judgment on the Judgment Debtor Defendants; and

    (c) the *Hoglan* Plaintiffs were authorized to begin enforcing the Final Judgment against assets belonging to the Judgment Debtor Defendants pursuant to 28 U.S.C. §

1610(c) by this Court's Order dated March 19, 2020 (MDL Doc. No. 6092) ("March 18, 2020 Order");

2. That the *Hoglan* Plaintiffs are attempting to enforce the Final Judgment against assets belonging to the Judgment Debtor Defendants and Judgment Debtor Defendants are opposing such enforcement efforts;

3. That, as of the date of the filing of this Motion for an additional order authorizing them to enforce the Final Judgment against specific assets belonging to the Judgment Debtor Defendants, more than sixteen months have passed since the date of service without payment of the Final Judgment by the nation-state and political subdivision Judgment Debtors and more than seven months have passed since the date of service without payment of the Final Judgment by the agency and instrumentality Judgment Debtors; and

4. That the *Hoglan* Plaintiffs have an opportunity to enforce the Final Judgment against assets within the jurisdiction of this Court belonging to the Judgment Debtor Defendants, including, more particularly, assets belonging to the Central Bank of Iran that are currently held by Clearstream Banking, S.A., as more particularly described in 22 U.S.C. § 8772 (2019).

5. That, in accordance with the provisions of 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of the Final Judgment against the Judgment Debtor Defendants and the giving of notice by service of the Final Judgment upon each of them in accordance with 28 U.S.C. § 1608(e).

6. That, among other procedures available to them under New York law to aid in execution, the *Hoglan* Plaintiffs are authorized to serve Clearstream with restraining notices pursuant to NY CPLR 5222 in aid of their efforts to execute against those assets.

7. That given the unprecedented interruption of normal business and court operations caused by restrictions that federal, state, and local governments have imposed, and

2

additional measures that many businesses have voluntarily implemented, in an effort to limit the spread of the COVID-19 virus, statutorily identified methods of serving restraining notices by personal service or certified mail, return receipt requested through the United States Post Office pursuant to NY CPLR 5222(a), have been interrupted or become unreliable.

8. That given these circumstances, the *Hoglan* Plaintiffs are authorized to serve a restraining notice on Clearstream by Federal Express courier delivery, signature requested, and by email to the email addresses of officers of Clearstream's New York representative office, Clearstream's New York office customer service department, and Clearstream's attorney.

9. That the *Hoglan* Plaintiffs initiated service of the restraining notice on Clearstream by Federal Express overnight courier delivery on March 26, 2020, and obtained a return receipt establishing proof that Clearstream received the restraining notice on March 27, 2020.

10. That Clearstream has published in a document on its internet website that, at the present time, normal business operations are interrupted due to COVID-19 business restrictions, and, therefore, it is accepting delivery of electronic copies of documents.

11. That the *Hoglan* Plaintiffs sent by email a copy of the restraining notice to the email addresses of officers of Clearstream's New York representative office, Clearstream's New York office customer service department, and Clearstream's attorney on April 1, 2020, and that, as of the date of the *Hoglan* Plaintiffs' motion, none of the emails had been returned as undeliverable, nor has there been any other indication of lack of receipt, and there is no reason to believe such emails have not been delivered to such addressees.

Therefore,

IT IS ORDERED that the *Hoglan* Plaintiffs' Motion for Order Under 28 U.S.C. § 1610(c) Authorizing Enforcement of Judgment is GRANTED, and,

IT IS FURTHER ORDERED that the *Hoglan* Plaintiffs are authorized pursuant to 28 U.S.C. § 1610(c) to enforce the Final Judgment by any lawful means, including attachment of, and execution against, the specific assets against the property held at Clearstream Banking, S.A. that belongs to any of the Judgment Debtor Defendants, including, more particularly, the Central Bank of Iran, *a.k.a.* Bank Markazi, as described and authorized by 22 U.S.C. § 8772 (2019).

IT IS FURTHER ORDERED that the *Hoglan* Plaintiffs are authorized to serve a restraining notice on Clearstream and to serve the notice by Federal Express courier delivery and by email to officers of Clearstream's New York office, Clearstream's New York customer service department, and Clearstream's attorney.

**SO ORDERED:**

Date: April 7, 2020
New York, New York

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE