# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE
# FOR PERSONAL INJURY AND DEATH CLAIMS
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| | |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC | Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP |
| James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC |

April 13, 2020

**VIA ECF**

The Honorable George B. Daniels          The Honorable Sarah Netburn
U.S. District Judge                      U.S. Magistrate Judge
United States District Court             United States District Court
Southern District of New York            Southern District of New York
Daniel P. Moynihan U.S. Courthouse       Thurgood Marshall U.S. Courthouse
500 Pearl Street                         40 Foley Square
New York, NY 10007                       New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*
      03 MDL 1570 (GBD) (SN)

Dear Judge Daniels and Magistrate Judge Netburn:

    Currently before the Court is a motion by the *Havlish/Hoglan* plaintiffs for "common benefit" fees from other members of the Wrongful Death and Personal Injury Plaintiffs' Executive Committee (PEC) and the PEC's motion for reconsideration of Magistrate Judge Netburn's preliminary ruling on that issue. The PEC files this letter to update the Court on recent actions by the *Havlish/Hoglan* plaintiffs that support the pending motion for reconsideration. ECF No. 5361 *et seq*.

    Several recent *ex parte* submissions by the *Havlish/Hoglan* plaintiffs[1] concern those attorneys' efforts to recover domestic and foreign assets for their clients made without consulting the PEC and without sharing their enforcement efforts with the PEC.[2] These recent filings demonstrate that the *Havlish/Hoglan* plaintiffs' efforts have always been calculated to benefit only themselves, and are intended to specifically exclude the many plaintiffs that they do not represent. This runs counter to their obligations as purported members of the PEC and further

---

[1] The *Havlish* plaintiffs and the *Hoglan* plaintiffs are represented by the same group of attorneys.

[2] *Ex parte* motions, especially those filed under seal, are disfavored. "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 438–39, (1974).

1

demonstrates that, but for the creation of the United States Victims of State Sponsored Terrorism Fund by the federal government, in which they played no role, their efforts would have continued to be calculated to benefit only the few families they represent and not all wrongful death and personal injury plaintiffs in this MDL.

On February 28, 2020, the *Havlish*/*Hoglan* plaintiffs submitted a motion and an under seal letter-motion for leave to file a motion to enforce a judgment and a motion to enforce a judgment. ECF Nos. 6021, 6028, 6029. Then, on April 3 and 6, 2020, the *Havlish*/*Hoglan* plaintiffs filed a series of *ex parte* papers in connection with their unilateral enforcement efforts. ECF Nos. 6116-6122, 6125-6127. The *Havlish/Hoglan* plaintiffs never informed the PEC of their intent to file these *ex parte* pleadings, nor have they disclosed the substance of these enforcement efforts to the PEC.

These filings are further proof that the *Havlish*/*Hoglan* attorneys have not been motivated by an interest or intention to work toward a common benefit conferred on all wrongful death and personal injury claimants in this MDL. Indeed, the *Havlish*/*Hoglan* plaintiffs have elected not to work with the PEC and instead proceed on behalf of their individual clients, sometimes even at the expense of the interest of the other plaintiffs in this case. The *Havlish*/*Hoglan* attorneys should not be allowed to enrich only themselves in this collection work while simultaneously seeking to take a fee from other plaintiffs, including the PEC, whose firms continue to work unabatingly in the case against the Kingdom of Saudi Arabia and other defendants for the benefit of all plaintiffs and which have as of yet received no contribution from the moving firms.

    Respectfully Submitted,

    By: */s/ Megan W. Benett*
    MEGAN W. BENETT
    JAMES P. KREINDLER
    *For Ashton Plaintiffs*

    By: */s/ Robert T. Haefele*
    ROBERT T. HAEFELE
    JOHN EUBANKS
    *For Burnett Plaintiffs*

    By: */s/ Jerry S. Goldman*
    JERRY S. GOLDMAN
    *For O'Neill Plaintiffs*