UNCLASSIFIED

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

No. 03-MDL-1570 (GBD)(SN)

## PUBLIC DECLARATION OF RICHARD ALLEN GRENELL
## ACTING DIRECTOR OF NATIONAL INTELLIGENCE

I, RICHARD ALLEN GRENELL, do hereby state and declare as follows:

## INTRODUCTION

1.  I am the Acting Director of National Intelligence ("A/DNI"). As the A/DNI, I oversee the United States Intelligence Community ("IC") and serve as the principal intelligence advisor to the President. Prior to commencing my post as the A/DNI, I have held various roles both within the United States government and the private sector. Specifically, in 2001, President George W. Bush appointed me Director of Communications and Public Diplomacy for the United States Permanent Representative to the United Nations, a position that I held through 2008. In 2009, I founded Capitol Media Partners, an international strategic media and public affairs consulting firm. In September 2017, President Donald J. Trump nominated me to the position of U.S. Ambassador to Germany. The U.S. Senate confirmed me in that role on April 26, 2018. In October 2019, President Trump asked me to serve, concurrently with my position as U.S. Ambassador to Germany, as Special Envoy for Serbia and Kosovo peace negotiations. On February 20, 2020, President Trump named me to the positon of A/DNI.

UNCLASSIFIED

2. The position of the Director of National Intelligence ("DNI") was created by Congress in the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108-458, §§ 1011(a) and 1097, 118 Stat. 3638, 3643-63, 3698-99 (2004) (amending sections 102 through 104 of Title I of the National Security Act of 1947). Subject to the authority, direction, and control of the President, the DNI serves as the head of the IC and as the principal adviser to the President and the National Security Council for intelligence matters related to national security. *See* 50 U.S.C. § 3023(b)(1)-(2).

3. The IC includes the Office of the Director of National Intelligence; the National Security Agency; the Central Intelligence Agency ("CIA"); the Defense Intelligence Agency; the National Geospatial-Intelligence Agency; the National Reconnaissance Office; other offices within the Department of Defense for the collection of specialized national intelligence through reconnaissance programs; the intelligence elements of the Army, the Navy, the Air Force, the Marine Corps, the Coast Guard, the Federal Bureau of Investigation ("FBI"), the Drug Enforcement Administration, and the Department of Energy; the Bureau of Intelligence and Research of the Department of State; the Office of Intelligence and Analysis of the Department of the Treasury; the Office of Intelligence and Analysis of the Department of Homeland Security; and such other elements of any other department or agency as may be designated by the President, or jointly designated by the DNI and heads of the department or agency concerned, as an element of the IC. *See* 50 U.S.C. § 3003(4); *see also* Executive Order 12333 § 3.5.

4. The National Security Act of 1947, as amended (hereinafter "National Security Act"), provides that "[t]he Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 3024(i)(1). By this language, Congress

expressed its determination that disclosure of intelligence sources or methods is potentially harmful to national security and directed the DNI to protect them.

5.  By virtue of my position as the A/DNI, unless otherwise directed by the President, I have access to all intelligence related to the national security that is collected by any department, agency, or other entity of the United States. 50 U.S.C. § 3024(b).

6.  As the A/DNI and pursuant to Executive Order 13526, *Classified Security Information*, I hold original classification authority up to the TOP SECRET level. This means that I have been authorized by the President to make original classification decisions.

7.  In the course of my official duties, I have been advised of the above-captioned lawsuit, in which multiple plaintiffs, including families of victims of the September 11, 2001 terrorist attacks, are suing the Kingdom of Saudi Arabia and other defendants. I have become familiar with the dispute regarding documents and information sought from the FBI. I understand that the plaintiffs submitted a request and subpoena for information pursuant to applicable regulations, *see United States ex. rel. Touhy v. Ragen*, 340 U.S. 426 (1951), and that FBI subsequently produced over 4,000 pages of responsive documents in whole or in part. I understand that as part of its response to plaintiffs' *Touhy* request and subpoena, FBI produced certain documents with redactions and withheld other documents in full. I am further aware that FBI produced documents containing redactions, and withheld documents in full, that contain information pertaining to the IC. I have also been advised of the plaintiffs' motion to compel the Government to lift certain redactions in the documents that were produced and turn over the documents which FBI has withheld in full, including the documents containing IC information ("Motion to Compel").

