UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................x

*In re Terrorist Attacks of September 11, 2001*          No. 03 MDL 1570(GBD)(SN)

............................................................x


## DECLARATION OF WILLIAM P. BARR, ATTORNEY GENERAL

I, WILLIAM P. BARR, hereby state and declare as follows:

1. I am the Attorney General of the United States and head of the United States Department of Justice ("DOJ"), an Executive Department of the United States. *See* 28 U.S.C §§ 501, 503, 509. The purpose of this declaration is to assert, at the request of the Federal Bureau of Investigation ("FBI"), and in my capacity as Attorney General and head of DOJ, a formal claim of the state secrets privilege in order to protect the national security interests of the United States. The statements made herein are based on my personal knowledge, on information provided to me in my official capacity, and on my evaluation of that information.

2. In the course of my official duties, I have been informed that Plaintiffs in this multidistrict litigation are victims of the September 11, 2001 terrorist attacks, their family members, and persons or entities that have suffered damages as a result of the terrorist attacks. I understand that the district court has granted Plaintiffs leave to seek jurisdictional discovery concerning whether and to what extent Fahad al-Thumairy, Omar al-Bayoumi, and their agents took actions in 2000, at the direction of more senior officials of the Kingdom of Saudi Arabia, to provide assistance to Nawaf al-Hazmi, Khalid al-

Mihdhar, and other 9/11 hijackers.

3. In the course of my official duties, I have been informed that Plaintiffs served on the FBI a request pursuant to DOJ's so-called "Touhy" regulations, 28 C.F.R. § 16.21 *et seq.*, and subpoena (collectively, the "Touhy Request"), seeking documents concerning, *inter alia*, the FBI's investigation of Bayoumi and Thumairy. I understand that in response to the Touhy Request, the FBI gathered and reviewed a set of records, which have been described as "core records," to determine what if any information may be produced to Plaintiffs consistent with national security and applicable privileges. I further understand that the FBI has produced over 4,000 pages of core records in response to the Touhy Request, in whole or in part, and has withheld certain core records or portions thereof on grounds of privilege. I also understand that Plaintiffs have filed a motion to compel, challenging certain of the FBI's withholdings and the FBI's response to the Touhy Request more generally.

4. I previously asserted the state secrets privilege in this case to protect from disclosure certain classified national security information contained in an October 2012 FBI report. *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN), Docket No. 5141. I am now formally asserting the state secrets privilege in order to prevent the disclosure of additional classified national security information sought by Plaintiffs' Touhy Request and motion to compel. In unclassified terms, my state secrets privilege assertion encompasses the four categories of information described below, which are the same categories of information addressed by my previous assertion of the state secrets privilege.

5. The four categories of information over which I am asserting privilege are:

- *Subject information*, including information which would indicate that a particular individual or entity is or was the subject of a national security investigation, unless the identity of the subject has been made public or has been declassified under proper authority. This category of information includes information that could tend to confirm or deny whether a particular individual or entity is, was, or was not the subject of a national security investigation.

- *Reasons for investigation and results*, including information which would reveal the reasons a particular individual or entity is or was the subject of a national security investigation and information obtained as a result of that investigation. This category of information includes classified information that could tend to reveal the predicate for an FBI national security investigation regarding a particular person or entity, information obtained during the course of such an investigation, and the status and results of the investigation.

- *Sources and methods*, including information which would reveal sensitive sources and methods used in a national security investigation. This category includes information that could tend to reveal particular sources, methods or techniques, or classified policies and procedures, used by the FBI in national security investigations with respect to specific individuals and entities, including information related to court-ordered searches or surveillance, confidential human sources, and other investigative or operational sources and methods the FBI may use in a national security investigation regarding a particular person or entity, the reasons such sources and methods were used, the status of the use of such sources and methods, and results derived from such sources and methods. My assertion of the state secrets privilege in this case extends to any information that would tend to identify a confidential human source, whether such information appears in the specific documents at issue or whether a party attempts to elicit such information through questioning at a deposition or in other discovery.

- *Foreign government information and information sharing and cooperation with foreign partners*, including information received from a foreign government with the understanding that it and the nature of the information sharing and cooperation between the FBI and foreign partners in a national security investigation will remain confidential.

6. These four categories of information are discussed in further detail in the classified declaration of Jill Sanborn, the Assistant Director of the FBI's Counterterrorism Division, including all attachments, which are available solely for the

Court's *ex parte, in camera* review.[1] I have considered this classified declaration, and after careful and actual personal consideration of the matter, I have concluded that disclosure of the categories of information described above and in more detail in the classified declaration reasonably could be expected to cause significant harm to the national security, and I therefore formally assert the state secrets privilege over this information.

7. First, I concur with the determination of the FBI that disclosure of the identities of unacknowledged subjects of FBI national security investigations reasonably could be expected to cause significant harm to national security. As the FBI has explained, such disclosure would alert those subjects to the FBI's interest in them and could reasonably be expected to cause them to destroy evidence, attempt to influence witnesses, or take steps to alter their conduct so as to avoid detection of their future activities. In addition, as the FBI has explained, disclosure would also alert associates of the subjects to the fact that the FBI may be aware of their associations with the subjects, causing them to take similar steps to avoid scrutiny.

