KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 17, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      The Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this letter in response to the Plaintiffs' Executive Committees' ("Plaintiffs") April 14, 2020 letter (ECF No. 6144) supplementing their February 27 request for a pre-motion conference regarding Saudi Arabia's searches for documents relating to Abdullah Al Jaithen. Plaintiffs' request to file a third motion to compel should be denied because there is nothing to compel.

      Saudi Arabia made its initial production of Al Jaithen-related documents pursuant to the January 3, 2020 Order on February 20. As Saudi Arabia informed Plaintiffs at the time, and informed the Court in a March 2 letter, Saudi Arabia was then in the process of conducting a secondary search of the Ministry of Islamic Affairs to ensure that all responsive documents had been collected; it was also conducting an additional search of the Ministry of Interior for Al Jaithen's passport and travel-related information. *See* Ex. A; ECF No. 6032.

      Saudi Arabia has now completed those searches. On April 6, 2020, Saudi Arabia produced an additional 515 documents from the Ministry of Islamic Affairs, as well as passport and entry-exit information from the Ministry of Interior. *See* Ex. B, C. The additional materials from the Ministry of Islamic Affairs were all found in a branch office in Qassim, where Al Jaithen worked as a preacher, not as an "official" – as Plaintiffs continue to assert without any basis. These documents show, among other things, Al Jaithen's day-to-day activities during the relevant period, which consisted of giving talks and speeches at mosques and Islamic centers. *See*, *e.g*, Ex. D. They further show that Al Jaithen's job responsibilities during the relevant period did not include "responsibility" for "supervisory tasks or decision-making." Ex. E; *cf.* Opinion & Order re Motion To Compel 24-25 (filed under seal July 22, 2019) ("MTC Order") (noting similar language in a performance report of Fahad Al Thumairy). Saudi Arabia has also produced all documents located concerning Al Jaithen's travel to the United States in December

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 17, 2020
Page 2

1999.  Those documents state that Al Jaithen was sent to Minneapolis, not Los Angeles, to lead Ramadan prayer.  *See* Ex. F; Ex. G.

As part of Saudi Arabia's comprehensive search for responsive documents at the Ministry of Islamic Affairs, it searched for and reviewed every document that could reasonably be located pertaining to Al Jaithen.  Saudi Arabia did not screen out documents pertaining to any purported visits to California, Los Angeles, or the King Fahad Mosque, any purported meetings with Omar Al Bayoumi or Al Thumairy, or any other topics.  No document was withheld on the basis of privilege or relevance, or for any other reason.  Documents were even produced to Plaintiffs although outside the responsive 1998-2002 time frame.

Because of the breadth of Saudi Arabia's search for Al Jaithen-related documents, the portion of Saudi Arabia's January 22, 2020 motion addressing searches for documents pertaining to Al Jaithen's potential contacts with any officer or employee of the King Fahad Mosque or the Islamic Foundation of Sheikh Ibn Taymiyah is moot.  *See* 1/22/20 Letter at 4.  Saudi Arabia has already searched the Ministry of Islamic Affairs for any documents relating to Al Jaithen.

Saudi Arabia's search was exhaustive.  The initial search encompassed the Ministry of Islamic Affairs' office and warehouse facilities in Riyadh.  Two individuals conducted the office search and six individuals conducted the search of the warehouse facilities.  Collectively, they spent more than nine work-weeks searching and manually reviewing hard-copy records.  During the secondary search of the Ministry of Islamic Affairs branch office in Qassim, three individuals spent more than 200 hours searching and manually reviewing hard-copy records.[1]

Plaintiffs have no basis to claim (at 2 n.1) that Saudi Arabia did not "conduct a meaningful search in the first instance," "is artificially limiting its searches and production," or has withheld "key responsive records."  Plaintiffs use similar unsupported language whenever the documents produced by any party or non-party fail to support Plaintiffs' substantive claims.[2] Here, Saudi Arabia informed Plaintiffs that it was already conducting a secondary search of the Ministry of Islamic Affairs *before* Plaintiffs made any complaints at all about Saudi Arabia's initial production.  *See* Ex. A.  Yet Plaintiffs rushed to the Court to lodge a request for unnecessary motion practice.  The two rounds of broad searches that Saudi Arabia has now

---

[1] The above figures do not include the time that outside counsel spent reviewing and preparing these documents for production.

[2] *See*, *e.g.*, Pls.' Motion to Compel at 3-4 (filed under seal Nov. 30, 2018) (accusing Saudi Arabia of a "strategy to evade production of . . . substantive documents" and of "perpetuat[ing] Thumairy's lies"); Pls.' Letter Reply at 2 (filed under seal Nov. 1, 2019) (falsely claiming that Saudi Arabia "engineered its searches . . . improperly"); Pls.' Letter re Third-Party Witness Dep. (filed under seal Nov. 1, 2019) (asserting without support that "the FBI has taken an adversarial position to Plaintiffs").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 17, 2020
Page 3

completed encompassed a search for any document relating to Al Jaithen. No documents located were withheld for any reason.

Plaintiffs' attempts to make specific complaints merely demonstrate that they have not reviewed the documents they received. For example, Plaintiffs assert (at 2) that Saudi Arabia has produced no documents "about Jaithen's trip" to the United States in December 1999, "where he went in the U.S., or what he did there." The production contains numerous documents concerning this trip, including a November 30, 1999 nomination letter for Al Jaithen to lead Ramadan prayer in Minneapolis and a November 24, 1999 document listing Al Jaithen among other employees of the Qassim branch office who were selected to travel to the United States. *See* Exs. F, G. To be sure, those contemporaneous documents do not reflect any travel to Los Angeles. But that is not because any Los Angeles-related documents were withheld. It is because, after an exhaustive search that located documents about the specific trip in question, no documents about Los Angeles were found.

Plaintiffs further complain (at 2) that Saudi Arabia has produced only three pages of Al Jaithen's passport, which were found in administrative records in the Ministry of Islamic Affairs. After a reasonable investigation, Saudi Arabia does not have possession of Al Jaithen's passport and so there is nothing more to produce. We have also contacted Al Jaithen to request his passport during the relevant period and have been informed that he no longer has that passport or any copies. Finally, Plaintiffs state (at 2-3), with no basis or supporting evidence, that Al Jaithen held a "Special Passport" and that he travelled to the United States on a diplomatic A1/A2 visa. Saudi Arabia made a targeted request to the Ministry of Interior for Al Jaithen's passport information and has produced that to Plaintiffs, just as it did for other individuals who were subjects of jurisdictional discovery. That information shows that Al Jaithen held a "normal" passport during the relevant time period. Ex. C.

Plaintiffs' request to brief yet another motion to compel should be denied. Again, there is nothing to compel. This Court has already made clear that, "[w]ithout evidence that additional searches will locate more documents, the Court will not order Saudi Arabia to duplicate its discovery efforts." MTC Order 16. Saudi Arabia has conducted an exhaustive search pursuant to the Court's January 3, 2020 Order and produced all Al Jaithen-related documents located in that search. Plaintiffs' inaccurate statements about Saudi Arabia's production and baseless speculation that more documents must exist are not grounds for further motion practice.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 17, 2020
Page 4

>Respectfully submitted,
>
>*/s/ Michael K. Kellogg*
>
>Michael K. Kellogg
>*Counsel for the Kingdom of Saudi Arabia*

cc: The Honorable George B. Daniels (via facsimile)
All MDL Counsel of Record (via ECF)