UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 60(a) MOTION FOR CORRECTION TO PARTIAL FINAL JUDGMENT

Plaintiff by undersigned counsel submits this Memorandum of Law in support of their Rule 60(a) Motion for Correction to Partial Final Judgment, and say:

### BACKGROUND

On October 31, 2016, this Court entered an Order of Partial Final Default Judgment on behalf of certain *Bauer* Plaintiffs identified in Exhibit A of ECF Nos. 3371-1. In that Order, a certain Plaintiff in *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN), who is a spouse of a victim killed in the terrorist attacks on September 11, 2001, was awarded damages against the Islamic Republic of Iran. The aforementioned exhibit was prepared by Plaintiff's counsel who, at the time of its filing, believed it to be an accurate and correct list of Plaintiffs for whom the Order should have been entered.

Since the Order was entered, Plaintiff's counsel, while finalizing the application for the Plaintiff, included the Order to be submitted to the United States Victims of State Sponsored Terrorism Fund, and discovered the error in the exhibit they had presented to the Court. Due to

this error, Plaintiff respectfully moves for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 3887[1] entered on 10/31/2016, to correct Plaintiff's clerical mistakes.

## ARGUMENT

**Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995).  A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007).  Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment.  489 F.2d 320, 322 (2d. Cir. 1973).  In that case, the court affirmed the matter could be remedied under Rule

---

[1] The Order entered on October 31, 2016, ECF No. 3387, did not include Exhibit A of ECF No. 3371-1 attached to the Order, but referred to it.  The exhibit was a part of the Revised Attorney Declaration in Support of the Motion for Partial Final Judgment, ECF No. 3371, Filed 10/21/2016.

60(a) through substitution of the party without the incorrect designation. *Id.* at 322.  In *Wheeling Downs Race Track and Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer."   226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the error is mechanical in nature and does not require substantive judgment.  The correction of Plaintiff identified in Exhibit A of ECF No. 3371-1 would reflect the actual intent of Plaintiff in obtaining the default judgment against Iran.  The clerical mistake and requested correction fall into one distinct category: Instance where the name of the plaintiff was incorrectly stated.

**Plaintiff Whose Name Was Incorrectly Provided in Exhibit A of ECF No. 3371-1**

In Exhibit A of ECF No. 3371-1, one Plaintiff was identified with an incorrect name.  Exhibit 1 attached herein identifies the individual Plaintiff whose name was listed incorrectly, and what the correct name should be on the Order.

## CONCLUSION

The correction requested by Plaintiff is clerical in nature and does not raise issues with the substantive judgment contained in the October 31, 2016 order, ECF No. 3387, and will not in any way change the Court's disposition. Instead, the correction of ECF No. 3387 will allow it to more accurately reflect the Court's and Plaintiff's intent.  Moreover, the correction is necessary to the administration of justice insomuch as not making it will potentially affect the rights of the incorrectly identified Plaintiff to enforce and collect on the judgment this Court intended in their favor.  For the foregoing reasons, Plaintiff respectfully requests that this Court enter the Corrected Order of Partial Final Default Judgment, attached hereto as Exhibit 2, on behalf of the

*Bauer* Plaintiff identified in Exhibit A (attached to Plaintiff's Motion) to conform with the correction provided herein.

Dated: April 29, 2020

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

/s/ Dorothea M. Capone
Dorothea M. Capone, Esq.
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
Email: tcapone@baumeisterlaw.com
**Attorneys for Plaintiffs**