UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

This document relates to:

> *Burnett, et al. v. The Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN)
> *Prior, et al. v. The Islamic Republic of Iran*, 19-cv-0044 (GBD)(SN)

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENTS NUNC PRO TUNC

Plaintiffs respectfully request an Order Nunc Pro Tunc for certain partial final judgments to be given effect as of February 19, 2020, rather than the date on which they were entered on March 6, 2020, in order to take into account the fact that these motions were submitted before the February 19, 2020 VSSTF deadline. While these Plaintiffs fully acknowledge that their motions for partial final judgment were submitted after the Court's January 15, 2020 deadline, and fully appreciate the Court's efforts in dealing with the large number of motions for partial final judgment that were filed prior to the Court's January 15, 2020 deadline, these Plaintiffs respectfully request this Court to grant the requested equitable relief for three interrelated reasons.

First, granting this relief would enable these Plaintiffs – who, again, submitted their motions for partial final judgment prior to the February 19, 2020 U.S. Victims of State Sponsored Terrorism Fund ("VSSTF" or "Fund") deadline – the potential opportunity to participate in the 2020 calendar year distribution. Second, due to the very large number of VSSTF claimants, granting this relief would have at most a de minimus effect on other VSSTF claimants' rights. And third, granting this relief would put these Plaintiffs on an equal footing with the other plaintiffs who similarly missed the Court's January 15, 2020 deadline, but had their motions for partial final

judgment granted prior to the February 19, 2020 VSSTF deadline.[1] Absent this relief, these Plaintiffs submit they will be inequitably and disparately treated, something only this Court can remedy.

**BACKGROUND**

Plaintiffs seeking this relief are the plaintiffs encompassed within the following partial final judgments entered on March 6, 2020: ECF Nos. 6034, 6035, 6037, 6038, 6039, and 6040.[2] These Plaintiffs, as noted above, are fully cognizant that on December 6, 2019, the Court issued an Order stating that "Plaintiffs intending to submit motions for final damages judgments for wrongful death on behalf of individual decedent estates and/or spouses and dependents in advance of the February 19, 2020 VSSTF deadline should submit their proposed motions for judgment by January 15, 2020." ECF No. 5338.  These Plaintiffs missed the Court-imposed deadline.

Notably, however, so did others.  For example, a motion for partial final judgment was filed on behalf of 64 solatium claimants and five 9/11 decedent estates in *Ray, et al. v. Iran, et al.*, Case No. 1:19-cv-00012 (GBD)(SN), on February 14, 2020 – *after* the motions at issue here were filed.  *See* ECF No. 214 (Case No. 1:19-cv-00012).  The Court entered the partial final judgment on behalf of the *Ray* plaintiffs in advance of the February 19, 2020 deadline.  *See* ECF No. 5985. Thus, moving Plaintiffs have inadvertently been put on an unequal footing with other similarly

---

[1] *See Ray, et al. v. Iran, et al.,* Case No. 1:19-cv-00012 (GBD)(SN); default motion filed on February 14, 2020 and default issued on February 19, 2020, for 69 plaintiffs.

[2] These motions for partial final judgment were brought on behalf of 69 Plaintiffs. *Id.* These Plaintiffs submitted default motions and completed applications with the VSSTF prior to the statutory deadline of February 19, 2020. Plaintiffs' counsel consulted with Fund administration in efforts to allow the claims to participate. The Fund indicated it would accept certain claims and reject others, creating additional potential disparities within the movants. To avoid unnecessarily burdening the Court, Plaintiffs then sought an advisory opinion from the DOJ on whether a nunc pro tunc Order would satisfy it, and last week were given reason to believe that it would, thus this motion at this time.

situated VSSTF claimants. Moving Plaintiffs represent the only filings on the docket prior to February 19, 2020, not ruled on, and thus are the only plaintiffs so situated.

The November legislation dictated that within 90 days newly eligible claimants had to be identified and notified regarding the change to the law, and, additionally, these newly eligible claimants had to receive all of the necessary documentation required by the Department of Justice, file their Motions for Entry of Partial Default Judgment, obtain such judgments from the Court, and submit their individual finalized application and supporting documents to the Department of Justice by February 19, 2020. The Court's December 6, 2019 Order setting January 15, 2020 as the deadline to submit motions for partial final judgment shortened the statutory time period to seek judgments and submit applications from 90 days to 56 days. Despite Plaintiffs' best efforts to meet the Court's January 15, 2020 deadline, the motions for entry of partial final judgment for the Plaintiffs at issue here were filed between January 23, 2020, and February 11, 2020 (ECF Nos. 5721, 5805, 5809, 5838, 5882, and 5900). Judgments on all six default motions were entered on March 6, 2020 (ECF Nos. 6034, 6035, 6037, 6038, 6039, and 6040). Notably, these individuals and estates did submit default papers to the Court and completed applications to the VSSTF before the statutory deadlines.

