**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Burnett, et al. v. The Islamic Republic of Iran, et al.*, Case No. 15-cv-9903 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RULE 60(a) MOTION FOR CORRECTION TO PARTIAL FINAL JUDGMENT**

Plaintiff by undersigned counsel submits this Memorandum of Law in support of their Rule 60(a) Motion for Correction to Partial Final Judgment, and say:

**BACKGROUND**

On September 6, 2019, this Court entered an Order of Partial Final Default Judgment on behalf of *inter alia* Frank M. Tatum. *See* ECF No. 5087. In that Order, Frank M. Tatum was identified as a sibling of 9/11 decedent Diane M. Parsons and was awarded damages commensurate with that relationship. The exhibit listing this claim was prepared by Plaintiff's counsel who, at the time of its filing, believed it to be an accurate and correct list of plaintiffs and relationships for whom the Order should have been entered.

Since the Order was entered, Plaintiff's counsel, while finalizing the application for the Plaintiff, included the Order to be submitted to the United States Victims of State Sponsored Terrorism Fund, discovered the error in the exhibit they had presented to the Court. Due to this error, Plaintiff respectfully moves for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 5087 entered on September 6, 2019, to correct Plaintiff's clerical mistakes.

## ARGUMENT

**Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* at 322. In *Wheeling Downs Race Track and Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the error is mechanical in nature and does not require substantive judgment. The correction of Frank M. Tatum as the child rather than the sibling of 9/11 decedent Diane M. Parsons would reflect the actual intent of Plaintiff in obtaining the default judgment against Iran. The clerical mistake and requested correction fall into one distinct category: Instance where the relationship of the plaintiff was incorrectly stated.

## CONCLUSION

The correction requested by Plaintiff is clerical in nature and does not raise issues with the substantive judgment issued on September 6, 2019. Instead, this correction will allow the judgment to more accurately reflect the Court's and Plaintiff's intent. Moreover, Iran has been served and put on notice of the judgment on behalf of Frank M. Tatum regardless of the value of the judgment and has made no attempt to fight this determination. For the foregoing reasons, Plaintiff respectfully requests that this Court enter the Corrected Order of Partial Final Default Judgment filed contemporaneously with this memorandum of law to conform with the correction provided herein.

Dated: May 6, 2020

Respectfully submitted,

MOTLEY RICE LLC

BY: /s/ John M. Eubanks
John M. Eubanks, Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843)216-9000
Email: jeubanks@motleyrice.com

**Attorneys for Plaintiff**