IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *IN RE*:  TERRORIST ATTACKS ON | : | |
| SEPTEMBER 11, 2001 | : | 03-MDL-1570 (GBD)(SN) |

**This Document Relates To:**
*Ryan, et al. v. Islamic Republic of Iran, et al.*, 1:20-cv-00266 (GBD)(SN)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION FOR ENTRY OF JUDGMENTS *NUNC PRO TUNC*

Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher ("the *Ryan and Maher* Plaintiffs"), respectfully request an Order *Nunc Pro Tunc* for certain partial final judgments to be given effect as of February 19, 2020, rather than the date on which they were entered on February 21, 2020 (and re-entered on March 6, 2020), in order to take into account the fact that the *Ryan and Maher* Plaintiffs' motion was submitted before the February 19, 2020 deadline for the Victims of State Sponsored Terrorism Fund ("VSSTF" or "Fund").  Like the *Burnett* and *Prior* Plaintiffs who obtained such relief yesterday, the *Ryan and Maher* Plaintiffs acknowledge that their Motion for Entry of Partial Final Judgment was submitted after the Court's January 15, 2020 deadline, and fully appreciate the Court's efforts to deal with the many motions for partial final judgment filed prior to the Court's January 15, 2020 deadline.  Nevertheless, the *Ryan and Maher* Plaintiffs respectfully request that this Court grant the requested equitable relief for reasons similar to those invoked by the *Burnett* and *Prior* Plaintiffs.

### FACTS AND PROCEDURAL HISTORY

The *Ryan and Maher* Plaintiffs were, until a few months ago, represented by other counsel in this MDL.  Their original judgments were entered on March 9, 2016.  (*See Ryan* Doc. No. 11: "Plaintiffs, the Estate of John J. Ryan and the Estate of Daniel L. Maher, were granted a Default

Judgment against the Islamic Republic of Iran (1:03-md-01570, Doc. No. 3014), and were awarded compensatory damages of $2,000,000.00 for conscious pain and suffering (1:03-md-O 1570, Docs. No. 3226, dated March 8, 2016; 1 :03-md-1570, Doc. No. 3229, dated March 9, 2016)." In the latter part of 2019, a substitution of counsel was effected and a charging lien dispute was resolved. *See* MDL Doc. Nos. 5164, 5165, 5169, 5171, 5312.  At the Court's direction, a notice of motion to file a new associated case for the *Ryan* Plaintiffs was filed on January 8, 2020.  MDL Doc. Nos. 5464, 5465.

The *Ryan and Maher* Plaintiffs notified the Court on January 15, 2020, of their intent to submit a motion to obtain awards for economic damages that two of the *Ryan* Plaintiffs – the Estate of John Ryan and the Estate of Daniel Maher – lacked in their existing judgments.  *Ryan*, Doc. No. 8.  The *Ryan* case was accepted by the Court as an associated case on January 16, 2020.  *Ryan* Doc. No. 9.

The *Ryan and Maher* Plaintiffs filed a Motion For Partial Final Default Judgment on February 11, 2020, MDL Doc. Nos. 5908, 5909, 5911, 5913.  This Court granted that motion on February 21, 2020, just two days after the February 19, 2020 VSSTF deadline for filing claims in Round Three.  *Ryan* Doc. No. 10 and MDL Doc. No. 5999.[1]  The *Ryan and Maher* Plaintiffs also submitted timely claims to the VSSTF for Round Three.  Those claims have not yet been adjudicated but may well be favorably viewed if the instant motion is granted.  *See* footnote 2 of the *Burnett* and *Prior* motion, MDL Doc. No. 6172, p. 2, n. 2.  Absent a judgment entered prior to the February 19, 2020 VSSTF deadline, however, the *Ryan and Maher* Plaintiffs' economic damages will not be considered by the VSSTF for eligibility for the 2020 distribution because the

---

[1] The Court re-entered such judgments on March 6, 2020. *Ryan* Doc. No. 11 and MDL Doc. No. 6036.  It appears that this entry was a redundancy, perhaps due to the many motions on the Court's docket at that time.

partial final judgments entered with respect to their economic damages were entered just two days after the VSSTF deadline.

Due to the very large number of VSSTF claimants, granting a *nunc pro tunc* judgment to the *Ryan and Maher* Plaintiffs would have a *de minimus* effect on other VSSTF claimants' rights, much less, even, than the order entered yesterday in *Burnett* and *Prior*. *Id.* Moreover, granting this relief would put the *Ryan and Maher* Plaintiffs on an equal footing with the *Burnett* and *Prior* plaintiffs who were granted a similar *nunc pro tunc* order yesterday.

