# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

August 8, 2018

Geoffrey S. Berman, U.S. Attorney
Sarah S. Normand, Assistant U.S. Attorney
Jeannette A. Vargas, Assistant U.S. Attorney
Office of the United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

     RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Geoff, Sarah, and Jeanette:

     On behalf of the Plaintiffs' Executive Committees ("PECs"), we write to respond to your letter of July 30, 2018, in which you described the actions being undertaken by the Federal Bureau of Investigation ("FBI") in response to the subpoena the 9/11 plaintiffs served on the FBI on April 10, 2018.

     In your July 30, 2018 letter, you indicate that "the FBI is in the process of identifying a subset of documents that may be relevant to the allegations on which the Court has permitted limited jurisdictional discovery," and that the "FBI will then conduct a declassification privilege review of those documents to determine what, if any, information can be provided." With regard to our request for details supporting the FBI's assertions of undue burden, your response focused solely on the demand for records comprising the "subfile investigation." With regard to that demand, your July 30, 2018 letter states that the FBI "file on this investigation is quite voluminous and includes records unrelated to the allegations on which the Court has permitted limited jurisdictional discovery," and that "declassification review is a painstaking and time-consuming task." You conclude by asserting that it "would be impossible to review all the records sought by the PECs within the timeframe envisioned by the Court."

Office of the United States Attorney
August 8, 2018
Page 2

_____

It has now been nearly four months since the 9/11 plaintiffs' subpoena was served on the FBI, and three months since the (extended) return date for compliance. Despite the singular importance of this matter and passage of so much time, the FBI has not produced a single document in response to the subpoena, or committed to ever do so. Further, the FBI has not indicated its commitment to comply with any of the subpoena's individual demands. Meanwhile, the FBI has never provided any specific information to substantiate its undue burden, overbreadth, proportionality, or relevance objections, despite multiple requests from the 9/11 plaintiffs that it do so as required by governing law. The FBI also has not responded to the 9/11 plaintiffs' request that the FBI withdraw its objections based on the agency's *Touhy* regulations or exemptions applicable in the context of Freedom of Information Act requests, on the grounds that neither creates a substantive privilege available in the context of responding to the 9/11 plaintiffs' subpoena. Further, the FBI has not provided the information necessary to substantiate any objections based on any asserted common law privileges, but also has not withdrawn its objections raising such privileges.

Instead, the FBI has proposed to identify documents selected unilaterally by it, and indicated that it *might* produce certain of those documents following a declassification review. The FBI has failed to provide any timeline for this ambiguous process.

Although your office has indicated in certain of its communications on behalf of the FBI that the FBI has "not made a final decision with regard to the Subpoena's requests," the fact of the matter is that the FBI has refused to comply with any aspect of the subpoena, has failed to produce a single document in response to it, and has maintained its numerous objections. As the compliance deadline has long since passed, we must consider the FBI's refusal to comply with the subpoena and objections as the FBI's final position with regard to these matters. Indeed, we believe this view to be the only interpretation that is consistent with the FBI's own regulations governing the options available to it in responding to a subpoena of this nature.

We would kindly request that you provide your availability to meet and confer, either in person or by telephone, between August 9, 2018 and August 17, 2018. To ensure maximum flexibility in scheduling the meet and confer for all involved, we would ask that you convey your availability for the dates requested before the end of this week.

Office of the United States Attorney
August 8, 2018
Page 3

_____

Very truly yours,

| COZEN O'CONNOR | MOTLEY RICE |
|---|---|
| /s/ Sean P. Carter, Esquire | /s/ Robert T. Haefele |
| Sean P. Carter, Esquire | Robert T. Haefele, Esquire |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, PA 19103 | Mt. Pleasant, SC 29464 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

KREINDLER & KREINDLER

 /s/ Andrew J. Maloney
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims


cc: Members of the Plaintiffs' Executive Committees (via Email)

LEGAL\37414889\2