UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:
   *Burnett, et al. v. The Islamic Republic of Iran, et al.*, Case No. 15 CV 9903 (GBD)(SN)

### DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE PARTIAL FINAL JUDGMENTS

John M. Eubanks, Esq., hereby states under penalty of perjury that:

1. I am an attorney representing the *Burnett* plaintiffs in the above-captioned litigation, and I submit this declaration in support of Plaintiffs' Motion to Vacate Partial Final Judgments against the Islamic Republic of Iran ("Iran") on behalf of the following twenty-four (24) plaintiffs, and only these 24 plaintiffs, in the *Burnett* action, and only in the *Burnett* action: Edward C. Williams, Alison M. Coffey, Antonia Gargano, Brenda Larsen, Minor Child A.L., Scott B. Larsen, Marisa Larsen, Carolann Larsen, Elise Lasko, Patrick O'Hagan, Pierce O'Hagan, Andrea O'Hagan, Gabriella Scibetta, Jordan Lyles, Justin Lyles, Mario Giordano, Estate of Thomas McErlean, Christopher J. Braca, Alison Kinney Lewandowski, Thomas P. Heidenberger II, Estate of John A. Crisci, Estate of Ann Nicole Nelson, Estate of Gregory J. Trost, and Estate of Yudh Jain.

2. The source of my information and the bases for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* plaintiffs in connection with the In re Terrorist Attacks on September 11, 2001 multidistrict litigation ("MDL 1570"), other court records relating to MDL 1570 to which the *Burnett* plaintiffs are parties, conversations had with family members to the *Burnett* plaintiffs,

and file records and communications with counsel representing other plaintiffs in MDL 1570. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3. This declaration and the Proposed Order being filed contemporaneously with this motion are premised on our recognition that the twenty-four above-referenced plaintiffs included in previous orders entering judgments in the above-captioned *Burnett* action should not have been granted judgments either because (1) they did not hold the title indicated in the judgments; (2) despite due diligence efforts, the judgment obtained for the plaintiff was, inadvertently, a duplicate judgment of one obtained earlier; (3) the person included on the judgment is not a named plaintiff in the *Burnett* action; (4) one name was included based on a typographical error (the correct name is also included); and (5) certain plaintiffs have concluded—based on changes to the law regarding the United States Victims of State Sponsored Terrorism Fund—that they no longer wish to pursue judgments based on the aggregate caps in place vis-à-vis the Fund.

4. As a matter of course, our office has been diligent to comply with the Court's directions contained in this Court's order at ECF No. 3435. Before filing a motion for final damages judgment, my office has reviewed the docket for preexisting judgments and has coordinated with the firms that, collectively, represent the great majority of plaintiffs in MDL 1570, providing the identities of those individuals for whom we intend to move for a final damages judgment. Those firms then cross-reference the names of our claimants with their clients to ensure there is no overlap and no claimant will receive multiple judgments.

5. We also attempt to communicate with the individual clients, including some with whom we have not had regular communication for a period of time, to ensure the accuracy of the information in our files.

6.  Before filing the motions for final damages judgment for each of the twenty-four plaintiffs referenced herein, we proceeded as described in the paragraphs above. Those firms with which we communicated advised us where, if at all, there were overlapping individuals and before filing the motions for final damages judgment, we reached agreements as to who would proceed on behalf of each claimant.

7.  Notwithstanding exercising the safeguards referenced above, we obtained the following judgments in error:

   a. Edward C. Williams: A judgment was sought and obtained on behalf of Edward C. Williams as the spouse of 9/11 decedent Manette Beckles on September 3, 2019. *See* ECF No. 5061 at 3, line 13 *(Burnett* VII). Mr. Williams was inadvertently identified as a spouse when he did not hold that title. The judgment in his name should be vacated as he has no entitlement to it.

   b. Alison M. Coffey: A judgment was sought and obtained on behalf of Alison Coffey as the child of 9/11 decedent Michele M. Heidenberger on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action. *See* ECF No. 5058 at 5, line 61 (*Burlingame* VI). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Alison Coffey as the child of 9/11 decedent Michele M. Heidenberger on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 10, line 253 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Alison Coffey as the child of 9/11 decedent Michele M. Heidenberger should be vacated; the judgment on behalf of Alison Coffey as a plaintiff in the *Ashton* action should *not* be disturbed.

