**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE: TERRORIST ATTACKS ON        :
SEPTEMBER 11, 2001                 :           MDL 03-1570 (GBD)(SN)

**This Document Relates To:**
*Havlish, et al. v. bin Laden, et al.,* Case No. 03-CV-09848
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977
*Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 15-CV-9903
*Burlingame, et al. v. bin Laden, et al.*, Case No. 02-CV-07230
*Bauer, et al. v. al Qaeda Islamic Army, et al*., Case No. 02-CV-07236
*O'Neill, Sr., et al. v. Republic of Iraq, et al.*, Case No. 04-CV-1076
*Federal Insurance Co., et al. v. al Qaida, et al.,* Case No. 03-CV-06978
----
*All other cases against the Islamic Republic of Iran*

**MEMORANDUM OF LAW IN SUPPORT OF THE
*HAVLISH* PLAINTIFFS' MOTION FOR LEAVE TO TAKE
LIMITED DISCOVERY IN FURTHERANCE OF THE
COURT'S SEPTEMBER 30, 2019 OPINION AND ORDER**

The *Havlish* Plaintiffs, by and through their counsel, respectfully present this memorandum in support of their motion for leave to take limited discovery in furtherance of the Court's Opinion and Order of September 30, 2019 (Doc. 5180). That Opinion and Order granted in part the *Havlish* Plaintiffs' Renewed Motion to Create a Common Benefit Fund. Through this motion, the *Havlish* Plaintiffs seek leave to serve a single interrogatory, containing several subparts, on counsel representing those Respondents who have obtained judgments against the Islamic Republic of Iran in this MDL (collectively, the "Judgment Respondents"),[1] and two

---

[1] The PEC responded to the *Havlish* Plaintiffs' common benefit motions on behalf of all MDL Plaintiffs who have asserted claims against Iran (the "Respondents"). The MDL currently includes 45 personal injury cases in which Plaintiffs who are not represented by *Havlish* counsel have asserted claims against Iran. To date, the Court has entered judgment in 25 of those cases. A complete list of those cases is attached as Exhibit C.

additional discovery requests directed only to the Plaintiffs Executive Committee for Wrongful Death and Personal Injury Claims (the "PEC"). A copy of the proposed discovery to be served on all Judgment Respondents, including members of the PEC, is attached as Exhibit A. A copy of the proposed discovery to be served only on the PEC is attached as Exhibit B. The background of the *Havlish* Plaintiffs request for leave to serve this discovery is as follows:

In its initial consideration of the *Havlish* Plaintiffs' motion for the creation of a common benefit fund in 2016, the Court held that the creation of the requested fund was premature because, at that point, the amount of effort Respondents would expend to collect their award from Iran, and the sums, if any, they would actually recover, could not be determined. Doc. No. 3322 at 1. Upon consideration of the *Havlish* Plaintiffs' renewed motion in 2019, the Court found that the uncertainty had been removed when Respondents began to collect their judgments against Iran from the United States Victims of State Sponsored Terrorism Fund (the "USVSST Fund") with little effort other than the filing of an application form. Doc. 5180, Opinion & Order at pp. 6-7. In particular, the Court found that, under the circumstances presented here, it is appropriate to create a common benefit fund to compensate *Havlish* counsel for their work in delivering a judgment and establishing a damages paradigm that has substantially benefitted all plaintiffs who have asserted claims against Iran.

At the same time, the Court informed the parties that it needed additional information in order to determine the appropriate size of the fund to be created. The Court specifically noted that it required information regarding the time and expenses *Havlish* counsel have invested in obtaining the judgment against Iran and the amounts Respondents have recovered on the Iran judgments that they procured by utilizing the *Havlish* evidence and work product. Therefore, the Court directed the parties to meet and confer regarding (1) the need for limited discovery; (2) the

kinds of documents that constitute reasonable proof of the *Havlish* Plaintiffs' time and expenses, but would not impose an undue burden to produce and review; and (3) the propriety of reserving decision on the size of the common benefit fee until Respondents are notified of the amounts they will recover through the VSSTF's third round of payments.[2]  Opinion & Order at pp. 11-13.

