UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

...................................................................x

*In re Terrorist Attacks on September 11, 2001*          03 MDL 1570 (GBD) (SN)

...................................................................x

**This Document Relates To:**
*Havlish, et al. v. bin Laden, et al.,* Case No. 03-CV-09848
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977
*Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 15-CV-9903
*Burlingame, et al. v. bin Laden, et al.*, Case No. 02-CV-07230
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-07236
*O'Neill, Sr., et al. v. Republic of Iraq, et al.*, Case No. 04-CV-1076
*Federal Insurance Co., et al. v. al Qaida, et al.,* Case No. 03-CV-06978
**All other cases against the Islamic Republic of Iran**

### OPPOSITION OF PLAINTIFFS' EXECUTIVE COMMITTEE FOR PERSONAL INJURY AND DEATH CLAIMS TO *HAVLISH* PLAINTIFFS' MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY [ECF Nos. 6216-6217]

The Havlish counsel's discovery motion (ECF Nos. 6216-6217) against various members of the Plaintiffs' Executive Committee for Personal Injury and Death Claims ("PEC") is wholly improper on multiple grounds. The motion rests on *Havlish* counsel's misunderstanding of the nature of MDL common benefit fees, is procedurally flawed, and misapprehends and ignores *Havlish* counsel's own obligations. This Court should either dismiss the motion as procedurally improper or deny it outright.

1. ***Havlish*** **counsel's discovery motion rests on a misunderstanding of MDL common benefit fees, as explained in pending motions for reconsideration that should be resolved before their discovery motion is even considered.**

The discovery *Havlish* counsel seek should be denied because it hinges on a distortion of the MDL common benefit fee doctrine, as discussed in the pending motions for reconsideration (ECF Nos. 5359-61) of this Court's fee order (ECF No. 5180). Common benefit fees are to ensure fair compensation to counsel for their labor in performing common benefit work. They are not, as *Havlish* counsel's motion suggests, a form of substitute contingent fee from all plaintiffs who may have recovered money based, in part, on *Havlish* counsel's limited labor against a defaulting defendant (while leaving the PEC to expend substantial human and financial resources litigating against defendants who have appeared). Moreover,

the goal of the common benefit doctrine is defeated where, as here, fees are sought from counsel (the PEC) who have themselves expended substantial time and resources litigating against active defendants.

The PEC's and the *Federal* Plaintiffs' reconsideration motions ask the Court to consider (1) the unprecedented, unwarranted, and wholly premature nature of awarding common benefit fees midstream in an ongoing MDL, especially fees that would reward only one set of attorneys—who focused on a single, absent defendant—at the cost of other PEC attorneys who have (for many years) expended, and continue to expend, substantial resources litigating against defendants who have actively opposed plaintiffs' claims; (2) that if there is to be any process designed to compensate common benefit work, it must account for common benefit work performed by *all* counsel in the MDL; and (3) that the Court would need to establish procedures and standards governing any such process.

With proper focus on the common benefit fee doctrine, the information *Havlish* counsel seek is irrelevant. The relevant discovery issue would address whether *Havlish* counsel's work conferred *any* meaningful common benefit on others and, if so, what constitutes reasonable compensation—from other counsel—for that work. The dollar amount of recoveries other parties obtained (which is what *Havlish* counsel is seeking) has little or no bearing on that analysis. Indeed, the information that this Court ordered *Havlish* counsel to produce—specifically, proof of reasonable time and expenses allegedly incurred to obtain a default judgment— and that *Havlish* counsel have steadfastly refused to produce, should be the only discovery relevant to the common benefit fee inquiry. *Havlish* counsel's motion has no grounding in the common benefit fee doctrine and should be denied outright.

**2. *Havlish* counsel's application is procedurally flawed.**

*Havlish* counsel's motion should be denied also because it violates this Court's Local and Individual Practice Rules. Although *Havlish* counsel have cited no legal authority to support their discovery application, to the extent that the motion is one for discovery, it must comply with Local Rules 37.2 and 33.3, as well as this Court's Individual Practice Rule II.C. (Jan. 31, 2020).

Both Local Rule 37.2 and Individual Practice Rule II.C require more procedurally of *Havlish* counsel than what was done here.  Local Rule 37.2 prohibits the motion "unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference."  Individual Practice Rule II.C. requires that moving parties conduct a meet-and-confer before filing a discovery motion and that the motion include evidence of that meet-and-confer.  Individual Practice Rule II.C. also underscores that the moving party must comply with Local Rule 37.2 and limits the letter-motion to explaining the nature of the dispute and requesting an informal conference.  *Havlish* counsel have not complied with any of these requirements.

*Havlish* counsel's proposed interrogatories also contravene Local Rule 33.3.  That rule restricts use of interrogatories to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Although *Havlish* counsel label one set of proposed discovery "interrogatories" and the other set "discovery requests" (ECF No. 6217 at 3-4), they both appear to be in the form of interrogatories.  And all of the discovery requests go beyond what Local Rule 33.3 permits.

