UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

Civil Action No.
03 MDL 1570 (GBD) (SN)

-------------------------------------------------------

**This Document Relates To:**
*Havlish, et al. v. bin Laden, et al.*, Case No. 03-CV-09848
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977
*Burnett, Sr., et al., v. Islamic Republic of Iran*, Case No. 15-CV-9903
*Burlingame, et al. v. bin Laden, et al.*, Case No. 02-CV-07230
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-07236
*O'Neill, Sr., et al. v. Republic of Iraq, et al.*, Case No. 04-CV-1076
*Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03-CV-06978
----
*All other cases against the Islamic Republic of Iran*

### THE *FEDERAL* PLAINTIFFS' OPPOSITION TO THE *HAVLISH* PLAINTIFFS' MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY

Currently pending before the Court are several motions incorporating proposals and counter-proposals submitted by the *Federal* plaintiffs, the *Havlish* plaintiffs, and the Plaintiffs' Executive Committee for Wrongful Death and Personal Injury Plaintiffs, relative to the Court's September 30, 2019 Opinion and Order granting, in part, the *Havlish* plaintiffs' request that the Court create a common benefit fund and authorize disbursements therefrom. *See* ECF Nos. 5359, 5361, 5499. In view of these pending motions and proposals and requests for reconsideration of the Court's September 30, 2019 Opinion and Order, the *Federal* plaintiffs submit that the *Havlish* plaintiffs' motion to take limited discovery is both improper and counterproductive.

The *Federal* plaintiffs previously submitted a memorandum to the Court outlining an appropriate procedure for the establishment and allocation of a common benefit fund that would operate to compensate committee members for their relative investments in the multi-district litigation as a whole. The proposal contemplated appointment of a special master to oversee the

orderly collection of information, based on criteria established by the Court.  The discovery sought by the *Havlish* plaintiffs is unwarranted in light of that and other proposals pending before the Court.  Further, the discovery sought by the *Havlish* plaintiffs does not aim to collect the information that would be relevant to establishing a common benefit fund under governing standards, and thus will not advance the resolution of the disputes between the parties regarding the operation of the common benefit fund.

In addition, the single interrogatory directed to the *Federal* plaintiffs seeks information that is set forth in the *Federal* plaintiffs' judgment against the Islamic Republic of Iran, which is a public record in this litigation.[1]  *See* ECF No. 3233.  The *Federal* plaintiffs are not eligible for the United States Victims of State Sponsored Terrorism Fund ("USVSST") and therefore do not possess any information responsive to the subparts of Interrogatory No. 1 that pertain to the USVSST.  *Havlish* counsel are specifically aware of these facts based on the public docket in this MDL, and service of discovery on the *Federal* plaintiffs is therefore manifestly improper.

For the reasons set forth herein, the *Federal* plaintiffs respectfully request that the Court deny the *Havlish* Plaintiffs' Motion for Leave to Take Limited Discovery.  The *Federal* plaintiffs further request that the Court endorse a framework for the operation of the common benefit that is consistent with the governing law and equitable considerations, as set forth in the *Federal* plaintiffs' proposal.  *See* ECF No. 5359.

---

[1] The *Federal* plaintiffs understand the proposed discovery attached as Exhibit B to the *Havlish* plaintiffs' Motion for Leave to Take Limited Discovery is directed only to the Plaintiffs' Executive Committee for Wrongful Death and Personal Injury Claims, and not to the *Federal* plaintiffs.  The *Havlish* plaintiffs have labeled the proposed discovery as directed to the Plaintiffs' Executive Committee for Wrongful Death and Personal Injury Claimants and refer in the proposed discovery to a Motion for Reconsideration filed by the Plaintiffs' Executive Committee for Wrongful Death and Personal Injury Claimants.  *See* ECF Nos. 6216, 6216-2.  Although the proposed discovery defines "you" to include the *Federal* plaintiffs, this definition is in conflict with the title and content of the document and appears to be a drafting error.  To the extent that this understanding is incorrect, the *Federal* plaintiffs object to the proposed discovery set forth at Exhibit B as procedurally improper and beyond the scope of discovery authorized by the Federal Rules.

| | |
|---|---|
| Dated:  May 28, 2020 | Respectfully submitted,<br><br>COZEN O'CONNOR<br><br>By: /s/  Sean P. Carter<br>Sean P. Carter, Esq.<br>Stephen A. Cozen, Esq.<br>J. Scott Tarbutton, Esq.<br>1650 Market Street<br>Suite 2800<br>Philadelphia, PA 19103<br>Tel: 215-665-2105<br><br>*Attorneys for the Federal Insurance Plaintiffs* |

LEGAL\46614453\1