**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB**
Advocates & Litigators

THE KRESS BUILDING · 301–19TH STREET NORTH · BIRMINGHAM, ALABAMA 35203
205–314–0500 MAIN · 205–254–1500 FAX · www.wigginschilds.com

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
RACHEL LEE McGINLEY
JOSHUA R. GALE*
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
EVAN D. PANTAZIS
CHRISTINA MALMAT
LIESELOTTE CARMEN–BURKS
KAMERON M. BUCKNER

ERIC C. SHEFFER
STAFF ATTORNEY

SANDRA DUCA
TIMOTHY B. FLEMING*
TERRILL W. SANDERS
OF COUNSEL
*Not Licensed in Alabama

ROBERT F. CHILDS, JR.
(1947–2018)

June 4, 2020

The Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

The Honorable Sarah Netburn
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007-1312

Re:  In re: Terrorist Attacks on September 11, 2001, 03-md-01570 (GBD)(SN)
Havlish, et al. v. bin Laden, et al., 1:03-cv-9848 (GBD)(FM)
Hoglan, et al. v. Iran, et al., 1:11-cv-07550 (GBD)(SN)

Dear Judge Daniels and Magistrate Judge Netburn:

This letter is filed as the Havlish Plaintiffs' Reply regarding the pending discovery motion at MDL Doc. No. 6216, as set forth below.

By Order dated September 30, 2019 (MDL Docket Doc. No. 5180), Judge Netburn granted the *Havlish* Plaintiffs' motion to create a common benefit fund to compensate *Havlish* counsel for the development of work product which led to the "Original Default Judgment" against the Islamic Republic of Iran and was then used by other Plaintiffs in this MDL to obtain their own judgments. In other words, the common benefit fund would compensate *Havlish* counsel for the "work performed for the common benefit of all plaintiffs and their counsel." At the same time, Judge Netburn denied the request for a 12% set-aside without prejudice because *Havlish* counsel had not provided documentation of their time and expenses necessary to the Court's determination of the appropriate size of the common benefit fee. Judge Netburn also stated that "the Court will not set a common benefit fee without knowing the amount that Respondents have actually recovered," and concluded her Order as follows:

> The parties are directed to meet-and-confer regarding: (1) the need, if any, for limited discovery, see Mass-Tort MDLs, at 83; (2) the kinds of documents that constitute reasonable proof of the *Havlish* Plaintiffs' time and expenses, but would not impose an undue burden to produce and review, and (3) the propriety of reserving decision on the size of the common benefit fee until Respondents are notified of the amounts they will recover through the VSSTF's third-round of payments.

WASHINGTON, D.C.
DELAND, FL

The Honorable George B. Daniels  
The Honorable Sarah Netburn                                                June 4, 2020  
U.S. DISTRICT COURT, SDNY                                                     Page 2

      The parties met and conferred on November 5, 2019 at the offices of Kreindler & Kreindler in New York City. Unfortunately, the meeting was unproductive and did not resolve any of the issues identified in Judge Netburn's order. The other members of the PEC then filed a motion for reconsideration that is currently pending.

      *Havlish* counsel intend to make a final submission to the Court setting out all the information required for a fee determination, including the *Havlish* time and expense report and the amounts recovered by the Respondents. In order to obtain some of that information, the *Havlish* Plaintiffs filed a Motion to Serve Limited Discovery on the PEC and on Holders of Judgments Against the Islamic Republic of Iran on May 15, 2020. (MDL Docket Doc. No. 6216.) On May 28, 2020, the PEC and counsel in the *Federal Insurance Company* action, filed separate responses to the Motion. (MDL Docket Doc Nos. 6246 and 6247.) The other members of the PEC correctly point out that we failed to request an informal conference pursuant to Judge Netburn's Individual Practices in Civil Case II(C), before filing the Motion.

      In an effort to resolve our procedural misstep and move this matter toward resolution, we are requesting that the Motion to Serve Limited Discovery on the PEC and on Holders of Judgments Against the Islamic Republic of Iran be held in abeyance and that an informal conference be scheduled with Magistrate Judge Netburn as soon as practicable to address the three items that will allow the Court to set the size of the common benefit fee.

      We have informed the other members of the PEC of our intention to ask the Court to schedule an informal conference and to hold the discovery motion in abeyance pending such a conference. They did not agree, and they requested we inform the Court that they anticipate submitting a response explaining why they believe the above request is not appropriate at this time.

      Sincerely,

*[signature]*

Dennis G. Pantazis  
Timothy B. Fleming

Richard Hailey of RAMEY & HAILEY

For *Havlish/Hoglan*

cc: All Counsel of Record via ECF