# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE
# FOR PERSONAL INJURY AND DEATH CLAIMS

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| | |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br><br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br><br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC |

**VIA ECF**

June 8, 2020

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      The Plaintiffs' Executive Committee for Personal Injury and Death Claims ("PEC") write in response to *Havlish* counsel's June 4, 2020 reply letter (ECF No. 6261) regarding their pending motion to serve interrogatories on the PEC and its constituent members (ECF No. 6216). The PEC opposed that discovery motion on May 28, 2020 (ECF No. 6246). Although couched as a reply to the PEC's opposition (and thus completing their briefing on the motion), *Havlish* counsel's letter is a belated, after-the-fact request for a "pre-motion conference" after the motion was filed and briefed. As indicated in *Havlish* counsel's reply, the PEC is writing now to explain why *Havlish* counsel's new request should be denied and the Court should address (and deny) their discovery motion.

      The procedures required by the rules—both the meet-and-confer and the pre-motion conference—would have been valuable *before Havlish* counsel's discovery motion was filed, but the request for a conference *after the motion is fully briefed* misses the entire point of the requirements. The purpose of a meet-and-confer (necessary even for the pre-motion conference request) and the pre-motion conference is to narrow and resolve conflicts between the parties, prevent the filing of unnecessary papers, *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987), and to allow the parties to air concerns about whether the proposed motion might be "ill-advised, ill-timed or unnecessary." *Youssef v. Halcrow, Inc.*, 2011 WL 2693527 at *1 (S.D.N.Y. June 30, 2011).

      *Havlish* counsel's adherence to the pre-filing requirements would have allowed the PEC to address concerns about the merits, necessity, and timing of the motion. For example, before briefing, the PEC could have expressed concern that interrogatories directed to parties' counsel and demanding unnecessary discovery while refusing to produce court-required information counseled against filing a motion. That would have avoided time-consuming briefing and obviated the need for the Court's attention. Similarly, before briefing, the PEC could have expressed concerns about the efficiency of allocating more Court resources to issues specific to only *Havlish* counsel at the expense of myriad other case management challenges facing the Court with far broader application to the MDL. Again,

The Honorable Sarah Netburn, U.S.M.J.
June 8, 2020
Page 2

those concerns—addressed before briefing—may have counseled against the timing or the necessity of a motion.[1]

The purpose of those procedural requirements, however, was frustrated when *Havlish* counsel fully briefed their request to serve interrogatories on PEC counsel before requesting a conference. At this point, with the briefing complete and the parties' positions fully developed, the most efficient approach for addressing the motion is to decide it (and deny it) based on the filed briefs. A post-briefing conference would serve little more than holding an oral argument. In fact, we suspect that the likely motivation behind the current request is simply to argue the motion.

Before closing, we note that *Havlish* counsel's reply brief continues to underscore their reluctance—even refusal—to comply with the Court's order concerning discovery (ECF No. 5180). First, the "final submission" setting out their time and expense reports is long overdue. Second, the text of the letter and *Havlish* counsel's words to the PEC stress that they have never intended to comply with the Court's order to produce for the PEC's inspection proofs of their time and expenses. *Compare* ECF No. 5180 at 3 (ordering *Havlish* counsel to produce "adequate documentation for the time and expense incurred" and affording the PEC "an opportunity to review that documentation") *and* 13 (ordering *Havlish* counsel to confer about "the kinds of documents that constitute reasonable proof of [their] time and expenses") *with* ECF No. 6261 at 2 ("*Havlish* counsel intend to make a final submission to the Court. . . .").

In conclusion, the most efficient path for addressing *Havlish* counsel's motion for leave to serve interrogatories on the PEC is for the Court to deny the motion on the existing briefing. However, if the Court believes a conference would help conserve judicial resources, the PEC would obviously be pleased to assist the Court.

Respectfully submitted,

| MOTLEY RICE LLC | KREINDLER & KREINDLER LLP |
|---|---|
| By: /s/ *Robert T. Haefele* <br> ROBERT T. HAEFELE <br> MOTLEY RICE LLC <br> 28 Bridgeside Boulevard <br> Mount Pleasant, SC 29465 <br> Tel.: (843) 216-9184 <br> Email: rhaefele@motleyrice.com | By: /s/ *Andrew J. Maloney* <br> ANDREW J. MALONEY <br> KREINDLER & KREINDLER LLP <br> 750 Third Avenue <br> New York, New York 10017 <br> Tel.: 212-687-8181 <br> Email: amaloney@kreindler.com |
| *Co-Liaison Counsel for the Plaintiffs' Exec. Committee for Personal Injury and Death Claims* | *Co-Liaison Counsel For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims* |

cc:   The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF

---

[1] The PEC recognizes that, while the Court is mindful of the pendency of the reconsideration motion on the question of the appropriateness of a common benefit fund, *see, e.g.*, Transcript of Apr. 17, 2020 Telephone Conference at 9-11, the Court is also addressing a multitude of other issues, unrelated to *Havlish* counsel, essential to advancing the MDL for all parties. *Havlish* counsel's insistence that the Court and the PECs allocate additional attention and resources to interests pertaining to only *Havlish* counsel exhibits an apparent lack of awareness of these other case management challenges already facing the Court.