**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
1211 Connecticut Avenue, N.W., Suite 420· WASHINGTON, D.C.  20036
Direct Dial: 202−467−4489 · Fax: 205−314−0805
Email:TFleming@wigginschilds.com · Web:www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

June 11, 2020

<u>*Via ECF and Federal Express*</u>
Honorable George B. Daniels
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

> **Re:**   *In Re Terrorist Attacks on September 11, 2001*, **1:03-md-01570 (GBD)(SN)**
> *Ryan, et al. v. Islamic Republic of Iran, et al.,* **1:20-cv-00266 (GBD)(SN)**
> <u>REQUEST TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE</u>

Dear Judge Daniels:

    Plaintiffs Estate of John Ryan and Estate of Daniel Maher (herein "Plaintiffs Estates of Ryan and Maher") in the above-referenced case within the above-referenced MDL, by and through the undersigned counsel, hereby request this Honorable Court for permission to proceed directly to diplomatic service upon the Islamic Republic of Iran only, pursuant to 28 U.S.C. §1608(a)(4).  As grounds therefore, Plaintiffs Estates of Ryan and Maher cite Iran's certain refusal to accept service of the forthcoming partial final judgment in this case via direct mail under 28 U.S.C. §1608(a)(3).

    Service of the judgment through diplomatic channels is sufficient for providing Iran notice of the final judgments in favor of Plaintiffs Estates of Ryan and Maher for the purposes of the United States Victims of State Sponsored Terrorism Fund ("USVSSTF"): "In the case of a default judgment entered against a foreign state, the claimant must submit documentation showing either transmittal to the U.S. Department of State or other verified proof of service under 28 U.S.C. §§1608(a) and (e)."  *See*  FAQ 2.3 at http://www.usvsst.com/faq.php (last visited March June 11, 2020).

    Because the consistent experience of counsel for Plaintiffs Estates of Ryan and Maher – and all plaintiffs who have sued Iran for state-sponsored terrorism – is that Iran will not ever accept service of any kind in these cases, Plaintiffs Estates of Ryan and Maher do not anticipate being able to complete "verified proof of service" by a direct mailing requiring a signature.[1]  Thus, the

---

[1] Counsel for the Plaintiffs Estates of Ryan and Maher, who also represent the *Havlish* Plaintiffs in the related MDL case of *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM) and the *Hoglan* Plaintiffs in the related MDL case of *Hoglan, supra*, have four times in the past seven years attempted to serve Iran by mail pursuant to the FSIA.  All four times these mailings were rejected by the Ministry of Foreign Affairs in Tehran.  *See Havlish* Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. §1610(c), Exhibits C, D, and E, *Havlish* Doc. No. 389, MDL. Doc. No. 2737; Memorandum of Law in Support of Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. §1610(c), *Havlish* Doc. No. 390, MDL Doc. No. 2738; Order Granting Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. §1610(c), *Havlish* Doc. No. 393, MDL Doc. No. 2778; *Hoglan* Motion and Memorandum Of

submission to the USVSSTF showing "transmittal to the U.S. Department of State" for diplomatic service is the sole purpose for which Plaintiffs Estates of Ryan and Maher seek the leave of this Court in this motion. The Clerk of the Court generally requires such an order from the Court in order to make the transmittal to the State Department without first a direct mailing.

After this diplomatic service step is taken through the State Department, Plaintiffs Estates of Ryan and Maher will serve the Final Judgment by a direct mailing requiring a signature in order to follow precisely the service provisions of the FSIA for all the judgment Defendants. 28 U.S.C. §1608(a), (e). After such direct mailing is refused, as doubtless it will be, Plaintiffs Estates of Ryan and Maher will, a second time, serve the nation-state, along with any other judgment Defendants, via diplomatic process. In this manner, Plaintiffs Estates of Ryan and Maher, at additional cost to themselves, will have satisfied both the USVSSTF's guidance in the near term and the multi-step service provisions of the FSIA for all other purposes.

Plaintiffs in the related cases of *Hoglan, et al. v. Iran, et al.,* 1:11-cv-07550 (GBD)(SN), and *Ray, et al. v. Iran, et al.*, 1:19-cv-00012 (GBD)(SN), followed exactly this process, with this Court's permission. After requesting and receiving the Court's permission to proceed directly to diplomatic service of the judgment on the nation-state only, *Hoglan* Doc. Nos. 174, 175, and 179, MDL Doc. Nos. 3376, 3377, and 3385, and having done so in order to satisfy the USVSSTF, the *Hoglan* Plaintiffs then re-served Iran, along with all judgment Defendants, via a direct mailing, and then served Iran a second time, along with the others, through the diplomatic channel. *Hoglan* Doc. Nos. 321, 322, 322-1, 322-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), 322-3, 322-4, 322-5; MDL Doc. Nos. 6021, 6022, 6022-1, 6022-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), 6022-3, 6022-4, and 6022-5. The same process is also being followed in *Ray, et al. v. Islamic Republic of Iran, et al.*, 1:19-cv-00012 (GBD)(SN). *See Ray* Doc. Nos. 222, 223, and MDL Doc. No. 6041.

Upon the above grounds, Plaintiffs Estates of Ryan and Maher respectfully request this Honorable Court for permission to proceed directly to diplomatic service upon the judgment Defendant Islamic Republic of Iran, only, of the final judgment documents entered in this case, to be followed subsequently by direct mailing and diplomatic service as provided in the FSIA.

---

Law In Support Of Motion For Entry of Default Judgment By The Court, and Exhibits D and E thereto, *Hoglan* Doc. Nos. 91, 91-4, 91-5, and 92; *Hoglan* Motion and Memorandum of Law in Support of Motion to Enforce Judgment Pursuant to 28 U.S.C. Section 1610(c), and Exhibits A and B thereto, *Hoglan* Doc. Nos. 320 and 321, 322-1, 322-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), and 322-3, MDL Doc. Nos. 6021, 6022, 6022-1, 6022-2, part 2 of 2 at pp. 51-58 (*Hoglan* Doc. No. 258), 6022-3.

Hon. George B. Daniels                                                       June 11, 2020
UNITED STATES DISTRICT JUDGE                                                 *Page 3 of 3*

                                                      Respectfully,

                                                      */s/ Timothy B. Fleming*

                                                      Timothy B. Fleming
                                                      Dennis G. Pantazis
                                                      *Counsel for Plaintiffs Estates of Ryan*
                                                      *and Maher*

cc: All Counsel of Record via ECF


Dated: _____          **SO ORDERED:**


                                            _____
                                            George B. Daniels
                                            United States District Judge