WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

April 15, 2020

VIA E-MAIL

| | |
|---|---|
| Sean P. Carter | Robert T. Haefele |
| COZEN O'CONNER | MOTLEY RICE |
| 1650 Market Street | 28 Bridgeside Boulevard |
| Suite 2800 | Mt. Pleasant, South Carolina 29464 |
| Philadelphia, Pennsylvania 19103 | rhaefele@motleyrice.com |
| scarter1@cozen.com | |

Andrew J. Maloney
KREINDLER & KREINDLER
750 Third Avenue
32nd Floor
New York, New York 10017
amaloney@kriendler.com

*In re Terrorist Attacks on September 11, 2001*
**Case No. 1:03-MDL-1570-GBD-SN (S.D.N.Y.)**

Dear Counsel:

This letter responds to your April 7, 2020 letter, in which you make a proposal for possible coordination of these multidistrict proceedings as to Sudan. Your April 7 letter follows our telephone conference with Plaintiffs' Executive Committees two months ago on February 12 and your letter to the Court dated February 14, 2020, which was so-ordered by the Court on that same date. *See* Dkt. No. 5945.

In your April 7 letter, you propose that the Plaintiffs will consent to grant Sudan relief from the defaults previously entered against it in the *Ashton*, *Burnett*, and *Federal Insurance* cases, provided that Sudan consents to the filing of a new Consolidated Amended Complaint against Sudan in the *Ashton*, *Burnett*, *Federal Insurance*, *Continental Casualty*, and *O'Neill* actions.

Sudan does not consent to the filing of a Consolidated Amended Complaint as proposed in your April 7 letter, and instead makes a counter-proposal below that should achieve the same judicial and party efficiencies.

WHITE & CASE

Plaintiffs' Executive Committees
April 15, 2020

**Sudan's Response to Plaintiffs' Proposal**

Sudan does not consent to Plaintiffs' April 7 proposal for the following reasons:

First, we were surprised to receive Plaintiffs' proposal for a consolidated amended complaint. On our February 12 call, we stated our willingness to consider a proposal by Plaintiffs for consolidated proceedings, but we expressly stated that we would not consent to the filing of any consolidated amended complaints. In any event, your April 7 letter does not provide Sudan with a copy of the proposed consolidated amended complaint or any details as to what amendments Plaintiffs seek to make.

Second, each of the *Ashton*, *Burnett*, *Federal Insurance*, *Continental Casualty,* and *O'Neill* Plaintiffs already have filed at least one amended complaint in this multidistrict litigation. Indeed, most Plaintiffs have filed more than one amended complaint — and in one case (*Ashton*) as many as six amended complaints. Plaintiffs have had ample opportunity to amend their complaints against Sudan in the course of their many amended complaints over the years, and the present circumstances do not warrant further amendments to Plaintiffs' amended complaints.

Finally, a Consolidated Amended Complaint is not necessary to achieve judicial and party efficiencies and to move these cases forward on a consolidated basis. The allegations regarding Sudan in the operative complaints are either verbatim or sufficiently similar to each other, such that Sudan can respond to these allegations effectively and efficiently in a single, consolidated motion and briefing schedule.

**Sudan's Counter-Proposal**

In response to Plaintiffs' proposal, Sudan makes the following counter-proposal:

Provided that the *Ashton*, *Burnett*, and *Federal Insurance* Plaintiffs consent to vacating the defaults previously entered against Sudan, Sudan agrees to file a single consolidated motion to dismiss the *Ashton*, *Burnett*, *Federal Insurance*, *Continental Casualty*, and *NYMAGIC* complaints. (*NYMAGIC* was not included in Plaintiffs' proposal, yet the docket suggests that service was attempted on Sudan in this action.) Sudan's consolidated motion to dismiss could incorporate by reference Sudan's already-filed motion to dismiss in the *O'Neill* actions. *See* Dkt. Nos. 5824 & 5825. Plaintiffs (including the *O'Neill* Plaintiffs) would then file a single consolidated opposition brief in response to Sudan's consolidated motion to dismiss, and Sudan would file a single consolidated reply brief. Sudan also is amenable to a reasonable briefing schedule and a reasonable enlargement of the page limitations for these consolidated briefs.

As stated above, the allegations regarding Sudan across the operative complaints are nearly identical, so Sudan can meaningfully respond to these allegations effectively and efficiently in a single, consolidated motion (incorporating Sudan's already-filed motion) and harmonized briefing schedule. Of course, as needed, the parties would be free to address any factual allegations or circumstances unique to a particular case in their consolidated briefs.

**WHITE & CASE**

Plaintiffs' Executive Committees
April 15, 2020

Sudan also sees no reason to burden the Court and waste party resources with litigation over Plaintiffs' long-abandoned entries of default in the *Ashton*, *Burnett*, and *Federal Insurance* actions.  Your letter asserts but fails to articulate any prejudice to Plaintiffs resulting from Sudan's non-appearance in the early- to mid-2000s.  Had Plaintiffs actually suffered prejudice they would have — and could have — taken steps to pursue their cases over the last fifteen-plus years.

In any event, Sudan has now appeared and is fully committed to vigorously contesting jurisdiction and defending itself in these proceedings.  And courts routinely vacate entries of default against foreign sovereigns that subsequently appear to defend themselves before default judgments have been entered, as is the case here.  *See, e.g.*, *Agbor v. Presidency of the Republic of Eq. Guinea*, No. 18-cv-8611 (PAE)(RWL), 2019 U.S. Dist. LEXIS 108862 (S.D.N.Y. June 27, 2019), *report and recommendation adopted in relevant part*, No. 18-cv-8611 (PAE), 2019 U.S. Dist. LEXIS 129502, at *7 (S.D.N.Y. Aug. 1, 2019) (denying motions for default judgments and vacating defaults entered against foreign sovereign defendants).  Indeed, the Second Circuit has made clear that default judgments against foreign sovereigns are "disfavored."  *See First Fidelity Bank, N.A. v. Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989) ("Courts go to great lengths to avoid default judgments against foreign sovereigns or to permit those judgments to be set aside." (citing Restatement (Third) of Foreign Relations § 459 comment c & Reporters' Note 1)); *Nationsbank of Florida v. Banco Exterior de Espana*, 867 F. Supp. 167, 174 (S.D.N.Y. 1994) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir.1994)) (declining to make an entry of default or enter a default judgment against Spanish instrumentality).

We are available to discuss Sudan's counter-proposal with you at your convenience.

Kind regards,

Christopher M. Curran
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte

*Counsel for the Republic of the Sudan,
and all of its constituent parts*