**WHITE & CASE**

June 18, 2020

VIA E-MAIL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

| | |
|---|---|
| Sean P. Carter | Robert T. Haefele |
| COZEN O'CONNER | MOTLEY RICE |
| 1650 Market Street | 28 Bridgeside Boulevard |
| Suite 2800 | Mt. Pleasant, South Carolina 29464 |
| Philadelphia, Pennsylvania 19103 | rhaefele@motleyrice.com |
| scarter1@cozen.com | |

*In re Terrorist Attacks on September 11, 2001*
**Case No. 1:03-MDL-1570-GBD-SN (S.D.N.Y.)**

Dear Counsel:

This letter responds to your June 16, 2020 letter, in which you effectively repeat Plaintiffs' April 7, 2020 proposal to file a so-called consolidated amended complaint, except now that proposal inexplicably does not apply to the *Ashton* and *NYMAGIC* actions. In other words, your June 16 letter does not actually propose a single, common complaint applicable to all actions against Sudan for which there appears to be an attempt of service on the docket.

As we stated during our February 12 call and in our April 15 letter, Sudan does not consent to the filing of any consolidated amended complaint, let alone multiple amended complaints. Indeed, Sudan intends to vigorously oppose any attempt by Plaintiffs to cure now — through belated further amendments — their failure to timely amend their complaints against Sudan under applicable law. Your June 16 letter fails to specify how Sudan's opposition to any further amendment of Plaintiffs' complaints conflicts with "the governing legal standards and case management orders for this MDL," so Sudan is unable to meaningfully respond to that assertion.

Plaintiffs' assertions of prejudice and the need now to amend their complaints ring hollow. The *Burnett* and *Federal Insurance* Plaintiffs have taken no steps to pursue the defaults entered on March 15, 2012 and September 9, 2005, respectively. The *Continental Casualty* Plaintiffs have not taken *any* steps to pursue their case against Sudan since they purported to serve Sudan on May 12, 2005. And less than two years ago the *O'Neill* Plaintiffs filed — without leave — a "Supplemental Class Action Complaint" purporting to "supplement, but not supplant or supersede" their 2005 Amended Complaint "solely in order to add new causes of action." Suppl. Class Action Compl. ¶ 1 (emphasis added), No. 18-cv-12114, ECF No. 1. Sudan already has filed a motion to dismiss in the *O'Neill* actions addressing that complaint and its purported "new causes of action." *See* Dkt. Nos. 5824 & 5825.

**WHITE & CASE**

Plaintiffs' Executive Committees
June 18, 2020

In the interests of streamlining these proceedings and conserving judicial and party resources, Sudan remains amenable, if Plaintiffs are so inclined, to agree on a reasonable briefing schedule and enlargement of the page limitation for consolidated briefing on Sudan's motions to dismiss the *O'Neill, Ashton*, *Burnett*, *Federal Insurance*, *Continental Casualty*, and *NYMAGIC* complaints, to wit:  a single consolidated brief in support of Sudan's motions to dismiss those complaints (incorporating by reference Sudan's already-filed brief in support of its motion to dismiss the *O'Neill* actions); a single consolidated opposition brief by Plaintiffs (including the *O'Neill* Plaintiffs); and a single consolidated reply brief by Sudan.

Sudan expressly preserves, and does not waive, any and all rights, privileges, immunities, and defenses that may be available to it.

Sincerely,

Christopher M. Curran
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte

*Counsel for the Republic of the Sudan,
and all of its constituent parts*