# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

June 18, 2020

Nicole Erb, Esquire
White & Case, LLP
701 Thirteenth Street, N.W.
Washington, DC  20005-3807

*In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Nicole:

We write in response to your letter of earlier this morning, responding to our correspondence of June 16, 2020.

Initially, we note that we were unaware that there were claims pending against Sudan in the NYMAGIC case.  As you know, we proactively reached out to you following Sudan's appearance in the *O'Neill* cases, to propose coordination of proceedings in the litigation.  As part of that effort, we identified for you the cases known to us in which claims were pending against Sudan.  We would have expected Sudan to have identified additional cases that were not identified in our due diligence, but were never apprised of the pending claims in NYMAGIC until your letter of today.  We have already reached out to counsel in that case this morning, to seek their joinder in the proposal we submitted to you on Tuesday.

With regard to *Ashton*, we anticipate that you will be hearing from counsel in that case separately, as we indicated in our letter.  While Ashton has not committed to join the proposed consolidated amended complaint, the proposal we have offered still allows for broad coordination of proceedings as to Sudan in the overwhelming majority of the cases in the MDL, and will greatly simplify and expedite proceedings in the litigation.

We have already summarized why Sudan's position with regard to amendment is both unreasonable and unsupportable under governing standards, and do not believe there is a need to belabor that issue here.  However, we should note that we found your reference in that context to the fact that plaintiffs did not pursue final default judgments puzzling.  As you surely know, any proceedings in furtherance of entry of liability default judgments would include the presentation

of evidence beyond the pleadings, including in the form of expert reports and government investigative documents.  The fact that any default judgment proceeding would have encompassed the presentation of such evidence only made it all the more unnecessary for plaintiffs in the individual actions to pursue amendments of their pleadings.  And plaintiffs had in fact engaged experts and collected evidence to support default judgment proceedings before Sudan appeared in *O'Neill*, including through subpoenas issued as recently as 2018, and thus had every expectation that they would have an opportunity to present them to the Court in support of the proceedings against Sudan.

Sudan's proposal that it be permitted to file motions to dismiss directed towards complaints filed in 2005 or earlier, despite Sudan's failure to appear for fifteen years and notwithstanding the fact that Certificates of Default have been entered against it in several of the cases, is manifestly improper and prejudicial to plaintiffs.  Indeed, it transparently seeks to reward Sudan for deliberately ignoring the claims against it for fifteen years, and to allow Sudan to circumvent developments in the law and evidentiary record that clearly indicate Sudan is not entitled to claim sovereign immunity with regard to the claims at issue in this case.

As part of its ongoing public relations efforts, Sudan has claimed that it intends to engage in good faith efforts to address claims arising from its past terrorist activities, in an attempt to persuade policymakers and the public to support its efforts to secure removal from the Designated State Sponsor of Terrorism list.  Its dealings with the 9/11 families and plaintiffs on this straightforward issue indicate otherwise.

As it is apparent that we reached an impasse, we intend to write to the Court today to submit our proposal for coordinated proceedings and to request that further proceedings in the *O'Neill* case be stayed until the litigation as to Sudan is placed on a coordinated track.

| | |
|---|---|
| COZEN O'CONNOR | MOTLEY RICE LLC |
| By: _/s/ Sean P. Carter_<br>Sean P. Carter<br>Cozen O'Connor<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA  19103<br>Tel: (215) 665-2105<br>E-mail: scarter1@cozen.com | By: _/s/ Robert T. Haefele_<br>Robert T. Haefele<br>Motley Rice LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC  29465<br>Tel:  (843) 216-9184<br>E-mail: rhaefele@motleyrice.com |
| *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* | *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* |