**WHITE & CASE**

June 21, 2020

VIA ECF

The Honorable George B. Daniels
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*
**Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.)**

Dear Judge Daniels:

The Republic of the Sudan writes in response to the June 18, 2020 letter (ECF No. 6285) from the Plaintiffs' Executive Committees proposing "consolidated and coordinated proceedings" as to Sudan in the *Burnett*, *Federal Insurance*, *O'Neill*, and *Continental Casualty* cases. Sudan also writes in response to the June 18, 2020 letter (ECF No. 6286) from the *Ashton* Plaintiffs indicating that they will move to amend their complaint "in the next few weeks" and that they "intend to proceed to a default hearing to obtain a judgment."

As an initial matter, Sudan reiterates its sympathies for the victims of the heinous attacks on September 11, 2001. But Sudan maintains that it was not responsible for those attacks. On August 21, 2019, a civilian-led transitional government was sworn in in Sudan and is now actively pursuing Sudan's reintegration into the international community and its bilateral engagement with the United States. Sudan welcomes the opportunity litigate these cases on the merits in an adversarial context to clear its name. To that end, notwithstanding Sudan's objections to Plaintiffs' proposals, Sudan makes a good-faith counterproposal herein for the Court's consideration.

Sudan objects to Plaintiffs' proposals because they are incomplete and do not accomplish what Plaintiffs claim they do: the efficient conduct of proceedings as to Sudan. Sudan further opposes any attempt by Plaintiffs to bring time-barred claims now under intervening legislative amendments to the Foreign Sovereign Immunities Act of 1976 ("FSIA"). Additionally, Sudan objects to PECs' request that the Court direct that counsel accept service of any amended complaint, which would not conform to the strict requirements of the FSIA, and to the *Ashton* Plaintiffs' request that they proceed to a default hearing, which is unsupported in law.

Instead, as set forth in more detail below, Sudan proposes that a reasonable briefing schedule be set for a consolidated motion to dismiss to be filed by Sudan in all actions pending against it in which service was attempted.

WHITE & CASE

The Honorable George B. Daniels
June 21, 2020

1. **Procedural Background**

The purported supplemental *O'Neill* complaint was filed in 2018 without leave of Court, and was served on Sudan under cover of diplomatic note dated December 4, 2019. On February 3, 2020, Sudan filed a timely motion to dismiss the *O'Neill* complaint. *See* ECF Nos. 5824 & 5825.

On February 7, 2020 — just four days after Sudan's motion to dismiss *O'Neill* — the PECs contacted counsel for Sudan to discuss coordinated proceedings for the other cases pending against Sudan. *See* ECF No. 6285-1. Plaintiffs' counsel affirmatively stated: "To the extent Sudan contemplates *any further action in the MDL* in this or any of the other MDL 1570 cases in which Sudan is named, the operative case management orders would require coordination. We would propose a call early next week to discuss." ECF No. 6285-2 (emphasis added).

Just five days later on February 12, Sudan's counsel and the PECs spoke by phone. On that call, the PECs "agreed to provide counsel for Sudan with a proposal on possible coordination of the proceedings" (ECF No. 5945), and Sudan stated its willingness to consider a proposal by Plaintiffs for consolidated proceedings, but expressly stated that Sudan would not consent to the filing of any consolidated amended complaints (*see* ECF No. 6285-6). Immediately following the call, Sudan agreed to defer the *O'Neill* Plaintiffs' opposition to Sudan's motion to dismiss (then due on February 18) while the parties discussed possible coordination of proceedings as to Sudan. *See* ECF No. 5945. The Court deferred the briefing schedule by 60 days so that the *O'Neill* Plaintiffs' opposition was due on April 20. *Id.*

Plaintiffs waited nearly two months, until April 7, before they made any proposal for coordinated proceedings. *See* ECF No. 6285-5. In that proposal, Plaintiffs proposed a consolidated amended complaint, to which Sudan had already stated on February 12 it would not consent.

On April 15, promptly after receiving Plaintiffs' proposal, Sudan objected to Plaintiffs' proposal for an amended complaint in part because Plaintiffs had already had ample opportunity to amend their complaints against Sudan over the years. Each of the *Ashton*, *Burnett*, *Federal Insurance*, *Continental Casualty*, and *O'Neill* Plaintiffs already have filed at least one amended complaint in this multidistrict litigation. Indeed, most Plaintiffs have filed more than one amended complaint — and in one case (*Ashton*) as many as six amended complaints. Sudan further objected because Plaintiffs did not include the *NYMAGIC* case in their proposal, and a consolidated amended complaint was not necessary to achieve consolidated proceedings and judicial and party efficiencies. *See* ECF No. 6285-6.

