REDACTED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN) <br> ECF Case |

This document relates to: *All Actions*

# SAUDI ARABIA'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S JUNE 23, 2020 ORDER

Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

REDACTED FOR PUBLIC FILING

## INTRODUCTION

Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully seeks reconsideration of this Court's June 23, 2020 Opinion & Order (ECF No. 6290, "June 23 Order") to the extent the order directs Saudi Arabia to meet and confer with Plaintiffs concerning additional document searches of the Ministry of Islamic Affairs ("MOIA"). Saudi Arabia respectfully submits that the Court's order inadvertently misapprehends two material facts that were not presented with full clarity in the briefs. *First*, the June 23 Order cited MOIA's office in Buraidah (or Buraydah), Saudi Arabia, as an example of a location that had not been searched. The city of Buraidah, however, is the capital of the administrative region of Qassim. MOIA's Buraidah office is the same as its Qassim office – which the Court ruled Saudi Arabia need not search again for documents about Abdullah Al Jaithen. *Second*, the June 23 Order cited (at 9) MOIA's "U.S. offices" as examples of locations that had not been searched. The only office that could potentially meet that description was the Da'wah office in Saudi Arabia's Embassy, directed by Khalid Al Sowailem during the relevant period. That office was closed, and Saudi Arabia has located its papers in searches of the Embassy – which this Court also ruled Saudi Arabia need not search again for documents about Al Jaithen. With those facts clarified and taken into account, the Court should reconsider its ruling and decline to order further searches of MOIA's offices.[1]

## STANDARD OF REVIEW

Under Local Rule 6.3, reconsideration is warranted if the Court has "overlooked" either factual "matters" or "controlling decisions." The overlooked material must be information that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

---

[1] Saudi Arabia does not seek reconsideration of the Court's direction "to identify and search additional locations at which Jaithen's work passport and diplomatic visa may be found," June 23 Order at 10, and is making further efforts to locate any such passport and visa.

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration should not be used to make "repetitive arguments on issues that have been considered fully by the court," *System Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000), or to "advance new facts, issues or arguments not previously presented to the Court," *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). Reconsideration is appropriate, however, where a party "did not have an opportunity to present all material facts to the Court and . . . those facts would have reasonably altered the Court's finding." ECF No. 4350, at 3 (granting reconsideration of finding that WAMY failed to conduct adequate searches of its branch offices).

**ARGUMENT**

In its June 23 Order, this Court ruled that Saudi Arabia need not search its Embassy or its Consulate for additional documents concerning Abdullah Al Jaithen. In support of that ruling, the Court accepted Saudi Arabia's representation that it had "already searched for and produced every Embassy or Consulate document referencing Bayoumi, Thumairy, Mana, Muhanna, Sowailem, and Jarrah, which would have led to the production of any document reflecting contacts between Jaithen and these individuals," and reasoned that "the burden imposed on the Kingdom" by an additional search after "three separate rounds" of previous searches, including "a burdensome manual review of hundreds of thousands of Arabic language documents," weighed against any further searches. June 23 Order at 4.

At the same time, the Court directed Saudi Arabia to meet and confer with Plaintiffs concerning other "MOIA locations for the Kingdom to search, such as the MOIA office in Buraydah, Saudi Arabia where Plaintiffs allege that Jaithen worked, and any of MOIA's U.S. offices that may house additional responsive documents." *Id.* at 9. The Court made clear that it was "tak[ing] at face value the Kingdom's representations . . . that a thorough search was

conducted for these records in the locations" already searched, including "the MOIA facilities in Riyadh, Najran, and Qassim," and would not require Saudi Arabia "to duplicate [those] searches." *Id.* Nevertheless, the Court expressed "concern[] that the Kingdom has not searched all potentially relevant MOIA locations." *Id.*

Saudi Arabia respectfully submits that the Court's order overlooked two material facts. *First*, Buraidah is the capital of the administrative region of Qassim.[2] The MOIA office in Buraidah is the same Qassim office that Saudi Arabia has already searched and that the Court has ruled Saudi Arabia need not search again. Saudi Arabia did not call this point to the Court's attention previously because Plaintiffs did not argue in their motion papers that the Buraidah office was separate from the Qassim office. Instead, Plaintiffs mentioned Buraidah only to note that both Abdullah Al Jaithen and Majed Mohamed Mersal, another MOIA employee, worked in the Buraidah office. *See* ECF No. 6165, at 2.

