LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 X101
EMAIL: OMOHAMMEDI@OTMLAW.COM

NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL
TRADE

July 10, 2020

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

**Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Judge Netburn:

We write on behalf of defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY") concerning Plaintiffs' December 9, 2019 Amended Responses ("Responses") to WAMY's First and Second Set of Interrogatories ("Interrogatories"). Despite having extended Plaintiffs every courtesy and benefit of the doubt, WAMY's efforts to resolve the deficient Responses have been unsuccessful. While WAMY agreed to accommodate Plaintiffs' request to delay their submission of amended responses until the close of discovery and service of Plaintiffs' expert reports, Plaintiffs now seek to use that accommodation as the basis for their argument that amended responses are no longer necessary. Plaintiffs' current position directly conflicts with their prior representation that service of amended interrogatories would follow their expert reports.

For the reasons set forth herein, WAMY respectfully requests an Order compelling Plaintiffs to immediately cure their deficient Responses to the Interrogatories.

**The Interrogatories and Responses at Issue**

WAMY's First Set of Interrogatories, Request No. 2, and WAMY's Second Set of Interrogatories, Request No. 1, each ask Plaintiffs to "Identify…each witness mentioned in Plaintiffs' Initial Disclosures…as he or she relates to the allegation that WAMY provided material support to al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2011."[1]

---

[1] *See* Exhibit 1 hereto.

In response to both requests, Plaintiffs asserted baseless objections and invited WAMY to undertake the task of linking the 131 individuals listed on Plaintiffs' March 9, 2018 Amended Witness Disclosure (ECF No. 3925) to Plaintiffs' roster of pleadings and document productions.[2]

**WAMY Promptly Detailed the Deficiencies**

On December 23, 2019, WAMY advised Plaintiffs that their December 9, 2019 Responses were deficient.[3]

While amended and narrowed, Plaintiffs' operative Witness Disclosure still identifies over 100 people who supposedly have knowledge and information regarding the same topic: "the allegations, investigations, and facts concerning WAMY's provision of financial and material support to Osama bin Laden, al Qaeda, and affiliated terrorist organizations." That disclosure provides no factual details. The "allegations" about which the witnesses supposedly have knowledge span across a series of Complaints, RICO Statements, More Definite Statements, and "other submissions" including two document productions totaling 61,296 pages. In this regard, Plaintiffs' "generalized assertions and conclusory statements provide little useful fact-based information which belies the purpose of interrogatories in the first instance." *Edebali v. Bankers Standard Ins. Co.*, 2016 WL 4621077, *7 (E.D.N.Y. Sept. 6, 2016).

Moreover, Plaintiffs' Responses to the subject requests violate the settled rule that "an answer to an interrogatory must be completed within itself and it should be in a form that may be used at trial." *Int'l Mining Co., Inc. v. Allen Co., Inc.*, 567 F.Supp. 777, 787 (S.D.N.Y. 1983). Therefore, "[r]eference to…other document production[s], the complaint itself, or any other documents are improper and thus unresponsive." *Trueman v. New York State Canal Corp.*, No. 1:09-CV-049, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010) (citation omitted); *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) ("it is insufficient to answer [interrogatories] by merely referencing allegations of a pleading"). *J J Delaney Carpet Co. v. Forrest Mills, Inc.*, 34 F.R.D. 152 (S.D.N.Y. 1963) ("[i]ncorporation by reference of…allegations of a pleading is not a responsive answer"); *Edebali*, 2016 WL 4621077 at *2.

Additionally, while not specifically reasserted in their letter of June 19, 2020, Plaintiffs have not withdrawn boilerplate objections of prematurity, attorney-client and/or work-product privilege, and disclosure of expert opinion. The objections have no merit. First, as fact disclosure with respect to WAMY (and the merits defendants) has been completed, the subject requests cannot, as Plaintiffs erroneously claim, seek information before the Plaintiffs have completed their necessary investigation. Second, as the subject requests ask Plaintiffs to identify fact witnesses as they relate to Plaintiffs' allegations that WAMY provided material support to terrorist activities, the subject requests do not invade privilege or require the disclosure of an expert opinion. Third, Plaintiffs have

---

[2] *See* Exhibit 2 hereto.
[3] *See* Exhibit 3 hereto.

already served their expert reports so the subject requests do not improperly seek the disclosure of expert opinion. Accordingly, these objections are improper.

Plaintiffs' objection that the subject requests are "oppressive, burdensome, prejudicial, impractical, harassing, and an inefficient expenditure of the parties' resources and time" is misplaced. At this stage in the litigation, discovery has concluded and it is thus "not unreasonable or burdensome" for Plaintiffs to provide factual information tracking the allegations in Plaintiffs' complaints. *See, e.g., Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 234-235 (E.D.N.Y. 2007).

