# Exhibit 1

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
    No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
    Corp.*, et al., No. 04-CV-07280

**DEFENDNANTS WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA
AND WORLD ASSEMBLY OF MUSLIM YOUTH INTERNATIONAL FIRST
SET OF INTERROGATORIES**

PLEASE TAKE NOTICE that Pursuant to Rule 33 of the Federal Rules of Civil

Procedure, Defendants hereby request that the above-referenced Plaintiffs answer in

writing and under oath all questions contained in the attached Interrogatories to

Defendants' attorneys at the Law Firm of Omar T. Mohammedi, LLC, 233 Broadway

Suite 801, Woolworth Building, New York, NY 10279 within thirty (30) days from the

date this request is served.

*Preliminary Statement*

In answering these Interrogatories, furnish all information available to you,

including information in the possession of your attorneys, their investigators, and all other

persons acting in your behalf, and not merely such information known of your personal

knowledge.  Each Interrogatory, and each subsection of each Interrogatory, is to be fully and

separately answered. As to any Interrogatory for which an exact, complete and entirely

accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

These Interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial or pertinent hearing) from time to time.

If any document (as hereinafter defined) is used by you in preparing your answers to these Interrogatories, include as part of each answer for where such document was used (a) its date, (b) author or originator, (c) title, (d) subject matter, (e) any other characteristics necessary to identify the document, and, (f) the present location or custodian of the original and non-identical copy.  If the present location or custodian of the original or any non-identical copy is unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

## **DEFINITIONS**

As used herein, the following terms have the meanings:

1.      *Communication*. The term "communication" means the transmittal of verbal and written information (in the form of facts, ideas, inquiries or otherwise).

2.      *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and the Local Rules of the United States District Court of the Southern District of New York, without limitation, to electronic or computerized date compilations. A draft or non-identical copy is a separate document within the meaning of this term. The original (or an

identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any form of physical media.  Physical media include, but are not limited to, paper media, phonographic media, photographic film media (including pictures, films slides and microfilm), magnetic media (including but not limited to hard disks, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed. Documents include, by way of example only, any memorandum, request envelope, correspondence, electronic mail, report, note, Post-it, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission, report contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced.  Documents also include the file, folder tabs, and labels appended to or containing any documents.

     3.     *Identify (With Respect to Documents).*  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

     4.     *Identify (With Respect to Persons).*  When referring to a person, "to identify" means to give, to the extent known, the person's full name, telephone number, present or last known address, and when referring to a natural person, additionally, the

present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5.  *Parties*.  The terms "Defendant" and "Plaintiff," as well as a "Parties" full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6.  *Person*.  The term "person" is defined as any natural person or any business, legal or governmental entity or association, joint venture, business trust, department, agency, office, or any other form of legal entity.

7.  *Concerning*.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.  The following rules of construction apply to all discovery requests:

   a.  *All/Each*.  The terms "all/each" shall be construed as all and each.

   b.  *And/Or*.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   c.  *Number*.  The use of the singular form of any word includes the plural and vice versa.

9.  *You/Your*.  Unless specifically stated to the contrary, the term "you" and "your" refers to the Plaintiffs named in this action or any person acting on the behalf of any Plaintiff or under any Plaintiff's direction or control.

10. *WAMY.* The term "WAMY" shall refer both to World Assembly of Muslim Youth Saudi Arabia ("WAMY SA") or World Assembly of Muslim Youth International ("WAMY International") unless specifically stated.

11. *Al Qaeda* (alternatively spelled as *Al Qaida*) shall mean the militant Islamist group allegedly lead by Osama bin Laden that claimed responsibility for the planning and execution of the September 11 Attacks

12. *Complaint shall* mean the eight complaints pending against the responding defendants, *Ashton, et al v. Al Qaeda Islamic, et al*, 02-cv-6977; *Burnett v. Arab Bank, PLC*, 03-cv-9849, *Federal Insurance Co. v. Al Qaida*, 03-cv-6978; *O'Neill v. Al Baraka Investment & Devel. Corp.*, 04-cv-01923; *Continental Casualty Co. v. Al Qaeda*, 04-cv-05970; *Cantor Fitzgerald & Co. v. Akida Bank Private Limited*, 04-cv-07065; *Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp.*, 04-cv-07279; *World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp.*, 04-cv-07280.

13. *Describe, Describe in detail, state or state in detail* shall mean to relate as completely as possible each and every act, omission, incident, event, condition, circumstance, or thing directly or indirectly concerning the subject matter of the description, listing all pertinent dates, and, without limiting the foregoing, to:

    a. Identify all documents directly or indirectly related thereto;

    b. Identify all communications directly or indirectly related thereto;

    c. Identify all persons directly or indirectly related thereto; and

    d. Identify all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

14.     *"Date"* means the exact day, month, and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location or relationship to other even*ts.*

15.     *"Subject matter of this litigation"* or "incident" or "occurrence" refers to the Terrorist Attacks of September 11, 2001.

