# Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.,* Case No. 03 Civ. 9849
*Federal Insurance Co., et al. v. Al Qaida, et al.,* Case No. 03 Civ. 6978
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka., et al.,* Case No. 04 Civ. 1923
*Continental Casualty Co., et al. v. Al Qaeda, et al.,* Case No. 04 Civ. 5970
*Euro Brokers Inc., et al., v. Al Baraka, et al.,* Case No. 04 Civ. 7279
*WTC Properties LLC, et al. v. Al Baraka, et al.,* Case No. 04 Civ. 7280

**PLAINTIFFS' AMENDED RESPONSES TO DEFENDANTS WORLD ASSEMBLY OF MUSLIM YOUTH-SAUDI ARABIA AND WORLD ASSEMBLY OF MUSLIM YOUTH-INTERNATIONAL'S FIRST SET OF INTERROGATORIES**

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES

December 9, 2019

**PLAINTIFFS' AMENDED RESPONSES TO DEFENDANTS WORLD ASSEMBLY OF MUSLIM YOUTH-SAUDI ARABIA AND WORLD ASSEMBLY OF MUSLIM YOUTH-INTERNATIONAL'S FIRST SET OF INTERROGATORIES**

The Plaintiffs' Executive Committees ("PECs"), on behalf of the Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977, *Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Estate of John P. O'Neill, Sr., et al. v. Al Baraka., et al.*, Case No. 04 Civ. 1923, *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970, *Euro Brokers Inc., et al., v. Al Baraka, et al.*, Case No. 04 Civ. 7279, and *WTC Properties LLC, et al. v. Al Baraka, et al.*, Case No. 04 Civ. 7280, hereby respond to the First Set of Interrogatories propounded by the World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-International (hereinafter "Defendants" or "WAMY"), pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's September 27, 2019 Order at ECF No. 5179.

**GENERAL RESPONSES AND OBJECTIONS**

Plaintiffs make the following General Objections to WAMY's First Set of Interrogatories. The assertion of these objections or additional objections does not waive Plaintiffs' general objections. Plaintiffs reserve the right to amend or supplement these objections as may be appropriate.

1.      Plaintiffs' amended responses to WAMY's First Set of Interrogatories as set forth herein are based upon the information presently known to them, before Plaintiffs have completed their investigation into all of the facts relating to WAMY and associated defendants in the MDL litigation, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants in the MDL litigation have responded fully to the Plaintiffs' formal discovery demands, including the production of all requested documentation

and information.  Accordingly, Plaintiffs reserve the right to:  (a) rely on any facts, witnesses, documents, or other evidence which may develop or subsequently come to their attention; and (b) assert supplemental responses and objections and/or amend these responses and objections should Plaintiffs discover additional information or grounds for objections.

2.     Plaintiffs object to WAMY's First Set of Interrogatories to the extent they call for Plaintiffs to identify individuals or witnesses whose identity and/or the state of their knowledge of information relevant to the Plaintiffs' claims is better known to WAMY or other defendants than to Plaintiffs.

3.     Plaintiffs object to WAMY's First Set of Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection.  Plaintiffs' responses within this submission are subject to and without waiver of any privilege or protection against discovery that may apply.

4.     Plaintiffs object to WAMY's First Set of Interrogatories to the extent they seek to compel Plaintiffs to disclose the trial strategies or mental impressions of their attorneys.

5.     Plaintiffs object to WAMY's First Set of Interrogatories to the extent they seek information produced, obtained, or in the possession of, any expert witnesses, any retained consultants who have not been formally identified as testifying expert witnesses, or who are not expected to testify in these proceedings.  Fed. R. Civ. P. 26(b)(4)(B).  Plaintiffs will identify their experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other the deadlines established by the Court in these proceedings.

6.     Plaintiffs object to WAMY's First Set of Interrogatories to the extent they seek information or documentation that is or has been in the possession, custody, or control of WAMY, or which is equally obtainable by WAMY or the Plaintiffs from available public sources.

7.      Plaintiffs object to WAMY's First Set of Interrogatories to the extent they seek documents or information not within the possession, custody, or control of the Plaintiffs.

8.      Plaintiffs object to WAMY's First Set of Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, do not specify the information sought with sufficient particularity, are not limited to the subject matter of the litigation, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiffs object to WAMY's First Set of Interrogatories to the extent they purport to characterize Plaintiffs' claims, allegations, contentions, or the applicable legal standard, but do so in a manner that mischaracterizes them.  The identification or production of any document or information in response to any such discovery request is not intended as, nor shall it be deemed to be, an admission or representation that Plaintiffs concede to the Defendants' mischaracterization of the Plaintiffs' claims, allegations, contentions, or the applicable legal standard.

10.     Plaintiffs object to WAMY's First Set of Interrogatories to the extent they information without a reasonable time-period limitation.

11.     Plaintiffs object to WAMY's Instructions and Definitions to the extent they purport to impose obligations and burdens exceeding or inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court of the Southern District of New York.  Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities.

12.     Plaintiffs incorporate the responses and objections of the PECs and the other Plaintiffs in this consolidated multi-district litigation to other discovery requests propounded in the litigation.

13.     Each of the foregoing General Objections is hereby incorporated by reference in response to each Interrogatory, whether or not a further specific objection is made with respect to a specific Interrogatory below.

14.     Subject to each of the foregoing General Objections, and without conceding the relevancy or admissibility of the information sought or provided, Plaintiffs respond as follows:

### <u>RESPONSES TO WAMY'S FIRST SET OF INTERROGATORIES</u>

### <u>INTERROGATORY NO. 1:</u>

Identify, as defined by Definition No. 4, each person who has provided information that is contained in these Interrogatory answers.

### <u>RESPONSE</u>:

To the extent this Interrogatory seeks the disclosure of the identities of Plaintiffs' experts or consultants, Plaintiffs object to this Interrogatory on the grounds that it is premature and improper at this stage of the proceedings and reserve their right to amend the Response to this Interrogatory at the completion of discovery.  Plaintiffs further object to this Interrogatory to the extent:  (a) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (b) it prematurely calls for an expert opinion; (c) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; and (d) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B).  Plaintiffs will identify their experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other the deadlines established by the Court in these proceedings.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a

complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 2:**

Identify, as defined by Definition No. 4, each witness mentioned in Plaintiffs' Initial Disclosures (Docket No. 2388) as he or she relates to the allegation that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2001.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiffs further object to this Interrogatory to the extent that it seeks legal conclusions or opinions. Plaintiffs also object to this Interrogatory to the extent: (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Subject to and without waiving the above objections, Plaintiffs respond as follows:
Since the filing of the Plaintiffs' Initial Disclosures (ECF No. 2388), Plaintiffs have filed four separate, superseding Rule 26(a)(1) witness disclosures in compliance with the Court's Orders dated April 11, 2011, May 14, 2015 (ECF No. 2957), January 31, 2018 (ECF No. 3894), and February 27, 2018 (ECF No. 3909). *See* Plaintiffs' Amended Initial Disclosures (Docket No. 2397); Plaintiffs' Supplemental Initial Disclosures (ECF No. 2429); Plaintiffs' Second Set of Supplemental Initial Disclosures (ECF No. 3051); and Plaintiffs' Amended Witness Disclosure Pursuant to the Court's January 31, 2018 Deposition Protocol Order (ECF No. 3925).

