# Exhibit 3



LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 broadway, suite 820
woolworth building
new york, ny 10279
phone (212) 725-3846
facsimile (212) 202-7621
www.otmlaw.com

Omar t. mohammedi, esq.
direct dial: (212) 725-3846 x101
email: omohammedi@otmlaw.com

new York, eighth circuit
second circuit, Algerian bar
us court on international
trade

December 23, 2019

**VIA EMAIL**

Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Exec. Committees*

Sean P. Carter, Esq.
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
*For the Plaintiffs' Exec. Committees*

Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: amaloney@kreindler.com
*For the Plaintiffs' Exec. Committees*

### Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570

Dear Counsel:

We are in receipt of Plaintiffs' December 9, 2019 Amended Responses to WAMY's First and Second Set of Interrogatories (the "Responses"). This constitutes our good faith effort to address certain deficiencies concerning those Responses.

WAMY's First Set of Interrogatories, Request No. 2, and WAMY's Second Set of Interrogatories, Request No. 1, each ask Plaintiffs to "Identify…each witness mentioned in Plaintiffs' Initial Disclosures…as he or she relates to the allegation that WAMY provided material support to al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Attacks of September 11, 2011."

In response to both requests, Plaintiffs assert baseless objections and invite WAMY to undertake the task of linking the 131 individuals listed on Plaintiffs' March 9, 2018 Amended Witness Disclosure (ECF No. 3925) to Plaintiffs' roster of pleadings and document productions.

Notably, Plaintiffs' operative Witness Disclosure lists well over 100 people who supposedly have knowledge and information regarding the same topic: "the allegations, investigations, and facts concerning WAMY's provision of financial and material support to Osama bin Laden, al Qaeda, and affiliated terrorist organizations." That disclosure provides no factual details. And the "allegations" about which the witnesses supposedly have knowledge span across a series of Complaints, RICO Statements, More Definite Statements, and "other submissions" including two document productions totaling 61,296 pages. In this regard, Plaintiffs' "generalized assertions and conclusory statements provide little useful fact-based information which belies the purpose of interrogatories in the first instance." *Edebali v. Bankers Standard Ins. Co*., 2016 WL 4621077, *7 (E.D.N.Y. Sept. 6, 2016).

Moreover, Plaintiffs' Responses to the subject requests violate the settled rule that "an answer to an interrogatory must be completed within itself and it should be in a form that may be used at trial." *Int'l Mining Co., Inc. v. Allen Co., Inc*., 567 F.Supp. 777, 787 (S.D.N.Y. 1983). Therefore, "[r]eference to…other document production[s], the complaint itself, or any other documents are improper and thus unresponsive." *Trueman v. New York State Canal Corp.*, No. 1:09-CV-049, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010) (citation omitted); *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) ("it is insufficient to answer [interrogatories] by merely referencing allegations of a pleading"). *J J Delaney Carpet Co. v. Forrest Mills, Inc*., 34 F.R.D. 152 (S.D.N.Y. 1963) ("[i]ncorporation by reference of…allegations of a pleading is not a responsive answer"); *Edebali*, 2016 WL 4621077 at *2.

Additionally, Plaintiffs' inapposite boilerplate objections based on alleged prematurity, attorney-client and/or work-product privilege, and disclosure of expert opinion are misplaced. First, as fact disclosure with respect to WAMY (and the Merits Defendants) has been completed, the subject requests cannot, as Plaintiffs erroneously claim, seek information before the Plaintiffs have completed their necessary investigation. Second, as the subject requests ask Plaintiffs to identify fact witnesses as they relate to Plaintiffs' allegations that WAMY provided material support to terrorist activities, the subject requests do not appear to invade privilege or require the disclosure of an expert opinion. Accordingly, please clarify the alleged bases for these objections or withdraw them.

Plaintiffs' objection that the subject requests are "oppressive, burdensome, prejudicial, impractical, harassing, and an inefficient expenditure of the parties' resources and time" is likewise misplaced. At this stage in the litigation, discovery has concluded and it is thus "not unreasonable or burdensome" for Plaintiffs to provide factual information tracking the allegations in Plaintiffs' complaints. *See, e.g., Strauss v. Credit Lyonnais, S.A*., 242 F.R.D. 199, 234-235 (E.D.N.Y. 2007).

Lastly, the Responses are deficient, in their entirety, because they are not signed by the party to whom they are directed and signed by them under oath. Fed. R. Civ. P. 33(b)(1)(A) & (5); *Miroglio S.P.A. v. Conway Stores, Inc*., 2008 WL 4600984, at \*6 (S.D.N.Y. Oct.15, 2008) (citing *Cabales v. United States*, 51 F.R.D. 498, 499, *aff'd*, 447 F.2d 1358 (2d Cir.1971)); *Roth v. Bank of Commonwealth*, 1988 WL 43963, at \*2 (W.D.N.Y. May 4, 1988) ("Unsigned and unverified answers are not answers...and answers which are signed by the party's attorney and not made under oath by the party do not comply with Rule 33").

The Responses are not responsive and thus fail to comply with the Court's May 22, 2019 Order requiring Plaintiffs to respond to the interrogatories (ECF No. 4532).

This letter is sent without prejudice and all rights are reserved. We look forward to your cooperation in resolving these deficiencies.

Sincerely,

*/s/ Omar Mohammedi*

Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*

Frederick J. Goetz, Esq.