# Exhibit 4

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

February 4, 2020

Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
Woolworth Building
New York, NY 10279

      RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Omar:

      The Plaintiffs' Executive Committees ("PECs"), on behalf of all plaintiffs, acknowledge receipt of WAMY's January 22, 2020 and December 23, 2019 letters concerning Plaintiffs' December 9, 2019 Amended Responses to Defendant WAMY's First and Second Set of Interrogatories and respond as follows.

      In your December 23, 2019 letter, WAMY primarily takes issue with Plaintiffs' December 9, 2019 Amended Response to WAMY's Second Set of Interrogatories, Request No. 1 ("Identify … each witness mentioned in Plaintiffs' Initial Disclosures … as he or she relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks of September 11, 2001."), arguing that both Plaintiffs' Amended Witness Disclosure (ECF No. 3925) and Amended Response are deficient because they do not provide factual details, thus failing to comply with the Court's May 22, 2019 Order (ECF No. 4532).[1]

      You will recall that a similar issue concerning the Plaintiffs' witness disclosures and the categories of information required to be included in those disclosures was previously addressed with Magistrate Judge Frank Maas early in the discovery proceedings. Specifically, Judge Maas issued an order during the April 11, 2011 hearing directing the parties to incorporate a significant

---

[1] The Court's May 22, 2019 Order simply identifies the deadline to respond to WAMY's interrogatories and does not in any way address the substance or content of Plaintiffs' responses.

Omar T. Mohammedi, Esq.
Page 2
February 4, 2020

amount of information in the disclosures, including but not limited to a description of the topics the witnesses are knowledgeable about that is "based on some good faith basis for believing that they have some knowledge in that particular area." *See* Transcript, April 11, 2011 Hearing at p. 16. Consistent with that ruling, Plaintiffs have to date filed three separate supplemental witness disclosures in this litigation setting forth the required information and factual detail.[2] Plaintiffs maintain that the level of information set forth in the Amended Witness Disclosure at ECF No. 3925 in particular goes well beyond the parameters set by Judge Maas's April 2011 Order, and Plaintiffs' Amended Responses to WAMY's interrogatories are equally sufficient.

      Notwithstanding the foregoing, Plaintiffs believe a reasonable compromise can be reached with your client without burdening the Court at this time with the issues raised in your December 23, 2019 letter. Plaintiffs will be submitting their expert reports relating to WAMY and other of the merits or personal jurisdiction defendants in the near future. Plaintiffs anticipate that it will be appropriate to supplement their responses to WAMY's interrogatories soon after service of the reports, to reflect the testimony and evidence in those reports. Plaintiffs propose that WAMY simply await service of the expert reports and supplemental interrogatory answers which will likely eliminate any disputes relating to the interrogatories in question. In the event WAMY still has concerns at that time, Plaintiffs are willing to meet and confer to promptly address those issues. Please let us know if WAMY is agreeable to that proposal.

      Sincerely,

      COZEN O'CONNOR

      */s/ J. Scott Tarbutton*
      J. Scott Tarbutton, Esquire
      One Liberty Place
      1650 Market Street
      Suite 2800
      Philadelphia, PA 19103

      *On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

cc:    Members of Plaintiffs' Executive Committees (via Email)
        Frederick J. Goetz, Esq. (via Email)

LEGAL\44673001\1

---

[2] *See* Plaintiffs' Supplemental Initial Disclosures (ECF No. 2429); Plaintiffs' Second Set of Supplemental Initial Disclosures (ECF No. 3051); and Plaintiffs' Amended Witness Disclosure Pursuant to the Court's January 31, 2018 Deposition Protocol Order (ECF No. 3925).