# Exhibit 7

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA E-MAIL**

June 19, 2020

Omar T. Mohammedi, Esq.  
Law Firm of Omar T. Mohammedi, LLC  
233 Broadway, Suite 820  
Woolworth Building  
New York, NY 10279

Frederick J. Goetz, Esq.  
Goetz & Eckland  
615 1st Avenue NE  
Suite 425  
Minneapolis, MN 55413

RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Omar and Fred:

The Plaintiffs' Executive Committees ("PECs"), on behalf of all Plaintiffs, write in response to your recent correspondence concerning Plaintiffs' December 9, 2019 Amended Responses to Defendant WAMY's First and Second Set of Interrogatories.

We understand WAMY's chief concern relates to Plaintiffs' Amended Response to WAMY's Second Set of Interrogatories, Interrogatory No. 1, which requests that Plaintiffs identify and describe for WAMY how "each witness mentioned in Plaintiffs' Amended Initial Disclosures (Docket No. 2397), categories A through PP … relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks of September 11, 2001." *See* WAMY's December 23, 2019 letter (asserting that Plaintiffs' witness disclosure and Amended Responses are deficient because they provide "no factual details").[1]

For the reasons explained below, Plaintiffs already have provided WAMY with all necessary information relevant to the areas of knowledge and potential testimony of witnesses in

---

[1] WAMY also takes the position that Plaintiffs' Amended Response to WAMY's First Set of Interrogatories, Interrogatory No. 2, is deficient for failing to provide sufficient factual detail. That interrogatory similarly asks Plaintiffs to identify how each of the numerous witnesses named in an earlier filed Rule 26 disclosure at ECF No. 2388 "relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks of September 11, 2001."

Omar T. Mohammedi, Esq.
Frederick J. Goetz, Esq.
June 19, 2020
Page 2

_____

the cases against the merits defendants, and WAMY's demand for additional information ignores and is contrary to the parties' negotiations and agreements with regard to witness issues.

On several occasions over the course of discovery, the merits defendants urged Plaintiffs and the Court that Plaintiffs' witness lists should be amended, to narrow the scope of necessary discovery. In support of these requests, the merits defendants argued that witnesses whose testimony was not likely to be offered in the litigation should be eliminated from the lists, and that doing so would eliminate the need for the parties to conduct discovery as to those witnesses. In response to those arguments, Plaintiffs did in fact amend their witness lists on several occasions, consistent with the directives of the Court or otherwise. Further still, later agreements reached between the PECs and Defendants' Executive Committee ("DEC") stipulated that the parties would identify witnesses submitting affidavits or declarations. *See* Plaintiffs' June 21, 2019 letter (clearly stating that Plaintiffs were not offering affidavit or declaration testimony from any of the individuals listed in the PECs' third party witness disclosure in relation to the claims against WAMY). This concession also was aimed at avoiding the need to conduct discovery as to witnesses whose testimony was not going to be offered.

Particularly given this history and the related positions advocated by WAMY and the other merits defendants, there is no reasonable basis for WAMY to seek additional information in response to the interrogatories. Indeed, the interrogatory in question demands information relating to 1,657 potential witnesses from a list that was subsequently amended, and thus displaced, on multiple occasions. The entire purpose of the witness list amendments undertaken at the insistence of WAMY and the other defendants was to eliminate the need to conduct discovery as to witnesses whose testimony would not be offered. The overwhelming majority of the individuals on the list referenced in WAMY's interrogatory fall in that category.[2] Further discovery as to such individuals in the proceedings involving the merits defendants is precluded by WAMY's own arguments in pressing for amendments to the witness list.

At this point in the proceedings, the universe of witnesses that are going to be relevant to the case against WAMY has been defined. WAMY has all of the deposition testimony from available witnesses, including WAMY officials Dr. Saleh al Wohaibi, Dr. Abdul Wahab Noorwali, Dr. Abdulhameed al Mazroo, and Ibrahim Abdullah. WAMY also has the benefit of the agreed-upon limitations on the use of declaration or affidavit testimony from third-party witnesses. WAMY has all of the relevant discovery documents, and has been served with Plaintiffs' expert reports by Dr. Levitt and Mssrs. Jenkins, Kohlmann, and Winer addressing the documents and witness testimony. Along with the content of the witness lists themselves,[3] this

---

[2] WAMY has never amended the interrogatory, and it is categorically overbroad and unduly burdensome in its current form. In addition, the witness disclosure in issue makes clear that many of the witnesses' areas of knowledge pertain to other defendants.

[3] As explained in our February 4, 2020 letter, Plaintiffs maintain that the Rule 26(a)(1) Amended Initial Disclosures at ECF No. 2397, and each of the Plaintiffs' three supplemental witness disclosures filed thereafter, provide more than the required amount of information and factual detail as ordered by the Court during the April 11, 2011 discovery conference. *See* Plaintiffs' Supplemental Initial Disclosures (ECF No. 2429); Plaintiffs' Second Set of

Omar T. Mohammedi, Esq.
Frederick J. Goetz, Esq.
June 19, 2020
Page 3

_____

discovery and the related commitments pertaining to the use of witness testimony provide WAMY with all relevant information as to the relevant witnesses.  It is not Plaintiffs' obligation to repackage the information already provided for WAMY's convenience, much less to disclose the mental impressions of Plaintiffs' counsel in order to do so.

Sincerely,

COZEN O'CONNOR

 /s/ Sean P. Carter
Sean P. Carter, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  (215) 665-2105
E-mail:  scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER

 /s/ Andrew J. Maloney
Andrew J. Maloney, Esq.
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017
Tel:  (212) 687-8181
E-mail: amaloney@kreindler.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

MOTLEY RICE

 /s/ Robert T. Haefele
Robert T. Haefele, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Tel:  (843) 216-9184
E-mail: rhaefele@motleyrice.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

LEGAL\47069874\1

---

Supplemental Initial Disclosures (ECF No. 3051); and Plaintiffs' Amended Witness Disclosure Pursuant to the Court's January 31, 2018 Deposition Protocol Order (ECF No. 3925).