# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

July 15, 2020

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  RE: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  The Plaintiffs' Executive Committees ("PECs"), on behalf of all Plaintiffs, write in response to the letter motion filed on July 10, 2020 by Defendants World Assembly of Muslim Youth-Saudi Arabia and World Assembly of Muslim Youth-International (herein collectively referred to as "WAMY"). WAMY's motion unnecessarily burdens the Court with an entirely unnecessary discovery "dispute," which ignores the parties' negotiations and agreements relating to identification of witnesses and the detailed information WAMY has already received through Plaintiffs' amended witness lists, document productions, expert reports, and depositions.

### I. WAMY's July 10, 2020 Letter Motion Violates This Court's Local Rules and Individual Rules of Practice

  As an initial matter, WAMY's July 10, 2020 submission is in violation of Your Honor's Individual Rule of Practice in Civil Cases, Section II(C), requiring that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, ***in person or by telephone***, in an effort to resolve the dispute." (Emphasis added.) The rule further states that any letter submitted to the Court explaining the nature of the dispute "***must include evidence that the meet-and-confer process occurred***, including when and whether it was in person or over the telephone." (Emphasis original.) WAMY's July 10 letter offers no such statement because WAMY never requested a meet and confer with Plaintiffs, and further

Honorable Sarah Netburn
July 15, 2020
Page 2

_____

fails to mention that Plaintiffs expressed a willingness to meet and confer with WAMY's counsel to address the issues raised by their client.[1]  WAMY Ex. 4 at 2 (ECF No. 6309-4).

Section II(C) further underscores that the moving party must comply with Local Rule 37.2 which prohibits the motion "unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference." WAMY's motion does not comply with any of these requirements and must therefore be denied.

## II.     WAMY Ignores the Procedural History of the Litigation and the Parties' Agreements Aimed at Narrowing the Scope of Witness Testimony

By way of background, WAMY served its First and Second Set on Interrogatories directed to Plaintiffs on December 10, 2010 and January 14, 2011 respectively.  WAMY Ex. 1 at ECF No. 6309-1.  Specific to the current dispute, WAMY's Second Set of Interrogatories, Interrogatory No. 1, requests that Plaintiffs identify and describe for WAMY how "each witness mentioned in Plaintiffs' Amended Initial Disclosures (Docket No. 2397), categories A through PP … relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks of September 11, 2001."[2]

After taking nine years to complete its document production in this litigation,[3] WAMY requested that Plaintiffs amend their interrogatory responses.  Plaintiffs did so on December 9, 2019 consistent with the scheduling orders issued by the Court at ECF Nos. 5179 and 4532.  *See* Plaintiffs' Amended Responses at WAMY Ex. 2 (ECF No. 6309-2).

As set forth in WAMY's July 10 letter, the primary dispute between the parties concerns WAMY's contention that Plaintiffs' amended response to WAMY's Second Set of Interrogatories, Interrogatory No. 1, and Plaintiffs' Rule 26 witness disclosure itself at ECF No. 2397, are deficient because they provide "no factual details," and thus fail to comply with the Court's May 22, 2019 Order (ECF No. 4532).[4]  WAMY Letter at 2; WAMY Ex. 3 at 2 (ECF

---

[1] This is not the first time WAMY has disregarded Your Honor's Individual Rules of Practice explicitly requiring a meet and confer (in-person or by telephone) before seeking court intervention concerning a discovery dispute.  *See* PECs' July 8, 2019 letter (ECF No. 4666) at p. 2, n. 3 (explaining that WAMY ignored the PECs' invitation to meet and confer); WAMY's July 9, 2019 letter (ECF No. 4667) at p. 2 (asserting that it was appropriate for WAMY to conduct "a meet-and-confer in writing").

[2] WAMY's First Set of Interrogatories, Interrogatory No. 2, similarly asks Plaintiffs to identify how each of the numerous witnesses named in an earlier filed Rule 26 disclosure at ECF No. 2388 "relates to the allegations that WAMY provided material support to Al Qaeda or that WAMY was a participant in the global conspiracy leading up to the Terrorist Attacks of September 11, 2001."

[3] WAMY's final document production (WAMYSA 1248641-1249419) on June 3, 2019 was more than a year and half past the Court imposed deadline for WAMY to produce all documents by November 30, 2017 (Order at ECF No. 3762).

