LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

July 20, 2020

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

**Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Judge Netburn:

WAMY briefly responds to Plaintiffs' July 15, 2020 letter [Doc 6319] opposing WAMY's request for a motion compelling Plaintiffs to cure their deficient responses to interrogatories [Doc 6309].

First, PECs' contention that WAMY supposedly is in violation of the Local Rules is easily disproved by reference to the trail of correspondence submitted in support of WAMY's July 10, 2020 letter motion. The parties exchanged correspondence from December 2019 to June 2020. As shown specifically in Exhibits 5-6 (Docs 6309-5, 6309-6), after waiting months for Plaintiffs to abide by their prior representation wherein they assured WAMY that supplemental responses were forthcoming (Exhibit 4; Doc 6309-4), WAMY advised PECs, twice, that absent timely receipt of supplemental responses, WAMY would have no recourse but to seek judicial intervention. When Plaintiffs responded to WAMY's requests by reversing course and categorically refusing to serve supplemental responses, there was nothing further for the parties to discuss. The meet-and-confer process had ended.

Second, Plaintiffs' failure to defend their deficient responses or even address the legal authorities cited in support of WAMY's application is dispositive of WAMY's entitlement to an order compelling Plaintiffs' to amend their responses in order to comply with the Federal Rules. Again, "an answer to an interrogatory must be completed within itself and it should be in a form that may be used at trial." *Int'l Mining Co., Inc. v. Allen Co., Inc.*, 567 F.Supp. 777, 787 (S.D.N.Y. 1983). Plaintiffs' generalized references to document productions, deposition testimony, and expert reports do not satisfy the standard set forth in *International Mining*. Likewise, "[r]eference to…other document production[s], the complaint itself, or any other documents are improper and thus

unresponsive." *Trueman v. New York State Canal Corp.*, No. 1:09-CV-049, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010) (citation omitted). Plaintiffs' arguments—that reference to other materials produced during discovery is sufficient—does not satisfy the standard set forth in *Trueman*. Tellingly, Plaintiffs' opposition invites the Court itself to scour hundreds of pages of expert reports to determine whether, as Plaintiffs claim, WAMY supposedly is in possession of all of the information requested by way of interrogatory. The unsigned, unverified Responses are plainly deficient.

For the foregoing reasons, and the reasons detailed in WAMY's July 10, 2020 initial letter motion, WAMY respectfully requests an Order compelling Plaintiffs to serve supplemental responses in compliance with Rule 33 and governing case law authority.

Respectfully submitted,

*/s/ Omar Mohammedi*

Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*

Frederick J. Goetz, Esq.

Cc: All counsel of record via ECF