UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001  :
:
: **MEMORANDUM IN SUPPORT**
: **OF MOTION TO FILE A NEW**
: **ASSOCIATED CASE UNDER A**
: **SHORT FORM COMPLAINT AND**
: **TO ADOPT *ASHTON* FOR CLAIMS**
: **AGAINST DEFENDANT**
: **REPUBLIC OF THE SUDAN**
:
: **1:03 MDL 1570 (GBD) (SN)**
:
:
------------------------------------------------------------x

**This Document Relates to**
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977 (GBD)(SN)
*Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 1:17-cv-02003 (GBD)(SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD)(SN)
*Burlingame, et al. v. bin Laden, et al.*, Case No. 02-cv-6977 (GBD) (SN)

*Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, Deceased; Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, Deceased; Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, Deceased; and Caroline Breitweiser v. Republic of the Sudan* **(proposed new associated case)**

Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, Deceased, Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, Deceased, Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, Deceased, and Caroline Breitweiser (collectively, the "*Maher* Plaintiffs"), through counsel, hereby respectfully submit this Memorandum In Support Of Motion To File An Associated Case And To Adopt *Ashton* For Claims Against Defendant Republic of the Sudan ("Sudan").

The object of the Motion is to preserve Plaintiffs' respective existing rights against Sudan, a defendant currently in default, and to transfer them into a new associated case, to be styled *Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, Deceased;*

*Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, Deceased; Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, Deceased; and Caroline Breitweiser v. Republic of the Sudan* ("*Maher, et al. v. Sudan*"), as authorized by this Court's Order of November 29, 2019 (MDL Doc. No. 5312).

## I.     FACTS, PROCEDURAL POSTURE, AND PURPOSE OF THE MOTION

Movants herein were all previously represented by other law firms in these MDL proceedings, in different cases: *Bauer, et al. v. al Qaeda Islamic Army, et al., and Burlingame, et al. v. bin Laden, et al.,* both incorporated the larger cases of *Ashton, et al. v. al Qaeda Islamic Army, et al.* ("*Ashton v. al Qaeda*"), and *Ashton, et al. v. Kingdom of Saudi Arabia* ("*Ashton v. KSA*"). Thus, they had asserted claims against three foreign sovereigns for providing direct and material support to al Qaeda in carrying out the 9/11 attacks: the Kingdom of Saudi Arabia ("Saudi Arabia");[1] the Islamic Republic of Iran ("Iran");[2] and, the Republic of the Sudan ("Sudan").

On December 22, 2011, while all of the Movants herein were represented by prior counsel, the Clerk of Court issued a Certificate of Default as to the Republic of the Sudan in *Ashton v. al Qaeda* for failing to answer or otherwise move with respect to the *Ashton* Consolidated Master Complaint. *Ashton* Doc. No. 652. All of the Movants' claims against Sudan are as yet unresolved

---

[1] A separate motion with respect to the moving Plaintiffs' claims against Saudi Arabia will also be filed by these Plaintiffs in due course.

[2] In October 2016, the Movants from the Maher and Ryan families obtained a default judgment, through prior counsel under the *Bauer* caption, against the Islamic Republic of Iran and were awarded solatium damages based on the evidence presented in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM) ("*Havlish*"), and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN) ("*Hoglan*"), in this MDL. On May 29, 2018, the Movants from the Breitweiser family also obtained a default judgment, through prior counsel under the *Burlingame* caption, against the Islamic Republic of Iran and were awarded solatium damages based on the evidence presented in *Havlish* and *Hoglan*.

on the merits. This Motion seeks to preserve the claims of the Maher, Ryan, and Breitweiser plaintiffs and the defaults against Sudan obtained by such Plaintiffs in the above-referenced cases.

