UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Jessica DeRubbio v. Islamic Republic of Iran,* No. 1:18-cv-05306 (GBD) (SN)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTIONS TO ORDER OF JUDGMENT

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Order of Judgment, and say:

### BACKGROUND

On February 12, 2020, this Court entered an Order of Judgment on behalf of certain moving plaintiffs in *Jessica DeRubbio et al. v. Islamic Republic of Iran,* No. 18-cv-5306 (ECF No. 5919) (the "*DeRubbio* Plaintiffs"). The *DeRubbio* Plaintiffs, comprised of thirty-six (36) of the plaintiffs in the case, who are each a spouse, parent, child, or sibling (or their estate) of a victim killed in the terrorist attacks on September 11, 2001. Each individual plaintiff was awarded damages as set forth in Exhibits A and B to ECF No. 5919. Exhibits A and B to ECF No. 5919 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to reflect a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 5919 was entered, Kathleen Granados informed plaintiffs' counsel that she desired to have her Judgment against the Islamic Republic of Iran vacated and to not apply to the VSST on her behalf. Following this directive, Plaintiffs' counsel did not apply to the VSST on behalf of Kathleen Granados, and Plaintiffs now respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 5919.

**ARGUMENT**

I. **Rule 60(a) Permits the Court to Modify a Judgment Based**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Emp'rs Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)); *Dura-Wood Treating Co., A Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982). The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Elec. Corp. v. Branford Assocs.*, when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity, which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* In *Wheeling Downs Race Track and Gaming Ctr. v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004). Here, the error is mechanical in nature and does not require substantive judgment. The correction of ECF

No. 5919 would reflect the actual intent of plaintiffs in obtaining the default judgment against Iran.

Plaintiffs' counsel filed for Kathleen Granados who appears on line 2 of Exhibit A to ECF No. 5919, but Ms. Granados has confirmed to counsel in writing that she does not wish to have a judgment against the Republic of Iran at this time.

Given that Kathleen Granados has confirmed to counsel that she does not wish to have a judgment against the Republic of Iran at this time, we ask that the judgments for Kathleen Granados be vacated and that the Clerk remove Kathleen Granados from the Judgment Index.

## CONCLUSION

The correction requested by Plaintiffs is clerical in nature.  The requested correction does not raise issues with the substantive judgment contained in ECF No. 5919 and will not in any way change the Court's disposition.  Instead, the correction of ECF No. 5919 will allow it to more accurately reflect the Court's and plaintiffs' intent.  Moreover, the correction is necessary to the administration of justice insomuch as not making it will potentially affect the rights of the plaintiffs to enforce and collect on the judgment this Court intended in their favor.  For the foregoing reasons, plaintiffs respectfully request that the judgment for Kathleen Granados be vacated and that the Clerk remove Kathleen Granados from the Judgment Index.

Dated:  August 4, 2020

*/s/ Jerry S. Goldman*

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Stephen Wah, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-278-1000

Fax: 212-278-1733
Email: jgoldman@andersonkill.com

*Attorneys for Plaintiffs*