UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Roberta Agyeman et al. v. Islamic Republic of Iran*, No. 1:18-cv-05320 (GBD) (SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
RULE 60(a) MOTION FOR CORRECTIONS TO ORDER OF JUDGMENT**

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Order of Judgment, and say:

**BACKGROUND**

On September 6, 2019, this Court entered an Order of Judgment on behalf of certain moving plaintiffs in *Roberta Agyeman et al. v. Islamic Republic of Iran,* No. 1:18-cv-05320 (ECF No. 5093) (the "*Agyeman* Plaintiffs"). The *Agyeman* Plaintiffs, comprised one-hundred sixty-five (165) of the plaintiffs in the case, who are each a spouse, parent, child, or sibling (or their estate) of a victim killed in the terrorist attacks on September 11, 2001. Each individual plaintiff was awarded damages as set forth in Exhibit A to ECF No. 5093. Exhibit A to ECF No. 5093 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to reflect a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 5093 was entered, plaintiffs' counsel prepared the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 5093 on Iran in addition to finalizing applications to the United States Victims of State Sponsored Terrorism Fund. In the course of this review, plaintiffs' counsel discovered two errors in the exhibit they had presented to the Court. Due to these errors, plaintiffs' counsel withdrew applications to the United States Victims

of State Sponsored Terrorism Fund on behalf of Filiberta Barragan and Juana Colon, and now plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 5093 to correct plaintiffs' counsel's clerical mistakes.

## ARGUMENT

### I. Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Emp'rs Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)); *Dura-Wood Treating Co., A Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982). The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Elec. Corp. v. Branford Assocs.*, when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity, which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* In *Wheeling Downs Race Track and Gaming Ctr. v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a)

was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004). Here, the error is mechanical in nature and does not require substantive judgment. The correction of ECF No. 5093 would reflect the actual intent of plaintiffs in obtaining the default judgment against Iran.

The clerical mistakes included in plaintiffs' Exhibit A to ECF No. 5093 include two individuals who were not United States nationals on September 11, 2001. Plaintiffs incorrectly surmised that they possessed U.S. citizenship documents for Filiberta Barragan who appears on line 19 of Exhibit A to ECF No. 5093 and Juana Colon who appears on line 126 of Exhibit A to ECF No. 5093. Plaintiffs' counsel has determined that Ms. Barragan and Ms. Colon are ineligible for judgment pursuant to 28 U.S.C. § 1605A which limits relief in this situation to "a national of the United States . . . at the time the act . . . occurred." 28 U.S.C. § 1605A(a)(2)(A)(ii)(I). Given Ms. Barragan and Ms. Colon were not United States nationals on September 11, 2001, we ask that the judgments for Filiberta Barragan and Juana Colon be vacated and that the Clerk remove Filiberta Barragan and Juana Colon from the Judgment Index as they are not entitled to the relief that was awarded at the present time subject to their furnishing to counsel sufficient citizenship documentation rendering them eligible for a judgment pursuant to 28 U.S.C. § 1605A.

## CONCLUSION

The correction requested by Plaintiffs is clerical in nature despite being predicated on oversights and omission by plaintiffs' counsel in preparing the Exhibit A to ECF No. 5093. The requested correction does not raise issues with the substantive judgment contained in ECF No. 5093 and will not in any way change the Court's disposition. Instead, the correction of ECF No. 5093 will allow it to more accurately reflect the Court's and plaintiffs' intent. Moreover, the

correction is necessary to the administration of justice insomuch as not making them will potentially affect the rights of the plaintiffs to enforce and collect on the judgment this Court intended in their favor.  For the foregoing reasons, plaintiffs respectfully request that the judgments for Filiberta Barragan and Juana Colon be vacated and that the Clerk remove Filiberta Barragan and Juana Colon from the Judgment Index.

Dated:  August 4, 2020

/s/ Jerry S. Goldman

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Stephen Wah, Esq.
1251 Avenue of the Americas
New York, NY  10020
Tel: 212-278-1000
Fax: 212-278-1733
Email: jgoldman@andersonkill.com