KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

August 20, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Defendant Kingdom of Saudi Arabia ("Saudi Arabia" or "KSA") moves for a scheduling order that sets a deadline for conducting jurisdictional fact depositions. Jurisdictional discovery has been underway for almost two and one-half years. Paper discovery has been closed for six months. The Court has resolved various disputes concerning the scope of deposition discovery and has put in place a deposition protocol. The parties' dispute about whether Saudi Arabia can be compelled to produce certain individuals to testify remains pending, but that dispute should not delay the depositions of other party and non-party witnesses who are available to testify and are not the subject of any pending dispute.

      The Plaintiffs' Executive Committees ("Plaintiffs" of "PECs") have conducted one deposition this year and have scheduled one other deposition to occur in October. Plaintiffs have repeatedly indicated their desire to put depositions off until all of their reconsideration motions and objections are resolved,[1] and it is clear that they will not begin taking depositions in earnest unless the Court sets a deadline for completion. Although the ongoing public health crisis will continue to require accommodations, depositions can and should begin so that the Court and the parties can progress towards the resolution of these long-pending cases.

---

[1] *See*, *e.g.*, Ltr. from Pls.' Counsel to Hon. Sarah Netburn at 1 (filed under seal Nov. 8, 2019) ("[T]he only deadline that should be set is for the proper and fair resolution of the outstanding document discovery."); ECF No. 6002-1, at 2 (Feb. 21, 2020) (Plaintiffs' position is that "outstanding motions regarding FBI and Saudi Arabia document discovery and Saudi Arabia witnesses shall be resolved before a deposition schedule is set with discovery deadlines").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Judge Sarah Netburn
August 20, 2020
Page 2

## BACKGROUND

Jurisdictional discovery began in March 2018, and written discovery closed on January 13, 2020. *See* ECF No. 5777, at 43:10-11; Opinion & Order 7 (filed under seal June 23, 2020). Saudi Arabia substantially completed its initial document production on July 31, 2018, *see* KSA Opp. to 1st MTC at Add. 4 (filed under seal Dec. 21, 2018); its supplemental production in response to the Court's July 2019 orders by October 4, 2019, *see* KSA Opp. to 2d MTC at Add. 4 (filed under seal Feb. 5, 2020); and its supplemental production in response to the Court's January 3, 2020 order by April 6, 2020, *see* ECF No. 6146, at 1.

On February 15, 2019, the Court directed Plaintiffs to provide Saudi Arabia with a "preliminary list of witnesses who the PECs expect[ ] to depose." ECF No. 4405. Five days later, Plaintiffs provided Saudi Arabia a list of "Kingdom employees and representatives" they wanted to depose. Pounian Ex. 53 (filed under seal Mar. 10, 2020). Following additional document discovery, the Court directed Plaintiffs "to file a letter stating the scope of information [they] intend to elicit from each witness." ECF No. 5297, at 1. On December 6, 2019, Plaintiffs filed a list of 53 individuals, which purported to be "the pool of [party] witnesses . . . from which [Plaintiffs] will select deponents." Letter from S. Pounian to Hon. Sarah Netburn at 1 (filed under seal Dec. 6, 2019). That list of 53 individuals, however, did "not identif[y] the names of 35 non-party witnesses" Plaintiffs may also seek to depose. *Id*.

On January 13, 2020, the Court ruled that Plaintiffs are "entitled to 25 depositions of individuals under [Saudi Arabia's] control and 15 nonparty witnesses." ECF No. 5777, at 39:5-7. At that time, the Court declined "to set a close date for the depositions," but provided guidance that three months would be an appropriate time frame for taking depositions, *i.e.*, "60 days to take . . . depositions" and "30 days to . . . clean up and wind down." *Id*. at 40:2-10.[2] The Court also directed Saudi Arabia to notify Plaintiffs "as to each witness whether or not they will be produced for a deposition," and directed the parties to file "a proposed deposition protocol and letter briefs on [any] outstanding issues." *Id*. at 34:19-35:13, 38:25-39:4, 47:7-9; *see also* ECF No. 5916 (Feb. 11, 2020) (directing parties to submit by February 21, 2020, a "deposition protocol and any disputes related to deponents").

