# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

August 24, 2020

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    The Plaintiffs Executive Committees ("PECs"), on behalf of all Plaintiffs, file this letter-motion concerning the scheduling for briefing of Saudi Arabia's August 21, 2020 letter motion, ECF No. 6398, through which Saudi Arabia requests that the Court set a deadline for completion of depositions and that depositions be conducted by remote means.

    The Plaintiffs respectfully request that substantive briefing on Saudi Arabia's motion be deferred until the Court has resolved the outstanding witness issues pending before Your Honor. Saudi Arabia has already pressed on several occasions for the Court to set deadlines for depositions, and the Court has in each instance declined to set such deadlines in a vacuum. Further, this Court's May 11, 2020 Order on the deposition protocol specifically directed the parties to meet and confer *after* the Court had issued its decision concerning the witness issues to allow for a proper discussion of the logistics and proposals for proceeding with the depositions. ECF No. 6204.  That Order states that "[t]he Court declines to set a firm deadline for the completion of all fact depositions in light of the current public health crisis" and that "[a]fter the Court resolves the outstanding witness disputes, the parties should confer regarding the sequencing of the depositions of Saudi government witnesses and should present a joint proposal to the Court regarding how those depositions will proceed." *Id.* at 1.  Ten days later, at the May 21, 2020 hearing, this Court observed that its "expectation was that once we had resolved all of the outstanding issues for how we were going to move forward with depositions that the parties would put that in a single document and present it to me to be executed."  May 21, 2020 Hearing at 146.

Saudi Arabia did not move for reconsideration or file an objection to this Court's May 11, 2020 Order. In our meet and confer prior to this motion, the PECs raised the Court's May 2020 Order with Saudi Arabia, and urged that the filing of any additional motion at this time was contrary to that Order and an unnecessary distraction, but Saudi Arabia proceeded to file its motion nonetheless.

In keeping with the Court's prior directives, Plaintiffs respectfully submit that briefing on Saudi Arabia's motion should be deferred until after the Court has issued its rulings on the pending witness issues. That will allow the parties to confer on a substantive basis and present more thoughtful proposals on how best to proceed. To the extent the Court deems it appropriate for briefing on the motion to proceed before the witness issues have been resolved, Plaintiffs respectfully request that that their substantive response be due on September 10, 2020.

Prior to filing this motion, we wrote to Saudi Arabia's counsel, stating that Plaintiffs planned to write this letter to the Court to request that briefing on the Kingdom's motion be deferred until the pending witness issues have been resolved. Plaintiffs further proposed that, should the Court deem it appropriate for briefing on Saudi Arabia's motion to go forward while the outstanding witness issues remain pending, the Plaintiffs would request that their substantive response to Saudi Arabia's motion be due on September 10, 2020. Saudi Arabia answered that the Kingdom "will consent to two weeks to respond to the August 20 letter motion, but do not agree that Plaintiffs may file multiple oppositions." For the reasons stated above, Plaintiffs do not believe that the Kingdom's answer was appropriate given the Court's May 2020 Order, and respectfully submit that this letter seeking the Court's views on timing in light of its prior orders is not an "opposition."

Plaintiffs thank the Court for Your Honor's attention to this matter, and will await direction from the Court on the timing issues raised above before responding to Saudi Arabia's motion on a substantive basis.

Respectfully submitted,

| KREINDLER & KREINDLER LLP | MOTLEY RICE LLC |
|---|---|
| By: /s/ Steven R. Pounian<br>Steven R. Pounian<br>Andrew J. Maloney<br>Kreindler & Kreindler LLP<br>750 Third Avenue<br>New York, NY 10017<br>Tel: (212) 687-8181<br>E-mail: spounian@kreindler.com | By: /s/ Robert T. Haefele<br>Robert T. Haefele<br>Motley Rice LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel: (843) 216-9184<br>E-mail: rhaefele@motleyrice.com |
| *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* | *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* |

COZEN O'CONNOR

By:   /s/  Sean P. Carter
    Sean P. Carter
    Cozen O'Connor
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, PA  19103
    Tel: (215) 665-2105
    E-mail: scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

LEGAL\47962126\1