KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 25, 2020

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

     On behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia"), I write in reply to the letter from the Plaintiffs' Executive Committees ("Plaintiffs") dated August 24, 2020 (ECF No. 6403), opposing the motion for a deposition schedule that Saudi Arabia filed on August 20, (ECF No. 6398).

     Plaintiffs' letter quotes the Court's earlier statements out of context and ignores its directions on May 11, 2020, that "[d]epositions pertaining to the authentication of documents . . . should proceed immediately by videoconference," ECF No. 6204, at 1; and that, as of May 21, the parties should be conducting depositions "now with remote means," ECF No. 6274, at 146:10-18.  The current situation – in which three months have passed without any further steps towards the depositions – is inconsistent with the Court's guidance.  Indeed, Plaintiffs' response confirms they do not intend to proceed with any depositions at all until the Court sets a time limit for them to do so.

     The Court should reject Plaintiffs' counterproposal (at 2) that the Court should await their "substantive" response to Saudi Arabia's motion before ruling, and should permit them to submit that substantive response only after the Court resolves the parties' cross-motions concerning which party witnesses should be deposed.  Plaintiffs have had a fair opportunity to respond to Saudi Arabia's motion – and Saudi Arabia offered consent to a courtesy extension that would have given them up to two weeks, which they rejected.  Their current letter fully states their position that depositions should not proceed until the cross-motions are resolved.  More letters are unlikely to raise points that the Court has not already heard.  The Court can and should set a schedule now with respect to third-party witnesses, "authentication" witnesses, and party witnesses who Saudi Arabia has agreed to make available; none of these witnesses is a subject of the pending motions.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 25, 2020
Page 2

        Respectfully submitted,

        */s/ Michael K. Kellogg*

        Michael K. Kellogg
        *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)