**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
*IN RE* **TERRORIST ATTACKS**                        :
**ON SEPTEMBER 11, 2001**                            :        03 MDL 1570 (GBD)(SN)
                                                      :
                                                      :
-------------------------------------------------------------------x
**This Document Relates to:**
**Havlish, et al. v. bin Laden, et al.**
**1:03-cv-9848 (GBD)(SN)**


### PLAINTIFFS' MOTION TO SERVE WRITS OF EXECUTION
### BY PRIVATE PROCESS SERVER

Pursuant to Fed. R. Civ. P. 4.1, the Havlish Plaintiffs, through counsel, hereby respectfully submit this Motion for the Appointment of a Process Server to Serve Writs of Execution, and in support thereof, aver the following:

1. The Havlish Plaintiffs are representatives of Decedents' Estates and individual family members of such Decedents and are holders of judgments issued by this Court against the Islamic Republic of Iran ("Iran") and fifteen additional Defendants, one of which is the Central Bank of Iran, *aka* Bank Markazi. *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM) (S.D.N.Y.), *Havlish* Doc. No. 317, dated October 16, 2012.

2. This Court authorized Plaintiffs to execute their Judgments pursuant to 28 U.S.C. § 1610(c). *See Havlish* Doc. No. 393, dated September 12, 2013. More recently, the Court specifically authorized the Havlish Plaintiffs to execute their Judgments in the Southern District of New York against Bank Markazi assets held by Clearstream Banking S.A. *See Havlish* Doc. No. 504, dated April 7, 2020.

3. This Court authorized the Plaintiffs to issue restraining notices specifically on Clearstream Banking, S.A., pursuant to New York Consolidated Laws, Civil Practice Law and Rules - CVP § 5222. *See Havlish* Doc. No. 504, dated April 7, 2020.

4. On April 27, 2020, the Clerk for the United States District Court for the Southern District of New York, under seal of this Court, issued a writ of execution upon Clearstream Banking, S.A., pursuant to NY CPLR 5225. The writ of execution was entered on the *Havlish* docket (without a corresponding docket number) on April 27, 2020 ("Writ of Execution").

5. The Writ of Execution issued by this Court directs the Office of the United States Marshal for the Southern District of New York ("SDNY Marshal Service") to enforce and satisfy a judgment for payment of money pursuant to Rule 69 of the Federal Rules of Civil Procedure.

6. On April 28, 2020, the Havlish Plaintiffs delivered the Writ of Execution to the SDNY United States Marshal Service ("SDNY Marshal Service") for service on Clearstream. The Havlish Plaintiffs were thereafter informed that, as a result of COVID-19-related precautions, the SDNY Marshal Service was not serving process of any kind, including writs of execution, until further notice.

7. Since April 28, 2020, the Havlish Plaintiffs have periodically checked on the status of the SDNY Marshal Service, including communications directly with representatives of the SDNY Marshal Service. As recently as August 13, 2020, the Havlish Plaintiffs' counsel were informed the SDNY Marshal Service is still not serving writs of execution and were further informed that the SDNY Marshal Service could not provide an estimate for when

such service would resume. *See* Exhibit A (email exchange between Thomas E. Mellon, III, Esq. and Becky Brill.)

8. Fed. R. Civ. P. 4.1(a) authorizes a court to "specially appoint[]" someone other than "a United States marshal or deputy marshal" to serve most kinds of process. Rule 4.1 gives courts the authority to appoint a process server retained by the Havlish Plaintiffs' counsel to serve writs of execution. *See, e.g., Lation v. Fetner Properties*, 17-cv-3276, 2019 WL 1614691 at *3-4 (S.D.N.Y. April 16, 2019) (appointing a process server to serve a writ of execution when the SDNY Marshal Service was unavailable during a government shutdown).

9. Under the circumstances described above, the Havlish Plaintiffs ask the Court to appoint Classic Legal Support Services, Inc., a private process server retained by the Havlish Plaintiffs, at their own cost, to serve the Writ of Execution, any new, additional, or reissued writs of execution, and any documents related to such writs until the SDNY Marshall Service once again begins serving process.

10. The Havlish Plaintiffs ask the Court to appoint Classic Legal Support Services for at least two reasons.

   a. First, as set forth above, the SDNY Marshal Service is currently not serving writs of execution or any other process, including summonses under Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). *See* Exhibit B, Standing Order M10-468 (March 13, 2020) (suspending service of summons until further order of the court lifts the suspension). The SDNY Marshal Service cannot provide an estimate for when it will resume serving writs of execution.

      b.      Second, when the SDNY Marshal Service does resume serving writs of execution, there will be, undoubtedly, a backlog of such service requests as well as a legion of other tasks to which the Marshals will need to attend. The backlog and the other obligations will likely further delay any efforts to serve the Writ of Execution, any new or reissued writs of execution, or any other documents relating to them.

11.    Service of the Writ of Execution by Classic Legal Support Services will be timely. On March 20, 2020, New York Governor Andrew Cuomo issued an Executive Order for the "Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency." Exhibit C, Executive Order 202.8 ("NY E.O. 202.8"). NY E.O. 202.8 was issued as part of the State of New York's response to the COVID-19 pandemic. Among other things, NY E.O. 202.8 tolled:

> any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020.

12.    By its terms, therefore, NY E.O. 202.8 tolls the time limits within which judgment creditors must serve duly issued writs. In a series of additional Executive Orders, Governor Cuomo has extended the tolling period until September 4, 2020. *See* Exhibits D, E, F, and G: NY E.O. 202.14, 202.38. 202.48, 202.55, respectively.

13.    Classic Legal Support Services, Inc. is located at 475 Park Avenue South, 18th Floor, New York, New York, 10016.

14.    Plaintiffs will bear the entire cost to retain Classic Legal Support Services, Inc.

The grounds for this motion are further set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion to Serve Writs of Execution By Private Process Server.

**WHEREFORE,** and in light of the foregoing and for good cause shown, the Havlish Plaintiffs, through their counsel, respectfully request that this Honorable Court enter the attached proposed Order GRANTING the Plaintiffs' Motion to Serve Writs of Execution By Private Process Server, authorizing the Havlish Plaintiffs to reissue the writ of execution originally issued on April 27, 2020, and allowing the Havlish Plaintiffs' counsel to retain an alternative, private process service to serve both the April 27, 2020 writ of execution and any reissued writ of execution on Clearstream Banking S.A., together with any other related papers, until such time as the United States SDNY Marshal Service resumes serving writs of execution and clears its backlog of service obligations.

                                       Respectfully Submitted,

Date: August 27, 2020               */s/ Timothy B. Fleming*_____
                                       Timothy B. Fleming (DC Bar No. 351114)
                                       WIGGINS CHILDS PANTAZIS
                                       FISHER GOLDFARB PLLC
                                       1211 Connecticut Avenue, N.W.
                                       Suite 420
                                       Washington, DC  20036
                                       (202) 467-4489

                                       Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                       WIGGINS CHILDS PANTAZIS
                                       FISHER GOLDFARB LLC
                                       The Kress Building
                                       301 19th Street North
                                       Birmingham, AL  35203
                                       (205) 314-0500

                                       Richard D. Hailey (IN Bar No. 7375-49)
                                       Mary Beth Ramey (IN Bar No. 5876-49)
                                       RAMEY & HAILEY

9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for the* **Havlish** *Plaintiffs*