**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
*IN RE* **TERRORIST ATTACKS**                :
**ON SEPTEMBER 11, 2001**                    :    **03 MDL 1570 (GBD)(SN)**
                                             :
                                             :
------------------------------------------------------------------x
**This Document Relates to:**
**Havlish, et al. v. bin Laden, et al.**
**1:03-cv-9848 (GBD)(SN)**

**PLAINTIFFS' MOTION TO SERVE WRITS OF EXECUTION**
**BY PRIVATE PROCESS SERVER**

# EXHIBIT D



No. 202.14

## EXECUTIVE ORDER

### Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency

**WHEREAS,** on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS,** both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE,** I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order to 202, for thirty days until May 7, 2020, except as limited below.

**IN ADDITION,** I hereby temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, for the period from the date of this Executive Order through May 7, 2020, the following:

- Section 6524 of the Education Law, section 60.7 of title 8 of NYRR and section paragraph (1) of subdivision (g) 405.4 of title 10 of the NYCRR to the extent necessary to allow any physician who will graduate in 2020 from an academic medical program accredited by a medical education accrediting agency for medical education by the Liaison Committee on Medical Education or the American Osteopathic Association, and has been accepted by an Accreditation Council for Graduate Medical Education accredited residency program within or outside of New York State to practice at any institution under the supervision of a licensed physician;

- Subdivisions one, two, four, five, eight and nine of Section 1726 of the Surrogate's Court Procedure Act are hereby modified to provide that any parent, a legal guardian, a legal custodian, or primary caretaker who works or volunteers in a health care facility or who reasonably believes that they may otherwise be exposed to COVID-19, may designate a standby guardian by means of a written designation, in accordance with the process set forth in such subdivisions; and such designation shall become effective also in accordance with the process set forth in such subdivisions; and

- Sections 3216(d)(1)(C) and 4306(g) of the Insurance Law, subject to consideration by the Superintendent of Financial Services of the liquidity and solvency of the applicable insurer, corporation subject to Article 43 of the Insurance Law, or health maintenance organization certified pursuant to Article 44 of the Public Health Law, to:

- o Extend the period for the payment of premiums to the later of the expiration of the applicable contractual grace period and 11:59 p.m. on June 1, 2020, for any comprehensive health insurance policyholder or contract holder under an individual policy or contract, as those terms are used in such sections, who is facing a financial hardship as a result of the COVID-19 pandemic; and

- o Require that the applicable insurer, corporation subject to Article 43 of the Insurance Law, or health maintenance organization certified pursuant to Article 44 of the Public Health Law shall be responsible for the payment of claims during such period and shall not retroactively terminate the insurance policy or contract for non-payment of premium during such period.

**FURTHER,** I hereby issue the following directives for the period from the date of this Executive Order through May 7, 2020:

- Any medical equipment (personal protective equipment (PPE), ventilators, respirators, bi-pap, anesthesia, or other necessary equipment or supplies as determined by the Commissioner of Health) that is held in inventory by any entity in the state, or otherwise located in the state shall be reported to DOH. DOH may shift any such items not currently needed, or needed in the short term future by a health care facility, to be transferred to a facility in urgent need of such inventory, for purposes of ensuring New York hospitals, facilities and health care workers have the resources necessary to respond to the COVID-19 pandemic, and distribute them where there is an immediate need. The DOH shall either return the inventory as soon as no longer urgently needed and/or, in consultation with the Division of the Budget, ensure compensation is paid for any goods or materials acquired at the rates prevailing in the market at the time of acquisition, and shall promulgate guidance for businesses and individuals seeking payment.

- By virtue of Executive Orders 202.3, 202.4, 202.5, 202.6, 202.7, 202.8, 202.10, 202.11, and 202.13 which closed or otherwise restricted public or private businesses or places of public accommodation, and which required postponement or cancellation of all non-essential gatherings of individuals of any size for any reason (e.g. parties, celebrations, games, meetings or other social events), all such Executive Orders shall be continued, provided that the expiration dates of such Executive Orders shall be aligned, such that all in-person business restrictions and workplace restrictions will be effective until 11:59 p.m. on April 29, 2020, unless later extended by a future Executive Order.

