UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
*IN RE* TERRORIST ATTACKS                          :
ON SEPTEMBER 11, 2001                              :      03 MDL 1570 (GBD)(SN)
                                                   :
                                                   :
------------------------------------------------------------------x

This Document Relates to:
<u>Havlish, et al. v. bin Laden, et al.</u>
1:03-cv-9848 (GBD)(SN)


### PLAINTIFFS' MOTION TO SERVE WRITS OF EXECUTION
### <u>BY PRIVATE PROCESS SERVER</u>


# EXHIBIT G



State of New York

Executive Chamber

No. 202.55

## E X E C U T I V E   O R D E R

### Continuing Temporary Suspension and Modification of Laws
### Relating to the Disaster Emergency

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, do hereby continue the directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.21, and Executive Order 202.27, 202.28, 202.29, 202.30, 202.38, 202.39, and 202.40, as continued and contained in Executive Order 202.48, 202.49, and 202.50 for another thirty days through September 4, 2020, and I hereby suspend or modify for thirty days through September 4, 2020:

- Sections 5-11.0(a), 5-16.0(a) 5-18.0(1) and 6-22.0 of the Nassau County Administrative Code, to the extent necessary to authorize the Nassau County Executive to:
    - change the deadline for the County Assessor to complete the extension of taxes for 2020-2021 school district purposes (and file the certificate associated therewith), from September 18, 2020 to October 16, 2020;
    - change the deadline for the County Legislature to levy such taxes from September 18, 2020 to October 16, 2020;
    - change the deadline for the County to deliver to the town tax receivers the 2020-2021 school district assessment roll and warrants from September 28, 2020 to October 26, 2020;
    - change the deadline that first half 2020-2021 school district taxes shall be due and payable from October 1, 2020 to November 1, 2020; and
    - change the deadline by which the first half 2020-2021 school district taxes may be paid without interest or penalties from November 10, 2020 to December 10, 2020, with payments made after such date to be subject to interest and penalties beginning on December 11, 2020.

- Section 730(3) of the Real Property Tax Law, to the extent necessary to extend the deadline for filing a 2020 small claims assessment review petition in relation to property located in Nassau County to September 4, 2020; provided that such deadline shall not be further extended unless expressly provided otherwise by an Executive Order issued hereafter;

- Section 711 of the Real Property and Proceedings Law, Section 232-a of the Real Property Law, and subdivisions 8 and 9 of section 4 of the Multiple Dwelling Law, and any other law or regulation are suspended and modified to the extent that such laws would otherwise create a landlord tenant relationship between any individual assisting with the response to COVID-19 or any individual that

has been displaced due to COVID-19, and any individual or entity, including but not limited to any hotel owner, hospital, not-for-profit housing provider, hospital, or any other temporary housing provider who provides temporary housing for a period of thirty days or more solely for purposes of assisting in the response to COVID-19;

- Sections 352-eeee(2)-(2)(a) of the General Business Law, and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires that an offering statement or prospectus filed with the Department of Law must be declared effective within fifteen months from filing or from the date of issuance of the letter of the attorney general stating that the offering statement or prospectus has been accepted for filing (the "Fifteen Month Period"), and any such Fifteen Month Period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days (the "Tolling Period"). In addition, any deadlines contained within paragraphs 352-eeee(1)(f), 352-eeee(1)(g), 352-eeee(2)(c)(vi), 352-eeee(2)(c)(vii), and 352-eeee(2)(d)(ix) shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must treat all tenants in occupancy as non-purchasing tenants as defined by GBL 352-eeee(1)(e) for the duration of the Tolling Period, and must provide all such tenants in occupancy with all protections accorded to non-purchasing tenants under GBL 352-eeee for the duration of the Tolling Period. Sponsor must submit an amendment to the offering plan to the Department of Law updating the date by which sponsor must declare the offering plan effective, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law;

- Sections 352-eee(2)-(2)(a) of the General Business Law, and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires that an offering statement or prospectus filed with the Department of Law must be declared effective within twelve months from filing or from the date of issuance of the letter of the attorney general stating that the offering statement or prospectus has been accepted for filing (the "Twelve Month Period"), and any such Twelve Month Period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days ("the Tolling Period"). In addition, any deadlines contained within paragraphs 352-eee(1)(f), 352-eee(1)(g), 352-eee(2)(d)(vi), and 352-eee(2)(d)(ix) shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must treat all tenants in occupancy as non-purchasing tenants as defined by GBL 352-eee(1)(e) for the duration of the Tolling Period, and must provide all such tenants in occupancy with all protections accorded to non-purchasing tenants under GBL 352-eee for the duration of the Tolling Period. Sponsor must submit an amendment to the offering plan to the Department of Law updating the date by which sponsor must declare the offering plan effective, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law;

- 13 NYCRR § 20.3(o)(12), and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to offer rescission if the first closing of a unit does not occur within a period of twelve months after the projected date for such closing (corresponding to the projected first year of operation) as set forth in the offering plan, and any such twelve month period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation and projected date of first closing, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law. The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of any such twelve month period to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- 13 NYCRR § 22.3(k)(10), and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to offer rescission if the first closing of a home or lot does not occur within a period of twelve months after the projected date for such closing (corresponding to the projected first year of operation) as set forth in the offering plan, and any such twelve month period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation and projected date of first closing, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law. The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of any such twelve month period to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- 13 NYCRR § 25.3(l)(12), and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to offer rescission if the units are not ready for occupancy within a period of twelve months after the projected date for such closing (corresponding to the

projected first year of operation) as set forth in the offering plan, and any such twelve month period, shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation and projected date of first closing, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law. The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of any such twelve month period to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- 13 NYCRR §§ 18.3(g)(1), 20.3(h)(1), 21.3(g), 22.3(g)(1), 23.3(h)(1), 24.3(j)(1), and 25.3(h)(1) and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it requires sponsor to set forth a budget for the first year of operation, the requirements with respect to any such budget for the projected first year of operation shall be tolled and extended for a period equal to, in the aggregate, the duration of this Executive Order plus an additional period of 120 days. Sponsor must submit an amendment to the offering plan to the Department of Law updating the first year of operation, as necessary, within 45 days from the expiration of this Executive Order or within such other longer timeframe as may be specified by the Department of Law, and shall not be required to offer rescission unless such budget for the first year of operation increases by 25 percent or more during the pendency of this Executive Order (or rescission otherwise is required under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise). The Department of Law shall not deem the tolling provided under this Executive Order and Executive Order 202.18 of sponsor's requirements with respect to the budget for the first year of operation to be a material and/or adverse event or change under terms of the offering plan or any order, rule, or regulation applicable thereto, or otherwise;

- Section 339-ee(2) of the Real Property Law, and any order, rule, or regulation in furtherance of the requirements thereof, to the extent it provides that as each unit in a condominium is first conveyed "there shall be allowed a credit against the mortgage recording taxes (except the special additional mortgage recording tax imposed by subdivision one-a of section two hundred fifty-three of the tax law) that would otherwise be payable on a purchase money mortgage," in respect of a portion of certain mortgage taxes previously paid, provided certain two-year time periods (as specified therein) have not elapsed before the recordation of the declaration of condominium or the first condominium unit is sold, as the case may be, the running of any such two-year period(s) is hereby suspended for the duration of this Executive Order, and any such two-year period is hereby extended for a period equal to the duration of this Executive Order plus an additional period of 120 days.



GIVEN under my hand and the Privy Seal of the

State in the City of Albany this fifth

of August in the year two thousand

twenty.

BY THE GOVERNOR

Secretary to the Governor