**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
*IN RE* **TERRORIST ATTACKS** :
**ON SEPTEMBER 11, 2001** :     **03 MDL 1570 (GBD)(SN)**
:
:
------------------------------------------------------------------x
**This Document Relates to:**
**Hoglan, et al. v. Iran, et al.**
**1:11-cv-07550 (GBD)(SN)**

**PLAINTIFFS' MOTION TO SERVE WRITS OF EXECUTION**
**BY PRIVATE PROCESS SERVER**

# EXHIBIT E



No. 202.38

## E X E C U T I V E   O R D E R

### Continuing Temporary Suspension and Modification of Laws
### Relating to the Disaster Emergency

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.14, as continued as contained in Executive Order 202.27 and 202.28 until July 6, 2020; and

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I do hereby issue the following directives for the period from the date of this Executive Order through July 6, 2020:

- Consistent with Center for Disease Controls and Prevention and New York State Department of Health Guidance, commercial building owners, retail store owners and those authorized on their behalf to manage public places within their buildings and businesses (collectively "Operators") shall have the discretion to require individuals to undergo temperature checks prior to being allowed admittance. Further, Operators shall have the discretion to deny admittance to (i) any individual who refuses to undergo such a temperature check and (ii) any individual whose temperature is above that proscribed by New York State Department of Health Guidelines. No Operator shall be subject to a claim of violation of the covenant of quiet enjoyment, or frustration of purpose, solely due to their enforcement of this directive. This directive shall be applied in a manner consistent with the American with Disabilities Act and any provision of either New York State or New York City Human Rights Law.

- The directive contained in Executive Order 202.3, as extended, that required any restaurant or bar to cease serving patrons food or beverage on-premises, is hereby modified to the extent necessary to allow a restaurant or bar to serve patrons food or beverage on-premises only in outdoor space, provided such restaurant or bar is in compliance with Department of Health guidance promulgated for such activity.

- Executive Order 202.35 which continued the directive of Executive Order 202.33 is hereby modified to permit any non-essential gatherings for houses of worship at no greater than 25% of the indoor capacity of such location, provided it is in a geographic area in Phase 2 of re-opening, and further provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to.

- Upon the resumption of on-premises outdoor service of food and beverages at the licensed premises of restaurants and bars, to facilitate compliance with social distancing requirements in connection with such service, notwithstanding any provision of the Alcoholic Beverage Control law, restaurants or bars in the state of New York shall be permitted to expand the premises licensed by the State Liquor Authority to use (a) contiguous public space (for example, sidewalks or closed streets) and/or (b) otherwise unlicensed contiguous private space under the control of such restaurant or bar, subject to reasonable limitations and procedures set by the Chairman of the State Liquor Authority and, with respect to (a) the use of public space, subject to the reasonable approval of the local municipality, and all subject to the guidance promulgated by the Department of Health.



G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this sixth

day of June in the year two thousand

twenty.

BY THE GOVERNOR

Secretary to the Governor