**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
*IN RE* **TERRORIST ATTACKS**             :
**ON SEPTEMBER 11, 2001**                 :     **03 MDL 1570 (GBD)(SN)**
                                          :
                                          :
-------------------------------------------------------------------x
**This Document Relates to:**
**Hoglan, et al. v. Iran, et al.**
**1:11-cv-07550 (GBD)(SN)**


**PLAINTIFFS' MOTION TO SERVE WRITS OF EXECUTION**
**BY PRIVATE PROCESS SERVER**


# EXHIBIT F



No. 202.48

## EXECUTIVE ORDER

### CONTINUING TEMPORARY SUSPENSION AND MODIFICATION OF LAWS RELATING TO THE DISASTER EMERGENCY

**WHEREAS**, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

**WHEREAS**, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, do hereby continue the suspensions and modifications of law, and any directives, not superseded by a subsequent directive, made by Executive Order 202 and each successor Executive Order up to and including Executive Order 202.14, as continued and contained in Executive Order 202.27, 202.28, , and 202.38, for another thirty days through August 5, 2020, except the following:

- The suspension or modification of the following statutes and regulations, and the following directives, are not continued, and such statutes, codes, and regulations are in full force and effect as of July 7, 2020:

    o The suspension of Education law section 3604(7), and any associated directives, which allowed for the Commissioner of Education to reduce instructional days, as such suspensions and directives have been superseded by statute, contained in Chapter 107 of the Laws of 2020;

    o The suspension of Section 33.17 of the Mental Hygiene Law and associated regulations to the extent necessary to permit providers to utilize staff members transport individuals receiving services from the Office of Mental Health or a program or provider under the jurisdiction of the Office of Mental Health during the emergency;

    o The suspensions of sections 2800(1)(a) and (2)(a); 2801(1) and (2); 2802(1) and (2); and 2824(2) of the Public Authorities Law, to the extent consistent and necessary to allow the director of the Authorities Budget Office to disregard such deadlines due to a failure by a state or local authority to meet the requirements proscribed within these sections during the period when a properly executed declaration of a state of emergency has been issued, are continued only insofar as they allow a state or local authority a sixty day extension from the original statutory due date for such reports;

    o Section 390-b of the Social Services Law and regulations at sections 413.4 and 415.15 of Title 18 of the NYCRR;

    o Subdivision 8 of section 8-407 of the Election Law;

- o The suspension of Criminal Procedure Law to the extent it requires a personal appearance of the defendant, and there is consent, in any jurisdiction where the Court has been authorized to commence in-person appearances by the Chief Administrative Judge; provided further that the suspension or modification of the following provisions of law are continued:
    - Section 150.40 of the Criminal Procedure Law, is hereby modified to provide that the 20-day timeframe for the return date for a desk appearance ticket is extended to 90 days from receiving the appearance ticket;
    - Section 190.80 of the Criminal Procedure Law, is hereby modified to provide that the 45-day time limit to present a matter to the grand jury following a preliminary hearing or waiver continues to be suspended and is tolled for an additional 30 days;
    - Section 30.30 of the Criminal Procedure Law, is hereby modified to require that speedy trial time limitations remain suspended until such time as petit criminal juries are reconvened or thirty days, whichever is later;
    - Article 195 of the Criminal Procedure Law, is hereby suspended to the extent that it would prohibit the use of electronic appearances for certain pleas, provided that the court make a full and explicit inquiry into the waiver and voluntariness thereof;
    - Sections 190.45 and 190.50 of the Criminal Procedure Law, are hereby modified to the extent necessary to allow an incarcerated defendant to appear virtually with his or her counsel before the grand jury to waive immunity and testify in his or her own defense, provided the defendant elects to do so;
    - The suspension of Section 180.80 and 190.80 of the Criminal Procedure Law, as modified by Executive Order 202.28, is hereby continued for a period not to exceed thirty days in any jurisdiction where there is not a grand jury empaneled; and when a new grand jury is empaneled to hear criminal cases, then 180.80 and 190.80 of the criminal procedure law shall no longer be suspended beginning one week after such grand jury is empaneled;
    - The suspension of Sections 180.60 and 245.70 of the Criminal Procedure Law, as modified by Executive Order 202.28, which allowed protective orders to be utilized at preliminary hearings, is hereby continued for a period of thirty days; and
    - The suspension of Sections 182.20, in addition to the modification contained in Executive Order 202.28 of section 182.30 of the Criminal Procedure Law is hereby extended for a period of thirty days, to the extent that it would prohibit the use of electronic appearances for felony pleas, or electronic appearances for preliminary hearings or sentencing;

- o Business Corporation law sections 602, 605, and 708, as such suspensions have been superseded by statute, as contained in Chapter 122 of the Laws of 2020;

- o Banking Law Section 39 (2), as such suspension has been superseded by statute, as contained in Chapters 112 and 126 of the Laws of 2020, as well as the directives contained in Executive Order 202.9;

- o Insurance Law and Banking Law provisions suspended by virtue of Executive Order 202.13, which coincide with the expiration of the Superintendent's emergency regulations;

- o Subdivision (28) of Section 171 of the Tax Law, to the extent that the Commissioner has extended any filing deadline;

- o Sections 3216(d)(1)(c) and 4306 (g) of the Insurance Law, and any associated regulatory authority provided by directive in Executive Order 202.14, as the associated emergency regulations are no longer in effect;

- o The directive contained in Executive Order 202.28, as extended, that prohibited initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, is continued only insofar as it applies to a commercial tenant or commercial mortgagor, as it has been superseded by legislation for a residential tenant, and residential mortgagor, in Chapters 112, 126, and 127 of the Laws of 2020; and

- o The directive contained in Executive Order 202.10 related to restrictions, as amended by Executive Order 202.11, related dispensing hydroxychloroquine or chloroquine, as recent findings and the U.S. Food & Drug Administration's revocation of the emergency use authorization has alleviated supply shortages for permitted FDA uses of these medications.

- The directives contained in Executive Order 202.3, that closed video lottery gaming or casino gaming, gym, fitness center or classes, and movie theaters, and the directives contained in Executive Order 202.5 that closed the indoor common portions of retail shopping malls, and all places of public amusement, whether indoors or outdoors, as amended, are hereby modified to provide that such directives remain in effect only until such time as a future Executive Order opening them is issued.

**IN ADDITION**, I hereby suspend or modify for thirty days through August 5, 2020:

- the provisions of Articles 11-A and 11-B of the State Finance Law, and any regulations authorized thereunder, to the extent necessary to respond to the direct and indirect economic, financial, and social effects of the COVID-19 pandemic.

**IN ADDITION**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I do hereby issue the following directives for the period from the date of this Executive Order through August 5, 2020:

- The directive contained in Executive Order 202.41, that discontinued the reductions and restrictions on in-person workforce at non-essential businesses or other entities in Phase Three industries or entities, as determined by the Department of Health, in eligible regions, is hereby modified only to the extent that indoor food services and dining continue to be prohibited in New York City.



G I V E N   under my hand and the Privy Seal of the

State in the City of Albany this sixth

day of July in the year two thousand

twenty.

BY THE GOVERNOR

Secretary to the Governor