**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
*IN RE* **TERRORIST ATTACKS**                  :
**ON SEPTEMBER 11, 2001**                      :       **03 MDL 1570 (GBD)(SN)**
                                                                    :
                                                                    :
------------------------------------------------------------------x
**This Document Relates to:**
**Hoglan, et al. v. Iran, et al.**
**1:11-cv-07550 (GBD)(SN)**

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO SERVE WRITS OF EXECUTION
## BY PRIVATE PROCESS SERVER

Pursuant to Fed. R. Civ. P. 4.1(a), the Hoglan Plaintiffs respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Serve Writs of Execution By Private Process Server.

**I.  STATEMENT OF FACTS**

Plaintiffs are representatives of Decedents' Estates and individual family members of such Decedents and are holders of judgments issued by this Court against the Iran and fifteen additional Defendants, one of which is the Central Bank of Iran, *aka* Bank Markazi.  *See Hoglan, et al. v. the Islamic Republic of Iran*, *et al.*, 1:11-cv-07550 (GBD)(SN) (S.D.N.Y.), *Hoglan* Doc. No. 178 dated October 31, 2016; restated *Hoglan* Doc. No. 241, dated February 26, 2018.

This Court previously authorized Plaintiffs to execute their Judgments pursuant to 28 U.S.C. § 1610(c).  *Hoglan* Doc. No. 325, dated March 19, 2020.  Thereafter, the Court specifically authorized the Hoglan Plaintiffs to execute their Judgments in the Southern District of New York against Bank Markazi assets held by Clearstream Banking S.A.  *See Hoglan* Doc. No. 333, dated April 7, 2020.  This Court also authorized the Plaintiffs to issue restraining notices on Clearstream Banking, S.A. pursuant to NYCPLR § 5222.  *See Hoglan* Doc. No. 333,

April 7, 2020. Thereafter, the Clerk for the U.S. District Court for the Southern District of New York, under seal of this Court, issued writs of execution to Clearstream Banking, S.A. pursuant to NYCPLR § 5230. The writs of execution were entered on the *Hoglan* docket (without docket number) on April 27, 2020. Out of an abundance of caution, and for the reasons explained below, the Hoglan Plaintiffs also intend to reissue the writ of execution and are in the process of delivering the writs to the Clerk of the Court for renewed issuance.

## II.    SERVICE OF WRITS OF EXECUTION

The writs of execution issued by this Court direct the United States Marshal for the Southern District of New York ("SDNY Marshal Service") to enforce and satisfy a judgment for payment of money pursuant to Rule 69 of the Federal Rules of Civil Procedure.

Due to the COVID-19 pandemic, the SDNY Marshal Service is not currently serving writs of execution. Effective on March 11, 2020, Chief Judge Colleen McMahon and District Court Executive Edward Friedland cancelled all non-case events in the Southern District of New York. Since March 2020, service of writs of execution has not resumed.

For the past month and a half, the Hoglan Plaintiffs' counsel has been in regular communication with the SDNY Marshal Service to determine when that office will resume service of writs of execution. The SDNY Marshal Service Office has consistently stated that it is not currently serving writs of execution and has no idea when it will resume doing so. As recently as last Thursday, August 13, 2020, a response by email from Ms. Becky Brill, an Administrative Support Assistant in the Civil Section of the U.S. Marshal Service in the Southern District of New York, located at 500 Pearl Street, New York, NY 10007 in Suite 400, was: "At this time there are no updates or changes in resuming of service." *See* Exhibit A (email exchange between Thomas E. Mellon, III, Esq. and Becky Brill.)

Therefore, it is unknown when the SDNY Marshal Service will again resume service of writs of execution.

Furthermore, whenever the SDNY Marshal Service resumes service of writs, because of the inevitable backlog of service requests and other Marshal Service duties under the COVID-19 protocols at the courthouse, there will likely be further delay in any efforts undertaken by the SDNY Marshal Service with respect to the service of any writs of execution.

### III.  LEGAL ARGUMENT

Pursuant to Rule 4.1(a), Federal Rule of Civil Procedure, "[p]rocess - other than a summons under Rule 4 or a subpoena under Rule 45 - must be served by a United States marshal or deputy marshal *or by a person specially appointed for that purpose*." (*emphasis added*). "Process under this provision includes writs of execution." *Schneider v. Nat'l. R.R. Passenger Corp.*, 72 F.3d 17, 20 (2d Cir. 1995). *See also*, website for the U.S. Marshal Service, https://www.usmarshals.gov/process/execution-writ.htm (*last accessed August 21, 2020*) ("The writ is served by the U.S. Marshal *or other person… specially appointed by the court* pursuant to Federal Rule of Civil Procedure 4.1(a).)" (*Emphasis added.*)

Under the circumstances created by state and federal responses to the COVID-19 pandemic, it is appropriate and necessary that this Court appoint a party – other than the SDNY Marshal Service– to serve the writs of execution in this matter. As recently as 2019, during a federal government shutdown in New York, this Court allowed a civil plaintiff to employ a private process server for the purpose of serving writs of execution. In *Lation v. Fetner Properties*, 17-cv-3276 (JPO) (S.D.N.Y.), (2019 WL 1614691), this Court recognized the inequity in requiring a plaintiff to wait for the SDNY Marshal Service to resume normal

operations, particularly where the plaintiff was willing "to bear the cost of employing a private process server for th[e] task." *Id.* at *3.

The *Lation* Court noted "examples in which courts have specially appointed private process servers to serve writ[s] under Rule 4.1(a)," citing *State Farm Mut. Auto. Ins. Co. v. Lincow*, 263 F.R.D. 154 (E.D. Pa. 2009); *Francois v. Washmonbo, Inc.*, No. 05 Civ. 23368, 2008 WL 2694752 (S.D. Fla. July 8, 2008). *Id.*

In *Lincow*, insurance companies sought to collect on their judgments against various medical professionals. The U.S. District Court for the Eastern District of Pennsylvania allowed twelve (12) writs of execution be served by a private process server upon 64 garnishees "[d]ue to the complexity of this process and the large number of garnishees that have to be served." 263 F.R.D. at 155.

The plaintiffs in *Francois* sued their employer alleging that they were subjected to a sexually hostile work environment in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et. seq.* 2008 WL 2694752 at *1. Following a jury verdict in defendant's favor, the U.S. District Court for the Southern District of Florida issued a judgment awarding the defendant fees and costs as the prevailing party. *Id.* The court entered a continuing writ of garnishment against the wages of one plaintiff, Ms. Francois, based on assertions that she had no personal property with which to pay the judgment. 2008 WL 2694752, at *2. The court also "specially appointed" a specific Miami-based process server company to serve the writ even though there were no extenuating circumstances nor apparent deficiencies with the local Marshal Service office. *Id. See also, United Student Aid Funds, Inc. v. Gary's Grading & Landscaping*, No. 6:07–cv–1140–Orl–19DAB, 2009 WL 161711, at *6 (M.D.Fla. Jan. 21, 2009) (affirming that a marshal is not required for there to be proper effectuation of service).

### IV. REISSUANCE OF WRITS

As part of the State of New York's response to the COVID-19 pandemic, Governor Andrew Cuomo tolled all deadlines and time periods imposed by New York law for serving process of any kind. *See* Exhibit C, New York Executive Order 202.8, dated March 20, 2020. Given the breadth of the Executive Orders, any time periods relating to service or other actions relating to writs of execution have been tolled. Absent further extension, the tolling period will expire on September 4, 2020. *See* Exhibits C, D, E, F, and G: New York Executive Orders 202.8, 202.14, 202.38, 202.48, and 202.55, respectively.

Nevertheless, out of an abundance of caution and given the passage of time since the Court issued the initial writ of execution on April 27, 2020, the Hoglan Plaintiffs ask for authority to retain and use a private process server to serve both the original writ of execution dated April 27, 2020 and a newly reissued writ of execution, and related papers, on Clearstream.

### V. CLASSIC LEGAL SUPPORT SERVICES, INC.

In *Lation*, this Court specifically appointed Mr. Lation's chosen private process server, Classic Legal Support Services, Inc.,[1] to serve the writ of execution and associated documents. *Id.*

Accordingly, the Hoglan Plaintiffs herein specifically request that this Court appoint the same private process server, Classic Legal Support Services, Inc., to serve the Hoglan Plaintiffs' writs of execution and associated documents until such time as the SDNY Marshal Service resumes serving writs of execution and has cleared any backlog of pending service obligations.

---

[1] Classic Legal Support Services, Inc. is fully licensed and bonded in compliance with New York City Department of Consumer Affairs rules and regulations. It is located at 475 Park Avenue South, 18th Floor, New York, New York, 10016, and the telephone number is (212) 889-3200. *See* www.classiclegalsupport.com (*last accessed August 21, 2020*).

5

**VI.    CONCLUSION**

The Hoglan Plaintiffs respectfully request that this Honorable Court enter the proposed Order attached to the accompanying Motion to Serve Writs of Execution by Private Process Server and allow the Hoglan Plaintiffs' counsel to retain, at their own expense, an alternative, private process server, specifically, Classic Legal Support Services, Inc., to serve the writs of execution and related documents until such time as the SDNY Marshals Service resumes serving writs of execution and clears its backlog of service obligations.

                              Respectfully Submitted,

Date: August 27, 2020            */s/ Timothy B. Fleming*
                                   Timothy B. Fleming (DC Bar No. 351114)
                                   WIGGINS CHILDS PANTAZIS
                                   FISHER GOLDFARB PLLC
                                   1211 Connecticut Avenue, N.W.
                                   Suite 420
                                   Washington, DC  20036
                                   (202) 467-4489

                                   Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                   WIGGINS CHILDS PANTAZIS
                                   FISHER GOLDFARB LLC
                                   The Kress Building
                                   301 19th Street North
                                   Birmingham, AL  35203
                                   (205) 314-0500

                                   Richard D. Hailey (IN Bar No. 7375-49)
                                   Mary Beth Ramey (IN Bar No. 5876-49)
                                   RAMEY & HAILEY
                                   9333 North Meridian Street, Suite 105
                                   Indianapolis, IN  46260
                                   (317) 582-0000

                                   Robert M. Foote (IL Bar No. 03124325)
                                   Craig S. Mielke (IL Bar No. 03127485)
                                   FOOTE, MIELKE, CHAVEZ
                                    & O'NEIL, LLC
                                   10 West State Street, Suite 200
                                   Geneva, IL  60134

(630) 232-7450

*Attorneys for the* **Hoglan** *Plaintiffs*