UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(FM)<br><br>ECF Case |

This document relates to:

*Thomas Burnett, Sr. et al., v. Al Baraka Investment and Development Corp., et al,* No. 03-cv-9849

**CERTAIN PLAINTIFFS' MOTION TO SEVER CLAIMS AGAINST SUDAN**

Certain Plaintiffs[1] move the Court to sever their claims against defendant the Republic of the Sudan ("Sudan"), pursuant to Fed. R. Civ. P. 21. Certain plaintiffs move this Court to hold those same claims in abeyance pending substitution of counsel. Certain plaintiffs expressly reserve and do not relinquish their rights against Sudan under the FSIA, and ask the Court to sever their claims from the Consolidated Supplemental Complaint.

The original pleading against Sudan was filed by the *Burnett* Plaintiffs on August 15, 2002, and certain plaintiffs were within that complaint. The complaint was amended numerous times, and service on Sudan was completed on December 9, 2004. Defendant Sudan failed to answer or respond to the complaint, and the Clerk of Court issued a Certificate of Default on March 15, 2012.

For reasons protected by the attorney/client privilege, movants request their claims, and their Certificate of Default, be held in abeyance until such a time that they can obtain new counsel. Rule 21 is the appropriate procedural vehicle to sever certain plaintiffs' claims against Sudan and

---

[1] Lorie Van Auken, individually and as personal representative for the Estate of Kenneth Van Auken, Matthew Van Auken, Sarah Van Auken, Mindy Kleinberg, individually and as personal representative for the Estate of Alan Kleinberg, Jacob Kleinberg, Lauren Kleinberg, and Sam Kleinberg.

provides this Court with the discretion to sever claims. Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."). It is well settled law that determination for a motion to sever is "within the discretion of the court." <u>Condosta v. Vermont Electric Cooperative, Inc.</u>, 400 F. Supp. 358, 366 (D. Vt. 1975). This discretion has been described as "virtually unfettered" when determining whether or not severance is appropriate. <u>Grigsby v. Kane</u>, 250 F.Supp.2d 453, 456 (M.D. Pa. 2003). Additionally, "[w]here a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." <u>U.S. v. O'Neil</u>, 709 F.2d 361, 369 (5th Cir.1983). Thus, according to this Court's discretion and under its equitable powers, certain plaintiffs move to sever their claims against Sudan and hold them in abeyance.[2] Fed. R. Civ. P. 21

For the foregoing reasons, certain plaintiffs request severance of their claims against the Republic of Sudan, and provide notice of intent to reserve and expressly retain all rights as to the prior defaults in this action for any and all legal purposes. A motion to substitute counsel will be filed and until such time, certain plaintiffs request the Court to preserve these claims.

**WHEREFORE**, certain plaintiffs respectfully move this Court for severance and abeyance.

---

[2] As a case management and efficiency tool, the Court may consider placing the severed cases on a suspense docket temporarily. The briefing schedule in place as the to the Republic of Sudan will not be modified, changed or impacted as a result of this request.

Dated: September 4, 2020       Respectfully submitted,

**/s/**  Jodi Westbrook Flowers
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9163
Fax: 843-216-9450
Email: jflowers@motleyrice.com
Email: dmigliori@motleyrice.com