IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN) ECF Case |

This document relates to: *All Actions*

## SAUDI ARABIA'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE JUDGE'S AUGUST 11, 2020 OPINION & ORDER

Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

Plaintiffs' August 25, 2020 objections under Federal Rule of Civil Procedure 72(a) are untimely.  Nearly three months ago, on June 10, 2020, Plaintiffs moved to reconsider Judge Netburn's May 27, 2020 discovery order (ECF No. 6244, "May 27 Order") and combined that motion with objections to that order under Rule 72(a).  *See* ECF No. 6265.  Plaintiffs asked the Court to treat their filing as a Rule 72(a) objection "as to any points . . . as to which . . . Magistrate Judge Netburn does not grant reconsideration."  *Id.* at 5.  In her August 11, 2020 Order (ECF No. 6392, "August 11 Order"), Judge Netburn denied Plaintiffs' reconsideration motion in its entirety.  Plaintiffs have filed another supplemental set of objections making arguments as to why the May 27 Order should be set aside.  Considered as objections to the May 27 Order – which, in substance, they are – these objections are untimely, and the Court should strike them or disregard them.

Considered as objections to the August 11 Order, Plaintiffs' objections are meritless.  Plaintiffs fail to address or cite the standard that governs reconsideration under this Court's rules.  Nor do Plaintiffs come close to demonstrating that Judge Netburn acted contrary to law, committed clear error, or abused her discretion when she rejected Plaintiffs' demands for repetitive searches of documents relating to Mussaed Al Jarrah.  Plaintiffs' mere assertions that Judge Netburn imposed an "impossible burden" and applied an erroneous legal standard are underscored by their failure to cite any governing legal standard at all.  ECF No. 6406, at 2, 5.

**STANDARD OF REVIEW**

To obtain relief from Judge Netburn's discovery rulings, Plaintiffs "'carr[y] a heavy burden.'" *Leviton Mfg. Co. v. Greenberg Traurig LLP*, 2011 WL 2946380, at *1 (S.D.N.Y. July 14, 2011) (quoting *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007)). They must show that the rulings were "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a) (review of a magistrate judge's nondispositive rulings); *see* 28 U.S.C. § 636(b)(1)(A) (same). Judge Netburn's rulings deserve "'substantial deference'" and "'may be overturned only if found to have been an abuse of discretion.'" *Leviton Mfg.*, 2011 WL 2946380, at *1 (quoting *RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000)).

Judge Netburn's ruling on Plaintiffs' motion for reconsideration was governed by Local Rule 6.3. Under that Rule, a moving party must show that a court "overlooked" either factual "matters" or "controlling decisions" when reaching its initial decision. Loc. R. 6.3. This standard is a "strict" one that will not be satisfied by a party who "seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see System Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000) ("Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court."). A motion for reconsideration is not a way to "tak[e] a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (applying Fed. R. Civ. P. 59(e)); *see In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (standard under Local Rule 6.3 is the same as Rule 59(e)), *aff'd sub nom. Lowinger v. Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016).

**ARGUMENT**

I.  **Plaintiffs' Objections Are Procedurally Barred as Untimely**

Under Federal Rule of Civil Procedure 72, a party may object to a magistrate judge's nondispositive order "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*; *see Samad Bros., Inc. v. Bokara Rug Co.*, 2011 WL 4357188, at *4 (S.D.N.Y. Sept. 19, 2011) (concluding that a party's objections were untimely under Rule 72(a), because the party filed objections 30 days after the magistrate judge's "substantive ruling"). Here, Judge Netburn's May 27 Order denied in part Plaintiffs' motion to compel additional discovery. On June 10, Plaintiffs filed a consolidated motion for reconsideration and Rule 72(a) objections, requesting that the entire motion be considered as objections. ECF No. 6265, at 5 (requesting the Court to treat their filing as Rule 72(a) objections "as to any points . . . as to which . . . Magistrate Judge Netburn does not grant reconsideration"). On July 15, Plaintiffs filed a reply, and their motion was fully briefed. ECF No. 6318. On August 11, Judge Netburn denied reconsideration. ECF No. 6392. Plaintiffs' August 25 objections were not made within 14 days of the May 27 Order and so "may not assign as error" any alleged "defect[s]," Fed. R. Civ. P. 72(a), in that Order not already raised in their June 10 papers.

Even if considered as an objection to Judge Netburn's August 11 Order, Plaintiffs' August filing is wholly without merit. Because that Order is an order on reconsideration, any objections to it would have to overcome two layers of deference by (1) showing that Judge Netburn "abuse[d] [her] discretion," *RMed Int'l*, 2000 WL 420548, at *2, in (2) declining to find that Plaintiffs had met the "strict" standard of showing "controlling decisions or data that the

3

court overlooked," *Shrader*, 70 F.3d at 257.  Plaintiffs do not come close to carrying that burden and make no attempt to try.  Their August 25 filing does not even cite Local Rule 6.3.

**II.     Judge Netburn Did Not Overlook Any Relevant Information or Apply an Erroneous Legal Standard in Denying Further Discovery About Mussaed Al Jarrah**

In her August 11 Order, Judge Netburn made clear, in holding that Saudi Arabia was not required to produce additional documents pertaining to Al Jarrah's role or authority, that she had not overlooked Saudi Arabia's supplemental interrogatory responses describing Mussaed Al Jarrah's meetings with the FBI.  As Judge Netburn explained, the Court specifically considered these responses but "found Plaintiffs['] request for their production to be unsupported by the record" because there is nothing to "suggest that the Kingdom has any documents concerning meetings Jarrah had with the FBI."  ECF No. 6392, at 3.  Plaintiffs do not contest that Judge Netburn considered these interrogatory responses.  That alone disposes of their objection, because they cannot show that she overlooked relevant material.  *See Shrader*, 70 F.3d at 257.

Plaintiffs are also mistaken in claiming (at 3) that Judge Netburn "clearly erred and acted contrary to law" by "imposing the burden on Plaintiffs to prove that Saudi Arabia had documents about Jarrah's FBI interviews before allowing discovery."  As fully explained in Saudi Arabia's opposition to Plaintiffs' initial Rule 72 objections, Saudi Arabia had already searched its Embassy in Washington, D.C. for any documents from 1998-2002 referring to Al Jarrah.  ECF No. 6298, at 3-4.  Any documents pertaining to meetings between Al Jarrah and the FBI would have been produced.  *Id.*  Plaintiffs' assertions (at 3) that these FBI interviews "would likely have resulted in the Kingdom preparing relevant documents with information about Jarrah," and that such documents were overlooked in the initial search, are groundless speculation that cannot support a second set of compelled searches.

4

Judge Netburn properly applied the law that, once Saudi Arabia has already conducted a good-faith search and produced responsive documents, Plaintiffs "must cite to specific evidence to challenge [Saudi Arabia's] assertions that no additional responsive documents exist" to compel another search.  *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (also stating that "'a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible.'") (quoting *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978)); *see also Margel v. E.G.L. Gem Lab Ltd.*, 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008) (moving party "d[id] not cite any specific evidence impugning [the non-movant's] assertions that their production [wa]s complete" and thus court could not find basis for misconduct); *Jackson v. Edwards*, 2000 WL 782947, at *3-4 (S.D.N.Y. June 16, 2000) ("Since plaintiff has offered nothing to show that [defendant's claims that he has no responsive documents] are untrue, [plaintiff's] motion to compel a further response to these requests is denied.").  Plaintiffs do not cite any "controlling decisions" setting forth a conflicting standard.[*]

For the same reason, the Court should reject Plaintiffs' objection (at 3) that Judge Netburn "clearly erred and acted contrary to law" in holding that Saudi Arabia was not required to conduct a second repetitive search for documents concerning Al Jarrah's day-to-day work from December 1999 through December 2000.  Saudi Arabia has already conducted extensive

---

[*] *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010), the only authority cited by Plaintiff, is completely irrelevant.  *Rajaratnam* considered whether the Securities and Exchange Commission, which brought a civil enforcement action against a defendant, was entitled to wiretap conversations previously provided to the defendant in a parallel criminal proceeding brought by federal prosecutors.  The court did not address the standard that applies when a party seeks to compel additional searches for documents within the scope of searches the opposing party has already conducted.

searches for responsive documents at the Embassy, at Saudi Arabia's Consulate in Los Angeles, and at the Ministry of Education, as well as a voluntary production of documents from the Ministry of Interior and from Al Jarrah himself.  ECF No. 6298, at 6.  "'[W]hile Saudi Arabia may not have produced the documents plaintiffs were hoping for, the evidence suggests that Saudi Arabia undertook a thorough search'" in responding to "'plaintiffs' document requests relating to Jarrah.'"  May 27 Order 8 (quoting Jan. 7, 2020 Order 8).  Plaintiffs again fail to point to any "specific evidence" to support their contention that additional searches are appropriate, relying instead (at 5) on mere speculation that additional "documents must necessarily exist."  That is not sufficient as a matter of law to justify another burdensome round of searches, *see Mason Tenders*, 318 F.R.D. at 42, much less establish that Judge Netburn abused her discretion.

## CONCLUSION

For the reasons set forth above, and in Saudi Arabia's opposition to Plaintiffs' initial objections to the May 27, 2020 Order, Plaintiffs' objections should be denied.

Dated:  September 8, 2020                                    Respectfully submitted,

/s/  Michael K. Kellogg
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 8, 2020, I caused a copy of the foregoing Opposition to Plaintiffs' Supplemental Objections Pursuant to Fed. R. Civ. P. 72 to the Magistrate Judge's August 11, 2020 Opinion & Order filed by the Kingdom of Saudi Arabia to be served electronically pursuant to the Court's ECF system.

*/s/ Michael K. Kellogg*

Michael K. Kellogg

*Attorney for the Kingdom of Saudi Arabia*