IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: TERRORIST ATTACKS ON        :
SEPTEMBER 11, 2001                 :         MDL 03-1570 (GBD)(SN)

**This Document Relates To:**
*Havlish, et al. v. bin Laden, et al.,* Case No. 03-CV-09848
*Ashton, et al. v. al Qaeda Islamic Army, et al.,* Case No. 02-CV-06977
*Burnett, Sr., et al., v. Islamic Republic of Iran, et al.,* Case No. 15-CV-9903
*Burlingame, et al. v. bin Laden, et al.,* Case No. 02-CV-07230
*Bauer, et al. v. al Qaeda Islamic Army, et al.,* Case No. 02-CV-07236
*O'Neill, Sr., et al. v. Republic of Iraq, et al.,* Case No. 04-CV-1076
*Federal Insurance Co., et al. v. al Qaida, et al.,* Case No. 03-CV-06978
----
*All other cases against the Islamic Republic of Iran*


### *HAVLISH* PLAINTIFFS' EMERGENCY MOTION FOR AN ORDER DIRECTING RESPONDENTS TO SET ASIDE AND PRESERVE A PORTION OF, AND PROVIDE INFORMATION ABOUT, AWARDS, ATTORNEY FEES, AND COSTS RECEIVED FROM THE UNITED STATES VICTIMS OF STATE SPONSORED TERRORISM FUND

The *Havlish* Plaintiffs, by and through their counsel, respectfully move this Court, on an emergency basis for expedited consideration, pursuant to its inherent equitable powers and managerial authority, to enter an Order directing counsel for all other MDL plaintiffs who hold judgments against the Islamic Republic of Iran ("Respondents")[1] to provide information to the Court and to *Havlish* counsel regarding amounts awarded from the United States Victims of State Sponsored Terrorism Fund ("VSSTF" or the "Fund") and to pay into the Court registry or, alternatively, to place into escrow, a sum equal to the attorney fee portion of Respondents' Round

---

[1] Because the *Hoglan* and *Ray* judgment holders are also represented by *Havlish* counsel, the Court excluded those cases from the group of Respondent cases in the Court's September 30, 2019 Opinion and Order. ECF No. 5180 p.2, f/n 2. Shortly after the entry of that Opinion and Order, *Havlish* counsel agreed to represent another group of judgment holders in *Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-CV-266 (GBD)(SN). For purposes of this motion, the *Ryan* action is also excluded from the group of Respondent cases.

3 VSSTF awards. The *Havlish* Plaintiffs seek expedited consideration of this motion because the VSSTF Special Master will soon provide Respondents with their Round 3 awards, has announced that the amount of money in the Fund will be insufficient to authorize payments in 2021, and has given no indication when, if ever, the VSSTF will be replenished. An order to set aside and preserve the attorney fees and costs related to Respondents' Round 3 awards is therefore necessary to prevent the nullification of the Court's September 30, 2019 Opinion and Order (ECF No. 5180) granting in part the *Havlish* Plaintiffs' motion for a common benefit fund and to prevent the associated irreparable harm to *Havlish* counsel.

In support of this motion, the *Havlish* Plaintiffs submit the accompanying Memorandum of Law and further state the following:

In its Opinion and Order, the Court found that the creation of a common benefit fund from Respondents' VSSTF payments to compensate *Havlish* counsel was appropriate because *Havlish* counsel "had performed a substantial amount of work that benefited all Plaintiffs and allowed them to receive compensation from the VSSTF." The Court viewed these circumstances as "exceptional and unlikely to reoccur in this litigation." ECF No. 5180, Opinion and Order at 10. At the same time, the Court found that it could not determine the appropriate size of the common benefit fee in the absence of information regarding the amounts Respondents recovered from the VSSTF and documentation supporting the time and expenses *Havlish* counsel incurred in developing evidence and obtaining the judgment against Iran upon which Respondents exclusively relied when obtaining their own judgments. Opinion and Order at 11-12.[2]

At a subsequent meet-and-confer session, Respondents would not agree to an exchange of

---

[2] Respondents filed motions for reconsideration of the Opinion and Order. ECF Nos. 5359 and 5361. For the reasons stated in *Havlish* Plaintiffs responses (ECF Nos. 5498 and 5499), the Court should deny those motions and, in any event, they are irrelevant to the relief requested here.

relevant time and expense information and have opposed *Havlish* Plaintiffs' motion to take limited discovery designed to provide the Court with the information it needs to make a final determination of the common benefit amount. Respondents' counsel did not respond to Havlish counsel's request to meet and confer regarding issues raised in the present motion but previously indicated that they would not agree to provide requested information and did not consent to the relief requested here. Respondents are aware that the Court plainly stated in its Opinion that it "will not set a common benefit fee amount without knowing the amount the Respondents have actually recovered." Opinion and Order at 11. Respondents' refusal to provide that information has thwarted the *Havlish* Plaintiffs' ability to submit a motion with a recommendation regarding the appropriate amount of the common benefit fee.[3]

In the coming days, the VSSTF Special Master will be providing claimants with their Round 3 awards. In the absence of an order directing otherwise, those awards will be disbursed, with a maximum of fifteen percent (15%) being distributed to Respondents' counsel as attorney fees and costs,[4] thereby dissipating funds that would have been available to create the common benefit fund. In addition, the VSSTF Special Master has announced that the amount of funds remaining in the VSSTF will be insufficient to authorize awards in 2021[5] and there is no indication when, if ever, the VSSTF will be replenished. As a result, the anticipated distribution of Round 3 awards will effectively nullify the Court's September 30, 2019 Order and will result in immediate

---

[3] Prior to filing this motion, *Havlish* counsel supplied Respondents' counsel with a summary report of time incurred in developing the evidence and obtaining the judgment against Iran, but Respondents have not provided any information to the *Havlish* Plaintiffs.

[4] Under the VSSTF Clarification Act, attorney fees are limited to fifteen percent (15%) of the awards, starting in Round 3. See http://www.usvsst.com, FAQ 6.2.

[5] *See* http://www.usvsst.com "Future Payment Rounds."

and irreparable harm to *Havlish* counsel. Under the circumstances, it is necessary and appropriate for the Court to direct Respondents' counsel to pay into the Court registry, or alternatively, to place in escrow, the attorney fee portion of Round 3 VSSTF awards paid to the judgment holders they represent until such time as the Court determines the proper amount of the common benefit fee.

For the reasons stated above and in the accompanying Memorandum of Law, the *Havlish* Plaintiffs ask the Court for an Order granting the following relief:

1. Directing Respondents' counsel to pay into the Court Registry, or, alternatively, to hold in an escrow account a sum equal to the attorney fee portion of Respondents' Round 3 VSSTF awards, and, in the case of escrow, to report all such sums to the Court.

2. Directing Respondents' counsel to provide the Court and *Havlish* counsel with complete information regarding the gross amounts awarded to Respondent judgment holders in each of the first three rounds of VSSTF disbursements and the amount of attorney fees generated from those awards.

3. Establishing a briefing schedule under which the *Havlish* Plaintiffs will file a motion to set an appropriate common benefit fee amount consistent with the Court's September 30, 2019 Opinion and Order, and Respondents will file responses thereto.

                                                Respectfully Submitted,

Date:  September 14, 2020                /s/ Timothy B. Fleming
                                                Timothy B. Fleming (DC Bar No. 351114)
                                                  WIGGINS CHILDS PANTAZIS
                                                  FISHER GOLDFARB, PLLC
                                                  1211 Connecticut Avenue, N.W., Suite 420
                                                  Washington, DC  20036
                                                  (202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC   (*Lead Counsel*)
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

Stephen A. Corr (PA Bar No. 65266)
BEGLEY, CARLIN & MANDIO, LLP
680 Middletown Boulevard
Langhorne, PA  19047
(215) 750-0110

John A. Corr (PA Bar No. 52820)
LAW OFFICE OF JOHN A. CORR, LLC
301 Richard Way
Collegeville, PA  19426
(610) 482-4237

**Attorneys for the *Havlish* Plaintiffs**