IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON : | |
| SEPTEMBER 11, 2001 : | MDL 03-1570 (GBD)(SN) |

**This Document Relates To:**
*Havlish, et al. v. bin Laden, et al.,* **Case No. 03-CV-09848**
*Ashton, et al. v. al Qaeda Islamic Army, et al.,* **Case No. 02-CV-06977**
*Burnett, Sr., et al., v. Islamic Republic of Iran,* **Case No. 15-CV-9903**
*Burlingame, et al. v. bin Laden, et al.,* **Case No. 02-CV-07230**
*Bauer, et al. v. al Qaeda Islamic Army, et al.,* **Case No. 02-CV-07236**
*O'Neill, Sr., et al. v. Republic of Iraq, et al.,* **Case No. 04-CV-1076**
*Federal Insurance Co., et al. v. al Qaida, et al.,* **Case No. 03-CV-06978**
----
*All other cases against the Islamic Republic of Iran*

**MEMORANDUM OF LAW IN SUPPORT OF *HAVLISH* PLAINTIFFS'
EMERGENCY MOTION FOR AN ORDER DIRECTING RESPONDENTS TO
SET ASIDE AND PRESERVE A PORTION OF, AND PROVIDE INFORMATION
ABOUT, AWARDS, ATTORNEY FEES, AND COSTS RECEIVED FROM THE
UNITED STATES VICTIMS OF STATE SPONSORED TERRORISM FUND**

The *Havlish* Plaintiffs, by and through their counsel, respectfully present this memorandum of law in support of their emergency motion for an order directing all other MDL plaintiffs who hold judgments against the Islamic Republic of Iran ("Respondents")[1] to set aside and preserve a portion of, and provide information about, awards received from the United States Victims of State Sponsored Terrorism Fund ("VSSTF" or the "Fund"). A list of the Respondent cases and judgment amounts is attached as Exhibit A. For the reasons stated herein, expedited consideration is requested.

---

[1] Because the *Hoglan* and *Ray* judgment holders are also represented by *Havlish* counsel, the Court excluded those cases from the group of Respondent cases in the its September 30, 2019 Opinion and Order. MDL Doc. No. 5180 at p.2, n. 2. Shortly after the entry of that Opinion and Order, *Havlish* counsel agreed to represent another group of judgment holders in *Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-CV-266 (GBD)(SN). For purposes of this motion, the *Ryan* action is also excluded from the group of Respondent cases. All further references herein to the MDL Docket are abbreviated as "Doc. No."

**BACKGROUND OF REQUESTED RELIEF**

In its initial consideration of the *Havlish* Plaintiffs' motion for the creation of a common benefit fund in 2016, the Court held that the creation of the requested fund was premature because, at that point, the amount of effort Respondents would expend to collect their award from Iran, and the sums, if any, they would actually recover, could not be determined. Doc. No. 3322 at 1. Upon consideration of the *Havlish* Plaintiffs' renewed motion in 2019, the Court found that the uncertainty had been removed when Respondents began to collect their judgments against Iran from the VSSTF with little effort other than the filing of an application form. Doc. 5180, Opinion & Order at 6-7. The Court concluded that, under the circumstances presented here, it is appropriate to create a common benefit fund to compensate *Havlish* counsel for their work in delivering a judgment and establishing a damages paradigm that has substantially benefitted all MDL plaintiffs who have judgments against Iran and allowed them to receive compensation from the VSSTF. *Id.*, Opinion & Order at 10-11.

Through the Opinion and Order, the Court also informed the parties that it needed additional information in order to determine the appropriate size of the fund to be created. The Court specifically noted that it required information regarding the time and expenses *Havlish* counsel have invested in obtaining the judgment against Iran[2] and the amounts Respondents have recovered on the Iran judgments that they procured by utilizing the *Havlish* evidence and work product. *Id.*, Opinion & Order at 11-12. As the Court directed, the parties met and conferred regarding issues related to the implementation of the Order. *Havlish* counsel proposed an

---

[2] Prior to filing this motion, *Havlish* counsel supplied Respondents' counsel with a summary report of time incurred in developing the evidence and obtaining the judgment against Iran. A copy of that report is attached as Exhibit B. Respondents continue to refuse to provide any relevant information to the *Havlish* Plaintiffs.

exchange of information with each party providing the other with relevant time and expense records. *Havlish* counsel also sought VSSTF claim and payment information from Respondents. Respondents rejected the proposed information exchange[3] and instead filed motions for reconsideration, Doc. Nos. 5359 and 5361, to which the *Havlish* Plaintiffs responded, Doc. Nos. 5498 and 5499. The *Havlish* Plaintiffs subsequently filed a motion seeking leave to serve limited discovery designed to provide the Court with the information it needs to make a final determination of the common benefit amount. Doc. No. 6216. Respondents opposed that motion. Doc. No. 6246.[4]

In its Opinion and Order, the Court raised the question of "the propriety of reserving decision on the size of the common benefit fee until Respondents are notified of the amounts they will recover through the VSSTF's third round payments." Opinion and Order at 13. That question is now moot because the VSSTF Special Master has calculated final award amounts and is now in the process of sending Respondents their Round 3 payment checks.[5] At the same time, the Special Master has announced that the amount of money in the VSSTF will be insufficient to authorize

---

[3] When the parties met to confer, *Havlish* counsel also proposed a comprehensive common benefit plan that rewards *Havlish* counsel for their work in delivering benefits to Iran judgment holders and also would reward other members of the PEC for their work against other MDL defendants when benefits are realized from that work. Respondents rejected that proposal.

[4] In reply to Respondents' opposition to the *Havlish* Plaintiffs' proposed discovery (Doc. No. 6246), the *Havlish* Plaintiffs asked the Court to hold the motion in abeyance and requested a conference with the Court to address the discovery dispute and the underlying common benefit fund issues. Doc. No. 6261. Respondents opposed that request for a conference as well. Doc. No. 6262.

[5] *Havlish* counsel sought to meet and confer with Respondents' counsel prior to filing the present motion. On August 31, 2020, *Havlish* counsel provided Respondents with multiple dates and times for a requested virtual meeting but received no response from Respondents' counsel. Because the Special Master is now in the process of sending award payments to judgment holders, *Havlish* counsel are compelled to file this motion without the benefit of the requested meet and confer.

any payments in 2021, and has given, and can give, no indication when, if ever, the VSSTF will be replenished to a level that would allow for future awards. *See* http://www.usvsst.com "Future Payment Rounds."

Because Respondents have not provided information regarding their VSSTF awards, the *Havlish* Plaintiffs cannot state the exact amounts of VSSTF payments Respondents have received. While publicly available information provides a basis for calculating the tangible amount of benefit Respondents have derived from their use of the *Havlish* work product, the amount of VSSTF awards Respondents received in Rounds 1 and 2 can be estimated only by making assumptions about the numbers of Respondents the Special Master deemed eligible in those payment rounds.[6] Nevertheless, Respondents contend that these estimates are an acceptable and expedient substitute for the actual VSSTF amounts that they decline to provide. In their opposition to the *Havlish* Plaintiffs' motion for leave to take limited discovery, Respondents argue in part that such discovery is not necessary because "Reasonable estimates of USVSST Fund payments can be calculated using judgments from the public docket and pro rata payment percentages the Fund's Special Master announced." Doc. 6246 at p. 4, n.1.

The dockets in Respondent cases currently include orders of judgment against Iran with compensatory damages totaling more than $82 billion. *See* Chart of Respondent Case Judgments, Ex. A at p. 7. Prior to the first-round deadline for applications to the VSSTF, this Court had entered judgments for Respondents against Iran totaling approximately $4.6 billion in compensatory

---

[6] For example, this Court awarded a total of $1.688 billion in non-economic damages against Iran for 851 estates in the *Ashton* action on March 8, 2016. *See* Doc. No. 3208-1. Those judgments were entered prior to the deadline for VSSTF Round 1 consideration. However, in the absence of formal discovery or Respondents' voluntary disclosure, *Havlish* Plaintiffs have no way of knowing which estates had previously applied to the 9/11 Victim Compensation Fund ("VCF") and therefore were ineligible for VSSTF payments in Rounds 1 and 2.

damages. The VSSTF approved a total of 2,332 first round applications from claimants holding judgments totaling $10.8 billion. Approved applicants included 9/11 victims from this MDL and claimants holding judgments against Iran in other litigation not related to 9/11.  The Special Master made total first round payments of $1.104 billion representing 13.66% of eligible damages.  *See* Exhibit C, August 2017 Supplemental Report from the Special Master (the "Round One Report"), found at http://www.usvsst.com/docs/USVSST%20Fund%20Supplemental%20Congressional%20Report%208-2-2017.pdf.  Accordingly, if the VSSTF Special Master found each Respondent who had a timely judgment to be an eligible claimant, Respondents would have received total award payments of approximately $628,360,000 in Round 1.

Prior to the Round 2 deadline, this Court had entered judgments for Respondents totaling approximately $22.564 billion in compensatory damages. The VSSTF determined that there were 5,124 eligible Round 2 applicants holding judgments totaling $29.257 billion.[7] The Special Master made payments totaling $1.095 billion representing 4.2% of eligible damages. *See* Exhibit D, February 2019 Special Master Report Regarding Second Distribution (the "Round 2 Report"), found at http://www.usvsst.com/docs/Congressional_Report.pdf.   Thus, if the VSSTF Special Master found each Respondent who had a timely judgment to be an eligible claimant, Respondents would have received total award payments of approximately $947,688,000 in Round 2.

In November 2019, Congress enacted the United States Victims of State Sponsored

---

[7] Eligible claimants in Rounds 2 and 3 include claimants who had been found eligible in the prior round. Thus, the 5,124 claimants eligible to receive Round 2 payments includes the 2,332 claimants who received Round 1 awards and a set of 3,742 first-time claimants almost entirely comprised of Respondents.  *See* Exhibit D, the Round 2 Report at pp. 8-9.

Terrorism Fund Clarification Act (the "Clarification Act")[8] that altered some of the provisions in the original Justice for United States Victims of State Sponsored Terrorism Act (the "VSST Act").[9] Significantly, the Clarification Act removed a provision of the VSST Act that precluded payments to otherwise eligible claimants who had received an award from the 9/11 Victim Compensation Fund ("VCF") and mandated that the VSSTF allocate one-half of the total amount available for distribution to 9/11-related victims, with the other half allocated to all other claimants. *See* Exhibit E, June 18, 2020 Special Master Report Regarding the Third Distribution (the "Third Round Report), found at

http://www.usvsst.com/docs/USVSST%20Fund%20Congressional%20Report%20June%202020.pdf

For Round 3, the VSSTF allocated a total of $1.075 billion. Accordingly, when calculating third-round payments, the VSSTF allocated $537.5 million for eligible 9/11-related claimants, and $537.5 million for all other eligible claimants. There are 10,590 9/11-related eligible claimants for Round 3, and 2,822 non-9/11-related eligible claimants. The VSSTF payout amounts to the 9/11 claimants will be .76% of their judgment amounts. Ex. E, Third Round Report, at p. 6. Amounts awarded to Respondents in the VSSTF third round will be $514,846,146.69, representing the difference between the $537.5 million allocation and $22,653,853.31 awarded to the *Havlish*, *Hoglan, Ray* and *Ryan* Plaintiffs.[10]  (*See* n.1, *supra*.)

---

[8] Pub. L. No. 116-69, div. B, title VII, § 1701(b)(1) (Nov. 21, 2019).

[9] Pub. L. No. 114-113, div. O, title IV, § 404 (Dec. 18, 2015).

[10] Clients represented by *Havlish* counsel in the *Havlish*, *Hoglan, Ray* and *Ryan* cases submitted a total of 464 eligible claims to the VSSTF and are due to receive Round 3 payments of $22,653,853.31.  Respondents submitted 10,126 eligible claims and are expected to receive total Round 3 VSSTF payments of $514,846,146.69.

The Clarification Act also changes the VSSTF cap on attorney fees. For the first two rounds, the VSST Act limited attorney fees and costs to twenty five percent (25%) of award payments for all claimants. Under the Clarification Act, attorneys representing 9/11-related claimants cannot charge, receive, or collect any payment of fees and costs that in the aggregate exceeds fifteen percent (15%) of any award payment. *See* http://www.usvsst.com, FAQ 6.2.[11]

Docket records and publicly available information demonstrate that if the VSSTF Special Master found each Respondent who had a timely judgment to be an eligible claimant, Respondents would have received total VSSTF award payments of $2.1 billion in the first three payment rounds. That amount is a measure of the immediate benefit Respondents have received from their utilization of *Havlish* work product.

## ARGUMENT

In its Opinion and Order, the Court recognized that "For nearly a decade, the *Havlish* Plaintiffs expended significant time and expense pursuing a default judgment against Iran," and "Respondents almost exclusively relied on the *Havlish* evidence when they pursued their own default judgments years' later." The Court concluded as follows:

> In these circumstances, creating a common benefit fund to compensate the *Havlish* attorneys is appropriate. Requiring Respondents' counsel to pay a percentage of their fees into a common fund spreads the costs of the litigation onto the class of individuals that benefited from their expenditure. Moreover, doing so promotes the Court's ability to manage the litigation by compensating attorneys who perform significant legal

---

[11] In its renewed motion for the creation of a common benefit fund, the *Havlish* Plaintiffs proposed a common benefit assessment of 12% of Respondents' VSSTF awards, representing approximately 50% of the VSST Act's 25% limit on attorney fees and costs. *See* Doc. No. 4290 at p. 6. At that time, *Havlish* counsel found their proposed assessment amount to be reasonable and conservative given that *Havlish* counsel provided all of the work product (other than the filing of VSSTF claim form) for Respondents' judgments, and bore all of the expense related to those judgments. However, in light of the Clarification Act's reduction of the amount of permissible attorney fees and costs, *Havlish* counsel acknowledges that a downward adjustment of its proposed assessment may be appropriate.

> services in favor of all Plaintiffs. As a result, both the Court's equitable powers and its inherent managerial authority provide a basis to create the common benefit fund."

Doc. No. 5180, Opinion and Order at 11.

As plainly stated in the Opinion and Order, this Court has the equitable power to assure that attorneys such as *Havlish* counsel, whose work bestowed substantial benefits on Respondents, receive reasonable compensation for their work in the form of a fixed percentage of fees earned by individual attorneys who benefited from the work performed. *See* Opinion and Order at p. 4, citing *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977); *In re Zyprexa Liab. Litig.*, 467 F. Supp. 2d 256, 265 (E.D.N.Y. 2006); and *Smiley v. Sincoff*, 958 F.2d 498, 500–01 (2d Cir. 1992).

Here, the *Havlish* Plaintiffs ask the Court to use those equitable powers and its inherent managerial authority to prevent the nullification of its Order. In the coming days, the VSSTF Special Master will be providing claimants with their Round 3 awards. In the absence of an order directing otherwise, those awards will be disbursed. Approximately fifteen percent (15%) will be at the disposal of Respondents' counsel to pay out as attorney fees and costs, thereby dissipating funds that would have been available to create the common benefit fund contemplated by the Court's Opinion and Order. At the above-referenced meet-and-confer, Respondents' counsel advised that they had indeed dispersed their Round 1 and 2 attorney fees and costs. The anticipated distribution of Round 3 awards will thus result in immediate and irreparable harm to *Havlish* counsel, particularly given the VSSTF Special Master's announcement that the amount of funds collected to date for deposit into the VSSTF are insufficient to authorize any award at all in 2021, and concomitantly, making the existence of awards in future years problematic.

Under the circumstances, it is necessary and appropriate for the Court to direct Respondents' counsel to pay into the Court registry, or alternatively, to place in escrow, the

8

attorney fee portion of Round 3 VSSTF awards paid to the judgment holders they represent, not be distributed until such time as the Court determines the proper amount of the common benefit fee. In order to ensure the Court receives the information needed to make that determination, the *Havlish* Plaintiffs ask the Court to include in its Order a requirement that Respondents' disclose the gross amounts awarded to Respondent judgment holders in each of the first three rounds of VSSTF payments and the amount of attorney fees generated from those awards. Once that information is available, the *Havlish* Plaintiffs intend to file a motion to set an appropriate common benefit fee amount based on the time, expense money, and expertise contributed by *Havlish* counsel and the amount of tangible benefit bestowed on Respondents. To facilitate that plan, the *Havlish* Plaintiffs ask the Court to set an appropriate briefing schedule.

## **CONCLUSION**

For the reasons stated above, the *Havlish* Plaintiffs ask the Court for an Order granting the following relief: (1) directing Respondents' counsel to pay into the Court Registry, or, alternatively, to hold in an escrow account sums equal to the attorney fee portion of all Respondent judgment holders' Round 3 disbursements from the VSSTF, and, in the case of escrow, to report all such sums to the Court; (2) directing Respondents' counsel to provide the Court and *Havlish* counsel with complete information regarding the gross amounts awarded to Respondent judgment holders in each of the first three rounds of VSSTF payments and the amount of attorney fees and cost reimbursements for each Respondent counsel generated from those awards; and (3) establishing a briefing schedule under which the *Havlish* Plaintiffs will file a motion to set an appropriate common benefit fee amount consistent with the Court's September 30, 2019 Opinion and Order, to which Respondents will be able to file responses, and *Havlish* counsel a reply.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: September 14, 2020 | /s/ Timothy B. Fleming |

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, PLLC
1211 Connecticut Avenue, N.W., Suite 420
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC   (*Lead Counsel*)
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Mielke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

Stephen A. Corr (PA Bar No. 65266)
BEGLEY, CARLIN & MANDIO, LLP
680 Middletown Boulevard
Langhorne, PA  19047
(215) 750-0110

John A. Corr (PA Bar No. 52820)
LAW OFFICE OF JOHN A. CORR, LLC
301 Richard Way
Collegeville, PA  19426
(610) 482-4237

**Attorneys for the *Havlish* Plaintiffs**