WHITE & CASE

September 18, 2020

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

The Republic of the Sudan objects to Plaintiffs' unauthorized filing of purported "supplemental pleadings" against Sudan in the *Ashton*, *Burnett*, *Continental Casualty*, *Federal Insurance*, and *O'Neill* actions.  *See* ECF Nos. 6427, 6429; *see also* ECF No. 6428.  Plaintiffs self-style their filings as "supplemental pleadings," but Plaintiffs cannot escape that their pleadings raise new claims and thus operate as *amended* complaints that supersede Plaintiffs' original pleadings.  Indeed, nothing in the Federal Rules or this Court's August 5 ruling authorizes individual Plaintiffs here to maintain more than one operative complaint.

Plaintiffs' latest pleadings state that they do not "displace," "replace or supplant" the ten, or more, "operative" complaints and other pleadings in these actions.  *See* ECF No. 6427 at ¶¶ 2, 5 n.2; ECF 6429 at 2.  With these new pleadings, Plaintiffs have violated the Court's August 5 ruling directing Plaintiffs (as they themselves requested) to file two "amended complaints" — one "consolidated amended complaint" on behalf of the *Burnett*, *O'Neill*, *Federal Insurance*, and *Continental Casualty* Plaintiffs, and one "amended complaint" on behalf of the *Ashton* Plaintiffs.  Aug. 5, 2020 Tr. (ECF No. 6393) at 45:16-18, 21-24; *see also* ECF No. 6285 at 1, 5 (seeking leave to file "amended" complaint); ECF No. 6286 at 2 (same); Aug. 5, 2020 Tr. (ECF No. 6393) at 8:24-9:1 (same); *id.* at 18:11-12 (same).  Indeed, Plaintiffs' filing of "supplemental" pleadings without leave of the Court is grounds for dismissal of those pleadings.  *Krauth v. Exec. Telecard, Ltd.*, 870 F. Supp. 543, 546 (S.D.N.Y. 1994) (dismissing pleading because party failed to seek leave to file a supplement); 3 *Moore's Federal Practice* § 15.30 (2020) ("Both a motion of a party and leave of court are required as a prerequisite to the service and filing of supplemental pleadings.").

In any event, Plaintiffs' pleadings are not properly "supplemental" complaints.  Rule 15(d) of the Federal Rules of Civil Procedure provides that supplemental pleadings may "set[] out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added); *see Green v. Kadilac Mortg. Bankers*, 936 F. Supp. 108, 117 (S.D.N.Y. 1996) (denying motion to supplement where "the bulk of the allegations contained in plaintiffs' proposed pleading relate to events that occurred before plaintiffs filed their amended complaint").  Plaintiffs acknowledge, however, that "[t]he purpose of [their] filings is to update the operative pleadings to reflect *changes in the law* and evidentiary disclosures by the U.S.

government subsequent to the filing of the underlying complaints." ECF No. 6428 at 1 (emphasis added); *see also* ECF No. 6427 at 1, n.1 (same); ECF No. 6429 at 2 (same).  In both filings, Plaintiffs add claims and jurisdictional bases that they assert are available to them by virtue of statutes enacted after their initial complaints (i.e., the 2008 amendments to the Foreign Sovereign Immunities Act and the 2016 Justice Against Sponsors of Terrorism Act).  *See, e.g.*, ECF No. 6427 at ¶¶ 8, 10, 193-254; ECF No. 6429 at ¶¶ 4-5, 7, 120-51.  And Plaintiffs add or expand allegations (presumptively based on these "evidentiary disclosures") regarding events that, as alleged, occurred years *before* Plaintiffs' prior complaints.  *See, e.g.*, ECF 6427 at ¶¶ 29-38, 75-80, 89-90, 93-98, 102, 106-114, 117, 119, 122-141, 148, 150-54 (allegations regarding events from 1989 to 2001); ECF No. 6429 at ¶¶ 12-37, 48, 52-53, 55, 62, 70-77, 82-85, 118 (same).

Because Plaintiffs' filings raise new claims and allege new facts that predate their prior complaints, they are by definition *amended* complaints that "supersede" the prior complaints — and *not* "supplemental" complaints.  *See United States v. Hicks*, 283 F.3d 380, 385-86 (D.C. Cir. 2002) (holding "the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties, rather than merely changes in the law governing those facts" and finding petitioner's motion to supplement, which alleged no facts that took place after the initial filing but instead brought new claims based on a change in law, "was merely an attempt to 'amend'"); *see also Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010) (affirming denial of leave to file supplemental complaint where plaintiffs sought to add new claims based on facts learned during discovery, but that predated the initial pleading, and holding "[t]he only available mechanism for adding these claims was an amended complaint"); *Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007) ("A Rule 15(a) motion for leave to amend the complaint, not a Rule 15(d) motion to supplement the pleading, is the appropriate mechanism through which a party may assert additional claims for relief."); *Sookoo v. Heath*, No. 09 Civ. 9820 (JGK), 2011 U.S. Dist. LEXIS 143627, at *4-5 (S.D.N.Y. Dec. 12, 2011) (same) (quoting *Michael*, 498 F.3d at 386); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (collecting cases).

Plaintiffs' filings also subvert the Court's efforts to streamline these proceedings, create confusion, and prejudice Sudan by asserting that they intend their ten-plus prior pleadings to remain "operative."  *See* ECF No. 6427 at ¶¶ 2, 5 n.2; ECF 6429 at 2.  Instead of two comprehensive complaints, Plaintiffs would force both the Court and Sudan to deal with at least *twelve* separate pleadings, resulting in a gross waste of judicial and party resources.  Sudan must have clarity as to which complaints, claims, and allegations to address, and which Sudanese government defendants are at issue, in the "consolidated motion to dismiss" that the Court directed Sudan to file in these actions.  Aug. 5, 2020 Tr. (ECF No. 6393) at 45:21-25.  And the Court and the parties must have certainty that any order by the Court on Sudan's consolidated motion fully addresses all of Plaintiffs' complaints, claims, and allegations against Sudan and any other Sudanese government defendants.

Further, pursuant to this Court's August 5 ruling, Sudan will address in its consolidated motion "the issue whether or not the *amended* complaint by their filing vitiates the defaults that have been entered."  *Id.* at 45:25-46:4 (emphasis added).  As Sudan has stated previously, the law is clear that Plaintiffs' amended complaints vitiate the historical entries of default against Sudan.  *Id.* at

**WHITE & CASE**

The Honorable Sarah J. Netburn
September 18, 2020

34:2-17.  This Court should not countenance Plaintiffs' transparent attempt now to self-style their pleadings as "supplemental complaints" to sidestep this result.  Sudan reiterates its commitment to appear and litigate these cases in an adversarial context — something Plaintiffs now seem loath to do.

Accordingly, as a matter of fairness and to bring order and clarity to these proceedings, Sudan respectfully requests that the Court direct Plaintiffs to file the two authorized amended complaints consistent with the Court's August 5 ruling.  In the alternative, Sudan requests that the Court deem Plaintiffs' self-styled "supplemental pleadings" as *amended* complaints and the *only* operative complaints in these cases.  *See, e.g.*, *Sookoo*, 2011 U.S. Dist. LEXIS 143627, at *4-5 (construing "supplemental" complaint as an amended complaint where pleading asserted new legal claims and no factual allegations occurring after the complaint was filed); *Warren v. Woods*, No. 05 Civ. 8438, 2007 U.S. Dist. LEXIS 63158, at *7 (S.D.N.Y. Aug. 24, 2007) (deeming motion to supplement a motion to amend where the events referenced occurred before plaintiff filed the original complaint); *Reiter v. United States*, 371 F. Supp. 2d 417, 424 (S.D.N.Y. 2005) (same).

Sudan further requests that the Court reset the briefing schedule (ECF No. 6401) on Sudan's consolidated motion to dismiss so that Sudan's motion shall be due on or before 45 days from the date that either (a) Plaintiffs file the two authorized amended complaints, or (b) the Court rules on Sudan's request to order Plaintiffs' purported "supplemental" pleadings to be treated as amended complaints and the only operative complaints against Sudan in these cases — with all further briefing deadlines on Sudan's motion to dismiss adjusted accordingly.

\*     \*     \*

Sudan expressly preserves, and does not waive, any and all rights, privileges, immunities, and defenses that may be available to it, including without limitation the Court's subject-matter jurisdiction and the propriety and timeliness of Plaintiffs' claims.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte
Nicolle Kownacki

*Counsel for the Republic of the Sudan
and all of its constituent parts*

cc:   Counsel of Record (via ECF)