UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

Civil Action No.
03 MDL 1570 (GBD) (SN)

-------------------------------------------------------
**This Document Relates To:**

*Havlish, et al. v. bin Laden, et al.*, Case No. 03-CV-09848
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977
*Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 15-CV-9903
*Burlingame, et al. v. bin Laden, et al.,* Case No. 02-CV-07230
*Bauer, et al. v. al Qaeda Islamic Army, et al.,* Case No. 02-CV-07236
*O'Neill, Sr., et al. v. Republic of Iraq, et al.,* Case No. 04-CV-1076
*Federal Insurance Co., et al. v. al Qaida, et al.,* Case No. 03-CV-06978
----
*All other cases against the Islamic Republic of Iran*

### THE *FEDERAL* PLAINTIFFS' OPPOSITION TO THE *HAVLISH* PLAINTIFFS' EMERGENCY MOTION

As this Court has acknowledged, several motions are pending before the Court incorporating proposals, counter-proposals, requests for discovery, and oppositions thereto, submitted by the *Federal* Plaintiffs, the *Havlish* Plaintiffs, and the Plaintiffs' Executive Committee for Wrongful Death and Personal Injury Plaintiffs, relative to the Court's September 30, 2019 Opinion and Order granting, in part, the *Havlish* Plaintiffs' request that the Court create a common benefit fund and authorize disbursements therefrom. *See* ECF Nos. 5359, 5361, 5499, 6216, 6246, 6247. Despite this posture, the *Havlish* Plaintiffs deemed it necessary to submit an "emergency" motion, renewing a previously-rejected request that the Court direct respondents to set aside fees awarded from the United States Victims of State Sponsored Terrorism Fund ("VSSTF"). The *Federal* Plaintiffs respectfully request that the Court deny the *Havlish* Plaintiffs' motion in its entirety.

The *Havlish* Plaintiffs' submission is improper as to the *Federal* Plaintiffs because it fails to acknowledge that the *Federal* Plaintiffs did not recover any funds from the VSTTF. In its

September 30, 2019 Opinion and Order, the Court specifically recognized that the *Federal* Plaintiffs were ineligible for the VSSTF.  Yet in their submission, the *Havlish* Plaintiffs seek an order directing "all other MDL plaintiffs who hold judgments against the Islamic Republic of Iran" to set aside and provide information about awards received from the VSSTF.  Because the *Federal* Plaintiffs received no funds from the VSSTF, no fees exist that could be escrowed.

      The *Federal* Plaintiffs further dispute the *Havlish* Plaintiffs' submission to the extent that it advocates for a common benefit fund that operates for the sole benefit of the *Havlish* counsel.  The *Havlish* Plaintiffs maintain that the Court concluded "it is appropriate to create a common benefit fund to compensate *Havlish* counsel for their work in delivering a judgment and establishing a damages paradigm that has substantially benefited all MDL plaintiffs who have judgments against Iran and allowed them to receive compensation from the VSSTF."  *See* ECF No. 6449 at 2.  As set forth more detail in the *Federal* Plaintiffs' proposal and motion for reconsideration, neither the governing law nor equitable principles justify the establishment of a common benefit fund limited to the *Havlish* counsel.  *See* ECF No. 5359.

      Because the *Federal* Plaintiffs did not receive any funds from the VSSTF, there is no basis to order the *Federal* counsel to pay into the Court Registry, or hold in escrow, sums equal to the VSSTF disbursements, or to provide the Court and *Havlish* counsel with information regarding gross amounts awarded from the VSSTF.  In addition, it is premature for the Court to order a briefing schedule to set an appropriate common benefit fee without first ruling on the pending motions and addressing the appropriate framework for a common benefit fund structured to compensate the committee members for their relative investments in the multi-district litigation as a whole.  Accordingly, and for the reasons set forth herein, the *Federal* Plaintiffs respectfully request that the Court deny the *Havlish* Plaintiffs' Emergency Motion for

an Order Directing Respondents to Set Aside and Preserve a Portion of, and Provide Information about, Awards, Attorney Fees, and Costs received from the United States VSSTF.

Dated:  September 28, 2020

Respectfully submitted,

COZEN O'CONNOR

By:  __/s/  Sean P. Carter__
Sean P. Carter, Esq.
Stephen A. Cozen, Esq.
J. Scott Tarbutton, Esq.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2105

*Attorneys for the Federal Insurance Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the *Federal* Plaintiffs' Opposition to the *Havlish* Plaintiffs' Emergency Motion was filed electronically this 28th day of September 2020. Notice of this filing will be sent to all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system. Parties may access this filing through the Court's ECF system.

                    /s/ *J. Scott Tarbutton*
                    J. Scott Tarbutton

LEGAL\48489886\1