# WIGGINS CHILDS
# PANTAZIS FISHER
# GOLDFARB
Advocates & Litigators

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
RACHEL LEE McGINLEY
JOSHUA R. GALE*
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
EVAN D. PANTAZIS
CHRISTINA MALMAT
LIESELOTTE CARMEN-BURKS
KAMERON M. BUCKNER

ERIC C. SHEFFER
STAFF ATTORNEY

SANDRA DUCA
TIMOTHY B. FLEMING*
TERRILL W. SANDERS
OF COUNSEL
*Not Licensed in Alabama

ROBERT F. CHILDS, JR.
(1947-2018)

October 8, 2020

**VIA ECF**
The Honorable George Daniels
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)
*Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(SN)

Dear Judge Daniels:

As counsel for the *Havlish* Plaintiffs, we write to clarify our position regarding the PEC's request for an extension of time to file objections to Judge Netburn's order of September 30, 2020. ECF 6481 (the "Reconsideration Order"). While we have repeatedly and consistently agreed to the PEC's requests to extend briefing times in this matter, we have declined to do so here because the intended filing and requested extension will only serve to waste judicial resources and needlessly delay the resolution of the matter at issue.

In her order, Judge Netburn denied the PEC's motion for reconsideration of her prior order granting in part the *Havlish* Plaintiffs' renewed motion for the creation of a common benefit fund. ECF 5180. The proposed common benefit fund would be funded by a portion of amounts awarded to MDL plaintiffs from the United States Victims of State Sponsored Terrorism Fund ("VSSTF" or "the Fund"). MDL plaintiffs holding judgments against Iran are eligible to receive, and have received, proportional awards from the Fund. In order to determine the amount of the common benefit fund, the identities of attorneys eligible to participate in the fund and the mechanics of payments to and from the fund, Judge Netburn's Reconsideration Order directs all interested parties, including members of the PEC and *Havlish* counsel, to submit documentation substantiating the time and expenses they contributed to the work product that resulted in the original judgement against Iran that all MDL plaintiffs have used as the basis for their VSSTF awards. The Reconsideration Order also directs the parties to provide the Court with information regarding VSSTF award amounts and related attorney fees.

October 8, 2020
Page 2

      Apparently, the PEC now intends to take yet another bite of the apple and has requested additional time to seek reconsideration of Judge Netburn's reconsideration. Specifically, the PEC would like to wait an additional three weeks before presenting the Court with its arguments for a third time. In the meantime, the VSSTF is currently sending claimants their third-round award payments and the Fund's Special Master has announced that the Fund does not have sufficient assets for any awards in 2021. The PEC has not agreed to preserve the money that would be used to fund the common benefit fund by placing attorney fees from third-round VSSTF awards into an escrow account. The PEC's request to delay submission of its repackaged arguments therefore will only serve to make creation and administration of the common benefit fund more difficult.

      At this point in the process, Judge Netburn has found only that it is appropriate to assess a common benefit fee to compensate lawyers who worked for the common benefit of all plaintiffs in pursuit of the claims against Iran. Judge Netburn has indicated that once she has reviewed the submissions from the parties, she will enter a final order that establishes the common benefit fund and the parameters for participation. The PEC may or may not have objections to that final common benefit fund order, so the Court's consideration of objections at this juncture will be either unnecessary or duplicative.

      Even if the Court grants the PEC's request for an extension of time to file objections to the Reconsideration Order, the Court should deny the PEC's requested stay of the submission of the documents and information Judge Netburn requested in her order. Information regarding VSSTF awards and attorney time and expense records is readily ascertainable. The timely submission of that information will not interfere with the PEC's proposed filing and will promote the expeditious resolution of the issues.

      For the reasons discussed above, the *Havlish* Plaintiffs respectfully request that the Court deny the PEC's request for a stay of the Reconsideration Order and an extension of time to file objections to that order.

Sincerely,

Dennis G. Pantazis
*Attorney for the Havlish Plaintiffs*