WHITE & CASE

October 13, 2020

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, **Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)**

Dear Judge Netburn:

This letter responds to Plaintiffs' October 9, 2020 letter (ECF No. 6493) regarding Sudan's objection (ECF No. 6462) to Plaintiffs' purported "supplemental" complaints filed on September 4, 2020.

Plaintiffs concede that these latest complaints against Sudan raise new claims and legal bases for jurisdiction not previously asserted in Plaintiffs' prior complaints (or that "did not even exist" when those prior complaints were filed). ECF No. 6493 at 2 ("In particular, the updated Complaints were aimed at including legal remedies established *subsequent to the filing* of the original complaints, including in particular JASTA," and "the *most prominent* intervening occurrences necessitating Plaintiffs' supplementation are the several intervening changes in law regarding suits against foreign sovereigns." (emphases added)). But Plaintiffs ignore Sudan's argument that, under the Federal Rules of Civil Procedure and longstanding precedent, because Plaintiffs' filings raise new claims against Sudan, their filings necessarily constitute amended — not supplemental — complaints that supersede their prior complaints against Sudan. *See* ECF No. 6462 at 1-2.

Plaintiffs likewise do not refute that new factual allegations predating the original complaints, regardless of when plaintiffs discover those alleged facts, are properly brought through *amended* complaints. *See* ECF No. 6493 at 2. Indeed, Plaintiffs fail to identify a single new factual allegation that postdates the original complaints. *Contra* ECF No. 6462 at 2 (identifying new or expanded allegations that, as alleged, occurred years before Plaintiffs' prior complaints). And the cases Plaintiffs cite (at 1 n.2 & 3) confirm that supplemental complaints are appropriate for updating facts that occurred *after* the filing of the original complaint, not for adding facts that predated the filing of the original complaint. *See, e.g., United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 6, 7 (1st Cir. 2015) (holding that "it is implicit in the logic of Rule 15(d) that a motion to supplement may be denied where the referenced events occurred before the filing of the original complaint" and remanding to district court to permit a motion to supplement based on

The Honorable Sarah J. Netburn
October 13, 2020

WHITE & CASE

factual developments occurring during the appeal that dissolved the jurisdictional bar the district court found dispositive); *United States v. Russell*, 241 F.2d 879, 882 (1st Cir. 1957) (observing that "the so-called amended complaint" "alleged facts which occurred subsequent to the date the original complaint was filed").

Instead, Plaintiffs admit that they self-styled their filings as "supplemental" complaints in a transparent attempt to avoid the vitiation of the entries of default as to Sudan in certain cases. ECF No. 6493 at 5. But Plaintiffs' complaints — no matter how they are styled — raise new claims against Sudan and, as a result, those complaints moot the historical entries of default against Sudan. *See, e.g.*, Aug. 5, 2020 Tr. (ECF No. 6393) at 34:2-17 (citing cases); June 21, 2020 Letter to Court from Sudan (ECF No. 6288) at 4-5 (citing cases). Simply put, Sudan — which has appeared and is committed to litigating these cases — has the right to respond to, and is not in default with respect to, Plaintiffs' latest complaints and their brand-new claims. *See, e.g.*, *Benavidez v. Piramides Mayas, Inc.*, No. 09 Civ. 5076 (KNF), 2013 U.S. Dist. LEXIS 55586, at *17-19 (S.D.N.Y. Apr. 16, 2013) (holding that previously defaulting defendants were "entitled to answer" amended complaints that added new legal claims, thus rendering the prior entry of default "of no legal consequence with respect to the amended complaints") (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669-70 (2d Cir. 1977)). Sudan's right to respond to new claims against it is not, as Plaintiffs suggest (at 4), a mere "technicality."

This Court should not permit Plaintiffs to sidestep the consequences of their filing new legal claims against Sudan, particularly when, in the eight to fifteen years since the entries of default were entered, Plaintiffs never pursued default judgments against Sudan, as they did against other defendants. Not only would acceptance of Plaintiffs' purported "supplemental" complaints run counter to the Federal Rules of Civil Procedure and precedent distinguishing between "amended" and "supplemental" pleadings, but upholding the entries of default on this questionable basis would be inconsistent with the Second Circuit's strong preference for resolving cases on the merits. *See, e.g.*, *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default."); *First Fidelity Bank, N.A. v. Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989) ("Courts go to great lengths to avoid default judgments against foreign sovereigns or to permit those judgments to be set aside."); *see also* ECF No. 6288 at 5 (citing cases).

Plaintiffs rely (at 4) on *Belkin* and *Valore*, but those cases are inapposite. In both cases, the plaintiffs proffered amended complaints in connection with motions for default judgments against defendants that had not appeared. Here, Sudan has appeared and Plaintiffs have never moved — despite the passage of many years — for default judgments against Sudan. Moreover, the court in those cases did not require plaintiffs to serve the amended complaints as "(1) defendants [we]re in default and (2) the cause of action in the Amended Complaint [wa]s 'essentially the same' as the cause of action in the original Complaint and therefore *no new claim for relief was asserted*." *Belkin*, 2020 U.S. Dist. LEXIS 130286, at *7 (emphasis added) (citing *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 8, 20 (D.D.C. 2009) (concluding that the "amended complaint did not substantially change the allegations" and that the "causes of action [we]re essentially the same")); *Valore*, 659 F. Supp. 2d at 100 (same). Here, in contrast, Sudan was served with Plaintiffs' September 4 complaints by ECF and Plaintiffs expressly acknowledge that their September 4

The Honorable Sarah J. Netburn
October 13, 2020

WHITE & CASE

complaints add new claims, new bases for jurisdiction, and new factual allegations. *See* ECF No. 6493 at 2-3; *see also* ECF No. 6462 at 2 (highlighting new claims and jurisdictional bases).

Plaintiffs are incorrect that *Flanagan* and *Owens*, in which the courts declined to set aside default *judgments*, present "a context remarkably akin to the circumstances here" (at 5 n.10), where Plaintiffs have never sought, let alone obtained, default judgments against Sudan. And *Flanagan* expressly contrasted the prejudice to plaintiffs who have obtained default *judgments* with that of those who have obtained only *entries* of default against foreign sovereigns, confirming that there is "no risk of prejudice" to setting aside an entry of default in an FSIA case where, as here, "plaintiffs had 'not yet expended any significant efforts to satisfy their burden of proof for default judgment.'" 190 F. Supp. 3d at 160 (quoting *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 129 (D.D.C. 2008)).

Furthermore, Plaintiffs do not dispute that they expressly requested, and this Court granted them, leave to file two "amended complaints." *See, e.g.*, June 18, 2020 Letter to Court from Plaintiffs' Executive Committees (ECF No. 6285) at 3 (invoking Rule 15(a) for amended complaints, not Rule 15(d) for supplemental complaints); Aug. 5, 2020 Tr. (ECF No. 6393) at 45:16-18, 21-24. Instead, in a footnote, Plaintiffs assert that the Court "authorized an update to pleadings described in the hearing," and that "Plaintiffs denominated the filings consistent with the intent described during the hearing." ECF No. 6493 at 1 n.3. But, contrary to Plaintiffs' self-serving description of the hearing, the Court expressly "authorize[d] two . . . consolidated amended complaints" and gave no indication of any different intent. Aug. 5, 2020 Tr. (ECF No. 6393) at 45:16-18. The transcript of the August 5, 2020 status conference makes clear that the pleadings were repeatedly and consistently "described in the hearing" as "amended" complaints. Plaintiffs and the Court described Plaintiffs' request as a request for leave to "amend" their complaints, and drew comparisons to other cases in which leave to "amend" was granted. *See, e.g.*, Aug. 5, 2020 Tr. (ECF No. 6393) at 4:24-25, 5:2-5; 8:24-9:4, 9:9-18, 9:23-10:3, 10:10-11:7, 12:20-13:6, 13:18-20, 14:11-14, 15:3-6, 15:24-16:2, 17:12-15, 18:7-9, 18:11-14, 18:22-19:2, 19:14-15, 20:4-7, 21:3-4, 32:24-33:2, 34:23-25, 39:6-25, 41:19-21, 42:5-11, 42:21-23, 43:7-9, 43:14-16, 43:21-44:3, 45:7-10, 45:16-18, 45:21-46:4, 46:19-20, 48:18-22. Indeed, neither Plaintiffs' counsel nor the Court ever uttered the words "supplement" or "supplemental" during the conference. *See generally id*.

Unable to square their position now with their statements during the conference, Plaintiffs suggest — disrespectfully and without any support — that counsel for both parties and the Court somehow "confuse[d]" or "mislabel[ed]" the pleadings. ECF No. 6493 at 1 n.3. Sudan's counsel certainly bore no such confusion, and Sudan does not share Plaintiffs' apparent presumption that the Court failed to appreciate the distinction between an amended and a supplemental complaint.

Contrary to Plaintiffs' argument (at 2, 5 n.11), the general case management order from 2004 (Case Management Order No. 2 (ECF No. 247)) does not replace the Court's specific Order on August 5, 2020, granting Plaintiffs' request for leave to file two amended complaints. In any event, CMO No. 2 reinforces Sudan's position, because it permitted Plaintiffs to file "more definite statements and/or *additional allegations* . . . in lieu of filing an additional Amended Complaint." ECF No. 247 at ¶ 13 (emphasis added). But as Plaintiffs' letter makes clear, Plaintiffs filed the September 4

3

**WHITE & CASE**

The Honorable Sarah J. Netburn
October 13, 2020

complaints for the express and primary purpose of adding *new legal claims*, not merely additional factual allegations.

The Short Form procedures that the Court has adopted for claims against Saudi Arabia and Iran (at 2, 4, 5 n.11) are similarly irrelevant. Those procedures allowed *new* plaintiffs bringing claims against Saudi Arabia and Iran to adopt the allegations of the respective Consolidated Amended Complaints or *Ashton* Amended Complaints through the filing of Short Form Complaints. See ECF No. 5234 at 1, 2, 4. But in both instances, the plaintiffs with prior claims had already filed those *amended* complaints. Plaintiffs acknowledge that these procedures were implemented for "*later-filed* claims" (at 4) (emphasis added). The Short Form procedures are thus inapplicable here, where Plaintiffs have previously sued Sudan and seek to amend their pleadings to assert new claims, bases for jurisdiction, and factual allegations against Sudan.

Finally, Sudan has not suggested that the two amended complaints against Sudan, as authorized by the Court at the August 5 conference, would "displace" Plaintiffs' allegations and claims against other defendants. Rather, consistent with the Court's August 5 Order, Plaintiffs should set forth all of their legal claims, bases of jurisdiction, and factual allegations asserted against Sudan in the two authorized amended complaints, and Sudan should be required to respond to only those two amended complaints in a consolidated motion to dismiss. Plaintiffs can either repeat the allegations regarding "the identity of the Plaintiffs, their relations to decedents, the nature of each Plaintiffs' injuries" (at 2) or identify *specifically* where those allegations can be found in prior pleadings without asserting (as Plaintiffs do now) that all parts of all prior pleadings remain active as to Sudan. *See, e.g.*, Consol. Supp. Compl. (ECF No. 6427) at 2 n.2 (listing "operative complaints" including *Burnett*'s Notice of Consolidated Pleadings that incorporates a multitude of more definite statements regarding Defendants other than Sudan).

\*   \*   \*

Plaintiffs make no compelling argument that either (a) the Court authorized the filing of supplemental complaints, or (b) new legal claims can be brought properly through supplemental complaints. Sudan therefore respectfully reiterates its request that the Court direct Plaintiffs to file the two amended complaints as to Sudan, as previously authorized and ordered by the Court, or, in the alternative, deem Plaintiffs' self-styled "supplemental pleadings" as *amended* complaints and the *only* operative complaints in these cases. Plaintiffs concede that the Court has the authority to deem the pleadings as amended complaints. *See* ECF No. 6493 at 5.

Sudan further requests that the Court reset the briefing schedule (ECF No. 6401) on Sudan's consolidated motion to dismiss so that Sudan's motion shall be due on or before 45 days from the date that either (a) Plaintiffs file the two authorized amended complaints, or (b) the Court rules on Sudan's request to deem Plaintiffs' purported "supplemental" pleadings as amended complaints and the only operative complaints against Sudan in these cases — with all further briefing deadlines on Sudan's motion to dismiss adjusted accordingly.

WHITE & CASE

The Honorable Sarah J. Netburn
October 13, 2020

Sudan expressly preserves, and does not waive, any and all rights, privileges, immunities, and defenses that may be available to it, including without limitation the Court's subject-matter jurisdiction and the propriety and timeliness of Plaintiffs' claims.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Claire A. DeLelle
Matthew S. Leddicotte
Nicolle Kownacki

*Counsel for the Republic of the Sudan
and all of its constituent parts*

cc:   Counsel of Record (via ECF)