UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On July 20, 2020, the Court issued an Opinion and Order filed under seal ("July 20 Order") addressing the Plaintiffs' Executive Committees' ("Plaintiffs" or "the PECs") motion for an oral deposition of Akram Alzamari. ECF No. 6322. By e-mail dated August 26, 2020, the Court instructed the parties, pursuant to Paragraph 11 of the FBI Protective Order, to jointly submit a letter motion concerning disputes regarding the sealing of information in the July 20 Order. See ECF No. 4255. On September 9, 2020, the Plaintiffs' Executive Committees and counsel for the Federal Bureau of Investigation ("FBI") and Akram Alzamari submitted a joint letter ("Sept. 9 Ltr.") to the Court. ECF No. 6443. This Opinion and Order resolves the disputed redactions raised in the parties' September 9, 2020 letter.

**LEGAL STANDARD**

A presumption of public access attaches to judicial documents. See Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 141 (2d Cir. 2016) (citing Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013)). This presumption is secured by two independent sources: the First Amendment and the common law. Id. (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The First Amendment right of access is "stronger and can only be overcome under more stringent circumstances than the common law presumption." United States v. Eerie Cty., 763 F.3d 235, 241 (2d Cir. 2014).

Accordingly, where, as here, the First Amendment is applicable, the Court "need not . . . engage in . . . a common law analysis." Accent Delight Int'l Ltd. v. Sotheby's, No. 18-cv-9011 (JMF), 2019 WL 2602862, at *7 (S.D.N.Y. June 25, 2019) (citing Erie County, 763 F.3d at 241).

The Court of Appeals has articulated two different approaches to determine whether judicial documents receive First Amendment protection. See Bernstein, 814 F.3d at 141. The first approach considers "experience and logic": that is, "whether the documents have historically been open to the press and general public," and "whether public access plays a significant positive role in the functioning of the particular process in question." Id. The second approach asks whether the documents "are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." Newsday LLC, 730 F.3d at 164 (citing Lugosch, 435 F.3d at 120). This approach applies only when the judicial proceedings themselves are covered by the First Amendment. The Court of Appeals has held that the First Amendment "secure[s] to the public and to the press a right of access to civil proceedings." Lugosch, 435 F.3d at 124 (citing Westmoreland v. Columbia Broad. Sys., Inc., 752 F.2d 16, 23 (2d Cir. 1984)).

To overcome a First Amendment right of access to judicial documents, the moving party must demonstrate that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." Bernstein, 814 F.3d at 144 (citing In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). The Court must "review the documents individually and produce specific, on-the-record findings that sealing is necessary." Brown v. Maxwell, No. 18-2868-CV, 2019 WL 2814839, at *4 (2d Cir. July 3, 2019) (internal citations and quotation marks omitted). "Broad . . . findings" and "conclusory assertion[s]" are insufficient to overcome the public's right to access the record. Bernstein, 814 F.3d at 144-45. Because the Court finds that the First Amendment attaches, the Court needs to consider whether sealing is necessary to preserve higher values.

2

## DISCUSSION

### I.     Redactions on Page One

Alzamari asks the Court to redact information about his interview with Plaintiffs' investigator Catherine M. Hunt on the grounds that Plaintiffs have previously made an application to the Court setting forth their concerns about the safety of third-party witnesses in this case. Sept. 9 Ltr., at 1. Plaintiffs' application had sought to withhold from Saudi Arabia their potential third-party witness list because of concerns based in part on the murder of Saudi Arabian author and Washington Post journalist Jamal Khashoggi, who was interviewed by an investigator for the PECs roughly one year before his death. See ECF No. 6003-2 at ¶¶ 3, 9. Alzamari contends that Plaintiffs' prior concerns regarding third-party witnesses is inconsistent with their current effort to add information to the public docket regarding Alzamari. Sept. 9 Ltr., at 2. Alzamari also believes he is likely to face increased risk of harm if this information is unredacted. Id.

Plaintiffs minimize Alzamari's concerns and claim that he makes only "broad and conclusory assertions" about the disruption to his life and damage that may be caused if this information is released, failing to comply with the high standards for sealing set forth by the Court of Appeals. Id. Additionally, Plaintiffs argue that the fact that the information is already well known to any interested observer is further reason to deny the request. Id., at 3. Seeking to defend their apparent change of heart, Plaintiffs claim that their concerns regarding witness safety applied to third-party witnesses who had not yet testified or even been identified as witnesses. See ECF No. 6003, at 3. Now that Alzamari has already provided answers to written questions, has not described any specific threats, and his identity as a witness is known to the Kingdom, Plaintiffs are no longer concerned for his safety. Sept. 9 Ltr., at 3.

The Court agrees with Alzamari that if the views set forth in Plaintiffs' February 21 application were held in good faith, it is difficult to reconcile them with Plaintiffs' current arguments regarding these redactions. The Court strongly condemns the use of threats to personal safety as a litigation tool by Plaintiffs or any other party and is troubled by Plaintiffs' reversal on this issue.

Plaintiffs' inconsistent positions on Alzamari's safety, however, do not determine whether the language at issue should be redacted. Documents on the public docket already reveal that Alzamari (i) "had personal knowledge concerning the two 9/11 hijackers and Fahad al Thumairy," see ECF No. 4528, at 5; and (ii) had been interviewed by the FBI in connection with the 9/11 investigation, see ECF No. 4496, Ex. 1, at ¶ 13. The Court of Appeals has observed that "[w]e simply do not have the power, even were we of the mind to use it if we had, to make what has . . . become public private again." Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004). The Court cannot put the public fact of Alzamari's knowledge of the hijackers back in the box, even if it wanted to. The Court also takes into account the fact that the FBI has not proposed redacting this language. While the Court takes threats to witness safety extremely seriously, the Court finds that there is no basis, on this record, on which to keep this language redacted.

**II.     Sentences on the Last Two Lines of Page Five**

The language in the first redaction at issue consists of Alzamari reading a portion of an FBI 302 so that he can later provide testimony clarifying the statement in the 302.[1] See ECF No. 6224-9, at FBI141. The language in the second redaction is a clarification of a statement

---

[1] In the July 20 Order, the Court mistakenly characterized this language as representing Alzamari's deposition testimony. The FBI correctly notes that this language represents Alzamari reading a portion of his 302.

attributed to Alzamari in the 302. The FBI notes that public disclosure of the contents of 302 interview reports for particular witnesses has the potential to compromise the integrity of an FBI investigation by revealing to other witnesses and potential witnesses the questions that were asked by the FBI and the specific information reported to the FBI as part of its investigation. Sept. 9 Ltr., at 4. Plaintiffs contend that the content of these sentences have already been publicly discussed. See ECF No. 6154-3, at ¶¶ 34-35.

The FBI has asserted a "higher value" in maintaining the confidentiality of its 302s. Disclosure of the content of the 302 may reveal, for example, what information the FBI has focused on or not focused on, and what information it has obtained or not obtained. Disclosure of this information has the potential both to compromise the integrity of an investigation and to discourage candor and cooperation of future witnesses with FBI investigations. This higher value, moreover, persists, even if the "information" has been disclosed through other means. The FBI's interest in protecting the information is not to keep certain facts from the public. Rather, it is to keep from the public the fact that the FBI may (or may not) know those facts too.

The first portion of the proposed redactions on the bottom of page 5, Alzamari's recitation of a portion of his 302, contains citations to a document that has been produced subject to the FBI Protective Order. The second portion, Alzamari's testimony clarifying the significance of ███████████████████████████████████, has not previously been discussed in the public record before the Court and would tend to reveal what was contained in the 302 itself. Accordingly, both these portions should be kept redacted.

### III.  First Full Sentence on Page Six

The language in this proposed redaction is a direct quote from an FBI 302 report memorializing an interview with Alzamari. See ECF No. 6224-10, at FBI183. Plaintiffs contend

that the information here appears in Ms. Hunt's publicly docketed declaration. But information contained in an FBI 302 is properly protected to advance the FBI's higher interests. Additionally, contrary to the Plaintiffs' representation, the language in the publicly docketed declaration does not communicate the same information as the redacted sentence. See ECF No. 6154-3, at ¶ 34. And even if Alzamari had separately made the identified statements to Ms. Hunt, the redacted information reveals additional information, namely, what Alzamari told the FBI. Sept. 9 Ltr., at 6. Accordingly, the Court finds that this sentence should remain redacted.

IV.   **Sentence on Page Six Beginning With "Alzamari Corrected Minor"**

Each of these redactions reveals the content of portions of an FBI 302 report memorializing an interview of Alzamari. See ECF No. 6224-9, at FBI141-142. While information has been made public regarding █████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████. See Sept. 9 Ltr., at 7 (citing sources). Plaintiffs Exhibits B and C similarly do not mention ██████████████████████ █████████████████████████████ as reported in the 302. Accordingly, the Court finds that this sentence should remain redacted. However, the Court finds that the phrase "the meeting at," which Alzamari seeks to redact but the FBI does not, should be unredacted.

V.   **Last Full Sentence on Page Six**

The FBI contends that the language in this proposed redaction should remain sealed because it reveals information that is contained in an FBI 302 report. Sept. 9 Ltr., at 8. However, the statement that Al Thumairy interacted with the 9/11 hijackers is not contained within the language of the 302 and is a widely reported fact and a matter of public record. See, e.g., ECF

No. 6154-3, at ¶ 17. Alzamari's confirmation of this fact does not rely on the content of the FBI 302s, and thus falls outside the scope of the FBI protective Order and should be disclosed. The FBI counters that because the Opinion reveals that Alzamari's testimony was ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ To promote the disclosure of the key language at issue that "Thumairy and the hijackers . . . knew each other," the Court will instead redact the language ▮▮▮▮▮▮▮▮▮.

## VI. Proposed Redaction on Page Eight

The FBI contends that the language in this proposed redaction should remain sealed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Sept. 9 Ltr., at 8. The Court's Order, however, cites to a communication from Alzamari's counsel, which is wholly consistent with a statement that Alzamari gave to Ms. Hunt in August 2018 and does not refer directly or indirectly to an FBI 302 or its contents. See ECF No. 6154, at ¶ 25. It is not readily apparent from the language in this proposed redaction that the information is in any way sourced to an FBI 302 or was provided to the FBI. Accordingly, the Court finds that this portion of the sentence should be unredacted.

## CONCLUSION

The publication of the July 20 Order on the public docket with the above redactions is stayed for 7 days to give the parties an opportunity to file any appeals. The parties are directed to redact the briefing papers filed in connection with the July 20 Order consistent with this Order and upload the filing papers with redactions onto the public docket within 30 days.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

October 2, 2020
New York, New York