UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS ON :          03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                                 :
_____

This Document Relates To:
*Havlish, et al. v. bin Laden, et al.*, Case No. 03-CV-09848
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977
*Burnett, Sr., et al., v. Islamic Republic of Iran,* Case No. 15-CV-9903
*Burlingame, et al. v. bin Laden, et al.,* Case No. 02-CV-07230
*Bauer, et al. v. al Qaeda Islamic Army, et al.,* Case No. 02-CV-07236
*O'Neill, Sr., et al. v. Republic of Iraq, et al.,* Case No. 04-CV-1076
----
*All other cases against the Islamic Republic of Iran*

### DECLARATION OF ANDREW J. MALONEY, III, ESQ., IN SUPPORT OF PLAINTIFFS' FED.R.CIV.P. 72 OBJECTIONS TO ECF No. 6481 AND ECF No. 5180

I, Andrew J. Maloney, III, Esq., pursuant to 28 U.S.C. § 1746(2), hereby declare under penalty of perjury the following:

1. I submit this declaration in support of Plaintiffs' Fed.R.Civ.P. 72 Objections to the Magistrate Judge's September 30, 2020 Opinion & Order (ECF No. 6481) denying Plaintiffs' Motions For Reconsideration and /or Clarification Regarding the "Common Benefit Fund Decision" (ECF No. 5180).

2. The docket reflects the daunting scope of the PECs' members who are Responding Plaintiffs here who have undertaken in fulfilling their leadership responsibilities in this enormous, complex, multi-party, multi-district litigation ("MDL").

3. In the course of this MDL, the PECs took on a variety of pleading, briefing, discovery, and investigatory tasks against all defendants, which included sovereign entities, charities, individuals, banks, and terrorist organizations. A non-exhaustive list of some of the litigation tasks include the following:

A. Initial drafting, filing and serving multiple complaints prior to consolidation, including Iran;

B. Handling hundreds of dispositive motions, including opposing at least 50 motions to dismiss by various defendants, for example (shortened opposition descriptions ("opp.") of the moving parties following in parentheses):

- ECF Nos. 1631, 1635 (WAMY Opp.);
- ECF Nos. 1064, 1065 (DIB Opp.);
- ECF Nos. 1020, 1029, 1046, 1047 (Sulaiman Al Rajhi Opp.);
- ECF Nos. 502, 535, 1761-63 (Kadi Opp.);
- ECF Nos. 471-72, 2926, 2927, 2947, 3781, 3782 (Kingdom of Saudi Arabia pleadings);
- ECF Nos. 220, 807, 809, 810 (Al Haramain Islamic Foundation Opp.);
- ECF Nos. 215, 276, 1249 (Batterjee Opp.);
- ECF Nos. 152, 459 (Jelaidan Opp.);
- ECF Nos. 151, 237 (IIRO Opp.);
- ECF Nos. 153, 460 (Rabita Trust Opp.);
- ECF Nos. 155, 156, 236, 305, 318, 358, 363, 476, 477, 478 (Saudi Princes Opp.);
- ECF Nos. 476, 477, 478 (Faisal Group Holding Co. Opp.);
- ECF No. 219 (Jamaal Khalifa Opp.);
- ECF Nos. 157, 234, 292, 1396 (Mar-Jac Poultry Opp.);
- ECF Nos. 209, 293 (Aqeel Al-Aqeel Opp.);
- ECF Nos. 218, 574, 1050, 1557 (DMI Administrative Services Opp.);
- ECF No. 221 (Islamic Assembly of North America Opp.);
- ECF No. 222 (Sulaiman Al-Ali Opp.);
- ECF No. 227 (SAMBA Opp.);
- ECF Nos. 232, 515, 2160, 2240 (National Commercial Bank Opp.);
- ECF Nos. 238, 458, 1575 (Kamel and Al Baraka Opp.);
- ECF Nos. 235, 2385 (Saudi bin Laden Group Opp.);
- ECF Nos. 150, 1146, 1572, 1910 (Mahfouz Opp.);
- ECF Nos. 272, 407, 1253 (Hamad Al-Husaini Opp.);
- ECF Nos. 280, 1247 (Obaid Opp.);
- ECF Nos. 277, 404, 1245 (Saudi Arabia Red Crescent Opp.);
- ECF Nos. 279, 1251 (Mohammed Ali Mushayt Opp.);
- ECF Nos. 281, 403, 491, 908, 921, 1248 (Saleh Al-Hussayen Opp.);
- ECF Nos. 282, 405, 1252 (Al-Hawali Opp.);
- ECF Nos. 290, 315, 1559 (SAAR Executive Defendants Opp.);
- ECF Nos. 291, 1674 (Jamal Barzinji Opp.); ECF No. 316 (Arab Bank Opp.);
- ECF Nos. 397, 2926, 3781, 3782 (Saudi High Commission Opp.);
- ECF Nos. 497, 498, 575 (Tarik Hamdi Opp.);
- ECF Nos. 505, 1243 (Yousef Abdul Latif Jameel Opp.);

- ECF Nos. 565, 818 (Islamic Investment Company of the Gulf Opp.);
- ECF No. 650 (Alamoudi Opp.);
- ECF Nos. 744 (Saudi Joint Relief Committee Opp.);
- ECF Nos. 808, 809 (Perouz Sedaghaty Opp.);
- ECF Nos. 1005, 1012, 1014 (Faisal Islamic Bank Opp.);
- ECF Nos. 1032, 1033 (Abdullah Al Rajhi Opp.);
- ECF No 1035 (Saleh Al Rajhi Opp.);
- ECF No. 1038 (Al-Buthe Opp.);
- ECF No. 1235 (Wachters Opp.);
- ECF No. 1235 (Asat Trust Opp.);
- ECF No. 1235 (Sercor Treuhand Anstalt Opp.);
- ECF Nos. 1245, 2784 (Al Swailem Opp.);
- ECF No. 1246 (Abdullah Bin Abdul Mohsen Al-Turki Opp.);
- ECF No. 1250 (Badkook Opp.); ECF No. 1252 (Al-Oadah Opp.);
- ECF No. 1254 (Basha Opp.);
- ECF No. 1255 (Naseef Opp.);
- ECF No. 1464 (Banca del Gottardo Opp.);
- ECF No. 1491 (Taha Jaber Al-Alwani Opp.);
- ECF No. 1508 (Abdul Aziz Bin Ibrahim Al-Ibrahim and the Ibrahim Bin Abdul Aziz Bin Ibrahim Al-Ibrahim Foundation Opp.);
- ECF No. 1557 (Dar Al-Maal Al-Islami Trust Opp.);
- ECF No. 1564 (Aradi, Inc. Opp.);
- ECF No. 1571 (Mena Corporation Opp.);
- ECF No. 1571 (Sterling Management Group, Inc. Opp.);
- ECF No. 1571 (African Muslim Agency Opp.);
- ECF No. 1571 (Grove Corporate, Inc. Opp.);
- ECF No. 1571 (Heritage Education Trust Opp.);
- ECF No. 1571 (International Institute of Islamic Thought Opp.);
- ECF No. 1571 (Mar-Jac Investments, Inc. Opp.);
- ECF No. 1571 (Reston Investments, Inc. Opp.);
- ECF No. 1571 (Safa Trust, York Foundation Opp.);
- ECF No. 1571 (Sterling Charitable Gift Fund Opp.);
- ECF No. 1576 (CAIR Opp.);
- ECF No. 1579 (Taha Al-Alwani Opp.);
- ECF No. 1579 (Muhammed Ashraf Opp.);
- ECF No. 1579 (M. Omar Ashraf Opp.);
- ECF No. 1579 (Iqbal Unus Opp.); ECF No. 1579 (Mohammed Jaghlit Opp.);
- ECF No. 1579 (Ahmed Totonji Opp.);
- ECF No. 1579 (Yaqub Mirza Opp.);
- ECF No. 1639 (Schreibers Opp.);
- ECF No. 1653 (Abdullah Bin Ladin Opp.);
- ECF Nos. 1809, 1841 (Dallah Avco Opp.);
- ECF Nos. 1815, 1824, 1881 (Tadamon Islamic Bank Opp.);

3

- - o   ECF No. 1824 (Al Shamal Islamic Bank Opp.);
  - o   ECF No. 1824 (Sanabeel Al Kheer, Inc. Opp.);
  - o   ECF No. 1862 (Sanabel Opp.);
  - o   ECF No. 2048 (Samir Salah Opp.);
  - o   ECF Nos. 3835, 5892 (Al Rajhi Bank Opp.); and
  - o   ECF No. 40 (Prince Mohamed bin Faisal Opp.);

C. Led discovery proceedings that this Court has described as "labyrinthine" (by defendants' design) and that involved the production of millions of pages of foreign language documents (all of which had to be translated, reviewed, and analyzed by counsel as well as subject matter experts. See e.g. ECF No. 2218 at 3, 1/13/10;

D. Briefed, filed, and argued a multitude of discovery disputes and motions to compel as to discovery from dozens of defendants and third parties. While the number of docket entries addressing discovery and production disputes is voluminous, the docket does not reflect all of the disputes addressed to the Court's attention, because early in the MDL, disputes were addressed to the Court's attention in letters that were not docketed on the ECF;

E. Brought at least a dozen motions for sanctions for discovery abuse, leading to, among other things, imposition of sanctions against defendants Al Haramain (USA); Al Haramain (SA); Wa'el Jelaidan; Rabita Trust; Sanabel Al Kheer; Sana Bell, Inc.; Pirouz Sedaghaty; Abdullah Omar Naseef; Abdullah bin Saleh Al-Obaid; Abdullah Mohsen Al-Turki; Adnan Basha, and Soliman H.S. Al-Buthe; ECF Nos. 2789, 2851, 2853 (Jelaidan, Rabita Trust, Al Haramain (USA), Al Haramain (SA); 3447 (Sedaghaty); 4043 (Obaid, Naseef, Turki, Basha, Buthe); 3220, 3311, 3313 (Sanabel and Sanabel al Kheer); 6054 (Buthe); ECF No. 2654 (Motion for Sanctions Against al-Haramain); ECF No. 2700 Motion to Compel Jelaidan; ECF No. 2701 Motion to Compel Rabita Trust; ECF No. 3127 Motion for Sanctions Sanabel; ECF No. 3825 Motion for Sanctions MWL/IIRO;

F. Moved for judicial assistance in aid of discovery from foreign states, leading to discovery from or discovery proceedings in Germany, Spain, Bosnia, Canada, and Sweden, including proposed depositions and active engagement with foreign counsel and courts. *See, e.g.,* ECF No. 2183 Letters Rogatory – ICTY; ECF No. 4521 Letters Rogatory – Sweden; ECF No. 4702 Letters Rogatory – Canada; Spain: motion filed 9/19/2002 (Burnett DC* ECF #4); granted upon conditions on 9/19/2002 (Burnett DC ECF #5); re-filed 9/24/2002 (Burnett DC ECF #7); granted 9/24/2002 (Burnett DC ECF #8); For Belgium and Bosnia Herzegovina: motion filed 11/11/2002 (Burnett DC ECF #24); granted 11/14/2002 (Burnett DC) via Minute Entry; motion to enforce letters rogatory filed 3/18/2003 (Burnett DC ECF #92); motion to enforce denied 3/24/2003 (Burnett DC) via Minute Entry; For Italy: motion filed 4/15/2003 (Burnett DC ECF #114); granted 4/17/2003 (Burnett DC) via Minute Entry; For Morocco: motion filed 5/30/2003 (Burnett DC ECF #); For Germany: certain plaintiffs were permitted to participate in the Motassadeq trial in Germany in 2004 with counsel and

were able to have access to the German prosecution's documents; For the Int'l Criminal Tribunal for the Former Yugoslavia: motion filed and granted 7/16/2009 (MDL 1570 ECF #2183); For Mohdar Mohamed Abdullah: motion filed 5/9/2019 (MDL 1570 ECF #4521); granted 5/20/2019 (MDL 1570 ECF #4527); For Canada Revenue Agency: letter motion filed 7/1/2019 (MDL 1570 ECF #4632); resubmitted w/ modification on 7/24/2019 (MDL 1570 ECF #4702); granted 7/25/2019 (MDL 1570 ECF #4703);

G. Briefed multiple complex Second and Seventh Circuit appeals and filed three separate petitions for writs of *certiorari* to the United States Supreme Courts (two of which resulted in requests for the views of the United States). *See, e.g., In Re Terrorist Attacks on September 11, 2001*, Case No. 06-0319-cv(L) (2d Cir. 2006); *In Re Terrorist Attacks on September 11, 2001*, Case No. 11-3294-cv(L) (2d Cir. 2011); *In Re Terrorist Attacks on September 11, 2001*, Case No. 12-1318-cv(L) (2d Cir. 2012); *In Re Terrorist Attacks on September 11, 2001*, Case No. 15-3426-cv(L) (2d Cir. 2015); *In Re Terrorist Attacks on September 11, 2001*, Case No. 18-1201-cv(L) (2d Cir. 2018); *United States of America v. All Funds on Deposit with R.J. O'Brien & Associates, Held in the Name of Bridge Investment, S.L., Bearing Account Nos. XXX-X3931 and XXX-X1784 Maintained at Harris Bank, Account No, XXX-171-6, and One Beacon Insurance Group, et al.*, Case No. 13-3732 (7th Cir. 2013); *Federal Insurance Company, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 08-640; *John Patrick O'Neill, Jr., et al. v. Al Rajhi Bank, et al.*, Case No. 13-318; *One Beacon Insurance Company, et al. v. United States of America*, Case No. 15-460;

H. Prosecuted related claims in forfeiture proceedings in federal court in Chicago seeking to attach frozen al Qaeda assets for the benefit of the 9/11 plaintiffs as a whole. *See United States of America v. All Funds on Deposit with R.J. O'Brien & Associates, Held in the Name of Bridge Investment, S.L., Bearing Account Nos. XXX-X3931and XXX-X1784 Maintained at Harris Bank, Account No, XXX-171-6*, Case No. 1:11-cv-04175 (N.D. Ill. 2011); *Art Insurance Co., et al. v. Al Qaeda*, Case No. 1:12-cv-1346 (N.D. Ill. 2012);

I. Briefed, argued and won an initial motion to dismiss brought by the Kingdom of Saudi Arabia. *See* ECF No. 3667 *et seq.*; and

J. Briefed, argued and won several important discovery disputes against the Kingdom of Saudi Arabia and the U.S. Government.

4. The PECs have also been responsible for conducting dozens of depositions both in the United States and in several foreign countries. *See* Exhibit A, attached hereto.

5. Since the commencement of this MDL litigation, the PECs have submitted numerous Freedom of Information Act and *Touhy* requests to various U.S. government agencies

seeking relevant documentary evidence and witness testimony, including but not limited to the following: Department of Justice, Federal Bureau of Investigation, Department of State, Department of the Treasury, Defense Intelligence Agency, Department of Defense, Central Intelligence Agency, Department of Homeland Security, and National Security Agency. Some more recent examples include:

- Plaintiffs' *Touhy* demand for documents to the Federal Bureau of Investigation;
- Plaintiffs' *Touhy* demand for documents to the Department of State;
- Plaintiffs' *Touhy* demand for documents to the Department of the Treasury (June 7, 2018)
- Plaintiffs' *Touhy* demand for witness testimony to the Department of the Treasury and Department of State (June 28, 2019)

6. Relatedly, the PECs have obtained substantial third-party discovery from the FBI, CIA, State Dept. and DOJ and engaged in lengthy motion practice over those demands.

7. In addition to the work appearing on the docket and cited above, the PECs have been and continue to be engaged in global investigative efforts to develop evidence in support of all claims, retaining several experts, investigators, and consultants to build the case against all defendants for all plaintiffs.

8. The PECs also have conducted substantial third-party discovery from witnesses including but not limited to taking testimony from convicted al Qaeda operative Zacarias Moussoui held at ADMAX federal penitentiary in Florence, CO.; located and interviewed multiple other witnesses; and served numerous third-party subpoenas for testimony and evidence.

9. This is in addition to the work that the PECs have previously described in building their own dossier of evidence to present against Iran, which was mooted when the *Havlish* plaintiffs proceeded to make its default motion.

10. Further, in addition to the litigation-specific tasks listed above, the same members of the PECs have handled a range of essential case management initiatives and obligations, such as negotiating case management procedures and protocols with the defendants and preparing related submissions to the Court (*see, e.g.,* ECF No. 3646 (Letter with Proposed Deposition Protocol); prepared agendas for discovery and case management conferences; developed procedures to harmonize pleadings in the MDL; and integrated new plaintiffs and claims into the MDL.

11. Not only have the PECs been leading the litigation-related efforts, but, also, certain of the committee members worked diligently with Congress for more than seven years to enhance the legal rights and remedies available to the MDL plaintiffs, culminating in the enactment in 2016 of the Justice Against Sponsors of Terrorism Act ("JASTA")

12. In short, the time, effort, and expense relating to this complex MDL arising out of the September 11th attacks has been substantial and all of the above tasks (which are only a sample of the past and ongoing work performed by the PECs) were (and continue to be) undertaken for the common benefit of all plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: November 4, 2020          /s/ Andrew J. Maloney III
        New York, NY                    Andrew J. Maloney (AM8684)
                                                  PEC Co-Liaison Counsel Death and Injury Cases