**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
:
:                                    MEMORANDUM DECISION
:                                         AND ORDER
:
In re Terrorist Attacks on September 11, 2001    :    03 MDL 1570 (GBD) (SN)
:
:
:
:
------------------------------------- x

GEORGE B. DANIELS, District Judge:

Plaintiff Executive Committee for Commercial Claims and Plaintiff Executive Committee for Personal Injury and Death Claims ("PECs" or "Plaintiffs") object under Fed R. Civ. P. 72(a) to Magistrate Judge Netburn's Opinion and Order (see ECF No. 4696, "Order"), granting, in part, the Kingdom of Saudi Arabia's motion to seal and or redact certain documents it had produced during discovery. Plaintiffs object to the Order on two grounds: (1) Magistrate Judge Netburn misapplied the confidentiality and sealing procedures set forth in the Protective Order (ECF No. 1900) in violation of both the Protective Order and Second Circuit precedent; and (2) Magistrate Judge Netburn erred in holding that the Vienna Conventions are "higher interests" that can justify narrowly-tailored sealing under the First Amendment. Plaintiffs' objections to Magistrate Judge Netburn's Order are overruled.

**I. STANDARD OF REVIEW**

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's

1

ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

## II.     The Sealing Procedures are Not Contrary to Law

Plaintiffs first object on the grounds that the sealing procedures effectively adopted by the Order are in conflict with prior orders entered in this case and Second Circuit case law. (Plaintiffs' Objections ("Pls. Objs.") 1–3.) Plaintiffs argue that the "good cause" requirement in the existing Confidentiality Order requires "far less proof of the harm [of] public filing" than the "most compelling reasons" standard required by *Lugosch v.Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). Plaintiffs further argue that the Order "allows presumptive sealing of any judicial documents that the Kingdom [of Saudi Arabia] has unilaterally marked as subject to the protective order during discovery." (Pls. Objs. at 3.)

In 2006, Judge Casey entered a protective order that states that any party producing documents may designate material as confidential. (ECF No. 1900.) Further, Magistrate Judge Netburn's Individual Practices (and her August 2018 Order interpreting those Practices and the

2

2006 protective order) make it clear that "when a party wishes to file a document containing information that has been designated as confidential, the parties must first meet and confer to discuss whether the information should be filed under seal." (August 2018 Order, ECF No. 4235, at 2.) Then, "[i]f any party believes that the information should be filed under seal . . . the parties [] submit a request for redactions" addressing the request in light of *Lugosch*. (*Id*.) Finally, "[t]o the extent the parties disagree on whether the information should be sealed, the parties may present both parties' arguments in the application." (*Id*.)

Even assuming that Plaintiffs' objections to the August 2018 Order on sealing procedures are timely, Plaintiffs have failed to show that Magistrate Judge Netburn committed clear error. The sealing procedures set out do not allow for "presumptive sealing," but instead lay out a common procedure used to ensure that confidential information remains confidential while the Court considers the merits of a sealing request. To hold otherwise and allow confidential information to be publicly filed at the outset, would render the Court and moving party powerless to reach a reasoned conclusion and protect potentially sentitive information. *Gambale v. Deutsch Bank AG*, 377 F.3d 133, 144 n.11.

### III.   Application of the Vienna Conventions was not Clearly Erroneous

The second ground on which Plaintiffs object is their contention that the Vienna Convention on Diplomatic Relations, the Vienna Convention of Consular Relations, and principles of international comity cannot overcome the First Amendment presumption of public access to judicial documents. (Pls. Objs. 3–11.) Plaintiffs further contend that Magistrate Judge Netburn failed to make an "individualized assessment of each document's relations to the diplomatic and consular mission in order to decide if the document had to be sealed." (Plaintiffs' Reply Memorandum ("Pls. Reply Mem.") at 9.)

3

Having reviewed the parties' filings and Judge Netburn's ruling, the Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Magistrate Judge Netburn considered both parties' arguments and, in a well-reasoned order delving into the history and purpose of the Vienna Conventions, determined that the inviolability clauses of the Vienna Conventions can justify sealing judicial documents under the First Amendment. Furthermore, Magistrate Judge Netburn made particularized findings about each of the 86 documents submitted to her in connection with the parties' discovery disputes by laying out in a series of tables which documents were to remain sealed and the basis for her arrival at that decision.

## IV. Conclusion

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's Order granting, in part, the Kingdom of Saudi Arabia's motion to seal and or redact certain documents it had produced during discovery are OVERRULED and DENIED. Magistrate Judge Netburn's Order is adopted in its entirety.

Dated: November 16, 2020
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE