**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X        **03-MDL-1570 (GBD)(SN)**

**In re:**                                                                                        **ORDER APPROVING NOTICES**
**TERRORIST ATTACKS ON**                                        **TO CONFORM, SHORT**
**SEPTEMBER 11, 2001**                                             **FORM COMPLAINTS &**
                                                                                              **NOTICES OF AMENDMENT**
                                                                                              **AS TO SUDAN**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

The Court has previously issued several orders approving forms and setting procedures

for the filing of new claims against the Kingdom of Saudi Arabia and the Islamic Republic of

Iran. *See* ECF Nos. 3543, 3982, 4010, 4045, 5234. This Order intends to approve comparable

forms and procedures for claims against the Republic of the Sudan ("Sudan") in this multidistrict

litigation. The parties are directed to adhere to both the letter and spirit of the procedures

outlined below.[1]

**Notice to Conform**. Any plaintiff who has a claim pending in this MDL may adopt the

Consolidated Amended Complaint as to the Republic of the Sudan, ECF No**.** 6539 [hereinafter

the SCAC] or the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v. The Republic of*

*the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No. 6537 (in 03-md-1570) [hereinafter the *Ashton*

Sudan Amended Complaint], through the filing of a Notice to Conform substantially in the form

attached hereto as Exhibit A. Upon filing a Notice to Conform, the plaintiff's underlying

complaint shall be deemed to include the factual allegations, jurisdictional allegations, and jury

trial demand of the SCAC or the *Ashton* Sudan Amended Complaint, as well as all causes of

---

[1] The procedures set forth in this order are intended to be analogous to those outlined in the Court's
October 28, 2019 Order (ECF No. 5234), except that the Court has modified the order to apply to claims
versus Sudan.

action specified in the Notice to Conform. The Short Form Complaint effectuated by the Notice to Conform shall relate solely to Sudan, and shall not apply to any other defendant, as to which the plaintiff's underlying complaint and any amendments thereto shall remain controlling. If the underlying complaint of a plaintiff who files a Notice to Conform does not name Sudan as a defendant, the plaintiff shall be deemed to have added Sudan to his or her constituent case through the filing of the Notice to Conform.

Upon service of the Notice to Conform upon the defendant via ECF, the plaintiff's underlying case to conform to the SCAC or *Ashton* Sudan Amended Complaint shall be deemed to have been served. Any motion to dismiss or responsive pleading filed by Sudan in response to the SCAC or the *Ashton* Sudan Amended Complaint shall be deemed applicable to all actions in which a Notice to Conform is filed, regardless of when the Notice to Conform is filed. In addition, by filing a Notice to Conform, a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, regardless of when the Notice to Conform is filed.

By filing a Notice to Conform, a plaintiff shall not be deemed to have adopted any class-action allegations set forth in the SCAC or the *Ashton* Sudan Amended Complaint or waived any right to object to class certification or to opt out of any certified class. The filing of a Notice to Conform also does not serve as a request for exclusion from any class that the Court may certify.

**Sudan Short Form Complaint**. Any plaintiff who has not yet filed a claim against Sudan, but intends to do so, may initiate an action against Sudan through the filing of a Sudan Short Form Complaint, substantially in the form attached hereto as Exhibit B. Any such new action initiated through the filing of a Sudan Short Form Complaint shall be filed as a new case and designated as related to this MDL. No more than 100 plaintiffs, including estate plaintiffs, may be included in a single Sudan Short Form Complaint. *All solatium claims must be filed on the same Sudan Short Form*

*Complaint as the claims brought by the decedent family member's estate and must be counted toward the limit of 100 new plaintiffs.*

Counsel filing a new action through a Sudan Short Form Complaint shall submit a letter to the Honorable George B. Daniels and the Honorable Sarah Netburn, docketed in this MDL, requesting that the new action be made part of this MDL. Upon filing a Sudan Short Form Complaint, a plaintiff shall be deemed to have asserted the factual allegations, jurisdictional allegations, and jury trial demand of either the SCAC *or* the *Ashton* Sudan Amended Complaint, as well as all causes of action specified in the Sudan Short Form Complaint. After filing the Sudan Short Form Complaint via ECF, the filing plaintiff(s) shall timely submit an appropriate request for waiver of service to counsel for Sudan.

Any motion to dismiss or responsive pleading filed by Sudan in response to the SCAC or the *Ashton* Sudan Amended Complaint, as applicable, shall be deemed applicable to all actions initiated through a Sudan Short Form Complaint, regardless of when the Sudan Short Form Complaint is filed. In addition, by filing a Sudan Short Form Complaint, a plaintiff shall be deemed to be bound by all decisions rendered in this MDL that relate to all actions, regardless of when the Sudan Short Form Complaint is filed.

By filing a Sudan Short Form Complaint, a plaintiff shall not be deemed to have adopted any class-action allegations set forth in the SCAC or the *Ashton* Sudan Amended Complaint or waived any right to object to class certification or to opt out of any certified class. The filing of a Sudan Short Form Complaint also does not serve as a request for exclusion from any class that the Court may certify.

**Notice of Amendment**. A new plaintiff asserting claims for solatium damages with respect to a deceased family member whose estate previously filed claims against Sudan may be added to the existing case of the decedent's estate without seeking further leave from the Court by (1) filing a Notice of Amendment in the form attached hereto as Exhibit C (Sudan Notice of Amendment) in the

existing civil case of the decedent's estate (not in the MDL), and then (2) adding the new plaintiff's name to the docket of the existing civil case on ECF. Names added onto the docket must be in First Name Last Name format, with only first letters capitalized (i.e., not written in all capitalized letters). No more than 25 new plaintiffs may be added to an existing case with a single Notice of Amendment. Attorneys wishing to add new plaintiffs using this procedure are strongly encouraged to contact the Clerk of Court and make arrangements to send members of their technical staff to court-sponsored training regarding the proper protocols for adding new plaintiffs to existing dockets.

Plaintiffs added by this procedure need not re-serve defendants who have already been served. Any motion previously ruled on by the Court will be considered to have been filed and decided in the same manner and shall apply with equal force with regard to the claims of each new plaintiff.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      December 1, 2020
            New York, New York

**EXHIBIT A**

**Notice to Conform**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X   03-MDL-1570 (GBD)(SN)

In re:                                                                          NOTICE TO CONFORM TO
TERRORIST ATTACKS ON                                         SUDAN CONSOLIDATED
SEPTEMBER 11, 2001                                               AMENDED COMPLAINT *OR*
                                                                                *ASHTON* SUDAN AMENDED
-------------------------------------------------------------X   COMPLAINT

This document relates to: _____,
No. _____.

        Plaintiffs in the above-mentioned previously filed case file this Notice to Conform to the

[**check only one**]:

        ☐      Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"), ECF
                No. 6539.

        ☐      the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v. The Republic of
                the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No. 6537 (in 03-md-1570) [hereinafter
                the *Ashton* Sudan Amended Complaint],

as permitted and approved by the Court's Order of _____ ___, 2020, ECF No. _____. Upon

filing of this Notice to Conform, Plaintiffs' underlying Complaint, ECF No. _____, is deemed to

include the factual allegations, jurisdictional allegations, and jury trial demand of the SCAC or

*Ashton* Sudan Amended Complaint (as selected above), as well as all causes of action specified

below. The complaint effected through this Notice to Conform supplements by incorporation into,

but does not displace, Plaintiffs' underlying Complaint. This Notice to Conform relates solely to the

Republic of the Sudan and does not apply to any other defendant, as to which Plaintiffs' underlying

Complaint and any amendments thereto are controlling.

        Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual and

jurisdictional allegations of the SCAC or *Ashton* Sudan Amended Complaint (as selected above); all

prior filings in connection with the SCAC or *Ashton* Sudan Amended Complaint (as selected above);

and all prior Orders and rulings of the Court in connection with the SCAC or *Ashton* Sudan Amended

Complaint (as selected above).

## VENUE

1.        Plaintiffs' case is part of the multi-district proceeding *In re Terrorist Attacks on*

*September 11, 2001*, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on Multidistrict

Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court for

the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2.        Plaintiffs filing this Notice to Conform are identified in their underlying Complaint,

ECF No. _____, and are incorporated herein by reference.

3.        Plaintiffs have described their particular injuries and the nexus between those injuries

and the September 11th attacks in their underlying Complaint, which allegations are incorporated

herein by reference.

## CAUSES OF ACTION

4.        Plaintiffs hereby adopt and incorporate herein by reference the following causes of

action set forth in the SCAC, ECF No. 6539, or *Ashton* Sudan Amended Complaint, ECF No. 6537

(as selected above) (check all that apply):

**[If Plaintiffs elected (above) to conform to the Consolidated Amended Complaint as to
the Republic of the Sudan ("SCAC"), ECF No. 6539, check all causes of action that
apply]:**

☐        COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign Immunities
Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a private right of action
under 28 U.S.C. § 1605A.[1]

---

[1] Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United
States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals performing a
contract awarded by the U.S. Government) acting within the scope of employment, and legal representatives of
persons described in (1), (2), or (3).

☐      COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

☐      COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☐      COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

☐      COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.

☐      COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☐      COUNT VII – Negligence, on behalf of all plaintiffs.

☐      COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.

☐      COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]

☐      COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☐      COUNT XI – Conspiracy, on behalf of all plaintiffs.

☐      COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☐      COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.

---

[2] See preceding footnote.

[3] The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of  plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context of claims under JASTA or the ATA refers to all such parties.

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S. nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

☐      COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☐      COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☐      COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☐      COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☐      COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

**[If Plaintiffs elected (above) to conform to the *Ashton* Sudan Amended Complaint, ECF No. 6537, check all causes of action that apply]:**

☐      First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.

☐      Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.

☐      Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.

☐      Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.

☐      Fifth Cause of Action for Punitive Damages.

☐      Sixth Cause of Action for Property Damage.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the SCAC or the *Ashton* Sudan Amended Complaint, or answer to the SCAC or *Ashton* Sudan Amended Complaint filed by Sudan. By way of filing this Notice, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the SCAC or *Ashton* Sudan Amended Complaint, waived any right to object to class certification, or opted out of any certified class. This Notice also does not serve as a request for exclusion from any class that the Court may certify.

Dated: _____

Respectfully submitted,

_____

COUNSEL FOR PLAINTIFFS

**EXHIBIT B**

Sudan Short Form Complaint

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

**In re:**
**TERRORIST ATTACKS ON**                    03-MDL-1570 (GBD)(SN)
**SEPTEMBER 11, 2001**

-------------------------------------------------------------X

**XXX**
**XXX,**

                                                            XX-CV-XXXXX (GBD)(SN)
                        **Plaintiffs(s),**

                                                            **SUDAN SHORT FORM**
            **-against-**                                   **COMPLAINT AND DEMAND**
                                                            **FOR TRIAL BY JURY**
**The Republic of the Sudan,**

                        **Defendant.**

-------------------------------------------------------------X

Plaintiffs named herein by and through the undersigned counsel file this Short Form

Complaint against Defendant, the Republic of the Sudan, arising out of the September 11, 2001

terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the

Court's Order of October ___, 2020, ECF No. _____. Each Plaintiff incorporates by

reference the specific allegations, as indicated below, of (a) the Consolidated Amended

Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539, or (b) the *Ashton*

Amended Complaint as to Sudan Defendants in *Ashton v. the Republic of the Sudan*, No. 02-CV-

6977 (GBD)(SN), ECF No. 6537 (in 03-md-1570) (hereinaftern "*Ashton* Sudan Amended

Complaint").

Upon filing this Sudan Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction is premised on the grounds set forth in the complaints specified below, and further, jurisdiction of this Sudan Short Form Complaint is premised upon and applicable to all defendants in this action:

☐     28 U.S.C. § 1605(a)(5) (non-commercial tort exception)

☐     28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act)

☐     28 U.S.C. § 1330 (actions against foreign states)

☐     Other (set forth below the basis of any additional ground for jurisdiction and plead such in sufficient detail as per the FRCP): _____

_____

_____.

## CAUSES OF ACTION

3.     Each Plaintiff hereby adopts and incorporates herein by reference the following factual allegations, jurisdictional allegations, and jury trial demand in the following complaint [**check only one complaint**] and the following causes of action set forth in that complaint:

☐    **Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539 (check all causes of action that apply):**

☐    COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[1]

☐    COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

☐    COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☐    COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

☐    COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.

☐    COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☐    COUNT VII – Negligence, on behalf of all plaintiffs.

☐    COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.

☐    COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]

---

[1] Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal representatives of persons described in (1), (2), or (3).

[2] See preceding footnote.

[3] The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context claims under JASTA or the ATA refers to all such parties.

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S.

☐    COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☐    COUNT XI – Conspiracy, on behalf of all plaintiffs.

☐    COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☐    COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.

☐    COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☐    COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☐    COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☐    COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☐    COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

☐    ***Ashton* Sudan Amended Complaint, ECF No. 6537 (check all causes of action that apply):**

☐    First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.

☐    Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.

☐    Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.

☐    Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.

---

nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

☐      Fifth Cause of Action for Punitive Damages.

☐      Sixth Cause of Action for Property Damage.

☐   **Each Plaintiff asserts the following additional theories and/or Causes of Action against the Republic of the Sudan:** _____

_____

_____.

## IDENTIFICATION OF PLAINTIFFS

4.      The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Sudan Short Form Complaint, herein referred to as "Plaintiffs."

    a.  The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Sudan Short Form Complaint.

    b.  Plaintiff is entitled to recover damages on the causes of action set forth in this Sudan Short Form Complaint.

    c.  As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

    d.  For those Plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

    e.  For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the

Sudan Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.   The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

5.      The only Defendant named in this Sudan Short Form Complaint is the Republic of the Sudan.

## NO WAIVER OF OTHER CLAIMS

6.      By filing this Sudan Short Form Complaint, Plaintiff(s) is/are not waiving any right to file suit against any other potential defendants or parties.

7.      By filing this Sudan Short Form Complaint, Plaintiff(s) are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

8.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Sudan Short Form Complaint as appropriate.


Dated: _____

                                        Respectfully submitted,


                                        _____

                                        COUNSEL FOR PLAINTIFFS

**APPENDIX 1**

Each line below is deemed an allegation, incorporating the allegations, language, and

references within the Susan Short Form Complaint to which this Appendix 1 is appended and shall

be referenced as Allegation 1 of Appendix 1 to the Sudan Short Form Complaint, Allegation 2 of

Appendix 1 to the Sudan Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent | 9/11 Decedent's Citizenship/ Nationality on 9/11/2001 | Nature of Claim (wrongful death, solatium, personal injury) |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |

**EXHIBIT C**

Sudan Notice of Amendment

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

                                          **03-MDL-1570 (GBD)(SN)**

**In re:**
**TERRORIST ATTACKS ON**                         **SUDAN**
**SEPTEMBER 11, 2001**                           **NOTICE OF AMENDMENT**

-------------------------------------------------------------X

This document relates to: _____,

No. _____.

        Plaintiffs file this Notice of Amendment with respect to the underlying Complaint in the

above-referenced matter, ECF No. _____, as permitted and approved by the Court's Order

of XXXXX ___, 2020, ECF No. _____. Upon the filing of this Notice of Amendment, the

underlying Complaint is deemed amended to add the individual(s) listed below (the "New

Plaintiff(s)") as plaintiff(s) raising claims against the Republic of the Sudan. The underlying

Complaint is deemed amended to include the factual allegations, jurisdictional allegations, and

jury trial demand, as indicated below, of (a) the Consolidated Amended Complaint as to the

Republic of the Sudan ("SCAC"), ECF No. 6539, or (b) the *Ashton* Amended Complaint as to

Sudan Defendants in *Ashton v. the Republic of the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF

No. 6537 (in 03-md-1570) (hereinafter, the "*Ashton* Sudan Amended Complaint"), as well as all

causes of action specified below. The amendment effected through this Notice of Amendment

supplements by incorporation into, but does not displace, the underlying Complaint. This Notice

of Amendment relates solely to the Republic of the Sudan and does not apply to any other

defendant.

        Upon filing this Sudan Notice of Amendment, each New Plaintiff is deemed to have

adopted all factual and jurisdictional allegations of the complaint that has been joined as

specified below; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

## CAUSES OF ACTION

Each New Plaintiff hereby adopts and incorporates herein by reference the following factual allegations, jurisdictional allegations, and jury trial demand in the following complaint [**check only one complaint**] and the following causes of action set forth in that complaint:

☐ **Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539 (check all causes of action that apply):**

    ☐ COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[1]

    ☐ COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

    ☐ COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

    ☐ COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

    ☐ COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.[4]

---

[1] Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal representatives of persons described in (1), (2), or (3).

[2] See preceding footnote.

[3] The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of  plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context claims under JASTA or the ATA refers to all such parties.

[4] See preceding footnote.

☐      COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☐      COUNT VII – Negligence, on behalf of all plaintiffs.

☐      COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.

☐      COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[5]

☐      COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☐      COUNT XI – Conspiracy, on behalf of all plaintiffs.

☐      COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☐      COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.

☐      COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☐      COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☐      COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☐      COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☐      COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

☐      ***Ashton*** **Sudan Amended Complaint, ECF No. 6537 (check all causes of action that apply):**

---

[5] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S. nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

☐ First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.

☐ Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act,  28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.

☐ Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.

☐ Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.

☐ Fifth Cause of Action for Punitive Damages.

☐ Sixth Cause of Action for Property Damage.

## IDENTIFICATION OF NEW PLAINTIFFS

Each New Plaintiff is or was a survivor of a person who died due to the terrorist attacks of September 11, 2001. For each New Plaintiff, the following chart lists the New Plaintiff's name, the New Plaintiff's residency and nationality, the name of the New Plaintiff's deceased family member, the New Plaintiff's relationship to the decedent, and the paragraph(s) of the underlying Complaint discussing the decedent and/or the decedent's estate.

| | New Plaintiff's Name (alphabetical by last name) | New Plaintiff's State of Residency at Filing (or death) | New Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Name | New Plaintiff's Relationship to 9/11 Decedent | Paragraphs of Complaint Discussing 9/11 Decedent |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |

Dated: _____

                                                 Respectfully submitted,

                                               _____

                                               COUNSEL FOR PLAINTIFFS