# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

December 4, 2020

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

　　　Re:　　*In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

　　　The Plaintiffs' Executive Committees and the Personal Jurisdiction and Merits Defendants (Defendants)[1] write jointly to respectfully request a modification of the deadlines concerning the remaining expert discovery in all of the personal jurisdictional and merits discovery cases.  The expert discovery schedule in those cases was previously adjusted at ECF Nos. 6132 (granting a joint request at ECF No. 6128) and ECF No. 6422 (granting Plaintiffs' unopposed request at ECF No. 6407), due to disruptions from the COVID-19 pandemic.  The parties agree that the modification proposed here is necessary to align expert discovery in those cases, thereby avoiding serial rebuttal reports and related complications due to the experts addressing common issues; to allow sufficient time for the Plaintiffs and Defendants Yassin Kadi and Wa'el Jelaidan, and their experts, to complete the remaining reports during the challenging circumstances of the moment; and to allow all of the parties and their experts adequate time to coordinate, prepare for, and conduct the depositions of the experts.

　　　The parties with outstanding reports, which includes Defendants Yassin Kadi and Wa'el Jelaidan's affirmative and rebuttal expert reports, as well as Plaintiffs' expert rebuttal reports against the remaining Defendants have indicated a need for additional time for those experts to complete their reports.  Defendants Yassin Kadi (with one reservation referred to below*) and Wa'el Jelaidan

---

[1] For purposes of this letter, the "Defendants" consist of the Dubai Islamic Bank, World Assembly of Muslim Youth, Muslim World League, International Islamic Relief Organization, and the four "Charity Official Defendants" (Abdullah Omar Naseef, Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, and Adnan Basha).  In addition, for the purpose of requesting the extension as to Defendants Yassin Kadi (with one reservation referred to below*) and Wa'el Jelaidan, those defendants also join in this request.

The Honorable Sarah Netburn
December 4, 2020
Page 2

have requested that the deadline for their affirmative and rebuttal reports be extended from
December 28, 2020 to February 8, 2021, given challenges relating to the COVID-19 pandemic.
ECF No. 6132.  Provided that the Court realigns the expert discovery schedule as proposed here,
Plaintiffs are agreeable to this extension request, and have proposed that Plaintiffs' rebuttal reports
be due five weeks later, on March 19, 2021.  The Plaintiffs and remaining Defendants have also
agreed to the same modified deadline of March 19, 2021, for Plaintiffs' expert rebuttal reports,
realigning the expert discovery for all Defendants.

As Your Honor may recall, when discovery began, discovery as to Messrs. Kadi and Jelaidan
aligned with discovery of all of the Defendants and became divorced only after Mr. Jelaidan refused
to sit for deposition in a timely manner.  *See, e.g.*, ECF No. 5751.  As a consequence, on March 10,
2020, Plaintiffs served four expert reports addressing issues concerning Defendants Muslim World
League, International Islamic Relief Organization, World Assembly of Muslim Youth, Dubai Islamic
Bank, and the four individual Charity Official Defendants.  On August 7, 2020, those Defendants
served seventeen reports that responded to the four reports Plaintiffs had served, but also raised
additional issues and addressed certain issues that touch on Plaintiffs' claims against Defendants
Yassin Kadi and Wa'el Jelaidan.  On October 30, 2020, Plaintiffs served a single report addressing
issues concerning Yassin Kadi and Wa'el Jelaidan, without responding to the other Defendants'
reports.  The current schedule would have Plaintiffs serve one set of rebuttal reports on December
11, 2020 in response to the issues raised in response to the expert reports served by the Defendants
except Messrs. Kadi and Jelaidan.  This would then be followed by Yassin Kadi and Wa'el Jelaidan
serving affirmative and rebuttal expert reports on December 28, 2020 responding to Plaintiffs'
expert report(s) relevant to Messrs. Kadi and Jelaidan, followed by service of another set of Plaintiff
rebuttal reports on January 29, 2021 responding to the rebuttal reports served by Messrs. Kadi and
Jelaidan.

The Plaintiffs' reasons for proposing realignment of the expert schedule are threefold.

*First*, in response to Plaintiffs' four expert reports, the Defendants (not including Wa'el
Jelaidan and Yassin Kadi) served 17 expert reports, spanning 1,200 pages and citing to several
thousand sources, which had to be collected and reviewed.  Given logistical and coordination
challenges presented by the pandemic, the volume of reports and source materials to be collected,
reviewed, and analyzed; and scheduling conflicts of Plaintiffs' experts, additional time is needed to
complete the rebuttals to the Defendants expansive expert reports.

*Second*, harmonizing the deadline for Plaintiffs' rebuttal reports for all of the Defendants
(including Yassin Kadi and Wa'el Jelaidan) will limit the number of rebuttal reports and avoid the
risk of serial reports addressing overlapping issues.  For example, the current schedule presents a
risk that the Yassin Kadi/Wa'el Jelaidan expert reports might become sur-rebuttals to issues
addressed in Plaintiffs' rebuttals, which would then lead to service of another round of separate
rebuttal reports in response to the Yassin Kadi and Wa'el Jelaidan reports.[2]  Rather than spending
the time and cost on that unnecessary proliferation of expert reports, the proposed realignment

---

[2] This risk of a proliferation of reports is all the more significant given the intersection of relationships, events, and
issues among the claims.  As a result, it is anticipated that the Kadi and Jelaidan reports will address issues also addressed
in the reports of the other defendants, and a common deadline will allow those common issues to be addressed through
a single round of rebuttals, rather than multiple rounds of reports.

The Honorable Sarah Netburn
December 4, 2020
Page 3

allows for a single set of Yassin Kadi/Wa'el Jelaidan reports, followed then by a single set of Plaintiffs' rebuttal reports that respond to all of the Defendants' expert reports.

*Third*, given the anticipated overlap of Plaintiffs' rebuttal experts used against all Defendants, the experts' depositions could not be conducted until after the expert discovery as to Yassin Kadi and Wa'el Jelaidan is completed without risking subjecting those experts to the possibility of a second deposition.  The realignment prevents the possibility of Plaintiffs' experts regarding the Defendants' cases being deposed twice: first, by those Defendants whose experts deposition begins before service of the rebuttal reports concerning Yassin Kadi and Wa'el Jelaidan, and second, by Yassin Kadi and Wa'el Jelaidan, potentially resulting in the same experts being deposed twice.

The Defendants consent to the extension for Plaintiffs' service of expert reports, contingent upon two provisions about which the parties have met, conferred, and agreed upon.  The Defendants further agree that an extension of the expert discovery schedule is needed to accommodate the parties' and experts' need to complete expert discovery under the challenging circumstances of the moment.  The two additional contingencies upon which the parties agreed are:

*First*, within two weeks of the Court's entry of an order on this request, the Plaintiffs shall disclose the identity of their rebuttal witnesses to the reports that the Personal Jurisdiction and Merits Defendants served on Plaintiffs on August 7, 2020, indicating by rebuttal expert which of Defendants' experts each rebuttal will rebut, the subjects anticipated to be addressed in the reports, and the Defendant(s) to which each report is anticipated to relate.

*Second*, on April 1, 2021, the parties shall conduct a simultaneous exchange of which opposing experts they intend to depose.

In addition, the parties have agreed to jointly request an extension of the deadline for close of expert discovery through August 31, 2021.  Plaintiffs believe this extension to August 31, 2021 is necessary to accommodate the parties' needs to address the expert discovery in coordination with the other discovery ongoing in the MDL, including in particular the anticipated depositions of the Saudi government related witnesses, which are expected to be occurring concurrently.  Plaintiffs' counsel will obviously be engaged with those depositions, and counsel for at least certain of the Defendants have indicated that they intend to participate as well.  In addition, the extension should permit a reasonable amount of time to complete depositions in light of the pandemic and its anticipated evolution, and Defendants have consented to Plaintiffs' request to extend the deadline to serve rebuttal reports in part based on the view that the attendant delays will allow the pandemic to ease and thus facilitate expert depositions.

For the reasons indicated herein, the parties jointly request that the Court realign the expert discovery schedule as to all of the Personal Jurisdiction and Merits Defendants, including Messrs. Kadi and Jelaidan, to the following schedule:

- **February 8, 2021** – Affirmative and rebuttal reports due from Messrs. Kadi and Jelaidan *(In light of the fact that Plaintiffs have agreed to provide Mr. Kadi with further information concerning expert reports directed at him, Mr. Kadi reserves the right to seek, within seven days of receiving the information, additional time to submit

The Honorable Sarah Netburn
December 4, 2020
Page 4

_____

> his responsive expert report.  Plaintiffs reserve the right to oppose any such request for an extension, particularly where the proposed extension would again cause the expert discovery schedule to become un-aligned);

- **March 19, 2021** – Rebuttal Reports due from Plaintiffs as to all Personal Jurisdiction and Merits Defendants (including Messrs. Kadi and Jelaidan); and

- **August 31, 2021** – Deadline for completing expert discovery.

Respectfully submitted,

COZEN O'CONNOR                                    MOTLEY RICE LLC

By:  /s/ Sean P. Carter                           By:  /s/ Robert T. Haefele
SEAN P. CARTER                                    ROBERT T. HAEFELE
COZEN O'CONNOR                                    MOTLEY RICE LLC
One Liberty Place                                 28 Bridgeside Boulevard
1650 Market Street, Suite 2800                    Mount Pleasant, SC 29465
Philadelphia, Pennsylvania 19103                  Tel.: (843) 216-9184
Tel.: (215) 665-2105                              Email: rhaefele@motleyrice.com
Email: scarter@cozen.com                          *For the Plaintiffs' Exec. Committees*
*For the Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER LLP

By: /s/ Andrew J. Maloney
ANDREW J. MALONEY
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: amaloney@kreindler.com
*For the Plaintiffs' Exec. Committees*

cc:      The Honorable George B. Daniels, via ECF
         All Counsel of Record via ECF