UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: TERRORIST ATTACKS ON       Civil Action No.
SEPTEMBER 11, 2001       03 MDL 1570 (GBD) (SN)

--------------------------------------------------------

**This Document Relates To:**

*Havlish, et al. v. bin Laden, et al.*, **Case No. 03-CV-09848**
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, **Case No. 02-CV-06977**
*Burnett, Sr., et al., v. Islamic Republic of Iran*, **Case No. 15-CV-9903**
*Burlingame, et al. v. bin Laden, et al.*, **Case No. 02-CV-07230**
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, **Case No. 02-CV-07236**
*O'Neill, Sr., et al. v. Republic of Iraq, et al.*, **Case No. 04-CV-1076**
*Federal Insurance Co., et al. v. al Qaida, et al.*, **Case No. 03-CV-06978**
----
*All other cases against the Islamic Republic of Iran*

**THE *FEDERAL* PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR OBJECTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(A) AND 28 U.S.C. § 636(B)(1) TO THE SEPTEMBER 30, 2020 OPINION AND ORDER**

Cozen O'Connor
December 16, 2020

**THE *FEDERAL* PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR OBJECTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(A) AND 28 U.S.C. § 636(B)(1) TO THE SEPTEMBER 30, 2020 OPINION AND ORDER**

The *Federal* Plaintiffs' respectfully submit this reply in further support of their Rule 72 Objections to Magistrate Judge Netburn's September 30, 2020 Order and Opinion, ECF No. 6481, denying the *Federal* Plaintiffs' motion for reconsideration of the Court's September 30, 2019 common benefit order. As set forth in the *Federal* Plaintiffs' opening brief, the *Federal* Plaintiffs do not object to the establishment of a common benefit fund at this time, but do object to the recommendation that that fund apply only to work undertaken to obtain the non-adversarial default judgment against Iran, as clearly erroneous and contrary to law. Instead, a protocol should be established for operation of a common benefit fund that compensates counsel for their contributions and investments in this multi-district litigation ("MDL") as a whole.

The *Havlish* Plaintiffs' Opposition to the *Federal* Plaintiffs' Objections largely replicates flawed arguments also presented in its separate response to the related Objections of the Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims Respondents (the "PEC Respondents"). The PEC Respondents have addressed those overlapping arguments in the reply brief they are filing on this same day, and in order to avoid burdening the Court with unnecessary and duplicative briefing, the *Federal* Plaintiffs hereby adopt the arguments in points 1, 2, and 4 of the PEC Respondents' Reply[1] as to those overlapping issues.

Beyond those incorporated arguments, the *Federal* Plaintiffs offer just four additional brief points in reply to the *Havlish* Plaintiffs' Opposition.

---

[1] The *Federal* Plaintiffs do not adopt the arguments in other sections of the PEC Respondents' Reply, which address issues that are not directly related to the *Federal* Plaintiffs' position that any common benefit fund established at this time should be structured to compensate counsel for their investments in the MDL as a whole.

1

First, the *Havlish* Plaintiffs' Opposition relies extensively on disputed fact-based arguments to justify their attempt to create a common benefit fund that solely benefits them. Their dependency on such disputed factual claims only underscores the need for an orderly and comprehensive common benefit process, as proposed by the *Federal* Plaintiffs. This MDL has been singularly complex, and more than unattested and colorful argument of counsel is required to properly identify the work that has resulted in benefits to the plaintiffs as a whole, taking into consideration all of their goals and objectives in filing and pursuing the claims.

Second, the *Havlish* Plaintiffs' mischaracterize the common benefit framework the *Federal* Plaintiffs have proposed, in service of a number of straw man arguments. In this regard, the *Havlish* Plaintiffs variously claim that under the *Federal* Plaintiffs' proposal "the work of the PEC would be rewarded and the work of *Havlish* counsel would not," *Havlish* Opp. at 12, that "Havlish counsel would be the smallest dog at a bowl they filled with food,"[2] *id.* at 6, and that *Havlish* counsel would end up as net payers into the common benefit fund. *Id.* at 13.

These dramatizations ignore entirely the *Federal* Plaintiffs' principal point that the ongoing recoveries over the full duration of the USVSSTF will be sufficient to compensate all Plaintiffs' Executive Committees counsel for all common benefit work undertaken to date (including *Havlish* counsel), as well as the standards that would govern common benefit awards under the *Federal* Plaintiffs' proposal. Pursuant to those standards, the degree to which any particular common benefit work contributed to a successful result would be a factor in setting awards, and a result it follows that *Havlish* counsel would be appropriately rewarded for their contributions under the *Federal* Plaintiffs' proposal (to the extent they can provide competent and persuasive support for their application).

---

[2] This metaphor materially overstates the *Havlish* counsel's contribution, given the role of the U.S. government in filling the bowl through appropriations.

Third, the *Havlish* Plaintiffs fail to acknowledge the degree to which a common benefit structure that artificially disjoins the non-adversarial Iran judgment work from all other work undertaken by the PECs would fundamentally undermine efficient management of MDL proceedings. *Havlish* counsel make much of their focus on obtaining a non-adversarial default judgment against Iran, without acknowledging that they were free to devote their time and resources to the Iran default, because they were not otherwise busy discharging obligations of the PECs relating to the dozens of defendants who had appeared and were aggressively litigating the claims. Many of the PECs' attorneys would have been eager to spend more time on Iran-focused work, but were required to dedicate their principal time and resources during the relevant period to those other intensive, deadline-driven obligations. This circumstance reflects the fundamental reality that work in an MDL must be distributed among PEC counsel, in order to move the litigation forward and avoid duplication of expense and effort. A common benefit approach that rewards only a subset of the work (without consideration of the full scope of the work the PECs were required to perform) would impede the necessary distribution of work, as it would incentivize counsel to compete for tasks that seem most likely to contribute to a recovery, and to refuse necessary work that seems less likely to produce success.

Fourth, and finally, the *Havlish* Plaintiffs' effort to narrowly define what constitutes common benefit work in this case, solely to undertakings that produce money, does not align with the full scope of the objectives and goals of the plaintiffs in bringing and prosecuting these cases. The plaintiffs did not file claims against alleged material sponsors of al Qaeda solely for purposes of obtaining monetary compensation (and certainly not solely from a government fund). Rather, they had far broader aims of transparency, accountability, deterrence, and fact-

finding that have been broadly served by the prosecution of the claims, and that clearly yielded a benefit to the plaintiffs.

Dated: December 16, 2020

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Sean P. Carter
Sean P. Carter, Esq.
Stephen A. Cozen, Esq.
J. Scott Tarbutton, Esq.
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2105

*Attorneys for the Federal Insurance Plaintiffs*

4

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the *Federal* Plaintiffs' Reply in Further Support of Their Objections Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1) to the September 30, 2020 Opinion and Order was filed electronically this 16th day of December 2020.  Notice of this filing will be sent to all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system.  Parties may access this filing through the Court's ECF system.

                                                /s/  J. Scott Tarbutton
                                                J. Scott Tarbutton

LEGAL\50094272\1