# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

December 18, 2020

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs submit this letter in response to the Court's November 24, 2020 Order (ECF No. 6541 or the "November 24, 2020 Order"), which directed Plaintiffs and the Kingdom of Saudi Arabia to meet and confer on redactions to the Orders that the Court identified as falling within the scope of the July 22, 2019 Order concerning filing information under seal (ECF No. 4696 or the "July 22 Order") and to submit letters on any disagreements.

While Plaintiffs do not propose any redactions separate from those that the Kingdom has identified, they maintain their overarching objection to the overbroad sealing practice in this litigation (both with respect to the Kingdom's self-designation of protected materials and reliance on the FBI's protective order, to which Plaintiffs also continue to object as an unreasonable basis for sealing information from public view). While Plaintiffs recognize that the Court has held otherwise on prior motions, the equities favoring disclosure will increase as the case moves forward and so while not asking the Court to revisit the prior decision at this time, Plaintiffs note their objections in order to preserve their arguments and right to seek disclosure as the case progresses. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 117 (2d Cir. 2006) (court had appellate jurisdiction under "a narrow exception to the general rule that interlocutory orders are not appealable as a matter of right" because district court order essentially conclusively determined denying access to media intervenors by holding their motion in abeyance.) Plaintiffs advised the Kingdom of this global objection, and on December 16, 2020 the defendant agreed that in light of this position the parties would not be able to reconcile their positions.

A party seeking to maintain judicial filings under seal bears the substantial burden of overcoming the "presumption of immediate public access" that arises "under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126; *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.")  To meet this heavy burden, the party seeking to seal information from public view "must offer specific facts demonstrating that closure [or sealing of the record] is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F.Supp.2d 409, 413 (S.D.N.Y. 2014) (denying motion to file exhibit under seal because movant's declaration provided "only boilerplate statements" that offered "no insight into" the specific harm or prejudice public filing would cause).

The Kingdom has consistently failed to satisfy this heavy burden, relying instead on generalized objections that lack any specific description of the risk public access to judicial filings poses and which cannot overcome the burden that both the common law and the First Amendment place on the party seeking to prevent disclosure. *See Lugosch*, 435 F.3d at 124 ("the First Amendment … secure[s] to the public … a right of access to civil proceedings"), quoting *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987).

At no point, for example, has the Kingdom set forth detailed descriptions in declarations or affidavits identifying the injury and harm that public disclosure would risk, instead relying on broad assertions of "good cause" or specious invocation of treaties that include no textual protection against information a foreign state discloses while defending itself in civil litigation.  "Broad and general" assertions such as the Kingdom rests on "are not sufficient to justify closure [or sealing.]" *Lugosch*, 435 F.3d at 120.

In this litigation where the ultimate question is whether a foreign nation aided and abetted a terrorist attack on U.S. soil that killed thousands and left countless others injured, the public interest is extraordinary and unique.  Not only do the families of those killed and the many people injured have a right to open proceedings, but without such transparency the legitimacy of the judicial process itself is at risk.

> Criminal acts, especially violent crimes, often provoke public concern, even outrage and hostility … . When the public is aware that the law is being enforced and the criminal justice system is functioning, an outlet is provided for these understandable reactions and emotions. Proceedings held in secret would deny this outlet and frustrate the broad public interest; by contrast, public proceedings vindicate the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct by jurors fairly and openly selected. … People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.

*Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 508–09 (1984) (internal quotation marks and citations omitted).

The Kingdom has never satisfied its heavy burden of showing the "exceptional circumstances" and "higher values" necessary to overcome the presumption of public access to

judicial documents under the First Amendment and common law. *Lugosch,* 435 F.3d at 120-21, 124. Contrary to the Second Circuit rule, the Kingdom has only ever advanced broad and conclusory arguments for sealing, routinely failing to detail the actual risk that disclosure of information on a fact-by-fact basis would pose. Likewise, it has never made a meaningful effort to comply with the Second Circuit's requirement of "narrowly tailored" redactions tied to specific findings. *Lugosch,* 435 F.3d at 120; *see Press-Enterprise II*, 478 U.S. at 13-14 ("the proceedings cannot be closed unless specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

Plaintiffs continue to object to the filing of any of the information that the Kingdom and the FBI have proposed be redacted, which deprives the 9/11 families and the public of meaningful access to judicial filings in this uniquely important case.

Notwithstanding these objections, Plaintiffs are currently reviewing the motions, declarations and exhibits filed in connection with the docket entries that this Court identified in the November 24, 2020 Order for purposes of identifying information that would fall within the scope of the July 20 Order, despite their ongoing objections and will work with the parties to file redacted versions of those underlying motions and report to the Court in January.

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE |
|---|---|
| /s/ Sean P. Carter | /s/ Robert T. Haefele |
| Sean P. Carter, Esquire | Robert T. Haefele, Esquire |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, PA 19103 | Mt. Pleasant, SC 29464 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

KREINDLER & KREINDLER

/s/ Andrew J. Maloney
Andrew J. Maloney, Esquire
Steven R. Pounian, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims