US UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

**TERRORIST ATTACKS ON
SEPTEMBER 11, 2001**

03-MDL-01570 (GBD)(SN)

**ORDER**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

This document relates to:

    Richard Abbate, et al. v. Kingdom of Saudi Arabia, et al., No. 17-CV-8617 (GBD)(SN).

    Plaintiff Alexander Avelino's counsel of record, Napoli Shkolnik PLLC and Napoli Law PLLC, by attorney Christopher LoPalo, moves to withdraw representation of Mr. Avelino only. The motion is DENIED without prejudice.

## DISCUSSION

    Withdrawal of counsel is governed by S.D.N.Y. Local Civil Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Id. (emphasis added). The Court therefore considers two issues in determining the motion: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. Thekkek v. LaserSculpt, Inc., No. 11-CV-4426 (HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012). The determination of such a motion falls within the sound discretion of the trial court. Id. (citation omitted).

Measured against those standards, Plaintiff's motion is deficient. Counsel provides no specific reasons, let alone "satisfactory reasons," for the proposed withdrawal as required by Local Civ. R. 1.4. See New York v. United States Dep't of Commerce, No. 18-CV-2921 (JMF), 2019 WL 2949908, at *1 (S.D.N.Y. July 9, 2019) (denying motion to substitute counsel as to attorneys for whom no reasons for withdrawal were supplied). Accordingly, Plaintiff's motion is DENIED without prejudice to renewal. Any new motion to withdraw shall be supported by a signed and sworn affidavit from Mr. LoPalo (1) stating, with particularity, "satisfactory reasons" for withdrawing at this stage of the litigation; (2) advising whether Plaintiff consents to the withdrawal; (3) indicating whether Plaintiff intends to proceed *pro se* or whether he is actively pursuing representation by new counsel; and (4) if Plaintiff intends to be represented by new counsel, outlining what steps—if any—have been taken to retain new counsel. Moving counsel is also directed to serve any renewed motion on Plaintiff. In the event any renewed motion is filed after Plaintiff has retained new counsel, Plaintiff's new counsel shall also file an affidavit providing assurances that the substitution of counsel will not delay litigation of this case or otherwise prejudice Plaintiff.

## CONCLUSION

The motion to withdraw is DENIED without prejudice for the reasons above. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 6565.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:      January 5, 2020
            New York, New York