UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/2020

**SARAH NETBURN, United States Magistrate Judge:**

On August 19, 2020, the Plaintiffs' Executive Committees ("Plaintiffs" or "PECs") moved to supplement the record concerning new evidence about Abdullah Al Jaithen ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ECF No. 6396. On August 21, 2020, the Kingdom of Saudi Arabia ("Saudi Arabia" or "the Kingdom") filed a letter in response. ECF No. 6400. On August 25, 2020, Plaintiffs filed a motion for reconsideration of the portion of the Court's June 23, 2020 Opinion & Order ("June 23 Order") that denied searches of the Saudi Arabian Embassy in Washington D.C. ("Embassy") and its Consulate in Los Angeles ("Consulate") for Al Jaithen documents. ECF No. 6405. The Kingdom filed its opposition on September 1, 2020, ECF No. 6417, and Plaintiffs filed their reply on September 4, 2020, ECF No. 6426.

**BACKGROUND**

On March 28, 2018, the Honorable George B. Daniels concluded that Plaintiffs articulated a reasonable basis for the Court to assume jurisdiction over Saudi Arabia. ECF No. 3946, at 4-5. Judge Daniels permitted Plaintiffs to conduct limited jurisdictional discovery regarding two individuals: Fahad Al Thumairy and Omar Al Bayoumi. Id., at 23. This Court authorized supplemental document discovery regarding Abdullah Al Jaithen on January 3, 2020. ECF No. 5431. On January 22, 2020, Saudi Arabia filed a letter under seal requesting that the Court resolve a dispute between the parties regarding whether the search required by the Court's

January 3, 2020 Order includes the Saudi Embassy and Consulate. Separately, Plaintiffs filed a motion to compel production of Jaithen documents on April 30, 2020. ECF No. 6165. The Court resolved both the Kingdom's letter and Plaintiffs' motion in the June 23 Order. ECF No. 6290. This decision addresses Plaintiffs' motion for reconsideration of the June 23 Order.

## LEGAL STANDARD

The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader, 70 F.3d at 257). The 14-day deadline from the entry of the Court's determination of the original motion to file a motion for reconsideration under Local Rule 6.3 may be extended based on "newly-discovered evidence." Cunningham v. Cornell Univ., 16-cv-6525 (PKC), 2020 WL 1165778, at *1 (S.D.N.Y. Mar. 11, 2020). The decision to grant a motion for reconsideration is within the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

## DISCUSSION

The Court authorized discovery as to Al Jaithen based on allegations that Al Jaithen and Al Bayoumi interacted ███████████████████████████ without any explanation from

2

Saudi Arabia. See January 3, 2020 Order & Opinion, at 4-7; June 23 Order, at 3. In determining the scope of discovery, the Court ordered Saudi Arabia to search "an individual's parent agency, as well as any Saudi-controlled locations where the individual worked in the United States." November 25, 2019 Opinion & Order, at 20-21. Plaintiffs argued that Saudi Arabia should search the Embassy and Consulate for Al Jaithen documents, despite the fact that he did not work at either location, because the Ministry of Islamic Affairs ("MOIA") instructed Al Jaithen to cooperate with employees of the Embassy ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See June 23 Order, at 3-4. Plaintiffs also pointed to the fact that a document ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was found in the Embassy. Id., at 4.

The Court declined to order the Kingdom to search the Embassy and Consulate on the grounds that Plaintiffs failed to identify any specific documents regarding Al Jaithen that would necessarily be housed there. Id. However, the Court found that the Kingdom failed to produce documents regarding Al Jaithen's December 1999 – January 2000 trip to the United States and ordered the parties to identify other MOIA locations for the Kingdom to search. Id., at 9. The Court also ordered Saudi Arabia to identify and search additional locations at which Al Jaithen's work passport and diplomatic visa may be found, citing Plaintiffs' evidence that other MOIA propagators sent to the United States at that time had work passports ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that they used for their work trips to the United States. Id., at 10.

Plaintiffs now move for reconsideration of the portion of the June 23 Order that denied searches of the Embassy and Consulate for Al Jaithen documents. New evidence that Plaintiffs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

███████████ Declaration of Steven R. Pounian, dated August 19, 2020 ("Pounian Decl."), Ex. 1, ███████ Plaintiffs argue that the evidence establishes the practice of Saudi Arabia ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Plaintiffs' August 19, 2020 Ltr., at 2; Pounian Decl., Ex. 2. Plaintiffs contend that the new evidence also shows ███████████████████ ████████████████████████ and ██████████████████████ ███████████████████. Plaintiffs' August 19, 2020 Ltr., at 2. Jaithen listed ██████ ████████████████████████████ Pounian Decl., Ex. 1, at FBI4675.

Saudi Arabia contends that it conducted a targeted search for Al Jaithen's work passport and diplomatic visa at the Ministry of Foreign Affairs ("MOFA"), the only Saudi government entity that issues special or diplomatic passports. Saudi Arabia's August 1, 2020 Ltr., at 1. The search found no evidence that Al Jaithen held any special or diplomatic passport or diplomatic visa. Id. The Kingdom also contends that ████████████████████████████████ ████████████████████████████████████████████████████ Id., at 2 (noting that ████████████████████████ ████████████████████. The Kingdom argues that ████████████████ ████████████████████████████ but that Saudi Arabia conducted a follow-up search nonetheless using the specific new information now available. Id., at 2 & n.2. The Kingdom has also agreed to search the files of the former Da'wah Office at the Embassy for any responsive Al Jaithen documents. Id., at 2-3.

████████████████████████████████████████████████████
████████████████████████████████████████████████████

4

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███ The Kingdom produced ██████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████ ECF No. 6166-13, at KSA 7992-94. ████████████

███████████████████████████████████████

███████████████████████████████████████

███ Id.; ECF No. 6166-9, at KSA7591; Supplemental Declaration of Catherine M. Hunt, dated May 30, 2019, Ex. 16, at KSA559. ████████████████

███████████████████████████████████████

███ ECF No. 6166-13, at KSA7992-94. ████

███████████████████████████████████████

ECF No. 6166-4, at KSA7805, 7808. ██████

█████████████████████████████████████ Id., at KSA7805. In turn, MOIA instructed Jaithen to "cooperate with the employees of the . . . Embassy." ECF No. 6166-7, at KSA9538.

The Court already ordered the Kingdom to undertake further searches for Al Jaithen's work passport and diplomatic visa on the grounds that other MOIA propagators sent to the United States at that time had work passports ██████████████████████ See June 23 Order, at 10. The newly available evidence confirms ████████████████████████ ██████████████████████████ See Pounian Decl., Ex. 1, ████████████ The evidence further suggests ██████████████████████████████████ See id. ██████████████████████ however, does not suggest that Al Jaithen worked in the Embassy or Consulate, or that the Embassy or Consulate contains records for ████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ Plaintiffs present no evidence that ████████████████████████████████████████████, see ECF No. 6166-4, at KSA7807-08, worked either full or part time at the Embassy or Consulate. In any event, the Kingdom's search of the Da'wah Office is likely to produce any relevant records regarding the Embassy's efforts to ██████████████████████ Id., at KSA7805.

Still, the proof of ██████████████ suggests that Saudi Arabia must have ████████ ██████████████ stating the official purpose of Al Jaithen's travel. Accordingly, the Court grants in part Plaintiffs' request for a targeted, specific search for key missing information held at the Embassy or Consulate about Jaithen's December 1999—January 2000 trip. Pls. Reply, at 3.

████████████████████████████████████ Id., at KSA7805. In turn, MOIA instructed Jaithen to "cooperate with the employees of the . . . Embassy." ECF No. 6166-7, at KSA9538.

The Court already ordered the Kingdom to undertake further searches for Al Jaithen's work passport and diplomatic visa on the grounds that other MOIA propagators sent to the United States at that time had work passports ████████████████████████ See June 23 Order, at 10. The newly available evidence confirms ██████████████████████████████ █████████████████████████████ See Pounian Decl., Ex. 1, ██████████ The evidence further suggests █████████████████████████████████████████ See id. ███████████████████████ however, does not suggest that Al Jaithen worked in the Embassy or Consulate, or that the Embassy or Consulate contains records for █████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ Plaintiffs present no evidence that ████████████████████████████████████████████████, see ECF No. 6166-4, at KSA7807-08, worked either full or part time at the Embassy or Consulate. In any event, the Kingdom's search of the Da'wah Office is likely to produce any relevant records regarding the Embassy's efforts to ████████████████████████ Id., at KSA7805.

Still, the proof of ███████████████ suggests that Saudi Arabia must have ████████ ███████████████ stating the official purpose of Al Jaithen's travel. Accordingly, the Court grants in part Plaintiffs' request for a targeted, specific search for key missing information held at the Embassy or Consulate about Jaithen's December 1999—January 2000 trip. Pls. Reply, at 3.

Specifically, in addition to Saudi Arabia's follow-up searches of MOIA, the Ministry of Foreign Affairs, and the former Da'wah Office at the Embassy, see KSA Ex. A, at 2, the Court directs the Kingdom to conduct a targeted search for any information relating to ▓▓▓▓▓▓▓ in connection with his December 1999 trip to the United States. The Kingdom should search MOFA's Islamic Affairs Department at the Embassy, which ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ see ECF No. 6166-13, at KSA 7992-94, any sister office in the L.A. Consulate, and any other locations reasonably likely to hold relevant documents.

## CONCLUSION

Plaintiffs' motion for reconsideration is GRANTED in part. Saudi Arabia is directed to perform the required searches and produce responsive documents within 45 days of this Order.

**SO ORDERED.**

October 2, 2020
New York, New York

SARAH NETBURN
United States Magistrate Judge