```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On January 17, 2020, the Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") filed under seal a request for leave to supplement the record and motion for reconsideration pursuant to Local Civil Rule 6.3 of the Court's January 3, 2020 Opinion & Order ("January 3 Order"). The Kingdom of Saudi Arabia ("Saudi Arabia" or "the Kingdom") filed its opposition on January 24, 2020. Plaintiffs filed a reply on January 29, 2020.

The Court GRANTS Plaintiffs' request for leave to supplement the record and DENIES Plaintiffs' motion for reconsideration.[1]

## BACKGROUND

On March 28, 2018, the Honorable George B. Daniels concluded that Plaintiffs articulated a reasonable basis for the Court to assume jurisdiction over Saudi Arabia. ECF No. 3946, at 4-5. Judge Daniels permitted Plaintiffs to conduct limited jurisdictional discovery regarding two individuals: Fahad al Thumairy and Omar al Bayoumi. Id., at 23.

The Court established procedures to manage the scope of that discovery. ECF No. 4009. Saudi Arabia produced responsive documents, and soon thereafter, Plaintiffs served their first set

---

[1] This Opinion & Order has been filed under seal in its entirety. The Court will issue a redacted version following the resolution of Plaintiffs' Rule 72 objections to the Court's decision granting in part Saudi Arabia's motion to seal. See ECF No. 4696.

of supplemental discovery requests. Plaintiffs sought document discovery regarding seven Saudi officials: Abdullah al Jaithen, Musaed al Jarrah, Smail Mana, Adel al Sadhan, Mutaeb al Sudairy, Mohamed al Muhanna, and Sharif Batikhi. See Plaintiffs' October 26, 2018 Letter.

Plaintiffs requested a broad array of discovery. Among other things, they sought documents concerning the officials' travel, compensation, residences within California, tasks and activities, visa records, supervisors and supervisees, and "meeting[s], communication[s], contact[s], transaction[s], or relationship[s]" with seven different individuals or categories of individuals. Id., App, 1-2. Those persons included: Bayoumi, Thumairy, Khalid al Sowailem, Abdussattar Shaikh, Caysan Bin Don, any officer or employee at the King Fahad Mosque, and any of the 9/11 hijackers. Id., at 2.

Based on the limited jurisdictional inquiry authorized by Judge Daniels — that is, whether Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to assist the 9/11 hijackers — the Court allowed discovery regarding Jarrah, Mana, and Muhanna. ECF No. 3946, at 23; November 29 Order, at 1. The Court denied Plaintiffs' requests as to the remaining officials, including Sadhan and Sudairy, with an opinion and order to follow. November 29 Order, at 2. That opinion and order was issued on January 3, 2020. This decision resolves Plaintiffs' motion for reconsideration of the January 3 Order.

## LEGAL STANDARD

The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of

Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader, 70 F.3d at 257). The decision to grant a motion for reconsideration is within the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

## DISCUSSION

**I.    Request for Leave to Supplement the Record**

Plaintiffs formally request leave to supplement the record with ███████████ ███████████████████████████████████████████████████████████████ ████████████ and were not deciphered by Plaintiffs until the date they filed this motion. Pl's Br., at 1. The ██████████, according to Plaintiffs, show that ████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████ Id. Plaintiffs claim that it is "also apparent" that ████████████ ████████████████████████████████████████████. Id. Saudi Arabia adds that ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████ KSA Br., at 4.

Courts in this circuit have "looked favorably upon efforts to supplement the record absent prejudice or bad faith." Katz v. Metro Transp. Auth., No. 17-CV-472 (KAM), 2017 WL 6734185, at *12 (E.D.N.Y. Dec. 29, 2017). Where "there is no evidence of prejudice to



[Defendants] or bad faith on [Plaintiffs'] part, and the parties will be best served by the Court's deciding the . . . issue presented to it on the most complete factual basis possible," supplemental evidence should be allowed. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco P.L.C., No. 03-CV-0200 (GEL), 2003 WL 1618534, at *1 (S.D.N.Y. Mar. 27, 2003). There is no evidence presented that Plaintiffs submitted this evidence here in bad faith. On the contrary, Plaintiffs credibly describe for the Court the challenges involved in identifying individual ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Pl's Reply Br., at 6 n.6 (describing how the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).

     Saudi Arabia argues that it is "inappropriate" for a party to seek "to supplement the record . . . on a motion for reconsideration." Smith v. New York City Dep't of Educ., 524 F. App'x 730, 734 (2d Cir. 2013). But despite the Kingdom's argument about the propriety of Plaintiffs' submission of their request together with their motion for reconsideration, the Kingdom presents no argument that supplementing the record with this information would prejudice Defendants. Accordingly, because a more complete factual record would benefit the Court in determining the appropriate limits of discovery, the Court GRANTS Plaintiffs' request for leave to supplement the record.

**II.     Motion for Reconsideration**

     **A.   The ▬▬▬▬▬▬▬▬ Do Not Entitle Plaintiffs to Further Discovery**

The parties first dispute whether the supplemented ▬▬▬▬ may be considered by this Court in its review of Plaintiffs' motion for reconsideration. Saudi Arabia argues that a motion for reconsideration "is not the appropriate mechanism for a party . . . to advance new facts[] . . .

4

not previously presented to the Court." Smith, 524 F. App'x at 734. Plaintiffs respond that the circumstances here are extraordinary, and a manifest injustice would occur if the Court declines to consider this additional proof. Pl's Reply Br., at 6. Plaintiffs further argue that the ▇▇▇ ▇▇▇ were originally supposed to arrive ▇▇▇▇, before the subject motion was briefed, but were not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Id. Moreover, Plaintiffs argue that the Kingdom refused to produce its own ▇▇▇▇▇ for the relevant period. Id.

"[A] party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." Steinberg v. Elkman, No. 15-CV-278 (LTS) (DCF), 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotations marks omitted) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Luv n' Care Ltd. v. Goldberg Cohen, LLP, No. 15-CV-9248 (NRB), 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotations marks omitted) (quoting Hollander v. Members of the Bd. of Regents, 524 F. App'x. 727, 729 (2d Cir. 2013). As discussed above, the Court is sympathetic to the challenges Plaintiffs faced in identifying, in a timely manner, all the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ See Pl's Reply Br., at 6 n.6. The Court will therefore consider the newly available evidence presented with this motion.

The Court's January 3 Order found that "[g]iven the Court's obligation to conduct jurisdictional discovery narrowly . . . Plaintiffs' supplemental document requests regarding Sadhan and Sudairy are inappropriate." January 3 Order, at 10. That conclusion was based on the Court's findings that "both of Plaintiffs' key allegations are undercut by the factual record,"

5

"caution[ing] against broad discovery." Id. The Court then evaluated the newly available ▮ ▮ in the context of Plaintiffs' initial motion to compel the FBI and found that "[t]he fact that Bayoumi, who knew Sudairy from his visit to ▮▮▮ who no longer lived in California, ▮▮▮ does not suggest that Sadhan and Sudairy had any connection with the hijackers." April 27, 2020 Order, at 12. Plaintiffs have presented no evidence here that alters the Court's prior conclusions.

As the Court has previously stated, Plaintiffs must allege specific facts regarding Sadhan and Sudairy that are "relevant to the FSIA immunity determination." Id., at 10. This standard is necessary for the Court to calibrate the "delicate balancing between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign[']s . . . legitimate claim to immunity from discovery." EM Ltd. v. Republic of Argentina, 473 F.3d 463, 486 (2d Cir. 2007) (internal quotation marks omitted). Where Plaintiffs have made credible allegations of specific facts, the Court has authorized supplemental discovery. See January 3 Order, at 4-7 (granting discovery regarding Jaithen in light of Plaintiffs' "allegation . . . supported by the factual record . . . [that] targets the core of Plaintiffs' jurisdictional inquiry").

Here, however, Plaintiffs have not established that discovery regarding Sadhan and Sudairy is within the limits of this Court's jurisdictional inquiry. Plaintiffs' allegations regarding Sadhan and Sudairy have been undercut by the factual record, and the newly available ▮ ▮ do not make it any more likely that Sadhan and Sudairy took part in the alleged plot to assist the hijackers. Accordingly, the Court DENIES Plaintiffs' motion for reconsideration without prejudice. While no document discovery is warranted of the Kingdom at this time, the Court notes that this holding does not mean that Plaintiffs may not ask questions during its upcoming depositions of Saudi government officials regarding Sadhan and Sudairy.

6

**B. The Court Did Not Overlook Plaintiffs' Motion to Compel the FBI**

Plaintiffs next argue that before discovery of the Kingdom was denied in the Court's January 3 Order, Plaintiffs should have been allowed to complete their then-open discovery of the FBI about Sadhan and Sudairy. Pl's Br., at 2. "[M]otions for reconsideration are intended to bring to the Court's attention matters that it overlooked, not to examin[e] a decision and then plug[] the gaps of a lost motion with additional matters." In re Rezulin Products Liability Litig., 224 F.R.D. 346, 349 (S.D.N.Y. Sept. 28, 2004). Plaintiffs are incorrect that the Court overlooked the motion to compel the FBI, as evidenced by the Court's multiple citations in the January 3 Order to exhibits filed as part of Plaintiffs' motion papers against the FBI. Furthermore, Plaintiffs' argument rests on the false premise that the Court agrees with Plaintiffs that the FBI has discoverable information on Sadhan and Sudairy relevant to the immunity determination in this case. As the Court's April 27, 2020 Order found, Plaintiffs have not made allegations of specific facts to support such discovery of the FBI.

In furtherance of Plaintiffs' argument that they face an impossible burden if they are not first given access to the FBI's information about Sadhan and Sudairy, Plaintiffs cite First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172 (2d Cir. 1998). Pl's Br., at 6. Plaintiffs argue that in First City, the Court of Appeals "reversed a district court which barred a plaintiff from pursuing 'full discovery' of a non-sovereign party akin to the FBI here." Id. But Plaintiffs overreach in their description of First City's holding. In that case, the Court of Appeals found that the district court abused its discretion by failing to first pursue discovery against a party defendant over whom the court had established subject matter jurisdiction before dismissing the complaint. First City, 150 F.3d at 177. That case did not find that the district court should have permitted "full discovery," or any discovery at all, of a non-party. Id. The facts of that case are

7

therefore entirety distinguishable from the facts here, where Plaintiffs have moved to compel discovery of a non-party that has sovereign interests of its own.

Plaintiffs further argue that Saudi Arabia ignores the realities and prior history in this litigation, where the discovery of Saudi Arabia and the FBI has been intertwined, and FBI documents have led to additional discovery of the Kingdom. Pl's Reply Br., at 6. The Court has, indeed, authorized discovery where records produced from the FBI support Plaintiffs' allegations regarding individuals central to Plaintiffs' claims. See July 22, 2019 Opinion & Order, at 34-36 (authorizing discovery from the Offices of Prince Abdulaziz where evidence produced by the FBI suggested that records may exist concerning Thumairy's employment and compensation). Further discovery is only warranted, however, where the evidence produced to date supports Plaintiffs' requests for additional discovery. Plaintiffs have not made that showing here. The Court therefore DENIES Plaintiffs' motion for reconsideration on these grounds.

## CONCLUSION

Pursuant to the analysis above, the Court GRANTS Plaintiffs' request for leave to supplement the record and DENIES Plaintiffs' motion for reconsideration of the Court's January 3 Order. This Order is restricted to the following case participants: Plaintiffs' Executive Committees, Kingdom of Saudi Arabia, Dallah Avco Trans Arabia, and the Federal Bureau of Investigation.

**SO ORDERED.**

DATED:   May 7, 2020
           New York, New York

SARAH NETBURN
United States Magistrate Judge