```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/27/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

<u>OPINION and ORDER</u>

**SARAH NETBURN, United States Magistrate Judge:**

The Plaintiffs' Executive Committees ("Plaintiffs") move to compel defendant the Kingdom of Saudi Arabia ("Saudi Arabia" or "the Kingdom") to produce documents in compliance with the Court's opinions and orders on Plaintiffs' first Motion to Compel ("MTC Order"), and Plaintiffs' Supplemental Discovery Requests ("Supp. Disc. Order"), issued on July 22, 2019. Plaintiffs filed their present motion under seal on January 22, 2020. Saudi Arabia filed its opposition under seal on February 5, 2020. Plaintiffs filed their reply under seal on February 12, 2020. The motion to compel is GRANTED in part and DENIED in part.[1]

## BACKGROUND

On March 28, 2018, the Honorable George B. Daniels concluded that Plaintiffs articulated a reasonable basis for the Court to assume jurisdiction over Saudi Arabia. ECF No. 3946, at 4-5. Judge Daniels permitted Plaintiffs to conduct targeted jurisdictional discovery regarding two individuals: Fahad al Thumairy and Omar al Bayoumi. <u>Id.</u>, at 23.

The Court held a conference to determine the scope of that discovery. ECF No. 3968. Specifically, the Court directed Saudi Arabia to search for documents in five repositories: (1) the

---

[1] This Opinion & Order has been filed under seal in its entirety. The Court will issue a redacted version following the resolution of Plaintiffs' Rule 72 objections to the Court's decision granting in part Saudi Arabia's motion to seal. <u>See</u> ECF No. 4696.

1

Saudi Consulate in Los Angeles, California (the "Consulate"); (2) the Saudi Embassy in Washington, D.C. (the "Embassy"); (3) the Cultural Mission in Fairfax, Virginia; (4) the Ministry of Islamic Affairs ("MOIA"); and (5) the Presidency of Civil Aviation ("PCA"), and its successor, the General Authority of Civil Aviation ("GACA"). ECF No. 4009.

Saudi Arabia searched these locations and produced responsive documents. Plaintiffs then served their first set of supplemental discovery requests, and on November 29, 2018, the Court ordered document discovery regarding three additional individuals: Musaed al Jarrah, Smail Mana, and Mohammed al Muhanna. ECF No. 4261.

Plaintiffs moved to compel Saudi Arabia to produce documents in response to Saudi Arabia's initial production. ECF No. 4266. In addition, Saudi Arabia filed a motion to limit the scope of the supplemental discovery authorized in the Court's November 29 Order. ECF No. 4283. The Court granted in part both Plaintiffs' motion to compel and Saudi Arabia's motion to narrow the scope of supplemental discovery. Plaintiffs then moved for reconsideration of these opinions and orders. The Court granted in part Plaintiffs' motion for reconsideration.

The Court assumes the parties' familiarity with the relevant factual background, procedural history, and legal standards.

## LEGAL STANDARD

To prevail on their motion to compel, Plaintiffs "must cite to specific evidence to challenge [Saudi Arabia's] assertions that no additional responsive documents exist." Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 42 (S.D.N.Y. 2016). Where Plaintiffs provide mere speculation, their requests will be denied.

# DISCUSSION

I. **Documents from the Government Offices of Prince Abdulaziz**

The Court's July 22, 2019 Order found that "it is likely that Thumairy [] received assignments and compensation from the Offices of Prince Abdulaziz" based on a July 2003 FBI Report regarding ███████████████████████████████████. MTC Order, at 35. ███████████████████████████████████████████████████████████████████

███████████████████████████ Id. The Court accordingly ordered that, for the period from 1998 to 2002, Saudi Arabia "search for and produce any documents from the Offices of Prince Abdulaziz regarding (1) the identity of Thumairy's supervisors, if any; and (2) any tasks or directives issued to Thumairy, including any instructions regarding ███████████████

███████████████████████████ Id., at 36.

Plaintiffs argue that Saudi Arabia did not comply with the Court's order because the Kingdom limited its production of documents to the Office of Research and Studies and did not search the Saudi government executive Offices of Prince Abdulaziz through which he wielded command as a cabinet-level Minister over Saudi government officials. Plaintiffs' Second Motion to Compel ("Pls' Second MTC"), at 4. Plaintiffs argue that Saudi Arabia must be ordered to comply with the Court's order and search these other offices as well, and that the Court should further order Saudi Arabia to produce documents from the Offices of Prince Abdulaziz relating to the funding, direction, and reporting of propagators in the United States from 1998-2002. Id. Plaintiffs also argue that the Court should grant Plaintiffs discovery concerning Prince Abdulaziz's Office of Research and Studies to determine whether it is a private entity or part of the government of Saudi Arabia. Id., at 10.

Saudi Arabia contends that the Kingdom conducted "a targeted search of the Office of Prince Abdulaziz" as required, see MTC Order, at 34, making reasonable inquiries ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Prince Abdulaziz's Office of Research and Studies, which the Kingdom asserts is a private office responsible for tasks including managing the Prince's personal charity donations. Saudi Arabia's Opposition to Plaintiffs' Second Motion to Compel ("Def's Br."), at 4. Saudi Arabia requested that all documents responsive to the Court's order, or concerning Thumairy in any way, be produced, and the Office voluntarily complied. Id. The Kingdom notes that the Court denied Plaintiffs' request for a broader search of the Prince's Office for documents concerning payments to the King Fahad Mosque, see MTC Order, at 22, and denied Plaintiffs' request that Saudi Arabia search the Offices of the Prince for documents concerning Thumairy's appointment as the imam of the mosque. See November 25, 2019 Opinion and Order ("Recon. Order"), at 7-8.

Saudi Arabia further argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Court recognizes, as Saudi Arabia suggests, that a significant portion of the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. But the Court has already found Saudi Arabia's contention that these ▓▓▓▓▓▓ do not provide a basis for additional searches because there is "no evidence" that they are "linked to the 9/11 attacks or to the hijackers" to be unpersuasive. MTC Order, at 35. Conversely, the Court found that "Plaintiffs are entitled to records concerning Thumairy's employment and compensation *vis a vis* the Saudi government." Id. The fact that some of this ▓▓▓▓▓▓▓▓▓▓ does not mean that all of it did, and Saudi Arabia has not produced documents accounting for the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Plaintiffs' Reply to Saudi Arabia's Opposition ("Pls' Reply Br."), at 2.

Whether the Office of Research and Studies is private or a part of the Saudi government, Plaintiffs persuasively contend that Prince Abdulaziz worked through the Kingdom's official power structure of Saudi government officials and offices. See Pls' Reply Br., at 3; Pls' Second MTC, Ex. 5 (showing that Khaled Al-Assaf, the Prince's Chief of Staff, was appointed by Royal Decree); Ex. 17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Furthermore, the evidence presented by Plaintiffs indicating that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thumairy to oversee the propagators in California suggests that additional documents may be found in Prince Abdulaziz's offices regarding any tasks or directives issued to Thumairy. See id., Ex. 33 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 34 (describing Thumairy's 1997 nomination to oversee the propagators). Plaintiffs have therefore met their "burden . . . to cast doubt on [Saudi Arabia's] assertion[s] that it does not have the



5

requested information," as required for an order compelling discovery. Gary Friedrich Enters., LLC v. Marvel Enters., Inc., 2011 WL 2623458, at *1 (S.D.N.Y. June 21, 2011).

The Court did not specify which "Office" or "Offices" of Prince Abdulaziz it was directing the Kingdom to search in the July 22, 2019 Order because the parties had not identified which specific office had █████████████████████. But the Court's direction to "search for and produce any documents from the Offices of Prince Abdulaziz" regarding "the identity of Thumairy's supervisors" and "any tasks or directives issued to Thumairy" was not limited to a search of the office which had ██████████████████████████████. The evidence presented by Plaintiffs, discussed in the paragraph above, supports their argument that this search should not be limited to the Office of Research and Studies. Accordingly, the Court GRANTS Plaintiffs' request that Saudi Arabia again be directed to immediately search for and produce documents from the government Offices of Prince Abdulaziz regarding the assignments and compensation of Thumairy.

The Court DENIES Plaintiffs' further request that Saudi Arabia be ordered to produce documents from the Offices of Prince Abdulaziz relating to the funding, direction, and reporting of propagators in the United States from 1998-2002 because MOIA employees not alleged to have assisted the hijackers are outside the scope of jurisdictional discovery. See MTC Order, at 24 (denying a request for a broad search for any documents that identify the "MOIA Propagators in the United States between January 1, 1995 and September 11, 2001" on the same grounds); Recon. Order, at 9-10 (affirming the July 22, 2019 ruling). The Court also DENIES Plaintiffs' request to pursue discovery concerning Prince Abdulaziz's Office of Research and Studies to determine whether it is a private entity or part of the government of Saudi Arabia, as such a

6

request goes beyond compliance with the July 22, 2019 Order and is only tangentially related to the question of whether Thumairy received instructions to assist the 9/11 hijackers.

## II.     Documents Concerning Musaed Al Jarrah

### A.  Documents Concerning Jarrah's "Role or Authority"

On July 22, 2019, the Court ordered discovery regarding Jarrah's role and authority, the chain of command within which he operated, and the authority he had over officials such as Thumairy and Bayoumi. Supp. Disc. Order, at 7, 9-11. At the February 26, 2019 hearing, counsel for Saudi Arabia represented that the Kingdom would "pull every document . . . that even reference[s] Jarrah" at the Consulate and Embassy and that Plaintiffs "are going to get his day-to-day activity also because we also agreed to pull every reference to Mr. Al Jarrah." Feb. 26, 2019 Hearing, at 65-68. In response to Plaintiffs' requests, Saudi Arabia produced 22 pages of documents purportedly representing Jarrah's day-to-day activities prior to September 11, 2001, none of which, Plaintiffs allege, is from the year 2000. Pls' Second MTC, at 11; Ex. 37, at 9. According to Plaintiffs, Saudi Arabia explained that the lack of documents reflecting Jarrah's day-to-day activities and reporting owes to the fact that most of the documents authored by Jarrah would have been issued under the name of his superiors. Id. Plaintiffs therefore request that the Court order the Kingdom to search in the Islamic Affairs Department for documents about Jarrah's role in a manner reasonably calculated to identify responsive records. Id., at 12.

Specifically, Plaintiffs contend that the documents produced thus far suggest that ███████ ████████████████████████████████████████████████████████████████████████████ ████████ Id. Therefore, Plaintiffs argue, the Court should direct the Kingdom to search for "documents issued (a) in the name of the Islamic Affairs Department, and concerning matters within the scope of work of Jarrah; (b) ████████████████████, and concerning matters within

7

the scope of work of Jarrah; and (c) ▬▬▬▬▬▬▬, to the extent those documents concern Islamic Affairs issues or the work of the Islamic Affairs Department." Id. Plaintiffs also request that the Kingdom search for Jarrah work documents for the period from December 1999 to December 2000. Id.

Saudi Arabia argues that its counsel did not say, as Plaintiffs allege, that the Kingdom missed any significant number of documents in its search that Jarrah wrote or helped write. Def's Br., at 10. Rather, Saudi Arabia explains, the Kingdom told Plaintiffs that their translators should be aware that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Id.; Pls' Ex. 41, at 2-3. Saudi Arabia argues that Plaintiffs' proposed searches of two senior officials and an Embassy department are overbroad, vague, contain subjective limits that would be impractical to apply, and would intrude more deeply on Saudi Arabia's sovereign interests. Def's Br., at 11.

Plaintiffs are correct that Saudi Arabia does not provide an explanation for the absence of any documents in its production from the year 2000. Pls' Reply Br., at 7. But on the record before the Court, there is no indication that relevant documents exist from the year 2000 that the Kingdom has failed to produce. As the Court wrote in its January 7, 2020 Order, "[w]hile Saudi Arabia may not have produced the documents plaintiffs were hoping for, the evidence suggests that Saudi Arabia undertook a thorough search, identifying a combined 150 pages of documents as responsive to plaintiffs' document requests relating to Jarrah . . . [and] the Court cannot authorize a request for further discovery on the fact that a prior round of discovery did not yield the hoped-for results." January 7, 2020 Opinion and Order, at 8. Plaintiffs fail to dispute the Kingdom's characterization of the conversation regarding ▬▬▬▬▬ in their Reply, and the new searches Plaintiffs propose, especially with no indication that responsive documents actually

8

exist, would intrude too deeply on Saudi Arabia's "legitimate claim to immunity from discovery." EM Ltd. V. Republic of Argentina, 473 F.3d 463, 486 (2d Cir. 2007) (internal quotations omitted). Accordingly, Plaintiffs' supplemental discovery requests are DENIED.

### B. Documents Concerning Jarrah's Travel

Plaintiffs request that Saudi Arabia search again for Jarrah's travel records, arguing that the Kingdom has not produced any travel records regarding any work trip of Jarrah during the relevant time period, as the Court ordered. Supp. Disc. Order, at 9, 11. The only Jarrah travel documents produced by Saudi Arabia were records of Jarrah's travel into and exit from the Kingdom between 2007 and 2016. Pls' Second MTC, Ex. 38, at 15. Plaintiffs sought discovery of Jarrah's travels inside the United States for the purpose of determining when Jarrah visited California, and when he met in person with Thumairy and Bayoumi. Pls' Second MTC, at 13. Plaintiffs request that the Court order Saudi Arabia to confirm the location of Jarrah's travel records and produce the records requested for the relevant time period. Id.

Saudi Arabia argues that the Court directed the Kingdom to search the Embassy, the Consulate, and the Ministry of Education ("MOE") for Jarrah's travel records, and that the Kingdom conducted reasonable searches of those repositories and any potentially relevant documents were produced. Def's Br., at 12. In addition, the Kingdom made a targeted request to the Ministry of the Interior, and ███████████████████████████████████████

███████ Id. Saudi Arabia argues that Plaintiffs have pointed to nothing that casts doubt on the Kingdom's representation that it conducted reasonable searches and produced any responsive documents. Id.

Plaintiffs, however, contend that they have proof that at a minimum ███████████

███████████████████████████████████████████████████████████████

9

▮▮▮▮▮▮▮▮▮▮▮. Pls' Second MTC, at 13. Plaintiffs also allege that Kingdom personnel such as Sowailem and Thumairy were routinely required to obtain travel authorizations and produce reports for their work travel inside the United States. Id., Ex. 38, at 15. These allegations make it likely that additional responsive documents exist, and the Court therefore GRANTS Plaintiffs' request.[2] The parties are ordered to meet-and-confer regarding the locations of any unproduced records of Jarrah's travel, and Saudi Arabia is ordered to produce the records requested for the relevant time period. The Court is not, however, ordering the Kingdom to search the same repositories it has already searched.

### III.   Phone Records of Consulate and Embassy Contacts with Thumairy and Bayoumi

The Court's July 22, 2019 Order directed the Kingdom to search for documents concerning "any meeting, communication, contact, transaction or relationship" between Jarrah, Mana, and Muhanna and, among other individuals, Thumairy or Bayoumi. Supp. Disc. Order, at 11. The Court ordered Saudi Arabia to search the Consulate, Embassy, and MOE for Jarrah; the Consulate, Embassy, MOIA, and Ministry of Foreign Affairs ("MOFA") for Mana; and the Consulate, Embassy, and MOIA for Muhanna. Id. at 12. Plaintiffs contend that while the Kingdom claims that it searched for calendars, phone call records, and visitor logs, it is unclear what type of phone records search the Kingdom conducted and the Kingdom has produced no phone call records for the relevant time period. Pls' Second MTC, at 13. Plaintiffs state that they know from "as yet incomplete ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but the Kingdom has not produced any such

---

[2] In further support of this request, Plaintiffs cite the Court's statement in the January 7, 2020 Order that "redacted portions of the [2012 FBI Report] offer no indication that Jarrah contacted Thumairy, Bayoumi, or other key actors by phone." January 7, 2020 Order, at 8. Plaintiffs note that "Although Plaintiffs moved for the FBI to provide this Court with the 2012 FBI Report *in camera*, the FBI opposed that motion, and never advised Plaintiffs that redacted portions of the Report were shared with the Court." Pls. Reply, at 8 n.10. The Court regrets any confusion caused by the language in this sentence and notes that the sentence in the January 7, 2020 Order should have read "the redacted 2012 FBI Report offers no indication that Jarrah contacted Thumairy, Bayoumi, or other key actors by phone."

records showing ███████████████████████. Id. Plaintiffs request that the Court order the Kingdom to produce its phone records of any calls from the Consulate or Embassy to Thumairy or Bayoumi from December 1999 to December 2000, and suggest that the parties meet-and-confer on a list of phone numbers for Thumairy and Bayoumi to be used for that search. Id., at 14.

Saudi Arabia contends that it understood the Court's July 22, 2019 Order to include a search for any responsive phone call records or other materials such as calendars and visitor logs, but that despite reasonable efforts, no phone record information could be located for the relevant period. Def's Br., at 13. Previously, Saudi Arabia could not locate phone records from this period for Sowailem, and the Court found that "[a]bsent evidence that these searches were insufficient, no further relief is warranted." MTC Order, at 51-52; Recon. Order, at 18-19. The fact that ███████████████████████████████████████████████████████████ the Court found, "does not suggest that Saudi Arabia's searches were insufficient." Recon. Order, at 19.

The same holds true regarding Plaintiffs' present argument that Thumairy and Bayoumi called the Consulate and Embassy on numerous occasions. Plaintiffs' claims that Bayoumi's contacts with the Embassy and the Consulate "were a prominent focus of U.S. investigations and public reporting after the 9/11 Attacks," and that the Kingdom must have conducted an inquiry into these contacts as a result, are unsubstantiated. Pls' Second MTC, at 13; Pls' Reply Br., at 8. These arguments do not "point to any specific evidence that additional responsive documents exist." Recon. Order, at 18-19 (internal citations omitted). Because Plaintiffs present no evidence that the Kingdom's searches were insufficient or that a search for all calls from the Consulate and Embassy to Thumairy or Bayoumi is warranted, Plaintiffs' request is DENIED.

**IV.     Documents Concerning Smail Mana**

The Court directed Saudi Arabia to search the Consulate, Embassy, MOIA, and MOFA for and to produce documents concerning Smail Mana's duties and responsibilities, as well as any contact between Mana and, among others, Thumairy and Bayoumi. Supp. Disc. Order, at 7, 11-12. Plaintiffs argue that the Kingdom could not find and did not produce any documents pertaining to Mana's day-to-day activities in the year 2000, which does not align with Saudi Arabia's representation that "[w]ith respect to Al Mana, he was working on a day-to-day basis in the LA consulate. So to the extent that we are pulling every document that references Al Mana, plaintiffs are going to get documents pertaining to his day-to-day activity." Feb. 26, 2019 Hearing, at 68; Pls' Second MTC, at 14; Ex. 38, at 11. Plaintiffs also claim that Saudi Arabia produced no documents regarding any contacts between Mana and Thumairy or Bayoumi, █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Pls' Second MTC, Ex. 37, at 7-8. Plaintiffs request that the Court order the Kingdom to produce responsive documents.

Saudi Arabia argues that the Kingdom produced a substantial number of documents concerning Mana which, contrary to Plaintiffs' allegations, includes some that show ████ ████████████████████████████████████████. Def's Br., at 13-14; Ex. 29-31 (documents in connection with a█████████████████████████████ ████████████████████████████ Saudi Arabia also argues that its document production contains information about ████████████████████████. Id., Ex. 32-33 ████████████████████████████████████████████████████████████████ Saudi Arabia acknowledges that the ██████████████████████████████

12

███████████████████████████████████████████████████████████

███████████████████████████████████████. Id., Ex. 34-35 (█████████████

███████████████████████████████████████████████████████████

████████████████.

The Court finds the Kingdom's production regarding Mana's meetings and contacts, including the Kingdom's reasonable explanation as to why ██████████████████ ████████████████ to be sufficient. Plaintiffs correctly note, however, that the documents the Kingdom has produced regarding Mana's duties and responsibilities in the year 2000 █ ██████████████ Pls' Reply Br., at 8 n.11. While this alone does not "point to any specific evidence that additional responsive documents exist," Recon. Order, at 18-19 (internal citations omitted), Plaintiffs' exhibits suggest that additional responsive documents about Mana's duties and responsibilities likely exist.

Specifically, Plaintiffs allege that four documents that the Kingdom produced concerning Mana show that █████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████ Pls' Second MTC, Ex. 37, at 7. For example, Plaintiffs allege that █ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Id. Plaintiffs reasonably infer that ████████████████████████████████████████████, but none of the documents ████████████████████ has been produced. Id.

Plaintiffs' allegations about specific documents, and the fact that none of these alleged documents has been produced by the Kingdom, suggests to the Court that Saudi Arabia's searches were likely insufficient. The Court therefore GRANTS in part Plaintiffs' request and

13

orders Saudi Arabia to meet-and-confer with Plaintiffs regarding the locations and parameters of an additional search for documents regarding Mana's duties and responsibilities.

### V. Documents Concerning Mohammed Al Muhanna

Plaintiffs request that the Court order the Kingdom to produce documents regarding Mohammed Al Muhanna, claiming that the Kingdom has produced no documents pertaining to Muhanna's activities during the year 2000, one document referencing his diplomatic status, no passport or visa information, no documents pertaining to Muhanna's supervision by Thumairy, and no documents regarding Muhanna's travel within the United States. Pls' Second MTC, at 14. Saudi Arabia responds that the Kingdom in fact produced a significant number of documents concerning Muhanna, and notes that ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ , explaining the lack of documents pertaining to Muhanna's activities during the year 2000. Def's Br., at 14-15. Plaintiffs do not defend their position in their reply brief.

Plaintiffs point to two documents, described in their exhibits, that may indicate that further documents regarding Muhanna are likely to exist. KSA8534 ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ and KSA07730 is ▊▊▊ which references that ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ But KSA8534 does not suggest that ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ , and Saudi Arabia has already produced Muhanna's ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ . Def's Br., Ex. 4. Beyond these two specific documents, Plaintiffs do not make any allegations or present any evidence suggesting that specific further documents regarding Muhanna are likely to exist. See Pls' Second MTC, Ex. 38, at 17-20 (failing to identify any specific documents that the Kingdom has not produced). Moreover, the Kingdom has located and produced documents responsive to the Court's order, and the Kingdom accounts for the lack of documents in the other categories. Id., Ex. 36, 37, 39, 40, 42-49, 50-53,

54 (production of documents concerning Muhanna's diplomatic status, passports, and visa records); Ex. 55-59 (production of documents concerning Muhanna's supervision). The Kingdom has also already agreed to produce ███████████ referenced in another document regarding ███████████████████████████. Id., Ex. 39. Accordingly, Plaintiffs requests as to Muhanna are DENIED.

## VI.     Documents Listed in Plaintiffs' Appendix A

Plaintiffs request, finally, that the Court order the Kingdom to provide a sworn statement attesting to the absence of a number of documents that the Court ordered be produced. Pls' Second MTC, at 15. But as the Court has previously ruled, the Court accepts as true the representations made in the Kingdom's detailed statement about its efforts to search for responsive documents, despite the fact that the statement was not made under oath. See Supplemental Statement Concerning Discovery Responses; Recon. Order at 5-6 (citing cases).

## CONCLUSION

Plaintiffs' motion to compel is GRANTED in part and DENIED in part. Saudi Arabia is directed to search for and produce documents identified above within 45 days of this Order. This Order is restricted to the following case participants: Plaintiffs' Executive Committees, Kingdom of Saudi Arabia, Dallah Avco Trans Arabia, and the Federal Bureau of Investigation.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     May 27, 2020
           New York, New York