USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-01570 (GBD)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On June 10, 2020, Plaintiffs moved for reconsideration pursuant to Local Rule 6.3 of those portions of the Court's May 27, 2020 Opinion & Order, ECF No. 6244 ("May 27 Order"), that denied Plaintiffs' Motion to Compel Saudi Arabia to produce documents concerning Musaed al-Jarrah. ECF No. 6265. The Kingdom of Saudi Arabia filed its opposition to Plaintiffs' motion on June 29, 2020, ECF No. 6298, and Plaintiffs filed a reply on July 15, 2020. ECF No. 6318. The Court DENIES Plaintiffs' motion.

## BACKGROUND

On July 22, 2019, the Court ordered discovery regarding Musaed al-Jarrah's role and authority, the chain of command within which he operated, and the authority he had over officials such as Thumairy and Bayoumi. July 22, 2019 Supplemental Discovery Opinion & Order, at 7, 9-11. In response to Plaintiffs' request, Saudi Arabia produced only 22 pages of documents purportedly representing Jarrah's day-to-day activities prior to 9/11, none of which is from the year 2000. Steven R. Pounian Declaration, dated January 22, 2020 ("Pounian Decl.") Ex. 37, at 9. Plaintiffs filed a motion to compel the Kingdom to search for Jarrah work documents for the period from December 1999   December 2000. Plaintiffs' January 22, 2020 Second Motion to Compel Saudi Arabia, at 12. The Court denied Plaintiffs' request. May 27

Order, at 7-9. This Opinion & Order resolves Plaintiffs' motion to reconsider that portion of the May 27 Order.

## LEGAL STANDARD

The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader, 70 F.3d at 257). The decision to grant a motion for reconsideration is within the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

## DISCUSSION

### I. The Court Did Not Overlook Documents About Jarrah's FBI Interviews

In Plaintiffs' Reply in support of their Second Motion to Compel the Kingdom, they cite the Kingdom's Supplemental Discovery responses revealing that "Jarrah . . . met with FBI agents on three occasions several months after the September 11, 2001 attacks," and contend that "[n]o records about those interviews have been produced by Saudi Arabia or the FBI, despite Plaintiffs' specific requests." Plaintiffs' February 12, 2020 Reply, at 7; Pounian Decl., Ex. 43, at 2. Plaintiffs contend that the Court's May 27 Order did not mention Jarrah's FBI interviews, and

apparently overlooked them entirely. Pls. Br., at 1. Plaintiffs argue that the Court should order the Kingdom to search for and produce these documents, which are clearly relevant to Jarrah's role with Thumairy and Bayoumi. Id., at 2.

The Court did not overlook the interviews. Rather, the Court found Plaintiffs request for their production to be unsupported by the record. In support of their request, Plaintiffs cite to a document the Kingdom produced ███████████████████████████ Pounian Decl., Ex. 22, KSA569. But ███████████████ ████████████████████████████ does not suggest that the Kingdom has any documents concerning meetings Jarrah had with the FBI. The Court does not know where Jarrah's meetings took place, whether Jarrah reported them to his superiors, or whether the meetings concerned Jarrah's day-to-day activity prior to 9/11. If anything, documents concerning these meetings are likely to be in the custody of the FBI, not the Kingdom. Contrary to Plaintiffs' argument, Plaintiffs request is not similar to a prior request for documents regarding the State Department, where Plaintiffs "described the documents in detail" and the Court found them to be "plainly relevant." Nov. 25, 2019 Order, at 4. The Court therefore DENIES Plaintiffs' request. Plaintiffs are welcome to ask Jarrah about these meetings at his deposition and request that the Kingdom produce any specific documents he mentions that memorialized them.

**II.     The Court Did Not Make Inconsistent Statements Regarding the Kingdom's Jarrah Production from the Year 2000**

Plaintiffs' argue that the Court made a clear error in stating that "Plaintiffs are correct that Saudi Arabia does not provide an explanation for the absence of any documents in its production from the year 2000," and then concluding that "[b]ut on the record before the Court, there is no indication that relevant documents exist from the year 2000 that the Kingdom has failed to produce." Pls. Br., at 2 (citing May 27 Order, at 8). Plaintiffs propose that the Court

3

"resolve this incongruity" by ordering the Kingdom to conduct a specific, limited search for documents concerning Jarrah's day-to-day work from December 1999 through December 2000. Id., at 3. Plaintiffs note, in support of their argument, that the Court previously ordered the Kingdom to search again for records of Bayoumi's secondment and pay increase, finding that the Kingdom's failure to produce communications "directly involving" the Saudi government "suggests that Saudi Arabia's search for responsive documents was insufficient." Id., at 3-4 (citing July 22, 2019 Motion to Compel Order ("MTC Order"), at 39).

Plaintiffs recount that the Kingdom's production of 150 pages of documents in response to Plaintiffs' initial request contained only two pages pertaining to Jarrah's activities from 1999, 17 pages from 2001, and two pages from 2002. Id., at 4 n.5. As the Court previously found, Saudi Arabia has not produced any responsive documents from the year 2000 and does not explain why no such records exist. But neither do Plaintiffs present any evidence to affirmatively suggest to the Court that any such records do exist. Plaintiffs therefore did not meet their burden to compel further searches. See Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (finding that Plaintiffs "must cite to specific evidence to challenge [Saudi Arabia's] assertions that no additional responsive documents exist" to prevail on their motion to compel).

The Court previously ordered the Kingdom to search again for records of Bayoumi's secondment and pay increase because the existing evidence suggested that additional documents concerning communications in 1999 existed. See MTC Order, at 39 (discussing evidence suggesting communications between Presidency of Civil Aviation and Dallah Avco that the Kingdom had not produced); Plaintiffs have not made a similar showing here that would suggest that the Court's prior decision was clear error or would cause manifest injustice. Accordingly,

without some indication that relevant documents exist that the Kingdom failed to produce, the Court DENIES Plaintiffs' request.

## CONCLUSION

Plaintiffs' motion for reconsideration is DENIED. This Order is restricted to the following case participants: Plaintiffs' Executive Committees, Kingdom of Saudi Arabia, Dallah Avco Trans Arabia, and the Federal Bureau of Investigation.

Because this Opinion & Order only partially addresses the motion filed at ECF No. 6265, the Clerk of Court should not terminate the gavel associated with that motion.

**SO ORDERED.**

August 11, 2020
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge