# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
| --- | --- |
| | |

**DECLARATION OF JOHN M. MALOY, ESQ. IN SUPPORT OF AKRAM ALZAMARI'S OPPOSITION TO PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT TO CONDUCT AN ORAL DEPOSITION**

John M. Maloy, Esq., hereby declares under the penalty of perjury that:

1.      I submit this declaration in support of Akram Alzamari's Opposition to Plaintiffs' Motion and Memorandum of Law in Support to Conduct an Oral Deposition pursuant to the Fed. R. Civ. P. 26 and 30.

2.      The source of my information and the basis for my belief in my statements herein are my personal involvement in this matter and my review of the discovery and court records relating to the multi-district litigation available to me.

3.      On January 18, 2019, after being retained by Mr. Alzamari, Kelly A. Moore, Esq. and I called Andrew J. Maloney, Esq. of the law firm Kreindler & Kreindler LLP in New York City.  We informed Mr. Maloney that Mr. Alzamari—a California resident who cares for five young children and works part time—had retained us.

4.      Ms. Moore and I met with Mr. Maloney and his partner, Megan W. Bennett, Esq. of the law firm Kreindler & Kreindler LLP, on February 1, 2019.  At that meeting, Mr. Maloney explained that Plaintiffs were hoping to defeat an upcoming motion to dismiss in this case by seeking discovery on the limited question of whether Fahad al-Thumairy and/or Omar al Bayoumi knowingly assisted two of the 9/11 hijackers at the direction of the Saudi Arabian government.  Mr. Maloney explained that Plaintiffs subpoenaed Mr. Alzamari to testify at a deposition in furtherance of that purpose.  Mr. Maloney further advised that he wanted to

interview Mr. Alzamari in advance of a deposition and that Plaintiffs were only interested in asking Mr. Alzamari about his knowledge of certain events that occurred during a short period of time, *i.e.,* a couple of months in 2000.  Ms. Moore asked if Plaintiffs would be open to receiving a declaration instead of proceeding with a deposition.  Mr. Maloney expressed sympathy towards Mr. Alzamari's circumstances and indicated that proceeding by way of a declaration may suffice.

5.　　　During the February 1, 2019 meeting, Mr. Maloney noted that Plaintiffs' interest in Mr. Alzamari would become readily apparent after Ms. Moore and I read certain reports from the Federal Bureau of Investigation ("FBI").  Mr. Maloney offered to seek permission from the government to provide Ms. Moore and me copies of those FBI reports.

6.　　　By February 21, 2019, Mr. Maloney got the necessary approval to send Ms. Moore and me the FBI materials, and he emailed us the relevant protective order for our signatures.  Ms. Moore was out on vacation when Mr. Maloney sent along the protective orders, and we did not get a chance to return the executed protective order acknowledgment forms via email until Sunday, March 3, 2019.

7.　　　On March 5, 2019, Mr. Maloney hand-delivered the documents subject to the protective order to Ms. Moore and me.

8.　　　On March 14, 2019, Mr. Maloney emailed Ms. Moore and me and asked to schedule a call.  Mr. Maloney also requested that we speak to Mr. Alzamari before talking to him.  Ms. Moore did not immediately schedule a call with Mr. Maloney because she had not had a chance to connect with Mr. Alzamari.

9.　　　On Saturday, March 16, 2019, Ms. Moore emailed Mr. Maloney to let him know that she managed to connect with Mr. Alzamari that day.  Ms. Moore asked to speak to Mr. Maloney on Monday, March 18, 2019.

10.     On March 18, 2019, Ms. Moore and I spoke with Mr. Maloney over the phone. Ms. Moore explained to Mr. Maloney that she did not think Mr. Alzamari's limited personal knowledge was helpful to the question of whether Fahad al-Thumairy and/or Omar al Bayoumi knowingly assisted two of the 9/11 hijackers at the direction of the Saudi Arabian government. Ms. Moore asked Mr. Maloney what a declaration from Mr. Alzamari would look like. Mr. Maloney said that a declaration may be good enough. Ms. Moore then told Mr. Maloney that she was not inclined to make Mr. Alzamari available for an informal meeting with Mr. Maloney based on her understanding of Mr. Alzamari's personal knowledge.

11.     Later on March 18, 2019, Mr. Maloney emailed Ms. Moore stating, "[B]ased on our conversation earlier today, we would like you to provide us with some available dates for [Mr. Alzamari's] video-taped deposition in either San Diego or NY in mid to late April." This email was the first time Mr. Maloney asked us to provide available dates for a deposition and the first request that the deposition be videotaped. Ms. Moore responded the same day that she would prefer the deposition be in New York and said that she would check on dates, but she did not agree to an oral deposition.

12.     On April 5, 2019, Ms. Moore told Mr. Maloney over the phone that she scheduled a meeting with Mr. Alzamari for April 12, 2019. Mr. Maloney said that he was "out of the patient/cooperative mode" and threatened to initiate contempt proceedings.

13.     On April 12, 2019, Ms. Moore and I met with Mr. Alzamari in person for the first time.

14.     On April 18, 2019, Mr. Maloney sent an email to Ms. Moore asking if she had met with Mr. Alzamari. Ms. Moore was out of the office from April 17 through April 22, 2019 for business travel and then Easter.

15.     On April 25, 2019, Mr. Maloney sent Ms. Moore and me an email informing us that he would file a motion to compel Mr. Alzamari's deposition at 4 p.m. unless Ms. Moore could provide in writing a "date and place certain" for Mr. Alzamari's deposition. Ms. Moore responded by email to Mr. Maloney that she was in a deposition but could speak on Monday. April 29.  Plaintiffs filed their Motion to Compel at or around 2:22 p.m. on April 25, 2019.

16.     On July 19, 2019, Plaintiffs served their direct examination questions for the written deposition.  Defendant Saudi Arabia served cross-examination questions on August 2, 2019, Plaintiffs served their re-direct examination questions on August 9, 2019, and Defendant Saudi Arabia served re-cross examination questions on August 16, 2019.

17.     On August 21, 2019, I served Mr. Alzamari's objections to the examination questions.  Mr. Alzamari's objections included foundational objections regarding each question that used the phrase ███████████████████████████████ and advised Plaintiffs that the foundational objections could be remedied if Plaintiffs removed that phrase and replaced it with ███████████████████████

18.     On September 20, 2019, Ms. Moore and I participated in a meet and confer with Plaintiffs regarding Mr. Alzamari's objections to the examination questions.  During the meet and confer, Mr. Maloney referenced the foundational objections regarding each question that used the phrase ██████████████████████████ and said, "We will not change that."  He added, ████████████████████████

19.     On September 25, 2019, Mr. Maloney served updated direct and re-direct examination questions for Mr. Alzamari's deposition based on the September 20, 2019 meet and confer with Ms. Moore and me.

20.      On December 16, 2019, the Court issued an order resolving the outstanding objections regarding Plaintiffs' examination questions.  On December 23, 2019, Mr. Alzamari served updated examination questions.

21.      On January 30, 2020, Ms. Moore and I spoke with Mr. Maloney over the phone. During that call, Mr. Maloney offered to withdraw Mr. Alzamari's deposition if Mr. Alzamari agreed to sign a declaration confirming certain information in the FBI 302s.  Ms. Moore explained that Mr. Alzamari's current recollection differs from certain language in the FBI 302s. Mr. Maloney also asked during the call why Ms. Moore objected to Plaintiffs' characterization of ███████████████████████████████████████████████ in the examination questions.  Ms. Moore explained, ███████████████████████████████████ ████████████  Ms. Moore said that Mr. Alzamari's recollection was that ███████████ ████████████████████████████

22.      On February 11, 2020, Mr. Maloney served updated examination questions, changing 22 written questions.  In particular, for these 22 questions, Mr. Maloney replaced the phrase ██████████████████████████████████████████████████ ██████████████████████ as suggested in the objections I served on behalf of Mr. Alzamari on August 21, 2019.

23.      On March 3, 2020, Mr. Maloney sent Plaintiffs' direct examination questions, Defendant Kingdom of Saudi Arabia's cross-examination questions, and Plaintiffs' re-direct examination questions, and exhibits to the court reporter.  On March 6, 2020, Andrew Shen, Esq. of the law firm Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C. in Washington, D.C., sent Defendant Kingdom of Saudi Arabia's re-cross examination questions to the court reporter.

24.     During the week of March 9, 2020, Ms. Moore and I met with Mr. Alzamari and reviewed with him each name referenced in Plaintiffs and Defendants' examination questions.

25.     On March 11, 2020—the morning of the deposition—Ms. Moore and I arrived at Golkow Litigation Services' office in San Diego with Mr. Alzamari for his deposition.  The court reporter and videographer were setting up for the deposition and informed us that Plaintiffs requested that the videographer read the questions for the deposition even though the court reporter was the only one who prepared to read the questions.  The court reporter also told me that she did not know how the exhibits would be used, the number of copies that needed to be printed, or the order of the questions, *i.e.*, direct examination questions followed by cross-examination questions followed by re-direct examination questions and re-cross examination questions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of May 2020.


                                                            */s/ John M. Maloy*
                                                            John M. Maloy