# EXHIBIT 3

# Morgan Lewis

**Kelly A. Moore**
Partner
+1.212.309.6612
kelly.moore@morganlewis.com

April 30, 2019

**VIA EMAIL**
**FILED UNDER SEAL - SUBJECT TO FBI PROTECTIVE ORDER**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)
       This document relates to: *All Actions*

### LETTER MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO LETTER MOTION TO COMPEL NON-PARTY DEPOSITION OF AKRAM MOHAMED ALZAMARI

Dear Judge Netburn:

We respectfully submit this letter in opposition to Plaintiffs' Motion to Compel the deposition of non-party Akram Alzamari and to move this Court for a protective order limiting Mr. Alzamari's deposition to written questions confined to the scope of jurisdictional discovery currently permitted in this case.

## I.   Relevant Background

Mr. Alzamari lives in California, cares for five young children, and works a part time job.  He was a successful businessman in Yemen and the United States, but the war in Yemen destroyed his business.  He stopped working full time and has drained his savings to care and provide for his children.  Although he is a naturalized United States citizen, his wife was recently denied a visa to the United States.

When we met with Plaintiffs' counsel on February 1, 2019, they advised that they are hoping to defeat an upcoming motion to dismiss in this case by seeking discovery on the limited question of whether Fahad al Thumairy and/or Omar al Bayoumi knowingly assisted two of the 9/11 hijackers at the direction of the Saudi Arabian government.[1]  They further advised that they wanted to interview Mr. Alzamari in advance of a deposition and that they were only interested in asking him questions about his knowledge of certain events that occurred during a short period of time, *i.e.*, a

---

[1] The facts regarding my communications with Plaintiffs' counsel are detailed herein and in the accompanying Declaration of John M. Maloy, Esq., attached as Exhibit 1.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060
United States

☏ +1.212.309.6000
📠 +1.212.309.6001

The Honorable Sarah Netburn  
April 30, 2019  
Page 2

**FILED UNDER SEAL – SUBJECT TO FBI PROTECTIVE ORDER**

couple of months in 2000. To lessen the burden and inconvenience to my client, I asked if Plaintiffs' counsel would be open to receiving a declaration instead of proceeding with a deposition. They expressed sympathy towards his personal circumstances and indicated that proceeding by way of a declaration was a possibility.

Plaintiffs' counsel advised that their interest in speaking with Mr. Alzamari would become readily apparent after I read certain FBI reports, the contents of which they could not disclose because they are the subject of a protective order. Plaintiffs' counsel offered to seek permission from the government to provide me with copies of those documents, which they did, and I received copies of those documents on March 5.

The FBI reports reflect ▮▮▮▮▮ Copies of the FBI reports with details of those events are attached. *See* Exhibits ▮▮. In short, ▮▮▮▮▮ *See* Exhibit ▮ at ▮▮▮.

Mr. Alzamari never spoke to al Thumairy about either hijacker. He observed only very limited contact between al Thumairy and the hijackers. ▮▮▮▮▮ *See* Exhibit ▮ at ▮▮. Mr. Alzamari has never seen, met, or spoken with Omar al Bayoumi and has no knowledge of any connections between al Bayoumi and the Saudi Arabian government or the 9/11 hijackers.

After reading the FBI reports and speaking briefly with my client about them by phone, I spoke to Plaintiffs' counsel again on March 18. I advised that I did not see how Mr. Alzamari's limited personal knowledge and information, as detailed in those reports, was at all helpful to Plaintiffs on the question of whether Fahad al Thumairy and/or Omar al Bayoumi knowingly assisted two of the 9/11 hijackers at the direction of the Saudi Arabian government. I also advised that I was not inclined to make Mr. Alzamari available for an informal interview. However, if Plaintiffs' counsel wanted to tell me what additional relevant information or evidence they believed he had personal knowledge of, I was willing to ask him those additional questions and if he indeed had any such information, I would be willing to work with them towards providing a declaration.

Thereafter, Plaintiffs' counsel's tone changed and became increasingly aggressive and sharp with demands for an immediate videotaped deposition date and threats of contempt proceedings, in an apparent effort to harass or intimidate me and my client into acquiescing to an informal interview or in retaliation for declining to do so. Through multiple communications over the next few weeks, I explained that I would need time to meet with my client in person and that he had to cancel our first scheduled meeting in early April due to illness. Nevertheless, Plaintiffs' counsel filed a public motion to compel, needlessly publicizing my client's name, city of residence, and his limited and unwitting connection to events, meetings, and conversations potentially relevant to Plaintiffs' claims, at a time when they knew he was concerned about his wife and her ability to immigrate to the United States. They should not be permitted to further harass or embarrass him.

The Honorable Sarah Netburn
April 30, 2019
Page 3

**FILED UNDER SEAL – SUBJECT
TO FBI PROTECTIVE ORDER**

    **I.**    **The Court Should Enter A Protective Order Requiring Plaintiffs to Conduct the Deposition of Akram Alzamari By Written Questions Limited to the Scope of Jurisdictional Discovery Authorized by the Court**

Parties are generally free to choose their preferred method of discovery, but they do not have an absolute right to do so and the Court may alter the manner or place of discovery upon a showing of good cause. *Hyam v. American Export Lines*, 213 F.2d 221, 222-23 (2d Cir. 1954) (reversing and remanding district judge's decision denying request that an oral deposition be taken by written interrogatories given burden to deponent); *Colonial Capital Co. v. General Motors Corp.*, 29 F.R.D. 514, 518 (D. Conn. 1961) (requiring Plaintiff to take deposition of defendant's chairman by written interrogatories in the first instance given his limited personal knowledge); *Fisser & V Doornum v. International Bank*, 20 F.R.D. 419, 420 (S.D.N.Y. 1957) (granting motion to vacate notice of oral examination because respondent was unable to show that the necessary testimony could not be secured by written interrogatories). Rule 26 provides that a "court may, for good cause, issue an order to protect a . . . person from": (1) annoyance; (2) embarrassment; (3) oppression; and (4) undue burden or expense. Fed. R. Civ. P. 26(c)(1). Plaintiffs' request for an oral, videotaped deposition of Mr. Alzamari is harassing, embarrassing, and unnecessary at this stage of the litigation in light of the limited discovery authorized by the Court and his lack of relevant knowledge.

The Federal Rules of Civil Procedure expressly allow for the taking of deposition testimony upon written questions. *See* Fed. R. Civ. P. 31; *Wheeler v. West India S. S. Co.*, 11 F.R.D. 396, 397 (S.D.N.Y. 1951) ("Whether or not the deposition of a witness shall be taken orally or by written interrogatories is, of course, within the discretion of the court").

Although Mr. Alzamari's interactions with the hijackers were very brief and certainly unwitting with respect to their future plans, as a Muslim man living in the United States, Mr. Alzamari is justifiably concerned that having his name associated with two of the 9/11 hijackers in any manner will subject him to embarrassment and discrimination.

Plaintiffs' change in behavior over the last month appears to be the direct result of my declining Plaintiffs' request for an informal interview of my client. Mr. Alzamari's deposition notice dated September 27, 2018 stated that his deposition would be recorded "[s]tenographic[ally]." *See* Exhibit 5. However, on March 18, 2019, 172 days after Mr. Alzamari received his deposition notice, and just hours after I informed Plaintiffs' counsel that I was not inclined to make Mr. Alzamari available for an informal interview, Plaintiffs' counsel demanded a "video-taped deposition" for the first time. *See* Maloy Decl. at ¶ 15.[2] There is no reason to seek a videotaped deposition for information aimed at defeating defendants' upcoming motion to dismiss. But having his identity potentially further revealed through a videotape of his appearance is obviously more harassing, embarrassing, intimidating, and stressful. March 18, 2019 was also the first day that Plaintiffs' counsel demanded a date certain for Mr. Alzamari's deposition. Discovery in this case

---

[2] Plaintiffs' failure to state in Mr. Alzamari's deposition notice that his deposition would be videotaped is in violation of the deposition protocol entered by this Court on January 31, 2018, which applies equally to a deposition notice for a non-party's deposition. *See* Deposition Protocol, Dkt. No. 3894 at 3 (stating that each deposition notice "**shall** clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means.").

The Honorable Sarah Netburn  
April 30, 2019  
Page 4

**FILED UNDER SEAL – SUBJECT TO FBI PROTECTIVE ORDER**

should not become a vehicle for harassing or intimidating non-party witnesses when Plaintiffs' counsel do not get what they want.

Moreover, Plaintiffs should not be permitted to ask questions beyond the scope of the limited jurisdictional discovery permitted in this litigation. See Memorandum Decision and Order, Dkt. No. 3946. An oral deposition of Mr. Alzamari would be fraught with objectionable lines of questions far outside of the scope of the limited discovery authorized by the Court. For example, when we first spoke, Plaintiffs' counsel advised that they wanted to ask Mr. Alzamari questions only about events that occurred in Los Angeles during two months in 2000. When we spoke on March 18, 2019, Plaintiffs' counsel revealed that they actually intend to ask questions way beyond that including his time in San Diego, which post-dates September 11, 2001 by years and is well outside the scope of the jurisdictional discovery contemplated by the Court.[3] Accordingly, we respectfully request that the Court grant our request for Plaintiffs to proceed with written deposition questions reasonably limited to relevant jurisdictional discovery.

Finally, authorizing Plaintiffs to take Mr. Alzamari's deposition by written questions will not prejudice Plaintiffs. *See Consolidated Rail Corp. v. Primary Industries Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (directing that the defendant could seek to establish a foundation of unique knowledge "through Rule 31 depositions upon written questions").

## II. Plaintiffs' Motion to Compel Testimony Should Be Denied

Plaintiffs' Motion to Compel Mr. Alzamari's deposition is meritless and further evidence of harassment. First, Plaintiffs are well aware that my client felt strongly that his deposition in this matter (and the related public revelation of his identity) should have been postponed until after his wife obtains a visa to travel to the United States. Indeed, Mr. Maloney acknowledges that he spoke to Mr. Alzamari's immigration attorney about the immigration matter. Maloney Decl. at ¶ 8. Yet, in Plaintiffs' motion, they pejoratively refer to this matter as an "alleged" immigration matter. Pl. Mot. at 2. Second, Plaintiffs' filing of a motion to compel on the public docket, using his name and revealing the city of his residence, was clearly intended to embarrass, harass, and intimidate him.

As to the merits of the Motion to Compel, the salient facts demonstrate the following: I was retained three months ago; I met with Plaintiffs' counsel at their request on February 1; I did not receive the FBI reports until March 5; and due to illness and scheduling issues, I was unable to meet with my client in person until just two weeks before Plaintiffs' counsel filed a motion to compel. I understand that there is no discovery cut-off and discovery has been delayed. *See, e.g.*, February 2, 2019 PEC Letter, Dkt. No. 4399 (noting that a discovery motion from defendants is premature and stating, "[I]t is clear that any identification of witnesses at this stage would need to be revisited after further document productions."). These facts in no way warranted a public motion to compel, disclosing my client's identity.

---

[3] In the event the Court finds that Plaintiffs can present a compelling reason to take an oral deposition of Mr. Alzamari at this stage of the litigation, we ask that it take place at the courthouse in the presence of Your Honor and be strictly limited to the narrow jurisdictional discovery ordered by the Court.

The Honorable Sarah Netburn  
April 30, 2019  
Page 5

**FILED UNDER SEAL – SUBJECT TO FBI PROTECTIVE ORDER**

### III. Conclusion

In sum, Plaintiffs cannot produce a compelling reason for requiring Mr. Alzamari's oral deposition at this stage of the litigation. As reflected in the FBI reports already in Plaintiffs' possession, Mr. Alzamari is a non-party witness who possesses extremely limited, if any, knowledge regarding the jurisdictional discovery authorized by the Court. Additionally, his schedule and responsibilities as sole-caretaker of five children—all of whom are minors—would make sitting for his deposition burdensome. Accordingly, Plaintiffs' Motion to Compel should be denied, and we respectfully request that the Court order Plaintiffs to conduct a deposition of Mr. Alzamari by written questions pursuant to Federal Rule of Civil Procedure 31 limited in scope to the question of "whether and to what extent [Fahad al] Thumairy, [Omar al] Bayoumi and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to [Nawaf al] Hazmi, [Khalid al] Mihdhar, and other 9/11 hijackers." *See* Memorandum Decision and Order, Dkt. No. 3946.

Respectfully submitted,

Kelly A. Moore

Cc: Andrew J. Maloney III, *Co-Liaison Counsel*  
Michael K. Kellogg  
Gregory G. Rapawy  
Robert Kry  
Sarah Normand  
Jeannette Vargas