# EXHIBIT 5

# Morgan Lewis

**Kelly A. Moore**
Partner
+1.212.309.6612
kelly.moore@morganlewis.com

November 11, 2019

**VIA EMAIL**
**FILED UNDER SEAL – SUBJECT TO PROTECTIVE ORDER**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   <u>In re Terrorist Attacks on September 11, 2001</u>, No. 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    We write on behalf of non-party witness Akram Alzamari in response to Plaintiffs' November 1 letter motion ("Motion" or "PEC Motion") concerning the written deposition of Mr. Alzamari.[1] In their Motion, Plaintiffs seek to re-open the parameters for the deposition that they proposed in May and to re-litigate issues that have been briefed and decided.

### I. Objections to Questions Beyond the Scope of the Court's May 29 Order Should be Sustained

    Plaintiffs' arguments regarding certain direct and redirect examination questions that we will instruct the witness not to answer because they are beyond the scope of the Court's May 29 Order are meritless, and our objections should be sustained.

    Plaintiffs concede that Federal Rule of Civil Procedure 30(c)(2) provides that counsel may direct a witness not to answer when doing so is "necessary . . . to enforce a limitation ordered by the court." PEC Motion at 2; <i>see also Weist v. E.I. DuPont De Nemours and Co.</i>, 2012 WL 930848, at *3 (W.D.N.Y. Mar. 19, 2012) (refusing to sanction counsel for direction not to answer 47 deposition questions where all 47 questions were beyond the scope of a court order limiting the deposition to certain topics). Plaintiffs also acknowledge that the scope of Mr. Alzamari's deposition is limited to the three discrete areas of inquiry described in their May 21 motion for reconsideration, attached as Exhibit A, and referenced in the Court's May 29 Order, ECF No. 4564.

---

[1] Although Plaintiffs served the Motion via email on Plaintiffs' Executive Committees, the United States, counsel for the Kingdom of Saudi Arabia, and counsel for Dallah Avco on Friday, November 1, 2019, we did not see the motion or hear of its existence until it was circulated by counsel for the Kingdom on November 5, 2019.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060        +1.212.309.6000
United States                             +1.212.309.6001

The Honorable Sarah Netburn　　　　　　　　　　　　　**FILED UNDER SEAL**
November 11, 2019　　　　　　　　　　　　　　　　　　**SUBJECT TO PROTECTIVE ORDER**
Page 2

But Plaintiffs now attempt to convince the Court that questions outside the scope of the Order are appropriate and that they should be able to ask them.

In Plaintiffs' motion for reconsideration, they requested permission to conduct an examination of Mr. Alzamari limited to "events in California prior to September 11, 2001" that fall within the following three categories:

- (1) Mr. Alzamari's statements to the FBI;
- (2) Mr. Alzamari's pre-September 11, 2001 "observations and knowledge" of certain individuals, including Fahad al-Thumairy, Omar al-Bayoumi, Nawaf al-Hazmi, and Khalid al-Mihdhar; and
- (3) Mr. Alzamari's "observations and knowledge … concerning the King Fahad Mosque."

A number of Plaintiffs' questions exceed the scope of the Court's May 29 Order, and we have advised Plaintiffs that we will instruct the witness not to answer them. In a number of instances we have suggested to Plaintiffs that they make slight modifications to the questions to bring them within the scope of the Order, but Plaintiffs have declined to do so.

  a. <u>Questions Seeking Personal Information About Mr. Alzamari Are Outside the Scope of the Court's May 29 Order</u>

Plaintiffs assert that they should be entitled to ask "standard pedigree information" regarding Mr. Alzamari. We have not objected to limited "pedigree" questions related to Mr. Alzamari's names and nicknames, the date of his arrival to the United States, the date of his move to Los Angeles, his employment in Los Angeles, and the locations where he attended religious services in Los Angeles.[2] But many of Plaintiffs' "background" questions go beyond pedigree information and are well outside the geographic and temporal scope of the Court's May 29 Order and have no connection to the categories of information described above. For example, Plaintiffs seek to ask Mr. Alzamari to identify all of the places he has resided since he left his place of birth until he came to reside at his current residence, all countries to which he has ever travelled for more than a day and the reason for those travels, why he came to the United States, and when he became a U.S. citizen. Exhibit 1 to PEC Motion at 3-4. Mr. Alzamari's education, living arrangements, travel plans, reasons for immigrating to the United States, and citizenship status have no bearing on the limited jurisdictional discovery authorized at this stage of the litigation. *See* Memorandum Decision and Order, Dkt. No. 3946 (ordering that jurisdictional discovery is limited to the question of "whether and to what extent [Fahad al] Thumairy, [Omar al] Bayoumi and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to [Nawaf al] Hazmi, [Khalid al] Mihdhar, and other 9/11 hijackers."). That information could, however, be used by Plaintiffs to further harass this witness and his family members, which they already have a track record of doing. *See* Alzamari's October 11 Motion for Protective Order, attached as Exhibit B. Plaintiffs do not attempt to claim that these background questions asking for details of his personal life are within the scope of the Court's order; instead, they request that the Court allow them to ask the questions and redact or partially seal answers to these questions.

---

[2] Although Plaintiffs highlighted questions 7 and 8 in Exhibit 1 of their Motion, we have not objected to the scope of these background questions, and we will not instruct Mr. Alzamari to not answer them.

The Honorable Sarah Netburn    **FILED UNDER SEAL**
November 11, 2019               **SUBJECT TO PROTECTIVE ORDER**
Page 3

However, sealing the transcript will not prevent the Plaintiffs from using the information to harass Mr. Alzamari.

Moreover, Mr. Alzamari has legitimate concerns that the mere fact of his having made a brief and unwitting acquaintance with two 9/11 hijackers will expose him and his family to potential harm, and the more personal and private information that becomes available, the more likely it is that that could occur. These questions fall outside of the Court's May 29 Order and therefore our objection to these questions is proper and should be sustained.

> b. <u>Plaintiffs' Attempt to Elicit Testimony That Is Not Limited to Mr. Alzamari's Personal Knowledge and Observations Violates the Court's May 29 Order</u>

Plaintiffs claim that we objected to many of the questions they prepared for Mr. Alzamari's Rule 31 deposition. However, we were surgical in our objections because we understand that this process is unique, and we want to ensure that the record is as clear as possible for the parties in this litigation. Where possible we also provided suggested modifications to questions to help clarify the questions, eliminate confusion, and streamline the record.[3]

For instance, 18 of Plaintiffs' questions are phrased too broadly and seek information outside the scope of the Court's May 29 Order. Indeed, for question number 243e, Plaintiffs want to ask Mr. Alzamari, "Do you have any understanding from any source as to why Fahad al-Thumairy left the United States?" We objected to this question and plan to direct Mr. Alzamari not to answer it pursuant to Rule 30(c)(2) because it seeks information beyond Mr. Alzamari's personal knowledge and/or observations and beyond the scope of the Court's May 29 Order. We recommend that Plaintiffs rephrase the question in the following manner to eliminate any possible confusion and bring it within the scope of the Court's Order: "Based on your personal knowledge and/or observations, do you have an understanding as to why Fahad al-Thumairy left the United States?"

Plaintiffs refused to modify this question and the other 17, contending that adding clarifying language such as "[b]ased on your personal knowledge and/or observations" to 18 questions will "unreasonably and unnecessarily erode the already limited time that this Court has allowed Plaintiffs for questioning." PEC Motion at 4. This assertion is disingenuous for at least three reasons. First, these 18 questions make up less than 3% of the roughly 700 questions Mr. Alzamari will be asked during his deposition. Second, Plaintiffs touted in a letter to this Court just

---

[3] Plaintiffs misleadingly suggest that our objections on behalf of Mr. Alzamari are overbroad. To illustrate this point, Plaintiffs highlight our alleged objection to the question listed next to 31b in their revised direct examination questions (Exhibit 1 to PEC Motion at 6): "Where did al-Thumairy work?" Notably, we have never objected to this question, which is question number 31c, and we will not direct Mr. Alzamari not to answer it. We lodged a conditional objection to question number 31b in Plaintiffs' original direct examination questions, which were served on July 19, 2019 (attached as Exhibit C), because it was not limited to Mr. Alzamari's personal knowledge and/or observations, as required. The question asked, "What was your understanding of Fahad al-Thumairy's job for the Saudi government?" We no longer have an objection to this question because Plaintiffs' revised question 31b, which is now numberless in Plaintiffs' Exhibit 1 but is directly above the question next to "31b," includes language that limits the question to Mr. Alzamari's "personal knowledge and/or observations."

The Honorable Sarah Netburn                      **FILED UNDER SEAL**
November 11, 2019                               **SUBJECT TO PROTECTIVE ORDER**
Page 4

three months ago that they were able to complete a deposition of another third-party witness within seven hours even though over 1,500 questions were asked. *See* PEC August 2 Letter at 2 n.1, ECF No. 4727. Third, Plaintiffs have already agreed to add this exact language to question 31b, which as discussed in FN 3, does not have a number in Exhibit 1 but appears on page 6 between the question next to "31a" and the question next to "31b": "[If so,] Based on your personal knowledge and/or observations, what was your understanding of Fahad al-Thumairy's job for the Saudi government?"

Plaintiffs also suggested that introducing a clarifying clause to these questions is unnecessary because the new introductory language they have added to the instructions at the start of the deposition states that "all answers to questions should be based on [Mr. Alzamari's] personal knowledge, observations, and/or things [he] heard or read about from others, and are intended to elicit the basis of [his] knowledge on how [he] know[s] those answers."

This introductory language is insufficient for two reasons. First, this language would be read at the beginning of the deposition – dozens of pages and likely multiple hours before Mr. Alzamari is asked many of these objectionable questions. Second, this introductory language seeks information beyond the scope of the May 29 Order. Specifically, it suggests that answers can include information regarding "things [Mr. Alzamari] heard or read about from others." However, as described above, in Plaintiffs' May 21 motion for reconsideration, they requested that the Court allow them to conduct a Rule 31 deposition limited to questions about Mr. Alzamari's statements to the FBI, Mr. Alzamari's "observation and knowledge" of certain individuals prior to 2001, and Mr. Alzamari's "observation and knowledge" concerning the King Fahad Mosque prior to 2001. Exhibit A at 4-5. The Plaintiffs did not request and Your Honor did not order that the scope of the deposition include evidence regarding "things [Mr. Alzamari] heard or read about from others," which would be rank with hearsay anyway.

During the meet and confer process, we proposed the following introductory language, which tracked Plaintiffs' language in their May 21 motion for reconsideration: "[a]ll answers to questions should be based on [Mr. Alzamari's] personal knowledge and observations and are intended to elicit the basis of [Mr. Alzamari's] personal knowledge and observations." Plaintiffs complain that this introductory language is improperly narrow because it requires responses to be based on "both personal knowledge *and* observations." PEC Motion at 4. We consent to a modification of this language to specifically call for responses that are based on personal knowledge and/or observations.

Accordingly, we request that the new introductory language be modified to remove the phrase "things [Mr. Alzamari] heard or read about from others" and each of the 18 questions at issue include the introductory phrase "Based on your personal knowledge and/or observations."

    c. <u>Plaintiffs Should Modify the Tense of Certain Questions to Avoid Confusion and Ensure the Deposition Stays Within the Scope of the Court's May 29 Order</u>

Our objections regarding the tense of the questions Plaintiffs aim to ask following the introduction of photographs should also be sustained. By way of background, during the meet and confer process and in an attempt to help Plaintiffs get a clear record from Mr. Alzamari's deposition, we agreed to allow Plaintiffs to use photographs during their direct examination and to add limited questions sufficient to introduce the pictures. Plaintiffs accepted our offer, inserted 12 photographs, and added multiple questions after each photograph, including questions that, as

The Honorable Sarah Netburn  **FILED UNDER SEAL**
November 11, 2019  **SUBJECT TO PROTECTIVE ORDER**
Page 5

phrased now, request information outside the scope of the Court's May 29 Order. In particular, certain questions request Mr. Alzamari to provide information based on his current knowledge rather than information based solely on his knowledge prior to September 11, 2001. To remedy this objection, Plaintiffs simply need to change the tense of the questions to past tense. We respectfully request that the Court direct Plaintiffs to make this minor change or order that we may direct the witness not to answer these questions pursuant to Rule 30(c)(2).

        d.  <u>Plaintiffs' Redirect Questions Regarding Documents Created After 2001 Are Also Outside the Scope of the Court's May 29 Order</u>

The Court should sustain our objections to Plaintiffs' redirect questions 1(a) – (m). Plaintiffs do not argue that these questions are within the scope of the Court's May 29 Order because they cannot. These questions relate to documents that did not even exist prior to September 11, 2001 and therefore cannot relate to Mr. Alzamari's knowledge and observations prior to September 11, 2001. For instance, redirect question 1(c) begins by asking Mr. Alzamari to look at an exhibit (Exhibit 5 to Plaintiffs' Motion) and notes that the exhibit is "an October 5, 2012 FBI Summary Report." *See* Exhibit 3 to Plaintiffs' Motion at 3. The question then directs Mr. Alzamari to read a section of the report that says that the FBI "conducted an 'investigation into individuals known to have provided substantial assistance to 9/11 hijackers Nawaf al-Hazmi and Khalid al-Mihdhar during their time in California" and that Fahad al Thumairy was one of those individuals." This question plainly deals with a document created well after September 11, 2001 and discusses events that happened after September 11. Thus, this question and all other questions based on this exhibit should be excluded from the redirect questions.

Similarly, exhibit 2 of the redirect examination (Exhibit 4 to Plaintiffs' Motion), discusses events that happened in 2003 – two years after September 11, 2001 and 3 years after the 9/11 hijackers left Los Angeles – and then asks Mr. Alzamari if he knew about these statements when he answered a cross-examination question proposed by the Kingdom of Saudi Arabia. Plaintiffs' attempt to expand the scope of the deposition through this question would inappropriately confuse the witness because it would have been impossible for him to have known in 2000 about information in a document written in 2003.

Plaintiffs' claim in the instructions to the redirect questions that "[the questions] relate to events that occurred on dates prior to and including September 11, 2001" is irrelevant because the questions are about Alzamari's knowledge of documents written in 2003 and 2012, not about the alleged earlier events. Therefore, these questions are outside the scope of the Court's Order.

## II.  <u>Plaintiffs' Refusal to Modify Other Objections Is at Their Own Peril</u>

During the meet and confer process, we objected to other questions on the basis of lack of foundation, including the following questions: 31a, 31d, 32a, 42c, 47j, 54, 65, 69a, 70a, 82a, 83a, 88a, 88b, 89a, 106b, 110, 113, 114, 115, 116a, 117a, 118a, 118e, 118i, 119a, 120a, 126, 128a, 129a, 130b, 131, 133, 134, 138a, 140, 145a, 147a, 148a, 149a, 151b, 154, 155, 156a, 156e, 157e, 162, 221b, 227, 232a, 234a, 243c. For almost half of these questions, we recommended that Plaintiffs resolve our objections and prevent unnecessary confusion by replacing  in the question with                                                              Plaintiffs refused to add this clarifying language, which would not have substantively changed the questions. If the witness does not agree with Plaintiffs' characterization of                    , they risk not getting answers to these questions.

The Honorable Sarah Netburn  **FILED UNDER SEAL**
November 11, 2019  **SUBJECT TO PROTECTIVE ORDER**
Page 6

     While we have advised Plaintiffs that we do not intend to direct Mr. Alzamari not to answer these questions, we have also advised them that they move forward at their own peril given that some of the questions will likely lead to confusion and answers that do not address the question as intended and that we will object to a second deposition to fix an issue that was easily avoidable.

### III. The Court Should Not Reconsider Decided Issues

     Plaintiffs complain in their Motion that Mr. Alzamari's deposition will proceed pursuant to Federal Rule of Civil Procedure 31 – which is precisely what they themselves asked for in their May 21 motion for reconsideration. PEC Motion at 1. Additionally, Plaintiffs seek to oppose Mr. Alzamari's October 11 motion for a protective order, which was decided on October 28, 2019, twelve days after the deadline for Plaintiffs to respond. PEC Motion at 5-6. While Plaintiffs assert that they were traveling and not able to coordinate to respond to Mr. Alzamari's October 11 motion in a timely manner, they fail to provide any reason for why they did not request an extension of the October 16 deadline to respond. These issues have been litigated and decided and nothing in Plaintiffs' submission warrants reconsideration or a different outcome.

     We note, however, that Plaintiffs' peculiar suggestion that the Court's October 28 Order, ECF No. 5233, granted relief beyond what we requested is unfounded and directly contradicted by our October 11 Motion, attached as Exhibit B, and the Court's order. [REDACTED] Your Honor sustained our objections to the questions because they are outside the scope of the deposition topics authorized in the Court's May 29 Order and required that any filing regarding the questions be made under seal. October 28 Order, ECF No. 5233.

### IV. Conclusion

     Pursuant to Federal Rule of Civil Procedure 30(c)(2), we respectfully request that the Court sustain our objections to the background questions (3-6; 9-11; 13-14) in Plaintiffs' direct examination questions and Plaintiffs redirect questions 1(a) – (m) because they are outside the scope of the Court's May 29 Order. Additionally, we respectfully request that the Court order Plaintiffs to appropriately limit (i) the questions in their direct examination that specifically ask for information beyond the scope of the Court's May 29 Order because they ask for more than Mr. Alzamari's personal knowledge and/or observations (46a-46c; 48a-48b; 64a-64c; 146d; 167c; 188; 238i; 243e-243j) and (ii) the questions in their direct examination that ask for information beyond the scope of the Court's May 29 Order because they ask for information outside of the temporal scope of the Court's May 29 Order (20ai-20aiii, 40j(1)i-40j(1)ii, 42b(1)i-42b(1)ii, 44a(1)i-44a(1)ii, 44c(1)i-44c(1)ii, 71e(1)i-71e(1)ii, 92ai-92aiii, 97ai-97aii, 100ai-100aiii, 117c-117d, 117h-117i, 183i-183ii) or, in the alternative, to sustain our objections and direction not to answer these questions pursuant to Rule 30(c)(2).

The Honorable Sarah Netburn  **FILED UNDER SEAL**
November 11, 2019  **SUBJECT TO PROTECTIVE ORDER**
Page 7

  Finally, we request that Plaintiffs be instructed that they will not be permitted to reopen this deposition if the witness is unable to answer or gets confused by questions that we have recommended they modify to avoid confusion.

Respectfully,

<u>/s/ Kelly A. Moore</u>

Kelly A. Moore