**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x
:
: MEMORANDUM DECISION
: AND ORDER
In re Terrorist Attacks on September 11, 2001 :
: 03 MDL 1570 (GBD) (SN)
:
:
:
------------------------------------- x

GEORGE B. DANIELS, District Judge:

Defendant Wael Jelaidan objects under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's Text Only Order (ECF No. 5314)[1] denying Jelaidan's request to allow his local counsel in Saudi Arabia to attend his deposition. Jelaidan objects to the Order on the grounds that Judge Netburn relied on "a number of misrepresentations by the [Plaintiffs]" in making her decision. (Defendant's Objections ("Def. Objs.") ¶7.) Defendant's objection to Magistrate Judge Netburn's Order are overruled.

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's

---

[1] The entirety of the November 22, 2019 Text Only Order reads:

"ORDER denying 5301 Motion to Amend/Correct. On October 31, 2019, Jelaidan requested that the Court extend the deadline to complete his deposition. ECF No. 5255. As part of that request, Jelaidan expressly agreed that his deposition cannot be attended (either in person or via video link) by any person who is not... U.S. counsel in this MDL for Mr. Jelaidan (or that counsel's U.S. staff). Id., at 2. On November 1, the Court granted Jelaidan's request and incorporated the parties' conditions into its Order. ECF No. 5258. Jelaidan asks the Court to amend the November 1 Order to allow his local counsel in Saudi Arabia to attend his deposition. This request is DENIED. Jelaidan will be represented during his deposition by U.S. counsel via teleconference. Given that Jelaidan already agreed that non-U.S. counsel cannot attend and given that Jelaidan does not explain why these concerns were not raised in his October 31 letter the Court sees no reason to reconsider its decision. Mr. Alim may attend the deposition only with Plaintiffs' consent. (HEREBY ORDERED by Magistrate Judge Sarah Netburn) (Text Only Order) (ras) (Entered: 11/22/2019)"

disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

The record makes clear that Magistrate Judge Netburn was in full possession of the facts, did not rely on any purported misrepresentations, and made a ruling that is not clearly erroneous or contrary to law. Jelaidan's deposition was scheduled to take place by November 13, 2019 (ECF No. 5199). Because of Jelaidan's history of failing to comply with court orders, Magistrate Judge Netburn imposed four conditions, requested by Plaintiffs, upon Jelaidan. The condition at issue here is the condition that "counsel appearing for Mr. Jelaidan during the deposition must be counsel of record for Mr. Jelaidan in the MDL." (ECF No. 5197.)

On October 31, 2019, Jelaidan requested that the Court extend the deadline to complete his deposition. (ECF No. 5255.) As part of that motion, Jelaidan, through his counsel, expressly affirmed that he understood the conditions and would comply with each condition, including "that unless Plaintiffs consent otherwise, Mr. Jelaidan's deposition cannot be attended (either in person

or via video link) by any person who is not: (1) U.S. counsel in this MDL for Mr. Jelaidan (or that counsel's U.S. staff) (*Id.*) On November 1, Magistrate Judge Netburn granted Jelaidan's extension request and incorporated the conditions into her Order. (See ECF No. 5258.) Jelidian then, just a few days before his deposition was scheduled, asked Magistrate Judge Netburn to amend the November 1 Order to allow his local counsel in Saudi Arabia to attend his deposition. (ECF No. 5302).

Jelaidan both acknowledged and expressly agreed to the very condition he now objects to. Defendant's objection cites no case law to support his argument that his Saudi Arabian counsel must be present at his deposition. Simply put, after reviewing the Text Only Order and the submissions of the parties, the Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177.

Defendant's Rule 72 objection to Magistrate Judge Netburn's Text Only Order denying his request to amend the November 1 Order to allow his local counsel in Saudi Arabia to attend his deposition is OVERRULED and DENIED. Magistrate Judge Netburn's Order is adopted in its entirety.

Dated: January 12, 2021
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE