UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
                                      :   MEMORANDUM DECISION
                                      :   AND ORDER
                                      :
In re Terrorist Attacks on September 11, 2001   :   03 MDL 1570 (GBD) (SN)
                                      :
                                      :
                                      :
                                      :
------------------------------------- x

GEORGE B. DANIELS, District Judge:

Plaintiff Executive Committee for Commercial Claims and Plaintiff Executive Committee for Personal Injury and Death Claims ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to a pair of rulings made on July 22, 2019 (the "July 22 Orders") by Magistrate Judge Netburn regarding Plaintiffs' motion to compel and Saudi Arabia's related motion to modify the scope of supplemental discovery. Magistrate Judge Netburn granted in part and denied in part each of those motions. Within their objections Plaintiffs also moved for reconsideration of the July 22 Orders. On November 25, 2019, Magistrate Judge Netburn issued an Opinion and Order (the "November 25 Order") granting Plaintiffs' motion for reconsideration in part and denying it in part. Plaintiffs subsequently objected, again under Federal Rule of Civil Procedure 72(a), to the November 25 Order. Plaintiffs' objections to Magistrate Judge Netburn's July 22 Orders and the November 25 Order are overruled.[1]

## I. STANDARD OF REVIEW

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

1

provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). Furthermore, a magistrate judge possesses wide discretion in handling discovery disputes. *Auto. Club of New York, Inc. v. The Port Auth. Of New York & New Jersey*, No. 11-cv-6746 (RKE), 2015 WL 3404000, at *2 (S.D.N.Y. May 27, 2015); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

## II. THE MAGISTRATE JUDGE DID NOT CLEARLY ERR IN HER JULY 22, 2019 ORDERS

Plaintiffs contend that Magistrate Judge Netburn committed clear error by failing to order Saudi Arabia to search for records relating to Fahad al Thumairy and Omar al Bayoumi.[2] (Plaintiffs' Objections ("Pls. Objs.") 16–25.) Specifically, Plaintiffs assert that Magistrate Judge Netburn's rulings violate well-established discovery principles, erred in presuming that comity

---

[2] The analysis in this section is applicable to both July 22 Orders as each deal with Plaintiffs' document requests, discovery related to individuals beyond just Fahad al Thumairy and Omar al Bayoumi, and the appropriate repositories to search for responsive material. Moreover, each of the July Orders (and the relevant objections) involve the appropriate legal standard for jurisdictional discovery under the Foreign Sovereign Immunities Act and the Justice Against State Sponsors of Terrorism Act.

considerations prevent the production of documents from certain sensitive Saudi Arabian repositories, and improperly allow Saudi Arabia's status as a foreign sovereign nation to alter applicable discovery standards. While numerous, Plaintiffs objections reduce to arguing that Magistrate Judge Netburn erred when she required Plaintiffs to provide "actual contemporaneous evidence" that documents relevant to their allegations existed in Saudi Arabian repositories (such as the Presidency of State Security, the Islamic Affairs Department, and General Intelligence Directorate) before requiring Saudi Arabia to conduct searches therein. (Pls. Objs. 16–17.)

As noted above, Plaintiffs bear a heavy burden in challenging Magistrate Judge Netburn's discovery rulings. *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09-cv-5843 (JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010). Plaintiffs fail to satisfy that burden. The Second Circuit has clearly stated that, in the context of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, "discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992).) Indeed, there is a "delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'" *Id.*

This Court has not yet established jurisdiction over Saudi Arabia, and to date has only permitted Plaintiffs to "conduct limited and targeted jurisdictional discovery critical to answering . . . whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." *In re Terrorist Attacks on Sept. 11, 2001*, 298 F. Supp. 3d 631, 651 (S.D.N.Y. 2018). Judge Netburn carefully considered the Plaintiffs' document requests and weighed the "serious

comity concerns" implicated by requests to search a foreign sovereign's sensitive law enforcement, intelligence, and defense archives. *Freund v. Republic of France*, 592 F. Supp. 2d 540, 563 (S.D.N.Y. 2008), *aff'd sub nom. Freund v. Societe Nationale des Chemins de fer Francais*, 391 F. App'x 939 (2d Cir. 2010). Indeed, Magistrate Judge Netburn weighed each of Plaintiffs' document requests and issued individualized decisions for each request. Plaintiffs have failed to show that Magistrate Judge Netburn committed clear error. Having considered Plaintiffs' arguments and reviewed their written objections, the Court finds no clear error in Magistrate Judge Netburn's July 22 Orders. To the extent the July 22 Orders are unchanged by the November 25 Order regarding reconsideration, they are affirmed and Plaintiffs objections are denied.

### III. THE MAGISTRATE JUDGE DID NOT CLEARLY ERR IN HER NOVEMBER 25, 2019 ORDER

On November 25, 2019, Magistrate Judge Netburn issued an Opinion and Order granting in part and denying in part Plaintiffs' motion to reconsider the July 22 Orders. Plaintiffs subsequently filed objections to the November 25 Order and sought to supplement their July 22 objections. While Plaintiffs already carry the heavy burden of overturning Magistrate Judge Netburn's discovery rulings they face an even steeper hill when it comes to reconsideration. As Magistrate Judge Netburn noted, to prevail on a motion for reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Plaintiffs' objections do not demonstrate that Magistrate Judge Netburn acted contrary to law or committed clear error. In fact, the Plaintiffs' objection briefing on reconsideration is largely duplicative of their objection briefing to the July 22 Orders and as such constitutes an impermissible "second bite at the apple." *Zargary v. City of New York*, No. 00-cv-897, 2010 WL

4

329959, at *1 (S.D.N.Y. Jan. 26, 2010), *aff'd*, 412 F. App'x 339 (2d Cir. 2011) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Magistrate Judge Netburn considered both parties' arguments and, in a well-reasoned order granted some of Plaintiffs' discovery requests and denied others. Having reviewed the parties' filings and Judge Netburn's ruling, the Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177.

## IV. CONCLUSION

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's July 22 Orders partially granting Plaintiffs' motion to compel and partially granting Saudi Arabia's related motion to modify the scope of supplemental discovery are OVERRULED and DENIED. Similarly, Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's November 25 Order are OVERRULED and DENIED.

Dated: January 13, 2021
      New York, New York

SO ORDERED. **FEB 0 4 2021**

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE