UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
: MEMORANDUM DECISION
: AND ORDER
:
In re Terrorist Attacks on September 11, 2001 :
: 03 MDL 1570 (GBD) (SN)
:
:
:
:
------------------------------------- x

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's January 7, 2020 Order and Opinion (the "January 7 Order") granting, in part, Saudi Arabia's motion for a protective order with regard to certain supplemental interrogatories, served by Plaintiffs, concerning Musaed Al Jarrah. (*See* ECF No. 6581). Plaintiffs challenge only the section of the January 7 Order which denies Plaintiffs' interrogatory request seeking Jarrah's phone records.[1] The objections lodged by Plaintiffs assert (1) that it was clear error and contrary to the Federal Rules for Magistrate Judge Netburn to deny their interrogatory request based on a finding that they had not articulated a sufficient explanation as to why the phone records were necessary; and (2) that Magistrate Judge Netburn's ruling was procedurally improper because it granted Saudi Arabia's motion "on grounds never asserted by the Kingdom itself." (Plaintiffs' Objections ("Pls. Objs.") 4–9.) Plaintiffs' objections to Magistrate Judge Netburn's January 7 Order are overruled.

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P.

---

[1] Because Plaintiffs do not object to any other section of the January 7 Order they have permanently waived any further objections. See Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.")

72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

After reviewing the January 7 Order and the submissions of the parties, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Magistrate Judge Netburn has properly organized the discovery in this case based on the principle that jurisdictional discovery is to be conducted "circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *First City, Texas–Houston, N.A. v. Rafidain Bank*,150 F.3d 172, 176 (2d Cir. 1998) (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992).) Plaintiffs have failed to provide any concrete evidence suggesting that Jurrah communicated by telephone with Bayoumi, Thumairy, or any other main actor in an effort to provide assistance to the 9/11 hijackers. Plaintiffs rely

heavily on a 2012 FBI Summary Report (partially declassified in September 2019) which unredacted Jarrah's name and revealed that he was the "third man subject of the FBI's sub-file investigation." (January 7 Order at 6.) Magistrate Judge Netburn properly weighed this FBI Report and correctly noted that it offered "no indication that Jarrah contacted Thumairy, Bayoumi, or other key actors by phone." (*Id.* at 8). Moreover, the FBI has since distanced itself from the statements made in the FBI Report regarding Jarrah, stating, in a September 2019 declaration, that the statements in the Report "would have been more appropriate[ly] . . . phrase[d] . . . as an investigative theory being pursued by the FBI and not as objective statement of fact." (*See* ECF No. 5142, ¶22.)

Plaintiffs cite no case law to support their objection that Magistrate Judge Netburn abused her discretion when considering arguments not made by the parties in their motion papers. (Pls. Objs. at 6–9.) It is well-settled that a magistrate judge possesses wide discretion in handling pre-trial discovery matters. *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017). Magistrate Judge Netburn acted within that discretion here. *See Shipkevich v. Staten Island Univ. Hosp.*, No. 08-CV-1008 FB JMA, 2012 WL 4442621, at *1 (E.D.N.Y. Sept. 25, 2012) (affirming a "magistrate judge's *sua sponte* grant of a protective order denying two additional depositions.")

Plaintiffs' Rule 72 objection to Magistrate Judge Netburn's January 7 Order denying a supplemental interrogatory regarding Jurrah's phone records is OVERRULED and DENIED. Magistrate Judge Netburn's Order is adopted in its entirety.

3

Dated: January 27, 2021
      New York, New York

SO ORDERED.

FEB 04 2021

_George B. Daniel_
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4