UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re Terrorist Attacks on September 11, 2001

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 04 2021

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's January 3, 2020 Order and Opinion granting, in part, Plaintiffs' motion to vacate. (*See* Opinion & Order, ECF No. 5431, filed under seal Jan. 3, 2020) ("January 3 Order.") Plaintiffs sought to require the Kingdom of Saudi Arabia ("Saudi Arabia") to conduct supplemental discovery regarding four Saudi officials. The Court granted Plaintiffs' request as to Abdullah al Jaithen and denied the request as to the remaining officials. Plaintiffs object to Magistrate Judge Netburn's decision to deny supplemental discovery for Adel al Sadhan and Mutaeb al Sudairy contending that her decision was clearly erroneous and that she applied an incorrect (and impossible) standard for jurisdictional discovery under the Foreign Sovereign Immunities Act ("FSIA"). (Plaintiffs' Objections ("Pls. Objs.") 6–10.)

Within their objections, Plaintiffs also moved for reconsideration of the January 3 Order. On May 7, 2020, Magistrate Judge Netburn issued an Opinion and Order (*See* Opinion & Order, ECF No. 6583, (the "May 7 Order")) granting Plaintiffs' request to supplement the record and denying Plaintiffs' motion for reconsideration. Plaintiffs subsequently objected, again under Federal Rule of Civil Procedure 72(a), to the May 7 Order. Having reviewed Magistrate Judge

1

Netburn's rulings for clear error, and finding none, Plaintiffs' objections to the January 3 Order and the May 7 Order are overruled.[1]

## I. STANDARD OF REVIEW

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). Furthermore, a magistrate judge possesses wide discretion in handling discovery disputes. *Auto. Club of New York, Inc. v. The Port Auth. Of New York & New Jersey*, No. 11-cv-6746 (RKE), 2015 WL 3404000, at *2 (S.D.N.Y. May 27, 2015); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

## II. THE MAGISTRATE JUDGE DID NOT CLEARLY ERR IN DENYING SUPPLEMENTAL DISCOVERY RELATED TO ADEL AL SADHAN AND MUTAEB AL SUDAIRY

Plaintiffs contend that Magistrate Judge Netburn committed clear error by failing to order Saudi Arabia to conduct supplemental discovery concerning Al Sadhan and Al Sudairy. (Pls. Objs. at 6–10.) Specifically, Plaintiffs "reiterate their objection" that Magistrate Judge Netburn erred when she required Plaintiffs to provide "contemporaneous and concrete evidence" that documents relevant to their allegations existed in Saudi Arabian repositories. (*Id.* at 7.) Plaintiffs claim this "standard imposes an impossible burden" and is inconsistent with FSIA case law. (*Id.*)

As this Court has previously stated, Magistrate Judge Netburn has correctly interpreted Second Circuit precedent requiring jurisdictional discovery to be conducted "circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992).) The parties have been engaged in jurisdictional discovery for nearly three years. During that time Magistrate Judge Netburn has granted many of Plaintiffs' supplemental discovery requests and carefully analyzed all of Plaintiffs' discovery related requests. Indeed, applying the very standard Plaintiffs call impossible to overcome, Magistrate Judge Netburn granted Plaintiffs' request for supplemental discovery over Saudi official Abdullah Al Jaithen.

Plaintiffs failed to provide concrete allegations that either Al Sadhan or Al Sudairy assisted the 9/11 hijackers. And at bottom, that is the only inquiry this Court has authorized. *See In re Terrorist Attacks on Sept. 11, 2001*, 298 F. Supp. 3d 631, 651 (S.D.N.Y. 2018) (allowing "limited and targeted jurisdictional discovery critical to answering . . . whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi

3

officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers.") Magistrate Judge Netburn did not act contrary to law or clearly err when she denied Plaintiffs' request to conduct supplemental discovery over Al Sadhan and Al Sudairy. Thus, Plaintiffs' objections are OVERRULED.

### III. THE MAGISTRATE JUDGE DID NOT CLEARLY ERR IN DENYING RECONSIDERATION

On May 7, 2020, Magistrate Judge Netburn issued an Opinion and Order granting Plaintiffs' request for leave to supplement the record and denying Plaintiffs' motion for reconsideration of the January 3 Order. Plaintiffs subsequently filed objections to the May 7 Order. (Plaintiffs' May 21, 2020 Objections ("Pls. May 21 Objs."), ECF No. 6238.) Plaintiffs maintain that discovery over Al Sadhan and Al Sudairy should have been allowed because "(1) the FBI 2015 Review Commission Report showed that Sadhan and Sudairy were 'assisted' by Bayoumi and investigated by the FBI because of some as of yet undisclosed involvement with Bayoumi and the hijackers; (2) the findings of Plaintiffs' investigator, a former FBI agent, that Sadhan and Sudairy (a) worked for MOIA at a mosque that Bayoumi managed in San Diego and (b) stayed in 2000 in the same 5-room San Diego rooming house as the two hijackers; (3) the first-hand eyewitness knowledge of Sadhan and Sudairy about the work being performed by Bayoumi and Thumairy for Saudi Arabia in Southern California during the critical time period in 1999-2000; and (4) the contacts among Bayoumi, Thumairy, Sadhan, and Sudairy during the critical time period, including the phone call evidence produced by the FBI." (Pls. May 21 Objs. at 2–3.)

Magistrate Judge Netburn considered this evidence and correctly decided that it did not warrant supplemental discovery. Plaintiffs have failed to make a showing that Magistrate Judge Netburn's findings were clearly erroneous or contrary to law and having reviewed the May 7 Order this Court is left without a "definite and firm conviction that a mistake has been committed."

*Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Plaintiffs' objections are OVERRULED. Additionally, Plaintiffs' request for oral argument on these objections is DENIED. *See AD/SAT, Div. of Skylight, Inc. v. Assoc. Press,* 181 F.3d 216, 226 (2d Cir.1999)(per curiam)(decision whether to permit oral argument rests within the court's discretion) (citation omitted).

## IV. CONCLUSION

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's January 3 Order partially granting Plaintiffs' motion to vacate are OVERRULED and DENIED. Similarly, Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's January 3 Order denying Plaintiffs' motion for reconsideration are OVERRULED and DENIED.

Dated: January 27, 2021
New York, New York

SO ORDERED. **FEB 0 4 2021**

*George B Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE