KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 5, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") concerning a sealed filing made by Saudi Arabia today. Today's filing is a letter-opposition to the letter-motion to compel filed by the Plaintiffs' Executive Committees ("Plaintiffs") on February 2, 2021, ECF No. 6608.

      Saudi Arabia's letter and its exhibits contain information subject to the general MDL protective order, ECF No. 1900. Exhibit 1 is KSA 556, which was addressed in this Court's order of July 22, 2019, ECF No. 4696. KSA 556 was one of four documents for which the Court denied complete sealing, but directed the parties "to meet-and-confer regarding potential redactions for 'third parties that do not bear on the case.'" ECF No. 4696, at 13. That meet-and-confer process is currently under way, as described in the joint status letter filed on January 22, 2021. Accordingly, Exhibit 1 should be filed under seal until the parties have agreed on redactions or else any disputes have been resolved by the Court.

      Exhibit 2 is KSA 6950, which was not addressed in the Court's order but which is similar to documents that were. Specifically, KSA 6950 is similar to the documents that the Court ordered filed under seal on the basis of "international comity" because "the participants . . . are senior Saudi Arabian officials," the document was designated "Very Confidential" at the time it was created, and the document "detail[s] Saudi Arabia's response to investigations of Saudi employees performed by another country." ECF No. 4696, at 11. In addition, KSA 6950 also discloses the contents of certain communications subject to the Vienna Convention on Diplomatic Relations ("VCDR"). Accordingly, Exhibit 2 should be sealed in its entirety.

      Saudi Arabia's letter itself can be filed on the public docket with redactions. Principally, several portions of the letter discuss and disclose the contents of KSA 6950, which should be

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 5, 2021
Page 2

sealed for the reasons set forth above. In addition, portions of the letter discuss and disclose the contents of KSA 8756, which was filed as sealed Exhibit 2 to Plaintiffs' letter-motion. Although KSA 8756 does not require sealing in its entirety, it should be redacted to the extent it discusses and discloses the contents of other documents that, based on the description in KSA 8756, appear to be subject to the VCDR. To the extent the present letter also discusses and discloses the contents of such documents, it too should be redacted.

Saudi Arabia suggests that the parties meet and confer concerning Saudi Arabia's proposal to seal Exhibit 2 and to redact today's letter, as well as confidential treatment that Saudi Arabia or any other party proposes to Plaintiffs' letter-motion and exhibits, and any similar confidential treatment for any reply letter and any reply exhibits. Those discussions can be incorporated in the parties' ongoing meet-and-confer process concerning the implementation of this Court's July 22, 2019 order.

Copies of Saudi Arabia's filing (clean and with highlighted proposed redactions) are being sent today by email to Your Honor's chambers and to counsel for Plaintiffs, the FBI, and Dallah Avco. No courtesy copies of either this letter or today's sealed filing are being sent to the chambers of Judge Daniels, as instructed by the temporary revisions to his Individual Practices in light of the ongoing public health crisis.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)