UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MDL-01570 (GBD)(SN)

**ORDER**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2021

**SARAH NETBURN, United States Magistrate Judge.**

This document relates to:

    <u>Richard Abbate, et al. v. Kingdom of Saudi Arabia, et al.</u>, No. 17-CV-8617 (GBD)(SN).

    Plaintiff Alexander Avelino is one of thousands of plaintiffs in this case (the "9/11 case") and seeks to hold defendants liable for injuries caused by exposure to toxins as a result of the terrorist attacks on September 11, 2001 (the "9/11 Attacks") in New York, New York. On January 28, 2021, Napoli Shkolnik PLLC and Napoli Law, PLLC (the "Law Firm")[1] filed a second motion to withdraw as Plaintiff's counsel, citing a conflict arising from the intertwined relationships between Plaintiff, Plaintiff's wife, and the Law Firm. On February 11, 2021, the Court held an *ex parte* hearing by telephone at which Counsel Christopher LoPalo and Plaintiff appeared. The motion to withdraw is GRANTED.

---

[1] The motion papers refer to Napoli Shkolnik PLLC and Napoli Law, PLLC as a single entity. Christopher R. LoPalo, the attorney who filed the motion to withdraw, is listed on ECF as affiliated with Napoli Shkolnik PLLC although his signature in the moving papers refers to Napoli Law, PLLC. Herein, "Law Firm" means the firm or pair of related firms that represent Plaintiff.

**DISCUSSION**

S.D.N.Y. Local Civil Rule 1.4 governs requests to withdraw as counsel and states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

"When considering whether to grant a motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08-CV-6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). "There is no clear standard for what may be considered a "satisfactory reason" for allowing a withdrawal." Id. Courts in this district have held, however, that "the existence of irreconcilable conflict between attorney and client" is a satisfactory reason. Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014); see also Winkfield v. Kirschenbaum & Phillips, P.C., No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("[C]ounsel has demonstrated by affidavit that there are irreconcilable differences between his firm and Plaintiff . . . This satisfies Rule 1.4's requirement of 'satisfactory reasons' for withdrawal."); United States v. Up to $6,100,000 on Deposit, No. 07-CV-4430 (RJS), 2009 WL 1809992, at *5 (S.D.N.Y. June 24, 2009) ("Withdrawal is also appropriate when irreconcilable differences exist between client and counsel."). In deciding a withdrawal motion, the Court need not determine who or what caused the irreconcilable differences, only that they exist. See Hallmark Capital Corp. v. Red Rose Collection, Inc., No. 96-CV-2839 (RPP)(AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997). And where discovery has not yet closed and the case is not "on the verge of trial readiness," prejudice is

unlikely to be found. <u>Winkfield</u>, 2013 WL 371673, at *1 (citing <u>Blue Angel Films, Ltd.</u>, 2011 WL 672245, at *2).

Plaintiff and Plaintiff's wife are in divorce proceedings. The Law Firm represents both Plaintiff and his wife in the 9/11 case. Plaintiff's wife's brother and sister-in-law are also partners at the Law Firm. The Law Firm states that it cannot represent Plaintiff faithfully because of a conflict created by the divorce proceedings. Plaintiff opposes the motion to withdraw, arguing that there is no *actual* conflict because the Law Firm does not represent Plaintiff's wife in the divorce proceedings. Plaintiff further states that there is no conflict between him and Mr. LoPalo, whom Plaintiff has known for "years" and has always had an amicable relationship. Plaintiff's wife's brother and sister-in-law do not work on the 9/11 case.

The Law Firm has established that withdrawal is appropriate. First, it bears emphasis that the *Law Firm*, and not Mr. LoPalo, seek withdrawal. So, while Plaintiff and Mr. LoPalo may have a strong working relationship, the Law Firm represents Plaintiff and the Law Firm seeks withdrawal.

Second, the record establishes that the relationship between the Law Firm and Plaintiff is strained beyond reconciliation. In his affidavit Mr. LoPalo attests that "all civil communications" with Plaintiff "have terminated" since the divorce proceedings. Mr. LoPalo reiterated that view during the *ex parte* conference and also expressed that his law partners have a negative view of Plaintiff. And, while Plaintiff opposes the motion to withdraw, he simultaneously contends that the motion is brought in "bad faith" and as a tactic so that the Law Firm can represent the Plaintiff's wife in the divorce proceeding. Plaintiff has plainly lost confidence in the Law Firm. Moreover, even if Plaintiff believes Mr. LoPalo will represent him zealously – as the Court is certain he would consistent with his ethical obligations – given the complicated relationship, the

risk is too high that any adverse decision may be perceived at a later date as the product of this conflict.

Finally, there is essentially no prejudice to the Plaintiff if the motion is granted. This case is still in discovery without any deadline to file dispositive motions. The Law Firm is not asserting a charging or retaining lien, and Mr. LoPalo has even offered to direct Plaintiff to other law firms handling exposure cases similar to Plaintiff's that are already pending in this multidistrict litigation. Plaintiff will presumably have no trouble locating experienced counsel.

On this basis, the Court is persuaded that satisfactory reasons exist to permit counsel's withdrawal and that Plaintiff will not suffer unfair prejudice by the withdrawal.

## CONCLUSION

Counsel's motion to withdraw is GRANTED as to Plaintiff Alexander Avelino. Plaintiff is required to appear by new counsel within forty-five days of this decision. Plaintiff's outgoing counsel is directed to provide notice of this decision to Plaintiff at his current mailing address and by email within three days. Counsel is also instructed to reasonably assist Plaintiff by identifying other law firms that represent parties in this multidistrict litigation with claims similar to Plaintiff's and that may suitably represent Plaintiff.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 6604.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:   February 19, 2021
         New York, New York

4