UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN)

JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1745, hereby states under penalty of perjury that:

1. I am an attorney representing the *Ashton* plaintiffs ("*Ashton*") in the above-captioned litigation and I submit this declaration in support of the motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("9/11 Decedents"), and for permission to allow any remaining *Ashton* plaintiffs to move for the same relief in separate stages. This motion seeks the following relief:

   a. awarding the Estates of 9/11 Decedents identified on Exhibit A, through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedents, an award for economic damages, which, when combined with any previously-awarded compensatory damages for pain and suffering will constitute a final judgment in the amounts set forth on Exhibit A;

   b. awarding the Plaintiffs identified on Exhibit A pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

   c. granting the Plaintiffs identified in Exhibit A permission to seek punitive damages, economic damages (to the extent not requested in this motion), and other appropriate damages at a later date;

   d. determining that service of process was properly effected upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

   e. granting permission for all other *Ashton* plaintiffs not appearing on Exhibit A to submit applications for damages awards in later stages, to the extent such

awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

   c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

   d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

<u>Due Diligence</u>:

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 19 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly from family members of the 9/11 Decedents listed in Exhibit A; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Based on our review of the above, it is my belief that all of the 9/11 Decedents listed in Exhibit A died on September 11, 2001 in the September 11th terrorist attacks. My law

firm has been retained by the representatives of the estates of the 9/11 Decedents listed in Exhibit A to represent those estates.  Before filing this motion, I have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on review by myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment.

5.	For the 9/11 Decedents listed in Exhibit A, my law firm has confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and / or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and / or written communications with the representatives of the Estates of those 9/11 Decedents and / or the family members of those 9/11 Decedents.

Damages Sought

6.	Exhibit A set forth the compensatory damages amount this Court previously awarded to the Estates of certain 9/11 Decedents for conscious pain and suffering.

7.	Exhibit A also set forth claims by the Personal Representatives of the Estates of 9/11 Decedents seeking an award of economic damages in the amounts listed therein.

8.	For those Estates seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value.

9. For example, in some of those cases in which Kreindler & Kreindler represented the Estate of the 9/11 Decedent now seeking economic damages in the September 11 Victim Compensation Fund ("VCF"), we previously retained the services of economic experts who, in turn, performed an analysis of the economic loss as of the date of those reports. In other cases, where, for example, Kreindler & Kreindler did not represent the Estate of the 9/11 Decedent in the VCF, we obtained VCF files from the Department of Justice via a Freedom of Information Act ("FOIA") request.[1] Sometimes those VCF files contained reports by economic experts and other times they contained only VCF economic valuation files and the supporting documentation (including tax returns, W-2 forms and other salary and income verification.) In those cases in which we did not have a prior economic damages report, we provided earnings and tax data for a certain period of time prior to September 11, 2001 and engaged the services of an expert to calculate the economic loss and bring that figure up to present value, as discussed further below. Where, in such a case, the report documenting the present value of the loss includes both a capped and a non-capped amount, the capped figure was based on an old VCF restriction limiting salary to $200,000 per year and not considering actual earnings history or reasonable projections beyond that amount. We have therefore used not the "capped" presumed loss but the higher presumed loss figure in such situations.

10. Given the length of time between 9/11 and the date of the motion for economic damages, my firm asked the personal representatives of the 9/11 Decedents' estates to provide us with an authorization to obtain the relevant files from the VCF pursuant to the Freedom of Information Act. After we received the authorization, my office made a formal FOIA demand

---

[1] The Department of Justice requires each FOIA request to be accompanied by a Certification of Identity executed by the representative of the estate specifically authorizing counsel to obtain the VCF files, even if counsel provides a retainer agreement with the FOIA demand.

for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, there are substantial delays in obtaining them.[2] In a few instances, we were able to receive the necessary documentation directly from the clients. The files can include expert reports dating back to the time that the application was filed, supporting materials in support of the expert report, reviews and computations of same made by the VCF, award determinations, applications and/or other relevant documentation such as tax returns, W-2s or statements of income and projected earnings from employers.

11. Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, whose curriculum vitae is attached hereto as Exhibit B. Mr. Beauzile reviewed, analyzed and updated the computations contained within the VCF files or, when necessary, calculated in the first instance an economic loss amount. Mr. Beauzile's methodology with respect to each claim for economic loss sought here, as well as the assumptions made and data relied upon, is described in the report he provided for each claim, all of which are filed as Exhibit C hereto. Each updated report is saved with the last name of the 9/11 Decedent so as to be readily matched with each claim for economic damages.

12. The economic loss figures set forth in the tables attached as Exhibit A represent the present value (based on the calculations attached in underlying expert reports) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

Conclusion

13. For all of the reasons set forth in this declaration and the *Ashton 22* Wrongful Death Plaintiffs' Motion for Final Judgments, I respectfully request that this Court grant the

---

[2] The Department of Justice has yet to process may of our FOIA requests, including those submitted more than two years ago. We regularly request updates on the requests, but have not received any assurances as to the timing of the production of VCF files.

proposed order filed herewith.

Dated: March 8, 2021
      New York, NY

                                                             /s/ James P. Kreindler
                                                           James P. Kreindler