UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Hugh A. Chairnoff, et al. v. Islamic Republic of Iran*, 1:18-cv-12370 (GBD) (SN)))

    I, JOSEPH PETER DRENNAN, declare pursuant to 28 U.S.C. Section 1746 as follows:

  1. I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Hugh A. Chairnoff, et al. v. Islamic Republic of Iran*, 1:18-cv-12370 (GBD) (SN) (the "*Chairnoff* Plaintiffs"). I was admitted *pro hac vice* in the *Chairnoff* Action on February 5, 2019. I submit this Declaration in support of the *Chairnoff* Plaintiffs' motion for an order, consistent with orders previously entered by this Honorable Court: (a) granting judgment by default against the Islamic Republic of Iran as to its liability to the *Chairnoff* Plaintiffs except Plaintiff Isabel Nimbley pursuant to Section 1605A(c) of the Foreign Sovereign Immunities Act;[1] (b) awarding the *Chairnoff* Plaintiffs in Exhibit A hereto—all of whom are immediate family members of decedents killed in the terrorist attacks on September 11, 2001 ("9/11 Decedents") —compensatory damages and prejudgment interest for their loss of solatium; (c) awarding pain and suffering damages and prejudgment interest to the estate of 9/11 Decedent Geoffrey E. Guja; (d) granting leave to Plaintiffs Angel Anderson, Aishah Anderson, and Michele M. Nimbley, and Plaintiff Debra Guja, acting on behalf of the

---

[1] Plaintiff Isabel Nimbley was not a United States citizen on September 11, 2001 when her husband Paul Richard Nimbley was killed at the World Trade Center in New York. Isabel Nimbly asserts a claim against Iran for intentional infliction of emotional distress.

stepchildren of 9/11 Decedent Geoffrey E. Guja, to move at a later date for awards of solatium damages against the Islamic Republic of Iran; and (e) granting leave to all *Chairnoff* Plaintiffs to move at later dates for awards of economic, punitive or other damages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

   c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

3. The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in representing *Chairnoff* Plaintiffs in connection with the September 11th litigation; communications directly with the personal representatives and family members of individuals killed in the September 11, 2001 terrorist attacks, and the Plaintiffs listed in Exhibit A hereto; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; documents and public records contained in my firm's files; and court records relating to the multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4.  My firm has been retained by the *Chairnoff* Plaintiffs individually to pursue claims against the Islamic Republic of Iran for its role in the September 11, 2001 terrorist attacks. The *Chairnoff* Plaintiffs are family members of 7 individuals killed in the September 11th terrorist attacks ("9/11 Decedents") and a personal representative of the estate of one 9/11 Decedent. We have verified that, with the exception of Plaintiff Elizabeth Parks, none of the *Chairnoff* Plaintiffs has previously been awarded a judgment against the Islamic Republic of Iran or any Iranian government defendant in relation to the September 11th terrorist attacks.[2]

5.  All of the *Chairnoff* Plaintiffs identified in Exhibit A hereto have provided my firm with evidence of their United States citizenship as of September 11, 2001. Plaintiff Luke Jerome Larson, as personal representative of the Estate of Leroy E. Larson, has provided my firm with evidence of Leroy E. Larson's United States citizenship as of September 11, 2001. Plaintiff Debra Guja, who is the personal representative of the estate of her husband Geoffrey E. Guja, has provided my firm with evidence of Geoffrey E. Guja's United States citizenship as of September 11, 2001.

6.  The *Chairnoff* Plaintiffs listed in Exhibit A hereto are immediate family members of the 9/11 Decedents who are identified in Exhibit A. These Plaintiffs have provided my firm with evidence such as birth certificates, marriage certificates or declarations signed under penalty of perjury evidencing their familial relationships to the 9/11 Decedents and the circumstances of the 9/11 Decedents' deaths. Plaintiff Luke Jerome Larson has provided my firm with proof that he has been appointed by a court as the personal representative of the Estate of Leroy E. Larson,

---

[2] Based upon my due diligence, it appears that Plaintiff Elizabeth Parks has already recovered a judgment against Iran for her solatium damages. Upon confirmation of this fact, Ms. Parks' claims against Iran in this action will be voluntarily dismissed. This motion does not seek any relief on behalf of Ms. Parks.

who was the father of 9/11 Decedent John Adam Larson; as well as proof that Leroy E. Larson survived the death of John Adam Larson.

7. To minimize the chance of any human error, attorneys at my firm other than myself have also reviewed all case files and corroborated that Exhibit A hereto correctly states the Plaintiffs' U.S. citizenship, familial relationships, and that Leroy E. Larson survived his son.

8. Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433), and have personally verified that, based on my review of the records available to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the September 11, 2001 terrorist attacks and judgments entered by this Court in those actions, none of the *Chairnoff* Plaintiffs except Elizabeth Parks has previously recovered their solatium or pain and suffering damages, nor does any *Chairnoff* Plaintiff have any other motion pending before this Court for compensation arising out of the September 11, 2001 terrorist attacks.

9. The solatium amounts set forth in Exhibit A hereto are the amounts that this Court has previously determined to be appropriate for solatium damages based on the particular familial relationship to a 9/11 Decedent. *See, e.g.*, 03-md-1570 (S.D.N.Y.) (GDB) (FM), ECF 2623, entered 10/03/12, pp. 4-5; 03-md-1570 (S.D.N.Y.) (GBD) (FM), ECF 3300, entered 06/16/2016, p. 1.

10. Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court instructed counsel to present a proposed order with a rate of prejudgment interest of 4.96 percent, per annum, compounded annually. *See* 03-md-1570

(S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The form of the proposed partial final judgment attached at Exhibit B hereto therefore conforms to the Court's prior orders.

11. A separate motion will be filed on behalf of *Chairnoff* Plaintiffs Angel Anderson and Aishah Anderson, and Debra Guja, as personal representative of the estate of Geoffrey E. Guja, seeking solatium damages on the basis of non-immediate family relationships to 9/11 Decedents. A separate motion may also be filed on behalf of *Chairnoff* Plaintiff Michele M. Nimbley.

12. My firm is in the process of obtaining an economic loss valuation for the Estate of Geoffrey E. Guja and will promptly submit a motion for an award of economic damages to that estate as soon as the necessary information has been compiled.

13. Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment against the Islamic Republic of Iran in substantially the form attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Alexandria, Virginia, on March 18, 2021.

/s/ Joseph Peter Drennan
JOSEPH PETER DRENNAN