

Waleed Nassar
202 659 7872
waleed.nassar@lbkmlaw.com

March 25, 2021

**VIA ELECTRONIC FILING**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *In re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)* -
              <u>Proposal regarding Dr. Abdullah Naseef</u>

Dear Judge Netburn:

        This firm, along with Bernabei & Kabat, PLLC, serves as counsel for Defendant Dr. Abdullah Naseef. We write pursuant to Your Honor's Order dated March 11, 2021 (ECF # 6656), which directed the parties to submit (either jointly or, if the parties disagree, by separate letters) a proposal outlining how this litigation should proceed with respect to Dr. Naseef.

        As an initial matter, we wish to inform the Court that, despite our best efforts and multiple outreaches, we have not been able to confer with counsel for the Plaintiffs to ascertain their position on this issue. We first wrote to the Plaintiffs' Executive Committees ("PECs") on March 19, 2021, requesting a meet and confer to discuss the Court's directive. *See* Ex. 1. After receiving no response, we followed up early the morning of March 22, 2021, asking for counsel's availability for a meeting. *See* Ex. 2. After more than 8 hours with no response, we sent a third email indicating the urgent need for a call, as the Court-ordered submission was due in 3 days. *See* Ex. 3. In response to this third attempt to arrange a meet and confer, Plaintiff's counsel, Robert Haefele, wrote back to me the following:

> I am assuming that you have some proposal in mind for us to consider. If so, then rather than getting on a call and hearing you out only to then tell you that we need to discuss it on our side before meeting with you again, is there a way that you can reduce your proposal to an email that we can see and then discuss on our side before we meet and confer. Given the activity level over the next two weeks, it would help to avoid redundant meetings, if possible. Thanks.

*See* Ex. 4.

Lewis
Baach
Kaufmann
Middlemiss
PLLC

Hon. Sarah Netburn
March 25, 2021
Page 2 of 3

While we would have preferred an open dialogue with the PECs in the first instance, given the apparent refusal to speak to us before receiving a written proposal and the limited time remaining before the Court's deadline for the submission, we promptly wrote to the PECs the next day to provide our proposal on the way forward, which we address below after outlining for Your Honor the relevant procedural history and discovery provided by Dr. Naseef, as well as a brief summary of his health conditions and current medical status.

***Procedural history relevant to Dr. Naseef.*** Dr. Naseef first filed a Motion to dismiss the Third Amended Complaint in the *Burnett* matter on April 8, 2004. ECF #87. On September 7, 2005, a Consolidated Motion to Dismiss was filed and approximately 4 months later a Supplemental Motion to Dismiss pursuant to CMO #4 was filed on January 9, 2006. ECF #1204 and ECF #1589. By Order dated July 13, 2011, Dr. Naseef was dismissed from this litigation. ECF #2445. An appeal was filed in the Second Circuit on August 8, 2011, and on April 16, 2013, the Second Circuit entered its Opinion remanding the case against Dr. Naseef, among others, back to the S.D.N.Y. for the limited purpose of jurisdictional discovery. ECF # 2732 (Second Circuit mandate).

***Discovery relevant to Dr. Naseef.*** Dr. Naseef has produced 60 pages of materials responsive to the Plaintiffs' document requests, including 43 pages of material from his passports. In addition, any responsive documents relating to Dr. Naseef from the files of the Muslim World League or the International Islamic Relief Organization have been produced. When the PECs sought to take Dr. Naseef's deposition, he had neither the physical nor mental ability to participate in giving testimony under oath. By Order dated August 30, 2018, Your Honor directed that counsel provide regular updates regarding Dr. Naseef's health. ECF # 4105.

***Dr. Naseef's health conditions and current medical status.*** As reflected in the various submissions made to this Court, Dr. Naseef is now 82 years old and suffers from many chronic health conditions that have had a devastating impact on his physical and mental ability. ECF #4070, 4208, 4271, 4400, 4477, 4567, 4747, 5187, 5321, 5752, 6097, 6239, 6324, 6463, 6529, 6570, and 6642. At present, Dr. Naseef breathes through a trach and feeds through a feeding tube. He is unable to move on his own and rarely speaks. He is bedridden and has round-the-clock in-home nursing care. Dr. Naseef's family have been informed by his doctor that it is impossible for his condition to improve.

***Proposal for how this litigation should proceed with respect to Dr. Naseef.*** As noted above, in light of the foregoing and in response to Mr. Haefele's request that we "reduce [our] proposal to an email," we wrote to the PECs with our proposal on March 23, 2020. We proposed (i) discontinuing the quarterly status updates to the Court concerning Dr. Naseef's medical condition, given the prognosis that there is no possibility that his condition will ever improve; and (ii) due to Dr. Naseef's medical condition, Plaintiffs voluntarily dismiss Dr. Naseef from this litigation. *See* Ex. 5. It has been more than 48 hours since we provided that proposal to the PECs and we have received no response. Indeed, as detailed above, it has been nearly a week since our initial request to meet with the PECs to discuss the Court's March 11 Order and the PECs have



not shared with us their views on how this litigation should proceed against Dr. Naseef, nor have they extended the courtesy of speaking with us or writing to us about our proposal.

Given the PECs' inaction, we respectfully request that the Court direct the PECs to comply with the Court's March 11 Order as follows:

(i) Within 3 business days, the PECs shall provide to counsel for Dr. Naseef a written response to the proposal provided to them by email on March 23, 2021;

(ii) Within 3 business days thereafter, the parties are directed to meet and confer regarding the parties' proposal; and

(iii) Within 3 business days thereafter, the parties shall jointly submit a proposal of no more than five pages outlining how this litigation should proceed or, if the parties disagree as to the proposal, they may submit separate letters of no more than three pages each.

In the alternative, given that all responsive documents relevant to Dr. Naseef have been produced and Dr. Naseef will continue to remain incapable of sitting for his deposition, we propose that renewed briefing on the issue of personal jurisdiction with respect to Dr. Naseef proceed at the same time as the other defendants presently in jurisdictional discovery.

Sincerely,

Waleed Nassar

cc: All Counsel of Record via ECF