```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

03-MD-01570 (GBD)(SN)

**OPINION & ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to: <u>Underwriting Members of Lloyd's Syndicate 2, et al., v. Al Rajhi Bank, et al.</u>, No. 16–CV–07853

Plaintiffs are individuals injured or killed by the terrorist attacks on September 11, 2001 ("9/11 Attacks"), and insurers that compensated victims of the 9/11 Attacks for property and business losses. They have sued, among others, Al Rajhi Bank, alleging that the Bank supported al Qaeda and its terrorist objectives by knowingly funneling funds and services to al Qaeda through charity organizations. Plaintiffs claim that the Bank's support aided al Qaeda's international terrorist capabilities, including its ability to carry out the 9/11 Attacks.

Al Rajhi Bank moved to dismiss Plaintiffs' First Amended Complaint ("FAC")[1] under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In March 2018, the District Court granted the Bank's Rule 12(b)(2) motion and declined to consider the Bank's Rule 12(b)(6) motion. The Court of Appeals reversed that decision and remanded the case for jurisdictional discovery to determine: "(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not

---

[1] <u>Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.</u>, No. 16-CV-07853 (GBD)(SN) (S.D.N.Y. 2016), ECF No. 56. Unless otherwise noted, ECF citations are to the Multidistrict Litigation docket, No. 03-MD-1570 (S.D.N.Y.).

directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda." Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank, 779 F. App'x 66, 69 (2d Cir. 2019). Rather than proceed with jurisdictional discovery, Al Rajhi Bank requests the Court address the Rule 12(b)(6) portion of its original motion to dismiss. ECF No. 5384. That application is DENIED, and the Court directs limited personal jurisdiction discovery pursuant to the mandate of the Court of Appeals.

## BACKGROUND

### I. Factual Background

Plaintiffs seek to hold Al Rajhi Bank liable under theories of primary and secondary liability under the Anti-Terrorism Act (the "ATA") for harm resulting from the 9/11 Attacks.[2] Al Rajhi Bank is a financial institution based in Saudi Arabia that offers Sharia-compliant banking and investment products. See FAC at ¶ 153. Plaintiffs allege that in the years leading up to the 9/11 Attacks, Al Rajhi Bank and members of the Al Rajhi family provided funds and financial services to numerous charitable organizations that operated as fronts for al Qaeda. Id., ¶¶ 173–74, 183. Plaintiffs allege that the Bank and members of the Al Rajhi family knew the charities acted as fronts for al Qaeda because members of the family held leadership positions with several of those organizations and were therefore aware of the organizations' connections with known terrorist groups. Id., ¶¶ 174, 180–81. Plaintiffs also claim that the Bank provided indirect support to al Qaeda, such as logistical assistance, which furthered al Qaeda's terrorist activities. Id., ¶ 165.

---

[2] The facts are set forth in greater detail in the District Court's Opinion initially resolving Defendants' motion to dismiss, as well as in prior opinions of the Court. See ECF No. 3947 (hereinafter "Mem. Decision & Order"); id. at n.1 (listing orders recounting additional factual background for this case). Here, the Court recounts only the facts necessary to determine Al Rajhi Bank's motion for the Court to decide its pending Rule 12(b)(6) motion.

2

**II.     Procedural Background**

In 2003, the Judicial Panel on Multidistrict Litigation consolidated and transferred to this district lawsuits claiming losses and harms resulting from the 9/11 Attacks. Among these cases were various actions against Al Rajhi Bank. In January 2005, this Court dismissed the consolidated claims against Al Rajhi Bank in their entirety, for failure to state a claim. In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 832-33 (S.D.N.Y. 2005) (Casey, J.) ("Even accepting all the allegations against Al Rajhi Bank as true, Plaintiffs have failed to state a claim that would entitle them to relief."); see also ECF No. 883 (Order of Dismissal extending dismissal of Al Rajhi Bank to all remaining consolidated cases to which it was a party and stating that "the parties agree and the Court finds that the allegations and evidence presented against these Defendants [including Al Rajhi Bank] in the cases still pending against them do not materially differ from the allegations and evidence presented in the cases already dismissed"). In 2013, the Court of Appeals affirmed the dismissal of all claims against Al Rajhi Bank. See O'Neill v. Al Rajhi Bank, 714 F.3d 118, 124-25 (2d Cir. 2013) ("Terrorist Attacks VII").[3] In so doing, the Court of Appeals upheld the District Court's dismissal of all claims against Al Rajhi Bank both because the plaintiffs failed to allege proximate causation (necessary to sustain a claim of primary liability under the ATA) and because the Court determined that the ATA did not permit claims for "aiding and abetting." Id. at 123–25. The Supreme Court denied certiorari. 134 S. Ct. 2870 (2014).

---

[3] This nomenclature partially tracks the short cites applied elsewhere by the parties and the Court to various major opinions in this multidistrict litigation. However, the Court notes that in its briefing related to the instant motion, the Bank uses "Terrorist Attacks VII" as a short cite for O'Neill v. Asat Trust Reg., 714 F.3d 659 (2d Cir. 2013), differing from its use of that short cite in its original motion to dismiss.

3

In 2016, a group of plaintiffs filed a new complaint in the Western District of Pennsylvania against three previously dismissed defendants including Al Rajhi Bank. The Judicial Panel on Multidistrict Litigation thereafter transferred the case to this Court for consolidation with the multidistrict litigation. Per this Court's instructions, Plaintiffs filed the FAC in 2017, and plaintiffs in other consolidated cases against Al Rajhi Bank adopted the factual, liability, and jurisdictional allegations of the FAC. See Order at 2, In re Terrorist Attacks on Sept. 11, 2001, No. 03-MD-01570 (S.D.N.Y. May 16, 2017); ECF No. 3835, at 1.

In August 2017, Al Rajhi Bank moved to dismiss the FAC. The Court granted the motion pursuant to Rule 12(b)(2), finding that the Court lacked personal jurisdiction over the Bank, and declined to reach the Bank's alternative grounds for dismissal under Rule 12(b)(6). Mem. Decision & Order at 4 n.5. By Summary Order, the Court of Appeals reversed the dismissal and authorized jurisdictional discovery without addressing the Bank's Rule 12(b)(6) motion, despite invitation from the Bank to do so. Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank, 779 F. App'x 66 (2d Cir. 2019) (the "Summary Order"). Al Rajhi Bank now moves the Court to resolve its motion to dismiss pursuant to Rule 12(b)(6) before allowing jurisdictional discovery. See ECF No. 5384. Plaintiffs oppose the request, arguing that they are entitled to jurisdictional discovery according to the Court of Appeals' mandate. See ECF No. 5892 ("Pls. Opp.").

## DISCUSSION

In dismissing Plaintiffs' claims for lack of personal jurisdiction over Al Rajhi Bank, this Court "[did] not consider the alternative grounds for dismissal advanced by [Al Rajhi Bank] and SGB under Rule 12(b)(6)." Mem. Decision & Order at 4 n.5. On appeal, the Court of Appeals found that Plaintiffs had pleaded facts sufficient to warrant jurisdictional discovery on their

claims against Al Rajhi Bank and "remand[ed] for jurisdictional discovery" to determine discrete "factual issues" related to the details of the alleged support and whether countervailing evidence of intent existed concerning "whether the support was 'earmarked' for use . . . not directed at the United States." Summary Order at 4. Plaintiffs argue that the Court of Appeals' decision strips this Court of the authority to address Defendants' Rule 12(b)(6) motion. Al Rajhi Bank argues that the Court should consider and grant the Rule 12(b)(6) motion now because a decision on the merits of that motion has been "foreordained" and resolution of the jurisdictional question will not affect the outcome on the merits.

### A. Whether the Merits Question is Foreordained

"A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 562 (2017). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power. . . ." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) (internal quotation marks and alterations omitted). For this reason, courts generally may not assume jurisdiction "for the purpose of deciding the merits of the case." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (quoting Steel Co., 523 U.S. at 94). Typically, this bar against assuming jurisdiction in order to reach questions on the merits of a case encompasses a bar against assuming personal jurisdiction. Id. at 430–31 (noting that Steel Co. "clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)").

Courts have, however, recognized limited circumstances in which it is appropriate for a court to adjudicate legal issues such as Rule 12(b)(6) motions without first resolving challenges based on personal jurisdiction. For instance, in cases where some defendants contest personal jurisdiction under Rule 12(b)(2) but others—over whom the court indisputably has personal jurisdiction—do not, courts have proceeded to analyze the merits of a 12(b)(6) motion without first addressing the 12(b)(2) motion. See ONY, Inc. v. Cornerstone Therapeutics, Inc., 720 F.3d 490, 498 (2d Cir. 2013); Chevron Corp. v. Naranjo, 667 F.3d 232, 247 (2d Cir. 2012); LLM Bar Exam, LLC v. Barbri, Inc., 271 F. Supp. 3d 547, 574 (S.D.N.Y. 2017), aff'd, 922 F.3d 136 (2d Cir. 2019). This approach allows a court to avoid ascertaining personal jurisdiction as to some defendants on the rationale that it must inevitably resolve the merits question raised by the defendants who do not contest jurisdiction. See LLM Bar Exam, LLC, 271 F. Supp. 3d at 574, at n.8.

The Court of Appeals, applying Steel Co., has also held that a court may reach a merits question before addressing jurisdictional challenges where the merits outcome has been "foreordained" by another case such that "the jurisdictional question could have no effect on the outcome," and so long as the court "d[oes] not use the pretermission of the jurisdictional question as a device for reaching a question of law that otherwise would have gone unaddressed." Ctr. for Reprod. Law & Policy v. Bush, 304 F.3d 183, 194 (2d Cir. 2002). Under this approach, an outcome is "foreordained" where "the precise merits question has already been decided in another case by the same court . . .." Id. at 195 (ruling on the merits of a claim where a decision by the same court had previously "entertained and rejected the same constitutional challenge to the same provision" of a law). Applying this approach, courts have found cases to be companion cases when, for example, they are "argued in tandem," involve the same merits

question, and one case is resolved on the merits. See Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 137 (2d Cir. 2019), cert. denied sub nom. Fuller v. Banco Bilbao Vizcaya Argentaria, S.A., 141 S. Ct. 364 (2020). Due to the importance of jurisdiction in safeguarding individual rights and in limiting the power of the courts, the circumstances under which courts may assume jurisdiction to decide a case on the merits are limited: the law of this Circuit precludes courts from stretching to exercise hypothetical jurisdiction merely in order to resolve a case quickly.

Here, Al Rajhi Bank argues that "dismissal of Plaintiffs' claims against the Bank is foreordained" because the Court has previously dismissed similar claims on the merits, in In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 832-33 (S.D.N.Y. 2005) (Casey, J.) (dismissing for failure to state a claim). In analyzing whether the prior dismissal of Plaintiffs' claims against Al Rajhi Bank foreordains a decision on the merits here, the Court considers the similarities between the prior complaint and the now-operative FAC, as well as any evolution in the legal doctrine governing Plaintiffs' claims. As with its prior complaint, Plaintiffs seek to hold Al Rajhi Bank liable on theories of primary and secondary liability under the ATA. Plaintiffs rely on the recent ATA amendment, enacted as part of the Justice Against Sponsors of Terrorism Act ("JASTA"), to support their claim of secondary liability. The amendment specifically provides for claims of aiding and abetting and conspiracy in a new provision (18 U.S.C. § 2333(d)). Pub. L. No. 114-222, § 4(a), 130 Stat. 852 (2016); see also Linde v. Arab Bank, PLC, 882 F.3d 314, 320 (2d Cir. 2018). Plaintiffs argue that JASTA eliminated the basis for the Bank's previous dismissal. See, e.g., Br. for Plaintiffs-Appellants, 18-1201-CV(L) (2d Cir. 2018), ECF No. 127, at 6.

Al Rajhi Bank disagrees, claiming that the Court of Appeals' decision in <u>Terrorist Attacks VII</u>, 714 F.3d at 123-25, which involved similarly situated plaintiffs and "substantively identical allegations," controls. <u>See</u> Mem. of Law in Support of Al Rajhi Bank's Mot. to Dismiss, ECF No. 3703, at 9. In that case, the Court of Appeals held that the prior plaintiffs failed to allege that the Bank's purported actions proximately caused the plaintiffs' injury, remarking in relevant part:

> [P]laintiffs do not allege that the Rule 12(b)(6) defendants participated in the September 11, 2001 attacks or that they provided money directly to al Qaeda; nor are there factual allegations that the money allegedly donated by the Rule 12(b)(6) defendants to the purported charities actually was transferred to al Qaeda and aided in the September 11, 2001 attacks.

<u>Id.</u> at 124 (citations omitted). The Court of Appeals also rejected the prior plaintiffs' allegation that providing routine banking services to organizations and individuals purportedly affiliated with al Qaeda proximately caused the 9/11 Attacks or plaintiffs' injuries. <u>Id.</u> In the Summary Order, the Court of Appeals noted that the Plaintiffs' FAC includes allegations related to "Al Rajhi Bank's specific intent to further terrorism in the United States" and distinguished the FAC from cases in which the Court of Appeals had found insufficient bases for personal jurisdiction. <u>Al Rajhi Bank</u>, 779 F. App'x at 68. The Court of Appeals also noted that the Bank's support, as alleged in the FAC, in conjunction with the allegations of specific intent, is "more direct and one step closer to al Qaeda" when compared to the support previously found inadequate to provide personal jurisdiction.

The parties dispute the significance of this language in the Summary Order as it relates to Al Rajhi Bank's Rule 12(b)(6) motion. On the one hand, Plaintiffs claim that the Court of Appeals' conclusion directly relates to the sufficiency of Plaintiffs' allegations with respect to both Al Rajhi Bank's support for al Qaeda and to the Bank's knowledge and intent to support

8

terrorism against the United States. From this, Plaintiffs argue that this Court cannot conclude that the Bank's Rule 12(b)(6) motion should be granted on the grounds that the merits outcome is foreordained. On the other hand, Al Rajhi Bank argues that the Court of Appeals did not assess Plaintiffs' allegations under the applicable pleading standard on a motion to dismiss under Rule 12(b)(6), and to the contrary, it identified factual gaps in the FAC warranting jurisdictional discovery but supporting dismissal under Rule 12(b)(6). Regardless of whether or how the Summary Order can be read to reflect on the sufficiency of Plaintiffs' allegations for purposes of deciding a Rule 12(b)(6) motion, the Court of Appeals plainly decided not to address the Rule 12(b)(6) question, but rather to order jurisdictional discovery.

The Court of Appeals' endorsement of one approach (resolving a merits question before a jurisdictional question) in Ctr. for Reprod. Law & Policy v. Bush does not preclude this Court from addressing the Court's jurisdiction before resolving the Rule 12(b)(6) motion. Bush and the other cases cited by the Bank simply provide that a court presented with motions to dismiss for lack of personal jurisdiction and for failure to state a claim has some discretion to determine the order in which it analyzes the bases for dismissal. This latitude promotes judicial efficiency and avoids requiring courts to render advisory opinions on novel or complex jurisdictional questions where the merits outcomes have been resolved under highly similar circumstances. Here, however, the District Court already once answered the question of personal jurisdiction, finding it lacking. The Court of Appeals reversed, remanded and directed a detailed procedural path forward to conduct discovery into personal jurisdiction. Al Rajhi Bank now asks the Court to assume jurisdiction—*i.e.*, hypothetically find it present—and rule on the merits of the case. To follow the Bank's proposal at this juncture would be inconsistent not only with the generally accepted view that jurisdictional questions should be addressed before merits questions, but also

with the specific posture of this case, where the District Court itself has considered jurisdiction before the merits (see Mem. Decision & Order at n.5) and the Court of Appeals has indicated that jurisdictional discovery is appropriate. Thus, limited jurisdictional discovery should be authorized under the circumstances.

### B. The Mandate Rule Supports Authorizing Jurisdictional Discovery

Alternatively, Plaintiffs argue that the Court is "bound by the Second Circuit's mandate to conduct jurisdictional discovery" and should therefore deny Al Rajhi Bank's request as foreclosed by the mandate rule. Pls. Opp. at 5. Al Rajhi Bank responds that, because the Court of Appeals' Summary Order is limited to the question of personal jurisdiction, the district court may resolve the Rule 12(b)(6) motion without running afoul of the mandate.

The mandate rule generally provides "that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006) (internal quotation marks omitted); United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule compels compliance on remand with the dictates of the superior court and forecloses re-litigation of issues expressly or impliedly decided by the appellate court." (internal quotation marks, citation, and alteration omitted)). A corollary to this rule exists where an issue was not part of the appellate decision: there, a trial court may consider the issue. Burrell, 467 F.3d at 165. To determine whether an issue remains open for consideration on remand, "the trial court should look to both the specific dictates of the remand order as well as the broader spirit of the mandate." Id. (internal quotation marks omitted). In sum, this Court is barred from modifying its prior decision where the specific dictates of the remand order as well as the broader spirit of the mandate indicate the Court of Appeals has decided the issue.

The Court of Appeals' Summary Order did not address Al Rajhi Bank's Rule 12(b)(6) arguments. The Summary Order states:

> The inclusion of allegations related to Al Rajhi Bank's specific intent to further terrorism in the United States, however, distinguishes the present case from those in which we have not granted personal jurisdiction and warrants jurisdictional discovery.

Al Rajhi Bank, 779 F. App'x at 68–69. Neither this Court's opinion dismissing the FAC nor the Court of Appeals' Summary Order addressed Al Rajhi Bank's Rule 12(b)(6) motion, despite Al Rajhi Bank's request to the Court of Appeals to "affirm dismissal on the alternative ground that Plaintiffs have failed to allege any basis for liability under the ATA." Brief for Defendant-Appellee, 18-1201-CV (2d Cir. 2019), ECF No. 153, at 60.

The Court must therefore determine whether the Court of Appeals' instructions on personal jurisdiction discovery, accompanied by the omission of any comment on the Rule 12(b)(6) motion, evinces a "spirit of the mandate" reflecting that the personal jurisdiction question should be resolved before the merits. I find that it does. The Court of Appeals delineated specific boundaries for the jurisdictional inquiry, ordering discovery to proceed so that this Court may determine: "(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda." These directions express the Court of Appeals' view that this Court should proceed to determine the personal jurisdiction question.

Al Rajhi Bank argues that only the Rule 12(b)(2) decision was presented on appeal, which did not encompass the Rule 12(b)(6) issue at all, and that therefore this Court may decide the case on other grounds now under the mandate rule. Al Rajhi Bank is correct that the Court of Appeals' mandate does not foreclose a decision ultimately on the Bank's Rule 12(b)(6) motion;

of course, if the Court finds it has personal jurisdiction over the Bank, it will consider the Rule 12(b)(6) motion without running afoul of the Court of Appeals' mandate. But the question here is whether the "spirit of the mandate" indicates that the case should proceed to jurisdictional discovery before the Court rules on the merits of the 12(b)(6) motion. In light of the Court of Appeals' instructions on that point, the spirit of the mandate requires that the parties proceed to jurisdictional discovery.

## CONCLUSION

Defendant Al Rajhi Bank's motion to decide its Rule 12(b)(6) motion to dismiss before permitting jurisdictional discovery is DENIED. The parties are directed to meet and confer and propose a discovery schedule to the Court by no later than April 9, 2021. The Clerk of Court is respectfully directed to deny the motion at ECF No. 5384.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 26, 2021
         New York, New York