USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/02/2021

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S...)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

March 25, 2021

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    The Plaintiffs Executive Committees write in response to the filing by counsel for defendant Abdullah Naseef [ECF No. 6679] regarding counsel's proposal, received Tuesday afternoon, to dismiss that defendant, and to provide the PECs' submission pursuant to the Court's memo endorsement at ECF No. 6656. At the outset, we by no means intend to be critical of the defendants for submitting a timely letter to the Court in response to the Court's directions. However, the PECs' view of the circumstances differs from the defendants' view. Moreover, the PECs have not been able to confer amongst the plaintiffs' counsel to respond to the proposal received only two days ago to dismiss a defendant from the litigation.

    As Dr. Naseef's counsel have advised, they reached out to the PECs on Friday, March 19, requesting to confer with the PECs on Monday, March 22. Relevant PEC counsel were engaged throughout the weekend and Monday for preparation for the deposition of Saudi witness Sheikh Ash Shaikh, conducted Tuesday and Wednesday, March 23-24. Recognizing that Plaintiffs' counsel would still need to confer amongst themselves, regardless of Dr. Naseef's proposal, the PECs recommended that Dr. Naseef's counsel offer the proposal for the PECs to consider, before conferring among the parties.

    Dr. Naseef's proposal reached the PECs on Tuesday, while the deposition was still underway, proposing that Dr. Naseef's counsel should no longer write regular updates about Dr. Naseef's condition, and proposing that Plaintiffs should dismiss all claims against Dr. Naseef. At the time, the PECs were still in the midst of preparing for the second day of the Ash-Shaikh deposition and unable to adequately discuss the issue to respond to the inquiry. It should not be

The Honorable Sarah Netburn
March 25, 2021
Page 2

_____

surprising that the PECs have been unable to discern in 48 hours the collective position of the Plaintiffs as to whether to dismiss a defendant from the litigation.

There is no need for counsel for Dr. Naseef to continue to provide regular reports as to his condition; it would suffice if counsel were to simply continue to stay informed as to his condition and alert the Court and the parties in a timely manner if his condition does change. While the PECs continue to discuss the proposal to dismiss the claims against Dr. Naseef, the initial position has been that a dismissal of the action is neither warranted nor appropriate. We are, however, still discussing the proposal.

In closing, the PECs regret that we were unable to participate in a timelier response to the proposal to dismiss a defendant, received Tuesday, and were unable to comply with the Court's instruction to meet and confer with Dr. Naseef's counsel. We are nonetheless giving due consideration to the proposal. At this time, though, we can agree that Dr. Naseef's counsel's regular updates should no longer be required, provided they stay informed and advise the Court and parties of any changes. For the time being, the PECs oppose the portion of the proposal that suggests a voluntary dismissal of the claims against Dr. Naseef.

Respectfully submitted,

COZEN O'CONNOR                    MOTLEY RICE LLC

The parties are directed to meet and confer to discuss Dr. Nassef's proposal regarding voluntary dismissal. If they do not agree to voluntary dismissal, the parties shall submit a joint status letter by no later than April 12, 2021 outlining proposed next steps in this matter. Dr. Naseef may discontinue his regular updates to the Court concerning his health but should inform the Court promptly should his medical condition change in a way that would affect his participation in this litigation. The parties are reminded to meet and confer in good faith and to correspond with one another in a timely manner in order to comply with the Court's deadlines. Upon submission of the joint status letter, the Court will set further litigation deadlines if necessary.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated:   April 2, 2021
         New York, New York