**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
:
: MEMORANDUM DECISION
: AND ORDER
:
In re Terrorist Attacks on September 11, 2001   :   03 MDL 1570 (GBD) (SN)
:
:
:
------------------------------------x

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's June 23, 2020 Order and Opinion. (*See* Opinion & Order, ECF No. 6290, filed under seal Jun. 23, 2020) ("June 23 Order.") The June 23 Order granted Saudi Arabia's request to limit its discovery searches and partially granted Plaintiffs' motion to compel. (*Id.*) The Plaintiffs' objections assert (1) that it was clear error for Magistrate Judge Netburn to deny document discovery concerning Majed Al Mersal; and (2) that Magistrate Judge Netburn clearly erred by denying Plaintiffs' requests for discovery searches of Saudi Arabia's Embassy and Consulate for documents related to Abdullah Al Jaithen. (Plaintiffs' Objections ("Pls. Objs.") 1, 8.) Plaintiffs also object to Magistrate Judge Netburn's denial of Plaintiffs' request for additional discovery concerning contacts between Al Jaithen and the King Fahad Mosque. (*Id.* at 8.) Plaintiffs' objections to Magistrate Judge Netburn's June 23 Order are overruled.

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's

1

disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

Having reviewed the June 23 Order and the submissions of the parties, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Magistrate Judge Netburn correctly concluded that Plaintiffs' discovery requests related to Al Mersal were untimely. (Order at 7.) Judge Netburn ruled that "formal paper discovery" in this matter was "over" as of January 13, 2020. (*Id.*) It is undisputed that Plaintiffs' requests as to Al Mersal were not made until after this deadline. Plaintiffs assert that "newly discovered evidence about Mersal's role" justify their belated requests. (Objs. at 6.) However, this argument was already considered and properly rejected by Magistrate Judge Netburn. (Order at 7.) Plaintiffs' have not provided sufficient evidence to justify ordering discovery as to Al Mersal and Magistrate Judge Netburn correctly stated that the Court need not "order discovery based on Plaintiffs' shifting investigative theories." (*Id.*)

As to Plaintiffs' second objection, this Court has previously found that Magistrate Judge Netburn has properly organized the discovery in this case based on the principle that jurisdictional discovery is to be conducted "circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (quoting *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992).) Plaintiffs have failed to provide any specific evidence suggesting that the documents they seek as to Al Jaithen exist in the Saudi Embassy and Consulate. Similarly, Magistrate Judge Netburn did not clearly err when she denied Plaintiffs' requests for additional searches for any contacts between Al Jaithen and the King Fahad Mosque. (Order at 6.) Saudi Arabia had already completed a broad search for such contacts and Plaintiffs have not presented any specific evidence to justify ordering supplemental discovery. *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) ("[d]iscovery requests cannot be based on pure speculation or conjecture.")

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's June 23 Order are OVERRULED. Plaintiffs' specific request for further discovery is DENIED. Magistrate Judge Netburn's June 23 Order is adopted in its entirety.

Dated: April 12, 2021
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE