**Archived:** Friday, April 16, 2021 1:47:21 PM
**From:** Richard Sandza
**Sent:** Tue, 2 Mar 2021 21:57:32 +0000Received: from MWHPR04CA0056.namprd04.prod.outlook.com (2603:10b6:300:6c::18) by BY5PR19MB3668.namprd19.prod.outlook.com (2603:10b6:a03:1ca::22) with Microsoft SMTP Server (version=TLS1_2, cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.3890.28; Tue, 2 Mar 2021 21:57:29 +0000Received: from MW2NAM12FT058.eop
**To:** Haefele, Robert
**Cc:** Flowers, Jodi; Heyl, C. Ross; Haileselassie, Jade; Cashon, Richard; Carter, Sean; Tarbutton, Scott; Steven R. Pounian; Andrew J. Maloney; Goldman, Jerry S.; Strong, Bruce; Fawcett, Jim; Kreindler, Jim; Rivers, Tammy; Benett, Megan; Kappler, David
**Subject:** Re: EXTERNAL-Deposition of Wael Jelaidan
**Importance:** Normal

---

Robert, etc.

We have passed on your response to Mr. Julaidan's deposition issues and received a response from his Saudi attorney.

Once again, we do this in the spirit of cooperating with the Court and complying with its order. We also do this to show transparency and continuing the dialog.

However, we do not waive any attorney client privilege by sharing this information with you.

His response:
**Length of deposition:**
1. As regards the time allotted for the deposition, Mr. Julaidan will not agree to any extension beyond the maximum allotted by the federal rules. Any request by the plaintiff's Attorney will be unacceptable to Mr. Jelaidan.
**Translator:**
2. As regards the Translator, The Plaintiff's Attorney may bring whomever they want provided that Mr. Julaidan has his own translator (at Plaintiff's expense) by his side in order to verify the authentication of the translated language by the translator chosen by thew plaintiff's Attorney. Further, Julaidan will not accept any language to be inserted in the deposition unless it is verified and acceptable by him and his translator.
**Dates:**
3. As regards the Dates offered for the Deposition, The dates are not flexible and they are the only dates available by Mr. Julaidan and he will not be able to attend outside these time frames.

As you can see our role has been reduced to middleman in this dialog.

Let us know if you would like us to pass anything on to Attorney Alim in Saudi Arabia.

We are going to try to find out why Julaidan's availability is limited to just two weeks between now and September.

On Thu, Feb 25, 2021 at 3:59 PM Haefele, Robert <rhaefele@motleyrice.com> wrote:

> Dear Richard:
>
> First, in responding to this, please reply to all of the recipients to this email. Thank you for your response regarding Mr. Jelaidan's availability for deposition. Below are our responses to the concerns that you have raised (the **black** are your stated concerns; the <span style="color:red">red</span> are our responses). In summary, however, we are concerned that the time period that you have provided for Mr. Jelaidan's availability is much more limited than we would have anticipated given the Court's discovery schedule and the requirement that Mr. Jelaidan sit for his deposition. Given that the plaintiffs are not available during the first time slot that you have offered, please inquire further of Mr. Jelaidan's availability within a shorter time period that you have proposed (see item #3 below).
>
> 1. **The deposition will conform to the FRCP in terms of length of time and scope.** – <span style="color:red">At the moment, we anticipate that the deposition will take approximately 14 hours of testimony time (excluding breaks and other colloquy, etc.). As you likely know, the presumption under the FRCP is that a deposition will last 7 hours and the Court has acknowledged that where an interpreter is used, the time allotted is doubled as a result of the questions and answers each having to be asked/answered at least twice (once in each language). We reserve the right to consider asking the Court to elongate that time, but have not made that determination yet.</span>

2. **Deposition must take place during the Saudi work week—Sunday to Thursday**. – **We agree to conduct the deposition between Mon-Thursday, as prescribed by the Court's Protocol.**

3. **As Ramadan and the Hajj are approaching, the deposition can be held on the last week of March or the second week of August**. – **We cannot agree to these time constraints. At present, we are not available to schedule this deposition during the last week of March, and we perceive that the discovery schedule that the Court has proposed makes waiting until the Second week of August prohibitive. Are you able to explain why Ramadan (from April 12 to May 12) and the Hajj (from July 17 to July 22) would necessitate us having to wait until mid-August for his deposition?**

4. **The deposition will be in Jeddah at a mutually agreed-upon location**. – **We understand this concern to ask whether the witness may testify from a location in Jeddah. Under the present circumstances created by the ongoing pandemic, we agree that the witness may be located in Jeddah.**

5. **Wael would like to choose the translator; we will advise him that the translator must be from a recognized translation service who does deposition work**. **No, we do not agree that Mr. Jelaidan may choose the translator. The parties have been engaged in depositions for several years, many that have involved use of translators. We will continue to engage their services for Mr. Jelaidan's deposition.**

Sincerely,

**Robert Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Richard Sandza <rs@martinmcmahonlaw.com>
**Sent:** Monday, February 22, 2021 11:26 AM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** EXTERNAL-Deposition of Wael Jelaidan

Robert,

In the interest of keeping the dialog going, we are hereby providing some privileged information.

Please confirm in writing that these disclosures will not be circulated and that we're not waiving privilege.

We have heard from Wael's attorney in Saudi Arabia. He has spoken to Wael who has agreed to sit for the deposition And he not insisting that his Saudi attorney be present.

We will monitor the deposition as his US counsel and perform our normal defense activities.

He has some concerns:

1. The deposition will conform to the FRCP in terms of length of time and scope.

2. Deposition must take place during the Saudi work week—Sunday to Thursday.

3. As Ramadan and the Hajj are approaching, the deposition can be held on the last week of March or the second week of August.

4. The deposition will be in Jeddah at a mutually agreed-upon location.

5. Wael would like to choose the translator; we will advise him that the translator must be from a recognized translation service who does deposition work.

Assuming the Jeddah location planned for last year is acceptable, and if can go along with the translator issue, we suggest you send us a deposition notice immediately to nail down the last week in March.

--

**Richard Sandza, Esquire**

**Of Counsel**

*Martin F. McMahon And Associates, PLLC*

*1717 K Street NW*

*Washington, DC 20006*

MartinMcMahonLaw.com

202-862-4341

FAX 202-776-0136

**This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. ********************************************************** IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.**

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

--
**Richard Sandza, Esquire**
**Of Counsel**
*Martin F. McMahon And Associates, PLLC*
*1717 K Street NW*
*Washington, DC 20006*
MartinMcMahonLaw.com
202-862-4341
FAX 202-776-0136

**This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. ********************************************************** IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in**

**this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.**

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.