KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 29, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in further support of its April 27 letter-motion, ECF No. 6766, to adjourn the depositions of certain witnesses; and in reply to the Plaintiffs' Executive Committees' ("Plaintiffs") April 28 letter-opposition, ECF No. 6773.

      The Court ordered "at least four weeks" of notice for non-party depositions, ECF No. 6204, at 1 ("May 2020 Order"), and Plaintiffs do not, and cannot, dispute that they failed to give such notice for three of the five depositions at issue. Nor do they, or can they, dispute that, when Saudi Arabia pointed out the problem, Plaintiffs insisted that they would proceed on the short-notice dates and refused Saudi Arabia's request to meet and confer. Saudi Arabia has made every effort to accommodate Plaintiffs' requested deposition dates. But reasonable negotiations and cooperation are impossible when one side declares that it has the authority to shorten the time required by a Court order and then refuses even to discuss the issue.

      Contrary to Plaintiffs' contention (at 3), it is neither true nor relevant that the four-week notice requirement was set "when the Court and parties still anticipated in-person depositions, many overseas, all with travel." It is not true because as early as the April 17, 2020 hearing, before the May 2020 Order, the Court told the parties that "[s]ome of the depositions, I think, are going to have to go forward by remote means." ECF No. 6158, at 13:6-7. And it is not relevant because the May 2020 Order makes no distinction between in-person and remote depositions. If Plaintiffs think less notice should be required for remote depositions, they should ask the Court to change its order, not violate the order and argue for modification after the fact.

      The agreed provisions of the deposition protocol also require a party to "confer before . . . subpoenaing a deposition." ECF No. 6002-1, ¶ 12 ("Protocol"). Plaintiffs' argument (at 2) that

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
April 29, 2021
Page 2

the Protocol "became moot and was never put in place" is the first time they have ever suggested that the parties are not proceeding under the agreed provisions of the Protocol.

Nor is there merit to Plaintiffs' position (at 3) that it is "not feasible" to confer before issuing a Rule 45 subpoena. It is not just feasible, but easy to ask opposing counsel whether a date works before scheduling a deposition for that date, whether by subpoena or by notice. Plaintiffs expressly agreed to do so in paragraph 12 of the Protocol. It makes no sense that they now treat this everyday process as some unfair demand or insurmountable obstacle.

In any event, Plaintiffs do not dispute that at least three of the witnesses have not agreed to the dates Plaintiffs demand, and the depositions are unlikely to proceed on those dates. Although Plaintiffs (at 3) describe one of those witness as "recalcitrant" for allegedly failing to call them back about the date, and declare their intention to assert "control over [him] . . . via subpoena," the Court should not conclude on Plaintiffs' mere say-so that a date cannot be found on which the witness will voluntarily appear. Nor is there insufficient time in the remaining two months of fact discovery to issue another subpoena if that ultimately proves necessary.

Finally, Plaintiffs have no basis to insinuate (at 3) that if they followed the agreed procedure Saudi Arabia would "engage in improper influence, obstruction, and/or intimidation," or that "Saudi Arabia's [supposed] prior misconduct" has made "witnesses . . . fearful of testifying." Saudi Arabia has not done and will not do any such thing. Counsel should not carelessly throw out serious allegations (or allegations that would be serious if they had any foundation) as a rhetorical makeweight to oppose negotiating a deposition date.

The Court should adjourn the improperly scheduled depositions and direct Plaintiffs to meet and confer with Saudi Arabia, Dallah Avco, and any known counsel for the witnesses to schedule these and any other remaining third-party depositions.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)