UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br><br> ECF Case |

This document relates to:

*Underwriting Members of Lloyd's Syndicate 2, et al., v. Al Rajhi Bank, et al.*, No. 16-cv-07853
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450
*Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887
*Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 17-cv-07914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO AL RAJHI BANK'S OBJECTIONS TO MAGISTRATE JUDGE NETBURN'S OPINION AND ORDER**

April 30, 2021

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY ................................................................................. 1

II. PROCEDURAL BACKGROUND ...................................................................................... 2

III. ARB'S OBJECTIONS TO JUDGE NETBURN'S NON-DISPOSITIVE DECISION TO DEFER RULING ON ARB'S MOTION TO DISMISS SHOULD BE REJECTED BECAUSE HER DECISION WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO THE LAW ................................................................... 3

    A. The March 26, 2021 Order Is A Non-Dispositive Order, Not An Order Resolving A Dispositive Motion ....................................................................... 3

    B. This Court May Only Reverse The Order If It Is An Abuse Of Discretion Or Contrary To The Law ........................................................................................ 4

    C. Judge Netburn's Decision To Defer Ruling On The Motion To Dismiss Until After Jurisdictional Discovery Is Consistent With The Law And Is Not Clearly Erroneous ......................................................................................... 5

    D. Judge Netburn's Separate Determination That The Second Circuit's Mandate Ordering Jurisdictional Discovery Supports Proceeding With Jurisdictional Discovery Before Deciding ARB's Rule 12(b)(6) Motion Is Not Clearly Erroneous And Is Consistent With The Law ..................................................... 8

IV. ARB'S RULE 12(b)(6) MOTION IS WITHOUT MERIT .................................................. 10

V. CONCLUSION .................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Averbach v. Cairo Amman Bank*,
 2020 WL 486860 (S.D.N.Y. Jan. 21, 2020) ...............................................................................11

*Burrell v. United States*,
 467 F.3d 160 (2d Cir. 2006)..........................................................................................................9

*Butcher v. Wendt*,
 975 F.3d 236 (2d Cir. 2020)..........................................................................................................6

*Chen v. Hunan Manor Enter.*,
 2020 U.S. Dist. LEXIS 153353 (S.D.N.Y. Aug. 24, 2020).........................................................5

*In re Coudert Bros. LLP*,
 809 F.3d 94 (2d Cir. 2015)............................................................................................................9

*Ctr. for Reprod. L. & Pol'y v. Bush*,
 304 F.3d 183 (2d Cir. 2002)..........................................................................................................7

*In re Fairfield Sentry Ltd.*,
 690 F. App'x 761 (2d Cir. 2017) .................................................................................................9

*Gusler v. City of Long Beach*,
 823 F. Supp. 2d 98 (E.D.N.Y. 2011) ...........................................................................................8

*ICM Controls Corp. v. Honeywell Int'l, Inc.*,
 2019 U.S. Dist. LEXIS 225676 (N.D.N.Y. Dec. 3, 2019).........................................................7

*Joint Stock Co., v. Infomir, LLC*,
 2020 U.S. Dist. LEXIS 63099 (S.D.N.Y. Mar. 26, 2020) ......................................................3, 4

*Kaplan v. Lebanese Canadian Bank, SAL*,
 405 F. Supp. 3d 525 (S.D.N.Y. 2019).........................................................................................11

*O'Sullivan v. Deutsche Bank AG*,
 2019 WL 1409446 (S.D.N.Y. Mar. 28, 2019) ..........................................................................11

*Puricelli v. Argentina*,
 797 F.3d 213 (2d Cir. 2015).....................................................................................................8, 9

*In re Rationis Enters., Inc. of Panama*,
 261 F.3d 264 (2d Cir. 2001).........................................................................................................6

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) ................................................................................................................6

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ............................................................................................................1, 6

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ..............................................................................................................1, 6

*Strauss v. Credit Lyonnais, S.A.*,
    2021 WL 1291139 (2d Cir. April 7, 2021) ............................................................................12

*Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*,
    779 F. App'x 66 (2d Cir. 2019) ..........................................................................................8, 12

*Vera v. Banco Bilbo Vizcaya Argentaria, S.A.*,
    946 F.3d 120 (2d Cir. 2019) ................................................................................................6, 7

*Weiss v. Nat'l Westminster Bank*,
    2021 U.S. App. LEXIS 9979 (2d Cir. April 7, 2021) ........................................................11, 12

## Other Authorities

Fed. R. Civ. P. 12(i) ........................................................................................................................7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ *passim*

Fed. R. Civ. P. 72 ........................................................................................................... 1, 3, 4, 6, 7

**I.     INTRODUCTION AND SUMMARY**

Judge Netburn correctly deferred determination of the Rule 12(b)(6) motion to dismiss of Al Rajhi Bank ("ARB") until after the parties complete the jurisdictional discovery ordered by the Second Circuit.  *See* Opinion & Order (March 26, 2021) (ECF No. 6681) ("Order").  Judge Netburn denied ARB's motion to decide its Rule 12(b)(6) motion to dismiss before permitting jurisdictional discovery for two reasons.  First, Judge Netburn correctly decided that a determination of the threshold issue of the court's jurisdiction should occur before ruling on merits of Plaintiffs' claims, a decision that is entirely consistent with the controlling authority that courts generally may not assume jurisdiction "for the purpose of deciding the merits of the case."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998).  Second, Judge Netburn separately found that proceeding to a determination of ARB's 12(b)(6) motion, without first completing the jurisdictional discovery directed by the Second Circuit, would violate the spirit of the Second Circuit's mandate.

ARB's objections to Judge Netburn's ruling denying its motion to decide its Rule 12(b)(6) motion before allowing jurisdictional discovery misapprehends the very nature of the Court's ruling, and hinges on ARB's flawed claim that it is subject to *de novo* review under Rule 72(b).  Indeed, because Rule 72(b)'s *de novo* review standard applies only to rulings on dispositive matters, ARB's effort to shoehorn its objections into that standard require it to argue that Judge Netburn should have issued a report and recommendation, under the theory that her Opinion issued a dispositive ruling.  It plainly did not.  To the contrary, Judge Netburn did not dispose of any claims or defenses, but instead simply determined when ARB's Rule 12(b)(6) motion should be decided.  That ruling is plainly non-dispositive, and thus subject to the deferential review standard of Rule 72(a) (i.e., clearly erroneous or contrary to the law).

The Order and the underlying reasons for the Order are neither clearly erroneous nor contrary to the law because both foundations for Judge Netburn's decision are sound, and because a decision to defer ruling on a Rule 12(b)(6) motion to dismiss until after jurisdictional discovery cannot, by its nature, be contrary to law or an abuse of discretion. Therefore, the Court should reject ARB's objections.[1]

## II.  PROCEDURAL BACKGROUND

On October 15, 2019, the Second Circuit found that Plaintiffs had pled facts sufficient to warrant jurisdictional discovery on their claims against ARB, and it "remand[ed] for jurisdictional discovery" to determine discrete "factual issues" relating to the details of the alleged material support and whether countervailing evidence of intent existed concerning "whether the support was 'earmarked' for use … not directed at the United States." Second Circuit Panel Op. at 4. The Panel specifically relied on the sufficiency of Plaintiffs' "allegations related to Al Rajhi Bank's specific intent to further terrorism in the United States," as well as the sufficiency of "the support [to al Qaeda] alleged here" by Plaintiffs. *Id.*

In doing so, the Second Circuit recognized that this case presents no issue of unwitting provision of banking services. Instead, Plaintiffs allege that ARB, at the behest and direction of its most senior officials who worked extensively with al Qaeda's most senior leaders, operatives, and collaborators, supported al Qaeda and its anti-U.S. terrorist objectives by knowingly opening its doors to providing financial and other services to al Qaeda operatives and making direct financial contributions to al Qaeda. *See* Plaintiffs' First Amended Complaint ("FAC") ¶¶ 130-139, 153-192 & Exhibit A.[2] Indeed, that support enabled al Qaeda's development of international

---

[1] On April 19, 2021, Judge Netburn adopted the parties' joint proposal of a December 17, 2021 deadline for completion of all jurisdictional fact discovery. ECF No. 6747.
[2] *See* Case No. 1:16-cv-07853, ECF No. 56 (May 22, 2017).

2

terrorist capabilities and directly assisted the September 11th hijackers in both Germany and the United States.  FAC ¶¶ 156-158, 163.

The Second Circuit ordered that the case proceed to jurisdictional discovery despite ARB's repeated arguments to it that the matter should be resolved by addressing the case on the merits rather than jurisdiction.  The Second Circuit's Order is unequivocal: "we remand for jurisdictional discovery."  Panel Op. at 4.  Nonetheless, ARB resisted the discovery directed by the Second Circuit on remand, moving this Court to decide its Rule 12(b)(6) before allowing jurisdictional discovery.

On March 26, 2021, Magistrate Judge Netburn issued an Order denying ARB's "motion to decide its Rule 12(b)(6) motion to dismiss before permitting jurisdictional discovery."  Order at 12.  ARB thereafter filed objections to the Order pursuant to Rule 72.

### III. ARB'S OBJECTIONS TO JUDGE NETBURN'S NON-DISPOSITIVE DECISION TO DEFER RULING ON ARB'S MOTION TO DISMISS SHOULD BE REJECTED BECAUSE HER DECISION WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO THE LAW

#### A. The March 26, 2021 Order Is A Non-Dispositive Order, Not An Order Resolving A Dispositive Motion

ARB's objections hinge entirely on its incorrect position that it is entitled to *de novo* review under Rule 72(b), which governs magistrate rulings that are "dispositive of a claim or defense."  However, the March 26, 2021 Order did not dispose of ARB's Rule 12(b)(6) motion, or any claim in the case, but instead merely deferred ruling on ARB's Rule 12(b)(6) motion until after the completion of the jurisdictional discovery ordered by the Second Circuit.

The nature of the Order is plainly non-dispositive, and thus subject to review under Rule 72(a)'s deferential clearly erroneous or contrary to law standard.  As this Court has recognized "'[a] ruling is "dispositive" if it resolves substantive claims for relief rather than mere issues in the litigation.'"  *Joint Stock Co., v. Infomir, LLC,* No. 16 Civ. 1318 (GBD) (BCM), 2020 U.S. Dist.

3

LEXIS 63099, at *19 (S.D.N.Y. Mar. 26, 2020) (quoting *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 92 (S.D.N.Y. 2002)).  Here, Judge Netburn did not rule on the merits of ARB's Rule 12(b)(6) motion.  Instead, Judge Netburn denied ARB's request concerning *when* the Court should entertain ARB's motion, by ordering that the parties conduct jurisdictional discovery, as mandated by the Second Circuit's summary opinion reversing ARB's dismissal for lack of personal jurisdiction, so that the Court can determine whether it has jurisdiction to decide ARB's Rule 12(b)(6) motion.

Consistent with the nature of the determination made, Judge Netburn did not issue a Report and Recommendation, but rather an Opinion and Order, confirming quite clearly Judge Netburn's own recognition that her ruling did not dispose of any dispositive matter.  This approach was entirely correct, given that the Order merely addressed the timing for addressing ARB's Rule 12(b)(6) motion to dismiss, and not the merits of that motion.[3]

### B. This Court May Only Reverse The Order If It Is An Abuse Of Discretion Or Contrary To The Law

Where, as here, a magistrate judge issues a non-dispositive order, the district court review is conducted under the clearly erroneous or contrary to law standard.  *Joint Stock Co.,* 2020 U.S. Dist. LEXIS 63099, at *18 (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  A party seeking to overturn a magistrate judge's decision carries a heavy burden because "[m]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Joint Stock Co.,* 2020 U.S. Dist. LEXIS 63099, at *17 (quotations and citations omitted).  "A magistrate's ruling is contrary to law if it fail[s] to

---

[3] ARB criticizes Judge Netburn for failing to issue a Report and Recommendation as purportedly required by Rule 72.  Objection at 3-4.  To give credence to ARB's criticism would require this Court to find that Judge Netburn does not understand that a magistrate judge is required to issue a Report and Recommendation when resolving dispositive motions.

4

apply or misapplies relevant statutes, case law, or rules of procedure[.]" *Chen v. Hunan Manor Enter.,* No. 17 Civ. 802 (GBD) (GWG), 2020 U.S. Dist. LEXIS 153353, at *6 (S.D.N.Y. Aug. 24, 2020) (quotations and citations omitted).

### C. Judge Netburn's Decision To Defer Ruling On The Motion To Dismiss Until After Jurisdictional Discovery Is Consistent With The Law And Is Not Clearly Erroneous

Judge Netburn carefully reviewed the case law addressing the very limited circumstances under which a court *may* assume jurisdiction and decide the merits of a case, and appropriately declined to do so here. Judge Netburn recognized that ARB was asking "the Court to assume jurisdiction—*i.e.*, hypothetically find it present—and rule on the merits of the case." Order at 9. Consistent with controlling Supreme Court and Second Circuit precedent, and the procedural posture and background of the claims against ARB, Judge Netburn properly concluded that "follow[ing] the Bank's proposal at this juncture would be inconsistent not only with the generally accepted view that jurisdictional questions should be addressed before merits questions, but also with the specific posture of this case, where the District Court itself has considered jurisdiction before the merits (*see* Mem. Decision & Order at n.5), and the Court of Appeals has indicated that jurisdictional discovery is appropriate." *Id.* at 9-10.

Judge Netburn's holding that the Court should first determine its jurisdiction is entirely consistent with the controlling authorities and did not constitute error at all, much less clear error. As Judge Netburn observed, "[a] court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." Order at 5 (*quoting Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017)). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without

5

exception." *In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) (citation omitted).

For these reasons, the Supreme Court in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) held that assuming the existence of jurisdiction "for the purpose of deciding the merits" is improper because it "carries the courts beyond the bounds of authorized judicial action." *Id.* at 94. This prohibition applies to both subject matter jurisdiction and personal jurisdiction, because each one is an "essential element of the jurisdiction of a district ... court." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *see Sinochem Int'l v. Malaysia Int'l Shipping*, 549 U.S. 422, 430-31 (2007) (*Steel Co.* "clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)").

Judge Netburn's decision that the Court should determine its jurisdiction before determining the merits of ARB's Rule 12(b)(6) motion is firmly rooted in a straightforward and well-reasoned application of these controlling authorities and principles. As such, ARB simply cannot demonstrate that Judge Netburn's holding on this point was contrary to law or constituted clear error, as required by Rule 72(a). Its desperate and flawed efforts to avoid that standard of review acknowledge as much.

Further still, the very authorities ARB relied upon in support of its motion to decide its Rule 12(b)(6) motion before allowing jurisdictional discovery merely provide that a court *may*, in very limited circumstances not present here, address merits issues without first resolving all jurisdictional questions. *Butcher v. Wendt*, 975 F.3d 236, 244 (2d Cir. 2020) (a court *may* decide merits before deciding jurisdiction) (emphasis added); *Vera v. Banco Bilbo Vizcaya Argentaria,*

6

*S.A.*, 946 F.3d 120, 137 n.22 (2d Cir. 2019) (court *may* decide merits without deciding jurisdiction when jurisdictional issues are complex and substantive claim is indisputably without merit) (emphasis added) (citing *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006)); *Ctr. for Reprod. L. & Pol'y v. Bush*, 304 F.3d 183, 194 (2d Cir. 2002) (a court *may* decide merits before deciding jurisdiction if merits are foreordained) (emphasis added). As Judge Netburn observed, those authorities do not compel the court to do so under any circumstances. Order at 9. This is consistent with the general rule that the court has complete discretion to decide a Rule 12(b)(6) motion at any time it deems appropriate before trial. Fed. R. Civ. P. 12(i).

Thus, Judge Netburn's decision deferring determination of ARB's Rule 12(b)(6) motion until after the completion of jurisdictional discovery cannot, by its very nature, be contrary to law or an abuse of discretion. ARB has no answer for this inescapable fact, as confirmed by its misguided efforts to claim that the Order should be subject to *de novo* review. Again, it is improper for the Court to undertake a *de novo* review because "a magistrate judge is due substantial deference when deciding non-dispositive issues under FRCP 72(a), deference which is incompatible with de novo review." *ICM Controls Corp. v. Honeywell Int'l, Inc.*, No. 5:12-CV-1766 (LEK/ATB), 2019 U.S. Dist. LEXIS 225676, at *24 (N.D.N.Y. Dec. 3, 2019).[4] Therefore, this Court should reject ARB's objections and affirm the Order.

---

[4] As summarized by the *ICM Controls Corp* court, when reviewing non-dispositive pretrial orders: "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority … In other words, a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." 2019 U.S. Dist. LEXIS 225676 at *25. "[A]lthough legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate's conclusion, in which case there is no abuse of discretion." *Id.* "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id.* "[T]hat reasonable minds may differ on the wisdom of granting [a party's] motion does not mean that the decision is clearly erroneous or contrary to law." *Id.* at 25-26. (citations and quotations omitted).

7

Indeed, ARB's abject failure to argue the correct standard of review itself warrants rejecting ARB's objections.  A district judge reviewing a magistrate judge need only address proper objections since a court "is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed." *Gusler v. City of Long Beach,* 823 F. Supp. 2d 98, 109 (E.D.N.Y. 2011), *appeal dismissed*, 700 F.3d 646 (2d Cir. 2012). ARB's objections are clearly improper because they fail to point to any abuse of discretion or ruling that is contrary to law.

### D.  Judge Netburn's Separate Determination That The Second Circuit's Mandate Ordering Jurisdictional Discovery Supports Proceeding With Jurisdictional Discovery Before Deciding ARB's Rule 12(b)(6) Motion Is Not Clearly Erroneous And Is Consistent With The Law

Judge Netburn separately concluded that the "spirit of the mandate" requires that the case proceed with jurisdictional discovery before a decision on the merits.  Order 10-12.  This determination is consistent with the law and provides a second, independent reason for denying ARB's motion as Judge Netburn correctly held.

Judge Netburn's decision is consistent with controlling authority regarding how a trial court should respond to an appellate mandate.  *First*, "where a mandate directs a district court to conduct specific proceedings and decide certain questions, generally the district court must conduct those proceedings and decide those questions." *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015).  Under these principles, this Court must proceed to jurisdictional discovery because the Second Circuit directed it to do so.  *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank,* 779 F. App'x 66, 68-69 (2d Cir. 2019) ("Summary Order") (remanding for jurisdictional discovery to "determine" identified jurisdictional issues).  Only by allowing such discovery can this Court "conduct those proceedings and decide those questions" required by the Second Circuit,

thus giving the Order its "full effect." *Puricelli*, 797 F.3d at 218; *In re Coudert Bros. LLP,* 809 F.3d 94, 98 (2d Cir. 2015).

*Second*, the district court must follow the Second Circuit's rulings on issues that it decided, whether explicitly or implicitly. *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006). Here, the Second Circuit's mandate ordered jurisdictional discovery despite ARB's repeated arguments to the Second Circuit this matter could and should be resolved by addressing the case on the merits rather than by addressing jurisdiction. The Second Circuit, however, addressed jurisdiction only and did not adopt ARB's position that the merits could be addressed before jurisdiction is established. The Second Circuit's rejection of ARB's alternative argument was directly confirmed by its grant of jurisdictional discovery. *See, e.g., In re Fairfield Sentry Ltd.*, 690 F. App'x 761, 765-66 (2d Cir. 2017); *Coudert Bros.*, 809 F.3d at 99 (mandate rule extends to matters which were "necessarily implied") (quotations and citations omitted).

ARB asks this Court to overturn Judge Netburn's decision by invoking an exception to the mandate rule, *which allows but does not* require the trial court to dispose of the case on alternative grounds for if the alternative grounds are not within the scope of the mandate. Objections, 15-16 (quoting *In re Coudert Bros. LLP,* 809 F.3d 94, 98 (2d Cir. 2015) ("When the mandate leaves issues open, the lower court *may* dispose of the case on grounds not dealt with by the remanding appellate court.") ... *Silverman v. Teamsters Local 210 Affiliated Health & Ins. Fund.,* 725 F. App'x 79, 81 (2d Cir. 2018) (affirming district court's dismissal on grounds not addressed by mandate and deemed not prohibited by the "spirit of the mandate," because "[n]othing in our opinion restricted the district court from considering' alternative grounds.")) (emphasis added in ARB's objections).

9

Judge Netburn's decision to follow the Second Circuit mandate before ruling on ARB's Rule 12(b)(6) motion is not clearly erroneous nor contrary to the law. Judge Netburn carefully analyzed the unambiguous direction provided by the Second Circuit, with due regard for the procedural history and posture of the claims, and correctly concluded that bypassing jurisdictional discovery would violate the spirit of the Second Circuit's mandate. Order at 12. That determination was entirely correct, and separately precluded the course proposed by ARB.[5]

No aspect of Judge Netburn's ruling with respect to the mandate rule is clearly erroneous or contrary to the controlling law. Therefore, this Court should reject ARB's objections.

## IV.  ARB'S RULE 12(b)(6) MOTION IS WITHOUT MERIT

ARB spends a considerable portion of its Objections arguing that Plaintiffs' claims are foreclosed and rearguing the merits of its Rule 12(b)(6) motion. However, Judge Netburn did not rule on the merits of either of these issues, and ARB's efforts to reargue those issues here is procedurally improper. Those issues are not properly before this Court in the context of ARB's objection to the ruling deferring resolution of its Rule 12(b)(6) motion until after completion of the jurisdictional discovery directed by the Second Circuit, and should be disregarded entirely.

In any event, ARB's Rule 12(b)(6) motion is without merit, for the myriad reasons discussed in Plaintiffs' Response to ARB's Motion to Decide its Motion to Dismiss, ECF No. 5892. As discussed more fully in that brief, the well pled facts and allegations in the FAC state substantive causes of action for both secondary liability (aiding and abetting and conspiracy) and primary liability under the ATA. *See* Pls.' Resp. to ARB's Mot. to Decide Its Mot. to Dismiss,

---

[5] Moreover, even if ARB had demonstrated that an exception to the mandate rule were applicable here, which it did not, the decision whether to bypass an appellate mandate in such circumstances to dispose of a case on alternative grounds is committed to the discretion of the deciding judge. ARB cites no case law that requires a trial court to bypass an appellate court's mandate to rule on alternative grounds for dismissal, because it cannot.

10

ECF No. 5892 (February 10, 2020). As detailed in the substantive briefing, this case does not involve unwitting provision of banking services. Instead, Plaintiffs allege that ARB, at the behest and direction of its most senior officials and working in close coordination with al Qaeda and its most important collaborators, supported al Qaeda and its anti-U.S. terrorist objectives by knowingly opening its doors to providing financial and other services to al Qaeda operatives and making direct financial contributions to al Qaeda. FAC ¶¶ 130-38, 156-92 & Ex. A. Plaintiffs pleadings detail how that support both enabled al Qaeda's development of international terrorist capabilities and directly assisted the September 11th hijackers in both Germany and the United States. FAC ¶¶ 156-58; 163.

As detailed in the FAC, ARB's substantial and pervasive support for al Qaeda, combined with ARB's specific intent to further terrorism in the United States, distinguishes Plaintiffs' aiding and abetting claims from other ATA claims in which aiding and abetting liability was not found. *See, e.g.*, *Averbach v. Cairo Amman Bank*, No. 19-cv-0004-GHW-KHP, 2020 WL 486860, at *16-17 (S.D.N.Y. Jan. 21, 2020) (mere arms-length business relationship with customers supporting Hamas, without allegation of knowledge, insufficient for ATA claim); *O'Sullivan v. Deutsche Bank AG*, No. 17 CV 8709-LTS-GWG, 2019 WL 1409446, at *9 (S.D.N.Y. Mar. 28, 2019) (no allegation bank knew its services would be directed to terrorist); *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 528-29 (S.D.N.Y. 2019) (no allegations that bank knew customers were linked to Hamas); *Weiss v. Nat'l Westminster Bank,* Nos. 19-863(L), 19-1159 (XAP), 2021 U.S. App. LEXIS 9979 at *15 (2d Cir. April 7, 2021) (after discovery, summary judgment affirmed based on lack of evidence that bank that processed wire transfers knew that its customers were

11

fundraising for Hamas); *Strauss v. Credit Lyonnais, S.A.,* Nos. 19-865(L), 19-1285 (XAP), 2021 WL 1291139, at *2 (2d Cir. April 7, 2021) (same, relying on *Weiss*).[6]

Unlike those cases, Plaintiffs have alleged facts showing pervasive direct and indirect links between ARB and al Qaeda, all of which were conducted with the "specific intent to further terrorism in the United States." *Underwriting Members,* 779 F. App'x at 66. The FAC sets forth sufficient allegations that ARB collaborated with al Qaeda with the specific intent to further terrorism in the United States to warrant personal jurisdictional discovery. Therefore, the FAC necessarily sets forth sufficient facts to warrant discovery concerning ARB's role in supporting al Qaeda's terrorist activities because ATA primary and secondary liability do not require specific intent but merely that ARB was providing assistance to a terrorist organization, which is more than sufficiently pled in the FAC.

## V.    CONCLUSION

ARB has failed to point to any clear error or failure by Judge Netburn to follow controlling law. Thus, ARB's objections to Judge Netburn's non-dispositive pretrial order should be rejected by this Court. Jurisdictional discovery should move forward as mandated by the Second Circuit and ordered by Judge Netburn.

---

[6] In its Objections, ARB cites to *Weiss* and *Strauss,* two Second Circuit decisions issued after Judge Netburn's Order, further highlighting the procedural impropriety of ARB's attempts to litigate the merits of its Rule 12(b)(6) motion as an objection to Judge Netburn's Order which did not decide the merits. Contrary to ARB's claim, *Weiss* and *Strauss* underscore the sufficiency of Plaintiffs' allegations as to ARB. Indeed, plaintiffs in both cases were afforded discovery on the merits of their claims, on the basis of allegations that did not approach the pervasive support and specific intent to further terrorism alleged as to ARB here. In any case, the import of *Weiss* and *Strauss* as to the merits of Plaintiffs' claims against ARB may only properly be addressed after the conclusion of jurisdictional discovery, when ARB will be free to renew its motion to dismiss and the parties will have the opportunity to brief all relevant authorities in full.

April 30, 2021

Respectfully submitted,

/s/  Sean P. Carter
Sean P. Carter, Esq.
William J. Clark, Jr., Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2000

Attorneys for *Lloyd's Syndicate 2* and *Muenchener* Plaintiffs


James L. Bernard, Esq.
Patrick N. Petrocelli, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Attorneys for *Arrowood* Plaintiffs


Christopher R. LoPalo, Esq.
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, NY  11747
(212) 397-1000

Attorneys for *Augilar*, *Abarca*, *Abedhajajreh*, *Addesso*, *Aiken*, *Hodges*, and *Abbate* Plaintiffs


Robert C. Sheps, Esq.
SHEPS LAW GROUP, P.C.
25 High Street
Huntington, NY 11743
(631) 249-5600
Attorneys for *Charter Oak* Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of Plaintiffs' Memorandum of Law in Opposition to Al Rajhi Bank's Objections to Magistrate Judge Netburn's Opinion and Order, was filed electronically this 30th day of April 2021.  Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system, which all parties may access.

                                                        J. Scott Tarbutton, Esq.

LEGAL\52084599\1