## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

May 4, 2021

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    Plaintiffs' Executive Committees (the "PECs") write in reply to Defendant SDGT Wa'el Jelaidan's Opposition [ECF No. 6769] to the PECs' Motion to Compel Defendant Jelaidan to immediately sit for his deposition or to impose further sanctions under Fed. R. Civ. P. 37(b), and in further support of the PECs' Motion to Compel [ECF No. 6753].

    To begin, the PECs are saddened to hear of Mr. McMahon's health, and wish him well with his treatment. However, nothing about Mr. McMahon's health should be viewed as being in conflict with the Plaintiffs' entitlement to the deposition of Defendant SDGT Jelaidan, a deposition at which the Court ordered Mr. Jelaidan to appear nearly two years ago and for which the PECs have been pressing since the Court's order. *See* ECF No. 4532 (ordering Mr. Jelaidan to appear for his deposition by July 31, 2019 or move for a protective order).

    Although Mr. Jelaidan's Opposition suggests that he has not refused to sit for his deposition, in late February 2021, he offered only two available dates – one that conflicted with previously scheduled depositions on March 23 and 24, 2021, and while Plaintiffs' counsel were otherwise unavailable, and then in August 2021, long after the discovery cutoff. Recognizing the scheduling dilemma, Plaintiffs have asked Mr. Jelaidan for additional availability, or an explanation for his absolute unavailability between March and August. Mr. Jelaidan offered no explanation, but instead replied that Plaintiffs must comply with his schedule, not the Court's. Moreover, as explained in Plaintiffs' motion,

The Honorable Sarah Netburn
May 4, 2021
Page 2

---

the exchanges with Mr. Jelaidan's counsel raised uncertainties about Mr. Jelaidan's anticipated compliance with this Court's previous orders.

Because nothing in Mr. Jelaidan's Opposition disputes Plaintiffs' Motion to Compel, the Court should order that Mr. Jelaidan appear for his deposition as Plaintiffs have requested, consistent with the Court's previous orders. *See* ECF Nos. 5258, 5314, and 6611. Specifically, the Court should order that Defendant Jelaidan's deposition shall take place by remote videoconference [ECF No. 5199] and that it "cannot be attended (either in person or via video link) by any person who is not … U.S. counsel in this litigation for Jelaidan (or that counsel's U.S. staff)." ECF No. 5258.

The Court has specifically addressed each of the other issues that Mr. Jelaidan's counsel seeks to retread. *First*, Mr. Jelaidan's request that his own translator attend is addressed by the Court's Order at ECF No. 5258, which disallows attendance (either in person or remotely) by anyone not Mr. Jelaidan's U.S. counsel or staff. Nonetheless, Plaintiffs will consent to remote participation of a certified check translator at Mr. Jelaidan's own expense (as has been the practice in the ongoing remote depositions of Saudi witnesses), pursuant to the terms of Paragraph 97 of the applicable Deposition Protocol.[1] *Second*, as explained in Plaintiffs' Motion to Compel, Plaintiffs will comply with this Court's previous direction regarding the time allowed for Mr. Jelaidan's deposition. Namely, if the witnesses' testimony requires a translator, then the presumptive 7-hour time period under the Federal Rules is doubled.[2]

The PECs are skeptical of Mr. Jelaidan's new contention that he will testify in English without a translator—especially where he has expressed for months that his deposition needed to proceed with a translator. For the first time, Mr. Jelaidan now suggests that – although he still insists that his own translator must to attend – he "will answer the deposition in English, to the best of his ability, eliminating the need for a translator." Paragraph 99 of the Deposition Protocol [ECF No. 3894] provides that if Mr. Jelaidan "does not indicate the need for an interpreter but then demonstrates an inability or unwillingness to respond to questions due to alleged language difficulty, [Plaintiffs] may bring the issue to the attention of the MDL Court so that a proper remedy may be fashioned." Under the circumstances, where Mr. Jelaidan has long asserted an inability to respond to questions adequately in English, Plaintiffs ask that, for the sake of clarity going into the depositions, the deposition proceed with the use of a translator.

Finally, despite his Objection to the contrary, this Court has previously ordered that Mr. Jelaidan's deposition cannot be attended (either in person or remotely) by his local counsel in Saudi Arabia. [ECF No. 6611]. The issue was clearly decided, and this Court overruled Mr. Jelaidan's objection. Mr. Jelaidan should not be permitted, yet again, to relitigate the issue.

---

[1] Para. 97 of ECF No. 3894 provides in relevant part: "The noticing Party bears the cost of securing a qualified and official translator for the deposition. In addition, counsel for any Party may bring its own translator to the deposition for the purpose of assisting that counsel. If a Party insists on use of a certain interpreter at a deposition, then that Party shall bear the cost of that interpreter." To avoid Mr. Jelaidan evading the Court's order at ECF No. 5258, however, Plaintiffs reiterate that any certified check translator for Mr. Jelaidan may attend only remotely.

[2] Tr. of May 21, 2020 Hr'g at 143 (the Court finding that, where translations in depositions are such that questions and answers are staggered, not real-time translation, "it's going to have to be double (the time) because you're asking two questions. You're asking a question in English and then a question in Arabic.")

The Honorable Sarah Netburn
May 4, 2021
Page 3

---

    Accordingly, Plaintiffs again ask that this Court compel defendant Wa'el Jelaidan to sit for his deposition in a timely manner consistent with this Court's previous orders, and that should he not comply, strike his Answer and enter default judgment against him, as is appropriate under FRCP 37(b). Mindful of the Court's deadlines, Plaintiffs have asked that Mr. Jelaidan offer dates of availability between June 14, 2021 and July 16, 2021; however, because existing deadlines have already resulted in a crowded deposition calendar throughout June and July, to the extent that the Court is comfortable with Mr. Jelaidan's deposition proceeding in August, the Plaintiffs would consent to an August date. Regardless of when his deposition is to be scheduled, Plaintiffs request that Mr. Jelaidan be ordered to appear subject to the above-described condition that he will be subject to a default sanction should he fail to appear. Lastly, Plaintiffs request that Mr. Jelaidan's deposition proceed with the use of a translator, affording Plaintiffs the additional time discussed in footnote 2.

    Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | MOTLEY RICE LLC |
| By: /s/ *Sean P. Carter* <br> SEAN P. CARTER <br> COZEN O'CONNOR <br> One Liberty Place <br> 1650 Market Street, Suite 2800 <br> Philadelphia, Pennsylvania 19103 <br> Tel.: (215) 665-2105 <br> Email: scarter@cozen.com <br><br> *For the Plaintiffs' Exec. Committees* | By: /s/ *Robert T. Haefele* <br> ROBERT T. HAEFELE <br> MOTLEY RICE LLC <br> 28 Bridgeside Boulevard <br> Mount Pleasant, SC 29465 <br> Tel.: (843) 216-9184 <br> Email: rhaefele@motleyrice.com <br><br> *For the Plaintiffs' Exec. Committees* |

KREINDLER & KREINDLER LLP

By: /s/ *Andrew J. Maloney*
    ANDREW J. MALONEY
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Tel.: 212-687-8181
    Email: amaloney@kreindler.com

*For the Plaintiffs' Exec. Committees*

cc:    The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF