UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-1570 (GBD) (SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2021

**SARAH NETBURN, United States Magistrate Judge:**

    The Kingdom of Saudi Arabia moves to adjourn five non-party depositions because the Plaintiff's Executive Committee failed to comply with the Deposition Protocol. The Motion is GRANTED in part and DENIED in part.

    The provisions of the Deposition Protocol at issue are straightforward. Paragraph 12 requires "Deposition Point Persons" (Plaintiffs, Defendants, and if applicable, deponents) to "confer before noticing or subpoenaing a deposition in an effort to schedule depositions for mutually convenient dates and times." ECF No. 6002-1 at ¶ 12. It also requires that notices of non-party witness depositions be "provided at least four weeks in advance of the deposition." ECF No. 6204 at 1.

    Between March 27 and April 21, Plaintiffs served subpoenas on five non-party witnesses without first conferring with Defendants Saudi Arabia and Dallah Avco.[1] Saudi Arabia received notice of all these depositions on April 22; only two of these depositions were noticed "at least four weeks in advance of the deposition."

---

[1] The Challenged Witnesses are: (1) Abdulhafid Kebhaj, noticed for May 13; (2) Mahmoud Sultan, noticed for May 17; (3) Afrah Johar, noticed for May 18; (4) Ibrahim Johar, noticed for May 20; and (5) Mohamed Johar, noticed for May 21.

Plaintiffs do not dispute that they breached the Deposition Protocol. Rather, they argue that their minor variances were immaterial and otherwise excusable. Plaintiffs rely on the Federal Rules, which require only "reasonable notice" of a deposition, Fed. R. Civ. P. 30(b)(1). But the parties extensively negotiated, and the Court ordered, the Deposition Protocol, which governs this dispute.

Plaintiffs also contend that they were relieved of the Deposition Protocol requirements because of issues created by the COVID-19 pandemic, as a result of the Court's remote deposition orders, and in light of Saudi Arabia's litigation conduct. The Court has mindfully managed discovery during the pandemic. When the Court has modified the Deposition Protocol, such as when authorizing remote depositions, it has done so explicitly and in connection with specific aspects of the order. ECF No. 6546. It has never provided a blanket release from the Deposition Protocol. If Plaintiffs were worried that providing Saudi Arabia advance notice of depositions posed safety concerns or that notices could not be accomplished quickly enough, they could have sought relief from the Court. The Deposition Protocol provides a procedure for expedited depositions, ECF No. 6002-1 at ¶ 16, and this Court has previously provided substantial latitude, including permitting *ex parte* filings, to address witness security concerns. See, e.g., ECF No. 6100. In short, the Plaintiffs had options beyond self-help.

The Court is also sensitive to the challenges Plaintiffs face in this complex and long-running matter. More importantly, the Court has already determined that the June 30, 2021 discovery deadline for this matter is immovable. ECF No. 6546 at 10.

Balancing these interests, the Court orders the parties to meet and confer immediately to determine which, if any of the depositions may proceed as currently scheduled. Deponents' attorneys, if any, will be a part of this meet and confer process. To facilitate this, Plaintiffs will

provide Saudi Arabia and Dallah Avco with a list of known counsel for the five challenged witnesses. By May 10, 2021, the parties will submit a joint letter to the Court indicating which, if any, of the existing deposition dates they were able to agree on and which dates require adjournment or other resolution by the Court. The Court recognizes that by effectively allowing Plaintiffs to retroactively meet and confer, it is permitting a one-time departure from the Deposition Protocol. In light of this ruling, the Court does not expect this issue to arise again.

## CONCLUSION

Saudi Arabia's Motion is DENIED in part and GRANTED in part. Plaintiffs shall provide Saudi Arabia and Dallah Avco with counsels' contact information for any of the five challenged witnesses. The Deposition Point Persons shall meet and confer about the timing of these depositions and provide a joint status update to the Court by May 10, 2021.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         May 4, 2021