# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

May 5, 2021

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Today the Plaintiffs are filing with this letter-request by ECF their Application for the Issuance of a Letter of Request for the Examination of a Witness in Turkey pursuant to the Hague Evidence Convention. As described in the Application, Plaintiffs make this request in order to take the deposition testimony of Alp Karli, who was extensively involved in Omar al-Bayoumi's irregular secondment and with certain unusual payments to Bayoumi during the time that Bayoumi was providing assistance to the hijackers.

Plaintiffs named Mr. Karli as a deposition witness in February 2019; the Kingdom filed a protective order to block his testimony in February 2020; and in August 2020 this Court instructed the Kingdom "to undertake additional steps to determine the identity of Karli's employer and inquire whether Karli will sit for a deposition." ECF No. 6408 at 39.

Plaintiffs thereafter followed up with the Kingdom about Mr. Karli and the Kingdom's refusal to produce the witness, between September and November 2020, and on December 6, 2020 the parties met and conferred regarding Mr. Karli's deposition. Confirming its position, on December 29, 2020, the Kingdom responded to Plaintiffs' follow-up request for a decision about Mr. Karli with a letter in which it again refused to produce Mr. Karli's contact information, claiming any such details were attorney work product. *See* Declaration of Steven R. Pounian

Hon. Sarah Netburn
May 5, 2021
Page 2

_____

(Pounian Dec.), attached hereto, Exhibit A.  At that time, the Kingdom also said that Mr. Karli had "indicated that he plans to consult with counsel on this issue." *Id.*

On January 6, 2001, the Kingdom of Saudi Arabia told Plaintiffs that Mr. Karli was being represented by counsel and referred Plaintiffs to attorney Benjamin D. Wood, a partner at the global law firm of Squire Patton Boggs. *See* Pounian Decl., at ¶ 5.  On February 3, 2021, Plaintiffs contacted Mr. Wood regarding their request to depose Mr. Karli.  *See* Pounian Decl., Exhibit B hereto.  During their subsequent telephone call, Mr. Wood requested access to FBI materials concerning Mr. Karli. *See* Pounian Decl., at ¶ 6.  On February 10, 2021, Plaintiffs asked the Department of Justice to allow Plaintiffs to share FBI materials with Mr. Karli and Mr. Wood. *See* Pounian Decl., Exhibit C.  Plaintiffs identified the FBI documents they believed most relevant to the Alp Karli deposition in a February 11, 2021 email with Department of Justice lawyers. *Id.*   The government responded on February 25, 2021 that some limited set of materials had been provided to Mr. Wood pursuant to a request from the Kingdom and then on March 2, 2021 approved Plaintiffs request to provide certain additional documents to Mr. Wood under limited conditions. *Id.*  By April 13, 2021, Mr. Wood had received and reviewed the FBI materials and stated that he was now "working on getting available dates, and expect to provide several to you shortly." *See* Pounian Decl., Exhibit D.  Then, on April 28, 2021, Mr. Karli suddenly reversed course, refusing to voluntarily sit for a deposition. *See id.*  In light of Mr. Karli's unexpected about-face, on April 30, 2021 Plaintiffs provided Mr. Wood a subpoena to compel Mr. Karli's testimony, asking either for Mr. Karli's address or, alternatively, whether Mr. Wood would accept service. *See* Pounian Decl, Exhibits D, E.  In response, Mr. Wood, advised Plaintiffs that he would not accept service on behalf of Mr. Karli, told Plaintiffs that Mr. Karli resided in Turkey and was thus outside the scope of this Court's jurisdiction and declined to provide his address. *See* Pounian Decl, Exh. D.

Immediately upon learning that Mr. Karli would not only refuse to sit for the deposition to which he had previously indicated, through counsel, that he would participate in voluntarily but also would not accept service or provide his address, Plaintiffs again asked the Kingdom of Saudi Arabia to provide them with Mr. Karli's address. *See* Pounian Decl., Exhibit F.  The Kingdom finally did so on May 3, 2021.  The delay resulting from the foregoing sequence of events has left Plaintiffs in the unfortunate position of having to apply for these letters rogatory on an urgent basis, less than two months before the deadline this Court set for completion of all fact witness depositions. *See id*.

Plaintiffs are now submitting with this letter-request an application for Application for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters in support of their years'-long efforts to take testimony of fact witness Alp Karli.

Additionally, because the application contains Mr. Karli's home address, we have filed the application with that information redacted, consistent with the privacy rules of the United States District Court for the Southern District of New York.  Pursuant to this Court's Individual Practices III.d., we are sending by email an unredacted copy of the Letter of Request referenced

_____

in the subject Application with the information redacted highlighted, together with a redacted copy.

      As stated in Paragraph 9 of the application, Plaintiffs also ask the Turkish authorities, upon receipt of the Letter of Request, to keep the address of the witness confidential to the extent possible pursuant to applicable Turkish secrecy legislation.

Respectfully submitted,

| KREINDLER & KREINDLER | MOTLEY RICE |
|---|---|
| */s/ Megan Wolfe Benett* | */s/ Robert T. Haefele* |
| Megan Wolfe Benett, Esquire | Robert T. Haefele, Esquire |
| 485 Lexington Avenue, 28th Floor | 28 Bridgeside Boulevard |
| New York, NY 10017 | Mt. Pleasant, SC 29464 |
| For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims | For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

COZEN O'CONNOR

*/s/ Sean P. Carter*
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

For the MDL 1570 Plaintiffs' Exec.
Committee for Commercial Claims

cc:    The Honorable George B. Daniels (via U.S. mail)
        Michael K. Kellogg, Esq. (via email)
        Robert K. Kry, Esq. (via email)
        Alan R. Kabat, Esq. (via email)
        Benjamin D. Woods, Esq. (via email)