```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

```
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/6/2021___

03-MD-1570 (GBD) (SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

On May 5, 2021, the Court received a *pro se* nonparty motion, in the form of an undocketed letter, to quash, modify, or limit a subpoena in a pending deposition. That motion is DENIED to the degree that it seeks to adjourn or prevent the deposition and production of documents, and GRANTED to the degree that it seeks to have the deposition and any documents that are produced designated as confidential.

Recognizing that "a document filed *pro se* is 'to be liberally construed,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the Court treats this motion as one for a protective order under Federal Rule of Civil Procedure 26(c). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004). As has been noted previously in this MDL, "good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (citing Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir.2005)). In particular, courts have found good cause where disclosure might render the party vulnerable to serious legal consequences. See, e.g., Topo v. Dhir, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (finding that there would be good cause for a protective order where a line of discovery might render an undocumented person vulnerable to deportation).

The Court is also mindful that while the public's right to review court documents may bear on the good cause analysis, "no public right of access exists with respect to materials produced during the initial stages of discovery." In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d at 222.

Once a court determines that good cause exists, then it has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

The nonparty stated that the subpoena and resulting deposition would unduly burden the nonparty by requiring the disclosure of sensitive information that would prejudice that person in a separate foreign proceeding. The nonparty alleges that this proceeding could result in serious legal penalties and consequences.

Based on this letter, and given the state of the proceeding, the Court finds that the nonparty has sufficiently raised serious concerns related to potential adverse consequences but has not demonstrated that the only remedy is to quash the subpoena and adjourn the deposition.

Accordingly, the Court orders that the deposition and any documents that are produced in response to the subpoena shall be deemed Confidential Information and Protected Material pursuant to the parties' Protective Order, dated October 3, 2006. The Court denies the motion to the extent it seeks to have the deposition adjourned or delayed. Simultaneous with the filing of this order, the Court will docket the letter it received under seal.

## CONCLUSION

The nonparty's motion is DENIED in part and GRANTED in part. The deposition will proceed as noticed in the subpoena. The deposition and any documents that are produced will be deemed Protected Material pursuant to the parties' Protective Order and treated as confidential.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
              May 6, 2021