**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 0 6 2021

:
:
:

In re Terrorist Attacks on September 11, 2001

:
:
:
:
:

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to a three Orders and Opinions issued by Magistrate Judge Netburn regarding Plaintiffs' two motions to compel non-party Federal Bureau of Investigation to produce documents from its investigation of Saudi Government officials' assistance to the 9/11 hijackers. On April 27, 2020, Magistrate Judge Netburn denied, in part, Plaintiffs' request that the FBI produce documents regarding four Saudi officials, concluding that further discovery was only warranted for Abdullah al-Jaithen. (*See* Opinion & Order, ECF No. 6159, filed under seal Apr. 27, 2020) ("April 27 Order.") On October 21, 2020, Magistrate Judge Netburn denied Plaintiffs' request for the production of an unredacted copy of the 2012 FBI Summary Report, finding that the redacted portions of the Report were shielded from release by the state secrets and law enforcement privileges. (*See* Opinion & Order, ECF No. 6510, filed under seal Oct. 21, 2020) ("October 21 Order.") Similarly, on February 1, 2021, Magistrate Judge Netburn denied, in part, Plaintiffs' second motion to compel the FBI. (*See* Opinion & Order, ECF No. 6606, filed under seal Feb. 1, 2021 ("February 1 Order.") Magistrate Judge Netburn, once again, found that the documents sought by Plaintiffs were covered by the state secrets and law enforcement privileges. Plaintiffs filed objections to each of these rulings and maintain that Magistrate Judge Netburn erred

1

in her application of the state secrets and law enforcement privileges. Having reviewed Magistrate Judge Netburn's rulings for clear error, and finding none, Plaintiffs' objections to the April 27 Order, October 21 Order, and February 1 Order are OVERRULED.[1]

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

After reviewing the April 27, October 21, and February 1 Orders and the submissions of the parties, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Regarding the April 27 Order,

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

Magistrate Judge Netburn correctly determined that discovery related to Adel al-Sadan, Mutaeb Abdelaziz al-Sudairy, and Omar Abdi Mohamed fell outside the scope of jurisdictional discovery. Magistrate Judge Netburn carefully parsed the evidence in the record and properly determined that that Plaintiffs had failed to establish a connection between al-Sadhan, al-Sudairy, and Mohammed to the 9/11 hijackers. As to the October 21 and February 1 Orders, Magistrate Judge Netburn correctly applied the state secrets and law enforcement privileges.

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's April 27, October 21, and February 1 Orders are OVERRULED. Plaintiffs' request for oral argument is denied as moot. Magistrate Judge Netburn's Orders are adopted in their entirety.

Dated: May 5, 2021
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

3