USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 0 6 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
        :

In re Terrorist Attacks on September 11, 2001   :

        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, District Judge:

     Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's July 20, 2020 Order and Opinion (the "July 20 Order") denying Plaintiffs' motion to conduct an oral deposition of Akram Alzamari. (*See* Opinion & Order, ECF No. 6322, filed under seal July 20, 2020) ("July 20 Order.") The objections lodged by Plaintiffs assert (1) that it was clear error and contrary to law for Magistrate Judge Netburn to deny an oral deposition and limit Plaintiffs to their prior deposition of Alzamari by written question under Federal Rule of Civil Procedure 31; and (2) that Magistrate Judge Netburn clearly erred when she concluded that an oral deposition of Alzamari would be cumulative, unnecessary, and unduly burdensome. (Plaintiffs' Objections ("Pls. Objs.") 6–9.) Plaintiffs' objections to Magistrate Judge Netburn's July 20 Order are OVERRULED.

     A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on

1

the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

After reviewing the July 20 Order and the submissions of the parties, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Magistrate Judge Netburn correctly found that a second deposition of Alzamari would be unnecessarily cumulative and unduly burdensome. (July 20 Order at 5–11.) Plaintiffs point to contradictory statements made by Alzamari at his videotaped deposition where he answered written questions as the reason a second deposition is necessary. (Pls. Objs. 9–11.) But "[a]ll the information at issue was available to Plaintiffs" before that deposition and it was foreseeable that Alzamari would contradict himself when asked to recall events that happened more than 20 years ago. (July 20 Order at 10.) Moreover, Plaintiffs have cited to no caselaw to support the notion that "the witness's own conduct at the deposition [] constitutes new evidence" which justifies a second deposition. (*Id.*)

It is well-settled that a magistrate judge possesses wide discretion in handling pre-trial discovery matters. *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017).

Magistrate Judge Netburn carefully evaluated whether a second deposition of Alzamari was appropriate and acted within her discretion here. *See Shipkevich v. Staten Island Univ. Hosp.*, No. 08-CV-1008 FB JMA, 2012 WL 4442621, at *1 (E.D.N.Y. Sept. 25, 2012) (affirming a "magistrate judge's *sua sponte* grant of a protective order denying two additional depositions.")

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's July 20 Order denying an oral deposition of Alzamari are OVERRULED. Magistrate Judge Netburn's July 20 Order is AFFIRMED and adopted in its entirety.

Dated: May 5, 2021
New York, New York

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE