USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 0 6 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re Terrorist Attacks on September 11, 2001

------------------------------------x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's May 27, 2020 Order and Opinion granting, in part, Plaintiffs' motion to compel. (*See* Opinion & Order, ECF No. 6244, filed under seal May 27, 2020) ("May 27 Order.") Within their objections Plaintiffs also moved for reconsideration of the May 27 Order. (Plaintiffs' Objections ("Pls. Objs."), ECF No. 6265.) On August 11, 2020, Magistrate Judge Netburn issued an Opinion and Order (the "August 11 Order") denying Plaintiffs' motion for reconsideration. Plaintiffs subsequently objected, again under Federal Rule of Civil Procedure 72(a), to the August 11 Order. Plaintiffs' objections to Magistrate Judge Netburn's May 27 Order and August 11 Order are OVERRULED.[1]

## I. STANDARD OF REVIEW

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

1

ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). Furthermore, a magistrate judge possesses wide discretion in handling discovery disputes. *Auto. Club of New York, Inc. v. The Port Auth. Of New York & New Jersey*, No. 11-cv-6746 (RKE), 2015 WL 3404000, at *2 (S.D.N.Y. May 27, 2015); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

## II. THE MAGISTRATE JUDGE DID NOT CLEARLY ERR IN HER MAY 27, 2020 ORDER

Plaintiffs contend that Magistrate Judge Netburn committed clear error by (i) denying Plaintiffs' request that Saudi Arabia be ordered to produce documents from the Offices of Prince Abdulaziz "relating to the funding, direction, and reporting of propagators in the United states from 1998-2002," (ii) denying Plaintiffs' request that Saudi Arabia be ordered to produce phone records of "any calls from the Consulate or Embassy to Thumairy or Bayoumi from December 1999 to December 2000," and (iii) denying Plaintiffs' request to compel discovery concerning the governmental character of Prince Abdulaziz's Office of Research and Studies. (May 27 Order at 6–7, 11; Pls. Objs. at 5–14.)

2

As noted above, Plaintiffs bear a heavy burden in challenging Magistrate Judge Netburn's discovery rulings. *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, No. 09-cv-5843 (JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010). Plaintiffs fail to satisfy that burden here. Magistrate Judge Netburn correctly found that Plaintiffs' requests related to Prince Abdulaziz and the Office of Research and Studies were "only tangentially related to the question of whether Thumairy received instructions to assist the 9/11 hijackers." (May 27 Order at 7.) This Court has only permitted Plaintiffs to "conduct limited and targeted jurisdictional discovery critical to answering . . . whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." *In re Terrorist Attacks on Sept. 11, 2001*, 298 F. Supp. 3d 631, 651 (S.D.N.Y. 2018). Thus, Magistrate Judge Netburn correctly denied Plaintiffs' requests as falling outside the scope of jurisdictional discovery.

Similarly, Magistrate Judge Netburn correctly denied Plaintiffs' requests for all phone records of any calls from the Saudi Consulate or Embassy to Thumairy or Bayoumi from December 1999 to December 2000. (May 27 Order at 11.) The Second Circuit has clearly stated that, in the context of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, "discovery should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998) (citation omitted). The Second Circuit has further acknowledged the "delicate balancing 'between permitting discovery to substantiate exceptions to statutory foreign sovereign immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'" *EM Ltd. v. Republic of Argentina*, 473 F.3d 462, 486 (2d Cir. 2007) (quoting *First City, Texas–Houston, N.A.*, 150 F.3d at 176.) Here, Plaintiffs have failed to present any evidence that Saudi

Arabia's prior searches for responsive phone records were insufficient. Thus, any further searches are unwarranted and inappropriate given the delicate balancing required during jurisdictional discovery.

Plaintiffs have failed to show that Magistrate Judge Netburn committed clear error. Having considered Plaintiffs' arguments and reviewed their written objections, the Court finds no clear error in Magistrate Judge Netburn's May 27 Order. The May 27 Order is AFFIRMED, and Plaintiffs' objections are OVERRULED.

### III. THE MAGISTRATE JUDGE DID NOT CLEARLY ERR IN DENYING RECONSIDERATION

On August 11, 2020, Magistrate Judge Netburn issued an Opinion and Order denying Plaintiffs' motion to reconsider the May 27 Order. Plaintiffs subsequently filed objections to the May 27 Order. (Plaintiffs' August 25, 2020 Objections ("Pls. August 25 Objs."), ECF No. 6406.) Plaintiffs already carry the heavy burden of overturning Magistrate Judge Netburn's discovery rulings. They face an even steeper hill when it comes to reconsideration. As Magistrate Judge Netburn noted, to prevail on a motion for reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Plaintiffs' objections do not demonstrate that Magistrate Judge Netburn acted contrary to law or committed clear error. In fact, the Plaintiffs' objection briefing on reconsideration largely rehashes their "fundamental objection" that Magistrate Judge Netburn has imposed an "impossible burden" on Plaintiffs to "prove the existence and location of responsive documents in the Kingdom' own files as predicate for obtaining discovery." (Pls. August 25 Objs. at 2.) Plaintiffs, once again, fail to explain how the discovery standard is "impossible" when they prevailed under

4

it many times. Magistrate Judge Netburn considered both parties' arguments and, in a well-reasoned order granted some of Plaintiffs' discovery requests and denied others. (*See* May 27 at 6, granting, in part, Plaintiffs' discovery request.) Having reviewed the parties' filings and Judge Netburn's ruling, the Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177.

## IV. CONCLUSION

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's May 27 Order are OVERRULED. Similarly, Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's August 11 Order denying reconsideration are OVERRULED and the August 11 Order is AFFIRMED.

Dated: May 6, 2021
    New York, New York

SO ORDERED.

*/s/ George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE