UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |
|---|---|

*This document relates to All Actions*

### REQUEST FOR THE INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the Southern District of New York sends its compliments to the Ministry of Justice of Turkey, and respectfully presents this Letter of Request to the Ministry as the Central Authority of Turkey in accordance with the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters, T.I A.S. No. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"), which is in force between the United States and Turkey.

This Letter of Request involves a civil matter that is pending in the United States District Court. Set forth above is the formal court title of the matter. The details of the Request are presented as follows.

1. **Sender**

    Honorable Sarah Netburn
    United States Magistrate Judge
    United States District Court, Southern District of New York
    Thurgood Marshall United States Courthouse
    40 Foley Square, Room 430
    New York, NY 10007

    This Request is made upon the application of the Plaintiffs, *see* paragraph 6 below.

2. **Central Authority of the Requested State**

    Directorate General for Foreign Relations and EU Affairs
    Ministry of Justice
    Adalet Bakanlığı Ek Binası

1

      Namık Kemal Mah. Milli Müdafaa Caddesi No:22
      Kızılay Çankaya / ANKARA Turkey

3. **Person to whom the executed request is to be returned**

    Steven R. Pounian, Esq.
    Kreindler & Kreindler LLP
    485 Lexington Ave. – 28th floor
    New York, NY 10017
    Tel: +01 212 973 3477
    spounian@kreindler.com

4. **Specification of the date by which the requesting authority requires receipt of the response to this Letter of Request**

    As soon as practicable.

IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE EVIDENCE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5.   a.   **Requesting judicial authority**

      United States District Court
      Southern District of New York
      500 Pearl Street
      New York, New York 10007

  b.   **To the competent authority of Turkey**

      Directorate General for Foreign Relations and EU Affairs
      Ministry of Justice
      Adalet Bakanlığı Ek Binası
      Namık Kemal Mah. Milli Müdafaa Caddesi No:22
      Kızılay Çankaya / ANKARA Turkey

6. **Names and addresses of the parties and their representatives**

  a.   **Plaintiffs**

Plaintiffs are the estate representatives and surviving family members of the 2,977 persons killed in the September 11, 2001 Attacks in the United States; the thousands of persons who suffered personal injuries in those Attacks; and U.S. and European commercial parties that suffered billions of dollars of economic losses as a result of those Attacks. The

Plaintiffs are represented by various law firms, and various lawyers at several of the law firms representing the plaintiffs comprise Plaintiffs Executive Committees that the Court has charged with conducting all pretrial proceedings involving common issues on behalf of all plaintiffs.

The law firms responsible for this Request are:

>Kreindler & Kreindler LLP
>485 Lexington Avenue, 28th Fl.
>New York, NY 10017

>Motley Rice LLC
>28 Bridgeside Blvd.
>Mt. Pleasant, SC 29464

>Anderson Kill P.C.
>1251 Avenue of the Americas
>New York, NY 10020

>Cozen & O'Connor
>One Liberty Place
>1650 Market Street Suite 2800
>Philadelphia, PA 19103

b.  **Defendants**

>Dallah Avco

>MoloLamken LLP
>600 New Hampshire Avenue, N.W.
>Washington, DC 20037

>Kingdom of Saudi Arabia

>Kellogg, Hansen, Todd, Figel & Frederick, PLLC
>Sumner Square
>1615 M Street, N.W., Suite 400
>Washington, D.C. 20036

Other defendants in the case are contacted through the following defense liaison counsel:

>Alan R. Kabat, Esq.
>Bernabei & Kabat, PLLC

1400 - 16th Street, N.W., Suite 500
Washington, D.C.  20036-2223

**7.     Nature and purpose of the proceedings and summary of the facts**

This Request seeks testimony under oath of Turkish resident witness Mr. Alp Karli in connection with court actions currently proceeding in the United States District Court for the Southern District of New York, which is located in New York, New York, United States.

The court actions arise from the September 11, 2001 Attacks in the United States. Those Attacks occurred when hijackers seized control of four commercial passenger aircraft and flew two of those planes into the World Trade Center in New York City, one plane into the Pentagon building in Virginia outside Washington, D.C., and another plane crashed in Pennsylvania. A total of 2,977 persons were killed in the Attacks; many others were seriously injured; and there was substantial destruction of property and resulting commercial losses.

Plaintiffs brought actions for death, personal injury, and economic losses against a number of defendants, including the Defendants Dallah Avco and the Kingdom of Saudi Arabia, based on the plaintiffs' claims that actors for whom the Defendants were responsible knowingly provided and arranged for others to provide substantial assistance to the September 11 hijackers inside the United States. The Plaintiffs claim that such assistance was a cause of the September 11, 2001 Attacks. Two of the Saudi government employees identified by the Plaintiffs are Fahad al-Thumairy, a Saudi diplomat and the Imam of the King Fahad Mosque near Los Angeles, California from 1996 to 2001, and Omar al-Bayoumi, a Saudi government employee who lived in San Diego, California from 1995 to 2001, who Plaintiffs further allege was provided with false cover in the United States by Dallah Avco. Plaintiffs claim that al-Bayoumi, al-Thumairy, and others acting in concert with them, organized a support network inside the United States for two 9/11 hijackers, Nawaf al-Hazmi and Khalid al-Mihdhar, upon their arrival in the United States in January 2000.

United States courts have authorized Plaintiffs to collect evidence relevant to the "cover" provided by Dallah Avco to al-Bayoumi and "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers."

Mr. Alp Karli was the Contract Manager of the ANSS Project of Saudi Arabia's Presidency of Civil Aviation and has been identified as al-Bayoumi's direct supervisor during the relevant time period.

**8.  Evidence to be obtained or other judicial act to be performed**

Testimony under oath of the witness Mr. Alp Karli.

**9.  Identity and address of any person to be examined**

Name:     Mr. Alp Karli.

Address:  [redacted]

The Plaintiffs request that the information regarding the witness Mr. Alp Karli's address be kept confidential to the extent possible pursuant to applicable Turkish secrecy legislation to protect his privacy.

**10.  Plaintiffs' statement of the subject matter about which the person is to be examined**

The Plaintiffs provide the following summary of the subject matter of their examination.

Plaintiffs state that their examination will focus on events occurring when the witness Mr. Alp Karli was Omar al-Bayoumi's supervisor at the Saudi Government's Presidency of Civil Aviation (PCA). According to document production, Alp Karli was employed by the PCA as the Manager of the Contracts & Finance Control (CFC) unit of its Airways Engineering Directorate during the relevant time period. It was in this role that Mr. Karli

5

approved unusual increases in the Kingdom's compensation to Bayoumi, contemporaneous with the time that Bayoumi began assisting hijackers Hazmi and Mihdhar.

In October 2003, Bayoumi told the 9/11 Commission that Mr. Karli was an employee of Saudi Arabia's PCA, stating that Mr. Karli "worked in Jiddah in a PCA unit responsible for finances and contracts in the field of aviation services within Saudi Arabia." Mr. Karli's status as the PCA manager who supervised Bayoumi is confirmed by numerous documents, including, among other things, PCA timesheets, PCA pay increase records, and a February 2002 letter from Dallah Avco's Chairman to the PCA to demand that the PCA correct its false representations to U.S. investigators about Bayoumi's employment, and confirm that Bayoumi was employed by the PCA, not Dallah Avco.

Mr. Alp Karli will be examined about his knowledge and observations of Bayoumi, Saudi government personnel, Dallah Avco personnel, the 9/11 hijackers, and other persons involved in the relevant events. The questioning will address the work assignments, employment, and compensation of al-Bayoumi; the nature of the work actually performed by al-Bayoumi for the Kingdom of Saudi Arabia; and the alleged status of al-Bayoumi during the relevant time period as a student in the United States who was being seconded by the Presidency of Civil Aviation to Dallah Avco. The questioning will include the history, relationships, plans, contacts, meetings, discussions, financial arrangements and activities of the witness with Bayoumi and other relevant individuals. Moreover, Mr. Alp Karli will be asked about the various places, institutions, and locations where certain events occurred. Mr. Karli's testimony is also sought for him to explain various documents that he personally prepared and/or signed concerning al-Bayoumi's work, hours, and compensation at relevant times. In addition, the witness Mr. Alp Karli himself travelled to California prior to the 9/11 Attacks and Plaintiffs believe that he has personal knowledge relevant to Plaintiffs' claims regarding al-Bayoumi, al-Thumairy, the 9/11 hijackers, and other involved persons.

Most, but not all, of the questions will deal with the time period from 1995-2001. The witness will also be questioned regarding his personal background and potential biases.

It is anticipated that counsel for the parties will pose questions to Mr. Alp Karli concerning certain documents and information that must be kept confidential because of Orders issued by the United States District Court in New York, including an "FBI Protective Order" entered at the request of the U.S. Federal Bureau of Investigation. As a result of those Orders, various aspects of the subject matter cannot be addressed until the time of his examination, and it will be necessary that the portions of the examination of Mr. Alp Karli concerning such confidential documents and information be conducted in a closed room on a confidential basis. In addition, Plaintiffs plan to request that the United States District Court modify the current FBI Protective Order to allow the Turkish court and its officials, together with Turkish counsel for the parties, access to the documents and information that may be used during the examination of Mr. Alp Karli.

It is also expected that, depending upon his answers, the witness may be further questioned and confronted by counsel for the parties with prior statements that he made, including his statements at interviews conducted by the U.S. government investigators.

**11.     Any requirement that the evidence be given on oath or affirmation and any specific form to be used**

It is requested that the witness Mr. Alp Karli testify under oath and that the testimony be recorded by videotape.

**12.     Special methods or procedure to be followed**

It is requested that, to the extent permissible under Turkish law:

a. the parties' counsel, representatives or their designees, consultants, representatives of the United States Department of Justice, interpreters, and a stenographer and videographer be permitted to be present during the examination;

b. that during those portions of the questioning of the witness Mr. Alp Karli involving confidential documents and information subject to the Orders of the United States District Court, including the FBI Protective Order, that the proceedings be closed to the public, kept confidential, and attended only by persons authorized to be present pursuant to the FBI Protective Order;

c. that counsel for the Plaintiffs be allowed to conduct the initial examination of the witness Mr. Alp Karli, followed by an examination by the counsel for the Defendants, followed again by a rebuttal examination by the counsel for the Plaintiffs;

d. that during the proceedings, the counsel for the parties, both the Plaintiffs and the Defendants, be permitted to present their questions to the witness, including the opportunity to confront the witness with statements that he previously made, including statements that he made to the United States Federal Bureau of Investigation;

e. that during the proceedings, should a party raise an objection to a question by any other party based on U.S. law, including an objection on the grounds that the question is not relevant to or is outside the proper scope of the subject matter of these proceedings, it is requested that the judicial officer overseeing the examination instruct the witness to answer the question, as the United States District Court will rule on such issues;

f. that the judicial officer overseeing the examination of the witness Mr. Alp Karli, and other officials present, agree to maintain the confidentiality of certain documents and information that that the parties may utilize during the proceedings pursuant to the Orders of the United States District Court, including the FBI Protective Order, as specified by the terms of those Orders;

g. that a stenographer be permitted to record verbatim the examination of the witness Mr. Alp Karli, and a videographer be permitted to electronically record a video recording of the examination; and

h. that both parties, the Plaintiffs and the Defendants, be allowed to obtain certified copies of the videotape maintained by the Turkish court of the testimony of Mr. Alp Karli, so that the videotape can be viewed by the United States District Court in New York as an aid for that Court to understand the testimony of the witness Mr. Alp Karli, and to assess his credibility and the truthfulness of his answers, or in the alternative, that certified copies of the videotape maintained by the Turkish court of the testimony of Mr. Alp Karli be sent together with the minutes from the proceedings to be drawn up by the Turkish court and sent to the United States District Court at the address set forth in paragraph 1, above, following the termination of the proceedings.

**13.  Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified**

It is requested that notification be provided of the time and place of the examination of Mr. Alp Karli at least four weeks in advance of the examination, and that the notification be sent to Plaintiffs' counsel Kreindler and Kreindler LLP at the address listed above in paragraph 3. Plaintiffs' counsel are directed to immediately distribute such notification to the Court and all of the parties in this litigation.

**14.  Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request**

It is requested that judicial personnel of the United States District Court, or a representative appointed by that Court, be permitted to attend the proceedings, although it is uncertain at this time whether such personnel or representative will actually attend.

**15.  Specification of privilege**

No assertion of a privilege recognized by this Court has been made concerning the execution of this Request.

**16.  The fees and costs incurred that are reimbursable under the second paragraph of Article 1, or under Article 26 of the Convention**

Such costs, if any, shall be borne by the Plaintiffs. The bill for any such fees and costs should be sent to Kreindler & Kreindler, LLP, attorneys for Plaintiffs, at the address listed above in paragraph 3.

**17.    Date of Request**

May  _____, 2021

**18.    Signature and seal of the requesting authority**

_____
Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York