USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON                         03-MD-1570 (GBD) (SN)
    SEPTEMBER 11, 2001

                                                                  **ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    The Plaintiffs' Executive Committees move this Court to order defendant Wael Jelaidan to sit for deposition between June 14 and July 16, 2021. They also move to strike his answer and enter a default judgment if he does not appear, pursuant to Federal Rule of Civil Procedure 37(b). The motion is GRANTED in part.

    Jelaidan has a long "history of . . . noncompliance with court orders." ECF No. 4138. This pattern has continued with respect to his deposition. In May 2019, the Court ordered Jelaidan to sit for a deposition by July 31, 2019. ECF No. 4532. This was later extended to October 31, 2019. ECF No. 4582. Jelaidan failed to come to terms on a suitable deposition date by that deadline. So, on September 27, 2019, the Court ordered Jelaidan to identify a set of deposition dates and conditions under threat of sanction. ECF No. 5179. Jelaidan was then scheduled for deposition by November 13, 2019. ECF No. 5199. By that time, the Court had also ordered that the deposition be conducted remotely and under four conditions: (1) Jelaidan would accept the Court's jurisdiction and be under oath for the proceeding; (2) his counsel would be the counsel of record for this MDL; (3) the deposition would occur in a clearly designated time block; and (4) Jelaidan would advise Plaintiffs if he needed a translator. ECF No. 5199.

On November 1, Jelaidan's counsel requested an extension. As part of that request, Jelaidan agreed that his deposition would not be attended by anyone but his MDL counsel of record. ECF No. 5255. The Court accepted this arrangement. ECF No. 5258. But just 20 days later, he tried to bring unbarred Saudi Arabian counsel into the deposition. ECF No. 5301. He followed this with a further emergency motion to stay the deposition because one of his lawyers' family members had passed. ECF No. 5302. The Court permitted the stay, ECF No. 5314, but refused to let Saudi counsel attend. ECF No. 5305. Parties were to confer on a new date by December 4, 2019. ECF No. 5305. Jelaidan objected to the order and asked Judge Daniels for relief. Judge Daniels denied this request, ECF No. 6611, but no deposition date was set.

Plaintiffs initially ask that Jelaidan sit between June 14, 2021, and July 16, 2021. ECF No. 6753 at 1. In response, Jelaidan offers an indeterminate date in August, ECF 6769 at 2, after the July 23, 2021, close of discovery ordered for similarly situated defendants. ECF No. 6657. Jelaidan also again attempts to renegotiate the terms of his deposition and inject his Saudi Arabian counsel into the proceedings. ECF No. 6769 at 2. In their reply letter, Plaintiffs consent to an August deposition date because of a "crowded deposition calendar throughout June and July." ECF 6791 at 3.

Given this history, the Plaintiffs' requested schedule is reasonable. The parties will meet and confer on a date for deposition between June 14, 2021, and August 31, 2021. In so ordering, the Court grants a limited extension of the deadline solely for purposes of the Jelaidan deposition. This proceeding will be conducted remotely. Jelaidan's Saudi counsel will not be permitted to attend, and his MDL counsel of record will defend the proceeding remotely.[1] In

---

[1] The Court understands that Jelaidan's counsel is undergoing treatment for a serious medical condition. Counsel has the Court's sympathies and best wishes for a successful course of care. The Court, however, expects that Jelaidan and Counsel will take the necessary precautions to ensure that this course of care

light of the concerns raised by Plaintiffs regarding Jelaidan's ability to testify in English, translators will be employed. Since Plaintiffs have consented, Jelaidan may have his own certified check translator participate at his expense, ECF No. 3894 ¶ 97, so long as that translator participates remotely. The time allowed for this deposition will be doubled because translators are being employed, consistent with the Court's previous directives.

The Court will not preemptively determine the proper sanction if Jelaidan disobeys this order. Default judgment is a "severe sanction[]," Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013), properly imposed "only when a court finds 'willfulness, bad faith, or any fault' on the part of the prospective deponent." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (quoting Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)). This determination is also best made after the prospective deponent has been "warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations omitted) (alterations in original).

Jelaidan is now warned. If, after August 31, the Court receives notice that he has not been deposed, the Court will treat this notice as a motion for sanctions. That motion will incorporate by reference all the arguments Plaintiffs have already made.

---

does not disrupt the deposition date once it is scheduled. This may require Jelaidan to retain new counsel for purposes of his deposition.

## CONCLUSION

Jelaidan is ordered to sit for his deposition between June 14, 2021, and August 31, 2021. The parties shall meet and confer on the deposition date and notify the Court of that date by June 1, 2021. Plaintiffs shall update the Court on September 3 if Jelaidan has not been deposed.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         May 10, 2021