IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| *This document relates to:* | ORAL ARGUMENT REQUESTED |
| *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617. | |

**REPLY MEMORANDUM
IN SUPPORT OF AL RAJHI BANK'S OBJECTIONS
<u>TO THE MAGISTRATE JUDGE'S OPINION AND ORDER</u>**

WHITE & CASE
701 Thirteenth Street, NW
Washington, DC 20005

May 14, 2021                                                *Counsel for Al Rajhi Bank*

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................1

I.  THE BANK'S RULE 12(b)(6) MOTION TO DISMISS IS DISPOSITIVE AND THE ORDER DENYING THE MOTION IS SUBJECT TO *DE NOVO* REVIEW ...................1

II. THE OPPOSITION FAILS TO JUSTIFY INTRUSIVE, WASTEFUL DISCOVERY WHEN THE OUTCOME OF THE BANK'S MOTION IS FOREORDAINED ................4

    A.  The Opposition Concedes That The Court May Determine The Merits First Where The Outcome Is Foreordained ............................................................. 4

    B.  Deciding The Bank's Pending Rule 12(b)(6) Motion Now Will Avoid Complex, Burdensome And Wasteful Jurisdictional Discovery ........................... 6

    C.  The Mandate Does Not Preclude This Court From Deciding The Merits Now .................................................................................................................... 7

III. UNDER ANY STANDARD, THE ORDER SHOULD BE SET ASIDE .........................8

    A.  The Order Fails To Apply Second Circuit Authority Confirming That This Case Meets The Prerequisites For Deciding Merits First ....................................... 9

    B.  The Order Overlooks And Misapplies Second Circuit Authority On "The Spirit Of The Mandate" ....................................................................................... 9

CONCLUSION ..............................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*American Stock Exchange, LLC v. Mopex, Inc.*,
    215 F.R.D. 87 (S.D.N.Y. 2002) ................................................................................................2

*Burrell v. United States*,
    467 F.3d 160 (2d Cir. 2006) ....................................................................................................8

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-cv-1825, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ...............................9

*Ctr. for Reprod. L. & Policy v. Bush*,
    304 F.3d 183 (2d Cir. 2002) .................................................................................................4, 9

*In re Coudert Brothers LLP*,
    809 F.3d 94 (2d Cir. 2015) ................................................................................................ 9-10

*Gucci Am., Inc. v. Guess? Inc.*,
    No. 09-cv-4373, 2011 U.S. Dist. LEXIS 15 (S.D.N.Y. Jan. 3, 2011) ....................................10

*Halberstam v. Welch*,
    705 F.2d 472 (D.C. Cir. 1983) .................................................................................................5

*Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*,
    No. 16-cv-1318, 2020 U.S. Dist. LEXIS 63099. ......................................................................2

*Linde v. Arab Bank, PLC*,
    882 F.3d 314 (2d Cir. 2018) .....................................................................................................5

*O'Neill v. Al Rajhi Bank (In re Terrorist Attacks on Sept. 11, 2001)*,
    714 F.3d 118 (2d Cir. 2013) .................................................................................................4-5

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    No. 05-md-1720, 2018 U.S. Dist. LEXIS 148316 (E.D.N.Y. Aug. 29, 2018) .........................8

*Powershare, Inc. v. Syntel, Inc.*,
    597 F.3d 10 (1st Cir. 2010) ......................................................................................................8

*Puricelli v. Argentina*,
    797 F.3d 213 (2d Cir. 2015) .................................................................................................7-8

*R.F.M.A.S., Inc. v. Mimi So*,
    748 F. Supp. 2d 244 (S.D.N.Y. 2010) ......................................................................................3

*Schonfeld v. Hilliard*,
    218 F.3d 164 (2d Cir. 2000)..................................................................................................7

*Selective Ins. Co. of S.C. v. Sela*,
    353 F. Supp. 3d 847 (D. Minn. 2018)...................................................................................8

*Shim-Larkin v. City of New York*,
    No. 16-cv-6099, 2018 U.S. Dist. LEXIS 166361 (S.D.N.Y. Sept. 27, 2018) ..........................9

*Silverman v. Teamsters Local 210 Affiliated Health & Ins. Fund*,
    725 F. App'x 79 (2d Cir. 2018) ............................................................................................8

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998)................................................................................................................9

*In re Terrorist Attacks on Sept. 11, 2001*,
    349 F. Supp. 2d 765 (S.D.N.Y. 2005).............................................................................. 4-5

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*,
    900 F.2d 522 (2d. Cir. 1990).................................................................................................2

*Thompson v. Cuomo*,
    No. 12-cv-475, 2016 U.S. Dist. LEXIS 64277 (W.D.N.Y. May 16, 2016)..............................3

*Utts v. Bristol-Myers Squibb Co.*,
    251 F. Supp. 3d 644 (S.D.N.Y. 2017)............................................................................... 3-4

*Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*,
    946 F.3d 120 (2d Cir. 2019)..................................................................................................7

*Williams v. Beemiller, Inc.*,
    527 F.3d 259 (2d Cir. 2008)............................................................................................2, 3

**STATUTES AND RULES**

28 U.S.C. § 636.................................................................................................................. 1-2, 3, 9

Fed. R. Civ. P. 7(b) .........................................................................................................................1

Fed. R. Civ. P. 12(b)(6)........................................................................................................ passim

Fed. R. Civ. P. 72...............................................................................................................1, 2, 3, 8, 10

**OTHER AUTHORITIES**

9/11 Monograph on Terrorist Financing, available at
http://govinfo.library.unt.edu/911/staff_statements/
911_TerrFin_Monograph.pdf ................................................................................................4

12 Charles Alan Wright et al., Federal Practice & Procedure § 3069 (3d ed. 2021).......................8

The Opposition cannot avoid this Court's *de novo* review of the March 26 Order denying Al Rajhi Bank's Rule 12(b)(6) Motion, which is unambiguously a dispositive motion under the Federal Magistrates Act and Rule 72 of the Federal Rules of Civil Procedure. The Second Circuit's Summary Order only forecloses dismissal for lack of personal jurisdiction without first allowing jurisdictional discovery; it does not foreclose dismissal on cheaply decisive alternative grounds. This Court should set aside the Order and avoid potentially years of intrusive, burdensome, and wasteful discovery, because Rule 12(b)(6) dismissal of the claims against the Bank is foreordained under controlling decisions of the Second Circuit and this Court in this litigation.

## ARGUMENT

**I.     THE BANK'S RULE 12(b)(6) MOTION TO DISMISS IS DISPOSITIVE AND THE ORDER DENYING THE MOTION IS SUBJECT TO *DE NOVO* REVIEW**

The Opposition's argument (at 3-4) that the March 26, 2021 Order is non-dispositive and subject to a "clearly erroneous" — not *de novo* — standard of review is without legal support. Al Rajhi Bank's Motion was filed "pursuant to Rules 7(b) and 12(b)(6) of the Federal Rules of Civil Procedure" and requested that the Court "decide the Bank's pending Rule 12(b)(6) Motion to Dismiss (ECF Nos. 3702, 3703, & 3869)" and "dismiss all of the claims asserted against Al Rajhi Bank for failure to state a claim." Al Rajhi Bank's Notice of Mot. 2, ECF No. 5384. The March 26 Order expressly denies that Motion. Order 12, ECF No. 6681 ("The Clerk of Court is respectfully directed to deny the motion at ECF No. 5384.").

A motion to dismiss is one of the enumerated motions that the Federal Magistrates Act expressly reserves for decision by a district judge (*see* 28 U.S.C. § 636(b)(1)(A)) and for which a magistrate judge can issue only "recommendations for disposition" by a district judge (*see id.* at § 636(b)(1)(B)). The Magistrates Act directs the district court to "make a *de novo determination*

of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added).

Courts agree that the types of motions set forth in § 636(b)(1)(A) are "dispositive" motions under Rule 72(b) of the Federal Rules of Civil Procedure. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008) (collecting cases); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d. Cir. 1990) ("28 U.S.C. § 636(b)(1)(A) provides that a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except for certain enumerated dispositive motions." (internal quotations omitted)).

*American Stock Exchange, LLC v. Mopex, Inc.*, which the Opposition cites (at 3-4), recognizes that a "'judge may designate a magistrate to hear and determine any pretrial matter pending before the court,' *except for certain enumerated dispositive motions*." 215 F.R.D. at 90 (emphasis added) (quoting 28 U.S.C. § 636(b)(1)(A)). And the only other case cited by the Opposition on this point (at 3-4), *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, did not deal with any of the dispositive motions enumerated in the Magistrates Act, but rather a non-dispositive motion for discovery sanctions. 2020 U.S. Dist. LEXIS 63099, at *18-20.

Contrary to the Opposition's characterization (at 4) that the Order "denied ARB's request concerning *when* the Court should entertain ARB's motion," the Bank's Motion expressly requested that the Court "dismiss all of the claims asserted against Al Rajhi Bank for failure to state a claim." Notice of Mot. 2, ECF No. 5384. Indeed, the Bank's brief in support of the Motion devoted nearly all of its pages to the Amended Complaint's failure to state claims for primary and secondary liability against the Bank under the Anti-Terrorism Act. Renewed Mot. 3-11, ECF No. 5385; *see also* Mem. Law Supp. Al Rajhi Bank's Mot. Dismiss 12-31, ECF No. 3703; Reply Mem. Law Supp. Al Rajhi Bank's Mot. Dismiss 3-12, ECF No. 3869.

Accordingly, the practical effect of granting the Bank's Motion would have been to stop this case from proceeding in federal court; and the practical effect of denying the Bank's Motion is indisputably to allow this case to proceed. *See Williams*, 527 F.3d at 265 (stating that a court must "analyze[] the practical effect of the challenged action on the instant litigation"). *Cf. Thompson v. Cuomo*, No. 12-cv-475, 2016 U.S. Dist. LEXIS 64277, at *4, *6-7, *8-10 (W.D.N.Y. May 16, 2016) (reviewing *de novo* magistrate judge's recommendations to dismiss without prejudice plaintiff's motions for summary judgment as procedurally premature).

Obviously, the characterization of the decision as an Opinion and Order rather than as a Report and Recommendation (Opp'n at 4) cannot substantively change the dispositive nature of the Motion or its practical effect on this case. *See R.F.M.A.S., Inc. v. Mimi So*, 748 F. Supp. 2d 244, 247 n.1 (S.D.N.Y. 2010) ("Although Magistrate Judge Dolinger characterized his ruling as a Report and Recommendation, for the purposes of the applicable standard of review this Court considers the relevant inquiry, consistent with the plain text of 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), to be whether the pretrial matter at issue is 'dispositive of a party's claim or defense,' rather than how a magistrate judge styles his decision.").

Because the Bank's Rule 12(b)(6) Motion is expressly reserved in the Magistrates Act for decision by a district judge and the Order denied the Bank's Motion — including its substantive claims for relief (i.e., dismissal of all claims against the Bank, *see Williams*, 527 F.3d at 265) — it must be considered dispositive and subject to *de novo* review pursuant to Rule 72(b). Indeed, the Order has stripped the Bank of the procedural safeguard of Rule 12(b)(6), which "is designed specifically to 'streamline[] litigation by dispensing with needless discovery and factfinding'" (*Utts v. Bristol-Myers Squibb Co.*, 251 F. Supp. 3d 644, 673 (S.D.N.Y. 2017) (alteration in original) (quotation omitted)), even though the Bank has been litigating these same issues for over

eighteen years, and this Court previously found the same claims based on essentially identical allegations to fail under Rule 12(b)(6).  *See* Renewed Mot. 3-11, ECF No. 5385.

## II. THE OPPOSITION FAILS TO JUSTIFY INTRUSIVE, WASTEFUL DISCOVERY WHEN THE OUTCOME OF THE BANK'S MOTION IS FOREORDAINED

### A. The Opposition Concedes That The Court May Determine The Merits First Where The Outcome Is Foreordained

The Opposition now admits (at 5-7 (collecting cases)) that if the outcome is "foreordained" this Court "may assume jurisdiction and decide the merits of a case."  *See* Opp'n 7 (quoting *Ctr. for Reprod. L.*, 304 F.3d at 194).  The Opposition (at 6) also does not contest that a prior decision dismissing "essentially the same factual allegations" *would* foreordain the outcome.  *See* Obj. 5-6 (quoting *Ctr. for Reprod. L.*, 304 F.3d at 192-93).  When addressing the merits of the Bank's Motion to Dismiss, the Opposition (at 10-12) rehashes Plaintiffs' recycled allegations and legal conclusions but entirely ignores this Court's previous dismissals under Rule 12(b)(6) of primary- and secondary-liability ATA claims against the Bank, based on "similar, if not identical" allegations.  2018 Decision 12, ECF No. 3947; *see* Obj. 5-6 (recounting previous dismissals).

As the Bank has shown, even Plaintiffs' most eye-catching allegations — e.g., that the Bank purportedly provided banking services that "directly assisted the September 11th hijackers in both Germany and the United States" (Opp'n 11 (citing FAC ¶¶ 156-58, 163)) — were already before this Court and dismissed under Rule 12(b)(6) as insufficient to state a claim.  *See* Reply on Renewed Mot., ECF No. 6048, Ex. 1 at 4-6, 10 (comparing "new" allegations with allegations in previously dismissed complaints); *see also* Opp'n Br. 36, No. 18-cv-1201, ECF No. 153 ("None of the wire transfers associated with the plot — from Dubai or Germany — raised any significant suspicion or concern." (quoting 9/11 Staff Report at 135, a document relied on in the Amended Complaint)); *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 826, 833 (S.D.N.Y. 2005), *aff'd*, 714 F.3d 118, 125 (2d Cir. 2013) (dismissing ATA primary-liability claims

against Al Rajhi Bank); *id.* at 798 & n.28, 832-33 (dismissing secondary-liability claims against Al Rajhi Bank under standard in *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)).

The Opposition (at 12) incorrectly maintains that, if the Amended Complaint somehow adequately alleged the Bank's "specific intent" to cause injury in the United States, the Amended Complaint "necessarily" must survive the Bank's Rule 12(b)(6) Motion to Dismiss.  In fact, dismissal of Plaintiffs' primary-liability claims is foreordained for independent reasons, including that the Amended Complaint fails to allege that the Bank committed an act of "international terrorism" or that the Bank's purported provision of banking services and donations proximately caused the September 11 attacks.  *See* Obj. 7-8; Renewed Mot. 5-8; Reply on Renewed Mot. 11-14.

Regarding Plaintiffs' aiding-and-abetting claims, the Opposition draws a fallacious distinction (at 11) with the growing body of decisions dismissing secondary-liability claims:  as in those cases, the Amended Complaint fails to allege that, separate and apart from the Bank's purported intent, the Bank was "itself assuming a 'role' in terrorist activities" of Al Qaeda.  *See* Obj. 9-11 (quoting *Linde*, 882 F.3d at 329); *Linde*, 882 F.3d at 329 & n.10 (explaining that "specific intent" is different from the mens rea for civil aiding and abetting).  The Opposition (at 10-12) also does not (and cannot) identify any allegation of a conspiracy agreement.  *See* Obj. 11.

The Opposition adds nothing by harking back in summary (at 10 (citing Opp'n to Renewed Mot., ECF No. 5892)) to arguments on the merits that the Bank squarely rebutted in its Reply Brief.  *See* Reply on Renewed Mot. 11-14 (refuting Plaintiffs' arguments on primary liability); *id.* at 14-19 (refuting Plaintiffs' arguments on secondary liability).

### B. Deciding The Bank's Pending Rule 12(b)(6) Motion Now Will Avoid Complex, Burdensome And Wasteful Jurisdictional Discovery

The Opposition does not deny that jurisdictional discovery into the Bank's purported "specific intent" would raise complex issues and pose significant procedural challenges. *See* Obj. 12-13. Plaintiffs, in fact, have now previewed just how extraordinarily burdensome, costly, and wasteful the jurisdictional discovery against the Bank will be.

On May 11, 2021, after several weeks of delay, Plaintiffs served their First Set of Consolidated Jurisdictional Requests for Production of Documents. Leddicotte Decl., Ex. 1 (Ltr. from S. Carter to M. Leddicotte (May 11, 2021)). Plaintiffs' fifty-eight purported jurisdictional discovery requests seek information on not only the Bank and its officials, but also the Kingdom of Saudi Arabia; various charity organizations (and any branch office, board member, executive, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the charities' behalf), together, the "Da'wah Organizations"; the nineteen 9/11 hijackers; twenty-four supposed "Golden Chain-Related Individuals"; fifty-seven supposed "SAAR Network-Related Entities"; and twenty-one supposed "SAAR Network-Related Individuals"; along with numerous other individuals, businesses, and entities, many of which are not referenced in the Amended Complaint's allegations about the Bank or have been dismissed as parties by this Court. *Id.* at 7-12. The first request alone covers not only the purported "Da'wah Organizations," including all their vaguely defined affiliates, but also "any entity in which the Da'wah Organizations held any beneficial interest," and any accounts in which any Da'wah Organizations and affiliates had — as of two decades ago — "any *potential* beneficial interest." *Id.* at 10 (emphasis added). Plaintiffs warn, moreover, that they may seek discovery related to *even more* "relationships, transactions, events, and associations." *Id.* at 1. All of this discovery is being sought from the Bank

notwithstanding that this Court years ago dismissed substantially identical actions against the Bank for failure to state a claim.

The Opposition, furthermore, does not deny that the "limited and targeted jurisdictional discovery" against the Kingdom has taken more than three years, requiring numerous conferences among the parties and with the Court; more than 100 court orders, endorsements, and written opinions; dozens of letter motions and respective oppositions and replies; more than 100 additional discovery-related letters; and nearly two dozen requests from Plaintiffs for extensions of time. *See* Obj. 14. Just since the Bank filed its Objections on April 9, 2021, this Court has, in connection with the jurisdictional discovery against the Kingdom (No. 03-md-1570), issued four additional written decisions, issued four additional orders and two endorsements, and entertained another request from Plaintiffs for additional time, three letter motions, eight more objections, oppositions or replies, and six other letters. The Opposition acknowledges (at 6-7 (citing *Vera*, 946 F.3d at 137 n.22)) that controlling authority favors reaching foreordained merits before wasting judicial resources. *See* Obj. 4, 12. The Court should follow that authority here.

### C. The Mandate Does Not Preclude This Court From Deciding The Merits Now

The Opposition (at 9) is wrong that the Second Circuit's Summary Order was a tacit "rejection of ARB's alternative argument." The Opposition does not deny that, as explained in *Schonfeld*, the Second Circuit's "distinctly preferred practice" would be to allow this Court to first decide whether to dismiss on alternative grounds. Obj. 16 (quoting *Schonfeld*, 218 F.3d at 184). Consistent with this practice, the Second Circuit "addressed jurisdiction only." Opp'n 9.

The Opposition begrudgingly accepts (at 9-10 & n.5) that the mandate rule could "allow[]" the Court to dispose of this case on the merits, but asserts that the "spirit of the mandate" makes this "exception" not "applicable" here. The Opposition's own authorities confirm, however, that the "spirit of the mandate" is not an obstacle to deciding the merits in this case. Under *Puricelli*,

–7–

the mandate rule only restricts district courts from issuing decisions that are "*in conflict* with an appellate ruling." 797 F.3d at 218 (emphasis added). The Opposition expressly acknowledges that the spirit of the mandate leaves the Court free to dismiss on alternative grounds where "'nothing in [the] opinion restricted the district court from considering alternative grounds.'" Opp'n 9 (quoting *Silverman*, 725 F. App'x at 81). And *Puricelli*'s equivocal statement that "*generally* the district court must conduct those proceedings and decide those questions" directed by a mandate cannot support the Opposition's categorical assertion that "this Court *must* proceed to jurisdictional discovery because the Second Circuit directed it to do so." Opp'n 8 (emphasis added) (quoting *Puricelli*, 797 F.3d at 218). Per *Burrell*, where, as here, "an issue was not part of the appellate decision, a trial court may consider the matter." 467 F.3d at 165.

### III.   UNDER ANY STANDARD, THE ORDER SHOULD BE SET ASIDE

Even under the Opposition's mischaracterization of the Bank's Motion as non-dispositive (at 1, 3-5), the Order should be set aside. Arguably, for questions of law, there is "no practical difference between a court's application of the 'contrary to law' standard and the *de novo* standard under Rule 72(b)." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-md-1720, 2018 U.S. Dist. LEXIS 148316, at *105-06 (E.D.N.Y. Aug. 29, 2018) (citing *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)). And the Court, of course, "may choose" to review the Order under a *de novo* standard. *E.g.*, *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 852-53 & n.1 (D. Minn. 2018) (reviewing *de novo* magistrate judge's order where it was "difficult to know" whether the motion was dispositive); *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069 (3d ed. 2021). In any event, notwithstanding the Opposition's arguments (at 5-10), the Order is contrary to law and clearly erroneous, and should be set aside.

### A. The Order Fails To Apply Second Circuit Authority Confirming That This Case Meets The Prerequisites For Deciding Merits First

The Opposition over-relies (at 6) on *Steel Co.* and disregards the very point of *Center for Reproductive Law* and its progeny, which even the Order acknowledges. Order 9 (explaining that *Center for Reproductive Law* and "other cases cited by the Bank" provide "latitude" to decide merits first to "promote[] judicial efficiency and avoid . . . render[ing] advisory opinions on novel or complex jurisdictional questions where the merits outcomes have been resolved under highly similar circumstances"). By declining to decide the Bank's argument that the merits outcome is foreordained (Order 5-9), the Order misapplied the Second Circuit's rule of decision in *Center for Reproductive Law* and was clearly erroneous. *See Shim-Larkin v. City of New York*, No. 16-cv-6099, 2018 U.S. Dist. LEXIS 166361, at *15 (S.D.N.Y. Sept. 27, 2018) ("[I]t was clearly erroneous for the Magistrate Judge to overlook the Defendant's argument . . . ."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825, 2007 U.S. Dist. LEXIS 14878, at *14-15, *22 (E.D.N.Y. Mar. 2, 2007) (setting aside order as "contrary to law" where order failed to "critically identify the core holdings underlying precedential authority and apply them to the unique sets of facts").

### B. The Order Overlooks And Misapplies Second Circuit Authority On "The Spirit Of The Mandate"

The Order's "spirit-of-the-mandate" analysis was not "entirely correct" (Opp'n 10); it was clearly erroneous. The Order (at 11) accurately found that "[t]he Court of Appeals' Summary Order did not address Al Rajhi Bank's Rule 12(b)(6) arguments." Yet the Order inexplicably and erroneously concluded that the "spirit of the mandate" *requires* that "the personal jurisdiction question should be resolved before the merits." Order 11-12.

Under *Coudert Brothers*, the "spirit of the mandate" extends to conclusions not expressly stated in the mandate only if they are "*necessarily* implied" because they are legally necessary to effectuate the order on remand. *Coudert Bros.*, 809 F.3d at 100 (citation omitted) (emphasis

added); Obj. 14-16; Reply on Renewed Mot. 5-6.  The Order failed to assess whether denying the Bank's Rule 12(b)(6) Motion was legally necessary to effectuate the mandate; it was not, because the Second Circuit's mandate is properly understood as foreclosing dismissal only on grounds of personal jurisdiction without first allowing jurisdictional discovery.  The Order's rationale (at 11) that the Summary Order "evinces" a spirit of the mandate "reflecting" that personal jurisdiction should be resolved before the merits is indeterminate and has no logical limit.  This is contrary to law and clearly erroneous.  *See Gucci Am., Inc. v. Guess? Inc.*, No. 09-cv-4373, 2011 U.S. Dist. LEXIS 15, at *13-14, *17 (S.D.N.Y. Jan. 3, 2011) (finding order contrary to law under Rule 72(a) where magistrate judge applied the wrong standard).

## CONCLUSION

For the foregoing reasons, this Court should set aside the Order and decide Al Rajhi Bank's pending Rule 12(b)(6) Motion to Dismiss prior to proceeding with jurisdictional discovery, and should dismiss with prejudice Plaintiffs' claims against the Bank for failure to state a claim.

Dated:  May 14, 2021
        Washington, DC

Respectfully submitted,

**WHITE & CASE**

 /s/ *Christopher M. Curran*
Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte (admitted *pro hac vice*)
Reuben J. Sequeira
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:    + 1 202 626 3600
Facsimile:    + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
mleddicotte@whitecase.com
rsequeira@whitecase.com

*Counsel for Al Rajhi Bank*

–10–