# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

April 12, 2021

**UNDER SEAL - FBI PROTECTIVE ORDER**[*]

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs file this Letter-Motion requesting that this Court immediately order the FBI to produce ▓▓▓▓▓▓▓▓▓▓ interview reports of Mohdar Abdullah, identified in this Court's March 28, 2018 decision as having played a key role in providing assistance to the hijackers at the request of Omar al Bayoumi.[1] Importantly, Plaintiffs ask that the Court expedite the schedule of this motion to allow for the production of the reports in advance of Mohdar Abdullah's deposition, presently scheduled for May 7, 2021.

## FACTUAL BACKGROUND

The FBI's 2012 Report concluded that Omar al Bayoumi "assigned" Mohdar Abdullah to help the hijackers, and that Mohdar Abdullah "played a key role facilitating and assisting" the hijackers. ECF 6311-15 at 4-5.

---

[*] Plaintiffs do not believe this letter motion or accompanying attorney's declaration contain any protected information. Plaintiffs request that the government immediately agree to public filing of these papers.

[1] *In re Terrorist Attacks on September 11, 2001*, 298 F. Supp.3d 631, 649-50 (S.D.N.Y. 2018).

April 12, 2021
Page 2

    In April 2018, Plaintiffs subpoenaed the FBI's 9/11 case files on Mohdar Abdullah, and followed up in September 2018 with a specific demand on the FBI for the Mohdar Abdullah interview reports. ECF No. 6311-10. The FBI ███████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████████ ECF No. 6606 at 52.[2]

    There is, however, ██████████████████████████████████████████ ████████████████████████████████ █ ████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████

    In January 2020, at the first opportunity allowed by the Court,[4] Plaintiffs filed a motion for an order requiring the FBI, to produce, *inter alia,* "FBI 302 witness statements involving key subagents of the plot," first and foremost of which was *all* interview reports of Mohdar Abdullah, ██████████████████████████████████████████. Plaintiffs' January 14, 2020 Motion to Compel the FBI at 19.

    The FBI's opposition and motion for a protective order did not raise an objection to Plaintiffs' request for production ███████████ Mohdar Abdullah interview reports. To the contrary, ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ███

    In February 2021, this Court entered its Order deciding Plaintiffs' motion, ECF No. 6606. This Court specifically referenced Plaintiffs' demands for ██████████ Mohdar interview reports, as well as the FBI's assertions that ████████████████████████████████, ████████████████ ECF No. 6606 at 51. ████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████ The Court separately rejected Plaintiffs' challenges to the FBI's redactions of "discrete pieces of information" in various interview reports that were produced. ECF No. 6606 at 50.

    Plaintiffs fully expected that following this Court's Order, ██████████ Mohdar Abdullah interview reports would be produced, possibly with redactions. But no █████████████

---

[2] ██████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

[3] References herein only to Ex. are to the Exhibits attached to the accompanying attorney's declaration.

[4] The Court directed the Plaintiffs to wait to file a single "omnibus" motion against the FBI. ECF No. 5297.

▓▓▓▓▓▓▓▓ were produced by the FBI after this Court's Order. Plaintiffs were never given notice that the DOJ opposed production of ▓▓▓▓▓▓▓▓ in their entirety.

On March 12, 2021, Plaintiffs wrote to the DOJ to obtain ▓▓▓▓▓▓▓▓ interview reports in advance of the Mohdar Abdullah deposition. Ex. 1.

On April 6, 2021, the FBI responded to Plaintiffs request for ▓▓▓▓▓▓▓▓. The DOJ claimed that the "reports were the subject of the PECs' omnibus motion to compel" and that "[b]ased on the FBI's submission, the Court declined to order the FBI to take any further action." *Id.*

Plaintiffs are unaware of any Court review or order declining to take action regarding ▓▓ ▓▓▓▓▓▓▓▓ Mohdar Abdullah interview reports. To the contrary, the FBI did not oppose Plaintiffs' motion for ▓▓▓▓▓▓▓▓ This Court specifically referenced ▓▓▓▓ ▓▓▓ in its Opinion, and ordered the FBI to produce all outstanding reports.

Plaintiffs note that the Government's privilege log (served on the same day as Plaintiffs' Second Motion to Compel) contains ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ Plaintiffs' January 14, 2020 Second Motion to Compel, Pounian Decl., Ex. 17 at ▓▓▓▓ (January 14, 2020 privilege log).[5] There is no indication whatsoever in the FBI's opposition to Plaintiffs' motion to compel production ▓▓▓▓▓▓▓▓ that a privilege claim was raised to completely bar the production of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, nor does this Court's February 2021 order suggest that this issue was ever raised and decided. If the log was meant to address ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, the FBI was required to plainly identify them as such — ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[6] Moreover, the Government did not serve the privilege log until January 2020, well after the FBI's July 2019 deadline to complete its production.[7]

---

[5] A copy of the current version of the Government's privilege log, which includes the January 2020 entries, is provided herewith. Ex. 3.

[6] Local Rule 26.2 requires that the party asserting privilege state "the general subject matter of the document." *See Bank Brussells Lambert v Credit Lyonnais (Suisse)*, 220 F. Supp.2d 283, 288 (S.D.N.Y. 2002)((finding that under Rule 26.2 party must reveal the identity of the person at issue in a document, unless that name is subject to a privilege).

[7] ▓▓▓▓▓▓▓▓ cited in the log were identified as "State Secrets." Ex. 3 at ▓▓▓▓ The Government's motion papers, however, did not contend that any Mohdar Abdullah interview reports were subject to that doctrine; there was no proof that the Mohdar Abdullah interview reports were reviewed by the Attorney General, a necessary prerequisite for the claim; and, Mohdar Abdullah's statements about events occurring in San Diego in the year 2000 do not constitute a state secret as a matter of law. The log also states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓. The FBI never claimed that any Mohdar Abdullah interview reports could not be released because of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. In other prior instances in this litigation, the FBI ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓ release records to the Plaintiffs.

**THE COURT SHOULD ORDER THE FBI TO PRODUCE THE ▇▇▇▇▇ MOHDAR ABDULLAH REPORTS BEFORE HIS MAY DEPOSITION**

▇▇▇▇▇ Mohdar Abdullah interview reports are directly relevant to the jurisdictional inquiry and must be produced now so that Plaintiffs can properly use them at his May 7, 2021 deposition.

This Court's February 2021 Order directed the FBI to produce the interview reports. The FBI never opposed Plaintiffs' motion to obtain ▇▇▇▇▇ Mohdar Abdullah interview reports, and advised the Court that all interview reports would be produced, possibly subject to privilege redactions ▇ e▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Nothing in the record supports the government's claim that this Court "declined to order the FBI" to produce the reports. Ex. 1. To the contrary, Plaintiffs have demanded the Mohdar Abdullah interview reports since they were subpoenaed in 2018 and had every right to expect that the reports would be produced, at the very least, following the Court's order. As a matter of law, there can be no proper justification for the FBI to claim that its *entire* interviews of Mohdar Abdullah describing events that occurred in the year 2000 in California are privileged. The existence of ▇▇▇▇▇ reports are well known and the FBI already produced ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

The FBI's refusal to produce the reports is an example of what the Supreme Court has criticized as the "caprice of executive officers"[8] — here an attempt by the Department of Justice to impose broad and unchecked secrecy to deny the rights of the 9/11 Families to obtain key evidence needed to properly conduct the upcoming deposition.

---

[8] *United States v Reynolds*, 345 U.S. 1, 10 (1953).

Respectfully submitted,

| | |
|---|---|
| KREINDLER & KREINDLER | MOTLEY RICE |
| /s/ Steven R. Pounian | /s/ Robert T. Haefele |
| Steven R. Pounian, Esquire | Robert T. Haefele, Esquire |
| Andrew J. Maloney, Esquire | 28 Bridgeside Boulevard |
| Megan W Benett, Esquire | Mt. Pleasant, SC 29464 |
| 485 Lexington Avenue, 28th Floor | |
| New York, NY 10017 | For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |
| For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims | |

COZEN O'CONNOR

/s/ Sean P. Carter
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

For the MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims