# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

April 19, 2021

**UNDER SEAL - FBI PROTECTIVE ORDER**

<u>VIA ECF</u>
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    Plaintiffs reply to the government's opposition, ECF No. 6744, to Plaintiffs' letter-motion, ECF No. 6727, for the production of ▇▇▇▇▇ interview reports of eyewitness Mohdar Abdullah.

    Plaintiffs object to the government's opaque argument, as well as its unilateral filing of *ex parte* and *in camera* materials. The simple fact is that government did not oppose Plaintiffs' motion for these specific documents, and did not previously argue that the entirety of those documents were privileged. As a fundamental matter, there is and can be no proper basis for the government to assert privilege over the entirety of statements made by eyewitness Mohdar Abdullah ("Mohdar") about the events involving Saudi government official Omar al-Bayoumi and two of the 9/11 hijackers that occurred in California in the year 2000. Plaintiffs specifically identified ▇▇▇▇▇ interview reports in 2018 yet the Government waited years to belatedly raise cryptic objections a few short weeks before the witness is scheduled to be deposed.

    In its motion for a protective order, the FBI asserted an objection solely about "the compilations" of the Subfile investigation involving Mohdar and production of the complete

April 19, 2021
Page 2

Mohdar case file. ECF No. 6138 at 22, 25-27. The government only discussed the Mohdar interview summaries when denying that the FBI's core records methodology was inadequate, and then only to claim that reports of Mohdar on certain dates that Plaintiffs had requested did not exist. ECF No. 6138 at 21; *see also* ECF No. 6137 (Gilhooly Declaration concerning method and scope of search) at ¶ 32-33.

Then, when considering Plaintiffs' demand for the Mohdar casefile, this Court "reviewed the FBI's classified submissions detailing the reasons for invoking the state secrets and law enforcement privileges *as to discrete pieces of information in* ▓▓▓ in finding the redactions ▓▓▓ were appropriate. ECF No. 6606 at 50 (emphasis added). This Court further held that "*in light of the key role played by Abdullah in support of the hijackers ... and the lesser burden involved in searching ... for a specific subset of records*" the FBI was to search for additional relevant Abdullah records. ECF No. 6606 at 50 (emphasis added).

Contrary to the government's apparent claims, there is no suggestion whatsoever in this Court's Order that the Court itself ever actually reviewed and decided the merits of any assertions made by the government about ▓▓▓ Mohdhar interview reports. Rather, the opposite is true: the Court's Order specifically noted that "Plaintiffs contend that the FBI has refused to produce, without justification, the 302 interview statements of the following witnesses: (1) Mohdar Abdullah interviews. . . one or more ▓▓▓." ECF No. 6606 at 51. ▓▓▓ In the Sanborn declaration, the government stated that it was asserting privilege "with respect to *discrete pieces of information contained in* ... ▓▓▓ The government *never* stated that it was withholding ▓▓▓ If the government were going to assert, for example, the state secret privilege as to ▓▓▓ interview summaries in their entirety, then the agency head would have to review those reports and assert the privilege as to those documents and provide Plaintiffs with adequate notice through its public filings to know what privileges the government was claiming, affording Plaintiffs a chance to respond. Instead, the government is attempting to shoehorn its refusal to produce ▓▓▓ on the eve of the witness's deposition into its general opposition to Plaintiffs' "motion in its entirety." That specious effort should not be countenanced. Likewise, the government's statement that this "Court did not order the FBI to take any further action" is directly undermined by the plain language of the Order.

Given the government's prior representations and the plain language of the Court's order, Plaintiffs reasonably believed that the government was directed to produce the ▓▓▓ interview reports, possibly with redactions, and that it would comply with that directive. The government is wrong in arguing otherwise.

As to the government's secret filing, Plaintiffs, again, object to the government's free-for-all *ex parte* practice. It had an opportunity in the context of the motion to compel and motion for a protective order to explain why the *entirety* of ▓▓▓ Mohdar interview

summaries were privileged, yet, apparently, failed to do so. Plaintiffs identified these very reports three years ago and it is not until just weeks before the witness is to be deposed that the government has disclosed that it will not produce the clearly relevant materials – which, apparently, it has already identified and which would require no significant amount of work to produce. Given this timing, it is no surprise that Plaintiffs continue to question the government's motives in this case.

Last, Plaintiffs disagree with the government's claim that their short April 12 letter should not be publicly filed without redaction.

The FBI's protective order reaches only to "information" that contains "any confidential, proprietary, personal, or similar information … ." ECF No. 4255 at 2. Plaintiffs carefully drafted the April 12 letter to omit any such information. The fact of Mohdar's interviews ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That ▇▇▇▇▇▇▇▇▇▇ interview dates may have been previously redacted does not justify doing so now. And Plaintiffs' references to other materials are limited to generic characterizations and cannot reasonably be said to reveal "confidential, proprietary, personal, or similar information."

The government's objection to public filing of the unredacted April 12 letter would accomplish one thing: keeping this dispute under wraps until after Mohdar Abdullah has been deposed on May 7, 2021. Indeed, the government says as much, claiming that Plaintiffs must first identify what information they think the FBI would want protected, then give the government "sufficient time to consider … proposed redactions" to the short letter-motion followed by more time to "meet and confer" concerning disputes and, finally, to brief any remaining disagreements to the Court. At some point, the unrelenting effort to shield critical information about the role of Saudi actors and our government's investigation into the 9/11 attacks must yield to fairness, transparency, and common sense.

Respectfully submitted,

| KREINDLER & KREINDLER | MOTLEY RICE |
|---|---|
| /s/ Steven R. Pounian | /s/ Robert T. Haefele |
| Steven R. Pounian, Esquire | Robert T. Haefele, Esquire |
| Andrew J. Maloney, Esquire | 28 Bridgeside Boulevard |
| Megan W Benett, Esquire | Mt. Pleasant, SC 29464 |
| 485 Lexington Avenue, 28th Floor | |
| New York, NY 10017 | For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |
| For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims | |

April 19, 2021
Page 4

COZEN O'CONNOR

*/s/ Sean P. Carter*
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

For the MDL 1570 Plaintiffs' Exec.
Committee for Commercial Claims