

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

## FILED UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER

April 16, 2021

By ECF (Under Seal) and Electronic Mail

Honorable Sarah Netburn
United States Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

                Re:   *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      We respectfully submit this letter on behalf of the Federal Bureau of Investigation ("FBI") in opposition to the letter motion dated April 12, 2021 (ECF No. 6727) filed by the Plaintiffs' Executive Committees ("PECs") to compel production of ▌▌ interview reports related to Mohdar Abdullah. Specifically, based upon ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ the PECs believe that the FBI is in possession of FBI 302s memorializing interviews conducted of Abdullah ▌▌▌▌▌▌▌▌▌▌. The motion to compel should be denied.

      The PECs contend that the FBI did not oppose the omnibus motion to the extent it sought the production of these specific records. (ECF No. 6727 at 2-3). That is not the case. The FBI opposed the motion to compel in its entirety and affirmatively moved for a protective order on the grounds that its claims of privilege should be upheld and that the FBI should not be required to conduct any additional searches for records responsive to the PECs' subpoena (except for those additional searches that it had voluntarily agreed to conduct, as set forth in the government's papers). In granting in part the FBI's motion for a protective order, the Court upheld the FBI's claims of the state secrets and law enforcement privileges, and further upheld the sufficiency of the FBI's searches for responsive records. (ECF 6606 at 18-19, 29, 33). The Court declined to order the FBI to conduct additional searches except as specifically set forth in its February 1 Order. (*Id*. at 19).

      The PECs claim that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

**FILED UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER**
*In re Terrorist Attacks*, 03 MDL 1570
Page 2

███████████████████████████████████ (ECF 6606 at ██ (ECF No. 6727 at 2, 4). The PECs are mistaken. The PECs had made inquiries regarding ████████ Mohdar interview reports prior to the filing of the omnibus motion and, consequentially, the FBI had already searched for documents memorializing any FBI interviews of Abdullah in █████ ████ at the time it filed its motion for a protective order. The FBI addressed the results of its search in its classified submissions. The Court did not order the FBI to take any further action.

The FBI cannot address this issue further in an unclassified filing. As the Court has previously authorized the FBI's submission of *ex parte* and *in camera* classified declarations and briefing in connection with the omnibus motion to compel and the FBI's motion for a protective order, and as any additional response to the PECs' current motion to compel requires reference to those prior classified submissions, the FBI has lodged contemporaneously herewith an *ex parte* and *in camera* classified letter directing the Court's attention to the relevant portions of those papers.

With respect to the PECs' assertion that its April 12 letter can be publicly filed without redaction, a cursory examination of the prior filings with respect to this matter would reveal that this is not the case. For example, the references to the dates of interview reports concerning Abdullah (████████████████████████████) are redacted in the parties' motion papers, and in the public version of the Court's February 1 Opinion (ECF No. 6638 at 51), in order to protect information subject to the FBI Protective Order. References to the FBI ████████████████████████████████████████████████████████████████████████████ (*Id.* at ██). Page 2 of the PECs' letter contains a description of the documents the FBI has produced to the parties pursuant to the FBI Protective Order, which likewise would need to be redacted. These are but some examples of protected information that the FBI has identified upon a preliminary review of the letter. The FBI therefore requests that the PECs' unredacted letter remain sealed. Further, in accordance with the practice that has been followed with respect to other filings, the FBI proposes that, as required by the terms of the FBI Protective Order, the PECs should identify in the first instance the information in the letter that originated with the FBI that should be redacted from the publicly-filed version (and in particular, compare the information in their letter with the information that has been redacted in the papers related to the prior motions to compel and the February 1 Opinion); the FBI should be allowed sufficient time to consider the proposed redactions; the parties be given an opportunity to meet and confer if there any disputes regarding proposed redactions; and, finally, that the parties submit any remaining disputes to the Court for resolution.

We respectfully thank the Court for its consideration of these matters.

**FILED UNDER SEAL PURSUANT TO FBI PROTECTIVE ORDER**
*In re Terrorist Attacks*, 03 MDL 1570
Page 3

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney for the
        Southern District of New York

By:  */s/ Jeannette A. Vargas*
    SARAH S. NORMAND
    JEANNETTE A. VARGAS
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel.  (212) 637-2709/2678

cc: Counsel for Plaintiffs' Executive Committees
   Counsel for the Kingdom of Saudi Arabia
   Counsel for Dallah Avco