# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

May 21, 2021

**Via ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs submit this letter regarding expert discovery with respect to the claims against the Kingdom of Saudi Arabia and Dallah Avco. On May 17, 2021 the parties met and conferred regarding the timing of expert submissions and discovery. Plaintiffs proposed that their expert reports be produced by September 15, 2021. The Kingdom of Saudi Arabia opposes any deadline later than June 30, 2021, the date that it contends the Court set for the close of fact depositions. ECF No. 6204 at 3. Dallah Avco takes no position on the issue. *See* Exhibit A hereto [May 17 email exchange.]

The only Order concerning experts, issued on May 11, 2020, states that "Plaintiffs shall provide expert disclosure as soon as is reasonably practicable, but no later than the date of completion of fact discovery." ECF No. 6204 at 3. Based on the events preceding the May 11, 2020 Order, Plaintiffs understand the disclosure requirement to pertain only to identifying the names and areas of expertise of those witnesses, consistent with what the Court had done only months earlier with expert discovery in connection with claims against other defendants in this multidistrict litigation. *See* ECF No. 5266. Indeed, it would be impossible for experts to provide opinions or reports by June 30, 2021, given that fact witness depositions will be continuing until that date and final transcripts of many depositions will not even be available to review before July.[1]

---

[1] Following Plaintiffs' disclosure of the names of fact witnesses from whom they anticipate possible declarations (provided on May 17, 2021, consistent with paragraph 9 of the joint deposition protocol [ECF No. 6002-1 at 3]),

This Court's December 2020 Order directed that "[a]ll fact depositions shall be completed by June 30, 2021." ECF No. 6546 at 10. That Order did not provide a final deadline for all fact discovery, including third party document requests resulting from the ongoing witness testimony, nor did it address expert depositions.

Production of expert opinions or reports by September 15, 2021 provides the necessary time for experts to review the depositions taken between January and the close of fact depositions as well as document discovery, and affords Plaintiffs' counsel the necessary meaningful opportunity to consult and work with the experts to review the relevant materials and prepare their reports. That simply has not been possible during the intensive deposition schedule of the last several months, and due to the additional complications posed by the pandemic. It is also within a reasonable period of time following fact depositions that it will not unduly delay subsequent motion practice.

1. **Expert Witness Background**

At the January 13, 2020 hearing concerning depositions, which took place before the Kingdom had disclosed which of its witnesses it would voluntarily produce (and before the disruption caused by the global pandemic), this Court briefly addressed expert discovery. The Kingdom took the position that, though it objected generally to expert discovery, it "wasn't intending to propose [expert discovery] as occurring this early in the … process." Tr. at 27:19-25. At the end of that hearing, similar to what the Court had done two months earlier in the context of the non-sovereign defendants, this Court suggested that it "would like … a list of the expert or experts that the parties intend to or would offer if permitted and the subject matter of their testimony." Tr. at 40:18-20. The Court did not set a deadline for disclosing the list of experts or the subject matter of their expertise at the hearing and instead considered that "[i]f I'm going to authorize expert disclosure, it's going to be right on the heels of the close of these depositions and maybe even some overlap," but noting that it would be necessary to "speak with Judge Daniels on that particular topic, because he will ultimately be the decider for the final stage in this process." Tr. at 40:24-41:2, 41:13-15. The Court closed the discussion on expert witnesses asking for further information from the parties by February 21, 2020. Tr. at 41:18-22.

In the parties' February 21, 2020 filing, the Kingdom proposed "a deadline of March 6, 2020" for "'a list of the expert or experts that the parties intend to or would offer if permitted and the subject matter of their testimony.'" ECF No. 6002 at 5 (quoting January 13, 2020 Tr. at 40:18-20). Plaintiffs' proposal was for service of their expert disclosures "in accordance with Fed. R. Civ. P. 26, forty-five days after the completion of fact discovery." ECF No. 6003 at 3-4. In response to the competing proposals, this Court stated that "Plaintiffs shall provide expert disclosures as soon as is reasonably practicable, but no later than the date of completion of fact discovery." ECF No. 6204 at 3. In that same section, the Court set June 30, 2021 as the deadline for "fact *depositions*." ECF No. 6546 at 10.

---

most of whom are individuals whose identities and role in the 9/11 attacks or investigation was publicly known, the Kingdom of Saudi Arabia sought to schedule nine additional depositions between June 7 and June 25, with the Kingdom proposing to double-track several of the depositions. *See* Exhibit B hereto [May 17-20, 2021 Email Exchange]). Plaintiffs expect the parties to brief the Court separately on their differences about this attempt to jam these depositions into the already overcrowded June schedule.

Relying on "disclosure" to mean providing the names and subject matters of proposed experts – as the Kingdom did when proposing the March 6, 2020 deadline and as the Court had done in entering its order at ECF No. 5266 – Plaintiffs understand this Court's order to require disclosure of experts' identities and areas of expertise by June 30, 2021.  Indeed, given that most if not all experts would need an opportunity to review deposition transcripts, which would not all be prepared or final by June 30, 2021, before rendering opinions and preparing reports, a deadline for providing expert reports and conducting expert depositions, if any, simultaneous with the close of fact discovery would render the grant of expert testimony illusory.  Moreover, obligating the plaintiffs to serve reports before all of the factual record has been reviewed, while permitting the defendants to serve reports substantially after the record is complete, would place the parties on disparate footing and materially – and improperly – advantage the defendants.

**2.  September 15, 2021 is a Reasonable Date for Providing Expert Reports**

Fact discovery and expert discovery must be distinct in order "to allow the parties to investigate, completely, all 'facts' before the parties [proceed] to expert discovery." *Sparton Corp. v. U.S.*, 77 Fed. Cl. 10, 14 (2007) (quoting *Shell Petroleum, Inc. v. United States*, 46 Fed. Cl. 583, 584 (2000)).  "Scheduling should take into account that the parties may lack sufficient information to select expert witnesses until the issues have been further defined *and certain discovery completed … .*" Manual for Complex Litigation § 11.481 (2014); *see also Lehal v. United States Marshal Serv.*, 2017 WL 4862781, at *7-8, (S.D.N.Y. Oct. 17, 2017) (granting an extension of the deadlines for expert discovery due to late discovery of certain facts from defendant); *Young v. Sw. Airlines Co.,* 016 WL 3257008, at *3-4, (E.D.N.Y. May 4, 2016) (reopening expert discovery for a limited purpose because, in part, trial was not scheduled yet and the expert discovery was relevant to plaintiff's damages).  The Federal Rules expressly contemplate this, describing an expert's basis for his or her opinion as "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.

It would be impossible for an expert to rely on the facts in this case before fact discovery is complete.  An expert who rendered an opinion before fact discovery had finished would not have the necessary information to inform that opinion.  Defendants' rebuttal reports (with defense experts having access to a more complete factual record) and cross-examination of an expert whose opinion was formed on a less-than-complete factual record, for example, would surely undermine the reliability of that expert's opinion. *See United States Roberts,* 2001 WL 1602123 (S.D.N.Y. Dec. 14, 2001) (court could not determine if *Daubert* hearing was necessary when government still in the process of interviewing potential experts); *Ausa Life Ins. Co. v. Dwyer*, 899 F. Supp. 1200 (S.D.N.Y. 1995) (plaintiffs' objections to expert testimony premature where parties had not yet completed expert testimony because it is "simply impossible to foresee at this point what testimony the parties will actually seek to introduce at trial or in what context it will be presented. Especially in litigation as complicated as this, we are hesitant to rule in advance, and in the abstract, on the admissibility of particular pieces of evidence").  It would be improper – and extraordinary – to require experts to render opinions when they have not been able to review the complete factual record.  Doing so would, effectively, deny Plaintiffs the use of any expert witnesses before they even had an opportunity to propose specific witnesses and areas of expertise.

Because Plaintiffs were forced to wait for additional FBI production[2] as well as other reasons, the depositions of Omar al-Bayoumi, Musaed al-Jarrah, and Fahad al-Thumairy could not be scheduled until the final month before this Court's deadline. As a result, those key transcripts that must be reviewed and addressed by the experts will be not even be available until after June 30.

In addition, the COVID crisis has seriously hampered Plaintiffs' ability to confer with experts until this month.[3] It has been difficult, and in some cases impossible, for Plaintiffs to retain and consult with experts without being able to hold in-person meetings. Thankfully, that situation has recently changed, but at the same time counsel have had no choice but to focus all of their energies on meeting the Court's June 30 fact deposition deadline (as well as the July 23 deadline for expert discovery concerning the non-sovereign defendants).

Since January, Plaintiffs have been engaged in intensive efforts to comply with the June 30, 2021 deadline for completing fact depositions that this Court set on December 1, 2020, as well as the overlapping deadline for completing expert depositions in the merits and jurisdictional cases. Most of these depositions have been document and fact intensive, and required extensive preparations and planning that had to be coordinated among the various PECs' firms. These efforts have been complicated by the fact that Plaintiffs' counsel have not been able to meet in person with one another or their consultants or experts, as they normally would do. The deposition schedule is only expected to intensify over the next several weeks, as the parties work in earnest to comply with the impending fact deposition deadlines. Owing to these and other demands in the MDL, even if the factual record were complete (which it is not), Plaintiffs have not and will not have time to meaningfully engage with their experts with respect to their reports, while depositions are ongoing.

The schedule for expert reports must, as a matter of due process, afford Plaintiffs' experts an opportunity to review the complete factual record and allow Plaintiffs' counsel sufficient time to engage with their experts in relation to the preparation of their reports. *See Outley v. City of New York*, 837 F.2d 587, 589-90 (2d Cir. 1988). A deadline of September 15, 2021, for production of expert reports protects Plaintiffs' interests while not unduly delaying the next stage

---

[2] The FBI has continued to produce records on a rolling basis, pursuant to this Court's authorization. The FBI's most recent production was received on May 4, 2021. Because the FBI has continued to produce documents subsequent to the filing of Plaintiffs' Omnibus Motion to Compel, there are additional issues relating to the belated productions (including redactions and the failure to produce documents the FBI committed to search for and produce in its Opposition to Plaintiffs motion to compel), which will need to be addressed in a motion. That motion practice can proceed in parallel to the preparation of Plaintiffs' expert reports.

[3] Plaintiffs note that the merits and jurisdictional defendants cited these and similar concerns in support of their requests for lengthy extensions of the deadlines for service of their expert reports, and for completing depositions of the experts. *See, e.g.*, ECF Nos. 6128, 6553, 6650. In the end, the merits and jurisdictional defendants were not required to produce their reports until four months after Plaintiffs produced their reports, more than a year after the close of fact depositions (ECF No. 4532) and nine months after the close of third-party fact discovery (ECF No. 4582). Indeed, early in this MDL, in Case Management Order No. 4, ECF No. 1546, Judge Casey set initial controls for discovery, noting that "further developments in this complex litigation may require that the control dates ... be extended or otherwise amended." Those controls set the date for all expert reports (both plaintiffs' and defendants' reports) as 45 days after the close of fact discovery. The initial control dates were later extended at ECF No. 1772, maintaining the same sequencing. The next expert discovery schedule was established November 2019, after all fact discovery regarding the merits and jurisdictional defendants was complete. ECF No. 5266.

4

of this litigation and is consistent with the scheduling this Court has ordered in the parallel suit against the other defendants.

Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | MOTLEY RICE |
| /s/ Sean P. Carter | /s/ Robert T. Haefele |
| Sean P. Carter, Esquire | Robert T. Haefele, Esquire |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, PA 19103 | Mt. Pleasant, SC 29464 |
| | |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

KREINDLER & KREINDLER

/s/ Megan W. Benett
Steven R. Pounian, Esquire
Andrew J. Maloney, Esquire
Megan W. Benett, Esquire
485 Lexington Avenue, 28th Fl.
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee
for Personal Injury and Death Claims