KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 24, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to seek a protective order "forbidding inquiry into certain matters," Fed. R. Civ. P. 26(c)(1)(D), at the upcoming deposition of Musaed Al Jarrah, who was registered with the U.S. State Department as an "administrative and technical staff member" of the Royal Embassy of Saudi Arabia in Washington, D.C. ("the Embassy") from 1991 to 2006.

      On May 14, 2021, Saudi Arabia informed Plaintiffs that it would assert immunity under the Vienna Convention on Diplomatic Relations of 1961 ("VCDR") at Al Jarrah's deposition on June 17 and 18, 2021. Ex. 1, at 1. Accordingly, as set forth in this Court's August 27, 2020 Order, Saudi Arabia will not allow Al Jarrah to answer questions regarding any "acts . . . performed in the exercise of . . . diplomatic functions." August 27, 2020 Order at 21, ECF No. 6408 ("August 27 Order"). Saudi Arabia further informed Plaintiffs, however, that it would permit Al Jarrah to testify as to interactions or communications (if any) that he had with Omar Al Bayoumi, Fahad Al Thumairy, Nawaf Al Hazmi, and Khalid Al Mihdhar. Al Jarrah will also be permitted to testify as to whether he (or to his knowledge anyone else) provided instructions to anyone to assist the hijackers. Ex. 1, at 2. Saudi Arabia made clear that, by permitting Al Jarrah to answer questions about these topics at his deposition, Saudi Arabia does not waive its VCDR immunities or any other applicable privilege. *Id.*

      Saudi Arabia asked Plaintiffs to consent in advance to these parameters. On May 21, Plaintiffs informed Saudi Arabia that they would not respect Saudi Arabia's VCDR immunities and would not limit their questioning as outlined above and by the Court in its August 27 Order. Ex. 2, at 1. Plaintiffs further stated, incorrectly, that Saudi Arabia had "waived" these immunities by not moving for a protective order earlier. *Id.*

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
May 24, 2021
Page 2

"Under the VCDR, '[a] diplomatic agent is not obliged to give evidence as a witness.'" August 27 Order at 13 (quoting VCDR art. 31(2)) (alteration in original). The "[m]embers of the administrative and technical staff" of a mission "enjoy" that same "immunit[y]," as long as they are not nationals or permanent residents of "the receiving State." VCDR art. 37(2). Even when "the functions of a person enjoying privileges and immunities have come to an end," "with respect to acts performed by [him] in the exercise of his functions as a member of the mission, immunity shall continue to subsist." *Id.* art. 39(2). The Court has recognized that Saudi Arabia's witnesses who were previously accredited diplomats continue to have residual testimony immunity, and it has rejected Plaintiffs' contrary arguments. *See* August 27 Order at 14-16.

For the VCDR's residual immunity to apply, a person must have been "accredited" by the United States Government. *Id.* at 14 (citing Ved P. Nanda et al., *Litigation of International Disputes in U.S. Courts* § 4:6 (2020)). To establish accreditation, "[i]t is enough that [a person] has requested immunity, that the State Department has recognized that the person for whom it was requested is entitled to it, and that the Department's recognition has been communicated to the court." *Carrera v. Carrera*, 174 F.2d 496, 497 (D.C. Cir. 1949); *see* August 27 Order at 14.

The State Department's Office of Foreign Missions – which "is responsible for overseeing the registration and maintenance of the official records of certain diplomatic officers" – has confirmed that Al Jarrah was accredited by the United States Government as "an administrative and technical staff member for the Embassy of Kingdom of Saudi Arabia, effective February 8, 1991 until February 26, 2006." Ex. 1, at 3.* Given this confirmation that Al Jarrah was a "properly accredited" diplomat, August 27 Order at 15, residual testimonial immunity under the VCDR applies. *See* VCDR arts. 31(2), 37(2), 39(2).

The scope of this immunity follows from the reasoning in the Court's August 27 Order, which the Court stated should "provide . . . guidance to the parties regarding . . . other deponents" than the ones specifically addressed. August 27 Order at 20. As the Court has explained, this immunity bars Plaintiffs from questioning diplomatic personnel, such as Al Jarrah, about "acts performed by [him] in the exercise of his functions as a member of the [Saudi Arabian] mission." VCDR art. 39(2); *see* August 27 Order at 21 (holding that VCDR immunity "attaches" to "acts . . . performed in the exercise of . . . diplomatic functions").

For example, questions about Al Jarrah's "'day-to-day work' at the Embassy" are prohibited, as such questions "implicate the diplomatic function of '[r]epresenting the sending State in the receiving State.'" August 27 Order at 20-21 (quoting VCDR art. 3(1)(a)). Any questions about Al Jarrah's purported "role in overseeing the [King Fahad Mosque]" implicate the same function, *id.*, and also are forbidden to the extent such tasks were "performed by

---

* The State Department's letter is dated April 20, 2021, but was not provided to Saudi Arabia until May 12, 2021. Saudi Arabia provided this letter to Plaintiffs two days later, on May 14, 2021, when it informed them it would assert VCDR immunity at Al Jarrah's deposition.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
May 24, 2021
Page 3

[Al Jarrah] in the exercise of his [Embassy] functions," VCDR art. 39(2). The same limitation applies to questions about "the extension of Al Thumairy's delegation to the King Fahad Mosque" and any "financial and personnel issues" at the King Fahad Mosque, August 27 Order at 21, which implicate, respectively, the diplomatic functions of "[p]rotecting in the receiving State the interests of the sending State['s] . . . nationals" and "[p]romoting friendly relations between the sending State and the receiving State, and developing their . . . cultural . . . relations," VCDR arts. 3(1)(b), 3(1)(e). Questions about the "officials' decision-making regarding the registration of diplomatic personnel" and other "personnel management decisions" are likewise barred. August 27 Order at 21-22 (citation omitted). Furthermore, questions about Al Jarrah's "decision-making" in the exercise of his Embassy functions, including questions about "officials' decision-making regarding the registration of diplomatic personnel," and other "personnel management decisions" are "impermissible." *Id.*

Finally, Plaintiffs' assertion in their May 21 correspondence that Saudi Arabia has waived its immunities is baseless. The VCDR states that all "waiver[s] must always be express." VCDR art. 32.2. Saudi Arabia has never expressly waived any immunity relating to Al Jarrah's testimony or, for that matter, the testimony of any other accredited "[m]embers of the administrative and technical staff" of its diplomatic missions. *Id.* art. 37(2). Moreover, the Court's August 27 Order expressly recognized that these testimonial immunities are not limited to the particular diplomatic officials discussed in that order. Instead, "the Court's analysis" was intended to "provide helpful guidance to the parties regarding any other potential deponents," August 27 Order at 20 – including, as relevant here, Al Jarrah.

* * *

Because Plaintiffs have informed Saudi Arabia that they do not intend to abide by the contours of the Court's August 27 Order with respect to Al Jarrah's deposition, Saudi Arabia asks that the Court enter an order finding that Al Jarrah is entitled to residual immunity under the VCDR and that Plaintiffs may not question Al Jarrah about "acts performed by [him] in the exercise of his functions" as a member of the Embassy's administrative and technical staff. VCDR art. 39(2).

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)