

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

June 1, 2021

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY  10007

BY ECF

    Re:    *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570 (S.D.N.Y.)

Dear Judge Netburn:

    Dallah Avco respectfully opposes plaintiffs' May 28, 2021 letter motion seeking a case management conference to discuss extending the June 30 fact discovery deadline. Dkt. 6829. The Court has already ruled that "the parties must complete all depositions by June 30, 2021" and that "[t]his deadline ***will not be adjourned***." Dkt. 6546 at 10 (emphasis added). Plaintiffs have not shown any good cause to revisit that ruling.

    Dallah Avco has a particularly strong interest in bringing fact discovery to a close. Dallah Avco has now been in jurisdictional discovery for nearly eight years. It produced the vast majority of its documents by April 2016 and substantially completed production by May 2017. It then finished presenting its witnesses for depositions in January 2019. Nonetheless, Dallah Avco has been unable to file a renewed dispositive motion because, as both sides agree, fact discovery against Dallah Avco must remain open until fact discovery against the Kingdom of Saudi Arabia concludes, given the relationship between the claims against the two defendants. Any delay in discovery against the Kingdom therefore directly impacts Dallah Avco.

    Plaintiffs complain that an extension is necessary because the June deposition calendar is "already quite full" and adding the depositions of plaintiffs' recently disclosed declarants "would interfere with plaintiffs' planning and preparations for . . . previously scheduled depositions." PECs Letter at 2. Any scheduling burdens, however, are entirely plaintiffs' fault. Plaintiffs took almost no depositions at all against the Kingdom in 2020. They took only two depositions in January 2021, two in February, and four in March. Plaintiffs thus made a conscious decision to take most of their depositions (including all the key ones) at the very end of the schedule.

    Plaintiffs also waited until May 17, 2021 to disclose their declarants, even though they must have appreciated that they would need to make many of those witnesses available for depositions too. The reason the deposition protocol requires parties to disclose their declarants at least 45 days before the end of fact discovery is so they "may be subpoenaed for deposition . . . by the other side." Dkt. 6002-1 ¶9. By waiting to schedule most of their own depositions until

the last minute, and then disclosing their declarants at the last minute too, plaintiffs created the very log jam they are now complaining about.

The impact on Dallah Avco is particularly unfair. Only one of plaintiffs' recently disclosed declarants is likely to have anything to say about Dallah Avco – Samuel Coombs, an employee on the Presidency of Civil Aviation's Air Navigation System Support project for which Dallah Avco provided manpower procurement and payroll processing services. The first time plaintiffs disclosed that they had even located, let alone obtained a declaration from, Mr. Coombs was on May 17, 2021. Nonetheless, when plaintiffs produced Mr. Coombs's declaration four days later, it was dated *January 25, 2021*. Plaintiffs thus kept the document under wraps for nearly *four months*. Given that delay, plaintiffs cannot fairly complain that the need to schedule Mr. Coombs's deposition during the remaining few weeks of fact discovery will interfere with their ability to hold preparatory meetings for their own depositions.[1]

Plaintiffs thus fail to show good cause for an extension of fact discovery. A case management conference for the purpose of *discussing* an extension is an even worse idea. Scheduling a case management conference would only delay resolution of this dispute, remove yet another day from the June schedule, and risk making plaintiffs' sought-after extension a *fait accompli*. Plaintiffs' request should accordingly be denied.

Respectfully submitted,

Robert Kry

cc: All counsel by ECF

---

[1] Plaintiffs point out that the 9/11 Commission Report contains a single cryptic reference to Mr. Coombs at the end of a footnote on page 515. PECs Letter at 2. But the reason the deposition protocol requires disclosure of declarants is that the opposing party has a special interest in deposing ***witnesses testifying for the other side***, not every potential witness under the sun.