[FILED STAMP: USDC SDNY DOCUMENT ELECTRONICALLY FILED JUN 0 2 2021]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

In re Terrorist Attacks on September 11, 2001

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") filed conditional objections under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's August 27, 2020 Order and Opinion granting, in part, Saudi Arabia's motion to compel and granting, in part, Plaintiffs' cross-motion to compel. (*See* Opinion & Order, ECF No. 6408, filed under seal August 27, 2020) ("August 27 Order.") Plaintiffs conditioned their objections on the resolution of their motion for reconsideration of the August 27 Order. (Plaintiffs' Objections ("Pls. Objs."), ECF No. 6459.) On January 13, 2021, Magistrate Judge Netburn issued an Amended Order and Opinion denying Plaintiffs' motion for reconsideration, thus necessitating the resolution of Plaintiffs' conditional objections. (*See* Amended Opinion & Order, ECF No. 6598, filed under seal January 13, 2021.) Specifically, Plaintiffs object to Magistrate Judge Netburn's ruling that Saudi Arabia is not obligated to produce former officials for depositions, absent a showing that Saudi Arabia terminated the official in light of this litigation or some similar exceptional circumstance. (Pls. Objs. at 2; August 27 Order at 7–11.) Plaintiffs' objections to Magistrate Judge Netburn's August 27 Order are OVERRULED.[1]

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

1

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

To guide her determination of whether former Saudi Arabian officials were subject to deposition by notice, Magistrate Judge Netburn looked to the law applicable to deposition testimony from former employees of corporate defendants. (August 27 Order at 5–6.) Plaintiffs argue that it was clear error to apply a standard that governs corporate defendants to a foreign sovereign. (Pls. Objs. at 11.) Plaintiffs further argue that it was clear error for Magistrate Judge Netburn to conclude that Plaintiffs failed to make an adequate showing, under the corporate

2

defendant standard, that the former Saudi officials "identify with the interests of the Kingdom and can be expected to stand ready to serve the Saudi government." (*Id.*)

Having reviewed the parties' filings and Judge Netburn's ruling, the Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Plaintiffs cite to no case law to support their argument that Magistrate Judge Netburn clearly erred and acknowledge that "no court had previously defined the standards applicable to a foreign state defendant to produce former employees for deposition." (*Id.*) Given the novel circumstances presented by this case, Magistrate Judge Netburn reasonably searched for an analogous context in the law and appropriately applied the standard relevant to former employees of corporate defendants. Moreover, Magistrate Judge Netburn correctly concluded that 30 former employees of Saudi Arabia were not "managing agents" of the Kingdom and thus, not subject to deposition by notice.

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's August 27 Opinion and Order are OVERRULED and DENIED. Magistrate Judge Netburn's Order is adopted in its entirety.

Dated: June 2, 2021
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

3