## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

June 8, 2021

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

     Plaintiffs write in response to Saudi Arabia's letter of last night (ECF No. 6850), advising the Court that the Kingdom no longer intends to proceed with several of the non-party depositions it had noticed for the coming weeks.  Plaintiffs still request a basic case management conference with the Court, notwithstanding the Kingdom's update.

     First, while Plaintiffs are evaluating whether it will be feasible to move forward with the three remaining non-party depositions the Kingdom has proposed to add to the schedule for June, some complications remain.  The dates the Kingdom has unilaterally noticed for those depositions conflict with other scheduled depositions or preparations for the key depositions of Musaed al Jarrah and Fahad al Thumairy.  For example, the Kingdom has noticed the deposition of Samuel Coombs for the same day the depositions of Khalid Blankinship (an expert for WAMY who submitted a 56-page report with 197 citations) and Witness X[1] are already scheduled to occur.  These three depositions are currently set for June 22, 2021.

     The Kingdom has not offered to revisit the overall schedule in light of its cancellation of other of the depositions, but Plaintiffs have reached out to Saudi Arabia's counsel today to

---

[1] The Kingdom has filed a motion for a protective order for Witness X which Plaintiffs have opposed.  *See* ECF Nos. 6841 and 6849.

Honorable Sarah Netburn
June 8, 2021
Page 2

propose that the Witness X deposition be moved to June 23, 2021.[2]  Although a Rule 30(b)(6) deposition of George Washington University ("GWU") is also set for June 23, Plaintiffs believe the Witness X and GWU depositions can be dual-tracked.  If the Kingdom agrees to this modest change, Plaintiffs believe that the three non-party depositions noticed by the Kingdom can be completed before June 30 (although doing so will materially disrupt the PECs' planned meetings and preparations for the Jarrah and Thumairy depositions).

Contrary to the Kingdom's suggestion, these circumstances do not alter the basic logic and benefits of holding a case management conference at this stage in the proceedings, as Plaintiffs have suggested.  For instance, one of the issues Plaintiffs had proposed to discuss was a modification of the deposition deadline for the planned Rule 30(b)(6) depositions of the FBI and DOJ, to afford the parties and government an opportunity to explore arrangements that would obviate the need for those depositions entirely.  Just yesterday, the DOJ suggested that the issues Plaintiffs sought to address through the FBI deposition could be resolved through a FRE 902(11) stipulation or certification.  *See* June 7, 2021 email from DOJ, Exhibit 1 hereto.  Plaintiffs believe that is correct, and a modification of the deposition deadline to allow those discussions to proceed in good faith is likely to eliminate the need for a deposition altogether and reduce the burden on the government and parties.  Several of the other agenda items Plaintiffs have proposed for discussion at a case management conference are likewise unaffected by the Kingdom's change of heart about proceeding with depositions of certain of the non-party witnesses.

Finally, Plaintiffs' request that the deadline for serving expert reports be set for September 15, 2021 is in no way impacted by the Kingdom's withdrawal of the deposition notices.  Again, Plaintiffs' experts need an opportunity to engage the full factual record in order to offer competent opinions, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993), and Plaintiffs' counsel need a meaningful opportunity to meet with and engage with Plaintiffs' experts in relation to their reports, something that has not been possible amidst the current deposition schedule (which remains packed through June 30) and the challenges posed by the global health pandemic.[3]

We thank Your Honor in advance for the Court's consideration of this request.

---

[2] Plaintiffs have also proposed moving the June 24, 2021 deposition of Usman Madha to June 25, 2021.
[3] The Kingdom continues to refer to the June 30 fact deposition deadline as the "fact discovery" deadline. There has never been any such deadline and this Court has only ever issued an order regarding a June 30 deadline for "fact depositions."  ECF No. 6546 at 10.  Indeed, the Court has expressly held that the parties are entitled to seek discovery of documents disclosed during depositions, and for witnesses deposed near the June 30 deadline (like Thumairy), any such discovery would need to occur during a window of time immediately after those depositions. In addition, as Plaintiffs noted previously, there are limited areas of dispute related to the FBI's later productions and compliance with this Court's February 2, 2021 Order that need to be addressed.  Plaintiffs wrote to the DOJ on Friday, May 4, 2021 to request a call to discuss a briefing schedule for those issues, *see* Exhibit 2 hereto, but have not heard back.

Honorable Sarah Netburn
June 8, 2021
Page 3

Respectfully submitted,

KREINDLER & KREINDLER LLP          MOTLEY RICE LLC

By: _/s/ Steven R. Pounian_____          By: _/s/ Robert T. Haefele_____
   Steven R. Pounian                       Robert T. Haefele
   Kreindler & Kreindler LLP                 Motley Rice LLC
   750 Third Avenue                        28 Bridgeside Boulevard
   New York, NY 10017                      Mount Pleasant, SC 29465
   Tel: (212) 687-8181                      Tel: (843) 216-9184
   E-mail: spounian@kreindler.com           E-mail: rhaefele@motleyrice.com

*On behalf of the MDL 1570 Plaintiffs' Exec.*          *On behalf of the MDL 1570 Plaintiffs' Exec.*
*Committees*                              *Committees*


COZEN O'CONNOR

By: _/s/ Sean P. Carter_____
   Sean P. Carter
   Cozen O'Connor
   One Liberty Place
   1650 Market Street, Suite 2800
   Philadelphia, PA 19103
   Tel: (215) 665-2105
   E-mail: scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec.*
*Committees*


cc:   The Honorable George B. Daniels (via ECF)
     All MDL Counsel of Record (via ECF)

LEGAL\52617893\1

# Exhibit 1

**Tarbutton, J. Scott**

| | |
|---|---|
| **From:** | Vargas, Jeannette (USANYS) <Jeannette.Vargas@usdoj.gov> |
| **Sent:** | Monday, June 7, 2021 5:25 PM |
| **To:** | Rapawy, Gregory G.; WTC[amaloney@kreindler.com]; WTC[sarah.normand@usdoj.gov]; enitz@mololamken.com |
| **Cc:** | Carter, Sean; Tarbutton, J. Scott; WTC[jgoldman@andersonkill.com]; bstrong@andersonkill.com; rhaefele@motleyrice.com; WTC[jkreindler@kreindler.com]; Spounian@kreindler.com; Mbenett@kreindler.com; WTC[jfawcett@kreindler.com]; rkry@mololamken.com; Kellogg, Michael K.; Shen, Andrew C.; Huppert, Matthew R. |
| **Subject:** | In re Terrorist Attacks on September 11, 2001, No. 1:03-md-01570-GBD-SN |

**\*\*EXTERNAL SENDER\*\***

Counsel,

We would like to schedule a call this week to discuss the May 27 Touhy request and subpoena directed to the FBI, as supplemented by the May 28 letter.  In this Touhy request, the PECs seek testimony in the form of a Rule 30(b)(6) deposition regarding, *inter alia*, the authenticity of the records produced by the FBI in this litigation, and the predicates for certain hearsay exceptions; the Kingdom seeks to cross-examine the FBI witness.

Based upon a review of the Touhy request, it appears as if the questions for which testimony are sought are largely matters that are capable of resolution via stipulation.  For example, we are not aware of any credible basis to challenge the authenticity of the produced records.  We would thus like to discuss jointly whether there are categories of documents as to which the parties can reach a stipulation regarding authenticity and foundation.

Even if the parties are not willing to reach a stipulation as to some or all of the FBI records, however, it does seem as if a business records certification issued in accordance with Rule 902(11) would obviate the need for a Rule 30(b)(6) deposition.  Although the FBI is still reviewing its production in more detail, our preliminary thinking is that such a certification would be appropriately issued for almost all, if not all, of the records produced by the FBI.  This would include records, such as telephone or banking records, that the FBI obtained from third parties.  *United States v. Adefehinti*, 510 F.3d 319, 325-26 (D.C. Cir. 2007); *Phoenix Associates III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995); *United States v. Duncan*, 919 F.2d 981, 986-87 (5th Cir. 1990).  We would thus like to discuss whether a business records certification would be sufficient to satisfy all parties.  To the extent that there are any concerns that specific records are not susceptible to a business records certification, we would like to discuss that as well.

Finally, we note that, even if the FBI were to produce a document custodian to testify in order to lay a foundation for the admissibility of the FBI records, such witness would not be required have knowledge of the "actual creation of the document to lay a proper foundation."  *United States v. Komasa*, 767 F.3d 151, 156 (2d Cir. 2014).  "All that is required of the witness is that he or she be familiar with the record-keeping procedures of the organization."  *Dyno Constr. Co. v. McWane, Inc.*, 198 F.3d 567, 576 (6th Cir. 1999); *see also United States v. El Gammal*, 831 F. App'x 539, 543 (2d Cir. 2020); *Berman v. Mobil Shipping & Transp. Co.*, 2019 WL 1510941, at *3 (S.D.N.Y. Mar. 27, 2019) (custodian does not need to testify as to whether record was created at or near the time of the events recorded; foundation is laid if custodian testifies that record was "kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record]" (quoting *Komasa*, 767 F.3d at 156)); *United States v. Miller*, 2018 WL 4961458, at *3 (S.D.N.Y. Oct. 15, 2018).  Thus any deponent or declarant, if authorized to testify, would be limited to testimony regarding the FBI's record-keeping practices generally, and would not be in a position to address the creation or collection of particular records.  As we do not understand there to be any serious disputes regarding the FBI's recordkeeping practices with respect to the documents that comprise the vast majority of the FBI's document production, such as interview reports, phone and banking records, evidentiary material seized pursuant to search

warrants, information received from foreign governments, and Electronic Communications, the utility of such testimony would appear to be marginal at best.

We believe this matter would be best resolved through a discussion with all parties, with the goal of arriving at a stipulation regarding authenticity and business records. Please let us know your availability for a call this week.


Jeannette Vargas
Deputy Chief, Civil Division
U.S. Attorney's Office for the
  Southern District of New York
86 Chambers Street, Third Floor
New York, N.Y. 10007

# Exhibit 2

**Tarbutton, J. Scott**

| | |
|---|---|
| **From:** | Carter, Sean |
| **Sent:** | Friday, June 4, 2021 8:03 PM |
| **To:** | WTC[sarah.normand@usdoj.gov]; Megan Benett; WTC[jeannette.vargas@usdoj.gov] |
| **Cc:** | Steven R. Pounian; WTC[amaloney@kreindler.com]; Tarbutton, J. Scott; zRobert Haefele; WTC[jfawcett@kreindler.com]; WTC[jgoldman@andersonkill.com] |
| **Subject:** | RE: In re Terrorist Attacks of September 11, 2011 (03 MD 1570) |

Sarah and Jeanette – Hope this finds you well.  We'd appreciate an update on where the FBI stands on the below request.

Also, we would like to schedule a call for next week to discuss a briefing schedule for motion practice relating to the issues we agreed to defer until completion of the FBI's ongoing productions.  Those issues include:

(1) Disputes as to privilege assertions invoked subsequent to the filing of Plaintiffs' Second (omnibus) Motion to Compel (whether in the form of redactions or in support of the withholding of additional documents); and

(2) Disputes as to the adequacy of the FBI's searches in accordance with the Court's February 1, 2021 Opinion and Order, including those the FBI committed to conduct in its filings to the Court.

Please let us know when you have availability to speak, and have a good weekend.

Best, Sean



**Sean P. Carter**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2105 F: 215-701-2105
Email | Bio | LinkedIn | Map | cozen.com

---

**From:** Carter, Sean
**Sent:** Wednesday, May 26, 2021 11:56 AM
**To:** 'Normand, Sarah (USANYS)' <Sarah.Normand@usdoj.gov>; Megan Benett <Mbenett@kreindler.com>; WTC[jeannette.vargas@usdoj.gov] <jeannette.vargas@usdoj.gov>
**Cc:** Steven R. Pounian <Spounian@kreindler.com>; WTC[amaloney@kreindler.com] <amaloney@kreindler.com>; Tarbutton, J. Scott <STarbutton@cozen.com>; zRobert Haefele <rhaefele@motleyrice.com>; WTC[jfawcett@kreindler.com] <jfawcett@kreindler.com>
**Subject:** RE: In re Terrorist Attacks of September 11, 2011 (03 MD 1570)

Dear Sarah and Jeanette – Along the lines of our request as to Coombs, it appears that the FBI overlooked documents pertaining to Fahad al Thumairy in its additional searches, and in particular documents pertaining to his extremist views and leadership of a radical faction supportive of the events of 9/11.  The 9/11 Commission cited several FBI documents in relation to its findings on those issues, and we anticipate that additional interviews of King Fahad Mosque attendees were conducted that addressed those and related issues (beyond those formally referenced by the 9/11 Commission).  Given that such documents concern Thumairy specifically, we think it likely they were overlooked in the FBI's additional searches, and write to request that they be produced as soon as is possible.  We note that Thumairy's deposition is scheduled for the end of June.  Below are the documents cited by the 9/11 Commission in Notes 10-13 to Chapter 7.  Again, we anticipate there are others.  Thanks, Sean