USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 8 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

In re Terrorist Attacks on September 11, 2001

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Netburn's December 1, 2020 Order and Opinion directing that "[a]ll fact discovery shall be completed by June 30, 2021" and that depositions must be "conducted remotely by [a] reliable videoconferencing method." (*See* Opinion & Order, ECF No. 6546 at 10) ("December 1 Order.") Magistrate Judge Netburn also stated that the fact discovery deadline would not be adjourned or extended. (*Id.* at 9–10.) Plaintiffs object on the grounds that Magistrate Judge Netburn (1) imposed "an inflexible deposition deadline," and (2) directed that "[t]o the extent the public health situation changes" any in-person depositions must proceed "in the witness's country of residence." (*Id.* at 10.) Plaintiffs' objections to Magistrate Judge Netburn's December 1 Order are OVERRULED.[1]

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

1

ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years"). Here, Magistrate Judge Netburn has been involved in jurisdictional discovery for many years and she reasonably imposed a June 30, 2021 deadline for the close of fact discovery. Similarly, Magistrate Judge Netburn appropriately weighed comity concerns when she concluded that, to the extent any occur, in-person depositions should take place in the witness's country of residence. The Supreme Court has "long recognized the demands of comity in suits involving foreign states." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. Of Iowa*, 482 U.S. 522, 546 (1987) (citing *Hilton v. Guyot*, 159 U.S. 113 (1895). Magistrate Judge Netburn showed proper consideration for the special problems faced by witnesses who are unable or reluctant to travel outside of Saudi Arabia, as well as for the burdens of depositions imposed on current and former Saudi government employees.

The Court is aware that Plaintiffs filed a letter motion on May 28, 2021 seeking a case management conference to discuss extending the June 30, 2021 fact discovery deadline. (ECF No. 6829.) Defendants Dallah Avco and Saudi Arabai have filed oppositions to this request. (ECF

2

Nos. 6839 and 6850.) Magistrate Judge Netburn has effectively coordinated jurisdictional discovery in this unique and complex case. Given Magistrate Judge Netburn's deep involvement in the discovery matters of this case, any extension of the fact discovery deadline imposed by the December 1 Order is left to her discretion. This order serves only to uphold the December 1 Discovery Order.

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's December 1 Opinion and Order are OVERRULED and DENIED.

Dated: June 8, 2021
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE