USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 5 202

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

In re Terrorist Attacks on September 11, 2001

03 MDL 1570 (GBD) (SN)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

Plaintiffs' Executive Committees ("PECs" or "Plaintiffs") object under Federal Rule of

Civil Procedure 72(a) to Magistrate Judge Netburn's March 12, 2021 Order and Opinion granting,

in part, Plaintiffs' motion to compel the Kingdom of Saudi Arabia to produce documents regarding

Saudi Arabia's review of the "controls and rules" governing Ministry of Islamic Affairs officials

working inside the United States after the terrorist attacks on September 11, 2001. (*See* Opinion

& Order, ECF No. 6660) ("March 12 Order.")  Specifically, Plaintiffs object to the portion of

Magistrate Judge Netburn's ruling that denied their request that Saudi Arabia be compelled to

produce seven attachments to a set of meeting minutes from a September 2002 meeting of the

Saudi Royal Committee. (Plaintiffs' Objections ("Pls.' Objs."), ECF No. 6686; March 12 Order

at 3–5.) Plaintiffs' objections to Magistrate Judge Netburn's August 27 Order are OVERRULED.[1]

A district judge must modify or set aside only those parts of a magistrate judge's order

related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P.

72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that "Congress

provided for a 'clearly erroneous or contrary to law' standard of review of a magistrate's

disposition of certain pretrial matters"). "A district court is justified in finding a magistrate judge's

---

[1] The court assumes familiarity with the underlying facts and procedural history and will only relate those facts necessary to address the issues raised by the objections.

1

ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F.Supp.2d 254, 276 (N.D.N.Y.2006) (noting that particular deference is due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

Plaintiffs argue that Magistrate Judge Netburn committed clear error in denying Plaintiffs' motion to compel the attachments to the Royal Committee meeting minutes. (Pls.' Objs. at 1, 3–7.) On January 13, 2020, the Court announced that document discovery between the parties had generally closed. (*See* ECF No. 5777.) During document discovery, on July 22, 2019, Magistrate Judge Netburn ordered Saudi Arabia to conduct "targeted searches" for certain documents (including the "September 2002 minutes") related to meetings held by certain Ministry of Islamic Affairs employees. (*See* ECF No. 6577.) In compliance with that order, Saudi Arabia produced the September 2002 minutes at issue here. (March 12 Order at 3.) Those minutes describe certain attachments that were reviewed as part of the Royal Committee's work. (*Id.*) Saudi Arabia did not produce these attachments. (*Id.* at 4.) Magistrate Judge Netburn reasonably concluded that her July 22 order "directed the Kingdom to search for 'only the 2002 minutes'" and therefore "did not require a further search for attachments which were not independently responsive." (March

12 Order at 4.)  Magistrate Judge Netburn also properly "credit[ed] the Kingdom's assertion that it would have produced the attachments if they had been originally located with the minutes themselves."  (*Id.*)

In any event, Plaintiffs' request for the attachments to the September 2002 meeting minutes—as Magistrate Judge Netburn correctly found—was untimely.  (*Id.* at 4–5.)  Plaintiffs received the September 2002 minutes in October 2019.  (Saudi Arabia's Opp'n to Pls.'s Objs., ECF No. 6723 at 11.)  And, as noted by Magistrate Judge Netburn, the attachments are described on the face of the minutes. (March 12 Order at 5.)  Thus, Plaintiffs had an ample opportunity to review the document and make further discovery requests before the close of document discovery in January 2020.  Magistrate Judge Netburn correctly found that Plaintiffs have not demonstrated good cause for their delay in requesting the attachments. (March 12 Order at 4.)  Plaintiffs' claim that they did not review the document, despite it being available, until they were preparing for a deposition in January 2021, does not excuse their dilatory conduct. *See Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 139, 141 (S.D.N.Y. 2011) (noting that a " party seeking to file a motion to compel after discovery has closed must . . . establish good cause" and that good cause is not established where the request is premised on documents made available before the close of fact discovery.)  In sum, Magistrate Judge Netburn correctly found that Plaintiffs request was untimely because "they could have sought those attachments well before the close of document discovery." (March 12 Order at 4–5.) [2]

---

[2] Magistrate Judge Netburn also correctly found that the attachments may be withheld because all but one of the attachments at issue predate the date range (1998 to 2002) set for jurisdictional discovery.  (March 12 Order at 5.) This Court is ever mindful that it "must be circumspect in allowing discovery" before a plaintiff has established jurisdiction over a foreign sovereign. *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206 (2d Cir. 2016) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 210 (2d Cir. 2021)).

Having reviewed the parties' filings and Judge Netburn's ruling, the Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P.I.*, 551 F. Supp. 2d at 177. Magistrate Judge Netburn correctly denied Plaintiffs' motion to compel as to the attachments to the September 2002 minutes.

Plaintiffs' Rule 72 objections to Magistrate Judge Netburn's March 12 Opinion and Order are OVERRULED and DENIED.

Dated: June 15, 2021
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4