UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) ECF Case |
|---|---|

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN))

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR AN ORDER CORRECTING ERRORS IN COMPLAINT**

Plaintiffs, by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion pursuant to Federal Rule of Civil Procedure 15 for an order correcting errors in Plaintiffs' First Amended Short Form Complaint filed on February 22, 2019 (ECF No. 29) ("FAC").

**BACKGROUND**

Plaintiffs are the personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2011 (the "September 11th Attacks"). The only defendant in this case is Iran. Plaintiffs commenced this suit against Iran on December 29, 2018. *See* ECF No. 1. Iran was served with the FAC on June 29, 2020 pursuant to 28 U.S.C. Section 1608(a)(4). *See* ECF No. 47 at ¶¶ 9-10 and Exhibit 3. Iran failed to serve an answer or otherwise file a responsive pleading within sixty (60) days after service, and the Clerk issued a Certificate of Default on November 5, 2020. *See* ECF No. 52. Plaintiffs file this motion preliminary to seeking entry of judgment for liability and damages against Iran.

1

Since commencing this action, and in preparation for seeking judgment against Iran, Plaintiffs' counsel have continued to obtain additional information and documentation from Plaintiffs and their family members. In the course of so doing, counsel have identified certain minor errors in the FAC, such as name misspellings, which Plaintiffs now seek to correct. None of the corrections constitutes a substantial change that would warrant additional service of an amended pleading on Iran.

Through the instant Motion, Plaintiffs seek to correct such errors before entry of judgment as to liability and damages in order to ensure that the record is accurate. None of the modifications requested herein affect the substantive claims or relief sought. No new claims are asserted, and no additional plaintiffs have been added.

## ARGUMENT

**I.     LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "This 'permissive standard . . . is consistent with [the] strong preference for resolving disputes on the merits.'" *Media Glow Dig., LLC v. Panasonic Corp. of N. Am.*, 2018 U.S. Dist. LEXIS 207922, at *12 (S.D.N.Y. Dec. 10, 2018) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). Leave to amend should only be denied in "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). It is well-settled that "[d]istrict courts are vested with broad discretion to grant a party leave to amend the pleadings." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009).

II.  **PLAINTIFFS REQUEST FOR LEAVE TO AMEND SHOULD BE GRANTED UNDER THE PERMISSIVE STANDARD SET FORTH IN RULE 15(A)**

Here, Plaintiffs only seek to correct what can best be characterized as typographical errors. There are no new claims asserted, nor any changes in the substantive relief sought. Instead, as specified below, the record will be made to accurately reflect Plaintiffs' names and relationships to their family members killed in the September 11th Attacks. Such proposed amendments clearly do not constitute "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" and, therefore, should be permitted. *Burch*, 551 F.3d at 126.

A.  **Plaintiff Name Correction:**

The following Plaintiff's name was misspelled in the FAC:

| Plaintiff's Name as Pled | Plaintiff's Name as Amended | Citation in FAC |
|---|---|---|
| Bryan Kauth | Brian Gerard Kauth | Appendix I at line 52 |

B.  **Plaintiff Whose Relationship a 9/11 Decedent Is Incorrectly Described:**

Plaintiff John M. Duffy is the brother of Michael Joeph Duffy, who was killed in the September 11th Attacks. In the FAC, John M. Duffy is incorrectly described as the father of Michael Joseph Duffy. *See* FAC, Appendix I at line 25.

III.  **NO ADDITIONAL SERVICE IS REQUIRED BECAUSE THE CHANGES ARE INSUBSTANTIAL**

In this case, Plaintiffs properly served Iran in accordance with the Foreign Sovereign Immunities Act and, after Iran failed to timely respond, the Clerk of Court issued a Certificate of Default. *See* ECF No. 52. Plaintiffs now seek to make the aforementioned corrections, which are insubstantial. No additional service on Iran should be required under these circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign

3

state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'" *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 47 (D.D.C. 2013) (citing *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009)). *See also Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. . . . . Accordingly, this Court will not require plaintiff to serve the amended complaint."); *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.").

In this case, Plaintiffs only seek to correct typographical errors and minor inaccuracies. Because these changes are insubstantial, no additional service of the amended pleadings should be required.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request the Court to enter an order correcting errors in the First Amended Complaint *nunc pro tunc* and excusing Plaintiffs from serving Iran with a copy of the First Amended Complaint that reflects the corrections.

Dated: June 23, 2021
       White Plains, New York

Respectfully submitted,

**FLEISCHMAN BONNER & ROCCO LLP**

By: /s/ James P. Bonner
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone: 908-516-2066

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
Thomas P. Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com
tpd@thedonahuelawfirm.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

***Counsel for Plaintiffs***