UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) **(and member case** *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)))

  I, JOSEPH PETER DRENNAN, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

  1. I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN) (the "*Anaya* Plaintiffs").[1] I was admitted *pro hac vice* in the *Anaya* Action on February 5, 2019. I submit this Declaration in support of the *Anaya* Plaintiffs' motion for an order, consistent with orders previously entered by this Honorable Court: (a) granting judgment by default against the Islamic Republic of Iran as to its liability to the *Anaya* Plaintiffs, except Plaintiff Tracey Anne Larkey, individually and as Personal Representative of the Estate of Robin Blair Larkey, Nicholas Blair Larkey, Oliver Robin Larkey,

---

[1] The following individuals, who were originally named as plaintiffs in the *Anaya* Action, have already recovered 9/11-related judgments against Iran or have motions for such judgments pending before this Court: Marie Laure Anaya, individually and as Personal Representative of the Estate of Calixto Anaya, Jr., Kristina-Marie Anaya, Brandon Michael Anaya, Rebecca Anaya, Elizabeth A. Emery, individually and as Personal Representative of the Estate of Edgar H. Emery, Jr., and Brian K. Emery. A motion under Fed. R. Civ. P. 21 to drop these plaintiffs from the Anaya Action was filed on June 23, 2021. References herein to "*Anaya* Plaintiffs" do not include these individuals.

and William James Larkey[2], pursuant to Section 1605A(c) of the Foreign Sovereign Immunities Act; (b) awarding the *Anaya* Plaintiffs in Exhibit A hereto—all of whom are immediate family members of decedents killed in the terrorist attacks on September 11, 2001 ("9/11 Decedents")—compensatory damages and prejudgment interest for their loss of solatium; (c) awarding the *Anaya* Plaintiffs in Exhibit B hereto—all of whom are personal representatives of estates of 9/11 Decedents—compensatory damages and prejudgment interest for their pain and suffering; (d) granting leave to Plaintiffs Donovan Lanham, Gary Lanham, and Jasmine Lanham—all of whom are step-children of 9/11 Decedent Michael W. Lowe—to move at a later date for awards of solatium damages against the Islamic Republic of Iran; and (e) granting leave to all *Anaya* Plaintiffs to move at later dates for awards of economic, punitive or other damages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

---

[2] As of the time of filing, I have been unable to confirm whether decedent Robin Blair Larkey and his immediate family members Tracey Anne Larkey, Nicholas Blair Larkey, Oliver Robin Larkey, and William James Larkey (collectively "Larkey Plaintiffs") were United States citizens on September 11, 2001. To the extent that any of the Larkey Plaintiffs are confirmed to have been U.S. citizens, a separate application for default judgment pursuant to 28 U.S.C. § 1605A(c) will be filed on their behalfs.

  c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

3.  The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in representing *Anaya* Plaintiffs in connection with the September 11th litigation; communications directly with the personal representatives and family members of individuals killed in the September 11, 2001 terrorist attacks, and with the Plaintiffs listed in Exhibits A and B hereto; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; documents and public records copies of which are contained in my firm's files; and court records relating to the multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4.  My firm has been retained by the *Anaya* Plaintiffs individually to pursue claims against the Islamic Republic of Iran for its role in the September 11, 2001 terrorist attacks. The *Anaya* Plaintiffs are personal representatives of the estates of sixteen 9/11 Decedents, and family members of those 9/11 Decedents or the personal representatives of such family members. We have verified that none of the *Anaya* Plaintiffs has previously been awarded a judgment against the Islamic Republic of Iran or any Iranian government defendant in relation to the September 11th terrorist attacks.[3]

5.  All of the individuals listed in Exhibit A hereto are immediate family members of the 9/11 Decedents who are identified in Exhibit A, or the personal representatives of immediate family members of those 9/11 Decedents, who seek solatium damages.

---

[3] As explained in footnote 1, certain individuals who were named in the complaint in this action have already obtained 9/11-related judgments against Iran, or have motions for such judgments pending. A motion to dismiss their claims from this action was filed on June 23, 2021. The instant motion does not seek any relief on behalf of these individuals.

6. All of the *Anaya* Plaintiffs identified in Exhibit A hereto have provided my firm with evidence of their United States citizenship, or the United States citizenship of the claimant or decedent they represent, as of September 11, 2001.

7. Each of the *Anaya* Plaintiffs listed in Exhibit A has provided my firm with evidence such as birth certificates, marriage certificates or declarations signed under penalty of perjury evidencing that the claimant's familial relationships to the 9/11 Decedent is that specified in Exhibit A. The following Plaintiffs listed in Exhibit A, who are acting on behalf of estates, have also provided my firm with proofs, as follows:

   a. Plaintiff Lucille Dionisio has provided my firm with proof that she has been appointed by a court as the personal representative of the Estate of Anthony Dionisio, who was the father of 9/11 Decedent Anthony Dionisio, Jr.; as well as proof that Anthony Dionisio survived the death of his son Anthony Dionisio, Jr.

   b. Plaintiff Barbara Duffy has provided my firm with proof that she has been appointed by a court as the personal representative of the Estate of John Michael Duffy, who was the father of 9/11 Decedent Michael Joseph Duffy; as well as proof that John Michael Duffy survived the death of his son Michael Joseph Duffy.

   c. Plaintiff Thomas Frank Getzendanner has provided my firm with proof that he has been appointed by a court as the personal representative of the Estates of Elizabeth A. Getzendanner and Joseph W. Getzendanner, who were the parents of 9/11 Decedent Susan Getzendanner; as well as proof that both Elizabeth A. Getzendanner and Joseph W. Getzendanner survived the death of their daughter Susan Getzendanner.

    d. Plaintiff Deodat Guman has provided my firm with proof that he has been appointed by a court as the personal representative of the Estate of Melaissa Guman, who was the daughter of 9/11 Decedent Babita Girjamatie Guman; as well as proof that Melaissa Guman survived the death of her mother Babita Girjamatie Guman.

    e. Plaintiff Vanessa Graham has provided my firm with proof that she has been appointed by a court as the personal representative of the Estate of Winifred R. Graham, who was the mother of 9/11 Decedent Don Jerome Kauth; as well as proof that Winifred R. Graham survived the death of her son Don Jerome Kauth.

    f. Plaintiff Paula Issel has provided my firm with proof that she has been appointed by a court as the personal representative of the Estate of Joan King, who was the mother of 9/11 Decedent Andrew Marshal King; as well as proof that Joan King survived the death of her son Andrew Marshal King.

    g. Plaintiff Mario Truglio has provided my firm with proof that she has been appointed by a court as the personal representative of the Estate of Roger R. Marti, who was the father of 9/11 Decedent Michael A. Marti; as well as proof that Roger R. Marti survived the death of his son Michael A. Marti.

8. All of the *Anaya* Plaintiffs listed in Exhibit B are the personal representatives of estates of 9/11 Decedents who seek to recover damages on behalf of the estates for the pain and suffering of the 9/11 Decedents. They have each provided my firm with proof that they have been appointed by a court as the personal representative of the estate of the 9/11 Decedent identified in Exhibit B; and that the 9/11 Decedent was a United States citizens on September 11, 2001.

9. To minimize the chance of any human error, attorneys at my firm other than myself have also reviewed all case files and corroborated that Exhibits A and B hereto are correct.

10. Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433), and have personally verified that, based on my review of the records available to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the September 11, 2001 terrorist attacks and judgments entered by this Court in those actions, none of the *Anaya* Plaintiffs has previously recovered their solatium or pain and suffering damages, nor does any *Anaya* Plaintiff have any other motion pending before this Court for compensation arising out of the September 11, 2001 terrorist attacks.

11. The solatium amounts set forth in Exhibit A hereto are the amounts that this Court has previously determined to be appropriate for solatium damages based on the particular familial relationship to a 9/11 Decedent. *See, e.g.*, 03-md-1570 (S.D.N.Y.) (GDB) (FM), ECF 2623, entered 10/03/12, pp. 4-5; 03-md-1570 (S.D.N.Y.) (GBD) (FM), ECF 3300, entered 06/16/2016, p. 1.

12. Exhibit B sets forth pain and suffering awards of $2 million for each estate. This Court has previously determined that $2 million constitutes an appropriate pain and suffering award for the estates of 9/11 Decedents. *See, e.g., Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *79-80.

13. Previously, in connection with a motion for final judgment on behalf of *Ashton* claimants, this Court instructed counsel to present a proposed order with a rate of prejudgment

interest of 4.96 percent, per annum, compounded annually. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The form of the proposed partial final judgment attached at **Exhibit C** hereto therefore conforms to the Court's prior orders.

14. A separate motion will be filed on behalf of *Anaya* Plaintiffs Donovan Lanham, Gary Lanham, and Jasmine Lanham seeking solatium damages on the basis of their non-immediate family relationships to 9/11 Decedent Michael W. Lowe.

15. My firm is in the process of obtaining an economic loss valuations for the estates of the 9/11 Decedents identified in Exhibit B hereto and will promptly submit a motion for an award of economic damages to those estates as soon as the necessary information has been compiled.

16. Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment against the Islamic Republic of Iran in substantially the form attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Fredericksburg, Virginia, on June 23, 2021.

*Joseph Peter Drennan*
JOSEPH PETER DRENNAN