KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

June 25, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      As directed by the Court's order of June 18, 2021, ECF No. 6872, I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to submit the parties' positions concerning outstanding discovery issues and the need for a status conference. Saudi Arabia, the Plaintiffs' Executive Committees ("Plaintiffs"), and Defendant Dallah Avco all join in this letter, except for the parts identified below as representing the positions of specific parties.

      The parties agree that a case management conference is not required at this time. Should the Court prefer to hold a conference, all parties are available at the Court's convenience.

      All currently scheduled party and non-party depositions are on track to be completed by June 30, 2021. The FBI and the Department of State have proposed that they will provide declarations in lieu of any depositions of agency document custodians. An FBI declaration has been agreed to by the parties and is currently being finalized. The parties and the State Department are similarly negotiating in good faith in an attempt to avoid the need for a deposition of a State Department document custodian. If no agreement is reached and it becomes necessary for such a deposition to take place, no party will object to it taking place promptly after June 30, 2021. The FBI and the Department of State reserve any other objections to the deposition subpoenas in the event the parties cannot reach final agreement on declarations.

      The parties' other positions on outstanding issues are as follows:

**<u>Plaintiffs' Executive Committees</u>**

1. As noted in our letters to the Court, *see* ECF No. 6851 at FN3, there are issues related to the FBI's productions made subsequent to briefing on Plaintiffs' Second Motion to Compel that need to be presented to the Court. These include challenges to privileges

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
June 25, 2021
Page 2

asserted in relation to those later productions, in the form of redactions or full withholding of documents, as well as the government's compliance with the searches required by the Court's Orders. Plaintiffs and the DOJ are engaged in a dialogue about those issues, and anticipate presenting a proposal to the Court for addressing those issues in the near future.

2. The letter rogatory request issued by the Court for the deposition of Alp Karli has been presented to Turkish authorities, and the process for securing his testimony pursuant to that process is moving forward under the applicable Turkish procedure. Plaintiffs should be afforded an opportunity to depose Mr. Karli pursuant to that process, for the reasons previously articulated. We note that, as a matter of comity, it would be unusual for a U.S. court, having previously issued letters rogatory to a foreign judicial authority, to then request that that foreign judicial authority suspend its ongoing process. Further, given the Court's Order on expert discovery, there is no plausible basis for the Kingdom or Dallah Avco to claim undue prejudice from allowing the ongoing letter rogatory process to proceed.

3. Similarly, the letter rogatory request issued by the Court to Scotland Yard has been presented to British authorities and is being processed. That process should proceed in accordance with the request issued by the Court.

4. Plaintiffs are not requesting a generic extension of the deposition deadline for depositions of witnesses identified in later FBI productions. Rather, Plaintiffs may seek leave, in particular cases, to proceed with depositions of witnesses upon a showing of good cause. To the extent that becomes necessary, whether as a result of later FBI productions or witness testimony, information obtained from the letter rogatory request to Scotland Yard, the deposition of Alp Karli, or a similar development, Plaintiffs will make an appropriate application.

5. Plaintiffs reserve their rights to issue subpoenas for documents, such as subpoenas based on information gleaned from the later FBI productions, witness testimony, and information provided pursuant to the outstanding letters rogatory requests.

6. Although the Court's Order of June 18 and further developments have resolved the principal issues Plaintiffs planned to address at the requested case management conference, Plaintiffs stand ready to participate in any conference the Court deems appropriate.

**Kingdom of Saudi Arabia**

Saudi Arabia takes no position concerning any proposal that Plaintiffs and the FBI may present to the Court concerning disputes over document discovery. Saudi Arabia likewise takes no position concerning Plaintiffs' ongoing attempts to obtain documents from Scotland Yard.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
June 25, 2021
Page 3

Saudi Arabia maintains its objection to Plaintiffs' request for an open-ended extension of the June 30, 2021 close of fact discovery for the testimony of Alp Karli.  *See* ECF No. 6838, at 4-5.  We are aware of no scheduled date for this testimony to occur.  The Hague Evidence Convention process can take many months or even years.  As an example from this case, this Court granted Plaintiffs' request for a letter seeking assistance from the Swedish authorities to compel the testimony of Mohdar Abdullah on May 20, 2019.  ECF No. 4527.  That testimony took place almost two years later, on May 7 and 10, 2021.

Plaintiffs have asserted that Saudi Arabia cannot show prejudice because the Court has granted additional time for expert discovery.  No showing of prejudice is required to enforce a court scheduling deadline.  Instead, Plaintiffs have the burden to establish good cause for an extension, which they cannot do.  *See* Fed. R. Civ. P. 16(b)(4); ECF No. 6838, at 3 (citing authorities).  If prejudice were required, there is prejudice to Saudi Arabia's "real interest in wrapping up this discovery and moving to the motion practice," which this Court recognized as legitimate at the October 12, 2018 discovery hearing.  ECF No. 4237, at 29:11-13.  As there is no date set for Karli's testimony, Plaintiffs do not and cannot represent that it will be completed before the expert discovery deadlines, which this Court has already extended.

For similar reasons, Saudi Arabia anticipates that it will oppose any future request for further discovery to Saudi Arabia, or for the extension of any deadline, based on any future production of documents by the FBI, Scotland Yard, or any third party.  Saudi Arabia will review any specific request made by Plaintiffs before taking a final position.

**Dallah Avco**

Dallah Avco agrees with Saudi Arabia's position for substantially the same reasons.  As explained in Dallah Avco's letter of June 1, 2021, ECF No. 6839, Dallah Avco substantially completed document production in May 2017 and finished presenting its witnesses for depositions in January 2019, but has been unable to file a renewed dispositive motion while fact depositions concerning the Kingdom remain ongoing.  Granting Plaintiffs open-ended permission to depose additional fact witnesses at unknown future dates would seriously complicate both expert discovery and renewed dispositive motion briefing, as the factual record would remain in flux for many months if not years.  Plaintiffs have not shown the compelling grounds necessary to justify that sort of severe prejudice.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)