# EXHIBIT D



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: HAGRAVE V. ISLAMIC REP.
OF IRAN
Date: 3/12/2021 10:55:06 AM
Register: ACS Cash
Transaction: 15040004
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | CHF 2'275.00 |
| ROGATORY/FSIA FEE | | | | |

| | |
|---|---|
| **Balance** | $2,275.00 |
| **Amount Paid** | $2,275.00 |
| **Change** | $0.00 |

CUSTOMER COPY
**ALL TRANSACTIONS ARE
FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

49895





**United States Department of State**

*Washington, D.C.   20520*

May 5, 2021

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re: Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, 20-cv-9387-GBD-SN**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Iran Short Form Complaint, Civil Cover Sheet, Related Case Statement, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1043-IE dated April 6, 2021 and delivered on April 14, 2021. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser, Consular Affairs



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland            )
Bern, Canton of Bern                    ) SS:
Embassy of the United States of America )

I, Jack F. Pan, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 27435 dated March 11, 2021, which was transmitted to the Swiss Ministry of Foreign Affairs on March 17, 2021 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)


_____
Jack F. PAN
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


April 23, 2021
(Date)



*Embassy of the United States of America*

March 11, 2021

CONS NO.        27435

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, 20-cv-9387-GBD-SN

REF:     ----

The Department of State has requested the delivery of the enclosed Summons, Iran Short Form Complaint, Related Case Statement, and Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, 20-cv-9387-GBD-SN.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Summons, Iran Short Form Complaint, Related Case Statement, and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, 20-cv-9387-GBD-SN, which is pending in the United States District Court in the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons, Iran Short Form Complaint, and Related Case Statement herewith. The U.S. District Court in the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Amended Summons and Amended Iran Short Form Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Iran Short Form Complaint, and Related Case Statement, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Iran Short Form Complaint, Related Case Statement, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



## SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

certify that the annexed document bears the genuine seal of the Swiss Federal Department of
oreign Affairs.

certify under penalty of perjury under the laws of the United States that the foregoing is true
nd correct.



_____
(Signature of Consular Officer)


_____
Jack F. PAN
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


April 23, 2021
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

30969

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27435 dated March 11, 2021 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**Lawsuit Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, 20-cv-9387-GBD-SN**

* Note No. 1043-IE addressed to the Government of the Islamic Republic of Iran

dated April 06, 2021 and proof of service, dated April 14, 2021 as well as the certification by the Swiss Federal Chancellery dated April 21, 2021.

The section has received the above mentioned documents on March 28, 2021. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on April 14, 2021. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, April 21, 2021

_Enclosure(s) mentioned_

To the
Embassy of the
United States of America

Berne



SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland          )
Bern, Canton of Bern                     ) SS:
Embassy of the United States of America  )


certify that the annexed document is executed by the genuine signature and seal of the
following named official who, in an official capacity, is empowered by the laws of Switzerland
execute that document.

certify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.


Alessandra MANOIERO
(Typed name of Official who executed the annexed document)


(Signature of Consular Officer)


Jack F. PAN
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


April 23, 2021
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1043-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, 20-cv-9387-GBD-SN, which is pending in the U.S. District Court in the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons, Iran Short Form Complaint, and Related Case Statement herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons, Iran Short Form Complaint, and Related Case Statement be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Iran Short Form Complaint, and Related Case Statement, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, April 06, 2021

Attachments:
1. Summons, Iran Short Form Complaint, Related Case Statement, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Sylvie Brunner, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1043-IE, dated April 06, 2021. The delivery of this note and its enclosures was attempted on April 14, 2021, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Sylvie Brunner
Deputy Head of the Foreign Interests Section

Tehran, April 14, 2021

---

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by      Sylvie Brunner

3. acting in the capacity of Deputy Head of the Foreign Interests Section

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne                 6.        the 21 April 2021

7. by  Alessandra Manoiero
   functionary of the Swiss federal Chancellery

8. No ............... C09932

9. Seal/stamp:                          10. Signature:

   Swiss federal Chancellery

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

JEANMARIE HARGRAVE, et al. (see
appendix)
<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Plaintiff

v.

ISLAMIC REPUBLIC OF IRAN
<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Defendant

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To:    (Defendant's name and address)

ISLAMIC REPUBLIC OF IRAN
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY  10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must
serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of
Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY  10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the
complaint.  You also must file your answer or motion with the court.

**CLERK OF COURT**

Date:    11/12/2020

s/ G. Pisarczyk
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ⌐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ⌐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ⌐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ⌐ I returned the summons unexecuted because _____ ; or

    ⌐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____              _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## APPENDIX

Jeanmarie Hargrave, individually, as surviving sibling of Timothy J. Hargrave

Kathryn M. Quinn, as Personal Representative of the Estate of Kathryn Hargrave, deceased, the late parent of Timothy J. Hargrave

James Hargrave Jr, individually, as surviving sibling of Timothy J. Hargrave

Carolyn Marie Kelly, individually, as surviving sibling of Timothy J. Hargrave

Patricia Mansfield, individually, as surviving sibling of Timothy J. Hargrave

Maureen Murphy, individually, as surviving sibling of Timothy J. Hargrave

Kathryn M. Quinn, individually, as surviving sibling of Timothy J. Hargrave

Mary Ann Struble, individually, as surviving sibling of Timothy J. Hargrave

Kenneth Haskell, individually, as surviving sibling of Thomas Haskell

Kenneth Haskell, individually, as surviving sibling of Timothy Haskell

Belinda Barino Dillard, individually, as surviving sibling of Ronnie Henderson

Sharon Henderson, individually, as surviving sibling of Ronnie Henderson

James Jenkins, Jr., individually, as surviving sibling of John Jenkins

Joan Kirwin, individually, as surviving spouse of Glenn Kirwin

Joan Kirwin, as the Personal Representative of the Estate of Glenn Kirwin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Glenn Kirwin

Miles Kirwin, individually, as surviving child of Glenn Kirwin

Troy Kirwin, individually, as surviving child of Glenn Kirwin

John Doe 88, being intended to designate the Personal Representative of the Estate of Vanessa Lang Langer, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Vanessa Lang Langer

Jackson S. O'Connor, individually, as surviving sibling of Vanessa Lang Langer

James T. O'Connor, individually, as surviving sibling of Vanessa Lang Langer

1

Berdie Hicks as Personal Representative of the Estate of Walter W. Hicks, deceased, the late parent of Nickie Lindo

Melissa Magazine, individually, as surviving child of Jay Magazine

Lauren Baker, individually, as surviving child of Joseph R Marchbanks Jr.

Ryan Marchbanks, individually, as surviving child of Joseph R Marchbanks Jr.

Teresa Marchbanks, individually, as surviving spouse of Joseph R Marchbanks Jr.

Teresa Marchbanks, as the Personal Representative of the Estate of Joseph R. Marchbanks, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph R Marchbanks Jr.

Chasity DeLeon, individually, as surviving spouse of Robert Gabriel Martinez

Kathleen A. Koehler, individually, as surviving child of Timothy Maude

Karen E. Maude, individually, as surviving child of Timothy Maude

Teresa Maude, individually, as surviving spouse of Timothy Maude

Teresa Maude, as the Personal Representative of the Estate of Timothy Maude, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Maude

Christopher Delosh, individually, as surviving spouse of Kathy N. Mazza

John Mazza, individually, as surviving sibling of Kathy N. Mazza

Ronald Mazza, individually, as surviving sibling of Kathy N. Mazza

Rose Mazza, individually, as surviving parent of Kathy N. Mazza

Victor Mazza, individually, as surviving sibling of Kathy N. Mazza

Christopher Delosh, as the Personal Representative of the Estate of Kathy N. Mazza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathy N. Mazza

Andrea Madonna, as Personal Representative of the Estate of Joan Micciulli, deceased, the late parent of William Micciulli

Andrea Madonna, as Personal Representative of the Estate of William Edward Micciulli, deceased, the late parent of William Micciulli

Joanne Los Kamp, individually, as surviving sibling of William Micciulli

2

Andrea Madonna, individually, as surviving sibling of William Micciulli

Emily Micciulli, individually, as surviving child of William Micciulli

Sara Micciulli, individually, as surviving child of William Micciulli

Colleen Micciulli-Foley, individually, as surviving spouse of William Micciulli

Colleen Micciulli-Foley, as the Personal Representative of the Estate of William Micciulli, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of William Micciulli

Daniel Lamb, individually, as surviving sibling of Odessa Morris

Ethel Scott, individually, as surviving sibling of Odessa Morris

Joseph Lamb, Sr., individually, as surviving sibling of Odessa Morris

Rachel Quinnie, individually, as surviving sibling of Odessa Morris

Jeanine Murphy, individually, as surviving spouse of James Murphy, IV

Jeanine Murphy, as the Personal Representative of the Estate of James Murphy, IV, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of James Murphy, IV

Jessica A. Navas, individually, as surviving child of Joseph M. Navas

Joseph M. Navas, Jr., individually, as surviving child of Joseph M. Navas

Justin C. Navas, individually, as surviving child of Joseph M. Navas

Karen A. Navas, individually, as surviving spouse of Joseph M. Navas

Karen A. Navas, as the Personal Representative of the Estate of Joseph M. Navas, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph M. Navas

Lorraine B. Foley, individually, as surviving parent of Gerard Nevins

Stephen Nevins, individually, as surviving sibling of Gerard Nevins

Iris Vega, individually, as surviving sibling of Diana O'Connor

Maria Vega, individually, as surviving sibling of Diane O'Connor

Virginia Parro, individually, as surviving parent of Robert Parro

Barbara Dunleavy, individually, as surviving sibling of Glenn C. Perry

3

Frank Perry A/K/A Francis Perry, individually, as surviving sibling of Glenn C. Perry

Catherine Perry, individually, as surviving parent of Glenn C. Perry

Patrick Perry, individually, as surviving sibling of Glenn C. Perry

Jennifer Bruno, individually, as surviving sibling of Maria Ramirez

Miriam Carter, individually, as surviving sibling of Maria Ramirez

Elsie Cintron-Rosado, individually, as surviving parent of Maria Ramirez

Elsie Cintron-Rosado, as the Personal Representative of the Estate of Maria Ramirez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Maria Ramirez

Jessica Darden, individually, as surviving sibling of Maria Ramirez

Maureen Regan, individually, as surviving sibling of Donald Regan

William Regan, individually, as surviving sibling of Donald Regan

Joan Reilly and Regina Madigan as Legal Guardians of Edward Reilly, individually, as surviving sibling of Kevin Reilly

Susan Brand a/k/a Siegel a/k/a Retik, individually, as surviving sibling of David Retik

Alan Retik as Personal Representative of the Estate of Lynne Retik, deceased, the late parent of David Retik

Alan Retik, individually, as surviving parent of David Retik

Benjamin Retik, individually, as surviving child of David Retik

Dina Retik, individually, as surviving child of David Retik

Mark Retik, individually, as surviving sibling of David Retik

Molly Retik, individually, as surviving child of David Retik

Susan Retik, individually, as surviving spouse of David Retik

Susan Retik, as the Personal Representative of the Estate of David Retik, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of David Retik

Stanley Rodgers, individually, as surviving parent of Venesha Richards

4

docs-100313564.3

Karen Robertson-Jurcziak, as the Personal Representative of the Estate of Donald Robertson, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Donald Robertson, Jr.

Karen Robertson-Jurcziak, individually, as surviving spouse of Donald Robertson, Jr.

Denyse Betcher, individually, as surviving child of Paul Ruback

Danny J. Morino, individually, as surviving child of Paul Ruback

Raysa Rodriguez, individually, as surviving sibling of Esmerlin Salcedo

Amarcimeve Jimenez Salcedo, individually, as surviving parent of Esmerlin Salcedo

Amber Salcedo, individually, as surviving child of Esmerlin Salcedo

Francisco Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Joel Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Kayla Salcedo, individually, as surviving child of Esmerlin Salcedo

Markos Salcedo, individually, as surviving child of Esmerlin Salcedo

Matilde Salcedo, individually, as surviving spouse of Esmerlin Salcedo

Melody Salcedo, individually, as surviving child of Esmerlin Salcedo

Raysa Rodriguez, as the Personal Representative of the Estate of Esmerlin Salcedo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Esmerlin Salcedo

Miriam Salcedo, individually, as surviving parent of Esmerlin Salcedo

Orson Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Oscar Salcedo, individually, as surviving sibling of Esmerlin Salcedo

docs-100313564.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | 03-MDL-1570 (GBD)(SN) |
|---|---|
| TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | |

| | Civil Docket Number: |
|---|---|
| Jeanmarie Hargrave, individually, as surviving sibling of Timothy J. Hargrave | |
| Kathryn M. Quinn, as Personal Representative of the Estate of Kathryn Hargrave, deceased, the late parent of Timothy J. Hargrave | **IRAN SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| James Hargrave Jr, individually, as surviving sibling of Timothy J. Hargrave | |
| Carolyn Marie Kelly, individually, as surviving sibling of Timothy J. Hargrave | |
| Patricia Mansfield, individually, as surviving sibling of Timothy J. Hargrave | |
| Maureen Murphy, individually, as surviving sibling of Timothy J. Hargrave | |
| Kathryn M. Quinn, individually, as surviving sibling of Timothy J. Hargrave | |
| Mary Ann Struble, individually, as surviving sibling of Timothy J. Hargrave | |
| Kenneth Haskell, individually, as surviving sibling of Thomas Haskell | |
| Kenneth Haskell, individually, as surviving sibling of Timothy Haskell | |
| Belinda Barino Dillard, individually, as surviving sibling of Ronnie Henderson | |
| Sharon Henderson, individually, as surviving sibling of Ronnie Henderson | |
| James Jenkins, Jr., individually, as surviving sibling of John Jenkins | |

docs-100313565.1

Joan Kirwin, individually, as surviving spouse of
Glenn Kirwin

Joan Kirwin, as the Personal Representative of the
Estate of Glenn Kirwin, deceased, and on behalf of all
survivors and all legally entitled beneficiaries and
family members of Glenn Kirwin

Miles Kirwin, individually, as surviving child of
Glenn Kirwin

Troy Kirwin, individually, as surviving child of Glenn
Kirwin

John Doe 88, being intended to designate the Personal
Representative of the Estate of Vanessa Lang Langer,
deceased, said her/his name being fictitious, her/his true name
is not presently known, confirmed, and/or has not
been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Vanessa Lang Langer

Jackson S. O'Connor, individually, as surviving
sibling of Vanessa Lang Langer

James T. O'Connor, individually, as surviving sibling
of Vanessa Lang Langer

Berdie Hicks as Personal Representative of the Estate
of Walter W. Hicks, deceased, the late parent of
Nickie Lindo

Melissa Magazine, individually, as surviving child of
Jay Magazine

Lauren Baker, individually, as surviving child of
Joseph R Marchbanks Jr.

Ryan Marchbanks, individually, as surviving child of
Joseph R Marchbanks Jr.

Teresa Marchbanks, individually, as surviving spouse
of Joseph R Marchbanks Jr.

2

Teresa Marchbanks, as the Personal Representative of the Estate of Joseph R. Marchbanks, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph R Marchbanks Jr.

Chasity DeLeon, individually, as surviving spouse of Robert Gabriel Martinez

Kathleen A. Koehler, individually, as surviving child of Timothy Maude

Karen E. Maude, individually, as surviving child of Timothy Maude

Teresa Maude, individually, as surviving spouse of Timothy Maude

Teresa Maude, as the Personal Representative of the Estate of Timothy Maude, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Maude

Christopher Delosh, individually, as surviving spouse of Kathy N. Mazza

John Mazza, individually, as surviving sibling of Kathy N. Mazza

Ronald Mazza, individually, as surviving sibling of Kathy N. Mazza

Rose Mazza, individually, as surviving parent of Kathy N. Mazza

Victor Mazza, individually, as surviving sibling of Kathy N. Mazza

Christopher Delosh, as the Personal Representative of the Estate of Kathy N. Mazza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathy N. Mazza

Andrea Madonna, as Personal Representative of the Estate of Joan Micciulli, deceased, the late parent of William Micciulli

3

Andrea Madonna, as Personal Representative of the
Estate of William Edward Micciulli, deceased, the late
parent of William Micciulli

Joanne Los Kamp, individually, as surviving sibling
of William Micciulli

Andrea Madonna, individually, as surviving sibling of
William Micciulli

Emily Micciulli, individually, as surviving child of
William Micciulli

Sara Micciulli, individually, as surviving child of
William Micciulli

Colleen Micciulli-Foley, individually, as surviving
spouse of William Micciulli

Colleen Micciulli-Foley, as the Personal
Representative of the Estate of William Micciulli,
deceased, and on behalf of all survivors and all legally
entitled beneficiaries and family members of William
Micciulli

Daniel Lamb, individually, as surviving sibling of
Odessa Morris

Ethel Scott, individually, as surviving sibling of
Odessa Morris

Joseph Lamb, Sr., individually, as surviving sibling of
Odessa Morris

Rachel Quinnie, individually, as surviving sibling of
Odessa Morris

Jeanine Murphy, individually, as surviving spouse of
James Murphy, IV

Jeanine Murphy, as the Personal Representative of the
Estate of James Murphy, IV, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of James Murphy, IV

Jessica A. Navas, individually, as surviving child of
Joseph M. Navas

4

Joseph M. Navas, Jr., individually, as surviving child of Joseph M. Navas

Justin C. Navas, individually, as surviving child of Joseph M. Navas

Karen A. Navas, individually, as surviving spouse of Joseph M. Navas

Karen A. Navas, as the Personal Representative of the Estate of Joseph M. Navas, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph M. Navas

Lorraine B. Foley, individually, as surviving parent of Gerard Nevins

Stephen Nevins, individually, as surviving sibling of Gerard Nevins

Iris Vega, individually, as surviving sibling of Diana O'Connor

Maria Vega, individually, as surviving sibling of Diane O'Connor

Virginia Parro, individually, as surviving parent of Robert Parro

Barbara Dunleavy, individually, as surviving sibling of Glenn C. Perry

Frank Perry A/K/A Francis Perry, individually, as surviving sibling of Glenn C. Perry

Catherine Perry, individually, as surviving parent of Glenn C. Perry

Patrick Perry, individually, as surviving sibling of Glenn C. Perry

Jennifer Bruno, individually, as surviving sibling of Maria Ramirez

Miriam Carter, individually, as surviving sibling of Maria Ramirez

5

Elsie Cintron-Rosado, individually, as surviving parent of Maria Ramirez

Elsie Cintron-Rosado, as the Personal Representative of the Estate of Maria Ramirez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Maria Ramirez

Jessica Darden, individually, as surviving sibling of Maria Ramirez

Maureen Regan, individually, as surviving sibling of Donald Regan

William Regan, individually, as surviving sibling of Donald Regan

Joan Reilly and Regina Madigan as Legal Guardians of Edward Reilly, individually, as surviving sibling of Kevin Reilly

Susan Brand a/k/a Siegel a/k/a Retik, individually, as surviving sibling of David Retik

Alan Retik as Personal Representative of the Estate of Lynne Retik, deceased, the late parent of David Retik

Alan Retik, individually, as surviving parent of David Retik

Benjamin Retik, individually, as surviving child of David Retik

Dina Retik, individually, as surviving child of David Retik

Mark Retik, individually, as surviving sibling of David Retik

Molly Retik, individually, as surviving child of David Retik

Susan Retik, individually, as surviving spouse of David Retik

Susan Retik, as the Personal Representative of the Estate of David Retik, deceased, and on behalf of all

6

survivors and all legally entitled beneficiaries and
family members of David Retik

Stanley Rodgers, individually, as surviving parent of
Venesha Richards

Karen Robertson-Jurcziak, as the Personal
Representative of the Estate of Donald Robertson, Jr.,
deceased, and on behalf of all survivors and all legally
entitled beneficiaries and family members of Donald
Robertson, Jr.

Karen Robertson-Jurcziak, individually, as surviving
spouse of Donald Robertson, Jr.

Denyse Betcher, individually, as surviving child of
Paul Ruback

Danny J. Morino, individually, as surviving child of
Paul Ruback

Raysa Rodriguez, individually, as surviving sibling of
Esmerlin Salcedo

Amarcimeve Jimenez Salcedo, individually, as
surviving parent of Esmerlin Salcedo

Amber Salcedo, individually, as surviving child of
Esmerlin Salcedo

Francisco Salcedo, individually, as surviving sibling
of Esmerlin Salcedo

Joel Salcedo, individually, as surviving sibling of
Esmerlin Salcedo

Kayla Salcedo, individually, as surviving child of
Esmerlin Salcedo

Markos Salcedo, individually, as surviving child of
Esmerlin Salcedo

Matilde Salcedo, individually, as surviving spouse of
Esmerlin Salcedo

Melody Salcedo, individually, as surviving child of
Esmerlin Salcedo

7

Raysa Rodriguez, as the Personal Representative of the Estate of Esmerlin Salcedo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Esmerlin Salcedo

Miriam Salcedo, individually, as surviving parent of Esmerlin Salcedo

Orson Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Oscar Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Plaintiff(s),

-against-

Islamic Republic of Iran,

Defendant.

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes

of action contained within that complaint; all prior filings in connection with that complaint; and

all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in

those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN)

(S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-

1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence

submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF

No. 2540).

## VENUE

1.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1),

as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.      Jurisdiction against the Islamic Republic of Iran is premised on the grounds set

forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort

exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to

the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of

Terrorism Act).

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations,

jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic

Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

☐ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against
Defendant, the Islamic Republic of Iran, ECF No. 3237

9

docs-100313565.1

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.   In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

docs-100313565.1

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein referred to as "Plaintiffs."

a.     The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

b.     Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c.     As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d.     For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e.     For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.     The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

11

## IDENTIFICATION OF THE DEFENDANT

6.     The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.     By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.     By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.     Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.


Dated: November 9, 2020

                                  Respectfully submitted,


                                  */s/ Jerry S. Goldman*
                                  Jerry S. Goldman, Esq.
                                  Bruce Strong, Esq.
                                  ANDERSON KILL P.C.
                                  1251 Avenue of the Americas
                                  New York, NY 10020
                                  Telephone: 212-278-1000
                                  jgoldman@andersonkill.com
                                  bstrong@andersonkill.com

                                  *Attorneys for Plaintiffs*

12

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references

within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be

referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of

Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Jeanmarie Hargrave | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 2 | Kathryn M. Quinn, as Personal Representative of the Estate of Kathryn Hargrave | NJ | United States | Timothy J. Hargrave | Parent (deceased) | United States | Solatium |
| 3 | James Hargrave Jr | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 4 | Carolyn Marie Kelly | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 5 | Patricia Mansfield | NH | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 6 | Maureen Murphy | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 7 | Kathryn M. Quinn | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 8 | Mary Ann Struble | MA | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 9 | Kenneth Haskell | NY | United States | Thomas Haskell | Sibling | United States | Solatium |
| 10 | Kenneth Haskell | NY | United States | Timothy Haskell | Sibling | United States | Solatium |
| 11 | Belinda Barino Dillard | NY | United States | Ronnie Henderson | Sibling | United States | Solatium |
| 12 | Sharon Henderson | CA | United States | Ronnie Henderson | Sibling | United States | Solatium |
| 13 | James Jenkins, Jr. | KY | United States | John Jenkins | Sibling | United States | Solatium |
| 14 | Joan Kirwin | NY | United States | Glenn Kirwin | Spouse | United States | Solatium |
| 15 | Joan Kirwin | NY | United States | Glenn Kirwin | PR | United States | Solatium/Wrongful Death |
| 16 | Miles Kirwin | NY | United States | Glenn Kirwin | Child | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

docs-100313565.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 17 | Troy Kirwin | CA | United States | Glenn Kirwin | Child | United States | Solatium |
| 18 | John Doe 88 | TBD | United States | Vanessa Lang Langer | PR | United States | Solatium/Wrongful Death |
| 19 | Jackson S. O'Connor | NY | United States | Vanessa Lang Langer | Sibling | United States | Solatium |
| 20 | James T. O'Connor | NY | United States | Vanessa Lang Langer | Sibling | United States | Solatium |
| 21 | Berdie Hicks as Personal Representative of the Estate of Walter W. Hicks | GA | United States | Nickie Lindo | Father | United States | Solatium |
| 22 | Melissa Magazine | NY | United States | Jay Magazine | Child | United States | Solatium |
| 23 | Lauren Baker | CT | United States | Joseph R Marchbanks Jr. | Child | United States | Solatium |
| 24 | Ryan Marchbanks | NJ | United States | Joseph R Marchbanks Jr. | Child | United States | Solatium |
| 25 | Teresa Marchbanks | NY | United States | Joseph R Marchbanks Jr. | Spouse | United States | Solatium |
| 26 | Teresa Marchbanks | NY | United States | Joseph R Marchbanks Jr. | PR | United States | Solatium/Wrongful Death |
| 27 | Chasity DeLeon | FL | United States | Robert Gabriel Martinez | Spouse | United States | Solatium |
| 28 | Kathleen A. Koehler | IN | United States | Timothy Maude | Child | United States | Solatium |
| 29 | Karen E. Maude | VA | United States | Timothy Maude | Child | United States | Solatium |
| 30 | Teresa Maude | SC | United States | Timothy Maude | Spouse | United States | Solatium |
| 31 | Teresa Maude | SC | United States | Timothy Maude | PR | United States | Solatium/Wrongful Death |
| 32 | Christopher Delosh | NY | United States | Kathy N. Mazza | Spouse | United States | Solatium |
| 33 | John Mazza | NY | United States | Kathy N. Mazza | Sibling | United States | Solatium |
| 34 | Ronald Mazza | NY | United States | Kathy N. Mazza | Sibling | United States | Solatium |
| 35 | Rose Mazza | NY | United States | Kathy N. Mazza | Parent | United States | Solatium |
| 36 | Victor Mazza | NY | United States | Kathy N. Mazza | Sibling | United States | Solatium |
| 37 | Christopher Delosh | NY | United States | Kathy N. Mazza | PR | United States | Solatium/Wrongful Death |
| 38 | Andrea Madonna, as Personal Representative of the Estate of Joan Micciulli | NJ | United States | William Micciulli | Parent (deceased) | United States | Solatium |
| 39 | Andrea Madonna, as Personal Representative of the Estate of William Edward Micciulli | NJ | United States | William Micciulli | Parent (deceased) | United States | Solatium |

docs-100313565.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 40 | Joanne Los Kamp | FL | United States | William Micciulli | Sibling | United States | Solatium |
| 41 | Andrea Madonna | NJ | United States | William Micciulli | Sibling | United States | Solatium |
| 42 | Emily Micciulli | NJ | United States | William Micciulli | Child | United States | Solatium |
| 43 | Sara Micciulli | NJ | United States | William Micciulli | Child | United States | Solatium |
| 44 | Colleen Micciulli-Foley | NJ | United States | William Micciulli | Spouse | United States | Solatium |
| 45 | Colleen Micciulli-Foley | NJ | United States | William Micciulli | PR | United States | Solatium/Wrongful Death |
| 46 | Daniel Lamb | VA | United States | Odessa Morris | Sibling | United States | Solatium |
| 47 | Ethel Scott | FL | United States | Odessa Morris | Sibling | United States | Solatium |
| 48 | Joseph Lamb, Sr. | VA | United States | Odessa Morris | Sibling | United States | Solatium |
| 49 | Rachel Quinnie | VA | United States | Odessa Morris | Sibling | United States | Solatium |
| 50 | Jeanine Murphy | PA | United States | James Murphy, IV | Spouse | United States | Solatium |
| 51 | Jeanine Murphy | PA | United States | James Murphy, IV | PR | United States | Solatium/Wrongful Death |
| 52 | Jessica A. Navas | NJ | United States | Joseph M. Navas | Child | United States | Solatium |
| 53 | Joseph M. Navas, Jr. | NJ | United States | Joseph M. Navas | Child | United States | Solatium |
| 54 | Justin C. Navas | NJ | United States | Joseph M. Navas | Child | United States | Solatium |
| 55 | Karen A. Navas | NJ | United States | Joseph M. Navas | Spouse | United States | Solatium |
| 56 | Karen A. Navas | NJ | United States | Joseph M. Navas | PR | United States | Solatium/Wrongful Death |
| 57 | Lorraine B. Foley | NY | United States | Gerard Nevins | Parent | United States | Solatium |
| 58 | Stephen Nevins | NY | United States | Gerard Nevins | Sibling | United States | Solatium |
| 59 | Iris Vega | CA | United States | Diana O'Connor | Sibling | United States | Solatium |
| 60 | Maria Vega | NY | United States | Diane O'Connor | Sibling | United States | Solatium |
| 61 | Virginia Parro | NY | United States | Robert Parro | Parent | United States | Solatium |
| 62 | Barbara Dunleavy | NJ | United States | Glenn C. Perry | Sibling | United States | Solatium |
| 63 | Frank Perry A/K/A Francis Perry | NJ | United States | Glenn C. Perry | Sibling | United States | Solatium |
| 64 | Catherine Perry | NY | United States | Glenn C. Perry | Parent | United States | Solatium |
| 65 | Patrick Perry | NY | United States | Glenn C. Perry | Sibling | United States | Solatium |
| 66 | Jennifer Bruno | FL | United States | Maria Ramirez | Sibling | United States | Solatium |
| 67 | Miriam Carter | FL | United States | Maria Ramirez | Sibling | United States | Solatium |
| 68 | Elsie Cintron-Rosado | FL | United States | Maria Ramirez | Parent | United States | Solatium |
| 69 | Elsie Cintron-Rosado | FL | United States | Maria Ramirez | PR | United States | Solatium/Wrongful Death |
| 70 | Jessica Darden | FL | United States | Maria Ramirez | Sibling | United States | Solatium |

15

docs-100313565.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 71 | Maureen Regan | NY | United States | Donald Regan | Sibling | United States | Solatium |
| 72 | William Regan | NY | United States | Donald Regan | Sibling | United States | Solatium |
| 73 | Joan Reilly and Regina Madigan as Legal Guardians of Edward Reilly | NY | United States | Kevin Reilly | Sibling | United States | Solatium |
| 74 | Susan Brand a/k/a Siegel a/k/a Retik | NY | United States | David Retik | Sibling | United States | Solatium |
| 75 | Alan Retik as Personal Representative of the Estate of Lynne Retik | MA | United States | David Retik | Parent (deceased) | United States | Solatium |
| 76 | Alan Retik | MA | United States | David Retik | Parent | United States | Solatium |
| 77 | Benjamin Retik | MA | United States | David Retik | Child | United States | Solatium |
| 78 | Dina Retik | MA | United States | David Retik | Child | United States | Solatium |
| 79 | Mark Retik | NJ | United States | David Retik | Sibling | United States | Solatium |
| 80 | Molly Retik | MA | United States | David Retik | Child | United States | Solatium |
| 81 | Susan Retik | MA | United States | David Retik | Spouse | United States | Solatium |
| 82 | Susan Retik | MA | United States | David Retik | PR | United States | Solatium/Wrongful Death |
| 83 | Stanley Rodgers | GA | United States | Venesha Richards | Parent | United States | Solatium |
| 84 | Karen Robertson-Jurcziak | NJ | United States | Donald Robertson, Jr. | PR | United States | Solatium/Wrongful Death |
| 85 | Karen Robertson-Jurcziak | NJ | United States | Donald Robertson, Jr. | Spouse | United States | Solatium |
| 86 | Denyse Betcher | NY | United States | Paul Ruback | Child | United States | Solatium |
| 87 | Danny J. Morino | SC | United States | Paul Ruback | Child | United States | Solatium |
| 88 | Raysa Rodriguez | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 89 | Amarcimeve Jimenez Salcedo | NY | Dominican Republic | Esmerlin Salcedo | Parent | United States | Solatium |
| 90 | Amber Salcedo | MA | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 91 | Francisco Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 92 | Joel Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 93 | Kayla Salcedo | MA | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 94 | Markos Salcedo | MA | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 95 | Matilde Salcedo | MA | United States | Esmerlin Salcedo | Spouse | United States | Solatium |
| 96 | Melody Salcedo | FL | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 97 | Raysa Rodriguez | NY | United States | Esmerlin Salcedo | PR | United States | Solatium/Wrongful Death |

docs-100313565.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 98 | Miriam Salcedo | NY | United States | Esmerlin Salcedo | Parent | United States | Solatium |
| 99 | Orson Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 100 | Oscar Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |

17

IH-32                                                                                    Rev: 2014-1

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF NEW YORK

### Related Case Statement

---

| |  |
|---|---|
| Jeanmarie Hargrave, et al. (see appendix)<br><br>                     Plaintiffs,<br><br>            v.<br><br>Islamic Republic of Iran<br><br>                     Defendant. | Case Number: 1:20-cv-_____ |

## Full Caption Of Earlier Filed Case:
## (including in bankruptcy appeals the relevant adversary proceeding)

| |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | Case Numbers: 03 MDL 1570 (GBD) (SN) |

docs-100316873.2

IH-32                                                                                    Rev: 2014-1

Status of Earlier Filed Case:

☐        Closed        (If so, set forth the procedure which resulted in closure, e.g.,
                       voluntary dismissal, settlement, court decision. Also, state
                       whether there is an appeal pending.)

☒        Open          (If so, set forth procedural status and summarize any court
                       rulings.)

     Partial and/or full summary judgment as to Defendant Islamic Republic of Iran
has been granted and ordered for select plaintiffs. This matter is still ongoing. On
October 28, 2019, the Court entered an Order approving the "Iran Short Form
Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-
SN).

Explain in detail the reasons for your position that the newly filed case is related to the
earlier filed case.

     This is also a September 11th case for wrongful death and solatium against
sponsors of terrorism, as the Defendant Islamic Republic of Iran is involved in the
related MDL action. We are seeking similar relief in the form of damages from the
Defendant. The Plaintiffs herein intend to participate in the underlying litigations
as to the other defendants in due course.

     This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The
Republic of Iraq, et al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own
right as the Parent of Thomas E. Burnett, Jr., Deceased, et al. v. The Islamic
Republic of Iran, et al., 15-cv-09903-GBD-SN; and Kathleen Ashton et al. v. al
Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The instant complaint is being
filed in accordance with the Court's directives of October 28, 2019, ECF No. 5234
in 1:03-md-01570-GBD-SN.

Signature:   /s/ Jerry S. Goldman           Date:   November 9, 2020
             Jerry S. Goldman, Esq.

Firm:        Anderson Kill P.C.

2

IH-32                                                                          Rev: 2014-1

# APPENDIX

Jeanmarie Hargrave, individually, as surviving sibling of Timothy J. Hargrave

Kathryn M. Quinn, as Personal Representative of the Estate of Kathryn Hargrave, deceased, the late parent of Timothy J. Hargrave

James Hargrave Jr, individually, as surviving sibling of Timothy J. Hargrave

Carolyn Marie Kelly, individually, as surviving sibling of Timothy J. Hargrave

Patricia Mansfield, individually, as surviving sibling of Timothy J. Hargrave

Maureen Murphy, individually, as surviving sibling of Timothy J. Hargrave

Kathryn M. Quinn, individually, as surviving sibling of Timothy J. Hargrave

Mary Ann Struble, individually, as surviving sibling of Timothy J. Hargrave

Kenneth Haskell, individually, as surviving sibling of Thomas Haskell

Kenneth Haskell, individually, as surviving sibling of Timothy Haskell

Belinda Barino Dillard, individually, as surviving sibling of Ronnie Henderson

Sharon Henderson, individually, as surviving sibling of Ronnie Henderson

James Jenkins, Jr., individually, as surviving sibling of John Jenkins

Joan Kirwin, individually, as surviving spouse of Glenn Kirwin

Joan Kirwin, as the Personal Representative of the Estate of Glenn Kirwin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Glenn Kirwin

Miles Kirwin, individually, as surviving child of Glenn Kirwin

Troy Kirwin, individually, as surviving child of Glenn Kirwin

John Doe 88, being intended to designate the Personal Representative of the Estate of Vanessa Lang Langer, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Vanessa Lang Langer

Jackson S. O'Connor, individually, as surviving sibling of Vanessa Lang Langer

3

docs-100316873.2

IH-32

Rev: 2014-1

James T. O'Connor, individually, as surviving sibling of Vanessa Lang Langer

Berdie Hicks as Personal Representative of the Estate of Walter W. Hicks, deceased, the late parent of Nickie Lindo

Melissa Magazine, individually, as surviving child of Jay Magazine

Lauren Baker, individually, as surviving child of Joseph R Marchbanks Jr.

Ryan Marchbanks, individually, as surviving child of Joseph R Marchbanks Jr.

Teresa Marchbanks, individually, as surviving spouse of Joseph R Marchbanks Jr.

Teresa Marchbanks, as the Personal Representative of the Estate of Joseph R. Marchbanks, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph R Marchbanks Jr.

Chasity DeLeon, individually, as surviving spouse of Robert Gabriel Martinez

Kathleen A. Koehler, individually, as surviving child of Timothy Maude

Karen E. Maude, individually, as surviving child of Timothy Maude

Teresa Maude, individually, as surviving spouse of Timothy Maude

Teresa Maude, as the Personal Representative of the Estate of Timothy Maude, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Maude

Christopher Delosh, individually, as surviving spouse of Kathy N. Mazza

John Mazza, individually, as surviving sibling of Kathy N. Mazza

Ronald Mazza, individually, as surviving sibling of Kathy N. Mazza

Rose Mazza, individually, as surviving parent of Kathy N. Mazza

Victor Mazza, individually, as surviving sibling of Kathy N. Mazza

Christopher Delosh, as the Personal Representative of the Estate of Kathy N. Mazza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathy N. Mazza

Andrea Madonna, as Personal Representative of the Estate of Joan Micciulli, deceased, the late parent of William Micciulli

Andrea Madonna, as Personal Representative of the Estate of William Edward Micciulli, deceased, the late parent of William Micciulli

4

IH-32                                                              Rev: 2014-1

Joanne Los Kamp, individually, as surviving sibling of William Micciulli

Andrea Madonna, individually, as surviving sibling of William Micciulli

Emily Micciulli, individually, as surviving child of William Micciulli

Sara Micciulli, individually, as surviving child of William Micciulli

Colleen Micciulli-Foley, individually, as surviving spouse of William Micciulli

Colleen Micciulli-Foley, as the Personal Representative of the Estate of William
Micciulli, deceased, and on behalf of all survivors and all legally entitled beneficiaries
and family members of William Micciulli

Daniel Lamb, individually, as surviving sibling of Odessa Morris

Ethel Scott, individually, as surviving sibling of Odessa Morris

Joseph Lamb, Sr., individually, as surviving sibling of Odessa Morris

Rachel Quinnie, individually, as surviving sibling of Odessa Morris

Jeanine Murphy, individually, as surviving spouse of James Murphy, IV

Jeanine Murphy, as the Personal Representative of the Estate of James Murphy, IV,
deceased, and on behalf of all survivors and all legally entitled beneficiaries and family
members of James Murphy, IV

Jessica A. Navas, individually, as surviving child of Joseph M. Navas

Joseph M. Navas, Jr., individually, as surviving child of Joseph M. Navas

Justin C. Navas, individually, as surviving child of Joseph M. Navas

Karen A. Navas, individually, as surviving spouse of Joseph M. Navas

Karen A. Navas, as the Personal Representative of the Estate of Joseph M. Navas,
deceased, and on behalf of all survivors and all legally entitled beneficiaries and family
members of Joseph M. Navas

Lorraine B. Foley, individually, as surviving parent of Gerard Nevins

Stephen Nevins, individually, as surviving sibling of Gerard Nevins

Iris Vega, individually, as surviving sibling of Diana O'Connor

Maria Vega, individually, as surviving sibling of Diane O'Connor

Virginia Parro, individually, as surviving parent of Robert Parro

5

IH-32                                                                    Rev: 2014-1

Barbara Dunleavy, individually, as surviving sibling of Glenn C. Perry

Frank Perry A/K/A Francis Perry, individually, as surviving sibling of Glenn C. Perry

Catherine Perry, individually, as surviving parent of Glenn C. Perry

Patrick Perry, individually, as surviving sibling of Glenn C. Perry

Jennifer Bruno, individually, as surviving sibling of Maria Ramirez

Miriam Carter, individually, as surviving sibling of Maria Ramirez

Elsie Cintron-Rosado, individually, as surviving parent of Maria Ramirez

Elsie Cintron-Rosado, as the Personal Representative of the Estate of Maria Ramirez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Maria Ramirez

Jessica Darden, individually, as surviving sibling of Maria Ramirez

Maureen Regan, individually, as surviving sibling of Donald Regan

William Regan, individually, as surviving sibling of Donald Regan

Joan Reilly and Regina Madigan as Legal Guardians of Edward Reilly, individually, as surviving sibling of Kevin Reilly

Susan Brand a/k/a Siegel a/k/a Retik, individually, as surviving sibling of David Retik

Alan Retik as Personal Representative of the Estate of Lynne Retik, deceased, the late parent of David Retik

Alan Retik, individually, as surviving parent of David Retik

Benjamin Retik, individually, as surviving child of David Retik

Dina Retik, individually, as surviving child of David Retik

Mark Retik, individually, as surviving sibling of David Retik

Molly Retik, individually, as surviving child of David Retik

Susan Retik, individually, as surviving spouse of David Retik

Susan Retik, as the Personal Representative of the Estate of David Retik, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of David Retik

Stanley Rodgers, individually, as surviving parent of Venesha Richards

docs-100316873.2

IH-32                                                          Rev: 2014-1

Karen Robertson-Jurcziak, as the Personal Representative of the Estate of Donald Robertson, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Donald Robertson, Jr.

Karen Robertson-Jurcziak, individually, as surviving spouse of Donald Robertson, Jr.

Denyse Betcher, individually, as surviving child of Paul Ruback

Danny J. Morino, individually, as surviving child of Paul Ruback

Raysa Rodriguez, individually, as surviving sibling of Esmerlin Salcedo

Amarcimeve Jimenez Salcedo, individually, as surviving parent of Esmerlin Salcedo

Amber Salcedo, individually, as surviving child of Esmerlin Salcedo

Francisco Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Joel Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Kayla Salcedo, individually, as surviving child of Esmerlin Salcedo

Markos Salcedo, individually, as surviving child of Esmerlin Salcedo

Matilde Salcedo, individually, as surviving spouse of Esmerlin Salcedo

Melody Salcedo, individually, as surviving child of Esmerlin Salcedo

Raysa Rodriguez, as the Personal Representative of the Estate of Esmerlin Salcedo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Esmerlin Salcedo

Miriam Salcedo, individually, as surviving parent of Esmerlin Salcedo

Orson Salcedo, individually, as surviving sibling of Esmerlin Salcedo

Oscar Salcedo, individually, as surviving sibling of Esmerlin Salcedo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| JEANMARIE HARGRAVE et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> DEFENDANT. | Civil Docket Number:  1:20-cv-9387 |

## NOTICE OF SUIT

1. Title of legal proceeding: *Jeanmarie Hargrave et al. v. Islamic Republic of Iran*

   Full Name of Court: United States District Court for the Southern District of New York

   Docket Number: 1:20-cv-9387

   Judge: United States District Judge George B. Daniels

2. Name of foreign state concerned: The Islamic Republic of Iran

3. Identity of the other Parties: None

4. Nature of documents served: Summons and Complaint (in English and Farsi)

5. Nature and Purpose of Proceedings: Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.

6. A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7.   The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.   Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.


Dated:  November 18, 2020


*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*


2

I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**  The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**  Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**  For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)**  Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter *[28 USCS § 1446(b)]* may be enlarged at any time for cause shown.

## *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

## § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter *[28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)**  A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)**  An "agency or instrumentality of a foreign state" means any entity—

**(1)**  which is a separate legal person, corporate or otherwise, and

**(2)**  which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)**  which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)**  The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)**  A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)**  A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

**(a)** A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

**(1)** in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)** in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)** in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)** in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

**(A)** any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

**(B)** any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

**(6)** in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

   **(b)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

      **(1)**  notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

      **(2)**  notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

   **(c)**  Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

   **(d)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

   **(e), (f)**  [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

**(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),

any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

**(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

      **(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

      **(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

      **(I)** a national of the United States;

      **(II)** a member of the armed forces; or

      **(III)** otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

      **(IV)** in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

      **(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

      **(b)** Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

      **(1)** 10 years after April 24, 1996; or

      **(2)** 10 years after the date on which the cause of action arose.

      **(c)** Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

      **(1)** a national of the United States,

      **(2)** a member of the armed forces,

      **(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions.  For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition.  In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)** Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)** Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)** for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)** arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

   **(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

**28 USCS § 1608**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1608. Service; time to answer; default**

   **(a)**  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

   **(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

   **(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

   **(3)**  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

   **(4)**  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

   As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

   **(b)**  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

   **(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

   **(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made.

(c) Service shall be deemed to have been made—

(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

**28 USCS § 1610**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1610. Exceptions to the immunity from attachment or execution

**(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

**(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)**  the property is or was used for the commercial activity upon which the claim is based, or

**(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)**  the execution relates to a judgment establishing rights in property

**(A)**  which is acquired by succession or gift, or

**(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

**(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

      **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

      **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

      **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

    **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

    **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

      **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

      **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

    **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

    **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

    **(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

    **(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

    **(B)** In providing such assistance, the Secretaries

        **(i)** may provide such information to the court under seal; and

        **(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

    **(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

    **(g)** Property in certain actions.

    **(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

    **(A)** the level of economic control over the property by the government of the foreign state;

    **(B)** whether the profits of the property go to that government;

    **(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

    **(D)** whether that government is the sole beneficiary in interest of the property; or

    **(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

    **(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

(3) Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

**28 USCS § 1611**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1611. Certain types of property immune from execution

(a)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

(1)  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2)  the property is, or is intended to be, used in connection with a military activity and

(A)  is of a military character, or

(B)  is under the control of a military authority or defense agency.

(c)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

JS 44C/SDNY
REV.
10/01/2020

Case 1:20-cv-09387-UA   Document 2   Filed 11/10/20   Page 1 of 7

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
JEANMARIE HARGRAVE, et al.

DEFENDANTS
THE ISLAMIC REPUBLIC OF IRAN

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., Anderson Kill
1251 Avenue of the Americas, New York, NY 10020
(212)-278-1000 / jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑

Judge Previously Assigned
George B. Daniels

If yes, was this case  Vol.☐  Invol.☐   Dismissed.  No ☒ Yes ☐   If yes, give date _____ & Case No. 1:03-md-01570

Is THIS AN INTERNATIONAL ARBITRATION CASE?          No ☒          Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*          **NATURE OF SUIT**

**TORTS**

**ACTIONS UNDER STATUTES**

| | | | | | |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY/** | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY/**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[x] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150 billion     OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels        DOCKET NUMBER 1:03-md-01570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 1:20-cv-09387-UA   Document 2   Filed 11/10/20   Page 2 of 7

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

[x] 1 Original Proceeding   [ ] 2 Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from (Specify District)   [ ] 6 Multidistrict Litigation (Transferred)   [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION**          ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

The Islamic Republic of Iran, Iran.

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

11/9/2020
DATE

/s/ Jerry S. Goldman
SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. May___ Yr. 1980___ )
Attorney Bar Code # 1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**APPENDIX**

Each line below is deemed an allegation, incorporating the allegations, language, and references

within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be

referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of

Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Jeanmarie Hargrave | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 2 | Kathryn M. Quinn, as Personal Representative of the Estate of Kathryn Hargrave | NJ | United States | Timothy J. Hargrave | Parent (deceased) | United States | Solatium |
| 3 | James Hargrave Jr | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 4 | Carolyn Marie Kelly | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 5 | Patricia Mansfield | NH | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 6 | Maureen Murphy | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 7 | Kathryn M. Quinn | NJ | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 8 | Mary Ann Struble | MA | United States | Timothy J. Hargrave | Sibling | United States | Solatium |
| 9 | Kenneth Haskell | NY | United States | Thomas Haskell | Sibling | United States | Solatium |
| 10 | Kenneth Haskell | NY | United States | Timothy Haskell | Sibling | United States | Solatium |
| 11 | Belinda Barino Dillard | NY | United States | Ronnie Henderson | Sibling | United States | Solatium |
| 12 | Sharon Henderson | CA | United States | Ronnie Henderson | Sibling | United States | Solatium |
| 13 | James Jenkins, Jr. | KY | United States | John Jenkins | Sibling | United States | Solatium |
| 14 | Joan Kirwin | NY | United States | Glenn Kirwin | Spouse | United States | Solatium |
| 15 | Joan Kirwin | NY | United States | Glenn Kirwin | PR | United States | Solatium/Wrongful Death |
| 16 | Miles Kirwin | NY | United States | Glenn Kirwin | Child | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 17 | Troy Kirwin | CA | United States | Glenn Kirwin | Child | United States | Solatium |
| 18 | John Doe 88 | TBD | United States | Vanessa Lang Langer | PR | United States | Solatium/Wrongful Death |
| 19 | Jackson S. O'Connor | NY | United States | Vanessa Lang Langer | Sibling | United States | Solatium |
| 20 | James T. O'Connor | NY | United States | Vanessa Lang Langer | Sibling | United States | Solatium |
| 21 | Berdie Hicks as Personal Representative of the Estate of Walter W. Hicks | GA | United States | Nickie Lindo | Father | United States | Solatium |
| 22 | Melissa Magazine | NY | United States | Jay Magazine | Child | United States | Solatium |
| 23 | Lauren Baker | CT | United States | Joseph R Marchbanks Jr. | Child | United States | Solatium |
| 24 | Ryan Marchbanks | NJ | United States | Joseph R Marchbanks Jr. | Child | United States | Solatium |
| 25 | Teresa Marchbanks | NY | United States | Joseph R Marchbanks Jr. | Spouse | United States | Solatium |
| 26 | Teresa Marchbanks | NY | United States | Joseph R Marchbanks Jr. | PR | United States | Solatium/Wrongful Death |
| 27 | Chasity DeLeon | FL | United States | Robert Gabriel Martinez | Spouse | United States | Solatium |
| 28 | Kathleen A. Koehler | IN | United States | Timothy Maude | Child | United States | Solatium |
| 29 | Karen E. Maude | VA | United States | Timothy Maude | Child | United States | Solatium |
| 30 | Teresa Maude | SC | United States | Timothy Maude | Spouse | United States | Solatium |
| 31 | Teresa Maude | SC | United States | Timothy Maude | PR | United States | Solatium/Wrongful Death |
| 32 | Christopher Delosh | NY | United States | Kathy N. Mazza | Spouse | United States | Solatium |
| 33 | John Mazza | NY | United States | Kathy N. Mazza | Sibling | United States | Solatium |
| 34 | Ronald Mazza | NY | United States | Kathy N. Mazza | Sibling | United States | Solatium |
| 35 | Rose Mazza | NY | United States | Kathy N. Mazza | Parent | United States | Solatium |
| 36 | Victor Mazza | NY | United States | Kathy N. Mazza | Sibling | United States | Solatium |
| 37 | Christopher Delosh | NY | United States | Kathy N. Mazza | PR | United States | Solatium/Wrongful Death |
| 38 | Andrea Madonna, as Personal Representative of the Estate of Joan Micciulli | NJ | United States | William Micciulli | Parent (deceased) | United States | Solatium |
| 39 | Andrea Madonna, as Personal Representative of the Estate of William Edward Micciulli | NJ | United States | William Micciulli | Parent (deceased) | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 40 | Joanne Los Kamp | FL | United States | William Micciulli | Sibling | United States | Solatium |
| 41 | Andrea Madonna | NJ | United States | William Micciulli | Sibling | United States | Solatium |
| 42 | Emily Micciulli | NJ | United States | William Micciulli | Child | United States | Solatium |
| 43 | Sara Micciulli | NJ | United States | William Micciulli | Child | United States | Solatium |
| 44 | Colleen Micciulli-Foley | NJ | United States | William Micciulli | Spouse | United States | Solatium |
| 45 | Colleen Micciulli-Foley | NJ | United States | William Micciulli | PR | United States | Solatium/Wrongful Death |
| 46 | Daniel Lamb | VA | United States | Odessa Morris | Sibling | United States | Solatium |
| 47 | Ethel Scott | FL | United States | Odessa Morris | Sibling | United States | Solatium |
| 48 | Joseph Lamb, Sr. | VA | United States | Odessa Morris | Sibling | United States | Solatium |
| 49 | Rachel Quinnie | VA | United States | Odessa Morris | Sibling | United States | Solatium |
| 50 | Jeanine Murphy | PA | United States | James Murphy, IV | Spouse | United States | Solatium |
| 51 | Jeanine Murphy | PA | United States | James Murphy, IV | PR | United States | Solatium/Wrongful Death |
| 52 | Jessica A. Navas | NJ | United States | Joseph M. Navas | Child | United States | Solatium |
| 53 | Joseph M. Navas, Jr. | NJ | United States | Joseph M. Navas | Child | United States | Solatium |
| 54 | Justin C. Navas | NJ | United States | Joseph M. Navas | Child | United States | Solatium |
| 55 | Karen A. Navas | NJ | United States | Joseph M. Navas | Spouse | United States | Solatium |
| 56 | Karen A. Navas | NJ | United States | Joseph M. Navas | PR | United States | Solatium/Wrongful Death |
| 57 | Lorraine B. Foley | NY | United States | Gerard Nevins | Parent | United States | Solatium |
| 58 | Stephen Nevins | NY | United States | Gerard Nevins | Sibling | United States | Solatium |
| 59 | Iris Vega | CA | United States | Diana O'Connor | Sibling | United States | Solatium |
| 60 | Maria Vega | NY | United States | Diane O'Connor | Sibling | United States | Solatium |
| 61 | Virginia Parro | NY | United States | Robert Parro | Parent | United States | Solatium |
| 62 | Barbara Dunleavy | NJ | United States | Glenn C. Perry | Sibling | United States | Solatium |
| 63 | Frank Perry A/K/A Francis Perry | NJ | United States | Glenn C. Perry | Sibling | United States | Solatium |
| 64 | Catherine Perry | NY | United States | Glenn C. Perry | Parent | United States | Solatium |
| 65 | Patrick Perry | NY | United States | Glenn C. Perry | Sibling | United States | Solatium |
| 66 | Jennifer Bruno | FL | United States | Maria Ramirez | Sibling | United States | Solatium |
| 67 | Miriam Carter | FL | United States | Maria Ramirez | Sibling | United States | Solatium |
| 68 | Elsie Cintron-Rosado | FL | United States | Maria Ramirez | Parent | United States | Solatium |
| 69 | Elsie Cintron-Rosado | FL | United States | Maria Ramirez | PR | United States | Solatium/Wrongful Death |
| 70 | Jessica Darden | FL | United States | Maria Ramirez | Sibling | United States | Solatium |

3

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 71 | Maureen Regan | NY | United States | Donald Regan | Sibling | United States | Solatium |
| 72 | William Regan | NY | United States | Donald Regan | Sibling | United States | Solatium |
| 73 | Joan Reilly and Regina Madigan as Legal Guardians of Edward Reilly | NY | United States | Kevin Reilly | Sibling | United States | Solatium |
| 74 | Susan Brand a/k/a Siegel a/k/a Retik | NY | United States | David Retik | Sibling | United States | Solatium |
| 75 | Alan Retik as Personal Representative of the Estate of Lynne Retik | MA | United States | David Retik | Parent (deceased) | United States | Solatium |
| 76 | Alan Retik | MA | United States | David Retik | Parent | United States | Solatium |
| 77 | Benjamin Retik | MA | United States | David Retik | Child | United States | Solatium |
| 78 | Dina Retik | MA | United States | David Retik | Child | United States | Solatium |
| 79 | Mark Retik | NJ | United States | David Retik | Sibling | United States | Solatium |
| 80 | Molly Retik | MA | United States | David Retik | Child | United States | Solatium |
| 81 | Susan Retik | MA | United States | David Retik | Spouse | United States | Solatium |
| 82 | Susan Retik | MA | United States | David Retik | PR | United States | Solatium/Wrongful Death |
| 83 | Stanley Rodgers | GA | United States | Venesha Richards | Parent | United States | Solatium |
| 84 | Karen Robertson-Jurcziak | NJ | United States | Donald Robertson, Jr. | PR | United States | Solatium/Wrongful Death |
| 85 | Karen Robertson-Jurcziak | NJ | United States | Donald Robertson, Jr. | Spouse | United States | Solatium |
| 86 | Denyse Betcher | NY | United States | Paul Ruback | Child | United States | Solatium |
| 87 | Danny J. Morino | SC | United States | Paul Ruback | Child | United States | Solatium |
| 88 | Raysa Rodriguez | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 89 | Amarcimeve Jimenez Salcedo | NY | Dominican Republic | Esmerlin Salcedo | Parent | United States | Solatium |
| 90 | Amber Salcedo | MA | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 91 | Francisco Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 92 | Joel Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 93 | Kayla Salcedo | MA | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 94 | Markos Salcedo | MA | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 95 | Matilde Salcedo | MA | United States | Esmerlin Salcedo | Spouse | United States | Solatium |
| 96 | Melody Salcedo | FL | United States | Esmerlin Salcedo | Child | United States | Solatium |
| 97 | Raysa Rodriguez | NY | United States | Esmerlin Salcedo | PR | United States | Solatium/Wrongful Death |

4

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency a Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 98 | Miriam Salcedo | NY | United States | Esmerlin Salcedo | Parent | United States | Solatium |
| 99 | Orson Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |
| 100 | Oscar Salcedo | NY | United States | Esmerlin Salcedo | Sibling | United States | Solatium |

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| JEANMARIE HARGRAVE et al.<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | Civil Docket Number: 1:20-cv-9387<br><br>**AFFIDAVIT OF TRANSLATOR**<br><br>ECF CASE |

STATE OF NEW YORK      )
                                              ) ss:
COUNTY OF NEW YORK   )

Lindsay Young, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

    a. Summons with appendix
    b. Complaint with appendix
    c. Civil cover sheet with appendix
    d. Statement of Relatedness with appendix
    e. Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)
    f. Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 100 offices on six continents, is a leader in providing professional translations. TransPerfect Translations, Inc. has over twent-five years of experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by a translator who holds a BA in English and an MA in Translation. They have been a legal language consultant and translator for over 20 years

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not in relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.


*Lindsay Young*

Lindsay Young, Project Manager
Currently situated in the County of New York


Sworn to before me remotely
this __17th__ day of __November__ , 20_20_

Notary Public
Currently situated in the County of New York

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

2

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به حملات تروریستی 11 سپتامبر 2001 | مربوط به:(SN) (GBD) 03 MDL 1570 |

| | |
|---|---|
| جین‌ماری هارگریو و دیگران. | شماره پرونده مدنی: 1:20-cv-9387 |
| خواهان‌ها، | **اظهارنامه مترجم** |
| علیه | پرونده EFC |
| جمهوری اسلامی ایران، | |
| خوانده، | |

ایالت نیویورک   (
                          ) ss:
ناحیه نیویورک   (

<u>Lindsay Young</u>، پس از ادای سوگند اعلام می‌دارد:

1. اینجانب کارمند شرکت TransPerfect بوده و جزو طرفین این اقدام نیستم. تا آنجا که می‌دانم و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد مبدأ ذکر شده در زیر صحیح و دقیق هستند:

    a. احضاریه‌ها همراه با ضمیمه
    b. شکایت همراه با ضمیمه
    c. برگه جلد دادخواست مدنی همراه با ضمیمه
    d. اظهارنامه مرتبط بودن به همراه ضمیمه
    e. ابلاغیه اقامه دعوی به همراه نسخه‌ای از 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d)، و قانون مصونیت حاکمیت خارجی (28 U.S.C. 1602, et seq).
    f. اظهارنامه مترجم

2. این درخواست توسط شرکت Anderson Kill P.C.، وکلای خواهان‌ها در این اقدام ارائه شد.

3. شرکت TransPerfect Translations یک سازمان ترجمه با بیش از 100 دفتر در شش قاره بوده و در زمینه ارائه ترجمه حرفه‌ای پیشتاز است. شرکت TransPerfect Translations بیش از بیست و پنج سال در زمینه ترجمه جفت زبان مذکور به یکدیگر تجربه دارد و کارش مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌های ایالات متحده و سراسر جهان قرار گرفته است.

4. ترجمه‌های اسناد مبدأ مندرج در بالا توسط مترجمی صورت گرفته است که دارای مدرک کارشناسی زبان انگلیسی و کارشناسی ارشد ترجمه است. آنها بیش از 20 سال مشاور زبان حقوقی و مترجم بوده‌اند

۵. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO
9001:2015 و ISO 17100:2015 ما صورت گرفته و همچنین نمایندگانی که مسئول ترجمه(های) مذکور هستند
واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و به هیچ‌یک از طرفین نامبرده در این سند (اسناد) مبدأ
رابطه‌ای ندارند.

۶. مطابق با CPLR 2101، ترجمه دقیق است.

*Lindsay Young*

Lindsay Young، مدیر پروژه
در حال حاضر مستقر در کانتی نیویورک

نزد من از از راه دور سوگند یاد کرد
در تاریخ ۱۷ نوامبر ۲۰۲۰

دفتر اسناد رسمی
در حال حاضر مستقر در کانتی نیویورک

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

2

docs-100321063.1

پرونده UA-09387-cv-20:1    سند 7    ارائه شده در تاریخ 12/11/2020    صفحه 1 از 7

IH 6 احضاریه 28 USC 1608
4/17

# دادگاه ناحیه‌ای ایالات متحده

جهت

ناحیه جنوب نیویورک

جینماری هارگریو و دیگران. (به پیوست مراجعه کنید)               )
                                                            )
                                                            )
                                                            )
                                                            )     ————————————————
                                                            )          خواهان(ها)
                                                            )          علیه
اقدام مدنی شماره                                             )
                                                            )
                                                            )
جمهوری اسلامی ایران                                          )
                                                            )
                                                            )     ————————————————
                                                            )          خوانده(ها)
                                                            )
                                                            )

احضاریه در یک اقدام مدنی

به:     (نام و آدرس خوانده)

جمهوری اسلامی ایران
خطاب به سفیر دائم ایران
در سازمان ملل متحد
622 Third Avenue
New York, NY 10017

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
شرکت آندرسون کیل
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

منشی دادگاه

تاریخ:    10/11/2020                                امضا/ جی. پیساروزیک
          ————————————                             ————————————————————
                                                   امضای منشی یا معاون منشی

[امضا]
[مهر]:  دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک

28 USC 1608 احضاریه 12/11 (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
(این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام Fed. R. Civ. P. 4 (l))

این ابلاغیه مربوط به (نام فرد یا سمت، در صورت امکان) _____ ، در (تاریخ) _____

به من ابلاغ شد. _____

☐ من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____ _____ در

_____ ابلاغ کردم؛ یا (تاریخ)

☐ من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم (نام) _____ ،

_____ شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد، در

(تاریخ)_____ ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

☐ من ابلاغیه را به این فرد تحویل دادم (نام فرد): _____

دارد ابلاغ احضاریه را از طرف (نام سازمان) _____

_____ بپذیرد؛ در (تاریخ)_____ یا

☐من احضاریه را بدون ابلاغ برگرداندم زیرا ؛ _____ یا

☐ سایر (مشخص کنید): _____

حق‌الزحمه من عبارت است از _____ دلار برای _____ سفر و دلار برای ابلاغ در مجموع 0.00 دلار

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ _____          _____
                                امضای ابلاغ‌کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
نشانی ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

ضمیمه

جین‌ماری هارگریو، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کاترین ام. کوئین به عنوان نماینده شخصی ماترک کاترین هارگریو، متوفی، والد متوفای تیموتی جی. هارگریو

جیمز هارگریو جونیور، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کارولین ماری کلی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

پاتریشیا منسفیلد، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

مائورین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کاترین ام. کوئین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

ماری آن استرابل، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کنت هاسکل، انفراداً، به عنوان برادر/خواهر بازمانده توماس هاسکل

کنت هاسکل، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی هاسکل

بلیندا بارینو دیلارد، انفراداً، به عنوان برادر/خواهر بازمانده رونی هندرسون

شارون هندرسون، انفراداً، به عنوان برادر/خواهر بازمانده رونی هندرسون

جیمز جنکیس جونیور، انفراداً، به عنوان برادر/خواهر بازمانده جان جنکیس

خوان کیروین، انفراداً، به عنوان همسر بازمانده گلن کیروین

خوان کیروین، به عنوان نماینده شخصی ماترک گلن کیروین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده گلن کیروین

مایلز کیروین، انفراداً، به عنوان فرزند بازمانده گلن کیروین

تروی کیروین، انفراداً، به عنوان فرزند بازمانده گلن کیروین

جان داو 88، که قصد دارد نماینده شخصی ماترک ونسا لانگ لانگر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ونسا لانگ لانگر

جکسون اس. اوکانر، انفراداً، به عنوان برادر/خواهر بازمانده ونسا لانگ لانگر

جیمز تی. اوکانر، انفراداً، به عنوان برادر/خواهر بازمانده ونسا لانگ لانگر

1

docs-100313564/3

بردی هیکس به عنوان نماینده شخصی ماترک والتر دبلیو. هیکس، متوفی، والد متوفای نیکی لیندو

ملیسا مگگزین، انفراداً، به عنوان فرزند بازمانده جی. مگگزین

لائورن بیکر، انفراداً، به عنوان فرزند بازمانده جوزف آر. مارچینکس جونیور

ریان مارچینکس، انفراداً، به عنوان فرزند بازمانده جوزف آر. مارچینکس جونیور

ترزا مارچینکس، انفراداً، به عنوان همسر بازمانده جوزف آر. مارچینکس جونیور

ترزا مارچینکس، به عنوان نماینده شخصی ماترک جوزف آر. مارچینکس جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف آر. مارچینکس جونیور

چستیتی دلئون، انفراداً، به عنوان همسر بازمانده رابرت گابریل مارتینز

کاتلین ای. کوهلر، انفراداً، به عنوان فرزند بازمانده تیموتی مواد

کارن ای. مواد، انفراداً، به عنوان فرزند بازمانده تیموتی مواد

ترزا مواد، انفراداً، به عنوان همسر بازمانده تیموتی مواد

ترزا مواد، به عنوان نماینده شخصی ماترک تیموتی مواد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی مواد

کریستوفر دلوش، انفراداً، به عنوان همسر بازمانده کاتی ان. مازا

جان مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

رونالد مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

رز مازا، انفراداً، به عنوان والد بازمانده کاتی ان. مازا

ویکتور مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

کریستوفر دلوش، به عنوان نماینده شخصی ماترک کاتی ان. مازا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتی ان. مازا

آندرئا مادونا، به عنوان نماینده شخصی ماترک خوان میکیولی، متوفی، والد متوفای ویلیام میکیولی

آندرئا مادونا به عنوان نماینده شخصی ماترک ویلیام ادوارد میکیولی، متوفی، والد متوفای ویلیام میکیولی

جوان لاس کمپ، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام میکیولی

2

آندرنا مادونا، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام میکیولی

امیلی میکیولی، انفراداً، به عنوان فرزند بازمانده ویلیام میکیولی

سارا میکیولی، انفراداً، به عنوان فرزند بازمانده ویلیام میکیولی

کالین میکیولی-فولی، انفراداً، به عنوان همسر بازمانده ویلیام میکیولی

کالین میکیولی-فولی، به عنوان نماینده شخصی ماترک ویلیام میکیولی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام میکیولی

دانیل لمب، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

اتل اسکات، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

جوزف لمب سنیور، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

راشل کوئین، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

جنین مورفی، انفراداً، به عنوان همسر بازمانده جیمز مورفی چهارم

جنین مورفی به عنوان نماینده شخصی ماترک جیمز مورفی چهارم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز مورفی چهارم

جسیکا ای. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

جوزف ام. ناواس جونیور، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

جاستین سی. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

کارن ای. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

کارن ای. ناواس، به عنوان نماینده شخصی ماترک جوزف ام. ناواس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف ام. ناواس

لورن بی. فولی، انفراداً، به عنوان والد بازمانده جرراد نوینس

استفن نوینس، انفراداً، به عنوان برادر/خواهر بازمانده جرراد نوینس

ایریس وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

ماریا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیان اوکانر

ویرجینیا پارو، انفراداً، به عنوان والد بازمانده رابرت پارو

باربارا دانلوی، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

3

فرانک پری مشهور به فرانسیس پری، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

کاترین پری، انفراداً، به عنوان والد بازمانده گلن سی. پری

پاتریک پری، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

جنیفر برونو، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

میریام کارتر، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

السی سینترون-روزادو، انفراداً، به عنوان والد بازمانده ماریا رامیرز

السی سینترون-روزادو، به عنوان نماینده شخصی ماترک ماریا رامیرز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ماریا رامیرز

جسیکا داردن، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

مائورین ریگان، انفراداً، به عنوان برادر/خواهر بازمانده دونالد ریگان

ویلیام ریگان، انفراداً، به عنوان برادر/خواهر بازمانده دونالد ریگان

جان ریلی و رجینا مادیگان به عنوان سرپرستان قانونی ادوارد ریلی، انفراداً، به عنوان برادر/خواهر بازمانده کوین ریلی

سوزان برند مشهور به سیگل مشهور به رتیک، انفراداً، به عنوان برادر/خواهر بازمانده دیوید رتیک

آلن رتیک به عنوان نماینده شخصی ماترک لین رتیک، متوفی، والد متوفای دیوید رتیک

آلن رتیک، انفراداً، به عنوان والد بازمانده دیوید رتیک

بنجامین رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

دینا رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

خاویر رتیک، انفراداً، به عنوان برادر/خواهر بازمانده دیوید رتیک

مولی رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

سوزان رتیک، انفراداً، به عنوان همسر بازمانده دیوید رتیک

سوزان رتیک، به عنوان نماینده شخصی ماترک دیوید رتیک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید رتیک

استنلی راجرز، انفراداً، به عنوان والد بازمانده ونشا ریچاردز

4

کارن رابرتسون-بورزیاک، به عنوان نماینده شخصی ماترک دونالد رابرتسون جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دونالد رابرتسون جونیور

کارن رابرتسون-بورزیاک، انفراداً، به عنوان همسر بازمانده دونالد رابرتسون جونیور

دنیس بچر، انفراداً، به عنوان فرزند پل روباک

دنی جی. مورینو، انفراداً، به عنوان فرزند پل روباک

رایسا رودریگز، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

آمارسیمیو خیمنز سالکدو، انفراداً، به عنوان والد بازمانده اسمرلین سالکدو

امبر سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

فرانسیسکو سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

جوئل سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

کایلا سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

مارکوس سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

ماتیلد سالکدو، انفراداً، به عنوان همسر بازمانده اسمرلین سالکدو

ملودی سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

رایسا رودریگز، به عنوان نماینده شخصی ماترک اسمرلین سالکدو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسمرلین سالکدو

میریام سالکدو، انفراداً، به عنوان والد بازمانده اسمرلین سالکدو

اورسون سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

اسکار سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

docs-100313564/3

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

عطف به:

03-MDL-1570 (GBD)(SN)

حملات تروریستی 11 سپتامبر 2001

شماره پرونده مدنی:

جین‌ماری هارگریو، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کاترین ام. کوئین به عنوان نماینده شخصی ماترک کاترین هارگریو، متوفی، والد متوفای تیموتی جی. هارگریو

**فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه**

جیمز هارگریو جونیور، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کارولین ماری کلی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

پاتریشیا منسفیلد، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

مائورین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کاترین ام. کوئین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

ماری آن استرابل، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کنت هاسکل، انفراداً، به عنوان برادر/خواهر بازمانده توماس هاسکل

کنت هاسکل، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی هاسکل

بلیندا بارینو دیلارد، انفراداً، به عنوان برادر/خواهر بازمانده رونی هندرسون

شارون هندرسون، انفراداً، به عنوان برادر/خواهر بازمانده رونی هندرسون

جیمز جنکیس جونیور، انفراداً، به عنوان برادر/خواهر بازمانده جان جنکیس

خوان کیروین، انفراداً، به عنوان همسر بازمانده گلن کیروین

خوان کیروین، به عنوان نماینده شخصی ماترک گلن کیروین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده گلن کیروین

مایلز کیروین، انفراداً، به عنوان فرزند بازمانده گلن کیروین

تروی کیروین، انفراداً، به عنوان فرزند بازمانده گلن کیروین

جان داو 88، که قصد دارد نماینده شخصی ماترک ونسا لانگ لانگر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ونسا لانگ لانگر

جکسون اس. اوکانر، انفراداً، به عنوان برادر/خواهر بازمانده ونسا لانگ لانگر

جیمز تی. اوکانر، انفراداً، به عنوان برادر/خواهر بازمانده ونسا لانگ لانگر

بردی هیکس به عنوان نماینده شخصی ماترک والتر دبلیو. هیکس، متوفی، والد متوفای نیکی لیندو

ملیسا مگزین، انفراداً، به عنوان فرزند بازمانده جی. مگزین

لائورن بیکر، انفراداً، به عنوان فرزند بازمانده جوزف آر. مارچبنکس جونیور

ریان مارچبنکس، انفراداً، به عنوان فرزند بازمانده جوزف آر. مارچبنکس جونیور

ترزا مارچبنکس، انفراداً، به عنوان همسر بازمانده جوزف آر. مارچبنکس جونیور

2

ترزا مارچبنکس، به عنوان نماینده شخصی ماترک جوزف آر. مارچبنکس جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف آر. مارچبنکس جونیور

چستیتی دلئون، انفراداً، به عنوان همسر بازمانده رابرت گابریل مارتینز

کاتلین ای. کوهلر، انفراداً، به عنوان فرزند بازمانده تیموتی مواد

کارن ای. مواد، انفراداً، به عنوان فرزند بازمانده تیموتی مواد

ترزا مواد، انفراداً، به عنوان همسر بازمانده تیموتی مواد

ترزا مواد، به عنوان نماینده شخصی ماترک تیموتی مواد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی مواد

کریستوفر دلوش، انفراداً، به عنوان همسر بازمانده کاتی ان. مازا

جان مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

رونالد مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

رز مازا، انفراداً، به عنوان والد بازمانده کاتی ان. مازا

ویکتور مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

کریستوفر دلوش، به عنوان نماینده شخصی ماترک کاتی ان. مازا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتی ان. مازا

آندرئا مادونا، به عنوان نماینده شخصی ماترک خوان میکیولی، متوفی، والد متوفای ویلیام میکیولی

3

آندرئا مادونا به عنوان نماینده شخصی ماترک ویلیام ادوارد میکیولی، متوفی، والد متوفای ویلیام میکیولی

جوان لاس کمپ، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام میکیولی

آندرئا مادونا، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام میکیولی

امیلی میکیولی، انفراداً، به عنوان فرزند بازمانده ویلیام میکیولی

سارا میکیولی، انفراداً، به عنوان فرزند بازمانده ویلیام میکیولی

کالین میکیولی-فولی، انفراداً، به عنوان همسر بازمانده ویلیام میکیولی

کالین میکیولی-فولی، به عنوان نماینده شخصی ماترک ویلیام میکیولی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام میکیولی

دانیل لمب، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

اتل اسکات، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

جوزف لمب سنیور، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

راشل کوئین، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

جنین مورفی، انفراداً، به عنوان همسر بازمانده جیمز مورفی چهارم

جنین مورفی به عنوان نماینده شخصی ماترک جیمز مورفی چهارم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز مورفی چهارم

جسیکا ای. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

4

جوزف ام. ناواس جونیور، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

جاستین سی. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

کارن ای. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

کارن ای. ناواس، به عنوان نماینده شخصی ماترک جوزف ام. ناواس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف ام. ناواس

لورن بی. فولی، انفراداً، به عنوان والد بازمانده جرراد نوینس

استفن نوینس، انفراداً، به عنوان برادر/خواهر بازمانده جرراد نوینس

ایریس وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

ماریا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیان اوکانر

ویرجینیا پارو، انفراداً، به عنوان والد بازمانده رابرت پارو

باربارا دانلوی، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

فرانک پری مشهور به فرانسیس پری، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

کاترین پری، انفراداً، به عنوان والد بازمانده گلن سی. پری

پاتریک پری، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

جنیفر برونو، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

میریام کارتر، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

5

السی سینترون-روزادو، انفراداً، به عنوان والد بازمانده ماریا رامیرز

السی سینترون-روزادو، به عنوان نماینده شخصی ماترک لین رتیک ماریا رامیرز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ماریا رامیرز

جسیکا داردن، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

مائورین ریگان، انفراداً، به عنوان برادر/خواهر بازمانده دونالد ریگان

ویلیام ریگان، انفراداً، به عنوان برادر/خواهر بازمانده دونالد ریگان

جان ریلی و رجینا مادیگان به عنوان سرپرستان قانونی ادوارد ریلی، انفراداً، به عنوان برادر/خواهر بازمانده کوین ریلی

سوزان برند مشهور به سیگل مشهور به رتیک، انفراداً، به عنوان برادر/خواهر بازمانده دیوید رتیک

آلن رتیک به عنوان نماینده شخصی ماترک لین رتیک، متوفی، والد متوفای دیوید رتیک

آلن رتیک، انفراداً، به عنوان والد بازمانده دیوید رتیک

بنجامین رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک (David Retik)

دینا رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

خاویر رتیک، انفراداً، به عنوان برادر/خواهر بازمانده دیوید رتیک

مولی رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

سوزان رتیک، انفراداً، به عنوان همسر بازمانده دیوید رتیک

سوزان رتیک، به عنوان نماینده شخصی ماترک دیوید رتیک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید رتیک

استنلی راجرز، انفراداً، به عنوان والد بازمانده ونشا ریچاردز

کارن رابرتسون-یورزیاک، به عنوان نماینده شخصی ماترک دونالد رابرتسون جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دونالد رابرتسون جونیور

کارن رابرتسون-یورزیاک، انفراداً، به عنوان بازمانده همسر دونالد رابرتسون جونیور

دنیس بچر، انفراداً، به عنوان فرزند پل روباک

دنی جی. مورینو، انفراداً، به عنوان فرزند پل روباک

رایسا رودریگز، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

آمارسیمیو خیمنز سالکدو، انفراداً، به عنوان والد بازمانده اسمرلین سالکدو

امبر سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

فرانسیسکو سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

جوئل سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

کایلا سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

مارکوس سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

ماتیلد سالکدو، انفراداً، به عنوان همسر بازمانده اسمرلین سالکدو

ملودی سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

رایسا رودریگز، به عنوان نماینده شخصی ماترک اسمرلین سالکدو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسمرلین سالکدو

میریام سالکدو، انفراداً، به عنوان والد بازمانده اسمرلین سالکدو

اورسون سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

اسکار سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

خواهان(ها)،

– علیه –

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه میکنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است.  هریک از خواهانها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح میسازند، (الف) شکایت تجمیعی اصلاح شده خواهانها <u>بیمه فدرال</u> و <u>اشتون</u> علیه خوانده، جمهوری اسلامی ایران،ECF شماره 3237، یا (ب) شکایت اصلاح شده، <u>برنت علیه جمهوری اسلامی ایران</u>، شماره (S.D.N.Y) (GBD)(SN) 15-CV-9903. تاریخ 8 فوریه 2016، ECF شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهانها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش علیه بن لادن</u>، به شماره (S.D.N.Y.), ECF (GBD)(SN) 1:03-CV-9848 شماره‌های 294، 263 و 295؛ <u>عطف به حملات تروریستی 11 سپتامبر 2001</u>، پرونده (S.D.N.Y.), ECF (GBD)(SN) 03-MDL-1570

8

پرونده 1:20-cv-09387-UA      سند 1      ارائه شده در تاریخ 10/11/2020      صفحه 9 از 17

شماره‌های 2516، 2515، 2473، 2433، 2432، 2431، 2430؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر (ECF) 2011 شماره 2540 را گنجانده‌اند.

## مکان

1.   مکان این ناحیه بر اساس 28 U.S.C. §§ 1391(b)(2) و 1391(f)(1) مناسب است چرا که بخش قابل توجهی از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه بر اساس 18 U.S.C. § 2334(a) مناسب است.

## صلاحیت قضایی

2.   صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 28 U.S.C. § 1605(a) (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28 U.S.C. § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علل اقدام

3.   بدین وسیله هر‌یک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه با جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند **[فقط یک شکایت را علامت بزنید]:**

☐ شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

9

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره (GBD)(SN) 15-CV-9903 (S.D.N.Y. 8 فوریه 2016), ECF شماره 53

4.    به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 et seq. (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریستی بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 et seq. بوده است.

☐ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 et seq. (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریستی بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 et seq. بوده است.

**شناسایی خواهان‌های جدید**

5.    اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a.    شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b.    خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c.    همان‌گونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

d.    در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

e.    در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده و/یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f.    نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خوانده‌ها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6.    تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7.    خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی علیه هر یک از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

11

8. خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه**

9. بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند. بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به صورت مقتضی دارند.

تاریخ: دوشنبه, 09 نوامبر 2020

تقدیم با احترام,

*/امضا/ جری اس. گلدمن*

وکیل دعاوی جری اس. گلدمن
بروس استرانگ، وکیل دعاوی
شرکت آندرسون کیل
1251 Avenue of the Americas
New York, NY 10020
تلفن: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill .com

*وکلای خواهان‌ها*

12

docs-100313565/1

## ضمیمه 1

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است

که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم

کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی /تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی [1] 9/11 | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 1 | جینماری هارگریو (Jeanmarie Hargrave) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | کاترین ام. کوئین، به عنوان نماینده شخصی ماترک کاترین هارگریو | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 3 | جیمز هارگریو جونیور (James Hargrave Jr) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | کارولین ماری کلی (Carolyn Marie Kelly) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | پاتریشیا منسفیلد (Patricia Mansfield) | نیوهمپشایر | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 6 | مائورین مورفی (Maureen Murphy) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 7 | کاترین ام. کوئین (Kathryn M. Quinn) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | ماری آن استرابل (Mary Ann Struble) | ماساچوست | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 9 | کنث هاسکل (Kenneth Haskell) | نیویورک | ایالات متحده | توماس هاسکل (Thomas Haskell) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 10 | کنث هاسکل (Kenneth Haskell) | نیویورک | ایالات متحده | تیموتی هاسکل (Timothy Haskell) | برادر/خواهر | ایالات متحده | ترضیه خاطر |

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| # | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی /تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 11 | بلیندا بارینو دیلارد Belinda Barino Dillard | نیویورک | ایالات متحده | رونی هندرسون Ronnie Henderson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 12 | شارون هندرسون Sharon Henderson | کالیفرنیا | ایالات متحده | رونی هندرسون Ronnie Henderson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 13 | جیمز جنکینز جونیور James Jenkins, Jr. | کنتاکی | ایالات متحده | جان جنکینز John Jenkins | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 14 | خوان کیروین Joan Kirwin | نیویورک | ایالات متحده | گلن کیروین Glenn Kirwin | همسر | ایالات متحده | ترضیه خاطر |
| 15 | خوان کیروین Joan Kirwin | نیویورک | ایالات متحده | گلن کیروین Glenn Kirwin | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 16 | مایلز کیروین Miles Kirwin | نیویورک | ایالات متحده | گلن کیروین Glenn Kirwin | فرزند | ایالات متحده | ترضیه خاطر |
| 17 | تروی کیروین Troy Kirwin | کالیفرنیا | ایالات متحده | گلن کیروین Glenn Kirwin | فرزند | ایالات متحده | ترضیه خاطر |
| 18 | جان داو 88 John Doe 88 | TBD | ایالات متحده | ونسا لانگ لانگر Vanessa Lang Langer | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 19 | جکسون اس. اوکانر Jackson S. O'Connor | نیویورک | ایالات متحده | ونسا لانگ لانگر Vanessa Lang Langer | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 20 | جیمز تی. اوکانر James T. O'Connor | نیویورک | ایالات متحده | ونسا لانگ لانگر Vanessa Lang Langer | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | بردی هیکس Berdie Hicks به عنوان نماینده شخصی ماترک والتر دبلیو. هیکس Walter W. Hicks | جورجیا | ایالات متحده | نیکی لیندو Nickie Lindo | پدر | ایالات متحده | ترضیه خاطر |
| 22 | ملیسا مگَزین Melissa Magazine | نیویورک | ایالات متحده | جی مگَزین Jay Magazine | فرزند | ایالات متحده | ترضیه خاطر |
| 23 | لانورن بیکر Lauren Baker | کنتیکات | ایالات متحده | جوزف آر. مارچبنکس جونیور Joseph R Marchbanks Jr. | فرزند | ایالات متحده | ترضیه خاطر |
| 24 | ریان مارچبنکس Ryan Marchbanks | نیوجرسی | ایالات متحده | جوزف آر. مارچبنکس جونیور Joseph R Marchbanks Jr. | فرزند | ایالات متحده | ترضیه خاطر |
| 25 | ترزا مارچبنکس Teresa Marchbanks | نیویورک | ایالات متحده | جوزف آر. مارچبنکس جونیور Joseph R Marchbanks Jr. | همسر | ایالات متحده | ترضیه خاطر |
| 26 | ترزا مارچبنکس | نیویورک | ایالات متحده | جوزف آر. | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی /تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | ( Teresa Marchbanks) | | | مارچنکس جونیور ( Joseph R Marchbanks Jr.) | | | غیرعمد |
| 27 | چسیتی دلئون (Chasity DeLeon) | فلوریدا | ایالات متحده | رابرت گابریل مارتینز ( Robert Gabriel Martinez) | همسر | ایالات متحده | ترضیه خاطر |
| 28 | کاتلین ای. کوهلر ( Kathleen A. Koehler) | ایندیانا | ایالات متحده | تیموتی مواد ( Timothy Maude) | فرزند | ایالات متحده | ترضیه خاطر |
| 29 | کارن ای. مواد (Karen E. Maude) | ویرجینیا | ایالات متحده | تیموتی مواد ( Timothy Maude) | فرزند | ایالات متحده | ترضیه خاطر |
| 30 | ترزا مواد ( Teresa Maude) | کارولینای جنوبی | ایالات متحده | تیموتی مواد ( Timothy Maude) | همسر | ایالات متحده | ترضیه خاطر |
| 31 | ترزا مواد ( Teresa Maude) | کارولینای جنوبی | ایالات متحده | تیموتی مواد ( Timothy Maude) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 32 | کریستوفر دلوش ( Christopher Delosh) | نیویورک | ایالات متحده | کاتی ان. مازا ( Kathy N. Mazza) | همسر | ایالات متحده | ترضیه خاطر |
| 33 | جان مازا ( John Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا ( Kathy N. Mazza) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 34 | رونالد مازا ( Ronald Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا ( Kathy N. Mazza) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 35 | رز مازا ( Rose Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا ( Kathy N. Mazza) | والد | ایالات متحده | ترضیه خاطر |
| 36 | ویکتور مازا ( Victor Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا ( Kathy N. Mazza) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | کریستوفر دلوش ( Christopher Delosh) | نیویورک | ایالات متحده | کاتی ان. مازا ( Kathy N. Mazza) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 38 | آندرنا مادونا ( Andrea Madonna)، به عنوان نماینده شخصی ماترک خوان میکیولی (Joan Micciulli) | نیوجرسی | ایالات متحده | ویلیام میکیولی ( William Micciulli) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 39 | آندرنا مادونا ( Andrea Madonna) به عنوان نماینده شخصی ماترک ویلیام ادوارد میکیولی ( William Edward | نیوجرسی | ایالات متحده | ویلیام میکیولی ( William Micciulli) | والد (متوفی) | ایالات متحده | ترضیه خاطر |

15

| # | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | (Micciulli) | | | | | | |
| 40 | جوان لاس کمپ / Joanne Los ) / (Kamp | فلوریدا | ایالات متحده | ویلیام میکیولی / William ) / (Micciulli | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 41 | اندرئا مادونا / Andrea ) / (Madonna | نیوجرسی | ایالات متحده | ویلیام میکیولی / William ) / (Micciulli | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 42 | املی میکیولی / (Emily Micciulli) | نیوجرسی | ایالات متحده | ویلیام میکیولی / William ) / (Micciulli | فرزند | ایالات متحده | ترضیه خاطر |
| 43 | سارا میکیولی / Sara ) / (Mcciulli | نیوجرسی | ایالات متحده | ویلیام میکیولی / William ) / (Micciulli | فرزند | ایالات متحده | ترضیه خاطر |
| 44 | کالین میکیولی-فولی / Colleen ) / (Micciulli-Foley | نیوجرسی | ایالات متحده | ویلیام میکیولی / William ) / (Micciulli | همسر | ایالات متحده | ترضیه خاطر |
| 45 | کالین میکیولی-فولی / Colleen ) / (Micciulli-Foley | نیوجرسی | ایالات متحده | ویلیام میکیولی / William ) / (Micciulli | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 46 | دانیل لمب / Daniel ) / (Lamb | ویرجینیا | ایالات متحده | ادسا موریس / (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 47 | اتل اسکات / Ethel ) / (Scott | فلوریدا | ایالات متحده | ادسا موریس / (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 | جوزف لمب سنیور / Joseph Lamb, ) / (Sr. | ویرجینیا | ایالات متحده | ادسا موریس / (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 49 | راشل کوئین / Rachel ) / (Quinnie | ویرجینیا | ایالات متحده | ادسا موریس / (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 50 | جنین مورفی / (Jeanine Murphy) | پنسیلوانیا | ایالات متحده | جیمز مورفی چهارم / James Murphy, ) / (IV | همسر | ایالات متحده | ترضیه خاطر |
| 51 | جنین مورفی / (Jeanine Murphy) | پنسیلوانیا | ایالات متحده | جیمز مورفی چهارم / James Murphy, ) / (IV | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 52 | جسیکا ای. ناواس / Jessica A. ) / (Navas | نیوجرسی | ایالات متحده | جوزف ام. ناواس / Joseph M. ) / (Navas | فرزند | ایالات متحده | ترضیه خاطر |
| 53 | جوزف ام. ناواس جونیور / Joseph M. ) / (Navas, Jr. | نیوجرسی | ایالات متحده | جوزف ام. ناواس / Joseph M. ) / (Navas | فرزند | ایالات متحده | ترضیه خاطر |
| 54 | جاستین سی. ناواس / (Justin C. Navas) | نیوجرسی | ایالات متحده | جوزف ام. ناواس / Joseph M. ) / (Navas | فرزند | ایالات متحده | ترضیه خاطر |
| 55 | کارن ای. ناواس / (Karen A. Navas) | نیوجرسی | ایالات متحده | جوزف ام. ناواس / Joseph M. ) / (Navas | همسر | ایالات متحده | ترضیه خاطر |
| 56 | کارن ای. ناواس / (Karen A. Navas | نیوجرسی | ایالات متحده | جوزف ام. ناواس | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل |

پرونده 1:20-cv-09387-UA   سند 1   ارائه شده در تاریخ 10/11/2020   صفحه 17 از 17

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی 9/11 | شهروندی /تابعیت خواهان‌ها در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| غیرعمد | | | Joseph M. Navas (جوزف ام. ناواس) | | | (Karen A. Navas) | |
| ترضیه خاطر | ایالات متحده | والد | جرارد نوینس (Gerard Nevins) | ایالات متحده | نیویورک | لورن بی. فولی (Lorraine B. Foley) | 57 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جرارد نوینس (Gerard Nevins) | ایالات متحده | نیویورک | استفن نوینس (Stephen Nevins) | 58 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | دیانا اوکانر (Diana O'Connor) | ایالات متحده | کالیفرنیا | آیریس وگا (Iris Vega) | 59 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | دیان اوکانر (Diane O'Connor) | ایالات متحده | نیویورک | ماریا وگا (Maria Vega) | 60 |
| ترضیه خاطر | ایالات متحده | والد | رابرت پارو (Robert Parro) | ایالات متحده | نیویورک | ویرجینیا پارو (Virginia Parro) | 61 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | گلن سی. پری (Glenn C. Perry) | ایالات متحده | نیوجرسی | باربارا دانلوی (Barbara Dunleavy) | 62 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | گلن سی. پری (Glenn C. Perry) | ایالات متحده | نیوجرسی | فرانک پری (Frank Perry) مشهور به فرانسیس پری (Francis Perry) | 63 |
| ترضیه خاطر | ایالات متحده | والد | گلن سی. پری (Glenn C. Perry) | ایالات متحده | نیویورک | کاترین پری (Catherine Perry) | 64 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | گلن سی. پری (Glenn C. Perry) | ایالات متحده | نیویورک | پاتریک پری (Patrick Perry) | 65 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ماریا رامیرز (Maria Ramirez) | ایالات متحده | فلوریدا | جنیفر برونو (Jennifer Bruno) | 66 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ماریا رامیرز (Maria Ramirez) | ایالات متحده | فلوریدا | میریام کارتر (Miriam Carter) | 67 |
| ترضیه خاطر | ایالات متحده | والد | ماریا رامیرز (Maria Ramirez) | ایالات متحده | فلوریدا | السی سینترون-روزادو (Elsie Cintron-Rosado) | 68 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | ماریا رامیرز (Maria Ramirez) | ایالات متحده | فلوریدا | السی سینترون-روزادو (Elsie Cintron-Rosado) | 69 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ماریا رامیرز (Maria Ramirez) | ایالات متحده | فلوریدا | جوان لاس کمپ (Joanne Los Kamp) | 70 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | دونالد ریگان (Donald Regan) | ایالات متحده | نیویورک | مائورین ریگان (Maureen Regan) | 71 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | دونالد ریگان (Donald Regan) | ایالات متحده | نیویورک | ویلیام ریگان (William Regan) | 72 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کوین ریلی (Kevin Reilly) | ایالات متحده | نیویورک | جان ریلی (Joan Reilly) و رجینا مادیگان (Regina Madigan) به عنوان سرپرست قانونی ادوارد ریلی (Edward Reilly) | 73 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | دیوید رتیک (David) | ایالات متحده | نیویورک | سوزان برند (Susan) | 74 |

docs-100313565/1

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | Brand مشهور به سیگل (Siegel) مشهور به رتیک (Retik) | | | (Retik | | | |
| 75 | آلن رتیک (Alan Retik) به عنوان نماینده شخصی ماترک لین رتیک | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 76 | آلن رتیک (Alan Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | والد | ایالات متحده | ترضیه خاطر |
| 77 | بنجامین رتیک (Benjamin Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | فرزند | ایالات متحده | ترضیه خاطر |
| 78 | دینا رتیک (Dina Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | فرزند | ایالات متحده | ترضیه خاطر |
| 79 | مارک رتیک (Mark Retik) | نیوجرسی | ایالات متحده | دیوید رتیک (David Retik) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | مولی رتیک (Molly Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | فرزند | ایالات متحده | ترضیه خاطر |
| 81 | سوزان رتیک (Susan Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | همسر | ایالات متحده | ترضیه خاطر |
| 82 | سوزان رتیک (Susan Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 83 | استنلی راجرز (Stanley Rodgers) | جورجیا | ایالات متحده | ونشا ریچاردز (Venesha Richards) | والد | ایالات متحده | ترضیه خاطر |
| 84 | کارن رابرتسون-یورزیاک (Karen Robertson-Jurczi ak) | نیوجرسی | ایالات متحده | دونالد رابرتسون جونیور (Donald Robertson, Jr.) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 85 | کارن رابرتسون-یورزیاک (Karen Robertson-Jurczi ak) | نیوجرسی | ایالات متحده | دونالد رابرتسون جونیور (Donald Robertson, Jr.) | همسر | ایالات متحده | ترضیه خاطر |
| 86 | دنیس بچر (Denyse Betcher) | نیویورک | ایالات متحده | پل روباک (Paul Ruback) | فرزند | ایالات متحده | ترضیه خاطر |
| 87 | دنی جی. مورینو (Danny J. Morino) | کارولینای جنوبی | ایالات متحده | پل روباک (Paul Ruback) | فرزند | ایالات متحده | ترضیه خاطر |
| 88 | رایسا رودریگز (Raysa Rodriguez) | نیویورک | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 89 | آمارسیمیو خیمنز سالکدو (Amarcimeve Jimenez Salcedo) | نیویورک | جمهوری دومینیکن | اسمرلین سالکدو (Esmerlin Salcedo) | والد | ایالات متحده | ترضیه خاطر |
| 90 | امبر سالکدو (Amber) | ماساچوست | ایالات متحده | اسمرلین سالکدو | فرزند | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی /تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | (Salcedo | | | Esmerlin ) (Salcedo | | | |
| 91 | فرانسیسکو سالکدو ( Francisco ) (Salcedo | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | جوئل سالکدو ( Joel ) (Salcedo | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 93 | کایلا سالکدو ( Kayla ) (Salcedo | ماساچوست | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | فرزند | ایالات متحده | ترضیه خاطر |
| 94 | مارکوس سالکدو (Markos Salcedo) | ماساچوست | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | فرزند | ایالات متحده | ترضیه خاطر |
| 95 | ماتیلد سالکدو (Matilde Salcedo) | ماساچوست | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | همسر | ایالات متحده | ترضیه خاطر |
| 96 | ملودی سالکدو (Melody Salcedo) | فلوریدا | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | فرزند | ایالات متحده | ترضیه خاطر |
| 97 | رایسا رودریگز Raysa ) (Rodriguez | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیرعمد |
| 98 | میریام سالکدو (Miriam Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | والد | ایالات متحده | ترضیه خاطر |
| 99 | اورسون سالکدو (Orson Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 100 | اسکار سالکدو (Oscar Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | برادر/خواهر | ایالات متحده | ترضیه خاطر |

بازنگری:1-1 2014   IH-32

دادگاه ناحیهای ایالات متحده

جهت

ناحیه جنوب نیویورک

پروندههای مرتبط اظهارات

---

جینماری هارگریو و دیگران. (به پیوست مراجعه کنید)

خواهانها،

علیه

جمهوری اسلامی ایران

خوانده.

شماره پرونده: 1:20-cv- _____

عنوان کامل پرونده ارائه شده قبلی:

(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگیهای مربوطه)

عطف به حملات تروریستی 11 سپتامبر، 2001

شماره پرونده: 03 MDL 1570 (GBD) (SN)

docs-100316873/2

پرونده 1:20-cv-09387-UA   سند 4   ارائه شده در تاریخ 10/11/2020   صفحه 2 از 7

بازنگری:1-2014   IH-32

وضعیت پرونده ارائه شده قبلی:

☐ بسته   (در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بررسی است یا خیر.)

☒ باز   (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است. (نگاه کنید به ECF شماره 5234 در SN -GBD-01570-md-1:03).

دلایل موضع خود را مبنی بر اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.

همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه خاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است. همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به پرونده جان پاتریک اونیل سنیور و دیگران علیه جمهوری عراق و دیگران، SN-GBD-1076-04؛ تومانی ای. برنت سنیور به عنوان والد تومانی ای. برنت جونیور، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران، 15-cv-09903-GBD-SN؛ و کاتلین اشتون و دیگران علیه ارتش اسلامی القاعده و دیگران، FM-GBD-06977-cv-02. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر 2019 ECF شماره 5234 در 1:03-md-01570-GBD-SN مطرح شده است.

امضا:   _امضا/ جری اس. گلدمن_   تاریخ: دوشنبه, 09 نوامبر 2020
وکیل دعاوی جری اس. گلدمن

شرکت حقوقی: Anderson Kill P.C.

2

بازنگری:1-2014   IH-32

ضمیمه

جین‌ماری هارگریو، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کاترین ام. کونین به عنوان نماینده شخصی ماترک کاترین هارگریو، متوفی، والد متوفای تیموتی جی. هارگریو

جیمز هارگریو جونیور، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کارولین ماری کلی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

پاتریشیا منسفیلد، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

مائورین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کاترین ام. کونین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

ماری آن استرابل، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی جی. هارگریو

کنت هاسکل، انفراداً، به عنوان برادر/خواهر بازمانده توماس هاسکل

کنت هاسکل، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی هاسکل

بلیندا بارینو دیلارد، انفراداً، به عنوان برادر/خواهر بازمانده رونی هندرسون

شارون هندرسون، انفراداً، به عنوان برادر/خواهر بازمانده رونی هندرسون

جیمز جنکیس جونیور، انفراداً، به عنوان برادر/خواهر بازمانده جان جنکیس

خوان کیروین، انفراداً، به عنوان همسر بازمانده گلن کیروین

خوان کیروین، به عنوان نماینده شخصی ماترک گلن کیروین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده گلن کیروین

مایلز کیروین، انفراداً، به عنوان فرزند بازمانده گلن کیروین

تروی کیروین، انفراداً، به عنوان فرزند بازمانده گلن کیروین

جان داو 88، که قصد دارد نماینده شخصی ماترک ونسا لانگ لانگر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ونسا لانگ لانگر

جکسون اس. اوکانر، انفراداً، به عنوان برادر/خواهر بازمانده ونسا لانگ لانگر

3

پرونده UA-09387-cv-1:20    سند 4    ارائه شده در تاریخ 10/11/2020    صفحه 4 از 7

بازنگری:1-1 2014    IH-32

جیمز تی. اوکانر، انفراداً، به عنوان برادر/خواهر بازمانده ونسا لانگ لانگر

بردی هیکس به عنوان نماینده شخصی ماترک والتر دبلیو. هیکس، متوفی، والد متوفای نیکی لیندو

ملیسا مگزین، انفراداً، به عنوان فرزند بازمانده جی. مگزین

لانورن بیکر، انفراداً، به عنوان فرزند بازمانده جوزف آر. مارچینکس جونیور

ریان مارچینکس، انفراداً، به عنوان فرزند بازمانده جوزف آر. مارچینکس جونیور

ترزا مارچینکس، انفراداً، به عنوان همسر بازمانده جوزف آر. مارچینکس جونیور

ترزا مارچینکس، به عنوان نماینده شخصی ماترک جوزف آر. مارچینکس جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف آر. مارچینکس جونیور

چسیتی دلئون، انفراداً، به عنوان همسر بازمانده رابرت گابریل مارتینز

کاتلین ای. کوهلر، انفراداً، به عنوان فرزند بازمانده تیموتی مواد

کارن ای. مواد، انفراداً، به عنوان فرزند بازمانده تیموتی مواد

ترزا مواد، انفراداً، به عنوان همسر بازمانده تیموتی مواد

ترزا مواد، به عنوان نماینده شخصی ماترک تیموتی مواد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی مواد

کریستوفر دلوش، انفراداً، به عنوان همسر بازمانده کاتی ان. مازا

جان مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

رونالد مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

رز مازا، انفراداً، به عنوان والد بازمانده کاتی ان. مازا

ویکتور مازا، انفراداً، به عنوان برادر/خواهر بازمانده کاتی ان. مازا

کریستوفر دلوش، به عنوان نماینده شخصی ماترک کاتی ان. مازا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتی ان. مازا

آندرنا مادونا، به عنوان نماینده شخصی ماترک خوان میکیولی، متوفی، والد متوفای ویلیام میکیولی

آندرنا مادونا به عنوان نماینده شخصی ماترک ویلیام ادوارد میکیولی، متوفی، والد متوفای ویلیام میکیولی

4

بازنگری:1-1-2014   IH-32

جوان لاس کمپ، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام میکیولی

آندرنا مادونا، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام میکیولی

امیلی میکیولی، انفراداً، به عنوان فرزند بازمانده ویلیام میکیولی

سارا میکیولی، انفراداً، به عنوان فرزند بازمانده ویلیام میکیولی

کالین میکیولی-فولی، انفراداً، به عنوان همسر بازمانده ویلیام میکیولی

کالین میکیولی-فولی، به عنوان نماینده شخصی ماترک ویلیام میکیولی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام میکیولی

دانیل لمب، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

اتل اسکات، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

جوزف لمب سنیور، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

راشل کوئین، انفراداً، به عنوان برادر/خواهر بازمانده ادسا موریس

جنین مورفی، انفراداً، به عنوان همسر بازمانده جیمز مورفی چهارم

جنین مورفی به عنوان نماینده شخصی ماترک جیمز مورفی چهارم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز مورفی چهارم

جسیکا ای. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

جوزف ام. ناواس جونیور، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

جاستین سی. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

کارن ای. ناواس، انفراداً، به عنوان فرزند بازمانده جوزف ام. ناواس

کارن ای. ناواس، به عنوان نماینده شخصی ماترک جوزف ام. ناواس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف ام. ناواس

لورن بی. فولی، انفراداً، به عنوان والد بازمانده جرراد نوینس

استفن نوینس، انفراداً، به عنوان برادر/خواهر بازمانده جرراد نوینس

ایریس وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

ماریا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیان اوکانر

ویرجینیا پارو، انفراداً، به عنوان والد بازمانده رابرت پارو

docs-100316873/2

باربارا دانلوی، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

فرانک پری مشهور به فرانسیس پری، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

کاترین پری، انفراداً، به عنوان والد بازمانده گلن سی. پری

پاتریک پری، انفراداً، به عنوان برادر/خواهر بازمانده گلن سی. پری

جنیفر برونو، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

میریام کارتر، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

المی سینترون-روزادو، انفراداً، به عنوان والد بازمانده ماریا رامیرز

المی سینترون-روزادو، به عنوان نماینده شخصی ماترک ماریا رامیرز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ماریا رامیرز

جسیکا داردن، انفراداً، به عنوان برادر/خواهر بازمانده ماریا رامیرز

مائورین ریگان، انفراداً، به عنوان برادر/خواهر بازمانده دونالد ریگان

ویلیام ریگان، انفراداً، به عنوان برادر/خواهر بازمانده دونالد ریگان

جان ریلی و رجینا مادیگان به عنوان سرپرستان قانونی ادوارد ریلی، انفراداً، به عنوان برادر/خواهر بازمانده کوین ریلی

سوزان برند مشهور به سیگل مشهور به رتیک، انفراداً، به عنوان برادر/خواهر بازمانده دیوید رتیک

آلن رتیک به عنوان نماینده شخصی ماترک لین رتیک، متوفی، والد متوفای دیوید رتیک

آلن رتیک، انفراداً، به عنوان والد بازمانده دیوید رتیک

بنجامین رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

دینا رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

خاویر رتیک، انفراداً، به عنوان برادر/خواهر بازمانده دیوید رتیک

مولی رتیک، انفراداً، به عنوان فرزند بازمانده دیوید رتیک

سوزان رتیک، انفراداً، به عنوان همسر بازمانده دیوید رتیک

سوزان رتیک، به عنوان نماینده شخصی ماترک دیوید رتیک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید رتیک

استنلی راجرز، انفراداً، به عنوان والد بازمانده ونشا ریچاردز

docs-100316873/2

بازنگری:1-2014   IH-32

کارن رابرتسون-بورزیاک، به عنوان نماینده شخصی ماترک دونالد رابرتسون جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دونالد رابرتسون جونیور

کارن رابرتسون-بورزیاک، انفراداً، به عنوان همسر بازمانده دونالد رابرتسون جونیور

دنیس بچر، انفراداً، به عنوان فرزند پل روباک

دنی جی. مورینو، انفراداً، به عنوان فرزند پل روباک

رایسا رودریگز، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

آمارسیمیو خیمنز سالکدو، انفراداً، به عنوان والد بازمانده اسمرلین سالکدو

امبر سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

فرانسیسکو سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

جونل سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

کایلا سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

مارکوس سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

ماتیلد سالکدو، انفراداً، به عنوان همسر بازمانده اسمرلین سالکدو

ملودی سالکدو، انفراداً، به عنوان فرزند بازمانده اسمرلین سالکدو

رایسا رودریگز، به عنوان نماینده شخصی ماترک اسمرلین سالکدو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسمرلین سالکدو

میریام سالکدو، انفراداً، به عنوان والد بازمانده اسمرلین سالکدو

اورسون سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

اسکار سالکدو، انفراداً، به عنوان برادر/خواهر بازمانده اسمرلین سالکدو

docs-100316873/2

*1*

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| مربوط به (SN) (GBD) 1570 MDL 03<br><br>پرونده مدنی به شماره: 1:20-cv-9387 | عطف به حملات تروریستی 11 سپتامبر 2001<br><br>جین‌ماری هارگریو و دیگران،<br><br>خواهان‌ها،<br><br>علیه<br><br>جمهوری اسلامی ایران،<br><br>خوانده، |

**ابلاغیه اقامه دعوی**

1. عنوان دادرسی حقوقی: *جین‌ماری هارگریو و دیگران علیه جمهوری اسلامی ایران*
   نام کامل دادگاه: دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک
   شماره پرونده: 1:20-cv-9387
   قاضی: قاضی ناحیه ایالات متحده جورج بی. دانیلز
2. نام دولت خارجی مربوطه: جمهوری اسلامی ایران
3. هویت طرفین دیگر: فاقد
4. ماهیت اسناد ابلاغ شده: احضاریه و شکایت (به زبان انگلیسی و فارسی)
5. ماهیت و هدف دادرسی‌ها: اقدام برای جبران خسارت قتل غیرعمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است.
6. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود. پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.
7. عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.
8. سؤالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشورهای خارجی بر اساس قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های 1330، (f)1391، (d)1441، و 1602 تا 1611، عنوان

docs-100312241.1

28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583; 90 Stat. 2891).  این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ:  پنجشنبه, 18 نوامبر 2020

/امضا/ جری اس. گلدمن
ـــــــــــــــــــــــــــــــــــــــــــــ
وکیل دعاوی جری اس. گلدمن
Anderson Kill P.C.
1251 Avenue of the Americas
نیویورک، نیویورک
تلفن:212-278-1000
jgoldman@andersonkill.com
وکلای خواهان‌ها

2

docs-100312241.1

صفحه 1 از 18

## یک.   *1330§ USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده _ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی  > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

___

## § 1330. اقدام علیه دولت‌های خارجی.

___

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش 1603(a) این *عنوان [a)1603 § USCS 28)* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605 این *عنوان (1607-1605 §§ USCS 28) 2%)* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)   در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در این زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [1608 § USCS 28)* انجام شده باشد.

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این *عنوان [1605 §§ USCS 28-1607)* ناشی شده باشد.

## دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده _ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی >فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

___

## § 1391. کلیات محل اقامه دعوی

___

**(f)** اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش 1603(a) این *عنوان [ 28 USCS § 1603a)* تعریف شده قابل انجام است-

**(1)**  در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

**(2)**  در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش 1605(b) این *عنوان [1605(b) § USCS 28)* مطرح شده باشد؛

**(3)**  در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش 1603(b) این *عنوان  28 USCS § 1603b)* مطرح شده باشد؛ یا

**(4)** در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

صفحه 2 از 18

سیاسی آن صورت گیرد.

*1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ــ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

§ **1441. انتقال اقدام‌های مدنی**

(d) اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش 1603(a) این *عنوان [28 USCS § 1603(a)]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش 1446(b) این فصل *[28 USCS § 1446(b)]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

*1602 § 28 USCS*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ــ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و*
*محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

§ **1602. یافته‌ها و اعلام هدف**

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها که مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[28 USCS §§ 1602* et seq.] تعیین شود.

## *1603 § 28 USCS*

**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضایی دولت‌های خارجی**

### 1603§. تعاریف

برای اهداف این فصل [1602 §§ 28 USCS et seq.].

(a)   یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [1608 § 28 USCS]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

(b)   یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

(1)   که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

(2)   یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

(3)   که شهروند دولت ایالات متحده بنا به تعریف بخش 1332(c) و (e) و این عنوان [1332 § 28 USCS (c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

(c)   "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

(d)   "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

(e)   یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

## 28 USCS § 1604

**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### 1604 §. مصونیت یک دولت خارجی در برابر صلاحیت قضایی

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1607-1605 این فصل [1605 §§ 28 USCS-1607].

## 28 USCS § 1605

**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

**(a)** یک دولت خارجی نباید در صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد۔

**(1)** که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

**(2)** که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

**(3)** که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

**(4)** که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

**(5)** به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

**(A)** هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

**(B)** هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

**(6)** که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [28 USCS § 16071] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

**(b)** دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه—

**(1)** ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول خواهد بود؛ و

(2)   ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

(c)   هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچ‌یک از مفاد نباید مانع از آن شود که خواهان در آن پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d)   دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف و وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 USCS §§ 31301 et seq.] and in و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

(f) ‏(e)‏ [منسوخ شد]

(g) محدودیت کشف.

(1) بطور کلی.

(A) در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [§ 28 USCS 1604]، همچنین بخش 1605A یا بخش 1605B [§ 28 USCS 1605A یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

(B) توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

(2) شرط افول.

(A) در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

(B) پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

(i) موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

(ii) بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

(iii) مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

(3) ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

(4) منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6(b)(12) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

(5) رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که بطور معمول در دسترس ایالات متحده است.

(h) مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

(1)    بطور کلی. اگر

(A)  اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

(B)  رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 89-259 ((a)2459 .U.S.C 22) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

(C)  ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 89-259 ( .U.S.C 22 (a)2459) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

(2)  استثنائات.

(A)  دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

(iii) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [28 USCS § 1603(d)] تعریف شده است؛ و

(iv) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(B)  سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

(iii) تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d)‌[(28 USCS § 1603(d)] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

**§ 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی**

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط‌یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که—

**(A)** **(I)** **(i)** دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)** در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)(1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3(c)(1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 1605(a)(7) *28 USCS § 1605(a)(7)]* (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c(101 قسمت A قانون عمومی 104-208 *28 USCS § 1605]* تبصره] مطرح شده باشد؛

(ii) مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

**(I)** تبعه ایالات متحده باشد؛

**(II)** عضو نیروهای مسلح باشد؛ یا

**(III)** به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

**(IV)** در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص قوانین ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) 1:00CV03110 دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 1605(a)(7) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c(101 قسمت A قانون عمومی 104-208 *28 USCS § 1605]* تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

**(1)** 10 سال پس از 24 آوریل 1996؛ یا

**(2)** 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

**(c)** حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (a)(2)(A)(i) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

**(1)** تبعه ایالات متحده باشد،

**(2)** یک عضو نیروهای مسلح باشد،

**(3)** یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2)، (1)،(1) یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده یا مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [1] به‌طور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 (*U.S.C. 10603c 42*) را به مدیر دادگاه ناحیه‌ای ایالات متحده که در پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق‌الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که به‌طور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292 این عنوان [*28 USCS § 1292(b)*)] مطرح گردد.

**(g)** مقررات مربوط به اموال.

**(1)** به‌طور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که ——

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 76701*] باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

**(3)** قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این

عنوان [*28 USCS §§ 1651 et seq*]. قابل اجرا باشد.

**(h)** تعاریف. برای اهداف این بخش-

**(1)** اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1

کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

**(2)** اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه

گروگان‌گیری به آن داده شده است؛

**(3)** اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش

2339A عنوان 18 است؛

**(4)** اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101

عنوان 10 است؛

**(5)** اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش

(22)(a)101 قانون مهاجرت و تابعیت (*(8 U.S.C. 1101(a)(22)*)است؛

**(6)** اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور

خارجه بر اساس اهداف بخش (j)6 قانون مدیریت صادرات 1979 (*50 U.S.C. App. 2405(i)*) [[*50 USCS § 46050*]]، بخش

620A قانون کمک خارجی 1961 (*22 U.S.C. 2371*)، ، بخش 40 قانون کنترل صادرات اسلحه (*22 U.S.C. 2780*) یا هر مفاد

قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

**(7)** اصطلاحات "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این

اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (*28 U.S.C. 1350* تبصره).

**§ 16Q5B.** مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات

متحده

**(a)** تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

**(1)** دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده*

است؛ و

**(2)** شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

**(b)** مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر

پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ

در ایالات متحده رخ داده و ناشی از موارد زیر باشد

**(1)** یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

**(2)** یک عمل شبه جرم یا اقدامات دولت خارجی، یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در

حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده

باشد.

(c) دعاوی اتباع ایالات متحده. علیرغم بخش (2)2337 عنوان 18 [<u>*18 USCS § 2337(2)*</u>]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن عنوان [*<u>18 USCS § 2333</u>*] مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

(d) قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

<u>**28 USCS § 1606**</u>
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

<u>**§1606. میزان مسئولیت**</u>

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [<u>28 USCS § 1605</u> یا <u>1607</u>] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

<u>**28 USCS § 1607**</u>
<u>**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**</u>

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

<u>**§ 1607. دعاوی متقابل**</u>

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

(a) که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [<u>28 USCS § 1605</u> یا <u>1605A</u>] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b) ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c)  تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a)  در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)  با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2)  اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)  اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه؛ یا

(4)  اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b)  در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)  با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2)  اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A)  بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)** در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**28 USCS §1609**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین **1** تا **54** عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

**§ 1609. مصونیت در برابر توقیف اموال دولت خارجی**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

صفحهٔ 15 از 18

**28 USCS § 1610**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم**

‫‪(a)‬ اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده با یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

‫‪(1)‬ دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

‫‪(2)‬ از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

‫‪(3)‬ اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

‫‪(4)‬ اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

‫‪(A)‬ که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

‫‪(B)‬ غیرمنقول بوده و در ایالات متحده واقع شده باشد: *به شرطی که،* از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

‫‪(5)‬ اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

‫‪(6)‬ حکم بر اساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

‫‪(7)‬ حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش (7)(a)1605 [سابقاً (7)(a)1605 § 28 USCS] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

‫‪(b)‬ علاوه بر بخش فرعی (a)، هرگونه اموال یک سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

‫‪(1)‬ سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

‫‪(2)‬ حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش (3) (2)(a)1605، یا (5) یا 1605b) این فصل [(2)(a)1605 5 28 USCS، یا (3)، یا (5)، یا (b)1605] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل  [ 28 USCS§ 1605A] یا بخش 7(a)1605) این فصل [سابقاً (a)(7) § 1605 USCS 28]] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش (1608e) این فصل [1608e § 1608 USCS 28] سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش (1603a) این فصل [1603a § 1603 USCS 28] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

**(1)** دولت خارجی به صراحت به مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش (1605d) [1605d § 1605 USCS 28] آمده است، مصون باشند.

**(f)** (1) (A) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش (208f) قانون مأموریت خارجی ( 22 U.S.C. 4308f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش (b)5 قانون تجارت با دشمن (U.S.C 50. ضمیمه (b)4305 5 USCS 50]]، بخش (620a) قانون کمک خارجی 1961 (22 U.S.C. 2370a)، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( U.S.C. 50 1701-1702)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول  اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش 7(a)1605) [7(a) § 1605 USCS 28] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A 1 USCS 28 شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی که در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش 7(a)1605) [7(a) 1605 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A 1 USCS 28 مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا سازمان یا نهاد چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

(g) اموال در برخی اقدامات.

(1)   بطور کلی. در خصوص بند (3)، اموال دولت خارجی

که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال
سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی
جداگانه بوده یا منافعی که بطور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است،
صرف‌نظر از

(A)   سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

(B)   اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C)   میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

(D)   اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

(E)   اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی

در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

(2)   قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان
یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم
صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §§ 1701 et
seq.] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از
اختیار دادگاه برای جلوگیری از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به
اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

**28 USCS §1611**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضائی قضائی دولت‌های خارجی**

**§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند**

(a)   علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال سازمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را
دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

(b)   علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای
حکم مصون باشد، چنانچه ـــ

(1)   اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2) اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A) دارای ماهیت نظامی باشد، یا

(B) تحت کنترل مقام نظامی سازمان دفاع باشد.

(c) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

پرونده UA-09387-cv-20:1    سند   2   ارائه شده در تاریخ 10/11/2020    صفحه 1 از 7

JS 44C/SDNY
بازنگری
10/01/2020

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل انهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواندها | جمهوری اسلامی ایران | خواهان‌ها | جنیماری هارگریو و دیگران. |
|---|---|---|---|

وکلا (در صورت اطلاع)

وکلا (نام شرکت، آدرس و شماره تلفن)
وکیل دعاوی جری اس. گلدمن، شرکت آندرسون کیل
1251 Avenue of the Americas, New York, NY 10020
(212)-278-1000 / jgoldman@andersonkill.com

(به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید)
(به قوانین مصوب مربوط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف آرا)

28 U.S.C. §§ 1605A, 1605B و 18 U.S.C. § 2333

علت اقدام

قاضی منصوب شده قبلی
جورج ب. دانیلز

آیا این اقدام، پرونده یا دادرسی دارای موردی با موضوعی اساسی مشابه قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☒ بله☐

اگر بله، آیا این پرونده داوطلبانه☐غیرداوطلبانه☐رد شده است. خیر ☒بله☐     اگر بله، تاریخ _____ و شماره پرونده را ذکر کنید 1:03-md-01570

آیا این یک پرونده داوری بین‌المللی است؟ خیر☒بله☐

(لطفاً یک کادر را با علامت [x] مشخص نمایید)

ماهیت اقامه دعوی

اقدام بر اساس قوانین مصوب

شبه جرم

صدمه شخصی

| قرارداد | صدمه شخصی | صدمه شخصی | | | | ضبط/ جریمه | ورشکستگی | سایر قوانین مصوب |
|---|---|---|---|---|---|---|---|---|
| [] 110 بیمه | [] 310 هواپیما | [] 367 بهداشت و درمان/صدمات | | | | [] 625 توقیف اموال مربوط به مواد 21 USC 881 | [] 422 درخواست تجدید نظر 158 USC | [] 375 ادعاهای واهی |
| [] 120 دریایی | [] 315 مسئولیت در قبال محصول | شخصی داروبی/صدمه در | | | | [] 690 سایر | [] 423 استرداد 157 USC 28 | [] 376 دعوی مثقابل |
| [] 130 قانون مخذر | هواپیما | قبال محصول | | | | | | [] 400 تفکیک مجدد ایالتی |
| [] 140 اوراق بهادار | [] 320 ضرب و جرح، افترا و توهین | [] 365 مسئولیت در قبال محصول | | | | | حقوق مالکیت | [] 410 مقابله با انحصار |
| [] 150 قانون MEDICARE | [] 330 مسئولیت کارفرمایان فدرال | شخصی ناشی از محصول | | | | | [] 820 حقوق نسخه‌برداری | [] 430 بانک‌ها و بانکداری |
| استرداد وامهای تکول شده | دریایی | [] 368 مسئولیت در قبال محصول | | | | | [] 830 قانون دفاع از اسرار تجاری | [] 450 تجارت |
| دانشجویی (بجز کهنه سربازان) | [] 340 دریایی | دریایی/آزبست | | | | | [] 830 ثبت اختراع | [] 470 [اخراج از] 470 قانون سازمانهای |
| [] 153 استرداد اضافه پرداخت از | [] 345 مسئولیت در قبال محصول | | | | | | [] 830 ثبت اختراع- کاربرد داروی جدید مختصر | تحت نفوذ ثلاث و فساد (RICO) |
| مزایای کهنه سربازان | دریایی | اموال شخصی | | | | | [] 840 علامت تجاری | [] 480 اعتبار مشتری |
| [] 160 دعوی سهامداران | [] 350 خودروهای موتوری | [] 370 سایر موارد تقلب | | | | | | [] 485 قانون حفاظت از مسرف/شماره تلفن |
| [] 190 سایر قراردادها | [] 355 مسئولیت در قبال محصول | [] 371 حقیقت در مورد وامها | | | | | تأمین اجتماعی | [] 490 تلویزیون کابلی/ماهواره‌ای |
| [] 195 مسئولیت در قبال محصول | خودروی موتوری | [] 380 سایر موارد آسیب به اموال | | | | | [] 861 HIA (1395ff) | [] 850 تضامین/ کالا/ مبادله |
| قرارداد | [] 360 سایر صدمات شخصی | شخصی | | | | | [] 862 بیماری سیاهشش (923) | [] 890 سایر اقدامات قانونی |
| [] 196 فرانشیز | [] 362 صدمه شخصی - سوءاقدام | [] 385 مسئولیت در قبال آسیب محصول | | | | | [] 863 (405(g)) DIWC/DIWW | [] 891 قوانین کشاورزی |
| | پزشکی | به دارایی‌ها | | | | | [] 864 عنوان SSID XVI | [] 893 موضوعات زیست محیطی |
| اموال غیرمنقول | | | | | | | [] 865 RSI (405(g)) | [] 895 قانون آزادی اطلاعات |
| [] 210 تملک زمین | اقدام بر اساس قوانین مصوب | حقوق مدنی | | | | | | [] 896 داوری |
| [] 220 حبس ملک رهنی | حقوق شهروندی | [] 440 سایر حقوق مدنی (غیرزندانی) | | | | | دعاوی مالیاتی فدرال | [] 899 دادخواست اداری/بازنگری یا |
| [] 230 قرارداد اجاره و کرایه | [] 463 غیر بازداشتی/بیگانه | [] 441 رأی‌دهی | | | | | [] 870 مالیات‌ها (خواهان یا خوانده ایالات | درخواست تجدید نظر در مورد تصمیم |
| [] 240 شبه‌جرم مربوط به زمین | [] 510 اقدام برای ابطال حکم 28 | [] 442 استخدام | | | | | متحده) | سازمان |
| [] 245 شبه‌جرم مسئولیت در قبال | USC 2255 | [] 443 مسکن/اقامتگاه | | | | | [] 871 شخص ثالث IRS 26 USC | [] 950 تطابق قوانین ایالتی با قانون اساسی |
| محصول | [] 530 قرار احضار زندانی | [] 445 آمریکایی‌های دارای معلولیت - | | | | | 7609 | |
| [] 290 تمام املاک دیگر | [] 535 مجازات اعدام | اشتغال | | | | | | |
| | [] 540 احضاریه و سایر | [] 446 آمریکایی‌های دارای معلولیت - | | | | | | |
| | | سایر | | | | | | |
| | حقوق شهروندی زندانی | [] 448 آموزش | | | | | | |
| | [] 550 حقوق شهروندی | | | | | | | |
| | [] 555 شرایط زندان | | | | | | | |
| | [] 560 شرایط بازداشت مدنی حبس | | | | | | | |

حقوق مدنی

اعتراضات زندانی

حقوق شخصی

کار و کار اجتماعی
[] 710 قانون استانداردهای کار منصفانه
[] 720 روابط کارگر/کارفرمایان
[] 740 قانون راه آهن
[] 751 قانون مرخصی استعلاجی خانواده (FMLA)
[] 790 سایر دعاوی کار
[] 791 قانون تضمین درآمد ایمن زمان رد بازنشستگی (ERISA)

مهاجرت
[] 462 درخواست تابعیت
[] 465 سایر اقدامات مهاجرت

اگر در شکایت تقاضا شده است، علامت بزنید:

اگر این یک اقدام جمعی بر اساس
F.R.C.P. 23 است، علامت بزنید ☐

آیا مدعی هستید که این پرونده به مربوط به پرونده مدنی در دست بررسی در S.D.N.Y. است که طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

شماره پرونده 1:03-md-01570     قاضی جورج ب. دانیلز

تقاضا $ 150 میلیارد        سایر _____

فقط اگر در شکایت تقاضا شده است، "بله" را علامت بزنید

درخواست هیئت منصفه:   ☒بله☐ خیر

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده UA-09387-cv-20:1    سند 2    ارائه شده در تاریخ 10/11/2020   صفحه 2 از 7

منشا

(فقط یک کادر را با علامت x مشخص نمایید)

| | | |
|---|---|---|
| 1 ☒رسیدگی اصلی | 2 ☐خارج شده از دادگاه ایالتی | 3 ☐تأیید شده در دادگاه تجدید نظر |
| 4 ☐ شروع مجدد یا پاسخ تجدید نظر | 5 ☐منتقل شده از (ناحیه را مشخص کنید) | 6 ☐دادخواهی مربوط به چند ناحیه (منتقل شده) |
| 7 ☐درخواست تجدید نظر از قاضی ناحیه به قاضی بخش | 8 ☐دادخواهی مربوط به چند ناحیه (ارائه مستقیم) | |

☐ الف. وکلای همه طرفین حضور داشتند
☐ ب.  حداقل یکی از طرفین بدون وکیل حضور دارد.

مبنای صلاحیت    (فقط یک کادر را با علامت x مشخص نمایید)

در صورت تفاوت، در زیر تابعیت را مشخص کنید.

| | | |
|---|---|---|
| 1 ☐خواهان ایالات متحده | 2 ☐ خوانده ایالات متحده | 3 ☒بازپرسی فدرال (ایالات متحده یکی از طرفین نیست) |
| | | 4 ☐تنوع |

تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | خواهان | خوانده | | خواهان | خوانده | | خواهان | خوانده |
|---|---|---|---|---|---|---|---|---|
| شهروند این ایالت | [ ] 1 | [ ] 1 | شهروند یا تابعه یک کشور خارجی | [ ] 3 | [ ] 3 | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | [ ] 5 | [ ] 5 |
| شهروند ایالتی دیگر | [ ] 2 | [ ] 2 | تأسیس شده و محل اصلی کسب و کار در این ایالت | [ ] 4 | [ ] 4 | تابعیت خارجی | [ ] 6 | [ ] 6 |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید.

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران، ایران.

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانستم آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

**تخصیص به دادگاه**
بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18، 20 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

| یک مورد را علامت بزنید: | این اقدام باید به محل زیر اختصاص یابد: | ☐وایت پلینز | ☒منهتن |
|---|---|---|---|
| 11/9/2020 تاریخ | /امضا/ جری اس. گلدمن | | پذیرفته شده برای اجرا در این ناحیه |
| شماره رسید | امضای وکیل پرونده | | ☐خیر ☒بله (تاریخ پذیرش ماه می سال 1980) شماره کد وکیل در کانون وکلا EN8474 |

قاضی باید توسط منشی دادگاه منصوب شود.

قاضی بخش _____   به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف _____   معاون منشی، تاریخ _____ .

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

## ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | جین‌ماری هارگریو (Jeanmarie Hargrave) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | کاترین ام. کوئین (Kathryn M. Quinn) به عنوان نماینده شخصی ماترک کاترین هارگریو (Kathryn Hargrave) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 3 | جیمز هارگریو جونیور (James Hargrave Jr) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | کارولین ماری کلی (Carolyn Marie Kelly) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | پاتریشیا منسفیلد (Patricia Mansfield) | نیوهمپشایر | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 6 | مائورین مورفی (Maureen Murphy) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 7 | کاترین ام. کوئین (Kathryn M. Quinn) | نیوجرسی | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | ماری آن استرابل (Mary Ann Struble) | ماساچوست | ایالات متحده | تیموتی جی. هارگریو (Timothy J. Hargrave) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 9 | کنت هاسکل (Kenneth Haskell) | نیویورک | ایالات متحده | توماس هاسکل (Thomas Haskell) | برادر/خواهر | ایالات متحده | ترضیه خاطر |

---

[1]در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2]نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100313562/4

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی[1] 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | تیموتی هاسکل Timothy ) (Haskell | ایالات متحده | نیویورک | کنت هاسکل Kenneth ) (Haskell | 10 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | رونی هندرسون Ronnie ) (Henderson | ایالات متحده | نیویورک | بلیندا بارینو دیلارد Belinda Barino ) (Dillard | 11 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | رونی هندرسون Ronnie ) (Henderson | ایالات متحده | کالیفرنیا | شارون هندرسون Sharon ) (Henderson | 12 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان جنکینز John ) (Jenkins | ایالات متحده | کنتاکی | جیمز جنکیس جونیور James Jenkins, ) (.Jr | 13 |
| ترضیه خاطر | ایالات متحده | همسر | گلن کیروین Glenn ) (Kirwin | ایالات متحده | نیویورک | خوان کیروین Joan ) (Kirwin | 14 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | گلن کیروین Glenn ) (Kirwin | ایالات متحده | نیویورک | خوان کیروین Joan ) (Kirwin | 15 |
| ترضیه خاطر | ایالات متحده | فرزند | گلن کیروین Glenn ) (Kirwin | ایالات متحده | نیویورک | مایلز کیروین Miles ) (Kirwin | 16 |
| ترضیه خاطر | ایالات متحده | فرزند | گلن کیروین Glenn ) (Kirwin | ایالات متحده | کالیفرنیا | تروی کیروین Troy ) (Kirwin | 17 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | ونسا لانگ لانگر Vanessa Lang ) (Langer | ایالات متحده | TBD | جان داو 88 (John (Doe 88 | 18 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ونسا لانگ لانگر Vanessa Lang ) (Langer | ایالات متحده | نیویورک | جکسون اس. اوکانر Jackson S. ) (O'Connor | 19 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ونسا لانگ لانگر Vanessa Lang ) (Langer | ایالات متحده | نیویورک | جیمز تی. اوکانر James T. ) (O'Connor | 20 |
| ترضیه خاطر | ایالات متحده | پدر | نیکی لیندو Nickie ) (Lindo | ایالات متحده | جورجیا | بردی هیکس Berdie ) (Hicks به عنوان نماینده شخصی ماترک والتر دبلیو. هیکس Walter W. ) (Hicks | 21 |
| ترضیه خاطر | ایالات متحده | فرزند | جی مگزین Jay ) (Magazine | ایالات متحده | نیویورک | ملیسا مگزین Melissa ) (Magazine | 22 |
| ترضیه خاطر | ایالات متحده | فرزند | جوزف آر. مارچبنکس جونیور Joseph R ) (.Marchbanks Jr | ایالات متحده | کنتیکات | لانورن بیکر (Lauren Baker) | 23 |
| ترضیه خاطر | ایالات متحده | فرزند | جوزف آر. | ایالات متحده | نیوجرسی | ریان | 24 |

4

پرونده 1:20-cv-09387-UA     سند 2    ارائه شده در تاریخ 10/11/2020    صفحه 5 از 7

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | مارچبنکس (Ryan Marchbanks) | | | مارچبنکس جونیور (Joseph R. Marchbanks Jr.) | | | |
| 25 | ترزا مارچبنکس (Teresa Marchbanks) | نیویورک | ایالات متحده | جوزف آر. مارچبنکس جونیور (Joseph R. Marchbanks Jr.) | همسر | ایالات متحده | ترضیه خاطر |
| 26 | ترزا مارچبنکس (Teresa Marchbanks) | نیویورک | ایالات متحده | جوزف آر. مارچبنکس جونیور (Joseph R. Marchbanks Jr.) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 27 | چستی دلنون (Chasity DeLeon) | فلوریدا | ایالات متحده | رابرت گابریل مارتینز (Robert Gabriel Martinez) | همسر | ایالات متحده | ترضیه خاطر |
| 28 | کاتلین ای. کوهلر (Kathleen A. Koehler) | ایندیانا | ایالات متحده | تیموتی مواد (Timothy Maude) | فرزند | ایالات متحده | ترضیه خاطر |
| 29 | کارن ای. مواد (Karen E. Maude) | ویرجینیا | ایالات متحده | تیموتی مواد (Timothy Maude) | فرزند | ایالات متحده | ترضیه خاطر |
| 30 | ترزا مواد (Teresa Maude) | کارولینای جنوبی | ایالات متحده | تیموتی مواد (Timothy Maude) | همسر | ایالات متحده | ترضیه خاطر |
| 31 | ترزا مواد (Teresa Maude) | کارولینای جنوبی | ایالات متحده | تیموتی مواد (Timothy Maude) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 32 | کریستوفر دلوش (Christopher Delosh) | نیویورک | ایالات متحده | کاتی ان. مازا (Kathy N. Mazza) | همسر | ایالات متحده | ترضیه خاطر |
| 33 | جان مازا (John Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا (Kathy N. Mazza) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 34 | رونالد مازا (Ronald Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا (Kathy N. Mazza) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 35 | رز مازا (Rose Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا (Kathy N. Mazza) | والد | ایالات متحده | ترضیه خاطر |
| 36 | ویکتور مازا (Victor Mazza) | نیویورک | ایالات متحده | کاتی ان. مازا (Kathy N. Mazza) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | کریستوفر دلوش (Christopher) | نیویورک | ایالات متحده | کاتی ان. مازا (Kathy N. Mazza) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

docs-100313562/4

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | |
|---|---|---|---|---|---|---|---|
| (Delosh | | | (Mazza | | | | |
| اندرئا مادونا Andrea )، (Madonna، به عنوان نماینده شخصی ماترک خوان میکیولی (Joan Micciulli) | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | والد (متوفی) | ایالات متحده | ترضیه خاطر | 38 |
| اندرئا مادونا Andrea ) (Madonna به عنوان نماینده شخصی ماترک ویلیام ادوارد میکیولی William Edward ) (Micciulli | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | والد (متوفی) | ایالات متحده | ترضیه خاطر | 39 |
| جوان لاس کمپ Joanne Los ) (Kamp | فلوریدا | ایالات متحده | ویلیام میکیولی William ) (Micciulli | برادر/خواهر | ایالات متحده | ترضیه خاطر | 40 |
| اندرئا مادونا Andrea ) (Madonna | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | برادر/خواهر | ایالات متحده | ترضیه خاطر | 41 |
| امیلی میکیولی (Emily Micciulli) | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | فرزند | ایالات متحده | ترضیه خاطر | 42 |
| سارا میکیولی Sara ) (Mcciulli | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | فرزند | ایالات متحده | ترضیه خاطر | 43 |
| کالین میکیولی-فولی Colleen ) (Micciulli-Foley | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | همسر | ایالات متحده | ترضیه خاطر | 44 |
| کالین میکیولی-فولی Colleen ) (Micciulli-Foley | نیوجرسی | ایالات متحده | ویلیام میکیولی William ) (Micciulli | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد | 45 |
| دانیل لمب Daniel ) (Lamb | ویرجینیا | ایالات متحده | ادسا موریس (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر | 46 |
| اثل اسکات Ethel ) (Scott | فلوریدا | ایالات متحده | ادسا موریس (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر | 47 |
| جوزف لمب سنیور Joseph Lamb, ) (Sr. | ویرجینیا | ایالات متحده | ادسا موریس (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر | 48 |
| راشل کوئین Rachel ) (Quinnie | ویرجینیا | ایالات متحده | ادسا موریس (Odessa Morris) | برادر/خواهر | ایالات متحده | ترضیه خاطر | 49 |
| جنین مورفی | پنسیلوانیا | ایالات متحده | جیمز مورفی چهارم | همسر | ایالات متحده | ترضیه خاطر | 50 |

6

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | (جنین مورفی (Jeanine Murphy | | | James Murphy, ) (IV | | | |
| 51 | جنین مورفی (Jeanine Murphy) | پنسیلوانیا | ایالات متحده | جیمز مورفی چهارم James Murphy, ) (IV | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 52 | جسیکا ای. ناواس Jessica A. ) (Navas | نیوجرسی | ایالات متحده | جوزف ام. ناواس Joseph M. ) (Navas | فرزند | ایالات متحده | ترضیه خاطر |
| 53 | جوزف ام. ناواس جونیور ( Joseph M. ) (Navas, Jr. | نیوجرسی | ایالات متحده | جوزف ام. ناواس Joseph M. ) (Navas | فرزند | ایالات متحده | ترضیه خاطر |
| 54 | جاستین سی. ناواس (Justin C. Navas) | نیوجرسی | ایالات متحده | جوزف ام. ناواس Joseph M. ) (Navas | فرزند | ایالات متحده | ترضیه خاطر |
| 55 | کارن ای. ناواس (Karen A. Navas) | نیوجرسی | ایالات متحده | جوزف ام. ناواس Joseph M. ) (Navas | همسر | ایالات متحده | ترضیه خاطر |
| 56 | کارن ای. ناواس (Karen A. Navas) | نیوجرسی | ایالات متحده | جوزف ام. ناواس Joseph M. ) (Navas | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 57 | لورن بی. فولی Lorraine B. ) (Foley | نیویورک | ایالات متحده | جرارد نوینس (Gerard Nevins) | والد | ایالات متحده | ترضیه خاطر |
| 58 | استفن نوینس (Stephen Nevins) | نیویورک | ایالات متحده | جرارد نوینس (Gerard Nevins) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 59 | ایریس وگا ( Iris (Vega | کالیفرنیا | ایالات متحده | دیانا اوکانر Diana ) (O'Connor | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | ماریا وگا ( Maria (Vega | نیویورک | ایالات متحده | دیان اوکانر Diane ) (O'Connor | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 61 | ویرجینیا پارو (Virginia Parro) | نیویورک | ایالات متحده | رابرت پارو (Robert Parro) | والد | ایالات متحده | ترضیه خاطر |
| 62 | باربارا دانلوی Barbara ) (Dunleavy | نیوجرسی | ایالات متحده | گلن سی. پری (Glenn C. Perry) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 63 | فرانک پری ( Frank (Perry مشهور به فرانسیس پری (Francis Perry) | نیوجرسی | ایالات متحده | گلن سی. پری (Glenn C. Perry) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 64 | کاترین پری (Catherine Perry) | نیویورک | ایالات متحده | گلن سی. پری (Glenn C. Perry) | والد | ایالات متحده | ترضیه خاطر |
| 65 | پاتریک پری (Patrick Perry) | نیویورک | ایالات متحده | گلن سی. پری (Glenn C. Perry) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 66 | جنیفر برونو (Jennifer Bruno) | فلوریدا | ایالات متحده | ماریا رامیرز (Maria Ramirez) | برادر/خواهر | ایالات متحده | ترضیه خاطر |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 67 | مریم کارتر (Miriam Carter) | فلوریدا | ایالات متحده | ماریا رامیرز (Maria Ramirez) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 68 | السی سینترون-روزادو ( Elsie) (Cintron-Rosado | فلوریدا | ایالات متحده | ماریا رامیرز (Maria Ramirez) | والد | ایالات متحده | ترضیه خاطر |
| 69 | السی سینترون-روزادو ( Elsie) (Cintron-Rosado | فلوریدا | ایالات متحده | ماریا رامیرز (Maria Ramirez) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 70 | جوان لاس کمپ Joanne Los ) (Kamp | فلوریدا | ایالات متحده | ماریا رامیرز (Maria Ramirez) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 71 | مانورین ریگان (Maureen Regan) | نیویورک | ایالات متحده | دونالد ریگان (Donald Regan) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 72 | ویلیام ریگان (William Regan) | نیویورک | ایالات متحده | دونالد ریگان (Donald Regan) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 73 | جان ریلی ( Joan) Reilly و رجینا مادیگان ( Regina Madigan) به عنوان سرپرستان قانونی ادوارد ریلی (Edward Reilly) | نیویورک | ایالات متحده | کوین ریلی ( Kevin) Reilly | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 74 | سوزان برند ( Susan Brand) مشهور به سیگل (Siegel) مشهور به رتیک (Retik) | نیویورک | ایالات متحده | دیوید رتیک ( David) Retik | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | آلن رتیک ( Alan Retik) به عنوان نماینده شخصی ماترک لین رتیک | ماساچوست | ایالات متحده | دیوید رتیک ( David) Retik | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 76 | آلن رتیک ( Alan Retik) | ماساچوست | ایالات متحده | دیوید رتیک ( David) Retik | والد | ایالات متحده | ترضیه خاطر |
| 77 | بنجامین رتیک (Benjamin Retik) | ماساچوست | ایالات متحده | دیوید رتیک ( David) Retik | فرزند | ایالات متحده | ترضیه خاطر |
| 78 | دینا رتیک ( Dina Retik) | ماساچوست | ایالات متحده | دیوید رتیک ( David) Retik | فرزند | ایالات متحده | ترضیه خاطر |
| 79 | مارک رتیک ( Mark Retik) | نیوجرسی | ایالات متحده | دیوید رتیک ( David) Retik | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | مولی رتیک ( Molly Retik) | ماساچوست | ایالات متحده | دیوید رتیک ( David) Retik | فرزند | ایالات متحده | ترضیه خاطر |
| 81 | سوزان رتیک (Susan Retik) | ماساچوست | ایالات متحده | دیوید رتیک ( David) Retik | همسر | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 82 | سوزان رتیک (Susan Retik) | ماساچوست | ایالات متحده | دیوید رتیک (David Retik) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 83 | استنلی راجرز (Stanley Rodgers) | جورجیا | ایالات متحده | ونشا ریچاردز (Venesha Richards) | والد | ایالات متحده | ترضیه خاطر |
| 84 | کارن رابرتسون-یورزیاک (Karen Robertson-Jurczi ak) | نیوجرسی | ایالات متحده | دونالد رابرتسون جونیور (Donald Robertson, Jr.) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 85 | کارن رابرتسون-یورزیاک (Karen Robertson-Jurczi ak) | نیوجرسی | ایالات متحده | دونالد رابرتسون جونیور (Donald Robertson, Jr.) | همسر | ایالات متحده | ترضیه خاطر |
| 86 | دنیس بچر (Denyse Betcher) | نیویورک | ایالات متحده | پل روباک (Paul Ruback) | فرزند | ایالات متحده | ترضیه خاطر |
| 87 | دنی جی. مورینو (Danny J. Morino) | کارولینای جنوبی | ایالات متحده | پل روباک (Paul Ruback) | فرزند | ایالات متحده | ترضیه خاطر |
| 88 | رایسا رودریگز (Raysa Rodriguez) | نیویورک | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 89 | آمارسیمیو خیمنز سالکدو (Amarcimeve Jimenez Salcedo) | نیویورک | جمهوری دومینیکن | اسمرلین سالکدو (Esmerlin Salcedo) | والد | ایالات متحده | ترضیه خاطر |
| 90 | امبر سالکدو (Amber Salcedo) | ماساچوست | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | فرزند | ایالات متحده | ترضیه خاطر |
| 91 | فرانسیسکو سالکدو (Francisco Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | جوئل سالکدو (Joel Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 93 | کایلا سالکدو (Kayla Salcedo) | ماساچوست | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | فرزند | ایالات متحده | ترضیه خاطر |
| 94 | مارکوس سالکدو (Markos Salcedo) | ماساچوست | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | فرزند | ایالات متحده | ترضیه خاطر |
| 95 | ماتیلد سالکدو (Matilde Salcedo) | ماساچوست | ایالات متحده | اسمرلین سالکدو (Esmerlin Salcedo) | همسر | ایالات متحده | ترضیه خاطر |

9

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | | | | (Salcedo | | | |
| 96 | ملودی سالکدو (Melody Salcedo) | فلوریدا | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | فرزند | ایالات متحده | ترضیه خاطر |
| 97 | رایسا رودریگز Raysa ) (Rodriguez | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | پورتو ریکو | ایالات متحده | ترضیه خاطر /قتل غیرعمد |
| 98 | میریام سالکدو (Miriam Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | والد | ایالات متحده | ترضیه خاطر |
| 99 | اورسون سالکدو (Orson Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 100 | اسکار سالکدو (Oscar Salcedo) | نیویورک | ایالات متحده | اسمرلین سالکدو Esmerlin ) (Salcedo | برادر/خواهر | ایالات متحده | ترضیه خاطر |

10

docs-100313562/4