UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) ECF Case |
|---|---|

This document relates to:

*Michael Bianco et al. v. Islamic Republic of Iran*, 1:20-cv-10902 (GBD) (SN)

### AFFIDAVIT IN SUPPORT OF REQUEST FOR CLERK'S DEFAULT AGAINST THE ISLAMIC REPUBLIC OF IRAN

STATE OF NEW YORK    :
                     : ss.
COUNTY OF NEW YORK :

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Jerry S. Goldman, Esq., an attorney at law duly admitted before the Courts of the State of New York, being duly sworn, hereby deposes and says that:

1. Pursuant to Rules 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1 of the U.S. District Court for the Southern District of New York, I make this Affidavit in support of Plaintiffs' Request to the Clerk of Court for Entry of Default and For a Clerk's Certificate of Default against Defendant, The Islamic Republic of Iran ("Iran").

2. Plaintiffs are comprised of personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2001.

3. The only defendant in this case is Iran.

4. On December 23, 2020 Plaintiffs commenced suit against Iran by the filing of a Complaint.

5. A summons was duly issued.

6. Iran is not amenable to service pursuant to 28 U.S.C. § 1608(a)(1) or (2) because no special arrangement for service exists between the plaintiff and Iran and because there is no applicable international convention on service of judicial documents upon the Iran.

7. Before serving Iran under 28 U.S.C. § 1608(a)(4), plaintiffs attempted to serve Iran pursuant to 28 U.S.C. § 1608(a)(3) by mail. Iran rejected this attempt and, therefore, because service by mail could not be effected within thirty (30) days, plaintiffs proceeded to effect service by diplomatic channels pursuant to §1608(a)(4) as described below. See Exhibit A.

8. Plaintiffs began the process of serving Iran under 28 U.S.C. § 1608(a)(4), by delivering to the Clerk of the Court for the U.S. District Court for the Southern District of New York the following items: cover letter; a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern; copies of the Complaint in English; copies of the Complaint in Farsi; Notice of Suit in English; Notice of Suit in Farsi; Summons in English; Summons in Farsi, Foreign Sovereign Immunities Act (FSIA), 28 USCS § 1602; Civil Cover Sheet, Affidavits from translators; and a US Airbill (collectively, "Service Documents"). See Exhibit B.

9. On February 3, 2021 the Clerk of the Court mailed the Service Documents to the Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison, United States Department of State for service on defendants Iran under 28 U.S.C. § 1608 (a)(4). See Exhibit C.[1]

---

[1] The routing number, account number, check number, and bank name have been redacted from Exhibit C due to privacy concerns.

10. As evidenced by Letter dated May 5, 2021 from Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, Clerk of Court, service was effectuated on Iran on April 21, 2021, when the U.S. Department of State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of diplomatic note number 1049-IE. *See* Affidavit of Service, ECF 6896. Pursuant to 28 USC § 1608(c)(1), in instances of service under § 1608(a)(4), service shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."

11. The date of transmittal of the diplomatic note is April 21, 2021. *See* Exhibit D.

12. Based on the foregoing, Plaintiffs filed an Affidavit of Service confirming service was effected on Iran on April 21, 2021. ECF 6896.

13. Iran has not filed any responsive pleading or otherwise defended the suit.

14. Based on the circumstances as set out above and in Rule 55(a) of the Federal Rules of Civil Procedure, which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," plaintiffs are entitled to entry of default against Defendant Iran.

15. Upon showing, the court clerk must enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P.

55(a); *see City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011).

16. The clerk should now enter default against defendant Iran here because:

   a. Iran was obligated to "serve an answer or other responsive pleading to the complaint within sixty days after service [was effectuated]." 28 U.S.C. § 1608(d).

   b. Iran was served on April 21, 2021.

   c. More than sixty (60) days will have elapsed since service, and Iran has not served an answer or other responsive pleading, or taken any other steps to defend this action since receiving service.

17. Accordingly, the Clerk should enter a default against Iran pursuant to Fed. R. Civ. P. 55(a).

18. The defendant is not a minor, infant, or an incompetent person. *See* Fed. R. Civ. P. 55(b)(1).

19. The defendant is not in military service. *See* 50 U.S.C. app. §521(b)(1).

20. For the reasons set forth herein, Iran was properly served and has failed to timely answer or otherwise defend against this action within sixty (60) days as required by 28 U.S.C. § 1608(d). Accordingly, plaintiffs request that the Court enter a Clerk's Certificate of Default as to the Islamic Republic of Iran in the form attached herewith as Exhibit E.

docs-100394751.1

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained herein is true and correct.

Dated: July 8, 2021

_____
Jerry S. Goldman, Esq.

Sworn on before me this 8th day of July, 2021.

_____
Notary Public

> Grant Elgin Brown
> Notary Public, State of New York
> No. 02BR6388959
> Qualified in Kings County
> Certificate Filed in New York County
> Commission Expires March 18, 2023