# EXHIBIT D



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: MELLON V. ISLAMIC REP.
OF IRAN
Date: 5/12/2020 4:00:22 PM
Register: ACS Cash
Transaction: 15037391
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | CHF 2,275.00 |
| ROGATORY/FSIA FEE | | | | |

| | |
|---|---|
| **Balance** | $2,275.00 |
| **Amount Paid** | $2,275.00 |
| **Change** | $0.00 |

CUSTOMER COPY
**ALL TRANSACTIONS ARE
FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

46979



**United States Department of State**

*Washington, D.C.   20520*

July 21, 2020

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**BNY Mellon, et al. v. Islamic Republic of Iran, 1:19-cv-11767-GBD**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Civil Cover Sheet, Iran Short Form Complaint, Instructions for Appealing Judgment, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs.  The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1080-IE, dated June 28, 2020 and delivered on June 29, 2020.  A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs



## SPECIFIC AUTHENTICATION CERTIFICATE

```
nfederation of Switzerland       )
n, Canton of Bern                ) SS:
bassy of the United States of America  )
```

ayward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland,
ify that this is a true copy of Embassy note number 27167 dated May 12, 2020, which was
smitted to the Swiss Ministry of Foreign Affairs on May 13, 2020 for further transmission to
American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)


_____
Hayward M. ALTO
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


July 16, 2020
(Date)



*Embassy of the United States of America*

May 12, 2020

CONS NO.   27167

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities
Act (FSIA) – BNY Mellon, et al. V. Islamic Republic of Iran, 1:19-cv-11767-GBD

REF:    ----

The Department of State has requested the delivery of the enclosed Summons, Civil Cover
Sheet, Iran Short Form Complaint, Instructions for Appealing Judgement, and Notice of Suit to
the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign
Immunities Act in the matter of BNY Mellon, et al. V. Islamic Republic of Iran, 1:19-cv-11767-
GBD.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the
documents to the American Interests Section of the Swiss Embassy in Tehran. There is one
defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section
should transmit the Summons, Civil Cover Sheet, Iran Short Form Complaint, Instructions for
Appealing Judgement, and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover
of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The
American Interests Section should execute certifications of the diplomatic notes, which will be
forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of
State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the
Swiss Embassy in Tehran receives the documents as well as the date the Interests Section
forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit BNY Mellon, et al. v. Islamic Republic of Iran, 1:19-cv-11767-GBD, which is pending in the U.S. District Court Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons, Civil Cover Sheet, Iran Short Form Complaint, and Instructions for Appealing Judgment herewith. The U.S. District Court Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, Iran Short Form Complaint, and Instructions for Appealing Judgment, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Civil Cover Sheet, Iran Short Form Complaint, Instructions for Appealing Judgment, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



## SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

ertify that the annexed document bears the genuine seal of the Swiss Federal Department of
oreign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.



_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

29710

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27167 dated May 12, 2020 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

Bny Mellon, et al. v. Islamic Republic of Iran, 1:19-cv-11767-GBD

- Note No. 1080-IE addressed to the Government of the Islamic Republic of Iran

dated June 28, 2020 and proof of service, dated June 29, 2020 as well as the certification by the Swiss Federal Chancellery dated July 14, 2020.

The section has received the above mentioned documents on June 1, 2020. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on June 29, 2020. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Bern, July 14, 2020



*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Bern



## SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )

ertify that the annexed document is executed by the genuine signature and seal of the
llowing named official who, in an official capacity, is empowered by the laws of Switzerland
execute that document.

ertify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.

Maya FONTAINE
(Typed name of Official who executed the annexed document)

_(Signature of Consular Officer)_

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1080-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit BNY Mellon, et al. v. Islamic Republic of Iran, 1:19-cv-11767-GBD, which is pending in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons, Civil Cover Sheet, Iran Short Form Complaint, and Instructions for Appealing Judgement herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, Iran Short Form Complaint, and Instructions for Appealing Judgement, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, June 28, 2020

Attachments:
1. Summons, Civil Cover Sheet, Iran Short Form Complaint, Instructions for Appealing Judgement, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Patricia Weber Singh, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1080-IE, dated June 28, 2020. The delivery of this note and its enclosures was attempted on June 29, 2020 but the Iranian Ministry of Foreign Affairs refused its acceptance.



Patricia Weber Singh
Head of the Foreign Interests Section

Tehran, June 29, 2020

---

**APOSTILLE**
(Convention de la Haye du 5 octobre 1961)

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by**   P. Weber Singh

3. **acting in the capacity of** officer

4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

   **Certified**

5. **at Berne**                6.        the 14 July 2020

7. **by** Maya Fontaine
   functionary of the Swiss federal Chancellery

8. **No** 013304

9. **Seal/stamp:**                        10. **Signature:**

   Swiss federal Chancellery

<div dir="rtl">

ترجمه غیر رسمی

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE—1080

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوای حقوقی تحت عنوان بی. ان. وای. ملون و دیگران، بر علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:19-cv-11767-GBD که در دادگاه ناحیه ای ایالات متحده آمریکا ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده آمریکا ناحیه جنوب نیو یورک، یک فقره احضاریه، برگه جلد درخواست مدنی، فرم کوتاه شکایت از ایران و راهنمای درخواست تجدید نظر را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحده، خوانده یک پرونده می بایست ظرف 60 روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفائیه از طرف خود را داشته باشد. لذا، سفارت در خواست می نماید که احضاریه، برگه جلد درخواست مدنی و شکایت ضمیمه، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه احضاریه، برگه جلد درخواست مدنی، فرم کوتاه شکایت از ایران و راهنمای درخواست تجدید نظر، یک فقره اخطار دادرسی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ هشتم تیر ماه ۱۳۹۹ (۲۸ ژوئن ۲۰۲۰)

پیوست: ۱- احضاریه، برگه جلد درخواست مدنی، فرم کوتاه شکایت از ایران و راهنمای درخواست تجدید نظر و اخطار دادرسی
۲- ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

</div>

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

**BNY MELLON, et al. (see appendix)**

|  |  |
|---|---|
| Plaintiff | ) ) ) |
| v. | ) |
| ISLAMIC REPUBLIC OF IRAN | ) ) |
| Defendant | ) |

Civil Action No.  19-cv-11767

## SUMMONS IN A CIVIL ACTION

To:     (Defendant's name and address)
ISLAMIC REPUBLIC OF IRAN
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY 10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY  10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: _____01/02/2020_____          _____/s/ D. Howie_____
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ⁊ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

    ⁊ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ⁊ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

    ⁊ I returned the summons unexecuted because _____ ; or

    ⁊ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____

                            _____
                                    *Server's signature*

                            _____
                                      *Printed name and title*

                            _____
                                      *Server's address*

Additional information regarding attempted service, etc:

# APPENDIX

BNY Mellon, as the Personal Representative of the Estate of Humberto Ailinger, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Humberto Ailinger

Brian Wilkes, individually, as surviving spouse of Lorraine Antigua

John Doe 76, being intended to designate the Personal Representative of the Estate of Lorraine Antigua, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Lorraine Antigua

Joan Ruth Puwalski, individually, as surviving spouse of Steven J. Bates

John Doe 70, being intended to designate the Personal Representative of the Estate of Steven J. Bates, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven J. Bates

BNY Mellon as Personal Representative of the Estate of Ivhan Bautista, as the Personal Representative of the Estate of Ivhan Bautista, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ivhan Bautista

Justin Johnson, individually, as surviving child of Janice Brown

John Doe 77, being intended to designate the Personal Representative of the Estate of Janice Brown, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Janice Brown

Emily Cournoyer, as Personal Representative of the Estate of Alice Beaton, deceased, the late sibling of John Cahill

Nicole Mayer, individually, as surviving child of Peter J. Carroll

Pete Carroll, individually, as surviving child of Peter J. Carroll

Christopher Carroll, individually, as surviving child of Peter J. Carroll

Michael Carroll, individually, as surviving child of Peter J. Carroll

Kevin Carroll, individually, as surviving sibling of Peter J. Carroll

Patricia D'Agata, individually, as surviving sibling of Peter J. Carroll

Brieann Centro, individually, as surviving child of Alexander Centro, Jr.

Alexander Centro, individually, as surviving child of Alexander Centro, Jr.

Alexander Centro, as the Personal Representative of the Estate of Alexander Centro, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alexander Centro, Jr.

Craig Centro, individually, as surviving child of Alexander Centro, Jr.

Craig Centro, as Personal Representative of the Estate of Italia Centro, deceased, the late parent of Alexander Centro, Jr.

Anthony Chiofalo, individually, as surviving sibling of Nicholas Chiofalo

Donna Chiofalo, individually, as surviving sibling of Nicholas Chiofalo

Annette Melillo, individually, as surviving sibling of Nicholas Chiofalo

Rosemarie Maggiore, individually, as surviving parent of Nicholas Chiofalo

George Coughlin, as Personal Representative of the Estate of Mary Elizabeth Coughlin, deceased, the late parent of John G. Coughlin

George Coughlin, individually, as surviving sibling of John G. Coughlin

Carol L. D'Allara, as the Personal Representative of the Estate of John D'Allara, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John D'Allara

Daniel D'Allara as Personal Representative of the Estate of John D'Allara, Sr., deceased, the late parent of John D'Allara

Daniel D'Allara as Personal Representative of the Estate of Helen D'Allara, deceased, the late parent of John D'Allara

John Joseph D'Allara, individually, as surviving child of John D'Allara

Nicholas Michael D'Allara, individually, as surviving child of John D'Allara

Carol L. D'Allara, individually, as surviving spouse of John D'Allara

RoseEllen Dowdell, individually, as surviving spouse of Kevin Christopher Dowdell

RoseEllen Dowdell, as the Personal Representative of the Estate of Kevin Christopher Dowdell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kevin Christopher Dowdell

Patrick Kevin Dowdell, individually, as surviving child of Kevin Christopher Dowdell

James Michael Dowdell, individually, as surviving child of Kevin Christopher Dowdell

Amy Eberling, individually, as surviving spouse of Dean P. Eberling

Amy Eberling, as the Personal Representative of the Estate of Deal P. Eberling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Dean P. Eberling

Corinne Ardente, individually, as surviving child of Dean P. Eberling

Lauren Eberling, individually, as surviving child of Dean P. Eberling

Beverly Epps, individually, as surviving sibling of Christopher Samuel Epps

2

Debra Epps, individually, as surviving sibling of Christopher Samuel Epps

Valerie Epps Kendall, individually, as surviving sibling of Christopher Samuel Epps

Chundera Epps, individually, as surviving sibling of Christopher Samuel Epps

Robert Epps, individually, as surviving sibling of Christopher Samuel Epps

John Doe 73, as Personal Representative of the Estate of Geneva Epps, deceased, the late parent of Christopher Samuel Epps

John Doe 74, being intended to designate the Personal Representative of the Estate of Christopher Samuel Epps, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Samuel Epps

Theresa Fiorelli, individually, as surviving spouse of Stephen J. Fiorelli

Theresa Fiorelli, as the Personal Representative of the Estate of Stephen J. Fiorelli, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen J. Fiorelli

Stephen J. Fiorelli, Jr., individually, as surviving child of Stephen J. Fiorelli

Christine Epstein, individually, as surviving child of Stephen J. Fiorelli

William Fiorelli, individually, as surviving sibling of Stephen J. Fiorelli

Kenneth Fiorelli, individually, as surviving sibling of Stephen J. Fiorelli

Karen Fiorelli, individually, as surviving sibling of Stephen J. Fiorelli

John Doe 68, being intended to designate the Personal Representative of the Estate of Anthony E. Gallagher, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Anthony E. Gallagher

Laurie Gambino, individually, as surviving sibling of Thomas Gambino, Jr.

Marilyn Hess, individually, as surviving parent of Thomas Gambino, Jr.

Thomas Gambino, Sr., individually, as surviving parent of Thomas Gambino, Jr.

Keith Gambino, individually, as surviving sibling of Thomas Gambino, Jr.

Valerie Gambino, individually, as surviving sibling of Thomas Gambino, Jr.

Thomas Gambino, III, individually, as surviving child of Thomas Gambino, Jr.

Brian Gambino, individually, as surviving child of Thomas Gambino, Jr.

Janet Gambino, individually, as surviving spouse of Thomas Gambino, Jr.

3

Janet Gambino, as the Personal Representative of the Estate of Thomas Gambino, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Gambino, Jr.

John T. Genovese, individually, as surviving sibling of Steven Genovese

John T. Genovese as Personal Representative of the Estate of Veronica Genovese, deceased, the late parent of Steven Genovese

John T. Genovese as Personal Representative of the Estate of John G. Genovese, deceased, the late parent of Steven Genovese

John T. Genovese, as the Personal Representative of the Estate of Steven Genovese, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Genovese

Patti Ann Valerio, individually, as surviving sibling of Matthew J. Grzymalski

Paul Joseph Grzymalski, individually, as surviving sibling of Matthew J. Grzymalski

Peter John Grzymalski, individually, as surviving sibling of Matthew J. Grzymalski

Joseph Walter Grzymalski, individually, as surviving sibling of Matthew J. Grzymalski

Jo Ann McManus, individually, as surviving sibling of Matthew J. Grzymalski

Patricia Byrne, individually, as surviving sibling of Joseph Gullickson

Patricia Gullickson as Personal Representative of the Estate of Robert Gullickson, Sr., deceased, the late parent of Joseph Gullickson

Thomas Gullickson, individually, as surviving sibling of Joseph Gullickson

Patricia Gullickson, individually, as surviving parent of Joseph Gullickson

Ralph Gullickson, individually, as surviving sibling of Joseph Gullickson

Robert Gullickson, Jr., individually, as surviving sibling of Joseph Gullickson

Jake Halloran, individually, as surviving child of Vincent G. Halloran

Kieran Halloran, individually, as surviving child of Vincent G. Halloran

Marie Halloran, as Natural Guardian of PH, a minor, as surviving child of Vincent G. Halloran

Declan Halloran, individually, as surviving child of Vincent G. Halloran

Marie Halloran, individually, as surviving spouse of Vincent G. Halloran

Marie Halloran, as the Personal Representative of the Estate of Vincent Gerard Halloran, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent G. Halloran

Iris Marie Holohan, individually, as surviving parent of Thomas P. Holohan

Mary Alice Holohan, individually, as surviving sibling of Thomas P. Holohan

Megan Holohan, individually, as surviving sibling of Thomas P. Holohan

Sean Holohan, individually, as surviving sibling of Thomas P. Holohan

Aidan Halloran, individually, as surviving child of Vincent G. Halloran

Conor Halloran, individually, as surviving child of Vincent G. Halloran

John Doe 83, being intended to designate the Personal Representative of the Estate of Timothy Haviland, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Haviland

Jesse Kemp, individually, as surviving child of Timothy Haviland

Barbara Keane, as Personal Representative of the Estate of Amy Haviland, deceased, the late spouse of Timothy Haviland

Harold Hughes, individually, as surviving sibling of Thomas F. Hughes, Jr.

Tara Leonardi, individually, as surviving sibling of Thomas F. Hughes, Jr.

Erin Murray as Personal Representative of the Estate of Kevin T. Hughes, deceased, the late sibling of Thomas F. Hughes, Jr.

Mark F. Hughes, individually, as surviving sibling of Thomas F. Hughes, Jr.

Martin S. Hughes as Personal Representative of the Estate of Frances S. Hughes, deceased, the late parent of Thomas F. Hughes, Jr.

Martin S. Hughes, individually, as surviving sibling of Thomas F. Hughes, Jr.

5

IH6 احضاریه 28 USC 1608

4/17

دادگاه ناحیه‌ای ایالات متحده

جهت

ناحیه جنوب نیویورک

باتک BNY ملون و دیگران. (به ضمیمه مراجعه کنید)

)
)
)
)                        _____
)                                خواهان
)   اقدام مدنی شماره
)
)                        _____
)                                علیه
)                        جمهوری اسلامی ایران
)                        _____
                                 خوانده

احضاریه در یک اقدام مدنی

به: ؛   (نام و آدرس خوانده)
جمهوری اسلامی ایران
قابل توجه: سفیر دائم ایران
در سازمان ملل متحد
622 Third Avenue
New York, NY 10017

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا دفاعیه ای را براساس قانون 12 از قوانین فدرﺍ دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعوی جری اس. گلدمن
اندرسون کیل .P.C) Anderson Kill P.C)
1251 Avenue of the Americas
New York, NY 10020
212) 278-1000)
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا دفاعیه خود را به دادگاه ارایه نمایید.

منشی دادگاه

_____   /امضا / D. Howei                    تاریخ: 2020/02/01

امضای منشی یا معاون منشی

[امضا شده]

[مهر: دادگاه ناحیه‌ای ایالات متحده، ناحیه جنوب نیویورک]

<div dir="rtl">

28 USC 1608 احضاریه (12/11) (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 (I))

این احضاریه مربوط به (نام فرد یا سمت، در صورت امکان) _____

در (تاریخ) _____ به من ابلاغ شد

• من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____

در (تاریخ) _____ ابلاغ کردم ____؛ یا

• احضاریه را در محل سکونت فرد یا محل اقامت معمول وی در نزد (نام) _____ قرار دادم

_____ ، که فردی بالغ و دارای اختیار بوده که در آن مکان ساکن بوده است،

در (تاریخ) _____ و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

• من احضاریه را به (نام فرد) _____ ، تحویل دادم، که _____

توسط قانون برای دریافت ابلاغیه از طرف (نام سازمان) _____

مشخص شده است

در (تاریخ) _____ ؛ یا

• من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

• سایر (مشخص کنید): _____

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ و جمعاً _____ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____        _____

امضای ابلاغ‌کننده

_____

نام و سمت با حروف بزرگ و خوانا نوشته شود

_____

آدرس ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

</div>

## ضمیمه

بانک BNY ملون، به عنوان نماینده شخصی ماترک هومبرتو آیلینگر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده هومبرتو آیلینگر

برایان ویلکز، انفراداً، به عنوان همسر بازمانده‌ی ورین آنتئوگوا

جان داو 76، که قصد دارد نماینده شخصی ماترک‌ی ورین آنتئوگوا، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در ح‌ی حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده‌ی ورین آنتئوگوا

جوان روت پوگ‌ی‌سکی، انفراداً، به عنوان همسر بازمانده استیون جی. بیتز

جان داو 70، که قصد دارد نماینده شخصی ماترک استیون جی. بیتز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در ح‌ی حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون جی. بیتز

بانک BNY ملون، به عنوان نماینده شخصی ماترک ایوان باتیستا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ایوان باتیستا

جاستین جانسون، انفراداً، به عنوان فرزند بازمانده جنیس براون

جان داو 77، که قصد دارد نماینده شخصی ماترک جنیس براون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در ح‌ی حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جنیس براون

امیلی کورنیور، به‌عنوان نماینده شخصی ماترک‌ی‌س بیتون، متوفی، برادر/خواهر متوفای جان کاهیل

نیک‌ی مایر، انفراداً، به عنوان فرزند بازمانده پیتر جی. کارو‌ی

پیت کارو‌ی، انفراداً، به‌عنوان فرزند بازمانده پیتر جی. کارو‌ی

کریستوفر کارو‌ی، انفراداً، به‌عنوان فرزند بازمانده پیتر جی. کارو‌ی

مایکل کارو‌ی، انفراداً، به عنوان فرزند بازمانده پیتر جی. کارو‌ی

کوین کارو‌ی، انفراداً، به عنوان برادر/خواهر بازمانده پیتر جی. کارو‌ی

پاتریشیا داگاتا، انفراداً، به عنوان برادر/خواهر بازمانده پیتر جی. کارو‌ی

برایان سنترو، انفراداً، به عنوان فرزند بازمانده‌ی‌کساندر سنترو جونیور

‌ی‌کساندر سنترو، انفراداً، به عنوان فرزند بازمانده‌ی‌کساندر سنترو جونیور

الکساندر سنترو ، به عنوان نماینده شخصی ماترک الکساندر سنترو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الکساندر سنترو جونیور

کریگ سنترو، انفراداً به عنوان فرزند بازمانده الکساندر سنترو جونیور

کریگ سنترو، به عنوان نماینده شخصی ماترک ایثایا سنترو، متوفی، و اد متوفای الکساندر سنترو جونیور

آنتونی چیوفاو، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس چیوفاو

دونا چیوفاو، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس چیوفاو

آنت ملیلو، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس چیوفاو

رزماری مگرایر، انفراداً، به عنوان اد بازمانده نیکلاس چیوفاو

جورج کافلین، به عنوان نماینده شخصی ماترک ماری الیزابت کافلین، متوفی، و اد متوفای جان جی. کافلین

جورج کافلین، انفراداً، به عنوان برادر/خواهر بازمانده جان جی. کافلین

کارول ا. دالارا، به عنوان نماینده شخصی ماترک جان دالارا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان دالارا

دانیل دالارا به‌عنوان نماینده شخصی ماترک جان دالارا سنیور، متوفی، و اد متوفای جان دالارا

دانیل دالارا به‌عنوان نماینده شخصی ماترک هلن دالارا، متوفی، و اد متوفای جان دالارا

جان جوزف دالارا، انفراداً، به عنوان فرزند بازمانده جان دالارا

نیکلاس مایکل دالارا، انفراداً، به عنوان فرزند بازمانده جان دالارا

کارول ا. دالارا، انفراداً، به عنوان همسر بازمانده جان دالارا

رز این داوی، انفراداً، به عنوان همسر بازمانده کوین کریستوفر داوی

رز این داوی، به عنوان نماینده شخصی ماترک کوین کریستوفر داوی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کوین کریستوفر داوی

پاتریک کوین داوی، انفراداً، به عنوان فرزند بازمانده کوین کریستوفر داوی

جیمز مایکل داوی، انفراداً، به عنوان فرزند بازمانده کوین کریستوفر داوی

امی ابن ینگ، انفراداً، به عنوان همسر بازمانده دین پی. ابن ینگ

امی ابن ینگ، به عنوان نماینده شخصی ماترک دیل پی. ابن ینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دین پی. ابن ینگ

کورین آردنته، انفراداً، به عنوان فرزند بازمانده دین پی. ابن ینگ

وورین ابن ینگ، انفراداً، به عنوان فرزند بازمانده دین پی. ابن ینگ

بوی یی اپس، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر ساموئل اپس

دبرا اپس، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر ساموئل اپس

واری اپس کندی، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر ساموئل اپس

چاندرا اپس، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر ساموئل اپس

رابرت اپس، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر ساموئل اپس

جان داو 73، به عنوان نماینده شخصی ماترک ژنو اپس، متوفی، و اد متوفای کریستوفر ساموئل اپس

جان داو 74، که قصد دارد نماینده شخصی ماترک کریستوفر ساموئل اپس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حلّ حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر ساموئل اپس ترزا فلوریو، انفراداً، به عنوان همسر بازمانده استفن جی. فلوریو

ترزا فلوریو، به عنوان نماینده شخصی ماترک استفن جی. فلوریو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن جی. فلوریو

استفن جی. فیورّی جونیور، انفراداً، به عنوان فرزند بازمانده استفن جی. فیورّی

کریستین اپستین، انفراداً، به عنوان فرزند بازمانده استفن جی. فیورّی

ویلیام فیورّی، انفراداً، به عنوان برادر/خواهر بازمانده استفن جی. فیورّی کنت فیورّی، انفراداً، به عنوان برادر/خواهر بازمانده استفن جی. فیورّی کارن فیورّی، انفراداً، به عنوان برادر/خواهر بازمانده استفن جی. فیورّی جان داو 68، که قصد دارد نماینده شخصی ماترک آنتونی ای. گالاگر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حلّ حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آنتونی ای. گالاگر

ّوری گامبینو، انفراداً، به عنوان برادر/خواهر بازمانده توماس گامبینو جونیور

مّین هس، انفراداً، به عنوان وّلاد بازمانده توماس گامبینو جونیور

توماس گامبینو سنیور، انفراداً، به عنوان وّلاد بازمانده توماس گامبینو جونیور

کیت گامبینو، انفراداً، به عنوان برادر/خواهر بازمانده توماس گامبینو جونیور

وّاری گامبینو، انفراداً، به عنوان برادر/خواهر بازمانده توماس گامبینو جونیور

توماس گامبینو سوم، انفراداً، به عنوان فرزند بازمانده توماس گامبینو جونیور

برایان گامبینو، انفراداً، به عنوان فرزند بازمانده توماس گامبینو جونیور

جانت گامبینو، انفراداً، به عنوان همسر بازمانده توماس گامبینو جونیور

جانت گامبینو، به عنوان نماینده شخصی ماترک توماس گامبینو جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس گامبینو جونیور

جان تی. جنووس، انفراداً، به عنوان برادر/خواهر بازمانده استیون جنووس

جان تی. جنووس به عنوان نماینده شخصی ماترک ورونیکا جنووس، متوفی، وّلاد متوفای استیون جنووس

جان تی. جنووس به عنوان نماینده شخصی ماترک جان جی. جنووس، متوفی، وّلاد متوفای استیون جنووس

جان تی. جنووس، به عنوان نماینده شخصی ماترک استیون جنووس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون جنووس

پتی آن وّاریو، انفراداً، به عنوان برادر/خواهر بازمانده متیو جی. گرزیبّاسکی

پل جوزف گرزیبّاسکی، انفراداً، به عنوان برادر/خواهر بازمانده متیو جی. گرزیبّاسکی

پیتر جان گرزیبّاسکی، انفراداً، به عنوان برادر/خواهر بازمانده متیو جی. گرزیبّاسکی

جوزف وّاتر گرزیبّاسکی، انفراداً، به عنوان برادر/خواهر بازمانده متیو جی. گرزیبّاسکی

جو آن مکّمانوس، انفراداً، به عنوان برادر/خواهر بازمانده متیو جی. گرزیبّاسکی

پاتریشیا بیرن، انفراداً، به عنوان برادر/خواهر بازمانده جوزف گِلِکسون

پاتریشیا گِلِکسون به عنوان نماینده شخصی ماترک رابرت گِلِکسون سنیور، متوفی، و‌‌‌‌‌د متوفای جوزف گِلِکسون

توماس گِلِکسون، انفراداً، به عنوان برادر/خواهر بازمانده جوزف گِلِکسون

پاتریشیا گلیکسون، انفراداً، به عنوان و‌‌د بازمانده جوزف گِلِکسون

رالف گلیکسون، انفراداً، به عنوان برادر/خواهر بازمانده جوزف گِلِکسون

رابرت گِلِکسون جونیور، انفراداً، به عنوان برادر/خواهر بازمانده جوزف گِلِکسون

جیک هِاوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هِاوران

کیران هِاوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هِاوران

ماری هِاوران، به عنوان سرپرست طبیعی پیاچ، فرد زیر سن قانونی، به عنوان فرزند بازمانده وینسنت جی. هِاوران

دکلان هِاوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هِاوران

ماری هِاوران، انفراداً، به عنوان همسر بازمانده وینسنت جی. هِاوران

ماری هِاوران، به عنوان نماینده شخصی ماترک وینسنت جی هِاوران، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینسنت جی. هِاوران

آیریس ماری هِوهان، انفراداً، به عنوان و‌‌د بازمانده توماس پی. هِوهان

ماری‌لیس هِوهان، انفراداً، به عنوان برادر/خواهر بازمانده توماس پی. هِوهان

مگان هِوهان، انفراداً، به عنوان برادر/خواهر بازمانده توماس پی. هِوهان

سین هِوهان، انفراداً، به عنوان برادر/خواهر بازمانده توماس پی. هِوهان

آیدان هِاوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هِاوران

کونور هِاوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هِاوران

جان داو 83، که قصد دارد نماینده شخصی ماترک تیموتی هاویلند، متوفی، باشد به نام مذکور غیرواقعی است، چرا که نام واقعی وی در حِ‌‌ حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی هاویلند

جسی کمپ، انفراداً، به عنوان فرزند بازمانده تیموتی هاویلند

باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند، متوفی، همسر متوفای تیموتی هاویلند

هارِ‌‌د هیوز، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

تارِ‌‌ نوناردی، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

ارین موری به عنوان نماینده شخصی ماترک کوین تی. هیوز، متوفی، برادر/خواهر متوفای توماس اف. هیوز جونیور

مارک اف. هیوز، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

مارتین اس. هیوز به عنوان نماینده شخصی ماترک فرانسیس اس. هیوز، متوفی، و‌‌د متوفای توماس اف. هیوز جونیور

مارتین اس. هیوز، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

Case 1:19-cv-11767   Document 3   Filed 12/23/19   Page 1 of 11

JS 44C/SDNY
REV. 06/01/17

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| BNY MELLON, et. al. | THE ISLAMIC REPUBLIC OF IRAN |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER          ATTORNEYS (IF KNOWN)
Jerry S. Goldman, Esq., Anderson Kill P.C.
1251 Avenue of the Americas, New York, NY  10020
(212) 278-1000/jgoldman@andersonkill.com

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. §§ 1605B, 1605A

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[ ]Yes[X]   Judge Previously Assigned
George B. Daniels

If yes, was this case  Vol.[ ] Invol.[ ]  Dismissed. No [X] Yes [ ]  If yes, give date _____ & Case No. 1:03-md-01570

Is THIS AN INTERNATIONAL ARBITRATION CASE?          No [X]      Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                **NATURE OF SUIT**

|  | TORTS |  |  | ACTIONS UNDER STATUTES |  |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY |  |  | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 385 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER |  | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |  | **PROPERTY RIGHTS** | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE |  |  | [ ] 620 COPYRIGHTS | [ ] 430 BANKS & BANKING |
|  | [ ] 345 MARINE PRODUCT LIABILITY | **PERSONAL PROPERTY** |  | [ ] 830 PATENT | [ ] 450 COMMERCE |
| [ ] 151 MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD |  | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | [ ] 460 DEPORTATION |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING |  | [ ] 840 TRADEMARK | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | **LABOR** | **SOCIAL SECURITY** | [ ] 480 CONSUMER CREDIT |
|  | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 160 STOCKHOLDERS SUITS |  |  | [ ] 720 LABOR/MGMT RELATIONS | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT |  | **PRISONER PETITIONS** |  | [ ] 863 DIWC/DIWW (405(g)) |  |
| [ ] 195 CONTRACT PRODUCT LIABILITY |  | [ ] 463 ALIEN DETAINEE | [ ] 740 RAILWAY LABOR ACT | [ ] 864 SSID TITLE XVI | [X] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE |  | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
|  | **ACTIONS UNDER STATUTES** | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 535 HEATH PENALTY | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 895 FREEDOM OF INFORMATION ACT |
|  | [ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER |  | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 896 ARBITRATION |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING |  |  |  | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT |  | **IMMIGRATION** |  |  |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ ACCOMMODATIONS | **PRISONER CIVIL RIGHTS** | [ ] 462 NATURALIZATION APPLICATION |  | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS |  |  |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 446  AMERICANS WITH DISABILITIES -OTHER | [ ] 555 PRISON CONDITION [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT |  |  |  |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION |  |  |  |  |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150 Billion    OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels          DOCKET NUMBER 1:03-md-01570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN  x  IN ONE BOX ONLY)*                    **ORIGIN**

[X] 1 Original     [ ] 2 Removed from     [ ] 3 Remanded     [ ] 4 Reinstated or     [ ] 5 Transferred from     [ ] 6 Multidistrict     [ ] 7 Appeal to District
Proceeding          State Court             from               Reopened            (Specify District)         Litigation           Judge from
                                            Appellate                                                         (Transferred)        Magistrate Judge
                  [ ] a. all parties represented     Court
                                                                                                     [ ] 8 Multidistrict Litigation (Direct File)
                  [ ] b.  At least one party
                          is pro se.

*(PLACE AN  x  IN ONE BOX ONLY)*            **BASIS OF JURISDICTION**            **IF DIVERSITY, INDICATE**
                                                                                **CITIZENSHIP BELOW.**
[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION   [ ] 4 DIVERSITY
                                                (U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1  [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5  [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2  [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6  [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The Islamic Republic of Iran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:     [ ] WHITE PLAINS     [X] MANHATTAN

DATE 12/23/19        /s/ Jerry S. Goldman                          ADMITTED TO PRACTICE IN THIS DISTRICT
                     SIGNATURE OF ATTORNEY OF RECORD               [ ] NO
                                                                   [X] YES (DATE ADMITTED Mo. May___ Yr. 1980 ___)
RECEIPT #                                                          Attorney Bar Code #  1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**APPENDIX**

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | BNY Mellon | NY | United States | Humberto Ailinger | PR | TBD | Solatium/ Wrongful Death |
| 2 | Brian Wilkes | NJ | United States | Lorraine Antigua | Fiance | United States | Solatium |
| 3 | John Doe 76 | NY | United States | Lorraine Antigua | PR | United States | Solatium/ Wrongful Death |
| 4 | Joan Ruth Puwalski | NY | United States | Steven J. Bates | Spouse | United States | Solatium |
| 5 | John Doe 70 | NY | United States | Steven J. Bates | PR | United States | Solatium/ Wrongful Death |
| 6 | BNY Mellon as Personal Representative of the Estate of Ivhan Bautista | NY | United States | Ivhan Bautista | PR | Peru | Solatium/ Wrongful Death |
| 7 | Justin Johnson | NJ | United States | Janice Brown | Child | United States | Solatium |
| 8 | John Doe 77 | NY | United States | Janice Brown | PR | United States | Solatium/ Wrongful Death |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Emily Cournoyer, as Personal Representative of the Estate of Alice Beaton | MA | United States | John Cahill | Sibling (Deceased) | United States | Solatium |
| 10 | Nicole Mayer | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 11 | Pete Carroll | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 12 | Christopher Carroll | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 13 | Michael Carroll | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 14 | Kevin Carroll | NY | United States | Peter J. Carroll | Sibling | United States | Solatium |
| 15 | Patricia D'Agata | NY | United States | Peter J. Carroll | Sibling | United States | Solatium |
| 16 | Brieann Centro | NY | United States | Alexander Centro, Jr. | Child | United States | Solatium |
| 17 | Alexander Centro | NY | United States | Alexander Centro, Jr. | Child | United States | Solatium |
| 18 | Alexander Centro | NY | United States | Alexander Centro, Jr. | PR | United States | Solatium/ Wrongful Death |
| 19 | Craig Centro | NY | United States | Alexander Centro, Jr. | Child | United States | Solatium |
| 20 | Craig Centro, as Personal Representative of the Estate of Italia Centro | NY | United States | Alexander Centro, Jr. | Parent (Deceased) | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 21 | Anthony Chiofalo | NY | United States | Nicholas Chiofalo | Sibling | United States | Solatium |
| 22 | Donna Chiofalo | GA | United States | Nicholas Chiofalo | Sibling | United States | Solatium |
| 23 | Annette Melillo | GA | United States | Nicholas Chiofalo | Sibling | United States | Solatium |
| 24 | Rosemarie Maggiore | NY | United States | Nicholas Chiofalo | Parent | United States | Solatium |
| 25 | George Coughlin, as Personal Representative of the Estate of Mary Elizabeth Coughlin | NJ | United States | John G. Coughlin | Parent (Deceased) | United States | Solatium |
| 26 | George Coughlin | NJ | United States | John G. Coughlin | Sibling | United States | Solatium |
| 27 | Carol L. D'Allara | NY | United States | John D'Allara | PR | United States | Solatium/ Wrongful Death |
| 28 | Daniel D'Allara as Personal Representative of the Estate of John D'Allara, Sr. | NY | United States | John D'Allara | Parent (Deceased) | United States | Solatium |
| 29 | Daniel D'Allara as Personal Representative of the Estate of Helen D'Allara | NY | United States | John D'Allara | Parent (Deceased) | United States | Solatium |
| 30 | John Joseph D'Allara | NY | United States | John D'Allara | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 31 | Nicholas Michael D'Allara | NY | United States | John D'Allara | Child | United States | Solatium |
| 32 | Carol L. D'Allara | NY | United States | John D'Allara | Spouse | United States | Solatium |
| 33 | RoseEllen Dowdell | NY | United States | Kevin Christopher Dowdell | Spouse | United States | Solatium |
| 34 | RoseEllen Dowdell | NY | United States | Kevin Christopher Dowdell | PR | United States | Solatium/ Wrongful Death |
| 35 | Patrick Kevin Dowdell | NY | United States | Kevin Christopher Dowdell | Child | United States | Solatium |
| 36 | James Michael Dowdell | NY | United States | Kevin Christopher Dowdell | Child | United States | Solatium |
| 37 | Amy Eberling | NJ | United States | Dean P. Eberling | Spouse | United States | Solatium |
| 38 | Amy Eberling | NJ | United States | Dean P. Eberling | PR | United States | Solatium/ Wrongful Death |
| 39 | Corinne Ardente | NJ | United States | Dean P. Eberling | Child | United States | Solatium |
| 40 | Lauren Eberling | NJ | United States | Dean P. Eberling | Child | United States | Solatium |
| 41 | Beverly Epps | SC | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 42 | Debra Epps | NY | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 43 | Valerie Epps Kendall | NY | United States | Christopher Samuel Epps | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 44 | Chundera Epps | NY | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 45 | Robert Epps | PA | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 46 | John Doe 73, as Personal Representative of the Estate of Geneva Epps | NY | United States | Christopher Samuel Epps | Parent (Deceased) | United States | Solatium |
| 47 | John Doe 74 | NY | United States | Christopher Samuel Epps | PR | United States | Solatium/ Wrongful Death |
| 48 | Theresa Fiorelli | NJ | United States | Stephen J. Fiorelli | Spouse | United States | Solatium |
| 49 | Theresa Fiorelli | NJ | United States | Stephen J. Fiorelli | PR | United States | Solatium/ Wrongful Death |
| 50 | Stephen J. Fiorelli, Jr. | NJ | United States | Stephen J. Fiorelli | Child | United States | Solatium |
| 51 | Christine Epstein | NJ | United States | Stephen J. Fiorelli | Child | United States | Solatium |
| 52 | William Fiorelli | NJ | United States | Stephen J. Fiorelli | Sibling | United States | Solatium |
| 53 | Kenneth Fiorelli | NJ | United States | Stephen J. Fiorelli | Sibling | United States | Solatium |
| 54 | Karen Fiorelli | NJ | United States | Stephen J. Fiorelli | Sibling | United States | Solatium |
| 55 | John Doe 68 | NY | United States | Anthony E. Gallagher | PR | United States | Solatium/ Wrongful Death |
| 56 | Laurie Gambino | FL | United States | Thomas Gambino, Jr. | Sibling | United States | Solatium |
| 57 | Marilyn Hess | FL | United States | Thomas Gambino, Jr. | Parent | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 58 | Thomas Gambino, Sr. | FL | United States | Thomas Gambino, Jr. | Parent | United States | Solatium |
| 59 | Keith Gambino | FL | United States | Thomas Gambino, Jr. | Sibling | United States | Solatium |
| 60 | Valerie Gambino | FL | United States | Thomas Gambino, Jr. | Sibling | United States | Solatium |
| 61 | Thomas Gambino, III | NY | United States | Thomas Gambino, Jr. | Child | United States | Solatium |
| 62 | Brian Gambino | FL | United States | Thomas Gambino, Jr. | Child | United States | Solatium |
| 63 | Janet Gambino | NY | United States | Thomas Gambino, Jr. | Spouse | United States | Solatium |
| 64 | Janet Gambino | NY | United States | Thomas Gambino, Jr. | PR | United States | Solatium/ Wrongful Death |
| 65 | John T. Genovese | NY | United States | Steven Genovese | Sibling | United States | Solatium |
| 66 | John T. Genovese as Personal Representative of the Estate of Veronica Genovese | NY | United States | Steven Genovese | Parent (Deceased) | United States | Solatium |
| 67 | John T. Genovese as Personal Representative of the Estate of John G. Genovese | NY | United States | Steven Genovese | Parent (Deceased) | United States | Solatium |
| 68 | John T. Genovese | NY | United States | Steven Genovese | PR | United States | Solatium/ Wrongful Death |

6

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 69 | Patti Ann Valerio | NY | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 70 | Paul Joseph Grzymalski | NY | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 71 | Peter John Grzymalski | NC | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 72 | Joseph Walter Grzymalski | NY | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 73 | Jo Ann McManus | SC | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 74 | Patricia Byrne | NY | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 75 | Patricia Gullickson as Personal Representative of the Estate of Robert Gullickson, Sr. | NY | United States | Joseph Gullickson | Parent (Deceased) | United States | Solatium |
| 76 | Thomas Gullickson | NY | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 77 | Patricia Gullickson | NY | United States | Joseph Gullickson | Parent | United States | Solatium |
| 78 | Ralph Gullickson | NY | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 79 | Robert Gullickson, Jr. | NJ | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 80 | Jake Halloran | NY | United States | Vincent G. Halloran | Child | United States | Solatium |
| 81 | Kieran Halloran | NJ | United States | Vincent G. Halloran | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 82 | Marie Halloran, as Natural Guardian of PH | NY | United States | Vincent G. Halloran | Child (Minor) | United States | Solatium |
| 83 | Declan Halloran | NY | United States | Vincent G. Halloran | Child | United States | Solatium |
| 84 | Marie Halloran | NY | United States | Vincent G. Halloran | Spouse | United States | Solatium |
| 85 | Marie Halloran | NY | United States | Vincent G. Halloran | PR | United States | Solatium/ Wrongful Death |
| 86 | Iris Marie Holohan | NY | United States | Thomas P. Holohan | Mother | United States | Solatium |
| 87 | Mary Alice Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 88 | Megan Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 89 | Sean Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 90 | Aidan Halloran | NY | United States | Vincent G. Halloran | Child | United States | Solatium |
| 91 | Conor Halloran | DC | United States | Vincent G. Halloran | Child | United States | Solatium |
| 92 | John Doe 83, as Personal Representative of the Estate of Timothy Haviland | NY | United States | Timothy Haviland | PR | United States | Solatium/ Wrongful Death |
| 93 | Jesse Kemp | NY | United States | Timothy Haviland | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 94 | Barbara Keane, as Personal Representative of the Estate of Amy Haviland | PA | United States | Timothy Haviland | Spouse (Deceased) | United States | Solatium |
| 95 | Harold Hughes | NJ | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 96 | Tara Leonardi | PA | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 97 | Erin Murray as Personal Representative of the Estate of Kevin T. Hughes | NJ | United States | Thomas F. Hughes, Jr. | Sibling (Deceased) | United States | Solatium |
| 98 | Mark F. Hughes | NC | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 99 | Martin S. Hughes as Personal Representative of the Estate of Frances S. Hughes | CA | United States | Thomas F. Hughes, Jr. | Parent (Deceased) | United States | Solatium |
| 100 | Martin S. Hughes | CA | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |

پرونده 11767-cv-19:1 سند 3 ارائه شده در 12/23/19 صفحه 1 از 11

برگه جلد Ⅱ خواست مدنی

JS 44C/SDNY
بازنگری 06/01/17

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق ارمی بر اساس قانون بوده و نه مکمل انهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در ۱۴ سپتامبر ۱۹۷۴ تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواندها | خواهان‌ها |
|---|---|
| جمهوری اسلامی ایران، | بانک BNY ملون و دیگران. |

وکلا (نام شرکت، ادرس و شماره تلفن)
وکیل دعوای جری اس. گلدمن، شرکت آندرسون کیل، P.C،
1251 Avenue of the Americas, New York, NY 10020
jgoldman@andersonkill.com/(212) 278-1000)

وکلا (در صورت مشخص بودن)

علت اقدام (به قانون مدنی ایالات متحده که بر اساس ان اقامه دعوی میکنید استناد نموده و علت را بطور خلاصه ذکر نمایید)؛ (به قوانین حوزهای قضایی اشاره نکنید مگر اینکه اختلاف داشته باشند)

28 U.S.C. §§ 1605B, 1605A و 18 U.S.C. § 2333

آیا این اقدام پرونده یا دادرسی ام وردی دارای مشابهت در اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☒ بله ☐      قا...ی منصوب شده قبلی جورج بی. دانیلز

اگر بله، آیا این پرونده: داوطلبانه ☐ غیرداوطلبانه ☐      محتوم شده است. خیر ☒ بله ☐      اگر بله، تاریخ: _____ و

شماره پرونده را ذکر کنید 1:03-md-01570

این زمان پرونده(زوری بین‌المللی است؟      بله ☐ خیر ☒

(لطفاً یک /X/ را در یک کادر وارد کنید)

ماهیت اقامه دعوی

| قرارداد | صدمه شخصی | صدمه شخصی | توقیف/جریمه | ورشکستگی | سایر قوانین مصوب |
|---|---|---|---|---|---|
| ] [ 110 بیمه | ] [ 310 هواپیما | ] [ 367 بهداشت و درمان/صدمات شخصی | ] [ 625 توقیف اموا/ مربوط به مواد مخدر 21 USC 881 | ] [ 422 درخواست تجدید نظر 28 USC 158 | ] [ 375 ادعاهای کاذب |
| ] [ 120 دریایی | ] [ 315 مسئولیت در قبال محصول هواپیما | داروپیامسئولیت در قبال محصول | | ] [ 423لغو استرداد 28 USC 157 | ] [ 376 دعوی متقابل |
| ] [ 130 قانون مجاز | ] [ 320 تهمت، افترا و توهین | ] [ 365 صدمه شخصی محصول | | | ] [ 400 تفکیک مجدد ایالتی |
| ] [ 140 اوراق بهادار | ] [ 330 مسئو یت کارفرمابند/در قبال محصول | | ] [ 690 سایر | حقوق مالکیت | ] [ 410 مبارزه با انحصار |
| ] [ 150 کله برداشته و اجرای حکم | ] [ 340 دریایی | اموال شخصی | | ] [ 820 حقوق انحصارداری | ] [ 430 بانکها و بانکداری |
| دادگامی/تدرد کله | ] [ 345 مسئو یت در قبال محصول دریایی | ] [ 370 سایر موارد تقلب | | ] [ 830 اختراع | ] [ 450 تجارت |
| ] [ 151 مرکار/ها | ] [ 350 خودروهای موتوری | ] [ 371 حقیقت در مورد وام‌دهی | | ] [ 835 کاربرد داروی جدید با ثبت ثبت مخفف | ] [ 460 اخراج |
| ] [ 152 استرداد کله و اجرای کننه سربازان/ | ] [ 355 مسئو یت در قبال محصول خودروی موتوری | | تیروی کار | ] [ 840 علامت تجاری | ] [ 470 قانون سازمانهای تحت نفوذ تقلب و فسد. (RICO) |
| دعوای سرباز (به جز | ] [ 360 سایر صدمات شخصی | ] [ 380 سایر موارد اسیب به اموا شخصی | ] [ 710 قانون استانداردهای کار منصفانه | تامین اجتماعی | ] [ 480 اعتبار مشتری |
| سربازان) | ] [ 362 صدمه شخصی - سوء اقدام | ] [ 385 مسئو یت در قبا اسیب محصول | ] [ 720 روابط کار/مدیریت | ] [ 861 HIA(1395ff) | ] [ 490 تلویزیون کابلی/ماهواره |
| ] [ 153 استرداد مازاد | پزشکی | | ] [ 740 قانون کار راه آهن | ] [ 862 بیماری ریه سیاه(923) | ] [ 850 تضامین/کالاه/مبا ده |
| فرایند | | اقدام بر اساس قوانین مصوب | ] [ 751 قانون مرخصی اضطراری خانواده (FMLA) | ] [ 863 D)WC/DIWW (405g) | ] [ 890 سایر اقدامات قانونی |
| | حقوق شهروندی | | ] [ 790 سایر دادخواهی‌های کار | ] [ 864 SSID عنوان XVI | [x] 891 قوانین کشاورزی |
| ] [ 160 اقدام بر اساس قوانین مصوب | ] [ 440 سایر حقوق مدنی (جزئی‌سازی) | | ] [ 791 قانون تامین امنیت بازنشستگی کارکنان (ERISA) | ] [ 865 RSI (405g) | ] [ 893 مو رعات زیست محیطی |
| ] [ 190 قرارداد | ] [ 441 رای دهی | | | | ] [ 895 قانون آزادی اطلاعات |
| ] [ 195 مسئولیت قرارداد | ] [ 442 استخدام | مهاجرت | | دعاوی مالیاتی فدرال | ] [ 896 داوری |
| ] [ 196 امتیاز | ] [ 443 مسکن/ امتیازات | ] [ 462 درخواست تابعیت | | ] [ 870 مالیات‌ها (خواهان یا خوانده ایالات متحده) | ] [ 899 قانون رویه‌های اداری/بازنگری با درخواست تجدید نظر در مورد تصمیم سازمان اداری |
| املاک | ] [ 445 امریکاییهای دچار معلولیت - شغل | ] [ 465 سایر اقدامات مهاجرت | | ] [ 871 شخص ثالث IRS 26 USC 7609 | ] [ 950 تمثال قوانین ایالتی با قانون اساسی |
| ] [ 210 ملک زمین | ] [ 446 امریکاییهای دچار معلولیت - سایر | | | | |
| ] [ 220 طع ملک رهنی | ] [ 448 اموزش | | | | |
| ] [ 230 قرارداد اجاره و تخلیه | | حقوق شهروندی | | | |
| ] [ 240 آسیب به زمین | | ] [ 510 الامیو | | | |
| ] [ 245 مسئو یت اسیب به محصول | | اعتراضات زندانی | | | |
| ] [ 290 سایر املاک | | ] [ 463 فرد بازداشتی بیگانه | | | |

(section for Prisoner Petitions)
] [ 510 الامیو
اصلا محل 28 USC 2255
] [ 530 اعمال حقوق مدنی (عمومی)
] [ 535 مجازات اعدام
] [ 540 امریه و سایر      حقوق شهروندی زندانی
] [ 550 حقوق شهروندی
] [ 555 اوضاع زندان
] [ 560 اثر بازداشتی مدنی شرایط حبس

اگر در شکایت تقا...ا شده است، علامت بزنید:

آیا مدعی هستید که این پرونده مربوط به یک پرونده مدنی است که اکنون در S.D.N.Y در دست بررسی است
چنانچه بر اساس قانون محلی مربوط به بخش کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

اگر این یک دعوی مطرحه توسط چند خواهان بر اساس F,R,C,P. 23 است، علامت بزنید ☐

درخواست 150 میلیارد دلار      پرونده شماره 1:03-md-01570      هیئت منصفه جورج بی. دانیلز

لطفاً اگر در شکایت تقا☐ا شده است، "بله" را علامت بزنید      سایر ☐

درخواست هیئت منصفه: بله ■ خیر ☐

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده 11767-cv-19-1: سند 3 ارائه شده در 12/23/19 صفحه 2 از 11

اصل

(فقط یک علامت در یک مربع درج کنید.)

☒ 1 رسیدگی اصلی   ☐ 2خارج شده از دادگاه ایالتی   ☐ 3تأیید شده از دادگاه   ☐ 4 شروع مجدد با پاسخ   ☐ 5منتقل شده از (ناحیه را مشخص کنید)   ☐ 6دادخواهی مربوط به چند ناحیه (منتقل شده)   ☐ 7درخواست تجدید نظر از ناحیه ای قا ی بخش

☐ 8دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

☐ ف. وکلای همه طرفین حضوری: اشتد
☐ ب. حداقل یکی از طرفین بدون وکیل حضوری  ان.

مبنای حوزه قضایی   (یک علامت در یک مربع درج کنید.)

☒ 3 اختلافی   ☐ 4 اختلافی   (ایالات متحده یکی از طرفین نیست.)   ☐ خواهان ایالات متحده   ☐ 2 خوانده ایالات متحده   ☐ 1 خواهان ایالات متحده

در صورت تفاوت، ر زیر تابعیت را مشخص کنید.

تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک x هم در کادر مربوط به خوانده علامت بزنید.)

| DEF | PTF | | PTF DEF | | DEF | PTF | |
|---|---|---|---|---|---|---|---|
| ☐5 | ☐5 | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | ☐3 ☐3 | شهروند با تبعه یک کشور خارجی | ☐1 | ☐1 | شهروند این ایالت |
| ☐6 | ☐6 | کشور خارجی | ☐4 ☐4 | تأسیس شده با محل اصلی کسب و کار در این ایالت | ☐2 | ☐2 | شهروند ایالتی دیگر |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران، ایران

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حا ها ر، اینجانب با وجود انجام تلاش معقو  نتوانستام آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

تخصیص به اگاه

بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، ۱۸، ۲۰ با ۲۱ به دادگاه مشخص شده در زیر اختصا   داده شود.

یک مورد را علامت بزنید: این اقدام باید تخصیص داده شود به: ☐ و آیت   ☒ منهتن

تاریخ 12/23/19   امضا/ جری ان. گلسن   پذیرفته شده برای اجرا در این ناحیه
امضای وکیل پرونده   ☐ خیر
شماره رسید   [x] باله (تاریخ پذیرش ماه می___ با 1980___)
شماره کد وکیل در کانون وکلا 1302454

قا ی باید توسط منشی دادگاه منصوب شود.

قا ی بخش_____ به این صورت تعیین شد.

رویی جی. کراجیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ_____ .

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است

که ﮓمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ﮓمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ﮓمیمه 1 فرم

کوتاه شکایت از ایران و ﮓا﮲ی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ا﮲یات محل اقامت خواهان ﮓر زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان﮲﮵ر در زمان طرح دعوی 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11﮲﮵ر تاریخ 9/11/01 | ماهیت﮲﮵عوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | بانک BNY ملون | نیویورک | ایالات متحده | هومبرتو آبلینگر | پورتو ریکو | TBD | ترﮓیه خاطر/ جراحت شخصی |
| 2 | برایان ویلکز | نیوجرسی | ایالات متحده ﮓورین آنتیگوا | نامزد | ایالات متحده | ترﮓیه خاطر |
| 3 | جان داو 76 | نیویورک | ایالات متحده ﮓورین آنتیگوا | پورتو ریکو | ایالات متحده | ترﮓیه خاطر/ جراحت شخصی |
| 4 | جوان روت پوﮓﮯسکی | نیویورک | ایالات متحده | استیون جی. بیتز | همسر | ایالات متحده | ترﮓیه خاطر |
| 5 | جان داو 70 | نیویورک | ایالات متحده | استیون جی. بیتز | پورتو ریکو | ایالات متحده | ترﮓیه خاطر/ جراحت شخصی |
| 6 | بانک BNY ملون به عنوان نماینده شخصی ماترک ایوان باتیستا | نیویورک | ایالات متحده | ایوان باتیستا | پورتو ریکو | پرو | ترﮓیه خاطر/ جراحت شخصی |
| 7 | جاستین جانسون | نیوجرسی | ایالات متحده | جنیس براون | کودک | ایالات متحده | ترﮓیه خاطر |
| 8 | جان داو 77 | نیویورک | ایالات متحده | جنیس براون | پورتو ریکو | ایالات متحده | ترﮓیه خاطر/ جراحت شخصی |

[1] در خصو﮲ موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترﮓیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

1

docs-100217581.1

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 9 | امیلی کورنویر، به عنوان نماینده شخصی ماترک جیمس بیتون | ماساچوست | ایالات متحده | جان کاهیل | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 10 | نیکول مایر | نیویورک | ایالات متحده | پیتر جی. کارو | کودک | ایالات متحده | ترضیه خاطر |
| 11 | پیت کارو | نیویورک | ایالات متحده | پیتر جی. کارو | کودک | ایالات متحده | ترضیه خاطر |
| 12 | کریستوفر کارو | نیویورک | ایالات متحده | پیتر جی. کارو | کودک | ایالات متحده | ترضیه خاطر |
| 13 | مایکل کارو | نیویورک | ایالات متحده | پیتر جی. کارو | کودک | ایالات متحده | ترضیه خاطر |
| 14 | کوین کارو | نیویورک | ایالات متحده | پیتر جی. کارو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15 | پاتریشیا داگاتا | نیویورک | ایالات متحده | پیتر جی. کارو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | بریان سنترو | نیویورک | ایالات متحده | الکساندر جونیور سنترو | کودک | ایالات متحده | ترضیه خاطر |
| 17 | الکساندر سنترو | نیویورک | ایالات متحده | الکساندر جونیور سنترو | کودک | ایالات متحده | ترضیه خاطر |
| 18 | الکساندر سنترو | نیویورک | ایالات متحده | الکساندر جونیور سنترو | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 19 | کریگ سنترو | نیویورک | ایالات متحده | الکساندر جونیور سنترو | کودک | ایالات متحده | ترضیه خاطر |
| 20 | کریگ سنترو، به عنوان نماینده شخصی ماترک ایتا با سنترو | نیویورک | ایالات متحده | الکساندر جونیور سنترو | واد (متوفی) | ایالات متحده | ترضیه خاطر |

2

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان ها با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) |
|---|---|---|---|---|---|---|---|
| 21 | انتونی چیوفالو | نیویورک | ایالات متحده | نیکلاس چیوفالو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 22 | دونا چیوفالو | جورجیا | ایالات متحده | نیکلاس چیوفالو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 23 | انت ملیلو | جورجیا | ایالات متحده | نیکلاس چیوفالو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | رزماری مگوایر | نیویورک | ایالات متحده | نیکلاس چیوفالو | والد | ایالات متحده | ترضیه خاطر |
| 25 | جورج کافلین به عنوان نماینده شخصی ماترک ماری الیزابت کافلین | نیوجرسی | ایالات متحده | جان جی. کافلین | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 26 | جورج کافلین | نیوجرسی | ایالات متحده | جان جی. کافلین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | کارول ا. دالارا | نیویورک | ایالات متحده | جان دالارا | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 28 | دانیل دلارا به عنوان نماینده شخصی ماترک جان دلارا سنیور | نیویورک | ایالات متحده | جان دالارا | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 29 | دانیل دلارا به عنوان نماینده شخصی ماترک هلن دالارا | نیویورک | ایالات متحده | جان دالارا | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 30 | جان جوزف دالارا | نیویورک | ایالات متحده | جان دالارا | کودک | ایالات متحده | ترضیه خاطر |

3

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)2 |
|---|---|---|---|---|---|---|---|
| 31 | نیکلاس مایکل دالارا | نیویورک | ایالات متحده | جان دالارا | کودک | ایالات متحده | ترضیه خاطر |
| 32 | کارول ای. دالارا | نیویورک | ایالات متحده | جان دالارا | همسر | ایالات متحده | ترضیه خاطر |
| 33 | رزماین داود | نیویورک | ایالات متحده | کوین کریستوفر داود | همسر | ایالات متحده | ترضیه خاطر |
| 34 | رزماین داود | نیویورک | ایالات متحده | کوین کریستوفر داود | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 35 | پاتریک کوین داود | نیویورک | ایالات متحده | کوین کریستوفر داود | کودک | ایالات متحده | ترضیه خاطر |
| 36 | جیمز مایکل داود | نیویورک | ایالات متحده | کوین کریستوفر داود | کودک | ایالات متحده | ترضیه خاطر |
| 37 | امی ابراینگ | نیوجرسی | ایالات متحده | دین پی. ابراینگ | همسر | ایالات متحده | ترضیه خاطر |
| 38 | امی ابراینگ | نیوجرسی | ایالات متحده | دین پی. ابراینگ | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 39 | کورین أردنته | نیوجرسی | ایالات متحده | دین پی. ابراینگ | کودک | ایالات متحده | ترضیه خاطر |
| 40 | ورین ابراینگ | نیوجرسی | ایالات متحده | دین پی. ابراینگ | کودک | ایالات متحده | ترضیه خاطر |
| 41 | پولی اپس | کارولینای جنوبی | ایالات متحده | کریستوفر سامونل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 42 | دبرا اپس | نیویورک | ایالات متحده | کریستوفر سامونل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 43 | زاری اپس کندل | نیویورک | ایالات متحده | کریستوفر سامونل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان‌ها با متوفی 9/11 | نام کامل متوفی 9/11 | شهروندی/تابعیت خواهان در تاریخ 9/11/01 | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کریستوفر ساموئل اپس | ایالات متحده | نیویورک | چاندرا اپس | 44 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کریستوفر ساموئل اپس | ایالات متحده | پنسیلوانیا | رابرت اپس | 45 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | کریستوفر ساموئل اپس | ایالات متحده | نیویورک | جان داو 73، به عنوان نماینده شخصی ماترک ژنو اپس | 46 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | کریستوفر ساموئل اپس | ایالات متحده | نیویورک | جان داو 74 | 47 |
| ترضیه خاطر | ایالات متحده | همسر | استفن جی. فیوزی | ایالات متحده | نیوجرسی | ترزا فیوزی | 48 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | استفن جی. فیوزی | ایالات متحده | نیوجرسی | ترزا فیوزی | 49 |
| ترضیه خاطر | ایالات متحده | کودک | استفن جی. فیوزی | ایالات متحده | نیوجرسی | استفن جی. فیوزی جونیور | 50 |
| ترضیه خاطر | ایالات متحده | کودک | استفن جی. فیوزی | ایالات متحده | نیوجرسی | کریستین اپستین | 51 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | استفن جی. فیوزی | ایالات متحده | نیوجرسی | ویلیام فیوزی | 52 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | استفن جی. فیوزی | ایالات متحده | نیوجرسی | کنت فیوزی | 53 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | استفن جی. فیوزی | ایالات متحده | نیوجرسی | کارن فیوزی | 54 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | انتونی ای. گالگر | ایالات متحده | نیویورک | جان داو 68 | 55 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | توماس گامبینو جونیور | ایالات متحده | فلوریدا | لوری گامبینو | 56 |
| ترضیه خاطر | ایالات متحده | والد | توماس گامبینو جونیور | ایالات متحده | فلوریدا | مری بین هس | 57 |

5

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (با مرگ) | شهروندی/تابعیت خواهان ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان ها با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)² |
|---|---|---|---|---|---|---|---|
| 58 | توماس گامبینو سنیور | فلوریدا | ایالات متحده | توماس گامبینو جونیور | والد | ایالات متحده | ترضیه خاطر |
| 59 | کیت گامبینو | فلوریدا | ایالات متحده | توماس گامبینو جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | گری گامبینو | فلوریدا | ایالات متحده | توماس گامبینو جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 61 | توماس گامبینو سوم | نیویورک | ایالات متحده | توماس گامبینو جونیور | کودک | ایالات متحده | ترضیه خاطر |
| 62 | برایان گامبینو | فلوریدا | ایالات متحده | توماس گامبینو جونیور | کودک | ایالات متحده | ترضیه خاطر |
| 63 | جانت گامبینو | نیویورک | ایالات متحده | توماس گامبینو جونیور | همسر | ایالات متحده | ترضیه خاطر |
| 64 | جانت گامبینو | نیویورک | ایالات متحده | توماس گامبینو جونیور | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 65 | جان تی. جنووس | نیویورک | ایالات متحده | استیون جنووس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 66 | جان تی. جنووس به عنوان نماینده شخصی ماترک ورونیکا جنووس | نیویورک | ایالات متحده | استیون جنووس | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 67 | جان تی. جنووس به عنوان نماینده شخصی ماترک جان جی. جنووس | نیویورک | ایالات متحده | استیون جنووس | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 68 | جان تی. جنووس | نیویورک | ایالات متحده | استیون جنووس | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 69 | پتی آن گاریو | نیویورک | ایالات متحده | متیو جی. گرزیماسکی | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 70 | بل جوزف گرزیماسکی | نیویورک | ایالات متحده | متیو جی. گرزیماسکی | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 71 | پیتر جان گرزیماسکی | کار بنای شمالی | ایالات متحده | متیو جی. گرزیماسکی | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 72 | جوزف والتر گرزیماسکی | نیویورک | ایالات متحده | متیو جی. گرزیماسکی | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 73 | جو آن مک‌مانوس | کار بنای جنوبی | ایالات متحده | متیو جی. گرزیماسکی | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 74 | پاتریشیا بیرن | نیویورک | ایالات متحده | جوزف گایکسون | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 75 | پاتریشیا گایکسون به عنوان نماینده شخصی ماترک رابرت گایکسون سنیور | نیویورک | ایالات متحده | جوزف گایکسون | والد (متوفی) | ایالات متحده | تر یه خاطر |
| 76 | توماس گایکسون | نیویورک | ایالات متحده | جوزف گایکسون | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 77 | پاتریشیا گلیکسون | نیویورک | ایالات متحده | جوزف گایکسون | والد | ایالات متحده | تر یه خاطر |
| 78 | زاف گلیکسون | نیویورک | ایالات متحده | جوزف گایکسون | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 79 | رابرت گایکسون جونیور | نیوجرسی | ایالات متحده | جوزف گایکسون | برادر/خواهر | ایالات متحده | تر یه خاطر |
| 80 | جیک هاوران | نیویورک | ایالات متحده | وینسنت جی. هاوران | کودک | ایالات متحده | تر یه خاطر |
| 81 | کیران هاوران | نیوجرسی | ایالات متحده | وینسنت جی. هاوران | کودک | ایالات متحده | تر یه خاطر |

7

| ماهيت دعوى (قتل غيرعمد، ترضيه خاطر، جراحت شخصى)؟ | شهروندى/تابعيت متوفى 9/11 در تاريخ 9/11/01 | نسبت خواهان‌ها با متوفى 9/11 | نام كامل متوفى 9/11 | شهروندى/تابعيت خواهان‌ها در تاريخ 9/11/01 | اطلاعات محل اقامت خواهان در زمان طرح دعوى (يا مرگ) | نام خواهان (به ترتيب حروف الفباى نام خانوادگى متوفى 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضيه خاطر | ايالات متحده | فرزند (زير سن قانونى) | وينسنت جى. هاواران | ايالات متحده | نيويورك | مارى هاواران، به عنوان سرپرست طبيعى پى‌اچ | 82 |
| ترضيه خاطر | ايالات متحده | كودك | وينسنت جى. هاواران | ايالات متحده | نيويورك | دكلان هاواران | 83 |
| ترضيه خاطر | ايالات متحده | همسر | وينسنت جى. هاواران | ايالات متحده | نيويورك | مارى هاواران | 84 |
| ترضيه خاطر / جراحت شخصى | ايالات متحده | پورتو ريكو | وينسنت جى. هاواران | ايالات متحده | نيويورك | مارى هاواران | 85 |
| ترضيه خاطر | ايالات متحده | مادر | توماس پى. هوهان | ايالات متحده | نيويورك | آيريس مارى هوهان | 86 |
| ترضيه خاطر | ايالات متحده | برادر/خواهر | توماس پى. هوهان | ايالات متحده | نيويورك | مرى آبس هوهان | 87 |
| ترضيه خاطر | ايالات متحده | برادر/خواهر | توماس پى. هوهان | ايالات متحده | نيويورك | مگان هوهان | 88 |
| ترضيه خاطر | ايالات متحده | برادر/خواهر | توماس پى. هوهان | ايالات متحده | نيويورك | سين هوهان | 89 |
| ترضيه خاطر | ايالات متحده | كودك | وينسنت جى. هاواران | ايالات متحده | نيويورك | آيدان هاواران | 90 |
| ترضيه خاطر | ايالات متحده | كودك | وينسنت جى. هاواران | ايالات متحده | ناحيه كلمبيا | كونور هاواران | 91 |
| ترضيه خاطر / جراحت شخصى | ايالات متحده | پورتو ريكو | تيموتى هاويلند | ايالات متحده | نيويورك | جان داو 83، به عنوان نماينده شخصى ماترک تيموتى هاويلند | 92 |
| ترضيه خاطر | ايالات متحده | كودك | تيموتى هاويلند | ايالات متحده | نيويورك | جسى كمپ | 93 |

پرونده 11767-cv-19:1 سند 3 ارائه شده در 12/23/19 صفحه 11 از 11

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 94 | باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند | پنسیلوانیا | ایالات متحده | تیموتی هاویلند | همسر (متوفی) | ایالات متحده | ترضیه خاطر |
| 95 | هارود هیوز | نیوجرسی | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 96 | تارا نوناردی | پنسیلوانیا | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 97 | ارین مورای به عنوان نماینده شخصی ماترک کوین تی. هیوز | نیوجرسی | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 98 | مارک اف. هیوز | کارولینای شمالی | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 99 | مارتین اس. هیوز به عنوان نماینده شخصی ماترک فرانسیس اس. هیوز | کالیفرنیا | ایالات متحده | توماس اف. هیوز جونیور | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 100 | مارتین اس. هیوز | کالیفرنیا | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>　　TERRORIST ATTACKS ON<br>　　SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD) (SN) |
| BNY Mellon, as the Personal Representative of the Estate of Humberto Ailinger, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Humberto Ailinger | Civil Docket Number: _____ |
| Brian Wilkes, individually, as surviving spouse of Lorraine Antigua | **IRAN SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| John Doe 76, being intended to designate the Personal Representative of the Estate of Lorraine Antigua, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Lorraine Antigua | |
| Joan Ruth Puwalski, individually, as surviving spouse of Steven J. Bates | |
| John Doe 70, being intended to designate the Personal Representative of the Estate of Steven J. Bates, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven J. Bates | |
| BNY Mellon as Personal Representative of the Estate of Ivhan Bautista, as the Personal Representative of the Estate of Ivhan Bautista, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ivhan Bautista | |

Justin Johnson, individually, as surviving child of Janice Brown

John Doe 77, being intended to designate the Personal Representative of the Estate of Janice Brown, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Janice Brown

Emily Cournoyer, as Personal Representative of the Estate of Alice Beaton, deceased, the late sibling of John Cahill

Nicole Mayer, individually, as surviving child of Peter J. Carroll

Pete Carroll, individually, as surviving child of Peter J. Carroll

Christopher Carroll, individually, as surviving child of Peter J. Carroll

Michael Carroll, individually, as surviving child of Peter J. Carroll

Kevin Carroll, individually, as surviving sibling of Peter J. Carroll

Patricia D'Agata, individually, as surviving sibling of Peter J. Carroll

Brieann Centro, individually, as surviving child of Alexander Centro, Jr.

Alexander Centro, individually, as surviving child of Alexander Centro, Jr.

Alexander Centro, as the Personal Representative of the Estate of Alexander Centro, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alexander Centro, Jr.

Craig Centro, individually, as surviving child of Alexander Centro, Jr.

Craig Centro, as Personal Representative of the Estate of Italia Centro, deceased, the late parent of

docs-100217478.1

Alexander Centro, Jr.

Anthony Chiofalo, individually, as surviving sibling of Nicholas Chiofalo

Donna Chiofalo, individually, as surviving sibling of Nicholas Chiofalo

Annette Melillo, individually, as surviving sibling of Nicholas Chiofalo

Rosemarie Maggiore, individually, as surviving parent of Nicholas Chiofalo

George Coughlin, as Personal Representative of the Estate of Mary Elizabeth Coughlin, deceased, the late parent of John G. Coughlin

George Coughlin, individually, as surviving sibling of John G. Coughlin

Carol L. D'Allara, as the Personal Representative of the Estate of John D'Allara, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John D'Allara

Daniel D'Allara as Personal Representative of the Estate of John D'Allara, Sr., deceased, the late parent of John D'Allara

Daniel D'Allara as Personal Representative of the Estate of Helen D'Allara, deceased, the late parent of John D'Allara

John Joseph D'Allara, individually, as surviving child of John D'Allara

Nicholas Michael D'Allara, individually, as surviving child of John D'Allara

Carol L. D'Allara, individually, as surviving spouse of John D'Allara

RoseEllen Dowdell, individually, as surviving spouse of Kevin Christopher Dowdell

RoseEllen Dowdell, as the Personal Representative of the Estate of Kevin Christopher Dowdell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kevin Christopher Dowdell

Patrick Kevin Dowdell, individually, as surviving child of Kevin Christopher Dowdell

docs-100217478.1

James Michael Dowdell, individually, as surviving child of Kevin Christopher Dowdell

Amy Eberling, individually, as surviving spouse of Dean P. Eberling

Amy Eberling, as the Personal Representative of the Estate of Deal P. Eberling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Dean P. Eberling

Corinne Ardente, individually, as surviving child of Dean P. Eberling

Lauren Eberling, individually, as surviving child of Dean P. Eberling

Beverly Epps, individually, as surviving sibling of Christopher Samuel Epps

Debra Epps, individually, as surviving sibling of Christopher Samuel Epps

Valerie Epps Kendall, individually, as surviving sibling of Christopher Samuel Epps

Chundera Epps, individually, as surviving sibling of Christopher Samuel Epps

Robert Epps, individually, as surviving sibling of Christopher Samuel Epps

John Doe 73, as Personal Representative of the Estate of Geneva Epps, deceased, the late parent of Christopher Samuel Epps

John Doe 74, being intended to designate the Personal Representative of the Estate of Christopher Samuel Epps, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Samuel Epps

Theresa Fiorelli, individually, as surviving spouse of Stephen J. Fiorelli

Theresa Fiorelli, as the Personal Representative of the Estate of Stephen J. Fiorelli, deceased, and on behalf of all survivors and all legally entitled beneficiaries

4

and family members of Stephen J. Fiorelli

Stephen J. Fiorelli, Jr., individually, as surviving child of Stephen J. Fiorelli

Christine Epstein, individually, as surviving child of Stephen J. Fiorelli

William Fiorelli, individually, as surviving sibling of Stephen J. Fiorelli

Kenneth Fiorelli, individually, as surviving sibling of Stephen J. Fiorelli

Karen Fiorelli, individually, as surviving sibling of Stephen J. Fiorelli

John Doe 68, being intended to designate the Personal Representative of the Estate of Anthony E. Gallagher, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Anthony E. Gallagher

Laurie Gambino, individually, as surviving sibling of Thomas Gambino, Jr.

Marilyn Hess, individually, as surviving parent of Thomas Gambino, Jr.

Thomas Gambino, Sr., individually, as surviving parent of Thomas Gambino, Jr.

Keith Gambino, individually, as surviving sibling of Thomas Gambino, Jr.

Valerie Gambino, individually, as surviving sibling of Thomas Gambino, Jr.

Thomas Gambino, III, individually, as surviving child of Thomas Gambino, Jr.

Brian Gambino, individually, as surviving child of Thomas Gambino, Jr.

Janet Gambino, individually, as surviving spouse of Thomas Gambino, Jr.

Janet Gambino, as the Personal Representative of the Estate of Thomas Gambino, Jr., deceased, and on

docs-100217478.1

behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Gambino, Jr.

John T. Genovese, individually, as surviving sibling of Steven Genovese

John T. Genovese as Personal Representative of the Estate of Veronica Genovese, deceased, the late parent of Steven Genovese

John T. Genovese as Personal Representative of the Estate of John G. Genovese, deceased, the late parent of Steven Genovese

John T. Genovese, as the Personal Representative of the Estate of Steven Genovese, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Genovese

Patti Ann Valerio, individually, as surviving sibling of Matthew J. Grzymalski

Paul Joseph Grzymalski, individually, as surviving sibling of Matthew J. Grzymalski

Peter John Grzymalski, individually, as surviving sibling of Matthew J. Grzymalski

Joseph Walter Grzymalski, individually, as surviving sibling of Matthew J. Grzymalski

Jo Ann McManus, individually, as surviving sibling of Matthew J. Grzymalski

Patricia Byrne, individually, as surviving sibling of Joseph Gullickson

Patricia Gullickson as Personal Representative of the Estate of Robert Gullickson, Sr., deceased, the late parent of Joseph Gullickson

Thomas Gullickson, individually, as surviving sibling of Joseph Gullickson

Patricia Gullickson, individually, as surviving parent of Joseph Gullickson

Ralph Gullickson, individually, as surviving sibling of Joseph Gullickson

Robert Gullickson, Jr., individually, as surviving sibling of Joseph Gullickson

6

Jake Halloran, individually, as surviving child of Vincent G. Halloran

Kieran Halloran, individually, as surviving child of Vincent G. Halloran

Marie Halloran, as Natural Guardian of PH, a minor, as surviving child of Vincent G. Halloran

Declan Halloran, individually, as surviving child of Vincent G. Halloran

Marie Halloran, individually, as surviving spouse of Vincent G. Halloran

Marie Halloran, as the Personal Representative of the Estate of Vincent Gerard Halloran, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent G. Halloran

Iris Marie Holohan, individually, as surviving parent of Thomas P. Holohan

Mary Alice Holohan, individually, as surviving sibling of Thomas P. Holohan

Megan Holohan, individually, as surviving sibling of Thomas P. Holohan

Sean Holohan, individually, as surviving sibling of Thomas P. Holohan

Aidan Halloran, individually, as surviving child of Vincent G. Halloran

Conor Halloran, individually, as surviving child of Vincent G. Halloran

John Doe 83, being intended to designate the Personal Representative of the Estate of Timothy Haviland, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Haviland

Jesse Kemp, individually, as surviving child of Timothy Haviland

7

Barbara Keane, as Personal Representative of the
Estate of Amy Haviland, deceased, the late spouse of
Timothy Haviland

Harold Hughes, individually, as surviving sibling of
Thomas F. Hughes, Jr.

Tara Leonardi, individually, as surviving sibling of
Thomas F. Hughes, Jr.

Erin Murray as Personal Representative of the Estate
of Kevin T. Hughes, deceased, the late sibling of
Thomas F. Hughes, Jr.

Mark F. Hughes, individually, as surviving sibling of
Thomas F. Hughes, Jr.

Martin S. Hughes as Personal Representative of the
Estate of Frances S. Hughes, deceased, the late parent
of Thomas F. Hughes, Jr.

Martin S. Hughes, individually, as surviving sibling
of Thomas F. Hughes, Jr.

<div align="right">Plaintiff(s),</div>

-   against –

ISLAMIC REPUBLIC OF IRAN,

<div align="right">Defendant.</div>

Plaintiffs named herein by and through the undersigned counsel file this Short Form

Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September

11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved

by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by

reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton

Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran,

ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-

9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all

factual and jurisdictional allegations of the complaint that has been joined as specified below; all

<div align="center">8</div>

causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.      Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one** complaint]:

☐ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

9

☒ Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.     In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each

individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form

Complaint, herein referred to as "Plaintiffs."

    a.   The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this
Iran Short Form Complaint.

    b.   Plaintiff is entitled to recover damages on the causes of action set forth in the
complaint identified above, as joined by this Iran Short Form Complaint, and
as further asserted within this Iran Short Form Complaint.

    c.   As indicated at Appendix 1, Plaintiff (i) is the estate representative of
someone who was killed as a result of the September 11, 2001 Terrorist
Attacks; (ii) is the surviving immediate family member of someone who was
killed as a result of the September 11, 2001 Terrorist Attacks; and/or
(iii) suffered physical injuries as a result of the September 11, 2001 Terrorist
Attacks.

    d.   For those plaintiffs with personal injury claims, as indicated in Appendix 1, on
or after September 11, 2001, said Plaintiff was present at the Pentagon and/or
the World Trade Center site and/or its surroundings and/or lower Manhattan
and/or at an area wherein he/she was exposed to toxins as a result of the
terrorist attacks and was exposed to toxins from the attacks, and/or was
otherwise injured, and/or as otherwise alleged, as stated specifically in
Appendix 1.

    e.   For those plaintiffs with personal injury and/or wrongful death claims, as
indicated in Appendix 1, as a direct, proximate and foreseeable result of
Defendant's actions or inactions, Plaintiff or his or her decedent suffered
bodily injury and/or death, and consequently economic and other losses,
including but not limited to pain and suffering, emotional distress,
psychological injuries, and loss of enjoyment of life, and/or as described in the
Iran Short Form Complaint, and/or as otherwise may be specified in
subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

    f.   The name, relationship to the injured and/or deceased September 11 victim,
residency, citizenship/nationality, and the general nature of the claim for each
plaintiff asserting wrongful death and/or solatium claims is listed on the
attached Appendix 1, and is incorporated herein as allegations, with all
allegations of the related complaints, as specified above, deemed alleged as to
each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic

Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to

file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class

that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in

this Iran Short Form Complaint as appropriate.


Dated: December 23, 2019

                                        Respectfully submitted,


                                        /s/ Jerry S. Goldman
                                        Jerry S. Goldman, Esq.
                                        Bruce E. Strong, Esq.
                                        Samantha E. Smith, Esq.
                                        Stephen Wah, Esq.
                                        ANDERSON KILL P.C.
                                        1251 Avenue of the Americas
                                        New York, New York
                                        Telephone: 212-278-1000
                                        jgoldman@andersonkill.com
                                        bstrong@andersonkill.com
                                        ssmith@andersonkill.com
                                        swah@andersonkill.com


                                        *Attorneys for Plaintiffs*

docs-100217478.1

## APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | BNY Mellon | NY | United States | Humberto Ailinger | PR | TBD | Solatium/ Wrongful Death |
| 2 | Brian Wilkes | NJ | United States | Lorraine Antigua | Fiance | United States | Solatium |
| 3 | John Doe 76 | NY | United States | Lorraine Antigua | PR | United States | Solatium/ Wrongful Death |
| 4 | Joan Ruth Puwalski | NY | United States | Steven J. Bates | Spouse | United States | Solatium |
| 5 | John Doe 70 | NY | United States | Steven J. Bates | PR | United States | Solatium/ Wrongful Death |
| 6 | BNY Mellon as Personal Representative of the Estate of Ivhan Bautista | NY | United States | Ivhan Bautista | PR | Peru | Solatium/ Wrongful Death |
| 7 | Justin Johnson | NJ | United States | Janice Brown | Child | United States | Solatium |
| 8 | John Doe 77 | NY | United States | Janice Brown | PR | United States | Solatium/ Wrongful Death |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

13

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Emily Cournoyer, as Personal Representative of the Estate of Alice Beaton | MA | United States | John Cahill | Sibling (Deceased) | United States | Solatium |
| 10 | Nicole Mayer | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 11 | Pete Carroll | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 12 | Christopher Carroll | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 13 | Michael Carroll | NY | United States | Peter J. Carroll | Child | United States | Solatium |
| 14 | Kevin Carroll | NY | United States | Peter J. Carroll | Sibling | United States | Solatium |
| 15 | Patricia D'Agata | NY | United States | Peter J. Carroll | Sibling | United States | Solatium |
| 16 | Brieann Centro | NY | United States | Alexander Centro, Jr. | Child | United States | Solatium |
| 17 | Alexander Centro | NY | United States | Alexander Centro, Jr. | Child | United States | Solatium |
| 18 | Alexander Centro | NY | United States | Alexander Centro, Jr. | PR | United States | Solatium/ Wrongful Death |
| 19 | Craig Centro | NY | United States | Alexander Centro, Jr. | Child | United States | Solatium |
| 20 | Craig Centro, as Personal Representative of the Estate of Italia Centro | NY | United States | Alexander Centro, Jr. | Parent (Deceased) | United States | Solatium |

docs-100217478.1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 21 | Anthony Chiofalo | NY | United States | Nicholas Chiofalo | Sibling | United States | Solatium |
| 22 | Donna Chiofalo | GA | United States | Nicholas Chiofalo | Sibling | United States | Solatium |
| 23 | Annette Melillo | GA | United States | Nicholas Chiofalo | Sibling | United States | Solatium |
| 24 | Rosemarie Maggiore | NY | United States | Nicholas Chiofalo | Parent | United States | Solatium |
| 25 | George Coughlin, as Personal Representative of the Estate of Mary Elizabeth Coughlin | NJ | United States | John G. Coughlin | Parent (Deceased) | United States | Solatium |
| 26 | George Coughlin | NJ | United States | John G. Coughlin | Sibling | United States | Solatium |
| 27 | Carol L. D'Allara | NY | United States | John D'Allara | PR | United States | Solatium/ Wrongful Death |
| 28 | Daniel D'Allara as Personal Representative of the Estate of John D'Allara, Sr. | NY | United States | John D'Allara | Parent (Deceased) | United States | Solatium |
| 29 | Daniel D'Allara as Personal Representative of the Estate of Helen D'Allara | NY | United States | John D'Allara | Parent (Deceased) | United States | Solatium |
| 30 | John Joseph D'Allara | NY | United States | John D'Allara | Child | United States | Solatium |

15

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 31 | Nicholas Michael D'Allara | NY | United States | John D'Allara | Child | United States | Solatium |
| 32 | Carol L. D'Allara | NY | United States | John D'Allara | Spouse | United States | Solatium |
| 33 | RoseEllen Dowdell | NY | United States | Kevin Christopher Dowdell | Spouse | United States | Solatium |
| 34 | RoseEllen Dowdell | NY | United States | Kevin Christopher Dowdell | PR | United States | Solatium/ Wrongful Death |
| 35 | Patrick Kevin Dowdell | NY | United States | Kevin Christopher Dowdell | Child | United States | Solatium |
| 36 | James Michael Dowdell | NY | United States | Kevin Christopher Dowdell | Child | United States | Solatium |
| 37 | Amy Eberling | NJ | United States | Dean P. Eberling | Spouse | United States | Solatium |
| 38 | Amy Eberling | NJ | United States | Dean P. Eberling | PR | United States | Solatium/ Wrongful Death |
| 39 | Corinne Ardente | NJ | United States | Dean P. Eberling | Child | United States | Solatium |
| 40 | Lauren Eberling | NJ | United States | Dean P. Eberling | Child | United States | Solatium |
| 41 | Beverly Epps | SC | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 42 | Debra Epps | NY | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 43 | Valerie Epps Kendall | NY | United States | Christopher Samuel Epps | Sibling | United States | Solatium |

16

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 44 | Chundera Epps | NY | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 45 | Robert Epps | PA | United States | Christopher Samuel Epps | Sibling | United States | Solatium |
| 46 | John Doe 73, as Personal Representative of the Estate of Geneva Epps | NY | United States | Christopher Samuel Epps | Parent (Deceased) | United States | Solatium |
| 47 | John Doe 74 | NY | United States | Christopher Samuel Epps | PR | United States | Solatium/ Wrongful Death |
| 48 | Theresa Fiorelli | NJ | United States | Stephen J. Fiorelli | Spouse | United States | Solatium |
| 49 | Theresa Fiorelli | NJ | United States | Stephen J. Fiorelli | PR | United States | Solatium/ Wrongful Death |
| 50 | Stephen J. Fiorelli, Jr. | NJ | United States | Stephen J. Fiorelli | Child | United States | Solatium |
| 51 | Christine Epstein | NJ | United States | Stephen J. Fiorelli | Child | United States | Solatium |
| 52 | William Fiorelli | NJ | United States | Stephen J. Fiorelli | Sibling | United States | Solatium |
| 53 | Kenneth Fiorelli | NJ | United States | Stephen J. Fiorelli | Sibling | United States | Solatium |
| 54 | Karen Fiorelli | NJ | United States | Stephen J. Fiorelli | Sibling | United States | Solatium |
| 55 | John Doe 68 | NY | United States | Anthony E. Gallagher | PR | United States | Solatium/ Wrongful Death |
| 56 | Laurie Gambino | FL | United States | Thomas Gambino, Jr. | Sibling | United States | Solatium |
| 57 | Marilyn Hess | FL | United States | Thomas Gambino, Jr. | Parent | United States | Solatium |

17

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 58 | Thomas Gambino, Sr. | FL | United States | Thomas Gambino, Jr. | Parent | United States | Solatium |
| 59 | Keith Gambino | FL | United States | Thomas Gambino, Jr. | Sibling | United States | Solatium |
| 60 | Valerie Gambino | FL | United States | Thomas Gambino, Jr. | Sibling | United States | Solatium |
| 61 | Thomas Gambino, III | NY | United States | Thomas Gambino, Jr. | Child | United States | Solatium |
| 62 | Brian Gambino | FL | United States | Thomas Gambino, Jr. | Child | United States | Solatium |
| 63 | Janet Gambino | NY | United States | Thomas Gambino, Jr. | Spouse | United States | Solatium |
| 64 | Janet Gambino | NY | United States | Thomas Gambino, Jr. | PR | United States | Solatium/ Wrongful Death |
| 65 | John T. Genovese | NY | United States | Steven Genovese | Sibling | United States | Solatium |
| 66 | John T. Genovese as Personal Representative of the Estate of Veronica Genovese | NY | United States | Steven Genovese | Parent (Deceased) | United States | Solatium |
| 67 | John T. Genovese as Personal Representative of the Estate of John G. Genovese | NY | United States | Steven Genovese | Parent (Deceased) | United States | Solatium |
| 68 | John T. Genovese | NY | United States | Steven Genovese | PR | United States | Solatium/ Wrongful Death |

18

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 69 | Patti Ann Valerio | NY | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 70 | Paul Joseph Grzymalski | NY | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 71 | Peter John Grzymalski | NC | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 72 | Joseph Walter Grzymalski | NY | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 73 | Jo Ann McManus | SC | United States | Matthew J. Grzymalski | Sibling | United States | Solatium |
| 74 | Patricia Byrne | NY | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 75 | Patricia Gullickson as Personal Representative of the Estate of Robert Gullickson, Sr. | NY | United States | Joseph Gullickson | Parent (Deceased) | United States | Solatium |
| 76 | Thomas Gullickson | NY | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 77 | Patricia Gullickson | NY | United States | Joseph Gullickson | Parent | United States | Solatium |
| 78 | Ralph Gullickson | NY | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 79 | Robert Gullickson, Jr. | NJ | United States | Joseph Gullickson | Sibling | United States | Solatium |
| 80 | Jake Halloran | NY | United States | Vincent G. Halloran | Child | United States | Solatium |
| 81 | Kieran Halloran | NJ | United States | Vincent G. Halloran | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 82 | Marie Halloran, as Natural Guardian of PH | NY | United States | Vincent G. Halloran | Child (Minor) | United States | Solatium |
| 83 | Declan Halloran | NY | United States | Vincent G. Halloran | Child | United States | Solatium |
| 84 | Marie Halloran | NY | United States | Vincent G. Halloran | Spouse | United States | Solatium |
| 85 | Marie Halloran | NY | United States | Vincent G. Halloran | PR | United States | Solatium/ Wrongful Death |
| 86 | Iris Marie Holohan | NY | United States | Thomas P. Holohan | Mother | United States | Solatium |
| 87 | Mary Alice Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 88 | Megan Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 89 | Sean Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 90 | Aidan Halloran | NY | United States | Vincent G. Halloran | Child | United States | Solatium |
| 91 | Conor Halloran | DC | United States | Vincent G. Halloran | Child | United States | Solatium |
| 92 | John Doe 83, as Personal Representative of the Estate of Timothy Haviland | NY | United States | Timothy Haviland | PR | United States | Solatium/ Wrongful Death |
| 93 | Jesse Kemp | NY | United States | Timothy Haviland | Child | United States | Solatium |

docs-100217478.1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 94 | Barbara Keane, as Personal Representative of the Estate of Amy Haviland | PA | United States | Timothy Haviland | Spouse (Deceased) | United States | Solatium |
| 95 | Harold Hughes | NJ | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 96 | Tara Leonardi | PA | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 97 | Erin Murray as Personal Representative of the Estate of Kevin T. Hughes | NJ | United States | Thomas F. Hughes, Jr. | Sibling (Deceased) | United States | Solatium |
| 98 | Mark F. Hughes | NC | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 99 | Martin S. Hughes as Personal Representative of the Estate of Frances S. Hughes | CA | United States | Thomas F. Hughes, Jr. | Parent (Deceased) | United States | Solatium |
| 100 | Martin S. Hughes | CA | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

03-MDL-1570 (GBD) (SN)

عطف به:

حملات تروریستی 11 سپتامبر 2001

بانک BNY ملون، به عنوان نماینده شخصی ماترک هومبرتو آیلینگر، متوفی، و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده هومبرتو آیلینگر

شماره پرونده مدنی:

برایان ویلکز، انفراداً، به عنوان همسر بازمانده لورین آنتیگوا

**فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه**

جان داو 76، که قصد دارد نماینده شخصی ماترک لورین آنتیگوا، متوفی، باشد و نام مذکور غیرواقعی است؛ چرا که نام واقعی وی در حال حا□ر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده لورین آنتیگوا

جوان روت پوولسکی، انفراداً، به عنوان همسر بازمانده استیون جی. بیتز

جان داو 70، که قصد دارد نماینده شخصی ماترک استیون جی. بیتز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حا□ر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده استیون جی. بیتز

بانک BNY ملون، به عنوان نماینده شخصی ماترک ایوان باتیستا، به عنوان نماینده شخصی ماترک ایوان باتیستا، متوفی، و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده ایوان باتیستا

جاستین جانسون، انفراداً، به عنوان فرزند بازمانده جنیس براون

جان داو 77، که قصد دارد نماینده شخصی ماترک جنیس براون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حا□ر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده جنیس براون

امیلی کورنویر، به‌عنوان نماینده شخصی ماترک آلیس بیتون، متوفی، برادر/□واهر متوفای جان کاهیل

نیکول مایر، انفراداً، به عنوان فرزند بازمانده پیتر جی. کارول

پیت کارول، انفراداً، به‌عنوان فرزند بازمانده پیتر

docs-100217478.1

جی. کارول

کریستوفر کارول، انفراداً، به‌عنوان فرزند بازمانده پیتر جی. کارول

مایکل کارول، انفراداً، به عنوان فرزند بازمانده پیتر جی. کارول

کوین کارول، انفراداً، به عنوان برادر/خواهر بازمانده پیتر جی. کارول

پاتریشیا داگاتا، انفراداً، به عنوان برادر/خواهر بازمانده پیتر جی. کارول

بریان سنترو، انفراداً، به عنوان فرزند بازمانده الکساندر سنترو جونیور

الکساندر سنترو، انفراداً، به عنوان فرزند بازمانده الکساندر سنترو جونیور

الکساندر سنترو ، به عنوان نماینده شخصی ماترک الکساندر سنترو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الکساندر سنترو جونیور

کریگ سنترو، انفراداً، به عنوان فرزند بازمانده الکساندر سنترو جونیور

کریگ سنترو، به عنوان نماینده شخصی ماترک ایتالیا سنترو، متوفی، والد متوفای الکساندر سنترو جونیور

آنتونی چیوفالو، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس چیوفالو

دونا چیوفالو، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس چیوفالو

آنت ملیلو، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس چیوفالو

رزماری مگوایر، انفراداً، به عنوان والد بازمانده نیکلاس چیوفالو

جورج کافلین، به عنوان نماینده شخصی ماترک ماری الیزابت کافلین، متوفی، والد متوفای جان جی. کافلین

جورج کافلین، انفراداً، به عنوان برادر/خواهر بازمانده جان جی. کافلین

کارول ال. دالارا، به عنوان نماینده شخصی ماترک جان دالارا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان دالارا

دانیل دالارا به‌عنوان نماینده شخصی ماترک جان دالارا سنیور، متوفی، والد متوفای جان دالارا

دانیل دالارا به‌عنوان نماینده شخصی ماترک هلن دالارا، متوفی، والد متوفای جان دالارا

جان جوزف دالارا، انفراداً، به عنوان فرزند بازمانده جان دالارا

نیکلاس مایکل دالارا، انفراداً، به عنوان فرزند بازمانده جان دالارا

کارول ال. دالارا، انفراداً، به عنوان همسر بازمانده جان دالارا

رزالین داودل، انفراداً، به عنوان همسر بازمانده کوین کریستوفر داودل

رزالین داودل، به عنوان نماینده شخصی ماترک کوین کریستوفر داودل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کوین کریستوفر داودل

پاتریک کوین داودل، انفراداً، به عنوان فرزند بازمانده کوین کریستوفر داودل

2

docs-100217478.1

جیمز مایکل داودل، انفراداً، به عنوان فرزند بازمانده کوین کریستوفر داودل

امی ابرلینگ، انفراداً، به عنوان همسر بازمانده دین پی. ابرلینگ

امی ابرلینگ، به عنوان نماینده شخصی ماترک دیل پی. ابرلینگ، متوفی، و از □□ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده دین پی. ابرلینگ

کورین آردنته، انفراداً، به عنوان فرزند بازمانده دین پی. ابرلینگ

لورین ابرلینگ، انفراداً، به عنوان فرزند بازمانده دین پی. ابرلینگ

بورلی اپس، انفراداً، به عنوان برادر/□واهر بازمانده کریستوفر سامونل اپس

دبرا اپس، انفراداً، به عنوان برادر/□واهر بازمانده کریستوفر سامونل اپس

والری اپس کندال، انفراداً، به عنوان برادر/□واهر بازمانده کریستوفر سامونل اپس

چاندرا اپس، انفراداً، به عنوان برادر/□واهر بازمانده کریستوفر سامونل اپس

رابرت اپس، انفراداً، به عنوان برادر/□واهر بازمانده کریستوفر سامونل اپس

جان داو 73، به عنوان نماینده شخصی ماترک ژنو اپس، متوفی، والد متوفای کریستوفر سامونل اپس

جان داو 74، که قصد دارد نماینده شخصی ماترک کریستوفر سامونل اپس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حا□ر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده کریستوفر سامونل اپس

ترزا فیورلی، انفراداً، به عنوان همسر بازمانده استفن جی. فیورلی

ترزا فلوریو، به عنوان نماینده شخصی ماترک استفن جی. فلوریو، متوفی، و از □ر□ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده استفن جی. فلوریو

استفن جی. فیورلی جونیور، انفراداً، به عنوان فرزند بازمانده استفن جی. فیورلی

کریستین اپستین، انفراداً، به عنوان فرزند بازمانده استفن جی. فیورلی

ویلیام فیورلی، انفراداً، به عنوان برادر بازمانده استفن جی. فیورلی

کنت فیورلی، انفراداً، به عنوان برادر/□واهر بازمانده استفن جی. فیورلی

کارن فیورلی، انفراداً، به عنوان برادر بازمانده استفن جی.

3

فیورلی

جان داو 68، که قصد دارد نماینده شخصی ماترک آنتونی ای. گالاگر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حار معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از ر تمام بازماندگان و ذینفعان قانونی و اعضایانواده آنتونی ای. گالاگر

لوری گامبینو، انفراداً، به عنوان برادر/واهر بازمانده توماس گامبینو جونیور

مرلین هس، انفراداً، به عنوان والد بازمانده توماس گامبینو جونیور

توماس گامبینو سنیور، انفراداً، به عنوان والد بازمانده توماس گامبینو جونیور

کیت گامبینو، انفراداً، به عنوان برادر/واهر بازمانده توماس گامبینو جونیور

والری گامبینو، انفراداً، به عنوان برادر/واهر بازمانده توماس گامبینو جونیور

توماس گامبینو سوم، انفراداً، به عنوان فرزند بازمانده توماس گامبینو جونیور

برایان گامبینو، انفراداً، به عنوان فرزند بازمانده توماس گامبینو جونیور

جانت گامبینو، انفراداً، به عنوان همسر بازمانده توماس گامبینو جونیور

جانت گامبینو، به عنوان نماینده شخصی ماترک توماس گامبینو جونیور، متوفی، و از ر تمام بازماندگان و ذینفعان قانونی و اعضایانواده توماس گامبینو جونیور

جان تی. جنووس، انفراداً، به عنوان برادر/واهر بازمانده استیون جنووس

جان تی. جنووس به عنوان نماینده شخصی ماترک ورونیکا جنووس، متوفی، والد متوفای استیون جنووس

جان تی. جنووس به عنوان نماینده شخصی ماترک جان جی. جنووس، متوفی، والد متوفای استیون جنووس

جان تی. جنووس، به عنوان نماینده شخصی ماترک استیون جنووس، متوفی، و از ر تمام بازماندگان و ذینفعان قانونی و اعضایانواده استیون جنووس

پتی آن والریو، انفراداً، به عنوان برادر/واهر بازمانده متیو جی. گرزیمالسکی

پل جوز گرزیمالسکی، انفراداً، به عنوان برادر/واهر بازمانده متیو جی. گرزیمالسکی

پیتر جان گرزیمالسکی، انفراداً، به عنوان برادر/واهر بازمانده متیو جی. گرزیمالسکی

4

جوز □ والتر گرزیمالسکی، انفراداً، به عنوان برادر/□واهر بازمانده متیو جی. گرزیمالسکی

جو آن مک‌مانوس، انفراداً، به عنوان برادر/□واهر بازمانده متیو جی. گرزیمالسکی

پاتریشیا بیرن، انفراداً، به عنوان برادر/□واهر بازمانده جوز □ گالیکسون

پاتریشیا گالیکسون به عنوان نماینده شخصی ماترک رابرت گالیکسون سنیور، متوفی، والد متوفای جوز □ گالیکسون

توماس گالیکسون، انفراداً، به عنوان برادر/□واهر بازمانده جوز □ گالیکسون

پاتریشیا گالیکسون، انفراداً، به عنوان والد بازمانده جوز □ گالیکسون

رالف گالیکسون، انفراداً، به عنوان برادر/□واهر بازمانده جوز □ گالیکسون

رابرت گالیکسون جونیور، انفراداً، به عنوان برادر/□واهر بازمانده جوز □ گالیکسون

جیک هالوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هالوران

کیران هالوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هالوران

ماری هالوران، به عنوان سرپرست □بیعی پی‌اچ، فرد زیر سن قانونی، به عنوان فرزند بازمانده وینسنت جی. هالوران

دکلان هالوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هالوران

ماری هالوران، انفراداً، به عنوان همسر بازمانده وینسنت جی. هالوران

ماری هالوران، به عنوان نماینده شخصی ماترک وینسنت جرالد هالوران، متوفی، و از □□ر □ تمام بازماندگان و ذینفعان قانونی و اعضای□انواده وینسنت جی. هالوران

آیریس ماری هولوهان، انفراداً، به عنوان والد بازمانده توماس پی. هولوهان

ماری آلیس هولوهان، انفراداً، به عنوان برادر/□واهر بازمانده توماس پی. هولوهان

مگان هولوهان، انفراداً، به عنوان برادر/□واهر بازمانده توماس پی. هولوهان

سین هولوهان، انفراداً، به عنوان برادر/□واهر بازمانده توماس پی. هولوهان

آیدان هالوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هالوران

کونور هالوران، انفراداً، به عنوان فرزند بازمانده وینسنت جی. هالوران

جان داو 83، که قصد دارد نماینده شخصی ماترک تیموتی هاویلند، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حا□ر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی

به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از □ □ ر □ تمام بازماندگان و ذینفعان قانونی و اعضای □انواده تیموتی هاویلند

جسی کمپ، انفراداً، به عنوان فرزند بازمانده تیموتی هاویلند

باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند، متوفی، همسر متوفای تیموتی هاویلند

هارولد هیوز، انفراداً، به عنوان برادر/□واهر بازمانده توماس ا□. هیوز جونیور

تارا لئوناردی، انفراداً، به عنوان برادر/□واهر بازمانده توماس ا□. هیوز جونیور

ارین موری به عنوان نماینده شخصی ماترک کوین تی. هیوز، متوفی، برادر/□واهر متوفای توماس ا□. هیوز جونیور

مارک ا□. هیوز، انفراداً، به عنوان برادر/□واهر بازمانده توماس ا□. هیوز جونیور

مارتین اس. هیوز به عنوان نماینده شخصی ماترک فرانسیس اس. هیوز، متوفی، والد متوفای توماس ا□. هیوز جونیور

مارتین اس. هیوز، انفراداً، به عنوان برادر/□واهر بازمانده توماس ا□. هیوز جونیور

□واهان(ها)،

- علیه -

جمهوری اسلامی ایران،

□وانده.

□واهان‌های مندرج در اینجا از □ریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه□وانده جمهوری اسلامی ایران ("ایران") در□صوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هریک از□واهان‌ها اتهامات مشخص مندرج در زیر را از □ریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده□واهان‌ها بیمه فدرال و اشتون علیه□وانده، جمهوری اسلامی ایران،ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y (SN)(GBD) 9903-CV-15. تاریخ 8 فوریه (2016، ECF شماره 53.

فرض بر این□واهد بود که هر یک از□واهان(ها) با□رح این فرم کوتاه شکایت از ایران، تمامی اتهامات مبتنی بر حقایق و مبانی حقوقی این شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه

6

پرونده 11767-cv-1:19 سند 5 ارائه شده در 12/27/19 صفحه 7 از 19

شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش علیه بن لادن</u>، به شماره ECF .(S.D.N.Y.) (SN)(GBD) 1:03-CV-9848 شماره‌های 263، 294، 295؛ <u>عطف به حملات تروریستی 11 سپتامبر 2001</u>، پرونده ECF .(S.D.N.Y.) (SN)(GBD) 03-MDL-1570 شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قا خ جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

## مکان

1. این منطقه بر اساس (2)(b)1391 §§ 28 U.S.C. و (1)(f)1391، به عنوان جزئی بنیادی از رویدادهای زمینه‌ساز دعاوی مطرح شده در اینجا که در این منطقه رخ داد است، برای رسیدگی به این دعوا مناسب است. این مکان در این منطقه خبق (a)2334 § 18 U.S.C. مناسب محسوب می‌شود.

## صلاحیت دادگاه

2. صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به (a)1605 § 28 U.S.C. (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28 U.S.C. § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 1605B § 28 U.S.C. (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علت اقدام

3. بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [ <u>**فقط یک شکایت**</u> را علامت بزنید]:

☐ <u>شکایت تجمیعی اصلاح شده</u> خواهان‌ها <u>بیمه فدرال</u> و <u>اشتون</u> علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، <u>برنت علیه جمهوری اسلامی ایران</u>، شماره 15-CV-9903 (GBD)(SN) (S.D.N.Y.) تاریخ 8 فوریه 2016)، ECF شماره 53.

4. به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام ا خافی زیر را نیز مطرح می‌کنند:

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C.

docs-100217478.1

28 B1605§ (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 و ادامه آن. (قانون مبارزه با تروریسم یا ATA)

☐واهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش‌واونده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی‌خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه‌واونده با ارائه عامدانه کمک قابل توجه به دیگران یا ارائه کمک و معا‌دت پردا‌ته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند تو‌نه کرده و این کار موجب نقض 18 U.S.C. § 2333 و ادامه آن شده است.

☐ فرم کوتاه شکایت که ایران اولین علت اقدام برای دریافت جبران‌سارت صدمه شخصی بر اساس 28 B1605 U.S.C. § (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 و ادامه آن. (قانون مبارزه با تروریسم یا ATA)

☐واهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش‌واونده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی‌خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه‌واونده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معا‌دت پردا‌ته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند تو‌نه کرده و این کار موجب نقض 18 U.S.C § 2333 و ادامه آن شده است.

8

**شناسایی خواهان‌های جدید**

5. اتهامات و ادعاهای زیر از رهِ هر یک از افرادی ارائه گردیده که این دعوی را مطرح

می‌کنند، چنانکه در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته

می‌شود.

a. شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b. خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. طبق مندرجات پیوست 1، «خواهان‌ها» (1) نماینده ورثه فرد کشته شده بر اثر «حملات تروریستی 11 سپتامبر 2001»؛ (2) بستگان درجه یک بازمانده فرد کشته شده در «حملات تروریستی 11 سپتامبر 2001»؛ و/یا (3) افراد دچار مصدومیت جسمی بر اثر «حملات تروریستی 11 سپتامبر 2001» هستند.

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر به طور مشخص در ضمیمه 1 ذکر گردیده است.

e. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خواهان‌ده مطرح کرده‌اند، خواهان یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همانگونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f. نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواهان‌ده‌ها در خصوص قتل غیرعمد و/یا دعاوی تر ی‌های‌تر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6. تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7. خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی

9

علیه هر یک از ‌واندهها یا ‌رفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8.    ‌واهانها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در

آینده مجاز بداند، صر‌نظر نمی‌کنند.

**درخواست هیئت منصفه:**

9.    بدین وسیله هر یک از ‌واهانها محاکمه با حضور هیئت منصفه را در ‌صوص دعاوی این اقدام در‌واست

می‌نمایند.

بدین‌وسیله، ‌واهانها در‌واست صدور حکم علیه‌وانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از

ایران را به صورت مقتضی دارند.

تاریخ: 23 دسامبر 2019

تقدیم با احترام،

/امضا/ جری گلدمن
_____

وکیل دعاوی، جری اس. گلدمن
وکیل دعاوی، بروس ای.
استرانگ وکیل دعاوی، سامانتا
ای. اسمیت وکیل دعاوی، استفن
واه
شرکت آندرسون کیل  1251
Avenue of the Americas New
York, New York تلفن: -212
278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
ssmith@andersonkill.com
swah@andersonkill.com

وکلای ‌واهانها

ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضیه‌خاطر/ جراحت شخصی | TBD | پورتو ریکو | هومبرتو آیلینگر | ایالات متحده | نیویورک | بانک BNY ملون | 1 |
| ترضیه‌خاطر | ایالات متحده | نامزد | لورین آنتیگوا | ایالات متحده | نیوجرسی | برایان ویلکز | 2 |
| ترضیه‌خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | لورین آنتیگوا | ایالات متحده | نیویورک | جان دو 76 | 3 |
| ترضیه‌خاطر | ایالات متحده | همسر | استیون جی. بیتز | ایالات متحده | نیویورک | جوان روت پووالسکی | 4 |
| ترضیه‌خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | استیون جی. بیتز | ایالات متحده | نیویورک | جان دو 70 | 5 |
| ترضیه‌خاطر/ جراحت شخصی | پرو | پورتو ریکو | ایوان باتیستا | ایالات متحده | نیویورک | بانک BNY ملون به عنوان نماینده شخصی ماترک ایوان باتیستا | 6 |
| ترضیه‌خاطر | ایالات متحده | کودک | جنیس براون | ایالات متحده | نیوجرسی | جاستین جانسون | 7 |
| ترضیه‌خاطر/ جراحت شخصی | ایالات متحده | پورتو ریکو | جنیس براون | ایالات متحده | نیویورک | جان دو 77 | 8 |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه‌خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100217478.1

پرونده 11767-cv-19:1 سند 5 ارائه شده در 12/27/19 صفحه 12 از 19

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | اتباع اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعی ت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)2 |
|---|---|---|---|---|---|---|---|
| 9 | امیلی کورنویر، به عنوان نماینده شخصی ماترک آلیس بیتون | ماساچوست | ایالات متحده | جان کاهیل | برادر/خواهر (متوفی) | ایالات متحده | تر□یه□خ□ر |
| 10 | نیکول مایر | نیویورک | ایالات متحده | پیتر جی. کارول | کودک | ایالات متحده | تر□یه□خ□ر |
| 11 | پیت کارول | نیویورک | ایالات متحده | پیتر جی. کارول | کودک | ایالات متحده | تر□یه□خ□ر |
| 12 | کریستوفر کارول | نیویورک | ایالات متحده | پیتر جی. کارول | کودک | ایالات متحده | تر□یه□خ□ر |
| 13 | مایکل کارول | نیویورک | ایالات متحده | پیتر جی. کارول | کودک | ایالات متحده | تر□یه□خ□ر |
| 14 | کوین کارول | نیویورک | ایالات متحده | پیتر جی. کارول | برادر/خواهر | ایالات متحده | تر□یه□خ□ر |
| 15 | پاتریشیا داگاتا | نیویورک | ایالات متحده | پیتر جی. کارول | برادر/خواهر | ایالات متحده | تر□یه□خ□ر |
| 16 | بریان سنترو | نیویورک | ایالات متحده | الکساندر سنترو جونیور | کودک | ایالات متحده | تر□یه□خ□ر |
| 17 | الکساندر سنترو | نیویورک | ایالات متحده | الکساندر سنترو جونیور | کودک | ایالات متحده | تر□یه□خ□ر |
| 18 | الکساندر سنترو | نیویورک | ایالات متحده | الکساندر سنترو جونیور | پورتو ریکو | ایالات متحده | تر□یه□خ□ر/ جراحت شخصی |
| 19 | کریگ سنترو | نیویورک | ایالات متحده | الکساندر سنترو جونیور | کودک | ایالات متحده | تر□یه□خ□ر |

docs-100217478.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | اتباع اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؛ |
|---|---|---|---|---|---|---|---|
| 20 | کریگ سنترو، به عنوان نماینده شخصی ماترک ایتالیا سنترو | نیویورک | ایالات متحده | الکساندر سنترو جونیور | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 21 | آنتونی چیوفالو | نیویورک | ایالات متحده | نیکلاس چیوفالو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 22 | دونا چیوفالو | جورجیا | ایالات متحده | نیکلاس چیوفالو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 23 | آنت ملیلو | جورجیا | ایالات متحده | نیکلاس چیوفالو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | رزماری مگوایر | نیویورک | ایالات متحده | نیکلاس چیوفالو | والد | ایالات متحده | ترضیه خاطر |
| 25 | جورج کافلین به عنوان نماینده شخصی ماترک ماری الیزابت کافلین | نیوجرسی | ایالات متحده | جان جی. کافلین | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 26 | جورج کافلین | نیوجرسی | ایالات متحده | جان جی. کافلین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | کارول ال. دالارا | نیویورک | ایالات متحده | جان دالارا | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 28 | دانیل دالارا به‌عنوان نماینده شخصی ماترک جان دالارا سنیور | نیویورک | ایالات متحده | جان دالارا | والد (متوفی) | ایالات متحده | ترضیه خاطر |

docs-100217478.1

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالات اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)و |
|---|---|---|---|---|---|---|---|
| 29 | دانیل دالارا به‌عنوان نماینده شخصی ماترک هلن دالارا | نیویورک | ایالات متحده | جان دالارا | والد (متوفی) | ایالات متحده | تر ۝یه۝ا۝ر |
| 30 | جان جوز۝ دالارا | نیویورک | ایالات متحده | جان دالارا | کودک | ایالات متحده | تر ۝یه۝ا۝ر |
| 31 | نیکلاس مایکل دالارا | نیویورک | ایالات متحده | جان دالارا | کودک | ایالات متحده | تر ۝یه۝ا۝ر |
| 32 | کارول ال. دالارا | نیویورک | ایالات متحده | جان دالارا | همسر | ایالات متحده | تر ۝یه۝ا۝ر |
| 33 | رزالین داودل | نیویورک | ایالات متحده | کوین کریستوفر داودل | همسر | ایالات متحده | تر ۝یه۝ا۝ر |
| 34 | رزالین داودل | نیویورک | ایالات متحده | کوین کریستوفر داودل | پورتو ریکو | ایالات متحده | تر ۝یه۝ا۝/ جراحت شخصی |
| 35 | پاتریک کوین داودل | نیویورک | ایالات متحده | کوین کریستوفر داودل | کودک | ایالات متحده | تر ۝یه۝ا۝ر |
| 36 | جیمز مایکل داودل | نیویورک | ایالات متحده | کوین کریستوفر داودل | کودک | ایالات متحده | تر ۝یه۝ا۝ر |
| 37 | امی ابرلینگ | نیوجرسی | ایالات متحده | دین پی. ابرلینگ | همسر | ایالات متحده | تر ۝یه۝ا۝ر |
| 38 | امی ابرلینگ | نیوجرسی | ایالات متحده | دین پی. ابرلینگ | پورتو ریکو | ایالات متحده | تر ۝یه۝ا۝/ جراحت شخصی |
| 39 | کورین آردنته | نیوجرسی | ایالات متحده | دین پی. ابرلینگ | کودک | ایالات متحده | تر ۝یه۝ا۝ر |
| 40 | لورین ابرلینگ | نیوجرسی | ایالات متحده | دین پی. ابرلینگ | کودک | ایالات متحده | تر ۝یه۝ا۝ر |

14

docs-100217478.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 41 | بورلی اپس | کارولینای جنوبی | ایالات متحده | کریستوفر ساموئل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 42 | دبرا اپس | نیویورک | ایالات متحده | کریستوفر ساموئل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 43 | والری اپس کندال | نیویورک | ایالات متحده | کریستوفر ساموئل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 44 | چاندرا اپس | نیویورک | ایالات متحده | کریستوفر ساموئل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 45 | رابرت اپس | پنسیلوانیا | ایالات متحده | کریستوفر ساموئل اپس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 46 | جان داو 73، به عنوان نماینده شخصی ماترک ژنو اپس | نیویورک | ایالات متحده | کریستوفر ساموئل اپس | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 47 | جان داو 74 | نیویورک | ایالات متحده | کریستوفر ساموئل اپس | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 48 | ترزا فیورلی | نیوجرسی | ایالات متحده | استفن جی. فیورلی | همسر | ایالات متحده | ترضیه خاطر |
| 49 | ترزا فیورلی | نیوجرسی | ایالات متحده | استفن جی. فیورلی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 50 | استفن جی. فیورلی جونیور | نیوجرسی | ایالات متحده | استفن جی. فیورلی | کودک | ایالات متحده | ترضیه خاطر |
| 51 | کریستین اپستین | نیوجرسی | ایالات متحده | استفن جی. فیورلی | کودک | ایالات متحده | ترضیه خاطر |
| 52 | ویلیام فیورلی | نیوجرسی | ایالات متحده | استفن جی. فیورلی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 53 | کنت فیورلی | نیوجرسی | ایالات متحده | استفن جی. فیورلی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 54 | کارن فیورلی | نیوجرسی | ایالات متحده | استفن جی. فیورلی | برادر/خواهر | ایالات متحده | ترضیه خاطر |

15

docs-100217478.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)د | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11ا | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالات اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| تر ﯽﺑﻪ ﯽﺗﺭ/ جراحت شخصی | ایالات متحده | پورتو ریکو | أنتونی ای. گالگر | ایالات متحده | نیویورک | جان داو 68 | 55 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | برادر/ﺧﻮاهر | توماس گامبینو جونیور | ایالات متحده | فلوریدا | لوری گامبینو | 56 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | والد | توماس گامبینو جونیور | ایالات متحده | فلوریدا | مرلین هس | 57 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | والد | توماس گامبینو جونیور | ایالات متحده | فلوریدا | توماس گامبینو سنیور | 58 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | برادر/ﺧﻮاهر | توماس گامبینو جونیور | ایالات متحده | فلوریدا | کیت گامبینو | 59 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | برادر/ﺧﻮاهر | توماس گامبینو جونیور | ایالات متحده | فلوریدا | والری گامبینو | 60 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | کودک | توماس گامبینو جونیور | ایالات متحده | نیویورک | توماس گامبینو سوم | 61 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | کودک | توماس گامبینو جونیور | ایالات متحده | فلوریدا | برایان گامبینو | 62 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | همسر | توماس گامبینو جونیور | ایالات متحده | نیویورک | جانت گامبینو | 63 |
| تر ﯽﺑﻪ ﯽﺗﺭ/ جراحت شخصی | ایالات متحده | پورتو ریکو | توماس گامبینو جونیور | ایالات متحده | نیویورک | جانت گامبینو | 64 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | برادر/ﺧﻮاهر | استیون جنووس | ایالات متحده | نیویورک | جان تی. جنووس | 65 |
| تر ﯽﺑﻪ ﯽﺗﺭ | ایالات متحده | والد (متوفی) | استیون جنووس | ایالات متحده | نیویورک | جان تی. جنووس به عنوان نماینده شخصی ماترک ورونیکا جنووس | 66 |

docs-100217478.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| تریه1ر | ایالات متحده | والد (متوفی) | استیون جنووس | ایالات متحده | نیویورک | جان تی. جنووس به عنوان نماینده شخصی ماترک جان جی. جنووس | 67 |
| تریه1ر/ جراحت شخصی | ایالات متحده | پورتو ریکو | استیون جنووس | ایالات متحده | نیویورک | جان تی. جنووس | 68 |
| تریه1ر | ایالات متحده | برادر/واهر | متیو جی. گرزیمالسکی | ایالات متحده | نیویورک | پتی آن والریو | 69 |
| تریه1ر | ایالات متحده | برادر/واهر | متیو جی. گرزیمالسکی | ایالات متحده | نیویورک | بل جوز گرزیمالسکی | 70 |
| تریه1ر | ایالات متحده | برادر/واهر | متیو جی. گرزیمالسکی | ایالات متحده | کارولینای شمالی | پیتر جان گرزیمالسکی | 71 |
| تریه1ر | ایالات متحده | برادر/واهر | متیو جی. گرزیمالسکی | ایالات متحده | نیویورک | جوز والتر گرزیمالسکی | 72 |
| تریه1ر | ایالات متحده | برادر/واهر | متیو جی. گرزیمالسکی | ایالات متحده | کارولینای جنوبی | جو آن مکمانوس | 73 |
| تریه1ر | ایالات متحده | برادر/واهر | جوز گالیکسون | ایالات متحده | نیویورک | پاتریشیا بیرن | 74 |
| تریه1ر | ایالات متحده | والد (متوفی) | جوز گالیکسون | ایالات متحده | نیویورک | پاتریشیا گالیکسون به عنوان نماینده شخصی ماترک رابرت گالیکسون سنیور | 75 |
| تریه1ر | ایالات متحده | برادر/واهر | جوز گالیکسون | ایالات متحده | نیویورک | توماس گالیکسون | 76 |
| تریه1ر | ایالات متحده | والد | جوز گالیکسون | ایالات متحده | نیویورک | پاتریشیا گالیکسون | 77 |
| تریه1ر | ایالات متحده | برادر/واهر | جوز گالیکسون | ایالات متحده | نیویورک | رالف گالیکسون | 78 |

17

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | اثبات اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 79 | رابرت گالیکسون جونیور | نیوجرسی | ایالات متحده | جوزف گالیکسون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | جیک هالوران | نیویورک | ایالات متحده | وینسنت جی. هالوران | کودک | ایالات متحده | ترضیه خاطر |
| 81 | کیران هالوران | نیوجرسی | ایالات متحده | وینسنت جی. هالوران | کودک | ایالات متحده | ترضیه خاطر |
| 82 | ماری هالوران، به عنوان سرپرست بیمی پی‌اچ | نیویورک | ایالات متحده | وینسنت جی. هالوران | فرزند (زیر سن قانونی) | ایالات متحده | ترضیه خاطر |
| 83 | دکلان هالوران | نیویورک | ایالات متحده | وینسنت جی. هالوران | کودک | ایالات متحده | ترضیه خاطر |
| 84 | ماری هالوران | نیویورک | ایالات متحده | وینسنت جی. هالوران | همسر | ایالات متحده | ترضیه خاطر |
| 85 | ماری هالوران | نیویورک | ایالات متحده | وینسنت جی. هالوران | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 86 | آیریس ماری هولوهان | نیویورک | ایالات متحده | توماس پی. هولوهان | مادر | ایالات متحده | ترضیه خاطر |
| 87 | مری آلیس هولوهان | نیویورک | ایالات متحده | توماس پی. هولوهان | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 88 | مگان هولوهان | نیویورک | ایالات متحده | توماس پی. هولوهان | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 89 | سین هولوهان | نیویورک | ایالات متحده | توماس پی. هولوهان | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 90 | آیدان هالوران | نیویورک | ایالات متحده | وینسنت جی. هالوران | کودک | ایالات متحده | ترضیه خاطر |
| 91 | کونور هالوران | ناحیه کلمبیا | ایالات متحده | وینسنت جی. هالوران | کودک | ایالات متحده | ترضیه خاطر |

18

docs-100217478.1

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | اقامت خواهان در زمان حرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ | |
|---|---|---|---|---|---|---|---|
| جان داو 83، به عنوان نماینده شخصی ماترک تیموتی هاویلند | نیویورک | ایالات متحده | تیموتی هاویلند | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی | 92 |
| جسی کمپ | نیویورک | ایالات متحده | تیموتی هاویلند | کودک | ایالات متحده | ترضیه خاطر | 93 |
| باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند | پنسیلوانیا | ایالات متحده | تیموتی هاویلند | همسر (متوفی) | ایالات متحده | ترضیه خاطر | 94 |
| هارولد هیوز | نیوجرسی | ایالات متحده | توماس ا. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر | 95 |
| تارا لئوناردی | پنسیلوانیا | ایالات متحده | توماس ا. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر | 96 |
| ارین مورای به عنوان نماینده شخصی ماترک کوین تی. هیوز | نیوجرسی | ایالات متحده | توماس ا. هیوز جونیور | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر | 97 |
| مارک ا. هیوز | کارولینای شمالی | ایالات متحده | توماس ا. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر | 98 |
| مارتین اس. هیوز به عنوان نماینده شخصی ماترک فرانسیس اس. هیوز | کالیفرنیا | ایالات متحده | توماس ا. هیوز جونیور | والد (متوفی) | ایالات متحده | ترضیه خاطر | 99 |
| مارتین اس. هیوز | کالیفرنیا | ایالات متحده | توماس ا. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر | 100 |

19

1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001<br><br>BNY MELLON et al.,<br><br>             PLAINTIFFS,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>             DEFENDANT. | As relates to 03 MDL 1570 (GBD) (SN)<br><br>Civil Docket Number:  1:19-cv-11767 |

## NOTICE OF SUIT

1. Title of legal proceeding:

   *BNY Mellon et al. v. Islamic Republic of Iran*

   Full Name of Court:

   United States District Court for the Southern District of New York

   Docket Number:

   1:19-cv-11767

   Judge:

   United States District Judge George B. Daniels

2. Name of foreign state concerned:    The Islamic Republic of Iran

3. Identity of the other Parties:    None

4. Nature of documents served:    Summons and Complaint (in English and Farsi)

5. Nature and Purpose of Proceedings:    Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of American on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.  The conspiracy among the defendant to commit acts of international terrorism against the United States, its nationals and allies, including the aiding and abetting of, and provision of material support and resources to, al Qaida and/or affiliated foreign

<div align="right">
terrorist organizations commercial entities,
persons and other parties.
</div>

6.   A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7.   The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.   Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.

Dated:  December 31, 2019

Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

<div align="center">2</div>

دادگاه ناحیه‌ای ایالات متحده
منطقه جنوب نیویورک

| | |
|---|---|
| (03 MDL 1570 (GBD) (SN مربوط به | در پرونده عطف به حملات تروریستی 11 سپتامبر 2001 |
| | آگوست بانک BNY ملون و دیگران، |
| پرونده‌ی مدنی به شماره: 1:19-cv-11767 | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده. |

**اخطار دادرسی**

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | *بانک BNY ملون و دیگران علیه جمهوری اسلامی ایران* |
| | نام کامل دادگاه: | دادگاه ناحیه‌ای ایالات‌متحده در منطقه جنوب نیویورک |
| | شماره پرونده: | 1:19-cv-11767 |
| | قاضی: | جورج بی. دنیلز، قاضی ناحیه‌ای ایالات‌متحده |
| 2. | نام دولت خارجی مرتبط: | جمهوری اسلامی ایران |
| 3. | هویت دیگر طرف‌ها: | هیچ |
| 4. | ماهیت اسناد ابلاغ شده: | احضاریه و شکایت (به زبان انگلیسی و فارسی) |
| 5. | ماهیت و هدف اقدامات قضایی: | دعوا برای جبران خسارت برگ غیرمنصفانه و دیگر صدمات ناشی از حملات تروریستی صورت گرفته در ایالات‌متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت و همکاری با دیگر طرف‌ها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات‌متحده آمریکا، اتباع و هم‌پیمانان آن و نیز کمک‌رسانی مادی به طرف‌های مرتبط/برنامه‌ریزی حملات تروریستی که به صورت مستقیم، آگاهانه و پیش‌بینی شده منجر به حمله 11 سپتامبر شده است، تحت پیگرد قرار گرفته است. همچنین خواندها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات‌متحده آمریکا، اتباع و هم‌پیمانان آن، شبکه همکاری و همکاری، و کمک‌رسانی مادی به القاعده و/یا سازمان‌های تروریستی خارجی وابسته، نهادهای تجاری، افراد و دیگر طرف‌ها بوده است. |
| 6. | پاسخ «احضاریه» و «شکایت» باید ظرف مدت شصت (60) روز از تاریخ دریافت این اسناد به دادگاه تسلیم شود. امکان گنجاندن دفاعیه قضایی (شامل دفاعیه مربوط به مصونیت دولتی) در پاسخ وجود دارد. | |
| 7. | قصور در ارائه پاسخ بهنگام به دادگاه ممکن است به صدور حکم غیابی و درخواست اجرای حکم منجر شود. اگر حکم غیابی صادر شده باشد، ممکن است روالی برای باطل کردن یا باز کردن حکم وجود داشته باشد. | |

8.   پرسش‌های مربوط به مصونیت دولتی و صلاحیت دادگاه‌های ایالات‌تحده برای رسیدگی به دعوا علیه دولت‌های خارجی مشمول قانون 1976 مصونیت دولت‌های خارجی است که در بخش‌های d)1441، (f)1391 ،1330) و 1602 تا 1611 از عنوان 28 قانون ایالات‌تحده (Pub. L. 94–583; 90 Stat. 2891). این بخش‌های قانون ایالات‌تحده به زبان‌های انگلیسی و فارسی پیوست شده است.

تاریخ:  31 دسامبر 2019

---

جری گلدمن
اندرسون کیل (Anderson Kill P.C.)
1251 Avenue of the Americas
New York, New York
تلفن: 212-278-1000
jgoldman@andersonkill.com
*وکلای خواهان‌ها*

2

I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >
PART IV. JURISDICTION AND VENUE  >  CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**   The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil
action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief
in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this
*title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**   Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have
jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**   For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with
respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of
this *title [28 USCS §§ 1605-1607]*.

II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL
PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 87. DISTRICT COURTS;
VENUE*

## § 1391. Venue generally

 **(f)**  Civil actions against a foreign state.  A civil action against a foreign state as defined
in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

   **(1)**  in any judicial district in which a substantial part of the events or omissions giving
   rise to the claim occurred, or a substantial part of property that is the subject of the
   action is situated;

   **(2)**  in any judicial district in which the vessel or cargo of a foreign state is situated, if
   the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

   **(3)**  in any judicial district in which the agency or instrumentality is licensed to do
   business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

### *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

 **(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter *[28 USCS § 1446(b)]* may be enlarged at any time for cause shown.

### *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

## § 1602. Findings and declaration of purpose

        The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter *[28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

#### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### *28 USCS § 1604*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

#### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.
JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE
CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

> **(a)**  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
>> **(1)**  in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;
>>
>> **(2)**  in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;
>>
>> **(3)**  in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;
>>
>> **(4)**  in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;
>>
>> **(5)**  not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—
>>
>>> **(A)**  any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>>>
>>> **(B)**  any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or
>>
>> **(6)**  in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)**  notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)**  notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)**  Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)**  [Repealed]

**(g)** Limitation on discovery.

    **(1)** In general.

        **(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

        **(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

    **(2)** Sunset.

        **(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

        **(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

        **(i)** create a serious threat of death or serious bodily injury to any person;

        **(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

        **(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

        **(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

        **(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

        **(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

    **(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

    **(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

    **(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

    **(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),

any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

    **(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

    **(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

    **(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

    **(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

    **(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

(II)   in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

(ii)   the claimant or the victim was, at the time the act described in paragraph (1) occurred—

(I)   a national of the United States;

(II)   a member of the armed forces; or

(III)   otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

(IV)   in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

(B)   the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

(b)   Limitations.  An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

(1)   10 years after April 24, 1996; or

(2)   10 years after the date on which the cause of action arose.

(c)   Private right of action.  A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

(1)   a national of the United States,

(2)   a member of the armed forces,

(3)   an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (_42 U.S.C. 10603c_), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this _title [28 USCS § 1292(b)]_.

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [_28 USCS § 1610_];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

(3) Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

(h) Definitions.  For purposes of this section—

(1) the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

(2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

(3) the term "material support or resources" has the meaning given that term in section 2339A of title 18;

(4) the term "armed forces" has the meaning given that term in section 101 of title 10;

(5) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

(6) the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

(7) the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

(a) Definition.  In this section, the term "international terrorism"

(1) has the meaning given the term in *section 2331 of title 18, United States Code*; and

(2) does not include any act of war (as defined in that section).

(b) Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

(1) an act of international terrorism in the United States; and

(2) a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)**   Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)**   Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)**   for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)**   arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.


### 28 USCS § 1608
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

(a)  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1)  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2)  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3)  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or

(4)  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

(b)  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1)  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2)  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

      **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

      **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

      **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

      **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

      **(c)** Service shall be deemed to have been made—

      **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

      **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

      **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

      **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

      Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

## 28 USCS § 1610
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

(a)  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

(1)  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

(2)  the property is or was used for the commercial activity upon which the claim is based, or

(3)  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

(4)  the execution relates to a judgment establishing rights in property

(A)  which is acquired by succession or gift, or

(B)  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

(5)  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6)  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7)  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

(b)  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

 **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

 **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

 **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

 **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

 **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

 **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

 **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

 **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

 **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

**(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

**(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

**(B)** In providing such assistance, the Secretaries

**(i)** may provide such information to the court under seal; and

**(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

**(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

**(g)** Property in certain actions.

**(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

**(A)** the level of economic control over the property by the government of the foreign state;

**(B)** whether the profits of the property go to that government;

**(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

**(D)** whether that government is the sole beneficiary in interest of the property; or

**(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

**(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

    **(3)**  Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

<u>28 USCS § 1611</u>
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

    **(a)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

    **(b)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

    **(1)**  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

    **(2)**  the property is, or is intended to be, used in connection with a military activity and

    **(A)**  is of a military character, or

    **(B)**  is under the control of a military authority or defense agency.

    **(c)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

## یک.   *28 USCS ξ 1330*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28.دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه دعوا را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش (a)1603 این *عنوان /28 USCS ξ 1603(a)]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمو~ مصونیت در برابر بخش‌های 1607-1605 این *عنوان /28 USCS ξξ 1605-1607]* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)   در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان /28 USCS ξ 1608]* انجام شده باشد.

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این *عنوان /28 USCS ξξ 1605-1607]* ناشی شده باشد.

## دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f)   اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش (a)1603 این *عنوان /28 USCS ξ 1603(a]* تعریف شده قابل انجام است.-

(1)   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعا~ منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمو~ اقدام است در آنجا قرار گرفته باشد؛

(2)   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش (b)1605 این *عنوان /28 USCS ξ 1605(b]* مطرح شده باشد؛

(3)   در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حا~ انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش (b)1603 این *عنوان 28 USCS ξ 1603b]* مطرح شده باشد؛ یا

(4)   در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

## *28 USCS § 1441*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

(d) اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش 1603(a) این عنوان *[28 USCS § 1603(a)]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش 1446(b) این فصل *[28 USCS § 1446(b)]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *28 USCS § 1602*

جاری از طریق PL 115-181 تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[28 USCS §§ 1602 et seq.]* تعیین شوند.

**_28 USCS § 1603_**

**جاری از طریق PL 115-181□تاریخ□تأیید 6/5/18**

خدمات قانون ایالات متحده - عناوین ۱□تا 54

عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.

مصونیت‌های قضایی دولت‌های خارجی

**§1603□تعاریف**

برای اهداف این فصل [28 USCS §§ 1602 et seq.]

(a)   یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [28 USCS § 1608]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

(b)   یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است –

(1)   که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

(2)   یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

(3)   که شهروند دولت ایالات متحده بنا به تعریف بخش 1332(c) و (e) این عنوان [28 USCS § 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

(c)   "ایالات متحده" شامل تمام قلمرو و آب□ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

(d)   "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

(e)   یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

**28 USCS § 1604**

**جاری از طریق PL 115-181□تاریخ□تأیید 6/5/18**

خدمات قانون ایالات متحده - عناوین ۱□تا 54 عنوان 28.

دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی**

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1607-1605 این فصل [28 USCS §§ 1605-16071].

**28 USCS § 1605**

**جاری از طریق PL 115-181□تاریخ□تأیید 6/5/18**

خدمات قانون ایالات متحده - عناوین ۱□تا 54 عنوان 28.

دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

(1) که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند براساس اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

(2) که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

(A) هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا با نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده بر اساس چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش 28 USCS § 16071 مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه—

(1) ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول‬ خواهد بود؛ و

(2)   ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ‬رف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

(c)   هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول‬ قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول‬ باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش آن از ارز ‬ کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارز ‬ مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول‬ درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچیک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d)   دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 USCS §§ 31301 and in .et seq] و همچنین بر اساس اصول‬ قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

(e)، (f) [منسوخ شد]

(g) محدودیت کشف.

(1)   بطور کلی.

(A)   در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ § USCS 28 1604]،همچنین بخش 1605A یا بخش 1605B یا A1605 § USCS 28 یا B1605] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

(B)   توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

(2)   شرط افول.

(A)   در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

(B)   پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانچه دادگاه احتمال قابل توجهی بدهد که این کار

(i)   موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

(ii)   بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

(iii)   مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

(3)   ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

(4)   منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 12(b)(6) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

(5)   رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که بطور معمول در دسترس ایالات متحده است.

(h) مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

**(1)** به‌طور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول☐ نگهداری از چنین اثری است و ایالات متحده و یک یا چند مؤسسه فرهنگی با آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 ( 22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازیها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معنای آن بخش فرعی صورت گرفته باشد اعمال☐ نمی‌شود و

**(i)** امو☐ مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طو☐ دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش USCS 28 (d) 1603 [§ 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعما☐ صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معنای آن بخش فرعی صورت گرفته باشد اعما☐ نمی‌شود و

**(i)** امو☐ مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

**(iii)** تملک پس از س☐ 1900 رخ داده است؛

(iv) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش (d)1603 [(28 USCS § 1603(d] تعریف شده است؛ و

(v) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعما‌ صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(3) تعاریف. برای اهداف این بخش فرعی

(A) اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

(B) اصطلاح "دولت تحت پوشش" یعنی

(i) دولت آلمان در طو‌ دوره تحت پوشش؛

(ii) هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغا‌ شده بود؛

(ii) هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغا‌ شده بود؛ و

(iv) هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

(C) اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنا‌‌روریسم در مورد مصونیت قضایی یک دولت خارجی

(a) بطور کلی.

(1)   عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغا‌ یا سازمان خود عمل می‌کند، صورت گرفته باشد.

(2)   استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

(A)   (I) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمو‌ عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

(II)در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش (3)(c)1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 1605(a)7) (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008] یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش (c) 101) قسمت A قانون عمومی 104-208 [*USCS § 1605 28*] تبصره] مطرح شده باشد؛

(ii) مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

    (I)    تبعه ایالات متحده باشد؛

    (II)    عضو نیروهای مسلح باشد؛ یا

    (III)    به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

    (IV)    در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

(B) اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره EGS) 1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

(b) محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده باشد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 7(a)1605) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش (c) 101) قسمت A قانون عمومی 104-208 [*USCS 5 1605 28*] تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

    (1)    10 سال پس از 24 آوریل 1996؛ یا

    (2)    10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

(c) حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (i)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

    (1)    تبعه ایالات متحده باشد،

    (2)    یک عضو نیروهای مسلح باشد،

    (3)    یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

(4)   نماینده قانونی شخص شرح داده شده در بندهای (2)، (1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعما‌‌‌‌ شرح داده شده در بخش (a)(1) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعما‌‌ مقامات، کارکنان، یا عوامل خود مسئو‌‌ است.

(d)   خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی امو‌‌، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و امو‌‌، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

(e)   سرپرستان ویژه.

(1)   [1] به‌طور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

(2)   انتقا‌‌ وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم س‌‌ 1984 (*U.S.C. 10603c 42*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که در پرونده‌ای مورد رسیدگی مطرح شده و حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصو‌‌ بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

(f)   درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که به‌طور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292 این عنوان/*28 USCS § 1292(b)]/(USCS § 1292(b)* مطرح گردد.

(g)   مقررات مربوط به امو‌‌.

(1)   به‌طور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقو‌‌ باشد که——

(A)   مشمو‌‌ ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 76701*] باشد؛

(B)   در آن ناحیه قضایی واقع شده باشد؛ و

(C)   سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنتر‌‌ هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنتر‌‌ باشد.

(2)   ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنتر‌‌ هر خوانده به آن پیوست باشد.

(3) قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان [*1651 USCS §§ 28 et seq*.] قابل اجرا باشد.

(h) تعاریف. برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکو□ اعما□ غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت *[(22)(a)1101 .U.S.C 8]* است؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 *[(i)2405 .App .U.S.C 50]* [*46050 § USCS 50*])، بخش 620A قانون کمک خارجی 1961 *(2371 .U.S.C 22)* ، بخش 40 قانون کنتر□ صادرات اسلحه *(2780 .U.S.C 22)*، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفا□ت از قربانی در برابر شکنجه سا□ 1991 *(1350 .U.S.C 28* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص□تروریسم بین‌المللی علیه ایالات متحده

(a) تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده* است؛ و

(2) شامل هیچگونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا امو□ یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغا□ یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعما□ دولت خارجی رخ داده باشد.

(c)   دعاوی اتباع ایالات متحده. علی‌رغم بخش (2)2337 عنوان 18 *(2)2337 § USCS 18/*، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *2333 § USCS 18/ عنوان* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

(d)   قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
### جاری از طریق PL 115-181 تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [1605 § USCS 28 یا 1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبل خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
### جاری از طریق PL 115-181 تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

(a)   که در قبل آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [28 USCS § 1605 با 1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b)   ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c)   تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**

جاری از طریق PL 115-181⬜تاریخ⬜تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین ۱⬜تا ۵۴ عنوان ۲۸. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل ۹۷. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a)   در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)   با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2)   اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)   اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه؛ یا

(4)   اگر ابلاغ را نتوان ظرف مدت ۳۰ روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b)   در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)   با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2)   اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)   اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A)   بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

‏(B)‏ با هر نوع پستی که نیازمند رسید امضا شده باشد، خطا☐ به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارس☐ توسط منشی دادگاه، یا

‏(C)‏ طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

‏(c)‏ ابلاغ در موارد زیر، محقق شده تلقی خواهد شد -

‏(1)‏ در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقا☐ ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

‏(2)‏ در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به رو☐ ابلاغ مورد استفاده.

‏(d)‏ در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ☐رف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

‏(e)‏ محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را در خصوص غرامت و با استفاده از شواهد مورد قبو☐ دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس رو☐ تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارس☐ می‌شود.

## 28 USCS §1609
### جاری از طریق PL 115-181 ☐تاریخ ☐أیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 ☐ا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### § 1609. مصونیت در برابر☐وقیف امو☐ دولت خارجی

امو☐ یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

**28 USCS § 1610**

**جاری از طریق PL 115-181⬜تاریخ⬜تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین ۱⬜ا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1610. موارد استثنای مصونیت از⬜توقیف یا اجرای حکم**

(a)     امو⬜ دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از اینکه این قانون مصون باشد، چنانچه ——

(1) دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند طبق اصو⬜ آن را برای اعما⬜ آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2) از امو⬜ برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

(3) اجرای حکم مربوط به حکمی است که حقوقی را در خصوص امو⬜ پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا امو⬜ تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

(4) اجرای حکم مربوط به حکمی است که حقوقی را در خصوص امو⬜ پدید می‌آورد

(A) که از طریق ار⬜ یا به‌عنوان هدیه کسب شده باشد یا

(B) غیرمنقو⬜ بوده و در ایالات متحده واقع شده باشد: به شرطی که، از این امو⬜ برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

(5) امو⬜ شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

(6) حکم بر اساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقتنامه داوری ناسازگار نباشد، یا

(7) حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش 1605(a)(7) [سابقاً 28 USCS § 1605(a)(7)] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه امو⬜ در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(b)     علاوه بر بخش فرعی (a)، هرگونه امو⬜ یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از اینکه این قانون مصون باشد، چنانچه ——

(1) سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند طبق اصو⬜ آن را برای اعما⬜ آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2) حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش (3) ، (2)(1605(a)، یا (5) ، یا (5) یا 1605(b) این فصل [28 USCS 5 1605(a)(2)، (3)، یا (5)، یا 1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه امو⬜

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

(3) حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] یا بخش(7)(a)1605) این فصل [سابقاً (7)(a)1605 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموﺍ در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(c) توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش (e)1608) این فصل [(e)1608 § USCS 28] سپری شده است.

(d) اموﺍ دولت خارجی بنا به تعریف بخش(a)1603) این فصل [(a)1603 § USCS 28] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه —

(1) دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپسگیری چشم‌پوشی که دولت خارجی می‌تواند برای اعماﺍ آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

(2) هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است صادر شود علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

(e) کشتی‌های دولت خارجی نباید از توقیف عینی، فروﺍ بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش (d)1605) [(d)1605 § USCS 28] آمده است، مصون باشند.

(f) (1) (A) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش(f)208) قانون مأموریت خارجی ( 22 U.S.C. 4308(f)، و بجز موارد استثناء مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش (5)(b) قانون تجارت با دشمن (50 U.S.C. 4305(b) [(5(b) 50 USCS 5 4305(b])، بخش(a)620) قانون کمک خارجی 1961 (22 U.S.C. 2370(a))، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( 50 U.S.C. 1702-1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشموﺍ اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموﺍ مذکور بر اساس بخش(7)(a)1605) [(7)(a)1605 § USCS 28] (نافذ پیش از تصویب بخش 1605A [مصوﺍ 28 ژانویه 2008]) یا بخش 1605A [5 1605A1 USCS 28] شامل مصونیت نیست.

(B) چنانچه در زمانی که اموﺍ توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموﺍ مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی که به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعماﺍ گردد.

(A) بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش(7)(a)1605) [(7)(a)1605 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوﺍ 28 ژانویه 2008]) یا بخش 1605A [1605A1 § USCS 28] مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموﺍ دولت خارجی یا نهاد یا سازمان چنان دولتی مبذوﺍ نمایند.

(B) وزرای مذکور در ارائه چنان کمکی

(i) می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

(ii) باید هرگونه تلاﺍ لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشاﺍ ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه اموﺍ اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) را برای حفظ امنیت ملی چشم‌پوشی کند.

(g) امو در برخی اقدامات.

(1) به‌طور کلی. در خصوص بند (3)، امو دولت خارجی
که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و امو
سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی
جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمو
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است،
صرف‌نظر از

(A) سطح کنتر اقتصادی بر امو توسط دولت یا حکومت خارجی؛

(B) اینکه آیا منافع امو در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C) میزان مدیریت امو یا کنتر امور روزانه آن توسط مقامات آن دولت؛

(D) اعم از اینکه دولت تنها ذینفع منافع آن امو است یا خیر؛ یا

(E) اعم از اینکه اثبات مجزا بودن امو موجب خواهد شد که دولت خارجی مشمو مزایایی
در دادگاه‌های ایالات متحده شده و در عین ح از تعهدات خود اجتنا کند.

(2) قابل اعما نبودن مصونیت حکومت ایالات متحده. هیچ یک از امو یک دولت خارجی، یا سازمان
یا نهاد دولت خارجی که بند (1) در مورد آن اعما می‌شود، نباید در توقیف در کمک به اجرای حکم یا اجرای حکم، بر اساس حکم
صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این امو به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §1701 et
seq.] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک امو شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از
اختیار دادگاه برای جلوگیری از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قب اقدام منجر به حکم مربوط به
امو مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

## 28 USCS §1611
### جاری از طریق PL 115-181 اریخ أیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 ا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### §1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند

(a) علیرغم مفاد بخش 1610 این فصل [28 USCS § 16101]، امو سازمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌ها ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را
دارند نباید مشمو توقیف یا هرگونه رویه قضایی شوند که موجب اختلا در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالتند می‌گردد.

(b) علیرغم مفاد بخش 1610 این فصل [28 USCS 1610]، امو دولت خارجی باید از توقیف و اجرای
حکم مصون باشد، چنانچه ——

(1) امو متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حسا خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئو آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A)   دارای ماهیت نظامی باشد، یا

(B)   تحت کنترل مقام نظامی سازمان دفاع باشد.

(c)   علی‌رغم مفاد بخش ۱۶۱۰ این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش ۳۰۲ قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال ۱۹۹۶ [ 22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| BNY MELLON *et al.* | Civil Docket Number: 1:19-cv-11767 |
| PLAINTIFFS, | **AFFIDAVIT OF TRANSLATOR** |
| v. | ECF CASE |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

STATE OF NEW YORK      )
                                            ) ss:
COUNTY OF NEW YORK   )


I, Joyce Chen, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

    a. Summons with appendix
    b. Complaint with appendix
    c. Civil cover sheet with appendix
    d. Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391, 28. U.S.C. 1441, and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4.  The translations of the source documents listed above were made by a translator who holds a BA in English and an MA in Translation. They have been a legal language consultant and translator for over 20 years.

5.  TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

6.  Pursuant to CPLR 2101, the translation is accurate.



_____
Joyce Chen, Project Manager


Sworn to before me
this __03__ day of __January__, 20_20_

_____
Notary Public

WENDY POON
NOTARY
NO. 01PO8356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

docs-100218452.1