# EXHIBIT D



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: BODNER V. ISLAMIC REP. OF IRAN
Date: 5/12/2020 3:59:59 PM
Register: ACS Cash
Transaction: 15037390
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|---|---|---|---|---|
| 1 | 51 | | | $2,275.00 |
| LETTERS ROGATORY/FSIA FEE | | | | CHF 2'275.00 |

| | |
|---|---|
| **Balance** | $2,275.00 |
| **Amount Paid** | $2,275.00 |
| **Change** | $0.00 |

CUSTOMER COPY

**ALL TRANSACTIONS ARE FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

46978



United States Department of State

*Washington, D.C. 20520*

July 21, 2020

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN)**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1083-IE, dated June 28, 2020 and delivered on June 29, 2020. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs



SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland )
ı, Canton of Bern ) SS:
assy of the United States of America )

ayward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland, fy that this is a true copy of Embassy note number 27168 dated May 12, 2020, which was smitted to the Swiss Ministry of Foreign Affairs on May 13, 2020 for further transmission to American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)



*Embassy of the United States of America*

May 12, 2020

CONS NO. 27168

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Deborah Bodner, et al. V. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN)

REF: ----

The Department of State has requested the delivery of the enclosed Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Deborah Bodner, et al. V. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA BERN

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776, which is pending in the U.S. District Court Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons, Civil Cover Sheet, and Iran Short Form Complaint herewith. The U.S. District Court Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, and Iran Short Form Complaint, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
nbassy of the United States of America )

ertify that the annexed document bears the genuine seal of the Swiss Federal Department of reign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing is true d correct.

(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

25709

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27168 dated May 12, 2020 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776 (GBD) (SN)

- Note No. 1083-IE addressed to the Government of the Islamic Republic of Iran

dated June 28, 2020 and proof of service, dated June 29, 2020 as well as the certification by the Swiss Federal Chancellery dated July 14, 2020.

The section has received the above mentioned documents on June 1, 2020. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on June 29, 2020. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Bern, July 14, 2020

EIDGENÖSSISCHES DEPARTEMENT FÜR AUSWÄRTIGE ANGELEGENHEITEN

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Bern



SPECIFIC AUTHENTICATION CERTIFICATE

Co[illegible]eration of Switzerland )
Ber[illegible]anton of Bern ) SS:
Em[illegible]sy of the United States of America )

I, [illegible]ward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland, c[illegible]y that this is a true copy of Embassy note number 27169 dated May 12, 2020, which was tr[illegible]mitted to the Swiss Ministry of Foreign Affairs on May 13, 2020 for further transmission to t[illegible]merican Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Hayward M. ALTO
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1083-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776, which is pending in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons, Civil Cover Sheet, and Iran Short Form Complaint herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, and Iran Short Form Complaint, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, June 28, 2020

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Patricia Weber Singh, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1083-IE, dated June 28, 2020. The delivery of this note and its enclosures was attempted on June 29, 2020 but the Iranian Ministry of Foreign Affairs refused its acceptance.

Patricia Weber Singh
Head of the Foreign Interests Section

Tehran, June 29, 2020

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** P. Weber Singh
3. **acting in the capacity of officer**
4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

**Certified**

5. **at Berne** 6. **the** 14 July 2020
7. **by** Maya Fontaine
   **functionary of the Swiss federal Chancellery**
8. **No** 013303
9. **Seal/stamp:** 10. **Signature:**

Swiss federal Chancellery

<u>ترجمه غیر رسمی</u>

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE– 1083

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان دبورا بودنر و دیگران، بر علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:19-cv-11776 که در دادگاه ناحیه ای ایالات متحده آمریکا ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده آمریکا ناحیه جنوب نیو یورک، یک فقره احضاریه، برگه جلد درخواست مدنی و فرم کوتاه شکایت از ایران را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحده، خوانده یک پرونده می بایست ظرف ۶۰ روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفاعیه از طرف خود را داشته باشد. لذا، سفارت در خواست می نماید که احضاریه، برگه جلد درخواست مدنی و شکایت ضمیمه، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه احضاریه، برگه جلد درخواست مدنی و فرم کوتاه شکایت از ایران، یک فقره اخطار دادرسی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

EMBASSY OF SWITZERLAND IN IRAN *

تهران، بتاریخ هشتم تیر ماه ۱۳۹۹ (۲۸ ژوئن ۲۰۲۰)

پیوست: ۱- احضاریه، برگه جلد درخواست مدنی، فرم کوتاه شکایت از ایران، اخطار دادرسی
۲- ترجمه ها

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**

28 USC 1608 Summons IH 6
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| DEBORAH BODNER, et al. (see appendix)<br>Plaintiff | ) | |
| v. | ) | Civil Action No. |
| ISLAMIC REPUBLIC OF IRAN<br>Defendant | ) | |

SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)
ISLAMIC REPUBLIC OF IRAN
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY 10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: 1/2/2020

/s/ P. Canales
Signature of Clerk or Deputy Clerk



28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

- I personally served the summons on the individual at *(place)* ______________________ on *(date)* ______________ ; or

- I left the summons at the individual's residence or usual place of abode with *(name)* ______________________ , a person of suitable age and discretion who resides there, on *(date)* ______________ , and mailed a copy to the individual's last known address; or

- I served the summons on *(name of individual)* ______________________ , who is designated by law to accept service of process on behalf of *(name of organization)* ______________________ on *(date)* ______________ ; or

- I returned the summons unexecuted because ______________________ ; or

- Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

**APPENDIX**

Deborah Bodner, individually, as surviving sibling of Thomas F. Hughes, Jr.

Matthew Casey, individually, as surviving child of Kathleen Hunt-Casey

Kevin Casey, individually, as surviving spouse of Kathleen Hunt-Casey

Kevin Casey, as the Personal Representative of the Estate of Kathleen Hunt-Casey, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathleen Hunt-Casey

Ben Huttler, individually, as surviving child of Joseph S. Huttler

Frida Huttler, individually, as surviving child of Joseph S. Huttler

Gideon Huttler, individually, as surviving child of Joseph S. Huttler

Miriam Zehava Huttler, individually, as surviving spouse of Joseph S. Huttler

Miriam Zehava Huttler, as the Personal Representative of the Estate of Joseph S. Huttler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph S. Huttler

Anne Ielpi, individually, as surviving parent of Jonathan Ielpi

AnneMarie Holleran, individually, as surviving sibling of Jonathan Ielpi

Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev, deceased, the late parent of Daniel Ilkanayev

Laura Israilov, individually, as surviving sibling of Daniel Ilkanayev

Matthew Jordan, individually, as surviving child of Andrew Jordan

Kelsey Jordan, individually, as surviving child of Andrew Jordan

Sean Jordan, individually, as surviving child of Andrew Jordan

Lisa Jordan, individually, as surviving spouse of Andrew Jordan

Lisa Jordan, as the Personal Representative of the Estate of Andrew Jordan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Andrew Jordan

Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski, deceased, the late parent of Charles Henry Karczewski

Donna Cavanaugh, individually, as surviving sibling of Charles Henry Karczewski

Henry Karczewski, individually, as surviving parent of Charles Henry Karczewski

Philomena Ann Karczewski, individually, as surviving spouse of Charles Henry Karczewski

Philomena Ann Karczewski, as the Personal Representative of the Estate of Adianes Oyola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles Henry Karczewski

Daniel T. Kirwin, individually, as surviving sibling of Glenn Kirwin

Peter M. Kirwin, individually, as surviving sibling of Glenn Kirwin

Case 1:19-cv-11776-GBD Document 89 Filed 12/30/20 Page 4 of 66

Andrew Kirwin, individually, as surviving sibling of Glenn Kirwin

Jon D. Kirwin, individually, as surviving sibling of Glenn Kirwin

Jennifer Kirwin Masse, individually, as surviving sibling of Glenn Kirwin

Virginia Krukowski, individually, as surviving sibling of William Krukowski

Barbara Rastelli, individually, as surviving parent of William Krukowski

Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski, deceased, the late parent of William Krukowski

Corey LaFrance, individually, as surviving sibling of Alan LaFrance

Aubrey LaFrance, individually, as surviving sibling of Alan LaFrance

JoAnn Langone as Personal Representative of the Estate of Thomas Langone, deceased, the late sibling of Peter Langone

Joanne Langone, individually, as surviving sibling of Peter Langone

Rosemarie Langone, individually, as surviving sibling of Peter Langone

Terri Langone, individually, as surviving spouse of Peter Langone

Terri Langone, as the Personal Representative of the Estate of Peter Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Langone

Nikki Langone, individually, as surviving child of Peter Langone

Karli Langone, individually, as surviving child of Peter Langone

Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Peter Langone

JoAnn Langone, individually, as surviving spouse of Thomas Langone

JoAnn Langone, as the Personal Representative of the Estate of Thomas Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Langone

Caitlin Langone-Brewer, individually, as surviving child of Thomas Langone

Brian Langone, individually, as surviving child of Thomas Langone

Joanne Langone, individually, as surviving sibling of Thomas Langone

Rosemarie Langone, individually, as surviving sibling of Thomas Langone

Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Thomas Langone

Terri Langone as Personal Representative of the Estate of Peter Langone, deceased, the late sibling of Thomas Langone

Jose Domingo Liz, individually, as surviving sibling of Nancy Liz

Jose Domingo Liz as Personal Representative of the Estate of Elena Liz, deceased, the late parent of Nancy Liz

William Stone Luckett, individually, as surviving child of Edward H. Luckett

Jennifer Grace Luckett, individually, as surviving child of Edward H. Luckett

Lisa Luckett, individually, as surviving spouse of Edward H. Luckett

Timothy Wyatt Luckett, individually, as surviving child of Edward H. Luckett

Lisa Luckett, as the Personal Representative of the Estate of Edward H. Luckett, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward H. Luckett

Kathryn Crawford Luckett, individually, as surviving sibling of Edward H. Luckett

Alexandra Ward Luckett, individually, as surviving sibling of Edward H. Luckett

James Taylor Luckett, individually, as surviving sibling of Edward H. Luckett

Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett, deceased, the late parent of Edward H. Luckett

Domenica Anna Lopez, individually, as surviving sibling of Anthony Luparello

Caterina Tavolacci, individually, as surviving sibling of Anthony Luparello

Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani, deceased, the late parent of Louis Neil Mariani

Bruce Mariani, individually, as surviving sibling of Louis Neil Mariani

Lauren Peters, individually, as surviving child of Louis Neil Mariani

Edna May Massa, individually, as surviving spouse of Nicholas G. Massa

Donna Mercurio, individually, as surviving child of Nicholas G. Massa

Nicholas T. Massa, individually, as surviving child of Nicholas G. Massa

Denise McDonnell, individually, as surviving sibling of Michael Patrick McDonnell

Vincenza McDonnell, individually, as surviving parent of Michael Patrick McDonnell

Patrick A. McDonnell, individually, as surviving parent of Michael Patrick McDonnell

Kathleen Murphy, individually, as surviving sibling of Patrick McGuire

Thomas McGuire, individually, as surviving sibling of Patrick McGuire

John McGuire, individually, as surviving sibling of Patrick McGuire

Maureen Simpson, individually, as surviving sibling of Patrick McGuire

James McGuire, individually, as surviving sibling of Patrick McGuire

Jody Myers, as Personal Representative of the Estate of Terrence McGuire, deceased, the late sibling of Patrick McGuire

Sean McShane, individually, as surviving child of Terence McShane

Aidan McShane, individually, as surviving child of Terence McShane

Colin McShane, individually, as surviving child of Terence McShane

Catherine McShane, individually, as surviving spouse of Terence McShane

Catherine McShane, as the Personal Representative of the Estate of Terence McShane, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Terence McShane

Elizabeth Miller, individually, as surviving child of Douglas Miller

Deborah Lynn Temple, individually, as surviving spouse of Vincent S. Morello

Justin John Morello, individually, as surviving child of Vincent S. Morello

Paige Celine Morello, individually, as surviving child of Vincent S. Morello

John Morello, individually, as surviving parent of Vincent S. Morello

Patricia Morello, individually, as surviving parent of Vincent S. Morello

Deborah Lynn Temple, as the Personal Representative of the Estate of Vincent S. Morello, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent S. Morello

Colleen Golden, individually, as surviving child of Richard Morgan

John Morris III, individually, as surviving sibling of Seth Morris

Laura Nogaj, individually, as surviving spouse of Stephen Philip Morris

John Doe 71, being intended to designate the Personal Representative of the Estate of Stephen Philip Morris, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Philip Morris

John Michael Nee, individually, as surviving sibling of Luke Girard Nee

Dolores Laguerre, individually, as surviving sibling of Diana O'Connor

Jimmy Vega, individually, as surviving sibling of Diana O'Connor

Minerva Galarza, individually, as surviving sibling of Diana O'Connor

Sonia Vega, individually, as surviving sibling of Diana O'Connor

Miriam Roman, individually, as surviving sibling of Diana O'Connor

Aida Cintron, individually, as surviving sibling of Diana O'Connor

IH6 احضاریه 28 USC 1608
4/17

دادگاه ناحیه‌ای ایالات متحده
ناحیه
جنوب نیویورک

دبورا بودنر و دیگران. (به ضمیمه مراجعه کنید)

**خواهان**

علیه

**جمهوری اسلامی ایران**

خوانده

**اقدام مدنی شماره**

احضاریه در یک اقدام مدنی

به: (نام و آدرس خوانده)
جمهوری اسلامی ایران
*قابل توجه:* سفیر دائم ایران
در سازمان ملل متحد
622 Third Avenue
New York, NY 10017

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا دفاعیه ای را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
اندرسون کیل (Anderson Kill P.C.)
1251 Avenue of the Americas
New York, NY 10020
212) 278-1000)
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا دفاعیه خود را به دادگاه ارایه نمایید.

**منشی دادگاه**

تاریخ: 2020/02/01

P. Canales / امضا/
امضای منشی یا معاون منشی
[امضا شده]
[مهر: دادگاه ناحیه‌ای ایالات متحده، ناحیه جنوب نیویورک]

اقدام مدنی شماره

## گواهی ابلاغ

***(این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام Fed. R. Civ. P. 4 (l))***

این احضاریه مربوط به *(نام فرد یا سمت، در صورت امکان)* ______
در *(تاریخ)* ______ به من ابلاغ شد

- من شخصاً ابلاغیه را به فرد مذکور در *(مکان)* ______
  در *(تاریخ)* ______ *ابلاغ کردم* ______؛ یا

- احضاریه را در محل سکونت فرد یا محل اقامت معمول وی در نزد *(نام)* ______ قرار دادم
  ______، که فردی بالغ و دارای اختیار بود که در آن مکان ساکن بوده است،
  در *(تاریخ)* ______، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

- من احضاریه را به *(نام فرد)* ______، تحویل دادم، که
  توسط قانون برای دریافت ابلاغیه از طرف *(نام سازمان)* ______ مشخص شده است
  ______ در *(تاریخ)* ______؛ یا

- من احضاریه را بدون ابلاغ برگرداندم زیرا ______؛ یا

- سایر *(مشخص کنید)*:

حق‌الزحمه من عبارت است از ______ دلار برای سفر و ______ دلار برای ابلاغ و جمعاً ______ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: ______

______
*امضای ابلاغ‌کننده*

______
*نام و سمت با حروف بزرگ و خوانا نوشته شود*

______
*آدرس ابلاغ‌کننده*

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

## ضمیمه

دبورا بودنر، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

متیو کیسی، انفراداً، به عنوان فرزند بازمانده کاتلین هانت-کیسی

کوین کیسی، انفراداً، به عنوان همسر بازمانده کاتلین هانت-کیسی

کوین کیسی، به عنوان نماینده شخصی ماترک کاتلین هانت-کیسی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتلین هانت-کیسی

بن هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

فریدا هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

گیدئون هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، انفراداً، به عنوان همسر بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، به عنوان نماینده شخصی ماترک جوزف اس. هاتلر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف اس. هاتلر

آنه ایلپی، انفراداً، به عنوان والد بازمانده جاناتان ایلپی

آنه‌ماری هولران، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

لورا اسرائیلوف، به‌عنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف، متوفی، والد متوفای دانیل ایلکانایف

لورا اسرائیلوف، انفراداً، به عنوان برادر/خواهر بازمانده دانیل ایلکانایف

متیو جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

کسلی جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

سین جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

لیزا جردن، انفراداً، به عنوان همسر بازمانده آندرو جردن

لیزا جردن، به عنوان نماینده شخصی ماترک آندرو جردن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آندرو جردن

هنری کارچوسکی، به عنوان نماینده شخصی ماترک رز سی. کارچوسکی، متوفی، والد متوفای چارلز هنری کارچوسکی

دونا کاوانا، انفراداً، به عنوان برادر/خواهر بازمانده چارلز هنری کارچوسکی

هنری کارچوسکی، انفراداً، به عنوان والد بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، انفراداً، به عنوان همسر بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، به عنوان نماینده شخصی ماترک چارلز هنری کارچوسکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز هنری کارچوسکی

دانیل تی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

پیتر ام. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

آندرو کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جان دی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جنیفر کیروین ماسه، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

ویرجینیا کروکوفسکی، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام کروکوفسکی

باربارا راستلی، انفراداً، به عنوان والد بازمانده ویلیام کروکوفسکی

ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی، متوفی، والد متوفای ویلیام کروکوفسکی

کوری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

آبری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، برادر/خواهر متوفای پیتر لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

تری لانگون، انفراداً، به عنوان همسر بازمانده پیتر لانگون

تری لانگون، به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر لانگون

نیکی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

کارلی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون، متوفی، والد متوفای پیتر لانگون

جوآن لانگون، انفراداً، به عنوان همسر بازمانده توماس لانگون

جوآن لانگون، به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس لانگون

کایتلین لانگون- برور، انفراداً، به عنوان فرزند بازمانده توماس لانگون

برایان لانگون، انفراداً، به عنوان فرزند بازمانده توماس لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون، متوفی، والد متوفای توماس لانگون

تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، برادر/خواهر متوفای توماس لانگون

خوزه دومینیگو لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز، متوفی، والد متوفای نانسی لیز

ویلیام استون لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

جنیفر گریس لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت، انفراداً، به عنوان همسر بازمانده ادوارد اچ. لاکت

تیموتی ویات لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت به عنوان نماینده شخصی ماترک ادوارد اچ. لاکت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوارد اچ. لاکت

کاترین کرافورد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

جیمز تیلور لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت، متوفی، والد متوفای ادوارد اچ. لاکت

دومینیکا آنا لوپز، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

کاترینا تاوولاسی، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی، متوفی، والد متوفای لوئیس نیل ماریانی

بروس ماریانی، انفراداً، به عنوان برادر/خواهر بازمانده لوئیس نیل ماریانی

لورن پیترز، انفراداً، به عنوان فرزند بازمانده لوئیس نیل ماریانی

ادنا می ماسا، انفراداً، به عنوان همسر بازمانده نیکلاس جی. ماسا

دونا مرکوریو، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا

نیکلاس تی. ماسا، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا

دنیس مک‌دانل، انفراداً، به عنوان برادر/خواهر بازمانده مایکل پاتریک مک‌دانل

وینچنرا مک‌دانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مک‌دانل

پاتریک ای. مک‌دانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مک‌دانل

کاتلین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مک‌گوایر

توماس مک‌گوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مک‌گوایر

جان مک‌گوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مک‌گوایر

مائورین سیمپسون، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مک‌گوایر

جیمز مک‌گوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مک‌گوایر

جودی میرز به عنوان نماینده شخصی ماترک ترنس مک‌گوایر، متوفی، برادر/خواهر متوفای پاتریک مک‌گوایر

سین مک‌شین، انفراداً، به عنوان فرزند بازمانده ترنس مک‌شین

آیدان مک‌شین، انفراداً، به عنوان فرزند بازمانده ترنس مک‌شین

کالین مک‌شین، انفراداً، به عنوان فرزند بازمانده ترنس مک‌شین

کاترین مک‌شین، انفراداً، به عنوان همسر بازمانده ترنس مک‌شین

کاترین مک‌شین، به عنوان نماینده شخصی ماترک ترنس مک‌شین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ترنس مک‌شین

الیزابت میلر، انفراداً، به عنوان فرزند بازمانده داگلاس میلر

دبورا لین تمپل، انفراداً، به عنوان همسر بازمانده وینست اس. مورلو

جاستین جان مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

پاگی سلین مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

جان مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

پاتریشیا مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

دبورا لین تمپل، به عنوان نماینده شخصی ماترک وینست اس. مورلو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینست اس. مورلو

کالین گلدن، انفراداً، به عنوان فرزند بازمانده ریچارد مورگان

جان موریس سوم، انفراداً، به عنوان برادر/خواهر بازمانده ست موریس

لورا نوگاج، انفراداً، به عنوان همسر بازمانده استفن فیلیپ موریس

جان داو 71، که قصد دارد نماینده شخصی ماترک استفن فیلیپ موریس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن فیلیپ موریس

جان مایکل نی، انفراداً، به عنوان برادر/خواهر بازمانده لوک ژیرارد نی

دولورس لاگور، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

جیمی وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

مینروا گالارزا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

سونیا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

میریام رومن، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

آیدا سینترون، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

JS 44C/SDNY
REV. 06/01/17

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
DEBORAH BODNER, et. al.

DEFENDANTS
THE ISLAMIC REPUBLIC OF IRAN

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., Anderson Kill P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000/jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ] Yes [X] Judge Previously Assigned George B. Daniels

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [X] Yes [ ] If yes, give date ______________ & Case No. 1:03-md-01570

IS THIS AN INTERNATIONAL ARBITRATION CASE? No [x] Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)

NATURE OF SUIT

TORTS

ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**PERSONAL INJURY**
- [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [X] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISIOI
- [ ] 950 CONSTITUTIONALITY OI STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $150 Billion OTHER ______ JUDGE George B. Daniels DOCKET NUMBER 1:03-md-01570

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32)

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] a. all parties represented
[ ] b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge
[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

[ ] 1 U.S. PLAINTIFF [ ] 2 U.S. DEFENDANT [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY) [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The Islamic Republic of Iran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [ ] WHITE PLAINS [X] MANHATTAN

DATE 12/23/19 /s/ Jerry S. Goldman
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. May Yr. 1980 )
Attorney Bar Code # 1302454

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge ______________________________ is so Designated.

Ruby J. Krajick, Clerk of Court by ____________ Deputy Clerk, DATED ________________.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Deborah Bodner | NC | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 2 | Matthew Casey | NJ | United States | Kathleen Hunt-Casey | Child | United States | Solatium |
| 3 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | Spouse | United States | Solatium |
| 4 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | PR | United States | Solatium/ Wrongful Death |
| 5 | Ben Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 6 | Frida Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 7 | Gideon Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 8 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | Spouse | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | PR | United States | Solatium/ Wrongful Death/Personal Injury |
| 10 | Anne Ielpi | NY | United States | Jonathan Ielpi | Parent | United States | Solatium |
| 11 | AnneMarie Holleran | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 12 | Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev | NY | United States | Daniel Ilkanayev | Parent (Deceased) | United States | Solatium |
| 13 | Laura Israilov | NY | United States | Daniel Ilkanayev | Sibling | United States | Solatium |
| 14 | Matthew Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 15 | Kelsey Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 16 | Sean Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 17 | Lisa Jordan | NY | United States | Andrew Jordan | Spouse | United States | Solatium |
| 18 | Lisa Jordan | NY | United States | Andrew Jordan | PR | United States | Solatium/ Wrongful Death |
| 19 | Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski | NJ | United States | Charles Henry Karczewski | Parent (Deceased) | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Donna Cavanaugh | NJ! | United States | Charles Henry Karczewski | Sibling | United States | Solatium |
| 21 | Henry Karczewski | NJ | United States | Charles Henry Karczewski | Parent | United States | Solatium |
| 22 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | Spouse | United States | Solatium |
| 23 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | PR | United States | Solatium/ Wrongful Death |
| 24 | Daniel T. Kirwin | RI | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 25 | Peter M. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 26 | Andrew Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 27 | Jon D. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 28 | Jennifer Kirwin Masse | MA | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 29 | Virginia Krukowski | FL | United States | William Krukowski | Sibling | United States | Solatium |
| 30 | Barbara Rastelli | FL | United States | William Krukowski | Parent | United States | Solatium |
| 31 | Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski | FL | United States | William Krukowski | Parent (Deceased) | United States | Solatium |
| 32 | Corey LaFrance | FL | United States | Alan LaFrance | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 33 | Aubrey LaFrance | NY | United States | Alan LaFrance | Sibling | United States | Solatium |
| 34 | JoAnn Langone as Personal Representative of the Estate of Thomas Langone | NY | United States | Peter Langone | Sibling (Deceased) | United States | Solatium |
| 35 | Joanne Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 36 | Rosemarie Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 37 | Terri Langone | NY | United States | Peter Langone | Spouse | United States | Solatium |
| 38 | Terri Langone | NY | United States | Peter Langone | PR | United States | Solatium/ Wrongful Death |
| 39 | Nikki Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 40 | Karli Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 41 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Peter Langone | Parent (Deceased) | United States | Solatium |
| 42 | JoAnn Langone | NY | United States | Thomas Langone | Spouse | United States | Solatium |
| 43 | JoAnn Langone | NY | United States | Thomas Langone | PR | United States | Solatium/ Wrongful Death |
| 44 | Caitlin Langone-Brewer | NJ | United States | Thomas Langone | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 45 | Brian Langone | CA | United States | Thomas Langone | Child | United States | Solatium |
| 46 | Joanne Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 47 | Rosemarie Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 48 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Thomas Langone | Parent (Deceased) | United States | Solatium |
| 49 | Terri Langone as Personal Representative of the Estate of Peter Langone | NY | United States | Thomas Langone | Sibling (Deceased) | United States | Solatium |
| 50 | Jose Domingo Liz | NY | United States | Nancy Liz | Sibling | United States | Solatium |
| 51 | Jose Domingo Liz as Personal Representative of the Estate of Elena Liz | NY | United States | Nancy Liz | Parent (Deceased) | United States | Solatium |
| 52 | William Stone Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 53 | Jennifer Grace Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 54 | Lisa Luckett | NJ | United States | Edward H. Luckett | Spouse | United States | Solatium |
| 55 | Timothy Wyatt Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 56 | Lisa Luckett | NJ | United States | Edward H. Luckett | PR | United States | Solatium/ Wrongful Death |
| 57 | Kathryn Crawford Luckett | RI | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 58 | Alexandra Ward Luckett | SC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 59 | James Taylor Luckett | NC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 60 | Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett | SC | United States | Edward H. Luckett | Parent (Deceased) | United States | Solatium |
| 61 | Domenica Anna Lopez | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 62 | Caterina Tavolacci | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 63 | Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani | NH | United States | Louis Neil Mariani | Parent (Deceased) | United States | Solatium |
| 64 | Bruce Mariani | NH | United States | Louis Neil Mariani | Sibling | United States | Solatium |
| 65 | Lauren Peters | NY | United States | Louis Neil Mariani | Child | United States | Solatium |
| 66 | Edna May Massa | FL | United States | Nicholas G. Massa | Spouse | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 67 | Donna Mercurio | NJ | United States | Nicholas G. Massa | Child | United States | Solatium |
| 68 | Nicholas T. Massa | FL | United States | Nicholas G. Massa | Child | United States | Solatium |
| 69 | Denise McDonnell | NY | United States | Michael Patrick McDonnell | Sibling | United States | Solatium |
| 70 | Vincenza McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 71 | Patrick A. McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 72 | Kathleen Murphy | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 73 | Thomas McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 74 | John McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 75 | Maureen Simpson | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 76 | James McGuire | MA | United States | Patrick McGuire | Sibling | United States | Solatium |
| 77 | Jody Myers, as Personal Representative of the Estate of Terrence McGuire | MA | United States | Patrick McGuire | Sibling (Deceased) | United States | Solatium |
| 78 | Sean McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 79 | Aidan McShane | FL | United States | Terence McShane | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 80 | Colin McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 81 | Catherine McShane | NY | United States | Terence McShane | Spouse | United States | Solatium |
| 82 | Catherine McShane | NY | United States | Terence McShane | PR | United States | Solatium/ Wrongful Death |
| 83 | Elizabeth Miller | PA | United States | Douglas Miller | Child | United States | Solatium |
| 84 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | Spouse | United States | Solatium |
| 85 | Justin John Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 86 | Paige Celine Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 87 | John Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 88 | Patricia Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 89 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | PR | United States | Solatium/ Wrongful Death |
| 90 | Colleen Golden | NJ | United States | Richard Morgan | Child | United States | Solatium |
| 91 | John Morris III | PA | United States | Seth Morris | Sibling | United States | Solatium |
| 92 | Laura Nogaj | FL | United States | Stephen Philip Morris | Spouse | United Kingdom | Solatium |
| 93 | John Doe 71 | FL | United States | Stephen Philip Morris | PR | United Kingdom | Solatium/ Wrongful Death |
| 94 | John Michael Nee | NY | United States | Luke Girard Nee | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 95 | Dolores Laguerre | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 96 | Jimmy Vega | PA | United States | Diana O'Connor | Sibling | United States | Solatium |
| 97 | Minerva Galarza | FL | United States | Diana O'Connor | Sibling | United States | Solatium |
| 98 | Sonia Vega | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 99 | Miriam Roman | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 100 | Aida Cintron | NY | United States | Diana O'Connor | Sibling | United States | Solatium |

JS44C/SDNY
بازنگری 06/01/17

# برگه جلد دادخواست مدنی

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

خواهان‌ها
بانک BNY ملون و دیگران

خوانده‌ها
جمهوری اسلامی ایران

وکلا (نام شرکت، آدرس و شماره تلفن)
وکیل دعاوی جری اس. گلدمن، شرکت آندرسون کیل P.C،
1251 Avenue of the Americas, New York, NY 10020
jgoldman@andersonkill.com/212) 278-1000)

وکلا (در صورت مشخص بودن)

علت اقدام (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را به‌طور خلاصه ذکر نمایید)؛ (به قوانین حوزه‌های قضایی اشاره نکنید مگر اینکه اختلاف داشته باشند)

18 U.S.C. § 2333 و 28 U.S.C. §§ 1605B .1605A

آیا این اقدام، پرونده یا موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☐ بله ☒ قاضی منصوب شده قبلی جورج بی. دانیلز

اگر بله، آیا این پرونده داوطلبانه☐ غیرداوطلبانه ☐ مختومه شده است. خیر ☒ بله ☐ اگر بله، تاریخ ________ و

شماره پرونده را ذکر کنید 1:03-md-01570

آیا این یک پرونده داوری بین‌المللی است؟ خیر ☒ بله☐

*(فقط یک [X] را در یک کادر وارد کنید)*

## ماهیت اقامه دعوی

### مسئولیت مدنی

**قرارداد**
- [ ] 110 بیمه
- [ ] 120 دریایی
- [ ] 130 قانون میلر
- [ ] 140 اوراق بهادار
- [ ] 150 استرداد اضافه پرداخت و اجرای حکم قانون مدیکر
- [ ] 151 استرداد وام‌های نکول شده دانشجویی (بجز کهنه سربازان) (
- [ ] 152 استرداد اضافه پرداخت و مزایای کهنه سربازان
- [ ] 153 دعاوی سهامداران سایر قراردادها مسئولیت محصول قرارداد فرانشیز
- [ ] 160
- [ ] 190
- [ ] 195
- [ ] 196

**املاک**
- [ ] 210 تملک زمین
- [ ] 220 ضبط ملک رهنی
- [ ] 230 قرارداد اجازه و تخلیه
- [ ] 240 آسیب به زمین
- [ ] 245 مسئولیت آسیب به محصول
- [ ] 290 تمام املاک دیگر

**صدمه شخصی**
- [ ] 310 هواپیما
- [ ] 315 مسئولیت در قبال محصول هواپیما
- [ ] 320 ضرب و جرح، افترا و توهین
- [ ] 330 مسئولیت کارفرمایان فدرال
- [ ] 340 دریایی
- [ ] 345 مسئولیت در قبال محصول دریایی
- [ ] 350 خودروهای موتوری
- [ ] 355 مسئولیت در قبال محصول خودروی موتوری
- [ ] 360 سایر صدمات شخصی
- [ ] 302 صدمه شخصی - سوءاقدام پزشکی

**اقدام بر اساس قوانین مصوب**

**حقوق شهروندی**
- [ ] 440 سایر حقوق مدنی (غیرزندانی)
- [ ] 441 رأی‌دهی
- [ ] 442 استخدام
- [ ] 443 مسکن/اقامتگاه
- [ ] 445 آمریکایی‌های دچار معلولیت - اشتغال
- [ ] 446 آمریکایی‌های دچار معلولیت - سایر
- [ ] 448 آموزش

**صدمه شخصی**
- [ ] 367 بهداشت و درمان/صدمات شخصی دارویی/مسئولیت در قبال محصول
- [ ] 365 مسئولیت در قبال صدمه شخصی ناشی از محصول
- [ ] 368 مسئولیت در قبال صدمه شخصی ناشی از محصول آزبست

**اموال شخصی**
- [ ] 370 سایر موارد تقلب
- [ ] 371 حقیقت در مورد وام‌دهی
- [ ] 380 سایر موارد آسیب به اموال شخصی
- [ ] 385 مسئولیت در قبال آسیب محصول به دارایی‌ها

**اعتراضات زندانی**
- [ ] 463 فرد بازداشتی بیگانه
- [ ] 510 اقدام برای ابطال حکم 28 USC 2255
- [ ] 530 قرار احضار زندانی
- [ ] 535 مجازات اعدام
- [ ] 540 امریه و سایر

**حقوق شهروندی زندانی**
- [ ] 550 حقوق شهروندی
- [ ] 555 شرایط زندان
- [ ] 560 شرایط بازداشت مدنی حبس

### براساس قوانین مصوب

**توقیف/جریمه**
- [ ] 625 توقیف اموال مربوط به مواد مخدر 21 USC 881
- [ ] 690 سایر

**حقوق مالکیت**
- [ ] 820 حقوق نسخه‌برداری
- [ ] 830 ثبت اختراع
- [ ] 835 کاربرد داروی جدید با نام ثبت شده مخفف
- [ ] 840 علامت تجاری

**نیروی کار**
- [ ] 710 قانون استانداردهای کار منصفانه
- [ ] 720 روابط کار/مدیریت
- [ ] 740 قانون کار راه آهن
- [ ] 751 قانون مرخصی استعلاجی خانواده (FMLA)
- [ ] 790 سایر دادخواهی‌های کار
- [ ] 791 قانون تضمین امپلرتینک (ERISA)

**مهاجرت**
- [ ] 402 درخواست تابعیت
- [ ] 465 سایر اقدامات مهاجرت

**ورشکستگی**
- [ ] 422 درخواست تجدید نظر 28 USC 158
- [ ] 423 استرداد 28 USC 157

**تامین اجتماعی**
- [ ] (861 HIA(1395ff
- [ ] 862 بیماری سیاه‌ششی (923)
- [ ] ((863 DIWC/DIWW (405(g
- [ ] 864 SSID عنوان XVI
- [ ] ((865 RSI (405(g

**پرونده‌های مالیاتی فدرال**
- [ ] 870 مالیات‌ها (خواهان یا خوانده ایالات متحده)
- [ ] 871 شخص ثالث IRS 26 USC 7609

**سایر قوانین مصوب**
- [ ] 375 ادعاهای واهی
- [ ] 376 دعوی متقابل
- [ ] 400 تفکیک مجدد ایالتی
- [ ] 1410 مبارزه با انحصار
- [ ] 430 بانک‌ها و بانکداری
- [ ] 450 تجارت
- [ ] 460 اخراج
- [ ] 470 قانون سازمان‌های تحت نفوذ تقلب و فساد (RICO)
- [ ] 480 اعتبار مشتری
- [ ] 490 تلویزیون کابلی/ماهواره
- [ ] 850 تضامین/ کالاها/ مبادله
- [x] 890 سایر اقدامات قانونی
- [ ] 891 قوانین کشاورزی
- [ ] 893 موضوعات زیست محیطی
- [ ] 895 قانون آزادی اطلاعات
- [ ] 896 داوری
- [ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان
- [ ] 950 تطابق قوانین ایالتی با قانون اساسی

*اگر در شکایت تقاضا شده است، علامت بزنید:*

☐ اگر این یک دعوی مطروحه توسط چند خواهان بر اساس F.R.C.P. 23 است، علامت بزنید

آیا مدعی هستید که این پرونده مربوط به یک پرونده مدنی است که اکنون در S.D.N.Y. در دست بررسی است چنانکه بر اساس قانون محلی مربوط به بخش کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

درخواست 150 میلیارد دلار ________ سایر ________ هیئت منصفه جورج بی. دانیلز ________ پرونده شماره 1:03-md-01570

*فقط اگر در شکایت تقاضا شده است، "بله" را علامت بزنید*

درخواست هیئت منصفه: ☐ بله ☐ خیر

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده 1:19-cv-11776 سند 3 ارائه شده در 12/24/19 صفحه 2 از 11

**اصل**

*(فقط یک علامت x در مربع درج کنید)*

☒ 1 رسیدگی اصلی
☐ 2خارج شده از دادگاه ایالتی
☐ الف. وکلای همه طرفین حضور داشتند
☐ ب. حداقل یکی از طرفین بدون وکیل حضور دارد.
☐ 3تایید شده در دادگاه تجدید نظر
☐ 4 شروع مجدد یا پاسخ
☐ 5منتقل شده از (ناحیه را مشخص کنید)
☐ 6دادخواهی مربوط به چند ناحیه (منتقل شده)
☐ 7درخواست تجدید نظر از قاضی ناحیه از قاضی بخش
☐ 8دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

**مبنای حوزه قضایی**

*(یک علامت x فقط در یک مربع درج کنید)*

☐ 1 خواهان ایالات متحده
☐ 2 خوانده ایالات متحده
☒ 3 بازپرسی فدرال (ایالات متحده یکی از طرفین نیست)
☐ 4 اختلافی

***در صورت تفاوت، در زیر تابعیت را مشخص کنید.***

**تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)**

(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| شهروند این ایالت | 1 [ ] | 1 [ ] | شهروند یا تبعه یک کشور خارجی | 3 [ ] | 3 [ ] | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | 5 [ ] | 5 [ ] |
| شهروند ایالتی دیگر | 2 [ ] | 2 [ ] | تأسیس شده یا محل اصلی کسب و کار در این ایالت | 4 [ ] | 4 [ ] | کشور خارجی | 6 [ ] | 6 [ ] |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران، ایران

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، اینجانب با وجود انجام تلاش معقول نتوانسته‌ام آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

**تخصیص به دادگاه**

بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18، 20 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت بزنید: این اقدام باید تخصیص داده شود به: ☐ وایت ☒ منهتن

تاریخ 12/23/19
/امضا/ جری اس. گلدمن
امضای وکیل پرونده

پذیرفته شده برای اجرا در این ناحیه
[ ] خیر
[x] بله (تاریخ پذیرش ماه می سال 1980)
شماره کد وکیل در کانون وکلا 1302454

شماره رسید

قاضی باشد باید توسط منشی دادگاه منصوب شود.

قاضی بخش ______________ به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف ______________ معاون منشی، تاریخ ______________.

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

## ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | دبورا بودنر | کارولینای شمالی | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | متیو کیسی | نیوجرسی | ایالات متحده | کاتلین هانت- کیسی | کودک | ایالات متحده | ترضیه خاطر |
| 3 | کوین کیسی | نیوجرسی | ایالات متحده | کاتلین هانت- کیسی | همسر | ایالات متحده | ترضیه خاطر |
| 4 | کوین کیسی | نیوجرسی | ایالات متحده | کاتلین هانت-کیسی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 5 | بن هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 6 | فریدا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 7 | گیدئون هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 8 | میریام زهاوا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | همسر | ایالات متحده | ترضیه خاطر |

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.
[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 9 | میریام زهاوا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد/صدمه شخصی |
| 10 | آنه ایلپی | نیویورک | ایالات متحده | جاناتان ایلپی | والد | ایالات متحده | ترضیه خاطر |
| 11 | آنه‌ماری هولران | نیویورک | ایالات متحده | جاناتان ایلپی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 12 | لورا اسرائیلوف، به‌عنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف | نیویورک | ایالات متحده | دانیل ایلکانایف | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 13 | لورا اسرائیلوف | نیویورک | ایالات متحده | دانیل ایلکانایف | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 14 | متیو جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| 15 | کسلی جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| 16 | سین جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| 17 | لیزا جردن | نیویورک | ایالات متحده | آندرو جردن | همسر | ایالات متحده | ترضیه خاطر |
| 18 | لیزا جردن | نیویورک | ایالات متحده | آندرو جردن | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 19 | هنری کارچوسکی به عنوان نماینده شخصی ماترک رز سی. کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 20 | دونا کاوانا | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | هنری کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد | ایالات متحده | ترضیه خاطر |
| 22 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | همسر | ایالات متحده | ترضیه خاطر |
| 23 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 24 | دانیل تی. کیروین | رود آیلند | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | پیتر ام. کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | آندرو کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | جان دی. کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | جنیفر کیروین ماسه | ماساچوست | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | ویرجینیا کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | باربارا راستلی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد | ایالات متحده | ترضیه خاطر |
| 31 | ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 32 | کوری لافرانس | فلوریدا | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 33 | آبری لافرانس | نیویورک | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 34 | جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 35 | جوان لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 36 | روزماری لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 38 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 39 | نیکی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 40 | کارلی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 41 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | پیتر لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 43 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 44 | کایتلین لانگون-برور | نیوجرسی | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 45 | برایان لانگون | کالیفرنیا | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 46 | جوان لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 47 | روزماری لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | توماس لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 49 | تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 50 | خوزه دومینیگو لیز | نیویورک | ایالات متحده | نانسی لیز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51 | خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز | نیویورک | ایالات متحده | نانسی لیز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 52 | ویلیام استون لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |
| 53 | جنیفر گریس لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |
| 54 | لیزا لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | همسر | ایالات متحده | ترضیه خاطر |
| 55 | تیموتی ویات لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 56 | لیزا لاکت | نیوجرسی | ایالات متحده | ادوارد اچ لاکت | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 57 | کاترین کرافورد لاکت | رود آیلند | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 58 | الکساندرا وارد لاکت | کارولینای جنوبی | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 59 | جیمز تیلور لاکت | کارولینای شمالی | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت | کارولینای جنوبی | ایالات متحده | ادوارد اچ. لاکت | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 61 | دومینیکا آنا لوپز | نیویورک | ایالات متحده | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 62 | کاترینا تاوولاسی | نیویورک | ایالات متحده | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 63 | بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی | نیو همپشایر | ایالات متحده | لوئیس نیل ماریانی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 64 | بروس ماریانی | نیو همپشایر | ایالات متحده | لوئیس نیل ماریانی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 65 | لورن پیترز | نیویورک | ایالات متحده | لوئیس نیل ماریانی | کودک | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 66 | ادنا می ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | همسر | ایالات متحده | ترضیه خاطر |
| 67 | دونا مرکوریو | نیوجرسی | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 68 | نیکلاس تی. ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 69 | دنیس مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | وینچنزا مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 71 | پاتریک ای. مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 72 | کاتلین مورفی | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 73 | توماس مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 74 | جان مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | مائورین سیمپسون | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 76 | جیمز مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 77 | جودی میرز به عنوان نماینده شخصی ماترک ترنس مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 78 | سین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 79 | آیدان مکشین | فلوریدا | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 80 | کالین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 81 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | همسر | ایالات متحده | ترضیه خاطر |
| 82 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 83 | الیزابت میلر | پنسیلوانیا | ایالات متحده | داگلاس میلر | کودک | ایالات متحده | ترضیه خاطر |
| 84 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | همسر | ایالات متحده | ترضیه خاطر |
| 85 | جاستین جان مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 86 | پاگی سلین مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 87 | جان مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 88 | پاتریشیا مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 89 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 90 | کالین گلدن | نیوجرسی | ایالات متحده | ریچارد مورگان | کودک | ایالات متحده | ترضیه خاطر |
| 91 | جان موریس سوم | پنسیلوانیا | ایالات متحده | ست موریس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | لورا نوگاج | فلوریدا | ایالات متحده | استفن فیلیپ موریس | همسر | بریتانیا | ترضیه خاطر |
| 93 | جان داو 71 | فلوریدا | ایالات متحده | استفن فیلیپ موریس | پورتو ریکو | بریتانیا | ترضیه خاطر/ جراحت شخصی |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 94 | جان مایکل نی | نیویورک | ایالات متحده | لوک ژیرارد نی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 95 | دولورس لاگور | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 96 | جیمی وگا | پنسیلوانیا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 97 | مینروا گالارزا | فلوریدا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 98 | سونیا وگا | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 99 | میریام رومن | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 100 | آیدا سینترون | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

TERRORIST ATTACKS ON SEPTEMBER 11, 2001

03-MDL-1570 (GBD) (SN)

Deborah Bodner, individually, as surviving sibling of Thomas F. Hughes, Jr.

Matthew Casey, individually, as surviving child of Kathleen Hunt-Casey

Kevin Casey, individually, as surviving spouse of Kathleen Hunt-Casey

Kevin Casey, as the Personal Representative of the Estate of Kathleen Hunt-Casey, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathleen Hunt-Casey

Ben Huttler, individually, as surviving child of Joseph S. Huttler

Frida Huttler, individually, as surviving child of Joseph S. Huttler

Gideon Huttler, individually, as surviving child of Joseph S. Huttler

Miriam Zehava Huttler, individually, as surviving spouse of Joseph S. Huttler

Miriam Zehava Huttler, as the Personal Representative of the Estate of Joseph S. Huttler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph S. Huttler

Anne Ielpi, individually, as surviving parent of Jonathan Ielpi

AnneMarie Holleran, individually, as surviving sibling of Jonathan Ielpi

Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev, deceased, the late parent of Daniel Ilkanayev

Laura Israilov, individually, as surviving sibling of

Civil Docket Number: ____________

**<u>IRAN SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

Daniel Ilkanayev

Matthew Jordan, individually, as surviving child of Andrew Jordan

Kelsey Jordan, individually, as surviving child of Andrew Jordan

Sean Jordan, individually, as surviving child of Andrew Jordan

Lisa Jordan, individually, as surviving spouse of Andrew Jordan

Lisa Jordan, as the Personal Representative of the Estate of Andrew Jordan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Andrew Jordan

Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski, deceased, the late parent of Charles Henry Karczewski

Donna Cavanaugh, individually, as surviving sibling of Charles Henry Karczewski

Henry Karczewski, individually, as surviving parent of Charles Henry Karczewski

Philomena Ann Karczewski, individually, as surviving spouse of Charles Henry Karczewski

Philomena Ann Karczewski, as the Personal Representative of the Estate of Adianes Oyola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles Henry Karczewski

Daniel T. Kirwin, individually, as surviving sibling of Glenn Kirwin

Peter M. Kirwin, individually, as surviving sibling of Glenn Kirwin

Andrew Kirwin, individually, as surviving sibling of Glenn Kirwin

Jon D. Kirwin, individually, as surviving sibling of Glenn Kirwin

Jennifer Kirwin Masse, individually, as surviving sibling of Glenn Kirwin

Virginia Krukowski, individually, as surviving sibling of William Krukowski

| |
|---|
| Barbara Rastelli, individually, as surviving parent of William Krukowski |
| Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski, deceased, the late parent of William Krukowski |
| Corey LaFrance, individually, as surviving sibling of Alan LaFrance |
| Aubrey LaFrance, individually, as surviving sibling of Alan LaFrance |
| JoAnn Langone as Personal Representative of the Estate of Thomas Langone, deceased, the late sibling of Peter Langone |
| Joanne Langone, individually, as surviving sibling of Peter Langone |
| Rosemarie Langone, individually, as surviving sibling of Peter Langone |
| Terri Langone, individually, as surviving spouse of Peter Langone |
| Terri Langone, as the Personal Representative of the Estate of Peter Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Langone |
| Nikki Langone, individually, as surviving child of Peter Langone |
| Karli Langone, individually, as surviving child of Peter Langone |
| Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Peter Langone |
| JoAnn Langone, individually, as surviving spouse of Thomas Langone |
| JoAnn Langone, as the Personal Representative of the Estate of Thomas Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Langone |
| Caitlin Langone-Brewer, individually, as surviving child of Thomas Langone |
| Brian Langone, individually, as surviving child of Thomas Langone |

| |
|---|
| Joanne Langone, individually, as surviving sibling of Thomas Langone |
| Rosemarie Langone, individually, as surviving sibling of Thomas Langone |
| Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Thomas Langone |
| Terri Langone as Personal Representative of the Estate of Peter Langone, deceased, the late sibling of Thomas Langone |
| Jose Domingo Liz, individually, as surviving sibling of Nancy Liz |
| Jose Domingo Liz as Personal Representative of the Estate of Elena Liz, deceased, the late parent of Nancy Liz |
| William Stone Luckett, individually, as surviving child of Edward H. Luckett |
| Jennifer Grace Luckett, individually, as surviving child of Edward H. Luckett |
| Lisa Luckett, individually, as surviving spouse of Edward H. Luckett |
| Timothy Wyatt Luckett, individually, as surviving child of Edward H. Luckett |
| Lisa Luckett, as the Personal Representative of the Estate of Edward H. Luckett, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward H. Luckett |
| Kathryn Crawford Luckett, individually, as surviving sibling of Edward H. Luckett |
| Alexandra Ward Luckett, individually, as surviving sibling of Edward H. Luckett |
| James Taylor Luckett, individually, as surviving sibling of Edward H. Luckett |
| Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett, deceased, the late parent of Edward H. Luckett |
| Domenica Anna Lopez, individually, as surviving sibling of Anthony Luparello |
| Caterina Tavolacci, individually, as surviving sibling |

| |
|---|
| of Anthony Luparello |
| Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani, deceased, the late parent of Louis Neil Mariani |
| Bruce Mariani, individually, as surviving sibling of Louis Neil Mariani |
| Lauren Peters, individually, as surviving child of Louis Neil Mariani |
| Edna May Massa, individually, as surviving spouse of Nicholas G. Massa |
| Donna Mercurio, individually, as surviving child of Nicholas G. Massa |
| Nicholas T. Massa, individually, as surviving child of Nicholas G. Massa |
| Denise McDonnell, individually, as surviving sibling of Michael Patrick McDonnell |
| Vincenza McDonnell, individually, as surviving parent of Michael Patrick McDonnell |
| Patrick A. McDonnell, individually, as surviving parent of Michael Patrick McDonnell |
| Kathleen Murphy, individually, as surviving sibling of Patrick McGuire |
| Thomas McGuire, individually, as surviving sibling of Patrick McGuire |
| John McGuire, individually, as surviving sibling of Patrick McGuire |
| Maureen Simpson, individually, as surviving sibling of Patrick McGuire |
| James McGuire, individually, as surviving sibling of Patrick McGuire |
| Jody Myers, as Personal Representative of the Estate of Terrence McGuire, deceased, the late sibling of Patrick McGuire |
| Sean McShane, individually, as surviving child of Terence McShane |
| Aidan McShane, individually, as surviving child of Terence McShane |
| Colin McShane, individually, as surviving child of |

| |
|---|
| Terence McShane |
| Catherine McShane, individually, as surviving spouse of Terence McShane |
| Catherine McShane, as the Personal Representative of the Estate of Terence McShane, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Terence McShane |
| Elizabeth Miller, individually, as surviving child of Douglas Miller |
| Deborah Lynn Temple, individually, as surviving spouse of Vincent S. Morello |
| Justin John Morello, individually, as surviving child of Vincent S. Morello |
| Paige Celine Morello, individually, as surviving child of Vincent S. Morello |
| John Morello, individually, as surviving parent of Vincent S. Morello |
| Patricia Morello, individually, as surviving parent of Vincent S. Morello |
| Deborah Lynn Temple, as the Personal Representative of the Estate of Vincent S. Morello, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent S. Morello |
| Colleen Golden, individually, as surviving child of Richard Morgan |
| John Morris III, individually, as surviving sibling of Seth Morris |
| Laura Nogaj, individually, as surviving spouse of Stephen Philip Morris |
| John Doe 71, being intended to designate the Personal Representative of the Estate of Stephen Philip Morris, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members |

of Stephen Philip Morris

John Michael Nee, individually, as surviving sibling of Luke Girard Nee

Dolores Laguerre, individually, as surviving sibling of Diana O'Connor

Jimmy Vega, individually, as surviving sibling of Diana O'Connor

Minerva Galarza, individually, as surviving sibling of Diana O'Connor

Sonia Vega, individually, as surviving sibling of Diana O'Connor

Miriam Roman, individually, as surviving sibling of Diana O'Connor

Aida Cintron, individually, as surviving sibling of Diana O'Connor

Plaintiff(s),

\- against –

ISLAMIC REPUBLIC OF IRAN,

Defendant.

Plaintiffs named herein by and through the undersigned counsel file this Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all

causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2. Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3. Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

☐ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4. In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☒ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5. The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein referred to as "Plaintiffs."

a. The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

b. Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c. As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d. For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e. For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f. The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6. The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7. By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8. By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9. Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: December 23, 2019

Respectfully submitted,

/s/ Jerry S. Goldman

Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Samantha E. Smith, Esq.
Stephen Wah, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
ssmith@andersonkill.com
swah@andersonkill.com

*Attorneys for Plaintiffs*

## APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Deborah Bodner | NC | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 2 | Matthew Casey | NJ | United States | Kathleen Hunt-Casey | Child | United States | Solatium |
| 3 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | Spouse | United States | Solatium |
| 4 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | PR | United States | Solatium/ Wrongful Death |
| 5 | Ben Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 6 | Frida Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 7 | Gideon Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 8 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | Spouse | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | PR | United States | Solatium/ Wrongful Death/Personal Injury |
| 10 | Anne Ielpi | NY | United States | Jonathan Ielpi | Parent | United States | Solatium |
| 11 | AnneMarie Holleran | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 12 | Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev | NY | United States | Daniel Ilkanayev | Parent (Deceased) | United States | Solatium |
| 13 | Laura Israilov | NY | United States | Daniel Ilkanayev | Sibling | United States | Solatium |
| 14 | Matthew Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 15 | Kelsey Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 16 | Sean Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 17 | Lisa Jordan | NY | United States | Andrew Jordan | Spouse | United States | Solatium |
| 18 | Lisa Jordan | NY | United States | Andrew Jordan | PR | United States | Solatium/ Wrongful Death |
| 19 | Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski | NJ | United States | Charles Henry Karczewski | Parent (Deceased) | United States | Solatium |

docs-100217557.1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Donna Cavanaugh | NJ! | United States | Charles Henry Karczewski | Sibling | United States | Solatium |
| 21 | Henry Karczewski | NJ | United States | Charles Henry Karczewski | Parent | United States | Solatium |
| 22 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | Spouse | United States | Solatium |
| 23 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | PR | United States | Solatium/ Wrongful Death |
| 24 | Daniel T. Kirwin | RI | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 25 | Peter M. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 26 | Andrew Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 27 | Jon D. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 28 | Jennifer Kirwin Masse | MA | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 29 | Virginia Krukowski | FL | United States | William Krukowski | Sibling | United States | Solatium |
| 30 | Barbara Rastelli | FL | United States | William Krukowski | Parent | United States | Solatium |
| 31 | Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski | FL | United States | William Krukowski | Parent (Deceased) | United States | Solatium |
| 32 | Corey LaFrance | FL | United States | Alan LaFrance | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 33 | Aubrey LaFrance | NY | United States | Alan LaFrance | Sibling | United States | Solatium |
| 34 | JoAnn Langone as Personal Representative of the Estate of Thomas Langone | NY | United States | Peter Langone | Sibling (Deceased) | United States | Solatium |
| 35 | Joanne Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 36 | Rosemarie Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 37 | Terri Langone | NY | United States | Peter Langone | Spouse | United States | Solatium |
| 38 | Terri Langone | NY | United States | Peter Langone | PR | United States | Solatium/ Wrongful Death |
| 39 | Nikki Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 40 | Karli Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 41 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Peter Langone | Parent (Deceased) | United States | Solatium |
| 42 | JoAnn Langone | NY | United States | Thomas Langone | Spouse | United States | Solatium |
| 43 | JoAnn Langone | NY | United States | Thomas Langone | PR | United States | Solatium/ Wrongful Death |
| 44 | Caitlin Langone-Brewer | NJ | United States | Thomas Langone | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 45 | Brian Langone | CA | United States | Thomas Langone | Child | United States | Solatium |
| 46 | Joanne Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 47 | Rosemarie Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 48 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Thomas Langone | Parent (Deceased) | United States | Solatium |
| 49 | Terri Langone as Personal Representative of the Estate of Peter Langone | NY | United States | Thomas Langone | Sibling (Deceased) | United States | Solatium |
| 50 | Jose Domingo Liz | NY | United States | Nancy Liz | Sibling | United States | Solatium |
| 51 | Jose Domingo Liz as Personal Representative of the Estate of Elena Liz | NY | United States | Nancy Liz | Parent (Deceased) | United States | Solatium |
| 52 | William Stone Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 53 | Jennifer Grace Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 54 | Lisa Luckett | NJ | United States | Edward H. Luckett | Spouse | United States | Solatium |
| 55 | Timothy Wyatt Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 56 | Lisa Luckett | NJ | United States | Edward H. Luckett | PR | United States | Solatium/ Wrongful Death |
| 57 | Kathryn Crawford Luckett | RI | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 58 | Alexandra Ward Luckett | SC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 59 | James Taylor Luckett | NC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 60 | Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett | SC | United States | Edward H. Luckett | Parent (Deceased) | United States | Solatium |
| 61 | Domenica Anna Lopez | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 62 | Caterina Tavolacci | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 63 | Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani | NH | United States | Louis Neil Mariani | Parent (Deceased) | United States | Solatium |
| 64 | Bruce Mariani | NH | United States | Louis Neil Mariani | Sibling | United States | Solatium |
| 65 | Lauren Peters | NY | United States | Louis Neil Mariani | Child | United States | Solatium |
| 66 | Edna May Massa | FL | United States | Nicholas G. Massa | Spouse | United States | Solatium |

docs-100217557.1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 67 | Donna Mercurio | NJ | United States | Nicholas G. Massa | Child | United States | Solatium |
| 68 | Nicholas T. Massa | FL | United States | Nicholas G. Massa | Child | United States | Solatium |
| 69 | Denise McDonnell | NY | United States | Michael Patrick McDonnell | Sibling | United States | Solatium |
| 70 | Vincenza McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 71 | Patrick A. McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 72 | Kathleen Murphy | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 73 | Thomas McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 74 | John McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 75 | Maureen Simpson | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 76 | James McGuire | MA | United States | Patrick McGuire | Sibling | United States | Solatium |
| 77 | Jody Myers, as Personal Representative of the Estate of Terrence McGuire | MA | United States | Patrick McGuire | Sibling (Deceased) | United States | Solatium |
| 78 | Sean McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 79 | Aidan McShane | FL | United States | Terence McShane | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 80 | Colin McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 81 | Catherine McShane | NY | United States | Terence McShane | Spouse | United States | Solatium |
| 82 | Catherine McShane | NY | United States | Terence McShane | PR | United States | Solatium/ Wrongful Death |
| 83 | Elizabeth Miller | PA | United States | Douglas Miller | Child | United States | Solatium |
| 84 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | Spouse | United States | Solatium |
| 85 | Justin John Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 86 | Paige Celine Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 87 | John Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 88 | Patricia Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 89 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | PR | United States | Solatium/ Wrongful Death |
| 90 | Colleen Golden | NJ | United States | Richard Morgan | Child | United States | Solatium |
| 91 | John Morris III | PA | United States | Seth Morris | Sibling | United States | Solatium |
| 92 | Laura Nogaj | FL | United States | Stephen Philip Morris | Spouse | United Kingdom | Solatium |
| 93 | John Doe 71 | FL | United States | Stephen Philip Morris | PR | United Kingdom | Solatium/ Wrongful Death |
| 94 | John Michael Nee | NY | United States | Luke Girard Nee | Sibling | United States | Solatium |

docs-100217557.1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 95 | Dolores Laguerre | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 96 | Jimmy Vega | PA | United States | Diana O'Connor | Sibling | United States | Solatium |
| 97 | Minerva Galarza | FL | United States | Diana O'Connor | Sibling | United States | Solatium |
| 98 | Sonia Vega | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 99 | Miriam Roman | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 100 | Aida Cintron | NY | United States | Diana O'Connor | Sibling | United States | Solatium |

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

عطف به:

حملات تروریستی 11 سپتامبر 2001

03-MDL-1570 (GBD) (SN)

دبورا بودنر، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

متیو کیسی، انفراداً، به عنوان فرزند بازمانده کاتلین هانت-کیسی

کوین کیسی، انفراداً، به عنوان همسر بازمانده کاتلین هانت-کیسی

کوین کیسی، به عنوان نماینده شخصی ماترک کاتلین هانت-کیسی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتلین هانت-کیسی

بن هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

فریدا هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

گیدئون هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، انفراداً، به عنوان همسر بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، به عنوان نماینده شخصی ماترک جوزف اس. هاتلر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف اس. هاتلر

آنه ایلپی، انفراداً، به عنوان والد بازمانده جاناتان ایلپی

آنه‌ماری هولران، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

لورا اسرائیلوف، به‌عنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف، متوفی، والد متوفای دانیل ایلکانایف

لورا اسرائیلوف، انفراداً، به عنوان برادر/خواهر بازمانده دانیل ایلکانایف

متیو جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

کسلی جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

سین جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

لیزا جردن، انفراداً، به عنوان همسر بازمانده آندرو جردن

لیزا جردن، به عنوان نماینده شخصی ماترک آندرو جردن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آندرو جردن

هنری کارچوسکی، به عنوان نماینده شخصی ماترک رز سی. کارچوسکی، متوفی، والد متوفای چارلز هنری کارچوسکی

شماره پرونده مدنی: ____________________

**فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه**

دونا کاوانا، انفراداً، به عنوان برادر/خواهر بازمانده چارلز هنری کارچوسکی

هنری کارچوسکی، انفراداً، به عنوان والد بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، انفراداً، به عنوان همسر بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، به عنوان نماینده شخصی ماترک چارلز هنری کارچوسکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز هنری کارچوسکی

دانیل تی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

پیتر ام. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

آندرو کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جان دی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جنیفر کیروین ماسه، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

ویرجینیا کروکوفسکی، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام کروکوفسکی

باربارا راستلی، انفراداً، به عنوان والد بازمانده ویلیام کروکوفسکی

ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی، متوفی، والد متوفای ویلیام کروکوفسکی

کوری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

آبری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، برادر/خواهر متوفای پیتر لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

تری لانگون، انفراداً، به عنوان همسر بازمانده پیتر لانگون

تری لانگون، به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر لانگون

نیکی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

کارلی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون،

متوفی، والد متوفای پیتر لانگون

جوآن لانگون، انفراداً، به عنوان همسر بازمانده توماس لانگون

جوآن لانگون، به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس لانگون

کایتلین لانگون- برور، انفراداً، به عنوان فرزند بازمانده توماس لانگون

برایان لانگون، انفراداً، به عنوان فرزند بازمانده توماس لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون، متوفی، والد متوفای توماس لانگون

تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، برادر/خواهر متوفای توماس لانگون

خوزه دومینیگو لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز، متوفی، والد متوفای نانسی لیز

ویلیام استون لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

جنیفر گریس لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت، انفراداً، به عنوان همسر بازمانده ادوارد اچ. لاکت

تیموتی ویات لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت به عنوان نماینده شخصی ماترک ادوارد اچ. لاکت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوارد اچ. لاکت

کاترین کرافورد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

جیمز تیلور لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت، متوفی، والد متوفای ادوارد اچ. لاکت

دومینیکا آنا لوپز، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

| |
|---|
| کاترینا تاوولاسی، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو |
| بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی، متوفی، والد متوفای لوئیس نیل ماریانی |
| بروس ماریانی، انفراداً، به عنوان برادر/خواهر بازمانده لوئیس نیل ماریانی |
| لورن پیترز، انفراداً، به عنوان فرزند بازمانده لوئیس نیل ماریانی |
| ادنا می ماسا، انفراداً، به عنوان همسر بازمانده نیکلاس جی. ماسا |
| دونا مرکوریو، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا |
| نیکلاس تی. ماسا، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا |
| دنیس مکدانل، انفراداً، به عنوان برادر/خواهر بازمانده مایکل پاتریک مکدانل |
| وینچنرا مکدانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مکدانل |
| پاتریک ای. مکدانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مکدانل |
| کاتلین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر |
| توماس مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر |
| جان مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر |
| مائورین سیمپسون، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر |
| جیمز مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر |
| جودی میرز به عنوان نماینده شخصی ماترک ترنس مکگوایر، متوفی، برادر/خواهر متوفای پاتریک مکگوایر |
| سین مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین |
| آیدان مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین |
| کالین مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین |
| کاترین مکشین، انفراداً، به عنوان همسر بازمانده ترنس مکشین |
| کاترین مکشین، به عنوان نماینده شخصی ماترک ترنس مکشین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ترنس مکشین |
| الیزابت میلر، انفراداً، به عنوان فرزند بازمانده داگلاس میلر |
| دبورا لین تمپل، انفراداً، به عنوان همسر بازمانده وینست اس. |

مورلو

جاستین جان مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

پاگی سلین مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

جان مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

پاتریشیا مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

دبورا لین تمپل، به عنوان نماینده شخصی ماترک وینست اس. مورلو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینست اس. مورلو

کالین گلدن، انفراداً، به عنوان فرزند بازمانده ریچارد مورگان

جان موریس سوم، انفراداً، به عنوان برادر/خواهر بازمانده ست موریس

لورا نوگاج، انفراداً، به عنوان همسر بازمانده استفن فیلیپ موریس

جان داو 71، که قصد دارد نماینده شخصی ماترک استفن فیلیپ موریس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن فیلیپ موریس

جان مایکل نی، انفراداً، به عنوان برادر/خواهر بازمانده لوک ژیرارد نی

دولورس لاگور، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

جیمی وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

مینروا گالارزا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

سونیا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

میریام رومن، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

آیدا سینترون، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

خواهان(ها)،

- علیه -

جمهوری اسلامی ایران،

خوانده.

خواهان‌های مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده

جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هریک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران،ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 15-CV-9903 (GBD)(SN) ( .S.D.N.Y تاریخ 8 فوریه 2016)، ECF شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت از ایران، تمامی اتهامات مبتنی بر حقایق و مبانی حقوقی این شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

docs-100217557.1

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولیش علیه بن لادن، به شماره 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF شماره‌های 263، 294، 295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

## مکان

1. این منطقه بر اساس 28 U.S.C. §§ 1391(b)(2) و 1391(f)(1)، به عنوان جزیی بنیادی از رویدادهای زمینه‌ساز دعاوی مطرح شده در اینجا که در این منطقه رخ داد است، برای رسیدگی به این دعوا مناسب است. این مکان در این منطقه طبق 18 U.S.C. § 2334(a) مناسب محسوب می‌شود.

## صلاحیت دادگاه

2. صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 28 U.S.C. § 1605(a (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28 U.S.C. § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علت اقدام

3. بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [ **فقط یک شکایت** را علامت بزنید]:

☐ شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

docs-100217557.1

☒شکایت اصلاح شده، <u>برنت علیه جمهوری اسلامی ایران</u>، شماره 15-CV-9903 (GBD)(SN) (S.D.N.Y. تاریخ 8 فوریه 2016), ECF شماره 53

4. به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 *و ادامه آن.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده <u>هاولیش</u> که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 *و ادامه آن شده است.*

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 U.S.C. § 2333 *و ادامه آن.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده <u>هاولیش</u> که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 *و ادامه آن شده است.*

docs-100217557.1

**شناسایی خواهان‌های جدید**

5. اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a. شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b. خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. طبق مندرجات پیوست 1، «خواهان‌ها» (1) نماینده ورثه فرد کشته شده بر اثر «حملات تروریستی 11 سپتامبر 2001»؛ (2) بستگان درجه یک بازمانده فرد کشته شده در «حملات تروریستی 11 سپتامبر 2001»؛ و/یا (3) افراد دچار مصدومیت جسمی بر اثر «حملات تروریستی 11 سپتامبر 2001» هستند.

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر به‌طور مشخص در ضمیمه 1 ذکر گردیده است.

e. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همانگونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f. نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خوانده‌ها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6. تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7. خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی علیه هر یک از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8. خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه:**

9. بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند.

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به صورت مقتضی دارند.

تاریخ: 23 دسامبر 2019

تقدیم با احترام،

/امضا/ جری گلدمن

---

وکیل دعاوی، جری اس. گلدمن
وکیل دعاوی، بروس ای.
استرانگ وکیل دعاوی، سامانتا
ای. اسمیت وکیل دعاوی، استفن
واه
شرکت آندرسون کیل 1251
Avenue of the Americas New
York, New York :تلفن 212-
278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
ssmith@andersonkill.com
swah@andersonkill.com

*وکلای خواهان‌ها*

**ضمیمه**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | دبورا بودنر | کارولینای شمالی | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | متیو کیسی | نیوجرسی | ایالات متحده | کاتلین هانت- کیسی | کودک | ایالات متحده | ترضیه خاطر |
| 3 | کوین کیسی | نیوجرسی | ایالات متحده | کاتلین هانت- کیسی | همسر | ایالات متحده | ترضیه خاطر |
| 4 | کوین کیسی | نیوجرسی | ایالات متحده | کاتلین هانت- کیسی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 5 | بن هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 6 | فریدا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 7 | گیدئون هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 8 | میریام زهاوا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | همسر | ایالات متحده | ترضیه خاطر |

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 9 | میریام زهاوا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد/صدمه شخصی |
| 10 | آنه ایلپی | نیویورک | ایالات متحده | جاناتان ایلپی | والد | ایالات متحده | ترضیه خاطر |
| 11 | آنه‌ماری هولران | نیویورک | ایالات متحده | جاناتان ایلپی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 12 | لورا اسرائیلوف، به‌عنوان نماینده شخصی ماترک مالکیساديخ ایلکانایف | نیویورک | ایالات متحده | دانیل ایلکانایف | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 13 | لورا اسرائیلوف | نیویورک | ایالات متحده | دانیل ایلکانایف | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 14 | متیو جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| 15 | کسلی جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| 16 | سین جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| 17 | لیزا جردن | نیویورک | ایالات متحده | آندرو جردن | همسر | ایالات متحده | ترضیه خاطر |
| 18 | لیزا جردن | نیویورک | ایالات متحده | آندرو جردن | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 19 | هنری کارچوسکی به عنوان نماینده شخصی ماترک رز سی. کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 20 | دونا کاوانا | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | هنری کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد | ایالات متحده | ترضیه خاطر |
| 22 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | همسر | ایالات متحده | ترضیه خاطر |
| 23 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 24 | دانیل تی. کیروین | رود آیلند | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | پیتر ام. کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | آندرو کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | جان دی. کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | جنیفر کیروین ماسه | ماساچوست | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | ویرجینیا کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | باربارا راستلی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد | ایالات متحده | ترضیه خاطر |
| 31 | ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 32 | کوری لافرانس | فلوریدا | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 33 | آربری لافرانس | نیویورک | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 34 | جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 35 | جوان لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 36 | روزماری لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 38 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 39 | نیکی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 40 | کارلی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 41 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | پیتر لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 43 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 44 | کایتلین لانگون-برور | نیوجرسی | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 45 | برایان لانگون | کالیفرنیا | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 46 | جوان لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 47 | روزماری لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | توماس لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 49 | تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 50 | خوزه دومینیگو لیز | نیویورک | ایالات متحده | نانسی لیز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51 | خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز | نیویورک | ایالات متحده | نانسی لیز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 52 | ویلیام استون لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |
| 53 | جنیفر گریس لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |
| 54 | لیزا لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | همسر | ایالات متحده | ترضیه خاطر |
| 55 | تیموتی ویات لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 56 | لیزا لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 57 | کاترین کرافورد لاکت | رود آیلند | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 58 | الکساندرا وارد لاکت | کارولینای جنوبی | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 59 | جیمز تیلور لاکت | کارولینای شمالی | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت | کارولینای جنوبی | ایالات متحده | ادوارد اچ. لاکت | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 61 | دومینیکا آنا لوپز | نیویورک | ایالات متحده | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 62 | کاترینا تاوولاسی | نیویورک | ایالات متحده | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 63 | بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی | نیوهمپشایر | ایالات متحده | لوئیس نیل ماریانی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 64 | بروس ماریانی | نیوهمپشایر | ایالات متحده | لوئیس نیل ماریانی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 65 | لورن پیترز | نیویورک | ایالات متحده | لوئیس نیل ماریانی | کودک | ایالات متحده | ترضیه خاطر |
| 66 | ادنا می ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | همسر | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 67 | دونا مرکوریو | نیوجرسی | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 68 | نیکلاس تی. ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 69 | دنیس مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | وینچنرا مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 71 | پاتریک ای. مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 72 | کاتلین مورفی | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 73 | توماس مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 74 | جان مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | مائورین سیمپسون | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 76 | جیمز مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 77 | جودی میرز به عنوان نماینده شخصی ماترک ترنس مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 78 | سین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 79 | آیدان مکشین | فلوریدا | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 80 | کالین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 81 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | همسر | ایالات متحده | ترضیه خاطر |
| 82 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 83 | الیزابت میلر | پنسیلوانیا | ایالات متحده | داگلاس میلر | کودک | ایالات متحده | ترضیه خاطر |
| 84 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | همسر | ایالات متحده | ترضیه خاطر |
| 85 | جاستین جان مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 86 | پاگی سلین مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 87 | جان مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 88 | پاتریشیا مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 89 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 90 | کالین گلدن | نیوجرسی | ایالات متحده | ریچارد مورگان | کودک | ایالات متحده | ترضیه خاطر |
| 91 | جان موریس سوم | پنسیلوانیا | ایالات متحده | ست موریس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | لورا نوگاج | فلوریدا | ایالات متحده | استفن فیلیپ موریس | همسر | بریتانیا | ترضیه خاطر |
| 93 | جان داو 71 | فلوریدا | ایالات متحده | استفن فیلیپ موریس | پورتو ریکو | بریتانیا | ترضیه خاطر/ جراحت شخصی |
| 94 | جان مایکل نی | نیویورک | ایالات متحده | لوک ژیرارد نی | برادر/خواهر | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 95 | دولورس لاگور | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 96 | جیمی وگا | پنسیلوانیا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 97 | مینروا گالارزا | فلوریدا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 98 | سونیا وگا | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 99 | میریام رومن | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 100 | آیدا سینترون | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001<br><br>DEBORAH BODNER et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | As relates to 03 MDL 1570 (GBD) (SN)<br><br>Civil Docket Number: 1:19-cv-11776 |

**NOTICE OF SUIT**

| | | |
|---|---|---|
| 1. | Title of legal proceeding: | *Deborah Bodner et al. v. Islamic Republic of Iran* |
| | Full Name of Court: | United States District Court for the Southern District of New York |
| | Docket Number: | 1:19-cv-11776 |
| | Judge: | United States District Judge George B. Daniels |
| 2. | Name of foreign state concerned: | The Islamic Republic of Iran |
| 3. | Identity of the other Parties: | None |
| 4. | Nature of documents served: | Summons and Complaint (in English and Farsi) |
| 5. | Nature and Purpose of Proceedings: | Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of American on September 11th, 2001. The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product. The conspiracy among the defendant to commit acts of international terrorism against the United States, its nationals and allies, including the aiding and abetting of, and provision of material support and resources to, al Qaida and/or affiliated foreign |

terrorist organizations commercial entities, persons and other parties.

6. A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). These sections of the United States Code are attached in English and Farsi.

Dated: December 31, 2019

Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

**دادگاه ناحیه‌ای ایالات متحده**
**منطقه جنوب نیویورک**

| در پرونده عطف به حملات تروریستی 11 سپتامبر 2001<br><br>دبورا بوندر و همکاران،<br><br>خواهان‌ها،<br><br>علیه<br><br>جمهوری اسلامی ایران،<br><br>خوانده. | مربوط به 03 MDL 1570 (GBD) (SN)<br><br>پرونده مدنی به شماره: 1:19-cv-11776 |
|---|---|

**اخطار دادرسی**

1. عنوان دادرسی حقوقی: *دبورا بوندر و دیگران علیه جمهوری اسلامی ایران*
   نام کامل دادگاه: دادگاه ناحیه‌ای ایالات متحده در منطقه جنوب نیویورک
   شماره پرونده: 1:19-cv-11776
   قاضی: جورج بی. دنیلز، قاضی ناحیه‌ای ایالات متحده
2. نام دولت خارجی مرتبط: جمهوری اسلامی ایران
3. هویت دیگر طرف‌ها: هیچ
4. ماهیت اسناد ابلاغ شده: احضاریه و شکایت (به زبان انگلیسی و فارسی)
5. ماهیت و هدف اقدامات قضایی: دعوا برای جبران خسارت مرگ غیرمنصفانه و دیگر صدمات ناشی از حملات تروریستی صورت گرفته در ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت و همدستی با دیگر طرف‌ها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و هم‌پیمانان آن و نیز کمک‌رسانی مادی به طرف‌های مرتبط/برنامه‌ریزی حملات تروریستی که به صورت مستقیم، آگاهانه و پیش‌بینی شده منجر به حمله 11 سپتامبر شده است، تحت پیگرد قرار گرفته است. همدستی خوانده‌ها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و هم‌پیمانان آن، شامل همدستی و همکاری، و کمک‌رسانی مادی به القاعده و/یا سازمان‌های تروریستی خارجی وابسته، نهادهای تجاری، افراد و دیگر طرف‌ها بوده است.
6. پاسخ «احضاریه» و «شکایت» باید ظرف مدت شصت (60) روز از تاریخ دریافت این اسناد به دادگاه تسلیم شود. امکان گنجاندن دفاعیه قضایی (شامل دفاعیه مربوط به مصونیت دولتی) در پاسخ وجود دارد.
7. قصور در ارائه پاسخ بهنگام به دادگاه ممکن است به صدور حکم غیابی و درخواست اجرای حکم منجر است. اگر حکم غیابی صادر شده باشد، ممکن است روالی برای باطل کردن یا باز کردن حکم وجود داشته باشد.

8. پرسش‌های مربوط به مصونیت دولتی و صلاحیت دادگاه‌های ایالات متحده برای رسیدگی به دعوا علیه دولت‌های خارجی مشمول قانون 1976 مصونیت دولت‌های خارجی است که در بخشهای 1441(d)، 1391(f)، 1330) و 1602 تا 1611 از عنوان 28 قانون ایالات متحده (Pub. L. 94–583; 90 Stat. 2891). این بخشهای قانون ایالات متحده به زبان‌های انگلیسی و فارسی پیوست شده است.

تاریخ: 31 دسامبر 2019

جری گلدمن
اندرسون کیل (Anderson Kill P.C.)
1251 Avenue of the Americas
New York, New York
تلفن: 212-278-1000
jgoldman@andersonkill.com
*وکلای خواهان‌ها*

## I. *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

***United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION***

## § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

## II. *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

***United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE***

## § 1391. Venue generally

**(f)** Civil actions against a foreign state. A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)*]; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

*28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

***United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS***

## § 1441. Removal of civil actions

**(d)** Actions against foreign states. Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)*] may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.

***28 USCS § 1602***
**Current through PL 115-181, approved 6/5/18**

***United States Code Service - Titles 1 through 54***
***TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE - PART IV. JURISDICTION AND VENUE CHAPTER 97.***
***JURISDICTIONAL IMMUNITIES OF FOREIGN STATES***

## § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

**28 USCS § 1603**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

**28 USCS § 1604**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE**
**CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1604. Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

**28 USCS § 1605**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1605. General exceptions to the jurisdictional immunity of a foreign state

**(a)** A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

**(1)** in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)** in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)** in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)** in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

**(A)** any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

**(B)** any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

**(6)** in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)**  notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)**  notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)**  Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)**  [Repealed]

**(g)**  Limitation on discovery.

**(1)**  In general.

**(A)**  Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)**  A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)**  Sunset.

**(A)**  Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)**  After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)**  create a serious threat of death or serious bodily injury to any person;

**(ii)**  adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)**  obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)**  Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)**  Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)**  Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)**  Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

    **(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

    **(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

    **(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

    **(2)** Exceptions.

    **(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

    **(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

    **(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

    **(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

    **(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

**(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note] was filed;

**(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

**(I)** a national of the United States;

**(II)** a member of the armed forces; or

**(III)** otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

**(IV)** in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

**(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

**(b)** Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [28 USCS § 1605 note] not later than the latter of-

**(1)** 10 years after April 24, 1996; or

**(2)** 10 years after the date on which the cause of action arose.

**(c)** Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

**(1)** a national of the United States,

**(2)** a member of the armed forces,

**(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages. After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal. In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)*].

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions. For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

**§ 1605B. Responsibility of foreign states for international terrorism against the United States**

**(a)** Definition. In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states. A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)** Claims by nationals of the United States. Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)** Rule of construction. A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

**28 USCS § 1606**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1606. Extent of liability**

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

**28 USCS § 1607**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1607. Counterclaims**

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)** for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)** arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

**28 USCS § 1608**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1608. Service; time to answer; default**

**(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)** if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)** Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

**(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

**(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

**(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

**(C)** as directed by order of the court consistent with the law of the place where service is to be made.

**(c)** Service shall be deemed to have been made—

**(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

**(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

**(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

**(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

**28 USCS § 1609**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1609. Immunity from attachment and execution of property of a foreign state**

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

**28 USCS § 1610**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1610. Exceptions to the immunity from attachment or execution**

**(a)** The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

**(1)** the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)** the property is or was used for the commercial activity upon which the claim is based, or

**(3)** the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)** the execution relates to a judgment establishing rights in property

**(A)** which is acquired by succession or gift, or

**(B)** which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)** the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)** the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)** the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

**(b)** In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

**(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

**(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

**(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

**(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

**(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

**(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

**(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

**(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

**(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

      **(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

      **(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

      **(B)** In providing such assistance, the Secretaries

         **(i)** may provide such information to the court under seal; and

         **(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

      **(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

    **(g)** Property in certain actions.

      **(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

      **(A)** the level of economic control over the property by the government of the foreign state;

      **(B)** whether the profits of the property go to that government;

      **(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

      **(D)** whether that government is the sole beneficiary in interest of the property; or

      **(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

      **(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

**(3)** Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

**28 USCS § 1611**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1611. Certain types of property immune from execution**

**(a)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

**(b)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

**(1)** the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

**(2)** the property is, or is intended to be, used in connection with a military activity and

**(A)** is of a military character, or

**(B)** is under the control of a military authority or defense agency.

**(c)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

## یک. 28 USCS §1330

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

***خدمات قانون ایالات متحده - عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی***

## § 1330. اقدام علیه دولت‌های خارجی.

**(a)** دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش 1603(a) این [عنوان 28 USCS § 1603(a)] تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1605-1607 این [عنوان 28 USCS §§ 1605-1607] یا هرگونه موافقتنامه بین‌المللی نباشد.

**(b)** در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این [عنوان 28 USCS § 1608] انجام شده باشد.

**(c)** در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1605-1607 این [عنوان 28 USCS §§ 1605-1607] ناشی شده باشد.

## دو. 28 USCS § 1391

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

***خدمات قانون ایالات متحده - عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی***

## § 1391. کلیات محل اقامه دعوی

**(f)** اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش 1603(a) این [عنوان 28 USCS § 1603(a)] تعریف شده قابل انجام است-

**(1)** در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

**(2)** در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش 1605(b) این [عنوان 28 USCS § 1605(b)] *مطرح شده باشد؛*

**(3)** در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش 1603(b) این [عنوان 28 USCS § 1603(b)] مطرح شده باشد؛ یا

**(4)** در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

***1441 § USCS 28***

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

***خدمات قانون ایالات متحده - عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی***

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش 1603(a) این عنوان [28 USCS § 1603(a)] مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش 1446(b) این فصل [28 USCS § 1446(b)] را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

***1602 § 28 USCS***
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

***خدمات قانون ایالات متحده - عناوین 1 تا 54***
***عنوان 28. دادرسی و رویه دادرسی - بخش چهارم. صلاحیت قضایی و***
***محل اقامه دعوی، فصل 97.***
***مصونیت‌های قضائی دولت‌های خارجی***

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل [28 USCS §§ 1602 et seq.] تعیین شود.

**1603 § 28 USCS**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضائی دولت‌های خارجی**

**51603. تعاریف**

برای اهداف این فصل [28 USCS §§ 1602 et seq.]

**(a)** یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [28 USCS § 1608]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است -

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)** که شهروند دولت ایالات متحده بنا به تعریف بخش 1332(c) و (e) این عنوان [28 USCS § 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

**28 USCS § 1604**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§ 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی**

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1605-1607 این فصل [28 USCS §§ 1605-16071].

**28 USCS § 1605**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§ 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی**

**(a)** یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

**(1)** که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

**(2)** که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

**(3)** که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

**(4)** که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

**(5)** به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

**(A)** هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

**(B)** هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

**(6)** که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [28 USCS § 1607] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

**(b)** دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: *به شرط* آنکه—

**(1)** ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول خواهد بود؛ و

**(2)** ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

**(c)** هرگاه ابلاغیه مطابق با بند (b)(1) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (b)(1) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچ‌یک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

**(d)** دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 USCS §§ 31301 et seq.] and in و همچنین بر اساس اصول قانون و و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

**(e)، (f)** [منسوخ شد]

**(g)** محدودیت کشف.

**(1)** به‌طور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [28 USCS § 1604]،همچنین بخش 1605A یا بخش 1605B [28 USCS § 1605A یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

**(2)** شرط افول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

**(4)** منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6)(12(b) و 56 قوانی رویه دادرسی مدنی فدرال گردد.

**(5)** رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

**(1)** به‌طور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 89-259 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 89-259 (22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [28 USCS § 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

**(iii)** تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [(28 USCS § 1603(d)] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** (B) اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** به‌طور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که—

**(A)** (i) (I) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)**در صورتی که اقدام مجدداً به دلیل بخش 1083(c)(2)(A) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 1083(c)(3) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 1605(a)(7) [28 USCS § 1605(a)(7)] (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش 101(c) قسمت A قانون عمومی 104-208) [28 USCS $ 1605 تبصره] مطرح شده باشد؛

**(ii)** مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

**(I)** تبعه ایالات متحده باشد؛

**(II)** عضو نیروهای مسلح باشد؛ یا

**(III)** به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

**(IV)** در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره 1:00CV03110 (EGS) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 1605(a)(7) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش

101 (c) قسمت A قانون عمومی 104-208) [28 USCS 5 1605 تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

**(1)** 10 سال پس از 24 آوریل 1996؛ یا

**(2)** 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

(c) حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (a)(2)(A)(i) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

**(1)** تبعه ایالات متحده باشد،

**(2)** یک عضو نیروهای مسلح باشد،

**(3)** یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم براساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارات تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** 1] به‌طور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 *(42 U.S.C. 10603c)*، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که
به‌طور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش 1292(b) این *عنوان 28]*
*[(USCS § 1292(b)] مطرح گردد.*

**(g)** مقررات مربوط به اموال.

**(1)** به‌طور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که—

**(A)** مشمول ضبط برای کمک به اجراء، یا اجرا بر اساس بخش 1610 [*28 USCS §* 76701 باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خوانده‌ها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خوانده‌ها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

**(3)** قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان *[28 USCS §§ 1651* .et seq] قابل اجرا باشد.

**(h)** تعاریف. برای اهداف این بخش-

**(1)** اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

**(2)** اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

**(3)** اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

**(4)** اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

**(5)** اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت *(8 U.S.C. 1101(a)(22))* است؛

**(6)** اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 *(50 U.S.C. App. 2405(j)* [*(50 USCS § 46050*])، بخش 620A قانون کمک خارجی 1961 *(22 U.S.C. 2371)*. ، بخش 40 قانون کنترل صادرات اسلحه *(22 U.S.C. 2780)*، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

**(7)** اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 *(28 U.S.C. 1350* تبصره).

**§ 16O5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده**

---

**(a)** تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

**(1)** دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده است؛* و

**(2)** شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

**(b)** مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

**(1)** یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

**(2)** یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

**(c)** دعاوی اتباع ایالات متحده. علی‌رغم بخش 2)2337) عنوان 18 [*(18 USCS § 2337(2)*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *عنوان [18 USCS § 2333]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

**(d)** قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
## جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [28 USCS § 1605 یا 1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
## جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

**(a)** که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [28 USCS § 1605 یا 1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

**(b)** ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

**(c)** تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

**(a)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

**(3)** اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

**(4)** اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

**(b)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

**(3)** اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

**(A)** بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد -

**(1)** در صورت ابلاغ براساس بخش فرعی (a)(4)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**28 USCS §1609**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§ 1609. مصونیت در برابر توقیف اموال دولت خارجی**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

**28 USCS § 1610**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§ 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم**

**(a)** اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه —

**(1)** دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

**(3)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

**(4)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

**(A)** که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

**(B)** غیرمنقول بوده و در ایالات متحده واقع شده باشد: *به شرطی‌که،* از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

**(5)** اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

**(6)** حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

**(7)** حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش 1605(a)(7) [سابقاً 7)(a)(1605 § 28 USCS)] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(b)** علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه —

**(1)** سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3) ،)2(a)(1605)، یا (5) یا 1605(b) این فصل [28 USCS 5 1605(a)(2)، (3)، یا (5)، یا 1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [28 USCS§ 1605A] یا بخش 1605(a)(7) این فصل [سابقاً 28 USCS § 1605(a)(7)] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش 1608(e) این فصل [28 USCS § 1608(e)] سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه —

**(1)** دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش 1605(d) [28 USCS § 1605(d)] آمده است، مصون باشند.

**(f)** (A) (1) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش 208(f) قانون مأموریت خارجی (22 U.S.C. 4308(f))، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش 5(b) قانون تجارت با دشمن (50 U.S.C. ضمیمه 50 USCS 5 4305(b) [5(b)])]. بخش 620(a) قانون کمک خارجی 1961 (22 U.S.C. 2370(a))، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی (50 U.S.C. 1701-1702)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش 1605(a)(7) [28 USCS § 1605(a)(7)] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [28 USCS 5 1605A1] شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش 1605(a)(7) [28 USCS 5 1605(a)(7)] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [28 USCS § 1605A1] مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

**(3)** چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

**(g)** اموال در برخی اقدامات.

**(1)** به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است، صرف‌نظر از

**(A)** سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

**(B)** اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

**(C)** میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

**(D)** اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

**(E)** اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

**(2)** قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم، بر اساس حکم صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §5 1701 et seq.] تحت نظارت دولت ایالات متحده قرار دارد.

**(3)** صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

**28 USCS §1611**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند**

**(a)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 16101]، اموال سازمان‌های تعیین شده توسط رئیس جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

**(b)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم مصون باشد، چنانچه —

**(1)** اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود، مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

**(A)** دارای ماهیت نظامی باشد، یا

**(B)** تحت کنترل مقام نظامی سازمان دفاع باشد.

**(c)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |
|---|---|

| DEBORAH BODNER *et al.* PLAINTIFFS, v. ISLAMIC REPUBLIC OF IRAN, DEFENDANT. | Civil Docket Number: 1:19-cv-11776 **AFFIDAVIT OF TRANSLATOR** ECF CASE |
|---|---|

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

I, Joyce Chen, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

   a. Summons with appendix
   b. Complaint with appendix
   c. Civil cover sheet with appendix
   d. Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391, 28. U.S.C. 1441, and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by a translator who holds a BA in English and an MA in Translation. They have been a legal language consultant and translator for over 20 years.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

Joyce Chen, Project Manager

Sworn to before me
this 03 day of January, 2020

Notary Public

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

docs-100218475.1