# EXHIBIT D



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: BERNAERTS V. ISLAMIC
REP. OF IRAN
Date: 5/12/2020 4:00:54 PM
Register: ACS Cash
Transaction: 15037392
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | CHF 2'275.00 |
| ROGATORY/FSIA FEE | | | | |

| | |
|---|---|
| Balance | $2,275.00 |
| Amount Paid | $2,275.00 |
| Change | $0.00 |

CUSTOMER COPY
ALL TRANSACTIONS ARE
FINAL - NO REFUNDS

Sensitive But Unclassified (SBU)

46980



**United States Department of State**

*Washington, D.C.   20520*

July 21, 2020

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

### August Bernaerts, et al. v. Islamic Republic of Iran, 1:19-cv-11865

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1084-IE, dated June 28, 2020 and delivered on June 29, 2020. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs



SPECIFIC AUTHENTICATION CERTIFICATE

Con...eration of Switzerland )
Ber... ...anton of Bern ) SS:
Em... ...y of the United States of America )

I, ...ward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland, c... ...y that this is a true copy of Embassy note number 27169 dated May 12, 2020, which was tr... ...mitted to the Swiss Ministry of Foreign Affairs on May 13, 2020 for further transmission to t... ...merican Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)





*Embassy of the United States of America*

May 12, 2020

CONS NO.   27169

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities
Act (FSIA) – August Bernaerts, et al. V. Islamic Republic of Iran, 1:19-cv-11865

REF:   ----

The Department of State has requested the delivery of the enclosed Summons, Civil Cover
Sheet, Iran Short Form Complaint, and Notice of Suit to the Ministry of Foreign Affairs of the
Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of
August Bernaerts, et al. V. Islamic Republic of Iran, 1:19-cv-11865.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the
documents to the American Interests Section of the Swiss Embassy in Tehran.  There is one
defendant to be served in this case: the Islamic Republic of Iran.  The American Interests Section
should transmit the Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the
language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery.  The
American Interests Section should execute certifications of the diplomatic notes, which will be
forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of
State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the
Swiss Embassy in Tehran receives the documents as well as the date the Interests Section
forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit August Bernaerts, et al. v. Islamic Republic of Iran, 1:19-cv-11865, which is pending in the U.S. District Court Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons, Civil Cover Sheet, and Iran Short Form Complaint herewith. The U.S. District Court Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, and Iran Short Form Complaint, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland          )
Bern, Canton of Bern                  ) SS:
Embassy of the United States of America  )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(Signature of Consular Officer)


_____Hayward M. ALTO_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


July 16, 2020
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

29707

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27169 dated May 12, 2020 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
August Bernaerts, et al. v. Islamic Republic of Iran, 1:19-cv-11865

- Note No. 1084-IE addressed to the Government of the Islamic Republic of Iran

dated June 28, 2020 and proof of service, dated June 29, 2020 as well as the certification by the Swiss Federal Chancellery dated July 14, 2020.

The section has received the above mentioned documents on June 1, 2020. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on June 29, 2020. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Bern, July 14, 2020



*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Bern

## SPECIFIC AUTHENTICATION CERTIFICATE



Confederation of Switzerland )
Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____Maya FONTAINE_____
(Typed name of Official who executed the annexed document)

_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1084-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit August Bernaerts, et al. v. Islamic Republic of Iran, 1:19-cv-11865, which is pending in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons, Civil Cover Sheet, and Iran Short Form Complaint herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, and Iran Short Form Complaint, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, June 28, 2020

Attachments:
1. Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Patricia Weber Singh, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1084-IE, dated June 28, 2020. The delivery of this note and its enclosures was attempted on June 29, 2020 but the Iranian Ministry of Foreign Affairs refused its acceptance.

P. Weber Singh

Patricia Weber Singh
Head of the Foreign Interests Section

Tehran, June 29, 2020



---

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by    P. Weber Singh

3. acting in the capacity of officer

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne                    6.    the 14 July 2020

7. by Maya Fontaine
   functionary of the Swiss federal Chancellery

8. No ........... 0.1.3.3.0.5

9. Seal/stamp:                           10. Signature:

   Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE– 1084

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوای حقوقی تحت عنوان آگوست برنارتز و دیگران، بر علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 11865-cv-19:1 که در دادگاه ناحیه ای ایالات متحده ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده آمریکا ناحیه جنوب نیو یورک، یک فقره احضاریه، برگه جلد درخواست مدنی و فرم کوتاه شکایت از ایران را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحده، خوانده یک پرونده می بایست ظرف 60 روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفائیه از طرف خود را داشته باشد. لذا، سفارت می نماید که احضاریه، برگه جلد درخواست مدنی و شکایت ضمیمه، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه احضاریه، برگه جلد درخواست مدنی و فرم کوتاه شکایت از ایران، یک فقره اخطار دادرسی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ هشتم تیر ماه 1399 (28 ژوئن 2020)

پیوست: 1- احضاریه، برگه جلد درخواست مدنی، فرم کوتاه شکایت (فرم الف) و اخطار دادرسی
2- ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

28 USC 1608 Summons IH 6
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

AUGUST BERNAERTS, et al. (see
appendix)
_____
            Plaintiff

v.
ISLAMIC REPUBLIC OF IRAN
_____
            Defendant

)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To:    (Defendant's name and address)
       ISLAMIC REPUBLIC OF IRAN
       c/o Permanent Mission of Iran
       to the United Nations
       622 Third Avenue
       New York, NY 10017

       A lawsuit has been filed against you.

       Within 60 days after service of this summons on you (not counting the day you received it) you must
serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of
Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and
address are:

       Jerry S. Goldman, Esq.
       ANDERSON KILL P.C.
       1251 Avenue of the Americas
       New York, NY 10020
       (212) 278-1000
       jgoldman@andersonkill.com

                                    ◼

       If you fail to respond, judgment by default may be entered against you for the relief demanded in the
complaint.  You also must file your answer or motion with the court.

                                    **CLERK OF COURT**

Date: _____12/30/2019_____              /s/ P. Canales
                                              _____
                                              Signature of Clerk or Deputy Clerk



28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☞ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☞ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☞ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☞ I returned the summons unexecuted because _____ ; or

☞ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# APPENDIX

August Bernaerts, individually, as surviving sibling of Donna Bernaerts-Kearns

John Doe 84, being intended to designate the Personal Representative of the Estate of Donna Bernaerts-Kearns, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Donna Bernaerts-Kearns

Diane Brierley, individually, as surviving sibling of Mary Catherine Boffa

Margaret Trudeau, individually, as surviving sibling of Mary Catherine Boffa

John Boffa, individually, as surviving spouse of Mary Catherine Boffa

John Boffa, as the Personal Representative of the Estate of Mary Catherine Boffa, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mary Catherine Boffa

Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards), individually, as surviving spouse of Dennis Edwards

Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards), as the Personal Representative of the Estate of Dennis Edwards, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Dennis Edwards

Alexa Marie Edwards, individually, as surviving child of Dennis Edwards

Sheila Edwards Doyle, as the Personal Representative of the Estate of Julia Edwards, deceased, the late parent of Dennis Edwards

Morgan Edwards, individually, as surviving sibling of Dennis Edwards

Sheila Edwards Doyle, individually, as surviving sibling of Dennis Edwards

Elizabeth Edwards Cortese, individually, as surviving sibling of Dennis Edwards

Eileen Edwards O'Brien, individually, as surviving sibling of Dennis Edwards

Stanley Frank, individually, as surviving parent of Gary J. Frank

Mindy Gabler, individually, as surviving spouse of Fredric Gabler

Mindy Gabler, as the Personal Representative of the Estate of Fredric Gabler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Fredric Gabler

Alexis Gabler, individually, as surviving child of Fredric Gabler

Howard Gabler, individually, as surviving parent of Fredric Gabler

Leslie Gabler, individually, as surviving parent of Fredric Gabler

Jolie Gabler, individually, as surviving sibling of Fredric Gabler

Nicholas Kemp, individually, as surviving child of Timothy Haviland

1

Jennifer Holohan, individually, as surviving sibling of Thomas P. Holohan

Brendan Ielpi, individually, as surviving sibling of Jonathan Ielpi

Melissa Brengel, individually, as surviving sibling of Jonathan Ielpi

Jose Domingo Liz, as legal guardian of Marie Liz, individually, as surviving sibling of Nancy Liz

Eileen Lunder Baynes, individually, as surviving sibling of Christopher Lunder

John Doe 82, as the Personal Representative of the Estate of Guiseppe Luparello, deceased, the late sibling of Anthony Luparello

Rosa Campisi, individually, as surviving sibling of Anthony Luparello

Patrice A. Regan, as the Personal Representative of the Estate of Nicholas G. Massa, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Nicholas G. Massa

Gloria Eleanor Moran, individually, as surviving sibling of Nicholas G. Massa

Colleen Golden, as the Personal Representative of the Estate of Richard Morgan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard Morgan

Colleen Golden, as the Personal Representative of the Estate of Patricia Morgan, deceased, the late spouse of Richard Morgan

Barbara Morris, individually, as surviving parent of Seth Morris

John R. Morris, Jr., individually, as surviving parent of Seth Morris

James Morris, individually, as surviving sibling of Seth Morris

Patrick Nee, individually, as surviving child of Luke Girard Nee

Irene Lavelle, as the Personal Representative of the Estate of Luke G. Nee, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Luke Girard Nee

Irene Lavelle, individually, as surviving spouse of Luke Girard Nee

Ellen Macri, individually, as surviving sibling of Katherine McGarry Noack

Patrick McGarry, individually, as surviving sibling of Katherine McGarry Noack

Marianne Burke, individually, as surviving sibling of Katherine McGarry Noack

Deborah M. Brink, individually, as surviving sibling of Katherine McGarry Noack

John Doe 85, being intended to designate the Personal Representative of the Estate of Katherine McGarry Noack, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Katherine McGarry Noack

Johnny Vega, individually, as surviving sibling of Diana O'Connor

Johnny Vega, as the Personal Representative of the Estate of Maria Vega, deceased, the late parent of Diana O'Connor

Robert Vega, individually, as surviving sibling of Diana O'Connor

Rachel Uchitel, individually, as surviving spouse of Andrew O'Grady

John Doe 80, being intended to designate the Personal Representative of the Estate of Andrew O'Grady, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Andrew O'Grady

John P. O'Neill, Jr., individually, as injured person

John Owens, as the Personal Representative of the Estate of Dolores Owens, deceased, the late parent of Peter Owens

John Owens, as the Personal Representative of the Estate of Peter J. Owens, Sr., deceased, the late parent of Peter Owens

Kathleen Owens, individually, as surviving sibling of Peter Owens

Pamela Rancke Schroeder, individually, as surviving sibling of Alfred Todd Rancke

Elizabeth Rivas, as the Personal Representative of the Estate of Moises Norberto Rivas, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Moises Norberto Rivas

Elizabeth Rivas, individually, as surviving spouse of Moises Norberto Rivas

Moesha Rivas, individually, as surviving child of Moises Norberto Rivas

Moises Norberto Rivas, Jr., individually, as surviving child of Moises Norberto Rivas

Lorene Rosenberg, individually, as surviving sibling of Lloyd Rosenberg

Lawrence Rosenberg, individually, as surviving parent of Lloyd Rosenberg

Michele Rosenberg, individually, as surviving parent of Lloyd Rosenberg

Brendan Ryan, individually, as surviving sibling of Matthew Ryan

Brendan Ryan, as the Personal Representative of the Estate of Teresa Ryan, deceased, the late parent of Matthew Ryan

Kathleen Sanchez, individually, as surviving child of Raymond Sanchez

John Doe 79, being intended to designate the Personal Representative of the Estate of Raymond Sanchez, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Raymond Sanchez

Christian Santos, individually, as surviving child of Rafael Humberto Santos

Jonnathan Santos, individually, as surviving child of Rafael Humberto Santos

Yubelly Santos, as the Personal Representative of the Estate of Rafael Humberto Santos, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Rafael Humberto Santos

Yubelly Santos, individually, as surviving spouse of Rafael Humberto Santos

Christopher John Saucedo, individually, as surviving sibling of Gregory Saucedo

Jude Monteserrato a/k/a Judith Monteserrato, individually, as surviving spouse of John Michael Sbarbaro

John Doe 72, being intended to designate the Personal Representative of the Estate of John Michael Sbarbaro, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John Michael Sbarbaro

Helen Seaman, individually, as surviving parent of Michael H. Seaman

Elizabeth Isacowitz, individually, as surviving sibling of Michael H. Seaman

Maryellen Michalenko, individually, as surviving sibling of Michael H. Seaman

John Doe 78, being intended to designate the Personal Representative of the Estate of Michael H. Seaman, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael H. Seaman

Thomas Shea, as the Personal Representative of the Estate of Joan Shea, deceased, the late parent of Daniel Shea

Thomas Shea, as the Personal Representative of the Estate of Joan Shea, deceased, the late parent of Joseph Shea

Barbara Keane, as the Personal Representative of the Estate of Amy Haviland, deceased, the late sibling of Robert Spear

Barbara Strobert, as the Personal Representative of the Estate of Frank Strobert, deceased, the late parent of Steven Frank Strobert

Barbara Strobert, individually, as surviving parent of Steven Frank Strobert

Frank Steven Strobert, individually, as surviving child of Steven Frank Strobert

Tara Strobert-Nolan, individually, as surviving spouse of Steven Frank Strobert

Tara Strobert-Nolan, as the Personal Representative of the Estate of Steven Frank Strobert, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Frank Strobert

Maureen Sullivan, individually, as surviving spouse of Derek O. Sword

4

John Doe 81, being intended to designate the Personal Representative of the Estate of Derek O. Sword, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Derek O. Sword

Janice Dukes, individually, as surviving spouse of Donnie Taylor

John Doe 75, being intended to designate the Personal Representative of the Estate of Donnie Taylor, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Donnie Taylor

Kristina Nicole York, individually, as surviving child of Raymond York

Joan York, as the Personal Representative of the Estate of Raymond York, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Raymond York

Joan York, individually, as surviving spouse of Raymond York

Karin Charles, individually, as surviving spouse of Kenneth Zelman

Karin Charles, as the Personal Representative of the Estate of Kenneth Zelman, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kenneth Zelman

Olivia Zelman Charles, individually, as surviving child of Kenneth Zelman

Ethan Zelman Charles, individually, as surviving child of Kenneth Zelman

Case 1:03-md-01570-GBD-SN   Document 6921-4   Filed 07/08/21   Page 20 of 131
Case 1:18-cv-11360-GBD-SN   Document 65-194   Filed 06/03/22

4/17

IH6 احضاریه 28 USC 1608

دادگاه ناحیه‌ای ایالات متحده
ناحیه
جنوب نیویورک

آگوست برنارتز و دیگران. (به ضمیمه مراجعه کنید)

)
)
)                                          خواهان
)
)   اقدام مدنی شماره
)                                          علیه
)   جمهوری اسلامی ایران
                                           خوانده

احضاریه در یک اقدام مدنی

به:: (نام و آدرس خوانده)

**جمهوری اسلامی ایران**
**قابل توجه: سفیر دائم ایران**
**در سازمان ملل متحد**
**622 Third Avenue**
**New York, NY 10017**

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا دفاعیه ای را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
اندرسون کیل (.Anderson Kill P.C)
**1251 Avenue of the Americas**
**New York, NY 10020**
**212) 278-1000)**
**jgoldman@andersonkill.com**

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا دفاعیه خود را به دادگاه ارایه نمایید.

منشی دادگاه

/امضا / P. Canales _____

امضای منشی یا معاون منشی
[امضا شده]
[مهر : دادگاه ناحیه‌ای ایالات متحده، ناحیه جنوب نیویورک]

تاریخ: 2019/30/12

28 USC 1608 احضاریه (12/11) (صفحه 2)

اقدام مدنی شماره

<div dir="rtl">

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 I))

این احضاریه مربوط به (نام فرد یا سمت، در صورت امکان) _____

در (تاریخ)_____ به من ابلاغ شد

- من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____

  در (تاریخ)_____ ابلاغ کردم ____؛ یا

- احضاریه را در محل سکونت فرد یا محل اقامت معمول وی در نزد (نام) _____ قرار دادم

  _____، که فردی بالغ و دارای اختیار بود که در آن مکان ساکن بوده است،

  در (تاریخ)_____، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

- من احضاریه را به (نام فرد) _____ ، تحویل دادم، که

  توسط قانون برای دریافت ابلاغیه از طرف (نام سازمان) _____ مشخص شده است

  در (تاریخ)_____ ؛ یا

- من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

- سایر (مشخص کنید):



حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ و جمعاً _____ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است،

تاریخ: _____          _____

_____
*امضای ابلاغ‌کننده*

_____
*نام و سمت با حروف بزرگ و خوانا نوشته شود*

_____
*آدرس ابلاغ‌کننده*

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

</div>

## ضمیمه

آگوست برنارتز، انفراداً، به عنوان برادر/خواهر بازمانده دونا برنارتز-کرنز

جان داو 84، که قصد دارد نماینده شخصی ماترک دونا برنارتز-کرنز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دونا برنارتز-کرنز

دیان بریرلی، انفراداً، به عنوان برادر/خواهر بازمانده ماری کاترین بوفا

مارگارت ترودو، انفراداً، به عنوان برادر/خواهر بازمانده ماری کاترین بوفا

جان بوفا، انفراداً، به عنوان همسر بازمانده ماری کاترین بوفا

جان بوفا، به عنوان نماینده شخصی ماترک کاترین فاگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ماری کاترین بوفا

پاتریشا کاناف ادوراز (سابقاً موسوم به پتی کاناف ادوراز)، انفراداً، به عنوان همسر بازمانده دنیس ادوراز

پاتریشا کاناف ادوراز (سابقاً موسوم به پتی کاناف ادوراز) به عنوان نماینده شخصی ماترک دنیس ادوراز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دنیس ادوراز

الکسا ماری ادوراز، انفراداً، به عنوان فرزند بازمانده دنیس ادوراز

شیلا ادواردز دویل به عنوان نماینده شخصی ماترک جولیا ادواردز، متوفی، والد متوفای دنیس ادوراز

مورگان ادواردز، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادوراز

شیلا ادواردز دویل، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادوراز

الیزابت ادواردز کورتسی، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادوراز

الین ادواردز اوبراین، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادوراز

استنلی فرانک، انفراداً، به عنوان والد بازمانده گری جی. فرانک

میندی گابلر، انفراداً، به عنوان همسر بازمانده فردریک گابلر

میندی گابلر، به عنوان نماینده شخصی ماترک فردریک گابلر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فردریک گابلر

الکسیس گابلر، انفراداً، به عنوان فرزند بازمانده فردریک گابلر

هوارد گابلر، انفراداً، به عنوان والد بازمانده فردریک گابلر

لسلی گابلر، انفراداً، به عنوان والد بازمانده فردریک گابلر

جولی گابلر، انفراداً، به عنوان برادر/خواهر بازمانده فردریک گابلر

نیکلاس کمپ، انفراداً، به عنوان فرزند بازمانده تیموتی هاویلند


جنیفر هولوهان، انفراداً، به عنوان برادر/خواهر بازمانده توماس پی. هولوهان

برندان ایلپی، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

ملیسا برنگل، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

خوزه دومینیگو لیز، به عنوان سرپرست قانونی ماری لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

1

الین لاندر باینز، انفراداً به عنوان برادر/خواهر بازمانده کریستوفر لاندر

جان داو 82، به عنوان نماینده شخصی ماترک جیپسی لوپارلو، متوفی، برادر/خواهر متوفای آنتونی لوپارلو

رزا کامپیسی، انفراداً به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

پاتریس ای. ریگان، به عنوان نماینده شخصی ماترک نیکلاس جی. ماسا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نیکلاس جی. ماسا

گلوریا النور موران، انفراداً به عنوان برادر/خواهر بازمانده نیکلاس جی. ماسا

کالین گلدن، به عنوان نماینده شخصی مشترک ماترک ریچارد مورگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد مورگان

کالین گلدن، به عنوان نماینده شخصی ماترک پاتریشیا مورگان، متوفی، همسر متوفای ریچارد مورگان

باربارا موریس، انفراداً به عنوان والد بازمانده ست موریس

جان آر. موریس جونیور، انفراداً به عنوان والد بازمانده ست موریس

جیمز موریس، انفراداً به عنوان برادر/خواهر بازمانده ست موریس

پاتریک نی، انفراداً به عنوان فرزند بازمانده لوک ژیرارد نی

ایرنه لاول، به عنوان نماینده شخصی ماترک لوک جی. نی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوک ژیرارد نی

ایرنه لاول، انفراداً به عنوان همسر بازمانده لوک ژیرارد نی

الن ماکری، انفراداً به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

پاتریک مکگری، انفراداً به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

ماریان بروک، انفراداً به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

دبورا ام. برینک، انفراداً به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

جان داو 85، که قصد دارد نماینده شخصی ماترک کاترین مکگری نواک، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاترین مکگری نواک

جانی وگا، انفراداً به عنوان برادر/خواهر بازمانده دیانا اوکانر

جانی وگا، به عنوان نماینده شخصی ماترک ماریا وگا، متوفی، والد متوفای دیانا اوکانر

روبرت وگا، انفراداً به عنوان برادر/خواهر بازمانده دیانا اوکانر

راشل پوشیتل، انفراداً به عنوان همسر بازمانده راشل پوشیتل

جان داو 80، که قصد دارد نماینده شخصی ماترک آندرو اوگاردی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آندرو اوگاردی

جان پی. اونیل جونیور، انفراداً به عنوان شخص صدمه دیده

جان اونز، به عنوان نماینده شخصی ماترک دولورس اونز، متوفی، والد متوفای پیتر اونز

جان اونز، به عنوان نماینده شخصی ماترک پیتر جی. اونز سنیور، متوفی، والد متوفای پیتر اونز

کاتلین اونز، انفراداً، به عنوان برادر/خواهر بازمانده پیتر اونز

پاملا کرانک شرودر، انفراداً، به عنوان برادر/خواهر بازمانده آلفرد تاد رانکه

الیزابت ریواس، به عنوان نماینده شخصی ماترک میوزس نوربرتو ریواس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میوزس نوربرتو ریواس

الیزابت ریواس، انفراداً، به عنوان همسر بازمانده میوزس نوربرتو ریواس

موئشا ریواس، انفراداً، به عنوان فرزند بازمانده میوزس نوربرتو ریواس

میوزس نوربرتو ریواس جونیور، انفراداً، به عنوان فرزند بازمانده میوزس نوربرتو ریواس

لورین روزنبرگ، انفراداً، به عنوان برادر/خواهر بازمانده لوید روزنبرگ

لورنس روزنبرگ، انفراداً، به عنوان والد بازمانده لوید روزنبرگ

میشل روزنبرگ، انفراداً، به عنوان والد بازمانده لوید روزنبرگ

برندان ریان، انفراداً، به عنوان برادر/خواهر بازمانده متیو ریان

برندان ریان، به عنوان نماینده شخصی ماترک ترزا مورگان، متوفی، والد متوفای متیو ریان

کاتلین سانچز، انفراداً، به عنوان فرزند بازمانده ریموند سانچز

جان داو 79، که قصد دارد نماینده شخصی ماترک ریموند سانچز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریموند سانچز

کریستین سانتوز، انفراداً، به عنوان فرزند بازمانده رافائل هومبرتو سانتوز

جوناتان سانتوز، انفراداً، به عنوان فرزند بازمانده رافائل هومبرتو سانتوز

یوبلی سانتوز، به عنوان نماینده شخصی ماترک رافائل هومبرتو سانتوز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رافائل هومبرتو سانتوز

یوبلی سانتوز، انفراداً، به عنوان همسر بازمانده رافائل هومبرتو سانتوز

کریستوفر جان ساسدو، انفراداً، به عنوان برادر/خواهر بازمانده گریگوری ساسدو

جود مونتسراتو سابقاً موسوم به جودیت مونتسراتو، انفراداً، به عنوان همسر بازمانده جان مایکل سباربارو

جان داو 72، که قصد دارد نماینده شخصی ماترک جان مایکل سباربارو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان مایکل سباربارو

هلن سیمن، انفراداً، به عنوان والد بازمانده مایکل اچ. سیمن

الیزابت ایزاکوویتز، انفراداً، به عنوان برادر/خواهر بازمانده مایکل اچ. سیمن

ماریلین میچالنکو، انفراداً، به عنوان برادر/خواهر بازمانده مایکل اچ. سیمن

جان داو 78، که قصد دارد نماینده شخصی ماترک مایکل اچ. سیمن، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این

صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مایکل اچ. سیمن

توماس شیا به عنوان نماینده شخصی ماترک جان شیا، متوفی، والد متوفای دانیل شیا

توماس شیا، به عنوان نماینده شخصی ماترک جان شیا، متوفی، والد متوفای جوزف شیا

باربارا گین، به عنوان نماینده شخصی ماترک امی هاویلند، متوفی، برادر/خواهر متوفای روبرت اسپر

باربارا استروبرت، به عنوان نماینده شخصی ماترک فرانک استروبرت، متوفی، والد متوفای استیون فرانک استروبرت

باربارا استروبرت، انفراداً به عنوان والد بازمانده استیون فرانک استروبرت

فرانک استیون استروبرت، انفراداً، به عنوان فرزند بازمانده استیون فرانک استروبرت

تارا استروبرت- نولان، انفراداً، به عنوان همسر بازمانده استیون فرانک استروبرت

تارا استروبرت- نولان، به عنوان نماینده شخصی ماترک استیون فرانک استروبرت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون فرانک استروبرت

مانورین سالیوان، انفراداً، به عنوان همسر بازمانده درک او. اسورد

جان داو 81، که قصد دارد نماینده شخصی ماترک درک او. اسورد، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده درک او. اسورد

جانیس دوکز، انفراداً، به عنوان همسر بازمانده دانی تیلور

جان داو 75، که قصد دارد نماینده شخصی ماترک دانی تیلور، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دانی تیلور

کریستینا نیکل یورک، انفراداً، به عنوان فرزند بازمانده ریموند یورک

جوان یورک، به عنوان نماینده شخصی ماترک ریموند یورک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریموند یورک

جوان یورک، انفراداً، به عنوان همسر بازمانده ریموند یورک

کارین چارلز، انفراداً، به عنوان همسر بازمانده کنت زلمن

کارین چارلز، به عنوان نماینده شخصی ماترک کنت زلمن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کنت زلمن

الیویا زلمن، انفراداً، به عنوان فرزند بازمانده کنت زلمن

اتان زلمن چارلز، انفراداً، به عنوان فرزند بازمانده کنت زلمن

JS 44C/SDNY
REV. 06/01/17

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
AUGUST BERNAERTS, et. al.

DEFENDANTS
THE ISLAMIC REPUBLIC OF IRAN

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., Anderson Kill P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000/jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. § § 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☒    Judge Previously Assigned George B. Daniels

If yes, was this case   Vol. ☐   Invol. ☐   Dismissed.   No ☒   Yes ☐   If yes, give date _____ & Case No. 1:03-md-01570

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No ☒   Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*   NATURE OF SUIT

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**

[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PRISONER CIVIL RIGHTS**

[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

### ACTIONS UNDER STATUTES

**FORFEITURE/PENALTY**

[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 28 USC 7609

**OTHER STATUTES**

[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE

[X] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS

[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

---

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150 Billion   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels   DOCKET NUMBER 1:03-md-01570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*        **ORIGIN**

[x] 1 Original Proceeding    [ ] 2 Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation (Transferred)    [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

                                                     [ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*        **BASIS OF JURISDICTION**        *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**
See attached appendix

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**
The Islamic Republic of Iran, Iran

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 12/27/19    /s/ Jerry S. Goldman      ADMITTED TO PRACTICE IN THIS DISTRICT
           SIGNATURE OF ATTORNEY OF RECORD      [ ] NO
                                       [x] YES (DATE ADMITTED Mo. May Yr. 1980 )

RECEIPT #                                   Attorney Bar Code #   1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | August Bernaerts | NJ | United States | Donna Bernaerts-Kearns | Sibling | United States | Solatium |
| 2 | John Doe 84 | TBD | TBD | Donna Bernaerts-Kearns | PR | United States | Solatium/ Wrongful Death |
| 3 | Diane Brierley | NJ | United States | Mary Catherine Boffa | Sibling | United States | Solatium |
| 4 | Margaret Trudeau | NJ | United States | Mary Catherine Boffa | Sibling | United States | Solatium |
| 5 | John Boffa | NJ | United States | Mary Catherine Boffa | Spouse | United States | Solatium |
| 6 | John Boffa | NJ | United States | Mary Catherine Boffa | PR | United States | Solatium/ Wrongful Death |
| 7 | Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards) | NY | United States | Dennis Edwards | Spouse | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 8 | Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards) | NY | United States | Dennis Edwards | PR | United States | Solatium/ Wrongful Death |
| 9 | Alexa Marie Edwards | NY | United States | Dennis Edwards | Child | United States | Solatium |
| 10 | Sheila Edwards Doyle, as the Personal Representative of the Estate of Julia Edwards | FL | United States | Dennis Edwards | Parent (Deceased) | United States | Solatium |
| 11 | Morgan Edwards | NY | United States | Dennis Edwards | Sibling | United States | Solatium |
| 12 | Sheila Edwards Doyle | FL | United States | Dennis Edwards | Sibling | United States | Solatium |
| 13 | Elizabeth Edwards Cortese | NY | United States | Dennis Edwards | Sibling | United States | Solatium |
| 14 | Eileen Edwards O'Brien | NY | United States | Dennis Edwards | Sibling | United States | Solatium |
| 15 | Stanley Frank | NJ | United States | Gary J. Frank | Parent | United States | Solatium |
| 16 | Mindy Gabler | TBD | United States | Fredric Gabler | Spouse | United States | Solatium |
| 17 | Mindy Gabler | TBD | United States | Fredric Gabler | PR | United States | Solatium/ Wrongful Death |
| 18 | Alexis Gabler | TBD | United States | Fredric Gabler | Child | United States | Solatium |
| 19 | Howard Gabler | NY | United States | Fredric Gabler | Parent | United States | Solatium |

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Leslie Gabler | NY | United States | Fredric Gabler | Parent | United States | Solatium |
| 21 | Jolie Gabler | NY | United States | Fredric Gabler | Sibling | United States | Solatium |
| 22 | Nicholas Kemp | NY | United States | Timothy Haviland | Child | United States | Solatium |
| 23 | Jennifer Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 24 | Brendan Ielpi | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 25 | Melissa Brengel | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 26 | Jose Domingo Liz, as legal guardian of Marie Liz | NY | United States | Nancy Liz | Sibling | United States | Solatium |
| 27 | Eileen Lunder Baynes | NY | United States | Christopher Lunder | Sibling | United States | Solatium |
| 28 | John Doe 82, as the Personal Representative of the Estate of Guiseppe Luparello | TBD | TBD | Anthony Luparello | Sibling | United States | Solatium |
| 29 | Rosa Campisi | NY | TBD | Anthony Luparello | Sibling | United States | Solatium |
| 30 | Patrice A. Regan | NY | United States | Nicholas G. Massa | PR | United States | Solatium/ Wrongful Death |
| 31 | Gloria Eleanor Moran | NY | United States | Nicholas G. Massa | Sibling | United States | Solatium |
| 32 | Colleen Golden | NJ | United States | Richard Morgan | PR | United States | Solatium/ Wrongful Death |

3

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 33 | Colleen Golden, as the Personal Representative of the Estate of Patricia Morgan | NJ | United States | Richard Morgan | Spouse (Deceased) | United States | Solatium |
| 34 | Barbara Morris | VA | United States | Seth Morris | Parent | United States | Solatium |
| 35 | John R. Morris, Jr. | VA | United States | Seth Morris | Parent | United States | Solatium |
| 36 | James Morris | VA | United States | Seth Morris | Sibling | United States | Solatium |
| 37 | Patrick Nee | NY | United States | Luke Girard Nee | Child | United States | Solatium |
| 38 | Irene Lavelle | NY | United States | Luke Girard Nee | PR | United States | Solatium/ Wrongful Death |
| 39 | Irene Lavelle | NY | United States | Luke Girard Nee | Spouse | United States | Solatium |
| 40 | Ellen Macri | NC | United States | Katherine McGarry Noack | Sibling | United States | Solatium |
| 41 | Patrick McGarry | FL | United States | Katherine McGarry Noack | Sibling | United States | Solatium |
| 42 | Marianne Burke | GA | United States | Katherine McGarry Noack | Sibling | United States | Solatium |
| 43 | Deborah M. Brink | GA | United States | Katherine McGarry Noack | Sibling | United States | Solatium |

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 44 | John Doe 85 | TBD | TBD | Katherine McGarry Noack | PR | United States | Solatium/ Wrongful Death |
| 45 | Johnny Vega | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 46 | Johnny Vega, as the Personal Representative of the Estate of Maria Vega | NY | United States | Diana O'Connor | Parent (Deceased) | United States | Solatium |
| 47 | Robert Vega | NJ | United States | Diana O'Connor | Sibling | United States | Solatium |
| 48 | Rachel Uchitel | NY | TBD | Andrew O'Grady | Spouse | TBD | Solatium |
| 49 | John Doe 80 | TBD | TBD | Andrew O'Grady | PR | TBD | Solatium/ Wrongful Death |
| 50 | John P. O'Neill, Jr. | MD | United States | N/A | Self (Injury) | United States | Personal Injury |
| 51 | John Owens, as the Personal Representative of the Estate of Dolores Owens | NY | United States | Peter Owens | Parent (Deceased) | United States | Solatium |
| 52 | John Owens, as the Personal Representative of the Estate of Peter J. Owens, Sr. | NY | United States | Peter Owens | Parent (Deceased) | United States | Solatium |
| 53 | Kathleen Owens | NY | United States | Peter Owens | Sibling | United States | Solatium |
| 54 | Pamela Rancke Schroeder | NJ | United States | Alfred Todd Rancke | Sibling | United States | Solatium |

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 55 | Elizabeth Rivas | PA | United States | Moises Norberto Rivas | PR | United States | Solatium/ Wrongful Death |
| 56 | Elizabeth Rivas | PA | United States | Moises Norberto Rivas | Spouse | United States | Solatium |
| 57 | Moesha Rivas | PA | United States | Moises Norberto Rivas | Child | United States | Solatium |
| 58 | Moises Norberto Rivas, Jr. | PA | United States | Moises Norberto Rivas | Child | United States | Solatium |
| 59 | Lorene Rosenberg | NY | United States | Lloyd Rosenberg | Sibling | United States | Solatium |
| 60 | Lawrence Rosenberg | NY | United States | Lloyd Rosenberg | Parent | United States | Solatium |
| 61 | Michele Rosenberg | NY | United States | Lloyd Rosenberg | Parent | United States | Solatium |
| 62 | Brendan Ryan | NY | United States | Matthew Ryan | Sibling | United States | Solatium |
| 63 | Brendan Ryan, as the Personal Representative of the Estate of Teresa Ryan | NY | United States | Matthew Ryan | Parent (Deceased) | United States | Solatium |
| 64 | Kathleen Sanchez | WI | United States | Raymond Sanchez | Child | United States | Solatium |
| 65 | John Doe 79 | TBD | TBD | Raymond Sanchez | PR | United States | Solatium/ Wrongful Death |
| 66 | Christian Santos | NY | United States | Rafael Humberto Santos | Child | United States | Solatium |
| 67 | Jonnathan Santos | NY | United States | Rafael Humberto Santos | Child | United States | Solatium |

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 68 | Yubelly Santos | NY | United States | Rafael Humberto Santos | PR | United States | Solatium/ Wrongful Death |
| 69 | Yubelly Santos | NY | United States | Rafael Humberto Santos | Spouse | United States | Solatium |
| 70 | Christopher John Saucedo | NY | United States | Gregory Saucedo | Sibling | United States | Solatium |
| 71 | Jude Monteserrato a/k/a Judith Monteserrato | RI | United States | John Michael Sbarbaro | Spouse | United States | Solatium |
| 72 | John Doe 72 | RI | United States | John Michael Sbarbaro | PR | United States | Solatium/ Wrongful Death |
| 73 | Helen Seaman | NY | United States | Michael H. Seaman | Parent | United States | Solatium |
| 74 | Elizabeth Isacowitz | FL | United States | Michael H. Seaman | Sibling | United States | Solatium |
| 75 | Maryellen Michalenko | NY | United States | Michael H. Seaman | Sibling | United States | Solatium |
| 76 | John Doe 78 | TBD | TBD | Michael H. Seaman | PR | United States | Solatium/ Wrongful Death |
| 77 | Thomas Shea, as the Personal Representative of the Estate of Joan Shea | NJ | United States | Daniel Shea | Parent (Deceased) | United States | Solatium |
| 78 | Thomas Shea, as the Personal Representative of the Estate of Joan Shea | NJ | United States | Joseph Shea | Parent (Deceased) | United States | Solatium |

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 79 | Barbara Keane, as the Personal Representative of the Estate of Amy Haviland | PA | United States | Robert Spear | Sibling | United States | Solatium |
| 80 | Barbara Strobert, as the Personal Representative of the Estate of Frank Strobert | NJ | United States | Steven Frank Strobert | Parent | United States | Solatium |
| 81 | Barbara Strobert | NJ | United States | Steven Frank Strobert | Parent | United States | Solatium |
| 82 | Frank Steven Strobert | NJ | United States | Steven Frank Strobert | Child | United States | Solatium |
| 83 | Tara Strobert-Nolan | NJ | United States | Steven Frank Strobert | Spouse | United States | Solatium |
| 84 | Tara Strobert-Nolan | NJ | United States | Steven Frank Strobert | PR | United States | Solatium/ Wrongful Death |
| 85 | Maureen Sullivan | NY | TBD | Derek O. Sword | Spouse | TBD | Solatium |
| 86 | John Doe 81 | TBD | TBD | Derek O. Sword | PR | TBD | Solatium/ Wrongful Death |
| 87 | Janice Dukes | NY | United States | Donnie Taylor | Spouse | United States | Solatium |
| 88 | John Doe 75 | NY | United States | Donnie Taylor | PR | United States | Solatium/ Wrongful Death |
| 89 | Kristina Nicole York | NY | United States | Raymond York | Child | United States | Solatium |
| 90 | Joan York | NY | United States | Raymond York | PR | United States | Solatium/ Wrongful Death |

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 91 | Joan York | NY | United States | Raymond York | Spouse | United States | Solatium |
| 92 | Karin Charles | MA | United States | Kenneth Zelman | Spouse | United States | Solatium |
| 93 | Karin Charles | MA | United States | Kenneth Zelman | PR | United States | Solatium/ Wrongful Death |
| 94 | Olivia Zelman Charles | MA | United States | Kenneth Zelman | Child | United States | Solatium |
| 95 | Ethan Zelman Charles | MA | United States | Kenneth Zelman | Child | United States | Solatium |

پرونده‌ی ۷۱۱۸۶۵-cv-۱۹:۱ سند در ۱۲/۲۷/۱۹ ثبت شده است صفحه‌ی ۱ از ۲

JS44C/SDNY
بازنگری ۱۷/۰۱/۰۶

# برگه جلد دادخواست مدنی

برگه جلد دادخواست مدنی ۴۴-JS و اطلاعات مندرج در آن جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی در بر اساس قانون بوده و نه ممکن آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر ۱۹۷۴ تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواندگان | خواهان‌ها |
|---|---|
| جمهوری اسلامی ایران | بانک BNY ملون و دیگران. |

| وکلا (در صورت مشخص بودن) | وکلا (نام شرکت، آدرس و شماره تلفن)
وکیل دعاوی جری ان. گلدمن، شرکت اندرسون کیل، P.C.،
1251 Avenue of the Americas, New York, NY 10020
jgoldman@andersonkill.com/212) 278-1000) |

علت اقدام (به قانون ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید) (به قوانین حوزه‌های قضایی اشاره نکنید مگر اینکه اختلاف داشته باشند)

18 U.S.C. § 2333 و 28 U.S.C. §§ 1605B و 1605A.

آیا این اقدام، پرونده یا دادرسی یا مواردی دارای موارد مشابه، اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☒ بله ☐

| قاضی منصوب شده قبلی جورج بی. دانیلز | اگر بله، قاضی:_____ و |
|---|---|
| | اگر بله، تاریخ خاتمه است. |

آیا این اقدام □ غیردادخواهانه ☒ دادخواهانه
شماره پرونده را ذکر کنید 1:03-md-01570

□ مختومه شده است. خیر ☒ بله ☐

آیا این یک پرونده داوری بین‌المللی است؟ خیر ☒ بله ☐

(فقط یک [X] را در یک کادر وارد کنید)

## ماهیت اقامه دعوی

| سایر قوانین مصوب | ورشکستگی | توقیف/جریمه | مسئولیت مدنی صدمه شخصی | مسئولیت مدنی | قرارداد |
|---|---|---|---|---|---|
| [ ] ۳۷۵ ادعاهای واهی | [ ] ۴۲۲ درخواست تجدید نظر ۲۸ USC ۱۵۸ | [ ] ۶۲۵ توقیف اموال مربوط به مواد داروی/مستولت در قبل محصول | [ ] ۳۶۷ بهداشت و درمان/صدمه‌شخصی | صدمه شخصی | [ ] ۱۱۰ هوابیما |
| [ ] ۳۷۶ دعوی متقابل | [ ] ۴۲۳ استرداد ۲۸ USC ۱۵۷ | ۲۱ USC ۸۸۱ | [ ] ۳۶۸ مسئولیت در قبل صدمه شخصی در محصول آزبست | [ ] ۳۱۰ هواپیما | [ ] ۱۲۰ دریایی |
| [ ] ۴۰۰ تفکیک مجدد ایالتی | | [ ] ۶۹۰ سایر | اموال شخصی | [ ] ۳۱۵ مسئولیت در قبل محصول هواپیما | [ ] ۱۳۰ قانون میلر |
| [ ] ۴۱۰ مبارزه با انحصار | حقوق مالکیت | | [ ] ۳۷۰ سایر موارد تقلب | [ ] ۳۲۰ ضرب و جرح، افترا و توهین | [ ] ۱۴۰ اوراق مهادله |
| [ ] ۴۳۰ بانک‌ها و بانکداری | [ ] ۸۲۰ حقوق انحصاری | [ ] ۳۷۱ صدق در وام | [ ] ۳۳۰ مسئولیت کارفرمایان فدرال | استرداد اضافه پرداخت و |
| [ ] ۴۵۰ تجارت | [ ] ۸۳۰ ثبت اختراع | [ ] ۳۸۰ سایر موارد آسیب به مال شخصی | [ ] ۳۴۰ دریایی | اجرای حکم [ ] ۱۵۰ |
| [ ] ۴۶۰ اخراج | [ ] ۸۳۵ کاربرد داروی جدید با نام ثبت شده مخفف | [ ] ۳۸۵ مسئولیت در قبل آسیب به مال شخصی در محصول به دارایی | [ ] ۳۴۵ مسئولیت در قبل محصول دریایی | [ ] ۱۵۱ قانون میلکر |
| [ ] ۴۷۰ قانون سازمان‌های تحت نفوذ تقلب و فساد (RICO) | [ ] ۸۴۰ علامت تجاری | | [ ] ۳۵۰ خودرو | استرداد اضافه پرداخت و اجرای دیون تأدیه دانشجوی (بجز کهنه‌سربازان) [ ] ۱۵۲ |
| [ ] ۴۸۰ اعتبار مشتری | | نیروی کار | [ ] ۳۵۵ مسئولیت در قبل محصول خودروی موتوری | |
| [ ] ۴۹۰ تلویزیون کابلی/ماهواره | تامین اجتماعی | [ ] ۷۱۰ قانون استانداردهای کار منصفانه (FLSA) | [ ] ۳۶۰ سایر صدمات شخصی | دعاوی سهامداران سایر قراردادها [ ] ۱۵۳ |
| [ ] ۸۵۰ تضامین/کالاها/مبادله | [ ] (۱۳۹۵f) HIA ۸۶۱ | [ ] ۷۲۰ روابط کار و مدیریت | [ ] ۳۶۲ صدمه شخصی - سوء اقدام پزشکی | مسئولیت محصول قراردادی |
| [x] ۸۹۰ سایر اقدامات قانونی | [ ] (۹۲۳) بیماری سیاه ۸۶۲ | [ ] ۷۴۰ قانون کار راه آهن | | |
| [ ] ۸۹۱ قوانین کشاورزی | [ ] (۴۰۵g) DIWC/DIWW ۸۶۳ | [ ] ۷۵۱ قانون مرخصی استعلاجی خانواده (FMLA) | اعتراضات زندانی | اقدام بر اساس قوانین مصوب |
| [ ] ۸۹۳ موضوعات زیست محیطی | [ ] SSID عنوان XVI ۸۶۴ | [ ] ۷۹۰ سایر دادخواهی‌های کار | [ ] ۴۶۳ فرد با بازداشتی بیگانه | حقوق شهروندی |
| [ ] ۸۹۵ قانون آزادی اطلاعات | [ ] (۴۰۵g) RSI ۸۶۵ | [ ] ۷۹۱ قانون تضمین درآمد بازنشستگی (ERISA) | [ ] ۵۱۰ تقاضای رفع بازداشتی بیگانه | [ ] ۴۴۰ سایر حقوق مدنی (حوزه‌نوانی) ۱۹۰ [ ] |
| [ ] ۸۹۶ داوری | | | ابطال حکم ۲۸ USC ۲۲۵۵ | [ ] ۴۴۱ رأی‌دهی |
| [ ] ۸۹۹ قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان | پرونده‌های مالیاتی فدرال | مهاجرت | [ ] ۵۳۰ امر احضار زندانی | [ ] ۴۴۲ استخدام [ ] ۱۹۵ |
| [ ] ۹۵۰ تطابق قانون ایالتی با قانون اساسی | [ ] ۸۷۰ مالیات‌ها (خواهان یا خوانده بودن) | [ ] ۴۶۲ درخواست تابعیت | [ ] ۵۳۵ محوکلات اعدام | [ ] ۴۴۳ مسکن/اقامتگاه |
| | [ ] ۸۷۱ شخص ثالث IRS 26 USC 7609 | [ ] ۴۶۵ سایر اقدامات مهاجرت | [ ] ۵۴۰ امریه و سایر | [ ] ۴۴۵ امریکاییهای دچار معلولیت - اشتغال [ ] ۱۹۶ |
| | | | سایر حقوق شهروندی زندانی | [ ] ۴۴۶ امریکاییهای دچار معلولیت - سایر |
| | | | [ ] ۵۵۰ حقوق شهروندی | [ ] ۴۴۸ آموزش |
| | | | [ ] ۵۵۵ شرایط زندان | |
| | | | [ ] ۵۶۰ شرایط بازداشت مدنی مدنی جبس | املاک |
| | | | | [ ] ۲۱۰ تملک زمین |
| | | | | [ ] ۲۲۰ حبس رهنی |
| | | | | [ ] ۲۳۰ قرارداد اجاره و تخلیه |
| | | | | [ ] ۲۴۰ اسیب به زمین |
| | | | | [ ] ۲۴۵ مسئولیت آسیب به محصول |
| | | | | [ ] ۲۹۰ تمام املاک |
| | | | | [ ] دیگر |

اگر در شکایت، تقاضا شده است، علامت بزنید:

آیا مدعی هستید که این پرونده مربوط به یک پرونده مدنی است که اکنون در S.D.N.Y. در دست بررسی است چنانچه بر اساس قانون محلی مربوط به بخش کسب و کار ۱۳ تعریف شده است؟

اگر پاسخ مثبت است، ذکر کنید:

هیئت منصفه جورج بی. دانیلز          پرونده شماره 1:03-md-01570

اگر این یک دعوی مطروحه توسط چند خواهان بر اساس F.R.C.P. ۲۳ است، علامت بزنید

تقاضای ۱۵۰ میلیارد دلار          سایر □

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

فقط اگر در شکایت، تقاضا شده است، "بله" را علامت بزنید
درخواست هیئت منصفه: ☒ بله   □ خیر

<div dir="rtl">

(فقط یک علامت x در مربع درج کنید)

## اصل

☐ 7درخواست تجدید نظر از قاضی ناحیه به قاضی بخش

☐ 6دادخواهی مربوط به چند ناحیه (منتقل شده)

☐ 5منتقل شده از ناحیه دیگر (مشخص کنید)

☐ 4شروع مجدد یا پاسخ

☐ 3تایید شده در دادگاه تجدید نظر

☐ 2خارج شده از دادگاه ایالتی

☒ 1 رسیدگی اصلی

☐ 8دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

الف. وکلای همه طرفین حضور داشتند

ب. حداقل یکی از طرفین بدون وکیل حضور دارد.

(یک علامت x در یک مربع درج کنید)

## مبنای حوزه قضایی

**در صورت تفاوت، در زیر تابعیت را مشخص کنید.**

☐ 4 اختلافی

☒ 3 بازپرسی فدرال (ایالات متحده یکی از طرفین نیست)

☐ 2 خوانده ایالات متحده

☐ 1 خواهان ایالات متحده

## تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | DEF | PTF | | PTF | DEF | | DEF | PTF | |
|---|---|---|---|---|---|---|---|---|---|
| | [ ]5 | [ ]5 | تاسیس شده و محل اصلی کسب و کار در ایالتی دیگر | [ ]3 | [ ]3 | شهروند یا تبعه یک کشور خارجی | 1[ ] | 1[ ] | شهروند این ایالت |
| | [ ]6 | [ ]6 | کشور خارجی | 4[ ] | 4[ ] | تاسیس شده یا محل اصلی کسب و کار در این ایالت | [ ]2 | 2[ ] | شهروند ایالتی دیگر |

**آدرس(ها) و کشور(های) خواهان(ها)**
به پیوست مراجعه کنید

**آدرس(ها) و کشور(های) خوانده(ها)**
جمهوری اسلامی ایران، ایران

**آدرس خوانده(ها) نامعلوم است**
بدینوسیله اعلام میگردد که در حال حاضر، اینجانب با وجود انجام تلاش معقول نتوانستم آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

## تخصیص به دادگاه

بدینوسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18، 20 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت بزنید: این اقدام باید تخصیص داده شود به:   ☐ وایت   ☒ منهتن

| | |
|---|---|
| پذیرفته شده برای اجرا در این ناحیه<br>[ ] خیر<br>[x] بله (تاریخ پذیرش ماه می _____ سال 1980 )<br>شماره کد وکیل در کانون وکلا 1302454 | /امضا/ جری ای. اس. گلدمن<br>امضای وکیل پرونده<br>تاریخ 12/27/19<br><br>شماره به رسد |

قاضی باشد باید توسط منشی دادگاه منصوب شود.

قاضی بخش _____ به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____ .

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

</div>

<div dir="rtl">

**ضمیمه**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی) (9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 1 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) 2 |
|---|---|---|---|---|---|---|---|
| 1 | آگوست برنارتز | نیوجرسی | ایالات متحده | دونا برنارتز-کرنز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | جان داو 84 | TBD | TBD | دونا برنارتز-کرنز | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد |
| 3 | دیان بریرلی | نیوجرسی | ایالات متحده | ماری کاترین بوفا | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | مارگارت ترودو | نیوجرسی | ایالات متحده | ماری کاترین بوفا | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | جان بوفا | نیوجرسی | ایالات متحده | ماری کاترین بوفا | همسر | ایالات متحده | ترضیه خاطر |
| 6 | جان بوفا | نیوجرسی | ایالات متحده | ماری کاترین بوفا | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد |
| 7 | پاتریشا کاناف ادورادز (سابقاً موسوم به بتی کاناف ادورادز) | نیویورک | ایالات متحده | دنیس ادورادز | همسر | ایالات متحده | ترضیه خاطر |

1 در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

2 نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

</div>

پرونده شماره 1:03-cv-07085   سند شماره 533-13   تاریخ بایگانی 12/27/19   صفحه 2 از 72

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 8 | پاتریشا کاناف ادورادز (سابقاً موسوم به پتّی کاناف ادورادز) | نیویورک | ایالات متحده | دنیس ادورادز | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 9 | الکسا ماری ادواردز | نیویورک | ایالات متحده | دنیس ادورادز | کودک | ایالات متحده | ترضیه خاطر |
| 10 | شیلا ادواردز دویل به عنوان نماینده شخصی ماترک جولیا ادواردز | فلوریدا | ایالات متحده | دنیس ادورادز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 11 | مورگان ادواردز | نیویورک | ایالات متحده | دنیس ادورادز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 12 | شیلا ادوارادز دویل | فلوریدا | ایالات متحده | دنیس ادورادز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 13 | الیزابت ادوارادز کورتسی | نیویورک | ایالات متحده | دنیس ادورادز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 14 | الین ادوارادز اوبراین | نیویورک | ایالات متحده | دنیس ادورادز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15 | استنلی فرانک | نیوجرسی | ایالات متحده | گری جی. فرانک | والد | ایالات متحده | ترضیه خاطر |
| 16 | میندی گابلر | TBD | ایالات متحده | فردریک گابلر | همسر | ایالات متحده | ترضیه خاطر |
| 17 | میندی گابلر | TBD | ایالات متحده | فردریک گابلر | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 18 | الکسیس گابلر | TBD | ایالات متحده | فردریک گابلر | کودک | ایالات متحده | ترضیه خاطر |
| 19 | هوارد گابلر | نیویورک | ایالات متحده | فردریک گابلر | والد | ایالات متحده | ترضیه خاطر |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|
| 20 لسلی گابلر | نیویورک | ایالات متحده | فردریک گابلر | والد | ایالات متحده | ترضیه خاطر |
| 21 جولی گابلر | نیویورک | ایالات متحده | فردریک گابلر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 22 نیکلاس کمپ | نیویورک | ایالات متحده | تیموتی هاویلند | کودک | ایالات متحده | ترضیه خاطر |
| 23 جنیفر هولوهان | نیویورک | ایالات متحده | توماس پی. هولوهان | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 برندان ایلیی | نیویورک | ایالات متحده | جاناتان ایلیی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 ملیسا برنگل | نیویورک | ایالات متحده | جاناتان ایلیی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 خوزه دومینیگو لیز، به‌عنوان سرپرست قانونی ماری لیز | نیویورک | ایالات متحده | نانسی لیز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 الین لاندر باینز | نیویورک | ایالات متحده | کریستوفر لاندر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 جان داو 82، به عنوان نماینده شخصی ماترک جپیسی لوپارلو | TBD | TBD | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 رزا کامپیسی | نیویورک | TBD | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 پاتریس ای. ریگان | نیویورک | ایالات متحده | نیکلاس جی. ماسا | پورتو ریکو | ترضیه خاطر/ جراحت شخصی |
| 31 گلوریا النور موران | نیویورک | ایالات متحده | نیکلاس جی. ماسا | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 32 کالین گلدن | نیوجرسی | ایالات متحده | ریچارد مورگان | پورتو ریکو | ترضیه خاطر/ جراحت شخصی |

| | نام خواهان (به ترتيب حروف الفبای متوفی 9/11 نام خانوادگی) | ايالت اقامت خواهان در زمان طرح دعوی (يا مرگ) | تابعيت/ مليت خواهان در تاريخ 9/11/01 | نام كامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعيت متوفی 9/11 در تاريخ 9/11/01 | ماهيت دعوی (قتل غيرعمد، ترضيه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 33 | كالين گلدن، به عنوان نماينده شخصی ماترک پاتريشيا مورگان | نيوجرسی | ايالات متحده | ريچارد مورگان | همسر (متوفی) | ايالات متحده | ترضيه خاطر |
| 34 | باربارا موريس | ويرجينيا | ايالات متحده | ست موريس | والد | ايالات متحده | ترضيه خاطر |
| 35 | جان آر. موريس جونيور | ويرجينيا | ايالات متحده | ست موريس | والد | ايالات متحده | ترضيه خاطر |
| 36 | جيمز موريس | ويرجينيا | ايالات متحده | ست موريس | برادر/خواهر | ايالات متحده | ترضيه خاطر |
| 37 | پاتريک نی | نيويورک | ايالات متحده | لوک ژيرارد نی | كودک | ايالات متحده | ترضيه خاطر |
| 38 | ايرنه لاول | نيويورک | ايالات متحده | لوک ژيرارد نی | پورتو ريكو | ايالات متحده | ترضيه خاطر/ جراحت شخصی |
| 39 | ايرنه لاول | نيويورک | ايالات متحده | لوک ژيرارد نی | همسر | ايالات متحده | ترضيه خاطر |
| 40 | الن ماكری | كارولينای شمالی | ايالات متحده | كاترين مكگری تواک | برادر/خواهر | ايالات متحده | ترضيه خاطر |
| 41 | پاتريک مكگری | فلوريدا | ايالات متحده | كاترين مكگری تواک | برادر/خواهر | ايالات متحده | ترضيه خاطر |
| 42 | ماريان بروک | جورجيا | ايالات متحده | كاترين مكگری تواک | برادر/خواهر | ايالات متحده | ترضيه خاطر |
| 43 | دبورا ام. برينگ | جورجيا | ايالات متحده | كاترين مكگری تواک | برادر/خواهر | ايالات متحده | ترضيه خاطر |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|
| 44 جان داو 85 | TBD | TBD | کاترین مگگری نواک | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 45 جانی وگا | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 46 جانی وگا، به عنوان نماینده شخصی ماترک ماریا وگا | نیویورک | ایالات متحده | دیانا اوکانر | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 47 روبرت وگا | نیوجرسی | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 راشل یوشیتل | نیویورک | TBD | آندرو اوگرادی | همسر | TBD | ترضیه خاطر |
| 49 جان داو 80 | TBD | TBD | آندرو اوگرادی | پورتو ریکو | TBD | ترضیه خاطر/ جراحت شخصی |
| 50 جان پ. اونیل، جونیور. | مریلند | ایالات متحده | نامرتبط | خود شخص (صدمه) | ایالات متحده | صدمه شخصی |
| 51 جان اونز، به عنوان نماینده شخصی ماترک دولورس اونز | نیویورک | ایالات متحده | پیتر اوونز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 52 جان اونز، به عنوان نماینده شخصی ماترک پیتر جی. اونز سنیور | نیویورک | ایالات متحده | پیتر اوونز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 53 کاتلین اونز | نیویورک | ایالات متحده | پیتر اوونز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 54 پاملا کرانک شرودر | نیوجرسی | ایالات متحده | آلفرد تاد رانکه | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 55 الیزابت ریواس | پنسیلوانیا | ایالات متحده | میوزس نورربرتو ریواس | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 56 | الیزابت ریواس | پنسیلوانیا | ایالات متحده | میوزس نوربرتو ریواس | همسر | ایالات متحده | ترضیه خاطر |
| 57 | موشنا آشا ریواس | پنسیلوانیا | ایالات متحده | میوزس نوربرتو ریواس | کودک | ایالات متحده | ترضیه خاطر |
| 58 | میوزس نوربرتو ریواس جونیور | پنسیلوانیا | ایالات متحده | میوزس نوربرتو ریواس | کودک | ایالات متحده | ترضیه خاطر |
| 59 | لورین روزنبرگ | نیویورک | ایالات متحده | لوید روزنبرگ | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | لورنس روزنبرگ | نیویورک | ایالات متحده | لوید روزنبرگ | والد | ایالات متحده | ترضیه خاطر |
| 61 | میشل روزنبرگ | نیویورک | ایالات متحده | لوید روزنبرگ | والد | ایالات متحده | ترضیه خاطر |
| 62 | برندان ریان | نیویورک | ایالات متحده | متیو ریان | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 63 | برندان ریان، به عنوان نماینده شخصی ماترک ترزا مورگان | نیویورک | ایالات متحده | متیو ریان | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 64 | کاتلین سانچز | ویسکانسین | ایالات متحده | ریموند سانچز | کودک | ایالات متحده | ترضیه خاطر |
| 65 | جان داو 79 | TBD | TBD | ریموند سانچز | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 66 | کریستین سانتوز | نیویورک | ایالات متحده | رافائل هومبرتو سانتوز | کودک | ایالات متحده | ترضیه خاطر |
| 67 | جوناتان سانتوز | نیویورک | ایالات متحده | رافائل هومبرتو سانتوز | کودک | ایالات متحده | ترضیه خاطر |

6

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|
| 68 یوبلی سانتوز | نیویورک | ایالات متحده | رافائل هومبرتو سانتوز | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 69 یوبلی سانتوز | نیویورک | ایالات متحده | رافائل هومبرتو سانتوز | همسر | ایالات متحده | ترضیه خاطر |
| 70 کریستوفر جان ساسدو | نیویورک | ایالات متحده | گریگوری ساسدو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 71 جود مونتسراتو سابقاً موسوم به جودیت مونتسراتو | رود آیلند | ایالات متحده | جان مایکل سباربارو | همسر | ایالات متحده | ترضیه خاطر |
| 72 جان داو | ارجی | ایالات متحده | جان مایکل سباربارو | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 73 هلن سیمن | نیویورک | ایالات متحده | مایکل اچ. سیمن | والد | ایالات متحده | ترضیه خاطر |
| 74 الیزابت ایزاکوویتز | فلوریدا | ایالات متحده | مایکل اچ. سیمن | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 ماریلین میچالنکو | نیویورک | ایالات متحده | مایکل اچ. سیمن | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 76 جان داو | TBD | TBD | مایکل اچ. سیمن | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 77 توماس شیا به عنوان نماینده شخصی ماترک جان شیا | نیوجرسی | ایالات متحده | دانیل شیا | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 78 توماس شیا به عنوان نماینده شخصی ماترک جان شیا | نیوجرسی | ایالات متحده | ژوزف شیا | والد (متوفی) | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام کامل متوفی در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 79 | باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند | پنسیلوانیا | ایالات متحده | روبرت اسپر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | باربارا استروبرت، به عنوان نماینده شخصی ماترک فرانک استروبرت | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | والد | ایالات متحده | ترضیه خاطر |
| 81 | باربارا استروبرت | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | والد | ایالات متحده | ترضیه خاطر |
| 82 | فرانک استیون استروبرت | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | کودک | ایالات متحده | ترضیه خاطر |
| 83 | تارا استروبرت- نولان | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | همسر | ایالات متحده | ترضیه خاطر |
| 84 | تارا استروبرت- نولان | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 85 | مانورین سالیوان | نیویورک | TBD | درک او. اسورد | همسر | TBD | ترضیه خاطر |
| 86 | جان داو 81 | نیویورک | TBD | درک او. اسورد | پورتو ریکو | TBD | ترضیه خاطر/ جراحت شخصی |
| 87 | جانیس دوکز | نیویورک | ایالات متحده | دانی تیلور | همسر | ایالات متحده | ترضیه خاطر |
| 88 | جان داو 75 | نیویورک | ایالات متحده | دانی تیلور | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 89 | کریستینا نیکل یورک | نیویورک | ایالات متحده | ریموند یورک | کودک | ایالات متحده | ترضیه خاطر |
| 90 | جوان یورک | نیویورک | ایالات متحده | ریموند یورک | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 91 | جوان یورک | نیویورک | ایالات متحده | ریموند یورک | همسر | ایالات متحده | ترضیه خاطر |
| 92 | کارین چارلز | ماساچوست | ایالات متحده | کنت زلمن | همسر | ایالات متحده | ترضیه خاطر |
| 93 | کارین چارلز | ماساچوست | ایالات متحده | کنت زلمن | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 94 | اولیا زلمن چارلز | ماساچوست | ایالات متحده | کنت زلمن | کودک | ایالات متحده | ترضیه خاطر |
| 95 | اتان زلمن چارلز | ماساچوست | ایالات متحده | کنت زلمن | کودک | ایالات متحده | ترضیه خاطر |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

| | |
|---|---|
| August Bernaerts, individually, as surviving sibling of Donna Bernaerts-Kearns | Civil Docket Number:<br><br>_____ |
| John Doe 84, being intended to designate the Personal Representative of the Estate of Donna Bernaerts-Kearns, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Donna Bernaerts-Kearns | **IRAN SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| Diane Brierley, individually, as surviving sibling of Mary Catherine Boffa | |
| Margaret Trudeau, individually, as surviving sibling of Mary Catherine Boffa | |
| John Boffa, individually, as surviving spouse of Mary Catherine Boffa | |
| John Boffa, as the Personal Representative of the Estate of Mary Catherine Boffa, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mary Catherine Boffa | |
| Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards), individually, as surviving spouse of Dennis Edwards | |
| Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards), as the Personal Representative of the Estate of Dennis Edwards, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Dennis Edwards | |
| Alexa Marie Edwards, individually, as surviving child of Dennis Edwards | |

Sheila Edwards Doyle, as the Personal
Representative of the Estate of Julia Edwards,
deceased, the late parent of Dennis Edwards

Morgan Edwards, individually, as surviving sibling
of Dennis Edwards

Sheila Edwards Doyle, individually, as surviving
sibling of Dennis Edwards

Elizabeth Edwards Cortese, individually, as
surviving sibling of Dennis Edwards

Eileen Edwards O'Brien, individually, as surviving
sibling of Dennis Edwards

Stanley Frank, individually, as surviving parent of
Gary J. Frank

Mindy Gabler, individually, as surviving spouse of
Fredric Gabler

Mindy Gabler, as the Personal Representative of the
Estate of Fredric Gabler, deceased, and on behalf of
all survivors and all legally entitled beneficiaries
and family members of Fredric Gabler

Alexis Gabler, individually, as surviving child of
Fredric Gabler

Howard Gabler, individually, as surviving parent of
Fredric Gabler

Leslie Gabler, individually, as surviving parent of
Fredric Gabler

Jolie Gabler, individually, as surviving sibling of
Fredric Gabler

Nicholas Kemp, individually, as surviving child of
Timothy Haviland

Jennifer Holohan, individually, as surviving sibling
of Thomas P. Holohan

Brendan Ielpi, individually, as surviving sibling of
Jonathan Ielpi

Melissa Brengel, individually, as surviving sibling
of Jonathan Ielpi

Jose Domingo Liz, as legal guardian of Marie Liz,
individually, as surviving sibling of Nancy Liz

Eileen Lunder Baynes, individually, as surviving
sibling of Christopher Lunder

2

John Doe 82, as the Personal Representative of the Estate of Guiseppe Luparello, deceased, the late sibling of Anthony Luparello

Rosa Campisi, individually, as surviving sibling of Anthony Luparello

Patrice A. Regan, as the Personal Representative of the Estate of Nicholas G. Massa, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Nicholas G. Massa

Gloria Eleanor Moran, individually, as surviving sibling of Nicholas G. Massa

Colleen Golden, as the Personal Representative of the Estate of Richard Morgan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard Morgan

Colleen Golden, as the Personal Representative of the Estate of Patricia Morgan, deceased, the late spouse of Richard Morgan

Barbara Morris, individually, as surviving parent of Seth Morris

John R. Morris, Jr., individually, as surviving parent of Seth Morris

James Morris, individually, as surviving sibling of Seth Morris

Patrick Nee, individually, as surviving child of Luke Girard Nee

Irene Lavelle, as the Personal Representative of the Estate of Luke G. Nee, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Luke Girard Nee

Irene Lavelle, individually, as surviving spouse of Luke Girard Nee

Ellen Macri, individually, as surviving sibling of Katherine McGarry Noack

Patrick McGarry, individually, as surviving sibling of Katherine McGarry Noack

Marianne Burke, individually, as surviving sibling of Katherine McGarry Noack

3

Deborah M. Brink, individually, as surviving sibling of Katherine McGarry Noack

John Doe 85, being intended to designate the Personal Representative of the Estate of Katherine McGarry Noack, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Katherine McGarry Noack

Johnny Vega, individually, as surviving sibling of Diana O'Connor

Johnny Vega, as the Personal Representative of the Estate of Maria Vega, deceased, the late parent of Diana O'Connor

Robert Vega, individually, as surviving sibling of Diana O'Connor

Rachel Uchitel, individually, as surviving spouse of Andrew O'Grady

John Doe 80, being intended to designate the Personal Representative of the Estate of Andrew O'Grady, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Andrew O'Grady

John P. O'Neill, Jr., individually, as injured person

John Owens, as the Personal Representative of the Estate of Dolores Owens, deceased, the late parent of Peter Owens

John Owens, as the Personal Representative of the Estate of Peter J. Owens, Sr., deceased, the late parent of Peter Owens

Kathleen Owens, individually, as surviving sibling of Peter Owens

4

Pamela Rancke Schroeder, individually, as surviving sibling of Alfred Todd Rancke

Elizabeth Rivas, as the Personal Representative of the Estate of Moises Norberto Rivas, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Moises Norberto Rivas

Elizabeth Rivas, individually, as surviving spouse of Moises Norberto Rivas

Moesha Rivas, individually, as surviving child of Moises Norberto Rivas

Moises Norberto Rivas, Jr., individually, as surviving child of Moises Norberto Rivas

Lorene Rosenberg, individually, as surviving sibling of Lloyd Rosenberg

Lawrence Rosenberg, individually, as surviving parent of Lloyd Rosenberg

Michele Rosenberg, individually, as surviving parent of Lloyd Rosenberg

Brendan Ryan, individually, as surviving sibling of Matthew Ryan

Brendan Ryan, as the Personal Representative of the Estate of Teresa Ryan, deceased, the late parent of Matthew Ryan

Kathleen Sanchez, individually, as surviving child of Raymond Sanchez

John Doe 79, being intended to designate the Personal Representative of the Estate of Raymond Sanchez, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Raymond Sanchez

Christian Santos, individually, as surviving child of Rafael Humberto Santos

5

Jonnathan Santos, individually, as surviving child of Rafael Humberto Santos

Yubelly Santos, as the Personal Representative of the Estate of Rafael Humberto Santos, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Rafael Humberto Santos

Yubelly Santos, individually, as surviving spouse of Rafael Humberto Santos

Christopher John Saucedo, individually, as surviving sibling of Gregory Saucedo

Jude Monteserrato a/k/a Judith Monteserrato, individually, as surviving spouse of John Michael Sbarbaro

John Doe 72, being intended to designate the Personal Representative of the Estate of John Michael Sbarbaro, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John Michael Sbarbaro

Helen Seaman, individually, as surviving parent of Michael H. Seaman

Elizabeth Isacowitz, individually, as surviving sibling of Michael H. Seaman

Maryellen Michalenko, individually, as surviving sibling of Michael H. Seaman

John Doe 78, being intended to designate the Personal Representative of the Estate of Michael H. Seaman, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael H. Seaman

6

Thomas Shea, as the Personal Representative of the Estate of Joan Shea, deceased, the late parent of Daniel Shea

Thomas Shea, as the Personal Representative of the Estate of Joan Shea, deceased, the late parent of Joseph Shea

Barbara Keane, as the Personal Representative of the Estate of Amy Haviland, deceased, the late sibling of Robert Spear

Barbara Strobert, as the Personal Representative of the Estate of Frank Strobert, deceased, the late parent of Steven Frank Strobert

Barbara Strobert, individually, as surviving parent of Steven Frank Strobert

Frank Steven Strobert, individually, as surviving child of Steven Frank Strobert

Tara Strobert-Nolan, individually, as surviving spouse of Steven Frank Strobert

Tara Strobert-Nolan, as the Personal Representative of the Estate of Steven Frank Strobert, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Frank Strobert

Maureen Sullivan, individually, as surviving spouse of Derek O. Sword

John Doe 81, being intended to designate the Personal Representative of the Estate of Derek O. Sword, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Derek O. Sword

Janice Dukes, individually, as surviving spouse of Donnie Taylor

John Doe 75, being intended to designate the Personal Representative of the Estate of Donnie Taylor, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or

7

has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has
ceased to serve, and his or her successor has not yet
been appointed) and on behalf of all survivors and
all legally entitled beneficiaries and family members
of Donnie Taylor

Kristina Nicole York, individually, as surviving
child of Raymond York

Joan York, as the Personal Representative of the
Estate of Raymond York, deceased, and on behalf of
all survivors and all legally entitled beneficiaries
and family members of Raymond York

Joan York, individually, as surviving spouse of
Raymond York

Karin Charles, individually, as surviving spouse of
Kenneth Zelman

Karin Charles, as the Personal Representative of the
Estate of Kenneth Zelman, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Kenneth Zelman

Olivia Zelman Charles, individually, as surviving
child of Kenneth Zelman

Ethan Zelman Charles, individually, as surviving
child of Kenneth Zelman

<div align="right">Plaintiff(s),</div>

-   against –

Islamic Republic of Iran,

<div align="right">Defendant.</div>

Plaintiffs named herein by and through the undersigned counsel file this Short Form

Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September

11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved

by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by

reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton

<div align="center">8</div>

Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran,

ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-

9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all

factual and jurisdictional allegations of the complaint that has been joined as specified below; all

causes of action contained within that complaint; all prior filings in connection with that

complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in

those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN)

(S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-

1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and

evidence submitted at the proceedings before the Honorable George B. Daniels on December 15,

2011 (ECF No. 2540).

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and

1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in

this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction against the Islamic Republic of Iran is premised on the grounds set

forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort

exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to

the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of

Terrorism Act).

9

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations,

jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic

Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

☐ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint
Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903
(GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.      In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death
Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act
or JASTA) and 18 U.S.C. § 2333 et seq. (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set
forth in the complaint noted above, as well as the allegations set forth in the Havlish
filings noted above, establish that, as set forth herein, the injuries they suffered arose
from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11,
2001 Terrorist Attacks constituted acts of international terrorism that violated state
and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist
Attacks constituted acts of international terrorism committed, planned or authorized
by an organization that had been designated as a foreign terrorist organization under 8
U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and
federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by
knowingly providing substantial assistance, with others and/or conspired with others
who committed an act or acts of international terrorism in violation of 18 U.S.C.
§ 2333 et seq.

☒ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages
Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or
JASTA) and 18 U.S.C. § 2333 et seq. (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set
forth in the complaint noted above, as well as the allegations set forth in the Havlish
filings noted above, establish that, as set forth herein, the injuries they suffered arose
from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11,
2001 Terrorist Attacks constituted acts of international terrorism that violated state
and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist
Attacks constituted acts of international terrorism committed, planned or authorized
by an organization that had been designated as a foreign terrorist organization under 8
U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and

federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by
knowingly providing substantial assistance, with others and/or conspired with others
who committed an act or acts of international terrorism in violation of 18 U.S.C.
§ 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each

individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form

Complaint, herein referred to as "Plaintiffs."

    a.  The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this
        Iran Short Form Complaint.

    b.  Plaintiff is entitled to recover damages on the causes of action set forth in the
        complaint identified above, as joined by this Iran Short Form Complaint, and
        as further asserted within this Iran Short Form Complaint.

    c.  As indicated at Appendix 1, Plaintiff (i) is the estate representative of
        someone who was killed as a result of the September 11, 2001 Terrorist
        Attacks; (ii) is the surviving immediate family member of someone who was
        killed as a result of the September 11, 2001 Terrorist Attacks; and/or
        (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist
        Attacks.

    d.  For those plaintiffs with personal injury claims, as indicated in Appendix 1, on
        or after September 11, 2001, said Plaintiff was present at the Pentagon and/or
        the World Trade Center site and/or its surroundings and/or lower Manhattan
        and/or at an area wherein he/she was exposed to toxins as a result of the
        terrorist attacks and was exposed to toxins from the attacks, and/or was
        otherwise injured, and/or as otherwise alleged, as stated specifically in
        Appendix 1.

    e.  For those plaintiffs with personal injury and/or wrongful death claims, as
        indicated in Appendix 1, as a direct, proximate and foreseeable result of
        Defendant's actions or inactions, Plaintiff or his or her decedent suffered
        bodily injury and/or death, and consequently economic and other losses,
        including but not limited to pain and suffering, emotional distress,
        psychological injuries, and loss of enjoyment of life, and/or as described in the
        Iran Short Form Complaint, and/or as otherwise may be specified in
        subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

    f.  The name, relationship to the injured and/or deceased September 11 victim,
        residency, citizenship/nationality, and the general nature of the claim for each
        plaintiff asserting wrongful death and/or solatium claims is listed on the

11

attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: December 27, 2019

Respectfully submitted,

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Samantha E. Smith, Esq.
Stephen Wah, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
ssmith@andersonkill.com
swah@andersonkill.com

*Attorneys for Plaintiffs*

12

## APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | August Bernaerts | NJ | United States | Donna Bernaerts-Kearns | Sibling | United States | Solatium |
| 2 | John Doe 84 | TBD | TBD | Donna Bernaerts-Kearns | PR | United States | Solatium/ Wrongful Death |
| 3 | Diane Brierley | NJ | United States | Mary Catherine Boffa | Sibling | United States | Solatium |
| 4 | Margaret Trudeau | NJ | United States | Mary Catherine Boffa | Sibling | United States | Solatium |
| 5 | John Boffa | NJ | United States | Mary Catherine Boffa | Spouse | United States | Solatium |
| 6 | John Boffa | NJ | United States | Mary Catherine Boffa | PR | United States | Solatium/ Wrongful Death |
| 7 | Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards) | NY | United States | Dennis Edwards | Spouse | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

docs-100218161.1

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 8 | Patricia Kavanagh Edwards (a/k/a Patti Kavanagh Edwards) | NY | United States | Dennis Edwards | PR | United States | Solatium/ Wrongful Death |
| 9 | Alexa Marie Edwards | NY | United States | Dennis Edwards | Child | United States | Solatium |
| 10 | Sheila Edwards Doyle, as the Personal Representative of the Estate of Julia Edwards | FL | United States | Dennis Edwards | Parent (Deceased) | United States | Solatium |
| 11 | Morgan Edwards | NY | United States | Dennis Edwards | Sibling | United States | Solatium |
| 12 | Sheila Edwards Doyle | FL | United States | Dennis Edwards | Sibling | United States | Solatium |
| 13 | Elizabeth Edwards Cortese | NY | United States | Dennis Edwards | Sibling | United States | Solatium |
| 14 | Eileen Edwards O'Brien | NY | United States | Dennis Edwards | Sibling | United States | Solatium |
| 15 | Stanley Frank | NJ | United States | Gary J. Frank | Parent | United States | Solatium |
| 16 | Mindy Gabler | TBD | United States | Fredric Gabler | Spouse | United States | Solatium |
| 17 | Mindy Gabler | TBD | United States | Fredric Gabler | PR | United States | Solatium/ Wrongful Death |
| 18 | Alexis Gabler | TBD | United States | Fredric Gabler | Child | United States | Solatium |
| 19 | Howard Gabler | NY | United States | Fredric Gabler | Parent | United States | Solatium |

14

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Leslie Gabler | NY | United States | Fredric Gabler | Parent | United States | Solatium |
| 21 | Jolie Gabler | NY | United States | Fredric Gabler | Sibling | United States | Solatium |
| 22 | Nicholas Kemp | NY | United States | Timothy Haviland | Child | United States | Solatium |
| 23 | Jennifer Holohan | NY | United States | Thomas P. Holohan | Sibling | United States | Solatium |
| 24 | Brendan Ielpi | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 25 | Melissa Brengel | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 26 | Jose Domingo Liz, as legal guardian of Marie Liz | NY | United States | Nancy Liz | Sibling | United States | Solatium |
| 27 | Eileen Lunder Baynes | NY | United States | Christopher Lunder | Sibling | United States | Solatium |
| 28 | John Doe 82, as the Personal Representative of the Estate of Guiseppe Luparello | TBD | TBD | Anthony Luparello | Sibling | United States | Solatium |
| 29 | Rosa Campisi | NY | TBD | Anthony Luparello | Sibling | United States | Solatium |
| 30 | Patrice A. Regan | NY | United States | Nicholas G. Massa | PR | United States | Solatium/ Wrongful Death |
| 31 | Gloria Eleanor Moran | NY | United States | Nicholas G. Massa | Sibling | United States | Solatium |
| 32 | Colleen Golden | NJ | United States | Richard Morgan | PR | United States | Solatium/ Wrongful Death |

15

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 33 | Colleen Golden, as the Personal Representative of the Estate of Patricia Morgan | NJ | United States | Richard Morgan | Spouse (Deceased) | United States | Solatium |
| 34 | Barbara Morris | VA | United States | Seth Morris | Parent | United States | Solatium |
| 35 | John R. Morris, Jr. | VA | United States | Seth Morris | Parent | United States | Solatium |
| 36 | James Morris | VA | United States | Seth Morris | Sibling | United States | Solatium |
| 37 | Patrick Nee | NY | United States | Luke Girard Nee | Child | United States | Solatium |
| 38 | Irene Lavelle | NY | United States | Luke Girard Nee | PR | United States | Solatium/ Wrongful Death |
| 39 | Irene Lavelle | NY | United States | Luke Girard Nee | Spouse | United States | Solatium |
| 40 | Ellen Macri | NC | United States | Katherine McGarry Noack | Sibling | United States | Solatium |
| 41 | Patrick McGarry | FL | United States | Katherine McGarry Noack | Sibling | United States | Solatium |
| 42 | Marianne Burke | GA | United States | Katherine McGarry Noack | Sibling | United States | Solatium |
| 43 | Deborah M. Brink | GA | United States | Katherine McGarry Noack | Sibling | United States | Solatium |

16

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 44 | John Doe 85 | TBD | TBD | Katherine McGarry Noack | PR | United States | Solatium/ Wrongful Death |
| 45 | Johnny Vega | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 46 | Johnny Vega, as the Personal Representative of the Estate of Maria Vega | NY | United States | Diana O'Connor | Parent (Deceased) | United States | Solatium |
| 47 | Robert Vega | NJ | United States | Diana O'Connor | Sibling | United States | Solatium |
| 48 | Rachel Uchitel | NY | TBD | Andrew O'Grady | Spouse | TBD | Solatium |
| 49 | John Doe 80 | TBD | TBD | Andrew O'Grady | PR | TBD | Solatium/ Wrongful Death |
| 50 | John P. O'Neill, Jr. | MD | United States | N/A | Self (Injury) | United States | Personal Injury |
| 51 | John Owens, as the Personal Representative of the Estate of Dolores Owens | NY | United States | Peter Owens | Parent (Deceased) | United States | Solatium |
| 52 | John Owens, as the Personal Representative of the Estate of Peter J. Owens, Sr. | NY | United States | Peter Owens | Parent (Deceased) | United States | Solatium |
| 53 | Kathleen Owens | NY | United States | Peter Owens | Sibling | United States | Solatium |
| 54 | Pamela Rancke Schroeder | NJ | United States | Alfred Todd Rancke | Sibling | United States | Solatium |

17

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 55 | Elizabeth Rivas | PA | United States | Moises Norberto Rivas | PR | United States | Solatium/ Wrongful Death |
| 56 | Elizabeth Rivas | PA | United States | Moises Norberto Rivas | Spouse | United States | Solatium |
| 57 | Moesha Rivas | PA | United States | Moises Norberto Rivas | Child | United States | Solatium |
| 58 | Moises Norberto Rivas, Jr. | PA | United States | Moises Norberto Rivas | Child | United States | Solatium |
| 59 | Lorene Rosenberg | NY | United States | Lloyd Rosenberg | Sibling | United States | Solatium |
| 60 | Lawrence Rosenberg | NY | United States | Lloyd Rosenberg | Parent | United States | Solatium |
| 61 | Michele Rosenberg | NY | United States | Lloyd Rosenberg | Parent | United States | Solatium |
| 62 | Brendan Ryan | NY | United States | Matthew Ryan | Sibling | United States | Solatium |
| 63 | Brendan Ryan, as the Personal Representative of the Estate of Teresa Ryan | NY | United States | Matthew Ryan | Parent (Deceased) | United States | Solatium |
| 64 | Kathleen Sanchez | WI | United States | Raymond Sanchez | Child | United States | Solatium |
| 65 | John Doe 79 | TBD | TBD | Raymond Sanchez | PR | United States | Solatium/ Wrongful Death |
| 66 | Christian Santos | NY | United States | Rafael Humberto Santos | Child | United States | Solatium |
| 67 | Jonnathan Santos | NY | United States | Rafael Humberto Santos | Child | United States | Solatium |

18

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 68 | Yubelly Santos | NY | United States | Rafael Humberto Santos | PR | United States | Solatium/ Wrongful Death |
| 69 | Yubelly Santos | NY | United States | Rafael Humberto Santos | Spouse | United States | Solatium |
| 70 | Christopher John Saucedo | NY | United States | Gregory Saucedo | Sibling | United States | Solatium |
| 71 | Jude Monteserrato a/k/a Judith Monteserrato | RI | United States | John Michael Sbarbaro | Spouse | United States | Solatium |
| 72 | John Doe 72 | RI | United States | John Michael Sbarbaro | PR | United States | Solatium/ Wrongful Death |
| 73 | Helen Seaman | NY | United States | Michael H. Seaman | Parent | United States | Solatium |
| 74 | Elizabeth Isacowitz | FL | United States | Michael H. Seaman | Sibling | United States | Solatium |
| 75 | Maryellen Michalenko | NY | United States | Michael H. Seaman | Sibling | United States | Solatium |
| 76 | John Doe 78 | TBD | TBD | Michael H. Seaman | PR | United States | Solatium/ Wrongful Death |
| 77 | Thomas Shea, as the Personal Representative of the Estate of Joan Shea | NJ | United States | Daniel Shea | Parent (Deceased) | United States | Solatium |
| 78 | Thomas Shea, as the Personal Representative of the Estate of Joan Shea | NJ | United States | Joseph Shea | Parent (Deceased) | United States | Solatium |

19

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 79 | Barbara Keane, as the Personal Representative of the Estate of Amy Haviland | PA | United States | Robert Spear | Sibling | United States | Solatium |
| 80 | Barbara Strobert, as the Personal Representative of the Estate of Frank Strobert | NJ | United States | Steven Frank Strobert | Parent | United States | Solatium |
| 81 | Barbara Strobert | NJ | United States | Steven Frank Strobert | Parent | United States | Solatium |
| 82 | Frank Steven Strobert | NJ | United States | Steven Frank Strobert | Child | United States | Solatium |
| 83 | Tara Strobert-Nolan | NJ | United States | Steven Frank Strobert | Spouse | United States | Solatium |
| 84 | Tara Strobert-Nolan | NJ | United States | Steven Frank Strobert | PR | United States | Solatium/ Wrongful Death |
| 85 | Maureen Sullivan | NY | TBD | Derek O. Sword | Spouse | TBD | Solatium |
| 86 | John Doe 81 | TBD | TBD | Derek O. Sword | PR | TBD | Solatium/ Wrongful Death |
| 87 | Janice Dukes | NY | United States | Donnie Taylor | Spouse | United States | Solatium |
| 88 | John Doe 75 | NY | United States | Donnie Taylor | PR | United States | Solatium/ Wrongful Death |
| 89 | Kristina Nicole York | NY | United States | Raymond York | Child | United States | Solatium |
| 90 | Joan York | NY | United States | Raymond York | PR | United States | Solatium/ Wrongful Death |

docs-100218161.1

| | Plaintiff's Name (Alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 91 | Joan York | NY | United States | Raymond York | Spouse | United States | Solatium |
| 92 | Karin Charles | MA | United States | Kenneth Zelman | Spouse | United States | Solatium |
| 93 | Karin Charles | MA | United States | Kenneth Zelman | PR | United States | Solatium/ Wrongful Death |
| 94 | Olivia Zelman Charles | MA | United States | Kenneth Zelman | Child | United States | Solatium |
| 95 | Ethan Zelman Charles | MA | United States | Kenneth Zelman | Child | United States | Solatium |

docs-100218161.1

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

عطف به:

حملات تروریستی 11 سپتامبر 2001

03-MDL-1570 (GBD)(SN)

شماره پرونده مدنی:

_____

<u>**فرم کوتاه شکایت از ایران و تقاضای**</u>
<u>**برگزاری محاکمه همراه با هیئت منصفه**</u>

آگوست برنارتز، انفراداً، به عنوان برادر/خواهر بازمانده دونا برنارتز-کرنز

جان داو 84، که قصد دارد نماینده شخصی ماترک دونا برنارتز-کرنز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دونا برنارتز-کرنز

دیان بریرلی، انفراداً، به عنوان برادر/خواهر بازمانده ماری کاترین بوفا

مارگارت ترودو، انفراداً، به عنوان برادر/خواهر بازمانده ماری کاترین بوفا

جان بوفا، انفراداً، به عنوان همسر بازمانده ماری کاترین بوفا

جان بوفا، به عنوان نماینده شخصی ماترک کاترین فاگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ماری کاترین بوفا

پاتریشا کاناف ادورادز (سابقاً موسوم به پتی کاناف ادورادز)، انفراداً، به عنوان همسر بازمانده دنیس ادورادز

پاتریشا کاناف ادورادز (سابقاً موسوم به پتی کاناف ادورادز) به عنوان نماینده شخصی ماترک دنیس ادورادز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دنیس ادورادز

الکسا ماری ادوارز، انفراداً، به عنوان فرزند بازمانده دنیس ادورادز

شیلا ادوارز دویل به عنوان نماینده شخصی ماترک جولیا ادوارز، متوفی، والد متوفای دنیس ادورادز

مورگان ادوارز، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادورادز

شیلا ادوارز دویل، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادورادز

الیزابت ادوارز کورتسی، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادورادز

الین ادواردز اوبراین، انفراداً، به عنوان برادر/خواهر بازمانده دنیس ادورادز

استنلی فرانک، انفراداً، به عنوان والد بازمانده گری جی. فرانک

میندی گابلر، انفراداً، به عنوان همسر بازمانده فردریک گابلر

میندی گابلر، به عنوان نماینده شخصی ماترک فردریک گابلر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فردریک گابلر

الکسیس گابلر، انفراداً، به عنوان فرزند بازمانده فردریک گابلر

هوارد گابلر، انفراداً، به عنوان والد بازمانده فردریک گابلر

لسلی گابلر، انفراداً، به عنوان والد بازمانده فردریک گابلر

جولی گابلر، انفراداً، به عنوان برادر/خواهر بازمانده فردریک گابلر

نیکلاس کمپ، انفراداً، به عنوان فرزند بازمانده تیموتی هاویلند

جنیفر هولوهان، انفراداً، به عنوان برادر/خواهر بازمانده توماس پی. هولوهان

برندان ایلپی، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

ملیسا برنگل، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

خوزه دومینیگو لیز، به عنوان سرپرست قانونی ماری لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

الین لاندر باینز، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر لاندر

جان داو 82، به عنوان نماینده شخصی ماترک جیپسی لوپارلو، متوفی، برادر/خواهر متوفای آنتونی لوپارلو

رزا کامیسی، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

پاتریس ای. ریگان، به عنوان نماینده شخصی ماترک نیکلاس جی. ماسا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نیکلاس جی. ماسا

گلوریا النور موران، انفراداً، به عنوان برادر/خواهر بازمانده نیکلاس جی. ماسا

کالین گلدن، به عنوان نماینده شخصی مشترک ماترک ریچارد مورگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد مورگان

کالین گلدن، به عنوان نماینده شخصی ماترک پاتریشیا مورگان، متوفی، همسر متوفای ریچارد مورگان

باربارا موریس، انفراداً، به عنوان والد بازمانده ست موریس

جان آر. موریس جونیور، انفراداً، به عنوان والد بازمانده ست موریس

جیمز موریس، انفراداً، به عنوان برادر/خواهر بازمانده ست موریس

پاتریک نی، انفراداً، به عنوان فرزند بازمانده لوک ژیرارد نی

ایرنه لاول، به عنوان نماینده شخصی ماترک لوک جی. نی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوک ژیرارد نی

ایرنه لاول، انفراداً، به عنوان همسر بازمانده لوک ژیرارد نی

الن ماکری، انفراداً، به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

پاتریک مکگری، انفراداً، به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

ماریان بروک، انفراداً، به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

دبورا ام. برینک، انفراداً، به عنوان برادر/خواهر بازمانده کاترین مکگری نواک

جان داو 85، که قصد دارد نماینده شخصی ماترک کاترین مکگری نواک، باشد، متوفی، و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاترین مکگری نواک

جانی وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

جانی وگا، به عنوان نماینده شخصی ماترک ماریا وگا، متوفی، والد متوفای دیانا اوکانر

روبرت وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

راشل یوشیتل، انفراداً، به عنوان همسر بازمانده راشل یوشیتل

جان داو 80، که قصد دارد نماینده شخصی ماترک آندرو اوگاردی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آندرو اوگاردی

docs-100218161.1

جان پی. اونیل جونیور، انفراداً، به عنوان شخص صدمه دیده

جان اونز، به عنوان نماینده شخصی ماترک دولورس اونز، متوفی، والد متوفای پیتر اونز

جان اونز، به عنوان نماینده شخصی ماترک پیتر جی. اونز سنیور، متوفی، والد متوفای پیتر اونز

کاتلین اونز، انفراداً، به عنوان برادر/خواهر بازمانده پیتر اونز

پاملا کرانک شرودر، انفراداً، به عنوان برادر/خواهر بازمانده آلفرد تاد رانکه

الیزابت ریواس، به عنوان نماینده شخصی ماترک میوزس نوربرتو ریواس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میوزس نوربرتو ریواس

الیزابت ریواس، انفراداً، به عنوان همسر بازمانده میوزس نوربرتو ریواس

مونشا ریواس، انفراداً، به عنوان فرزند بازمانده میوزس نوربرتو ریواس

میوزس نوربرتو ریواس جونیور، انفراداً، به عنوان فرزند بازمانده میوزس نوربرتو ریواس

لورین روزنبرگ، انفراداً، به عنوان برادر/خواهر بازمانده لوید روزنبرگ

لورنس روزنبرگ، انفراداً، به عنوان والد بازمانده لوید روزنبرگ

میشل روزنبرگ، انفراداً، به عنوان والد بازمانده لوید روزنبرگ

برندان ریان، انفراداً، به عنوان برادر/خواهر بازمانده متیو ریان

برندان ریان، به عنوان نماینده شخصی ماترک ترزا مورگان، متوفی، والد متوفای متیو ریان

کاتلین سانچز، انفراداً، به عنوان فرزند بازمانده ریموند سانچز

جان داو 79، که قصد دارد نماینده شخصی ماترک ریموند سانچز، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریموند سانچز

کریستین سانتوز، انفراداً، به عنوان فرزند بازمانده رافائل هومبرتو سانتوز

جوناتان سانتوز، انفراداً، به عنوان فرزند بازمانده رافائل هومبرتو سانتوز

یوبلی سانتوز، به عنوان نماینده شخصی ماترک رافائل هومبرتو سانتوز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و

4

اعضای خانواده رافائل هومبرتو سانتوز

یوبلی سانتوز، انفراداً، به عنوان همسر بازمانده رافائل هومبرتو سانتوز

کریستوفر جان ساسدو، انفراداً، به عنوان برادر/خواهر بازمانده گریگوری ساسدو

جود مونتسراتو سابقاً موسوم به جودیت مونتسراتو، انفراداً، به عنوان همسر بازمانده جان مایکل سباربارو

جان داو 72، که قصد دارد نماینده شخصی ماترک جان مایکل سباربارو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان مایکل سباربارو

هلن سیمن، انفراداً، به عنوان والد بازمانده مایکل اچ. سیمن

الیزابت ایزاکوویتز، انفراداً، به عنوان برادر/خواهر بازمانده مایکل اچ. سیمن

ماریلین میچالنکو، انفراداً، به عنوان برادر/خواهر بازمانده مایکل اچ. سیمن

جان داو 78، که قصد دارد نماینده شخصی ماترک مایکل اچ. سیمن، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مایکل اچ. سیمن

توماس شیا به عنوان نماینده شخصی ماترک جان شیا، متوفی، والد متوفای دانیل شیا

توماس شیا، به عنوان نماینده شخصی ماترک جان شیا، متوفی، والد متوفای جوزف شیا

باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند، متوفی، برادر/خواهر متوفای روبرت اسپر

باربارا استروبرت، به عنوان نماینده شخصی ماترک فرانک استروبرت، متوفی، والد متوفای استیون فرانک استروبرت

باربارا استروبرت، انفراداً، به عنوان والد بازمانده استیون فرانک استروبرت

فرانک استیون استروبرت، انفراداً، به عنوان فرزند بازمانده استیون فرانک استروبرت

تارا استروبرت- نولان، انفراداً، به عنوان همسر بازمانده استیون فرانک استروبرت

تارا استروبرت- نولان، به عنوان نماینده شخصی ماترک استیون فرانک استروبرت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون فرانک استروبرت

مائورین سالیوان، انفراداً، به عنوان همسر بازمانده درک او. اسورد

جان داو 81، که قصد دارد نماینده شخصی ماترک درک او. اسورد، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده درک او. اسورد

جانیس دوکز، انفراداً، به عنوان همسر بازمانده دانی تیلور

جان داو 75، که قصد دارد نماینده شخصی ماترک دانی تیلور، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دانی تیلور

کریستینا نیکل یورک، انفراداً، به عنوان فرزند بازمانده ریموند یورک

جوان یورک، به عنوان نماینده شخصی ماترک ریموند یورک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریموند یورک

جوان یورک، انفراداً، به عنوان همسر بازمانده ریموند یورک

کارین چارلز، انفراداً، به عنوان همسر بازمانده کنت زلمن

کارین چارلز، به عنوان نماینده شخصی ماترک کنت زلمن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کنت زلمن

الویا زلمن، انفراداً، به عنوان فرزند بازمانده کنت زلمن

اتان زلمن چارلز، انفراداً، به عنوان فرزند بازمانده کنت زلمن

خواهان(ها)،

- علیه -

جمهوری اسلامی ایران،

خوانده.

6

خواهان‌های مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هریک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 15-CV-9903 (GBD)(SN) ( S.D.N.Y. ) تاریخ 8 فوریه 2016، ECF شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت از ایران، تمامی اتهامات مبتنی بر حقایق و مبانی حقوقی این شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولیش علیه بن لادن، به شماره ECF ., (S.D.N.Y) (GBD)(SN) 1:03-CV-9848 شماره‌های 263، 294، 295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده (S.D.N.Y.), ECF (GBD)(SN) 03-MDL-1570 شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

### مکان

1.      این منطقه بر اساس 28 U.S.C. §§ 1391(b)(2) و 1391(f)(1)، به عنوان جزیی بنیادی از رویدادهای زمینه‌ساز دعاوی مطرح شده در اینجا که در این منطقه رخ داد است، برای رسیدگی به این دعوا مناسب است. این مکان در این منطقه طبق 18 U.S.C. § 2334(a) مناسب محسوب می‌شود.

### صلاحیت دادگاه

2.      صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 28 U.S.C. § 1605(a) (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28 U.S.C. § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 28 U.S.C. § 1605B (قانون عدالت علیه

docs-100218161.1

حامیان مالی تروریسم) اثبات می‌گردد.

## علت اقدام

3.     بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و

درخواست محاکمه با حضور هیئت منصفه با جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را

اتخاذ می‌کنند [ **فقط یک شکایت** را علامت بزنید]:

☐ شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران،
ECF شماره 3237

■ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 9903-CV-15 (SN)(GBD)
( .S.D.N.Y تاریخ 8 فوریه 2016)، ECF شماره 53

4.     به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

■ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس  .U.S.C §
28 1605B(قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § .U.S.C 18  و ادامه آن. (قانون
مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در
شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که،
همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11
سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم
بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § .U.S.C 18 است؛ اینکه حملات تروریستی 11
سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط
سازمانی است که به‌عنوان سازمان تروریستی بر اساس 1189 § .U.S.C 8 تعیین شده است؛ و
اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 § .U.S.C
2331 شده است؛ و اینکه خوانده با را ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت
پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18
.U.S.C § 2333 و ادامه آن شده است.

■ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس  .U.S.C 28
1605B § (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § .U.S.C 18  و ادامه آن. (قانون
مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در
شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که،
همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11
سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم
بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § .U.S.C 18 است؛ اینکه حملات تروریستی 11
سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط
سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § .U.S.C 8 تعیین شده است؛ و
اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 § .U.S.C
2331 شده است؛ و اینکه خوانده با را ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت

docs-100218161.1

پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 *و ادامه آن شده است*.

## شناسایی خواهان‌های جدید

5.    اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a.    شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b.    خواهان مشمول دریافت خسارت شده در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c.    طبق مندرجات پیوست 1، «خواهان‌ها» (1) نماینده ورثه فرد کشته شده بر اثر «حملات تروریستی 11 سپتامبر 2001»؛ (2) بستگان درجه یک بازمانده فرد کشته شده در «حملات تروریستی 11 سپتامبر 2001»؛ و/یا (3) افراد دچار مصدومیت جسمی بر اثر «حملات تروریستی 11 سپتامبر 2001» هستند.

d.    در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

e.    در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همانگونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f.    نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

## هویت خوانده

6.    تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

## چشم‌پوشی نکردن از ادعاهای دیگر

7.    خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی

9

علیه هر یک از خواندهها یا طرفین بالقوه دیگر چشمپوشی نمیکنند.

8. خواهانها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در

آینده مجاز بداند، صرفنظر نمیکنند.

**درخواست هیئت منصفه:**

9. بدین وسیله هر یک از خواهانها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست
مینمایند.

بدینوسیله، خواهانها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از

ایران را به صورت مقتضی دارند.

تاریخ: 27 دسامبر 2019

تقدیم با احترام،

/امضا/ جری گلدمن
ـــــــــــــــــــــــــــــــــ
وکیل دعاوی، جری اس. گلدمن
وکیل دعاوی، بروس ای.
استرانگ وکیل دعاوی، سامانتا
ای. اسمیت وکیل دعاوی، استفن
واه
شرکت اندرسون کیل 1251
Avenue of the Americas New
York, New York تلفن: -212
278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
ssmith@andersonkill.com
swah@andersonkill.com

وکلای خواهانها

docs-100218161.1

**ضمیمه**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است

که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم

کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | آگوست برنارتز | نیوجرسی | ایالات متحده | دونا برنارتز-کرنز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | جان داو 84 | TBD | TBD | دونا برنارتز-کرنز | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 3 | دیان بریرلی | نیوجرسی | ایالات متحده | ماری کاترین بوفا | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | مارگارت ترودو | نیوجرسی | ایالات متحده | ماری کاترین بوفا | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | جان بوفا | نیوجرسی | ایالات متحده | ماری کاترین بوفا | همسر | ایالات متحده | ترضیه خاطر |
| 6 | جان بوفا | نیوجرسی | ایالات متحده | ماری کاترین بوفا | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 7 | پاتریشا کاناف ادورادز (سابقاً موسوم به پتی کاناف ادورادز) | نیویورک | ایالات متحده | دنیس ادورادز | همسر | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) |
|---|---|---|---|---|---|---|---|
| پاتریشا کاناف ادورادز (سابقاً موسوم به پتی کاناف ادورادز) | 8 | نیویورک | ایالات متحده | دنیس ادورادز | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| الکسا ماری ادواردز | 9 | نیویورک | ایالات متحده | دنیس ادوراز | کودک | ایالات متحده | ترضیه خاطر |
| شیلا ادواردز دویل به عنوان نماینده شخصی ماترک جولیا ادواردز | 10 | فلوریدا | ایالات متحده | دنیس ادوراز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| مورگان ادواردز | 11 | نیویورک | ایالات متحده | دنیس ادوراز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| شیلا ادواردز دویل | 12 | فلوریدا | ایالات متحده | دنیس ادوراز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| الیزابت ادواردز کورتسی | 13 | نیویورک | ایالات متحده | دنیس ادوراز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| الین ادواردز اوبراین | 14 | نیویورک | ایالات متحده | دنیس ادوراز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| استنلی فرانک | 15 | نیوجرسی | ایالات متحده | گری جی. فرانک | والد | ایالات متحده | ترضیه خاطر |
| میندی گابلر | 16 | TBD | ایالات متحده | فردریک گابلر | همسر | ایالات متحده | ترضیه خاطر |
| میندی گابلر | 17 | TBD | ایالات متحده | فردریک گابلر | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| الکسیس گابلر | 18 | TBD | ایالات متحده | فردریک گابلر | کودک | ایالات متحده | ترضیه خاطر |
| هوارد گابلر | 19 | نیویورک | ایالات متحده | فردریک گابلر | والد | ایالات متحده | ترضیه خاطر |

docs-100218161.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): |
|---|---|---|---|---|---|---|---|
| 20 | لسلی گابلر | نیویورک | ایالات متحده | فردریک گابلر | والد | ایالات متحده | ترضیه خاطر |
| 21 | جولی گابلر | نیویورک | ایالات متحده | فردریک گابلر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 22 | نیکلاس کمپ | نیویورک | ایالات متحده | تیموتی هاویلند | کودک | ایالات متحده | ترضیه خاطر |
| 23 | جنیفر هولوهان | نیویورک | ایالات متحده | توماس پی. هولوهان | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | برندان ایلپی | نیویورک | ایالات متحده | جاناتان ایلپی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | ملیسا برنگل | نیویورک | ایالات متحده | جاناتان ایلپی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | خوزه دومینیگو لیز، به‌عنوان سرپرست قانونی ماری لیز | نیویورک | ایالات متحده | نانسی لیز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | الین لاندر باینز | نیویورک | ایالات متحده | کریستوفر لاندر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | جان داو 82، به عنوان نماینده شخصی ماترک جیپسی لوپارلو | TBD | TBD | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | رزا کامپیسی | نیویورک | TBD | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | پاتریس ای. ریگان | نیویورک | ایالات متحده | نیکلاس جی. ماسا | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 31 | گلوریا النور موران | نیویورک | ایالات متحده | نیکلاس جی. ماسا | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 32 | کالین گلدن | نیوجرسی | ایالات متحده | ریچارد مورگان | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |

15

docs-100218161.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): |
|---|---|---|---|---|---|---|---|
| 33 | کالین گلدن، به عنوان نماینده شخصی ماترک پاتریشیا مورگان | نیوجرسی | ایالات متحده | ریچارد مورگان | همسر (متوفی) | ایالات متحده | ترضیه خاطر |
| 34 | باربارا موریس | ویرجینیا | ایالات متحده | ست موریس | والد | ایالات متحده | ترضیه خاطر |
| 35 | جان آر. موریس جونیور | ویرجینیا | ایالات متحده | ست موریس | والد | ایالات متحده | ترضیه خاطر |
| 36 | جیمز موریس | ویرجینیا | ایالات متحده | ست موریس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | پاتریک نی | نیویورک | ایالات متحده | لوک ژیرارد نی | کودک | ایالات متحده | ترضیه خاطر |
| 38 | ایرنه لاول | نیویورک | ایالات متحده | لوک ژیرارد نی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 39 | ایرنه لاول | نیویورک | ایالات متحده | لوک ژیرارد نی | همسر | ایالات متحده | ترضیه خاطر |
| 40 | الن ماکری | کارولینای شمالی | ایالات متحده | کاترین مکگری نواک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 41 | پاتریک مکگری | فلوریدا | ایالات متحده | کاترین مکگری نواک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 42 | ماریان بروک | جورجیا | ایالات متحده | کاترین مکگری نواک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 43 | دبورا ام. برینک | جورجیا | ایالات متحده | کاترین مکگری نواک | برادر/خواهر | ایالات متحده | ترضیه خاطر |

16

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)و |
|---|---|---|---|---|---|---|---|
| 44 | جان داو 85 | TBD | TBD | کاترین مکگری نواک | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 45 | جانی وگا | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 46 | جانی وگا، به عنوان نماینده شخصی ماترک ماریا وگا | نیویورک | ایالات متحده | دیانا اوکانر | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 47 | روبرت وگا | نیوجرسی | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 | راشل یوشیئل | نیویورک | TBD | آندرو اوگرادی | همسر | TBD | ترضیه خاطر |
| 49 | جان داو 80 | TBD | TBD | آندرو اوگرادی | پورتو ریکو | TBD | ترضیه خاطر/ جراحت شخصی |
| 50 | جان ب. اونیل، جونیور. | مریلند | ایالات متحده | نامرتبط | خود شخص (صدمه) | ایالات متحده | صدمه شخصی |
| 51 | جان اونز، به عنوان نماینده شخصی ماترک دولورس اونز | نیویورک | ایالات متحده | پیتر اوونز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 52 | جان اونز، به عنوان نماینده شخصی ماترک پیتر جی. اونز سنیور | نیویورک | ایالات متحده | پیتر اوونز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 53 | کاتلین اونز | نیویورک | ایالات متحده | پیتر اوونز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 54 | پاملا کرانک شرودر | نیوجرسی | ایالات متحده | آلفرد تاد رانکه | برادر/خواهر | ایالات متحده | ترضیه خاطر |

17

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): | شهروندی/تابعی ت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11 | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | میوزس نوربرتو ریواس | ایالات متحده | پنسیلوانیا | الیزابت ریواس | 55 |
| ترضیه خاطر | ایالات متحده | همسر | میوزس نوربرتو ریواس | ایالات متحده | پنسیلوانیا | الیزابت ریواس | 56 |
| ترضیه خاطر | ایالات متحده | کودک | میوزس نوربرتو ریواس | ایالات متحده | پنسیلوانیا | مونشا ریواس | 57 |
| ترضیه خاطر | ایالات متحده | کودک | میوزس نوربرتو ریواس | ایالات متحده | پنسیلوانیا | میوزس نوربرتو ریواس جونیور | 58 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | لوید روزنبرگ | ایالات متحده | نیویورک | لورین روزنبرگ | 59 |
| ترضیه خاطر | ایالات متحده | والد | لوید روزنبرگ | ایالات متحده | نیویورک | لورنس روزنبرگ | 60 |
| ترضیه خاطر | ایالات متحده | والد | لوید روزنبرگ | ایالات متحده | نیویورک | میشل روزنبرگ | 61 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | متیو ریان | ایالات متحده | نیویورک | برندان ریان | 62 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | متیو ریان | ایالات متحده | نیویورک | برندان ریان، به عنوان نماینده شخصی ماترک ترزا مورگان | 63 |
| ترضیه خاطر | ایالات متحده | کودک | ریموند سانچز | ایالات متحده | ویسکانسین | کاتلین سانچز | 64 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | ریموند سانچز | TBD | TBD | جان داو 79 | 65 |
| ترضیه خاطر | ایالات متحده | کودک | رافائل هومبرتو سانتوز | ایالات متحده | نیویورک | کریستین سانتوز | 66 |
| ترضیه خاطر | ایالات متحده | کودک | رافائل هومبرتو سانتوز | ایالات متحده | نیویورک | جوناتان سانتوز | 67 |

18

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | رافائل هومبرتو سانتوز | ایالات متحده | نیویورک | یوبلی سانتوز | 68 |
| ترضیه خاطر | ایالات متحده | همسر | رافائل هومبرتو سانتوز | ایالات متحده | نیویورک | یوبلی سانتوز | 69 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | گریگوری ساسدو | ایالات متحده | نیویورک | کریستوفر جان ساسدو | 70 |
| ترضیه خاطر | ایالات متحده | همسر | جان مایکل سباربارو | ایالات متحده | رود آیلند | جود مونتسراتو سابقاً موسوم به جودیت مونتسراتو | 71 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | جان مایکل سباربارو | ایالات متحده | رود آیلند | جان داو 72 | 72 |
| ترضیه خاطر | ایالات متحده | والد | مایکل اچ. سیمن | ایالات متحده | نیویورک | هلن سیمن | 73 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | مایکل اچ. سیمن | ایالات متحده | فلوریدا | الیزابت ایزاکوویتز | 74 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | مایکل اچ. سیمن | ایالات متحده | نیویورک | مارلین میچالنکو | 75 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | مایکل اچ. سیمن | TBD | TBD | جان داو 78 | 76 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | دانیل شیا | ایالات متحده | نیوجرسی | توماس شیا به عنوان نماینده شخصی ماترک جان شیا | 77 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | ژوزف شیا | ایالات متحده | نیوجرسی | توماس شیا به عنوان نماینده شخصی ماترک جان شیا | 78 |

19

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 79 | باربارا کین، به عنوان نماینده شخصی ماترک امی هاویلند | پنسیلوانیا | ایالات متحده | روبرت اسپر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | باربارا استروبرت، به عنوان نماینده شخصی ماترک فرانک استروبرت | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | والد | ایالات متحده | ترضیه خاطر |
| 81 | باربارا استروبرت | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | والد | ایالات متحده | ترضیه خاطر |
| 82 | فرانک استیون استروبرت | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | کودک | ایالات متحده | ترضیه خاطر |
| 83 | تارا استروبرت-نولان | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | همسر | ایالات متحده | ترضیه خاطر |
| 84 | تارا استروبرت-نولان | نیوجرسی | ایالات متحده | استیون فرانک استروبرت | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 85 | مائورین سالیوان | نیویورک | TBD | درک او. اسمورد | همسر | TBD | ترضیه خاطر |
| 86 | جان داو 81 | TBD | TBD | درک او. اسمورد | پورتو ریکو | TBD | ترضیه خاطر/ جراحت شخصی |
| 87 | جانیس دوکز | نیویورک | ایالات متحده | دانی تیلور | همسر | ایالات متحده | ترضیه خاطر |
| 88 | جان داو 75 | نیویورک | ایالات متحده | دانی تیلور | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 89 | کریستینا نیکل یورک | نیویورک | ایالات متحده | ریموند یورک | کودک | ایالات متحده | ترضیه خاطر |
| 90 | جوان یورک | نیویورک | ایالات متحده | ریموند یورک | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

20

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | همسر | ریموند یورک | ایالات متحده | نیویورک | جوان یورک | 91 |
| ترضیه خاطر | ایالات متحده | همسر | کنت زلمن | ایالات متحده | ماساچوست | کارین چارلز | 92 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | کنت زلمن | ایالات متحده | ماساچوست | کارین چارلز | 93 |
| ترضیه خاطر | ایالات متحده | کودک | کنت زلمن | ایالات متحده | ماساچوست | اولویا زلمن چارلز | 94 |
| ترضیه خاطر | ایالات متحده | کودک | کنت زلمن | ایالات متحده | ماساچوست | اتان زلمن چارلز | 95 |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| AUGUST BERNAERTS et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> DEFENDANT. | Civil Docket Number:  1:19-cv-11865 |

## NOTICE OF SUIT

1.  Title of legal proceeding:

*August Bernaerts et al. v. Islamic Republic of Iran*

Full Name of Court:

United States District Court for the Southern District of New York

Docket Number:

1:19-cv-11865

Judge:

United States District Judge George B. Daniels

2.  Name of foreign state concerned:

The Islamic Republic of Iran

3.  Identity of the other Parties:

None

4.  Nature of documents served:

Summons and Complaint (in English and Farsi)

5.  Nature and Purpose of Proceedings:

Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of American on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.  The conspiracy among the defendant to commit acts of international terrorism against the United States, its nationals and allies, including the aiding and abetting of, and provision of material support and resources to, al Qaida and/or affiliated foreign

terrorist organizations commercial entities, persons and other parties.

6.  A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7.  The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.  Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.

Dated:  December 31, 2019

Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

دادگاه ناحیه‌ای ایالات متحده
منطقه جنوب نیویورک

| | |
|---|---|
| مربوط به SN (GBD) 1570 MDL 03) | در پرونده عطف به حملات تروریستی 11 سپتامبر 2001 |
| پرونده مدنی به شماره:  1:19-cv-11865 | آگوست برنارتز و دیگران، |
| | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده. |

## اخطار دادرسی

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | *آگوست برنارتز و دیگران علیه جمهوری اسلامی ایران* |
| | نام کامل دادگاه: | دادگاه ناحیه‌ای ایالات متحده در منطقه جنوب نیویورک |
| | شماره پرونده: | 1:19-cv-11865 |
| | قاضی: | جورج بی. دنیلز، قاضی ناحیه‌ای ایالات متحده |
| 2. | نام دولت خارجی مرتبط: | جمهوری اسلامی ایران |
| 3. | هویت دیگر طرف‌ها: | هیچ |
| 4. | ماهیت اسناد ابلاغ شده: | احضاریه و شکایت (به زبان انگلیسی و فارسی) |
| 5. | ماهیت و هدف اقدامات قضایی: | دعوا برای جبران خسارت مرگ غیرمنصفانه و دیگر صدمات ناشی از حملات تروریستی صورت گرفته در ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت و همدستی با دیگر طرف‌ها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و هم‌پیمانان آن و نیز کمک‌رسانی مادی به طرف‌های مرتبط/برنامه‌ریزی حملات تروریستی که به صورت مستقیم، آگاهانه و پیش‌بینی شده منجر به حمله 11 سپتامبر شده است، تحت پیگرد قرار گرفته است.  همدستی خوانده‌ها برای ارتکاب اعمال تروریستی بین‌المللی علیه  ایالات متحده آمریکا، اتباع و هم‌پیمانان آن، شامل همدستی و همکاری، و کمک‌رسانی مادی به القاعده و/یا سازمان‌های تروریستی خارجی وابسته، نهادهای تجاری، افراد و دیگر طرف‌ها بوده است. |

6. پاسخ «احضاریه» و «شکایت» باید ظرف مدت شصت (60) روز از تاریخ دریافت این اسناد به دادگاه تسلیم شود.  امکان گنجاندن دفاعیه قضایی (شامل دفاعیه مربوط به مصونیت دولتی) در پاسخ وجود دارد.

7. قصور در ارائه پاسخ بهنگام به دادگاه ممکن است به صدور حکم غیابی و درخواست اجرای حکم منجر است. اگر حکم غیابی صادر شده باشد، ممکن است روالی برای باطل کردن یا باز کردن حکم وجود داشته باشد.

8. پرسش‌های مربوط به مصونیت دولتی و صلاحیت دادگاه‌های ایالات متحده برای رسیدگی به دعوا علیه دولت‌های خارجی مشمول قانون 1976 مصونیت دولت‌های خارجی است که در بخش‌های (d)1441، (f)1391، 1330 و 1602 تا 1611 از عنوان 28 قانون ایالات متحده (Pub. L. 94–583; 90 Stat. 2891).  این بخش‌های قانون ایالات متحده به زبان‌های انگلیسی و فارسی پیوست شده است.

تاریخ:  31 دسامبر 2019

جری گلدمن
اندرسون کیل (Anderson Kill P.C.)
1251 Avenue of the Americas
New York, New York
تلفن: 212-278-1000
jgoldman@andersonkill.com
وکلای خواهان‌ها

## I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**  The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**  Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**  For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.


## II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)**  Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

# § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.

## *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

## § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.
JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE
CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

**(a)** A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

**(1)** in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)** in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)** in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)** in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

**(A)** any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

**(B)** any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

**(6)** in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)** notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)** notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)** Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)** [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

  **(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

  **(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

  **(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

  **(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

    **(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

    **(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

  **(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

    **(iii)** the taking occurred after 1900;

(iv) the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

(v) a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

(3) Definitions. For purposes of this subsection

(A) the term "work" means a work of art or other object of cultural significance;

(B) the term "covered government" means

(i) the Government of Germany during the covered period;

(ii) any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

(iii) any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

(iv) any government in Europe that was an ally of the Government of Germany during the covered period; and

(C) the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

(a) In general.

(1) No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

(2) Claim heard. The court shall hear a claim under this section if—

(A) (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

(II)  in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

(ii)  the claimant or the victim was, at the time the act described in paragraph (1) occurred—

(I)  a national of the United States;

(II)  a member of the armed forces; or

(III)  otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

(IV)  in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

(B)  the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

(b)  Limitations.  An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

(1)  10 years after April 24, 1996; or

(2)  10 years after the date on which the cause of action arose.

(c)  Private right of action.  A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

(1)  a national of the United States,

(2)  a member of the armed forces,

(3)  an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions.  For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition.  In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)** Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)** Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

<div align="center">

**28 USCS § 1606**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

<div align="center">

**28 USCS § 1607**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)** for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)** arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

<div align="center">

**28 USCS § 1608**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1608. Service; time to answer; default

**(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)** if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)** Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

      **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

        **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

        **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

        **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

    **(c)** Service shall be deemed to have been made—

      **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

      **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

    **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

    **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

<center>

**28 USCS § 1609**
**Current through PL 115-181, approved 6/5/18**

</center>

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

    Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

**28 USCS § 1610**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1610. Exceptions to the immunity from attachment or execution**

    **(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

        **(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

        **(2)**  the property is or was used for the commercial activity upon which the claim is based, or

        **(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

        **(4)**  the execution relates to a judgment establishing rights in property

        **(A)**  which is acquired by succession or gift, or

        **(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

        **(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

        **(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

        **(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

    **(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

**(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

**(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

**(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

**(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

**(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

**(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

**(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

**(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

**(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

    **(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

    **(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

    **(B)** In providing such assistance, the Secretaries

        **(i)** may provide such information to the court under seal; and

        **(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

    **(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

    **(g)** Property in certain actions.

    **(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

    **(A)** the level of economic control over the property by the government of the foreign state;

    **(B)** whether the profits of the property go to that government;

    **(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

    **(D)** whether that government is the sole beneficiary in interest of the property; or

    **(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

    **(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

**(3)** Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## 28 USCS § 1611
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

**(a)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

**(b)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

**(1)** the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

**(2)** the property is, or is intended to be, used in connection with a military activity and

**(A)** is of a military character, or

**(B)** is under the control of a military authority or defense agency.

**(c)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

## یک.   *28 USCS §1330*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)    دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش (a)1603 این *عنوان [1603(a) § USCS 28]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی باشد که در صورتی که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1605-1607 این *عنوان (1607-1605 §§ USCS 28)* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)    در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [1608 § USCS 28]* انجام شده باشد.

(c)    در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1605-1607 این *عنوان [1605 §§ USCS 28-1607]* ناشی شده باشد.

## دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f)    اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش (a)1603 این *عنوان [28 USCS § 1603(a)]* تعریف شده قابل انجام است ـ

(1)    در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)    در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش (b)1605 این *عنوان [28 USCS § 1605(b)]* مطرح شده باشد؛

(3)    در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش (b)1603 این *عنوان [28 USCS § 1603(b)]* مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

## *1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش (a)1603 این *عنوان [a)1603 § USCS 28)]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش (b)1446 این فصل *[b)1446 § USCS 28)]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *1602 § 28 USCS*

**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است که از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[et seq 1602 §§ 28 USCS]* تعیین شود.

### *1603 § 28 USCS*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54

عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### 51603. تعاریف

برای اهداف این فصل [1602 §§ 28 USCS et seq.].

**(a)** یک "دولت خارجی"، به استثنای معنای مستفاد در آن در بخش 1608 این عنوان [28 USCS § 1608]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)** که شهروند دولت ایالات متحده بنا به تعریف بخش (c)1332) و (e) این عنوان [28 USCS § 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

### 28 USCS § 1604
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1605-1607 این فصل [28 USCS §§ 1605-16071].

### 28 USCS § 1605
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

**(a)** یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

**(1)** که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هر گونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

**(2)** که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمرو ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

**(3)** که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هر گونه دارایی مبادله شده با دارایی مذکور در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

**(4)** که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

**(5)** به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

**(A)** هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

**(B)** هر گونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

**(6)** که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه داوری یا داوری تمام یا هر گونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [28 USCS § 16071] مطرح گردد، یا (D) این زیربخش بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

**(b)** دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه—

**(1)** ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته از نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هر گونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول خواهد بود؛ و

(2)   ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

(c)   هرگاه ابلاغیه مطابق با بند (b)(1) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (b)(1) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچ‌یک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d)   دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 USCS §§ 31301 et seq. and in] و همچنین بر اساس اصول قانون و و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

(f) ،(e) [منسوخ شد]

**(g)** محدودیت کشف.

(1)   بطور کلی.

**(A)**   در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ § 28 USCS 1604]،همچنین بخش 1605A یا بخش 1605B [ § 1605A USCS 28 یا § 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد میکند و مربوط به حادثهای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور چنان اختلالی را ایجاد نخواهد کرد.

**(B)**   توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر میکند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دورههای 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف بطور قابل توجهی در تحقیقات جنایی، پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد میکند و مربوط به حادثهای است که منجر به علت اقدام شده است.

(2)   شرط افول.

**(A)**   در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)**   پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی میشود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمانهای مجری قانون خارجی و بینالمللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثهای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پروندهای را تضعیف کند.

(3)   ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه میشود باید به صورت غیابی و غیرحضوری انجام شود.

(4)   منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین (6)(b)(12) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

(5)   رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که بطور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیتهای نمایشگاههای هنری.

**(1)** بطور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 (<u>22 U.S.C. 2459(a)</u>) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 ( <u>22 U.S.C.</u> <u>2459(a)</u>) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [28 USCS § 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

**(iii)** تملک پس از سال 1900 رخ داده است؛

(iv) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [28 USCS § 1603(d)] تعریف شده است؛ و

(v) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(3) تعاریف. برای اهداف این بخش فرعی

(A) اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

(B) اصطلاح "دولت تحت پوشش" یعنی

(i) دولت آلمان در طول دوره تحت پوشش؛

(ii) هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

(ii) هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

(iv) هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

(C) اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

(a) به‌طور کلی.

(1) عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

(2) استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

(A) (I) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)**در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3(c)(1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 1605(a)(7) [*28 USCS § 1605(a)(7)*] (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101) قسمت A قانون عمومی 104-208 [*28 USCS § 1605*] تبصره] مطرح شده باشد؛

(ii) مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

(I)    تبعه ایالات متحده باشد؛

(II)   عضو نیروهای مسلح باشد؛ یا

(III)  به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

(IV)   در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره EGS (1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 1605(a)(7) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c) (101) قسمت A قانون عمومی 104-208 [*28 USCS § 1605*] تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

**(1)**  10 سال پس از 24 آوریل 1996؛ یا

**(2)**  10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

**(c)**  حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی i)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

**(1)**  تبعه ایالات متحده باشد،

**(2)**  یک عضو نیروهای مسلح باشد،

**(3)**  یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2)، (1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارات تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [1 بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش C1404 قانون قربانیان جرم سال 1984 *(42 U.S.C. 10603c)*، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرست‌های ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (1292(b این *عنوان 28]* *[(1292(b USCS §* مطرح گردد.

**(g)** مقررات مربوط به اموال.

**(1)** بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت از ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که ــــ

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 *[28 USCS § 76701]* باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

**(3)** قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان [*28 USCS §§ 1651* et seq.] قابل اجرا باشد.

**(h)** تعاریف. برای اهداف این بخش-

**(1)** اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

**(2)** اصطلاح "گروگانگیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگانگیری به آن داده شده است؛

**(3)** اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

**(4)** اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

**(5)** اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت (22)(a)1101 *U.S.C. 8* (( است؛

**(6)** اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 [*50 USCS § 46050*] (*50 U.S.C. App. 2405(i)*) [[بخش 620A قانون کمک خارجی 1961 (*22 U.S.C. 2371*)، بخش 40 قانون کنترل صادرات اسلحه (*22 U.S.C. 2780*)، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

**(7)** اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (*28 U.S.C. 1350* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

**(a)** تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

**(1)** دارای معنی ذکر شده برای این اصطلاح در بخش *2331 عنوان 18، قانون ایالات متحده* است؛ و

**(2)** شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

**(b)** مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

**(1)** یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

**(2)** یک عمل شبه جرم یا اقدامات دولت خارجی، یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

**(c)**   دعاوی اتباع ایالات متحده. علی‌رغم بخش 2(2337) عنوان 18 [*(18 USCS § 2337(2*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *عنوان [ 2333 § 18 USCS* ] مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

**(d)**   قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

<u>**28 USCS § 1606**</u>
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

<u>**§1606. میزان مسئولیت**</u>

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [ 1605 § 28 USCS] یا [1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

<u>**28 USCS § 1607**</u>
<u>**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**</u>

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1607. دعاوی متقابل**

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

**(a)**   که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [ 28 USCS § 1605] یا [1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

**(b)**   ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c) تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a) در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1) با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2) اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال منشی توسط دادگاه، یا

(4) اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال منشی توسط دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b) در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1) با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2) اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A) بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید

به آن صورت بگیرد و ارسال منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد –

**(1)** در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی

شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده

شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی

آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس

این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش

سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص

غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده

جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

## 28 USCS §1609
### جاری از طریق 181-115 PL، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده – عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی
فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1609. مصونیت در برابر توقیف اموال دولت خارجی

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان

تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص

موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

### 28 USCS § 1610
#### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28، دادرسی و رویه دادرسی بخش چهارم، صلاحیت قضایی و محل اقامه دعوی فصل 97، مصونیت‌های قضایی دولت‌های خارجی

### § 1610. موارد استثناء مصونیت از توقیف یا اجرای حکم

(a)   اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد ـــــ چنانچه

(1)   دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

(3)   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

(4)   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

(A)   که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

(B)   غیرمنقول بوده و در ایالات متحده واقع شده باشد: به شرطی‌که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

(5)   اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

(6)   حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

(7)   حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش (a)(7)1605 [سابقاً (a)(7) 1605 § 28 USCS] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(b)   علاوه بر بخش فرعی (a)، هرگونه اموال یک سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد ـــــ چنانچه

(1)   سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش (3) ،(2)(a)1605)، یا (5) یا (b)1605 این فصل (a)(2)1605 5 28 USCS]، یا (3)، یا (5)، یا (b)1605] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر ، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] یا بخش(7)(a)1605 این فصل [سابقاً (7)(a)1605 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش (e)1608 این فصل [(e)1608 § USCS 28] سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش (a)1603 این فصل [(a)1603 § USCS 28] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرند در زمینه توقیف نباید در اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

**(1)** دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش (d)1605 این فصل [(d)1605 § USCS 28] آمده است، مصون باشند.

**(f)** (1) (A) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش(f)208) قانون مأموریت خارجی ( 22 U.S.C. 4308(f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش (b)5) قانون تجارت با دشمن (U.S.C. 50). ضمیمه (b)4305 5 USCS [(b)5)]، قانون کمک خارجی 1961 (22 U.S.C. 2370(a))، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( 50 .U.S.C 1702–1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش(7)1605 (7)(a)1605 [(7)(a)1605 § USCS 28] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A 1605A1 5 USCS 28 شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش(7)1605 (7)(a)1605 [(7)(a)1605 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A 1605A1 § USCS 28 مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

**(3)** چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (۱) برای حفظ امنیت ملی چشم‌پوشی کند.

**(g)** اموال در برخی اقدامات.

**(1)** به‌طور کلی. در خصوص بند (۳)، اموال دولت خارجی که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است، صرف‌نظر از

**(A)** سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

**(B)** اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

**(C)** میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

**(D)** اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

**(E)** اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

**(2)** قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان یا نهاد دولت خارجی که بند (۱) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم، بر اساس حکم صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §5 1701 et seq.] تحت نظارت دولت ایالات متحده قرار دارد.

**(3)** صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از اختیار دادگاه برای جلوگیری از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

<u>**28 USCS §1611**</u>
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین ۱ تا ۵۴ عنوان ۲۸. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل ۹۷. مصونیت‌های قضایی دولت‌های خارجی**

<u>**§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند**</u>

**(a)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 16101]، اموال سازمان‌های تعیین شده توسط رئیس جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

**(b)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم مصون باشد، چنانچه ——

**(1)** اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود، مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشمپوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشمپوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشمپوشی؛ یا

(2)  اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A)  دارای ماهیت نظامی باشد، یا

(B)  تحت کنترل مقام نظامی سازمان دفاع باشد.

(c)   علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| AUGUST BERNAERTS *et al.*<br><br>                             PLAINTIFFS,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>                             DEFENDANT. | Civil Docket Number: 1:19-cv-11865<br><br>**AFFIDAVIT OF TRANSLATOR**<br><br>ECF CASE |

STATE OF NEW YORK          )
                                              ) ss:
COUNTY OF NEW YORK     )

I, Joyce Chen, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

    a. Summons with appendix
    b. Complaint with appendix
    c. Civil cover sheet with appendix
    d. Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391, 28. U.S.C. 1441, and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by a translator who holds a BA in English and an MA in Translation. They have been a legal language consultant and translator for over 20 years.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

_____
Joyce Chen, Project Manager

Sworn to before me
this **03** day of **January**, 20**20**

_____
Notary Public

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

docs-100218477.1