# EXHIBIT D



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: BODNER V. ISLAMIC REP.
OF IRAN
Date: 5/12/2020 3:59:59 PM
Register: ACS Cash
Transaction: 15037390
Tender: U.S. Dollars
Exchange Rate: 1.000USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| | LETTERS | | | CHF 2'275.00 |
| | ROGATORY/FSIA FEE | | | |

| | |
|---|---|
| Balance | $2,275.00 |
| Amount Paid | $2,275.00 |
| Change | $0.00 |

CUSTOMER COPY
ALL TRANSACTIONS ARE
FINAL - NO REFUNDS

Sensitive But Unclassified (SBU)

46978



**United States Department of State**

*Washington, D.C.   20520*

July 21, 2020

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN)**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1083-IE, dated June 28, 2020 and delivered on June 29, 2020. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs



SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland         )
, Canton of Bern                  ) SS:
assy of the United States of America )


ayward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland,
fy that this is a true copy of Embassy note number 27168 dated May 12, 2020, which was
smitted to the Swiss Ministry of Foreign Affairs on May 13, 2020 for further transmission to
American Interests Section of the Swiss Embassy in Tehran, Iran.


_____
(Signature of Consular Officer)


_____
Hayward M. ALTO
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


July 16, 2020
(Date)



*Embassy of the United States of America*

May 12, 2020

CONS NO. **27168**

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Deborah Bodner, et al. V. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN)

REF:   ----

The Department of State has requested the delivery of the enclosed Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Deborah Bodner, et al. V. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776, which is pending in the U.S. District Court Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons, Civil Cover Sheet, and Iran Short Form Complaint herewith. The U.S. District Court Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Civil Cover Sheet, and Iran Short Form Complaint, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

## SPECIFIC AUTHENTICATION CERTIFICATE



onfederation of Switzerland          )
ern, Canton of Bern                   ) SS:
nbassy of the United States of America )

ertify that the annexed document bears the genuine seal of the Swiss Federal Department of
reign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.

_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

July 16, 2020
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

25709

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27168 dated May 12, 2020 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776 (GBD) (SN)

- Note No. 1083-IE addressed to the Government of the Islamic Republic of Iran

dated June 28, 2020 and proof of service, dated June 29, 2020 as well as the certification by the Swiss Federal Chancellery dated July 14, 2020.

The section has received the above mentioned documents on June 1, 2020. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on June 29, 2020. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Bern, July 14, 2020

_Enclosure(s) mentioned_

To the
Embassy of the
United States of America

Bern



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )


I, Hayward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 27169 dated May 12, 2020, which was transmitted to the Swiss Ministry of Foreign Affairs on May 13, 2020 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.


_____
(Signature of Consular Officer)


_____Hayward M. ALTO_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


July 16, 2020
(Date)

 Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1083-IE

     The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776, which is pending in the U.S. District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons, Civil Cover Sheet, and Iran Short Form Complaint herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

     Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons, Civil Cover Sheet, and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

     In addition to the Summons, Civil Cover Sheet, and Iran Short Form Complaint, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

     The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

     The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, June 28, 2020

Attachments:
1. Summons, Civil Cover Sheet, Iran Short Form Complaint, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Patricia Weber Singh, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1083-IE, dated June 28, 2020. The delivery of this note and its enclosures was attempted on June 29, 2020 but the Iranian Ministry of Foreign Affairs refused its acceptance.

Patricia Weber Singh
Head of the Foreign Interests Section

Tehran, June 29, 2020



---

## APOSTILLE
### (Convention de la Haye du 5 octobre 1961)

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** P. Weber Singh

3. **acting in the capacity of officer**

4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

   **Certified**

5. **at Berne**               6.   **the** 14 July 2020

7. **by** Maya Fontaine
   **functionary of the Swiss federal Chancellery**

8. **No** 013303

9. **Seal/stamp:**                       10. **Signature:**

   Swiss federal Chancellery

Case 1:19-cv-11776-GBD   Document 9   Filed 12/30/20   Page 11 of 66

28 USC 1608 Summons IH 6
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

**DEBORAH BODNER, et al. (see appendix)**

|                               |     |                  |
| ----------------------------- | --- | ---------------- |
| Plaintiff                     | )   |                  |
|                               | )   |                  |
| v.                            | )   | Civil Action No. |
| **ISLAMIC REPUBLIC OF IRAN**  | )   |                  |
| Defendant                     | )   |                  |

## SUMMONS IN A CIVIL ACTION

To:   (Defendant's name and address)
ISLAMIC REPUBLIC OF IRAN
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY 10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**CLERK OF COURT**

Date:  1/2/2020                                     /s/ P. Canales
                                                    Signature of Clerk or Deputy Clerk



28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

⁷  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

⁷  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

⁷  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

⁷  I returned the summons unexecuted because _____ ; or

⁷  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## APPENDIX

Deborah Bodner, individually, as surviving sibling of Thomas F. Hughes, Jr.

Matthew Casey, individually, as surviving child of Kathleen Hunt-Casey

Kevin Casey, individually, as surviving spouse of Kathleen Hunt-Casey

Kevin Casey, as the Personal Representative of the Estate of Kathleen Hunt-Casey, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathleen Hunt-Casey

Ben Huttler, individually, as surviving child of Joseph S. Huttler

Frida Huttler, individually, as surviving child of Joseph S. Huttler

Gideon Huttler, individually, as surviving child of Joseph S. Huttler

Miriam Zehava Huttler, individually, as surviving spouse of Joseph S. Huttler

Miriam Zehava Huttler, as the Personal Representative of the Estate of Joseph S. Huttler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph S. Huttler

Anne Ielpi, individually, as surviving parent of Jonathan Ielpi

AnneMarie Holleran, individually, as surviving sibling of Jonathan Ielpi

Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev, deceased, the late parent of Daniel Ilkanayev

Laura Israilov, individually, as surviving sibling of Daniel Ilkanayev

Matthew Jordan, individually, as surviving child of Andrew Jordan

Kelsey Jordan, individually, as surviving child of Andrew Jordan

Sean Jordan, individually, as surviving child of Andrew Jordan

Lisa Jordan, individually, as surviving spouse of Andrew Jordan

Lisa Jordan, as the Personal Representative of the Estate of Andrew Jordan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Andrew Jordan

Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski, deceased, the late parent of Charles Henry Karczewski

Donna Cavanaugh, individually, as surviving sibling of Charles Henry Karczewski

Henry Karczewski, individually, as surviving parent of Charles Henry Karczewski

Philomena Ann Karczewski, individually, as surviving spouse of Charles Henry Karczewski

Philomena Ann Karczewski, as the Personal Representative of the Estate of Adianes Oyola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles Henry Karczewski

Daniel T. Kirwin, individually, as surviving sibling of Glenn Kirwin

Peter M. Kirwin, individually, as surviving sibling of Glenn Kirwin

Andrew Kirwin, individually, as surviving sibling of Glenn Kirwin

Jon D. Kirwin, individually, as surviving sibling of Glenn Kirwin

Jennifer Kirwin Masse, individually, as surviving sibling of Glenn Kirwin

Virginia Krukowski, individually, as surviving sibling of William Krukowski

Barbara Rastelli, individually, as surviving parent of William Krukowski

Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski, deceased, the late parent of William Krukowski

Corey LaFrance, individually, as surviving sibling of Alan LaFrance

Aubrey LaFrance, individually, as surviving sibling of Alan LaFrance

JoAnn Langone as Personal Representative of the Estate of Thomas Langone, deceased, the late sibling of Peter Langone

Joanne Langone, individually, as surviving sibling of Peter Langone

Rosemarie Langone, individually, as surviving sibling of Peter Langone

Terri Langone, individually, as surviving spouse of Peter Langone

Terri Langone, as the Personal Representative of the Estate of Peter Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Langone

Nikki Langone, individually, as surviving child of Peter Langone

Karli Langone, individually, as surviving child of Peter Langone

Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Peter Langone

JoAnn Langone, individually, as surviving spouse of Thomas Langone

JoAnn Langone, as the Personal Representative of the Estate of Thomas Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Langone

Caitlin Langone-Brewer, individually, as surviving child of Thomas Langone

Brian Langone, individually, as surviving child of Thomas Langone

Joanne Langone, individually, as surviving sibling of Thomas Langone

Rosemarie Langone, individually, as surviving sibling of Thomas Langone

Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Thomas Langone

Terri Langone as Personal Representative of the Estate of Peter Langone, deceased, the late sibling of Thomas Langone

Jose Domingo Liz, individually, as surviving sibling of Nancy Liz

Jose Domingo Liz as Personal Representative of the Estate of Elena Liz, deceased, the late parent of Nancy Liz

William Stone Luckett, individually, as surviving child of Edward H. Luckett

Jennifer Grace Luckett, individually, as surviving child of Edward H. Luckett

Lisa Luckett, individually, as surviving spouse of Edward H. Luckett

Timothy Wyatt Luckett, individually, as surviving child of Edward H. Luckett

Lisa Luckett, as the Personal Representative of the Estate of Edward H. Luckett, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward H. Luckett

Kathryn Crawford Luckett, individually, as surviving sibling of Edward H. Luckett

Alexandra Ward Luckett, individually, as surviving sibling of Edward H. Luckett

James Taylor Luckett, individually, as surviving sibling of Edward H. Luckett

Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett, deceased, the late parent of Edward H. Luckett

Domenica Anna Lopez, individually, as surviving sibling of Anthony Luparello

Caterina Tavolacci, individually, as surviving sibling of Anthony Luparello

Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani, deceased, the late parent of Louis Neil Mariani

Bruce Mariani, individually, as surviving sibling of Louis Neil Mariani

Lauren Peters, individually, as surviving child of Louis Neil Mariani

Edna May Massa, individually, as surviving spouse of Nicholas G. Massa

Donna Mercurio, individually, as surviving child of Nicholas G. Massa

Nicholas T. Massa, individually, as surviving child of Nicholas G. Massa

Denise McDonnell, individually, as surviving sibling of Michael Patrick McDonnell

Vincenza McDonnell, individually, as surviving parent of Michael Patrick McDonnell

Patrick A. McDonnell, individually, as surviving parent of Michael Patrick McDonnell

Kathleen Murphy, individually, as surviving sibling of Patrick McGuire

Thomas McGuire, individually, as surviving sibling of Patrick McGuire

John McGuire, individually, as surviving sibling of Patrick McGuire

Maureen Simpson, individually, as surviving sibling of Patrick McGuire

James McGuire, individually, as surviving sibling of Patrick McGuire

Jody Myers, as Personal Representative of the Estate of Terrence McGuire, deceased, the late sibling of Patrick McGuire

Sean McShane, individually, as surviving child of Terence McShane

Aidan McShane, individually, as surviving child of Terence McShane

Colin McShane, individually, as surviving child of Terence McShane

3

Catherine McShane, individually, as surviving spouse of Terence McShane

Catherine McShane, as the Personal Representative of the Estate of Terence McShane, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Terence McShane

Elizabeth Miller, individually, as surviving child of Douglas Miller

Deborah Lynn Temple, individually, as surviving spouse of Vincent S. Morello

Justin John Morello, individually, as surviving child of Vincent S. Morello

Paige Celine Morello, individually, as surviving child of Vincent S. Morello

John Morello, individually, as surviving parent of Vincent S. Morello

Patricia Morello, individually, as surviving parent of Vincent S. Morello

Deborah Lynn Temple, as the Personal Representative of the Estate of Vincent S. Morello, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent S. Morello

Colleen Golden, individually, as surviving child of Richard Morgan

John Morris III, individually, as surviving sibling of Seth Morris

Laura Nogaj, individually, as surviving spouse of Stephen Philip Morris

John Doe 71, being intended to designate the Personal Representative of the Estate of Stephen Philip Morris, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Philip Morris

John Michael Nee, individually, as surviving sibling of Luke Girard Nee

Dolores Laguerre, individually, as surviving sibling of Diana O'Connor

Jimmy Vega, individually, as surviving sibling of Diana O'Connor

Minerva Galarza, individually, as surviving sibling of Diana O'Connor

Sonia Vega, individually, as surviving sibling of Diana O'Connor

Miriam Roman, individually, as surviving sibling of Diana O'Connor

Aida Cintron, individually, as surviving sibling of Diana O'Connor

4

دادگاه ناحیه‌ای ایالات متحده
ناحیه
جنوب نیویورک

دبورا بودنر و دیگران. (به ضمیمه مراجعه کنید)
_____
خواهان

علیه

اقدام مدنی شماره        )
                        )
                        )      جمهوری اسلامی ایران
                        )  _____
                        )         خوانده
                        )
                        )


احضاریه در یک اقدام مدنی


به:        (نام و آدرس خوانده)
           جمهوری اسلامی ایران
           قابل توجه: سفیر دائم ایران
           در سازمان ملل متحد
           622 Third Avenue
           New York, NY 10017


یک دعوی علیه شما اقامه شده است.


باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا دفاعیه ای را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:


           وکیل دعاوی جری اس. گلدمن
           اندرسون کیل (Anderson Kill P.C.)
           1251 Avenue of the Americas
           New York, NY 10020
           212) 278-1000)
           jgoldman@andersonkill.com


اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا دفاعیه خود را به دادگاه ارایه نمایید.


منشی دادگاه


/امضا / P. Canales
_____
امضای منشی یا معاون منشی
[امضا شده]
[مهر: دادگاه ناحیه‌ای ایالات متحده، ناحیه جنوب نیویورک]

تاریخ: 2020/02/01

28  USC 1608  احضاریه (12/11) (صفحه 2)

اقدام مدنی شماره

# گواهی ابلاغ
## (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 (l)

این احضاریه مربوط به (نام فرد یا سمت، در صورت امکان) _____

در (تاریخ) _____ به من ابلاغ شد

- من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____

_____ در (تاریخ) _____ ابلاغ کردم ؛ یا

- احضاریه را در محل سکونت فرد یا محل اقامت معمول وی در نزد (نام) _____

قرار دادم _____ ، که فردی بالغ و دارای اختیار بود که در آن مکان ساکن بوده است،

در (تاریخ) _____ ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

- من احضاریه را به (نام فرد) _____ ، تحویل دادم، که

توسط قانون برای دریافت ابلاغیه از طرف (نام سازمان) _____

مشخص شده است _____ در (تاریخ) _____ ؛ یا

- من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

- سایر (مشخص کنید):

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ و جمعاً _____

دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____

_____
امضای ابلاغ‌کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
آدرس ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

## ضمیمه

دبورا بودنر، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

متیو کیسی، انفراداً، به عنوان فرزند بازمانده کاتلین هانت-کیسی

کوین کیسی، انفراداً، به عنوان همسر بازمانده کاتلین هانت-کیسی

کوین کیسی، به عنوان نماینده شخصی ماترک کاتلین هانت-کیسی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتلین هانت-کیسی

بن هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

فریدا هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

گیدنون هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، انفراداً، به عنوان همسر بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، به عنوان نماینده شخصی ماترک جوزف اس. هاتلر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف اس. هاتلر

آنه ایلپی، انفراداً، به عنوان والد بازمانده جاناتان ایلپی

آنماری هولران، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

لورا اسرانیلوف، بهعنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف، متوفی، و والد متوفای دانیل ایلکانایف

لورا اسرانیلوف، انفراداً، به عنوان برادر/خواهر بازمانده دانیل ایلکانایف

متیو جردن، به عنوان فرزند بازمانده آندرو جردن

کسلی جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

سین جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

لیزا جردن، انفراداً، به عنوان همسر بازمانده آندرو جردن

لیزا جردن، به عنوان نماینده شخصی ماترک آندرو جردن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آندرو جردن

هنری کارچوسکی، به عنوان نماینده شخصی ماترک رز سی. کارچوسکی، متوفی، والد متوفای چارلز هنری کارچوسکی

دونا کاوانا، انفراداً، به عنوان برادر/خواهر بازمانده چارلز هنری کارچوسکی

هنری کارچوسکی، انفراداً، به عنوان والد بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، انفراداً، به عنوان همسر بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، به عنوان نماینده شخصی ماترک چارلز هنری کارچوسکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز هنری کارچوسکی

دانیل تی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

پیتر ام. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

آندرو کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جان دی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جنیفر کیروین ماسه، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

ویرجینیا کروکوفسکی، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام کروکوفسکی

باربارا راستلی، انفراداً، به عنوان والد بازمانده ویلیام کروکوفسکی

ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی، متوفی، والد متوفای ویلیام کروکوفسکی

کوری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

آبری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، برادر/خواهر متوفای پیتر لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

تری لانگون، انفراداً، به عنوان همسر بازمانده پیتر لانگون

تری لانگون، به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر لانگون

نیکی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

کارلی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون، متوفی، والد متوفای پیتر لانگون

جوان لانگون، انفراداً، به عنوان همسر بازمانده توماس لانگون

جوان لانگون، به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس لانگون

کایتلین لانگون- برور، انفراداً، به عنوان فرزند بازمانده توماس لانگون

برایان لانگون، انفراداً، به عنوان فرزند بازمانده توماس لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون، متوفی، والد متوفای توماس لانگون

تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، برادر/خواهر متوفای توماس لانگون

خوزه دومینیگو لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز، متوفی، والد متوفای نانسی لیز

ویلیام استون لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

جنیفر گریس لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت، انفراداً، به عنوان همسر بازمانده ادوارد اچ. لاکت

تیموتی ویات لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت به عنوان نماینده شخصی ماترک ادوارد اچ. لاکت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوارد اچ. لاکت

کاترین کرافورد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

جیمز تیلور لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت، متوفی، والد متوفای ادوارد اچ. لاکت

2

دومینیکا آنا لوپز، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

کاترینا تاوولاسی، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی، متوفی، والد متوفای لونیس نیل ماریانی

بروس ماریانی، انفراداً، به عنوان برادر/خواهر بازمانده لونیس نیل ماریانی

لورن پیترز، انفراداً، به عنوان فرزند بازمانده لونیس نیل ماریانی

ادنا می ماسا، انفراداً، به عنوان همسر بازمانده نیکلاس جی. ماسا

دونا مرکوریو، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا

نیکلاس تی. ماسا، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا

دنیس مکدانل، انفراداً، به عنوان برادر/خواهر بازمانده مایکل پاتریک مکدانل

وینچنزا مکدانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مکدانل

پاتریک ای. مکدانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مکدانل

کاتلین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

توماس مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

جان مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

مائورین سیمپسون، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

جیمز مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

جودی میرز  به عنوان نماینده شخصی ماترک ترنس مکگوایر، متوفی، برادر/خواهر متوفای پاتریک مکگوایر

سین مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین

آیدان مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین

کالین مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین

کاترین مکشین، انفراداً، به عنوان همسر بازمانده ترنس مکشین

کاترین مکشین، به عنوان نماینده شخصی ماترک ترنس مکشین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ترنس مکشین

الیزابت میلر، انفراداً، به عنوان فرزند بازمانده داگلاس میلر

دبورا لین تمپل، انفراداً، به عنوان همسر بازمانده وینست اس. مورلو

جاستین جان مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

پاگی سلین مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

جان مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

پاتریشیا مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

دبورا لین تمپل، به عنوان نماینده شخصی ماترک وینست اس. مورلو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینست اس. مورلو

کالین گلدن، انفراداً، به عنوان فرزند بازمانده ریچارد مورگان

جان موریس سوم، انفراداً، به عنوان برادر/خواهر بازمانده ست موریس

3

لورا نوگاج، انفراداً، به عنوان همسر بازمانده استفن فیلیپ موریس

جان داو 71، که قصد دارد نماینده شخصی ماترک استفن فیلیپ موریس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن فیلیپ موریس

جان مایکل نی، انفراداً، به عنوان برادر/خواهر بازمانده لوک ژیرارد نی

دولورس لاگور، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

جیمی وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

مینروا گالارزا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

سونیا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

میریام رومن، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

آیدا سینترون، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

JS 44C/SDNY
REV. 06/01/17

Case 1:19-cv-11776   Document 1 Filed 12/24/19   Page 1 of 11
CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
DEBORAH BODNER, et. al.

DEFENDANTS
THE ISLAMIC REPUBLIC OF IRAN

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., Anderson Kill P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000/jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[ ]Yes[X]   Judge Previously Assigned   George B. Daniels

If yes, was this case  Vol.[ ]  Invol.[ ]  Dismissed. No[ ] Yes[ ]   If yes, give date _____ & Case No. 1:03-md-01570

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [X]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)   NATURE OF SUIT

TORTS   ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 385 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | PROPERTY RIGHTS | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 820 COPYRIGHTS | | [ ] 430 BANKS & BANKING |
| | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 830 PATENT | | [ ] 450 COMMERCE |
| [ ] 151 MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 460 DEPORTATION |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | | [ ] 840 TRADEMARK | | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | LABOR | | [ ] 480 CONSUMER CREDIT |
| | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | SOCIAL SECURITY | [ ] 490 CABLE/SATELLITE TV |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 OTHER CONTRACT | | PRISONER PETITIONS | [ ] 740 RAILWAY LABOR ACT | [ ] 862 BLACK LUNG (923) | |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | ACTIONS UNDER STATUTES | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 864 SSID TITLE XVI | [ ] 891 AGRICULTURAL ACTS |
| | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | [ ] 865 RSI (405(g)) | |
| REAL PROPERTY | | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | FEDERAL TAX SUITS | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210 LAND CONDEMNATION | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 441 VOTING | | IMMIGRATION | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 896 ARBITRATION |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 240 TORTS TO LAND | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | |
| | [ ] 448 EDUCATION | | | | |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS INDICATED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $ 150 Billion   OTHER _____   JUDGE George B. Daniels   DOCKET NUMBER 1:03-md-01570

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32)

*(PLACE AN  x  IN ONE BOX ONLY)*                                    **ORIGIN**

[x] 1 Original Proceeding    [ ] 2 Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation (Transferred)    [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*          **BASIS OF JURISDICTION**          *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1  [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5  [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2  [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6  [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The Islamic Republic of Iran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] MANHATTAN

DATE  12/23/19    /s/ Jerry S. Goldman
SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. May    Yr. 1980   )
Attorney Bar Code #   1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Deborah Bodner | NC | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 2 | Matthew Casey | NJ | United States | Kathleen Hunt-Casey | Child | United States | Solatium |
| 3 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | Spouse | United States | Solatium |
| 4 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | PR | United States | Solatium/ Wrongful Death |
| 5 | Ben Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 6 | Frida Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 7 | Gideon Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 8 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | Spouse | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | PR | United States | Solatium/ Wrongful Death/Personal Injury |
| 10 | Anne Ielpi | NY | United States | Jonathan Ielpi | Parent | United States | Solatium |
| 11 | AnneMarie Holleran | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 12 | Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev | NY | United States | Daniel Ilkanayev | Parent (Deceased) | United States | Solatium |
| 13 | Laura Israilov | NY | United States | Daniel Ilkanayev | Sibling | United States | Solatium |
| 14 | Matthew Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 15 | Kelsey Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 16 | Sean Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 17 | Lisa Jordan | NY | United States | Andrew Jordan | Spouse | United States | Solatium |
| 18 | Lisa Jordan | NY | United States | Andrew Jordan | PR | United States | Solatium/ Wrongful Death |
| 19 | Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski | NJ | United States | Charles Henry Karczewski | Parent (Deceased) | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Donna Cavanaugh | NJ! | United States | Charles Henry Karczewski | Sibling | United States | Solatium |
| 21 | Henry Karczewski | NJ | United States | Charles Henry Karczewski | Parent | United States | Solatium |
| 22 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | Spouse | United States | Solatium |
| 23 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | PR | United States | Solatium/ Wrongful Death |
| 24 | Daniel T. Kirwin | RI | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 25 | Peter M. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 26 | Andrew Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 27 | Jon D. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 28 | Jennifer Kirwin Masse | MA | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 29 | Virginia Krukowski | FL | United States | William Krukowski | Sibling | United States | Solatium |
| 30 | Barbara Rastelli | FL | United States | William Krukowski | Parent | United States | Solatium |
| 31 | Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski | FL | United States | William Krukowski | Parent (Deceased) | United States | Solatium |
| 32 | Corey LaFrance | FL | United States | Alan LaFrance | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 33 | Aubrey LaFrance | NY | United States | Alan LaFrance | Sibling | United States | Solatium |
| 34 | JoAnn Langone as Personal Representative of the Estate of Thomas Langone | NY | United States | Peter Langone | Sibling (Deceased) | United States | Solatium |
| 35 | Joanne Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 36 | Rosemarie Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 37 | Terri Langone | NY | United States | Peter Langone | Spouse | United States | Solatium |
| 38 | Terri Langone | NY | United States | Peter Langone | PR | United States | Solatium/ Wrongful Death |
| 39 | Nikki Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 40 | Karli Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 41 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Peter Langone | Parent (Deceased) | United States | Solatium |
| 42 | JoAnn Langone | NY | United States | Thomas Langone | Spouse | United States | Solatium |
| 43 | JoAnn Langone | NY | United States | Thomas Langone | PR | United States | Solatium/ Wrongful Death |
| 44 | Caitlin Langone-Brewer | NJ | United States | Thomas Langone | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 45 | Brian Langone | CA | United States | Thomas Langone | Child | United States | Solatium |
| 46 | Joanne Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 47 | Rosemarie Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 48 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Thomas Langone | Parent (Deceased) | United States | Solatium |
| 49 | Terri Langone as Personal Representative of the Estate of Peter Langone | NY | United States | Thomas Langone | Sibling (Deceased) | United States | Solatium |
| 50 | Jose Domingo Liz | NY | United States | Nancy Liz | Sibling | United States | Solatium |
| 51 | Jose Domingo Liz as Personal Representative of the Estate of Elena Liz | NY | United States | Nancy Liz | Parent (Deceased) | United States | Solatium |
| 52 | William Stone Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 53 | Jennifer Grace Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 54 | Lisa Luckett | NJ | United States | Edward H. Luckett | Spouse | United States | Solatium |
| 55 | Timothy Wyatt Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 56 | Lisa Luckett | NJ | United States | Edward H. Luckett | PR | United States | Solatium/ Wrongful Death |
| 57 | Kathryn Crawford Luckett | RI | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 58 | Alexandra Ward Luckett | SC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 59 | James Taylor Luckett | NC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 60 | Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett | SC | United States | Edward H. Luckett | Parent (Deceased) | United States | Solatium |
| 61 | Domenica Anna Lopez | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 62 | Caterina Tavolacci | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 63 | Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani | NH | United States | Louis Neil Mariani | Parent (Deceased) | United States | Solatium |
| 64 | Bruce Mariani | NH | United States | Louis Neil Mariani | Sibling | United States | Solatium |
| 65 | Lauren Peters | NY | United States | Louis Neil Mariani | Child | United States | Solatium |
| 66 | Edna May Massa | FL | United States | Nicholas G. Massa | Spouse | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 67 | Donna Mercurio | NJ | United States | Nicholas G. Massa | Child | United States | Solatium |
| 68 | Nicholas T. Massa | FL | United States | Nicholas G. Massa | Child | United States | Solatium |
| 69 | Denise McDonnell | NY | United States | Michael Patrick McDonnell | Sibling | United States | Solatium |
| 70 | Vincenza McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 71 | Patrick A. McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 72 | Kathleen Murphy | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 73 | Thomas McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 74 | John McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 75 | Maureen Simpson | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 76 | James McGuire | MA | United States | Patrick McGuire | Sibling | United States | Solatium |
| 77 | Jody Myers, as Personal Representative of the Estate of Terrence McGuire | MA | United States | Patrick McGuire | Sibling (Deceased) | United States | Solatium |
| 78 | Sean McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 79 | Aidan McShane | FL | United States | Terence McShane | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 80 | Colin McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 81 | Catherine McShane | NY | United States | Terence McShane | Spouse | United States | Solatium |
| 82 | Catherine McShane | NY | United States | Terence McShane | PR | United States | Solatium/ Wrongful Death |
| 83 | Elizabeth Miller | PA | United States | Douglas Miller | Child | United States | Solatium |
| 84 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | Spouse | United States | Solatium |
| 85 | Justin John Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 86 | Paige Celine Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 87 | John Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 88 | Patricia Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 89 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | PR | United States | Solatium/ Wrongful Death |
| 90 | Colleen Golden | NJ | United States | Richard Morgan | Child | United States | Solatium |
| 91 | John Morris III | PA | United States | Seth Morris | Sibling | United States | Solatium |
| 92 | Laura Nogaj | FL | United States | Stephen Philip Morris | Spouse | United Kingdom | Solatium |
| 93 | John Doe 71 | FL | United States | Stephen Philip Morris | PR | United Kingdom | Solatium/ Wrongful Death |
| 94 | John Michael Nee | NY | United States | Luke Girard Nee | Sibling | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 95 | Dolores Laguerre | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 96 | Jimmy Vega | PA | United States | Diana O'Connor | Sibling | United States | Solatium |
| 97 | Minerva Galarza | FL | United States | Diana O'Connor | Sibling | United States | Solatium |
| 98 | Sonia Vega | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 99 | Miriam Roman | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 100 | Aida Cintron | NY | United States | Diana O'Connor | Sibling | United States | Solatium |

JS44C/SDNY
بازنگری 06/01/17

# برگه جلد دادخواست مدنی

برگه جلد دادخواست مدنی 44-JS و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه دادخواست مدنی در نظر گرفته شده است.

| خواهان‌ها | خواندگان |
|---|---|
| بانک BNY ملون و دیگران، | جمهوری اسلامی ایران |

| وکلا (در صورت مشخص بودن) |
|---|
| وکلا (نام شرکت، آدرس و شماره تلفن) |
| وکیل دعاوی جری ان. گلدمن، شرکت آندرسون کیل P.C، |
| 1251 Avenue of the Americas, New York, NY 10020 |
| jgoldman@andersonkill.com/212) 278-1000) |

علت اقدام (بر اساس قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید:) (به قوانین حوزه‌های قضایی اشاره نکنید مگر اینکه اختلاف داشته باشند)

18 U.S.C. §§ 1605B و 1605A ،28 U.S.C. § 2333

قاضی منصوب شده قبلی جورج بی. دانیلز

آیا این اقدام یا دادرسی یا موردی دارای مشابهت مشابهی اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☑ بله ☐

اگر بله، این پرونده داوطلبانه/غیرداوطلبانه ☐ مختومه شده است. خیر ☑ بله ☐

شماره پرونده را ذکر کنید _____ 1:03-md-01570

آیا این پرونده داوری بین‌المللی است؟ بله ☐ خیر ☑

ماهیت اقامه دعوی (نقطه یک [X] را در یک کادر وارد کنید)

| مسئولیت مدنی | | قرارداد | بر اساس قوانین مصوب | | | |
|---|---|---|---|---|---|---|
| صدمه شخصی | صدمه شخصی | | توقیف/پریمو | ورشکستگی | سایر قوانین مصوب |
| [ ] 310 هواپیما | [ ] 367 بهداشت و درمان/صدمات شخصی دارویی/مرتبط در قبل محصول | [ ] 110 بیمه | [ ] 625 نقشه اموال مربوط به مواد 21 USC 881 | [ ] 422 درخواست تجدید نظر 28 USC 158 | [ ] 375 ادعاهای واهی |
| [ ] 315 مسئولیت در قبل محصول هواپیما | [ ] 365 مسئولیت در قبل صدمه شخصی ناشی از محصول | [ ] 120 دریایی | [ ] 423 استرداد 157 USC 28 | [ ] 376 Qui Tam |
| [ ] 320 ضرب و جرح، افترا و توهین | [ ] 368 مسئولیت در قبل صدمه شخصی ناشی از محصول | [ ] 130 قانون میزر | حقوق مالکیت | [ ] 400 تفکیک مجدد ایالتی |
| [ ] 330 مسئولیت کارفرمایان فدرال | [ ] 140 اوراق بهادار | | [ ] 820 حقوق شهروندی و | [ ] 410 مبارزه با انحصار |
| [ ] 345 دریایی | اموال شخصی | [ ] 150 قانون مجبر | [ ] 830 ثبت اختراع | [ ] 430 بانک‌ها و بانکداری |
| [ ] 355 مسئولیت در قبل محصول دریایی | [ ] 370 سایر موارد تقلب | استرداد وجه‌های نکول شده | [ ] 833 اکترو داروی جدید با تشخیص نامحفظ | [ ] 450 تجارت |
| [ ] 350 خودروهای موتوری | [ ] 371 حقیقت در مورد وام‌ها | (شامل وجه) | [ ] 840 علامت تجاری | [ ] 460 اخراج |
| [ ] 355 مسئولیت در قبل محصول خودرو موتوری | | [ ] 151 سرطان | | [ ] 470 قانون سازمان‌های تحت نفوذ تقلب و فساد (RICO) |
| [ ] 360 سایر صدمات شخصی | [ ] 380 سایر موارد آسیب سیه اموال شخصی | [ ] 152 استرداد کمک به درادختی و موادی کمک سرباز آن | تامین اجتماعی | [ ] 480 اعتبار مصرف |
| [ ] 362 صدمه شخصی - سوء اقدام پزشکی | [ ] 385 مسئولیت در قبل آسیب محصول به اموال دارایی | دعاوی و سهامداران | [ ] 861 HIA(1395ff) | [ ] 490 تلویزیون کابلی/ماهواره |
| | | سایر قرارداد | [ ] 862 بیماری سیاهشش (923) |
| | اعتراضات زندانی | [ ] 153 مسئولیت محصول | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 تضامن/کالاها/مبادله |
| اقدام بر اساس قوانین مصوب | [ ] 463 فرد بازداشتی بیگانه | قرارداد | [ ] 864 SSID عنوان XVI | [ ] 890 موضوع‌های زیست محیطی |
| | [ ] 510 اقدام برای | [ ] 160 سهامداران | [ ] 865 RSI (405(g)) | [ ] 891 قانون کشاورزی |
| حقوق شهروندی | ابطال حکم 2255 USC 28 | [ ] 190 سایر قرارداد |
| [ ] 440 سایر حقوق مدنی (غیرزندانی) | [ ] 530 قرار احضار زندانی | [ ] 195 قرارداد مسئولیت محصول | نیروی کار | پرونده‌های مالیاتی فدرال |
| [ ] 441 رأی‌دهی | [ ] 535 محازات اعدام | [ ] 196 امتیاز | [ ] 710 قانون استانداردهای کار منصفانه | [ ] 870 مالیات‌ها (خواهان یا خوانده ایالات |
| [ ] 442 استخدام | [ ] 540 امر به سایر | | [ ] 720 روابط کارگر/مدیریت | متحده) |
| [ ] 443 مسکن/اقامتگاه | حقوق مدنی زندانی | املاک | [ ] 740 قانون کار راه آهن | [ ] 871 شخص ثالث IRS 26 USC |
| [ ] 445 آمریکایی‌های دچار معلولیت - اشتغال | [ ] 550 حقوق شهروندی | [ ] 210 تملک زمین | [ ] 751 قانون مرخصی استعلاجی خانواده (FMLA) | 7609 |
| [ ] 446 آمریکایی‌های دچار معلولیت - سایر | [ ] 555 شرایط زندان | [ ] 220 ضبط ملک رهنی | [ ] 790 سایر دادخواهی‌های کار | [ ] 899 دعاوی و رویه‌های اداری/نگارانگری یا |
| [ ] 448 آموزش | [ ] 560 شرایط بازداشت مدنی جدب | [ ] 230 اجاره و تخلیه | [ ] 791 قانون تضمین امپلایندگ (ERISA) | درخواست تجدید نظر در مورد تصمیم سازمان‌ها |
| | | [ ] 240 آسیب به زمین | | [ ] 950 تطابق قوانین ایالتی با قانون اساسی |
| | مهاجرت | [ ] 245 مسئولیت آسیب به محصول | | |
| | [ ] 402 درخواست تابعیت | [ ] 290 تمام املاک | | |
| | [ ] 465 سایر اقدامات مهاجرت | [ ] دیگر | | |

اگر در شکایت تقاضا شده است، علامت بزنید:
آیا مدعی هستید که این پرونده مربوط به یک پرونده مدنی است که اکنون در S.D.N.Y. در دست بررسی است چنانکه بر اساس قانون محلی مربوط به بخش کسب و کار 13 تعریف شده است؟ اگر پاسخ مثبت است، ذکر کنید.

اگر این یک دعوی مطروحه توسط چند خواهان بر اساس F.R.C.P. 23 است، علامت بزنید ☐

درخواست 150 میلیارد دلار

سایر _____ هیئت منصفه جورج بی. دانیلز _____ پرونده شماره 1:03-md-01570

فقط اگر در شکایت تقاضا شده است، «بله» را علامت بزنید

درخواست هیئت منصفه: ☐ بله ☐ خیر

توجه: باید فرم اظهاریه مرتبط بودن (فرم 32-IH) را نیز در هنگام طرح دعوی ارائه نمایید.

**اصل**

(فقط یک علامت در هر مربع درج کنید)

☒ 1 رسیدگی اصلی ☐ 2 خارج شده از دادگاه ایالتی ☐ 3 تأیید شده از دادگاه ☐ 4 شروع مجدد یا پاسخ ☐ 5 منتقل شده از (ناحیه را ☐ 6 دادخواهی مربوط به چند ☐ 7 درخواست تجدید نظر از
ایالتی تجدید نظر مشخص کنید) ناحیه (منتقل شده) قاضی ناحیه از قاضی
بخش

☐ 8 دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

**الف. وکلای همه طرفین حضور داشتند**
**ب. حداقل یکی از طرفین بدون**
**وکیل حضور دارد.**

**مبنای حوزه قضایی**

**در صورت تفاوت، در زیر تابعیت را مشخص کنید.**

(یک علامت در یک مربع درج کنید)

☐ 1 خواهان ایالات متحده ☐ 2 خوانده ایالات متحده ☒ 3 بازپرسی فدرال ☐ 4 اختلافی
(ایالات متحده یکی از طرفین نیست)

**تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)**

(با یک x در کادر مربوط به خواهان و با یک x هم در کادر مربوط به خوانده علامت بزنید)

| DEF | PTF | | PTF | DEF | | DEF | PTF | |
|---|---|---|---|---|---|---|---|---|
| [ ] 5 | [ ] 5 | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | [ ] 3 | [ ] 3 | شهروند یا تبعه یک کشور خارجی | 1 [ ] | 1 [ ] | شهروند این ایالت |
| [ ] 6 | [ ] 6 | کشور خارجی | 4 [ ] 4 [ ] | | تأسیس شده با محل اصلی کسب و کار در این ایالت | 2 [ ] | 2 [ ] | شهروند ایالتی دیگر |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران، ایران

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، اینجانب با وجود انجام تلاش معقول نتوانستم آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

**تخصیص به دادگاه**

بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، ۱۸، ۲۰ یا ۲۱ به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت بزنید: این اقدام باید تخصیص داده شود به: ☐ وایت ☒ منهتن

تاریخ 12/23/19 /امضا/ جری اس. گلمن
امضای وکیل پرونده

[ ] خیر پذیرفته شده برای اجرا در این ناحیه
[x] بله (تاریخ پذیرش ماه می_____ سال 1980 )
شماره رسید شماره کد وکیل از کانون وکلا 1302454

قاضی باید توسط منشی دادگاه منصوب شود.

قاضی بخش _____

روبی جی. کراچیک، منشی دادگاه از طرف _____ به این صورت تعیین شد.
معاون منشی، تاریخ _____

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است

که ضمیمه ۱ به آن پیوست شده است و باید به عنوان اتهام ۱ ضمیمه ۱ فرم کوتاه شکایت از ایران، اتهام ۲ ضمیمه ۱ فرم

کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی (9/11) | ایالت محل اقامت خواهان در زمان طرح دعوی (یا مرگ) | شهروندی/تابعیت خواهان‌ها در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان‌ها با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 1 | دبورا بودنر | کارولینای شمالی | ایالات متحده | توماس اف. هیوز جونیور | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | متیو کیسی | نیوجرسی | ایالات متحده | کاتلین هانت ـ کیسی | کودک | ایالات متحده | ترضیه خاطر |
| 3 | کوین کیسی | نیوجرسی | ایالات متحده | کاتلین هانت ـ کیسی | همسر | ایالات متحده | ترضیه خاطر |
| 4 | کوین کیسی | نیوجرسی | ایالات متحده | کاتلین هانت ـ کیسی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 5 | بن هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 6 | فریدا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 7 | گیدنون هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | کودک | ایالات متحده | ترضیه خاطر |
| 8 | میریام زهاوا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | همسر | ایالات متحده | ترضیه خاطر |

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفی مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

3

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11¹ | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)² | |
|---|---|---|---|---|---|---|---|
| میریام زهاوا هاتلر | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | پورتو ریکو | ایالات متحده | ترضیه خاطر / قتل غیر عمد/صدمه شخصی | 9 |
| آنه ایلپی | نیویورک | ایالات متحده | جاناتان ایلپی | والد | ایالات متحده | ترضیه خاطر | 10 |
| آنماری هولران | نیویورک | ایالات متحده | جاناتان ایلپی | برادر/خواهر | ایالات متحده | ترضیه خاطر | 11 |
| لورا اسرائیلوف، به‌عنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف | نیویورک | ایالات متحده | دانیل ایلکانایف | والد (متوفی) | ایالات متحده | ترضیه خاطر | 12 |
| لورا اسرائیلوف | نیویورک | ایالات متحده | دانیل ایلکانایف | برادر/خواهر | ایالات متحده | ترضیه خاطر | 13 |
| متیو جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر | 14 |
| کسلی جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر | 15 |
| سین جردن | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر | 16 |
| لیزا جردن | نیویورک | ایالات متحده | آندرو جردن | همسر | ایالات متحده | ترضیه خاطر | 17 |
| لیزا جردن | نیویورک | ایالات متحده | آندرو جردن | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی | 18 |
| هنری کارچوسکی به عنوان نماینده شخصی ماترک رز سی. کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر | 19 |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) |
|---|---|---|---|---|---|---|---|
| 20 | دونا کاوانا | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | هنری کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد | ایالات متحده | ترضیه خاطر |
| 22 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | همسر | ایالات متحده | ترضیه خاطر |
| 23 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 24 | دانیل تی. کیروین | رود آیلند | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | پیتر ام. کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | اندرو کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | جان دی. کیروین | نیویورک | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | جنیفر کیروین ماسه | ماساچوست | ایالات متحده | گلن کیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | ویرجینیا کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | باربارا راستلی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد | ایالات متحده | ترضیه خاطر |
| 31 | ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 32 | کوری لافرانس | فلوریدا | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | شهروندی/تابعی ت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 33 | آربری لافرانس | نیویورک | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 34 | جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 35 | جوان لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 36 | روزماری لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 38 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 39 | نیکی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 40 | کارلی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 41 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | پیتر لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 43 | جوان لانگون | نیویورک | ایالات متحده | توماس لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 44 | کایتلین لانگون-برور | نیوجرسی | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 45 | برایان لانگون | کالیفرنیا | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 46 | جوان لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 47 | روزماری لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | توماس لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 49 | تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون | نیویورک | ایالات متحده | توماس لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 50 | خوزه دومینیگو لیز | نیویورک | ایالات متحده | نانسی لیز | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51 | خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز | نیویورک | ایالات متحده | نانسی لیز | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 52 | ویلیام استون لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |
| 53 | جنیفر گریس لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |
| 54 | لیزا لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | همسر | ایالات متحده | ترضیه خاطر |
| 55 | تیموتی ویات لاکت | نیوجرسی | ایالات متحده | ادوارد اچ. لاکت | کودک | ایالات متحده | ترضیه خاطر |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 56 | الیزا لاکت | نیوجرسی | ایالات متحده | ادوارد اچ لاکت | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 57 | کاترین کرافورد لاکت | رود آیلند | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 58 | الکساندرا وارد لاکت | کارولینای جنوبی | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 59 | جیمز تیلور لاکت | کارولینای شمالی | ایالات متحده | ادوارد اچ. لاکت | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت | کارولینای جنوبی | ایالات متحده | ادوارد اچ. لاکت | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 61 | دومینیکا آنا لویز | نیویورک | ایالات متحده | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 62 | کاترینا تاوولاسی | نیویورک | ایالات متحده | آنتونی لوپارلو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 63 | بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی | نیوهمپشایر | ایالات متحده | لوئیس نیل ماریانی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 64 | بروس ماریانی | نیوهمپشایر | ایالات متحده | لوئیس نیل ماریانی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 65 | لورن پیترز | نیویورک | ایالات متحده | لوئیس نیل ماریانی | کودک | ایالات متحده | ترضیه خاطر |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11¹ | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)² |
|---|---|---|---|---|---|---|---|
| 66 | ادنا می ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | همسر | ایالات متحده | ترضیه خاطر |
| 67 | دونا مرکوریو | نیوجرسی | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 68 | نیکلاس تی. ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 69 | دنیس مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | وینچنزا مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 71 | پاتریک ای. مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 72 | کاتلین مورفی | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 73 | توماس مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 74 | جان مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | مانورین سیمپسون | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 76 | جیمز مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 77 | جودی میرز به عنوان نماینده شخصی ماترک ترنس مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 78 | سین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 79 | ایدان مکشین | فلوریدا | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 80 | کالین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 81 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | همسر | ایالات متحده | ترضیه خاطر |
| 82 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 83 | الیزابت میلر | پنسیلوانیا | ایالات متحده | داگلاس میلر | کودک | ایالات متحده | ترضیه خاطر |
| 84 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | همسر | ایالات متحده | ترضیه خاطر |
| 85 | جاستین جان مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 86 | پاگی سلین مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 87 | جان مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 88 | پاتریشیا مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 89 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 90 | کالین گلدن | نیوجرسی | ایالات متحده | ریچارد مورگان | کودک | ایالات متحده | ترضیه خاطر |
| 91 | جان موریس سوم | پنسیلوانیا | ایالات متحده | ست موریس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | لورا نوگاج | فلوریدا | ایالات متحده | استفن فیلیپ موریس | همسر | بریتانیا | ترضیه خاطر |
| 93 | جان داو 71 | فلوریدا | ایالات متحده | استفن فیلیپ موریس | پورتو ریکو | بریتانیا | ترضیه خاطر/ جراحت شخصی |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (با مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 94 | جان مایکل نی | نیویورک | ایالات متحده | لوک ژیرارد نی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 95 | دولورس لاگور | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 96 | جیمی وگا | پنسیلوانیا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 97 | مینروا گالارزا | فلوریدا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 98 | سونیا وگا | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 99 | میریام رومن | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 100 | آیدا سینترون | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> TERRORIST ATTACKS ON <br> SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD) (SN) |

| | |
|---|---|
| Deborah Bodner, individually, as surviving sibling of Thomas F. Hughes, Jr. <br><br> Matthew Casey, individually, as surviving child of Kathleen Hunt-Casey <br><br> Kevin Casey, individually, as surviving spouse of Kathleen Hunt-Casey <br><br> Kevin Casey, as the Personal Representative of the Estate of Kathleen Hunt-Casey, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kathleen Hunt-Casey <br><br> Ben Huttler, individually, as surviving child of Joseph S. Huttler <br><br> Frida Huttler, individually, as surviving child of Joseph S. Huttler <br><br> Gideon Huttler, individually, as surviving child of Joseph S. Huttler <br><br> Miriam Zehava Huttler, individually, as surviving spouse of Joseph S. Huttler <br><br> Miriam Zehava Huttler, as the Personal Representative of the Estate of Joseph S. Huttler, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph S. Huttler <br><br> Anne Ielpi, individually, as surviving parent of Jonathan Ielpi <br><br> AnneMarie Holleran, individually, as surviving sibling of Jonathan Ielpi <br><br> Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev, deceased, the late parent of Daniel Ilkanayev <br><br> Laura Israilov, individually, as surviving sibling of | Civil Docket Number: _____ <br><br><br> **IRAN SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

docs-100217557.1

Daniel Ilkanayev

Matthew Jordan, individually, as surviving child of Andrew Jordan

Kelsey Jordan, individually, as surviving child of Andrew Jordan

Sean Jordan, individually, as surviving child of Andrew Jordan

Lisa Jordan, individually, as surviving spouse of Andrew Jordan

Lisa Jordan, as the Personal Representative of the Estate of Andrew Jordan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Andrew Jordan

Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski, deceased, the late parent of Charles Henry Karczewski

Donna Cavanaugh, individually, as surviving sibling of Charles Henry Karczewski

Henry Karczewski, individually, as surviving parent of Charles Henry Karczewski

Philomena Ann Karczewski, individually, as surviving spouse of Charles Henry Karczewski

Philomena Ann Karczewski, as the Personal Representative of the Estate of Adianes Oyola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Charles Henry Karczewski

Daniel T. Kirwin, individually, as surviving sibling of Glenn Kirwin

Peter M. Kirwin, individually, as surviving sibling of Glenn Kirwin

Andrew Kirwin, individually, as surviving sibling of Glenn Kirwin

Jon D. Kirwin, individually, as surviving sibling of Glenn Kirwin

Jennifer Kirwin Masse, individually, as surviving sibling of Glenn Kirwin

Virginia Krukowski, individually, as surviving sibling of William Krukowski

2

Barbara Rastelli, individually, as surviving parent of William Krukowski

Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski, deceased, the late parent of William Krukowski

Corey LaFrance, individually, as surviving sibling of Alan LaFrance

Aubrey LaFrance, individually, as surviving sibling of Alan LaFrance

JoAnn Langone as Personal Representative of the Estate of Thomas Langone, deceased, the late sibling of Peter Langone

Joanne Langone, individually, as surviving sibling of Peter Langone

Rosemarie Langone, individually, as surviving sibling of Peter Langone

Terri Langone, individually, as surviving spouse of Peter Langone

Terri Langone, as the Personal Representative of the Estate of Peter Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Langone

Nikki Langone, individually, as surviving child of Peter Langone

Karli Langone, individually, as surviving child of Peter Langone

Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Peter Langone

JoAnn Langone, individually, as surviving spouse of Thomas Langone

JoAnn Langone, as the Personal Representative of the Estate of Thomas Langone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Langone

Caitlin Langone-Brewer, individually, as surviving child of Thomas Langone

Brian Langone, individually, as surviving child of Thomas Langone

3

Joanne Langone, individually, as surviving sibling of Thomas Langone

Rosemarie Langone, individually, as surviving sibling of Thomas Langone

Rosemarie Langone as Personal Representative of the Estate of Sheila Langone, deceased, the late parent of Thomas Langone

Terri Langone as Personal Representative of the Estate of Peter Langone, deceased, the late sibling of Thomas Langone

Jose Domingo Liz, individually, as surviving sibling of Nancy Liz

Jose Domingo Liz as Personal Representative of the Estate of Elena Liz, deceased, the late parent of Nancy Liz

William Stone Luckett, individually, as surviving child of Edward H. Luckett

Jennifer Grace Luckett, individually, as surviving child of Edward H. Luckett

Lisa Luckett, individually, as surviving spouse of Edward H. Luckett

Timothy Wyatt Luckett, individually, as surviving child of Edward H. Luckett

Lisa Luckett, as the Personal Representative of the Estate of Edward H. Luckett, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward H. Luckett

Kathryn Crawford Luckett, individually, as surviving sibling of Edward H. Luckett

Alexandra Ward Luckett, individually, as surviving sibling of Edward H. Luckett

James Taylor Luckett, individually, as surviving sibling of Edward H. Luckett

Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett, deceased, the late parent of Edward H. Luckett

Domenica Anna Lopez, individually, as surviving sibling of Anthony Luparello

Caterina Tavolacci, individually, as surviving sibling

docs-100217557.1

of Anthony Luparello

Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani, deceased, the late parent of Louis Neil Mariani

Bruce Mariani, individually, as surviving sibling of Louis Neil Mariani

Lauren Peters, individually, as surviving child of Louis Neil Mariani

Edna May Massa, individually, as surviving spouse of Nicholas G. Massa

Donna Mercurio, individually, as surviving child of Nicholas G. Massa

Nicholas T. Massa, individually, as surviving child of Nicholas G. Massa

Denise McDonnell, individually, as surviving sibling of Michael Patrick McDonnell

Vincenza McDonnell, individually, as surviving parent of Michael Patrick McDonnell

Patrick A. McDonnell, individually, as surviving parent of Michael Patrick McDonnell

Kathleen Murphy, individually, as surviving sibling of Patrick McGuire

Thomas McGuire, individually, as surviving sibling of Patrick McGuire

John McGuire, individually, as surviving sibling of Patrick McGuire

Maureen Simpson, individually, as surviving sibling of Patrick McGuire

James McGuire, individually, as surviving sibling of Patrick McGuire

Jody Myers, as Personal Representative of the Estate of Terrence McGuire, deceased, the late sibling of Patrick McGuire

Sean McShane, individually, as surviving child of Terence McShane

Aidan McShane, individually, as surviving child of Terence McShane

Colin McShane, individually, as surviving child of

Terence McShane

Catherine McShane, individually, as surviving spouse of Terence McShane

Catherine McShane, as the Personal Representative of the Estate of Terence McShane, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Terence McShane

Elizabeth Miller, individually, as surviving child of Douglas Miller

Deborah Lynn Temple, individually, as surviving spouse of Vincent S. Morello

Justin John Morello, individually, as surviving child of Vincent S. Morello

Paige Celine Morello, individually, as surviving child of Vincent S. Morello

John Morello, individually, as surviving parent of Vincent S. Morello

Patricia Morello, individually, as surviving parent of Vincent S. Morello

Deborah Lynn Temple, as the Personal Representative of the Estate of Vincent S. Morello, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Vincent S. Morello

Colleen Golden, individually, as surviving child of Richard Morgan

John Morris III, individually, as surviving sibling of Seth Morris

Laura Nogaj, individually, as surviving spouse of Stephen Philip Morris

John Doe 71, being intended to designate the Personal Representative of the Estate of Stephen Philip Morris, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members

6

of Stephen Philip Morris

John Michael Nee, individually, as surviving sibling
of Luke Girard Nee

Dolores Laguerre, individually, as surviving sibling
of Diana O'Connor

Jimmy Vega, individually, as surviving sibling of
Diana O'Connor

Minerva Galarza, individually, as surviving sibling of
Diana O'Connor

Sonia Vega, individually, as surviving sibling of
Diana O'Connor

Miriam Roman, individually, as surviving sibling of
Diana O'Connor

Aida Cintron, individually, as surviving sibling of
Diana O'Connor

                                                      Plaintiff(s),

                            -   against –

ISLAMIC REPUBLIC OF IRAN,

                                                      Defendant.

Plaintiffs named herein by and through the undersigned counsel file this Short Form

Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September

11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved

by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by

reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton

Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran,

ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-

9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all

factual and jurisdictional allegations of the complaint that has been joined as specified below; all

7

causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed in <u>Havlish v. Bin Laden</u>, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.     Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

8

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.      In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☒ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.      The following allegations and information are alleged on behalf of each

individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form

Complaint, herein referred to as "Plaintiffs."

  a. The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

  b. Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

  c. As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

  d. For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

  e. For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

  f. The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

### IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic

Republic of Iran.

### NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to

file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class

that the Court may certify in the future.

### JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in

this Iran Short Form Complaint as appropriate.


Dated: December 23, 2019

                                        Respectfully submitted,


                                        /s/ Jerry S. Goldman
                                        Jerry S. Goldman, Esq.
                                        Bruce E. Strong, Esq.
                                        Samantha E. Smith, Esq.
                                        Stephen Wah, Esq.
                                        ANDERSON KILL P.C.
                                        1251 Avenue of the Americas
                                        New York, New York
                                        Telephone: 212-278-1000
                                        jgoldman@andersonkill.com
                                        bstrong@andersonkill.com
                                        ssmith@andersonkill.com
                                        swah@andersonkill.com

                                        *Attorneys for Plaintiffs*

docs-100217557.1

# APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Deborah Bodner | NC | United States | Thomas F. Hughes, Jr. | Sibling | United States | Solatium |
| 2 | Matthew Casey | NJ | United States | Kathleen Hunt-Casey | Child | United States | Solatium |
| 3 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | Spouse | United States | Solatium |
| 4 | Kevin Casey | NJ | United States | Kathleen Hunt-Casey | PR | United States | Solatium/ Wrongful Death |
| 5 | Ben Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 6 | Frida Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 7 | Gideon Huttler | CA | United States | Joseph S. Huttler | Child | United States | Solatium |
| 8 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | Spouse | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

12

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 9 | Miriam Zehava Huttler | CA | United States | Joseph S. Huttler | PR | United States | Solatium/ Wrongful Death/Personal Injury |
| 10 | Anne Ielpi | NY | United States | Jonathan Ielpi | Parent | United States | Solatium |
| 11 | AnneMarie Holleran | NY | United States | Jonathan Ielpi | Sibling | United States | Solatium |
| 12 | Laura Israilov, as Personal Representative of the Estate of Malkisadikh Ilkanayev | NY | United States | Daniel Ilkanayev | Parent (Deceased) | United States | Solatium |
| 13 | Laura Israilov | NY | United States | Daniel Ilkanayev | Sibling | United States | Solatium |
| 14 | Matthew Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 15 | Kelsey Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 16 | Sean Jordan | NY | United States | Andrew Jordan | Child | United States | Solatium |
| 17 | Lisa Jordan | NY | United States | Andrew Jordan | Spouse | United States | Solatium |
| 18 | Lisa Jordan | NY | United States | Andrew Jordan | PR | United States | Solatium/ Wrongful Death |
| 19 | Henry Karczewski, as Personal Representative of the Estate of Rose C. Karczewski | NJ | United States | Charles Henry Karczewski | Parent (Deceased) | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 20 | Donna Cavanaugh | NJ! | United States | Charles Henry Karczewski | Sibling | United States | Solatium |
| 21 | Henry Karczewski | NJ | United States | Charles Henry Karczewski | Parent | United States | Solatium |
| 22 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | Spouse | United States | Solatium |
| 23 | Philomena Ann Karczewski | NJ | United States | Charles Henry Karczewski | PR | United States | Solatium/ Wrongful Death |
| 24 | Daniel T. Kirwin | RI | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 25 | Peter M. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 26 | Andrew Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 27 | Jon D. Kirwin | NY | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 28 | Jennifer Kirwin Masse | MA | United States | Glenn Kirwin | Sibling | United States | Solatium |
| 29 | Virginia Krukowski | FL | United States | William Krukowski | Sibling | United States | Solatium |
| 30 | Barbara Rastelli | FL | United States | William Krukowski | Parent | United States | Solatium |
| 31 | Virginia Krukowski, as Personal Representative of the Estate of Walter Krukowski | FL | United States | William Krukowski | Parent (Deceased) | United States | Solatium |
| 32 | Corey LaFrance | FL | United States | Alan LaFrance | Sibling | United States | Solatium |

14

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 33 | Aubrey LaFrance | NY | United States | Alan LaFrance | Sibling | United States | Solatium |
| 34 | JoAnn Langone as Personal Representative of the Estate of Thomas Langone | NY | United States | Peter Langone | Sibling (Deceased) | United States | Solatium |
| 35 | Joanne Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 36 | Rosemarie Langone | NY | United States | Peter Langone | Sibling | United States | Solatium |
| 37 | Terri Langone | NY | United States | Peter Langone | Spouse | United States | Solatium |
| 38 | Terri Langone | NY | United States | Peter Langone | PR | United States | Solatium/ Wrongful Death |
| 39 | Nikki Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 40 | Karli Langone | NY | United States | Peter Langone | Child | United States | Solatium |
| 41 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Peter Langone | Parent (Deceased) | United States | Solatium |
| 42 | JoAnn Langone | NY | United States | Thomas Langone | Spouse | United States | Solatium |
| 43 | JoAnn Langone | NY | United States | Thomas Langone | PR | United States | Solatium/ Wrongful Death |
| 44 | Caitlin Langone-Brewer | NJ | United States | Thomas Langone | Child | United States | Solatium |

docs-100217557.1

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 45 | Brian Langone | CA | United States | Thomas Langone | Child | United States | Solatium |
| 46 | Joanne Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 47 | Rosemarie Langone | NY | United States | Thomas Langone | Sibling | United States | Solatium |
| 48 | Rosemarie Langone as Personal Representative of the Estate of Sheila Langone | NY | United States | Thomas Langone | Parent (Deceased) | United States | Solatium |
| 49 | Terri Langone as Personal Representative of the Estate of Peter Langone | NY | United States | Thomas Langone | Sibling (Deceased) | United States | Solatium |
| 50 | Jose Domingo Liz | NY | United States | Nancy Liz | Sibling | United States | Solatium |
| 51 | Jose Domingo Liz as Personal Representative of the Estate of Elena Liz | NY | United States | Nancy Liz | Parent (Deceased) | United States | Solatium |
| 52 | William Stone Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 53 | Jennifer Grace Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |
| 54 | Lisa Luckett | NJ | United States | Edward H. Luckett | Spouse | United States | Solatium |
| 55 | Timothy Wyatt Luckett | NJ | United States | Edward H. Luckett | Child | United States | Solatium |

16

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 56 | Lisa Luckett | NJ | United States | Edward H. Luckett | PR | United States | Solatium/ Wrongful Death |
| 57 | Kathryn Crawford Luckett | RI | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 58 | Alexandra Ward Luckett | SC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 59 | James Taylor Luckett | NC | United States | Edward H. Luckett | Sibling | United States | Solatium |
| 60 | Alexandra Ward Luckett as Personal Representative of the Estate of Diana Ward Luckett | SC | United States | Edward H. Luckett | Parent (Deceased) | United States | Solatium |
| 61 | Domenica Anna Lopez | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 62 | Caterina Tavolacci | NY | United States | Anthony Luparello | Sibling | United States | Solatium |
| 63 | Bruce Mariani, as Personal Representative of the Estate of Hazel Lillian Mariani | NH | United States | Louis Neil Mariani | Parent (Deceased) | United States | Solatium |
| 64 | Bruce Mariani | NH | United States | Louis Neil Mariani | Sibling | United States | Solatium |
| 65 | Lauren Peters | NY | United States | Louis Neil Mariani | Child | United States | Solatium |
| 66 | Edna May Massa | FL | United States | Nicholas G. Massa | Spouse | United States | Solatium |

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 67 | Donna Mercurio | NJ | United States | Nicholas G. Massa | Child | United States | Solatium |
| 68 | Nicholas T. Massa | FL | United States | Nicholas G. Massa | Child | United States | Solatium |
| 69 | Denise McDonnell | NY | United States | Michael Patrick McDonnell | Sibling | United States | Solatium |
| 70 | Vincenza McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 71 | Patrick A. McDonnell | NY | United States | Michael Patrick McDonnell | Parent | United States | Solatium |
| 72 | Kathleen Murphy | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 73 | Thomas McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 74 | John McGuire | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 75 | Maureen Simpson | NY | United States | Patrick McGuire | Sibling | United States | Solatium |
| 76 | James McGuire | MA | United States | Patrick McGuire | Sibling | United States | Solatium |
| 77 | Jody Myers, as Personal Representative of the Estate of Terrence McGuire | MA | United States | Patrick McGuire | Sibling (Deceased) | United States | Solatium |
| 78 | Sean McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 79 | Aidan McShane | FL | United States | Terence McShane | Child | United States | Solatium |

18

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 80 | Colin McShane | NY | United States | Terence McShane | Child | United States | Solatium |
| 81 | Catherine McShane | NY | United States | Terence McShane | Spouse | United States | Solatium |
| 82 | Catherine McShane | NY | United States | Terence McShane | PR | United States | Solatium/ Wrongful Death |
| 83 | Elizabeth Miller | PA | United States | Douglas Miller | Child | United States | Solatium |
| 84 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | Spouse | United States | Solatium |
| 85 | Justin John Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 86 | Paige Celine Morello | VA | United States | Vincent S. Morello | Child | United States | Solatium |
| 87 | John Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 88 | Patricia Morello | NY | United States | Vincent S. Morello | Parent | United States | Solatium |
| 89 | Deborah Lynn Temple | VA | United States | Vincent S. Morello | PR | United States | Solatium/ Wrongful Death |
| 90 | Colleen Golden | NJ | United States | Richard Morgan | Child | United States | Solatium |
| 91 | John Morris III | PA | United States | Seth Morris | Sibling | United States | Solatium |
| 92 | Laura Nogaj | FL | United States | Stephen Philip Morris | Spouse | United Kingdom | Solatium |
| 93 | John Doe 71 | FL | United States | Stephen Philip Morris | PR | United Kingdom | Solatium/ Wrongful Death |
| 94 | John Michael Nee | NY | United States | Luke Girard Nee | Sibling | United States | Solatium |

19

| | Plaintiff's Name (alphabetical by 9/11 Decedent's last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 95 | Dolores Laguerre | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 96 | Jimmy Vega | PA | United States | Diana O'Connor | Sibling | United States | Solatium |
| 97 | Minerva Galarza | FL | United States | Diana O'Connor | Sibling | United States | Solatium |
| 98 | Sonia Vega | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 99 | Miriam Roman | NY | United States | Diana O'Connor | Sibling | United States | Solatium |
| 100 | Aida Cintron | NY | United States | Diana O'Connor | Sibling | United States | Solatium |

20

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

عطف به:

حملات تروریستی 11 سپتامبر 2001

03-MDL-1570 (GBD) (SN)

شماره پرونده مدنی:

_____

**فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه**

دبورا بودنر، انفراداً، به عنوان برادر/خواهر بازمانده توماس اف. هیوز جونیور

متیو کیسی، انفراداً، به عنوان فرزند بازمانده کاتلین هانت-کیسی

کوین کیسی، انفراداً، به عنوان همسر بازمانده کاتلین هانت-کیسی

کوین کیسی، به عنوان نماینده شخصی ماترک کاتلین هانت-کیسی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کاتلین هانت-کیسی

بن هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

فریدا هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

گیدنون هاتلر، انفراداً، به عنوان فرزند بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، انفراداً، به عنوان همسر بازمانده جوزف اس. هاتلر

میریام زهاوا هاتلر، متوفی، به عنوان نماینده شخصی ماترک جوزف اس. هاتلر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف اس. هاتلر

آنه ایلپی، انفراداً، به عنوان والد بازمانده جاناتان ایلپی

آنماری هولران، انفراداً، به عنوان برادر/خواهر بازمانده جاناتان ایلپی

لورا اسرائیلوف، به‌عنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف، متوفی، والد متوفای دانیل ایلکانایف

لورا اسرائیلوف، انفراداً، به عنوان برادر/خواهر بازمانده دانیل ایلکانایف

متیو جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

کسلی جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

سین جردن، انفراداً، به عنوان فرزند بازمانده آندرو جردن

لیزا جردن، انفراداً، به عنوان همسر بازمانده آندرو جردن

لیزا جردن، به عنوان نماینده شخصی ماترک آندرو جردن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آندرو جردن

هنری کارچوسکی، به عنوان نماینده شخصی ماترک رز سی. کارچوسکی، متوفی، والد متوفای چارلز هنری کارچوسکی

دونا کاوانا، انفراداً، به عنوان برادر/خواهر بازمانده چارلز هنری کارچوسکی

هنری کارچوسکی، انفراداً، به عنوان والد بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، انفراداً، به عنوان همسر بازمانده چارلز هنری کارچوسکی

فیلومنا آن کارچوسکی، به عنوان نماینده شخصی ماترک چارلز هنری کارچوسکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده چارلز هنری کارچوسکی

دانیل تی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

پیتر ام. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

آندرو کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جان دی. کیروین، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

جنیفر کیروین ماسه، انفراداً، به عنوان برادر/خواهر بازمانده گلن کیروین

ویرجینیا کروکوفسکی، انفراداً، به عنوان برادر/خواهر بازمانده ویلیام کروکوفسکی

باربارا راستلی، انفراداً، به عنوان والد بازمانده ویلیام کروکوفسکی

ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی، متوفی، والد متوفای ویلیام کروکوفسکی

کوری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

آبری لافرانس، انفراداً، به عنوان برادر/خواهر بازمانده آلن لافرانس

جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، برادر/خواهر متوفای پیتر لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده پیتر لانگون

تری لانگون، انفراداً، به عنوان همسر بازمانده پیتر لانگون

تری لانگون، به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر لانگون

نیکی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

کارلی لانگون، انفراداً، به عنوان فرزند بازمانده پیتر لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون،

docs-100217557.1

متوفی، والد متوفای پیتر لانگون

جوآن لانگون، انفراداً، به عنوان همسر بازمانده توماس لانگون

جوآن لانگون، به عنوان نماینده شخصی ماترک توماس لانگون، متوفی، و به طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس لانگون

کایتلین لانگون- برور، انفراداً، به عنوان فرزند بازمانده توماس لانگون

برایان لانگون، انفراداً، به عنوان فرزند بازمانده توماس لانگون

جوان لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون، انفراداً، به عنوان برادر/خواهر بازمانده توماس لانگون

روزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون، متوفی، والد متوفای توماس لانگون

تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون، متوفی، برادر/خواهر متوفای توماس لانگون

خوزه دومینیگو لیز، انفراداً، به عنوان برادر/خواهر بازمانده نانسی لیز

خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز، متوفی، والد متوفای نانسی لیز

ویلیام استون لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

جنیفر گریس لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت، انفراداً، به عنوان همسر بازمانده ادوارد اچ. لاکت

تیموتی ویات لاکت، انفراداً، به عنوان فرزند بازمانده ادوارد اچ. لاکت

لیزا لاکت به عنوان نماینده شخصی ماترک ادوارد اچ. لاکت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده  ادوارد اچ. لاکت

کاترین کرافورد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

جیمز تیلور لاکت، انفراداً، به عنوان برادر/خواهر بازمانده ادوارد اچ. لاکت

الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت، متوفی، والد متوفای ادوارد اچ. لاکت

دومینیکا آنا لوپز، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

3

کاترینا تاوولاسی، انفراداً، به عنوان برادر/خواهر بازمانده آنتونی لوپارلو

بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی، متوفی، والد متوفای لوئیس نیل ماریانی

بروس ماریانی، انفراداً، به عنوان برادر/خواهر بازمانده لوئیس نیل ماریانی

لورن پیترز، انفراداً، به عنوان فرزند بازمانده لوئیس نیل ماریانی

ادنا می ماسا، انفراداً، به عنوان همسر بازمانده نیکلاس جی. ماسا

دونا مرکوریو، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا

نیکلاس تی. ماسا، انفراداً، به عنوان فرزند بازمانده نیکلاس جی. ماسا

دنیس مکدانل، انفراداً، به عنوان برادر/خواهر بازمانده مایکل پاتریک مکدانل

وینچرا مکدانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مکدانل

پاتریک ای. مکدانل، انفراداً، به عنوان والد بازمانده مایکل پاتریک مکدانل

کاثلین مورفی، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

توماس مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

جان مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

مائورین سیمپسون، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

جیمز مکگوایر، انفراداً، به عنوان برادر/خواهر بازمانده پاتریک مکگوایر

جودی میرز  به عنوان نماینده شخصی ماترک ترنس مکگوایر، متوفی، برادر/خواهر متوفای پاتریک مکگوایر

سین مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین

آیدان مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین

کالین مکشین، انفراداً، به عنوان فرزند بازمانده ترنس مکشین

کاترین مکشین، انفراداً، به عنوان همسر بازمانده ترنس مکشین

کاترین مکشین، به عنوان نماینده شخصی ماترک ترنس مکشین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ترنس مکشین

الیزابت میلر، انفراداً، به عنوان فرزند بازمانده داگلاس میلر

دبورا لین تمپل، انفراداً، به عنوان همسر بازمانده وینست اس.

4

مورلو

جاستین جان مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

پاگی سلین مورلو، انفراداً، به‌عنوان فرزند بازمانده وینست اس. مورلو

جان مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

پاتریشیا مورلو، انفراداً، به‌عنوان والد بازمانده وینست اس. مورلو

دبورا لین تمپل، به عنوان نماینده شخصیِ ماترک وینست اس. مورلو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینست اس. مورلو

کالین گلدن، انفراداً، به عنوان فرزند بازمانده ریچارد مورگان

جان موریس سوم، انفراداً، به عنوان برادر/خواهر بازمانده ست موریس

لورا نوگاج، انفراداً، به عنوان همسر بازمانده استفن فیلیپ موریس

جان داو 71، که قصد دارد نماینده شخصیِ ماترک استفن فیلیپ موریس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده  استفن فیلیپ موریس

جان مایکل نی، انفراداً، به عنوان برادر/خواهر بازمانده لوک ژیرارد نی

دولورس لاگور، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

جیمی وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

مینروا گالارزا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

سونیا وگا، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

میریام رومن، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

آیدا سینترون، انفراداً، به عنوان برادر/خواهر بازمانده دیانا اوکانر

خواهان(ها)،

- علیه -

جمهوری اسلامی ایران،

خوانده.

خواهان‌های مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده

5

جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هریک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 9903-CV-15 (SN)(GBD) ( .S.D.N.Y ) تاریخ 8 فوریه 2016)، ECF شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت از ایران، تمامی اتهامات مبتنی بر حقایق و مبانی حقوقی این شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

6

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده

هاولیش علیه بن لادن، به شماره 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF شماره‌های 263، 294، 295؛

عطف به حملات تروریستی 11 سپتامبر 2001، پرونده 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF

شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی.

دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

## مکان

1. این منطقه بر اساس 28 U.S.C. §§ 1391(b)(2) و 1391(f)(1)، به عنوان جزیی بنیادی از

رویدادهای زمینه‌ساز دعاوی مطرح شده در اینجا که در این منطقه رخ داد است، برای رسیدگی به این دعوا مناسب است.

این مکان در این منطقه طبق 18 U.S.C. § 2334(a) مناسب محسوب می‌شود.

## صلاحیت دادگاه

2. صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در

زیر، از جمله اما نه محدود به 28 U.S.C. § 1605(a) (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28

U.S.C. § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 28 U.S.C. § 1605B (قانون عدالت علیه

حامیان مالی تروریسم) اثبات می‌گردد.

## علت اقدام

3. بدین وسیله هر یک از خواهان‌(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و

درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را

اتخاذ می‌کنند [ **فقط یک شکایت** را علامت بزنید]:

☐ شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران،
ECF شماره 3237

docs-100217557.1

☒شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 9903-CV-15 (GBD)(SN)
(S.D.N.Y. تاریخ 8 فوریه 2016, ECF شماره 53).

4.    به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس .U.S.C
28 1605B §(قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 U.S.C. § 18 *و ادامه آن.*
(قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در
شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده <u>هاولیش</u> که در بالا ذکر شد اثبات می‌نماید که،
همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11
سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم
بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 U.S.C. § 18 است؛ اینکه حملات تروریستی 11
سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط
سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 U.S.C. § 8 تعیین شده است؛ و
اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب U.S.C. § 18
2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران با ارائه کمک و معاضدت
پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18
2333 .U.S.C *و ادامه آن شده است.*

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28
1605B § .U.S.C (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 U.S.C. § 18 *و ادامه
آن.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در
شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده <u>هاولیش</u> که در بالا ذکر شد اثبات می‌نماید که،
همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11
سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم
بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 U.S.C. § 18 است؛ اینکه حملات تروریستی 11
سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط
سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 U.S.C. § 8 تعیین شده است؛ و
اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب U.S.C. § 18
2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران با ارائه کمک و معاضدت
پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 18
2333 .U.S.C *و ادامه آن شده است.*

docs-100217557.1

## شناسایی خواهان‌های جدید

5. اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a. شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b. خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. طبق مندرجات پیوست 1، «خواهان‌ها» (1) نماینده ورثه فرد کشته شده بر اثر «حملات تروریستی 11 سپتامبر 2001»؛ (2) بستگان درجه یک بازمانده فرد کشته شده در «حملات تروریستی 11 سپتامبر 2001»؛ و/یا (3) افراد دچار مصدومیت جسمی بر اثر «حملات تروریستی 11 سپتامبر 2001» هستند.

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

e. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافاصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همانگونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f. نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها در خصوص قتل غیرعمد و/یا دعوای ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

docs-100217557.1

**هویت خوانده**

6.    تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7.    خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی

علیه هر یک از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8.    خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در

آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه:**

9.    بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست
می‌نمایند.

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از

ایران را به صورت مقتضی دارند.


تاریخ: 23 دسامبر 2019

تقدیم با احترام،

/امضا/ جری گلدمن
_____
وکیل دعاوی، جری اس. گلدمن
وکیل دعاوی، بروس ای.
استرانگ  وکیل دعاوی، سامانتا
ای. اسمیت وکیل دعاوی، استفن
واه
شرکت آندرسون کیل   1251
Avenue of the Americas New
York, New York   تلفن: -212
278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
ssmith@andersonkill.com
swah@andersonkill.com

*وکلای خواهان‌ها*

# ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | توماس اف. هیوز جونیور | ایالات متحده | کارولینای شمالی | دبورا بودنر | 1 |
| ترضیه خاطر | ایالات متحده | کودک | کاتلین هانت ـ کیسی | ایالات متحده | نیوجرسی | متیو کیسی | 2 |
| ترضیه خاطر | ایالات متحده | همسر | کاتلین هانت ـ کیسی | ایالات متحده | نیوجرسی | کوین کیسی | 3 |
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | کاتلین هانت ـ کیسی | ایالات متحده | نیوجرسی | کوین کیسی | 4 |
| ترضیه خاطر | ایالات متحده | کودک | جوزف اس. هاتلر | ایالات متحده | کالیفرنیا | بن هاتلر | 5 |
| ترضیه خاطر | ایالات متحده | کودک | جوزف اس. هاتلر | ایالات متحده | کالیفرنیا | فریدا هاتلر | 6 |
| ترضیه خاطر | ایالات متحده | کودک | جوزف اس. هاتلر | ایالات متحده | کالیفرنیا | گیدنون هاتلر | 7 |
| ترضیه خاطر | ایالات متحده | همسر | جوزف اس. هاتلر | ایالات متحده | کالیفرنیا | میریام ز هاوا هاتلر | 8 |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100217557.1

پرونده 11776-cv-19:1 سند 5 ارائه شده در 12/27/19 صفحه 12 از 19

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| میریام زهاوا هاتلر | 9 | کالیفرنیا | ایالات متحده | جوزف اس. هاتلر | پورتو ریکو | ایالات متحده | ترضیه خاطر / قتل غیرعمد/صدمه شخصی |
| آنه ایلپی | 10 | نیویورک | ایالات متحده | جاناتان ایلپی | والد | ایالات متحده | ترضیه خاطر |
| آنماری هولاران | 11 | نیویورک | ایالات متحده | جاناتان ایلپی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| لورا اسرانیلوف، به‌عنوان نماینده شخصی ماترک مالکیسادیخ ایلکانایف | 12 | نیویورک | ایالات متحده | دانیل ایلکانایف | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| لورا اسرانیلوف | 13 | نیویورک | ایالات متحده | دانیل ایلکانایف | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| متیو جردن | 14 | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| کسلی جردن | 15 | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| سین جردن | 16 | نیویورک | ایالات متحده | آندرو جردن | کودک | ایالات متحده | ترضیه خاطر |
| لیزا جردن | 17 | نیویورک | ایالات متحده | آندرو جردن | همسر | ایالات متحده | ترضیه خاطر |
| لیزا جردن | 18 | نیویورک | ایالات متحده | آندرو جردن | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| هنری کارچوسکی به عنوان نماینده شخصی ماترک رز سی. کارچوسکی | 19 | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |

12

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11: | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)2 |
|---|---|---|---|---|---|---|---|
| 20 | دونا کاوانا | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | هنری کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | والد | ایالات متحده | ترضیه خاطر |
| 22 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | همسر | ایالات متحده | ترضیه خاطر |
| 23 | فیلومنا آن کارچوسکی | نیوجرسی | ایالات متحده | چارلز هنری کارچوسکی | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 24 | دانیل تی. گیروین | رود آیلند | ایالات متحده | گلن گیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | پیتر ام. گیروین | نیویورک | ایالات متحده | گلن گیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | آندرو گیروین | نیویورک | ایالات متحده | گلن گیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | جان دی. گیروین | نیویورک | ایالات متحده | گلن گیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | جنیفر گیروین ماسه | ماساچوست | ایالات متحده | گلن گیروین | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | ویرجینیا کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | باربارا راستلی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد | ایالات متحده | ترضیه خاطر |
| 31 | ویرجینیا کروکوفسکی، به‌عنوان نماینده شخصی ماترک والتر کروکوفسکی | فلوریدا | ایالات متحده | ویلیام کروکوفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 32 | کوری لافرانس | فلوریدا | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |

13

پرونده ۱:۱۹-cv-۱۱۷۷۶ سند ۵ ارائه شده در ۱۲/۲۷/۱۹ صفحه ۱۴ از ۱۹

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) |
|---|---|---|---|---|---|---|---|
| 33 | آربری لافرانس | نیویورک | ایالات متحده | آلن لافرانس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 34 | جوان لانگون به عنوان نماینده شخصی ماترک توماس لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 35 | جوان لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 36 | روزماری لانگون | نیویورک | ایالات متحده | پیتر لانگون | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 38 | تری لانگون | نیویورک | ایالات متحده | پیتر لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 39 | نیکی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 40 | کارلی لانگون | نیویورک | ایالات متحده | پیتر لانگون | کودک | ایالات متحده | ترضیه خاطر |
| 41 | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | نیویورک | ایالات متحده | پیتر لانگون | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | همسر | ایالات متحده | ترضیه خاطر |
| 43 | جوآن لانگون | نیویورک | ایالات متحده | توماس لانگون | پورتو ریکو | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 44 | کایتلین لانگون-برور | نیوجرسی | ایالات متحده | توماس لانگون | کودک | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)٬ | شهروندی/تابعی ت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 11؛ 9/ | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11 | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | کودک | توماس لانگون | ایالات متحده | کالیفرنیا | برایان لانگون | 45 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | توماس لانگون | ایالات متحده | نیویورک | جوان لانگون | 46 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | توماس لانگون | ایالات متحده | نیویورک | روزماری لانگون | 47 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | توماس لانگون | ایالات متحده | نیویورک | رزماری لانگون به عنوان نماینده شخصی ماترک شیلا لانگون | 48 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | توماس لانگون | ایالات متحده | نیویورک | تری لانگون به عنوان نماینده شخصی ماترک پیتر لانگون | 49 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | نانسی لیز | ایالات متحده | نیویورک | خوزه دومینیگو لیز | 50 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | نانسی لیز | ایالات متحده | نیویورک | خوزه دومینیگو لیز به عنوان نماینده شخصی ماترک النا لیز | 51 |
| ترضیه خاطر | ایالات متحده | کودک | ادوارد اچ. لاکت | ایالات متحده | نیوجرسی | ویلیام استون لاکت | 52 |
| ترضیه خاطر | ایالات متحده | کودک | ادوارد اچ. لاکت | ایالات متحده | نیوجرسی | جنیفر گریس لاکت | 53 |
| ترضیه خاطر | ایالات متحده | همسر | ادوارد اچ. لاکت | ایالات متحده | نیوجرسی | لیزا لاکت | 54 |
| ترضیه خاطر | ایالات متحده | کودک | ادوارد اچ. لاکت | ایالات متحده | نیوجرسی | تیموتی ویات لاکت | 55 |

15

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی): | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر / جراحت شخصی | ایالات متحده | پورتو ریکو | ادوارد اچ. لاکت | ایالات متحده | نیوجرسی | لیزا لاکت | 56 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ادوارد اچ. لاکت | ایالات متحده | رود آیلند | کاترین کرافورد لاکت | 57 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ادوارد اچ. لاکت | ایالات متحده | کارولینای جنوبی | الکساندرا وارد لاکت | 58 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ادوارد اچ. لاکت | ایالات متحده | کارولینای شمالی | جیمز تیلور لاکت | 59 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | ادوارد اچ. لاکت | ایالات متحده | کارولینای جنوبی | الکساندرا وارد لاکت به عنوان نماینده شخصی ماترک دیانا وارد لاکت | 60 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | آنتونی لوپارلو | ایالات متحده | نیویورک | دومینیکا آنا لوپز | 61 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | آنتونی لوپارلو | ایالات متحده | نیویورک | کاترینا تاوولاسی | 62 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | لوئیس نیل ماریانی | ایالات متحده | نیوهمپشایر | بروس ماریانی به عنوان نماینده شخصی ماترک هزل لیلیان ماریانی | 63 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | لوئیس نیل ماریانی | ایالات متحده | نیوهمپشایر | بروس ماریانی | 64 |
| ترضیه خاطر | ایالات متحده | کودک | لوئیس نیل ماریانی | ایالات متحده | نیویورک | لورن پیترز | 65 |
| ترضیه خاطر | ایالات متحده | همسر | نیکلاس جی. ماسا | ایالات متحده | فلوریدا | ادنا می ماسا | 66 |

16

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 67 | دونا مرکوریو | نیوجرسی | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 68 | نیکلاس تی. ماسا | فلوریدا | ایالات متحده | نیکلاس جی. ماسا | کودک | ایالات متحده | ترضیه خاطر |
| 69 | دنیس مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | وینچنزا مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 71 | پاتریک ای. مکدانل | نیویورک | ایالات متحده | مایکل پاتریک مکدانل | والد | ایالات متحده | ترضیه خاطر |
| 72 | کاتلین مورفی | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 73 | توماس مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 74 | جان مکگوایر | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | مانورین سیمپسون | نیویورک | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 76 | جیمز مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 77 | جودی میرز به عنوان نماینده شخصی ماترک ترنس مکگوایر | ماساچوست | ایالات متحده | پاتریک مکگوایر | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 78 | سین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 79 | آیدان مکشین | فلوریدا | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |

17

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)؟ |
|---|---|---|---|---|---|---|---|
| 80 | کالین مکشین | نیویورک | ایالات متحده | ترنس مکشین | کودک | ایالات متحده | ترضیه خاطر |
| 81 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | همسر | ایالات متحده | ترضیه خاطر |
| 82 | کاترین مکشین | نیویورک | ایالات متحده | ترنس مکشین | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 83 | الیزابت میلر | پنسیلوانیا | ایالات متحده | داگلاس میلر | کودک | ایالات متحده | ترضیه خاطر |
| 84 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | همسر | ایالات متحده | ترضیه خاطر |
| 85 | جاستین جان مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 86 | پاگی سلین مورلو | ویرجینیا | ایالات متحده | وینست اس. مورلو | کودک | ایالات متحده | ترضیه خاطر |
| 87 | جان مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 88 | پاتریشیا مورلو | نیویورک | ایالات متحده | وینست اس. مورلو | والد | ایالات متحده | ترضیه خاطر |
| 89 | دبورا لین تمپل | ویرجینیا | ایالات متحده | وینست اس. مورلو | پورتو ریکو | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 90 | کالین گلدن | نیوجرسی | ایالات متحده | ریچارد مورگان | کودک | ایالات متحده | ترضیه خاطر |
| 91 | جان موریس سوم | پنسیلوانیا | ایالات متحده | ست موریس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | لورا نوگاج | فلوریدا | ایالات متحده | استفن فیلیپ موریس | همسر | بریتانیا | ترضیه خاطر |
| 93 | جان داو 71 | فلوریدا | ایالات متحده | استفن فیلیپ موریس | پورتو ریکو | بریتانیا | ترضیه خاطر / جراحت شخصی |
| 94 | جان مایکل نی | نیویورک | ایالات متحده | لوک ژیرارد نی | برادر/خواهر | ایالات متحده | ترضیه خاطر |

docs-100217557.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی متوفی 9/11) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)2 |
|---|---|---|---|---|---|---|---|
| 95 | دولورس لاگور | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 96 | جیمی وگا | پنسیلوانیا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 97 | مینروا گالارزا | فلوریدا | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 98 | سونیا وگا | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 99 | میریام رومن | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 100 | آیدا سینترون | نیویورک | ایالات متحده | دیانا اوکانر | برادر/خواهر | ایالات متحده | ترضیه خاطر |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| DEBORAH BODNER et al., | |
| PLAINTIFFS, | Civil Docket Number: 1:19-cv-11776 |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

## NOTICE OF SUIT

1. Title of legal proceeding: *Deborah Bodner et al. v. Islamic Republic of Iran*

   Full Name of Court: United States District Court for the Southern District of New York

   Docket Number: 1:19-cv-11776

   Judge: United States District Judge George B. Daniels

2. Name of foreign state concerned: The Islamic Republic of Iran

3. Identity of the other Parties: None

4. Nature of documents served: Summons and Complaint (in English and Farsi)

5. Nature and Purpose of Proceedings: Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of American on September 11th, 2001. The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product. The conspiracy among the defendant to commit acts of international terrorism against the United States, its nationals and allies, including the aiding and abetting of, and provision of material support and resources to, al Qaida and/or affiliated foreign

terrorist organizations commercial entities, persons and other parties.

6.  A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7.  The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.  Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.

Dated:  December 31, 2019

Jerry S. Goldman
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

<div dir="rtl">

دادگاه ناحیه‌ای ایالات متحده
منطقه جنوب نیویورک

| | |
|---|---|
| مربوط به (SN) (GBD) 1570 MDL 03 | در پرونده عطف به حملات تروریستی 11 سپتامبر 2001 |
| پرونده مدنی به شماره: 1:19-cv-11776 | دبورا بوندر و همکاران، |
| | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده. |

**اخطار دادرسی**

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | *دبورا بوندر و دیگران علیه جمهوری اسلامی ایران* |
| | نام کامل دادگاه: | دادگاه ناحیه‌ای ایالات متحده در منطقه جنوب نیویورک |
| | شماره پرونده: | 1:19-cv-11776 |
| | قاضی: | جورج بی. دنیلز ، قاضی ناحیه‌ای ایالات متحده |
| 2. | نام دولت خارجی مرتبط: | جمهوری اسلامی ایران |
| 3. | هویت دیگر طرف‌ها: | هیچ |
| 4. | ماهیت اسناد ابلاغ شده: | احضاریه و شکایت (به زبان انگلیسی و فارسی) |
| 5. | ماهیت و هدف اقدامات قضایی: | دعوا برای جبران خسارت مرگ غیرمنصفانه و دیگر صدمات ناشی از حملات تروریستی صورت گرفته در ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت و همدستی با دیگر طرف‌ها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و همپیمانان آن، و نیز کمک‌رسانی مادی به طرف‌های مرتبط/برنامه‌ریزی شده حملات تروریستی که به صورت مستقیم، آگاهانه و پیش‌بینی شده منجر به حمله 11 سپتامبر شده است، تحت پیگرد قرار گرفته است. همدستی خواندهها برای ارتکاب اعمال تروریستی بین‌المللی علیه ایالات متحده آمریکا، اتباع و همپیمانان آن، شامل همدستی و همکاری، و کمک‌رسانی مادی به القاعده و/یا سازمان‌های تروریستی خارجی وابسته، نهادهای تجاری، افراد و دیگر طرف‌ها بوده است. |

6. پاسخ «احضاریه» و «شکایت» باید ظرف مدت شصت (60) روز از تاریخ دریافت این اسناد به دادگاه تسلیم شود. امکان گنجاندن دفاعیه قضایی (شامل دفاعیه مربوط به مصونیت دولتی) در پاسخ وجود دارد.

7. قصور در ارائه پاسخ بهنگام به دادگاه ممکن است به صدور حکم غیابی و درخواست اجرای حکم منجر است. اگر حکم غیابی صادر شده باشد، ممکن است روالی برای باطل کردن یا باز کردن حکم وجود داشته باشد.

</div>

8.   پرسش‌های مربوط به مصونیت دولتی و صلاحیت دادگاه‌های ایالات متحده برای رسیدگی به دعوا علیه دولت‌های خارجی مشمول قانون 1976 مصونیت دولت‌های خارجی است که در بخش‌های d)1441 ، 1391(f) ، 1330) و 1602 تا 1611 از عنوان 28 قانون ایالات متحده (Pub. L. 94–583; 90 Stat. 2891).  این بخش‌های قانون ایالات متحده به زبان‌های انگلیسی و فارسی پیوست شده است.

تاریخ:   31 دسامبر 2019

---------------------------------

جری گلدمن
اندرسون کیل (.Anderson Kill P.C)
1251 Avenue of the Americas
New York, New York
تلفن: 212-278-1000
jgoldman@andersonkill.com
*وکلای خواهان‌ها*

2

## I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**   The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**   Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**   For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

## II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)**   Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)**   in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)**   in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)**   in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

# § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.

## *28 USCS § 1602*
### Current through PL 115-181, approved 6/5/18

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

## § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)**  A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)**  An "agency or instrumentality of a foreign state" means any entity—

**(1)**  which is a separate legal person, corporate or otherwise, and

**(2)**  which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)**  which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)**  The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)**  A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)**  A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### *28 USCS § 1604*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE**
**CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a)  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1)  in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2)  in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3)  in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4)  in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5)  not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A)  any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B)  any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6)  in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

      **(b)**   A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

      **(1)**   notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

      **(2)**   notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

      **(c)**   Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

      **(d)**   A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

      **(e), (f)**   [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

    **(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

    **(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

    **(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

    **(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

    **(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

    **(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

    **(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

    **(i)** the property at issue is the work described in paragraph (1);

    **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

    **(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

**(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

        **(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

        **(I)**    a national of the United States;

        **(II)**    a member of the armed forces; or

        **(III)**    otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

        **(IV)**    in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

    **(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

    **(b)** Limitations.  An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

        **(1)** 10 years after April 24, 1996; or

        **(2)** 10 years after the date on which the cause of action arose.

    **(c)** Private right of action.  A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

        **(1)** a national of the United States,

        **(2)** a member of the armed forces,

        **(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions.  For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition.  In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)**  Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)**  Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

<div align="center">

**28 USCS § 1606**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

<div align="center">

**28 USCS § 1607**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)**  for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)**  arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

## 28 USCS § 1608
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

**(a)**  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)**  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)**  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)**  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

(3)  if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

(A)  as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B)  by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C)  as directed by order of the court consistent with the law of the place where service is to be made.

(c)  Service shall be deemed to have been made—

(1)  in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

(2)  in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

(d)  In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

(e)  No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1609. Immunity from attachment and execution of property of a foreign state

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

### 28 USCS § 1610
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

    **(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

    **(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

    **(2)**  the property is or was used for the commercial activity upon which the claim is based, or

    **(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

    **(4)**  the execution relates to a judgment establishing rights in property

    **(A)**  which is acquired by succession or gift, or

    **(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

    **(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

    **(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

    **(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

    **(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

**(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

**(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

**(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

**(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

**(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

**(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

**(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

**(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

**(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701–1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

    **(B)**  Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

    **(A)**  At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

    **(B)**  In providing such assistance, the Secretaries

        **(i)**  may provide such information to the court under seal; and

        **(ii)**  should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

    **(3)**  Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

  **(g)**  Property in certain actions.

    **(1)**  In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

    **(A)**  the level of economic control over the property by the government of the foreign state;

    **(B)**  whether the profits of the property go to that government;

    **(C)**  the degree to which officials of that government manage the property or otherwise control its daily affairs;

    **(D)**  whether that government is the sole beneficiary in interest of the property; or

    **(E)**  whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

    **(2)**  United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

       **(3)** Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

<div align="center">

**28 USCS § 1611**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

       **(a)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

       **(b)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

       **(1)** the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

       **(2)** the property is, or is intended to be, used in connection with a military activity and

       **(A)** is of a military character, or

       **(B)** is under the control of a military authority or defense agency.

       **(c)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

### یک.   *28 USCS §1330*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش(a)1603 این *عنوان [28 USCS § 1603(a)]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1605-1607 این *عنوان (1607-1605 §§ USCS 2%)* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)   در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [1608 § USCS 28]* انجام شده باشد.

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1605-1607 این *عنوان [1607-28 USCS §§ 1605]* ناشی شده باشد.

### دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f) اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش (a)1603 این *عنوان [28 USCS § 1603(a)]* تعریف شده قابل انجام است ـ

(1)   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش (b)1605 این *عنوان [28 USCS § 1605(b)]* مطرح شده باشد؛

(3)   در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش (b)1603 این *عنوان [USCS § 1603(b)]* مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

### *1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش (1603a) این *عنوان [(a)1603 § USCS 28]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش (1446b) این فصل *[(b)1446 § USCS 28]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

### *1602 § 28 USCS*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[et seq 1602 §§ 28 USCS.]* تعیین شود.

<u>**1603 § 28 USCS**</u>
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

خدمات قانون ایالات متحده ـ عناوین 1 تا 54
عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.
مصونیت‌های قضائی دولت‌های خارجی

<u>**51603. تعاریف**</u>

برای اهداف این فصل [28 USCS §§ 1602 et seq.]

**(a)**   یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [28 USCS § 1608]، شامل
تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)**   یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

**(1)**   که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)**   یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن
متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)**   که شهروند دولت ایالات متحده بنا به تعریف بخش (c)1332) و (e) این عنوان [28 USCS §
(c)1332] و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)**   "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار
دارند.

**(d)**   "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت
تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)**   یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری
است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

<u>**28 USCS § 1604**</u>
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.
دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

<u>**§ 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی**</u>

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن
بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص
موارد مندرج در بخش‌های 1605-1607 این فصل [28 USCS §§ 1605-16071].

<u>**28 USCS § 1605**</u>
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.
دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

(1) که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

(2) که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمرو ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

(A) هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید یا اجرای صادر شده به موجب چنین توافقی بر اساس داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده باشد که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [16071 § USCS 28] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه--

(1) ابلاغیه دادخواست با و ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول خواهد بود؛ و

(2)  ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش ۱۶۰۸ این عنوان [۲۸ USCS § ۱۶۰۸] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (۱) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

(c)  هرگاه ابلاغیه مطابق با بند (b)(1) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (b)(1) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچیک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d)  دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش ۳۱۳۰۱ عنوان ۴۶ تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل ۳۱۳ عنوان ۴۶ [۴۶ USCS §§ ۳۱۳۰۱ et seq. and in] و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

(f)، (e) [منسوخ شد]

**(g)** محدودیت کشف.

**(1)** به‌طور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [§ USCS 28 1604]؛همچنین بخش 1605A یا بخش 1605B یا [1605A § USCS 28] یا [1605B § USCS 28] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور چنان اختلالی را ایجاد نخواهد کرد.

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

**(2)** شرط افول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

**(4)** منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6(b)(12) و 56 قوانی رویه دادرسی مدنی فدرال گردد.

**(5)** رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

**(1)** بهطور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم میسازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازیها. بند (1) در هر پروندهای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بینالمللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمیشود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم میگیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 28 USCS [1603(d) § 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پروندهای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بینالمللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمیشود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظاممند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیبپذیر تملک شده است؛

**(iii)** تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان

دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش (d)1603 (d)1603 § USCS 28] [ تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی

علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت

پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش

اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8

می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر

پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی

از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده

بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در

محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

**(A) (I) (i)** دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ

دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده

فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

(II)در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083 قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3(c)1083 آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 7(a)1605 (1605(a)(7) *[28 USCS § 1605(a)(7)]*) (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101 قسمت A قانون عمومی 104-208) *[28 USCS § 1605*] تبصره] مطرح شده باشد؛

    (ii)   مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)——

       **(I)**   تبعه ایالات متحده باشد؛

       **(II)**   عضو نیروهای مسلح باشد؛ یا

       **(III)**   به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

       **(IV)**   در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا در موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

    **(B)**   اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) 1:00CV03110 دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

    **(b)**   محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 7(a)1605 (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101 قسمت A قانون عمومی 104-208) *[28 USCS § 1605*] تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

    **(1)**   10 سال پس از 24 آوریل 1996؛ یا

    **(2)**   10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

    **(c)**   حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (a)(2)(A)(i) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

    **(1)**   تبعه ایالات متحده باشد،

    **(2)**   یک عضو نیروهای مسلح باشد،

    **(3)**   یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1) ، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (a)(1) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [1] به‌طور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 *(U.S.C. 10603c 42)* را به مدیر دادگاه ناحیه‌ای ایالات متحده که در آن پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که به‌طور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292 این *عنوان 28] [(USCS § 1292(b* مطرح گردد.

**(g)** مقررات مربوط به اموال.

**(1)** به‌طور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که—

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 *[28 USCS § 76701* باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خواندهای نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

(3) قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان [*28 USCS §§ 1651 et seq.*] قابل اجرا باشد.

(h) تعاریف. برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگانگیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگانگیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت *(8 U.S.C. 1101(a)(22))* است؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 *(50 USCS § 46050)* [*(50 U.S.C. App. 2405(i)*]، بخش 620A قانون کمک خارجی 1961 *(22 U.S.C. 2371)*، بخش 40 قانون کنترل صادرات اسلحه *(22 U.S.C. 2780)*، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاحات "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 *(28 U.S.C. 1350)* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

(a) تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده است؛* و

(2) شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی، یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

(c)  دعاوی اتباع ایالات متحده. علی‌رغم بخش 2337(2) عنوان 18 [*18 USCS § 2337(2)*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *عنوان [18 USCS § 2333]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

(d)  قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [*28 USCS § 1605*] یا [1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

(a)  که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [*28 USCS § 1605*] یا [1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b)  ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

**(c)** تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع از آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ــ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

**(a)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

**(3)** اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، به هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

**(4)** اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، به هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

**(b)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان و نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

**(3)** اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

**(A)** بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

یا درخواست

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)** در صورت ابلاغ براساس بخش فرعی (a)(4)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**28 USCS §1609**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1609. مصونیت در برابر توقیف اموال دولت خارجی**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

**28 USCS § 1610**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

§ 1610. موارد استثناء مصونیت از توقیف یا اجرای حکم

(a) اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

(1) دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2) از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

(3) اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

(4) اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

(A) که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

(B) غیرمنقول بوده و در ایالات متحده واقع شده باشد: به شرطی که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس مأموریتی چنان مأموریتی استفاده نشود، یا

(5) اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

(6) حکم بر اساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقتنامه داوری ناسازگار نباشد، یا

(7) حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش (7)(a)1605 [سابقاً (7)(a)1605 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(b) علاوه بر بخش فرعی (a)، هرگونه اموال یک سازمان یا نهاد یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

(1) سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2) حکم مربوط به ادعایی باشد که نهاد یا سازمان بر اساس بخش (3) ,(2)(a)1605، یا (5) یا 1605(b) این فصل [(2)(a)1605 5 USCS 28)، (3)، یا (5)، یا 1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر ، یا

(3) حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] با بخش [سابقاً [(7)(a)1605 این فصل [(7)(a) 1605 USCS 28]] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(c) توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد و این نتیجه برسد که به این نتیجه باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش (e)1608 این فصل [(e) 1608 § USCS 28] سپری شده است.

(d) اموال دولت خارجی بنا به تعریف بخش (a)1603 این فصل [(a) 1603 § USCS 28] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرند نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه —

(1) دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال بر اساس شرایط چشم‌پوشی؛ و

(2) هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است صادر شده علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

(e) کشتی‌های دولت خارجی نباید برای توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش (d)1605 این فصل [(d) 1605 § USCS 28] آمده است، مصون باشند.

(f) (1) (A) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش (f)208) قانون مأموریت خارجی ( 22 U.S.C. 4308f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده و یا تحت مفاد بخش (b)5) قانون تجارت با دشمن (C.U.S. 50. ضمیمه (b)4305 5 USCS 50 [(b)5)]) قانون کمک خارجی 1961 (2370(a) U.S.C. 22))، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( U.S.C. 50 1702-1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده در این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش (7)(a)1605) (7)(a) 1605 § USCS 28] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A1 USCS 28 شامل مصونیت نیست.

(B) چنانچه در زمانی که به اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا به صورت امانی در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

(A) بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر بخش (7)(a)1605) (7)(a) 1605 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A1 § USCS 28 مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

(B) وزرای مذکور در ارائه چنان کمکی

(i) می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

(ii) باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

(g) اموال در برخی اقدامات.

(1)    به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است، صرف‌نظر از

(A) سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

(B) اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C) میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

(D) اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

(E) اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

(2)    قابل اعمال نبودن مصونیت‌های حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم، بر اساس حکم صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §5 1701 et seq.] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از اختیار دادگاه برای جلوگیری از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

**28 USCS §1611**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده – عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند**

(a) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 16101]، اموال سازمان‌های تعیین شده توسط رئیس جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

(b) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم مصون باشد، چنانچه ——

(1) اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود، مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)  اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A)  دارای ماهیت نظامی باشد، یا

(B)  تحت کنترل مقام نظامی سازمان دفاع باشد.

(c)  علی‌رغم مفاد بخش 1610 این فصل [1610 § USCS 28]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [USCS 22 § 6082]، تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| DEBORAH BODNER *et al.*<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | Civil Docket Number: 1:19-cv-11776<br><br>**AFFIDAVIT OF TRANSLATOR**<br><br>ECF CASE |

STATE OF NEW YORK          )
                                          ) ss:
COUNTY OF NEW YORK     )

I, Joyce Chen, being sworn, states:

1.  I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

    a.  Summons with appendix
    b.  Complaint with appendix
    c.  Civil cover sheet with appendix
    d.  Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391, 28. U.S.C. 1441, and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)

2.  This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3.  TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by a translator who holds a BA in English and an MA in Translation. They have been a legal language consultant and translator for over 20 years.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

_____

Joyce Chen, Project Manager

Sworn to before me
this **03** day of **January**, 20**20**

_____

Notary Public



WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

2