# EXHIBIT D



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: ARON V. ISLAMIC REP. OF
IRAN
Date: 3/12/2021 10:55:56 AM
Register: ACS Cash
Transaction: 15040005
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | CHF 2'275.00 |
| ROGATORY/FSIA FEE | | | | |

| | |
|---|---|
| Balance | $2,275.00 |
| Amount Paid | $2,275.00 |
| Change | $0.00 |

CUSTOMER COPY
**ALL TRANSACTIONS ARE
FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

49896





**United States Department of State**

*Washington, D.C.   20520*

May 5, 2021

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

> **Re: Ber Barry Aron, et al. v. Islamic Republic of Iran, 20-cv-9376-GBD-SN**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Iran Short Form Complaint, Civil Cover Sheet, Related Case Statement, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1044-IE dated April 6, 2021 and delivered on April 14, 2021. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser, Consular Affairs

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland            )
Bern, Canton of Bern                    ) SS:
Embassy of the United States of America )



I Jack F. Pan, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 27436 dated March 11, 2021, which was transmitted to the Swiss Ministry of Foreign Affairs on March 17, 2021 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)

_____
Jack F. PAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 23, 2021
(Date)



*Embassy of the United States of America*

March 11, 2021

CONS NO.      2 7 4 3 6

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities
Act (FSIA) – Ber Barry Aron, et al. v. Islamic Republic of Iran, 20-cv-9376-GBD-SN

REF:     ----

The Department of State has requested the delivery of the enclosed Summons, Iran Short Form
Complaint, Related Case Statement, and Notice of Suit to the Ministry of Foreign Affairs of the
Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of Ber
Barry Aron, et al. v. Islamic Republic of Iran, 20-cv-9376-GBD-SN.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the
documents to the American Interests Section of the Swiss Embassy in Tehran. There is one
defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section
should transmit the Summons, Iran Short Form Complaint, Related Case Statement, and Notice
of Suit to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the
language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The
American Interests Section should execute certifications of the diplomatic notes, which will be
forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of
State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the
Swiss Embassy in Tehran receives the documents as well as the date the Interests Section
forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the Ber Barry Aron, et al. v. Islamic Republic of Iran, 20-cv-9376-GBD-SN, which is pending in the United States District Court in the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons, Iran Short Form Complaint, and Related Case Statement herewith. The U.S. District Court in the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Amended Summons and Amended Iran Short Form Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Iran Short Form Complaint, and Related Case Statement, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Iran Short Form Complaint, Related Case Statement, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.



_____
(Signature of Consular Officer)

_____Jack F. PAN_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 23, 2021
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

30970

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27436 dated March 11, 2021 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
**Lawsuit Ber Barry Aron, et al. v. Islamic Republic of Iran, 20-cv-9376-GBD-SN**

- Note No. 1044-IE addressed to the Government of the Islamic Republic of Iran

dated April 06, 2021 and proof of service, dated April 14, 2021 as well as the certification by the Swiss Federal Chancellery dated April 21, 2021.

The section has received the above mentioned documents on March 28, 2021. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on April 14, 2021. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, April 21, 2021



*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE



Confederation of Switzerland        )
Bern, Canton of Bern                ) SS:
Embassy of the United States of America  )


I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Alessandra MANOIERO
(Typed name of Official who executed the annexed document)


(Signature of Consular Officer)


Jack F. PAN
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


April 23, 2021
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1044-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Ber Barry Aron, et al. v. Islamic Republic of Iran, 20-cv-9376-GBD-SN, which is pending in the U.S. District Court in the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons, Iran Short Form Complaint, and Related Case Statement herewith. The U.S District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons, Iran Short Form Complaint, and Related Case Statement be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons, Iran Short Form Complaint, and Related Case Statement, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, April 06, 2021

Attachments:
1. Summons, Iran Short Form Complaint, Related Case Statement, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Sylvie Brunner, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1044-IE, dated April 06, 2021. The delivery of this note and its enclosures was attempted on April 14, 2021, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Sylvie Brunner
Deputy Head of the Foreign Interests Section

Tehran, April 14, 2021

---

**APOSTILLE**
(Convention de la Haye du 5 octobre 1961)

1. Country:  SWISS CONFEDERATION

   This public document

2. has been signed by     Sylvie Brunner

3. acting in the capacity of Deputy Head of the Foreign Interests Section

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne            6.        the 21 April 2021

7. by  Alessandra Manoiero
   functionary of the Swiss federal Chancellery

8. No ...................... 009933

9. Seal/stamp:                    10. Signature:

   Swiss federal Chancellery

<u>ترجمه غیر رسمی</u>

سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE—1044

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان بر بری آرون و دیگران بر علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره SN-GBD-9376-cv-20 که در دادگاه ناحیه ای ایالات متحده آمریکا برای ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده آمریکا برای ناحیه جنوب نیو یورک، یک فقره احضاریه، فرم کوتاه شکایت از ایران و پرونده های مرتبط اظهارات را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحده، خوانده یک پرونده می بایست ظرف 60 روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفاعیه از طرف خود را داشته باشد. لذا، سفارت در خواست می نماید که احضاریه، فرم کوتاه شکایت از ایران و پرونده های مرتبط اظهارات، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه بر احضاریه، فرم کوتاه شکایت از ایران و پرونده های مرتبط اظهارات، ابلاغیه اقامه دعوی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ هفدهم فروردین ماه ۱۴۰۰ (۶ آوریل ۲۰۲۱)



پیوست: ۱- احضاریه، فرم کوتاه شکایت از ایران، پرونده های مرتبط اظهارات و ابلاغیه اقامه دعوی
۲- ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

BER BARRY ARON, et al. (see appendix)

| | |
|---|---|
| _____ Plaintiff | ) ) ) |
| v. | ) ) Civil Action No. |
| ISLAMIC REPUBLIC OF IRAN | ) |
| _____ Defendant | ) ) |

## SUMMONS IN A CIVIL ACTION

To:     (Defendant's name and address)

ISLAMIC REPUBLIC OF IRAN
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY 10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date:   11/10/2020
_____

/s/ P. Canales
_____
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ⁀ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ⁀ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ⁀ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ⁀ I returned the summons unexecuted because _____ ; or

    ⁀ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

# APPENDIX

Ber Barry Aron, individually, as surviving parent of Joshua Aron

Dana Aron Weiner, individually, as surviving sibling of Joshua Aron

Barbara Ann Sullivan, individually, as surviving sibling of James W. Barbella

Dorothy Blanding as Personal Representative of the Estate of Harry Blanding, Sr., deceased, the late parent of Harry Blanding, Jr.

Anthony Bocchi, individually, as surviving sibling of John Bocchi

Elena Bocchi, individually, as surviving parent of John Bocchi

Matthew Bocchi, individually, as surviving child of John Bocchi

Michael Bocchi, individually, as surviving child of John Bocchi

Michele Bocchi-Sandello, individually, as surviving spouse of John Bocchi

Nicholas Bocchi, individually, as surviving child of John Bocchi

Paul Bocchi, individually, as surviving child of John Bocchi

Ann Bocchi-Schwimmer, individually, as surviving sibling of John Bocchi

Diane Bocchi Esola, individually, as surviving sibling of John Bocchi

Elena Bocchi as Personal Representative of the Estate of Camillo Bocchi, deceased, the late parent of John Bocchi

Lucy Bocchi Kraus, individually, as surviving sibling of John Bocchi

Michele Bocchi-Sandello, as the Personal Representative of the Estate of John Bocchi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John Bocchi

Daphne Bowers, individually, as surviving parent of Veronique Bowers

Andrew Broderick, individually, as surviving child of Mark Broderick

Carolina Broderick, individually, as surviving spouse of Mark Broderick

James Broderick, individually, as surviving child of Mark Broderick

Matthew Broderick, individually, as surviving child of Mark Broderick

1

Carolina Broderick, as the Personal Representative of the Estate of Mark Broderick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mark Broderick

Angus Jacques, individually, as surviving parent of Felix Calixte

Christine Brozon, individually, as surviving spouse of Luigi Calvi

Christine Brozon, as the Personal Representative of the Estate of Luigi Calvi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Luigi Calvi

James Cherry, individually, as surviving sibling of Vernon Cherry

Cynthia Taylor, individually, as surviving sibling of Vernon Cherry

Germaine Alexander, individually, as surviving sibling of Brenda Conway

Tammi Alexander, individually, as surviving sibling of Brenda Conway

Dennis Coughlin, individually, as surviving sibling of Timothy Coughlin

Francis Coughlin, Jr., individually, as surviving sibling of Timothy Coughlin

Robert Coughlin, individually, as surviving sibling of Timothy Coughlin

Maura Coughlin-Roberti, individually, as surviving spouse of Timothy Coughlin

Riley Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Ryann Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Sean Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Francis Coughlin, Jr. as Personal Representative of the Estate of Alice Coughlin, deceased, the late parent of Timothy Coughlin

Robert Coughlin and Francis Coughlin as Co-Personal Representatives of the Estate of Francis Coughlin, Sr., deceased, the late parent of Timothy Coughlin

Francis Coughlin, Jr. and Maura Coughlin-Roberti, as the Co-Personal Representatives of the Estate of Timothy Coughlin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Coughlin

Regina Martin as Personal Representative of the Estate of Francis Cove, deceased, the late sibling of James Cove

Regina Martin as Personal Representative of the Estate of Margaret Cove, deceased, the late parent of James Cove

2

Regina Martin, individually, as surviving sibling of James Cove

Vancena Dawson Donovan, individually, as surviving sibling of Calvin Dawson

Vanita Aviles, individually, as surviving sibling of Calvin Dawson

Janita Clyne, individually, as surviving sibling of Calvin Dawson

Alvin Dawson, individually, as surviving sibling of Calvin Dawson

Annette Simon, individually, as surviving sibling of Calvin Dawson

Charles Dawson, individually, as surviving sibling of Calvin Dawson

Janet Dawson, individually, as surviving sibling of Calvin Dawson

Lena Dawson, individually, as surviving spouse of Calvin Dawson

Tatiana Dawson, individually, as surviving child of Calvin Dawson

Victorine Dawson, individually, as surviving sibling of Calvin Dawson

Doris Hetherington, individually, as surviving sibling of Calvin Dawson

Lena Dawson, as the Personal Representative of the Estate of Calvin Dawson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Calvin Dawson

Daniella De La Pena, individually, as surviving child of Emerita De la Pena

Gabriel De La Pena, individually, as surviving spouse of Emerita De La Pena

Gabriel De La Pena, as the Personal Representative of the Estate of Emerita De La Pena, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Emerita De La Pena

Ronald Sierra, individually, as surviving spouse of Judith Berquis Diaz-Sierra

Ronald Sierra, as the Personal Representative of the Estate of Judith Berquis Diaz-Sierra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Judith Berquis Diaz-Sierra

Marlyse Salome Bosley, individually, as surviving sibling of Jose Espinal

Saul Espinal Ramos, individually, as surviving sibling of Jose Espinal

Eileen Esquilin, individually, as surviving sibling of Ruben Esquilin

Marybelle Vargas, individually, as surviving sibling of Ruben Esquilin

3

John Doe 86, being intended to designate the Personal Representative of the Estate of Wendy Faulkner, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Wendy Faulkner

Stephen Morris, individually, as surviving sibling of Wendy Faulkner

Annette Fields, individually, as surviving sibling of Samuel Fields, Sr.

Felicia Fields, individually, as surviving sibling of Samuel Fields, Sr.

Michael Fields, individually, as surviving sibling of Samuel Fields, Sr.

Kevin Finnerty, individually, as surviving sibling of Timothy Finnerty

Peter Finnerty, individually, as surviving parent of Timothy Finnerty

Theresa Roberts, individually, as surviving spouse of Timothy Finnerty

Theresa Roberts, as the Personal Representative of the Estate of Timothy Finnerty, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Finnerty

Louise Flickinger as Personal Representative of the Estate of Carl J. Flickinger, deceased, the late parent of Carl M. Flickinger

Alana Flickinger, individually, as surviving child of Carl M. Flickinger

Carl J. Flickinger, individually, as surviving child of Carl M. Flickinger

Craig T. Flickinger, individually, as surviving child of Carl M. Flickinger

Edmund Flickinger, individually, as surviving sibling of Carl M. Flickinger

Kathleen Flickinger, individually, as surviving spouse of Carl M. Flickinger

Louise Flickinger, individually, as surviving parent of Carl M. Flickinger

Robert Flickinger, individually, as surviving sibling of Carl M. Flickinger

Lisa Madden, individually, as surviving sibling of Carl M. Flickinger

Kathleen Flickinger, as the Personal Representative of the Estate of Carl M. Flickinger, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carl M. Flickinger

Sylvia Aleman, individually, as surviving sibling of Claudia Foster

4

Blanca Martinez, individually, as surviving parent of Claudia Foster

Carlos Martinez, individually, as surviving parent of Claudia Foster

Karen Carlucci, individually, as surviving spouse of Peter Frank

Constance Frank, individually, as surviving parent of Peter Frank

Michelle Frank, individually, as surviving sibling of Peter Frank

Peter Frank, individually, as surviving parent of Peter Frank

John Doe 87, being intended to designate the Personal Representative of the Estate of Peter Frank, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Frank

Edward Gnazzo, individually, as surviving sibling of John Gnazzo

Nicholas Gnazzo, individually, as surviving sibling of John Gnazzo

Song Jeng, individually, as surviving parent of John Gnazzo

Luz America Piedrahita Ayala, individually, as surviving parent of Wilder Gomez

Jairo Gomez, individually, as surviving sibling of Wilder Gomez

Omar Gomez, individually, as surviving sibling of Wilder Gomez

Walter Gomez, individually, as surviving sibling of Wilder Gomez

Kathleen Griffin, individually, as surviving sibling of John Griffin

Lucy Aita, individually, as surviving spouse of Paul Innella

Lucy Aita, as the Personal Representative of the Estate of Paul Innella, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Innella

5

IH 6 احضاریه 28 USC 1608
4/17

# دادگاه ناحیه‌ای ایالات متحده
## جهت
## ناحیه جنوب نیویورک

بر بری آرون و دیگران. (به پیوست مراجعه کنید)        )
                                                     )
                                                     )
                                                     )  _____
                                                     )      *خواهان(ها)*
                                                     )         علیه
اقدام مدنی شماره                                     )
                                                     )
                                                     )  جمهوری اسلامی ایران
                                                     )
                                                     )  _____
                                                     )      *خوانده(ها)*
                                                     )
                                                     )

### احضاریه در یک اقدام مدنی

به:      *(نام و آدرس خوانده)*

جمهوری اسلامی ایران
خطاب به سفیر دائم ایران
در سازمان ملل متحد
622 Third Avenue
New York,NY10017

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
شرکت آندرسون کیل
1251 Avenue of the Americas
New York,NY10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

منشی دادگاه

تاریخ:        10/11/2020        /امضا/ پی. کاتالز.

_____
امضای منشی یا معاون منشی

[امضا]
[مهر]: دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک

پرونده UA-09376-cv-20:1   سند ۳  ارائه شده در ۱۱/۱۹/۲۰   صفحه ۲ از ۷

<div dir="rtl">

28 USC 1608 احضاریه ۱۲/۱۱ (صفحه ۲)

اقدام مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام Fed. R. Civ. P. 4 (l))

این ابلاغیه مربوط به (نام فرد یا سمت، در صورت امکان) _____ در (تاریخ) _____
به من ابلاغ شد. _____

☐ من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____ _____ در
_____ (تاریخ) ابلاغ کردم؛ یا _____

☐ من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم (نام) _____ ،
☐ _____ شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد، در
(تاریخ) _____ ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

☐ من ابلاغیه را به این فرد تحویل دادم: (نام فرد) _____ ، که بنا به قانون اجازه
دارد ابلاغ احضاریه را از طرف (نام سازمان) _____
_____ بپذیرد؛ در (تاریخ) _____ ؛ یا

☐ من احضاریه را بدون ابلاغ برگرداندم زیرا ؛ _____ یا

☐ سایر (مشخص کنید): _____

حق‌الزحمه من عبارت است از _____ دلار برای _____ سفر و دلار برای ابلاغ در مجموع   0.00   دلار

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ _____

_____
امضای ابلاغ‌کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
نشانی ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

</div>

ضمیمه

بر بری آرون، انفراداً و به عنوان والد بازمانده جوشا آرون

دانا آرون، انفراداً به عنوان برادر/خواهر بازمانده جاشوا آرون

باربارا آن سالیوان، انفراداً به عنوان برادر/خواهر بازمانده جیمز دبیلیو. باربلا

دوروتی بلندینگ به عنوان نماینده شخصی ماترک هری بلندینگ سنیور، متوفی، والد متوفای هری بلندینگ جونیور

آنتونی بوچی، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

النا بوچی، انفراداً، به عنوان والد بازمانده جان بوچی

متیو بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

مایکل بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

میشل بوچی-ساندلو، انفراداً، به عنوان همسر بازمانده جان بوچی

نیکلاس بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

پل بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

آن بوچی-شویمر، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

دیان بوچی اسولا، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

النا بوچی به عنوان نماینده شخصی ماترک کامیلو بوچی، متوفی، والد متوفای جان بوچی

لوسی بوچی کراوس، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

میشل بوچی-ساندلو، به عنوان نماینده شخصی ماترک جان بوچی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان بوچی

دافنه باورز، انفراداً، به عنوان والد بازمانده ورونیک باورز

آندرو برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

کارولینا برودریک، انفراداً، به عنوان همسر بازمانده مارک برودریک

جیمز برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

متیو برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

1

کارولینا برودریک، به عنوان نماینده شخصی ماترک مارک برودریک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مارک برودریک

آنگوس ژاک، انفراداً، به عنوان والد بازمانده فلیکس کالیکسته

کریستین بروزون، انفراداً، به عنوان همسر بازمانده لوئیجی کالوی

کریستین بروزون، به عنوان نماینده شخصی ماترک لوئیجی کالوی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوئیجی کالوی

جیمز چری، انفراداً، به عنوان برادر/خواهر بازمانده ورنون چری

سینتیا تایلور، انفراداً، به عنوان برادر/خواهر بازمانده ورنون چری

جرامینه الکساندر، انفراداً، به عنوان برادر/خواهر بازمانده برندا کانوی

تامی الکساندر، انفراداً، به عنوان برادر/خواهر بازمانده برندا کانوی

دنیس کافلین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

فرانسیس کافلین جونیور، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

رابرت کافلین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

مائورا کافلین-رابرتی، انفراداً، به عنوان همسر بازمانده تیموتی کافلین

ریلی کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

ریان کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

سین کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

فرانسیس کافلین جونیور، به عنوان نماینده شخصی ماترک آلیس کافلین، متوفی، والد متوفای تیموتی کافلین

رابرت کافلین و فرانسیس کافلین به عنوان نمایندگان شخصی مشترک ماترک فرانسیس کافلین سنیور، متوفی، والد متوفای تیموتی کافلین

فرانسیس کافلین جونیور و مائورا کافلین-رابرتی به عنوان نمایندگان شخصی مشترک ماترک تیموتی کافلین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی کافلین

رجینا مارتین به عنوان نماینده شخصی ماترک فرانسیس کاو، متوفی، برادر/خواهر متوفای جیمز کاو

رجینا مارتین به عنوان نماینده شخصی ماترک مارگارت کاو، متوفی، والد متوفای جیمز کاو

رجینا مارتین، انفراداً، به عنوان برادر/خواهر بازمانده جیمز کاو

ونسا داوسون دوناوان، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

وانیتا آویلز، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

جانیتا کلاین، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

آلوین داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

آنت سیمون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

چارلز داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

جانت داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

لنا داوسون، انفراداً، به عنوان همسر بازمانده کالوین داوسون

تاتیانا داوسون، انفراداً، به عنوان فرزند بازمانده کالوین داوسون

ویکتورین داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

دوریس هترینگتون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

لنا داوسون، به عنوان نماینده شخصی ماترک کالوین داوسون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کالوین داوسون

دانیلا دلا پنا، انفراداً، به عنوان فرزند بازمانده امریتا دلا پنا

گابریل دانیلا دلا پنا، انفراداً، به عنوان همسر بازمانده امریتا دلا پنا

گابریل دانیلا دلا پنا، به عنوان نماینده شخصی ماترک امریتا دلا پنا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده امریتا دلا پنا

رونالد سییرا، انفراداً، به عنوان همسر بازمانده جودیت برکیس دیاز-سییرا

رونالد سییرا، به عنوان نماینده شخصی ماترک برکیس دیاز-سییرا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده برکیس دیاز-سییرا

مارلیس سالومه بوسلی، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

سائول اسپینال راموس، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

الین اسکولین، انفراداً، به عنوان برادر/خواهر بازمانده روبن اسکولین

ماریبل ورگاس، انفراداً، به عنوان برادر/خواهر بازمانده روبن اسکولین

جان داو 86، که قصد دارد نماینده شخصی ماترک وندی فالکنر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وندی فالکنر

استفن موریس، انفراداً، به عنوان برادر/خواهر بازمانده وندی فالکنر

آنت فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

فلیشیا فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

مایکل فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

کوین فینرتی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی فینرتی

پیتر فینرتی، انفراداً، به عنوان والد بازمانده تیموتی فینرتی

ترزا رابرتز، انفراداً، به عنوان همسر بازمانده تیموتی فینرتی

ترزا رابرتز، به عنوان نماینده شخصی ماترک تیموتی فینرتی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی فینرتی

لوئیس فلیکینگر به عنوان نماینده شخصی ماترک کارل جی. فلیکینگر، متوفی، والد متوفای کارل ام. فلیکینگر

آلانا فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

کارل ام. فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

کریگ تی. فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

ادموند فلیکینگر، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

کاتلین فلیکینگر، انفراداً، به عنوان همسر بازمانده کارل ام. فلیکینگر

لوئیس فلیکینگر، انفراداً، به عنوان والد بازمانده کارل ام. فلیکینگر

رابرت فلیکینگر، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

لیزا مادن، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

کاتلین فلیکینگر، به عنوان نماینده شخصی ماترک کارل ام. فلیکینگر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارل ام. فلیکینگر

سیلویا آلمن، انفراداً، به عنوان برادر/خواهر بازمانده کلودیا فاستر

4

بلانکا مارتینز، انفراداً، به عنوان والد بازمانده کلودیا فاستر

کارلوس مارتینز، انفراداً، به عنوان والد بازمانده کلودیا فاستر

کارن کارلوچی، انفراداً، به عنوان همسر بازمانده پیتر فرانک

کنستانس فرانک، انفراداً، به عنوان والد بازمانده پیتر فرانک

میشل فرانک، انفراداً، به عنوان برادر/خواهر بازمانده پیتر فرانک

پیتر فرانک، انفراداً، به عنوان والد بازمانده پیتر فرانک

جان داو 87، که قصد دارد نماینده شخصی ماترک پیتر فرانک، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر فرانک

ادوارد گنازو، انفراداً، به عنوان برادر/خواهر بازمانده جان گنازو

نیکلاس گنازو، انفراداً، به عنوان برادر/خواهر بازمانده جان گنازو

سانگ جنگ، انفراداً، به عنوان والد بازمانده جان گنازو

لوز آمریکا پیدراهیتا آیالا، انفراداً، به عنوان والد بازمانده وایلدر گومز

خایرو گومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گومز

عمر گومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گومز

والتر گومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گومز

کاتلین گریفین، انفراداً، به عنوان برادر/خواهر بازمانده جان گریفین

لوسی آیتا، انفراداً، به عنوان همسر بازمانده پل اینلا

لوسی آیتا، به عنوان نماینده شخصی ماترک پل اینلا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل اینلا

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

Ber Barry Aron, individually, as surviving parent of
Joshua Aron

Dana Aron Weiner, individually, as surviving sibling
of Joshua Aron

Barbara Ann Sullivan, individually, as surviving
sibling of James W. Barbella

Dorothy Blanding as Personal Representative of the
Estate of Harry Blanding, Sr., deceased, the late
parent of Harry Blanding, Jr.

Anthony Bocchi, individually, as surviving sibling of
John Bocchi

Elena Bocchi, individually, as surviving parent of
John Bocchi

Matthew Bocchi, individually, as surviving child of
John Bocchi

Michael Bocchi, individually, as surviving child of
John Bocchi

Michele Bocchi-Sandello, individually, as surviving
spouse of John Bocchi

Nicholas Bocchi, individually, as surviving child of
John Bocchi

Paul Bocchi, individually, as surviving child of John
Bocchi

Ann Bocchi-Schwimmer, individually, as surviving
sibling of John Bocchi

Diane Bocchi Esola, individually, as surviving sibling
of John Bocchi

Civil Docket Number:

_____

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

docs-100312276.2

Elena Bocchi as Personal Representative of the Estate of Camillo Bocchi, deceased, the late parent of John Bocchi

Lucy Bocchi Kraus, individually, as surviving sibling of John Bocchi

Michele Bocchi-Sandello, as the Personal Representative of the Estate of John Bocchi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John Bocchi

Daphne Bowers, individually, as surviving parent of Veronique Bowers

Andrew Broderick, individually, as surviving child of Mark Broderick

Carolina Broderick, individually, as surviving spouse of Mark Broderick

James Broderick, individually, as surviving child of Mark Broderick

Matthew Broderick, individually, as surviving child of Mark Broderick

Carolina Broderick, as the Personal Representative of the Estate of Mark Broderick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mark Broderick

Angus Jacques, individually, as surviving parent of Felix Calixte

Christine Brozon, individually, as surviving spouse of Luigi Calvi

Christine Brozon, as the Personal Representative of the Estate of Luigi Calvi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Luigi Calvi

James Cherry, individually, as surviving sibling of Vernon Cherry

2

Cynthia Taylor, individually, as surviving sibling of Vernon Cherry

Germaine Alexander, individually, as surviving sibling of Brenda Conway

Tammi Alexander, individually, as surviving sibling of Brenda Conway

Dennis Coughlin, individually, as surviving sibling of Timothy Coughlin

Francis Coughlin, Jr., individually, as surviving sibling of Timothy Coughlin

Robert Coughlin, individually, as surviving sibling of Timothy Coughlin

Maura Coughlin-Roberti, individually, as surviving spouse of Timothy Coughlin

Riley Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Ryann Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Sean Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Francis Coughlin, Jr. as Personal Representative of the Estate of Alice Coughlin, deceased, the late parent of Timothy Coughlin

Robert Coughlin and Francis Coughlin as Co-Personal Representatives of the Estate of Francis Coughlin, Sr., deceased, the late parent of Timothy Coughlin

Francis Coughlin, Jr. and Maura Coughlin-Roberti, as the Co-Personal Representatives of the Estate of Timothy Coughlin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Coughlin

Regina Martin as Personal Representative of the Estate of Francis Cove, deceased, the late sibling of James Cove

3

Regina Martin as Personal Representative of the
Estate of Margaret Cove, deceased, the late parent of
James Cove

Regina Martin, individually, as surviving sibling of
James Cove

Vancena Dawson Donovan, individually, as surviving
sibling of Calvin Dawson

Vanita Aviles, individually, as surviving sibling of
Calvin Dawson

Janita Clyne, individually, as surviving sibling of
Calvin Dawson

Alvin Dawson, individually, as surviving sibling of
Calvin Dawson

Annette Simon, individually, as surviving sibling of
Calvin Dawson

Charles Dawson, individually, as surviving sibling of
Calvin Dawson

Janet Dawson, individually, as surviving sibling of
Calvin Dawson

Lena Dawson, individually, as surviving spouse of
Calvin Dawson

Tatiana Dawson, individually, as surviving child of
Calvin Dawson

Victorine Dawson, individually, as surviving sibling
of Calvin Dawson

Doris Hetherington, individually, as surviving sibling
of Calvin Dawson

Lena Dawson, as the Personal Representative of the
Estate of Calvin Dawson, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Calvin Dawson

Daniella De La Pena, individually, as surviving child
of Emerita De la Pena

4

Gabriel De La Pena, individually, as surviving spouse of Emerita De La Pena

Gabriel De La Pena, as the Personal Representative of the Estate of Emerita De La Pena, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Emerita De La Pena

Ronald Sierra, individually, as surviving spouse of Judith Berquis Diaz-Sierra

Ronald Sierra, as the Personal Representative of the Estate of Judith Berquis Diaz-Sierra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Judith Berquis Diaz-Sierra

Marlyse Salome Bosley, individually, as surviving sibling of Jose Espinal

Saul Espinal Ramos, individually, as surviving sibling of Jose Espinal

Eileen Esquilin, individually, as surviving sibling of Ruben Esquilin

Marybelle Vargas, individually, as surviving sibling of Ruben Esquilin

John Doe 86, being intended to designate the Personal Representative of the Estate of Wendy Faulkner, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Wendy Faulkner

Stephen Morris, individually, as surviving sibling of Wendy Faulkner

Annette Fields, individually, as surviving sibling of Samuel Fields, Sr.

5

docs-100312276.2

Felicia Fields, individually, as surviving sibling of
Samuel Fields, Sr.

Michael Fields, individually, as surviving sibling of
Samuel Fields, Sr.

Kevin Finnerty, individually, as surviving sibling of
Timothy Finnerty

Peter Finnerty, individually, as surviving parent of
Timothy Finnerty

Theresa Roberts, individually, as surviving spouse of
Timothy Finnerty

Theresa Roberts, as the Personal Representative of the
Estate of Timothy Finnerty, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Timothy Finnerty

Louise Flickinger as Personal Representative of the
Estate of Carl J. Flickinger, deceased, the late parent
of Carl M. Flickinger

Alana Flickinger, individually, as surviving child of
Carl M. Flickinger

Carl J. Flickinger, individually, as surviving child of
Carl M. Flickinger

Craig T. Flickinger, individually, as surviving child of
Carl M. Flickinger

Edmund Flickinger, individually, as surviving sibling
of Carl M. Flickinger

Kathleen Flickinger, individually, as surviving spouse
of Carl M. Flickinger

Louise Flickinger, individually, as surviving parent of
Carl M. Flickinger

Robert Flickinger, individually, as surviving sibling of
Carl M. Flickinger

Lisa Madden, individually, as surviving sibling of
Carl M. Flickinger

docs-100312276.2

Kathleen Flickinger, as the Personal Representative of the Estate of Carl M. Flickinger, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carl M. Flickinger

Sylvia Aleman, individually, as surviving sibling of Claudia Foster

Blanca Martinez, individually, as surviving parent of Claudia Foster

Carlos Martinez, individually, as surviving parent of Claudia Foster

Karen Carlucci, individually, as surviving spouse of Peter Frank

Constance Frank, individually, as surviving parent of Peter Frank

Michelle Frank, individually, as surviving sibling of Peter Frank

Peter Frank, individually, as surviving parent of Peter Frank

John Doe 87, being intended to designate the Personal Representative of the Estate of Peter Frank, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Frank

Edward Gnazzo, individually, as surviving sibling of John Gnazzo

Nicholas Gnazzo, individually, as surviving sibling of John Gnazzo

Song Jeng, individually, as surviving parent of John Gnazzo

7

Luz America Piedrahita Ayala, individually, as
surviving parent of Wilder Gomez

Jairo Gomez, individually, as surviving sibling of
Wilder Gomez

Omar Gomez, individually, as surviving sibling of
Wilder Gomez

Walter Gomez, individually, as surviving sibling of
Wilder Gomez

Kathleen Griffin, individually, as surviving sibling of
John Griffin

Lucy Aita, individually, as surviving spouse of Paul
Innella

Lucy Aita, as the Personal Representative of the
Estate of Paul Innella, deceased, and on behalf of all
survivors and all legally entitled beneficiaries and
family members of Paul Innella

<div style="text-align:center">Plaintiff(s),</div>

<div style="text-align:center">-against-</div>

Islamic Republic of Iran,

<div style="text-align:center">Defendant.</div>

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form

Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September

11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by

the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference

the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs'

Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No.

3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903

(GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

<div style="text-align:center">8</div>

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.      Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

9

docs-100312276.2

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.      In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

> As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

> As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each individual

who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein

referred to as "Plaintiffs."

     a.    The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

     b.    Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

     c.    As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

     d.    For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

     e.    For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

     f.    The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: November 9, 2020

Respectfully submitted,

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

*Attorneys for Plaintiffs*

docs-100312276.2

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Ber Barry Aron | MD | United States | Joshua Aron | Parent | United States | Solatium |
| 2 | Dana Aron Weiner | IL | United States | Joshua Aron | Sibling | United States | Solatium |
| 3 | Barbara Ann Sullivan | TX | United States | James W. Barbella | Sibling | United States | Solatium |
| 4 | Dorothy Blanding as Personal Representative of the Estate of Harry Blanding, Sr. | NJ | Unied States | Harry Blanding, Jr. | Parent (deceased) | United States | Solatium |
| 5 | Anthony Bocchi | NJ | United States | John Bocchi | Sibling | United States | Solatium |
| 6 | Elena Bocchi | NJ | United States | John Bocchi | Parent | United States | Solatium |
| 7 | Matthew Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 8 | Michael Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 9 | Michele Bocchi-Sandello | NJ | United States | John Bocchi | Spouse | United States | Solatium |
| 10 | Nicholas Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 11 | Paul Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 12 | Ann Bocchi-Schwimmer | NJ | United States | John Bocchi | Sibling | United States | Solatium |
| 13 | Diane Bocchi Esola | FL | United States | John Bocchi | Sibling | United States | Solatium |
| 14 | Elena Bocchi as Personal Representative of the Estate of Camillo Bocchi | NJ | United States | John Bocchi | Parent (deceased) | United States | Solatium |
| 15 | Lucy Bocchi Kraus | NJ | United States | John Bocchi | Sibling | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

docs-100312276.2

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 16 | Michele Bocchi-Sandello | NJ | United States | John Bocchi | PR | United States | Solatium/Wrongful Death |
| 17 | Daphne Bowers | NY | United States | Veronique Bowers | Parent | United States | Solatium |
| 18 | Andrew Broderick | NJ | United States | Mark Broderick | Child | United States | Solatium |
| 19 | Carolina Broderick | NJ | United States | Mark Broderick | Spouse | United States | Solatium |
| 20 | James Broderick | NJ | United States | Mark Broderick | Child | United States | Solatium |
| 21 | Matthew Broderick | NJ | United States | Mark Broderick | Child | United States | Solatium |
| 22 | Carolina Broderick | NJ | United States | Mark Broderick | PR | United States | Solatium/Wrongful Death |
| 23 | Angus Jacques | St. Lucia | United States | Felix Calixte | Parent | United States | Solatium |
| 24 | Christine Brozon | NY | United States | Luigi Calvi | Spouse | Italy | Solatium |
| 25 | Christine Brozon | NY | United States | Luigi Calvi | PR | Italy | Solatium/Wrongful Death |
| 26 | James Cherry | MD | United States | Vernon Cherry | Sibling | United States | Solatium |
| 27 | Cynthia Taylor | GA | United States | Vernon Cherry | Sibling | United States | Solatium |
| 28 | Germaine Alexander | NY | United States | Brenda Conway | Sibling | United States | Solatium |
| 29 | Tammi Alexander | NY | United States | Brenda Conway | Sibling | United States | Solatium |
| 30 | Dennis Coughlin | NY | United States | Timothy Coughlin | Sibling | United States | Solatium |
| 31 | Francis Coughlin, Jr. | NY | United States | Timothy Coughlin | Sibling | United States | Solatium |
| 32 | Robert Coughlin | NY | United States | Timothy Coughlin | Sibling | United States | Solatium |
| 33 | Maura Coughlin-Roberti | NY | United States | Timothy Coughlin | Spouse | United States | Solatium |
| 34 | Riley Coughlin-Roberti | NY | United States | Timothy Coughlin | Child | United States | Solatium |
| 35 | Ryann Coughlin-Roberti | NY | United States | Timothy Coughlin | Child | United States | Solatium |
| 36 | Sean Coughlin-Roberti | NY | United States | Timothy Coughlin | Chld | United States | Solatium |
| 37 | Francis Coughlin, Jr. as Personal Representative of the Estate of Alice Coughlin | NY | United States | Timothy Coughlin | Parent (deceased) | United States | Solatium |
| 38 | Robert Coughlin and Francis Coughlin as Co-Personal Representatives of the Estate of Francis Coughlin, Sr. | NY | United States | Timothy Coughlin | Parent (deceased) | United States | Solatium |

14

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 39 | Francis Coughlin, Jr. and Maura Couglin-Roberti | NY | United States | Timothy Coughlin | Co-PRs | United States | Solatium/Wrongful Death |
| 40 | Regina Martin as Personal Representative of the Estate of Francis Cove | FL | United States | James Cove | Sibling (deceased) | United States | Solatium |
| 41 | Regina Martin as Personal Representative of the Estate of Margaret Cove | FL | United States | James Cove | Parent (deceased) | United States | Solatium |
| 42 | Regina Martin | FL | United States | James Cove | Sibling | Unites States | Solatium |
| 43 | Vancena Dawson Donovan | USVI | | Calvin Dawson | Sibling | United States | Solatium |
| 44 | Vanita Aviles | PR | United States | Calvin Dawson | Sibling | United States | Solatium |
| 45 | Janita Clyne | British VI | United States | Calvin Dawson | Sibling | United States | Solatium |
| 46 | Alvin Dawson | GA | Britain | Calvin Dawson | Sibling | United States | Solatium |
| 47 | Annette Simon | NY | Non-U.S. | Calvin Dawson | Sibling | United States | Solatium |
| 48 | Charles Dawson | British Virgin Islands | Britain | Calvin Dawson | Sibling | United States | Solatium |
| 49 | Janet Dawson | NY | Non-U.S. | Calvin Dawson | Sibling | United States | Solatium |
| 50 | Lena Dawson | GA | United States | Calvin Dawson | Spouse | United States | Solatium |
| 51 | Tatiana Dawson | GA | United States | Calvin Dawson | Child | United States | Solatium |
| 52 | Victorine Dawson | USVI | United States | Calvin Dawson | Sibling | United States | Solatium |
| 53 | Doris Hetherington | VI | British Virgin Islands | Calvin Dawson | Sibling | United States | Solatium |
| 54 | Lena Dawson | TBD | United States | Calvin Dawson | PR | United States | Solatium/Wrongful Death |
| 55 | Daniella De La Pena | FL | United States | Emerita De la Pena | Child | United States | Solatium |
| 56 | Gabriel De La Pena | FL | United States | Emerita De La Pena | Spouse | United States | Solatium |
| 57 | Gabriel De La Pena | FL | United States | Emerita De La Pena | PR | United States | Solatium/Wrongful Death |
| 58 | Ronald Sierra | NY | United States | Judith Berquis Diaz-Sierra | Spouse | United States | Solatium |
| 59 | Ronald Sierra | NY | United States | Judith Berquis Diaz-Sierra | PR | United States | Solatium/Wrongful Death |
| 60 | Marlyse Salome Bosley | AZ | United States | Jose Espinal | Sibling | United States | Solatium |
| 61 | Saul Espinal Ramos | Canada | Canada | Jose Espinal | Sibling | United States | Solatium |
| 62 | Eileen Esquilin | NJ | United States | Ruben Esquilin | Sibling | United States | Solatium |
| 63 | Marybelle Vargas | NY | United States | Ruben Esquilin | Sibling | United States | Solatium |
| 64 | John Doe 86 | TBD | United States | Wendy Faulkner | PR | United States | Solatium/Wrongful Death |

15

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 65 | Stephen Morris | NY | Australia | Wendy Faulkner | Sibling | United States | Solatium |
| 66 | Annette Fields | NY | United States | Samuel Fields, Sr. | Sibling | United States | Solatium |
| 67 | Felicia Fields | NY | United States | Samuel Fields, Sr. | Sibling | United States | Solatium |
| 68 | Michael Fields | NY | United States | Samuel Fields, Sr. | Sibling | United States | Solatium |
| 69 | Kevin Finnerty | MN | United States | Timothy Finnerty | Sibling | United States | Solatium |
| 70 | Peter Finnerty | NJ | United States | Timothy Finnerty | Parent | United States | Solatium |
| 71 | Theresa Roberts | NJ | United States | Timothy Finnerty | Spouse | United States | Solatium |
| 72 | Theresa Roberts | NJ | United States | Timothy Finnerty | PR | United States | Solatium/Wrongful Death |
| 73 | Louise Flickinger as Personal Representative of the Estate of Carl J. Flickinger | NY | United States | Carl M. Flickinger | Parent (deceased) | United States | Solatium |
| 74 | Alana Flickinger | NY | United States | Carl M. Flickinger | Child | United States | Solatium |
| 75 | Carl J. Flickinger | NY | United States | Carl M. Flickinger | Child | United States | Solatium |
| 76 | Craig T. Flickinger | NY | United States | Carl M. Flickinger | Child | United States | Solatium |
| 77 | Edmund Flickinger | NY | United States | Carl M. Flickinger | Sibling | United States | Solatium |
| 78 | Kathleen Flickinger | NY | United States | Carl M. Flickinger | Spouse | United States | Solatium |
| 79 | Louise Flickinger | NY | United States | Carl M. Flickinger | Parent | United States | Solatium |
| 80 | Robert Flickinger | PA | United States | Carl M. Flickinger | Sibling | United States | Solatium |
| 81 | Lisa Madden | NJ | United States | Carl M. Flickinger | Sibling | United States | Solatium |
| 82 | Kathleen Flickinger | NY | United States | Carl M. Flickinger | PR | United States | Solatium/Wrongful Death |
| 83 | Sylvia Aleman | NY | United States | Claudia Foster | Sibling | United States | Solatium |
| 84 | Blanca Martinez | NY | Honduras | Claudia Foster | Parent | United States | Solatium |
| 85 | Carlos Martinez | NY | Guatemala | Claudia Foster | Parent | United States | Solatium |
| 86 | Karen Carlucci | NY | United States | Peter Frank | Spouse | United States | Solatium |
| 87 | Constance Frank | NY | United States | Peter Frank | Parent | United States | Solatium |
| 88 | Michelle Frank | RI | United States | Peter Frank | Sibling | United States | Solatium |
| 89 | Peter Frank | NY | United States | Peter Frank | Parent | United States | Solatium |
| 90 | John Doe 87 | TBD | TBD | Peter Frank | PR | United States | Solatium/Wrongful Death |
| 91 | Edward Gnazzo | NY | United States | John Gnazzo | Sibling | United States | Solatium |
| 92 | Nicholas Gnazzo | NY | United States | John Gnazzo | Sibling | United States | Solatium |

16

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 93 | Song Jeng | NY | United States | John Gnazzo | Parent | United States | Solatium |
| 94 | Luz America Piedrahita Ayala | NY | Colombia | Wilder Gomez | Parent | Colombia | Solatium |
| 95 | Jairo Gomez | NY | Colombia | Wilder Gomez | Sibling | Colombia | Solatium |
| 96 | Omar Gomez | NY | Colombia | Wilder Gomez | Sibling | Colombia | Solatium |
| 97 | Walter Gomez | NY | Colombia | Wilder Gomez | Sibling | Colombia | Solatium |
| 98 | Kathleen Griffin | NJ | United States | John Griffin | Sibling | United States | Solatium |
| 99 | Lucy Aita | NJ | United States | Paul Innella | Spouse | United States | Solatium |
| 100 | Lucy Aita | NJ | United States | Paul Innella | PR | United States | Solatium/Wrongful Death |

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| 03-MDL-1570 (GBD)(SN) | عطف به:<br><br>حملات تروریستی 11 سپتامبر 2001 |
| شماره پرونده مدنی:<br><br>_____<br><br><u>فرم کوتاه شکایت از ایران و تقاضای<br>برگزاری محاکمه همراه با هیئت منصفه</u> | بر بری آرون، انفراداً و به عنوان والد بازمانده جوشا آرون<br><br>دانا آرون، انفراداً به عنوان برادر/خواهر بازمانده جاشوا آرون<br><br>باربارا آن سالیوان، انفراداً به عنوان برادر/خواهر بازمانده جیمز دبیلیو.<br>باربلا<br><br>دوروتی بلندینگ به عنوان نماینده شخصی ماترک هری بلندینگ سنیور،<br>متوفی، والد متوفای هری بلندینگ جونیور<br><br>آنتونی بوچی، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی<br><br>النا بوچی، انفراداً، به عنوان والد بازمانده جان بوچی<br><br>متیو بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی<br><br>مایکل بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی<br><br>میشل بوچی-ساندلو، انفراداً، به عنوان همسر بازمانده جان بوچی<br><br>نیکلاس بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی<br><br>پل بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی<br><br>آن بوچی-شویمر، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی<br><br>دیان بوچی اسولا، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی |

النا بوچی به عنوان نماینده شخصی ماترک کامیلو بوچی، متوفی، والد متوفای جان بوچی

لوسی بوچی کراوس، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

میشل بوچی-ساندلو، به عنوان نماینده شخصی ماترک جان بوچی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان بوچی

دافنه باورز، انفراداً، به عنوان والد بازمانده ورونیک باورز

آندرو برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

کارولینا برودریک، انفراداً، به عنوان همسر بازمانده مارک برودریک

جیمز برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

متیو برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

کارولینا برودریک، به عنوان نماینده شخصی ماترک مارک برودریک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مارک برودریک

آنگوس ژاک، انفراداً، به عنوان والد بازمانده فلیکس کالیکسته

کریستین بروزون، انفراداً، به عنوان همسر بازمانده لوئیجی کالوی

کریستین بروزون، به عنوان نماینده شخصی ماترک لوئیجی کالوی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوئیجی کالوی

جیمز چری، انفراداً، به عنوان برادر/خواهر بازمانده ورنون چری

2

سینتیا تایلور، انفراداً، به عنوان برادر/خواهر بازمانده ورنون چری

جرامینه الکساندر، انفراداً، به عنوان برادر/خواهر بازمانده برندا کانوی

تامی الکساندر، انفراداً، به عنوان برادر/خواهر بازمانده برندا کانوی

دنیس کافلین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

فرانسیس کافلین جونیور، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

رابرت کافلین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

مائورا کافلین-رابرتی، انفراداً، به عنوان همسر بازمانده تیموتی کافلین

ریلی کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

ریان کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

سین کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

فرانسیس کافلین جونیور، به عنوان نماینده شخصی ماترک آلیس کافلین، متوفی، والد متوفای تیموتی کافلین

رابرت کافلین و فرانسیس کافلین به عنوان نمایندگان شخصی مشترک ماترک فرانسیس کافلین سنیور، متوفی، والد متوفای تیموتی کافلین

فرانسیس کافلین جونیور و مائورا کافلین-رابرتی به عنوان نمایندگان شخصی مشترک ماترک تیموتی کافلین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی کافلین

رجینا مارتین به عنوان نماینده شخصی ماترک فرانسیس کاو، متوفی، برادر/خواهر متوفای جیمز کاو

رجینا مارتین به عنوان نماینده شخصی ماترک مارگارت کاو، متوفی، والد متوفای جیمز کاو

رجینا مارتین، انفراداً، به عنوان برادر/خواهر بازمانده جیمز کاو

ونسنا داوسون دوناوان، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

وانیتا آویلز، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

جانیتا کلاین، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

آلوین داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

آنت سیمون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

چارلز داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

جانت داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

لنا داوسون، انفراداً، به عنوان همسر بازمانده کالوین داوسون

تاتیانا داوسون، انفراداً، به عنوان فرزند بازمانده کالوین داوسون

ویکتورین داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

دوریس هترینگتون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

لنا داوسون، به عنوان نماینده شخصی ماترک کالوین داوسون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کالوین داوسون

دانیلا دلا پنا، انفراداً، به عنوان فرزند بازمانده امریتا دلا پنا

4

گابریل دانیلا دلا پنا، انفراداً، به عنوان بازمانده همسر امریتا دلا پنا

گابریل دانیلا دلا پنا، به عنوان نماینده شخصی ماترک امریتا دلا پنا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده امریتا دلا پنا

رونالد سبیرا، انفراداً، به عنوان بازمانده همسر جودیت برکیس دیاز-سبیرا

رونالد سبیرا، به عنوان نماینده شخصی ماترک برکیس دیاز-سبیرا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده برکیس دیاز-سبیرا

مارلیس سالومه بوسلی، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

سائول اسپینال راموس، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

الین اسکولین، انفراداً، به عنوان برادر/خواهر بازمانده روبن اسکولین

ماریبل ورگاس، انفراداً، به عنوان برادر/خواهر بازمانده روبن اسکولین

جان داو 86، که قصد دارد نماینده شخصی ماترک وندی فالکنر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا یا اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وندی فالکنر

استفن موریس، انفراداً، به عنوان برادر/خواهر بازمانده وندی فالکنر

آنت فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

فلیشیا فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

مایکل فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

کوین فینرتی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی فینرتی

پیتر فینرتی، انفراداً، به عنوان والد بازمانده تیموتی فینرتی

ترزا رابرتز، انفراداً، به عنوان همسر بازمانده تیموتی فینرتی

ترزا رابرتز، به عنوان نماینده شخصی ماترک تیموتی فینرتی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی فینرتی

لوئیس فلیکینگر به عنوان نماینده شخصی ماترک کارل جی. فلیکینگر، متوفی، والد متوفای کارل ام. فلیکینگر

آلانا فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

کارل ام. فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

کریگ تی. فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

ادموند فلیکینگر، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

کاتلین فلیکینگر، انفراداً، به عنوان همسر بازمانده کارل ام. فلیکینگر

لوئیس فلیکینگر، انفراداً، به عنوان والد بازمانده کارل ام. فلیکینگر

رابرت فلیکینگر، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

لیزا مادن، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

6

docs-100312276/2

کاتلین فلیکینگر، به عنوان نماینده شخصی ماترک کارل ام. فلیکینگر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارل ام. فلیکینگر

سیلویا آلمن، انفراداً، به عنوان برادر/خواهر بازمانده کلودیا فاستر

بلانکا مارتینز، انفراداً، به عنوان والد بازمانده کلودیا فاستر

کارلوس مارتینز، انفراداً، به عنوان والد بازمانده کلودیا فاستر

کارن کارلوچی، انفراداً، به عنوان همسر بازمانده پیتر فرانک

کنستانس فرانک، انفراداً، به عنوان والد بازمانده پیتر فرانک

میشل فرانک، انفراداً، به عنوان برادر/خواهر بازمانده پیتر فرانک

پیتر فرانک، انفراداً، به عنوان والد بازمانده پیتر فرانک

جان داو 87، که قصد دارد نماینده شخصی ماترک پیتر فرانک، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر فرانک

ادوارد گنازو، انفراداً، به عنوان برادر/خواهر بازمانده جان گنازو

نیکلاس گنازو، انفراداً، به عنوان برادر/خواهر بازمانده جان گنازو

سانگ جنگ، انفراداً، به عنوان والد بازمانده جان گنازو

7

آلوز آمریکا پیدراهیتا آیالا، انفراداً، به عنوان والد بازمانده وایلدر گُومز

خایرو گُومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گُومز

عمر گُومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گُومز

والتر گُومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گُومز

کاتلین گریفین، انفراداً، به عنوان برادر/خواهر بازمانده جان گریفین

لوسی آیتا، انفراداً، به عنوان همسر بازمانده پل اینلا

لوسی آیتا، به عنوان نماینده شخصی ماترک پل اینلا، متوفی، و از طرف
تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل اینلا

خواهان(ها)،

ـ علیه ـ

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر این فرم کوتاه شکایت را علیه
خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11
سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید
گردیده است.  هریک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت
تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب)
شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y (SN)(GBD) 15-CV-9903. تاریخ 8
فوریه 2016، ECF شماره 53.

docs-100312276/2

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش علیه بن لادن</u>، به شماره ECF (S.D.N.Y.) (SN) (GBD) 1:03-CV-9848 شماره‌های 294، 263، 295؛ <u>عطف به حملات تروریستی 11 سپتامبر 2001</u>، پرونده ECF (S.D.N.Y.) (SN)(GBD) 03-MDL-1570 شماره‌های 2516، 2515، 2473، 2433، 2432، 2431، 2430؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 ECF شماره 2540) را گنجانده‌اند.

## مکان

1.   مکان این ناحیه بر اساس 28 U.S.C. §§ 1391(b)(2) و 1391(f)(1) مناسب است چرا که بخش قابل توجهی از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه براساس 18 U.S.C. § 2334(a) مناسب است.

## صلاحیت قضایی

2.   صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 28 U.S.C. § 1605(a) (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28 U.S.C. § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علل اقدام

3.   بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط یک شکایت را علامت بزنید**]:

9

☐ شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره (SN)(GBD) 15-CV-9903 (S.D.N.Y. 8 فوریه 2016), ECF شماره 53

4. به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 28 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 U.S.C. § 18 و et seq. (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنای حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 U.S.C. § 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده و مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 U.S.C. § 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 2331 U.S.C. § 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 2333 U.S.C. § 18 et seq. بوده است.

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 28 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 U.S.C. § 18 و et seq. (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنای حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 U.S.C. § 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده و مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 U.S.C. § 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 2331 U.S.C. § 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 2333 U.S.C. § 18 et seq. بوده است.

**شناسایی خواهان‌های جدید**

5. اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a. شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b. خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. همان‌گونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر به‌طور مشخص در ضمیمه 1 ذکر گردیده است.

1. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده و/یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

e. نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6. تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

11

7.  خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی علیه هر یک از خواندگان یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8.  خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه**

9.  بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند. بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به صورت مقتضی دارند.

تاریخ: دوشنبه، 09 نوامبر 2020

تقدیم با احترام،

*امضا/ جری اس. گلدمن*

وکیل دعاوی جری اس. گلدمن
بروس استرانگ، وکیل دعاوی
ANDERSON KILL PC.
1251 Avenue of the Americas
New York, NY 10020
تلفن:212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

*وکلای خواهان‌ها*

docs-100312276/2

**ضمیمه 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است

که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم

کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | بر بری آرون (Ber Barry Aron) | پزشک | ایالات متحده | جوشا آرون (Joshua Aron) | والد | ایالات متحده | ترضیه خاطر |
| 2 | دانا آرون ویئر Dana Aron ) (Weiner | ایلینویز | ایالات متحده | جوشا آرون (Joshua Aron) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 3 | باربارا آن سالیوان Barbara Ann ) (Sullivan | تگزاس | ایالات متحده | جیمز دبلیو. باربلا James W. ) (Barbella | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | دوروتی بلندینگ Dorothy ) (Blanding به عنوان نماینده شخصی ماترک هری بلندینگ سنیور Harry Blanding, ) (.Sr | نیوجرسی | ایالات متحده | هری بلندینگ جونیور Harry ) (.Blanding, Jr | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 5 | آنتونی بوچی (Anthony Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 6 | النا بوچی ( Elena (Bocchi | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | والد | ایالات متحده | ترضیه خاطر |
| 7 | متیو بوچی (Matthew Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر |
| 8 | مایکل بوچی (Michael Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر |
| 9 | میشل بوچی-ساندلو | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | همسر | ایالات متحده | ترضیه خاطر |
| 10 | نیکلاس بوچی (Nicholas Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر |
| 11 | پل بوچی ( Paul (Bocchi | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر |
| 12 | آن بوچی‌شویمر Ann ) Bocchi-Schwimm (er | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 13 | دیان بوچی اسولا Diane Bocchi ) (Esola | فلوریدا | ایالات متحده | جان بوچی ( John (Bocchi | برادر/خواهر | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفی مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفی مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] در تاریخ 9/11/01 | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 14 | النا بوچی ( Elena Bocchi) به عنوان نماینده شخصی ماترک کامیلو بوچی (Camillo Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John Bocchi) (متوفی) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 15 | لوسی بوچی کراوس Lucy Bocchi (Kraus) | نیوجرسی | ایالات متحده | جان بوچی ( John Bocchi) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | میشل بوچی-ساندلو | نیوجرسی | ایالات متحده | جان بوچی ( John Bocchi) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 17 | دافنه باورز (Daphne Bowers) | نیویورک | ایالات متحده | ورونیک باورز Veronique ) Bowers) | والد | ایالات متحده | ترضیه خاطر |
| 18 | اندرو برودریک Andrew ) Broderick) | نیوجرسی | ایالات متحده | مارک برودریک Mark ) Broderick) | فرزند | ایالات متحده | ترضیه خاطر |
| 19 | کارولینا برودریک Carolina ) Broderick) | نیوجرسی | ایالات متحده | مارک برودریک Mark ) Broderick) | همسر | ایالات متحده | ترضیه خاطر |
| 20 | جیمز برودریک James ) Broderick) | نیوجرسی | ایالات متحده | مارک برودریک Mark ) Broderick) | فرزند | ایالات متحده | ترضیه خاطر |
| 21 | متیو برودریک Matthew ) Broderick) | نیوجرسی | ایالات متحده | مارک برودریک Mark ) Broderick) | فرزند | ایالات متحده | ترضیه خاطر |
| 22 | کارولینا برودریک Carolina ) Broderick) | نیوجرسی | ایالات متحده | مارک برودریک Mark ) Broderick) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 23 | انگوس ژاک ( Angus Jacques) | سنت لوسیا | ایالات متحده | فلیکس کالیکسته (Felix Calixte) | والد | ایالات متحده | ترضیه خاطر |
| 24 | کریستین بروزون Christine ) Brozon) | نیویورک | ایالات متحده | لوئیجی کالوی (Luigi Calvi) | همسر | ایتالیا | ترضیه خاطر |
| 25 | کریستین بروزون Christine ) Brozon) | نیویورک | ایالات متحده | لوئیجی کالوی (Luigi Calvi) | پورتو ریکو | ایتالیا | ترضیه خاطر/قتل غیرعمد |
| 26 | جیمز چری ( James Cherry) | پزشک | ایالات متحده | ورنون چری (Vernon Cherry) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | سینتیا تایلور (Cynthia Taylor) | جورجیا | ایالات متحده | ورنون چری (Vernon Cherry) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | جرماینه الکساندر Germaine ) Alexander) | نیویورک | ایالات متحده | برندا کانوی Brenda ) Conway) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | تامی الکساندر Tammi ) Alexander) | نیویورک | ایالات متحده | برندا کانوی Brenda ) Conway) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | دنیس کافلین ( Dennis Coughlin) | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) Coughlin) | برادر/خواهر | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفای 9/11 | نسبت خواهان با متوفای 9/11[1] | شهروندی/ تابعیت متوفای 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 31 | فرانسیس کافلین جونیور ( Francis Coughlin, Jr.) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 32 | رابرت کافلین ( Robert Coughlin) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 33 | مائورا کافلین-رابرتی ( Maura Coughlin-Roberti) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | همسر | ایالات متحده | ترضیه خاطر |
| 34 | ریلی کافلین-رابرتی ( Riley Coughlin-Roberti) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | فرزند | ایالات متحده | ترضیه خاطر |
| 35 | ریان کافلین-رابرتی ( Ryann Coughlin-Roberti) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | فرزند | ایالات متحده | ترضیه خاطر |
| 36 | سین کافلین-رابرتی ( Sean Coughlin-Roberti) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | فرزند | ایالات متحده | ترضیه خاطر |
| 37 | فرانسیس کافلین جونیور ( Francis Coughlin, Jr.)، به عنوان نماینده شخصی ماترک آلیس کافلین (Alice Coughlin) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 38 | رابرت کافلین ( Robert Coughlin) و فرانسیس کافلین ( Francis Coughlin) به عنوان نماینده شخصی مشترک ماترک فرانسیس کافلین سنیور ( Francis Coughlin, Sr.) | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 39 | فرانسیس کافلین جونیور و مائورا کافلین-رابرتی | نیویورک | ایالات متحده | تیموتی کافلین (Timothy Coughlin) | نمایندگان شخصی مشترک | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 40 | رجینا مارتین ( Regina Martin) به عنوان نماینده شخصی ماترک فرانسیس کاو (Francis Cove) | فلوریدا | ایالات متحده | فرانسیس کاو (James Cove) | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 41 | رجینا مارتین ( Regina Martin) به عنوان نماینده شخصی | فلوریدا | ایالات متحده | فرانسیس کاو (James Cove) | والد (متوفی) | ایالات متحده | ترضیه خاطر |

15

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| ماترک مارگارت کاو (Margaret Cove) | | | | | | | |
| رجینا مارتین (Regina Martin) | 42 | فلوریدا | ایالات متحده | فرانسیس کاو (James Cove) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| ونسنا ویرجین دوناوان (Vancena Dawson Donovan) | 43 | جزایر ویرجین ایالات متحده | | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| وانیتا اویلز (Vanita Aviles) | 44 | پورتو ریکو | ایالات متحده | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| جانیتا کلاین (Janita Clyne) | 45 | جزایر ویرجین بریتانیا | ایالات متحده | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| آلوین داوسون (Alvin Dawson) | 46 | جورجیا | بریتانیایی | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| آنت سیمون (Annette Simon) | 47 | نیویورک | غیرآمریکایی | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| چارلز داوسون (Charles Dawson) | 48 | جزایر ویرجین بریتانیا | بریتانیایی | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| جانت داوسون (Janet Dawson) | 49 | نیویورک | غیرآمریکایی | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| لنا داوسون (Lena Dawson) | 50 | جورجیا | ایالات متحده | کالوین داوسون Calvin (Dawson | همسر | ایالات متحده | ترضیه خاطر |
| تاتیانا داوسون (Tatiana Dawson) | 51 | جورجیا | ایالات متحده | کالوین داوسون Calvin (Dawson | فرزند | ایالات متحده | ترضیه خاطر |
| ویکتورین داوسون (Victorine Dawson) | 52 | جزایر ویرجین ایالات متحده | ایالات متحده | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| دوریس هثرینگتون (Doris Hetherington) | 53 | جزایر ویرجین | جزایر ویرجین بریتانیا | کالوین داوسون Calvin (Dawson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| لنا داوسون (Lena Dawson) | 54 | TBD | ایالات متحده | کالوین داوسون Calvin (Dawson | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| دانیلا دلا پنا (Daniella De La Pena) | 55 | فلوریدا | ایالات متحده | امریتا دلا پنا Emerita De La (Pena | فرزند | ایالات متحده | ترضیه خاطر |
| گابریل دانیلا دلا پنا (Gabriel De La Pena) | 56 | فلوریدا | ایالات متحده | امریتا دلا پنا Emerita De La (Pena | همسر | ایالات متحده | ترضیه خاطر |
| گابریل دانیلا دلا پنا (Gabriel De La Pena) | 57 | فلوریدا | ایالات متحده | امریتا دلا پنا Emerita De La (Pena | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

docs-100312276/2

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | | | | (Pena | | | |
| 58 | رونالد سیرا (Ronald Sierra) | نیویورک | ایالات متحده | جودیت برکیس دیاز-سیرا ( Judith Berquis Diaz-Sierra | همسر | ایالات متحده | ترضیه خاطر |
| 59 | رونالد سیرا (Ronald Sierra) | نیویورک | ایالات متحده | جودیت برکیس دیاز-سیرا ( Judith Berquis Diaz-Sierra | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 60 | مارلیس سالومه بوسلی ( Marlyse Salome Bosley) | آریزونا | ایالات متحده | خوزه اسپینال ( Jose Espinal | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 61 | سائول اسپینال راموس ( Saul Espinal Ramos) | کانادا | کانادا | خوزه اسپینال ( Jose Espinal | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 62 | الین اسکوئلین ( Eileen Esquilin) | نیوجرسی | ایالات متحده | روبن اسکوئلین Ruben ) Esquilin) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 63 | ماریبل ورگاس Marybelle ) Vargas) | نیویورک | ایالات متحده | روبن اسکوئلین Ruben ) Esquilin) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 64 | جان دو (John 86 Doe 86) | TBD | ایالات متحده | وندی فالکنر Wendy ) Faulkner) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 65 | استفن موریس (Stephen Morris) | نیویورک | استرالیا | وندی فالکنر Wendy ) Faulkner) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 66 | آنت فیلدز ( Annette Fields) | نیویورک | ایالات متحده | ساموئل فیلدز جونیور Samuel Fields, ) Sr.) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 67 | فلیشیا فیلدز ( Felicia Fields) | نیویورک | ایالات متحده | ساموئل فیلدز جونیور Samuel Fields, ) Sr.) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 68 | مایکل فیلدز (Michael Fields) | نیویورک | ایالات متحده | ساموئل فیلدز جونیور Samuel Fields, ) Sr.) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 69 | کوین فینرتی ( Kevin Finnerty) | مینه‌سوتا | ایالات متحده | تیموتی فینرتی Timothy ) Finnerty) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | پیتر فینرتی ( Peter Finnerty) | نیوجرسی | ایالات متحده | تیموتی فینرتی Timothy ) Finnerty) | والد | ایالات متحده | ترضیه خاطر |
| 71 | ترزا رابرتز (Theresa Roberts) | نیوجرسی | ایالات متحده | تیموتی فینرتی Timothy ) Finnerty) | همسر | ایالات متحده | ترضیه خاطر |
| 72 | ترزا رابرتز (Theresa Roberts) | نیوجرسی | ایالات متحده | تیموتی فینرتی Timothy ) Finnerty) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) 9/11/01 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 73 | لوئیس فلیکینگر ( Louise Flickinger ) به عنوان نماینده شخصی ماترک کارل جی. فلیکینگ ( Carl J. Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 74 | آلانا فلیکینگر ( Alana Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | فرزند | ایالات متحده | ترضیه خاطر |
| 75 | کارل جی. فلیکینگ ( Carl J. Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | فرزند | ایالات متحده | ترضیه خاطر |
| 76 | کریگ تی. فلیکینگر ( Craig T. Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | فرزند | ایالات متحده | ترضیه خاطر |
| 77 | ادموند فلیکینگر ( Edmund Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 78 | کاتلین فلیکینگر ( Kathleen Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | همسر | ایالات متحده | ترضیه خاطر |
| 79 | لوئیس فلیکینگر ( Louise Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | والد | ایالات متحده | ترضیه خاطر |
| 80 | رابرت فلیکینگر ( Robert Flickinger ) | پنسیلوانیا | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 81 | لیزا مادن ( Lisa Madden ) | نیوجرسی | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 82 | کاتلین فلیکینگر ( Kathleen Flickinger ) | نیویورک | ایالات متحده | کارل ام. فلیکینگر ( Carl M. Flickinger ) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 83 | سیلویا آلمن ( Sylvia Aleman ) | نیویورک | ایالات متحده | کلودیا فاستر (Claudia Foster) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 84 | بلانکا مارتینز (Blanca Martinez) | نیویورک | هندوراس | کلودیا فاستر (Claudia Foster) | والد | ایالات متحده | ترضیه خاطر |
| 85 | کارلوس مارتینز (Carlos Martinez) | نیویورک | گواتمالا | کلودیا فاستر (Claudia Foster) | والد | ایالات متحده | ترضیه خاطر |
| 86 | کارن کارلوچی (Karen Carlucci) | نیویورک | ایالات متحده | پیتر فرانک ( Peter Frank ) | همسر | ایالات متحده | ترضیه خاطر |
| 87 | کنستانس فرانک ( Constance Frank ) | نیویورک | ایالات متحده | پیتر فرانک ( Peter Frank ) | والد | ایالات متحده | ترضیه خاطر |
| 88 | میشل فرانک (Michelle Frank) | رود آیلند | ایالات متحده | پیتر فرانک ( Peter Frank ) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 89 | پیتر فرانک ( Peter Frank ) | نیویورک | ایالات متحده | پیتر فرانک ( Peter Frank ) | والد | ایالات متحده | ترضیه خاطر |

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | پیتر فرانک (Peter Frank) | TBD | TBD | جان داو 87 (John Doe 87) | 90 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان گنازو (John Gnazzo) | ایالات متحده | نیویورک | ادوارد گنازو (Edward Gnazzo) | 91 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان گنازو (John Gnazzo) | ایالات متحده | نیویورک | نیکلاس گنازو (Nicholas Gnazzo) | 92 |
| ترضیه خاطر | ایالات متحده | والد | جان گنازو (John Gnazzo) | ایالات متحده | نیویورک | سانگ جنگ (Song Jeng) | 93 |
| ترضیه خاطر | کلمبیا | والد | وایلدر گومز (Wilder Gomez) | کلمبیا | نیویورک | لوز آمریکا پیدراهیتا آیالا (Luz America Piedrahita Ayala) | 94 |
| ترضیه خاطر | کلمبیا | برادر/خواهر | وایلدر گومز (Wilder Gomez) | کلمبیا | نیویورک | خایرو گومز (Jairo Gomez) | 95 |
| ترضیه خاطر | کلمبیا | برادر/خواهر | وایلدر گومز (Wilder Gomez) | کلمبیا | نیویورک | عمر گومز (Omar Gomez) | 96 |
| ترضیه خاطر | کلمبیا | برادر/خواهر | وایلدر گومز (Wilder Gomez) | کلمبیا | نیویورک | والتر گومز (Walter Gomez) | 97 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان گریفین (John Griffin) | ایالات متحده | نیوجرسی | کاتلین گریفین (Kathleen Griffin) | 98 |
| ترضیه خاطر | ایالات متحده | همسر | پل اینلا (Paul Innella) | ایالات متحده | نیوجرسی | لوسی آیتا (Lucy Aita) | 99 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | پل اینلا (Paul Innella) | ایالات متحده | نیوجرسی | لوسی آیتا (Lucy Aita) | 100 |

19

docs-100312276/2

IH-32                                                                        Rev: 2014-1

# UNITED STATES DISTRICT COURT
for the
## SOUTHERN DISTRICT OF NEW YORK

### Related Case Statement

---

Ber Barry Aron, et al. (see appendix)

                    Plaintiffs,

          v.                                    Case Number: 1:20-cv-_____

Islamic Republic of Iran

                    Defendant.

### Full Caption Of Earlier Filed Case:
(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks on September 11,        Case Numbers: 03 MDL 1570 (GBD)
2001                                            (SN)

docs-100311990.2

IH-32                                                                Rev: 2014-1

Status of Earlier Filed Case:

☐  Closed          (If so, set forth the procedure which resulted in closure, e.g.,
                   voluntary dismissal, settlement, court decision. Also, state
                   whether there is an appeal pending.)

☒  Open            (If so, set forth procedural status and summarize any court
                   rulings.)

Partial and/or full summary judgment as to Defendant Islamic Republic of Iran
has been granted and ordered for select plaintiffs. This matter is still ongoing. On
October 28, 2019, the Court entered an Order approving the "Iran Short Form
Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-
SN).

Explain in detail the reasons for your position that the newly filed case is related to the
earlier filed case.

This is also a September 11th case for wrongful death and solatium against
sponsors of terrorism, as the Defendant Islamic Republic of Iran is involved in the
related MDL action. We are seeking similar relief in the form of damages from the
Defendant. The Plaintiffs herein intend to participate in the underlying litigations
as to the other defendants in due course.

This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The
Republic of Iraq, et al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own
right as the Parent of Thomas E. Burnett, Jr., Deceased, et al. v. The Islamic
Republic of Iran, et al., 15-cv-09903-GBD-SN; and Kathleen Ashton et al. v. al
Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The instant complaint is being
filed in accordance with the Court's directives of October 28, 2019, ECF No. 5234
in 1:03-md-01570-GBD-SN.


Signature:   /s/ Jerry S. Goldman          Date:   November 9, 2020
             Jerry S. Goldman, Esq.

Firm:        Anderson Kill P.C.


2

docs-100311990.2

IH-32                                                                                                          Rev: 2014-1

## APPENDIX

Ber Barry Aron, individually, as surviving parent of Joshua Aron

Dana Aron Weiner, individually, as surviving sibling of Joshua Aron

Barbara Ann Sullivan, individually, as surviving sibling of James W. Barbella

Dorothy Blanding as Personal Representative of the Estate of Harry Blanding, Sr., deceased, the late parent of Harry Blanding, Jr.

Anthony Bocchi, individually, as surviving sibling of John Bocchi

Elena Bocchi, individually, as surviving parent of John Bocchi

Matthew Bocchi, individually, as surviving child of John Bocchi

Michael Bocchi, individually, as surviving child of John Bocchi

Michele Bocchi-Sandello, individually, as surviving spouse of John Bocchi

Nicholas Bocchi, individually, as surviving child of John Bocchi

Paul Bocchi, individually, as surviving child of John Bocchi

Ann Bocchi-Schwimmer, individually, as surviving sibling of John Bocchi

Diane Bocchi Esola, individually, as surviving sibling of John Bocchi

Elena Bocchi as Personal Representative of the Estate of Camillo Bocchi, deceased, the late parent of John Bocchi

Lucy Bocchi Kraus, individually, as surviving sibling of John Bocchi

Michele Bocchi-Sandello, as the Personal Representative of the Estate of John Bocchi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John Bocchi

Daphne Bowers, individually, as surviving parent of Veronique Bowers

Andrew Broderick, individually, as surviving child of Mark Broderick

Carolina Broderick, individually, as surviving spouse of Mark Broderick

James Broderick, individually, as surviving child of Mark Broderick

Matthew Broderick, individually, as surviving child of Mark Broderick

3

IH-32                                                              Rev: 2014-1

Carolina Broderick, as the Personal Representative of the Estate of Mark Broderick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mark Broderick

Angus Jacques, individually, as surviving parent of Felix Calixte

Christine Brozon, individually, as surviving spouse of Luigi Calvi

Christine Brozon, as the Personal Representative of the Estate of Luigi Calvi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Luigi Calvi

James Cherry, individually, as surviving sibling of Vernon Cherry

Cynthia Taylor, individually, as surviving sibling of Vernon Cherry

Germaine Alexander, individually, as surviving sibling of Brenda Conway

Tammi Alexander, individually, as surviving sibling of Brenda Conway

Dennis Coughlin, individually, as surviving sibling of Timothy Coughlin

Francis Coughlin, Jr., individually, as surviving sibling of Timothy Coughlin

Robert Coughlin, individually, as surviving sibling of Timothy Coughlin

Maura Coughlin-Roberti, individually, as surviving spouse of Timothy Coughlin

Riley Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Ryann Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Sean Coughlin-Roberti, individually, as surviving child of Timothy Coughlin

Francis Coughlin, Jr. as Personal Representative of the Estate of Alice Coughlin, deceased, the late parent of Timothy Coughlin

Robert Coughlin and Francis Coughlin as Co-Personal Representatives of the Estate of Francis Coughlin, Sr., deceased, the late parent of Timothy Coughlin

Francis Coughlin, Jr. and Maura Coughlin-Roberti, as the Co-Personal Representatives of the Estate of Timothy Coughlin, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Coughlin

Regina Martin as Personal Representative of the Estate of Francis Cove, deceased, the late sibling of James Cove

Regina Martin as Personal Representative of the Estate of Margaret Cove, deceased, the late parent of James Cove

4

IH-32                                                                 Rev: 2014-1

Regina Martin, individually, as surviving sibling of James Cove

Vancena Dawson Donovan, individually, as surviving sibling of Calvin Dawson

Vanita Aviles, individually, as surviving sibling of Calvin Dawson

Janita Clyne, individually, as surviving sibling of Calvin Dawson

Alvin Dawson, individually, as surviving sibling of Calvin Dawson

Annette Simon, individually, as surviving sibling of Calvin Dawson

Charles Dawson, individually, as surviving sibling of Calvin Dawson

Janet Dawson, individually, as surviving sibling of Calvin Dawson

Lena Dawson, individually, as surviving spouse of Calvin Dawson

Tatiana Dawson, individually, as surviving child of Calvin Dawson

Victorine Dawson, individually, as surviving sibling of Calvin Dawson

Doris Hetherington, individually, as surviving sibling of Calvin Dawson

Lena Dawson, as the Personal Representative of the Estate of Calvin Dawson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Calvin Dawson

Daniella De La Pena, individually, as surviving child of Emerita De la Pena

Gabriel De La Pena, individually, as surviving spouse of Emerita De La Pena

Gabriel De La Pena, as the Personal Representative of the Estate of Emerita De La Pena, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Emerita De La Pena

Ronald Sierra, individually, as surviving spouse of Judith Berquis Diaz-Sierra

Ronald Sierra, as the Personal Representative of the Estate of Judith Berquis Diaz-Sierra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Judith Berquis Diaz-Sierra

Marlyse Salome Bosley, individually, as surviving sibling of Jose Espinal

Saul Espinal Ramos, individually, as surviving sibling of Jose Espinal

Eileen Esquilin, individually, as surviving sibling of Ruben Esquilin

Marybelle Vargas, individually, as surviving sibling of Ruben Esquilin

5

docs-100311990.2

IH-32                                                                                       Rev: 2014-1

John Doe 86, being intended to designate the Personal Representative of the Estate of Wendy Faulkner, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Wendy Faulkner

Stephen Morris, individually, as surviving sibling of Wendy Faulkner

Annette Fields, individually, as surviving sibling of Samuel Fields, Sr.

Felicia Fields, individually, as surviving sibling of Samuel Fields, Sr.

Michael Fields, individually, as surviving sibling of Samuel Fields, Sr.

Kevin Finnerty, individually, as surviving sibling of Timothy Finnerty

Peter Finnerty, individually, as surviving parent of Timothy Finnerty

Theresa Roberts, individually, as surviving spouse of Timothy Finnerty

Theresa Roberts, as the Personal Representative of the Estate of Timothy Finnerty, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Timothy Finnerty

Louise Flickinger as Personal Representative of the Estate of Carl J. Flickinger, deceased, the late parent of Carl M. Flickinger

Alana Flickinger, individually, as surviving child of Carl M. Flickinger

Carl J. Flickinger, individually, as surviving child of Carl M. Flickinger

Craig T. Flickinger, individually, as surviving child of Carl M. Flickinger

Edmund Flickinger, individually, as surviving sibling of Carl M. Flickinger

Kathleen Flickinger, individually, as surviving spouse of Carl M. Flickinger

Louise Flickinger, individually, as surviving parent of Carl M. Flickinger

Robert Flickinger, individually, as surviving sibling of Carl M. Flickinger

Lisa Madden, individually, as surviving sibling of Carl M. Flickinger

Kathleen Flickinger, as the Personal Representative of the Estate of Carl M. Flickinger, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carl M. Flickinger

docs-100311990.2

IH-32                                                              Rev: 2014-1

Sylvia Aleman, individually, as surviving sibling of Claudia Foster

Blanca Martinez, individually, as surviving parent of Claudia Foster

Carlos Martinez, individually, as surviving parent of Claudia Foster

Karen Carlucci, individually, as surviving spouse of Peter Frank

Constance Frank, individually, as surviving parent of Peter Frank

Michelle Frank, individually, as surviving sibling of Peter Frank

Peter Frank, individually, as surviving parent of Peter Frank

John Doe 87, being intended to designate the Personal Representative of the Estate of
Peter Frank, deceased, said name being fictitious, her/his true name is not presently
known, confirmed, and/or has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her appointment has expired, and/or he
or she has ceased to serve, and his or her successor has not yet been appointed) and
on behalf of all survivors and all legally entitled beneficiaries and family members of
Peter Frank

Edward Gnazzo, individually, as surviving sibling of John Gnazzo

Nicholas Gnazzo, individually, as surviving sibling of John Gnazzo

Song Jeng, individually, as surviving parent of John Gnazzo

Luz America Piedrahita Ayala, individually, as surviving parent of Wilder Gomez

Jairo Gomez, individually, as surviving sibling of Wilder Gomez

Omar Gomez, individually, as surviving sibling of Wilder Gomez

Walter Gomez, individually, as surviving sibling of Wilder Gomez

Kathleen Griffin, individually, as surviving sibling of John Griffin

Lucy Aita, individually, as surviving spouse of Paul Innella

Lucy Aita, as the Personal Representative of the Estate of Paul Innella, deceased, and
on behalf of all survivors and all legally entitled beneficiaries and family members of
Paul Innella

docs-100311990.2

دادگاه ناحیه‌ای ایالات متحده

جهت

ناحیه جنوب نیویورک

پرونده‌های مرتبط اظهارات

---

| | |
|---|---|
| بر بری آرون و دیگران. (به پیوست مراجعه کنید) | |
| خواهان‌ها، | |
| علیه | شماره پرونده: ۱:۲۰-cv-_____- |
| جمهوری اسلامی ایران | |
| خوانده. | |

<u>عنوان کامل پرونده ارائه شده قبلی:</u>
(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگی‌های مربوطه)

| | |
|---|---|
| عطف به حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ | شماره پرونده:(SN) (GBD) 03 MDL 1570 |

docs-100311990/2

بازنگری:2014-1 IH-32

وضعیت پرونده ارائه شده قبلی:

☐ بسته    (در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار ، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بررسی است یا خیر. )

☒ باز    (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است.  (نگاه کنید به ECF شماره 5234 در 1:03-md-01570-GBD- SN).

دلایل موضع خود را مبنی بر اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.

همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه خاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است.  همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به پرونده جان پاتریک اونیل سنیور و دیگران علیه جمهوری عراق و دیگران، 04-1076-GBD-SN؛ توماس ای. برنت سنیور به عنوان والد توماس ای. برنت جونیور، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران، 15-cv-09903-GBD-SN؛ و کاتلین اشتون و دیگران علیه ارتش اسلامی القاعده و دیگران، 02-cv-06977-GBD-FM. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر 2019 ECF شماره 5234 در 1:03-md-01570-GBD-SN مطرح شده است.

امضا:    _امضا/ جری اس. گلدمن_    تاریخ:  دوشنبه، 09 نوامبر 2020
        وکیل دعاوی جری اس. گلدمن

شرکت حقوقی:  Anderson Kill P.C. _____

2

IH-32   2014-1:بازنگری

ضمیمه

بر بری آرون، انفراداً و به عنوان والد بازمانده جوشا آرون

دانا آرون، انفراداً به عنوان برادر/خواهر بازمانده جاشوا آرون

باربارا آن سالیوان، انفراداً به عنوان برادر/خواهر بازمانده جیمز دبیلیو. باربلا

دوروتی بلندینگ به عنوان نماینده شخصی ماترک هری بلندینگ سنیور، متوفی، والد متوفای هری بلندینگ جونیور

آنتونی بوچی، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

النا بوچی، انفراداً، به عنوان والد بازمانده جان بوچی

متیو بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

مایکل بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

میشل بوچی-ساندلو، انفراداً، به عنوان همسر بازمانده جان بوچی

نیکلاس بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

پل بوچی، انفراداً، به عنوان فرزند بازمانده جان بوچی

آن بوچی-شویمر، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

دیان بوچی اسولا، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

النا بوچی به عنوان نماینده شخصی ماترک کامیلو بوچی، متوفی، والد متوفای جان بوچی

لوسی بوچی کراوس، انفراداً، به عنوان برادر/خواهر بازمانده جان بوچی

میشل بوچی-ساندلو، به عنوان نماینده شخصی ماترک جان بوچی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان بوچی

دافنه باورز، انفراداً، به عنوان والد بازمانده ورونیک باورز

آندرو برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

کارولینا برودریک، انفراداً، به عنوان همسر بازمانده مارک برودریک

جیمز برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

متیو برودریک، انفراداً، به عنوان فرزند بازمانده مارک برودریک

3

بازنگری:1-1 2014   IH-32

کارولینا برودریک، به عنوان نماینده شخصی ماترک مارک برودریک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مارک برودریک

آنگوس ژاک، انفراداً، به عنوان والد بازمانده فلیکس کالیکسته

کریستین بروزون، انفراداً، به عنوان همسر بازمانده لوئیجی کالوی

کریستین بروزون، به عنوان نماینده شخصی ماترک لوئیجی کالوی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لوئیجی کالوی

جیمز چری، انفراداً، به عنوان برادر/خواهر بازمانده ورنون چری

سینتیا تایلور، انفراداً، به عنوان برادر/خواهر بازمانده ورنون چری

جرامینه الکساندر، انفراداً، به عنوان برادر/خواهر بازمانده برندا کانوی

تامی الکساندر، انفراداً، به عنوان برادر/خواهر بازمانده برندا کانوی

دنیس کافلین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

فرانسیس کافلین جونیور، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

رابرت کافلین، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی کافلین

مائورا کافلین-رابرتی، انفراداً، به عنوان همسر بازمانده تیموتی کافلین

ریلی کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

ریان کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

سین کافلین-رابرتی، انفراداً، به عنوان فرزند بازمانده تیموتی کافلین

فرانسیس کافلین جونیور، به عنوان نماینده شخصی ماترک آلیس کافلین، متوفی، والد متوفای تیموتی کافلین

رابرت کافلین و فرانسیس کافلین به عنوان نمایندگان شخصی مشترک ماترک فرانسیس کافلین سنیور، متوفی، والد متوفای تیموتی کافلین

فرانسیس کافلین جونیور و مائورا کافلین-رابرتی به عنوان نمایندگان شخصی مشترک ماترک تیموتی کافلین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی کافلین

رجینا مارتین به عنوان نماینده شخصی ماترک فرانسیس کاو، متوفی، خواهر، برادر متوفای جیمز کاو

رجینا مارتین به عنوان نماینده شخصی ماترک مارگارت کاو، متوفی، والد متوفای جیمز کاو

docs-100311990/2

IH-32   2014-1:بازنگری

رجینا مارتین، انفراداً، به عنوان برادر/خواهر بازمانده جیمز کاو

ونسنا داوسون دوناوان، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

وانیتا آویلز، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

جانیتا کلاین، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

آلوین داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

آنت سیمون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

چارلز داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

جانت داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

لنا داوسون، انفراداً، به عنوان همسر بازمانده کالوین داوسون

تاتیانا داوسون، انفراداً، به عنوان فرزند بازمانده کالوین داوسون

ویکتورین داوسون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

دوریس هترینگتون، انفراداً، به عنوان برادر/خواهر بازمانده کالوین داوسون

لنا داوسون، به عنوان نماینده شخصی ماترک کالوین داوسون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کالوین داوسون

دانیلا دلا پنا، انفراداً، به عنوان فرزند بازمانده امریتا دلا پنا

گابریل دانیلا دلا پنا، انفراداً، به عنوان همسر بازمانده امریتا دلا پنا

گابریل دانیلا دلا پنا، به عنوان نماینده شخصی ماترک امریتا دلا پنا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده امریتا دلا پنا

رونالد سییرا، انفراداً، به عنوان همسر بازمانده جودیت بریکس دیاز سییرا

رونالد سییرا، به عنوان نماینده شخصی ماترک بریکس دیاز-سییرا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده بریکس دیاز-سییرا

مارلیس سالومه بوسلی، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

سائول اسپینال راموس، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

الین اسکولین، انفراداً، به عنوان برادر/خواهر بازمانده روبن اسکولین

ماریبل ورگاس، انفراداً، به عنوان برادر/خواهر بازمانده روبن اسکولین

5

docs-100311990/2

جان داو 86، که قصد دارد نماینده شخصی ماترک وندی فالکنر، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وندی فالکنر

استفن موریس، انفراداً، به عنوان برادر/خواهر بازمانده وندی فالکنر

آنت فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

فلیشیا فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

مایکل فیلدز، انفراداً، به عنوان برادر/خواهر بازمانده ساموئل فیلدز جونیور

کوین فینرتی، انفراداً، به عنوان برادر/خواهر بازمانده تیموتی فینرتی

پیتر فینرتی، انفراداً، به عنوان والد بازمانده تیموتی فینرتی

ترزا رابرتز، انفراداً، به عنوان همسر بازمانده تیموتی فینرتی

ترزا رابرتز، به عنوان نماینده شخصی ماترک تیموتی فینرتی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تیموتی فینرتی

لوئیس فلیکینگر به عنوان نماینده شخصی ماترک کارل جی. فلیکینگر، متوفی، والد متوفای کارل ام. فلیکینگر

آلانا فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

کارل ام. فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

کریگ تی. فلیکینگر، انفراداً، به عنوان فرزند بازمانده کارل ام. فلیکینگر

ادموند فلیکینگر، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

کاتلین فلیکینگر، انفراداً، به عنوان همسر بازمانده کارل ام. فلیکینگر

لوئیس فلیکینگر، انفراداً، به عنوان والد بازمانده کارل ام. فلیکینگر

رابرت فلیکینگر، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

لیزا مادن، انفراداً، به عنوان برادر/خواهر بازمانده کارل ام. فلیکینگر

کاتلین فلیکینگر، به عنوان نماینده شخصی ماترک کارل ام. فلیکینگر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کارل ام. فلیکینگر

سیلویا آلمن، انفراداً، به عنوان برادر/خواهر بازمانده کلودیا فاستر

بلانکا مارتینز، انفراداً، به عنوان والد بازمانده کلودیا فاستر

کارلوس مارتینز، انفراداً، به عنوان والد بازمانده کلودیا فاستر

کارن کارلوچی، انفراداً، به عنوان همسر بازمانده پیتر فرانک

کنستانس فرانک، انفراداً، به عنوان والد بازمانده پیتر فرانک

میشل فرانک، انفراداً، به عنوان برادر/خواهر بازمانده پیتر فرانک

پیتر فرانک، انفراداً، به عنوان والد بازمانده پیتر فرانک

جان داو 87، که قصد دارد نماینده شخصی ماترک پیتر فرانک، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پیتر فرانک

ادوارد گنازو، انفراداً، به عنوان برادر/خواهر بازمانده جان گنازو

نیکلاس گنازو، انفراداً، به عنوان برادر/خواهر بازمانده جان گنازو

سانگ جنگ، انفراداً، به عنوان والد بازمانده جان گنازو

لوز آمریکا پیدراهیتا آیالا، انفراداً، به عنوان والد بازمانده وایلدر گومز

خایرو گومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گومز

عمر گومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گومز

والتر گومز، انفراداً، به عنوان برادر/خواهر بازمانده وایلدر گومز

کاتلین گریفین، انفراداً، به عنوان برادر/خواهر بازمانده جان گریفین

لوسی آیتا، انفراداً، به عنوان همسر بازمانده پل اینلا

لوسی آیتا، به عنوان نماینده شخصی ماترک پل اینلا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل اینلا

7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| BER BARRY ARON et al., | Civil Docket Number:  1:20-cv-9376 |
| PLAINTIFFS, | |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

## NOTICE OF SUIT

1. Title of legal proceeding:  *Ber Barry Aron et al. v. Islamic Republic of Iran*

   Full Name of Court:  United States District Court for the Southern District of New York

   Docket Number:  1:20-cv-9376

   Judge:  United States District Judge George B. Daniels

2. Name of foreign state concerned:  The Islamic Republic of Iran

3. Identity of the other Parties:  None

4. Nature of documents served:  Summons and Complaint (in English and Farsi)

5. Nature and Purpose of Proceedings:  Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.

6. A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7.   The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.   Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.

Dated:  November 12, 2020

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

## I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**   The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**   Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**   For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

## II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)**   Civil actions against a foreign state.   A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)**   in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)**   in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)**   in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter *[28 USCS § 1446(b)]* may be enlarged at any time for cause shown.

## *28 USCS § 1602*
### Current through PL 115-181, approved 6/5/18

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter *[28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.
JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE
CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a)  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1)  in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2)  in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3)  in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4)  in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5)  not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A)  any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B)  any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6)  in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)** notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)** notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)** Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)** [Repealed]

**(g)** Limitation on discovery.

    **(1)** In general.

        **(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

        **(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

    **(2)** Sunset.

        **(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

        **(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

            **(i)** create a serious threat of death or serious bodily injury to any person;

            **(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

            **(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

    **(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

    **(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

    **(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

    **(1)** In general. If

        **(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

        **(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

        **(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),

any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

    **(2)** Exceptions.

        **(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

           **(i)** the property at issue is the work described in paragraph (1);

           **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

           **(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

           **(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

        **(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

           **(i)** the property at issue is the work described in paragraph (1);

           **(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

           **(iii)** the taking occurred after 1900;

**(iv)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(v)** a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(3)** Definitions. For purposes of this subsection

**(A)** the term "work" means a work of art or other object of cultural significance;

**(B)** the term "covered government" means

**(i)** the Government of Germany during the covered period;

**(ii)** any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

**(iii)** any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

**(iv)** any government in Europe that was an ally of the Government of Germany during the covered period; and

**(C)** the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

**(a)** In general.

**(1)** No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

**(2)** Claim heard. The court shall hear a claim under this section if—

**(A)** (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

(II)   in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

(ii)   the claimant or the victim was, at the time the act described in paragraph (1) occurred—

(I)   a national of the United States;

(II)   a member of the armed forces; or

(III)   otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

(IV)   in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

(B)   the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

(b)   Limitations.  An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

(1)   10 years after April 24, 1996; or

(2)   10 years after the date on which the cause of action arose.

(c)   Private right of action.  A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

(1)   a national of the United States,

(2)   a member of the armed forces,

(3)   an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

(4) the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

(d)  Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

(e)  Special masters.

(1)  In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

(2)  Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

(f)  Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

(g)  Property disposition.

(1)  In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

(A)  subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

(B)  located within that judicial district; and

(C)  titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

(2)  Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

(3) Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

(h) Definitions.  For purposes of this section—

(1) the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

(2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

(3) the term "material support or resources" has the meaning given that term in section 2339A of title 18;

(4) the term "armed forces" has the meaning given that term in section 101 of title 10;

(5) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

(6) the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

(7) the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

(a) Definition.  In this section, the term "international terrorism"

(1) has the meaning given the term in *section 2331 of title 18, United States Code*; and

(2) does not include any act of war (as defined in that section).

(b) Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

(1) an act of international terrorism in the United States; and

(2) a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)** Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333]* if the foreign state would not be immune under subsection (b).

**(d)** Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

<div align="center">

**28 USCS § 1606**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

<div align="center">

**28 USCS § 1607**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)** for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)** arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

(c)  to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

### 28 USCS § 1608
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

(a)  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1)  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2)  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3)  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4)  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

(b)  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1)  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2)  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

      **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

          **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

          **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

          **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

    **(c)** Service shall be deemed to have been made—

      **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

      **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

    **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

    **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

<u>**28 USCS § 1609**</u>
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

<u>**§ 1609. Immunity from attachment and execution of property of a foreign state**</u>

    Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

<u>**28 USCS § 1610**</u>
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

<u>**§ 1610. Exceptions to the immunity from attachment or execution**</u>

      **(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

      **(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

      **(2)**  the property is or was used for the commercial activity upon which the claim is based, or

      **(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

      **(4)**  the execution relates to a judgment establishing rights in property

      **(A)**  which is acquired by succession or gift, or

      **(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

      **(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

      **(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

      **(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

      **(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

> (1)  the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

> (2)  the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

> (3)  the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

(c)  No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

(d)  The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

> (1)  the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

> (2)  the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

(e)  The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

(f)  (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

(B)  Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

(A)  At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

(B)  In providing such assistance, the Secretaries

(i)  may provide such information to the court under seal; and

(ii)  should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

(3)  Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

(g)  Property in certain actions.

(1)  In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

(A)  the level of economic control over the property by the government of the foreign state;

(B)  whether the profits of the property go to that government;

(C)  the degree to which officials of that government manage the property or otherwise control its daily affairs;

(D)  whether that government is the sole beneficiary in interest of the property; or

(E)  whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

(2)  United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

          (3)  Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

<div align="center">

**28 USCS § 1611**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1611. Certain types of property immune from execution

          **(a)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

          **(b)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

          **(1)**  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

          **(2)**  the property is, or is intended to be, used in connection with a military activity and

          **(A)**  is of a military character, or

          **(B)**  is under the control of a military authority or defense agency.

          **(c)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| مربوط به (SN) (GBD) 1570 MDL 03 | عطف به حملات تروریستی 11 سپتامبر 2001 |
| پرونده مدنی به شماره: 1:20-cv-9376 | بر بری آرون و دیگران،<br><br>خواهان‌ها،<br><br>علیه<br><br>جمهوری اسلامی ایران،<br><br>خوانده، |

## ابلاغیه اقامه دعوی

1. عنوان دادرسی حقوقی:    بر بری آرون و دیگران علیه جمهوری اسلامی ایران
   نام کامل دادگاه:    دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک
   شماره پرونده:    1:20-cv-9376
   قاضی:    قاضی ناحیه ایالات متحده جورج بی. دانیلز

2. نام دولت خارجی مربوطه:    جمهوری اسلامی ایران

3. هویت طرفین دیگر:    فاقد

4. ماهیت اسناد ابلاغ شده:    احضاریه و شکایت (به زبان انگلیسی و فارسی)

5. ماهیت و هدف دادرسی‌ها:    اقدام برای جبران خسارت قتل غیرعمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است.

6. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود. پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.

7. عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.

8. سؤالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشورهای خارجی براساس قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های (d)1441، (f)1391، 1330، و 1602 تا 1611، عنوان

28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583; 90 Stat. 2891).  این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ:  پنجشنبه, 12 نوامبر 2020

/امضا/ جری اس. گلدمن
وکیل دعاوی جری اس. گلدمن
Anderson Kill P.C.
1251 Avenue of the Americas
نیویورک، نیویورک
تلفن:212-278-1000
jgoldman@andersonkill.com
وکلای خواهان‌ها

2

docs-100312241.1

## یک.   *1330§ USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی  > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)    دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در  هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بش a)1603) این *عنوان [28 USCS § 1603(ai)]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605 این *عنوان (1607-1605 §§ USCS 2%)* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)    در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [1608 § USCS 28]* انجام شده باشد.

(c)    در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1605-1607 این *عنوان [1607-28 USCS §§ 1605]* ناشی شده باشد.

## دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی  > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f) اقدامات مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش a)1603) این *عنوان [28 USCS § 1603a]* تعریف شده است قابل انجام است-

(1)    در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)    در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش 1605(b) این *عنوان [28 USCS § 1605(b)]* مطرح شده باشد؛

(3)    در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش b)1603) این *عنوان 28 [USCS § 1603b]* مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

### *1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش 1603(a) این *عنوان [28 USCS § 1603(a)]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش 1446(b) این فصل *[28 USCS § 1446(b)]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

### *1602 § 28 USCS*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و*
*محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده درخصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها از آنجا که به فعالیت‌های تجاری می‌شود مربوط از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی درخصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[28 USCS §§ 1602 et seq.]* تعیین شود.

**_1603 § 28 USCS_**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضایی دولت‌های خارجی**

**§ 1603. تعاریف**

برای اهداف این فصل [1602 §§ 28 USCS et seq.]

(a)  یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [1608 § 28 USCS]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

(b)  یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

(1)  که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

(2)  یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

(3)  که شهروند دولت ایالات متحده بنا به تعریف بخش c)1332) و (e) این عنوان [ § 28 USCS 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

(c)  "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

(d)  "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

(e)  یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

**28 USCS § 1604**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی**

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1607-1605 این فصل [1605 §§ 28 USCS-16071].

**28 USCS § 1605**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

**(a)** یک دولت خارجی نباید در صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

**(1)** که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

**(2)** که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

**(3)** که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

**(4)** که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

**(5)** به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

**(A)** هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

**(B)** هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

**(6)** که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [16071 § USCS 28] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

**(b)** دولت خارجی نباید در برابر صلاحیت دادگاه‌ها ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: *به شرط آنکه—*

**(1)** ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول خواهد بود؛ و

(2) ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

(c) هرگاه ابلاغیه مطابق با بند (b)(1) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (b)(1) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچ‌یک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

(d) دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف برای وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 USCS §§ 31301 et seq.] and in و همچنین بر اساس اصول قانون و و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

(f) ،(e) [منسوخ شد]

(g) محدودیت کشف.

(1)   به‌طور کلی.

(A)   در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ § 28 USCS 1604]،همچنین بخش 1605A یا بخش 1605B [ § 28 USCS 1605A] یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل در درخواست اطلاع دهد که دادگاه تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

(B)   توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

(2)   شرط افول.

(A)   در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

(B)   پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

(i) موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

(ii) بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

(iii) مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

(3)   ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

(4)   منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6(b)(12) و 56 قوانی رویه دادرسی مدنی فدرال گردد.

(5)   رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

(h) مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

(1)   بطور کلی. اگر

(A)  اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

(B)  رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 89-259 ((22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

(C)  ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 89-259 ( 22 U.S.C. (2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

(2)   استثنائات.

(A)  دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

(iii) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [28 USCS § 1603(d)] تعریف شده است؛ و

(iv) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(B)  سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

(iii) تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش (d)1603 [28 USCS § 1603(d)] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(iii)** هر دولتی در اروپا که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

**(A)** (I) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)** در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)(1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش (3)(c)(1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 7(a)(1605) (1605(a)(7) *28 USCS §*]) (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)(101) قسمت A قانون عمومی 104-208 [*28 USCS $ 1605* تبصره] مطرح شده باشد؛

**(ii)** مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1) ——

**(I)** تبعه ایالات متحده باشد؛

**(II)** عضو نیروهای مسلح باشد؛ یا

**(III)** به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

**(IV)** در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) 1:00CV03110 دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 7(a)(1605) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)(101) قسمت A قانون عمومی 104-208 [*28 USCS 5 1605* تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد.-

**(1)** 10 سال پس از 24 آوریل 1996؛ یا

**(2)** 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

**(c)** حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (i)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد.ـ

**(1)** تبعه ایالات متحده باشد،

**(2)** یک عضو نیروهای مسلح باشد،

**(3)** یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

(4) نماینده قانونی شخص شرح داده شده در بندهای (2)، (1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

(d) خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

(e) سرپرستان ویژه.

(1) 1] بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

(2) انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 (*42 U.S.C. 10603c*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد، و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

(f) درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292) این عنوان [*28 USCS § 1292(b)*)] مطرح گردد.

(g) مقررات مربوط به اموال.

(1) بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که—

(A) مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 76701*] باشد؛

(B) در آن ناحیه قضایی واقع شده باشد؛ و

(C) سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

(2) ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

**(3)** قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان [*1651 §§ USCS 28 et seq*]. قابل اجرا باشد.

**(h)** تعاریف. برای اهداف این بخش-

**(1)** اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

**(2)** اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

**(3)** اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش A2339 عنوان 18 است؛

**(4)** اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

**(5)** اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش (a)101(22) قانون مهاجرت و تابعیت (22) (*(8 U.S.C. 1101(a)*)است؛

**(6)** اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش (j)6 قانون مدیریت صادرات 1979 (*50 U.S.C. App. 2405(i)* [*50 USCS § 46050*])، بخش A620 قانون کمک خارجی 1961 (*22 U.S.C. 2371*) ، بخش 40 قانون کنترل صادرات اسلحه (*22 U.S.C. 2780*)، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

**(7)** اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (*28 U.S.C. 1350* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

**(a)** تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

**(1)** دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده است*؛ و

**(2)** شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

**(b)** مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

**(1)** یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

**(2)** یک عمل شبه جرم یا اقدامات دولت خارجی یا در مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

**(c)** دعاوی اتباع ایالات متحده. علی‌رغم بخش 2(2337) عنوان 18 [*18 USCS § 2337(2)*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *عنوان [18 USCS § 2333]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

**(d)** قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [28 USCS § 1605] یا [1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

**(a)** که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [28 USCS § 1605] یا [1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

**(b)** ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c)    تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده – عناوین 1 تا 54 عنوان 28، دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a)    در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)    با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2)    اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)    اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک با زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

(4)    اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک با زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و از طریق ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b)    در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)    با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2)    اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده، یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A)    بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)**  با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)**  طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)**   ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)**  در صورت ابلاغ براساس بخش فرعی (a)(4)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)**  در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)**  در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)**  محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**__28 USCS §1609__**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

**§ __1609. مصونیت در برابر توقیف اموال دولت خارجی__**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

## 28 USCS § 1610
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی و فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم

**(a)**   اموال دولت خارجی در ایالات متحده بنا به تعریف بخش
1603a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد
نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم
صادر شده توسط دادگاهی در ایالات متحده با یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ـــ

**(1)**   دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف به کمک به اجرای
حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند،
بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)**   از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

**(3)**   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق
بین‌المللی در اختیار گرفته شده یا اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد؛ یا

**(4)**   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

**(A)**   که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

**(B)**   غیرمنقول بوده و در ایالات متحده واقع شده باشد: *به شرطی که*، از این اموال برای اهداف
حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

**(5)**   اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران
خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت
پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

**(6)**   حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که
توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

**(7)**   حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS
§ 1605A] یا بخش 1605(a)(7) [سابقاً 1605(a)(7) § 28 USCS] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد،
صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(b)**   علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای
فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده
توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ـــ

**(1)**   سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف به کمک به اجرای
حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا
کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)**   حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3 (3) و (5)(a)(2)1605)، یا (5) یا
1605b) این فصل [28 USCS § 1605(a)(2)]، (3)، یا (5)، یا [1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ <u>28</u> <u>USCS§ 1605A</u>] یا بخش <u>(7)1605(a)</u> این فصل [سابقاً <u>(7) 28 USCS § 1605(a)</u>] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که مدتاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بخش (e)1608 این فصل [<u>28 USCS § 1608(e)</u>] سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش (a)1603 این فصل [<u>28 USCS § 1603(a</u>] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

**(1)** دولت خارجی به صراحت به مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید در توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش (d)1605 این فصل [<u>28 USCS § 1605(d</u>] آمده است، مصون باشند.

**(f)** (1) (A) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش (f)208) قانون مأموریت خارجی ( <u>22</u> <u>U.S.C. 4308(f</u>)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده به تحت مفاد بخش (b)5 قانون تجارت با دشمن (50 U.S.C. ضمیمه (b)4305 [<u>50 USCS 5 (5(b</u>])، بخش (a)620 قانون کمک خارجی 1961 (<u>22 U.S.C. 2370(a</u>))، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( <u>50 U.S.C.</u> <u>1702-1701</u>)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش (7)1605(a) [<u>28 USCS § 1605(a)(7)</u>] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [<u>28 USCS 5 1605A</u>] شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی که به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش (7)1605(a) [<u>28 USCS 5 1605(a)(7)</u>] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [<u>28 USCS 1605A1</u>] مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذی‌نفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

(g) اموال در برخی اقدامات.

(1) به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی
که بر اساس بخش 1605A [USCS § 1605A 28] حکمی علیه آن صادر شده است، و اموال
سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی
جداگانه بوده و منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است،
صرف‌نظر از

(A) سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

(B) اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C) میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

(D) اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

(E) اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی
در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

(2) قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان
یا نهاد دولت خارجی که به بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم
صادر شده طبق بخش 1605A [USCS § 1605A 28] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [USCS Appx §§ 1 50 .et seq] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [USCS §5 1701 50 et
seq.] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از
اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به
اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی حکمی مسئولیتی ندارد.

**28 USCS §1611**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند**

(a) علی‌رغم مفاد بخش 1610 این فصل [USCS § 16101 28]، اموال سازمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را
دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

(b) علی‌رغم مفاد بخش 1610 این فصل [USCS § 1610 28]، اموال دولت خارجی باید از توقیف و اجرای
حکم مصون باشد، چنانچه ——

(1) اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A)   دارای ماهیت نظامی باشد، یا

(B)   تحت کنترل مقام نظامی سازمان دفاع باشد.

(c)   علی‌رغم مفاد بخش 1610 این فصل [1610 § USCS 28]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [ USCS 22 § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

JS 44C/SDNY
REV.
10/01/2020

Case 1:20-cv-09376-UA   Document 2   Filed 11/09/20   Page 1 of 7

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| BER BARRY ARON, et al. | THE ISLAMIC REPUBLIC OF IRAN |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER        ATTORNEYS (IF KNOWN)
Jerry S. Goldman, Esq., Anderson Kill
1251 Avenue of the Americas, New York, NY 10020
(212)-278-1000 / jgoldman@andersonkill.com

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[ ] Yes[x]        Judge Previously Assigned

George B. Daniels

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[x] Yes[ ] If yes, give date _____ & Case No. 1:03-md-01570

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [x]    Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*        NATURE OF SUIT

|  | TORTS |  | ACTIONS UNDER STATUTES |  |
|---|---|---|---|---|

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY |  |  | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER |  | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |  |  | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | PROPERTY RIGHTS |  | [ ] 430 BANKS & BANKING |
|  | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 450 COMMERCE |
| [ ] 151 MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 830 PATENT |  | [ ] 460 DEPORTATION |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY |  | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION |  | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
|  | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 840 TRADEMARK |  | [ ] 480 CONSUMER CREDIT |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | LABOR | SOCIAL SECURITY | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| [ ] 160 STOCKHOLDERS SUITS |  |  | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 190 OTHER CONTRACT |  | PRISONER PETITIONS | [ ] 720 LABOR/MGMT RELATIONS | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 195 CONTRACT PRODUCT LIABILITY |  | [ ] 463 ALIEN DETAINEE | [ ] 740 RAILWAY LABOR ACT | [ ] 863 DIWC/DIWW (405(g)) |  |
|  | ACTIONS UNDER STATUTES | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 864 SSID TITLE XVI | [x] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS |  | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
|  |  | [ ] 535 DEATH PENALTY | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | [ ] 893 ENVIRONMENTAL MATTERS |
|  | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 895 FREEDOM OF INFORMATION ACT |
| REAL PROPERTY | [ ] 441 VOTING |  |  | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 896 ARBITRATION |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | IMMIGRATION |  | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION |  |  |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS |  | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT |  |  |  |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 448 EDUCATION |  |  |  |  |
| [ ] 290 ALL OTHER REAL PROPERTY |  |  |  |  |  |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150 billion      OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels        DOCKET NUMBER 1:03-md-01570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
a. all parties represented
b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge
[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION** *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1   [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2   [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The Islamic Republic of Iran, Iran.

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

11/9/2020
DATE

/s/ Jerry S. Goldman
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. May   Yr. 1980   )
Attorney Bar Code # 1302454

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# APPENDIX

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Ber Barry Aron | MD | United States | Joshua Aron | Parent | United States | Solatium |
| 2 | Dana Aron Weiner | IL | United States | Joshua Aron | Sibling | United States | Solatium |
| 3 | Barbara Ann Sullivan | TX | United States | James W. Barbella | Sibling | United States | Solatium |
| 4 | Dorothy Blanding as Personal Representative of the Estate of Harry Blanding, Sr. | NJ | Unied States | Harry Blanding, Jr. | Parent (deceased) | United States | Solatium |
| 5 | Anthony Bocchi | NJ | United States | John Bocchi | Sibling | United States | Solatium |
| 6 | Elena Bocchi | NJ | United States | John Bocchi | Parent | United States | Solatium |
| 7 | Matthew Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 8 | Michael Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 9 | Michele Bocchi-Sandello | NJ | United States | John Bocchi | Spouse | United States | Solatium |
| 10 | Nicholas Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 11 | Paul Bocchi | NJ | United States | John Bocchi | Child | United States | Solatium |
| 12 | Ann Bocchi-Schwimmer | NJ | United States | John Bocchi | Sibling | United States | Solatium |
| 13 | Diane Bocchi Esola | FL | United States | John Bocchi | Sibling | United States | Solatium |
| 14 | Elena Bocchi as Personal Representative of the Estate of Camillo Bocchi | NJ | United States | John Bocchi | Parent (deceased) | United States | Solatium |
| 15 | Lucy Bocchi Kraus | NJ | United States | John Bocchi | Sibling | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 16 | Michele Bocchi-Sandello | NJ | United States | John Bocchi | PR | United States | Solatium/Wrongful Death |
| 17 | Daphne Bowers | NY | United States | Veronique Bowers | Parent | United States | Solatium |
| 18 | Andrew Broderick | NJ | United States | Mark Broderick | Child | United States | Solatium |
| 19 | Carolina Broderick | NJ | United States | Mark Broderick | Spouse | United States | Solatium |
| 20 | James Broderick | NJ | United States | Mark Broderick | Child | United States | Solatium |
| 21 | Matthew Broderick | NJ | United States | Mark Broderick | Child | United States | Solatium |
| 22 | Carolina Broderick | NJ | United States | Mark Broderick | PR | United States | Solatium/Wrongful Death |
| 23 | Angus Jacques | St. Lucia | United States | Felix Calixte | Parent | United States | Solatium |
| 24 | Christine Brozon | NY | United States | Luigi Calvi | Spouse | Italy | Solatium |
| 25 | Christine Brozon | NY | United States | Luigi Calvi | PR | Italy | Solatium/Wrongful Death |
| 26 | James Cherry | MD | United States | Vernon Cherry | Sibling | United States | Solatium |
| 27 | Cynthia Taylor | GA | United States | Vernon Cherry | Sibling | United States | Solatium |
| 28 | Germaine Alexander | NY | United States | Brenda Conway | Sibling | United States | Solatium |
| 29 | Tammi Alexander | NY | United States | Brenda Conway | Sibling | United States | Solatium |
| 30 | Dennis Coughlin | NY | United States | Timothy Coughlin | Sibling | United States | Solatium |
| 31 | Francis Coughlin, Jr. | NY | United States | Timothy Coughlin | Sibling | United States | Solatium |
| 32 | Robert Coughlin | NY | United States | Timothy Coughlin | Sibling | United States | Solatium |
| 33 | Maura Coughlin-Roberti | NY | United States | Timothy Coughlin | Spouse | United States | Solatium |
| 34 | Riley Coughlin-Roberti | NY | United States | Timothy Coughlin | Child | United States | Solatium |
| 35 | Ryann Coughlin-Roberti | NY | United States | Timothy Coughlin | Child | United States | Solatium |
| 36 | Sean Coughlin-Roberti | NY | United States | Timothy Coughlin | Chld | United States | Solatium |
| 37 | Francis Coughlin, Jr. as Personal Representative of the Estate of Alice Coughlin | NY | United States | Timothy Coughlin | Parent (deceased) | United States | Solatium |
| 38 | Robert Coughlin and Francis Coughlin as Co-Personal Representatives of the Estate of Francis Coughlin, Sr. | NY | United States | Timothy Coughlin | Parent (deceased) | United States | Solatium |

docs-100313542.3

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 39 | Francis Coughlin, Jr. and Maura Couglin-Roberti | NY | United States | Timothy Coughlin | Co-PRs | United States | Solatium/Wrongful Death |
| 40 | Regina Martin as Personal Representative of the Estate of Francis Cove | FL | United States | James Cove | Sibling (deceased) | United States | Solatium |
| 41 | Regina Martin as Personal Representative of the Estate of Margaret Cove | FL | United States | James Cove | Parent (deceased) | United States | Solatium |
| 42 | Regina Martin | FL | United States | James Cove | Sibling | Unites States | Solatium |
| 43 | Vancena Dawson Donovan | USVI | | Calvin Dawson | Sibling | United States | Solatium |
| 44 | Vanita Aviles | PR | United States | Calvin Dawson | Sibling | United States | Solatium |
| 45 | Janita Clyne | British VI | United States | Calvin Dawson | Sibling | United States | Solatium |
| 46 | Alvin Dawson | GA | Britain | Calvin Dawson | Sibling | United States | Solatium |
| 47 | Annette Simon | NY | Non-U.S. | Calvin Dawson | Sibling | United States | Solatium |
| 48 | Charles Dawson | British Virgin Islands | Britain | Calvin Dawson | Sibling | United States | Solatium |
| 49 | Janet Dawson | NY | Non-U.S. | Calvin Dawson | Sibling | United States | Solatium |
| 50 | Lena Dawson | GA | United States | Calvin Dawson | Spouse | United States | Solatium |
| 51 | Tatiana Dawson | GA | United States | Calvin Dawson | Child | United States | Solatium |
| 52 | Victorine Dawson | USVI | United States | Calvin Dawson | Sibling | United States | Solatium |
| 53 | Doris Hetherington | VI | British Virgin Islands | Calvin Dawson | Sibling | United States | Solatium |
| 54 | Lena Dawson | TBD | United States | Calvin Dawson | PR | United States | Solatium/Wrongful Death |
| 55 | Daniella De La Pena | FL | United States | Emerita De la Pena | Child | United States | Solatium |
| 56 | Gabriel De La Pena | FL | United States | Emerita De La Pena | Spouse | United States | Solatium |
| 57 | Gabriel De La Pena | FL | United States | Emerita De La Pena | PR | United States | Solatium/Wrongful Death |
| 58 | Ronald Sierra | NY | United States | Judith Berquis Diaz-Sierra | Spouse | United States | Solatium |
| 59 | Ronald Sierra | NY | United States | Judith Berquis Diaz-Sierra | PR | United States | Solatium/Wrongful Death |
| 60 | Marlyse Salome Bosley | AZ | United States | Jose Espinal | Sibling | United States | Solatium |
| 61 | Saul Espinal Ramos | Canada | Canada | Jose Espinal | Sibling | United States | Solatium |
| 62 | Eileen Esquilin | NJ | United States | Ruben Esquilin | Sibling | United States | Solatium |
| 63 | Marybelle Vargas | NY | United States | Ruben Esquilin | Sibling | United States | Solatium |
| 64 | John Doe 86 | TBD | United States | Wendy Faulkner | PR | United States | Solatium/Wrongful Death |

3

docs-100313542.3

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 65 | Stephen Morris | NY | Australia | Wendy Faulkner | Sibling | United States | Solatium |
| 66 | Annette Fields | NY | United States | Samuel Fields, Sr. | Sibling | United States | Solatium |
| 67 | Felicia Fields | NY | United States | Samuel Fields, Sr. | Sibling | United States | Solatium |
| 68 | Michael Fields | NY | United States | Samuel Fields, Sr. | Sibling | United States | Solatium |
| 69 | Kevin Finnerty | MN | United States | Timothy Finnerty | Sibling | United States | Solatium |
| 70 | Peter Finnerty | NJ | United States | Timothy Finnerty | Parent | United States | Solatium |
| 71 | Theresa Roberts | NJ | United States | Timothy Finnerty | Spouse | United States | Solatium |
| 72 | Theresa Roberts | NJ | United States | Timothy Finnerty | PR | United States | Solatium/Wrongful Death |
| 73 | Louise Flickinger as Personal Representative of the Estate of Carl J. Flickinger | NY | United States | Carl M. Flickinger | Parent (deceased) | United States | Solatium |
| 74 | Alana Flickinger | NY | United States | Carl M. Flickinger | Child | United States | Solatium |
| 75 | Carl J. Flickinger | NY | United States | Carl M. Flickinger | Child | United States | Solatium |
| 76 | Craig T. Flickinger | NY | United States | Carl M. Flickinger | Child | United States | Solatium |
| 77 | Edmund Flickinger | NY | United States | Carl M. Flickinger | Sibling | United States | Solatium |
| 78 | Kathleen Flickinger | NY | United States | Carl M. Flickinger | Spouse | United States | Solatium |
| 79 | Louise Flickinger | NY | United States | Carl M. Flickinger | Parent | United States | Solatium |
| 80 | Robert Flickinger | PA | United States | Carl M. Flickinger | Sibling | United States | Solatium |
| 81 | Lisa Madden | NJ | United States | Carl M. Flickinger | Sibling | United States | Solatium |
| 82 | Kathleen Flickinger | NY | United States | Carl M. Flickinger | PR | United States | Solatium/Wrongful Death |
| 83 | Sylvia Aleman | NY | United States | Claudia Foster | Sibling | United States | Solatium |
| 84 | Blanca Martinez | NY | Honduras | Claudia Foster | Parent | United States | Solatium |
| 85 | Carlos Martinez | NY | Guatemala | Claudia Foster | Parent | United States | Solatium |
| 86 | Karen Carlucci | NY | United States | Peter Frank | Spouse | United States | Solatium |
| 87 | Constance Frank | NY | United States | Peter Frank | Parent | United States | Solatium |
| 88 | Michelle Frank | RI | United States | Peter Frank | Sibling | United States | Solatium |
| 89 | Peter Frank | NY | United States | Peter Frank | Parent | United States | Solatium |
| 90 | John Doe 87 | TBD | TBD | Peter Frank | PR | United States | Solatium/Wrongful Death |
| 91 | Edward Gnazzo | NY | United States | John Gnazzo | Sibling | United States | Solatium |
| 92 | Nicholas Gnazzo | NY | United States | John Gnazzo | Sibling | United States | Solatium |
| 93 | Song Jeng | NY | United States | John Gnazzo | Parent | United States | Solatium |

4

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 94 | Luz America Piedrahita Ayala | NY | Colombia | Wilder Gomez | Parent | Colombia | Solatium |
| 95 | Jairo Gomez | NY | Colombia | Wilder Gomez | Sibling | Colombia | Solatium |
| 96 | Omar Gomez | NY | Colombia | Wilder Gomez | Sibling | Colombia | Solatium |
| 97 | Walter Gomez | NY | Colombia | Wilder Gomez | Sibling | Colombia | Solatium |
| 98 | Kathleen Griffin | NJ | United States | John Griffin | Sibling | United States | Solatium |
| 99 | Lucy Aita | NJ | United States | Paul Innella | Spouse | United States | Solatium |
| 100 | Lucy Aita | NJ | United States | Paul Innella | PR | United States | Solatium/Wrongful Death |

docs-100313542.3

JS 44C/SDNY
بازنگری
10/01/2020

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و ابلاغ الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواهان‌ها | خواندگان |
|---|---|
| بر بری آرون و دیگران. | جمهوری اسلامی ایران |

| وکلا (نام شرکت، آدرس و شماره تلفن | وکلا (در صورت اطلاع) |
| وکیل دعاوی جری اس. گلدمن، شرکت آندرسون کیل | |
| 1251 Avenue of the Americas, New York, NY 10020 | |
| (212)-278-1000 / jgoldman@andersonkill.com | |

علت اقدام
(به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی میکنید استناد نموده و علت را بطور خلاصه ذکر نمایید)
(به قوانین مصوب مربوط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف آرا)

18 U.S.C. § 2333 و 28 U.S.C. §§ 1605A, 1605B

قاضی منصوب شده قبلی
جورج ب. دانیلز

آیا این اقدام یا دادرسی یا موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟  خیر ☐ بله☒

اگر بله، آیا این پرونده داوطلبانه/غیرداوطلبانه رد شده است.  خیر ☐ بله☒   اگر بله، تاریخ _____ و شماره پرونده را ذکر کنید 1:03-md-01570

آیا این یک پرونده داوری بین‌المللی است؟خیر☒بله☐

ماهیت اقامه دعوی
(فقط یک کادر را با علامت [x] مشخص نمایید)

اقدام بر اساس قوانین مصوب

شبه جرم

| قرارداد | صدمه شخصی | صدمه شخصی | توقیف/جریمه | ورشکستگی | سایر قوانین مصوب |
|---|---|---|---|---|---|
| [ ] 110 بیمه | [ ] 310 هواپیما | [ ] 367 بهداشت و درمان/صدمات شخصی دارویی/مسئولیت در قبال محصول | [ ] 625 توقیف اموال مربوط به مواد مخدر 21 USC 881 | [ ] 422 درخواست تجدید نظر 28 USC 158 | [ ] 375 ادعاهای واهی |
| [ ] 120 دریایی | [ ] 315 مسئولیت در قبال محصول هواپیما | | [ ] 690 سایر | [ ] 423 استرداد 28 USC 157 | [ ] 376 دعوی متقابل |
| [ ] 130 قانون میلر | [ ] 320 ضرب و جرح، افترا و توهین | [ ] 365 مسئولیت در قبال محصول | | | [ ] 400 تقسیم مجدد ایالتی |
| [ ] 140 اوراق بهادار | [ ] 330 مسئولیت کارفرمایان فدرال | [ ] 368 شخصی ناشی از محصول | حقوق مالکیت | | [ ] 410 مقابله با انحصار |
| [ ] 150 استرداد اضافه پرداخت و اجرای احکام | [ ] 340 دریایی | شخصی ناشی از محصول آزبست | [ ] 820 حقوق سفنمردای | | [ ] 430 بانک‌ها و بانکداری |
| [ ] 151 قانون MEDICARE | [ ] 345 مسئولیت در قبال محصول دریایی | | [ ] 830 قانون دفاع از اسرار تجاری | | [ ] 450 تجارت |
| [ ] 152 استرداد وام‌های دکول شده دانشجویی (بجز کهنه سربازان) | [ ] 350 خودروهای موتوری | اموال شخصی | [ ] 835 ثبت اختراع | | [ ] 470 اخراج [ ] 470 قانون سازمان‌های تحت نفوذ تقلب و فساد (RICO) |
| [ ] 153 استرداد اضافه پرداخت و مزایای کهنه سربازان | [ ] 355 مسئولیت در قبال محصول خودروهای موتوری | [ ] 370 سایر موارد تقلب | [ ] 835 ثبت اختراع قرارداد داروی جدید با نام ثبت شده مخفف | | [ ] 480 اعتبار مشتری |
| [ ] 160 دعوای سهامداران | [ ] 360 سایر صدمات شخصی | [ ] 371 حقایق در مورد واقعیت | [ ] 840 علامت تجاری | | [ ] 485 قانون حفاظت از مصرف‌کننده تلفنی |
| [ ] 190 سایر قراردادها | [ ] 362 صدمه شخصی - سوءاقدام پزشکی | [ ] 380 سایر موارد آسیب به اموال شخصی | | | [ ] 490 تلویزیون کابلی/ماهواره |
| [ ] 195 مسئولیت در قبال محصول قرارداد | | | کار/نیروی کار | | [ ] 850 اوراق بهادار/کالا/مبادله |
| [ ] 196 فرانشیز | | [ ] 385 مسئولیت در قبال محصول آسیب به اموال | [ ] 710 قانون استانداردهای کار منصفانه (FLSA) | | [ ] 890 قوانین کشاورزی |
| | اقدام بر اساس قوانین مصوب | | [ ] 720 روابط کارگر/مدیریت | | [ ] 891 قوانین کشاورزی |
| املاک و مستغلات | حقوق مدنی | اعتراضات زندانی | [ ] 740 قانون کار راه آهن | | [ ] 893 موضوعات زیست محیطی |
| [ ] 210 تملک زمین | [ ] 440 سایر حقوق مدنی (غیرزندانی) | [ ] 463 فرد بازداشتی بیگانه | [ ] 751 قانون مرخصی استعلاجی خانواده و پزشکی (FMLA) | | [ ] 895 قانون آزادی اطلاعات |
| [ ] 220 ضبط ملک رهنی | [ ] 441 رأی‌دهی | [ ] 510 اقدام برای لغو حکم 28 | | | [ ] 896 داوری |
| [ ] 230 قرارداد اجاره و تخلیه | [ ] 442 استخدام | USC 2255 | [ ] 790 سایر دعاوی استملاکی کار | | [ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان |
| [ ] 240 بهره‌برداری از زمین | [ ] 443 مسکن/اقامتگاه | [ ] 530 قرار احضار زندانی | [ ] 791 قانون تضمین شرکت امل رت (ERISA) | | [ ] 950 تطابق قوانین ایالتی با قانون اساسی |
| [ ] 245 شبه جرم مسئولیت در قبال محصول | [ ] 445 آمریکایی‌های دچار معلولیت - اشتغال | [ ] 535 مجازات اعدام | | | |
| [ ] 290 تمام املاک دیگر | [ ] 446 آمریکایی‌های دچار معلولیت - سایر | [ ] 540 قرار و سایر | مهاجرت | | |
| | [ ] 448 آموزش | حقوق شهروندی زندانی | [ ] 462 درخواست تابعیت | | |
| | | [ ] 550 حقوق شهروندی | [ ] 465 سایر اقدامات مهاجرتی | | |
| | | [ ] 555 شرایط زندان | | | |
| | | [ ] 560 شرایط بازداشت مدنی حبس | | | |

پرونده‌های مالیاتی فرقی
[ ] 870 مالیات‌ها (خواهان) یا خوانده ایالات
[ ] 871 IRS 26 USC (شخص ثالث) 7609

اگر در شکایت تقاضا شده است، علامت بزنید:

اگر این یک اقدام جمعی بر اساس ☐ F.R.C.P. 23 است، علامت بزنید

آیا مدعی هستید که این پرونده به مربوط به پرونده مدنی در دست بررسی در .S.D.N.Y است که به طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

1:03-md-01570 شماره پرونده _____ جورج ب. دانیلز قاضی _____

تقاضا $ 150 میلیارد   سایر _____

اگر در شکایت تقاضا شده است "بله" را علامت بزنید

درخواست هیأت منصفه:  ☐بله☒خیر

توجه:  باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده UA-09376-cv-1:20   سند 2   ارائه شده در تاریخ 11/09/20   صفحه 2 از 7

منشا

(فقط یک کادر را با علامت x مشخص نمایید)

| 1 ☒رسیدگی اصلی | 2 ☐خارج شده از دادگاه ایالتی | 3 ☐تأیید شده در دادگاه تجدید نظر | 4 ☐شروع مجدد یا پاسخ داده شده | 5 ☐منتقل شده از (ناحیه را مشخص کنید) | 6 ☐دادخواهی مربوط به چند ناحیه (منتقل شده) | 7 ☐درخواست تجدید نظر از قاضی ناحیه به قاضی بخش |

☐ الف.  وکلای همه طرفین حضور داشتند
☐ ب.  حداقل یکی از طرفین بدون وکیل حضور دارد.

8 ☐دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

(فقط یک کادر را با علامت x مشخص نمایید)   مبنای صلاحیت   در صورت تفاوت، در زیر تابعیت را مشخص کنید.

| 1 ☐خواهان ایالات متحده | 2 ☐ خوانده ایالات متحده | 3 ☒بازرسی فدرال (ایالات متحده یکی از طرفین نیست) | 4 ☐تنوع |

تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک x هم در کادر مربوط به خوانده علامت بزنید)

| | خواهان | خوانده | | خواهان | خوانده |
|---|---|---|---|---|---|
| شهروند این ایالت | خواهان 1 [] | 1 [] | شهروند یا تبعه یک کشور خارجی | خواهان 3 [] | 3 [] | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | خواهان 5 [] | 5 [] |
| شهروند ایالتی دیگر | 2 [] | 2 [] | تأسیس شده یا محل اصلی کسب و کار در این ایالت | 4 [] | 4 [] | تابعیت خارجی | 6 [] | 6 [] |

آدرس(ها) و کشور(های) خواهان(ها)
به پیوست مراجعه کنید.

آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران، ایران.

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانستم آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

**تخصیص به دادگاه**
بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 20، 18 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت بزنید:   این اقدام باید به محل زیر اختصاص یابد:   ☐وایت پلینز   ☒منهتن

تاریخ 11/9/2020   /امضا/ جری اس. گلدمن

شماره رسید   امضای وکیل پرونده

پذیرفته شده برای اجرا در این ناحیه
☐خیر
☒بله (تاریخ پذیرش ماه می سال 1980  )
شماره کد وکیل در کانون وکلا EN8474

قاضی باید توسط منشی دادگاه منصوب شود.

قاضی بخش _____   به این صورت تعیین شد.

روبی جی. کراچیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____ .

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

## ضمیمه

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] | |
|---|---|---|---|---|---|---|---|
| بر بری آرون ( Ber Barry Aron) | پزشک | ایالات متحده | جوشا آرون (Joshua Aron) | والد | ایالات متحده | ترضیه خاطر | 1 |
| دانا آرون ویِنر Dana Aron (Weiner | ایلینویز | ایالات متحده | جوشا آرون (Joshua Aron) | برادر/خواهر | ایالات متحده | ترضیه خاطر | 2 |
| باربارا آن سالیوان Barbara Ann (Sullivan | تگزاس | ایالات متحده | جیمز دبلیو. باربلا James W. (Barbella) | برادر/خواهر | ایالات متحده | ترضیه خاطر | 3 |
| دوروتی بلندینگ Dorothy ) Blanding) به عنوان نماینده شخصی ماترک هری بلندینگ سنیور Harry Blanding, ) (.Sr | نیوجرسی | ایالات متحده | هری بلندینگ جونیور Harry ) (.Blanding, Jr | والد (متوفی) | ایالات متحده | ترضیه خاطر | 4 |
| آنتونی بوچی (Anthony Bocchi) | نیوجرسی | ایالات متحده | جان بوچی John ) (Bocchi | برادر/خواهر | ایالات متحده | ترضیه خاطر | 5 |
| النا بوچی Elena ) Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | والد | ایالات متحده | ترضیه خاطر | 6 |
| متیو بوچی (Matthew Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر | 7 |
| مایکل بوچی (Michael Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر | 8 |
| میشل بوچی-ساندلو | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | همسر | ایالات متحده | ترضیه خاطر | 9 |
| نیکلاس بوچی (Nicholas Bocchi) | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر | 10 |
| پل بوچی ( Paul (Bocchi | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | فرزند | ایالات متحده | ترضیه خاطر | 11 |
| آن بوچی-شویمر Ann ) Bocchi-Schwimm (er | نیوجرسی | ایالات متحده | جان بوچی ( John (Bocchi | برادر/خواهر | ایالات متحده | ترضیه خاطر | 12 |

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100313542.3

docs-100313542/3

1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی در تاریخ 9/11 | تابعیت/ ملیت خواهان در زمان 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان بوچی (John Bocchi) | ایالات متحده | فلوریدا | دیان بوچی اسولا Diane Bocchi (Esola | 13 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | جان بوچی (John Bocchi) | ایالات متحده | نیوجرسی | النا بوچی (Elena Bocchi) به عنوان نماینده شخصی کامیلو بوچی (Camillo Bocchi) | 14 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان بوچی (John Bocchi) | ایالات متحده | نیوجرسی | لوسی بوچی کراوس Lucy Bocchi (Kraus | 15 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | جان بوچی (John Bocchi) | ایالات متحده | نیوجرسی | میشل بوچی-ساندلو | 16 |
| ترضیه خاطر | ایالات متحده | والد | ورونیک باورز Veronique (Bowers | ایالات متحده | نیویورک | دافنه باورز (Daphne Bowers) | 17 |
| ترضیه خاطر | ایالات متحده | فرزند | مارک برودریک Mark (Broderick | ایالات متحده | نیوجرسی | اندرو برودریک Andrew (Broderick | 18 |
| ترضیه خاطر | ایالات متحده | همسر | مارک برودریک Mark (Broderick | ایالات متحده | نیوجرسی | کارولینا برودریک Carolina (Broderick | 19 |
| ترضیه خاطر | ایالات متحده | فرزند | مارک برودریک Mark (Broderick | ایالات متحده | نیوجرسی | جیمز برودریک James (Broderick | 20 |
| ترضیه خاطر | ایالات متحده | فرزند | مارک برودریک Mark (Broderick | ایالات متحده | نیوجرسی | متیو برودریک Matthew (Broderick | 21 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | مارک برودریک Mark (Broderick | ایالات متحده | نیوجرسی | کارولینا برودریک Carolina (Broderick | 22 |
| ترضیه خاطر | ایالات متحده | والد | فلیکس کالیکسته (Felix Calixte) | ایالات متحده | سنت لوسیا | انگوس ژاک (Angus Jacques) | 23 |
| ترضیه خاطر | ایتالیا | همسر | لوئیجی کالوی (Luigi Calvi) | ایالات متحده | نیویورک | کریستین بروزون Christine (Brozon | 24 |
| ترضیه خاطر/قتل غیرعمد | ایتالیا | پورتو ریکو | لوئیجی کالوی (Luigi Calvi) | ایالات متحده | نیویورک | کریستین بروزون Christine (Brozon | 25 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ورنون چری (Vernon Cherry) | ایالات متحده | پزشک | جیمز چری (James Cherry) | 26 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ورنون چری (Vernon Cherry) | ایالات متحده | جورجیا | سینتیا تایلور (Cynthia Taylor) | 27 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | برندا کانوی Brenda (Conway | ایالات متحده | نیویورک | جرماینه الکساندر Germaine (Alexander | 28 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | برندا کانوی Brenda (Conway | ایالات متحده | نیویورک | تامی الکساندر Tammi (Alexander | 29 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | تیموتی کافلین Timothy ) | ایالات متحده | نیویورک | دنیس کافلین Dennis (Coughlin | 30 |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در زمان دعوی 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| | | | | (Coughlin) | | | |
| 31 | فرانسیس کافلین جونیور ( Francis Coughlin, Jr.) | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 32 | رابرت کافلین Robert ) (Coughlin | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 33 | مائورا کافلین-رابرتی Maura ) Coughlin-Roberti ( | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | همسر | ایالات متحده | ترضیه خاطر |
| 34 | ریلی کافلین-رابرتی Riley ) Coughlin-Roberti ( | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | فرزند | ایالات متحده | ترضیه خاطر |
| 35 | ریان کافلین-رابرتی Ryann ) Coughlin-Roberti ( | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | فرزند | ایالات متحده | ترضیه خاطر |
| 36 | سین کافلین-رابرتی Sean ) Coughlin-Roberti ( | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | فرزند | ایالات متحده | ترضیه خاطر |
| 37 | فرانسیس کافلین جونیور ( Francis Coughlin, Jr.)، به عنوان نماینده شخصی ماترک آلیس کافلین (Alice Coughlin) | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 38 | رابرت کافلین Robert ) (Coughlin و فرانسیس کافلین Francis ) (Coughlin به عنوان نماینده شخصی مشترک ماترک فرانسیس کافلین سنیور Francis ) Coughlin, Sr.) | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 39 | فرانسیس کافلین جونیور ( Francis ) Coughlin, Jr.) و مائورا کافلین-رابرتی Maura ) (Couglin-Roberti | نیویورک | ایالات متحده | تیموتی کافلین Timothy ) (Coughlin | نمایندگان شخصی مشترک | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 40 | رجینا مارتین (Regina Martin) به عنوان نماینده شخصی ماترک فرانسیس کاو (Francis Cove) | فلوریدا | ایالات متحده | فرانسیس کاو (James Cove) | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |

3

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 41 | رجینا مارتین (Regina Martin) به عنوان نماینده شخصی ماترک مارگارت کاو (Margaret Cove) | فلوریدا | ایالات متحده | فرانسیس کاو (James Cove) | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | رجینا مارتین (Regina Martin) | فلوریدا | ایالات متحده | فرانسیس کاو (James Cove) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 43 | ونسنا داوسون دوناوان (Vancena Dawson Donovan) | جزایر ویرجین ایالات متحده | ایالات متحده | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 44 | وانیتا آویلز (Vanita Aviles) | پورتو ریکو | ایالات متحده | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 45 | جانیتا کلاین (Janita Clyne) | جزایر ویرجین بریتانیا | ایالات متحده | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 46 | آلوین داوسون (Alvin Dawson) | جورجیا | بریتانیایی | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 47 | آنت سیمون (Annette Simon) | نیویورک | غیرآمریکایی | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48 | چارلز داوسون (Charles Dawson) | جزایر ویرجین بریتانیا | بریتانیایی | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 49 | جانت داوسون (Janet Dawson) | نیویورک | غیرآمریکایی | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 50 | لنا داوسون (Lena Dawson) | جورجیا | ایالات متحده | کالوین داوسون (Calvin Dawson) | همسر | ایالات متحده | ترضیه خاطر |
| 51 | تاتیانا داوسون (Tatiana Dawson) | جورجیا | ایالات متحده | کالوین داوسون (Calvin Dawson) | فرزند | ایالات متحده | ترضیه خاطر |
| 52 | ویکتورین داوسون (Victorine Dawson) | جزایر ویرجین ایالات متحده | ایالات متحده | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 53 | دوریس هتریگتون (Doris Hetherington) | جزایر ویرجین | جزایر ویرجین بریتانیا | کالوین داوسون (Calvin Dawson) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 54 | لنا داوسون (Lena Dawson) | TBD | ایالات متحده | کالوین داوسون (Calvin Dawson) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 55 | دانیلا دلا پنا (Daniella De La Pena) | فلوریدا | ایالات متحده | امریتا دلا پنا (Emerita De la Pena) | فرزند | ایالات متحده | ترضیه خاطر |
| 56 | گابریل دانیلا دلا پنا (Gabriel De La Pena) | فلوریدا | ایالات متحده | امریتا دلا پنا (Emerita De la Pena) | همسر | ایالات متحده | ترضیه خاطر |

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی در تاریخ 9/11 | نسبت خواهان با متوفی 9/11 | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 57 | گابریل دانیلا دلا پنا (Gabriel De La Pena) | فلوریدا | ایالات متحده | امریتا دلا پنا (Emerita De La Pena) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 58 | رونالد سیررا (Ronald Sierra) | نیویورک | ایالات متحده | جودیث برکیس دیاز-سیررا (Judith Berquis Diaz-Sierra) | همسر | ایالات متحده | ترضیه خاطر |
| 59 | رونالد سیررا (Ronald Sierra) | نیویورک | ایالات متحده | جودیث برکیس دیاز-سیررا (Judith Berquis Diaz-Sierra) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 60 | مارلیس سالومه بوسلی (Marlyse Salome Bosley) | آریزونا | ایالات متحده | خوزه اسپینال (Jose Espinal) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 61 | سائول اسپینال راموس (Saul Espinal Ramos) | کانادا | کانادا | خوزه اسپینال (Jose Espinal) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 62 | الین اسکولین (Eileen Esquilin) | نیوجرسی | ایالات متحده | روبن اسکولین (Ruben Esquilin) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 63 | ماریبل ورگاس (Marybelle Vargas) | نیویورک | ایالات متحده | روبن اسکولین (Ruben Esquilin) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 64 | جان داو 86 (John Doe 86) | TBD | ایالات متحده | وندی فالکنر (Wendy Faulkner) | خواهر/برادر | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 65 | استفن موریس (Stephen Morris) | نیویورک | استرالیا | وندی فالکنر (Wendy Faulkner) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 66 | آنت فیلدز (Annette Fields) | نیویورک | ایالات متحده | ساموئل فیلدز جونیور (Samuel Fields, Sr.) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 67 | فلیشیا فیلدز (Felicia Fields) | نیویورک | ایالات متحده | ساموئل فیلدز جونیور (Samuel Fields, Sr.) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 68 | مایکل فیلدز (Michael Fields) | نیویورک | ایالات متحده | ساموئل فیلدز جونیور (Samuel Fields, Sr.) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 69 | کوین فینرتی (Kevin Finnerty) | مینیاسوتا | ایالات متحده | تیموتی فینرتی (Timothy Finnerty) | خواهر/برادر | ایالات متحده | ترضیه خاطر |
| 70 | پیتر فینرتی (Peter Finnerty) | نیوجرسی | ایالات متحده | تیموتی فینرتی (Timothy Finnerty) | والد | ایالات متحده | ترضیه خاطر |
| 71 | ترزا رابرتز (Theresa Roberts) | نیوجرسی | ایالات متحده | تیموتی فینرتی (Timothy Finnerty) | همسر | ایالات متحده | ترضیه خاطر |
| 72 | ترزا رابرتز (Theresa Roberts) | نیوجرسی | ایالات متحده | تیموتی فینرتی (Timothy Finnerty) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 73 | لوئیس فلیکینگر (Louise) | نیویورک | ایالات متحده | کارل ام. فلیکینگر (Carl M.) | والد (متوفی) | ایالات متحده | ترضیه خاطر |

5

docs-100313542/3

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت متوفی ٩/١١، در تاریخ ٩/١١/٠١ | نسبت خواهان با متوفی ٩/١١[1] | نام کامل متوفی ٩/١١ | تابعیت/ ملیت خواهان در تاریخ ٩/١١/٠١ | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| | | | (Flickinger | | | به (Flickinger) عنوان نماینده شخصی ماترک کارل جی. فلیکینگر ( .Carl J (Flickinger | |
| ترضیه خاطر | ایالات متحده | فرزند | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | آلانا فلیکینگر ( Alana (Flickinger | 74 |
| ترضیه خاطر | ایالات متحده | فرزند | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | کارل جی. فلیکینگر ( .Carl J (Flickinger | 75 |
| ترضیه خاطر | ایالات متحده | فرزند | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | کریگ تی. فلیکینگر ( .Craig T (Flickinger | 76 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | ادموند فلیکینگر ( Edmund (Flickinger | 77 |
| ترضیه خاطر | ایالات متحده | همسر | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | کاتلین فلیکینگر ( Kathleen (Flickinger | 78 |
| ترضیه خاطر | ایالات متحده | والد | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | لوئیس فلیکینگر ( Louise (Flickinger | 79 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | پنسیلوانیا | رابرت فلیکینگر ( Robert (Flickinger | 80 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیوجرسی | لیزا مادن ( Lisa (Madden | 81 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | کارل ام. فلیکینگر ( .Carl M (Flickinger | ایالات متحده | نیویورک | کاتلین فلیکینگر ( Kathleen (Flickinger | 82 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کلودیا فاستر (Claudia Foster) | ایالات متحده | نیویورک | سیلویا آلمن ( Sylvia (Aleman | 83 |
| ترضیه خاطر | ایالات متحده | والد | کلودیا فاستر (Claudia Foster) | هندوراس | نیویورک | بلانکا مارتینز (Blanca Martinez) | 84 |
| ترضیه خاطر | ایالات متحده | والد | کلودیا فاستر (Claudia Foster) | گواتمالا | نیویورک | کارلوس مارتینز (Carlos Martinez) | 85 |
| ترضیه خاطر | ایالات متحده | همسر | پیتر فرانک ( Peter (Frank | ایالات متحده | نیویورک | کارن کارلوچی (Karen Carlucci) | 86 |
| ترضیه خاطر | ایالات متحده | والد | پیتر فرانک ( Peter (Frank | ایالات متحده | نیویورک | کنستانس فرانک ( Constance (Frank | 87 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | پیتر فرانک ( Peter (Frank | ایالات متحده | رود آیلند | میشل فرانک (Michelle Frank) | 88 |
| ترضیه خاطر | ایالات متحده | والد | پیتر فرانک ( Peter (Frank | ایالات متحده | نیویورک | پیتر فرانک ( Peter (Frank | 89 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | پیتر فرانک ( Peter (Frank | TBD | TBD | جان داو 87 ( John (Doe 87 | 90 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | جان گنازو ( John (Gnazzo | ایالات متحده | نیویورک | ادوارد گنازو (Edward Gnazzo) | 91 |

docs-100313542/3

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11[1] | نسبت خواهان با متوفی 9/11[1] | شهروندی/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 92 | نیکلاس گنازو ( Nicholas Gnazzo) | نیویورک | ایالات متحده | جان گنازو ( John Gnazzo) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 93 | سانگ جنگ ( Song Jeng) | نیویورک | ایالات متحده | جان گنازو ( John Gnazzo) | والد | ایالات متحده | ترضیه خاطر |
| 94 | لوز آمریکا پیدراهیتا آیالا ( Luz America Piedrahita Ayala) | نیویورک | کلمبیا | وایلدر گومز (Wilder Gomez) | والد | کلمبیا | ترضیه خاطر |
| 95 | خایرو گومز ( Jairo Gomez) | نیویورک | کلمبیا | وایلدر گومز (Wilder Gomez) | برادر/خواهر | کلمبیا | ترضیه خاطر |
| 96 | عمر گومز ( Omar Gomez) | نیویورک | کلمبیا | وایلدر گومز (Wilder Gomez) | برادر/خواهر | کلمبیا | ترضیه خاطر |
| 97 | والتر گومز ( Walter Gomez) | نیویورک | کلمبیا | وایلدر گومز (Wilder Gomez) | برادر/خواهر | کلمبیا | ترضیه خاطر |
| 98 | کاتلین گریفین (Kathleen Griffin) | نیوجرسی | ایالات متحده | جان گریفین ( John Griffin) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 99 | لوسی آیتا ( Lucy Aita) | نیوجرسی | ایالات متحده | پل اینلا ( Paul Innella) | همسر | ایالات متحده | ترضیه خاطر |
| 100 | لوسی آیتا ( Lucy Aita) | نیوجرسی | ایالات متحده | پل اینلا ( Paul Innella) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| BER BARRY ARON et al. | Civil Docket Number: 1:20-cv-9376 |
| PLAINTIFFS, | **AFFIDAVIT OF TRANSLATOR** |
| v. | ECF CASE |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

STATE OF NEW YORK      )
                                        ) ss:
COUNTY OF NEW YORK   )


Lindsay Young, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

   a.  Summons with appendix
   b.  Complaint with appendix
   c.  Civil cover sheet with appendix
   d.  Statement of Relatedness with appendix
   e.  Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)
   f.  Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 100 offices on six continents, is a leader in providing professional translations. TransPerfect Translations, Inc. has over twenty-five years of experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by a translator who holds a BA in English and an MA in Translation. They have been a legal language consultant and translator for over 20 years.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not in relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.


*Lindsay Young*

Lindsay Young, Project Manager
Currently situated in the County of New York


Sworn to before me remotely
this ___17th___ day of ___November___, 2020


_____
Notary Public
Currently situated in the County of New York

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به حملات تروریستی 11 سپتامبر 2001 | مربوط به:(SN) (GBD) 03 MDL 1570 |

شماره پرونده مدنی: 1:20-cv-9376

بر بری آرون و دیگران،

خواهان‌ها،

علیه

جمهوری اسلامی ایران،

خوانده،

اظهارنامه مترجم

پرونده EFC

ایالت نیویورک ( 

ناحیه نیویورک ( 

) ss:

<u>Lindsay Young</u>، پس از ادای سوگند اعلام می‌دارد:

1. اینجانب کارمند شرکت TransPerfect بوده و جزو طرفین این اقدام نیستم. تا آنجا که می‌دانم و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد مبدأ ذکر شده در زیر صحیح و دقیق هستند:

    a. احضاریه‌ها همراه با ضمیمه

    b. شکایت همراه با ضمیمه

    c. برگه جلد دادخواست مدنی همراه با ضمیمه

    d. اظهارنامه مرتبط بودن به همراه ضمیمه

    e. ابلاغیه اقامه دعوی به همراه نسخه‌ای از 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d)، و قانون مصونیت حاکمیت خارجی (28 U.S.C. 1602, et seq.).

    f. اظهارنامه مترجم

2. این درخواست توسط شرکت Anderson Kill P.C، وکلای خواهان‌ها در این اقدام ارائه شد.

3. شرکت TransPerfect Translations یک سازمان ترجمه با بیش از 100 دفتر در شش قاره بوده و در زمینه ارائه ترجمه حرفه‌ای پیشتاز است. شرکت TransPerfect Translations بیش از بیست و پنج سال در زمینه ترجمه جفت زبان مذکور به یکدیگر تجربه دارد و کارش مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌های ایالات متحده و سراسر جهان قرار گرفته است.

4. ترجمه‌های اسناد مبدأ مندرج در بالا توسط مترجمی صورت گرفته است که دارای مدرک کارشناسی زبان انگلیسی و کارشناسی ارشد ترجمه است. آنها بیش از 20 سال مشاور زبان حقوقی و مترجم بوده‌اند.

<div dir="rtl">

5. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته و همچنین نمایندگانی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و به هیچ‌یک از طرفین نامبرده در این سند (اسناد) مبدأ رابطه‌ای ندارند.

6. مطابق با CPLR 2101، ترجمه دقیق است.

</div>

*Lindsay Young*

<div dir="rtl">

Lindsay Young، مدیر پروژه
در حال حاضر مستقر در کانتی نیویورک

</div>

<div dir="rtl">

نزد من از راه دور سوگند یاد کرد
در تاریخ 17 نوامبر 2020

</div>

<div dir="rtl">

دفتر اسناد رسمی
در حال حاضر مستقر در کانتی نیویورک

</div>

WENDY POON
NOTARY
NO. 01PO6356754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
PUBLIC
STATE OF NEW YORK

2