| | |
|---|---|
| **MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES** | **WHITE & CASE LLP** |
| Motley Rice LLC | 701 Thirteenth Street, NW |
| Kreindler & Kreindler LLP | Washington, DC 20005 |
| Cozen O'Connor | |

July 19, 2021

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, New York 10007

RE:   *In re Terrorist Attacks on Sept. 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Your Honor's April 19, 2021 Order (ECF No. 6747), Plaintiffs and Al Rajhi Bank hereby submit this status letter updating the Court on the jurisdictional discovery process regarding Al Rajhi Bank.

On March 26, 2021, Your Honor directed "limited personal jurisdiction discovery" as to Al Rajhi Bank "pursuant to the mandate of the Court of Appeals." Op. & Order 2 (ECF No. 6681); *see also Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66, 69 (2d Cir. 2019).

On May 11, 2021, Plaintiffs served Al Rajhi Bank with their First Set of Consolidated Requests for Production of Documents (the "Requests"). Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, on June 10, 2021 Al Rajhi Bank served Plaintiffs with its Responses and Objections to Plaintiffs' Requests.

On June 29, 2021, the Parties met and conferred on Plaintiffs' Requests and the Bank's Responses and Objections.

Today, on July 19, 2021, the Bank produced an initial tranche of documents in response to certain Requests.

**PLAINTIFFS' POSITION:**

Plaintiffs' initial document discovery consists of 58 enumerated document requests. ARB's Responses and Objections to those requests spanned 162 pages.

For 47 of the 58 requests, ARB declared that it would not conduct any searches for responsive documents. For the 11 requests for which ARB did agree to conduct partial searches, ARB


narrowed the scope of the requests unilaterally, limiting both the time frame and the subject matter of the requests. In Plaintiffs' view, the scope of the objections and artificial limits ARB has sought to impose on the few searches it has agreed to conduct reflected a fundamental unwillingness to engage in the discovery contemplated by the Second Circuit.[1]

On June 29, 2021, the parties conferred by phone concerning ARB's objections. While Plaintiffs are committed to the meet and confer process and plan to continue the dialogue, the discussions confirmed that the parties have significant and fundamental disagreements regarding the scope and areas of discovery authorized by the Second Circuit's December 13, 2019 Order and other governing law, and that certain disputes will need to be presented to the Court for resolution. Counsel for ARB acknowledged the fundamental nature of many of the parties' disagreements on the call.

After the call, Plaintiffs' counsel conferred amongst themselves concerning the positions presented by ARB on the call, and agreed that it was essential to begin the process of briefing key areas of dispute. Plaintiffs sent ARB counsel a letter explaining their rationales on July 15, 2021, a copy of which is attached.[2]

In the July 15, 2021 letter, Plaintiffs proposed the following briefing schedule and page limits for Plaintiffs' motion to compel:

(1) <u>July 30, 2021</u> – Deadline for Plaintiffs to file a single, consolidated motion to compel and memorandum of law in support of same, not to exceed 25 pages.

(2) <u>August 20, 2021</u> – Deadline for defendant ARB to file its memorandum of law in opposition, not to exceed 25 pages.

(3) <u>August 27, 2021</u> – Deadline for Plaintiffs to file a reply brief, not to exceed 10 pages.

The page limits Plaintiffs have proposed are essential to providing the Court with an adequate presentation of the issues. As indicated above, ARB's objections span 162 pages, and involve a range of layered and separate objections. The presentation of the issues will require a thoughtful presentation of how ARB's numerous objections contravene governing Second Circuit authorities and prior rulings of this Court, and discussion of the particular relevance of the discovery at issue. That cannot be accomplished within the page limits ARB proposes.

As of the filing of this letter, Plaintiffs have not yet had the opportunity to review the five Arabic pages produced by the Bank.

---

[1] Even as to the extremely limited searches it has agreed to conduct, ARB has been opaque about what it is actually doing and what will actually be produced. Instead, ARB has offered only ambiguous statements that it will continue to search (without defining the search parameters or the repositories) for documents that ARB unilaterally deems "potentially relevant," "reasonably accessible," and "non-privileged" to be produced to Plaintiffs on a rolling basis (without a commitment to a completion date), and subject to applicable laws and regulations (without identifying the applicable laws and regulations). *See* Al Rajhi Bank's Position statement below.

[2] In addition to the reasons cited in that letter, Plaintiffs made considerable effort on the front end to narrow their requests, to focus on the issues and relationships most critical to the jurisdictional inquiry. Thus, Plaintiffs' requests already had been narrowed to an essential set of relationships and transactions.

**AL RAJHI BANK'S POSITION:**

Al Rajhi Bank continues to object to the propriety of jurisdictional discovery at this time. It is the Bank's position that the Court should dismiss all of Plaintiffs' claims against the Bank pursuant to Rule 12(b) (6) (*see* ECF No. 5385). The Bank has filed Rule 72(b)(2) Objections to Your Honor's denial of the Bank's motion to dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6) (*see* ECF No. 6724). The Objections are pending, and Judge Daniels's rulings on them could obviate any jurisdictional discovery or substantially alter what is relevant to the jurisdictional-discovery inquiry and proportional to the needs of the case.

The Bank takes seriously its obligations in these proceedings and to this Court. Notwithstanding the Bank's pending Rule 72(b)(2) Objections, the Bank responded to Plaintiffs' Requests (which contained 58 enumerated document requests, many of which contained multiple sub-parts) by serving Responses and Objections on June 10, 2021. Subject to applicable laws and regulations, the Bank agreed to search for and produce on a rolling basis any relevant, reasonably accessible, non-privileged documents responsive to certain requests. The Bank also objected to producing documents in response to other requests because the requests go beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery as to the Bank.

On the June 29 meet-and-confer call, Plaintiffs agreed to provide in writing specific counter-proposals regarding two fundamental issues on which the Parties currently disagree: the relevant date range to be applied to Plaintiffs' Requests and the scope of jurisdictional discovery authorized by the Second Circuit. The Bank agreed to consider Plaintiffs' promised counter-proposals to see if any agreement could be reached between the Parties. Finally, on July 15, 2021, Plaintiffs sent the Bank a letter, but instead of providing any counter-proposals, Plaintiffs proposed to file a motion to compel on or before July 30, 2021.

Today, on July 19, 2021, the Bank produced an initial tranche of documents in response to certain Requests. Plaintiffs have not asked the Bank about search parameters or document repositories and have now proposed to proceed directly to a motion to compel. In light of the close of jurisdictional discovery on December 17, 2021, the Bank meanwhile continues the process of identifying potentially relevant, reasonably accessible, non-privileged documents that are responsive to certain Requests, to be produced to Plaintiffs on a rolling basis and subject to applicable laws and regulations.

In the interest of judicial efficiency and to reduce the burden on the Court, the Bank is willing to continue the meet-and-confer process and to consider any counter-proposals made by Plaintiffs. Plaintiffs, however, propose instead to proceed directly to a motion to compel, reflecting Plaintiffs' "fundamental unwillingness" to engage in a meaningful meet-and-confer process. The Bank reluctantly agrees to Plaintiffs' proposed briefing schedule for Plaintiffs' motion to compel, but the Bank proposes that Plaintiffs' motion and the Bank's opposition be limited to 15 pages each, and Plaintiffs' reply memorandum be limited to 8 pages.

\*   \*   \*

The Parties stand ready to provide any additional information that would be helpful to the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Sean P. Carter, Esq. | /s/ Christopher M. Curran, Esq. |
| Sean P. Carter | Christopher M. Curran |
| COZEN O'CONNOR | Nicole Erb |
| One Liberty Place | Matthew S. Leddicotte (admitted pro hac vice) |
| 1650 Market Street | Reuben J. Sequeira |
| Suite 2800 | WHITE & CASE LLP |
| Philadelphia, PA 19103 | 701 Thirteenth Street, NW |
| Tel: (215) 665-2105 | Washington, DC 20005 |
| E-mail: scarter1@cozen.com | Telephone: + 1 202 626 3600 |
| | Facsimile: + 1 202 639 9355 |
| *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* | ccurran@whitecase.com |
| | nerb@whitecase.com |
| | mleddicotte@whitecase.com |
| | rsequeira@whitecase.com |
| | *Counsel for Al Rajhi Bank* |

LEGAL\53389827\1

# Attachment

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

July 15, 2021

Matthew S. Leddicotte, Esq.
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Matt:

      We write to follow-up on our meet and confer of June 29, 2021, and to propose a course for advancing discovery as to Al Rajhi Bank ("ARB").

      As we discussed during our meet and confer, there are significant and (in several cases) fundamental disagreements between plaintiffs and ARB concerning the scope of jurisdictional discovery authorized by the Second Circuit's mandate and applicable decisions. These include disputes as to the relevant time frame for jurisdictional discovery, and the nature of financial dealings and relationships that are subject to discovery. We also agreed that it was unlikely that the parties would be able to resolve several of their differences of opinion on overarching issues via the meet and confer process, given the very fundamental nature of the disagreements.

      While we remain committed to an ongoing dialogue concerning areas where we may be able to narrow the scope of our differences, it is our assessment that it is necessary to begin the process of presenting our disputes to the Court. This assessment is informed by the following considerations, among others:

- *Timeline and efficiencies issues.* As you know, the Court has set a December 30, 2021 deadline for completion of jurisdictional fact discovery. Given the Court's obvious interest in moving jurisdictional discovery as to ARB forward on an aggressive timeline, which we share, we do not believe that motion practice as to our discovery disputes can be deferred to the completion of a further meet and confer process, particularly given the limited prospects of reaching significant agreements as a result of those discussions. You noted during our call certain factors that may impact the timeline for completing necessary searches and producing

Matthew S. Leddicotte, Esq.
July 15, 2021

---

documents, and those circumstances also counsel in favor of securing prompt guidance from the Court concerning ARB's discovery obligations.

Further, from an efficiency standpoint, we believe the presentation of plaintiffs' motion to compel will serve to frame the issues more precisely for the parties, and is thus likely to encourage more productive conversations in the meet and confer process. The parties can obviously continue those discussions after plaintiffs' motion to compel has been filed, and advise the Court as to any issues that have been mooted by those further conversations.

- *The likelihood that motion practice will be necessary in any case.* As we agreed during our call, the parties have some very fundamental disagreements concerning the scope of jurisdictional discovery. Given the nature of those disagreements, we believe it is inevitable that the parties will need guidance from the Court concerning those issues, and that it is in the best interests of all parties and the Court to secure guidance on those questions early in the discovery process.

- *The difficulty in advancing any compromises, given ARB's unwillingness to confirm that any documents will actually be produced.* In response to all of plaintiffs' document requests, ARB has indicated an objection to producing any documents, to the extent authorities in a host country might argue that the production of the materials would be in conflict of their domestic laws. You indicated this objection principally concerned the position of Saudi regulators, and that you were not yet in a position to advise the extent to which Saudi regulators may object to the production of responsive documents. Without knowing whether relevant documents within the scope of a particular search will actually be produced, it is impossible for plaintiffs to relinquish rights to discovery to which they are entitled as part of a potential compromise, as they would have no assurance about what they would in fact be receiving as part of any compromises they may agree to.

Given the foregoing, we propose that plaintiffs file their motion to compel, not to exceed 25 pages, on or before July 30, 2021. We would further propose that ARB file its opposition by August 20, 2021, and that plaintiff's reply, if any, would be due on August 27, 2021.

As indicated above, we will remain available to confer about potential compromises even after we file our motion to compel, and are hopeful that the process of briefing the issue will encourage compromise.

Matthew S. Leddicotte, Esq.
July 15, 2021

Sincerely,

COZEN O'CONNOR

By:   /s/ *Sean P. Carter*
     Sean P. Carter
     Cozen O'Connor
     One Liberty Place
     1650 Market Street, Suite 2800
     Philadelphia, PA 19103
     Tel: (215) 665-2105
     E-mail: scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

cc:  Reuben J. Sequeira, Esq.
    William N. Clark, Jr., Esq.
    J. Scott Tarbutton, Esq.
    Abby J. Sher, Esq.
    Robert Sheps, Esq.
    James L. Bernard, Esq.
    Patrick N. Petrocelli, Esq.
    Christopher R. LoPalo, Esq.

LEGAL\53274927\1