# EXHIBIT C



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer: ASARO V. ISLAMIC REP. OF IRAN
Date: 4/6/2021 8:15:54 AM
Register: ACS Cash
Transaction: 15040180
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | CHF 2'275.00 |
| ROGATORY/FSIA FEE | | | | |

| | |
|---|---|
| **Balance** | $2,275.00 |
| **Amount Paid** | $2,275.00 |
| **Change** | $0.00 |

CUSTOMER COPY
**ALL TRANSACTIONS ARE
FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

50098





**United States Department of State**

*Washington, D.C.*   *20520*

May 5, 2021

Ruby J. Krajick
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re: Paul Asaro, et al. v. Islamic Republic of Iran, 1:20-cv-10460**

Dear Ms. Krajick:

I am writing regarding the Court's request for transmittal of a Summons, Iran Short Form Complaint, Civil Cover Sheet, Related Case Statement, and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1050-IE dated April 19, 2021 and delivered on April 21, 2021. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser, Consular Affairs



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland ⟩
Bern, Canton of Bern ⟩ SS:
Embassy of the United States of America ⟩

I, Lisa I. Overman, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 27463 dated March 31, 2021, which was transmitted to the Swiss Ministry of Foreign Affairs on March 31, 2021 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)

_____Lisa I. OVERMAN_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 30, 2021
(Date)



*Embassy of the United States of America*

March 31, 2021

CONS NO.    27463

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities
Act (FSIA) – Paul Asaro, et al. v. Islamic Republic of Iran, 1:20-cv-10460

REF:   ----

The Department of State has requested the delivery of the enclosed Summons, Iran Short Form
Complaint, Civil Cover Sheet, Related Case Statement, and Notice of Suit to the Ministry of
Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities
Act in the matter of Paul Asaro, et al. v. Islamic Republic of Iran, 1:20-cv-10460.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the
documents to the American Interests Section of the Swiss Embassy in Tehran.  There is one
defendant to be served in this case: the Islamic Republic of Iran.  The American Interests Section
should transmit the Summons, Iran Short Form Complaint, Civil Cover Sheet, Related Case
Statement, and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover of one
diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery.  The
American Interests Section should execute certifications of the diplomatic notes, which will be
forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of
State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the
Swiss Embassy in Tehran receives the documents as well as the date the Interests Section
forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Paul Asaro, et al. v. Islamic Republic of Iran, 1:20-cv-10460, which is pending in the United States District Court in the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons and Iran Short Form Complaint herewith. The U.S. District Court in the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons, Iran Short Form Complaint, Civil Cover Sheet, and Related Case Statement be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Iran Short Form Complaint, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States and certain other court documents that the plaintiff has requested be transmitted.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Iran Short Form Complaint, Civil Cover Sheet, Related Case Statement, and Notice of Suit
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland            )
ern, Canton of Bern                    ) SS:
mbassy of the United States of America )

ertify that the annexed document bears the genuine seal of the Swiss Federal Department of
oreign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing is true
d correct.

_____
(Signature of Consular Officer)

_____Lisa I. OVERMAN_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 30, 2021
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

31003

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27463 dated March 31, 2021 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
**Lawsuit Paul Asaro, et al. v. Islamic Republic of Iran, 1:20-cv-10460**

- Note No. 1050-IE addressed to the Government of the Islamic Republic of Iran

dated April 19, 2021 and proof of service, dated April 21, 2021 as well as the certification by the Swiss Federal Chancellery dated April 28, 2021.

The section has received the above mentioned documents on April 19, 2021. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on April 21, 2021. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, April 28, 2021                              EGGSO

*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Lisa I. OVERMAN
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 30, 2021
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1050-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents it compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry to the lawsuit Paul Asaro, et al. v. Islamic Republic of Iran, 1:20-cv-10460, which is pending in the United States District Court in the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons and Iran Short Form Complaint herewith. The U.S. District Court in the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons, Iran Short Form Complaint, Civil Cover Sheet, and Related Case Statement be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Iran Short Form Complaint, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States and certain other court documents that the plaintiff has requested be transmitted.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Tehran, April 19, 2021



Attachments:
1. Summons, Iran Short Form Complaint, Civil Cover Sheet, Related Case Statement, and Notice of Suit
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Christian Gobet, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1050-IE, dated April 19, 2021. The delivery of this note and its enclosures was attempted on April 21, 2021 but the Iranian Ministry of Foreign Affairs refused its acceptance.



Christian Gobet
Head of the Foreign Interests Section

Tehran, April 21, 2021



**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

Country: SWISS CONFEDERATION

This public document

2. has been signed by    Christian Gobet

3. acting in the capacity of Head of the Foreign Interests Section

4. bears the seal/stamp of

Embassy of Switzerland US Interests Section Tehran

**Certified**

5. at Berne              6.       the 28.04.2021

7. by  Alessandra Manoiero
functionary of the Swiss federal Chancellery

8. No ............ 010500

9. Seal/stamp:                    10. Signature:

Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE–1050

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوای حقوقی تحت عنوان پل آسار و و دیگران بر علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 10460-cv-1:20 که در دادگاه ناحیه ای ایالات متحده آمریکا برای ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده آمریکا برای ناحیه جنوب نیو یورک، یک فقره احضاریه و فرم کوتاه شکایت از ایران را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحده، خوانده یک پرونده می بایست ظرف ۶۰ روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفائیه از طرف خود را داشته باشد. لذا، سفارت در خواست می نماید که احضاریه، فرم کوتاه شکایت از ایران، برگه جلد دادخواست مدنی و پرونده های مرتبط اظهارات، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه بر احضاریه و فرم کوتاه شکایت از ایران، ابلاغیه اقامه دعوی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر روشنتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است و مدارک دادگاهی دیگری را بنا به درخواست شاکی به پیوست ایفاد می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده، مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ سی ام فروردین ماه ۱۴۰۰ (۱۹ آوریل ۲۰۲۱)

پیوست: ۱- احضاریه، فرم کوتاه شکایت از ایران، برگه جلد دادخواست مدنی پرونده های مرتبط اظهارات و ابلاغیه اقامه دعوی
۲- ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

PAUL ASARO, et al. (see appendix)

|  |  |
|---|---|
| _____<br>Plaintiff | ) ) ) |
| v. | ) |
| ISLAMIC REPUBLIC OF IRAN | ) ) ) ) |
| _____<br>Defendant | ) |

Civil Action No. 20-cv-10460

## SUMMONS IN A CIVIL ACTION

To:   (Defendant's name and address)

ISLAMIC REPUBLIC OF IRAN
c/o Permanent Mission of Iran
to the United Nations
622 Third Avenue
New York, NY 10017

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 12/11/2020         /s/ D. Howie
                          Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

➤ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

➤ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

➤ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

➤ I returned the summons unexecuted because _____ ; or

➤ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

# APPENDIX

Paul Asaro, individually, as surviving sibling of Carl Asaro

Peter Asaro, individually, as surviving sibling of Carl Asaro

Dolores Audiffred, individually, as surviving sibling of James Audiffred

Mark Anthony Barrett, Sr., individually, as surviving sibling of Renee Barrett-Arjune

Mark Anthony Barrett, Sr., as the Personal Representative of the Estate of Renee Barrett-Arjune, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Renee Barrett-Arjune

Edward Arjune, individually, as surviving child of Renee Barrett-Arjune

John Joseph Curtin, individually, as surviving sibling of Michael Curtin

Kathleen Wojslaw, individually, as surviving sibling of Michael Curtin

Jeanne Osterndorf, individually, as surviving sibling of Michael Curtin

James Devlin, individually, as surviving sibling of Dennis Devlin

John Duffy, individually, as surviving sibling of Michael Duffy

Barbara Duffy, individually, as surviving parent of Michael Duffy

Barbara Duffy, as the Personal Representative of the Estate of Michael Duffy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Duffy

Marykay Kemper, individually, as surviving sibling of Michael Duffy

Jane Gollan, individually, as surviving sibling of Barbara G. Edwards

Douglas Evans, individually, as surviving sibling of Eric Evans

Iris J. Friedman, individually, as surviving sibling of Paul Friedman

Meryl Friedman Price, individually, as surviving sibling of Paul Friedman

James Friedman, individually, as surviving sibling of Paul Friedman

Thomas Gary, individually, as surviving child of Bruce Gary

Josefina Gonzalez, individually, as surviving parent of Rosa Gonzalez

Eneida Ramos, individually, as surviving sibling of Rosa Gonzalez

1

Lydia E. Ramos-Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Esterlina Rivera, individually, as surviving sibling of Rosa Gonzalez

Reinaldo Ramos-Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Maria Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Nelida Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Jose Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Wesley Graf, individually, as surviving child of Edwin Graf

Mary Hasson, as the Personal Representative of the Estate of Joseph John Hasson, III, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph John Hasson, III

Mary Hasson, individually, as surviving spouse of Joseph John Hasson, III

Joseph John Hasson, IV, individually, as surviving child of Joseph John Hasson, III

Joseph John Hasson, Jr., individually, as surviving parent of Joseph John Hasson, III

Paulette Hasson, individually, as surviving parent of Joseph John Hasson, III

Victoria Zanotto, individually, as surviving sibling of Joseph John Hasson, III

Christopher Hasson, individually, as surviving sibling of Joseph John Hasson, III

Maria Rich, individually, as surviving sibling of Paul Innella

Shirley Innella, individually, as surviving parent of Paul Innella

Lisa Iraci, as Personal Representative of the Estate of Francis Kelly, deceased, the late sibling of Thomas William Kelly

Nancy Kelly, individually, as surviving sibling of Thomas Michael Kelly

Nancy Kelly, as Personal Representative of the Estate of Sylvia Kelly, deceased, the late parent of Thomas Michael Kelly

Yolanda Cerda, individually, as surviving spouse of Matthew Leonard

Yolanda Cerda, as the Personal Representative of the Estate of Matthew Leonard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Matthew Leonard

Christina Leonard, individually, as surviving child of Matthew Leonard

2

Samantha Allen, individually, as surviving child of Samantha Lightbourn-Allen

Michael Magee, individually, as surviving sibling of Charles Magee

Margaret Randazzo-Maloy, individually, as surviving spouse of Gene Maloy

Rosalie Marti, individually, as surviving parent of Michael Marti

Mario Truglio, as Personal Representative of the Estate of Rodger Marti, deceased, the late parent of Michael Marti

Mario Truglio, as the Personal Representative of the Estate of Michael Marti, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Marti

Nixia Mena-Alexis, individually, as surviving sibling of Diarelia Mena

Diana Mena, individually, as surviving parent of Diarelia Mena

Nixia Mena-Alexis, as Personal Representative of the Estate of Aurelio Mena, deceased, the late parent of Diarelia Mena

Sandra O'Connor Carey, individually, as surviving spouse of Keith O'Connor

Sandra O'Connor Carey, as the Personal Representative of the Estate of Keith O'Connor, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Keith O'Connor

Susan O'Connor, individually, as surviving parent of Keith O'Connor

Susan O'Connor, as Personal Representative of the Estate of Francis O'Connor, deceased, the late parent of Keith O'Connor

Neil Peraza, individually, as surviving sibling of Robert Peraza

Neil Peraza, as the Personal Representative of the Estate of Robert Peraza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Robert Peraza

Neil Peraza, as Personal Representative of the Estate of Robert D. Peraza, deceased, the late parent of Robert Peraza

Lee Gargano, individually, as surviving sibling of Karen Renda

Minerva Rosario, as the Personal Representative of the Estate of Aida Rosario, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Aida Rosario

3

Minerva Rosario, as Personal Representative of the Estate of Rodolfo Rosario, deceased, the late sibling of Aida Rosario

Amy Vazquez, individually, as surviving child of Aida Rosario

Jasmine DeJesus, individually, as surviving child of Aida Rosario

Farah Frenkel, individually, as surviving sibling of Rahma Salie

Christina Savas, individually, as surviving child of Anthony Savas

David Schlegel, individually, as surviving sibling of Robert Schlegel

Richard Schlegel, individually, as surviving sibling of Robert Schlegel

Elvin Schlegel, individually, as surviving parent of Robert Schlegel

Robert Davenport, individually, as surviving sibling of Antionette Sherman

Christopher Charles Clarke, individually, as surviving sibling of Antionette Sherman

Jamal Green, individually, as surviving child of Antionette Sherman

Perry Sikorsky, as Personal Representative of the Estate of George K. Sikorsky, deceased, the late parent of Gregory Sikorsky

Perry Sikorsky, as Personal Representative of the Estate of Luzia Sikorsky, deceased, the late parent of Gregory Sikorsky

Toolsiedai Seepersaud a/k/a Ruby Awan, individually, as surviving parent of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as the Personal Representative of the Estate of Khamladai Khami Singh, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Roshan Ramesh Singh, deceased, the late sibling of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, individually, as surviving parent of Roshan Ramesh Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as the Personal Representative of the Estate of Roshan Ramesh Singh, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Roshan Ramesh Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Khamladai Khami Singh, deceased, the late sibling of Roshan Ramesh Singh

4

Leandra Hart, individually, as surviving child of Leon Smith

Alex Stone, individually, as surviving child of Lonny Jay Stone

Stacey Stone, individually, as surviving spouse of Lonny Jay Stone

Stacey Stone, as the Personal Representative of the Estate of Lonny Stone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lonny Jay Stone

Joshua Stone, individually, as surviving child of Lonny Jay Stone

Graeme Sword, individually, as surviving sibling of Derek O. Sword

Allan Sword, individually, as surviving sibling of Derek O. Sword

Irene Sword, individually, as surviving parent of Derek O. Sword

David Sword, individually, as surviving parent of Derek O. Sword

Luz Vale, individually, as surviving spouse of Ivan Vale

Luz Vale, as the Personal Representative of the Estate of Ivan Vale, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ivan Vale

Clarissa Kirschenbaum, as Personal Representative of the Estate of Adolph Wald, deceased, the late parent of Victor Wald

Clarissa Kirschenbaum, as Personal Representative of the Estate of Fanni Wald, deceased, the late parent of Victor Wald

Robert Weingard, individually, as surviving sibling of Scott Weingard

Marc Weingard, as Personal Representative of the Estate of Bonnie Feldman, deceased, the late parent of Scott Weingard

Marc Weingard, individually, as surviving sibling of Scott Weingard

Marc Weingard, as the Personal Representative of the Estate of Scott Weingard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Weingard

Denise White, individually, as surviving child of John White

Lillian Zambrana, as Personal Representative of the Estate of Edwin Zambrana, Sr., deceased, the late parent of Edwin Zambrana

5

| پرونده UA-10460-cv-1:20 | سند 7 | ارائه شده در تاریخ 12/11/20 | صفحه 1 از 7 |
|---|---|---|---|

IH 6 احضاریه 28 USC 1608
4/17

دادگاه ناحیه‌ای ایالات متحده

برای

ناحیه جنوب نیویورک

PAUL ASARO و دیگران (به پیوست مراجعه کنید)

| | |
|---|---|
| ) | _____ |
| ) | خواهان(ها) |
| ) | دعوای مدنی شماره 20-cv-10460 |
| ) | علیه |
| ) | جمهوری اسلامی ایران |
| ) | خوانده(ها) |

احضاریه در یک اقدام مدنی

به:    (نام و نشانی خوانده)
جمهوری اسلامی ایران
خطاب به سفیر دائم ایران
در سازمان ملل متحد
622 Third Avenue
New York, NY 10017

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. پاسخ یا اقدام باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
اندرسون کیل (.Anderson Kill P.C)
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد.  همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

| | | |
|---|---|---|
| منشی دادگاه | [مهر:] | |
| | دادگاه ناحیه‌ای ایالات متحده | |
| | برای منطقه جنوبی | |
| _____ | نیویورک | تاریخ:  12/11/2020 |
| امضای منشی یا معاون منشی | [امضا] | |

| 1:20-cv-10460-UA پرونده | سند 7 | ارائه شده در تاریخ 12/11/20 | صفحه 2 از 7 |

28 USC 1608 احضاریه 12/11 (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
### *(این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 (l))*

این ابلاغیه مربوط به *(نام فرد و جایگاه، در صورت وجود)* _____ به من ابلاغ شد.

در *(تاریخ)* _____

- من شخصاً ابلاغیه را به فرد مذکور در *(مکان)* _____

_____ در

*(تاریخ)* _____ ابلاغ کردم؛ یا

- من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم *(نام)* _____

_____ ، شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد، در

*(تاریخ)* _____ ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

- من ابلاغیه را به این فرد تحویل دادم: *(نام فرد)* _____ , که بنا به قانون

اجازه دارد ابلاغ احضاریه را از طرف *(نام سازمان)* _____ در *(تاریخ)* _____ بپذیرد؛ یا

_____ ؛ یا

- من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

- سایر *(مشخص کنید)*:

حق‌الزحمه من عبارت است از  دلار برای سفر و  دلار برای ابلاغ و جمعاً  دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____

_____
*امضای ابلاغ‌کننده*

_____
*نام و سمت با حروف بزرگ و خوانا نوشته شود*

_____

_____

_____
*نشانی ابلاغ‌کننده*

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

ضمیمه

Paul Asaro، منفرداً، به عنوان برادر بازمانده Carl Asaro

Peter Asaro، منفرداً، به عنوان برادر بازمانده Carl Asaro

Dolores Audiffred، منفرداً، به عنوان برادر/خواهر بازمانده James Audiffred

Mark Anthony Barrett, Sr،، منفرداً، به عنوان برادر بازمانده Renee Barrett-Arjune

Mark Anthony Barrett, Sr.، به عنوان نماینده شخصی ورثه Renee Barrett-Arjune، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده Renee Barrett-Arjune

Edward Arjune، منفرداً و به عنوان فرزند بازمانده Renee Barrett-Arjune John Joseph Curtin، منفرداً و به عنوان برادر/خواهر بازمانده Michael Curtin Kathleen Wojslaw، منفرداً و به عنوان برادر/خواهر بازمانده Michael Curtin Jeanne Osterndorf، منفرداً و به عنوان برادر/خواهر بازمانده Michael Curtin James Devlin، منفرداً و به عنوان برادر/خواهر بازمانده Dennis Devlin John Duffy، منفرداً و به عنوان پدر/مادر Michael Duffy Barbara Duffy، منفرداً و به عنوان پدر/مادر Michael Duffy

Barbara Duffy، به عنوان نماینده شخصی ورثه Michael Duffy، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده Michael Duffy

Marykay Kemper، منفرداً و به عنوان برادر/خواهر بازمانده Michael Duffy

Jane Gollan، منفرداً و به عنوان خواهر بازمانده Barbara G. Edwards

Douglas Evans، منفرداً و به عنوان برادر بازمانده Eric Evans

Iris J. Friedman، منفرداً و به عنوان برادر/خواهر بازمانده Paul Friedman

Meryl Friedman Price، منفرداً و به عنوان خواهر بازمانده Paul Friedman

James Friedman، منفرداً و به عنوان برادر بازمانده Paul Friedman

Thomas Gary، منفرداً و به عنوان فرزند بازمانده Bruce Gary

Josefina Gonzalez، منفرداً و به عنوان مادر بازمانده Rosa Gonzalez

Eneida Ramos، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

1

Lydia E. Ramos-Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Esterlina Rivera، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Reinaldo Ramos-Gonzalez، منفرداً و به عنوان برادر بازمانده Rosa Gonzalez

Maria Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Nelida Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Jose Gonzalez, individually، منفرداً و به عنوان برادر بازمانده Rosa Gonzalez

Wesley Graf، منفرداً و به عنوان برادر بازمانده Edwin Graf

Mary Hasson، به عنوان نماینده شخصی ورثه Joseph John Hasson, III، متوفی، از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Joseph John Hasson, III

Mary Hasson، منفرداً و به عنوان همسر بازمانده Joseph John Hasson, III

Joseph John Hasson, IV، منفرداً و به عنوان فرزند بازمانده Joseph John Hasson, III

Joseph John Hasson, Jr.، منفرداً و به عنوان پدر بازمانده Joseph John Hasson, III

Paulette Hasson، منفرداً و به عنوان مادر بازمانده Joseph John Hasson, III

Victoria Zanotto، منفرداً و به عنوان خواهر بازمانده Joseph John Hasson, III

Christopher Hasson، منفرداً و به عنوان برادر بازمانده Joseph John Hasson, III

Maria Rich، منفرداً و به عنوان خواهر بازمانده Paul Innella

Shirley Innella، منفرداً و به عنوان مادر بازمانده Paul Innella

Lisa Iraci، به عنوان نماینده شخصی ورثه Francis Kelly، متوفی، خواهر فقید Thomas William Kelly

Nancy Kelly، منفرداً و به عنوان خواهر بازمانده Thomas Michael Kelly

Nancy Kelly، به عنوان نماینده شخصی ورثه Sylvia Kelly، متوفی، مادر فقید Thomas Michael Kelly

Yolanda Cerda، منفرداً و به عنوان همسر بازمانده Matthew Leonard

Yolanda Cerda، به عنوان نماینده شخصی ورثه Matthew Leonard، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی بستگان Matthew Leonard

Christina Leonard، منفرداً و به عنوان فرزند بازمانده Matthew Leonard

2

Samantha Allen، ، منفرداً و به عنوان فرزند بازمانده Samantha Lightbourn-Allen

Michael Magee، منفرداً و به عنوان برادر بازمانده Charles Magee

Margaret Randazzo-Maloy، منفرداً و به عنوان همسر بازمانده Gene Maloy

Rosalie Marti، منفرداً و به عنوان مادر بازمانده Michael Marti

Mario Truglio، به عنوان نماینده شخصی ورثه Rodger Marti، متوفی، پدر فقید Michael Marti

Mario Truglio، به عنوان نماینده شخصی ورثه Michael Marti، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Michael Marti

Nixia Mena-Alexis، منفرداً و به عنوان برادر/خواهر بازمانده Diarelia Mena

Diana Mena، منفرداً و به عنوان مادر بازمانده Diarelia Mena

Nixia Mena-Alexis، به عنوان نماینده شخصی ورثه Aurelio Mena، متوفی، مادر فقید Diarelia Mena

Sandra O'Connor Carey، منفرداً و به عنوان همسر بازمانده Keith O'Connor

Sandra O'Connor Carey، به عنوان نماینده شخصی ورثه Keith O'Connor، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Keith O'Connor

Susan O'Connor، منفرداً و به عنوان پدر بازمانده Keith O'Connor

Susan O'Connor، به عنوان نماینده شخصی ورثه Francis O'Connor، متوفی، مادر فقید Keith O'Connor

Neil Peraza، منفرداً و به عنوان برادر بازمانده Robert Peraza

Neil Peraza، به عنوان نماینده شخصی ورثه Robert Peraza، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Robert Peraza

Neil Peraza، به عنوان نماینده شخصی ورثه Robert D. Peraza، متوفی، پدر/مادر فقید Robert Peraza

Lee Gargano، منفرداً و به عنوان خواهر/برادر بازمانده Karen Renda

Minerva Rosario، به عنوان نماینده شخصی ورثه Aida Rosario، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Aida Rosario

3

Minerva Rosario، به عنوان نماینده شخصی ورثه Rodolfo Rosario، متوفی، برادر/خواهر فقید Aida Rosario

Amy Vazquez، منفرداً و به عنوان فرزند بازمانده Aida Rosario

Jasmine DeJesus، منفرداً و به عنوان فرزند بازمانده Aida Rosario

Farah Frenkel، منفرداً و به عنوان برادر/خواهر بازمانده Rahma Salie

Christina Savas، منفرداً و به عنوان فرزند بازمانده Anthony Savas

David Schlegel، منفرداً و به عنوان برادر بازمانده Robert Schlegel

Richard Schlegel، منفرداً و به عنوان برادر بازمانده Robert Schlegel

Elvin Schlegel، منفرداً و به عنوان پدر/مادر بازمانده Robert Schlegel

Robert Davenport، منفرداً و به عنوان برادر بازمانده Antionette Sherman

Christopher Charles Clarke، منفرداً و به عنوان برادر بازمانده Antionette Sherman

Jamal Green، منفرداً و به عنوان فرزند بازمانده Antionette Sherman

Perry Sikorsky، به عنوان نماینده شخصی ورثه George K. Sikorsky، متوفی، پدر فقید Gregory Sikorsky

Perry Sikorsky، به عنوان نماینده شخصی ورثه Luzia Sikorsky، متوفی، مادر فقید Gregory Sikorsky

Toolsiedai Seepersaud معروف به Ruby Awan، منفرداً و به عنوان پدر/مادر بازمانده Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh، متوفی، برادر/خواهر فقید Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، منفرداً و به عنوان پدر/مادر بازمانده Roshan Ramesh Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Roshan Ramesh Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh، متوفی، برادر/خواهر فقید Roshan Ramesh Singh

4

Leandra Hart، منفرداً و به عنوان فرزند بازمانده Leon Smith Alex Stone، منفرداً و به عنوان فرزند بازمانده Lonny Jay Stone، منفرداً و به عنوان همسر بازمانده Lonny Jay Stone Stacey Stone

Stacey Stone، به عنوان نماینده شخصی ورثه Lonny Stone، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Lonny Jay Stone

Joshua Stone، منفرداً و به عنوان برادر/خواهر بازمانده Lonny Jay Stone Graeme Sword، منفرداً و به عنوان برادر/خواهر بازمانده Derek O. Sword Allan Sword، منفرداً و به عنوان برادر/خواهر بازمانده Derek O. Sword، منفرداً و به عنوان پدر/مادر بازمانده Derek O. Sword David Sword، منفرداً و به عنوان پدر/مادر بازمانده Irene Sword، منفرداً و به عنوان همسر بازمانده Derek O. Sword Luz Vale، منفرداً و به عنوان همسر بازمانده Ivan Vale

Luz Vale، به عنوان نماینده شخصی ورثه Ivan Vale، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Ivan Vale

Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Adolph Wald، متوفی، مادر فقید Victor Wald

Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Fanni Wald، متوفی، پدر/مادر فقید Victor Wald

Robert Weingard، منفرداً و به عنوان برادر بازمانده Scott Weingard

Marc Weingard، به عنوان نماینده شخصی ورثه Bonnie Feldman، متوفی، پدر فقید Scott Weingard

Marc Weingard، منفرداً و به عنوان برادر بازمانده Scott Weingard

Marc Weingard، به عنوان نماینده شخصی ورثه Scott Weingard، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Scott Weingard

Denise White، منفرداً و به عنوان فرزند بازمانده John White

Lillian Zambrana، به عنوان نماینده شخصی ورثه Edwin Zambrana, Sr، متوفی، مادر فقید Edwin Zambrana

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MDL-1570 (GBD)(SN)

Paul Asaro, individually, as surviving sibling of Carl
Asaro

Peter Asaro, individually, as surviving sibling of Carl
Asaro

Dolores Audiffred, individually, as surviving sibling
of James Audiffred

Mark Anthony Barrett, Sr., individually, as surviving
sibling of Renee Barrett-Arjune

Mark Anthony Barrett, Sr., as the Personal
Representative of the Estate of Renee Barrett-Arjune,
deceased, and on behalf of all survivors and all legally
entitled beneficiaries and family members of Renee
Barrett-Arjune

Edward Arjune, individually, as surviving child of
Renee Barrett-Arjune

John Joseph Curtin, individually, as surviving sibling
of Michael Curtin

Kathleen Wojslaw, individually, as surviving sibling
of Michael Curtin

Jeanne Osterndorf, individually, as surviving sibling
of Michael Curtin

James Devlin, individually, as surviving sibling of
Dennis Devlin

John Duffy, individually, as surviving sibling of
Michael Duffy

Barbara Duffy, individually, as surviving parent of
Michael Duffy

Civil Docket Number:
_____

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Barbara Duffy, as the Personal Representative of the Estate of Michael Duffy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Duffy

Marykay Kemper, individually, as surviving sibling of Michael Duffy

Jane Gollan, individually, as surviving sibling of Barbara G. Edwards

Douglas Evans, individually, as surviving sibling of Eric Evans

Iris J. Friedman, individually, as surviving sibling of Paul Friedman

Meryl Friedman Price, individually, as surviving sibling of Paul Friedman

James Friedman, individually, as surviving sibling of Paul Friedman

Thomas Gary, individually, as surviving child of Bruce Gary

Josefina Gonzalez, individually, as surviving parent of Rosa Gonzalez

Eneida Ramos, individually, as surviving sibling of Rosa Gonzalez

Lydia E. Ramos-Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Esterlina Rivera, individually, as surviving sibling of Rosa Gonzalez

Reinaldo Ramos-Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Maria Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Nelida Gonzalez, individually, as surviving sibling of Rosa Gonzalez

2

Jose Gonzalez, individually, as surviving sibling of
Rosa Gonzalez

Wesley Graf, individually, as surviving child of
Edwin Graf

Mary Hasson, as the Personal Representative of the
Estate of Joseph John Hasson, III, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Joseph John
Hasson, III

Mary Hasson, individually, as surviving spouse of
Joseph John Hasson, III

Joseph John Hasson, IV, individually, as surviving
child of Joseph John Hasson, III

Joseph John Hasson, Jr., individually, as surviving
parent of Joseph John Hasson, III

Paulette Hasson, individually, as surviving parent of
Joseph John Hasson, III

Victoria Zanotto, individually, as surviving sibling of
Joseph John Hasson, III

Christopher Hasson, individually, as surviving sibling
of Joseph John Hasson, III

Maria Rich, individually, as surviving sibling of Paul
Innella

Shirley Innella, individually, as surviving parent of
Paul Innella

Lisa Iraci, as Personal Representative of the Estate of
Francis Kelly, deceased, the late sibling of Thomas
William Kelly

Nancy Kelly, individually, as surviving sibling of
Thomas Michael Kelly

Nancy Kelly, as Personal Representative of the Estate
of Sylvia Kelly, deceased, the late parent of Thomas
Michael Kelly

3

Yolanda Cerda, individually, as surviving spouse of Matthew Leonard

Yolanda Cerda, as the Personal Representative of the Estate of Matthew Leonard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Matthew Leonard

Christina Leonard, individually, as surviving child of Matthew Leonard

Samantha Allen, individually, as surviving child of Samantha Lightbourn-Allen

Michael Magee, individually, as surviving sibling of Charles Magee

Margaret Randazzo-Maloy, individually, as surviving spouse of Gene Maloy

Rosalie Marti, individually, as surviving parent of Michael Marti

Mario Truglio, as Personal Representative of the Estate of Rodger Marti, deceased, the late parent of Michael Marti

Mario Truglio, as the Personal Representative of the Estate of Michael Marti, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Marti

Nixia Mena-Alexis, individually, as surviving sibling of Diarelia Mena

Diana Mena, individually, as surviving parent of Diarelia Mena

Nixia Mena-Alexis, as Personal Representative of the Estate of Aurelio Mena, deceased, the late parent of Diarelia Mena

Sandra O'Connor Carey, individually, as surviving spouse of Keith O'Connor

Sandra O'Connor Carey, as the Personal Representative of the Estate of Keith O'Connor, deceased, and on behalf of all survivors and all legally

4

docs-100328881.1

entitled beneficiaries and family members of Keith O'Connor

Susan O'Connor, individually, as surviving parent of Keith O'Connor

Susan O'Connor, as Personal Representative of the Estate of Francis O'Connor, deceased, the late parent of Keith O'Connor

Neil Peraza, individually, as surviving sibling of Robert Peraza

Neil Peraza, as the Personal Representative of the Estate of Robert Peraza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Robert Peraza

Neil Peraza, as Personal Representative of the Estate of Robert D. Peraza, deceased, the late parent of Robert Peraza

Lee Gargano, individually, as surviving sibling of Karen Renda

Minerva Rosario, as the Personal Representative of the Estate of Aida Rosario, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Aida Rosario

Minerva Rosario, as Personal Representative of the Estate of Rodolfo Rosario, deceased, the late sibling of Aida Rosario

Amy Vazquez, individually, as surviving child of Aida Rosario

Jasmine DeJesus, individually, as surviving child of Aida Rosario

Farah Frenkel, individually, as surviving sibling of Rahma Salie

Christina Savas, individually, as surviving child of Anthony Savas

David Schlegel, individually, as surviving sibling of Robert Schlegel

5

Richard Schlegel, individually, as surviving sibling of Robert Schlegel

Elvin Schlegel, individually, as surviving parent of Robert Schlegel

Robert Davenport, individually, as surviving sibling of Antionette Sherman

Christopher Charles Clarke, individually, as surviving sibling of Antionette Sherman

Jamal Green, individually, as surviving child of Antionette Sherman

Perry Sikorsky, as Personal Representative of the Estate of George K. Sikorsky, deceased, the late parent of Gregory Sikorsky

Perry Sikorsky, as Personal Representative of the Estate of Luzia Sikorsky, deceased, the late parent of Gregory Sikorsky

Toolsiedai Seepersaud a/k/a Ruby Awan, individually, as surviving parent of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as the Personal Representative of the Estate of Khamladai Khami Singh, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Roshan Ramesh Singh, deceased, the late sibling of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, individually, as surviving parent of Roshan Ramesh Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as the Personal Representative of the Estate of Roshan Ramesh Singh, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Roshan Ramesh Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Khamladai Khami

docs-100328881.1

Singh, deceased, the late sibling of Roshan Ramesh Singh

Leandra Hart, individually, as surviving child of Leon Smith

Alex Stone, individually, as surviving child of Lonny Jay Stone

Stacey Stone, individually, as surviving spouse of Lonny Jay Stone

Stacey Stone, as the Personal Representative of the Estate of Lonny Stone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lonny Jay Stone

Joshua Stone, individually, as surviving child of Lonny Jay Stone

Graeme Sword, individually, as surviving sibling of Derek O. Sword

Allan Sword, individually, as surviving sibling of Derek O. Sword

Irene Sword, individually, as surviving parent of Derek O. Sword

David Sword, individually, as surviving parent of Derek O. Sword

Luz Vale, individually, as surviving spouse of Ivan Vale

Luz Vale, as the Personal Representative of the Estate of Ivan Vale, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ivan Vale

Clarissa Kirschenbaum, as Personal Representative of the Estate of Adolph Wald, deceased, the late parent of Victor Wald

Clarissa Kirschenbaum, as Personal Representative of the Estate of Fanni Wald, deceased, the late parent of Victor Wald

7

Robert Weingard, individually, as surviving sibling of
Scott Weingard

Marc Weingard, as Personal Representative of the
Estate of Bonnie Feldman, deceased, the late parent of
Scott Weingard

Marc Weingard, individually, as surviving sibling of
Scott Weingard

Marc Weingard, as the Personal Representative of the
Estate of Scott Weingard, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Scott Weingard

Denise White, individually, as surviving child of John
White

Lillian Zambrana, as Personal Representative of the
Estate of Edwin Zambrana, Sr., deceased, the late
parent of Edwin Zambrana

                                    Plaintiff(s),

                    -against-

Islamic Republic of Iran,

                                    Defendant.

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form

Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September

11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by

the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference

the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs'

Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No.

3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903

(GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

8

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at <u>Havlish v. Bin Laden</u>, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.       Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.       Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD) (SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.     In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

> As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

> As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.      The following allegations and information are alleged on behalf of each individual

who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein

referred to as "Plaintiffs."

a.      The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

b.      Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c.      As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d.      For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e.      For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.      The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

11

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: December 10, 2020

Respectfully submitted,

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

*Attorneys for Plaintiffs*

docs-100328881.1

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references

within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be

referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of

Appendix 1 to the Iran Short Form Complaint, etc.

|   | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Paul Asaro | NY | United States | Carl Asaro | Sibling | United States | Solatium |
| 2 | Peter Asaro | NY | United States | Carl Asaro | Sibling | United States | Solatium |
| 3 | Dolores Audiffred | NY | United States | James Audiffred | Sibling | United States | Solatium |
| 4 | Mark Anthony Barrett, Sr. | NY | United States | Renee Barrett-Arjune | Sibling | United States | Solatium |
| 5 | Mark Anthony Barrett, Sr. | NY | United States | Renee Barrett-Arjune | PR | United States | Solatium/Wrongful Death |
| 6 | Edward Arjune | NJ | United States | Renee Barrett-Arjune | Child | United States | Solatium |
| 7 | John Joseph Curtin | GA | United States | Michael Curtin | Sibling | United States | Solatium |
| 8 | Kathleen Wojslaw | NY | United States | Michael Curtin | Sibling | United States | Solatium |
| 9 | Jeanne Osterndorf | FL | United States | Michael Curtin | Sibling | United States | Solatium |
| 10 | James Devlin | IN | United States | Dennis Devlin | Sibling | United States | Solatium |
| 11 | John Duffy | NY | United States | Michael Duffy | Sibling | United States | Solatium |
| 12 | Barbara Duffy | NY | United States | Michael Duffy | Parent | United States | Solatium |
| 13 | Barbara Duffy | NY | United States | Michael Duffy | PR | United States | Solatium/Wrongful Death |
| 14 | Marykay Kemper | NY | United States | Michael Duffy | Sibling | United States | Solatium |
| 15 | Jane Gollan | AZ | United States | Barbara G. Edwards | Sibling | United States | Solatium |
| 16 | Douglas Evans | NJ | United States | Eric Evans | Sibling | United States | Solatium |
| 17 | Iris J. Friedman | MA | United States | Paul Friedman | Sibling | United States | Solatium |
| 18 | Meryl Friedman Price | MA | United States | Paul Friedman | Sibling | United States | Solatium |
| 19 | James Friedman | NJ | United States | Paul Friedman | Sibling | United States | Solatium |
| 20 | Thomas Gary | NY | United States | Bruce Gary | Child | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

13

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 21 | Josefina Gonzalez | PA | United States | Rosa Gonzalez | Parent | United States | Solatium |
| 22 | Eneida Ramos | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 23 | Lydia E. Ramos-Gonzalez | PA | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 24 | Esterlina Rivera | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 25 | Reinaldo Ramos-Gonzalez | PA | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 26 | Maria Gonzalez | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 27 | Nelida Gonzalez | PA | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 28 | Jose Gonzalez | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 29 | Wesley Graf | GA | United States | Edwin Graf | Child | United States | Solatium |
| 30 | Mary Hasson | NY | United States | Joseph John Hasson, III | PR | United States | Solatium/Wrongful Death |
| 31 | Mary Hasson | NY | United States | Joseph John Hasson, III | Spouse | United States | Solatium |
| 32 | Joseph John Hasson, IV | NY | United States | Joseph John Hasson, III | Child | United States | Solatium |
| 33 | Joseph John Hasson, Jr. | NY | United States | Joseph John Hasson, III | Parent | United States | Solatium |
| 34 | Paulette Hasson | NY | United States | Joseph John Hasson, III | Parent | United States | Solatium |
| 35 | Victoria Zanotto | NY | United States | Joseph John Hasson, III | Sibling | United States | Solatium |
| 36 | Christopher Hasson | NY | United States | Joseph John Hasson, III | Sibling | United States | Solatium |
| 37 | Maria Rich | FL | United States | Paul Innella | Sibling | United States | Solatium |
| 38 | Shirley Innella | NJ | United States | Paul Innella | Parent | United States | Solatium |
| 39 | Lisa Iraci as Personal Representative of the Estate of Francis Kelly | NY | United States | Thomas William Kelly | Sibling (deceased) | United States | Solatium |
| 40 | Nancy Kelly | NY | United States | Thomas Michael Kelly | Sibling | United States | Solatium |
| 41 | Nancy Kelly as Personal Representative of the Estate of Sylvia Kelly | NY | United States | Thomas Michael Kelly | Parent (deceased) | United States | Solatium |
| 42 | Yolanda Cerda | NY | TBD | Matthew Leonard | Spouse | TBD | Solatium |
| 43 | Yolanda Cerda | TBD | TBD | Matthew Leonard | PR | TBD | Solatium/Wrongful Death |
| 44 | Christina Leonard | NY | TBD | Matthew Leonard | Child | TBD | Solatium |
| 45 | Samantha Allen | MA | United States | Samantha Lightbourn-Allen | Child | United States | Solatium |

14

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 46 | Michael Magee | FL | United States | Charles Magee | Sibling | United States | Solatium |
| 47 | Margaret Randazzo-Maloy | CA | United States | Gene Maloy | Spouse | United States | Solatium |
| 48 | Rosalie Marti | NY | United States | Michael Marti | Parent | United States | Solatium |
| 49 | Mario Truglio as Personal Representative of the Estate of Rodger Marti | NY | United States | Michael Marti | Parent (deceased) | United States | Solatium |
| 50 | Mario Truglio | NY | United States | Michael Marti | PR | United States | Solatium/Wrongful Death |
| 51 | Nixia Mena-Alexis | NJ | United States | Diarelia Mena | Sibling | United States | Solatium |
| 52 | Diana Mena | NJ | United States | Diarelia Mena | Parent | United States | Solatium |
| 53 | Nixia Mena-Alexis as Personal Representative of the Estate of Aurelio Mena | NJ | United States | Diarelia Mena | Parent (deceased) | United States | Solatium |
| 54 | Sandra O'Connor Carey | NJ | United States | Keith O'Connor | Spouse | United States | Solatium |
| 55 | Sandra O'Connor Carey | NJ | United States | Keith O'Connor | PR | United States | Solatium/Wrongful Death |
| 56 | Susan O'Connor | NJ | United States | Keith O'Connor | Parent | United States | Solatium |
| 57 | Susan O'Connor, as Personal Representative of the Estate of Francis O'Connor | NJ | United States | Keith O'Connor | Parent | United States | Solatium |
| 58 | Neil Peraza | FL | United States | Robert Peraza | Sibling | United States | Solatium |
| 59 | Neil Peraza | FL | United States | Robert Peraza | PR | United States | Solatium/Wrongful Death |
| 60 | Neil Peraza as Personal Representative of the Estate of Robert D. Peraza | FL | United States | Robert Peraza | Parent (deceased) | United States | Solatium |
| 61 | Lee Gargano | NC | United States | Karen Renda | Sibling | United States | Solatium |
| 62 | Minerva Rosario | NJ | United States | Aida Rosario | PR | United States | Solatium/Wrongful Death |
| 63 | Minerva Rosario as Personal Representative of the Estate of Rodolfo Rosario | NJ | United States | Aida Rosario | Sibling (deceased) | United States | Solatium |
| 64 | Amy Vazquez | TBD | United States | Aida Rosario | Child | United States | Solatium |

docs-100328881.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 65 | Jasmine DeJesus | NJ | United States | Aida Rosario | Child | United States | Solatium |
| 66 | Farah Frenkel | CA | United States | Rahma Salie | Sibling | Sri Lanka | Solatium |
| 67 | Christina Savas | CT | United States | Anthony Savas | Child | United States | Solatium |
| 68 | David Schlegel | ME | United States | Robert Schlegel | Sibling | United States | Solatium |
| 69 | Richard Schlegel | PA | United States | Robert Schlegel | Sibling | United States | Solatium |
| 70 | Elvin Schlegel | FL | United States | Robert Schlegel | Parent | United States | Solatium |
| 71 | Robert Davenport | MD | United States | Antionette Sherman | Sibling | United States | Solatium |
| 72 | Christopher Charles Clarke | MD | United States | Antionette Sherman | Sibling | United States | Solatium |
| 73 | Jamal Green | MD | United States | Antionette Sherman | Child | United States | Solatium |
| 74 | Perry Sikorsky as Personal Representative of the Estate of George K. Sikorsky | NY | United States | Gregory Sikorsky | Parent (deceased) | United States | Solatium |
| 75 | Perry Sikorsky as Personal Representative of the Estate of Luzia Sikorsky | NY | United States | Gregory Sikorsky | Parent (deceased) | United States | Solatium |
| 76 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Khamladai Khami Singh | Parent | United States | Solatium |
| 77 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Khamladai Khami Singh | PR | United States | Solatium/Wrongful Death |
| 78 | Toolsiedai Seepersaud a/k/a Ruby Awan as Personal Representative of the Estate of Roshan Ramesh Singh | NY | United States | Khamladai Khami Singh | Sibling (deceased) | United States | Solatium |
| 79 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Roshan Ramesh Singh | Parent | United States | Solatium |
| 80 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Roshan Ramesh Singh | PR | United States | Solatium/Wrongful Death |

16

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 81 | Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Khamladai Khami Singh | NY | United States | Roshan Ramesh Singh | Sibling (deceased) | United States | Solatium |
| 82 | Leandra Hart | NY | United States | Leon Smith | Child | United States | Solatium |
| 83 | Alex Stone | NY | United States | Lonny Jay Stone | Child | United States | Solatium |
| 84 | Stacey Stone | NY | United States | Lonny Jay Stone | Spouse | United States | Solatium |
| 85 | Stacey Stone | NY | United States | Lonny Jay Stone | PR | United States | Solatium/Wrongful Death |
| 86 | Joshua Stone | NY | United States | Lonny Jay Stone | Child | United States | Solatium |
| 87 | Graeme Sword | TBD | United Kingdom | Derek O. Sword | Sibling | United Kingdom | Solatium |
| 88 | Allan Sword | TBD | United Kingdom | Derek O. Sword | Sibling | United Kingdom | Solatium |
| 89 | Irene Sword | Angus | United Kingdom | Derek O. Sword | Parent | United Kingdom | Solatium |
| 90 | David Sword | Angus | United Kingdom | Derek O. Sword | Parent | United Kingdom | Solatium |
| 91 | Luz Vale | PR | United States | Ivan Vale | Spouse | United States | Solatium |
| 92 | Luz Vale | PR | United States | Ivan Vale | PR | United States | Solatium/Wrongful Death |
| 93 | Clarissa Kirschenbaum as Personal Representative of the Estate of Adolph Wald | NY | United States | Victor Wald | Parent (deceased) | United States | Solatium |
| 94 | Clarissa Kirschenbaum as Personal Representative of the Estate of Fanni Wald | NY | United States | Victor Wald | Parent (deceased) | United States | Solatium |
| 95 | Robert Weingard | NY | United States | Scott Weingard | Sibling | United States | Solatium |
| 96 | Marc Weingard as Personal Representative of the Estate of Bonnie Feldman | NY | United States | Scott Weingard | Parent (deceased) | United States | Solatium |
| 97 | Marc Weingard | NY | United States | Scott Weingard | Sibling | United States | Solatium |
| 98 | Marc Weingard | NY | United States | Scott Weingard | PR | United States | Solatium/Wrongful Death |
| 99 | Denise White | FL | United States | John White | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 100 | Lillian Zambrana as Personal Representative of the Estate of Edwin Zambrana, Sr. | NY | United States | Edwin Zambrana | Parent (deceased) | United States | Solatium |

18

docs-100328881.1

<div dir="rtl">

صفحه 1 از 18          ثبت شده 12/10/20          سند 1          پرونده 1:20-cv-10460

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به: | |
| حملات تروریستی 11 سپتامبر 2001 | 03-MDL-1570 (GBD)(SN) |
| | |
| Paul Asaro، منفرداً، به عنوان برادر بازمانده Carl Asaro | شماره پرونده مدنی: |
| | |
| Peter Asaro، منفرداً، به عنوان برادر بازمانده Carl Asaro | **فرم مختصر شکایت از ایران و تقاضای برگزاری** |
| Dolores Audiffred، منفرداً، به عنوان برادر/خواهر بازمانده James Audiffred | **محاکمه همراه با هیئت منصفه** |
| | |
| Mark Anthony Barrett, Sr.، منفرداً، به عنوان برادر بازمانده Renee Barrett-Arjune | |
| | |
| Mark Anthony Barrett, Sr.، به عنوان نماینده شخصی ورثه Renee Barrett-Arjune، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده Renee Barrett-Arjune | |
| | |
| Edward Arjune, individually، به عنوان فرزند بازمانده Renee Barrett-Arjune | |
| | |
| John Joseph Curtin، منفرداً و به عنوان برادر بازمانده Michael Curtin | |
| | |
| Kathleen Wojslaw، منفرداً و به عنوان خواهر بازمانده Michael Curtin | |
| | |
| Jeanne Osterndorf، منفرداً و به عنوان برادر/خواهر بازمانده Michael Curtin | |
| | |
| James Devlin، منفرداً و به عنوان برادر بازمانده Dennis Devlin | |
| | |
| John Duffy، منفرداً و به عنوان برادر بازمانده Michael Duffy | |
| | |
| Barbara Duffy، منفرداً و به عنوان مادر بازمانده Michael Duffy | |

</div>

Barbara Duffy، به عنوان نماینده شخصی ورثه Michael Duffy، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده Michael Duffy

Marykay Kemper، منفرداً و به عنوان برادر/خواهر بازمانده Michael Duffy

Jane Gollan، منفرداً و به عنوان خواهر بازمانده Barbara G. Edwards

Douglas Evans، منفرداً و به عنوان برادر بازمانده Eric Evans

Iris J. Friedman، منفرداً و به عنوان برادر/خواهر بازمانده Paul Friedman

Meryl Friedman Price، منفرداً و به عنوان خواهر بازمانده Paul Friedman

James Friedman، منفرداً و به عنوان برادر بازمانده Paul Friedman

Thomas Gary، منفرداً و به عنوان فرزند بازمانده Bruce Gary

Josefina Gonzalez، منفرداً و به عنوان مادر بازمانده Rosa Gonzalez

Eneida Ramos، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Lydia E. Ramos-Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Esterlina Rivera، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Reinaldo Ramos-Gonzalez، منفرداً و به عنوان برادر بازمانده Rosa Gonzalez

Maria Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Nelida Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

2

Jose Gonzalez, individually، منفرداً و به عنوان برادر بازمانده
Rosa Gonzalez

Wesley Graf، منفرداً و به عنوان برادر بازمانده Edwin Graf

Mary Hasson، به عنوان نماینده شخصی ورثه Joseph John
Hasson, III، متوفی، از طرف همه بازماندگان و همه ذینفعان قانونی و
بستگان Joseph John Hasson, III

Mary Hasson، منفرداً و به عنوان همسر بازمانده Joseph John
Hasson, III

Joseph John Hasson, IV، منفرداً و به عنوان فرزند بازمانده
Joseph John Hasson, III

Joseph John Hasson, Jr.، منفرداً و به عنوان پدر بازمانده Joseph
John Hasson, III

Paulette Hasson، منفرداً و به عنوان مادر بازمانده Joseph John
Hasson, III

Victoria Zanotto، منفرداً و به عنوان خواهر بازمانده Joseph John
Hasson, III

Christopher Hasson، منفرداً و به عنوان برادر بازمانده Joseph
John Hasson, III

Maria Rich، منفرداً و به عنوان خواهر بازمانده Paul Innella

Shirley Innella، منفرداً و به عنوان مادر بازمانده Paul Innella

Lisa Iraci، به عنوان نماینده شخصی ورثه Francis Kelly، متوفی،
خواهر فقید Thomas William Kelly

Nancy Kelly، منفرداً و به عنوان خواهر بازمانده Thomas Michael
Kelly

Nancy Kelly، به عنوان نماینده شخصی ورثه Sylvia Kelly، متوفی،
مادر فقید Thomas Michael Kelly

docs-100328881.1

Yolanda Cerda، منفرداً و به عنوان همسر بازمانده Matthew Leonard

Yolanda Cerda، به عنوان نماینده شخصی ورثه Matthew Leonard، متوفی، و از طرف همه ذینفعان قانونی بستگان Matthew Leonard

Christina Leonard، منفرداً و به عنوان فرزند بازمانده Matthew Leonard

Samantha Allen Lightbourn-Allen، منفرداً و به عنوان فرزند بازمانده Samantha Allen

Michael Magee، منفرداً و به عنوان برادر بازمانده Charles Magee

Margaret Randazzo-Maloy، منفرداً و به عنوان همسر بازمانده Gene Maloy

Rosalie Marti، منفرداً و به عنوان مادر بازمانده Michael Marti

Mario Truglio، به عنوان نماینده شخصی ورثه Rodger Marti، متوفی، پدر فقید Michael Marti

Mario Truglio، به عنوان نماینده شخصی ورثه Michael Marti، متوفی، و از طرف همه بازماندگان قانونی و بستگان Michael Marti

Nixia Mena-Alexis، منفرداً و به عنوان برادر/خواهر بازمانده Diarelia Mena

Diana Mena، منفرداً و به عنوان مادر بازمانده Diarelia Mena

Nixia Mena-Alexis، به عنوان نماینده شخصی ورثه Aurelio Mena، متوفی، مادر فقید Diarelia Mena

Sandra O'Connor Carey، منفرداً و به عنوان همسر بازمانده Keith O'Connor

Sandra O'Connor Carey، به عنوان نماینده شخصی ورثه Keith O'Connor، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Keith O'Connor

4

Susan O'Connor، منفرداً و به عنوان پدر بازمانده Keith O'Connor

Susan O'Connor، به عنوان نماینده شخصی ورثه Francis O'Connor، متوفی، مادر فقید Keith O'Connor

Neil Peraza، منفرداً و به عنوان برادر بازمانده Robert Peraza

Neil Peraza، به عنوان نماینده شخصی ورثه Robert Peraza، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Robert Peraza

Neil Peraza، به عنوان نماینده شخصی ورثه Robert D. Peraza، متوفی، پدر/مادر فقید Robert Peraza

Lee Gargano، منفرداً و به عنوان خواهر/برادر بازمانده Karen Renda

Minerva Rosario، به عنوان نماینده شخصی ورثه Aida Rosario، متوفی، و از طرف همه بازماندگان قانونی و بستگان Aida Rosario

Minerva Rosario، به عنوان نماینده شخصی ورثه Rodolfo Rosario، متوفی، برادر/خواهر فقید Aida Rosario

Amy Vazquez، منفرداً و به عنوان فرزند بازمانده Aida Rosario

Jasmine DeJesus، منفرداً و به عنوان فرزند بازمانده Aida Rosario

Farah Frenkel، منفرداً و به عنوان برادر/خواهر بازمانده Rahma Salie

Christina Savas، منفرداً و به عنوان فرزند بازمانده Anthony Savas

David Schlegel، منفرداً و به عنوان برادر بازمانده Robert Schlegel

5

Richard Schlegel، منفرداً و به عنوان برادر بازمانده Robert Schlegel

Elvin Schlegel، منفرداً و به عنوان پدر/مادر بازمانده Robert Schlegel

Robert Davenport، منفرداً و به عنوان برادر بازمانده Antionette Sherman

Christopher Charles Clarke، منفرداً و به عنوان برادر بازمانده Antionette Sherman

Jamal Green، منفرداً و به عنوان فرزند بازمانده Antionette Sherman

Perry Sikorsky، به عنوان نماینده شخصی ورثه .George K Sikorsky، متوفی، پدر فقید Gregory Sikorsky

Perry Sikorsky، به عنوان نماینده شخصی ورثه Luzia Sikorsky، متوفی، مادر فقید Gregory Sikorsky

Toolsiedai Seepersaud معروف به Ruby Awan، منفرداً و به عنوان پدر/مادر بازمانده Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh، متوفی، برادر/خواهر فقید Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، منفرداً و به عنوان پدر/مادر بازمانده Roshan Ramesh Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Roshan Ramesh Singh

Toolsiedai Seepersaud معروف به Ruby Awanیه عنوان نماینده شخصی ورثه <u>Khamladai Khami</u>

Singh، متوفی، برادر/خواهر فقید Roshan Ramesh Singh

Leandra Hart، منفرداً و به عنوان فرزند بازمانده Leon Smith

Alex Stone، منفرداً و به عنوان فرزند بازمانده Lonny Jay Stone

Stacey Stone، منفرداً و به عنوان همسر بازمانده Lonny Jay Stone

Stacey Stone، به عنوان نماینده شخصی ورثه Lonny Stone، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Lonny Jay Stone

Joshua Stone، منفرداً و به عنوان فرزند بازمانده Lonny Jay Stone

Graeme Sword, individually، منفرداً و به عنوان برادر/خواهر بازمانده Derek O. Sword

Allan Sword, individually، منفرداً و به عنوان برادر بازمانده Derek O. Sword

Irene Sword، منفرداً و به عنوان مادر بازمانده Derek O. Sword

David Sword، منفرداً و به عنوان پدر بازمانده Derek O. Sword

Luz Vale، منفرداً و به عنوان همسر بازمانده Ivan Vale

Luz Vale، به عنوان نماینده شخصی ورثه Ivan Vale، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Ivan Vale

Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Adolph Wald، متوفی، مادر فقید Victor Wald

Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Fanni Wald، متوفی، پدر/مادر فقید Victor Wald

7

docs-100328881.1

Robert Weingard، منفرداً و به عنوان برادر بازمانده Scott Weingard

Marc Weingard، به عنوان نماینده شخصی ورثه Bonnie Feldman، متوفی، پدر فقید Scott Weingard

Marc Weingard، منفرداً و به عنوان برادر بازمانده Scott Weingard

Marc Weingard، به عنوان نماینده شخصی ورثه Scott Weingard، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Scott Weingard

Denise White، منفرداً و به عنوان فرزند بازمانده John White

Lillian Zambrana، به عنوان نماینده شخصی ورثه Edwin Zambrana, Sr.، متوفی، مادر فقید Edwin Zambrana, Sr.

خواهان(ها)،

‐ علیه ‐

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هر یک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران،ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y 15-CV-9903 (GBD)(SN)، تاریخ 8 فوریه ECF، 2016، شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش علیه بن لادن</u>، به شماره ECF ,(S.D.N.Y.) (SN) (GBD) 1:03-CV-9848 شماره‌های 295، 294، 263؛ <u>عطف به حملات تروریستی 11 سپتامبر 2001</u>، پرونده ECF ,(S.D.N.Y.) (SN) (GBD) 03-MDL-1570 شماره‌های 2431، 2430، 2516، 2515، 2473، 2433، 2432؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 ECF (شماره 2540) را گنجانده‌اند.

## مکان

1.    مکان این ناحیه بر اساس 2)(b)1391 §§ 28 U.S.C. و f)(1)(1391) مناسب است چرا که بخش قابل توجهی از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه براساس 2334(a) § 18 U.S.C. مناسب است.

## صلاحیت قضایی

2.    صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 1605(a) § 28 U.S.C. (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 1605A § 28 U.S.C. (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 1605B § 28 U.S.C. (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علل اقدام

3.    بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط یک شکایت را علامت بزنید**]:

9

شکایت تجمیعی اصلاح شده خواهان‌ها   ☐بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y. 8 (GBD)(SN) 15-CV-9903 فوریه 2016، ECF شماره 53

4.          به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 1605B 28 (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و U.S.C. § 2333 et seq 18. (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس U.S.C. § 1189 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض U.S.C. § 2333 18. et seq. بوده است.

☐فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 1605B 28 (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و U.S.C. § 2333 18. et seq. (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس U.S.C. § 1189 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب U.S.C. § 2331 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض U.S.C. § 2333 18. et seq. بوده است.

**شناسایی خواهان‌های جدید**

5.    اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در

ضمیمه ۱ این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a.    شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه ۱ این فرم کوتاه شکایت از ایران ذکر شده است.

b.    خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c.    همان‌گونه که در ضمیمه ۱ آمده است، خواهان (۱) نماینده وارثان شخصی است که در نتیجه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ کشته شده است؛ (۲) عضو زنده بلافاصل خانواده شخصی است که در نتیجه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ کشته شده است؛ و/یا (۳) در نتیجه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ دچار صدمات جسمی شده است.

d.    در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه ۱ آمده در ۱۱ سپتامبر ۲۰۰۱ یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر به‌طور مشخص در ضمیمه ۱ ذکر گردیده است.

e.    در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه ۱، و به سبب نتیجه مستقیم، بلافاصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همان‌گونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه ۱ مطرح گردیده است.

f.    ج. نام، نسبت به فرد مجروح و/یا متوفی قربانی ۱۱ سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه ۱ ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

11

**هویت خوانده**

6.   تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7.   خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی علیه هر یک

از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8.   خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز

بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه**

9.   بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست

می‌نمایند.

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به

صورت مقتضی دارند.

تاریخ:10  دسامبر 2020

تقدیم با احترام،

/امضا/ جری اس. گلدمن

وکیل دعاوی جری اس. گلدمن
بروس استرانگ، وکیل دعاوی
ANDERSON KILL PC.
1251 Avenue of the Americas
New York, NY 10020
تلفن:212-278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

وکلای خواهان‌ها

**ضمیمه 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که این

ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه

شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفای 9/11 | نسبت خواهان با متوفای 9/11[11] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[22] |
|---|---|---|---|---|---|---|---|
| 1 | Paul Asaro | NY | ایالات متحده | Carl Asaro | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | Peter Asaro | NY | ایالات متحده | Carl Asaro | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 3 | Dolores Audiffred | NY | ایالات متحده | James Audiffred | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | Mark Anthony Barrett, Sr. | NY | ایالات متحده | Renee Barrett-Arjune | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | Mark Anthony Barrett, Sr. | NY | PR | Renee Barrett-Arjune | برادر/خواهر | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 6 | Edward Arjune | NJ | ایالات متحده | Renee Barrett-Arjune | فرزند | ایالات متحده | ترضیه خاطر |
| 7 | John Joseph Curtin | GA | ایالات متحده | Michael Curtin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | Kathleen Wojslaw | NY | ایالات متحده | Michael Curtin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 9 | Jeanne Osterndorf | FL | ایالات متحده | Michael Curtin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 10 | James Devlin | IN | ایالات متحده | Dennis Devlin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 11 | John Duffy | NY | ایالات متحده | Michael Duffy | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 12 | Barbara Duffy | NY | ایالات متحده | Michael Duffy | والد | ایالات متحده | ترضیه خاطر |
| 13. | Barbara Duffy | NY | ایالات متحده | Michael Duffy | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 14 | Marykay Kemper | NY | ایالات متحده | Michael Duffy | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15 | Jane Gollan | AZ | ایالات متحده | Barbara G. Edwards | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | Douglas Evans | NJ | ایالات متحده | Eric Evans | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 17 | Iris J. Friedman | MA | ایالات متحده | Paul Friedman | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 18 | Meryl Friedman Price | MA | ایالات متحده | Paul Friedman | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | James Friedman | NJ | ایالات متحده | Paul Friedman | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 20 | Thomas Gary | NY | ایالات متحده | Bruce Gary | فرزند | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

13

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 21 | Josefina Gonzalez | PA | ایالات متحده | Rosa Gonzalez | والد | ایالات متحده | ترضیه خاطر |
| 22 | Eneida Ramos | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 23 | Lydia E. Ramos-Gonzalez | PA | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | Esterlina Rivera | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | Reinaldo Ramos-Gonzalez | PA | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | Maria Gonzalez | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | Nelida Gonzalez | PA | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | Jose Gonzalez | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | Wesley Graf | GA | ایالات متحده | Edwin Graf | فرزند | ایالات متحده | ترضیه خاطر |
| 30 | Mary Hasson | NY | ایالات متحده | Joseph John Hasson, III | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 31 | Mary Hasson | NY | ایالات متحده | Joseph John Hasson, III | همسر | ایالات متحده | ترضیه خاطر |
| 32 | Joseph John Hasson, IV | NY | ایالات متحده | Joseph John Hasson, III | فرزند | ایالات متحده | ترضیه خاطر |
| 33 | Joseph John Hasson, Jr. | NY | ایالات متحده | Joseph John Hasson, III | والد | ایالات متحده | ترضیه خاطر |
| 34 | Paulette Hasson | NY | ایالات متحده | Joseph John Hasson, III | والد | ایالات متحده | ترضیه خاطر |
| 35 | Victoria Zanotto | NY | ایالات متحده | Joseph John Hasson, III | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 36 | Christopher Hasson | NY | ایالات متحده | Joseph John Hasson, III | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | Maria Rich | FL | ایالات متحده | Paul Innella | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 38 | Shirley Innella | NJ | ایالات متحده | Paul Innella | والد | ایالات متحده | ترضیه خاطر |
| 39 | Lisa Iraci به عنوان نماینده شخصی ورثه Francis Kelly | NY | ایالات متحده | Thomas William Kelly (متوفی) | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 40 | Nancy Kelly | NY | ایالات متحده | Thomas Michael Kelly | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 41 | Nancy Kelly به عنوان نماینده شخصی ورثه Sylvia Kelly | NY | ایالات متحده | Thomas Michael Kelly | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | Yolanda Cerda | NY | TBD | Matthew Leonard | همسر | TBD | ترضیه خاطر |
| 43 | Yolanda Cerda | TBD | TBD | Matthew Leonard | PR | TBD | ترضیه خاطر/قتل غیرعمد |
| 44 | Christina Leonard | NY | TBD | Matthew Leonard | فرزند | TBD | ترضیه خاطر |
| 45 | Samantha Allen | MA | ایالات متحده | Samantha Lightbourn-Allen | فرزند | ایالات متحده | ترضیه خاطر |

14

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Charles Magee | ایالات متحده | FL | Michael Magee | 46 |
| ترضیه خاطر | ایالات متحده | همسر | Gene Maloy | ایالات متحده | CA | Margaret Randazzo-Maloy | 47 |
| ترضیه خاطر | ایالات متحده | والد | Michael Marti | ایالات متحده | NY | Rosalie Marti | 48 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Michael Marti | ایالات متحده | NY | Mario Truglio به عنوان نماینده شخصی ورثه Rodger Marti | 49 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Michael Marti | ایالات متحده | NY | Mario Truglio | 5G |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Diarelia Mena | ایالات متحده | NJ | Nixia Mena-Alexis | 51 |
| ترضیه خاطر | ایالات متحده | والد | Diarelia Mena | ایالات متحده | NJ | Diana Mena | 52 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Diarelia Mena | ایالات متحده | NJ | Nixia Mena-Alexis به عنوان نماینده شخصی ورثه Aurelio Mena | 53 |
| ترضیه خاطر | ایالات متحده | همسر | Keith O'Connor | ایالات متحده | NJ | Sandra O'Connor Carey | 54 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Keith O'Connor | ایالات متحده | NJ | Sandra O'Connor Carey | 55 |
| ترضیه خاطر | ایالات متحده | والد | Keith O'Connor | ایالات متحده | NJ | Susan O'Connor | 56 |
| ترضیه خاطر | ایالات متحده | والد | Keith O'Connor | ایالات متحده | NJ | Susan O'Connor به عنوان نماینده شخصی ورثه Francis O'Connor | 57 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Robert Peraza | ایالات متحده | FL | Neil Peraza | 58 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Robert Peraza | ایالات متحده | FL | Neil Peraza | 59 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Robert Peraza | ایالات متحده | FL | Neil Peraza، به عنوان نماینده شخصی ورثه Robert D. Peraza | 6G |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Karen Renda | ایالات متحده | NC | Lee Gargano | 61 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Aida Rosario | ایالات متحده | NJ | Minerva Rosario | 62 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | Aida Rosario | ایالات متحده | NJ | Minerva Rosario، به عنوان نماینده شخصی ورثه Rodolfo Rosario | 63 |
| ترضیه خاطر | ایالات متحده | فرزند | Aida Rosario | ایالات متحده | TBD | Amy Vazquez | 64 |

docs-100328881.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی[1] 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در زمان 9/11/01 | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | فرزند | Aida Rosario | ایالات متحده | NJ | Jasmine DeJesus | 65 |
| ترضیه خاطر | Sri Lanka | برادر/خواهر | Rahma Salie | ایالات متحده | CA | Farah Frenkel | 66 |
| ترضیه خاطر | ایالات متحده | فرزند | Anthony Savas | ایالات متحده | CT | Christina Savas | 67 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Robert Schlegel | ایالات متحده | ME | David Schlegel | 68 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Robert Schlegel | ایالات متحده | PA | Richard Schlegel | 69 |
| ترضیه خاطر | ایالات متحده | والد | Robert Schlegel | ایالات متحده | FL | Elvin Schlegel | 70 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Antionette Sherman | ایالات متحده | MD | Robert Davenport | 71 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Antionette Sherman | ایالات متحده | MD | Christopher Charles Clarke | 72 |
| ترضیه خاطر | ایالات متحده | فرزند | Antionette Sherman | ایالات متحده | MD | Jamal Green | 73 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Gregory Sikorsky | ایالات متحده | NY | Perry Sikorsky، به عنوان نماینده شخصی ورثه George K. Sikorsky | 74 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Gregory Sikorsky | ایالات متحده | NY | Perry Sikorsky، به عنوان نماینده شخصی ورثه Luzia Sikorsky | 75 |
| ترضیه خاطر | ایالات متحده | والد | Khamladai Khami Singh | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 76 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Khamladai Khami Singh | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 77 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | Khamladai Khami Singh | ایالات متحده | NY | Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh | 78 |
| ترضیه خاطر | ایالات متحده | والد | Roshan Ramesh Singh | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 79 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Roshan Ramesh Singh | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 80 |

16

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | ملیت/ تابعیت متوفی 9/11 در تاریخ 9/11/01 | نسبت خواهان با متوفی[1] 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | Roshan Ramesh Singh | ایالات متحده | NY | Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh | 81 |
| ترضیه خاطر | ایالات متحده | فرزند | Leon Smith | ایالات متحده | NY | Leandra Hart | 82 |
| ترضیه خاطر | ایالات متحده | فرزند | Lonny Jay Stone | ایالات متحده | NY | Alex Stone | 83 |
| ترضیه خاطر | ایالات متحده | همسر | Lonny Jay Stone | ایالات متحده | NY | Stacey Stone | 84 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Lonny Jay Stone | ایالات متحده | NY | Stacey Stone | 85 |
| ترضیه خاطر | ایالات متحده | فرزند | Lonny Jay Stone | ایالات متحده | NY | Joshua Stone | 86 |
| ترضیه خاطر | بریتانیا | برادر/خواهر | درک او. اسورد | بریتانیا | TBD | Graeme Sword | 87 |
| ترضیه خاطر | بریتانیا | برادر/خواهر | درک او. اسورد | بریتانیا | TBD | Allan Sword | 88 |
| ترضیه خاطر | بریتانیا | والد | درک او. اسورد | بریتانیا | Angus | Irene Sword | 89 |
| ترضیه خاطر | بریتانیا | والد | درک او. اسورد | بریتانیا | Angus | David Sword | 90 |
| ترضیه خاطر | ایالات متحده | همسر | Ivan Vale | ایالات متحده | PR | Luz Vale | 91 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Ivan Vale | ایالات متحده | PR | Luz Vale | 92 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Victor Wald | ایالات متحده | NY | Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Adolph Wald | 93 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Victor Wald | ایالات متحده | NY | Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Fanni Wald | 94 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Scott Weingard | ایالات متحده | NY | Robert Weingard | 95 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Scott Weingard | ایالات متحده | NY | Marc Weingard، به عنوان نماینده شخصی ورثه Bonnie Feldman | 96 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Scott Weingard | ایالات متحده | NY | Marc Weingard | 97 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Scott Weingard | ایالات متحده | NY | Marc Weingard | 98 |
| ترضیه خاطر | ایالات متحده | فرزند | John White | ایالات متحده | FL | Denise White | 99 |

17

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 100 | Lillian Zambrana، به عنوان نماینده شخصی ورثه Edwin Zambrana, Sr. | NY | ایالات متحده | Edwin Zambrana | والد (متوفی) | ایالات متحده | ترضیه خاطر |

18

docs-100328881.1

IH-32                                                       Rev: 2014-1

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF NEW YORK

### Related Case Statement

---

| | |
|---|---|
| Paul Asaro, et al. (see appendix) | |
| Plaintiffs, | Case Number: 1:20-cv-_____ |
| v. | |
| Islamic Republic of Iran | |
| Defendant. | |

### Full Caption Of Earlier Filed Case:
### (including in bankruptcy appeals the relevant adversary proceeding)

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | Case Numbers: 03 MDL 1570 (GBD) (SN) |

IH-32                                                                                    Rev: 2014-1

Status of Earlier Filed Case:

☐  Closed          (If so, set forth the procedure which resulted in closure, e.g.,
                    voluntary dismissal, settlement, court decision. Also, state
                    whether there is an appeal pending.)

☒  Open            (If so, set forth procedural status and summarize any court
                    rulings.)

> Partial and/or full summary judgment as to Defendant Islamic Republic of Iran
> has been granted and ordered for select plaintiffs. This matter is still ongoing. On
> October 28, 2019, the Court entered an Order approving the "Iran Short Form
> Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-
> SN).

Explain in detail the reasons for your position that the newly filed case is related to the
earlier filed case.

> This is also a September 11th case for wrongful death and solatium against
> sponsors of terrorism, as the Defendant Islamic Republic of Iran is involved in the
> related MDL action. We are seeking similar relief in the form of damages from the
> Defendant. The Plaintiffs herein intend to participate in the underlying litigations
> as to the other defendants in due course.

> This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The
> Republic of Iraq, et al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own
> right as the Parent of Thomas E. Burnett, Jr., Deceased, et al. v. The Islamic
> Republic of Iran, et al., 15-cv-09903-GBD-SN; and Kathleen Ashton et al. v. al
> Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The instant complaint is being
> filed in accordance with the Court's directives of October 28, 2019, ECF No. 5234
> in 1:03-md-01570-GBD-SN.

Signature:   _/s/ Jerry S. Goldman_          Date:   December 10, 2020
             Jerry S. Goldman, Esq.

Firm:        Anderson Kill P.C.

2

docs-100328882.1

IH-32                                                      Rev: 2014-1

# APPENDIX

Paul Asaro, individually, as surviving sibling of Carl Asaro

Peter Asaro, individually, as surviving sibling of Carl Asaro

Dolores Audiffred, individually, as surviving sibling of James Audiffred

Mark Anthony Barrett, Sr., individually, as surviving sibling of Renee Barrett-Arjune

Mark Anthony Barrett, Sr., as the Personal Representative of the Estate of Renee Barrett-Arjune, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Renee Barrett-Arjune

Edward Arjune, individually, as surviving child of Renee Barrett-Arjune

John Joseph Curtin, individually, as surviving sibling of Michael Curtin

Kathleen Wojslaw, individually, as surviving sibling of Michael Curtin

Jeanne Osterndorf, individually, as surviving sibling of Michael Curtin

James Devlin, individually, as surviving sibling of Dennis Devlin

John Duffy, individually, as surviving sibling of Michael Duffy

Barbara Duffy, individually, as surviving parent of Michael Duffy

Barbara Duffy, as the Personal Representative of the Estate of Michael Duffy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Duffy

Marykay Kemper, individually, as surviving sibling of Michael Duffy

Jane Gollan, individually, as surviving sibling of Barbara G. Edwards

Douglas Evans, individually, as surviving sibling of Eric Evans

Iris J. Friedman, individually, as surviving sibling of Paul Friedman

Meryl Friedman Price, individually, as surviving sibling of Paul Friedman

James Friedman, individually, as surviving sibling of Paul Friedman

Thomas Gary, individually, as surviving child of Bruce Gary

Josefina Gonzalez, individually, as surviving parent of Rosa Gonzalez

3

IH-32                                                                    Rev: 2014-1

Eneida Ramos, individually, as surviving sibling of Rosa Gonzalez

Lydia E. Ramos-Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Esterlina Rivera, individually, as surviving sibling of Rosa Gonzalez

Reinaldo Ramos-Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Maria Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Nelida Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Jose Gonzalez, individually, as surviving sibling of Rosa Gonzalez

Wesley Graf, individually, as surviving child of Edwin Graf

Mary Hasson, as the Personal Representative of the Estate of Joseph John Hasson, III, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph John Hasson, III

Mary Hasson, individually, as surviving spouse of Joseph John Hasson, III

Joseph John Hasson, IV, individually, as surviving child of Joseph John Hasson, III

Joseph John Hasson, Jr., individually, as surviving parent of Joseph John Hasson, III

Paulette Hasson, individually, as surviving parent of Joseph John Hasson, III

Victoria Zanotto, individually, as surviving sibling of Joseph John Hasson, III

Christopher Hasson, individually, as surviving sibling of Joseph John Hasson, III

Maria Rich, individually, as surviving sibling of Paul Innella

Shirley Innella, individually, as surviving parent of Paul Innella

Lisa Iraci, as Personal Representative of the Estate of Francis Kelly, deceased, the late sibling of Thomas William Kelly

Nancy Kelly, individually, as surviving sibling of Thomas Michael Kelly

Nancy Kelly, as Personal Representative of the Estate of Sylvia Kelly, deceased, the late parent of Thomas Michael Kelly

Yolanda Cerda, individually, as surviving spouse of Matthew Leonard

4

IH-32

Rev: 2014-1

Yolanda Cerda, as the Personal Representative of the Estate of Matthew Leonard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Matthew Leonard

Christina Leonard, individually, as surviving child of Matthew Leonard

Samantha Allen, individually, as surviving child of Samantha Lightbourn-Allen

Michael Magee, individually, as surviving sibling of Charles Magee

Margaret Randazzo-Maloy, individually, as surviving spouse of Gene Maloy

Rosalie Marti, individually, as surviving parent of Michael Marti

Mario Truglio, as Personal Representative of the Estate of Rodger Marti, deceased, the late parent of Michael Marti

Mario Truglio, as the Personal Representative of the Estate of Michael Marti, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Marti

Nixia Mena-Alexis, individually, as surviving sibling of Diarelia Mena

Diana Mena, individually, as surviving parent of Diarelia Mena

Nixia Mena-Alexis, as Personal Representative of the Estate of Aurelio Mena, deceased, the late parent of Diarelia Mena

Sandra O'Connor Carey, individually, as surviving spouse of Keith O'Connor

Sandra O'Connor Carey, as the Personal Representative of the Estate of Keith O'Connor, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Keith O'Connor

Susan O'Connor, individually, as surviving parent of Keith O'Connor

Susan O'Connor, as Personal Representative of the Estate of Francis O'Connor, deceased, the late parent of Keith O'Connor

Neil Peraza, individually, as surviving sibling of Robert Peraza

Neil Peraza, as the Personal Representative of the Estate of Robert Peraza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Robert Peraza

Neil Peraza, as Personal Representative of the Estate of Robert D. Peraza, deceased, the late parent of Robert Peraza

5

IH-32                                                                                    Rev: 2014-1

Lee Gargano, individually, as surviving sibling of Karen Renda

Minerva Rosario, as the Personal Representative of the Estate of Aida Rosario, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Aida Rosario

Minerva Rosario, as Personal Representative of the Estate of Rodolfo Rosario, deceased, the late sibling of Aida Rosario

Amy Vazquez, individually, as surviving child of Aida Rosario

Jasmine DeJesus, individually, as surviving child of Aida Rosario

Farah Frenkel, individually, as surviving sibling of Rahma Salie

Christina Savas, individually, as surviving child of Anthony Savas

David Schlegel, individually, as surviving sibling of Robert Schlegel

Richard Schlegel, individually, as surviving sibling of Robert Schlegel

Elvin Schlegel, individually, as surviving parent of Robert Schlegel

Robert Davenport, individually, as surviving sibling of Antionette Sherman

Christopher Charles Clarke, individually, as surviving sibling of Antionette Sherman

Jamal Green, individually, as surviving child of Antionette Sherman

Perry Sikorsky, as Personal Representative of the Estate of George K. Sikorsky, deceased, the late parent of Gregory Sikorsky

Perry Sikorsky, as Personal Representative of the Estate of Luzia Sikorsky, deceased, the late parent of Gregory Sikorsky

Toolsiedai Seepersaud a/k/a Ruby Awan, individually, as surviving parent of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as the Personal Representative of the Estate of Khamladai Khami Singh, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Roshan Ramesh Singh, deceased, the late sibling of Khamladai Khami Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, individually, as surviving parent of Roshan Ramesh Singh

docs-100328882.1

IH-32                                                                              Rev: 2014-1

Toolsiedai Seepersaud a/k/a Ruby Awan, as the Personal Representative of the Estate of Roshan Ramesh Singh, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Roshan Ramesh Singh

Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Khamladai Khami Singh, deceased, the late sibling of Roshan Ramesh Singh

Leandra Hart, individually, as surviving child of Leon Smith

Alex Stone, individually, as surviving child of Lonny Jay Stone

Stacey Stone, individually, as surviving spouse of Lonny Jay Stone

Stacey Stone, as the Personal Representative of the Estate of Lonny Stone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lonny Jay Stone

Joshua Stone, individually, as surviving child of Lonny Jay Stone

Graeme Sword, individually, as surviving sibling of Derek O. Sword

Allan Sword, individually, as surviving sibling of Derek O. Sword

Irene Sword, individually, as surviving parent of Derek O. Sword

David Sword, individually, as surviving parent of Derek O. Sword

Luz Vale, individually, as surviving spouse of Ivan Vale

Luz Vale, as the Personal Representative of the Estate of Ivan Vale, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ivan Vale

Clarissa Kirschenbaum, as Personal Representative of the Estate of Adolph Wald, deceased, the late parent of Victor Wald

Clarissa Kirschenbaum, as Personal Representative of the Estate of Fanni Wald, deceased, the late parent of Victor Wald

Robert Weingard, individually, as surviving sibling of Scott Weingard

Marc Weingard, as Personal Representative of the Estate of Bonnie Feldman, deceased, the late parent of Scott Weingard

Marc Weingard, individually, as surviving sibling of Scott Weingard

7

IH-32

Rev: 2014-1

Marc Weingard, as the Personal Representative of the Estate of Scott Weingard, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Weingard

Denise White, individually, as surviving child of John White

Lillian Zambrana, as Personal Representative of the Estate of Edwin Zambrana, Sr., deceased, the late parent of Edwin Zambrana

8

docs-100328882.1

IH-32

بازنگری:1-2014

دادگاه ناحیه‌ای ایالات متحده

برای

ناحیه جنوب نیویورک

پرونده‌های مرتبط اظهارات

---

| | |
|---|---|
| | Paul Asaro و دیگران (به پیوست مراجعه کنید) |
| | |
| | خواهان‌ها، |
| شماره پرونده: -1:20-cv | |
| | علیه |
| | جمهوری اسلامی ایران |
| | |
| | خوانده. |

<u>عنوان کامل پرونده ارائه شده قبلی:</u>
(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگی‌های مربوطه)

| | |
|---|---|
| 03 MDL 1570 (GBD) (SN)   شماره پرونده: | عطف به حملات تروریستی 11 سپتامبر 2001 |

وضعیت پرونده ارائه شده قبلی:

☐    (در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بسته بررسی است یا خیر.)

☒    باز    (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است. (نگاه کنید به ECF شماره 5234 در SN -GBD-01570-md-1:03).

دلایل موضع خود را مبنی بر اینکه پرونده مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.

همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه خاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است. همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به پرونده جان پاتریک اونیل سنیور و دیگران علیه جمهوری عراق و دیگران، SN-GBD-1076-04؛ توماس ای. برنت سنیور به عنوان والد توماس ای. برنت جونیور، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران، SN-GBD-09903-cv-15؛ و کاتلین اشتون و دیگران علیه ارتش اسلامی القاعده و دیگران، FM-GBD-06977-cv-02. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر 2019 ECF شماره 5234 در SN-GBD-01570-md-1:03 مطرح شده است.

تاریخ:10 دسامبر 2020                                                امضا: _____
                                                                            *امضا/ جری اس. گلدمن*
                                                                            وکیل دعاوی جری اس. گلدمن

شرکت حقوقی: _____ Anderson Kill P.C.

2

ضمیمه

Paul Asaro، منفرداً، به عنوان برادر بازمانده Carl Asaro

Peter Asaro، منفرداً، به عنوان برادر بازمانده Carl Asaro

Dolores Audiffred، منفرداً، به عنوان برادر/خواهر بازمانده James Audiffred

Mark Anthony Barrett, Sr.، منفرداً، به عنوان برادر بازمانده Renee Barrett-Arjune

Mark Anthony Barrett, Sr.، به عنوان نماینده شخصی ورثه Renee Barrett-Arjune، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده Renee Barrett-Arjune

Edward Arjune, individually، به عنوان فرزند بازمانده Renee Barrett-Arjune

John Joseph Curtin، منفرداً و به عنوان برادر بازمانده Michael Curtin

Kathleen Wojslaw، منفرداً و به عنوان خواهر بازمانده Michael Curtin

Jeanne Osterndorf، منفرداً و به عنوان برادر/خواهر بازمانده Michael Curtin

James Devlin، منفرداً و به عنوان برادر بازمانده Dennis Devlin

John Duffy، منفرداً و به عنوان برادر بازمانده Michael Duffy

Barbara Duffy، منفرداً و به عنوان مادر بازمانده Michael Duffy

Barbara Duffy، به عنوان نماینده شخصی ورثه Michael Duffy، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده Michael Duffy

Marykay Kemper، منفرداً و به عنوان برادر/خواهر بازمانده Michael Duffy

Jane Gollan، منفرداً و به عنوان خواهر بازمانده Barbara G. Edwards

Douglas Evans، منفرداً و به عنوان برادر بازمانده Eric Evans

Iris J. Friedman، منفرداً و به عنوان برادر/خواهر بازمانده Paul Friedman

Meryl Friedman Price، منفرداً و به عنوان خواهر بازمانده Paul Friedman

James Friedman، منفرداً و به عنوان برادر بازمانده Paul Friedman

Thomas Gary، منفرداً و به عنوان فرزند بازمانده Bruce Gary

Josefina Gonzalez، منفرداً و به عنوان مادر بازمانده Rosa Gonzalez

Eneida Ramos، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Lydia E. Ramos-Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Esterlina Rivera، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Reinaldo Ramos-Gonzalez، منفرداً و به عنوان برادر بازمانده Rosa Gonzalez

Maria Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Nelida Gonzalez، منفرداً و به عنوان خواهر بازمانده Rosa Gonzalez

Jose Gonzalez, individually، منفرداً و به عنوان برادر بازمانده Rosa Gonzalez

Wesley Graf، منفرداً و به عنوان برادر بازمانده Edwin Graf

Mary Hasson، به عنوان نماینده شخصی ورثه Joseph John Hasson, III، متوفی، از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Joseph John Hasson, III

Mary Hasson، منفرداً و به عنوان همسر بازمانده Joseph John Hasson, III Joseph John Hasson, IV، منفرداً و به عنوان فرزند بازمانده Joseph John Hasson, III Joseph John Hasson, Jr.، منفرداً و به عنوان پدر/مادر بازمانده Joseph John Hasson,III

Paulette Hasson، منفرداً و به عنوان مادر بازمانده Joseph John Hasson, III

Victoria Zanotto، منفرداً و به عنوان خواهر بازمانده Joseph John Hasson, III

Christopher Hasson، منفرداً و به عنوان برادر بازمانده Joseph John Hasson, III

Maria Rich، منفرداً و به عنوان خواهر بازمانده Paul Innella

Shirley Innella، منفرداً و به عنوان مادر بازمانده Paul Innella

Lisa Iraci، به عنوان نماینده شخصی ورثه Francis Kelly، متوفی، خواهر فقید Thomas William Kelly

Nancy Kelly، منفرداً و به عنوان خواهر بازمانده Thomas Michael Kelly

Nancy Kelly، به عنوان نماینده شخصی ورثه Sylvia Kelly، متوفی، مادر فقید Thomas Michael Kelly

Yolanda Cerda، منفرداً و به عنوان همسر بازمانده Matthew Leonard

4

IH-32

بازنگری:1-2014

Yolanda Cerda، به عنوان نماینده شخصی ورثه Matthew Leonard، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی بستگان Matthew Leonard

Christina Leonard، منفرداً و به عنوان فرزند بازمانده Matthew Leonard

Samantha Allen، ، منفرداً و به عنوان فرزند بازمانده Samantha Lightbourn-Allen

Michael Magee، منفرداً و به عنوان برادر بازمانده Charles Magee

Margaret Randazzo-Maloy، منفرداً و به عنوان همسر بازمانده Gene Maloy

Rosalie Marti، منفرداً و به عنوان مادر بازمانده Michael Marti

Mario Truglio، به عنوان نماینده شخصی ورثه Rodger Marti، متوفی، پدر فقید Michael Marti

Mario Truglio، به عنوان نماینده شخصی ورثه Michael Marti، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Michael Marti

Nixia Mena-Alexis، منفرداً و به عنوان برادر/خواهر بازمانده Diarelia Mena

Diana Mena، منفرداً و به عنوان مادر بازمانده Diarelia Mena

Nixia Mena-Alexis، به عنوان نماینده شخصی ورثه Aurelio Mena، متوفی، مادر فقید Diarelia Mena

Sandra O'Connor Carey، منفرداً و به عنوان همسر بازمانده Keith O'Connor

Sandra O'Connor Carey، به عنوان نماینده شخصی ورثه Keith O'Connor، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Keith O'Connor

Susan O'Connor، منفرداً و به عنوان پدر بازمانده Keith O'Connor

Susan O'Connor، به عنوان نماینده شخصی ورثه Francis O'Connor، متوفی، مادر فقید Keith O'Connor

Neil Peraza، منفرداً و به عنوان برادر بازمانده Robert Peraza

Neil Peraza، به عنوان نماینده شخصی ورثه Robert Peraza، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Robert Peraza

Neil Peraza، به عنوان نماینده شخصی ورثه Robert D. Peraza، متوفی، پدر/مادر فقید Robert Peraza

IH-32                                                                 بازنگری:2014-1

Karen Renda، منفرداً و به عنوان خواهر/برادر بازمانده Lee Gargano

Minerva Rosario، به عنوان نماینده شخصی ورثه Aida Rosario، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Aida Rosario

Minerva Rosario، به عنوان نماینده شخصی ورثه Rodolfo Rosario، متوفی، برادر/خواهر فقید Aida Rosario

Amy Vazquez، منفرداً و به عنوان فرزند بازمانده Aida Rosario

Jasmine DeJesus، منفرداً و به عنوان فرزند بازمانده Aida Rosario

Farah Frenkel، منفرداً و به عنوان برادر/خواهر بازمانده Rahma Salie

Christina Savas، منفرداً و به عنوان فرزند بازمانده Anthony Savas

David Schlegel، منفرداً و به عنوان برادر بازمانده Robert Schlegel

Richard Schlegel، منفرداً و به عنوان برادر بازمانده Robert Schlegel

Elvin Schlegel، منفرداً و به عنوان پدر/مادر بازمانده Robert Schlegel

Robert Davenport، منفرداً و به عنوان برادر بازمانده Antionette Sherman

Christopher Charles Clarke، منفرداً و به عنوان برادر بازمانده Antionette Sherman

Jamal Green، منفرداً و به عنوان فرزند بازمانده Antionette Sherman

Perry Sikorsky، به عنوان نماینده شخصی ورثه George K. Sikorsky، متوفی، پدر فقید Gregory Sikorsky

Perry Sikorsky، به عنوان نماینده شخصی ورثه Luzia Sikorsky، متوفی، مادر فقید Gregory Sikorsky

Toolsiedai Seepersaud معروف به Ruby Awan، منفرداً و به عنوان پدر/مادر بازمانده Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Khamladai Khami Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh، متوفی، برادر/خواهر فقید Roshan Ramesh

Toolsiedai Seepersaud معروف به Ruby Awan، منفرداً و به عنوان پدر/مادر بازمانده Roshan Ramesh Singh

docs-100328882.1

IH-32

بازنگری:1-2014

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Roshan Ramesh Singh

Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Roshan Ramesh Singh، متوفی، برادر/خواهر فقید

Leandra Hart، منفرداً و به عنوان فرزند بازمانده Leon Smith

Alex Stone، منفرداً و به عنوان فرزند بازمانده Lonny Jay Stone

Stacey Stone، منفرداً و به عنوان همسر بازمانده Lonny Jay Stone

Stacey Stone، به عنوان نماینده شخصی ورثه Lonny Stone، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Lonny Jay Stone

Joshua Stone، منفرداً و به عنوان فرزند بازمانده Lonny Jay Stone

Graeme Sword, individually، منفرداً و به عنوان برادر/خواهر بازمانده Derek O. Sword

Allan Sword, individually، منفرداً و به عنوان برادر بازمانده Derek O. Sword

Irene Sword، منفرداً و به عنوان مادر بازمانده Derek O. Sword

David Sword، منفرداً و به عنوان پدر بازمانده Derek O. Sword

Luz Vale، منفرداً و به عنوان همسر بازمانده Ivan Vale

Luz Vale، به عنوان نماینده شخصی ورثه Ivan Vale، متوفی، و از طرف همه بازماندگان و همه ذینفعان قانونی و بستگان Ivan Vale

Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Adolph Wald، متوفی، مادر فقید Victor Wald

Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Fanni Wald، متوفی، پدر/مادر فقید Victor Wald

Robert Weingard، منفرداً و به عنوان برادر بازمانده Scott Weingard

Marc Weingard، به عنوان نماینده شخصی ورثه Bonnie Feldman، متوفی، پدر فقید Scott Weingard

Marc Weingard، منفرداً و به عنوان برادر بازمانده Scott Weingard

7

docs-100328882.1

IH-32                                                                بازنگری:2014-1

Marc Weingard، به عنوان نماینده شخصی ورثه Scott Weingard، متوفی، و از طرف همه بازماندگان و همه
ذینفعان قانونی و بستگان Scott Weingard

Denise White، منفرداً و به عنوان فرزند بازمانده John White

Lillian Zambrana، به عنوان نماینده شخصی ورثه Edwin Zambrana, Sr.، متوفی، مادر فقید Edwin
Zambrana

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| PAUL ASARO et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | Civil Docket Number:  1:20-cv-10460 |

## NOTICE OF SUIT

1. Title of legal proceeding:

   *Paul Asaro et al. v. Islamic Republic of Iran*

   Full Name of Court:

   United States District Court for the Southern District of New York

   Docket Number:

   1:20-cv-10460

   Judge:

   United States District Judge George B. Daniels

2. Name of foreign state concerned:

   The Islamic Republic of Iran

3. Identity of the other Parties:

   None

4. Nature of documents served:

   Summons and Complaint (in English and Farsi)

5. Nature and Purpose of Proceedings:

   Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.

6. A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). These sections of the United States Code are attached in English and Farsi.

Dated: December 10, 2020

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

docs-100330220.1

## I.    *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

## II.    *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)** Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

## *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter *[28 USCS § 1446(b)]* may be enlarged at any time for cause shown.

### *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter *[28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE**
**CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1605. General exceptions to the jurisdictional immunity of a foreign state

    **(a)** A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

        **(1)** in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

        **(2)** in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

        **(3)** in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

        **(4)** in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

        **(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

            **(A)** any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

            **(B)** any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

        **(6)** in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)** notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)** notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)** Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)** [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

**(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

**(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)** the taking occurred after 1900;

(iv) the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

(v) a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

(3) Definitions. For purposes of this subsection

(A) the term "work" means a work of art or other object of cultural significance;

(B) the term "covered government" means

(i) the Government of Germany during the covered period;

(ii) any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

(iii) any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

(iv) any government in Europe that was an ally of the Government of Germany during the covered period; and

(C) the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

(a) In general.

(1) No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

(2) Claim heard. The court shall hear a claim under this section if—

(A) (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

(II) in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

(ii) the claimant or the victim was, at the time the act described in paragraph (1) occurred—

    (I) a national of the United States;

    (II) a member of the armed forces; or

    (III) otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

    (IV) in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

(B) the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

(b) Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of—

    (1) 10 years after April 24, 1996; or

    (2) 10 years after the date on which the cause of action arose.

(c) Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

    (1) a national of the United States,

    (2) a member of the armed forces,

    (3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

(4) the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

(d) Additional damages. After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

(e) Special masters.

(1) In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

(2) Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

(f) Appeal. In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

(g) Property disposition.

(1) In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

(A) subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

(B) located within that judicial district; and

(C) titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

(2) Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions.  For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition.  In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

(c) Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333]* if the foreign state would not be immune under subsection (b).

(d) Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

(a) for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

     **(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

<div align="center">

**28 USCS § 1608**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1608. Service; time to answer; default**

     **(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

     **(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

     **(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

     **(3)** if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

     **(4)** if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

     As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

     **(b)** Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

     **(1)** by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

     **(2)** if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

   **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

    **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

    **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

    **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

  **(c)** Service shall be deemed to have been made—

   **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

   **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

  **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

  **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

  Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

**28 USCS § 1610**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

**(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

**(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)**  the property is or was used for the commercial activity upon which the claim is based, or

**(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)**  the execution relates to a judgment establishing rights in property

**(A)**  which is acquired by succession or gift, or

**(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

**(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

    **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

    **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

    **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

    **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

    **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

    **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

    **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

    **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

    **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

(B) Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

(A) At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

(B) In providing such assistance, the Secretaries

(i) may provide such information to the court under seal; and

(ii) should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

(3) Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

(g) Property in certain actions.

(1) In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

(A) the level of economic control over the property by the government of the foreign state;

(B) whether the profits of the property go to that government;

(C) the degree to which officials of that government manage the property or otherwise control its daily affairs;

(D) whether that government is the sole beneficiary in interest of the property; or

(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

(2) United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

(3)  Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## 28 USCS § 1611
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

(a)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

(1)  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2)  the property is, or is intended to be, used in connection with a military activity and

(A)  is of a military character, or

(B)  is under the control of a military authority or defense agency.

(c)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| مربوط به SN) (GBD) 1570 MDL 03) | عطف به حملات تروریستی 11 سپتامبر 2001 |
| پرونده مدنی به شماره:  1:20-cv-10460 | PAUL ASARO و دیگران، |
| | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده، |

**ایلاغیه اقامه دعوی**

1. عنوان دادرسی حقوقی:
   نام کامل دادگاه:
   شماره پرونده:
   قاضی:

   *Paul Asaro و دیگران علیه جمهوری اسلامی ایران*
   دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک
   1:20-cv-10460
   قاضی ناحیه ایالات متحده جورج بی. دانیلز

2. نام دولت خارجی مربوطه:    جمهوری اسلامی ایران

3. هویت طرفین دیگر:    هیچ

4. ماهیت اسناد ابلاغ شده:    احضاریه و شکایت (به زبان انگلیسی و فارسی)

5. ماهیت و هدف دادرسی‌ها:    اقدام برای جبران خسارت قتل غیرعمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است.

6. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود.  پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.

7. عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.

8. سؤالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشورهای خارجی براساس قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های 1441(d)، 1391(f)، 1330)؛ و 1602 تا 1611، عنوان

docs-100330220.1

28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583; 90 Stat. 2891).  این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ: 10 دسامبر 2020

/امضا/ جری اس. گلدمن

_____

وکیل دعاوی جری اس. گلدمن

Anderson Kill P.C.

1251 Avenue of the Americas

نیویورک، نیویورک

تلفن:212-278-1000

jgoldman@andersonkill.com

وکلای خواهان‌ها

2

docs-100330220.1

<div dir="rtl">

یک.   *28 USCS* §*1330*

جاری از طریق 115-108 PL، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 < عنوان 28. دادرسی و رویه دادرسی < بخش چهارم. صلاحیت قضایی و محل اقامه دعوی   < فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش (a)1603 این *عنوان [28 USCS § 1603(a)]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605  این *عنوان [28 USCS §§ 1605-1607]* یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)   در دعوی ترضیه خاطر علیه دولت خارجی در زمینه‌ای که در زیربخش (a) این عنوان دادگاه‌های ناحیه در آن صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [28 USCS § 1608]* انجام شده باشد.

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این *عنوان [28 USCS §§ 1605-1607]* ناشی شده باشد.

دو.   *28 USCS § 1391*

جاری از طریق 115-108 PL، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 < عنوان 28. دادرسی و رویه دادرسی < بخش چهارم. صلاحیت قضایی و محل اقامه دعوی < فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f) اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش (a)1603 این *عنوان [28 USCS § 1603a]* تعریف شده قابل انجام است.–

(1)   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش (b)1605 این *عنوان [28 USCS § 1605(b)]* مطرح شده باشد؛

(3)   در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش (b)1603 این *عنوان 28 [USCS § 1603b]* مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

</div>

سیاسی آن صورت گیرد.

## *1441 § USCS 28*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش (a)1603 این عنوان [*28 USCS § 1603(a)*] مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش (b)1446 این فصل [*28 USCS § 1446(b)*] را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *1602 § 28 USCS*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و*
*محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل [*1602 §§ 28 USCS* et seq.] تعیین شود.

### *1603 § 28 USCS*
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضائی دولت‌های خارجی**

### 51603. تعاریف

برای اهداف این فصل [1602 §§ 28 USCS et seq.]

(a)   یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [1608 § 28 USCS]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

(b)   یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

(1)   که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

(2)   یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

(3)   که شهروند دولت ایالات متحده بنا به تعریف بخش 1332(c) و (e) این عنوان [§ 28 USCS 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

(c)   "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

(d)   "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا یک اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار تجاری یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

(e)   یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

### 28 USCS § 1604
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### § 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1605-1607 این فصل [1605 §§ 28 USCS-1607].

### 28 USCS § 1605
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد۔

(1) که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

(2) که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با آن دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد ۔۔

(A) هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [16071 § USCS 28] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه۔۔۔

(1) ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنین ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط

مسئول خواهد بود؛ و

**(2)** ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

**(c)** هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچیک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

**(d)** دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [31301 §§ USCS 46 et seq.] and in و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

**(f)، (e)** [منسوخ شد]

(g) محدودیت کشف.

(1) به‌طور کلی.

(A) در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [§ 28 USCS 1604]،همچنین بخش 1605A یا بخش 1605B [§ 28 USCS 1605A] یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

(B) توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط دادستان ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

(2) شرط افول.

(A) در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

(B) پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

(i) موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

(ii) بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

(iii) مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

(3) ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

(4) منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6(b)(12) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

(5) رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

(h) مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

(1)   به‌طور کلی. اگر

(A)   اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

(B)   رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 89-259 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

(C)   ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 89-259 ( 22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

(2)   استثنائات.

(A)   دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معنای آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

(iii) دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش USCS 28 (d) 1603 [1603(d) §] تعریف شده است؛ و

(iv) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(B)   سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معنای آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

(iii) تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان

دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش d(1603) [(28 USCS § 1603(d]) تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی

علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت

پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش

اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8

می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر

پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی

از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده

بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در

محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

**(A) (I) (i)** دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ

دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده

فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

صفحه 9 از 18

**(II)** در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)(1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3(c)(1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 1605(a)7 *[28 USCS § 1605(a)(7)]* (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه [2008]]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101) قسمت A قانون عمومی 104-208) تبصره‌ی *[28 USCS § 1605]* مطرح شده باشد؛

**(ii)** مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

**(I)** تبعه ایالات متحده باشد؛

**(II)** عضو نیروهای مسلح باشد؛ یا

**(III)** به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

**(IV)** در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (1:00CV03110 EGS) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 1605(a)7 (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c) 101) قسمت A قانون عمومی 104-208) تبصره‌ی *[28 USCS § 1605]* نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

**(1)** 10 سال پس از 24 آوریل 1996؛ یا

**(2)** 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

**(c)** حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (a)(2)(A)(i) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

**(1)** تبعه ایالات متحده باشد،

**(2)** یک عضو نیروهای مسلح باشد،

**(3)** یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

‫(4)‬ نماینده قانونی شخص شرح داده شده در بندهای (2)، (1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (a)(1) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به از ای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

‫(d)‬ خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

‫(e)‬ سرپرستان ویژه.

‫(1)‬ [1] بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

‫(2)‬ انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 (42 *U.S.C. 10603c*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز در پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

‫(f)‬ درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292) این عنوان [28 *USCS § 1292(b)*] مطرح گردد.

‫(g)‬ مقررات مربوط به اموال.

‫(1)‬ بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت که ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که——

‫(A)‬ مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [28 *USCS § 76701*] باشد؛

‫(B)‬ در آن ناحیه قضایی واقع شده باشد؛ و

‫(C)‬ سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

‫(2)‬ ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

(3) قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان [*28 USCS §§ 1651 et seq.*] قابل اجرا باشد.

(h) تعاریف. برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت (22)(a)(1101 *8 U.S.C.*)است؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس بخش (j)6 قانون مدیریت صادرات 1979 (*[(50 USCS § 46050]*] (*50 U.S.C. App. 2405(i)*))، بخش 620A قانون کمک خارجی 1961 (*22 U.S.C. 2371*) ، یا بخش 40 قانون کنترل صادرات اسلحه (*22 U.S.C. 2780*) یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (*28 U.S.C. 1350* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

(a) تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده است؛* و

(2) شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

(c)  دعاوی اتباع ایالات متحده. علی‌رغم بخش 2(2337) عنوان 18 [*18 USCS § 2337(2)*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 3333 آن *عنوان [18 USCS § 2333]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

(d)  قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [*28 USCS § 1605* یا *1607*] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

(a)  که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [*28 USCS § 1605* یا *1605A*] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b)  ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c)   تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a)   در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)   با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2)   اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)   اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

(4)   اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b)   در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)   با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2)   اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)   اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A)   بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

یا درخواست

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

(c) ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)** در صورت ابلاغ بر اساس بخش فرعی (a)(4)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، بر اساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ بر اساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید بر اساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**<u>28 USCS §1609</u>**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**<u>§ 1609. مصونیت در برابر توقیف اموال دولت خارجی</u>**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [1610 55 USCS 28 و 1611].

**28 USCS § 1610**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی و فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم**

**(a)** اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که بر ای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده با یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

**(1)** دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

**(3)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

**(4)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

**(A)** که از طریق ارث یا به‌عنوان هدیه کسب شده یا

**(B)** غیرمنقول بوده و در ایالات متحده واقع شده باشد: *به شرطی که،* از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس رئیس چنان مأموریتی استفاده نشود، یا

**(5)** اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

**(6)** حکم بر اساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

**(7)** حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] با بخش 1605(a)(7) [سابقاً 1605(a)(7) 28 USCS §]] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(b)** علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

**(1)** سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3 )، 1605(a)(2)(، یا (5) یا 1605(b) این فصل 1605(a)(2) 5 28 USCS]، (3)، یا (5)، یا 1605(b)]] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

(3) حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] یا بخش 7)(a)1605) این فصل [سابقاً 7)(a)1605 § USCS 28]] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(c) توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش e)1608) این فصل [e1608 § USCS 28]] سپری شده است.

(d) اموال دولت خارجی بنا به تعریف بخش a)1603) این فصل [a1603 § USCS 28]] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار میگیرند نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

(1) دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

(2) هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

(e) کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش d)1605) [d1605 § USCS 28]] آمده است، مصون باشند.

(f) (A) (1) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش f)208) قانون مأموریت خارجی ( 22 U.S.C. 4308f)، و بجز موارد استثنایی مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش b)5) قانون تجارت با دشمن (U.S.C. 50. ضمیمه b)4305 § USCS 50] [b)5)]، بخش a)620) قانون کمک خارجی 1961 (a)2370 .U.S.C 22)، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( U.S.C. 50 1702-1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش 7)(a)1605) [7)(a)1605 § USCS 28]] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [A1605 5 USCS 28 شامل مصونیت نیست.

(B) چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

(A) بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش 7)(a)1605) [7)(a)1605 5 USCS 28]] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [A1605 § USCS 28 مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذی‌نفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

(B) وزرای مذکور در ارائه چنان کمکی

(i) می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

(ii) باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

(g) اموال در برخی اقدامات.

(1) به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی
که بر اساس بخش 1605A [1605A § USCS 28] حکمی علیه آن صادر شده است، و اموال
سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی
جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است،
صرف‌نظر از

(A) سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

(B) اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C) میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

(D) اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

(E) اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی
در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

(2) قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان
یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم و اجرای حکم
صادر شده طبق بخش 1605A [1605A § USCS 28] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [1 §§ USCS Appx 50 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [1701 5§ USCS 50 et
seq.] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از
اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به
اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

<u>28 USCS §1611</u>
جاری از طریق 181-115 PL، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

<u>§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند</u>

(a) علی‌رغم مفاد بخش 1610 این فصل [16101 § USCS 28]، اموال سازمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را
دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

(b) علی‌رغم مفاد بخش 1610 این فصل [1610 § USCS 28]، اموال دولت خارجی باید از توقیف و اجرای
حکم مصون باشد، چنانچه ——

(1) اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A)   دارای ماهیت نظامی باشد، یا

(B)   تحت کنترل مقام نظامی سازمان دفاع باشد.

(c)   علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [ 22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

JS 44C/SDNY
REV.
10/01/2020

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
PAUL ASARO, et al.

DEFENDANTS
THE ISLAMIC REPUBLIC OF IRAN

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., Anderson Kill
1251 Avenue of the Americas, New York, NY 10020
(212)-278-1000 / jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ] Yes [X]      Judge Previously Assigned
George B. Daniels.

If yes, was this case  Vol. [ ] Invol. [ ] Dismissed. No [X] Yes [ ]  If yes, give date _____ & Case No. 1:03-md-1570

IS THIS AN INTERNATIONAL ARBITRATION CASE?       No [X]       Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*       **NATURE OF SUIT**

TORTS

ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY/ | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | | [ ] 367 HEALTHCARE/ | | | [ ] 375 FALSE CLAIMS |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED | [ ] 422 APPEAL | [ ] 376 QUI TAM |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | INJURY/PRODUCT LIABILITY | SEIZURE OF PROPERTY | 28 USC 158 | [ ] 400 STATE |
| [ ] 130 MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | 21 USC 881 | [ ] 423 WITHDRAWAL | REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | [ ] 690 OTHER | 28 USC 157 | [ ] 410 ANTITRUST |
| INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | | | [ ] 430 BANKS & BANKING |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | | | [ ] 450 COMMERCE |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | PROPERTY RIGHTS | | [ ] 460 DEPORTATION |
| ENFORCEMENT | LIABILITY | | | | [ ] 470 RACKETEER INFLU- |
| OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | ENCED & CORRUPT |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 830 PATENT | | ORGANIZATION ACT |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | (RICO) |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | | | | [ ] 485 TELEPHONE CONSUMER |
| (EXCL VETERANS) | PRODUCT LIABILITY | | | SOCIAL SECURITY | PROTECTION ACT |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 380 OTHER PERSONAL | LABOR | [ ] 861 HIA (1395ff) | |
| OVERPAYMENT | INJURY | PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 862 BLACK LUNG (923) | [ ] 490 CABLE/SATELLITE TV |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY - | [ ] 385 PROPERTY DAMAGE | STANDARDS ACT | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 SECURITIES/ |
| BENEFITS | MED MALPRACTICE | PRODUCT LIABILITY | [ ] 720 LABOR/MGMT | [ ] 864 SSID TITLE XVI | COMMODITIES/ |
| [ ] 160 STOCKHOLDERS | | | RELATIONS | [ ] 865 RSI (405(g)) | EXCHANGE |
| SUITS | | PRISONER PETITIONS | [ ] 740 RAILWAY LABOR ACT | | [X] 890 OTHER STATUTORY |
| [ ] 190 OTHER | | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL | FEDERAL TAX SUITS | ACTIONS |
| CONTRACT | | [ ] 510 MOTIONS TO | LEAVE ACT (FMLA) | | [ ] 891 AGRICULTURAL ACTS |
| [ ] 195 CONTRACT | ACTIONS UNDER STATUTES | VACATE SENTENCE | | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 893 ENVIRONMENTAL |
| PRODUCT | | 28 USC 2255 | [ ] 790 OTHER LABOR | Defendant) | MATTERS |
| LIABILITY | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS | LITIGATION | [ ] 871 IRS-THIRD PARTY | [ ] 895 FREEDOM OF |
| [ ] 196 FRANCHISE | | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC | 26 USC 7609 | INFORMATION ACT |
| | [ ] 440 OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | SECURITY ACT (ERISA) | | [ ] 896 ARBITRATION |
| | (Non-Prisoner) | | | | [ ] 899 ADMINISTRATIVE |
| REAL PROPERTY | [ ] 441 VOTING | | IMMIGRATION | | PROCEDURE ACT/REVIEW OR |
| [ ] 210 LAND | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | [ ] 462 NATURALIZATION | | APPEAL OF AGENCY DECISION |
| CONDEMNATION | [ ] 443 HOUSING/ | | APPLICATION | | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 220 FORECLOSURE | ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION | | STATE STATUTES |
| [ ] 230 RENT LEASE & | [ ] 445 AMERICANS WITH | [ ] 555 PRISON CONDITION | ACTIONS | | |
| EJECTMENT | DISABILITIES - | [ ] 560 CIVIL DETAINEE | | | |
| [ ] 240 TORTS TO LAND | EMPLOYMENT | CONDITIONS OF CONFINEMENT | | | |
| [ ] 245 TORT PRODUCT | [ ] 446 AMERICANS WITH | | | | |
| LIABILITY | DISABILITIES -OTHER | | | | |
| [ ] 290 ALL OTHER | [ ] 448 EDUCATION | | | | |
| REAL PROPERTY | | | | | |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 150 billion   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels   DOCKET NUMBER 1:03-md-1570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

| (PLACE AN x IN ONE BOX ONLY) | | **ORIGIN** | | | |
|---|---|---|---|---|---|

[X] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation (Transferred)  [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*   **BASIS OF JURISDICTION**   *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
The Islamic Republic of Iran, Iran.

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] MANHATTAN

DATE 12/10/2020   /s/ Jerry S. Goldman
                 SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. May   Yr. 1980 )
Attorney Bar Code # 1302454

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Paul Asaro | NY | United States | Carl Asaro | Sibling | United States | Solatium |
| 2 | Peter Asaro | NY | United States | Carl Asaro | Sibling | United States | Solatium |
| 3 | Dolores Audiffred | NY | United States | James Audiffred | Sibling | United States | Solatium |
| 4 | Mark Anthony Barrett, Sr. | NY | United States | Renee Barrett-Arjune | Sibling | United States | Solatium |
| 5 | Mark Anthony Barrett, Sr. | NY | United States | Renee Barrett-Arjune | PR | United States | Solatium/Wrongful Death |
| 6 | Edward Arjune | NJ | United States | Renee Barrett-Arjune | Child | United States | Solatium |
| 7 | John Joseph Curtin | GA | United States | Michael Curtin | Sibling | United States | Solatium |
| 8 | Kathleen Wojslaw | NY | United States | Michael Curtin | Sibling | United States | Solatium |
| 9 | Jeanne Osterndorf | FL | United States | Michael Curtin | Sibling | United States | Solatium |
| 10 | James Devlin | IN | United States | Dennis Devlin | Sibling | United States | Solatium |
| 11 | John Duffy | NY | United States | Michael Duffy | Sibling | United States | Solatium |
| 12 | Barbara Duffy | NY | United States | Michael Duffy | Parent | United States | Solatium |
| 13 | Barbara Duffy | NY | United States | Michael Duffy | PR | United States | Solatium/Wrongful Death |
| 14 | Marykay Kemper | NY | United States | Michael Duffy | Sibling | United States | Solatium |
| 15 | Jane Gollan | AZ | United States | Barbara G. Edwards | Sibling | United States | Solatium |
| 16 | Douglas Evans | NJ | United States | Eric Evans | Sibling | United States | Solatium |
| 17 | Iris J. Friedman | MA | United States | Paul Friedman | Sibling | United States | Solatium |
| 18 | Meryl Friedman Price | MA | United States | Paul Friedman | Sibling | United States | Solatium |
| 19 | James Friedman | NJ | United States | Paul Friedman | Sibling | United States | Solatium |
| 20 | Thomas Gary | NY | United States | Bruce Gary | Child | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.
[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 21 | Josefina Gonzalez | PA | United States | Rosa Gonzalez | Parent | United States | Solatium |
| 22 | Eneida Ramos | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 23 | Lydia E. Ramos-Gonzalez | PA | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 24 | Esterlina Rivera | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 25 | Reinaldo Ramos-Gonzalez | PA | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 26 | Maria Gonzalez | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 27 | Nelida Gonzalez | PA | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 28 | Jose Gonzalez | NJ | United States | Rosa Gonzalez | Sibling | United States | Solatium |
| 29 | Wesley Graf | GA | United States | Edwin Graf | Child | United States | Solatium |
| 30 | Mary Hasson | NY | United States | Joseph John Hasson, III | PR | United States | Solatium/Wrongful Death |
| 31 | Mary Hasson | NY | United States | Joseph John Hasson, III | Spouse | United States | Solatium |
| 32 | Joseph John Hasson, IV | NY | United States | Joseph John Hasson, III | Child | United States | Solatium |
| 33 | Joseph John Hasson, Jr. | NY | United States | Joseph John Hasson, III | Parent | United States | Solatium |
| 34 | Paulette Hasson | NY | United States | Joseph John Hasson, III | Parent | United States | Solatium |
| 35 | Victoria Zanotto | NY | United States | Joseph John Hasson, III | Sibling | United States | Solatium |
| 36 | Christopher Hasson | NY | United States | Joseph John Hasson, III | Sibling | United States | Solatium |
| 37 | Maria Rich | FL | United States | Paul Innella | Sibling | United States | Solatium |
| 38 | Shirley Innella | NJ | United States | Paul Innella | Parent | United States | Solatium |
| 39 | Lisa Iraci as Personal Representative of the Estate of Francis Kelly | NY | United States | Thomas William Kelly | Sibling (deceased) | United States | Solatium |
| 40 | Nancy Kelly | NY | United States | Thomas Michael Kelly | Sibling | United States | Solatium |
| 41 | Nancy Kelly as Personal Representative of the Estate of Sylvia Kelly | NY | United States | Thomas Michael Kelly | Parent (deceased) | United States | Solatium |
| 42 | Yolanda Cerda | NY | TBD | Matthew Leonard | Spouse | TBD | Solatium |
| 43 | Yolanda Cerda | TBD | TBD | Matthew Leonard | PR | TBD | Solatium/Wrongful Death |
| 44 | Christina Leonard | NY | TBD | Matthew Leonard | Child | TBD | Solatium |
| 45 | Samantha Allen | MA | United States | Samantha Lightbourn-Allen | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 46 | Michael Magee | FL | United States | Charles Magee | Sibling | United States | Solatium |
| 47 | Margaret Randazzo-Maloy | CA | United States | Gene Maloy | Spouse | United States | Solatium |
| 48 | Rosalie Marti | NY | United States | Michael Marti | Parent | United States | Solatium |
| 49 | Mario Truglio as Personal Representative of the Estate of Rodger Marti | NY | United States | Michael Marti | Parent (deceased) | United States | Solatium |
| 50 | Mario Truglio | NY | United States | Michael Marti | PR | United States | Solatium/Wrongful Death |
| 51 | Nixia Mena-Alexis | NJ | United States | Diarelia Mena | Sibling | United States | Solatium |
| 52 | Diana Mena | NJ | United States | Diarelia Mena | Parent | United States | Solatium |
| 53 | Nixia Mena-Alexis as Personal Representative of the Estate of Aurelio Mena | NJ | United States | Diarelia Mena | Parent (deceased) | United States | Solatium |
| 54 | Sandra O'Connor Carey | NJ | United States | Keith O'Connor | Spouse | United States | Solatium |
| 55 | Sandra O'Connor Carey | NJ | United States | Keith O'Connor | PR | United States | Solatium/Wrongful Death |
| 56 | Susan O'Connor | NJ | United States | Keith O'Connor | Parent | United States | Solatium |
| 57 | Susan O'Connor, as Personal Representative of the Estate of Francis O'Connor | NJ | United States | Keith O'Connor | Parent | United States | Solatium |
| 58 | Neil Peraza | FL | United States | Robert Peraza | Sibling | United States | Solatium |
| 59 | Neil Peraza | FL | United States | Robert Peraza | PR | United States | Solatium/Wrongful Death |
| 60 | Neil Peraza as Personal Representative of the Estate of Robert D. Peraza | FL | United States | Robert Peraza | Parent (deceased) | United States | Solatium |
| 61 | Lee Gargano | NC | United States | Karen Renda | Sibling | United States | Solatium |
| 62 | Minerva Rosario | NJ | United States | Aida Rosario | PR | United States | Solatium/Wrongful Death |
| 63 | Minerva Rosario as Personal Representative of the Estate of Rodolfo Rosario | NJ | United States | Aida Rosario | Sibling (deceased) | United States | Solatium |
| 64 | Amy Vazquez | TBD | United States | Aida Rosario | Child | United States | Solatium |
| 65 | Jasmine DeJesus | NJ | United States | Aida Rosario | Child | United States | Solatium |
| 66 | Farah Frenkel | CA | United States | Rahma Salie | Sibling | Sri Lanka | Solatium |
| 67 | Christina Savas | CT | United States | Anthony Savas | Child | United States | Solatium |

3

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 68 | David Schlegel | ME | United States | Robert Schlegel | Sibling | United States | Solatium |
| 69 | Richard Schlegel | PA | United States | Robert Schlegel | Sibling | United States | Solatium |
| 70 | Elvin Schlegel | FL | United States | Robert Schlegel | Parent | United States | Solatium |
| 71 | Robert Davenport | MD | United States | Antionette Sherman | Sibling | United States | Solatium |
| 72 | Christopher Charles Clarke | MD | United States | Antionette Sherman | Sibling | United States | Solatium |
| 73 | Jamal Green | MD | United States | Antionette Sherman | Child | United States | Solatium |
| 74 | Perry Sikorsky as Personal Representative of the Estate of George K. Sikorsky | NY | United States | Gregory Sikorsky | Parent (deceased) | United States | Solatium |
| 75 | Perry Sikorsky as Personal Representative of the Estate of Luzia Sikorsky | NY | United States | Gregory Sikorsky | Parent (deceased) | United States | Solatium |
| 76 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Khamladai Khami Singh | Parent | United States | Solatium |
| 77 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Khamladai Khami Singh | PR | United States | Solatium/Wrongful Death |
| 78 | Toolsiedai Seepersaud a/k/a Ruby Awan as Personal Representative of the Estate of Roshan Ramesh Singh | NY | United States | Khamladai Khami Singh | Sibling (deceased) | United States | Solatium |
| 79 | Toolsiedai Seepersaud a/k/a Ruby·Awan | NY | United States | Roshan Ramesh Singh | Parent | United States | Solatium |
| 80 | Toolsiedai Seepersaud a/k/a Ruby Awan | NY | United States | Roshan Ramesh Singh | PR | United States | Solatium/Wrongful Death |
| 81 | Toolsiedai Seepersaud a/k/a Ruby Awan, as Personal Representative of the Estate of Khamladai Khami Singh | NY | United States | Roshan Ramesh Singh | Sibling (deceased) | United States | Solatium |
| 82 | Leandra Hart | NY | United States | Leon Smith | Child | United States | Solatium |
| 83 | Alex Stone | NY | United States | Lonny Jay Stone | Child | United States | Solatium |

4

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 84 | Stacey Stone | NY | United States | Lonny Jay Stone | Spouse | United States | Solatium |
| 85 | Stacey Stone | NY | United States | Lonny Jay Stone | PR | United States | Solatium/Wrongful Death |
| 86 | Joshua Stone | NY | United States | Lonny Jay Stone | Child | United States | Solatium |
| 87 | Graeme Sword | TBD | United Kingdom | Derek O. Sword | Sibling | United Kingdom | Solatium |
| 88 | Allan Sword | TBD | United Kingdom | Derek O. Sword | Sibling | United Kingdom | Solatium |
| 89 | Irene Sword | Angus | United Kingdom | Derek O. Sword | Parent | United Kingdom | Solatium |
| 90 | David Sword | Angus | United Kingdom | Derek O. Sword | Parent | United Kingdom | Solatium |
| 91 | Luz Vale | PR | United States | Ivan Vale | Spouse | United States | Solatium |
| 92 | Luz Vale | PR | United States | Ivan Vale | PR | United States | Solatium/Wrongful Death |
| 93 | Clarissa Kirschenbaum as Personal Representative of the Estate of Adolph Wald | NY | United States | Victor Wald | Parent (deceased) | United States | Solatium |
| 94 | Clarissa Kirschenbaum as Personal Representative of the Estate of Fanni Wald | NY | United States | Victor Wald | Parent (deceased) | United States | Solatium |
| 95 | Robert Weingard | NY | United States | Scott Weingard | Sibling | United States | Solatium |
| 96 | Marc Weingard as Personal Representative of the Estate of Bonnie Feldman | NY | United States | Scott Weingard | Parent (deceased) | United States | Solatium |
| 97 | Marc Weingard | NY | United States | Scott Weingard | Sibling | United States | Solatium |
| 98 | Marc Weingard | NY | United States | Scott Weingard | PR | United States | Solatium/Wrongful Death |
| 99 | Denise White | FL | United States | John White | Child | United States | Solatium |
| 100 | Lillian Zambrana as Personal Representative of the Estate of Edwin Zambrana, Sr. | NY | United States | Edwin Zambrana | Parent (deceased) | United States | Solatium |

docs-100328886.1

برگه جلد دعوای مدنی

JS 44C/SDNY
بازنگری
۱۰/۰۱/۲۰۲۰

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ ادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر ۱۹۷۴ تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

خواهانها
PAUL ASARO و دیگران

خواندهها
جمهوری اسلامی ایران

وکلا (نام شرکت، آدرس و شماره تلفن)
وکیل دعاوی جری ان. س. گلدمن، شرکت آندرسون کیل
1251 Avenue of the Americas, New York, NY 10020
(212)-278-1000 / jgoldman@andersonkill.com

وکلا (در صورت اطلاع)

علت اقدام (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی میکنید استناد نموده و علت را بطور خلاصه ذکر نمایید)
(به قوانین مصوب مربوط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف آرا)

28 U.S.C. §§ 1605A، 1605B و 18 U.S.C. § 2333

قاضی منصوب شده قبلی
جورج بی. دانیلز

آیا این اقدام، پرونده یا دادرسی یا موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟  خیر ☐ بله ☒

اگر بله، آیا این پرونده داوطلبانه ☒/غیرداوطلبانه ☐/رد شده است.  خیر ☐  بله ☒  اگر بله، تاریخ _____ و شماره پرونده 1:03-md-01570 را ذکر کنید

آیا این یک پرونده داوری بینالمللی است؟ خیر ☒ بله ☐

(فقط یک کادر را با علامت [x] مشخص نمایید)                        ماهیت اقامه دعوی

| قرارداد | شبه جرم | | صمه شخصی | ورشکستگی | سایر قوانین مصوب |
|---|---|---|---|---|---|
| [] 110 بیمه | صمه شخصی | صمه شخصی | [] 367 بهداشت و درمان/صدمات شخصی دارویی/استولت در قبال محصول | [] 422 درخواست تجدید نظر 28 USC 158 | [] 375 ادعاهای واهی |
| [] 120 دریایی | [] 310 هواپیما | [] 365 مسئولیت در قبال محصول | | [] 423 استرداد 28 USC 157 | [] 376 دعوی متقابل |
| [] 130 قانون میلر | [] 315 مسئولیت در قبال محصول هواپیما | [] 367 ضرب و جرح، افترا و توهین | | | [] 400 تفکیک مجدد ایالتی |
| [] 140 اوراق بهادار | [] 320 مسئولیت کارفرمایان فدرال | [] 368 مسئولیت ناشی از محصول دارویی | | حقوق مالکیت | [] 410 مقابله با انحصار |
| [] 150 بازپرداخت اضافه پرداخت و اجرای حکم | [] 340 دریایی | | مسئولیت ناشی از محصول | [] 820 حقوق تسخیربرداری | [] 430 بانکها و بانکاری |
| [] 151 قانون MEDICARE | [] 345 مسئولیت ناشی از محصول دریایی | | لیست | [] 830 قانون دفاع از اسرار تجاری | [] 450 تجارت |
| [] 152 استرداد وامهای دانشجویی (بجز کهنه سربازان) | [] 350 خودروهای موتوری | اموال شخصی | | [] 835 ثبت اختراع - داروی جدید مختصر | [] 460 اخراج [] 470 قانون سازمانهای تحت نفوذ تقلب و فساد (RICO) |
| [] 153 استرداد اضافه پرداخت مزایای کهنه سربازان | [] 355 مسئولیت محصولات خودروهای موتوری | [] 370 سایر موارد تقلب | | [] 840 علامت تجاری | [] 480 اعتبار مشتری |
| [] 160 دعاوی سهامداران | [] 360 سایر صدمات شخصی | [] 371 حقیقت در مورد وامها | نیروی کار | | [] 485 قانون حفاظت از مسرفکنندگان تلفنی |
| [] 190 سایر قراردادها | [] 362 صدمه شخصی - سوءاقدام پزشکی | [] 380 سایر موارد آسیب به اموال شخصی | [] 710 استانداردهای کار منصفانه | حقوق اجتماعی | [] 490 تلویزیون/ کابلماهواره ای |
| [] 195 مسئولیت در قبال محصول قراردادی | | | [] 385 مسئولیت در قبال آسیب محصول به دارایی ها | [] 720 روابط کار/مدیریت | [] 861 HIA (1395ff) | [] 850 تضامین/ کالاها/ مبادله |
| [] 196 فرانشیز | | | | [] 740 قانون کار راه آهن | [] 862 بیماری سیاهشش (923) | [] 890 سایر اقدامات قانونی |
| | اقدام بر اساس قوانین مصوب | | | [] 751 قانون مرخصی استعلاجی خانواده (FMLA) | [] 863 DIWC/DIWW (405(g)) | [] 891 قوانین کشاورزی |
| املاک و مستغلات | حقوق شهروندی | احتراعات زندانی | | [] 790 سایر دادخواهیهای کار | [] 864 XVI SSID عنوان | [] 893 موضوعات زیست محیطی |
| [] 210 تملک زمین | [] 440 سایر حقوق مدنی (غیرزندانی) | [] 463 فرد بازداشتی بیگانه | | [] 791 قانون تضمین درآمد امنیت ام (ERISA) | [] 865 RSI (405(g)) | [] 896 قانون آزادی اطلاعات |
| [] 220 خلط ملک حراج | [] 441 حق رأی | [] 510 اقدام برای ابطال حکم 28 USC 2255 | | | [] 899 قانون رویه های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان |
| [] 230 قرارداد اجاره و تخلیه | [] 442 استخدام | [] 530 مسکن/بازداشتگاه | | مهاجرت | دعاوی مالیاتی فدرال |
| [] 240 شبهجرم مربوط به زمین | [] 443 آمریکاییهای دچار معلولیت - اشتغال | [] 535 قرار اعدام | | [] 462 درخواست تابعیت | [] 870 مالیاتها (خواهان یا خوانده ایالات متحده) |
| [] 245 شبهجرم مسئولیت در قبال محصول | [] 445 آمریکاییهای دچار معلولیت - سایر | [] 540 احضار یا سایر | | [] 465 سایر اقدامات مهاجرتی | [] 871 شخص ثالث IRS 26 USC 7609 |
| [] 290 تمام املاک دیگر | [] 446 آمریکاییهای دچار معلولیت - سایر | حقوق شهروندی زندانی | | | |
| | [] 448 آموزش | [] 550 حقوق شهروندی | | | |
| | | [] 555 شرایط زندان | | | |
| | | [] 560 شرایط بازداشت مدنی حبس | | | |

اگر شما به شکایت تقاضای ____ شده است، علامت بزنید:

اگر این یک اقدام جمعی بر اساس F.R.C.P. 23 است، علامت بزنید ☐

آیا مدعی هستید که این پرونده به مربوط به پرونده مدنی در دست بررسی در S.D.N.Y. است که طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

تقاضای $ ___150 میلیارد___ سایر _____

فقط اگر در شکایت تقاضای ____ شده است "بله" را علامت بزنید

درخواست هیئت منصفه: ☒بله ☐ خیر

قاضی ___جورج بی. دانیلز___          شماره پرونده ___1:03-md-01570___

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

منشا

(فقط یک کادر را با علامت x مشخص نمایید)

| | | | |
|---|---|---|---|
| 7 □درخواست تجدید نظر از قاضی ناحیه از قاضی بخش | 6 □دادخواهی مربوط به چند ناحیه (منتقل شده) | 5 □منتقل شده از (ناحیه را مشخص کنید) | 3 □تأیید شده در دادگاه تجدید نظر |
| | 8 □دادخواهی مربوط به چند ناحیه (ارائه مستقیم) | | |

1 □رسیدگی اصلی    2 □خارج شده از دادگاه ایالتی    3 □تأیید شده در دادگاه تجدید نظر    4 □شروع مجدد یا پاسخ داده شده

□ الف. وکلای همه طرفین حضور داشتند

□ ب.   حداقل یکی از طرفین بدون وکیل حضور دارد.

(فقط یک کادر را با علامت x مشخص نمایید)

مبنای صلاحیت

در صورت تفاوت، در زیر تابعیت را مشخص کنید.

1 □خواهان ایالات متحده    2 □ خوانده ایالات متحده    3 ☒بازپرسی فدرال    4 □تنوع

(ایالات متحده یکی از طرفین نیست)

تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | خواهان | خوانده | | | خواهان | خوانده | | | خواهان | خوانده |
|---|---|---|---|---|---|---|---|---|---|---|
| شهروند این ایالت | [] 1 | [] 1 | | شهروند یا تابعه یک کشور خارجی | [] 3 | [] 3 | | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | [] 5 | [] 5 |
| شهروند ایالتی دیگر | [] 2 | [] 2 | | تأسیس شده یا محل اصلی کسب و کار در این ایالت | [] 4 | [] 4 | | تابعیت خارجی | [] 6 | [] 6 |

آدرس(ها) و کشور(های) خواهان(ها)

به پیوست مراجعه کنید.

آدرس(ها) و کشور(های) خوانده(ها)

جمهوری اسلامی ایران، ایران.

آدرس خوانده(ها) نامعلوم است

بدینوسیله اعلام می‌گردد که در حال حاضر، اینجانب با وجود انجام تلاش معقول نتوانسته‌ام آدرس محل سکونت خواندهای زیر را مشخص نمایم.

**تخصیص به دادگاه**

بدینوسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18،20   یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت بزنید:    این اقدام باید به محل زیر اختصاص یابد:

☒ MANHATTAN    □ WHITE PLAINS

/s/ جری اس. گلدمن (Jerry S. Goldman)

تاریخ   12/10/2020    امضای وکیل پرونده

شماره رسید

پذیرفته شده برای اجرا در این ناحیه

□خیر

☒بله (تاریخ پذیرش ماه می سال 1980)

شماره کد وکیل در کانون وکلا 1302454

قاضی باید باید توسط منشی دادگاه منصوب شود.

قاضی بخش _____ به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____ .

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

## ضمیمه 1

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[11] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[22] |
|---|---|---|---|---|---|---|---|
| 1 | Paul Asaro | NY | ایالات متحده | Carl Asaro | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 2 | Peter Asaro | NY | ایالات متحده | Carl Asaro | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 3 | Dolores Audiffred | NY | ایالات متحده | James Audiffred | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | Mark Anthony Barrett, Sr. | NY | ایالات متحده | Renee Barrett-Arjune | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | Mark Anthony Barrett, Sr. | NY | ایالات متحده | Renee Barrett-Arjune | PR | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 6 | Edward Arjune | NJ | ایالات متحده | Renee Barrett-Arjune | فرزند | ایالات متحده | ترضیه خاطر |
| 7 | John Joseph Curtin | GA | ایالات متحده | Michael Curtin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | Kathleen Wojslaw | NY | ایالات متحده | Michael Curtin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 9 | Jeanne Osterndorf | FL | ایالات متحده | Michael Curtin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 10 | James Devlin | IN | ایالات متحده | Dennis Devlin | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 11 | John Duffy | NY | ایالات متحده | Michael Duffy | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 12 | Barbara Duffy | NY | ایالات متحده | Michael Duffy | والد | ایالات متحده | ترضیه خاطر |
| 13. | Barbara Duffy | NY | ایالات متحده | Michael Duffy | PR | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 14 | Marykay Kemper | NY | ایالات متحده | Michael Duffy | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15 | Jane Gollan | AZ | ایالات متحده | Barbara G. Edwards | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | Douglas Evans | NJ | ایالات متحده | Eric Evans | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 17 | Iris J. Friedman | MA | ایالات متحده | Paul Friedman | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 18 | Meryl Friedman Price | MA | ایالات متحده | Paul Friedman | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 19 | James Friedman | NJ | ایالات متحده | Paul Friedman | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 20 | Thomas Gary | NY | ایالات متحده | Bruce Gary | فرزند | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی شامل مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی[1] 9/11 | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 21 | Josefina Gonzalez | PA | ایالات متحده | Rosa Gonzalez | والد | ایالات متحده | ترضیه خاطر |
| 22 | Eneida Ramos | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 23 | Lydia E. Ramos-Gonzalez | PA | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | Esterlina Rivera | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25 | Reinaldo Ramos-Gonzalez | PA | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 26 | Maria Gonzalez | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 27 | Nelida Gonzalez | PA | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | Jose Gonzalez | NJ | ایالات متحده | Rosa Gonzalez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | Wesley Graf | GA | ایالات متحده | Edwin Graf | فرزند | ایالات متحده | ترضیه خاطر |
| 30 | Mary Hasson | NY | ایالات متحده | Joseph John Hasson, III | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 31 | Mary Hasson | NY | ایالات متحده | Joseph John Hasson, III | همسر | ایالات متحده | ترضیه خاطر |
| 32 | Joseph John Hasson, IV | NY | ایالات متحده | Joseph John Hasson, III | فرزند | ایالات متحده | ترضیه خاطر |
| 33 | Joseph John Hasson, Jr. | NY | ایالات متحده | Joseph John Hasson, III | والد | ایالات متحده | ترضیه خاطر |
| 34 | Paulette Hasson | NY | ایالات متحده | Joseph John Hasson, III | والد | ایالات متحده | ترضیه خاطر |
| 35 | Victoria Zanotto | NY | ایالات متحده | Joseph John Hasson, III | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 36 | Christopher Hasson | NY | ایالات متحده | Joseph John Hasson, III | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | Maria Rich | FL | ایالات متحده | Paul Innella | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 38 | Shirley Innella | NJ | ایالات متحده | Paul Innella | والد | ایالات متحده | ترضیه خاطر |
| 39 | Lisa Iraci به عنوان نماینده شخصی ورثه Francis Kelly | NY | ایالات متحده | Thomas William Kelly | برادر/خواهر (متوفی) | ایالات متحده | ترضیه خاطر |
| 40 | Nancy Kelly | NY | ایالات متحده | Thomas Michael Kelly | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 41 | Nancy Kelly به عنوان نماینده شخصی ورثه Sylvia Kelly | NY | ایالات متحده | Thomas Michael Kelly | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 42 | Yolanda Cerda | NY | TBD | Matthew Leonard | همسر | TBD | ترضیه خاطر |
| 43 | Yolanda Cerda | TBD | TBD | Matthew Leonard | PR | TBD | ترضیه خاطر/قتل غیرعمد |
| 44 | Christina Leonard | NY | TBD | Matthew Leonard | فرزند | TBD | ترضیه خاطر |

4

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 45 | Samantha Allen | MA | ایالات متحده | Samantha Lightbourn-Allen | فرزند | ایالات متحده | ترضیه خاطر |
| 46 | Michael Magee | FL | ایالات متحده | Charles Magee | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 47 | Margaret Randazzo-Maloy | CA | ایالات متحده | Gene Maloy | همسر | ایالات متحده | ترضیه خاطر |
| 48 | Rosalie Marti | NY | ایالات متحده | Michael Marti | والد | ایالات متحده | ترضیه خاطر |
| 49 | Mario Truglio به عنوان نماینده شخصی ورثه Rodger Marti | NY | ایالات متحده | Michael Marti | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 50 | Mario Truglio | NY | ایالات متحده | Michael Marti | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 51 | Nixia Mena-Alexis | NJ | ایالات متحده | Diarelia Mena | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 52 | Diana Mena | NJ | ایالات متحده | Diarelia Mena | والد | ایالات متحده | ترضیه خاطر |
| 53 | Nixia Mena-Alexis، به عنوان نماینده شخصی ورثه Aurelio Mena | NJ | ایالات متحده | Diarelia Mena | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 54 | Sandra O'Connor Carey | NJ | ایالات متحده | Keith O'Connor | همسر | ایالات متحده | ترضیه خاطر |
| 55 | Sandra O'Connor Carey | NJ | ایالات متحده | Keith O'Connor | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 56 | Susan O'Connor | NJ | ایالات متحده | Keith O'Connor | والد | ایالات متحده | ترضیه خاطر |
| 57 | Susan O'Connor، به عنوان نماینده شخصی ورثه Francis O'Connor | NJ | ایالات متحده | Keith O'Connor | والد | ایالات متحده | ترضیه خاطر |
| 58 | Neil Peraza | FL | ایالات متحده | Robert Peraza | برادر/خواهر | ایالات متحده | ترضیه خاطر |

5

docs-100328886.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11[1] | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Robert Peraza | ایالات متحده | FL | Neil Peraza | 59 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Robert Peraza | ایالات متحده | FL | Neil Peraza، به عنوان نماینده شخصی ورثه Robert D. Peraza | 60 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Karen Renda | ایالات متحده | NC | Lee Gargano | 61 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Aida Rosario | ایالات متحده | NJ | Minerva Rosario | 62 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | Aida Rosario | ایالات متحده | NJ | Minerva Rosario، به عنوان نماینده شخصی ورثه Rodolfo Rosario | 63 |
| ترضیه خاطر | ایالات متحده | فرزند | Aida Rosario | ایالات متحده | TBD | Amy Vazquez | 64 |
| ترضیه خاطر | ایالات متحده | فرزند | Aida Rosario | ایالات متحده | NJ | Jasmine DeJesus | 65 |
| ترضیه خاطر | Sri Lanka | برادر/خواهر | Rahma Salie | ایالات متحده | CA | Farah Frenkel | 66 |
| ترضیه خاطر | ایالات متحده | فرزند | Anthony Savas | ایالات متحده | CT | Christina Savas | 67 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Robert Schlegel | ایالات متحده | ME | David Schlegel | 68 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Robert Schlegel | ایالات متحده | PA | Richard Schlegel | 69 |
| ترضیه خاطر | ایالات متحده | والد | Robert Schlegel | ایالات متحده | FL | Elvin Schlegel | 70 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Antionette Sherman | ایالات متحده | MD | Robert Davenport | 71 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Antionette Sherman | ایالات متحده | MD | Christopher Charles Clarke | 72 |
| ترضیه خاطر | ایالات متحده | فرزند | Antionette Sherman | ایالات متحده | MD | Jamal Green | 73 |

6

docs-100328886.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | نسبت خواهان با متوفی[1] 9/11 | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Gregory Sikorsky | ایالات متحده | ایالات متحده | NY | Perry Sikorsky، به عنوان نماینده شخصی ورثه George K. Sikorsky | 74 |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | Gregory Sikorsky | ایالات متحده | ایالات متحده | NY | Perry Sikorsky، به عنوان نماینده شخصی ورثه Luzia Sikorsky | 75 |
| ترضیه خاطر | ایالات متحده | والد | Khamladai Khami Singh | ایالات متحده | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 76 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Khamladai Khami Singh | ایالات متحده | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 77 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | Khamladai Khami Singh | ایالات متحده | ایالات متحده | NY | Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Roshan Ramesh Singh | 78 |
| ترضیه خاطر | ایالات متحده | والد | Roshan Ramesh Singh | ایالات متحده | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 79 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Roshan Ramesh Singh | ایالات متحده | ایالات متحده | NY | Toolsiedai Seepersaud a/k/a Ruby Awan | 80 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر (متوفی) | Roshan Ramesh Singh | ایالات متحده | ایالات متحده | NY | Toolsiedai Seepersaud معروف به Ruby Awan، به عنوان نماینده شخصی ورثه Khamladai Khami Singh | 81 |
| ترضیه خاطر | ایالات متحده | فرزند | Leon Smith | ایالات متحده | ایالات متحده | NY | Leandra Hart | 82 |
| ترضیه خاطر | ایالات متحده | فرزند | Lonny Jay Stone | ایالات متحده | ایالات متحده | NY | Alex Stone | 83 |
| ترضیه خاطر | ایالات متحده | همسر | Lonny Jay Stone | ایالات متحده | ایالات متحده | NY | Stacey Stone | 84 |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | PR | Lonny Jay Stone | ایالات متحده | ایالات متحده | NY | Stacey Stone | 85 |

docs-100328886.1

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ ۹/۱۱/۰۱ | نام کامل متوفی ۹/۱۱ | نسبت خواهان با متوفی ۹/۱۱[1] | ملیت/ تابعیت متوفی ۹/۱۱، در تاریخ ۹/۱۱/۰۱ | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 86 | Joshua Stone | NY | ایالات متحده | Lonny Jay Stone | فرزند | ایالات متحده | ترضیه خاطر |
| 87 | Graeme Sword | TBD | بریتانیا | درک او. اسورد | برادر/خواهر | بریتانیا | ترضیه خاطر |
| 88 | Allan Sword | TBD | بریتانیا | درک او. اسورد | برادر/خواهر | بریتانیا | ترضیه خاطر |
| 89 | Irene Sword | Angus | بریتانیا | درک او. اسورد | والد | بریتانیا | ترضیه خاطر |
| 90 | David Sword | Angus | بریتانیا | درک او. اسورد | والد | بریتانیا | ترضیه خاطر |
| 91 | Luz Vale | PR | ایالات متحده | Ivan Vale | همسر | ایالات متحده | ترضیه خاطر |
| 92 | Luz Vale | PR | ایالات متحده | Ivan Vale | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 93 | Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Adolph Wald | NY | ایالات متحده | Victor Wald | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 94 | Clarissa Kirschenbaum، به عنوان نماینده شخصی ورثه Fanni Wald | NY | ایالات متحده | Victor Wald | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 95 | Robert Weingard | NY | ایالات متحده | Scott Weingard | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 96 | Marc Weingard، به عنوان نماینده شخصی ورثه Bonnie Feldman | NY | ایالات متحده | Scott Weingard | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 97 | Marc Weingard | NY | ایالات متحده | Scott Weingard | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 98 | Marc Weingard | NY | ایالات متحده | Scott Weingard | PR | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 99 | Denise White | FL | ایالات متحده | John White | فرزند | ایالات متحده | ترضیه خاطر |

8

تاریخ بایگانی: 12/10/20   Document2   پرونده 1:20-cv-10460

| نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | | ایالت محل اقامت خواهان در زمان طرح دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی [1] 9/11 | ملیت/ تابعیت متوفی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 100 | Lillian Zambrana، به عنوان نماینده شخصی ورثه Edwin Zambrana, Sr. | NY | ایالات متحده | Edwin Zambrana | والد (متوفی) | ایالات متحده | ترضیه خاطر |

9

docs-100328886.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Terrorist Attacks on September 11, 2001 | As relates to: 03 MDL 1570 (GBD) (SN)

PAUL ASARO et al.                           Civil Docket Number: 1:20-cv-10460

                  PLAINTIFFS,   **AFFIDAVIT OF TRANSLATOR**

     v.                                      ECF CASE

ISLAMIC REPUBLIC OF IRAN,

                  DEFENDANT.

STATE OF NEW YORK     )
                       ) ss:
COUNTY OF NEW YORK   )

Lindsay Young, being sworn, states:

1. I am an employee of TransPerfect, Inc. and not a party to this action. To the best of my knowledge and belief, that the provided English into Farsi translations of the source documents listed below are true and accurate:

   a. Summons with appendix
   b. Complaint with appendix
   c. Civil cover sheet with appendix
   d. Statement of Relatedness with appendix
   e. Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)
   f. Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over 100 offices on six continents, is a leader in providing professional translations. TransPerfect Translations, Inc. has over twenty-five years of experience translating into the above language pair, its

work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by translator(s) who have a bachelor's degree in English and a master's degree in translation. They have been legal language consultants and translators for over 20 years.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not in relation to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

*Lindsay Young*

Lindsay Young, Project Manager
Currently situated in the County of New York

Sworn to before me
this 14th day of December, 2020

Notary Public
Currently situated in the County of New York



2

docs-100330218.1

<div dir="rtl">

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به حملات تروریستی 11 سپتامبر 2001 | مربوط به: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| PAUL ASARO و دیگران | شماره پرونده مدنی: 1:20-cv-10460 |
| خواهان‌ها، | **اظهارنامه مترجم** |
| علیه | پرونده EFC |
| جمهوری اسلامی ایران، | |
| خوانده، | |

ایالت نیویورک    )
                        ss: (
نلحیه نیویورک    )

<u>Lindsay Young</u>، پس از ادای سوگند اعلام می‌دارد:

1. اینجانب کارمند شرکت TransPerfect بوده و جزو طرفین این اقدام نیستم. تا آنجا که می‌دانم و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد مبدأ ذکر شده در زیر صحیح و دقیق هستند:

    a. احضاریه‌ها همراه با ضمیمه
    b. شکایت همراه با ضمیمه
    c. برگه جلد دادخواست مدنی همراه با ضمیمه
    d. اظهارنامه مرتبط بودن به همراه ضمیمه
    e. ابلاغیه اقامه دعوی به همراه نسخه‌ای از 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d)، و قانون مصونیت حاکمیت خارجی (28 U.S.C. 1602, et seq).
    f. اظهارنامه مترجم

2. این درخواست توسط شرکت Anderson Kill P.C، وکلای خواهان‌ها در این اقدام ارائه شد.

3. شرکت TransPerfect Translations یک سازمان ترجمه با بیش از 100 دفتر در شش قاره بوده و در زمینه ارائه ترجمه حرفه‌ای پیشتاز است. شرکت TransPerfect Translations بیش از بیست و پنج سال در زمینه ترجمه جفت زبان مذکور به یکدیگر تجربه دارد و کارش مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌های ایالات متحده و سراسر جهان قرار گرفته است.

</div>

<div dir="rtl">

4. ترجمه‌های اسناد مبدأ مندرج در بالا توسط مترجمی صورت گرفته است که دارای مدرک کارشناسی زبان انگلیسی و کارشناسی ارشد ترجمه است. آنها بیش از 20 سال مشاور زبان حقوقی و مترجم بوده‌اند.

5. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته و همچنین نمایندگانی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و به هیچ‌یک از طرفین نامبرده در این سند (اسناد) مبدأ رابطه‌ای ندارند.

6. مطابق با CPLR 2101، ترجمه دقیق است.

</div>

_Lindsay Young_

<div dir="rtl">

Lindsay Young، مدیر پروژه

در حال حاضر مستقر در کفئی نیویورک

</div>

<div dir="rtl">

نزد من از راه دور سوگند یاد کرد

امروز 14 ماه دسامبر، 2020

</div>

<div dir="rtl">

دفتر اسناد رسمی

در حال حاضر مستقر در کفئی نیویورک

</div>

