# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |

*This document relates to:*

*The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617.

**AL RAJHI BANK'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF CONSOLIDATED JURISDICTIONAL
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO AL RAJHI BANK</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Al Rajhi

Bank (the "Bank") hereby submits the following Responses and Objections to Plaintiffs' First Set

of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank,

dated May 11, 2021 (the "Requests").

## PRELIMINARY STATEMENT

Plaintiffs' Requests grossly exceed the scope of jurisdictional discovery authorized against

Al Rajhi Bank by the Second Circuit's October 15, 2019 Summary Order.  *See Underwriting*

*Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66 (2d Cir. 2019) (the "Summary

Order").  In that Summary Order, the Second Circuit ascertained that Plaintiffs "principally allege

that Al Rajhi Bank provided financial services and donations to charities that it knew financially

supported al Qaeda and provided financial services to known extremist operatives.  They further

allege Al Rajhi Bank's provision of financial services was done with the specific intent to further

al Qaeda's terrorism against the United States."  *Id.* at 68.

The Second Circuit acknowledged that the first category of Plaintiffs' allegations — that

the Bank "provided financial services and donations to charities that it knew financially supported

al Qaeda" — are insufficient to subject the Bank to personal jurisdiction in the United States.  *See*

*id.*  The Second Circuit explained that it has already held that "[p]roviding indirect funding to an

organization that was openly hostile to the United States does not constitute . . . intentional

conduct" that is "expressly aimed . . . at residents of the United States."  *Id.* (quoting *In re Terrorist*

*Attacks on Sept. 11, 2001*, 538 F.3d 71, 95 (2d Cir. 2008) ("*Terrorist Attacks III*") (internal

quotation marks omitted; alterations original), *abrogated on other grounds by Samantar v. Yousuf*,

560 U.S. 305 (2010); citing *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 675 (2d Cir.

2013) ("*Terrorist Attacks VII*")).  *Compare* Summary Order, 779 F. App'x at 68 (identifying as

one category of Plaintiffs' allegations that the Bank "provided financial services and donations to

charities that it knew financially supported al Qaeda"), *with Terrorist Attacks VII*, 714 F.3d at 676

(affirming as insufficient for personal jurisdiction allegations that "banking and financial

–2–

institutions — as well as the individuals who managed them" (including Sulaiman Bin Abdul Aziz Al Rajhi; Saleh Abdul Aziz Al Rajhi; Abdullah Sulaiman Al Rajhi; and NCB) "knowingly maintained bank accounts for individuals associated with al Qaeda as well as for purported front charities that aided al Qaeda"), *and with id.* (affirming as insufficient for personal jurisdiction allegations that a defendant "donated money to various purported al Qaeda fronts," because "[Plaintiffs' specific personal jurisdiction burden] is not satisfied by the allegation that [defendants] intended to fund al Qaeda through their donations to Muslim charities" (quoting *Terrorist Attacks III*, 538 F.3d at 95 (first alteration in original))).

In *Terrorist Attacks VII*, the Second Circuit authorized jurisdictional discovery only against defendants that "allegedly sent financial and other material support *directly* to al Qaeda when al Qaeda allegedly was known to be targeting the United States." 714 F.3d at 678. The only alleged direct support by the Bank that "is 'more direct and one step closer to al Qaeda' when compared to the support [the Second Circuit] ha[s] previously found inadequate" are the allegations that the Bank "provided financial services to known extremist operatives." Summary Order, 779 F. App'x at 68-69. In its Summary Order, the Second Circuit remanded for jurisdictional discovery in accordance with and expressly relying on *Terrorist Attacks VII*, "to determine: '(1) when the *alleged* support was given *to al Qaeda*, (2) what support was given, (3) whether the support was earmarked for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda.'" *Id.* at 69 (quoting *Terrorist Attacks VII*, 714 F. 3d at 678-79) (emphases added).

In other words, the only jurisdictional discovery authorized by the Second Circuit concerns the allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." The vast majority of Requests

are beyond the scope of the jurisdictional inquiry authorized by the Second Circuit because they (1) are untethered to the allegations in the Plaintiffs' First Amended Complaint against the Bank, *and/or* (2) do not probe Plaintiffs' allegations of the Bank's purported provision of financial services to alleged known al Qaeda operatives identified in the First Amended Complaint.

Therefore, the vast majority of Plaintiffs' *fifty-eight* Requests (not including subparts) go far beyond the "limited personal jurisdiction discovery" directed by the Court. *See* Opinion and Order at 2 (Mar. 26, 2021), ECF No. 6681. Indeed, far from seeking "limited personal jurisdiction discovery," *id.*, Plaintiffs' Requests constitute an improper and unsanctioned fishing expedition.

Al Rajhi Bank has filed a motion to dismiss all of Plaintiffs' claims in this case pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (*see* ECF No. 3703), a motion (following the Second Circuit's remand) for the Court to dismiss all of Plaintiffs' claims against the Bank pursuant to Rule 12(b)(6) (*see* ECF No. 5385), and objections to the Magistrate Judge's denial of the Bank's motion to dismiss all of Plaintiffs' claims pursuant to Rule 12(b)(6) (*see* ECF No. 6724) ("Objections"). The Objections are pending, and the Court's rulings on them could obviate the need for any jurisdictional discovery or substantially alter what is relevant to the jurisdictional-discovery inquiry and proportional to the needs of the case. No statements herein should be construed as a commitment or statement of when any production of documents will occur. The following responses are based on Plaintiffs' current allegations in the *Lloyd's* First Amended Complaint (No. 16-cv-7853, ECF No. 56), and Al Rajhi Bank reserves all rights to modify these responses and objections should the Court dismiss some or all of the claims against the Bank.

The following responses are based upon the facts, documents, and information presently known to Al Rajhi Bank based on a reasonable investigation. Discovery, investigation, research,

and analysis are ongoing and may disclose the existence of additional responsive non-privileged documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses and objections.  Without obligating itself to do so, except to the extent required under the Federal Rules of Civil Procedure, Al Rajhi Bank reserves the right to supplement, amend, correct, clarify, or change these responses and objections under Rule 26(e) — including to assert additional general and specific objections arising from matters discovered during the course of the litigation — as additional responsive non-privileged facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional responsive non-privileged facts, documents, interpretations, contentions, and/or legal theories which may apply.  Al Rajhi Bank specifically reserves the right to utilize any and all subsequently discovered documents, information, or evidence at any later stage of these proceedings.

The objections set forth below are intended to apply to all information and documents produced or provided pursuant to the Requests.  Furthermore, all evidentiary objections and grounds are expressly reserved.  These responses do not in any way waive any objections by Al Rajhi Bank, in this or in any subsequent proceeding, on any grounds, including (without limitation) objections as to the competency, relevancy, materiality, privilege, or admissibility of the responses, or the subject matter thereof.  Al Rajhi Bank further reserves the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of (a) any document produced in response to the Requests; (b) any of the information contained in any such documents; or (c) any other information provided in response to any Request.

The fact that Al Rajhi Bank has objected and/or responded to an individual Request shall not be interpreted as implying that responsive documents or information exist, or that Al Rajhi

Bank acknowledges the propriety of the Request. A response that the Bank will produce relevant, responsive, reasonably accessible, non-privileged documents does not mean that the Bank has any responsive documents, but rather means that the Bank will produce relevant, responsive, reasonably accessible, non-privileged documents maintained in the ordinary course of business if, after a reasonably diligent and proportional search of files in the sources agreed to by the parties or ordered by the Court, it locates such responsive documents, subject to any objections. The Bank reserves its right to apply a reasonable search filter to available collections of ESI and other documents as maintained in the ordinary course of business in order to yield a meaningful amount of information potentially responsive to a Request. The Bank is not offering or promising to search for and produce every document or piece of information that may exist in its possession, custody, or control, and/or search for all documents where they are not included within the results of a reasonable and proportionate search as described above.

Al Rajhi Bank's responses and objections to the Requests are not intended to, and shall not be construed as, an agreement or concurrence by the Bank with Plaintiffs' characterization of any facts, circumstances, and/or legal obligations, or with Plaintiffs' Definitions as set forth in the Requests. The Bank reserves the right to contest any such characterization or Definition. The Bank's responses shall not be construed in any way as a waiver of any of the Bank's objections, including, but not limited to, objections regarding discoverability or admissibility of information, documents, or any other evidence.

Al Rajhi Bank expressly reserves and does not waive all defenses and objections that may be available to it in the above-captioned litigation, including without limitation objections to this Court's personal jurisdiction over the Bank and the First Amended Complaint's failure to state any claim against the Bank.

Al Rajhi Bank reserves the right to produce documents subject to the provisions of a Protective Order, as negotiated by the Parties or ordered by the Court.

Al Rajhi Bank is willing to discuss its Responses and Objections to Plaintiffs' Requests in a good faith attempt to resolve or narrow any differences between the parties.

## GENERAL OBJECTIONS

1.      Al Rajhi Bank objects to Plaintiffs' Requests identified below, including to the Instructions and Definitions therein, because they seek to impose obligations that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 34, any applicable Local Rule for the Southern District of New York, or any applicable individual rule of Judge Daniels or Magistrate Judge Netburn.  Al Rajhi Bank will respond to Plaintiffs' Requests in the manner required by the Federal Rules of Civil Procedure.

2.      Al Rajhi Bank objects to Plaintiffs' Requests identified below, including to the Instructions and Definitions therein, because, as described above in the Preliminary Statement and set forth in more detail below, they seek to impose obligations that are inconsistent with or exceed those set forth in applicable Court Orders or decisions in this litigation.  Al Rajhi Bank in particular objects to Plaintiffs' Requests because they seek to impose obligations that are inconsistent with or exceed those set forth in the Second Circuit's October 15, 2019 Summary Order authorizing jurisdictional discovery against Al Rajhi Bank (the "Summary Order").

3.      Al Rajhi Bank objects to each of the Requests because they do not identify the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Al Rajhi Bank objects to each Request identified below that employs imprecise or vague language to indicate the information sought.  Al Rajhi Bank will provide only that information that can reasonably be identified in each individual request.

4.      Al Rajhi Bank objects to each Request, except as specified further below, because they are overly broad, unduly burdensome, seek disclosure of material or information beyond the scope of permissible discovery, seeks documents or information not relevant to the subject matter of this lawsuit, and do not seek evidence that is relevant to the claim or defense of any party, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

5.      Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Al Rajhi Bank objects to various Requests identified below where the discovery sought is unreasonably cumulative or duplicative, or is obtainable by some other source that is more convenient, less burdensome, or less expensive.

6.      Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, Al Rajhi Bank objects to each of the Requests, except as specified further below, because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the jurisdictional discovery inquiry.

7.      Al Rajhi Bank objects to each Request that uses phrases such as "all documents concerning" and the like because the requests do not identify the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure, and because the requests are overly broad and unduly burdensome as they encompass, *inter alia*, chance references to potentially responsive subject matter in documents that would not reasonably be expected to contain such references and would require an unreasonably detailed and extensive search of all Al Rajhi Bank's documents.

8.     Al Rajhi Bank objects to each Request identified below that employs imprecise or vague language to indicate the information sought.  Al Rajhi Bank will provide only that information that can reasonably be identified in each individual request.

9.     Al Rajhi Bank objects to each Request identified below that seeks the discovery of documents protected from disclosure by the attorney-client privilege, work-product doctrine, the joint-defense privilege, common interest privilege, or any other applicable privilege and/or immunity recognized by the Federal Rules of Civil Procedure, federal statute, or any other applicable federal or state rule or law ("Privilege").  Inadvertent production of any such documents and things shall not be deemed a waiver of any privilege or immunity pursuant to Federal Rule of Evidence 502(d).  Al Rajhi Bank reserves the right to object to the inspection, copying, and admissibility of any such privileged documents and to have any such inadvertently produced documents returned to Al Rajhi Bank.  Nothing contained in any of these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

10.     Al Rajhi Bank objects to each Request identified below that seeks the production of documents that would violate an individual's legitimate expectation of privacy, where such privacy rights are protected by law, contract, or public policy.

11.     Al Rajhi Bank objects to each Request identified below for which compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction (including, without limitation, the laws of the Kingdom of Saudi Arabia), or any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities (including, without limitation, the Saudi Central Bank (SAMA) and Capital Market Authority of Saudi Arabia).

12.     Al Rajhi Bank objects to each Request identified below that seeks the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.

13.     Al Rajhi Bank objects to each Request identified below that seeks disclosure of material or information not within the possession, custody, or control of Al Rajhi Bank.  Al Rajhi Bank responds to these discovery requests based upon information and documents, if any, in its possession, custody, and control.

14.     Al Rajhi Bank objects to each Request identified below that contains any factual or legal misrepresentations.

15.     Al Rajhi Bank objects to each Request identified below that purports to require Al Rajhi Bank to reach a legal conclusion about any document, thing, or event.

16.     Al Rajhi Bank objects to each Request identified below that purports to require Al Rajhi Bank to search for and produce electronically stored documents, information, and e-mail from sources that are not reasonably accessible because of undue burden or cost, as set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.  Al Rajhi Bank, like most litigants, has information contained in sources that are not reasonably accessible.  At any given time, such sources may include deleted, fragmentary, corrupted or residual data, data with orphaned or missing links, retired computers, broken hard drives, legacy systems, disconnected data, obsolete or retired hardware or software, disaster recovery tapes, electronic files with unknown file extensions, unknown password protections, or viruses.  Al Rajhi Bank has taken reasonable measures to preserve documents (including electronically stored information) from their active information systems that are potentially responsive to the claims made, the defenses asserted, and the discovery propounded, making unnecessary the search, review, and production of the not

reasonably available media described above.  The burden and expense of accessing, reviewing, and producing certain information may outweigh its possible relevance and the likelihood it will lead to the discovery of admissible evidence.

17.    Al Rajhi Bank objects to each Request identified below that seeks documents that Al Rajhi Bank is prohibited from disclosing by virtue of an agreement with or obligations to a third party, or other Court order.

18.    Al Rajhi Bank objects to each Request identified below that concerns facts outside of Al Rajhi Bank's knowledge.

19.    Al Rajhi Bank objects to each Request identified below that seeks production of documents and things that are publicly available and therefore of no greater burden for Plaintiffs to obtain than for Al Rajhi Bank to obtain and produce.  Al Rajhi Bank will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to Plaintiffs as they are to Al Rajhi Bank.

20.    Al Rajhi Bank's responses do not constitute admissions regarding the existence of any documents or information, the relevance or admissibility of any documents or information, or the truth or accuracy of any statement or characterization contained in Plaintiffs' Requests.  All objections as to relevance, authenticity, or admissibility of any document are expressly preserved.

21.    Al Rajhi Bank's representation that it will produce responsive documents means that it will make a reasonable, good faith effort to locate responsive documents and will produce non-privileged, responsive documents found.  Al Rajhi Bank further states that its investigation of this matter is ongoing, and that the responses to the Requests are based on information currently available and known following a reasonable investigation within the time and resources available to Al Rajhi Bank at the time.  Al Rajhi Bank reserves the right to revise, correct, supplement, or

clarify its objections and responses in the event that it subsequently identifies information, as appropriate, pursuant to the Federal Rules of Civil Procedure.

## OBJECTIONS TO INSTRUCTIONS

Al Rajhi Bank objects to all of the Instructions because they purport to require Al Rajhi Bank to conduct discovery in a manner other than that required by the Federal Rules of Civil Procedure or the Local Civil Rules and because they purport to require Al Rajhi Bank to provide additional information, documents, or things or take actions other than those required by the Federal Rules of Civil Procedure, the Local Civil Rules, the individual rules of Judge Daniels or Magistrate Judge Netburn, applicable Court Orders or decisions in this litigation, or any stipulation or agreement of the parties in this litigation.

## INSTRUCTION 1

**In responding to these requests, You shall produce all responsive documents and other things, in Your possession, custody, or control, regardless of whether such documents or things are possessed directly by You or by Your employees, agents, attorneys, accountants, auditors, investigators, or other representatives. A document shall be deemed to be within Your control if You have the practical ability to obtain the document or a copy of the document from another person having possession or custody of the document.**

## OBJECTION TO INSTRUCTION 1

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction as vague, ambiguous, and imprecise as to the terms "agents" and "other representatives" and the term "control."  Al Rajhi Bank further objects to this Instruction to the extent it would require Al Rajhi Bank to produce documents not in its possession, custody, or control, but rather in the possession, custody, or control of an individual or entity over which Al Rajhi Bank has no control.  Al Rajhi

Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

## INSTRUCTION 2

**Documents are to be produced in full; redacted documents will not constitute compliance with this request. If any requested document or thing cannot be produced in full, defendant is requested to produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document or portion of that document is being withheld.**

## OBJECTION TO INSTRUCTION 2

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Al Rajhi Bank further objects to this Instruction to the extent it requires Al Rajhi Bank to produce privileged or non-responsive documents or information. Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

## INSTRUCTION 3

**In producing documents, Defendant is to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.**

## OBJECTION TO INSTRUCTION 3:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

## INSTRUCTION 4:

**Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in this**

**request.  All documents shall be produced in the original file folder, binder, covers, envelope, or other container in which the documents are kept or maintained by defendant.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.**

## OBJECTION TO INSTRUCTION 4:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

## INSTRUCTION 5:

**Documents shall be produced in such fashion as to identify any organization, department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.**

## OBJECTION TO INSTRUCTION 5:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

## INSTRUCTION 6:

**Documents attached to each other should not be separated.**

## OBJECTION TO INSTRUCTION 6:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

**INSTRUCTION 7:**

**If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in defendant's possession, custody or control, they shall be identified as completely as possible, including without limitation the following information:  date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.**

**OBJECTION TO INSTRUCTION 7:**

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

**INSTRUCTION 8:**

**Documents shall be produced in such fashion as to identify which request(s) they are responsive to.**

**OBJECTION TO INSTRUCTION 8:**

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

**INSTRUCTION 9:**

**Each of these requests shall be continuing.  If at any time after Defendant responds to this request any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.**

**OBJECTION TO INSTRUCTION 9:**

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil

–15–

Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the

extent it causes any Request to be overly broad and unduly burdensome.

**INSTRUCTION 10:**

> **If Defendant asserts a privilege or other authorized protection with respect to any document requested herein, defendant must produce all non-privileged/protected portions of the document with those portions as to which a privilege/protection is claimed redacted, and Defendant must provide a privilege log that conforms with the requirements set out in the November 19, 2012 Order Governing Identification of Privileged Documents (ECF No. 2644), including providing the following information concerning each individual document withheld or redacted:**
>
> > **A.   The type of document or information (e.g., letter, notebook, telephone conversation, etc.);**
> >
> > **B.   The general subject matter of the document;**
> >
> > **C.   The date of the document;**
> >
> > **D.   The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;**
> >
> > **E.   If the document is an electronic document, its file size; and**
> >
> > **F.   Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is based upon or governed by a law, statute, regulation, or rule, the specific law, statute, regulation, or rule being invoked.**

**OBJECTION TO INSTRUCTION 10:**

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi

Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil

Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the

extent it causes any Request to be overly broad and unduly burdensome.

**INSTRUCTION 11:**

> **For the purpose of these discovery requests, except to the extent specifically indicated in the "Definitions" section of this Set of Requests, the words used herein are considered to have, and should be understood to have, their ordinary, everyday meaning and Plaintiffs refer Defendant to any collegiate dictionary such as _Webster's_**

***New World Dictionary*, Second College Edition by Prentice Hall Press.  In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.**

## OBJECTION TO INSTRUCTION 11:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## INSTRUCTION 12:

**If You object to any request for production, the objection must state whether any responsive materials are being withheld on the basis of that objection; and the objection must state whether the objection is to all or part of the request; and if to only part of the request, it must state to which part of the request the objection is made and produce all documents responsive to the rest.**

## OBJECTION TO INSTRUCTION 12:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## INSTRUCTION 13:

**If You object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, You should state the specific reasons for that objection, state what You contend to be the proper scope of the request for production, and respond in accordance with what You contend is the proper scope, and produce documents within the scope You contend to be proper.**

## OBJECTION TO INSTRUCTION 13:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**INSTRUCTION 14:**

**Any request referring to any entity, organization, office, association, or government includes any official, employee, representative, or agent of that entity, organization, office, association, or government.**

**OBJECTION TO INSTRUCTION 14:**

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

**INSTRUCTION 15:**

**Unless the nature of subject matter of the request indicates otherwise, or a different time period is specified, the relevant scope of discovery will be for the time period from January 1, 1998 through December 31, 2004.**

**OBJECTION TO INSTRUCTION 15:**

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court. Al Rajhi Bank objects to the time period specified in this Instruction as unduly burdensome and generally not calculated to discover relevant information. Unless otherwise indicated, Al Rajhi Bank will provide information only for the period of October 8, 1999 (the date on which the United States designated Al Qaeda as a Foreign Terrorist Organization) through September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).

**INSTRUCTION 16:**

**Unless otherwise specified, ARB's responses to Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank, including any production of documents by the Defendant, shall be directed to the law offices of Cozen O'Connor, One Liberty Place, 1650 Market Street, Suite 2800, Philadelphia, PA 19103.**

–18–

## OBJECTION TO INSTRUCTION 16:

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Instruction to the extent it causes any Request to be overly broad and unduly burdensome.

## OBJECTIONS TO DEFINITIONS

All terms used herein that are defined in Local Civil Rule 26.3 have the meaning as defined therein, unless specified otherwise in these directions.  To the extent that any term is defined herein in a manner that is inconsistent with Local Civil Rule 26.3, the rule governs.

## DEFINITION 1

**The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of the terms "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B).  Specifically, the term "document" as used herein shall include "electronically stored information" and "any designated tangible things." A draft or non-identical copy is a separate document within the meaning of this term.**

## OBJECTION TO DEFINITION 1

Al Rajhi Bank objects to this Definition because it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank further objects to this Definition because it purports to require the production of original documents.

## DEFINITION 2

**The term "electronically stored information," or "ESI," includes the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts and/or**

–19–

transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, .PDF and .TIFF files, batch files, native files and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment.  ESI includes, but is not limited to, any and all items stored on any electronic media, computers, networks or "cloud" computing services and all backup files containing electronically stored data.  ESI also includes the file, folder tabs, metadata, personal electronic backup media, including thumb drives, and/or containers and labels appended to or associated with any physical storage device associated with each such original and/or copy.  ESI includes all text messages, instant messages, internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, and all other methods by which messages may be transmitted by or through electronic means.

## OBJECTION TO DEFINITION 2

Al Rajhi Bank objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank also objects to this Definition because it purports to require the production of original documents.

## DEFINITION 3

The term "communication" shall mean any transmission, conveyance, or exchange of information, words, or ideas, whether written, oral, electronic, or other means, including but not limited to any meeting, discussion, contract, conference, telephone conversation, text message, electronic or instant message, email, internet posting, letter, memorandum, document, message, facsimile, or other form of written or oral transmission or exchange.

## OBJECTION TO DEFINITION 3

Al Rajhi Bank objects to this Definition because it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Al Rajhi Bank also objects to this Definition as vague, overly

broad, and unduly burdensome as to the phrases "any transmission, conveyance, or exchange of information," "other means," and "other form of written or oral transmission or exchange."

## DEFINITION 4

**The term "person" shall mean any natural person or any business, legal, or government entity or association.**

## OBJECTION TO DEFINITION 4

Al Rajhi Bank objects to this Definition to the extent it purports to impose upon it obligations greater than or at variance with those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## DEFINITION 5

**The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting.**

## OBJECTION TO DEFINITION 5

Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.

## DEFINITION 6

**The terms "all," "any," and "each" shall be construed as encompassing any and all.**

## OBJECTION TO DEFINITION 6

Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.

## DEFINITION 7

**The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.**

## OBJECTION TO DEFINITION 7

Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.

## DEFINITION 8

**The use of the singular form of any word includes the plural and vice versa.**

## OBJECTION TO DEFINITION 8

Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.

## DEFINITION 9

**The term "Plaintiffs" shall refer to Plaintiffs in cases in the above-referenced MDL proceedings, *In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570, who have asserted claims against defendant Al Rajhi Bank.**

## OBJECTION TO DEFINITION 9

Al Rajhi Bank objects to this Definition because it purports to include any Plaintiffs in the above-referenced MDL proceedings, *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570, who are not a party to the First Amended Complaint.

## DEFINITION 10

**The terms "Defendant," "You," "Your," and/or "ARB" shall refer to Al Rajhi Bank and any branch office, ARB Principal, employee, consultant, agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf.**

## OBJECTION TO DEFINITION 10

Al Rajhi Bank objects to this Definition as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf."  Al Rajhi Bank further objects to this Definition because it purports to include within the definition of "Defendant," "You," "Your," and/or "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Definition because

–22–

it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the Definition outside their official capacity.  Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.

## DEFINITION 11

**The term "ARB Principal" shall refer to any ARB board member, ARB executive council member, ARB Shariah Board member, and/or any other ARB management level executive, trustee, director, or officer employed by and/or acting on Al Rajhi Bank's behalf, including without limitation, Suleiman al Rajhi, Saleh al Rajhi, Abdullah al Rajhi, Abdul Rahman al Rajhi, Abdul Aziz al Khereiji, Abdullah al Misfer, and Saleh al Hussayen.**

## OBJECTION TO DEFINITION 11

Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.  Al Rajhi Bank further objects to the inclusion in this Definition of individuals not referenced in the First Amended Complaint, including "Abdullah al Rajhi," "Abdul Rahman al Rajhi," "Abdul Aziz al Khereiji," "Abdullah al Misfer," and "Saleh al Hussayen," as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit. Al Rajhi Bank further objects to the inclusion in this Definition of individuals not alleged by the First Amended Complaint to be linked to Al Rajhi Bank as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.  Al Rajhi Bank further objects to this Definition because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the Definition outside their official capacity.

**DEFINITION 12**

> **The terms "Kingdom of Saudi Arabia," or "KSA," or "Saudi government" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia, including without limitation, the Saudi Arabian Monetary Authority ("SAMA") (a/k/a Saudi Central Bank).**

**OBJECTION TO DEFINITION 12**

Al Rajhi Bank objects to this Definition as vague and overly broad and because the Definition assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Definition because application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge.

**DEFINITION 13**

> **The term "Da'wah Organizations" shall refer to the International Islamic Relief Organization ("IIRO"), Al Haramain Islamic Foundation, and Muwafaq Foundation (a/k/a Blessed Relief Foundation), and any branch office, board member, executive, trustee, director, trustee, employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations' behalf.**

**OBJECTION TO DEFINITION 13**

Al Rajhi Bank objects to this Definition as vague and overly broad and because the Definition assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Definition as vague and overly broad as to the phrase "agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations' behalf." Al Rajhi Bank objects to this Definition because its application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to the inclusion in this Definition of individuals or organizations including but not limited to "Muwafaq Foundation (a/k/a Blessed Relief Foundation)" not alleged by the First Amended Complaint to be

linked to Al Rajhi Bank as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.

## DEFINITION 14

The term "9/11 Hijackers" shall mean any of the 19 men who hijacked aircraft on September 11, 2001, and crashed the aircraft into the World Trade Center buildings in New York, the Pentagon in Virginia, and a field in Shanksville, Pennsylvania, including:

| | |
|---|---|
| Abdulaziz Mohamed al Omari; | Mohamed Atta; |
| Ahmed Abdullah al Nami; | Mohand al Shehri; |
| Ahmed Ibrahim al Haznawi; | Nawaf Mohamed al Hazmi; |
| Ahmed Saleh al Ghamdi; | Salem Mohamed al Hazmi; |
| Hamzeh Saleh al Ghamdi; | Satam al Suqami; |
| Hani Saleh Hanjour; | Saeed Abdullah al Ghamdi; |
| Fayez Banihammad; | Wail Mohamed al Shehri; |
| Khalid Mohamed al Mihdhar; | Walid Mohamed al Shehri; and |
| Majed al Moqed; | Ziad Jarrah. |
| Marwan al-Shehhi; | |

## OBJECTION TO DEFINITION 14

Al Rajhi Bank objects to this Definition as vague and overly broad and because the Definition assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Definition because its application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to the inclusion in this Definition of individuals not alleged by the First Amended Complaint to be linked to Al Rajhi Bank as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.

**DEFINITION 15**

> **The term "Golden Chain-Related Individuals" shall mean the following individuals: Suleiman al Rashid, Abdel Qader Bakri, Bakr Bin Laden, Ghaleb Bin Laden Group, Youssef Jameel, Ibrahim Muhammad Afandi, Saleh Abdullah Kamel, Suleiman Abdulaziz al Rajhi, Mohammed Bin Abdullah al Jomaih, Abdulrahman Hassan al Sharbatly, Ahmed Mohamed al Naghi, Khalid Bin Mahfouz, Abdel Qader Faqeeh, Salah al Din Abdel Jawad (a/k/a Salahuddin Abduljawad), Ahmad Turki Yamani (a/k/a Ahmad Zaki Yamani), Abdel Hadi Taher, Mohammed Omar, Ahmad al Harbi, Mohammed al Issai, Hamad al Hussaini, Salem Taher, Adel Abdul Jalil Batterjee, Osama Bin Laden, and Wa'el Hamza Jelaiden.**

**OBJECTION TO DEFINITION 15**

Al Rajhi Bank objects to this Definition as vague and overly broad and because the Definition assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Definition because its application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to the inclusion in this Definition of individuals or organizations not alleged by the First Amended Complaint to be linked to Al Rajhi Bank as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.

**DEFINITION 16**

> **The term "SAAR Network-Related Entities" shall mean any of the following entities and any past or present subsidiaries, affiliates, and/or branches of such organizations, their directors, officers, employees, agents and representatives: African Muslim Agency, Al-Aqsa Educational Fund, AMC Foundation, Amana Limited, Amana Mutual Funds, American Institute for Islamic Societal Studies, American Muslim Foundation, American Muslim Council, Global Enterprises, LLC, Global Holdings, LLC, Grove Corporate Plaza, Grove Street Corporation, Heritage Education Trust, Inc. (a/k/a Marwa Education Trust), Heritage Holdings, Herndon Grand, Inc., Humana Charitable Trust, International Education Trust, Inc., International Institute of Islamic Thought, Inc., International Islamic Charitable Organization ("IICO"), International Islamic Relief Organization, International Graphics Printing**

**Service, Islamic Relief Organization, Makkah Mukarramah Charity Trust, Inc., Mar-Jac Investments, Mar-Jac Farms, Inc., Mar-Jac Holdings, Inc., Mar-Jac Poultry, Inc., Mena Corporation, Mena Estates, Inc. d/b/a Mena for Development, Mena Investments, Inc., Mirza Family Limited Partnership, Muslim World League, Piedmont Poultry, Reston Investments, Inc., SAAR Foundation Canada, Inc., SAAR Foundation, Inc., SAAR International, Inc., Safa Trust, Safty, LLC, Sanabel Al Kheer, Inc., Sana-Bell, Inc., Sterling Advisors, Inc., Sterling Charitable Gift Fund, Sterling Infogain Fund, LLC, Sterling Investment Group, LLC, Sterling Lynux Works, LLC, Sterling Management Group, Inc., Sterling Packet Stream Fund, LLC, Sterling Ptech Fund, LLC, Sterling Poultry Company, Sterling Stock Investments, LLC, Sterling Technology Fund, LLC (formerly Sterling Malaysian Fund, LLC), The Success Foundation, Inc., Taibah International Aid Association, York Foundation, York International, and 500 Grove Street, LLC.**

## OBJECTION TO DEFINITION 16

Al Rajhi Bank objects to this Definition as vague, ambiguous, imprecise and overly broad as to the terms "affiliates," "agents," and "representatives," and because the Definition assumes information not reasonably within Al Rajhi Bank's knowledge.  Al Rajhi Bank objects to this Definition because its application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge.  Al Rajhi Bank further objects to the inclusion in this Definition of organizations or entities not alleged by the First Amended Complaint to be linked to Al Rajhi Bank as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.

## DEFINITION 17

**The term "SAAR Network-Related Individuals" shall mean any of the following individuals: Abdulrahman Alamoudi, Taha Jaber Al Alwani, Abdullah M. Al Mahdi, Abdullah Bin Saleh Al Obaid, Abdullah Suleiman Al Rajhi, Suleiman Abdul Aziz Al Rajhi, Hisham Altalib, M. Omar Ashraf, Muhammad Ashraf, Hassan A.A. Bahafzallah, Jamal Barzinji, Ibrahim Hassabellah, Mohammad Jaghlit, M. Yaqub Mirza, Khaled Nouri, Mohamed S. Omeish, Samir I. Salah, Cherif Sedky, Ahmad Totonji, Iqbal J. Unus, and Tarik Hamdi.**

## OBJECTION TO DEFINITION 17

Al Rajhi Bank objects to this Definition as vague and overly broad and because the Definition assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank objects to this Definition because its application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to the inclusion in this Definition of individuals not alleged by the First Amended Complaint to be linked to Al Rajhi Bank as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.

## DEFINITION 18

**The term "contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any good, tangible or intangible, including the giving of "zakat."**

## OBJECTION TO DEFINITION 18

Al Rajhi Bank objects to this Definition as vague, ambiguous, and imprecise as to the terms "any good, tangible or intangible." Al Rajhi Bank further objects to this Definition to the extent that it causes any Request to be ambiguous, vague, overly broad, or unduly burdensome.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Al Rajhi Bank incorporates each of the foregoing objections into each of the specific responses below. The specific responses and objections below are those particularly applicable to the corresponding Request and are not to be construed as a waiver or limitation of any general response or objection applicable to such Request.

**REQUEST NO. 1**

> **Please provide all documents relating to all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of the Da'wah Organizations, any ARB account for any entity in which the Da'wah Organizations held any beneficial interest, and/or any ARB account over which the Da'wah Organizations and their representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among ARB and the Da'wah Organizations. Responsive documents shall also include, without limitation, documents detailing the opening of and/or closing of the account(s), account signatories, Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts. As to Muwafaq Foundation, the relevant time period for this Request is from January 1, 1992 through December 31, 2002.**

**RESPONSE TO REQUEST NO. 1**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "actual or potential interest." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular entity held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that entity.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents relating to all [Al Rajhi Bank] accounts" subject

to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and

every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 2, 3 and 4.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as a Foreign Terrorist Organization ("FTO")) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 2

**For each of the ARB accounts identified in response to Request No. 1, please provide any and all lists or summaries, including any lists or summaries that can be generated electronically, of transfers of funds into or out of the accounts. Responsive documents shall include lists or summaries concerning the amounts and sources of funds deposited into the accounts, and/or the amounts and destinations and/or beneficiaries of funds transferred from the accounts. As to Muwafaq Foundation, the relevant time period for this Request is from January 1, 1992 through December 31, 2002.**

## RESPONSE TO REQUEST NO. 2

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 1, 3, and 4. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "any and all lists of summaries." Compliance with this Request would require the Bank to produce "lists or summaries" with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "actual or potential interest" in Request No. 1. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the

–32–

case, and vague because it calls on the Bank to determine whether a particular entity held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that entity.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents relating to all [Al Rajhi Bank] accounts" subject to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi Bank objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry

authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 3

> **To the extent ARB is not in possession of and is unable to produce lists or summaries identifying all transfers of funds into and from the accounts, including the sources and destinations/beneficiaries of the transfers, please provide all documents identifying:  (i) all transfers of funds into the accounts, including the amounts and sources of the funds; and (ii) all transfers of funds out of the accounts, including the amounts and destinations and/or beneficiaries of the funds.  As to Muwafaq Foundation, the relevant time period for this Request is from January 1, 1992 through December 31, 2002.**

## RESPONSE TO REQUEST NO. 3

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Request Nos. 1 and 2, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague as to the phrase "the accounts." Al Rajhi Bank reads this Request as referring to the accounts described in Request No. 1. Based on that reading, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 1, 2, and 4. Al Rajhi Bank objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, and because the Request seeks "all documents" identifying "all transfers" of funds into and from the accounts subject to the Request. Compliance with this Request would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "actual or potential interest" in Request No. 1. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular entity held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that entity.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit, because it seeks "all documents relating to all [Al Rajhi Bank] accounts" subject to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date

on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to

the extent it calls for the production of documents protected from disclosure by one or more of the

attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way

complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause

another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant

regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents

responsive to this Request.

## REQUEST NO. 4

**Please provide all documents, including any electronically generated lists or summaries, identifying all monetary donations or contributions provided to the Da'wah Organizations by ARB, Suleiman al Rajhi, Saleh al Rajhi, Abdul Rahman al Rajhi, the Suleiman Abdel Aziz al Rajhi Foundation, and/or members of the Al Rajhi family, including but not limited to, the contribution of *zakat* and *haram* funds to the Da'wah Organizations.  As to Muwafaq Foundation, the relevant time period for this Request is from January 1, 1992 through December 31, 2002.**

## RESPONSE TO REQUEST NO. 4

In addition to the foregoing General Objections, Objections to Definitions, and Objections

to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as

cumulative and duplicative of Request Nos. 1, 2, and 3.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the

scope of the Federal Rules because it requests documents outside the custody or control of the

Bank because it requests "all documents" regarding "all monetary donations or contributions"

made by individual members of the Al Rajhi family, or the Suleiman Abdel Aziz al Rajhi

Foundation, to the Organizations subject to the Request, without regard to whether those donations or contributions were made via transfers involving Al Rajhi Bank accounts.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests information on individuals and entities previously dismissed in this multidistrict litigation for failure to state a claim or lack of personal jurisdiction, including Suleiman al Rajhi, Saleh al Rajhi, and the Suleiman Abdel Aziz al Rajhi Foundation.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, and vague as to the phrase "members of the Al Rajhi family."  Complying with this request would require the Bank to prepare a list of all Al Rajhi family members, and produce documents relating to their accounts, without limitation and without regard to any official capacity those family members may or may not have within Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents identifying all monetary donations or contributions made by Suleiman al Rajhi and any other "members of the Al Rajhi family" outside the scope of their official capacity, if any, as an officer, director, employee, or agent of Al Rajhi

Bank.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents identifying all monetary donations or contributions made by Saleh al Rajhi, Abdul Rahman al Rajhi, and/or other members of the Al Rajhi family, because the First Amended Complaint does not contain any allegations related to any actions by these individuals within the scope of any official capacity within Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents identifying all monetary donations or contributions made by the Suleiman Abdel Aziz al Rajhi Foundation, but the First Amended Complaint does not allege any direct connection between Al Rajhi Bank and the Suleiman Abdel Aziz al Rajhi Foundation.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 5

**Please provide all documents identifying all ARB Principals who simultaneously held a position(s) with the Da'wah Organizations, including but not limited to, documents concerning: (i) Suleiman al Rajhi's relationship with the IIRO and Sanabel al Kheer; (ii) Abdul Aziz al Khereiji's relationship with the Muwafaq Foundation; and (iii) Abdullah al Misfer's relationship with the Al Haramain Islamic Foundation. The relevant time period for this Request is from January 1, 1992 through December 31, 2004.**

## RESPONSE TO REQUEST NO. 5

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad and unduly burdensome because requests "all documents identifying all ARB Principals." Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the term "relationship."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, related to matters not raised by the pleadings, and beyond the scope of the Second

Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for documents regarding the roles that individuals purportedly held at other entities outside their official capacities, if any, at the Bank. Al Rajhi Bank further objects to this Request as outside the scope of the Federal Rules because it calls for the production of documents outside the custody or control of the Bank.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests information on individuals previously dismissed in this multidistrict litigation for failure to state a claim or lack of personal jurisdiction, including Suleiman al Rajhi.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as vague as to the identities of Abdul Aziz al Khereiji and Abdullah al Misfer.  Al Rajhi Bank further objects to this Request for documents relating to Abdul Aziz al Khereiji or Abdullah al Misfer as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations regarding Abdul Aziz al Khereiji or Abdullah al Misfer.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests documents of or concerning so-called "ARB Principals" not named or referenced in the First Amended Complaint or otherwise not the subject of any allegations in the First Amended Complaint, including, without limitation, Abdullah al Rajhi, Abdul Rahman al Rajhi, Abdul Aziz al Khereiji, Abdullah al Misfer, and Saleh al Hussayen.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

–43–

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 6

**Please provide all communications between the ARB Principals and the Da'wah Organizations.  The relevant time period for this Request is from January 1, 1992 through December 31, 2004.**

## RESPONSE TO REQUEST NO. 6

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests "all communications" without any limitation to the allegations in the First Amended Complaint.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Federal Rules because it calls for documents outside the custody or control of the Bank, including but not limited to communications sent or received by individuals outside their official capacities at the Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order

because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests communications of so-called "ARB Principals" not named or referenced in the First Amended Complaint or otherwise not the subject of any allegations in the First Amended Complaint, including, without limitation, Abdullah al Rajhi, Abdul Rahman al Rajhi, Abdul Aziz al Khereiji, Abdullah al Misfer, and Saleh al Hussayen.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 7

**Please provide all documents relating to all fundraising events that were held for the benefit of the Da'wah Organizations and were promoted, advertised, sponsored, organized, funded, managed, or attended by ARB. Responsive documents shall include, but are not limited to, the identification of all ARB accounts that were maintained and serviced to accept donations for the Da'wah Organizations. As to Muwafaq Foundation, the relevant time period for this Request is from January 1, 1992 through December 31, 2002.**

## RESPONSE TO REQUEST NO. 7

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as

–46–

vague, overly broad, and unduly burdensome as to the phrases "fundraising events"; "held for the benefit of"; "promoted, advertised, sponsored, organized, funded, managed, or attended by"; and "maintained and serviced to accept donations for."  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests documents regarding so-called "fundraising events," about which there are no allegations in the First Amended Complaint.  Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 1-4.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding

actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the

attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 8

**Please provide all documents relating to any information or notification ARB received that any of the Da'wah Organizations, or any individual or entity employed by and/or affiliated with the Da'wah Organizations, was: (1) implicated in any terrorist activity or event, or in providing any form of material support to any terrorist organization or person; (2) implicated in supporting any armed conflict or militant activity; or (3) implicated in criminal or corrupt activities, including money laundering.**

## RESPONSE TO REQUEST NO. 8

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, as to the terms and phrases "any information or notification," "any individual or entity employed by and/or affiliated with," "implicated in," "terrorist activity or event," "any form of material support," "any terrorist organization or person," "supporting," "any armed conflict or militant activity," "criminal and corrupt activities," and "money laundering." Complying with this Request would require, by way

of example only, the Bank to identify and search for documents relating to any incident in which any Bank employee received any "information" that any "individual or entity" was "implicated in" any "criminal or corrupt activities," and then determine whether that "individual or entity" was "affiliated with" any of the "Da'wah Organizations," including, under Plaintiffs' Definition, any "representative acting on behalf of" any such organization — without limitation to any allegations in the First Amended Complaint and without regard to the scope of the Second Circuit's Summary Order.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official

capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether the account holder or holders of any and every account at the Bank is a branch office, board member, trustee, director, employee, consultant, agent, alter ego, volunteer, or representative acting on the behalf of any of these entities.

Al Rajhi objects to this Request for documents relating to the Muwafaq Foundation as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Muwafaq Foundation.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 9

**Please provide all documents relating to all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of the following individuals, any ARB account for any entity in which the following individuals held any beneficial interest, and/or any ARB account over which the following individuals had signatory authority or had any actual or potential beneficial interest:**

a) **Osama bin Laden;**

b) **9/11 Hijackers, including Abdulaziz Mohamed al Omari (including ARB Account Nos. 162608010366080 and 39800061, Visa Debit Card No. 4909-8016-2002-5747), and Walid al Shehri (including ARB Account No. 2956080100036881);**

c) **Mamdouh Mahmud Salim (including ARB Account No. 001424/4);**

d) **Wa'el Hamza Jelaidan (including ARB Account No. 314608010016294);**

e) **Abd al Hamid Sulaiman al Mujil;**

f) **Yassin al Kadi; and**

g) **Soliman al Buthe (including ARB Account No. 140608010109206).**

**Responsive documents shall include those identified in Request No. 1.  The time period for this Request is January 1, 1992 through December 31, 2004.**

**RESPONSE TO REQUEST NO. 9**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 10-12. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "actual or potential interest." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular individual held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that individual.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents relating to all [Al Rajhi Bank] accounts" subject to the Request. This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request because it seeks documents that are not directly related to the Bank's own activities and is therefore beyond the scope of the Second Circuit's Summary Order.

Al Rajhi Bank objects to this Request as vague and overly broad because the Request incorporates Plaintiffs' Definition of "9/11 Hijackers," which assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request because the

application of Plaintiffs' Definition of "9/11 Hijackers" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge.   Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it incorporates Plaintiffs' Definition of "9/11 Hijackers" as including individuals not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks documents relating to Al Rajhi Bank accounts of individuals whom the First Amended Complaint does not allege held accounts at Al Rajhi Bank, including: Osama bin Laden; any of the 9/11 Hijackers (except for Abdulaziz Mohamed al Omari) including Walid Shehri; Wa'el Hamza Jelaidan; Yassin al Kadi; and Soliman al Buthe.

Al Rajhi Bank objects to this Request for documents relating to any Al Rajhi Bank account of Abdulaziz Mohamed al Omari, Mamdouh Mahmud Salim, or Abd al Hamid Sulaiman al Mujil as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not allege that the Bank provided anything more than routine banking services to Abdulaziz Mohamed al Omari, Mamdouh Mahmud Salim, or Abd al Hamid Sulaiman al Mujil.

Al Rajhi Bank further objects to this Request for documents relating to any Al Rajhi Bank account of Mamdouh Mahmud Salim as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint alleges Mamdouh Mahmud Salim was arrested in Germany three years before the September 11, 2001 attacks, and so is not relevant the jurisdictional inquiry.

Al Rajhi Bank further objects to this Request for documents relating to any Al Rajhi Bank account of Abd al Hamid Sulaiman al Mujil as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order, because the First Amended Complaint does not allege any connection between Abd al Hamid Sulaiman al Mujil and terrorism against or targeted at the United States, and so is not relevant to the jurisdictional inquiry authorized by the Second Circuit.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians. In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, reasonably accessible, non-privileged documents responsive to this request regarding any accounts at Al Rajhi Bank held in the name of Abdulaziz Mohamed al Omari (the only 9/11 Hijacker that the First Amended Complaint alleges had an account at the Bank), Mamdouh Mahmud Salim, or Abd al Hamid Sulaiman al Mujil. Subject to and without waiver of the foregoing and General Objections and Objections to

Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from the period of October 8, 1999 through September 11, 2001.

## REQUEST NO. 10

**For each of the ARB accounts identified in response to Request No. 9, please provide all documents, including any electronically generated lists or summaries, identifying: (i) all transfers of funds into the accounts, including the amounts and sources of the funds; and (ii) all transfers of funds out of the accounts, including the amounts and destinations and/or beneficiaries of the funds.**

## RESPONSE TO REQUEST NO. 10

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 9, 11, and 12.  Al Rajhi Bank objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "all documents" identifying "all transfers" into and out of the accounts subject to the requests. Compliance with this Request would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "actual or potential interest" incorporated from Request No. 9. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular

individual held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that individual.

Al Rajhi objects to this Request for documents relating to "Yassin al Kadi" as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to "Yassin al Kadi."

Al Rajhi Bank objects to this Request as vague and overly broad because the Request incorporates Plaintiffs' Definition of "9/11 Hijackers," which assumes information not reasonably within Al Rajhi Bank's knowledge.  Al Rajhi Bank further objects to this Request because the application of Plaintiffs' Definition of "9/11 Hijackers" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it incorporates Plaintiffs' Definition of "9/11 Hijackers" as including individuals not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks documents relating to Al Rajhi Bank accounts of individuals whom the First Amended Complaint does not allege held accounts at Al Rajhi Bank, including:

Osama bin Laden; any of the 9/11 Hijackers (except for Abdulaziz Mohamed al Omari) including Walid Shehri; Wa'el Hamza Jelaidan; Yassin al Kadi; and Soliman al Buthe.

Al Rajhi Bank objects to this Request for documents relating to any Al Rajhi Bank account of Abdulaziz Mohamed al Omari, Mamdouh Mahmud Salim, or Abd al Hamid Sulaiman al Mujil as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not allege that the Bank provided anything more than routine banking services to Abdulaziz Mohamed al Omari, Mamdouh Mahmud Salim, or Abd al Hamid Sulaiman al Mujil.

Al Rajhi Bank further objects to this Request for documents relating to any Al Rajhi Bank account of Mamdouh Mahmud Salim as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order, because the First Amended Complaint alleges Mamdouh Mahmud Salim was arrested in Germany three years before the September 11, 2001 attacks, and so is not relevant to the jurisdictional inquiry authorized by the Second Circuit.

Al Rajhi Bank further objects to this Request for documents relating to any Al Rajhi Bank account of Abd al Hamid Sulaiman al Mujil as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the First Amended Complaint does not allege any connection between Abd al Hamid Sulaiman al Mujil and terrorism against or targeted at the United States, and so is not relevant to the jurisdictional inquiry authorized by the Second Circuit.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al

Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects

to this Request because it purports to include within the definition of "ARB" entities or individuals

over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because

it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding

actions taken by any individual encompassed in the definition of "ARB" outside their official

capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB"

causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not

proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order

because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit, because it calls for the production of documents dated prior to October 8, 1999

(the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date

on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to

the extent it calls for the production of documents protected from disclosure by one or more of the

attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way

complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause

another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant

regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to

Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of

relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, reasonably accessible, non-privileged documents responsive to this request regarding any accounts at Al Rajhi Bank held in the name of Abdulaziz Mohamed al Omari (the only 9/11 Hijacker that the First Amended Complaint alleges had an account at the Bank), Mamdouh Mahmud Salim, or Abd al Hamid Sulaiman al Mujil. Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from the period of October 8, 1999 through September 11, 2001.

## REQUEST NO. 11

**Please provide all documents relating to all transactions, financial or otherwise, involving 9/11 Hijacker Abdulaziz Mohamed al Omari, any entity associated with Omari, and/or any entity in which Omari held a beneficial interest.  Responsive documents shall include, but are not limited to, documents concerning a wire transfer from ARB's Buraidah Branch to Abdulaziz Mohamed al Omari in the United States on or about September 7, 2001.**

## RESPONSE TO REQUEST NO. 11

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 9 and 10.  Al Rajhi Bank objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "all documents" related to "all transactions" involving entities subject to the requests.  Compliance with this Request would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended

Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrases "any entity associated with Omari," and "and/or any entity in which Omari held a beneficial interest." Complying with this Request would require the Bank to scour countless accounts to determine whether this individual held some "beneficial interest," whatever that may mean, even where the accounts otherwise had no association with him. Al Rajhi Bank objects to this Request because it calls for documents outside the control or custody of the Bank. Al Rajhi Bank further objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents not related to the Bank's alleged direct support to known al Qaeda operatives alleged in the First Amended Complaint.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, reasonably accessible, non-privileged documents responsive to this request regarding any accounts at Al Rajhi Bank held in the name of Abdulaziz Mohamed al Omari.  Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from the period of October 8, 1999 through September 11, 2001.

**REQUEST NO. 12**

**Please provide all documents relating to all transactions, financial or otherwise, involving 9/11 Hijacker Hani Hanjour, any entity associated with Hanjour, and/or any entity in which Hanjour held a beneficial interest.**

**RESPONSE TO REQUEST NO. 12**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 9 and 10.  Al Rajhi Bank objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the

jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "all documents" related to "all transactions" involving entities or individuals subject to the requests.  Compliance with this Request would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrases "any entity associated with Hanjour," and "and/or any entity in which Hanjour held a beneficial interest."  Complying with this Request would require the Bank to scour countless accounts to determine whether this individuals held some "beneficial interest," whatever that may mean, even where the accounts otherwise had no association in them.  Al Rajhi Bank objects to this Request because it calls for documents outside the control or custody of the Bank.  Al Rajhi Bank further objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise."

Al Rajhi objects to this Request for documents relating to "Hani Hanjour" as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations related to "Hani Hanjour," let alone any allegations related to Al Rajhi Bank or its alleged direct support to known al Qaeda operatives alleged in the First Amended Complaint.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 13

**Please provide all documents relating to all transactions, financial or otherwise, involving Mahmoud Darkazanli and Abdul Fattah Zammar, any entity associated with those individuals, and/or any entity in which those individuals held a beneficial interest. Responsive documents shall include, but are not limited to, all documents referring or relating to any transactions linked to the Hamburg, Germany al Qaeda cell.**

## RESPONSE TO REQUEST NO. 13

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "all documents

relating to all transactions."  Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrases "any entity associated with these individuals," and "and/or any entity held a beneficial interest."  Complying with this Request would require the Bank to scour countless accounts to determine whether these individuals held some "beneficial interest," whatever that may mean, even where the accounts otherwise had no association in them.  Al Rajhi Bank objects to this Request because it calls for documents outside the control or custody of the Bank.  Al Rajhi Bank further objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Plaintiffs make no allegation that either Mahmoud Darkazanli and Abdul Fattah Zamma were known al Qaeda operatives or even al Qaeda operatives at all, as opposed to mere conduits for indirect funding.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the

attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way

complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause

another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant

regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents

responsive to this Request.

## REQUEST NO. 14

**Please provide all documents relating to all transactions, financial or otherwise, involving Muhammed Galeb Kalaje Zouaydi, any entity associated with Zouaydi, and/or any entity in which Zouaydi held a beneficial interest.**

## RESPONSE TO REQUEST NO. 14

In addition to the foregoing General Objections, Objections to Definitions and Objections

to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as

vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because it is

untethered to any connection whatsoever between the subject matter and Al Rajhi Bank.  Al Rajhi

reads this Request as seeking documents relating to transactions into or out of Al Rajhi Bank

accounts.  Even under that reading, Al Rajhi Bank objects to this Request as overly broad and

unduly burdensome because it requests "all documents relating to all transactions."  Al Rajhi Bank

objects to this Request because it calls for documents outside the control or custody of the Bank.

Al Rajhi Bank further objects to this Request as vague, overly broad, and unduly burdensome as

to the phrase "all transactions, financial or otherwise."  Al Rajhi Bank objects to this Request as

vague, overly broad, and unduly burdensome as to the phrases "any entity associated with Zouaydi," and "any entity in which Zouaydi held a beneficial interest."

Al Rajhi Bank objects to this Request as vague, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" relating to "Muhammed Galeb Kalaje Zouaydi," about whom the First Amended Complaint contains no allegations.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 15

**Please provide all documents relating to all transactions, financial or otherwise, involving Omar al Bayoumi, any entity associated with Bayoumi, and/or any entity in which Bayoumi held a beneficial interest.**

## RESPONSE TO REQUEST NO. 15

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi objects to this Request for documents relating to "Omar al Bayoumi" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations related to "Omar al Bayoumi," let alone any allegations regarding "Omar al Bayoumi" related to Al Rajhi Bank or its alleged direct support to known al Qaeda operatives alleged in the First Amended Complaint. Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because it is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

Al Rajhi Bank objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "all documents relating to all transactions" involving the entities or individual subject to the requests. Compliance with this Request would require the

–69–

Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrase "beneficial interest." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular individual held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that individual. Al Rajhi Bank further objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 16

**Please provide all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship between Omar al Bayoumi and ARB, including ARB officials Abdul Rahman al Rajhi and Abdullah al Misfer. Responsive documents shall include, but are not limited to, all communications between Omar al Bayoumi and ARB, Abdul Rahman al Rajhi, and/or Abdullah al Misfer.**

## RESPONSE TO REQUEST NO. 16

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request for documents relating to "Omar al Bayoumi" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations related to "Omar al Bayoumi," let alone any allegations concerning "Omar al Bayoumi" related to Al Rajhi Bank or its alleged direct support to known al Qaeda operatives alleged in the First Amended Complaint.

Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects

to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

–72–

**REQUEST NO. 17**

> **Please provide all documents relating to all transactions, financial or otherwise, involving Fahad al Thumairy, any entity associated with Thumairy, and/or any entity in which Thumairy held a beneficial interest.**

**RESPONSE TO REQUEST NO. 17**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request for documents relating to "Fahad al Thumairy" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations related to "Fahad al Thumairy," let alone any allegations related to Al Rajhi Bank or its alleged direct support to known al Qaeda operatives alleged in the First Amended Complaint. Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because it is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

Al Rajhi Bank objects to this request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request seeks "all documents relating to all transactions" involving entities or individuals subject to the requests. Compliance with this Request would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrase "beneficial interest." Al Rajhi

Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular individual held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that individual. Al Rajhi Bank further objects to this request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 18

**Please provide all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship between Fahad al Thumairy and ARB, including ARB officials Abdul Rahman al Rajhi and Abdullah al Misfer.**

Responsive documents shall include, but are not limited to, all communications between Fahad al Thumairy and ARB, Abdul Rahman al Rajhi, and/or Abdullah al Misfer.

## RESPONSE TO REQUEST NO. 18

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request for documents relating to "Fahad al Thumairy" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations related to "Fahad al Thumairy," let alone any allegations related to Al Rajhi Bank or its alleged direct support to known al Qaeda operatives alleged in the First Amended Complaint.

Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order

because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 19

**Please provide all documents relating to all transactions, financial or otherwise, involving Mohammed Jamal Khalifa, any entity associated with Khalifa, and/or any entity in which Khalifa held a beneficial interest. The relevant time period for this request is January 1, 1992 through December 31, 2004.**

## RESPONSE TO REQUEST NO. 19

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because it is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank. Al Rajhi reads this Request as seeking

documents relating to transactions into or out of Al Rajhi Bank accounts. Even under that reading, Al Rajhi Bank objects to this Request as overly broad and unduly burdensome because it requests "all documents relating to all transactions." Al Rajhi Bank further objects to this request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise." Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrases "any entity associated with Khalifa," and "any entity in which Khalifa held a beneficial interest." Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 1-3.

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" relating to "Mohammed Jamal Khalifa," about whom the First Amended Complaint contains no allegations relating to Al Rajhi Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date

on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 20

**Please provide all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship between Mohammed Jamal Khalifa and ARB, including ARB official Abdullah al Misfer.  Responsive documents shall include, but are not limited to, all communications between Khalifa and ARB, and/or Abdullah al Misfer.  The relevant time period for this request is January 1, 1992 through December 31, 2004.**

## RESPONSE TO REQUEST NO. 20

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry

authorized by the Second Circuit, because it seeks "all documents" relating to "Mohammed Jamal Khalifa," about whom the First Amended Complaint contains no allegations relating to Al Rajhi Bank.  Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" relating to "Abdullah al Misfer," about whom the First Amended Complaint contains no allegations.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 21

**Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between ARB and/or Suleiman al Rajhi and Akida Bank, Bank al Taqwa, Youssef Nada, and Ahmed Idris Nasreddin.  Responsive documents shall include, but are not limited to, all communications between ARB and/or Suleiman al Rajhi and those persons or entities.**

## RESPONSE TO REQUEST NO. 21

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" to and from persons and entities or relating to such persons and entities subject to the Request.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the term "relationship" in the Request, and terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, and seeking documents outside the custody or control of the Bank because it calls for the production of documents relating to Suleiman al Rajhi outside the scope of his official capacityat Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the

attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way

complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause

another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant

regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents

responsive to this Request.

## REQUEST NO. 22

**Please provide all documents relating to all transactions, financial or otherwise, involving Akida Bank, Bank al Taqwa, Youssef Nada, and Ahmed Idris Nasreddin (the "SDGTs"), any entity associated with SDGTs, and/or any entity in which the SDGTs held a beneficial interest.**

## RESPONSE TO REQUEST NO. 22

In addition to the foregoing General Objections, Objections to Definitions and Objections

to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as

vague as to the phrase "beneficial interest."  Al Rajhi Bank further objects to this Request as overly

broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the

Second Circuit's Summary Order because it does not seek evidence that is relevant to the

jurisdictional inquiry authorized by the Second Circuit.  Al Rajhi Bank further objects to this

Request as ambiguous, imprecise, overbroad, and unduly burdensome as to the phrases

"transactions, financial or otherwise," "any entity associated with SDGTs" and "any entity in

which the SDGTs held a beneficial interest," and because it seeks "all documents" subject to the

Request.   This would require the Bank to produce documents with no connection to the

jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request because it requires Al Rajhi Bank to produce documents and information wholly between parties other than Al Rajhi Bank and beyond Al Rajhi Bank's custody, possession, control and knowledge.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 23**

> **Please provide all documents, including any electronically generated lists or summaries, identifying all monetary donations, contributions, grants, and/or transfers of money from ARB, Suleiman al Rajhi, and/or any benevolent or charitable organization associated with ARB, Suleiman al Rajhi, or any member of the Al Rajhi family, to beneficiaries in the United States. Responsive documents shall include, but are not limited to, all communications with recipients of those donations, contributions, grants, and/or transfers of money.**

**RESPONSE TO REQUEST NO. 23**

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents . . . identifying all monetary donations [and other charitable contributions] . . . from ARB, Suleiman al Rajhi, and/or any benevolent or charitable organization associated with ARB, Suleiman al Rajhi, and/or any member of the Al Rajhi family to beneficiaries in the United States." Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks documents showing charitable contributions from "any member of the Al Rajhi family" subject to this Request. This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order

because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, and vague as to the phrase "beneficiaries in the United States."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 24

**Please provide all documents, including any electronically generated lists or summaries, identifying all monetary donations, contributions, grants, and/or transfers of money from ARB, Suleiman al Rajhi, and/or any benevolent or charitable organization associated with ARB, Suleiman al Rajhi, or any member of the Al Rajhi family, to any mosque, Islamic center, religious institution, or charitable organization operating in California, United States. Responsive documents shall include, but are not limited to, all communications with recipients of those donations, contributions, grants, and/or transfers of money.**

**RESPONSE TO REQUEST NO. 24**

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections for Request No. 23, which are expressly incorporated herein, Al Rajhi Bank objects to this Request because the First Amended Complaint contains no allegations related to any activities in the State of California, let alone any activities in California relating to Al Rajhi Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as ambiguous, imprecise, overbroad, and unduly burdensome as to the phrases "operating in California, United States," "Islamic center," "religious institution" and "charitable organization." Al Rajhi Bank reads this Request as referring to the donations described in Request No. 23. Based on that reading, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request No. 23.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999

(the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 25

**Please provide all documents, including any electronically generated lists or summaries, identifying all monetary donations, contributions, grants, and/or transfers of money to beneficiaries in the United States authorized, managed, or overseen by Abdul Rahman al Rajhi. Responsive documents shall include, but are not limited to, all communications between Abdul Rahman al Rajhi and the recipients of those donations, contributions, grants, and/or transfers of money.**

## RESPONSE TO REQUEST NO. 25

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections for Request Nos. 23 and 24, which is expressly incorporated herein, Al Rajhi Bank objects to this Request as vague as to the phrase "authorized, managed, or overseen." Al Rajhi Bank further objects to this Request because it references an individual, Abdul Rahman al Rajhi, who is not mentioned in the Plaintiffs' Complaint. Al Rajhi Bank further reads this Request as referring to the donations described in Request Nos. 23 & 24. Based on that

reading, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 23 & 24. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents… identifying all monetary donations [and other charitable contributions]" to and "authorized, managed, or overseen" by the parties subject to this Request. This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 26

**Please provide all documents relating to the issues, relationships, transactions, and/or events described in the July 26, 2007 Wall Street Journal article, *Terror Finance: U.S. Tracks Saudi Bank Favored by Extremists*, including all documents relating to any inquiry or investigation conducted by or on behalf of ARB into those matters.**

## RESPONSE TO REQUEST NO. 26

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request. Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, and vague and imprecise as to the phrase "issues, relationships, transactions, and/or events" subject to the Request. This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request because it requires Al Rajhi Bank to produce documents and information wholly between parties other than Al Rajhi Bank and beyond Al Rajhi

Bank's custody, possession, control and knowledge.  Al Rajhi Bank objects to this Request because it requests documents and information that are publicly available to Plaintiffs.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 27

**Please provide all documents relating to any communications or directives from Suleiman al Rajhi to ARB's Board of Directors and/or other ARB personnel, between September 11, 2001 and December 31, 2004, concerning contributions to da'wah or charitable organizations.**

**RESPONSE TO REQUEST NO. 27**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it calls for "all documents relating to any communications or directives," involving persons and subject matter subject to the Request.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of "all documents" concerning "da'wah or charitable organizations," without regard for whether the First Amended Complaint includes any allegation as to a particular organization.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague as to the phrase "da'wah or charitable organizations."  Al Rajhi Bank reads this Request as calling for documents "concerning contributions" to "the Da'wah Organizations," as defined at Definition 13.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank reads this request as seeking documents regarding the First Amended Complaint's allegation that, "a year after Sept. 11, with a spotlight on Islamic charities, Mr. Al Rajhi ordered Al Rajhi Bank's board to 'explore financial instruments that would allow the bank's charitable contributions to avoid official Saudi scrutiny.'"  Under this reading, Al Rajhi Bank objects to the Request as seeking information beyond the scope of the Second Circuit's Summary Order to jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Al Rajhi Bank further objects to this Request as duplicative of Request No. 28.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 28**

**Please provide all documents relating to the allegation that Suleiman al Rajhi asked ARB personnel to explore or design financial instruments or technologies that would allow ARB's contributions to the da'wah organizations and/or other charitable designees to circumvent Saudi government identification, examination, scrutiny, or auditing.**

**RESPONSE TO REQUEST NO. 28**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as to the phrase "all documents." Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of "all documents" concerning "da'wah organizations and/or other charitable designees," without regard for whether the First Amended Complaint includes any allegation as to a particular organization.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague as to the phrase "da'wah organizations and/or other charitable designees." Al Rajhi Bank reads this Request as calling for documents "concerning contributions" to "the Da'wah Organizations," as defined at Definition 13.

–93–

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague because it defines "Da'wah Organizations" to refer to "any branch office, board member, executive, trustee, director, trustee [*sic*], employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Da'wah Organizations behalf [*sic*]."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank objects to this Request as vague as to the description of "the allegation" that is the subject of the Request. Al Rajhi Bank reads this request as seeking documents regarding the First Amended Complaint's allegation that, "a year after Sept. 11, with a spotlight on Islamic charities, Mr. Al Rajhi ordered Al Rajhi Bank's board to 'explore financial instruments that would allow the bank's charitable contributions to avoid official Saudi scrutiny.'" Under this reading, Al

Rajhi Bank objects to the Request as seeking information beyond the scope of the Second Circuit's Summary Order to jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Al Rajhi Bank further objects to this Request as duplicative of Request No. 27.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 29**

**Please provide all documents relating to any transfer of any funds of Suleiman al Rajhi, or funds in which Suleiman al Rajhi held some beneficial interest, to offshore accounts in or around 2002.**

**RESPONSE TO REQUEST NO. 29**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and imprecise as to the phrases "some beneficial interest" and "in or around 2002."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case because it requests "any transfer of any funds" subject to this Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by Suleiman al Rajhi outside his official capacity as an officer or director of the Bank.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the

scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 30**

**Please provide all documents describing computer codes employed in relation to the transfer of funds, as well as any documents relating to any proposed modification of those codes or proposed development of new codes after September 11, 2001.**

**RESPONSE TO REQUEST NO. 30**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad and unduly burdensome as to the phrase "all documents."  Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "computer codes," "codes," and "in relation to the transfer of funds."  Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for "all documents describing computer codes employed in relation to the transfer of funds."  Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, beyond the scope of the Federal Rules, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999

–97–

(the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 31

**Please provide all documents relating to any transfer of funds associated with Suleiman al Rajhi or Saleh al Rajhi to parties in Germany and Pakistan in December 1998.**

## RESPONSE TO REQUEST NO. 31

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case because it requests "all documents relating to any transfer of any funds" subject to this Request. Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, as vague as to the phrases "associated with" and "parties in Germany and Pakistan." This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support

directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by Suleiman al Rajhi or Saleh al Rajhi outside their official capacity as officers or directors of the Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 32**

> **Please provide all documents relating to the delivery of funds to recipients in Indonesia by couriers, including but not limited to the delivery of money to KOMPAK ("Komite Penanggulangan Krisis") by ARB couriers.**

**RESPONSE TO REQUEST NO. 32**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request because it requires Al Rajhi Bank to produce documents and information wholly between parties other than Al Rajhi Bank and beyond Al Rajhi Bank's custody, possession, control, and knowledge.  Al Rajhi Bank further objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.

Al Rajhi Bank objects to this Request for documents relating "to the delivery of funds to recipients in Indonesia by couriers" or to KOMPAK as overly broad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the First Amended Complaint does not allege that any activities by KOMPAK or other groups or individuals in Indonesia are in any way connected to terrorism against or targeted at the United States, and so is not relevant to the jurisdictional inquiry.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 33**

**Please provide all documents responsive to the July 17, 2009 Administrative Subpoena served on ARB, attached hereto as <u>Exhibit A</u>.**

**RESPONSE TO REQUEST NO. 33**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First

Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

The July 17, 2009 Administrative Subpoena was issued in connection with a criminal case then pending in the U.S. District Court for the District of Oregon, *United States v. Sedaghaty, et al.*, No. 05-cr-60008-HO (D. Or.), which the Bank understands involved allegations against individual employees of Al Haramain Islamic Foundation regarding the filing of a false tax return and failure to report money leaving the United States. The Bank was neither a party to nor accused of any wrongdoing in connection with the case, and there was no suggestion whatsoever that the Bank was engaged in any improper activity with respect to the case. Rather, the U.S. Government sought to compel the Bank, as a third party, to provide authenticated copies of Saudi bank records for use as evidence in the trial of a defendant in that case. Al Rajhi Bank objects to this Request for any documents provided by the Bank in connection with that Administrative Subpoena, as beyond the scope of the Second Circuit's Summary Order, because the First Amended Complaint draws no connection between that Administrative Subpoena and the jurisdictional discovery inquiry authorized by the Second Circuit.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 34

**Please provide all documents relating to the deposit of $130,000.00 in $1,000.00 traveler's checks, and a $21,000.00 cashier's check, by Soliman al Buthe in 2000.**

## RESPONSE TO REQUEST NO. 34

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.  Al Rajhi Bank objects to this request as vague and unduly burdensome because it requests documents relating to deposits without specifying whose accounts those deposits were made into, or even whether the documents in question were deposited into Al Rajhi Bank accounts.

Al Rajhi Bank further objects to this Request as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request provides no nexus to Al Rajhi Bank

whatsoever, let alone to Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

The First Amended Complaint alleges that "[i]n 2000, a top official from al-Haramain deposited $130,000 in $1,000 traveler's checks into an Al Rajhi account in Riyadh. According to a U.S. indictment, the funds were then sent to al-Qaeda fighters *in Chechnya*." Am. Compl. ¶ 158 (emphasis added). Al Rajhi Bank objects to the Request as irrelevant and beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery into the Bank's alleged "specific intent to further terrorism *in the United States*." Moreover, Al Rajhi Bank objects to the Request as unduly burdensome and not proportional to the needs of the case because it provides no information about the account into which the funds were allegedly deposited, nor does it provide any information about the branch at which the deposit was made.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 35

**Please provide all documents relating to all communications between ARB and officials of the Al Haramain Islamic Foundation concerning fundraising for Bosnia. The relevant time period for this request is April 6, 1992 through December 31, 1995.**

## RESPONSE TO REQUEST NO. 35

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as irrelevant and beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery into the Bank's alleged "specific intent to further *terrorism in the United States*," because the Request has no nexus to the United States or even to terrorism at all.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this request as vague, overly broad, and unduly burdensome because it seeks "all documents relating to all communications." Al Rajhi Bank objects to the request as vague and overly broad as to the phrase "officials of the Al Haramain Islamic Foundation." Al Rajhi Bank objects to the Request as vague and overly broad as to the phrase "concerning fundraising for Bosnia."

–105–

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 36

**Please provide all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship between ARB and/or Suleiman al Rajhi and any of the Golden Chain Related Individuals, and/or any individual or entity associated therewith. Responsive documents shall include, but are not limited to, all communications between ARB and/or Suleiman al Rajhi and the Golden Chain Related Individuals.**

## RESPONSE TO REQUEST NO. 36

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship." Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "and/or any individual or entity associated therewith." Al Rajhi Bank objects to this Request for "all documents relating to" any "relationship" between Suleiman al Rajhi and certain individuals, without limitation to Suleiman al Rajhi's official capacity at Al Rajhi Bank, as overly broad and unduly burdensome because it seeks documents outside the custody or control of the Bank.

Al Rajhi Bank objects to this Request for documents regarding any "relationship" between Al Rajhi Bank and any so-called "Golden Chain Related Individual" as vague, overly broad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, and because the First Amended Complaint contains no

allegations of any such relationship, let alone any such relationship within the scope of Suleiman Al Rajhi's official capacity at the Bank.

Al Rajhi Bank further objects to this Request for documents regarding any "relationship" with any so-called "Golden Chain Related Individual" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Court has already discredited the so-called "Golden Chain" list. *See Terrorist Attacks I*, 349 F. Supp. 2d at 817-18; *Terrorist Attacks IV*, 718 F. Supp. 2d 456, 482-83 (S.D.N.Y. 2010).

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as vague and overly broad and because Plaintiffs' Definition of "Golden Chain Related Individuals" assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request because application of Plaintiffs' Definition of "Golden Chain Related Individuals" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because application of Plaintiffs' Definition of "Golden Chain Related Individuals" would include individuals or organizations not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 37

**Please provide all documents relating to all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of the Golden Chain Related Individuals, any ARB account for any entity in which the Golden Chain Related Individuals held any beneficial interest, and/or any ARB account over which the Golden Chain Related Individuals and/or their representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include those identified in Request No. 1.**

## RESPONSE TO REQUEST NO. 37

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "actual or potential interest." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular entity held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that entity.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents relating to all [Al Rajhi Bank] accounts" subject to the Request. This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First

Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request for "all documents" regarding any account of any so-called "Golden Chain Related Individual" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Court has already discredited the so-called "Golden Chain" list. *See Terrorist Attacks I*, 349 F. Supp. 2d at 817-18; *Terrorist Attacks IV*, 718 F. Supp. 2d 456, 482-83 (S.D.N.Y. 2010). Al Rajhi Bank objects to this Request for the production of documents regarding Al Rajhi Bank accounts held by so-called "Golden Chain Related Individuals" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint contains no allegations that any of the so-called "Golden Chain Related Individuals" had any Al Rajhi Bank accounts.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as vague and overly broad and because Plaintiffs' Definition of "Golden Chain Related Individuals" assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request because application of Plaintiffs' Definition of "Golden Chain Related Individuals" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because application of Plaintiffs' Definition of "Golden Chain Related Individuals" would include individuals or organizations not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 38

**Please provide all documents relating to all transactions, financial or otherwise, involving the Golden Chain Related Individuals, any entity associated with the Golden Chain Related Individuals, and/or any entity in which the Golden Chain Related Individuals held a beneficial interest. Responsive documents shall include, but are not limited to, all documents relating to the transfer of funds to the Golden Chain Related Individuals from ARB, Suleiman al Rajhi, and/or members of the Al Rajhi family.**

## RESPONSE TO REQUEST NO. 38

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague because it calls on the Bank to determine whether a particular entity held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that entity. Al Rajhi Bank further objects to this request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise." Al Rajhi Bank objects to this Request for "all documents" regarding "all transactions" involving any so-called "Golden Chain Related Individual" as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules, because this Request is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

Al Rajhi Bank further objects to this Request for "all documents" regarding "all transactions" involving any so-called "Golden Chain Related Individual" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the

jurisdictional inquiry authorized by the Second Circuit, because the Court has already discredited the so-called "Golden Chain" list.  *See Terrorist Attacks I*, 349 F. Supp. 2d at 817-18; *Terrorist Attacks IV*, 718 F. Supp. 2d 456, 482-83 (S.D.N.Y. 2010).  Al Rajhi Bank objects to this Request for the production of documents regarding transfers of funds to any so-called "Golden Chain Related Individuals" from Al Rajhi Bank as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint contains no allegations that Al Rajhi Bank transferred any funds to any of the so-called "Golden Chain Related Individuals."  Al Rajhi Bank objects to this Request for the production of documents regarding transfers of funds to any so-called "Golden Chain Related Individuals" from "Suleiman al Rajhi, and/or members of the Al Rajhi family," as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint contains no allegations that "Suleiman al Rajhi, and/or members of the Al Rajhi family," transferred any funds to any of the so-called "Golden Chain Related Individuals."

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects

to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as vague and overly broad and because Plaintiffs' Definition of "Golden Chain Related Individuals" assumes information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request because application of Plaintiffs' Definition of "Golden Chain Related Individuals" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because application of Plaintiffs' Definition of "Golden Chain Related Individuals" would include individuals or organizations not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to

–115–

the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 39

**Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between ARB and/or Suleiman al Rajhi and any SAAR Network Related Entity and/or SAAR Network Related Individual.  Responsive documents shall include, but are not limited to, all communications between ARB and/or Suleiman al Rajhi and the SAAR Network Related Entity and/or SAAR Network Related Individual.**

## RESPONSE TO REQUEST NO. 39

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case as to the phrase "all documents governing, describing, detailing, or otherwise relating to" and as to the term "relationship."  Al Rajhi Bank objects to this Request for "all documents relating to" any "relationship" between Suleiman al Rajhi and certain individuals and entities, without limitation to Suleiman al Rajhi's official capacity at Al Rajhi Bank as overly broad, unduly burdensome,

beyond the scope of the Federal Rules, and because this Request calls for the production of documents outside the custody or control of the Bank.

Al Rajhi Bank objects to this Request for documents regarding any "relationship" between Al Rajhi Bank and any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual," as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint contains no allegations of any such relationship. Al Rajhi Bank further objects to this Request for documents regarding any "relationship" between Suleiman al Rajhi and any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual," as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, and because the First Amended Complaint contains no allegations of any such relationship within the scope of Suleiman al Rajhi's official capacity at Al Rajhi Bank. Al Rajhi Bank further objects to this Request for documents regarding any "relationship" with any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual," as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests information on individuals and entities previously dismissed in this multidistrict litigation for failure to state a claim or lack of personal jurisdiction, including the so-called SAAR Network Defendants.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order

–117–

because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as vague and overly broad and because Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" assume information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank objects to this Request because its application of Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because application of Plaintiffs' Definitions of "SAAR Network-Related

Entities" and "SAAR Network-Related Individuals" would include organizations or entities not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 40

**Please provide all documents relating to all transactions, financial or otherwise, involving any SAAR Network Related Entity and/or SAAR Network Related Individual. Responsive documents shall include, but are not limited to, all documents relating to the transfer of funds to any SAAR Network Related Entity and/or SAAR Network Related Individual from ARB, Suleiman al Rajhi, and/or members of the Al Rajhi family.**

**RESPONSE TO REQUEST NO. 40**

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "all transactions, financial or otherwise." Al Rajhi Bank objects to this Request for "all documents" regarding "all transactions" involving any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual," as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules to the extent it calls, because the Request is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and therefore calls for documents outside the control or custody of the Bank.

Al Rajhi Bank further objects to this Request for "all documents" regarding "all transactions" involving any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests information on individuals and entities previously dismissed in this multidistrict litigation for failure to state a claim or lack of personal jurisdiction, including the so-called SAAR Network Defendants. Al Rajhi Bank objects to this Request for the production of documents regarding transfers of funds to any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual" from Al Rajhi Bank, as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint contains no allegations that Al Rajhi Bank transferred any funds to any of the so-called "SAAR Network Related Entity" or "SAAR Network Related Individual." Al Rajhi Bank objects to this Request for the production of documents regarding transfers of funds to any so-called "SAAR Network

Related Entity" or "SAAR Network Related Individual" from "Suleiman al Rajhi, and/or members of the Al Rajhi family" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint contains no allegations that "Suleiman al Rajhi, and/or members of the Al Rajhi family," transferred any funds to any of the so-called "SAAR Network Related Entity" or "SAAR Network Related Individual" within the scope of any official capacity they held at Al Rajhi Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as vague and overly broad and because Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals"

assume information not reasonably within Al Rajhi Bank's knowledge.  Al Rajhi Bank objects to this Request because its application of Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because application of Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" would include organizations or entities not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

–122–

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 41

**Please produce all documents relating to the post-September 11, 2001 raids on the SAAR Network Related Entities and/or SAAR Network Related Individuals, conducted by U.S. government authorities. Responsive documents shall include, but are not limited to, copies of all records, materials, property, or things which were seized by U.S. authorities.**

## RESPONSE TO REQUEST NO. 41

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because the Request is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

Al Rajhi Bank further objects to this Request for "all documents" relating to any so-called "SAAR Network Related Entity" or "SAAR Network Related Individual" as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests information on individuals and entities previously dismissed in this multidistrict litigation for failure to state a claim or lack of personal jurisdiction, including the so-called SAAR Network Defendants.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as vague and overly broad and because Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" assume information not reasonably within Al Rajhi Bank's knowledge. Al Rajhi Bank objects to this Request because its application of Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because application of Plaintiffs' Definitions of "SAAR Network-Related Entities" and "SAAR Network-Related Individuals" would include organizations or entities not alleged by the First Amended Complaint to be linked to Al Rajhi Bank.

–124–

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 42

**Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between ARB and Saleh al Hussayen, including without limitation, any and all documents relating to all positions Hussayen held within ARB. Responsive documents shall include, but are not limited to, documents detailing or describing Hussayen's role and responsibilities with ARB's Shariah Board.**

## RESPONSE TO REQUEST NO. 42

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as it pertains to an individual not mentioned in the First Amended Complaint nor is it supported in

–125–

allegations made against Al Rajhi Bank in the First Amended Complaint.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to

the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 43

**Please provide all documents relating to Saleh al Hussayen's trip to the United States in 2001, including but not limited to, airline tickets and receipts, hotel reservations and receipts, travel itineraries, points of destination, scheduled events and meetings, identification of all members of Hussayen's delegation, correspondence, reports, and memoranda.  Responsive documents shall include, but are not limited to, all communications relating to same.**

## RESPONSE TO REQUEST NO. 43

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as it pertains to an individual not mentioned in the First Amended Complaint nor is it supported in allegations made against Al Rajhi Bank in the First Amended Complaint.  Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because the Request is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

–127–

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.  This would require the Bank to produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Al Rajhi Bank objects to this Request because it requires Al Rajhi Bank to produce documents and information wholly between parties other than Al Rajhi Bank and beyond Al Rajhi Bank's custody, possession, control and knowledge.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 44

**Please provide all documents relating to any investigation conducted by ARB and/or the Saudi government concerning Saleh al Hussayen's trip to the United States in 2001, Hussayen's stay at the Marriott Residence Inn in Herndon, VA on September 10, 2001, and Hussayen's detainment and questioning by the FBI following the attacks of September 11, 2001. Responsive documents shall include, but are not limited to, all communications between ARB and the Saudi government regarding same.**

## RESPONSE TO REQUEST NO. 44

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as it pertains to an individual not mentioned in the First Amended Complaint nor is it supported in allegations made against Al Rajhi Bank in First Amended Complaint. Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, and beyond the scope of the Federal Rules because the Request is untethered to any connection whatsoever between the subject matter and Al Rajhi Bank and calls for documents outside the control or custody of the Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as it assumes facts not established. Al Rajhi Bank objects to this Request because it requires Al Rajhi Bank to produce documents and

–129–

information wholly between parties other than Al Rajhi Bank and beyond Al Rajhi Bank's custody, possession, control, and knowledge.  Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 45**

> **Please provide all documents relating to any investigation or audit relating to any potential criminal or terrorist activity, following the attacks of September 11, 2001,**

**which references or addresses any ARB Principal, employee, branch office, account, and/or transaction.**

## RESPONSE TO REQUEST NO. 45

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, overly broad and unduly burdensome to extent it seeks "*all* documents relating to *any* potential criminal or terrorist activity . . . which references *any* ARB Principal, employee, branch office, account, and/or transaction." Al Rajhi Bank objects to the Request as vague, overly broad, and unduly burdensome as to the terms "investigation" and "audit."

Al Rajhi Bank objects to the Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents regarding "any potential criminal activity." Al Rajhi Bank objects to the Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents regarding "any potential . . . terrorist activity" without any geographic or temporal limitation and unrelated to the 9/11 Attacks. Complying with the Request would require the Bank to search for and produce documents far outside the scope of the jurisdictional discovery authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, beyond the scope of the Federal Rules, calling for documents outside the custody or control of the Bank, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence

that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the Request is not limited to investigations or audits prepared by Al Rajhi Bank.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests documents of or concerning so-called "ARB Principals" not named or referenced in the First Amended Complaint or otherwise not the subject of any allegations in the First Amended Complaint, including, without limitation, Abdullah al Rajhi, Abdul Rahman al Rajhi, Abdul Aziz al Khereiji, Abdullah al Misfer, and Saleh al Hussayen.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 46

**Please provide all documents relating to all ARB accounts that were seized, frozen, closed, monitored, or in any way restricted following the attacks of September 11, 2001.  Responsive documents shall include, but are not limited to, all documents referring or relating to the reasons or basis for the seizing, freezing, closing, monitoring, or restricting of the accounts.**

## RESPONSE TO REQUEST NO. 46

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of "all documents relating to all [Al Rajhi Bank] accounts that were seized, frozen, closed, monitored, or in any way restricted . . . ."  Complying with this Request would require the Bank to search for and produce documents without regard for the grounds for which the accounts in question were "in any way restricted."  Complying with this Request would require the Bank to search for and produce "*all* documents" with any relation to *any* Bank account "closed" for any reason at any time since September 11, 2001.  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague as to the phrase "in any way restricted."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague as to the phrase "following the attacks of September 11, 2001."

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 47**

> **Please provide all documents relating to any investigation, inquiry, review, or audit conducted by ARB and/or the Saudi government which references or addresses any of the individuals, entities, accounts, transactions, and/or events identified in Request Nos. 1-46 above.**

**RESPONSE TO REQUEST NO. 47**

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Request Nos. 1-46, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 1-46, because each of those Requests sought "all documents" related to each Request, and are thus inclusive of this Request.  Al Rajhi Bank objects to this Request as overly broad and unduly burdensome because it seeks "all documents" related to "any investigation, inquiry, review, or audit."  Al Rajhi Bank objects to the Request as vague, overly broad, and unduly burdensome as to the phrase "any investigation, inquiry, review, or audit."  Al Rajhi Bank objects to this Request because it seeks documents in the custody or control of the Saudi government or otherwise outside the possession, custody, or control of Al Rajhi Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official

–135–

capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, reasonably accessible, non-privileged documents responsive to this request regarding any internal audit or investigation conducted by Al Rajhi Bank relating to the September 11, 2001 attacks and concerning the Plaintiffs' allegations in

the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents regarding any investigation or audit conducted between September 11, 2001 through December 31, 2002.

## REQUEST NO. 48

**Please provide all documents relating to any investigation, inquiry, review, or audit conducted by the United States government, United Nations, and/or any foreign government or international body which references or addresses any of the individuals, entities, accounts, transactions, and/or events identified in Request Nos. 1-46 above. Responsive documents shall include, but are not limited to, all documents produced to ARB and/or the Saudi government by the United States, United Nations, and/or foreign government concerning the individuals, entities, transactions, and/or events.**

## RESPONSE TO REQUEST NO. 48

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Request Nos. 1-46, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 1-46, because each of those Requests sought "all documents" related to each Request, and are thus inclusive of this Request. Al Rajhi Bank objects to this Request as overly broad and unduly burdensome because it seeks "all documents" related to "any investigation, inquiry, review, or audit." Al Rajhi Bank objects to the Request as vague, overly broad, and unduly burdensome as to the phrase "any investigation, inquiry, review, or audit." Al Rajhi Bank objects to this Request as overly broad and unduly burdensome as to the phrase "and/or foreign government." Al Rajhi Bank objects to this Request because it seeks documents in the custody or control of the Saudi government or otherwise outside the custody or control of Al Rajhi Bank.

–137–

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged documents provided to Al Rajhi Bank by the United States government relating to any investigation or audit by the Bank or the United States government regarding the September 11, 2001 attacks and concerning the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents regarding any investigation or audit conducted between September 11, 2001 through December 31, 2002.

## REQUEST NO. 49

**Please provide all communications between ARB and the Saudi government which references or addresses the individuals, entities, transactions, and/or events identified in Request Nos. 1-46 above.**

**RESPONSE TO REQUEST NO. 49**

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Request Nos. 1-46, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 1-46, because each of those Requests sought "all documents" related to each Request, and are thus inclusive of this Request. Al Rajhi Bank objects to this Request because it seeks documents in the custody or control of the Saudi government or otherwise outside the custody or control of Al Rajhi Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request for the production of communications that "reference[] or address[] the individuals, entities, transactions, and/or events identified in Request Nos. 1-46" as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because many of the "individuals, entities, transactions, and/or events identified in Request Nos. 1-46" are beyond the scope of the Second Circuit's Summary Order, are not identified in the First Amended Complaint, and/or are not alleged in the First Amended Complaint to have any connection to Al Rajhi Bank.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals

over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians. In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant

regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged communications between Al Rajhi Bank and Saudi government regarding the September 11, 2001 attacks and concerning the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."   Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from the period of September 11, 2001 through December 31, 2002.

## REQUEST NO. 50

**Please provide all documents relating to all communications between the United States, ARB, and/or the Saudi government relating to United States' concerns that ARB was being used by al Qaeda, like-minded terrorist organizations, extremists intent on supporting and/or committing acts of terrorism, and/or Islamic charities funding terrorism.  Responsive documents shall include, but are not limited to, documents relating to all meetings held between representatives of the United States, ARB, and/or the Saudi government relating to same.**

## RESPONSE TO REQUEST NO. 50

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request because it seeks documents in the custody or control of the United States government or the Saudi government, or otherwise outside the custody or control of the Bank.  Al Rajhi Bank objects to the Request as overly broad and unduly burdensome because it seeks "all documents relating to all communications."   Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "the United States," and Al Rajhi Bank reads this request as seeking documents relating to communications with "the United States government."   Al Rajhi Bank objects to this Request for communications between the United States and the Saudi government as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order, and as calling for production of documents outside the custody or control of the Bank.

–142–

Al Rajhi Bank objects to the Request as vague, overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests documents regarding communications regarding "like-minded terrorist organizations, extremists intent on supporting and/or committing acts of terrorism, and/or Islamic charities funding terrorism," without limitation to the allegations in the First Amended Complaint or to the jurisdictional inquiry authorized by the Second Circuit. Al Rajhi Bank objects to this Request for documents relating to Al Rajhi Bank "being used by" al Qaeda and other terrorist organizations and extremist groups as vague, imprecise, ambiguous, and beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order

–143–

because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians. In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged communications from the United States government or the Saudi government to Al Rajhi Bank regarding any conclusions by the United States government that Al Rajhi Bank was being used by Al Qaeda directly in connection with Al Qaeda's terrorism in the United States. Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from the period of October 8, 1999 through September 11, 2001.

## REQUEST NO. 51

**Please provide all documents relating to any internal investigation or audit conducted by ARB relating to any accusation that ARB was being used by al Qaeda, like-minded terrorist organizations, extremists intent on supporting and/or committing acts of terrorism, and/or Islamic charities funding terrorism. Responsive documents shall include, but are not limited to, any investigation or audit ordered, conducted, supervised, overseen, or reviewed by the Saudi government.**

## RESPONSE TO REQUEST NO. 51

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request because it seeks documents in the custody or control of the Saudi government, or otherwise outside the custody or control of the Bank. Al Rajhi Bank objects to the Request as overly broad and unduly burdensome to the extent it seeks "all documents relating to any investigation or audit." Al Rajhi Bank objects to the Request as vague, overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit. Al Rajhi Bank further objects to this Request as ambiguous, imprecise, overbroad, and unduly burdensome as to the phrases "like-minded terrorist organizations, extremists intent on supporting and/or committing acts of terrorism, and/or Islamic charities funding terrorism," without limitation to the allegations in the First Amended Complaint or the jurisdictional inquiry authorized by the Second Circuit. Al Rajhi Bank objects to this Request for documents relating to Al Rajhi Bank "being used by" al Qaeda and other terrorist organizations and extremist groups as vague, imprecise, ambiguous, and beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

–145–

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged documents sufficient to show any internal investigation or audit conducted by Al Rajhi Bank regarding any concerns of the United States government that Al Rajhi Bank was being used by Al Qaeda directly in connection with Al Qaeda's terrorism in the United States.  Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents regarding any such investigation or audit conducted between October 8, 1999 through September 11, 2001.

## REQUEST NO. 52

**Please provide all documents relating to any joint investigation, audit, examination, and/or remedial action undertaken with the United States concerning ARB's links to al Qaeda and terrorism, ARB accounts and transactions linked to al Qaeda and terrorism, and/or money laundering.**

## RESPONSE TO REQUEST NO. 52

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 50 and 51.  Al Rajhi Bank further objects to this Request because it seeks documents in the custody or control of the United States government, or otherwise outside the custody or control of the Bank.  Al Rajhi Bank objects to the Request as vague, overly broad, and unduly burdensome because it seeks "all documents relating to any joint investigation, audit, examination, and/or remedial action."  Al Rajhi Bank objects to this Request for documents relating to "money laundering" unconnected to terrorism as beyond the scope of

the Second Circuit's Summary Order authorizing jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "the United States," and Al Rajhi Bank reads this request as seeking documents relating to any joint investigation conducted with "the United States government."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

–148–

from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians. In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged documents sufficient to show any joint investigation, audit, examination, and/or remedial action undertaken with the United States government regarding the September 11, 2001 attacks and concerning the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents regarding any such investigation, audit, examination, and/or remedial action conducted between September 11, 2001 through December 31, 2002.

**REQUEST NO. 53**

**Please provide all documents and information the United States provided to ARB and/or the Saudi government detailing or describing instances of terrorists using ARB, including specific accounts and transactions.**

**RESPONSE TO REQUEST NO. 53**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 50-52. Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "the United States," and Al Rajhi Bank reads this request as seeking documents relating to documents or information "the United States government" provided to the Bank and/or the Saudi government. Al Rajhi Bank objects to this Request for documents and information the United States provided to the Saudi government as overly broad and unduly burdensome and as calling for production of documents in the custody or control of the United States government or the Saudi government, or otherwise outside the custody or control of the Bank.

Al Rajhi Bank further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents" subject to the Request.

Al Rajhi Bank objects to this Request for documents relating to "terrorists using [Al Rajhi Bank]" as beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives." Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents regarding "instances of terrorists using [Al Rajhi Bank]" without limitation to terrorism

aimed at the United States and without limitation to allegations against Al Rajhi Bank in the First Amended Complaint.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity. Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred). Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged documents sufficient to show any documents provided to Al Rajhi Bank by the United States government regarding the September 11, 2001 attacks and concerning the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from September 11, 2001 through December 31, 2002.

## REQUEST NO. 54

**Please provide all documents and information ARB and/or the Saudi government provided to the United States concerning ARB accounts and transactions, including but not limited to, customer background information, account opening documentation, account statements, wire transfer data, anti-money laundering compliance or terrorist financing reviews and reports, action plans, and audit reports.**

## RESPONSE TO REQUEST NO. 54

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 50-52.  Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome as to the phrase "the United States," and Al Rajhi Bank reads this request as seeking documents relating to documents or information the Bank and/or the

Saudi government provided to "the United States government." Al Rajhi Bank further objects to this Request because it seeks documents, including documents "the Saudi government provided to the United States," in the custody or control of the United States government or the Saudi government, or otherwise outside the custody or control of the Bank.

Al Rajhi Bank objects to this Request as vague, overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of "all documents and information [Al Rajhi Bank] and/or the Saudi government provided to the United States concerning [Al Rajhi Bank] accounts and transactions," without limitation to documents and information related to purported Bank support, alleged in the First Amended Complaint, directly to Al Qaeda for terrorism against the United States. Al Rajhi Bank objects to this Request for documents relating to "anti-money laundering compliance" as beyond the scope of the Second Circuit's Summary Order authorizing jurisdictional discovery into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB." Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control. Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official

capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search of relevant repositories and custodians.  In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, responsive, reasonably accessible, non-privileged documents sufficient to show any documents provided by Al Rajhi Bank to the United States government regarding the September 11, 2001 attacks and concerning the Plaintiffs'

–154–

allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."  Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will search for and produce such documents dated from September 11, 2001 through December 31, 2002.

## REQUEST NO. 55

**Please provide all documents discussing the reasons for Suleiman al Rajhi's departure from, and relinquishment of control over, ARB.**

## RESPONSE TO REQUEST NO. 55

In addition to the foregoing General Objections, Objections to Definitions and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks "all documents discussing the reasons for Suleiman al Rajhi's departure from, and relinquishment of control over, [Al Rajhi Bank]," without limitation to documents relevant to the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it requests information on individuals previously dismissed in this multidistrict litigation for failure to state a claim or lack of personal jurisdiction, including Suleiman al Rajhi.

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, and unduly burdensome as to the terms "agent, alter ego, volunteer, or representative acting on Al

Rajhi Bank's behalf" as incorporated by Plaintiffs' Definition of "ARB."  Al Rajhi Bank objects to this Request because it purports to include within the definition of "ARB" entities or individuals over which Al Rajhi Bank has no control.  Al Rajhi Bank further objects to this Request because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by any individual encompassed in the definition of "ARB" outside their official capacity.  Al Rajhi Bank further objects to this Request because its use of the Definition of "ARB" causes it to be ambiguous, vague, overly broad, or unduly burdensome.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

–156–

**REQUEST NO. 56**

> **Please provide all documents governing, describing, detailing, or otherwise relating to ARB's policies, practices, procedures, technologies, and controls concerning Anti-Money Laundering ("AML"), Combatting the Financing of Terrorism ("CFT"), Know Your Customer ("KYC"), Customer Identification ("CI"), Suspicious Transaction Reports ("STRs"), and Suspicious Activity Reports ("SARs").**

**RESPONSE TO REQUEST NO. 56**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, and vague as to the phrases "all documents," "otherwise relating to," and "policies, practices, procedures, technologies, and controls."  Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of "all documents" relating to policies with no connection to the jurisdictional inquiry ordered by the Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

–157–

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 57

**Please provide all documents governing, describing, detailing, or otherwise relating to ARB's policies, practices, procedures, technologies, and controls aimed at (i) preventing terrorists, extremists, and/or criminals from having access to ARB bank accounts or wire transfer services for transmitting funds, and (ii) detecting such instances of misuse when they occur.**

## RESPONSE TO REQUEST NO. 57

In addition to the foregoing General Objections, Objections to Definitions, Objections to Instructions, and Objections to Request No. 56, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request No. 56.  Al Rajhi Bank objects to this Request as vague, overly broad, and unduly burdensome because it seeks "all documents governing, describing, detailing, or otherwise relating to ARB's policies, practices, procedures, technologies, and controls . . . ."  Al Rajhi Bank objects to this Request for the production of documents regarding "criminals having access to [Al Rajhi Bank] bank accounts or wire transfer services for transmitting funds," as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 58

**Please provide all documents relating to any investigation, audit, examination, and/or remedial action undertaken by ARB and/or the Saudi government, and/or jointly with the United States, concerning ARB's policies, practices, procedures, technologies, and controls identified in Request Nos. 56-57 above, following the attacks of September 11, 2001.**

–159–

**RESPONSE TO REQUEST NO. 58**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as cumulative and duplicative of Request Nos. 56-57.  Request Nos. 56-57 both seek "all documents governing, describing, detailing, or otherwise relating to" the policies subject to the Requests, and therefore encompass this Request for "all documents relating to any investigation, audit, examination, and/or remedial action" concerning those policies.

Al Rajhi Bank further objects to this Request for "all documents relating to any investigation, audit, examination, and/or remedial action undertaken," as vague, overly broad, and unduly burdensome because the Request is untethered to the jurisdictional discovery inquiry into the Plaintiffs' allegations in the First Amended Complaint of Bank support directly to al Qaeda purportedly by "providing financial services to known extremist operatives."

Al Rajhi Bank objects to this Request because it calls for the production of documents outside the custody or control of Al Rajhi Bank, including (without limitation) documents relating to actions "undertaken by" the Saudi government or the United States.

Al Rajhi Bank objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it calls for the production of documents dated prior to October 8, 1999 (the date the United States designated Al Qaeda as an FTO) or after September 11, 2001 (the date on which Plaintiffs' alleged injuries occurred).  Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection

from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

Dated:   June 10, 2021
      Washington, DC

Respectfully submitted,

**WHITE & CASE**

 /s/ *Christopher M. Curran*
Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte (admitted *pro hac vice*)
Reuben J. Sequeira
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:     + 1 202 626 3600
Facsimile:      + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
mleddicotte@whitecase.com
rsequeira@whitecase.com

*Counsel for Al Rajhi Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 10th day of June 2021, I caused a copy of the foregoing to be served on counsel for the Plaintiffs via electronic means.

<u> /s/ *Matthew S. Leddicotte*    </u>
Matthew S. Leddicotte