UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) |
|---|---|

This document relates to: *All Cases*

## DECLARATION OF JERRY S. GOLDMAN, ESQ.

I, Jerry S. Goldman, Esq., declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1.  I am a shareholder with the law firm Anderson Kill P.C. ("Anderson Kill"). I serve on the Plaintiffs Executive Committee for Personal Injuries and Wrongful Deaths in the above-captioned matter and have served as lead counsel for the *O'Neill* plaintiffs since 2004.

2.  On the morning of July 15, 2021, I learned that Yahoo! News published an article authored by journalist Michael Isikoff, reporting that he had obtained a copy of a transcript of Mussaed al Jarrah's ("Jarrah") recent deposition in the September 11th litigation. *See* Michael Isikoff, FBI Tried to Flip Saudi Official in 9/11 Investigation, Yahoo! News, July 15, 2021.

3.  That same day I had communications with members of the Plaintiffs Executive Committees and internal telephone calls with Emily Rybicki (the lead paralegal at my firm assigned to this matter and specifically tasked with handling incoming deposition materials) and Robin Pramanand (the director of Anderson Kill's IT department), along with other communications with other Anderson Kill attorneys and staff working on the case.

4. Following these inquiries and follow up communications over the next several days, I was confident Anderson Kill had nothing to do with transmitting the Jarrah deposition transcript but that this was a serious matter, necessitating a thorough investigation.

5. In communications with Ms. Rybicki and Mr. Pramanand, and in reviewing documentation, I learned that on June 28, 2021, Ms. Rybicki received via email the final transcripts of the Jarrah deposition from the court reporter. In a subsequent communication, I learned that on July 7, 2021, Ms. Rybicki received a link to the videos of the deposition from the court reporting company.

6. I understand that at the time Ms. Rybicki received the transcripts, she was working on other time-sensitive projects, so she did not immediately file the transcripts in our electronic file system. I understand from speaking to Ms. Rybicki and Mr. Pramanand that her computer and email are password-protected and secure and there is no evidence of any unauthorized access to her computer or email between June 28, 2021 and the present.

7. I understand that from July 1, 2021 through July 6, 2021, Ms. Rybicki was out of the office on vacation. I understand the Ms. Rybicki returned to work on July 7, 2021. That day, I understand that Ms. Rybicki received an email from the court reporter with a link to the videos of the Jarrah deposition. I understand that at the time Ms. Rybicki received the videos, she was working on other time-sensitive projects, so she did not immediately file the videos in our electronic file system.

8. On July 13, 2021, a few days after Ms. Rybicki returned from vacation, I understand that she moved the Jarrah transcripts and videos into a secure shared folder

docs-100399642.5

on our electronic file system that was created primarily for downloading confidential deposition materials from the September 11, 2001 litigation. Only Ms. Rybicki, two (2) members of our IT department (Robin Pramanand and Mark Guercio),[1] Robert Horkovich, Esq., Bruce Strong, Esq. and I have access.

9. At no time did I copy, print, forward, or otherwise provide electronic or hard copies of the final Jarrah deposition transcripts to anyone within Anderson Kill, or individuals outside the firm, via email or other delivery methods. I do not recall even reading the Jarrah transcript or viewing the video, in either rough or final form.

10. As part of our internal investigation, I confirmed in writing that neither Bruce Strong nor Robert Horkovich had accessed the final Jarrah transcripts.

11. On July 16, 2021, I also reviewed, with Mr. Pramanand, the file directory and confirmed that no one had accessed the Jarrah deposition transcripts since Ms. Rybicki moved them to the secure folder on July 13, 2021.

12. My personal practice is to rarely look at the deposition transcripts, except if I did not attend a particular deposition, and since I attended the Jarrah deposition, I had not accessed the Jarrah transcripts.

13. On June 17 and 22, 2021, I received via email from Emily Rybicki, rough transcripts of the deposition of Mussaed al Jarrah. Although I understand those are not in issue, I also have not copied, printed, forwarded, or otherwise provided electronic or hard copies of the rough transcripts to anyone within or outside of Anderson Kill, except that I had a copy forwarded to Robert Horkovich, Esq., the managing shareholder of Anderson Kill, who is also an attorney of record in this case on behalf of the O'Neill plaintiffs.

---

[1] I have been advised that Mr. Guercio, Anderson Kill's system administrator, has 'back up' access to the secure folder, but has not used it.

14. To the best of my knowledge, I have never spoken to or contacted Michael Isikoff in any way about anything, I have checked my contacts, and his name does not appear there. I know for a fact that I have not spoken with Mr. Isikoff about the Jarrah deposition or the transcripts. I was provided with certain email addresses of Mr. Isikoff in the course of this investigation and directed our IT department to verify if any emails were sent to him from Mr. Horkovich, Mr. Strong, Ms. Rybicki or myself. Their inquiry advised that there were no such emails in the Anderson Kill system.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in New York, N.Y. on July 30, 2021

_____
Jerry S. Goldman, Esq.