# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

August 26, 2021

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      In light of the extraordinary decision by the United States to review and produce additional evidence after announcing that its Subfile Investigation had been closed, ECF No. 7004, Plaintiffs respectfully submit that an extension of the current September 15, 2021 deadline for Plaintiffs' affirmative expert reports, ECF No. 6872, is necessary and appropriate. *Given the current deadline, Plaintiffs respectfully submit this application on an urgent basis.*

      The Department of Justice ("DOJ") has expressly authorized Plaintiffs to represent to the Court that "the United States believes an extension [of the deadline for Plaintiffs' expert reports] would be in the interests of justice."

      Based on the information the government has provided thus far concerning the ongoing review and rolling production of additional evidence, Plaintiffs request that the deadline for their affirmative expert reports be provisionally extended from September 15, 2021 to October 30, 2021, with the understanding that the parties will keep the Court apprised as to material developments related to the ongoing DOJ/FBI process in the interim. Plaintiffs further propose that the submission of further proposals for expert discovery be deferred to October 15, 2021, when the parties and Court should have a clearer understanding of the DOJ/FBI timeline and process.

1.     **Background Concerning the United States' Extraordinary Review and Production of Additional Evidence**

On August 9, 2021, the DOJ filed a letter advising the Court and parties that the FBI had closed its Subfile Investigation, and that the FBI was undertaking "a review of its prior privilege assertions to identify additional information appropriate for disclosure." ECF No. 7004. The DOJ further advised that the FBI would disclose "such information on a rolling basis, as expeditiously as possible." *Id.*

Within minutes of the DOJ's filing, President Biden issued a statement applauding the DOJ's action and commitment to release additional evidence. The President's statement explained that

> my Administration is committed to ensuring the maximum degree of transparency under the law, and to adhering to the rigorous guidance issued during the Obama-Biden Administration on the invocation of the state secrets privilege. In this vein, I welcome the Department of Justice's filing today, which commits to conducting a fresh review of documents where the government has previously asserted privileges, and to doing so as quickly as possible.

On August 10, 2021, Plaintiffs wrote to the DOJ seeking additional details concerning the extraordinary action announced in the DOJ's letter and the related statement issued by the President. Given the current September 15, 2021 deadline for submission of Plaintiffs' expert reports, Plaintiffs specifically asked whether the FBI would commit to completing its review and production of the critical evidence at issue by August 23, 2021. Having not yet received any response, Plaintiffs followed up on August 16, 2021, and were advised that AUSAs Sarah Normand and Jeanette Vargas were both on vacation, but that the DOJ would endeavor to respond to Plaintiffs later that week.

On August 18, 2021, the DOJ sent a letter to the PECs addressing some of Plaintiffs' information requests, a copy of which is attached hereto. That letter further underscores the extraordinary nature of the ongoing review and production of documents by the DOJ and FBI, and the need to adjust the expert discovery schedule in light of that process. It confirms that determinations were made "*at the leadership levels*" of the DOJ and FBI to "conduct a broad review of the prior privilege determinations, including both the documents that were the subject of the Court's February 1 Opinion and Order and the documents that had not yet been the subject of motion practice." *See* Exh. A at p. 1 (emphasis supplied). The ongoing review encompasses a broad collection of documents of critical and central importance to the inquiry concerning the support network established by agents of the Saudi government for the first arriving 9/11 hijackers, such as the 2016 Review Report, and requires coordination and outreach with other government agencies and foreign governments. *Id.* at pp. 1-2.

The DOJ's August 18 letter specifically confirms that the "government is very cognizant of the pending expert discovery deadlines" and that the government is committed to making its further production on an expedited and rolling basis. *Id.* at p. 2. However, the FBI is unable to

commit to completing the review by August 23 given "the breadth of the review and the need for coordination with other agencies and governments." *Id.* In view of these unique circumstances, the letter advises that "[t]o the extent the PECs wish to seek a modification of the expert discovery schedule, we can represent that the FBI and the Department, including at the leadership levels, are actively engaged in the re-review and are making extraordinary efforts to complete it as soon as reasonably possible." *Id.*

Following receipt of the DOJ's August 18 letter, Plaintiffs inquired as to whether the DOJ could provide any further details concerning the anticipated timeline for the review and production described in the August 18 letter, to assist Plaintiffs in formulating their proposal for expert discovery. The DOJ responded on the morning of August 23, advising that the DOJ and FBI were not yet in a position to provide further information as to the timeframe for completing the review.

*With regard to Plaintiffs' anticipated request for an extension of the deadline for their expert reports in light of the ongoing DOJ/FBI process, the DOJ further advised that Plaintiffs could represent to the Court that "the United States believes an extension would be in the interests of justice."* The DOJ also authorized Plaintiffs to attach its August 18 letter to Plaintiffs' motion for an extension of the expert deadline.

Plaintiffs promptly reported the DOJ's position to the Kingdom and Dallah Avco and shared a copy of the DOJ's August 18 letter, and proposed that the deadline for Plaintiffs' affirmative expert reports be provisionally extended to October 30, 2021. Plaintiffs further proposed that further submissions as to expert discovery be deferred to October 15, 2021, when the parties would have a clearer understanding of the DOJ/FBI process and timeline. The Kingdom and Dallah Avco thereafter advised that they would object to any extension of the deadline for Plaintiffs' expert reports, despite the ongoing production of additional material information and despite the position of the United States.

## 2.     An Adjustment of the Expert Discovery Schedule is Necessary and Appropriate

In light of the extraordinary circumstances described above, and consistent with the position of the United States, a modification of the present deadline for disclosure of Plaintiffs' affirmative expert reports is necessary and appropriate, in the interests of justice. Several considerations support this conclusion.

*First*, it is beyond question that the government will be producing additional evidence, and that that evidence will bear directly and materially on the formulation and presentation of Plaintiffs' experts' opinions and reports. The United States has specifically affirmed its recognition of the importance of sharing information on an expedited basis and commitment to do so on a rolling basis, making clear that additional information will in fact be produced as a result of the ongoing process.

Given the nature of the evidence under review, it is imperative that Plaintiffs' experts be afforded an opportunity to review this additional evidence before serving their reports. The

documents and information in issue include many of the most critical documents relating to the government's investigation of the support network provided by the Saudi government's agents for the first arriving hijackers, and thus go to the very heart of the transactions, events, relationships, and roles at issue in the present jurisdictional inquiry. Plaintiffs' experts must be afforded an opportunity to consider this evidence before disclosing their opinions, as the additional facts and analyses will necessarily inform both the formulation and presentation of their opinions. *See* ECF Nos. 6847, 6851, citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591 (1993) and *United States* v. *Downing,* 753 F.2d 1224, 1242 (3d Cir. 1985). As a corollary, it would be manifestly unfair to subject Plaintiffs' experts to potential cross examination on the basis of evidence that they had no ability to review before offering their opinions.

The fact that the United States, which has a unique understanding of the nature and content of the evidence under review and what is likely to be produced, has affirmed that an extension would be in the interests of justice underscores these points.

*Second,* an extension of the expert discovery deadline is necessary to accommodate the implementation of policy decisions that have been made at the highest levels of the United States government. The DOJ has confirmed that the determinations to review and release additional evidence were made at the leadership levels of the DOJ and FBI, and the President of the United States issued a statement applauding the action and confirming that it accorded with his commitments to transparency and justice for the September 11th community. In connection with the announcement of these policies, the United States has made clear that the 9/11 Plaintiffs should enjoy the full benefit of the additional evidence in the present proceeding, including in relation to their expert reports. For obvious reasons, the Kingdom's preference for a shorter schedule should not interfere with the diligent efforts of the most senior officials of the United States to implement policies aimed at ensuring justice for the victims of the worst terrorist attack in our nation's history and their families.

Further, the failure to extend the expert deadline is likely to impose an unwarranted burden on the senior U.S. officials who are directly overseeing the ongoing review and release of additional evidence. The DOJ has confirmed that leadership at both the DOJ and FBI are directly involved in the ongoing review, and are cognizant of the current expert discovery schedule. An extension of the deadline is thus appropriate to avoid a circumstance in which timeline constraints complicate the work of those senior officials.

*Third,* the extension necessary to accommodate the government's extraordinary review and release of evidence will not unduly delay these proceedings. The United States has made clear its appreciation of the need to disclose additional evidence on an expedited timeline, and that leadership at both the DOJ and FBI are making extraordinary efforts to complete it as soon as reasonably possible. These commitments indicate that the required extension of the expert discovery schedule will not unduly delay the proceedings.

For all of the foregoing reasons, Plaintiffs respectfully submit that the deadline for their affirmative expert reports should be provisionally extended from September 15, 2021 to October

30, 2021, in the interests of justice.  Plaintiffs further propose that the submission of further proposals for expert discovery be deferred to October 15, 2021, when the parties and Court should have a clearer understanding of the DOJ/FBI timeline and process.  The parties will keep the Court apprised as to material developments related to the ongoing DOJ/FBI process in the interim.

Respectfully submitted,

COZEN O'CONNOR

By: _/s/  Sean P. Carter_____
Sean P. Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

MOTLEY RICE LLC

By:_/s/  Robert T. Haefele_____
Robert T. Haefele
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel: (843) 216-9184
Email: rhaefele@motleyrice.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER LLP

By:_/s/  Steven R. Pounian_____
Steven R. Pounian
Kreindler & Kreindler LLP
750 Third Avenue
New York, New York 10017
Tel: (212) 687-8181
Email: spounian@kreindler.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

cc:    The Honorable George B. Daniels (via ECF)
       All MDL Counsel of Record (via ECF)

# Exhibit A



August 18, 2021

**BY EMAIL**

Steven R. Pounian
Andrew J. Maloney
Megan Benet
Kreindler & Kreindler

Robert T. Haefele
Motley Rice

Sean P. Carter
Cozen O'Connor

      Re:    *In re Terrorist Attacks on September 11, 2001*,
              03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Dear Counsel:

        We write in response to your letter dated August 10, 2021, seeking additional information regarding the closure of the FBI's Subfile Investigation and re-review of prior privilege assertions described in our August 9, 2021 letter to the Court.

        You asked for further information concerning the closure of the Subfile Investigation. As you know, the Subfile Investigation was worked out of the FBI's New York Field Office ("NYFO"). In late May of this year, the Subfile Investigation was closed based upon a joint determination by the NYFO and prosecutors in the Criminal Division of this Office.

        Although the Court had already upheld the government's assertions of the state secrets and law enforcement privileges and largely granted the FBI's motion for a protective order, for the past several months, FBI and the Department of Justice, including at the leadership levels, have been actively engaged in reviewing the potential impact of the closure of the Subfile Investigation on some of the government's prior assertions of privilege. This review has also encompassed information withheld from documents not covered by the Court's February 1, 2021 Opinion and Order. This culminated in a determination, as set forth in our August 9 letter to the Court, that the FBI would conduct a broad review of the prior privilege determinations, including both the documents that were the subject of the Court's February 1 Opinion and Order and the documents that had not yet been the subject of motion practice, to determine what additional information is appropriate for disclosure. This ongoing review involves a close and diligent re-review of the documents on the government's Privilege Log that were withheld in full, including the 2016 report

referenced in your letter, as well as documents that were produced in redacted form. The ongoing re-review has also involved coordination and outreach, as necessary, with other U.S. government agencies as well as with foreign governments.

The government appreciates the importance of sharing information on an expedited timeframe and is committed to making additional productions on a rolling basis. As set forth in our August 9 letter, the FBI will complete the re-review as expeditiously as possible. The government is very cognizant of the pending expert discovery deadlines. Given the breadth of the review and the need for coordination with other agencies and governments, however, the FBI is unable to commit to completing the review by August 23. To the extent the PECs wish to seek a modification of the expert discovery schedule, we can represent that the FBI and the Department, including at the leadership levels, are actively engaged in the re-review and are making extraordinary efforts to complete it as soon as reasonably possible.

You also asked about the government's position with regard to further searches and the FBI Protective Order. We believe these questions will be substantially informed by the results of the government's re-review of documents as described above. Once the re-review is completed, we will have a better sense of the extent to which information over which privilege was previously asserted can now be made public, or whether information must remain protected under the FBI Protective Order. We will also be in a better position to engage with you regarding the possibility of conducting further targeted searches.

Very truly yours,

AUDREY STRAUSS
United States Attorney

By:     /s/ Sarah S. Normand
        SARAH S. NORMAND
        JEANNETTE A. VARGAS
        Assistant United States Attorneys
        (212) 637-2709/2678