KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

August 31, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in opposition to the August 26, 2021 letter-motion of the Plaintiffs' Executive Committees ("Plaintiffs") to "provisionally extend[]" their existing September 15, 2021 deadline for submission of their affirmative expert reports to October 30, 2021, and to "defer[]" setting a schedule for the remainder of expert discovery. ECF No. 7074, at 1. Saudi Arabia requests instead that the Court adopt Saudi Arabia's proposed schedule for expert discovery and its renewed motion to dismiss.

      **1.**    On March 28, 2018, Judge Daniels authorized "limited and targeted jurisdictional discovery" against Saudi Arabia and directed that "[l]imited jurisdictional discovery . . . proceed promptly and expeditiously." ECF No. 3946, at 23, 41. On January 13, 2020, this Court declared that "formal paper discovery" was "over." ECF No. 5777, at 43:10-11. On June 30, 2021, depositions ended and fact discovery closed. *See* ECF No. 6546, at 10. Plaintiffs' expert reports are currently due on September 15, 2021. *See* ECF No. 6872, at 1.

      Throughout fact discovery, Plaintiffs have also sought discovery from non-parties, especially the Federal Bureau of Investigation ("FBI"). Saudi Arabia initially objected to Plaintiffs' subpoena to the FBI as overbroad and likely to delay discovery. *See, e.g.*, ECF No. 3964, at 18:12-15. The Court indicated that it did not believe Saudi Arabia had "standing to object to [Plaintiffs'] efforts to uncover discovery from the FBI" but that, "if that process" were to "bleed[] beyond the limited time frame that [the Court] impose[s]," the Court would not "allow that to hold up the [K]ingdom's right to file a new motion to dismiss once a reasonable period of discovery has concluded." *Id.* at 23:11-17.

      The parties and the Court have returned to this issue repeatedly. At times, the Court has shown flexibility with deadlines based on the progress of Plaintiffs' non-party discovery against the FBI. *See, e.g.*, ECF No. 4237, at 41:23-42:5 (extending deadline for first motion to compel); ECF No. 4456, at 89:12-17, 90:20-25 (deferring briefing on the number of depositions). The

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 31, 2021
Page 2

Court has also, however, reaffirmed that it would protect Saudi Arabia's "real interest in wrapping up this discovery and moving forward to the motion practice." ECF No. 4237, at 29:11-13.

**2.** As of the June 30, 2021 close of fact discovery, the FBI had produced 28 tranches of documents, containing 9,939 Bates-numbered pages. Plaintiffs had filed two motions to compel additional productions from the FBI, along with several other letter-motions seeking narrower relief. The Court had ruled on those motions, *see, e.g.*, ECF Nos. 6159, 6510, 6606, 6789, 6828, 6869, and the FBI had produced additional documents as directed.

Having exhausted their legal avenues, Plaintiffs then commenced a public-relations and political push to obtain additional documents, including a well-publicized threat to disinvite President Biden from the memorial commemorating the 20th anniversary of the 9/11 attacks if more documents are not released.[1] On August 9, 2021, shortly after that threat, the government filed a letter informing the Court that "the FBI ha[d] recently closed the Subfile Investigation" and "ha[d] decided to review its prior privilege assertions to identify additional information appropriate for disclosure." ECF No. 7004, at 1.[2] The letter further noted that "[t]he FBI will disclose such information on a rolling basis as expeditiously as possible." *Id.* The President released a letter "welcom[ing]" the letter's filing.[3] Neither the letter nor the statement provided any particular information about which documents the FBI intended to disclose.

On August 18, 2021, the government sent an additional letter to Plaintiffs confirming that it is engaged in a "re-review" of documents previously withheld on the basis of privilege. ECF No. 7074, Ex. A. The letter did not indicate when the re-review would be completed, how many documents would be produced, or what new information would be available. *See id.* On August 20 and 27, 2021, the FBI re-produced certain documents removing certain limited redactions.

**3.** Neither Plaintiffs' political campaign to obtain more documents from the FBI nor the government's voluntary decision to comply after the close of both document and deposition discovery in this case provides good cause for an extension of the limited, targeted jurisdictional discovery period set by the Court. To be sure, Plaintiffs have the right to petition the Executive Branch, and the Executive Branch's response to that petition is not subject to review in this Court.

---

[1] *See* Jan Wolfe, *9/11 Families Tell Biden to Skip Memorial If He Does Not Declassify Files*, Reuters (Aug. 6, 2021), https://www.reuters.com/world/us/911-families-tell-biden-skip-memorial-if-he-does-not-declassify-files-2021-08-06/ (last visited Aug. 31, 2021).

[2] The "Subfile Investigation" is that part of the FBI's investigation that "focus[ed] on allegations that the circle of 9/11 conspirators may be broader than reported in the 9/11 Commission Report," including "individuals who provided or may have provided substantial assistance to 9/11 hijackers Nawaf al-Hazmi or Khalid al-Mi[h]dhar." ECF No. 6510, at 2.

[3] Statement by President Joe Biden on Department of Justice Filing, White House (Aug. 9, 2021), https://www.whitehouse.gov/briefing-room/statements-releases/2021/08/09/statement-by-president-joe-biden-on-department-of-justice-filing/ (last visited Aug. 31, 2021).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
August 31, 2021
Page 3

Decisions whether to assert privileges against the production of documents for national-security and law-enforcement reasons are largely if not wholly committed to politically accountable actors. But this Court's processes are not political.  This Court should limit its consideration of the present motion to the relief sought and the legal and factual grounds presented – viewed in light of Judge Daniels' directive more than three years ago that "[l]imited jurisdictional discovery" should "proceed promptly and expeditiously."  ECF No. 3946, at 41.  Measured by that standard, Plaintiffs' motion lacks merit and should be denied.

Plaintiffs have provided the Court with no specific information about what new documents the FBI plans to release.  Rather, the Court is confronted merely with Plaintiffs' speculation (at 3) that the FBI will produce "additional evidence" that "will bear directly and materially on the formulation and presentation of Plaintiffs' experts' opinions and reports."  The FBI's letter makes no such representation and contains no information that could support the conclusion Plaintiffs assert.  The Court has no reason to believe that anything new the FBI produces will yield material new evidence rather than matter that is immaterial, nonevidentiary, or both.  As this Court has repeatedly made clear, "unsupported 'conclusions' in investigative documents" and "investigative theor[ies]" are not "evidence."  ECF No. 6579, at 13 & n.5 (public version of Nov. 25, 2019 order); *see also* ECF No. 4015, at 27:5-8 ("[T]he fact that the 9/11 Commission or some agent said that, [w]e had suspicions or we thought this or we made this conclusion, that's not evidence.").  There is no reason to believe the FBI's new production will include anything more.  To the contrary, the FBI has closed its investigation with no new charges or final conclusions.  Its decision to do so leaves uncontradicted the findings of the 9/11 Commission and the 9/11 Review Commission of no evidence that Saudi Arabia was complicit in the 9/11 attacks.

Plaintiffs also have provided the Court with no specific information about the date by which the FBI's voluntary additional production will be complete or the date by which Plaintiffs will serve their expert reports.  Instead, Plaintiffs ask the Court (at 1) to "provisionally extend[]" their deadline for submission of their affirmative expert reports to October 30, 2021, and "defer[]" setting a schedule for the remainder of expert discovery.  Nothing in Plaintiffs' letter or in the FBI's letter suggests that the new production will be complete by then.  Effectively, Plaintiffs ask this Court to hold expert discovery open – and therefore "hold up the [K]ingdom's right to file a new motion to dismiss," ECF No. 3964, at 23:15-17 – not merely past the more-than-reasonable period of discovery that has elapsed, but indefinitely.

Saudi Arabia respectfully disagrees with the government's position, as represented by Plaintiffs (at 1), that an extension "'would be in the interests of justice.'"  The interests of justice favor the final close of discovery in this matter and the presentation of the contemporaneous documents and the testimony of witnesses with personal knowledge that were the focus of more than three years of fact discovery.  Those interests do not favor delaying closure of this case to sift through the records of a closed investigation so that material of dubious relevance may be presented to experts who will then act as mere "conduit[s] for introducing hearsay," *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013).  In any event, the government is not a party to this litigation.  Its position on a potential extension is entitled to no weight.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 31, 2021
Page 4

4. In addition to maintaining the current September 15, 2021 deadline for Plaintiffs to submit their affirmative expert reports, the Court also should set a schedule for the remainder of the expert discovery period. In formulating that schedule, the Court should bear in mind that Plaintiffs have disclosed 10 experts. Saudi Arabia is still in the process of retaining its rebuttal experts and is not yet prepared to disclose their identities, but anticipates disclosing fewer than half of the 10 experts that Plaintiffs have disclosed. Saudi Arabia proposes that it serve its rebuttal reports by November 1 and that expert discovery close by December 1, 2021. That will permit two-and-a-half months for Saudi Arabia to take depositions of Plaintiffs' experts and one month for Plaintiffs to take depositions of Saudi Arabia's rebuttal experts.

During meet-and-confer discussions leading up to the parties' joint letter last week, Plaintiffs proposed setting a deadline for an additional round of expert reports in reply to Saudi Arabia's rebuttal reports. Saudi Arabia disagrees with that proposal. In general, "[t]he Federal Rules of Civil Procedure . . . contemplate[] only two rounds of expert reports," those being "opening" and "rebuttal" reports. *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *4 (S.D.N.Y. Dec. 18, 2009). Although "[r]eply expert reports may be appropriate if the rebuttal reports raise new matters not discussed in the initial reports," *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, 2013 WL 2051863, at *2 (S.D.N.Y. May 15, 2013), Saudi Arabia does not intend that its rebuttal reports will raise new matters. As Saudi Arabia has consistently asserted, expert testimony is irrelevant to the straightforward factual issue that is the subject of jurisdictional discovery – "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." ECF No. 3946, at 23. In addition, Plaintiffs' proposal for replies would likely push back the start of expert depositions and delay Saudi Arabia's renewed motion to dismiss into 2022.

As expert discovery proceeds, the parties should also prepare their statements of facts and evidence in advance of Saudi Arabia's renewed motion to dismiss. In their June 3, 2021 letter to the Court, Plaintiffs observed that the Court had "previously proposed that Plaintiffs provide a statement of facts and evidence at the conclusion of discovery" and stated that they "anticipate[d] that they would be able to serve that submission contemporaneous with service of their expert reports, provided that they are afforded until September 15, 2021 to provide those reports." ECF No. 6847, at 5. The Court should hold Plaintiffs to that deadline. Saudi Arabia similarly proposes to serve a statement of facts and evidence, including responses to Plaintiffs' statement of facts and evidence, at the time that it serves its expert reports on November 1, 2021.

If expert discovery closes on December 1, 2021, Saudi Arabia will be prepared to file its renewed motion to dismiss on December 15, 2021. To the extent either party files *Daubert* motions seeking to exclude opinions of the other side's experts, that briefing can and should proceed alongside the motion-to-dismiss briefing. Saudi Arabia accordingly proposes that any *Daubert* motions be due on December 15, 2021; that oppositions to such motions be due together with Plaintiffs' opposition to Saudi Arabia's motion to dismiss; and that replies in support of such motions be due together with Saudi Arabia's reply.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 31, 2021
Page 5

**5.** When discovery ends, the record will show no support for Plaintiffs' baseless allegations that Al Thumairy or Al Bayoumi received or gave any directions to assist the 9/11 hijackers. Counsel for one group of Plaintiffs has recently, publicly claimed that depositions in this case contained multiple "smoking guns" and have described confidential deposition testimony as "lots and lots of people inculpating every Saudi official." July 10 Podcast[4] at 37:28-34. Let Plaintiffs show the Court the evidence they purport to have, let Saudi Arabia respond, and let the Court determine who is correct. That will serve the interests of justice better than indefinitely prolonging discovery.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)

---

[4] Apple Podcasts, *Conspiracyland*, Bonus Episode 2: "Khashoggi and the 9/11 lawsuit" (July 10, 2021) ("July 10 Podcast"), https://podcasts.apple.com/us/podcast/bonus-episode-2-khashoggi-and-the-9-11-lawsuit/id1471037693?i=1000528441443.