# EXHIBIT A



**THE WHITE HOUSE**
WASHINGTON

September 3, 2021

EXECUTIVE ORDER

- - - - - - -

DECLASSIFICATION REVIEWS OF CERTAIN DOCUMENTS
CONCERNING THE TERRORIST ATTACKS OF SEPTEMBER 11, 2001

By the authority vested in me as President by the Constitution and the laws of the United States of America, I hereby order as follows:

Section 1.  Policy.  Many Americans continue to seek full accountability for the horrific attacks of September 11, 2001 (9/11), including 9/11 survivors and victims' family members.  As the 20th anniversary of 9/11 approaches, the American people deserve to have a fuller picture of what their Government knows about those attacks.  Although the indiscriminate release of classified information could jeopardize the national security -- including the United States Government's efforts to protect against future acts of terrorism -- information should not remain classified when the public interest in disclosure outweighs any damage to the national security that might reasonably be expected from disclosure.  The significant events in question occurred two decades ago or longer, and they concern a tragic moment that continues to resonate in American history and in the lives of so many Americans.  It is therefore critical to ensure that the United States Government maximizes transparency, relying on classification only when narrowly tailored and necessary.  Thus, information collected and generated in the United States Government's investigation of the 9/11 terrorist attacks should now be disclosed, except when the strongest possible reasons counsel otherwise.

Sec. 2.  Declassification Reviews.  The Attorney General and the heads of any other executive departments and agencies (agencies) that originated relevant information shall complete declassification reviews:

(a)  not later than September 11, 2021, of the Federal Bureau of Investigation (FBI) electronic communication dated April 4, 2016, from the subfile investigation described in chapter V of the 2015 Report of the Congressionally-directed 9/11 Review Commission to the Director of the FBI (subfile investigation), which was identified but withheld in full during discovery in *In re Terrorist Attacks on September 11, 2001*, MDL No. 03-1570 (S.D.N.Y.);

(b)  not later than 60 days after the date of this order, of:

(i)   all other records that previously were withheld as classified, in full or in part, during discovery in *In re Terrorist Attacks on September 11, 2001*; and

(ii)  the 2021 FBI electronic communication closing the subfile investigation;

(c)  not later than 120 days after the date of this order, of all interview reports, analytical documents, documents reporting investigative findings, or other substantive records (including phone records and banking records, if any) from the FBI's initial investigation of the 9/11 terrorist attacks -- known as the Pentagon/Twin Towers Bombings (PENTTBOM) investigation -- that reference the individual subjects of the subfile investigation and may be found through search terms, keyword identifiers, and other diligent means; and

(d)  not later than 180 days after the date of this order, of all records from any separate FBI investigation other than the PENTTBOM investigation or the subfile investigation of any individual subjects of the subfile investigation that are relevant to the 9/11 terrorist attacks or to any of the individual subjects' connection to an agency relationship with a foreign government.

Sec. 3.  Standards for Declassification.  (a)  Consistent with Executive Order 13526 of December 29, 2009 (Classified National Security Information), the Attorney General or the head of any other agency that originated the information, as the case may be, shall be responsible for conducting the declassification reviews and making declassification determinations for information that originated within their respective agency.  Information may remain classified only if it still requires protection in the interest of the national security and disclosure of the information reasonably could be expected to result in damage to the national security.  Information shall not remain classified if there is significant doubt about the need to maintain its classified status.  Nor shall information remain

classified in order to conceal violations of law, inefficiency, or administrative error or to prevent embarrassment to a person, organization, or agency.

(b)  Even when information requires continued protection in the interest of the national security, the Attorney General or the head of any other agency that originated the information, as the case may be, should determine, as an exercise of discretion, whether the public interest in disclosure of the information outweighs the damage to the national security that might reasonably be expected from disclosure.

(c)  Upon the completion of the declassification reviews under section 2 of this order, the Attorney General and the heads of any other agencies that originated relevant information shall ensure that, as to all information subject to such reviews but not declassified pursuant to such reviews:

(i)    such information meets the requirements for classification, in accordance with Executive Order 13526;

(ii)   all non-classified information is disentangled from any classified information and, to the extent practicable, made available to the public under section 5 of this order; and

(iii)  all information is nonetheless declassified, in accordance with section 3.1 of Executive Order 13526, or any successor order, when the Attorney General or the head of any other agency that originated the information, as the case may be, determines that the United States Government's interest in classification is outweighed by the public's interest in disclosure.

Sec. 4.  <u>Report to the President and the Congressional Intelligence Committees</u>.  Upon completion of each review, the Attorney General, in consultation with the heads of any other agencies that originated relevant information, shall submit to the President, through the Assistant to the President for National Security Affairs, and to the congressional intelligence committees, reports on the results of the declassification reviews completed under section 2 of this order, including a justification for each decision not to declassify information pursuant to such reviews.

Sec. 5.  <u>Public Release</u>.  Upon completion of each review, the Attorney General, in consultation with the heads of any other agencies that originated relevant information, shall make publicly available information declassified as a result of the declassification reviews completed under section 2 of this order, except for information the disclosure of which would materially impair confidential executive branch deliberations.

Sec. 6.  General Provisions.  (a)  Nothing in this order shall be construed to impair or otherwise affect:

(i)   the authority granted by law to an executive department or agency, or the head thereof; or

(ii)  the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b)  This order shall be implemented consistent with applicable law, including the Privacy Act, and subject to the availability of appropriations.

(c)  This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

JOSEPH R. BIDEN JR.

THE WHITE HOUSE,
    September 3, 2021.

White House Press Office · 1600 Pennsylvania Ave NW · Washington, DC 20500-0003 · USA · 202-456-1111