**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:

       **TERRORIST ATTACKS ON**             **03-MD-1570 (GBD)(SN)**
       **SEPTEMBER 11, 2001**

------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR OATH INC.'S EMERGENCY MOTION TO INTERVENE, AND TO RECONSIDER AND MODIFY AUGUST 30, 2021 ORDER (ECF NO. 7082)

Proposed intervenor Oath Inc., which offers the Yahoo! News service ("Yahoo! News")

submits this Memorandum of Law in support of Yahoo! News' Motion to Intervene, and to

Reconsider and Modify the Court's August 30, 2021 Order (ECF No. 7082) (the "Supplemental

Isikoff Order" or "August 30 Order").

Dated:  September 3, 2021

/s/ *Jean-Paul Jassy*
Jean-Paul Jassy (*pro hac* forthcoming)
William T. Um (*pro hac* forthcoming)
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: 310-870-7048
jpjassy@jassyvick.com
wum@jassyvick.com

/s/ *Jennifer L. Bloom*
Jennifer L. Bloom
HUNTON ANDREWS KURTH LLP
200 Park Avenue
52nd Floor
New York, NY 10166
Tel: 212-309-1314
jbloom@HuntonAK.com

Counsel for Proposed Intervenor
Oath Inc. which offers the Yahoo! News
service

## I.     PRELIMINARY STATEMENT

On July 15, 2021, Yahoo! News published a story by its Chief Investigative Correspondent Michael Isikoff about the FBI's investigation of Saudi links to the 9/11 attacks and the ongoing proceedings in this case, both of which are matters of continuing and profound public interest.  This followed on the heels of a podcast and written series by Isikoff for Yahoo! News about the Saudi government's role in the murder of journalist Jamal Kashoggi, which role was condemned by the Biden Administration.  On August 30, 2021, this Court entered an order at the request of lawyers for the Saudi government seeking information, including source information, about the disclosure of deposition testimony of ex-Saudi official Musaed Al Jarrah to Yahoo! News – testimony referenced in the July 15 story.  The August 30 Order is meant to enforce protective orders and protocols issued earlier in this case.  But there is a significant problem.

The August 30 Order is unconstitutionally overbroad and vague, and it violates the First Amendment rights of: (1) Yahoo! News to gather news; (2) possible source(s) to remain anonymous; and (3) the public to receive newsworthy information.  If this order stands as is, it threatens to potentially expose – to the Saudi government and the public – the identity of Isikoff's confidential sources extending well beyond the Al Jarrah deposition, a development that would deal a grievous blow to newsgathering by all journalists.

With these First Amendment interests at stake, which the parties have not adequately represented or defended, Yahoo! News brings this Motion to Intervene for the limited purpose of requesting that the Court reconsider and modify its order to avoid its current constitutional infirmities.

///

## II.    PERTINENT BACKGROUND INFORMATION

Musaed Al Jarrah was deposed on June 17 and 18, 2021.  ECF No. 7011 at 1.  A

Protective Order governing discovery in this case allows counsel to designate "any portion[s]" of

deposition transcripts as containing confidential material.  ECF No. 1900 at § G(3).

Additionally, a Deposition Protocol Order, refers back to the Protective Order for, among other

things, directives on the handling of depositions and deposition transcripts.  ECF No. 3894 at ¶¶

95, 108.  Apparently, counsel for Defendants broadly designated the entire Al Jarrah deposition

transcript as confidential, not just "portion[s]" thereof.[1]

On July 15, 2021, Yahoo! News published an online article by Michael Isikoff, its Chief

Investigative Correspondent, titled: "FBI tried to flip Saudi official in 9/11 investigation."[2]  The

article made reference to limited parts of the Al Jarrah deposition transcript, which was

"obtained exclusively by Yahoo! News."  *Id.*[3]  The article does not reveal the source of the

deposition transcript.

Defendant The Kingdom of Saudi Arabia moved the Court to investigate the alleged

breach of the Protective Order.  ECF No. 6981.  The Kingdom's counsel and two of the

Plaintiffs' Executive Committee ("PECs") law firms filed declarations disclaiming that they

provided the Al Jarrah deposition transcript to Mr. Isikoff.  ECF Nos. 6981, 6991, 6992.

---

[1] Yahoo! News reserves objections to the confidentiality designations of the Al Jarrah deposition transcript.

[2] https://news.yahoo.com/fbi-tried-to-flip-saudi-official-in-911-investigation-090041290.html.

[3] There is also a protective order pertaining to FBI Documents, ECF No. 4255, but it is unlikely that the FBI Protective Order applies here since the article references that the transcript had "redactions for law-enforcement sensitive material," *id.*, and the transcript itself was not material provided by the FBI.  Together, the Protective Orders govern the conduct of the parties, their counsel and various connected entities and individuals, but they do not purport to govern the conduct of third parties outside the jurisdiction of the Court such as Yahoo! News or Isikoff.

Thereafter, this Court ordered the plaintiffs' law firm of Kreindler & Kreindler to file declarations stating "whether anyone acting on its direction shared the Al Jarrah transcript with anyone unauthorized by the Protective Order and the FBI Protective Order." ECF No. 7011 at 3.

On August 30, 2021, following the review of declarations from Kreindler & Kreindler, the Court ordered the filing of supplemental and additional declarations by no later than September 10, 2021. ECF No. 7082. The Supplemental Isikoff Order, which is the subject of this Motion, provides in part:

> [A]ttorneys from Kreindler & Kreindler … are directed to file supplemental declarations that:
>
> > 1. identify all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021. Any written communication must be provided to the Court;
> >
> > 2. declare whether they have ever discussed the contents of the Musaed Al Jarrah deposition with Michael Isikoff or anyone acting on his behalf. Any communication must be described in detail, including whether portions of the transcript were read or testimony was described; …
> >
> > 3. state every person with whom they shared the Al Jarrah deposition transcript …
>
> In addition, the Court orders that the following additional declarations be provided:
>
> > 1. a declaration from any party identified in the supplemental declarations described above employed by or acting at the direction of Kreindler & Kreindler … shall (i) address whether the declarant shared with anyone any portion of the Al Jarrah deposition transcript (either by providing copies of any portion of the transcript, reading any portion of the transcript, or describing it); and (ii) identify and describe all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021 to August 1, 2021. Any written communication must be provided to the Court; and …
> >
> > 2. a declaration from the head of the [Kreindler] law firm's information technology group … [that] assess[es] whether anyone from the [Kreindler] firm emailed either of the two known Isikoff email addresses (i.e., misikoff@yahoo-inc.com or misikoff@oath.com) or any other email addresses known to be associated with Isikoff. If the investigation revealed such emails sent or received between June 1, 2021, and August 1, 2021, those must be provided. …

The Court also directs: …

      1.  Golkow Litigation Services …

      2.  Plaintiff Law Firms …

      3.  Defendant Law Firms …

Each [to] submit a declaration(s) under penalty of perjury that provides:

    1.  Whether anyone employed by or acting at the direction of that entity shared the Al Jarrah deposition transcript with Isikoff, anyone acting on his behalf, or anyone not authorized to receive the deposition under the terms of the Protective Orders;

    2.  Whether anyone employed by or acting at the direction of that entity communicated with Isikoff or anyone acting on his behalf regarding the contents of the Al Jarrah deposition from June 1, 2021, to August 1, 2021. If communication took place, the substance of those communications must be described, and copies of any written communications must be provided to the Court; …

The submissions directed by the Court in this Order shall be provided by September 10, 2021.  (ECF No. 7082 at 1-3.)

## III.   YAHOO! NEWS MOVES TO INTERVENE FOR A LIMITED PURPOSE.

Rule 24 permits a party to intervene in ongoing litigation as of right or by permission of the Court.  Fed. R. Civ. P. 24.  While accepting "as true the non-conclusory allegations of the motion[,]" courts applying Rule 24 "must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases."  *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (internal citations and quotation marks omitted).

For intervention as of right under Rule 24(a)(2), the moving party must show: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.  *See United States v. Pitney Bowes, Inc*., 25 F.3d 66, 70 (2d Cir. 1994).  For permissive intervention under Rule 24(b)(1), the "court may

permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  In exercising its discretion to permit intervention, the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Yahoo! News seeks to intervene for the limited purpose of moving the Court to reconsider and modify the Supplemental Isikoff Order.  Yahoo! News satisfies the criteria for intervention under either the intervention as of right or permissive intervention frameworks. First, Yahoo! News's motion to intervene is timely, coming only four days after the Court entered the Supplemental Isikoff Order.  Second, as explained in more detailed below, Yahoo! News and others have First Amendment rights that would be impaired if the Supplemental Isikoff Order stands unmodified.  Where First Amendment rights are at issue, third party standing should be granted to allow persons to challenge the restriction of the First Amendment rights of others.  *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 574 (1987). Such challenges are "for the benefit of society" in order to "prevent chilling the First Amendment rights of other parties not before the court."  *Secretary of State v. Joseph H. Munson, Inc.*, 467 U.S. 947, 958 (1984).

Third, there is no indication that any of the parties will adequately represent, advance or advocate for Yahoo! News' or the public's interests on these topics.  Yahoo! News submits that the Court was not previously given the opportunity to fully consider the interests of the press and public before entering its order.  Fourth, Yahoo! News' constitutional rights coincide with the rights of the parties to whom the Supplemental Isikoff Order is directed because the Order affects the First Amendment right to speak anonymously.  Fifth, there is no indication that Yahoo! News' intervention would unduly delay or prejudice any party's rights, especially since

the article at issue was published over seven weeks ago and there is no deadline for the Court to

continue its investigation.

IV.     **THE SUPPLEMENTAL ISIKOFF ORDER VIOLATES THE FIRST AMENDMENT.**

     A.  <u>**The First Amendment Rights at Stake**</u>

     The Supplemental Isikoff Order implicates three separate rights enshrined in the First

Amendment: (1) Yahoo! News' right to gather news; (2) the right of sources to speak

anonymously; and (3) the public's right to receive information.

     Compelling the disclosure of "the identity of a confidential source raises obvious First

Amendment problems." *Zerilli v. Smith*, 656 F.2d 705, 710 (D.C. Cir. 1981); *see also Branzburg

v. Hayes*, 408 U.S. 665, 707 (1972) ("news gathering is not without its First Amendment

protections"); *id.* at 709-710 (Powell, J., concurring) (recognizing a journalist's need to protect

"confidential source relationship[s]").  Following *Branzburg*, the Second Circuit held that the

"[c]ompelled disclosure of confidential sources unquestionably threatens a journalist's ability to

secure information that is made available to him only on a confidential basis[.]" *Baker v. F and

F Inv.*, 470 F.2d 778, 782 (2d Cir. 1972) (refusing to compel disclosure of confidential source).

"It is axiomatic," the *Baker* court held, "and a principle fundamental to our constitutional way of

life, that where the press remains free so too will a people remain free.  Freedom of the press

may be stifled by direct or, more subtly, by indirect restraints.  Happily, the First Amendment

tolerates neither, absent a concern so compelling as to override the precious rights of freedom of

speech and the press." 470 F.2d at 785.  Although the Supplemental Isikoff Order does not

directly require Yahoo! News to reveal any confidential source(s), it does require individuals and

possible sources to reveal their potential communications with journalists about the Al Jarrah

deposition and otherwise.  That, in turn, affects Yahoo! News' First Amendment rights to gather news.[4]

The Supplemental Isikoff Order also adversely affects potential source(s)' First Amendment right to speak anonymously.  The "decision to remain anonymous … is an aspect of the freedom of speech protected by the First Amendment."  *McIntyre v. Ohio Election Comm'n*, 514 U.S. 334, 342 (1995).  "Even the Federalist Papers, written in favor of the adoption of our Constitution, were published under fictitious names."  *Talley v. California*, 362 U.S. 60, 64-65 (1962).  The Supplemental Isikoff Order requires not only the potential unmasking of the person(s) who transmitted the Al Jarrah deposition transcript, or the contents thereof, to Yahoo! News, but it goes on to breach the anonymity of person(s) who may have communicated with Yahoo! News for any other number of reasons unconnected to the Al Jarrah deposition or even this case.

By chilling the First Amendment ability of Yahoo! News to gather the news and the First Amendment right of persons directly affected by the Supplemental Isikoff Order to communicate with Yahoo! News, the Order also infringes on the public's First Amendment right to receive newsworthy information.  In *Stanley v. Georgia*, the U.S. Supreme Court held that it "is now

---

[4] The Second Circuit also imposes strict limitations on a court's authority to directly compel a reporter to disclose the identity of a confidential source: "The law in this Circuit is clear that to protect the important interests of reporters and the public in preserving the confidentiality of journalists' sources, disclosure may be ordered only upon a clear and specific showing that the information is: highly material and relevant, necessary or critical to the maintenance of the claim, and not obtainable from other available sources."  *In re Petroleum Products Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982) (vacating order compelling reporter to disclose confidential sources in multidistrict litigation against oil companies).  Here, although the Supplemental Isikoff Order seeks the source information from sources other than a reporter directly, the ultimate identity of the source(s) of the relatively tangential information mentioned in the article at issue is not highly material or relevant to the underlying action, nor is it necessary or critical to the maintenance of any claim in the case.

well established" that the First Amendment "protects the right to receive information and ideas."

394 U.S. 557, 564 (1969) (striking down conviction for possessing obscene material).  The

*Stanley* court continued by holding that "freedom (of speech and press) necessarily protects the

right to receive.  This right to receive information and ideas, regardless of their social worth is

fundamental to our free society."  *Id.* (cleaned up).

### B.  <u>The Order is Unconstitutionally Overbroad and Vague.</u>

The Supplemental Isikoff Order violates the First Amendment in two ways: (1) it is

substantially overbroad; and (2) it is vague.

"An order issued in the area of First Amendment rights must be precise and narrowly

tailored to achieve the pin-pointed objective of the needs of the case."  *Tory v. Cochran*, 544

U.S. 734, 738 (2005) (cleaned up; quoting *Carroll v. President and Comm'rs of Princess Anne*,

393 U.S. 175, 183-184 (1968)).   The Supplemental Isikoff Order is overbroad in two ways.

First, the Supplemental Isikoff Order is overbroad as to scope.  It covers "all

communications with Michael Isikoff," which encompasses far more than just the transmittal of

the Al Jarrah deposition testimony or portions thereof.  ECF No. 7082 at 1-2.  It encompasses

communications that may have nothing to do with this case, and, even if related to the case, it

covers communications that may not be governed by any protective order, law or rule.  Similarly,

the Supplemental Isikoff Order directs the disclosure of "all emails" to all "email addresses

known to be associated with Isikoff" regardless of whether the emails relate to the Al Jarrah

deposition or even this case.  *Id.* at 2.  The Order also covers "all communications with …

anyone acting on [Isikoff's] behalf," which could be understood to cover all communications

with anyone at Yahoo! News on any topic.  *Id.* at 1-2.  The Order also broadly covers any

discussion of any of the "contents" of the Al Jarrah deposition "with Michael Isikoff or anyone

acting on his behalf," which is not necessarily limited to the deposition transcript itself.  *Id.* at 1, 3.  For example, under this portion of the Order, a potential source would have to disclose whether they communicated to Isikoff that certain topics were ***not*** addressed at the Al Jarrah deposition (*i.e.,* were not part of the "contents" of the deposition), but such a communication to Isikoff would not be prohibited by the Protective Orders.

Second, the Supplemental Isikoff Order is overbroad as to time.  In various spots, the Order gives a time range of June 1, 2021 to August 1, 2021.  *Id.* at 1-3.  The later end of the range goes too far because the Yahoo! News article at issue was published on July 15, 2021.  *See* ECF No. 7011 at 1.  The directive to describe and produce communications after the July 15 publication date is not narrowly tailored to determining who the source(s) of disclosure might be because, by July 15, Yahoo! News already had obtained a copy of the redacted transcript (as the article describes).  The earlier end of the range also extends too far because the deposition did not even begin until June 17, 2021, *see id.* at 1.  Thus, no part of the transcript could have been transmitted or discussed before that date.

The Supplemental Isikoff Order is also unconstitutionally vague.  Vagueness "raises special First Amendment concerns because of its obvious chilling effect on free speech."  *Reno v. ACLU*, 521 U.S. 844, 871-872 (1997).  The vagueness doctrine prohibits regulations that burden First Amendment rights in ways that either include protected speech or leave an individual without clear guidance as to the nature of speech that is regulated.  *Coates v. City of Cincinnati*, 402 U.S. 611, 615-616 (1971); *NAACP v. Button*, 371 U.S. 415, 433 (1963).  The Order's requirement that various individuals identify, describe and produce communications regarding "the contents of the Al Jarrah deposition" is vague.  ECF No. 7082 at 1, 3.  It is not clear what this includes and excludes.  As noted above, it is unclear whether this directive would

include confirmation that certain subjects were **_not_** covered at the deposition.  Also, it is not clear

whether the Order means to include communications discussing a general topic covered at the

deposition, but not covered during a specific line of questioning at the deposition itself.  For

example, it is uncertain whether the FBI's entire 9/11 investigation – a very small slice of which

was apparently covered at the Al Jarrah deposition – would be considered part of the "contents"

of the deposition such that all communications concerning any **_other_** part of the FBI

investigation would be subject to the Supplemental Isikoff Order.

## V.      CONCLUSION

For the foregoing reasons, Yahoo! News respectfully asks permission to intervene in this

action on a limited basis to request that the Court reconsider and modify its Supplemental Isikoff

Order prior to September 10, 2021, which is the Order's current compliance deadline.  If the

Court denies any part of this Motion, Yahoo! News respectfully requests that the Court stay its

Supplemental Isikoff Order, whether unchanged or modified in part, to permit Yahoo! News

sufficient time to seek appropriate review.

Dated:  September 3, 2021                              Respectfully submitted,

/s/ _Jean-Paul Jassy_
Jean-Paul Jassy (_pro hac_ forthcoming)
William T. Um (_pro hac_ forthcoming)
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: 310-870-7048
jpjassy@jassyvick.com
wum@jassyvick.com

/s/ _Jennifer L. Bloom_
Jennifer L. Bloom
HUNTON ANDREWS KURTH LLP
200 Park Avenue
52nd Floor
New York, NY 10166

Tel: 212-309-1314
jbloom@HuntonAK.com

Counsel for Proposed Intervenor
Oath Inc. which offers the Yahoo! News
service