# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                )
IN RE:  TERRORIST ATTACKS ON      )     Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001            )     ECF Case
_____)

This document relates to:  _All Actions_

## SAUDI ARABIA'S OPPOSITION TO
## PROPOSED INTERVENOR OATH INC.'S EMERGENCY MOTION TO INTERVENE,
## AND TO RECONSIDER AND MODIFY AUGUST 30, 2021 ORDER

Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

_Attorneys for the Kingdom of Saudi Arabia_

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION AND SUMMARY ...............................................................................1

BACKGROUND AND HISTORY ....................................................................................2

ARGUMENT ....................................................................................................................5

I.  Yahoo! News's Motion To Intervene Should Be Denied ........................................5

    A.  Yahoo! News Lacks Standing To Intervene ...................................................5

        1.  Yahoo! News Lacks Article III Standing Because It Has
            Not Suffered and Has Not Shown That It Will Suffer
            Injury-in-Fact ...................................................................................5

        2.  Yahoo! News Cannot Rely on Third-Party Standing To
            Assert the Alleged Rights of Its Anonymous Source ....................8

        3.  Yahoo! News Cannot Assert the Rights of the Public ............................10

    B.  Yahoo! News Is Not Entitled To Intervene Under Rule 24 ...................................10

        1.  Yahoo! News Has Not Shown a Right To Intervene ................................10

        2.  Yahoo! News Should Not Be Granted Permission To
            Intervene ...........................................................................................12

II.  The Court's August 30 Order Is Constitutional ...................................................13

    A.  The August 30 Order Is Not Overbroad ..........................................................13

    B.  The August 30 Order Is Not Vague ....................................................................16

    C.  The August 30 Order Does Not Infringe Any Right to Anonymous
        Speech ...........................................................................................................18

III.  No Stay Should Be Granted Pending Any Objections or Appeal .......................19

CONCLUSION ...............................................................................................................20

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page

## CASES

*Alston v. Coughlin*, 109 F.R.D. 609 (S.D.N.Y. 1986) .................................................................11

*Arista Records LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ....................................................18, 19

*Barretta v. Wells Fargo Bank, N.A.*, 693 F. App'x 26 (2d Cir. 2017)...........................................20

*Bordell v. Gen. Elec. Co.*, 922 F.2d 1057 (2d Cir. 1991) ...............................................................8

*Branzburg v. Hayes*, 408 U.S. 665 (1972).......................................................................6, 11, 18

*Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175 (1968)....................................13

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) .....................................................................7

*Coates v. City of Cincinnati*, 402 U.S. 611 (1971) ......................................................................17

*Commack Self-Service Kosher Meats, Inc. v. Hooker*, 680 F.3d 194 (2d Cir. 2012) .............16, 17

*Donaldson v. United States*, 400 U.S. 517 (1971) .......................................................................10

*Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582
    (S.D.N.Y. 2018)........................................................................................................................12

*Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144 (2017) ...........................................13

*Farrell v. Burke*, 449 F.3d 470 (2d Cir. 2006)...........................................................................8, 9

*FHFA v. Merrill Lynch & Co.*, 903 F. Supp. 2d 274 (S.D.N.Y. 2012) ........................................20

*Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014)............................................................10

*Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991) ................................................................19

*Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29 (2d Cir. 1999)............................................................6

*Grand Jury Proceeding, In re*, 971 F.3d 40 (2d Cir. 2020)......................................................6, 18

*Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.*, 658 F. Supp. 1205
    (S.D.N.Y. 1987)........................................................................................................................11

*Hollingsworth v. Perry*, 570 U.S. 693 (2013) .........................................................................6, 10

*Keepers, Inc. v. City of Milford*, 807 F.3d 24 (2d Cir. 2015)........................................................7

*Kowalski v. Tesmer*, 543 U.S. 125 (2004)...................................................................................9

*Laird v. Tatum*, 408 U.S. 1 (1972) ........................................................................7

*Levitt, Ex parte*, 302 U.S. 633 (1937) ..................................................................10

*Lewis v. Thompson*, 252 F.3d 567 (2d Cir. 2001) ..................................................8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................5

*NAACP v. Button*, 371 U.S. 415 (1963) ...............................................................17

*Nat. Res. Def. Council, Inc. v. New York State Dep't of Env't Conservation*,
      834 F.2d 60 (2d Cir. 1987) ............................................................................12

*New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992) ...............................11

*Penn Cent. Com. Paper Litig., In re*, 62 F.R.D. 341 (S.D.N.Y. 1974), *aff'd mem.
      sub nom. Shulman v. Goldman, Sachs & Co.*, 515 F.2d 905 (2d Cir. 1975) ...................11

*Persky v. Yeshiva Univ.*, 2002 WL 31769704 (S.D.N.Y. Dec. 10, 2002) .........................7

*Petroleum Prods. Antitrust Litig., In re*, 680 F.2d 5 (2d Cir. 1982) ...............................7

*Pine Lake Vill. Apartment Co., In re*, 21 B.R. 395 (S.D.N.Y. 1982) ...........................20

*Pishevar, In re*, 2020 WL 1862586 (S.D.N.Y. Apr. 14, 2020) .......................................7

*Powers v. Ohio*, 499 U.S. 400 (1991) .....................................................................9

*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238 (2d Cir. 2006) ...................12

*Reno v. ACLU*, 521 U.S. 844 (1997) ................................................................16, 17

*Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871
      (2d Cir. 1984) .................................................................................................10

*Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47 (2006) ...........................13

*Schoolcraft v. City of New York*, 2014 WL 1621480 (S.D.N.Y. Apr. 22, 2014) ..........................7

*Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947 (1984) ........................................8, 9

*Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) ...................................19

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ......................................................5

*State Comm. of Indep. v. Berman*, 2003 WL 22801908 (S.D.N.Y. Nov. 21, 2003) .....................12

*Thibodeau v. Portuondo*, 486 F.3d 61 (2d Cir. 2007) .............................................17

*Tolbert v. Queens Coll.*, 242 F.3d 58 (2d Cir. 2001) ....................................................20

*Tory v. Cochran*, 544 U.S. 734 (2005) ........................................................................13

*Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017)............................5

*United States v. Richardson*, 418 U.S. 166 (1974) ........................................................10

*United States v. Salameh*, 992 F.2d 445 (2d Cir. 1993)................................................19

*United States v. Schulte*, 436 F. Supp. 3d 747 (S.D.N.Y. 2020)...................................14

*United States v. Smith*, 945 F.3d 729 (2d Cir. 2019)......................................................9

*United States v. Thompson*, 896 F.3d 155 (2d Cir. 2018)...........................................13

*United States v. Williams*, 553 U.S. 285 (2008) ......................................................13, 14

*VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179 (2d Cir. 2010) ............................16

*Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019)............................5

*Vista Food Exch., Inc. v. Lawson Foods, LLC*, 2019 WL 6498068
   (S.D.N.Y. Dec. 3, 2019), *appeal dismissed*, 2020 WL 6703904
   (2d Cir. May 12, 2020) ........................................................................................20

*von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136 (2d Cir. 1987) ...............6, 18

## CONSTITUTION AND RULES

U.S. Const.:

     Art. III ....................................................................................................................5

     Amend. I ...............................................................................1, 5, 6, 7, 8, 9, 12,
                                13, 14, 16, 17, 18, 20

Fed. R. Civ. P.:

     Rule 11 .................................................................................................................11

     Rule 24 advisory committee's note.......................................................................12

     Rule 24(a)(2)........................................................................................................10

     Rule 24(b)(1)(B) ..................................................................................................12

     Rule 24(b)(2) (2006)............................................................................................12

Rule 24(b)(3)................................................................................................................12

Rule 26(b)(1)................................................................................................................16

Rule 72 ........................................................................................................................5

**INTRODUCTION AND SUMMARY**

The emergency motion of Oath, Inc. (identifying itself as "Yahoo! News") to intervene, to reconsider or modify this Court's August 30, 2021 Order, ECF No. 7082 ("August 30 Order" or "Order"), and for a stay pending review, should be denied.

**I.**     Yahoo! News has suffered and will suffer no injury from the Court's August 30 Order, which does not require it to do or to refrain from doing anything.  It lacks standing to assert the rights of journalist Michael Isikoff's anonymous sources or the rights of the public at large.  For similar reasons, Yahoo! News has no substantially protectable interest that could justify intervention in this proceeding.  The parties and counsel already involved in this matter can and will make their own arguments on their own behalf.  Intervention will merely cause delay without providing any benefit.

**II.**     On the merits, the Court's August 30 Order violates no one's First Amendment rights – neither those of Yahoo! News nor those of the law firms, attorneys, and court reporters actually subject to the Order.  The Order is reasonably calculated to uncover evidence of a violation of the Court's earlier protective orders, and First Amendment overbreadth and vagueness scrutiny do not apply to a discovery order merely because that order requires the production of underlying communications that may themselves be protected speech.  In any event, Yahoo! News fails to show that the Court's Order is substantially overbroad or too vague for a person of ordinary intelligence to understand and follow.

**III.**     Yahoo! News's request for a stay pending review or appeal should also be denied. None of the familiar stay factors – which Yahoo! News fails to address in its motion – favors that extraordinary relief.  The Court's process of enforcing its protective orders should move forward on the schedule already set.

## BACKGROUND AND HISTORY

1.      On June 17 and June 18, 2021, the Plaintiffs' Executive Committees ("Plaintiffs")

took the deposition of Musaed Al Jarrah.  Al Jarrah is a former employee of the Saudi Arabian

government who worked in Saudi Arabia's Embassy during the relevant period.  Plaintiffs have

accused him of complicity in the September 11 attacks, which he denies.  During the deposition,

Plaintiffs introduced exhibits and asked questions, and Al Jarrah gave answers, containing

confidential material protected from public disclosure under two of this Court's orders:  the

general protective order for this multidistrict litigation, ECF No. 1900 ("MDL Protective

Order"), and the specific order governing materials produced by the Federal Bureau of

Investigation ("FBI"), ECF No. 4255 ("FBI Protective Order").

At the close of the deposition, counsel for the Kingdom of Saudi Arabia ("Saudi Arabia"),

who also represented Al Jarrah at the deposition, designated the transcript as confidential under

the MDL Protective Order pending counsel's review for specific designations.  That was

consistent with the parties' agreed deposition protocol, which permitted up to 90 days for such

review.  *See* ECF No. 6002-1, ¶ 63.  In addition, because FBI confidential information was

discussed at the deposition, the entire deposition was confidential under the FBI Protective Order

pending the FBI's own review.  *See* ECF No. 4255, ¶ 10.  Accordingly, the entire transcript was

confidential under both protective orders and could not lawfully be disclosed to unauthorized

recipients.  *See* ECF No. 1900, ¶ II.H; ECF No. 4255, ¶ 5.

On July 15, 2021, Yahoo! News published an article, attributed to journalist Michael

Isikoff, which stated that Yahoo! News had "obtained exclusively" a "copy of the Al Jarrah

deposition[,] with some redactions for law-enforcement sensitive material."  *See* ECF No. 6981-1,

at 1-2 ("July 15 Article").[1]  The July 15 Article disclosed material from the deposition that
corroborated the statement that its author had a copy of the confidential transcript.

2.      On July 23, 2021, undersigned counsel for Saudi Arabia and Al Jarrah filed a
motion informing the Court of the breach of its orders and seeking targeted discovery as a step
towards enforcing those orders.  *See* ECF No. 6981.  That motion was supported by sworn
declarations from every individual who, while acting as counsel or at the direction of counsel for
Saudi Arabia in this matter, accessed or received the Al Jarrah deposition transcript, stating that
each declarant had not provided the Al Jarrah transcript to Isikoff and disclosing all communications
between each declarant and Isikoff during the relevant period, as well as describing steps counsel
had taken to identify all individuals with electronic access to the transcript.  *See id.* at 2 & n.2;
ECF No. 6981-4.  The motion was also supported by a showing that attorney James Kreindler,
counsel for Plaintiffs, had discussed the Al Jarrah deposition and other confidential depositions
with Isikoff; and that at least one investigator working at the direction of Kreindler & Kreindler
LLP ("Kreindler & Kreindler") had also recently given Isikoff an interview about the litigation.
*See* ECF No. 6981, at 2-3 & n.3; ECF No. 6981-3; ECF No. 6981-4 (Ex. D3, attach. A); ECF
No. 6990, at 2.

Plaintiffs opposed the motion.  *See* ECF No. 6988.  Nevertheless, two law firms
representing Plaintiffs (Cozen O'Connor P.C. and Motley Rice LLP) voluntarily filed
declarations with the Court that were generally similar to those of counsel for Saudi Arabia.  *See*
ECF Nos. 6991, 6992.  A third firm (Anderson Kill) later did the same.  *See* ECF No. 7013.

---

[1] ECF No. 6981 and its attachments are currently under seal pending the Court's review
of proposed redactions.  *See* ECF No. 7066 (sealed letter-motion for approval of redactions).
ECF Nos. 6988 and 6990 are also currently under seal, but no party has requested redactions to
them and we expect them to be unsealed in their entirety once the Court has ruled on the motion
at ECF No. 7066.  No information disclosed in the present filing is or has been confidential.

3.      On August 12, 2021, the Court issued an order finding that "[t]here has plainly been a breach of, at a minimum, the [MDL] Protective Order."  ECF No. 7011, at 1 ("August 12 Order").  The Court observed that "[m]issing from this record is any statement from lead law firm Kreindler & Kreindler" and that "[c]ircumstantial evidence suggests that this firm may be responsible for the leak."  *Id.* at 2; *see also id.* ("[T]he evidence certainly suggests an opportunity for Mr. Kreindler to have breached the Protective Order.").  The Court accordingly ordered Kreindler & Kreindler to file declarations similar to those filed by Cozen O'Connor and Motley Rice.  *See id.*

On August 16, 2021, Kreindler & Kreindler responded to the Court's August 12 Order by filing sworn declarations by four attorneys, including James Kreindler.  *See* ECF No. 7016.  Those declarations state that the firm and those acting at its direction did not "share[ ] the Jarrah deposition transcript with anyone unauthorized."  *Id.* attach. (Benett Decl. ¶¶ 6-7, 9; Kreindler Decl. ¶¶ 5-7, Maloney Decl. ¶¶ 5-7; Pounian Decl. ¶¶ 5-7).

4.      On August 30, 2021, the Court issued a second order requiring "supplemental declarations and additional declarations."  ECF No. 7082, at 1 ("August 30 Order").  As to Kreindler & Kreindler, the Court directed the attorneys who had already filed declarations to identify and produce all communications with Isikoff, describe in detail any discussion with Isikoff about the Al Jarrah depositions, and identify all others with whom they shared the Al Jarrah transcript or whom they otherwise know had access to the transcript.  *See id.*  The Court required similar declarations from anyone acting at Kreindler & Kreindler's direction with access to the transcript and from the firm's information technology director.  *See id.* at 2.  As to other firms attending the deposition and the court reporting firm Golkow Litigation Services, the Court

directed each to provide declarations similar to those already provided by counsel for Saudi

Arabia and by Plaintiffs' firms other than Kreindler & Kreindler.  *See id.* at 2-3.

5.        On September 3, 2021, Oath, Inc., which provides the Yahoo! News service

("Yahoo! News"), filed an emergency motion to intervene for the purpose of asserting claims

that the August 30 Order violates the First Amendment as overbroad and vague.  *See* ECF No.

7095.  The emergency motion also requests a stay of the August 30 Order "to permit Yahoo!

News sufficient time to seek appropriate review."  *Id.* at 11.

## ARGUMENT

**I.     Yahoo! News's Motion To Intervene Should Be Denied**

**A.     Yahoo! News Lacks Standing To Intervene**

**1.     Yahoo! News Lacks Article III Standing Because It Has Not Suffered and Has Not Shown That It Will Suffer Injury-in-Fact**

Any party invoking a federal court's jurisdiction must meet the "'irreducible

constitutional minimum'" of Article III standing, which generally requires that a "plaintiff must

have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v.

Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992)).  An intervenor, like a plaintiff, must have Article III standing if seeking "relief that is

different from that which is sought by a party with standing," *Town of Chester, N.Y. v. Laroe

Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017), or "to appeal a decision that the primary party does

not challenge," *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

Yahoo! News asks this Court to reconsider or modify its August 30 Order, which is relief that no

party with standing has sought; and also asks this Court to stay the Order pending review.  Both

requests require Article III standing.

Yahoo! News lacks standing to challenge the August 30 Order because it has suffered no injury-in-fact.  It has not been "ordered . . . to do or refrain from doing anything." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013).  Further, contrary to Yahoo! News's contentions (at 2, 7-8), the Order does not violate any First Amendment right of either Yahoo! News or Isikoff.  It does not prevent Yahoo! News or Isikoff from speaking or writing anything.  As Yahoo! News concedes (at 7), the Order also does not compel Yahoo! News to disclose the identity of any confidential source – including that of the individual who violated the MDL and FBI Protective Orders by providing Isikoff with a copy of the confidential Al Jarrah transcript.

Yahoo! News erroneously asserts (at 7-8) that the Order "affects [its] First Amendment rights to gather news" by compelling "individuals and possible sources to reveal their potential communications with journalists."  Although the Second Circuit recognizes a "qualified privilege protecting press materials from disclosures" in discovery, *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 32 (2d Cir. 1999), that privilege protects journalists from compulsion to reveal sources.  *See von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 145 (2d Cir. 1987) (requiring the witness invoking privilege "to establish . . . th[e] characteristics which we have delineated as the essential attributes of a journalist").  It neither protects sources from compulsion to reveal communications with journalists nor empowers journalists to prevent such compulsion:

> [T]he privilege claimed is that of the reporter, not the informant, and that if the authorities independently identify the informant, neither his own reluctance to testify nor the objection of the newsman would shield him from grand jury inquiry, whatever the impact on the flow of news or on his future usefulness as a secret source of information.

*Branzburg v. Hayes*, 408 U.S. 665, 695 (1972); *see also In re Grand Jury Proceeding*, 971 F.3d 40, 55 (2d Cir. 2020) ("[A] potential witness is not excused from compliance with a grand jury subpoena merely because the subpoena concerns the witness's communications with reporters.").

Indeed, under the qualified journalist's privilege, litigants seeking discovery from a journalist must first exhaust "other available sources," *In re Petroleum Prods. Antitrust Litig.*, 680 F.2d 5, 7 (2d Cir. 1982) (per curiam), which frequently include testimony from individuals who provided – or who are likely candidates to have provided – information to the journalist. *See*, *e.g.*, *In re Pishevar*, 2020 WL 1862586, at *5 n.16 (S.D.N.Y. Apr. 14, 2020) (reasoning that such "deposition[s]" would be likely to "'shed further light on' the identify of [a] Confidential Source") (citation omitted); *Schoolcraft v. City of New York*, 2014 WL 1621480, at *6 (S.D.N.Y. Apr. 22, 2014) (allowing a subpoena to reporter to obtain a plaintiff's statement after the plaintiff testified that he no longer had it); *Persky v. Yeshiva Univ.*, 2002 WL 31769704, at *4 (S.D.N.Y. Dec. 10, 2002) (rejecting as insufficient a showing that three potential sources were deposed and three others "informally questioned").  That is, seeking discovery of a source's identity or communications from the source rather than from the reporter does not violate the reporter's First Amendment rights.  Doing so is part of the procedure that protects those rights.

Yahoo! News's general assertion (at 8) that the Order will "chill[] [its] First Amendment ability . . . to gather the news" is not enough for standing.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 419 (2013) (rejecting an argument "that plaintiffs can establish standing simply by claiming that they experienced a 'chilling effect' that resulted from a governmental policy that does not regulate, constrain, or compel any action on their part"); *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) ("[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm"); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 43 (2d Cir. 2015) ("'purely conjectural' assertions of a potential 'chill' are insufficient" for standing).  The Order will not affect Isikoff or his sources going forward.  It requires disclosure of communications during a specific past period surrounding a violation of a court order.  Those past communications have already occurred and cannot be chilled.  Yahoo!

- 7 -

News does not claim that more breaches will likely occur in the future or that, if they do, Isikoff is likely to be the recipient of confidential materials.

### 2. Yahoo! News Cannot Rely on Third-Party Standing To Assert the Alleged Rights of Its Anonymous Source

Yahoo! News also fails in its attempt (at 6, 8) to establish third-party standing to assert its "potential source(s)' First Amendment right to speak anonymously."  In the First Amendment context, third-party standing is a "slender exception to the prudential limits on standing" that "allows those who have suffered some cognizable injury, but whose conduct is not protected under the First Amendment, to assert the constitutional rights of others."  *Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1061 (2d Cir. 1991).  It "does not affect the rigid constitutional requirement that plaintiffs" – here, intervenors – "must demonstrate an injury in fact to invoke a federal court's jurisdiction."  *Id.* (rejecting attempt of employee who "failed to establish an injury in fact" to "assert the rights of other[s]"); *see also Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984) (explaining that "*jus tertii* standing" requires a "third party [with] sufficient injury-in-fact to satisfy the Art. III case-or-controversy requirement"); *Lewis v. Thompson*, 252 F.3d 567, 584 (2d Cir. 2001) (explaining that one asserting third-party standing "must meet the constitutional prerequisites of standing," including "injury-in-fact").

The First Amendment doctrine of overbreadth, on which Yahoo! News relies (at 9-10), follows the same principles.  In an overbreadth challenge, a litigant whose own speech or expressive conduct is constitutionally unprotected argues that a statute or rule is invalid because it would violate others' First Amendment rights.  *See Farrell v. Burke*, 449 F.3d 470, 498 (2d Cir. 2006) ("A party alleging overbreadth claims that although a statute did not violate his or her First Amendment rights, it would violate the First Amendment rights of hypothetical third parties if applied to them.").  "[T]o bring an overbreadth challenge," the litigant must himself or herself

"'satisf[y] the [Article III] requirement of "injury-in-fact."'" *Id.* at 499 (quoting *Joseph H.*

*Munson*, 467 U.S. at 958) (last alteration in *Farrell*); *see also United States v. Smith*, 945 F.3d

729, 735-39 (2d Cir. 2019) ("The overbreadth doctrine's recognition of prudential third-party

standing does not compel a less rigorous analysis of constitutional standing.").

The only injury that Yahoo! News asserts on its own behalf (at 1, 7-8) is the purported

violation of its own First Amendment right "to gather news."  As set forth above, it has suffered

no deprivation of that right.  Accordingly, Yahoo! News has not suffered injury-in-fact and

cannot assert anyone else's rights, First Amendment or otherwise.

Yahoo! News also fails to show that it has met the additional requirements for third-party

standing of "a 'close' relationship with the person who possesses the right" and "a 'hindrance' to

the possessor's ability to protect his own interests."  *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004)

(quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).  Yahoo! News presents no information

about the closeness of its relationship, or Isikoff's, with any person or persons who gave him the

confidential transcript or otherwise communicated with him.  It also gives no reason to believe

that the subjects of the Order – a group of sophisticated law firms and one litigation service

provider – cannot raise any First Amendment objections they wish to make.  Plaintiffs have in

the past vigorously asserted their First Amendment rights to discuss this litigation with the

media, *e.g.*, ECF No. 3520, and the Court has made clear that "standing alone there is nothing

wrong with . . . communications," ECF No. 7011, at 2, between Plaintiffs' counsel and Isikoff.

To be sure, if Isikoff has been communicating with anonymous sources other than those

already publicly quoted, and if those sources are subject to the August 30 Order because they had

access to the Al Jarrah transcript, they would have to reveal their identities to assert any First

Amendment rights they might have.  If those sources had cause to believe that revealing their

identities would threaten them with harm or injury, they could apply for a protective order that

would prevent their names from being disclosed beyond the Court and outside counsel.
Protective orders are not foolproof, as the events giving rise to this motion illustrate.  But Yahoo!
News fails to explain why the anonymity of Isikoff's sources deserves more solicitude than
Saudi Arabia's diplomatic papers, *see* ECF No. 4696; the FBI's investigative files, *see* ECF No.
4255; or the privacy and safety of witnesses, *see*, *e.g.*, ECF No. 6512.

### 3. Yahoo! News Cannot Assert the Rights of the Public

Yahoo! News also briefly suggests (at 8-9) that its motion to intervene is supported by
"the public's First Amendment right to receive newsworthy information."  A "generalized
grievance" that is "undifferentiated and 'common to all members of the public'" is insufficient to
support standing.  *United States v. Richardson*, 418 U.S. 166, 176-77 (1974) (quoting *Ex parte
Levitt*, 302 U.S. 633, 634 (1937) (per curiam)); *see also Hollingsworth*, 570 U.S. at 706 ("[A]
'generalized grievance,' no matter how sincere, is insufficient to confer standing.").

### B. Yahoo! News Is Not Entitled To Intervene Under Rule 24

### 1. Yahoo! News Has Not Shown a Right To Intervene

To show a right to intervene, Yahoo! News must establish that it "claims an interest
relating to the property or transaction that is the subject of the action, and is so situated that
disposing of the action may as a practical matter impair or impede [its] ability to protect its
interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2); *see
Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam).  Its showing
falls short.

*First*, Yahoo! News fails to point to any legal interest sufficient to support an intervention
request.  To support intervention, an interest must be "significantly protectable," *Donaldson v.
United States*, 400 U.S. 517, 531 (1971); it must be "direct, as opposed to remote or contingent,"
*Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984);

and "it also must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit," *Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.*, 658 F. Supp. 1205, 1208 (S.D.N.Y. 1987) (citing *In re Penn Cent. Com. Paper Litig.*, 62 F.R.D. 341, 346 (S.D.N.Y. 1974), *aff'd mem. sub nom. Shulman v. Goldman, Sachs & Co.*, 515 F.2d 905 (2d Cir. 1975) (table)).  Yahoo! News has no significantly protectable interest because the August 30 Order does not compel it to do or to refrain from doing anything.  It asserts only an indirect, remote, and contingent effect on its ability to gather news based on speculation that present targeted discovery will deter sources from speaking to it in the future.

*Second*, any interest Yahoo! News might have does not relate to the property or transaction that is the subject of this action.  A party's interest in the "determination of an issue collateral to the merits of an action," such as an inquiry into whether "Rule 11 sanctions" should be imposed, does not warrant intervention.  *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992).  The subject of this action is the September 11 attacks.  The present dispute concerns the enforcement of the Court's protective orders.  Like the Rule 11 sanctions proceeding in *New York News*, such enforcement is collateral and does not warrant intervention.

*Third*, the August 30 Order will not impair or impede Yahoo! News's ability to protect any interest it may have.  Impairment requires that the relief ordered by a court must "squarely confront" a proposed intervenor's interest.  *Alston v. Coughlin*, 109 F.R.D. 609, 613 (S.D.N.Y. 1986).  The August 30 Order will not prevent Yahoo! News or Isikoff from assuring present and future sources of as much confidentiality as the law permits.  That does not include protection from Court orders directed to the source rather than to Yahoo! News; but that has been the law since at least the Supreme Court's 1972 decision in *Branzburg*.

*Fourth*, existing parties adequately represent any interest Yahoo! News may have.  A district court may "conclud[e] that the interests of [an] intervenor are adequately represented"

- 11 -

when the party aligned with the intervenor "has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions." *Nat. Res. Def. Council, Inc. v. New York State Dep't of Env't Conservation*, 834 F.2d 60, 62 (2d Cir. 1987).  No one can question that the parties to this case litigate vigorously and present all colorable contentions.  Although no one has raised First Amendment objections to the August 30 Order, that is likely because – as set forth in Part II – any such objections lack merit.

### 2. Yahoo! News Should Not Be Granted Permission To Intervene

To seek permission to intervene, Yahoo! News must establish that it "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Courts "consider[] substantially the same factors whether the claim for intervention is 'of right' under Fed.R.Civ.P. 24(a)(2), or 'permissive' under Fed.R.Civ.P. 24(b)(2)."  *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).[2]  Yahoo! News presents no additional arguments for permissive intervention.  "'[T]he considerations that render [it] ineligible for intervention as of right under Rule 24(a) here militate strongly as well against granting permissive intervention under Rule 24(b).'"  *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 595 (S.D.N.Y. 2018) (quoting *State Comm. of Indep. v. Berman*, 2003 WL 22801908, at *1 (S.D.N.Y. Nov. 21, 2003)).

In addition, the Court should "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  The present motion threatens undue delay of the Court's efforts to enforce its protective orders because Yahoo! News requests (at 11) a stay of the August 30 Order in order "to seek appropriate review."  Anyone directly affected by the Order can seek review and a stay.  But intervention is not

---

[2] Former Rule 24(b)(2) became current Rule 24(b)(1)(B) in the 2007 Rules amendments, which were "stylistic only."  Fed. R. Civ. P. 24 advisory committee's note.

warranted so that Yahoo! News can delay the process to press a First Amendment argument that it lacks standing to assert – and that, as shown below, lacks any merit.

## II.   The Court's August 30 Order Is Constitutional

### A.   The August 30 Order Is Not Overbroad

If the Court reaches the merits of Yahoo! News's constitutional arguments, it should reject them.  The August 30 Order does not regulate anyone's speech.  It does not prevent anyone from speaking in the future to Yahoo! News or Isikoff or impose penalties for any past speech.  Instead, by directing disclosure of past communications, the Order "regulat[es] . . . conduct" with at most an "incidental" effect on speech.  *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 62 (2006); *see Expressions Hair Design v. Schneiderman*, 137 S. Ct. 1144, 1150-51 (2017) (a law does not trigger First Amendment scrutiny if its "effect on speech [is] only incidental to its primary effect on conduct").

The First Amendment doctrine of overbreadth, on which Yahoo! News relies (at 9-10), applies to laws that "'prohibit[] a substantial amount of protected *speech*'" or, "[l]ess common[ly]," laws that "interfere[] with *associational* activity, expressive or intimate, that is protected by the First Amendment."  *United States v. Thompson*, 896 F.3d 155, 163 (2d Cir. 2018) (quoting *United States v. Williams*, 553 U.S. 285, 292 (2008) (emphases in *Thompson*). Laws that regulate "non-expressive *conduct*," *id.*, are not subject to overbreadth challenges.  The cases that Yahoo! News cites demonstrate this point.  *Tory v. Cochran*, 544 U.S. 734 (2005), vacated an injunction against defamation because the person being defamed had died and the injunction had therefore become "an overly broad prior restraint on speech," *id.* at 738; *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175 (1968), reversed an injunction against a white supremacist rally that had been entered without "notice . . . [or] an opportunity for an adversary proceeding," *id.* at 185.  Neither case suggests any First Amendment concern here.

- 13 -

Even if First Amendment overbreadth scrutiny could appropriately be applied to the

August 30 Order, the Order would survive it.  An overbreadth challenge succeeds only where

"a statute's overbreadth [is] *substantial*, not only in an absolute sense, but also relative to the

statute's plainly legitimate sweep." *Williams*, 553 U.S. at 285.  The Order displays no such

overbreadth.  It is reasonably calibrated to the legitimate purpose of identifying the violator of

the Court's protective orders.  The communication with Isikoff that disclosed the Al Jarrah

transcript is not itself protected speech, because no one has a First Amendment right to violate a

court order.  *Cf. United States v. Schulte*, 436 F. Supp. 3d 747, 751 (S.D.N.Y. 2020) (collecting

cases holding that "[s]peech integral to criminal conduct," such as the unlawful disclosure of

classified information, does not receive First Amendment protection) (citation omitted).  Indeed,

Yahoo! News does not dispute that the Court could direct the subjects of the Order to disclose

whether they provided the Al Jarrah transcript to Isikoff.  Instead, it contends (at 9) that the Order

is "overbroad as to scope" because it requires that certain individuals disclose "all communications

with . . . Isikoff," and it complains (at 10) that the Order is "overbroad as to time" because it

requires disclosures for the two-month period of June 1 to August 1.  Both contentions fail.

*First*, the requirement to disclose "all communications" with Isikoff is directed

specifically to attorneys from Kreindler & Kreindler and to others "employed by or acting at

[that firm's] direction" who had access to the Al Jarrah deposition transcript.  ECF No. 7082, at

1-2.  The Court had good reason to require disclosure of communications with Isikoff by that

particular firm (and those working at its direction).  As the Court observed in its August 12

Order, which Yahoo! News does not address, there is "[c]ircumstantial evidence" that Kreindler

& Kreindler "may be responsible for the leak."  ECF No. 7011, at 2.  Further, although Saudi

Arabia's counsel and several of Plaintiffs' counsel have filed sworn declarations denying any

communications with Isikoff at all during the relevant period, *see id.*, the more limited declarations filed by Kreindler & Kreindler did not do so, *see* ECF No. 7016.

On that record, it was reasonable for the Court in its August 30 Order to require further verification that Kreindler & Kreindler was not the source of the unlawful disclosure of the Al Jarrah transcript. Further, communications between those at Kreindler & Kreindler and Isikoff are a reasonably likely source of further information about the disclosure. Even communications that might not refer directly to the Al Jarrah deposition or the transcript itself could yield additional "[c]ircumstantial evidence," ECF No. 7011, at 2, that Kreindler & Kreindler either was or was not the source that gave Isikoff the transcript. As one example, such communications might show that Kreindler & Kreindler either was or was not aware of Isikoff's possession of confidential material before the publication of his July 15 article, which would tend to prove or disprove the hypothesis that Kreindler & Kreindler was involved in the unauthorized disclosure. As another example, such communications might show that Isikoff disclosed the identity of other sources to Kreindler & Kreindler, just as he disclosed to counsel for Saudi Arabia that Kreindler & Kreindler had commented on Al Jarrah's and other depositions. Inquiries to those other sources might then reveal the source of the transcript leak.

*Second*, the requirement to disclose communications from June 1 to August 1, as applied to both Kreindler & Kreindler and other subjects of the Order, was also reasonable in light of the record before the Court. Yahoo! News does not dispute that the Court could require disclosure from June 17 (when Al Jarrah's deposition began) to July 15 (when Isikoff published his article disclosing the transcript). It was reasonable to extend the Order to include two weeks before that period and two weeks after because communications may reveal circumstantial – or direct – evidence of the transcript's disclosure. As one example, communications before or after June 17 about confidential depositions or other matters in this case would be circumstantial evidence that

- 15 -

the person communicating with Isikoff had "an opportunity . . . to have breached the Protective Order."  ECF No. 7011, at 2.  As another, communications after July 15 might include commentary on Isikoff's decision to reveal publicly that he had reviewed a copy of the transcript, which likely caused the violator of the protective orders concern.

Measured by ordinary discovery standards, *see* Fed. R. Civ. P. 26(b)(1), there is no question that the discovery the Court has ordered is "relevant" to the matter at issue – a limited investigation into a breach of the protective orders – and "proportional to the needs of the case." Indeed, Yahoo! News does not contend otherwise.  Its overbreadth argument is solely that the First Amendment requires the Court to avoid even the possibility of disclosure of any communications with Isikoff that did not themselves violate the Court's orders.  Yahoo! News presents no authority supporting its assertion that such a requirement does or should exist.

### B.    The August 30 Order Is Not Vague

The August 30 Order is not unconstitutionally vague.  Like overbreadth, First Amendment vagueness is a constraint on laws that regulate speech.  *See Commack Self-Service Kosher Meats, Inc. v. Hooker*, 680 F.3d 194, 213 (2d Cir. 2012) ("'When a statute is capable of reaching expression sheltered by the First Amendment, the [vagueness] doctrine demands a greater degree of specificity than in other contexts.'") (quoting *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179, 186 (2d Cir. 2010)) (alteration in *Commack*).  Yahoo! News cites no case suggesting that a discovery order to produce past communications should receive heightened First Amendment vagueness scrutiny because the underlying communications themselves may have been protected by the First Amendment – as nearly all communications are.

Instead, the cases on which Yahoo! News relies (at 10) each involved a government *prohibition* of future speech or expression that left those regulated uncertain of what they could or could not say or express.  *Reno v. ACLU*, 521 U.S. 844 (1997), struck down a criminal

prohibition of "'indecent'" and "'patently offensive'" online speech, *id.* at 870-71; *Coates v. City of Cincinnati*, 402 U.S. 611 (1971), struck down a criminal prohibition of "assembly" in public places where those assembled were "'annoying to persons passing by,'" *id.* at 612-14; and *NAACP v. Button*, 371 U.S. 415 (1963), struck down a criminal prohibition on attorney solicitation of business that had been construed to include "advis[ing] another that his legal rights have been infringed and refer[ring] him to a particular attorney or group of attorneys," *id.* at 434. The August 30 Order, which prohibits no speech, is wholly unlike such statutes.

Even if the Court were to apply First Amendment vagueness scrutiny to the August 30 Order, the Order would pass.  The law requires only "'sufficient clarity to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited'" – here, required – "'and to provide explicit standards for those who apply them'" – here, this Court.  *Commack*, 680 F.3d at 213 (quoting *Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007)).  Without citing this standard, Yahoo! News suggests that the Order is vague because it requires disclosure and production of certain "communications regarding 'the contents of the Al Jarrah deposition.'" ECF No. 7095, at 10 (quoting ECF No 7082, at 1, 3).  A person of reasonable intelligence would be able to apply that directive without difficulty, as will the Court should any disputes arise.

Contrary to Yahoo! News's suggestions (at 11-12), it is not unclear whether the August 30 Order would require disclosure of a communication providing "confirmation that certain subjects were not covered at the deposition."  (Emphasis omitted.)  Such a communication would concern the contents of the deposition and would be responsive.  Nor is it unclear whether the Order would require disclosure of "all communications concerning any . . . part of the FBI investigation."  If a communication concerned the FBI's investigation, but not the Al Jarrah deposition, it would not be responsive.  If it concerned any questions or testimony during the Al

Jarrah deposition, including any testimony about the FBI investigation that may have occurred, it would be.  Lawyers responding to discovery face more delicate questions every day.

### C.   The August 30 Order Does Not Infringe Any Right to Anonymous Speech

Although Yahoo! News asserts in seeking intervention (at 8) that the August 30 Order "adversely affects potential source(s)' First Amendment right to speak anonymously," the part of its motion that addresses the merits cites no authority and makes no argument that the Order actually violates any such right.  Any such argument would fail.

As set forth above, any qualified journalist's privilege that Isikoff might assert does not bar an inquiry made directly to a potential source.  *See supra* Part I.A.1 (discussing *Branzburg*, 408 U.S. at 695; and *Grand Jury Proceeding*, 971 F.3d at 55).  The persons and entities subject to the Order cannot assert that they had "the intent to use material – sought, gathered or received – to disseminate information to the public and that such intent existed at the inception of the newsgathering process."  *von Bulow*, 811 F.2d at 144.  To the contrary, those subject to the Order received confidential information "solely for the purpose of the prosecution or defense of the MDL, or preparation of the MDL for trial."  ECF No. 1900, ¶ II.E.

Where non-journalists are concerned, any First Amendment protection for anonymity in the discovery process is limited and easily overcome.  The best guidance is provided by *Arista Records LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), which affirmed the denial of a motion to quash a civil subpoena seeking the identities of Internet subscribers who had allegedly infringed copyrights.  In that case, the court of appeals adopted the following "general standard for . . . a motion to quash, to preserve the objecting party's anonymity":

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Id.* at 119 (quoting *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)) (alterations in original).  Here, those factors confirm that the Order is constitutional.

      *First*, there has been a concrete showing of actionable harm.  This Court has found, and no one disputes, that the statements in Isikoff's July 15 article show that "[t]here has plainly been a breach of, at a minimum, the Protective Order."  ECF No. 7011, at 1.  *Second,* the August 30 Order is specific.  It addresses only individuals who had the Al Jarrah transcript and concerns only the disclosure of the transcript and any communications with the reporter who received the transcript.  *Third*, no one, including Yahoo! News, has suggested alternative means to determine who violated the Court's protective orders.  Any subpoena to Isikoff himself certainly would be met by assertion of the journalist's privilege.  *Fourth*, the Court has a strong interest in determining who violated its protective orders so as to enforce those orders.

      *Fifth*, and finally, the August 30 Order's subjects have a reduced expectation of privacy because they are law firms, attorneys, law firm employees, and a court reporting firm being required to disclose communications about a pending case.  "[T]he speech of an attorney participating in judicial proceedings may be subjected to greater limitations than could constitutionally be imposed on other citizens or on the press," though "no broader than necessary to protect the integrity of the judicial system and the defendant's right to a fair trial."  *United States v. Salameh*, 992 F.2d 445, 447 (2d Cir. 1993) (per curiam) (citing *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991)).  It infringes no one's rights to require attorneys, their employees, and a court reporting firm to make disclosures necessary to remedy a violation of this Court's orders and protect the integrity of this Court's proceedings from strategic anonymous leaks.

## III.    No Stay Should Be Granted Pending Any Objections or Appeal

      Yahoo! News requests (at 11) a stay of the August 30 Order pending "review," but does not cite or argue the standard for such a stay.  Its request for a stay should be rejected as

forfeited.  *See FHFA v. Merrill Lynch & Co.*, 903 F. Supp. 2d 274, 277 n.3 (S.D.N.Y. 2012) ("[I]t is well established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001)).  In any event, no stay is warranted.  A stay pending appeal is "'extraordinary relief'" that depends on

> four factors:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Vista Food Exch., Inc. v. Lawson Foods, LLC*, 2019 WL 6498068, at *1 (S.D.N.Y. Dec. 3, 2019) (Netburn, J.) (quoting *In re Pine Lake Vill. Apartment Co.*, 21 B.R. 395, 398 (S.D.N.Y. 1982); and *Barretta v. Wells Fargo Bank, N.A.*, 693 F. App'x 26, 27 (2d Cir. 2017)), *appeal dismissed*, 2020 WL 6703904 (2d Cir. May 12, 2020).

Those factors weigh against a stay here.  Both because it lacks standing and because its merits arguments fall short, Yahoo! News has not shown any likelihood of success on the merits, much less a strong one.  Because its own First Amendment rights are not at stake, Yahoo! News will suffer no irreparable injury from the enforcement of the August 30 Order.  A stay would likely create a lengthy delay in enforcing the MDL Protective Order, in which Saudi Arabia and Al Jarrah have substantial interests.  Finally, the public interest in enforcing the Court's orders and protecting the integrity of its proceedings outweighs Yahoo! News's meritless contentions of First Amendment harm.  The Court's Order should go into effect as scheduled.

## CONCLUSION

Yahoo! News's motion should be denied in its entirety.

- 20 -

Dated:  September 7, 2021

Respectfully submitted,

/s/  Michael K. Kellogg

Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 7, 2021, I caused a copy of the foregoing Saudi Arabia's Opposition to Proposed Intervenor Oath Inc.'s Emergency Motion To Intervene, and To Reconsider and Modify August 30, 2021 Order to be served electronically pursuant to the Court's ECF system.

*/s/  Michael K. Kellogg*
Michael K. Kellogg

*Attorney for the Kingdom of Saudi Arabia*