KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

September 7, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in response to the September 3, 2021 letter from the Plaintiffs' Executive Committees ("Plaintiffs") forwarding President Biden's September 4, 2021 Executive Order. *See* ECF No. 7091.

      That Executive Order directs the declassification review of certain documents within 180 days, but does not order the production of any specific documents. Nothing in the Executive Order presents good cause for extending the current September 15, 2021 deadline for Plaintiffs' expert reports, much less for staying that deadline indefinitely as Plaintiffs request.

      In March 2018, Judge Daniels directed "limited and targeted jurisdictional discovery" on a single factual inquiry: "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." ECF No. 3946, at 23. He required discovery to "proceed promptly and expeditiously," recognizing that sovereign immunity under the Foreign Sovereign Immunities Act of 1976 is immunity from suit, not just liability. *Id.* at 6, 41. He made clear that, to "'preserve[] the effectiveness of . . . immunity,'" the Court should not put Saudi Arabia "'to the expense of defending what may be a protracted lawsuit without an opportunity to obtain an authoritative determination of its amenability to suit at the earliest possible opportunity.'" *Id.* at 6 (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 142 (2d Cir. 2001)).

      Jurisdictional discovery has nonetheless been ongoing for 3.5 years. Recognizing that the documentary and testimonial evidence has established their claims to be meritless, Plaintiffs have sought extension after extension to avoid a final disposition. When the voluminous documents produced by the FBI did not help, Plaintiffs launched a very public campaign to pressure the Executive Branch to declassify additional documents by threatening to exclude President Biden from 9/11 memorial events.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
September 7, 2021
Page 2

      Plaintiffs now seek to extend expert deadlines indefinitely based on their conjecture that the FBI *might* declassify documents upon which their experts *might* rely. But the FBI closed its subfile investigation without any additional findings or charges, leaving unchallenged the final conclusions of the 9/11 Commission and the 9/11 Review Commission that there is no evidence that Saudi Arabia was complicit in the 9/11 attacks. Also unchallenged are the conclusions of the FBI and the CIA that "[t]here is no evidence that either the Saudi Government or members of the Saudi royal family knowingly provided support for the attacks of 11 September 2001 or that they had foreknowledge of terrorist operations in the Kingdom or elsewhere" and that "[t]here is no information to indicate that . . . Omar al-Bayoumi . . . materially supported the hijackers wittingly, [was an] intelligence officer[ ] of the Saudi Government or provided material support for the 11 September attacks, contrary to media speculation." ECF No. 3669-6, at 2. Given that these findings are now final, there is no legitimate reason to believe that any forthcoming production will advance Plaintiffs case in any way or be of use to their experts.

      In any event, Plaintiffs have disclosed that they will present affirmative testimony from 10 or 11 separate experts. According to Plaintiffs' own disclosures, at least five of these experts will opine on topics – such as the political and religious history of Saudi Arabia – that have nothing at all to do with the subject of the FBI's 9/11 investigation (and in fact are wholly irrelevant to this litigation). Even Plaintiffs have not offered any reason to delay the deadline for these expert reports. There is also no legitimate reason to extend the deadlines for Plaintiffs' remaining expert reports, which appear to be similarly irrelevant and conduits for inadmissible hearsay. If the FBI does declassify any documents that those experts believe to be relevant to their opinions, Federal Rule of Civil Procedure 26(a)(2)(E) provides Plaintiffs the ability to supplement those reports. There is no prejudice to Plaintiffs in proceeding in this manner, which is consistent with the Federal Rules and Judge Daniels' mandate that an authoritative determination of immunity be made "at the earliest possible opportunity." ECF No. 3946, at 6. Plaintiffs' request to hold expert discovery open indefinitely flies in the face of that mandate and should be denied.

      Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)