

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 9, 2021

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   In the Matter of Disclosure of Grand Jury Material in Connection with *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Dear Judge Netburn:

The Government writes respectfully to request that the Court modify its prior Orders (ECF Nos. 5193, 6672), which authorized the United States to disclose certain grand jury materials pursuant to the FBI Protective Order (ECF No. 4255), to allow the United States to publicly disclose certain analysis discussing grand jury materials, subject to any redactions that may be required under the Privacy Act.  Specifically, the Government requests authorization to publicly disclose any declassified analysis of communications that were or may have been obtained pursuant to grand jury subpoena, which analysis appears in the April 2016 electronic communication ("April 2016 EC") that the Federal Bureau of Investigation ("FBI") previously withheld as privileged and identified as Document No. 12 on its Privilege Log.  We respectfully request expedited consideration of this application, as the President has directed the Attorney General and other relevant agency heads to complete a declassification review of the April 2016 EC no later than September 11, 2021, and to make publicly available information declassified as a result of that review.

On September 3, 2021, President Biden signed an Executive Order on Declassification Review of Certain Documents Concerning the Terrorist Attacks of September 11, 2001 (the "Executive Order" or "E.O."). The Executive Order provides that "information collected and generated in the United States Government's investigation of the 9/11 terrorist attacks should now be disclosed, except when the strongest possible reasons counsel otherwise." E.O. § 1.  The E.O. directs the Attorney General and the heads of any other executive departments and agencies that originated relevant information to complete declassification reviews of certain categories of records relating to the United States Government's investigation.  E.O. § 2.  It provides:

> Even when information requires continued protection in the interest of the national security, the Attorney General or the head of any other agency that originated the information, as the case may be, should determine, as an exercise of discretion, whether the public interest in disclosure of the information outweighs the damage to the national security that might reasonably be expected from disclosure.

E.O. § 3(b).

As relevant to this application, the Executive Order directs that a declassification review be completed "not later than September 11, 2021, of the Federal Bureau of Investigation (FBI) electronic communication dated April 4, 2016, from the subfile investigation described in chapter V of the 2015 Report of the Congressionally-directed 9/11 Review Commission to the Director of the FBI (subfile investigation), which was identified but withheld in full during discovery in *In re Terrorist Attacks on September 11, 2001*, MDL No. 03-1570 (S.D.N.Y.)." E.O. § 2(a). The Executive Order further provides that "[u]pon completion of each review, the Attorney General, in consultation with the heads of any other agencies that originated relevant information, shall make publicly available information declassified as a result of the declassification reviews completed under section 2 of this order, except for information the disclosure of which would materially impair confidential executive branch deliberations." E.O. § 5. The Executive Order states that it "shall be implemented consistent with applicable law, including the Privacy Act." E.O. § 6(b).

In the course of conducting a declassification review of the April 2016 EC pursuant to the Executive Order, the FBI has identified passages containing analysis of communications that were or may have been obtained pursuant to grand jury subpoena, including analysis of telephone records that the Court previously authorized the FBI to release pursuant to the FBI Protective Order in Orders dated October 7, 2019, and March 22, 2021. *See* ECF Nos. 5193, 6672. To the extent this analysis is declassified as a result of the ongoing declassification review, the Executive Order directs that it be made publicly available consistent with applicable law.

This Court has previously authorized disclosure of certain grand jury materials only to qualified persons subject to the terms of the FBI Protective Order. *See* ECF Nos. 5193, 6672. The Government now respectfully requests that the Court grant authorization to publicly disclose any declassified communications analysis in the 2016 EC that was or may have been derived from these grand jury materials, subject to any redactions that may be required under the Privacy Act.

Additionally, the April 2016 EC contains analysis of telephonic communications where the underlying toll records were not previously searched for or produced, and which may or may not have been obtained pursuant to grand jury subpoenas. To the extent this analysis was derived from grand jury materials, the Government respectfully requests authorization pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) to publicly disclose any such analysis that is declassified, subject to redactions pursuant to the Privacy Act. The Government seeks such authorization for the reasons set forth in the Government's prior petitions for disclosure of matters occurring before the grand jury filed in the district courts of the Eastern District of Virginia, the District of New Jersey, the Southern District of California, and the Central District of California, which were subsequently transferred to this Court for decision (transmitted *ex parte* and under seal by email on August 14, 2019), and the petition filed in this Court on March 24, 2021 (ECF No. 6674). Because this analysis remains classified at the current time, the Government will provide the relevant names or other identifying information in a classified, *ex parte* submission to be submitted to the Court this afternoon.

We thank the Court for its consideration of this request.

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                    United States Attorney

By:    */s/ Sarah S. Normand*
         SARAH S. NORMAND
         JEANNETTE A. VARGAS
         Assistant United States Attorneys
         (212) 637-2709/2678