UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

      TERRORIST ATTACKS ON                 03-MD-1570 (GBD)(SN)
      SEPTEMBER 11, 2001


-------------------------------------------------------------X


# REPLY IN SUPPORT OF PROPOSED INTERVENOR OATH INC.'S EMERGENCY MOTION TO INTERVENE, AND TO RECONSIDER AND <u>MODIFY AUGUST 30, 2021 ORDER (ECF NO. 7082)</u>


JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: 310-870-7048

HUNTON ANDREWS KURTH LLP
200 Park Avenue
52nd Floor
New York, NY 10166
Tel: 212-309-1314

*Counsel for Proposed Intervenor*
*Oath Inc. which offers the Yahoo! News*
*service*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

I. INTRODUCTION ....................................................................................................1

II. THE FIRST AMENDMENT PROVIDES AN EXCEPTION TO THE TYPICAL
STANDING REQUIREMENT, AND YAHOO! NEWS SHOWED SUFFICIENT BASES
TO INTERVENE. ....................................................................................................2

III. THE ORDER VIOLATES FIRST AMENDMENT RIGHTS. ............................................5

    A. The First Amendment Protects More Than Just Future Speech. ...................5

    B. The Kingdom's Concessions Confirm that the Order is Substantially Overbroad. .......6

    C. The Order Also Is Unconstitutionally Vague. ...............................................8

IV. THE GROUNDS FOR AN ALTERNATIVE STAY ARE SELF-EVIDENT. .....................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*Americans for Prosperity v. Grewal*,
 2019 WL 4855853 (D.N.J. Oct. 2, 2019)......................................................................................6

*Arista Records LLC v. Doe 3*,
 604 F.3d 110 (2d Cir. 2010)..........................................................................................................6

*von Bulow ex rel. Auersperg v. von Bulow*,
 811 F.2d 136 (2d Cir. 1987)..........................................................................................................3

*Baker v. F and F. Inv.*,
 470 F.2d 778 (2d Cir. 1972)..........................................................................................................3

*Branzburg v. Hayes*,
 408 U.S. 665 (1972).......................................................................................................................4

*Broadrick v. Oklahoma*,
 413 U.S. 601 (1973)...............................................................................................................2, 3, 8

*Doe v. Reed*,
 561 U.S. 186 (2010).......................................................................................................................6

*Elrod v. Burns*,
 427 U.S. 347 (1976).......................................................................................................................9

*Gonzales v. NBC*,
 194 F.3d 29 (2d Cir. 1999)............................................................................................................3

*In re Grand Jury Proceeding*,
 971 F.3d 40 (2d Cir. 2020)............................................................................................................4

*LaFleur v. Whitman*,
 300 F.3d 256 (2d Cir. 2002)..........................................................................................................3

*Lerman v. Board of Elections*,
 232 F.3d 135 (2d Cir. 2000)..........................................................................................................3

*Riley v. Nat'l Fed. of the Blind of N.C., Inc.*,
 487 U.S. 781 (1988).......................................................................................................................5

*Sackman v. Liggett Group, Inc.*,
 167 F.R.D. 6 (E.D.N.Y. 1996)......................................................................................................4

*Secretary of State v. Joseph H. Munson, Inc.*,
 467 U.S. 947 (1984).......................................................................................................................3

ii

*Tory v. Cochran,*
    544 U.S. 734 (2005)................................................................................................2

*United States v. R. Enters., Inc.,*
    498 U.S. 292 (1991)................................................................................................4

**Other Authorities**

86 F.R. 50439..............................................................................................................9

Executive Order 14040 ............................................................................................2, 9

Proposed intervenor Oath Inc., which offers the Yahoo! News service ("Yahoo! News"), respectfully submits this Reply in support of Yahoo! News' Motion to Intervene, and to Reconsider and Modify the Court's August 30, 2021 Order (ECF No. 7082) (the "August 30 Order").

## I.      INTRODUCTION

Nothing in the Opposition filed by the defendant Kingdom of Saudi Arabia changes the reality that the Court's August 30 Order goes well beyond its stated purpose in an unconstitutional manner.  Yahoo! News understands that the Court is investigating how a redacted version of the Musaed Al Jarrah deposition transcript came to Yahoo! News' Chief Investigative Correspondent Michael Isikoff in the four weeks between when the deposition took place and when Yahoo! News' article was published.  The August 30 Order, however, goes much further than needed to achieve this objective by ordering disclosure of all potential communications with Isikoff and others at Yahoo! News over a two-month period.  Indeed, the Kingdom repeatedly concedes key points that reinforce the unconstitutional overbreadth of the August 30 Order.

Contrary to the arguments advanced by the Kingdom, Yahoo! News can intervene in this case for the limited purpose of requesting that the Court reconsider and modify its August 30 Order.  A well-established exception to the typical standing rule permits parties like Yahoo! News to challenge the overbreadth of an imposition on First Amendment rights.  Here, the August 30 Order's very purpose is to compel the disclosure of confidential sources, which, according to the Second Circuit, "unquestionably" adversely affects journalistic interests – *i.e.,* clearly beyond the minimal "trifle" the Second Circuit requires to show injury-in-fact.

Last week, consistent with the profound public interest in understanding the 9/11 attacks, President Biden issued Executive Order 14040 declassifying all 9/11 materials, including those expressly relating to this case, "except when the strongest possible reasons counsel otherwise." Yahoo! News' request is that, if the Court is going to continue with the investigation requested by the Kingdom of Saudi Arabia – whose role in the murder of journalist Jamal Khashoggi makes fear of reprisals against sources far from theoretical – the Court at a minimum narrow its August 30 Order to avoid constitutional concerns.

II.     **THE FIRST AMENDMENT PROVIDES AN EXCEPTION TO THE TYPICAL STANDING REQUIREMENT, AND YAHOO! NEWS SHOWED SUFFICIENT BASES TO INTERVENE.**

The Kingdom does not dispute that the First Amendment's overbreadth doctrine applies to court orders.  Opp. at 13 (citing *Tory v. Cochran*, 544 U.S. 734 (2005)); Mot. at 9 (same). There is an exception to the typical rules of standing where a party, such as Yahoo! News here, raises an overbreadth challenge pursuant to the First Amendment.  *Broadrick v. Oklahoma*, 413 U.S. 601, 611-612 (1973).  In *Broadrick*, the Supreme Court expressly held that "[i]t has long been recognized that" there is an "exception" to the typical standing requirement "carved out in the area of the First Amendment," because "the First Amendment needs breathing space and that statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn[.]"  *Id.*  "Overbreadth attacks" have been allowed in all manner of First Amendment challenges, including attacks on the "broad sweep" of regulations affecting the freedom of association, prior restraints on speech, and time, place and manner restrictions.  *Id.* at 612-613. Under this doctrine, "[l]itigants, therefore, are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally

2

protected speech or expression." *Id.* at 612; *see also Lerman v. Board of Elections*, 232 F.3d 135, 144-145 (2d Cir. 2000) (where there is a First Amendment overbreadth challenge, "prudential limitations against third party standing are relaxed, and the litigant may assert the rights of individuals whose interests might be affected by the statute but who are not before the court") (citing *Broadrick*, 413 U.S. at 612, and *Secretary of State v. Joseph H. Munson, Inc.*, 467 U.S. 947, 956-958 (1984) (cited in Motion at 6)).  Thus, standing is not a barrier to Yahoo! News' limited entry to this case – whether based on a defense of Yahoo! News' First Amendment rights or the First Amendment rights of others, including potential confidential source(s).

The Second Circuit holds that "the injury-in-fact necessary for standing 'need not be large, an identifiable trifle will suffice.'"  *LaFleur v. Whitman*, 300 F.3d 256, 270 (2d Cir. 2002). The Kingdom incorrectly asserts that Yahoo! News would suffer no injury-in-fact from the Order.  Opp. at 12.  The Kingdom cites *Gonzales v. NBC*, 194 F.3d 29 (2d Cir. 1999), and *von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136 (2d Cir. 1987), acknowledging that journalists in the Second Circuit have a privilege to protect confidential sources.  But the Kingdom ignores *Baker v. F and F. Inv.*, 470 F.2d 778 (2d Cir. 1972), which was cited in Yahoo! News' Motion, Mot. at 7, presumably because *Baker* clearly supports Yahoo! News' position: "[c]ompelled disclosure of confidential sources **unquestionably** threatens a journalist's ability to secure information that is made available to him only on a confidential basis," and "[f]reedom of the press may be stifled by direct, or more subtly, by indirect restraints."  470 F.2d at 782, 785 (emphasis added).  The Order's express aim is to try to uncover Yahoo! News' confidential source(s).  Contrary to the Kingdom's assertions, Opp. at 7, the threat to Yahoo! News and its potential sources is not conjectural; it is the very point of the Order.

3

The Kingdom relies on *Branzburg v. Hayes*, 408 U.S. 665 (1972), and *In re Grand Jury Proceeding*, 971 F.3d 40 (2d Cir. 2020).  Opp. at 6.  Neither *Branzburg* nor *In re Grand Jury Proceeding* holds that a journalist suffers no injury-in-fact from the disclosure of his or her sources to a grand jury or otherwise.  The majority in *Branzburg* recognized that "news gathering is not without its First Amendment protections," and Justice Powell, who provided the crucial fifth vote in the case, expressly recognized journalists' need to protect "confidential source relationship[s]."  408 U.S. at 707; *id.* at 709-710 (Powell, J., concurring).  The party challenging the grand jury subpoena in *In re Grand Jury Proceeding* was not a journalist and therefore had no basis or reason to invoke the newsgathering protections afforded journalists.  The situation here is different because a journalist entity is asserting injury, and there is no subpoena from a grand jury.[1]

Yahoo! News does not seek to intervene in the case in all respects, but only for a limited purpose: to seek reconsideration and modification of the August 30 Order.  Mot. at 5-7.  In *Sackman v. Liggett Group, Inc.*, 167 F.R.D. 6 (E.D.N.Y. 1996), the district court held that third parties were entitled to intervene as of right for the limited purpose of challenging a magistrate judge's discovery order, ruling that the motions to intervene were timely, the intervenors had an interest in protecting privileged communications, the intervenors would have no way of protecting the communications if they were disclosed, and other parties would not adequately protected their interests.  *Id.* at 19-22; *see also id.* at 22-23 (holding in the alternative that intervention should be allowed permissively).  Yahoo! News set forth several bases to support limited intervention as of right, or permissively, Mot. at 5-7, most of which the Kingdom simply

---

[1] Both cases, moreover, involved the sweeping purview of grand juries, which are given special authority to "'paint[] with a broad brush.'"  *In re Grand Jury Proceeding*, 971 F.3d at 54 (quoting *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991)).

4

ignores, Opp. at 10-13.  Yahoo! News' Motion for limited intervention is timely, it seeks to

protect and squarely confront those aspects of the August 30 Order that are overbroad, vague and

a threat to Yahoo! News' (and others') First Amendment interests.  Contrary to the Kingdom's

contention, "existing parties" obviously are not "adequately represent[ing]" Yahoo! News' or

anyone else's First Amendment interests on these issues, Opp. at 17; indeed, no one but Yahoo!

News challenged the scope or constitutionality of the August 30 Order or its preceding order,

ECF No. 7011.

        For all these reasons, standing, injury-in-fact and bases for intervention are all satisfied

here.

## III.    THE ORDER VIOLATES FIRST AMENDMENT RIGHTS.

### A.      The First Amendment Protects More Than Just Future Speech.

        The Kingdom repeatedly and incorrectly asserts that the Order "does not regulate

anyone's speech."  Opp. at 13; *see also id.* at 16-17.  First, that assertion is wrong.  The Order

commands various persons to communicate with the Court about potential underlying

communications between them and Isikoff (and/or others at Yahoo! News).  *Riley v. Nat'l Fed.

of the Blind of N.C., Inc.*, 487 U.S. 781, 795 (1988) ("Mandating speech that a speaker would not

otherwise make necessarily alters the content of the speech.").

        Second, the Kingdom's assertion is irrelevant because the First Amendment protects

more than just prospective speech.  As Yahoo! News explained – and the Kingdom does not and

cannot dispute – the First Amendment also protects: (1) the anonymity of speakers; (2) the

identity of journalists' confidential sources; (3) communications between journalists and their

sources; and (4) the right to receive information.  Mot. at 7-9.

        Third, the Kingdom ignores the adverse effects an overbroad and/or vague order will

have on future communications between source(s) and journalists about this case, which, in turn,

5

will stymie newsgathering and the dissemination of information to the public on these matters of

profound public interest.  The Kingdom does not dispute that the First Amendment includes the

right to speak anonymously, but it does not explain how that is possible when a court order

requires speakers to identify themselves.  *See Americans for Prosperity v. Grewal*, 2019 WL

4855853, at *1, *20 (D.N.J. Oct. 2, 2019) (enjoining, on First Amendment grounds, law

requiring disclosure of identity of donors in part because it would "chill [plaintiff's] First

Amendment rights by deterring potential contributors from donating" to plaintiff); *see also Doe*

*v. Reed*, 561 U.S. 186, 196 (2010) (disclosure requirements are subject to "exacting scrutiny").

Considering the Saudi government's undisputed role in the murder of journalist Jamal

Khashoggi, sources and journalists alike have genuine and serious reason to fear reprisals from

the Kingdom.

　　If source(s) who prefer to remain confidential believe that they may have to disclose

communications with the press – even where those communications do not violate any protective

order – the source(s) will understandably be reticent to share information, the press will not

gather the information and the public will not receive the information – all of which undermines

well-established First Amendment principles.[2]

　　**B.　　The Kingdom's Concessions Confirm that the Order is Substantially
　　　　　　Overbroad.**

　　The Kingdom acknowledges – as it must – that the Order requires the disclosure, over a

two-month period, of "***all*** communications," "whether oral or written," between ***anyone*** at

---

[2] The Kingdom relies on *Arista Records LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), for the
proposition that the right to speak anonymously somehow evaporates in the discovery context.
Opp. at 18-19.  *Arista Records*, however, is a copyright infringement case and the party wishing
to remain anonymous was a defendant in the case who conceded – as was necessary – that
"'[t]he First Amendment right to communicate anonymously is, of course, not a license to ...
infringe copyrights.'"  604 F.3d at 119.

Kreindler & Kreindler or "acting at [the firm's] direction," on the one hand, and "Michael Isikoff or *anyone* acting on his behalf," on the other.  ECF No. 7082 at 1-2 (emphasis added); Mot. at 14-15.  That is very broad and it could encompass myriad topics completely unrelated to the Al Jarrah deposition (or even this case).  The Kingdom concedes that the Order covers "communications that might not refer to the Al Jarrah deposition or the transcript itself[.]"  Opp. at 15.  And it concedes the "underlying communications … may themselves be protected speech."  *Id.* at 1.

Contrary to the Kingdom's contentions, the Order is not limited in scope to persons associated with Kreindler & Kreindler, *see id.* at 14, because it also broadly requires disclosure of the "substance" of all communications, and "copies of" all "written communications," "regarding the contents of the Al Jarrah deposition" over a two-month period between "Isikoff or anyone acting on his behalf" and persons associated with Golkow Litigation Services, Plaintiff Law Firms and Defendant Law Firms.  ECF No. 7082 at 3.  The Kingdom also concedes that the Order would broadly require the disclosure of communications confirming that certain topics were *not* covered at the Al Jarrah deposition even though the Protective Orders at issue only apply to what actually transpired at the deposition.  Opp. at 17; *see also* ECF No. 1900 at § G; ECF No. 3894 at ¶¶ 95, 108; ECF No. 4255; ECF No. 7082 at 1, 3.  The Kingdom cites no order or other authority forbidding the disclosure of materials *not* disclosed in discovery.  Finally, and critically, the Order is not limited to the disclosure of communications governed by any protective order.  *See generally* ECF No. 7082.

The Order applies to a two-month time frame (June 1 to August 1, 2021) even though the Al Jarrah deposition did not begin until June 17 and the Yahoo! News published the article at issue on July 15, 2021.  ECF Nos. 7011, 7082.  The Kingdom's argument for requiring

disclosure before June 17 and after July 15, 2021 boils down to the *possibility* that the Court *may* discover, not the *actual* purported disclosure of the transcript, but "circumstantial evidence" about the disclosure or "commentary on" the disclosure. Opp. at 15-16. It should go without saying, but general invocations of *potential* "relevance," *id.* at 16, must yield to constitutional concerns.

The overbreadth of the August 30 Order is substantial when judged in relation to its "legitimate sweep." *Broadrick*, 413 U.S. at 615. The Order is not limited to its stated purpose – *i.e.,* to try to determine who provided the Al Jarrah deposition transcript. *See* ECF No. 7011 at 1; ECF No. 7082 at 1. Instead, it broadly sweeps in all communications between potential source(s) and Michael Isikoff, or anyone else at Yahoo! News over a two-month period, whether those communications relate to the Al Jarrah deposition or something else entirely. At a minimum, the Order should be modified to cover only the period June 17 to July 15, 2021, and should not extend further than actual disclosure(s) of the Al Jarrah deposition transcripts.

### C.      The Order Also Is Unconstitutionally Vague.

The Order is also vague because it is not clear what it includes. Mot. at 10-11. The Kingdom volunteers its understanding of what the Order covers. Opp. at 17-18. Of course, the declarants subject to the Order may have a different understanding, and, more importantly, the Court may have a different understanding as well.

### IV.      THE GROUNDS FOR AN ALTERNATIVE STAY ARE SELF-EVIDENT.

Yahoo! News requests a stay to consider seeking appropriate review if the Court denies any part of its pending Motion. Mot. at 11. The basis for such a request is apparent from the Motion papers and articulated in more detail here. First, Yahoo! News has made a strong showing that the Order affects First Amendment rights and that the Order is unconstitutionally overbroad and/or vague. *See* Mot. at 7-11; *supra*, at 1-5. Second, Yahoo! News – and others for

whom Yahoo! News brings its overbreadth challenge – will be irreparably harmed without a

stay. *See* Mot. at 6; *supra*, at 1-8.  Once communications and/or identities are disclosed, the bell

cannot be unrung. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[t]he loss off First Amendment

freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury").

Third, a stay would not substantially injure anyone.  The disclosure already happened.  The

transcript is still marked as confidential.  The 9/11 terrorist attacks happened 20 years ago, these

MDL cases started 17 years ago, and there is no great urgency to uncover communications

ancillary to the primary objective of the Court – to determine who disclosed the Al Jarrah

deposition transcript.  Fourth, the public interest lies in protecting First Amendment rights and

robust reporting on this case. *See generally* Mot.  As President Biden articulated late last week,

the American public has an interest in understanding as much about the 9/11 terrorist attacks as

possible. *See* Exec. Order No. 14040 of Sep. 3, 2021, 86 F.R. 50439 ("Many Americans

continue to seek full accountability for the horrific attacks of September 11, 2001 (9/11),

including 9/11 survivors and victims' family members … Thus, information collected and

generated in the United States Government's investigation of the 9/11 terrorist attacks should

now be disclosed, except when the strongest possible reasons counsel otherwise;" expressly

extending the Order to require review and declassification of records withheld in the instant

case).[3]  The August 30 Order as currently constituted goes beyond its stated purpose.

For all of the foregoing reasons, Yahoo! News respectfully requests that its Motion be

granted in full, or at least in part, and, absent that, that the Court stay its August 30 Order for a

---

[3] The Executive Order can be reviewed at:
https://www.federalregister.gov/documents/2021/09/09/2021-19578/declassification-reviews-of-certain-documents-concerning-the-terrorist-attacks-of-september-11-2001.

sufficient time (e.g., 30 days) so Yahoo! News can properly consider whether to seek appropriate review.

Dated:  September 9, 2021                              Respectfully submitted,

                                                      /s/ *Jean-Paul Jassy*
                                                      Jean-Paul Jassy (*pro hac vice* forthcoming)
                                                      William T. Um (*pro hac vice* forthcoming)
                                                      JASSY VICK CAROLAN LLP
                                                      355 South Grand Avenue, Suite 2450
                                                      Los Angeles, CA 90071
                                                      Tel: 310-870-7048
                                                      jpjassy@jassyvick.com
                                                      wum@jassyvick.com

                                                      /s/ *Jennifer L. Bloom*
                                                      Jennifer L. Bloom
                                                      HUNTON ANDREWS KURTH LLP
                                                      200 Park Avenue
                                                      52nd Floor
                                                      New York, NY 10166
                                                      Tel: 212-309-1314
                                                      jbloom@HuntonAK.com

                                                      *Counsel for Proposed Intervenor*
                                                      *Oath Inc. which offers the Yahoo! News*
                                                      *service*

10

**CERTIFICATE OF SERVICE**

I, Jennifer L. Bloom, hereby certify that on September 9, 2021, I served a true and correct copy of the foregoing Reply in Support of Proposed Intervenor Oath Inc.'s Emergency Motion to Intervene, and to Reconsider and Modify August 30, 2021 Order (ECF No. 7082), via the Court's CM/ECF, which will transmit electronic notification of such filing to all counsel of record in this lawsuit.

/s/ Jennifer L. Bloom
Jennifer L. Bloom