**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIRMAN**
STEPHEN J. ADLER
**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*National Geographic*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
*New York, New York*
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, ret.*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
JUDY WOODRUFF
*PBS/The NewsHour*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, ret.*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*

*Affiliations appear only
  for purposes of identification.*

By CM/ECF                                                                                  September 9, 2021

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    <u>Aug. 30, 2021, Order (ECF No. 7082) in *In re Terrorist Attacks on September 11, 2001*, No. 03-MD-1570 (GBD) (SN).</u>

Dear Judge Netburn:

    The Reporters Committee for Freedom of the Press (the "Reporters Committee") respectfully writes as amicus curiae in support of proposed intervenor Oath Inc.'s emergency motion, filed on September 3, 2021 (ECF No. 7095), to urge the Court to reconsider and modify its order of August 30, 2021 (ECF No. 7082) (the "Order").[1]

    The Reporters Committee understands the Court is concerned that an individual may have violated the protective order covering Mussaed al-Jarrah's deposition in this case, *see* Michael Isikoff, *FBI Tried to Flip Saudi Official in 9/11 Investigation*, Yahoo! News (July 15, 2021), https://perma.cc/3MPD-UQY5.  It writes to urge the Court to ensure that any inquiry the Court conducts into whether such a violation occurred be carefully circumscribed to avoid infringing on the First Amendment rights of the news media.

    As Oath Inc. argues, the Order would sweep in communications and records that do not implicate the protective order in this matter, either because they occurred before the Al Jarrah deposition took place or after the Isikoff article was published on July 15, 2021, or because they pertain to topics outside the scope of the protective order.  In seeking communications from two weeks before the deposition and two weeks after the relevant publication, the Order pursues information not relevant to any potential violation of the protective order.  Further, in seeking a broad range of written communications between Kriendler & Kriendler LLP and Isikoff, the Order could endanger confidential journalistic sources beyond the boundaries of this particular proceeding.

    In its current form, the Order implicates journalists' right to gather the news, sources' rights to speak anonymously, and the public's right to receive

---

[1] No party or party's counsel authored this letter brief in whole or in part, or contributed money that was intended to fund the preparation or submission of this letter brief.  No person, other than amicus curiae, its members, or its counsel, contributed money that was intended to fund the preparation or submission of this letter brief.

information about a matter of clear public concern.  Although this Court has a legitimate interest in investigating a possible violation of a protective order, we urge that the terms of the Order be reconsidered and modified so that it does not improperly interfere with constitutionally protected newsgathering activities and communications.  Government inquiries seeking to identify confidential sources can chill other sources from supplying journalists with information about matters of public concern in the future.

   Confidential sources play an integral role in reporters' efforts to obtain newsworthy information for the benefit of the public.  Landmark revelations from the Pentagon Papers to Watergate would not have been possible without reliance on—and appropriate assurances to—confidential sources.  As Reporters Committee Executive Director Bruce D. Brown and Stephen J. Adler, former Editor in Chief of Reuters, recently explained, "[t]he press's ability to report robustly on public affairs, without risking the confidentiality of its sources, enables it to play its essential role of uncovering governmental wrongdoing and providing other useful information to voters."  Stephen J. Adler & Bruce D. Brown, *The Press Just Got a Big Win. Let's Make it Permanent*, N.Y. Times (July 20, 2021), https://perma.cc/4UVM-92BC.

   It is therefore imperative that any investigation into a suspected "leak" of sealed or otherwise confidential information be undertaken with the utmost care.  Indeed, it is instructive that the U.S. Department of Justice, under the directive of Attorney General Merrick Garland, recently updated its policy regarding the acquisition of information or records from members of the news media to ensure that such investigations did not impair newsgathering and the flow of information to the public.

   In a memorandum to federal prosecutors, Attorney General Garland affirmed "the important national interest in protecting journalists from compelled disclosure of information revealing their sources, sources they need to apprise the American people of the workings of their government."  Memorandum from Attorney General Merrick Garland, *Use of Compulsory Process to Obtain Information From, or Records of, Members of the News Media* (July 19, 2021), https://perma.cc/BJ7C-5PKF.  And recognizing that the Department's existing balancing test had "failed to properly weight" that First Amendment value, the Attorney General imposed a flat ban on the use of compulsory process to obtain "information from or records of members of the news media acting within the scope of newsgathering activities."  *Id.* at 1-2 (establishing new restrictions on compulsory process with a few narrow exceptions).

   This shift in policy reflects a recognition at the highest levels of government that the free press is "vital to the functioning of our democracy." *Id*.  Compelled disclosure of "the identity of a confidential source raises obvious First Amendment problems." *Zerilli v. Smith*, 656 F.2d 705, 710 (D.C. Cir. 1981), and when a journalist's sources are swept up in a legal proceeding—whether through process directly to the reporter or inquiries to potential sources—sources can be chilled from participating in the reporting of important public events.

As Justice Powell explained, competing interests must be balanced when seeking information that would reveal a reporter's confidential communications, striking "a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct." *Branzburg v. Hayes*, 408 U.S. 665, 743 (1973) (Powell, J., concurring).

For these reasons, the Reporters Committee respectfully urges the Court to limit any inquiry into the possible disclosure of information to the news media in violation of the protective order in this case, and therefore reconsider and modify the Order to comport with the First Amendment values that underpin our free press.

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend
The Reporters Committee for
 Freedom of the Press
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: (202) 795-9300
Facsmile: (202) 795-9310
ktownsend@rcfp.org

*Counsel of Record for Amicus Curiae*