UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |
|---|---|

This document relates to:

> *Burnett, et al. v. Islamic Rep. of Iran, et al.*, Case No. 15-cv-9903 (GBD)(SN)
> *Arias, et al. v. Islamic Rep. of Iran*, Case No. 19-cv-41 (GBD)(SN)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### RULE 60(a) MOTION FOR CORRECTION TO PARTIAL FINAL JUDGMENT

Plaintiff by undersigned counsel submits this Memorandum of Law in support of their Rule 60(a) Motion for Correction to Partial Final Judgment, and say:

### BACKGROUND

On September 6, 2019, this Court entered an Order of Partial Final Default Judgment on behalf of *inter alia* Elizabeth Parks in the *Burnett* case. *See* ECF No. 5087. In that Order, Elizabeth Parks was identified as a sibling of 9/11 decedent Robert Emmet Parks, Jr., and was awarded damages commensurate with that relationship. The exhibit listing this claim was prepared by Plaintiff's counsel who, at the time of its filing, believed it to be an accurate and correct list of plaintiffs and relationships for whom the Order should have been entered in the *Burnett* case.

On September 19, 2021, Plaintiff's counsel discovered the mistake arising from oversight that Ms. Parks was not a plaintiff in the *Burnett* case, but rather she is a plaintiff in the *Arias* case also pending before this Court. Due to this error, Plaintiff respectfully moves for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 5087 entered on September 6, 2019 and to issue a judgment *nunc pro tunc* in the *Arias* case for Ms. Parks' claims to correct Plaintiff's clerical mistakes.

## ARGUMENT

**Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982)).

Here, the error is mechanical in nature and does not require revisiting the substantive judgment. The correction of Elizabeth Parks as a plaintiff in the *Arias* case rather than as a plaintiff in the *Burnett* case would reflect the reality of the docket; however, the substantive rationale of the judgment remains unchanged.

## CONCLUSION

The correction requested by Plaintiff is clerical in nature and does not raise issues with the substantive judgment issued on September 6, 2019. Moreover, Iran has been served and put on notice of the judgment on behalf of Elizabeth Parks regardless of the case in which that judgment was entered as both the *Burnett* case and the *Arias* case are member cases within this Multi-District Litigation. For the foregoing reasons, Plaintiff respectfully requests that this Court enter

3

the Corrected Order of Partial Final Default Judgment filed contemporaneously with this memorandum of law to conform with the correction provided herein.

Dated: September 24, 2021

Respectfully submitted,

MOTLEY RICE LLC

BY: /s/ John M. Eubanks
John M. Eubanks, Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843)216-9000
Email: jeubanks@motleyrice.com

**Attorneys for Plaintiff**