```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:
                                                                    03-MD-01570 (GBD)(SN)
    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                              REPORT &
                                                                    RECOMMENDATION
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    <u>Dillaber, et al. v. The Islamic Republic of Iran, et al.</u>, No. 18-cv-03162 (GBD)(SN)

Katherine Dillaber moves for compensatory damages and other relief against the Islamic Republic of Iran for personal injuries sustained during the September 11, 2001 terrorist attacks on the Pentagon. ECF No. 7026.[1] The Honorable George B. Daniels granted her a default on October 22, 2019, and referred the determination of damages to this Court. ECF No. 5224. The Court recommends that Ms. Dillaber's motion be GRANTED in part and damages be awarded as described below.

## DISCUSSION

The Court assumes familiarity with the background of this multidistrict litigation and discusses only those aspects relevant to this report and recommendation. The framework for assessing personal injury damage claims brought under Section 1605A of the Foreign Sovereign Immunities Act in this case was set out on February 7, 2020, as part of <u>Burnett, et al. v. The Islamic Republic of Iran, et al.</u>, No. 15-cv-9903 (GBD)(SN). ECF No. 5879 ("<u>Burnett I</u>"). This

---

[1] All ECF citations are to items on the multidistrict litigation docket: 03-md-1570.

provided the basis for three subsequent motions for personal injury damages made by the Burnett Plaintiffs, see ECF No. 5888 at 2, ECF No. 5909 at 2, ECF No. 5932 at 2, as well as one by the plaintiffs in Ashton, et al. v. al Qaeda Islamic Army, et al., 02-cv-6977 (GBD)(SN). ECF No. 5914 at 2. Ms. Dillaber argues that the Burnett I framework is appropriate here as well, ECF No. 7027 at 4-5, and the Court agrees.

Burnett I divides injuries into three categories with expected damages for each: "severe" injuries, the baseline, ($7 million), "significant" injuries, a downward departure ($5 million), and devastating injuries, an upward departure ($10 million). ECF No. 5879 at 6–10. For certain individuals with exceptionally devastating and traumatic injuries, the Court has recommended damages above $10 million. See, e.g., ECF No. 5909 at 12–13 (awarding damages of $25 million where the plaintiff's injuries were "beyond devastating").

On the day of the attacks, Ms. Dillaber was working in the Pentagon as an analyst for the Department of the Army. ECF No. 7028-1 at ¶ 4. Her sister, Patricia Mickley worked in the Pentagon as well, id. at ¶ 5, and the two felt fortunate that they could see each other almost every day. Id. at ¶ 6. Ms. Dillaber saw her sister on September 11, and both were uneasy about the attacks in New York City. Id. at ¶ 7. Her day continued until, on the way to retrieve some papers, she was thrown to the ground by a blast. Id. at ¶ 9.

She felt her leg was injured but still tried to find her sister, only to be turned back to join the crowd of people evacuating the building. Id. Her search continued even as she left the Pentagon. Id. at ¶ 14. In the evening, she stayed at Patricia's house waiting for news, id. at ¶ 21, and returned to the Pentagon the next day to look for her. Id. at ¶ 22. Seven days after the attack, her sister's remains were identified. Id. at ¶ 29. On June 18, 2020, Judge Daniels awarded Ms.

Dillaber $4.25 million in solatium damages as compensation for the anguish, grief, and loss of companionship caused by her sister's death. ECF No. 6284 at 4.

Ms. Dillaber reports being diagnosed with phlebitis of the right leg and thrombocytosis gradually progressive—a rare blood disorder. ECF No. 7028-1 at ¶¶ 31, 33, ECF No. 7028-1 at Ex. H at 2, 22. She was also diagnosed with post-traumatic stress disorder. ECF No. 7028-1 at Ex. D. Ms. Dillaber acknowledges that these physical injuries alone would fall into the "significant" category. ECF No. 7027 at 8. She argues, however, that the unique trauma of surviving the attack when her sister was killed merits an upwards departure. Id. In particular, Ms. Dillaber describes "survivor guilt" and the emotional difficulties related to being both a victim and a mourner.

The Court recognizes that Ms. Dillaber's experience is uncommon, and that her own emotional distress was compounded by the loss of her sister. The Court, however, is reluctant to attempt to measure one victim's emotional injury as against another's absent extraordinary conditions, documented by medical evidence. The Court further recognizes that Ms. Dillaber has separately been awarded compensation to reflect her emotional distress caused by her sister's death.

The "significant" category covers "the absence of serious physical injuries combined with severe emotional injuries." ECF No. 5879 at 7. The $5 million award provided for in this category is already an upward departure from the standard award for injuries sustained in terrorist attacks as "the Court recognizes that [September 11 plaintiffs'] pain and suffering is never relieved because they are continually confronted with reminders of that tragic day." Id. at 6. Accordingly, the Court has found that the combination of significant physical injuries and even severe psychological trauma merit a finding of significant injury. See, e.g., ECF No. 5888

at 6 ("While the Court recognizes the severe emotional trauma . . . the Court in Burnett I determined that severe emotional trauma, combined with some lasting physical injury, falls in the first category of "significant" injuries.") (citing ECF No. 5879 at 6). The Court therefore finds that Ms. Dillaber's injuries are significant and recommends an award of $5 million.

## CONCLUSION

The Court recommends granting Ms. Dillaber pain and suffering damages as follows:

| **Number** | **Plaintiff** | **Pain and Suffering Damages** |
|---|---|---|
| 1 | Katherine Dillaber | $5 million |

She should also be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually. ECF No. 3358, adopted by, ECF No. 3383.

Ms. Dillaber may apply for punitive, economic, and other damages at a later date and in a manner consistent with any applicable future rulings on the issue. Additionally, any Dillaber personal injury plaintiffs not appearing in this motion who were not previously awarded damages may still submit applications for damages awards in later stages.

Finally, the Court recommends respectfully directing the Clerk of Court to terminate the motion at ECF No. 7026.

Dated: September 27, 2021
New York, New York

SARAH NETBURN
United States Magistrate Judge

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).