# Exhibit A1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | No. 03 MDL 1570 (GBD) (SN) |

This document relates to:
*All cases*

## DECLARATION OF ROBERT K. KRY

ROBERT K. KRY declares as follows pursuant to 28 U.S.C. § 1746.

1.  I am a partner at the law firm MoloLamken LLP and represent defendant Dallah Avco Trans Arabia Co. in this matter. I submit this declaration in response to the Court's order of August 30, 2021, concerning the unauthorized disclosure of the Musaed Al Jarrah deposition transcripts to reporter Michael Isikoff.

2.  I did not personally attend the deposition of Musaed Al Jarrah on June 17 and 18, 2021. However, I received the rough transcripts of the Al Jarrah deposition by email from court reporter Amanda Miller on June 17 and 18, 2021, and I received the final transcripts by email from Golkow Litigation Services on June 28, 2021.

3.  I did not share the Al Jarrah transcripts with anyone. I do not have any recollection of sharing the Al Jarrah transcripts with anyone, and I searched my emails and confirmed that I did not share the Al Jarrah transcripts with anyone.

4.  I have never communicated with Michael Isikoff. To the best of my knowledge, I have never communicated with anyone acting on his behalf. I searched my emails and confirmed that I never communicated with Mr. Isikoff.

1

5. To the best of my knowledge, no one employed by or acting at the direction of MoloLamken shared any of the Al Jarrah deposition transcripts with Michael Isikoff, anyone acting on his behalf, or anyone not authorized to receive the deposition transcripts under the terms of the protective orders.

6. To the best of my knowledge, no one employed by or acting at the direction of MoloLamken communicated with Michael Isikoff or anyone acting on his behalf regarding the contents of the Al Jarrah deposition from June 1, 2021, to August 1, 2021.

7. Our firm took the following steps to investigate the apparent disclosure of the Al Jarrah transcripts to Michael Isikoff. First, I had a discussion with my partner Eric Nitz (the only other attorney at our firm substantively involved in the case) to determine who may have had access to the transcripts. We determined that both Mr. Nitz and me received copies from Golkow and the court reporter, and that Mr. Nitz forwarded a copy of the rough and final transcripts to our legal assistant Hannah Lee for filing in the firm's document management system. Mr. Nitz and Ms. Lee both confirmed to me that neither of them had shared the Al Jarrah transcripts with anyone else. Mr. Nitz and Ms. Lee also confirmed to me that neither of them had communicated with Michael Isikoff or, to the best of their knowledge, anyone acting on his behalf.

8. Second, I searched my own emails to confirm that I never shared the Al Jarrah transcripts with anyone and that I never communicated with Michael Isikoff. I also directed Mr. Nitz and Ms. Lee to search their own emails, and they both confirmed to me that they had not sent the Al Jarrah transcripts to anyone else (apart from Mr. Nitz forwarding the transcripts to Ms. Lee) and that they had not communicated with Mr. Isikoff.

9. Third, we asked our firm's IT vendor to confirm whether anyone had accessed the copies of the Al Jarrah transcripts on the firm's document management system. The firm's IT

vendor reported that no one other than Mr. Nitz or Ms. Lee had accessed those transcripts after they were saved to the firm's document management system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 23, 2021
McLean, Virginia

_____
Robert K. Kry