

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629

office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

September 27, 2021

<u>Via ECF/CM</u>

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

  Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
     (Ashton 02-cv-6977 only)

Dear Judge Netburn:

  Kreindler & Kreindler LLP ("Kreindler") is filing this letter together with supplemental and additional declarations pursuant to this Court's inquiry into the article published by investigative reporter Michael Isikoff on Yahoo! News on July 15, 2021. ECF No. 7082.

  Immediately after that article was published, Kreindler began an internal investigation regarding the transcript of the Musaed al Jarrah deposition, including a complete review of our computer storage and email systems and questioning of all individuals with access to the transcript, which are described in the declarations filed today. Based on that investigation, we believed – and told the Court – that Kreindler was not the source of the Jarrah deposition obtained by Michael Isikoff. ECF No.7016. Unfortunately, we learned earlier today for the first time that our prior statements to the Court were wrong. For this, we are very sorry and we apologize to the Court and counsel for this error.

  For the first time today, a consultant to our firm notified Kreindler that he provided portions of the transcript of the Jarrah deposition to reporter Michael Isikoff. The declaration of the consultant is being filed with the Court. In that declaration, he explains how he forwarded the transcript and the efforts he took to keep Kreindler from learning of this. No Kreindler attorneys or staff had any involvement in the release of the Jarrah transcript or knowledge prior to today of what the consultant had done.

  Kreindler is immediately taking steps today to prevent this from happening again and has denied access to all confidential documents on our system to the consultant. We need time to further assess the situation and will make a further report to the Court shortly with our proposals to protect the integrity of its Protective Orders going forward.

September 27, 2021
Page 2

        To permit other parties to present any confidentiality claims to the consultant's declaration, we are filing that today under seal.  Kreindler, however, does not believe that the declaration should remain under seal, though asks that a small portion of it remain redacted and available only to the Court, as described below.

        Kreindler moves for permission to file all or portions of two declarations before the Court *ex parte.*  These materials are being sent separately to chambers via e-mail.  First, Kreindler asks that a small portion of the declaration of the consultant be filed *ex parte* to protect the privacy interests of the individuals referenced in the section that has been redacted from the declaration being filed under seal (and that is highlighted in the version emailed *ex parte* to this Court).

        Second, the entire declaration of another an individual identified as Consultant 1 should be reviewed *ex parte.*  The identity of and work by Kreindler's investigators and consultants is information developed to assist in this litigation, and thus squarely within the work-product privilege. *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) ("The work-product rule shields from disclosure materials prepared in anticipation of litigation by a party … absent a showing of substantial need.") (quotation marks omitted).  The Kingdom does not have a substantial need that could overcome the privilege with respect to the Consultant 1 Declaration.  Rather, the breach of the MDL protective order in this case is an issue for this Court to decide, the Court has access to all the materials that Kreindler proposes remain *ex parte* and under seal and Consultant 1 has declared under penalty of perjury that he/she did not share any portion of the Jarrah transcript with anyone.  In addition, there are genuine personal safety issues for Consultant 1 because of his/her current work and location, and concerns about potential reprisals for his/her work investigating the role of various Kingdom officials should his/her identity be provided to the Kingdom.

                                        Respectfully,

                                        /s/ Megan Wolfe Benett
                                        KREINDLER & KREINDLER LLP
                                        485 Lexington Avenue
                                        New York, New York 10017
                                        Tel.: 212-687-8181
                                        Email: mbenett@kreindler.com

Enclosures