**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                                                    }
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    }
                                                                    }    **1:03 MDL 1570 (GBD)(SN)**
                                                                    }
                                                                    }
-----------------------------------------------------------------X

**This Document Relates to**
*Ryan, et al. v. Iran, et al.*
**1:20-cv-0266 (GBD)(SN)**

### MOTION TO REQUEST ISSUANCE OF LETTERS ROGATORY

The *Ryan* Plaintiffs, through counsel, hereby respectfully submit this Motion to Request the Issuance of Letters Rogatory in the interest of justice, and in support thereof, aver the following:

1. The *Ryan* Plaintiffs request issuance of letters rogatory directing the appropriate judicial authority of the Islamic Republic Iran to effect service of the Complaint, Notice of Suit, Summons, a cover letter, and certified translations in *Ryan, et al. v. Iran, et al.,* 1:20-cv-0266 (GBD)(SN). The *Ryan* Plaintiffs request eight duplicate originals the letter rogatory, one for each of the agency or instrumentality Defendants in this case. A copy of the proposed letter rogatory is attached hereto as **EXHIBIT A**.

2. The *Ryan* Plaintiffs request a determination by this Court, as before, that all sixteen (16) *Ryan* Defendants may be served through the United States Department of State, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(a)(4) or 28 U.S.C. §1608 (b)(3)(A).

3. The *Ryan* Plaintiffs filed their Complaint on January 10, 2020 (*Ryan* Doc. No. 1). Defendants included in Plaintiffs' Complaint are the nation-state of the Islamic Republic of Iran

and seven political subdivisions of the government of Iran within the meaning of the FSIA. The seven political subdivision Defendants are: (1) Iran's Ministry of Information and Security; (2) the Islamic Revolutionary Guard Corps; (3) Iran's Ministry of Petroleum; (4) Iran's Ministry of Economic Affairs and Finance; (5) Iran's Ministry of Commerce; (6) Iran's Ministry of Defense and Armed Forces Logistics; and (7) the Central Bank of Iran, *a/k/a*, Bank Markazi. *Id*., ¶¶70-75, 76(c)-(g).

4. Also named in the *Ryan* Plaintiffs' Complaint are six agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001. The six agency or instrumentality Defendants are: (1) National Iranian Tanker Company; (2) National Iranian Oil Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and (6) Hezbollah. *Id*., ¶77(b)-(h).

5. In addition, the *Ryan* Plaintiffs' Complaint names two former officials of the government of Iran: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran: and (2) the Estate of Ali Akbar Hashemi Rafsanjani, former Chairman of the Expediency Discernment Counsel and former President of Iran. *Id*., ¶¶76(a)-(b).

6. The FSIA requires service of the Complaint upon defendants pursuant to the provisions of 28 U.S.C. §1608(a) or (b). *See, e.g.*, *Antoine v. Atlas Turner, Inc*. 66 F.3d 105, 109 (6th Cir. 1995). The FSIA lists several methods of service in descending order of preference. The first two methods of service in §1608(a), for foreign states and political subdivisions thereof, and in §1608(b), for agencies or instrumentalities of a foreign state, are almost identical, and neither is applicable to the Islamic Republic of Iran, its political subdivisions, or its agencies and instrumentalities.

7. The third method of FSIA service requires that the plaintiffs send a copy of the initial pleading materials, together with certified translations into Farsi, to Iran "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court." 28 U.S.C. §1608(a)(3); 28 U.S.C. §1608(b)(3)(B).

8. On March 19, 2021, counsel for the *Ryan* Plaintiffs hand-delivered seventeen (17) packages (one for each *Ryan* defendant, plus a second service package directed to Defendant Central Bank of Iran at an alternate address in Tehran) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all seventeen (17) packages provided by the *Ryan* Plaintiffs to Tehran, Iran via the United States Postal Service. *See Ryan* Doc. Nos. 27 through 43; *In Re: 9/11 Terrorist Attacks*, MDL Doc. Nos. 6688 through 6697 and 6715 through 6721.

9. The documents sent to all *Ryan* Defendants by U.S. Mail requiring a signed receipt, addressed and dispatched by the Clerk of Court pursuant to 28 U.S.C. §1608(a)(3), were: (1) a cover letter; (2) the Complaint, filed in the U.S. District Court for the Southern District of New York, dated January 10, 2020 (*Ryan* Doc. No. 1); (3) Notice of Suit, pursuant to 22 C.F.R. 93.2, along with the text of FSIA, 28 U.S.C. § 1602, *et seq.*; and, (4) Summons in a Civil Action dated January 13, 2020 (*Ryan* Doc. No. 6) and an Amended Summons dated July 31, 2020 (*Ryan* Doc. No. 17). The *Ryan* Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court for the United States District Court for the Southern District of New York also included translations of each document into Farsi and affidavits by the translators.

10. If service by any form of mail requiring a signed receipt, addressed and dispatched by the clerk of court pursuant to §1608(a)(3) or §1608(b)(3)(B) is unsuccessful, the

fourth method of service authorized under the FSIA is service through diplomatic channels via the Unite States Department of State pursuant to §1608(a)(4) or §1608(b)(3)(A).

11. The *Ryan* Plaintiffs have already served the Islamic Republic of Iran and the Iranian government political subdivision Defendants pursuant to 28 U.S.C. §1608(a)(4). On July 26, 2021, the *Ryan* Plaintiffs caused the Clerk of this Court, SDNY, to dispatch to the United States Department of State the *Ryan* pleadings and related documents for service upon each of eight nation-state and Iranian government political subdivision Defendants through diplomatic channels pursuant to 28 U.S.C. §1608(a)(4). The SDNY Clerk posted notices of these dispatches on the *Ryan* docket on July 6, 2021. *Ryan* Doc. Nos. 45 through 52. Notices of these dispatches were posted on the SDNY *In Re: 9/11 Terrorist Attacks*, MDL docket on July 12, 2021 at Doc. Nos. 6939 through 6946.

12. In the related case of *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), William P. Fritzlen of the U.S. Department of State corresponded with the SDNY Clerk of Court to inform the Clerk that the Department of State was empowered to serve "a foreign state or a political subdivision of a foreign state" without letters rogatory. The eight defendants the State Department determined it could serve without letters rogatory were: (1) the Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) the Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and (8) the Central Bank of Iran, *a/k/a* Bank Markazi. A copy of the letter by William P. Fritzlen, U.S. Department of State, to Ruby J. Krajick, Clerk of Court, dated January 25, 2013, is attached hereto as **EXHIBIT B**.

13. Mr. Fritzlen informed the SDNY Clerk that the State Department could serve the remaining eight *Havlish* defendants only if the Court issued letters rogatory, pursuant to 28 U.S.C. §1608(b)(3)(A). *Id.* The eight defendants that the State Department required letters rogatory to serve were: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, then-Chairman of the Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Company; (4) National Iranian Oil Company; (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah. *Id.*

14. Based on the above-stated State Department letter, the plaintiffs in the related case of *Havlish, et al. v. bin Laden, et al.*, filed a motion and memorandum of law for issuance of letters rogatory for the same eight "agency and instrumentality" defendants as in the instant litigation, which this Court granted on April 9, 2013. *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Doc. No. 376; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 2714.

15. Based on this same State Department letter, the plaintiffs in the related case of *Hoglan, et al. v. Iran, et al*. also filed a Motion and Memorandum of Law for Issuance of Letters Rogatory for service of their initial pleadings on October 25, 2013, which this Court granted on November 27, 2013. *See Hoglan, et al. v. Iran, et al.*, 1:11-cv-07550 (GBD)(SN), Doc. No. 66; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 2802.

16. The *Hoglan* Plaintiffs also filed a Motion and Memorandum of Law for Issuance of Letters Rogatory for diplomatic service of their final compensatory damages judgment on September 18, 2018 (*Hoglan* Doc. Nos. 282 and 283; *In Re: 9/11 Terrorist Attacks*, MDL Doc. Nos. 4184 and 4185). That motion was granted on January 7, 2019 (*Hoglan* Doc. No. 293; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 4338).

17. In the related case of *Ray, et al. v. Iran, et al.*, 19-cv-00012 (GBD)(SN) within this MDL, the *Ray* plaintiffs filed a Motion and Memorandum of Law for Issuance of Letters Rogatory for service of their initial pleadings on October 14, 2020 (*Ray* Doc. Nos. 63 and 64; *In Re: 9/11 Terrorist Attacks*, MDL Doc. Nos. 6499 and 6500), which this Court granted on November 5, 2020. *See Ray* Doc. No. 233; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 6525.

18. In this Motion, the *Ryan* Plaintiffs now request the Court's similar action regarding service of the initial pleadings upon the eight Defendants herein for which issuance of letters rogatory is appropriate.

**WHEREFORE,** the *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order **GRANTING** the *Ryan* Plaintiffs' Request for the Issuance of Letters Rogatory for the following Defendants: (1) National Iranian Tanker Company; (2) National Iranian Oil Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; (6) Hezbollah, (7) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran; and (8) the Estate of Ali Akbar Hashemi Rafsanjani, former Chairman of the Expediency Discernment Counsel and former President of Iran. Such letters rogatory are to be delivered to the appropriate authorities in Iran via the diplomatic procedures of the United States Department of State in order to advance the service of all the *Ryan* Plaintiffs' initial service documents upon the Minister of Foreign Affairs for the Islamic Republic of Iran.

Respectfully submitted,
**BEGLEY, CARLIN & MANDIO, LLP**

Date: October 5, 2021      By:      */s      Stephen A. Corr*

Stephen A. Corr, Esquire
Pa. Bar No. 65266
680 Middletown Boulevard
Langhorne, PA  19047
(215) 750-0110
scorr@begleycarlin.com