

United States Department of State

*Washington, D.C. 20520*

January 25, 2013

Ruby J. Krajick
Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Havlish, et al., v. Bin Laden, 03 MDL 1570 (GDB)**

Dear Ms. Krajick:

    I am writing regarding the Court's request for service of Orders and Judgments and Notices of Default Judgment pursuant to 28 U.S.C. 1608(a)(4) in the above referenced lawsuit. The Court has requested service upon the following 16 defendants in this matter:

1. Islamic Republic of Iran via H.E. Dr. Ali Akbar Salehi Minister of Foreign Affairs of the Islamic Republic of Iran
2. Ayatollah Ali Khamenei Supreme Leader of Iran
3. Akbar Hashemi Rafsanjani Chairman, Expediency Discernment Council
4. Iranian Ministry of Information and Security
5. Islamic Revolutionary Guard Corps
6. Hezbollah, an unincorporated association
7. Iranian Ministry of Petroleum
8. National Iranian Tanker Corporation
9. National Iranian Oil Corporation
10. National Iranian Gas Corporation
11. Iran Airlines
12. National Iranian Petrochemical Company
13. Iranian Ministry of Economic Affairs and Finance
14. Iranian Ministry of Commerce
15. Iranian Ministry of Defense and Armed Forces Logistics
16. The Central Bank of the Islamic Republic of Iran

The service provisions of the Foreign Sovereign Immunities Act (FSIA) provide that service pursuant to 28 U.S.C. 1608(a) "shall be made upon a foreign state or political subdivision of a foreign state." Of the defendants listed above, only 1, 4, 5, 7, 13, 14, 15 and 16 are foreign states or political subdivisions of a foreign state. We will proceed with providing service upon these entities as requested.

The remainder of the defendants listed are natural persons or organizations and the Department of State is thus unable to provide service of process upon them as requested under 28 U.S.C. 1608(a)(4). We are therefore returning the checks related to requests for service upon these defendants. If any of these defendants are considered "agencies or instrumentalities" of Iran as contemplated by 28 U.S.C. 1608(b), the Department of State would be able to forward letters rogatory requesting the assistance of Iranian authorities to provide service of process upon these defendants pursuant to that provision of the FSIA, 28 U.S.C. 1608(b)(3)(A), should the court issue such letters rogatory.

The request included only one set of documents for each of the 16 defendants named above. Because the Department requires two sets for each defendant, we will use the additional documents to complete the required number of copies for the 8 requests that we are able to process.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs


Cc: Thomas E. Mellon, Jr.
Mellon & Webster
87 North Broad Street
Doylestown, PA 18901