**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                  }
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    }
                                                                  }    **1:03 MDL 1570 (GBD)(SN)**
                                                                  }
                                                                  }
------------------------------------------------------------------X

**This Document Relates to**
<u>*Ryan, et al. v. Iran, et al.*</u>
**1:20-cv-0266 (GBD)(SN)**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST ISSUANCE OF LETTERS ROGATORY

The *Ryan* Plaintiffs respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory. A copy of the proposed Letter Rogatory directed to the appropriate judicial authority of the Islamic Republic of Iran is attached to the accompanying Motion as **EXHIBIT A**.

### I.    STATEMENT OF FACTS

This action was brought by representatives of family members of victims of the terrorist attacks of September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act of terror to occur on American soil.

The *Ryan* Plaintiffs filed their Complaint on January 10, 2020 (*Ryan* Doc. No. 1). Included in the *Ryan* Plaintiffs' Complaint is the nation-state of the Islamic Republic of Iran and seven political subdivisions of the government of Iran within the meaning of the Foreign Sovereign Immunities Act ("FSIA") found at 28 U.S.C. §1608, *et seq*. The seven *Ryan* political subdivision Defendants are: (1) Iran's Ministry of Information and Security; (2) the Islamic

Revolutionary Guard Corps; (3) Iran's Ministry of Petroleum; (4) Iran's Ministry of Economic Affairs and Finance; (5) Iran's Ministry of Commerce; (6) Iran's Ministry of Defense and Armed Forces Logistics; and, (7) he Central Bank of Iran, *a/k/a* Bank Markazi. *Id*., ¶¶ 70-75, 76(c)-(g).

Also included in the *Ryan* Plaintiffs' Complaint are six agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001 within the meaning of FSIA§1608, *et seq*. The six agency or instrumentality Defendants are: (1) National Iranian Tanker Company; (2) National Iranian Oil Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and (6) Hezbollah. *Id*., ¶ 77(b)-(h). In addition, the *Ryan* Plaintiffs' Second Amended Complaint includes two officials of the government of Iran: (1) Ayatollah Ali Hoseini-Khamenei, Supreme Leader of Iran; and, (2) the Estate of Ali Akbar Hashemi Rafsanjani, deceased, former Chairman of the Expediency Discernment Counsel and former President of Iran. *Id*., ¶¶ 76(a)-(b). Letters Rogatory issued by this Court are required by the United States Department of State to serve the six agency or instrumentality and the two officials of the government of Iran.

The *Ryan* Plaintiffs' Complaint was filed on January 10, 2020 (*Ryan* Doc. No. 1); the *Ryan* Plaintiffs were issued a Summons on January 13, 2020 (*Ryan* Doc. No. 6); and the *Ryan* Plaintiffs were issued an Amended Summons on July 31, 2020 (*Ryan* Doc. No. 17). All sixteen *Ryan* Defendants must be served with all of the documents related to the Complaint, the Notice of Suit, and the Summons in this matter, in both English and Farsi, in accordance with the service provisions of the FSIA found at 28 U.S.C. §1608, *et seq*. Because the United States Department of State has previously required Letters Rogatory to serve diplomatically eight of the instant Defendants, the *Ryan* Plaintiffs now seek to acquire such Letters Rogatory. Only after

obtaining Letters Rogatory will the *Ryan* Plaintiffs be able to complete the requisite diplomatic service through the U.S. State Department, pursuant to the FSIA's §1608(b)(3)(A).

## II.    ROLE OF THE UNITED STATES DEPARTMENT OF STATE

The United States Department of State, Overseas Citizens Services, Office of Policy Review & Interagency Liaison, is responsible for service and implementing regulations under the FSIA via the diplomatic channel in accordance with 28 U.S.C. §1608(a)(4).  (*Source*: https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (*last accessed June 20, 2021*)).  Any defendant served by the United States Department of State must be a foreign state or political subdivision as defined by §1603 of FSIA, not an agency or instrumentality of a foreign state to be served under §1608(b) of the Act.  The United States Department of State does not serve natural persons under the FSIA.  *See, e.g.,* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (*last accessed June 21, 2021*).  The FSIA specifies that when service of process upon a foreign state cannot otherwise be effected under the FSIA, the Clerk of Court may dispatch a request to the Secretary of State, "Attn: Director of Special Consular Services," for service upon a foreign state defendant.  28 U.S.C. §1608(a)(4).

The FSIA contains parallel service provisions depending on the classification of the sovereign defendant.  For service upon "a foreign state or a political subdivision of a foreign state," the four methods of service contained in 28 U.S.C. §1608(a)(1)-(4) apply, listed in descending order of preference.  For service upon "an agency or instrumentality of a foreign state," there are five methods of service, including the use of Letters Rogatory.  28 U.S.C. §1608(b)(3)(A).  The service provisions are similar for both "foreign states" and a foreign state's "agencies and instrumentalities" in that private plaintiffs are afforded three means of service

under subsection (a) or (b) before the assistance of the United States or the Court in effectuating service becomes warranted.

The fundamental difference between the two subsections, should a private plaintiff be unable to effectuate service, is a procedural one. In the case of a foreign state or political subdivision, subsection (a) permits service via the U.S. Department of State through diplomatic means should the other proscribed methods of service fail. 28 U.S.C. §1608(a)(4). For an agency or instrumentality of a foreign state, the Department of State will not serve the agency or instrumentality directly. Rather, the Department of State will request the judicial assistance of the foreign state in serving their agencies and instrumentalities after Letters Rogatory has been issued by the Court. 28 U.S.C. §1608(b)(3)(A).

This Court has previously and repeatedly adjudged <u>all</u> of the Defendants in this case to be the legal equivalent of Iran for purposes liability under the state sponsor of terrorism exception to sovereign immunity codified at 28 U.S.C. §1605A. The Findings of Fact and Conclusions of Law entered by this Court in the related case of *Hoglan, et al. v. Iran, et al.,* 1:11-cv-07550 (GBD)(SN), on August 31, 2015, included the following paragraphs:

> 32. Under the FSIA, "a 'foreign state'. . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in the FSIA. 28 U.S.C. §1603(a). The FSIA defines the term "agency or instrumentality of a foreign state" as any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of . . . the United States . . . nor created under the laws of any third country. 28 U.S.C. §1603(b)(1)-(3); *see Estate of Heiser, et al. v. Islamic Republic of Iran*, No. 00-cv-2329 (RCL), Consolidated With No. 01-cv-2104 (RCL) (D.D.C. August 10, 2011). Accordingly, Iran's Ministry of Information and Security, the Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, and Iran's Ministry of Defense and Armed Forces Logistics, which are all political subdivisions of Defendant Iran, are all legally identical to Defendant Iran for purposes liability under the FSIA.
>
> 33. Further, **Defendants Hizballah, the National Iranian Tanker Company, the National Iranian Oil Company, the National Iranian Gas Company, Iran Airlines,**

> **the National Iranian Petrochemical Company**, and the Central Bank of the Islamic Republic of Iran, **at all relevant times acted as agents or instrumentalities of Defendant Iran. Each of these defendants is subject to liability under as agents of Iran under §1606A(c)** [sic] [1] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 34.  The two Iranian individuals, **Defendant Ayatollah Ali-Hoseini Khamenei and Ali Akbar Hashemi Rafsanjani, each are an "official, employee, or agent of [Iran] . . . acting with the scope of his or her office, employment, or agency" and therefore, Khamenei and Rafsanjani are legal equivalent to Defendant Iran for purposes of the FSIA which authorizes against a cause of action against them to the same extent as it does a cause of action against the "foreign state that is or was a state sponsor of terrorism" itself. 28 U.S.C. §1605A(c). Each of these defendants is subject to liability under as agents and officials of Iran under §1606A(c)** [sic] [2] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 35.  **Iran is liable for damages caused by the acts of all agency and instrumentality Defendants because "[i]n any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents."** *Id*. **28 U.S.C. §1605A(c).**

*See Hoglan* Findings of Fact and Conclusions of Law, dated August 31, 2015 (Doc. No. 111), ¶¶ 32-5. (*emphases added*).  *See also, Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Doc. No. 376.

### III.   THE ATTEMPTS TO SERVE THE DEFENDANTS BY THE *RYAN* PLAINTIFFS

The methods of service under the FSIA are listed in descending order of preference in both subsections (a) and (b).  *See* 28 U.S.C. §1608(a)(1)-(4); 28 U.S.C. §1608(b)(1)-(3).  The first two methods under each subsection are virtually identical, and neither is applicable to the Islamic Republic of Iran.  The first method is "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." 28 U.S.C. §1608(a)(1); 28 U.S.C. §1608(b)(1).  No "special arrangement" for service of the Complaint and accompanying service documents exists between the *Ryan* Plaintiffs and Iran or its political subdivisions.

---

[1] The correct citation is §1605A(c).
[2] The correct citation is §1605A(c).

When no special arrangement for service of pleadings and service documents exists, as is the case here, the second method of service under the FSIA is by delivery "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(a)(2); 28 U.S.C. §1608(b)(2). Iran is not a signatory to any such international convention. *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed June 20, 2021*). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6, at https://www.nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf (*last accessed June 21, 2021*).

If service of the Complaint and accompanying service documents cannot be made by the first two methods, the FSIA permits a plaintiff to request that the Clerk of Court send the required documents "by any form of mail requiring a signed receipt … to the head of the ministry of foreign affairs of the foreign state concerned" or, in the case of an agency or instrumentality, directly to the agency or instrumentality itself. 28 U.S.C. §1608(a)(3); 28 U.S.C. §1608(b)(3)(B).

On March 19, 2021, counsel for the *Ryan* Plaintiffs hand-delivered seventeen (17) packages (one for each *Ryan* defendant, plus a second package for the Central Bank of Iran at an alternate address) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all seventeen (17) packages provided by the *Ryan* Plaintiffs to Tehran, Iran via the United States Postal Service. *Ryan* Doc. Nos. 27 through 43; *In Re: 9/11 Terrorist Attacks*, MDL Doc. Nos. 6688 through 6697 and 6715 through 6721.

The initial pleading documents sent to all *Ryan* defendants by United States Mail requiring a signed receipt, which were addressed and dispatched by the Clerk of Court in March 2021 were: (1) a cover letter; (2) the Complaint, filed in the U.S. District Court for the Southern District of New York, dated January 10, 2020 (*Ryan* Doc. No. 1); (3) a Notice of Suit, pursuant to 22 C.F.R. 93.2, along with the text of FSIA, 28 U.S.C. §1602, *et seq*.; and (4) Summons in a Civil Action, dated January 13, 2020 (*Ryan* Doc. No. 6) and July 31, 2020 (*Ryan* Doc. No. 17). Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court for the United States District Court for the Southern District of New York also included translations of each document into Farsi and certified affidavits by the translators. *Id.*

The fourth method of service under the FSIA, should service under §1608(a)(3) not be effectuated, is service through diplomatic channels via the U.S. Department of State pursuant to either §1608(a)(4) or §1608(b)(3)(A). The fundamental difference between subsections (a)(4) and (b)(3)(A) for service involving the Department of State is that Letters Rogatory must be issued in order for the Department of State to serve agencies and instrumentalities of Iran under subsection (b)(3)(A); there is no such requirement of Letters Rogatory for service upon a foreign state, or a political subdivision of a foreign state under subsection (a)(4).

In the related case of *Havlish, et al. v. bin Laden, et al.*, 1:03 Civ. 09848 (GBD) (FM), Mr. William P. Fritzlen, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs of the U.S. Department of State previously informed the S.D.N.Y. Clerk of Court via correspondence that service would only be effectuated on eight of the sixteen *Havlish* defendants. *See* letter by William P. Fritzlen to Ruby J. Krajick, Clerk of Court dated January 25, 2013, attached to the accompanying motion as **EXHIBIT B**. The eight Sovereign Defendants that the State Department would not serve were considered "agencies and instrumentalities" by

the Department of State and, therefore, the District Court was first be required to issue Letters Rogatory under 28 U.S.C. §1608(b)(3)(A) in order for the Department of State to assist with service on the following Defendants: (1) Ayatollah Ali Hoseini-Khamenei; (2) Estate of Ali Akbar Hashemi Rafsanjani, Deceased; (3) National Iranian Tanker Company; (4) National Iranian Oil Company; (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and, (8) Hezbollah. The *Havlish* Plaintiffs filed a motion and memorandum of law for issuance of letters rogatory in the *Havlish* litigation, which this Court granted on April 9, 2013. *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Document No. 376.

Plaintiffs in the related case of *Hoglan, et al. v. Iran, et al.* also filed a motion and memorandum of law for issuance of letters rogatory in that litigation for service of their initial pleadings on October 25, 2013, which this Court granted on November 27, 2013. *See Hoglan, et al. v. Iran, et al.*, 1:11-cv-07550 (GBD)(SN), Doc. No. 66; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 2802. The *Hoglan* Plaintiffs also filed a motion and memorandum of law for issuance of letters rogatory for diplomatic service of their final compensatory damages judgment on September 18, 2018 (*Hoglan* Doc. No. 282; Memorandum of Law at Document No. 283; *In Re: 9/11 Terrorist Attacks*, MDL Doc. Nos. 4184 and 4185), which was granted on January 7, 2019 (*Hoglan* Doc. No. 293; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 4338).

In the related case of *Ray, et al. v. Iran, et al.*, S.D.N.Y. 1:19-cv-00012 (GBD)(SN), the *Ray* plaintiffs filed a motion and memorandum of law for issuance of letters rogatory for service of their initial pleadings on October 14, 2020 (*Ray* Doc. No. 63; Memorandum of Law, *Ray* Doc. No. 64; *In Re: 9/11 Terrorist Attacks*, MDL Doc. Nos. 6499 and 6500), which this Court granted

on November 5, 2020. *See Ray* Doc. No. 233; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 6525.

In this case, the *Ryan* Plaintiffs have successfully served Iran and the Iranian government political subdivision defendants pursuant to 28 U.S.C. §1608(a)(4). On July 26, 2021, after not receiving a return receipt in connection with their attempt to serve the nation-state and the government political subdivision Defendants via mail pursuant to 28 U.S.C. §1608(a)(3), the *Ryan* Plaintiffs caused the Clerk of this Court to dispatch to the United States Department of State, via Federal Express, in separate packages, the *Ryan* pleadings and related documents for service upon each of the eight nation-state and Iranian government political subdivision Defendants through diplomatic channels pursuant to 28 U.S.C. §1608(a)(4). These packages were accompanied by checks from Plaintiffs' counsel for payment of the requisite State Department fees. The SDNY Clerk posted notices of these dispatches on the *Ryan* docket on July 6, 2021. *Ryan* Doc. Nos. 45 through 52. Notices of these dispatches were posted on the SDNY *In Re: 9/11 Terrorist Attacks* MDL docket on July 12, 2021, at Doc. Nos. 6939 through 6946.

The *Ryan* Plaintiffs now come and respectfully request that this Court again issue Letters Rogatory so that required service of the Complaint and accompanying service documents can be effectuated with the assistance of the United States Department of State.

## IV. LEGAL ARGUMENT

### A. THE ISSUANCE OF LETTERS ROGATORY BY THIS COURT IS NECESSARY FOR THE *RYAN* PLAINTIFFS TO COMPORT WITH THE SERVICE REQUIREMENTS OF THE FSIA

"FSIA Plaintiffs are … required by statute to serve their initial complaint and summons upon defendants, 28 U.S.C. §1608(a), and because defendants in these cases often cannot be

{00957544/ 4}                                                9

served by traditional methods, plaintiffs must rely on – and pay – the State Department for such service. *Id.* at §1608(a)(4)." *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70, n. 1. (D.D.C. 2011). This requirement of service "ensure[s] that having been served with an initial complaint and declining to participate in the litigation[,] a foreign state or entity remains protected by the requirement that a plaintiff substantiate her claim" and that foreign property interests are preserved "by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy*, 778 F.Supp.2d at 72.

Rather than serve all of the sovereign defendants in their action, the *Murphy* plaintiffs requested that they be permitted to serve only Iran with the judgment, since the other defendants in the case were found to be the equivalent of Iran for purposes of liability. The *Murphy* plaintiffs also proposed only to attach and execute upon property of Iran itself, in lieu of serving each individual Iranian defendant with notice of their judgment. The court rejected both requests, holding that <u>all</u> sovereign defendants in an FSIA action must be served with the judgment in order to comply with not only the provisions regarding service, but the provisions regarding attachment of, and execution upon, defendants' property. "Had Congress wished to selectively choose those defendants upon which they would serve then seek enforcement, it would have provided such a mechanism. It did not … [t]hus, no Order permitting the execution of plaintiffs' judgment will be entered in this case until all defendants have been served with the final judgment and given an opportunity to respond." *Id.*

The *Ryan* Plaintiffs, both under statutory and case law, are obligated to serve all Defendants in this action with their Complaint and accompanying service documents. For this reason, the *Ryan* Plaintiffs respectfully request that this Court issue the requisite Letters

Rogatory that will allow the Department of State to request the assistance of the Islamic Republic of Iran in serving the remaining un-served *Ryan* Defendants.

**V.       CONCLUSION**

For the reasons stated above, the *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ryan* Plaintiffs' request for the issuance of eight Letters Rogatory to be forwarded to the Islamic Republic of Iran by the U.S. Department of State, along with the *Ryan* Plaintiffs' Complaint and supporting documents and translations.

The issuance of Letters Rogatory by this Court will assist the *Ryan* Plaintiffs in effectuating service of their Complaint documents upon all of the *Ryan* Defendants.

                                                  Respectfully submitted,

                                                  **BEGLEY, CARLIN & MANDIO, LLP**

Date:  October 5, 2021          By:      */s       Stephen A. Corr*
                                                        Stephen A. Corr, Esquire
                                                        Pa. Bar No. 65266
                                                        680 Middletown Boulevard
                                                        Langhorne, PA  19047
                                                        (215) 750-0110
                                                        scorr@begleycarlin.com