KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 6, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  Re: *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

  I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") concerning the admission by Kreindler & Kreindler LLP that the firm is responsible for the leak of the confidential deposition transcript of Musaed Al Jarrah to Yahoo! News reporter Michael Isikoff and the evidentiary hearing scheduled for October 21, 2021.

  In advance of that hearing, Saudi Arabia respectfully requests that the Court Order Kreindler & Kreindler LLP and John Fawcett to produce by October 15, 2021 a limited set of documents relating to Kreindler & Kreindler LLP's admitted leak, the investigations concerning that leak, the declarations that were submitted to the Court, and Mr. Fawcett's working relationship with Kreindler & Kreindler LLP. The specific requests are attached hereto as Exhibits A & B.[1]

  At issue in the October 21, 2021 hearing is the veracity of the declarations that Kreindler & Kreindler LLP submitted to the Court on August 16, 2021, September 27, 2021, and September 30, 2021; whether anyone at Kreindler & Kreindler LLP had knowledge of Mr. Fawcett's actions prior to September 27, 2021 (the date Kreindler & Kreindler LLP admitted to its breach); and whether anyone at Kreindler & Kreindler LLP directed this breach. The production of the requested documents will ensure that Saudi Arabia can properly cross-examine

---

[1] Saudi Arabia provided the Plaintiffs' Executive Committee with these requests prior to filing this motion. Counsel for Kreindler & Kreindler LLP, Emily Kirsch, has informed undersigned counsel that she will not consent to this motion, but that she is "willing to meet and confer to determine if you can identify specific relevant documents that Kreindler can produce in an effort to avoid motion practice." Given the exigency of this motion and the limited scope of the requests, Saudi Arabia is proceeding with this motion.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
October 6, 2021
Page 2

the relevant witnesses, and are necessary for the Court to render findings of fact and to determine the appropriate remedies.

Where, as here, a breach of the protective orders has clearly occurred, courts have routinely ordered appropriate discovery, including the production of documents from the offending entity. *See* Order at 1-2, *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-cv-01470-JRG, ECF No. 371 (E.D. Tex. May 14, 2019) (ordering five document requests, five interrogatories, depositions, and forensic imaging of all hard drives and mobile devices of the individuals involved in the breach to determine the full scope of a breach of a protective order); Order at 5, *Apple Inc. v. Samsung Elecs. Co.*, No. CV 11-01846 LHK, ECF No. 2483 (N.D. Cal. Oct. 2, 2013) (ordering discovery into a breach of a protective order, including the production of emails and the depositions of certain individuals).

Because the current breach involved the conduct of Kreindler & Kreindler LLP, not their clients, there is no significant likelihood that the documents requested implicate any attorney-client privilege. Moreover, attorney work-product protections cannot shield these documents from disclosure. "[I]n cases of attorney misconduct there is no protection for the attorney's work product." *Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1337 (11th Cir. 2018); *see, e.g.*, *Parrott v. Wilson*, 707 F.2d 1262, 1271 n.20 (11th Cir. 1983) ("Disclosure is clearly an appropriate remedy when the evidence sought was generated directly by the attorney's misconduct.") (emphasis removed); *Anderson v. Hale*, 202 F.R.D. 548, 559 (N.D. Ill. 2001) (holding that "any work-product protection that would have otherwise applied" to the evidence sought had been "vitiated" by attorney misconduct); *New York v. Solvent Chem. Co.*, 166 F.R.D. 284, 289 (W.D.N.Y. 1996) (concluding, with "no difficulty," that evidence sought was "not protected from disclosure under the work product rule," because the conduct of litigants and their counsel "threatened to undermine the integrity of the adversary process in this case"). This rule is well-founded:

> It would indeed be perverse . . . to allow a lawyer to claim an evidentiary privilege to prevent disclosure of work product generated by those very activities the privilege was meant to prevent. Non-disclosure would then provide an incentive for, rather than against, the disfavored practices. The integrity of the adversary process is not furthered by protecting a lawyer who steps outside his role as "an officer of the court . . . work(ing) for the advancement of justice while faithfully protecting the rightful interests of his clients." An attorney should not be able to exploit the privilege for ends outside of and antithetical to the adversary system any more than a client who attempts to use the privilege to advance criminal or fraudulent ends.

*Moody v. IRS*, 654 F.2d 795, 800 (D.C. Cir. 1981) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)) (first ellipsis added; footnotes omitted).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
October 6, 2021
Page 3

      In any event, to the extent that Kreindler & Kreindler LLP or Mr. Fawcett claim any purported privilege, Saudi Arabia requests that the Court order them to produce a privilege log by no later than October 15, 2021 that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5).

      Because the October 21, 2021 hearing is only two weeks away, Saudi Arabia respectfully requests expedited treatment of this motion and that the Court order any opposition to be filed by October 8, 2021 and any reply be filed by October 11, 2021.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)