# Exhibit A

## PRODUCTION OF DOCUMENTS FROM PLAINTIFFS' COUNSEL KREINDLER & KREINDLER LLP

### DEFINITIONS

1.       "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), as defined by S.D.N.Y. Local Rule 26.3(c)(1).

2.       "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as defined by S.D.N.Y. Local Rule 26.3(c)(2).  A draft or non-identical copy is a separate document within the meaning of this term.

3.       "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, as defined by S.D.N.Y. Local Rule 26.3(c)(6).

4.       "Relating to," "related to," or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

5.       "You" or "your" refers to Kreindler & Kreindler LLP and any attorney, paralegal, assistant, employee, staff, agent, or consultant to Kreindler & Kreindler LLP.

6.       The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

### GENERAL INSTRUCTIONS

1.       You must produce not only documents in your possession, custody, or control, but also those documents in the possession, custody, or control of other persons acting on your

behalf.  This includes, but is not limited to, documents maintained on your premises, storage

devices, email servers, or any other repository or location in which documents exist; for

example, if an individual is in possession, custody, or control of responsive documents, all such

documents must be produced, regardless of the type of premises or device on which they are

maintained.

2.      The words "and" and "or" shall be construed either disjunctively or conjunctively

as necessary to bring within the scope of discovery all responses that might otherwise be

construed to be outside of its scope, as set forth in S.D.N.Y. Local Rule 26.3(d)(2).

3.      The use of a singular form of any word includes the plural and vice versa, as set

forth in S.D.N.Y. Local Rule 26.3(d)(3).

4.      The definitions provided herein shall apply to the terms defined regardless of

capitalization.

5.      The terms "all," "any," "each," and "every" shall each be construed as

encompassing any and all, as set forth in S.D.N.Y. Local Rule 26.3(d)(1).

6.      Each category requires the production of all documents and things described,

along with any addenda, attachments, drafts, and non-identical copies, as found or located in

your files, together with a copy of the descriptive file folder or database category in its entirety.

7.      If documents are withheld under claim of privilege, including, but not limited to,

attorney-client privilege or work-product doctrine, you are required to identify each such

document and state the specific basis for the claim of privilege for each document withheld, as

well as by providing the following information:  (1) the date of the document; (2) a description

of the general nature of the document (e.g., whether it is a letter, memorandum, email, etc.);

(3) the author of the document; and (4) the identity of each person to whom the document was addressed and the identity of each person to whom a copy was sent.

8.      Each category shall be construed independently and, therefore, no category shall be construed to limit any other category.

9.      Your obligation to respond is continuing in nature.  If further information, evidence, or documentation comes into your possession, custody, or control or is brought to the attention of you or your attorneys or agents at any time subsequent to the service of any responses or production of any documents, prompt and complete supplementation is required.

10.      Unless otherwise stated, the relevant time period is from June 1, 2021, to October 5, 2021.

## DOCUMENTS REQUIRED TO BE PRODUCED

1.      All documents and communications relating to the July 15, 2021 article written by Michael Isikoff, titled "FBI tried to flip Saudi official in 9/11 investigation."

2.      All documents and communications relating to the leak of the confidential transcript of the Mussaed Al Jarrah deposition to Michael Isikoff.

3.      All documents and communications relating to any investigation or review You conducted regarding the leak of the confidential transcript of the Al Jarrah deposition to Michael Isikoff.

4.      All documents and communications relating to any investigation or review You conducted relating to the identities of individuals who accessed the confidential Al Jarrah deposition transcript or to how that transcript was transmitted to Michael Isikoff.

5.      All communications You had with Michael Isikoff or any member of the press relating to any confidential deposition taken in this case.  The relevant time period for this category is July 1, 2019, to the present.

6.      All phone records reflecting Your communications with Michael Isikoff.

7.      All communications You had with John Fawcett relating to the July 15, 2021 Isikoff article or the leak of the Al Jarrah transcript to Michael Isikoff.

8.      All documents and communications relating to all responses by You to the Court's orders dated August 12, 2021, ECF No. 7011; August 30, 2021, ECF No. 7082; and September 23, 2021, ECF No. 7134, including without limitation any information any person provided to You in connection with those responses to those court orders.

9.      Any contract or agreement between You and John Fawcett, including without limitation any contract or agreement requiring John Fawcett to keep confidential any information he received from You or in connection with his work with You.  The relevant time period for this category is January 1, 2000, to the present.

10.      Documents sufficient to show the compensation (including any benefits) You paid, provided, or agreed to provide to John Fawcett.  The relevant time period for this category is January 1, 2018, to the present.

11.      Any tax records reflecting your relationship with John Fawcett, including without limitation any Form 1099.  The relevant time period for this category is January 1, 2018 to the present.

12.      Documents sufficient to show John Fawcett's responsibilities in connection with any work he performed for You, including without limitation any work in the capacities of

investigator, researcher, or consultant.  The relevant time period for this category is January 1, 2018, to the present.

13.     Documents sufficient to show John Fawcett's access to any documents or information in this litigation that is protected by the MDL or FBI Protective Orders.  The relevant time period for this category is January 1, 2018, to the present.

14.     Any documents or communications containing any instructions from you to John Fawcett concerning the preservation or destruction of any document or communication.