# Exhibit B

## PRODUCTION OF DOCUMENTS FROM  JOHN FAWCETT

### DEFINITIONS

1.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), as defined by S.D.N.Y. Local Rule 26.3(c)(1).

2.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), as defined by S.D.N.Y. Local Rule 26.3(c)(2).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, as defined by S.D.N.Y. Local Rule 26.3(c)(6).

4.      "Relating to," "related to," or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

5.      "You" or "your" refers to John Fawcett and any attorney, consultant, or agent of John Fawcett.

6.      The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

### GENERAL INSTRUCTIONS

1.      You must produce not only documents in your possession, custody, or control, but also those documents in the possession, custody, or control of other persons acting on your

behalf.  This includes, but is not limited to, documents maintained on your premises, storage devices, email servers, or any other repository or location in which documents exist; for example, if an individual is in possession, custody, or control of responsive documents, all such documents must be produced, regardless of the type of premises or device on which they are maintained.

2.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope, as set forth in S.D.N.Y. Local Rule 26.3(d)(2).

3.      The use of a singular form of any word includes the plural and vice versa, as set forth in S.D.N.Y. Local Rule 26.3(d)(3).

4.      The definitions provided herein shall apply to the terms defined regardless of capitalization.

5.      The terms "all," "any," "each," and "every" shall each be construed as encompassing any and all, as set forth in S.D.N.Y. Local Rule 26.3(d)(1).

6.      Each category requires the production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in your files, together with a copy of the descriptive file folder or database category in its entirety.

7.      If documents are withheld under claim of privilege, including, but not limited to, attorney-client privilege or work-product doctrine, you are required to identify each such document and state the specific basis for the claim of privilege for each document withheld, as well as by providing the following information:  (1) the date of the document; (2) a description of the general nature of the document (e.g., whether it is a letter, memorandum, email, etc.);

(3) the author of the document; and (4) the identity of each person to whom the document was addressed and the identity of each person to whom a copy was sent.

8.      Each category shall be construed independently and, therefore, no category shall be construed to limit any other category.

9.      Your obligation to respond is continuing in nature.  If further information, evidence, or documentation comes into your possession, custody, or control or is brought to the attention of you or your attorneys or agents at any time subsequent to the service of any responses or production of any documents, prompt and complete supplementation is required

10.     Unless otherwise stated, the relevant time period is from June 1, 2021, to October 5, 2021.

## DOCUMENTS REQUIRED TO BE PRODUCED

1.      All documents and communications relating to the July 15, 2021 article written by Michael Isikoff, titled "FBI tried to flip Saudi official in 9/11 investigation."

2.      All documents and communications relating to the leak of the confidential transcript of the Mussaed Al Jarrah deposition to Michael Isikoff.

3.      All communications You had with Michael Isikoff or any member of the press relating to any confidential deposition taken in this case, including without limitation any phone records reflecting such communications.  The relevant time period for this category is July 1, 2019, to the present.

4.      All communications You had with anyone at Kreindler & Kreindler LLP relating to the July 15, 2021 Isikoff article or the leak of the Al Jarrah transcript to Michael Isikoff, including without limitation any phone records reflecting such communications.

5.      Your telephone records (home phone, cell phone, work phone) from the relevant time period.

6.      All documents and communications relating to all responses by Kreindler & Kreindler LLP to the Court's orders dated August 12, 2021, ECF No. 7011; August 30, 2021, ECF No. 7082; and September 23, 2021, ECF No. 7134, including without limitation any information You provided to inquiries from Kreindler & Kreindler LLP in connection with its responses to those court orders.

7.      Any contract or agreement between You and Kreindler & Kreindler LLP, including without limitation any contract or agreement requiring You to keep confidential any information You received in connection with Your work for Kreindler & Kreindler LLP.  The relevant time period for this category is January 1, 2000, to the present.

8.      Documents sufficient to show the compensation (including any benefits) You received or that You were promised from Kreindler & Kreindler LLP.  The relevant time period for this category is January 1, 2018, to the present.

9.      Your time records relating to any work you conducted for Kreindler & Kreindler LLP.  The relevant time period for this category is January 1, 2018, to the present.

10.      Any tax records reflecting your relationship with Kreindler & Kreindler LLP, including without limitation any Form 1099.  The relevant time period for this category is January 1, 2018 to the present.

11.      Documents sufficient to show Your responsibilities in connection with any work you performed for Kreindler & Kreindler LLP, including without limitation your work in the capacities as investigator, researcher, or consultant.  The relevant time period for this category is January 1, 2018, to the present.

12.     Documents sufficient to show Your access to any documents or information in this litigation that is protected by the MDL or FBI Protective Orders.  The relevant time period for this category is from January 1, 2018, to the present.

13.     Any documents or communications containing any instructions from Kreindler & Kreindler LLP to You concerning the preservation or destruction of any document or communication.