LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

October 12, 2021

BY ECF

The Honorable Sarah Netburn
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  Re: *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

  We represent non-party John Fawcett, and respectfully submit this letter in connection with the above-referenced matter. We filed a notice of appearance this morning. For the reasons stated below, we respectfully request that the Court vacate its October 4, 2021 Order (ECF No. 7167) that Mr. Fawcett's laptop be delivered to the Court.

  By Order dated October 4, 2021, Your Honor ordered Mr. Fawcett to appear as a witness along with five other individuals at a hearing to be held on Thursday, October 21, 2021, "regarding the breach of the protective orders by Kreindler & Kreindler." (Id.) Your Honor also ordered Kreindler & Kreindler LLP ("Kreindler Firm") to "deliver to the Court the laptop used by Fawcett to [effect the disclosure] along with any passwords to access the laptop," so that, at the Court's discretion, "it may conduct an independent forensic evaluation of the laptop at the expense of Kreindler." (Id.) The Kreindler Firm informed the Court by letter dated October 5, 2021 that Mr. Fawcett (and not the Kreindler Firm) owned and possessed the laptop and thus the Kreindler Firm "could not produce it nor compel him to do so." (ECF No. 7168.) On October 7, 2021, the Court stayed its Order requiring production of the laptop, but stated:

> If the parties reach an agreement on the appropriate course of discovery, then the Court may vacate its order to produce this laptop. If the parties are unable to agree upon appropriate discovery, the Court will consider sanctions to compel compliance with the Court's order.

(ECF No. 7234.)

**LANKLER SIFFERT & WOHL LLP**

The Honorable Sarah Netburn
October 12, 2021
Page 2

  Consistent with this Court's admonition to ensure the preservation of all potentially relevant information (ECF No. 7165), Lankler Siffert & Wohl LLP ("LSW") has taken possession of Mr. Fawcett's laptop and placed it—per the Court's suggestion—in "a secured location." (See ECF No. 7167.) With the Court's permission, LSW will promptly have a forensic image of the laptop created. There is thus no risk that any evidence that may be contained on the laptop will go missing or be destroyed.

  Further, LSW is prepared to oversee a forensic examination of the laptop to the extent this Court may require. Consistent with this Court's October 4th Order (ECF No. 7167), such examination will be at the Kreindler Firm's expense—but under LSW's direction and consistent with the Protective Orders (ECF Nos. 1900 and 4255).

  It should be noted that the laptop is Mr. Fawcett's personal laptop and contains a substantial amount of data that is wholly irrelevant to Mr. Fawcett's acknowledged disclosure or whether others participated in it. Mr. Fawcett not only used the computer to accomplish professional tasks at the direction of the Kreindler Firm, but also for personal reasons. Among the irrelevant materials stored on the laptop are several categories of sensitive information that courts traditionally protect from disclosure—including communications and other documents subject to the attorney-client privilege and/or the attorney work product protection, as well as sensitive personal materials including medical records, tax returns, financial information, and private family documents.

  New York courts regularly recognize the sensitivity that characterizes personal computers, both in the context of discovery in civil proceedings and searches and seizures by law enforcement. See, e.g., United States v. Galpin, 720 F.3d 436, 446–47 (2d Cir. 2013) (noting the importance of the Fourth Amendment's particularity requirement in search of suspect's personal computer because "[t]he potential for privacy violations occasioned by an unbridled, exploratory search of a hard drive is enormous"); Calyon v. Mizuho Sec. USA Inc., No. 07-cv-02241 (RO) (DF), 2007 WL 1468889, at *5 (S.D.N.Y. May 18, 2007) (denying plaintiff's "extraordinary" request for "*carte blanche* access" to defendants' "personal hard drives"). Courts in this district also recognize that production of a computer "almost invariably will lead to disclosure of quantities of documents that are entirely irrelevant or privileged, and, even if not privileged, possibly quite sensitive." Lifeng Chen v. New Trend Apparel, Inc., No. 11-cv-324 (GBD) (MHD), 2012 WL 4784855, at *1 (S.D.N.Y. Oct. 2, 2012) (denying motion to compel production of computer). This Court acknowledged this precedent in denying Plaintiffs' Executive Committees' motion to compel production of a Saudi government employee's computer, stating that "[t]he Court will not permit Plaintiffs to inspect [the Saudi employee]'s laptop 'merely because [they] want[] to search for additional documents.'" (July 22, 2019 Opinion & Order, (ECF No. 6577) at 42–43 (quoting Ameriwood Indus., Inc. v. Liberman, No. 06-cv-524 (DJS), 2006 WL 3825291, at *4 (E.D. Mo. Feb. 23, 2007) (last two alternations in original).)

  It cannot be reasonably disputed that the vast majority of the information stored on Mr. Fawcett's personal laptop is irrelevant to the sole inquiry of the hearing, which is the disclosure of

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 12, 2021
Page 3

specific materials covered by the protective order.  (See ECF No. 7167; see also Letter from Michael K. Kellogg to Court, dated Oct. 6, 2021, (ECF No. 7215) at 1–2 (acknowledging that the only issues "in the ... hearing [are] the veracity of the [Kreindler Firm's] declarations…; whether anyone at [the Kreindler Firm] had knowledge of Mr. Fawcett's actions …; and whether anyone at [the Kreindler Firm] directed this breach.").)  In the analogous context of a civil lawsuit, discovery is permissible only if it is "relevant to any party's claim or defense and proportional to the needs of the case."  Rule 26(b)(1), Fed. R. Civ. P.  Courts frequently consider whether discovery requests are overbroad and/or seek irrelevant documents or information, see, e.g., Max Torgovnick v. SoulCycle, Inc., No. 17-cv-1782 (PAC), 2018 WL 5318277, at *3, *5 (S.D.N.Y. Oct. 29, 2018), and routinely deny motions to compel production of personal computer hard drives as overbroad, see Schwartz v. Aventura Techs., Inc., No. 09-cv-196 (DRH) (AKT), 2009 WL 10708935, at *2 (E.D.N.Y. July 14, 2009).

Further, as stated above, Mr. Fawcett's personal laptop contains a significant amount of confidential and privileged information of the kind that courts are traditionally reluctant to make the subject of a compulsion order, including communications protected by the attorney-client privilege, attorney work product, and sensitive medical, tax, financial and family records.  See Berkley Custom Ins. Managers v. York Risk Servs. Grp., Inc., No. 18-cv-9297 (LJL), 2020 WL 5439636, at *1, *5 (S.D.N.Y. Sept. 10, 2020) (denying motion to compel production of documents protected by attorney-client privilege and attorney work product); Malinowski v. Wall St. Source, Inc., No. 09-cv-9592 (JGK) (JLC), 2011 WL 1226283, at *3–4 (S.D.N.Y. Mar. 18, 2011) (denying motion to compel production of income tax returns after applying higher standard applicable to tax returns); Olszewski v. Bloomberg L.P., No. 96-cv-3393 (RPP), 2000 WL 1843236, at *3–4 (S.D.N.Y. Dec. 13, 2000) (granting motion to quash subpoena *duces tecum* seeking confidential medical records).

The "extraordinary" step of ordering Mr. Fawcett to produce his personal computer is not warranted here, particularly as LSW has already secured the laptop and is preparing to order creation of a mirror image.  Courts have refused to order the production of personal computers even where there are allegations of incomplete production or spoliation.  See Piccone v. Town of Webster, No. 09-cv-6266T, 2010 WL 3516581, at *7–9 (W.D.N.Y. Sept. 3, 2010) (denying motion to compel production of plaintiff's personal computer and instead ordering a mirror image of the computer's hard drive turned over to plaintiff's counsel for safekeeping); cf Calyon v. Mizuho Sec. USA Inc., No. 07-cv-02241 (RO) (DF), 2007 WL 1468889, at *5 (S.D.N.Y. May 18, 2007) (denying motion to compel production of defendants' personal computers where defendants retained their own expert to review the devices).

Here, there is no possibility of destruction or spoliation, because LSW has taken possession of the laptop.  Moreover, Mr. Fawcett has already admitted his actions to this Court.  Put simply, he has no opportunity or motive to spoliate.

Lankler Siffert & Wohl llp

The Honorable Sarah Netburn
October 12, 2021
Page 4

      For these reasons, we respectfully request that the Court vacate its October 4, 2021 Order (ECF No. 7167) that Mr. Fawcett's laptop be delivered to the Court. We further respectfully request that the Court permit LSW to direct the creation of a mirror image of the laptop's contents.

Very truly yours,

*/s/ Gabrielle S. Friedman*
Gabrielle S. Friedman

*Counsel to John Fawcett*

CC: BY ECF