KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 12, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in response to the letter submitted this morning by Gabrielle Friedman, counsel for John Fawcett, concerning Fawcett's laptop. Saudi Arabia cannot accept counsel's assertion that Fawcett has no "motive ... to spoliate" because he has "already admitted his actions to the Court." ECF No. 7253, at 3. Whether Fawcett's statements to the Court are an accurate, complete, and candid account of his actions – and those of his employer, Kreindler & Kreindler LLP – remains to be determined. Nevertheless, the appearance of his counsel may lead to productive discussions about his laptop and other personal devices.

      Saudi Arabia does not object to Fawcett's proposal (through his counsel) that an independent third party should create a forensic image of Fawcett's laptop. Fawcett, however, should be directed to meet and confer with Saudi Arabia so that the parties can attempt to reach agreement about the independent third party to be retained and the type of forensic image that is to be created. It is Saudi Arabia's position that any image should be a true forensic image that includes all system files and that preserves all information concerning any files that were deleted from the laptop. As one example of an acceptable method, our firm and vendors we have worked with in the past have used EnCase software for this purpose.

      Saudi Arabia further proposes that the parties' meet-and-confer discussions include Saudi Arabia's previous request that Fawcett produce any other personal devices in his possession, including the phone that he used to contact or message Michael Isikoff. ECF No. 7251, at 7. In lieu of the production of such devices, Saudi Arabia is willing to discuss the creation of true forensic images of their content. As one example of an acceptable method, vendors we have worked with in the past have used Cellebrite software for this purpose.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
October 12, 2021
Page 2

      Saudi Arabia further proposes that any independent third party retained for this purpose should report to the Court, should be instructed to follow only directions approved by the Court, and should be instructed to avoid *ex parte* communications with parties or their counsel.

      Once a third party is retained and the forensic imaging process has begun, the parties should then meet and confer about a protocol for the review and search of the devices and the production of responsive files.

      In light of the Court's previous statement that potential remedies for the conduct at issue may include a "criminal referral to the U.S. Attorney's Office for the Southern District of New York," ECF No. 7167, at 1, the Court may also wish to solicit the views of the United States on the appropriate preservation of relevant evidence, either through participation in the meet-and-confer process or otherwise.

      Respectfully submitted,

      /s/ *Michael K. Kellogg*

      Michael K. Kellogg
      *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)