# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

October 13, 2021

BY ECF

The Honorable Sarah Netburn
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  **Re:**  *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

  We represent John Fawcett in connection with the hearing that the Court has scheduled for October 21, 2021 in the above-captioned matter.

  We write in response to the Kingdom of Saudi Arabia's letter dated October 12, (ECF No. 7254), which agrees in principle with our proposal to retain a litigation technology firm to create a forensic image of Mr. Fawcett's laptop in order to accomplish the goals set forth in the Court's Order of October 4, 2021.  Saudi Arabia proposes, however, that "any independent third party retained for this purpose should report to the Court, should be instructed to follow only directions approved by the Court, and should be instructed to avoid *ex parte* communications with parties or their counsel."  In short, Saudi Arabia asks that the forensic technology firm be barred from speaking directly with us and taking direction from us regarding searches of our client's computer.  We respectfully submit that the Court should reject this proposal as unworkable and unnecessary.

  We request that the Court endorse our proposal that LSW retain a forensic specialist such as StoneTurn Group, LLP ("StoneTurn") to image the laptop at the Kreindler Firm's cost.  StoneTurn is a litigation technology firm that is prepared to create a preservation copy of Mr. Fawcett's laptop computer, in a manner routinely recognized by law enforcement and courts as a forensic copy.  StoneTurn would be able to conduct searches of the forensic image at LSW's direction and as required by the Court, as well as provide a declaration attesting to the steps it employed to create and search the forensic image as the Court requires.  StoneTurn would also enable LSW to review our client's materials on the laptop.

  Our proposed approach to imaging the laptop is consistent with common practice in civil discovery, and in responses to regulatory and grand jury subpoenas.  By contrast, Saudi Arabia's approach—asking the Court to cut off contact between LSW and the forensic expert imaging and

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 13, 2021
Page 2

reviewing our client's computer—is unprecedented.  They cite no case in support of their position.  In any event, LSW would need to review the result of any searches in order to preserve the confidentiality of irrelevant private documents on our client's personal laptop, as well as the attorney-client privilege and work product protection belonging to the plaintiffs in the underlying litigation.

   To the extent Saudi Arabia is suggesting that our firm cannot be trusted to preserve the integrity of the forensic image, the claim is baseless.  There is no suggestion, nor can there be one, that LSW has engaged in any misconduct or is otherwise incapable of following the Court's orders or standard discovery practices.  Denying LSW access to its client's materials improperly interferes with the attorney-client relationship and likely would work a due process violation.

   Further, we respectfully suggest that there is no reason to involve the United States Attorney's Office ("USAO") in a discussion of "the appropriate preservation of relevant evidence" in this matter.  The industry standard process to create and preserve a forensic image of the laptop's content is not in dispute.

   LSW welcomes the opportunity to meet and confer with counsel regarding the most expeditious way to proceed consistent with Mr. Fawcett's due process and other rights.

            Respectfully submitted,

            */s/ Gabrielle S. Friedman*

            Gabrielle S. Friedman

            *Counsel to John Fawcett*

CC: All Counsel of Record (via ECF)