# SALERNO & ROTHSTEIN
## ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567
—
T: 518.771.3050
F: 866.589.9010

WRITER'S EMAIL ADDRESS:
peter.salerno.law@gmail.com

October 13, 2021

By ECF

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

Re: *In re Terrorist Attacks on September 11, 2001*
    03 MDL 1570 (GBD) (SN)

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al., Case No. 02 Civ. 6977*
*Thomas Burnett, Sr., et al., v. Al Baraka Inv. & Dev. Corp., et al., No. 03 Civ. 9849*
*Federal Insurance Co., et al. v. Al Qaida, et al., No. 03 Civ. 6978*
*Continental Casualty Co., et al. v. Al Qaeda, et al., No. 04 Civ. 5970*
*Euro Brokers Inc., et al., v. Al Baraka, et al., No. 04 Civ. 7279*
*Estate of John P. O'Neill et. al., v. Al Baraka et. al., No. 04 Civ. 1923*

Dear Judge Netburn:

We write jointly on behalf of our client, Yassin Kadi, and the PECs in response to the Court's directive on September 29, 2021 (ECF No. 7160) that "the parties shall file a joint status letter with the Court stating whether there are any outstanding issues in connection with the discovery related to Yassin Kadi." (*Id.* p. 2).

The Honorable Sarah Netburn                    -2-                    October 13, 2021

   There are two issues that the parties have been discussing: 1) the production of certain notes on which Plaintiffs' expert against Mr. Kadi, Victor Comras, testified he relied both in preparation of his reports and for his deposition, and 2) Plaintiffs' responses to interrogatories served on them by Mr. Kadi's counsel on September 30, 2013. With respect to both these issues Mr. Kadi's counsel initiated correspondence, and counsel for Mr. Kadi, MWL, and IIRO met via Zoom with Andrew Maloney of Kreindler & Kreindler, and Jerry Goldman of Anderson Kill, on September 29, 2021.

   <u>Issue No. 1-Mr. Comras's notes.</u>

   At 8:45 p.m. on October 12, 2021 the PECs supplied an 8-page letter signed by PEC counsel purporting to provide information about his sources that Mr. Comras had been unable to provide at his deposition. In the limited amount of time available to consider this letter, Mr. Kadi's counsel have determined that this particular issue is unlikely to require further attention from the Court.

   <u>Issue No. 2-Plaintiffs' Responses to Mr. Kadi's interrogatories.</u>

   Mr. Kadi's counsel served 14 interrogatories on Plaintiffs' counsel on September 30, 2013. Responses were deferred during the course of document discovery, and subsequently to dates thirty days after the deposition of Wa'el Jelaidan. (ECF No. 5199, October 8, 2019 (endorsement); ECF No. 5179, September 27, 2019 (endorsement))  As the Court is aware, that deposition was most recently scheduled for August 26, 2021; Mr. Jelaidan did not appear; and the Court filed a Report and Recommendation that a default judgment be entered against Mr. Jelaidan. (ECF No. 7141, September 27, 2021).

   At 1:09 p.m. today, Mr. Kadi's counsel received a document purporting to be "Plaintiffs' Supplemental Responses To Defendant Yassin Abdullah Kadi's First Set Of Jurisdictional Interrogatories …." Mr. Kadi's position is that these responses are useless to provide fair notice of the contentions that Mr. Kadi will inevitably face in Plaintiffs' response to Mr. Kadi's renewed dispositive motion pursuant to the Second Circuit's remand of the claims against him. Plaintiffs disagree. Rather than burden the Court with a motion to compel at this time, however, we would prefer to await the Court's decision on Mr. Kadi's request that Plaintiffs be ordered to provide "something like findings of fact in advance of the motion to dismiss, … a statement with supporting documents that the [defendant] can review and rely upon in making its motion." (Quotation of the Court May 24, 2018 Tr. at 39 (ECF No. 4015), as cited in the parties' joint letter to the Court dated September 3, 2021 (ECF No. 7086) at p. 7). The Court's decision on this request, and a proper response thereto by the Plaintiffs, may obviate the need for us to seek further aid from the Court in securing information needed for our dispositive motion. We do not agree with Plaintiffs' suggestion in the next paragraph that Mr. Comras's reports and counsels' letters are sufficient to inform us of the alleged facts on which Plaintiffs rely.

The Honorable Sarah Netburn                    -3-                    October 13, 2021

   Plaintiffs' position is that, based on the extensive and years long discovery proceedings in which plaintiffs have engaged with Mr. Kadi and the other defendants, Mr. Kadi has more than adequate information available to him to inform him of the allegations against Mr. Kadi and challenge those allegations.  In addition to questioning Mr. Kadi at his deposition and producing documents in discovery, Plaintiffs have also provided Mr. Kadi with the expert report of Victor Comras, a former U.S. State Department senior official who served as Director of the Office of Sanctions & Export Controls as well as Chief of Mission in Macedonia and later was selected to be one of five U.N. Monitors for the Security Council Sanctions Committee against al Qaeda and the Taliban investigating terror financing. Mr. Comras' report of October 29, 2020 was 57 pages and contained 230 footnotes identifying reliance material for his opinions with regard to Mr. Kadi's and Wa'el Julaiden's involvement in providing financial and logistical support for Osama bin Laden and al Qaeda enabling bin Laden and al Qaeda to train for and launch the 9/11 terror attacks against the United States. Plaintiffs also provided the 18-page rebuttal report February 16, 2021 of Mr. Comras with 18 additional footnotes identifying source materials.  In addition, Mr. Kadi's counsel deposed Mr Comras in a deposition that lasted 9 hours. After his deposition, Plaintiffs responded to post-deposition questions by Kadi's counsel asking for more detail about Mr. Comras' reliance material, though the questions sought information from notes Mr. Comras generated as part of his drafting process for writing his report, making the notes tantamount to earlier drafts of his report (which the parties agreed were protected work product, not to be produced in discovery[1]). Plaintiffs next responded to the first set of questions by Kadi's counsel in an August 30, 2021 five-page letter, followed then by yet another query by Kadi's counsel, and a second supplemental 8-page letter response from Plaintiffs on October 12, 2021.  In short, based on the extensive information already provided to Mr. Kadi throughout the extended discovery proceedings, Mr. Kadi has sufficient information about the facts Plaintiffs have alleged from which he can challenge any motion for dismissal. Finally, , the Court has already heard Mr. Kadi's request for a detailed proposed findings of fact at the September 29, 2021 telephone conference (at pp. 17-19), and Plaintiffs will reserve rebuttal until the appropriate time as the Court instructed.

---

[1] Mr. Kadi's counsel agree that draft expert reports may be protected work product, but we have no basis to agree with Plaintiffs' counsel's representation that the notes we sought were generated by Mr. Comras as part of the drafting process for his report, nor do we necessarily agree with the legal contention that the notes are "tantamount to earlier drafts of his report." As we are not at this time pressing any issue with respect to these notes, the Court need not detain itself with this debate.

The Honorable Sarah Netburn   -4-    October 13, 2021


    Accordingly, Mr. Kadi requests that the Court take no further action on these issues at this time but not preclude him (and any other Defendants so inclined) from raising them in the future if the parties believe circumstances warrant.

    We thank the Court for its attention to this matter.

        Respectfully,

        /s/
        Peter C. Salerno


cc:  All MDL Counsel of Record (via ECF)