

Waleed Nassar
202 659 7872
waleed.nassar@lbkmlaw.com

October 15, 2021

**VIA ELECTRONIC FILING**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

    Re:    In re Terrorist Attacks of September 11, 2001,
                03 MDL 1570 (S.D.N.Y) (GBD) (SN)

Dear Judge Netburn:

      This firm represents the International Islamic Relief Organization ("IIRO"), among other defendants, in the above captioned matter.  We write in response to the letter filed on October 13th by the Plaintiffs' Executive Committees ("PECs") purporting to "call the Court's attention to a recently discovered open discovery issue" concerning IIRO and alleging that "IIRO's responses to plaintiffs' document requests are incomplete and/or inaccurate in material respects . . . ."  ECF #7264.  As detailed below, the PECs' claims about the sufficiency of IIRO's document productions are demonstrably wrong and its submission is a complete waste of the Court's time as the proper course of action would have been for the parties to first meet-and-confer, which would have made clear that there was no issue with which to bother the Court and that the statements in the letter attached to the PECs' submission to Your Honor are both inaccurate and prejudicial.  In view of the foregoing, we are now compelled to write to the Court to correct the record.

      ***The purported "newly discovered evidence" has no bearing on the matter at hand.***  The PECs' submission is yet another example of pure conjecture on the part of the PECs that documents ought to exist and inaccurate speculation that IIRO has withheld such documents based on some purported newly discovered evidence – i.e., certain purported hearsay statements in a just-published book in Arabic that the PEC indicated it would provide to counsel for IIRO but has not.  In a letter attached to the PECs' filing and emailed to undersigned counsel ***less than 45 minutes*** before it was filed with the Court, the PECs identify for the first time what they characterize as "[n]ewly disclosed evidence" from an "insider account of the history of al Qaeda" published in 2021 after the U.S. Withdrawal from Afghanistan.  ECF #7264-1.  The PECs assert that an individual named Yusuf al-Hamdan "was a member of bin Laden's inner circle, and of bin Laden's traveling entourage in the days immediately leading up to the September 11th attacks."  *Id.*  While claiming that this "evidence" indicates that IIRO's responses to plaintiffs' document requests "are incomplete and/or inaccurate," the PECs then belie their own claim of an incomplete production by citing to documents concerning al-Hamdan previously produced in this litigation by IIRO, characterizing it as "fragmentary."  *Id.*  What they fail to mention to the Court, however, is that

Lewis Baach Kaufmann Middlemiss PLLC

The Honorable Sarah Netburn
October 15, 2021
Page 2

the documents produced by IIRO reflect that al-Hamdan was transferred from Pakistan to IIRO's Head Office in 1993 and that his employment with IIRO ended on November 29, 1995, approximately six years prior to the September 11th attacks. The PECs provide no evidence that his purported arrests "occurred while Hamdan was actively employed with the IIRO," and nothing cited in their October 13 filing addresses this issue. Thus there is no basis to suggest that additional documents exist and were not produced.

***IIRO conducted an exhaustive search for records, including records relating to Yusuf al-Hamdan, and its production is complete.*** The Court previously held when it addressed the last batch of PECs' discovery grievances that "*the PECs have not offered any concrete evidence showing that there are actually more documents in MWL's and IIRO's possession and control that the organizations have failed to produce*." ECF #4124 at 7 (emphasis added). Similarly, no such evidence has been provided here. What is concrete, however, is the fact that shortly after being retained to replace former counsel for IIRO, this firm conducted extensive global efforts to search for documents responsive to the Plaintiffs' document requests. These efforts were undertaken between 2013 and 2017, many years after the 2006 Response to Plaintiffs' April 21, 2006 Request No. 4 that was provided by previous counsel, Martin McMahon, and which is misleadingly cited by the PECs in the attachment to their October 13 filing. As detailed in our Opposition to Plaintiffs' Motion to Compel, as part of this worldwide effort, "dozens of overseas trips were taken by a team of U.S. attorneys fluent in Arabic to review and gather records from 17 offices scattered across 14 countries and over 300 days have been spent reviewing an estimated 2 million pages of documents, predominately in Arabic." ECF #3857 at 2 (footnotes omitted). As part of this effort, I, along with a fluent Arabic speaking attorney employed at my law firm at that time, personally travelled to Pakistan and to the Kingdom of Saudi Arabia to search all available records for responsive materials, including records relating to Yusuf al-Hamdan.

In support of its claim that "new evidence" indicates that IIRO's 2006 response to a document request concerning al-Hamdan was "not accurate," Plaintiffs misleadingly allude to the fact that al-Hamdan was arrested and detained for his role in supporting al Qaeda and suggest, without a shred of support that this occurred at a time when he was "actively employed with IIRO." ECF #7264-1. Plaintiffs seek to imply that IIRO has in its possession and is withholding records relating to al-Hamdan's arrest and detention. As noted above, however, al-Hamdan's tenure with IIRO ended in November 1995, nearly six years prior to his alleged travels with Osama bin Laden in the days immediately preceding the September 11th attacks. Given the significant temporal gap between 1995 and 2001, it is not surprising that IIRO's document productions did not contain files relating to the arrest and detention. Moreover, as noted above, extensive search efforts were undertaken by then newly-appointed counsel *after* IIRO's 2006 response, which the PECs claim is "not accurate," and IIRO has produced all responsive documents concerning al-Hamdan. These include several categories of Plaintiffs' document requests relevant here, including, but not limited to: employment records, lists of employees in specified conflict areas, operational documents, reports, and meeting minutes.



The Honorable Sarah Netburn
October 15, 2021
Page 3

***The PECs failed to meet and confer with counsel for IIRO prior to raising this issue with the Court***. The PECs' deliberate decision to write to Your Honor about a purported "open discovery issue" without first attempting in good faith to meet-and-confer with counsel for IIRO contravenes Local Rule 37.2, as well as Your Honor's individual practices, and is wasteful of the Court's time and resources. After many years of litigating before Your Honor, there can be no doubt that the PECs were fully aware of their obligations in this regard. Curiously, the PECs assert that their submission to the Court is somehow consistent with the Court's directive that "the parties shall file a joint status letter with the Court stating whether there are any outstanding issues in connection with the discovery *related to Yassin Kadi*." ECF #7160 (emphasis added). That is a non-sequitur. In truth, the PECs' submission is a plain violation of the Local Rules and Your Honor's Individual Practices and appears to have had no other purpose but to put on the record prejudicial allegations against IIRO that have nothing to do with any bona fide discovery disputes.

In summary, the PECs' filing was unnecessary and improper. Had the PECs complied with their obligation to meet-and-confer with counsel for IIRO, this matter could have been resolved without needlessly burdening the Court. As the foregoing makes clear, IIRO has taken its discovery obligations seriously and all responsive documents have been produced, including all responsive documents relating to al-Hamdan. Nevertheless, as always and as the rules proscribe, we are available to meet-and-confer with the PECs on any bona fide issue and can explain why their belief that additional documents exist is without basis.

Sincerely,

Waleed Nassar

cc:    All Counsel of Record via ECF