J715911c                          phone conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   IN RE: TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001,
4
                                        03 MDL 1570 (SN)
5                                       Remote Proceeding
    ------------------------------x
6                                       New York, N.Y.
                                        September 29, 2021
7                                       2:00 p.m.

8   Before:

9                    HON. SARAH NETBURN,

10                       U.S. Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

J715911c                         phone conference

1                                 APPEARANCES

2    KREINDLER & KREINDLER
          Attorneys for Plaintiffs Executive Committee
3    BY:  ANDREW J. MALONEY
          STEVEN POUNIAN
4         JAMES KREINDLER
          MEGAN W. BENETT
5
     MOTLEY RICE
6         Attorneys for Plaintiffs Executive Committee
     BY:  ROBERT T. HAEFELE
7         JODI W. FLOWERS
          JADE HAILESELASSIE
8         C. ROSS HEYL
          JOHN EUBANKS
9
     COZEN O'CONNOR
10        Attorneys for Plaintiffs Executive Committee
     BY:  SEAN P. CARTER
11        STEPHEN COZEN
          J. SCOTT TARBUTTON
12
     ANDERSON KILL P.C.
13        Attorneys for Plaintiffs Executive Committee
     BY:  JERRY S. GOLDMAN
14        ETHAN GREENBERG

15   JONES DAY
          Attorneys for Defendant Dubai Islamic Bank
16   BY:  STEVEN COTTREAU

17   GOETZ & ECKLAND, P.A.
          Attorneys for Defendant WAMY
18   BY:  FREDERICK J. GOETZ

19   THE LAW FIRM OF OMAR T. MOHAMMEDI, LLC
          Attorneys for Defendant WAMY
20   BY:  OMAR T. MOHAMMEDI
          JILL L. MANDELL
21
     LEWIS BAACH PLLC
22        Attorneys for Defendant WAMY
     BY:  AISHA BEMBRY
23        WALEED NASSAR
          SUMAYYA KHATIB
24
     BERNABEI & KABAT PLLC
25        Attorneys for Defendant WAMY
     BY:  ALAN R. KABAT

J715911c                              phone conference

1                         APPEARANCES (Cont'd)

2    SALERNO & ROTHSTEIN
          Attorneys for Defendant Kadi
3    BY:  PETER C. SALERNO

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

J715911c                              phone conference

```
 1              (Case called; The Court and all parties appearing
 2      telephonically)
 3              THE DEPUTY CLERK:  Starting with the Plaintiffs
 4      Executive Committee, state your appearances.  From Kreindler &
 5      Kreindler?
 6              MR. MALONEY:  Andrew Maloney, your Honor.
 7              THE COURT:  Good afternoon.
 8              MR. KREINDLER:  Jim Kreindler.  Good afternoon, your
 9      Honor.
10              MS. BENETT:  Hi, Judge.  This is Megan Benett from
11      Kreindler & Kreindler.
12              MR. POUNIAN:  And Steve Pounian from Kreindler &
13      Kreindler, your Honor.
14              THE COURT:  Thank you.
15              And from Motley Rice?
16              MR. HAEFELE:  From Motley Rice, your Honor, it is
17      Robert Haefele and I also have with me Jodi Flowers, John
18      Eubanks, Ross Heyl and Jade Haileselassie.
19              THE COURT:  Thank you.
20              From Cozen O'Connor?
21              MR. CARTER:  Good afternoon, your Honor.  You have
22      Sean Carter, Scott Tarbutton, and Stephen Cozen.
23              THE COURT:  Thank you.
24              And from Anderson Kill?
25              MR. GOLDMAN:  Good afternoon, your Honor.  This is
```

J715911c                              phone conference

1    Jerry Goldman, and with me is Ethan Greenberg.

2              THE COURT:  Thank you.

3              Are there any other lawyers who want to state their

4    appearance on behalf of the plaintiffs?  Hearing none, on

5    behalf of Dubai Islamic Bank?

6              MR. COTTREAU:  Good afternoon, your Honor.  It is

7    Steven Cottreau from Jones Day.

8              THE COURT:  Thank you.

9              On behalf of WAMY?

10             MR. MOHAMMEDI:  Your Honor, Omar Mohammedi, and I have

11   Frederick Goetz as well as Jill Mandell.

12             THE COURT:  Thank you.

13             And, on behalf of the Muslim World League and IROO and

14   others?

15             MS. BEMBRY:  Good afternoon, your Honor.  This is

16   Aisha Bembry.  Here with me is Waleed Nassar.  On the line is

17   Sumayya Khatib.  And, also for the individual charity

18   officials, Alan Kabat.

19             THE COURT:  Thank you.

20             And for Defendant Yassin Kadi?

21             MR. SALERNO:  Peter Salerno, your Honor, from Salerno

22   & Rothstein.

23             THE COURT:  Thank you.

24             Anyone else on the defense side that would like to

25   state an appearance?  Great.

J715911c                            phone conference

1          Thank you, all, for being here on relatively short

2     notice and thank you, as well, for providing me, on short

3     notice, with your expert list.  That was very helpful.

4          I want to talk with you in connection with the letter

5     that was filed on September 3rd with the parties' proposal for

6     the next steps in the actions relating to the defendants who

7     are here today.

8          I understand that both sides agree that there will be

9     significant challenges to the parties' experts and that the

10    parties jointly believe that those motions should go forward,

11    at least in the first instance, before other motions are filed.

12    I know that the plaintiffs have a slightly more concurrent

13    proposal in mind.

14          I see that the parties have, I think, 28 reports in

15    total, which I believe is about 1,400 pages of expert reports.

16    To the extent the parties intend to move against all of those

17    experts, I think it is inefficient for the Court to consider

18    all of those motions at once.  And so, I wanted to speak with

19    you about essentially a sampling of expert challenges, and I

20    will tell you what I am thinking of doing and then I am happy

21    to hear from the parties about that proposal.

22          What I am of the view would be the most efficient way

23    to proceed is to allow both sides, meaning plaintiffs on one

24    side defendants on another side, to pick three experts to

25    challenge and allow the Court to evaluate those experts and set

J715911c                        phone conference

1    forth the applicable law for expert challenges and provide an

2    opinion on the admissibility of the testimony that is

3    contemplated of those experts.  The idea is that we could do

4    that sort of briefing program in a significantly more truncated

5    schedule than what is proposed by the parties and the Court

6    could turn that decision around much more quickly than we could

7    if we were looking at 28 reports.  I'm not suggesting any party

8    would be denied the right to file a motion to challenge an

9    expert but, rather, that I would limit those challenges in the

10   first instance to six, three on each side.  Once the parties

11   have my ruling, we will then set a schedule for dispositive

12   motions and any additional challenges that the parties wish to

13   make at that time, hopefully educated by my earlier ruling and

14   for experts where a challenge is likely not to be

15   well-received, the parties may choose not to challenge that

16   expert or maybe, based on a ruling, the parties may agree that

17   an expert is subject to challenge or should be dropped

18   altogether.  But, I think the parties would benefit from an

19   initial ruling from me on a much smaller group of experts.

20          The last thing I will say is that in looking over your

21   description, which again I am quite appreciative that you did

22   that for me so quickly, there is different ways to characterize

23   the testimony that is contemplated but, broadly speaking, it

24   appears to me that the experts fall into a handful of

25   categories.  I think there is a very large category of experts

J715911c                         phone conference

1    who are going to be sort of geopolitical or historical experts

2    talking about events in the region and other sort of historical

3    testimony including about Islam, about the region and politics,

4    about certain international relations.  That seems to me a very

5    large category of testimony.  It seems that there is another

6    category of testimony regarding financing, international money

7    laundering rules, accounting, banking practices, etc.  I think

8    that that is arguably another category.  And then there appears

9    to be another large category of sort of general 9/11 planning

10   and organizing or funding for the 9/11 attacks.  We have gone

11   through this list a couple of times now and I think you could

12   come up with various categories and you could come up with 28

13   categories, if you wanted to.  I am sure everybody has

14   something unique to add.  But it does seem that, broadly

15   speaking, the testimony does group and so my thinking is that

16   we should have a limited number of challenges in the first

17   instance and proceed as such.

18          So, those are my opening remarks.  I don't know who on

19   the plaintiffs side wants to take the lead here.

20          MR. HAEFELE:  Your Honor, it is Robert Haefele from

21   Motley Rice.

22          I haven't had, obviously, an opportunity to hear what

23   my other colleagues have to say about the proposal so I'm not

24   sure that I am speaking necessarily for everyone.  I understand

25   what your Honor is proposing and I think that, by and large,

J715911c                          phone conference

this seems like it will probably be useful and workable.  A

couple things that I would point out, though, that I am not

sure that I wouldn't expect that all of the plaintiffs' experts

will be challenged or that all of the defendants' experts will

be challenged overall, but I'm not sure that affects your

numbers that much.  What I think does affect your numbers, your

Honor, is the relative disparity between the defendants having

16 experts that they have proposed and the plaintiffs having

only six experts that they have proposed, and each of us

getting three and three.  I don't know whether that means the

manner in which you rule would be guidance for both sides

equally or not.  But, in terms of ruling in or out experts, the

end result could be that you are ruling on half of the

plaintiff's experts and only a fraction of the defendant's

experts.

            THE COURT:  Thank you.

            MR. HAEFELE:  But, in truth, again, the plaintiff has

six experts compared to defendants' 16 and, by and large, we

would anticipate there wouldn't be any real credible challenges

to the plaintiff's experts given that they're all people who

have held high-level U.S. government positions, they've all

been qualified repeatedly in counter-terrorism cases

previously, and Courts have applied the federal rules to these

experts already, by and large, and found them to be credible

and found them to be experts who were qualified and their

J715911c                          phone conference

1   methodology meets the standards under the rules.  So, I suspect

2   that, you know, by and large what the defendants are looking at

3   is, I would imagine, discrete areas of dispute regarding each

4   of the experts and that, I suppose, that allowing them to pick

5   certain areas or certain experts or a number of experts

6   probably works, your Honor.

7           I'm not sure that there is any other concerns that we

8   have other than the relative number.  And I suppose, your

9   Honor, it would still leave open what the page lengths would

10  be.

11          THE COURT:  Understood.  OK.  Thank you.

12          Is there one lawyer who might take the lead here for

13  the defendants or does everybody have a different view?

14          MS. BEMBRY:  Good afternoon, your Honor.  This is

15  Aisha Bembry.

16          Likewise, we haven't had an opportunity, obviously, to

17  discuss this proposal but first, thank you, your Honor, for the

18  proposal.  We understand your Honor's efforts to also try to

19  streamline and are appreciative of that as that was the

20  defendant's goal in terms of approaching this in the sequencing

21  manner that we suggested.

22          With regards to the IROO/MWL defendants, I can tell

23  you that the general manner, we have no objection to the

24  approach that you are suggesting.  Certainly it would have the

25  benefit of allowing us to streamline the issues.

J715911c                                 phone conference

1          With regard to I guess clarifying a couple of points,

2     we would like to know in terms of the page limits and then the

3     timeline as to when the initial round of briefing would be due.

4     Contrary to what Mr. Haefele has said, the defendants do have

5     very serious and credible challenges to the plaintiffs' experts

6     and do intend to raise a number of significant issues.  So, we

7     would like to know in terms of page limits and timing so that

8     we can better assess our ability to accomplish what your

9     Honor's goal is.

10          THE COURT:  Thank you.

11          Anything further from the defendants' side who wants

12    to speak on this?

13          MR. SALERNO:  Yes, your Honor.  This is Peter Salerno

14    for Yassin Kadi.

15          One point is just a factual correction I think of

16    Mr. Haefele which is he said, I believe, all of plaintiffs'

17    experts have been qualified in federal court cases.  The expert

18    that has been offered by plaintiffs against Mr. Kadi, one

19    Victor Comras has, to our knowledge, never testified before.

20    He has never been qualified as an expert.  Yes, he is a former,

21    retired, high-government official and so that's just a factual

22    correction we would like to make.  Obviously, the plaintiffs

23    may correct me on my factual correction.

24          The other is a little more substantive on the theory

25    that perhaps Mr. Kadi's Daubert motion against Mr. Comras might

J715911c                          phone conference

1    be relegated to the second round and not the lead motion.  The

2    disadvantage, I think, for every party not having the

3    sequential briefing schedule, is that you have to make your

4    dispositive motion -- if they're simultaneously you have to

5    make your dispositive motion kind of in the alternative saying,

6    well, if you grant the Daubert motion this is what our case

7    looks like and if you deny it this is what it looks like and

8    that causes extra pages and extra work and uncertainty, that

9    sort of thing.  I don't know how to solve it because the other

10   half of me likes your proposal very much in the sense that it

11   makes a lot of sense and we get some guidance.  So, I put that

12   out there.  Maybe other people have thoughts on that too.

13            THE COURT:  Thank you.

14            I mean, for what it is worth, I think the most common

15   and traditional way to proceed at the summary judgment and

16   Daubert stage is to submit your motion simultaneously.  And so,

17   although I appreciate the sort of alternative argument that

18   might be required, I think that that is something that the

19   Court sees all the time and that parties are required to

20   contend with all the time, and it may also be that given sort

21   of these bellwether challenges, that the parties will have a

22   better idea of the success of pressing particular expert

23   testimony by the time they're raising dispositive motions and

24   we will have a better feel for whether or not they can reliably

25   rely on an expert's testimony in their dispositive motions

J715911c                        phone conference

1          All right.  Ms. Bembry asked about timing and I think

2    following today's conference I'm going to take all of this

3    under advisement and issue an order, but I think if we are

4    talking only about challenges to three experts, I think that

5    the schedule will likely look similar to what is proposed in

6    the letter by the plaintiffs with giving the parties 45 days to

7    make their motions and briefs, with responses due 45 days

8    thereafter, and replies 35 days following.  I think that's

9    likely to be the schedule and so the parties should keep that

10   in mind.  I intend to issue a ruling in the next day or two so

11   you will know the final score shortly.  But, that's what I am

12   inclined towards.

13          Let me ask another question, let me move now to Dubai

14   Islamic Bank.  I understand that in the letter submission --

15   again, the September 3rd letter -- what was proposed was that

16   there would be a motion to dismiss for lack of personal

17   jurisdiction and that I believe the parties propose having that

18   motion briefed now, maybe staggered by two weeks from the

19   experts' schedule, but that that can go forward now while these

20   bellwether expert challenges are happening.

21          So, I just want to confirm that there is no reason to

22   delay that schedule as well.  Maybe Mr. Haefele can respond

23   first?

24          MR. HAEFELE:  Your Honor, this is Robert Haefele.

25          I think we agree.  We don't have any opposition to

J715911c                          phone conference

1    that approach.

2               THE COURT:  I didn't go through close enough, I know

3    that there are certain experts that are related to DIB.  I

4    don't know whether or not those challenges would be part of

5    this bellwether challenge or whether or not those experts

6    intend to provide any testimony related to personal

7    jurisdiction but if you can just answer, Mr. Haefele, whether

8    or not you think there is any potential difficulty in

9    scheduling the DIB motion now even though there is an open

10   question on experts.

11              MR. HAEFELE:  Your Honor, I am going to answer that

12   with a question, actually, if you don't mind.  Just for

13   clarification.

14              On the first part of what your order is anticipated to

15   cover, when you say "pick three experts," that is per side,

16   correct?  In other words, the plaintiffs pick three of the

17   defense experts and the defendants collectively pick three of

18   the plaintiffs' experts; correct?

19              THE COURT:  Roughly, yes.  Yes, that's the idea.

20              MR. HAEFELE:  OK.  On the -- I'm sorry, your Honor.

21   Can you ask the question again?  I apologize.

22              THE COURT:  Sure.

23              We are going to have bellwether expert challenges

24   which I think will give the parties both a ruling on those

25   bellwether experts but also on how the case will proceed with

J715911c                          phone conference

respect to expert discovery in the future.  The proposal on the

table is that the motion to dismiss Dubai Islamic Bank for lack

of personal jurisdiction also proceed largely along the same

schedule as those bellwether challenges would proceed.  My

question is whether or not -- and I think the answer is no

because the parties propose that they happen at the same time.

MR. HAEFELE:  I understand your Honor's question now

and your presumed answer is correct; no.

THE COURT:  OK.

Let me just ask Mr. Cottreau whether he agrees with

that.

MR. COTTREAU:  Yes, your Honor.  Dubai Islamic Bank

agrees with that.

If I can make one point, which I think was an

oversight by the plaintiffs in their submission to you today.

On page 3 of their submission, at docket 7159, they give a

summary of expert Jonathan Winer.  In that summary they have a

couple of sentences that relate to Dubai Islamic Bank on page

3.  It starts in the middle of that carryover paragraph:  *The*

*significance and import of the U.S. government's engagement*

*with Emirati officials concerning Dubai Islamic Bank prior to*

*9/11 and State Department Spokesman James Foley's statements*

*relating to those engagements, and the significance and the*

*import of the investigation and account closures described in*

*the testimony of Alan Fine.*  I believe that that was included

J715911c                           phone conference

1    by plaintiffs in error.  That is not in fact, that does not

2    relate to any topic that Mr. Winer actually included in his

3    report and I think this comes out of a prior anticipated

4    summary by plaintiffs but those topics are actually not in the

5    expert reports and so you will see that the rest of their

6    summaries are largely devoid of references to Dubai Islamic

7    Bank, if not entirely devoid, and so we think, certainly,

8    personal jurisdiction can go forward while you resolve the

9    expert challenges.

10            And I just make a procedural note.  We may style the

11   motion in the alternative, as a motion for summary judgment on

12   the personal jurisdiction point.  It's a little up in the air

13   whether it should be a renewed motion to dismiss or summary

14   judgment motion.

15            THE COURT:  Great.  Thank you.

16            All right.  I think I am still going to hold off on

17   approaching Phase II until we at least move forward on Phase I.

18   I think we have covered everything that I wanted to cover.

19            Anything further that the plaintiffs want to raise in

20   connection with these issues?

21            MR. HAEFELE:  No thank you, your Honor.

22            THE COURT:  Thank you.

23            Anything further from the defendants.

24            MS. BEMBRY:  No thank you, your Honor.

25            THE COURT:  Wonderful.

J715911c                              phone conference

1              MR. COTTREAU:  Your Honor, this is Steve Cottreau for

2     Dubai Islamic Bank.

3              I would just ask if you are contemplating the 45-day

4     schedule as I think we suggested in the letter, that the motion

5     to dismiss or motion for summary judgment on personal

6     jurisdiction trail by two weeks so we would be prepared in 60

7     days' time to go ahead and file that.

8              THE COURT:  Thank you.  Understood.

9              MR. SALERNO:  Your Honor, this is Peter Salerno.  I

10    have something I would like to say briefly, if I may?

11             THE COURT:  Yes.

12             MR. SALERNO:  There are two issues kind of buried in

13    our September 3rd letter about Mr. Kadi; one is the suggestion,

14    as is pointed out in that letter and first raised by your Honor

15    three and a half years ago in a conference involving Saudi

16    Arabia, that there be proposed findings of fact offered by

17    plaintiffs, that plaintiffs be compelled to offer them laying

18    out the facts on which they will rely.  Our theory on that is

19    that the plaintiffs -- the last complaints in the case against

20    Mr. Kadi, and I think just about anybody else, are more than 15

21    years old now.  Mr. Kadi won a motion to dismiss previously and

22    was remanded from the Second Circuit for discovery on personal

23    jurisdiction and we think we are entitled to know what the

24    plaintiffs think they've learned in those eight years of

25    discovery on personal jurisdiction.  Otherwise, a motion to

J715911c                           phone conference

1    dismiss from us is going to be based upon 15 to 16-year-old

2    complaints.  There is no way to easily prove the negative to

3    say that nothing in the evidence that we have seen in the last

4    eight years proves anything about Mr. Kadi.  Obviously that's

5    very difficult proposition to support with evidence except

6    every document that's been produced, which is impractical.

7           So, that seems to us like a very good idea.  It seemed

8    to one of plaintiff's counsel who was there at the time to be a

9    very good idea and we just didn't want the Court to lose sight

10   of that proposal.  And it seems to us that could be done --

11   that should be done before Phase II starts, certainly.

12          The second one is there is also a brief reference and

13   we are still in discussions with plaintiff's counsel on this,

14   but we have outstanding since September 2013, eight years ago

15   tomorrow, in fact, interrogatories to the plaintiffs and I

16   think we are at the stage where plaintiffs should answer them

17   and if they agree to, we needn't bother your Honor, but if they

18   don't, then we will be.  There is another small

19   discovery/expert issue that we are in discussions with

20   plaintiff's counsel about.

21          But, other than that, those are the two things I had

22   in mind.

23          THE COURT:  Thank you.

24          With respect to the first point, I have certainly not

25   lost track of that next phase and I am deep in thought about

J715911c                          phone conference

1   what is the best way to proceed.  And so, I am very much aware

2   that that is still an open question.  I don't think we need to

3   decide it today.  I will certainly invite comment from the

4   parties before I set any rules about how we are going proceed,

5   but I don't think we need to address that today.

6              MR. SALERNO:  Thank you, your Honor.

7              THE COURT:  With respect to the interrogatories, that

8   does seem like something that needs to be addressed.  Since you

9   are in discussions right now with plaintiff's counsel on other

10  discovery disputes, my thinking is that you should have this

11  conversation with them now and then maybe submit a letter to me

12  in the next week or two raising whatever outstanding discovery

13  disputes remain.

14             Does that make sense to you?

15             MR. SALERNO:  Absolutely, your Honor.

16             THE COURT:  Terrific.  So, I will look out for that

17  letter and if you can just file a letter, certainly within two

18  weeks from today; if there are no discovery disputes I would

19  appreciate a letter just letting me know that so we know that

20  that has been resolved.

21             MR. SALERNO:  I will do so, your Honor.

22             THE COURT:  Thank you.

23             Anything else, Mr. Salerno?

24             MR. SALERNO:  No.  I don't think so.  Thank you, your

25  Honor.

J715911c                          phone conference

1              THE COURT:  Thank you.

2              Anybody else wish to be heard?

3              MR. MOHAMMEDI:  No thank you, your Honor.

4              THE COURT:  All right.  Thank you, everybody.  I hope

5    everybody is healthy and safe.  And, we are adjourned.

6                                 o0o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25