UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-1570 (GBD)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

    On July 15, 2021, journalist Michael Isikoff published an article in Yahoo! News that revealed that he had obtained a copy of the deposition transcript of Musaed Al Jarrah, in violation of certain protective orders. The Court described this breach in its Opinion and Order at ECF No. 7134 and assumes familiarity with those facts. Following a preliminary inquiry and extensive submissions, Kreindler & Kreindler investigator John Fawcett admitted that he is responsible for the breach and claimed that he acted on his own for certain reasons unrelated to the September 11 Attacks. Other Kreindler lawyers swore they learned of his actions only on September 27, 2021. The Court has scheduled a hearing to determine whether anyone other than Mr. Fawcett participated in the breach (including by directing it or helping to cover it up), how the breach was carried out, and whether any party submitted to the Court false or knowingly misleading sworn statements as part of its inquiry. The Court intends to issue findings of fact and to recommend remedies to District Judge Daniels.

    This Order addresses pre-hearing discovery and scheduling. The Court has received the joint letters from Kreindler & Kreindler and the Kingdom of Saudi Arabia, ECF No. 7251, and from Saudi Arabia and John Fawcett, ECF Nos. 7253, 7254, 7260, and 7275.

## DISCUSSION

The parties disagree on both the discovery schedule for this hearing and the appropriate scope of discovery. These disputes concern: (1) the discovery and hearing schedule, (2) the scope of discovery against Kreindler & Kreindler, (3) the scope of discovery against Mr. Fawcett, and (4) the discovery protocol for Mr. Fawcett's laptop and personal device. The Court addresses each issue in turn, mindful of its obligation under Federal Rule of Civil Procedure 26 to ensure access to relevant discovery that is not unduly burdensome, cumulative, or able to be obtained from another, more convenient source.

### I.  Discovery and Hearing Schedule

The hearing is set for November 1, 2021, and if necessary, November 2. By no later than October 25, 2021, Kreindler & Kreindler shall provide the Plaintiffs' Executive Committees ("PECs") (1) copies of all PECs' documents and information gathered in the searches by Kreindler & Kreindler and (2) the proposed language and information to be included on a privilege log for any material related to PECs' communications or work product. By no later than October 27, Kreindler & Kreindler will complete production to the Kingdom of Saudi Arabia and provide it a privilege log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5). Mr. Fawcett shall complete production on the same schedule. By October 22, 2021, the Mr. Fawcett and Saudi Arabia shall file a joint status letter with the Court stating the status of the forensic imaging process. By October 29, the parties shall submit to the Court a list of any witnesses they wish to call beyond the six identified in the Court's order at ECF No. 7167. By that same date, each party shall also provide to the Court two binders with pre-marked exhibits that they plan to use during the hearing.

The hearing will take place in Courtroom 18B at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007. As the Court previously indicated, the parties' prior sworn statements will be admitted as direct testimony. Counsel for the Kingdom of Saudi Arabia will conduct a cross examination of the witnesses, not limited by their prior statements. Counsel for the witnesses will be permitted to conduct a redirect examination.

**II.     Discovery Related to Kreindler & Kreindler**

On October 6, 2021, Saudi Arabia moved for discovery from Kreindler & Kreindler and Mr. Fawcett. ECF No. 7215. Included with that motion was a copy of 14 numbered requests. ECF No. 7215-1. Through the meet and confer process, the parties were able to narrow their disputes over these requests to four areas: (1) Kreindler & Kreindler's press interactions, (2) firm phone records for Isikoff, (3) employment and compensation records for Mr. Fawcett, and (4) searches of Kreindler & Kreindler staff personal devices.

**A.   Kreindler & Kreindler Press Interactions (Request No. 5)**

Saudi Arabia requests all Kreindler & Kreindler communications with members of the press about confidential depositions. ECF No. 7251 at 2. This request is denied as overbroad and unlikely to result in relevant information. The purpose of the hearing is to uncover further evidence of misconduct in connection with the July 15 leak. Expanding the Court's inquiry into potential other instances of misconduct is not warranted. Moreover, where there have been leaks of confidential information, the parties have quickly alerted the Court. Prior press reports that impermissibly revealed confidential information have been raised with the Court, and attorney James Kreindler has previously been found to have violated the protective orders. ECF No. 3619 at 9:6–7. Thus, the likelihood that this search will reveal previously unknown leaks is small.

Conversely, the request is likely to produce much irrelevant information. The Court has consistently affirmed that parties may speak with the press so long as they do not violate the protective orders. See, e.g., ECF No. 3619 at 9:10–11. Kreindler & Kreindler, in particular, has liberally availed itself of this right. Thus, even with Saudi Arabia's proposal to limit disclosures to communications about depositions, the request will likely generate a large volume of irrelevant material.

### B. Firm Phone Communications with Michael Isikoff (Request No. 6)

Saudi Arabia's request for Kreindler & Kreindler's firm phone records relating to communications with Isikoff is granted. ECF No. 7251 at 3. The Court's prior orders investigating this breach are clear that Kreindler & Kreindler's communications with Isikoff go to the heart of the investigation. See, e.g., ECF No. 8072 (directing Kreindler & Kreindler to disclose communications with Isikoff). Firm call logs documenting communications with Isikoff are a reasonable extension of these prior disclosures.

### C. John Fawcett Employment and Compensation Records (Request No. 10)

Saudi Arabia's request for Mr. Fawcett's employment records is granted only to the extent described here. Kreindler & Kreindler shall produce any 1099 or W-2 tax forms for Mr. Fawcett from the relevant time period. These materials may be redacted to the extent necessary to protect personal information (*e.g.*, social security numbers and personal addresses) but not compensation. Kreindler & Kreindler shall also produce any employment contracts or termination letters between itself and Mr. Fawcett as well any documents summarizing the terms of Mr. Fawcett's employment.

### D. Kreindler & Kreindler Personal Devices

The Court endorses Kreindler & Kreindler's proposal at ECF No. 7251 at 6 as the proper scope for searches of personal devices for Kreindler & Kreindler staff. The parties submitted two search proposals. Saudi Arabia proposes to search the devices of both the hearing witnesses named in the Court's order at ECF No. 7167 and other individuals who communicated with Isikoff. Kreindler & Kreindler proposes to search only the personal devices of named witnesses. Saudi Arabia's proposed discovery would incur burdens disproportionate to the need of this hearing and likely generate a large amount of irrelevant material. Therefore, Kreindler & Kreindler shall search for documents (*e.g.*, personal email, text messages, iMessage, Signal, WhatsApp, phone history, voicemail) responsive to Saudi Arabia's Requests Nos. 1 and 2 on the personal devices of witnesses named in the Court's order at ECF No. 7167.

### III. Discovery Related to John Fawcett

Saudi Arabia issued 13 requests to John Fawcett. ECF No. 7215-2. Saudi Arabia, Mr. Fawcett, Kreindler & Kreindler, and the other PECs firms state that they are at an impasse on the seven issues below.

### A. Interactions with the Press (Request No. 3)

The request for all of John Fawcett's press communications, ECF No. 7275 at 2, is denied in part as overbroad for the same reasons as the similar request from Kreindler & Kreindler above. Mr. Fawcett is, however, ordered to produce his records of any communications (whether by telephone, personal or professional email, text messages, iMessage, Signal, WhatsApp, etc.) with any member of the press from June 1, 2021, to October 5, 2021.

### B. Communications with Kreindler & Kreindler relating to the July 15 Article and the Transcript Leak (Request No. 4)

The request for communications between Mr. Fawcett and Kreindler & Kreindler about the Isikoff article or transcript leak, including email records and phone records, ECF No. 7275 at 4, is granted. Interactions between Mr. Fawcett and Kreindler & Kreindler about the breach or the Isikoff article address the central issue of this hearing and are particularly relevant given the Kreindler lawyers' statements that they only learned of Mr. Fawcett's violation on September 27, and Mr. Fawcett's admitted destruction of evidence. ECF No. 7162-2 at ¶ 7. His argument that responsive phone records should not be produced because such records do not list content is unavailing. Evidence such as when co-conspirators communicated may provide circumstantial evidence relevant to the Court's inquiry.

### C. All Phone Records from the Relevant Time Period (Request No. 5)

The request for all of Mr. Fawcett's phone records is granted. Circumstantial evidence including when Mr. Fawcett spoke with Isikoff and/or Kreindler lawyers, or whether Mr. Fawcett spoke with other journalists, may tend to establish circumstantial evidence relevant to the Court's inquiry. Mr. Fawcett may redact the phone records for personal communications.

### D. Compensation Time Records, Tax Records, and Work Summaries (Request Nos. 8–11)

The request for Mr. Fawcett's compensation records, time records, tax records, and work summaries are denied. The Court has already ordered Kreindler & Kreindler to produce Mr. Fawcett's compensation records, employment contracts and a summary of his work responsibilities. Kreindler & Kreindler has also agreed to produce examples of how Mr. Fawcett's time was billed. ECF No. 7275 at 6. Individual time records are not likely to lead to relevant evidence.

6

### E. Laptop and Device Search Protocol

The parties are at an impasse on three issues regarding the search protocol for Mr. Fawcett's laptop and personal device. Specifically, they disagree (1) if the file structure of Mr. Fawcett's laptop should be disclosed, (2) if they must search for copies of the Fahad Al Thumairy and Omar Al Bayoumi deposition transcripts, and (3) what criteria should be used to determine if materials is responsive. ECF No. 7275 at 7–10.

#### 1. File Structure (Item No. 1)

The request to disclose the file structure and names of all relevant items on Mr. Fawcett's laptop is denied as disproportionate. Mr. Fawcett has been a consultant for Kreindler & Kreindler for almost two decades. This makes it likely that this request will yield an immense volume of information that is at best, tangentially relevant to the breach of the protective orders. It is also likely that this request, given the overlap in the investigations of Kreindler & Kreindler and other PECs firms in this matter, would require managing the disclosure of a large volume of non-Kreindler & Kreindler attorney work product. Resolving these disputes would impose disproportionate and unnecessary expense and delay.

#### 2. Transcript Production (Item No. 4)

Saudi Arabia's request for any copies of confidential deposition transcripts of Omar Al Bayoumi and Fahad Al Thumairy on Mr. Fawcett's devices is granted. The disclosure of such materials is unlikely to present a major burden and may be relevant to confidential deposition transcripts were managed and if the breach of the protective orders was limited to the disclosure of the Al Jarrah deposition transcript.

### 3. Criteria for Responsivity (Item Nos. 6 and 7)

The parties' final dispute is how broadly responsiveness should be construed both in the search for communications between Mr. Fawcett and relevant parties (Item No. 6) and in the review of documents that hit on specific search terms (Item No. 7). Saudi Arabia states that anything that "may arguably [be] responsive" should be produced. As an example, they say that a July 3, 2021 email from Mr. Fawcett to James Kreindler saying "Done" would responsive. Mr. Fawcett and Kreindler & Kreindler argue that these criteria would render the search overbroad and disproportionate to the needs of the hearing. They propose only searching for documents that "facially relate" to the disclosure of the Jarrah deposition. ECF No. 7275 at 8.

The Court endorses Saudi Arabia's standard for responsiveness. Restricting disclosure to materials that are facially related to the breach excludes too much potentially relevant material. For example, Saudi Arabia's illustration is a communication that would be relevant to the hearing even though it is not facially related to the breach. Moreover, the Kreindler attorneys have testified that they first learned of the breach by Mr. Fawcett on September 27, and Mr. Fawcett has already admitted to destroying evidence, ECF No. 7162-2 at ¶ 7, making robust discovery more necessary to developing an accurate understanding of how the breach occurred. The Court endorses an over-inclusive production of discovery for the limited period June 1, 2021, to October 5, 2021. Mr. Fawcett may redact any obvious work product material.

## CONCLUSION

The evidentiary hearing on the breach of the protective orders is scheduled for November 1 and 2, 2021. Saudi Arabia and Mr. Fawcett shall file a joint status letter on the process of the forensic imaging process by October 22, 2021. Discovery will proceed according to the terms of this Order.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 7215.

**SO ORDERED.**

DATED:   New York, New York
         October 21, 2021

_____
SARAH NETBURN
United States Magistrate Judge