# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

October 25, 2021

**BY ECF**

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

    Re:    In re Terrorist Attacks on September 11, 2001, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

    We represent non-party John Fawcett in connection with the evidentiary hearing scheduled for November 1, 2021 in the above-referenced matter.  We respectfully submit this letter to inform the Court that Mr. Fawcett intends to assert his Fifth Amendment privilege against self-incrimination and decline to answer questions at the hearing.

    While Saudi Arabia contends that Mr. Fawcett has waived his Fifth Amendment privilege, *see* ECF No. 7278, it is mistaken.  As set forth below, the case law makes clear that there has been no waiver here, and the principles underlying the privilege—not to mention concerns of fundamental fairness—lead to the same conclusion.  The Court's Order of October 4, 2021, clearly put Mr. Fawcett on notice that one of the purposes of the hearing is to gather facts in contemplation of a potential criminal referral to the United States Attorney's Office for the Southern District of New York.  It is thus beyond dispute that Mr. Fawcett has reason to apprehend a federal criminal investigation of his conduct, as well as the prospect of his compelled, sworn testimony being used against him should a prosecution eventuate.  The Constitution gives Mr. Fawcett the right not to testify against himself, and he should be permitted to exercise that right.

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 25, 2021
Page 2

**Relevant Facts**[1]

As the Court is aware, Mr. Fawcett signed two declarations, dated September 27 and 30, 2021 relating to a breach of a protective order issued by the Court (the "Declarations"). Those Declarations were submitted to the Court by Kreindler & Kreindler (the "Kreindler Firm"). The Kreindler Firm did not represent Mr. Fawcett.

On October 4, 2021, Your Honor ordered Mr. Fawcett to appear as a witness at an evidentiary hearing "regarding the breach of the protective orders by Kreindler & Kreindler." ECF No. 7167. The Order explained that the purpose of the hearing "is to render findings of fact in connection with the breach and to determine the appropriate remedies," which may include "a criminal referral to the U.S. Attorney's Office for the Southern District of New York." *Id.* It was only after the Court's entry of the Order that Mr. Fawcett consulted with our firm and thereafter retained us to represent him in connection with the hearing.

**Relevant Law**

The Supreme Court has repeatedly emphasized that the Fifth Amendment privilege against incrimination is a fundamental right that must be liberally applied. *See, e.g., Ullman v. United States*, 350 U.S. 422, 426-28 (1956). The privilege sweeps incredibly broadly, and "not only extends to answers that would in themselves support a conviction but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant." *Ohio v. Reiner*, 532 U.S. 17, 20 (2001) (punctuation and citation omitted). The Second Circuit has made clear that a waiver of the privilege "is not to be lightly inferred." *Klein v. Harris*, 667 F.2d 274, 287 (2d Cir. 1981). Rather, courts must "indulge every reasonable presumption against finding a testimonial waiver." *Id.*

In *Klein*, the Second Circuit established a two-part test to determine if a witness's prior statements waive the privilege. Specifically, it held that a court should infer a waiver only if

> (1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment's privilege against self-incrimination.

---

[1] Except for the timing of Mr. Fawcett's first consultation with our firm—as to which we respectfully request that the Court accept our representation—the facts recited in this letter are based solely upon the filings in this matter. In submitting this letter, Mr. Fawcett does not waive, and expressly intends to preserve, the protections afforded to him both by the Fifth Amendment and by the attorney-client privilege.

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 25, 2021
Page 3

*Id*. With respect to the first prong, the Court explained that its "focus on distortion is a function of the principle that a waiver of the fifth amendment's privilege against self-incrimination should be inferred only in the most compelling of circumstances," which "do not exist unless a failure to find a waiver would prejudice a party to the litigation." *Id*. at 288. As for the second prong, the Court emphasized that "[i]t would be unfair to the witness for a court to infer such a waiver unless the witness had reason to know, when he made the prior statements, that he might thereby be found to have waived his fifth amendment privilege." *Id*. The Court concluded that the requisite "reason to know" can be found only if the prior statements were both (a) "'testimonial,' meaning that they were voluntarily made under oath in the context of the same judicial proceeding," and thus "will likely influence the finder of fact," and (b) "'incriminating,' meaning that they did not merely deal with matters 'collateral' to the events surrounding commission of the crime." *Id*. (citations omitted).

**Discussion**

Neither prong of the *Klein* test is satisfied here. As explained below, the first prong of the *Klein* test is not satisfied because Mr. Fawcett's exercise of his constitutional right will not result in prejudice to Saudi Arabia. The second prong of the *Klein* test is also not satisfied because the Court's stated consideration of a criminal referral creates new "grounds of apprehension" that preclude a finding of waiver. Moreover, the principles of the Fifth Amendment and concerns of fundamental fairness confirm that there is no waiver here, and Mr. Fawcett should be permitted to assert his privilege against self-incrimination.

**The First Prong of the *Klein* Test is Not Satisfied Here**

As to the first prong of the *Klein* test, there is no risk of prejudice to Saudi Arabia. This is not a situation, as in *Klein*, where the jury as factfinder relied on partial and distorted witness testimony. 667 F.2d at 279-81, 288. Here, the Court is the factfinder, and it can simply disregard some or all of the factual assertions in the Declarations. For example, in *E.F. Hutton & Co. v. Jupiter Dev. Corp.*, 91 F.R.D. 110, 117 (S.D.N.Y. 1981)—a decision relied upon by Saudi Arabia, and authored by the same judge who wrote the *Klein* opinion—the court explained that defendant's affidavit did not constitute a privilege waiver because "even if [defendant's] affidavit presents a distorted view of the facts, no prejudice can inhere to [plaintiff] as a result of such distortion, because the Court has not relied on the [defendant's] affidavit." *See id.* at 117 & n. 3 (explaining that although the prejudice prong was not satisfied because the court had disregarded the defendant's affidavit, "[t]his prong might be satisfied, however, were [defendant] to make this or a similar statement under different circumstances; for example, the requisite likelihood of prejudice might exist were [defendant] to take the stand at trial and testify to the substance of what he stated in his affidavit"); *see also In re Candor Diamond Corp.*, 21 B.R. 147, 152 (Bankr. S.D.N.Y. 1982) ("[E]ven if the affidavit and testimony presented a distorted view of the facts, no prejudice could inhere to Maguire since this court has not relied on either the Margolies affidavit or testimony.").

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 25, 2021
Page 4

In light of Mr. Fawcett's decision to assert his Fifth Amendment privilege, the Court is indisputably free to accept Mr. Fawcett's admissions regarding his violation of the protective order and subsequent deletion of documents relating to the violation, while striking those portions of the affidavit that Saudi Arabia views as helpful to the Kreindler Firm. If the Court were to do so, Saudi Arabia will be no worse off than if Mr. Fawcett had initially asserted the privilege and had never submitted the Declarations. In fact, Saudi Arabia will be better off, because it will still have the benefit of Mr. Fawcett's admission that he violated the protective order and deleted documents related to that violation. Thus, while Saudi Arabia claims that "[t]o accept Fawcett's version of the facts without adversarial testing would furnish one side with what may be false evidence and deprive the other of any means of detecting the imposition," ECF No. 7278 at 3 (citation and internal quotation marks omitted), it is fighting a straw man. Because the Court can decline to accept Mr. Fawcett's version of the facts, there is simply no risk of a party being furnished with false evidence.

In the face of this straightforward application of the first prong of the *Klein* test, Saudi Arabia cites three cases—*OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302 (S.D.N.Y. 2003); *Air-India v. Goswami*, No. 91-cv-7290, 1993 WL 403999, at *9 (S.D.N.Y. Oct. 5, 1993); and *Camelot Grp., Ltd. v. W.A. Krueger Co.*, 486 F. Supp. 1221, 1230 (S.D.N.Y. 1980)—for the proposition that "[c]ourts in this District have repeatedly concluded that a witness's written testimony in a civil case can waive the Fifth Amendment privilege as to later questioning on the same topics in the same case." ECF No. 7278 at 3. None of these cases is remotely comparable to the circumstances here. In all three cases, the witnesses who submitted affidavits were parties to the litigation and plainly acting for strategic advantage. In fact, in *OSRecovery*, a case heavily relied upon by Saudi Arabia, Judge Kaplan emphasized that the witness was a party who "submitted the affidavit in an effort to strengthen his legal position while consciously seeking to limit the scope of his disclosure." *Id*. at 310. The same is true of Saudi Arabia's other cases. *See Air-India*, 1993 WL 403999, at *3-4, *6-10 (where defendant flouted discovery obligations, submitted an affidavit about the existence and location of certain requested documents, and invoked the Fifth Amendment and refused to answer deposition questions relating to the documents, finding waiver of privilege as to that topic); *Camelot Grp.*, 486 F. Supp. at 1229-30 (concluding that defendants waived privilege as to details of factual matters disclosed in affidavits that had "proved sufficient to defeat" in part cross-claimant's motion for summary judgment). Here, in stark contrast, Mr. Fawcett is not a party, and his Declarations certainly were not submitted to strengthen his legal position or for his own tactical advantage. Mr. Fawcett has done exactly the opposite: He has admitted to violating a protective order and deleting documents related to that violation.

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 25, 2021
Page 5

### The Second Prong of the *Klein* Test is Not Satisfied Here

As for the second prong of the *Klein* test, an inference of waiver would be improper because the circumstances surrounding the submission of the Declarations strongly suggest that at the time that Mr. Fawcett signed the Declarations, he did not anticipate the legal peril that he currently faces. As Judge Cote recently explained when assessing a Fifth Amendment waiver claim, "[e]ven when the statements are made in the 'same' proceeding, the prior disclosure may not constitute a waiver when 'during the period between the successive proceedings conditions might have changed creating new grounds for apprehension[.]'" *Knopf v. Esposito*, No. 17-cv-5833 (DLC), 2021 WL 276539, at *1 (S.D.N.Y. Jan. 27, 2021) (quoting *United States v. Miranti*, 253 F.2d 135, 139-40 (2d Cir. 1958)). *Cf. Camelot Grp.*, 486 F. Supp. at 1229-30 (finding waiver, but noting that defendants had not demonstrated reasonable cause to apprehend a danger of prosecution). Here, Mr. Fawcett signed the Declarations before this Court's October 4 Order raised the prospect of a criminal referral. Moreover, there is no suggestion in the record that Mr. Fawcett received any guidance that would have led him to believe that by submitting the Declarations he would be subjecting himself to cross-examination for the purpose of determining whether he should be criminally charged. As a result, this Court can and should find that there are "new grounds for apprehension" that preclude an inference of waiver. *Knopf*, 2021 WL 276539, at *1.

### Fifth Amendment Principles and Fundamental Fairness Counsel Against a Finding of Waiver

As set forth above, neither prong of the *Klein* test is satisfied, and that is enough to resolve the question before the Court. But there are also fundamental Fifth Amendment and fairness concerns that yield the same conclusion: Mr. Fawcett should not be forced to testify against himself.

The Supreme Court and Second Circuit have cautioned that, given the profound significance of the privilege, any claim of waiver must be assessed on a case-by-case basis, with attention to the particular facts and nuances of the case and relevant policy concerns. *See E. F. Hutton & Co.*, 91 F.R.D. at 115-16 (discussing *Rogers v. United States*, 340 U.S. 367 (1951)); *Klein*, 667 F.2d at 287-89. Saudi Arabia has cited no cases remotely similar to the facts here: a non-party, submitting affidavits via attorneys who did not represent him, in which he described the violation of a court order and the deletion of documents relating to that violation, now facing the prospect of a criminal referral, being ordered to testify regarding the precise subject matter of that potential criminal case. The ruling that Saudi Arabia seeks would not merely disregard the Second Circuit's admonition that waiver should only be found in the most compelling of circumstances, it would be contrary to the core meaning of the Fifth Amendment and the principles of fairness underlying that constitutional guarantee.

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 25, 2021
Page 6

      For all of the foregoing reasons, we respectfully urge the Court to reject Saudi Arabia's invitation to deny Mr. Fawcett the protections guaranteed him under the Constitution.

      Respectfully submitted,

      /s/ Michael Gerber
      Michael Gerber
      Helen Gredd
      Jeannie Rose Rubin

      Lankler Siffert & Wohl LLP
      *Counsel to Non-Party John Fawcett*