LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

October 27, 2021

**BY ECF**

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    In re Terrorist Attacks on September 11, 2001, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

    We represent non-party John Fawcett in connection with the evidentiary hearing scheduled for November 1, 2021, in the above-referenced matter. We write to draw the Court's attention to additional authority relevant to tomorrow's oral argument regarding whether and to what degree Mr. Fawcett may invoke his Fifth Amendment right not to testify at the November 1 hearing.

    In *In re Vitamins Antitrust Litigation*, 120 F. Supp. 2d 58 (D.D.C. 2000), the court applied *Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981), and concluded that the defendant could properly invoke his Fifth Amendment privilege in response to deposition questions after having submitted a sworn affidavit in connection with his motion to dismiss. As to the first prong of the *Klein* test, the court wrote:

> Defendant argues that there is no danger of distortion here because the Court may disregard the affidavit and decide the Motion to Dismiss without it. *See Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1076 (1991) ("[t]rial judges often have access to inadmissible and highly prejudicial information and are presumed to be able to discount or disregard it"). In fact, this does appear to be the typical remedy where a party has submitted an affidavit and thereafter asserts his Fifth Amendment privilege. *See e.g., In re Parcels of Land,* 903 F.2d 36, 42 (1st Cir.1990) (affirming district court which struck forfeiture claimant's affidavit submitted in opposition to government's motion for summary judgment where claimant thereafter asserted his Fifth Amendment privilege when the government took his deposition); *In re Edmond,* 934 F.2d 1304, 1308 (4th Cir.1991) (affirming district court which struck affidavit

LANKLER SIFFERT & WOHL LLP

The Honorable Sarah Netburn
October 27, 2021
Page 2

> submitted by Edmond in bankruptcy proceeding in support of his motion for summary judgment after having asserted the Fifth Amendment throughout discovery). Since a waiver of the Fifth Amendment should not be lightly inferred and every presumption should be in favor of protecting that privilege, this Court finds that the proper remedy for the potential distortion in this case is to strike [defendant's] affidavit and resolve his Motion to Dismiss without it.

*In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d at 67. The court thus protected the privilege while avoiding unfair prejudice caused by a distorted factual record. Mr. Fawcett asks the Court to take the same approach here.

Respectfully submitted,

/s/ Michael Gerber
Michael Gerber
Helen Gredd
Jeannie Rose Rubin

Lankler Siffert & Wohl LLP
*Counsel to Non-Party John Fawcett*

cc: All counsel of record (via ECF)