# LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE  
NEW YORK, N.Y. 10110-3398  
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399  
TELEFAX   (212) 764-3701

October 29, 2021

**BY ECF**

The Honorable George B. Daniels  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

    Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)  
            Emergency Rule 72 Objections to Judge Netburn's Order Finding Fifth  
            Amendment Waiver

Dear Judge Daniels:

    We represent non-party John Fawcett in the above-referenced matter in connection with an evidentiary hearing scheduled before Judge Netburn on November 1, 2021. This afternoon, Judge Netburn heard oral argument as to "whether and to what degree Mr. Fawcett may invoke his Fifth Amendment rights" not to testify at the upcoming hearing. ECF No. 7286. We write on an expedited basis to seek relief from Judge Netburn's oral ruling that Mr. Fawcett waived his right to assert his Fifth Amendment privilege against self-incrimination at the hearing as to topics addressed in two sworn declarations previously submitted to the Court. Specifically, we write (1) to lodge objections and ask this Court to set aside Judge Netburn's ruling under Fed. R. Civ. P. 72, and in the alternative (2) to request, if necessary, a stay of Judge Netburn's ruling that Mr. Fawcett is required to appear for testimony on November 1.

    **Summary of Relevant Facts**

    On July 15, 2021, Yahoo! News published an article by reporter Michael Isikoff, stating that Yahoo! News had "obtained exclusively" a redacted copy of a transcript of Musaed Al Jarrah's deposition from this litigation. The deposition was designated confidential pursuant to a protective order in the litigation (the "Protective Order"), and certain material addressed in the deposition was also protected by an FBI Protective Order. Based on these facts, Saudi Arabia moved the Court to investigate, or to permit Saudi Arabia to investigate, the apparent breach of the Protective Order. ECF No. 6981.

    On August 12, 2021, Judge Netburn issued an order finding that there had been a breach of the Protective Order. ECF No. 7011. The Order required the law firm of Kreindler & Kreindler (the "Kreindler Firm") to file declarations addressing whether anyone with the firm or anyone acting at its direction shared the deposition transcript in violation of the Protective Order.

LANKLER SIFFERT & WOHL LLP

The Honorable George B. Daniels
October 29, 2021
Page 2

*Id*. On August 16, 2021, four attorneys at the Kreindler Firm each submitted a declaration stating that to his or her knowledge, no one with the Kreindler Firm or acting at its direction shared the transcript in violation of the protective orders. ECF No. 7016.

On August 30, 2021, Judge Netburn ordered the Kreindler Firm to file supplemental declarations, including identifying all people who had access to the deposition transcript who had not already filed declarations. ECF No. 7082. On September 27, the Kreindler Firm submitted a letter to the Court, along with supplemental declarations. ECF No. 7147. The letter stated that earlier that day, a consultant to the Kreindler Firm (Mr. Fawcett) had notified the firm that he had provided portions of the transcript of the Jarrah deposition to reporter Michael Isikoff. *Id*. Attached to the letter was a sealed declaration of Mr. Fawcett dated September 27, 2021, explaining, among other things, that he had sent redacted portions of the transcript to Mr. Isikoff and that no one at the Kreindler Firm knew he had done so. ECF No. 7147-11. On September 30, 2021, the Kreindler Firm filed another letter about the breach, ECF No. 7162. The letter attached a second declaration from Mr. Fawcett, dated September 30, 2021, providing additional information about his breach of the Protective Order and related conduct. ECF No. 7162-2.

On October 4, 2021, Judge Netburn ordered Mr. Fawcett, among others, to appear as a witness at an evidentiary hearing now scheduled for November 1, 2021 "regarding the breach of the protective orders by" the Kreindler Firm. ECF No. 7167. The October 4 order explained that the purpose of the hearing "is to render findings of fact in connection with the breach and to determine the appropriate remedies," which may include "a criminal referral to the U.S. Attorney's Office for the Southern District of New York." *Id*.

On October 22, 2021, Saudi Arabia filed a letter to Judge Netburn arguing that, by submitting the September 27 and September 30, 2021 declarations (the "Declarations"), Mr. Fawcett had waived his Fifth Amendment privilege not to testify at the November 1 hearing. ECF No. 7278. On October 25 and 27, 2021, Mr. Fawcett filed letters to the Court stating that, under applicable law and in light of the October 4 order contemplating a criminal referral, Mr. Fawcett intended to assert his Fifth Amendment privilege. ECF No. 7285, 7295. On October 28, Saudi Arabia filed an additional letter in support of its position. ECF No. 7298.[1]

On October 28, Judge Netburn held oral argument on the issue of whether Mr. Fawcett had waived his Fifth Amendment privilege and ruled orally that he had waived the privilege as to the subject matter of the Declarations. We informed Judge Netburn of our intent to appeal the ruling to Your Honor.

---

[1] ECF No. 7298 was filed under seal with the Court for the reasons explained in ECF No. 7297.

LANKLER SIFFERT & WOHL LLP

The Honorable George B. Daniels
October 29, 2021
Page 3

### Judge Netburn's Ruling

Judge Netburn issued an oral ruling immediately at the end of oral argument on the issue of Fifth Amendment waiver.[2] As Judge Netburn noted, there was no dispute that the governing standard was set out in *Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981), which specifies a two-part test for determining whether a witness has waived his privilege against self-incrimination. To find waiver, both prongs of the *Klein* test must be satisfied:

> (1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment's privilege against self-incrimination.

*Id.* at 287.

With respect to the first prong, *Klein* explained that its "focus on distortion is a function of the principle that a waiver of the fifth amendment's privilege against self-incrimination should be inferred only in the most compelling of circumstances," which "do not exist unless a failure to find a waiver would prejudice a party to the litigation." *Id.* at 288. As for the second prong, *Klein* emphasized that "[i]t would be unfair to the witness for a court to infer such a waiver unless the witness had reason to know, when he made the prior statements, that he might thereby be found to have waived his fifth amendment privilege." *Id*. *Klein* further concluded that the requisite "reason to know" can be found only if the prior statements were both (a) "'testimonial,' meaning that they were voluntarily made under oath in the context of the same judicial proceeding," and thus "will likely influence the finder of fact," and (b) "'incriminating,' meaning that they did not merely deal with matters 'collateral' to the events surrounding commission of the crime." *Id.* (citations omitted).

For the reasons explained below, Judge Netburn clearly erred when she concluded—despite the Second Circuit's instruction that the Court must "indulge every reasonable presumption against finding a testimonial waiver," *Klein*, 667 F.2d at 287—that both prongs of *Klein* were satisfied and Mr. Fawcett had waived his Fifth Amendment privilege as to subjects covered in the Declarations.

---

[2] We have requested a transcript as soon as it is available, but due to the timing of the hearing we are not able to submit a transcript with this letter.

LANKLER SIFFERT & WOHL LLP

The Honorable George B. Daniels
October 29, 2021
Page 4

**Mr. Fawcett Did Not Waive His Privilege Against Self-Incrimination by Submitting the Declarations.**

Fed. R. Civ. P 72(a) provides in relevant part: "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[3]  An order is "clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *3 (S.D.N.Y. Apr. 21, 2017).  An order is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.* (quotation marks omitted).

*There is no risk of a distorted record or prejudice to a party if Judge Netburn strikes portions of the Declarations*

We respectfully submit that Judge Netburn misapplied *Klein*.  As to the first prong of the *Klein* test—whether a distorted record will prejudice a party—Judge Netburn committed two errors.

*First*, Judge Netburn's ruling improperly substituted the concept of completeness for prejudice, and improperly focused on prejudice to the Court as factfinder at the hearing, rather than prejudice to a party to the litigation.  Judge Netburn ruled that the Court would be left with distorted facts that would undermine its ability to make findings regarding potential remedies.  But Judge Netburn did not specify how the record would be distorted, as opposed to simply less complete—which is a consequence of *any* assertion of the privilege.  In addition, Judge Netburn identified the Court, rather than a party, as the one prejudiced by Fawcett's assertion of the privilege.  But the *Klein* test does not ask whether the *factfinder* is prejudiced by a finding that there has not been a waiver; instead, it asks whether there is record distortion that prejudices a *party,* in this case Saudi Arabia.  The Second Circuit is clear that the "compelling circumstances" required to find a waiver of the Fifth Amendment "do not exist unless a failure to find waiver would prejudice a *party to the litigation.*"  *Klein*, 667 F.2d at 288 (emphasis added).  Because Judge Netburn did not find that Saudi Arabia would be prejudiced by any arguable distortion of the record that would result from a finding of waiver, her ruling is contrary to *Klein*.

*Second*, Judge Netburn misapprehended the scope of a court's power to prevent an assertion of the Fifth Amendment from prejudicing a party.  Judge Netburn disregarded certain cases—including *E.F. Hutton & Co. v. Jupiter Dev. Corp.*, 91 F.R.D. 110, 117 (S.D.N.Y. 1981)

---

[3] The Advisory Committee Notes to the 1983 Enactment of Rule 72(a) explain that "[a]n oral order read into the record by the magistrate will satisfy [Rule 72(a)'s] requirement."

LANKLER SIFFERT & WOHL LLP

The Honorable George B. Daniels
October 29, 2021
Page 5

and *In re Vitamins Antitrust Litigation*, 120 F. Supp. 2d 58 (D.D.C. 2000)—as inapposite because they were circumstances in which the entirety of a declaration was struck, rather than portions of declarations as Mr. Fawcett had proposed. In doing so, however, Judge Netburn failed to acknowledge that Mr. Fawcett's proposal to strike only those portions of his declarations that Saudi Arabia found objectionable left Saudi Arabia in a better position than it would have been if the declarations had never been submitted. Stated otherwise, Mr. Fawcett's proposal left the party claiming injury from his purportedly untimely assertion of the Fifth Amendment in a better position than it would have been had Mr. Fawcett asserted the privilege at an earlier stage in the proceedings. The resolution proposed by Mr. Fawcett was fully in keeping with the Second Circuit's admonition that the "compelling circumstances" required to find a waiver of the Fifth Amendment "do not exist unless a failure to find waiver would prejudice a party to the litigation." *Klein*, 667 F.2d at 288.

*Judge Netburn's October 4 Order constituted new grounds for apprehension*

As to the second prong of the *Klein* test, Mr. Fawcett had no reason to know that he faced criminal exposure until Judge Netburn's October 4 order—after the Declarations were filed—which notified Mr. Fawcett that Judge Netburn was contemplating a "criminal referral to the U.S. Attorney's Office for the Southern District of New York." ECF No. 7167. Judge Netburn incorrectly ruled that the October 4 order did not create new grounds for apprehension justifying Mr. Fawcett's assertion of the privilege. As Judge Cote recently explained when assessing a Fifth Amendment waiver claim, "[e]ven when the statements are made in the 'same' proceeding, the prior disclosure may not constitute a waiver when 'during the period between the successive proceedings conditions might have changed creating new grounds for apprehension[.]'" *Knopf v. Esposito*, No. 17-cv-5833 (DLC), 2021 WL 276539, at *1 (S.D.N.Y. Jan. 27, 2021) (quoting *United States v. Miranti*, 253 F.2d 135, 139-40 (2d Cir. 1958)). *Cf. Mitchell v. United States*, 526 U.S. 314, 326 (1999) (holding that pleading guilty does not waive the right to remain silent at sentencing, because "a defendant may have a legitimate fear of adverse consequences from further testimony" at sentencing even after admitting the underlying offense). Judge Netburn's order indicating the prospect of a criminal referral creates new grounds for apprehension, and as a result Mr. Fawcett may properly invoke his constitutional right not to be a witness against himself at the upcoming hearing.

**If Necessary, a Stay is Warranted to Allow for Further Consideration of Judge Netburn's Ruling.**

If the Court's calendar permits, we respectfully request oral argument as soon as October 29. In the alternative, if the Court's calendar does not permit immediate consideration of these objections, we respectfully request a stay of the order directing Mr. Fawcett's appearance at the hearing currently scheduled for November 1. In making that request, we note that the evidentiary hearing ordered by Judge Netburn can proceed on November 1 as to five other witnesses designated for testimony. ECF No. 7167. We further note that should Your Honor

Lankler Siffert & Wohl LLP

The Honorable George B. Daniels
October 29, 2021
Page 6

later conclude that the Declarations constituted a waiver of Mr. Fawcett's Fifth Amendment privilege, Judge Netburn can reconvene the parties for the limited purpose of seeking Mr. Fawcett's testimony on the subjects concerning which he has been held to have waived his right not to testify.  That delay will be short and will not prejudice any party.

\*\*\*

  For the foregoing reasons, we respectfully request that the Court set aside Judge Netburn's ruling and hold that Mr. Fawcett has not waived his right to invoke the Fifth Amendment at the November 1 hearing.  In the alternative, we respectfully request a brief stay of Judge Netburn's ruling so that the Court may give these objections further consideration.

            Respectfully submitted,

            /s/ Michael Gerber
            Michael Gerber
            Helen Gredd
            Jeannie Rose Rubin

            Lankler Siffert & Wohl LLP
            *Counsel to Non-Party John Fawcett*

cc: All counsel of record (via ECF)