KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 30, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  Re: *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

  I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia"), to raise certain issues concerning the handling of confidential documents at the hearing on Monday. We have met and conferred with counsel for Kreindler & Kreindler LLP ("Kreindler & Kreindler") and for John Fawcett ("Fawcett") and have reached partial but not full agreement.

  **1.** Some hearing exhibits Saudi Arabia has submitted are confidential under the MDL protective order, ECF No. 1900, the FBI protective order, ECF No. 4255, or both.

  As to the FBI protective order, the only exhibit Saudi Arabia has submitted that is subject to the order is KSAX-0020. Saudi Arabia has obtained written confirmation that the FBI does not object to KSAX-0020 being used as a nonconfidential exhibit at the hearing and can provide that confirmation upon request.

  As to the MDL protective order, Kreindler & Kreindler and Fawcett marked all documents they produced this week as confidential, including phone records and privilege logs. Saudi Arabia intends to use documents that have been so designated at the hearing. In addition, Saudi Arabia intends to use certain documents that have been filed under seal and that disclose confidential information of either Saudi Arabia or Musaed Al Jarrah, such as Fawcett's sealed declarations. We understand there will be a public audio feed at the courtroom. It is not clear whether there will be members of the press or members of the public in the courtroom itself.

  **2.** For Kreindler & Kreindler's and Fawcett's confidential materials, Saudi Arabia's primary interests are ensuring that counsel are able to use the documents and that the hearing proceeds smoothly. Counsel for Kreindler & Kreindler has indicated that her client does not object in general to proceeding in an open courtroom but may have document-by-document objections.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
October 30, 2021
Page 2

Counsel for Saudi Arabia and counsel for Fawcett have discussed the use of Fawcett's confidential material for questioning of witnesses other than Fawcett and have agreed that Saudi Arabia may display and discuss certain materials in open court, with certain redactions for personally identifiable information and subject to certain mutual reservations of rights.[*]

3. For Saudi Arabia's and Al Jarrah's confidential materials, our concern is the material in certain portions of the Al Jarrah deposition transcript that are currently subject to our pending letter-motion, ECF No. 7066 (under seal), which the Court has not yet resolved. For the reasons set forth in that motion, *see id.* at 2-4, that material meets the *Lugosch* standard for sealing, and public disclosure of that material would exacerbate the damage already done by the unauthorized disclosure of confidential materials. Nevertheless, we believe that it will be possible to conduct the necessary cross-examination of the Kreindler & Kreindler attorney witnesses without disclosing the substance of that material and without closing the courtroom. It may at times be necessary for the witnesses to cooperate with counsel's instructions to limit their answers to avoid disclosure, which may require that the Court direct the witnesses to do so. We cannot control the redirect examination.

Before any counsel elicits or any witness gives any testimony that reveals the protected material, Saudi Arabia requests that the courtroom be closed, including cut-off of the audio feed, and the transcript be redacted for those portions of the proceeding. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (authorizing transcript redactions to prevent disclosure of highly confidential information where *Lugosch* standard is met); *Lynch v. Southampton Animal Shelter Found., Inc.*, 2012 WL 13109966, at *2 (E.D.N.Y. July 10, 2012) (closing courtroom and collecting cases where courts have held that closure of a courtroom was appropriate). That approach is particularly appropriate in a contempt hearing concerning the violation of a protective order, as the court found in *Lynch*. *See* 2012 WL 13109966, at *3 ("To permit plaintiff to use the evidentiary hearing as a vehicle by which to offer confidential information into the public record in contravention of the Confidentiality Order would unduly inhibit the Court's ability to enforce the Order, and would require the party seeking a finding of contempt to make public disclosure of the very items that are the basis for the contempt."). Again, so far as our own questioning is concerned, it is our intention to avoid or minimize any need to elicit protected information and close the courtroom.

---

[*] Specifically, Saudi Arabia has agreed that display and discussion of those materials at the hearing (1) does not waive any confidentiality protection that may apply to such materials, (2) does not waive any right that Fawcett has to contend that such materials are subject to work product protection, and (3) does not waive any right that Fawcett has to contend that such materials can be used only for purposes of the upcoming hearing. Saudi Arabia reserves all rights to contest Fawcett's designation of any materials as "confidential" and "attorney work product," and also to contest Fawcett's contention that any materials can be used only for purposes of the upcoming hearing, on any basis other than such agreed display and discussion.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
October 30, 2021
Page 3

      **4.** Fawcett's cross-examination presents a special case because one topic for cross-examination is his alleged motive for violating the protective order, *see* ECF No. 7166-1, ¶ 4 (filed under seal); ECF No. 7162-2, ¶ 6 (filed under seal), which may be difficult to discuss without at least potentially disclosing protected information. As with all of the witnesses, counsel for Saudi Arabia will attempt to structure our cross-examination to avoid or minimize disclosure of protected information.

      During meet-and-confer discussions, counsel for Saudi Arabia proposed that the courtroom be closed for any testimony that reveals protected material, and counsel for Fawcett proposed that, in order to avoid inadvertent disclosure of protected material, the courtroom be closed and the audio feed be cut off for the entirety of Fawcett's testimony, that counsel promptly review the transcript and propose redactions, and that the transcript be made public as soon as practicable after the hearing. Saudi Arabia takes no position on whether the courtroom should be closed for the entirety of Fawcett's testimony. If the courtroom is not closed for the entirety of Fawcett's testimony, we request that counsel and the witness be instructed not to disclose Saudi Arabia's or Al Jarrah's protected information without giving us an opportunity to object and to request that the courtroom be closed for that specific part of the testimony.

      Counsel for Kreindler & Kreindler has indicated that her client does not agree that the courtroom should be closed for any part of the proceeding.

      Respectfully submitted,

      /s/ *Michael K. Kellogg*

      Michael K. Kellogg
      *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)