

**EMILY KIRSCH**
150 E. 58TH STREET 22ND FLOOR
NEW YORK, NY 10155
O (212) 832-0170
M (917) 744-2888
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

October 31, 2021

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    <u>In re Terrorist Attacks on September 11, 2001</u>, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

This firm represents Kreindler & Kreindler, LLP ("K&K") in connection with the hearing scheduled for November 1-2, 2021 concerning the recent leak of confidential information in the above-referenced matter (the "Hearing"). Pursuant to Court order, Kreindler & Kreindler produced responsive documents to the Kingdom of Saudi Arabia on October 27th and delivered proposed exhibits to the Court on October 29th. The documents confirm that neither Kreindler & Kreindler nor any of its attorneys or employees had any knowledge of, much less involvement in, Mr. Fawcett's actions until September 27, 2021. Kreindler & Kreindler notified the Court of the breach immediately on the same day. We write to address additional procedural aspects of the Hearing.

      ***K&K Will Be Unduly Prejudiced Without The Presence of Its Party Representative at the Hearing***

The Court's Order of October 4, 2021, originally scheduling the Hearing (ECF 7167), ordered five specific K&K attorneys (and Mr. Fawcett) not to "discuss further the issues within the scope of this hearing with any member, employee, or consultant of Kreindler & Kreindler, including during the hearing," but did not specifically address the issue of sequestration.[1] However, the Order sent

---

[1] We note that sequestration of witnesses outside of courtroom testimony does not appear to be supported by Second Circuit law. *See U.S. v. Teman*, 465 F. Supp. 3d 277, 324 (S.D.N.Y. 2020). While the Circuit court has not weighed in explicitly on the matter, some courts in this District have held that Fed R. Evid. 615 does not apply more broadly than its plain terms, *i.e.*, to exclude witnesses from the courtroom so they cannot hear the testimony of other witnesses. *Id. citing U.S. v. Ianniello*, 740 F. Supp. 171, 189-90 (S.D.N.Y. 1990) ("the Court does not believe that Rule 615 should be extended beyond its plain meaning. Obviously, any witness can be examined or cross-examined as to his or her credibility as to any transcripts, etc. which may have been read prior to testifying. Such prior activity at most affects the weight of testimony rather than its admissibility"); *and U.S. v. Feala*, 651 F. Supp. 1068 (S.D.N.Y. 1987, *aff'd* 875 F.2d 857

**KIRSCH & NIEHAUS**

to counsel on October 30, 2021, and scheduled to be entered November 1, 2021, indicates that the K&K attorneys will be sequestered in the jury deliberation room until their testimony, and then be required to remain in the courtroom. This ruling deprives K & K of the presence of a party representative at the hearing.

Accordingly, Megan Wolfe Benett should be permitted to remain in the courtroom and at counsel's table as a K&K's representative. While Fed. R. Evid. 615(b) authorizes the exclusion of witnesses, it does not permit the exclusion of a witness who is party's representative. While the Second Circuit does not appear to have opined on the specific issue of whether the representative may also be a fact witness, a District Courts have held (or presumed) that a witness may also serve as a party representative. *See RMH Tech LLC v. PMC Indus., Inc.*, 2018 WL 5095676, at * (D. Conn. October 19, 2018) (permitting fact witness to serve as party representative); *Stevens v. Landmark Partners, Inc.*, 2013 WL 12073445, at *2 (D. Conn. April 4, 2013) (holding that one properly designated corporate representative is entitled to observe proceedings, even though he was likely witness, but reserving judgment as to whether two such persons could do so). Perhaps more obviously, the text and structure of the Rule itself contemplate that a party representative will also be a witness. The Rule states:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney . . .

Because the Rule addresses the exclusion of *witnesses*, and then expressly provides that a party's representative may not be excluded, it clearly contemplates that the party representative will also be a witness – otherwise, there would be no need for this exception to the general rule. K&K therefore respectfully requests that, if the relief requested immediately below is not granted, that Ms. Benett be permitted to remain in the courtroom throughout the testimony as K&K's representative.

In the alternative, Ms. Benett should be permitted to remain in the courtroom and at counsel table as a person "essential to presenting the party's claim or defense" under Fed. R. Evid. 615(c). Kreindler & Kreindler has been litigating this matter for twenty years, and no attorney could master

---

(2d Cir. 1989) (Rule 615 only requires that witnesses be excluded 'so that they cannot hear the testimony of other witnesses.' The witnesses need not be sequestered during pretrial proceedings, or after their testimony; they can speak freely to anybody and if they do so, may be cross-examined with respect thereto insofar as may relate to bias or credibility.") (internal citations and punctuation omitted). To the extent that the Hearing is continued or adjourned beyond November 1, 2021, we request that this portion of the Court's October 24, 20201 Order be deleted.

**KIRSCH &
NIEHAUS**

all of the facts and documents relevant even to the narrow issues of this Hearing, particularly in light of the fact that counsel was not permitted to see the Kingdom's documents in advance of the hearing. Having a K&K attorney, with Ms. Benett's wealth of institutional memory and knowledge, present at the Hearing, is essential to K&K's defense and to prevent undue prejudice to K&K.

*As "Subjects" of the Hearing, All K&K Attorneys are Entitled to Be Present at the Hearing*

To the extent that the Court has recently identified the Kreindler attorneys as "subjects" of this hearing, they should be permitted to remain in the courtroom throughout the proceedings. Rule 615(a) prohibits the exclusion of witnesses who are also a party to the matter. The Court's Order to be entered November 1, 2021 states that the "[K&K] attorneys are not collateral witnesses to Mr. Fawcett's breach of the protective order but
are themselves subjects of the investigation." As "subjects" of the investigation, the attorneys fall within Rule 615(a)'s exception that parties cannot be barred from the courtroom.

> *K&K Objects to the Kingdom's Failure to Exchange
> Documents and to its Ex Parte Communications with the Court*

K&K also renews and formalizes its objections to the Kingdom of Saudi Arabia's refusal to exchange documents in advance of the Hearing, and its counsel's *ex parte* communications with the Court. Federal Rule of Civil Procedure 26(a)(3)(A) requires the pre-hearing disclosure of all materials to be used. Rule 37(c)(1) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The purposes of these rules is to permit an opposing party to introduce objections pursuant to Rule 26(a)(3)(B), and to "prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (cit. om.).

The lone exception to Rule 26(a)(3)(A) is that a party need not disclose evidence or testimony to be used "solely for impeachment." Impeachment evidence is defined as "[e]vidence used to undermine a witness's credibility." *Wu v. Metro-North Commuter RR Co.*, 2016 WL 5793971, at *8 (August 4, 2016), *quoting* Black's Law Dictionary (10th Ed. 2014). *See also, Friedman v. Rehal*, 618 F.3d 142, 153 (2d Cir. 2010) (defining impeachment evidence as "evidence that is offered to discredit a witness ... to reduce the effectiveness of her testimony by bringing forth evidence which explains why the jury should not put faith in her or her testimony") (internal quotations and citation omitted). Impeachment evidence stands in contrast to rebuttal evidence, which refers to "[e]vidence offered to disprove or contradict the evidence presented by an opposing party," and must be produced prior to a hearing or be excluded. *Wu*, 2016 WL 5793971, at *8,

**KIRSCH & NIEHAUS**

*citing Friedman*, 618 F.3d at 153.  In *Wu*, plaintiff sought to introduce evidence that had not been disclosed pursuant to Rule 26(a)(3), arguing that it comprised impeachment evidence.  The court rejected plaintiff's argument and excluded the proffered evidence, because it had been offered "to contradict the witnesses' factual testimony rather than to undermine their credibility."

Here, the Kingdom has taken the position that the proposed exhibits it has submitted to the Court are "cross exhibits" and need not be disclosed to K&K.  *See e-mail of Andrew Shen to Rachel Slusher dated 4:38 p.m., October 30, 2021.*  As an initial matter, the Kingdom's formulation of the exception to pre-Hearing disclosure is overbroad.  It is not permitted to withhold from disclosure documents to be used on cross-examination generally, it may only decline to provide advance disclosure of documents and testimony to be used for impeachment, as defined above.  Fed. R. Civ. P. 26(a)(3)(A).  If, however, the Kingdom is properly withholding its materials on the grounds that they are to be used "solely for impeachment," it is acknowledging *that it has absolutely no evidence that any K&K lawyer participated in the leak of confidential information or otherwise violated the Court's confidentiality orders.*  If any such evidence existed, or even if the Kingdom claimed that such evidence existed, it would have had to provide such evidence to K&K prior to the Hearing.  Because the Kingdom did not, any evidence that it seeks to introduce at the Hearing must be used solely for impeachment purposes.

K&K registers its objection to the *ex parte* communications between counsel for the Kingdom and the Court.  By sending its exhibit materials to the Court, but not to counsel for K&K, the Kingdom's attorneys are generally communicating with the Court outside the presence of counsel for K&K.  But more specifically, in its letter of October 30, 2021, the Kingdom makes arguments to the Court concerning specific documents identified only by their exhibit number, leaving counsel for K&K unable to respond, as it does not know what documents the Kingdom is discussing with the Court.

As a final matter, the Court this evening notified the parties that it will hear oral argument on the Kingdom's letter of October 30, 2021 [ECF 7306] and its outstanding motion , [ECF 7066] at 10 a.m. tomorrow morning.  Megan Benett from Kreindler & Kreindler will argue the motion.

                                            Respectfully Submitted,

                                            _____*/s/ Emily Kirsch*_____
                                            Emily Bab Kirsch