**KIRSCH & NIEHAUS**

EMILY KIRS[CH]
150 E. 58TH
NEW YORK
O (212) 832
M (917) 744
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/2021

October 29, 2021

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     Re:    <u>In re Terrorist Attacks on September 11, 2001</u>, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

This firm represents Kreindler & Kreindler, LLP ("K&K") in connection with the hearing scheduled for November 1-2, 2021, concerning the recent leak of confidential information in the above-referenced matter (the "Hearing"). We write to request (1) entry of an order pursuant to Fed. R. Evid. 502(d) that the production or use of any materials (or provision of any testimony) protected by the work product doctrine, attorney-client privilege, or any other privilege, in connection with the Hearing does not constitute a waiver of such privilege and (2) that Mr. Fawcett testify first at the Hearing in an effort to minimize attorney testimony which is disfavored in this Circuit.

> ***The Production of Privileged Materials or Provision of Privileged Testimony in Connection with the Hearing Does Not Constitute a Wavier of any Privilege for any Other Purpose***

The production of any materials (or provision of any testimony) protected by the work product doctrine, attorney-client privilege, or any other privilege, in connection with the Hearing does not constitute a waiver of such privilege for any other purpose. The standard in the Second Circuit is clear: "involuntary or compelled disclosure does not give rise to a waiver." *In re Parmalat Sec. Litig*. 2006 WL 3592936, at *4 (December 1, 2006), *citing SEC v. Forma*, 117 F.R.D. 516, 523 (S.D.N.Y. 1987). "Involuntary" or "compelled" disclosure encompasses information produced pursuant to court order. *See Pension Committee of Univ. of Montreal Pension Plan v. Banc of Am. Securities, LLC*, 2009 WL 2921302, at *1 (September 8, 2009) (voluntary disclosure means, among other things, "that the documents were not produced pursuant to judicial compulsion"; "permitting [defendants] to review the Declarations and redacted Exhibits does not result in a waiver of privilege as to these communications and the [defendants] may not use the information learned from the Declarations and redacted Exhibits as evidence outside this motion"); *Studiengesellschaft Kohle mbH v. Novamont Corp.,* 1980 U.S.Dist. Lexis 15042, at *9-10 (S.D.N.Y. Nov. 17, 1980) (J. Sweet) ("Attempts to comply with court orders ought not to be

KIRSCH & NIEHAUS

penalized by subsequent judicial transformation into voluntary waivers.") These rules apply even more strongly with respect to work product. *See Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.,* 125 F.R.D. 578, 591 (S.D.N.Y. 1989) (there is no waiver of work product protection where there is "de facto" compulsion of such work product); *Bowne, Inc. v. AmBase Corp.,* 150 F.R.D. 464 (S.D.N.Y. 1993) (noting that "the protection of the work-product rule is less readily waived" than the attorney-client privilege).

This is an extraordinary proceeding wherein the Court has compelled discovery of K&K's protected materials, not just for the Court's review, but for production to K&K's adversaries. Beyond production of protected materials, the Court is also permitting cross-examination into the lawyers' protected states of minds, mental impressions, factual investigations and other core traditional work product. K&K maintains its objections to this irregular process.

K&K respectfully requests the entry of an order pursuant to Fed. R. Evid. 502(d) that the production of any materials (or provision of any testimony) protected by the work product doctrine, attorney-client privilege, or any other privilege, in connection with the Hearing does not constitute a waiver of such privilege, for any other purpose or proceeding.

### John Fawcett Should Testify First

In light of Your Honor's oral ruling during yesterday's hearing on the existence and scope of any waiver by John Fawcett of his Fifth Amendment rights, we respectfully request that Mr. Fawcett testify first at the Hearing, before any K&K attorneys are called to testify. In the Second Circuit, depositions of and testimony from opposing counsel are "disfavored." *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991). The rationale behind this presumption against such discovery is that "even a deposition of counsel limited to relevant and non-privileged information risks disrupting the attorney-client relationship and impeding the litigation." *Alcon Labs v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002), *quoting Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y.). While testimony from counsel is not categorically prohibited, such discovery is generally permitted only where there are "no other persons available to testify as to the same information," and other methods of discovery have been "exhausted." *Alcon*, 22 F. Supp. 2d at 344-45 (permitting attorney deposition because it was the "only practical avenue" to obtain relevant information). *See also, Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003) (in *dicta*, suggesting flexible approach to attorney discovery, including consideration of existence of other means of discovery and extent of discovery already conducted).

In *SEC v. Collector's Coffee, Inc.*, 2020 WL 713375, at *2 (S.D.N.Y. Dec. 4, 2020), the court denied a party's request to have an SEC attorney testify at a contempt hearing. Citing *Friedman*, the court denied the request in part because, "speculation that a witness told a lawyer something that differs from the witness's testimony in the witness box is an insufficient basis to justify calling that lawyer as a witness at a deposition or trial." In *Schiller v. City of New York*, 2007 WL 1623108,

**KIRSCH & NIEHAUS**

at *3-4 (S.D.N.Y. June 5, 2007), the court declined a request to require counsel to submit sworn declarations that they were not the source of a leak of confidential information. The court noted that, "Courts are understandably reluctant to authorize wide-ranging discovery unrelated to the merits of an action simply to ferret out the source of a leak." *Id.* Citing *Jones v. Clinton*, 57 F. Supp. 2d 719, 722 (E.D. Ark. 1999), the court further noted that "the history of this case suggests that such additional discovery, rather than being limited, would be contentious and time-consuming." *Id.*

In this matter, Mr. Fawcett's testimony at the Hearing may well obviate the need for further testimony from K&K attorneys. At the very least, however, the Court should be given the opportunity to weigh the *Friedman* factors, and to determine – after hearing from Mr. Fawcett -- whether such testimony is needed. We therefore respectfully request that Mr. Fawcett testify first at the Hearing.

Respectfully Submitted,

---

The application of Kreindler & Kreindler ("K&K") is GRANTED in part and DENIED in part. The production of any material or testimony protected by the work product doctrine, the attorney-client privilege, or any other privilege, in connection with the contempt hearing does not constitute a waiver of such privilege for any other purpose or proceeding. Fed. R. Evid. 502(d).

The application requesting that John Fawcett testify before any K&K attorney is DENIED. The breach of the protective order originated from K&K. As such, its attorneys are not collateral witnesses to Mr. Fawcett's breach of the protective order but are themselves subjects of the investigation. The cases cited by K&K are, therefore, not persuasive. See Schiller v. City of New York, No. 04-cv-7921 (KMK)(JCF), 2007 WL 1623108, at *4 (S.D.N.Y. June 5, 2007) (finding that there was an insufficient basis to believe that the breach originated with counsel); SEC v. Collector's Coffee Inc., No. 19-cv-4355 (LGS) (GWG), 2020 WL 7133735, at *2 (S.D.N.Y. Dec. 4, 2020) (attorney was not the subject of the contempt hearing). In this regard, the testimony of Mr. Fawcett will not "obviate the need for further testimony from K&K attorneys." The Court has additionally considered the factors in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 71–72 (2d Cir. 2003). To the extent they are applicable, they do not justify a delay in the testimony of the K&K attorneys. The Court is investigating, among other things, whether someone other than Mr. Fawcett breached the protective order and whether anyone submitted false statements to the Court. As such, the need for the K&K attorneys' testimony is plain, and the lawyers' role in the matter before the Court is central. Because the scope of the hearing does not concern the merits of the underlying litigation, and because the Court has entered an order preserving all appropriate privileges, there is no risk that the attorneys' testimony will waive legitimate attorney-client or work product privileges.

Attorneys for the Kingdom of Saudi Arabia will be permitted to call the witnesses in the order of their choosing. To prevent against the possible coordination of testimony, witnesses will be sequestered in the jury deliberation room until they testify and then will be required to remain in the courtroom after their testimony.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: November 1, 2021
New York, New York