**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
:
IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
------------------------------------x

This document relates to:

*Dillaber, et al. v. The Islamic Republic of Iran, et al.*, 18-cv-03162 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

On October 17, 2019, Katherine ("Kathy") Dillaber and the Dillaber family (the "*Dillaber* Plaintiffs") moved this Court to issue a Default Judgement against the Islamic Republic of Iran for personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks at the Pentagon. (Pls.' Mot. For Default Judgment, 18-cv-3162 (GBD)(SN), ECF No. 67.)[1] The moving Plaintiffs were individuals who were either on site at the time of the terrorist attacks or who were in the vicinity of the areas where the attacks occurred, causing subsequent damage. On October 22, 2019, the Court granted Plaintiff's motion for default and referred the matter to Magistrate Judge Sarah Netburn for determination of damages. (Order for Default Judgment as to the *Dillaber* Plaintiffs (the "*Dillaber* Default Judgment"), ECF No. 5224.)

Magistrate Judge Netburn instructed the *Dillaber* Plaintiffs to request partial final default judgment for the pain and suffering sustained by Plaintiff Kathy Dillaber and

---

[1] All citations included hereinafter refer to documents filed in the 9/11 multidistrict litigation docket, unless noted otherwise. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

1

solatium damages for the losses suffered by the relatives of decedent Patricia Mickley. (Order Instructing *Dillaber* Plaintiffs ("Order II"), ECF No. 6057.) Plaintiffs requested partial final default judgment for solatium damages, which this Court granted. (Order for Partial Final Default Judgment ("Order III"), ECF No. 6284.) Plaintiff Kathy Dillaber subsequently moved this Court for compensatory damages and other relief for her personal injuries sustained during the September 11, 2001 terrorist attacks. (Pl.'s Mot. For Partial Default Judgement, ECF No. 7026.)

Before this Court is Magistrate Judge Sarah Netburn's September 22, 2021 Report and Recommendation, (R. & R. to the Honorable George B. Daniels ("*Dillaber* Report"), ECF No. 7142, at 2–4), recommending that this Court grant Plaintiff Katherine Dillaber's motion and the amounts in which Kathy Dillaber should be awarded compensatory damages. In the *Dillaber* Report, Magistrate Judge Netburn advised the parties that a failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Dillaber* Report at 5.) No objections have been filed. This Court ADOPTS Magistrate Judge Netburn's Report in full. Plaintiffs' Motion for a Partial Final Default Judgment is GRANTED.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only

when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections, this Court reviews the Report and Recommendation for clear error.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the September 11, 2001 terrorist attacks, which this Court adopted. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(*Id.* at 6.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what type of injuries this Court will typically consider to be "significant," "severe," or "devastating." She also reserved this Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6–9.)

## A. The Report Did Not Err in Determining That the Individual Plaintiffs Are Entitled to "Significant" Pain and Suffering Damages.

Kathy Dillaber "acknowledges that [her] physical injuries alone would fall into the 'significant' category.'"[2] (*Dillaber* Report at 3.) However, Plaintiff asserts that she has suffered unique trauma that merits an upwards departure. (ECF No. 7026 at 8.)

Despite Plaintiff's request for an upward departure, Magistrate Judge Netburn appropriately determined that an award within the "significant" category was sufficient for Plaintiff's pain and suffering damages. Plaintiff submitted declarations and exhibits that extensively detail the injuries Plaintiff sustained from the September 11, 2001 terrorist attacks. (*See* Decl. in Supp. of Mot. for Partial Default Judgement, ECF No. 7028.) The *Dillaber* Report accurately describes these relevant injuries and did not err in determining that Plaintiff's "combination of significant physical injuries and even severe psychological trauma injuries" were "significant." (*Dillaber* Report at 3.) As Judge Netburn importantly highlighted, while Ms. Dillaber's experience is "uncommon," absent "extraordinary circumstances, documented by medical device," the Court should not measure "one victim's emotional injury as against another's." (*Id.*)

Additionally, Magistrate Judge Netburn appropriately found that "Plaintiffs should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 14.)

---

[2] Kathy Dillaber allegedly was diagnosed with phlebitis of the right leg and thrombocytosis gradually progressive (a rare blood disorder). (Declaration of Amanda Fox, ECF No.7028-1 at ¶¶ 31, 33.)

4

### III. CONCLUSION

It is hereby

**ORDERED** that partial final default judgment is entered on behalf of Plaintiff Kathy Dillaber; and it is

**ORDERED** that Plaintiff Kathy Dillaber is awarded compensatory damages for pain and suffering in the amount of $5,000,000, which are commensurate with the injuries she sustained on September 11, 2001; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96% per annum, all interest compounded annually over the same period; and it is

**ORDERED** that Plaintiff Kathy Dillaber may submit future applications for punitive, economic, or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that all Dillaber Plaintiffs may submit motions for damages judgments in future stages, to the extent such awards have not previously been addressed.

The Clerk of Court is directed to close the motions in 03 MDL 1570, (ECF No. 7026), and 18 CV 3162, (ECF No. 88), accordingly.

Dated: November 1, 2021
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge