KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

November 9, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") concerning testimony given by Kreindler & Kreindler LLP attorney Megan Benett during the hearing on November 2, 2021. Ms. Benett's testimony provides substantial reason to believe that Kreindler & Kreindler has violated the deposition protocol in this case and, potentially, the MDL and FBI Protective Orders, by permitting individuals not authorized by the deposition protocol and not identified on the deposition record to attend the confidential depositions in this case.

      Saudi Arabia respectfully requests that the Court order Kreindler & Kreindler to: (i) provide sworn declarations identifying the names of all individuals who attended each confidential deposition taken in this case whose names do not appear on the deposition record; and (ii) produce records showing that each such individual agreed to be bound by the protective orders before receiving confidential information, as required under Paragraph H.5 of the MDL Protective Order and Paragraph 8 of the FBI Protective Order, *see* ECF Nos. 1900, 4255.[*]

      **1.**      On January 13, 2020, the Court directed the parties to meet and confer regarding a deposition protocol governing fact depositions in this case. *See* ECF No. 6002-1, at 1, ¶ 1 (citing Jan. 13, 2020 Hr'g Tr. 35). The parties each submitted to the Court their respective proposals the following month. The parties agreed to the majority of provisions in those proposals; however, the Court resolved a few points of disagreement by order dated May 11, 2020. *See* ECF Nos. 6002-1, 6204. The Court has made clear that the deposition protocol is binding on the parties. *See* ECF No. 6792, at 1-2 ("the parties extensively negotiated, and the Court ordered, the Deposition Protocol").

---

[*] Saudi Arabia met and conferred with Kreindler & Kreindler and requested that they consent to the relief requested in this motion. Kreindler & Kreindler has refused.

The Honorable Sarah Netburn
November 9, 2021
Page 2

Paragraph 31 of the deposition protocol requires that:

> Unless otherwise agreed to by the Parties or ordered under Federal Rule of Civil Procedure 26(c) and subject to the terms of the MDL Protective Order (ECF No. 1900) and the Privacy Act and Protective Order for FBI Documents (ECF No. 4255), depositions may be attended (either in person or remotely) only by the witness, counsel for the witness, attorneys of record in the MDL Proceeding and their staff, court reporters, videographers, translators, and the Parties' in-house counsel. All persons in attendance (either in person or remotely) must be noted on the deposition record.

ECF No. 6002-1, at 9, ¶ 31; *see also* ECF No. 6204, at 2. Paragraph 31 thus imposes two requirements. First, only "the witness, counsel for the witness, attorneys of record in the MDL Proceeding and their staff, court reporters, videographers, translators, and the Parties' in-house counsel" may attend depositions. ECF No. 6002-1, at 9, ¶ 31. Second, attendees "must be noted on the deposition record" regardless of whether they attend "in person or remotely." *Id.*

Those requirements are in turn "subject to" the confidentiality requirements set forth in the MDL Protective Order and the FBI Protective Order. *Id.* Paragraph 8 of the FBI Protective Order requires an attorney disclosing "Protected Information" to a "Qualified Person" to deliver to that individual a copy of the order "at or before the time of disclosure." ECF No. 4255, at 4, ¶ 8. Paragraph 8 further requires that, "[p]rior to receiving access to Protected Information, each such Qualified Person shall agree to be bound by the terms of this order by executing an Acknowledgement in the form [specified]." *Id.* at 4-5, ¶ 8. The MDL Protective Order establishes similar protections for confidential information, specifying in Paragraph H.5 that "[i]t shall be the responsibility of counsel giving access to Confidential Information or Material produced by the Producing Party to create and retain records indicating that the person receiving Confidential Information or Material agreed to be bound by the terms and restrictions of this Order." ECF No. 1900, at 12-13, ¶ H.5.

2.   On June 17 and 18, 2021, Ms. Benett took the Musaed Al Jarrah deposition. Tr. 310:5-7. At the November 2, 2021 hearing, Ms. Benett testified that she was alone in a "Zoom room" in the Kreindler & Kreindler office when she took that deposition. Tr. 328:14-20; *see* Tr. 310:17-311:1. She further testified that "[t]here were people who were attending who were in a conference room," also in the Kreindler & Kreindler office. Tr. 310:20-21.

According to Ms. Benett, she "was approached" in the Kreindler & Kreindler office during a break in the deposition "and was told about the descriptions of the images." Tr. 334:6-7; *see* Tr. 328:21-329:1 (testifying that she "stepped out" of the room where she was taking the deposition and was "told" the "information"). She described the person who shared the information as an "FBI special agent who had supervised the investigation into Jarrah and specifically supervised the two agents who had obtained [images] from his hard drive."

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
November 9, 2021
Page 3

Tr. 324:1-14.  This FBI agent provided the information unprompted.  *See* Tr. 334:6-8 (testifying that the information "was not a response to a question from me").  Ms. Benett testified that she did not "have any reason to think that he didn't" also "attend[ ] [the Jarrah] deposition."  Tr. 329:5-15; *see* Tr. 329:7-9 (testifying also that "I wouldn't be surprised if" if the agent attended the deposition from the conference room).  She further testified that, after the deposition ended, she "certainly" discussed with the FBI agent the images that were raised at the deposition.  Tr. 334:13-335:8.

Ms. Benett admitted that this FBI agent is not listed on the appearance sheet at the deposition.  Tr. 329:16-330:1.  When counsel for Saudi Arabia asked whether Ms. Benett knew whether the agent had reviewed and agreed to abide by the protective orders in this case, she was unable to testify definitively that he had done so.  Tr. 331:21-332:25.

**3.**     Ms. Benett's testimony provides substantial grounds to believe that Kreindler & Kreindler has violated Paragraph 31 of the deposition protocol, by allowing at least one unauthorized individual to attend a confidential deposition and by failing to disclose his appearance on the deposition record.  Ms. Benett's testimony also calls into question Kreindler & Kreindler's compliance with the FBI and MDL Protective Orders, with respect to the confidential depositions conducted in this case.  *See* ECF Nos. 1900, 4255.

This Court has authority to enforce the deposition protocol entered in this case and to order appropriate disclosures where, as here, there is reason to believe a breach occurred.  *See Doe I v. Exxon Mobil Corp.*, --- F. Supp. 3d ---, 2021 WL 1840649, at *6-7 (D.D.C. May 7, 2021) (sanctioning a party's violation of a deposition protocol under Federal Rule of Civil Procedure 37(b)); *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012) (recognizing that the court has "inherent power to enforce [its] own orders" and "to issue orders designed to correct wrongs committed through its process").

Because Ms. Benett's testimony demonstrates that a likely breach has occurred, Saudi Arabia respectfully requests that the Court order Kreindler & Kreindler to:  (i) provide sworn declarations identifying all individuals who attended each confidential deposition in this case but who were not listed on the appearance sheets; and (ii) produce records showing that each such individual agreed to be bound by the protective orders before receiving confidential information, as required under Paragraph H.5 of the MDL Protective Order and Paragraph 8 of the FBI Protective Order.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 9, 2021
Page 4

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)