KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 10, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to move into evidence 43 exhibits that were used at the evidentiary hearing held by the Court on November 1 and 2, 2021, and to supplement the hearing record with five additional exhibits that were included in Saudi Arabia's exhibit binder but not used at the hearing. Counsel for Saudi Arabia has met and conferred with counsel for Kreindler & Kreindler LLP ("Kreindler & Kreindler") and counsel for John Fawcett concerning this motion.[1] Saudi Arabia and Fawcett have reached agreement on all relief sought in this letter. Saudi Arabia and Kreindler & Kreindler have reached agreement as to 34 exhibits but not about the remaining 14.[2]

      **1.**      Saudi Arabia moves, and Kreindler & Kreindler and Fawcett have agreed, to admit the following exhibits that were in Saudi Arabia's binder submitted to the Court and that were used at the hearing: KSAX-0002, KSAX-0010, KSAX-0011, KSAX-0014, KSAX-0015, KSAX-0032, KSAX-0039, KSAX-0042, KSAX-0043, KSAX-0043A, KSAX-0048C, KSAX-0049, KSAX-0051, KSAX-0056A, KSAX-0056B, KSAX-0056F, KSAX-0056J, KSAX-0059, KSAX-0062A, KSAX-0062B, KSAX-0074, KSAX-0086, KSAX-0093, KSAX-0099, KSAX-0100, KSAX-0112, KSAX-0112A, KSAX-0115, KSAX-0142. Saudi Arabia further moves, and Kreindler & Kreindler and Fawcett have agreed, to admit the following exhibits that were in Kreindler & Kreindler's binder submitted to the Court and that were used at the hearing: K&K 014, K&K 020, K&K 029, K&K 087, K&K 102.

      **2.**      Saudi Arabia moves, and Fawcett has agreed – but Kreindler & Kreindler has not – to admit the following exhibits that were in Saudi Arabia's binder submitted to the Court and

---

[1] Counsel for the non-Kreindler & Kreindler members of the Plaintiffs' Executive Committees were advised of and attended the parties' meet-and-confer call.

[2] All call participants agreed that an agreement to admit documents into evidence is not a concession that the documents are relevant.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 10, 2021
Page 2

that were used at the hearing: KSAX-0012, KSAX-0018, KSAX-0023 (with an agreed redaction), KSAX-0031, KSAX-0038, KSAX-0067, KSAX-0068, KSAX-0079, and KSAX-0150. A brief description of and the basis for admitting each document is set forth below. Although there is no genuine dispute about the authenticity of any of these documents, an attorney declaration authenticating them is attached as Exhibit A to avoid unnecessary disagreement.

      **a.**      KSAX-0012 is a text message thread showing communications between Fawcett and NPR reporter Laura Sullivan. It was used at the hearing during the cross-examination of James Kreindler. *See* Tr. 42:17. It was produced by Fawcett with the Bates range JFawcett_0000007-11. *See* Ex. A, ¶ 4. Saudi Arabia proffers KSAX-0012 primarily for the fact that the statements in KSAX-0012 were made (that is, that Fawcett was communicating with a reporter and arranging to meet her at the Kreindler & Kreindler offices) rather than the truth of the matter asserted. Some statements are relevant for the truth of the matters they assert. Those statements constitute statements by Fawcett within the scope of his duties as an agent or employee of Kreindler & Kreindler and are admissible as an opposing party's statement under Federal Rule of Evidence 801(d)(2)(D). *See* Tr. 42:17-44:23 (James Kreindler testifying that Fawcett's actions as set forth in KSAX-0012 were done at his direction or the direction of a Kreindler & Kreindler partner).[3]

      After the hearing, counsel for Fawcett advised that, due to a vendor error, KSAX-0012 and certain other previously produced documents contain erroneous timestamps for certain communications. The corrections are not material to the questions that were asked during cross-examination at the hearing. Saudi Arabia and Fawcett have agreed that KSAX-0012 should be accepted into evidence as it was used at the hearing and that KSAX-0152, a corrected version of the same document, should also be accepted. A copy of KSAX-0152 is attached as Exhibit D. KSAX-0152 was produced to Saudi Arabia on November 5, 2021, with the Bates range JFawcett_00000059-63. *See* Ex. A, ¶ 16.

      **b.**      KSAX-0018 is a transcript of a speech that James Kreindler gave on October 28, 2019, at Dartmouth College. Dartmouth made the speech available on its YouTube channel at https://www.youtube.com/watch?v=6nnz0YRy6So&ab_channel=Dartmouth, and the transcript may be accessed by clicking the three dots just above the "Subscribe" button on the YouTube page. Saudi Arabia's counsel and staff accessed the transcript and copied it into KSAX-0018 as an aid to the Court. *See* Ex. A, ¶ 5. Relevant parts of the video were played during the hearing, *see* Tr. 47:14, and Kreindler did not deny that they were his statements. These portions of the video constitute an opposing party's statement under Federal Rule of Evidence 801(d)(2). The

---

[3] Neither Kreindler & Kreindler nor Fawcett is a party to the underlying litigation, but both are parties in the functional sense that remedies against them were at issue in the November 1 and 2, 2021 evidentiary hearing. Indeed, if they were not "parties" as that term is used in the evidentiary rules, they could not object to the admission of evidence at all. *See* Fed. R. Evid. 103(a)(1)(A) (explaining that, to preserve a claim of error, a "party" must "timely object[] or move[] to strike").

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 10, 2021
Page 3

fact that Kreindler made the statements in the speech is subject to judicial notice because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). There is no reasonable contention that Dartmouth faked Kreindler's speech on its YouTube channel. Saudi Arabia may also rely on some statements in the Dartmouth speech for the truth of the matters they assert. Such statements constitute admissions by Kreindler within the scope of his duties as an agent of Kreindler & Kreindler.[4]

  **c.**  KSAX-0023 is a letter from counsel for Fawcett to counsel for Saudi Arabia. *See* Ex. A, ¶ 6. Counsel for Fawcett has indicated that he does not object to its admission provided that the attachment (pages 3-5) is redacted for confidentiality, and Saudi Arabia has agreed to the redaction. A redacted version of KSAX-0023 is attached as Exhibit B. As to Kreindler & Kreindler, Saudi Arabia proffers the letter for impeachment of John Hartney, as the letter mentions a cloud-based platform called Tresorit. Hartney testified that he had never heard of Tresorit, *see* Tr. 153:6-155:9, which suggests that the investigation described in his direct testimony did not extend to all platforms on which Kreindler & Kreindler maintained confidential information.

  **d.**  KSAX-0031 is a June 10, 2021 email from counsel for Saudi Arabia to the Plaintiffs' Executive Committees. *See* Ex. A, ¶ 7. Saudi Arabia does not proffer it for the truth of any matter asserted, but only for the fact that it was sent during the period from June 1 to August 1, 2021; addressed to Kreindler, Maloney, Megan Benett, Steven Pounian, and Fawcett; and contained the word "Jarrah." As such, it shows that Hartney either did not identify all emails from the relevant period that would have been responsive to the searches he described in is declaration or did not attach all responsive emails as his declaration states. *See* Tr. 171:11-16.

  **e.**  KSAX-0038 is a publicly available description of the July 10, 2021 podcast on which Kreindler appeared with Isikoff. *See* Ex. A, ¶ 8. Saudi Arabia proffers it for impeachment of Andrew Maloney concerning the thoroughness of his investigation. Maloney testified that his "goal" was to conduct an "objective and comprehensive investigation to determine whether anyone at the Kreindler firm was the source of the leak," Tr. 220:1-4, but testified that he did not know that Kreindler & Kreindler consultant Catherine Hunt had appeared on Isikoff's podcast, Tr. 205:14-206:12. KSAX-0038 shows that Maloney could easily have found publicly available documents so stating.

  **f.**  KSAX-0067 and KSAX-0068 are an email from counsel for Saudi Arabia to counsel for Kreindler & Kreindler and an attached screenshot showing that as of Friday, October 15, 2021, there existed a Dropbox account in Fawcett's name containing confidential materials. *See* Ex. A, ¶ 9. The existence of that account on that date is relevant to the accuracy of Kreindler

---

[4] Counsel for Saudi Arabia similarly played at the hearing parts of the July 2021 *Conspiracyland* podcast in which Kreindler discussed various confidential depositions with Michael Isikoff, and included as an aid to the Court a transcript prepared by counsel, marked as KSAX-0039. Kreindler & Kreindler has agreed to the admission of KSAX-0039.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 10, 2021
Page 4

& Kreindler's representation to the Court that, "upon learning of the breach, [it] immediately acted to remove [Fawcett] from access to confidential materials." ECF No. 7162, at 1. KSAX-0067 and 0068 are also, like KSAX-0023, proffered for impeachment of Hartney as to the thoroughness of his investigation. *See* Tr. 150:8-153:5.

      **g.**      KSAX-0079 is a publicly available news article, written by Isikoff, dated March 1, 2021, and describing (on page 2) an "interview" with "James Kreindler." *See* Ex. A, ¶ 10. It is self-authenticating under Federal Rule of Evidence 902(6). Saudi Arabia proffers it for impeachment of Maloney concerning the thoroughness of his investigation. Maloney testified that, after conducting his investigation, he could not recall whether he knew that Kreindler had spoken with Isikoff in March 2021. *See* Tr. 203:13-24. KSAX-0079 shows that Maloney could easily have found publicly available materials so stating.

      **h.**      KSAX-0150 is an exchange of Signal messages between Fawcett and Isikoff, including one dated July 24, 2021, stating that there is "a witch hunt for the source of your Jarrah story." KSAX-0150 was produced by Fawcett's counsel with the Bates range JFawcett_0000017-18. *See* Ex. A, ¶ 14. It is relevant for a number of reasons, including to show that Fawcett and Kreindler & Kreindler failed to produce communications between Fawcett and Isikoff in response to the Court's August 30 order; that Kreindler & Kreindler failed to search Fawcett's personal device for communications with Isikoff both during its initial investigation and after admitting that Fawcett was the source of the leak; and that such a search would have revealed relevant and responsive communications. *See* Tr. 232:22-234:2.

      **3.**      Saudi Arabia also moves to add to the record three exhibits that were in its exhibit binder but not used at the hearing: KSAX-0101, KSAX-0136, and KSAX-0139; and two that are corrected versions of exhibits in the exhibit binder, KSAX-0151 and KSAX-0152. Counsel for Fawcett has agreed to these additions to the record, subject to the corrections made in KSAX-0151 and KSAX-0152. Counsel for Kreindler & Kreindler has indicated that Kreindler & Kreindler objects to the admission of any documents not specifically used at the hearing. The admission of a small number of additional documents is within the Court's discretion, will complete the record, and will aid the Court's fact-finding process.

      **a.**      KSAX-0101 is an email chain between Benett and Pounian that provides additional context for the language that appeared in Hartney's declaration concerning which Kreindler & Kreindler employees he had been "told . . . had been able to access the Jarrah transcripts." *Compare* KSAX-0056F, ¶ 5, *with* KSAX-0101. KSAX-0101 was produced by Kreindler & Kreindler with the Bates number KK01264 and is an opposing party's statement under Federal Rule of Evidence 801(d)(2). *See* Ex. A, ¶ 11. The accuracy and completeness of Hartney's statement, and Benett's involvement in writing it, were the subjects of testimony at the hearing. *See* Tr. 141:9-143:13. KSAX-0101 is relevant to show that Benett and Pounian were discussing which words to use on September 24, three days before the declaration was submitted, which is relevant to the Court's assessment of their states of mind when Hartney's declaration and their own declarations were submitted to the Court.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
November 10, 2021
Page 5

  **b.**  KSAX-0136 consists of phone records showing communications on Fawcett's personal cell phone during the period from September 5 to October 4, 2021. An earlier version of the same document was filed with the Court as pages 9-17 of ECF No. 7298-2 (filed under seal). KSAX-0136 differs from that earlier document only in that, at Saudi Arabia's request, counsel for Fawcett amended certain redactions to reveal the name of the personal counsel (Liz Crotty) with whom Fawcett spoke several times during the period from September 24 to 28, 2021. KSAX-0136 was produced by Fawcett in native format with the Bates number JFawcett_0000055. *See* Ex. A, ¶ 12. The dates and times of Fawcett's phone communications during this period with Kreindler & Kreindler and with his personal counsel are relevant for numerous purposes, including to reconstruct the timeline of events on September 27, 2021.

  **c.**  KSAX-0139 consists of records showing Fawcett's communications with Isikoff and others using the app Signal during the period from June 1 to July 5, 2021. KSAX-0139 was produced by Fawcett in native format with the Bates number JFawcett_0000053. *See* Ex. A, ¶ 13. Fawcett's Signal contacts specifically with Isikoff during this period are also shown on KSAX-0082, which was accepted into evidence at the hearing. *See* Tr. 433:19. KSAX-0139 is a more complete listing of Fawcett's Signal contacts during this time and should be accepted to complete the record.

  **d.**  KSAX-0151 is Fawcett's Second Amended Privilege Log of Withheld Materials, dated November 5, 2021. A previous version of this document was submitted to the Court as ECF No. 7298-1, which was filed under seal. Since that time, Fawcett has amended the log twice, including after the hearing to correct some timestamp inaccuracies created by vendor error. KSAX-0151 was produced to Saudi Arabia on November 5, 2021. *See* Ex. A, ¶ 15. A copy of it is attached as Exhibit C. The First Amended version of the log was in Saudi Arabia's hearing binder as KSAX-0146. During Fawcett's cross-examination, counsel and the Court discussed some of Fawcett's assertions of privilege, *see* Tr. 447:25-451:23, 480:5-482:9, but counsel for Saudi Arabia did not move the log into evidence. The log reflects some of the privilege assertions that were discussed and should be accepted to complete the record. The Court should accept the current version, which corrects inadvertent vendor errors, so that the timestamps on the log are accurate. This log is an opposing party's statement under Federal Rule of Evidence 801(d)(2)(D).

  **e.**  As discussed above, *see supra* ¶ 2.a, KSAX-0152 is a corrected version of KSAX-0012, which was used at the hearing. KSAX-0152 was produced to Saudi Arabia on November 5, 2021. *See* Ex. A, ¶ 16. A copy of KSAX-0152 is attached as Exhibit D. The Court should accept the corrected version, which corrects inadvertent vendor errors, so that the timestamps on the text messages are accurate.

  Saudi Arabia has met and conferred with counsel for Kreindler & Kreindler and Fawcett, who do not object to this letter being filed publicly.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 10, 2021
Page 6

                                                    Respectfully submitted,

                                                    */s/ Michael K. Kellogg*

                                                    Michael K. Kellogg
                                                    *Counsel for the Kingdom of Saudi Arabia*

cc:      All MDL Counsel of Record (via ECF)