KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 11, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to request that the Court order Kreindler & Kreindler LLP ("Kreindler & Kreindler") to produce communications between any of the witnesses at the November 1 and 2, 2021 hearing and Liz Crotty, who provided legal advice to John Fawcett in connection with the leak of the Musaed Al Jarrah transcript to Michael Isikoff.  *See* ECF No. 7215-1, at 3, ¶¶ 1-2.

      Evidence and testimony presented during the November 1 and 2 hearing establish that Fawcett contacted Crotty, a former Kreindler & Kreindler attorney, on at least six separate occasions to request legal advice, all of which was responsive to Saudi Arabia's document requests because it "relat[ed] to the July 15, 2021 article written by Michael Isikoff" (Request No. 1) and to "the leak of the confidential transcript of the Mussaed Al Jarrah deposition to Michael Isikoff" (Request No. 2).  *Id.*; *see* ECF No. 7277, at 5 ("October 21 Order"); KSAX-0135, KSAX-0151 (motion to admit pending).  Circumstantial evidence also gives rise to a strong inference that James Kreindler knew of Fawcett's outreach to Crotty and discussed this outreach with Fawcett in two telephone calls on July 22, 2021, the day after Saudi Arabia informed Plaintiffs it would file a motion with the Court regarding the leak.  Those calls took place immediately before and after Fawcett's first telephone call to Crotty in which he sought legal advice concerning the leak.

      Kreindler & Kreindler has refused to disclose whether it has searched for or produced communications and telephone history between any of the witnesses who testified at the hearing and Crotty.  It has further refused to state its position on whether such documents are even responsive to requests for production, to which this Court's October 21 Order requires Kreindler & Kreindler to fully respond.  Any such communications between Kreindler & Kreindler and Crotty would further demonstrate Kreindler & Kreindler's knowledge of or willful blindness to

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 11, 2021
Page 2

the leak.  Accordingly, Saudi Arabia respectfully requests that the Court order Kreindler & Kreindler to produce all communications and telephone history between Crotty and the named witnesses during the relevant time period, including from the witnesses' personal devices.

**1.**  On October 6, 2021, Saudi Arabia filed a motion requesting that the Court order Kreindler & Kreindler and Fawcett to produce documents responsive to Saudi Arabia's Requests for Production.  *See* ECF No. 7215.  Request Nos. 1 and 2 to Kreindler & Kreindler sought:

> 1.  All documents and communications relating to the July 15, 2021 article written by Michael Isikoff, titled "FBI tried to flip Saudi official in 9/11 investigation."
>
> 2.  All documents and communications relating to the leak of the confidential transcript of the Mussaed Al Jarrah deposition to Michael Isikoff.

ECF No. 7215-1, at 3, ¶¶ 1-2.  The parties met and conferred regarding Saudi Arabia's Requests for Production.  Kreindler & Kreindler agreed to produce all documents responsive to Request Nos. 1 and 2.  *See* ECF No. 7251, at 1.  On October 21, 2021, the Court further ordered Kreindler & Kreindler to "search for documents (*e.g.*, personal email, text messages, iMessage, Signal, WhatsApp, phone history, voicemail) responsive to Saudi Arabia's Requests Nos. 1 and 2 on the personal devices of witnesses named in the Court's order at ECF No. 7167."  ECF No. 7277, at 5.

**2.**  Evidence presented at the November 1 and 2 hearing establishes that at 9:14 p.m. on the evening of July 21, 2021, Saudi Arabia notified Kreindler & Kreindler that Saudi Arabia would file a motion with the Court requesting targeted discovery concerning the Al Jarrah deposition leak.  *See* KSAX-0042, at 3-4.  The next morning, at 9:17 a.m., Fawcett called James Kreindler and spoke with him for 46 minutes.  *See* Tr. 83:24-84:8; KSAX-0135, at 3.  Kreindler testified that he did not recall what was discussed during his "long" conversation.  Tr. 84:3-16.  Fawcett also testified that he could not "remember anything about what was said by [himself] or [Kreindler]" during that 46-minute 9:17 a.m. telephone call.  Tr. 446:21-23.

Almost immediately after speaking with Kreindler, Fawcett called Crotty at 10:41 a.m.  *See* Tr. 447:11-14; KSAX-0135, at 3.  Crotty is a criminal defense attorney and former attorney at Kreindler & Kreindler.  *See* Tr. 84:20-24.  Fawcett has asserted that his discussions with Crotty on this call are protected under the attorney-client privilege.  *See* Tr. 447:5-448:24.  At the hearing, Fawcett first testified that he "d[id]n't think" that the topic of his 22-minute call with Crotty "ha[d] to do with the 9/11 case," instead averring that their discussion concerned only her "run for [the office of] District Attorney."  Tr. 449:1-20.  On further examination, he gave the same answer at least five separate times.  *See* Tr. 450:6-451:3.

Fawcett then testified that his next telephone call was to Kreindler, at 12:56 p.m.  *See* Tr. 451:4-19; KSAX-0135, at 3.  Fawcett again represented that he could not recall what he and

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 11, 2021
Page 3

Kreindler discussed during that call, which lasted 5 minutes.  *See* Tr. 451:13-23; KSAX-0135, at 3.[*]

The Court took a 5-minute recess after Fawcett's cross-examination.  *See* Tr. 478:8-10. Following that recess, Fawcett requested the Court's permission to "correct an answer."  Tr. 478:17-20.  Although he had denied six times during cross-examination that his July 22, 2021 call with Crotty did not concern the leak of the Al Jarrah transcript to Isikoff, Fawcett changed his testimony and stated that he "recalled the conversation with Ms. Crotty in July" and that he "remember[ed] calling her after the Court's order had come out, so [he] was calling her about [that] order."  Tr. 480:5-8.  Fawcett added that he told Crotty that he would "like to come see [her] . . . about an [attorney-client] issue," but that Crotty was unavailable to meet with him so "the rest of the conversation was about her campaign [for District Attorney]."  Tr. 480:8-17.  The July 22, 2021 call is the only call between Fawcett and Crotty in July 2021 reflected on Fawcett's call log.  *See* KSAX-0135.  At that time, the Court had not yet issued any investigative order concerning the breach of the protective orders.

**3.**   This evidence gives rise to a strong circumstantial inference that on July 22, 2021, Kreindler discussed with Fawcett his breach of the protective orders in this case and Fawcett's outreach to Crotty concerning this breach.  Kreindler's and Fawcett's joint lack of memory concerning their two calls on July 22, Fawcett's repeated and then-abandoned insistence that his call with Crotty did not relate to the leak to Isikoff, and Fawcett's retreat after a recess to the (clearly untrue) fallback position that the call related to a Court order that had just "come out" combine to suggest that the two witnesses were attempting to conceal the actual contents of Kreindler's calls with Fawcett.  The only apparent motive to conceal those contents would be that Kreindler discussed information with Fawcett during those calls that would contradict Kreindler's and Fawcett's position that Kreindler did not know of Fawcett's actions in July 2021.

Any additional evidence that James Kreindler or any of the other named witnesses communicated with Crotty during the relevant period – especially on or around July 22, 2021 – is relevant to whether Kreindler & Kreindler knew of Fawcett's actions, was willfully blind to those actions, or acted to cover them up.  Such evidence would also be responsive to Saudi Arabia's Requests for Production Nos. 1 and 2, to which this Court ordered Kreindler & Kreindler to fully respond in its October 21 Order.  *See* ECF No. 7277, at 5.

Saudi Arabia therefore requests that this Court again order Kreindler & Kreindler to fully respond to Requests for Production Nos. 1 and 2, and produce all communications and telephone logs reflecting communications between any of the named witnesses and Crotty.

---

[*] There are a total of only four calls between Kreindler and Fawcett in July 2021.  In addition to the calls on July 22, 2021, there is a 1-minute call on July 21, 2021, at 1:54 p.m., and a 4-minute call on July 23, 2021, at 10:19 a.m.  *See* KSAX-0135, at 3.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
November 11, 2021
Page 4

                                            Respectfully submitted,

                                            /s/ *Michael K. Kellogg*

                                            Michael K. Kellogg
                                            *Counsel for the Kingdom of Saudi Arabia*

cc:      All MDL Counsel of Record (via ECF)