UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:

*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD) (SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENTS OF LIABILITY FOR ALL PLAINTIFFS AND PARTIAL FINAL JUDGMENTS FOR DAMAGES FOR THE PLAINTIFFS IDENTIFIED IN EXHIBITS A**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the Plaintiffs in the above-captioned actions, and I submit this declaration in support of the Motion for Partial Final Judgment against the Defendant Islamic Republic of Iran ("Iran") as to liability on behalf of all Plaintiffs in the above-captioned action(s), and for damages on behalf of certain plaintiffs in the above-referenced matters who are identified in the attached Exhibits A-1 to A-7 (collectively, "Exhibits A") (the Plaintiffs identified in Exhibits A are collectively referred to herein as the "Moving Plaintiffs") in the above-captioned actions. Such motion seeks the following requested relief:

    a. First, all Plaintiffs in the above-captioned actions now respectfully request entry of judgments by default against Iran on the issue of liability, solely as to the Plaintiffs' substantive causes of action established under the Foreign Sovereign

Immunities Act's ("FSIA") state sponsor of terrorism exception, codified at 28 U.S.C. § 1605A(c).

b.  In addition, all Plaintiffs seek a judicial determination that service was properly effectuated upon Iran in accordance with 28 U.S.C. § 1608.

c.  Further, the Moving Plaintiffs, by and through their counsel, Anderson Kill, P.C., respectfully move this Court for an Order:

> i. awarding the Plaintiffs identified in annexed Exhibits A judgments as to damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases;  AND,
>
> ii. awarding solatium damages to those Plaintiffs identified in Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibits A; AND,
>
> iii. awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,
>
> iv. granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages at a later date; AND,
>
> v. granting permission for all other plaintiffs in these actions not appearing in annexed Exhibits A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Applicable Orders

2. The form of this motion and the relief requested herein are intended to comply with the following Orders of this Court:

  a. The Court's January 24, 2017 Order, ECF No. 3435,[1] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 11 below.

  b. The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

  c. The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

  d. The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

  e. The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

  f. The Court's August 23, 2021 Order, ECF No. 7067, setting forth procedures for filing confidential information relating to damages under seal.

3. The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill, P.C.

Due Diligence

4. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past seventeen years, my firm's representation of the plaintiffs in the above-captioned matters including the Moving

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

Plaintiffs in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiffs, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's file and other court records relating to the multidistrict litigation to which the above-referenced Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5. The Plaintiffs identified in Exhibits A are each immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically set forth in Exhibits A,[2] which includes individuals who were not named in the complaints, but are otherwise members of the 9/11 decedent's family, and are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn declarations, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

6. Intentionally omitted.

7. With respect to each estate plaintiff in annexed Exhibits A, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative, except in the estates listed in

---

[2] Exhibits A also include the estates of solatium plaintiffs who are now deceased.

4

docs-100417746.1

the tables directly below, where a petition has been filed to appoint the personal representative, is pending, and, upon information and belief, is unopposed.

|  |  |
|---|---|
| **CASE NAME:** | *BNY Mellon, et al. v. Islamic Republic of Iran* |
| **CASE NO:** | No. 1:19-cv-11767 (GBD) (SN) |
| **PLAINTIFF:** | Kathleen Creran as Personal Representative of the Estate of Kevin T. Hughes, deceased, the late sibling of Thomas F. Hughes, Jr. |
|  | Ralph Gullickson and Patricia Byrne as Co-Personal Representatives of the Estate of Robert Gullickson, Sr., deceased, the late parent of Joseph Gullickson |

8. All of the decedents listed in Exhibits A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibits A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

9. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibits A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10. After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to any particular Moving Plaintiff.

11. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records

5

docs-100417746.1

available to me regarding other judgments entered by this Court against Iran, no relief has previously been awarded to any plaintiff included in the judgment.

12. Intentionally omitted.

13. We have verified via written documentation and/or interviews that the Moving Plaintiffs have not recovered for such losses by way of an award of this Court as to Iran.

14. We have further confirmed that none of the Moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

Notices of Amendment

15. Among other things, Section II.D provides, "In instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that he or she authorized the personal representative to seek the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought has not retained other counsel or been named in any other action or, if he or she has, that counsel has communicated with the claimant's counsel and received authorization to seek the judgment via the estate's representative." ECF No. 3435.

16. I hereby confirm that the Plaintiffs listed in Exhibits C-1 to C-4 (collectively, "Exhibits C"), which are attached hereto, are incorporated herein, are such claimants, and that: (1) the personal representatives of the estates set forth in Exhibits C have requested that a judgment be sought in such claimant-plaintiffs favor; (2) the plaintiffs set forth in Exhibits C have affirmed that he or she authorized the personal representative to seek this judgment; and (3)

6

docs-100417746.1

the plaintiffs set forth in Exhibits C have not retained other counsel or been named in any other action and/or that I, or a representative of Anderson Kill, P.C., communicated with claimant's counsel and received authorization to seek the judgment via the estate's representative.

Service of Process

17. Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in depth in the Memorandum of Law, and by way of Affidavits of Service and Affidavits in Support of Requests for Clerk's Default by Jerry S. Goldman, previously filed as of record under the ECF Nos. set forth in the Memorandum of Law.

Solatium

18. We have been retained individually by the plaintiffs listed in Exhibits A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in Exhibits A is the relative of a decedent, all of whom have applied for a final default judgment as to liability against Iran in relation to the September 11th terrorist attacks herein. We have verified that none of the plaintiffs listed in Exhibits A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

19. The solatium amounts set forth in Exhibits A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See*, e.g., ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

docs-100417746.1

Conclusion

20. Based on the foregoing, I respectfully request that this Court grant the relief requested in the Notice of Motion, including as to liability for all Plaintiffs in the above-captioned Complaints and the proposed partial final judgments as set forth in the Notice of Motion, including Exhibits A.

Dated:  New York, New York
        November 12, 2021

_____
Jerry S. Goldman, Esq.