

EMILY KIRSCH
150 E. 58TH STREET  22ND FLOOR
NEW YORK, NY  10155
O  (212) 832-0170
M  (917) 744-2888
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

November 15, 2021

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

We write on behalf of Kreindler & Kreindler, LLP in opposition to the Kingdom of Saudi Arabia's (the "Kingdom") letter motion seeking to admit fourteen documents, post-Hearing, into evidence. *See Kingdom Letter to the Court, November 10, 2021, ECF 7327 ("Nov. 10 Letter")*. We oppose the admission of eleven of these documents, because the Kingdom failed, both at the hearing held November 1-2, 2021 (the "Hearing") and subsequently, to establish their competency as evidence. Accordingly, this Court should deny the highly irregular *ex post facto* attempt to make these incompetent documents part of the evidentiary record.[1]

    **A.  ONLY COMPETENT EVIDENCE MAY BE CONSIDERED ON A MOTION FOR CONTEMPT**

    1.  Legal Standard.

As the Court has made clear, consideration of a finding of contempt is a matter of the utmost gravity. *October 4, 2021 Order*, *ECF 7167 at p. 1*. The parties are now preparing findings of fact and conclusions of law to address whether the Kingdom has established, by clear and convincing evidence, a *prima facie* case of contempt against Kreindler & Kreindler as the prerequisite for this Court to certify facts constituting contempt to the District Judge. *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC,* 2017 WL 5067500 at *9-10 (S.D.N.Y. Sep. 27, 2017) (Moses, M.J.) (where the moving party fails to establish a *prima facie* case of clear and convincing evidence of contempt based on evidence meeting the standards for admission under the Federal Rules of

---

[1] The Kingdom acknowledges in its motion papers that Kreindler & Kreindler has agreed to the admission of 34 exhibits, and only objects to the admission of the eleven addressed here: *KSAX 0012* (and its corrected version, *KSAX 0151), KSAX 0018, KSAX 0023, KSAX 0038, KSAX 0067, KSAX 0068, KSAX 0079, KSAX 0150, KSAX 0101, KSAX 0136, and KSAX 0139.*

KIRSCH & NIEHAUS

Evidence, the Magistrate Judge "must decline to certify facts" to the District Judge). Proof of noncompliance with a court's order must be clear and unambiguous, and evidence that would not be admissible under established federal rules regarding the competency of evidence at trial may not be considered. *Id.* at *7-8; *Really Good Stuff, LLC v. BAP Investors, L.C.,* 2021 WL 246707 at *3 (S.D.N.Y. June 17, 2021) (Gorenstein, M.J.) (only evidence that meets the standards set by the Federal Rules of Evidence can be considered in determining whether the moving party has established clear and convincing proof of contempt). Presumably recognizing that it failed to make such a *prima facie* case, the Kingdom now attempts to bulldoze into evidence incompetent documents that they failed at the Hearing to make any effort to authenticate or to move into evidence – and which they could not properly move into evidence. As shown below, their request is contrary to established law.

2. Attorney Affidavits Do Not Establish Competency of Evidence

The Kingdom's cavalier approach to evidentiary issues is reflected in its statement to the Court that "there is no genuine dispute about the authenticity of any of these documents." *Nov. 10 Letter, p. 1.* We disagree. The Kingdom has offered not even the slightest authentication proof for any of the eleven disputed documents it now seeks to have admitted. No doubt recognizing this inadequacy, the Kingdom submits an affidavit signed by the Kingdom's attorney, Greg Rapawy, endeavoring to attest to the authenticity of the exhibits. *Nov. 10 Letter, Exh. A.* But attorney declarations alone, which an opposing party cannot test in any meaningful fashion, cannot establish authenticity. *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986) (an attorney affidavit is "entirely insufficient" to establish competent evidence); *Really Good Stuff,* 2021 WL 246707 at *5, 10 ("a charge as serious as contempt" cannot rely on an attorney's declaration to authenticate a document); *Novak v. Tucows, Inc.,* 2007 WL 922306 at *5 (E.D.N.Y. Mar. 26, 2007) *aff'd* 330 Fed. App'x 204 (2d Cir. 2009) (a declaration not based on personal knowledge of the document sought to be entered into evidence is insufficient to establish authenticity). Notably, the Kingdom's motion is utterly lacking in any caselaw supporting its approach, and it nowhere provides any reason or justification for departing from the established Federal Rules of Evidence employed in every federal court in this country

Issues of authenticity can often be resolved – and generally are as a matter of federal court practice - when parties exchange documents before the hearing. To the extent that a party contests authenticity, the proponent is on notice to present a witness at trial to properly authenticate the document. Because the Kingdom rejected Kreindler & Kreindler's offer to confer on admissibility and authenticity before the Hearing and refused to exchange exhibits at the time the proposed exhibit books were sent to the Court, the Kingdom assumed the burden to authenticate all of its documents at the Hearing.[2] *Bell v. Rochester Gas & Elec. Corp.,* 329 Fed. Appx. 304, 306 (2d Cir. 2009) (the proponent of evidence carries the burden to elicit testimony establishing admissibility); *United States v. Stein,* 521 F. Supp. 2d 266, 268 (S.D.N.Y. 2007) (Kaplan, J.) (the

---

[2] For the Court's reference, the email exchanges between counsel and with the Court regarding pre-hearing exchanges of documents are attached here as Exhibit A.

proponent of evidence "has the burden of establishing admissibility"). As to each of the eleven documents addressed in this opposition letter, the Kingdom failed to meet that burden.

3. The Federal Rules of Evidence Should Not Be Disregarded – Particularly in a Matter of Such Gravity.

The Kingdom's motion suggests that the evidentiary rules, including authenticity rules, should be disregarded here. The Kingdom is wrong. Rules of evidence must be followed in federal court, and authenticity rules are no exception. *United States v. Vaynor,* 769 F.3d 125, 131, 134-135 (2d Cir. 2014) (reversible error for trial court to admit unauthenticated document). In fact, authentication is a "condition precedent" to the admission of any document. *Id* at 129. Specifically, in determining the quantum of proof on a contempt motion, the court may not consider unauthenticated documents. *Really Good Stuff,* 2021 WL 246707 at *5, 10 (on a motion for contempt, a court may not consider *any evidence* that is not properly authenticated); *Joint Stock Co. Channel One Russ. Worldwide,* 2017 WL 5067500 at * 9  (on a motion for contempt, evidence "may not be considered" where it does not meet "established federal rules regarding the competency of evidence at trial"); *citing, Ceslik v. Miller Ford, Inc.,* 2006 WL 1582215 at *1 (D. Conn. June 5, 2006) (refusing to consider, on a motion for contempt, evidence "would not be admissible under established federal rules"; *citing, United States v. Bukowski,*  435 F.2d 1094, 1105-1106 (7th Cir. 1970), *cert. denied,* 401 U.S. 911 (971) ("[w]e see no grounds for departing in contempts from established federal rules regulating the competency of evidence."); *see also,* 17 C.J.S. Contempt §89 ("evidence which is not competent, relevant, and material is inadmissible in a contempt proceeding"); Fed. R. Evid. 1101(a) (Federal Rules of Evidence apply to proceedings before Unites States Magistrates); Fed. R. Evid. 1101(b) *(*Federal Rules of Evidence apply to contempt proceedings).

This authenticity rule, Fed. R. Evid. 901, while not a burdensome obligation, establishes a minimum requirement for admissibility which must be met in every instance.  The rule simply sets a bar for admissibility – a bar the Kingdom failed to meet as to each of the eleven exhibits at issue here – that the proponent of evidence provide such testimony as can be elicited "through a witness with knowledge that a matter is what it is claimed to be." *United States v. Vayner,* 769 F.3d 125, 130 (2d Cir. 2014) (while the bar to authenticate documents "is not particularly high," the authenticity rule cannot be ignored, and it is reversible error to admit a document that has not been properly authenticated); *United States v. Ganias,* 824 F.3d 199, 234 (2d Cir.), *cert. denied* 137 S.Ct. 569 (2016) (although the bar to authentication is not high, the party proposing admission is required, at a minimum, to produce a witness to attest to authenticity).  Here, for the documents it seeks to admit on this motion, the Kingdom failed to meet this minimal requirement, inexplicably failing to offer any basis for authenticity at the Hearing. As explained below, overwhelming authority on the rigor of evidentiary rules in contempt hearings requires denial of the Kingdom's motion.[3]

---

[3] The Kingdom has been already been shown to mischaracterize and misrepresent even properly authenticated evidence (*e.g.,* July 5 email from Isikoff to Kellogg in July 23 Kellogg Declaration

**KIRSCH & NIEHAUS**

    4.    Testimony From Witnesses Without Personal Knowledge of Documents is Inadmissible and Should be Disregarded

Finally, while the Kingdom failed either to seek admission of the eleven documents in question prior to the Hearing or at the Hearing, it repeatedly asked questions concerning the documents of witnesses who had no knowledge of the document in question. This testimony should be disregarded by the Court. *See, e.g., KSAX 0012* (purported text messages between Mr. Fawcett and a third party, presented only to Mr. Kreindler), *Kreindler 42:12 – 44:23; KSAX 0018* (purported transcript of Mr. Kreindler's Dartmouth speech, presented only to Ms. Benett), *Benett 316:2 – 318:5; KSAX 0023* (letter from Mr. Fawcett's attorney to Kellogg Hansen discussing Mr. Fawcett's storage systems, presented only to Mr. Hartney), *Hartney. 154:20 – 155:9; KSAX 0038* (purported webpage for Conspiracyland presented only to Mr. Maloney, who had never listened to the podcast or seen the webpage), *Maloney. 205:22 – 206:9; KSAX 068* (purported screenshot of a dropbox account of Mr. Fawcett, presented only to Mr. Hartney), *Hartney 150:19 – 152:12; KSAX 0079*(purported article by Michael Isikoff describing an interview with Mr. Kreindler, presented only to Mr. Maloney), *Maloney 203:13 – 205:21; KSAX 0150* (purported "Signal" messages of Mr. Fawcett, presented only to Mr. Hartney), *Hartney 232:20-234:2.* Federal Rule of Evidence 602, "Need for Personal Knowledge" requires a witness to have personal knowledge of a matter in order to testify competently. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed R. Evid. 602. Any testimony regarding documents about which the witness had no knowledge is inadmissible, and should be disregarded by the Court.

**B. THE KINGDOM FAILED TO ESTABLISH THE COMPETENCY OF THE ELEVEN DOCUMENTS OPPOSED HERE**

We address the insufficiency of these exhibits in the order found in the Kingdom's motion.

**1. KSAX 0012:** *Purported Text Messages Produced by John Fawcett*

The purported text message of John Fawcett, *KSAX 0012*, was displayed during the testimony of Mr. Kreindler. *Kreindler, 42:12.* No one identified the document at the Hearing. Although John Fawcett testified at the Hearing, and *KSAX 0012* is purportedly a record of his text messages, the Kingdom chose not to ask Mr. Fawcett to identify the document as true and correct copies of his

---

and accompanying motion, *ECF 6981*) and testimony itself that was in front of the Court (*e.g.,* Kingdom's November 9 Motion for Declarations, *ECF 7322*). *See, ECF 7330.* It would simply pose too high a risk of distortion of the facts to allow unauthenticated documents into evidence post-Hearing and to permit the Kingdom to bowdlerize and mischaracterize documents about which Kreindler & Kreindler has no further opportunity to elicit testimony.

KIRSCH & NIEHAUS

text messages. For text messages to be admissible, a person with personal knowledge must testify that the printouts offered for admission are authentic copies of the actual texts. *Bell v. Rochester Cas & Elec. Corp.*, 329 Fed. App'x 304, 306 (2d Cir. 2009) (affirming district court ruling excluding electronic communications where proponent did not meet his burden to provide required evidence of authentication); *Deptula v. Rosen,* 2020 WL 6135793 at n. 1 (S.D.N.Y. Oct. 16, 2020) (admission of "electronic communications . . . require a *specific* attestation by a person with personal knowledge of the communications that they are authentic") (emphasis in original). Because the Kingdom failed to meet the minimal requirements for admissibility as to *KSAX 0012*, its motion to admit the document should be denied.[4]

    **2. KSAX 0018:** *Purported Transcript of a Speech by Jim Kreindler*

The Kingdom displayed *KSAX 0018, a purported "transcript" of Mr. Kreindler's 2019 speech,* during the testimony of Ms. Benett. *Benett, 316:2.* Only counsel for the Kingdom identified the document at the hearing. The Kingdom now attempts to introduce this purported "transcript" into evidence by attorney declaration. *See, Nov. 10 Letter, Exh. A, Declaration of Gregory Rapawy,* ¶5. On the face of the document itself, there is no date, no indicia of its origins, no record of who prepared it, or how it was prepared, or how it was maintained, or how accurate it may – or may not - be. Mr. Rapawy admits that some unnamed person – not even Mr. Rapawy personally – "cut and pasted" a document after clicking on "three dots" on a website – and created a new, second document in Microsoft Word, and then created yet a third document in Adobe ".pdf" format and now presents the .pdf – a third iteration from what may or may not be the "original" – for admissibility. On every level, this document fails the minimal evidentiary requirements for authentication. *United States v. Rommy,* 506 F.3d 108, 137 (2d Cir. 2007) (to lay a proper foundation for the admission of a transcript, the proponent must "produce clear and convincing evidence" of both "authenticity and accuracy."); *Joint Stock Co. Channel One Russ. Worldwide*, 2017 WL 5067500 at n. 9 (transcript may be recognized where it was accompanied by a certification declaring that it was a "true and accurate translation" of a recording so long as the recording itself is also properly authenticated). Here, Mr. Rapawy's declaration, *not* based on personal knowledge, that someone else copied a transcript that was created by an unknown party, at an unknown date, by an unknown procedure, and maintained by an unknown person on the internet fails to meet even the barest minimum of standards for admissibility. The Court should deny the admission of *KSAX 0018.*

    **3. KSAX-0023:** *Letter from Attorneys for Mr. Fawcett to Kellogg Hansen*

The Kingdom displayed *KSAX 0023,* a letter between counsel, to Mr. Hartney during his testimony. *Hartney, 154:20.* Mr. Hartney did not identify the document. Although Mr. Rapawy's declaration indicates that his firm received this letter from Mr. Fawcett's attorneys, the letter is not

---

[4] We note that although Mr. Fawcett has not objected to the admission of his text messages, *KSAX 0012* and *KSAX 0150* (*see* Point # 7, *infra*), the record remains devoid of any sworn statement on his part or from any party that would have knowledge attesting to the authenticity of these texts.

KIRSCH & NIEHAUS

written by his firm, and is plainly hearsay. *Price v. Worldvision Enterprises,* 455 F. Supp. 252 n. 25 (S.D.N.Y. 1978) (Haight, J.) (a letter attached to a declaration is hearsay and "patently insufficient in law"); *see also, Sadler v. Moran Towing Corp.,* 204 F. Supp.2d 695, 697 and n. 10 (S.D.N.Y. 2002) (unsworn letters are hearsay and not admissible evidence) (Kaplan, J.).

The Kingdom argues that, despite the hearsay nature of the document, it is admissible for impeachment purposes to the extent it mentions something called "Tresorit." *Nov. 10 Letter* at p. 3. Again, the Kingdom fails to provide any law –statutory or precedential – in support of this claim. This document was not introduced to impeach a prior statement of Mr. Hartney: Mr. Hartney never gave any testimony with respect to something called "Tresorit," and *KSAX* 0023 is not even a statement made by Mr. Hartney. A document not inconsistent with a prior statement that is really offered for its truth is not admissible under Fed. R. Evid. 806. *United States v. Mejia-Velez,* 855 F. Supp. 607, 616 (E.D.N.Y. 1997), *aff'd sub. nom. United States v. Castano,* 234 F.3d 111 (2d Cir. 2000) (hearsay document excluded from evidence where because it was not a prior inconsistent statement and was really offered for its truth), *citing United States v. Graham,* 858 F.2d 986, 990 n.5 (5th Cir. 1988), *cert. denied* 489 U.S. 1020 (1989) ("the hallmark of an inconsistent statement offered to impeach a witness's testimony is that the statement . . . is not offered for the truth of the matter asserted . . . rather, it is only offered to establish that the witness has said both "x" and "not x" and is therefore unreliable."). Here, the Kingdom seeks to have *KSAX 0023* admitted to establish that Mr. Fawcett stored Kreindler & Kreindler documents on a platform called "Tresorit." *Nov. 10 Letter* at p. 3. This testimony would have to be elicited from a person with personal knowledge of the Tresorit platform and application in question, and that person, presumably, is Mr. Fawcett. Again, the Kingdom failed to elicit any testimony from Mr. Fawcett with respect to "Tresorit."

We will not speculate as to why the Kingdom chose not to ask Mr. Fawcett even one question to identify "Tresorit" for the Court. What is clear, however is that Mr. Hartney was wholly unfamiliar with the letter and with "Tresorit," *Hartney 154:20-155:9,* and information about "Tresorit" contained in *KSAX 0023* is inadmissible hearsay. Accordingly, the Kingdom's motion to admit *KSAX 0023* should be denied.

    **4.**    **KSAX 0038:** *Purported Webpage of Conspiracyland Podcast*

During the testimony of Mr. Maloney, the Kingdom displayed *KSAX 0038*, a printout of the purported webpage of the *Conspiracyland* Podcast. *Maloney, 205:22.* Once again, the sole individual who identified the document was the Kingdom's attorney. *Tr. 205:22-206:2.* Of course, as stated above, an attorney cannot authenticate a document, and more specifically, an attorney cannot authenticate a document pulled from the internet with nothing more than a barebones assertion by counsel that it was accessed from the internet. *Disney Enterprises Inv. v. Sarelli,* 322 F. Supp.3d 413, 443 (S.D.N.Y. 2018), *reconsid. denied*, 2018 WL 5019745 (S.D.N.Y. Sept. 26, 2018) (unauthenticated screenshots of webpages submitted to the court through an attorney declaration are not admissible evidence and cannot be considered by the court); *see also, United States v. Vayner,* 769 F.3d 125, 131-132 (2d Cir. 2014) (reversing the lower court's ruling

KIRSCH & NIEHAUS

admitting into evidence a printout of a webpage, stating that admission is not proper where the evidence failed to present any "extrinsic evidence" relating to the website other than it was "presently accessible on the Internet"); *Novak v. Tucows, Inc.,* 2007 WL 922306 at * 5, (where the proponent "proffers neither testimony nor sworn statements attesting to the authenticity of the contested web page exhibits by any employee of the companies hosting the sites from which plaintiff printed the pages, such exhibits cannot be authenticated as required under the Rules of Evidence"). Here, the Kingdom presented no extrinsic evidence relating to the website whatsoever and relied on precisely the sort of skeletal attorney's declaration that cannot authenticate a document; accordingly, *KSAX 0038* should not be admitted into evidence.

> 5. **KSAX 0067 and 0068:** *An Email from the Kingdom's Counsel to Kreindler & Kreindler attaching a purported screenshot of a Dropbox account*

During the testimony of Mr. Hartney, the Kingdom displayed *KSAX 0067* and *0068*, an email from counsel attaching a screenshot purporting to represent a Dropbox account that counsel for the Kingdom said was owned by Mr. Fawcett. *Hartney, 150:19.* Once again, the only person at the Hearing who gave any information about this screenshot was the attorney for the Kingdom, who "represented" that Mr. Fawcett was the owner of the account. *Tr. 150:19-22.* It bears repeating that (1) an attorney cannot authenticate a document, *Kamen v. American Tel. & Tel. Co.,* 791 F.2d at 1011, and (2) the Kingdom had ample opportunity to ask Mr. Fawcett if this screenshot was in fact a true representation of a current Dropbox account owned by him, but again, for reasons only the Kingdom knows, the Kingdom neglected to do so.

Specifically, before the court can allow the admission of a screenshot, the proponent must present a person with knowledge of how the image came to be seen on the screen. *Really Good Stuff,* 2021 WL 2469707 at * 10 (courts reject screenshots where "the only evidence submitted were screenshots attached to an attorney declaration"); *Nixon v. Inquisitr,* 2021 WL 3667154 at *4 (E.D.N.Y. Aug. 17, 2021) (screenshot from the website glassdoor.com is not admissible); *Knowyourmem.com Network v. Nizri,* 2021 WL 3855490 at *9 (S.D.N.Y. Aug. 30, 2021) (Cott, M.J.) (unauthenticated screenshots from websites are not "competent proof"). Here, we have no information except what one can read on the face of the screenshot itself. The Kingdom chose not to elicit any independent verification from Mr. Fawcett, and therefore *KSAX 0067 and KSAX 0068* this document should not be admitted into evidence for any purpose.[5]

---

[5] Had the Kingdom sought to admit this document, Kreindler & Kreindler could, at the Hearing, have elicited testimony that even if Mr. Fawcett had created or maintained a Dropbox account, given that his Kreindler & Kriendler credentials had been terminated he could not have accessed that account or the documents maintained in it. Having chosen not to do so, the Kingdom no doubt will try to argue that the absence of any evidence that Mr. Fawcett could not access a Dropbox account must be taken as proof that he *could* access it. This is precisely the sort of problem that could have been avoided had the Kingdom properly sought to admit this exhibit into evidence at the Hearing.

      **6.**      **KSAX 0079:** *Purported News Article from the Internet*

The Kingdom displayed *KSAX 0079*, an article purportedly downloaded from the internet, during the testimony of Mr. Maloney. *Tr. 203:13*. And again, the only individual who provided any identification of this article was counsel for the Kingdom. *Tr. 203:13 and 203:17-19*. The Kingdom asks this Court to take judicial notice of this article pursuant to Fed. R. Evid. 902(6), but without more information with respect to the website publishing the article, the article cannot be admitted. *Novak v. Tucows, Inc.,* 2007 WL 922306 at *5, 330 Fed. Appx. 204, 205 (2d Cir. 2009) (affirming lower court ruling which excluded, *inter alia,* a news article from the *Poughkeepsie Journal* and a news article from a British website, the *Register*). The Kingdom provides no support for its position that news articles from the web, without more, can be self-authenticating. Accordingly, the Kingdom's motion to admit *KSAX 0079* should be denied.

      **7.**      **KSAX 0150:** *Purported Text Messages of John Fawcett*

The Kingdom displayed *KSAX 0150*, purported text messages of John Fawcett, during the testimony of Mr. Maloney. *Maloney, 232:20*. Once again, the only individual who provided any identification of these text messages was counsel for the Kingdom. *Tr. 232:22-233:4*. And once again, the Kingdom had ample opportunity to have Mr. Fawcett identify the text messages, but chose not to do so. As stated above, text messages need to be authenticated by a witness with personal knowledge. *See point numbered 1, above, citing Bell v. Rochester Cas & Elec. Corp.*, 329 Fed App'x at 306 and *Deptula v. Rosen,* 2020 WL 6135793 at n. 1. Accordingly, the Kingdom's motion to admit *KSAX 0150* should be denied.

      **8.**      **KSAX 0101:** *Email Chain*
                **KSAX 0136:** *Purported Phone Records of Mr. Fawcett*
                **KSAX 0139:** *Purported Messages of Mr. Fawcett*

The three documents listed here, *KSAX 0101, 0136,* and *0139* were never even displayed, discussed or mentioned at the Hearing. They are not self-authenticating, and therefore it would be a violation of the Federal Rules of Evidence to admit them. As stated above, email chains and text message *must be authenticated* to be considered on a motion for contempt, and none of these three exhibits has been authenticated. *See above, Really Good Stuff,* 2021 WL 2469707 at * 10; *Joint Stock Co. Channel One Russ. Worldwide,* 2017 WL 5067500 at * 9; *Ceslik v. Miller Ford, Inc.,* 2006 WL 1582215 at *1. The Kingdom's request to have these documents admitted post-hearing is tantamount to asking the Court to disregard the laws governing all the federal courts in this country on this most serious of matters. None of these documents should be admitted.

      **C. CONCLUSION**

For the foregoing reasons, in this contempt hearing of the utmost gravity, the Court should apply the Federal Rules of Evidence and deny admission of the eleven documents cited above. It bears noting that the Kingdom's decision to proceed informally with respect to evidentiary matters on

KIRSCH &
NIEHAUS

this hearing for contempt was a tactical decision. The Kingdom flatly refused to exchange documents pre-Hearing to discuss authenticity objections as is the practice in every trial or hearing in federal court. The Kingdom made a further tactical decision not to ask Mr. Fawcett to identify any documents that he produced, or to move documents into evidence at the Hearing. It defies credulity that three partners from Kellogg Hansen sitting at counsel table forgot to identify documents or to ask to move documents into evidence. The Kingdom made a strategic decision to avoid the rigor of the Federal Rules of Evidence at the Hearing, and, specifically as to seven of these eleven documents, not to ask Mr. Fawcett to identify them (*see KSAX 0012, 0023, 0067, 0068, 0150, 0136, 139*). The Kingdom had the burden to present their documents in admissible form, and they failed to do so for the eleven documents addressed here. Accordingly, the Kingdom's motion should be denied as to these eleven documents.

Respectfully Submitted,

_____*/s/ Emily Kirsch*_____
Emily Bab Kirsch

9

# EXHIBIT A

## RE: Hearing Exhibits

**Shen, Andrew C. <ashen@kellogghansen.com>**

Fri 10/29/2021 2:12 PM

To: Lisa Frey <lisa.frey@kirschniehaus.com>

Cc: Emily Kirsch <emily.kirsch@kirschniehaus.com>; Michael Gerber <mgerber@lswlaw.com>; Rapawy, Gregory G. <grapawy@kellogghansen.com>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Carter, Sean <SCarter1@cozen.com>; Young, Christopher M. <cyoung@kellogghansen.com>; Flowers, Jodi <jflowers@motleyrice.com>; Gabrielle Friedman <GFriedman@lswlaw.com>; John <jeubanks@motleyrice.com>; Tarbutton, Joseph <starbutton@cozen.com>; bjastrow@lswlaw.com <bjastrow@lswlaw.com>; Haefele, Robert <rhaefele@motleyrice.com>

Lisa, Emily & Gabi –

We do not intend to exchange exhibits with you today. We will provide you with a hard copy of the exhibits we intend to use on Monday before the cross examination begins.

We would, however, like to discuss the use of documents that the Kreindler firm and Mr. Fawcett have produced during Monday's hearing. Every document has been marked as confidential. Please let us know whether you are available this afternoon at 5:00pm for a call.

Regards,

Andy

---

**From:** Lisa Frey <lisa.frey@kirschniehaus.com>
**Sent:** Friday, October 29, 2021 1:08 PM
**To:** Shen, Andrew C. <ashen@kellogghansen.com>
**Cc:** Emily Kirsch <emily.kirsch@kirschniehaus.com>; Michael Gerber <mgerber@lswlaw.com>; Rapawy, Gregory G. <grapawy@kellogghansen.com>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Carter, Sean <SCarter1@cozen.com>; Young, Christopher M. <cyoung@kellogghansen.com>; Flowers, Jodi <jflowers@motleyrice.com>; Gabrielle Friedman <GFriedman@lswlaw.com>; John <jeubanks@motleyrice.com>; Tarbutton, Joseph <starbutton@cozen.com>; bjastrow@lswlaw.com; Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** [EXTERNAL] Re: Hearing Exhibits

Andy,

We are delivering our exhibit binders to the Court today as per Judge Netburn's Order.

When would you like to exchange exhibits by email?

Lisa Frey
917 565 1066

## In Re Terrorist Attacks on September 11, 2001: Exhibit Deliveries for Monday's Hearing

Lisa Frey <lisa.frey@kirschniehaus.com>

Fri 10/29/2021 3:20 PM

To: rachel_slusher@nysd.uscourts.gov <rachel_slusher@nysd.uscourts.gov>

Cc: Shen, Andrew C. <ashen@kellogghansen.com>; 'Gabrielle Friedman' <GFriedman@lswlaw.com>; Emily Kirsch <emily.kirsch@kirschniehaus.com>; Paul Niehaus <paul.niehaus@kirschniehaus.com>

Dear Ms. Slusher:

This firm represents Kreindler & Kreindler, LLP in connection with the above-referenced action. Pursuant to the Court's Order of October 21, 2021 [ECF 7277] we are today delivering to the Court two binders of our exhibits for Monday's hearing.

Earlier today, by email, I asked Andy Shen, attorney for the Kingdom of Saudi Arabia, at what time today he would like the parties to exchange exhibits by electronic mail. Mr. Shen advised me that he will not be providing us with a copy of his exhibits until Monday morning.

We view the delivery of exhibits to the Court without a copy to the parties as an unauthorized ex parte communication with the Court, and the refusal to provide Kreindler & Kreindler with proposed exhibits prior to the hearing as unduly prejudicial and incompatible with appropriate due process.

We write to ask the Court's guidance regarding the pre-hearing exchange of exhibits, and respectfully suggest that same-day delivery of exhibits to the Court and to opposing counsel is appropriate.

I have copied Andy Shen, attorney for the Kingdom, and Gabrielle Friedman, attorney for Mr. Fawcett, on this email.

Respectfully Submitted,


Lisa Frey
**KIRSCH & NIEHAUS**
**O:** 212-832-0170
**M:** 917-565-1066

RE: In Re Terrorist Attacks on September 11, 2001: Exhibit Deliveries for Monday's Hearing

Shen, Andrew C. <ashen@kellogghansen.com>

Fri 10/29/2021 4:37 PM

To: Lisa Frey <lisa.frey@kirschniehaus.com>; rachel_slusher@nysd.uscourts.gov <rachel_slusher@nysd.uscourts.gov>

Cc: 'Gabrielle Friedman' <GFriedman@lswlaw.com>; Emily Kirsch <emily.kirsch@kirschniehaus.com>; Paul Niehaus <paul.niehaus@kirschniehaus.com>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Rapawy, Gregory G. <grapawy@kellogghansen.com>; Hansen, Mark C. <mhansen@kellogghansen.com>

Ms. Slusher:

This firm represents the Kingdom of Saudi Arabia.  We read the Court's order to direct the parties to provide advance copies of the exhibits to the Court, but not to each other.  That would be consistent with the usual practice for cross exhibits, which in our experience are not shown to the witness in advance of the hearing.  We disagree with Ms. Frey's characterization of our actions as an unauthorized *ex parte* communication, because the Court's order requires the submission of exhibits.  We will of course comply with any further direction or guidance the Court may provide.

Respectfully Submitted,

Andrew C. Shen
Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Direct:  (202) 326-7963
Fax:  (202) 326-7999

The above communication contains information that may be confidential and/or privileged. Except for use by the intended recipient, or as expressly authorized by the sender, any person who receives this information is prohibited from disclosing, copying, distributing, and/or using it. If you have received this communication in error, please immediately delete it and all copies, and promptly notify the sender at the above telephone number or electronic mail address. Nothing in this communication is intended to operate as an electronic signature under applicable law.

---

**From:** Lisa Frey [mailto:lisa.frey@kirschniehaus.com]
**Sent:** Friday, October 29, 2021 3:21 PM
**To:** rachel_slusher@nysd.uscourts.gov
**Cc:** Shen, Andrew C. <ashen@kellogghansen.com>; 'Gabrielle Friedman' <GFriedman@lswlaw.com>; Emily Kirsch <emily.kirsch@kirschniehaus.com>; Paul Niehaus <paul.niehaus@kirschniehaus.com>
**Subject:** [EXTERNAL] In Re Terrorist Attacks on September 11, 2001: Exhibit Deliveries for Monday's Hearing

Dear Ms. Slusher:

This firm represents Kreindler & Kreindler, LLP in connection with the above-referenced action.  Pursuant to the Court's Order of October 21, 2021 [ECF 7277] we are today delivering to the Court two binders of our exhibits for Monday's hearing.

Earlier today, by email, I asked Andy Shen, attorney for the Kingdom of Saudi Arabia, at what time today he would like the parties to exchange exhibits by electronic mail.  Mr. Shen

advised me that he will not be providing us with a copy of his exhibits until Monday morning.

We view the delivery of exhibits to the Court without a copy to the parties as an unauthorized ex parte communication with the Court, and the refusal to provide Kreindler & Kreindler with proposed exhibits prior to the hearing as unduly prejudicial and incompatible with appropriate due process.

We write to ask the Court's guidance regarding the pre-hearing exchange of exhibits, and respectfully suggest that same-day delivery of exhibits to the Court and to opposing counsel is appropriate.

I have copied Andy Shen, attorney for the Kingdom, and Gabrielle Friedman, attorney for Mr. Fawcett, on this email.

Respectfully Submitted,


Lisa Frey
**KIRSCH & NIEHAUS**
**O:** 212-832-0170
**M:** 917-565-1066

Exhibit Deliveries for Monday's Hearing

Netburn NYSD Chambers <Netburn_NYSDChambers@nysd.uscourts.gov>
Fri 10/29/2021 7:52 PM

To: ashen@kellogghansen.com <ashen@kellogghansen.com>; Lisa Frey <lisa.frey@kirschniehaus.com>; GFriedman@lswlaw.com <GFriedman@lswlaw.com>; Emily Kirsch <emily.kirsch@kirschniehaus.com>; Paul Niehaus <paul.niehaus@kirschniehaus.com>; mkellogg@kellogghansen.com <mkellogg@kellogghansen.com>; grapawy@kellogghansen.com <grapawy@kellogghansen.com>; mhansen@kellogghansen.com <mhansen@kellogghansen.com>

Good Evening Counselors,

Regarding the parties' email to Ms. Slusher this afternoon, parties are not required to exchange copies of exhibits with each other in advance of Monday's evidentiary hearing.

Best,
Sam



**Samuel Bieler**
Law Clerk to the Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007