EXHIBIT T

EXHIBIT 919
J. Winer
7/13/2021
Debra A. Dibble, RDR, CRR, CRC

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 892 | **DATE** | 2/3/2003 |
| **CASE TITLE** | UNITED STATES vs. ENAAM M. ARNAOUT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court does not find by a preponderance of the evidence that the government's *Santiago* proffer satisfies the requirements for admissibility under the co-conspirator exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E). Defendant's objections to the proffer are moot. **ENTER MEMORANDUM OPINION AND ORDER.**

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 4 - 2003 | |
| ✓ | Notified counsel by telephone. | | date docketed | 168 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 2/3/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CB | courtroom deputy's initials | 03 FEB -3 PM12:39 | PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 CR 892 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| ENAAM M. ARNAOUT, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
FEB 4 2003

## MEMORANDUM OPINION AND ORDER

The government has submitted a 101-page proffer and 248 exhibits[1] to support its request for a pretrial determination that the proffered materials are admissible under the co-conspirator exception to the hearsay rule. *See* Fed. R. Evid. 801(d)(2)(E); *United States v. Santiago*, 582 F.2d 1128, 1134 (7th Cir. 1978). Defendant Enaam Arnaout objects to the proffer.

**The Conspiracies**

Three distinct conspiracies are presented in the second superseding indictment. There are significant differences in the nature and goals of the three charged conspiracies. Count One alleges a racketeering conspiracy under 18 U.S.C. § 1962(c). The alleged racketeering acts are mail fraud, wire fraud, obstruction of justice and money laundering. This conspiracy allegedly began in 1992, ended in May 2002, and took place in Palos Hills, Worth, other locations in the Northern District of

---

[1] In its reply to objections to its proffer, the government has withdrawn a substantial portion of its exhibits.

1

168

Illinois and "elsewhere." The alleged co-conspirators are Adel Batterjee "and others" associated with the BIF [Benevolence International Foundation] enterprise.

Count Two alleges a conspiracy under 18 U.S.C. § 371 to provide material resources to groups that include al Qaeda, Hezb e Islami, the Sudanese Popular Defense Force "and others" engaged in violent confrontations in Chechnya and Sudan, in violation of 18 U.S.C. §§ 956(a)(1) and 2339A. This conspiracy allegedly began in September 1994, ended in May 2002, and took place in the Northern District of Illinois and "elsewhere." None of the co-conspirators are identified.

Count Four alleges a conspiracy under § 1956(h) to conduct financial transactions involving proceeds of unlawful activities, namely mail fraud and wire fraud, with the intent to promote those crimes, as well as to provide material support to organizations involved in violent activities; and to transfer funds from within the United States to outside the United States with intent to give material support to organizations engaged in violent activities. The life of this conspiracy was allegedly from April 1996 until May 2002, and took place in Palos Hills, Worth, other locations in the Northern District of Illinois and "elsewhere." The co-conspirators are unidentified.

**Analysis**

In order to satisfy the co-conspirator exception to the hearsay rule, the government must establish by a preponderance of the evidence that a conspiracy existed; that the defendant and the declarant were both members of the *same* conspiracy; and that the proffered statements were made during the course of and in furtherance of *that* conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Gajo,* 290 F.3d 922, 928 (7th Cir. 2002). Although the *Santiago* proffer acknowledges the correct standard, the proffer is devoid of analysis linking proffered hearsay to a specific conspiracy. In fact, the proffer consistently refers to "conspiracy" in only the singular

2

form. *See, e.g.,* Table of Contents at pp. 2-3 (references to "the conspiracy"). Therefore, it is speculative for the court to conclude whether a particular statement was in furtherance of a specific conspiracy or joint venture. *United States v. Coe,* 718 F.2d 830, 835-36 (7th Cir. 1983). And apparently the identity of co-conspirators [except for Batterjee] may only be discerned from the hearsay statements themselves. Even then, the authors are not always identified. Dates often cannot be discerned from documents, so it is problematic to determine whether a statement occurred during and in furtherance of the 1992-2002 RICO conspiracy [Count One], the 1994-2002 material support conspiracy [Count Two] or the 1996-2002 money laundering conspiracy [Count Four].

Given the insufficiency of the *Santiago* proffer, the court cannot find by a preponderance of the evidence that the proffered statements are admissible under the co-conspirator exception to the hearsay rule before trial. The court need not address defendant's various objections at this time.

February 3, 2003                    ENTER:

                                    *Suzanne B. Conlon*
                                    Suzanne B. Conlon
                                    United States District Judge

3