```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-1570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Faulkner v. Bin Laden et al., No. 09-cv-07055

On November 10, 2021, the Court held a hearing to determine how this litigation should proceed given the apparent collapse of the Islamic Republic of Afghanistan and the withdrawal of the Republic's counsel. This Order sets the schedule for further proceedings based on that hearing.

At the time of the Republic's disintegration, there was (and remains) a fully briefed motion for summary judgment pending. ECF Nos. 164, 177, 180. That briefing suggests that a key factual dispute is if the Taliban was the government of Afghanistan during a period from 1996 to 2001. Compare ECF No. 165 at 34 ("[T]he Taliban was not the de facto government of [Afghanistan] during the relevant period. As such, its actions cannot be attributed to the Republic.") with ECF No. 177 at 17 ("[T]he evidence confirms[] that the Taliban regime was in 'de facto' control of Afghanistan from 1996 through December 2001.")

Notwithstanding this fully briefed motion, the Plaintiffs suggest that the appropriate next step is to move to default proceedings. Those proceedings, however, might still require consideration of the questions raised in that summary judgment motion. See 28 U.S.C. § 1608(e) ("No judgment by default shall be entered by a court of the United States or of a State against a

foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.") Additionally, assuming default proceedings should be initiated, it remains important to know whether the Republic, even if it has defaulted, remains the appropriate entity to charge with representing the Afghan state. Title 28, § 1608(e) of the U.S. Code for example, requires that a default judgment be sent to the foreign state, making it important for the integrity of these proceedings that the Court attempt to learn what entity is authorized to represent Afghanistan.

Furthermore, the Court recognizes that the questions of Afghanistan's government both today and from 1996 to 2001, may involve extremely delicate diplomatic considerations. "The conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative—'the political'—departments of the government . . . ." Oetjen v. Cent. Leather Co., 246 U.S. 297, 302 (1918). Moreover, "the power to recognize foreign states resides in the President alone . . . ." Zivotofsky ex rel. Zivotofsky v. Kerry, 576 U.S. 1, 28 (2015). Indeed, "recognition of foreign governments so strongly defies judicial treatment that without executive recognition a foreign state has been called 'a republic of whose existence we know nothing….'" Baker v. Carr, 369 U.S. 186, 212 (quoting United States v. Klintock, 18 U.S. 144, 149 (1820)). The government has already stated that it plans to file a statement of interest related to assets held in the Federal Reserve Bank of New York by Da Afghanistan Bank, the Afghan central dank. ECF No. 7268. This suggests that the government may also have an interest in other proceedings in this multidistrict litigation that may adjudicate the rights and obligations of the Afghan state.

Accordingly, prior to advancing a case that may require it to opine on the past and present government of Afghanistan, prudence and interbranch comity urge that this Court give

the executive branch an opportunity, through 28 U.S.C. § 517, to say if it wishes to take a position. See, e.g., City of New York v. Permanent Mission of India to the United Nations, 446 F.3d 365, 377 n.17 (2d Cir. 2006) ("[A]fter briefing and argument by the parties, we solicited and have carefully considered the opinion of the United States in this matter, because the executive branch's views on matters implicating relations with foreign states are entitled to consideration."); see also Spectrum Stores, Inc. v. Citgo Petroleum Corp., 632 F.3d 938, 952 n.14 (5th Cir. 2011) ("As this case implicates complex and delicate issues of separation of powers and foreign policy, we requested a Statement of Interest from the United States under 28 U.S.C. § 517.")

Thus, the Court ORDERS the Plaintiffs to file a supplemental letter by December 10, 2021, addressing (1) whether the Court should (or must) resolve the motion for summary judgment, and, if the recommendation is that the Court should not address the motion (2) whether a default is permissible notwithstanding the collapse of the Islamic Republic of Afghanistan and the emergence of the Islamic Emirate of Afghanistan. By that same date, the Plaintiffs' Executive Committees may either file an additional letter raising any other matters they deem necessary or join in the Plaintiffs' letter. Finally, by December 10, 2021, the government is ORDERED to file a letter stating whether it wishes to file a statement of interest in this matter and if so, to propose a schedule for doing so.

## CONCLUSION

The Plaintiffs shall file the supplemental letter directed in this Order by December 10, 2021. The PECs may either join in that letter or file a supplemental letter of their own by the same date. Additionally, by that date, the government shall file a letter stating if it wishes to file a statement of interest and if so, to propose a schedule for doing so.

4

The Clerk of the Court is respectfully directed to send one copy of this order by mail to the U.S. Attorney's Office for the Southern District of New York at 86 Chambers Street, New York, NY 10007. This Court's chambers will also send one copy of this order by email to Assistant United States Attorney Jeannette Anne Vargas and Assistant United States Attorney Sarah Normand.

Finally, all parties are reminded that any materials filed in this matter must also be filed on the MDL docket at 03-md-1570.

**SO ORDERED.**

DATED:    New York, New York
                November 15, 2021

_____
SARAH NETBURN
United States Magistrate Judge

cc:    Jeannette Vargas (by email)
       Sarah Normand (by email)