KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

---

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 16, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this reply in support of its letter-motion, ECF No. 7327, to admit exhibits into evidence and to supplement the record. Kreindler & Kreindler's opposition, ECF No. 7337, confirms (at 1 n.1) that Kreindler & Kreindler does not oppose the admission of the 34 exhibits set forth in ¶ 1 of Saudi Arabia's letter-motion. The opposition addresses only 12 of the 14 remaining exhibits.* It does not object to KSAX-0031, which is correspondence from counsel, and it contains no argument about KSAX-0151, John Fawcett's Second Amended Privilege Log of Withheld Materials. The 36 unopposed and the 12 opposed exhibits should all be admitted.

      **1.**      The opposition focuses on authenticity. The objections are purely technical; there is no showing that any exhibit is actually inauthentic. They are also meritless. Authentication requires only "evidence sufficient to support a finding that the item is what the proponent claims it is," Fed. R. Evid. 901(a), and this Court has "broad discretion" to make such findings, *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999). The Second Circuit has "often commented" that "'[t]he bar for authentication of evidence is not particularly high'" and "proof of authentication may be direct or circumstantial." *United States v. Al-Moayad*, 545 F.3d 139, 172 (2d Cir. 2008) (quoting *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007)) (brackets in original).

      Contrary to Kreindler & Kreindler's contention (at 2-3), there is no rule against using an attorney declaration to establish authenticity. Attorney declarations can establish circumstances

---

      * The opposition says (at 1 n.1) it is objecting to "eleven" exhibits, apparently counting "KSAX 0012 (and its corrected version, KSAX 0151)" (italics omitted) as a single exhibit. KSAX-0151 is not a corrected version of KSAX-0012. Saudi Arabia interprets the objection to apply to KSAX-0012 and its corrected version *KSAX-0152* and responds accordingly.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
November 16, 2021
Page 2

that support authenticity, such as whether a document came from a particular Internet source or whether a document was produced in discovery.  *See*, *e.g.*, *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 297-99 (S.D.N.Y. 2012) (accepting attorney declaration that website printouts were authentic); *Commercial Data Servers, Inc. v. IBM Corp.*, 262 F. Supp. 2d 50, 58-59 (S.D.N.Y. 2003) (accepting attorney declaration that "documents are true and correct copies of [discovery] responses" as "testimony by a witness with knowledge of what the firm received from its opponent in response to legitimate discovery requests"); *Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 306-07 (S.D.N.Y. 2011) (accepting attorney declaration combined with other "circumstantial evidence of admissibility").  That is what Saudi Arabia has done here.

Kreindler & Kreindler's cases (at 2) do not help it.  *Kamen v. AT&T Co.*, 791 F.2d 1006 (2d Cir. 1986), rejected an attorney declaration that made a "crucial statement" on a substantive matter.  *Id.* at 1011 (describing attorney's declaration that his client "receive[d] no federal financial assistance").  *Really Good Stuff, LLC v. BAP Invs., L.C.*, 2021 WL 2469707 (S.D.N.Y. June 17, 2021), rejected an attorney's attempt to authenticate an undated screenshot he did not take.  *See id.* at *4.  The screenshot at issue here is date-stamped and time-stamped, and it was personally taken by the declarant.  *See* ECF No. 7327-1, ¶ 9.  *Novak v. Tucows, Inc.*, 2007 WL 922306 (E.D.N.Y. Mar. 26, 2007), *aff'd*, 330 F. App'x 204 (2d Cir. 2009), rejected Internet-sourced documents for multiple reasons, including that they were hearsay offered for their truth and some were from third-party archives.  *See id.* at *5.  This case presents no similar problems.

**2.a.**     KSAX-0012, John Fawcett's text message exchange used at the hearing, and KSAX-0152, a later corrected version, are authentic.  Fawcett's counsel produced these documents bearing particular Bates numbers.  ECF No. 7327-1, ¶¶ 4, 16; *see Commercial Data Servers*, 262 F. Supp. 2d at 58-59.  Their "appearance" and "contents," Fed. R. Evid. 901(b)(4), including the Bates numbers, suggest their authenticity.  Kreindler & Kreindler received the production and does not suggest that KSAX-0012 or KSAX-0152 are not true copies.  The record reflects that Fawcett's counsel retained an independent third-party forensic discovery vendor to search for and produce these documents.  *See* ECF No. 7280 (description of vendor's process).  Those "circumstances," Fed. R. Evid. 901(b)(4), all show authenticity.

**b.**     KSAX-0018, the transcript of the YouTube video of James Kreindler's Dartmouth speech, is authentic.  Kreindler was cross-examined about relevant passages and did not deny that the video shows him speaking.  *See*, *e.g.*, Tr. 49:4-5 ("[W]hat I was talking about is the public 2012 review.").  He also admitted key statements from the speech, such as his reference to "these disgusting protective orders imposed upon us by the Department of Justice with the blessing of the court."  Tr. 29:10-13; *see* KSAX-0018, at 12-13 (17:14-22) (same).

**c.**     KSAX-0023, the letter from counsel for Fawcett, is undisputedly authentic.  Kreindler & Kreindler objects that it is hearsay.  In assessing John Hartney's credibility, the Court may give what weight it finds appropriate to the fact that Fawcett's counsel identified a cloud-based storage that Fawcett used but of which Hartney had never heard.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
November 16, 2021
Page 3

      **d.**      KSAX-0038, the webpage describing the *Conspiracyland* podcast, is authentic. Where a webpage is offered not for its substance but merely to show it was on the Internet, counsel can authenticate it. *See Lebewohl*, 890 F. Supp. 2d at 298. *Disney Enterprises, Inc. v. Sarelli*, 322 F. Supp. 3d 413 (S.D.N.Y. 2018), on which Kreindler & Kreindler relies (at 6), involved unauthenticated webpages offered to show acts of copyright infringement. *See* 322 F. Supp. 3d at 443; *see also United States v. Vayner*, 769 F.3d 125, 131 (2d Cir. 2014) (page offered as admission to prove a defendant's alias). Saudi Arabia offers KSAX-0038 only to show how easily Andrew Maloney could have found out that Catherine Hunt appeared on Isikoff's July 10, 2021 podcast.

      **e.**      KSAX-0067 and KSAX-0068, the screenshot of Fawcett's Dropbox account and cover email, are authentic. The screenshot was taken by the declarant personally. *See* ECF No. 7327, ¶ 9. Kreindler & Kreindler claims (at 7 n.5) it did not have the opportunity to ask follow-up questions about termination of Fawcett's Dropbox access, but in fact it did try to elicit such evidence. *See* Tr. 193:17-194:5. In any event, that has nothing to do with authenticity.

      **f.**      KSAX-0079 is "[p]rinted material purporting to be a newspaper or periodical," Fed. R. Evid. 902(6), and so is self-authenticating under the plain language of Rule 902(6). *Tucows*, on which Kreindler & Kreindler relies (at 8), did not consider that rule – likely because it had other reasons to exclude the challenged materials. *See* 2007 WL 922306, at *5.

      **g.**      KSAX-0101 is authentic. It is an email exchange that Kreindler & Kreindler itself produced during discovery. The Rapawy Declaration identifies it by Bates number. *See* ECF No. 7327-1, ¶ 11. Counsel for Kreindler & Kreindler does not deny it is the same document. She cannot object that a document she herself produced is inauthentic. *See Faulkner*, 797 F. Supp. 2d at 307 (rejecting a similar objection as "teeter[ing] on the edge of sanctionable").

      **h.**      KSAX-0136 and KSAX-0139 are authentic. They are Fawcett's phone and Signal records, produced by Fawcett's counsel, *see* ECF No. 7327-1, ¶¶ 12, 13, with the assistance of the independent third-party vendor. The Court may also compare them to KSAX-0134, KSAX-0135, and KSAX-0138, which were admitted and are undisputedly authentic. *See* Fed. R. Evid. 901(b)(3) (permitting "comparison with an authenticated specimen by . . . the trier of fact").

      **i.**      KSAX-0150, Fawcett's Signal message exchange with Isikoff used at the hearing, is authentic. Like the other exhibits above, it was produced by Fawcett's counsel, *see* ECF No. 7327-1, ¶ 14, working with the independent vendor. Rule 901(b)(3) also permits the Court to compare KSAX-0150 to KSAX-0082, which was admitted and is undisputedly authentic.

      We agree with Kreindler & Kreindler's acknowledgment (at 8) that contempt is "serious" and "grav[e]." But that does not make every objection serious merely because it is asserted to block a contempt finding. Kreindler & Kreindler's authenticity complaints – made by counsel who has now had two weeks to investigate, yet does not point to the smallest piece of evidence that even one of those documents is not what it purports to be – are not serious ones.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 16, 2021
Page 4

> Respectfully submitted,
>
> /s/ *Michael K. Kellogg*
>
> Michael K. Kellogg
> *Counsel for the Kingdom of Saudi Arabia*

cc: All MDL Counsel of Record (via ECF)