UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:

*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD) (SN)

**THE MOVING PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT AS TO DAMAGES**

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email:  jgoldman@andersonkill.com
          bstrong@andersonkill.com
          agreene@andersonkill.com
*Attorneys for Plaintiffs*

Dated:   New York, New York
         November 17, 2021

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ........................................................................................................................ 1

I.   Procedural Background ..................................................................................................... 3

     A.   Applicable Orders ................................................................................................. 3
     B.   Related Cases ........................................................................................................ 3
     C.   *O'Neill* Plaintiffs Herein - Liability ..................................................................... 6
     D.   Motions to Correct Errors/Motions for Substitution/Notices of
          Amendment ........................................................................................................... 8

          1.   Motions to Correct Errors ......................................................................... 8

          2.   Motions for Substitution ........................................................................... 8

II.  Damages – Governing Law ............................................................................................... 9

     A.   Background ........................................................................................................... 9
     B.   Pain and Suffering Damages For Estates ............................................................ 10
     C.   Economic Damages For Estates .......................................................................... 11
     D.   Punitive Damages ............................................................................................... 13
     E.   Prejudgment Interest ........................................................................................... 14

III. Conclusion ....................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v. Socialist People's Libyan Arab Jamahirya*,
   775 F. Supp. 2d 48 (D.D.C. 2011) ..........................................................................................14

*Est. of Heiser v. Islamic Republic of Iran*,
   466 F. Supp. 2d 229 (D.D.C. 2006) ..........................................................................................4

*Flatow v. Islamic Republic of Iran*,
   999 F. Supp. 1 (D.D.C. 1998) ................................................................................................11

*Roth v. Islamic Republic of Iran*,
   78 F. Supp. 3d 379 (D.D.C. 2015) .........................................................................................11

*In re Sept. 11 Litig.*,
   802 F.3d 314 (2d Cir. 2015) ...................................................................................................14

*Valore v. Islamic Republic of Iran*,
   700 F. Supp. 2d 52 (D.D.C. 2010) .........................................................................................11

**Statutes**

28 U.S.C. § 1605 ..............................................................................................................4, 9, 11, 13

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, 115
Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101) .......................................................14

## INTRODUCTION

For the reasons set forth below, the statements contained in the Declaration of Jerry S. Goldman, Esq., with Exhibits appended thereto ("Goldman Declaration"), which is being filed contemporaneously with this Memorandum of Law, as well as those set forth in prior motions for damages made on behalf of other *O'Neill* wrongful death plaintiffs, certain plaintiffs in the above-captioned matters who are identified in annexed Exhibits B-1 to B-7 (collectively, "Exhibits B")[1,2] to the Goldman Declaration (the Plaintiffs identified in annexed Exhibits B are collectively referred to herein as the "Moving Plaintiffs") by and through their counsel, Anderson Kill, P.C., respectfully move this Court for an Order:

(1) awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Plaintiffs set forth in annexed Exhibits B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in annexed Exhibits B; AND,

(2) awarding compensatory damages to those Plaintiffs identified in annexed Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in annexed Exhibits B; AND,

(3) awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in annexed Exhibits B, an award of economic damages in the amounts as set forth in annexed Exhibits B; AND,

---

[1] There are no individual solatium claimants, hence no Exhibits A.

[2] There are no claimants added by Notice of Amendment, hence no Exhibits C.

(4) awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(5) granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(6) granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibits B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.[3,4]

This motion is made only on behalf of the Moving Plaintiffs.

As the awards set forth in the attached Proposed Order represent the only direct recovery against Iran on behalf of the Moving Plaintiffs for the claims herein, any award issued to those individuals will constitute final awards and judgments against Iran for the Moving Plaintiffs.

---

[3] The plaintiffs listed in annexed Exhibits B are the personal representatives of a 9/11 decedent. In all cases, they are submitting claims for compensatory damages as a result of the 9/11 decedent's death. Where there are expert reports submitted with the Goldman Declaration demonstrating economic losses as a result of death, as outlined therein and herein, the personal representatives are additionally seeking economic damages in the amounts set forth in annexed Exhibits B. Those personal representatives who, at this time, are seeking to solely recover compensatory damages for pain and suffering are specifically reserving their right to seek an additional judgment, at a future date, for economic damages, based upon then-submitted evidence. As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the decedent. Goldman Declaration at ¶¶ 4-14, 20-28.

[4] Annexed Exhibits B only include plaintiffs who will be submitting U.S. Victims of State Sponsored Terrorism Fund applications for the next tranche. The remaining plaintiffs have either already filed a motion for damages or intend to file a similar motion seeking damages at a later date.

## I. PROCEDURAL BACKGROUND

### A. Applicable Orders

This motion is being submitted in accordance with various procedural orders entered by this Court, and the form of this motion and the relief requested herein are intended to comply with various orders of this Court, including the following:

    a. The Court's January 24, 2017 Order, ECF No. 3435,[5] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b. The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

    c. The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

    d. The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

    e. The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

    f. The Court's August 23, 2021 Order, ECF No. 7067, setting forth procedures as for filing confidential information relating to damages under seal.

### B. Related Cases

Relying on evidence and arguments[6] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the

---

[5] All ECF numbers are to the MDL docket unless stated otherwise.

[6] In each of the Orders of Judgment regarding plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December

September 11th attacks, this Court on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of certain of the *Havlish*, *Ashton*, *O'Neill*, *Federal Insurance*, and *Hoglan* groups of plaintiffs against Iran (*See* ECF Nos. 2516, 3014, 3016, 3020, 3020-23).  Subsequently, other liability findings were made for additional *O'Neill* plaintiffs. After granting *Havlish* plaintiffs' Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the *Havlish* plaintiffs' submissions, on October 3, 2012 this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium…in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, …family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the following solatium awards for family members are appropriate, as an upward departure from the framework in *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

| **Relationship of Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2623 at 4.

The Court has applied the same solatium values to claims of other solatium plaintiffs in *Burnett* (ECF Nos. 3666, 4023, 4126, 4146, 4175, 5061, 5062, 5087, 5138, and 5356) and other

---

15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

solatium plaintiffs in other cases coordinated in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation. *See*, e.g., ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, and 3977 at 7.

In that same decision in *Havlish*, this Court also found that Plaintiffs are entitled to punitive damages under the Foreign Sovereign Immunities Act ("FSIA") in an amount of 3.44 multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that 3.44 multiplier also to judgments in *Ashton*. *See* ECF No. 3175, at 3 (Report and Recommendation to apply 3.44 punitive multiplier); ECF No. 3229 at 1 (Order adopting in its entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the 3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No. 3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF Nos. 3358 at 11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the Plaintiffs' solatium damages. ECF No. 2623 at 5.  The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. ECF No. 3175 at 7-8.  Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and *Bauer*. *See* ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all

5

solatium claims. ECF Nos. 3358 at 17-20; 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6. The Court applied that interest rate, 4.96 percent per annum, to other plaintiffs' awards in *Burnett*.

### C.   *O'Neill* Plaintiffs Herein - Liability

Plaintiffs herein filed suit and duly served Iran. The Clerk's Office, upon Plaintiffs' applications, issued Clerk's Certificates of Default.

As set forth below, the Moving Plaintiffs filed motions for default judgments against Iran for liability. Such motions were sought, with leave to seek a determination of damages at a later date.

| | | |
|---|---|---|
| **NAME OF CASE:** | *BNY Mellon, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:19-cv-11767 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
| | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| | | |
| **NAME OF CASE:** | *Deborah Bodner, et al. v. Islamic Republic of Iran*, | |
| | CASE NO: | No. 1:19-cv-11776 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
| | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| | | |
| **NAME OF CASE:** | *August Bernaerts, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:19-cv-11865 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |

|  |  |  |
|---|---|---|
|  | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
|  | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| **NAME OF CASE:** | *Ber Barry Aron, et al. v. Islamic Republic of Iran* | |
|  | CASE NO: | No. 1:20-cv-09376 (GBD) (SN) |
|  | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
|  | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
|  | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
|  | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| **NAME OF CASE:** | *Jeanmarie Hargrave, et al. v. Islamic Republic of Iran* | |
|  | CASE NO: | No. 1:20-cv-09387 (GBD) (SN) |
|  | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
|  | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
|  | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
|  | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| **NAME OF CASE:** | *Paul Asaro, et al. v. Islamic Republic of Iran* | |
|  | CASE NO: | No. 1:20-cv-10460 (GBD) (SN) |
|  | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
|  | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
|  | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
|  | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
| **NAME OF CASE:** | *Michael Bianco, et al. v. Islamic Republic of Iran* | |
|  | CASE NO: | No. 1:20-cv-10902 (GBD) (SN) |
|  | DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
|  | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
|  | DATE ORDER DETERMINING LIABILITY: | N/A (motion is pending) |

| | ECF NO. OF ORDER DETERMINING LIABILITY: | N/A (motion is pending) |
|---|---|---|

**D.     Motions to Correct Errors/Motions for Substitution/Notices of Amendment**

**1.     Motions to Correct Errors**

Certain of the within Plaintiffs requested that the Complaint be amended to correct certain minor errors as set forth below.

| CASE NAME: | *August Bernaerts, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:19-cv-11865 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 10/05/2021 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 7174 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 10/07/2021 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 7225 |
| PLAINTIFF: | John Boffa, as the Co-Personal Representative of the Estate of Mary Catherine Boffa, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Mary Catherine Boffa | |

**2.     Motions for Substitution**

Certain of the within Plaintiffs filed motions to substitute parties as set forth below.

| CASE NAME: | *Ber Barry Aron, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:20-cv-09376 (GBD) (SN) |
| | DATE OF MOTION TO SUBSTITUTE: | 10/05/2021 |
| | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 7199 |
| | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 10/07/2021 |
| | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 7238 |

| | |
|---|---|
| **PLAINTIFFS:** | Lynn A. Faulkner as Personal Representative of the Estate of Wendy Faulkner, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Wendy Faulkner |
| | Maria Rich as Personal Representative of the Estate of Paul Innella, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Innella |

## II.     DAMAGES – GOVERNING LAW

### A.     Background

Section 1605A of the FSIA permits a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency.  28 U.S.C. § 1605A(a)(1).  The statute specifies that damages are available "for personal injury or death," § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." § 1605A(c)(4).  Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages."  ECF No. 2623 at 2-3 (quoting *Valore*, 700 F. Supp. 2d at 83).

Plaintiffs identified in annexed Exhibits B are comprised of the estates of victims who perished on 9/11, in claims asserted by their personal representatives, as demonstrated by documentary evidence in the form of official documents from probate and administration proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies. *See* Goldman Declaration at ¶¶ 4-14, 20-28.

With respect to each plaintiff in annexed Exhibits B, the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the 9/11 decedent estate.

Although liability is pending in these matters, upon the granting of said applications, each Moving Plaintiff submits it is entitled to damages in the amounts set forth in annexed Exhibits B, which reflect the damage amounts previously established and applied by this Court in this and other related cases arising from the terrorists attacks on September 11, 2001 (the "9/11 Attacks") or based upon expert economic reports submitted herewith. In accordance with the terms of the FSIA, the Moving Plaintiffs are entitled to compensation under Section 1605A for their solatium, pain and suffering, and economic damages, as applicable, and are also entitled to prejudgment interest. Further, each moving party estate of a 9/11 decedent is now entitled to compensatory damages for pain and suffering, as set forth in annexed Exhibits B, which are the same amounts as previously established by the Court in related cases arising from the 9/11 Attacks. Finally, such moving party estates of 9/11 decedents who have tendered expert economic reports at this time, as identified herein, in the Goldman Declaration, and in annexed Exhibits B, are entitled to economic damages.

B.    **Pain and Suffering Damages For Estates**

As noted above, the plaintiffs identified in annexed Exhibits B include the personal representatives of the estates of individuals who were killed in the 9/11 Attacks, which seek compensatory damages for the decedent's pain and suffering. This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. ECF Nos. 2618 at 7-9.

For the reasons articulated by this Court previously, the above stated Estates as set forth in annexed Exhibits B respectfully request that the Court grant awards for the decedent's pain

and suffering in the amount of Two Million Dollars ($2,000,000) per estate. *See Id.* at 9; ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate).  *See* Goldman Declaration at ¶ 20.

    **C.**    **Economic Damages For Estates**

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c).  The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are]…entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore*, 700 F. Supp. 2d at 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp. 2d at 229.  Thus, for example, United States District Court Judge Royce C. Lamberth, in a series of decisions issuing final judgments Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp. 2d at 78.[7]

Previously, this Court awarded economic damages in prior Iran cases for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports.

Certain of the Estates set forth in annexed Exhibits B and as specifically identified and set forth therein, and which provided economic expert reports, transmitted to the Court in the

---

[7] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Valore*, 700 F.Supp. 2d at 82.

Goldman Declaration, seek economic damages, similar to the plaintiffs in the prior Iran cases in this Court under the standards set in the District of Columbia cases cited herein. Goldman Declaration at ¶¶ 21-28.

As described at length in the Goldman Declaration, in these cases, plaintiffs retained the services of an expert, John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University ("Expert"), to evaluate the economic losses resulting from decedent's death as a result of the 9/11 Attacks. Goldman Declaration at ¶¶ 21-28.

As described in more detail in the Goldman Declaration, and the Expert's Declaration (which is Exhibit D to the Goldman Declaration), we obtained, generally through a Freedom of Information Act ("FOIA") request, entire September 11th Victim Compensation Fund ("VCF") files for a substantial number of the *O'Neill* plaintiffs.[8] Those files, along with other materials provided by the clients, contained various economic expert reports, VCF applications, VCF work papers and distribution plans, VCF determinations, underlying economic documents, and the like. Using methodology and assumptions described in his declaration, relying on earlier expert reports, determinations by the VCF, and other documents, the Expert prepared up-to-date economic loss expert reports, copies of which are deemed appended to the Expert's Declaration (Exhibit D) and are being provided to the Court under Seal ("Expert Reports"). Goldman Declaration at ¶¶ 21-28. *See* August 23, 2021 Order, ECF No. 7067.

Based on the foregoing, the Moving Plaintiffs respectfully ask that this Court award economic damages to the estate set forth in annexed Exhibits B in the amounts stated therein, as supported by the Expert Reports.

---

[8] We are still awaiting receipt of additional files which has adversely become impacted by both "normal" delays in receiving responses to FOIA requests and COVID.

### D. Punitive Damages

Plaintiffs are also entitled to punitive damages under the FSIA. 28 U.S.C. § 1605A(c)(4). In the *Havlish* Report and Recommendation on damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date. *See*, e.g., ECF No. 3666 (Judge Daniels' Order in *Burnett* authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

13

### E. Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment. ECF No. 2618 at 13-14. This Court, recognizing that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343 (2d Cir. 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest. *Id.* Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as

14

opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks. *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29. Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. ECF No. 3384 at 6. Thereafter, in *Burnett/Iran II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to prejudgment interest, the Moving Plaintiffs respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

### III.    CONCLUSION

For all of the reasons herein, the Goldman Declaration, in the papers previously submitted to this Court in support of damages against Iran in this MDL, and as previously decided by this Court, and upon the granting of determination as to liability, the Moving Plaintiffs respectfully request that this Honorable Court enter an Order:

> (1) awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in annexed Exhibits B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the 9/11 Attacks, as set forth in annexed Exhibits B; AND,

(2)     awarding compensatory damages to those Moving Plaintiffs identified in annexed Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in annexed Exhibits B; AND,

(3)     awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in annexed Exhibits B, an award of economic damages in the amounts as set forth in annexed Exhibits B; AND,

(4)     awarding the Moving Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(5)     granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(6)     granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibits B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Dated:   New York, New York           Respectfully submitted,
         November 17, 2021
                                       /s/ Jerry S. Goldman

                        ANDERSON KILL P.C.
                        Jerry S. Goldman, Esq.
                        Bruce E. Strong, Esq.
                        Alexander Greene, Esq.
                        1251 Avenue of the Americas
                        New York, NY 10020
                        Tel:  (212) 279-1000
                        Fax: (212) 278-1733
                        Email:  jgoldman@andersonkill.com
                                    bstrong@andersonkill.com
                                    agreene@andersonkill.com
                        *Attorneys for Plaintiffs*