KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 18, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this reply in support of its letter-motion for an order directing Kreindler & Kreindler LLP ("Kreindler & Kreindler") to produce communications between Elizabeth ("Liz") Crotty and the Kreindler & Kreindler witnesses who testified at the November 1 and 2, 2021 hearing, ECF No. 7328.

      The evidence at the November 1 and 2 hearing showed that communications between Crotty and Kreindler & Kreindler witnesses between July and September 2021 are relevant to key issues: whether any Kreindler & Kreindler attorneys (i) actually knew before September 27, 2021, that John Fawcett had leaked the Musaed Al Jarrah transcript to Michael Isikoff; (ii) were willfully blind to Fawcett's actions; (iii) acted to cover up that leak; or (iv) made false statements to the Court. Those communications are clearly responsive to Saudi Arabia's Requests for Production Nos. 1 and 2, ECF No. 7215-1, at 3. Kreindler & Kreindler should already have produced them under the Court's October 21, 2021 Order and should do so now.

      **1.**      Kreindler & Kreindler all but confirms that it did not search for communications between its witnesses and Crotty – and that it will not do so absent a Court order. It asserts in its opposition (ECF No. 7359, at 3-4), as it did during the parties' meet-and-confer discussions,[*] that it has complied with its discovery obligations. But it fails to represent, because it cannot, that it has actually searched for communications between its witnesses and Crotty. The Court should direct Kreindler & Kreindler to produce all communications and telephone logs reflecting communications between any of the named witnesses and Crotty during the relevant period.

---

      [*] *See* Ex. 1 (showing counsel's refusal to state whether she has searched for and produced communications and phone history between the named witnesses and Crotty).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 18, 2021
Page 2

     **2.**    Kreindler & Kreindler's November 17 letter attaches a declaration of Steven Pounian discussing his participation in the phone calls with Kreindler and Fawcett on July 22, 2021. The contents of this belated declaration are hearsay. Kreindler & Kreindler was well aware when Pounian was called as a witness that the July 22 calls were at issue. *See* Tr. 83:24-86:12 (Kreindler's earlier testimony). Because Pounian was her client and witness, counsel for Kreindler & Kreindler was also presumably aware – as counsel for Saudi Arabia and the Court were not – that Pounian participated in the call. Kreindler & Kreindler thus could and should have elicited his testimony about the call at the November 1 and 2 hearing when Pounian was still subject to cross-examination.

     But the declaration – or, rather, the document it attaches – still sheds light on the present discovery dispute by contradicting Kreindler & Kreindler's representations that it has complied with its discovery obligations under the October 21 Order. The declaration states that on July 22, 2021, Pounian participated in the two calls that Kreindler had with Fawcett before and after Fawcett's call with Crotty. ECF No. 7359-1, ¶ 3. It further states that, on those calls, a topic of conversation was the "response to the email received the evening before from Saudi Arabia's counsel, Gregory Rapawy," which notified Kreindler & Kreindler that Saudi Arabia would file a motion for targeted discovery concerning the leak of the Al Jarrah transcript. *Id.*, ¶ 4; *see also* KSAX-0042, at 3-4. The Pounian declaration attaches a redacted cell phone call log purporting to show his participation in the July 22 calls between Fawcett and Kreindler.

     This phone record showing Pounian's participation in those calls is responsive to Saudi Arabia's Request for Production. Request No. 1 asked for "[a]ll documents and communications relating to the July 15, 2021 article written by Michael Isikoff, titled 'FBI tried to flip Saudi official in 9/11 investigation,'" and Request No. 2 asks for "[a]ll documents and communications relating to the leak of the confidential transcript of the Mussaed Al Jarrah deposition to Michael Isikoff." ECF No. 7215-1, at 3. Kreindler & Kreindler agreed to produce all documents responsive to these Requests, *see* ECF No. 7251, at 1, and the Court directed Kreindler & Kreindler to search for responsive documents, including "phone history" for the personal devices of each named witness, ECF No. 7277, at 5. Personal phone records showing calls discussing the July 15, 2021 Isikoff article and the leak of the confidential Al Jarrah transcript should have been produced prior to the hearing. They were not. Nor did Kreindler & Kreindler produce Kreindler's own phone records, which presumably show the same calls.

     **3.**    The Pounian declaration is also inconsistent with Fawcett's testimony concerning the July 22 calls. When questioned about the 46-minute 9:17 a.m. phone call with Kreindler on the morning of July 22, KSAX-0135, at 3, Fawcett testified that he could not "remember anything about what was said by [himself] or [Kreindler]" during the call, but that the call "would *not* have been relating to the leak to [sic] the Jarrah transcript." Tr. 446:9-447:1 (emphasis added). Pounian now testifies that the Rapawy e-mail about the leak – and Kreindler & Kreindler's response to that e-mail – *was* discussed on this call. As Saudi Arabia explained in its motion (at 2-3), Kreindler's and Fawcett's testimony regarding their two calls on July 22,

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
November 18, 2021
Page 3

along with Fawcett's shifting testimony regarding his call with Crotty on that same day, gives rise to the inference that Kreindler and Fawcett were attempting to conceal the contents of Kreindler's calls with Fawcett. Pounian's testimony contradicting Fawcett's testimony only creates more reason to think that what happened on the call was important and at least one witness has given false testimony about it. It thus underscores, rather than detracts from, the importance of checking for other contacts with Crotty.

    **4.** Kreindler & Kreindler errs in asserting (at 2) that Saudi Arabia should have raised the issue of its witnesses' communications with Crotty prior to the hearing. The evidence developed at the hearing showed the relevance of those communications, making it legitimate follow-up to raise the issue promptly afterwards, as Saudi Arabia did. *See* Ex. 1, at 2-3 (Nov. 5 e-mail). In any event, contrary to Kreindler & Kreindler's assertion (at 2), Saudi Arabia did question the sufficiency of Kreindler & Kreindler's production prior to the hearing, including whether Kreindler & Kreindler had searched witnesses' "phone histor[ies]" and whether it had produced all responsive documents. *See* Ex. 2, at 2. Kreindler & Kreindler's counsel responded by describing Kreindler & Kreindler's searches of "personal devices" and "billing records" and did not indicate that any responsive materials had been withheld. *See id.* at 1.

    The Court should also disregard Kreindler & Kreindler's assertion (at 4) that Saudi Arabia's motion is "designed to expose the Plaintiffs' work product." Kreindler & Kreindler has no basis to assert that communications between Kreindler & Kreindler witnesses and Crotty, who advised Fawcett personally about the leak, were the work product of the MDL Plaintiffs.

    **5.** Finally, Kreindler & Kreindler's letter lodges unfounded attacks (at 2-4) on undersigned counsel and our motives ("shameless[ ]," "misleading," "misrepresent[ations]," and so forth). We have previously addressed similar attacks made by Kreindler & Kreindler and shown them to be baseless. *See* ECF No. 7336, at 1. We believe the record speaks for itself concerning our conduct and that of Kreindler & Kreindler. Nor will Saudi Arabia address here Kreindler & Kreindler's characterization of the underlying facts established at the November 1 and 2 hearing, other than to make clear our disagreement. That disagreement will be fully set forth in Saudi Arabia's proposed findings of fact and conclusions of law.

                                          Respectfully submitted,

                                          /s/ *Michael K. Kellogg*

                                          Michael K. Kellogg
                                          *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)