# Exhibit 2

| | |
|---|---|
| **From:** | Lisa Frey |
| **To:** | Shen, Andrew C.; Kellogg, Michael K.; Rapawy, Gregory G.; Young, Christopher M.; Haefele, Robert |
| **Cc:** | Emily Kirsch; Michael Gerber; Carter, Sean; Flowers, Jodi; Gabrielle Friedman; John; Tarbutton, Joseph; bjastrow@lswlaw.com; Winnie Brandfield-Harvey |
| **Subject:** | [EXTERNAL] Re: Kreindler & Kreindler Production |
| **Date:** | Thursday, October 28, 2021 4:07:33 PM |
| **Attachments:** | image001.png |

Andy:

We write in response to your inquiry this morning regarding telephone communications with Mr. Isikoff.

Pursuant to Judge Netburn's October 21 Order, we contacted the Kreindler firm's vendor to search all calls associated with Kreindler firm's telephone account and Mr. Isikoff's number for the period 6/1/2021 to 10/5/2021.  No calls to 202-258-2535 were found.

Our vendor searched the personal devices of Andrew Maloney, Megan Benett, Jim Kreindler and Steven Pounian for  "personal email, text messages, iMessage, Signal, WhatsApp, phone history, voicemail." The only responsive text messages were those that were produced

Kreindler & Kreindler was also able to search billing records for the cell phones of Jim Kreindler, Megan Benett, and Andrew Maloney through August 18.  A search of the logs shows three calls to Jim Kreindler from Michael Isikoff. A redacted version of that call log, showing the calls from Mr. Isikoff's number, is being produced today.  To the extent we receive any later billing records from our client, we will continue our search for communications with Mr. Isikoff.

Regards,

Lisa Frey

**From:** Shen, Andrew C. <ashen@kellogghansen.com>
**Sent:** Thursday, October 28, 2021 10:16 AM
**To:** Winnie Brandfield-Harvey <winnie.brandfield.harvey@kirschniehaus.com>; Kellogg, Michael K. <mkellogg@kellogghansen.com>; Rapawy, Gregory G. <grapawy@kellogghansen.com>; Young, Christopher M. <cyoung@kellogghansen.com>

**Cc:** Emily Kirsch <emily.kirsch@kirschniehaus.com>; Lisa Frey <lisa.frey@kirschniehaus.com>; Michael Gerber <mgerber@lswlaw.com>; Carter, Sean <SCarter1@cozen.com>; Flowers, Jodi <jflowers@motleyrice.com>; Gabrielle Friedman <GFriedman@lswlaw.com>; John <jeubanks@motleyrice.com>; Tarbutton, Joseph <starbutton@cozen.com>; bjastrow@lswlaw.com <bjastrow@lswlaw.com>
**Subject:** RE: Kreindler & Kreindler Production

Emily -

We have reviewed the production that you sent last night.   The production does not appear to include any firm call logs documenting communications with Mr. Isikoff, as required by the Court's October 21, 2021 Order.  Can you please confirm that you have searched for and produced any such documents, if they exist.   The production also contains a small number of text conversations, all of which appear to be from Andrew Maloney, but it does not appear to contain other documents from personal devices.  Can you please confirm that you have searched all personal devices of the named witnesses, including all "personal email, text messages, iMessage, Signal, WhatsApp, phone history, voicemail" and produced all responsive documents as required by the Court's October 21, 2021 Order.

We would also like to discuss with you the designation of documents as Confidential and your position on the use of these documents at the hearing.

Regards,

Andy

---

**From:** Winnie Brandfield-Harvey <winnie.brandfield.harvey@kirschniehaus.com>
**Sent:** Wednesday, October 27, 2021 8:53 PM
**To:** Kellogg, Michael K. <mkellogg@kellogghansen.com>; Rapawy, Gregory G. <grapawy@kellogghansen.com>; Young, Christopher M. <cyoung@kellogghansen.com>; Shen, Andrew C. <ashen@kellogghansen.com>
**Cc:** Emily Kirsch <emily.kirsch@kirschniehaus.com>; Lisa Frey <lisa.frey@kirschniehaus.com>; Michael Gerber <mgerber@lswlaw.com>; Carter, Sean <SCarter1@cozen.com>; Flowers, Jodi <jflowers@motleyrice.com>; Gabrielle Friedman <GFriedman@lswlaw.com>; John <jeubanks@motleyrice.com>; Tarbutton, Joseph <starbutton@cozen.com>; bjastrow@lswlaw.com
**Subject:** [EXTERNAL] Kreindler & Kreindler Production

https://www.dropbox.com/t/2CfGkhQ31Fb7lHWR

Sent on Behalf of Emily Kirsch

Counsel :

Pursuant to Judge Netburn's October 21 Order (ECF 7277) (the "October 21 Order"), please find a link to the production of Kreindler & Kreindler. You will receive an email with a link to the production followed by a separate email with the password.

The Court has compelled the production of documents and material that may be protected by attorney-client privilege or the attorney work product doctrine. We have produced documents that do in fact include such protected information. The law is settled, however, that such Court compelled productions do not constitute waiver of any privileges or protections. *See, e.g., Pirrello v. Gateway Marina,* 2010 U.S.Dist. Lexis 145505, 2010 WL 9506732 (E.D.N.Y. Aug. 23, 2010) (U.S. Mag. Judge Go) ("disclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and **not compelled**.") (citations omitted) (emphasis added). *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC* 2009, U.S.Dist. Lexis 82301 (S.D.N.Y. September 8, 2009) (J. Scheindlin) (no waiver of the attorney-client privilege where the documents were produced pursuant to court order). For the avoidance of doubt, nothing in the production voluntarily waives, is intended to waive, or does in fact waive, any attorney-client privilege, work product doctrine, or other similar privilege or protections. This rule for court-compelled production also specifically precludes use of any of this information for any purpose other than the Court's inquiry into this breach and its remedies, such as in litigation of the underlying matter. *Id.,* at *4-5 and n.4 (specifically holding that receiving counsel may not use the information learned from the court ordered production as evidence outside the isolated sanctions motion to which it related). In support of this reservation of rights, we note that "the standards for waiver of the attorney-client privilege and of work-product immunity differ to a degree, with ***greater*** protection afforded to work-product." *Bowne, Inc. v. AmBase Corp.,* 150 F.R.D. 464 (S.D.N.Y. 1993) (emphasis added) (noting that "the protection of the work-product rule is less readily waived" than the attorney-client privilege). We reserve all rights.

Sincerely,
Emily Kirsch



**WINNIE BRANDFIELD-HARVEY**

150 E. 58th STREET 22ND FLOOR
NEW YORK, NY  10155
t (713)-560-5722
WINNIE.BRANDFIELD.HARVEY@KIRSCHNIEHAUS.COM

KIRSCHNIEHAUS.COM