

**EMILY KIRSCH**
150 E. 58TH STREET 22ND FLOOR
NEW YORK, NY 10155
O (212) 832-0170
M (917) 744-2888
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

November 18, 2021

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

We write to correct the record with regard to inaccurate statements made by Mr. Kellogg in his letter of this morning, reserving our rights with respect to all matters not addressed below. *ECF 7365*.

- **Kreindler & Kreindler Has Not "Admitted" Any Discovery Failures.** Kreindler & Kreindler has not "all but confirmed it did not search for communications between its witnesses and Crotty". *ECF 7365*. The Kingdom's own exhibits reflect that in response to the Kingdom's improper inquiry, Kreindler & Kreindler made abundantly clear, that all communications called for were produced, including phone history. *ECF 7365-1*.
- **Mr. Pounian's Declaration Is Not "Belated".** Counsel for Kreindler & Kreindler heard for the first time during the cross-examination of Jim Kreindler on November 1 the Kingdom's unfounded speculation about an ordinary work call that occurred on July 22. As the Court will recall, the relevant witnesses were sequestered for the entirety of the Hearing and counsel was not permitted to discuss the substance of the Hearing with them. As such there was no way for Kreindler & Kreindler's counsel to have accessed the personal cell phone bill of Mr. Pounian, or discussed with him the need to review his time records or emails to identify the possible substance of an ordinary conference call over three months earlier. (And, further, the Kingdom refused to share its exhibits, including Mr. Fawcett's phone records, prior to the Hearing, making it impossible to anticipate the Kingdom's baseless speculations about a single telephone call out of several months' worth of records).
- **Mr. Pounian's Personal Cell Phone Bill Was Not Responsive**. And yet again, in seeking to create a misimpression of non-compliance, the Kingdom misstates the discovery orders and suggests that Mr. Pounian's cell phone bill should have been produced.
    - First: Mr. Pounian's personal cell phone bill is neither "a document or communication relating to the July 15, 2021 Article written by Michael Isikoff…" (Document Request No. 1) nor "a document or communication relating to the leak

1

**KIRSCH & NIEHAUS**

  of the confidential transcript of the Musaed Al Jarrah deposition to Michael Isikoff." (Document Request No. 2). Mr. Pounian's declaration states that one of several topics of the July 22 call was that he would co-ordinate with the PECs on a response to Mr. Rapawy. He did not say that the article or the leak was discussed. Even if a responsive matter was discussed on this call – which it clearly was not – a personal phone bill reflecting such a call is not a document or communication relating to such matter.

  o <u>Second</u>: Mr. Pounian's personal phone bill does not reside on his personal phone. Kreindler & Kreindler was directed to search Mr. Pounian's personal device for documents responsive to Requests No. 1 and No. 2 (*ECF 7277*), including the history kept on that personal device, and complied with that direction.

- **Mr. Pounian's Declaration is Not Inconsistent With Mr. Fawcett's Testimony**. Mr. Pounian states that he can "attest with 100% certainty that during the calls we did not discuss John Fawcett's leak of the Jarrah Transcript in any way, shape, or form." Mr. Fawcett testified that the call "would not have been relating to the leak to [sic] the Jarrah Transcript." And yet the Kingdom falsely tells the Court that their testimony is inconsistent.

            Respectfully Submitted,

            _____*/s/ Emily Kirsch*_____
            Emily Bab Kirsch