# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:

*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD) (SN)
*Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-11837 (GBD) (SN)
*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD) (SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD) (SN)
*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD) (SN)
*Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD) (SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD) (SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD) (SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD) (SN)
*Maureen Moody-Theinert, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11876 (GBD) (SN)
*Roberta Agyeman, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05320 (GBD) (SN)
*Audrey Ades, et al. v. Islamic Republic of Iran*, No. 1:18-cv-07306 (GBD) (SN)
*Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05339 (GBD) (SN)
*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD) (SN)

## THE MOVING PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT AS TO DAMAGES

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email:   jgoldman@andersonkill.com
          bstrong@andersonkill.com
          agreene@andersonkill.com
*Attorneys for Plaintiffs*

Dated:    New York, New York
          November 19, 2021

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.  PROCEDURAL BACKGROUND.................................................................................. 3

    A.  Applicable Orders ......................................................................................... 3

    B.  Related Cases ................................................................................................ 4

    C.  O'Neill Plaintiffs Herein - Liability ........................................................... 6

        1.  Service by Mail Was Not Successful.................................................. 9

        2.  Iran Was Served Via Diplomatic Means .......................................... 14

    D.  Motions to Correct Errors/Motions for Substitution/Notices of
        Amendment................................................................................................... 20

        1.  Motions to Correct Errors ................................................................ 20

        2.  Motions for Substitution ................................................................... 22

        3.  Notices of Amendment ..................................................................... 23

        4.  Individuals Not Named in the Original Complaint Are Entitled to
        Solatium Damages (Notices of Amendment) ................................... 24

I.  DAMAGES – GOVERNING LAW ......................................................................... 25

    A.  Background.................................................................................................... 25

    B.  Solatium Damages ....................................................................................... 27

    C.  Pain and Suffering Damages For Estates..................................................... 30

    D.  Economic Damages For Estates.................................................................... 30

    E.  Punitive Damages ........................................................................................ 32

    F.  Prejudgment Interest .................................................................................... 33

II. CONCLUSION........................................................................................................ 35

docs-100420544.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Socialist People's Libyan Arab Jamahirya*,
    775 F. Supp. 2d 48 (D.D.C. 2011) ........................................................................33

*Belkin v. Islamic Republic of Iran*,
    667 F. Supp. 2d 8 (D.D.C. 2009) ........................................................................28

*Dammarell v. Islamic Republic of Iran*,
    281 F. Supp. 2d 105 (D.D.C. 2003), vacated on other grounds, 404 F. Supp.
    2d 261 (D.D.C. 2005) ........................................................................28

*Est. of Bland v. Islamic Republic of Iran*,
    831 F. Supp. 2d 150 (D.D.C. 2011) ........................................................................28

*Est. of Heiser v. Islamic Republic of Iran*,
    466 F. Supp. 2d 229 (D.D.C. 2006) ........................................................................5, 28

*Flatow v. Islamic Republic of Iran*,
    999 F. Supp. 1 (D.D.C. 1998) ........................................................................31

*Reed v. Islamic Republic of Iran*,
    845 F. Supp. 2d 204 (D.D.C. 2012) ........................................................................19

*Roth v. Islamic Republic of Iran*,
    78 F. Supp. 3d 379 (D.D.C. 2015) ........................................................................31

*In re Sept. 11 Litig.*,
    802 F.3d 314 (2d Cir. 2015) ........................................................................34

*Surette v. Islamic Republic of Iran*,
    231 F. Supp. 2d 260 (D.D.C. 2002) ........................................................................28

*Valore v. Islamic Republic of Iran*,
    700 F. Supp. 2d 52 (D.D.C. 2010) ........................................................................9, 28, 31

**Statutes**

28 U.S.C. § 1605 ........................................................................4, 25, 30, 32

28 U.S.C. § 1608 ........................................................................ *passim*

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, 115
    Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101) ................................................34

## INTRODUCTION

For the reasons set forth below, the statements contained in the Declaration of Jerry S. Goldman, Esq., with Exhibits appended thereto ("Goldman Declaration"), which is being filed contemporaneously with this Memorandum of Law, as well as those set forth in prior motions for damages made on behalf of other *O'Neill* wrongful death plaintiffs, certain plaintiffs in the above-captioned matters who are identified in annexed Exhibits A-1 to A-11 (collectively, "Exhibits A") and annexed Exhibits B-1 to B-11 (collectively, "Exhibits B") to the Goldman Declaration (the Plaintiffs identified in annexed Exhibits A and Exhibits B are collectively referred to herein as the "Moving Plaintiffs") by and through their counsel, Anderson Kill, P.C., respectfully move this Court for an Order:

> (1)      determining that service of process in the above-captioned matter(s) was properly effected upon Defendant Islamic Republic of Iran ("Iran") in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants; AND,

> (2)      awarding the Plaintiffs identified in annexed Exhibits A judgments as to damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

> (3)      awarding solatium damages to those Plaintiffs identified in annexed Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in annexed Exhibits A; AND,

> (4)      awarding certain of the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Plaintiffs set forth in annexed Exhibits B, compensatory damages for pain and suffering in the same per estate amount

previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in annexed Exhibits B; AND,

(5)     awarding compensatory damages to those Plaintiffs identified in annexed Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in annexed Exhibits B; AND,

(6)     awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in annexed Exhibits B, an award of economic damages in the amounts as set forth in annexed Exhibits B; AND,

(7)     awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(8)     granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(9)     granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibits A and Exhibits B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.[1, 2, 3]

---

[1] The plaintiffs listed in annexed Exhibits A are the immediate relatives of a 9/11 decedent, which includes individuals who are not named in the complaint but are entitled to receive judgments for solatium based on their relationship to the 9/11 decedent.  In the case of a relative who died subsequent to the 9/11 decedent, the claim is brought by the personal representative of the relative's estate.  As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative, except in the cases specifically identified in the Goldman Declaration, where a party has filed a petition to be so appointed, which petition, on information and belief, is unopposed, but has not yet been granted.  Goldman Declaration at ¶¶ 4-16.

[2] The plaintiffs listed in annexed Exhibits B are the personal representatives of a 9/11 decedent. In all cases, they are submitting claims for compensatory damages as a result of the 9/11

2

This motion is made only on behalf of the Moving Plaintiffs.

As the awards set forth in the attached Proposed Order represent the only direct recovery against Iran on behalf of the Moving Plaintiffs for the claims herein, any award issued to those individuals will constitute final awards and judgments against Iran for the Moving Plaintiffs.

## I.    PROCEDURAL BACKGROUND

### A.    Applicable Orders

This motion is being submitted in accordance with various procedural orders entered by this Court, and the form of this motion and the relief requested herein are intended to comply with various orders of this Court, including the following:

> a.      The Court's January 24, 2017 Order, ECF No. 3435,[4] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."
>
> b.      The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

---

decedent's death.  Where there are expert reports submitted with the Goldman Declaration demonstrating economic losses as a result of death, as outlined therein and herein, the personal representatives are additionally seeking economic damages in the amounts set forth in annexed Exhibits B.  Those personal representatives who, at this time, are seeking to solely recover compensatory damages for pain and suffering are specifically reserving their right to seek an additional judgment, at a future date, for economic damages, based upon then-submitted evidence.  As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the decedent. Goldman Declaration at ¶¶ 4-14, 20-28.

[3] Annexed Exhibits A and Exhibits B only include plaintiffs who will be submitting U.S. Victims of State Sponsored Terrorism Fund applications for the next tranche.  The remaining plaintiffs have either already filed a motion for damages or intend to file a similar motion seeking damages at a later date.

[4] All ECF numbers are to the MDL docket unless stated otherwise.

     c.      The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

     d.      The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

     e.      The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

     f.      The Court's August 23, 2021 Order, ECF No. 7067, setting forth procedures for filing confidential information relating to damages under seal.

## B.    Related Cases

Relying on evidence and arguments[5] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the September 11th attacks, this Court, on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of certain of the *Havlish*, *Ashton*, *O'Neill*, *Federal Insurance*, and *Hoglan* groups of plaintiffs against Iran (*see* ECF Nos. 2516, 3014, 3016, 3020, 3020-23). Subsequently, other liability findings were made for additional *O'Neill* plaintiffs. After granting *Havlish* plaintiffs' Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the *Havlish* plaintiffs' submissions, on October 3, 2012 this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium…in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, …family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the

---

[5] In each of the Orders of Judgment regarding plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December 15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

following solatium awards for family members are appropriate, as an upward departure from the

framework in *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2623 at 4.

The Court has applied the same solatium values to claims of other solatium plaintiffs in

*Burnett* (ECF Nos. 3666, 4023, 4126, 4146, 4175, 5061, 5062, 5087, 5138, and 5356) and other

solatium plaintiffs in other cases coordinated in the *In re Terrorist Attacks on September 11,*

*2001* multidistrict litigation. *See*, e.g., ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16,

3399, and 3977 at 7.

In that same decision in *Havlish*, this Court also found that Plaintiffs are entitled to

punitive damages under the Foreign Sovereign Immunities Act ("FSIA") in an amount of 3.44

multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that

3.44 multiplier also to judgments in *Ashton*. *See* ECF No. 3175 at 3 (Report and

Recommendation to apply 3.44 punitive multiplier); ECF No. 3229 at 1 (Order adopting in its

entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the

3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No.

3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn

recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF

Nos. 3358 at 11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the Plaintiffs' solatium damages. ECF No. 2623 at 5. The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. ECF No. 3175 at 7-8. Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and *Bauer*. *See* ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims. ECF Nos. 3358 at 17-20; 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6. The Court applied that interest rate, 4.96 percent per annum, to other plaintiffs' awards in *Burnett*.

C.    *O'Neill* **Plaintiffs Herein - Liability**

Plaintiffs herein filed suit and duly served Iran. The Clerk's Office, upon Plaintiffs' applications, issued Clerk's Certificates of Default.

As set forth below, the Moving Plaintiffs filed motions for default judgments against Iran for liability. Such motions were granted, with leave to seek a determination of damages at a later date.

**NAME OF CASE:**   *Audrey Ades, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-07306
                                                (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:                05/23/2019
ECF NO. OF MOTION FOR LIABILITY:                ECF No. 4546
DATE ORDER DETERMINING LIABILITY:               06/21/2019
ECF NO. OF ORDER DETERMINING                    ECF No. 4594
LIABILITY:

**NAME OF CASE:**   *Marinella Hemenway, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-12277
                                                (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:                08/14/2019
ECF NO. OF MOTION FOR LIABILITY:                ECF No. 4856
DATE ORDER DETERMINING LIABILITY:               09/03/2019
ECF NO. OF ORDER DETERMINING                    ECF No. 5054
LIABILITY:

**NAME OF CASE:**   *Chang Don Kim, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-11870
                                                 (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:                08/14/2019
ECF NO. OF MOTION FOR LIABILITY:                ECF No. 4841
DATE ORDER DETERMINING LIABILITY:               09/03/2019
ECF NO. OF ORDER DETERMINING                    ECF No. 5049
LIABILITY:

**NAME OF CASE:**   *Maureen Moody-Theinert, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-11876
                                                (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:                08/14/2019
ECF NO. OF MOTION FOR LIABILITY:                ECF No. 4864
DATE ORDER DETERMINING LIABILITY:               09/03/2019
ECF NO. OF ORDER DETERMINING                    ECF No. 5055
LIABILITY:

**NAME OF CASE:**   *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-12276
                                                (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:                08/14/2019
ECF NO. OF MOTION FOR LIABILITY:                ECF No. 4852
DATE ORDER DETERMINING LIABILITY:               09/03/2019
ECF NO. OF ORDER DETERMINING                    ECF No. 5050
LIABILITY:

docs-100420544.1

**NAME OF CASE:**   *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*
CASE NO:                                                    No. 1:18-cv-11837
                                                            (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:     08/15/2019
ECF NO. OF MOTION FOR LIABILITY:      ECF No. 4872
DATE ORDER DETERMINING LIABILITY:    09/03/2019
ECF NO. OF ORDER DETERMINING          ECF No. 5048
LIABILITY:

**NAME OF CASE:**   *Jessica DeRubbio, et al. v. Islamic Republic of Iran*
CASE NO:                                                    No. 1:18-cv-05306
                                                            (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:     05/03/2019
ECF NO. OF MOTION FOR LIABILITY:      ECF No. 4508
DATE ORDER DETERMINING LIABILITY:    05/28/2019
ECF NO. OF ORDER DETERMINING          ECF No. 4563
LIABILITY:

**NAME OF CASE:**   *Alexander Jimenez, et al. v. Islamic Republic of Iran*
CASE NO:                                                    No. 1:18-cv-11875
                                                            (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:     08/15/2019
ECF NO. OF MOTION FOR LIABILITY:      ECF No. 4876
DATE ORDER DETERMINING LIABILITY:    09/03/2019
ECF NO. OF ORDER DETERMINING          ECF No. 5056
LIABILITY:

**NAME OF CASE:**   *Horace Morris, et al. v. Islamic Republic of Iran*
CASE NO:                                                    No. 1:18-cv-05321
                                                            (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:     05/23/2019
ECF NO. OF MOTION FOR LIABILITY:      ECF No. 4542
DATE ORDER DETERMINING LIABILITY:    06/21/2019
ECF NO. OF ORDER DETERMINING          ECF No. 4595
LIABILITY:

**NAME OF CASE:**   *Cheryl Rivelli, et al. v. Islamic Republic of Iran*
CASE NO:                                                    No. 1:18-cv-11878
                                                            (GBD) (SN)
DATE MOTION FOR LIABILITY FILED:     08/15/2019
ECF NO. OF MOTION FOR LIABILITY:      ECF No. 4868
DATE ORDER DETERMINING LIABILITY:    09/03/2019
ECF NO. OF ORDER DETERMINING          ECF No. 5047
LIABILITY:

8

**NAME OF CASE:**    *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-12387
(GBD) (SN)
DATE MOTION FOR LIABILITY FILED:    08/14/2019
ECF NO. OF MOTION FOR LIABILITY:    ECF No. 4860
DATE ORDER DETERMINING LIABILITY:   09/03/2019
ECF NO. OF ORDER DETERMINING        ECF No. 5053
LIABILITY:

**NAME OF CASE:**    *Roberta Agyeman, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-05320
(GBD) (SN)
DATE MOTION FOR LIABILITY FILED:    05/23/2019
ECF NO. OF MOTION FOR LIABILITY:    ECF No. 4534
DATE ORDER DETERMINING LIABILITY:   06/21/2019
ECF NO. OF ORDER DETERMINING        ECF No. 4597
LIABILITY:

**NAME OF CASE:**    *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-05339
(GBD) (SN)
DATE MOTION FOR LIABILITY FILED:    05/23/2019
ECF NO. OF MOTION FOR LIABILITY:    ECF No. 4538
DATE ORDER DETERMINING LIABILITY:   06/21/2019
ECF NO. OF ORDER DETERMINING        ECF No. 4596
LIABILITY:

**NAME OF CASE:**    *Laurence Schlissel, et al. v. Islamic Republic of Iran*
CASE NO:                                        No. 1:18-cv-05331
(GBD) (SN)
DATE MOTION FOR LIABILITY FILED:    05/23/2019
ECF NO. OF MOTION FOR LIABILITY:    ECF No. 4550
DATE ORDER DETERMINING LIABILITY:   06/21/2019
ECF NO. OF ORDER DETERMINING        ECF No. 4598
LIABILITY:

Service was effectuated as set forth below.

## 1.    **Service by Mail Was Not Successful**

Service on Iran could not be effected under 28 U.S.C. § 1608(a)(1) because the United

States and Iran do not have any special arrangement for service of process, nor is service

permitted by any applicable international convention under the provisions of subsection (2). *See*

*Valore*, 700 F. Supp. 2d at 70.

9

Accordingly, the Moving Plaintiffs first attempted to serve Iran in accordance with Section 1608(a)(3) of the FSIA.  Section 1608(a)(3) provides that:

> if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

The Southern District of New York's Clerk's Office Foreign Mailing Instructions provide plaintiffs with instructions for service by U.S. Postal Service ("USPS"), FedEx, or DHL.  *See* United States District Court for the Southern District of New York Clerk's Office Foreign Mailing Instructions at 2.

On the dates set forth in the table below, the instant Plaintiffs attempted to utilize DHL or USPS for service under § 1608(a)(3).[6] Pursuant to the Southern District of New York's Clerk's Office Foreign Mailing Instructions, plaintiffs prepared an envelope along with the requisite service documents for the Clerk of the District Court as prescribed, and delivered a Service Packet[7] to the Clerk.  The Clerk of Court, in accordance with the Southern District of New York's Clerk's Office Foreign Mailing Instructions and 28 U.S.C. § 1608 (a)(3), attempted to serve the Service Packet on Iran via DHL or USPS.[8]  As set forth in Jerry S. Goldman's

---

[6] FedEx was not delivering packages to Iran at the time service was effectuated.

[7] The Service Packet, in addition to pre-paid postage, contained an envelope, two copies of the summons and complaint and notice of suit, together with a translation in the official language of the foreign state (Farsi), and a certification of same.

[8] We used DHL early in the litigation to expedite the process. As a result of the reimposition of sanctions, we were compelled to use USPS as DHL was unavailable.

Affidavits in Support of Requests for Clerk's Default (the "Goldman Default Affidavits"), Iran

refused to accept the Service Packet. Because service by mail could not be effected within 30

days, Plaintiffs proceeded to effect service by diplomatic channels pursuant to §1608(a)(4). *See*

Jerry S. Goldman's Affidavits of Service (the "Goldman Affidavits of Service"); *see also*

Goldman Default Affidavits; *see also* Clerk's Certificates of Mailing, all as identified in the

following table:

| **CASE NAME:** | *Audrey Ades, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-07306 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 08/21/2018 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 31 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 33 (docket for individual case) |
| | | |
| **CASE NAME:** | *Marinella Hemenway, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-12277 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4694 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4801 |
| | | |
| **CASE NAME:** | *Chang Don Kim, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11870 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 16 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4690 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4805 |
| | | |
| **CASE NAME:** | *Maureen Moody-Theinert, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11876 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |

| | |
|---|---|
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4691 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4809 |

**CASE NAME:** *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-12276 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4686 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4797 |

**CASE NAME:** *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-11837 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/14/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 11 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4687 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4799 |

**CASE NAME:** *Jessica DeRubbio, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-05306 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 21 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 49 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 54 (docket for individual case) |

**CASE NAME:** *Alexander Jimenez, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-11875 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4685 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4803 |

**CASE NAME:** *Horace Morris, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-05321 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |

docs-100420544.1

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| CLERK'S CERTIFICATE OF MAILING-ECF NO.:  | ECF No. 22 (docket for individual case)  |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.:    | ECF No. 55 (docket for individual case)  |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:       | ECF No. 5 (docket for individual case)   |

**CASE NAME:**     *Cheryl Rivelli, et al. v. Islamic Republic of Iran*

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| CASE NO:                                 | No. 1:18-cv-11878 (GBD) (SN)             |
| DATE OF ATTEMPTED SERVICE BY MAIL:       | 02/20/2019                               |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.:  | ECF No. 10 (docket for individual case)  |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.:    | ECF No. 4692                             |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:       | ECF No. 4811                             |

**CASE NAME:**     *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| CASE NO:                                 | No. 1:18-cv-12387 (GBD) (SN)             |
| DATE OF ATTEMPTED SERVICE BY MAIL:       | 02/20/2019                               |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.:  | ECF No. 11 (docket for individual case)  |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.:    | ECF No. 4693                             |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:       | ECF No. 4815                             |

**CASE NAME:**     *Roberta Agyeman, et al. v. Islamic Republic of Iran*

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| CASE NO:                                 | No. 1:18-cv-05320 (GBD) (SN)             |
| DATE OF ATTEMPTED SERVICE BY MAIL:       | 06/29/2018                               |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.:  | ECF No. 22 (docket for individual case)  |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.:    | ECF No. 55 (docket for individual case)  |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:       | ECF No. 53 (docket for individual case)  |

**CASE NAME:**     *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*

|                                          |                                          |
|------------------------------------------|------------------------------------------|
| CASE NO:                                 | No. 1:18-cv-05339 (GBD) (SN)             |
| DATE OF ATTEMPTED SERVICE BY MAIL:       | 06/29/2018                               |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.:  | ECF No. 21 (docket for individual case)  |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.:    | ECF No. 55 (docket for individual case)  |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:       | ECF No. 53 (docket for individual case)  |

13

**CASE NAME:** *Laurence Schlissel, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-05331 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 20 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 53 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 47 (docket for individual case) |

### 2.    Iran Was Served Via Diplomatic Means

Under 28 U.S.C. § 1608(a)(4), if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Therefore, pursuant to 28 U.S.C. § 1608(a)(4), after service by mail was rejected, the instant Plaintiffs delivered to the Clerk of the Court for the U.S. District Court for the Southern District of New York the following items: cover letter, a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern, copies of the Complaint in English, copies of the Complaint in Farsi, Notice of Suit in English, Notice of Suit in Farsi, Summons in English, Summons in Farsi, Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602, Civil Cover Sheet, Affidavits from translators, and a U.S. Airbill (from FedEx) (collectively, "Service

14

Documents").[9]  The Clerk was requested to transmit these documents to the United States State Department in Washington, D.C.  *Id.*  In accordance with the statute and the protocol of the Department of State, it would, in turn, transmit one copy of the papers through diplomatic channels to the foreign state and send the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.  Plaintiffs met all of those requirements in this case.  *See* Goldman Default Affidavits and Goldman Affidavits of Service.

As set forth in the below table, the Clerk of the Court mailed the Service Documents to the Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison, United States Department of State for service on Iran under 28 U.S.C. § 1608(a)(4).  *See* Goldman Default Affidavits and Goldman Affidavits of Service.

As evidenced by letter from Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, Clerk of Court, service was effectuated on Iran as set forth in the below table, when the U.S. Department of State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran, delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes, whose number is in the below table.  Pursuant to 28 U.S.C. § 1608(c)(1), in instances of service under § 1608(a)(4), service shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."  *See* Goldman Default Affidavits, Goldman Affidavits of Service, Clerk's Certificates, and Diplomatic Notes.

---

[9] Also included were United States Airbills from the State Department to the Embassy in Bern and back, and to the Southern District of New York Clerk.

docs-100420544.1

| **CASE NAME:** | *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-12276 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1044-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO: | ECF No. 4686 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4797 |

| **CASE NAME:** | *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-11837 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1039-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 13 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO: | ECF No. 4687 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4799 |

| **CASE NAME:** | *Jessica DeRubbio, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-05306 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO: | 1080-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 24 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 49 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 54 (docket for individual case) |

| **CASE NAME:** | *Marinella Hemenway, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-12277 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1045-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4694 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4801 |

| | | |
|---|---|---|
| **CASE NAME:** | *Alexander Jimenez, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11875 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1043-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 14 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4685 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4803 |
| | | |
| **CASE NAME:** | *Chang Don Kim, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11870 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1038-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 18 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4690 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4805 |
| | | |
| **CASE NAME:** | *Horace Morris, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-05321 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO: | 1077-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 25 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |
| | | |
| **CASE NAME:** | *Cheryl Rivelli, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11878 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1040-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |

17

| | | |
|---|---|---|
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4692 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4811 |

**CASE NAME:** *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*

| | | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-12387 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1042-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 13 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4693 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4815 |

**CASE NAME:** *Maureen Moody-Theinert, et al. v. Islamic Republic of Iran*

| | | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-11876 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1041-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4691 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4809 |

**CASE NAME:** *Roberta Agyeman, et al. v. Islamic Republic of Iran*

| | | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-05320 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO: | 1078-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 25 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |

**CASE NAME:** *Audrey Ades, et al. v. Islamic Republic of Iran*

| | | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-07306 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 12/06/2018 |

18

| | |
|---|---|
| DIPLOMATIC NOTE NO: | 1113-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 19 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 31 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 33 (docket for individual case) |

**CASE NAME:** *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-05339 (GBD) (SN) |
| DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| DIPLOMATIC NOTE NO: | 1076-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 24 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 51 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |

**CASE NAME:** *Laurence Schlissel, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-05331 (GBD) (SN) |
| DATE OF DELIVERY OF THE DEPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| DIPLOMATIC NOTE NO: | 1079-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 23 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 53 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 51 (docket for individual case) |

Based on the foregoing, Plaintiffs filed an Affidavit of Service confirming service was effected on Iran on the dates of the diplomatic notes as set forth above.

Because service upon Iran was proper, and Section 1605A of the FSIA provides subject matter jurisdiction for the Plaintiffs' claims against Iran, this Court has personal jurisdiction over Iran. *Shapiro*, 930 F.2d at 1020; *see also Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 209 (D.D.C. 2012). *See* Goldman Declaration at ¶ 17.

19

D.      **Motions to Correct Errors/Motions for Substitution/Notices of Amendment**

1.      **Motions to Correct Errors**

Certain of the within Plaintiffs requested that the Complaint be amended to correct

certain minor errors as set forth below.

| | | |
|---|---|---|
| **CASE NAME:** | *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11837 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 08/14/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4823 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 08/23/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4980 |
| **PLAINTIFF:** | Elsie Clark as Personal Representative of the Estate of Benjamin Clark [Sr.], deceased, the late parent of Benjamin K. Clark | |
| | | |
| **CASE NAME:** | *Cheryl Rivelli, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11878 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 08/21/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4945 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 08/23/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4986 |
| **PLAINTIFF:** | Peter Shihadeh as the Personal Representative of the Estate of Theodore D. Shihadeh, deceased, the late parent of Bonnie Smithwick | |
| | | |
| **CASE NAME:** | *Audrey Ades, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-07306 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 04/18/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4489 |

20

|  |  |  |
|---|---|---|
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 04/30/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4500 |
| **PLAINTIFF:** | Freddye Jean Carter-Perry a/k/a Freddye Carter-Perry as the Personal Representative of the Estate of Angelene C. Carter, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Angelene C. Carter | |
| | | |
| **CASE NAME:** | *Horace Morris, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-05321 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 03/22/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4451 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 04/04/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4475 |
| **PLAINTIFF:** | Hopeton Richards as the Personal Representative of the Estate of Venesha Richards, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Venesha Richards | |
| | | |
| **CASE NAME:** | *Roberta Agyeman, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-05320 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 03/21/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4448 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 04/04/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4474 |
| **PLAINTIFF:** | Marguerite Calixte-Williams as the Co-Personal Representative of the Estate of Felix Calixte, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Felix Calixte | |
| | | |
| **CASE NAME:** | *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran* | |

21

| | | |
|---|---|---|
| | CASE NO: | No. 1:18-cv-05339 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 04/08/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4480 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 04/30/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4501 |
| **PLAINTIFF:** | Stacey Montoya as the Personal Representative of the Estate of Carlos A. Montoya, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Carlos A. Montoya | |

| | | |
|---|---|---|
| **CASE NAME:** | *Laurence Schlissel, et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-05331 (GBD) (SN) |
| | DATE OF MOTION TO AMEND TO CORRECT ERRORS: | 03/27/2019 |
| | ECF NO. OF MOTION TO AMEND TO CORRECT ERRORS: | ECF No. 4460 |
| | DATE OF ORDER GRANTING MOTION TO CORRECT ERRORS: | 04/04/2019 |
| | ECF NO. OF ORDER GRANTING MOTION TO CORRECT ERRORS: | ECF No. 4476 |
| **PLAINTIFF:** | Andrea Treble as the Personal Representative of the Estate of Gabriela Waisman, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gabriela Waisman | |

## 2.    Motions for Substitution

Certain of the within Plaintiffs filed motions to substitute parties as set forth below.

| | | |
|---|---|---|
| **CASE NAME:** | *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran* | |
| | CASE NO: | No. 1:18-cv-11837 (GBD) (SN) |
| | DATE OF MOTION TO SUBSTITUTE: | 11/09/2021 |
| | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 7320 |
| | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 11/10/2021 |
| | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 7325 |

22

**PLAINTIFF:**   Selena M. Daniel as Personal Representative of the Estate of Ryan Cherry, deceased, the late child of Vernon P. Cherry

**CASE NAME:**   *Chang Don Kim, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-11870 (GBD) (SN) |
| DATE OF MOTION TO SUBSTITUTE: | 10/05/2021 |
| ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 7209 |
| DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 10/07/2021 |
| ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 7243 |

**PLAINTIFFS:**   Catherine Fleming as Personal Representative of the Estate of Soh Ryang Kim, deceased, the late parent of Lawrence Don Kim

Peter Fegan as Personal Representative of the Estate of Margaret Colette Fegan, deceased, the late parent of Sean B. Fegan

Catherine Chiola as Personal Representative of the Estate of Anne T. Fisher, deceased, the late parent of John Roger Fisher

**CASE NAME:**   *Marinella Hemenway, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO: | No. 1:18-cv-12277 (GBD) (SN) |
| DATE OF MOTION TO SUBSTITUTE: | 08/20/2019 |
| ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 4901 |
| DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 08/23/2019 |
| ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 4994 |

**PLAINTIFF:**   Dawn Kloepfer, as the Personal Representative of the Estate of Ronald Philip Kloepfer, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ronald Philip Kloepfer

## 3.   Notices of Amendment

Certain of the Plaintiffs herein, as set forth in Exhibits A and Exhibits C-1 to C-11

(collectively, "Exhibits C") to the Goldman Declaration, have been added pursuant to a Notice of

23

Amendment being filed contemporaneously with this Motion as further discussed in Section IV-B-i herein.

4.     **Individuals Not Named in the Original Complaint Are Entitled to Solatium Damages (Notices of Amendment)**

Certain of the Plaintiffs set forth in annexed Exhibits A and Exhibits C to the Goldman Declaration have been added pursuant to a Notice of Amendment.

Pursuant to paragraph 5 of Section II(D) of the Plaintiffs' Executive Committee January 23, 2017 letter, ECF No. 3433, which was adopted by the Court through its January 25, 2017 Order, ECF No. 3435, individuals who are not named in the complaint, but are otherwise a member of the 9/11 decedent's family, are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent and where there is a pending claim by the personal representative of that decedent's estate.  The letter provides "[i]n instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that he or she authorized the personal representative to seek the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought has not retained other counsel or been named in any other action or, if he or she has, that counsel has communicated with the claimant's counsel and received authorization to seek the judgment via the estate's representative."  ECF No. 3433 at 7; *see also* ECF No. 5234  (October 28, 2019).

Such individuals are indemnified and the compliance with such procedure is described in ¶¶ 15-16 and annexed Exhibits C to the Goldman Declaration.

Accordingly, judgment should be entered in such Plaintiffs' favor as if they were named

plaintiffs, in the same amounts indicated herein, consistent with this Court's application of those

values established and applied in prior proceedings in this MDL.

## I.     DAMAGES – GOVERNING LAW

### A.     Background

Section 1605A of the FSIA permits a foreign state to be held accountable for acts of

terrorism or the provision of material support or resources for acts of terrorism where the acts or

provision of support or resources were engaged in by an official, employee, or agent of the

foreign state while acting within the scope of his or her office, employment, or agency.  28

U.S.C. § 1605A(a)(1).  The statute specifies that damages are available "for personal injury or

death," § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering,

and punitive damages." § 1605A(c)(4).  Courts addressing the damages available under the

statute have held that, among other damages recoverable, "family members [or the functional

equivalents of such family members] can recover solatium for their emotional injury; and all

plaintiffs can recover punitive damages."  ECF No. 2623 at 2-3 (quoting *Valore*, 700 F. Supp. 2d

at 83).

Plaintiffs identified in annexed Exhibits A are immediate family members of those killed

on 9/11, as demonstrated by documentary evidence of their familial relationship to a 9/11

decedent, such as birth or marriage certificates, sworn affidavits, official documents, or other

documents signed under penalty of perjury, which attest to a familial relationship eligible for

recovery, and, in the case of a subsequently deceased family member, a death certificate or

sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.[10]  *See*

Goldman Declaration at ¶¶ 4-14, 18-19.

Plaintiffs identified in annexed Exhibits B are comprised of the estates of victims who

perished on 9/11, in claims asserted by their personal representatives, as demonstrated by

documentary evidence in the form of official documents from probate and administration

proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies.

*See* Goldman Declaration at ¶¶ 4-14, 20-28.

With respect to each estate plaintiff (in both annexed Exhibits A and Exhibits B), the

personal representative has provided the undersigned counsel with proof that he or she has been

appointed by the court as the personal representative of the deceased relative and/or 9/11

decedent estate, except in the estates listed in the tables directly below, where a petition has been

filed to appoint the personal representative, is pending, and, upon information and belief, is

unopposed.

| | |
|---|---|
| **CASE NAME:** | *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran* |
| **CASE NO:** | No. 1:18-cv-11837 (GBD) (SN) |
| **PLAINTIFF:** | Selena Daniel as Personal Representative of the Estate of Ryan Cherry, deceased, the late child of Vernon P. Cherry |

| | |
|---|---|
| **CASE NAME:** | *Chang Don Kim, et al. v. Islamic Republic of Iran* |
| **CASE NO:** | No. 1:18-cv-11870 (GBD) (SN) |
| **PLAINTIFFS:** | Peter Fegan as Personal Representative of the Estate of Margaret Colette Fegan, deceased, the late parent of Sean B. Fegan |

---

[10] Such evidence is consistent with that contemplated in the Court's July 10, 2018 Order, ECF No. 4045.

26

| | |
|---|---|
| **CASE NAME:** | *Marinella Hemenway, et al. v. Islamic Republic of Iran* |
| **CASE NO:** | No. 1:18-cv-12277 (GBD) (SN) |
| **PLAINTIFFS:** | Lauren Peters as the Personal Representative of the Estate of Louis N. Mariani, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis N. Mariani |

As liability has been established in this matter, each Moving Plaintiff is now entitled to damages in the amounts set forth in annexed Exhibits A and Exhibits B, which reflect the damage amounts previously established and applied by this Court in this and other related cases arising from the terrorists attacks on September 11, 2001 (the "9/11 Attacks") or based upon expert economic reports submitted herewith.  In accordance with the terms of the FSIA, the Moving Plaintiffs are entitled to compensation under Section 1605A for their solatium, pain and suffering, and economic damages, as applicable, and are also entitled to prejudgment interest.  Further, each moving party estate of a 9/11 decedent is now entitled to compensatory damages for pain and suffering, as set forth in annexed Exhibits B, which are the same amounts as previously established by the Court in related cases arising from the 9/11 Attacks.  Finally, such moving party estates of 9/11 decedents who have tendered expert economic reports at this time, as identified herein, in the Goldman Declaration, and in annexed Exhibits B, are entitled to economic damages.

### B.    Solatium Damages

As set forth above, the FSIA specifically provides for an award of solatium damages. Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and

comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F. Supp. 2d 261 (D.D.C. 2005).  Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009).  In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress.  *See*, e.g., *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress" (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001))).

When previously awarding solatium damages in other cases related to the 9/11 Attacks, such as those noted above, this Court looked at the framework established by District Court Judge Royce C. Lamberth in *Heiser*, 466 F. Supp. 2d at 229, where the court awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million.  *Id.*  This formula, however, may be adjusted upward or downward when circumstances warrant.  *See*, e.g., *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 Attacks, Magistrate Judge Maas concluded that an upward departure from Judge Lamberth's framework in *Heiser* was appropriate because the decedents' immediate family members suffered, and continue to suffer "profound agony and grief" and "[w]orse yet, …are faced with frequent reminders of the events of that day."  ECF No. 2618 at 10-12.  Judge Maas

noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families . . ."  *Id.* at 11.  In that Report and Recommendation, with which this Court later agreed, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the 9/11 Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Id.* at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, ECF No. 3300, in the September 12, 2016 Order pertaining to plaintiffs in *Bauer*, ECF No. 3341, in the October 14, 2016 Report and Recommendation, ECF No. 3363, and in the October 31, 2016 Order in *Hoglan*, ECF No. 3384.  These amounts were, again, adopted by this Court in its April 24, 2018 Order relating to the claims of additional *Ashton* plaintiffs, ECF No. 3977 at 6–7.  The same amounts were recently adopted in the Court's June 8, 2018 (Corrected) Order of Partial Final Default Judgment in the matter known as "*Burnett/Iran II*," No. 15-cv-09903, ECF No. 101.[11]

---

[11] The same values were applied to the claims of other plaintiffs in the earlier *Burnett* case in this Court's July 31, 2017 Order, ECF No. 3666, are in inter filings of the *Burnett*, *Ashton*, and *O'Neill* plaintiffs.

The solatium losses suffered by the Exhibits A Plaintiffs before the Court in this application are legally and factually comparable to those suffered by the plaintiffs in *Havlish*, *Ashton*, *Bauer*, *Hoglan*, *O'Neill*, and *Burnett*. As such, Plaintiffs identified in annexed Exhibits A respectfully request that the Court grant awards of solatium to the immediate family members identified in annexed Exhibits A in the same amounts indicated herein, consistent with this Court's application of those values established and applied in *Havlish*, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, *Hoglan, O'Neill*, and *Burnett* cases.

### C.     Pain and Suffering Damages For Estates

As noted above, the plaintiffs identified in annexed Exhibits B include the personal representatives of the estates of individuals who were killed in the 9/11 Attacks, some[12] of which seek compensatory damages for the decedent's pain and suffering. This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. ECF Nos. 2618 at 7-9.

For the reasons articulated by this Court previously, the above stated Estates as set forth in annexed Exhibits B respectfully request that the Court grant awards for the decedent's pain and suffering in the amount of Two Million Dollars ($2,000,000) per estate. *See Id.* at 9; ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate). *See* Goldman Declaration at ¶ 20.

### D.     Economic Damages For Estates

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for

---

[12] Some estates in Exhibits B only seek pain and suffering damages, some estates only seek economic damages, and other estates seek both pain and suffering damages and economic damages.

economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are]…entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore*, 700 F. Supp. 2d at 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d at 229.  Thus, for example, United States District Court Judge Royce C. Lamberth, in a series of decisions issuing final judgments Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[13]

Previously, this Court awarded economic damages in prior Iran cases for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports.

Certain of the Estates set forth in annexed Exhibits B and as specifically identified and set forth therein,[14] and which provided economic expert reports, transmitted to the Court in the Goldman Declaration, seek economic damages, similar to the plaintiffs in the prior Iran cases in this Court under the standards set in the District of Columbia cases cited herein.  Goldman Declaration at ¶¶ 21-28.

---

[13] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Valore*, 700 F.Supp. 2d at 82.

[14] To the extent other estates are referenced in annexed Exhibits A, these are estates of family members of 9/11 decedents who themselves have passed away in the years following the September 11th attacks, as opposed to the estates of the 9/11 decedents who are listed in annexed Exhibits B.

31

As described at length in the Goldman Declaration, in these cases, plaintiffs retained the services of an expert, John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University ("Expert"), to evaluate the economic losses resulting from decedent's death as a result of the 9/11 Attacks.  Goldman Declaration at ¶¶ 21-28.

As described in more detail in the Goldman Declaration, and the Expert's Declaration (which is Exhibit D to the Goldman Declaration), we obtained, generally through a Freedom of Information Act ("FOIA") request, entire September 11th Victim Compensation Fund ("VCF") files for a substantial number of the *O'Neill* plaintiffs.[15]  Those files, along with other materials provided by the clients, contained various economic expert reports, VCF applications, VCF work papers and distribution plans, VCF determinations, underlying economic documents, and the like.  Using methodology and assumptions described in his declaration, relying on earlier expert reports, determinations by the VCF, and other documents, the Expert prepared up-to-date economic loss expert reports, copies of which are deemed appended to the Expert's Declaration (Exhibit D) and being provided to the Court under Seal ("Expert Reports").  Goldman Declaration at ¶¶ 21-28.  *See* August 23, 2021 Order, ECF No. 7067.

Based on the foregoing, the Moving Plaintiffs respectfully ask that this Court award economic damages to the estate set forth in annexed Exhibits B in the amounts stated therein, as supported by the Expert Reports.

### E.      Punitive Damages

Moving Plaintiffs are also entitled to punitive damages under the FSIA.  28 U.S.C. § 1605A(c)(4).  In the *Havlish* Report and Recommendation on damages, the magistrate judge

---

[15] We are still awaiting receipt of additional files which has adversely become impacted by both "normal" delays in receiving responses to FOIA requests and COVID.

explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory).  ECF No. 2623 at 2.  The Court has applied that ratio to awards for plaintiffs in other related cases.  *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibits A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice.  ECF No. 3363 at 28.  Judge Daniels adopted Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages.  ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date.  *See*, e.g., ECF No. 3666 (Judge Daniels' Order in *Burnett* authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

## F.  Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F.

Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment.  ECF No. 2618 at 13-14.  This Court, recognizing that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states.  *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343 (2d Cir. 2015).  In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest.  *Id.*  Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks.  *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims.

34

ECF No. 3363 at 28-29.  Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its

entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of

the claims.  ECF No. 3384 at 6.  Thereafter, in *Burnett/Iran II*, the Court again awarded

prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to

prejudgment interest, the Moving Plaintiffs respectfully request that the clerk be directed to

award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running

from September 11, 2001, until the date of the judgment.

## II.    CONCLUSION

For all of the reasons herein, the Goldman Declaration, in the papers previously

submitted to this Court in support of damages against Iran in this MDL, and as previously

decided by this Court, the Moving Plaintiffs respectfully request that this Honorable Court enter

an Order:

(1)    determining that service of process by the Moving Plaintiffs was properly

effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and

28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants; AND,

(2)    awarding the Plaintiffs identified in annexed Exhibits A judgments as to

damages in the same amounts previously awarded by this Court to various similarly

situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases;  AND,

(3)    awarding solatium damages to those Plaintiffs identified in annexed

Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000

per child, and $4,250,000 per sibling, as set forth in annexed Exhibits A; AND,

(4)    awarding certain of the estates of the 9/11 decedents, through the personal

representatives and on behalf of all survivors and all legally entitled beneficiaries and

docs-100420544.1

family member of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in annexed Exhibits B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the 9/11 Attacks, as set forth in annexed Exhibits B; AND,

(5)     awarding compensatory damages to those Moving Plaintiffs identified in annexed Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in annexed Exhibits B; AND,

(6)     awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in annexed Exhibits B, an award of economic damages in the amounts as set forth in annexed Exhibits B; AND,

(7)     awarding the Moving Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(8)     granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(9)     granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibits A and Exhibits B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

docs-100420544.1

Dated:   New York, New York                Respectfully submitted,
         November 19, 2021

                                           /s/ Jerry S. Goldman
                                           ANDERSON KILL P.C.
                                           Jerry S. Goldman, Esq.
                                           Bruce E. Strong, Esq.
                                           Alexander Greene, Esq.
                                           1251 Avenue of the Americas
                                           New York, NY 10020
                                           Tel:  (212) 279-1000
                                           Fax: (212) 278-1733
                                           Email:  jgoldman@andersonkill.com
                                                   bstrong@andersonkill.com
                                                   agreene@andersonkill.com
                                           *Attorneys for Plaintiffs*

docs-100420544.1