

EMILY KIRSCH
150 E. 58TH STREET 22ND FLOOR
NEW YORK, NY 10155
O (212) 832-0170
M (917) 744-2888
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

November 20, 2021

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

We write to ask for your reconsideration on one of the rulings in your Order of November 19, 2021. *ECF 7369.* Specifically, Your Honor admitted into evidence an email exchange between attorneys Megan Benett and Steven Pounian. *KSAX-0101.* We respectfully disagree that the circumstances of the admission of *KSAX-0101* are similar to those set forth in *Faulkner v. Arista Recs. LLC*, 797 F.Supp.2d 299, 307 (S.D.N.Y. 2011) as the Court suggests in *ECF 7369.* In *Faulkner,* on a motion for summary judgment, the court denied a party's motion to strike unauthenticated exhibits produced by the party itself. *See also, Roc Nation LLC v. HCC Int'l Ins. Co., PLLC,* 523 F. Supp.3d 539 (S.D.N.Y. March 4, 2021) (documents produced by a party do not need authentication on summary judgment).

The very significant difference between the proffer and objection of *KSAX-0101* and the circumstances of the above-cited cases is that Kreindler & Kreindler is learning of the Kingdom's intent to rely on *KSAX-0101* for the first time ***post-Hearing***. Differences between the admission of *KSAX-0101* and documents at issue in the above-referenced cases include that *KSAX-0101:*

- was not identified in pre-Hearing proceedings, such as depositions, allowing Kreindler & Kreindler to properly consider the Kingdom's proof;
- was not provided to Kreindler & Kreindler in any pre-Hearing motions;
- was not offered on summary judgement;
- was not provided to Kreindler & Kreindler on the eve of trial as one of their proposed exhibits;
- was not presented to any witness at trial – including the two trial witnesses who clearly have personal knowledge of the document;
- can now be used in the Kingdom's Findings of Fact and Conclusions of Law, before any notice to Kreindler & Kreindler as to the purpose for which the Kingdom intends to use the document.

While we appreciate this Court's preference for a substantive evidentiary objection, such as hearsay, rather than a technical authenticity objection, we note that because Kreindler & Kreindler has no way of knowing for what purpose the Kingdom intends to use or rely on the

1

**KIRSCH & NIEHAUS**

document: *Will it be used as evidence for the fact of its transmission? Will it be used as evidence for the truth of matters stated therein? Will it be used as evidence as an admission of a party?* Because we do not have the benefit of Hearing testimony on this document – and we have no idea what the document could possibly be used to show - we are unable to make to make the proper substantive objections.

Indeed, the reason that the authenticity requirement exists is to place the burden on the party offering the exhibit to lay a foundation with a knowledgeable witness such that the other party may elicit whatever clarifying testimony might be required to ensure that the document is described and explained fairly. By allowing the Kingdom to rely on a document that it had the opportunity to ask the author and recipient about, but that it strategically declined to do, invites improper speculation as to its meaning. If it is offered for the truth of the matter asserted, it will be hearsay. But Kreindler & Kreindler will not have a post-submission opportunity to address any improper uses of the document. If the Kingdom in its briefing relies on the document for the truth of the matter asserted, Kreindler & Kreindler will have no opportunity to make any substantive objections.

Our position is made plain by reference to Your Honor's ruling that *KSAX-0023*, a letter from Mr. Fawcett's attorney to the Kingdom's attorneys, is inadmissible hearsay. Like *KSAX-0023*, *KSAX-0101* is an out-of-court statement. Fed. R. Evid. 801(c), 802. Your Honor ruled that *KSAX-0023* is inadmissible, because the Kingdom has made plain that it will use the document for the truth of matters stated in the letter. With respect to *KSAX-0101*, also hearsay, neither the Court nor Kreindler & Kreindler knows for what purpose the Kingdom intends to use it. Accordingly, because the Kingdom *may* use the document for the truth of matters stated therein, or as admissions of a party (without the benefit of redirect testimony), we submit that the Court should not admit it.

Respectfully Submitted,

_____*/s/ Emily Kirsch* _____
Emily Bab Kirsch