UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2021

03-MD-1570 (GBD)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

    The Court has received the Declaration of Brian Weidener submitted by Kreindler & Kreindler in response to its order at ECF No. 7369. That order directed Kreindler & Kreindler to provide a declaration stating if a particular FBI agent attended the deposition of Musaed Al Jarrah without being listed on the deposition record. Kreindler & Kreindler responded with a filing that includes gratuitous and irrelevant information about nonparty Musaed Al Jarrah's interactions with the FBI. The Court therefore orders that this filing be sealed and a redacted copy be filed.

    Determining whether to seal a filing requires balancing the common law and First Amendment right of public access to court records against countervailing interests such as the privacy rights of non-parties. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). There is a presumption of public access to judicial documents such as this filing. Lugosch, 435 F.3d at 119. "Where testimony or documents play only a negligible role in the performance of Article III duties, [however], the weight of [that] presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). This filing was ordered only to explore a collateral fact in this Court's investigation of the breach of the protective orders in this matter. Thus, the presumption of access is low.

Conversely, the privacy rights of non-parties "are a venerable common law exception to the presumption of access." United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995). "[C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal,' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" Id. (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). The "job of protecting such interests rests heavily upon the shoulders of the trial judge . . . ." Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

Here, paragraphs one through five and nine through twelve are relevant to the Court's order to provide a declaration stating if a particular agent participated in the Al Jarrah deposition. The remaining paragraphs detail this agent's opinion of an FBI meeting with Al Jarrah. That has nothing to do with the Court's order and is the kind of "embarrassing conduct with no public ramifications," Amodeo, 71 F.3d at 1051, that weighs against public access. Balancing the low presumption in favor of public access against the strong privacy interest at play, sealing is appropriate.

Even where sealing is appropriate, however, the "'sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve the higher values and only if the sealing is narrowly tailored to achieve that aim.'" Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A., No. 14-cv-09764 (KPF)(SN), 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (quoting Tropical Sails Corp. v. Yext, Inc., No. 14-cv-7582 (JFK), 2016 WL 1451548, at *2 (S.D.N.Y. Apr. 12, 2016)). The Court therefore orders redactions only for those three paragraphs that have no relevance to the information the Court sought in its order. [1]

---

[1] If a First Amendment right of access attaches to this document, then the sealing analysis involves the same balancing test required by the common law right. Tropical Sails Corp., 2016 WL 1451548, at *2. The First Amendment analysis, however, is more stringent and requires that sealing be narrowly tailored to achieve its aim. Id. The aim here is to prevent the disclosure of potentially embarrassing and entirely

Therefore, the Court orders that Kreindler & Kreindler's filing at ECF No. 7379 be SEALED, with access restricted to the Kingdom of Saudi Arabia and the Plaintiffs' Executive Committees. Kreindler & Kreindler shall file a copy of ECF No. 7379 on the docket with paragraphs 6 through 8 redacted by November 24, 2021.

**SO ORDERED.**

DATED:   New York, New York
         November 23, 2021

_____
SARAH NETBURN
United States Magistrate Judge

---

irrelevant material. The Court has ordered the redaction of just three of the twelve paragraphs in the Weidener Declaration to achieve this objective while ensuring public access to relevant content. This Order thus satisfies the tests for sealing court records under both the common law and the First Amendment regardless of whether the latter applies.