UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*
*Betru, et al. v. Islamic Republic of Iran,* 18-CV-08297 (GBD)(SN)

## DECLARATION IN SUPPORT OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT AGAINST THE ISLAMIC REPUBLIC OF IRAN

1. I am an attorney duly admitted to practice law in the State of New York and before this Court and am a partner of the law firm Kreindler & Kreindler LLP, attorneys for the *Betru* Plaintiffs in the action above and am familiar with the facts and history in this action.

2. Pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1 of the United States District Courts for the Southern and Eastern Districts of New York, I submit this Declaration in support of the *Betru* Plaintiffs' application for a clerk's certificate of default against the Islamic Republic of Iran (Iran).

3. This is an action to recover damages owed by Iran for deaths and injuries resulting from the September 11, 2001 terrorist attacks (September 11 Terrorist Attacks). The *Betru* Plaintiffs are the personal representatives and immediate family members of individuals killed in the September 11 Terrorist Attacks.

4. The only defendant in the above-captioned matter is Iran.

5. On September 12, 2018, the *Betru* Plaintiffs commenced suit against Iran by the filing of a Complaint. *See* ECF 1. A summons was duly issued. *Id.*

6. Iran is not amendable to service pursuant to 28 U.S.C. § 1608(a)(1) or (2) because no special arrangement for service exists between the plaintiff and Iran and because there is no

applicable international convention on service of judicial documents upon Iran.

7. The *Betru* Plaintiffs attempted to serve Iran pursuant to 28 U.S.C. § 1608(a)(3) by mail. Iran rejected this attempt and, therefore, because service by mail could not be effected within thirty (30) days, plaintiffs proceeded to effect service by diplomatic channels pursuant to §1608(a)(4) as described below. *See* Exhibit A hereto, a true and correct copy of the Clerk's Certificate of Mailing.

8. Plaintiffs then embarked on service pursuant to 28 U.S.C. § 1608(a)(4), by sending via overnight mail to the Director of Special Consular Services at the Department of State the following items:

   a. a cover letter;

   b. a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern; copies of the following in English and in a certified Farsi translation (along with affidavit of translation):

      i. Notice of Suit;
      ii. Summons;
      iii. Complaint;
      iv. Complaint Appendix;
      v. Civil Cover Sheet;
      vi. Related Case Statement;
      vii. Foreign Sovereign Immunities Act (FSIA), 28 USCS § 1602;

(collectively, the "Service Documents"). *See* Exhibit B, a true and correct copy of the Service Documents.

9. On April 28, 2021, the Department of State Director of Special Consular Services

transmitted the Service Documents to the Swiss Ministry of Foreign Affairs for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran to serve on Iran. *See* Exhibit C, a true and correct copy of the Diplomatic Note.   That transmittal was completed on May 30, 2021. *See id.* at 5.

10. Based on the foregoing, the *Betru* Plaintiffs filed Proof of Service confirming that serviced was effected on Iran on May 30, 2021. *See* ECF No. 7425.

11. Iran has not filed any responsive pleading or otherwise defended the suit.

12. Based on the circumstances as set out above and in Rule 55(a) of the Federal Rules of Civil Procedure, which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," plaintiffs are entitled to entry of default against Defendant Iran.

13. Upon showing, the court clerk must enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a); *see City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011).

14. The clerk should now enter default against defendant Iran here because:

    a. Iran was obligated to "serve an answer or other responsive pleading to the complaint within sixty days after service [was effectuated]." 28 U.S.C. § 1608(d);

    b. Iran was served on May 30, 2021;

    c. More than sixty (60) days will have elapsed since service, and Iran has not served an answer or other responsive pleading, or taken any other steps to defend this action since receiving service.

15.     Accordingly, the Clerk should enter a default against Iran pursuant to Fed. R. Civ. P. 55(a).

16.     The defendant is not a minor, infant, or an incompetent person.  *See* Fed. R. Civ. P. 55(b)(1).

17.     The defendant is not in military service.  *See* 50 U.S.C. app. §521(b)(1).

18.     For the reasons set forth herein, Iran was properly served and has failed to timely answer or otherwise defend against this action within sixty (60) days as required by 28 U.S.C. § 1608(d).  Accordingly, the *Betru* Plaintiffs request that the Court enter a Clerk's Certificate of Default as to the Islamic Republic of Iran in the form attached herewith as Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained herein is true and correct.


Dated:  New York, New York
        December 6, 2021

                                         /s/ Megan W. Benett
                                        Megan W. Benett, Esq. (MB 1234)
                                        Kreindler & Kreindler LLP
                                        485 Lexington Avenue, 28th Floor
                                        New York, NY 10017
                                        Tel: (212) 973-3406
                                        Fax: (212) 972-9432
                                        mbenett@kreindler.com