EXHIBIT B



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



# KREINDLER

KREINDLER & KREINDLER LLP | 750 Third Avenue | New York, NY 10017-2725

office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

March 4, 2021

**VIA OVERNIGHT MAIL**
ATTN: Director of Special Consular Services for FSIA
Secretary of State
U.S. Department of State
CA/OCS/L SA-17
10th Floor
Washington, DC 20522-1710

RE:     *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
        *Ashton et al. v. al Qaeda et al.*, 02-cv-6977 (GBD) (SN)
        *Betru, et al. v. Islamic Republic of Iran*, 18-CV-08297 (GBD)(SN)

Dear Director of Special Consular Services,

My office represents several death cases resulting from the September 11, 2001 terrorist attacks in the consolidated action entitled *Ashton et al. v. Al Qaeda Islamic Army et al.*, 03-MD-1570 (02-CV-6977) (GBD)(SN) in the United States District Court for the Southern District of New York. This letter is to request service of the September 12, 2018 Notice of Suit, Summons and Complaint, Civil Cover Sheet and Related Case Statement against the Islamic Republic of Iran ("Iran") pursuant to the Foreign Sovereign Immunities Act ("FSIA").

We ask that the Department of State serve the enclosed Notice of Suit, Summons and Complaint, Civil Cover Sheet and Related Case Statement on the Republic of Iran through diplomatic channels in accordance with 42 U.S.C. §10609(j) and 28 U.S.C. §1608(a)(4). Plaintiffs have complied with the requirements for service under 28 U.S.C. §1608 for Request for Service under the FSIA. Defendant Iran is a foreign state as defined in 28 U.S.C. §1603 of the FSIA. We previously attempted to serve Iran with the initiating Complaint through traditional means of service pursuant to 28 U.S.C. §§1608(a)(1)-1608(a)(3), but we were unsuccessful.

Specifically, because Iran does not accept service pursuant to a bilateral agreement or treaty, on June 22, 2020, the Clerk of the Court for the United States District Court of the Southern District of New York attempted to transmit service on Iran via the United States Postal Service following our request for service under 28 U.S.C. § 1608(a)(3), but service was rejected and all service materials were returned.

Therefore, it was necessary to serve Iran with the Complaint through diplomatic channels.

**New York**                    **Boston**                    **Los Angeles**

March 4, 2021
Page 2

      We now ask that the September 12, 2018 Notice of Suit, Summons and Complaint, Civil Cover Sheet and Related Case Statement be served on Iran by the Department of State through the diplomatic channels for process of service described under 22 C.F.R. §93.2. Iran is not a party to a convention of service nor will it accept service by mail and service from the Clerk of the Court was rejected more than 30 days ago. The only method of service available to Plaintiffs is pursuant to 28 U.S.C. §1608(a)(4).

      The September 12, 2018 Complaint documents have been translated into Farsi, the official language of Iran. Enclosed for service on Iran, please find two full sets of the following:

          1) Attachment A:
          Notice of Suit Pursuant to 28 U.S.C. §1608 and 22 C.F.R. §93.2
          Certified Farsi translation
          Affidavit of Translation

          (2) Attachment B:
          Summons in a Civil Action
          Certified Farsi translation
          Affidavit of Translation

          (3) Attachment C:
          Complaint ECF notification
          Complaint
          Complaint Appendix
          Civil Cover Sheet ECF notification
          Civil Cover Sheet
          Related Case Statement ECF notification
          Related Case Statement
          Certified Farsi translations
          Affidavit of Translations

          (4) Attachment D
          Copy of the Foreign Sovereign Immunities Act and the certified Farsi translation.

      In accordance with 22 C.F.R. §22.1, we have also enclosed a check for the service fee of $2,275.00, made payable to the U.S. Embassy Bern with this request for service. Please ensure, at your earliest convenience, that the State Department provides me with a certified copy of the diplomatic note indicating when the papers were transmitted.

March 4, 2021
Page 2

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Executed on March 4, 2021 in New York, New York.

Very truly yours,

Kreindler & Kreindler LLP

By:  Megan W. Benett

Enclosures

282111107 NEW 01/08 8810004306

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**CASHIER'S CHECK**

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

9702240587

255
440

# CHASE

Remitter: **KREINDLER & KREINDLER LLP**

Date   03/04/2021   Void after 7 years

Pay To The
Order Of:   **U.S. EMBASSY BERN**

Pay:   TWO THOUSAND TWO HUNDRED SEVENTY FIVE DOLLARS AND 00 CENTS   $** 2,275.00 **

Do not write outside this box

Memo: _____

Note: For information only. Comment has no effect on bank's payment.

Drawer:   **JPMORGAN CHASE BANK, N.A.**

Reginald Chambers, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Columbus, OH

Security
Features
Details on
Back

⑆9702240587⑆ ⑉044000037⑉ 758661433⑈

Attachment A
Notice of Suit Pursuant to 28 U.S.C. §1608 and 22 C.F.R. §93.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case Betru *et al. v. Islamic Republic of Iran*, 18-cv-8297 (GBD)(SN))

**NOTICE OF SUIT PURSUANT TO**
**28 U.S.C. §1608 and 22 C.F.R. §93.2**

1.        PLEASE TAKE NOTICE that a complaint has been filed against you in the United States District Court for the Southern District of New York in the consolidated legal proceeding entitled *Ashton et al. v. Al Qaeda Islamic Army et al.,* 03-md-1570 (02-CV-6977 (GBD)(SN) and member case *Betru et al. v. Islamic Republic of Iran,* 18-cv-8297 (GBD)(SN)) against the Islamic Republic of Iran.  The presiding judge is the Honorable George B. Daniels.

2.        The Islamic Republic of Iran and its political subdivisions constitute a foreign state.

3.        The following plaintiffs by and through the undersigned counsel, filed this Complaint against the Islamic Republic of Iran.

- SIRAK BETRU, Individually, and as Personal Representative of the Estate of YENENEH BETRU, Deceased;
- RUTH BETRU, as surviving Sibling of YENENEH BETRU, Deceased;
- ARON BETRU, as surviving Sibling of YENENEH BETRU, Deceased;
- BETRU TENSAY, as surviving Parent of YENENEH BETRU, Deceased;
- SARA TESHEBRU, as surviving Parent of YENENEH BETRU, Deceased;
- DAVID BURFORD, Individually, and as Personal Representative of the Estate of CHRISTOPHER BURFORD, Deceased;
- PAMELA J. THORNTON, as surviving Parent of CHRISTOPHER BURFORD, Deceased;
- ASHLEY R. CALABRO, as surviving Sibling of CHRISTOPHER BURFORD,

Deceased;

- VICKI L. BURFORD, as surviving Stepparent of CHRISTOPHER BURFORD, Deceased;
- JEREMY M. KRIST, as surviving Stepsibling of CHRISTOPHER BURFORD, Deceased;
- MELINDA COOPER, individually, and as Personal Representative of the Estate of JULIAN COOPER, Deceased;
- DARLENE COOPER CANADY, as surviving Sibling of JULIAN COOPER, Deceased;
- MARIE ANNETTE DORY, as surviving Sibling of JULIAN COOPER, Deceased;
- CARMEN DIAZ, individually, and as Co-Personal Representative of the Estate of NANCY DIAZ, Deceased;
- LEOCADIO DIAZ, individually, and as Co-Personal Representative of the Estate of NANCY DIAZ, Deceased;
- AMANDA MARTINEZ DIAZ, as surviving Child of NANCY DIAZ, Deceased;
- BELKYS DIAZ, as surviving Sibling of NANCY DIAZ, Deceased;
- LEONEL DIAZ, as surviving Sibling of NANCY DIAZ, Deceased;
- MICHELLE FREDERICKS, Individually, and as Personal Representative of the Estate of ANDREW FREDERICKS, Deceased;
- ANDREW J. FREDERICKS, as surviving Child of ANDREW FREDERICKS, Deceased;
- HAYLEY FREDERICKS, as surviving Child of ANDREW FREDERICKS, Deceased;
- ANDREW FURMAN, individually, and as Co-Personal Representative of the Estate of STEVEN FURMAN, Deceased;
- CHAVA FURMAN, individually, and as Co-Personal Representative of the Estate of STEVEN FURMAN, Deceased;
- JAYNE FURMAN, as surviving Sibling of STEVEN FURMAN, Deceased;
- MICHAEL FURMAN, as surviving Sibling of STEVEN FURMAN, Deceased;
- HAROLD LILIE, as Personal Representative of the Estate of JOYCE LILIE, Deceased, surviving Parent of STEVEN FURMAN, Deceased;
- HAROLD LILIE, as surviving Stepparent of STEVEN FURMAN, Deceased;
- MARGARET HARRELL, Individually, as surviving Spouse, and Personal Representative of the Estate of STEPHEN G. HARRELL, Deceased;
- HOLLY RAE HARRELL, as surviving Child of STEPHEN G. HARRELL, Deceased;
- BARBARA LYNCH, Individually, as surviving Spouse, and Personal Representative of the Estate of ROBERT O'SHEA, Deceased;
- OTELIO MALDONADO, JR., Individually, as surviving Spouse, and Personal Representative of the Estate of DEBORA MALDONADO, Deceased;
- KRYSTAL MALDONADO, as surviving Child of DEBORA MALDONADO, Deceased;
- CHRIS MALDONADO, as surviving Child of DEBORA MALDONADO,

Deceased;

- JASON SHERMAN, individually, and as Personal Representative of the Estate of TOYENA C. SKINNER, Deceased;
- JASON SHERMAN on behalf of M. S., minor, surviving Child of TOYENA C. SKINNER, Deceased;
- LAURIE WEINBERG, individually, and as Personal Representative of the Estate of STEVEN WEINBERG, Deceased;
- JASON WEINBERG, as surviving Child of STEVEN WEINBERG, Deceased;
- SAMUEL WEINBERG, as surviving Child of STEVEN WEINBERG, Deceased;
- LINDSAY WEINBERG, as surviving Child of STEVEN WEINBERG, Deceased;

## JUDICIAL DOCUMENTS

4.      Summons and Complaint.

5.      The above-referenced proceeding is an action for liability and damages arising out of the wrongful deaths of American citizens on American soil due to terrorist attacks financed, planned, and perpetrated by, among others, the Islamic Republic of Iran and its agents, servants, and employees.

6.      A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than 60 days after these documents are received.  The response may present jurisdictional defenses (included defenses related to state immunity).

7.      The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment.  If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.      Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94-583, 90 Stat. 2891).

9.      For the foregoing reasons, we are serving the Complaint and Summons and their

3

Farsi translation on the Islamic Republic of Iran through the Ministry of Foreign Affairs.


Dated: March 16, 2020
     New York, NY
                                              /s/ Megan W. Benett
                                              Megan W. Benett

Attachment A
Notice of Suit Pursuant to 28 U.S.C. §1608 and 22 C.F.R. §93.2
Certified Farsi Translation



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

**CERTIFICATION**

Date: March 23, 2020

We hereby certify and confirm that the below mentioned document is a true and accurate **Farsi translation** of the **English documents** presented to us, and has been translated to the best of our professional ability.

**NOTICE OF SUIT PURSUANT TO 28 U.S.C. §1608 and 22 C.F.R. §93.2**

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public:

CYNTHIA M. PASCIUTO
NOTARY PUBLIC
My commission expires Jan. 21, 2022

My commission expires on:

Jan 21, 2022

دادگاه‌های ناحیه ایالات متحده آمریکا
ناحیه جنوب نیویورک

| | |
|---|---|
| 03 MDL 1570 (GBD) (SN) پرونده ECF | در رابطه با حملات تروریستی مورخ 11 سپتامبر 2001 |

این سند مربوط است به

Ashton و دیگران علیه ارتش اسلامی القاعده و دیگران، (SN) (GBD) (02-cv-6977 (و پرونده Betru و دیگران علیه جمهوری اسلامی ایران و دیگران،(SN)(GBD) 18-cv-8297)

**اطلاعیه دادخواست بر اساس**
**بخش 1608 از عنوان 28 قانون مدنی آمریکا و بخش 93.2 از عنوان 22 از مقررات فدرال**

1. لطفاً مطلع باشید که شکایتی در دادگاه منطقه‌ای نیویورک مربوط به ناحیه جنوب نیویورک در خصوص پرونده حقوقی تلفیقی تحت عنوان *Ashton و دیگران علیه ارتش اسلامی القاعده و دیگران*،(SN)(GBD) (02-CV-6977) 03-md-01570 و پرونده Betru و دیگران علیه جمهوری اسلامی ایران و دیگران،(SN)(GBD) 18-cv-8297 علیه جمهوری اسلامی ایران ثبت شده است. ریاست دادگاه به عهده قاضی George B. Daniels است.

2. جمهوری اسلامی ایران و زیرمجموعه‌های سیاسی آن، یک دولت خارجی را تشکیل می‌دهند.

3. شاکیان زیر از طریق مشاور امضا کننده، این شکایت‌نامه را علیه جمهوری اسلامی ایران ثبت کرده اند:

- SIRAK BETRU، شخصاً و به عنوان نماینده شخصی ورثه YENENEH BETRU متوفی؛
- RUTH BETRU خواهر یا برادر بازمانده YENENEH BETRU متوفی؛
- ARON BETRU خواهر یا برادر بازمانده YENENEH BETRU متوفی؛
- BETRU TENSAY ولی بازمانده YENENEH BETRU متوفی؛
- SARA TESHEBRU، ولی بازمانده YENENEH BETRU متوفی،
- DAVID BURFORD، شخصاً و به عنوان نماینده شخصی ورثه CHRISTOPHER BURFORD متوفی،
- PAMELA J. THORNTON ولی بازمانده CHRISTOPHER BURFORD متوفی،
- ASHLEY R. CALABRO، خواهر یا برادر بازمانده CHRISTOPHER BURFORD متوفی،

- VICKI L. BURFORD، ولی ناتنی CHRISTOPHER BURFORD متوفی،
- JEREMY M. KRIST، خواهر یا برادر ناتنی CHRISTOPHER BURFORD متوفی،
- MELINDA COOPER، شخصاً و به عنوان نماینده شخصی ورثه JULIAN COOPER متوفی،
- DARLENE COOPER CANADY، خواهر یا برادر بازمانده JULIAN COOPER متوفی،
- MARIE ANNETTE DORY، خواهر یا برادر بازمانده JULIAN COOPER متوفی،
- CARMEN DIAZ، شخصاً و به عنوان نماینده مشترک شخصی ورثه NANCY DIAZ متوفی،
- LEOCADIO DIAZ، شخصاً و به عنوان نماینده مشترک ورثه NANCY DIAZ متوفی،
- AMANDA MARTINEZ DIAZ، فرزند بازمانده NANCY DIAZ متوفی،
- BELKYS DIAZ، خواهر یا برادر بازمانده NANCY DIAZ متوفی،
- LEONEL DIAZ، خواهر یا برادر بازمانده NANCY DIAZ متوفی،
- MICHELLE FREDERICKS، شخصاً و به عنوان نماینده شخصی ورثه ANDREW FREDERICKS متوفی،
- ANDREW J. FREDERICKS، فرزند بازمانده ANDEW FREDERICKS متوفی،
- HAYLEY FREDERICKS، فرزند بازمانده ANDEW FREDERICKS متوفی،
- ANDREW FURMAN، شخصاً و به عنوان نماینده مشترک شخصی ورثه STEVEN FURMAN متوفی،
- CHAVA FURMAN، شخصاً و به عنوان نماینده شخصی مشترک ورثه STEVEN FURMAN متوفی،
- JAYNE FURMAN، خواهر یا برادر بازمانده STEVEN FURMAN متوفی،
- MICHAEL FURMAN، خواهر یا برادر بازمانده STEVEN FURMAN متوفی،
- HAROLD LILIE، نماینده شخصی ورثه JOYCE LILIE متوفی، ولی بازمانده STEVEN FURMAN متوفی،
- HAROLD LILIE، ولی ناتنی بازمانده STEVEN FURMAN متوفی،
- MARGARET HARREL، شخصاً، به عنوان همسر بازمانده و نماینده شخصی ورثه STEPHEN G. HARREL متوفی،
- HOLLY RAE HARREL، فرزند بازمانده STEPHEN G. HARREL متوفی،
- BARBARA LYNCH، شخصاً و همسر بازمانده و نماینده شخصی ورثه ROBERT O'SHEA، متوفی،
- OTELIO MALDONADO, JR، شخصاً و همسر بازمانده و نماینده شخصی ورثه DEBORA MALDONADO متوفی،
- KRYSTAL MALDONADO، فرزند بازمانده DEBORA MALDONADO متوفی،
- CHRIS MALDONADO، فرزند بازمانده DEBORA MALDONADO متوفی،

- JASON SHERMAN، شخصاً و نماینده شخصی ورثه TOYENA C. SKINNER متوفی،
- JASON SHERMAN از طرف .M.S، فرد صغیر فرزند بازمانده TOYENA C. SKINNER متوفی
- STEVEN WEINBERG، شخصاً و به عنوان نماینده شخصی LAURIE WEINBERG متوفی،
- JASON WEINBERG، فرزند بازمانده STEVEN WEINBERG متوفی
- SAMUEL WIENBERG، فرزند بازمانده STEVEN WEINBERG متوفی،
- LINDSAY WEINBERG، فرزند بازمانده STEVEN WEINBERG متوفی

## اسناد قضایی

4. احضاریه و شکایت نامه.

5. پرونده فوق اقدامی درباره مسئولیت و خسارات ناشی از قتل غیرقانونی و جراحت شهروندان آمریکا در خاک آمریکا به علت حمایت مالی و طرح‌ریزی و اجرای حملات تروریستی توسط جمهوری اسلامی ایران و عاملان، خدمت‌گذاران و کارکنان آن است.

6. پاسخ به "احضاریه ها" و "شکایت" باید ظرف 60 روز از زمان دریافت این اسناد به دادگاه ارسال شود. این پاسخ می‌تواند شامل دفاع در برابر صلاحیت حوزه ی قضایی برای محاکمه شود (از جمله ارائه‌ی دفاع مرتبط با مصونیت دولتی).

7. عدم ارسال به موقع پاسخ به دادگاه می تواند منجر به صدور حکم غیابی و در خواستی برای اجرای حکم شود. در صورت صدور حکم غیابی، ممکن است رویه‌ای برای لغو حکم وجود داشته باشد.

8. سوالات مربوط به مصونیت دولت‌ها و صلاحیت دادگاه‌های ایالات متحده برای قضاوت در مورد کشورهای خارجی مشمول قانون مصونیت حاکمیت‌های خارجی سال 1976 می‌شود، که در بخش‌های 1330، (f)1391، (d)1441 و 1602 تا 1611 از عنوان 28 قانون کشور ایالات متحده (Pub. L. (94-583; 90 Stat. 2891؛ آمده است.

9. بنا به دلایل فوق، از وزارت کشور ایالات متحده آمریکا احتراماً تقاضا دارم که شکایتنامه و احضاریه  و ترجمه فارسی آن را به جمهوری اسلامی ایران ابلاغ کند.

<table>
<tr><td>امضا Megan W. Benett</td><td>تاریخ: 16 مارس 2020</td></tr>
<tr><td>_____</td><td>نیویورک، نیویورک</td></tr>
<tr><td>Megan W. Benett</td><td></td></tr>
</table>

Attachment B
Summons in a Civil Action

28 USC 1608 Summons H16
4/17

_____

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Sirak Betru, Individually, and as Personal
Representative of the Estate of Yeneneh Betru,
Deceased, et. al.,

_____
Plaintiff

)
)
)
)
)
)
)
)

Civil Action No. 1:18-cv-08297

v.

Islamic Republic of Iran

_____
Defendant

## SUMMONS IN A CIVIL ACTION

To:     (Defendant's name and address)

Islamic Republic of Iran, H.E. Dr. Mohammad Javad Zarif
Foreign Minister of the Ministry of Foreign Affairs
Imam Khomeini Street, Imam Khomeini Square, Tehran, Islamic Republic of Iran

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kreindler & Kreindler LLP
750 Third Avenue, 32nd Floor
New York, NY 10017

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: 3/24/2020

_____
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ˃ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ˃ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ˃ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ˃ I returned the summons unexecuted because _____ ; or

    ˃ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.


Date: _____

                                    _____
                                              *Server's signature*

                                     _____
                                           *Printed name and title*

                                     _____
                                              *Server's address*

Additional information regarding attempted service, etc:

Attachment B
Summons in a Civil Action
Certified Farsi Translation



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

**CERTIFICATION**

Date: March 23, 2020

We hereby certify and confirm that the below mentioned document is a true and accurate Farsi translation of the English documents presented to us, and has been translated to the best of our professional ability.

**SUMMONS IN A CIVIL ACTION**

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public:

**CYNTHIA M. PASCIUTO**
**NOTARY PUBLIC**
My commission expires Jan. 21, 2022

My commission expires on:

Jan 21, 2022

<div dir="rtl">

28 USC 1608 احضاریه IH6

4/17

**دادگاه منطقه‌ای ایالات متحده**

برای

منطقه جنوبی نیویورک

| | |
|---|---|
| | SIRAK BETRU شخصاً و به عنوان نماینده شخصی ورثه |
| | YENENEH BETRU متوفی و دیگران ( |
| | ( |
| | ( |
| | (------------------------------------------- |
| | شاکی ( |
| | علیه ( |
| اقدام مدنی شماره 1:18-cv-08297 | ( |
| | جمهوری اسلامی ایران ( |
| | (------------------------------------------- |
| | متهم ( |

**احضاریه در قالب یک اقدام مدنی**

به: *(نام و آدرس متهم)*

جمهوری اسلامی ایران، دکتر محمد جواد ظریف

وزیر امور خارجه جمهوری اسلامی ایران،

خیابان امام خمینی، میدان امام خمینی، تهران، جمهوری اسلامی ایران

علیه شما دعوایی ثبت شده است.

ظرف مدت 60 روز پس از تقدیم این احضاریه (به غیر از روزی که آن را دریافت کردید)، باید به شکایت پیوستی شاکی پاسخ بدهید یا دادخواستی طبق قانون مندرج در ماده 12 قانون دادرسی مدنی فدرال ابلاغ نمایید. پاسخ یا دادخواست باید به شاکی یا وکیل شاکی ابلاغ شود که نام و آدرس ایشان عبارت است از:

Kreindler & Kreindler LLP
750 Third Avenue, 32nd Floor
New York, NY 10017

اگر پاسخ ندهید، ممکن است حکم غیابی علیه شما برای جبران خسارت مورد شکایت صادر شود. همچنین می‌بایست پاسخ یا دادخواست خود را در دادگاه ثبت کنید.

منشی دادگاه

تاریخ: _____

_____
امضا منشی یا معاون منشی

</div>

<div dir="rtl">

28 USC 1608 احضاریه (12/11) (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ

### (این بخش نباید در دادگاه ثبت شود، مگر اینکه در *Fed. R. Civ. P. 4 (l)* الزامی باشد.)

این احضاریه برای (نام فرد و عنوان، در صورت وجود) _____ توسط من

در تاریخ (تاریخ) _____ دریافت شد.

☐ من شخصا احضاریه را به فردی در (مکان) _____

_____ در (تاریخ) _____ تحویل دادم؛ یا

☐ من احضاریه را در محل اقامت فرد یا محل اقامت معمول او به (نام)

_____ ، فردی ساکن آنجا که به سن و صلاحیت مناسبی دارد در (تاریخ)

_____ تحویل دادم و یک رونوشت را به آخرین آدرس شناخته شده فرد ارسال کردم؛

یا

☐ من احضاریه را به (نام فرد) _____ ، که به توسط قانون برای

پذیرش ابلاغیه به نمایندگی از (نام سازمان) _____

_____ تعیین شده در (تاریخ) _____

تحویل دادم ؛ و یا

☐ من احضاریه را بدون تحویل دادن برگرداندم چون _____ ؛ یا

☐ سایر موارد (مشخص کنید):

هزینه های من _____$ برای سفر و _____$ برای ابلاغ، در مجموع

_____0.00_____ $ است. من با قبول مجازات شهادت دروغ گواهی می‌کنم که این اطلاعات درست است.

تاریخ: _____

امضای مامور ابلاغ _____

نام و عنوان چاپی _____

آدرس مامور ابلاغ _____

اطلاعات اضافی در مورد ابلاغ صورت گرفته و غیره:

</div>

Attachment C
Complaint Documents (Complaint, Complaint Appendix, Civil Cover Sheet,
Related Case Statement and ECF notifications)

**Lisa Ranieri**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Wednesday, September 12, 2018 2:27 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:18-cv-08297 Betru et al Complaint |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Southern District of New York**

</div>

**Notice of Electronic Filing**

The following transaction was entered by Kreindler, James on 9/12/2018 at 2:26 PM EDT and filed on 9/12/2018

| | |
|---|---|
| **Case Name:** | Betru et al |
| **Case Number:** | 1:18-cv-08297 |
| **Filer:** | Michael Furman |
| | Jayne Furman |
| | Amanda Martinez Diaz |
| | David Burford |
| | Andrew J Fredericks |
| | Carmen Diaz |
| | Sirak Betru |
| | Chava Furman |
| | Marie Annette Dory |
| | Otelio Maldonado, Jr. |
| | Lindsay Weinberg |
| | Michelle Fredericks |
| | Hayley Fredericks |
| | Andrew Furman |
| | Barbara Lynch |
| | Melinda Cooper |
| | Leocadio Diaz |
| | Jason Sherman |
| | Ashley R Calabro |
| | Harold Lilie |
| | Vicki L Burford |

Jason Weinberg
Belkys Diaz
Krystal Maldonado
Leonel Diaz
Sara Teshebru
Holly Rae Harrell
Ruth Betru
Margaret Harrell
Laurie Weinberg
Pamela J Thornton
Jeremy M Krist
Chris Maldonado
Darlene Cooper Canady
Aron Betru
Samuel Weinberg
Betru Tensay

**Document Number:** 1

**Docket Text:**
**COMPLAINT against Islamic Republic of Iran. (Filing Fee $ 400.00, Receipt Number 0208-15559554)Document filed by Michael Furman, Jayne Furman, Amanda Martinez Diaz, David Burford(Individually), Andrew J Fredericks, Carmen Diaz(Individually), Sirak Betru(As Personal Representative of the Estate of Yeneneh Betru, deceased), Sirak Betru(Individually), Carmen Diaz(As Co-Personal Representative of the Estate of Nancy Diaz, deceased), Chava Furman(Individually), Marie Annette Dory, Otelio Maldonado, Jr.(as surviving spouse), Lindsay Weinberg, Michelle Fredericks(As Personal Representative of the Estate of Andrew Fredericks, deceased), Hayley Fredericks, Andrew Furman(Individually), Barbara Lynch(Individually), Melinda Cooper(As Personal Representative of the Estate of Julian Cooper, deceased), Leocadio Diaz(As Co-Personal Representative of the Estate of Nancy Diaz, deceased), Jason Sherman(as Personal Representative of the Estate of Toyena C. Skinner, deceased), Michelle Fredericks(Individually), Ashley R Calabro, Chava Furman(As Co-Personal Representative of the Estate of Steven Furman, deceased), Harold Lilie(as surviving Stepparent of Steven Furman, deceased), Vicki L Burford, Jason Weinberg, Jason Sherman(Individually), Barbara Lynch(Personal Representative of the Estate of Robert O'Shea, deceased), Belkys Diaz, Krystal Maldonado, Melinda Cooper(Individually), Leonel Diaz, Andrew Furman(As Co-Personal Representative of the Estate of Steven Furman, deceased), Sara Teshebru, Jason Sherman(on behalf of M.S., minor, surviving Child of Toyena C. Skinner, deceased), Holly Rae Harrell, Ruth Betru, Margaret Harrell(Individually), Laurie Weinberg(Individually), Pamela J Thornton, Barbara Lynch(as surviving Spouse), Jeremy M Krist, Chris Maldonado, Darlene Cooper Canady, Laurie Weinberg(as Personal Representative of the Estate of Steven Weinberg, deceased), David Burford(As Personal Representative of the Estate of Christopher Burford, deceased), Margaret Harrell(Personal Representative of the Estate of Stephen G. Harrell, Deceased), Aron Betru, Harold Lilie(as Personal Representative of the Estate of Joyce Lilie, deceased, surviving Parent of Steven Furman, deceased), Otelio Maldonado, Jr.(Personal Representative of the Estate of Debora Maldonado, deceased), Margaret Harrell(As surviving Spouse), Otelio Maldonado, Jr.(Individually), Leocadio Diaz(Individually), Samuel Weinberg, Betru Tensay. (Attachments: # (1) Appendix 1)(Kreindler, James)**

2

**1:18-cv-08297 Notice has been electronically mailed to:**

James P. Kreindler    jkreindler@kreindler.com, gmasterson@kreindler.com, iszczesiak@kreindler.com

**1:18-cv-08297 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018] [FileNumber=20806460-0] [87a231f40a113edda1c4efbbd494ca798aac9d7bc3c0fb2d0c5d32e041bb6e067a acaaa36c5d6742e5d29d2bc5f228320ad3011f4177bab858e91295abc6e0c1]]
**Document description:** Appendix 1
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018] [FileNumber=20806460-1] [8ecc7bc0e8b0c44d2487bced388da54fa1c5e634f2ef084942621b3375f7374ca4 37810ee54d60c36822f3bfddafdb2b4b43388697c7320279ba391fa3a9676a]]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:                                                      18-cv-8297

    **TERRORIST ATTACKS ON**                 **Relates to:**
    **SEPTEMBER 11, 2001**                     **03-MD-1570 (GBD)(SN)**

-----------------------------------------------------------------X

SIRAK BETRU, Individually, and as Personal
Representative of the Estate of YENENEH BETRU,
Deceased;
RUTH BETRU, as surviving Sibling of YENENEH
BETRU, Deceased;
ARON BETRU, as surviving Sibling of YENENEH
BETRU, Deceased;
BETRU TENSAY, as surviving Parent of YENENEH
BETRU, Deceased;
SARA TESHEBRU, as surviving Parent of YENENEH
BETRU, Deceased;

DAVID BURFORD, Individually, and as Personal
Representative of the Estate of CHRISTOPHER
BURFORD, Deceased;
PAMELA J. THORNTON, as surviving Parent of
CHRISTOPHER BURFORD, Deceased;
ASHLEY R. CALABRO, as surviving Sibling of
CHRISTOPHER BURFORD, Deceased;
VICKI L. BURFORD, as surviving Stepparent of
CHRISTOPHER BURFORD, Deceased;
JEREMY M. KRIST, as surviving Stepsibling of
CHRISTOPHER BURFORD, Deceased;

MELINDA COOPER, individually, and as Personal
Representative of the Estate of JULIAN COOPER,
Deceased;
DARLENE COOPER CANADY, as surviving Sibling of
JULIAN COOPER, Deceased;
MARIE ANNETTE DORY, as surviving Sibling of
JULIAN COOPER, Deceased;

CARMEN DIAZ, individually, and as Co-Personal
Representative of the Estate of NANCY DIAZ, Deceased;
LEOCADIO DIAZ, individually, and as Co-Personal
Representative of the Estate of NANCY DIAZ, Deceased;
AMANDA MARTINEZ DIAZ, as surviving Child of
NANCY DIAZ, Deceased;

1

BELKYS DIAZ, as surviving Sibling of NANCY DIAZ,
Deceased;
LEONEL DIAZ, as surviving Sibling of NANCY DIAZ,
Deceased;

MICHELLE FREDERICKS, Individually, and as Personal
Representative of the Estate of ANDREW FREDERICKS,
Deceased;
ANDREW J. FREDERICKS, as surviving Child of ANDREW
FREDERICKS, Deceased;
HAYLEY FREDERICKS, as surviving Child of ANDREW
FREDERICKS, Deceased;

ANDREW FURMAN, individually, and as Co-Personal
Representative of the Estate of STEVEN FURMAN, Deceased;
CHAVA FURMAN, individually, and as Co-Personal
Representative of the Estate of STEVEN FURMAN, Deceased;
JAYNE FURMAN, as surviving Sibling of STEVEN FURMAN,
Deceased;
MICHAEL FURMAN, as surviving Sibling of STEVEN
FURMAN, Deceased;
HAROLD LILIE, as Personal Representative of the Estate of
JOYCE LILIE, Deceased, surviving Parent of STEVEN
FURMAN, Deceased;
HAROLD LILIE, as surviving Stepparent of STEVEN FURMAN,
Deceased;

MARGARET HARRELL, Individually, as surviving Spouse, and
Personal Representative of the Estate of STEPHEN G. HARRELL,
Deceased;
HOLLY RAE HARRELL, as surviving Child of STEPHEN G.
HARRELL, Deceased;

BARBARA LYNCH, Individually, as surviving Spouse, and
Personal Representative of the Estate of ROBERT O'SHEA,
Deceased;

OTELIO MALDONADO, JR., Individually, as surviving Spouse,
and Personal Representative of the Estate of DEBORA
MALDONADO, Deceased;
KRYSTAL MALDONADO, as surviving Child of DEBORA
MALDONADO, Deceased;
CHRIS MALDONADO, as surviving Child of DEBORA
MALDONADO, Deceased;

JASON SHERMAN, individually, and as Personal Representative
of the Estate of TOYENA C. SKINNER, Deceased;
JASON SHERMAN on behalf of M. S., minor, surviving Child of
TOYENA C. SKINNER, Deceased;

LAURIE WEINBERG, individually, and as Personal
Representative of the Estate of STEVEN WEINBERG,
Deceased;
JASON WEINBERG, as surviving Child of STEVEN
WEINBERG, Deceased;
SAMUEL WEINBERG, as surviving Child of STEVEN
WEINBERG, Deceased;
LINDSAY WEINBERG, as surviving Child of STEVEN
WEINBERG, Deceased;

Plaintiff(s),

-against-

ISLAMIC REPUBLIC OF IRAN,

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Defendant.

-----------------------------------------------------------------X

Plaintiffs named herein by and through the undersigned counsel file this Short Form

Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September

11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved

by the Court's Order of July 10, 2018, ECF No. ___4045___. Each Plaintiff incorporates by

reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton

Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran,

ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-

9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.


Upon filing this Iran Short Form Complaint, each Plaintiff is deemed to have adopted all

factual and jurisdictional allegations of the complaint that has been joined as specified below; all

causes of action contained within that complaint; all prior filings in connection with that

complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.      Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

☑      Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☐     Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903
      (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.    In addition, each Plaintiff hereby asserts the following additional causes of action:

☑     Iran Short Form Complaint First Cause of Action to Recover Wrongful Death
      Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of
      Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or
      ATA)

      As a factual basis for this cause of action, Plaintiff(s) allege that the allegations
      set forth in the complaint noted above, as well as the allegations set forth in the
      <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they
      suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in
      the September 11, 2001 Terrorist Attacks constituted acts of international
      terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that
      the September 11, 2001 Terrorist Attacks constituted acts of international
      terrorism committed, planned or authorized by an organization that had been
      designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the
      September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to
      18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing
      substantial assistance, with others and/or conspired with others who committed an
      act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☑     Iran Short Form Complaint First Cause of Action to Recover Personal Injury
      Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of
      Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or
      ATA)

      As a factual basis for this cause of action, Plaintiff(s) allege that the allegations
      set forth in the complaint noted above, as well as the allegations set forth in the
      <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they
      suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in
      the September 11, 2001 Terrorist Attacks constituted acts of international
      terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that
      the September 11, 2001 Terrorist Attacks constituted acts of international
      terrorism committed, planned or authorized by an organization that had been
      designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the
      September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to
      18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing
      substantial assistance, with others and/or conspired with others who committed an
      act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.      The following allegations and information are alleged on behalf of each

individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form

Complaint, herein referred to as "Plaintiffs."

a.  The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this
Iran Short Form Complaint.

b.  Plaintiff is entitled to recover damages on the causes of action set forth in the
complaint identified above, as joined by this Iran Short Form Complaint, and
as further asserted within this Iran Short Form Complaint.

c.  As indicated at Appendix 1, Plaintiff (i) is the estate representative of
someone who was killed as a result of the September 11, 2001 Terrorist
Attacks; (ii) is the surviving immediate family member of someone who was
killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii)
suffered physical injuries as a result of the September 11, 2001 Terrorist
Attacks.

d.  For those plaintiffs with personal injury claims, as indicated in Appendix 1, on
or after September 11, 2001, said Plaintiff was present at the Pentagon and/or
the World Trade Center site and/or its surroundings and/or lower Manhattan
and/or at an area wherein he/she was exposed to toxins as a result of the
terrorist attacks and was exposed to toxins from the attacks, and/or was
otherwise injured, and/or as otherwise alleged, as stated specifically in
Appendix 1.

e.  For those plaintiffs with personal injury and/or wrongful death claims, as
indicated in Appendix 1, as a direct, proximate and foreseeable result of
Defendant's actions or inactions, Plaintiff or his or her decedent suffered
bodily injury and/or death, and consequently economic and other losses,
including but not limited to pain and suffering, emotional distress,
psychological injuries, and loss of enjoyment of life, and/or as described in the
Iran Short Form Complaint, and/or as otherwise may be specified in
subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.  The name, relationship to the injured and/or deceased September 11 victim,
residency, citizenship/nationality, and the general nature of the claim for each
plaintiff asserting wrongful death and/or solatium claims is listed on the
attached Appendix 1, and is incorporated herein as allegations, with all
allegations of the related complaints, as specified above, deemed alleged as to
each Plaintiff.

**IDENTIFICATION OF THE DEFENDANT**

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic

Republic of Iran.

**NO WAIVER OF OTHER CLAIMS**

7.      By filing this Iran Short Form Complaint, Plaintiff(s) is/are not waiving any right

to file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiff(s) are not opting out of any

class that the Court may certify in the future.

**JURY DEMAND**

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.


WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in

this Iran Short Form Complaint as appropriate.


Dated: September 12, 2018



Respectfully submitted,



James P. Kreindler

COUNSEL FOR PLAINTIFFS

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent | 9/11 Decedent's Citizenship/ Nationality on 9/11/2001 | Nature of Claim (wrongful death, solatium, personal injury) |
|---|---|---|---|---|---|---|---|
| 1 | Aron Betru | MD | US | Yeneneh Betru | Sibling | US | Solatium |
| 2 | Ruth Betru | MD | US | Yeneneh Betru | Sibling | US | Solatium |
| 3 | Sirak Betru, individually, and as Personal Representative of the Estate of Yeneneh Betru, deceased | CA | US | Yeneneh Betru | PR/Sibling | US | WD, Solatium |
| 4 | David Burford, individually, and as Personal Representative of the Estate of Christopher Burford, deceased | VA | US | Christopher Burford | PR/Parent | US | WD, Solatium |
| 5 | Vicki L. Burford | NC | US | Christopher Burford | Stepparent | US | Solatium |
| 6 | Ashley R. Calabro | NC | US | Christopher Burford | Sibling | US | Solatium |
| 7 | Darlene Cooper Canady | VA | US | Julian Cooper | Sibling | US | Solatium |
| 8 | Melinda Cooper, individually, and as Personal Representative of the Estate of Julian Cooper, deceased | MD | US | Julian Cooper | PR/Spouse | US | WD, Solatium |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | Amanda Martinez Diaz | FL | US | Nancy Diaz | Child | US | Solatium |
| 10 | Belkys Diaz | FL | US | Nancy Diaz | Sibling | US | Solatium |
| 11 | Carmen Diaz, individually, and as Co-Personal Representative of the Estate of Nancy Diaz, deceased | FL | US | Nancy Diaz | PR/Parent | US | WD, Solatium |
| 12 | Leocadio Diaz, individually, and as Co-Personal Representative of the Estate of Nancy Diaz, deceased | FL | US | Nancy Diaz | PR/Parent | US | WD, Solatium |
| 13 | Leonel Diaz | NY | US | Nancy Diaz | Sibling | US | Solatium |
| 14 | Marie Annette Dory | MD | US | Julian Cooper | Sibling | US | Solatium |
| 15 | Andrew J. Fredericks | NY | US | Andrew Fredericks | Child | US | Solatium |
| 16 | Hayley Fredericks | NY | US | Andrew Fredericks | Child | US | Solatium |
| 17 | Michelle Fredericks, individually, and as Personal Representative of the Estate of Andrew Fredericks, deceased | NY | US | Andrew Fredericks | PR/Spouse | US | WD, Solatium |
| 18 | Andrew Furman, individually, and as Co-Personal Representative of the Estate of Steven Furman, deceased | NY | US | Steven Furman | PR/Sibling | US | WD, Solatium |
| 19 | Chava Furman, individually, and as Co-Personal Representative of the Estate of Steven Furman | NY | US | Steven Furman | PR/Spouse | US | WD, Solatium |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20 | Jayne Furman | NV | US | Steven Furman | Sibling | US | Solatium |
| 21 | Michael Furman | NV | US | Steven Furman | Sibling | US | Solatium |
| 22 | Holly Rae Harrell | NY | US | Stephen G. Harrell | Child | US | Solatium |
| 23 | Margaret Harrell, individually, and as Personal Representative of the Estate of Stephen G. Harrell, deceased | NY | US | Stephen G. Harrell | PR/Spouse | US | WD, Solatium |
| 24 | Jeremy M. Krist | NC | US | Christopher Burford | Stepsibling | US | Solatium |
| 25 | Harold Lilie, as personal representative of the Estate of Joyce Lilie, deceased | NV | US | Steven Furman | Parent | US | Solatium |
| 26 | Harold Lilie | NV | US | Steven Furman | Stepparent | US | Solatium |
| 27 | Barbara Lynch, individually, and as Personal Representative of the Estate of Robert W. O'Shea, deceased | Fl | US | Robert W. O'Shea | PR/Spouse | US | WD, Solatium |
| 28 | Chris Maldonado | NY | US | Debora Maldonado | Child | US | Solatium |
| 29 | Krystal Maldonado | NY | US | Debora Maldonado | Child | US | Solatium |
| 30 | Otelio Maldonado, Jr., individually, and as Personal Representative | NY | US | Debora Maldonado | PR/Spouse | US | WD, Solatium |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | of the Estate of Debora Maldonado, deceased | | | | | | |
| 31 | Jason Sherman, individually, and as Personal Representative of the Estate of Toyena C. Skinner, deceased | GA | US | Toyena C. Skinner | PR/Partner | US | WD, Solatium |
| 32 | M.S., a minor, by his father and natural guardian, Jason Sherman | GA | US | Toyena C. Skinner | Child | US | Solatium |
| 33 | Betru Tensay | MD | US | Yeneneh Betru | Parent | US | Solatium |
| 34 | Sara Tesheberu | MD | US | Yeneneh Betru | Parent | US | Solatium |
| 35 | Pamela J. Thornton | NC | US | Christopher Burford | Parent | US | Solatium |
| 36 | Jason Weinberg | NY | US | Steven Weinberg | Child | US | Solatium |
| 37 | Laurie Weinberg, individually, and as Personal Representative of the Estate of Steven Weinberg, deceased | NY | US | Steven Weinberg | PR/Spouse | US | WD, Solatium |
| 38 | Lindsay Weinberg | NY | US | Steven Weinberg | Child | US | Solatium |
| 39 | Samuel Weinberg | NY | US | Steven Weinberg | Child | US | Solatium |

**Lisa Ranieri**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Wednesday, September 12, 2018 2:51 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:18-cv-08297 Betru et al Civil Cover Sheet |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Southern District of New York**

</div>

**Notice of Electronic Filing**

The following transaction was entered by Kreindler, James on 9/12/2018 at 2:51 PM EDT and filed on 9/12/2018

| | |
|---|---|
| **Case Name:** | Betru et al |
| **Case Number:** | 1:18-cv-08297 |
| **Filer:** | |
| **Document Number:** | 2 |

**Docket Text:**
**CIVIL COVER SHEET filed. (Kreindler, James)**

**1:18-cv-08297 Notice has been electronically mailed to:**

James P. Kreindler    jkreindler@kreindler.com, gmasterson@kreindler.com, iszczesiak@kreindler.com

**1:18-cv-08297 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018] [FileNumber=20806759-0] [aed7f6fe5aefaa00dafe3ebfa8ec1a322ae5c762ac673ca9f146d2f01f2a5f3943 922205ba0ba9cde36358db7bdb7d6d9405a44034b48be345b908e3fc3e9939]]

JS 44C/SDNY
REV. 06/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Sirak Betru, et al.

DEFENDANTS
Islamic Republic of Iran

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
James P. Kreindler, Kreindler & Kreindler LLP, 750 Third Avenue, New York,
NY 10017, (212) 687-8181

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Section 1605(a)(5) and 1605B; 18 U.S.C. Section 1391(b)(2), 1391(f)(1), 2333, 2333(a), 2333(d), 2334(a) and 1962(a)-(d)

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓]Yes[ ]   Judge Previously Assigned

If yes, was this case  Vol.[ ] Invol.[ ]  Dismissed. No [ ] Yes [ ]   If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?      No [x]      Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

### TORTS

### ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | INJURY/PRODUCT LIABILITY | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 660 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT | | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & | LIABILITY | LIABILITY | PROPERTY RIGHTS | | [ ] 430 BANKS & BANKING |
| ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | [ ] 820 COPYRIGHTS | | [ ] 460 DEPORTATION |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | PERSONAL PROPERTY | [ ] 830 PATENT | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT |
| [ ] 152 RECOVERY OF DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | ORGANIZATION ACT (RICO) |
| STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| [ ] 153 RECOVERY OF OVERPAYMENT | [x] 360 OTHER PERSONAL INJURY | | | SOCIAL SECURITY | [ ] 490 CABLE/SATELLITE TV |
| OF VETERAN'S BENEFITS | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | LABOR | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ COMMODITIES/ |
| [ ] 160 STOCKHOLDERS SUITS | | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) [ ] 863 DIWC/DIWW (405(g)) | EXCHANGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 864 SSID TITLE XVI [ ] 865 RSI (405(g)) | |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | PRISONER PETITIONS | [ ] 740 RAILWAY LABOR ACT | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | | [ ] 463 ALIEN DETAINEE [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | FEDERAL TAX SUITS | [ ] 891 AGRICULTURAL ACTS |
| | ACTIONS UNDER STATUTES | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| REAL PROPERTY | CIVIL RIGHTS | [ ] 535 DEATH PENALTY [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | | | | [ ] 896 ARBITRATION |
| [ ] 220 FORECLOSURE | [ ] 441 VOTING | | IMMIGRATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 442 EMPLOYMENT [ ] 443 HOUSING/ | PRISONER CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | APPEAL OF AGENCY DECISION |
| [ ] 240 TORTS TO LAND | ACCOMMODATIONS [ ] 445 AMERICANS WITH | [ ] 550 CIVIL RIGHTS [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 TORT PRODUCT LIABILITY | DISABILITIES - EMPLOYMENT | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER [ ] 448 EDUCATION | | | | |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George Daniels/Sarah Netburn   DOCKET NUMBER 03 MDL 1570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN  x  IN ONE BOX ONLY)                    **ORIGIN**

[x] 1 Original          [ ] 2 Removed from      [ ] 3 Remanded   [ ] 4 Reinstated or   [ ] 5 Transferred from   [ ] 6 Multidistrict        [ ] 7 Appeal to District
      Proceeding              State Court              from              Reopened              (Specify District)        Litigation                 Judge from
                                                      Appellate                                                          (Transferred)              Magistrate Judge
                              [ ] a. all parties represented   Court
                                                                                                                   [ ] 8 Multidistrict Litigation (Direct File)
                              [ ] b. At least one party
                                       is pro se.

(PLACE AN  x  IN ONE BOX ONLY)            **BASIS OF JURISDICTION**           *IF DIVERSITY, INDICATE*
                                                                              *CITIZENSHIP BELOW.*
[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION   [ ] 4 DIVERSITY
                                                    (U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1  [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5  [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2  [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4[ ]4 | FOREIGN NATION | [ ]6  [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 09/12/2018   SIGNATURE OF ATTORNEY OF RECORD        ADMITTED TO PRACTICE IN THIS DISTRICT
                                                         [ ] NO
RECEIPT #                                                [x] YES (DATE ADMITTED  Mo.12____ Yr. 1981___)
                                                         Attorney Bar Code # JK7084

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**Lisa Ranieri**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Wednesday, September 12, 2018 3:00 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:18-cv-08297 Betru et al Statement of Relatedness |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

<div align="center">

**U.S. District Court**

**Southern District of New York**

</div>

**Notice of Electronic Filing**

The following transaction was entered by Kreindler, James on 9/12/2018 at 2:59 PM EDT and filed on 9/12/2018

| | |
|---|---|
| **Case Name:** | Betru et al |
| **Case Number:** | 1:18-cv-08297 |
| **Filer:** | Aron Betru |
| | Ruth Betru |
| | Sirak Betru |
| | David Burford |
| | Vicki L Burford |
| | Ashley R Calabro |
| | Melinda Cooper |
| | Darlene Cooper Canady |
| | Belkys Diaz |
| | Carmen Diaz |
| | Leocadio Diaz |
| | Leonel Diaz |
| | Marie Annette Dory |
| | Andrew J Fredericks |
| | Hayley Fredericks |
| | Michelle Fredericks |
| | Andrew Furman |
| | Chava Furman |
| | Jayne Furman |
| | Michael Furman |
| | Holly Rae Harrell |

Margaret Harrell
Jeremy M Krist
Harold Lilie
Barbara Lynch
Chris Maldonado
Krystal Maldonado
Otelio Maldonado, Jr.
Amanda Martinez Diaz
Jason Sherman
Betru Tensay
Sara Teshebru
Pamela J Thornton
Jason Weinberg
Laurie Weinberg
Lindsay Weinberg
Samuel Weinberg

**Document Number:** 3

**Docket Text:**
**STATEMENT OF RELATEDNESS re: that this action be filed as related to 03-md-1570. Document filed by Aron Betru, Ruth Betru, Sirak Betru(As Personal Representative of the Estate of Yeneneh Betru, deceased), Sirak Betru(Individually), David Burford(Individually), David Burford(As Personal Representative of the Estate of Christopher Burford, deceased), Vicki L Burford, Ashley R Calabro, Melinda Cooper(As Personal Representative of the Estate of Julian Cooper, deceased), Melinda Cooper(Individually), Darlene Cooper Canady, Belkys Diaz, Carmen Diaz(Individually), Carmen Diaz(As Co-Personal Representative of the Estate of Nancy Diaz, deceased), Leocadio Diaz(Individually), Leocadio Diaz(As Co-Personal Representative of the Estate of Nancy Diaz, deceased), Leonel Diaz, Marie Annette Dory, Andrew J Fredericks, Hayley Fredericks, Michelle Fredericks(Individually), Michelle Fredericks(As Personal Representative of the Estate of Andrew Fredericks, deceased), Andrew Furman(Individually), Andrew Furman(As Co-Personal Representative of the Estate of Steven Furman, deceased), Chava Furman(Individually), Chava Furman(As Co-Personal Representative of the Estate of Steven Furman, deceased), Jayne Furman, Michael Furman, Holly Rae Harrell, Margaret Harrell(Individually), Margaret Harrell(Personal Representative of the Estate of Stephen G. Harrell, Deceased), Margaret Harrell(As surviving Spouse), Jeremy M Krist, Harold Lilie(as surviving Stepparent of Steven Furman, deceased), Harold Lilie(as Personal Representative of the Estate of Joyce Lilie, deceased, surviving Parent of Steven Furman, deceased), Barbara Lynch(Individually), Barbara Lynch(Personal Representative of the Estate of Robert O'Shea, deceased), Barbara Lynch(as surviving Spouse), Chris Maldonado, Krystal Maldonado, Otelio Maldonado, Jr.(as surviving spouse), Otelio Maldonado, Jr.(Personal Representative of the Estate of Debora Maldonado, deceased), Otelio Maldonado, Jr.(Individually), Amanda Martinez Diaz, Jason Sherman(as Personal Representative of the Estate of Toyena C. Skinner, deceased), Jason Sherman(Individually), Jason Sherman(on behalf of M.S., minor, surviving Child of Toyena C. Skinner, deceased), Betru Tensay, Sara Teshebru, Pamela J Thornton, Jason Weinberg, Laurie Weinberg(Individually), Laurie Weinberg(as Personal Representative of the Estate of Steven Weinberg, deceased), Lindsay Weinberg, Samuel Weinberg.(Kreindler, James)**

**1:18-cv-08297 Notice has been electronically mailed to:**

James P. Kreindler     jkreindler@kreindler.com, gmasterson@kreindler.com, iszczesiak@kreindler.com

**1:18-cv-08297 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018] [FileNumber=20806920-
0] [3ad68dba9020a5648338bef83ce2a0b6133f04edab3180188c060a150db968d01d
0577532a289923f373e57afee48a8d2bbb7d9c01ffd07daa3a5f40dbf44150]]

IH-32                                                                           Rev: 2014-1

# United States District Court
### for the
## Southern District of New York
### Related Case Statement

---

### Full Caption of Later Filed Case:

Betru, et al.

|                    |              |
|--------------------|--------------|
| Plaintiff          | Case Number  |
| vs.                | 18-cv-8297   |
| Islamic Republic of Iran |        |
| Defendant          |              |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks of September 11, 2001

|                    |                      |
|--------------------|----------------------|
| Plaintiff          | Case Number          |
| vs.                | 03 MDL 1570 (GBD) (SN) |
| Defendant          |                      |

Page 1

IH-32                                                          Rev: 2014-1

Status of Earlier Filed Case:

☐  Closed       (If so, set forth the procedure which resulted in closure, e.g., voluntary
                 dismissal, settlement, court decision.  Also, state whether there is an appeal
                 pending.)

☑  Open         (If so, set forth procedural status and summarize any court rulings.)

Explain in detail the reasons for your position that the newly filed case is related to the
earlier filed case.

The newly filed action is a civil case for clients who are asserting the factual allegations,
jurisdictional allegations, and jury trial demand, including all causes of action against the
Islamic Republic of Iran, as set forth in the complaint of Ashton v. Iran, which is part of the
multi-district litigation docket number 03 MDL 1570 (see ECF No. 3237).

According to the July 10, 2018 Order of Magistrate Judge Netburn (03 MDL 1570, ECF No.
4045), this newly filed action is to be related to the 03 MDL 1570 action.

Signature: _____          Date: 09/12/2018

            Kreindler & Kreindler LLP

Firm: _____

Page 2

Attachment C
Complaint Documents (Complaint, Complaint Appendix, Civil Cover Sheet,
Related Case Statement and ECF notifications)
Certified Farsi Translations



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

**CERTIFICATION**

**Date: January 27, 2020**

We hereby certify and confirm that the below mentioned documents are a true and accurate **Farsi translation** of the **English documents** presented to us, and has been translated to the best of our professional ability.

ECF Notification of Complaint dated September 12, 2018
Complaint dated September 12, 2018
Appendix A to Complaint dated September 12, 2018
ECF Notification of Civil Cover Sheet dated September 12, 2018
Civil Cover Sheet dated September 12, 2018
ECF Notification of Statement of Relatedness dated September 12, 2018
Related Case Statement dated September 12, 2018

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public:

My commission expires on: 12/14/23

JASON G ERWIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
December 14, 2023

Lisa Ranieri

از: NYSD_ECF_Pool@nysd.uscourt.gov
ارسال: چهارشنبه، 12 سپتامبر 2018، 2:27 بعدازظهر
به: CourtMail@nysd.uscourts.gov
موضوع: گردش کار در پرونده 1:18-cv-08297، شکایات Betru و دیگران

**این یک پیام ایمیلی خودکار ایجاد شده توسط سیستم CM/ECF است. لطفاً به این ایمیل پاسخ ندهید زیرا کسی صندوق ورودی آن را چک نمی‌کند.**

**\*\*\*قابل توجه کاربران با دسترسی عمومی\*\*\* سیاست انجمن قضایی ایالت متحده آمریکا در صورتی که بنا به قانون یا به دستور ثبت کننده، ارائه رسید الزامی است، به وکلای ثبتی و طرفین دعوا (از جمله طرفین بدون وکیل) اجازه می‌دهد یک نسخه الکترونیکی رایگان از همه اسنادی را که به صورت الکترونیکی ثبت شده‌اند دریافت کنند. هزینه‌های دسترسی عموم به اسناد دادگاهی ثبت شده به صورت الکترونیکی (PACER) برای همه کاربران دیگر اعمال می‌شود. به منظور اجتناب از هزینه‌های بیشتر، یک نسخه از هر سند را در طول اولین مشاهده دانلود کنید. با این حال، اگر سند مورد ارجاع، رونوشت مکتوب سخنان شفاهی است، نسخه رایگان و محدودیت 30 صفحه‌ای صدق نمی‌کند.**

**دادگاه ناحیه‌ای ایالت متحده آمریکا**
**ناحیه جنوبی نیویورک**

**اطلاعیه ثبت الکترونیکی**

تراکنش زیر توسط Kreindler، James در تاریخ 12 سپتامبر 2018 ساعت 2:26 بعدازظهر منطقه زمانی شرقی صورت گرفت و در تاریخ 12 سپتامبر 2018 ثبت شد
**نام پرونده:** مربوط به: Betru و دیگران
**شماره پرونده:** 1:18-cv-08297
**مأمور ثبت:**

Michael Furman

Jayne Furman

Amanda Martinez Diaz

David Burford

Andrew J Fredericks

Carmen Diaz

Sirak Betru

Chava Furman

Marie Annette Dory

Otelio Maldonado, Jr.

Lindsay Weinberg

Michelle Fredericks

Hayley Fredericks

Andrew Furman

Barbara Lynch

Melinda Cooper

Leocadio Diaz

Jason Sherman

Ashley R Calabro

Harold Lilie

1

<div dir="rtl">

Vicki L Burford

Jason Weinberg

Belkys Diaz

Krystal Maldonado

Leonel Diaz

Sara Teshebru

Holly Rae Harrell

Ruth Betru

Margaret Harrell

Laurie Weinberg

Pamela J Thornton

Jeremy M Krist

Chris Maldonado

Darlene Cooper Canady

Aron Betru

Samuel Weinberg

Betru Tensay

شماره سند: <u>1</u>

متن ثبتی:

شکایت علیه جمهوری اسلامی ایران. (هزینه ثبت: 400 دلار، شماره رسید: 15559554-0208) ثبت سند توسط Micheal Andrew J (شخصاً)، David Burford ،Amanda Martinez Diaz ،Jayne Furman ،Furman (شخصاً) Carmen Diaz ،Fredericks ،YENENEH BETRU (به عنوان نماینده شخصی ورثه Sirak Betru (شخصاً) Sirak Betru (به عنوان نماینده مشترک شخصی ورثه Nancy Diaz متوفی)، Carmen Diaz (شخصاً) Lindsay (همسر بازمانده)، Otelio Maldonado, Jr. ‹Marie Annette Dory ‹Chava Furman (به عنوان نماینده مشترک شخصی ورثه Michelle Fredericks ‹Weinberg متوفی)، Andrew Fredericks (به عنوان Melinda Cooper (شخصاً)، Barbara Lynch ‹Andrew Furman ‹Hayley Fredericks (به عنوان نماینده مشترک شخصی ورثه Leocadio Diaz (متوفی)، Julian Cooper (به عنوان نماینده مشترک شخصی ورثه Toyena C. Skinner متوفی)، Nancy Diaz (متوفی)، Jason Sherman (شخصاً)، Michelle Fredericks (به عنوان نماینده مشترک شخصی ورثه Chava Furman ،Ashley R Calabro (شخصاً)، Steven Furman (متوفی)، Harold Lilie (به عنوان ولی ناتنی بازمانده Steven Furman (متوفی)، Vicki L (به عنوان نماینده شخصی ورثه Jason Sherman ،Jason Weinberg ‹Burford Leonel (شخصاً)، Melinda Cooper ،Krystal Maldonado ،Belkys Diaz (متوفی)، Robert O'Shea Sara Teshebru (متوفی)، Steven Furman (به عنوان نماینده مشترک شخصی ورثه Andrew Furman ‹Diaz Holly Rae (از طرف M.S.، فرد صغیر، فرزند بازمانده Toyena C. Skinner (متوفی)، Jason Sherman Pamela J Thornton ،Laurie Weinberg (شخصاً)، Margaret Harrell ‹Ruth Betru ‹Harrell Darlene Cooper Canady ،Chris Maldonado ،Jeremy M. Krist (همسر بازمانده) Barbara Lynch Laurie Weinberg (به عنوان نماینده شخصی ورثه Steven Weinberg (متوفی)، David Burford (به عنوان نماینده شخصی ورثه Margaret Harrell (به عنوان نماینده شخصی ورثه Joyce Lilie (به عنوان نماینده شخصی ورثه Harold Lilie ،Aron Betru (متوفی)، Stephen G. Harrell متوفی، ولی بازمانده Otelio Maldonado, Jr. (به عنوان نماینده شخصی ورثه Debora Maldonado (متوفی)، Margaret Harrell (همسر بازمانده)، Leocadio Diaz (شخصاً)، Otelio Maldonado, Jr. (شخصاً)، Samuel Weinberg ‹Betru Tensay. (ضمیمه‌ها: #(1) پیوست 1 (Kreindler, James)

</div>

2

اطلاعیه **1:18-cv-08297** به صورت الکترونیکی ایمیل شد به:

James P. Kreindler jkreindler@kreindler.com, gmasterson@kreindler.com, iszczesiak@kreindler.com

اطلاعیه **1:18-cv-08297** به روش‌های دیگر ارسال شد به:

سند(های) زیر با این تراکنش مرتبط هستند:

**شرح سند:** سند اصلی
**نام اصلی پرونده:** نامعلوم
**مهر سند الکترونیکی:**  [STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018]
[FileNumber=20806460-
] [87a231f40a113edda1c4efbbd494ca798aac9d7bc3c0fb2d0c5d32e041bb6e067a0
acaaa36c5d6742e5d29d2bc5f228320ad3011f4177bab858e91295abc6e0c1]]

**شرح سند:** پیوست 1
**نام اصلی پرونده:** نامعلوم
**مهر سند الکترونیکی:**  [STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018]
[FileNumber=20806460-
] [8ecc7bc0e8b0c44d2487bced388da54fa1c5e634f2ef084942621b3375f7374ca41
ee54d60c36822f3bfddafdb2b4b43388697c7320279ba391fa3a9676a]]37810

دادگاه ناحیه ایالات متحده آمریکا
ناحیه جنوب نیویورک

x....................................................

در خصوص:
حملات تروریستی مورخ
11 سپتامبر 2001

x....................................................

18-cv-8297
مرتبط با: 03-MD-1570 (GBD)(SN)

SIRAK BETRU، شخصاً
به عنوان نماینده شخصی ورثه YENENEH BETRU، متوفی؛
RUTH BETRU خواهر یا برادر
بازمانده YENENEH BETRU، متوفی؛ و
ARON BETRU خواهر یا برادر
بازمانده YENENEH BETRU، متوفی،
BETRU TENSAY، ولی بازمانده
YENENEH BETRU، متوفی،
SARA TESHEBRU، ولی بازمانده
YENENEH BETRU، متوفی،

DAVID BURFORD، شخصاً و
به عنوان نماینده شخصی ورثه
CHRISTOPHER BURFORD، متوفی،
PAMELA J. THORNTON، ولی بازمانده
CHRISTOPHER BURFORD، متوفی،
ASHLEY R. CALABRO، ولی بازمانده
CHRISTOPHER BURFORD، متوفی،
VICKI L. BURFORD، ولی ناتنی
CHRISTOPHER BURFORD، متوفی،
JEREMY M. KRIST خواهر یا برادر
ناتنی CHRISTOPHER BURFORD، متوفی

MELINDA COOPER، شخصاً
و به عنوان نماینده شخصی ورثه
JULIAN COOPER، متوفی،
DARLENE COOPER CANDY، خواهر
یا برادر بازمانده JULIAN COOPER، متوفی،
MARIE ANNETTE DORY، خواهر یا
برادر بازمانده JULIAN COOPER، متوفی،

CARMEN DIAZ، شخصاً و
به عنوان نماینده مشترک شخصی ورثه
NANCY DIAZ، متوفی،
LEOCADIO DIAZ شخصاً و
به عنوان نماینده مشترک ورثه
NANCY DIAZ، متوفی،
AMANDA MARTINEZ DIAZ،
فرزند بازمانده NANCY DIAZ، متوفی

برادر یا خواهر ،BELKYS DIAZ
بازمانده NANCY DIAZ، متوفی،
برادر یا خواهر ،LEONEL DIAZ
متوفی ،NANCY DIAZ بازمانده

شخصاً ،MICHELLE FREDERICK
و به عنوان نماینده شخصی ورثه
متوفی، ،ANDREW FREDERICKS
فرزند ANDREW J. FREDERICKS
بازمانده ANDEW FREDERICKS، متوفی،
فرزند بازمانده HAYLEY FREDERICKS،
متوفی، ANDEW FREDERICKS

شخصاً و ،ANDREW FURMAN
به عنوان نماینده مشترک شخصی ورثه
متوفی، STEVEN FURMAN
شخصاً و ،CHAVA FURMAN
به عنوان نماینده شخصی مشترک ورثه
متوفی، STEVEN FURMAN
برادر یا خواهر ،JAYNE FURMAN
بازمانده STEVEN FURMAN، متوفی،
برادر یا خواهر ،MICHAEL FURMAN
بازمانده STEVEN FURMAN، متوفی،
نماینده شخصی ورثه HAROLD LILIE
ولی بازمانده JOYCE LILIE، متوفی،
متوفی، ،STEVEN FURMAN
ولی ناتنی بازمانده HAROLD LILIE،
متوفی، ،STEVEN FURMAN

شخصاً، ،MARGARET HARREL
به عنوان همسر بازمانده و نماینده شخصی
ورثه STEPHEN G. HARREL، متوفی،
فرزند بازمانده HOLLY RAE HARREL
متوفی، ،STEPHEN G. HARREL

شخصا و همسر ،BARBARA LYNCH
بازمانده و نماینده شخصی ورثه ROBERT O'SHEA، متوفی

شخصاً و ،OTELIO MALDONADO, JR
همسر بازمانده و نماینده شخصی ورثه
متوفی، DEBORA MALDONADO
فرزند ،KRYSTAL MALDONADO
بازمانده DEBORA MALDONADO، متوفی،
فرزند بازمانده ،CHRIS MALDONADO
متوفی DEBORA MALDONADO

شخصاً و ،JASON SHERMAN
نماینده شخصی ورثه TOYENA C. SKINNER، متوفی،
از طرف M.S. JASON SHERMAN، فرد صغیر
فرزند بازمانده TOYENA C. SKINNER، متوفی

LAURIE WEINBERG، شخصاً و
به عنوان نماینده شخصی STEVEN WEINBERG، متوفی،
JASON WEINBERG، فرزند بازمانده
STEVEN WEINBERG، متوفی،
SAMUEL WIENBERG، فرزند بازمانده
STEVEN WEINBERG، متوفی،
LINDSAY WEINBERG، فرزند بازمانده
STEVEN WEINBERG، متوفی

شاکیان

ـعلیه ـ

__شکایت و درخواست مختصر__

__ایران برای محاکمه توسط هیئت منصفه__

جمهوری اسلامی ایران،

متهم.

x.......................................................

شاکیان در اینجا و از طریق مشاور امضا کننده ذیل، این فرم شکایت‌نامه مختصر را علیه متهم، جمهوری اسلامی ایران ("ایران") به موجب حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001")، طبق مجوز و تأییدیه حکم دادگاه مورخ 10 جولای 2018 به شماره 4045 ثبت کرده اند. هر شاکی از طریق ارجاع، ادعاهای خاصی را طبق موارد زیر دارند: (a) بیمه فدرال و شکایت جمعی اصلاح شده شاکیان پرونده Ashton علیه متهم، یعنی جمهوری اسلامی ایران، پرونده شماره 3237 یا (b) شکایت اصلاح شده، یعنی Burnett علیه جمهوری اسلامی ایران به شماره (SN)(GBD) 15-CV-9903 (S.D.N.Y.) مورخ 8 فوریه 2016) به شماره پرونده 53.

به محض ثبت این شکایت‌نامه مختصر علیه ایران، تک تک شاکیان می‌بایست تمام درخواست‌های قضایی و واقعی شکایتی را که به شرح زیر به آن پیوسته اند؛ تمام دلایل اقدام موجود در آن شکایت؛ تمام پرونده‌های پیشین ثبت شده در رابطه با آن شکایت؛ و تمام حکم‌ها و قواعد دادگاه در رابطه با همان شکایت را اتخاذ کرده باشند.

همچنین هر شاکی به درخواست‌های واقعی و یافته‌های موجود در دادخواست‌ها و احکام ثبت شده در پرونده Havlish علیه بن لادن به شماره (S.D.N.Y.) (GBD)(SN) 9848-CV-1:03 پرونده‌های شماره 263، 294، 295؛ در خصوص حملات تروریستی 11 سپتامبر 2001، (S.D.N.Y.) (GBD)(SN) 1570-MDL-03 پرونده های شماره 2430، 2431، 2432، 2433، 2473، 2515، 2516 و شواهد ارائه شده در مراحل دادرسی در محضر جناب قاضی George B. Daniels تاریخ 15 دسامبر 2011 (شماره پرونده 2540) ارائه می‌دهد.

## محل تشکیل دادگاه

1. محل تشکیل دادگاه در این بخش به موجب (2)(b)1391 §§ U.S.C. 28 و (1)(f)1391 مناسب است چون بخش اعظم رخدادهای عامل ادعاهای مطروحه در این بخش رخ داده است. محل تشکیل دادگاه به موجب U.S.C. 18 § 2334(a) نیز صحیح است.

## حوزه قضایی

2. حوزه قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مطرح شده در شکایات مشخص شده ذیل تعیین شده است، از جمله و نه محدود به بخش (a)1605 از قانون U.S.C. 28 (استثنای شبه جرم از قانون مصونیت حاکمیت‌های خارجی)، بخش 1605A از قانون U.S.C. 28 (استثنای تروریسم از قانون مصونیت حاکمیت‌های خارجی) و بخش 1605B از قانون U.S.C. 28 (قانون برقراری عدالت علیه حامیان تروریسم).

## علل دعوا

3. هر یک از شاکیان، به واسطه ارجاع، تمامی درخواست‌های حقیقی، قضایی و درخواست محاکمه توسط هیئت منصفه را از جمله تمامی علل دعوا علیه جمهوری اسلامی ایران را چنانکه در شکایت زیر مطرح شده اتخاذ کرده و از آن بهره می برند [**فقط یک شکایت را علامت بزنید**]:

☑   بیمه فدرال و شکایت اصلاحی و تلفیقی شاکیان Ashton علیه متهم، یعنی جمهوری اسلامی ایران، پرونده شماره 3237

☐ شکایت اصلاحی پرونده Burnett علیه جمهوری اسلامی ایران به شماره 9903-CV-15 (GBD)(SN) مورخ 8 فوریه 2016)، پرونده شماره 53 (.S.D.N.Y

4. به علاوه، هر شاکی علل زیر را نیز برای دعوا مطرح می‌کنند:

☑ نخستین علت دعوای شکایت‌نامه مختصر علیه ایران برای دریافت غرامت ناشی از قتل غیرقانونی به موجب بخش 1605B قانون .S.C.U 28 (قانون برقراری عدالت علیه حامیان تروریسم یا JASTA) و بخش 2333 از قانون .S.C.U 18 و بعد. (قانون ضد تروریسم یا ATA)

به عنوان یک مبنای واقعی برای این علت دعوا، شاکی(ان) ادعا می‌کنند که اتهامات مندرج در شکایت فوق، و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شده است، ثابت می‌کنند که همانطور که در اینجا گفتیم صدمات وارده به آنها ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش متهم در حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریسم بین المللی بوده است که قوانین ایالتی و فدرال را به موجب بخش 2331 قانون .S.C.U 18 نقض کرده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریستی بین المللی است که توسط سازمانی مرتکب، برنامه ریزی یا مجاز دانسته شده که طبق بخش 1189 قانون .S.C.U 8 یک سازمان تروریسم خارجی تعیین شده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 قوانین ایالتی و فدرال را به موجب بخش 2331 قانون .S.C.U 18 نقض کرده است؛ و اینکه متهم آگاهانه به کمک و همدستی و معاونت با دیگران و/یا توطئه با افرادی پرداخته است که در جهت نقض بخش 233 و سایر بخش‌های قانون 18 .S.C.U فعالیت(های) تروریسم بین المللی داشته‌اند.

☑ نخستین علت دعوا شکایت‌نامه مختصر علیه ایران برای دریافت غرامت ناشی از صدمات شخصی به موجب بخش 1605B قانون .S.C.U 28 (قانون عدالت علیه حامیان تروریسم یا JASTA) و بخش 2333 و بخشهای بعدی از قانون.S.C.U 18. (قانون ضد تروریسم یا ATA)

به عنوان یک مبنای واقعی برای این علت دعوا، شاکیان ادعا می‌کنند که اتهامات مندرج در شکایت فوق، و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شده است، ثابت می‌کنند که همانطور که در اینجا گفتیم صدمات وارده به آنها ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش متهم در حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریسم بین المللی بوده است که قوانین ایالتی و فدرال را به موجب بخش 2331 قانون .S.C.U 18 نقض کرده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 جزء اقدامات تروریستی بین المللی است که توسط سازمانی مرتکب، برنامه ریزی یا مجاز دانسته شده که طبق بخش 1189 قانون .S.C.U 8 یک سازمان تروریسم بین المللی تعیین شده است؛ اینکه حملات تروریستی 11 سپتامبر 2001 قوانین ایالتی و فدرال را به موجب بخش 2331 قانون .S.C.U 18 نقض کرده است؛ و اینکه متهم آگاهانه به کمک و

همدستی و معاونت با دیگران و/یا توطئه با افرادی پرداخته است که در جهت نقض بخش 2333 و سایر بخش‌های قانون 18 U.S.C. فعالیت(های) تروریسم بین المللی داشته‌اند.

## شناسایی شاکیان جدید

5. ادعاها و اطلاعات زیر از طرف هر شخصی صورت می‌گیرد که این ادعا را ارائه کند، چنانکه در پیوست 1 به این شکایت‌نامه مختصر علیه ایران آمده است، و در اینجا به آنها «شاکیان» گفته می شود.

a. تابعیت/ملیت هر یک از شاکیان در پیوست 1 این شکایت‌نامه مختصر علیه ایران آورده شده است.

b. شاکی مستحق است که غرامت‌های لازم را به واسطه علل دعوا چنانکه پیشتر گفتیم و اکنون در شکایت‌نامه مختصر علیه ایران آمده است و در همین شکایت‌نامه مختصر علیه ایران خواهد آمد دریافت نماید.

c. چنانکه در پیوست 1 آمده است، شاکی (i) نماینده ورثه کسی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (ii) بازمانده درجه یک کسی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (iii) در نتیجه حملات تروریستی 11 سپتامبر 2001 آسیب جسمی دیده است.

d. در خصوص شاکیان با ادعای خسارت شخصی، چنانکه در پیوست 1 آمده است باید گفت شاکی مذکور در تاریخ 11 سپتامبر 2001 یا بعد از آن در پنتاگون و/یا محل مرکز تجارت جهانی و/یا اطراف آن و/یا پایین منهتن و/یا در منطقه‌ای بوده است که در نتیجه حملات تروریستی در معرض مواد سمی قرار گرفته و در معرض مواد سمی ناشی از حملات قرار گرفته و/یا صدمه دیگری دیده است و/یا ادعای دیگری دارد، که مشخصاً در پیوست 1 آمده است.

e. در مورد شاکیان با صدمه فردی یا ادعای قتل غیرقانونی، چنانکه در پیوست 1 آمده است، به عنوان نتیجه مستقیم، نزدیک یا قابل پیش بینی اقدام یا عدم اقدام متهم، شاکی یا فرد متوفای او دچار صدمات جسمی و/یا فوت شده، و در نتیجه، تحمل خسارت‌های مالی و سایر خسارات از جمله و نه محدود به درد و رنج، ناراحتی عاطفی، آسیب‌های روانی، و از دست دادن لذت زندگی شده است، و/یا متحمل خساراتی شده چنانکه در شکایت‌نامه مختصر علیه ایران توضیح داده شد و/یا چنانکه ممکن است در مراحل آتی کشف شود و/یا چنانکه به گونه‌ای دیگر در پیوست 1 ادعا شده است.

f. نام، نسبت با قربانی آسیب دیده و/یا متوفی در تاریخ 11 سپتامبر، محل اقامت، تابعیت/ملیت، و ماهیت کلی ادعای هر شاکی مدعی قتل غیرقانونی و/یا ادعای خسارت بابت صدمات روحی در پیوست 1 ارائه شده است، و همراه با سایر درخواست‌های مربوط به ادعاهای دیگر که پیشتر گفتیم در اینجا به عنوان ادعا به حساب می‌آید و به هر یک از شاکیان مرتبط می‌شود.

**شناسایی متهم**

6. تنها متهم نام برده شده در این شکایت‌نامه مختصر علیه ایران، جمهوری اسلامی ایران است.

**هیچ اسقاط ادعایی ممکن نیست**

7. با ثبت این شکایت‌نامه مختصر علیه ایران، هیچ یک از حقوق از شاکیان برای ثبت شکایت علیه سایر متهمان یا طرفین احتمالی سلب نمی‌شود.

8. با ثبت این شکایت‌نامه مختصر علیه ایران، شاکیان از هیچ کلاسه‌ای که ممکن است دادگاه در آینده تأیید نماید خارج نمی شوند.

**درخواست از هیئت منصفه**

9. هر شاکی در اینجا درخواست دارد که ادعاهای مربوط به این اقدام توسط هیئت منصفه مورد رسیدگی قرار گیرد.

به همین دلیل، شاکیان امیدوارند که قضاوت و دادرسی علیه متهم چنانکه در این شکایت‌نامه مختصر مطرح شده است به طور مناسب انجام پذیرد.

به تاریخ: 12 سپتامبر 2018

تقدیم با احترام،

James P. Kreindler

مشاور شاکیان

**پیوست 1**

هریک از خطوط زیر درخواستی است که تمام درخواست‌ها، زبان و ارجاعات موجود در شکایت مختصر علیه ایران که این ضمیمه 1 به آن پیوست شده است یکپارچه می‌کند. به این ضمیمه می‌بایست به شکل زیر ارجاع داده شود: درخواست 1 از ضمیمه 1 شکایت مختصر علیه ایران، درخواست 2 از ضمیمه 1 شکایت مختصر علیه ایران و غیره.

| | نام شاکی (به ترتیب الفبای نام خانوادگی) | ایالت محل اقامت شاکی در حین ثبت (یا مرگ) | شهروندی/ملیت شاکی در 11 سپتامبر 2011 | نام متوفی 11 سپتامبر | نسبت شاکی با متوفی | شهروندی/ملیت متوفی در 11 سپتامبر 2011 | ماهیت ادعا (قتل غیرقانونی، خسارت روحی، آسیب فردی) |
|---|---|---|---|---|---|---|---|
| 1 | Aron Betru | مریلند | آمریکایی | Yeneneh Betru | خواهر یا برادر | آمریکایی | صدمات روحی |
| 2 | Ruth Betru | مریلند | آمریکایی | Yeneneh Betru | خواهر یا برادر | آمریکایی | صدمات روحی |
| 3 | Sirak Betru, شخصاً به عنوان نماینده شخصی ورثه Yeneneh Betru متوفی؛ | کالیفرنیا | آمریکایی | Yeneneh Betru | نماینده شخصی/خواهر یا برادر | آمریکایی | قتل غیرقانونی، صدمات روحی |
| 4 | David Burford، شخصاً و به عنوان نماینده شخصی ورثه Christopher Burford متوفی | ویرجینیا | آمریکایی | Christopher Burford | نماینده شخصی/ولی | آمریکایی | قتل غیرقانونی، صدمات روحی |
| 5 | Vicki L. Burford | کارولینای شمالی | آمریکایی | Christopher Burford | ولی ناتنی | آمریکایی | صدمات روحی |
| 6 | Ashley R. Calabro | کارولینای شمالی | آمریکایی | Christopher Burford | خواهر یا برادر | آمریکایی | صدمات روحی |
| 7 | Darlene Cooper Canady | ویرجینیا | آمریکایی | Julian Cooper | خواهر یا برادر | آمریکایی | صدمات روحی |
| 8 | Melinda Cooper، شخصاً و به عنوان نمایند شخصی ورثه Julian Cooper متوفی | مریلند | آمریکایی | Julian Cooper | نماینده شخصی/همسر | آمریکایی | قتل غیرقانونی، صدمات روحی |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| صدمات روحی | آمریکایی | فرزند | Nancy Diaz | آمریکایی | فلوریدا | Amanda Martinez Diaz | 9 |
| صدمات روحی | آمریکایی | خواهر یا برادر | Nancy Diaz | آمریکایی | فلوریدا | Belkys Diaz | 10 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/ولی | Nancy Diaz | آمریکایی | فلوریدا | Carmen Diaz، شخصاً و به عنوان نماینده مشترک شخصی ورثه Nancy Diaz متوفی | 11 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/ولی | Nancy Diaz | آمریکایی | فلوریدا | Leocadio Diaz، شخصاً و به عنوان نماینده مشترک ورثه Nancy Diaz متوفی | 12 |
| صدمات روحی | آمریکایی | خواهر یا برادر | Nancy Diaz | آمریکایی | نیویورک | Leonel Diaz | 13 |
| صدمات روحی | آمریکایی | خواهر یا برادر | Julian Cooper | آمریکایی | مریلند | Marie Annette Dory | 14 |
| صدمات روحی | آمریکایی | فرزند | Andrew Fredericks | آمریکایی | نیویورک | Andrew J. Fredericks | 15 |
| صدمات روحی | آمریکایی | فرزند | Andrew Fredericks | آمریکایی | نیویورک | Hayley Fredericks | 16 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/همسر | Andrew Fredericks | آمریکایی | نیویورک | Michelle Frederick، شخصاً و به عنوان نماینده شخصی ورثه Andrew Fredericks متوفی | 17 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/خواهر یا برادر | Steven Furman | آمریکایی | نیویورک | Andrew Furman، شخصاً و به عنوان نماینده مشترک شخصی ورثه Steven Furman متوفی | 18 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/همسر | Steven Furman | آمریکایی | نیویورک | Chava Furman، شخصاً و به عنوان نماینده شخصی مشترک ورثه Steven Furman متوفی | 19 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| صدمات روحی | آمریکایی | خواهر یا برادر | Steven Furman | آمریکایی | نوادا | Jayne Furman | 20 |
| صدمات روحی | آمریکایی | خواهر یا برادر | Steven Furman | آمریکایی | نوادا | Michael Furman | 21 |
| صدمات روحی | آمریکایی | فرزند | Stephen G. Harrell | آمریکایی | نیویورک | Holly Rae Harrell | 22 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/همسر | Stephen G. Harrell | آمریکایی | نیویورک | ‏Margaret Harrel، شخصاً، به عنوان همسر بازمانده و نماینده شخصی ورثه Stephen G. Harrel متوفی | 23 |
| صدمات روحی | آمریکایی | خواهر یا برادر ناتنی | Christopher Burford | آمریکایی | کارولینای شمالی | Jeremy M. Krist | 24 |
| صدمات روحی | آمریکایی | ولی | Steven Furman | آمریکایی | نوادا | Harold Lilie نماینده شخصی ورثه Joyce Lilie متوفی، ولی بازمانده Steven Furman متوفی | 25 |
| صدمات روحی | آمریکایی | ولی ناتنی | Steven Furman | آمریکایی | نوادا | Harold Lilie | 26 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/همسر | Robert W. O'Shea | آمریکایی | فلوریدا | Barbara Lynch، شخصا و همسر بازمانده و نماینده شخصی ورثه Robert O'shea متوفی | 27 |
| صدمات روحی | آمریکایی | فرزند | Debora Maldonado | آمریکایی | نیویورک | Chris Maldonado | 28 |
| صدمات روحی | آمریکایی | فرزند | Debora Maldonado | آمریکایی | نیویورک | Krystal Maldonado | 29 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/همسر | Debora Maldonado | آمریکایی | نیویورک | Otelio Maldonado, Jr، شخصاً و همسر بازمانده و نماینده شخصی ورثه Debora Maldonado متوفی | 30 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/شریک زندگی | Toyena C. Skinner | آمریکایی | جورجیا | شخصاً Jason Sherman و نماینده شخصی ورثه Toyena C. Skinner متوفی | 31 |
| صدمات روحی | آمریکایی | فرزند | Toyena C. Skinner | آمریکایی | جورجیا | M.S، فرد صغیر، با نمایندگی پدر و قیم طبیعی‌اش، Jason Sherman | 32 |
| صدمات روحی | آمریکایی | ولی | Yeneneh Betru | آمریکایی | مریلند | Betru Tensay | 33 |
| صدمات روحی | آمریکایی | ولی | Yeneneh Betru | آمریکایی | مریلند | Sara Tesheberu | 34 |
| صدمات روحی | آمریکایی | ولیِ | Christopher Burford | آمریکایی | کارولینای شمالی | Pamela J. Thornton | 35 |
| صدمات روحی | آمریکایی | فرزند | Steven Weinberg | آمریکایی | نیویورک | Jason Weinberg | 36 |
| قتل غیرقانونی، صدمات روحی | آمریکایی | نماینده شخصی/همسر | Steven Weinberg | آمریکایی | نیویورک | Laurie Weinberg، شخصاً و به عنوان نماینده شخصی Steven Weinberg متوفی | 37 |
| صدمات روحی | آمریکایی | فرزند | Steven Weinberg | آمریکایی | نیویورک | Lindsay Weinberg | 38 |
| صدمات روحی | آمریکایی | فرزند | Steven Weinberg | آمریکایی | نیویورک | Samuel Weinberg | 39 |

**Lisa Ranieri**

_____

از: NYSD_ECF_Pool@nysd.uscourt.gov

ارسال: چهارشنبه، 12 سپتامبر 2018، 2:51 بعدازظهر

به: CourtMail@nysd.uscourts.gov

موضوع: گردش کار در پرونده 08297-cv-18:1، برگه جلد مدنی پرونده Betru و دیگران

این یک پیام ایمیلی خودکار ایجاد شده توسط سیستم CM/ECF است. لطفاً به این ایمیل پاسخ ندهید زیرا کسی صندوق ورودی آن را چک نمی‌کند.

***قابل توجه کاربران با دسترسی عمومی*** سیاست انجمن قضایی ایالت متحده آمریکا در صورتی که بنا به قانون یا به دستور ثبت کننده، ارائه رسید الزامی است، به وکلای ثبتی و طرفین دعوا (از جمله طرفین بدون وکیل) اجازه می‌دهد یک نسخه الکترونیکی رایگان از همه اسنادی را که به صورت الکترونیکی ثبت شده‌اند دریافت کنند. هزینه‌های دسترسی عموم به اسناد دادگاهی ثبت شده به صورت الکترونیکی (PACER) برای همه کاربران دیگر اعمال می‌شود. به منظور اجتناب از هزینه‌های بیشتر، یک نسخه از هر سند را در طول اولین مشاهده دانلود کنید. با این حال، اگر سند مورد ارجاع، رونوشت مکتوب سخنان شفاهی است، نسخه رایگان و محدودیت 30 صفحه‌ای صدق نمی‌کند.

دادگاه ناحیه‌ای ایالت متحده آمریکا

ناحیه جنوبی نیویورک

اطلاعیه ثبت الکترونیکی

تراکنش زیر توسط Kreindler، James در تاریخ 12 سپتامبر 2018 ساعت 2:51 بعدازظهر منطقه زمانی شرقی صورت گرفت و در تاریخ 12 سپتامبر 2018 ثبت شد

نام پرونده: مربوط به: Betru و دیگران

شماره پرونده: <u>1:18-cv-08297</u>

مامور ثبت:

شماره سند: <u>2</u>

متن ثبتی:

برگه جلد مدنی ثبت شد. (Kreindler, James)

اطلاعیه 08297-cv-18:1 به صورت الکترونیکی ایمیل شد به:

_____

| James P. Kreindler jkreindler@kreindler.com, gmasterson@kreindler.com, iszczesiak@kreindler.com |
_____

اطلاعیه 08297-cv-18:1 به روش‌های دیگر ارسال شد به:

سند(های) زیر با این تراکنش مرتبط هستند:

شرح سند: سند اصلی

نام اصلی پرونده: نامعلوم

مهر سند الکترونیکی: [STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018] [FileNumber=20806759-0] [aed7f6fe5aefaa00dafe3ebfa8ec1a322ae5c762ac673ca9f146d2f01f2a5f3943 922205ba0ba9cde36358db7bdb7d6d9405a44034b48be345b908e3fc3e9939]]

JS44C/SDNY

بازبینی: 1 ژوئن 2017

برگه اطلاعات دعوای مدنی

برگه اطلاعات دعوای مدنی JS-44 و اطلاعات موجود در آن، طبق قانون، جایگزین یا تکمیل ثبت و ابلاغ خواستها یا سایر اوراق نیست، مگر آن که قوانین محلی دادگاه طور دیگری تعیین کرده باشد. این فرم که به تأیید و تصویب هیئت قضایی ایالات متحده آمریکا در سپتامبر 1974 رسیده است برای استفاده منشی دادگاه به منظور آغاز پرونده ثبت دعوای مدنی لازم است.

شاکیان               Sirak Betru و دیگران

خواندها            جمهوری اسلامی ایران

وکلا (نام شرکت)، آدرس و شماره تلفن)          وکلا (در صورت اطلاع)
James P. Kreindler ،Kreindler & Kreindler LLP, 750 Third Avenue, New York
NY 10017, (212) 687-8181

دلیل اقامه دعوا (قانون مدنی ایالات متحده آمریکا را که طبق آن دعوا را اقامه می‌کنید ذکر کنید و یک جمله کوتاه درباره دلیل آن بنویسید)
(قوانین حوزه قضایی را ذکر نکنید، مگر در صورت تنوع در تابعیت)
بخش (a)1605 و 1605B از  عنوان 28 قانون ایالات متحده آمریکا؛ بخش (1)(f)1391،(b)(2)1391، 2333، 2333(a)، 2333(d)، 2334(a) و 1962(a)-(d)
قاضی منتصب قبلی

آیا این دعوا، پرونده یا اقدام یا مورد مشابه این قبلاً در هر زمانی در ناحیه جنوب ایالت نیویورک ثبت شده است؟ خیر ☒ بله ☐
در صورت پاسخ مثبت، آیا این پرونده به صورت داوطلبانه ☐ غیرداوطلبانه ☐ رد شد خیر ☐ در صورت پاسخ مثبت، تاریخ: _____ و شماره پرونده _____ را ذکر کنید.

آیا این یک دعوا داوری بین المللی است؟    خیر ☒ بله ☐
(علامت یک را در یک کادر کادر دهید)

**(ماهیت دعوا)**

| قرارداد | شبه جرم | صدمه شخصی | صدمه شخصی | حقوق اموال | ورشکستگی | اقدامات طبق قوانین | سایر قوانین |
|---|---|---|---|---|---|---|---|
| 110 {} بیمه | 310 {} هواپیما | 367 {} صدمه شخصی/مسئولیت محصول مراقبت درمانی/دارویی | 625 {} مصادره اموال در ارتباط با مواد مخدر 21 USC 881 | 422 {} درخواست تجدیدنظر 28 USC 158 | 375 {} ادعای نادرست | |
| 120 {} دریایی | 315 {} مسئولیت محصول هواپیما | 365 {} مسئولیت محصول صدمه شخصی | 690 {} سایر موارد | 423 {} انصراف 28 USC 157 | 376 {} دعوای اشتراکی | |
| 130 {} قانون Miller | 320 {} حمله، تهمت، افترا | 367 {} مسئولیت محصول صدمه شخصی زیست | | **حقوق اموال** | 400 {} انتصاب مجدد | |
| 140 {} اوراق بهادار | 330 {} مسئولیت کارفرمایان فدرال | 368 {} اموال شخصی | 820 {} کپی رایت | | 410 {} ضدانحصار | |
| 150 {} وصول اضافه پرداخت و اجرای حکم | 340 {} دریایی | 370 {} سایر موارد کلاهبرداری | 830 {} ثبت اختراع | | 430 {} بانکها و بانکداری | |
| 151 {} قانون Medicare | 345 {} مسئولیت محصول دریایی | 371 {} حقیقت در وام | 835 {} درخواست ثبت داروی جدید | | 450 {} تجارت | |
| 152 {} | 350 {} وسیله نقلیه | 380 {} سایر صدمات اموال شخصی | 840 {} علامت تجاری | **امنیت اجتماعی** | 460 {} دیپورت شدن | |
| 153 {} وصول اضافه پرداخت مزایای کهنه سربازان | 355 {} مسئولیت محصول وسیله نقلیه | 385 {} مسئولیت محصول صدمه به اموال | | 861 {} بازنشستگی ناتوان سلامتی یا (1395ff) HIA | | 470 {} قانون خبرنان دهی نفوذ قاچاقچی و فساد (RICO) |
| 160 {} دعاوی سهامدار | 360 {x} سایر صدمه شخصی | | **کار** | 862 {} بیماری ریه شش (923) | | 480 {} اعتبار مصرف کننده |
| 190 {} سایر قراردادها | 362 {} صدمه شخصی – اشتباه پزشکی | 463 {} زندانی بیگانه | 710 {} قانون استانداردهای کار عادلانه | 863 {} دعوای کارگر بیمه شده ثقل/زاد هوای نیره بیمه شده ناتوان (g))(405) | | 490 {} تلویزیون کابلی/ماهواره |
| 195 {} مسئولیت محصول قرارداد | | 510 {} درخواست رفع مجازات 28 USC 2255 | 720 {} روابط کار/کارمدیریت | 864 {} عنوان 16 در آمد تکمیل SSID (g))(405) | | 850 {} ضمانت‌ها/کالا/اوراق بهادار |
| 196 {} فرانشیز | **حقوق مدنی** | 530 {} قرار احضار زندانی | 740 {} درخواست تبع مجازات | 865 {} اطلاعات تکمیلی RSI (g))(405) | | 890 {} سایر اقدامات قانونی |
| **املاک و مستقلات** | 440 {} سایر حقوق مدنی (غیرزندانی) | 535 {} مجازات اعدام | 751 {} قانون مرخصی استعلاجی خانواده (FMLA) | **دعاوی مالیات فدرال** | | 891 {} قوانین کشاورزی |
| 210 {} مصادره زمین | 441 {} رأی دهی | 540 {} شکی دادگاه عالی مراجع و سایر موارد | 790 {} سایر موارد مربوط بکار | 870 {} مالیات (شاکی یا متهم آمریکا) | | 893 {} موضوع محیط زیستی |
| 220 {} توقیف به دلیل عدم پرداخت وام | 442 {} استخدام | | 791 {} قانون خدمات درآمد بازنشستگی/کارمند (ERISA) | 871 {} خدمات درآمد داخلی یا IRS شخص ثالث 26 USC 7609 | | 895 {} قانون ازادی اطلاعات |
| 230 {} اجاره و تخلیه ملک اجاره‌ای | 443 {} مسکن/اقامت | **مهاجرت** | | | | 896 {} داوری |
| 240 {} تجاوز به زمین | 446 {} آمریکایی‌های دچار ناتوانی – استخدام | 462 {} درخواست شهروندی | | | | 899 {} قانون رویه اداری/بازبینی یا تجدیدنظر تصمیم سازمانی |
| 245 {} سایر موارد مربوط به املاک جرم شبه | 448 {} آمریکایی‌های دچار ناتوانی — سایر موارد تحصیل | 465 {} سایر دعواهای مهاجرتی | | | | 950 {} مطابقت قوانین ایالتی با قانون اساسی |
| 290 {} سایر موارد مربوط به املاک و مستقلات | | **حقوق مدنی زندانی** | | | | |
| | | 550 {} حقوق مدنی | | | | |
| | | 555 {} شرایط زندان | | | | |
| | | 560 {} شرایط حبس زندانی مدنی | | | | |

در صورت درخواست رسیدگی در شکایت، علامت بزنید:
☐ در صورتی که این یک دعوای کلاسه مطابق با F.R.C.P 23 است، علامت بزنید

خواسته:_____ دلار    سایر_____

قصدتان در صورت درخواست در شکایت گزینه بله را علامت بزنید
درخواست هیئت منصفه: ☒ بله ☐ خیر

آیا مدعی هستید که طبق تعریف قانون محلی بخش تجاری 13 این پرونده با یک پرونده مدنی که هم اکنون در ناحیه جنوب نیویورک در حال انتظار رسیدگی است، مرتبط است؟
در این صورت، ذکر کنید:

03 MDL 1570 شماره پرونده: _____    قاضی: George Daniels / Sarah Netburn

توجه: باید در زمان ثبت، فرم بیانیه پرونده مرتبط را نیز ارسال کنید (فرم 32-IH)

(علامت x را فقط در یک کادر قرار دهید)

**مبداء و سرمنشاء دعوا**

| | | | |
|---|---|---|---|
| ☒ 1 دعوای اصلی | ☐ 2 انتقال یافته از دادگاه ایالتی | ☐ 3 انتقال یافته از دادگاه تجدید نظر | ☐ 4 از سرگرفته شده یا دوباره مفتوح شده | ☐ 5 انتقال یافته از (ناحیه را مشخص کنید) | ☐ 6 دعوای چندناحیهای (انتقال یافته) | ☐ 7 تجدیدنظرخواهی نزد قاضی ناحیه از قاضی دادرس |

☐ a. همه طرفین وکیل دارند
☐ b. حداقل یک طرف دعوا بدون وکیل است.

☐ 8 دعوای چندناحیهای (پرونده مستقیم)

---

(علامت x را فقط در یک کادر قرار دهید)

**اساس و پایه حوزه قضایی**

| | | | |
|---|---|---|---|
| ☐ 1 شاکی ایالات متحده آمریکا | ☐ 2 خوانده ایالات متحده آمریکا | ☐ 3 بازجویی فدرال (ایالات متحده، طرف دعوا نیست) | ☐ 4 تنوع تابعیت (ایالات متحده، طرف دعوا نیست) |

در صورت تنوع، تابعیت را در ذیل مشخص کنید.

---

**تابعیت طرفین اصلی (فقط برای پروندههای دارای تنوع تابعیت طرفین)**

(علامت {x} را در یک کادر برای شاکی و در یک کادر برای خوانده قرار دهید)

| | شاکی خوانده | | شاکی خوانده | | شاکی خوانده | |
|---|---|---|---|---|---|---|
| شهروند این ایالت | 1 {} 1 {} | شهروند یا تبعه یک کشور خارجی | 3 {} 3 {} | محل قانونی یا اصلی تجارت در ایالت دیگر | 5 {} 5 {} |
| شهروند ایالت دیگر | 2 {} 2 {} | محل قانونی یا اصلی تجارت در این ایالت | 4 {} 4 {} | تبعه خارجی | 6 {} 6 {} |

نشانی(ها) و کشور(های) شاکی(ها)

نشانی(ها) و کشور(های) خوانده(ها)

نشانی خوانده(ها) نامعلوم است
توضیح این که در این زمان با وجود تلاش زیاد و معقولانه نتوانستم نشانی سکونت خواندههای زیر را پیدا کنم:

---

**واگذاری به دادگاه**

بدین وسیله تایید میکنم که طبق قانون محلی بخش تجارت، 18، 20 یا 21، این پرونده باید به دادگاه مشخص شده در ذیل واگذار شود.

| | | |
|---|---|---|
| یکی را علامت بزنید: | این دعوا باید واگذار شود به: | ☐ وایت پلینز   ☒ منهتن |

تاریخ: 12 سپتامبر 2018       امضاء وکیل: {امضا شده}

شماره رسم:

برای وکالت در این ناحیه پذیرفته شد:
{} خیر
{x} بله (تاریخ پذیرش: ماه 12، سال 1981)
کد کانون وکلا: JK7084

قاضی دادرس توسط منشی دادگاه انتخاب خواهد شد.

قاضی دادرس _____ بدین وسیله تعیین شد.

Ruby J. Krajick، منشی دادگاه توسط _____
_____ معاون منشی، مورخ_____

دادگاه ناحیهای ایالات متحده آمریکا (جنوب نیویورک)

Lisa Ranieri

---

از: NYSD_ECF_Pool@nysd.uscourt.gov

ارسال: چهارشنبه، 12 سپتامبر 2018، 3:00 بعدازظهر

به: CourtMail@nysd.uscourts.gov

موضوع: گردش کار در پرونده 08297-cv-18:1، شکیات Betru و دیگران بیانیه ارتباط

**این یک پیام ایمیلی خودکار ایجاد شده توسط سیستم CM/ECF است. لطفاً به این ایمیل پاسخ ندهید زیرا کسی صندوق ورودی آن را چک نمی‌کند.**

**\*\*\*قابل توجه کاربران با دسترسی عمومی\*\*\* سیاست انجمن قضایی ایالت متحده آمریکا در صورتی که بنا به قانون یا به دستور ثبت کننده، ارائه رسید الزامی است، به وکلای ثبتی و طرفین دعوا (از جمله طرفین بدون وکیل) اجازه می‌دهد یک نسخه الکترونیکی رایگان از همه اسنادی را که به صورت الکترونیکی ثبت شده‌اند دریافت کنند. هزینه‌های دسترسی عموم به اسناد دادگاهی ثبت شده به صورت الکترونیکی (PACER) برای همه کاربران دیگر اعمال می‌شود. به منظور اجتناب از هزینه‌های بیشتر، یک نسخه از هر سند را در طول اولین مشاهده دانلود کنید. با این حال، اگر سند مورد ارجاع، رونوشت مکتوب سخنان شفاهی است، نسخه رایگان و محدودیت 30 صفحه‌ای صدق نمی‌کند.**

دادگاه ناحیه‌ای ایالت متحده آمریکا

ناحیه جنوبی نیویورک

اطلاعیه ثبت الکترونیکی

تراکنش زیر توسط Kreindler، James در تاریخ 12 سپتامبر 2018 ساعت 2:59 بعدازظهر منطقه زمانی شرقی صورت گرفت و در تاریخ 12 سپتامبر 2018 ثبت شد

**نام پرونده:** مربوط به: Betru و دیگران

**شماره پرونده:** <u>08297-cv-18:1</u>

مامور ثبت:

Aron Betru

Ruth Betru

Sirak Betru

David Burford

Vicki L Burford

Ashley R Calabro

Melinda Cooper

Darlene Cooper Canady

Belkys Diaz

Carmen Diaz

Leocadio Diaz

Leonel Diaz

Marie Annette Dory

Andrew J Fredericks

Hayley Fredericks

Michelle Fredericks

Andrew Furman

Chava Furman

Jayne Furman

Michael Furman

<div dir="rtl">

Holly Rae Harrell

Margaret Harrell

Jeremy M Krist

Harold Lilie

Barbara Lynch

Chris Maldonado

Krystal Maldonado

Otelio Maldonado, Jr.

Amanda Martinez Diaz

Jason Sherman

Betru Tensay

Sara Teshebru

Pamela J Thornton

Jason Weinberg

Laurie Weinberg

Lindsay Weinberg

Samuel Weinberg

شماره سند: 3

متن ثبتی:

بیانیه مرتبط بودن: درخواست می شود این دعوا به عنوان دعوای مرتبط با پرونده 1570-md-03 ثبت شود. ثبت سند توسط
Aron Betru، Ruth Betru، Sirak Betru (به عنوان نماینده شخصی ورثه YENENEH BETRU، متوفی)،
Sirak Betru (به عنوان نماینده شخصی ورثه David Burford) (شخصا)، David Burford (شخصا)،
Christopher Burford (به عنوان Vicki L Burford (متوفی)، Ashley R Calabro، Melinda Cooper (به عنوان
Darlene Cooper (شخصا)، Melinda Cooper (متوفی)، Julian Cooper نماینده مشترک شخصی ورثه
Canady، Belkys Diaz، Carmen Diaz (شخصا)، Carmen Diaz (به عنوان نماینده مشترک شخصی ورثه
Hayley، Nancy Diaz (متوفی)، Leocadio Diaz (شخصا)، Leocadio Diaz (به عنوان نماینده مشترک شخصی ورثه
Fredericks، Michelle Fredericks (شخصا)، Michelle Fredericks (به عنوان نماینده مشترک شخصی ورثه Nancy Diaz، Leonel Diaz (متوفی)،
شخصی ورثه Andrew Furman (شخصا)، Andrew Furman (متوفی)، Andrew Fredericks (به عنوان نماینده مشترک
شخصی ورثه Chava Furman (متوفی)، Chava Furman (به عنوان نماینده مشترک
Holly Rae Harrell، Michael Furman، Jayne Furman (متوفی)، Steven Furman ورثه شخصی
Stephen G. Harrell (به عنوان نماینده مشترک شخصی ورثه Margaret Harrell (شخصا)، Margaret Harrell
ناتنی ولی عنوان به) Harold Lilie، Jeremy M Krist (به عنوان همسر بازمانده)، Margaret Harrell متوفی)،
بازمانده ولی، بازمانده شخصی ورثه به عنوان نماینده) Joyce Lilie، Harold Lilie (به عنوان نماینده شخصی ورثه Steven Furman
Barbara Lynch (به عنوان نماینده شخصی ورثه Barbara Lynch (شخصا)، Barbara Lynch (متوفی)، Steven Furman
Krystal Maldonado، Chris Maldonado (همسر بازمانده)، Robert O'Shea (متوفی)، Barbara Lynch
Debora به عنوان نماینده شخصی ورثه) Otelio Maldonado, Jr. (همسر بازمانده)، Otelio Maldonado, Jr.
Jason Sherman (شخصا)، Amanda Martinez Diaz (متوفی)، Otelio Maldonado, Jr. Maldonado
به عنوان نماینده شخصی ورثه) Toyena C. Skinner (متوفی)، Jason Sherman (شخصا)، Jason Sherman
Sara Teshebru، Betru Tensay (متوفی)، Toyena C. Skinner فرزند بازمانده صغیر، فرد M.S (از طرف
عنوان به) Laurie Weinberg (شخصا)، Laurie Weinberg، Jason Weinberg، Pamela J Thornton
Kreindler, ) Samuel Weinberg، Lindsay Weinberg (متوفی)، Steven Weinberg ورثه شخصی نماینده
James)

</div>

2

اطلاعیه **1:18-cv-08297** به صورت الکترونیکی ایمیل شد به:

James P. Kreindler jkreindler@kreindler.com, gmasterson@kreindler.com, iszczesiak@kreindler.com

اطلاعیه **1:18-cv-08297** به روش‌های دیگر ارسال شد به:
سند(های) زیر با این تراکنش مرتبط هستند:

**شرح سند:** سند اصلی
**نام اصلی پرونده:** نامعلوم
**مهر سند الکترونیکی:**  [STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018]
[FileNumber=20806460-
] [87a231f40a113edda1c4efbbd494ca798aac9d7bc3c0fb2d0c5d32e041bb6e067a0
acaaa36c5d6742e5d29d2bc5f228320ad3011f4177bab858e91295abc6e0c1]]

**شرح سند:** پیوست 1
**نام اصلی پرونده:** نامعلوم
**مهر سند الکترونیکی:**  [STAMP dcecfStamp_ID=1008691343 [Date=9/12/2018]
[FileNumber=20806920-
0] [3ad68dba9020a5648338bef83ce2a0b6133f04edab3180188c060a150db968d01d
0577532a289923f373e57afee48a8d2bbb7d9c01ffd07daa3a5f40dbf44150]]

3

بازبینی: ژانویه 2014                                                                    IH-32

# دادگاه ناحیه‌ای ایالات متحده آمریکا
## ناحیه جنوب نیویورک
### بیانیه پرونده مرتبط

عنوان کامل پرونده‌ای که بعداً ثبت گردیده:

Betru و دیگران

شماره پرونده                                      شاکی
18-cv-8297                                        علیه
                                                 جمهوری اسلامی ایران

                                                 خوانده

عنوان کامل پرونده‌ای که پیشتر ثبت شد:
(از جمله در درخواست‌های ورشکستگی مربوط به اقدام مخالف)

در ارتباط با حملات تروریستی 11
سپتامبر 2001

شماره پرونده                                      شاکی
03 MDL 1570 (GBD) (SN)                            علیه
                                                 خوانده

صفحه 1

IH-32            بازبینی: ژانویه 2014

وضعیت پروندهای که پیشتر ثبت شده:

☐ مختومه       (در این صورت، رویهای را که منجر به مختومه شدن پرونده شد ذکر کنید، مثلاً انصراف داوطلبانه، مصالحه، تصمیم دادگاه. همچنین مشخص کنید که آیا درخواستی در حال انتظار رسیدگی هست یا خیر.)

☑ مفتوح       (در این صورت، وضعیت روند را ذکر کنید و هر گونه دستور دادگاه را به صورت خلاصه بیان کنید.)

با جزئیات، دلیل موقعیت خود را بیان کنید و بگویید که چرا پروندهای که جدیداً ثبت شده با پروندهای که پیشتر ثبت شده مرتبط است.

پروندهای که جدیداً ثبت شده یک پرونده مدنی برای موکلانی است که مدعی اتهامات حقیقی، اتهامات قضایی و درخواست محاکمه توسط هیئت منصفه هستند که از جمله دلایل اقدام علیه جمهوری اسلامی ایران طبق آنچه در شکایت نامه Ashton علیه ایران مطرح شده، که بخشی از دعوای چندناحیهای شماره 03 MDL 1570 است (رجوع کنید به شماره ECF 3237).

طبق دستور قاضی Netburn مورخ 10 جولای 2018 (03 MDL 1570)، شماره ECF 4045)، این دعوای جدیداً ثبت شده با دعوای 03 MDL 1570 مرتبط است.

امضا: _____

تاریخ: 12 سپتامبر 2018

شرکت: Kreindler & Kreindler LLP

Attachment D - FSIA and Certified Farsi Translation

PUBLIC LAW 94–583—OCT. 21, 1976                    90 STAT. 2891

## Public Law 94–583
## 94th Congress

### An Act

To define the jurisdiction of United States courts in suits against foreign states, the circumstances in which foreign states are immune from suit and in which execution may not be levied on their property, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Foreign Sovereign Immunities Act of 1976".

SEC. 2. (a) That chapter 85 of title 28, United States Code, is amended by inserting immediately before section 1331 the following new section:

"§ 1330. Actions against foreign states

"(a) The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605–1607 of this title or under any applicable international agreement.

"(b) Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

"(c) For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605–1607 of this title.".

(b) By inserting in the chapter analysis of that chapter before—

"1331. Federal question; amount in controversy; costs."

the following new item:

"1330. Action against foreign states.".

SEC. 3. That section 1332 of title 28, United States Code, is amended by striking subsections (a) (2) and (3) and substituting in their place the following:

"(2) citizens of a State and citizens or subjects of a foreign state;

"(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

"(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.".

SEC. 4. (a) That title 28, United States Code, is amended by inserting after chapter 95 the following new chapter:

### "Chapter 97.—JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

"Sec.
"1602. Findings and declaration of purpose.
"1603. Definitions.
"1604. Immunity of a foreign state from jurisdiction.
"1605. General exceptions to the jurisdictional immunity of a foreign state.
"1606. Extent of liability.

Oct. 21, 1976
[H.R. 11315]

Foreign
Sovereign
Immunities Act
of 1976.
28 USC 1 note.

28 USC 1330.
Jurisdiction.

*Post,* p. 2892.

*Post,* p. 2894.

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

90 STAT. 2892          PUBLIC LAW 94–583—OCT. 21, 1976

"1607. Counterclaims.
"1608. Service; time to answer default.
"1609. Immunity from attachment and execution of property of a foreign state.
"1610. Exceptions to the immunity from attachment or execution.
"1611. Certain types of property immune from execution.

28 USC 1602.   "§ 1602. Findings and declaration of purpose

"The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

28 USC 1603.   "§ 1603. Definitions

"For purposes of this chapter—

"(a) A 'foreign state', except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

"(b) An 'agency or instrumentality of a foreign state' means any entity—

"(1) which is a separate legal person, corporate or otherwise, and

"(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

"(3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (d) of this title, nor created under the laws of any third country.

"(c) The 'United States' includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

"(d) A 'commercial activity' means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

"(e) A 'commercial activity carried on in the United States by a foreign state' means commercial activity carried on by such state and having substantial contact with the United States.

28 USC 1604.   "§ 1604. Immunity of a foreign state from jurisdiction

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

28 USC 1605.   "§ 1605. General exceptions to the jurisdictional immunity of a foreign state

"(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

"(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of

PUBLIC LAW 94–583—OCT. 21, 1976                    90 STAT. 2893

the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

"(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

"(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

"(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue; or

"(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

"(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

"(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

"(b) A foreign state shall not be immune from the jurisdiction of   Suit in admiralty.
the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided*, That—   Notice.

"(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; but such notice shall not be deemed to have been delivered, nor may it thereafter be delivered, if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit—unless the party was unaware that the vessel or cargo of a foreign state was involved, in which event the service of process of arrest shall be deemed to constitute valid delivery of such notice; and

"(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in subsection (b)(1) of this section or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest. Whenever notice is delivered under subsection (b)(1) of this section, the maritime lien shall thereafter be deemed to be an in personam

PUBLIC LAW 94-583—OCT. 21, 1976

claim against the foreign state which at that time owns the vessel or cargo involved: *Provided*, That a court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose, such value to be determined as of the time notice is served under subsection (b) (1) of this section.

28 USC 1606.

"§ 1606. Extent of liability

"As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

28 USC 1607.

"§ 1607. Counterclaims

"In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

"(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or

"(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

"(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

28 USC 1608.

"§ 1608. Service; time to answer; default

"(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

"(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of

Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a 'notice of suit' shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

"(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

"(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

"(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

"(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

"(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

"(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

"(C) as directed by order of the court consistent with the law of the place where service is to be made.

"(c) Service shall be deemed to have been made—

"(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

"(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

"(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

"(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

"§ 1609. Immunity from attachment and execution of property of a foreign state

"Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property

"Notice of suit."

28 USC 1609.

90 STAT. 2896                 PUBLIC LAW 94–583—OCT. 21, 1976

in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

28 USC 1610.   "§ 1610. Exceptions to the immunity from attachment or execution

"(a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

"(2) the property is or was used for the commercial activity upon which the claim is based, or

"(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

"(4) the execution relates to a judgment establishing rights in property—

"(A) which is acquired by succession or gift, or

"(B) which is immovable and situated in the United States: *Provided*, That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

"(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment.

"(b) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

"(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

"(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), or (5), or 1605(b) of this chapter, regardless of whether the property is or was used for the activity upon which the claim is based.

"(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

"(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

"(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

"(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

"§ 1611. Certain types of property immune from execution          28 USC 1611.

"(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not          22 USC 288 note.
be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

"(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if—

"(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

"(2) the property is, or is intended to be, used in connection with a military activity and

"(A) is of a military character, or

"(B) is under the control of a military authority or defense agency."

(b) That the analysis of "Part IV.—Jurisdiction and Venue" of title 28, United States Code, is amended by inserting after—

"95. Customs Court,".

the following new item:

"97. Jurisdictional Immunities of Foreign States.".

Sec. 5. That section 1391 of title 28, United States Code, is amended          Venue.
by adding at the end thereof the following new subsection:

"(f) A civil action against a foreign state as defined in section 1603(a) of this title may be brought—

"(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

"(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

90 STAT. 2898          PUBLIC LAW 94–583—OCT. 21, 1976

"(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

"(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.".

Actions removable.

Sec. 6. That section 1441 of title 28, United States Code, is amended by adding at the end thereof the following new subsection:

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.".

28 USC 1446.

28 USC 1602 note.

Sec. 7. If any provision of this Act or the application thereof to any foreign state is held invalid, the invalidity does not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are severable.

Effective date.
28 USC 1602 note.

Sec. 8. This Act shall take effect ninety days after the date of its enactment.

Approved October 21, 1976.

LEGISLATIVE HISTORY:

HOUSE REPORT No. 94–1487 (Comm. on the Judiciary).
SENATE REPORT No. 94–1310 accompanying S. 3553 (Comm. on the Judiciary).
CONGRESSIONAL RECORD, Vol. 122 (1976):
     Sept. 29, considered and passed House.
     Oct. 1, considered and passed Senate.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 12, No. 43:
     Oct. 22, Presidential statement.



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

## CERTIFICATION

**Date: August 22, 2018**

We hereby certify and confirm that the below mentioned documents are a true and accurate **Farsi translation** of the **English document** presented to us, and has been translated to the best of our professional ability.

**Foreign Sovereign Immunities Act**

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public

My commission expires on: 02/28/2025

STAT 90 (مجموعه قوانین کنگره)
2891

قانون عمومی 583-94 – 21 اکتبر 1976

قانون عمومی 583-94
نود و چهارمین جلسه کنگره

**هدف از این قانون عبارت است از**

تعریف صلاحیت قضایی دادگاه‌های ایالات متحده آمریکا در دعاوی علیه دولت‌های خارجی، شرایطی که در آن دولت‌های خارجی در برابر اقامه دعوا مصون هستند و شرایطی که در آن هیچ حکمی علیه دارایی‌های آنها قابل اجرا نیست و اهداف دیگر.

21 اکتبر 1976
H.R. 11315

قانون مصونیت‌های حاکمیت خارجی
مصوب 1976
تبصره 1 عنوان 28 قانون ایالت
متحده آمریکا

*سنا و مجلس نمایندگان ایالات متحده آمریکا در کنگره تصویب کردند که این قانون، «قانون مصونیت‌های حاکمیت خارجی مصوب 1976» نامیده شود.*

بخش 2، (a) فصل 85 از عنوان 28 از قانون ایالات متحده آمریکا با افزودن بخش جدید زیر درست قبل از بخش 1331، اصلاح می‌شود:

بخش 1330 عنوان 28 قانون ایالت
متحده آمریکا
صلاحیت قضایی

ص. 2892

**بخش 1330، اقدام علیه دولت‌های خارجی**

«(a) دادگاه‌های منطقه‌ای صرف نظر از میزان اقدام مدنی غیرقضایی علیه یک دولت خارجی طبق تعریف مندرج در بخش (a)1603 از این عنوان دارای صلاحیت اولیه در ارتباط با هر گونه دعوای جبران خسارتی هستند که در آن تحت بخش‌های 1605-1607 از این عنوان یا تحت هر گونه توافق‌نامه قابل اجرای بین‌المللی، دولت خارجی مصونیتی ندارد.»

«(b) صلاحیت قضایی دادگاه در مورد یک دولت خارجی برای تمام دعواهای جبران خسارتی صدق می‌کند که دادگاه‌های منطقه‌ای طبق زیربخش (a) در جایی که ابلاغیه طبق بخش 1608 از این عنوان صورت گرفته است، صلاحیت رسیدگی را دارند.»

ص. 2894

«(c) به منظور اجرای زیربخش (b)، حضور دولت خارجی در دادگاه، منجر به تفویض صلاحیت قضایی در ارتباط با دعوای جبران خسارتی که ناشی از معامله یا پیش‌آمد مندرج در بخش‌های 1605 تا 1607 از این عنوان نیست.»

b) در تحلیل فصلی آن فصل، قبل از عبارت:

«1331، مساله فدرال؛ مبلغ مطروحه؛ هزینه‌ها.»

عبارت جدید زیر افزوده می‌شود:

«1330، اقدام علیه دولت‌های خارجی»

بخش 3، بخش 1332 از عنوان 28 قانون ایالت متحده آمریکا با خط خوردن زیربخش‌های (3) ,(2) (a) و جایگزین کردن موارد زیر اصلاح می‌گردد:

«2) شهروندان یک ایالت و شهروندان یا تبعه یک دولت خارجی؛

«3) شهروندان ایالات مختلف و پرونده‌ای که در آن شهروندان یا اتباع یک دولت خارجی جزو سایر طرف‌های دعوی هستند؛ و

«4) یک دولت خارجی طبق تعریف در بخش (a)1603 از این قانون به عنوان شاکی و شهروندان یک ایالت یا ایالت‌های مختلف.»

بخش 4، (a) عنوان 28 از قانون ایالات متحده آمریکا با افزودن فصل جدید زیر پس از فصل 95 اصلاح می‌شود:

**فصل 97، – مصونیت‌های قضایی دولت‌های خارجی**

بخش.

1602، احکام و اعلام هدف

1603، تعاریف

1604، مصونیت یک دولت خارجی در برابر حوزه قضایی

1605، استثنائات کلی مصونیت قضایی یک دولت خارجی

1606، حدود مسئولیت

<div dir="rtl">

1607. دعوای متقابل

1608. ابلاغ؛ زمان پاسخ؛ غیبت

1609. مصونیت در برابر توقیف و به اجرا گذاشتن دارایی یک دولت خارجی

1610. استثنائات مصونیت در برابر توقیف یا به اجرا گذاشته شدن

1611. انواع خاص مصونیت دارایی در برابر اجرا

**1602. احکام و اعلام هدف**     بخش 1602 عنوان 28 قانون ایالت
متحده آمریکا

کنگره حکم می‌کند که تصمیم‌گیری از سوی دادگاه‌های ایالت متحده آمریکا درباره ادعای مصونیت دولت‌های در برابر صلاحیت قضایی این دادگاه‌ها در راستای عدالت خواهد بود و باعث حفظ حقوق دولت‌های خارجی و شاکیان در دادگاه‌های ایالت متحده آمریکا خواهد شد. طبق قوانین بین‌المللی، دولت‌ها در ارتباط با فعالیت‌های تجاری خود در برابر صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و ممکن است اموال تجاری آنها مشمول اجرای احکامی شود که در ارتباط با فعالیت‌های تجاری‌شان علیه آنها صادر شده است. بنابراین، تصمیم‌گیری درباره ادعای مصونیت دولت‌های خارجی باید مطابق با اصول مندرج در این فصل، از سوی دادگاه‌های ایالت متحده آمریکا و ایالات صورت گیرد.

**1603. تعاریف**     بخش 1603 عنوان 28 قانون ایالت
متحده آمریکا

در این فصل؛

(a) یک «دولت خارجی»، به غیر از مورد استفاده شده در بخش 1608 از این عنوان، شامل زیرمجموعه سیاسی یک دولت خارجی یا یک سازمان یا دستگاه یک دولت خارجی طبق تعریف مندرج در زیربخش (b) می‌شود.

(b) یک «سازمان یا دستگاه یک دولت خارجی» به معنی هر گونه نهادی است که

1. یک شخصیت یا شرکت حقوقی جداگانه یا موارد دیگر است؛

2. یک ارگان دولت خارجی یا زیرمجموعه سیاسی آن است یا نهادی است که اکثر سهام آن یا انواع دیگر مالکیت آن متعلق به یک دولت خارجی یا زیرمجموعه سیاسی آن است؛

3. نه شهروند یکی از ایالات آمریکا طبق تعریف مندرج در بخش (c) 1332 و (d) از این عنوان است و نه تحت قوانین یک کشور ثالث ایجاد شده است.

(c) منظور از «ایالت متحده آمریکا» همه سرزمین و آبهای قاره‌ای یا جزیره‌ای است که مشمول حوزه قضایی ایالت متحده آمریکا هستند.

(d) منظور از «فعالیت تجاری» یک عمل عادی تجاری یا یک معامله یا عمل تجاری خاص است. تجاری بودن یک فعالیت باید با استناد به ماهیت عمل یا معامله یا عمل خاص تعیین شود و نه با استناد به هدف آن معامله.

(e) منظور از یک «فعالیت تجاری انجام شده از سوی یک دولت خارجی در ایالت متحده آمریکا» هر گونه فعالیت تجاری است که از سوی چنین دولتی در ایالت متحده آمریکا صورت می‌گیرد.

**1604. مصونیت یک دولت خارجی در برابر حوزه قضایی**     بخش 1604 عنوان 28 قانون ایالت
متحده آمریکا

طبق توافق‌های بین‌المللی موجود که ایالت متحده آمریکا در زمان تصویب این قانون عضوی از آن است، یک دولت خارجی به غیر از موارد مندرج در بخش‌های 1605 تا 1607 از این فصل، در برابر حوزه قضایی دادگاه‌های ایالت متحده آمریکا و ایالات مصون خواهد بود.

**1605. استثنائات کلی مصونیت قضایی یک دولت خارجی**     بخش 1605 عنوان 28 قانون ایالت
متحده آمریکا

(a) یک دولت خارجی در موارد زیر در برابر صلاحیت قضایی دادگاه‌های ایالت متحده آمریکا یا ایالات مصون نخواهد بود:

</div>

قانون عمومی 583-94 – 21 اکتبر 1976                    STAT 90 (مجموعه قوانین کنگره)
2893

1) در صورتی که دولت خارجی، مصونیت را به صراحت یا به صورت
تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف
شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد.

2) در صورتی که اقدام صورت گرفته بر اساس یک فعالیت تجاری باشد که
توسط دولت خارجی در ایالت متحده آمریکا انجام گرفته است؛ یا بر اساس
عملی باشد که در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر در
ایالت متحده آمریکا انجام گرفته است؛ یا بر اساس عملی خارج از قلمرو
ایالت متحده آمریکا باشد که در ارتباط با فعالیت تجاری دولت خارجی در
جای دیگر صورت گرفته است و آن عمل تاثیری مستقیم در ایالت متحده
آمریکا داشته باشد؛

3) در صورتی که موضوع مطروحه مربوط به حقوق دارایی‌هایی باشد که
خلاف قوانین بین‌المللی به دست آمده است و آن دارایی یا هر مالی که در
ازای این دارایی تبادل شده است در ایالت متحده آمریکا واقع شده باشد و
مربوط به فعالیت تجاری دولت خارجی در ایالت متحده آمریکا باشد؛ یا آن
دارایی هر مالی که در ازای این دارایی تبادل شده است متعلق به سازمان یا
دستگاه دولت خارجی باشد یا از سوی آن اداره شود و آن سازمان یا دستگاه
مشغول فعالیت تجاری در ایالت متحده آمریکا باشد؛

4) در صورتی که موضوع مطروحه مربوط به حقوق دارایی‌هایی در ایالت
متحده آمریکا باشد که از طریق ارث یا به عنوان هبه به دست آمده یا
مربوط به حقوق اموال غیرمنقولی باشد که در ایالت متحده آمریکا واقع
شده‌اند؛ یا

5) در صورتی که موضوع مطروحه هیچ یک از موارد مندرج در بند 2 فوق
نباشد و در آن شاکی به دنبال دریافت غرامت مالی از یک دولت خارجی به
دلیل صدمه شخصی، مرگ، خسارت یا از دست دادن مال در ایالت متحده
آمریکا باشد و مسبب آن، یک عمل مجرمانه یا غفلت از سوی آن دولت
خارجی یا هر یک از مسئولین یا کارکنان آن دولت خارجی حین عمل در
حوزه تصدی یا کاری خود باشد؛ موارد ذیل از این بند مستثنی هستند:

   A. هر گونه ادعا بر اساس عمل یا اقدام یا عدم عمل یا اقدام یک وظیفه
   اختیاری صرف نظر از این که از وظیفه سوءاستفاده شده است یا خیر،

   B. هر گونه ادعای ناشی از پیگرد بدخواهانه، سوءاستفاده در پروسه،
   افترا، تهمت، اطلاعات غلط، فریب کاری یا دخالت در حقوق
   قراردادی.

b) یک دولت خارجی در صورتی که در حوزه دریانوردی اقامه دعوایی صورت          اقامه دعوی در حوزه دریانوردی
گرفته باشد تا حق به وثیقه گذاشتن کشتی یا محموله یک دولت خارجی اجرا شود
و این حق ناشی از فعالیت تجاری دولت خارجی باشد، در برابر صلاحیت قضایی
دادگاه‌های ایالت متحده آمریکا مصون نخواهد بود به شرطی که:          اطلاعیه

   1) از طریق تحویل یک نسخه از احضاریه و شکایتنامه به خود شخص یا
   نماینده شخصی که صاحب کشتی و محموله‌ای است که به وثیقه گذاشته
   خواهد شد، اطلاعیه مربوط به اقامه دعوا ابلاغ شود؛ اما در صورتی که
   کشتی یا محموله در پی دریافت ابلاغیه از طرف شاکی توقیف شود، این
   اطلاعیه ابلاغ‌شده تلقی نخواهد شد و پس از آن نیز تحویل داده نخواهد شد،
   مگر آن که شاکی از وجود کشتی یا محموله دولت خارجی بی‌خبر باشد که
   در این صورت اطلاعیه توقیف، ابلاغ‌شده ثانی خواهد شد؛

   2) اطلاعیه به کشور خارجی در ارتباط با آغاز دعوا طبق مندرجات بخش
   1608 این عنوان ظرف ده روز پس از تحویل اطلاعیه طبق مندرجات
   زیربخش (1) (b) از این بخش یا در صورتی که طرف دعوا از وجود
   کشتی یا محموله دولت خارجی بی‌خبر باشد، ظرف ده روز پس از تاریخ
   تعیین وجود چنین امرالی از دولت خارجی توسط این طرف دعوا آغاز
   خواهد شد.

قانون عمومی 583-94 – 21 اکتبر 1976      STAT 90 (مجموعه قوانین کنگره) 2894

هر گاه اطلاعیه طبق زیربخش (b) (1) از این بخش تحویل داده شود، حق به وثیقه گذاشتن محموله دریایی پس از آن یک دعوای شخصی علیه دولت خارجی‌ای تلقی خواهد شد که در آن زمان صاحب کشتی یا محموله مورد نظر است به شرطی که طی صدور حکم از سوی یک دادگاه علیه دولت خارجی، میزان محکوم‌به از ارزش کشتی یا محموله‌ای که حق به وثیقه گذاشتن از آن نشات گرفته است، فراتر نرود. ارزش فوق طبق زیربخش (b) (1) از این بخش از زمان ابلاغ اطلاعیه تعیین خواهد شد.

**1606. حدود مسئولیت**      بخش 1606 عنوان 28 قانون ایالت متحده آمریکا

در مورد هر گونه ادعای خسارت که در آن یک دولت خارجی طبق بخش 1605 یا 1607 از این فصل مصونیت ندارد، دولت خارجی به همان شکل و همان میزان مسئول خواهد بود که یک شخص در شرایط یکسان مسئول است؛ اما یک دولت خارجی به غیر از سازمان یا دستگاه آن دولت، بابت خسارات تنبیهی مسئول محکوم نخواهد شد؛ البته، اگر در هر موردی که منجر به فوت شده است، طبق قانون محل وقوع عمل یا غفلت، یا طبق تفسیر آن قانون، دریافت خسارات تنها برای مواردی با ماهیت تنبیهی امکان‌پذیر باشد، دولت خارجی مسئول خسارات حقیقی یا غرامتی خواهد بود که بر اساس صدمات مالی ناشی از فوتی تعیین می‌شود به افرادی که اقامه دعوی به نفع آنها صورت گرفته مشمول شده‌اند.

**1607. دعوای متقابل**      بخش 1607 عنوان 28 قانون ایالت متحده آمریکا

در هر دعوای اقامه شده از سوی یک دولت خارجی یا دعوایی که یک دولت خارجی در آن دخالت می‌کند، در دادگاه ایالت متحده آمریکا یا دادگاه یک ایالت، آن کشور خارجی در ارتباط با دعاوای متقابل در موارد زیر مصون نخواهد بود:

a) در صورتی که اگر چنین دعوایی به صورت جداگانه علیه یک دولت خارجی اقامه شود، دولت خارجی طبق بخش 1605 از این فصل مصون نباشد؛ یا

b) در صورتی که دعوای متقابل ناشی از معامله یا اتفاقی باشد که موضوع مطروحه در دعوای دولت خارجی است؛ یا

c) در صورتی که دعوای متقابل در صدد دریافت غرامتی فراتر از میزان یا با ماهیتی متفاوت از غرامت ادعا شده از سوی دولت خارجی باشد.

**1608. ابلاغ؛ زمان پاسخ؛ غیبت**      بخش 1608 عنوان 28 قانون ایالت متحده آمریکا

a) در دادگاه‌های ایالت متحده آمریکا یا ایالات، ابلاغ به یک دولت خارجی یا زیرمجموعه سیاسی یک دولت خارجی از طریق زیر صورت می‌گیرد:

1) از طریق تحویل یک نسخه از احضاریه و شکایت‌نامه طبق هر گونه برنامه‌ریزی خاص انجام شده بین شاکی و دولت خارجی یا زیرمجموعه سیاسی آن بابت ابلاغ؛ یا

2) اگر هیچ برنامه‌ریزی خاصی وجود ندارد، از طریق تحویل یک نسخه از احضاریه و شکایت‌نامه طبق یک توافق بین‌المللی قابل اجرا درباره ابلاغ اسناد قضایی؛ یا

3) در صورتی که ابلاغ طبق بند 1 و 2 امکان‌پذیر نیست، از طریق ارسال یک نسخه از احضاریه و شکایت‌نامه و اطلاعیه مربوط به اقامه دعوی همراه با ترجمه هر یک از آنها به زبان دولت خارجی به هر طریقی از ارسال پستی که مستلزم یک رسید امضاشده است و باید توسط منشی دادگاه به وزیر امور خارجه کشور مربوطه نوشته و ارسال شود.

قانون عمومی 583-94 – 21 اکتبر 1976                    STAT 90 (مجموعه قوانین کنگره)
2895

4) در صورتی که طبق بند 2 امکان ابلاغ ظرف 30 روز ممکن نیست، از
طریق ارسال دو نسخه از احضاریه و شکایتنامه و اطلاعیه اقامه دعوا
همراه با ترجمه هر یک از آنها به زبان رسمی دولت خارجی به هر طریقی
از ارسال پستی که مستلزم یک رسید امضاشده است و باید توسط منشی
دادگاه به وزیر امور خارجه ایالت متحده آمریکا در واشنگتن، منطقه کلمبیا
خطاب به مدیر ابلاغیه‌های خاص کنسولی نوشته و ارسال شود، و وزیر
امور خارجه باید یک نسخه از این اسناد را از طریق راه‌های دیپلماتیک به
دولت خارجی انتقال دهد و یک نسخه مصدق از یادداشت دیپلماتیک که
زمان انتقال اسناد در آن ذکر شده به منشی دادگاه ارسال کند.

اطلاعیه اقامه دعوی — طبق آن چه در این زیربخش به کار برده شد، «اطلاعیه اقامه دعوی» به معنی اطلاعیه‌های
خطاب به یک دولت خارجی و به شکل مندرج در مقرراتی است که از سوی وزیر امور
خارجه وضع می‌گردد.

(b) در دادگاه‌های ایالت متحده آمریکا و ایالات، ابلاغ به یک سازمان یا دستگاه یک
دولت خارجی از طریق زیر صورت می‌گیرد:

1) از طریق تحویل یک نسخه از احضاریه و شکایتنامه طبق هر گونه
برنامه‌ریزی خاص انجام شده بین شاکی و آن سازمان یا دستگاه بابت ابلاغ؛
یا

2) اگر هیچ برنامه‌ریزی خاصی وجود ندارد، از طریق تحویل یک نسخه از
احضاریه و شکایتنامه به یک مأمور یا مدیر یا مدیر کل یا به هر
مأمور دیگری که از آن طرف قانون برای دریافت ابلاغ در ایالت متحده آمریکا
منصوب و مجاز است؛ یا طبق یک توافق بین‌المللی قابل اجرا درباره ابلاغ
اسناد قضایی؛ یا

3) در صورتی که ابلاغ طبق بند 1 و 2 امکان‌پذیر نیست، و اگر ارسال
اطلاعیه حقیقی به طور معقول در نظر گرفته شده است، از طریق ارسال
یک نسخه از احضاریه و شکایتنامه و اطلاعیه مربوط به اقامه دعوی
همراه با ترجمه هر یک از آنها به زبان دولت خارجی:

A) طبق دستور یک مقام دولت خارجی یا زیرمجموعه سیاسی درباره یک
نامه رسمی درخواست؛ یا

B) به هر طریقی از ارسال پستی که مستلزم یک رسید امضاشده است و
باید توسط منشی دادگاه خطاب به سازمان یا دستگاه مربوطه نوشته و
ارسال شود؛ یا

C) طبق دستور دادگاه مطابق با قانون محلی که ابلاغ باید در آن صورت
گیرد.

(c) ابلاغیه در موارد زیر ابلاغ شده تلقی می‌شود:

1) در مورد ابلاغ طبق زیربخش (4) (a) از تاریخ انتقال مندرج در رونوشت
مصدق یادداشت دیپلماتیک؛

2) در موارد دیگر طبق این زیربخش، از تاریخ دریافت مندرج در گواهی،
رسید پستی امضا شده و برگشتی، یا هر نوع مدرک دیگر که برای
روش ابلاغ انجام شده صدق می‌کند.

(d) در هر دعوایی که در یکی از دادگاه‌های ایالت متحده آمریکا یا یک ایالت اقامه
می‌شود، یک دولت خارجی، زیرمجموعه سیاسی آن یا سازمان یا دستگاه یک
دولت خارجی باید ظرف شصت روز پس از تحویل ابلاغ طبق این زیربخش یک
جوابیه یا هر نوع دفاعیه دیگری به شکایت ارائه دهد.

(e) دادگاه‌های ایالت متحده آمریکا یا یک ایالات نباید علیه یک دولت خارجی،
زیرمجموعه سیاسی آن، یا یک سازمان یا دستگاه دولت خارجی حکم غیابی
صادر کند مگر آن که شاکی، شکایت یا حق درخواست غرامت خود را با شواهد
و مدارک قابل قبول برای دادگاه به اثبات برساند. یک نسخه از چنین حکم
غیابی باید به نحوه قید شده در این بخش به دولت خارجی یا زیرمجموعه
سیاسی ارسال شود.

**1609. مصونیت در برابر توقیف و به اجرا گذاشتن دارایی یک دولت خارجی**

بخش 1609 عنوان 28 قانون ایالت
متحده آمریکا

قانون عمومی 94-583 ـ 21 اکتبر 1976      STAT 90 (مجموعه قوانین کنگره)

2896

پیرو توافق‌های بین‌المللی موجودی که ایالت متحده آمریکا در زمان تصویب این قانون عضوی از آن است، دارایی موجود در ایالت متحده آمریکا متعلق به یک دولت خارجی بع غیر از موارد مندرج در بخش‌های   و   از این فصل، در برابر توقیف و به اجرا گذاشتن مصون خواهد بود.

بخش 1610 عنوان 28 قانون ایالت متحد آمریکا

**1610. استثنائات مصونیت در برابر توقیف یا به اجرا گذاشته شدن**

a)   دارایی واقع در ایالت متحده آمریکا متعلق به یک دولت خارجی، طبق تعریف موجود در بخش 1603(a) از این فصل که برای فعالیت تجاری در ایالت متحده آمریکا استفاده می‌شود، پس از تاریخ اجرای این قانون در موارد زیر در برابر توقیف ناشی از اجرا یا در برابر به اجرا گذاشته شدن از سوی حکم صادره از سوی دادگاه ایالت متحده آمریکا یا دادگاه یک ایالت مصون نخواهد بود:

1)   در صورتی که دولت خارجی، مصونیت در برابر توقیف ناشی از اجرا یا به اجرا گذاشته شدن دارایی را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد؛ یا

2)   در صورتی که دارایی در گذشته یا در حال حاضر مورد استفاده برای فعالیت تجاری‌ای بوده که دعوا علیه آن اقامه شده است؛ یا

3)   در صورتی که به اجرا گذاشته شدن مرتبط با حکمی باشد که مربوط به حقوق دارایی‌هایی است که خلاف قوانین بین‌المللی به دست آمده یا آن دارایی با مالی تبادل شده که خلاف قوانین بین‌المللی به دست آمده است؛

4)   در صورتی که به اجرا گذاشته شدن مرتبط با حکمی باشد که مربوط به حقوق دارایی‌هایی است که

a)   از طریق ارث یا به عنوان هدیه به   دست آمده است، یا

b)   غیرمنقول و واقع در ایالت متحده آمریکا است: به شرطی که این دارایی بابت حفظ یک مأموریت دیپلماتیک یا کنسولی یا سکونت رئیس چنین مأموریتی استفاده نمی‌شود؛ یا

5)   دارایی شامل هر گونه تعهد قراردادی یا هر گونه عایدات حاصل از چنین تعهد قراردادی برای جبران خسارت یا جلوگیری از ضرر دین دولت خارجی یا کارکنان آن تحت یک بیمه نامه خودرو یا هر گونه بیمه دیگر یا بیمه تأمینی باشد که دعوایی را که به آن حکم صادره ادغام شده است، تحت پوشش قرار می‌دهد.

b)   علاوه بر زیربخش (a)، هر گونه دارایی واقع در ایالت متحده آمریکا که متعلق به یک سازمان یا دستگاه یک دولت خارجی است و در فعالیت تجاری در ایالت متحده آمریکا مورد استفاده قرار گرفته است، پس از تاریخ اجرای این قانون در موارد زیر در برابر توقیف ناشی از اجرا یا در برابر به اجرا گذاشته شدن در پی حکم صادره از سوی دادگاه ایالت متحده آمریکا یا دادگاه یک ایالت مصون نخواهد بود:

1)   در صورتی که سازمان یا دستگاه مصونیت در برابر توقیف ناشی از اجرا یا به اجرا گذاشته شدن دارایی را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که سازمان یا دستگاه بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد؛ یا

2)   در صورتی که صرف نظر از این که دارایی در گذشته یا حال بابت فعالیتی استفاده شده که دعوا بر مبنای آن اقامه شده است، حکم مرتبط با دعوایی باشد که در آن سازمان یا دستگاه به استناد بخش (5), (3), (2), (a) 1605 یا 1605(b) از این فصل مصونیت ندارد.

c)   توقیف یا اجرای مذکور در زیربخش (a) و (b) از این بخش مجاز نخواهد بود مگر در صورت دستور دادگاه پس از تعیین این که مدت زمان معقولی از صدور حکم و ارسال ابلاغیه لازم طبق بخش (e)1608 از این فصل گذشته است.

d)  دارایی یک دولت خارجی طبق تعریف مندرج در بخش (a)1603 از این فصل که برای یک فعالیت خارجی در ایالت متحده آمریکا استفاده می‌شود، پیش از صدور حکم در هر دعوای اقامه شده در دادگاه ایالت متحده آمریکا یا دادگاه ایالت یا پیش از گذشتن مدت زمان ذکر شده در زیربخش (c) از این بخش، در موارد زیر در برابر توقیف مصون نخواهد بود:

1)  در صورتی که دولت خارجی، مصونیت در برابر توقیف دارایی پیش از صدور حکم را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد، و

2)  در صورتی که هدف توقیف، اجرای حکمی باشد که قبلاً علیه یک دولت خارجی صادر شده یا احتمالاً در آینده صادر می‌شود و نه به دست آوردن صلاحیت قضایی.

**1611. انواع خاص مصونیت دارایی در برابر اجرا**

<span style="float:left">بخش 1611 عنوان 28 قانون ایالت متحده آمریکا</span>

a)  علی رغم مفاد بخش 1610 از این فصل، دارایی سازمان‌هایی که از سوی رئیس جمهور مستحق بهره‌مندی از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده در قانون مصونیت‌های سازمان‌های بین‌المللی شناخته می‌شوند، مشمول توقیف یا هر گونه پروسه قضایی دیگری نخواهد بود که در نتیجه دعوای اقامه شده در دادگاه‌های ایالت متحده آمریکا یا ایالت‌ها مانع پرداخت وجوه به یک دولت خارجی یا به سفارش یک دولت خارجی شود.

<span style="float:left">تبصره 288 عنوان 26 قانون ایالت متحده آمریکا</span>

b)  علی رغم مفاد بخش 1610 از این فصل، دارایی یک دولت خارجی در موارد زیر در برابر توقیف یا اجرا مصون خواهد بود:

1)  در صورتی که دارایی متعلق به بانک مرکزی یا اداره پولی یک کشور خارجی باشد که برای حساب خود نگه داشته است، مگر این که چنین بانک یا اداره‌ای یا دولت خارجی مادر مصونیت در برابر توقیف ناشی از اجرا یا به اجرا گذاشته شدن دارایی را به صراحت یا به صورت تلویحی از خود سلب کرده باشد علی رغم این که دولت خارجی بر خلاف شرایط و ضوابط سلب حق، از سلب این حق انصراف دهد؛ یا

2)  در صورتی که دارایی در حال حاضر در ارتباط با یک فعالیت نظامی مورد استفاده قرار گیرد یا قصد چنین استفاده‌ای وجود داشته باشد و

A)  دارایی ماهیتی نظامی داشته باشد یا

B)  تحت کنترل یک مقام نظامی یا سازمان دفاعی باشد.

b)  تحلیل "بخش 4 – حوزه قضایی و محل دادرسی" از عنوان 28 قانون ایالت متحده آمریکا بدین صورت اصلاح می‌شود که پس از عبارت "95. دادگاه گمرک."

عبارت جدید زیر افزوده می‌شود:

"97. مصونیت‌های قضایی دولت‌های خارجی"

<span style="float:left">محل دادرسی</span>

بخش 5، بخش 1391 از عنوان 28 قانون ایالت متحده آمریکا با افزودن زیربخش زیر در پایان آن اصلاح می‌شود:

f)  یک دعوای مدنی را می‌توان علیه یک دولت خارجی طبق تعریف مندرج در بخش 1603 از این عنوان در هر یک از محل‌های زیر اقامه کرد:

1)  در هر منطقه قضایی که بخش قابل توجهی از رویدادها یا غفلت منجر به دعوا در آن رخ داده است یا این که بخش قابل توجهی از دارایی مطروحه در دعوا در آن واقع شده است؛

2)  در صورت اقامه دعوا بر اساس بخش (b) 1605 از این عنوان، در هر منطقه قضایی که کشتی یا محموله یک دولت خارجی در آن واقع شده است؛

STAT 90 (مجموعه قوانین کنگره)
2898

قانون عمومی 583-94 – 21 اکتبر 1976

3) در صورتی که دعوا علیه یک سازمان یا دستگاه کشور خارجی طبق تعریف مندرج در بخش (b) 1603 از این عنوان اقامه شده باشد، در هر منطقه قضایی که سازمان یا دستگاه در آن مجاز به انجام کسب و کار است یا در آن مشغول کسب و کار است؛

4) در دادگاه منطقهای ایالت متحده آمریکا برای منطقه کلمبیا در صورتی که دعوا علیه یک دولت خارجی یا زیرمجموعه سیاسی آن اقامه شده باشد.

بخش 6. بخش 1441 از عنوان 28 قانون ایالت متحده آمریکا با افزودن زیربخش جدید زیر به پایان آن اصلاح میشود:

اقدامات قابل انتقال

d) هر اقدام مدنی اقامه شده در یک دادگاه ایالتی علیه یک دولت خارجی طبق تعریف مندرج در بخش (a) 1603 از این عنوان توسط دولت خارجی قابل انتقال به دادگاه منطقهای ایالت متحده آمریکا در بخش و حوزهای است که محلی را که این دعوا در آن در صف رسیدگی است پذیرفته است. به محض انتقال، دعوی بدون هیئت منصفه توسط دادگاه رسیدگی خواهد شد. هر گاه انتقال بر اساس این زیربخش صورت گیرد، محدودیتهای زمانی بخش (b) 1446 در این فصل در هر زمان بابت علت اعلام شده قابل افزایش است.

بخش 1446 عنوان 28 قانون ایالت متحده آمریکا

بخش 7. در صورتی که مفاد این قانون یا اجرای آن در خصوص یک دولت خارجی نامعتبر شناخته شود، در سایر مفاد و اجرائیات این قانون که جدا از آن مفاد یا اجرائیات نامعتبر قابل اجرا است تأثیری ندارد، و بدین منظور، مفاد این قانون تفکیکپذیر هستند.

بخش 1602 عنوان 28 قانون ایالت متحده آمریکا

بخش 8. این قانون ظرف نود روز پس از تاریخ تصویب به اجرا خواهد آمد، مصوب 21 اکتبر 1976.

تبصره 1602 عنوان 28 قانون ایالت متحده آمریکا. تاریخ اجرا

---

تاریخچه قانون گذاری:

گزارش مجلس نمایندگان به شماره 1487-94 (تفسیر قضایی)
گزارش سنا به شماره 1310-94 به همراه S.3553 (تفسیر قضایی)
سند کنگره، جلد 122 (1976):
29 سپتامبر، توسط مجلس نمایندگان بررسی و تصویب شد.
1 اکتبر، توسط سنا بررسی و تصویب شد.

تدوین هفتگی اسناد ریاست جمهوری، جلد 12، شماره 43
22 اکتبر، بیانیه ریاست جمهوری