```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

      TERRORIST ATTACKS ON
      SEPTEMBER 11, 2001

03-MD-1570 (GBD)(SN)

ORDER

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    BNY Mellon, et al. v. Islamic Republic of Iran, No. 1:19-cv-11767
    Deborah Bodner, et al. v. Islamic Republic of Iran, No. 1:19-cv-11776
    August Bernaerts, et al. v. Islamic Republic of Iran, No. 1:19-cv-11865
    Ber Barry Aron, et al. v. Islamic Republic of Iran, No. 1:20-cv-09376
    Jeanmarie Hargrave, et al. v. Islamic Republic of Iran, No. 1:20-cv-09387
    Paul Asaro, et al. v. Islamic Republic of Iran, No. 1:20-cv-10460
    Michael Bianco, et al. v. Islamic Republic of Iran, No. 1:20-cv-10902

      The Court has received the motions for partial final default judgments by plaintiffs in the cases listed above at ECF Nos. 7329 and 7370. The memoranda of law supporting each motion states that there are people requesting judgments who have not been added to the relevant case, each of whom are contained in Exhibit C of declaration supporting the motion. See ECF No. 7332 at 49, ECF No. 7373 at 27, see also ECF Nos. 7331-3 (Exhibit C to the motion at ECF No. 7329), ECF Nos. 7372-3 (Exhibit C to the motion at ECF No. 7370). Those motions rely on paragraph 5 of Section II(D), of the Plaintiffs' Executive Committees' January 25, 2017 Letter, ECF No. 3433, as adopted by the Court, ECF No. 3435 for the proposition that actors may obtain judgments in this multidistrict litigation without being added to the case.

      Both Judge Daniels and this Court have ruled that individuals who have not been added to the relevant case through an appropriate amendment many not seek default judgments without first being properly added. See ECF No. 5910 ("[I]t is not a 'legally proper position' for

claimants to obtain judgments when they are not plaintiffs to the case.") (quoting ECF No. 5195 at 3:20–21), see also ECF No. 5195 at 6:5–22 ("In my experience, the types of claims that your clients are bringing are personal and, therefore, they do need to be a party to the action . . . I'm not familiar with any legal theory that would allow claimants who are obtaining judgments for their own individual claims, rather than as beneficiaries of an estate, [to] proceed.")

As these rulings reflect, paragraph 5 of Section II(D) does not permit plaintiffs to obtain default judgments without properly adding the party to the complaint.

In the interest of economy, the Court will permit plaintiffs in these cases to make a *nunc pro tunc* motion adding the appropriate parties if the plaintiffs wish to do so.[1] Therefore, the plaintiffs in the cases identified in this Order are ORDERED to file a letter by December 14, 2021, indicating if they wish to make such a motion and if so, proposing a schedule for making those amendments.

**SO ORDERED.**

DATED:   New York, New York
         December 8, 2021

_____
SARAH NETBURN
United States Magistrate Judge

---

[1] The Court used this procedure to address a similar issue in September 2019. See ECF No. 5195 at 6:10–22.