KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

December 17, 2021

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in response to the Court's order by memorandum endorsement at ECF No. 7448. As directed, counsel for the Consolidated Amended Complaint Plaintiffs ("CAC Plaintiffs"), for the Plaintiffs in *Ashton v. Kingdom of Saudi Arabia*, No. 17-cv-2003 ("*Ashton* Plaintiffs"), and for Saudi Arabia have met and conferred concerning a briefing schedule for the recent motion for reconsideration filed by the CAC Plaintiffs at ECF No. 7431, and for a related but not identical motion that the *Ashton* Plaintiffs intend to file the same day as this letter. The parties have not reached agreement on the schedule and each sets forth its position below.

**CAC Plaintiffs**

      The non-Kreindler members of the Plaintiffs' Executive Committees, on behalf of the Consolidated Amended Complaint Plaintiffs ("CAC Plaintiffs"), respectfully request that the Court adopt the schedule for the Rule 54(b) motion, ECF Nos. 7431, 7432, that the CAC Plaintiffs and Saudi Arabia jointly proposed in our December 7, 2021 letter to the Court, ECF No. 7433 (opposition due 2/7/2022; reply due 3/9/2022).

      The CAC Plaintiffs' motion seeks relief related to claims and arguments presented in the CAC and CAC Plaintiffs' Opposition to the Kingdom's Motion to Dismiss,[*] in light of the Second Circuit's precedential decisions in *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842 (2d

---

[*] As the Court will recall, the *Ashton* plaintiffs sought and were granted leave to file a separate complaint and opposition brief, and thus disjoined themselves from the rest of the PECs and the CAC Plaintiffs in relation to the pleading of the claims and arguments in opposition to the Kingdom's motion to dismiss.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
December 17, 2021
Page 2

Cir. 2021) and *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021). Those decisions announced a number of critical new principles concerning the purpose, intent, and scope of the Justice Against Sponsors of Terrorism Act ("JASTA"). The importance of the issues raised by the motion and nature of the relief sought counsel in favor of prompt resolution of the motion. As indicated to *Ashton* counsel during discussions preceding the filing of the Rule 54(b) motion, the CAC Plaintiffs decided to defer filing their motion for a considerable period, given the concentrated focus and activity relating to the Jarrah deposition transcript leak. Further unnecessary delay in presenting the issues to the Court for resolution would be prejudicial to the CAC Plaintiffs.

The briefing schedule agreed upon by the CAC Plaintiffs and the Kingdom provides ample time for both the opposition (60 days) and replies (30 days). Further, the schedule corresponds well with other deadlines and activity in the MDL (e.g., *Daubert* motion deadlines, ongoing E.O. releases, expert reports, etc.). As to the expert deadline in particular, Plaintiffs will have over a month to focus on the documents due to be released pursuant to E.O. 14040, on January 2, 2022, before the Kingdom files its opposition, and three weeks thereafter to focus on the reply before the final E.O. 14040 tranche is released on March 2, 2022. Should intervening developments create a need for additional time, plaintiffs can confer among the parties and seek an appropriate modification, but it does not make sense to elongate the briefing schedule now.

Finally, the CAC Plaintiffs respond to counsel for the *Ashton* plaintiffs' (anticipated) additional item regarding a new motion to compel that is unrelated to the purpose for which the Court requested this joint letter. Counsel for the *Ashton* plaintiffs have advised that they intend to file today a motion to compel directed at the Kingdom of Saudi Arabia. At the time that this joint submission has been prepared, we have not seen the final product that *Ashton* counsel intend to file. However, to clarify for the Court, the non-Kreindler members of the PECs' leadership agree in principle that the governments' ongoing disclosures pursuant to Executive Order 14040 provide grounds for seeking additional targeted discovery from the Kingdom. We have elected not to join with *Ashton* counsel on any motion to compel they may file today because we expressed the view that, in order to mitigate the likelihood of piecemeal applications, to conserve judicial resources, and to be comprehensive in our approach, plaintiffs should alert the Court and the Kingdom to the anticipated possible need for such an application, but defer filing any such application until after the January 2 deadline for the next release under E.O. 14040.

### *Ashton* Plaintiffs

The *Ashton* Plaintiffs respectfully request that this Court set a reply date of April 15, 2022 for the Rule 54(b) motions, and would agree to any corresponding adjustments to the Kingdom's opposition deadline. The *Ashton* Plaintiffs and the Kingdom have agreed to a briefing schedule on that portion of the *Ashton* motion that seeks additional document discovery with the Kingdom

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
December 17, 2021
Page 3

intending to file its opposition by January 10, 2022 and the *Ashton* Plaintiffs filing their reply by January 14, 2022.

As for the other portions of the *Ashton* motion, while the *Ashton* Plaintiffs are joining in the legal arguments presented by the Commercial Claims PEC, the Motley Rice firm and the Anderson Kill firm in the CAC Rule 54(b) motion, the *Ashton* Plaintiffs' motion includes argument that will require *Ashton* counsel to reply separately in order to adequately protect the interests of their clients.

The provisional schedule agreed to by the Commercial Claims PEC, the Motley Rice firm, the Anderson Kill firm and the Kingdom would have all replies due on March 9, 2021, just three weeks before the deadline set by this Court for the submission of Plaintiffs' expert reports. While the expert reports are being prepared for the benefit of all plaintiffs, *Ashton* counsel have had the primary relationship and been working for the past six months with seven of the ten experts identified in Plaintiffs' disclosures. Further, the March 9, 2021 date falls just one week after the date President Biden's Executive Order No. 14040 set for final production of FBI materials. The November 2021 production included nearly 250 new pages of findings and analysis and nearly 500 pages of new unredacted materials. Following the final FBI production, the experts and counsel will have one month to absorb all additional material. In addition, as this Court was advised earlier today, we were told this week that the court in Turkey has scheduled a hearing for the testimony of non-party Alp Karli for March 22, 2022, which will require counsel to prepare and coordinate with Turkish counsel and possibly travel overseas in the middle of the time between the final FBI production and expert reports.

In light of those timing issues and the need for *Ashton* counsel to reply separately to the Kingdom opposition, we respectfully request that this Court order that replies be filed on or before April 15, 2022, just five weeks later than the due date proposed by other counsel.

**Saudi Arabia**

Based on meet-and-confer discussions with the *Ashton* Plaintiffs, Saudi Arabia understands that those Plaintiffs will file a motion today seeking two categories of relief from the Court. The first category of relief sought will be a motion to compel document discovery from Saudi Arabia concerning Adel Al Sadhan, Mutaeb Al Sudairy, and Omar Abdi Mohammed. Saudi Arabia will oppose any such discovery and reserves all rights to do so on any ground. Saudi Arabia has proposed that its opposition to the motion be due on January 10, 2022, and the *Ashton* Plaintiffs have agreed to this date. The *Ashton* Plaintiffs have proposed to file a reply no later than January 14, and Saudi Arabia has agreed to that date.

The second category of relief sought by the *Ashton* Plaintiffs will be reconsideration of Judge Daniels's March 28, 2018 order on grounds similar to those raised by the CAC Plaintiffs in support of their pending motion. Saudi Arabia will oppose any such request. Saudi Arabia believes the schedule proposed by the CAC Plaintiffs in their letter at ECF No. 7433 remains

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
December 17, 2021
Page 4

appropriate: Saudi Arabia's opposition due February 7, 2022, and Plaintiffs' reply (or replies) due March 9.

The *Ashton* Plaintiffs have suggested extending the reply deadline to April 15, 2022, for the reply because of the substantial work they will be doing during that period to meet the expert discovery deadline set by the Court. Even taking into account the demands of expert discovery, one month is enough time for a reply in support of a motion for reconsideration, and two months would be unduly long.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)