

December 22, 2021

**VIA ECF**

Sean P. Carter
Direct Phone   215-665-2105
Direct Fax      215-665-2013
scarter1@cozen.com

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square
Room 430
New York, NY  10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    Plaintiffs in *Federal Ins. Co. v. al Qaida,* Case No. 1:03-cv-06978 (GBD) (SN), write to respectfully request that the Court rule on their Motion for Assessment of Damages as to the *Taliban*, which has been pending since 2007.

    As discussed in further detail below, certain Plaintiffs in the *Federal Ins.* matter moved in 2007 for an assessment of damages and entry of monetary awards against the Taliban, al Qaeda, and other defaulted defendants, as to damages to their "property and business."  Although the Court conducted the relevant assessment of damages and decided the motion for purposes of entering monetary judgments in favor of those Plaintiffs against al Qaeda, and later Hezbollah, those rulings have not yet been extended to the Taliban.  As a result, the 2007 motion remains pending as to the Taliban.  At this time, the *Federal Ins.* Plaintiffs respectfully request that the Court decide the pending motion for assessment of damages as to the Taliban, by extending its prior assessments of damages and awards as to al Qaeda and Hezbollah to the Taliban.

    Given that the Court already has decided these matters as to identically situated defendants on multiple occasions, the *Federal Ins.* Plaintiffs respectfully submit that this is essentially an administrative matter, but an important one, given recent developments in Afghanistan.

    **A.**    <u>**Background**</u>

    On April 7, 2006, Judge Richard Casey ordered that a default judgment as to liability be entered in favor of the *Federal Ins.* Plaintiffs, against a number of defendants, including the al Qaeda and Hezbollah terrorist organizations and the Taliban, based upon their failure to appear to defend the claims against them (*Fed. Ins.* Dkt. No. 626).  Certain plaintiffs in the *Federal Ins.*

The Honorable Sarah Netburn
December 22, 2021
Page 2

matter ("Moving Plaintiffs")[1] subsequently moved to assess damages against the defaulted defendants, including the Taliban, in relation to their default judgments pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, *et. seq.*, for injuries sustained to "property or business." *See Fed. Ins.* Dkt. No. 688 (the "Motion for Assessment of Damages"). In support of the Motion for Assessment of Damages, Moving Plaintiffs submitted detailed affidavits from knowledgeable company representatives, identifying their subrogated insurance claims and detailing the injuries sustained by, and amounts paid to, their insureds. The Motion for Assessment of Damages was fully briefed as of March 12, 2007.

At that early stage of the litigation, the Defendants' Executive Committee ("DEC") objected to Moving Plaintiffs' Motion for Assessment of Damages against al Qaeda, the Taliban, and other defaulted defendants, arguing that any damage assessments should be deferred until all claims against all appearing defendants were resolved. In response, Moving Plaintiffs argued that the DEC had no standing to object to the Motion for Assessment of Damages, and was wrong as a matter of law in suggesting that it would be premature to conduct the damage assessment at that time. The Court did not address those arguments, and did not take action on the Motion for Assessment of Damages at that time.

By letters dated May 27, 2011 and July 15, 2011, the Plaintiffs' Executive Committees ("PECs") requested that the Court urgently consider the Motion for Assessment of Damages insofar as it related to al Qaeda, "[i]n order to fully protect the September 11th Plaintiffs' rights against al Qaeda, and ensure that the September 11th Plaintiffs do not suffer harm as a result of execution proceedings initiated by other parties against al Qaeda." *See* May 27, 2011 letter application of the Plaintiffs' Executive Committees. The PECs and DEC thereafter reached agreement to allow the damage assessment to proceed, and the Motion for Assessment of Damages was referred to Magistrate Judge Frank Maas for his report and recommendation ("Report").

Based on his thorough review of Moving Plaintiffs' submissions, Magistrate Judge Maas recommended that Moving Plaintiffs be awarded damages on their subrogation claims against al Qaeda under the ATA in the aggregate amount of $9,351,247,965.99. MDL Dkt. No. 2479. On December 16, 2011, Judge Daniels adopted Magistrate Judge Maas' Report in its entirety, concluding that Moving Plaintiffs' allegations and proffered evidence sufficiently "identified each of the insurance claims they paid as compensation for property loss, business interruption, and related damages, and have attested that these damages were directly caused by the September 11th terrorist attacks," and that "plaintiffs have provided a sufficient basis to determine damages and thus are entitled to damages on their subrogation claims" as set forth in the Report. *See* Memorandum Decision and Order, MDL Dkt. No. 2502, at pp. 3-4. In accordance with this Court's directive, the Clerk of Court entered judgment in favor of Moving

---

[1] These Plaintiffs are AXA Art Insurance Company, AXA Global Risks (UK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA Re, AXA Re Canadian Branch, AXA Re UK Plc, AXA Versicherung, and SPS Re (collectively, "AXA"); Chubb Custom Insurance Company, Chubb Insurance Company of Canada, Chubb Insurance Company of New Jersey, Chubb Indemnity Insurance Company, Federal Insurance Company, Great Northern Insurance Company, Pacific Indemnity Insurance Company, and Vigilant Insurance Company (collectively, "Chubb"); American Alternative Insurance Company, The Princeton Excess & Surplus Lines Insurance Company (collectively, "MRAm"); Great Lakes Reinsurance (UK) Limited; OneBeacon Insurance Company; and TIG Insurance Company ("TIG").

The Honorable Sarah Netburn
December 22, 2021
Page 3

---

Plaintiffs and against al Qaeda in the aggregate amount of $9,351,247,965.99 on December 22, 2011. MDL Dkt. No. 2514. Thereafter, this Court ordered that the judgment in favor of Plaintiffs and against al Qaeda be made a partial final judgment pursuant to Rule 54(b). MDL Dkt. Nos. 2523, 2538.

By letter application dated February 10, 2012, Moving Plaintiffs requested that the Court extend its prior rulings on the Motion for Assessment of Damages to the Hezbollah terrorist organization as well, and enter a partial final judgment in favor of Plaintiffs and against Hezbollah in accordance with those prior rulings, pursuant to Rule 54(b). There again, Moving Plaintiffs sought a formal monetary award to protect Moving Plaintiffs' interests as to certain assets that were potentially subject to attachment on the basis of a monetary judgment against Hezbollah.

On March 27, 2012, the Court granted Moving Plaintiffs' request and entered partial final judgment against Hezbollah pursuant to Rule 54(b) "[f]or the reasons set forth in the Court's Memorandum Decision and Order dated December 16, 2011, adopting the Report and Recommendation made by Magistrate Judge Frank Maas recommending that Plaintiffs be awarded on their subrogation claims." MDL Dkt. No 2582. The Clerk of the Court entered final judgment pursuant to Rule 54(b) on March 29, 2012. MDL Dkt. No. 2583.

Meanwhile, nearly five years after Moving Plaintiffs moved for an assessment of damages as to the Taliban, plaintiffs in *Havlish v. Bin-Laden*, Case No. 1:03-cv-09848 (GBD) (SN), filed their own motion for an assessment of damages, in relation to their judgments against the Taliban and other defaulted defendants, on February 14 and 15, 2012. *Havlish* Dkt. Nos. 2552-2554. On July 30, 2012, Magistrate Judge Maas issued a Report and Recommendation on the *Havlish* plaintiffs' motion, MDL Dkt. No. 2618, which Judge Daniels thereafter adopted on October 3, 2012. MDL Dkt. No. 2623. Pursuant to those orders, the *Havlish* plaintiffs secured a monetary default judgment against the Taliban on October 16, 2012. MDL Dkt. No. 2624.

### B. The Court Should Extend its Prior Damage Assessments and Awards to the Taliban

At this time, Moving Plaintiffs respectfully request that the Court extend its prior rulings on the Motion for Assessment of Damages to the Taliban. The Motion for Assessment of Damages as to the Taliban presents identical issues to those already decided by this Court in entering monetary judgments against al Qaeda and Hezbollah. Indeed, this Court entered liability default judgments as to all three of those defendants, on Moving Plaintiffs' ATA and common law claims, through the same Order in April 2006. The 2007 Motion for Assessment of Damages was directed to all three of them (and other defaulted non-sovereign defendants), and sought identical relief as to each. This Court already conducted all of the required assessments and evaluations, and determined Moving Plaintiffs' entitlement to relief, in deciding the Motion for Assessment of Damages as to al Qaeda, and in later extending it to Hezbollah. Further, the Court has assessed damages in favor of many plaintiffs in recent years, including as to the Taliban in the *Havlish* action, without objection. Accordingly, as this Court determined it was appropriate when Moving Plaintiffs made an identical application as to Hezbollah, this Court should extend its prior rulings on the Motion for Assessment of Damages to the Taliban.

The Honorable Sarah Netburn
December 22, 2021
Page 4

---

    Moving Plaintiffs are filing a proposed form of Order for the Court's consideration, which tracks the relevant language of the Order entered by the Court as to Hezbollah at MDL Dkt. No. 2582. In addition, for the Court's convenience, Moving Plaintiffs also are enclosing courtesy copies of the following relevant documents:

- Exhibit A – Default Judgment, *Federal Ins.* Dkt. No. 626 (April 7, 2006), including Exhibit B cited therein, identifying defaulted defendants (*see* p. 11, "The Taliban");

- Exhibit B – PECs' letter application (al Qaeda) (May 27, 2011);

- Exhibit C – Report and Recommendation to the Honorable George B. Daniels, MDL Dkt. No. 2479 (October 14, 2011);

- Exhibit D – Memorandum Decision and Order (al Qaeda), MDL Dkt. No. 2502 (December 16, 2011);

- Exhibit E – Judgment (al Qaeda), MDL Dkt. No. 2514 (December 22, 2011);

- Exhibit F – Rule 54(b) Judgment (al Qaeda), MDL Dkt. No. 2538 (January 25, 2012);

- Exhibit G – *Federal Ins.* Plaintiffs' letter application (Hezbollah) (February 10, 2012);

- Exhibit H – Memorandum Decision and Order (Hezbollah), MDL Dkt. No. 2582 (March 27, 2012); and

- Exhibit I – Rule 54(b) Judgment (Hezbollah), MDL Dkt. No. 2583 (March 29, 2012).

Respectfully submitted,

COZEN O'CONNOR

By:   /s/ Sean P. Carter
Sean P. Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the Federal Insurance Plaintiffs*

cc:    All MDL 1570 Counsel (via ECF)

LEGAL\55630723\1