# EXHIBIT G



# COZEN
# O'CONNOR

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

Sean P. Carter
Direct Phone   215.665.2105
Direct Fax     215.701.2105
scarter@cozen.com

February 10, 2012

**VIA OVERNIGHT DELIVERY**

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 630
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)*

Dear Judge Daniels:

      Through a series of Orders issued over the last two months, the Court adopted Magistrate Judge Maas' Report and Recommendation as to the *Federal Insurance* Plaintiffs' Motion for Assessment of Damages as to al Qaeda (MDL Doc. No. 2502), and thereafter directed the Clerk of Court to make final the judgment against al Qaeda pursuant to Fed. R. Civ. P. 54(b) (MDL Doc. No. 2523). At this time, the *Federal Insurance* Plaintiffs write to respectfully request that the Court extend its rulings on the Motion for Assessment of Damages to the Hezbollah terrorist organization (a/k/a Hizballah, a/k/a Lebanese Hezbollah) as well. Subject to the terms of the proposed Stipulation and Order attached hereto as Exhibit A, all defendants have agreed that they will not file any objection or opposition to this application.

      Following a recent hearing in the *Havlish* action, the Court entered a default judgment in favor of those Plaintiffs against, among others, Iran and Hezbollah, and ruled that those Plaintiffs were entitled to an assessment of damages as to those defendants (MDL Doc. No. 2516). The Court previously entered a default judgment as to liability against Hezbollah in the *Federal Insurance* action on April 7, 2006 (*Fed. Ins.* Doc. No. 626). In view of ongoing damages inquest as to Hezbollah in the *Havlish* action, there is no just cause for further delay in conducting a damages assessment as to Hezbollah in the *Federal Insurance* case.

      As both Your Honor and Magistrate Judge Maas already have considered the legal arguments and evidence presented in the Motion for Assessment of Damages, and issued

The Honorable George B. Daniels
February 10, 2012
Page 2

---

As both Your Honor and Magistrate Judge Maas already have considered the legal arguments and evidence presented in the Motion for Assessment of Damages, and issued monetary judgments against al Qaeda on the basis of that evidence, the extension of that ruling to Hezbollah, and entry of a final judgment pursuant to Rule 54(b) as to Hezbollah, is both appropriate and the most efficient course. Indeed, the legal holdings and factual findings of the Court's prior rulings on the Motion for Assessment Damages as to al Qaeda apply with equal force to Hezbollah, and the Motion for Assessment of Damages in fact seeks an award of damages as to all defaulted defendants, including Hezbollah. *See Fed. Ins.* Doc. No. 688-6 at p.6.

For the Court's convenience and consideration, a proposed form of Order extending the prior rulings on the Motion for Assessment of Damages to Hezbollah is attached hereto as Exhibit B. The proposed Order tracks the language of the Court's December 16, 2011 Memorandum Decision and Order as to al Qaeda and January 10, 2012 Order directing entry of final judgment against al Qaeda.

As the Court is aware from the prior proceedings concerning al Qaeda, the entry of a final monetary judgment is critical to protecting Plaintiffs' rights as to foreign terrorist organizations under section 201 of the Terrorism Risk Insurance Act. Accordingly, the *Federal Insurance* Plaintiffs respectfully request the Court's prompt attention to this administrative request, to avoid any potential prejudice to their rights.

Plaintiffs thank Your Honor in advance for the Court's attention to this matter.

Respectfully submitted,

COZEN O'CONNOR

By: SEAN P. CARTER

SPC/bdw
cc:  The Honorable Frank Maas (via overnight delivery)
     All Counsel of Record (via email)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:
:           **STIPULATION AND ORDER**

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001                          :           03 MDL 1570 (GBD) (FM)

------------------------------------------------------------x

**GEORGE B. DANIELS,** United States District Judge.

      Certain Plaintiffs in the *Federal Insurance* action ("Plaintiffs") previously filed a "Motion of Plaintiffs AXA, Chubb, Munich Re America, OneBeacon Insurance Group, and TIG Insurance Company to Assess Damages Against Defaulted Defendants for Business and Property Claims under the Anti-Terrorism Act" (*Fed. Ins.* Doc. No. 688) (Feb. 13, 2007) ("Motion") and a "Reply Memorandum" (*Fed. Ins.* Doc. No. 696) (Mar. 12, 2007). By letters dated May 27, 2011 and July 15, 2011, Plaintiffs requested that the Court consider that Motion insofar as it related to the al Qaeda terrorist organization.

      The Court granted that request, and on October 14, 2011 Magistrate Judge Frank Maas issued a Report and Recommendation relative to the Motion, pursuant to which he recommended an aggregate award in favor of Plaintiffs and against al Qaeda in the amount of $9,351,247,965.99 (MDL Doc. 2479). On December 16, 2011, the Court adopted in its entirety the Report and Recommendation, and directed the Clerk of Court to enter judgment in favor of Plaintiffs and against al Qaeda in the aggregate amount of $9,351,247,965.99 (MDL Doc. No. 2502). On December 22, 2011, the Clerk of Court entered judgment in accordance with the Court's December 16, 2011 Order (MDL Doc. No. 2514). Thereafter, on January 10, 2012, the Court issued another Order directing that the judgment in favor of Plaintiffs and against al Qaeda be made final pursuant to Rule 54(b) (MDL Doc. No. 2523). On January 25, 2012, the Clerk of Court entered final judgment in favor of Plaintiffs and against al Qaeda in the aggregate amount of $9,351,247,965.99 pursuant to Rule 54(b) (MDL Doc. No. 2538).

      Plaintiffs now request that the Court extend its rulings relative to the Motion as to al Qaeda to the Hezbollah terrorist organization, another defaulted defendant for which Plaintiffs sought an assessment of damages through the Motion. Plaintiffs further request that the Court certify as final the resulting judgment in their favor and against Hezbollah pursuant to Rule 54(b). Plaintiffs and Defendants stipulate to the conditions and agreements set forth below:

1.     Any judgment or award of damages made pursuant to this Motion as to Hezbollah will neither be binding upon nor admissible to establish any damages amount related to any Defendant other than Hezbollah.

2.     If the Plaintiffs obtain a monetary judgment against Hezbollah in response to the Motion, Plaintiffs stipulate that they will not seek to enforce that judgment against any Defendant who

has received a final judgment of dismissal pursuant to Rule 54(b) prior to this date, or any of the following Defendants, including any assets owned or controlled by any of those Defendants, or assets of those Defendants that were blocked pursuant to designations by the Office of Foreign Assets Control (U.S. Department of the Treasury), the United Nations, or any other governmental agency:

1. Al Haramain Islamic Foundation, Inc. (USA);
2. Dubai Islamic Bank;
3. International Islamic Relief Organization;
4. Muslim World League;
5. Rabita Trust;
6. Sana-Bell, Inc.;
7. Sanabel Al Kheer;
8. World Assembly of Muslim Youth / World Assembly of Muslim Youth International;
9. Wael Jelaidan; and
10. Perouz Sedaghaty.

In consideration of Plaintiffs' agreement that they will not seek to enforce any monetary judgment entered as to Hezbollah against any Defendant who has received a final judgment of dismissal pursuant to Rule 54(b) or any of the Defendants listed above, all Defendants who have received final judgments of dismissal pursuant to Rule 54(b) and the Defendants listed above agree that they will not file any objection or opposition in relation to the Plaintiffs' request that the Court assess damages against Hezbollah.

AGREED TO:


_____/s/_____
Sean Carter, Esquire
Attorney for *Federal Insurance* Plaintiffs.



_____/s/_____
Alan R. Kabat, Esquire
Attorney for Al Haramain Islamic Foundation, Inc. (USA) and Perouz Sedaghaty.



_____/s/_____
Steven T. Cottreau, Esquire
Attorney for Dubai Islamic Bank.

2

_____/s/_____
Martin F. McMahon, Esquire
Attorney for Muslim World League, International Islamic Relief Organization, Rabita Trust, and Wael Jelaidan.

_____/s/_____
Omar T. Mohammedi, Esquire
Attorney for World Assembly of Muslim Youth / World Assembly of Muslim Youth International.

_____/s/_____
Christopher C.S. Manning, Esquire
Attorney for Sana-Bell, Inc. and Sanabel Al Kheer.

_____/s/_____
Michael K. Kellogg, Esquire
Chair of the Defendants' Executive Committee, on behalf of all Defendants who have received final judgments of dismissal pursuant to Rule 54(b).

SO ORDERED.

Dated:   New York, New York

        February ____, 2012

                                            GEORGE B. DANIELS
                                            United States District Judge

Copies to:

Honorable Frank Maas
 United States Magistrate Judge

All counsel via ECF

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ORDER<br><br>03 MDL 1570 (GBD)<br>ECF Case |

This document applies to: *Federal Ins. Co. v. al Qaeda*, 03-CV-06978 (GBD) (FM)

GEORGE B. DANIELS, United Sates District Judge:

On April 7, 2006, Judge Casey ordered that a default judgment as to liability be entered against a number of defendants, including the al Qaeda and Hezbollah terrorist organizations, based upon their failure to appear to defend the claims against them (*Fed. Ins.* Doc. No. 626). Certain plaintiffs in *Federal Insurance Co. v. al Qaeda* ("Plaintiffs")[1] subsequently moved pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, *et. seq.*, to assess damages against the defaulted defendants for injuries sustained to "their property or business." *See Fed. Ins.* Doc. No. 688 (the "Motion for Assessment of Damages"). By letters dated May 27, 2011 and July 15, 2011, Plaintiffs requested that the Court urgently consider the Motion for Assessment of Damages insofar as it related to al Qaeda, "[i]n order to fully protect the September 11th plaintiffs' rights against al Qaeda, and ensure that the September 11th plaintiffs do not suffer harm as a result of execution proceedings initiated by other parties against al Qaeda." *See* May 27, 2011 letter application of the Plaintiffs' Executive Committees.

---

[1] These Plaintiffs are AXA Art Insurance Company, AXA Global Risks (LTK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA Re, AXA Re Canadian Branch, AXA Re UK Plc, AXA Versicherung, and SPS Re (collectively, "AXA"); Chubb Custom Insurance Company, Chubb Insurance Company of Canada, Chubb Insurance Company of New Jersey, Chubb Indemnity Insurance Company, Federal Insurance Company, Great Northern Insurance Company, Pacific Indemnity Insurance Company, and Vigilant Insurance Company (collectively, "Chubb"); American Alternative Insurance Company, The Princeton Excess & Surplus Lines Insurance Company (collectively, "MRAm"); Great Lakes Reinsurance (UK) Limited; OneBeacon Insurance Company; and TIG Insurance Company ("TIG").

This Court referred the matter to Magistrate Judge Frank Maas for his report and recommendation ("Report"). Magistrate Judge Maas recommended that Plaintiffs be awarded damages on their subrogation claims against al Qaeda in the aggregate amount of $9,351,247,965.99 (MDL Doc. No. 2479). On December 16, 2011, this Court adopted Magistrate Judge Maas' Report in its entirety, concluding that Plaintiffs' allegations and proffered evidence sufficiently "identified each of the insurance claims they paid as compensation for property loss, business interruption and related damages, and have attested that these damages were directly caused by the September 11th Terrorist Attacks," and that "plaintiffs have provided a sufficient basis to determine damages and thus are entitled to damages on their subrogation claims" as set forth in the Report. *See* Memorandum Decision and Order, MDL Doc. No. 2502, at pp. 3-4. In accordance with this Court's directive, the Clerk of Court entered judgment in favor of Plaintiffs and against al Qaeda in the aggregate amount of $9,351,247,965.99 on December 22, 2011 (MDL Doc. No. 2524). Thereafter, this Court ordered that the judgment in favor of Plaintiffs and against al Qaeda be made final pursuant to Rule 54(b) (MDL Doc. Nos. 2523, 2528).

By letter application dated February 10, 2012, Plaintiffs requested that the Court extend its prior rulings on the Motion for Assessment of Damages to the Hezbollah terrorist organization as well, and enter a partial final judgment in favor of Plaintiffs and against Hezbollah in accordance with those prior rulings, pursuant to Rule 54(b).

For the reasons set forth in the Court's December 16, 2011 Memorandum Decision and Order, the Court finds that Plaintiffs should be awarded judgment on the subrogation claims against Hezbollah under the ATA as follows:

| Plaintiff | Judgment |
|---|---|
| AXA Art Insurance Company | 42,862,629.00 |

| | |
|---|---:|
| AXA Global Risks (UK) Ltd. | 32,959,870.71 |
| AXA CSA UK Branch | 194,339,649.00 |
| AXA Insurance Company | 395,088,134.88 |
| AXA Reinsurance Company | 248,144,334.00 |
| AXA Re | 317,370,069.00 |
| AXA Re Canadian Branch | 78,415,221.33 |
| AXA Re UK Plc | 54,488,105.10 |
| AXa Versicherung | 2,769,159.00 |
| SPS Re | 252,915,480.00 |
| Chubb Custom Insurance Company | 1,837,755.00 |
| Chubb Insurance Company of Canada | 151,357,187.13 |
| Chubb Insurance Company of New Jersey | 1,238,045.13 |
| Chubb Indemnity Insurance Company | 12,251,634.60 |
| Federal Insurance Company | 4,541,002,792.17 |
| Great Northern Insurance Company | 1,787,991,341.37 |
| Pacific Indemnity Insurance Company | 29,809,609.98 |
| Vigilant Insurance Company | 126,917,799.72 |
| American Alternative Insurance Company | 11,768,346.21 |
| The Princeton Excess & Surplus Lines Insurance Company! | 11,388,877.50 |
| Great Lakes Reinsurance (UK Limited | $298,534,281.06 |
| One Beacon Insurance Company | 529,544,956.20 |
| TIG Insurance Company | 228,252,687.90 |
| TOTAL | 9,351,247,965.99 |

Plaintiffs' additional claims for their adjustment costs and legal fees should be denied without prejudice.

The Court further finds that there is no just reason to delay the entry of final judgment in favor of Plaintiffs and against Hezbollah pursuant to Federal Rule of Civil Procedure 54(b). This litigation has now been pending since 2002, and the default judgment against Hezbollah as to liability was entered in 2006. Absent the entry of a Rule 54(b) judgment, it could be several more years before all claims against all defendants in this action are resolved. Many claims remain in the early stages of discovery, complicated by the fact that many of the relevant documents are located abroad and are in foreign languages.

In the meantime, Plaintiffs are unable to enjoy the benefit of their judgments and monetary award, and will likely be prejudiced in relation to their efforts to obtain partial satisfaction of their judgments should these judgments not be made final at the earliest possible date. Specifically, failure to enter final judgments in favor of the Plaintiffs and against Hezbollah could prejudice Plaintiffs' rights to protect their interests relative to domestic frozen assets of Hezbollah, which are available to them to satisfy a final judgment pursuant to Section 201 of the Terrorism Risk Insurance Act, Pub. L. No. 107-297, 116 Stat. 2322 (Nov. 26, 2002). Meanwhile, neither Hezbollah nor any other party in this action has given this Court any just reason for delay of final judgment.

It is thus appropriate at this juncture to extend to Hezbollah this Court's ruling on the Motion for Assessment of Damages, and to enter partial final judgments under Rule 54(b) with respect to the monetary judgments previously entered against Hezbollah. *See Cullen v. Margiotta,* 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years," and where there was "no just reason to require the

parties to await the conclusion" of all related proceedings until making the already entered judgments final). This Court's Orders have decided all claims asserted by Plaintiffs against Hezbollah and have decided finally the rights and liabilities of this defendant, constituting final decisions within the meaning of 28 U.S.C. § 1291.

ACCORDINGLY, IT IS HEREBY ORDERED, this _____ day of February, 2012 that judgment be entered against Hezbollah in accordance with this Order, and that such judgment be certified as final pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of the Court is directed to prepare and enter a final judgment.

SO ORDERED

_____
Hon. George B. Daniels
United States District Judge