UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN))

I, JOSEPH PETER DRENNAN, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

1. I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN) (the "*Anaya* Action"). I was admitted *pro hac vice* in the *Anaya* Action on February 5, 2019. I submit this Declaration in support of Plaintiffs' Motion to Correct Clerical Errors in Partial Final Judgment entered on October 5, 2021.

2. On October 5, 2021, this Honorable Court entered Partial Final Default Judgment in favor of certain Plaintiffs in the *Anaya* Action and against the Islamic Republic of Iran (the "October 5 Judgment") (*MDL* ECF 7178, *Anaya* ECF 70). In the October 5 Judgment, this Honorable Court granted the motion of certain Plaintiffs for a judgment of liability against the Islamic Republic of Iran, awarded solatium damages to certain Plaintiffs who are or were immediate family members of individuals killed in the September 11th Attacks (each a "9/11 Decedent"), and awarded pain and suffering damages to certain Plaintiffs who are personal representatives of estates of 9/11 Decedents.

3. In the course of preparing applications to the U.S. Victims of State Sponsored Terrorism Fund, based on the October 5 Judgment, it has come to my attention that the names of certain *Anaya* Plaintiffs and 9/11 Decedents are not accurately reflected in the October 5 Judgment. This is due to the fact that these names were either misspelled or incorrectly recorded in the First Amended Short Form Complaint filed on February 22, 2019 (as *Anaya* ECF 29) (the "Complaint"), due to ministerial errors on the part of Plaintiffs' counsel. These typographical, spelling and clerical errors are explained below.

4. The Complaint contains spelling errors in the names of the following 9/11 Decedents on behalf of whose respective estates and family members claims have been asserted:

| Name as Pled | Correct Spelling | Citation to Complaint |
|---|---|---|
| Estate of Carlos DaCosta | Estate of Carlos da Costa | Appendix I (*Anaya* ECF 29-1) at line 9 |
| Deborah Ann Dimartino | Debra Ann Dimartino | Appendix I (*Anaya* ECF 29-1) at line 13 |
| Richard Boy Hall | Richard Bradway Hall | Appendix I (*Anaya* ECF 29-1) at line 46 |
| Andrew Marshal King | Andrew Marshall King | Appendix I (*Anaya* ECF 29-1) at line 58 |

5. The Complaint contains typographical errors in the names of the following Plaintiffs on whose behalf claims have been asserted, with one adding a middle name which was omitted in the Complaint as well:

| Name as Pled | Correct Spelling | Citation to Complaint |
|---|---|---|
| Myasia Micki Laurence | MyAsia Micki Lawrence | Appx I at line 76 |
| Lidia Kriso | Lydia Kriso | Appx I at line 40 |
| Estate of Melaissa Guman | Estate of Malissa Guman | Appx I at line 45 |
| Tammeka Lowe | Tameka Lowe | Appx I at line 79 |

| M. Rita DaCosta | M. Rita da Costa | Appx I at line 10 |
| M. Rita DaCosta, as Personal Representative for the Estate of Carlos DaCosta | M. Rita da Costa, as Personal Representative for the Estate of Carlos da Costa | Appx I at line 9 |
| Daniel DaCosta | Daniel da Costa | Appx I at line 11 |
| Carlos DaCosta, Jr. | Carlos Antonio da Costa | Appx I at line 12 |
| Carly King | Carlyle King | Appx I at line 62 |

6. Michael A. Marti is a 9/11 Decedent. In the *Anaya* Action, claims are asserted on behalf of his estate, and on behalf of the estate of his father, Roger R. Marti. *See* Appendix I to Complaint (*Anaya* ECF 29-1) at lines 84, 86. In the Complaint, Mario Truglio is identified as the Personal Representative of the estates of both Michael A. Marti and Roger R. Marti. *See id*. The Complaint also asserts a claim on behalf of Rosalie A. Marti, who is the mother of 9/11 Decedent Michael A. Marti and the widow of Roger R. Marti. *See id*. at line 85.

7. In the course of reviewing documentation to be submitted to the United States Victims of State Sponsored Terrorism Fund, registering the Marti Family judgments, I discovered that Mario Truglio was never appointed as Personal Representative of either Michael A. Marti's estate or Roger R. Marti's estate. Plaintiff Rosalie Marti is, and, at all times, has been, the Personal Representative of the estate of her late son, Michael A. Marti. She is also the proposed Personal Representative of the estate of her late husband Roger A. Marti, in the Surrogate's Court of Queens County, New York. Mario Truglio inadvertently misidentified himself to co-counsel as the personal representative of both of said estates based on his mistaken belief that he had acquired that status by being Rosalie Marti's attorney-in-fact under a valid power of attorney.

8. The Complaint asserts claims on behalf of Kerina Kaltenborn who is a

3

daughter of 9/11 Decedent Michael W. Lowe. Kerina Kaltenborn is misidentified in the Complaint by the name of Kerina Williams. *See* Appendix I at line 83. This was a clerical error on the part of my co-counsel. I have since learned that, at the time the *Anaya* Action was commenced, my co-counsel was inadvertently misinformed by Kerina Kaltenborn's step-mother, Plaintiff Vivian Lowe, that Kerina Kaltenborn's legal name was Kerina Williams. Ms. Lowe believed that to be the case because Kerina had been raised by an aunt whose surname was Williams.

9. The Complaint asserts claims on behalf of Thomas Frank Getzendanner, individually, and as personal representative for the estates of Susan Getzendanner, Elizabeth A. Getzendanner and Joseph W. Getzendanner (*Anaya* ECF 29-1), at lines 37, 36, 38 & 39, respectively. I recently learned that Thomas Getzendanner's middle name is, in fact, Forbes, and not Frank. It was incorrectly recorded in the Complaint.

10. The Complaint asserts claims on behalf of the Estate of Winifred Kauth, who was the mother of 9/11 Decedent Don Jerome Kauth. The personal representative of the Estate of Winifred Kauth is her daughter Vanessa Graham. Vanessa Graham is a Plaintiff in the *Anaya* Action, in both her individual capacity (as the sister of Don Jerome Kauth) and as the personal representative of her mother's estate. *See* Appendix I at lines 55, 56. As a result of a clerical error made by my co-counsel, Winifred Kauth's last name was incorrectly recorded in the Complaint as Graham, which is the surname of her daughter and Personal Representative. *See id.* at 56.

11. The name corrections identified in paragraphs 4 - 10 above do not affect any of the substantive claims in the Complaint, or the relief awarded in the October 5 Judgment. No new Plaintiffs will be added by these corrections, excepting that Rosalie A.

Marti, who is a Plaintiff in her individual capacity, will be named also in a representative capacity respecting the estates of her son and husband.

**One Estate Inadvertently Omitted from Exhibit B
to October 5 Judgment as Originally Proposed**

12.The Complaint asserts claims on behalf of the estate of 9/11 Decedent Michael Joseph Duffy. *See* Complaint, Appendix I at line 23. Barbara M. Duffy, as the Personal Representative of the Estate of Michael Joseph Duffy was among the Plaintiffs who moved for default judgment against the Islamic Republic of Iran. *See Anaya* ECF 60, MDL ECF 6877 (Notice of Motion seeking default judgment as to Iran's liability under 28 U.S.C. § 1605A(c) to "all Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD)(SN), except Tracy Anne Larkey, individually and as Personal Representative of the Estate of Robin Blair Larkey, Nicholas Blair Larkey, Oliver Robin Larkey, and William James Larkey"). It was Plaintiffs' counsel's intention in making the said motion to obtain an award of pain and suffering damages for the estate of 9/11 Decedent Michael Joseph Duffy as well.

13.However, in preparing those motion papers, Plaintiffs' counsel inadvertently omitted Barbara M. Duffy as the Personal Representative of the Estate of 9/11 Decedent Michael Joseph Duffy from the list of pain and suffering awards in Exhibit B to the proposed order that became the October 5 Judgment. *See* Exhibit B to *MDL* ECF 7178, *Anaya* ECF 70. As explained in the accompanying Memorandum of Law, this inadvertent error may properly be corrected pursuant to Rule 60(a).

14.I apologize to this Honorable Court for the errors and omissions by counsel that have necessitated the instant request for relief. There has been no prior application for the relief requested herein.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Spotsylvania, Virginia, on 28 December 2021.

_____
JOSEPH PETER DRENNAN