UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

### Declaration of Dorothea M. Capone in Support of the *Bauer* Plaintiffs' Motion for Final Judgments Against The Taliban and Muhammad Omar

I, DOROTHEA M. CAPONE, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.  I am a member of Baumeister & Samuels, P.C., the law firm representing the *Bauer* plaintiffs in the above-referenced matters (the "*Bauer* Plaintiffs"),[1] and I submit this Declaration in support of the *Bauer* Plaintiffs' motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("*Bauer* 9/11 Decedents"), and their immediate family members or functional equivalents. This motion seeks the following relief:

    a.  awarding the Estates of *Bauer* 9/11 Decedents identified in Exhibit A, through their personal representatives, an award for conscious pain and suffering and economic damages, which will constitute a final judgment in the amounts set forth on Exhibit A;

    b.  awarding the immediate family members of the *Bauer* 9/11 Decedents, who are also named as the personal representatives of those estates identified in Exhibit B, an award for solatium damages, which, will constitute a final judgment in the amounts set forth on Exhibit B;

---

[1] As set forth in detail in footnote 1 of the instant motion, Baumeister & Samuels, P.C. was retained by the plaintiffs identified in Exhibits A, B and C who are collectively described as *"Bauer* Plaintiffs". The claims of these plaintiffs have at various times been consolidated into and made a part of the action filed by Kreindler & Kreindler entitled *Ashton v. al Qaeda Islamic Army, et. al.,* 02-cv-6977.

1

    c. awarding the other immediate family members of the *Bauer* 9/11 Decedents identified in Exhibit C, an award for solatium damages, which will constitute a final judgment in the amounts set forth on Exhibit C;

    d. awarding the *Bauer* Plaintiffs identified on those exhibits pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

    e. granting the *Bauer* Plaintiffs identified in those exhibits permission to seek punitive damages and other appropriate damages at a later date;

    f. granting permission for other *Bauer* Plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF No. 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief).[2]

3. On September 10, 2002, the *Bauer* Plaintiffs filed their original complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban, and Muhammad Omar, among others. *See* 02-cv-7236 (S.D.N.Y.) ECF 1. As referenced in footnote 1 to the motion that accompanies this Declaration, that complaint, and a subsequent complaint, were consolidated and made a part of the action referred to in this litigation as *Ashton v. al Qaeda Islamic Army, et. al,* which has been amended multiple times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 11, 32, 38, 111, 465.

4. Pursuant to this Court's order, the *Bauer* Plaintiffs, and others, served the *Taliban* and *Omar* Defendants by publication. ECF No. 445 at 1, 8, 11. Verification of service by publication on, among others, the *Taliban* and *Omar* Defendants, was

---

[2] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted by ECF number; references to individual civil case docket entries are preceded by the case number.

provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. ECF Nos. 709, 735.[3] The *Taliban* and *Omar* Defendants never answered, and the *Bauer* Plaintiffs, as part of the *Ashton* action, thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF No. 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Bauer* Plaintiffs' motion, including the *Taliban* and *Omar* Defendants).[4]

5. The *Bauer* Plaintiffs identified in Exhibits A, B and C now seek final damages judgments against the Taliban and Omar Defendants.

**Damages Due Diligence**

6. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for more than 20 years; my firm's representation of the *Bauer* Plaintiffs in connection with this litigation; communications directly with immediate family members of the *Bauer* 9/11 Decedents listed in Exhibits A, B, and C; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multi-district litigation; and documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Bauer* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

---

[3] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble, and punitive damages, within 60 days. ECF No. 709 at 2; 735 at 2.

[4] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF No. 1797.

7. All of the *Bauer* 9/11 Decedents listed in Exhibit A died in the September 11, 2001 terrorist attacks. Shortly thereafter, Baumeister & Samuels was retained by the personal representatives of the estates of the *Bauer* 9/11 Decedents listed in Exhibit A to pursue all claims arising out of their deaths.

8. All of the *Bauer* 9/11 Decedents listed in Exhibit A were United States nationals at the time of their deaths as evidenced by documentary evidence obtained by my law firm including copies of birth certificates, passports and verified applications to the September 11th Victims Compensation Fund, and personal interviews and/or written communications with the personal representatives of the Estates of the *Bauer* 9/11 Decedents and their immediate family members.

9. Exhibit A sets forth the compensatory damages amount this Court previously awarded to the Estates of the *Bauer* 9/11 Decedents for conscious pain and suffering in connection with claims asserted against another defendant in the litigation, the Islamic Republic of Iran ("Iran").

10. Exhibit A also sets forth claims brought by the personal representatives of the estates of the *Bauer* 9/11 Decedents seeking an award of economic damages in the amounts listed therein. These amounts are based upon reports prepared by an economic expert who, relying on materials provided by plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty. The underlying materials included economic expert reports, VCF files and

other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with my firm's prior motions for economic damages filed on behalf of the Estates of the *Bauer* 9/11 Decedents, and are the same amount that this Court granted in connection with claims asserted against Iran.

11.     This Court previously awarded solatium damages to the immediate family members (and their functional equivalents) of the *Bauer* 9/11 Decedents listed in Exhibits B and C in the following amounts:

| **Relationship to Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

12.     The *Bauer* Plaintiffs listed in Exhibit B are representatives of the estates of the of the *Bauer* 9/11 Decedents named in the complaints underlying the default judgment against the *Taliban* and *Omar* Defendants, which asserted claims for all survivors of the *Bauer* 9/11 Decedents and expressly identified solatium damages, and they are also immediate family members of the *Bauer* 9/11 Decedents named in the actions filed against these defendants.[5]   *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF No. 485 at ¶ 482 (seeking, among other things, solatium damages).   We have confirmed the relationship between the *Bauer* 9/11 Decedent and the individuals listed in Exhibit B

---

[5] The personal representatives of the Estate of Adam J. Lewis (#29 on Exhibit B) and the Estate of Sean Rooney (#37 on Exhibit B) are not immediate family members of these decedents. Claims for the solatium losses of Patricia Lewis, wife of the decedent Adam J. Lewis, and Beverly Eckert, wife of the decedent Sean Rooney, are identified on Exhibit C.

through documentary evidence demonstrating estate appointments obtained from our clients and/or the applicable surrogate's court. These individuals have also been added by name via Notice of Amendment by the process this Court established concerning the claims against Defendants Iran and Sudan.

13. The *Bauer* Plaintiffs listed in Exhibit C are immediate family members (or the functional equivalents) of the *Bauer* 9/11 Decedents named in the complaints underlying the default judgment against the *Taliban* and *Omar* Defendants, which asserted claims for all survivors of the *Bauer* 9/11 Decedents and expressly identified solatium damages, but they are not set forth by name individually in those complaints. We have confirmed the relationship between the *Bauer* 9/11 Decedent and the individuals listed in Exhibit C through documentary evidence including birth and marriage certificates and interviews with and written confirmation from our clients. These individuals have been added by name via Notice of Amendment by the process this Court established concerning the claims against Defendants Iran and Sudan.

14. The *Bauer* Plaintiffs listed in the exhibits to this Declaration have received final judgments against Iran, but have received no final judgment against either the *Taliban* nor *Omar* Defendants, nor have they collected anything close to the full amounts of their judgments against Iran.

15. To allow them to proceed with satisfying their outstanding judgment amounts against the *Taliban* or *Omar* Defendants, the *Bauer* Plaintiffs respectfully request that the Court issue the same damage awards for these plaintiffs that the Court ordered in the final judgments against Iran and as are reflected in Exhibits A, B, and C.

16. For all of the reasons set forth in this Declaration and the *Bauer* Plaintiffs' Motion for Final Judgments against the *Taliban* and *Omar* Defendants, I respectfully request that this Court grant the proposed order filed herewith.

Dated: December 31, 2021
New York, NY

/s/ *Dorothea M. Capone*
Dorothea M. Capone