```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

In re:

**TERRORIST ATTACKS ON
SEPTEMBER 11, 2001**

```
-----------------------------------------------------------------X
```

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> Mandelkow et al. v. Islamic Republic of Iran, No. 20-cv-00315
> Alcabes et al. v. Islamic Republic of Iran, No. 20-cv-00340
> Anderson, et al. v. Islamic Republic of Iran, No. 20-cv-00354
> Ahearn, et al. v. Islamic Republic of Iran, No. 20-cv-00355
> Asciutto, et al. v. Islamic Republic of Iran, No. 20-cv-00411
> Amin, et al. v. Islamic Republic of Iran, No. 20-cv-00412
> Basci, et al. v. Islamic Republic of Iran, No. 20-cv-00415

The Court has received motions for partial final default judgments from plaintiffs who were injured on September 11, but did not perish until sometime afterwards (the "Latent Injury Plaintiffs"). These plaintiffs have moved for compensatory and solatium damages. Their claims, however, present questions that have not been previously addressed in this litigation. As such, they raise the question of whether the existing framework for compensatory and solatium damages that was established in the context for awards for deaths on the day of the September 11 terrorist attacks is also appropriate for plaintiffs who did not perish from their injuries until much later.

Both the Plaintiffs' Executive Committees, see, e.g., ECF No. 5704 at 3–4, and the Latent Injury Plaintiffs, ECF No. 7023 at 3 n.1, challenge the application of this framework to these claims, albeit for different reasons. The Latent Injury Plaintiffs have also sought leave to make a

later application for additional compensatory damages for the pain and suffering they suffered before their death. Id.

While the Court has permitted plaintiffs to delay their applications for economic, punitive, and certain other damages, it will not entertain iterative motions for compensatory damages for the same plaintiffs. The Court also notes, that, regarding the evidence supporting awards for pain and suffering, the Latent Injury Plaintiffs reference the prior decision of Magistrate Judge Frank Maas. ECF No. 2618. That decision, however, drew on expert evidence that focused on the harm suffered by people who survived the immediacy of the attacks or those who perished that day. It is not clear that such evidence is sufficient to assess damages for plaintiffs who did not die on September 11 and may have lived for years after the attacks, but whose deaths may still be attributable to those acts.

Accordingly, by January 14, 2022, the Latent Injury Plaintiffs shall submit a letter indicating whether, given that only one motion for compensatory damages per plaintiff will be heard, they wish to supplement their motions. That letter should also indicate if they plan to provide additional evidence, whether in support of their present claims or any new claims they may raise as part of supplements to their motions.

**SO ORDERED.**

Dated: January 5, 2022
New York, New York

SARAH NETBURN
United States Magistrate Judge