UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN))

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO CORRECT CLERICAL ERRORS
## IN PARTIAL FINAL JUDGMENT ENTERED ON OCTOBER 5, 2021

Plaintiffs, by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion pursuant to Federal Rules of Civil Procedure 60(a) and 15(a)(2) for an order: (1) correcting misnomers and a clerical mistake in the partial final judgment entered on October 5, 2021 (as MDL ECF 7178 and *Anaya* ECF 70) (the "October 5 Judgment"); (2) correcting the same misnomers in the First Amended Iran Short Form Complaint filed on February 22, 2019 (as *Anaya* ECF 29) (the "Complaint"); and (3) directing the Clerk of Court to correct those same misnomers in the *Anaya* case caption.

### BACKGROUND

Plaintiffs are personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2001 (the "September 11th Attacks"). The only defendant in this case is the Islamic Republic of Iran. Plaintiffs commenced this suit against Iran on December 29, 2018. *See Anaya* ECF 1. Iran was served with the Complaint on June 29, 2020 pursuant to 28 U.S.C. Section 1608(a)(4). *See Anaya* ECF 47 at ¶¶ 9-10 and Exhibit 3. Iran failed to serve an answer or otherwise file a responsive pleading

1

within sixty (60) days after service, and the Clerk issued a Certificate of Default on November 5, 2020.  *See Anaya* ECF 52.

On June 23, 2021, certain Plaintiffs filed a motion for a judgment of liability under 28 U.S.C. § 1605A(c) against Iran, seeking awards of solatium damages to those Plaintiffs who are or were immediate family members of United States citizens killed in the September 11th Attacks (each a "9/11 Decedent"), and seeking awards of pain and suffering damages to the Plaintiffs who are personal representatives of estates of 9/11 Decedents.  *See* MDL ECF 6877-6879, *Anaya* ECF 60-61.  The Court granted that motion on October 5, 2021 and entered the October 5 Judgment that is the subject of this motion.  *See* MDL ECF 7178, *Anaya* ECF 70.

After entry of the October 5 Judgment, in the process of preparing applications for compensation from the U.S. Victims of State Sponsored Terrorism Fund, Plaintiffs' counsel became aware of errors in the names of certain Plaintiffs in the Complaint, the case caption, and the October 5 Judgment.  As explained in the accompanying Declaration of Joseph Peter Drennan executed on December 28, 2021 ("Drennan Decl."), the corrections Plaintiffs seek to the Complaint, case caption, and October 5 Judgment are to address typographical and clerical errors.  *See* Drennan Decl. at ¶¶ 3-11.  None of the name corrections requested herein changes the substantive claims in the Complaint or the relief awarded in the October 5 Judgment.  *See id*. at ¶ 11.  No new claims are asserted, and no additional plaintiffs are sought to be added.  *See id*.

In addition, this motion seeks to correct the inadvertent omission of one of the Plaintiff's names from Exhibit B to the October 5 Judgment.

**A<small>RGUMENT</small>**

I. **L<small>EGAL</small> S<small>TANDARD</small>**

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "As has often been noted, the purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court and the parties." *Employers Mutual Casualty Co. v. Key Pharmaceuticals*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). *See also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150-51 (2d Cir. 1999) (Rule 60(a) allows for "changes that implement the result intended by the court at the time the order was entered") (internal quotation omitted). "Rule 60(a) permits the correction not only of clerical mistakes, but also of inadvertent errors 'arising from oversight or omission.'" *In re Marc Rich & Co. A.G.*, 793 F.2d 834, 836 (2d Cir. 1984) (quoting Fed.R.Civ.P. 60(a)).

The Second Circuit has explained that the "heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record to reflect the adjudication that was actually made." *Dudley v. Penn-America Insurance Co.*, 313 F.3d 662, 675 (2d Cir. 2002). "By this time, it is plain that misnomers with respect to parties may be corrected pursuant to this Rule." *PacifiCorp Capital v. Hansen Properties*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) (citing *Fluoro Electric Corp. v. Branford Associates*, 489 F.2d 320 (2d Cir. 1973)). *See also Robinson v. Sanctuary Music*, 383 Fed. Appx. 54, 57 (2d Cir. 2010) ("In this Circuit, in appropriate circumstances, a district court may employ [Rule 60(a)] to correct misnomers in a party's name."); *Martinez v. Dart Trans, Inc.*, 2021 U.S. Dist. LEXIS 125126, at *20 (D.N.M. July 6, 2021) ("[A]pplying rule 60(a) to correct a misnomer is an appropriate use of

3

the rule, because a misnomer is a clerical or ministerial error, and correcting a misnomer does not alter the party's actual identity."). Where a misnomer in a final judgment is corrected pursuant to Rule 60(a), the court may simultaneously correct the pleadings and case caption. *See Robinson v. Sanctuary Music*, 383 Fed. Appx. at 58 (district court did not abuse its discretion in amending summons, complaint, and default judgment under Rule 60(a) to correct name of defendant); *PacifiCorp Capital v. Hansen Properties*, 161 F.R.D. at 288 (granting Rule 60(a) motion and ordering correction of defendant's name "in the judgment and in all prior papers filed in this action").

Rule 60(a) contains no time limit for the making of corrections. *See, e.g., Uni-Rty Corp. v. Guangdong Building Finance, Inc.*, 2013 U.S. Dist. LEXIS 6033, at *10 (S.D.N.Y. Jan. 11, 2013) ("Rule 60(a) has no time limit.").

**II.   PLAINTIFFS SEEK TO CORRECT MISNOMERS IN THE OCTOBER 5 JUDGMENT CAUSED BY TYPOGRAPHICAL AND CLERICAL ERRORS IN THE COMPLAINT**

The Complaint, case caption, and October 5 Judgment reflect errors in the names of certain 9/11 Decedents and Plaintiffs that may properly be corrected pursuant to Rule 60(a) so that the October 5 Judgment accurately reflects what Plaintiffs and the Court intended.

The following 9/11 Decedents' names contain typographical and spelling errors as indicated:

| Name as Pled | Name as Corrected |
|---|---|
| Deborah Ann Dimartino | Debra Ann Dimartino |
| Carlos DaCosta | Carlos da Costa |
| Richard Boy Hall | Richard Bradway Hall |
| Andrew Marshal King | Andrew Marshall King |

*See* Drennan Decl. at ¶ 4.

The following Plaintiffs' names contain typographical and spelling errors as

4

indicated:

| Name as Pled | Name as Corrected |
|---|---|
| Estate of Melaissa Guman | Estate of Malissa Guman |
| Lidia Kriso | Lydia Kriso |
| Tammeka Lowe | Tameka Lowe |
| Myasia Micki Laurence | MyAsia Micki Lawrence |
| M. Rita DaCosta | M. Rita da Costa |
| Daniel DaCosta | Daniel da Costa |
| Carlos DaCosta, Jr. | Carlos Antonio da Costa |
| Carly King | Carlyle King |

*See id*. at ¶ 5.

Plaintiff Kerina Kaltenborn, who is the daughter of 9/11 Decedent Michael W. Lowe, was inadvertently misnamed in the Complaint, caption and October 5 Judgment as Kerina Williams. *See id*. at ¶ 8.

The Estate of Winifred Kauth, who was the mother of 9/11 Decedent Don Jerome Kauth, was inadvertently misdescribed in the Complaint, caption and October 5 Judgment as the Estate of Winifred Graham. *See id*. at ¶ 10. Graham is the last name of the personal representative of Winifred Kauth's estate. *See id*.

The personal representative of the estates of both 9/11 decedent Michael A. Marti and Michael A. Marti's father Roger R. Marti was inadvertently misnamed in the Complaint, caption and October 5 Judgment as Mario Truglio. *See id*. at ¶ 7. These two estates are represented by Rosalie A. Marti, who is the mother of the late Michael A. Marti and the widow of Roger R. Marti. *See id*. Rosalie A. Marti is also a Plaintiff in her individual capacity. *See id*. Substitution of Rosalie A. Marti's name for that of Mario Truglio will not alter the substantive rights of any party.

5

Plaintiff Thomas Forbes Getzendanner, who is the brother of 9/11 Decedent Susan Getzendanner, and the personal representative of the Estates of Susan Getzendanner, Elizabeth A. Getzendanner, and Joseph W. Getzendanner, was inadvertently misnamed in the Complaint, caption and October 5 Judgment as Thomas Frank Getzendanner.  *See id*. at ¶ 9.

### III.  PLAINTIFFS SEEK TO CORRECT THE INADVERTENT OMISSION OF THE ESTATE OF MICHAEL JOSEPH DUFFY FROM THE OCTOBER 5 JUDGMENT

Barbara Duffy, in her capacity as personal representative of the estate of 9/11 Decedent Michael Joseph Duffy, was among the Plaintiffs whose motion for default judgment against Iran resulted in the entry of the October 5 Judgment.  *See* Drennan Decl. at ¶ 12.  However, due to a clerical error by Plaintiffs' counsel in preparing the proposed form of order, Barbara Duffy as Personal Representative of the Estate of Michael Joseph Duffy was inadvertently omitted from Exhibit B to the October 5 Judgment, which lists the individual awards of pain and suffering damages to the estates of 9/11 Decedents.  *See id*. at ¶ 13.  Plaintiffs and this Court intended an award of damages for pain and suffering to be made to the estate of 9/11 Decedent Michael Joseph Duffy.  *See id*.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to enter an order (1) correcting misnomers and a clerical mistake in the October 5 Judgment; (2) correcting the same misnomers in the Complaint; and (3) directing the Clerk of Court to correct those same misnomers in the *Anaya* case caption.

Dated:   December 30, 2021
         White Plains, New York

Respectfully submitted,

**FLEISCHMAN BONNER & ROCCO LLP**
By: /s/ James P. Bonner
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone:  646-415-1399

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 548-4399
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
Thomas P. Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com
tpd@thedonahuelawfirm.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

*Counsel for Anaya Plaintiffs*