UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:

*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD) (SN)
*Audrey Ades, et al. v. Islamic Republic of Iran*, No. 1:18-cv-07306 (GBD) (SN)
*Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD) (SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD) (SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD) (SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD) (SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENTS FOR PLAINTIFFS IN EXHIBITS A AND EXHIBITS B**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the Plaintiffs in the above-captioned litigations, and I submit this declaration in support of the motion for final judgment as to damages on behalf of the plaintiffs listed in annexed Exhibits A-1 to A-9 (collectively, "Exhibits A") and annexed Exhibits B-1 to B-7 (collectively, "Exhibits B") (the Plaintiffs identified in annexed Exhibits A and Exhibits B are collectively referred to herein as the "Moving Plaintiffs") in the above-referenced actions. Such motion seeks the following requested relief:

    (1) determining that service of process by the Moving Plaintiffs was properly effected upon Defendant Islamic Republic of Iran ("Iran") in accordance with 28

U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;[1] AND,

(2)  awarding the Plaintiffs identified in annexed Exhibits A judgments as to damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(3)  awarding solatium damages to those Plaintiffs identified in annexed Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in annexed Exhibits A; AND,

(4)  awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Plaintiffs set forth in annexed Exhibits B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in annexed Exhibits B; AND,

(5)  awarding compensatory damages to those Plaintiffs identified in annexed Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in annexed Exhibits B; AND,

(6)  awarding the estate of the 9/11 decedent, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries

---

[1] This only applies for the plaintiffs in this motion in the above-referenced 2018 matters.

and family member of such 9/11 decedent, as identified in annexed Exhibits B, an award of economic damages in the amount as set forth in annexed Exhibits B; AND,

(7) awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(8) granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages at a later date; AND,

(9) granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibits A and B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(10) granting to the Moving Plaintiffs such other and further relief as this Honorable Court deems just and proper.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a. The Court's January 24, 2017 Order, ECF No. 3435,[2] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee, ECF No. 3433] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b. The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

    c. The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

---

[2] All ECF numbers are to the MDL docket unless stated otherwise.

    d.  The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

    e.  The Court's December 6, 2019 Order, ECF No. 5338, setting forth the scheduling order.

    f.  The Court's August 23, 2021 Order, ECF No. 7067, setting forth procedures for filing confidential information relating to damages under seal.

  3.  The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill, P.C.

Due Diligence:

  4.  The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past seventeen years, my firm's representation of the Moving Plaintiffs in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiffs, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the Moving Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

  5.  The Plaintiffs identified in annexed Exhibits A are each immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically set forth in annexed Exhibits A,[3] which includes individuals who were not named in the complaints, but are otherwise members of the 9/11 decedent's family, and are entitled to

---

[3] Exhibits A also includes the estates of solatium plaintiffs who are now deceased.

receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate, contingent upon a determination of liability for those plaintiffs with pending motions. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn declarations, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

6. The Plaintiffs identified in annexed Exhibits B are the personal representatives of the estates of decedents who died on 9/11, seeking compensation for pain and suffering damages, contingent upon a determination of liability for those plaintiffs with pending motions.

7. With respect to each estate plaintiff (in both annexed Exhibits A and Exhibits B), the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative and/or 9/11 decedent estate, except in the estates listed in the tables directly below, where a petition has been filed to appoint the personal representative, is pending, and, upon information and belief, is unopposed.

**CASE NAME:** *Marinella Hemenway, et al. v. Islamic Republic of Iran*
**CASE NO:** No. 1:18-cv-12277 (GBD) (SN)
**PLAINTIFFS:** Lyndsi Nelson as the Personal Representative of the Estate of Peter A. Nelson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter A. Nelson

                      Lyndsi Nelson as the Personal Representative of the Estate of Iris Nelson, deceased, the late spouse of Peter A. Nelson

**CASE NAME:** *Jessica DeRubbio, et al. v. Islamic Republic of Iran*
**CASE NO:** No. 1:18-cv-05306 (GBD) (SN)
**PLAINTIFF:** Mary Buss as Personal Representative of the Estate of Betty Geis, deceased, the late parent of Julie Geis

8. All of the decedents listed in annexed Exhibits A and Exhibits B died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in annexed Exhibits A and Exhibits B. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

9. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in annexed Exhibits A and Exhibits B and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10. After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to any particular plaintiff identified in annexed Exhibits A and Exhibits B (other than pain and suffering damages for certain estates in annexed Exhibits B in prior *O'Neill* judgments noted in annexed Exhibits B).

11. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs'

Executive Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iran, no economic relief has previously been awarded to any plaintiff included in the proposed judgment.

12. We have verified via written documentation and/or interviews that the estates of the Plaintiffs listed in annexed Exhibits B perished in the September 11th terrorist attacks and have not recovered by way of an award of this Court as to Iran.

13. We have verified via written documentation and/or interviews that the Moving Plaintiffs have not recovered for such losses by way of an award of this Court as to Iran.

14. We have further confirmed that none of the Moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.[4]

Notices of Amendment:

15. Among other things, Section II.D provides, "In instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that he or she authorized the personal representative to seek the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought has not retained other counsel or been

---

[4] For the claims related to 9/11 decedent Khamladai Khami Singh, Kreindler & Kreindler LLP has a non-final determination as to these claims and has agreed to withdraw them per a conversation with undersigned counsel.

named in any other action or, if he or she has, that counsel has communicated with the claimant's counsel and received authorization to seek the judgment via the estate's representative." ECF No. 3435.

16.  I hereby confirm that the Plaintiffs listed in annexed Exhibit C, if any, which is attached hereto, are incorporated herein, are such claimants, and that: (1) the personal representatives of the estates set forth in annexed Exhibit C have requested that a judgment be sought in such claimant-plaintiffs favor; (2) the plaintiffs set forth in annexed Exhibit C have affirmed that he or she authorized the personal representative to seek this judgment; and (3) the plaintiffs set forth in annexed Exhibit C have not retained other counsel or been named in any other action and/or that I, or a representative of Anderson Kill, P.C., communicated with claimant's counsel and received authorization to seek the judgment via the estate's representative.

Service of Process

17.  Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in depth in the Memorandum of Law, and by way of Affidavits of Service and Affidavits in Support of Requests for Clerk's Default by Jerry S. Goldman, Esq., previously filed as of record, under the ECF Nos. set forth in the Memorandum of Law.

Solatium:

18.  We have been retained individually by the plaintiffs listed in annexed Exhibits A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in annexed Exhibits A is the immediate relative of a 9/11 decedent or is acting on behalf of the estate of an immediate relative of a 9/11 decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks.

We have verified that none of the plaintiffs listed in annexed Exhibits A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

19. The solatium amounts set forth in annexed Exhibits A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See, e.g.,* ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Estates' Pain and Suffering and Economic Damages:

20. Exhibits B sets forth claims by personal representatives of the estates of the 9/11 decedents identified therein, and on behalf of all survivors and all legally entitled beneficiaries and family members of such estates, for compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, specifically Two Million Dollars ($2,000,000.00) per 9/11 decedent.[5]

21. Exhibits B also sets forth a claim for economic damages by a personal representative of the estate of a 9/11 decedent and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedent. This eligible estate is specifically identified in annexed Exhibits B and seeks an award of economic damages in the amounts as set forth in annexed Exhibits B.

---

[5] There are additional personal representatives as part of the *O'Neill* Iran cases for which we are not seeking pain and suffering compensatory damage claims at this time, as there is still necessary documentation missing from the files (e.g., letters testamentary or administration), the probate/administration files cannot be found at the presumptive courthouses, or the fiduciary has died and a proceeding has not yet commenced to appoint a successor, etc. We assume that a number of these will also be in a situation where such relief can be requested prior to the due date for applications for the fourth tranche or at the time of future rounds of applications for the U.S. Victims of State Sponsored Terrorism Fund.

22. For the estate seeking economic damages, such amount sought are based upon expert reports and in some cases based upon additional expert reports, September 11th Victim Compensation Fund ("VCF") files, and other documentary evidence.

23. Given the length of time between 9/11 and the time I was retained, as part of the retention process, I asked the personal representative to provide me with an authorization to obtain the relevant files from the VCF pursuant to the Freedom of Information Act ("FOIA"). After we received the authorization, I made a formal FOIA demand for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, both routine and as a result of the COVID pandemic, there are substantial delays in obtaining them. At this time, I still have not received many of the *O'Neill* Iran plaintiffs' VCF files.[6] In a few instances, I was able to receive the necessary documentation directly from the clients. The files include expert reports dating back to the time that the application was filed, supporting materials in support of the expert report, reviews and computations of same made by the VCF, award determinations, applications, and/or other relevant documentation.

24. Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, to review and update the computations contained within the VCF file which I arranged to have transmitted in full to him for his review, analysis, and opinion.

---

[6] DOJ's delay in responding to FOIA requests is the primary reason why there is a difference between the overall number of *O'Neill* personal representatives seeking pain and suffering awards and economic damage awards, at this time. I assume that we will receive additional VCF files and we will have additional expert reports prior to either the due date for applications for the fourth tranche or future rounds of applications for the U.S. Victims of State Sponsored Terrorism Fund.

docs-100428882.1

25.    John F. Beauzile's declaration is attached hereto and incorporated herein as annexed Exhibit D ("Beauzile Declaration").  As set forth in the Beauzile Declaration, he prepared an updated report for the plaintiff who is seeking an award of economic damages at this time, identified in annexed Exhibits B.[7]

26.    That expert report (which shall be deemed attached to Exhibit D hereof, as discussed in the following paragraph) and the Beauzile Declaration includes the detailed analysis of the expert in reaching these conclusions, along with a description of the methodology, assumptions, and his curriculum vitae.[8]

27.    The above-referenced report for annexed Exhibits B contains the economic-loss report on digital media with a copy being provided to the Clerk's Office. Due to the sensitive financial information contained in these documents in addition to their size and volume, Plaintiffs submit that they should remain off the public docket and under seal as has been the custom in other instances where this type of information has been submitted to the Court.  Magistrate Judge Netburn has approved filing these materials under seal. *See* August 23, 2021 Order, ECF No. 7067.

28.    The economic loss figures set forth in the tables attached as Exhibits B represent the present value (based on the calculations attached in the underlying expert report) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

---

[7] This declaration was prepared for all the *O'Neill* Iran filings being tendered at this time.
[8] I can have members of my team electronically extract the relevant economic data from the VCF file (in unredacted form) so that it (or the entire VCF file as utilized by the expert, if desired) will be available for the Court's inspection and review upon request. Such materials are also relevant to the pain and suffering claim discussed in Paragraph 20, hereof.

Conclusion:

29.    Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgments as set forth in the Notice of Motion, including annexed Exhibits A and Exhibits B.

Dated:   New York, New York
            January 7, 2022

_____
Jerry S. Goldman, Esq.