**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
| --- | --- |

This document relates to:

> *Ashton, et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case
> *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

## *Ashton* Plaintiffs' Motion for Final Judgments Against the Taliban and Muhammad Omar

For the reasons set forth below, and in the statements contained in the Declaration of John F.

Schutty, Esq. ("Schutty Declaration"), and the record in this case, those plaintiffs in the above-

captioned *Ashton* matter (a subset of original *Burlingame* plaintiffs[1]) who are represented by the Law

Office of John F. Schutty, P.C.,[2] described within the exhibits to the Schutty Declaration ("*Ashton*

Plaintiffs"), respectfully move for an Order for final damages judgments in connection with the losses

and injuries they suffered as a result of the deaths of their decedents in the September 11, 2001

terrorist attacks, in light of the default liability judgment they previously obtained against, among

others, the Taliban and the founder and former leader of the Islamic Emirate of Afghanistan, Emir

---

[1]  The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.* master docket number 02-cv-6977, with the filing of a consolidated master complaint.  *See* 02-cv-6977, Doc. No. 15, entered 11/19/2002.  There were 167 *Burlingame* Plaintiffs who brought claims for themselves and/or as representatives of their respective decedents' estates.  108 *Burlingame* Plaintiffs were named in the original *Burlingame* complaint (02-cv-7230).  The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel.  *See, e.g.*, 02-cv-6977, Doc. No. 465, filed 03/30/2005.

[2]  The *Ashton* Complaints include the Plaintiffs represented by the Law Office of John F. Schutty P.C. Each of the Plaintiffs' claims identified in Exhibits A through H to the Declaration of John F. Schutty accompanying the instant motion were included in the *Ashton* 6th Amended Complaint filed September 30, 2005 (ECF 1463), which was the operative pleading at the time this Court issued a liability judgment for the consolidated *Ashton* plaintiffs against the *Taliban* and *Omar* Defendants (and others) on May 12, 2006, ECF 1797.

Muhammad Omar (hereinafter the "*Taliban* and *Omar* Defendants"), specifically:

1.    Awarding each Estate of the individuals killed in the September 11 terrorist attacks listed in Exhibits I (the "*Ashton* 9/11 Decedents") damages for conscious pain and suffering against the *Taliban* and *Omar* Defendants in the amount of $2,000,000 per decedent, which is the same amount this Court previously awarded to them in a default judgment against the Defendant Islamic Republic of Iran;

2.    Awarding each Estate of the *Ashton* 9/11 Decedents herein damages as set forth in Exhibits I for economic loss against the *Taliban* and *Omar* Defendants in the same amounts that this Court awarded to those Estates on the basis of the expert analysis and reports that these *Ashton* Plaintiffs previously filed in their default judgment application against Iran (those same expert reports are filed here);

3.    Awarding the Estate Personal Representatives listed in Exhibit I, who are named as such in the original Complaints, and who are also the widows of *Ashton* 9/11 Decedents (qualified heirs of each estate under New York State law), solatium damages in the same amount that this Court has previously awarded to these widows;

4.    Awarding the children of the *Ashton* 9/11 Decedents listed in Exhibit I (qualified heirs of each estate under New York State law), whose 9/11 Decedents were named in the original Complaints, solatium damages in the same amounts that this Court has previously awarded to these children;

5.    Awarding these *Ashton* Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

6.    Granting these *Ashton* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

7.     Granting permission for all other *Ashton* plaintiffs in this action not appearing within the Exhibits to the Schutty Declaration to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the accompanying Proposed Order will represent the only direct recovery by these *Ashton* Plaintiffs against the *Taliban* and *Omar* Defendants, the Proposed Order will constitute final awards and judgments against the *Taliban* and *Omar* Defendants for these *Ashton* Plaintiffs.

## I.     Procedural Background

On September 4, 2002, the original *Ashton* Plaintiffs filed their first Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others.   *See* 02-cv-6977 (S.D.N.Y.) ECF 1.[3]  That complaint was consolidated and amended several times.  *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.[4]

In their Complaints, the *Ashton* Plaintiffs asserted federal jurisdiction against the *Taliban* and *Omar* Defendants pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)(7)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"), and made claims for damages against those defendants under those provisions as well as under the Anti-Terrorism Act (18 U.S.C. § 2333) and state law for the deaths, injuries and losses suffered in the Sept. 11 terrorist attacks.  *See, e.g.* 02-cv-6977, ECF 465 at ¶¶ 2-3, 10-12, 464-466, 469-70, 473-74, 477-78, 481-82, 486-89.

---

[3]     References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECFnumber; references to individual civil case docket entries are preceded by the case number.

[4]     In a Case Management Order, this Court set forth a process for adding plaintiffs by listing theirnames and filing as supplemental pleadings under Fed.R.Civ.P. 15(d) and ordering that "[p]laintiffs added by this procedure need not re-serve defendants who have already been served."  ECF 247 at ¶ 12.

This Court issued an order authorizing service of process by publication on certain defendants, including the *Taliban* and *Omar* Defendants. ECF 445 at 1, 8, 11. The *Ashton* Plaintiffs, and others, served the *Taliban* and *Omar* Defendants by publication with verification of publication filed on March 16, 2005 and March 31, 2005. ECF 709, 735.[5] The *Taliban* and *Omar* Defendants never answered and the *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF No. 1782 *et seq.*, (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs liability default motion, including the *Taliban* and *Omar* Defendants).

Previously, in connection with their claims against the Islamic Republic of Iran ("Iran"), another defendant in the Complaints naming the *Taliban* and *Omar* Defendants, this Court granted the *Ashton* Plaintiffs a default liability judgment. ECF 3014. Thereafter, in connection with the damages assertions set forth in the *Ashton* Complaints, in a series of Orders this Court issued final damages judgments against Iran, granting the various *Ashton* Plaintiffs' motions for:

- Compensatory damages for the conscious pain and suffering of the *Ashton* 9/11 Decedents (*e.g.*, ECF 5376, 5449);

- Economic damages for the Estates of the *Ashton* 9/11 Decedents (*e.g.,* ECF 5376, 5449), which damages claims were supported by the expert analysis, reports or other economic loss calculations that these same *Ashton* Plaintiffs filed with this Court (ECF 5376, 5449); and

- *Solatium* damages for the widows and children of these *Ashton* 9/11 Decedents (*e.g,.* ECF 5376, 5449).

---

[5]    The publication notices directed the named defendants to the MDL docket, both in English and in Arabic, to answer the Complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2. The jurisdictional and factual allegations against the *Taliban* and *Omar* Defendants as set forth in the operative complaint at the time of service did not change in subsequent amendments. *Compare* 02-cv-6977 (S.D.N.Y.) (*Ashton* Consolidated Master Complaint, Filed 03/06/2003), ECF 11 at ¶¶ 2, 10-12, 112-14, 178-79, 600, 602-03, 605-06, 09, 610-12, 615-19, *with* 02-cv-6977 (S.D.N.Y.) (Sixth Amended Complaint, Filed 09/03/2005) ECF 465 at ¶¶ 2, 10-12, 78-79, 123-25, 464-66, 469-70, 473-74, 477-78, 481-82.

The *Ashton* Plaintiffs described within the Exhibits to the Schutty Declaration now move this Court to grant the proposed Order awarding them damages for, as noted on those exhibits, conscious pain and suffering, economic loss, and solatium damages arising out of the deaths of those individuals killed in the Sept. 11 terrorist attacks in the same amounts as awarded previously against defaulting Defendant Iran and directing that pre-judgment interest be assessed at 4.96 percent per annum.

The damages of the *Ashton* Plaintiffs herein are set forth in chart form in Exhibit I to the accompanying Schutty Declaration.

## II.    Damages

The *Ashton* Plaintiffs claimed damages, as relevant here, pursuant to the ATA's civil damages provision, the TVPA, the FSIA (if the Taliban are determined to be the governing body for the nation state of Afghanistan) and state law. *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶¶ 463-90.

According to the case law governing terrorism litigation, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; [qualifying] family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *see also Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,* 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *Miller v. Arab Bank, PLC,* 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) ( allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive

damages are not available under ATA, its civil action provision "provides for treble damages").

### A. Economic Damages

Economic damages are specifically contemplated in terrorism litigation, whether under the FSIA, the ATA or otherwise. The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998); *see also Ungar*, 304 F.Supp.2d at 264-65 (its legislative history "indicates that the ATA was to be construed broadly" and giving weight to its co-sponsor's statement that the ATA "'empowers victims with all the weapons available in civil litigation,'" suggesting "that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to § 2333(a).") (emphasis in original). Accordingly, "the beneficiaries of each decedent's estate [are] … entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore,* 700 F. Supp. 2d at 81-82, citing *Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229 (D.D.C. 2006.)  Thus, sponsors of terrorist attacks that kill victims are routinely "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore,* 700 F.Supp.2d at 78.

The *Ashton* Plaintiffs described within Exhibit I are: (1) the appointed Personal Representatives of the Estates of decedents who were murdered on September 11, 2001 (*Ashton* 9/11 Decedents), and (2) heirs of those Estates recognized by New York State law as such.  Schutty Decl. at ¶ 8.  As liability has been established against the *Taliban* and *Omar* Defendants, the moving Plaintiffs herein now seek a final order of damages in the amounts set forth on Exhibit I on behalf of themselves and other heirs qualified to recover under applicable New York law.

Previously, this Court awarded economic damages, in prior claims against Iran, for the "economic losses stemming from the wrongful death of the decedent[.]"  ECF No. 2623 at 2-3.  In

doing so, it adopted the economic loss calculations set forth in each plaintiff's economic expert reports. Schutty Decl. at ¶¶ 11-13. The economic loss amount was calculated in each case based on updated, present-value figures of either the economic damages provided by an economic expert, or that generated by the September 11 Victim Compensation Fund ("VCF"); this Court previously found that those economic damages amounts were proper. Schutty Decl. at ¶ 12.

In their prior motion for economic damages as to Defendant Iran, these same *Ashton* Plaintiffs presented reports prepared by their economic expert who, relying on materials provided by these Plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty. Schutty Decl. at ¶ 12. These expert reports were filed with this Court (ECF 3433) and the Court credited those reports and granted the motion as to each Estate's individual economic and other damages as to Iran (ECF 3435).

Accordingly, the *Ashton* Plaintiffs now respectfully request that this Court order economic loss awards to those 9/11 Decedents listed in Exhibit I in the amounts set forth therein, the same amounts that were previously awarded to these Estates by this Court in the final judgments against Iran.

### B. Conscious Pain and Suffering

Plaintiffs' decedents identified in Exhibit I to the Schutty Declaration all experienced agonizing suffering prior to their deaths in the September 11, 2001 terrorist attacks. Schutty Decl. at ¶ 11. This Court has previously assessed claims for the extraordinary conscious pain and suffering experienced by those who lost their lives on September 11, 2001. ECF Nos. 2618 at 7 – 9. Accordingly, the *Ashton* Plaintiffs now respectfully request that this Court grant those *Ashton* 9/11

Decedents, whose estates are set forth in Exhibit I, total compensatory damages judgments that reflect the previously awarded $2,000,000 for each 9/11 Decedent.  That total final damages amount sought for each *Ashton* 9/11 Decedent is listed in Exhibit I (Exhibit A to the accompanying Proposed Order).

### C.  Solatium Damages

"Acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22. Reflecting the nature of terrorist attacks, which are intended to cause emotional damages to those closest to the physically injured party, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003) (solatium damages available under FSIA), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005); *Ungar*, 304 F.Supp.2 at 264-65 (fullest range of damages should be available to plaintiffs in terrorism litigation, including "all the weapons available in civil litigation"); *Lelchook*, 2011 WL 4087448, at *2 (plaintiffs may "'pursue claims for solatium [emotional] damages' under the ATA") (brackets in original); *Henkin v. Kuveyt Turk Katilim Bankasi*, 495 F.Supp. 3d 144, 152 (E.D.N.Y. 2020) ("[c]ourts permit "[p]laintiffs to pursue claims for solatium [emotional] damages" under the ATA.") *citing Lelchook*, 2011 WL 4087448, at *2.

To this end, "[s]pouses and relative[s] in direct lineal relationships are presumed to suffer damages for mental anguish. *Knox v. Palestine Liberation Org*., 442 F. Supp. 2d 62, 78 (S.D.N.Y. 2006); *Morris*, 415 F.Supp.2d 1323, 1337 (D. Utah 2006) (holding that "victim's family may recover under § 2333 for the victim's lost wages and pain and suffering, and for the victim's wife and children's loss of companionship, society, and guidance, and mental anguish); *Ungar*, 304 F. Supp 2d at 267 (holding plaintiffs entitled under § 2333 to economic and non- economic damages, including

loss of companionship and society, and mental anguish experienced by the victim's surviving family members).

Solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims. *See, e.g., Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)(*"*[c]ourts have uniformly held that a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F.Supp. 2d 128, 135 n.11 (D.D.C. 2001)).  Thus, this Court has previously awarded solatium damages to "immediate family members" – that is, qualified heirs of the Estate of those killed in the September 11, 2001 terrorist attacks, ECF 3363 – who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities.  *See e.g.* ECF 3396, 3300, 3387, 3394, 3706, 3979, 4052, 4106, 4152, 4170, 4497, 4880, 4902, 5101, 5145, 5920, 5947, 5950, 5976, 7170, 7172, 7190. Two of the established categories of family relationships – spouses and children – do not require any additional showing of the nature of the underlying relationship.

To fashion a solatium award adequately compensating the surviving family members in the litigation when issuing solatium damages as against defendant Iran, this Court looked to the analysis undertaken by District Court Judge Royce Lambert in the *Heiser* case.  466 F. Supp. 2d 229.  There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million.  *Id*.

Recognizing that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief and, "[w]orse yet, … are faced with

frequent reminders of the events of that day," ECF 2618 at 10 – 12, this Court adopted the following solatium damages framework:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Child | $8,500,000 |

The losses claimed in this motion are identical to those that this Court ordered in connection with the final judgment against Iran. The amount of solatium damages previously adopted in the judgments against Iran should apply equally to the *Taliban* and *Omar* Defendants.

The relationships between each decedent and each *Ashton* Plaintiff herein are set forth in Exhibit I attached to the Schutty Declaration.   These *Ashton* Plaintiffs have direct relationships previously recognized as being presumptively qualified for solatium damages; the relationships between these *Ashton* Plaintiffs and the decedents killed in the September 11, 2001 terrorist attacks have been verified; these *Ashton* Plaintiffs survived the death of their husband or father on September 11, 2001; these *Ashton* Plaintiffs do not have another known claim pending before this Court for compensation against the *Taliban* or *Omar* Defendants; these *Ashton* Plaintiffs have not recovered against the *Taliban* or *Omar* Defendants; these *Ashton* Plaintiffs have not come close to satisfying their judgments against Iran; and, this Court previously granted solatium damages in the amounts sought here.  Schutty Decl. at ¶¶ 13-17.

The Plaintiffs described in Exhibit I are all individuals were either identified by name as the Personal Representatives of the Estate of an *Ashton* 9/11 Decedents (no later than the filing of the Sixth Amended Complaint, which expressly identified claims for solatium damages; are also immediate family members of *Ashton* 9/11 Decedents), or were added as qualified heirs to the Estate via Notice of Amendment as to defendants Iran and Sudan.  Schutty Decl. at ¶ 15.  The Plaintiffs here,

other than the Personal Representatives identified in Exhibit I, are the children of the of *Ashton* 9/11 Decedents on the Sixth Amended Complaint, a Complaint that asserted claims for all qualified heirs of the *Ashton* 9/11 Decedents and that expressly identified claims for solatium damages; these children were not included by name in that original pleading; and have now been added via Notice of Amendment as to defendants Iran and Sudan.  Schutty Decl. at ¶ 15.

These *Ashton* Plaintiffs therefore respectfully request that this Court issue a final judgment ordering payment of solatium damages to the *Ashton* Plaintiffs listed in Exhibit I, in the amounts set forth in that Exhibit.

### D.     Punitive Damages

While *Ashton* Plaintiffs are also entitled to punitive damages, in light of prior differing decisions on the proper punitive multiplier (*compare*, *e.g.,* ECF 3175 at 3 *with* ECF 3384 at 6), they request permission to address the issue of punitive damages at a later date, as this Court has previously allowed.  ECF No. 3666.

### E.  Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate.  ECF No. 3175 at 1 – 2.  Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate.  ECF No. 3384 at 6.

Accordingly, these *Ashton* Plaintiffs asks that this Court direct that prejudgment interest of 4.96 percent per annum be awarded on their awards running from September 11, 2001 until the date of judgment, as was done previously done in this consolidated litigation.

### III.    Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions, these *Ashton* Plaintiffs respectfully request that this Court grant the Proposed Order (and Exhibit A thereto) filed simultaneously with this motion:

1. Awarding the Estates of the individuals killed in the September 11 Terrorist Attacks listed in Exhibit I damages for conscious pain and suffering against the *Taliban* and *Omar* Defendants in the amount of $2,000,000 per decedent, which is the same amount this Court previously awarded to these Estates against Iran;

2. Awarding the Estates of the *Ashton* 9/11 Decedents listed in Exhibit I damages for economic loss against the *Taliban* and *Omar* Defendants (as established in the accompanying expert reports) in the same amounts that this Court previously awarded to these Estates against Iran;

3. Awarding the widows and children of the *Ashton* 9/11 Decedents listed in Exhibit I (heirs of each Estate under New York State law), who are also named in the Complaints, solatium damages in the same amounts that this Court has previously awarded to them against Iran;

4. Awarding these *Ashton* plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

5. Granting these *Ashton* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

6. Granting permission for any other *Ashton* Plaintiffs to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Dated: New York, New York
   January 7, 2022

Respectfully submitted,

LAW OFFICE OF JOHN F. SCHUTTY, P.C.

BY: /s/ *John F. Schutty*

John F. Schutty, Esq. (JS2173)
445 Park Ave., 9th Floor
New York, New York 10022
Tel: (212) 745-1157
*Counsel for Certain Ashton Plaintiffs*