# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570<br>(GBD)(SN) |
|---|---|

This document relates to:

*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)

## <u>DECLARATION OF FAMILIAL RELATIONSHIP</u>

I, Janice Dukes, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1.      My name is Janice Dukes, and I was the fiancé and life partner of Donnie Taylor ("Donnie") who died on September 11, 2001 ("9/11") when the World Trade Center collapsed. I submit this Declaration to demonstrate I was the functional equivalent of Donnie's spouse.

2.      Donnie and I met in 1988. We were friends for several years and began dating in February 1994. In July 1994, Donnie and I began living together and did so until Donnie's tragic death on 9/11. *See* Verizon bills and ConEd bill attached as Exhibit 1.

3.      We got engaged in February 2001 and Donnie bought me a ring in August 2001. I told my family about our engagement, and they were thrilled for us. My sons thought Donnie treated me beautifully and looked forward to officially welcome him into the family. Donnie and I could not have been more excited to spend the rest of our lives together as husband and wife. We planned to get married in 2002, but we unfortunately did not have a chance to set a date or plan our wedding before Donnie passed away.

4.      As life partners, Donnie and I both contributed financially to our life together. We had two joint credit cards (*see* Exhibit 2) and shared common household expenses. Donnie paid the rent, I paid the phone, light, gas, and cable bills, and we both paid for food.

5.      At the time of Donnie's death, we lived together and shared our lives. We were engaged to be married and planned to be together forever. We shared dreams and were the love of each other's lives. *See* Exhibit 3 for photos. While Donnie and I were not yet legally married, we were committed to each other as husband and wife and had a relationship akin to a married couple. In fact, my co-workers told me that Donnie and I acted like newlyweds. *See* October 1, 2001 New York Times article attached as Exhibit 4. The years Donnie and I spent together were the best years of my life, and I am sure Donnie felt the same. Whether it was going on an adventure or cooking and doing laundry, we had the best time together.

6.      Donnie and I enjoyed, among other things, going out for dinner and a movie. While we liked to try new restaurants, Donnie and I had our favorite places we frequented. We loved Mexican food and enjoyed going to a place called Rosa's, where we enjoyed their chimichangas.

7.      There is no doubt that Donnie and I were family. We celebrated holidays together every year and attended family gatherings and were close with each other's families. We spent every other weekend with his children, and I had a very nice relationship with them. We had a joint birthday celebration for my niece and Donnie's son and took them to the Central Park Zoo. Donnie's children loved going to my sister's house, who cooked for them and had children around their age with whom they played.

8.      I received workers' compensation (*see* Exhibit 5), funds from the Aggregate Trust Fund of the New York State Insurance Fund (*see* Exhibit 6), and proceeds from the September 11th Victim Compensation Fund award (*see* Exhibit 7). I was also the Administratrix of Donnie's Estate. *See* Exhibit 7.

2

9.    Upon hearing news of the terrorist attack at the World Trade Center, I prayed Donnie would be found alive. I did not want to believe the love of my life left this world so suddenly and unexpectedly, but I eventually had to accept the terrible truth that Donnie was really gone.

10.    When I woke up on 9/11, I never imagined I would never see Donnie again. After all, we were engaged to be married and looked forward to spending the rest of our lives together. Donnie was stolen away from me, and I feel his loss every day and share fond memories of him.

11.    Donnie and I shared our lives as committed life partners with the deepest love for one another. We considered each other to be family. Accordingly, I should be deemed the functional equivalent of Donnie's spouse.

Executed on: _10/20/2021_

Name (Signature): _Janice Dukes_

Name (Print):    Janice Dukes

3

# EXHIBIT 1



| | | |
|---|---|---|
| | Account Number | |
| | Bill Period | Sep 13 - Oct 12, 2001 |
| Verizon | | Page 1 of 5 |

Q11
Q11

To enroll in the Verizon
**Direct Payment Option** *please read
and sign the agreement on the
reverse side of the payment form
below.*



Janice Dukes

Manhattan NY

*Order or Bill Information*
Toll Free in NY State
890-1550
*Payment Information*
Toll Free in NY State
890-2100

☎ *TTY/TDD* see page 4

*Other Bill Questions?*
*Call the number shown
on the detail page for
that company.*

| ACCOUNT SUMMARY | | amount | total |
|---|---|---|---|
| Previous Balance | | $60.57 | |
| Payment Received 9/17 -- Thank You | | 60.57 cr | |
| Balance as of 9/17 | | | $.00 |
| | | | |
| New Charges | | | |
| Verizon Basic Local Services | page 2 | $47.03 | |
| Verizon Calls | page 2 | 5.83 | |
| Verizon Optional Services | page 3 | 31.58 | |
| Total New Charges Due by October 9, 2001 | | | $84.44 |

| Total Amount Due | $84.44 |
|---|---|

---



*cancelled
on 7/30/01
D.C.T.*

| | Account Number | |
|---|---|---|
| | Bill Period | Jul 13 - Aug 12, 2001 |
| Verizon | Page 1 of 4 |

Q11
Q11

To enroll in the Verizon
**Direct Payment Option** *please read
and sign the agreement on the
reverse side of the payment form
below.*

Donnie Taylor

New York NY

*Order or Bill Information*
890-1550
*Payment Information*
890-2100

☎ *TTY/TDD* see page 3

*Other Bill Questions?*
*Call the number shown
on the detail page for
that company.*

| ACCOUNT SUMMARY | | amount | total |
|---|---|---|---|
| Previous Balance | | $76.81 | |
| Payment Received 7/3 -- Thank You | | 76.81 cr | |
| Balance as of 7/17 | | | $.00 |
| | | | |
| New Charges | | | |
| Verizon Basic Local Services | page 2 | $48.73 | |
| Verizon Calls | page 2 | .53 | |
| Verizon Optional Services | page 3 | 21.07 | |
| Total New Charges Due by August 7, 2001 | | | $70.33 |

| Total Amount Due | $70.33 |
|---|---|

Service to: DONNIE TAYLOR
at:

### BILLING SUMMARY  AS OF 09/13/01

| | |
|---|---|
| Amount due last bill... | $78.00 |
| Payments through 09/11 | $78.00 |
| Balance remaining...... | NONE |

SEP 12 2001
LEVEL BILLING AMOUNT...   $78.00

TOTAL AMOUNT NOW DUE...   $78.00

## IMPORTANT MESSAGES

With 09 month(s) remaining, your Level Billing Amount billed to date
of $234.00 is $41.14 less than your Actual Charges to date of
$275.14.  To stay current on your Level Billing Plan, please pay the
Total Amount Now Due of $78.00.  Were you not on the Level Billing Plan,
the balance due at this time would be $119.14.

To avoid a 1.5% monthly late payment charge, pay the Total Amount Due by
OCT 09, 2001.

During this billing period, Con Edison customers experienced a record number
of days with temperatures in the 90's.  Hot weather increases the use of air
conditioning and causes appliances like refrigerators to work much harder.
As a result, your summer electric bills may be higher.  In the current bill
period, you used 11.87 kWh a day, compared to last year's daily use of
11.00 kWh a day.

Thank you for your payment.

 conEdison    Keep this part for your records. See reverse side for additional information.    www.coned.com

# EXHIBIT 2



**FIRST CARD**

**Payment Coupon**
Account number

| | |
|---|---|
| New Balance | **$4,978.00** |
| Minimum Payment Due | **$98.00** |
| Payment Due Date | **JULY 15, 2001** |

**Amount enclosed**   $

Please make checks payable to First USA Bank, N. A.
First USA Bank, N. A. is the issuer of this account.
Send top portion of statement with payment in enclosed
envelope.

60447

FIRST USA BANK, NA
P.O. BOX 15153
WILMINGTON DE 19886-5153

DONNIE B TAYLOR
JANICE P DUKES

NEW YORK NY

☐ Address or E-mail change? Check
here and complete the reverse side.

---

**FIRST CARD**

| | |
|---|---|
| Closing Date | JUNE 20, 2001 |
| Account | |

Page 1 of 2

## Visa® Gold Statement

| | |
|---|---|
| Payment Due Date | **JULY 15, 2001** |
| Minimum Payment Due | **$98.00** |

### Account Summary

| | | | |
|---|---|---|---|
| Previous Balance | $5,004.42 | Total Credit Line | $5,000.00 |
| Transactions | 21.95 | Total Available Credit | $0.00 |
| Payments & Credits(-) | 98.00 | Cash Limit † | $5,000.00 |
| Finance Charges | 49.63 | (a portion of your credit line) | |
| **New Balance** | **$4,978.00** | Cash Available | $0.00 |

YOUR ACCOUNT IS CURRENTLY CLOSED

### Transactions

| Date | Description | Amount |
|---|---|---|
| 06/07 | PAYMENT - THANK YOU | - 98.00 |
| 06/16 | # AOL*ONLINE SERVICE 0601  800-679-9444 VA | 21.95 |
| 06/20 | PERIODIC RATE  *FINANCE CHARGE* | 49.63 |

### Finance Charge

PERIODIC RATE(S) AND APR(S) MAY VARY

| Rate Category | Corresponding annual percentage rate | Periodic rate 33 days in period | Corresponding finance charge balance Current | Previous | Finance charge |
|---|---|---|---|---|---|
| Purchases | 11.00% | .03014% | 3,173.37 | 0.00 | 31.56 |
| Advances | 11.00% | .03014% | 1,816.91 | 0.00 | 18.07 |

**FINANCE CHARGE***   $49.63

**ANNUAL PERCENTAGE RATE**   11.93%

† Cash Advance Credit Line is a portion of your total Credit Line.
*See reverse side for explanation and important information.

**FIRST CARD**

| | | |
|---|---|---|
| New Balance | | $4,798.76 |
| Minimum Payment Due | | $98.00 |
| Payment Due Date | | **OCTOBER 16, 2001** |

**Payment Coupon**
**Account number** ███████████

Amount enclosed    $

Please make checks payable to First USA Bank, N. A.
First USA Bank, N. A. is the issuer of this account.
Send top portion of statement with payment in enclosed
envelope.

37300

DONNIE B TAYLOR
JANICE P DUKES

FIRST USA BANK, NA
P.O. BOX 15153
WILMINGTON DE 19886-5153

NEW YORK NY ████████

☐ Address or E-mail change? Check
here and complete the reverse side.

0-16J
1-2

# FIRST CARD

Closing Date **SEPTEMBER 21, 2001**
Account ████████
Page 1 of 1

Payment Due Date **OCTOBER 16, 2001**
Minimum Payment Due **$98.00**

## Account Summary

| | | | |
|---|---|---|---|
| Previous Balance | $4,875.64 | Total Credit Line | $5,000.00 |
| Transactions | 0.00 | Total Available Credit | $0.00 |
| Payments & Credits(-) | 121.94 | Cash Limit † | $5,000.00 |
| Finance Charges | 45.06 | (a portion of your credit line) | |
| **New Balance** | **$4,798.76** | Cash Available | $0.00 |

YOUR ACCOUNT IS CURRENTLY CLOSED

## Transactions

| Date | Description | Amount |
|---|---|---|
| 09/05 | ‡ OPENING BAL ADJUSTMENT-PURCHASES | - 23.90 |
| 09/05 | ‡ *FINANCE CHARGE* PREV CYCLE PURCHASES | - 0.04 |
| 09/06 | PAYMENT - THANK YOU | - 98.00 |
| 09/21 | PERIODIC RATE  *FINANCE CHARGE* | 45.06 |

## Finance Charge

PERIODIC RATE(S) AND APR(S) MAY VARY

| Rate Category | Corresponding annual percentage rate | Periodic rate 31 days in period | Corresponding finance charge balance Current | Previous | Finance charge |
|---|---|---|---|---|---|
| Purchases | 11.00% | .03014% | 3,007.47 | 0.00 | 28.10 |
| Advances | 11.00% | .03014% | 1,815.52 | 0.00 | 16.96 |
| | | | | | $45.06 |

## FINANCE CHARGE*

## ANNUAL PERCENTAGE RATE    11.21%

† Cash Advance Credit Line is a portion of your total Credit Line.
*See reverse side for explanation and important information.

**Customer Service**
1-877-272-VISA (Within U S)
1-847-888-6600 (Outside U S collect)
1-800-955-8060(TDD)

**Account Inquiries**
P O BOX 8650
WILMINGTON DE 19899-8650

**Payment Address**
P.O. BOX 15153
WILMINGTON DE 19886-5153

5630   0008   R4D        1      7  14   010921        E   Page 1 Of 1        5732  3300  F1PC  01GS5630        37300

**Statement for account number:** ▓▓▓▓▓▓                     **FIRST CARD®**

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $4,981.86 | 01/14/02 | $294.00 | $393.00 |

**Amount Enclosed** | $ ▓▓▓ . ▓▓ |   Make your check payable to First USA Bank, N.A.
New address or e-mail? Print on back.

FIRST USA BANK, NA
P.O. BOX 15153
WILMINGTON DE 19886-5153

DONNIE B TAYLOR
JANICE P DUKES
NEW YORK NY ▓▓▓▓▓

5013778

---

**FIRST CARD®**

| | Statement Date: | 11/21/01 - 12/20/01 |
| | Payment Due Date: | 01/14/02 |

**CUSTOMER SERVICE**
(in U.S.) 877-272-VISA
(call collect outside U.S.)
1-302-594-8200
(en Español)
1-888-446-3308
(TDD) 1-800-955-8080

**VISA ACCOUNT SUMMARY**

**Account Number:** ▓▓▓▓▓▓▓

| | | | | |
|---|---|---|---|---|
| Previous Balance | $4,886.30 | Minimum Payment Due | $393.00 | **ACCOUNT INQUIRIES** |
| (-) Payments, Credits | $0.00 | Total Credit Line | $5,000 | P.O. Box 8650 |
| (+) Purchases, Cash, Debits | $35.00 | Available Credit | $0 | Wilmington, DE 19899-8650 |
| (+) Finance Charges | $60.56 | Cash Access Line | $5,000 | **PAYMENT ADDRESS** |
| (=) New Balance | $4,981.86 | Available for Cash | $0.00 | P.O. Box 15153 Wilmington, DE 19886-5153 |

---

**TRANSACTIONS**

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Amount Debit |
|---|---|---|---|---|
| 12/20 | | LATE FEE | | $35.00 |
| 12/20 | | *FINANCE CHARGE* | | $60.56 |

WE CAN HELP YOU KEEP YOUR CREDIT CARD
PRIVILEGES! YOU MAY QUALIFY FOR ONE OF OUR
CONVENIENT PAYMENT PLANS. WE'LL WORK WITH YOU!
CALL 1-800-955-8030 (COLLECT 1-302-594-8200)
TODAY.

TO AVOID FINANCE CHARGES ON PURCHASES, PAY THE FULL NEW
BALANCE BY THE PAYMENT DUE DATE SHOWN ON YOUR STATEMENT.
IF NOT PAID IN FULL, FINANCE CHARGES WILL ACCRUE ON ALL
UNPAID BALANCES UNTIL THOSE BALANCES ARE PAID IN FULL. (SEE
BACK OF STATEMENT FOR OTHER GRACE PERIOD INFORMATION.)

---

**FINANCE CHARGES**                                        PERIODIC RATE(S) AND APR(S) MAY VARY

| Category | Daily Periodic Rate 30 days in cycle | Corresponding APR | Average Daily Balance Previous Cycle | Average Daily Balance Current Cycle | FINANCE CHARGES |
|---|---|---|---|---|---|
| Purchases | .04107% | 14.99% | $0.00 | $3,055.53 | $37.65 |
| Cash advances | .04107% | 14.99% | $0.00 | $1,859.97 | $22.91 |
| Total finance charges | | | | | $60.56 |

# FIRST CARD®

Statement for account number: ▓▓▓▓▓▓▓

| New Balance | Payment Due Date | Past Due Amount | Minimum Payment |
|---|---|---|---|
| $4,648.08 | 03/17/02 | $0.00 | $92.00 |

Amount Enclosed | $ _____ • |  Make your check payable to First USA Bank, N.A.
New address or e-mail? Print on back.

FIRST USA BANK, NA
P.O. BOX 15153
WILMINGTON DE 19886-5153

JANICE P DUKES
NEW YORK NY

5012434

*This bill is now in my name*

## FIRST CARD®

Statement Date: 01/22/02 - 02/20/02
Payment Due Date: 03/17/02

Account Number: ▓▓▓▓▓▓▓

**CUSTOMER SERVICE**
(in U.S.) 877-272-VISA
(call collect outside U.S.)
1-302-594-8200
(en Español)
1-888-446-3308
(TDD) 1-800-955-8060

**ACCOUNT INQUIRIES**
P.O. Box 8650
Wilmington, DE 19899-8650

**PAYMENT ADDRESS**
P.O. Box 15153
Wilmington, DE 19886-5153

### VISA ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Previous Balance | $5,082.75 | Minimum Payment Due | $92.00 |
| (-) Payments, Credits | $494.00 | Total Credit Line | $5,000 |
| (+) Purchases, Cash, Debits | $0.00 | Available Credit | $0 |
| (+) Finance Charges | $59.33 | Cash Access Line | $5,000 |
| (=) New Balance | $4,648.08 | Available for Cash | $0.00 |

### TRANSACTIONS

| Trans Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Amount Debit |
|---|---|---|---|---|
| 02/03 | 7436610DJ015MLBPP | PAYMENT - THANK YOU | $494.00 | |
| 02/20 | | *FINANCE CHARGE* | | $59.33 |

### FINANCE CHARGES

PERIODIC RATE(S) AND APR(S) MAY VARY

| Category | Daily Periodic Rate 30 days in cycle | Corresponding APR | Average Daily Balance Previous Cycle | Average Daily Balance Current Cycle | FINANCE CHARGES |
|---|---|---|---|---|---|
| Purchases | .04107% | 14.99% | $0.00 | $2,966.63 | $36.54 |
| Cash advances | .04107% | 14.99% | $0.00 | $1,849.06 | $22.79 |
| Total finance charges | | | | | $59.33 |

Effective Annual Percentage Rate (APR): 14.99%

Grace Period Type: B *(Please see back of statement for the Grace Period explanation.)*

The Corresponding APR is the rate of interest you pay when you carry a balance on purchases or cash advances.
The Effective APR represents your total finance charges - including transaction fees such as cash advance and balance transfer fees - expressed as a percentage.

### IMPORTANT NEWS

HOTEL SAVINGS OF 15-30% OFF THESE NATIONAL HOTEL CHAINS!
DAYS INN:800-268-2195, HOWARD JOHNSON:800-769-0939, RAMADA:
800-462-8035, TRAVELODGE:800-545-5545, WINGATE INN:877-202-
6814, AMERIHOST:800-996-2087, VILLAGER:888-821-5779. SOME
RESTRICTIONS APPLY. ADVANCE RESERVATIONS REQRD. USE ID#20042

HEALTHY PAWS LETS YOU PROVIDE QUALITY MEDICAL INSURANCE
FOR YOUR CAT OR DOG! YOU CHOOSE THE VETERINARIAN! SUBJECT
TO POLICY ELIGIBILITY, TERMS AND EXCLUSIONS. TO APPLY CALL
1-866-640-0114. NOT INSURED BY FDIC OR OTHER FEDERAL
GOVERNMENT AGENCY, NO BANK GUARANTEE, NOT A DEPOSIT.

# DIRECT MERCHANTS BANK

P.O. BOX 29438, PHOENIX, AZ 85038-9438



October 26, 2001

DONNIE B TAYLOR

NEW YORK NY

Iı..lIIlı..lIıı..lIlılılı..lIIlıı.lIıı..lIlılı.Ilılılı.l

ACCOUNT NO:
BALANCE:   $7,268.73
AMOUNT DUE: $194.00

Dear Donnie B Taylor.

Payment has not been received on your account within the last forty-five (45) days.  Please be advised that a payment must be posted to your account within fifteen (15) days of the date of this letter.  Failure to make payment on this account within that time period could result in your account being removed from our CCCS program. Please contact us immediately to make payment arrangements on your account. thereby ensuring your continued participation in our CCCS program. If your account is removed from our CCCS program. your interest rate will revert to the terms disclosed in your cardmember agreement. as stated in our initial CCCS confirmation letter. The delinquency on this account will continue to accrue until payment is made to bring your account current.

To expedite the receipt of your payment. please take advantage of our phone pay feature by calling us at 1-800-435-1415. You may also expedite a payment through a Western Union Quick Collect.

If we can be of further assistance to you. please feel free to give us a call at 1-800-435-1415.

Sincerely.

Direct Merchants Credit Card Bank. N.A.
1-800-435-1415

This communication is for the purpose of collecting a debt and any information obtained will be used for the collection of that debt.

---

The Direct Merchants Bank Mastercard(R) is issued by Direct Merchants Credit Card Bank, N.A., Scottsdale, Arizona.

 

# EXHIBIT 3



**Janice and Donnie at Holiday Party 1994**



**Janice and Donnie in their Apartment 2000**



**Janice and Donnie in Donnie's Office
1994**



7/27/97

My Granddaughter & Simone
Our Apartment (Donnie's daughter)



7/27/97

My Granddaughter & DJ
Our Apartment   (Donnie's Son)

DJ →

Birthday
Party
at my
Sister's
house



Simone
← (Donnie's Daughter

My Granddaughter







A Day at the Park (Central Park)
Donnie Sr.
Janice
DJ – Donnie's Son
Simone – Donnie's daughter
Shané – my granddaughter

My Granddaughter's
1st Birthday Party

my Niece
Shantell



Simone
D. Daughter

Shane
My Granddaughter





Simone        Shane        Shantell
Donnie's Daughter   My Granddaught   My Niece

Donnie + My Granddaughter
Shane



Simone
&
Shané

AT
the
Park





Simone Shantell Shané & DS





This is a picture of our picture
Wall. The big pictur in the middle is
Donnie & me. Year 1995

# EXHIBIT 4

# Help to Make Ends Meet on Only One Salary

**By AARON DONOVAN**

As Donnie Taylor walked to the door of his apartment on the morning of Sept. 11, he was accompanied by Janice Dukes, who bade him goodbye as she did every morning, with a kiss. "O.K., Dukes," Mr. Taylor said, "have a good day and I'll talk to you later."

It was the last time she saw him.

"This is the longest we've been separated since we've been together," Ms. Dukes, said, alluding to the fact that she has not lost hope that he'll be found somehow.

**9/11 NEEDIEST FUND**

Mr. Taylor, 40, was an office manager for the Aon Corporation, on the 102nd floor of the World Trade Center's south tower. Ms. Dukes, 50, works in Midtown as a telecommunications specialist.

They never had a formal ceremony, but the two considered each other husband and wife. They lived together for seven years, but Ms. Dukes's co-workers at HQ Global Workplaces told her they acted like newlyweds. They would talk on the phone three or four times a day to see how things were going.

She made her first call of the day to him a few minutes before the first plane hit the trade center, and got his voice mail. "Hi, babe, I just want to let you know I'm here," she said. "When you get a chance, give me a call. I love you."

She does not know if he got the message. As soon as she found out that his tower had been hit, she left work and tried to make it downtown. The subway took her as far as 18th Street and Seventh Avenue. From there, she walked amid crowds of people who had left their offices and she saw smoke pouring from the collapsed towers, but she did not see him. When she returned home, Ms. Dukes waited for Mr. Taylor to come back, hoping that he was merely delayed because he was making the long walk to their apartment, on East 129th Street in Harlem.

Mr. Taylor's co-workers have told Ms. Dukes that after the first tower was hit, Mr. Taylor went around the office encouraging people to leave.

Mr. Taylor's absence has been felt by Ms. Dukes, and by her nephew Eric, who attended a grief counseling session run by the Children's Aid Society. Eric Dukes asked Denise Taylor, the bereavement counselor, if she would speak with his aunt.

Ms. Dukes called for an appointment, and the two spoke for three hours. Ms. Taylor found that compounding Ms. Dukes's grief was her fear that she would not be able to pay the $662 monthly rent on her one-bedroom apartment. In the past, Mr. Taylor had paid the rent while she paid the utility bills.

Ms. Taylor asked the agency, one of the 10 local charities supported by The New York Times 9/11 Neediest Fund, to help Ms. Dukes, who earns $778 every other week, pay her rent. The agency paid her rent for September and October, and said it could do so for November if she wanted. That eased a tremendous burden for Ms. Dukes, who had been having visions of her belongings being put on the sidewalk at the same time that she was beginning to realize that Mr. Taylor might not return home again.

Ms. Dukes said she was going to try to continue living in the apartment and make ends meet on her own, but even with the couple's combined income, it had been hard. When they received their tax rebate this spring, they used it to stock up on groceries.

It is at the apartment where she has the strongest connection to the way her life used to be. It is there that she has all the plants that Mr. Taylor doctored back to life, the blue and green parakeets that he kept as pets, and a portrait of the couple, smiling, that hangs on their living room wall.

Ms. Dukes said she was grateful for the help but saddened that she needed it. The two had talked about having a wedding but had not yet set a date. "I would rather have Donnie back than to have any money," she said. "If he could come walking through that door I would be so happy."



Janice Dukes in the Harlem apartment that she shared with Donnie Taylor, who never returned from work at the World Trade Center. Co-workers said that after seven years together, the couple still acted like newlyweds.

Nancy Siesel/The New York Times

NEW YORK TIMES
Monday October 1, 2001

# EXHIBIT 5

LAW OFFICE OF

# ALAN M. CASS & ASSOCIATES

225 BROADWAY • SUITE 1505
NEW YORK, N.Y. 10007

ALAN M. CASS
EDWARD HILFER
ALYSON E. HINTON
—
DAVID RIFKIN
—
STEVE COHEN
LICENSED REPRESENTATIVE

ANITA ORECKINTO
OFFICE MANAGER

PARALEGALS
DELLY POLANCO LEON
VIGDALY GERMAN
ARVIND GALABYA

TEL. (212) 349-3420
FAX (212) 349-3462

January 24 , 2004

DONNIE (DECEASED) TAYLOR
C/O JANICE DUKES

NEW YORK, NY

```
W.C.B.#    : 00155100
Claimant   : TAYLOR, DONNIE (DECEASED)
Employer   : AON CORPORATION
Carrier    : TRANSCONTINENTAL INS. (CNA)
Claim #    : 9998-0003-01-1118
D/A        : 09/11/2001
Soc Sec #  :
Our Case #: 0026137
```

Dear Ms. Dukes:

I am pleased to inform you that we were successful in the finding
being made that you were a domestic partner of Donnie Taylor at
the time of his death.  Once again, I want to send my
condolences to you and your family.  As a result of this award it
appears that approximately $25,268 is moving to you
retroactively.  In addition, you will get biweekly checks of
$440.  An attorney's fee of $3,000 is being deducted from the
initial payment for our attorney's fee.

It has been a pleasure to represent you in this case.  If I could
be of any service to you or your friends, please feel free to
contact me in the office.

Very truly yours,

ALYSON HINTON ESQ.

cp 502/C80

Copies To:
Claimant:                          Donnie Taylor  (dec'd )
Carrier:                           Transcontinental Ins Co
Employer:                          Aon Corporation
Attorney/Representative:           Cass, Alan
                                   Richard Creditor
                                   Grey and Grey, Esquires
                                   Cambridge Integrated Services
                                   Sarah Taylor
                                   Simone Taylor c/o
                                   Donnie Brooks Taylor Jr. c/o
                                   Janice Dukes

Janice Dukes

New York, NY

|..|III..|I..||.|.|...|III....|III...|.|..|.|.|..|.|

### NOTICE TO INJURED WORKER

1. Any compensation due will be sent to you by check by the employer or insurance carrier.

2. Keep a careful record of the payments received in order that you may have evidence of payment or nonpayment in case of dispute.

3. Do not pay anything to anyone representing you. If you hire a lawyer or licensed representative, the fee will be set by a W.C.Law Judge. The fee will be deducted from your award and paid by separate check directly to the lawyer or licensed representative by the employer or the insurance carrier.

4. Except for Volunteer Firefighters' and Volunteer Ambulance Workers' claims, no lost wage benefits are paid for the first seven days of disability unless the disability extends beyond 14 days.

5. If your case was continued and the Judge directed that your benefits are to continue, the insurance company or self-insured employer must keep paying you until :

   (a) you have another hearing and the Judge stops or changes your benefits

   or

   (b) your employer or insurance company has evidence that you have returned to work at regular pay or a report from your doctor stating you have no disability and submits this evidence to the Workers' Compensation Board.

6. If you wish to appeal any part or all of the Judge's decision, your appeal must be in writing and received by the Board within 30 days of the filing date of this decision. The filing date is on the other side of this form in the lower right-hand corner. You may deliver your appeal in person to the District office or send it by mail.

7. If you have any further questions, you may contact your district office by mail or by telephone. The address of your district office is:

STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO BOX 5205
BINGHAMTON, NY   13902-5205

Phone Number:  (800) 877-1373

(2524)19170329-11



**Jeffrey R. Sweet**
**Acting Chairman**

STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO BOX 5205
BINGHAMTON, NY  13902-5205
*www.wcb.state.ny.us*

(800) 877-1373

## State of New York – Workers' Compensation Board

### In regard to Donnie Taylor  (dec'd ), WCB Case #0015 5100

## AMENDED RESERVED DECISION

*keep for your records*

This decision amends the Reserved Decision made by Judge William Griff previously filed on 01/02/2004 involving the claim of Donnie Taylor  (dec'd ):

December 26, 2003

This case arises out of the World Trade Center.

The present issue is the claim of Janice Dukes for domestic partnership benefits.

By decision filed 10-16-03 it was found that decedent had two children who were entitled to dependent benefits.

It should also be noted that at the time of his death the parties concede that decedent had been divorced from his former wife, Sarah Taylor. The Board file contains a judgment of divorce filed on 9/8/00.

Claimant stated that she had and the decedent started going out in February, 1994. At the time of his divorce and up until 9/11/01 they lived together. She was employed as a telecommunication specialist and earned approximately $27,000 in 2001. They apparently shared common expenses: he paid the rent bill (about $662.50) and she paid the gas, light, and cable and phone bills; in all claimant testified that she contributed $400 or $500 per month towards the household.

It appears that the decedent did have a savings account with only his name on it; the claimant did not have any joint property with the decedent. Claimant and decedent did have a common credit card which was used to buy household and family items.

Claimant also testified that decedent had proposed to her and had given her a ring; they had tentative plans to be married in 2002.

Upon a review of the entire file I find that claimant is entitled to benefits as the domestic partner of the decedent. The claimant testified credibly and her testimony reveals that at the time of decedent's death they had established a

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Donnie Taylor  (dec'd ) | Employer - | Aon Corporation |
| Social Security No. - | | Carrier - | Transcontinental Ins Co |
| WCB Case No. - | 0015 5100 | Carrier ID No. - | W209001 |
| Date of Accident - | 09/11/2001 | Carrier Case No. - | 9998-0003-01-1118 |
| District Office - | NYC | Date of Filing of this Decision – | 02/17/2004 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

mutual dependence with respect to household bills and had planned to be married.

Accordingly, claimant is entitled to domestic partnership benefits from 9-12-01 to date and ongoing; for the same period decedent's children are also entitled to benefits. Carrier may take credit for prior payments made to or on behalf of the children; this credit does not include payments made to their mother in her own alleged capacity as surviving spouse of the decedent.

Carrier is to withhold from the share of claimant Dukes the sum of $3000 as possible attorney fee.

No further action at this time.

Summary of Findings

AWARD - THE EMPLOYER OR INSURANCE CARRIER ARE DIRECTED TO PAY AT ONCE AS FOLLOWS:

Initial decision.

The period from 9/12/2001 to 12/26/2003 for 119.4 weeks totaling $47,760.00 is awarded as follows:

| Award to: | Relation | DOB | Pct | Rate / week | Total | Pay to: |
|---|---|---|---|---|---|---|
| Janice Dukes | Spouse | 1951 | 36.67% | $220.00 | $26,268.00 | Janice Dukes |
| Donnie B Taylor | Child | 1984 | 15.00% | $90.00 | $10,746.00 | Donnie Brooks Taylor Jr. |
| Simone L Taylor | Child | 1986 | 15.00% | $90.00 | $10,746.00 | Simone Taylor c/o |

Carrier Continue Payments bi-weekly in the amount of $800.00

*Any money previously paid for the above period(s) will be deducted from the total amount.*

DECISION:   DECISION AMENDED TO RELEASE ATTORNEY FEE TO ATTORNEY CASS.  No further action is planned by the Board at this time.

FEES:

As lien on above award payable by separate check by carrier TO CLAIMANT'S REPRESENTATIVE OR ATTORNEY:

| Sum of | To |
|---|---|
| $3,000.00 | Cass, Alan |

| | | | | |
|---|---|---|---|---|
| Claimant - | Donnie Taylor  (dec'd ) | | Employer - | Aon Corporation |
| Social Security No. - | | | Carrier - | Transcontinental Ins Co |
| WCB Case No. - | 0015 5100 | | Carrier ID No. - | W209001 |
| Date of Accident - | 09/11/2001 | | Carrier Case No. - | 9998-0003-01-1118 |
| District Office - | NYC | | Date of Filing of this Decision – | 02/17/2004 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

# EXHIBIT 6



**NYSIF**
New York State Insurance Fund

P.O. Box 66699
Albany, NY 12206
Aggregate Trust Fund, Unit 997,
(888) 923-2002

March 11, 2021

Ms. Janice Dukes
████████████
New York, NY ████

Injured: Donnie Taylor (dec'd)
WCB# 00155100
ATF# 96225537-997
Date of accident: 9/11/01

To whom it may concern:

The above-captioned claimant is receiving $400.00 weekly from the Aggregate Trust Fund. Payments are issued bi-weekly in the amount of $800.00

Sincerely,

SJ Sperry
Claims Services Representative 1
ATF@nysif.com

# EXHIBIT 7

At a Surrogate's of the
State of New York held in
and for the County of New
York, at 31 Chambers
Street, New York, New
York, on _Ortober 6_,
2005.

PRESENT:

    HON. RENEE R. ROTH,

                                  Surrogate.

------------------------------------x

In the Matter of the Application of

JANICE DUKES,

as Administratrix of the Goods, Chattels
and Credits Which Were of

DONNIE BROOKS TAYLOR,

                            Deceased,

for Leave to Collect an Award from the
September 11th Victim Compensation Fund
of 2001 and to Hold or Pay the Proceeds
as Requested Herein.

------------------------------------x

File No. 3987/05

DECREE

    Upon   the   Petition   of   Janice   Dukes   ("Petitioner"),   as

Administratrix  of  the  Estate  of  Donnie  Brooks  Taylor,  deceased

("Decedent"),  duly  verified  October  5,  2004,  and  the  accounting

sworn  to  on  October  5,  2004,  in  which  application  was  made  for  a

Decree  authorizing  and  empowering  the  Administratrix  to  collect  a

certain  award  from  the  September  11th  Victim  Compensation  Fund  of

2001  (the  "Award")  in  the  total  sum  of  $959,071.43;  modifying  the

Limited  Letters  of  Administration  heretofore  issued  to  permit  the

collection  of  the  Award  and  the  distribution  and/or  retention  of

the  proceeds  as  proposed  in  the  Petition;  dispensing  with  the

filing of a bond; paying Pavalon, Gifford, Laatsch & Marino, Esqs., out of the proceeds of the Award for non-economic loss the sum of $1,518.98 for disbursements and to Law Offices of Ann Pinciss Berman P.C., the sum of $1,500.00 as attorneys' fees and any other expenses of the proceeding; allocating the proceeds of the Award between economic and non-economic loss and distributing them as set forth in the Petition; permitting Petitioner to execute any and all papers necessary to collect the Award and distribute the proceeds; and judicially settling the Account of the Administratrix;

AND more than seven months having expired since the granting of Letters of Administration to Petitioner, and the Surrogate having issued a Supplemental Citation to all persons interested in the Estate of Decedent to attend such judicial settlement on February 8, 2005, at 10:00 a.m., at the Surrogate's Court, New York County;

AND the said Supplemental Citation having been duly returned with proof of service thereof upon the following named persons or corporations, to wit: Donnie Taylor, Jr., and Simone Taylor;

AND Petitioner having appeared by Law Offices of Ann Pinciss Berman P.C., Petitioner's attorneys;

AND Donnie Taylor, Jr., and Simone Taylor having appeared by their attorneys, Finkelstein & Virga P.C., and filed objections to the Petition; and the parties having entered into a Stipulation of Settlement with respect to the objections;

AND the Court having rendered a Decision dated August 11, 2005;

2

AND the Court having examined the said account and having found the state and condition of said account to be as set forth in the following statement recorded with the Court:

## SUMMARY STATEMENT OF SETTLEMENT PROCEEDS

| | |
|---|---:|
| The Administratrix is charged with the proceeds of award from the September 11th Victim Compensation Fund for the wrongful death and conscious pain and suffering of Decedent to be distributed: | $959,071.43 |
| TOTAL CHARGES: | $959,071.43 |
| The Administratrix is credited with the following amounts: | $0.00 |
| TOTAL CREDITS: | $0.00 |
| BALANCE OF SETTLEMENT PROCEEDS TO BE DISTRIBUTED: | $959,071.43 |

AND it appearing that Petitioner has fully accounted for all monies and properties of the Estate in said summary statement, and Petitioner having waived any claim to statutory commissions; it is hereby

ORDERED, ADJUDGED AND DECREED, that Petitioner's application for leave to collect, allocate and distribute the Award is granted to the extent set forth below; and it is further

ORDERED, ADJUDGED AND DECREED, that Petitioner, as Administratrix of Decedent's Estate, is authorized to collect a certain award from the September 11th Victim Compensation Fund of 2001 in the total sum of $959,071.43, and Petitioner is authorized to deliver general releases and discontinuances and any other

3

papers or documents that may be required to collect the Award and distribute the proceeds; and it is further

ORDERED, ADJUDGED AND DECREED, that the entire settlement sum of $959,071.43 be paid as follows:

1. To Law Offices of Ann Pinciss Berman P.C., as payment of attorneys' fees for professional services rendered in this proceeding ............ $1,500.00

2. To Pavalon, Gifford, Laatsch & Marino, Esqs., as reimbursement for disbursements incurred by them in prosecuting the Claim ............ $4,843.27

3. To Janice Dukes, in satisfaction of her claim against the Estate ............ $159,071.43

4. To Donnie Taylor, Jr., as and for his intestate share as distributee ............ $396,828.36

5. To Simone Taylor, as and for her intestate share as distributee ............ $396,828.37

and it is further

ORDERED, ADJUDGED AND DECREED, that upon Petitioner's making payments as aforesaid, Petitioner, as Administratrix of Decedent's Estate, be and hereby is discharged from any and all further liability as to all matters and things embraced in the aforesaid account and determined by this Decree; and it is further

ORDERED, ADJUDGED AND DECREED, that the giving of a bond or other security in connection therewith be dispensed with, and that the restrictions on the Letters of Administration be modified to allow the above settlement; and it is further

ORDERED, ADJUDGED AND DECREED, that the Account of Petitioner,
as Administratrix, is hereby judicially settled.

_____
HON. RENEE R. ROTH
Surrogate

5

LAW OFFICES

# PAVALON, GIFFORD, LAATSCH & MARINO

TWO NORTH LA SALLE STREET

SUITE 1600

CHICAGO, ILLINOIS 60602

TELEPHONE: (312) 419-7400

FACSIMILE: (312) 419-7408

www.pglmlaw.com



EUGENE I. PAVALON
pavalon@pglmlaw.com

October 18, 2005

**VIA FEDERAL EXPRESS**

Ms. Janice Dukes

███████████████

New York, New York ███████

      Re:   Estate of Donnie Brooks Taylor
            Victims' Compensation Fund Claim Number: 212-001174
            Surrogate Court's File Number:    3987/01

Dear Janice:

      The Surrogate's Court Judge Renee R. Roth finally signed and entered the distribution order for the Estate as per the agreement of the parties at our hearing some months ago, a copy of which order I am enclosing.

      Pursuant to that order, you will find our Trust Account check in the amount of $159,071.43, payable to you.

      It was a pleasure to come to know you and to represent you.  Hopefully this provides some closure for your loss.  I am now closing our file and wish you good health and happiness in the future.

Sincerely,

Eugene I. Pavalon

EIP/tz
Enclosure
cc: Ann Pinciss Berman, Esq.

**PAVALON, GIFFORD, LAATSCH & MARINO**
CLIENT TRUST ACCOUNT
TWO NORTH LA SALLE, #1600
CHICAGO, IL 60602

THE PRIVATE BANK AND TRUST COMPANY
CHICAGO, ILLINOIS 60602
2-648-710

2609

| DATE | NUMBER | AMOUNT |

PAY One Hundred Fifty Nine Thousand Seventy One Dollars and ------------------------------------------------43/100

TO THE
ORDER OF
Janice Dukes

10-18-05          $159,071.43

AUTHORIZED SIGNATURE



*Donnie Brooks  Taylor Sr.*