# EXHIBIT P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) |
| --- | --- |

This document relates to:

*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN)

## <u>DECLARATION OF FAMILIAL RELATIONSHIP</u>

I, Denyse Betcher, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1.      My name is Denyse Betcher, and I was the step-daughter of Paul Ruback ("Paul") who died on September 11, 2001 ("9/11") when the World Trade Center collapsed. I submit this Declaration to demonstrate I was the functional equivalent of Paul's daughter.

2.      Paul came into my life around 1977 or 1978 when he started dating my mother. I was 10 years old at the time. Soon after, Paul moved into our home, and we became a family. Shortly thereafter, Paul and my mother got married and they bought a house in Newburgh, where we lived as a family.

3.      Paul supported our family and took care of us. He was the main breadwinner as my mother was mostly a stay-at-home mother. Paul bought my brother and I birthday and Christmas presents, and we never wanted for anything. In addition to financial support, Paul treated me like his daughter, both emotionally and socially, and made our family whole. *See* photos attached as Exhibit 1. Paul was a true family man. He loved to cook dishes he learned to make at his firehouse (Ladder 25). Pork chops with sauerkraut and chicken fried rice were his specialties. We had family game nights where we played cards, Pictionary, Monopoly, and Trivial Pursuit. Paul was incredibly smart and was one of those people who watched Jeopardy!

and knew the answers. When it rained, our family sat on our screened-in porch and told jokes and laughed. Paul loved the outdoors and frequently took us camping and on bike rides. I remember the laughs we had and songs we sang sitting around the campfire. We went on family vacations to Lake George, New Mexico, and Wyoming. We had a blast going white water rafting in Wyoming.

4.      Paul strongly believed in education and stressed the importance of reading. He helped me with my homework and encouraged me to do well in school.

5.      One of my fondest memories with Paul is when we stayed at a friend's house in Rochester, and Paul and I walked around the city and sang together for an hour. We bonded and had a great time. Paul was musically talented and taught himself how to play guitar. He wanted to share music with me, so he bought me a guitar for Christmas. The two of us went on bike rides together. Paul was a big kid at heart. He loved sports and frequently played basketball and soccer. When I moved out at 21, Paul helped me move. He was the one who taught me how to drive. When my car broke down or my bike needed to be fixed, he helped me. We had so many wonderful times together and looked forward to spending more time and creating more memories together.

6.      Paul took us to Christmas parties at Ladder 25. We spent holidays with Paul's family, and they loved us as if we were Paul's biological children. We decorated the Christmas tree, put up the lights, and sang Christmas carols. In fact, I am still close with Paul's family. We get together on holidays and special occasions, and Paul's sister invites me for Thanksgiving every year.

7.      Paul was a father figure in my life. While my biological father was a great father and I stayed with him every other weekend and called him dad, Paul was a father figure in my

2

life along with my biological father. Paul raised me with my mother and made it known to others that I was his daughter. He gave me advice (and, of course, discipline) like any loving father. While my biological father was in my life, I spent much more time with Paul. It meant so much to me that he was always present and made sure I felt important. He was so easy to talk to and we had hours-long conversations. Before my husband proposed to me, he asked my father and Paul for my hand in marriage. Paul and I also had a special dance at my wedding. *See* family wedding photo attached as Exhibit 2.

8.      Paul's will named my brother and I as beneficiaries and named me as the guardian and trustee of any minor children and executrix in the event my mother predeceased Paul (*see* will attached as Exhibit 3), Paul claimed my brother and I as dependents on his tax returns when we were minors, and my brother and I received support from the Twin Towers Fund.

9.      9/11 ripped our family apart. When I woke up on September 11, 2001, I never imagined I would never see Paul again. I did not want to believe Paul left this world so suddenly and unexpectedly, but I eventually had to accept the terrible truth that he was really gone. I was devastated by Paul's tragic death. I was robbed of a father, friend, and grandfather for my young growing family. *See* my letter to President Biden attached as Exhibit 4. I tell my kids they would have loved Paul, and I am certain he would have played a large role in their lives as he did for me. I feel Paul's loss every day and share fond memories of him.

10.     Paul and I had a very close relationship akin to a father and daughter. He was a large part of my life and made me who I am today. Accordingly, I should be deemed the functional equivalent of Paul's daughter.

Executed on: _1/1/22_

Name (Signature): _____

Name (Print):   Denyse Betcher_____

4

# EXHIBIT 1

































# EXHIBIT 2

# EXHIBIT 3



## Last Will and Testament of

### PAUL RUBACK

I, PAUL RUBACK, presently residing at ▮▮▮▮▮▮ in the Town of Newburgh, County of Orange and State of New York, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking any and all Wills and Codicils by me at any time heretofore made.

FIRST:   I direct the payment of all my debts and funeral expenses as soon after my death as may be practicable.

SECOND:   All estate, inheritance, succession, legacy and other death duties or taxes of any nature which may be assessed or imposed upon my estate shall be paid out of my residuary estate as part of the expenses of administration and with no right of reimbursement from any of the legatees, devisees or beneficiaries hereunder.

THIRD:   I hereby give, devise and bequeath all of my estate, whether it be real or personal property, or both, of whatsoever kind or nature and wheresoever situate, of which I may die seized or possessed, or in which I may have any interest or over which I may have any power of appointment or testamentary disposition, to my wife, RITA LYNNE RUBACK.  However, if my said wife shall predecease me or if we should die as the result of a common disaster or under such circumstances that there is not sufficient evidence to determine the order of our deaths, I give, devise and bequeath my said property to the following:  DANNY MARINO, DENYSE MARINO, DAVID RUBACK, GINA RUBACK and SHANNON RUBACK, to be divided equally, per stirpes and not per capita.  In the event that any one of my beneficiaries shall predecease me or if we should die as the result of a common disaster, I give, devise and bequeath that beneficiary's portion of my estate to my surviving beneficiaries at that time, to be divided equally, per stirpes and not per capita, but, subject, however, to the provisions hereinafter made.

FOURTH:   In the event that any devisee or legatee under my Will shall at the time such party be entitled to receive a share of my estate be under the age of twenty-one (21) years, I direct that such shares be paid over, instead of to such minor legatee or devisee, to my Trustee hereinafter named, IN TRUST, NEVERTHELESS, for the following uses and purposes:

A.  To receive such share of my estate, to invest and reinvest the same, and to apply the income therefrom to the benefit, health, education and welfare of such beneficiary. My Trustee, whether he be the person herein named or any other person duly designated or appointed, has the power to invade the principal of the trust for the benefit, health,

education and welfare of any beneficiary, and this power may be exercised by the Trustee
or her successor, at any time she deem it expedient so to do in her sole discretion.

B.  Upon such beneficiary reaching the age of twenty-one (21) years, to pay over such
share, together with any accumulation thereon, to such beneficiary, to be his or hers,
as the case may be, absolutely and forever.

C.  I nominate, constitute and appoint as Trustee hereunder, DENYSE MARINO.  If she
shall predecease me or fail to qualify, or having qualified, should die, resign or become
incapacitated, I appoint as alternate Trustee, PATRICIA KEHRBERGER.  I direct that no bond
or other security shall be required of them for their faithful performance of their duties
as Trustee in the State of New York or elsewhere.

FIFTH:      I nominate, constitute and appoint as Guardian of my minor
children me surviving the said, DENYSE MARINO.  If she shall predecease me or fail to qualify,
or having qualified, should die, resign or become incapacitated, I appoint as alternate
Guardian, PATRICIA KEHRBERGER.  I direct that no bond or other security shall be required
of my Guardian or alternate Guardian for the faithful performance of their duties as
Guardian in the State of New York or elsewhere.

SIXTH:      I nominate, constitute and appoint, my wife, RITA LYNNE
RUBACK, as Executrix of this, my Will.  If she should predecease me or fail to qualify or,
having qualified, should die, resign or become incapacitated, I appoint the said
DENYSE MARINO, as Executrix in her place and stead.  Neither my Executrix nor my alternate
Executrix shall be required to furnish any bond or other security for the faithful performance
of their duties, either in the State of New York or elsewhere.

SEVENTH:      I give to my Executrix , my alternate Executrix and my
Trustees full power to sell any real or personal property, at public or private sale,
upon such terms and conditions, and at such times as to them may seem advisable, either
for cash or credit, or partly for cash and partly for credit; to exchange, partition, lease,
sublease, mortgage, pledge or encumber any real property, upon such terms as to them
may seem advisable; to invest or reinvest all of the property in their possession in bonds,
mortgages or real estate, either in the State of New York or elsewhere, stock or other
securities, or property, real, personal, foreign or domestic; to keep the funds of my
estate or of any trust on deposit with a bank or banks for so long a period as they may
deem advisable; to join in or become a party to, oppose or otherwise participate in any
plan or agreement of reorganization, merger, consolidation or other capital adjustment
or dissolution of any corporation, the stocks, bonds or securities of which may at any time
be held by my Executor, my alternate Executor and Trustee to the same extent as if they
were the absolute, individual owners of the same; to make any payment, distribution or

-2-

undivided interest, even though shares be composed differently; to borrow money for the proper administration of my estate and of any trust created hereunder and to give security for such loan; and to do any and all things reasonable and necessary for the proper admin-istration of the affairs of my estate and of any trust created hereunder.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal this 19 day of *December*, in the year One Thousand Nine Hundred and Ninety-Four.

_Paul Ruback_ (L.S

PAUL RUBACK

The foregoing instrument, consisting of this and  two ( 2 ) preceding typewritten pages, was signed, sealed, published and declared by the above named Testator to be his   Last Will and Testament in our presence and in the presence of each of us:  Whereupon, we, at his   request and in his  presence, and in the presence of each other, hereunto subscribe our names as witnesses the day and year last above written.

_____ residing at ███████ Bedford, NY

_Julia Werner_ residing at ███████ Newburgh NY 12550

# EXHIBIT 4

President Joseph R. Biden
1600 Pennsylvania Ave, N.W.
Washington DC 20500

June 16, 2021

Dear President Biden,

My name is Denyse Betcher, My Stepfather (Paul G. Ruback) and great friend, confidant and role model was taken from my family. Losing Paul was a devastating loss for me and my family. I was robbed of a father, friend and grandfather for my young growing family that I know Paul would have been a large part of and would have impacted my children as he did for me. I am sure that it is well overdue that Saudi Arabia is held accountable for their actions in robbing us of precious family members. We already made it a fact that Saudi Arabia supported these hijackers that so willingly changed all our lives.

I believe that the government documents  related to Saudi Arabia's role in the 9/11 attacks are long overdue to be publicly released. It's been almost 20 years now and the fact that these documents are still being kept a secret is appalling. We are only protecting the ones that hurt us most. This is an injustice to the 9/11 families and friends and the entire United States, and  the Americans who have served to better our country as my son, a US Army soldier. Please seize the opportunity to reverse this injustice. Please let the truth be known to all our nation and further our security by doing so.

I ask on behalf of the memory of Paul G. Ruback that you put an end to the U.S. helping protect the Kingdom of Saudi Arabia at the expense of the 9/11 community and all Americans alike.
Thank you for your time,
Sincerely,


Denyse Becher



Newburgh, NY
845-705-9461