UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:

*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD) (SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD) (SN)

**[PROPOSED] ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS
IN THE ABOVE-CAPTIONED MATTERS ON BEHALF OF
THE PLAINTIFFS IDENTIFIED IN EXHIBITS A**

Upon consideration of the evidence and arguments submitted by Plaintiffs identified in Exhibits A to this Order, Plaintiffs in the above-captioned matters, who are each a functional equivalent of a spouse or child of a victim killed in the terrorist attacks on September 11, 2001 as specifically identified in annexed Exhibits A-1 to A-7 (collectively, "Exhibits A"), and the judgment by default for liability only against Defendant Islamic Republic of Iran ("Iran") entered as follows:

| CASE NAME | CASE NO. | DATE MOTION FOR LIABILITY WAS FILED | ECF NO. FOR MOTION FOR LIABILITY THAT WAS FILED | DATE MOTION FOR LIABILITY WAS GRANTED | ECF NO. FOR MOTION FOR LIABILITY THAT WAS GRANTED |
|---|---|---|---|---|---|
| *Marinella Hemenway, et al. v. Islamic Republic of Iran* | No. 1:18-cv-12277 (GBD) (SN) | 08/14/2019 | ECF No. 4856 | 09/03/2019 | ECF No. 5054 |

-2-

| | | | | | |
|---|---|---|---|---|---|
| *August Bernaerts, et al. v. Islamic Republic of Iran* | No. 1:19-cv-11865 (GBD)(SN) | 11/12/2021 | ECF No. 7329 | 01/04/2022 | ECF No. 7522 |
| *BNY Mellon, et al. v. Islamic Republic of Iran* | No. 1:19-cv-11767 (GBD)(SN) | 11/12/2021 | ECF No. 7329 | 01/04/2022 | ECF No. 7522 |
| *Deborah Bodner, et al. v. Islamic Republic of Iran* | No. 1:19-cv-11776 (GBD)(SN) | 11/12/2021 | ECF No. 7329 | 01/04/2022 | ECF No. 7522 |
| *Jeanmarie Hargrave, et al. v. Islamic Republic of Iran* | No. 1:20-cv-09387 (GBD)(SN) | 11/12/2021 | ECF No. 7329 | 01/04/2022 | ECF No. 7522 |
| *Michael Bianco, et al. v. Islamic Republic of Iran* | No. 1:20-cv-10902 (GBD)(SN) | 11/12/2021 | ECF No. 7329 | 01/04/2022 | ECF No. 7522 |
| *Ber Barry Aron, et al. v. Islamic Republic of Iran* | No. 1:20-cv-09376 (GBD)(SN) | 11/12/2021 | ECF No. 7329 | 01/04/2022 | ECF No. 7522 |

; together with the entire record in this case; IT IS HEREBY

**ORDERED** that service of process in the above-captioned matters was effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;[1] and it is further

**ORDERED** that partial final judgment is entered against Iran on behalf of the Plaintiffs in the above-captioned matters, as identified in the attached Exhibits A, who are each a

---

[1] This only applies for the plaintiff in this motion in the above-referenced 2018 matter.

functional of a spouse or child of an individual killed in the terrorist attacks on September 11, 2001, as indicated in the attached Exhibits A; and it is further

**ORDERED** that

(a) Joan Ruth Puwalski is the functional equivalent of a spouse of Steven J. Bates, who died in the Terrorist Attacks on September 11, 2001; AND,

(b) Laura Nogaj is the functional equivalent of a spouse of Stephen Philip Morris, who died in the Terrorist Attacks on September 11, 2001; AND,

(c) Jude Monteserrato a/k/a Judith Monteserrato is the functional equivalent of a spouse of John Michael Sbarbaro, who died in the terrorist attacks on September 11, 2001; AND,

(d) Janice Dukes is the functional equivalent of a spouse of Donnie Taylor, who died in the terrorist attacks on September 11, 2001; AND,

(e) Jesse Kemp is the functional equivalent of a child of Timothy Haviland, who died in the terrorist attacks on September 11, 2001; AND,

(f) Nicholas Kemp is the functional equivalent of a child of Timothy Haviland, who died in the terrorist attacks on September 11, 2001; AND,

(g) Maureen Sullivan is the functional equivalent of a spouse of Derek O. Sword, who died in the terrorist attacks on September 11, 2001; AND,

(h) Karen Carlucci is the functional equivalent of a spouse of Peter Frank, who died in the terrorist attacks on September 11, 2001; AND,

(i) Lucy Aita is the functional equivalent of a spouse of Paul Innella, who died in the terrorist attacks on September 11, 2001; AND,

docs-100429820.2

(j) Cristal Barragan is the functional equivalent of a child of Moises Rivas, who died in the terrorist attacks on September 11, 2001; AND,

(k) Katherin Pleitez is the functional equivalent of a child of Moises Rivas, who died in the terrorist attacks on September 11, 2001; AND,

(l) Denyse Betcher is the functional equivalent of a child of Paul Ruback, who died in the terrorist attacks on September 11, 2001; AND,

(m) Danny J. Marino is the functional equivalent of a child of Paul Ruback, who died in the terrorist attacks on September 11, 2001; AND,

(n) Natalie Pollack is the functional equivalent of a child of Louis F. Aversano, Jr., who died in the terrorist attacks on September 11, 2001; AND,

(o) Jamielah Persol is the functional equivalent of a spouse of DaJuan Hodges, who died in the terrorist attacks on September 11, 2001; and it is further

**ORDERED** that Plaintiffs identified in the attached Exhibits A are awarded solatium damages of $12,500,000 per spouse and $8,500,000 per child, as set forth in the attached Exhibits A; and it is further

**ORDERED** that the Plaintiffs identified in the attached Exhibits A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is further

**ORDERED** that the Plaintiffs identified in the attached Exhibits A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue; and it is further

**ORDERED** that the remaining Plaintiffs in the above-captioned matters not appearing in the attached Exhibits A may submit in later stages applications for damages awards, and to the extent they are for solatium damages or by estates for compensatory damages or for decedents' pain and suffering from the September 11th attacks, they will be approved consistent with those approved herein for the Plaintiffs appearing in the attached Exhibits A.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 7589.

**SO ORDERED:**

_____

GEORGE B. DANIELS
United States District Judge

Dated:   New York, New York
          _____ \_\_, 2022