**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

**Declaration of Frank H. Granito, III, in Support of Certain *Burlingame* Wrongful Death and Personal Injury Plaintiffs' Motion for Final Judgments Against the Taliban and Muhammad Omar**

I, FRANK H. GRANITO, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.      I am an attorney representing the plaintiffs in the above-referenced matter (the "*Burlingame* Plaintiffs") and I submit this declaration in support of the motion for final judgment against Defendants the Taliban and Muhammad Omar on behalf of the estates of those individuals murdered on September 11, 2001 ("*Burlingame* 9/11 Decedents"), and their immediate family members or functional equivalents. This motion seeks the following relief:

   a.   awarding the Estates of 9/11 Decedents identified in Exhibits A-1 and A-2, through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Decedents, an award for conscious pain and suffering and economic damages, which will constitute a final judgment in the amounts set forth on Exhibits A-1 and A-2;

   b.   awarding the *Burlingame* personal injury Plaintiffs identified in Exhibit A-3 an award of damages for pain and suffering, which will constitute a final judgment in the amounts set forth on Exhibit A-3;

   c.   awarding the 9/11 Estate Representatives who are also immediate family members identified in Exhibits B-1 and B-2, an award for solatium damages, which will constitute a final judgment in the amounts set forth on Exhibits B-1 and B-2;

   d.   awarding the other immediate family members of the *Burlingame* decedents

identified in Exhibits C-1 and C-2, an award for solatium damages, which, will constitute a final judgment in the amounts set forth on Exhibits C-1 and C-2;

e.   awarding the Plaintiffs identified on those exhibits pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

f.   granting the Plaintiffs identified on those exhibits permission to seek punitive damages, economic damages (to the extent not requested in this motion), and other appropriate damages at a later date;

g.   determining that service of process was properly effected upon the Taliban and Omar in accordance with this Court's Orders; and,

h.   granting permission for all other *Burlingame* plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2.      The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

a.   The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

Procedural Background:

3. On September 10, 2002, the *Burlingame* Plaintiffs filed their first complaint against the alleged sponsors of the September 11, 2001, terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others. See 02-cv-7230 (S.D.N.Y.) ECF 1.[1]  The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al*

---

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

*Qaeda Islamic Army, et al.* (hereinafter "Ashton") master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv-6977, Doc. No. 5, Entered 11/19/2002. The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6977, Doc. No. 465, filed 03/30/2005. The master complaint was amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

4. Speiser Krause, PC represents some but not all of the plaintiffs set forth on the *Burlingame* complaints. I anticipate that counsel for the non-Speiser Krause plaintiffs on the *Burlingame* complaints to separately move for relief similar to what is sought in this motion.

5. Pursuant to this Court's order, the Ashton Plaintiffs (including the *Burlingame* Plaintiffs) served the Taliban and Omar Defendants by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the Taliban and Omar Defendants, was provided on March 16, 2005, and March 31, 2005, with publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[2] The Taliban and Omar Defendants never answered, and the consolidated Ashton Plaintiffs (including the *Burlingame* Plaintiffs) thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 et seq., 1797 (referring to the defendants listed in the corresponding Exhibit B to the Ashton Plaintiffs' motion, including the Taliban and Omar Defendants).[3] That is, as of May

---

[2] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

[3] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF 1797.

12, 2006, the Ashton Plaintiffs (including the *Burlingame* Plaintiffs) had a liability default judgment against the Taliban and Omar Defendants, among others.

6. The *Burlingame* Plaintiffs now seek final damages judgments against those defendants.

<u>Damages Due Diligence</u>:

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for nearly 20 years; my firm's representation of the *Burlingame* Plaintiffs in connection with this litigation; communications directly from family members of the *Burlingame* 9/11 Decedents and personal injury Plaintiffs listed in Exhibits A-1, A-2, A-3, B-1, B-2, C-1 and C-2; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Burlingame* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. All of the *Burlingame* 9/11 Decedents listed in Exhibits A-1 and A-2 died in the September 11, 2001 terrorist attacks. My law firm has been retained by the representatives of the estates of the *Burlingame* 9/11 Decedents listed in Exhibits A-1 and A-2 to represent those estates.

9. For the *Burlingame* 9/11 Decedents listed in Exhibit A-1, we have confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents. The 9/11 Decedents listed in Exhibit A-2 are either non-U.S. citizens killed on September 11, 2001, or decedents whose citizenship status at the time of death we have been unable to verify.

10.     Exhibits A-1 and A-2 set forth the compensatory damages amounts this Court previously awarded to the Estates of the *Burlingame* 9/11 Decedents for conscious pain and suffering in connection with claims asserted against defendant the Islamic Republic of Iran ("Iran").

11.     Exhibits A-1 and A-2 also set forth claims by the Personal Representatives of the Estates of the *Burlingame* 9/11 Decedents seeking an award of economic damages in the amounts listed therein.  For those Estates seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with our prior motion for economic damages on behalf of the Estates of the *Burlingame* 9/11 Decedents, and this Court granted prior motions for economic damages in the amounts set forth in Exhibits A-1 and A-2 in connection with claims asserted against Iran.

12.     For some of the estates listed in Exhibits A-1, we do not yet have economic loss data and will move for economic damages when we have the underling financial information. For example, in cases in which Speiser Krause did not represent the estate of the 9/11 Decedent in the VCF, we seek to obtain VCF files from the Department of Justice via a Freedom of Information Act ("FOIA") request.[4] We routinely ask the representatives of the *Burlingame* 9/11 Decedents' estates to provide Speiser Krause with an authorization to obtain the relevant files from the VCF. After we receive the authorization, we make a formal FOIA demand for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, and new procedures in

---

[4] The Department of Justice requires each FOIA request to be accompanied by a Certification of Identity executed by the representative of the estate specifically authorizing counsel to obtain the VCF files, even if counsel provides a retainer agreement with the FOIA demand.

redacting certain information in the VCF files, we have experienced substantial delays in obtaining VCF files. We expect to have additional VCF files, and thus additional updated economic loss data, in the future and intend at that time to seek economic damages for the *Burlingame* 9/11 Decedent estates not currently making such a motion.

13.     All of the *Burlingame* 9/11 personal injury Plaintiffs listed in Exhibit A-3 were physically present and injured in one of the locations of the September 11, 2001 terrorist attacks in New York, New York (at the World Trade Center complex or surrounding area); or Arlington, Virginia (in or around the Pentagon).  My law firm has been retained individually by the individuals listed on Exhibit A-3 to pursue recovery for the economic and noneconomic losses arising out of the personal injuries they suffered as a direct and proximate result of the terrorist attacks of September 11, 2001.

14.     Exhibit A-3 also sets forth claims by the *Burlingame* personal injury plaintiffs listed, seeking an award of noneconomic damages in the amounts listed therein, amounts which this Court previously granted pursuant to prior motions by the Plaintiffs on Exhibit A-3 made in relation to their claims against Iran.

15.     This Court previously awarded solatium damages to immediate family members (and their functional equivalents) listed in Exhibits B1 and B-2, C1 and C-2 in the following amounts:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

16.     The *Burlingame* Plaintiffs listed in Exhibits B-1 and B-2 are both representatives of the estates of the *Burlingame* 9/11 Decedents named in the consolidated Ashton complaints underlying the default judgment against the Taliban and Omar Defendants (which complaints asserted claims for all survivors of the Burlingame 9/11 Decedents and expressly identified solatium damages), and are also immediate family members (or the functional equivalents) of the *Burlingame* 9/11 Decedents named in those complaints.  See, e.g., 02-cv-6977 (S.D.N.Y.), ECF 485 at ¶ 482 (seeking, among other things, solatium damages). These individuals have also been added by name via Notice of Amendment by the process this Court established concerning the claims against Iran and Sudan. We have confirmed the relationship between the *Burlingame* 9/11 Decedent and the individuals listed in Exhibits B-1 and B-2 through documentary evidence and/or interviews with and written confirmation from our clients.

17.     The *Burlingame* Plaintiffs listed in Exhibits C-1 and C-2 are immediate family members (or the functional equivalents) of the *Burlingame* 9/11 Decedents named in the consolidated Ashton complaint underlying the default judgment against the Taliban and Omar Defendants, which asserted claims for all survivors of the *Burlingame* 9/11 Decedents and expressly identified solatium damages but are not set forth by name individually in those complaints. *See id*. These individuals have been added by name via Notice of Amendment by the process this Court established concerning the claims against Iran and Sudan. We have confirmed the relationship between the Ashton 9/11 Decedent and the individuals listed in Exhibits C-1 and C-2 through documentary evidence and/or interviews with and written confirmation from our clients.

18.     The *Burlingame* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran but have received no final judgment against either the Taliban nor Omar Defendants nor have they collected anything close to the full amounts of their judgments against Iran.

19.     In order to allow them to proceed with satisfying any portion of the outstanding judgment amounts against the Taliban or Omar, the *Burlingame* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against Iran and as reflected in Exhibits A-1, A-2, A-3, B-1, B-2, C-1 and C-2.

20.     For any *Burlingame* Plaintiffs not set forth in the attached exhibits, including those represented by other counsel but consolidated on the Ashton complaint, and for any damages not included herein, we expect additional claims to be asserted.

21.     For all of the reasons set forth in this declaration and the *Burlingame* Plaintiffs' Motion for Final Judgments against the Taliban and Omar, I respectfully request that this Court grant the proposed order filed herewith.

Dated: January 13, 2022
       Rye Brook, NY

                                            /s/ Frank H. Granito
                                            Frank H. Granito