```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON                           03-MD-1570 (GBD) (SN)
    SEPTEMBER 11, 2001                             ORDER

-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/2022

**SARAH NETBURN, United States Magistrate Judge:**

This Order resolves the Kingdom of Saudi Arabia's redaction request. ECF No. 7393. The Court has received Kriendler & Kreindler's opposition to that request, ECF No. 7417, the parties' joint submission, ECF No. 7566, and John Fawcett's submission. ECF No. 7393. The non-Kreindler & Kreindler members of the Plaintiffs' Executive Committees take no position.

Saudi Arabia's request follows from the Court's investigation of the breach of the protective orders in this matter. The Court assumes familiarity with that proceeding and discusses only the facts necessary to resolve this dispute. The breach was revealed when reporter Michael Isikoff published an article discussing the contents of the confidential deposition of Musaed Al Jarrah, including allegations that he was confronted by the FBI with images of child pornography purportedly on his computer. The contents of that deposition supposedly disturbed John Fawcett, a Kreindler & Kreindler consultant, enough to leak the deposition transcript to Isikoff. The process of investigating and adjudicating this breach has required the parties to submit papers including parts of the transcript or otherwise discussing its contents. The question is how much should be redacted from the material submitted as part of the Court's adjudication of responsibility and consequences for this breach.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). This

right "is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo I"). This right, however, attaches only to "judicial documents," that is, items "relevant to the performance of the judicial function and useful in the judicial process . . . ." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo II"). The documents here, filed to aid the Court in adjudicating the breach of protective orders, fall into this category.

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." Lugosch, 435 F.3d at 119. Where, as here, documents "directly affect an adjudication," or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith . . . ." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016) (quoting Amodeo I, 71 F.3d at 1049) (internal citation omitted).

"Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" Lugosch, 435 F.3d at 120 (quoting Amodeo I, 71 F.3d at 1049). The privacy interest of innocent third parties is such a consideration, Application of Newsday, Inc., 895 F.2d 74, 79 (2d Cir. 1990), and "courts have the power to insure that their records are not 'used to gratify private spite or promote public scandal . . . .'" Amodeo I, 71 F.3d at 1051 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 (1978)).

"In determining the proper weight to accord an asserted privacy interest, a court should consider both 'the degree to which the subject matter is traditionally considered private rather than public,' as well as '[t]he nature and degree of the injury' to which the party resisting disclosure would be subjected were the privacy interest not protected." Mirlis v. Greer, 952 F.3d

51, 61 (2d Cir. 2020) (quoting Amodeo I, 71 F.3d at 1051). Moreover, when the content at issue is available in some public format, the need for disclosure is lessened "since the primary public interest—general availability of the relevant information—has already been served." Mirlis, 952 F.3d at 65.

Weighing these considerations, the public has a strong interest in these documents. Al Jarrah, an innocent third party, though, has a strong privacy interest in not having the details of what should have been a confidential deposition exposed and then further scandal propagated through frequent repetition in court records. This is particularly so given the harm: each repetition further associates him with a particularly reviled form of crime, while serving no further public purpose since the parts of the matter germane to the dispute have been discussed at the public hearing (where discussion of the content of the deposition was similarly restricted).

Applying this guidance, redactions are appropriate where the content of the deposition would be revealed. Material that purports to summarize or discuss what happened in the deposition, particularly to a greater or more precise degree than has already been disclosed, inflicts a substantial privacy harm on al Jarrah while doing little to enhance the public's understanding of this matter or improve judicial accountability. Besides material discussing that content, however, the public's strong right to access requires disclosure.

Based on this framework, the Court orders the following redactions. First, the parties have reached agreement on certain redactions:

- **Saudi Arabia's September 23, 2021, Letter**: This was originally filed under seal at ECF No. 7157, and then reproduced at ECF Nos. 7386-3 (K&K Exhibit 102, p. 42–47), and 7386-4 (p. 28–33). The parties have agreed to Saudi Arabia's proposed redactions to pages 1, 5 and the first paragraph of page 2.

- **Saudi Arabia's September 29, 2021, Letter**: This was originally filed under seal at ECF No. 7157 and reproduced at ECF No. 7386-5 (p. 81–86). The parties agree to Saudi Arabia's sole proposed redaction.

- **Excerpts of the Al Jarrah Deposition**: These were originally filed under seal at ECF No. 7162-1 and reproduced in part at ECF No. 7386-5. The parties have agreed to redact these in their entirety.

These redactions are so ordered.

That leaves (1) redactions to Fawcett's proposed findings of fact at ECF No. 7387, (2) other parts of Saudi Arabia's September 23, 2021, letter; and (3) parts of Kreindler & Kreindler's September 30, 2021, letter, originally filed under seal at ECF No. 7162 and reproduced at ECF No. 7386-5 (p. 87–89).

Saudi Arabia proposes redactions to three paragraphs in Fawcett's proposed findings of fact: ¶¶ 5, 6 and 8. Paragraphs five and six discuss the contents of the deposition and must be redacted. Paragraph eight, however, discusses only Fawcett's reaction to that testimony and must be disclosed.

Turning to Saudi Arabia's September 23, 2021, letter, the parties debate a partial redaction to footnote one on page 2, and a redaction to page 3. Footnote one discusses information relating to a document discussed during the deposition and must therefore be redacted. On page 3, the proposed redaction covers both deposition content and a citation to the deposition transcript. Both must be redacted.

The last item is K&K's September 30, 2021, letter. The parties disagree on a redaction to page 3. This paragraph is a detailed discussion of the deposition content and the redactions proposed by Saudi Arabia are ordered in their entirety.

The parties are directed to file versions of the documents at ECF Nos. 7387, 7396-3, 7396-4, and 7396-5 with the redactions identified in this Order.

**SO ORDERED.**

DATED:   New York, New York
         January 14, 2022

_____
SARAH NETBURN
United States Magistrate Judge