# BARASCH MCGARRY SALZMAN & PENSON

ATTORNEYS AT LAW

11 PARK PLACE
NEW YORK, N.Y. 10007

(212) 385-8000
1-800-562-9190
Fax No. (212) 385-7845
www.baraschmcgarry.com
www.firelaw.com

MICHAEL A. BARASCH
BARRY A. SALZMAN*
DOMINIQUE A. PENSON
BRUCE KAYE
SARA DIRECTOR
DANA COHEN

*Admitted in NY & CT

LEE LONDON
MARIYA ATANASOVA
JENNIFER JIMENEZ
JAMES STEINER
REBECCA FORMAN
TRAVIS CARTER
TREVOR TAYLOR

January 14, 2022 **(VIA ECF)**

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, 40 Foley Square
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03-MD-1570 (GBD)(SN)
      *Ahearn v. Islamic Republic of Iran*, 20-cv-0355 (GBD)(SN)
      *Alcabes v. Islamic Republic of Iran*, 20-cv-0340 (GBD)(SN)
      *Amin v. Islamic Republic of Iran*, 20-cv-0412 (GBD)(SN)
      *Anderson v. Islamic Republic of Iran*, 20-cv-0354 (GBD)(SN)
      *Asciutto v. Islamic Republic of Iran*, 20-cv-0411 (GBD)(SN)
      *Basci v. Islamic Republic of Iran*, 20-cv-0415 (GBD)(SN)
      *Mandelkow v. Islamic Republic of Iran*, 20-cv-0315 (GBD)(SN)

Dear Magistrate Judge Netburn:

We write in response to the Court's January 5, 2022 Order ("Order", ECF No. 7557) regarding the pending motions for default judgment from the Plaintiffs in the above-referenced cases ("Plaintiffs").

Plaintiffs understand the Court's Order to clarify that the Court intends to hear only one motion for compensatory damages per plaintiff in the above-referenced cases – as distinguished from "economic, punitive, and certain other damages" as to which the Court has permitted other plaintiffs to delay applications for such amounts as appropriate. Plaintiffs are also cognizant of the magnitude of cases before the Court on the current docket, and the importance of efficient presentation of the evidence to eliminate unnecessary burdens to the Court's docket and to promote judicial economy.

In their initial motions for partial final default judgment, Plaintiffs sought to present sufficient evidence to meet the standards previously adopted by the Court for damages awards resulting from injuries suffered as a result of the September 11 terrorist attacks. While Plaintiffs recognize that each victim of the September 11 attacks suffered a unique and individualized experience and injuries as a result of those horrific events, it also is true that the lives of all who were directly affected by that day were indelibly impacted. This is especially true for those who

lost their lives, whether on the day itself or as a later consequence of injuries and illnesses resulting from the attacks, in many cases after years of painful suffering.

Accordingly, Plaintiffs believe that the evidence already presented in the pending motions for default judgment and accompanying affidavits and exhibits[1] – which proves the injuries and ultimate death of each Plaintiff victim was the "direct result" of the September 11 attacks, as found by the U.S. Department of Justice – is sufficient to warrant compensation according to the same framework previously adopted for victims who died or were injured on September 11 itself. It is difficult to compare the experiences of victims – all of those experiences are horrible – and Plaintiffs believe that a consistent framework is a fair and appropriate mechanism for adjudicating these claims. Indeed, courts have developed the framework uniformly used in such cases across decades of different terrorist attacks, each involving a unique set of circumstances. That framework has involved a baseline compensatory amount within certain ranges, with opportunity for upward departure based on specific circumstances and evidence presented. This Court has adopted that same approach for victims in this case, establishing baseline amounts that recognize the unique infamy and massive scope and reach of the events of September 11 – which includes the life-altering consequences to those who survived that day but suffered and died slowly and painfully as a direct result. Plaintiffs respectfully submit that the same framework can and should be applied here.

However, mindful of the Court's interest in confirming that this framework applies to all victims killed as a result of the September 11 attacks, Plaintiffs appreciate the opportunity to present additional evidence that will provide greater context to the terrible pain and suffering endured by each victim whose life was immeasurably damaged, and ultimately lost, as a direct result of the attacks. Such evidence may take the form of, *e.g.*, affidavits regarding the pain and suffering of these victims before death, and other documentation relating to their injuries and deaths. Plaintiffs believe that supplementing the record with such evidence will help demonstrate to the Court why adopting the same baseline compensatory amounts and compensatory framework, as has been used for all victims to date, is appropriate for these victims as well.

Because there are a substantial number of victims across the subject cases, Plaintiffs respectfully request a reasonable period of time to supplement the record to present this evidence. While Plaintiffs will endeavor to provide the evidence in advance of such a deadline, Plaintiffs respectfully request a period of 120 days following the entry of an order regarding this request to complete the supplementation. Plaintiffs further request confirmation that, as the Order notes has been done for other plaintiffs in this litigation, Plaintiffs will be permitted at a later date, and subject to further rulings by this Court, to further supplement the record with respect only to economic, punitive, or other damages in excess of the compensatory damages for pain and suffering before death.

---

[1] *See Ahearn*, ECF Nos. 27, 28, and 29 (*In re September 11*, ECF Nos. 7022, 7023, and 7024); *Alcabes*, ECF Nos. 29, 30, and 31 (*In re September 11*, ECF Nos. 7029, 7031, and 7032); *Amin*, ECF Nos. 29, 30, and 31 (*In re September 11*, ECF Nos. 7034, 7035, and 7036); *Anderson*, ECF Nos. 24, 25, and 26 (*In re September 11*, ECF Nos. 7038, 7039, and 7040); *Asciutto*, ECF Nos. 28, 29, and 30 (*In re September 11*, ECF Nos. 7043, 7044, and 7045); *Basci*, ECF Nos. 30, 31, and 32 (*In re September 11*, ECF Nos. 7048, 7049, and 7050); *Mandelkow*, ECF Nos. 31, 32, and 33 (*In re September 11*, ECF Nos. 7052, 7054, and 7055).

Plaintiffs believe that the foregoing proposal addresses the Court's request as set forth in the Order. If Plaintiffs have misunderstood the import of the Order, or if the Court would benefit from any different or additional evidence, Plaintiffs are prepared to address any such clarification.

Respectfully,

Barry Salzman

cc:   All counsel via ECF