EXHIBIT U

**CATALOG OF RESPONSES TO DEFENDANDTS' EXHIBIT D AT ECF NO. 7344.**

| Basis | Winer Affirmative Report | Winer Rebuttal Report | Jenkins Affirmative Report[1] |
|---|---|---|---|
| **Qualifications** | Defendants allege that Winer is not qualified to offer any substantive opinion contained in his report, aside ¶ 9.11. As set forth in plaintiffs' Opposition Brief, Winer is qualified to offer every opinion contained in his affirmative report. | ¶¶ 2.1-2.37; 2.39-2.42.1 – Winer is qualified to testify as to the use of audits and financial controls as set forth in plaintiffs' Opposition Brief.<br>¶¶ 3.1-3.21, 3.24-3.25,3.31 – Winer is clearly qualified to testify to the significance of U.S. Government intelligence reports, and the reliability and significance of those reports. Winer's expertise in this area is discussed in plaintiffs' Opposition Brief.<br>¶¶ 4.2-4.5, 4.7-4.9.4, 4.12 – 4.19 – As discussed in plaintiffs' Opposition Brief defendants, despite defendants' representations otherwise, Winer possesses the requisite expertise to opine on matters related to Al Qaeda's financial infrastructure, Al Qaeda itself, and charitable support for Al Qaeda, terrorism generally, and the September 11th Attacks. | As set forth in Plaintiffs' Opposition Brief pp. 13-15, Jenkins' interdisciplinary expertise qualifies him to offer opinions on ¶¶ 18; 42; 56; 63-67; 69; 72; 74; 98-99, as identified in Exhibit 1 to Defendants' Exhibit D to the Declaration of Aisha Bembry (ECF No. 7344). |
| **Lack of relevance** | ¶¶ 3.13-3.17; 14.1-14.7; 15.1-15.7; 16.1-16.3; 17.1-17.6; 18.1-18.4 – Topics discussing Executive Order 13224, including the operational aspects of the designation process, are relevant and will aid the jury in understanding the import of said designations.<br>¶ 6.6 – Winer's discussion of the 1996 CIA report as it relates to the US Government's understanding of charitable support for terrorism prior to September 11, 2001, is relevant and critical to aiding a jury in understanding the aforementioned Report.<br>¶¶ 7.4.7 – 7.4.8 – Charitable support for Al Qaeda allegedly received throughout the 1990s is likewise | ¶ 2.6.3 – The audits provided for WAMY's Indonesia office are relevant financial records and defendants provide no argument for this paragraph's exclusion in their brief.<br>¶¶3.3-3.7.6 – Winer's analysis of OFAC designations is relevant for the reasons set forth in Plaintiffs' Opposition Brief.<br>¶¶3.13-3.15 - Winer's rebuttal to Sageman's analysis of OFAC designations is relevant for the reasons set forth in plaintiffs' Opposition Brief. | As detailed in Plaintiffs' Opposition Brief at pp. 16-17, Jenkins' opinions regarding the planning and execution of the September 11th Attacks (¶¶ 9-10; 14; 16-17 of Jenkins' Affirmative Report) are relevant and proper. Further, Jenkins' contextualization of historical terror plots at ¶¶ 19-29; 32-39; 41-55; 60 are also relevant and proper as it explains how the September 11th Attacks were a truly first-of-their-kind series of attacks.<br><br>Jenkins' opinions on the development of the September 11th Attacks and Osama Bin |

---

[1] Brian Jenkins did not designate paragraphs in his expert report. References to paragraphs in Jenkins' report are based on Defendants' Exhibit 1 to their Exhibit D at ECF No. 7344.

| | | | |
|---|---|---|---|
| | relevant. Specifically, WAMY and MWL/IIRO's support during this time.<br>¶¶ 9.13-9.13.4 – These sections are relevant in that they provide valuable background on lax government oversight of Saudi spending and the normalization of corruption in the Saudi government. For these and the reasons set forth in plaintiffs' Opposition Brief, these paragraphs are relevant.<br><br>¶¶ 10.5–10.7 - Defendants make no argument in their brief to support the exclusion of paragraphs regarding the Third World Relief Agency.<br><br>¶ 12.21 - Winer's discussion of the U.S. and U.N. sanctioning process is relevant as set forth in plaintiffs' Opposition Brief. | ¶3.31 – Winer's response to Sageman's discussion of Adel Batterjee and related Treasury designations is relevant for the reasons set forth above and the reasons set forth in plaintiffs' Opposition Brief.<br>¶¶ 4.11.1-4.11.2 – Winer's discussion of terror groups funded by Saudi Arabia is relevant in that it shows that Saudi Arabia has funded terrorists to fight proxy wars, similar to its alleged support of Al Qaeda. | Laden's growing ambitions for Al Qaeda at ¶¶ 73-74 and ¶83 are relevant as they evidence the need for expanded recruiting, training, and funding. |
| **Impermissible Legal Conclusions** | None of the paragraphs listed in Defendants' Exhibit D contain impermissible legal conclusions. Section 3 of Winer's Affirmative Report contains the executive summary of his opinions, which are conclusory in nature but offer no *legal* conclusions. Further, to the extent that it is not enumerated in defendants brief, defendants have not put forth an argument why the more than dozen paragraphs listed in their corresponding Exhibit D constitute impermissible legal conclusions. | ¶2.38.10 – Winer's discussion of the proffer of evidence submitted in the Arnaout case contains no discernable legal conclusion and plaintiffs are again left to guess at what defendants' argument for exclusion of this paragraph is.<br>¶3.1 – Winer's discussion of the probative value of U.S. government intelligence and designation reports in the form of a rebuttal to defense experts Brown and Sageman contains no impermissible legal conclusions. Defendants make no argument in their brief to support the exclusion of this paragraph. | Defendants' do not allege in their Exhibit D that any paragraphs in Jenkins' Affirmative Report reaches impermissible legal conclusions. |
| **Impermissible state of mind** | In their *Daubert* brief, Defendants only provide arguments as to ¶¶ 9.7, 9.16, 9.5-9.6.1, 6.7.12, yet purport to list a dozen or so more paragraphs that they contend offer state of mind testimony. Defendants again request that the Court concoct a legal and factual argument to find that these paragraphs | ¶4.3 – Winer does not opine as to the state of mind of any part in this paragraph. Winer discusses actions taken by charities that supported Al Qaeda, not their state of mind. Additionally, defendants have made no | ¶ 3 of Jenkins' Affirmative Report merely describes the predicate questions that his report seeks to address, it does not offer state of mind testimony.<br><br>¶8 does not offer state of mind testimony of any actor or |

**CATALOG OF RESPONSES TO DEFENDANDTS' EXHIBIT D AT ECF NO. 7344.**

| | | | |
|---|---|---|---|
| | should be excluded as impermissible state of mind testimony despite offering no legal analysis. Nevertheless, for the reasons set forth in plaintiffs' Opposition Brief, Winer does not offer impermissible state of mind testimony | argument describing what, specifically, in this paragraph amounts to impermissible state of mind testimony.<br><br>¶4.9 – Winer's discussion of Al Qaeda's means and methods of securing funding does not amount to state of mind testimony. As above, defendants have made no argument describing what, specifically, in this paragraph amounts to impermissible state of mind testimony. | organizations, but rather generally describes the purpose of the September 11th Attacks.<br><br>¶13 sources an Al Qaeda operative turned informant and thus Jenkins does not opine as to his state of mind, because the state of mind is proffered by the individual themselves.<br><br>As detailed in Plaintiffs' Opposition Brief at pp. 20-21, Jenkins does not infer the state of mind of any actor or organization but his opinions as to the state of mind of individuals and organizations are premised on statements of the actors under examination themselves. For this reason, ¶¶15- 18 are not impermissible state of mind testimony.<br><br>Jenkins' opinions on the goals and methods of terrorists and terrorist organizations are fully supported by his nearly 50 years of experience studying terrorism. Jenkins does not improperly infer state of mind in ¶¶ 31; 40; 42; 49; 56; 58-63; 66-70; 72-74; 81; 98-100; 106.<br><br>¶¶ 108-112; 114- 119; 121-131; 133-146; 148- 158 - Jenkins' opinions regarding the pilot section, "muscle hijackers", Hamburg cell, Millennium plot, reconnaissance, and final preparations does not contain state of mind testimony but is an accounting of events based on Jenkins' extensive experience. |
| **Lack of Sufficient Basis** | Defendants assert in their Exhibit D that Winer does not have a sufficient factual basis to offer testimony on any substantive paragraphs in his affirmative report, except those | Defendants counsel have not challenged the following portions of Winer's rebuttal report in their Exhibit D or their brief: ¶¶2.2; 2.10.5; | As detailed in Plaintiffs' Opposition Brief, Jenkins' expertise provided the sufficient factual basis for many well-accepted facts related to the 9/11 |

**CATALOG OF RESPONSES TO DEFENDANDTS' EXHIBIT D AT ECF NO. 7344.**

| | | | |
|---|---|---|---|
| | contained at ¶¶5.1 – 5.3.4. Plaintiffs' arguments contained in their Opposition Brief support a finding that Winer has sufficient factual bases to offer all opinions contained in his affirmative expert report. | 2.12;2.12.1; 2.12.3-.4; 2.13 and subparagraphs; 2.15; 2.16 and subparagraphs; 2.18 and sub paragraphs; 2.19; 2.21; 2.23-2.26;2.29-2.30.4.2; 2.30.6.1-.7;20.3.6.9 – 2.30.6.10; 2.31 – 2.33.2; 2.33.4 – 2.35; 2.38 and subparagraphs; 4.1; 4.4 and subparagraphs; 4.6; 4.9 – 4.13; 4.15-4.17.6; 4.19.<br><br>In their *Daubert* brief, defendants only directly discuss ¶ 2.7 and ¶¶ 2.17.4-2.17.5 and do not provide a discernable argument for the exclusion of the extensive portions of Winer's testimony listed in their Exhibit D. Defendants' only reference to Exhibit D is at footnote 143 which states merely that Exhibit D lists "other such opinions." Defendants have not formulated any legal argument for the exclusion of the paragraphs in their corresponding Exhibit D and thus they cannot be excluded. | Attacks. Where necessary, Jenkins cited his sources.  ¶¶ 6-9; 14; 16; 19; 21; 25; 27; 29-31; 35-43; 45-49; 51-53; 55-62; 65-66; 68-79; 83-100; 102-106; 108-112; 114- 119; 121-131; 133-146; 148-158 are admissible pursuant to the arguments made in Plaintiffs' Opposition Brief. |
| **Unreliable principles and methodology** | Defendants allege that Winer utilizes "unreliable principles and methods unreliably applied" and thus cannot offer any substantive opinion contained in his affirmative expert report. As set forth in plaintiffs' Opposition Brief, Winer' reliably applies a robust methodology and thus his opinions are permissible. | Defendants allege that Winer utilizes "unreliable principles and methods unreliably applied" and thus cannot offer large swaths of the substantive opinions contained in his rebuttal report. Defendants have only cited to limited paragraphs in the corresponding section of their *Daubert* brief at footnotes 184, 185, and 193. Nevertheless, As set forth in plaintiffs' Opposition Brief, Winer' reliably applies a robust methodology and thus his opinions are permissible. | Defendants' offer a lengthy list of portions of Jenkins' Affirmative Report that they wish to exclude on the basis that his methodology is insufficiently applied. However, Defendants' argument against Jenkins' methodology is simply a rehash of their 'sufficient factual basis' argument. Defendants again seek to impose an arbitrary number of citations required for an expert report in order to large portions of a damaging expert report. For the reasons set forth in Plaintiffs' Opposition Brief, ¶¶ 6-9; 14; 16; 19; 21; 25; 27; 29-31; 35-43; 45- 49; 51-53; 55-62; 64-66; 68-79; 81; 83-100; 102-106; 108-119; 121- 146; 148-158, are based |

**CATALOG OF RESPONSES TO DEFENDANDTS' EXHIBIT D AT ECF NO. 7344.**

| | | | |
|---|---|---|---|
| | | | on a reliable methodology, reliably applied, and thus are permissible. |
| **Impermissible Conduit of Hearsay** | ¶¶ 4.4-4.4.2 – These paragraphs, and others related to Al Qaeda's history, are not conduits to impermissible hearsay simply because Winer cites to U.S. Government Indictment for support.<br><br>¶¶ 5.2-5.3.4 – Winer's quoted testimony of under-oath government officials is not impermissible hearsay. ¶5.2.3 is quoted from plaintiffs' counsel's own expert, Matthew Levitt.<br><br>¶¶6.1-6.7.12 – Arguments as to why these sections of Winer's report are not inadmissible hearsay are set forth fully in plaintiffs' Opposition Brief.<br><br>¶¶ 8.5-8.5.5 – Winer's appropriately cited quotes from his sources, which include under-oath trial testimony, in these sections are not impermissible hearsay.<br><br>¶ 8.7 – Winer's quoting and appropriate sourcing of the 9/11 Commission Report do not render him a conduit of impermissible hearsay, as detailed in plaintiffs' Opposition Brief,<br><br>¶ 8.9 – Properly sourcing, quoting and analyzing text from the 9/11 Commission Report is not inadmissible hearsay.<br><br>¶ 9.4.4 – Winer's analysis of former Israeli Ambassador Dore Gold's statements to the Senate Committee on Government Affairs is not impermissible hearsay.<br><br>¶¶ 9.13-9.13.4 – Winer's discussion and interpretation of State Department cables, as well as other sources, in this section is not impermissible hearsay, as discussed in plaintiffs' Opposition Brief.<br><br>¶¶ 11.1-11.10 – Winer's analysis of charitable support for Al Qaeda is | ¶¶ 2.38.3.1 – Defendants seek to exclude Winer's analysis of a citation to Thomas Hegghammer's book "Jihad in Saudi Arabia, Violence and Pan-Islamism since 1979." Defendants, and their experts, have extensively quoted, cited and discussed Hegghammer's works. Discussing the findings of an academic such as Hegghammer is in the ordinary course of an experts' work and is not impermissible hearsay.<br><br>¶¶ 3.11-3.11.3 – These paragraphs outline Winer's foundation for his opinion that the UN Security Council Monitoring Group's findings are consistent with the CIA Report.<br><br>¶¶ 3.20-3.20.4 – Further quotation of government documents for the purpose of analysis by an expert. This is not impermissible hearsay.<br><br>¶¶ 3.30-3.30.12 – Though the *Arnaout* proffer is quoted at length in these sections, Winer analyzes and discusses these sections at ¶¶ 3.31 – 3.32. The quoted information is not impermissible hearsay.<br><br>¶ 3.34 – This paragraph is a discussion of Winer's rebuttal to Sageman's report. It does not contain impermissible hearsay.<br><br>¶¶ 4.4-4.4.6 – The discussion of the UN Panel of Experts forms, in part, the basis for Winer's opinion. The quoted | ¶¶ 12-13 in Jenkins' Affirmative Report properly provide the sources he relied on and feature Jenkins' expert analysis, thus they are not impermissible hearsay.<br><br>¶¶ 81-82 consist of Jenkins' expert analysis and discussion. In ¶ 82 Jenkins appropriately sources the 9/11 Commission Report and goes on to provide expert scrutiny of the Commission's findings.<br><br>¶92 contains Jenkins' analysis of widely available information and he does not "regurgitate" hearsay as Defendants allege.<br><br>¶¶ 95-96 is an analysis of the planning and execution of the September 11th Attacks supported by Jenkins' expertise. To the extent that it relies on hearsay, it is of the type that experts are permitted to rely on as outlined in Plaintiffs' Opposition Brief.<br><br>¶¶ 101- 113; 117; 119-133; 135-158 detail the recruitment and selection of the September 11thhijackers, as well as the preparation and final hours leading up to the September 11th Attacks. To the extent that any of these paragraphs rely on hearsay, it is of the type that experts are permitted to rely on as outlined in Plaintiffs' Opposition Brief. |

**CATALOG OF RESPONSES TO DEFENDANDTS' EXHIBIT D AT ECF NO. 7344.**

|  | appropriately cited and does not amount to impermissible hearsay.<br><br>¶¶ 12.1-12.21 – Defendants again ignore the extensive analysis that Winer offers in discussing MWL/IIRO and WAMY in these sections. Winer applying his expertise in evaluating sources is not impermissible hearsay.<br><br>¶¶ 14.1-14.7 – Discussion of the fact sheet issued by the White House in conjunction with EO 13224 is an analysis of relevant evidence.<br><br>¶¶ 15.1-15.7 – Discussion of evidence needed to uphold a EO 13224 designation is not impermissible hearsay.<br><br>¶¶ 16.1-16.3 – This section of Winer's affirmative report does not contain any impermissible hearsay and offers clear analysis of appropriately cited material.<br><br>¶¶ 18.1-18.4 - This section of Winer's affirmative report does not contain any impermissible hearsay and offers clear analysis of appropriately cited material. | portions are necessary to contextualize his analysis.<br><br>¶ 4.7.1 – The Monograph on Terrorist Financing is, in part, the basis for Winer's opinion and his quoting it for its probative value does not render it impermissible hearsay.<br><br>¶¶ 4.8 – 4.8.2 – Again, Winer's discussion of the Monograph on Terrorist Financing does not render it hearsay, he is relying on it and comparing its findings to the findings of purported defense expert Vahid Brown. Additionally, ¶4.8.2 is *entirely* Winer's analysis and does not contain any quotes from the Monograph on Terrorist Financing.<br><br>¶¶ 4.9.1-4.10.4 – The quoted material in these paragraphs is quoted in support of Winer's arguments in ¶ 4.9, and they are appropriate as he relies on them to support this argument.<br><br>¶ 4.11.2 – Winer provides a probative example as support for his argument at ¶4.11.<br><br>4.17-4.17.6 – Again, Winer's supporting quotations from the 9/11 Commission to respond to purported defense expert Marc Sageman are not impermissible hearsay testimony, as they are probative and undercut Sageman's opinions. |  |