**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

   *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case
      *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

**Declaration of John F. Schutty in Support**
**of Certain *Ashton* Wrongful Death Plaintiffs'**
**Motion for Final Judgments Against the Taliban and Muhammad Omar**

   I, JOHN F. SCHUTTY, ESQ., pursuant to 28 U.S.C. § 1746, hereby state under the penalty of

perjury that:

   1.      I am an attorney representing certain Plaintiffs in the above-referenced matter (the

"*Ashton* Plaintiffs").

   2.      I submit this declaration in support of the present motion for final judgment on behalf

of various Estates of decedents described below, all of whom perished at the World Trade Center as a

result of the terrorist acts perpetrated on September 11, 2001.  In support of this application, and for

the convenience of this Court, I am separately filing a "Proposed Order for the Entry of Partial Final

Judgments Against the Taliban and Muhammad Omar Defendants" on behalf of the following

Estates:

         a.   The Estate of Joseph D. Dickey (described within the Irene Dickey

               Declaration and accompanying economist report, both attached hereto as

               Exhibit A);

         b.   The Estate of Robert D. Eaton (described within the Jacqueline Eaton

               Declaration and accompanying economist report, both attached hereto as

Exhibit B);

c.   The Estate of James J. Kelly (described within the Joanne Kelly Declaration and accompanying economist report, both attached hereto as Exhibit C);

d.   The Estate of Timothy M. O'Brien (described within the Lisa O'Brien Declaration and accompanying economist report, both attached hereto as Exhibit D);

e.   The Estate of Michael H. Seaman (described within the Dara Seaman Declaration and accompanying economist report, both attached hereto as Exhibit E);

f.   The Estate of Robert F. Sliwak (described within the Susan Sliwak Declaration and accompanying economist report, both attached hereto as Exhibit F);

g.   The Estate of John Wallice, Jr. (described within the Allison Wallice Declaration and accompanying economist report, both attached hereto as Exhibit G); and

h.   The Estate of Farrell Lynch (described within the Eileen Lynch Declaration and accompanying economist report, both attached as Exhibit H).

3.   The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court.   ECF 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief).[1]

---

[1]   References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

**Procedural Background**

4.      On September 4, 2002, the *Ashton* Plaintiffs filed their first Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others.  *See* 02-cv-6977 (S.D.N.Y.) ECF 1.  That Complaint was consolidated and amended several times.  *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

5.      The Law Office of John F. Schutty, P. C. represents some, but not all, of the plaintiffs identified on the *Ashton* Complaints.  I anticipate additional plaintiffs on the *Ashton* Complaints to move shortly for relief similar to what is sought on this motion (the law office of Kreindler & Kreindler has already filed a similar motion, but without a renewed filing of economists' reports in support of the economic losses claimed).

6.      Pursuant to this Court's order, the *Ashton* Plaintiffs served the *Taliban* and *Omar* Defendants by publication. ECF 445 at 1, 8, 11.  Verification of service by publication on among others, the *Taliban* and *Omar* Defendants, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order.  ECF 709, 735.[2] The *Taliban* and *Omar* Defendants never answered and the *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006.  ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the *Taliban* and *Omar* Defendants).[3]  That is, as of May 12, 2006, the *Ashton* Plaintiffs had a liability

---

[2]      The publication notices were directed at the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the Complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days.  ECF 709 at 2; 735 at 2.

[3]      This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, between plaintiffs and defendants, included up to and through the Sixth Amended Complaint.  ECF 1797.

default judgment against the *Taliban* and *Omar* Defendants, among others.

7.      The *Ashton* Plaintiffs now seek final damages judgments against those defendants.

**Damages Due Diligence:**

8.      The sources of my information and the basis for my belief in my statements contained herein are: (a) my personal involvement in this litigation and my regular review of the MDL docket; (b) my representation of the *Ashton* Plaintiffs in connection with this litigation; (c) my communications directly with family members of the *Ashton* 9/11 Decedents listed in Exhibit A through Exhibit H; (d) my communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, (e) documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

9.      All of the *Ashton* 9/11 Decedents listed in the accompanying Proposed Order and attached  Exhibit I died in the September 11, 2001 terrorist attacks.   My law firm has been retained by the representatives of the Estates of the *Ashton* 9/11 Decedents listed in Exhibit A through Exhibit H to represent those Estates.

10.     For the *Ashton* 9/11 Decedents listed in Exhibit I, we have confirmed that the decedent was a United States national as of September 11, 2001, based on documentary evidence (such as copies of birth certificates, passports and /or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")), or personal interviews and/or written communications with the Personal Representatives of the Estates of those 9/11 Decedents.

11.     Exhibit I sets forth the same compensatory damages amount this Court previously awarded to the Estates of the *Ashton* 9/11 Decedents herein for conscious pain and suffering in connection with claims asserted against the Defendant Islamic Republic of Iran ("Iran").

12.     Exhibit I also sets forth claims by the Personal Representatives of the Estates of the *Ashton* 9/11 Decedents for an award of economic damages in the amounts listed therein.  For all of these Estates who are seeking economic damages, such amounts are based upon reports prepared by an economic expert who, relying on materials provided by the Plaintiffs herein (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty.  The underlying materials included economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with our prior motion for economic damages on behalf of the Estates of the *Ashton* 9/11 Decedents herein, and are the same amounts that this Court granted following prior motions for economic damages in connection with claims asserted against the Defendant Islamic Republic of Iran.

13.     This Court previously awarded *solatium* damages to immediate family members to the individuals listed in Exhibit I in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Child | $8,500,000 |

14.     The *Ashton* Plaintiffs herein, described within Exhibit A through Exhibit H, are the Personal Representatives of the Estates of the *Ashton* 9/11 Decedents named in the *Ashton* Complaints underlying the default judgment against the *Taliban* and *Omar* Defendants, which asserted claims for all members of the Estate of the *Ashton* 9/11 Decedents – the widows and children of the *Ashton* 9/11

Decedents named in those Complaints (and recognized heirs of these Estates under New York State law).  *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 485 at ¶ 482 (seeking, among other things, solatium damages).  These individuals have been added by name via Notice of Amendment by the process this Court established concerning the claims against Iran and Sudan.  We have confirmed the relationship between the *Ashton* 9/11 Decedent and the individuals listed in Exhibit I through documentary evidence (attached Declarations) and interviews with and written confirmation with my clients.

15.     The *Ashton* Plaintiffs listed in Exhibit I are qualified heirs (widows and children) of the *Ashton* 9/11 Decedents named in the *Ashton* Complaints (underlying the default judgment against the *Taliban* and *Omar* Defendants), which asserted claims for all the recognized heirs of the Estates of the *Ashton* 9/11 Decedents (even those not set forth by name individually in those Complaints as these individuals are represented by the appointed Personal Representative of each Estate).   The latter individuals (children of the decedent) have been added by name via Notice of Amendment of the Master Complaint by the process this Court established concerning the claims against Iran and Sudan. We have confirmed the relationship between each *Ashton* 9/11 Decedent and the individuals listed in Exhibit I through documentary evidence (attached Declarations) and interviews with and written confirmation with my clients.

16.     The *Ashton* Plaintiffs described within the Exhibits to this declaration have received final judgments against Iran but have received no final judgment against the *Taliban* or *Omar* Defendants, nor have they collected anything close to the full amounts of their judgments against Iran.

17.     In order to allow the Plaintiffs described herein to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban* or *Omar* Defendants, the *Ashton* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against Iran (as is reflected in Exhibits I, and A through H).

18.     For any *Ashton* Plaintiffs not set forth in the attached exhibits, including those

represented by other *Ashton* counsel but consolidated on the *Ashton* Complaint, and for any damages not included herein, we expect additional claims to be asserted.

19.     For all of the reasons set forth in this Declaration and within the *Ashton* Plaintiffs' Motion for Final Judgments against the *Taliban* and *Omar* Defendants, I respectfully request that this Court grant the instant motion and sign the Proposed Order filed herewith.

Dated: January 7, 2022
       New York, NY

/s/ *John F. Schutty*

John F. Schutty