**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN)

## <u>DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF *BURNETT* PLAINTIFFS'</u> <u>MOTION FOR ENTRY OF DEFAULT JUDGMENTS AGAINST THE TALIBAN</u>

I, JOHN M. EUBANKS, declare, under penalty of perjury, as follows:

1.      I am an attorney admitted to practice in the above-captioned matter and Member Attorney with the law firm Motley Rice LLC, counsel for the *Burnett* Plaintiffs in this MDL in the above-referenced matter (the "*Burnett* Plaintiffs"). I submit this Declaration in support of the *Burnett* Plaintiffs' motion for entry of default judgement against The Taliban on behalf of the estates of those victims murdered on September 11, 2001 ("*Burnett* 9/11 Decedents"), their immediate family members or functional equivalents, and individuals who sustained personal injuries in the terrorist attacks on September 11, 2001. This motion seeks the following relief:

   a.      extending to Defendant The Taliban the Court's previous rulings of Partial Final Default Judgment on Behalf of the *Burnett* Plaintiffs identified in Exhibits B-1, B-2, and B-3 who each also have default judgments against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and/or the Central Bank of the Islamic Republic of Iran (collectively the "Iran Defendants") pursuant to the default liability judgment entered on January 31, 2017 (Case No. 15-cv-9903, ECF No. 85), and entering a default judgment against The Taliban in favor of the *Burnett* Plaintiffs in the amounts identified in Exhibits B-1, B-2, and B-3;

   b.      entering a judgment against The Taliban in favor of the *Burnett* Plaintiffs identified in Exhibits C-1 and C-2, who each have default liability judgments against The Taliban and as to whom previous judgements against the Iran Defendants were not entered, but for whom the values of such judgments can be ascertained based on prior determinations by the Court;

   c.      awarding the Estates of *Burnett* 9/11 Decedents, identified on Exhibit C-1, through their representatives, an award for conscious pain and suffering in the amount of $2

million for each estate, which will constitute a final judgment in the amounts set forth in Exhibit C-1 with the allowance that such judgments may be supplemented at a later date with proof for damages for economic loss;

d.      awarding the immediate family members of the *Burnett* 9/11 Decedents identified on Exhibit C-2, an award for solatium damages, which will constitute a final judgment in the amounts set forth in Exhibit C-2;

e.      a determination that the *Burnett* Plaintiffs identified on Exhibits E-1, E-2, and E-3 fit within the all-inclusive definition of Plaintiffs for whom a default liability judgment was entered against The Taliban on April 7, 2006;

f.      extending to Defendant The Taliban the Court's previous rulings of Partial Final Default Judgment on Behalf of the *Burnett* Plaintiffs identified in Exhibit E-1 who each also have default judgments against the Iran Defendants;

g.      awarding the Estates of *Burnett* 9/11 Decedents, identified on Exhibit E-2, through their representatives, an award for conscious pain and suffering in the amount of $2 million for each estate, which will constitute a final judgment in the amounts set forth in Exhibit E-2 with the allowance that such judgments may be supplemented at a later date with proof for damages for economic loss;

h.      awarding the immediate family members of the *Burnett* 9/11 Decedents identified on Exhibit E-2, an award for solatium damages, which will constitute a final judgment in the amounts set forth on Exhibit E-2;

i.      awarding pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 1, 2001 until the date of the judgment for damages for those *Burnett* Plaintiffs included on Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2;

j.      granting trebled damages under 18 U.S.C. § 2333(a) to the *Burnett* Plaintiffs identified on Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2;

k.      establishing a procedure to address damages for *Burnett* Plaintiffs appearing on Exhibits D-1 and E-3 who sustained personal injuries but have not had the Court address damages on their behalf against other defendants within the MDL;

l.      establishing a procedure to address damages for *Burnett* Plaintiffs appearing on Exhibit D-2 who seek to be recognized as the functional equivalents of immediate family members in order to obtain awards for solatium damages; and

m.     permitting the *Burnett* Plaintiffs to seek economic damages, punitive damages, and other damages at a later date, consistent with any applicable future rulings and to supplement the record as part of applications for those damages.

2.      The form of this motion and the relief requested herein are consistent with the form and relief requested and granted in the *Burnett/Iran* action, in orders located at ECF. Nos. 3666 (*Burnett I*), 3984 (corrected 4023) (*Burnett II*), 4126 (*Burnett III*), 4146 (*Burnett V*), 4175 (*Burnett IV*), 4712 (*Burnett VI*), 5061 (corrected 5062 and 6202) (*Burnett VII*), 5087 (corrected 6203 and 6205) (*Burnett IX*), 5092 (*Burnett VIII*), 5138 (*Burnett XI*), 5151 (*Burnett XII*), 5356 (*Burnett XIII*), 5854 (*Burnett XIV*), 5946 (*Burnett Personal Injury I*), 5948 (*Burnett Personal Injury II*), 5949 (*Burnett XV*), 5951 (*Burnett X*), 5955 (*Burnett Personal Injury III*), 5957 (*Burnett Personal Injury IV*), 5975 (*Burnett XVI*), 5979 (*Burnett XVII*), 6034 (*Burnett XIX*), 6035 (*Burnett XVIII*), 6037 (*Burnett XXII*), 6038 (*Burnett XXI*), 6039 (*Burnett XX*), 6042 (*Burnett Supp 1*), 6044 (*Burnett Supp 2*), 7188 (*Burnett XXIII*), 7287 (*Burnett XXIV*), and 7494 (*Burnett Personal Injury V*).

3.      On August 15, 2002, the Burnett Plaintiffs filed their initial Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks in the United States District Court for the District of Columbia. That Complaint was twice amended before the case was transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York on January 2, 2004.

4.      The Taliban was added to the *Burnett* case pursuant to Case Management Order No. 2 on December 30, 2004, and service by publication (as permitted by a September 16, 2004 Order issued Judge Richard C. Casey) was perfected on January 13, 2005. Proof of service was filed on March 4, 2005 and March 16, 2005, and The Taliban defendant never answered. The *Burnett* Plaintiffs subsequently moved for a Certificate of Default and default judgment, which this Court granted on April 7, 2006. *See* ECF No. 1756.

5.      The *Burnett* Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2 now seek final damages judgments against The Taliban.

6.      The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* Plaintiffs in the MDL, my firm's representation of the Burnett/Iran Plaintiffs in connection with the terrorist attacks on September 11, 2001, other court records relating to this multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in this multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7.      On April 4, 2006, my colleague Robert T. Haefele provided an Affidavit for Entry of Default and Judgment by Default that was submitted to the Court with multiple exhibits.  Exhibit A to Mr. Haefele's April 4, 2006 Affidavit included the real parties in interest in the *Burnett* litigation, as that term is understood pursuant to Fed. R. Civ. P. 17(a).  Exhibit A to this Declaration lists the real parties in interests in this litigation in addition to, for each real party in interest, any additional persons for whose benefit the action was sought and excludes those plaintiffs who have subsequently voluntarily dismissed their claims in this litigation.

8.      Exhibit B-1 sets forth claims brought by personal representative of *Burnett* 9/11 Decedent estates included on Exhibit A for whom prior judgments have been entered against the Iran Defendants in this MDL.  The values of the prior judgments are set forth in Exhibit B-1 including damages for conscious pain and suffering, economic loss, and total damages amounts previously awarded. To the extent that economic-loss damages have not yet been awarded, Plaintiffs seek the ability to submit motions for supplemental damages for economic loss at a later date.

9.      Exhibit B-2 sets forth those solatium claimants included on Exhibit A for whom prior judgments have been entered against the Iran Defendants in this MDL.  The values of the prior judgments are set forth in Exhibit B-2.

10.      Exhibit B-3 sets forth claims brought by individuals injured in the terrorist attacks on September 11, 2001 included on Exhibit A for whom prior judgments have been entered against the Iran Defendants in this MDL.  The values of the prior pain-and-suffering judgments are set forth in Exhibit B-3.

11.      Exhibit C-1 sets forth claims brought by the personal representatives of *Burnett* 9/11 Decedent estates included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL.  Plaintiffs have included damages solely for conscious pain and suffering in the amount of $2 million for each estate and seek the ability to submit motions for supplemental damages for economic loss at a later date

12.      Exhibit C-2 sets forth those solatium claimants included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL. The solatium amounts set forth in Exhibit C-2 are the figures this Court has previously determined appropriate for solatium damages based on familial relationship (immediate family members and their functional equivalents) to the decedent. Those damages were assessed in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

13.     Exhibit D-1 sets forth those personal-injury claimants included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL.  As stated in the memorandum of law accompanying this motion, Plaintiffs seek the Court's input on how to address damages for this group of Plaintiffs given the complexities involved in assessing damages for personal-injury plaintiffs and given that Exhibit D-1 includes both those individuals who were injured on September 11, 2001 in close proximity to the attacks in addition to individuals who were injured in the aftermath of September 11, 2001 based on their exposure to the toxic areas surrounding Ground Zero.

14.     Exhibit D-2 sets forth those Plaintiffs included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL.  These Plaintiffs seek recognition by the Court as the functional equivalents of immediate family members of 9/11 Decedents and for damages awards to be granted based this functional equivalency.

15.     Exhibit E-1 sets forth claims brought by the personal representatives of *Burnett* 9/11 Decedent estates and also immediate family members of 9/11 Decedents not explicitly included on Exhibit A but who should be included in the language on the April 7, 2006 Exhibit A which provides for "ADDITIONAL PLAINTIFFS #1 THRU #5,000 (AP200 thru AP5,200)." The Plaintiffs on Exhibit E-1 have obtained prior judgments against the Iran Defendants in this MDL. The values of the prior judgments are set forth in Exhibit E-1 including damages for conscious pain and suffering, economic loss, and total damages amounts previously awarded for 9/11 Decedent Estate claims and solatium damages for immediate family members of 9/11 Decedents. To the extent that economic-loss damages have not yet been awarded, Plaintiffs seek the ability to submit motions for supplemental damages for economic loss at a later date. Others of these Plaintiffs are among those for whom prior judgments have not been entered against the Iran

Defendants in this MDL.  Plaintiffs have included damages solely for conscious pain and suffering in the amount of $2 million for each estate and seek the ability to submit motions for supplemental damages for economic loss at a later date.

16.     Exhibit E-2 sets forth claims brought by the personal representatives of *Burnett* 9/11 Decedent estates and also immediate family members of 9/11 Decedents not explicitly included on Exhibit A but who should be included in the language on the April 7, 2006 Exhibit A which provides for "ADDITIONAL PLAINTIFFS #1 THRU #5,000 (AP200 thru AP5,200)." The Plaintiffs on Exhibit E-2 have not obtained prior judgments against the Iran Defendants in this MDL. For claims by the personal representatives of *Burnett* 9/11 Decedent estates, Plaintiffs have included damages solely for conscious pain and suffering in the amount of $2 million for each estate. For claims by immediate family members of *Burnett* 9/11 Decedent estates, Plaintiffs have included values for solatium damages.  The solatium amounts set forth in Exhibit E-2 are the figures this Court has previously determined appropriate for solatium damages based on familial relationship (immediate family members and their functional equivalents) to the decedent. Those damages were assessed in the following amounts:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

17.     Exhibit E-3 sets forth those personal-injury claimants not expressly included on Exhibit A but who should be included in the language on the April 7, 2006 Exhibit A which

provides for "ADDITIONAL PLAINTIFFS #1 THRU #5,000 (AP200 thru AP5,200)." The Plaintiffs on Exhibit E-3 have not obtained prior judgments against the Iran Defendants in this MDL.  As stated in the memorandum of law accompanying this motion, Plaintiffs seek the Court's input on how to address damages for this group of Plaintiffs given the complexities involved in assessing damages for personal-injury plaintiffs and given that Exhibit E-3 includes both those individuals who were injured on September 11, 2001 in close proximity to the attacks in addition to individuals who were injured in the aftermath of September 11, 2001 based on their exposure to the toxic areas surrounding Ground Zero.

18.    Included with this motion is a proposed Order of Partial Final Judgment against The Taliban for the Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2 which also addresses the adoption of a process for assigning damages to the claims of personal-injury and functional-equivalent Plaintiffs whose claims require case-by-case determination.

January 20, 2022                          */S/  John M. Eubanks*_____
                                          John M. Eubanks, Esq.
                                          MOTLEY RICE LLC
                                          28 Bridgeside Blvd.
                                          Mount Pleasant, SC 29464
                                          Tel:    (843)216-9218
                                          Fax:    (843)216-9450
                                          Email: jeubanks@motleyrice.com