UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

## ORDER OF DEFAULT JUDGMENT AGAINST THE TALIBAN

Upon consideration of the evidence and arguments submitted by Plaintiffs in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD)(SN), whose collective claims arise from the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against *inter alia* The Taliban entered on April 7, 2006 in this Multi-District Litigation (ECF No. 1756), together with the entire record in this case, it is hereby;

**ORDERED** that the prior judgments entered against the Islamic Republic of Iran and certain of its agencies and instrumentalities be extended against The Taliban as jointly and severally liable for the compensatory damages amounts previously awarded to the Plaintiffs set forth on Exhibits B-1, B-2, and B-3 to this Order in the values included therein; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit C-1 to this Order be awarded judgment for damages for conscious pain and suffering in the amount of $2,000,000 for each estate as set forth on Exhibit C-1; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit C-2 to this Order be awarded solatium damages in the amounts previously awarded by this Court in similar actions arising out of the terrorist attacks on September 11, 2001: specifically that solatium damages of $12,500,000 per

spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, be awarded to the Plaintiffs set forth on Exhibit C-2 according to the values set forth therein; and it is

**ORDERED** that Plaintiffs set forth in Exhibits E-1, E-2, and E-3 are adjudged to have obtained default judgment as to liability against The Taliban through ECF No. 1756; and it is

**ORDERED** that the prior judgments entered against the Islamic Republic of Iran and certain of its agencies and instrumentalities be extended against The Taliban as jointly and severally liable for the compensatory damages amounts previously awarded to the Plaintiffs set forth on Exhibit E-1; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit E-2 to this Order who are asserting claims on behalf of the estates of individuals who were killed in the terrorist attacks on September 11, 2001, be awarded judgment for damages for conscious pain and suffering in the amount of $2,000,000 for each estate as set forth on Exhibit E-2; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit E-2 to this Order who are asserting solatium damages as immediate family members of individuals killed in the terrorist attacks on September 11, 2001 be awarded solatium damages in the amounts previously awarded by this Court in similar actions arising out of the terrorist attacks on September 11, 2001: specifically that solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, be awarded to the Plaintiffs set forth on Exhibit E-2 according to the values set forth therein; and it is

**ORDERED** that Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2 are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2 may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that, pursuant to 18 U.S.C. § 2333(a), the compensatory damages awarded to the Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, E-1, and E-2 shall be trebled to serve the purpose and statutory admonition of the Antiterrorism Act; and it is

**ORDERED** that the claims of the Plaintiffs set forth on Exhibits D-1 and E-3 whose claims arise from personal injuries not resulting in death as a result of the terrorist attacks on September 11, 2001 be referred to Magistrate Judge Netburn for a determination of whether referral to a Special Master would be appropriate to assess damages in these cases given the nature of the docket within this Court; and it is

**ORDERED** that the claims of the Plaintiffs set forth on Exhibit D-2 who assert claims as the functional equivalents of immediate family members of individuals who were killed in the terrorist attacks on September 11, 2001 who are entitled to solatium damages in this action be referred to Magistrate Judge Netburn for a determination of whether referral to a Special Master would be appropriate to assess damages in these cases given the nature of the docket within this Court; and it is

**ORDERED** that any Plaintiffs within this MDL who have not previously asserted claims against The Taliban be permitted to assert those claims within a process to be determined by Magistrate Judge Netburn on recommendations from the Plaintiffs.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 7618 in 03-MDL-1570 (GBD)(SN) and ECF No. 941 in 03-cv-9849 (GBD)(SN).

Dated: New York, New York                              **SO ORDERED:**
_____, 2022

_____
GEORGE B. DANIELS
United States District Judge