## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

January 26, 2022

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    The Plaintiffs' Executive Committees oppose defendants' letter-motion (ECF No. 7627) asking the Court to set a conference to address defendants' objection to the declaration of Plaintiffs' expert Jonathan Winer ("Winer") (ECF No. 7609), which Plaintiffs submitted in opposition to the defendants' *Daubert* Motion (ECF No. 7343). The PECs are prepared to address the issues at a conference, if needed; however, the PECs ask that the Court deny the defendants' request outright, obviating the need for a conference. Defendants' entire argument that Plaintiffs have skirted applicable page limits rests on their false premise that Winer's declaration contains legal argument; but it does not. Instead, the declaration properly contains only evidentiary details that refute matters defendants raised in their *Daubert* motion (principally to his qualifications), which is an entirely proper purpose for declarations.

    Courts addressing motions to strike experts' declarations offered in response to *Daubert* motions have said that the key consideration is whether the declaration is sufficiently "within the scope of the initial expert report … so that an opposing party is not sandbagged ... with new evidence." *Phoenix Light*, 2019 WL 5957221, at *2 (internal quotes and edits omitted). Although defendants have not raised that argument here, nothing in Winer's declaration—which addresses his qualification and defendants' ad hominem attacks on his character—can be viewed as sandbagging defendants with new evidence. Accordingly, Plaintiffs have neither skirted the Court's page limits nor submitted a declaration that includes improper matter, and defendants' request should be denied outright.[1]

---

[1] In their motion, defendants asked for alternative remedies, such as additional pages or additional time, never raised the requests during the parties' brief exchanges before defendants filed their motion. While Plaintiffs oppose defendants'

The Honorable Sarah Netburn
January 28, 2022
Page 2

---

### 1. Winer's declaration provides only factual, evidentiary details properly (and routinely) submitted under Local Rule 7.1 – not legal arguments.

Winer's declaration merely provides supplemental "factual information … necessary for the decision on the motion," Local Rule 7.1, and not, as defendants argue, legal arguments.[2] Winer's declaration provides evidentiary support on which Plaintiffs rely throughout their brief, specifically responding to factual inaccuracies contained in defendants' *Daubert* motion about Winer's qualifications. So, not only were Plaintiffs authorized to submit Winer's declaration, but because the declaration provides evidentiary support on which Plaintiffs rely in their brief (ECF No. 7606), Local Rule 7.1[3] *required* Plaintiffs to include the declaration with Plaintiffs' filing. Indeed, declarations that provide evidentiary details for a motion (as is the case with Winer's declaration) are routine; the docket in this MDL is full of instances where defendants (and plaintiffs) have submitted declarations that (if they were counted against the applicable page limits) would have exceeded the limits.[4] Defendants' suggestion that Plaintiffs could have just inserted Winer's statements into Plaintiffs' brief, ignores that the declaration is cited properly throughout Plaintiffs' brief as the evidentiary support for legal arguments in the brief.[5] Without the declaration, the factual details that Winer's declaration offers, and on which Plaintiffs rely, would not be available to the Plaintiffs.

Far from being legal arguments, of the 15 examples defendants cite (at 3-4) from Winer's declaration, ten (¶¶ 6, 7, 8, 9, 10, 12, 21, 76, 81, and 86) identify and provide the evidentiary details to counter the factual inaccuracies about Winer's qualifications identified in defendants' *Daubert* motion, and four (¶¶ 87, 88, 91, and 96) identify and provide the evidentiary details to counter the factual inaccuracies in connection with defendants' ad hominem attacks on Winer's character.

To support their argument, defendants misleadingly cherry-pick fragmentary language that introduces and provides navigation for the factual and evidentiary points, ignoring the related language throughout Winer's declaration that clearly establishes the evidentiary and factual focus of his

---

motion in its entirety and specifically oppose granting additional pages, the Plaintiffs' Executive Committee would agree to discuss a mutually applied short extension to the briefing schedule if the Court would be so inclined.

[2] The record belies defendants' multiple suggestions that Winer submitted the declaration as a lawyer. Though Winer notes the biographical fact that he is an attorney as part of his experience and qualifications, the record show Winer as not counsel representing any plaintiff. His sole role is as an expert for the areas indicated in his report, and nothing in his report constitutes a legal opinion.

[3] Local Rule 7.1 requires parties to include with a motion "[s]upporting affidavits and exhibits thereto containing any factual information … necessary for the decision on the motion."

[4] See, e.g., declarations cited in footnote 7, *infra*; see also ECF Nos 2286; 2288-2298; 3672-1; Exhibits F, J, K, L to ECF No. 3764; ECF Nos 3878-3879; Exhibits S, U, Y, and AD to ECF No. 3951; and Exhibits 1 and 2 to ECF No. 4065.

[5] As to the propriety of filing declarations in opposition to *Daubert* motions, see, e.g., *Alan L. Frank Law Associates, P.C., v. OOO RM INVEST*, No. 17-CV-1338 (NGG) (ARL), 2021 WL 1906468, at *3 (E.D.N.Y. May, 12, 2021)(finding that, on a motion to strike a declaration offered in opposition to a *Daubert* motion, "courts may consider evidentiary details that a declaration provides in support of opinions already expressed in the expert's report"); *Phoenix Light SF Limited v. Bank of New York Mellon*, No. 14-CV-10104 (VEC), 2019 WL 5957221, at *2 (S.D.N.Y. Nov. 13, 2019) (same); *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co.*, Ltd., 769 F. Supp. 2d 269 (S.D.N.Y. Jan. 14, 2011) (allowing expert affidavit that provides evidentiary details for an opinion expressed in the experts' report); *Lidle ex rel. Lidle v. Cirrus Design Corp.*, No. 08 Cv. 1253(BSJ)(HBP), 2010 WL 2674584, at n.6 (S.D.N.Y. July 6, 2010) (same); *accord Emig v. Electrolux Home Products Inc.*, No. 06 Civ. 4791, 2008 WL 4200988, at *3 & n. 3 (S.D.N.Y. Sept. 11, 2008) (allowing expert affidavit that "offers more information and elaboration on opinions previously expressed" in expert report).

The Honorable Sarah Netburn
January 28, 2022
Page 3

---

declaration in support Winer's qualifications or that refute the ad hominem attacks on his character. For example, defendants' first four examples (¶¶ 6, 7, 8, 9) are pulled from the opening of Winer's declaration where he identifies that defendants have made assertions that are "factually untrue" (¶ 6), broadly introduces groups of factually inaccurate attacks on his qualifications that he addresses in this declaration (¶ 7, 8), and explains that his declaration will address each of the indicated factual inaccuracies *(i.e.*, the mischaracterizations) (¶ 9). Excising the cited selections would delete structure from Winer's declaration.

The examples defendants cite from ¶¶ 10, 12 similarly introduce the issue that defendants' *Daubert* brief contains factual inaccuracies that understate Winer's experience, expertise, work, and status (¶ 10) and offer one of the factual inaccuracies from defendants' motion about which Winer's declaration provides evidentiary support to explain the fallacy of defendants' assertions (¶ 12). Specifically, as Winer explained in his declaration, defendants asserted that Winer held a "midlevel" position at the State Department and that the position was strictly policy focused. Defendants quote only the introductory language from ¶ 12, but the remainder of that paragraph and the two succeeding paragraphs (¶¶ 13, 14) provides evidentiary support for why defendants' assertions are untrue.[6]

Other examples defendants pulled from Winer's declaration (¶¶ 21, 76, 81, and 86) are excerpts that introduce specific factual inaccuracies Winer identified in defendants' *Daubert* motion, but defendants omitted the surrounding text that informs the cherry-picked selection. For example, ¶ 21 introduces the factual inaccuracy that suggests Winer's extensive experience in not applicable to al Qaeda and Saudi charities. Again, defendants cite only language that introduces the problem, but does not include the 11 paragraphs that follow, providing ample evidentiary support for the statement. The same is true for ¶ 76 introducing the factual inaccuracy that wrongly suggests Winer does not have the requisite expertise to testify about accounting standards, followed by paragraphs that provide evidentiary support demonstrating that defendants' assertions are not accurate. *See, e.g.*, ¶¶ 76-80. And finally, defendants cite only the introduction and closing (¶¶ 81, 86) to the section of the declaration (¶¶ 81-86) that offers the evidentiary support showing the fallacy in defendants brief suggesting that Winer lacks expertise to testify on OFAC-related issues but omit the other paragraphs.

The last four examples defendants cite from Winer's declaration (¶¶ 87, 88, 91, and 96) introduce and then refute factual inaccuracies about completely unwarranted ad hominem attacks on Winer's character. Defendants hurl vicious personal accusations at Winer that he is peddling "bigoted tropes" and "race-baiting," and then argue that he cannot offer the evidence that those accusations are factually wrong. Though it is generally true that experts "need not stand mute in response to an opposing party's efforts to exclude his testimony," *Alvarez v. Allergan USA, Inc.*, No. 8:20-cv-667-T-35TGW, 2021 WL 5195452 (M.D. Fla., Tampa Div., Aug. 23, 2021), quoting *SFR Services LLC v. Elec. Ins. Co.*, 8:19-CV-2013-CPT, 2021 WL 1193284, at *3-4 (M.D. Fla. Mar. 30, 2021), that rule surely must be even more true where the attacks personally impugn the experts' character. Here, rather than

---

[6] For example, in ¶ 12, the declaration provides evidentiary details that Winer held the most senior State Department position responsible for countering threats posed to the U.S. by international financial criminal activity; and that his work involved extensive activity to understand and address gaps in financial regulation in Middle Eastern countries, the lack of controls in the region, and their impact on illicit finance, including terrorist finance. In ¶¶ 13-14, he provides additional evidentiary details about his tenure in that senior State Department role, showing his high-level active involvement (not strictly policy focused) with other U.S. agencies, and delegations from other nations. (Though defendants do not cite it as an example, ¶ 11 offers similar evidentiary support regarding Winer's positions with the U.S. Senate from 1985 to 1994.)

The Honorable Sarah Netburn
January 28, 2022
Page 4

---

leaving defendants false accusations unaddressed, the section of Winer's declaration at ¶¶ 87-100 are the factual, evidentiary support that refute defendants' baseless ad hominem attacks on Winer's character.

Winer's factual declaration, which provides evidentiary details on which Plaintiffs rely, is proper under Local Rule 7.1 and under applicable case law recognizing the propriety of considering such factual declarations submitted in opposition to *Daubert* motions.

In *Phoenix Light*, cited by defendants (at 2), this Court held:

> As to expert declarations filed in response to a *Daubert* motion, several guiding principles have emerged. Courts must exclude such an expert declaration if it expounds a wholly new and complex approach designed to fill a significant and logical gap in the first report. But courts may consider evidentiary details that a declaration provides in support of opinions already expressed in the expert's report. Thus, declarations that merely amplify and provide more support for the opinions are proper, including declarations that address concerns raised in a *Daubert* motion about the reliability and application of an expert's methodology. The key issue is whether the expert declaration is sufficiently within the scope of the initial expert report, so that an opposing party is not sandbagged with new evidence.

2019 WL 5957221, at *2 (internal cites and quotation marks omitted); *see also Cedar Petrochemicals*, 769 F. Supp. 2d 269, 279-80 (S.D.N.Y. Jan. 14, 2011)(denying motion to strike expert declaration based on argument that it contains additional details about the expert's background, noting that that expert's curriculum vitae was attached to, and discussed in, the expert report); *Green v. Five Star Mfg., Inc.*, No. 2:14-CV-00449-SGC, 2016 WL 1243757, at *3 (N.D. Ala. Mar. 30, 2016) (denying motion to strike expert affidavit where the affidavit did not offer new opinions, but instead "provid[ed] greater detail regarding [the expert's] qualifications... and the methodology he claims to have applied in forming the opinions contained in his report.").

### 2. The excerpt from ¶ 4 is simply a standard introductory statement, orienting the Court and other readers.

Defendants make the point (at 2-3) that introductory ¶ 4 of Winer's declaration, alerting the Court to the relevant Court filing to which the declaration pertains, suggests that his declaration is not intended to "clarify his expert reports or his deposition testimony." The distinction is one without a difference. Not only is that statement a standard introduction to a declaration drafted into the opening to orient the Court (and other readers) to the Court document to which the declaration pertains,[7] but

---

[7] *See, e.g.*, ECF No. 2112 (Affid. of Abunaker Ali Bagabir in support of NCB's Motion to Dismiss, stating "I submit this declaration in support of NCB's Renewed Motion to Dismiss this lawsuit for lack of personal jurisdiction."); ECF No. 2113 (Affid. of Thomas M. Krohley in support of NCB's Motion to Dismiss, stating "I have been advised by NCB's counsel that this Affidavit will be submitted in support of NCB's Renewed Motion to Dismiss this lawsuit."); ECF No. 2114 (Decl. of Jorge Juco in support of NCB's renewed Motion to Dismiss, stating "I submit this declaration in support of NCB's Renewed Motion to Dismiss this lawsuit for lack of personal jurisdiction."); ECF No. 2285 (Decl. of Bakr Binladin in support of SBG's renewed motion to dismiss, stating "I submit this supplemental declaration in support of SBG's motion to dismiss all pending complaints and to provide further detail regarding certain events summarized briefly in my prior affidavit."); ECF No. 2287 (Affid. of Yeslam Binladin, stating "…I make this affidavit in support of the

the declaration does present evidentiary details relevant to the *Daubert* inquiry before the Court, notwithstanding the defendants' suggestion to the contrary.

### 3. Any additional inquiry into Winer's qualifications may lead to a hearing, at which Winer would be available to state what has already been said in his declaration.

Finally, while there is no reasonable basis to conclude Winer is unqualified, any additional inquiry would lead to a *Daubert* hearing, at which time the court would hear from Winer testimony of the nature that is already included in his declaration. In that sense, the declaration provided to the defendants now has afforded them the benefit of knowing his testimony now, rather than later.

### 4. Conclusion[8]

The Court should overrule defendants' objections and their request to strike any portion of Winer's declaration. Plaintiffs did nothing to skirt the Court's page limits on briefing; indeed, the declaration was proper (and necessary) under Local Rule 7.1 and caselaw. It contains no legal argument, nor any opinions or approaches not already within Winer's report and open to examination during his deposition that spanned 17 ½ hours. Rather, the declaration contains factual statements that provide additional details and clarify information about Winer's background, qualifications, and that respond to defendants' false accusations that impugn Winer's character, all of which are, properly, evidentiary support for the Plaintiffs' challenges to the defendants' *Daubert* motion. Accordingly, Plaintiffs have neither "sandbagged" defendants nor skirted the Court's page limits, and nothing from the declaration should be stricken.

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ Sean P. Carter | By: /s/ Robert T. Haefele |
| SEAN P. CARTER | ROBERT T. HAEFELE |

---

annexed Motion to Dismiss and to refute false allegations made against me by the … plaintiffs"); ECF No. 3285 (Decl. of Abdullah Yamani, as corporate representative for Dallah Avco in opposition to plaintiffs' motion to compel Dallah Avco, stating "I submit this declaration as corporate representative for Dallah Avco in opposition to plaintiffs' motion to compel, filed on February 8, 2016 …."); Exhibit A to ECF No. 3764 (Decl. of Abdullah bin Abdul Mohsen Al-Turki (Mar. 31, 2004), stating "… I am submitting this declaration in support of my Motion to Dismiss for (1) sovereign immunity, (2) lack of personal jurisdiction, and (3) improper service of process."); Exhibit B to ECF No. 3764 (Decl. of Abdullah bin Saleh Al-Obaid (Mar. 29, 2004), stating "I am submitting this declaration in support of my Motion to Dismiss for (1) sovereign immunity, (2) lack of personal jurisdiction, and (3) improper service of process"); Exhibit C to ECF No. 3764 (Decl. of Abdullah Naseef (Mar. 30, 2004), stating "… I am submitting this declaration in support of my Motion to Dismiss for lack of personal jurisdiction and improper service of process."); Exhibit D to ECF No. 3764 (Decl. of Soliman H. Al-Buthe (Dec. 9, 2009), stating "I submit this declaration in support of Al Haramain Islamic Foundation's (AHIF USA) response to the plaintiffs' motion to compel."); Exhibit E to ECF No. 3764 (Decl. of Soliman H. Al-Buthi (Feb. 15, 2009), stating "I submit this declaration in support of Al Haramain Islamic Foundation's (AHIF-Oregon) challenge to its designation as a specially designated global terrorist").

[8] Defendants' accusation that Plaintiffs have sought to skirt page limits is outrageously incongruous with their own use of their Exhibit D, appended to their *Daubert* motion to shoehorn in pages of additional arguments well beyond the defendants' page limits. *See* Defendants Exhibit D at ECF No. 7344-4. If any part of a party's *Daubert* briefing should be rejected and stricken, it should be the defendants' Exhibit D.

The Honorable Sarah Netburn
January 28, 2022
Page 6

_____

COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
For the Plaintiffs' Exec. Committees

MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
For the Plaintiffs' Exec. Committees

KREINDLER & KREINDLER LLP

By: /s/ Andrew J. Maloney
ANDREW J. MALONEY
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: amaloney@kreindler.com
For the Plaintiffs' Exec. Committees

cc:     The Honorable George B. Daniels, via ECF
        All Counsel of Record via ECF