UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, No. 15-cv-9903

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT**

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment, and say:

**BACKGROUND**

On March 6, 2020, this Court entered an Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibits A and B (Burnett/Iran XX) (ECF No. 6039 or the "Order"). In that Order, Plaintiffs, who were either a sibling of a victim or the estate of a victim killed in the terrorist attacks on September 11, 2001, were awarded damages against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and The Central Bank of the Islamic Republic of Iran. Plaintiffs were identified individually in Exhibits A and B to ECF No. 6039.

The Order was prepared by Plaintiffs' counsel who, at the time of the filing, believed it to contain complete and accurate descriptions of Plaintiffs included in Exhibits A and B to ECF No. 6039. Since ECF No. 6039 was entered, Plaintiffs' counsel has been preparing the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 6039 on Iran in addition to finalizing applications Plaintiffs included in the Order to be submitted to the United States Victims of State Sponsored Terrorism Fund. In the course of this review, Plaintiffs' counsel

discovered errors and omissions related to the descriptions and damages awarded to Plaintiffs in Exhibits A and B included in the proposed Order they had previously presented to the Court. Due to these errors and omissions, Plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 6039 and address Plaintiffs' counsel's clerical mistakes.

## ARGUMENT

**Rule 60(a) Permits the Court to Modify a Judgment Based Upon Clerical Errors and Omissions**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.,* 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed that the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Id.* at 322. In *Wheeling Downs Race*

*Track and Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the errors are mechanical in nature and do not require substantive judgment. The correction of ECF No. 6039 would reflect the actual intent of Plaintiffs in obtaining the default judgment against Iran. The clerical mistakes fall into distinct categories: (1) an instance where the relationship between Plaintiff and a 9/11 decedent was misstated; (2) instances where the descriptions of Plaintiffs identified in Exhibit B were incorrectly stated in the Order; and (3) instances where the damages awarded to Plaintiffs identified in Exhibit B were incorrectly stated in the Order.

### A. The Plaintiff on Exhibit A Whose Relationship to the 9/11 Decedent Was Incorrectly Stated as an Estate Relationship Instead of a Sibling Relationship in ECF No. 6039

The first category of clerical errors in ECF No. 6039 relates to one of the Plaintiffs whose relationship to the 9/11 decedent was incorrectly noted as an "estate" relationship instead of a "sibling" relationship. On line three of page one of the Order, plaintiff Jessica Ramsaroop Bors (identified on Exhibit A) was misidentified as the "estate" of 9/11 decedent Vishnoo Ramsaroop. Further, in the first paragraph on page two, the Order noted a judgment amount corresponding to compensatory damages for a decedent's pain and suffering of $2,000,000. Ms. Bors is the sibling of 9/11 decedent Vishnoo Ramsaroop, so the relationship needs to be changed as does the judgment amount noted on page two of the Order to correspond to a sibling's solatium judgment of $4,250,000 as identified in Exhibit A.

### B. The Order Incorrectly Identified the Three Plaintiffs Identified on Exhibit B and Which Expert Reports Supported the Award of Economic Damages to These Three Plaintiffs

The second category of clerical errors included in ECF No. 6039 relates to the three Plaintiffs identified on Exhibit B to the Order and the basis for the award of economic damages to each. In the second paragraph on page two, the three Plaintiffs and the expert reports supporting the award of economic damages for each are misidentified as "Plaintiffs identified in the expert reports attached as Exhibit B to the Eubanks Declaration, dated February 4, 2020 (and identified in Exhibit A) are awarded economic damages as set forth in Exhibit A and as supported by the expert reports and analyses submitted by Dr. Stan V. Smith as exhibit B to the Eubanks Declaration." Rather, these three Plaintiffs and the supporting expert reports should be identified as "the Plaintiffs identified in the expert reports attached as Exhibit C to the Declaration of John M. Eubanks, dated January 22, 2020 (and identified in Exhibit B), are awarded economic damages as set forth in Exhibit B and as supported by the expert reports and analyses submitted as Exhibit C of the Eubanks Declaration."

**C.     The Order Did Not Indicate That the Three Plaintiffs Identified in Exhibit B Should be Awarded Compensatory Damages for Decedents' Pain and Suffering as Set Forth in Exhibit B**

In the first paragraph on page two, the Order incorrectly identified the Plaintiff in Exhibit "A" instead of the deceased Plaintiffs in Exhibit "B" to receive the award of compensatory damages for decedents' pain and suffering in an amount of $2,000,000 per estate. To accurately reflect the compensatory damages as set forth in Exhibit B, the Order should state that the Plaintiffs identified in Exhibit B are awarded compensatory damages in an amount of $2,000,000 per estate.

**D.     The Order Did Not Indicate that the Plaintiffs identified in Exhibit B Should be Awarded Prejudgment Interest**

In paragraph three on page two, the Order did not indicate that both the Plaintiff identified in Exhibit A and the Plaintiffs identified in Exhibit B should be awarded prejudgment interest from

September 11, 2001 until the date of judgment. For consistency, the Order should state that the Plaintiffs identified in Exhibit B, like the Plaintiff identified in Exhibit A, are also awarded prejudgment interest as described above.

**E.   The Order Did Not Indicate that the Plaintiffs Identified in Exhibit B May Submit an Application for Punitive and Other Damages at a Later Date Consistent with Any Future Rulings Made By the Court**

In paragraph four on page two, the Order did not indicate that both the Plaintiff identified in Exhibit A and the Plaintiffs identified in Exhibit B may submit an application for punitive and other damages at a later date. For consistency, the Order should state that the Plaintiffs identified in Exhibit B, like the Plaintiff identified in Exhibit A, may also submit an application for punitive and other damages at a later date.

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature despite being predicated on oversights and omissions by Plaintiffs' counsel in preparing ECF No. 6039. The requested corrections do not raise issues with the substantive judgment contained in ECF No. 6039 and will not in any way change the Court's disposition. Instead, the correction of ECF No. 6039 will allow it to more accurately reflect the Court's and Plaintiffs' intent. Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified Plaintiffs to enforce and collect on the judgments this Court intended in their favor. For the foregoing reasons, Plaintiffs respectfully request that this Court enter the Corrected Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs identified and attached to Plaintiffs' motion as Exhibit 1 to conform with the necessary corrections requested herein.

Dated: January 31, 2022                                         Respectfully submitted,

/s/ John Eubanks
Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
John Eubanks, Esq.
MOTLEY RICE LLC
Mount Pleasant, SC 29464
Tel. (843) 216-9000
Fax (843) 216-9450
jflowers@motleyrice.com
rhaefele@motleyrice.com
jeubanks@motleyrice.com