```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X
```

                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
                                                              DOC #:
                                                              DATE FILED: 2/7/2022

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

The Defendants[1] move for a conference to request that the Court strike the declaration of Plaintiffs' expert Jonathan Winer (the "Winer Declaration") or, in the alternative, seek additional time and pages to respond in their reply brief. ECF No. 7627. The Plaintiffs' Executive Committees ("PECs") oppose the relief sought. ECF No. 7637. The Winer Declaration was filed at ECF No. 7609, as part of the PECs' opposition to the Defendants' *Daubert* motion to exclude Winer.

The Defendants argue that Winer's Declaration impermissibly contains arguments, and in particular, legal arguments. They seek to have it stricken or to have four additional days and 10 additional pages in their reply brief to respond. The declaration contains some improper material but striking the Declaration in full goes too far. Instead, the Defendants' reply brief may be up to 25 pages and both parties shall submit their replies by February 18, 2022.

"When discussing expert opinion, Judge Learned Hand once warned trial courts: 'Argument is argument whether in the [witness] box or at the bar, and its proper place is the last.'" In re Initial Pub. Offering Sec. Litig., 174 F. Supp. 2d 61, 69 (S.D.N.Y. 2001) (quoting

---

[1] "Defendants" are Dubai Islamic Bank, World Assembly of Muslim Youth and World Assembly of Muslim Youth, International, International Islamic Relief Organization, Muslim World League, Dr. Abdullah Omar Naseef, Dr. Abdullah bin Saleh Al Obaid, Dr. Abdullah Abdelmohsen Al Turki, Dr. Adnan Basha, and Yassin Kadi.

Nichols v. Universal Pictures Corp., 45 F.2d 119, 123 (2d Cir. 1930) (alteration in original). Courts have thus rejected attempts to slip additional expert or lawyer arguments into declarations or affirmations. See, e.g., Phoenix Light SF Ltd. v. Bank of New York Mellon, No. 14-CV-10104 (VEC), 2019 WL 5957221, at *4 n.4 (S.D.N.Y. Nov. 13, 2019) ("This paragraph simply cites to portions of [an expert's] deposition to rebut Defendant's argument. That is properly done by attorneys in their legal briefs, not by the expert in a separate declaration."); Quattlander v. Ray, No. 18-cv-3229 (CS), 2021 WL 5043004, at *2 n.4 (S.D.N.Y. Oct. 29, 2021) ("I will not allow counsel to bypass the page limits on memoranda of law . . . by submitting additional argument in the form of an affirmation.")

As well, an expert may give factual conclusions, United States v. Duncan, 42 F.3d 97, 103 (2d Cir. 1994), but "may not give testimony stating ultimate legal conclusions based on those facts." United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991).

Winer's Declaration offers both legal conclusions and other arguments. The ultimate question in a *Daubert* motion is if "scientific testimony or evidence admitted is not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). The Winer Declaration tries to answer this question and directly cites the Defendants' brief to refute contrary arguments:

- "[D]efendants are wrong where they indicate that my expertise is constrained to macro-level policy analysis in financial regulation of financial institutions to combat money laundering and terrorist financing [Defendant brief citation], and that my expertise does not extend to terrorist finance as applicable to al Qaeda or charities . . . ." ECF No. 7609 at ¶ 7;

- "Defendants are also wrong where they argue that I do not have the requisite expertise to testify about financial record-keeping [Defendant brief citation], charity controls [same], accounting standards [same], that I lack the expertise to qualify me to testify as to OFAC matters [same], and that I am a race-baiting bigot [same] . . . ." Id. at ¶ 8;

2

- "Defendants are wrong where they assert that my extensive experience concerning terrorist finance issues is not applicable to al Qaeda and Saudi charities." Id. at ¶ 21;

- "Defendants are wrong where they assert that I do not have the requisite expertise to testify about accounting standards." Id. at ¶ 76;

- "Defendants are wrong where they assert that I do not have the requisite expertise to testify on the OFAC designation process and other OFAC-related issues." Id. at ¶ 81;

These are legal conclusions that belongs in a memorandum of law, not a declaration.

Besides these, Winer's Declaration contains several statements that are pure argument. On the very first page, he states that his "declaration is necessitated by defense counsel's failure to question me in adequate depth about my relevant experience . . . ." Id. at ¶ 5. Accordingly, he is "writing this declaration to set the record straight," id. at ¶ 6, and "address the [Defendants'] claims in turn." Id. at ¶ 9. This is the start of an advocate's brief, not a statement of facts.

The Declaration then continues in this vein. In paragraph 10, for example, it insists that "throughout their arguments, defendants understate [Winer's] professional experience, expertise, work, and status." Id. at ¶ 9. Paragraphs 87 to 88 and 96 are similarly argumentative. Paragraph 87 begins by arguing that "the defendants grossly mischaracterize [Winer's] statements and views, alleging that [he is] peddling 'bigoted tropes' and 'race-baiting.'" From there, the Declaration discusses "the fallacy in the defendants' arguments," id. at ¶ 88, and decries "the defendants' willful misinterpretation" of a statement from Winer's expert report. Id. at ¶ 91. Paragraph 96, which includes an otherwise factual discussion of one of Winer's awards, concludes by arguing that he would "never have received this award if there were any factual basis for the defendants' false contention that I am prejudiced against any group." These arguments, again, belong in a brief.

But it goes too far to strike all 100 paragraphs of Winer's Declaration, which, in the main, are permissible statements of fact. "[C]ourts may consider evidentiary details that a

declaration provides in support of opinions already expressed in the expert's report." Phoenix Light SF Ltd., 2019 WL 5957221, at *2. Moreover, "declarations that 'merely amplify and provide more support for the [expert's] opinions' are proper." Id., at *2 (quoting In re Gen. Motors LLC Ignition Switch Litig., No. 14-md-2543, 2016 WL 4077117, at *5 n.6 (S.D.N.Y. Aug. 1, 2016)). While the Defendants have identified impermissible arguments in the Winer Declaration, they have identified no factual statements that fall outside of these boundaries.

Because most of the Declaration's content is proper, striking it would be excessive. Similarly, increasing the size of the Defendants' reply brief from 20 to 30 pages overstates the Winer Declaration's import. While it includes arguments, none is so novel or beyond what the Defendants would have had to address in their reply anyway as to merit increasing the size of their brief by a third. For the same reason, granting the Defendants an extra four days beyond the time given the PECs gives them an undue advantage.

Therefore, the Defendants may have an additional five pages in their Reply, bringing it to the same total length as the PECs' reply. See ECF No. 7160. As the PECs are amenable to a short extension so long as they may share it, these reply briefs will be submitted by February 18, 2022. Having addressed this issue, a conference is not necessary.

## CONCLUSION

The Defendants' motion is GRANTED in part. The reply briefs directed by the Court's order at ECF No. 7160 shall by submitted by February 18, 2022. The Defendants' reply brief may be up to 25 pages.

**SO ORDERED.**

Dated: February 7, 2022
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge