**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
| --- | --- |

This document relates to: *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1706 (GBD)(SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF MOTION FOR**
**PARTIAL FINAL JUDGMENTS FOR PLAINTIFFS IN EXHIBIT A AND EXHIBIT B**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1.      I am an attorney representing the Plaintiffs in the above-captioned litigation, and I submit this declaration in support of the motion for final judgment as to damages on behalf of the plaintiffs listed in annexed Exhibit A and annexed Exhibit B (the Plaintiffs identified in annexed Exhibit A and Exhibit B are collectively referred to herein as the "Moving Plaintiffs") in the above-referenced action.[1]  Such motion seeks the following requested relief:

(1)      determining that service of process by the Plaintiffs was properly effected upon the Taliban; AND,

(2)      awarding the Plaintiffs identified in annexed Exhibit A and Exhibit B damages judgments against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against the Islamic Republic of Iran (except subject to trebling damages as indicated below); AND,

---

[1] Exhibit B contains only one (1) estate but if a related Motion to Add Parties is granted, Plaintiffs reserve the right to amend Exhibit A and Exhibit B to include additional plaintiffs.

(3)    awarding solatium damages to those Plaintiffs identified in annexed Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in annexed Exhibit A; AND,

(4)    awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Plaintiffs set forth in annexed Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in annexed Exhibit B; AND,

(5)    awarding compensatory damages to those Plaintiffs identified in annexed Exhibit B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in annexed Exhibit B; AND,

(6)    awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in annexed Exhibit B, an award of economic damages in the amounts as set forth in annexed Exhibit B; AND,

(7)    awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a) in the amounts set forth in the annexed Exhibit A and Exhibit B; AND,

(8)      awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96

percent per annum, compounded annually for the period from September 11, 2001

until the date of the judgment for damages; AND,

(9)      granting the Moving Plaintiffs permission to seek punitive damages,

economic damages, and other appropriate damages at a later date; AND,

(10)     granting permission for all other Plaintiffs or Proposed Additional

Plaintiffs in these actions not appearing in annexed Exhibit A and B to submit

applications for damages awards in later stages, to the extent such awards have

not previously been addressed.

2.      The form of this motion and the relief requested herein are intended to

comply with the following orders of this Court:

a.      The Court's January 24, 2017 Order, ECF No. 3435,[2] requiring that "[a]ll
further motions for final judgment against any defaulting defendant shall be
accompanied by a sworn declaration attesting that the attorney has (1) complied
with the due diligence safeguards [referenced in Section II.D. of the January 23,
2017 letter from the Plaintiffs' Executive Committee, ECF No. 3433] and (2)
personally verified that no relief has previously been awarded to any plaintiff
included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.      Magistrate Judge Maas' July 30, 2012 Report & Recommendation, ECF
No. 2618, and this Court's October 3, 2012 Order, ECF No. 2623, adopting the
Report & Recommendation in its entirety concerning the award of damages;

c.      The Court's October 14, 2016 Order, ECF No. 3363, concerning the
amounts of solatium damage awards.

d.      The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al
Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic
Army*, 02-CV-6977 (GBD)(SN).

e.      The Court's August 23, 2021 Order, ECF No. 7067, setting forth
procedures for filing confidential information relating to damages under seal.

---

[2] All ECF numbers are to the MDL docket unless stated otherwise.

3.      The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C.

<u>Due Diligence</u>:

4.      The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past seventeen years, my firm's representation of the Moving Plaintiffs in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiffs, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the Moving Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5.      The Plaintiffs identified in annexed Exhibit A are each immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically set forth in annexed Exhibit A,[3] which includes individuals who were not named in the complaints, but are otherwise members of the 9/11 decedent's family, and are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn declarations, official documents or other documents signed under penalty of perjury, which attest to a familial

---

[3] Exhibit A also includes the estates of solatium plaintiffs who are now deceased.

relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

6.     The Plaintiffs identified in annexed Exhibit B are the personal representatives of the estates of decedents who died on 9/11, seeking compensation for pain and suffering and/or economic damages.

7.     With respect to each estate plaintiff (in both annexed Exhibit A and Exhibit B), the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative and/or 9/11 decedent estate.

8.     All of the decedents listed in annexed Exhibit A and Exhibit B died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in annexed Exhibit A and Exhibit B.  These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

9.     To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in annexed Exhibit A and Exhibit B and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10.    After reviewing the records available to me regarding other judgments entered by this Court against the Taliban, I have not identified any relief that has

docs-100469636.1

previously been awarded to any particular plaintiff identified in annexed Exhibit A and Exhibit B.

11.     Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against the Taliban, no economic relief has previously been awarded against the Taliban to any plaintiff included in the proposed judgment.

12.     We have verified via written documentation and/or interviews that the estates of the Plaintiffs listed in annexed Exhibit B perished in the September 11th terrorist attacks and have not recovered by way of an award of this Court as to the Taliban.

13.     We have verified via written documentation and/or interviews that the Moving Plaintiffs have not recovered for such losses by way of an award of this Court as to the Taliban.

14.     We have further confirmed that none of the Moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks as to the Taliban.

15.     Among other things, Section II.D provides, "In instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has

6

been contacted and affirmed that he or she authorized the personal representative to seek

the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant

in favor of whom the judgment is being sought has not retained other counsel or been

named in any other action or, if he or she has, that counsel has communicated with the

claimant's counsel and received authorization to seek the judgment via the estate's

representative."  ECF No. 3435.

16.     I hereby confirm that the Plaintiffs listed in annexed Exhibit C, which is

attached hereto, are incorporated herein, are such claimants, and that: (1) the personal

representatives of the estates set forth in annexed Exhibit C have requested that a

judgment be sought in such claimant-plaintiffs favor; (2) the plaintiffs set forth in

annexed Exhibit C have affirmed that he or she authorized the personal representative to

seek this judgment; and (3) the plaintiffs set forth in annexed Exhibit C have not retained

other counsel or been named in any other action and/or that I, or a representative of

Anderson Kill P.C., communicated with claimant's counsel and received authorization to

seek the judgment via the estate's representative.[4]

Service of Process:

17.     Service of process on the Taliban was executed pursuant to publication

orders, previously filed as of record, under ECF Nos. 445 and 488. *See* ECF No. 3043.

---

[4] The Estate of John F. O'Neill, the late father of 9/11 victim John P. O'Neill, Sr., was added by
Notice of Amendment to this case against Iran (ECF No. 5225) and has the consent of the
personal representative of John P. O'Neill, Sr. to pursue claims and obtain a damages judgment
against the Taliban. Indeed, the operative O'Neill Complaint against the Taliban was filed on
behalf of all John P. O'Neill, Sr.'s "heirs-at-law" which would include John F. O'Neill. In an
abundance of caution however, the Estate of John F. O'Neill is also included as a proposed
additional plaintiff in a related motion to add parties against the Taliban being filed in this case.

Solatium:

18.      We have been retained individually by the plaintiffs listed in annexed

Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their

loved ones on September 11, 2001.  Each claimant listed in annexed Exhibit A is the

immediate relative of a 9/11 decedent or is acting on behalf of the estate of an immediate

relative of a 9/11 decedent, all of whom have previously been awarded a final default

judgment only on liability against the Taliban in relation to the September 11th terrorist

attacks. We have verified that none of the plaintiffs listed in annexed Exhibit A have

recovered for their solatium damages previously against the Taliban, nor do they have

any other pending motion before this Court for compensation arising out of the

September 11th terrorist attacks against the Taliban.

19.      The solatium amounts set forth in annexed Exhibit A are the figures this

Court has previously determined appropriate for solatium damages based on familial

relationship to the decedent.  *See*, e.g., ECF Nos. 2618, 2623, 2624, 3175 at 2, 3300 at 1,

3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Estates' Pain and Suffering and Economic Damages:

20.      Exhibit B sets forth claims by personal representatives of the estates of the

9/11 decedents identified therein, and on behalf of all survivors and all legally entitled

beneficiaries and family members of such estates, for compensatory damages for pain

and suffering in the same per estate amount previously awarded by this Court regarding

other estates of decedents killed in the September 11th attacks, specifically Two Million

Dollars ($2,000,000.00) per 9/11 decedent.

21.      Exhibit B also sets forth claims for economic damages by certain personal

representatives of the estates of 9/11 decedents and on behalf of all survivors and all

8

legally entitled beneficiaries and family member of such 9/11 decedents.  These eligible
estates are specifically identified in annexed Exhibit B and seeks an award of economic
damages in the amounts as set forth in annexed Exhibit B.

22.     For those Estates seeking economic damages, such amounts sought are
based upon expert reports and in some cases based upon additional expert reports,
September 11th Victim Compensation Fund ("VCF") files, and other documentary
evidence.

23.     Given the length of time between 9/11 and the time I was retained, as part
of the retention process, I asked the personal representative to provide me with an
authorization to obtain the relevant files from the VCF pursuant to the Freedom of
Information Act ("FOIA").  After we received the authorization, I made a formal FOIA
demand for a copy of that file.  Due to backlogs at the Department of Justice, which
administered the VCF, both routine and as a result of the COVID pandemic, there are
substantial delays in obtaining them.  At this time, I still have not received many of the
plaintiffs' VCF files.  In a few instances, I was able to receive the necessary
documentation directly from the clients.  The files include expert reports dating back to
the time that the application was filed, supporting materials in support of the expert
report, reviews and computations of same made by the VCF, award determinations,
applications, and/or other relevant documentation.

24.     Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in
Actuarial Science from Columbia University, to review and update the computations
contained within the VCF files which I arranged to have transmitted in full to him for his
review, analysis, and opinion.

9

25.     John F. Beauzile's declaration is attached hereto and incorporated herein as annexed Exhibit D ("Beauzile Declaration").   As set forth in the Beauzile Declaration, he prepared an updated report for those plaintiffs who are seeking an award of economic damages at this time, identified in annexed Exhibit B.[5]

26.     Those expert reports (which shall be deemed attached to Exhibit D hereof, as discussed in the following paragraph) and the Beauzile Declaration include the detailed analyses of the expert in reaching these conclusions, along with a description of the methodology, assumptions, and his curriculum vitae.[6]

27.     The above-referenced reports for annexed Exhibit B contain all of these economic-loss reports on digital media with a copy being provided to the Clerk's Office. Due to the sensitive financial information contained in these documents in addition to their size and volume, Plaintiffs submit that they should remain off the public docket and under seal as has been the custom in other instances where this type of information has been submitted to the Court.  Magistrate Judge Netburn has approved filing these materials under seal.  *See* August 23, 2021 Order, ECF No. 7067.

28.     The economic loss figures set forth in the tables attached as Exhibit B represent the present value (based on the calculations attached in underlying expert reports) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

---

[5] This declaration was previously prepared for all the *O'Neill* Iran judgment filings. *See, e.g.*, ECF No. 5563.

[6] I can have members of my team electronically extract the relevant economic data from each of these VCF files (in unredacted form) so that it (or the entire VCF file as utilized by the expert, if desired) will be available for the Court's inspection and review upon request.  Such materials are also relevant to the pain and suffering claim discussed in Paragraph 20, hereof.

Conclusion:

    29.    Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgments as set forth in the Notice of Motion, including annexed Exhibit A and Exhibit B.

Dated:   New York, New York
           February 11, 2022

 

_____
         Jerry S. Goldman, Esq.

11