# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ) | 03 MDL 1570 (GBD)(SN) |
| ) | |
| In Re Terrorist Attacks on September 11, 2001   ) | |
| ) | |
| ) | |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1706 (GBD)(SN)

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO ADD PARTIES AGAINST THE TALIBAN

Jerry S. Goldman, Esq.
Hon. Ethan Greenberg (ret.)
Bruce Strong, Esq.
Alexander Greene, Esq.
Anderson Kill, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

I.   THE COURT SHOULD PERMIT AMENDMENT TO INCLUDE
     ADDITIONAL PLAINTIFFS UNDER RULES 15 AND 21, AS PREVIOUSLY
     PERMITTED IN CASE MANAGEMENT ORDER #2. ................................................... 4

     (A)   Additional Plaintiffs Satisfy Rule 15(a). ........................................................... 5

     (B)   Additional Plaintiffs Satisfy Rule 15(d). ........................................................... 8

     (C)   Additional Plaintiffs Satisfy Rule 21 ............................................................... 10

     (D)   While Additional Plaintiffs Need Not Satisfy the More Exacting Rule 16(b)
           "Good Cause" Standard to Be Added as Parties Against the Taliban, They
           Nevertheless Satisfy this Standard as Well. ....................................................... 10

II.  THE COURT SHOULD GRANT INTERVENTION UNDER RULE 24 IN THE
     ALTERNTIVE TO AMENDMENT. ............................................................................... 13

     (A)   Additional Plaintiffs' Motion Is Timely. ........................................................... 14

     (B)   Additional Plaintiffs Can Intervene as of Right Because They Satisfy All
           Applicable Elements. ......................................................................................... 17

     (C)   Additional Plaintiffs also Easily Satisfy the Modest Standard for Intervention by
           Permission. ......................................................................................................... 20

III. CONCLUSION ................................................................................................................. 20

docs-100423320.6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*,
467 F.3d 238 (2d Cir. 2006)..........................................................................14

*Amaya v. Garden City Irrigation, Inc.*,
No. 03 CV 2814, 2008 WL 2940529 (E.D.N.Y. July 28, 2008) ..........................................6, 18

*Andujar v. Rogowski*,
113 F.R.D. 151 (S.D.N.Y. 1986) ..........................................................6, 18

*Arab Afr. Int'l Bank v. Epstein*,
10 F. 3d 168 (3d Cir. 1993)..........................................................................5

*In re Arred Elec'l Contracting Corp.*,
106 B.R. 353 (Bankr. S.D.N.Y. Sept. 22, 1989).....................................................9

*Ass'n of Pro. Flight Attendants v. Gibbs*,
804 F.2d 318 (5th Cir. 1986) ..........................................................................17

*In re Bank of New York Derivative Litig.*,
320 F.3d 291 (2d Cir. 2003)..........................................................................14

*Bartels v. Inc. Vill. of Lloyd Harbor*,
No. 10-CV-5076 ADS GRB, 2012 WL 2576142 (E.D.N.Y. July 2, 2012)..........................................4

*BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank,
Nat'l Ass'n*, No. 14CIV10067, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017)......................................10

*Block v. First Blood Assocs.*,
988 F. 2d 344 (2d Cir. 1993)..........................................................................7

*Buari v. City of New York*,
530 F. Supp. 3d 356 (S.D.N.Y. 2021)..........................................................................6

*Butler Fitzgerald & Potter v. Sequa Corp.*,
250 F.3d 171 (2d Cir. 2001)..........................................................................19

*CBS Inc. v. Snyder*,
136 F.R.D. 364 (S.D.N.Y. 1991) ..........................................................................19

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
282 F.3d 83 (2d Cir. 2002)..........................................................................6

*duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*,
73 F.R.D. 313 (S.D.N.Y. 1976) ..........................................................................8

**TABLE OF AUTHORITIES**
*(continued)*

**Page(s)**

*Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*,
    346 F.2d 552 (5th Cir. 2003) ...............................................................16

*Fair Hous. Dev. Fund Corp. v. Burke*,
    55 F.R.D. 414 (E.D.N.Y. 1972) .......................................................5, 10

*Floyd v. City of New York*,
    770 F.3d 1051 (2d Cir. 2014) ...........................................................3, 15

*Forbes & Wallace, Inc. v. Chase Manhattan Bank*,
    79 F.R.D. 563 (S.D.N.Y. 1978) ..............................................................9

*Foster v. Gueory*,
    655 F.2d 1319 (D.C. Cir. 1981) ......................................................15, 19

*Gonzalez v. Hasty*,
    651 F.3d 318 (2d Cir. 2011) ....................................................................7

*Hill v. W. Elec. Co.*,
    672 F.2d 381 (4th Cir. 1982) .................................................................15

*In re Holocaust Victim Assets Litig.*,
    225 F.3d 191 (2d Cir. 2000) ..................................................................20

*Jackson v. Odenat*,
    No. 09 Civ. 5583, 2012 WL 505551 (S.D.N.Y. Feb. 14, 2012) ............9

*Jones v. Koons Auto., Inc.*,
    752 F.Supp.2d 670 (D. Md. 2010) ........................................................18

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
    No. 11-cv-01781-JCS, 2015 WL 1926312 (N.D. Cal. Apr. 27, 2015) ...................16

*Kassner v. 2nd Ave. Delicatessen Inc.*,
    496 F.3d 229 (2d Cir.2007) ...................................................................12

*Ke v. 85 Fourth Ave. Inc.*,
    No. 07 CIV. 6897, 2009 WL 185949 (S.D.N.Y. Jan. 22, 2009) .............5

*Kotler v. Bosco*,
    No. 917CV0394GTSML, 2019 WL 12291097 (N.D.N.Y. Nov. 4, 2019) ...................8, 9, 10

*In Re Lease Oil Antitrust Litig.*,
    570 F. 3d 244 (5th Cir. 2009) ................................................................13

iii

**TABLE OF AUTHORITIES**
*(continued)*

**Page(s)**

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*,
 471 F.3d 377 (2d Cir. 2006)................................................................................17, 18

*McClean v. Scully*,
 No. 90 Civ. 2590, 1991 WL 274327 (S.D.N.Y. Dec. 9, 1991)..................................9

*McGee v. Doe*,
 568 Fed. Appx. 32 (2d Cir. 2014)............................................................................7

*Milanese v. Rusto-Leum Group*,
 244 F.3d 104 (2d Cir. 2001)......................................................................................6

*Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*,
 72 F.3d 361 (3d Cir. 1995).......................................................................................15

*N. Carolina State Conf. of NAACP v. Berger*,
 970 F.3d 489 (4th Cir. 2020) ...................................................................................13

*In re NAHC, Inc. Sec. Lit.*,
 306 F. 3d 1314 (3d Cir. 2002)....................................................................................6

*New York State Nat'l Org. for Women v. Cuomo*,
 182 F.R.D. 30 (S.D.N.Y. 1998) .................................................................................9

*Nuesse v. Camp*,
 385 F.2d 699 (D.C. Cir. 1967).............................................................................13, 18

*Parker v. Columbia Pictures Indus.*,
 204 F.3d 326 (2d Cir. 2000).....................................................................................10

*Pasternack v. Shrader*,
 863 F.3d 162 (2d Cir. 2017).......................................................................................7

*Salomon v. Adderley Indus., Inc.*,
 960 F. Supp. 2d 502 (S.D.N.Y. 2013).......................................................................12

*Scardelletti v. Debarr*,
 265 F.3d 195 (4th Cir. 2001), *rev'd on other grounds sub nom. Devlin v.
 Scardelletti*, 536 U.S. 1 (2002) ...............................................................................14

*Smith v. Los Angeles Unified Sch. Dist.*,
 830 F.3d 843 (9th Cir. 2016) ...............................................................................15, 16

**TABLE OF AUTHORITIES**
*(continued)*

**Page(s)**

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972)................................................................................................19

*Tweedle v. State Farm Fire & Cas. Co.*,
  527 F.3d 664 (8th Cir. 2008) ..................................................................................15

*United States v. City of Los Angeles, Cal.*,
  288 F.3d 391 (9th Cir. 2002) ..................................................................................13

*United States v. Hooker Chemical & Plastics Corp.*,
  749 F.2d 968 (2d Cir. 1984)....................................................................................18

*United States v. Int'l Bus. Machines Corp.*,
  62 F.R.D. 530 (S.D.N.Y. 1974) ..............................................................................14

*United States v. Union Elec. Co.*,
  64 F.3d 1152 (8th Cir. 1995) ..................................................................................16

*United States v. Yale Univ.*,
  337 F.R.D 35 (D. Ct. 2021) ....................................................................................18

*Voilas v. Gen. Motors Corp.*,
  173 F.R.D. 389 (D.N.J. 1997)...................................................................................5

*Washington Elec. Corp. v. Mass Wholesale Elec.*,
  922 F.2d 92 (2d Cir. 1990).......................................................................................13

*Watson v. Wright*,
  No. 08 Civ. 960 (A)(M), 2011 WL 1118608 (W.D.N.Y. Jan. 11, 2011) ..........10, 11

*Winbush v. Iowa By Glenwood State Hosp.*,
  66 F.3d 1471 (8th Cir. 1995) ..................................................................................15

*Wit v. United Behav. Health*,
  No. 14-cv-02346-JCS, 2016 WL 491468 (N.D. Cal. Feb. 9, 2016) ........................16

*XL Speciality Ins. Co. v. Lakein*,
  632 Fed. Appx. 667 (2d Cir. 2015)....................................................................13, 14

**Other Authorities**

Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.)...........................11

Supplemental Pleadings—Adding New Parties, 6A Fed. Prac. & Proc. Civ. §
  1507 (3d ed.)...........................................................................................................5

v

# TABLE OF AUTHORITIES
### *(continued)*

**Page(s)**

Case Management Order #2 ................................................................................ *passim*

CPLR 203(f) ........................................................................................................ 7

Fed. R. Civ. P. 8 ................................................................................................. 7

Fed. R. Civ. P. 15 ........................................................................................ *passim*

Fed. R. Civ. P. 16 .............................................................................. 10, 11, 13

Fed. R. Civ. P. 21 ........................................................................................ *passim*

Fed. R. Civ. P. 24 ........................................................................................ *passim*

6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) ...................................................... 5

7 Fed. Prac. & Proc. Civ. § 1688 (3d ed.) ...................................................... 8

7C Fed. Prac. & Proc. Civ. § 1908.2 (3d ed.) .............................................. 18

7C Fed. Prac. & Proc. Civ. § 1909 (3d ed.) .................................................. 19

7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) .................................................... 3

20 Moore's Federal Practice, §24.03(1)(A) .................................................. 13

6A Wright & Miller, Federal Practice & Procedure § 1504 (3d ed. Supp.2011) ...................... 4, 9

## PRELIMINARY STATEMENT

On August 20, 2003, the Estate of John P. O'Neill, Sr. and various members of his family (collectively, the "O'Neill Plaintiffs") commenced this action against the Taliban and others. Mr. O'Neill, a retired Special-Agent-in-Charge of the National Security Division in the New York Field Office and then Chief of Security for the World Trade Center, was killed on September 11, 2001 while helping evacuate the Center after it was deliberately attacked by terrorists. The O'Neill Plaintiffs allege that the Taliban and others provided material support to the terrorists who carried out the coordinated attacks of September 11, 2001 that killed thousands of people in Arlington, Virginia; in Shanksville, Pennsylvania; and in New York City, including John P. O'Neill, Sr.

The O'Neill Plaintiffs served an amended complaint on the Taliban in accordance with this Court's prior Orders. *See* Affidavit in Support of Entry of Default Judgment Solely as to Liability Against the Publication Defendants, filed September 21, 2015, ¶¶ 5-10, Exs. 1-4, ECF No. 3043. The Taliban failed to appear and the O'Neill Plaintiffs obtained a default judgment as to liability against the Taliban. ECF Nos. 3067, 3163, 3043-1. At that time, the Taliban had no collectible assets. But this may change shortly. Accordingly, undersigned counsel seeks damages judgments for the O'Neill Plaintiffs in a separate motion and seeks to add plaintiffs to the above-referenced default case through this Motion. The Court should allow additional plaintiffs to pursue claims and obtain similar judgments against the Taliban for facilitating the September 11, 2001 Attacks.

All approximately 2,900 additional plaintiffs are identified individually in the accompanying Appendix 1 ("Additional Plaintiffs").[1] They are victims of the September 11th

---

[1] Additional Plaintiffs do not seek to be added as parties against the Islamic Republic of Iran ("Iran") as Additional Plaintiffs already have 23 cases pending, and in most cases, judgments, against Iran.

Attacks who have not previously sued the Taliban. Additional Plaintiffs are all spouses, children, parents, siblings, or their estate representatives, or estate representatives of those killed in the September 11th Attacks. The complaint would remain the same in all respects but for the identity of the Additional Plaintiffs against the Taliban.

Additional Plaintiffs and the O'Neill Plaintiffs (collectively, "Plaintiffs") move pursuant to Fed. R. Civ. P. Rules 15 and 21 and in accordance with Case Management Order #2, ¶ 12, for leave to include Additional Plaintiffs as parties. In the alternative, Additional Plaintiffs move pursuant to Fed. R. Civ. P. Rule 24 to intervene.

To ensure both fairness and judicial economy, Plaintiffs further request that the Court grant the Motion on the condition that all parties be bound by all prior rulings made in this case, including the Court's prior order on service by publication, ECF Nos. 445, 488, and also request that the Court allow Case Management Order #2, ECF No. 247, ¶ 12 to apply to Additional Plaintiffs.

In prior motion practice before this Court, there was some confusion about whether Rule 15(a) or Rule 15(d) applied when updating a complaint. And because this Motion seeks only to add parties, there is additional tension between Rule 15 and Rule 21. To be clear, Plaintiffs desire to add parties without otherwise affecting any prior service, order, or judgment entered in the case, and the Court has previously endorsed such an approach on multiple occasions in Case Management Order #2 and in the short form orders applicable to Iran, the Kingdom of Saudi Arabia, and Sudan. *See* ECF No. 247, ¶ 12 (authorizing adding parties as supplemental pleadings

---

Additional Plaintiffs also do not seek to be added as plaintiffs against other defendants in the case at this time. Additional Plaintiffs include the Estate of John F. O'Neill, the late father of John P. O'Neill, Sr. The Estate of John F. O'Neill was already added to this case as to Iran (and against other parties in other cases in this MDL) through procedures previously authorized by the Court. *See*, e.g., ECF No. 5225. Accordingly, the O'Neill Plaintiffs seek judgment for this estate against the Taliban by separate motion, but in an abundance of caution also list the Estate of John F. O'Neill as an Additional Plaintiff here.

docs-100423320.6

without leave of the court and without requiring additional service on defendants); ¶ 13 (authorizing plaintiffs to file more definite statements or additional allegations against defendants in lieu of filing an additional amended complaint) and ¶ 14 (authorizing Federal Insurance to file a RICO statement incorporated by reference into earlier complaint); ECF No. 5234 at 7, 26, 31 (authorizing short forms for addition of new claims against Saudi Arabia and Iran, and specifically providing that "[t]he amendment effected through this Notice to Conform supplements by incorporation into, but does not displace, Plaintiffs' underlying Complaint" . . . "[t]he amendment effected through this Notice of Amendment supplements by incorporation into, but does not displace, the underlying Complaint"); *see also* ECF No. 6547 (Sudan). The Court has the authority to impose such a condition, *see* 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.), and such a condition will prevent relitigation of legal issues long since decided by this Court.

The procedural devices of adding parties either through Rule 15 and 21 or by intervention through Rule 24, should be granted "when justice so requires," "on just terms," and are designed to balance the "efficient[] administrat[ion] [of] legal disputes by resolving all related [matters] in one lawsuit" with the need to ensure that the lawsuit does not become "unnecessarily complex, unwieldy or prolonged." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)). Here, the most practical and equitable means for Additional Plaintiffs to pursue their claims is for this Court to grant their Motion to be added to an existing case with the condition that all parties will be bound by all prior rulings in this case, as the Court previously recognized in issuing Case Management Order #2.

3

Adding parties now will not unduly delay or prejudice the Taliban's rights as it has already defaulted. The Taliban already has had judgments entered against it. The Taliban already knows that its heinous acts affected tens of thousands of people still waiting for justice. If the Taliban eventually appears, it is difficult to identify any prejudice the terrorist group would suffer since it defaulted, and Additional Plaintiffs have not delayed. Rather it is the Taliban that has delayed by ignoring this case for decades.

If this Court denies the Motion, then Additional Plaintiffs would be left with only two alternatives. They could simply surrender their claims against the Taliban for the wrongful death of their loved ones. Or they could start over and bring approximately 2,900 new claims against the Taliban in the form of new complaints.

The former course of action would result in an obvious and terrible injustice. The latter would be a massive waste of time, effort, and legal resources and would subject Additional Plaintiffs to potential additional defenses not otherwise available to the Taliban. This mass tort case calls out for collective adjudication so that Additional Plaintiffs can economically litigate their claims.

**I.      THE COURT SHOULD PERMIT AMENDMENT TO INCLUDE ADDITIONAL PLAINTIFFS UNDER RULES 15 AND 21, AS PREVIOUSLY PERMITTED IN CASE MANAGEMENT ORDER #2.**

Additional Plaintiffs move under Rule 15(a) or (d) to amend or supplement the *O'Neill* Complaint to be included as additional parties. *See Bartels v. Inc. Vill. of Lloyd Harbor*, No. 10-CV-5076 ADS GRB, 2012 WL 2576142, at *5 (E.D.N.Y. July 2, 2012); *see also* 6A Wright & Miller, Federal Practice & Procedure § 1504 (3d ed. Supp.2011) ("Litigants also have been allowed to supplement their original pleadings to include new parties when events make it necessary to do so."); Case Management Order #2, ECF No. 247, ¶ 12; § 1474 Types of Amendments Permitted Under Rule 15(a), 6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) (collecting

4

cases). Rule 15(a)(2) provides in relevant part: "[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Rule 15(d) in turn provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading" which includes adding additional plaintiffs, under applicable case law. § 1507 Supplemental Pleadings—Adding New Parties, 6A Fed. Prac. & Proc. Civ. § 1507 (3d ed.); Case Management Order #2, ECF No. 247, ¶ 12; *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 422 (E.D.N.Y. 1972). Rule 21 adds that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "The general standard" to add parties under Rule 21 "is the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Burke*, 55 F.R.D. at 419; *Ke v. 85 Fourth Ave. Inc*., No. 07 CIV. 6897, 2009 WL 185949, at *3 (S.D.N.Y. Jan. 22, 2009) (granting motion to add parties). Indeed, this Court previously encouraged plaintiffs to use Rule 15(d) to add parties without the need to re-serve defendants. *See* ECF No. 247, ¶ 12. And as discussed below, Additional Plaintiffs satisfy the applicable legal standard under 15(a), 15(d), and 21. Additional Plaintiffs accordingly request the Court utilize the rule it deems most appropriate, including reinstating a limited version of Case Management Order #2 (paragraph 12) to facilitate adding parties against the Taliban without affecting any prior service, orders, or judgments entered in the case.

 (A) Additional Plaintiffs Satisfy Rule 15(a).

 "A party may make a Rule 15(a) amendment to add…parties to the action." 6 Fed. Prac. & Proc. Civ. § 1474 and n.22 (3d ed.) (collecting authorities). Leave to amend is a matter committed to the sound discretion of the District Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F. 3d 168, 174 (3d Cir. 1993). However, the District Court must exercise such discretion consistent with Rule 15(a)'s mandate that "amendments are to be granted freely in the interests of justice." *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 395-96 (D.N.J. 1997). Ordinarily, a District Court

must therefore grant amendment absent "futility," "unfair prejudice," "undue delay," "dilatory motive," or "bad faith." *Milanese v. Rusto-Leum Group*, 244 F.3d 104, 110 (2d Cir. 2001). None of these grounds apply.

Additional Plaintiffs' "amendment" is not futile. An amendment is "futile" if the "complaint, as amended, would fail to state a claim upon which relief could be granted." *In re NAHC, Inc. Sec. Lit.*, 306 F. 3d 1314, 1322 (3d Cir. 2002). Here, the Complaint unequivocally states cognizable claims against the Taliban. *See* ECF No. 1568, ¶¶ 38, 41, 63, 95-96, 138, 167-171, 201, 215, 219, 221-278 (describing the Taliban's extensive role in the September 11, 2001 Attacks and resulting harm). These allegations have not been challenged and must be taken as true. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (accepting factual allegations in initial and proposed amended complaints as true in motion to amend); *Buari v. City of New York*, 530 F. Supp. 3d 356, 410 (S.D.N.Y. 2021) (same). Further, the Taliban has already defaulted as to the O'Neill Plaintiffs and thousands of other plaintiffs in sister MDL cases, and the Court has already found for liability against the Taliban. ECF Nos. 3067, 3163, 3043-1. Additional Plaintiffs' claims are plainly not futile.

Their claims are also timely under relation back principles. *See Andujar v. Rogowski*, 113 F.R.D. 151 (S.D.N.Y. 1986) (if a defendant knows the number of plaintiffs injured, claims raised by new plaintiffs relate back to a previously filed claim by another plaintiff); *Amaya v. Garden City Irrigation, Inc.*, No. 03 CV 2814 FB/RML, 2008 WL 2940529 (E.D.N.Y. July 28, 2008) (same). Here, the Taliban was aware, or should have been aware, that Additional Plaintiffs could bring claims arising out of the September 11th Attacks against it. The *O'Neill* Complaint describes the thousands killed or seriously impacted in the Attacks. *See, e.g.*, ECF No. 1568, ¶¶ 1-8, 63, 212. Thousands of plaintiffs filed suit against the Taliban in the early 2000s. The Taliban

6

knows of its massive potential exposure. Under applicable precedent, Additional Plaintiffs can therefore bring claims against the Taliban that relate back to the original filings.

But even if Rule 15 relation back principles did not apply, the Taliban would still need to assert the statute of limitations as an affirmative defense, and it has the burden of proof. *See* Rule 8(c); *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). They would also have to explain why the statutes of limitations are not otherwise tolled due to pending criminal cases (i.e., the ongoing criminal proceedings in Guantanamo Bay and the prior criminal proceedings against Zacarias Moussaoui), the disappearance and/or death of defendants, newly discovered evidence, on account of infancy (for certain Additional Plaintiffs), and due to other applicable tolling principles that "allow[] relation back." *See* Rule 15(c)(1)(A). New York law, for example, allows for relation back "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." *See* CPLR 203(f). Even if the Taliban appeared *and* asserted a statute of limitations defense, *and* relation back principles did not apply, it *still* could not meet its burden of proof because the claims are timely.

The Taliban will also suffer no prejudice. "[P]rejudice" in this context arises when the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute…" *Block v. First Blood Assocs.*, 988 F. 2d 344, 350 (2d Cir. 1993). However, delay (and its necessary consequence litigation expense), without more, does not constitute prejudice. *Block*, 988 F.2d at 350-51; *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). To the contrary, time, effort, and money expended in litigation do not, as a general matter, constitute prejudice that would justify denial of leave to amend. *McGee v. Doe*, 568 Fed. Appx. 32, 40 (2d Cir.

2014). The Taliban will plainly <u>not</u> be prejudiced by the proposed amendment. It has defaulted thousands of times against thousands of plaintiffs in multiple cases in this MDL, including this one. It has not expended any resources defending itself. The addition of new parties would not result in it expending additional resources either. The only "delay" or expenditure of resources would occur if the Taliban subsequently appears. In that case, the delay and expenditures would not be prejudicial or undue and would not be a result of this Motion. It would just be a belated attempt by the Taliban to defend itself generally in this MDL.

In sum, Additional Plaintiffs satisfy the liberal standards for amendment provided by Rule 15(a). The Court should therefore grant leave to amend to include the Additional Plaintiffs as parties to the *O'Neill* action.

The Court also has the authority to grant an amendment that adds or drops parties with conditions imposed. *See* Fed. R. Civ. P. 21 ("…the court may at any time, <u>on just terms</u>, add or drop a party.") (emphasis added); 7 Fed. Prac. & Proc. Civ. § 1688 and n.19 (3d ed.); *duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*, 73 F.R.D. 313, 314 (S.D.N.Y. 1976) (collecting authorities for proposition that amendment under Rules 15 and 21 to add or drop parties may be made subject to conditions). Given the stated goal of adding parties without affecting any prior service, order or judgment entered in the case, Additional Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable subpart that accomplishes this goal and extends Case Management Order #2, ECF No. 247, ¶ 12 to apply to the plaintiffs added through this Motion against the Taliban.

(B)     Additional Plaintiffs Satisfy Rule 15(d).

As discussed above, the Court can authorize that additional parties be added under Rule 15(d), and this Court has done so previously without requiring new service. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019) ("Courts in the Second

8

Circuit routinely permit the addition of parties through the filing of a supplemental pleading pursuant to Civil Rule 15(d).”); *Jackson v. Odenat*, No. 09 Civ. 5583, 2012 WL 505551, at *3 (S.D.N.Y. Feb. 14, 2012); *McClean v. Scully*, No. 90 Civ. 2590, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (recognizing that relief under Civil Rule 15(d) “may include the addition of new defendants and new claims, if adequately related to the originally stated claims”); ECF No 247, ¶ 12. Courts often blur the distinction between an amendment and a supplement. 6A C. Wright and A. Miller, Federal Practice and Procedure § 1504 (3d ed.) (“Parties and courts occasionally confuse pleadings and mislabeling is common. However, these misnomers are not of any significance . . . . the court’s’ inattention to the formal distinction between amendment and supplementation is of no consequence.”); *see In re Arred Elec’l Contracting Corp*., 106 B.R. 353, 358-59 (Bankr. S.D.N.Y. Sept. 22, 1989) (treating motion to amend as a motion to amend or supplement). The standard for filing a supplemental complaint is the same as filing an amendment. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *5 (N.D.N.Y. Nov. 4, 2019) (“Rule 15(d) motions are evaluated under the same liberal standards used to evaluate motions to amend pleadings under Rule 15(a).”); *New York State Nat’l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y. 1998); *Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 565 (S.D.N.Y. 1978).

For the same reasons discussed *supra* pp. 4-8, Additional Plaintiffs satisfy the Rule 15(d) standard for supplementation. And given the goal of adding parties without otherwise affecting any prior service, orders, or judgments entered in the case, Additional Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable subpart that accomplishes this goal. The Court has previously created such a framework applicable to the Kingdom of Saudi Arabia, Sudan, and Iran, *see* ECF Nos. 5234 & 6547 and could do so here by

extending Case Management Order #2, ECF No. 247, ¶ 12 to apply to the plaintiffs added

through this Motion against the Taliban.

      (C)     Additional Plaintiffs Satisfy Rule 21.

Just like the Court can rely on Rule 15(a) or 15(d) to add parties, the Court can also rely

on Rule 21. *See* Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just

terms, add or drop a party."). The standard for adding a party under Rule 21 is similar if not

identical to Rule 15. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *4

(N.D.N.Y. Nov. 4, 2019)("Addition of parties under Rule 21 is also guided by the same liberal

standard as a motion to amend under Rule 15."); *Fair Housing Development Fund Corp. v.*

*Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). For the reasons discussed above, the Court should

add Additional Plaintiffs as parties against the Taliban.

      (D)     While Additional Plaintiffs Need Not Satisfy the More Exacting Rule 16(b)
                "Good Cause" Standard to Be Added as Parties Against the Taliban, They
                Nevertheless Satisfy this Standard as Well.

Where a district court has set a deadline for amending pleadings, "the Rule 16(b) 'good

cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend

filed after the deadline[.]" *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000).

However, a party need not show good cause when no deadline has been set or when a party does

not seek to modify that deadline. *See BlackRock Allocation Target Shares: Series S Portfolio v.*

*Wells Fargo Bank, Nat'l Ass'n*, No. 14CIV10067KPFSN, 2017 WL 3610511, at *14 n.7

(S.D.N.Y. Aug. 21, 2017) ("it is not clear to the Court that [plaintiff] is required to show "good

cause" under Federal Rule of Civil Procedure 16(b)(4) "since this latter provision pertains solely

to motions to *amend*—not motions to *supplement* pleadings." *Beckett v. Inc. Vill. of Freeport*,

No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014)")

(emphases in original); *Watson v. Wright*, No. 08 Civ. 960 (A)(M), 2011 WL 1118608, at *5

(W.D.N.Y. Jan. 11, 2011) ("Unlike motions to amend ...Rule 16's plain language does not require courts to set a deadline for filing a motion to supplement and the parties in this case did not set such a deadline in their Scheduling Order."), *adopted by* 2011 WL 1099981 (W.D.N.Y. Mar 24, 2011). Further, the good cause standard connotes "flexibility" in allowing relief from a scheduling order. The Advisory Committee states that this "liberal standard" was "included in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of a fear that an extension would be impossible." *See* § 1522.2 Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.); *see also* Advisory Committee's Note to the 1983 amendments to Rule 16.

Here, Additional Plaintiffs do not seek to depart from an existing scheduling order, so the "good cause" standard should not apply. Case Management Order #2 states that joinder of additional parties must be accomplished by December 31, 2004 using Rule 15(d), *without leave of the Court*. The Order never set a deadline to file supplemental pleadings or to file a motion to add parties. Rather, Case Management Order #2 provided a method of adding parties using Rule 15(d) *without leave of the Court* up until a certain date. Similarly, the Order sets a deadline to amend pleadings under Rule 15(a) *without leave of the Court*, simply noting that Court approval would be required after July 31, 2005 (which was later extended to September 30, 2005). *See* ECF No. 247, ¶¶ 12-13. Accordingly, Additional Plaintiffs need not satisfy the "good cause" 16(b) standard to modify a scheduling order to be added as parties under Rule 15(a), (d), or Rule 21. *See Beckett*, 2014 WL 1330557, at *6; *Watson*, 2011 WL 1118608, at *5. Notwithstanding the forgoing, Additional Plaintiffs satisfy the "good cause" standard.

The "good cause" standard generally hinges on the diligence of the party seeking to be added and the prejudice it would cause the non-moving party, along with any other pertinent factor. *See Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (good cause standard met to amend complaint); *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 243–44 (2d Cir.2007). Additional Plaintiffs satisfy the good cause standard here for myriad reasons, including: (1) the Taliban had no collectible assets in 2004 so there was no point in adding parties to the case against the Taliban (diligence), (2) Additional Plaintiffs moved quickly to join the case against the Taliban once it became possible that the Taliban could obtain collectible assets (diligence), (3) Additional Plaintiffs had not retained counsel for this litigation when the time limits in Case Management Order #2 passed and cannot be bound by a scheduling order entered in a case to which they were not yet a party (impossible to comply with scheduling order), (4) the Taliban defaulted in the case so the time limits in Case Management Order #2 were not relied on or followed by the Taliban in formulating a defense (diligence when compared to the Taliban and no prejudice to Taliban), (5) the Court has previously endorsed such amendments/supplementations to add parties even after the time limits set forth in Case Management Order #2 against other defendants in this MDL, including the Kingdom of Saudi Arabia, Sudan, and especially as to Iran, which has also defaulted (no prejudice and diligence), (6) Additional Plaintiffs do not seek to add new allegations or causes of action against the Taliban, they just seek to join an existing lawsuit with identical allegations (no prejudice), and (7) Additional Plaintiffs could file new lawsuits against the Taliban but at considerably higher costs and subject to potential additional procedural defenses should the Taliban appear (no prejudice).

Point five in particular should resonate. As to Iran, another defaulted defendant in the above-captioned case and in the MDL, the Court has already allowed counsel to add plaintiffs notwithstanding earlier Case Management Orders. The Court should similarly allow Additional Plaintiffs to be added to this case to pursue their claims against the Taliban.

For these reasons, Additional Plaintiffs satisfy the good cause standard under Rule 16(b), if it even applies.

## II.   THE COURT SHOULD GRANT INTERVENTION UNDER RULE 24 IN THE ALTERNTIVE TO AMENDMENT.

Rule 24 of the Federal Rules of Civil provides for intervention either as of right or by permission of the court. The purpose of the rule is to prevent a multiplicity of lawsuits where common questions of law and fact are involved. *Washington Elec. Corp. v. Mass Wholesale Elec.*, 922 F.2d 92, 97 (2d Cir. 1990). A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002); *N. Carolina State Conf. of NAACP v. Berger*, 970 F.3d 489, 509 (4th Cir. 2020); *Nuesse v. Camp*, 385 F.2d 699, 703 (D.C. Cir. 1967).

Although the movant bears the burden of proof, Rule 24 is liberally construed, with doubts resolved in favor of the proposed intervenor. 20 Moore's Federal Practice, §24.03(1)(A) and n.4 (collecting authorities); *In Re Lease Oil Antitrust Litig.*, 570 F. 3d 244, 246 (5th Cir. 2009). Where, as here, intervenors have shown a "direct, substantial and legally protectable interest," the test is "one of inclusion rather than exclusion." *XL Speciality Ins. Co. v. Lakein*, 632 Fed. Appx. 667, 669 (2d Cir. 2015) (citing 7C Wright, et al. Fed. Prac. & Proc. Civ. § 1908.1 at 309 (3d ed)).

A "district court must permit a party to intervene [as of right] if it establishes that '(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is

13

the subject of the action; (3) the applicant is so situated that without intervention, disposition of

the action may, as a practical matter, impair or impede the applicant's ability to protect its

interest; and (4) the applicant's interest is not adequately represented by the other parties.'" *Id.*

(quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006)).

Similarly, a district court must permit a party to intervene on permission if: (1) the proposed

intervenor's application is "timely;" (2) the intervenor has a claim (or defense) that shares with

the main action "a common question of law or fact;" and (3) intervention will not "unduly delay

or prejudice the adjudication of the original parties' rights." *See* Rule 24(b); *see also "R" Best*

*Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (factors for

intervention by permission "substantially the same" as for intervention as of right). Additional

Plaintiffs easily satisfy these modest standards.

        (A)      Additional Plaintiffs' Motion Is Timely.

        "[T]he mere lapse of time does not render a motion to intervene untimely," *In re Bank of*

*New York Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003); rather, "[i]t is firmly established

that the most significant criterion in determining timeliness is whether the delay in moving for

intervention has prejudiced any of the existing parties." *United States v. Int'l Bus. Machines*

*Corp.*, 62 F.R.D. 530, 541-42 (S.D.N.Y. 1974). The timeliness requirement of Rule 24 is

intended "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."

*Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds sub nom.*

*Devlin v. Scardelletti*, 536 U.S. 1 (2002) (quoting *United States v. S. Bend Cmty. Sch. Corp.*, 710

F.2d 394, 396 (7th Cir.1983)).

        As a general matter, a court should consider: (1) how long the applicant had notice of its

interest in the case before making the motion to intervene; (2) prejudice to existing parties

resulting from this delay; (3) prejudice to the applicant resulting from a denial of the motion; and

14

(4) any special circumstances militating either for or against intervention. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). Measured against these standards, Additional Plaintiffs' motion is timely.

Additional Plaintiffs filed this motion when it became apparent that the Taliban may obtain assets that could be subject to attachment. Before this time, there was no reason to sue a defunct and assetless terrorist group. Further, the Taliban has never appeared despite being sued in multiple cases by thousands of plaintiffs and having had many judgments on default entered against it in this MDL (including in this specific member case). In this context, the Taliban cannot claim undue delay or the expenditure of substantial additional resources because it never even tried to defend itself in this case. *See Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 864 (9th Cir. 2016) (permitting intervention twenty years after commencement of action; crucial factor in assessing timeliness of motion was not mere passage of time, but the "stage of proceedings"); *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (when deciding intervention motion, court must consider all circumstances, but "especially the stage of the litigation, the reason for the delay in seeking intervention, and any possible prejudice to the parties already in the litigation") (emphasis added); *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) (reversing denial of motion to intervene where litigation had made only limited progress at time intervention was sought).

Thus, even though this case is eighteen years old in terms of the passage of time, the motion to intervene has been made promptly and diligently. *See Foster v. Gueory*, 655 F.2d 1319, 1325 (D.C. Cir. 1981); *Winbush v. Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1479 (8th Cir. 1995) (motion to intervene filed ten years after complaint was timely where it promptly followed court's decision decertifying a class); *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir.

1982) ("[In] ruling on motions for intervention (m)ere passage of time is but one factor to be considered in light of all the circumstances.") (internal citations omitted).

More importantly, if the Taliban appears, it would likely defend itself against all plaintiffs in this MDL, not just the Additional Plaintiffs in this single case. Accordingly, there are no additional resources the Taliban would expend if the Court grants this Motion. Rather, any resources the Taliban expends on a defense would have more to do with its decision to appear rather than the Court's decision on this Motion. *See Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 858 (9th Cir. 2016) (when assessing prejudice in connection with timeliness of motion to intervene, prejudice refers to prejudice <u>resulting from delay in moving to intervene</u>; it does not refer to the mere fact that adding parties will make the case more difficult to resolve); *Wit v. United Behav. Health*, No. 14-cv-02346-JCS, 2016 WL 491468, at *2 (N.D. Cal. Feb. 9, 2016) (intervention will not prejudice defendants; although discovery of additional plaintiffs will be required, defendants would be "required to perform the same work" if separate actions filed); *Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-cv-01781-JCS, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015) (prejudice is not evaluated "based on the work Defendants would need to do regardless of when [proposed intervenors] sought to intervene").

In other words, the key consideration is not whether the Taliban is prejudiced by the inclusion of Additional Plaintiffs as parties, but whether the Taliban has been prejudiced by the <u>timing</u> of the motion to intervene; and, of course, the Taliban has <u>not</u> been prejudiced in that sense. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) (the question for determining timeliness of motion to intervene is whether existing parties may be prejudiced by the delay in bringing motion to intervene, and not whether intervenor will cause the nature, duration, or disposition of lawsuit to change). *See Effjohn Int'l Cruise Holdings, Inc. v. A&L*

16

*Sales, Inc.*, 346 F.2d 552, 561 (5th Cir. 2003) ("Prejudice to other parties also weighs against intervention. The inquiry for this factor is whether other parties were prejudiced <u>by the delay</u>, not whether they would be prejudiced <u>by the addition of the claim</u> (obviously, in the sense that they may obtain less, existing parties are always prejudiced by new claims).") (emphasis in original); *Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318, 321 (5th Cir. 1986) (intervention allowed as timely when intervention no more distressing to other parties at later date than at earlier one).

On the other hand, the Additional Plaintiffs <u>would</u> be significantly prejudiced if the Motion were denied. If the Motion were denied, then all approximately 2,900 Additional Plaintiffs will have to file and serve new complaints against the Taliban which may be subject to additional defenses and procedural hurdles. These defenses and procedural issues would not be present if these Additional Plaintiffs are added as parties through intervention, amendment, or supplementation under this Court's prior Orders.

In sum, <u>all</u> the relevant factors point to a finding that this Motion is timely: the Motion has been made promptly; the Taliban will suffer no prejudice if the Motion is granted; and Additional Plaintiffs would be significantly prejudiced if the Motion were denied.

(B)     Additional Plaintiffs Can Intervene as of Right Because They Satisfy All Applicable Elements.

A district court must grant a timely motion to intervene as of right if it establishes that "the applicant asserts an interest relating to the property or transaction that is the subject of the action; the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and the applicant's interest is not adequately represented by the other parties.'" *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

Here, Additional Plaintiffs have a direct and powerful interest in the terrible "transaction" that is the subject of this action. *See id*. Just like the O'Neill Plaintiffs, Additional Plaintiffs are victims of the September 11th attacks who seek to hold the Taliban responsible for its part in bringing about the death of their loved ones.

Further, "disposi[tion] of the action may as a <u>practical</u> matter impair or impede the movant's ability to protect its interest." *Id.* (citing Fed. R. Civ. P. 24(a)(2)) (emphasis added). Rule 24(a) is concerned with "practical" considerations. A proposed intervenor need not prove that he would be <u>legally</u> bound in a <u>res judicata</u> sense by judgments in the case; rather, it is sufficient that the disposition of the case would as a <u>practical</u> matter impair the proposed intervenor's ability to protect his interests in the same transaction. *See* 7C Fed. Prac. & Proc. Civ. § 1908.2 (3d ed.); *Nuesse v. Camp*, 385 F.2d 699, 701 (D.C. Cir. 1967); *Jones v. Koons Auto., Inc.*, 752 F.Supp.2d 670, 690 (D. Md. 2010). And where, as here, there is a showing of a very strong interest in the subject of the action, a lesser showing of impairment or inadequacy of representation may be warranted. *United States v. Hooker Chemical & Plastics Corp*., 749 F.2d 968, 985 (2d Cir. 1984); *accord United States v. Yale Univ*., 337 F.R.D 35, 39 (D. Ct. 2021).

Here, if Additional Plaintiffs are not added to this case and allowed to proceed to judgment, their interests in the Taliban's assets could be impaired. Further, as discussed above, the Taliban would potentially have additional defenses if Additional Plaintiffs had to bring separate actions that could "as a practical matter, impair or impede the applicant's ability to protect its interest." For example, the relation back argument is arguably weaker when filing a new complaint versus joining an existing case, *see* Rule 15(c); *Andujar v. Rogowski*, 113 F.R.D. 151 (S.D.N.Y. 1986); *Amaya v. Garden City Irrigation, Inc.*, No. 03 CV 2814 FB/RML, 2008 WL 2940529 (E.D.N.Y. July 28, 2008), and the Taliban may have more defenses against service.

*See* ECF No. 247 ¶ 12 (authorizing addition of parties without service); ECF No. 488 (authorizing service on the Taliban by publication); ECF No. 445 (publication order).

As to the final element, the burden of establishing lack of adequate representation in the context of Rule 24(a)(2) has been characterized as "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Butler Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001); *CBS Inc. v. Snyder*, 136 F.R.D. 364, 368 (S.D.N.Y. 1991). A "serious possibility" that the absentee's interest may be inadequately represented is sufficient to warrant intervention. *Foster v. Gueory,* 655 F.2d 1319, 1325 (D.C. Cir. 1981*)*. Any significant difference between the interest of the existing party and the absentee should be enough to warrant a finding of inadequate representation because:

> Parties quite properly tailor their own presentation to the interest that each of them has. If there is a significant difference between the interest of the absentee and that of the party, there is a risk that the party will not provide adequate representation of the interest of the absentee…[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that the absentee may be <u>heard in his own behalf</u>.

7C Fed. Prac. & Proc. Civ. § 1909 (3d ed.). (Emphasis added.)

In the present case, Additional Plaintiffs are not parties to the case yet. Therefore, the O'Neills, in seeking to monetize their judgments against the Taliban for themselves, could not adequately represent non-parties who need to be included in this case before obtaining their own judgments against the Taliban.

Accordingly, Additional Plaintiffs plainly can intervene by right.

(C)     Additional Plaintiffs also Easily Satisfy the Modest Standard for Intervention by Permission.

A court must grant a timely motion to intervene by permission if the party has claims that share a common question of law or fact with the main action and intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *See* Rule 24(b).

Here, there is no doubt that Additional Plaintiffs' claims share questions of law and fact in common with the O'Neill Plaintiffs' claims. Additional Plaintiffs' claims are, in many respects, <u>identical</u> to those of the O'Neill Plaintiffs. Their claims arise out of the same event, the September 11th Attacks. Those attacks killed John P. O'Neill, Sr. and thousands of others. Proof of the Taliban's facilitating role in the attacks would involve identical evidence and application of identical legal principles for both the O'Neill Plaintiffs and Additional Plaintiffs.

And intervention will not "unduly delay or prejudice the adjudication of the rights of the existing parties*." In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (citations and quotation marks omitted). This requirement overlaps with the requirement of timeliness. As already discussed, *see supra* pp. 13-17, and in the sections showing no prejudice for adding parties under Rule 15 and 21, *see supra* pp. 5-8, permissive intervention would <u>not</u> prejudice the Taliban. Nor will intervention unduly delay this case's resolution. Even if the Taliban appears to defend itself against these newly added claims, that delay would be unrelated to this Motion. Rather, this Motion would result in *less* delay by allowing parties to be added by be amendment, supplementation, or intervention, rather than by commencing new actions.

## III.     CONCLUSION

For the reasons stated herein, this Court should grant this Motion to Add Parties Against the Taliban, either by amendment, supplementation, or intervention, and without otherwise affecting any prior service, order or judgment entered in the case. Plaintiffs further request that

20

the Motion to Add Parties be granted on the condition that all parties be bound by all prior

rulings made in this action to the same extent and in the same manner as the existing parties are

currently bound. In particular, Additional Plaintiffs request that the Court allow service on the

Taliban by publication and extend Case Management Order #2, ¶ 12, to apply to all Additional

Plaintiffs.[2]

Dated:   New York, New York
         February 11, 2022

                                         ANDERSON KILL P.C.

                                         By:   /s/ Jerry S. Goldman
                                               Jerry S. Goldman, Esq.
                                               Hon. Ethan Greenberg (ret.)
                                               Bruce Strong, Esq.
                                               Alexander Greene, Esq.
                                               1251 Avenue of the Americas
                                               New York, NY 10020
                                               Tel: 212-279-1000
                                               Fax: 212-278-1733
                                               Email: jgoldman@andersonkill.com
                                                      egreenberg@andersonkill.com
                                                      bstrong@andersonkill.com
                                                      agreene@andersonkill.com

                                               *Attorneys for Plaintiffs*

---

[2] If the Court grants the Motion, undersigned counsel also requests that the Court allow individuals who retained Anderson Kill P.C. since the filing of the Motion but before the Court granted the Motion, to be added to the Amended Complaint without further order of the Court. Undersigned counsel regularly receives phone calls and emails from 9/11 victims' family members and referral counsel requesting to join the MDL and wants to ensure individuals who retain Anderson Kill P.C. while this Motion is pending can join the case against the Taliban without further court intervention. *See* Declaration if Jerry S. Goldman, Esq., dated February 11, 2022, at ¶¶ 4-5. The proposed Amended Complaint is attached as Exhibit A and the proposed Intervenor Complaint is attached as Exhibit B to the Goldman Declaration.

docs-100423320.6