

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

February 11, 2022

***BY ECF***
The Honorable George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *In re Terrorist Attacks on September 11, 2001*
           No. 03 Md. 1570 (GBD) (SN);
           *Faulkner v. Bin Laden et al.*
           No. 09 Civ. 7055 (GBD) (SN) – Potential Participation of
           the United States Pursuant to 28 U.S.C. § 517

Dear Judge Daniels and Judge Netburn:

        The United States of America writes respectfully to notify the Court that it does
not intend to file a formal Statement of Interest in response to the Court's invitation in its
Order of November 15, 2021.  *See* ECF No. 208.  The United States notes briefly,
however, that the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* ("FSIA"),
provides a mechanism for plaintiffs to sue foreign *states*, not specific *governments* of
those states.  In this instance, pursuant to the provisions of the FSIA, the plaintiff has
brought suit against the foreign state of Afghanistan, which continues to exist—
irrespective of the political name under which the state was originally sued or that the
state now uses.  *See, e.g.*, Restatement (Third) of the Foreign Relations Law of the United
States § 208 cmt. a (1987) ("*Succession of states and governments distinguished.*  Under
international law, the capacities, rights, and duties . . . appertain to the state, not to the
government which represents it . . . They are not affected by a mere change in the regime
or in the form of government or its ideology").  The United States further observes that
an exception to sovereign immunity under the FSIA is necessary to establish a court's
subject matter jurisdiction over a claim against a foreign state under 28 U.S.C. § 1330.

Hon. George B. Daniels
Hon. Sarah Netburn
February 11, 2022
Page 2


*See, e.g.*, *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 435 n.3 (1989).  Therefore, the United States respectfully submits that the Court is required to first address the issue of immunity under the FSIA in this case, before addressing the other elements of the parties' motions for either summary or default judgment.

        The United States appreciates the Court's consideration of its potential interest in this matter, and of this letter.


                                        Respectfully,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                        By:    */s/ Rebecca S. Tinio*
                                        REBECCA S. TINIO
                                        JEANNETTE A. VARGAS
                                        Assistant United States Attorneys
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.    (212) 637-2774/2678
                                        Fax    (212) 637-2686


cc:    All counsel of record (via ECF)