UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
*In Re* Terrorist Attacks on September 11, 2001 :
:
: **1:03 MDL 1570 (GBD)(SN)**
:
------------------------------------------------------------------X

**This Document Relates to**
*Havlish, et al. v. Iran, et al.*
**1:03-cv-9848 (GBD)(SN)**
*Expedited Review Requested*

**MEMORANDUM OF LAW IN SUPPORT OF THE HAVLISH CREDITORS'
UNOPPOSED MOTION TO LIFT STAY OF JUDICIAL ENFORCEMENT
OF WRIT OF EXECUTION**

Judgment Creditors Fiona Havlish, et al. (the "Havlish Creditors"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion to Lift the Stay of Judicial Enforcement of Writ of Execution.

The Havlish Creditors request expedited review of this motion. Expedited treatment is appropriate in light of the important issues raised by the United States, *Havlish* Dkt. 563, in particular the need for judicial determination that enforcement of the Havlish Creditors' writ of execution ("the *Havlish* Writ") served upon the Federal Reserve Bank of New York will not impede the Government's ability to transfer $3.5 billion in humanitarian aid to the Afghan people—a matter of great urgency. Expedited review is also appropriate because resolution of the stay is necessary for the Havlish Creditors to initiate proceedings for partial turnover of Taliban assets in an amount equal to the Havlish Creditors' compensatory damages, which will provide them with an opportunity to seek long-overdue relief. For all of these reasons, we request that the Court resolve this motion on an expedited basis on or before February 17, 2022.

## I. Introduction

On September 20, 2021, the Court stayed judicial enforcement of the *Havlish* Writ at the request of the United States in order to allow the United States time to prepare and file a Statement of Interest in this case. The United States has now filed its Statement of Interest. The United States has authorized the Havlish Creditors to represent to the Court that the United States does not oppose lifting the stay of judicial enforcement, subject to the views laid out in its Statement of Interest. Declaration of Douglass A. Mitchell ("Mitchell Decl."), ¶ 7. The Court should therefore lift the stay.

## II. Background

On August 27, 2021, this Court issued a Writ of Execution against any property or property rights in any form held, maintained by, or in the possession, custody, or control of the Federal

1

Reserve Bank of New York (the "FRBNY" or the "Fed") for the benefit of the Taliban, including the assets of Da Afghanistan Bank ("DAB"), which is now an agency or instrumentality of the Taliban. Mitchell Decl., Exs. 1 & 2; *see also Havlish* Dkt. 526-1, Ex. C. On September 14, 2021, the United States Marshal for the Southern District of New York levied upon DAB's assets at the FRBNY. Mitchell Decl., Ex. 2; *see also* Ex. 3.

On September 16, 2021, the United States filed a letter notifying the Court that it was considering entering a Statement of Interest in the case and asking that the Court "defer judicial enforcement of the *Havlish* Writ" in order "to afford the United States the opportunity to" decide whether it wished to file such a statement. *Havlish* Dkt. 526 at 2. On October 14, 2021, the United States formally notified the Court that it intended to file a Statement of Interest. *Havlish* Dkt. 532. In light of the Government's request, the Court granted the stay of judicial enforcement for the express purpose of "permit[ting] the government time to prepare a statement of interest pursuant to 28 U.S.C. § 517." *Havlish* Dkt. 551 at 1; *see also Havlish* Dkts. 527, 533.

**III.   Argument**

Plaintiffs' motion to lift the stay of judicial enforcement is unopposed by the United States. Mitchell Decl. ¶ 7. The United States has now filed its Statement of Interest, *Havlish* Dkt. 563 ("U.S. Statement"), and the purposes justifying the stay no longer exist. *See, e.g.*, *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 50 (S.D.N.Y. 2019) ("The same court that grants a stay may also later abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." (formatting modified; citation omitted)); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) ("When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay sua sponte or upon motion."). The filing of the United States' Statement of Interest removes any reason for the stay to remain in

2

place, as the United States now agrees. *Commodities & Mins. Enter.*, 423 F. Supp. 3d at 50 ("[T]he Court's reasons for granting the stay [were] resolved and there [were] no other reasons for continuing to stay th[e] matter.").

Critically, lifting the stay will now permit the Court to authorize the relief the United States seeks in its Statement of Interest. On February 11, 2022, the President of the United States issued an Executive Order blocking all of the DAB assets held in the United States, including at the Fed, and the Treasury Department's Office of Foreign Assets Control issued a license authorizing $3.5 billion of that blocked property to be moved into a segregated account at the Fed so that those funds could be used for the benefit of the Afghan people. *Executive Order on Protecting Certain Property of Da Afghanistan Bank for the Benefit of the People of Afghanistan* ("February 11 Exec. Order"), White House (Feb. 11, 2022), https://www.whitehouse.gov/briefing-room/presidential-actions/2022/02/11/executive-order-on-protecting-certain-property-of-da-afghanistan-bank-for-the-benefit-of-the-people-of-afghanistan/; *Havlish* Dkt. 563-1 (same); *Havlish* Dkt. 563-2 (OFAC License). That same day, the United States sought approval from this Court to transfer those funds, notwithstanding the *Havlish* Writ. *See* U.S. Statement 3 (U.S. cannot transfer any FRBNY Funds until Court confirms writs do not prevent such transfers). That is because the United States has acknowledged that the DAB Assets are "subject to and restrained by" the *Havlish* Writ. *Havlish* Dkts. 545 at 2, 558 at 2.

The Havlish Creditors do not oppose the United States' request. The amount stated in the *Havlish* Writ encompasses both compensatory and punitive damages awarded to the Havlish Creditors. Because the DAB Assets are now blocked property as a result of the February 11 Executive Order, as a matter of law, they are subject to execution under New York law and Title II of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107–297, 116 Stat. 2322,

3

only to the extent of the Havlish Creditors' compensatory damages (approximately $2 billion, including interest).[1] Notably, the United States does not disagree, *see* U.S. Statement 19–20, and the Havlish Creditors previously informed the United States that they intend to move for partial turnover on the *Havlish* Writ only to the extent of their compensatory damages. Mitchell Decl. ¶ 8.

It is not necessary for the Court to amend the *Havlish* Writ in order to permit the United States to transfer funds into a segregated account for the benefit of the Afghan people because, notwithstanding the breadth of the *Havlish* Writ, OFAC's regulations generally provide that writs of execution against blocked property remain valid only "to the extent otherwise provided by law[.]" *See, e.g.*, 31 C.F.R. § 594.202(c); *see also* Feb. 11 Exec. Order §§ 1(c), 9(b). Additionally, TRIA itself provides that such writs are enforceable only to the extent of the creditors' compensatory damages, TRIA § 201(a), or, in this case, only to the extent of approximately $2 billion out of the $7 billion in DAB Assets that are now blocked property.[2]

However, to the extent that the Court determines that the amount of the *Havlish* Writ should be modified to reach only the compensatory damages total, it has authority to do so under New York law. N.Y. C.P.L.R. § 5240; *see Ice Flake Maritime Ltd. v. Westcoast AS*, No. 07-CV-2002, 2007 WL 2979471, at *2 (S.D.N.Y. Oct. 11, 2007) (granting motion to modify order of attachment where there was undisputed math error in plaintiff's calculation of principal amount). This accords with age-old common law principles relating to such writs. *E.g.*, *Hunt v. Loucks*, 38 Cal. 372, 381

---

[1] More precisely, the Taliban has been adjudged liable to the Havlish Creditors for compensatory damages, plus applicable pre- and post-judgment interest, in the total amount of $2,086,026,908 as of today's date. *See* Mitchell Decl. ¶ 5. The amount that remains outstanding will ultimately be offset, pending appropriate post-judgment interest rate calculations, by the $9,799,107.74 that eight plaintiffs in *Havlish* received after opting into the Victims of State Sponsored Terrorism fund. *See* Mitchell Decl. ¶ 6.

[2] This amount is exclusive of the approximately $138 million which we understand is subject to the writ of execution in *Doe v. Taliban*, No. 20-misc-740-KPF.

(1869) ("[A]n execution which is amendable is not void, and . . . an execution which merely calls for too much money is amendable."). Such relief would unencumber the funds the United States wishes to transfer, to the extent they remain encumbered by the *Havlish* Writ.

## IV.  Conclusion

For the foregoing reasons, the Court should grant the Havlish Creditors' unopposed motion to lift its stay of judicial enforcement.

Dated: February 14, 2022

Respectfully submitted,

*/s/ Lee S. Wolosky*
Lee S. Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

Timothy B. Fleming (DC Bar No 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC 20009-1813
(202) 467-4489

Dennis G. Pantazis
(AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC (Lead Counsel)
301 19th Street
North Birmingham, AL 35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN 46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE,
CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

Stuart H. Singer
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Phone 954 356 0011
Fax 954 356 0022

David A. Barrett
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone 212 446 2310

*Counsel for the Havlish Creditors*