UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
: **1:03 MDL 1570 (GBD)(SN)**
:
------------------------------------------------------------------X

**This Document Relates to**
*Havlish, et al. v. Iran, et al.*
**1:03-cv-9848 (GBD)(SN)**

### DECLARATION OF DOUGLASS A. MITCHELL IN SUPPORT OF THE HAVLISH CREDITORS' UNOPPOSED MOTION TO LIFT STAY OF JUDICIAL ENFORCEMENT OF WRIT OF EXECUTION

I, Douglass A. Mitchell, hereby declare:

1. I am an attorney duly licensed to practice law in the state of Nevada and admitted to the bar of this Court *pro hac vice*. I am a partner with Jenner & Block LLP, counsel to Judgment Creditors Fiona Havlish, et al. (the "Havlish Creditors") in the above-captioned action. I make this declaration in support of the Havlish Creditors' Motion to Lift the Stay of Judicial Enforcement of Writ of Execution. Except for those matters on information and belief, which I believe to be true, I have firsthand knowledge of the contents of this declaration and I could testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Writ of Execution issued by this Court against the assets of the Taliban, including the assets of Da Afghanistan Bank, at the Federal Reserve Bank of New York, dated August 27, 2021 (the "*Havlish* Writ"). At my direction, the *Havlish* Writ was hand-delivered to the United States Marshal for the Southern District of New York on August 27, 2021.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the *Havlish* Writ as levied by the United States Marshal for the Southern District of New York against the assets of the

1

Taliban, including the assets of Da Afghanistan Bank, at the Federal Reserve Bank of New York, including the Marshal's letter to the Federal Reserve Bank of New York notifying that institution of the levy dated September 13, 2021. This was previously filed in this action at *Havlish* Docket No. 526 as Exhibit A to the Government's September 16, 2021 letter to the Court requesting a stay of enforcement as to the Havlish Writ pending the Government's filing of a Statement of Interest pursuant to 28 U.S.C. § 517.

4.  Attached hereto as **Exhibit 3** is a true and correct copy of the United States Marshal Service's process receipt and return for the *Havlish* Writ, which the Marshal levied on September 14, 2021.

5.  The Havlish Creditors hold judgment from this Court for damages subject to execution under the Terrorism Risk Insurance Act of 2002 (*i.e.*, compensatory damages) in an amount totaling $2,086,026,908, including pre-judgment interest computed at an annually compounding rate of 4.96 percent and post-judgment interest (accrued through February 14, 2022) computed at an annually compounding rate of 0.18 percent. This amount was calculated by me as follows:

    a.  First, I calculated the subtotal of damages for pain and suffering of the decedents and for solatium by the survivors. In its judgment entered October 16, 2012, *Havlish* Dkt. 317, the Court awarded the Havlish Creditors damages for pain and suffering of $94,000,000 and for solatium of $874,000,000, for a subtotal of $968,000,000. This subtotal is the amount on which pre-judgment interest can be calculated and awarded.

    b.  I then computed the pre-judgment interest amount on that $968,000,000 subtotal. Using an annually compounding rate of 4.96 percent, I calculated that pre-judgment interest had accrued in the amount of $689,014,013 between September 11, 2001

and the date of entry of final judgment on October 16, 2012. Thus, on the date of judgment, the total amount of damages awarded for pain and suffering and solatium, including pre-judgment interest on that amount, was $1,657,014,013.

   c.  The Court also awarded economic damages to the *Havlish* decedents' estates in the amount of $394,277,884. While pre-judgment interest cannot be calculated and awarded on this amount, post-judgment interest can. As a result, the total amount eligible for post-judgment interest is the sum of $394,277,884 and $1,657,014,013, or $2,051,291,897.

   d.  I then computed the post-judgment interest amount on that $2,051,291,897 total. Using an annually compounding rate of 0.18 percent, I calculated that post-judgment interest had accrued in the amount of $34,704,177 between October 16, 2012 and February 11, 2022.

   e.  The sum of $2,051,291,897 and $34,735.011 is $2,086,026,908, which represents Plaintiffs' award of compensatory damages (including all applicable interest as calculated through February 14, 2022).

6.  Eight of the Havlish Plaintiffs elected to take distributions from the Victims of State Sponsored Terrorism fund, thereby reducing the amounts collectable on their judgments. The total amount of those distributions was $9,799,107.74.

7.  On February 9, 2022, counsel for the Havlish Creditors informed counsel for the United States via e-mail that the Havlish Creditors would move the Court to lift its stay of post-judgment enforcement proceedings following the filing by the United States of its Statement of Interest, and requested the position of the United States on such motion. Assistant U.S. Attorney Rebecca S. Tinio responded via e-mail on February 10, 2022, that the Havlish Creditors were

authorized to represent the United States' position on that motion as follows: "The Government does not oppose lifting the stay of post-judgment proceedings, subject to the views laid out in the Government's Statement of Interest."

8. In a meeting with counsel for the United States on February 7, 2022, counsel for the Havlish Creditors stated that they intended to seek turnover of only the portion of the Taliban's assets at the Federal Reserve Bank of New York equal to the amount of their compensatory damages.

I declare that the foregoing is true under penalty of perjury of the laws of the United States. Executed this 14th day of February at Arlington, Virginia.

By: _____
Douglass A. Mitchell