Case 1:03-md-01570-GBD-SN   Document 7669   Filed 02/15/22   Page 1 of 3



**KREINDLER & KREINDLER LLP** | 485 Lexington Avenue | New York, NY 10017-2629
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

February 15, 2022

**VIA ECF**
The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judges Daniels and Netburn:

   We are lead counsel in the *Ashton*, *Bauer* and *Burlingame* cases in this MDL and are co-chair and members of the committee representing those who were killed and injured in the 9/11 Terrorist Attacks ("Death and Injury PEC").  We write respectfully to: (1) oppose the *Havlish* plaintiffs' motion to lift the current stay on judicial enforcement of the writ of execution on assets owned by Da Afghanistan Bank ("DAB") by February 17, 2022 (ECF 7664 *et seq.*); and (2) request that the Death and Injury PEC be included in any briefing and argument relating to enforcement proceedings or addressing other issues raised by the government's recent Statement of Interest (ECF 7661) as well as issues relating to the *Havlish* plaintiffs' assertion that their judgment should be prioritized over other 9/11 Family members' claims.

   On Friday, February 11, 2022, President Biden issued an Executive Order concerning the assets owned by DAB and held in the United States by financial institutions here. Among other things, that Executive Order seeks to block $3.5 billion of the DAB property, in part because "various parties, including representatives of victims of terrorism, have asserted legal claims against certain property of DAB or indicated in public court filings an intent to make such claims." ECF 7661-1.

   In their current motion, the *Havlish* plaintiffs do not address the substantial sections of the Statement of Interest that identified outstanding and complicated questions that this Court may need to resolve prior to any distribution of the DAB assets. These questions include, for

New York          Boston          Los Angeles

February 15, 2022
Page 2

example: ownership of the DAB assets and their attachability (ECF 7661 at 20, 23-25); whether DAB is an agency or instrumentality of the Taliban (ECF 7661 at 21-23); and any distinction between property owned by the government of Afghanistan and its governing regime (ECF 7661 at 25-27).  Likewise, this Court may need to consider questions of service pursuant to the FSIA, which the government also identified as a potential problem here (*see* ECF 7662).[1]  Instead, the *Havlish* group asks that within 72-hours of its filing, this Court lift the stay of execution so that it can execute a judgment for the benefit of the families of 47 victims killed in the 9/11 Terrorist Attacks and to the detriment of the families of the other 2,930 individuals killed that day.

The government clearly recognized that 9/11 Families who are not part of the *Havlish* group hold an interest in these issues. ECF 7661 at 11-12.  The writ of execution served on DAB by the *Havlish* group involves the families of fewer than 2% of those killed in the 9/11 Terrorist Attacks.  Many more family members, however, have liability judgments against the Taliban obtained years prior to the *Havlish* liability judgment (*see, e.g.,* ECF 1756 (*Burnett*), 1797 (*Ashton*, *Bauer*, *Burlingame*), ECF 3067, 3163, 3043-1 (*O'Neill*)) and, as the government wrote, have an interest in these issues given their "pending motions for judgment of money damages against the Taliban and related defendants." ECF 7661 at 11-12.[2]  We urge the Court to address the pending motions for final judgment and damages as soon as possible. Because the government identified the interests of all the 9/11 Families who have judgments against the Taliban (and, indeed, all the victims of the 9/11 Terrorist Attacks and their survivors), the death and injury plaintiffs should be given an opportunity to brief their positions on these issues.[3]

---

[1] The judgment that the *Havlish* plaintiffs obtained (though apparently did not serve) may also be infirm for purposes of enforcement of the writ of execution, given that it includes punitive damages which cannot serve as the basis for a writ served pursuant to the TRIA. *See* ECF 7661 at 14-15.  The other 9/11 Families whose motions for judgments are pending do not have this issue, as their motions were solely for compensatory damages.

[2] Until very recently there was no means for recovery based on those judgments against the foreign terrorist organization.  On September 13, 2021, however, the *Havlish* group had the U.S. Marshalls Service levy a writ of execution against DAB assets held by the Federal Reserve. This action was taken unilaterally on behalf of the family members of the *Havlish* plaintiffs only, without consultation with other members of the Death and Injury PEC, despite the fact that attorneys representing the *Havlish* group of family members hold seats on the Death and Injury PEC.

[3] In its Statement of Interest, in addition to the pending damages judgments for 9/11 Families, the government cited a request for damages by the *Federal Ins. Co.* brought on behalf of the Plaintiffs' Executive Committee for Commercial Claims ("Commercial Claims PEC"). ECF 7661 at 12.  While the Commercial Claims PEC may also request to participate in briefing, potential distribution of any DAB funds to commercial claimants instead of to the victims killed and injured in the 9/11 Terrorist Attacks and their families would be contrary to the goal the government recognized of obtaining justice for "victims of terrorist attacks who continue to seek accountability and compensation for these horrific acts." ECF 7661 at 3. We therefore ask for briefing separate from the Commercial Claims PEC to avoid any conflict of interest between the 9/11 Families and the commercial claimants.

February 15, 2022
Page 3

On behalf of the plaintiffs in the *Ashton*, *Bauer* and *Burlingame* cases, we therefore respectfully request that this Court: (1) continue the current stay in order to allow *all* of the 9/11 Families who have a judgement against the Taliban to present their claims and arguments in favor of treating the DAB assets fairly and equitably and (2) permit the Death and Injury PEC to participate in briefing on the issues surrounding attachment of the DAB assets. The *Havlish* motion to lift the stay just 72-hours after its filing, with no briefing by any members of the Death and Injury PEC, risks irreparably harming 9/11 victims and their families by enabling a small group of plaintiffs access to the blocked DAB assets before the pending legal issues are decided and, by denying the vast majority of the 9/11 Families their rights to object to the *Havlish* plaintiffs' request to prioritize execution of their judgments. There is no urgent imperative to lift the current stay for only the *Havlish* plaintiffs; indeed, to do so would unfairly, unjustly and unreasonably prejudice the vast majority of 9/11 Families.

Respectfully Submitted,

Kreindler & Kreindler LLP

/s/ James P. Kreindler
James P. Kreindler, Esq.
Andrew J. Maloney, III, Esq.
485 Lexington Avenue, 28th Floor
New York, New York 10017
jkreindler@kreindler.com
amaloney@kreindler.com
(212) 687-8181
Attorneys for *Ashton* Plaintiffs
02-cv-06977-GBD-SN

Baumeister &Samuels, P.C.
Dorothea M. Capone, Esq.
140 Broadway, 46th Floor
New York, New York 10005
tcapone@baumeisterlaw.com
(212) 363-1200
Attorneys for *Bauer* Plaintiffs
Case No. 02-CV-07236-GBD-SN

Speiser Krause
Jeanne M. O'Grady, Esq.
800 Westchester Ave, Ste. S-608
Rye Brook, NY 10573
jog@speiserkrause.com
(914) 220-5333
Attorneys for *Burlingame* Plaintiffs
Case No. 02-CV-07230-GBD-SN