

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Jodi Westbrook Flowers**
*Licensed in SC*
direct: 843.216.9163
jflowers@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

February 15, 2022

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)
> This document relates to:
> *Burnett, et al., v. Al Baraka Inv. & Dev. Corp.*, 1:03 cv 9849 (GBD)(SN)
> *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1706 (GBD)(SN)

Dear Judges Daniels and Netburn:

    The undersigned counsel for plaintiffs in the above-referenced actions—the estates and the thousands of 9/11 family members and injured survivors in the above-referenced actions ("9/11 Families and Survivors")—write to respectfully: (1) oppose the motion by the *Havlish* plaintiffs to lift the current stay of judicial enforcement of the writ of execution on property of Da Afghanistan Bank ("DAB") (ECF No. 7665); (2) request that counsel for the plaintiffs in the above-referenced actions, as members of the Plaintiffs' Executive Committee for the Personal Injury and Death Claims, be included in any briefing and argument relating to enforcement proceedings or addressing issues the Department of Justice has raised in its Statement of Interest (ECF No. 7661); and (3) ask that the Court address these plaintiffs' applications to add parties and for judgment against the Taliban, recognized in the government's statement of interest. ECF No. 7661 at 12 (referring to, *inter alia*, plaintiffs' filings at ECF Nos. 7618-21, 7646 (*Burnett*); 7652-7658, 7660 (*O'Neill*)).

    On Friday, February 11, 2022, President Biden filed an Executive Order concerning DAB property held in the United States by United States financial institutions and, later the same day, the government filed a Statement of Interest related to the same property. Among other things, the Executive Order seeks to block the transfer of $3.5 billion of the DAB property in part, because "various parties, including representatives of victims of terrorism, have asserted legal claims against certain property of DAB or indicated in public court filings an intent to make such claims." ECF No. 7661-1.



February 15, 2022
Page 2

In the Statement of Interest, the government flagged a number of outstanding and complicated questions it considered necessary to resolve before distribution of these assets could happen— *e.g.*, the ownership of the DAB property and its attachability (ECF No. 7661 at 20, 23-25), the relationship of DAB to the Taliban (ECF No. 7661 at 21-23) and any distinction between property owned by the government of Afghanistan and its governing regime (ECF No. 7661 at 25-27).

In its Statement of Interest, the government recognized that many other 9/11 Families and Survivors, aside from the limited *Havlish* group, have an interest in these issues. ECF No. 7661 at 11-12. The writ of execution the *Havlish* group served on DAB involves only the families of 47 out of the 2,977 individuals killed in the 9/11 Terrorist Attacks. However, many more family members and injured survivors have liability judgments against the Taliban that they obtained years before the *Havlish* liability judgment. *See, e.g.,* ECF Nos. 1756 (*Burnett*), *see also* ECF No. 1797 (*Ashton*, *Bauer*, *Burlingame*), and *see* ECF Nos. 3067, 3163, and 3043-1 (*O'Neill*)). As the government recognized, these family members and injured survivors, and all 9/11 Families and Survivors, have an interest in these issues given that they have "pending motions for judgment of money damages against the Taliban and related defendants," or have "indicated in public court filings an intent to make such claims" against the Taliban and the DAB assets. ECF No. 7661 at 1, 11-12; ECF Nos. 7618-21, 7646 (*Burnett*); 7652-7658, 7660 (*O'Neill*).

Because the issues identified in the government's filings impact the interests of all 9/11 Families and Survivors who have judgments or pending applications for judgments against the Taliban (and, indeed, all of the victims of the 9/11 Terrorist Attacks and their survivors), the Plaintiffs' Executive Committee for the Personal Injury and Death Claims should have the opportunity to brief their positions on these issues.

On behalf of the estates and the thousands of 9/11 family members and injured survivors in the above-referenced actions we therefore respectfully request that this Court continue the current stay in order to allow *all* of the 9/11 Families and Survivors who have judgments or pending applications for judgments against the Taliban or have "indicated in public court filings an intent to make such claims" against the Taliban, to present their claims and arguments in favor of treating the DAB property fairly and equitably. Doing otherwise would unfairly, unjustly, and unreasonably prejudice the 9/11 Families and Survivors.

Respectfully submitted,

/s/ Jodi Westbrook Flowers
JODI WESTBROOK FLOWERS
ROBERT T. HAEFELE
DONALD A. MIGLIORI
MICHAEL ELSNER
JOHN EUBANKS

/s/ Jerry S. Goldman
JERRY S. GOLDMAN
BRUCE STRONG
ANDERSON KILL P.C.
1251 Avenue of the Americas
42nd Floor



February 15, 2022
Page 3

C. ROSS HEYL
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843) 216-9184

On Behalf of *Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*

New York, NY 10020
Tel: (212) 278-1569

On Behalf of the *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*

cc:     All MDL Counsel of Record (via ECF)