# EXHIBIT BG

**EXHBIT BG**

In response to certain inaccuracies contained in Plaintiffs' Exhibit U, Defendants state as follows:

| Citation(s) | Plaintiffs' Argument(s) in Ex. U | Defendants' Response(s) |
|---|---|---|
| **Lack of Relevance** | | |
| Winer Rbtl. Rpt. ¶¶ 4.11.1-4.11.2 | Winer's discussion of terror groups funded by Saudi Arabia is relevant in that it shows that Saudi Arabia has funded terrorists to fight proxy wars, similar to its alleged support of Al Qaeda. | These paragraphs are irrelevant. They discuss groups other than Al Qaeda with no connection to the Charities or the 9/11 Attacks and describe events that post-date the 9/11 Attacks by years. |
| Jenkins Rpt. ¶¶ 73-74 and ¶ 83 | Jenkins' opinions on the development of the September 11th Attacks and Osama Bin Laden's growing ambitions for Al Qaeda at ¶¶ 73-74 and ¶ 83 are relevant as they evidence the need for expanded recruiting, training, and funding. | These paragraphs are irrelevant. These paragraphs do not discuss the growing need for recruitment, training, and funding, and none contains citations. |
| **Lack of Sufficient Basis** | | |
| Jenkins Rpt. ¶¶ 6-9; 14; 16; 19; 21; 25; 27; 29-31; 35-43; 45-49; 51-53; 55-62; 65-66; 68-79; 83-100; 102-06; 108-12; 114-19; 121-31; 133-46; 148-58 | As detailed in Plaintiffs' Opposition Brief, Jenkins' expertise provided the sufficient factual basis for many well-accepted facts related to the 9/11 Attacks. Where necessary, Jenkins cited his sources. [These paragraphs] are admissible pursuant to the arguments made in Plaintiffs' Opposition Brief. | Plaintiffs' generalized argument fails for the reasons articulated in Defendants' moving and reply briefs. In addition, in the 122 paragraphs identified by Plaintiffs, Jenkins makes only two citations. |
| **Unreliable Principles and Methods Unreliably Applied** | | |
| Jenkins Rpt. ¶¶ 6-9; 14; 16; 19; 21; 25; 27; 29-31; 35-43; 45-49; 51-53; 55-62; 64-66; 68-79; 81; 83-100; 102-06; 108-19; 121-46; 148-58 | Defendants offer a lengthy list of portions of Jenkins' Affirmative Report that they wish to exclude on the basis that his methodology is insufficiently applied. However, Defendants' argument against Jenkins' methodology is simply a rehash of their 'sufficient factual basis' argument. Defendants again seek to impose an arbitrary number of citations required for an expert report in order to [sic] large portions of a damaging expert report. For the reasons set forth in Plaintiffs' Opposition Brief, [these paragraphs], | Plaintiffs' generalized argument fails for the reasons articulated in Defendants' moving and reply briefs. In addition, in the 126 paragraphs identified by Plaintiffs, Jenkins makes only two citations. |

| Citation(s) | Plaintiffs' Argument(s) in Ex. U | Defendants' Response(s) |
|---|---|---|
| | are based on a reliable methodology, reliably applied, and thus are permissible. | |

For the foregoing reasons as well as those identified in Defendants' Brief, the Court should reject the arguments advanced in Plaintiffs' Exhibit U.[1]

---

[1] In light of Plaintiffs' responses and upon further reflection, Defendants amend Exhibit D to exclude: (1) ¶ 2.6.3 of the Winer Rebuttal Report from the Lack of Relevance inventory; (2) ¶ 4.3 of the Winer Rebuttal Report from the Impermissible State of Mind Testimony tally; (3) ¶¶ 2.38.10 and 3.1 of the Winer Rebuttal Report from the Impermissible Legal Conclusions tally; and (4) ¶ 3.34 of the Winer Rebuttal Report from the Impermissible Conduit of Hearsay inventory.