

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 1, 2022

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   In the Matter of Disclosure of Grand Jury Material in Connection with *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Dear Judge Netburn:

Attached hereto please find an additional petition under Federal Rule of Criminal Procedure 6(e), seeking authorization to publicly disclose federal grand jury records in connection with the *In re Terrorist Attacks* litigation.

As the Court is aware, on September 3, 2021, President Biden signed an Executive Order on Declassification Review of Certain Documents Concerning the Terrorist Attacks of September 11, 2001 (the "Executive Order" or "E.O."). The Executive Order directs the Attorney General and the heads of any other executive departments and agencies that originated relevant information to complete declassification reviews of certain records relating to the United States Government's investigation of the 9/11 terrorist attacks. E.O. § 2. As relevant to the petition, the E.O. directs that a declassification review of "records that previously were withheld as classified, in full or in part, during discovery in *In re Terrorist Attacks on September 11, 2001*" and the "2021 FBI electronic communication closing the subfile investigation" be completed by November 2, 2021. E.O. § 2(b). The E.O. further requires that the FBI conduct a declassification review "of all interview reports, analytical documents, documents reporting investigative findings, or other substantive records (including phone records and banking records, if any) from the FBI's initial investigation of the 9/11 terrorist attacks — known as the Pentagon/Twin Towers Bombings (PENTTBOM) investigation — that reference the individual subjects of the subfile investigation and may be found through search terms, keyword identifiers, and other diligent means." E.O. § 2(c). The E.O. further requires that the FBI conduct a declassification review of "all records from any separate FBI investigation other than the PENTTBOM investigation or the subfile investigation of any individual subjects of the subfile investigation that are relevant to the 9/11 terrorist attacks or to any of the individual subjects' connection to an agency relationship with a foreign government," E.O. § 2(d). Documents responsive to this section will be released on March 2, 2022, or as soon thereafter as practicable.

The Executive Order further provides that "[u]pon completion of each review, the Attorney General, in consultation with the heads of any other agencies that originated relevant information,

shall make publicly available information declassified as a result of the declassification reviews completed under section 2 of this order, except for information the disclosure of which would materially impair confidential executive branch deliberations." E.O. § 5. The Executive Order notes that it "shall be implemented consistent with applicable law, including the Privacy Act."

In the course of conducting its declassification review of records under sections 2(b), 2(c), and 2(d), the FBI has identified passages containing analysis of telephone, banking, financial, credit, and communication records that were or may have been obtained pursuant to grand jury subpoena. The FBI is unable to produce information that constitutes grand jury materials subject to the protections of Federal Rule of Criminal Procedure 6(e)(2)(B), without an order authorizing disclosure pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). The FBI accordingly seeks an order from this Court authorizing it to disclose discussions or analysis of telephone, banking, financial, credit, or communication information contained in documents that the FBI has identified as responsive to sections 2(b), 2(c) and 2(d) of the E.O. and that the FBI has declassified and/or otherwise determined is appropriate for disclosure, to the extent such information was obtained by grand jury subpoena

The Government takes no position on whether additional submissions from the PECs will be necessary to satisfy the "particularized need" standard required for disclosure under Rule 6(e)(3)(E)(i). *See, e.g.*, *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211 (1979).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    */s/ Jeannette A. Vargas*
        SARAH S. NORMAND
        JEANNETTE A. VARGAS
        Assistant United States Attorneys
        (212) 637-2709/2678