# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

March 2, 2022

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

     The Plaintiffs' Executive Committees ("PECs"), on behalf of all Plaintiffs, write in support of the petition filed last night by the United States, seeking authorization to publicly disclose federal grand jury records in connection with this litigation. *See* ECF No. 7710. To the extent Plaintiffs are required to satisfy any "particularized need" standard for disclosure of the documents at issue pursuant to Rule 6(e)(3)(E)(i), notwithstanding the President's Executive Order, that requirement is readily satisfied here. Accordingly, Plaintiffs respectively request that the Court grant the United States' petition.

1.    <u>The Traditional Legal Framework Governing Disclosure</u>

     Federal Rule of Criminal Procedure 6(e)(3)(E)(i) permits a court to "authorize disclosure . . . of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." At least in more traditional contexts not involving a Presidential Executive Order contemplating release of the records, parties seeking this authorization must show a "particularized need" for the information. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958). This normally means proving "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). The Court has on three prior occasions granted access to grand jury records like the ones sought now. ECF Nos. 5193, 6672, and 6854. Those standards are met here.

Honorable Sarah Netburn
March 2, 2022
Page 2

_____

2.  Disclosure is Necessary to Avoid Injustice in This Litigation

As explained in the United States' letter, all of the records at issue fall within the scope of the declassification reviews mandated by President Biden pursuant to Executive Order 14040. The President's Executive Order was designed to provide Plaintiffs in this litigation access to government investigative records directly relevant to the present litigation, a fact that makes the present issue quite straightforward. As discussed in the Government's letter, the grand jury materials fall within four categories of information covered by the Executive Order: (1) materials the FBI previously acknowledged to be of core relevance to Plaintiffs' claims, but that were withheld as classified during earlier discovery proceedings; (2) materials relevant to the 2021 closing of the subfile investigation of Omar al Bayoumi, Fahad al Thumairy, Musaed al Jarrah and other subjects of that investigation; (3) investigative records from the Government's original 9/11 investigation, designated the "PENTTBOM" investigation, which reference subjects of the so-called subfile investigation; and (4) documents from any separate investigations of subjects of the subfile investigation that are relevant to the 9/11 terrorist attacks or to any of the individual subjects' connection to an agency relationship with a foreign government.

By definition, all of these materials are highly relevant to the inquiry authorized by this Court's March 28, 2018 Opinion and Order into "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." *In Re: Terrorist Attacks on September 11, 2001*, 298 F. Supp. 3d. 631, 651 (S.D.N.Y. 2018). Indeed, the materials concern the very subjects, interactions, transactions, and events that lie at the heart of that inquiry. Plaintiffs and the Court would be deprived of evidence relevant to the jurisdictional inquiry absent disclosure of these materials, as affirmed by the President's Executive Order itself. Further, this Court's prior orders authorizing access to grand jury materials concerned very similar matters, and in those contexts the Court recognized that access to the materials was necessary to avoid injustice. *See* ECF No. 6854 at p. 3. The same is true here.

3.  The Interest in Disclosure Outweighs Any Possible Need for Confidentiality

The circumstances also affirm that the need for disclosure of the records outweighs any possible need for confidentiality. More than 20 years have passed since the events that are the subject of the Government's investigation took place, and the Government has already disclosed many aspects of its investigations of Thumairy, Bayoumi and their associates, as well as certain information concerning the nature of the support they provided to the 9/11 hijackers. This "passage of time erodes many of the justifications for continued secrecy." *In re Petition of Craig*, 131 F.3d 99, 107 (2d Cir. 1997). Moreover, the materials at issue are investigative records, not transcripts of grand jury proceedings, a fact that makes continued confidentiality less important. *SEC v. Everest Mgmt. Corp.*, 87 F.R.D. 100, 105 (S.D.N.Y. 1980). In addition, the fact that the Government supports disclosure indicates that there is no continuing need for secrecy. *In re Petition of Craig*, 131 F.3d 99, 106 (2d Cir. 1997). Finally on this point, the documents are sought for purposes of this separate litigation, and not to invade the secrecy of any grand jury. *DiLeo v. Comm'r*, 959 F.2d 16, 20 (2d Cir. 1992) (records "sought for their own

Honorable Sarah Netburn
March 2, 2022
Page 3

_____

sake and not to learn what took place before the grand jury" did not compromise the secrecy of grand jury deliberations).

4.  The Request is Narrowly Tailored

Finally, the request is narrowly tailored. Only those materials covered by the President's Executive Order are implicated, and that Executive Order was tailored to provide for release of materials directly relevant to the present litigation.

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant the petition.

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ Sean P. Carter<br>SEAN P. CARTER<br>COZEN O'CONNOR<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>Tel.: (215) 665-2105<br>Email: scarter1@cozen.com | By: /s/ Robert T. Haefele<br>ROBERT T. HAEFELE<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel.: (843) 216-9184<br>Email: rhaefele@motleyrice.com |
| *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* | *On behalf of the MDL 1570 Plaintiffs' Exec. Committees* |

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
    Steven R. Pounian
    Kreindler & Kreindler LLP
    750 Third Avenue
    New York, NY 10017
    Tel: (212) 687-8181
    E-mail: spounian@kreindler.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

cc:     All MDL Counsel of Record (via ECF)

LEGAL\56630940\1