# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE
# FOR PERSONAL INJURY AND DEATH CLAIMS
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| | |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC | Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP |
| James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC |

March 3, 2022

**BY ECF**
The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels and Judge Netburn:

As directed by the Court at the February 22, 2022 conference, we write on behalf of the MDL 1570 Plaintiffs' Executive Committee For Personal Injury And Death Claims ("PEC"), concerning the anticipated motions to compel the Federal Reserve Bank of New York to turn over assets they hold in the name of Da Afghanistan Bank ("FRBNY Assets") to be filed by the *Havlish* and *Doe* plaintiffs and the participation of the PEC on behalf of all other death and injury plaintiffs in MDL 1570. We also write to respond to the Court's inquiry as to the parties' respective positions about whether proceedings concerning the *Doe* plaintiffs may advance distinct from the *Havlish* proceedings.

The PEC met and conferred with counsel for the *Havlish* and *Doe* Plaintiffs and with the Plaintiffs' Executive Committee for Commercial Claims, and were able to agree on a schedule for the turnover proceedings except regarding the timing of the MDL plaintiffs' briefing after the initial briefing. After *Havlish* counsel initially proposed a March 17 deadline for their filings, *Havlish* counsel have proposed filing their motion on or before March 14 with the MDL plaintiffs' briefing due only seven days later. As the PEC has explained to *Havlish* counsel, a 7-day turnaround in wholly unworkable given the obligations of the many counsel involved, including with regard to ongoing activities in the MDL, and a 30-day turnaround is necessary.

The PEC's proposal will advance the proceedings promptly and efficiently, affording the time necessary to address anticipated complex legal, equitable, and novel issues, while also allowing the

The Honorable George B. Daniels
The Honorable Sarah Netburn
March 3, 2022
Page 2

PECs to address the multitude of other ongoing matters in the MDL. The PEC's proposal will not cause delay because the schedule will complete all interested parties' briefing before the time period runs for the Taliban or Da Afghanistan Bank to respond to the service upon them.  In contrast, the briefing schedule *Havlish* counsel have proposed neglects the massive ongoing activity in the MDL in which they are not engaged.[1]  Accordingly, it is unreasonable–and a disservice to all of the plaintiffs with claims pending in the MDL—for *Havlish* counsel to demand that all other aspects of the MDL proceedings must be abandoned for the parties and the Court to divert attention to their turnover proceedings.

In addition, the PECs note that *Havlish* counsel's proposal suggests an unfair advantage in affording *Havlish* plaintiffs' flexibility in their initial filing deadline ("on or before") while requiring the MDL plaintiffs to file only seven days after the date they ultimately choose to file.  Accordingly, the PEC proposes that the schedule should also set firm deadlines for each of the dates.

For all of these reasons, and consistent with the proposal *Havlish* counsel *initially* proposed to the PEC, we respectfully propose the following schedule:

- On or before **March 17, 2022**, the *Havlish* and *Doe* plaintiffs will each file two separate motions—one seeking the Turnover of DAB assets and a second motion addressing their respective service issues.

- On or before **April 18, 2022**, the MDL plaintiffs may file briefs addressing any and all issues the MDL plaintiffs contend the Court should consider when ruling on the Motions for Turnover.

- On or before **April 25, 2022**, the *Havlish* and/or *Doe* plaintiffs may each file separate replies to any briefs filed by the MDL plaintiffs.

Regarding the Court's inquiry about the *Doe* proceedings, the PEC anticipates that the Court's decision to lift the stay as to both the *Havlish* and *Doe* proceedings has substantially mooted the Court's concerns about the *Doe* matter proceeding distinct from the *Havlish* matter.  However, the PEC agrees that, apart from the need for coordinated briefing (particularly for TRIA issues), the PEC does not oppose to the *Doe* matter proceeding distinct from the *Havlish* matter.

Respectfully Submitted,

By:   */s/ Jodi Westbrook Flowers*
      JODI WESTBROOK FLOWERS

---

[1] For example, just yesterday the U.S. government released more than 1,000 pages of documents in response to President Biden's Executive Order 14040 that are being reviewed and analyzed; the Court just entered an order authorizing the government's release of grand jury information that will trigger the release of additional pages of documents that will also need to be reviewed and analyzed, and the plaintiffs' counsel in the MDL proceedings are, likewise, engaged in other ongoing discovery matters, as well.

The Honorable George B. Daniels
The Honorable Sarah Netburn
March 3, 2022
Page 3

                                By:     */s/ James P. Kreindler*
                                         JAMES P. KREINDLER

                                By:     */s/ Jerry S. Goldman*
                                           JERRY S. GOLDMAN