```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

     TERRORIST ATTACKS ON
     SEPTEMBER 11, 2001

-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2022

03-MD-01570 (GBD)(SN)

**REPORT &
RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

<u>Faulkner v. Bin Laden, et al.</u>, No. 09-cv-07055

Lynn Faulkner ("Faulkner") brings this action personally and as the executor and personal representative of his wife Wendy, who tragically perished in the September 11, 2001 terrorist attacks ("September 11 Attacks"). Faulkner alleges that these attacks are the result of a conspiracy between Osama bin Laden, al Qaeda, and the sovereign state of Afghanistan. That state, he alleges, acted through the Taliban, which was purportedly Afghanistan's de facto government, and which sheltered al Qaeda in the lead-up to the attacks.[1]

The Taliban had been driven out of power when Faulkner filed this case. It has since made a dramatic resurgence and taken control of most of the country. Their rapid ascent has implications here. Afghanistan was represented by lawyers retained by its former government, the Islamic Republic of Afghanistan (the "Republic"). Those lawyers have withdrawn, and it is unclear what entity governs Afghanistan or is empowered to advance arguments on its behalf.

---

[1] In the interest of brevity, the Court assumes familiarity with both the general background of the multidistrict litigation, of which <u>Faulkner</u> is a member case, as well as the broader historical context of the September 11th Attacks that animated this case and the multidistrict litigation more generally.

Accordingly, the Court recommends that the summary judgment motion, filed by the Republic at ECF No. 164, be denied as moot.

## BACKGROUND

Faulkner began this case as "John Doe" on December 4, 2001, in the District Court for the District of Columbia. Doe v. Bin-Laden et al., No. 01-cv-2516 (RWR) (D.C.C. Dec. 4, 2001). On January 29, 2003, the Clerk of the Court entered a default against "The Islamic Emirate of Afghanistan, a/k/a The Islamic State of Afghanistan." Id., ECF No. 16.[2] In February 2004, however, the Republic moved to vacate the default and dismiss the complaint for lack of subject matter jurisdiction. Id., ECF No. 26. In the alternative, if that dismissal was denied, the Republic requested limited jurisdictional discovery. The court denied the motion to dismiss and ordered jurisdictional discovery. Doe v. Bin Laden, 580 F. Supp. 2d 93, 99 (D.D.C. 2008) ("Doe I").

Afghanistan appealed to the Court of Appeals for the District of Columbia. In November 2009, that appeal and all pending motions were transferred to the Court of Appeals for the Second Circuit. Doe v. Bin Laden, 663 F.3d 64, 66 (2d Cir. 2011) ("Doe II"). Doe II, in turn, affirmed Doe I and remanded the case for jurisdictional discovery. Id. at 65.

After that, the case fell silent for about eight years. It was only revived on this Court's initiative on October 29, 2019, when the Court directed the parties to file a joint status letter.

---

[2] This default is not reflected in the docket for Faulkner v. Bin Laden et al., No. 09-cv-0755, (GBD)(SN) (S.D.N.Y. Aug. 10, 2009), but is reflected in Doe v. Bin-Laden et al., No. 01-cv-2516 (RWR) (D.C.C. Dec. 4, 2001), at ECF No. 16. Subsequent motions on that docket mistakenly refer to this as a default *judgment*, see, e.g., Doe v. Bin-Laden et al., No. 01-cv-2516, ECF No. 26, but the entry at ECF No. 16 reflects that the Clerk of the Court only granted a default under Federal Rule of Civil Procedure 55(a), not a default judgment. Faulkner later moved for a default judgment, Doe v. Bin-Laden et al., No. 01-cv-2516, ECF No. 40, but that motion was not adjudicated.

2

ECF No. 142.³ The case began moving, and on March 2, 2021, the Republic moved for summary judgment. ECF No. 164. That motion was fully briefed on May 21, 2021. ECF No. 181.

On August 19, however, counsel for the Republic moved to stay proceedings for 60 days. ECF No. 183. Counsel further reported that the Republic "has collapsed and is in the process of handing power to the Taliban, which uses the name 'Islamic Emirate of Afghanistan.'" ECF No. 184 at 4. Given this, counsel for the Republic requested time to identify appropriate contacts in the new Taliban regime who could transition the case to new counsel. The Court granted that motion. ECF No. 185.

In November, the Republic's counsel returned with a motion to withdraw. ECF No. 192. They confirmed that all of their prior contacts in the Republic were no longer working for the government, and that they had made no new contact with any representative for the Taliban. ECF No. 193 at ¶¶ 7–8. As a result, it was "unclear whether the current government would wish to advance the same arguments in this case as the prior government . . . ." Id. at ¶ 9. They further reported that they were "not empowered to advance any arguments on behalf of the current government of Afghanistan" and did "not know what arguments that government might want to advance." Id. Accordingly, the Court granted their withdrawal. ECF No. 197.

These developments forced a reassessment of the case. The withdrawal of counsel and the *de facto*, if not *de jure*, dissolution of the Republic, made it unclear what, if any, entity has authority to represent the state of Afghanistan. Additionally, a key dispute in the parties' original

---

³ Unless otherwise noted, ECF citations from here on are to Faulkner v. Bin Laden et al., No. 09-cv-07055, (GBD)(SN) (S.D.N.Y. Aug. 10, 2009). On February 27, 2020, the Court directed the Clerk of Court to "amend the case caption to reflect that the Plaintiff is Lynn Faulkner, in his personal capacity and as the executor of the estate of Wendy Faulkner." ECF No. 153.

3

summary judgment briefing was whether the Taliban was the government of Afghanistan from 1996 to 2001. ECF No. 208 at 2.

Given these new circumstances, the Court directed Faulkner to propose a path forward for this litigation. In light of the diplomatic sensitivities involved, the Court also inquired whether the United States Government wished to submit a statement of interest. It then granted two extensions as the U.S. Government deliberated on whether to submit that statement. ECF Nos. 210, 211, 213.

The U.S. Government and Faulkner filed submissions on February 11, 2022. The Government declined to file a statement of interest but confirmed that the state of Afghanistan "continues to exist." ECF No. 214 at 1. In a separate statement of interest in this multidistrict litigation, however, it indicated that "the United States has not yet made a decision as to whether to recognize the Taliban or any other entity as the Government of Afghanistan or as part of such a government." In re Terrorist Attacks on September 11, 2011, 03-md-1570, ECF No. 7661 at 34. From this, the Court therefore surmises that, while Afghanistan remains, neither the Republic nor any other entity is presently authorized to represent it as its government before this Court. The United States Government also suggests that the Court should address subject matter jurisdiction over Afghanistan before addressing any other issue. ECF No. 214 at 2.

Faulkner, joined by the Plaintiffs' Executive Committees, argues that the proper next step is to move to the default judgment proceedings set out by the Foreign Sovereign Immunities Act ("FSIA"). ECF No. 215 at 3–4.

## DISCUSSION

Given the collapse of the Republic, the Court recommends that the motion for summary judgment be denied as moot. Two factors urge this conclusion. First, permitting the ghost of the

Republic to continue to represent Afghanistan would infringe on the President's privilege to recognize foreign governments. "[T]he power to recognize foreign states resides in the President alone . . . ." <u>Zivotofsky ex rel. Zivotofsky v. Kerry</u>, 576 U.S. 1, 28 (2015). The President, in turn, has not decided whether to recognize any entity as Afghanistan's government. <u>In re Terrorist Attacks on September 11, 2011</u>, 03-md-1570, ECF No. 7661 at 34. Allowing the Republic to continue to represent Afghanistan in spite of this would transgress the President's power to determine what entity is authorized to represent the interest of the Afghan state.

Second, Afghanistan is not currently participating in this case and will not likely be able to in the near future. The Republic is gone, and its counsel has withdrawn. The United States has not recognized any entity that would be permitted to take its place and assert Afghanistan's interests. No entity has even stepped forward to purport to represent those interests. Thus, there is no indication that Afghanistan has the willingness or ability to continue to participate in this matter.

It will still be necessary to assess the Court's subject matter jurisdiction over Afghanistan. Regardless of Afghanistan's participation, this Court has an independent obligation to ensure this. <u>Henderson ex rel. Henderson v. Shinseki</u>, 562 U.S. 428, 434 (2011). At this juncture, that analysis is better addressed pursuant to the FSIA's default judgment procedure. <u>See</u> 28 U.S.C. § 1608(e).

## CONCLUSION

The Court recommends that the Islamic Republic of Afghanistan's motion for summary judgment at ECF No. 164 be DENIED as moot.

Dated: March 4, 2022
       New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS
TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Federal Rules of Civil Procedure 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Federal Rules of Civil Procedure 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).