# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES OWENS, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>TALIBAN a/k/a ISLAMIC EMIRATE OF AFGHANISTAN<br><br>*Defendant.* | Civil Action No. 22-1949 |

**[PROPOSED] ORDER GRANTING**
*EX PARTE* **EMERGENCY MOTION FOR ORDER OF ATTACHMENT**

This matter is before the Court on Plaintiffs' *Ex Parte* Emergency Motion for Order of Attachment. Upon consideration of the motion, all of the papers submitted, and the relevant authorities, the Court makes the following findings:

**WHEREAS**, because of the delay that will be caused by serving Defendant Taliban a/k/a Islamic Emirate of Afghanistan ("Defendant"), an insurgent and volatile regime, and Plaintiffs' need for prompt adjudication of this motion, given the risk of asset dissipation, Plaintiffs have "good and sufficient reasons" for proceeding *ex parte* under Local Civil Rule 6.1 and New York Civil Practice Law and Rules § 6211.

**WHEREAS**, the Plaintiffs have demonstrated that they are entitled to an order of attachment under Federal Rule of Civil Procedure 64(a) and New York Civil Practice Law and Rules §§ 6201, 6211, and 6212 because (1) they have "a cause of action," (2) "it is probable that [they] will succeed on the merits," (3) "one or more grounds for attachment provided in section 6201 exist," and (4) "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff[s]." N.Y. CPLR § 6212(a).

**IT IS HEREBY ORDERED THAT** Plaintiffs' *Ex Parte* Emergency Motion for Order of

Attachment of $4,669,011,012.21, plus prejudgment interest, in funds held in the name of Da Afghanistan Bank at the Federal Reserve Bank of New York, and any and all other funds belonging to Defendant in this district, is GRANTED.

**IT IS FURTHER ORDERED THAT** the United States Marshal of the Southern District of New York, or any person appointed to act in his place and stead, shall levy, at any time before final judgment, upon service of this Order of Attachment, but refrain from taking into actual custody, $1,373,761,042.95 (which represents the compensatory damages Plaintiffs could recover upon final judgment), plus prejudgment interest, held in the name of Da Afghanistan Bank at the Federal Reserve Bank of New York.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall post an undertaking in the amount of $_____ within \_\_\_\_ days of this Order of Attachment.

**IT IS FURTHER ORDERED THAT** within five calendar days of the receipt of the levy of this Order of Attachment, garnishees shall provide a garnishee's statement filed with this Court (under seal) and served on Plaintiffs' counsel—Matthew D. McGill, Gibson Dunn & Crutcher LLP, 1050 Connecticut Avenue, N.W., Washington, DC 20036—complying with and addressing all matters specified in N.Y. CPLR § 6219. Garnishees are directed to acknowledge in writing to the U.S. Marshal, also served on counsel for Plaintiffs at the above-mentioned address, that the assets attached herein will be held on behalf of the U.S. Marshal such that garnishees, their agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of the property and/or debts described above, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Order of Attachment, will refrain from directly or indirectly transferring, or ordering, directing, or requesting or assisting in the transfer, or in any other way affecting the value of, any such property or debt.

**IT IS FURTHER ORDERED THAT** within 10 calendar days after the levy of this Order,

Plaintiffs shall move for an order confirming this Order of Attachment.  Plaintiffs shall serve its motion for confirmation of this Order of Attachment on Defendant and each garnishee.

**SO ORDERED.**

DATED: _____  _____

Hon. _____
United States District Court for the
Southern District of New York