```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    The Plaintiffs' motion at ECF No. 7747 to extend the time to serve expert reports is denied. Almost four years ago, Judge Daniels authorized "limited and targeted jurisdictional discovery" in this case. ECF No. 3946 at 23. Despite these limitations, the discovery process has been subject to repeated delays and extensions, the latest of which came in response to President Biden's September 3, 2021 Executive Order (the "Declassification Order") authorizing the declassification of additional documents that may be related to the Plaintiffs' claims.

    In response to the Declassification Order, the Court set a discovery schedule that would accommodate the U.S. Government's proposed timeline for the release of all documents (not just the targeted case-related documents). ECF No. 7117. Mindful that extensions in this case seem to begat more extension requests, the Court warned the parties that it did "not expect to modify this schedule barring extraordinary circumstances." Id. It further warned that "[s]uch circumstances will not include delays in the Government's compliance with the" Declassification Order. Despite this clear statement, on March 10, the Government alerted the Court that its disclosure process would be delayed. ECF No. 7743. Three days later, the Plaintiffs' requested a two-month delay. ECF No. 7747.

In support, the Plaintiffs proffer the purportedly revelatory nature of the evidence sought, the minimally disruptive length of the extension, the unfairness of proceeding without their experts obtaining every last iota of possible material, and the threat of further motion practice if their request is not granted. They have made these arguments in discovery extension requests before. See, e.g., ECF No. 6816, 7074, 7090.

With this latest motion, though, it has become clear that these points have no limiting principle. The Court initially ordered the Plaintiffs to serve their expert reports on September 15, 2021. ECF No. 6872. Less than a month before that deadline, the Plaintiffs asked for a provisional extension, without any firm deadline, to accommodate the Declassification Order. ECF No. 7074. Following a conference on this order, the Court set a firm deadline for expert reports to be served by April 1, 2022, a six-month extension beyond the original discovery deadline. ECF No. 7117.

Thus, what the Plaintiffs actually seek, in total, is an eight-month extension beyond what the Court originally authorized. That would be tacked on to a discovery process that will already have lasted more than four years. Despite the Court finding that only "extraordinary circumstances" would merit yet another delay, the Plaintiffs seek this extension on a ground (delays in governmental production) that the Court explicitly stated it would not entertain. Accordingly, the Plaintiffs' motion is DENIED, and the Clerk of the Court is respectfully directed to deny the motion at ECF No. 7747.

**SO ORDERED.**

Dated: March 15, 2022
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge