# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Robert T. Haefele, *Co-Liaison Counsel* <br> MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

March 15, 2022

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 443
40 Foley Square
New York, NY 10007

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

> Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN);
> <u>*Owens, et al. v. Taliban*</u>, 22-cv-1949 (S.D.N.Y.) – Request for MDL Consolidation

Dear Judge Caproni, Judge Daniels, and Judge Netburn:

The Plaintiffs' Executive Committees ("PECs") submit this brief letter in order to follow up on yesterday's appearance before Judge Caproni. For the reasons we set out in our letter of yesterday, the PECs continue to maintain that this matter should be transferred into the MDL, at least for the limited purpose of adjudicating the *Owens* plaintiffs' motion for a prejudgment attachment. *See* 28 U.S.C. §§ 1404, 1407.

docs-100477576.3

The Honorable Valerie E. Caproni
The Honorable George B. Daniels
The Honorable Sarah Netburn
March 15, 2022
Page 2

In addition, for the reasons set forth in brief below, we wish to express the PECs' view that the *Owens* plaintiffs should not be granted the prejudgment order of attachment that they seek -- either by Judge Caproni, or by Judges Daniels and Netburn.[1]

It has long been settled that prejudgment attachment is a "harsh" remedy, and that courts therefore construe CPLR § 6201 strictly in favor of the party against whom it may be employed. *Penoyar v. Kelsey*, 150 N.Y. 77, 80 (1896); *Grafstein v. Schwartz*, 100 A.D.3d 699 (2d Dept. 2012). *See Hume v. 1 Prospect Park ALF, LLC*, 137 A.D.3d 1080, 1081 (2d Dept. 2016) ("Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution, and the courts have strictly construed the attachment statute in favor of those against whom it may be employed.")

Prejudgment attachment should therefore issue only upon a showing that drastic action is required for security purposes. *Icontrade, Inc. v. Oilborn Int'l, S.A.*, 407 F. Supp. 1359, 1361 (S.D.N.Y. 1976); *Reading & Bates Corp. v. Nat'l Iranian Oil Co.*, 478 F. Supp. 724, 726-727 (S.D.N.Y. 1979); *Elliott Assocs., L.P. v. Republic of Peru*, 948 F. Supp. 1203, 1211-1212 (S.D.N.Y. 1996); *Pratt v. Hustedt Chevrolet, Inc.*, No. 05-cv-4148 (DRH), 2009 WL 10708569, *2 (E.D.N.Y. Oct. 5, 2009), *report and recommendation adopted*, No. 05-cv-4148 (DRH) (MLO), 2009 WL 10708568 (E.D.N.Y. Dec. 29, 2009).

The proper purpose of a prejudgment attachment is to wrest control of the asset to be attached *from the debtor*, so that the *debtor* cannot frustrate the attaching party's ability to collect on whatever judgment the attaching party may ultimately obtain. *See Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 538 (2009):

> By means of [a prejudgment] attachment, a creditor effects the prejudgment seizure of a debtor's property, to be held by the sheriff, so as to apply the property to the creditor's judgment if the creditor should prevail in court. *Attachment simply keeps the debtor away from his property* or, at least, the free use thereof; it does not transfer the property to the creditor…article 62 attachment operates solely on property, *keeping it out of a debtor's hands* for a time.

(Emphasis added.)

---

[1]     The *Owens* plaintiffs and other embassy bombing plaintiffs already received sizeable multi-million dollar settlement awards as part of U.S. Government negotiations with Sudan that removed Sudan from the State Sponsor of Terrorism list in 2020.  *See* Sudan Claims Resolution Act, Pub. L. 116-260, 124 Stat. 3291 (2020); *see also* US receives $335 from Sudan for victims of terrorist attacks, *available at* http://www.cnn.com/2021/03/31/politics/sudan-settlement-received/index.html; Receipt of Funds for Resolution of Certain Claims Against Sudan, *available at* https://www.state.gov/receipt-of-funds-for-resolution-of-certain-claims-against-sudan/.

The Honorable Valerie E. Caproni
The Honorable George B. Daniels
The Honorable Sarah Netburn
March 15, 2022
Page 3

Thus, the purpose of a prejudgment attachment is to remove the attached property from the defendant's control.  Prejudgment attachment is *not* intended to be used as a means by which one creditor may secure priority over another.  *See Ames v. Clifford*, 863 F. Supp. 175, 178 (S.D.N.Y. 1984):

> [Plaintiffs] would be seeking to utilize the attachment procedure as a means of obtaining priority over other creditors of [defendant]. This is simply not the intended purpose of § 6201.  Speculation that [defendant] may, as a result of the numerous civil actions against him, be in shaky financial condition by the time plaintiffs obtain a judgment against him will not justify an order of attachment.  *See The Philatelic Foundation v. Kaplan*, 1986 WL 5629, *5 (S.D.N.Y. May 9, 1986).

*Accord JVW Inv. Ltd. v. Kelleher*, 41 A.D.3d 233, 234 (1st Dept. 2007) (prejudgment attachment should not give plaintiff an unwarranted priority over defendant's other creditors); *Rafferty v. Taylor Rafferty Associates*, No. 115671/08 WL 2639225 (Sup. Ct. N.Y. Co. June 21, 2010) (same).

*Philatelic* (cited favorably by the opinion in *Ames v. Clifford*) and *JVW Inv. Ltd.* (which relies upon *Ames*) are each instructive in this regard.

In *Philatelic*, the District Court denied an application for a prejudgment attachment sought under CPLR § 6201(1) (as in the present case) on the ground that defendant was a non-domiciliary, and that attachment was necessary for security purposes.  The Court noted that the statutory requirements of CPLR § 6201(1) had been met, but further noted that the Court retained the discretionary power to deny attachment.  *Philatelic*, 1986 WL 5629, at *3.  (*See Vision China Media Inc. v. Shareholder Representative Services, LLC,* 100 A.D.3d 49, 60-61 (1st Dept. 2013) (court retains discretion to deny prejudgment attachment where elements of 6201(1)[2] are met if attachment not necessary for security purposes). The Court found that the likelihood that defendant would be unable to satisfy the potential judgment was, by itself, *not* sufficient to warrant attachment.  *Philatelic*, 1986 WL 5629, at *5.  Rather, what was required in order to demonstrate a need to attach funds for security purposes was some evidence that defendant was acting with intent to defraud creditors by concealing or disposing of assets.  *Id.* at *3-4.  And in the absence of such fraudulent conduct, the *Philatelic* Court held, plaintiffs had failed to meet their burden to show a need for attachment for security purposes.  *Id*.

Somewhat similarly, in *JVW Inv. Ltd.* the Appellate Division, First Department found that the plaintiff there was not entitled to a prejudgment attachment of property belonging to a non-domiciliary Bahamian defendant.  The court noted that the Bahamian defendant was already

---

[2]   In the present case, as Judge Caproni noted yesterday, there remain substantial questions as to whether the *Owens* plaintiffs can in fact satisfy the CPLR § 6201 requirement that they are likely to overcome all defenses and succeed on the merits.

The Honorable Valerie E. Caproni
The Honorable George B. Daniels
The Honorable Sarah Netburn
March 15, 2022
Page 4

subject to liquidation proceedings in the Bahamas, so that an attachment was not necessary to secure the defendants' assets. *J.V.W. Inv. Ltd.*, 41 A.D.3d at 234. The First Department reasoned that the only purpose to be served by an attachment would be to grant the plaintiff priority over other creditors, and, citing to the *Ames* decision, the First Department held that such is *not* a proper purpose for a CPLR § 6201 prejudgment attachment. *Id.*

Turning to the facts of the present case in more detail, the Owens plaintiffs do not and cannot show that attachment is necessary for security purposes *as against the Taliban*. To begin with, the assets are blocked by the Executive Order of the President, and therefore cannot be moved by the Taliban. Further, there is no evidence that the Taliban is attempting to conceal or dispose of these assets in order to defraud its creditors, and there is therefore no need for an attachment for security purposes. Indeed, there is no reason to think that the Taliban will make any effort, legal or otherwise, to keep these assets from its creditors. To the contrary, the Taliban has to date steadfastly chosen not to participate in any proceedings related to the funds held in the Federal Reserve Bank in New York.

What the Owens plaintiffs are in truth seeking to do is to use the prejudgment attachment process not for security purposes, but to obtain priority over the many MDL litigants who already have claims pending against the Taliban in the MDL proceeding.[3] (Indeed, the Owens plaintiffs essentially concede this point, stating "Plaintiffs simply wish to ensure that their rights are fully protected, and that they are not foreclosed *by other creditors* from obtaining recovery." (Memorandum of Law in Support of Plaintiffs' *Ex Parte* Emergency Motion for Order of Attachment, 22, 1:22-cv-01949-VEC, ECF No. 5) (Emphasis added.)

To secure priority *over other claimants* is *not,* however, a proper use of CPLR § 6201 (*see Ames*, *Philatelic*, and *JVW Inv. Ltd.*, *supra*) and therefore the *Owens* plaintiffs' motion for prejudgment attachment should be denied.

Moreover, there is (at minimum) a serious question presented – that the *Owens* plaintiffs do not appear to address at all – as to whether the *Owens* plaintiffs can seek prejudgment attachment of the Taliban funds because the Terrorism Risk Insurance Act ("TRIA") precludes it. *See* Pub. L. No. 107-297, 116 Stat. 2322 (2002) *reprinted in relevant part at* 28 U.S.C. § 1610 note. The U.S. Government has confirmed that "the rest of the DAB assets are blocked," ECF No. 7661 at p. 3, and TRIA only allows attachment of blocked assets "in every case in which a person *has obtained a judgment*." (Emphasis added.). The Second Circuit agrees:

> [TRIA] states simply that blocked assets "shall be subject to
> execution or attachment in aid of execution." 116 Stat. at 2337. We
> believe that the plain meaning of that language is to give terrorist

---

[3]   As explained below, the PECs strongly disagree that the prejudgment attachment remedy should be available to *any* individual or entity with a claim against the Taliban for the purpose of jumping in front of the line. To endorse the *Owens* plaintiffs' attempt to use the extraordinary prejudgment attachment remedy in this way would invite a flood of similar applications.

The Honorable Valerie E. Caproni
The Honorable George B. Daniels
The Honorable Sarah Netburn
March 15, 2022
Page 5

> victims who actually receive favorable judgments a right to
> execute against assets that would otherwise be blocked. Thus,
> although the statute applies broadly to "every case in which a
> person has obtained a judgment," it confers no entitlement on
> victims who have not yet obtained judgments. Neither does it
> guarantee that any blocked assets will in fact be available when a
> particular victim seeks to execute on a judgment.

*Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York*, 346 F.3d 264, 270-271 (2d Cir. 2003).

Accordingly, it would not appear that the *Owens* plaintiffs can, consistent with TRIA, seek *prejudgment* attachment of the funds at issue.

Respectfully submitted,

COZEN O'CONNOR

By:  /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
MDL 1570 Plaintiffs' Exec. Committee for
Commercial Claims

MOTLEY RICE LLC

By:  /s/ Jodi Westbrook Flowers
JODI WESTBROOK FLOWERS
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: jflowers@motleyrice.com
MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims

KREINDLER & KREINDLER LLP

By: /s/ Andrew J. Maloney
ANDREW J. MALONEY
485 Lexington Avenue, 28th Floor
New York, NY 10017
Tel.: 212-687-8181
Email: amaloney@kreindler.com
MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims

ANDERSON KILL P.C.

By: /s/ Jerry S. Goldman
JERRY S. GOLDMAN
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
Tel: 212-278-1000
Email: jgoldman@andersonkill.com
MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims

cc:      All Counsel of Record via ECF

docs-100477576.3