```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                             03-MD-01570 (GBD)(SN)

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                                    ORDER

-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

      The Court, having consulted with Judge Caproni, denies the Plaintiffs' Executive Committees' request to accept <u>Owens, et al. v. Taliban</u>, 22-cv-1949 as a related case, or to otherwise consolidate it into, <u>In Re Terrorist Attacks on September 11, 2001</u>. ECF No. 7751. Under Rule 13(a) of Rules for the Division of Business Among District Judges, Southern District of New York, a case will be deemed related when "the interests of justice and efficiency will be served . . . ." Cases should be deemed related when: (i) the action concerns substantially similar parties or events, (ii) there is substantial factual overlap, (iii) the parties could be subject to conflicting orders, and (iv) there would be a substantial duplication of judicial efforts.

      The rationale for incorporating <u>Owens</u> into <u>In Re Terrorist Attacks on September 11, 2001</u>, is that parties in both cases have either attached the same assets of Da Afghanistan Bank to satisfy judgments against the Taliban, or have filed motions to attach those assets. This is where the similarities end. Unlike plaintiffs in <u>In Re Terrorist Attacks on September 11, 2001</u>, the <u>Owens</u> Plaintiffs do not have a judgment against the Taliban. Indeed, they only filed a complaint in March 2022. Their claim does not concern the September 11 Terrorist Attacks, but separate attacks purportedly supported by the Taliban in East Africa. Thus, the factual overlap is limited.

The parties are also in different procedural postures. The <u>Owens</u> Plaintiffs have yet to serve the Taliban, while plaintiffs in <u>In Re Terrorist Attacks on September 11, 2001</u>, are already moving into turnover proceedings. It is not impossible that these cases will eventually have overlapping issues. At this stage, however, they are legally and factually distinct so there are no efficiencies to be gained through their consolidation.

While the Court has accepted <u>John Does 1 through 7 v. The Taliban et al.</u>, No. 20-mc-740 ("<u>Doe</u>"), as a related case, two factors distinguish <u>Doe</u> from <u>Owens</u>. First, the <u>Doe</u> Plaintiffs already possess a judgment against the Taliban. This reduces the array of matters unrelated to September 11 Terrorist Attacks that the Court would be required to adjudicate. Indeed, the <u>Doe</u> Plaintiffs are currently proceeding on the same turnover schedule as other plaintiffs in <u>In Re Terrorist Attacks on September 11, 2001</u>, ECF No. 7750, something that would plainly not be possible for the <u>Owens</u> Plaintiffs.

Second, and more importantly, unique considerations of interbranch comity urged that <u>Doe</u> be accepted as a related case. At the time <u>Doe</u> was brought to the Court's attention, an attachment order in that case, along with one in this case, was preventing the implementing of U.S. foreign policy. Those attachment orders were preventing the President from reallocating certain Da Afghanistan Bank funds to alleviate an acute humanitarian crisis in Afghanistan. <u>See</u> ECF No. 7661 at 11–12.

Interbranch comity and a respect for the President's preeminence in foreign affairs thus urged the incorporation of <u>Doe</u> into <u>In Re Terrorist Attacks on September 11, 2001</u> to address the issues stemming from these writs in a rapid and uniform matter. Such urgent constitutional concerns are not present here. Accordingly, the requirements to accept <u>Owens</u> as a related case are not met.

**SO ORDERED.**

Dated: March 15, 2022
       New York, New York

SARAH NETBURN
United States Magistrate Judge