UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In Re Petition of the United States for a Grand Jury Disclosure Order in Connection with *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN) | **Petition for Disclosure Order** |

---------------------------------------------------------X

The United States of America, by its attorney, Damian Williams, United States Attorney for the District of Southern New York, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) for an order authorizing disclosure of certain grand jury matters in connection with the multidistrict litigation pending in the Southern District of New York, *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD)(SN).  In support of its Application the Government respectfully submits the following facts and authorities:

1. ***The Terrorist Attacks Litigation.***  The plaintiffs in this multidistrict litigation, which include the families of victims of the terrorist attacks on September 11, 2001, seek to hold multiple defendants liable for allegedly financing, sponsoring, conspiring to sponsor, aiding and abetting, or otherwise providing material support to Osama bin Laden and al Qaeda.  Certain of the plaintiffs have brought claims against the Kingdom of Saudi Arabia, alleging that its agents and employees knowingly assisted certain of the hijackers.  *See In re Terrorist Attacks on September 11, 2001*, 298 F. Supp. 3d 631, 632 (S.D.N.Y. 2018).  Specifically, the plaintiffs allege that two individuals, Fahad al Thumairy, the imam at a Saudi-funded mosque and an accredited Saudi diplomat, and/or Omar al Bayoumi, who had been employed by Saudi Arabia and seconded by the Saudi government to work at Dallah Avco Arabia Company, knowingly provided assistance to two of the 9/11 hijackers, Nawaf al Hazmi and Khalid al Mihdhar, when they first arrived in the United States, including finding them an apartment, co-signing a lease, helping open a bank

account, providing them with use of Bayoumi's cell phone, and tasking others to help them enroll in English language and flight schools. *Id.* at 649-50.

The Kingdom of Saudi Arabia ("Saudi Arabia") has raised a defense of sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. The district court originally granted Saudi Arabia's motion to dismiss on this basis. *In re Terrorist Attacks on September 11, 2001*, 134 F. Supp. 3d 774, 779–87 (S.D.N.Y. 2015). Plaintiffs appealed that decision to the Second Circuit Court of Appeals. *In re Terrorist Attacks*, 298 F. Supp. 3d at 639. While that appeal was pending, Congress enacted the Justice Against Sponsors of Terrorism Act ("JASTA"), 130 Stat. 852 (2016). In light of the enactment of JASTA, the parties to the appeal jointly requested that the Second Circuit vacate the district court's decision and remand for further proceedings. *In re Terrorist Attacks*, 298 F. Supp. 3d at 639. On remand, Saudi Arabia renewed its motion to dismiss on sovereign immunity grounds. *Id.* Plaintiffs opposed the motion and sought leave to conduct jurisdictional discovery. *Id.* at 639-40.

The district court held that "Plaintiffs' allegations . . . narrowly articulate a reasonable basis for this Court to assume jurisdiction under JASTA over Plaintiffs' claims against Saudi Arabia" and thus exercised its discretion to allow Plaintiffs to conduct "limited jurisdictional discovery." *Id.* at 640. The district court held that such discovery "is to be conducted under Magistrate Judge Sarah Netburn's supervision," *id.*, and shall focus only on the allegations that Thumairy, Bayoumi, and their subagents took actions to assist Hazmi and Midhar at the direction of more senior Saudi officials, *id.* at 651.

**2. The Executive Order.** On September 3, 2021, President Biden signed an Executive Order on Declassification Review of Certain Documents Concerning the Terrorist Attacks of September 11, 2001 (the "Executive Order" or "E.O."). The Executive Order directs the Attorney General and the heads of any other executive departments and agencies that originated relevant information to complete declassification reviews of certain records relating to the United States Government's investigation of the 9/11 terrorist attacks. E.O. § 2. The E.O. directs that a declassification review of "records that previously were withheld as classified, in full or in part, during discovery in In re Terrorist Attacks on September 11, 2001" and the "2021 FBI electronic communication closing the subfile investigation" be completed by November 2, 2021. E.O. § 2(b). Documents responsive to this section were released on November 2, 2021.

The E.O. further requires that the FBI conduct a declassification review "of all interview reports, analytical documents, documents reporting investigative findings, or other substantive records (including phone records and banking records, if any) from the FBI's initial investigation of the 9/11 terrorist attacks — known as the Pentagon/Twin Towers Bombings (PENTTBOM) investigation — that reference the individual subjects of the subfile investigation and may be found through search terms, keyword identifiers, and other diligent means." E.O. § 2(c). The first tranche of documents responsive to this section were released on December 30, 2021. Due to the volume of the documents responsive to this section, another tranche of documents was released on March 2, 2022.

The E.O. further requires that the FBI conduct a declassification review of "all records from any separate FBI investigation other than the PENTTBOM investigation or the subfile investigation of any individual subjects of the subfile investigation that are relevant to the 9/11

3

terrorist attacks or to any of the individual subjects' connection to an agency relationship with a foreign government," E.O. § 2(d).   Documents responsive to this section were released on March 2, 2022.

**3. The Grand Jury Material.**   On April 6, 2018, the Plaintiffs submitted a *Touhy* request to the FBI, pursuant to 28 C.F.R. § 16.21-16.29, and a subpoena pursuant to Federal Rule of Civil Procedure 45, seeking the production of certain records relating to Bayoumi, Thumairy, and Mohdar Abdullah.   The FBI determined that it had records responsive to the *Touhy* request and subpoena.   Certain of the records it identified as responsive had been obtained by federal grand jury subpoenas issued in the course of the investigation of the 9/11 terrorist attacks.   Accordingly, pursuant to Rule 6(e)(3)(G), the United States filed petitions for disclosure of grand jury information with the district courts in the four judicial districts in which the grand jury subpoenas were potentially issued:   the District of New Jersey, the Eastern District of Virginia, and the Central and Southern Districts of California.   Those courts issued orders transferring the petitions to this Court.   On October 7, 2019, this Court issued an order granting the petitions on the basis of the plaintiffs' showing of particularized need and authorizing the disclosure of specific grand jury information to counsel for the relevant parties in the *Terrorist Attacks* litigation subject to the FBI Privacy and Protective Order.   (ECF No. 5193).

By orders dated March 22, 2021, June 8, 2021, September 10, 2021, and March 2, 2022, the Court authorized the FBI to produce to the parties additional information regarding specific banking, financial, credit and phone records obtained by federal grand jury subpoenas.   (ECF Nos. 6672, 6854, 7107, 7718).   In the September 10 Order, the Court further authorized the FBI to

release publicly grand jury information that it had previously authorized for disclosure subject to the FBI Privacy and Protective Order.

In the course of conducting its declassification review of records pursuant to the Executive Order, the FBI has identified a number of passages containing discussion or analysis of documents that were or may have been obtained pursuant to grand jury subpoena. Specifically, these documents contain discussions of business and education records related to Omar Bayoumi and Mohdar Abdullah that were or may have been obtained pursuant to grand jury subpoenas. The Government cannot determine in all cases which court issued the grand jury subpoena, but has determined that certain of the underlying documents were obtained pursuant to grand jury subpoenas issued from the United States District Courts for the Central District of California and the Southern District of California.

The FBI is unable to produce information that constitutes grand jury materials subject to the protections of Federal Rule of Criminal Procedure 6(e)(2)(B), without an order authorizing disclosure pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). The FBI accordingly seeks an order from this Court authorizing it to disclose discussions of business and education records related to Bayoumi and Mohdar contained in documents that the FBI has identified as responsive to sections 2(b), 2(c) and 2(d) of the E.O. and that the FBI has declassified and/or otherwise determined is appropriate for disclosure, to the extent such information was obtained by grand jury subpoena. The FBI notes that this petition for disclosure does not seek authorization to disclose other matters occurring before a grand jury, such as the identity of witnesses who received subpoenas to testify before the grand jury, witness testimony before the grand jury, transcripts of grand jury proceedings, or information revealing grand jury deliberations.

The Executive Order further provides that "[u]pon completion of each review, the Attorney General, in consultation with the heads of any other agencies that originated relevant information, shall make publicly available information declassified as a result of the declassification reviews completed under section 2 of this order, except for information the disclosure of which would materially impair confidential executive branch deliberations."  E.O. § 5.  The Executive Order notes that it "shall be implemented consistent with applicable law, including the Privacy Act."

**4. Authorization Requested.** Based on the foregoing, should the Court determine that disclosure of the aforementioned information to the parties in connection with *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD)(SN), is appropriate pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), the United States has no objection to such disclosure.  The United States does not see a continued need to maintain grand jury secrecy with respect to the aforementioned records.

Moreover, should the Court grant this petition, the Executive Order directs that information be made publicly available consistent with applicable law.  The FBI therefore respectfully requests that the disclosure of records not be subject to the FBI Privacy and Protective Order, and that the FBI be allowed to release that information publicly, subject to redactions that may be required under the Privacy Act.

**4. Prior Requests.** No prior request for the relief sought herein has been made.

WHEREFORE, I respectfully request that the Court determine if disclosure of the grand jury material specifically referenced herein should be authorized pursuant to Rule 6(e)(3)(E)(i).

Dated: New York, New York
March 16, 2022

          DAMIAM WILLIAMS
          United States Attorney
          Southern District of New York

By:    */s/ Jeannette Vargas*
      SARAH S. NORMAND
      JEANNETTE A. VARGAS
      Assistant United States Attorneys
      (212) 637-2709/2678