UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### PLAINTIFFS' OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE JUDGE'S MARCH 15, 2022 ORDER (ECF No. 7752)

Pursuant to Fed. R. Civ. P. 72(a), Plaintiffs respectfully object to, and request that this Court set aside, the Magistrate Court's Order, ECF No. 7752, requiring Plaintiffs to serve their expert reports by April 1, 2022, notwithstanding the Government's submission, ECF No. 7743, that the FBI requires an additional six weeks, until mid-April, to complete its production of documents declassified in accordance with President Biden's Executive Order 14040.

Plaintiffs bear no fault for the FBI's unfortunate failure to comply with the deadlines set by the President, nor are Plaintiffs responsible for any of the delays in discovery that have led to this juncture. In the interests of justice, and in order to ensure that the President's fundamental policy objectives in issuing the Executive Order are not undermined, Plaintiffs ask that the Court allow Plaintiffs until June 1, 2022 to serve their expert reports. Given the impending deadline, Plaintiffs respectfully request that the Court address this filing on an expedited basis, and set a conference as soon as possible, so that Plaintiffs can be heard on this critical issue.

In light of the unique circumstances presented here, it was clearly erroneous for the Magistrate Court to deny Plaintiffs' letter motion, ECF No. 7747, to extend by sixty days the date by which expert reports must be served. The President issued the Executive Order to ensure that Plaintiffs' claims against Saudi Arabia – arising from the worst terrorist attack ever

committed on U.S. soil and involving questions of historical importance to all Americans – would be decided on the basis of the most complete factual record possible. The categories of documents covered by the Executive Order were carefully tailored to correspond to the inquiry authorized by this Court's March 28, 2018 Order. Indeed, the Executive Order addressed the same individuals and transactions for which discovery was authorized and, notably, it ordered the release of information on the nature of the relationships between those actors and the government of Saudi Arabia.

The President's issuance of the Executive Order reflected a clear acknowledgement that the FBI's earlier approach to Plaintiffs' subpoena, and its invocation of the State Secrets privilege to shield entire categories of information, were infirm and invalid exercises of executive branch authority. The FBI has now released many of the very same documents it previously claimed would, if made public, pose an unacceptable threat to national security – without any discernible repercussions.

The documents that the FBI has not yet produced, despite its March 2, 2022 deadline, constitute evidence that Plaintiffs have diligently sought since the outset of discovery, should have received long ago, and remains critical to the formulation and presentation of Plaintiffs' experts' opinions. For example, the FBI is only now producing telephone records and analytic reports for the principal subjects of the investigation – including Omar al Bayoumi and Fahad al Thumairy. Evidence of this nature is commonly relied upon by the government in proving criminal conspiracies like the one at issue here, and similarly forms the crux of many aiding-and-abetting cases. That is precisely why plaintiffs sought this specific evidence from the FBI at the outset of discovery. The request for an extension is not a matter of Plaintiffs insisting on having "every last iota of possible material," ECF No. 7752 at 2, as the Magistrate Judge suggested.

Rather it is a singular set of circumstances in which integral evidence, prioritized by Plaintiffs from the beginning of discovery, is only now about to be produced some four years later.

Throughout those four years, Plaintiffs have diligently pursued every avenue in their efforts to obtain this very evidence, and to ensure that the litigation proceeds upon a substantially complete factual record. On parallel fronts, Plaintiffs pursued and fought to compel both the FBI and Saudi Arabia to produce key telephone call detail records, banking records and related analysis of those items. Saudi Arabia initially promised to provide document production from its Embassy and Consulate, but it then released only a limited range of self-selected documents and refused to produce its relevant phone call records. The FBI, having represented that its production would include phone and banking records,[1] missed the Court's July 2019 deadline to complete its searches and production. The FBI then proceeded to drip out additional tranches of documents for more than two years thereafter. Ultimately, many of the most pertinent phone and banking records were missing entirely and are only now being produced. That long sought-after evidence needs to be analyzed and reviewed by Plaintiffs' experts.

The United States has itself acknowledged that an adjustment of the expert deadline is in the interests of justice and would be consistent with the Executive Order's policy objectives, to "maximize transparency", ECF No 7743 at 2, and to allow "9/11 survivors and victims' family members" to "seek full accountability for the horrific attacks of September 11, 2001" (E.O. 14040 Sec. 1 ("Policy")).

---

[1] *In re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (SN) GBD), Judicial Conference before Magistrate Judge Netburn on October 13, 2018; submissions of Assistant United States Attorney Sarah Normand at pp. 15-16 of the Transcript (the government represented it was experiencing logistical difficulties accessing banking and phone records, could not provide a firm deadline, was actively working through those issues, and anticipated being done by January 2019).

Nowhere does the Magistrate Judge's Order cite any reason for upholding its April 1 deadline, other than its prior expression of intent to maintain its deadline. Due process requires that all parties' experts are afforded sufficient opportunity to review the complete factual record and that counsel have sufficient time to engage with experts. Especially since there is no trial or hearing date in this case, an aspiration to control the docket tightly and stick to a fixed calendar "is not an end in itself," and cannot be allowed to impair the fair chances of "justice for all litigants." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988).

The Court notes that the requested extension "would be tacked on to a discovery process that will already have lasted more than four years." ECF No. 7752 at 2. But the longevity of the litigation derives primarily from the sheer enormity and complexity of this case, and it cannot be invoked to deny Plaintiffs a modest period of relief from this deadline. The delays in the process are attributable to Saudi Arabia's and the FBI's resistance to discovery (requiring extensive motion practice), the FBI's painfully slow searches for documents in response to the subpoena, the lengthy (and dubious) State Secret process, and the global pandemic.  In light of this history, it was clearly erroneous for the Magistrate Court to punish the Plaintiffs solely for delays that were substantially precipitated by the actions of the FBI and Saudi Arabia.

The Magistrate Court fails to grapple with the fact that only one party is prejudiced by the April 1 deadline: the Plaintiffs, who subpoenaed the FBI phone records and other key documents at issue in April 2018, worked hard for years to get them promptly, and did not cause the delay. The prejudice is severe and completely unnecessary.  It can be alleviated by a modest extension. There is no undue prejudice shown to Saudi Arabia or any other party.

With the 9/11 Families on the cusp of obtaining the final production from the FBI – and with vital evidence still missing, including phone records that require analysis – due process and

4

fairness require that they be allowed a reasonable chance to make use of the materials as they "seek full accountability" in this case against Saudi Arabia, whose officials aided and abetted, provided material support to and conspired with al Qaeda and the 9/11 hijackers.

In sum, the Magistrate Court ignored important policy, equity and due process concerns by denying the 9/11 Families a short extension of time by which to provide their expert reports. Plaintiffs therefore object and ask this Court to set aside the Magistrate Court's March 15, 2022 Order and grant the needed sixty-day extension to the deadline by which Plaintiffs' expert reports must be served, until June 1, 2022.

Dated: New York, New York
       March 16, 2022

KREINDLER & KREINDLER LLP

By: /s/ *Steven R. Pounian*
STEVEN R. POUNIAN
JAMES P. KREINDLER
ANDREW J. MALONEY
MEGAN W. BENETT
JAMES GAVIN SIMPSON
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com
*For the Plaintiffs' Exec. Committees*

COZEN O'CONNOR

By: /s/ *Sean P. Carter*
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
*For the Plaintiffs' Exec. Committees*

MOTLEY RICE LLC

By: /s/ *Robert T. Haefele*
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Exec. Committees*