UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| FIONA HAVLISH, individually and on behalf of the ESTATE OF DONALD G. HAVLISH, JR., Deceased, *et al.*,<br><br>Creditors,<br><br>v.<br><br>THE TALIBAN, *et al.*,<br><br>Debtors,<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br><br>Garnishee. | Case No. 03-cv-9848 (GBD)(SN)<br><br>**DECLARATION OF DOUGLASS A. MITCHELL IN SUPPORT OF THE HAVLISH CREDITORS' MOTION FOR PARTIAL TURNOVER OF ASSETS FROM GARNISHEE FEDERAL RESERVE BANK OF NEW YORK** |

I, Douglass A. Mitchell, hereby declare:

1. I am an attorney duly licensed to practice law in the state of Nevada and admitted to the bar of this Court *pro hac vice*. I am a partner with Jenner & Block LLP, counsel to Judgment Creditors Fiona Havlish, et al (the "Havlish Creditors") in the above-captioned action. I make this declaration in support of the Havlish Creditors' Motion for Partial Turnover of Assets from Garnishee Federal Reserve Bank of New York. Except for those matters on information and belief, which I believe to be true, I have firsthand knowledge of the contents of this declaration and I could testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Writ of Execution issued by this Court against the assets of the Taliban, including the assets of Da Afghanistan Bank, at the Federal Reserve Bank of New York, dated August 27, 2021 (the "Havlish Writ"). That same

1

day, the Havlish Writ was hand-delivered to the United States Marshal for the Southern District of New York.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Havlish Writ as levied by the United States Marshal for the Southern District of New York against the assets of the Taliban, including the assets of Da Afghanistan Bank, at the Federal Reserve Bank of New York, including the Marshal's letter to the Federal Reserve Bank of New York notifying that institution of the levy dated September 13, 2021, which was previously filed in this action at *Havlish* Docket No. 526 as Exhibit A to the Government's September 16, 2021 letter to the Court requesting a stay of enforcement as to the Havlish Writ pending the Government's filing of a Statement of Interest pursuant to 28 U.S.C. § 517.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the United States Marshal Service's process receipt and return for the Havlish Writ, which the Marshal levied on September 14, 2021.

5. Attached hereto as **Exhibit 4** is a true and correct copy of Da Afghanistan Bank's ("DAB") consolidated financial statements for the year ending December 20, 2020.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the Yahoo Finance historical currency conversion table between Afghan afghanis and U.S. dollars for the month of December 2020, available at https://finance.yahoo.com/quote/AFNUSD%3DX/history?period1=1606780800&period2=1609286400. According to this table, one Afghan afghani was equivalent to 0.013 U.S. dollars on December 20, 2020. This is in accord with the exchange rate applied in the DAB consolidated financial statement, at page 2, which indicates a ratio of 77.11 afghanis per dollar, or 0.0129 dollars per afghani.

7.       Page 23 of the DAB consolidated financial statement indicates that the Bank held U.S. treasury bonds and bills worth 336,963,212,000 afghanis at the Federal Reserve Bank of New York on December 20, 2020. Based on the conversion ratio in paragraph 6, these bonds and bills were worth approximately $4,380,521,756.

8.       Page 21 of the DAB consolidated financial statement indicates that the Bank held gold reserves worth 101,770,256,000 afghanis at the Federal Reserve Bank of New York on December 20, 2020. Based on the conversion ratio in paragraph 6, these gold reserves were worth approximately $1,323,013,328.

9.       Attached as **Exhibit 6** is a true and correct copy of a screen capture from the Internet Archive dated August 17, 2021, available at https://web.archive.org/web/20210818064018/https://twitter.com/aahmady/status/1427883012348424192, of portions of an August 17, 2021 thread of tweets by Ajmal Ahmady, who served as the Governor of DAB prior to the Taliban takeover. According to Mr. Ahmady, DAB possessed $7.0 billion in reserves at the Federal Reserve Bank of New York as of the week prior to the Taliban takeover.

10.      The Havlish Creditors hold judgment from this Court for damages subject to execution under the Terrorism Risk Insurance Act of 2002 (*i.e.*, compensatory damages) in an amount totaling $2,086,386,669, including pre-judgment interest computed at an annually compounding rate of 4.96 percent and post-judgment interest (accrued through March 21, 2022) computed at an annually compounding rate of 0.18 percent. This amount was calculated by me as follows:

   a.    First, I calculated the subtotal of damages for pain and suffering of the decedents and for solatium by the survivors. In its judgment entered October 16, 2012, *Havlish* Dkt. 317, the Court awarded the Havlish Creditors damages for pain and suffering

of $94,000,000 and for solatium of $874,000,000, for a subtotal of $968,000,000. This subtotal is the amount on which pre-judgment interest can be calculated and awarded.

      b.    I then computed the pre-judgment interest amount on that $968,000,000 subtotal. Using an annually compounding rate of 4.96 percent, I calculated that pre-judgment interest had accrued in the amount of $689,014,013 between September 11, 2001 and the date of entry of final judgment on October 16, 2012. Thus, on the date of judgment, the total amount of damages awarded for pain and suffering and solatium, including pre-judgment interest on that amount, was $1,657,014,013.

      c.    The Court also awarded economic damages to the *Havlish* decedents' estates in the amount of $394,277,884. While pre-judgment interest cannot be calculated and awarded on this amount, post-judgment interest can. As a result, the total amount eligible for post-judgment interest is the sum of $394,277,884 and $1,657,014,013, or $2,051,291,897.

      d.    I then computed the post-judgment interest amount on that $2,051,291,897 total. Using an annually compounding rate of 0.18 percent, I calculated that post-judgment interest had accrued in the amount of $35,094,772 between October 16, 2012 and March 21, 2022.

      e.    The sum of $2,051,291,897 and $35,094,772 is $2,086,386,669, which represents Plaintiffs' award of compensatory damages (including all applicable interest as calculated through March 21, 2022).

11.    Eight of the Havlish Plaintiffs elected to take distributions from the Victims of State Sponsored Terrorism fund, thereby reducing the amounts collectable on their judgments. The total amount of those distributions was $9,799,107.74.

I declare that the foregoing is true under penalty of perjury of the laws of the United States.

Executed this 17th day of March, 2022, in Las Vegas, Nevada.

By: _____
Douglass A. Mitchell