LAW FIRM OF
## AARON J. BRODER & JONATHAN C. REITER
EMPIRE STATE BUILDING
350 FIFTH AVENUE, SUITE 6400
NEW YORK, NEW YORK 10118

(212) 736-0979
FAX (212) 268-5297

March 23, 2022

VIA ECF

The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

    Re: *In Re: Terrorist Attacks on September 11, 2001*
       03 MDL 1570 (GBD)(SN)

Honorable Judge Netburn:

    Our firm represents the estates of families who lost loved ones in the 9/11 terror attacks who claims were initially filed before this court in 2002 in the case entitled *Schneider v. al Qaeda Islamic Army, et. al.* Civil Action No. 02-7209. The claims of these estates were consolidated on November 19, 2003 into an action entitled *Ashton v. al Qaeda Islamic Army, et. al.*, Civil Action No. 02-6977.

    We write in response to the letter filed by Sean Carter writing on behalf of the *Federal Insurance, Burnett, O'Neill and Havilish* plaintiffs advising the Court of an "agreement in principle" amongst counsel representing these plaintiffs to resolve issues related to pending Taliban judgment applications and the distribution of blocked assets of the Da Afghanistan Bank (DAB) and requesting that this Court issue a final judgment in favor of the Federal Insurance plaintiffs to facilitate the agreement these parties have reached.

    We were just made aware that counsel representing *Federal Insurance, Burnett, O'Neill and Havilish* plaintiffs have been engaged in discussions as to the distribution of approximately $3.5 billion dollars held by the Federal Reserve Bank of New York (FRBNY) that remain blocked by President Biden's Executive Order issued on February 11, 2022. At no time was our firm consulted or contacted by any of the lawyers from the law firms representing these plaintiffs to discuss the terms of this "agreement" or to seek our input. and we are not aware of its terms. It has come to our attention that the attorneys representing these plaintiffs may seek to divide this money in a way that does not consider the fair and equitable distribution of these limited funds to

all of the 9/11 victims and their families. Our firm and its clients have significant concerns about this issue and raise these concerns for the Court's consideration.

It is our understanding that a briefing schedule regarding these funds was established by the Court. However, Mr. Carter's letter suggests that this maybe moot under the agreement reached by the *Federal Insurance, Burnett, O'Neill and Havilish* plaintiffs. We believe that the issue of equity lies at the heart of all issues arising out of Afgani blocked assets and these principles must apply with even more force to any agreement reached by counsel for *Federal Insurance, Burnett, O'Neill and Havilish* to distribute a limited pool of money equitably to all 9/11 families.

We join in counsel for the *Bauer* plaintiffs in stating that a Court appointed Special Master should be appointed to oversee the distribution of these funds. We believe that fairness lies at the heart of the issues related to the blocked funds.

We respectfully request that the Court consider the interests of all the families of the 9/11 terror attacks in dealing with these funds.

Respectfully submitted,

Meryl I. Schwartz