UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re* Terrorist Attacks on September 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| Estate of Alice Hoglan, by its personal representative Candyce S. Hoglan, et al., <br><br> Plaintiffs-Judgment Creditors, <br><br> v. <br><br> Oaktree Capital Management, LP; Fleetscape Capital Holdings Limited; and Fleetscape Suez Rajan LLC; <br><br> Garnishees. | Case No. 11-cv-7550 (GBD)(SN) |

## DECLARATION OF MARTIN GRAHAM

I, Martin Graham, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a managing director with Oaktree Capital Management, L.P. ("OCM"), and have held that position since March 2018. I have personal knowledge of the facts below.

*The Respondents*

2. Fleetscape Suez Rajan, LLC ("FSR") is a Marshall Islands limited liability company.

3. FSR is a subsidiary of Fleetscape Capital Limited, a Cayman Islands limited company, which entity has not been named in this proceeding ("Fleetscape Capital").

4. Fleetscape Capital is a subsidiary of Fleetscape Capital Holdings Limited ("Fleetscape Holdings"), a Cayman Islands limited company.

5. Neither FSR nor Fleetscape Holdings have any offices or operations in the state of New York.

6. Neither FSR nor Fleetscape Holdings conduct any business within the state of New York.

7. OCM is a Delaware limited partnership with its principal place of business in California.

1

8. OCM is an investment adviser which may at times provide investment services to investment vehicles, of which FSR and Fleetscape Holdings are indirect foreign subsidiaries.

9. None of the Respondents has any ownership interest whatsoever in the cargo aboard the vessel *Suez Rajan* (IMO No. 9524475) (the "Vessel"), be it oil or otherwise.

*History of the Vessel*

10. Prior to the sale-leaseback financing described below, the Vessel was owned by Suez Rajan Limited ("Suez Rajan").

11. Suez Rajan is neither owned, operated, managed, affiliated or otherwise controlled by any Respondent.

12. The Vessel is an oil tanker that was built in 2011 and which I understand has been under the operation and management of Empire Navigation Inc. ("Empire") since that time. *E.g.*, Exhibit 1 (Press Release) (September 2, 2011) (available at https://www.offshore-energy.biz/empire-navigation-takes-delivery-of-two-suez-max-tanker-built-by-hhi-yard-in-gunsan-south-korea/); Exhibit 2 (Permanent Certificate of Registry) (July 13, 2012) (reflecting Suez Rajan Limited as owner); Exhibit 3 (Safety Management Certificate) (issued to Empire in its capacity as the "Company" under paragraph 1.1.2 of the International Safety Management Code[1] dated August 19, 2016); Exhibit 4 (excerpted condition report issued October 30, 2020 with Vessel Particulars reflecting Suez Rajan as Owners and Empire as Managers).

*The Sale-Leaseback Financing Involving the Vessel*

13. FSR was established as of October 8, 2020 and holds title to the Vessel as registered owner as part of a sale-leaseback financing and bareboat charter agreement to Suez Rajan. Exhibit 5 (FSR Certificate of Formation).

14. In the sale-leaseback financing involving the Vessel, FSR purchased the Vessel but, as a condition of that purchase, FSR agreed to bareboat charter the Vessel back to Suez Rajan immediately after the sale, enabling Empire's uninterrupted operation and management of the Vessel.[2]

---

[1] Under Paragraph 1.1.2 of the ISM Code, the "Company" means "the owner of the ship or any other organization or person such as the manager, or the bareboat charterer, who has assumed the responsibility for operation of the ship from the shipowner and who, on assuming such responsibility, has agreed to take over all duties and responsibility imposed by the Code."

[2] By Memoranda of Agreements ("MOAs") dated February 16, 2021 and February 18, 2021, Suez Rajan sold its interest in the Vessel first to an entity wholly owned by Suez Rajan's parent company, and afterwards to FSR. The MOAs are attached as Exhibits 6 and 7.

15. Accordingly, Suez Rajan is in full possession, custody and control of the Vessel, under the terms of the bareboat charter agreement entered into between FSR and Suez Rajan on March 3, 2021 (the "Bareboat Agreement"). The Bareboat Agreement is attached as Exhibit 8.

16. In exchange for immediately reclaiming possession and control of the Vessel from FSR, Suez Rajan obtained capital and, under the Bareboat Agreement, agreed to remit periodic charter hire payments to FSR ("Hire"). *See* Ex. 8 at Clause 43.2.

17. In addition, as a condition of entering into the Bareboat Agreement, Empire provided a Manager's Undertaking, in which Empire confirmed to FSR, among other things, that it had been appointed by Suez Rajan as the commercial and technical manager of the Vessel, and that Empire would not, without FSR's prior written consent, sub-contract or delegate the commercial and technical management of the Vessel to any third party. *See* Exhibit 9 (Manager's Undertaking and Management Agreement).

18. Under the Management Agreement, Empire as ship managers are required to carry out management services as agents for and on behalf of Suez Rajan, including technical management, commercial management, and insurance arrangements. *See id.* at App. A (Management Agreement) at Clause 3 (Authority of the Managers).

19. With respect to Empire's commercial management responsibilities, this includes "seeking and negotiating employment for the Vessel and the conclusion (including the execution thereof) of charter parties or other contracts relating to the employment of the Vessel." *See id.* at App. A (Management Agreement) at Box 8 and Clause 6(a) (Commercial Management).

*The Bareboat Agreement and its Terms*

20. The Bareboat Agreement for the Vessel in this case was agreed on a BIMCO Standard Bareboat Charterparty form (BARECON 2017), with modifications in the Additional Clauses as agreed by the parties, for a period of five years commencing from the date of the Vessel's delivery to Suez Rajan on March 4, 2021 (the "Charter Period").[3]

21. Subject to the terms and conditions of the Bareboat Agreement, "during the Charter Period the Vessel shall be in the full possession and at the absolute disposal for all purposes of [Suez Rajan] and under their complete control in every respect." Ex. 8 at Clause 2; *see also id.* at Clause 13(d) (Suez Rajan shall "at their own expense crew, victual, operate, supply, fuel, maintain and repair the Vessel during the Charter Period and they shall be

---

[3] BARECON 2017 is the most recently published bareboat charter agreement form published by The Baltic and International Maritime Council ("BIMCO"). As described by BIMCO, "[i]t is a lease agreement whereby the charterer obtains possession and full control of the ship along with the legal and financial responsibility for it. The charterer generally pays for all operating expenses, including fuel, crew, maintenance, repairs, and P&I and hull insurance." BARECON 2017 Overview (*available at:* https://www.bimco.org/contracts-and-clauses/bimco-contracts/barecon-2017).

responsible for all costs and expenses whatsoever relating to their use and operation of the Vessel. . .").

22. FSR notably required extensive U.S. sanctions-related representations, warranties, and covenants from Suez Rajan that restrict Suez Rajan (and any sub-charterers) from engaging in any activities or otherwise using the Vessel in a manner that violates U.S. sanctions laws, even if those laws do not expressly apply to Suez Rajan. *See id.* at Clauses 51.25 (sanctions representations); 55.2.2 (providing that "the Charterers shall comply. . .in all respects with all Sanctions.") that 55.22 (sanctions undertakings); 57.17 (use of Vessel against Sanctions); 57.20.1 (compliance with laws).

23. None of the Respondents have possession, custody or control of the cargo aboard the Vessel, and accordingly cannot turn over or cause such cargo to be turned over to the Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 28, 2022.

_____
Martin Graham

4