

March 29, 2022

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax     215-701-2105
scarter1@cozen.com

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Plaintiffs in the *Burnett*, *O'Neill*, and *Federal Insurance* cases ("Moving Plaintiffs") write in furtherance of their letter of March 22, 2022, ECF No. 7790, in support of their motion for entry of judgment in favor of the *Federal Insurance* Plaintiffs, and to address responses to that letter now that the time for responses to it has passed.

      In their March 22, 2022 letter, Moving Plaintiffs respectfully requested that the Court enter a final judgment against the Taliban in favor of the *Federal Insurance* Plaintiffs pursuant to their 2007 motion for entry of a monetary award as to the Taliban. ECF No. 7790. As explained in their March 22, 2022 letter, prompt entry of that final judgment has long been delayed, would require little more than a ministerial act, and would facilitate the framework agreement concerning the allocation of Da Afghanistan Bank ("DAB") funds subject to turnover – while substantially narrowing, expediting, and simplifying the resolution of the range of issues before the Court relating to the turnover proceedings. Prompt entry of judgment would also protect the interests of all of 9/11-Taliban stakeholders relative to unsecured portions of the blocked DAB assets.

      While attorneys for two sets of plaintiffs from the *Ashton* group submitted substantially identical letters expressing concerns over the sharing of information concerning discussions that led to that framework agreement, *see* ECF Nos. 7792, 7793, lead counsel for the *Ashton* Plaintiffs have since confirmed that they were responsible for communicating with those attorneys and their clients and that those communication issues have been addressed. *See* ECF No. 7795. Aside from the internal information-sharing issues concerning only the *Ashton* Plaintiffs, the only other issue raised in those letters was the potential interest in pursuing arguments that this Court has equitable authority to direct a pro-rata distribution of the DAB funds, overseen by a Special Master. As indicated previously, the entry of the final judgment on behalf of the *Federal Insurance* Plaintiffs will in no way prevent them from making those arguments, should they choose that path instead of joining the framing agreement, and will instead merely protect the asset pool from attachment efforts by claimants from outside of the

Honorable Sarah Netburn
March 29, 2022
Page 2

_____

MDL while they make that decision. Notably, the letters did not provide any reason to conclude that presentation of such arguments would be foreclosed by entry of judgment now, nor did they make such arguments.

Accordingly, there is no legal or other impediment to the Court proceeding with the entry of the *Federal Insurance* final judgment.

Finally, entry of that judgment would serve to narrow issues and avoid burdening this Court, in light of the ongoing proceedings in the *Owens* Plaintiffs' separate action seeking a *prejudgment* attachment of the blocked DAB assets, and similar efforts that their initiative may encourage. In this regard, entry of judgment would remove any doubt about the capacity of the *Burnett*, *O'Neill*, and *Federal Insurance* Plaintiffs to participate in those proceedings in order to protect the interests of all 9/11-Taliban stakeholders. There is no legal basis for the *Owens* Plaintiffs' efforts to secure a prejudgment writ of attachment that could be held up as grounds to displace the priority of plaintiffs here or prevent turnover of the assets. Indeed, a contrary result would run afoul of both the Foreign Sovereign Immunities Act ("FSIA") and section 201 of the Terrorism Risk Insurance Act ("TRIA"), both of which prohibit any prejudgment attachment of the blocked DAB assets. *Stephens v. National Distillers and Chem. Corp.,* 69 F.3d 1226, 1229-30 (2d Cir. 1995) (FSIA prohibits prejudgment attachment of foreign state property and precludes use of state law prejudgment attachment mechanisms); *Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York,* 346 F.3d 264, 270-71 (2d Cir. 2003) (TRIA does not permit prejudgment attachments of blocked property). Accordingly, those applicable federal statutes render the prejudgment attachment procedure of CPLR § 6201 inapplicable and unavailable as to the blocked DAB assets. Entry of the requested final judgment will remove any doubt as to the Moving Plaintiffs' capacity to appear and present their important arguments on these and related points and regarding their entitlement to turnover of the funds, and thereby help to avoid complications this Court will likely otherwise face in the turnover proceedings.

We thank the Court in advance for the Court's consideration of the present application. Should the Court have any questions, Moving Plaintiffs would be happy to address them.

                                                   Respectfully submitted,

                                                   COZEN O'CONNOR

                                                   SEAN P. CARTER

cc:      Honorable George B. Daniels (via ECF)
           All MDL Counsel of Record (via ECF)