

March 30, 2022

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax      215-701-2105
scarter1@cozen.com

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The *Federal Insurance*, *Burnett*, and *O'Neill* Plaintiffs write briefly in response to the unauthorized sur-reply letter of Michel F. Baumeister, Esq., dated March 30, 2022, at ECF Nos. 7810-7811.

Mr. Baumeister's letter fails to address legally relevant issues concerning the motion for entry of judgment and provides no legal basis to delay or deny entry of judgment. Any objection to entry of the judgment at this juncture would, in any case, have been untimely. Unopposed entry of the *Federal Insurance* judgment is warranted because judgment as to liability was entered on all counts in 2006; the underlying motion for a damage award has been pending since 2007; that motion has already been substantively decided in the course of entry of judgments against co-defendants, along with the Taliban, for the same claims; and entry of the judgment at this point simply requires a ministerial act that will serve the interest of justice and protect the rights of the vast majority of the 9/11-Taliban stakeholders,[1] while also conserving precious judicial resources. Even apart from the *Federal Insurance* Plaintiffs' entitlement to entry of judgment, the substantial additional benefits that would flow from entry of the judgment have been discussed at the hearing on February 22, 2022 and were apparently welcomed by the Court at that time, as further discussed in Moving Plaintiffs' recent letters.

The communication matters addressed in Mr. Baumeister's letter do not warrant this Court's action. Even if the arrangements among potential judgment holders regarding funds that may be received were a matter of public concern, Mr. Baumeister has received the information at issue. As recently confirmed by lead counsel for the *Ashton* Plaintiffs at ECF No. 7795, attorneys at Kreindler & Kreindler were responsible for handling communications with Mr. Baumeister concerning the negotiations and framework and have done so as they described. As part of that process, the Baumeister firm participated in a nearly 2 hour call on March 24, 2022,

---

[1] Moving Plaintiffs' March 22, 2022 letter concerning the framework agreement was filed on behalf of the *Burnett*, *O'Neill*, *Havlish*, *Hoglan*, *Grazioso*, and *Federal Insurance* actions. ECF No. 7790. It should have indicated that it was on behalf of the *Ray* and *Ryan* Plaintiffs as well.

Honorable Sarah Netburn
March 30, 2022
Page 2

---

during which counsel at Motley Rice explained all relevant details of the framework agreement concerning the overall allocation of any funds that may become subject to turnover, among the *Havlish* Plaintiffs, the *Federal Insurance* Plaintiffs, and additional non-*Havlish* individual 9/11-Taliban stakeholders who have chosen or may choose to participate.  Thus, any suggestion that Mr. Baumeister is not aware of those details is not correct.

With regard to the specific details as to how the pool of funds set aside to compensate the individual non-*Havlish* 9/11-Taliban stakeholders would be allocated in the event a turnover order issues, that is a matter that exclusively concerns the *Burnett*, *O'Neill*, *Hoglan*, *Grazioso*, and (potentially) *Ashton* Plaintiffs.  Counsel for the *Burnett* Plaintiffs has explained to Mr. Baumeister and all other relevant *Ashton* counsel how such an allocation would be expected to work, and that it would likely be overseen by a special master appointed by those parties.  That process would not concern the *Havlish* or *Federal Insurance* Plaintiffs, nor would it necessitate action by this Court or otherwise present issues relevant to these judgment and turnover-related proceedings before it.  Specific arrangements relating to those allocations reflect private efforts to streamline determinations and serve to reduce the issues before the Court.

Respectfully submitted,

COZEN O'CONNOR

SEAN P. CARTER

cc:   The Honorable George B. Daniels (via ECF)
      All MDL Counsel of Record (via ECF)

LEGAL\57268001\1