UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    On March 30, 2022, the Court received a letter from the Women's Forum on Afghanistan. The letter's nine signatories are women who are "former Afghan government officials, members of Parliament, and civil society leaders" requesting that the Court consider the interests of the Afghan people in pending proceedings against assets of Da Afghanistan Bank. The Court interprets this Letter as a request for leave to accept it as an amicus brief. That request is granted.

    "There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court.'" Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc., No. 12-cv-7935 (ALC), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (quoting Onandaga Indian Nation v. State of New York, No. 97–cv–445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)) (alterations in original). Thus, "the decision to grant leave to file a brief [as an] amicus curiae is in the firm discretion of the court." Greenpoint Mortg. Funding, Inc., at *1.

    Participation as an amicus curiae is appropriate when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20-cv-10832 (AT), 2021 WL

4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (quoting Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007)), and when such participation does not "initiate, create, extend, or enlarge issues," Lehman XS Tr., Series 2006-GP2, 2014 WL 265784, at *2 (quoting Waste Mgmt. of Pennsylvania, Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).

No representative of the Afghan people is before the Court, even though the adjudication of entitlement to Da Afghanistan Bank assets may well impact their social and economic circumstances. Normally, a national government might be expected to protect these interests and raise such concerns to the Court. Here, though, as the U.S. Government has pointed out, Afghanistan has no recognized government. ECF No. 7661 at 34. This letter, which does not raise new legal issues or extend prior ones, therefore provides an appropriate means to give the Court information and insights that it would not otherwise have.

The letter from the Women's Forum on Afghanistan is accepted as an amicus brief related to the pending proceedings against assets of Da Afghanistan Bank. That letter is appended to this Order.

**SO ORDERED.**

Dated: March 31, 2022
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

cc:   Women's Forum on Afghanistan (by e-mail)



Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007                                                              March 30, 2022


Dear Judge Netburn,

We write to you as Afghan women leaders – former Afghan government officials, members of Parliament, and civil society leaders – currently exiled from our country and working under very dire circumstances for the benefit and well-being of the Afghan people.  The political and humanitarian crises in our country have left millions of people on the verge of mass starvation.  Our economy is in crisis, and we are fighting to protect and promote the fundamental human rights of women, which are under sustained attack by the Taliban who took over the country on August 15, 2021.

Through the Executive Order issued by the Biden Administration on February 11, 2022 regarding the assets of the central bank of Afghanistan, Da Afghanistan Bank (DAB), we became aware of the cases over which you are presiding which pertain to these funds, currently held by the Federal Reserve Bank of New York in the amount of $7 billion. The funds were frozen following the Taliban takeover of Afghanistan in August.  They belong to the people of Afghanistan and are critical to the stability of Afghan currency.  These are not funds that belong to the Taliban. They were frozen by the United States Government precisely to prevent the Taliban from taking them.

We have great sympathy for all victims of the 9/11 terrorist attacks in the United States, and we support their efforts and the efforts of their families to seek justice on their behalf.  However, we believe that any use of the funds of Da Afghanistan Bank that does not benefit the people of Afghanistan would be a wrongful taking of assets from the Afghan people, the rightful owner of these funds. We are not represented in this case, and yet we wanted to get our views to you before you make a decision on the claims that have been made on these funds.

We understand that the Executive Order of the Biden Administration, and the statement of interest that was made in this case by the US Government, was intended to protect $3.5 billion, or half of the funds of Da Afghanistan Bank that have been frozen.  We do not understand why this protection sought should not extend to the full $7 billion that have been frozen.  The arguments are the same.  These funds were put outside the country for the sole purpose of safeguarding them, and they are needed to support the Afghan currency.  We would expect US authorities, including the courts, to protect the assets of our central bank – not just half but in full.

Womens-Forum-Afghanistan.org
info@womens-forum-afghanistan.org

The underlying claims against these assets are apparently premised on the belief that they belong to or are controlled by the Taliban.  In fact, these assets are owned by the State of Afghanistan.  If the court accepts the claims that have been made, it will have implicitly recognized the Taliban. The United States has not recognized the Taliban as the Government of Afghanistan – no country in the world has recognized the Taliban as the Government of Afghanistan.

We respectfully ask you, in the interest of Afghan women and all people of Afghanistan, to protect the assets of our central bank from all including the Taliban.  We cannot imagine that the taking of these assets could be lawful under the circumstances, and we urge you to defend and uphold the sovereignty of the Afghan people in the context of the relevant cases you are currently considering.


Sincerely,


**Shaharzad Akbar** - Former Chair of the Afghanistan Independent Human Rights Commission

**Mary Akrami** - Executive Director of Afghan Women's Network

**Shukria Barakzai** - Former Afghan Member of Parliament

**Suraya Dalil** – Former Afghan Minister of Health

**Fatima Gailani** - Former President of the Afghan Red Crescent

**Fawzia Koofi** - Former Deputy Speaker of the Afghan Parliament

**Horia Mosadiq** - Afghan human rights activist, political analyst, and journalist

**Habiba Sarabi** - Former Afghan Minister for Women's Affairs. Former Governor of Bamyan Province

**Asila Wardak -** Former Director General of UN Affairs in the Afghan Ministry of Foreign Affairs, Founding Member of Afghan Women's Network