UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to*:
All Actions

## DECLARATION OF JAMES GAVIN SIMPSON REGARDING EXECUTION OF THIS COURT'S JUNE 9, 2021 HAGUE CONVENTION REQUEST TO THE UNITED KINGOM AND EVIDENTIAL MATERIALS THUS OBTAINED

I, James Gavin Simpson, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, as follows:

1. I am an attorney duly admitted before this Court, am Of Counsel to the firm of Kreindler & Kreindler LLP, attorneys for Plaintiffs, and am familiar with this litigation and the prior proceedings relevant to the subject motion.

2. I respectfully submit this Declaration on behalf of the Plaintiffs to update the Court regarding the June 9, 2021 Request to the United Kingdom Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters ("Request") (ECF 6384-1, 6858).

3. On June 9, 2021, upon this Court's approval of the Request, the seal of the United States District Court for the Southern District of New York was appended to the Request for its transmission to the Senior Master of the Royal Courts of Justice, in her capacity as United Kingdom Central Authority for Hague Convention Requests. I personally filed the Request with the Foreign Process Section of the Royal Courts of Justice in London, United Kingdom by means of registered mail received on June 18, 2021.

1

4.	The Request sought to obtain copies of evidential holdings (historical) from the Metropolitan Police Service at New Scotland Yard in London, United Kingdom ("MPS") in connection with Saudi government employee Omar al-Bayoumi. The MPS was cited as Respondent in foreign process proceedings before the United Kingdom High Court and the Request was duly transmitted to the MPS on July 12, 2021.

5.	On March 2, 2022, MPS Counsel sent to Plaintiffs the "Witness Statement of David McGillicuddy", dated March 1, 2022, which MPS served as notice of its compliance with the Request and description of the status and nature of the materials to be produced, including a provisional draft "Evidential Schedule" of the relevant material MPS proposed to disclose. A true and accurate copy of that Witness Statement is attached hereto as Exhibit A.

6.	Detective Superintendent McGillicuddy's statement represented that no claim would be made by the MPS for Public Interest Immunity ("PII"), which would have been necessary were the MPS materials to be provided under seal.  Indeed, all prior protective markings had been removed from the MPS materials for their declassification and disclosure to the Plaintiffs.  Detective Superintendent McGillicuddy stated:

> *"With the appropriate authority to do so, I have, as part of the review, authorised the material to be disclosed to the Applicants and it is no longer classified."*

Exh. A at ¶ 20.  Thus, there are no classification requirements attached to the MPS materials and they are presumed to be publicly available once published to court.

7.	In a Consent Order issued under the seal of the Senior Master of the UK High Court, dated March 10, 2022, the MPS was ordered to provide to the Plaintiffs all the documents and other materials listed in the "Evidential Schedule" as soon as practicable. A true and accurate copy of the UK High Court Order, in execution of this Court's Hague Convention Request, is attached hereto as Exhibit B.

8. The MPS Disclosure Team responsible for processing the MPS materials made clear that an in-person working session would be required in order to preserve operational and information security in the handover of the MPS materials to the Plaintiffs. At short notice, I travelled to London, UK in order to meet with the MPS Disclosure Team on March 23, 2022.

9. In a secure MPS facility in Earl's Court, London, I participated in a working session with the MPS Disclosure Team on March 23, 2022, during which we reviewed an updated version of the "Evidential Material Schedule" and ensured that its contents corresponded with digital files prepared on an encrypted hard-drive. Upon reviewing each item in the proposed evidential production, an MPS officer and I initialled the corresponding line of the printed Schedule. I was provided with a copy of the majority of the digital files *in situ* at the MPS facility in London. At the conclusion of the working session, my MPS counterpart and I signed the Schedule to signify this initial handover. A true and accurate copy of the signed and initialled MPS "Evidential Material Schedule" is attached hereto as Exhibit C.

10. The MPS put arrangements in place for the remaining materials in the MPS production, including a large quantity of videos, to be transferred electronically via a secure MPS-approved file-share site, to which I was given short-term access. The MPS Disclosure Officer uploaded the materials between March 28, 2022 and March 30, 2022. I downloaded these materials between March 28 and March 31, 2022. At the conclusion of this second component of the handover, the MPS prepared a document entitled "Evidential Material – Annex 1 - Videos", which was signed by the MPS officer upon verifying upload (dated March 31, 2022), and by myself upon verifying download (dated April 1, 2022). A true and accurate copy of the signed and initialled MPS "Evidential Material – Annex 1 - Videos" is attached hereto as Exhibit D.

11. I have carefully reviewed the content of the entire MPS production in digital form and confirmed that it corresponds with the Schedules produced by the MPS. In total, the MPS production comprises certified copies of a total of 360 individual evidential items, including more than 14,000 pages of documents, more than 20 hours of video footage, and multiple hours of audio recordings. Its combined digital file size exceeds 30 GB.

12. I have personally created a copy of the MPS production on a USB thumb drive for the purposes of depositing these materials with the Court immediately. The file names on the USB thumb drive correspond with the Unique Reference Numbers (URNs) used by MPS to label the files in the schedules at Exhibits C and D. Plaintiffs respectfully request permission to lodge this USB thumb drive with the Court, as we believe this format to be the most efficient manner of providing all responsive materials in a single filing.

13. On April 1, 2022, Plaintiffs' counsel shared the entire MPS production with the other parties in this litigation via a Dropbox file-share.

14. With this Declaration, I wish to notify Your Honor that Plaintiffs consider the Court's Hague Convention Request of June 9, 2021 to have been successfully executed. I have conveyed appreciation to the Senior Master of the Royal Courts of Justice, in her capacity as UK Central Authority, for the manner in which this Request has been handled and resolved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on April 5, 2022

/s/ *James Gavin Simpson*
James Gavin Simpson, Esq.