# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN)

### *Burnett* Plaintiffs' Memorandum In Support of Their Motion for Entry of Default Judgments Against The Taliban for *Burnett* Plaintiffs with Liability Defaults and Final Judgments Against Iran Defendants

For the reasons stated herein and as set forth in the accompanying Declaration of John M. Eubanks (hereinafter "Eubanks Decl."), the *Burnett* Plaintiffs seek an Order entering judgment against the Taliban and in favor of the indicated plaintiffs in the values set forth in Exhibits B-1, B-2, and B-3.  Consistent with the Court's existing practice in this MDL, Plaintiffs respectfully ask that the Court extend its previous rulings of Partial Final Default Judgments in the parallel case *Burnett, et al. v. Islamic Rep. of Iran*, Case No. 15-cv-9903 (GBD)(SN)[1], to Defendant The Taliban.  The Plaintiffs identified in Exhibit B, which is divided into three parts, constitute a subset of Plaintiffs included in the default judgment as to liability against The Taliban who each have had default judgments entered against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and/or the Central Bank of the Islamic Republic of Iran (collectively the "Iran Defendants").  These Plaintiffs respectfully ask that the Court extend to Defendant The Taliban the Court's previous rulings of Partial Final Default Judgment on behalf of the Exhibit B Plaintiffs that were entered against the Iran Defendants. Specifically, Exhibit B-1 sets forth those wrongful-death

---

[1] Certain claimants included on Exhibits B-1, B-2, and B-3 obtained their judgments against the Iran Defendants in other cases within this MDL; however, these claimants retained multiple law firms, and the firms that sought judgment on their behalf against Iran have not included these claimants on their pending motions for default judgment against The Taliban.

Plaintiffs on whose behalf their personal representatives have obtained prior judgments against the Iran Defendants including the values of those prior judgments. Exhibit B-2 sets forth those solatium Plaintiffs who have obtained prior judgments against the Iran Defendants including the values of those prior judgments. Exhibit B-3 sets forth those personal-injury Plaintiffs who have obtained prior judgments for pain and suffering damages against the Iran Defendants including the value of those prior judgments.

## ARGUMENT

I.    **The Court Should Extend to The Taliban Previous Default Judgments Against the Iran Defendants for Plaintiffs with Judgments Against the Iran Defendants who were included in the Default Liability Judgment Against The Taliban (Exhibits B-1, B-2, and B-3)**

On April 7, 2006, this Court entered default judgment as to liability against the Taliban (and 132 other defaulting defendants) in the case captioned *Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN). ECF No. 1756. That April 7, 2006 default judgment was entered in favor of 5,612 real parties in interest[2] in the *Burnett* action at the time. The specific plaintiffs with judgments against The Taliban are identified in Exhibit A which represents not only the real parties in interest, but also claimants on whose behalf these real parties in interest were pursuing claims in addition to their individual claims. While Exhibit A sets forth all of the claims encompassed by the default liability judgment entered by Judge Casey on April 7, 2006, Exhibit B breaks out into three separate categories those Plaintiffs explicitly appearing on Exhibit A who have obtained prior judgments against the Iran Defendants in these MDL proceedings. For each of the *Burnett* plaintiffs identified in Exhibit B, in addition to each plaintiff having a default

---

[2] The plaintiffs included 5,513 named plaintiffs (many of whom were pursuing claims in multiple capacities—i.e., individually, and as personal representative of the estate of the 9/11 decedent or as next of kin of minor children of the 9/11 decedent) and 99 plaintiffs who were, at the time, proceeding pseudonymously (many of whom were also pursuing their claims in dual or multiple capacities).

liability judgment against The Taliban, the Court has also entered a damages default judgment against the Iran Defendants in the values set forth in Exhibit B.  Through a series of orders issued in *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN), beginning on July 31, 2017, the Court has entered final default judgments against the Iran Defendants in favor of the plaintiffs identified in Exhibit B. *See, e.g.*, ECF Nos. 3666, 3984 (corrected 4023), 4126, 4146, 4175, 4712, 5061 (corrected 5062 and 6202), 5087 (corrected 6203 and 6205), 5092, 5138, 5151, 5356, 5854, 5946, 5948, 5955, 5957, 5975, 5979, 6034, 6035, 6037, 6038, 6039, 6042, 6044, 7188, 7287, and 7494).  Exhibit B-1 sets forth those 9/11 decedent estates for whom prior judgment has been entered by this Court, with the value of the damages awarded.  Exhibit B-2 sets forth solatium damages for close relations of individuals killed in the terrorist attacks on September 11, 2001.[3] Exhibit B-3 sets forth pain-and-suffering damages for those individuals who were injured in the terrorist attacks on September 11, 2001 but who did not succumb to those injuries.

The April 7, 2006 liability default judgment in *Burnett* was not reduced previously to a final judgment because individual damages assessments of the plaintiffs' claims had not been conducted, and other appearing (non-defaulting) defendants in the active MDL thereafter opposed

---

[3] Whereas Plaintiffs' collective claims against the Iran Defendants arise pursuant to 28 U.S.C. § 1605A(c) which provides an explicit right to solatium damages under the private right of action, Plaintiffs' claims against The Taliban arise under a number of different statutory schemes including under 18 U.S.C. § 2333(a) (the civil-damages provision of the ATA) and the common law.  To avoid any confusion regarding the availability of solatium damages under the ATA, Plaintiffs submit that courts addressing claims under the ATA have almost uniformly allowed "solatium damages in suits brought under the ATA regardless of the availability of such damages under the general tort law of the state in which the district court sits" as such damages evince the deterrent intent of the ATA as a mechanism in the fight against terrorism.  *See Rosenberg v. Lashkar-e-Taiba*, 2016 U.S. Dist. LEXIS 87724, at *75-*76 (E.D.N.Y. July 5, 2016); *see also Lelchook v. Commerzbank AG*, 2011 U.S. Dist. LEXIS 106305, at *6-*7 (S.D.N.Y. Aug. 1, 2011) ("permitting Plaintiffs to pursue claims for solatium damages is consistent with both the purpose of the ATA, and Congress' intention to incorporate traditional tort-law principles into the statute"); *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 152-53 (E.D.N.Y. 2020). "Family members do not need to be present for the terrorist attacks to recover under the ATA, because 'a terrorist attack is precisely the sort of situation in which presence at the time is not required in light of the severity of the act and the obvious range of potential grief and distress that directly results from such a heinous act.'" *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019). In short, courts addressing the viability of solatium claims under the ATA have adopted an almost-uniform view that solatium damages are available under the ATA in the same manner that they are available under the private right of action under 28 U.S.C. § 1605A(c) of the Foreign Sovereign Immunities Act.

the process.  In 2007, certain other plaintiffs in this MDL with similar Taliban judgments sought monetary awards in relation to their judgments against The Taliban, but procedural objections by appearing (non-defaulting) defendants at that time frustrated the process of reducing the default judgments as to liability to final damage judgments. *See, e.g*., ECF No. 688 (Federal Insurance Docket) and undocketed March 2, 2007 letter from the Defendants' Executive Committee to Judge Casey.  As a result, the 2007 motion was not addressed with regard to The Taliban until April 6, 2022. *See* ECF No. 7833.

This Court ruled, in 2011 and 2012, that default judgments against one defendant in favor of 9/11 plaintiffs are properly extended to other defendants as to whom the plaintiffs have liability judgments also for the September 11, 2001 attacks.  *See, e.g*., ECF No. 2582 (extending Federal Insurance's damage assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants).

For each of the *Burnett* Plaintiffs identified in Exhibit B, including 4,711 of the Plaintiffs incorporated within the 2006 Order, a default liability judgment against The Taliban has been entered, and the Court has also entered a liquidated damages default judgment against the Iran Defendants in the amount indicated on Exhibit B.

Here, consistent with the Court's practice, each of the Plaintiffs with existing liability default judgments against The Taliban, and who have secured monetary damage awards in the way of judgments against another defendant—namely, the Iran Defendants—ask that the Court extend their existing default damages assessments to The Taliban and enter final judgment against The Taliban.  To the extent the Court has already conducted damages inquests for plaintiffs with default liability judgments against The Taliban, in the context of default proceedings against the Iran Defendants, the *Burnett* Plaintiffs identified in Exhibits B-1, B-2, and B-3 ask that the Court extend

those awards to The Taliban consistent with this Court's practice with regards to other defendants.[4] The Court's prior ruling, regarding the joint and several liability of The Taliban, applies with equal force to further final judgments by this Court on the default judgments of liability held by the Plaintiffs who were also awarded monetary damages against the Iran Defendants. This Court has already considered the legal arguments and evidence presented in the case against the Iran Defendants and issued monetary judgments against the Iran Defendants based on that evidence. The extension of that ruling to The Taliban, and entry of a final judgment pursuant to Rule 54(b) as to The Taliban, is both appropriate and the most efficient means of safeguarding each Plaintiff's rights.  There can be no question The Taliban sponsored Osama bin Laden and was behind the September 11, 2001 attacks.[5]

Based on recent events, specifically, the recent sudden collapse of the Government of Afghanistan, entry of a final monetary judgment is important to protect Plaintiffs' rights as to the foreign terrorist organization The Taliban. As the Court has already ruled on these matters in multiple instances as to similarly situated defendants, to avoid any potential prejudice to their rights and interests, the *Burnett*/Iran Plaintiffs, identified in Exhibit B, ask the Court to assess damages against The Taliban, pursuant to its prior adoption of Magistrate Judge Maas' Report and Recommendation assessing damages jointly and severally against the sovereign and non-sovereign defendants, including The Taliban.[6]

---

[4] *See, e.g.* ECF No. 2582 (extending *Federal Insurance's* damages assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damages assessment against Iran to defaulting Non-Sovereign Defendants.
[5] U.S. National Commission on Terrorist Attacks upon the United States. *9/11 Commission Report: The Official Report of the 9/11 Commission and Related Publications.* by Thomas H. Kean and Lee Hamilton,  pp. 66-67, 125-126, 157, 170-171, 176,
[6] *See,* e.g., Order of October 3, 2012 (MDL 1570, ECF No. 2623) *supra.*

II.    **Plaintiffs' Claims Against the Taliban Arise Under the ATA, and Treble Damages Should Apply Here.**

Furthermore, Plaintiffs submit that, under the express terms of the ATA, they "*shall* recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the world "shall". *See United States v. Kahn,* 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, Plaintiffs submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. A separate column is included on Exhibits B-1, B-2, and B-3 indicating the final judgment after trebling of the damages values. The previously entered judgments against the Iran Defendants arose pursuant to 28 U.S.C. § 1605A(c) that requires—in the same manner as the ATA—that a claimant be either a United States national or the survivors or heirs of a United States national.  Therefore, standing under the ATA and the applicability of the mandatory trebling of damages has been previously established.

III.    **The Court Should Also Award Prejudgment Interest**

On the issue of prejudgment interest, this Court previously ruled that the rate of prejudgment interest of 4.96 percent interest per annum compounded annually was appropriate. (ECF No. 3384 at 6).  Accordingly, the *Burnett* Plaintiffs identified in Exhibit B ask that this Court direct that prejudgment interest of 4.96 percent, compounded annually, be awarded on their awards running from September 11, 2001 to the date of judgment.

IV.    **Plaintiffs seek to reserve their rights to seek economic damages, punitive damages, or other damages at a later time to the extent appropriate**

As has been the practice in the Court in addressing many of the motions for default judgments, Plaintiffs herein seek the Court's permission to apply for economic damages, punitive damages, or other damages later, consistent with any applicable future rulings and to supplement

the record as part of applications for those damages. This relief was recently granted to the Latent Injury Plaintiffs by the Court, and Plaintiffs seek to retain the ability to seek such other damages as are appropriate at a later time to the extent they are not addressed in this motion. Notwithstanding the deferral of the Court's determination of economic damages, punitive damages, or other damages until a later time, Plaintiffs submit, as set forth in Section II, *supra.,* the Court should treble each compensatory-damages judgment in accordance with the mandatory language of 18 U.S.C. § 2333(a) ("shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees"). While Plaintiffs would defer damages for the cost of suit and attorney's fees to a later date, they believe that trebling of the compensatory-damages award in this context would be appropriate.

Although the *Burnett* Plaintiffs identified in Exhibit B also assert their entitlement to punitive damages, in light of prior differing decisions on the proper punitive multiplier (compare, e.g., ECF 3175 at 3 with ECF 3384 at 6), Plaintiffs request permission to reserve the issue of punitive damages until a later date, as this Court has previously authorized. *See* ECF No. 3666.

## V.    Proposed Order

For the Court's convenience and consideration, a proposed form of Order, extending the prior rulings regarding partial final judgments in *Burnett et al. v. The Islamic Republic of Iran et al.*, is being filed contemporaneously with this motion. The proposed Order tracks the language of the Court's 2006 Order, including judgment against The Taliban, and the Court's July 31, 2017 Order directing entry of final judgment against the Iran Defendants.

## CONCLUSION

For the foregoing reasons, the *Burnett* Plaintiffs submit that a judgment awarding default damages judgments for the Plaintiffs identified on Exhibits B-1, B-2, and B-3 be awarded against

Defendant The Taliban in the values set forth in those exhibits.  Plaintiffs further submit that the judgments be trebled under 18 U.S.C. § 2333(a) and that prejudgment interest be applied to each judgment in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of the entry of this judgment.

Dated:  April 7, 2022                              Respectfully submitted,

                                                   MOTLEY RICE LLC


                                                   */S/ John M. Eubanks*_____
                                                   John M. Eubanks, Esq.
                                                   Jodi Westbrook Flowers, Esq.
                                                   Robert T. Haefele, Esq.
                                                   Jade Haileselassie, Esq.
                                                   28 Bridgeside Boulevard
                                                   Mount Pleasant, SC 29464
                                                   Tel: (843) 216-9000
                                                   Fax: (843) 216-9450
                                                   Email: jeubanks@motleyrice.com