KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 8, 2022

*Via ECF and electronic mail*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:     *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to request that the Court order the Plaintiffs' Executive Committees ("Plaintiffs") to reimburse costs and attorneys' fees that Saudi Arabia incurred in connection with Plaintiffs' unilateral decision on Friday, March 18, 2022, to cancel the testimony of Alp Karli. Karli's testimony was scheduled to take place in Istanbul, Turkey, on Tuesday, March 22, 2022, under letters of request sent by this Court to the Turkish Ministry of Justice. ECF No. 7762. On April 5, 2022, Saudi Arabia and Plaintiffs met and conferred by telephone concerning Saudi Arabia's request for costs and fees, but failed to reach agreement.[1] Plaintiffs oppose this request.

      **1.**     Alp Karli is a non-party living in Istanbul and is therefore outside of this Court's subpoena power. ECF No. 6800-5, at 1. On February 3, 2021, Plaintiffs contacted Karli's U.S. counsel to request that Karli voluntarily sit for a deposition. ECF No. 6800-1, ¶ 5. Karli declined. ECF No. 6800-5, at 1. On May 5 and 7, Plaintiffs submitted and then resubmitted an "urgent" request, ECF No. 6793, at 1, 2, to issue a letter rogatory to the Ministry of Justice of Turkey seeking assistance to compel Karli's testimony. ECF Nos. 6793, 6800. On May 11, the Court issued Plaintiffs' requested letter to the Turkish authorities. ECF No. 6803.

      Over the weeks and months that followed, Plaintiffs repeatedly followed up on their request, giving every indication they intended to proceed with Karli's testimony. They asked the Court to apostille a power of attorney form authorizing their local Turkish counsel to represent them, ECF No. 6821; and asked the Court to permit the testimony after the June 30, 2021 deadline for completing fact depositions, ECF Nos. 6847, 6884. In support of the latter request,

---

[1] Saudi Arabia originally contacted Plaintiffs on March 25, 2022, but Plaintiffs indicated that they were not available to meet and confer until this week.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
April 8, 2022
Page 2

they represented that Karli was a "key witness," ECF No. 6847, at 3-4,[2] and argued that, "as a matter of comity, it would be unusual for a U.S. court, having previously issued letters rogatory to a foreign judicial authority, to then request that that foreign judicial authority suspend its ongoing process," ECF No. 6884, at 2.

On July 2, 2021, the Court declined to "preclude Mr. Karli's deposition at this time." ECF No. 6906. On December 17, Plaintiffs advised the Court that a Turkish judge had scheduled a March 22, 2022 hearing in Istanbul to take Karli's testimony. ECF No. 7479. The same day, the *Ashton* Plaintiffs represented that they expected "to prepare and coordinate with Turkish counsel and possibly travel overseas" for the hearing, and proffered that as a basis for needing more time to file a reply in support of a motion for reconsideration. ECF No. 7480, at 3.

On January 25, 2022, this Court advised the parties that it had received a reply to its letters rogatory, which it directed to be filed and, a few days later, unsealed. ECF Nos. 7625, 7626, 7639. A certified, translated copy of the reply, which included an order from the Turkish court, is attached as Exhibit A. The reply confirmed that a hearing would take place in Istanbul on March 22 and directed that Plaintiffs' and Dallah Avco's Turkish counsel be present at the hearing. Ex. A, at 2. It further states that Turkish law would not permit any "audio or video recording" of the hearing "by anyone outside the officer of the court during the trial under any circumstances" and therefore that a "cameraman to be assigned by our court" would be the only one to "be present during the taking of the statement." *Id.*

As set forth in the declaration of counsel in support of this motion, Saudi Arabia retained Turkish counsel (Gökben Dirican) to represent it at the hearing. Ex. B, ¶ 3. It was and remains Saudi Arabia's understanding that, had the hearing gone forward, U.S. counsel would not be permitted to ask questions of Karli at the hearing. Only the Turkish court or Turkish counsel for the parties would be able to do so. *Id.* ¶¶ 3, 11.

**2.** On the evening of Wednesday, March 16, 2022, Saudi Arabia's U.S. counsel – Andrew C. Shen and Christopher M. Young – boarded a flight to Istanbul arriving on Thursday evening, Istanbul time. Ex. B, ¶ 2. On Friday, March 18, U.S. counsel met with and prepared Saudi Arabia's Turkish counsel to ask questions at the hearing. *Id.* ¶ 5. That same day, the Turkish court scheduled a meeting for the morning of Monday, March 21, to discuss in more detail the procedures for the March 22 hearing. *Id.* ¶ 6. The Turkish court notified all parties, including Plaintiffs, of the March 21 meeting. *Id.*

After the close of business (Istanbul time) on Friday, March 18, 2022, Plaintiffs emailed Saudi Arabia's counsel purporting to "cancel" Karli's testimony. ECF No. 7772-1. In their email, Plaintiffs stated that there was "simply not enough time for [them] to take [Karli's] deposition" and review "newly disclosed documents from the FBI and others" before the close

---

[2] ECF No. 6847 was filed under seal and marked as subject to the FBI Protective Order, but the quoted language is not FBI protected material. The FBI has so confirmed.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 8, 2022
Page 3

of expert discovery.  *Id.*  Plaintiffs further stated that some of that newly disclosed material "pertains to [Omar Al] Bayoumi and his employment, which renders the Karli deposition moot." *Id.*  Saudi Arabia advised Plaintiffs that its counsel were already in Istanbul and that Saudi Arabia reserved all rights in connection with the cancellation of the hearing.

Later that evening, Plaintiffs filed a letter with this Court stating that they had decided "to cancel the deposition of Alp Karli" and that they were "contacting [their] Turkish counsel to notify the court in Istanbul and Mr. Karli."  ECF No. 7762, at 1-2.  Despite that statement, Plaintiffs did not notify the Turkish court on Friday or over the weekend that they did not intend to take Karli's testimony. Ex. B, ¶ 10.  Nor did they at any time reach out to Karli's U.S. or Turkish counsel to inform them.  *Id.* ¶ 8.

On Monday, March 21, at 11:00 am (Istanbul time), the Turkish court held the scheduled meeting to discuss the procedures for the next day's hearing.  U.S. and Turkish counsel for Saudi Arabia, Dallah Avco, and Karli were present at the courthouse, although only Turkish counsel were permitted to participate directly.  *Id.* ¶ 9.  Neither U.S. nor Turkish counsel for Plaintiffs attended the meeting.  *Id.*  It is our understanding that Plaintiffs' Turkish counsel called the clerk of the Turkish court as the meeting began and informed the clerk that they would be filing a petition to waive the rogatory request to take Karli's testimony later in the day.  *Id.* ¶ 10. However, because Plaintiffs had yet to file any petition and did not show up at the meeting, the Turkish court ruled that the March 22 hearing would go forward.  *Id.*  At that time, it remained uncertain whether the Turkish court would take Karli's testimony.[3]  Because of that uncertainty, U.S. and Turkish counsel for Saudi Arabia continued to prepare for Karli's potential testimony.  *Id.* ¶ 11.

Immediately after the March 21, 2022 meeting with the Turkish court, Saudi Arabia and Dallah Avco filed an emergency motion with this Court requesting an order withdrawing the request for Karli's testimony.  ECF No. 7772.  This Court issued the order shortly thereafter, ECF No. 7774, transmitting it to the Turkish Ministry of Justice and the Turkish court.  In the early morning of March 22, Saudi Arabia's Turkish counsel secured a notarized translation of the Court's order and filed the notarized translation with the Turkish court. Ex. B, ¶¶ 12-13.

On Tuesday, March 22, at 10:00 am (Istanbul time), the parties attended a hearing before the Turkish court.  U.S. and Turkish counsel for Saudi Arabia, Dallah Avco, and Karli were present.  Turkish counsel for Plaintiffs appeared; their U.S. counsel did not.  The Turkish court acknowledged receipt of the notarized translation of this Court's March 21 order and ultimately ruled that it would not proceed with Karli's testimony.  Saudi Arabia's U.S. counsel returned to the United States the following day.

---

[3] It is Saudi Arabia's understanding that, in the Turkish courts, it is common for judges to question witnesses; counsel for the parties may but do not always participate. Ex. B, ¶ 11.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 8, 2022
Page 4

**3.**      Saudi Arabia respectfully requests that the Court order Plaintiffs to pay all attorneys' fees and costs incurred by Saudi Arabia in connection with (1) U.S. counsel's travel to Istanbul on March 16 and 17, 2022; (2) U.S. and Turkish counsel's preparation for Karli's testimony from March 18 to 22; (3) U.S. and Turkish counsel's appearance at the March 21 meeting with and the March 22 hearing before the Turkish court; (4) U.S. counsel's return from Istanbul; (5) U.S. counsel's lodging in Istanbul; and (6) reasonable fees for this motion.

Federal Rule of Civil Procedure 30(g) states that a party who notices a deposition but fails to "attend and proceed with the deposition" may be ordered to pay the other side's "reasonable expenses for attending, including attorney's fees." Fed. R. Civ. P. 30(g)(1). "District courts within the Second Circuit have awarded the costs of canceled depositions, including travel and lodging expenses, as well as expenses for the time expended by . . . attorneys preparing for the canceled depositions." *Ceglia v. Zuckerberg*, 2012 WL 5988637, at *5 (W.D.N.Y. Nov. 29, 2012).

In *Ceglia*, the court ordered the plaintiff to reimburse the defendants – under Rule 30(g) and the parties' deposition expense agreement – for attorney's fees, expert fees, appearance fees, and travel and lodging expenses incurred prior to the plaintiff's cancellations of several expert depositions (all scheduled domestically for the same time frame) with less than 48 hours' notice. *Id.* at *6-9.  The plaintiff did not reschedule most of the depositions.  *Id.* at *5.  The court explained that the plaintiff's cancellations of the depositions on "short notice" needlessly caused the defendants to incur attorney's fees and expert fees preparing for those depositions, and the lodging and travel expenses of several out-of-town experts who had traveled "several days prior" to their scheduled depositions to meet with defendants' attorneys.  *Id.* at *5-6.

Here, Plaintiffs emailed Saudi Arabia that they had "elected to cancel" the Turkish proceeding on the evening of Friday, March 18, 2022, one business day before the Tuesday hearing and zero business days before the scheduled Monday meeting.  ECF No. 7772-1.  At the time, Saudi Arabia's counsel were already in Istanbul preparing Turkish counsel to take Karli's testimony.  Also, because the hearing was ordered by Turkish authorities pursuant to a letter of request by this Court, Plaintiffs could not simply "cancel" the hearing.  *See infra* p. 5.  Given those circumstances, Plaintiffs' notice of their intent not to proceed with Karli's deposition was untimely.  *See Ceglia*, 2012 WL 5988637, at *5, *7 (collecting cases where courts awarded fees and/or costs in connection with depositions cancelled less than four days prior to their scheduled commencement); *see also Edmonds v. Seavey*, 2009 WL 1285526, at *3 (S.D.N.Y. May 5, 2009) (holding that Rule 30(g) sanctions are appropriate not only when a party does not "receive[] notice of cancellation at any time before actually departing for the deposition," but also when a party does receive notice prior to departing if the cancelling party's last-minute reversal "multiplies the costs of preparation"), *aff'd*, 379 F. App'x 62 (2d Cir. 2010).

**4.**      Plaintiffs have offered no reasonable basis for their last-minute cancellation. Their March 18, 2022 letter states that there was "simply not enough time" for them both to review recently released FBI documents and to take Karli's testimony because, on March 15, the

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, ᴘ.ʟ.ʟ.ᴄ.

The Honorable Sarah Netburn
April 8, 2022
Page 5

Court had declined to extend the April 1 expert discovery deadline. ECF No. 7762. As the Court observed in its March 15 order, the April 1 cutoff was a "firm deadline" set with a "finding that only 'extraordinary circumstances' would merit yet another delay." ECF No. 7752, at 2. If Plaintiffs were relying on the Court moving that deadline, that reliance was not reasonable.

Even if Plaintiffs could reasonably claim surprise from the Court's March 15 order, that would still not explain why they waited three days, until after the Friday close of business in Istanbul, to inform Saudi Arabia and Dallah Avco that they no longer wished to take Karli's testimony; why they waited six days, until the procedural meeting on Monday where the Turkish judge was expecting to see the parties, to inform the Turkish court, by telephone; or why they never reached out to Karli's counsel at all. Plaintiffs assert that their time is valuable but show no regard for the time of Saudi Arabia's counsel or of counsel for Dallah Avco and Karli.

Plaintiffs further claimed in their March 18 letter that the release of documents pursuant to President Biden's Executive Order includes material "pertain[ing] to Omar al-Bayoumi's employment" that "may also render the Karli deposition moot." ECF No. 7762, at 1. They did not then cite and have not since cited the documents on which they purported to rely. As their letter states the documents had arrived "yesterday and today," *id.* – that is, on March 17 and 18 – it is not plausible that Plaintiffs had a good-faith intent to take Karli's deposition up until those unspecified documents arrived and then suddenly changed their mind based on the documents.

During meet-and-confer discussions, Plaintiffs argued that they believed that the deposition could go forward by videoconference, which would not require U.S. counsel to travel to Istanbul. If they held such a belief, it was not reasonable given the Turkish court's order months earlier stating that only the court's own videographer would be present. *See* Ex. A, at 2. Nor did they ever communicate any such belief to Saudi Arabia, Dallah Avco, or Karli – all of whom had U.S. attorneys travel to Istanbul for an in-person hearing. In any event, any such belief still would not explain the last-minute nature of the cancellation.

Finally, beyond the costs to the parties, concerns of comity warrant a remedy for Plaintiffs' actions. Those actions were disrespectful to the Turkish court, which was honoring a request from this Court. As Plaintiffs themselves have explained, *see supra* pp. 1-2, this was not an ordinary deposition: it was a scheduled hearing before a foreign tribunal that had received through diplomatic channels a request from this Court on behalf of the United States. Plaintiffs could not unilaterally "cancel" Karli's testimony, as they purported to do in their email to Saudi Arabia and by letter to this Court, any more than they could cancel a hearing set by this Court without the Court's approval. Indeed, the Turkish court canceled the testimony only after receiving a notarized copy of this Court's order – triggered by Saudi Arabia and Dallah Avco's emergency motion – that it was withdrawing its request for assistance.

This Court should grant Saudi Arabia's request for costs and fees, and should direct the parties to meet and confer in a good-faith attempt to agree about the amounts due.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 8, 2022
Page 6

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:     All MDL Counsel of Record (via ECF)