# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
IN RE: TERRORIST ATTACKS ON         )   Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                  )   ECF Case
_____ )

This document relates to:

*All cases*

## DECLARATION OF ANDREW C. SHEN

I, Andrew C. Shen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that:

1. I am an attorney with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen") and represent Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in this litigation. I am admitted to practice in this Court.

2. On the evening of Wednesday, March 16, 2022, my colleague Christopher Young and I boarded a flight from Washington, D.C. to Istanbul, Turkey, to prepare for and participate in the March 22, 2022 hearing in Turkish court to take the testimony of Alp Karli. The flight landed on the evening of Thursday, March 17, 2022 (Istanbul time).

3. Mr. Young and I arrived in Turkey several days before the March 22, 2022 hearing because our understanding was that U.S. counsel would not be permitted to question Mr. Karli at the March 22 hearing and that any questions by counsel would be made by Turkish counsel who are licensed to practice in the Turkish court. Accordingly, it was necessary for Mr. Young and I to prepare Saudi Arabia's Turkish counsel, Gökben Dirican, to question Mr. Karli at the March 22 hearing.

4.	Due to our greater familiarity with the extensive discovery record and the issues presented in this litigation, Mr. Young and I also planned to attend the hearing in person to further support and advise Ms. Dirican with any issues that arose.  Ms. Dirican had arranged a translator to attend the hearing for that purpose.

5.	On Friday, March 18, 2022, Mr. Young and I met with Ms. Dirican and her partner Ali Gözütok, who would also appear at the March 22 hearing on behalf of Saudi Arabia, to prepare Ms. Dirican and Mr. Gözütok for the hearing.

6.	In the morning of Friday, March 18, 2022, the Turkish court scheduled a meeting with all parties participating in the March 22 hearing for 11:00 am (Istanbul time) on March 21 to discuss the procedures for the March 22 hearing.  It is my understanding, based on Ms. Dirican's discussions with the Turkish court, that the Turkish court notified all parties, including Plaintiffs, of the March 21 meeting.

7.	After the close of business (Istanbul time) on Friday, March 18, 2022, Andrew Maloney, U.S. counsel for the Plaintiffs' Executive Committees ("Plaintiffs"), emailed me purporting to "cancel" Mr. Karli's testimony.  A true and correct copy of that email is attached as Attachment A.

8.	Although Mr. Maloney's email states that Plaintiffs would notify counsel for Mr. Karli, it is my understanding from discussions with Mr. Karli's U.S. counsel that Plaintiffs never in fact notified Mr. Karli's counsel of the purported cancellation of his testimony.

9.	On Monday, March 21, 2022, at 11:00 am (Istanbul time), the Turkish court held the scheduled meeting to discuss the procedures for the next day's hearing.  U.S. and Turkish counsel for Saudi Arabia, Dallah Avco, and Mr. Karli were present at the courthouse, although

only Turkish counsel were permitted to participate in the meeting directly.  Neither U.S. nor Turkish counsel for Plaintiffs attended the meeting.

10.  It is my understanding that Plaintiffs' Turkish counsel called the clerk of the Turkish court as the meeting began and informed the clerk for the first time that they would be filing a petition to waive the rogatory request to take Mr. Karli's testimony later in the day. Because Plaintiffs had yet to file any petition and did not appear at the meeting, the Turkish court ruled that the March 22 hearing would go forward.

11.  At this point, it was still uncertain whether the Court would take Mr. Karli's testimony because the Turkish Ministry of Justice had not withdrawn its direction to the Turkish court.  It is my understanding that it is common in the Turkish courts for judges to question witnesses, even when counsel for one of the parties does not question the witness.  Accordingly, Ms. Dirican, Mr. Gözütok, Mr. Young, and I continued to prepare for the hearing.

12.  Immediately after the March 21, 2022 meeting with the Turkish Court, U.S. counsel for Saudi Arabia and Dallah Avco filed an emergency motion with this Court requesting an order withdrawing its request for Mr. Karli's testimony and further requesting that the Court transmit this order to the Turkish court and the Turkish Ministry of Justice.  The Court issued the requested order later that day.  Because of the time difference, the order was issued after business hours in Istanbul.  In the early morning of March 22, Ms. Dirican transmitted a notarized translation of this Court's March 21 order to the Turkish court.

13.  At 10:00 am (Istanbul time) on March 22, the Turkish court held the scheduled hearing.  U.S. and Turkish counsel for Saudi Arabia, Dallah Avco, and Mr. Karli were present. Turkish counsel for Plaintiffs were present, but not U.S. counsel.  The court acknowledged

receipt of the notarized translation of this Court's March 21 order and ultimately determined that it would not proceed with Mr. Karli's testimony.

14. On March 23, 2022, Mr. Young and I flew back to Washington, D.C.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 8, 2022

                                                                                  Andrew C. Shen