

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

April 11, 2022

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
   for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY  10007

BY ECF

      Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570 (S.D.N.Y.)

Dear Judge Netburn:

     We represent defendant Dallah Avco in the above-captioned case. On April 8, 2022, the Kingdom of Saudi Arabia submitted a motion for reimbursement of fees and expenses it incurred in connection with plaintiffs' last-minute decision not to proceed with taking the testimony of Alp Karli in Istanbul pursuant to the letters rogatory plaintiffs previously asked this Court to issue. Dkt. 7852. Dallah Avco similarly incurred fees and expenses in connection with those proceedings and respectfully requests that, to the extent the Court grants any relief in favor of the Kingdom, the Court also grant the same relief in favor of Dallah Avco. Plaintiffs have stated that they oppose this motion.

     As explained in the accompanying declaration of Robert K. Kry, Dallah Avco incurred substantial fees and expenses in connection with the Turkish proceedings. Dallah Avco engaged a Turkish law firm, Akinci Law Office, to represent it. Kry Decl. ¶ 3. Following that engagement, we understood, among other things, that the judge would likely take the lead role questioning the witness, although the parties could ask follow-up questions; that only Turkish attorneys, not U.S. counsel, could question the witness; and that U.S. counsel could attend the hearing to consult with and assist Turkish counsel. *Id.* Our firm therefore worked extensively to prepare Akinci for the hearing, including by identifying relevant documents and arranging for them to be translated, drafting and revising questioning outlines, meeting with Akinci by zoom and in person in advance of the hearing, travelling to Istanbul to attend the hearing, and engaging interpreters for the hearing. *Id.* ¶ 4.

     Dallah Avco's situation is different from the Kingdom's in that Dallah Avco received plaintiffs' notice purporting to "cancel" the hearing the day before Dallah Avco's U.S. counsel were scheduled to depart for Istanbul. Kry Decl. ¶ 5. Nonetheless, Akinci advised Dallah Avco that (1) because the Turkish court was acting under the instructions of the Turkish Ministry of

Justice pursuant to this Court's letters rogatory, the Turkish court would not cancel the hearing merely because plaintiffs no longer wished to proceed; and (2) although the parties could ask the Turkish court to adjourn the hearing pending a formal withdrawal of the letters rogatory, it was unlikely the court would adjourn the hearing absent further instructions that the letters rogatory were being withdrawn. *Id.* Given the serious risk that the hearing would go forward despite plaintiffs' purported cancellation, and that the judge might question the witness even if no party asked any questions, we concluded that Dallah Avco's U.S. counsel should travel to Istanbul as planned. *Id.* ¶ 6. Dallah Avco submits that this was a reasonable decision under the circumstances and does not justify denying it any reimbursement for fees and expenses to which the Court concludes the Kingdom may be entitled.

Dallah Avco otherwise adopts the Kingdom's legal arguments and authorities as set forth in the Kingdom's letter. We thank the Court for its consideration of this request.

Respectfully submitted,

Robert Kry

cc: All counsel by ECF