UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001<br><br>*This document relates to:*<br>All cases | No. 03 MDL 1570 GBD SN |

# DECLARATION OF ROBERT K. KRY

Pursuant to 28 U.S.C. § 1746, ROBERT K. KRY declares as follows:

1. I am a member of the bar of this Court and a partner at MoloLamken LLP. Together with Eric Nitz, also a partner at MoloLamken, I represent defendant Dallah Trans Arabia Co. f/k/a Dallah Avco Trans Arabia Co. ("Dallah Avco") in this action.

2. In May 2021, this Court issued letters rogatory seeking the testimony of Alp Karli, a Turkish citizen residing in Istanbul. By order dated December 17, 2021, posted to the Court's docket in this case on January 25, 2022 (Dkt. 7625), the Turkish court scheduled a hearing to take Alp Karli's testimony in Istanbul on March 22, 2022.

3. In August 2021, Dallah Avco engaged a Turkish law firm, Akinci Law Office, to represent it in the Turkish proceedings and to advise it about the procedures that would be followed. Following that engagement, I understood that (1) the proceedings would be conducted in person, not by videoconference; (2) the judge would likely take the lead role questioning the witness, although the parties could ask follow-up questions; (3) only Turkish attorneys, not U.S. counsel, could question the witness; (4) U.S. counsel could attend the hearing to consult with and assist Turkish counsel; (5) the proceedings would be conducted in Turkish, although the parties could bring interpreters; and (6) it was unclear whether the court would permit the use of documents during questioning, but any documents would have to be translated into Turkish.

4. In light of those procedures, Eric Nitz and I devoted substantial time to preparing the Akinci lawyers to question Mr. Karli during the March 22 hearing. Between February 7 and March 2, we identified relevant documents and sent them to Akinci for translation. Between March 12 and March 17, we prepared multiple questioning outlines for Akinci to use at the hearing. On March 15, we held a 90-minute zoom meeting with Akinci to prepare for the hearing, and on March 21, we held another meeting with Akinci in person. To enable us to assist Akinci as the hearing unfolded, Mr. Nitz and I made plans to travel to Istanbul, leaving on Saturday, March 19, and returning Wednesday, March 23. Our firm also engaged interpreters to attend the hearing on March 22 (the interpreter's office policy required two interpreters working seriatim for any engagement lasting more than one hour).

5. At 11:39 a.m. EDT on Friday, March 18, the day before we were scheduled to depart for Istanbul, I received an email from plaintiffs' counsel purporting to "cancel" the March 22 hearing. Over the next 24 hours, I exchanged several emails with Akinci about the impact of that notice. Akinci advised us that (1) because the Turkish court was acting under the instructions of the Turkish Ministry of Justice pursuant to this Court's letters rogatory, the Turkish court would not cancel the hearing merely because plaintiffs no longer wished to proceed; and (2) although the parties could ask the Turkish court to adjourn the hearing pending a formal withdrawal of the letters rogatory, it was unlikely the court would adjourn the hearing absent further instructions that the letters rogatory were being withdrawn.

6. Based on the foregoing, I concluded that, to represent Dallah Avco's interests effectively, Mr. Nitz and I should travel to Istanbul as planned. In particular, given the prospect that the Turkish judge would question Mr. Karli even if no party asked any questions, I concluded that we should be present in Istanbul to assist Akinci with any follow-up questions.

7. Mr. Nitz and I therefore traveled to Istanbul as planned on March 19. We met with Akinci and went to the courthouse the morning of March 21 for the court's procedural meeting (although only Turkish lawyers were allowed in the room for that meeting). We then met with Akinci for our in-person preparation meeting that afternoon. The next morning, we attended the March 22 hearing with two Akinci lawyers and the two interpreters we had engaged.

8. After the procedural meeting on March 21, I collaborated with the Kingdom of Saudi Arabia's U.S. counsel to submit an emergency motion to this Court requesting that the Court formally withdraw the letters rogatory. The Court granted that motion later the same day, after the close of business in Istanbul (Dkt. 7774). I understand that the Kingdom's Turkish counsel submitted a translated copy of that order to the Turkish court the following morning, before the March 22 hearing began.

9. The March 22 hearing lasted about 30 minutes. The Turkish court addressed various procedural matters and summoned Mr. Karli into the courtroom. Based on this Court's withdrawal order, and the consent of all parties, the court excused Mr. Karli from the courtroom without asking him any questions.

10. As set forth above, Mr. Nitz and I devoted substantial time to preparing for and attending the Istanbul proceedings. Dallah Avco also incurred substantial fees to Akinci for its representation. Finally, our firm and Akinci incurred significant expenses that have been or will be billed to Dallah Avco, including (1) airfare and hotel accommodations for Mr. Nitz and me; (2) engagement of the two interpreters; (3) translation of documents for the hearing; and (4) certain sundry expenses incurred by Akinci.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2022  
Washington, D.C.

_____  
Robert K. Kry