# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

April 19, 2022

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn,

Plaintiffs respectfully respond and object to the April 8 and 11, 2022 letter motions filed by the Kingdom of Saudi Arabia, ECF No. 7852, and Dallah Avco, ECF No. 7871, requesting costs and fees for their respective trips to Istanbul, Turkey in conjunction with the deposition of Mr. Alp Karli, originally scheduled for March 22, 2022. Both motions should be denied. Defense counsel disregarded this Court's Order for videoconference depositions, ECF No. 6546, which has been in place and observed throughout the ongoing global Covid-19 pandemic. Instead, counsel for Saudi Arabia and Dallah Avco travelled to Turkey despite pending, unresolved applications filed by Plaintiffs before the Istanbul Court regarding whether and how the deposition could proceed in accordance with this Court's Hague Convention Request and its prior Order. In advance of defense counsel boarding their flights to travel to Turkey, Plaintiffs had filed an application providing notice that the deposition had to be adjourned until the outstanding issues were resolved, and that the deposition could not go forward on March 22. The Istanbul Court had not yet decided whether U.S. counsel could appear by videoconference, and what role, if any, U.S. counsel could have at the deposition. At no time did counsel for either Saudi Arabia or Dallah Avco reach out to the PECs to discuss the substantial uncertainties about the deposition. The PECs had no idea that defense counsel would travel to Istanbul before the key procedural issues were resolved.

In light of the global pandemic – and at Saudi Arabia's insistence – this Court ordered in December 2020, ECF No. 6546, that all depositions in this MDL were to be conducted remotely,

The Honorable Sarah Netburn
April 19, 2022
Page 2

by videoconference. Following that Order, every deposition in the MDL was conducted by remote means, irrespective of the location of the witness. Notably, the prior deposition conducted pursuant to a Hague Convention Request, the deposition of Mohdhar Abdullah under the supervision of a Swedish court on May 7 & 10, 2021, was arranged to permit U.S. counsel for all parties to participate remotely via videoconference. The Hague Convention Request to Turkey for the deposition of Mr. Karli, approved by this Court on May 11, 2021 (the day after the Abdullah deposition concluded), was based on the Hague Convention Request previously executed by the Swedish court, and included an identical request to allow U.S. counsel to question the witness. ECF No. 6803 at ¶12. Plaintiffs contemplated that U.S. counsel would participate remotely based on this Court's Order, ECF No. 6546, the prior Abdullah deposition in Sweden, and Turkish procedure, which permitted the Istanbul Court to grant a request for U.S. counsel to appear by videoconference. Maloney Dec'l at ¶ 7.

Furthermore, since well before the Court's December 2020 Order, the parties in this MDL have all adhered to an established practice regarding overseas travel for the purposes of conducting depositions, whereby travelling counsel contact other counsel prior to departure to confirm the arrangements in place for the deposition(s) in question. Maloney Dec'l at ¶ 12. Yet neither counsel for Saudi Arabia nor counsel for Dallah Avco reached out to the PECs before flying to Turkey. *Id.* at 13. Moreover, the record shows that the circumstances of both trips weighed against the decision of defense counsel to travel overseas, particularly without checking first with the PECs.

Plaintiffs' Turkish counsel filed a petition with the Istanbul court on February 23, 2022, a copy of which accompanies the Declaration of Plaintiffs' Turkish counsel, Sabahat Elif İpek. Attached hereto as Annex 1, and Annex 1, Ex. A. Plaintiffs' petition asked the Istanbul Court to: (1) allow U.S. counsel to participate by videoconference; and (2) permit U.S. counsel to ask questions of the witness, as counsel had done in all prior depositions in this phase of the MDL, including the aforementioned Swedish precedent. Annex 1, Ex. A at 36. The Istanbul Court's Document of Receipt shows that Plaintiffs' "Petition for Declaration" was added to the relevant docket and recorded in the Turkish online judicial filing system on February 23, 2022. Annex 1, Ex. A at 37. Turkish counsel for Saudi Arabia and Dallah Avco were no doubt following the docket before the Istanbul Court and apprising U.S. counsel of all relevant developments.

On March 15, 2022, because "the Judge had not yet rendered any decision on the procedures that would be applied," Annex 1 at ¶13, Plaintiffs' Turkish counsel filed a second petition requesting an adjournment of the deposition. *See* Annex 1, Ex. B.[1] This petition provided notice to defense counsel that the deposition could not proceed on March 22, 2022. The petition cited to the facts that "the procedure by which the witness hearing will be conducted is unclear," and that "it was not possible for the Plaintiffs' and Defendants' attorneys, whom we

---

[1] The Clerk of the Istanbul Court told Plaintiffs' Turkish counsel that the Judge was on vacation and would return on March 8, 2022. Turkish counsel visited the Istanbul Court in person on March 9 to learn the status of the pending application and were told that the Judge had decided to extend his leave. On March 15, Plaintiffs then filed their adjournment request because of the need for more time to resolve the outstanding issues concerning the participation by U.S. counsel by videoconference. Annex 1 at ¶12-14.

requested to actively participate… to do the necessary work for the hearing, due to the uncertainty of the procedure." Annex 1 at ¶13.

Plaintiffs' petition for adjournment of the deposition was docketed in Istanbul at 7:02 a.m. Eastern Daylight Time on March 15, 2022, approximately 36 hours before U.S. counsel for Saudi Arabia boarded their flight to Istanbul ("on the evening of Wednesday, March 16, 2022," ECF No. 7852-2 at ¶2), and four days before U.S. counsel for Dallah Avco "traveled to Istanbul as planned on March 19." ECF No. 7871-1 at ¶7.[2]

On March 18, 2022, the PECs decided to cancel the deposition of Mr. Karli entirely, because the Turkish court had still not decided Plaintiffs' pending applications for an adjournment and to allow U.S. counsel to participate by videoconference. Maloney Dec'l at ¶ 15. Plaintiffs did not know or expect that any U.S. counsel would be heading to Istanbul. *Id.* at ¶ 17. Certainly, Plaintiffs could not have known that opposing counsel would travel six days before the scheduled deposition (in the case of Saudi Arabia's counsel), or on the day after being advised that Plaintiffs had cancelled the deposition (in the case of Dallah Avco). *Id.* Plaintiffs notified U.S. counsel by e-mail at 11:39 a.m. EDT on March 18, 2022 and asked Turkish counsel to inform the Istanbul Court of the cancellation, equipped with Plaintiffs' letter requesting withdrawal of this Court's Hague Convention Request and termination of associated filings. Annex 1 at ¶17.

Saudi Arabia had previously tendered staunch opposition to Plaintiffs' proposals to conduct in-person depositions, ECF Nos. 6465, 6469; indeed, the Kingdom's counsel represented that they "have taken and defended dozens of remote depositions in numerous cases," and that "[t]hose depositions have… proceeded efficiently and without issue." Dallah Avco's counsel have always remained in lockstep with the Kingdom on this matter. Indeed, Dallah's counsel have advised this Court that they prepared for the deposition of Mr. Karli remotely in the weeks leading up to the scheduled date: "Between March 12 and March 17, we prepared multiple questioning outlines for [Turkish counsel] Akinci to use at the hearing. On March 15, we held a 90-minute zoom meeting [from the U.S.] with Akinci to prepare for the hearing, and on March 21 [having traveled to Istanbul], we held another meeting with Akinci in person." ECF No. 7871-1, Kry Dec'l. at ¶4. Yet the Kingdom's counsel now represent that they had discounted the prospect of participating remotely in the proposed deposition – even though the Turkish court had yet to pronounce on the participation of U.S. counsel by videoconference[3]

---

[2] After already requesting an adjournment because of the need to resolve the deposition procedures, Plaintiffs would find themselves under even more intense time pressure by the afternoon of March 15, 2022, as a result of this Court's Order denying Plaintiffs' motion for extension of time to file expert reports. ECF No. 7752. The pace and volume of releases by the FBI and other federal agencies reached its peak in the second half of March 2022, and Plaintiffs' counsel were required to meet and confer with each other and with multiple experts simultaneously, not least to keep them apprised of the latest disclosures. The expert report deadline was maintained as April 1, 2022 – less than ten days after the proposed deposition of Mr. Karli.

[3] Saudi Arabia's motion mis-states the content of the Istanbul Court's Preliminary Proceedings Report when it rules out videoconferencing on the basis of Mr. Shen's understanding that a "cameraman to be assigned by our court" would be the only one to "be present during the taking of the statement." Most Turkish courts are well-equipped and accustomed to conducting hearings via video-link, Annex 1 at ¶8, 10, and the court-appointed videographer could display the deponent for a videoconference. The clause emphasized in the Istanbul Court's Report, similarly

The Honorable Sarah Netburn
April 19, 2022
Page 4

– and headed to Istanbul "to prepare for and participate in the March 22, 2022 hearing in Turkish court." ECF No. 7852-2 at ¶2. Quite apart from the inherent contradiction between counsel's actions and Saudi Arabia's previously stated position, the Kingdom's counsel traveled to Turkey on what proved to be "an uncertain hope of attending the proposed hearing, let alone participating in person." Annex 1 at ¶9.

There was no reasonable basis in the circumstances for Plaintiffs to anticipate that any U.S. counsel would travel to Turkey based upon such uncertain premises. Here, the circumstances included: this Court's Order requiring that all depositions be conducted remotely; the prior history, following this Court's Order, that no deposition was conducted by means other than videoconference, in the U.S. and elsewhere; Plaintiffs' pending, undecided application before the Istanbul Court to allow U.S. counsel to participate through videoconference; Plaintiffs' notice that they did not intend to proceed with the deposition on March 22, 2022 but were seeking an adjournment; the cancellation of the deposition on March 18, 2022; and the failure of defense counsel to advise the PECs in advance of their intention to travel to Turkey, despite the prior practice in this litigation. Nor is there any suggestion of bad faith on the part of the Plaintiffs, who clearly stated their request to conduct the deposition by videoconference.[4]

There is no case law that supports the motions of Saudi Arabia and Dallah Avco. Even in simple situations where a notice of cancellation was provided several days before a deposition, courts have denied recovery. In *Donini Int'l, S.P.A. v. Satec (U.S.A.), LLC*, 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006), the court concluded that where oral notice of cancellation was provided at least two days prior to the deposition, "I do not find that this constitutes insufficient notice of cancellation warranting the award of attorneys' fees and costs. Without further facts indicating that . . . expenditures could not have been averted on two days' notice, I cannot award costs to plaintiff for its expense." In *Doe I v. Exxon Mobil Corp.*, 539 F. Supp. 3d 59, 81

---

to recent telephonic hearings before this Court, aimed to restrict *recording* of the proceedings, not to rule out the use of videoconferencing.

[4] The effort of Saudi Arabia and Dallah Avco to sanction Plaintiffs stands in stark contrast to Plaintiffs' approach to the numerous previous occasions when Defendants' witnesses have failed to appear for depositions. For example, in July 2019, Plaintiffs' counsel traveled to Madrid, Spain having confirmed in advance the scheduled deposition of Ibrahim Anwar Ibrahim, a WAMY witness, only to be alerted after arriving in Madrid that Ibrahim would not be appearing. Rather than seeking to charge the defendant, Plaintiffs' counsel brought forward another deposition by several days, thus sparing all counsel several days' wasted time. Plaintiffs incurred significant expenses to accommodate the changed schedule, including local printing of documents that were to be shipped later, and compressed their deposition preparations into a much shorter time. Plaintiffs understand that their good faith accommodations obviated the need for one of Saudi Arabia's attorneys to travel to Madrid, as had been planned. Similarly, in March 2019, the last-minute cancellation of the deposition of IIRO witness Abderrouf al Sharman resulted in Plaintiffs spending considerable time and finances for a trip on which only one deposition was taken. Finally, by Order dated June 14, 2019 (ECF No. 4588), the Court directed WAMY to produce a Rule 30(b)(6) witness to testify in relation to WAMY's relationship with the Kingdom of Saudi Arabia, including all financial support received from the Saudi Royal Family. WAMY subsequently designated its long-time Secretary General, Dr. Saleh al Wohaibi, to provide the relevant testimony. However, despite the Court's Order, when Plaintiffs' counsel questioned Dr. Wohaibi at his deposition about financial contributions from members of the Saudi Royal Family, Dr. Wohaibi (1) refused to testify as to those matters, and (2) stated that WAMY had not inquired into the extent of such funding prior to his deposition. By way of explaining Dr. Wohaibi's effective failure to appear for his deposition on those key matters, defense counsel revealed that WAMY and the Kingdom of Saudi Arabia were invoking a common interest privilege. Dep. Tr. of Dr. Saleh al Wohaibi, October 23, 2019 at 160:14 to 161:22.

The Honorable Sarah Netburn
April 19, 2022
Page 5

(D.D.C. 2021), the court denied a motion for sanctions when defendant had "three days to respond to the cancellation," observing that "[w]hat notice is appropriate depends on the circumstances of cancellation." In *Kane v. U-Haul Int'l, Inc*., No. CV 01-6002 (SSB), 2005 WL 8174786, at *2 (D.N.J. July 22, 2005), the court found that a plaintiff's oral notice of cancellation five days before the deposition, followed by written confirmation the day before the deposition, was sufficient.

The circumstances here are distinguishable from those in *Ceglia v. Zuckerberg*, 2012 WL 5988637 (W.D.N.Y. Nov. 29, 2012), cited by Saudi Arabia. The party in *Ceglia* knew that a group of experts had to travel to New York in advance of their depositions at considerable expense. It was specifically acknowledged that costs would necessarily be incurred for the experts' time and travel expenses. But here, counsel for Saudi Arabia and Dallah Avco decided on their own to travel to Istanbul for reasons that were never communicated to Plaintiffs, could not have been anticipated, and were entirely unreasonable.

Defendants request for extraordinary relief for costs and fees should be denied.

Respectfully submitted,

| KREINDLER & KREINDLER | MOTLEY RICE |
|---|---|
| /s/ *Andrew J. Maloney, Esquire* | /s/ *Robert T. Haefele, Esquire* |
| Andrew J. Maloney, Esquire | Robert T. Haefele, Esquire |
| James P. Kreindler, Esquire | 28 Bridgeside Boulevard |
| Steven R. Pounian, Esquire | Mt. Pleasant, SC 29464 |
| Megan W Benett, Esquire | MDL 1570 Plaintiffs' Exec. Committee |
| James Gavin Simpson, Esquire | for Personal Injury and Death Claims |
| 485 Lexington Avenue, 28th Fl. | |
| New York, NY 10017 | |
| MDL 1570 Plaintiffs' Exec. Committee | |
| for Personal Injury and Death Claims | |

COZEN O'CONNOR
 /s/ *Sean P. Carter, Esquire*
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103
MDL 1570 Plaintiffs' Exec. Committee
for Commercial Claims