UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### DECLARATION OF ANDREW J. MALONEY, III

I, Andrew J. Maloney, III declare as follows:

1.      I am Co-Liaison Counsel for the Plaintiffs Executive Committee for Death and Personal Injury in this matter and am fully familiar with the prior proceedings in this litigation.

2.      As detailed in the attached May 5, 2021 Declaration of Megan Wolfe Benett,[1] ECF No. 6793-1, Plaintiffs sought the testimony of Saudi government official Alp Karli at the first available opportunity in this litigation, naming him as a witness in February 2019.  After Saudi Arabia filed a motion for a protective order concerning Karli and other witnesses, this Court entered an August 2020 Order, ECF No. 6408 at 39, directing Saudi Arabia "to undertake additional steps to determine the identity of Karli's employer and inquire whether Karli will sit for a deposition."  Plaintiffs and Saudi Arabia had a series of discussions about the Karli deposition, including a meet and confer on December 6, 2020.  Then, on January 6, 2021, Saudi Arabia told Plaintiffs that Karli was represented by Patton Boggs, a Washington, D.C. law firm. Plaintiffs contacted the Patton Boggs firm and worked with them for three months to schedule

---

[1] Declaration of Megan Wolfe Benett, Esq. in Support of Application for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters, dated May 5, 2021, in respect of Plaintiffs' efforts to take testimony of fact witness Alp Karli.

the deposition of Alp Karli until we were suddenly told on April 28, 2021 that Karli had changed his mind and refused to appear at a deposition.

3.  Plaintiffs immediately filed their application pursuant to the Hague Convention, ECF No. 6793, and on May 11, 2021 this Court issued its formal Request for the testimony of Alp Karli.  ECF No. 6803.

4.  The Hague Convention Request specifically asked that U.S. counsel for the parties be allowed to question Karli.  *Id.*, ¶12.  The participation of knowledgeable U.S. counsel at the deposition was essential to the proper conduct of the deposition because of the complexity of the issues involving the employment of Omar al Bayoumi and the need to cross-examine Karli in detail regarding those issues.

5.  Before the Request was filed, this Court had entered its December 1, 2020 Order stipulating that due to the global Covid-19 pandemic every deposition in the litigation would be conducted remotely by videoconference.  ECF No. 6546.  Since the issuance of that Order, every deposition in this litigation has been conducted by remote means, irrespective of the location of the witness.  All the Saudi government officials testified by videoconference from Saudi Arabia and other foreign locations where they resided, many from their home living rooms.

6.  Counsel for all parties participated remotely in the one other deposition conducted pursuant to a Hague Convention Request: the deposition of Mohdhar Abdullah, held under the supervision of the Sodertalje District Court in Sweden in May 2021.  In advance of that hearing, the Swedish court granted the request made by Plaintiffs, based on this Court's December 2020 Order, for all U.S. counsel for all parties to participate remotely and conduct their questioning of the witness via videoconference.

7.      Plaintiffs envisioned that a similar videoconference procedure would be utilized in execution of the Request for the testimony of Alp Karli under the supervision of a Turkish court.  The Hague Convention Request to Turkey was based on the Request previously submitted to Sweden, and included an identical request for a "special procedure" to enable U.S. counsel to question the witness.

8.      Turkey's response to this Court's Request took the form of a "Preliminary Proceedings Report" in which the Istanbul 22nd Civil Court of First Instance set a date for the deposition of Alp Karli, but did not specifically describe the procedures that would be followed. ECF No. 7625.  Plaintiffs directed their Turkish counsel to file a petition requesting the Istanbul Court to (1) allow U.S. counsel to participate by videoconference, and (2) permit U.S. counsel to ask questions to the witness, as we had done in all prior depositions in this phase of the MDL, including the Swedish deposition.  This petition was filed on February 23, 2022.

9.      It was our understanding that counsel for Saudi Arabia and Dallah Avco would have been informed by their Turkish counsel of our petition at the time it was filed, docketed and entered into the electronic filing system before the Istanbul court.

10.     Several weeks later, based on further discussions with Turkish counsel, we directed them to file an application to adjourn the testimony of Alp Karli.  That application was filed with the Istanbul Court on March 15, 2022.  We requested the adjournment because it had become impossible for U.S. counsel to prepare for the deposition without knowing if the Istanbul Court would grant our application to participate by videoconference and allow U.S. counsel to ask questions and show documents to the witness.

11.     On March 18, 2022, several days after our adjournment request and in the face of considerable time pressure on other fronts, we held further discussions with our Turkish counsel

and concluded that the deposition would have to be cancelled entirely. Plaintiffs immediately informed Saudi Arabia and Dallah Avco: I sent an e-mail to their U.S. counsel at 11:39 a.m. on the morning of March 18, 2022.

12.     Before the adoption of the remote deposition procedure in this Court's December 2020 Order, all parties in this MDL had adhered to an established practice regarding overseas travel for the purposes of conducting depositions. Under this practice, all travelling counsel would contact opposing counsel prior to departure to confirm the arrangements in place for the deposition(s) in question.

13.     For the deposition of Alp Karli, neither counsel for Saudi Arabia nor counsel for Dallah Avco followed this practice. At no time did defense counsel reach out to Plaintiffs prior to flying overseas to Turkey. Had counsel called or e-mailed any attorney working on behalf of the PECs, we would have immediately told them not to travel overseas.

14.     Plaintiffs believed that defense counsel already knew that they should not travel to Turkey under the circumstances, based on Plaintiffs' filings before the Istanbul Court. This Court had directed all depositions to proceed by videoconference, and more than three weeks before counsel departed overseas, Plaintiffs filed an application with the Istanbul Court for U.S. counsel to participate and question the witness by videoconference. That application was still pending and necessarily determined any travel plans of counsel. Defense counsel also should have known before departing the U.S. that Plaintiffs had filed a petition requesting the adjournment of the deposition because their prior application had not yet been decided. Plaintiffs' petition for adjournment of the deposition was docketed with the Istanbul Court at 7:02 a.m. EDT on March 15, 2022, approximately 36 hours before U.S. counsel for Saudi Arabia boarded their flight to Istanbul. ECF No. 7852-2, ¶2.

4

15.　　On March 18, 2022, the PECs decided that it was necessary to cancel the deposition of Mr. Karli entirely.  We reached that decision because the Turkish court had still not decided our pending applications, and we were under considerable time pressure to coordinate Plaintiffs' experts in the process of reviewing newly-released FBI documents and preparing their expert reports.  We immediately wrote to counsel for both Saudi Arabia and Dallah Avco, informing them of our decision to cancel the Karli deposition, and notifying them of the steps we were taking to formalize the cancellation.

16.　　Notwithstanding Plaintiffs' notification, the next day, Dallah Avco's counsel "traveled to Istanbul as planned on March 19" (ECF No. 7871-1, ¶7).

17.　　Plaintiffs' counsel were unaware that any defense counsel were making plans to travel to Istanbul.  We reasonably expected that counsel for both Saudi Arabia and Dallah Avco had been informed by their Turkish counsel about Plaintiffs' pending applications before the Istanbul Court.  It made no sense to us that defense counsel would decide to travel to Istanbul under the prevailing circumstances.  We were very surprised to learn that certain defense counsel had already travelled to Turkey, and that others would follow them, particularly without consulting any attorney with the PECs in advance, as was the established practice among counsel in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 19, 2022

Andrew J. Maloney, III

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |

*This document relates to All Actions*

### DECLARATION OF MEGAN WOLFE BENETT, ESQ. IN SUPPORT OF APPLICATION FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

Megan Wolfe Benett, Esq., hereby declares under penalty of perjury that:

1.      I am an attorney duly admitted before the Courts of New York State and this

Court, am a partner at Kreindler & Krienlder LLP, attorneys for Plaintiffs, and am familiar with

the litigation and prior proceedings relevant to the subject motion.

2.      I submit this declaration in support of Plaintiffs' Application for International

Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence

Abroad in Civil or Commercial Matters and Plaintiffs' efforts to take testimony of fact witness

Alp Karli.

3.      Plaintiffs first named Mr. Karli as a deposition witness in February 2019; the

Kingdom filed a protective order to block his testimony in February 2020; and in August 2020

this Court instructed the Kingdom "to undertake additional steps to determine the identity of

Karli's employer and inquire whether Karli will sit for a deposition." ECF No. 6408 at 39.

4.      Following the Kingdom's refusal to provide contact information for Mr. Karli,

after several requests by Plaintiffs between September and November 2020, the parties on

December 6, 2020 met and conferred regarding Mr. Karli's deposition.  The Kingdom in a letter

dated January 29, 2020 again refused to produce Mr. Karli's contact information. A true and correct copy of that letter is attached hereto as Exhibit A..

5.      On January 6, 2001, the Kingdom of Saudi Arabia told Plaintiffs that Mr. Karli was being represented by counsel and referred Plaintiffs to attorney Benjamin D. Wood, a partner at the global law firm of Squire Patton Boggs. On February 3, 2021, Plaintiffs contacted Mr. Wood regarding their request to depose Mr. Karli. A true and accurate copy of that correspondence between Plaintiffs and Mr. Wood is attached hereto as Exhibit B.

6.      During their subsequent telephone call, Mr. Wood requested access to FBI materials concerning Mr. Karli.. On February 10, 2021, Plaintiffs asked the Department of Justice to allow Plaintiffs to share FBI materials with Mr. Karli and Mr. Wood. A true and accurate copy of Plaintiffs' correspondence with counsel for the FBI regarding the documents is attached hereto as Exhibit C. *See* Pounian Decl., Exhibit C.

7.      After Mr. Wood had received and reviewed the FBI materials, he advised Plaintiffs that he was working on getting available dates for Mr. Karli's deposition but then, on April 28, 2021, for the first time and contrary to his prior representations, told Plaintiffs that Mr. Karli would not sit voluntarily for a deposition. A true and accurate copy of this correspondence between Plaintiffs and Mr. Wood is attached hereto as Exhibit D.

8.      Plaintiffs then provided Mr. Wood a subpoena to compel Mr. Karli's testimony, asking either for Mr. Karli's address or, alternatively, whether Mr. Wood would accept service. A true and accurate copy of that subpoena is attached hereto as Exhibit E. Plaintiffs were unable to serve the subpoena on Mr. Karli because Mr. Wood declined to accept service and, further, refused to provide an address for Mr. Karli.

3

9.      Plaintiffs thereafter obtained Mr. Karli's address from counsel for the Kingdom

of Saudi Arabia on May 3, 2021.  A true and correct copy of the correspondence between

Plaintiffs and counsel for the Kingdom is attached hereto as Exhibit F.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 5th day of May 2021.


                                        /s/ Megan Wolfe Benett
                                        Megan Wolfe Benett, Esq.

4