# ANNEX 1

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*
All Actions

### DECLARATION OF SABAHAT ELIF İPEK REGARDING THE PROPOSED HEARING OF ALP KARLI PURSUANT TO THE HAGUE CONVENTION, ORIGINALLY SCHEDULED FOR MARCH 22, 2022 IN ISTANBUL, TURKEY

I, Sabahat Elif İpek, declare under penalty of perjury, as provided by Turkish law and

U.S. law, 28 U.S.C. § 1746, as follows:

1.      I am an attorney at the Güner Law Office in Istanbul, Turkey and am duly

admitted to practice before the Court in Istanbul. My firm was retained to act as local counsel to

the law firm of Kreindler & Kreindler LLP ("Kreindler"), attorneys for the Plaintiffs in the 9/11

litigation pending in New York. We were retained to represent the Plaintiffs' interests in the

Turkish proceedings to take testimony from Mr. Alp Karli in execution of a Request for

International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on Taking

of Evidence Abroad in Civil or Commercial Matters ("Request").

2.      I respectfully submit this Declaration on behalf of the Plaintiffs to update the

Court regarding the hearing of Mr. Karli that was originally scheduled for March 22, 2022.

3.      The Request dated May 11, 2021, sent by the United States District Court for the

Southern District of New York in the context of the litigation referenced 03 MDL 1570 (GBD),

was initially processed by the Turkish Ministry of Justice and transmitted to the judiciary via the

Office of the Chief Public Prosecutor of Istanbul on October 28, 2021.

1



4.      The matter was recorded before the Istanbul 22nd Civil Court of First Instance

under file reference 2021/157, before Judge Ömer Güven (219159). Our power of attorney to act

for the Kreindler firm and Plaintiffs was filed on November 8, 2021. We later learned that

Attorney Aybike Hotomaroğlu filed her power of attorney for Dallah Trans Arabia Co. ("Dallah

Avco") on November 18, 2021; and that power of attorney for the Kingdom of Saudi Arabia

("KSA") was submitted on January 12, 2022.

5.      I am familiar with the Preliminary Proceedings Report ("Report") issued by the

Istanbul 22nd Civil Court of First Instance on December 10, 2021, which was attached to the

KSA's motion as its Exhibit A (ECF No. 7851-1). I am aware that this Report was transmitted to

the U.S. District Court by means of a letter from the Turkish Ministry of Justice dated

December 17, 2021, and was released by the Court onto the public docket in the U.S.

proceedings on January 31, 2022. My colleagues and I received a copy of the Report on

February 1, 2022.

6.      My firm was asked by Kreindler's attorneys to offer a legal opinion as to whether

the proposed means of obtaining Mr. Karli's testimony outlined in the Report would fulfil the

terms of the Hague Convention Request. In particular, we were asked to assess whether the

Turkish court's order had accepted, in whole or in part, the "Special methods or procedures to be

followed," set forth at paragraph 12 of the U.S. District Court's Request, and specifically

whether it accepted the roles of Plaintiffs' and Defendants' U.S. counsel in the questioning of the

witness, as requested in 12(b).

7.      In short, we determined that the Istanbul Court's "decisions" provided an

insufficient basis to plan with any degree of certainty. The Report set forth the proposed

procedure only tentatively, at paragraph 5, pursuant to the Turkish Code of Civil Procedure, with

2



"the statement of the witness Alp Karli to be taken under oath… by an officer to be determined by our court." There was no provision in the Report that addressed Plaintiffs' participation in the questioning of Mr. Karli, either by U.S. counsel or by Turkish counsel.

8.      In our consultations with Kreindler's attorneys in January 2022, we were made aware that previous depositions in the U.S. proceedings, including at least one in a foreign country pursuant to a Hague Convention Request, had been conducted remotely via Zoom. Since videoconferencing facilities are now generally available in Turkish courtrooms, we advised Kreindler that it would be feasible to seek authorization from the Turkish court to permit U.S. counsel to participate by video-link and question the witness. However, any such authorization would require an order from the Turkish court.

9.      Based on the Preliminary Proceedings Report, the only parts of the requested "special procedures" from the U.S. Court's Request that had been adopted were provisions related to the confidentiality of the proceedings and the hearing being closed to the public. A strong emphasis on confidentiality was a striking characteristic of the Istanbul Court's approach throughout its handling of this file. It was extraordinarily difficult for us, as duly approved Plaintiffs' counsel, to obtain any information about the status of the file or the Judge's intentions, either from the Clerk of the Court, or by the means we would normally use to engage with the docket, such as the online judicial filing system. Between the time we received the Report – which was in fact sent to us by U.S. counsel, on February 1, 2022 – and the date of the proposed hearing of Mr. Karli, on March 22, 2022, we received no formal notification of any kind from the Court, nor any formal response to the multiple petitions we filed in the intervening seven weeks. Under such circumstances we could not, in good faith, advise Plaintiffs' U.S. counsel to

travel to Turkey on what would have been an uncertain hope of attending the proposed hearing, let alone participating in person.

10. In consultation with Kreindler's attorneys, through regular exchange of e-mails and a series of Zoom calls, my firm determined that it was essential to obtain more detailed, comprehensive information from the Court before going ahead with the hearing. My firm drafted a petition to the Istanbul 22nd Civil Court of First Instance for an order clarifying the Court's position on the adoption of the "special procedures" requested by the U.S. District Court at paragraph 12 of its Request. More specifically, we sought clarification as to whether the hearing could be attended remotely by U.S. counsel using videoconferencing, for which Turkey has represented to the Hague Convention Secretariat that its courts are well-equipped,[1] and whether U.S. counsel would be permitted to ask the witness questions.

11. On February 23, 2022 my firm filed the petition for a declaratory order from the Istanbul Court stipulating which "special procedures" from the Hague Convention Request would be adopted, and precisely how the proposed hearing on March 22, 2022 would be conducted. A true and accurate copy of our February 23, 2022 petition (Turkish original, English translation) is attached as Exhibit A. On the same date, since it was unclear to us whether or not the witness Alp Karli had been informed of the proposed March 22, 2022 hearing, we requested the Court to serve a summons on Mr. Karli if it had not already done so, or alternatively to advise us if and when Mr. Karli had been served. We respectfully requested that the Court should lend its urgent attention to our February 23, 2022 petition, as these were prerequisites to the proper execution of the U.S. Court's Request.

---

[1] Republic of Turkey – Country Profile, "Taking of Evidence by Video-Link under the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters," profile updated December 27, 2021, available at https://assets.hcch.net/docs/eafd3a7a-f239-46f6-85a9-1d03fa6a7c34.pdf; at p.6: "Almost all courts have videoconferencing facilities."



12.     In response to our request for urgency, we were told verbally by the Clerk of the Court on February 24, 2022 that the Judge was on leave until March 8, 2022 and that accordingly it would not be possible for the Judge to review our petition until after that date.

13.     On March 9, 2022, the day the Judge was supposed to return, my firm visited the Court in person to follow up on our petition. At that time we were told verbally by the Clerk of the Court that the Judge had not returned as scheduled, but had extended his leave and would be absent for a further ten days, until March 21, 2022. We emphasized to the Clerk of the Court that the proposed hearing date would be just one day away upon the Judge's return, and we reiterated our request that a decision regarding the "special procedures" for the hearing needed to be rendered as soon as possible, in order to permit all parties to prepare properly for the hearing. We were told informally that the Judge had briefly visited the Court on Monday, March 7, 2022, had taken our petitions away with him for consideration, and was aware of the fast-approaching hearing date. However, the Clerk told us that the Judge had not yet rendered any decision on the procedures that would be applied.

14.     After advising Kreindler's attorneys of these developments, on March 15, 2022, my firm filed a petition with the Court to adjourn the proposed March 22, 2022 hearing in light of the many unanswered questions about how the testimony of Mr. Karli would be taken, including whether U.S. counsel could appear, in-person or remotely by video-link, and ask questions. We wrote to the Court:

"although very little time remains until the hearing date, your Honourable Court has not rendered a decision regarding [our February 23, 2022] requests. At this point, the procedure by which the witness hearing will be conducted is unclear, and even if our requests are accepted, it is clear that it is impossible to fulfill the necessary technological and administrative preparations by the hearing day. In addition, it was not possible for the Plaintiffs and Defendants' attorneys, whom we requested to actively participate in the

5



hearing, to do the necessary work for the hearing, due to the uncertainty of the procedure."

A true and accurate copy of our March 15, 2022 petition (Turkish original, English translation) is attached as Exhibit B.

15.     I do not know whether counsel for Mr. Karli, Dallah Avco or the KSA saw our petition for the postponement of the hearing in a timely manner. It is possible that other appearing counsel could have seen our petition on the online judicial filing system. We were not contacted by any counsel for the other parties to discuss the status of the file or share information with us regarding the plans of the respective U.S. counsel with whom they were working. There was no response at all from the Court concerning our request for an adjournment, just as there had been no response to our original petition of February 23, 2022 requesting urgent clarification of the hearing procedures.

16.     On March 18, 2022, I took part in a further Zoom call with Kreindler's attorneys in New York to take stock of the Court's approach to the proposed March 22, 2022 hearing. The Judge had still not rendered any decision on our petitions. Earlier that day, the Clerk of the Court had advised us, informally, that the Judge had invited the parties to take part in informal discussions on Monday, March 21, 2022, i.e. on the eve of the hearing. There was insufficient information available as to what procedures would be applied and how the Judge intended to proceed. In the absence of any clear declaration from the Turkish Court as to foreign attorneys' participation in the hearing, and whether videoconferencing would be authorized, Kreindler's attorneys determined that it would be impossible to go ahead with the March 22, 2022 deposition. Based on our experiences of trying to deal with the Court on this file, we agreed with the determination. Kreindler's attorneys advised us that they would confer with other U.S.

6



Plaintiffs' counsel to decide if the deposition should rather be cancelled and the request for judicial assistance withdrawn in its entirety.

17. A short time later, on Friday, March 18, 2022, Kreindler's attorneys advised us that U.S. Plaintiffs' counsel had unanimously decided to cancel the proposed hearing of Mr. Karli on March 22, 2022. Kreindler's attorneys asked my firm to inform the Istanbul Court of the cancellation. We were further advised that Kreindler had already contacted U.S. counsel for Dallah Avco and the KSA to advise them of the cancellation. Later the same evening, Kreindler sent us a copy of Plaintiffs' letter filed with the U.S. District Court on March 18, 2022, requesting the U.S. Court to withdraw its Letters Rogatory to Turkey (i.e. the Hague Convention Request) and to terminate associated filings in the U.S. proceedings.

18. On the following Monday morning, March 21, 2022, our firm called the Clerk of the Court to notify the Court of the cancellation and advise the Court that the informal discussions proposed by the Judge for later that same morning need not go forward. My colleagues and I did not believe that we would be expected to be present at the courthouse for those informal discussions, in light of Plaintiffs' request to the U.S. Court to withdraw its Hague Convention Request, and the fact that the other parties to the proceedings, through their U.S. counsel, had been informed of the cancellation. Whatever discussions may have ensued at the courthouse that Monday morning did not constitute a formal session of the Istanbul Court: there was no record created, no counsel were formally heard, and no rulings were issued by the Judge.

19. Later the same day, March 21, 2022, our firm filed a formal notification of cancellation of the scheduled March 22, 2022 Alp Karli deposition. We attached a certified translation of Plaintiffs' letter to the U.S. court filed in New York dated March 18, 2022. A true



and accurate copy of our March 21, 2022 notification (Turkish original, English translation) is attached as Exhibit C.

20.    Kreindler's attorneys later informed me that counsel for the other parties, Dallah Avco and the KSA, had nonetheless attended the courthouse for the informal discussions with the Judge on Monday, March 21, 2022. Kreindler's attorneys also shared with me a copy of the letter filed by Defendants' U.S. counsel in New York Court later the same day.

21.    In line with Turkish procedure, the Judge convened a formal session of the Istanbul 22nd Civil Court of First Instance the following day, March 22, 2022, which my colleague, Attorney Kıvanç Turan, and I attended on behalf of the Plaintiffs, along with counsel for all parties. The Judge issued an order that the witness was not to be heard, the request for international judicial assistance had been withdrawn, and the matter was now closed. At this session the Judge gave formal notice, for the first time, of his receipt of Plaintiffs' petitions of February 23 and March 15, 2022, albeit that it was by then too late for the substantive issues raised in our petitions to be ruled on. A true and accurate copy of the hearing minutes of the March 22, 2022 session (Turkish original, English translation) is attached as Exhibit D.

22.    At the conclusion of the March 22, 2022 session, the Judge stated that the foreign attorneys for the parties would not have been permitted to attend and sit in the courtroom had the hearing of witness Mr. Karli gone ahead as proposed. Although this statement of the Judge was not recorded in the published hearing minutes, I regarded it as a confirmation that U.S. counsel would have had no standing to ask questions of the witness, nor to assist Turkish counsel at the deposition as they would not have been present in the courtroom. The Judge did not indicate whether Turkish counsel would have been allowed to ask any questions. Based on the record as it stood on March 15, 2022, when the Clerk advised us that the procedures were still

8



undecided and that only the Judge could decide them, we had no reason to expect that we, as Plaintiffs' Turkish counsel, would have been able to ask questions at the proposed hearing.

I declare under penalty of perjury under the laws of Turkey and the United States of America that the foregoing is true and correct.

Executed in Istanbul, Turkey on April 18, 2022

Sabahat Elif İpek, Esq.

Güner Law Office
Alt Zeren Sokak No.7, 34330
Levent, Istanbul, Turkey
Tel: +90 212 282 4385
Fax: +90 212 282 4305
E-mail: ei@guner.av.tr
www.guner.av.tr

9

EXHIBIT A

# GünerHukukBürosu...

Levent Caddesi,
Alt Zeren Sokak No: 7
Levent İstanbul 34330
Turkey

T. +90 212 282 43 85
F. +90 212 282 43 06
info@guner.av.tr

**23.02.2022**

## İSTANBUL22. ASLİYE HUKUK MAHKEMESİNE

**DOSYA NO:** 2021/157T.

**KREINDLER & KREINDLERLLP**

**VEKİLLERİ**      : Av. Ömer Erdoğan – Av. Can Güner – Av. Sabahat Elif İpek - Av.Elif Şatır–Av. Kıvanç Turan

**KONU**      : Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesinin Lahey Sözleşmesi uluslararası adli destek talebi doğrultusunda 22 Mart 2022 tarihinde gerçekleşecek olan duruşmada izlenecek "özel prosedürlere" ilişkin beyan ve taleplerimizin sunulmasından ibarettir.

## AÇIKLAMALAR

Sayın Mahkemeniz huzurunda görülmekte olan ve yukarıda talimat numarası belirtilmiş dosya, Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesi ("**ABD Mahkemesi**") tarafından 18 Mart 1970 Tarihli Hukukî veya Ticari Konularda Yabancı Ülkelerde Delil Sağlanması Hakkında Lahey Sözleşmesi ("**Lahey Sözleşmesi**")uyarınca gönderilen 12.05.2021 tarihliUluslararası Adli Destek Talebi'ne ilişkindir. ("**Talep**", **Ek-1**) Mahkemenizin 10 Aralık 2021 tarihli tensip tutanağına ("**Tensip Tutanağı**") göre Tanık Alp Karlı ("**Tanık**") 22 Mart 2022 tarihinde saat 10:00'daSayın Mahkemeniz huzurunda dinlenecektir.

Talep'te belirtildiği üzere; Sayın Mahkemenizce yerine getirilecek olan tanık dinleme işlemi, ABDMahkemesi'nde görülmekte ve 11.09.2001 saldırılarında hayatını kaybeden 2.977 kişinin aile üyeleri ve miras temsilcileri tarafından açılmış hukuk davasına ilişkin olarak gerçekleşecektir. Davacılar çeşitli hukuk büroları tarafından temsil edilmekte olup bu bürolar Talep'in "6" numaralı *"Tarafların ve vekillerinin isimleri ve adresleri"* bölümünde sırasıyla belirtilmiştir.Biz de Türkiye Cumhuriyeti yargı kurumları nezdinde, Davacılar vekili Kreindler & Kreindler LLP (New York)'yi temsil etmekteyiz.

Bilindiği üzere; Talep, Türkiye Cumhuriyeti tarafından 13.12.2000 tarihinde imzalanan ve 07.04.2004 tarih 5128 sayılı Kanun'la onaylanması uygun bulunan Lahey Sözleşmesi uyarınca gönderilmiştir.

Sözleşme ile karşılıklı istinabe taleplerinin yerine getirilmesi ve hukuki konularda adli iş birliğinin güçlendirilmesi amaçlanmakta olup bilindiği üzere Anayasa'nın 90. Maddesine göre;

*"Usulüne göre yürürlüğe konulmuş milletlerarası andlaşmalar kanun hükmündedir."*

Bu gibi bir Talep Mektubu'nun gereği yerine getirilirken hangi usullerin uygulanacağı Lahey Sözleşmesi'nin 1. Bölümü'nün 9. Maddesinde belirtilmiştir.[1] Bu hükümler, Talep Edilen Devlet'te (yani Türkiye'de)elde edilen delillerin, Talep Eden Devlet'teki (yani ABD'deki) yargılamalarda etkin bir şekilde kullanılmasını sağlamak için tasarlanmıştır.

Lahey Sözleşmesi'nin genel prensibi; talep edilen makamın (yani Mahkemenizin) delil elde etme konusunda kendi hukukunu uygulamasıdır.[2] Ancak Lahey Sözleşmesi'ne göre; **talep eden makam(yani ABD Mahkemesi)tarafından istenen özel usul ve yöntemlerin uygulanması**dasınırlı ve dar istisnalara tabi olmak üzere,**şarttır.**[3] Bahse konu sınırlı ve dar istisnaların somut olaya uygulanmaması gerekmektedir[4]. Şöyle ki;Türk yargı uygulamasında taraf vekillerinin; e-duruşma vb. sistemlerle duruşmaya uzaktan katılmalarına[5] ve tanığa doğrudan soru sormalarına[6] izin verilmekte olup bu durum somut olayda, iç hukuka aykırılık veya uygulamadan kaynaklanan güçlük gerekçe gösterilerek "özel prosedürlerin" uygulanmasının engellenemeyeceğini göstermektedir.

Akit Devletler; Lahey Sözleşmesi kapsamındaki istinabe taleplerini video bağlantısı yoluyla yerine getirip getirmediklerini,Lahey Sözleşmesi Kapsamında Video Bağlantısı Yoluyla Delil Elde Edilmesine İlişkin Soru Listesi'ne verdikleri "Ülke Profili" yanıtlarında belirtmektedir. Türkiye Cumhuriyeti tarafından verilen yanıtta; Hukuk Muhakemeleri Kanununa göre tanık, bilirkişi ve taraf beyanlarının video bağlantısı yoluyla alınabileceği ve neredeyse tüm duruşma salonlarında bu sistemin

---

[1] Sözleşme'nin 9. Maddesine göre: *"(1) İstinabe talebini yerine getirecek olan adli makam, takip edilecek yöntem ve usul bakımından kendi ülkesinin kanun hükümlerini uygular. (2) Bununla birlikte, söz konusu makam, talepte bulunan makamın istemi üzerine, yerine getiren Devletin iç hukukuna aykırı olmaması veya iç usul ve uygulanması yahut uygulamadan kaynaklanan güçlükler sebebiyle yerine getirilmesinin olanaksız bulunmaması kaydıyla, özel bir usul veya yöntemi takip eder. (3) İstinabe talebi en son şekilde yerine getirilecektir."*

[2] Sözleşme'nin Md. 9/1 hükmü.

[3] Sözleşme'nin Md. 9/2 hükmü.

[4] Türkiye Cumhuriyeti, Lahey Sözleşmesi'nin 9. Maddesine veya Talep için uygulama alanı bulan diğer maddelerden herhangi birine bir beyan veya çekince koymamıştır. Akit tarafların beyan ve çekincelerini gösteren Durum Tablosu için: https://www.hcch.net/en/instruments/conventions/status-table/?cid=82. Ayrıca; 2003 tarihli Lahey Sözleşmesi Özel Komisyonu tarafından, Madde 9/2 hükmünün, özellikle video bağlantısıyla tanık dinlenmesi gibi bilgi teknolojilerinin kullanılmasına olanak sağlanması bakımından, dar yorumlanması gerektiği belirtilmiştir. Bknz. Özel Komisyon raporunun 43. Maddesi:https://assets.hcch.net/docs/0edbc4f7-675b-4b7b-8e1c-2c1998655a3e.pdf.

[5] HMK Md. 149/1 hükmüne göre: *"Mahkeme, taraflardan birinin talebi üzerine talep eden tarafın veya vekilinin, aynı anda ses ve görüntü naklediImesi yoluyla bulundukları yerden duruşmaya katılmalarına ve usul işlemleri yapabilmelerine karar verebilir."*

[6] HMK Md. 152 hükmüne göre: *"Duruşmaya katılan taraf vekilleri; tanıklara, bilirkişilere ve duruşmaya çağrılan diğer kişilere, duruşma disiplinine uygun olarak doğrudan soru yöneltebilirler."*

bulunduğu belirtilerekvideo konferans talebinin karşılanması için talep eden makamca gönderilen istinabe yazısının yeterli olduğu ifade edilmiştir.[7]

Bu doğrultuda yukarıda detaylıca arz ve izah etmiş olduğumuz Lahey Sözleşmesi hükümleri çerçevesinde; yabancı tarafların (şahsen veya video bağlantısı ile) duruşmada bulunmasına ve Tanık'a doğrudan soru sormak da dahil olmak üzere duruşmaya aktif katılımına, Talep'te belirtildiği ölçüde, Mahkemenizce izin verilmesi gerekmektedir.

Bu bağlamda, Talep'in "*İzlenecek özel yöntemler veya prosedürler* " başlıklı12. Maddesini Mahkemenizin dikkatine sunar; Talep yerine getirilirken bu maddede belirtilen tüm hükümlere, "*Türk yasalarının izin verdiği ölçüde*", riayet edilmesini saygıyla talep ederiz. Mahkemenizdenduruşmada, "özel prosedürleri" uygulayacağına ve özellikle:

- Tarafların vekillerinin, temsilcilerinin veya görevli memurların, danışmanların, ABD Adalet Bakanlığı temsilcilerinin ve bir stenografın (katip) ve videografın (kamerayla video çeken görevli) ifade verme süresince hazırda bulunmalarına izin verilmesi,
- Davacılar vekilinin Tanık'ın başlangıç ifadesini almasına, daha sonra Davalılar vekilinin ifade almasına ve daha sonra tekrar Davacılar vekilinin mukabil ifade almasına izin verilmesi,
- İfade alma sırasında Davacılar ve Davalılar vekiline, Tanık'a soru sorabilme ve daha önce ABD Federal Soruşturma Bürosu'na vermiş olduğu ifadeler de dahil geçmişte verdiği ifadeleri Tanık'ın önüne koyma fırsatı verilmesi,
- İfade alma sırasında taraflardan biri, herhangi diğer bir tarafın sorduğu soruya, sorunun amacına uygun olmadığına dair veya dava konusunun dışında olduğuna dair ABD yasalarına dayanarak itiraz ettiği takdirde; ifade vermeyi yöneten mahkeme görevlisinin, ABD Mahkemesi'nin bu tür sorularda yapacağı gibi, Tanık'a soruyu cevaplaması talimatı verilmesi,[8]
- Tarafların duruşma sırasında kullandığı belirli belge ve bilgilerin gizliliğinin, "FBI Koruma Emri" de dahil olmak üzere, ABD Mahkemesi'nin kararlarına uygun olarak korunması,
- Tanık'ın ifadesinin bir stenograf (katip) tarafından kelimesi kelimesine kaydedilmesine ve bir videograf (kameraya çeken kişi) tarafından elektronik video kaydına alınmasına izin verilmesi,
- Delili ABD Mahkemesi'ne doğrudan tevdi edebilmeleri amacıyla, mümkün olan en kısa sürede Davacı ve Davalı tarafların Tanık'ın ifadesinin olduğu video kaydının onaylı kopyasınıalmasına izin verilmesi

---

[7] Türkiye Cumhuriyeti'nin Video Bağlantısı Yoluyla Delil Elde Edilmesine İlişkin Soru Listesi'ne (27 Aralık 2021'de güncellenmiştir) verdiği "Ülke Profili" yanıtı: https://www.hcch.net/en/states/authorities.

[8] Türkiye Cumhuriyeti, Lahey Sözleşmesi Kapsamında Video Bağlantısı Yoluyla Delil Elde Edilmesine İlişkin Soru Listesi'ne (27 Aralık 2021'de güncellenmiştir) verdiği "Ülke Profili" yanıtında, bu gibi durumlarda "duruşmanın hakimin gözetimi ve denetimi altında yürütüldüğünü"; bununla beraber, talep edilen usulün Türk uygulamasıyla uyumlu olduğunu ifade etmiştir

hususlarında bir uygulama izleyeceğine yönelik ara karar tesis etmesini talep ederiz.

Lahey Sözleşmesi'ne göreTalep'in, **talep edilen makam tarafından azami şekilde yerine getirilmesi gerekmektedir.** Lahey Sözleşmesi hükümlerinin yanı sıra; ABD Mahkemesi'nde görülmekte olan **davanın niteliği, önemi ve kapsamı dikkate alındığında, "özel prosedürlerin" delilin elde edilmesinde en elverişli ve güvenli yöntem olduğu**ortaya çıkmaktadır.

Bu hususun, Anayasa'nın 90. Maddesi uyarınca değerlendirilmesi gerekmekte olup usule ilişkin bir eksiklik veya Lahey Sözleşmesi'nin şartlarına aykırılıkduruşmanın yeniden yapılmasını gerektirecek, bu da hem 11 Eylül 2001 saldırılarında hayatını kaybeden 2.977 kişinin aileleri ve miras temsilcileri, hem taraflar ve vekilleri, hem de Sayın Mahkemeniz ve ABD Mahkemesi'ninzaman ve emek kaybına sebebiyet verecektir.

ABD Mahkemesi'nde görülmekte olan ve Talep'in konusunu oluşturan 03 MDL 1570 (GBD)(SN) esaslı davada daha önce yerine getirilen en az üç ayrı Lahey Sözleşmesi kapsamındaki talepte deilgili taleplerde belirtilen "özel prosedürler"'in eksiksiz olarak uygulandığı dikkate alındığında, bu uygulamaya ilişkin yerleşik bir uluslararası içtihat bulunduğu da ortaya çıkmaktadır.[9] İsveç Adalet Bakanlığı'na sunulan benzer bir talep üzerine tanık ifadesi, Mayıs 2021'de, İsveç'in Sodertalje Bölge Mahkemesi Baş Hakimi'nin *gözetimi ve kontrolü* altında video bağlantısı yoluyla alınmış; işbu talimat dosyasına konu Talep'in 12. Maddesinde belirtildiği gibi, yabancı tarafların uzaktan ve aktif katılımı ile Tanık'a soru sorabilmeleri sağlanmış ve gizlilik gibi özel prosedürlere riayet edilerek istinabe süreci tamamlanmıştır.

Mahkemeniz'ce de takdir edileceği üzere tanık dinlenmesi işlemine ilişkin talep edilen usulün ana unsurları, ABD'nin Federal Delil Kanunuile FederalHukuk MuhakemeleriKanunundan kaynaklanmaktadır. Talebin bu şekilde yapılması, asıl davanın görüldüğü yer ve talepte bulunan makam olan ABD Mahkemesi ile*usulî uyumluluğun sağlanması ve delillerin kabulü* için son derece gereklidir. Kaldı ki söz konusu tanık dinlenmesinin ABD'de devam eden yargılama süreci bakımından faydalı ve anlamlı olabilmesinin gerçekçi ve adil yolununda, Lahey Sözleşmesi'nin izin vermiş olduğu biçimde, bu dinlemenin Talep'te belirtilen usul izlenerek gerçekleştirilmesi olduğu açıktır.

Son olarak, işbu davaya konu Talebimiz diğer bazı Talep Edilen Ülke mahkemelerince yapıldığı gibi[10] ABD yargı yetkisinin Türk yargı yetkisine teşmil edilmesi anlamına gelmemektedir.[11]Bundan ziyade

---

[9] Davacılar vekilleri; 11 Eylül 2001 saldırılarına ilişkin olarakisveç, Kanada ve İngiltere gibi yabancı yetki alanlarında, Lahey Sözleşmesi kapsamındaki talepler yoluyla, tanık dinleme ve/veya belge edinme suretiyle delil elde etmişlerdir.

[10] Bazı Akit Devlet mahkemeleri tanık dinleme işleminin tamamen ABD Federal Delil Kanunu ile Federal Hukuk Muhakemeleri Kanunu hükümleri uygulanarak yapılmasına karar vermişlerdir. Bknz., örneğin, Man Adası Yüksek Adalet Divanı'nda görülmüş olan*U.S. Securities and Exchange Commission v. Samuel E. Wyly* ORD 2012/24 (30 Nisan 2012) davası; benzer şekilde, Md. 9/2 hükmünün Talep Eden Devlet'in kanunlarının uygulanması şeklinde yorumlandığı, Fransa Temyiz Mahkemesi'nde görülmüş olan *AXA Mediterranean Int'l Holding v. ING Insurance Int'l B.V.* (P. Matet raporu, 18 Mart 2013) davası

Mahkemenizin 22 Mart 2022 tarihli duruşmada; yukarıda belirtilen "özel prosedürleri" uygulayacağına karar vermesinin, Lahey Sözleşmesi'nin nihai amacının -iki hukuk sistemi arasında köprü olma- gerçekleştirilmesi için elzem olduğunu belirtir; yukarıda arz ve izah etmiş olduğumuz üzere Talep'in *"İzlenecek özel yöntemler veya prosedürler"* başlıklı 12. Maddesinde ve işbu dilekçemizde detaylıca belirtilen özel yöntemler ve prosedürlerin uygulanmasına karar verilmesini arz ve talep ederiz.

### EKLER

**EK-1:** ABD New York Güney Bölgesi Mahkemesi tarafından gönderilen Hukuki veya Ticari Konularda Yabancı Ülkelerde Delil Sağlanması Hakkında 18 Mart 1970 Tarihli Lahey Sözleşmesi Uyarınca Uluslararası Adli Destek Talebi / Kreindler & Kreindler LLP tarafından gönderilen 12 Mayıs 2021 tarihli yazının ekinde yer alan ABD New York Güney Bölgesi Mahkemesinin 03 MDL 1570 (GBD)(SN) sayılı istinabe talebi

### NETİCE VE TALEP

Yukarıda açıklananlar ışığında,Sayın Mahkemeniz huzurunda 22 Mart2022 tarihinde gerçekleşecek olan duruşmanın,Anayasa'nın 90. Maddesi uyarınca kanun hükmü kazanmış olan Lahey Sözleşmesi'nin9/2. madde hükmü ve Talep'te belirtilen şartlar uyarınca "özel yöntemler ve prosedürler" uygulanarak yapılmasına; özellikle, Davacılar ve Davalılar vekillerinin;**(i) duruşmaya video konferans yoluyla aktif olarak katılmalarına, (ii) talep edildiği şekilde Tanık'ın başlangıç ve mukabil ifadesini almalarına, (iii) önceki ifadeleri de dahil olmak üzere delilleri Tanık'ın önüne koymalarına, (iv) özellikle karşı tarafın itirazlarının değerlendirilmesiye ilgili gizlilik kararlarına riayet edilmesi gibi duruşmanın yürütülmesine dair hususlarda Mahkemeniz tarafından yönlendirilmelerine ve(v) duruşma sonunda tanık ifadesine ilişkin tutanak ve video kaydını almalarına izin verilmesine**karar verilmesini talep ederiz.

Saygılarımızla,

<div align="right">

KREINDLER & KREINDLER LLP

Vekili

Av. Can Güner

</div>

---

[11] Lahey Sözleşmesi Taleplerini yerine getirme konusunda Türkiye uygulaması için bknz. Türkiye Cumhuriyeti'nin Video Bağlantısı Yoluyla Delil Elde Edilmesine İlişkin Soru Listesi'ne (27 Aralık 2021'de güncellenmiştir) verdiği "Ülke Profili" yanıtı: https://www.hcch.net/en/states/authorities

# ‹› KREINDLER ᴸᴸᴾ

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2829
office: 212.687.8181 | fax: 212.972.8432 | www.kreindler.com

12 Mayıs, 2021

HAVAYOLU KARGOSU HIZLI POSTA YOLUYLA
Adalet Bakanlığı
Dış İlişkiler ve Avrupa Birliği Genel Müdürlüğü
Adalet Bakanlığı Ek Binası
Namık Kemal Mah. Milli Müdafaa Caddesi No:22
Kızılay Çankaya / ANKARA Türkiye

İlgi:    *11 Eylül 2001 tarihli Terörist Saldırısı davası*, 03-MDL-1570 (GBD)(SN)
         Amerika Birleşik Devletleri Bölge Mahkemesi New York Güney Bölgesi

Türk Adalet Bakanlığı'na:

1970 Lahey Sözleşmesi uyarınca Hukuki Destek için, Amerika Birleşik Devletleri
Bölge Mahkemesi New York Güney Bölgesi tarafından 11 Mayıs 2021 tarihinde
hazırlanmış ekteki Talep Mektubu'nu ve ekteki Türkçe tercümesini size iletmek için
görevlendirildik.

Saygılarımızla,

Kreindler & Kreindler LLP

*[signature]*

İmza: Megan Wolfe Benett

Ek

New York                    Boston                    Los Angeles



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

**CERTIFICATION**

**Date: May 14, 2021**

We hereby certify and confirm that the below mentioned documents are a true and accurate Turkish translation of the English documents presented to us, and has been translated to the best of our professional ability.

**Cover letter**

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public:

My commission expires on:  04/08/2022



PAUL A. ENNIS
Notary Public
Commonwealth of Massachusetts
My Commission Expires April 8, 2022

## AMERİKA BİRLEŞİK DEVLETLERİ BÖLGE MAHKEMESİ
## NEW YORK GÜNEY BÖLGESİ

| | |
|---|---|
| İlgi: 11 Eylül 2001 tarihli Terörist Saldırıları | 03 MDL 1570 (GBD) (SN)<br>ECF Davası |

*Bu belge açılmış Bütün Davalarla ilgilidir*

### HUKUKİ VEYA TİCARİ KONULARDA YURTDIŞINDAN DELİL TOPLAMAK İÇİN 18 MART 1970 TARİHLİ LAHEY SÖZLEŞMESİ UYARINCA ULUSLARARASI ADLİ DESTEK TALEBİ

Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesi, Türkiye Adalet

Bakanlığı'nı hürmetle selamlar ve Hukuki veya Ticari Konularda Yurtdışından Delil Toplamak için

Amerika Birleşik Devletleri ve Türkiye arasında imzalanmış 18 Mart 1970 tarihli Lahey Sözleşmesi

uyarınca, T.I.A.S. No.7444, 23 U.S.T. 2555 (''Lahey Delil Anlaşması'') Türkiye'nin Merkezi

Yetkili Kurumu olarak Bakanlığınıza bu Talep Mektubu'nu saygıyla sunar.

Bu Talep Mektubu Amerika Birleşik Devletleri Bölge Mahkemesi'nde süregelmekte olan

hukuki bir dava ile ilgilidir. Konunun resmi mahkeme başlığı yukarıda belirtilmiştir. Talep'in

detayları aşağıdaki gibidir:

#### 1. Gönderici

Sayın Sarah Netburn
Amerika Birleşik Devletleri Sulh Yargıcı
Amerika Birleşik Devletleri Bölge Mahkemesi, New York Güney Bölgesi
Amerika Birleşik Devletleri Thurgood Marshall Adliye Binası
40 Foley Square, Room 430
New York, NY 10007

İşbu Talep, Davacılar'ın başvurusu üzerine yapılmıştır.
*Bakınız* aşağıda paragraf 6.

#### 2.   Talep Edilen Devlet'in Merkezi Yetkili Kurumu

Adalet Bakanlığı
Dış İlişkiler ve Avrupa Birliği Genel Müdürlüğü
Adalet Bakanlığı Ek Binası

1

Namık Kemal Mah. Milli Müdafaa Caddesi No: 22
Kızılay Çankaya / ANKARA TÜRKİYE

3.  **Yerine getirilen talep'in gönderileceği kişi**

Avukat Steven R. Pounian
Kreindler & Kreindler LLP
485 Lexington Ave. - 28th Floor
New York, NY 10017
Tel: +01 212 973 3477
spounian@kreindler.com

4.  **Talep eden kurumun işbu Talep Mektubu'na verilecek cevabı almasının beklendiği tarih ve süre**

Mümkün olan en makul sürede.

LAHEY DELİL SÖZLEŞMESİ'NİN 3. MADDESİ'NE UYGUN

OLARAK, AŞAĞIDA ADI GEÇEN BAŞVURU SAHİBİ AŞAĞIDAKİ TALEBİ

SAYGIYLA SUNAR:

5.  **a.**  **Talep eden adli kurum**

Amerika Birleşik Devletleri Bölge Mahkemesi
New York Güney Bölgesi
500 Pearl Street
New York, New York 10007

**b.**  **Türkiye'deki yetkili kurum**

Adalet Bakanlığı
Dış İlişkiler ve Avrupa Birliği Genel Müdürlüğü
Adalet Bakanlığı Ek Binası
Namık Kemal Mah. Milli Müdafaa Caddesi No: 22
Kızılay Çankaya / ANKARA TÜRKİYE

6.  **Tarafların ve vekillerinin isimleri ve adresleri**

**a.**  **Davacılar**

Davacılar, Amerika Birleşik Devletleri'nde 11 Eylül 2001 tarihindeki Saldırılar'da ölen

2,977 kişinin yaşayan aile üyeleri ve miras temsilcileri; bu Saldırılar'da şahsen yaralanmış binlerce

kişi; bu Saldırılar sonucu milyarlarca dolar ekonomik kayıp yaşamış A.B.D.'li ve Avrupa'lı ticari

2

taraflardır. Davacılar, çeşitli avukatlık firmaları tarafından temsil edilmektedirler ve davacıları temsil

eden farklı avukatlık firmalarındaki avukatlar Mahkeme'nin emriyle, tüm davacıların adına ortak

konuları içeren ön duruşma prosedürlerini yürütmek için Davacı Yetkili Komitesi'ni oluşturmuştur.

İşbu Talep için sorumlu olan avukatlık firmaları:

Kreindler & Kreindler LLP
485 Lexington Avenue, 28th Fl.
New York, NY 10017

Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020

Cozen & O'Connor
One Liberty Place
1650 Market Street Suite 2800
Philadelphia, PA 19103

b.    **Davalılar**

Dallah Avco

MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, DC 20037

Suudi Arabistan Krallığı

Kellogg, Hansen, Todd, Figel & Frederick, PLLC
Summer Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Bu davadaki diğer davalılara aşağıdaki dava savunma irtibat vekili aracılığıyla

ulaşılır:

Avukat Alan R. Kabat
Bernabei & Kabat, PLLC
1400 - 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223

3

7.    **Davanın mahiyeti ve amacı ve olayların özeti**

İşbu Talep'de, Türk vatandaşı şahit Bay Alp Karlı'nın, Amerika Birleşik Devletleri New York Eyaleti'nde bulunan Amerika Birleşik Devletleri New York Güney Bölgesi Bölge Mahkemesi'nde devam eden hukuki davalarla ilgili yeminli ifadesi istenmektedir.

Hukuki davalar, Amerika Birleşik Devletleri'ndeki 11 Eylül 2001 Saldırıları'ndan doğmuştur. Bu Saldırılarda hava korsanları dört adet ticari yolcu uçağının kontrolünü ele geçirmişler ve bu uçaklardan iki adedi New York Şehri'ndeki Dünya Ticaret Merkezi'ne, bir uçak Washington, D.C. dışında Virginia'da bulunan Pentagon binasına çarpmış ve diğer uçak Pensilvanya'da düşmüştür. Saldırılarda toplam 2,997 kişi hayatını kaybetmiştir; birçok kişi ağır yaralanmıştır; ve büyük miktarda mülk hasarı ve bunların sonucu olarak büyük miktarda ticari kayıplar oluşmuştur.

Davacılar, birçok davalıya karşı ölüm, şahsi yaralanma, ve ticari kayıp davaları açmışlardır. Davacılar, Davalılar Dallah Avco ve Suudi Arabistan Krallığı dahil Davalılar'ın sorumlu oldukları kişilerin 11 Eylül hava korsanlarına Amerika Birleşik Devletleri içinde önemli ölçüde yardım sağladıklarını ve yardım sağlayan diğerlerini bulduklarını iddia etmektedirler. Davacılar, sözkonusu bu yardımların 11 Eylül 2001 Saldırıları'nın bir sebebi olduğunu iddia etmektedirler. Davacılar tarafından tespit edilen iki Suudi devlet memuru; 1996'dan 2001'e kadar Kaliforniya Los Angeles yakınlarındaki King Fahad Camii İmamı ve Suudi Diplomat Fahad al-Thumairy ve 1995'den 2001 yılına kadar San Diego, Kaliforniya'da yaşamış ve Davacı'ların Dallah Avco tarafından Amerika Birleşik Devletleri'nde sahte kimlik sağlandığı iddia edilen Suudi devlet çalışanı Omar-al-Bayoumi'dir. Davacılar, al-Bayoumi, al-Thumairy ve onlarla birlik içinde hareket eden diğerlerinin , 9/11 hava korsanları Nawaf al-Hazmi ve Khalid al-Mihdhar için Ocak 2000'de Amerika Birleşik Devletleri'ne varışlarından sonra Amerika Birleşik Devletleri içinde bir destek ağı organize ettiklerini iddia etmektedirler.


Amerika Birleşik Devletleri mahkemeleri, "Thumairy, Bayoumi ve adamlarının 2000 yılında, daha kıdemli Suudi yetkililer'in idaresinde, Hazmi, Mihdhar ve diğer 9/11 hava korsanlarına yardım sağlamak için harekete geçip geçmedikleri ve ne ölçüde harekete geçtikleri" ve Dallah Avco tarafından al-Bayoumi'ye sağlanan "kimlik" ile ilgili Davacılar'a delil toplama yetkisi vermiştir.

Bay Alp Karlı, Suudi Arabistan'ın Sivil Havacılık Başkanlığı ANSS Projesi'nin Kontrat Müdürü'ydü ve ilgili süre zarfında al-Bayoumi'nin direkt süpervizörü olduğu tespit edilmiştir.

**8.   Elde edilmesi istenen delil veya yapılması istenen hukuki işlem**

Şahit Bay Alp Karlı'nın yeminli ifadesi

**9.   İfadesi alınacak kişinin kimliği ve adresi**

İsim:      Bay Alp Karlı

Adres:     Bahçeköy Yeni Mahallesi
           Hunca Caddesi, No: 4
           Sarıyer, İstanbul

Davacılar, şahit Bay Alp Karlı'nın adresiyle ilgili bilginin, özel hayatının gizliliğini korumak için, ilgili Türk gizlilik mevzuatı'na göre mümkün olabilecek ölçüde gizli tutulmasını talep eder.

**10.   İfadesi alınacak kişinin ilgili olduğu konu hakkında Davacılar'ın Beyanı**

Davacılar talep ettikleri ifadeyle ilgili konunun özetini aşağıda beyan etmişlerdir.

Davacılar, talep ettikleri ifadenin, şahit Bay Alp Karlı'nın Suudi Devleti'nin Sivil Havacılık Başkanlığı (PCA)'da Omar al-Bayoumi'nin süpervizörü olduğu zamanlarda olan olaylara odaklanacağını beyan ederler. Elde edilen belgelere göre, Alp Karlı, ilgili süre içinde, PCA tarafından bünyesinde bulunan Havayolları İdaresi Müdürlüğü'nün Kontratlar ve Mali Kontrol (CFC) Birimi Müdürü olarak işe alınmıştır. Bu pozisyondayken Bay Karlı, Bayoumi'nin hava

korsanları Hazmi ve Mihdhar'a yardım etmeye başladığı zamanla eş zamanlı olarak, Krallık'ın Bayoumi'ye ödediği maaşa yapılan olağandışı zamları onaylamıştır.

Ekim 2003'de, Bayoumi 9/11 Komisyonu'na Bay Karlı'nın Suudi Arabistan'ın PCA'sında bir çalışan olduğunu anlatmış ve Bay Karlı'nın ''Jiddah'da, Suudi Arabistan'daki havacılık hizmetleri alanındaki mali işler ve kontratlardan sorumlu bir PCA biriminde çalıştığını'' ifade etmiştir. Bay Karlı'nın, Bayoumi'nin süpervizörlüğü'nü yaptığı PCA müdürlüğü pozisyonu, PCA zaman çizelgeleri, PCA maaş zammı kayıtları ve diğer kanıtlar dahil sayısız belge ile teyit edilmiştir. Ayrıca, sözkonusu belgelerin arasında, Dallah Avco'nun Yönetim Kurulu Başkanı'nın PCA'dan Bayoumi'nin memuriyetiyle ilgili A.B.D. dedektiflerine verdikleri yanlış ifadelerini düzetmelerini ve Bayoumi'nin Dallah Avco'da değil PCA'da çalıştığını teyit etmesini talep etmek için PCA'ya yazdığı Şubat 2002 tarihli mektup bulunmaktadır.

Bay Karlı'nın; Bayoumi, Suudi devlet personeli, Dallah Avco personeli, 9/11 hava korsanları ve ilgili olaylara dahil olmuş diğer kişiler hakkındaki bilgisi ve gözlemleri hakkında ifadesi alınacaktır. Sorularda, al-Bayoumi'nin işle ilgili görevleri, işi, ve maaşı; Suudi Arabistan Krallığı için al-Bayoumi tarafından bilfiil yapılan işin mahiyeti; al-Bayoumi'nin ilgili süre zarfında Amerika Birleşik Devletleri'nde Dallah Avco Sivil Havacılık Başkanlığı tarafından desteklenen bir öğrenci statüsünde olduğunun iddia edilmesi yer alacaktır. Sorularda, şahidin, Bayoumi ve ilgili diğer şahıslarla olan geçmişi, ilişkileri, planları, irtibatları, toplantıları, görüşmeleri, mali düzenlemeleri ve faaliyetleri yer alacaktır. Ayrıca Bay Alp Karlı'ya belirli olayların olduğu çeşitli yerler, kurumlar ve mekanlar sorulacaktır. Bay Alp Karlı'nın ifadesi, ilgili tarihlerde al Bayoumi'nin görevi, çalışma saatleri ve maaşına ait şahsen hazırladığı ve/veya imzaladığı çeşitli belgeleri açıklanması için de istenmektedir. Ek olarak, şahit Bay Alp Karlı, 9/11 Saldırıları'ndan önce Kaliforniya'ya bizzat seyahat etmiş ve Davacılar, al-Bayoumi, al-Thumairy, 9/11 hava korsanları ve dahil olmuş diğer kişilere ilişkin Davacıların iddialarıyla ilgili şahsi bilgisi olduğuna inanmaktadırlar.

Tümü değil ancak soruların bir çoğu 1995-2001 arasındaki zaman aralığıyla ilgili olacaktır. Şahit'e aynı zamanda şahsi geçmişi ve potansiyel eğilimleriyle ilgili sorular sorulacaktır.

Tarafların vekilinin, Bay Alp Karlı'ya, A.B.D. Federal Soruşturma Bürosu'nun talebiyle verilmiş ''FBI Koruma Emri''dahil New York Bölge Mahkemesi tarafından verilmiş Mahkeme Emirleri nedeniyle, gizli tutulması gereken belirli belgeler ve bilgilerle ilgili sorular soracağı tahmin edilmektedir. Bu Mahkeme Emirleri sonucu, dava konusunun bazı noktalarından ifadesinin alınacağı güne kadar bahsedilemez ve dolayısıyla bu tür gizli belge ve bilgilerle ilgili Bay Alp Karlı'nın ifadesinin bazı kısımlarının kapalı bir odada gizlilik esasına dayalı olarak alınması gerekli olacaktır. Ayrıca, Davacılar, Amerika Birleşik Devletleri Bölge Mahkemesi'nden mevcut FBI Koruma Emri'nin, Türk mahkemeleri ve yetkililerinin ve tarafların Türk vekillerinin de Bay Alp Karlı'nın ifadesinin alınması süresince kullanılabilecek belgelere ve bilgilere ulaşabilmelerine izin verileceği şekilde değiştirilmesini talep etmeyi planlamaktadırlar.

Ayrıca, cevaplarına bağlı olarak, tarafların vekili şahit'e daha fazla soru sorulabilir ve A.B.D. devlet görevlileri tarafından yürütülen görüşmelerde verdiği ifadeler dahil geçmişte verdiği ifadeleri önüne getirebilir.

11.    İfade'nin yeminli veya tasdikli olmasına dair herhangi bir gereklilik ve kullanılacak herhangi özel usül

Şahit Bay Alp Karlı'nın yeminli olarak ifade vermesi ve ifadesinin kameraya çekilerek kaydedilmesi talep edilmektedir.

12.    İzlenecek özel yöntemler veya prosedürler

Türk yasalarının izin verdiği ölçüde, aşağıdakiler talep edilmektedir:

a.    tarafların vekillerinin, temsilcilerinin veya görevli memurların, danışmanların, Amerika Birleşik Devletleri Adalet Bakanlığı temsilcilerinin ve bir stenografın (katip) ve videografın (kamerayla video çeken görevli) ifade verme süresince hazırda bulunmalarına izin verilmesini;

7

b. Şahit Bay Alp Karlı'nın ifade vermesi sırasında, FBI Koruma Emri dahil, Amerika Birleşik Devletleri Bölge Mahkemesi'nin Mahkeme Emirleri'ne tabi gizli belgeler ve bilgilerle ilgili bölümlerde adli işlemin kamuya kapatılmasına, gizli tutulmasına ve yalnızca FBI Koruma Emri uyarınca izin verilen kişilerin katılmasına izin verilmesini;

c. Davacıların vekilinin, şahit bay Alp Karlı'nın başlangıç ifadesini almalarına; daha sonra Davalıların vekilinin ifade almasına ve daha sonra tekrar Davacıların vekilinin mukabil ifade almasına izin verilmesini;

d. ifade alma sırasında, hem Davacıların hem de Davalıların vekilinin şahide sorularını sorabilmelerine, ayrıca daha önce Amerika Birleşik Devletleri Federal Soruşturma Bürosu'na vermiş olduğu ifadeler de dahil geçmişte verdiği ifadeleri şahidin önüne koyma fırsatı verilmesini;

e. İfade verme sırasında, taraflardan biri, herhangi diğer bir tarafın sorduğu soruya, sorunun amacına uygun olmadığına dair veya dava konusunun dışında olduğuna dair A.B.D. yasalarına dayanarak itiraz ettiği takdirde; ifade vermeyi yöneten mahkeme görevlisinin, Amerika Birleşik Devletleri Mahkemesi'nin bu tür sorularda yapacağı gibi, Şahit'e soruyu cevaplaması talimatı vermesini;

f. Şahit Bay Alp Karlı'nın ifade vermesini yöneten mahkeme görevlisinin ve hazırda bulunan diğer görevlilerin, FBI Koruma Emri de dahil Amerika Birleşik Devletleri Bölge Mahkemesi Mahkeme Emirleri'ne tabi ve ifade verme sırasında kullanılan belirli belge ve bilgilerin gizliliklerini, sözkonusu Mahkeme Emirleri'nde belirtildiği şekilde korumayı kabul etmelerini;

g. Şahit Bay Alp Karlı'nın ifadesinin bir stenograf (katip) tarafından kelimesi kelimesine kaydedilmesine izin verilmesine ve bir videograf'ın (kameraya çeken kişi) verilecek ifadenin elekronik video kaydını almasına izin verilmesine; ve

8

h. Davacı ve Davalı tarafların her ikisinin de, Türk mahkemesi tarafından korunan Bay Alp Karlı'nın ifadesinin olduğu video kaydının onaylı kopyalarını almalarına izin verilmesini, ve böylece video kaydının New York'taki Amerika Birleşik Devletleri Mahkemesi tarafından da izlenebilmesini ve şahit Bay Alp Karlı'nın ifadesinin anlaşılmasında, cevaplarının güvenilirliliği ve gerçekliğinin değerlendirilmesinde Mahkeme'ye yardımcı olmasını; veya alternatif bir yol olarak, Türk mahkemesi tarafından korunan Bay Alp Karlı'nın ifadesi, ifade'nin bitmesinin ardından, Türk mahkemesi tarafından tutulan ifade alma tutanakları ile birlikte Amerika Birleşik Devletleri Mahkemesi'ne yukarıda paragraf 1'de belirtilmiş adrese gönderilmesini.

### 13. Talep'in yerine getirilmesinin tarihinin ve yerinin bildirilmesi talebi ve bildirilecek kişilerin kimlikleri ve adresleri

Bay Alp Karlı'nın ifadesinin alınma tarihinin ve yerinin, ifade alma tarihinden en az dört hafta önce bildirilmesi ve bildirinin yukarıda paragraf 3'deki adreste bulunan Davacıların vekili Kreindler and Kreindler LLP'ye gönderilmesi talep edilir. Davacıların vekili bu bildiriyi hemen Mahkeme'ye ve bu davadaki tüm taraflara iletmekle görevlendirilmiştir.

### 14. İşbu Talep Mektubu'nun ihtivası yerine getirildiği esnada talep eden makamın bir yargı yetkilisinin katılımı veya hazırda bulunması talebi

Amerika Birleşik Devletleri Bölge Mahkemesi'nin bir yargı personelinin veya Mahkeme tarafından atanmış bir temsilcinin ifade almaya katılması talep edilir, ancak şu anda böyle bir personelin veya temsilcinin gerçekte katılıp katılmayacağı belirsizdir.

### 15. İmtiyaz (Dokunulmazlık) açıklaması

İşbu Talep'in uygulanmasıyla ilgili bu Mahkeme tarafından onaylanmış bir imtiyaz (dokunulmazlık) beyanı bulunmamaktadır.

### 16. Lahey Sözleşmesi'nin 1. Maddesi'nin ikinci paragrafı veya 26. Maddesi uyarınca tazmin edilebilir ücretler ve masraflar

Eğer varsa, bu tür masraflar, Davacılar tarafından karşılanacaktır. Bu tür ücretler ve masraflar, yukarıda paragraf 3'te belirtilen adreste bulunan Davacıların avukatları Kreindler & Kreindler, LLP'ye gönderilebilir.

17.   **Talep Tarihi**

_____ Mayıs, 2021

18.   **Talep eden makamın imzası ve mührü**

_____
Sayın Sarah Netburn
Amerika Birleşik Devletleri Sulh Yargıcı
Amerika Birleşik Devletleri Bölge Mahkemesi
New York Güney Bölgesi



**GLOBAL LINK LANGUAGE SERVICES, INC**
**YOUR LINK TO THE WORLD**
71 Commercial Street, #218
Boston, MA 02109
(617) 451-6655 Telephone
(617) 451-6644 Facsimile
www.languagetranslate.com
info@languagetranslate.com

**CERTIFICATION**

Date: May 14, 2021

We hereby certify and confirm that the below mentioned documents are a true and accurate Turkish translation of the English documents presented to us, and has been translated to the best of our professional ability.

Request for the International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking Evidence Abroad in Civil Matters

Sincerely,

Anthony Federico
Global Link Language Services, Inc.

Notary Public:

My commission expires on: 04/08/22



PAUL A. ENNIS
Notary Public
Commonwealth of Massachusetts
My Commission Expires April 8, 2022



**‹› KREINDLER**LLP

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

May 12, 2021

VIA OVERNIGHT MAIL
Directorate General for Foreign Relations and EU Affairs
Ministry of Justice
Adalet Bakanlığı Ek Binası
Namık Kemal Mah. Milli Müdafaa Caddesi No:22
Kızılay Çankaya / ANKARA Turkey

    Re:   *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN)
          United States District Court for the Southern District of New York

To the Turkish Ministry of Justice:

    We have been directed to transmit to you the enclosed Letter of Request for Judicial Assistance pursuant to the 1970 Hague Convention on Taking Evidence Abroad, executed by the United States District Court for the Southern District of New York on May 11, 2021, with a Turkish translation enclosed as well.

                Respectfully,

                Kreindler & Kreindler LLP

                By: Megan Wolfe Benett

Enclosure

New York              Boston              Los Angeles

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

*This document relates to All Actions*

## REQUEST FOR THE INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States District Court for the Southern District of New York sends its

compliments to the Ministry of Justice of Turkey, and respectfully presents this Letter of

Request to the Ministry as the Central Authority of Turkey in accordance with the Hague

Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial

Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"), which is in

force between the United States and Turkey.

This Letter of Request involves a civil matter that is pending in the United States

District Court. Set forth above is the formal court title of the matter. The details of the

Request are presented as follows.

1.    **Sender**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

This Request is made upon the application of the Plaintiffs,
*see* paragraph 6 below.

2.    **Central Authority of the Requested State**

Directorate General for Foreign Relations and EU Affairs
Ministry of Justice
Adalet Bakanlığı Ek Binası

1

Namık Kemal Mah. Milli Müdafaa Caddesi No:22
Kızılay Çankaya / ANKARA Turkey

3. **Person to whom the executed request is to be returned**

   Steven R. Pounian, Esq.
   Kreindler & Kreindler LLP
   485 Lexington Ave. – 28th floor
   New York, NY 10017
   Tel: +01 212 973 3477
   spounian@kreindler.com

4. **Specification of the date by which the requesting authority requires receipt of the response to this Letter of Request**

   As soon as practicable.

IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE EVIDENCE

CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT

THE FOLLOWING REQUEST:

5.　a.　**Requesting judicial authority**

   United States District Court
   Southern District of New York
   500 Pearl Street
   New York, New York 10007

　b.　**To the competent authority of Turkey**

   Directorate General for Foreign Relations and EU Affairs
   Ministry of Justice
   Adalet Bakanlığı Ek Binası
   Namık Kemal Mah. Milli Müdafaa Caddesi No:22
   Kızılay Çankaya / ANKARA Turkey

6. **Names and addresses of the parties and their representatives**

　a.　**Plaintiffs**

Plaintiffs are the estate representatives and surviving family members of the 2,977

persons killed in the September 11, 2001 Attacks in the United States; the thousands of

persons who suffered personal injuries in those Attacks; and U.S. and European commercial

parties that suffered billions of dollars of economic losses as a result of those Attacks. The



Plaintiffs are represented by various law firms, and various lawyers at several of the law firms

representing the plaintiffs comprise Plaintiffs Executive Committees that the Court has

charged with conducting all pretrial proceedings involving common issues on behalf of all

plaintiffs.

The law firms responsible for this Request are:

> Kreindler & Kreindler LLP
> 485 Lexington Avenue, 28th Fl.
> New York, NY 10017

> Motley Rice LLC
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464

> Anderson Kill P.C.
> 1251 Avenue of the Americas
> New York, NY 10020

> Cozen & O'Connor
> One Liberty Place
> 1650 Market Street Suite 2800
> Philadelphia, PA 19103


**b.     Defendants**

> Dallah Avco

> MoloLamken LLP
> 600 New Hampshire Avenue, N.W.
> Washington, DC 20037

> Kingdom of Saudi Arabia

> Kellogg, Hansen, Todd, Figel & Frederick, PLLC
> Summer Square
> 1615 M Street, N.W., Suite 400
> Washington, D.C. 20036

Other defendants in the case are contacted through the following defense liaison

counsel:

> Alan R. Kabat, Esq.
> Bernabei & Kabat, PLLC

3

1400 - 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223

### 7. Nature and purpose of the proceedings and summary of the facts

This Request seeks testimony under oath of Turkish resident witness Mr. Alp Karli in connection with court actions currently proceeding in the United States District Court for the Southern District of New York, which is located in New York, New York, United States.

The court actions arise from the September 11, 2001 Attacks in the United States. Those Attacks occurred when hijackers seized control of four commercial passenger aircraft and flew two of those planes into the World Trade Center in New York City, one plane into the Pentagon building in Virginia outside Washington, D.C., and another plane crashed in Pennsylvania. A total of 2,977 persons were killed in the Attacks; many others were seriously injured; and there was substantial destruction of property and resulting commercial losses.

Plaintiffs brought actions for death, personal injury, and economic losses against a number of defendants, including the Defendants Dallah Avco and the Kingdom of Saudi Arabia, based on the plaintiffs' claims that actors for whom the Defendants were responsible knowingly provided and arranged for others to provide substantial assistance to the September 11 hijackers inside the United States. The Plaintiffs claim that such assistance was a cause of the September 11, 2001 Attacks. Two of the Saudi government employees identified by the Plaintiffs are Fahad al-Thumairy, a Saudi diplomat and the Imam of the King Fahad Mosque near Los Angeles, California from 1996 to 2001, and Omar al-Bayoumi, a Saudi government employee who lived in San Diego, California from 1995 to 2001, who Plaintiffs further allege was provided with false cover in the United States by Dallah Avco. Plaintiffs claim that al-Bayoumi, al-Thumairy, and others acting in concert with them, organized a support network inside the United States for two 9/11 hijackers, Nawaf al-Hazmi and Khalid al-Mihdhar, upon their arrival in the United States in January 2000.

4

United States courts have authorized Plaintiffs to collect evidence relevant to the "cover" provided by Dallah Avco to al-Bayoumi and "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers."

Mr. Alp Karli was the Contract Manager of the ANSS Project of Saudi Arabia's Presidency of Civil Aviation and has been identified as al-Bayoumi's direct supervisor during the relevant time period.

**8.      Evidence to be obtained or other judicial act to be performed**

Testimony under oath of the witness Mr. Alp Karli.

**9.      Identity and address of any person to be examined**

Name:      Mr. Alp Karli.

Address:      ██████████████  Bahcekoy Yeni Mahallesi, Hunca Caddesi, No: 4, SAriyer, Istanbul

The Plaintiffs request that the information regarding the witness Mr. Alp Karli's address be kept confidential to the extent possible pursuant to applicable Turkish secrecy legislation to protect his privacy.

**10.      Plaintiffs' statement of the subject matter about which the person is to be examined**

The Plaintiffs provide the following summary of the subject matter of their examination.

Plaintiffs state that their examination will focus on events occurring when the witness Mr. Alp Karli was Omar al-Bayoumi's supervisor at the Saudi Government's Presidency of Civil Aviation (PCA). According to document production, Alp Karli was employed by the PCA as the Manager of the Contracts & Finance Control (CFC) unit of its Airways Engineering Directorate during the relevant time period. It was in this role that Mr. Karli

5

approved unusual increases in the Kingdom's compensation to Bayoumi, contemporaneous with the time that Bayoumi began assisting hijackers Hazmi and Mihdhar.

In October 2003, Bayoumi told the 9/11 Commission that Mr. Karli was an employee of Saudi Arabia's PCA, stating that Mr. Karli "worked in Jiddah in a PCA unit responsible for finances and contracts in the field of aviation services within Saudi Arabia." Mr. Karli's status as the PCA manager who supervised Bayoumi is confirmed by numerous documents, including, among other things, PCA timesheets, PCA pay increase records, and a February 2002 letter from Dallah Avco's Chairman to the PCA to demand that the PCA correct its false representations to U.S. investigators about Bayoumi's employment, and confirm that Bayoumi was employed by the PCA, not Dallah Avco.

Mr. Alp Karli will be examined about his knowledge and observations of Bayoumi, Saudi government personnel, Dallah Avco personnel, the 9/11 hijackers, and other persons involved in the relevant events. The questioning will address the work assignments, employment, and compensation of al-Bayoumi; the nature of the work actually performed by al-Bayoumi for the Kingdom of Saudi Arabia; and the alleged status of al-Bayoumi during the relevant time period as a student in the United States who was being seconded by the Presidency of Civil Aviation to Dallah Avco. The questioning will include the history, relationships, plans, contacts, meetings, discussions, financial arrangements and activities of the witness with Bayoumi and other relevant individuals. Moreover, Mr. Alp Karli will be asked about the various places, institutions, and locations where certain events occurred. Mr. Karli's testimony is also sought for him to explain various documents that he personally prepared and/or signed concerning al-Bayoumi's work, hours, and compensation at relevant times. In addition, the witness Mr. Alp Karli himself travelled to California prior to the 9/11 Attacks and Plaintiffs believe that he has personal knowledge relevant to Plaintiffs' claims regarding al-Bayoumi, al-Thumairy, the 9/11 hijackers, and other involved persons.

6

Most, but not all, of the questions will deal with the time period from 1995-2001. The witness will also be questioned regarding his personal background and potential biases.

It is anticipated that counsel for the parties will pose questions to Mr. Alp Karli concerning certain documents and information that must be kept confidential because of Orders issued by the United States District Court in New York, including an "FBI Protective Order" entered at the request of the U.S. Federal Bureau of Investigation. As a result of those Orders, various aspects of the subject matter cannot be addressed until the time of his examination, and it will be necessary that the portions of the examination of Mr. Alp Karli concerning such confidential documents and information be conducted in a closed room on a confidential basis. In addition, Plaintiffs plan to request that the United States District Court modify the current FBI Protective Order to allow the Turkish court and its officials, together with Turkish counsel for the parties, access to the documents and information that may be used during the examination of Mr. Alp Karli.

It is also expected that, depending upon his answers, the witness may be further questioned and confronted by counsel for the parties with prior statements that he made, including his statements at interviews conducted by the U.S. government investigators.

11.    **Any requirement that the evidence be given on oath or affirmation and any specific form to be used**

It is requested that the witness Mr. Alp Karli testify under oath and that the testimony be recorded by videotape.

12.    **Special methods or procedure to be followed**

It is requested that, to the extent permissible under Turkish law:

a.  the parties' counsel, representatives or their designees, consultants, representatives of the United States Department of Justice, interpreters, and a stenographer and videographer be permitted to be present during the examination;

b. that during those portions of the questioning of the witness Mr. Alp Karli involving confidential documents and information subject to the Orders of the United States District Court, including the FBI Protective Order, that the proceedings be closed to the public, kept confidential, and attended only by persons authorized to be present pursuant to the FBI Protective Order;

c. that counsel for the Plaintiffs be allowed to conduct the initial examination of the witness Mr. Alp Karli, followed by an examination by the counsel for the Defendants, followed again by a rebuttal examination by the counsel for the Plaintiffs;

d. that during the proceedings, the counsel for the parties, both the Plaintiffs and the Defendants, be permitted to present their questions to the witness, including the opportunity to confront the witness with statements that he previously made, including statements that he made to the United States Federal Bureau of Investigation;

e. that during the proceedings, should a party raise an objection to a question by any other party based on U.S. law, including an objection on the grounds that the question is not relevant to or is outside the proper scope of the subject matter of these proceedings, it is requested that the judicial officer overseeing the examination instruct the witness to answer the question, as the United States District Court will rule on such issues;

f. that the judicial officer overseeing the examination of the witness Mr. Alp Karli, and other officials present, agree to maintain the confidentiality of certain documents and information that that the parties may utilize during the proceedings pursuant to the Orders of the United States District Court, including the FBI Protective Order, as specified by the terms of those Orders;

g. that a stenographer be permitted to record verbatim the examination of the witness Mr. Alp Karli, and a videographer be permitted to electronically record a video recording of the examination; and

8



h. that both parties, the Plaintiffs and the Defendants, be allowed to obtain certified copies of the videotape maintained by the Turkish court of the testimony of Mr. Alp Karli, so that the videotape can be viewed by the United States District Court in New York as an aid for that Court to understand the testimony of the witness Mr. Alp Karli, and to assess his credibility and the truthfulness of his answers, or in the alternative, that certified copies of the videotape maintained by the Turkish court of the testimony of Mr. Alp Karli be sent together with the minutes from the proceedings to be drawn up by the Turkish court and sent to the United States District Court at the address set forth in paragraph 1, above, following the termination of the proceedings.

**13.    Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified**

It is requested that notification be provided of the time and place of the examination of Mr. Alp Karli at least four weeks in advance of the examination, and that the notification be sent to Plaintiffs' counsel Kreindler and Kreindler LLP at the address listed above in paragraph 3. Plaintiffs' counsel are directed to immediately distribute such notification to the Court and all of the parties in this litigation.

**14.    Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request**

It is requested that judicial personnel of the United States District Court, or a representative appointed by that Court, be permitted to attend the proceedings, although it is uncertain at this time whether such personnel or representative will actually attend.

**15.    Specification of privilege**

No assertion of a privilege recognized by this Court has been made concerning the execution of this Request.

**16.    The fees and costs incurred that are reimbursable under the second paragraph of Article 1, or under Article 26 of the Convention**

9

Such costs, if any, shall be borne by the Plaintiffs. The bill for any such fees and costs should be sent to Kreindler & Kreindler, LLP, attorneys for Plaintiffs, at the address listed above in paragraph 3.

17.   **Date of Request**

May _____ 6 _____, 2021

18.   **Signature and seal of the requesting authority**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York

10

**T.C.**
**İSTANBUL**
**Hukuk Mahkemeleri Ön Bürosu**

**ALINDI BELGESİ**

**Evrakın Gönderildiği**
**Birim**                 : İstanbul 22. Asliye Hukuk Mahkemesi
**Dosya No**             : 2021/157 Talimat Dosyası
**Teslim Alınan Evrak** : 2021-157TALİMAT-BEYAN VE TALEP DİLEKÇESİ
**Teslim Eden**         : STJ.AV.DENİZ BADE AKKOYUN
**İlgili Kişi**          :
**Teslim AlınmaTarihi** : 23/02/2022 11:39

      Yukarıda bilgileri yazılı evrak    teslim alınarak  UYAP  Bilişim  Sistemine kaydedildiğine dair bu belge hazırlanmıştır

                                        Ön Büro Hukuk Memuru
                                            187184



# Güner Law Office

February 23 2022

## TO ISTANBUL 22ND CIVIL COURT OF FIRST INSTANCE

FILE NO: 2021/157 T.

| | | |
|---|---|---|
| **KREINDLER   &** | : | **Atty. Ömer Erdoğan – Atty. Sabahat Elif İpek** |
| **KREINDLER LLP** | | **Atty. Elif Şatır – Atty. Kıvanç Turan** |
| **ATTORNEYS** | | |
| | | |
| **SUBJECT** | : | The submission of our statement and request regarding the "special procedures" to be followed at the witness hearing to be held on 22 March 2022 pursuant to the Hague Convention international judicial request of the United States District Court for the Southern District of New York. |

## EXPLANATIONS

The file pending before your Honorable Court and with the instruction number specified above, is the matter of the execution of the Request for International Judicial Assistance dated 11 May 2021 (**"Request", see Annex-1**) issued by the United States District Court for the Southern District of New York ("**US Court**"), pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters ("**Hague Convention**"). According to the preliminary proceedings report of this Court dated 10 December 2021 ("**Tensip Tutanagi**"), it has been ruled that the Witness Alp Karlı ("**Witness**") will be heard on 22 March 2022 at 10:00 am.

As stated in the Request; the hearing of this Witness before your Honorable Court will take place in the context of the civil lawsuit filed by the estate representatives and surviving family members of 2,977 people who lost their lives in the attacks of September 11, 2001. The Plaintiffs are represented by various law firms, as listed in section 6 of the Request entitled *"Names and addresses of the parties and their representatives."* We represent Plaintiffs' firm Kreindler & Kreindler LLP (New York), on whose behalf we act before the judicial institutions of the Republic of Turkey by virtue of notarized Power of Attorney.

İşbu İngilizce tercüme Türkçe aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakuş

# Güner Law Office

As known, the Request was issued pursuant to the Hague Convention of 18 March 1970, as ratified by the Republic of Turkey on 13 December 2000 and approved by Law No. 5128 on April 07, 2004. The Convention aims to fulfill mutual rogatory requests and to strengthen judicial cooperation in legal matters, as it is known, according to Article 90 of the Turkish Constitution;

*"International treaties duly put into effect have the force of law."*

The relevant authorities applicable to the means and procedures by which such a Letter of Request should be executed are contained in Chapter I of the Hague Convention, at Article 9[1]. These provisions are designed to ensure, *inter alia*, that evidence taken in the Requested State (i.e. in Turkey) may be effectively used in proceedings in the Requesting State (i.e. in the United States).

While the basic principle is that the requested authority, i.e. the Istanbul 22nd Civil Court of First Instance, will ordinarily apply its own law to the taking of evidence[2], it is also **required to give effect to any special methods or procedures that have been stipulated by the requesting authority[3]**, i.e. the US District Court, subject to limited and narrow exceptions[4] (none of which apply in the present case). In that; in the Turkish judicial practice, the parties' attorneys are allowed to attend hearings remotely via e-trial[5] and directly ask questions to the witness[6], which shows that in the present case, the implementation of "special procedures" cannot be prevented on the grounds of violation of domestic law or difficulty in implementation.

---

[1] According to Article 9 of the Hague Convention: *(1) "The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed; (2) However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties; and (3) A Letter of Request shall be executed expeditiously."*

[2] Article 9 (1).

[3] Article 9(2).

[4] Note that the Republic of Turkey has not appended any declarations or reservations to Article 9 or to any of the other Articles of the Hague Convention applicable to this Request. For the Status Table containing the relevant positions of the Contracting Parties, see: https://www.hcch.net/en/instruments/conventions/status-table/?cid=82. Note also that the Special Commission on the Hague Evidence Convention of 2003 confirmed that the Article 9(2) exceptions are to be interpreted *narrowly*, in particular so as to permit the use of information technology such as witness hearings by video-link. See C & R No. 43 of the 2003 SC.

[5] According to Article 149/1 of the Turkish Code of Civil Procedure: *"The court, upon the request of one of the parties, may decide that the requesting party or his/her attorney attend the hearing and take procedural actions from where they are by simultaneously transmitting audio and video."*

[6] According to Article 152 of the Turkish Code of Civil Procedure: *"The attorneys of the parties attending the hearing; may directly ask questions to witnesses, experts and other persons summoned to the hearing in accordance with the discipline of the hearing."*

İşbu İngilizce tercüme Türkçe aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

# GünerLawOffice

Contracting Parties state whether they fulfil the rogatory requests under the Hague Convention via video link, in their "Country Profile" responses to the Questionnaire of Contracting Parties on the Taking of Evidence by Video-Link under the Hague Evidence Convention. In the response given by the Republic of Turkey; it has been stated that the letter rogatory sent by the requesting authority is sufficient to meet the video conference request, indicating that according to the Turkish Code of Civil Procedure, the statements of witnesses, experts and parties can be obtained via video connection and that this system is available in almost all courtrooms.[7]

Accordingly, within the framework of the provisions of the Hague Convention, which we have explained in detail above; procedural aspects such as presence of the foreign parties (whether in-person or by video-link), and their participation in the hearing, including the asking of questions directly to the witness, should thus be allowed by the Court to the extent that these are set out in the original Request.

In this regard, we draw the Court's attention to Section 12 of the Request, entitled "*Special procedures or method to be followed*", and respectfully request that the Court give effect to every clause thereof in its execution of the Request, "*to the extent permissible under Turkish law*". **We petition the Court to declare its adoption of "special procedures" for this Witness hearing, and expressly to permit:**

- The parties' counsel, representatives or their designees, consultants, representatives of the US Department of Justice, interpreters and a stenographer and videographer to be present during the examination;

- The Plaintiffs' attorneys to conduct the initial examination of the Witness, followed by an examination by the Defendants' attorneys, followed again by a rebuttal examination by the Plaintiffs' attorneys;

- During the proceedings, the Plaintiffs' and Defendants' attorneys to be given the opportunity to present their questions to the Witness and to confront the Witness with his statements, including statements previously made to the US Federal Bureau of Investigation (FBI);

- Should a party raise an objection to a question by any other party based on US Law, including an objection on the grounds that the question is not relevant to or is outside the proper scope of

---

[7] Turkey's "Country Profile" response to the Questionnaire of Contracting Parties on the Taking of Evidence by Video-Link under the Hague Evidence Convention (updated on 27 December 2021): https://www.hcch.net/en/states/authorities.

İşbu İngilizce tercüme Türkçe aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakuz

Güner Law Office

the subject matter of these proceedings, the judge overseeing the examination to instruct the Witness to answer the question, as the US Court will rule on such issues:[8]

- The judge to order that the confidentiality of certain documents or information utilized by the parties during the proceedings be maintained in accordance with the Orders of the US District Court, including the "FBI Protective Order";

- The Witness' examination to be recorded verbatim by a stenographer and to be electronically video recorded by a videographer;

- Both parties, the Plaintiffs and the Defendants, to obtain certified copies of the videotape of the Witness' testimony, as expeditiously as possible after the hearing has been concluded, in order that they can deposit the evidence directly with the US District Court.

The Hague Convention stipulates that **the Request must be fulfilled to the greatest extent possible by the requested authority**. In addition to the provisions of the Convention, **considering the nature, importance and scope of the case pending in the US District Court, it is evident that "special procedures" are appropriate for the taking of evidence in the most practical and secure means possible.**

This matter shall be considered in light of Article 90 of the Turkish Constitution and any procedural defect or deviation from the requirements of the Hague Convention may require the hearing to be reconvened, causing loss of time and effort for both the estate representatives and surviving family members of 2,977 people who lost their lives in the attacks of September 11, 2001, the parties and their attorneys, the US District Court, and your Honorable Court.

There is ample international precedent for the application of "special procedures" in the execution of at least three prior Hague Convention requests in the same 03 MDL 1570 (GBD)(SN) litigation. *In re Terrorist Attacks on September 11, 2001*[9]. An analogous Request directed to the Ministry of Justice of Sweden was executed by means of a video-link witness hearing in May 2021, held under the *courtroom supervision and control* of the Chief Judge of the District Court of Sodertalje, Sweden, whilst adopting

---

[8] In its official "Country Profile" response to the Questionnaire of Contracting Parties on the Taking of Evidence by Video-Link under the Hague Evidence Convention (updated on 27 December 2021), the Republic of Turkey indicated that in such instances "the hearing is conducted under the supervision and control of the Turkish judge". It is submitted that the stipulated procedure is nonetheless compatible with Turkish practice.
[9] Plaintiffs' attorneys In Re Terrorist Attacks on September 11, 2001 have pursued the taking of evidence by means of witness hearing and/or documentary production through Hague Convention Requests executed in foreign jurisdictions as diverse as Sweden, Canada, and the United Kingdom.

İşbu İngilizce tercüme Türkçe aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

# GünerLawOffice

each of the same special procedures for *remote presence of the foreign parties*, their participation, questioning and confidentiality, as those stipulated in Section 12 of the present Request.

As will be appreciated by your Honorable Court, the principal elements of the procedure requested for this witness hearing are derived from the Federal Rules of Evidence and the Federal Rules of Civil Procedure in the United States. Such a request is entirely appropriate to ensure *procedural compliance and evidentiary admissibility* in the US District Court, which is the venue of the underlying litigation and the recognized requesting authority for this Request. Moreover, it is clear that the realistic and fair way for the Witness hearing to be useful and meaningful for the ongoing trial process in the US Court is to adopt the "special procedures" specified in the Request, as permitted by the Hague Convention.

Lastly, in deference to Turkish law and practice[10], we do not seek a wholesale "jurisdictional displacement", as has been ordered by courts in certain other Requested States[11]. Rather, we respectfully maintain that it is imperative that the Court declare its adoption of the above-listed "special procedures" for the hearing of the Witness on 22 March 2022, and that the ultimate purpose of the Hague Convention – a bridge between our respective legal systems – will thereby be fulfilled. Therefore, as presented and explained above, we request that the special methods and procedures be decided to be adopted, indicated in Article 12 of the Request titled *"Special methods or procedures to be followed"* and in this petition in detail.

## ANNEXES

**ANNEX-1:** Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters / The letter rogatory numbered 03 MDL 1570 (GBD)(SN) of the United States District Court for the Southern District of New York, annexed to the letter of Kreindler & Kreindler LLP dated 12 May 2021

---

[10] For Turkish practice in executing Hague Convention Requests, see, in particular, Turkey's official "Country Profile" response to the Questionnaire of Contracting Parties on the Taking of Evidence by Video-Link under the Hague Evidence Convention (updated on 27 December 2021): https://www.hcch.net/en/states/authorities
[11] Courts in certain comparable Contracting Parties to the Hague Convention have gone so far as to order witness examinations to take place under a wholesale application of the US *Federal Rules of Evidence and Federal Rules of Civil Procedure*: see, for example, the case of *U.S. Securities and Exchange Commission v. Samuel E. Wyly* ORD 2012/24 (30 April 2012), before the High Court of Justice of the Isle of Man; similarly, use of Art. 9(2) to apply the law of the Requesting State in the case of *AXA Mediterranean Int'l Holding v. ING Insurance Int'l B.V.* (report of P. Matet, 18 March 2013), before the Court of Cassation of France.

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

## Güner Law Office

### CONCLUSION AND REQUEST

In light of the above, we hereby request a declaration and decision to be rendered by your Honorable Court for the Witness hearing on 22 March 2022 to take place under "special methods and procedures" in accordance with Article 9(2) of the Hague Convention which has the force of law in accordance with the Article 90 of the Turkish Constitution and the terms of the Request of the US District Court dated 11 May 2021. Specifically, representatives of the parties including Plaintiffs' and Defendants' counsel should be permitted to: **(i) attend and participate in the hearing via video-link; (ii) conduct initial and rebuttal examinations of the Witness as stipulated; (iii) introduce evidence, including prior statements, with which to confront the Witness; (iv) be guided and supervised by the presiding Turkish judge on matters of courtroom management, in particular in respect of opposing parties' objections and observance of relevant confidentiality orders; and (v) receive verbatim transcripts and copies of the videotape of the Witness' testimony at the conclusion of the hearing.**

Kind regards.

Acting on Behalf of the

KREINDLER & KREINDLER LLP

Atty.  Can Güner

İşbu İngilizce tercüme Türkçe aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakuş

**T.R.**
**ISTANBUL**
**Civil Courts Front Office**

**DOCUMENT OF RECEIPT**

**The Department the Document Was Sent To:** Istanbul 22nd Civil Court of First Instance
**File No:** 2021/157 Instruction File
**The Document Received:** 2021-157 INSTRUCTION-PETITION FOR DECLARATION AND REQUEST PETITION
**Deliverer:** TRAINEE ATTY. DENIZ BADE AKKOYUN
**Relevant Person:**
**Date of Receipt:** February 23, 2022, 11:39

This document has been prepared, indicating that the above-mentioned document has been received and recorded in the UYAP Information System.

Front Office Civil Servant
187184

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

EXHIBIT B

# GünerHukukBürosu

15.03.2022

İSTANBUL 22. ASLİYE HUKUK MAHKEMESİNE

**DOSYA NO:** 2021/157 T.

KREINDLER & KREINDLER LLP

VEKİLLERİ      : **Av. Ömer Erdoğan – Av. Sabahat Elif İpek - Av. Elif Şatır – Av. Kıvanç Turan**

KONU      : Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesinin Lahey Sözleşmesi uluslararası adli destek talebi doğrultusunda 22 Mart 2022 tarihinde gerçekleşecek olan duruşmanın ertelenmesi talebidir.

## AÇIKLAMALAR

Sayın Mahkemeniz huzurunda görülmekte olan ve yukarıda talimat numarası belirtilmiş dosya, Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesi ("**ABD Mahkemesi**") tarafından 18 Mart 1970 Tarihli Hukuki veya Ticari Konularda Yabancı Ülkelerde Delil Sağlanması Hakkında Lahey Sözleşmesi ("**Lahey Sözleşmesi**") uyarınca gönderilen 12.05.2021 tarihli Uluslararası Adli Destek Talebi'ne ilişkindir. ("**Talep**") Mahkemenizin 10 Aralık 2021 tarihli tensip tutanağına ("**Tensip Tutanağı**") göre Tanık Alp Karlı ("**Tanık**") 22 Mart 2022 tarihinde saat 10:00'da Sayın Mahkemeniz huzurunda dinlenecektir.

Tarafımızca 23.02.2022 tarihinde sunulan dilekçeyle; Lahey Sözleşmesi hükümleri çerçevesinde, yabancı tarafların (şahsen veya video bağlantısı ile) duruşmada bulunmasına ve Tanık'a doğrudan soru sormak da dahil olmak üzere duruşmaya aktif katılımına Mahkemenizce izin verilmesi gerektiği, bu durumun talepte bulunan makam olan ABD Mahkemesi ile *usulî uyumluluğun sağlanması ve delillerin kabulü* için şart olduğu belirtilerek duruşmada, Talep'in 12. Maddesinde belirtilen özel yöntemler ve prosedürlerin uygulanmasına karar verilmesi talep edilmiştir.

Ancak duruşma gününe çok kısa bir süre kalmasına rağmen, Mahkemenizce işbu taleplerimize ilişkin bir karar verilmemiştir. Gelinen noktada, tanık dinlenmesi işleminin hangi usulle yapılacağı belirsiz olup taleplerimizin kabulüne karar verilse dahi duruşma gününe kadar gerekli teknolojik ve idari hazırlıkların yapılmasının imkansız olduğu açıktır. Ayrıca, duruşmaya aktif katılımlarını talep ettiğimiz Davacılar ve



Davalılar vekillerinin, usulün belirsizliği nedeniyle, duruşma için gerekli çalışmayı yapabilmesi de mümkün olmamıştır.

Tüm bu nedenlerle, duruşmanın, öncelikle usule ilişkin taleplerimizle ilgili karar verilmesi, ardından Lahey Sözleşmesi kapsamında yerine getirilmesi gereken talep ve yükümlülükler ile ilgili olarak gerekli teknolojik ve idari hazırlıkların yapılması ve son olarak vekillerin gerekli çalışmayı yapabilmesi için makul bir süre ertelenmesi gerekmektedir.

## NETİCE VE TALEP

Yukarıda açıklananlar ışığında; 22 Mart 2022 tarihinde saat 10:00'da yapılacak duruşmanın, öncelikle usule ilişkin taleplerimizle ilgili karar verilmesi, ardından gerekli teknolojik ve idari hazırlıkların yapılması ve son olarak vekillerin gerekli çalışmayı yapabilmesi için makul bir süre ertelenmesini talep ederiz.

Saygılarımızla.

KREINDLER & KREINDLER LLP

Vekili

**Av. Sabahat Elif İpek**

**T.C.**
**İSTANBUL**
**Hukuk Mahkemeleri Ön Bürosu**

**ALINDI BELGESİ**

**Evrakın Gönderildiği**
**Birim**                      : İstanbul 22. Asliye Hukuk Mahkemesi
**Dosya No**                   : 2021/157 Talimat Dosyası
**Teslim Alınan Evrak** : 2021/157 TALİMAT - DURUŞMA ERTELENMESİ TALEBİ VE
EKLERİ (EKTE BİR ADET VEKALETNAME SUNULMUŞTUR)
**Teslim Eden**                : YETKİLİ KILINAN STJ. AV. DENİZ BADE AKKOYUN
**İlgili Kişi**                :
**Teslim AlınmaTarihi** : 15/03/2022 14:02

        Yukarıda bilgileri yazılı evrak    teslim alınarak UYAP  Bilişim  Sistemine
kaydedildiğine dair bu belge hazırlanmıştır

                                        Ön Büro Hukuk Memuru
                                                278695



UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden e7X7nm6 - 7Dv178T - 7zCpHHn - 4HH2c8= ile erişebilirsin

GünerHukukBürosu

15.03.2022

## TO THE ISTANBUL 22ⁿᵈ CIVIL COURT OF FIRST INSTANCE

**FILE NO:** 2021/157 T.

**KREINDLER &
KREINDLER LLP
ATTORNEYS**                    : Atty. Ömer Erdoğan – Atty. Sabahat Elif İpek - Atty. Elif Şatır –
Atty. Kıvanç Turan

**SUBJECT**                        : Request for the postponement of the hearing to be held on March 22,
2022, in line with the Request for International Judicial Assistance by
the United States District Court for the Southern District of New York
pursuant to the Hague Convention.

### EXPLANATIONS

The file pending before your Honorable Court and with the instruction number specified above, is the
matter of the execution of the Request for International Judicial Assistance dated 11 May 2021
("**Request**") issued by the United States District Court for the Southern District of New York ("**US
Court**"), pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil
or Commercial Matters ("**Hague Convention**"). According to the preliminary proceedings report of this
Court dated 10 December 2021 ("**Preliminary Report**"), it has been ruled that the Witness Alp Karlı
("**Witness**") will be heard on 22 March 2022 at 10:00 am.

With the petition submitted by us on 23 February 2022; it was requested that under the terms of the
Hague Convention, your Honorable Court must allow foreign parties to be present (whether in person
or via video link) and actively participate in the hearing, including by asking questions to the Witness
directly, *to ensure procedural compliance with the requesting authority,* the US Court, *and for the
evidentiary admissibility,* and that the special methods and procedures specified in Article 12 of the
Request be applied during the hearing.

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

However, although very little time remains until the hearing date, your Honorable Court has not rendered a decision regarding the said requests. At this point, the procedure by which the witness hearing will be conducted is unclear, and even if our requests are accepted, it is clear that it is impossible to fulfill the necessary technological and administrative preparations by the hearing day. In addition, it was not possible for the Plaintiffs and Defendants' attorneys, whom we requested to actively participate in the hearing, to do the necessary work for the hearing, due to the uncertainty of the procedure.

For all these reasons, the hearing must be postponed for a reasonable period of time, firstly in order to be decided on our procedural requests, then for the necessary technological and administrative preparations to be made regarding the requests and obligations to be fulfilled in the scope of the Hague Convention, and finally, so that the attorneys can carry out the necessary work.

### CONCLUSION AND REQUEST

In light of the above; we request that the hearing, which is to be held on 22 March 2022 at 10:00, be postponed for a reasonable period of time, firstly in order to be decided on our procedural requests, then for the necessary technological and administrative preparations to be made, and finally, so that the attorneys can carry out the necessary work.

Kind regards,

On behalf of
KREINDLER & KREINDLER LLP
**Atty. Sabahat Elif İpek**

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakuş

**T.R.**
**ISTANBUL**
**Civil Courts Front Office**

### DOCUMENT OF RECEIPT

**The Department the Document Was Sent To:** Istanbul 22nd Civil Court of First Instance
**File No:** 2021/157 Instruction File
**The Document Received:** 2021/157 INSTRUCTION – REQUEST FOR THE POSTPONEMENT OF THE HEARING AND ITS APPENDICES (ONE POWER OF ATTORNEY SUBMITTED AS APPENDIX)
**Deliverer:** AUTHORIZED TRAINEE ATTY. DENIZ BADE AKKOYUN
**Relevant Person:**
**Date of Receipt:** March 15, 2022, 14:02

     This document has been prepared, indicating that the above-mentioned document has been received and recorded in the UYAP Information System.

Front Office Civil Servant
278695
**[signature]**

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

EXHIBIT C



# GünerHukukBürosu

21.03.2022

## İSTANBUL 22. ASLİYE HUKUK MAHKEMESİNE

**DOSYA NO:** 2021/157 T.

**KREINDLER & KREINDLER LLP**

**VEKİLLERİ** : Av. Ömer Erdoğan – Av. Can Güner- Av. Sabahat Elif İpek -
**Av. Elif Şatır –**

**Av. Kıvanç Turan**

**KONU** : Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesinin Lahey Sözleşmesi uluslararası adli destek talebi uyarınca gerçekleşecek tanık dinlenmesi işleminin, Davacılar Yetkili Komitesi tarafından iptal edildiğinin bildirilmesi ve 22 Mart 2022 tarihinde gerçekleşecek olan duruşmanın yapılmaması talebidir.

### AÇIKLAMALAR

Sayın Mahkemeniz huzurunda görülmekte olan ve yukarıda talimat numarası belirtilmiş dosya. Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesi ("**ABD Mahkemesi**") tarafından 18 Mart 1970 Tarihli Hukuki veya Ticari Konularda Yabancı Ülkelerde Delil Sağlanması Hakkında Lahey Sözleşmesi ("**Lahey Sözleşmesi**") uyarınca gönderilen 12.05.2021 tarihli Uluslararası Adli Destek Talebi'ne ilişkindir. ("**Talep**") Mahkemenizin 10 Aralık 2021 tarihli tensip tutanağına ("**Tensip Tutanağı**") göre Tanık Alp Karlı'nın ("**Tanık**") 22 Mart 2022 tarihinde saat 10:00'da Sayın Mahkemeniz huzurunda dinlenmesine karar verilmiştir.

Bilindiği üzere, tarafımızca 23.02.2022 tarihinde sunulan dilekçeyle; Lahey Sözleşmesi hükümleri çerçevesinde, yabancı tarafların duruşmada bulunmasına ve Tanık'a doğrudan soru sormak da dahil olmak üzere duruşmaya aktif katılımına Mahkemenizce izin verilmesi gerektiği belirtilerek, duruşmada Talep'in 12. Maddesinde belirtilen özel yöntemler ve prosedürlerin uygulanmasına karar verilmesi talep edilmiştir.

Ancak, duruşma gününe çok kısa bir süre kalmasına rağmen, Mahkemenizce işbu taleplerimize ilişkin bir karar verilmemiş; tanık dinlenmesi işleminin hangi usulle yapılacağı belirsiz bırakılmıştır. Bu

nedenle son olarak, tarafımızca 15.03.2022 tarihinde sunulan dilekçeyle, duruşmanın makul bir süre ertelenmesi talep edilmiş; ancak Mahkemenizce bu talebimize ilişkin de bir karar verilmemiştir.

Bu nedenle, Kreindler&Kreindler LLP'nin de aralarında bulunduğu Davacılar Yetkili Komitesi tarafından Talep'e konu tanık dinlenmesi işleminin iptaline karar verilmiştir. Bu doğrultuda, 18.03.2022 tarihinde, Davacılar Yetkili Komitesi tarafından sunulan dilekçeyle, Tanık'ın dinlenmesi işleminin iptal edildiği ABD Mahkemesi'ne bildirilerek gerekli işlemlerin yapılması talep edilmiştir. İşbu dilekçenin orijinali ile yeminli tercüman tarafından yapılan çevirisini ekte Mahkemeniz bilgisine sunarız **(EK-1)**.

**EKLER**

**EK-1:** 18.03.2022 tarihinde Davacılar Yetkili Komitesi tarafından Amerika Birleşik Devletleri New York Güney Bölgesi Mahkemesi'ne sunulan iptal dilekçesi

<div align="center">

**NETİCE VE TALEP**

</div>

Yukarıda açıklananlar ışığında, tanık dinlenmesi işleminden tümüyle vazgeçilerek 22 Mart 2022 tarihinde saat 10:00'da yapılması planlanan duruşmanın iptaline karar verilmesini ve Tanık'a gerekli bildirimde bulunulmasını talep ederiz.

Saygılarımızla,

<div align="right">

KREINDLER & KREINDLER LLP

Vekili

**Av. Can Güner**

</div>

Dosya 1:03-md-01570-GBD-SN  Belge 7762  Sunuldu 18.03.2022  Sayfa 1/2

## MDL 1570 DAVACILAR YETKİLİ KOMİTESİ

Hakkında: 11.09.2001 tarihli Terörist Saldırıları (New York Güney Bölgesi)

| Davacılar'ın Fiziksel Yaralanma ve Ölüm İddiaları için Yetkili Komitesi | Davacılar'ın Ticari Alacaklar için Yetkili Komitesi |
|---|---|
| Ronald L. Motley, (1944-2013) Jodi Westbrook Flowers / Donald A. Migliori, *Eş Başkanlar* MOTLEY RICE LLC James P. Kreindler, *Eş Başkan* KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Eş Başkan* Sean Carter, *Eş Başkan* COZEN O'CONNOR |
| Andrew J. Maloney III, *Eş İrtibat Danışmanı* KREINDLER & KREINDLER LLP Robert T. Haefele, *Eş İrtibat Danışmanı* MOTLEY RICE LLC | J. Scott Tarbutton, *İrtibat Danışmanı* COZEN O'CONNOR |

### ECF[1] VASITASIYLA

18.03.2022

Saygıdeğer Sarah Netburn
Amerika Birleşik Devletleri Sulh Yargıcı
Thurgood Marshall Amerika Birleşik Devletleri Adliye Sarayı
40 Foley Meydanı
New York, NY 10007

YNT: *Hakkında: 11.09.2001 tarihli Terörist Saldırıları,* 03 MDL 1570 (GBD) (SN)

Sevgili Yargıç Netburn:

Bugün erken saatlerde, Dallah Avco vekili Robert Kry ve Suudi Arabistan vekili Andrew Shen'i, Davacılar'ın, Alp Karlı'nın 22.03.2022, Salı günü İstanbul, Türkiye'de yapılması planlanan tanık ifadesini iptal etmek zorunda kaldığı hususunda bilgilendirdik. Son birkaç hafta içinde, Davacılar Yetkili Komitesi, video konferans ve tercüman kullanımı da dahil olmak üzere ifade işlemlerinin nasıl yürütüleceğini belirlemek için Türk avukatlarımız aracılığıyla Türk adli makamlarıyla iletişim kurmaya çalışmıştı. Türk mahkemesi, atanan yargıç birkaç haftadır adliyede olmadığı ve henüz dönmediği için yanıt veremedi.

Bu esnada, üç gün önce bu Mahkeme, Davacılar'ın, devam eden FBI yapımının alınması, incelenmesinin tamamlanması ve bilirkişi raporlarının sunulması için süre uzatımı talebini reddetti. Mahkemenin kararına itiraz Yargıç Daniels'a sunuldu, ancak şu an için Davacılar'ın bilirkişi raporlarının son teslimi bugünden itibaren iki hafta içinde, 1 Nisan tarihinde yapılmalıdır. FBI'dan dün ve bugün yüzlerce sayfalık belgenin redaksiyondan geçirilmemiş yeni versiyonlarını aldık ve yakında derhal gözden geçirilmesi gerekecek binlerce sayfalık yeni belge almayı bekliyoruz. Yakın zamanda alınan yeni belgelerin bir kısmı, Bay Karlı'nın ifadesinin konusu olan, Omar al-Bayoumi'nin istihdamıyla ilgilidir. İşbu belge aynı zamanda Karlı tanık ifadesini anlamsız bir hale getirebilir. Vekilleri de bilgilendirdiğimiz üzere , Davacılar Yetkili Komitesi, Bay Karlı'nın İstanbul'daki tanık ifadesini

---

[1] Dilekçeler, itirazlar ve talepler gibi dava belgelerinin çevrimiçi olarak mahkemeye sunulmasına izin veren federal yargı sistemi.

İşbu Türkçe tercüme İngilizce aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

Dosya 1:03-md-01570-GBD-SN  Belge 7762  Sunuldu 18.03.2022  Sayfa 2/2

yürütmek için yeterli zaman bulunmadığı için ifadeyi iptal etmek zorundadır. Bu Mahkemenin, İstinabe Mektubumuzu geri çekmesini ve ECF 6793 vd. ile 6800  vd. başvurularını sona erdirmesini saygılarımızla talep ederiz. İstanbul'daki mahkemeye ve Sayın Karlı'ya bildirimde bulunması için Türk avukatlarımızla iletişime geçiyoruz.

Bilgilerinize arz olunur.

*Davacılar Yetkili Komitesi adına*

KREINDLER & KREINDLER LLP
Tarafından: */imza/ Andrew J. Maloney, III*
Av. Andrew J. Maloney, III
Av. Steven R. Pounian
Av. James P. Kreindler
Av. Megan W. Benett
Av. James Gavin Simpson
485 Lexington Caddesi
New York, New York 10017
Tel: (212) 687-8181
E-posta: amaloney@kreindler.com

*Davacılar Yetkili Komitesi adına*
COZEN O'CONNOR
Tarafından: */imza/ Sean P. Carter*
Av. Sean P. Carter
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
E-Posta: scarter@cozen.com

*Davacılar Yetkili
Komitesi adına*
MOTLEY RICE LLC
Tarafından: */imza/ Robert T. Haefele*
Av. Robert T. Haefele
28 Bridgeside Bulvarı
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
E-posta: rhaefele@motleyrice.com

Bilgi:   Saygıdeğer George B. Daniels (ECF vasıtasıyla)
         Tüm Kayıtlı MDL[2] Vekilleri (ECF vasıtasıyla)

---

[2] Federal mahkemelerin farklı yargı alanlarında açılan birçok ilgili davayı verimli bir şekilde yönetmesine yardımcı olmak için tasarlanmış bir tür yasal işlem olan "çok bölgeli dava" anlamına gelir.

İşbu Türkçe tercüme İngilizce aslına uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karagün

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers  Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

## VIA ECF

March 18, 2022

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      RE:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Earlier today we advised counsel for Dallah Avco, Robert Kry and counsel for Saudi Arabia Andrew Shen, that Plaintiffs have to cancel the deposition of Alp Karli that was scheduled for next Tuesday, March 22, 2022 in Istanbul, Turkey. Over the last several weeks, the PECs had attempted to communicate with the Turkish judicial authorities through our local Turkish counsel to determine how the proceedings for the deposition would be conducted, including the use of videoconferencing and translators. The Turkish court was not able to respond as the assigned judge was away from the courthouse for several weeks and has not yet returned.

      In the meantime, three days ago this Court denied Plaintiffs' motion for an extension of time to complete the receipt and review of the rolling FBI production and render their expert reports. An objection to this Court's ruling has been filed with Judge Daniels, but Plaintiffs' expert reports are currently due two weeks from today on April 1. We received yesterday and today new unredacted versions of hundreds of pages of documents from the FBI and expect to soon receive thousands of pages of new material that must be immediately reviewed. Some of the new material recently received pertains to Omar al-Bayoumi's employment, which was the subject of Mr. Karli's deposition. That material may also render the Karli deposition moot. As

İşbu Türkçe tercüme İngilizce aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

March 18, 2022
Page 2

we advised counsel, the PECs simply do not have enough time to conduct the deposition of Mr. Karli in Istanbul and must therefore cancel the deposition. We respectfully request that this Court withdraw our Letters Rogatory and terminate those filings from ECF 6793 et seq. and 6800 et seq. We are contacting our Turkish counsel to notify the court in Istanbul and Mr. Karli.

Respectfully submitted,

KREINDLER & KREINDLER LLP

By: /s/ Andrew J. Maloney, III
Andrew J. Maloney, III, Esq.
Steven R. Pounian, Esq.
James P. Kreindler, Esq.
Megan W. Benett, Esq.
James Gavin Simpson, Esq.
485 Lexington Avenue
New York, New York 10017
Tel: (212) 687-8181
E-mail: amaloney@kreindler.com

*On behalf of the Plaintiffs Exec. Committees*

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
Robert T. Haefele, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*On behalf of the Plaintiffs Exec. Committees*

COZEN O'CONNOR

By: /s/ Sean P. Carter
Sean P. Carter, Esq.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the Plaintiffs Exec. Committees*

cc:     Honorable George B. Daniels (via ECF)
        All MDL Counsel of Record (via ECF)

... tercüme İngilizce aslına ... olarak tarafımca yapılmıştır. Yeminli Tercüman Çağaç Karakurt

**T.C.**
**İSTANBUL**
Hukuk Mahkemeleri Ön Bürosu

**ALINDI BELGESİ**

**Evrakın Gönderildiği**
**Birim**                    : İstanbul 22. Asliye Hukuk Mahkemesi
**Dosya No**                 : 2021/157 Talimat Dosyası
**Teslim Alınan Evrak** : 2021/157 TAL DİLEKÇE VE EKİ
**Teslim Eden**             : STAJ AV. DENİZ BADE AKKOYUN
**İlgili Kişi**             :
**Teslim AlınmaTarihi** : 21/03/2022 12:02

      Yukarıda bilgileri yazılı evrak    teslim alınarak UYAP Bilişim Sistemine kaydedildiğine dair bu belge hazırlanmıştır

Ön Büro Hukuk Memuru 53360



GünerHukukBürosu

21.03.2022

## TO THE ISTANBUL 22nd CIVIL COURT OF FIRST INSTANCE

**FILE NO:** 2021/157 T.

KREINDLER &
KREINDLER LLP
**ATTORNEYS**          : Atty. Ömer Erdoğan – Atty. Can Güner – Atty. Sabahat Elif
İpek – Atty. Elif Şatır – Atty. Kıvanç Turan

**SUBJECT**          : Notification that the witness deposition to be carried out in accordance
with the request for international judicial assistance by the United States
District Court for the Southern District of New York pursuant to the
Hague Convention has been cancelled by the Plaintiffs' Executive
Committee and request for the non-execution of the hearing set to be
held on March 22, 2022.

## EXPLANATIONS

The file pending before your Honorable Court and with the instruction number specified above is the
matter of the execution of the Request for International Judicial Assistance dated May 11, 2021,
("**Request**") issued by the United States District Court for the Southern District of New York ("**US
Court**"), pursuant to the Hague Convention of March 18, 1970, on Taking of Evidence Abroad in Civil
or Commercial Matters ("**Hague Convention**"). According to the preliminary proceedings report of this
Court dated December 10, 2021 ("**Preliminary Report**"), it has been ruled that the Witness Alp Karlı
("**Witness**") will be heard on March 22, 2022, at 10:00 am.

As known, with the petition submitted on February 23, 2022; it was stated that within the framework of
the provisions of the Hague Convention, your Honorable Court shall allow the presence of foreign
parties and their active participation in the hearing, including asking questions directly to the Witness,
and it was requested that the special methods and procedures specified in Article 12 of the Request be
applied at the hearing.

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

However, regardless of the limited time remaining until the hearing date, a decision was not rendered by your Honorable Court regarding such requests and the method by which the witness deposition will be carried out has been left uncertain. Therefore, with the petition submitted on March 15, 2022, it was requested that the hearing be postponed for a reasonable period of time; however, your Honorable Court has not rendered a decision regarding this request either.

Therefore, the Plaintiffs' Executive Committee, including Kreindler & Kreindler LLP, has decided to cancel the witness deposition subject to the Request. Thus, on March 18, 2022, with the petition submitted by the Plaintiffs' Executive Committee, it was notified to the US Court that the deposition of the Witness was cancelled, and necessary actions were requested accordingly. We present the original of this petition and the translation made by a sworn translator for the information of your Court in the annex (**ANNEX-1**).

**ANNEXES**

**ANNEX-1:** Petition of cancellation submitted by the Plaintiffs' Executive Committee to the United States District Court for the Southern District of New York dated March 18, 2022

### CONCLUSION AND REQUEST

In light of the above, we request that the witness deposition be waived altogether, and the hearing scheduled for March 22, 2022, at 10:00 be cancelled and the Witness to be given the necessary notice.

Kind regards,

On behalf of
KREINDLER & KREINDLER LLP
Atty. Can Güner

İşbu İngilizce tercüme Türkçe aslın.
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt

**T.R.**
**ISTANBUL**
**Civil Courts Front Office**

**DOCUMENT OF RECEIPT**

**The Department the Document Was Sent To:** Istanbul 22nd Civil Court of First Instance
**File No:** 2021/157 Instruction File
**The Document Received:** 2021/157 INST. PETITION AND ITS APPENDICES
**Deliverer:** TRAINEE ATTY. DENIZ BADE AKKOYUN
**Relevant Person:**
**Date of Receipt:** March 21, 2022, 12:02

     This document has been prepared, indicating that the above-mentioned document has been received and recorded in the UYAP Information System.

Front Office Civil Servant 53360

İşbu İngilizce tercüme Türkçe aslına
uygun olarak tarafımca yapılmıştır.
Yeminli Tercüman
Doğaç Karakurt