

April 20, 2022

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax     215-701-2105
scarter1@cozen.com

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      In accordance with the Court's Order at ECF No. 7884, I write on behalf of the *Federal Insurance*, *Burnett*, *O'Neill*, *Hoglan*, *Grazioso*, *Ray*, and *Ryan* Plaintiffs (collectively "The Framework Agreement Plaintiffs"), to summarize how the Framework Agreement Plaintiffs intend to proceed in connection with the ongoing turnover proceedings as to the blocked assets of Da Afghanistan Bank ("DAB").

      As the Court is aware, Plaintiffs in *Havlish v. The Taliban, et al.*, Case No. 03-cv-09848 (GBD) (SN) ("*Havlish*"), issued a writ of execution against DAB assets at the Federal Reserve Bank of New York ("FRBNY") on August 27, 2021, based on their judgment against the Taliban. The U.S. Marshals served the writ on the FRBNY on September 14, 2021. The *Havlish* Plaintiffs thereafter filed their Motion for Partial Turnover of the DAB assets (ECF No. 7763), Memorandum of Law in Support of their Motion for Partial Turnover of the DAB Assets (ECF No.7764), and Expert Declaration of Alex B. Zerden (ECF No. 7766). By Order dated April 5, 2022 (ECF No. 7830), the Court authorized the *Havlish* Plaintiffs to effectuate service of their Turnover Motion papers on the Taliban by publication and social media, and further authorized supplemental service on DAB in Afghanistan by publication, email, Twitter, and personal service.

      On March 22, 2022, the Framework Agreement Plaintiffs submitted a letter to the Court outlining their proposal to use a judgment in favor of the *Federal Insurance* Plaintiffs against the Taliban to protect the interests of the Framework Agreement Plaintiffs as to portions of the DAB funds that remain unsecured by any valid post-judgment writ of execution, and advising the Court that the *Havlish* Plaintiffs and Framework Agreement Plaintiffs had reached agreement on a model for distributing any DAB funds deemed subject to turnover on the basis of the *Havlish* and *Federal Insurance* judgments and writs of execution. *Se*e ECF No. 7790.

      On April 6, 2022, this Court issued its Order of Judgment in favor of the *Federal Insurance* Plaintiffs against the Taliban (ECF No. 7833), and the Clerk of Court thereafter issued final judgment in favor of the *Federal Insurance* Plaintiffs against the Taliban on April 20, 2022

Honorable Sarah Netburn
April 20, 2022
Page 2

_____

(ECF No. 7888). On that same day, the *Federal Insurance* Plaintiffs obtained a writ of execution against the DAB assets blocked at the FRBNY, and delivered it to the officer with jurisdiction to levy, the United States Marshal for the Southern District of New York.

      Upon service by the U.S. Marshal of the writ of execution against the DAB assets at the FRBNY, the *Federal Insurance* Plaintiffs intend to file their own Motion for Partial Turnover of blocked DAB funds, for the benefit of all Framework Agreement Plaintiffs. In support of that Motion for Partial Turnover, with the consent of the *Havlish* Plaintiffs, the Framework Agreement Plaintiffs intend to adopt the legal and evidentiary arguments presented by the *Havlish* Plaintiffs through their Memorandum of Law and the Expert Declaration of Alex B. Zerden, already pending before this Court. The Framework Agreement Plaintiffs are evaluating whether it will be procedurally feasible to join in the *Havlish* Plaintiffs' alternative service processes, but it may be necessary to mirror them separately.

      The precise timing of these further steps relative to the *Federal Insurance* writ of execution and Framework Agreement Plaintiffs' formal joinder in the ongoing turnover proceedings will depend on when the U.S. Marshal effectuates service of the writ of execution on the FRBNY. The Framework Agreement Plaintiffs respectfully submit that the timing of their anticipated turnover proceedings need not delay this Court's consideration of the *Havlish* Plaintiffs' already pending application, once it is ripe for decision.

                        Respectfully submitted,

                        COZEN O'CONNOR

                        SEAN P. CARTER

cc:      The Honorable George B. Daniels (via ECF)
          All MDL Counsel of Record (via ECF)

LEGAL\57615464\1