UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE:* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| JOHN DOES 1-7,<br>          CREDITORS,<br>     V.<br>THE TALIBAN, *ET AL.*,<br>          DEBTORS,<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br>          GARNISHEE | Case No. 20-mc-740 (GBD)(SN) |
| FIONA HAVLISH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DONALD HAVLISH, JR., DECEASED, *ET AL.*,<br>          CREDITORS,<br>     V.<br>THE TALIBAN, *ET AL.*,<br>          DEBTORS,<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br>          GARNISHEE | Case No. 03-cv-9848 (GBD)(SN) |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OPPOSING
PLAINTIFF-CREDITORS' TURNOVER MOTIONS**

Global Advocates for Afghanistan, Project ANAR, Afghan American Community Organization, and Afghans for a Better Tomorrow respectfully move this Court for leave to file the accompanying brief as *Amici Curiae*. The *Havlish* Creditors take no position on *Amici's* motion for leave, while the *Doe* Creditors do not consent to *Amici*'s motion on the grounds that *Amici* "do not have standing."

*Amici Curiae* are Afghan civil society and grassroots organizations that have led human rights, legal, evacuation, and advocacy efforts, including in response to the Taliban takeover of Afghanistan in August 2021. In the midst of a case that raises significant economic, geopolitical, and jurisprudential matters, *Amici* bring a critical perspective otherwise not directly before the court: the interests of the Afghan people. *See Sec. & Exch. Comm'n v. Ripple Labs., Inc.,* No. 20-cv-10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (citations omitted) (participation as *Amicus Curiae* is appropriate when "the amicus has unique information or perspective that can help the court").

The accompanying brief does not seek to create or enlarge issues, but rather to highlight for the Court certain nuances in the arguments already before it, with regard to the distinction in public international law between a State and its government, to explain why this Court should ensure that the State of Afghanistan's assets are not attached to enforce a judgment rendered against the Taliban (the State of Afghanistan was not named as a defendant), and that the Da Afghanistan Bank assets, as sovereign property, enjoy immunity for enforcement. The brief also addresses the relationship of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602-1611, and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107–297, 116 Stat. 2322, which the Plaintiff-Creditors have briefed extensively, particularly in the context of foreign states that have not been designated as state-sponsors of terrorism, considering international law and U.S.

foreign relations law on foreign sovereign immunity. The brief explains why central bank funds have received special protections from enforcement actions in foreign courts, and why those funds are so necessary for the people of Afghanistan in the current humanitarian and human rights crisis they face.

As Afghan civil society organizations, *Amici Curiae* have a direct and deep interest in the outcome of the Turnover Motions: ensuring that the remaining $3.5 billion of the Central Bank assets held in the U.S. as sovereign funds are to be used for the people of Afghanistan to prevent further deterioration of the economic, humanitarian, and human rights circumstances of Afghan civilians. *Amici* are concerned that the Afghanistan State's assets may be disposed of, removing any chances that the people of Afghanistan, who are currently on the brink of famine, might one day have access to these funds to aid in their own development in the wake of the humanitarian crisis Afghan civilians are experiencing. *Amici* respectfully submit that relieving the Taliban – a non-state, terrorist-designated entity – of their financial responsibility for their crimes by punishing the sovereign Afghan people suffering under their rule, would result in a tragic injustice.

*Amici Curiae* would like to make <u>extremely clear</u> that they do not challenge the judgment rendered in favor of the Plaintiff-Creditors, nor do they question the Plaintiff-Creditors' right to compensation. *Amici* fully support the Plaintiff-Creditors in their efforts to collect on the duly-obtained judgments against the Taliban and other named defendants. *Amici* cannot, however, support the manner in which Plaintiff-Creditors move this Court to do so, namely by taking sovereign assets from the Central Bank, Da Afghanistan Bank; these assets belong to State of Afghanistan, and ultimately, to the people of Afghanistan, not to the Taliban. The Taliban bears

responsibility for payment of the judgments, but satisfaction of a judgment for their crimes cannot – and should not – come from the people of Afghanistan.

In addition, nothing in this motion or in the accompanying brief should be read as a position on the legitimacy of the *de facto* authority, the Taliban.

Accordingly, *Amici* respectfully request that the Court grant this motion for leave and accept the accompanying brief, which will aid it in resolving the present matter, *See, e.g.*, *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) ("It is well-established that a district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case.") (citation omitted).

Dated: April 20, 2022                                       Respectfully submitted,

*/s/  Katherine Gallagher*

Katherine Gallagher (KG-2222)
Baher Azmy
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

*Counsel for amici curiae*

3