8.  I make the following statements based on my personal knowledge and on information made available to me in my official capacity.  Moreover, I have read and personally considered the information contained in the *In Camera, Ex Parte* Declaration submitted by the CIA, executed on March 24, 2020.  I am also submitting a classified declaration with attachments, solely for the Court's *in camera* and *ex parte* review, which further sets forth the basis for my privilege assertion.  *See* Classified *In Camera, Ex Parte* Declaration of Richard Allen Grennell, Acting Director of National Intelligence (Executed March 25, 2020).

9.  The purpose of this declaration is to formally assert, in my capacity as A/DNI and head of the IC, the state secrets privilege and the DNI's statutory privilege under the National Security Act in order to protect intelligence information, sources, and methods that are at risk of disclosure in this case as a result of the plaintiffs' Motion to Compel and potentially other discovery.  *See* 50 U.S.C. § 3024(i)(1).  I make these claims of privilege in my capacity as the A/DNI and after personal consideration of the matter.  This assertion of privilege is over highly sensitive and classified national security information concerning foreign government information; intelligence activities, sources, and methods; and information concerning foreign relations and foreign activities of the United States, including confidential sources.  This information must be protected because its disclosure reasonably could be expected to cause serious damage, and in many cases exceptionally grave damage, to the national security of the United States.

## SUMMARY

10.  As detailed in this declaration and in the Classified Materials, disclosure of the documents and information that the plaintiffs seek to compel the Government to disclose, and information concerning intelligence sources that the parties may seek to elicit in discovery,

reasonably could be expected to cause serious damage, and in many cases exceptionally grave damage, to the national security of the United States. This information should be protected from disclosure to the parties and excluded from any use in this case.

11. Accordingly, as set forth further below, I am asserting the state secrets privilege and the DNI's statutory authority to protect intelligence sources and methods under the National Security Act, to protect against the disclosure of highly sensitive and classified information that the plaintiffs have sought to compel the Government to disclose in response to their *Touhy* request, and information concerning intelligence sources that the parties may seek to elicit in discovery. Such information is vital to the national security of the United States and directly implicates foreign government information; intelligence activities, sources, and methods; and information concerning foreign relations and foreign activities of the United States, including confidential sources.

12. I make these assertions of privilege mindful of the public disclosures—both authorized and unauthorized—of information regarding the events surrounding and investigations of the terrorist attacks on September 11, 2001. However, it remains necessary to withhold considerable details about the investigations into the attacks to protect highly sensitive intelligence information. Therefore, notwithstanding prior disclosures, it is my judgment that additional disclosure of the highly sensitive and still-classified information that the plaintiffs have sought to compel the Government to disclose in this case would cause serious damage, and information concerning intelligence sources that the parties may seek to elicit in discovery, and in many cases exceptionally grave damage, to the national security of the United States.

13. Furthermore, my assertions of privilege have not been made to conceal a violation of law, inefficiency, or administrative error; to prevent embarrassment to a person, organization,

or agency of the Government; to restrain competition; or to prevent or delay the release of information that does not require protection in the interests of national security.

14. For these reasons, as set forth further below, I request that the Court uphold the state secrets and statutory privilege assertions that I make herein, as well as any statutory privilege assertion made in the underlying Classified Materials, and protect from disclosure the information that the plaintiffs now seek to compel the Government to disclose.

## ASSERTION OF THE STATE SECRETS PRIVILEGE

15. After careful and actual personal consideration of the matter, based upon my own knowledge and on information obtained in the course of my official duties, including the information contained in the Classified Materials, I have determined that the plaintiffs' Motion to Compel implicates highly sensitive and classified state secrets concerning foreign government information; intelligence activities, sources, and methods; and information concerning foreign relations and foreign activities of the United States, including confidential sources. Disclosure of such information—as set forth herein and described in more detail in the Classified Materials—reasonably could be expected to cause serious damage, and in many cases exceptionally grave damage, to the national security of the United States. This information must be protected from disclosure and excluded from use in this case. Therefore, as to the information the plaintiffs seek to compel the Government to disclose, I formally assert the state secrets privilege. My assertion of the state secrets privilege extends to any information that would tend to identify an intelligence source, whether such information appears in the specific documents at issue or whether a party attempts to elicit such information through questioning at a deposition or other discovery.

## ASSERTION OF STATUTORY PRIVILEGE UNDER NATIONAL SECURITY ACT

16.     Through this declaration, I also hereby invoke and assert a statutory privilege held by the DNI, under the National Security Act, to protect the information described herein and in the Classified Materials, *see* 50 U.S.C. § 3024(i)(1).  My assertion of this statutory privilege for intelligence sources and methods is coextensive with my state secrets privilege assertion.

## DESCRIPTION OF PRIVILEGED INFORMATION AND HARM OF DISCLOSURE

17.     As discussed above, the plaintiffs' Motion to Compel implicates foreign government information; intelligence activities, sources, and methods; and information concerning foreign relations and foreign activities of the United States, including confidential sources.  Although I cannot describe on the public record the specific intelligence information in the FBI documents at issue, I have assessed that the information falls into one or more of these categories, and its disclosure reasonably could be expected to result in serious damage, and in some cases exceptionally grave damage, to national security for the reasons set forth below and described in detail in the Classified Materials.[1]

18.     Disclosure of information indicating specific targets of intelligence activities or interest could reasonably be expected to cause serious damage, and in some cases exceptionally grave damage, to national security by alerting terrorists, terrorist organizations, and foreign governments to individuals, groups, entities, or types of information that the U.S. Government is monitoring or investigating for terrorism-related activities.  Similarly, disclosure of information confirming that certain individuals, entities, areas, or types of information are not the focus of

---

[1] As discussed in Executive Order 13526, the unauthorized disclosure of foreign government information "is presumed to cause damage to the national security."  This presumption is appropriate, because exposure of sensitive foreign government information can damage or destroy the relationships that the U.S. Government maintains with foreign partners, adversely impacting the IC's ability to collect information vital to the national security of the United States.

intelligence-related activity also could reasonably be expected to cause serious damage, and in some cases exceptionally grave damage, to national security. For example, if the Government were to confirm in this case and others that specific individuals, entities, areas, or types of information have not been a focus of intelligence activity, but later refuse to comment in a case involving other individuals, entities, areas, or types of information, a person could easily deduce by comparing the Government's responses that the person, entity, area, or type of information in the latter case is the subject of Government surveillance activities.

19. Armed with the knowledge of what is and is not the target or focus of U.S. intelligence activity, a person or entity may take steps to evade further detection of his or its activities or collection of his or its information. And if made aware that the IC does *not* target a particular individual, entity, area, or type of information, a person or entity may proceed to act without fear of detection and could be emboldened to take steps to harm the United States or its allies. Relatedly, disclosure of information about the Government's intelligence sources, methods, and capabilities could reasonably be expected to cause serious damage, and in some cases exceptionally grave damage, national security by enabling potential targets of intelligence interest to evade review or apprehension or potentially disrupt U.S. intelligence-gathering efforts.

## CONCLUSION

20. In sum, I am asserting the state secrets privilege and the DNI's statutory privilege set forth in 50 U.S.C. § 3024(i)(1) to protect classified information that the plaintiffs have sought to compel the Government to disclose in response to their *Touhy* request and subpoena, and information concerning intelligence sources that the parties may seek to elicit in discovery, in this case. I have set forth, in general and unclassified terms, as much as I can say on the public record concerning the highly sensitive and classified intelligence information covered by my

privilege assertions and the serious damage, and in some cases exceptionally grave damage, that would result from its disclosure; for a more detailed, classified description of such information, I respectfully refer the Court to the Classified Materials.

21. I respectfully request that the Court take all steps necessary to protect the intelligence information described herein in order to prevent serious damage, and in many cases exceptionally grave damage, to the national security of the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of March, 2020.

RICHARD ALLEN GRENELL
Acting Director of National Intelligence