8. Second, I agree with the judgment of the FBI that disclosure of the reasons for and results of an FBI national security investigation—whether the initial predicate for opening an investigation, information gained during the investigation, or the status or results of the investigation—could also reasonably be expected to cause significant harm

---

[1] As Attorney General, I possess original classification authority under Section 1.3 of Executive Order ("E.O.") 13526, dated December 29, 2009. *See* 75 Fed. Reg. 707. I have determined that the classified FBI submission is properly classified under Section 1.2 of E.O. 13526 because public disclosure of the classified information contained in that declaration also could reasonably be expected to cause significant harm to national security.

4

to national security. As the FBI has determined, disclosure of this information could reveal a range of sensitive national security information. In addition to revealing what the FBI knows and what the FBI deems important to a national security investigation, disclosure of such information would alert current and future subjects to which activities are likely to arouse suspicion and result in the opening of an investigation, thereby providing valuable insight to those intent on terrorism and other criminal activity on how to avoid detection. Disclosure of the reasons for and results of an FBI national security investigation may also alert subjects and others of the sources of that information, thus revealing sensitive sources and methods, including the existence of confidential human sources reporting on the subject.

9. Third, I agree with the FBI that the disclosure of information that would tend to reveal sensitive sources and methods used in a national security investigation could likewise be reasonably expected to cause significant harm to national security. This aspect of my privilege assertion includes information that would tend to reveal whether court-ordered searches or surveillance, confidential human sources, or other investigative or operational sources and methods were used in a national security investigation of a particular person, the reasons for and status of the use of such sources and methods, and the results derived from such methods. As the FBI has explained, protecting FBI sources and methods for investigating and countering potential national security threats is of the utmost significance because revelation of this vital information would allow adversaries to deploy countermeasures or escape detection.

10. Fourth, I agree with the FBI's judgment about the significant harm to

national security that would be caused by the disclosure of information and other assistance supplied to the United States by foreign government partners in connection with national security investigations. The FBI's ability to carry out its responsibilities to conduct national security investigations often depends on the cooperation of foreign government officials, foreign intelligence services, or foreign security services. In addition, as the FBI has explained, disclosure of a country's cooperation with the FBI could reasonably be expected to cause significant harm to national security because it would enable terrorists to avoid or employ countermeasures in countries that share information with the United States. Accordingly, I agree with the FBI's conclusion that maintaining the confidentiality of foreign government information and information pertaining to information sharing and cooperation of foreign partners is critical to sustaining ongoing, productive cooperation with friendly foreign nations in the field of counterterrorism.

11. My assertion of the state secrets privilege in this case extends to the classification markings in the documents at issue. Under the unique circumstances of this case, disclosure of the classification markings could reasonably be expected to cause significant harm to national security, for the reasons explained in the classified Sanborn declaration.

12. In making this assertion of the state secrets privilege, I considered that certain information concerning the FBI's investigations has been made public or has been disclosed in this case subject to a protective order. Nevertheless, I am satisfied that disclosure of the classified information withheld by the FBI could reasonably be expected to cause significant

harm to national security.

13. Any further elaboration concerning the foregoing matters on the public record—beyond the information provided in this declaration and in the unclassified declaration of Assistant Director Sanborn—would reveal information that could cause the very harms my assertion of the state secrets privilege is intended to prevent. Again, the classified FBI declaration, submitted for *ex parte, in camera* review, provides a more detailed explanation of the particular information over which I am asserting the privilege and the harms to national security that would result from disclosure of that information.

14. In 2009, DOJ adopted guidance governing the assertion and defense of the state secrets privilege in litigation. Under this guidance, DOJ will defend an assertion of the state secrets privilege in litigation only when necessary to protect against the risk of significant harm to national security. *See* Exhibit 1 (State Secrets Guidance), § l(A). The guidance provides further that an application of a privilege assertion must be narrowly tailored. *Id.* § I (B). Moreover, "[t]he Department will not defend an invocation of the privilege in order to: (i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States Government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security." *Id.* § I(C). The guidance also establishes detailed procedures for review of a proposed assertion of the state secrets privilege in a particular case. *Id.* § 2. Those procedures require submissions by the relevant Government departments or

agencies specifying: "(i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; [and] (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm." *Id.* § 2(A).[2] Based on my personal consideration of the matter, I have determined that the requirements for an assertion and defense of the state secrets privilege have been met in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of April, 2020, in the City of Washington, District of Columbia.

*/s/ WP Barr*
_____
WILLIAM P. BARR
ATTORNEY GENERAL OF THE UNITED STATES

---

[2] The guidance also discusses standards for seeking dismissal of a claim or action under the state secrets privilege. Because the Government is not seeking to dismiss this action on privilege grounds, I do not discuss these standards here.