Absent a judgment entered prior to the February 19, 2020 VSSTF deadline, however, certain of these Plaintiffs' claims will not be considered by the VSSTF for eligibility for the 2020 distribution because the partial final judgments entered on their behalf were entered just days after the deadline. The entry of a nunc pro tunc order dating these judgments as February 19, 2020, would remedy this unfair and unequitable.

**ARGUMENT**

Nunc pro tunc is Latin for "now for then" and is a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect. *Black's Law Dictionary* 1174 (9th ed.2009). "A nunc pro tunc order should be granted or refused, as justice may require in view of the circumstances of the particular case," *Mitchell v. Overman*, 103 U.S 62, 65 (1880). Even further, "if there has been a delay in the rendering of a judgment or decree arising from the act of the court and not the laches of the parties, it is the duty of the court to see that the parties do not suffer from the delay." 21A Fed. Proc., L. Ed. § 51:20. Further, "[i]n such instances judgment nunc pro tunc may be ordered if the circumstances of the particular case so require and the judgment will be entered retrospectively as of the date it should have or might have been entered." *Mitchell v. Overman*, 103 U.S. 62 (1880).

The Southern District of New York has ruled that "a nunc pro tunc order may be made to record some actual fact which has gone unrecorded through inadvertence or mistake, so that the order takes effect as of the date the fact actually occurred." *Petition of Di Franco*, 339 F. Supp. 414 (S.D.N.Y. 1972). The Court further elaborated that "it is not the function of a nunc pro tunc order to antedate the actual performance of an act, to supply facts which never existed, or to embody a fiction that something which never happened did actually occur." *Id.* (petitioner sought to have citizenship predated to date of eligibility; Court ruled that because no application was made and no oath of naturalization was taken until 1971, that was thus the earliest date it could have been predated).

Lastly, nunc pro tunc orders can be entered when "no persons will be prejudiced thereby, but the court's inherent nunc pro tunc power may not be wielded when third parties have substantive rights in play that may be altered by recording a fact as of a prior date when it did not

4

exist then." 60 C.J.S. Motions and Orders § 52 (March 2020). These Plaintiffs meet the statutory requirements, as no real or substantial harm will result to the other VSSTF claimants because any dilution of the 2020 payment pool would be de minimus: 67 additional claimants out of a total of over 13,000 VSSTF claimants.

Further, "use of nunc pro tunc orders or judgments is limited to clerical errors, misprisions, or an omission by inadvertence or mistake. Such an order may compensate for judicial delay in entering an order or make manifest the existence of a prior determination which has been clearly shown." *Id.* This is precisely the situation here, where the press of the tight deadlines necessitated unintentional delays.

Simply put, entering nunc pro tunc orders on behalf of these Plaintiffs would be equitable. Nunc pro tunc orders may be entered "as justice may require" making the power to enter such an order discretionary. The present case is unique and sui generis as entering the aforementioned judgments nunc pro tunc dating back to February 19, 2020, would not prejudice any party involved in this litigation. Defendants have demonstrated zero interest in these judgments. Conversely, denying nunc pro tunc remedy as to the judgments will unduly prejudice Plaintiffs vis-a-vis the thousands of judgments entered in the same short time frame. While "it is not the function of a nunc pro tunc order to antedate the actual performance of an act, to supply facts which never existed, or to embody a fiction that something which never happened did actually occur," this is not the case here. Here, Plaintiffs sought relief from the Court and filed VSSTF claims in advance of the February 19, 2020 statutory deadline. There is no just reason for the judgments at issue not being entered as February 19, 2020, nunc pro tunc, in this Court's discretion.

Plaintiffs recognize this Court expended significant effort to meet the deadline associated with VSSTF claims. Indeed, Plaintiffs' counsel, Plaintiffs themselves, and the Court were *all* under

tight deadlines. The Court entered judgments on defaults submitted prior to the deadline, with the exception of these Plaintiffs.  As a matter of equity, movants seek parity with the other 69 plaintiffs who received judgments on February 19, 2020 – despite those plaintiffs' motion being filed after the Court-imposed deadline. See *Ray, supra.*

In fairness and equity, Plaintiffs ask the Court to grant Plaintiffs the equitable relief sought and enter nunc pro tunc judgments dating from March 6, 2020, to February 19, 2020.  ECF Nos. 6034, 6035, 6037, 6038, 6039, and 6040. A proposed order is attached.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that this Court grant Plaintiffs' request for entry of nunc pro tunc judgments dated back to February 19, 2020 for the judgments entered at ECF Nos. 6034, 6035, 6037, 6038, 6039, and 6040.

Dated: May 4, 2020

Respectfully submitted,

**/s/**  John M. Eubanks
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9000
Fax: 843-216-9450
Email: jeubanks@motleyrice.com

Attorneys for the *Burnett* and *Prior* Plaintiffs