## ARGUMENT

*Nunc pro tunc* is Latin for "now for then" and is a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect. *Black's Law Dictionary* 1174 (9th ed.2009). "A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case," *Mitchell v. Overman*, 103 U.S 62, 65 (1880). Even further, "if there has been a delay in the rendering of a judgment or decree arising from the act of the court and not the laches of the parties, it is the duty of the court to see that the parties do not suffer from the delay." 21A Fed. Proc., L. Ed. § 51:20. Further, "[i]n such instances judgment *nunc pro tunc* may be ordered if the circumstances of the particular case so require and the judgment will be entered retrospectively as of the date it should have or might have been entered." *Mitchell v. Overman*, 103 U.S. 62 (1880).

The Southern District of New York has ruled that "a *nunc pro tunc* order may be made to record some actual fact which has gone unrecorded through inadvertence or mistake, so that the order takes effect as of the date the fact actually occurred." *Petition of Di Franco*, 339 F. Supp. 414 (S.D.N.Y. 1972). The Court further elaborated that "it is not the function of a *nunc pro tunc* order to antedate the actual performance of an act, to supply facts which never existed, or to

3

embody a fiction that something which never happened did actually occur." *Id*. (petitioner sought to have citizenship predated to date of eligibility; Court ruled that because no application was made and no oath of naturalization was taken until 1971, that was thus the earliest date it could have been predated).

Lastly, *nunc pro tunc* orders can be entered when "no persons will be prejudiced thereby, but the court's inherent *nunc pro tunc* power may not be wielded when third parties have substantive rights in play that may be altered by recording a fact as of a prior date when it did not exist then." 60 C.J.S. Motions and Orders § 52 (March 2020). These Plaintiffs meet the statutory requirements, as no real or substantial harm will result to the other VSSTF claimants because any dilution of the 2020 payment pool would be *de minimus*.

Further, "use of *nunc pro tunc* orders or judgments is limited to clerical errors, misprisions, or an omission by inadvertence or mistake. Such an order may compensate for judicial delay in entering an order or make manifest the existence of a prior determination which has been clearly shown." *Id.* This is precisely the situation here, where the press of the tight deadlines necessitated unintentional delays.

Simply put, entering *nunc pro tunc* orders on behalf of these Plaintiffs would be equitable. *Nunc pro tunc* orders may be entered "as justice may require" making the power to enter such an order discretionary.  Entering the aforementioned judgments *nunc pro tunc* dating back to February 19, 2020, would not prejudice any party involved in this litigation. Defendants have demonstrated zero interest in these judgments.  Conversely, denying *nunc pro tunc* remedy as to the judgments will unduly prejudice Plaintiffs vis-a-vis the thousands of judgments entered in the same short time frame. While "it is not the function of a *nunc pro tunc* order to antedate the actual performance of an act, to supply facts which never existed, or to embody a fiction that something which never

happened did actually occur," this is not the case here.  Here, Plaintiffs sought relief from the Court and filed VSSTF claims in advance of the February 19, 2020 statutory deadline.  There is no just reason for the judgments at issue not being entered as February 19, 2020, *nunc pro tunc*, in this Court's discretion.

Plaintiffs recognize this Court expended significant effort to meet the deadline associated with VSSTF claims.  Indeed, Plaintiffs' counsel, Plaintiffs themselves, and the Court were *all* under tight deadlines.  The Court entered judgments on defaults submitted prior to the deadline, with the exception of these Plaintiffs' economic damages awards and the *Burnett* and *Prior* Plaintiffs who were granted a *nunc pro tunc* order yesterday.  As a matter of equity, the two *Ryan* Plaintiffs seek parity with the other plaintiffs who received judgments on February 19, 2020 – despite those plaintiffs' motion also having been filed after the Court-imposed deadline.

In fairness and equity, Plaintiffs *Ryan* and *Maher* ask the Court to grant them the equitable relief sought and enter *nunc pro tun*c judgments dating from February 21, 2020, to February 19, 2020. ECF Nos. 5999 and 6036.  A proposed order is attached.

## CONCLUSION

For the foregoing reasons, Plaintiffs *Ryan and Maher* request that this Court grant Plaintiffs' request for entry of *nunc pro tunc* judgments dated back to February 19, 2020 for the judgments entered at ECF Nos. 5999 and 6036.

Date:  May 6, 2020

        Respectfully Submitted,

        <u>/s/ Dennis G. Pantazis</u>
        Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
        WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
        FISHER GOLDFARB LLC
        The Kress Building
        301 Nineteenth Street North
        Birmingham, Alabama 35203
        (205) 314-0500
        dgp@wigginschilds.com

        Timothy B. Fleming (DC Bar No. 351114)
        WIGGINS CHILDS PANTAZIS
        FISHER GOLDFARB PLLC
        1211 Connecticut Avenue, N.W.
        Suite 420
        Washington, D.C.  20036
        (202) 467-4489

        ***Attorneys for the* Ryan and Maher *Plaintiffs***