    c. <u>Antonia Gargano</u>: A judgment was sought and obtained on behalf of Antonia Gargano as the parent of 9/11 decedent Rocco N. Gargano on August 16, 2018 as a plaintiff in the *Ashton* action. *See* ECF No. 4106 at 3, line 42 (*Ashton* VI). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Antonia Gargano as the parent of 9/11 decedent Rocco N. Gargano on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 9, line 197 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Antonia Gargano as the parent of 9/11 decedent Rocco N. Gargano should be vacated; the judgment on behalf of Antonia Gargano as a plaintiff in the *Ashton* action should *not* be disturbed.

    d. <u>Brenda Larsen</u>: A judgment was sought and obtained on behalf of Brenda Larsen as the child of 9/11 decedent Scott Larsen on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action. *See* ECF No. 5058 at 5, line 80 (*Burlingame* VI). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Brenda Larsen as the child of 9/11 decedent Scott Larsen on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 12, line 330 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Brenda Larsen as the child of 9/11 decedent Scott Larsen should be vacated; the judgment on behalf of Brenda Larsen as a plaintiff in the *Ashton* action should *not* be disturbed.

  e. <u>Minor child A.L.</u>: A judgment was sought and obtained on behalf of minor A.L. as the child of 9/11 decedent Scott Larsen on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action.  *See* ECF No. 5058 at 5, line 82 (*Burlingame* VI).  Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of minor A.L. as the child of 9/11 decedent Scott Larsen on September 6, 2019 in the *Burnett* action.  *See* ECF No. 5087 at 12, line 333 *(Burnett* IX).  The duplicate judgment in *Burnett* on behalf of minor A.L. as the child of 9/11 decedent Scott Larsen should be vacated; the judgment on behalf of minor A.L. as the child of 9/11 decedent Scott Larsen as a plaintiff in the *Ashton* action should *not* be disturbed.

  f. <u>Scott B. Larsen</u>: A judgment was sought and obtained on behalf of Scott B. Larsen as the child of 9/11 decedent Scott Larsen on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action.  *See* ECF No. 5058 at 5, line 81 (*Burlingame* VI).  Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Scott B. Larsen as the child of 9/11 decedent Scott B. Larsen on September 6, 2019 in the *Burnett* action.  *See* ECF No. 5087 at 12, line 329 *(Burnett* IX).  The duplicate judgment in *Burnett* on behalf of Scott B. Larsen as the child of 9/11 decedent Scott Larsen should be vacated; the judgment on behalf of Scott B. Larsen as a plaintiff in the *Ashton* action should *not* be disturbed.

 g. <u>Marisa Larsen</u>: A judgment was sought and obtained on behalf of Marisa Larsen as the child of 9/11 decedent Scott Larsen on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action.  See ECF No. 5058 at 5, line 79 (*Burlingame* VI).  Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Marisa Larsen as the child of 9/11 decedent Scott Larsen on September 6, 2019 in the *Burnett* action.  *See* ECF No. 5087 at 12, line 331 *(Burnett* IX).  The duplicate judgment in *Burnett* on behalf of Marisa Larsen as the child of 9/11 decedent Scott Larsen should be vacated; the judgment on behalf of Marisa Larsen as a plaintiff in the *Ashton* action should *not* be disturbed.

 h. <u>Carolann Larsen</u>: A judgment was sought and obtained on behalf of Carolann Larsen as the spouse of 9/11 decedent Scott Larsen on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action.  *See* ECF No. 5058 at 5, line 78 (*Burlingame* VI)  Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Carolann Larsen as the spouse of 9/11 decedent Scott Larsen on September 6, 2019 in the *Burnett* action.  *See* ECF No. 5087 at 12, line 332 *(Burnett* IX).  The duplicate judgment in *Burnett* on behalf of Carolann Larsen as the spouse of 9/11 decedent Scott Larsen should be vacated; the judgment on behalf of Carolann Larsen as a plaintiff in the *Ashton* action should *not* be disturbed.

    i. <u>Elise Lasko</u>: A judgment was sought and obtained on behalf of Elise Ann Lasko as the child of 9/11 decedent Gary E. Lasko on August 15, 2019 as a plaintiff in the *Ashton* action. *See* ECF No. 4880 at 17, line 506 (*Ashton* XII). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Elise Lasko as the child of 9/11 decedent Gary E. Lasko on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 12, line 334 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Elise Lasko as the child of 9/11 decedent Gary E. Lasko should be vacated; the judgment on behalf of Elise Lasko as a plaintiff in the *Ashton* action should *not* be disturbed.

    j. <u>Patrick O'Hagan</u>: A judgment was sought and obtained on behalf of Patrick O'Hagan as the child of 9/11 decedent Thomas Gerard O'Hagan on August 15, 2019 as a plaintiff in the *Ashton* action. *See* ECF No. 4880 at 21, line 646 (*Ashton* XII). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Patrick O'Hagan as the child of 9/11 decedent Thomas Gerard O'Hagan on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 15, line 472 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Patrick O'Hagan as the child of 9/11 decedent Thomas Gerard O'Hagan should be vacated; the judgment on behalf of Patrick O'Hagan as a plaintiff in the *Ashton* action should *not* be disturbed.

    k. <u>Pierce O'Hagan</u>: A judgment was sought and obtained on behalf of Pierce O'Hagan as the child of 9/11 decedent Thomas Gerard O'Hagan on August 15,

2019 as a plaintiff in the *Ashton* action. *See* ECF No. 4880 at 21, line 647 (*Ashton* XII). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Pierce O'Hagan as the child of 9/11 decedent Thomas Gerard O'Hagan on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 15, line 473 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Pierce O'Hagan as the child of 9/11 decedent Thomas Gerard O'Hagan should be vacated; the judgment on behalf of Pierce O'Hagan as a plaintiff in the *Ashton* action should *not* be disturbed.

l. <u>Andrea O'Hagan</u>: A judgment was sought and obtained on behalf of Andrea O'Hagan as the spouse of 9/11 decedent Thomas Gerard O'Hagan on August 15, 2019 as a plaintiff in the *Ashton* action. *See* ECF No. 4880 at 21, line 645(*Ashton* XII). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Andrea O'Hagan as the spouse of 9/11 decedent Thomas Gerard O'Hagan on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 15, line 474 *(Burnett* IX). The duplicate judgment in *Burnett* on behalf of Andrea O'Hagan as the spouse of 9/11 decedent Thomas Gerard O'Hagan should be vacated; the judgment on behalf of Andrea O'Hagan as a plaintiff in the *Ashton* action should *not* be disturbed.

m. <u>Gabriella Scibetta</u>: A judgment was sought and obtained on behalf of Gabriella Scibetta as the child of 9/11 decedent Adriana Scibetta (a/k/a Adrianne Scibetta) on August 15, 2019 as a plaintiff in the *Ashton* action. *See* ECF No. 4880 at

25, line 771 (*Ashton* XII).  Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Gabriella Scibetta as the child of 9/11 decedent Adriana Scibetta on September 6, 2019 in the *Burnett* action. *See* ECF No. 5087 at 18, line 598 (*Burnett* IX).  The duplicate judgment in *Burnett* on behalf of Gabriella Scibetta as the child of 9/11 decedent Adriana Scibetta should be vacated; the judgment on behalf of Gabriella Scibetta as a plaintiff in the *Ashton* action should *not* be disturbed.

n. <u>Jordan Lyles</u>: A judgment was sought and obtained on behalf of Jordan Lyles as the child of 9/11 decedent CeeCee Lyles on September 10, 2019.  *See* ECF No. 5138 at 5, line 93 *(Burnett* XI).  Plaintiffs seek to vacate the judgment on behalf of Jordan Lyles because he was the step-child of CeeCee Lyles and not the biological child.  Plaintiffs intend to seek judgment for Jordan Lyles as the functional equivalent of a biological child of CeeCee Lyles at a later date.

o. <u>Justin Lyles</u>:  A judgment was sought and obtained on behalf of Justin Lyles as the child of 9/11 decedent CeeCee Lyles on September 10, 2019.  *See* ECF No. 5138 at 5, line 94 *(Burnett* XI).  Plaintiffs seek to vacate the judgment on behalf of Justin Lyles because he was the step-child of CeeCee Lyles and not the biological child.  Plaintiffs intend to seek judgment for Justin Lyles as the functional equivalent of a biological child of CeeCee Lyles at a later date.

p. <u>Mario Giordano</u>: A judgment was sought and obtained on behalf of Mario Giordano as the alleged parent of 9/11 decedent Denise Lenore Benedetto on September 10, 2019.  *See* ECF No. 5138 at 3, line 10 *(Burnett* XI).  Mari**a**

Giordano's name appears on the line above the name Mar**io** Giordano. ECF No. 5138 at 3, line 9.  Maria Giordano is the parent of 9/11 decedent Denise Lenore Benedetto.  There is no such plaintiff as Mar**io** Giordano, and the inclusion of this name on the judgment was a typographical error.  The judgment in *Burnett* on behalf of Mar**io** Giordano as the alleged parent of 9/11 decedent Denise Lenore Benedetto should be vacated; the judgment in *Burnett* on behalf of Mar**ia** Giordano as the parent of 9/11 decedent Denise Lenore Benedetto should *not* be disturbed.

q. <u>Estate of Thomas M. McErlean</u>: A judgment was sought and obtained on behalf of the Estate of Thomas M. McErlean as the brother of 9/11 decedent John T. McErlean, Jr. on September 10, 2019.  *See* ECF No. 5138 at 6, line 108 *(Burnett* XI).  The Estate of Thomas M. McErlean was not a named plaintiff in the *Burnett* action.  A judgment was sought and granted on behalf of the Estate of Thomas M. McErlean as a plaintiff in the *Ashton* action.  *See* ECF No. 4880 at 19, line 562 (*Ashton* XII).  The duplicate judgment in *Burnett* on behalf of Estate of Thomas M. McErlean as the brother of 9/11 decedent John T. McErlean, Jr. should be vacated; the judgment on behalf of the Estate of Thomas M. McErlean as a plaintiff in the *Ashton* action should *not* be disturbed.

r. <u>Estate of Rosalyn Temple</u>: A judgment was sought and obtained on behalf of the Estate of Rosalyn Temple as the sister of 9/11 decedent Dorothy Temple on September 10, 2019.  *See* ECF No. 5138 at 8, line 166 (*Burnett* XI).  Since the judgment, the estate representative has withdrawn from his role, and no successor has yet been appointed.  In order not to prejudice the estate's claim

that may be available with the United States Victims of State Sponsored Terrorism Fund, we seek to vacate the judgment for the Estate of Rosalyn Temple as the sister of 9/11 decedent Dorothy Temple while a new successor estate representative is appointed by the Court and can pursue rights on behalf of the estate going forward.

s. <u>Christopher J. Braca</u>: A judgment was sought and obtained on behalf of Christopher J. Braca as the child of 9/11 decedent Alfred J. Braca on December 13, 2019. *See* ECF No. 5356 *(Burnett* XIII)[1]. Christopher J. Braca was not a named plaintiff in the *Burnett* action. A judgment has subsequently been sought on behalf of Christopher J. Braca as a plaintiff in the *Ashton* action, at at this time remains pending. *See* ECF Nos. 5542, 5544-1 at 2, line 1 (*Ashton* XVIII). The judgment in *Burnett* on behalf of Christopher J. Braca as the child of 9/11 decedent Alfred J. Braca should be vacated; to the extent that a judgment on behalf of Christopher J. Braca as the child of 9/11 decedent Alfred J. Braca is entered in the Ashton action, it should *not* be disturbed as a result of this application.

t. <u>Alison Kinney Lewandowski</u>: A judgment was sought and obtained on behalf of Alison Kinney Lewandowski as the spouse of 9/11 decedent Brian Kinney on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action. *See* ECF No. 5058 at 5, line 74 (*Burlingame* VI). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Alison

---

[1] Exhibit A to ECF No. 5356 is located at ECF No. 5348-1. The reference to Christopher J. Braca is at ECF No. 5348-1 at 1, line 21.

11

Kinney Lewandowski as the spouse of 9/11 decedent Brian Kinney on December 13, 2019. *See* ECF No. 5356 *(Burnett* XIII)[2]. The duplicate judgment in *Burnett* on behalf of Alison Kinney Lewandowski as the spouse of 9/11 decedent Brian Kinney should be vacated; the judgment on behalf of Alison Kinney Lewandowski as a plaintiff in the *Ashton* action should *not* be disturbed.

u. Thomas Peter Heidenberger, II: A judgment was sought and obtained on behalf of Thomas Peter Heidenberger, II as the child of 9/11 decedent Michele M. Heidenberger on September 3, 2019 as a plaintiff in the *Ashton/Burlingame* action. *See* ECF No. 5058 at 5, line 62 (*Burlingame* VI). Despite engaging in due diligence on prior judgments entered in accordance with our obligations, Motley Rice inadvertently sought and obtained a duplicate judgment on behalf of Thomas Peter Heidenberger, II as the child of 9/11 decedent Michele M. Heidenberger on February 5, 2020 in the *Burnett* action. *See* ECF No. 5848 at 6, line 107 *(Burnett* XIV). The duplicate judgment in *Burnett* on behalf of Thomas Peter Heidenberger, II as the child of 9/11 decedent Michele M. Heidenberger should be vacated; the judgment on behalf of Thomas Peter Heidenberger, II as a plaintiff in the *Ashton* action should *not* be disturbed.

v. Estate of John A. Crisci: A judgment was sought and obtained on behalf of the Estate of John A. Crisci (through estate representative Raffaella Crisci) for damages arising out of Mr. Crisci's death on September 11, 2001. *See* ECF No. 5975 at 7, line 126 (*Burnett* XVI). Since the entry of this judgment, Raffaella

---

[2] Exhibit A to ECF No. 5356 is located at ECF No. 5348-1. The reference to Alison Kinney Lewandowski is at ECF No. 5348-1 at 3, line 66.

       Crisci reconsidered filing on behalf of her husband's estate given that aggregate caps put into place by the legislation creating the United States Victims of State Sponsored Terrorism Fund would negatively impact the ability of herself and her children from obtaining compensation without impediment. Therefore, the judgment on behalf of the Estate of John A. Crisci should be vacated without prejudice to permit filing at a later date should circumstances surrounding the Fund change in the future.

w. <u>Estate of Ann Nicole Nelson</u>: A judgment was sought and obtained on behalf of the Estate of Ann Nicole Nelson (through estate representative Gary Nelson) for damages arising out of Ms. Nelson's death on September 11, 2001. *See* ECF No. 5975 at 17, line 417 (*Burnett* XVI). The Court-appointed estate representative has passed away, and until a successor estate representative is appointed, the judgment on behalf of the Estate of Ann Nicole Nelson needs to be vacated without prejudice to refiling at such time as a new estate representative is appointed who can protect the rights of the estate going forward.

x. <u>Estate of Gregory J. Trost</u>: A judgment was sought and obtained on behalf of the Estate of Gregory J. Trost (through estate representative George Trost) for damages arising out of Mr. Trost's death on September 11, 2001. *See* ECF No. 5975 at 22, line 563 (*Burnett* XVI). George Trost has reconsidered filing on behalf of his son's estate. Therefore, the judgment on behalf of the Estate of Gregory J. Trost should be vacated without prejudice to permit filing at a later date should circumstances surrounding the Fund change in the future.

    y. <u>Estate of Yudh Jain</u>: A judgment was sought and obtained on behalf of the Estate of Yudh Jain (through estate representative Sneh Jain) for damages arising out of Yudh Jain's death on September 11, 2001.  *See* ECF No. 6038 at 5, line 1 (*Burnett* XXI).  Since this judgment was obtained, the American nationality of Yudh Jain on September 11, 2001 has been brought into question.  Therefore, Plaintiffs must withdraw this claim pending receipt of information that might establish that Yudh Jain was an American citizen on September 11, 2001 to permit recovery pursuant to 28 U.S.C. § 1605A.

8. Accordingly, for the foregoing reasons, and solely as to their claims in the *Burnett* action, the referenced twenty-five (25) plaintiffs who obtained judgments in the *Burnett* action respectfully ask that this Court grant the Proposed Order filed contemporaneously with this Declaration and vacate the following damages judgments awarded to these 25 *Burnett* Plaintiffs in the *Burnett* case only.

9. Furthermore, Plaintiffs respectfully submit that the Court leave the Orders docketed at ECF Nos. 5061, 5087, 5138, 5356, 5848, 5975, and 6038 in force.

Dated: May 11, 2020
       Mount Pleasant, South Carolina

                            <u>/s/ John M. Eubanks</u>
                            John M. Eubanks, Esq.