As the Court directed, the parties met and conferred regarding issues related to the implementation of the Order.  Because the PEC claimed that its members had somehow contributed to the *Havlish* evidence and therefore should receive payments from the proposed common benefit fund, *Havlish* counsel proposed an exchange of information with each party providing the other with relevant time and expense records.  *Havlish* counsel also sought USVSST Fund claim and payment information from the PEC.  This proposal was not acceptable to the PEC which chose instead to file motions for reconsideration that, among other things, wrongfully alleged that *Havlish* counsel are unwilling to produce reports evidencing their time and expenses incurred in pursuing claims against Iran.

Because the PEC has rebuffed the attempt at an amicable exchange of information, the *Havlish* Plaintiffs ask the Court for leave to serve the limited discovery contemplated in the Court's Opinion and Order.  Specifically, *Havlish* counsel propose to serve all Judgment Respondents with a single interrogatory, with related subparts, that asks for the following information:

> For each of your clients who has been awarded a judgment against Iran, please state the following:

---

[2] The USVSST Special Master is scheduled to authorize third-round payments beginning on May 19, 2020, and "[a]ll eligible claimants will receive a separate letter specifying their payment amount sometime after May 19, 2020."  USVSST Fund internet website, www.usvsst.com.  Therefore, the amount of those third round payments will be capable of inclusion, in whole or in part, in the information provided by Respondents in their answers to the proposed discovery request and all such information should be made available to the Court prior to its determination of the size of the common benefit fund fee.

3

>   (a) the name of the client;
>
>   (b) the caption of the case in which the client's claim against Iran was filed;
>
>   (c) whether the client has submitted an application with the USVSST Fund;
>
>   (d) whether the client has received an award from the USVSST Fund;
>
>   (e) the date(s) of each client's award;
>
>   (f) the amount(s) of each client's award; and
>
>   (g) the amount of attorney fees paid or due to be paid from the award; and
>
>   (h) if the USVSST Fund Special Master has authorized a payment that the client has not yet received, the amount of that authorized payment.

In addition, *Havlish* counsel propose to serve discovery requests on the PEC that asks for the following information:

>   1.   With reference to representations made by you at footnote no. 12 in your Motion for Reconsideration, please identify and describe the "significant common benefit work" that you "contributed" and was "ultimately utilized in the *Havlish* motion for default judgment."
>
>   2.   For each item of common benefit work identified in Discovery Request No. 1, please:
>
>>   (a) explain how and when your work product was communicated and delivered to *Havlish* Counsel;
>>
>>   (b) identify and produce copies of any communication between you and *Havlish* Counsel related to that work product; and
>>
>>   (c) produce records of time and expenses incurred in the development of that work product.

These discovery requests are designed to elicit the information the Court needs to determine the size of the common benefit fund while placing minimal burden on the parties and the Court. At the same time it is propounding this discovery, *Havlish* counsel will discuss with the PEC the report *Havlish* counsel intend to present to the Court as evidence of the Havlish team's time and expenses incurred in establishing a legal framework, developing evidence, and

establishing liability against Iran and creating a damages paradigm for all claimants.

Once Judgment Respondents and the PEC have provided the information sought in the proposed discovery, the *Havlish* Plaintiffs will submit their recommendation to the Court regarding the size of the common benefit fund, including reports on time and expenses incurred in obtaining the judgments and the resulting USVSST awards.

For the reasons stated above, the *Havlish* Plaintiffs ask the Court to grant their Motion for Leave to Take Limited Discovery in Furtherance of the Court's Opinion and Order of September 30, 2019.

Respectfully Submitted,

Date: May 15, 2020

/s/ Timothy B. Fleming
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, PLLC
1211 Connecticut Avenue, NW, Suite 420
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC   (*Lead Counsel*)
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

**Attorneys for the *Havlish* Plaintiffs**