*Havlish* counsel's motion for discovery must be denied because it violates each of these rules.  First, *Havlish* counsel's request contravenes Local Rule 37.2 by going well beyond an explanation of the nature of the dispute and a request for an informal conference.  Second, the only even tangentially-related meet-and-confer was at the PEC's insistence, to discuss the PEC's request for *Havlish* counsel's time and expense proofs as this Court ordered (ECF No. 5180 at 13).  And that meet-and-confer happened more than half a year ago, in November 2019.  Any suggestion that *Havlish* counsel sought to meet and confer about its current discovery application is inaccurate.  The PEC first became aware of the discovery requests when

the *Havlish* counsel filed their motion for leave.  Third, the proposed use of interrogatories is beyond what the Local Rules permit.

### 3. *Havlish* counsel's request for discovery from plaintiffs' counsel is improper.

*Havlish* counsel's motion seeks leave to serve discovery not upon other parties to this litigation, but upon *counsel* for other plaintiffs.  (ECF No. 6217 at 1-2, requesting leave to serve discovery on "*counsel*" for plaintiffs with judgments against Iran and on the Plaintiffs Executive Committee for Wrongful Death and Personal Injury Claims, who are all counsel representing plaintiffs).  Both Rule 33 of the Federal Rules of Civil Procedure (governing interrogatories) and Rule 34 (governing document requests) permit such discovery only against "*any other party*."  Plaintiffs' counsel are not parties to this litigation and thus *Havlish* counsel's proposed discovery is also improper under the Federal Rules of Civil Procedure.  *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("He did not, and could not under Rule 33, address such interrogatories to . . . counsel…."). This is an additional and independent ground for denying the motion.[1]

### 4. *Havlish* counsel should not be permitted to seek discovery from the PEC while contumaciously refusing to comply with their obligation to produce information identified as essential for the Court's determination.

Not only are *Havlish* counsel not entitled to the discovery from the PEC, but they have simultaneously refused to produce to the PEC the very discovery the Court ordered as necessary for the Court *and the PEC* to review in connection with the motion for common benefit fees.

In its order, the Court found that *Havlish* counsel had "not provide[d] adequate documentation for the time and expense" they had allegedly incurred, and had not afforded the PEC "an opportunity to review that documentation." ECF No. 5180 at 3.  To address that concern, the Court ordered *Havlish* counsel to meet-and-confer with the PEC to discuss "the kinds of documents that constitute reasonable proof of the <u>*Havlish* Plaintiffs'</u> time and expenses" (*id.* at 13 (emphasis added)).  *Havlish* counsel, not the

---

[1] Moreover, information *Havlish* counsel seek is publicly available. Reasonable estimates of USVSST Fund payments can be calculated using judgments from the public docket and pro rata payment percentages the Fund's Special Master announced.

4

PEC, carry the burden to support their (unwarranted) claim for attorneys' fees with facts showing what amount of work they performed; that such work was reasonably necessary to obtain a judgment against a defaulting defendant; what reasonable compensation would be proper for the work performed; and that they have not already been reasonably compensated.

Notwithstanding multiple requests from the PEC, *Havlish* counsel have steadfastly refused to provide the PEC with any proof of their time and expenses, continuing to prevent any opportunity for the PEC's review of that documentation, in contravention of this Court's order. *Id.* at 3. Though *Havlish* counsel have indicated that they anticipate eventually providing the Court with information, they have declined to provide that information to the PEC. Accordingly, the PEC still has "not had an opportunity to review that documentation."[2]

The Court should deny *Havlish* counsel's request for discovery from the PEC firms. If any order compelling discovery is warranted, it should be directed at *Havlish* counsel to comply with the Court's prior order by producing documentation constituting proof of their time and expenses, allowing the PEC and the Court an opportunity to weigh whether the extraordinary recovery that *Havlish* counsel seeks could possibly be warranted by the work that was reasonable and necessary to obtain a default judgment against a defendant that has never appeared.

## CONCLUSION

In light of the multiple procedural and substantive flaws with the motion, the Court should either dismiss the motion as procedurally improper or deny the motion outright.

Dated: May 28, 2020

---

[2] The PEC has also requested, and *Havlish* counsel have declined to produce, evidence essential to determining whether they have already been "reasonably compensated" for their work. *See* ECF No. 5361 at 5-6. To the extent that *Havlish* counsel may not have obtained actual monetary recoveries for its clients from the USVSST Fund, that is a function of strategic decisions they made to pursue judgment creditor claims in related cases (*see, e.g.*, 34 U.S.C. § 20144(e)(2)(B)(iii), providing that certain plaintiffs who elect to proceed as creditors in other cases will not obtain USVSST Fund awards if their judgments are satisfied elsewhere).

MOTLEY RICE LLC

By: /s/ *Robert T. Haefele*
    JODI WESTBROOK FLOWERS
    DONALD A. MIGLIORI
    ROBERT T. HAEFELE
    MOTLEY RICE LLC
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465
    Tel.: (843) 216-9184
    Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Wrongful Death And Personal Injury Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ *Andrew Maloney*
    JAMES P. KREINDLER
    ANDREW J. MALONEY
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committee for Wrongful Death And Personal Injury Plaintiffs*

ANDERSON KILL P.C.

By: /s/ *Jerry S. Goldman*
    JERRY S. GOLDMAN
    ANDERSON KILL P.C.
    1251 Avenue if the Americas
    New York, New York 10020
    Tel.: 212-278-1000
    Email: jgoldman@andersonkill.com

*For the Plaintiffs' Exec. Committee for Wrongful Death And Personal Injury Plaintiffs*