In its April 15 letter, Sudan made a counterproposal: Sudan would file a single consolidated motion to dismiss the *Ashton*, *Burnett*, *Federal Insurance*, *Continental Casualty*, and *NYMAGIC* complaints that would also incorporate by reference Sudan's already-filed motion to dismiss in *O'Neill*. *Id.* Plaintiffs would then file a single consolidated opposition brief and Sudan would file a single consolidated reply brief. *Id.*

Plaintiffs then requested, and Sudan did not oppose, that the Court grant two additional deferrals of further briefing in *O'Neill* on the basis that the parties were still engaged in discussions regarding coordinated proceedings. *See* ECF Nos. 6147 & 6226. Yet Plaintiffs did not provide

The Honorable George B. Daniels
June 21, 2020

any response to Sudan's April 15 counterproposal until two months later on June 16 — just *three days* before the *O'Neill* Plaintiffs' deadline to file an opposition to Sudan's motion to dismiss. *See* ECF No. 6285-7. Plaintiffs' June 16 proposal was effectively the same as Plaintiffs' April 7 proposal, in that it proposed again a consolidated amended complaint. But Plaintiffs' proposal did not include the *Ashton* or *NYMAGIC* Plaintiffs. *See* ECF No. 6285-8. Thus, despite months of extensions, Plaintiffs inexplicably still did not propose coordinated proceedings for the cases pending against Sudan in this MDL.

Moreover, the *Ashton* Plaintiffs did not respond to Sudan's April 15 counterproposal until June 18. *See* Exhibit 1 (June 18, 2020 Letter from *Ashton* Plaintiffs to Sudan). And then did so only after the *Burnett*, *Federal Insurance*, *O'Neill*, and *Continental Casualty* Plaintiffs had already filed their letter to the Court. In their one-page, perfunctory response, the *Ashton* Plaintiffs announced their intention to amend their complaint and seek a hearing on the entry of default, notwithstanding their prior willingness to vacate the entry of default, and then just a few hours later filed their letter to the Court.

**2.      Sudan Objects To Plaintiffs Further Amending Their Already Amended Complaints**

Consolidated or amended complaints are not necessary to achieve judicial and party efficiencies and to move these cases forward on a consolidated basis. The allegations regarding Sudan in the operative complaints are either verbatim or sufficiently similar to each other, such that Sudan can respond to these allegations effectively and efficiently in a single, consolidated motion and briefing schedule.

Plaintiffs' assertions of prejudice and the need now to amend their complaints ring hollow. Plaintiffs have had more-than-ample opportunity to amend their complaints against Sudan in the course of their many amended complaints over the years, and the present circumstances do not warrant further amendments to Plaintiffs' already amended complaints.

The *Federal Insurance*, *Ashton*, and *Burnett* Plaintiffs have taken no steps to pursue the defaults entered on September 9, 2005, December 22, 2011, and March 15, 2012, respectively. The *Continental Casualty* Plaintiffs have not taken *any* steps to pursue their case against Sudan since they purported to serve Sudan on May 12, 2005. And less than two years ago the *O'Neill* Plaintiffs filed — without leave — a "Supplemental Class Action Complaint" purporting to "supplement, but not supplant or supersede" their 2005 Amended Complaint "solely in order to add new causes of action." Suppl. Class Action Compl. ¶ 1 (emphasis added), No. 18-cv-12114, ECF No. 1; *see also* Sudan's Mem. in Support of Mot. to Dismiss at 2, ECF No. 5825. Sudan already has filed a motion to dismiss in the *O'Neill* actions addressing that complaint and its time-barred purported "new causes of action." *See* Dkt. Nos. 5824 & 5825.

Plaintiffs assert amended pleadings are "necessary and appropriate given intervening developments in the law." ECF No. 6285 at 3; *see also* ECF No. 6286 (asserting that "it is fair, just and necessary to amend the complaints against Sudan due to . . . new law"). Yet, for the reasons set forth in Sudan's motion to dismiss *O'Neill*, to the extent Plaintiffs seek to amend their complaints to bring their claims under 28 U.S.C. § 1605A, , such amendments would be time-

barred because Plaintiffs failed to timely bring their actions under § 1605A pursuant to the transition rules and deadlines expressly set forth in § 1083 of the National Defense Authorization Act for Fiscal Year 2008.  *See* ECF No. 5825 at 16-18.

2. **Sudan Objects To PECs' Request That The Court Direct That Counsel Accept Service Of Any Amended Complaint**

Plaintiffs request that the Court direct Sudan's counsel to accept service of a proposed consolidated amended complaint on behalf of Sudan.  See ECF No. 6285 at 5.  This method of service is invalid and cannot constitute proper service on Sudan.

The FSIA is the exclusive basis for jurisdiction over Sudan.  28 U.S.C. § 1602 *et seq*.  Section 1608 of the FSIA provides an exclusive and comprehensive regime for service of process on foreign states.  Subsection 1608(a) provides a hierarchical order of the methods by which "service . . . shall be made."  *See Republic of Sudan v. Harrison*, 139 S. Ct. 1048, 1054 (2019).  The exclusive rules of service set out in this subsection "demand[] adherence to strict requirements even when the equities of a particular case may seem to point in the opposite direction."  *Id.* at 1062.

As relevant here, Plaintiffs must serve Sudan "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned."  28 U.S.C. § 1608(a)(3).  If service cannot be made within 30 days, Plaintiffs must send the service package to the Secretary of State to the attention of the Director of Special Consular Services.  The Secretary must then "transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."  28 U.S.C. § 1608(a)(4).  Court-directed service on counsel cannot supplant these statutorily mandated methods for serving process on Sudan.

3. **Sudan Objects To The *Ashton* Plaintiffs' Request That They Proceed To A Default Hearing**

The Court should deny the *Ashton* Plaintiffs' request to schedule a default hearing.  *See* ECF 6286 at 2.  The *Ashton* Plaintiffs (like the *Burnett* and *Federal Insurance* Plaintiffs — the only other Plaintiffs that have obtained entries of default against Sudan) have requested that they be allowed to amend their complaint.  But an amended complaint supersedes the prior complaints and renders them without legal effect.  *See International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Thus, an amended complaint moots any entry of default.  *See, e.g.*, *Allstate Ins. Co. v. Yadgarov*, 2014 U.S. Dist. LEXIS 30068, at *20 (E.D.N.Y. Feb. 10, 2014) (concluding that "several courts have found that once the original complaint is superseded, a clerk's entry of default on that pleading is mooted"); *City of Almaty v. Sater*, 19-cv-2645, 2020 U.S. Dist. LEXIS 36510, at *2 (S.D.N.Y. March 2, 2020) ("when Plaintiffs filed the First Amended Complaint, they rendered the entry of default against MeM and motion for default judgment moot"); *Sammy v. FCLS Car & Limousine Servs., Inc.*, 13-cv-6134, 2015 U.S. Dist. LEXIS 27161, at *1-2 (E.D.N.Y.

The Honorable George B. Daniels
June 21, 2020

Feb. 10, 2015) (finding "plaintiff can no longer pursue a default judgment on the original pleading" after filing an amended complaint, and "the Clerk's Entry of Default on that pleading is moot"); *Sheldon v. Khanal*, No. 08 Civ. 3676 (KAM) (LB), 2009 U.S. Dist. LEXIS 91599, at *1 n.1 (E.D.N.Y. Sept. 30, 2009) (stating that "the plaintiffs' filing of their Amended Complaint" mooted the prior entry of default), *aff'd in part, vacated in part on other grounds*, 396 F. App'x 737 (2d Cir. 2010).

Moreover, Sudan is fully committed to vigorously contesting jurisdiction and defending itself in these proceedings. Courts routinely vacate entries of default against foreign sovereigns that subsequently appear to defend themselves before default judgments have been entered, as is the case here, where Plaintiffs never pursued default judgments against Sudan. *See, e.g.*, *Agbor v. Presidency of the Republic of Eq. Guinea*, No. 18-cv-8611 (PAE)(RWL), 2019 U.S. Dist. LEXIS 108862 (S.D.N.Y. June 27, 2019), *report and recommendation adopted in relevant part*, No. 18-cv-8611 (PAE), 2019 U.S. Dist. LEXIS 129502, at *7 (S.D.N.Y. Aug. 1, 2019) (denying motions for default judgments and vacating defaults entered against foreign sovereign defendants). Indeed, the Second Circuit has made clear that default judgments against foreign sovereigns are "disfavored." *See First Fidelity Bank, N.A. v. Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989) ("Courts go to great lengths to avoid default judgments against foreign sovereigns or to permit those judgments to be set aside." (citing Restatement (Third) of Foreign Relations § 459 comment c & Reporters' Note 1)); *Nationsbank of Florida v. Banco Exterior de Espana*, 867 F. Supp. 167, 174 (S.D.N.Y. 1994) (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994)) (declining to make an entry of default or enter a default judgment against Spanish instrumentality). Should the Court deem it necessary, Sudan is prepared to submit a motion to set aside the entries of default in *Ashton*, *Burnett*, and *Federal Insurance*.

**4.     Sudan's Counterproposal For Consolidated Proceedings**

As Sudan has communicated to Plaintiffs repeatedly, Sudan has a strong interest in streamlining these proceedings and conserving judicial and party resources. Accordingly, Sudan proposes that a reasonable briefing schedule be set for a consolidated motion to dismiss to be filed by Sudan in all actions pending against it in which service was attempted. In particular, Sudan proposes that:

- 60 days after the Court's order setting aside the entries of default in *Ashton*, *Burnett*, and *Federal Insurance*, Sudan will file a single consolidated brief in support of Sudan's motion to dismiss the complaints in all actions pending against it in which service was attempted (Sudan's opening brief would as appropriate incorporate by reference Sudan's already-filed brief in support of its motion to dismiss in *O'Neill*);

- 60 days after Sudan's consolidated motion to dismiss, all Plaintiffs (including the *O'Neill* Plaintiffs) will file a single consolidated opposition brief; and

- 30 days after Plaintiffs' consolidated opposition, Sudan will file a single consolidated reply brief.

*     *     *

**WHITE & CASE**

The Honorable George B. Daniels
June 21, 2020

Sudan expressly preserves, and does not waive, any and all rights, privileges, immunities, and defenses that may be available to it, including without limitation the Court's subject-matter jurisdiction and the propriety and timeliness of Plaintiffs' claims.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte

*Counsel for the Republic of the Sudan,
and all of its constituent parts*

cc:    Counsel of Record (via ECF)