*Second*, MOIA does not have, and did not have during the relevant period, any offices in the United States outside the Embassy. During the relevant period from 1998 to 2002, seconded MOIA employees administered an office in the Embassy under the direction of Khalid Al Sowailem. That office is referred to in the record sometimes as the "Da'wah" office and sometimes as the "Ifta" office. Saudi Arabia has located records from the Da'wah office in the Embassy, has included those records in its past searches of the Embassy, and has produced

---

[2] Saudi Arabia is submitting, as Exhibit 1 to the accompanying declaration, a copy and certified translation of a publicly available web page for the Qassim region identifying Buraidah as the capital of Qassim. Although Local Rule 6.3 generally bars the submission of new evidence on reconsideration, this Court has previously exercised its discretion to consider such new material where appropriate. *See*, *e.g.*, ECF No. 4350, at 4-5 & n.1. Saudi Arabia respectfully submits that it is appropriate for the Court to do so here.

responsive documents from those records in its previous searches.[3] Saudi Arabia made the point in its opposition letter that Plaintiffs' reference to "MOIA's U.S. offices" could only be referring to the Da'wah office, which has already been searched. See ECF No. 6196, at 3 n.3.

Saudi Arabia has fully cooperated with this Court's discovery orders in the past, to the best of its ability, and intends to continue to do so. In the present situation, the Court's conclusion that relevant MOIA offices have not been searched appears to rest on an inadvertent misapprehension of facts that were not presented with full clarity in the briefs. Further, we do not perceive any way for Saudi Arabia to conduct further searches for Al Jaithen documents in MOIA's offices or storage facilities without (1) duplicating the burdensome searches of MOIA facilities that it has already performed, such as those in Riyadh and Buraidah, which involved a page-by-page review of hard-copy Arabic documents; or (2) construing the Court's order to require a fourth search of the Embassy, where Al Sowailem directed the Da'wah office during the relevant period. Either alternative would require Saudi Arabia to undertake searches that the Court ruled in its June 23 Order Saudi Arabia need not undertake. Saudi Arabia therefore respectfully requests that the Court reconsider its order and deny Plaintiffs' motion insofar as it seeks additional searches of MOIA offices.

## CONCLUSION

The Court should partially reconsider its June 23 Order as set forth above.

---

[3] 

4

**REDACTED FOR PUBLIC FILING**

Dated: July 7, 2020

Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
 & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

5

REDACTED FOR PUBLIC FILING

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 7, 2020, I caused a copy of the foregoing Motion for Partial Reconsideration of the Court's June 23, 2020 Order to be served by electronic mail on the following representatives of the Plaintiffs' Executive Committees and the United States Attorney's Office for the Southern District of New York, and on counsel for Dallah Avco:

Plaintiffs' Executive Committees:

    Jodi Westbrook Flowers, jflowers@motleyrice.com
    Robert Haefele, rhaefele@motleyrice.com
    James Kreindler, jkreindler@kreindler.com
    Steven R. Pounian, spounian@kreindler.com
    Andrew J. Maloney, amaloney@kreindler.com
    Sean Carter, scarter1@cozen.com
    J. Scott Tarbutton, starbutton@cozen.com
    Jerry Goldman, jgoldman@andersonkill.com

United States Attorney's Office:

    Sarah S. Normand, sarah.normand@usdoj.gov
    Jeannette Vargas, jeannette.vargas@usdoj.gov
    Andrew Krause, andrew.krause@usdoj.gov

Dallah Avco:

    Robert K. Kry, rkry@mololamken.com
    Eric Nitz, enitz@mololamken.com


                         */s/ Michael K. Kellogg*
                         Michael K. Kellogg

                         *Attorney for the Kingdom of Saudi Arabia*