Lastly, the Responses are deficient, in their entirety, because they are not signed by the party to whom they are directed and signed by them under oath. Fed. R. Civ. P. 33(b)(1)(A) & (5); *Miroglio S.P.A. v. Conway Stores, Inc.*, 2008 WL 4600984, at *6 (S.D.N.Y. Oct.15, 2008) (citing *Cabales v. United States*, 51 F.R.D. 498, 499, *aff'd*, 447 F.2d 1358 (2d Cir.1971)); *Roth v. Bank of Commonwealth*, 1988 WL 43963, at *2 (W.D.N.Y. May 4, 1988) ("Unsigned and unverified answers are not answers...and answers which are signed by the party's attorney and not made under oath by the party do not comply with Rule 33").

The Responses are not responsive and thus fail to comply with the Court's May 22, 2019 Order requiring Plaintiffs to respond to the interrogatories (ECF No. 4532).

**Plaintiffs Offer a Compromise**

On February 4, 2020, Plaintiffs responded to the foregoing arguments and proposed a compromise wherein they would serve supplemental responses after service of their expert reports:

> Plaintiffs will be submitting their expert reports relating to WAMY...in the near future. *Plaintiffs anticipate that it will be appropriate to supplement their responses to WAMY's interrogatories soon after service of the reports...Plaintiffs propose that WAMY simply await service of the expert reports and supplemental interrogatory answers which will likely eliminate any disputes relating to the interrogatories in question*.

*See* Exhibit 4 hereto (emphasis added).

**WAMY's Good Faith Attempts vs. Plaintiffs' Stonewalling**

Plaintiffs served their expert reports on March 10, 2020 but, to date, have refused to supplement the Responses.

WAMY followed up by letters dated May 15, 2020 and June 9, 2020 asking Plaintiffs to serve their long-awaited supplemental responses.[4]

The PECS waited until June 19, 2020 to confess that, despite having agreed to serve supplemental Responses, they were now refusing to do. Plaintiffs ground their refusal on the contention that other discovery materials fill the void—"the universe of witnesses that are going to be relevant to the case against WAMY has been defined…[and] WAMY has all of the relevant discovery documents, and has been served with Plaintiffs' expert reports…"[5] None of these points cure Plaintiffs' deficient Responses.

Instead, as WAMY previously demonstrated to Plaintiffs back in December 2019, "an answer to an interrogatory must be completed within itself and it should be in a form that may be used at trial." *Int'l Mining Co., Inc. v. Allen Co., Inc.*, 567 F.Supp. 777, 787 (S.D.N.Y. 1983). Plaintiffs therefore cannot point to their expert reports and witness lists inter alia and claim to have provided sufficient Responses to the Interrogatories. *Id*.

PECs also argue that they need not comply with their obligation to answer these interrogatories as "…the interrogatory in question demands information relating to 1,657 potential witnesses from a list that was subsequently amended, and thus displaced, on multiple occasions." This argument is unavailing as WAMY is only requiring that information be provided as requested in the interrogatory for those remaining witnesses from whom PECs will be offering testimony. As to these witnesses, PECs have an obligation to answer the interrogatory and identify which of these witnesses relates to the allegation that WAMY provided material support to al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2011. This is a straight-forward request and WAMY should not be required to divine the answer from PECs' other filings.

While PECs previously stated that they do not anticipate offering affidavit or declaration testimony from any of the individuals listed on the PECs' May 10, 2019 Updated Third Party Witness Disclosure in relation to the claims against the Merits Defendants, PECs reserved the right to supplement or amend this disclosure. WAMY is entitled to clarity as to the identity of the individuals that PECs claim support their allegation that WAMY provided material support to Al Qaeda even if the answer now is "none."

Lastly, Plaintiffs simply fail to address their failure to comply with Rule 33's basic requirement that the Responses be signed and sworn to under oath. Fed. R. Civ. P. 33(b)(1)(A) & (5); *Miroglio S.P.A. v. Conway Stores, Inc*., 2008 WL 4600984, at *6 (S.D.N.Y. Oct.15, 2008).  *See* Exhibit 2 hereto (the unverified Responses are merely "/s/" signed by counsel).

---

[4] *See* Exhibits 5-6 hereto.
[5] *See* Exhibit 7 hereto.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

   For the foregoing reasons, WAMY respectfully requests an Order compelling Plaintiffs to serve supplemental responses in compliance with Rule 33 and governing case law authority.

          Respectfully submitted,

          */s/ Omar Mohammedi*

          Omar T. Mohammedi, Esq.

          */s/ Fredrick Goetz*

          Frederick J. Goetz, Esq.

cc: All counsel of record via ECF