16.     *Active File.*   When used in this request, the term "active file" means any electronic data that can be used by an electronic data processing system in any manner without modification and/or re-construction.   An active file is an electronic data file that has not been deleted or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was created.

17.     *Computer.*   When used in this request, the term "computer" shall include, but is not limited to microchips, microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDAs), minicomputers and mainframe computers.

18.     *Computer system.*   When used in this request, the term "computer system," when used in reference to any computer, includes, but is not limited to, the following information:

a.   Computer type, brand and model;

b.   Brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware;

c.   Communications    capability,    including    asynchronous    and/or synchronous, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

19. *Data*.  When used in this request, the term "data" is equivalent to the term "electronic data" as defined herein.

20. *Deleted File*.  When used in this request, the term "deleted file" means any electronic data file that has been deleted or deleted from the electronic media on which it resided.

21. *Electronic Data.*  When used in this request, the term "electronic data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.  Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal.  The term electronic data

also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

22.     *Electronic Media.*  When used in this request, the term "electronic media" means any magnetic or other storage media device used to record electronic data.  Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

23.     *U. File Fragment*.  When used in this request, the term "file fragment" refers to any electronic data file that exists as a subset of an original active file.  A file fragment may be active or deleted.  The cause of fragmentation can include, but is not limited to the execution of ordinary file management routines such as the creation of new files over parts of previously deleted files, the creation of files on disks which do not have enough contiguous blocks to write the file from beginning to end, where the file has been split up between several sections of the disk (each piece a fragment).  Other causes include manual intervention, electronic surges, and/or physical defects on electronic media.

*Rotation.*  When used in this request, the term "rotation" means any plan, policy or scheme that involves the re-use of an electronic media device after it has been used for backup, archival or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

## INTERROGATORIES

1. Identify, as defined by Definition No. 4, each person who has provided information that is contained in these Interrogatory answers.

2. Identify, as defined by Definition No. 4, each witness mentioned in Plaintiffs' Initial Disclosures (Docket No. 2388) as he or she relates to the allegation that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2001.

3. Identify, as defined by Definition No. 4, each witness you intend to call to testify at trial in support of the allegation that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2001.

4. Identify, as defined by Definition No. 4, all person(s) who have knowledge of any relevant facts relating to the allegations against WAMY in support of the allegation that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2001.

5. Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY, whom you allege was involved in the financing, planning and/or execution of the Attacks of September 11, 2001, the Attack on the U.S.S. Cole in 2000, the bombings of the U.S. Embassies in Kenya and Tanzania in 1998, the 1993 World Trade Center Bombings and/or any other terror attack attributed to Al Qaeda.

6. Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY, who was ever indicted or designated on the Specially Designated Nationals and Blocked Persons list by the U.S. or other foreign-based government in connection with the Attacks of September 11, 2001.

7. Identify, as defined by Definition No. 4, each director, officer, employee and/or agent of WAMY International who was involved in terrorist activities or in providing funding, money laundering and/or other material support to Al Qaeda.

8. Identify, as defined by Definition No. 4, each director, officer, employee and/or agent of WAMY International who was convicted or indicted of providing funding, money laundering or other material support to Al Qaeda following the raid by Federal authorities in 2002.

9. Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY, who had any business, financial, charitable, religious or other relationship with Osama bin Laden, the September 11 Hijackers or any other Al Qaeda member/operative.

10. Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY had any relationship with Ahmed Ajaj, Khalid Al-Fawwaz, Gulbadin Hekmatyar, Sayed Ali Shah Geelani and/or Amir Khattab.

11. Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY, who had any relationship with Moro Islamic Liberation Front, Hizb-e-Islami, Hizb-ul-

Mujahideen, Lashkar-e-Taiba, Students' Islamic Movement of India and/or Jamaat-e-Islami.

12. Identify, as defined by Definition No. 4, the member/operative of each group mentioned in Interrogatory No. 11 with whom WAMY had a relationship with.

Dated: December 10, 2010

Sincerely,

_____

Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December 2010, I caused a copy of Defendants World Assembly of Muslim Youth Saudi Arabia and World Assembly of Muslim Youth International's First Set of Interrogatories to Plaintiffs to be served by electronic mail upon Plaintiffs' Executive Committee:

> Jodi Flowers (jflowers@motleyrice.com)
> Robert Haefele (rhaefele@motleyrice.com)
> MOTLEY RICE LLC
> 28 Bridgeside Boulevard
> P.O. Box 1792
> Mount Pleasant, SC  29465
> For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

> Jerry S. Goldman (jgoldman@andersonkill.com) (jfitzgerald@andersonkill.com)
> ANDERSON KILL & OLICK, P.C.
> 1251 Avenue of the Americas
> New York, NY  10020
> For the *O'Neill* Plaintiffs and Plaintiffs Executive Committees

> Sean Carter (SCarter1@cozen.com)
> Scott Tarbutton (STarbutton@cozen.com)
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA  19103
> For the *Federal Insurance* Plaintiffs and Plaintiffs Executive Committees

> James Kreindler (jkreindler@kreindler.com)
> Andrew J. Maloney (amaloney@kreindler.com)
> KREINDLER & KREINDLER LLP
> 750 Third Avenue
> New York, NY  10017-2703
> For the *Ashton* Plaintiffs and Plaintiffs Executive Committees

Tariq Hussain, Esq.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al*, No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
    No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development*
    *Corp.*, et al., No. 04-CV-07280

**DEFENDNANTS WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA
AND WORLD ASSEMBLY OF MUSLIM YOUTH INTERNATIONAL SECOND
SET OF INTERROGATORIES**

       PLEASE TAKE NOTICE that Pursuant to Rule 33 of the Federal Rules of Civil

Procedure, Defendants hereby request that the above-referenced Plaintiffs answer in

writing and under oath all questions contained in the attached Interrogatories to

Defendants' attorneys at the Law Firm of Omar T. Mohammedi, LLC, 233 Broadway

Suite 801, Woolworth Building, New York, NY 10279 within thirty (30) days from the

date this request is served.

*Preliminary Statement*

       In answering these Interrogatories, furnish all information available to you,

including information in the possession of your attorneys, their investigators, and all other

persons acting in your behalf, and not merely such information known of your personal

knowledge.  Each Interrogatory, and each subsection of each Interrogatory, is to be fully and

separately answered. As to any Interrogatory for which an exact, complete and entirely

1

accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

These Interrogatories shall be deemed to be continuing so as to require supplemental answers (if you obtain further information between the time the answers are served and any trial or pertinent hearing) from time to time.

If any document (as hereinafter defined) is used by you in preparing your answers to these Interrogatories, include as part of each answer for where such document was used (a) its date, (b) author or originator, (c) title, (d) subject matter, (e) any other characteristics necessary to identify the document, and, (f) the present location or custodian of the original and non-identical copy.  If the present location or custodian of the original or any non-identical copy is unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

**DEFINITIONS**

As used herein, the following terms have the meanings:

1.      *Communication.* The term "communication" means the transmittal of verbal and written information (in the form of facts, ideas, inquiries or otherwise).

2.      *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and the Local Rules of the United States District Court of the Southern District of New York, without limitation, to electronic or computerized date compilations. A draft or non-identical copy is a separate document within the meaning of this term. The original (or an

identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any form of physical media. Physical media include, but are not limited to, paper media, phonographic media, photographic film media (including pictures, films slides and microfilm), magnetic media (including but not limited to hard disks, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed. Documents include, by way of example only, any memorandum, request envelope, correspondence, electronic mail, report, note, Post-it, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission, report contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

     3.    *Identify (With Respect to Documents).* When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

     4.    *Identify (With Respect to Persons).* When referring to a person, "to identify" means to give, to the extent known, the person's full name, telephone number, present or last known address, and when referring to a natural person, additionally, the

present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5.      *Parties*.  The terms "Defendant" and "Plaintiff," as well as a "Parties" full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6.      *Person*.  The term "person" is defined as any natural person or any business, legal or governmental entity or association, joint venture, business trust, department, agency, office, or any other form of legal entity.

7.      *Concerning*.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.       The following rules of construction apply to all discovery requests:

a.  *All/Each*.  The terms "all/each" shall be construed as all and each.

b.  *And/Or*.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

c.  *Number*.  The use of the singular form of any word includes the plural and vice versa.

9.      *You/Your.*  Unless specifically stated to the contrary, the term "you" and "your" refers to the Plaintiffs named in this action or any person acting on the behalf of any Plaintiff or under any Plaintiff's direction or control.

10.     *WAMY.*   The term "WAMY" shall refer both to World Assembly of Muslim Youth Saudi Arabia ("WAMY SA") or World Assembly of Muslim Youth International ("WAMY International") unless specifically stated.

11.     *Al Qaeda* (alternatively spelled as *Al Qaida*) shall mean the militant Islamist group allegedly lead by Osama bin Laden that claimed responsibility for the planning and execution of the September 11 Attacks

12.     *Complaint shall* mean the eight complaints pending against the responding defendants, *Ashton, et al v. Al Qaeda Islamic, et al*, 02-cv-6977; *Burnett v. Arab Bank, PLC*, 03-cv-9849, *Federal Insurance Co. v. Al Qaida*, 03-cv-6978; *O'Neill v. Al Baraka Investment & Devel. Corp.*, 04-cv-01923; *Continental Casualty Co. v. Al Qaeda*, 04-cv-05970; *Cantor Fitzgerald & Co. v. Akida Bank Private Limited*, 04-cv-07065; *Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp.*, 04-cv-07279; *World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp.*, 04-cv-07280.

13.     *Describe, Describe in detail, state or state in detail* shall mean to relate as completely as possible each and every act, omission, incident, event, condition, circumstance, or thing directly or indirectly concerning the subject matter of the description, listing all pertinent dates,  and, without limiting the foregoing, to:

> a.   Identify all documents directly or indirectly related thereto;
>
> b.   Identify all communications directly or indirectly related thereto;
>
> c.   Identify all persons directly or indirectly  related thereto; and
>
> d.   Identify all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

14.     *"Date"* means the exact day, month, and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location or relationship to other even*ts.*

15.     *"Subject matter of this litigation"* or "incident" or "occurrence" refers to the Terrorist Attacks of September 11, 2001.

16.     *Active File*.  When used in this request, the term "active file" means any electronic data that can be used by an electronic data processing system in any manner without modification and/or re-construction.  An active file is an electronic data file that has not been deleted or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was created.

17.     *Computer*.  When used in this request, the term "computer" shall include, but is not limited to microchips, microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDAs), minicomputers and mainframe computers.

18.     *Computer system*.  When used in this request, the term "computer system," when used in reference to any computer, includes, but is not limited to, the following information:

> a.  Computer type, brand and model;
>
> b.  Brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware;
>
> c.  Communications capability, including asynchronous and/or synchronous, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

19.     *Data*.  When used in this request, the term "data" is equivalent to the term "electronic data" as defined herein.

20.     *Deleted File*.  When used in this request, the term "deleted file" means any electronic data file that has been deleted or deleted from the electronic media on which it resided.

21.     *Electronic Data*.  When used in this request, the term "electronic data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment.  Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal.  The term electronic data

also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

22.     *Electronic Media.*   When used in this request, the term "electronic media" means any magnetic or other storage media device used to record electronic data.  Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

23.     *U. File Fragment.*   When used in this request, the term "file fragment" refers to any electronic data file that exists as a subset of an original active file.  A file fragment may be active or deleted.  The cause of fragmentation can include, but is not limited to the execution of ordinary file management routines such as the creation of new files over parts of previously deleted files, the creation of files on disks which do not have enough contiguous blocks to write the file from beginning to end, where the file has been split up between several sections of the disk (each piece a fragment).  Other causes include manual intervention, electronic surges, and/or physical defects on electronic media.

*Rotation.*   When used in this request, the term "rotation" means any plan, policy or scheme that involves the re-use of an electronic media device after it has been used for backup, archival or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

## <u>INTERROGATORIES</u>

1.  Identify, as defined by Definition No. 4, each witness mentioned in Plaintiffs'
    Amended Initial Disclosures (Docket No. 2397), categories A through PP, as he
    or she relates to the allegation that WAMY provided material support to Al Qaeda
    or that WAMY was a participant in the global conspiracy leading up to the
    Terrorist Attacks of September 11, 2001.

Dated: January 14, 2011

                          Sincerely,


                          _/s/ Omar T. Mohammedi_____
                          Omar T. Mohammedi, Esq.
                          Law Firm of Omar T. Mohammedi, LLC
                          Woolworth Building
                          233 Broadway, Suite 801
                          New York, NY 10279
                          *Attorneys for World Assembly of Muslim Youth*
                          *Saudi Arabia and World Assembly of Muslim Youth*
                          *International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2011, I caused a copy of Defendants World Assembly of Muslim Youth Saudi Arabia and World Assembly of Muslim Youth International's Second Set of Interrogatories to Plaintiffs to be served by electronic mail upon Plaintiffs' Executive Committee:

Jodi Flowers (jflowers@motleyrice.com)
Robert Haefele (rhaefele@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

Jerry S. Goldman (jgoldman@andersonkill.com) (jfitzgerald@andersonkill.com)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
For the *O'Neill* Plaintiffs and Plaintiffs Executive Committees

Sean Carter (SCarter1@cozen.com)
Scott Tarbutton (STarbutton@cozen.com)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
For the *Federal Insurance* Plaintiffs and Plaintiffs Executive Committees

James Kreindler (jkreindler@kreindler.com)
Andrew J. Maloney (amaloney@kreindler.com)
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY  10017-2703
For the *Ashton* Plaintiffs and Plaintiffs Executive Committees


Tariq Hussain, Esq.