Plaintiffs' operative witness disclosure at ECF No. 3925 identifies 131 individuals who may have relevant discoverable information concerning the terror sponsorship activities of WAMY. *See* ECF No. 3925 at pp. 45-71. To compel the Plaintiffs to respond to discovery requests such as this, requiring Plaintiffs to identify each individual mentioned in the Plaintiffs' Initial Disclosures (ECF No. 2388) and/or Plaintiffs' Amended Witness Disclosure (ECF No. 3925) "as he or she relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks on September 11, 2001," is oppressive, unduly burdensome, prejudicial, impractical, harassing, and an inefficient expenditure of the parties' resources and time.

Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents. Plaintiffs refer

WAMY to the Plaintiffs' Complaints,[1] RICO Statements,[2] More Definite Statements,[3] documents produced in response to WAMY's Requests for Production of Documents,[4] and other MDL submissions[5] in response to this Interrogatory.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

---

[1] *See e.g.*, *Ashton* Sixth Amended Consolidated Complaint at ¶¶ 198, 200, 203, 211, 233, 264, 269, 301, 348, 363, and 382; *Burnett* Third Amended Complaint at ¶¶ 76, 147, 156, 172, 229-233, 244, 353, 359, 362, 401, 426, and 462; *Federal Insurance* First Amended Complaint with Incorporated More Definite Statements, RICO Statements and Rule 15(d) Supplemental Pleadings, Filed in Accordance with Paragraph 13 of Case Management Order Number 2 at ¶¶ 150-166, 203, 224, 278, 290, 299, 325, 331, 354, 360, 369, 371, 430, 431, 435, 442, 443, 451, 452, 461, 463, 481, 490, 498, and 499; *O'Neill* Second Amended Complaint at ¶¶ 24, 50, 67, 94, 111, 120, and 123-125; *Continental Casualty* Second Amended Complaint at ¶¶ 51, 56, 260, 263, 266, 301, 376, 436, 437, 438, 450, 495, 511, and Addendum to Second Amended Complaint at pp. 181-183, 185-192; and *WTC Properties* Complaint at ¶¶ 123, 140, 165, 167, 170, 171, 173, 176, 178, 184, 185, 284, 293, 309, 366-370, 381, 420, 660, 689, 695, 698, 737, 762, 793, 923, 925, 933, 935, 938, and 939.

[2] *See e.g.*, *Federal Insurance* RICO Statement Applicable to the Kingdom of Saudi Arabia (ECF No. 420); *Federal Insurance* RICO Statement Applicable to Adel Abdul Jalil Batterjee (ECF No. 593); *Federal Insurance* RICO Statement Applicable to the World Assembly of Muslim Youth (ECF No. 594); *Federal Insurance* RICO Statement Applicable to the World Assembly of Muslim Youth (ECF No. 1164); *O'Neill* RICO Statement Applicable to Defendant World Assembly of Muslim Youth (*O'Neill* Dkt. No. 27); *O'Neill* Amended RICO Statement Applicable to Defendant World Assembly of Muslim Youth (*O'Neill* Dkt. No. 140); *Continental Casualty* RICO Statement Applicable to Defendant World Assembly of Muslim Youth (*Continental Casualty* Dkt. No. 122); *Euro Brokers* RICO Statement Applicable to the World Assembly of Muslim Youth (*Euro Brokers* Dkt. No. 99); and *WTC Properties* RICO Statement Applicable to the World Assembly of Muslim Youth (*WTC Properties* Dkt. No. 105).

[3] *See e.g.*, *O'Neill* More Definite Statement/Additional Allegations as to the World Assembly of Muslim Youth ("WAMY") (*O'Neill* Dkt. No. 265).

[4] *See e.g.*, PEC-WAMY000001-39434; NL0000001-21862.

[5] *See e.g.*, ECF No. 3463-1 (Plaintiffs' March 17, 2017 Averment of Facts and Evidence concerning WAMY at ¶¶ 19, 49, 81, 116, 236, 287, 296, 298, 316, 319, 323, 333, 369, 370, 439-475, 559, and 563); ECF No. 2927-1 (Plaintiffs' February 3, 2015 Averment of Facts and Evidence).

**INTERROGATORY NO. 3:**

Identify, as defined by Definition No. 4, each witness you intend to call to testify at trial in support of the allegation that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2001.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks to compel Plaintiffs' to disclose their trial strategies; and (g) it prematurely seeks the disclosure of information which is only appropriately required as part of Plaintiffs' final pre-trial submission.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have not determined who they intend to call as witnesses at the time of trial in this matter.  Plaintiffs will identify their experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other the deadlines established by the Court in these proceedings.  Nevertheless, Plaintiffs direct WAMY to Plaintiffs' Amended Witness Disclosure Pursuant to the Court's January 31, 2018 Deposition Protocol Order (ECF No. 3925) for a listing of potential witnesses.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 4:**

Identify, as defined by Definition No. 4, all person(s) who have knowledge of any relevant facts relating to the allegations against WAMY in support of the allegation that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2001.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiffs further object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

Furthermore, as alleged in the Plaintiffs' pleadings, WAMY was a participant in a broader conspiracy to channel material support and resources to al Qaeda and related terrorist organizations in the decade leading up to the attacks of September 11, 2001.  All persons with knowledge of the global infrastructure upon which al Qaeda and affiliated terrorist organizations relied upon have relevant knowledge within the meaning of this Interrogatory.  While it is impossible to identify all persons with such knowledge, Plaintiffs provide the following:  Osama bin Laden, Ayman al Zawahiri, Khalid Sheikh Mohammed, Ramzi Binalshibh, Wa'el Hamza Jelaidan, Sheikh Safer al Hawali, Saleh al Hussayen, Sheikh Salman al Oadah, Ibn al Shaykh al Libi, Bakr bin Laden, Abdullah Awad bin Laden, Omar bin Laden, Tariq bin Laden, Yeslam bin Laden, Abdulrahman Bin Mahfouz, Yassin al Kadi, Yousef Jameel, Suleiman al Rajhi, Abdullah al Rajhi, Saleh Abdulaziz al Rajhi, Shahir A. Batterjee, Abdullah bin Saleh al Obaid, Abdul Rahman al Swailem, Abdullah Muhsen al Turki, Dr. Abdullah Omar Naseef, Sulaiman al Ali, Sami Omar al Hussayen, Adnan Basha, Perouz Sedaghaty, Soliman al Buthe, Aqeel Abdulaziz al

Aqil, Mansour al Kadi, Talal M. Badkook, Mohammed Ali Sayed Mushayt, Samir Salah, Dr.
Ahmed Muhammad Totonji, Mohammed Jaghlit, M. Omar Ashraf, Muhammed Ashraf, Iqbal
Yunus, M. Yaqub Mirza, Dr. Jamal al Barzinji, Ahmed Idris Nasreddin, Youssef M. Nada, Chafiq
bin Muhammad Ayadi, Wadih El Hage, Bensayah Belkacem, Sabar Lamar, Wali Khan Amin
Shah, Enaam M. Arnaout, Abdulrahman Alamoudi, Ahmed Ressam, Abdul Aziz bin Ibrahim al
Ibrahim, Muhammad Atif, Sayf al Adl, Abu Hafs the Mauritanian, Abd al Hadi al Iraqi, Thirwat
Salah Shihata, Tariq Anwar al Sayyid Ahmad, Muhammad Salah, Nurjaman Riduan Ismuddin,
Mohammed Iqbal Abdurrahman, Mounir El Motassadeq, Said Bahaji, Adel Ben Soltane, Nabil
Benattia, Yassine Chekkouri, Riadh Jelassi, Mendi Kammoun, Samir Kishk, Tarek Ben Habib
Maaroufi, Abdelhalim Remadna, Mansour Thaer, Lazhar Ben Mohammed Tlili, Habib
Waddani, Abdelkadir Mahmoud Es Sayed, Khalid al Fawaz, Abu Hamza al Masri, Mohamed Ben
Belgacem Aouadi, Mokhtar Boughougha, Tarek Charaabi, Sami Ben Khemais Essid, Lased Ben
Heni, Bashir Ud Din Mahmood, Abdul Majeed, S.M. Tufail, Hussein Mahmud Abdullkadir,
Abdirasik Aden, Abbas Abdi Ali, Abdi Adulaziz Ali, Yusaf Ahmed Ali, Ali Ghaleb Himmat,
Albert Fredrich Armand Huber, Liban Hussein, Abdullahi Hussein Kahie, Mohammed Mansour,
Zeinab Mansour Fattah, Abdullah Ahmed Abdullah, Haji Abdul Manan Agha, Muhammad al
Hamati, Amin al Haq, Saqar al Sadawi, Ahmad Sa'Id al Kadr, Anas al Liby, Ahmad Ibrahim al
Mughassil, Abdelkarim Hussein Mohamed al Nasser, Sa'D al Sharif, Ibrahim Salih Mohammed
al Yacoub, Ahmed Mohammed Hamed Ali, Ali Atwa, Bilal bin Marwan, Mamoun Darkazanli,
Ali Saed Bin Ali El Hoorie, Mustafa Mohamed Fadhil, Ahmed Khalfan Ghailani, Riad Hijazi,
Hasan Izz al Din, Mufti Rashid Ahmad Ladehyanoy, Fazul Abdullah Mohammed, Fahid
Mohammed Ally Msalam, Youssef Abdaoui, Mohammed Amine Akli, Mohrez Amdouni, Chiheb
Ben Mohamed Ayari, Mondher Baazaoui, Lionel Dumont, Moussa Ben Amor Essaadi, Rachid

Fehar, Brahim Ben Hedili Hamami, Khalil Jarraya, Mounir Ben Habib Jerraya, Fouzi Jendoubi,

Fethi Ben Rebai Masri, Najib Ouaz, Ahmed Hasni Rarrbo, Nedal Saleh, Abdelghani Mzoudi,

Gulbuddin Hekmatyar, Imad Mughniyeh, Muhammad Omar, Osama Bassnan, Fahad al

Thumairy, Omar Abdi Mohamed, Sheikh Ahmed Salim Swedan, Muhammad Abu Islam,

Abdullah Qassim, Hashim Abdulrahman, Jamal al Badawi, Mohammed Omar al Harazi,

Walid al Sourouri, Fatha Adbul Rahman, Yasser al Azzani, Jamal Ba Khorsh, Ahmad al Shinni,

Jamil Qasim Saeed, Mohammed Loay Bayazid, Sheikh Omar Bakri Muhammad, Abdul Fattah

Zammar, Ghasoub al Abrash Ghalyoun, Zacarias Moussaoui, Abdel Hussein, Hassan al Turabi,

Abd Al Mushin al Libi, Abdul Rahman Yasin, Prince Bandar bin Sultan al Saud, Prince Naif bin

Abdulaziz al Saud, Prince Sultan bin Abdulaziz al Saud, Prince Mohammed Al Faisal al Saud,

Prince Turki Al Faisal al Saud, Prince Turki bin Jalawi al Saud, King Salman Bin Abdul Aziz al

Saud, Prince Abdul Aziz bin Fahd al Saud, Rabih Haddah, Sheikh Abu Bdul Aziz Nagi, Wadi al

Aqiq, Al Shaykh al Iraqi, Abu Hajer al Iraqi, Saleh Abdullah Kamel, Mohammad S. Mohammad,

Mustasim Abdel Rahim, Mohamed Sadeek Odeh, Mandi Chamran Savehi, Mohammed Sarkawi,

Haji Mohamad Akram, Abdallah Omar, Umar Faruq, Abd al Rahim al Nashiri, Muhammed Galeb

Kalaje Zoaaydi, Mullah Kakshar, Arafat El Asahi, Abdul Aziz Al Ibrahim, Mohammed Bahareth,

Dr. Mohaman Ali Elgari, Salim bin Mahfouz, Saif al Islam El Masry, Syed Suleman Ahmer,

Mazin M.H. Bahareth, Zahir H. Kazmi, Muzaffar Khan, Jamal Nyrabeh, Ahmad Ajaj,

Mohammed Omeish, Mahmoud Jaballah, Randall Todd Royer, Jafaar Idris, Jamal Ahmed

Mohammed, Mohammed Khatib, Talhal al Jarad, Ayman al Taher, Ibrahim Malabari, Alaa el

Sayed, Tarik Hamdi, Fazeh Ahed, Khaled Nouri, Abdullah M. al Mandi, Tareq M. al Swaidan,

Abdul al Moslah, Salah Badandh, Hassan A.A. Bahafzallah, Ihab Ali, Ibrahim Hassabella,

Hisham al Talib, Cherif Sedky, Omar al Bayoumi, Adel Muhammad Sadiq Bin Kazem, Zeinab

Mansour Fattouh, Mohammed Chehade, Hazem Ragab, Mustafa al Kadir, Abu al Maid, Taha

Jaber al Alwani, Ibrahim S. Abdullah, Dr. Mahmoud Dakhil, Ghasoub al Abrash, Mustafa Ahmed

al Hisawi, Imad Eddin Barakat Yarkas, Muhammed Galeb Kalaje Zuoyadi, Bassam Dalati Satut,

Abdalrahman Alarnout Abu Aljer, Mohammed Khair al Saqqa, Ghasoub al Abrash Ghalyoun,

Abu Qatada al Filistini, Yassir al Sirri, Mohammed al Massari, Ziyad Khaleel, Mamdouh

Mahmud Salim, Abdullah Samil Bahmadan, Essam al Ridi, Omar Abu Omar, Mohammed Ali

Hasan al Moayad, Ibrahim Muhammed Afandi, Abdulrahman Hassan Sharbatly, Mohammed al

Issai, Ahmed Brahim, Abu Ibrahim al Masri, Salman al Ouda, Muhammed J. Fakihi, Agus

Budiman, Said Bahaji, Zakariya Essabar, Stuart A. Levey, R. Richard Newcomb, Mark D.

Roberts, Barbara C. Hammerle, Matthew A. Levitt, David D. Aufhauser, Thomas H. Kean, Lee

H. Hamilton, Richard Ben-Veniste, Fred F. Fielding, Jamie S. Gorelick, Slade Gorton, Bob

Kerrey, John F. Lehman, Timothy J. Roemer, James R. Thompson, Philip D. Zelikow, Chris

Kojm, Daniel Marcus, John Roth, Douglas N. Greenburg, Serena B. Wille, Thomas R. Eldridge,

Susan Ginsburg, Walter T. Hempel II, Janice L. Kephart, Kelly Moore, Robert Werner, Adam J.

Szubin, Juan Carlos Zarate, Patrick J. Fitzgerald, Michael F. Scheuer, Michael E. Leiter, Mark

Rossini, Dr. Maneh bin Hamed al Johani, Dr. Saleh al Wohaibi, Dr. Abdullah Wahab Noorwali,

Sheikh Saleh bin Abdul Aziz al Sheikh, Dr. Ibrahim bin Hamad al Quayid, Dr. Abdul Rahman

Abdul Aziz al Rabee'ah, Dr. Hamid bin Kalil al Shaiji, Dr. Sa'ed al Hamidi, Khalid Ibrahim al

Sowailem, Dr. Saleh bin Ibrahim Babaeer, Dr. Ibrahim al Fayez, Dr. Suleiman bin Nasser

Basahal, Dr. Abu Bakr Ba Qadir, Dr. Muhammad bin Ahmad al Faraj, Dr. Khaled bin Abd Al-

Rahman al Ajimi, Dr. Saleh bin Ibrahim al Sanie, Dr. Abdul Rahman bin Hadi al Shamrani, Dr.

Saleh bin Omar Badahadah, Dr. Abdullah Sayyed Taher, Dr. Muhammad Abd al Rahman Sparla,

Dr. Sayyedi Ghali Lu, Ibrahim Milazi, Dr. Salem Badmaneh, Abd al Rahim Rasheed, Hussein

Muhdhar, Dr. Hamad bin Ibrahim al Sulayfih, Dr. Muhammad bin Umar Jamjum, Dr. Ahmad

bin Uthman al Tuwayjiri, Dr. Muhammad bin Majed al Farraj, Nazir Qureshi, Nadhir Kuraishi,

Adel Abdul Jalil Ibrahim Batterjee, Dr. Mohammed Ayub Thukar, Hasan al Turabi, Adel Hassan

Hamed, Mammar Ameur, Ahmed Ajaj, Ali Bapir, Alifuddin Turabi, Amir Khattab, Khalid al

Fawwaz, Khaled Mishal, Dr. Shaid Badar Falah, Safdar Nagori, Kamruddin Nagori, Mohammad

Aamir, Abul Bashar Qasmi, Hafiz Muhammad Saeed, Zaki ur Rehman Lakhvi, Yusuf Muzammil,

Zarrar Shah, Haji Muhammad Ashraf, Mahmoud Mohamed Ahmed Bahaziq, Nasr Javed, Syed

Ali Shah Geelani, Syed Salahuddin, Sardar Ija Afzal Khan, Maulana Masood Azhar, Chaudhry

Shariif Julabbi, Qazi Hussain, Sheikh Mohammed Yasin, Ziauddin Siddiqui, Abdul Mubeen,

Maulana Abrar Hussain Haqqani, Sheikh Abdallah Ben Nasser Rahmani, Hashim Salamat,

Farooq Ahmed, Mohammed Maqpool, Cathy Hawara, Mohammed Moustafa Mohammed,

Ibrahim Anwar Ibrahim, Hassan bin Abdah Kadish, Said Rageah, Fahad al Awadi, Sheikh Abdul

al Majid bin Aziz al Zindani, Ibrahim Faruq al Zayyat, El Fatih Hassanein, Mahmoud Ghazal,

Fareed Yaaqoob, Ahmad Jalbat, Muhammad Rifat Musa, Dr. Jahid Maksoud Tarim, Muhammad

Balqalal, Dr. Mohammed Saleh Ibrahim Abu el Ela, Dr. Abdullah Abdel Kareem Saleh, Dr.

Hamdi al Morsi, Dr. Aadel Saleh Feeda, Abdul Majid Farah, Muhammad al Hamood, Dr. Khaled

Yousef al Biejan, Dr. Jamal al Din bin Yousef Siaghur, Dr. Abdullah Abu Sayyef al Johani,

Abdul Karim Osman Wadden, Dr. Muhammad Balkharshush, Dr. Fadel Fouad Suleiman, Aaraf

Abdullah Abd al Hamid, Omar Muhammad Naji, Dr. Muhammad Nour, Aman Allah Jan,

Ma'amur Hassan al Din, Muhammad bins Zid al Halal, Muhammad Aasef Ya'qub, Abd al

Rashid Ahmad Walla, Omar Idris Salleh, Harin Aul al Din, Dr. Shamim Abd al Hakim Khan,

Muhammad Saleh, Abdullah Sadiq Makey, Abd al Qadder Muhammad Kattab, Yussef Ali

Babakr, Fathi Awuis Id, Dr. Hamdi al Marsi al Sid, Hector Sha'aban Salleh, Ibrahim Hader,

Wagadi Ahmaduf, Ali al Ammudi, Mustapha al Amry, Ali al Abduni, Muhammad Searia, Muhammad bin Salem al Hamud, Saleh bin Sa'ed al Ansari, Dr. Ibrahim bin Muhammad bin Yusef al Faiz, Zayid bin Ibrahim al Hamidi, Dr. Abd al Hamid al Mazru, Dr. Abd al Hamid al Zayd, Muhammad al Qataby, Mu'taz Abu Unq, Dr. Ahmad Rasheed al Hameedy, Muhammad bin Ali al Qaatabi, Abdel Qadir Adam, Dr. Tawfik bin Abdulaziz al Sadiri, Sheikh Saleh al Buraik, Dr. Ibrahim al Qa'eed, Dr. Khalid al Awwad, Khalid al Ajimi, Dr. Abdul Rahman al Suwailem, Dr. Jiad Suwailem, Dr. Youssef al Qaradawi, Esam Yousef, Ayman Ali, and Ahmed Bahafzallah.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

## INTERROGATORY NO. 5:

Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY, whom you allege was involved in the financing, planning and/or execution of the Attacks of September 11, 2001, the Attack on the U.S.S. Cole in 2000, the bombings of the U.S. Embassies in Kenya and Tanzania in 1998, the 1993 World Trade Center Bombings and/or any other terror attack attributed to Al Qaeda.

### RESPONSE:

Plaintiffs object to this Interrogatory on the grounds that it is ambiguous.  Plaintiffs also object to this Interrogatory to the extent: (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully

responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any

information protected by the attorney-client privilege or work-product privilege; (c) it

prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or

opinions from any consultants who have not been formally identified as testifying expert

witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting

expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B);

(f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information

within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it

seeks information equally available to WAMY and the Plaintiffs from the public domain.

Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al

Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO

Statements, More Definite Statements, and other submissions in the MDL litigation, and have

further produced tens of thousands of pages of documentation detailing and describing the

involvement of those WAMY-associated individuals and/or entities in that conspiracy in

response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the

Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in

response to WAMY's Requests for Production of Documents, and other MDL submissions in

response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings

and documents produced in response to WAMY's Requests for Production of Documents,

Plaintiffs provide the following:  Dr. Maneh bin Hamed al Johani, Dr. Saleh al Wohaibi, Dr.

Abdullah Wahab Noorwali, Abdullah Omar Naseef, Sheikh Saleh bin Abdul Aziz al Sheikh,

Abdullah Muhsen al Turki, Sheikh Saleh al Buraik, Dr. Ibrahim al Fayez, Adel Abdul Jalil Ibrahim Batterjee, Bandar al Ghamedi, Jihad Hammadeh, Abdullah Awad bin Laden, Dr. Jamal al Barzinji, Mohammed Khatib, Ibrahim Awaji, Ahmed Musa Shawshani, Ali Bin Shafi Shehri, Alifuddin Turabi, Hassan Bahafzallah, Anwar Hajaj, Ibrahim Zayat, Ahmed Ajaj, Nazir Qureshi, Dr. Mohammed Ayub Thukar, and Anwar al Aulaqi.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 6:**

Identify, as defined by Definition No. 4, each WAMY director, officer, employee and/or agent, with the authority to act on behalf of WAMY, who was ever indicted or designated on the Specially Designated Nationals and Blocked Persons list by the U.S. or other foreign-based government in connection with the Attacks of September 11, 2001.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is ambiguous.  Plaintiffs also object to this Interrogatory to the extent: (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert

witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation relating to investigations of, and sanctions imposed upon, WAMY personnel in connection with their support for, or connections to, terrorist activities, plots, or attacks, including the September 11, 2001 attacks.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents at Request Nos. 29-35.  To date, WAMY has provided limited, if any, documents or information concerning those WAMY personnel in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

19

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents, Plaintiffs provide the following:  Adel Abdul Jalil Ibrahim Batterjee and Anwar al Aulaqi.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 7:**

Identify, as defined by Definition No. 4, each director, officer, employee and/or agent of WAMY International who was involved in terrorist activities or in providing funding, money laundering and/or other material support to Al Qaeda.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or

published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation relating to investigations of WAMY International personnel in connection with their involvement in terrorist activities, plots, or attacks, and their provision of financial, material, logistical, and other support for al Qaeda.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents to WAMY-SA at Request Nos. 19, 29-32; Plaintiffs First Set of Requests for Production of Documents to WAMY-International at Request Nos. 7, 8, 19, 20, 37-51, 68-76.  To date, WAMY has provided limited, if any, documents or information concerning WAMY International personnel and associated individuals in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents,

Plaintiffs provide the following:  Abdullah Awad bin Laden, Dr. Jamal al Barzinji, Anwar al Aulaqi, and Randall Todd Royer.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 8:**

Identify, as defined by Definition No. 4, each director, officer, employee and/or agent of WAMY International who was convicted or indicted of providing funding, money laundering or other material support to Al Qaeda following the raid by Federal authorities in 2002.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation relating to investigations of WAMY International personnel in connection with their involvement in terrorist activities, plots, or attacks, and their provision of financial, material, logistical, and other support for al Qaeda.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents to WAMY-SA at Request Nos. 19, 29-32; Plaintiffs First Set of Requests for Production of Documents to WAMY-International at Request Nos. 7, 8, 19, 20, 37-51, 68-76.  To date, WAMY has provided limited, if any, documents or information concerning WAMY International personnel and associated individuals in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents, Plaintiffs provide the following:  Randall Todd Royer.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 9:**

Identify, as defined by Definition No. 4, each director, officer, employee and/or agent, with the authority to act on behalf of WAMY, who had any business, financial, charitable, religious or other relationship with Osama bin Laden, the September 11 Hijackers or any other Al Qaeda member/operative.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent: (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation relating to WAMY's relationship with Osama bin Laden, the September 11 Hijackers, and other members of al Qaeda.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents at Request Nos. 12, 23-25, 29-32; Plaintiffs Second Set of Requests for Production of Documents at Request Nos. 12-13; Plaintiffs Third Set of Requests for Production of Documents at Request Nos. 2-13, 26-29.  To date, WAMY has provided limited, if any, documents or information concerning those individuals in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents, Plaintiffs provide the following:  Dr. Maneh bin Hamed al Johani, Dr. Saleh al Wohaibi, Dr. Abdullah Wahab Noorwali, Abdullah Omar Naseef, Abdullah Muhsen al Turki, Sheikh Saleh

bin Abdul Aziz al Sheikh, Sheikh Saleh al Buraik, Dr. Ibrahim al Fayez, Adel Abdul Jalil Ibrahim

Batterjee, Bandar al Ghamedi, Jihad Hammadeh, Abdullah Awad bin Laden, Dr. Jamal al

Barzinji, Mohammed Khatib, Ibrahim Awaji, Ahmed Musa Shawshani, Ali Bin Shafi Shehri,

Alifuddin Turabi, Hassan Bahafzallah, Anwar Hajaj, Ibrahim Zayat, Ahmed Ajaj, Nazir Qureshi,

Dr. Mohammed Ayub Thukar, Anwar al Aulaqi, El Fathi Hassanein, and Adel Hassan Hamad.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 10:**

Identify, as defined by Definition No. 4, each director, officer, employee and/or agent, with the authority to act on behalf of WAMY who had any relationship with Ahmed Ajaj, Khalif Al-Fawwaz, Gulbadin Hekmatyar, Sayed Ali Shal Geelani and/or Amir Khattab.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks

information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation relating to WAMY's relationship with the Ahmed Ajaj, Khalif Al-Fawwaz, Gulbadin Hekmatyar, Sayed Ali Shal Geelani, Amir Khattab, and the terrorist organizations they are associated with.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents at Request Nos. 20-25, 29-32.  To date, WAMY has provided limited, if any, documents or information concerning those individuals and/or entities in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents, Plaintiffs provide the following:  Nazir Qureshi and Dr. Mohammed Ayub Thukar.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

**INTERROGATORY NO. 11:**

Identify, as defined by Definition No. 4, each director, officer, employee and/or agent, with the authority to act on behalf of WAMY, who had any relationship with Moro Islamic Liberation Front, Hizb-e-Islami, Hizb-ul-Mujahideen, Lashkar-e-Taiba, Students' Islamic Movement and/or Jamaat-e-Islami.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published, and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

28

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation and information relating to WAMY's relationship with Moro Islamic Liberation Front, Hizb-e-Islami, Hizb-ul-Mujahideen, Lashkar-e-Taiba, Students' Islamic Movement, Jamaat-e-Islami, and the individuals associated with those entities.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents at Request Nos. 13, 14, 20-32.  To date, WAMY has provided limited, if any, documents concerning those terrorist organizations and/or individuals in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents, Plaintiffs provide the following:  Dr. Maneh bin Hamed al Johani, Dr. Saleh al Wohaibi, Dr. Abdullah Wahab Noorwali, Sheikh Saleh bin Abdul Aziz al Sheikh, Abdullah Muhsen al Turki, Dr. Ibrahim al Fayez, Adel Abdul Jalil Ibrahim Batterjee, Bandar al Ghamedi, Jihad Hammadeh,

Abdullah Awad bin Laden, Dr. Jamal al Barzinji, Mohammed Khatib, Ibrahim Awaji, Ahmed

Musa Shawshani, Ali Bin Shafi Shehri, Alifuddin Turabi, Hassan Bahafzallah, Anwar Hajaj,

Ibrahim Zayat, Ahmed Ajaj, Nazir Qureshi, Dr. Mohammed Ayub Thukar, and Randall Todd

Royer.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in

accordance with any applicable rule or law as new information becomes available, after a

complete investigation of the facts is concluded, and discovery in the MDL litigation as to all

defendants is complete.

**INTERROGATORY NO. 12:**

Identify, as defined by Definition No. 4, the member/operative of each group mentioned

in Interrogatory No. 11 with whom WAMY had a relationship with.

**RESPONSE:**

Plaintiffs object to this Interrogatory to the extent:  (a) it seeks information before the

Plaintiffs have completed their investigation into all of the facts relating to these actions, before

the conclusion of all formal discovery among the parties, and before WAMY and all other

defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the

disclosure of any information protected by the attorney-client privilege or work-product

privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to

disclose information or opinions from any consultants who have not been formally identified as

testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of

any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ.

P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of WAMY; (g) it seeks

information within WAMY's own documents and/or documents WAMY created or published,

and/or; (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Plaintiffs further object to this Interrogatory insofar as it seeks information uniquely in the possession of WAMY.  Plaintiffs served discovery requests on WAMY seeking documentation and information relating to WAMY's relationship with Moro Islamic Liberation Front, Hizb-e-Islami, Hizb-ul-Mujahideen, Lashkar-e-Taiba, Students' Islamic Movement, Jamaat-e-Islami, and the individuals associated with those entities.  *See e.g.*, Plaintiffs' First Set of Requests for Production of Documents at Request Nos. 13, 14, 20-32.  To date, WAMY has provided limited, if any, documents concerning those terrorist organizations and/or individuals in response to Plaintiffs' discovery.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and describing the involvement of those WAMY-associated individuals and/or entities in that conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer WAMY to the Plaintiffs' Complaints, RICO Statements, More Definite Statements, documents produced in response to WAMY's Requests for Production of Documents, and other MDL submissions in response to this Interrogatory.

By way of further response, and as described in greater detail in the Plaintiffs' pleadings and documents produced in response to WAMY's Requests for Production of Documents, Plaintiffs provide the following:  Dr. Shaid Badar Falah, Safdar Nagori, Kamruddin Nagori,

Mohammad Aamir, Abul Bashar Qasmi, Hafiz Muhammad Saeed, Zaki ur Rehman Lakhvi, Yusuf Muzammil, Zarrar Shah, Haji Muhammad Ashraf, Mahmoud Mohamed Ahmed Bahaziq, Nasr Javed, Syed Ali Shah Geelani, Syed Salahuddin, Sardar Ija Afzal Khan, Maulana Masood Azhar, Chaudhry Shariif Julabbi, Qazi Hussain, Sheikh Mohammed Yasin, Ziauddin Siddiqui, Abdul Mubeen, Maulana Abrar Hussain Haqqani, Seif el Din, Sheikh Abdallah Ben Nasser Rahmani, and Sardar Ija Afzal Khan.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in accordance with any applicable rule or law as new information becomes available, after a complete investigation of the facts is concluded, and discovery in the MDL litigation as to all defendants is complete.

Dated: December 9, 2019                              Respectfully submitted,


                                                     /s/  J. Scott Tarbutton
                                                    J. Scott Tarbutton, Esq.
                                                    THE MDL 1570 PLAINTIFFS'
                                                    EXECUTIVE COMMITTEES

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the Plaintiffs' Amended Responses to Defendants World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-International's First Set of Interrogatories was served via electronic mail and U.S. first-class mail, postage prepaid, this 9th day of December 2019, upon:

Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 820
New York, NY 10279

 */s/  J. Scott Tarbutton*
J. Scott Tarbutton, Esq.

LEGAL\43903728\1117430.000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.,* Case No. 03 Civ. 9849
*Federal Insurance Co., et al. v. Al Qaida, et al.,* Case No. 03 Civ. 6978
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka., et al.,* Case No. 04 Civ. 1923
*Continental Casualty Co., et al. v. Al Qaeda, et al.,* Case No. 04 Civ. 5970
*Euro Brokers Inc., et al., v. Al Baraka, et al.,* Case No. 04 Civ. 7279
*WTC Properties LLC, et al. v. Al Baraka, et al.,* Case No. 04 Civ. 7280

## PLAINTIFFS' AMENDED RESPONSES TO DEFENDANTS WORLD ASSEMBLY OF MUSLIM YOUTH-SAUDI ARABIA AND WORLD ASSEMBLY OF MUSLIM YOUTH-INTERNATIONAL'S SECOND SET OF INTERROGATORIES

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES

December 9, 2019

**PLAINTIFFS' AMENDED RESPONSES TO DEFENDANTS WORLD ASSEMBLY OF MUSLIM YOUTH-SAUDI ARABIA AND WORLD ASSEMBLY OF MUSLIM YOUTH-INTERNATIONAL'S SECOND SET OF INTERROGATORIES**

The Plaintiffs' Executive Committees ("PECs"), on behalf of the Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977, *Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Estate of John P. O'Neill, Sr., et al. v. Al Baraka., et al.*, Case No. 04 Civ. 1923, *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970, *Euro Brokers Inc., et al., v. Al Baraka, et al.*, Case No. 04 Civ. 7279, and *WTC Properties LLC, et al. v. Al Baraka, et al.*, Case No. 04 Civ. 7280, hereby respond to the Second Set of Interrogatories propounded by the World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-International (hereinafter "Defendants" or "WAMY"), pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's September 27, 2019 Order at ECF No. 5179.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following General Objections to WAMY's Second Set of Interrogatories.  The assertion of these objections or additional objections does not waive Plaintiffs' general objections.  Plaintiffs reserve the right to amend or supplement these objections as may be appropriate.

1.  Plaintiffs' amended responses to WAMY's Second Set of Interrogatories as set forth herein are based upon the information presently known to them, before Plaintiffs have completed their investigation into all of the facts relating to WAMY and associated defendants in the MDL litigation, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants in the MDL litigation have responded fully to the Plaintiffs' formal discovery demands, including the production of all requested documentation and

2

information.  Accordingly, Plaintiffs reserve the right to:  (a) rely on any facts, witnesses, documents, or other evidence which may develop or subsequently come to their attention; and (b) assert supplemental responses and objections and/or amend these responses and objections should Plaintiffs discover additional information or grounds for objections.

2.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they call for Plaintiffs to identify individuals or witnesses whose identity and/or the state of their knowledge of information relevant to the Plaintiffs' claims is better known to WAMY or other defendants than to Plaintiffs.

3.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they seek the disclosure of information protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or protection.  Plaintiffs' responses within this submission are subject to and without waiver of any privilege or protection against discovery that may apply.

4.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they seek to compel Plaintiffs to disclose the trial strategies or mental impressions of their attorneys.

5.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they seek information produced, obtained, or in the possession of, any expert witnesses, any retained consultants who have not been formally identified as testifying expert witnesses, or who are not expected to testify in these proceedings.  Fed. R. Civ. P. 26(b)(4)(B).  Plaintiffs will identify their experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other the deadlines established by the Court in these proceedings.

6.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they seek information or documentation that is or has been in the possession, custody, or control of WAMY, or which is equally obtainable by WAMY or the Plaintiffs from available public sources.

7.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they seek documents or information not within the possession, custody, or control of the Plaintiffs.

8.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, do not specify the information sought with sufficient particularity, are not limited to the subject matter of the litigation, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they purport to characterize Plaintiffs' claims, allegations, contentions, or the applicable legal standard, but do so in a manner that mischaracterizes them.  The identification or production of any document or information in response to any such discovery request is not intended as, nor shall it be deemed to be, an admission or representation that Plaintiffs concede to the Defendants' mischaracterization of the Plaintiffs' claims, allegations, contentions, or the applicable legal standard.

10.     Plaintiffs object to WAMY's Second Set of Interrogatories to the extent they information without a reasonable time-period limitation.

11.     Plaintiffs object to WAMY's Instructions and Definitions to the extent they purport to impose obligations and burdens exceeding or inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court of the Southern District of New York.  Plaintiffs will respond in accordance with the obligations imposed by the preceding authorities.

12.     Plaintiffs incorporate the responses and objections of the PECs and the other Plaintiffs in this consolidated multi-district litigation to other discovery requests propounded in the litigation.

13.     Each of the foregoing General Objections is hereby incorporated by reference in response to each Interrogatory, whether or not a further specific objection is made with respect to a specific Interrogatory below.

14.     Subject to each of the foregoing General Objections, and without conceding the relevancy or admissibility of the information sought or provided, Plaintiffs respond as follows:

**RESPONSES TO WAMY'S SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify, as defined by Definition No. 4, each witness mentioned in Plaintiffs' Amended Initial Disclosures (Docket No. 2397), categories A through PP, as he or she relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks of September 11, 2001.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiffs further object to this Interrogatory to the extent that it seeks legal conclusions or opinions.  Plaintiffs also object to this Interrogatory to the extent:  (a) it seeks information before the Plaintiffs have completed their investigation into all of the facts relating to these actions, before the conclusion of all formal discovery among the parties, and before WAMY and all other defendants have fully responded to the Plaintiffs' formal discovery demands; (b) it seeks the disclosure of any information protected by the attorney-client privilege or work-product privilege; (c) it prematurely calls for an expert opinion; (d) it seeks to compel Plaintiffs to disclose information or opinions from any consultants who have not been formally identified as testifying expert witnesses and/or who are not expected to testify; (e) it calls for the opinion of any consulting expert who is not expected to testify in these proceedings pursuant to Fed. R. Civ. P. 26(b)(4)(B); (f) it seeks information within the institutional knowledge of

WAMY; (g) it seeks information within WAMY's own documents and/or documents WAMY created or published; and/or (h) it seeks information equally available to WAMY and the Plaintiffs from the public domain.

Subject to and without waiving the above objections, Plaintiffs respond as follows: Since the filing of the Plaintiffs' Amended Initial Disclosures (ECF No. 2397), Plaintiffs have filed three separate, superseding Rule 26(a)(1) witness disclosures in compliance with the Court's Orders dated April 11, 2011, May 14, 2015 (ECF No. 2957), January 31, 2018 (ECF No. 3894), and February 27, 2018 (ECF No. 3909).  *See* Plaintiffs' Supplemental Initial Disclosures (ECF No. 2429); Plaintiffs' Second Set of Supplemental Initial Disclosures (ECF No. 3051); and Plaintiffs' Amended Witness Disclosure Pursuant to the Court's January 31, 2018 Deposition Protocol Order (ECF No. 3925).

Plaintiffs' operative witness disclosure at ECF No. 3925 identifies 131 individuals who may have relevant discoverable information concerning the terror sponsorship activities of WAMY.  *See* ECF No. 3925 at pp. 45-71.  To compel the Plaintiffs to respond to discovery requests such as this, requiring Plaintiffs to identify each individual mentioned in the Plaintiffs' Amended Initial Disclosures (ECF No. 2397) and/or Plaintiffs' Amended Witness Disclosure (ECF No. 3925) "as he or she relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks on September 11, 2001," is oppressive, unduly burdensome, prejudicial, impractical, harassing, and an inefficient expenditure of the parties' resources and time.

Plaintiffs have described the involvement of WAMY-associated individuals and/or entities in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and other submissions in the MDL litigation, and have further produced tens of thousands of pages of documentation detailing and

describing the involvement of those WAMY-associated individuals and/or entities in that

conspiracy in response to WAMY's Requests for Production of Documents.  Plaintiffs refer

WAMY to the Plaintiffs' Complaints,[1] RICO Statements,[2] More Definite Statements,[3]

documents produced in response to WAMY's Requests for Production of Documents,[4] and other

MDL submissions[5] in response to this Interrogatory.

Plaintiffs reserve the right to supplement, revise, correct, and/or clarify this Response in

accordance with any applicable rule or law as new information becomes available, after a

complete investigation of the facts is concluded, and discovery in the MDL litigation as to all

defendants is complete.

7————————————

[1] *See e.g.*, *Ashton* Sixth Amended Consolidated Complaint at ¶¶ 198, 200, 203, 211, 233, 264, 269, 301, 348, 363, and 382; *Burnett* Third Amended Complaint at ¶¶ 76, 147, 156, 172, 229-233, 244, 353, 359, 362, 401, 426, and 462; *Federal Insurance* First Amended Complaint with Incorporated More Definite Statements, RICO Statements and Rule 15(d) Supplemental Pleadings, Filed in Accordance with Paragraph 13 of Case Management Order Number 2 at ¶¶ 150-166, 203, 224, 278, 290, 299, 325, 331, 354, 360, 369, 371, 430, 431, 435, 442, 443, 451, 452, 461, 463, 481, 490, 498, and 499; *O'Neill* Second Amended Complaint at ¶¶ 24, 50, 67, 94, 111, 120, and 123-125; *Continental Casualty* Second Amended Complaint at ¶¶ 51, 56, 260, 263, 266, 301, 376, 436, 437, 438, 450, 495, 511, and Addendum to Second Amended Complaint at pp. 181-183, 185-192; and *WTC Properties* Complaint at ¶¶ 123, 140, 165, 167, 170, 171, 173, 176, 178, 184, 185, 284, 293, 309, 366-370, 381, 420, 660, 689, 695, 698, 737, 762, 793, 923, 925, 933, 935, 938, and 939.

[2] *See e.g.*, *Federal Insurance* RICO Statement Applicable to the Kingdom of Saudi Arabia (ECF No. 420); *Federal Insurance* RICO Statement Applicable to Adel Abdul Jalil Batterjee (ECF No. 593); *Federal Insurance* RICO Statement Applicable to the World Assembly of Muslim Youth (ECF No. 594); *Federal Insurance* RICO Statement Applicable to the World Assembly of Muslim Youth (ECF No. 1164); *O'Neill* RICO Statement Applicable to Defendant World Assembly of Muslim Youth (*O'Neill* Dkt. No. 27); *O'Neill* Amended RICO Statement Applicable to Defendant World Assembly of Muslim Youth (*O'Neill* Dkt. No. 140); *Continental Casualty* RICO Statement Applicable to Defendant World Assembly of Muslim Youth (*Continental Casualty* Dkt. No. 122); *Euro Brokers* RICO Statement Applicable to the World Assembly of Muslim Youth (*Euro Brokers* Dkt. No. 99); and *WTC Properties* RICO Statement Applicable to the World Assembly of Muslim Youth (*WTC Properties* Dkt. No. 105).

[3] *See e.g.*, *O'Neill* More Definite Statement/Additional Allegations as to the World Assembly of Muslim Youth ("WAMY") (*O'Neill* Dkt. No. 265).

[4] *See e.g.*, PEC-WAMY000001-39434; NL0000001-21862.

[5] *See e.g.*, ECF No. 3463-1 (Plaintiffs' March 17, 2017 Averment of Facts and Evidence concerning WAMY at ¶¶ 19, 49, 81, 116, 236, 287, 296, 298, 316, 319, 323, 333, 369, 370, 439-475, 559, and 563); ECF No. 2927-1 (Plaintiffs' February 3, 2015 Averment of Facts and Evidence).

Dated:  December 9, 2019                    Respectfully submitted,


                                            _/s/  J. Scott Tarbutton_____
                                            J. Scott Tarbutton, Esq.
                                            THE MDL 1570 PLAINTIFFS'
                                            EXECUTIVE COMMITTEES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the Plaintiffs' Amended Responses to Defendants

World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-

International's Second Set of Interrogatories was served via electronic mail and U.S. first-class

mail, postage prepaid, this 9th day of December 2019, upon:

Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 820
New York, NY 10279


*/s/  J. Scott Tarbutton*
J. Scott Tarbutton, Esq.

LEGAL\43903537\1 00000.0000.000/117430.000