[4] WAMY argues that Plaintiffs' amended interrogatory responses "are not responsive and thus fail to comply with the Court's May 22, 2019 Order" at ECF No. 4532.  WAMY Letter at 3.  That assertion is misleading.  The Court's May 22, 2019 Order simply identifies the deadline to submit Plaintiffs' amended responses (which Plaintiffs

Honorable Sarah Netburn
July 15, 2020
Page 3

_____

NO. 6309-3). Plaintiffs maintain that the categories of information and factual details set forth in Plaintiffs' Rule 26 disclosures comply with, and go beyond, the parameters ordered by Magistrate Judge Frank Maas during an April 11, 2011 conference addressing similar witness disclosure issues, and that Plaintiffs' amended response are equally sufficient. *See* Plaintiffs' February 4, 2020 letter at 1-2 (ECF No. 6309-4).

More importantly, WAMY's efforts to compel Plaintiffs to provide the defendant with information in excess of what they have already provided in compliance with this Court's prior discovery orders, ignores the realities of the procedural history of this case and the agreements reached between the PECs and Defendants' Executive Committee ("DEC") (and WAMY) as part of the parties' negotiations aimed at narrowing the scope of discovery.

First, as WAMY is well aware, WAMY and other merits discovery defendants have on multiple occasions during the discovery phase of this litigation advocated for amendments to the parties' Rule 26 witness disclosures in an effort to narrow the scope of discovery, arguing that witnesses whose testimony was not likely to be offered in the litigation should be eliminated from the disclosure lists, and that doing so would eliminate the need for the parties to conduct discovery as to those witnesses. Consequently, Plaintiffs have, since the filing of the Plaintiffs' Amended Initial Disclosures on December 31, 2010 (ECF No. 2397), filed three separate, superseding Rule 26(a)(1) witness disclosures in compliance with the Court's Orders dated April 11, 2011, May 14, 2015 (ECF No. 2957), January 31, 2018 (ECF No. 3894), and February 27, 2018 (ECF No. 3909).[5] For this reason alone, there is no reasonable basis for WAMY to demand that Plaintiffs provide additional information with regard to a witness disclosure list that has long been narrowed and supplanted numerous times, particularly at WAMY's request.[6]

Second, the PECs and the DEC (and WAMY) later negotiated additional agreements resulting in a further narrowing of the parties' witness lists. For instance, in 2019, the parties agreed to undertake a good faith effort to remove third party witnesses from earlier disclosure lists that they had no intention of relying upon for an affidavit, a declaration, or testimony. *See* ECF No. 4495 at 7. Consistent with that agreement, by letter dated June 21, 2019, Plaintiffs

---

complied with), and does not in any way address the substance or content of the Plaintiffs' responses to WAMY's interrogatories.

[5] *See* Plaintiffs' Supplemental Initial Disclosures (ECF No. 2429); Plaintiffs' Second Set of Supplemental Initial Disclosures (ECF No. 3051); and Plaintiffs' Amended Witness Disclosure Pursuant to the Court's January 31, 2018 Deposition Protocol Order (ECF No. 3925).

[6] Notably, in the nine years since WAMY served its Second Set of Interrogatories in January 2011, WAMY has never amended Interrogatory No. 1 to account for the disclosure amendments and agreements described herein. To be clear, categories A through PP of Plaintiffs' Amended Initial Disclosures at ECF No. 2397 identify 1,657 potential witnesses, most of which are specifically unique to the claims asserted against other defendants in the litigation – the Muslim World League, International Islamic Relief Organization, Al Haramain Islamic Foundation, Rabita Trust, Sana Bell, Inc., Sanabel al Kheer, and Dubai Islamic Bank – and do not have any relevance to Plaintiffs' separate and distinct claims concerning WAMY. WAMY's continued insistence that Plaintiffs undertake herculean efforts to parse millions of pages of discovery documents, thousands of pages of deposition transcripts, and innumerable pages of pleadings in this litigation to identify and describe for WAMY how each of those 1,657 individuals "relates to the allegations that WAMY provided material support to Al Qaeda" is overly broad, unduly burdensome, and an inefficient expenditure of the Plaintiffs' time and resources.

made clear to WAMY's counsel that they were not offering affidavit or declaration testimony from any of the individuals listed in the PECs' third party witness disclosure in relation to the claims against WAMY.

The entire purpose of the aforementioned amendments, often undertaken at the insistence of WAMY and the other merits discovery defendants, was to eliminate the need to conduct discovery as to those witnesses whose testimony would not be offered in these proceedings. Indeed, the overwhelming majority of the witnesses identified in Plaintiffs' Amended Initial Disclosures at ECF No. 2397, as referenced in WAMY's Second Set of Interrogatories, Interrogatory No. 1, will not be offering testimony of any kind in this litigation, and further demonstrates WAMY's unreasonable demand for information.

At the present moment, the universe of witnesses that are relevant to the case against WAMY has been defined. WAMY is in possession of the deposition testimony from all available witnesses, including WAMY officials Dr. Saleh al Wohaibi, Dr. Abdul Wahab Noorwali, Dr. Abdulhameed al Mazroo, and Ibrahim Abdullah. WAMY has all of the relevant documents produced during the course of discovery, and has been served with Plaintiffs' expert reports by Dr. Levitt and Mssrs. Jenkins, Kohlmann, and Winer addressing the documents and witness testimony. *See e.g.*, Exhibit A (Expert Report of Evan Francois Kohlmann at pp. 6, 7, 23, 47-62); Exhibit B (Expert Report of Jonathan M. Winer at pp. 7, 9, 10, 17, 20, 26, 32-34, 40, 41, 45-47, 49, 56, 58, 62, 68-71, 74, 82, 91, 100-112, 116-118, 120, 121, 129) and Exhibit C (Expert Report of Dr. Matthew Levitt at pp. 28-29). WAMY also has the benefit of the agreed-upon limitations on the use of declaration or affidavit testimony from third-party witnesses.

Taken as a whole, WAMY has all of the relevant information and evidence it purportedly seeks and cannot credibly profess at this stage of the proceedings that it does not have adequate notice of the identity of witnesses the PECs contend have knowledge or information concerning allegations that WAMY provided material support to Osama bin Laden and al Qaeda in the decade leading to the September 11, 2001 attacks.

It is not Plaintiffs' obligation to collect and repackage seventeen years of information and evidence equally available to WAMY, and retrievable from the record, much less to disclose the mental impressions of Plaintiffs' counsel in order to do so. Requiring Plaintiffs to take on such a laborious task is both unreasonable and an inefficient expenditure of the Plaintiffs' time and resources.

Finally, Plaintiffs reject WAMY's contention that Plaintiffs' Amended Responses are "deficient, in their entirety, because they are not signed by the party to whom they are directed and signed by them under oath." WAMY Letter at 3. Any demand that Plaintiffs' Amended Responses should bear the signatures of each of the thousands of individual Plaintiffs participating in this consolidated litigation is incredibly burdensome and impractical. Any such endeavor could likely take a year or more to complete and will have little or no bearing on the present proceedings.

Honorable Sarah Netburn
July 15, 2020
Page 5

_____

      For the foregoing reasons, Plaintiffs respectfully submit that WAMY's July 10, 2020 letter motion to compel Plaintiffs to provide additional information concerning the Plaintiffs' Amended Initial Disclosures filed on December 31, 2010 (ECF No. 2397), should be denied.

Respectfully submitted,

| COZEN O'CONNOR | KREINDLER & KREINDLER |
|---|---|
| /s/ Sean P. Carter | /s/ Andrew J. Maloney |
| Sean P. Carter, Esq. | Andrew J. Maloney, Esq. |
| Cozen O'Connor | Kreindler & Kreindler LLP |
| One Liberty Place | 750 Third Avenue |
| 1650 Market Street, Suite 2800 | New York, NY 10017 |
| Philadelphia, PA 19103 | Tel: (212) 687-8181 |
| Tel: (215) 665-2105 | E-mail: amaloney@kreindler.com |
| E-mail: scarter1@cozen.com | |
| *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* | *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* |

MOTLEY RICE

/s/ Robert T. Haefele
Robert T. Haefele, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Tel: (843) 216-9184
E-mail: rhaefele@motleyrice.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

LEGAL\47436242\1