On August 28, 2019, the Movants in the Breitweiser family filed an Unopposed Motion to Substitute Counsel to change their legal representation from their prior law firm, Speiser Krause, PC, to the undersigned attorneys, primarily so that these plaintiffs could participate in judgment enforcement proceedings in Europe with respect to Iran and its agencies and instrumentalities. A copy of the Unopposed Motion to Substitute Counsel filed by the Breitweiser family, MDL Doc. No. 5017 (erroneously docketed as No. 75017), is attached to the Motion as **EXHIBIT A**.

Similarly, on September 20, 2019, the Movants who are members of the Maher and Ryan families each filed a Motion to Substitute Counsel to change their legal representation from their prior law firm, Baumeister & Samuels, P.C., to the undersigned attorneys, for similar reasons. A copy of the Motion to Substitute Counsel filed by the Maher family, MDL Doc. 5165, is attached to the Motion as **EXHIBIT B.** A copy of the Motion to Substitute Counsel filed by the Ryan family, MDL Doc. 5164, is attached to the Motion as **EXHIBIT C**.

This Court ordered that the claims of the Movants herein, as well as the claims of certain other 9/11 families that held judgments against Iran obtained by other attorneys, be moved into a new case to be captioned *Ryan, et al. v. Islamic Republic of Iran, et al*. The *Ryan* action was to be associated with the undersigned counsel's *Havlish* and *Hoglan* actions, which have judgments against sixteen (16) Iranian parties, including the Islamic Republic of Iran, but no other nation-state. Undersigned counsel would take the necessary procedural steps to preserve Plaintiffs' respective existing judgments against Iran in *Bauer* and unify them with the judgments sought in *Ryan* against all sixteen (16) Iranian Defendants previously adjudged liable in *Havlish* and *Hoglan*, so that the

*Ryan* Plaintiffs' would have the ability to collect their damage awards both in this country and abroad.

The undersigned counsel subsequently filed *Ryan, et al. v. Islamic Republic of Iran*, *et al.,* 1:20-cv-00266 (GBD)(SN), and all the *Ryan* Plaintiffs obtained judgments against the sixteen Iranian Defendants in conformity with the previously entered judgments in *Havlish* and *Hoglan.* On the advice of co-counsel for European judgment enforcement, only defendants associated with Iran were made a part of the *Ryan* case.  Sudan, against which the moving Plaintiffs herein had obtained the benefit of a default entered by the Clerk in the *Ashton* litigation, was not included among the defendants in *Ryan* for this reason (and neither was the Kingdom of Saudi Arabia). While the *Ryan* case placed all the Movants into a similar posture with respect to their claims against Iran, the Plaintiffs are in somewhat different positions with respect to their claims against Sudan.  The instant Motion seeks to place them on an even footing with regard to Sudan.

Movants initially had their claims against Sudan asserted by prior counsel via the Complaint and Consolidated Amended Complaint in *Ashton v. al Qaeda*, filed in this Court on September 4, 2002, and March 6, 2003, respectively.  *See Ashton* Doc. Nos. 1-2 and 1-3, and 11.

Sudan was served with the *Ashton* Consolidated Master Complaint in Khartoum, Sudan, via the U.S. Department of State pursuant to 28 U.S.C. §1608(a)(4) on April 29, 2003.  Proof of service was transmitted from the U.S. Department of State to the Clerk of Court, SDNY, on May 15, 2003.  *See* Affidavit of Service of Andrew J. Maloney, *Esq*. filed with the Court on September 16, 2005, *Ashton* Doc. No. 358, a copy of which is attached to the Motion as **EXHIBIT D**.

Sudan failed to answer, or otherwise move, with respect to the *Ashton* Consolidated Master Complaint.  The Clerk of Court issued a Certificate of Default against the Republic of the Sudan on December 22, 2011.  *See* Clerk's Certificate of Default dated December 22, 2011, at *Ashton*

ECF Document 652, a copy of which is attached to the Motion as **EXHIBIT E**. At the time the Clerk issued the Certificate of Default, all the Movants were similarly situated with respect to their Sudan claims within the *Ashton* case and were represented by their respective prior counsel.

The motion to substitute counsel for the Breitweiser family was unopposed. Under its terms, the undersigned counsel was to be counsel of record for only the Breitweiser family among the hundreds of 9/11 families that are plaintiffs *in Ashton v. al Qaeda*. The motion to substitute counsel for the Maher and Ryan families was also unopposed, though prior counsel did request the Court to enter an order removing Plaintiffs not only from the *Bauer* action against Iran, but also from the *Ashton* cases, *i.e.*, the cases in which these Plaintiffs' claims against Saudi Arabia and Sudan have been litigated.

On November 26, 2019, this Court granted the respective motions to substitute counsel filed by the Maher and Ryan families, and also granted these plaintiffs leave to file a new MDL member case under which their Iran judgments and claims would conform with those previously entered against the Iranian Defendants in *Havlish* and *Hoglan*. In granting the motion, this Court directed the plaintiffs from the Maher and Ryan families "to voluntarily withdraw from the *Ashton* and *Bauer* actions and file a new member case associated with the *Havlish* action." A copy of the Order entered by U.S. Magistrate Judge Sarah Netburn on November 29, 2019, at MDL Doc. 5312 is attached to the Motion as **EXHIBIT F**.

Therefore, in contrast to the Breitweiser family, the plaintiffs from the Maher and Ryan families, who have withdrawn from the *Ashton* case as directed by the Court prior to filing *Ryan* for their Iran claims, are no longer represented by prior counsel for their claims against Sudan in this MDL.

The instant Motion requests that the claims of the Breitweiser family against Sudan be transferred from *Ashton* and joined with the Sudan claims of the Maher and Ryan families in a new member case against the Republic of the Sudan, to be placed into this MDL, so that all the members of these three families, who are now all represented by undersigned counsel, are in the same procedural posture with respect to Sudan.

The proposed Short Form Complaint styled *Maher, et al. v. Republic of the Sudan,* attached to the Motion as **EXHIBIT G**, adopts the allegations of *Ashton v. al Qaeda*. If the instant Motion is granted, it would be filed and entered into the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court. This Short Form Complaint is patterned after the procedure previously used in this MDL with respect to adoption of allegations in *Ashton* against Iran and Saudi Arabia for new plaintiffs. The difference here is that these are not new plaintiffs or new claims. As in *Ryan v. Iran*, the Movants seek leave for an efficient transfer of already existing claims and defaults, as held in the predecessor cases, into a new case associated with *Ashton v. al Qaeda* so that all such Plaintiffs are on a similar procedural footing with respect to their claims against Sudan.

The Movants must preserve their right to proceed against Sudan because Sudan has recently appeared in the MDL proceedings, more than seventeen (17) years after service of the *Ashton* Consolidated Master Complaint in which the Movants were named, yet prior to the Court directing their withdrawal from *Ashton* on November 26, 2019. Thus, because the new government in Sudan has recently demonstrated a desire to rejoin the community of nations, and, to do so, resolve claims and judgments entered against it in various proceedings in the courts of the United States under the anti-terrorism exception to foreign sovereign immunity, filing a new

6

Short Form Complaint adopting the claims in *Ashton v. al Qaeda* against Sudan under the rubric set forth in this Court's Order of July 10, 2018, is particularly warranted.

## II.     LEGAL ARGUMENT

### A.     THE MOVANTS ARE SIMILARLY SITUATED AND PROPER TO BE JOINED

All of the Movants would be properly joined together because they are similarly situated as victims of the September 11, 2001 terrorist attacks. Until recently, they were each represented by various attorneys and their claims were filed in the various above-referenced cases, all part of the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court. All have recently terminated their prior counsel in the above-referenced cases, and each has retained the undersigned counsel to continue their representation in regard to their claims against Sudan.

### B.     THE MOVANTS ARE COMPLYING WITH THIS COURT'S ORDER

On November 26, 2019, this Court, through Magistrate Judge Netburn, granted the *Maher* Plaintiffs' and the *Ryan Family* Plaintiffs' motion to substitute counsel and ordered "Plaintiffs are directed to voluntarily withdraw their claims from the *Ashton* and *Bauer* actions." (1:03-md-01570, Doc. No. 5312). The November 26, 2019 Order also directed the *Ryan* Plaintiffs to "file a new member case associated with the *Havlish* action, or otherwise file a status letter indicating how Plaintiffs will be removed from their current complaints." (1:03-md-01570, Doc. No. 5312.) It is the object of the instant Motion (and one more motion to be filed, regarding the Saudi cases) to complete compliance with this directive of the Court, and in doing so, to preserve these Movants' respective existing defaults.

The proposed *Maher* Complaint is attached to the Motion To File A New Associated Case as **EXHIBIT A**. The Movants respectfully request permission to file this proposed Complaint as such a new member case associated with *Ashton*.

C.     **THE COURT HAS AUTHORITY TO PERMIT THE FILING OF A NEW ASSOCIATED CASE CONTAINING THE PRIOR DEFAULTS**

This Court has the inherent authority to manage its docket and to join or sever claims in the interest of justice. All that is being done here is to reformat certain aspects of the litigation in order to make an orderly transition to new attorneys representing existing similarly situated parties against defendants that have been subject to this MDL from its inception. Rule 21, FED. R. CIV. PROC., provides that "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Indeed, this Court has the inherent authority to "add and drop a party" and to "sever any claims" "at any time, on just terms." *See, e.g., Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909(DLC), 2001 WL 58000, at *1-2 (S.D.N.Y., Jan. 23, 2001); *Johnson v. Bryson*, 851 F.Supp.2d 688 (S.D.N.Y. 2012). In addition, the Case Management Order of June 16, 2004, in this MDL allows parties to be added and removed with consent of the Court (03-md-01570, Doc. No. 247, paragraph 12).

Further, it is entirely proper for the Court to transfer, or carry over, the Movants' existing defaults from their original cases into the new *Maher* case, undisturbed. Those defaults have not yet led to final judgments; accordingly, this motion is entirely procedural in nature. Accordingly, the *Maher* Complaint, when filed, should relate back in time to the original Complaints filed on behalf of the respective *Maher* plaintiffs. Thus, further proceedings are necessary as to each and every proposed *Maher* plaintiff. Rule 21, FED. R. CIV. PROC., permits the Court to split their prior cases and order separate proceedings: "The court may also sever any claim against a party."

### III.     CONCLUSION

For the reasons stated above, the Movants respectfully request that this Honorable Court enter the attached proposed Order GRANTING this Motion to File An Associated Case. The Movants should be permitted to transfer their unresolved claims from their original actions and

8

their existing Certificates of Default, which remain fully effective, and to file, in their individual and representative capacities, a case associated with *Ashton* which itself is an existing case in the pending *In Re Terrorist Attacks on September 11, 2001* MDL proceedings ongoing in this Court.

Accordingly, the Movants respectfully request the proposed Complaint be accepted as a new member case associated with *Ashton v. al Qaeda,* 1:02-cv-06977, and entered into the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court. Plaintiffs are similarly situated in that they were represented by attorneys other than the undersigned, and their claims against Sudan were filed in *Ashton v. al Qaeda*. Further, it is appropriate for the *Maher* Complaint to relate back to the time of the filing of the *Ashton* Complaint with respect to the Republic of the Sudan.

                                              Respectfully submitted,

Date: August 3, 2020                    */s/ Dennis G. Pantazis*_____

                                              Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
(205) 314-0500
dgp@wigginschilds.com

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, N.W.
Suite 420
Washington, DC 20036
(202) 467-4489
tfleming@wigginschilds.com

Richard D. Hailey (IN Bar No. 7375-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the proposed Maher Plaintiffs***