In accordance with the Court's direction, Saudi Arabia notified Plaintiffs on February 3, 2020, that 7 of the 53 individuals they had identified as potential party witnesses were available for deposition, but that the other 46 are unavailable because they: (1) are no longer employed by Saudi Arabia, (2) have diplomatic immunity from compelled testimony, (3) are protected from compelled testimony as high-ranking government officials, and/or (4) are beyond the scope of the limited jurisdictional discovery authorized by the Court. *See* KSA Mot. for Protective Order

---

[2] The Court also contemplated approximately one month for "scheduling" and "to figure out who, in fact, will be produced and will not be produced." ECF No. 5777, at 36:6-10.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Judge Sarah Netburn
August 20, 2020
Page 3

Ex. 1 (filed under seal Feb. 21, 2020).  Because the parties disputed whether Saudi Arabia could be required to produce those 46 individuals to testify, Saudi Arabia sought a protective order.

That same day, the parties jointly submitted a proposed deposition protocol, and each party also submitted a letter-brief about deposition-related disputes.  *See* ECF Nos. 6002-6004.  At a hearing on April 17, 2020, the Court made clear that "[s]ome of the depositions . . . are going to have to go forward by remote means" and urged Plaintiffs to "start thinking about those types of depositions."  ECF No. 6158, at 13:6-8.  On May 11, 2020, the Court resolved all outstanding deposition protocol issues.  ECF No. 6204.  In addition, although the Court "decline[d] to set a firm deadline for the completion of all fact depositions in light of the current public health crisis," it ruled that "[d]epositions pertaining to the authentication of documents produced by non-parties should proceed immediately via videoconference."  *Id*. at 1.  At a subsequent hearing on May 21, 2020, the Court reiterated that the parties "should be creative" and should be conducting depositions "now with remote means."  ECF No. 6274, at 146:10-18.

Although Plaintiffs' counsel represented to the Court in January that they want to depose "a good number of third-party witnesses" about document-authentication issues, ECF No. 5777, at 9:13-10:10; *see also* ECF No. 6003, at 2 (Plaintiffs representing on February 21 that "depositions of third parties that produced documents can proceed"), Plaintiffs have noticed no such depositions.  Nor have they attempted to move other deposition discovery forward.  This year, Plaintiffs have deposed only one witness, non-party Akram Alzamari, on March 11, 2020.  Last year, Plaintiffs subpoenaed the deposition of one additional non-party, Mohdar Abdullah, pursuant to the Hague Convention.  The Swedish court overseeing that process has currently set an in-person hearing date in October.  *See* ECF No. 6266.  Plaintiffs have not subpoenaed, noticed, scheduled, or taken the deposition of any other witness this year.

The parties conducted a meet-and-confer call on August 17, 2020.  On that call, Plaintiffs stated that they are unwilling to move forward with any substantive party or non-party depositions until the Court resolved Saudi Arabia's pending motion for protective order.  Plaintiffs further stated that they are unwilling to conduct remote depositions.  Plaintiffs did state that they may be willing to move forward with certain "authentication" depositions; however, Plaintiffs again would not commit to proceeding by remote means.

**ARGUMENT**

"[T]rial courts have broad authority to oversee and set a discovery schedule as appropriate for each case."  *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).  This Court has "broad authority to control discovery" in this "complex multi-party litigation" to use a variety of measures to ensure "orderly and reasonable discovery," including "time limits, schedules for discovery, and limitations on deposition discovery."  *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523 (1996), *clarified on other grounds on denial of reh'g*, 112 F.3d 88 (2d Cir. 1997) (per curiam), and *overruled on other grounds by New York v. Nat'l Servs. Indus., Inc.*, 352 F.3d 682, 685 (2d Cir. 2003).  In particular, "[t]ime limits impose valuable discipline on

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Judge Sarah Netburn
August 20, 2020
Page 4

attorneys, forcing them to be selective and helping to move the case expeditiously." Fed. Judicial Ctr., *Manual for Complex Litigation (Fourth)* § 11.422, at 54 (2004).

A deadline for depositions is necessary "to secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Eight of the party witnesses Plaintiffs have said they want to depose are currently available for deposition.[3] Plaintiffs have also represented that they intend to exhaust their remaining non-party depositions (which will number 11 once the deposition of Mohdar Abdullah is completed) by selecting from a list of still-unidentified "35 potential non-party witnesses," ECF No. 6003, at 3, and that they intend to take document-authentication-related depositions of certain non-parties that have produced documents in this case, ECF No. 5777, at 9:13-10:10.

These depositions can and should move forward now. Saudi Arabia has been suggesting since January 2019 that depositions should be promptly scheduled. *See*, *e.g.*, ECF No. 4390 (requesting scheduling order "concerning the number and identities of deponents" so that "depositions . . . can begin soon afterwards"). As for the eight party witnesses, Plaintiffs need only propose deposition dates and times that are convenient for Plaintiffs, and Saudi Arabia will do whatever it can to accommodate those dates. Plaintiffs have neither taken nor noticed a single additional deposition since the April 17 hearing or the May 11 Order in which the Court made clear that certain depositions should proceed "immediately." A deadline is needed to "impose valuable discipline." *Manual for Complex Litigation* § 11.422, at 54.

Accordingly, Saudi Arabia requests that the Court issue a scheduling order that sets a presumptive three-month deadline for the completion of fact depositions. In light of the global COVID-19 pandemic that may impede travel and in-person meetings, the depositions in this case can and should proceed remotely by videoconference. The parties in this multidistrict litigation have experience conducting depositions via videoconference, including depositions of Arabic-speaking witnesses that require translation. *See* ECF No. 5235, at 2; ECF No. 6274, at 141:22-144:24. Those depositions have all been conducted efficiently and effectively with no issues relating to their remote nature. Moreover, in the past several months, our firm has taken and defended dozens of remote depositions in numerous cases pending in federal courts throughout the country. Those depositions have likewise proceeded efficiently and without issue. Courts have the discretion to order that depositions "be taken by telephone or other remote means," Fed. R. Civ. P. 30(b)(4), and, over the past several months, courts around the country, including judges in this District, have exercised that discretion, *see*, *e.g.*, Order at 6, *Joffe v. King & Spalding LLP*, No. 17 Civ. 3392 (VEC) (SDA), ECF No. 239 (S.D.N.Y. June 4, 2020) ("The parties are directed to proceed by remote deposition."); *Sinceno v. Riverside Church in New York*, 2020 WL1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (permitting "all depositions in this action [to] be taken via telephone, videoconference, or other remote means"); *In re Broiler*

---

[3] This includes the seven witnesses Saudi Arabia identified as available in February 2020, *see* KSA Mot. for Protective Order Ex. 1 (filed under seal Feb. 21, 2020), as well as Faisal Al Muhanna, who was recently located and will appear for a deposition, *see* ECF No. 6323, at 1-2.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Judge Sarah Netburn
August 20, 2020
Page 5

*Chicken Antitrust Litig.*, 2020 WL 3469166, at *5 (N.D. Ill. June 25, 2020) ("[T]he parties and their counsel are going to have to have to adapt, make some choices, be creative, and compromise in this and every other case in which they are involved during this time without modern precedent."); *Wilkens v. ValueHealth, LLC*, 2020 WL 2496001, at *2 (D. Kan. May 14, 2020) ("Video or teleconference depositions and preparation are the 'new normal' and most likely will be for some time.  Litigation cannot just come to an indefinite halt.").

      Saudi Arabia recognizes that any deadline set by the Court may need to be extended "for good cause."  Fed. R. Civ. P. 16(b)(4).  As the Court has previously made clear, however, depositions "are going to have to go forward by remote means," ECF No. 6158, at 13:6-7, and the possibility that good cause might justify a narrow extension down the road is not a reason to forgo setting a deadline now.  Jurisdictional discovery has been ongoing for well over two years and, without a deadline, will continue indefinitely.

      Accordingly, Saudi Arabia respectfully requests that the Court set a deadline for the completion of fact depositions of three months from the date of an order granting this motion, with exceptions or extensions to be permitted only for good cause.

      Respectfully submitted,

      */s/ Michael K. Kellogg*

      Michael K. Kellogg
      *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)