- The enforcement of any violation of the foregoing directives on and after April 7, 2020, in addition to any other enforcement mechanism stated in any prior executive orders, shall be a violation punishable as a violation of public health law section 12-b(2) and the Commissioner of Health is directed and authorized to issue emergency regulations. The fine for such violation by an individual who is participating in any gathering which violates the terms of the orders or is failing to abide by social distancing restrictions in effect in any place which is not their home shall not exceed $1,000.

- The directive contained in Executive Order 202.4 as amended by Executive Order 202.11 related to the closure of schools statewide shall hereafter be modified to provide that all schools shall remain closed through April 29, 2020, at which time the continued closure shall be re-evaluated. No school shall be subject to a diminution in school aid due to failure to meet the 180 day in session requirement as a result of the COVID-19 outbreak, provided their closure does not extend beyond the term set forth herein. School districts must continue plans for alternative instructional options, distribution and availability of meals, and child care, with an emphasis on serving children of essential workers, and continue to first use any vacation or snow days remaining.

- Superintendent of Financial Services shall have the authority to promulgate an emergency regulation, subject to consideration by the Superintendent of Financial Services of the liquidity and solvency of the applicable insurer, corporation subject to Article 43 of the Insurance Law, health maintenance organization certified pursuant to Article 44 of the Public Health Law, or student health plan certified pursuant to Insurance Law § 1124, to:

  - o extend the period for the payment of premiums to the later of the expiration of the applicable contractual grace period and 11:59 p.m. on June 1, 2020 for any small group or student blanket comprehensive health insurance policy or contract, or any child health insurance plan policy or contract where the policyholder or contract holder pays the entire premium, as those terms are used in the Insurance Law, for any policyholder or contract holder who is facing financial hardship as a result of the COVID-19 pandemic; and

- - require that the applicable insurer, corporation subject to Article 43 of the Insurance Law, health maintenance organization certified pursuant to Article 44 of the Public Health Law, or student health plan certified pursuant to Insurance Law § 1124, shall be responsible for the payment of claims during such period and shall not retroactively terminate the insurance policy or contract for non-payment of premium during such period.

- Superintendent of Financial Services shall have the authority to promulgate emergency regulations necessary to implement this Executive Order, including regulations regarding: (1) the waiver of late fees; and (2) the prohibition on reporting negative data to credit bureaus.

- For the purposes of Estates Powers and Trusts Law (EPTL) 3-2.1(a)(2), EPTL 3-2.1(a)(4), Public Health Law 2981(2)(a), Public Health Law 4201(3), Article 9 of the Real Property Law, General Obligations Law 5-1514(9)(b), and EPTL 7-1.17, the act of witnessing that is required under the aforementioned New York State laws is authorized to be performed utilizing audio-video technology provided that the following conditions are met:
  - The person requesting that their signature be witnessed, if not personally known to the witness(es), must present valid photo ID to the witness(es) during the video conference, not merely transmit it prior to or after;
  - The video conference must allow for direct interaction between the person and the witness(es), and the supervising attorney, if applicable (e.g. no pre-recorded videos of the person signing);
  - The witnesses must receive a legible copy of the signature page(s), which may be transmitted via fax or electronic means, on the same date that the pages are signed by the person;
  - The witness(es) may sign the transmitted copy of the signature page(s) and transmit the same back to the person; and
  - The witness(es) may repeat the witnessing of the original signature page(s) as of the date of execution provided the witness(es) receive such original signature pages together with the electronically witnessed copies within thirty days after the date of execution.

G I V E N   under my hand and the Privy Seal of the State in the City of Albany this seventh day of April in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor