KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

April 25, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia" or "KSA") in further support of Saudi Arabia's request for Court-ordered reimbursement of costs and attorneys' fees that Saudi Arabia incurred in connection with the cancelled testimony of Alp Karli, ECF No. 7852, and in reply to Plaintiffs' opposition, ECF No. 7897 (as corrected).

      Saudi Arabia showed in its opening letter (at 2-3) that Plaintiffs did not tell counsel for Saudi Arabia or Dallah Avco of their intent to cancel Karli's testimony until after the close of business in Istanbul the Friday before the Tuesday hearing; that Plaintiffs never told Karli or his counsel that they intended to cancel the testimony; that Plaintiffs did not move the Turkish court to cancel the hearing until Monday; and that the Turkish court did not actually cancel the testimony until the Tuesday hearing, after Saudi Arabia obtained an emergency order from this Court. Plaintiffs dispute none of those facts. Nor do they defend the reasons for declining to proceed with Karli's testimony set out in their March 18, 2022 letter: that they "simply d[id] not have enough time to conduct" it and that then-recently-produced documents "m[ight] also render the Karli deposition moot." ECF No. 7762, at 1-2. Instead, they argue that Saudi Arabia should have realized that Plaintiffs did not intend to proceed based on documents they never served on Saudi Arabia and to which Saudi Arabia had no access.

      **1.**    Plaintiffs' opposition reveals for the first time that on February 23, 2022, they moved the Turkish court to permit them to take Karli's testimony by videoconference; and, on March 15, moved the Turkish court to adjourn the March 22 hearing. Neither motion was served on Saudi Arabia's Turkish counsel. *See* Ex. A (Dirican Decl.), ¶ 4. Nor were those papers served on U.S. counsel until Plaintiffs' opposition. Plaintiffs incorrectly state (at 2-3) that, as to their February 23 motion, Saudi Arabia's Turkish counsel "were no doubt following the docket before the Istanbul Court and apprising U.S. counsel of all relevant developments"; and, as to their March 15 motion, that this motion "provided notice to defense counsel that the deposition could not proceed on March 22." Those representations are false and misleading. Saudi

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
April 25, 2022
Page 2

Arabia's Turkish counsel did not have, and even today does not have, access to the Turkish court's electronic docket system because the matter was confidential.  *See* Ex. A, ¶¶ 5-6.

      Plaintiffs' U.S. counsel testifies:  "It *was* our understanding that counsel for Saudi Arabia and Dallah Avco *would have been* informed by their Turkish counsel of our petition at the time it was filed, docketed and entered into the electronic filing system before the Istanbul court."  ECF No. 7897-1 (Maloney Decl.), ¶ 9 (emphases added).  Counsel does not declare that he holds such an understanding today and presumably purports to rely on his Turkish counsel.  But his Turkish counsel testifies:  "*I do not know* whether counsel for Mr. Karli, Dallah Avco or the KSA saw our [March 15 petition] in a timely manner" but that "*[i]t is possible* that other appearing counsel *could have* seen our petition on the online judicial filing system."  ECF No. 7897-2 (Ipek Decl.), ¶ 15 (emphases added).  She stops short of saying that Saudi Arabia actually did receive notice or actually could have accessed Plaintiffs' filings.  Saudi Arabia's Turkish counsel, by contrast, testifies clearly that she did not and could not.  *See* Ex. A, ¶¶ 5-6.  Further, Plaintiffs had reason to know that the Turkish electronic docketing system would not enable Saudi Arabia to access their filings.  They themselves were filing in paper form, without electronic signatures, *id.* ¶ 7; their Turkish counsel concedes that it was "extraordinarily difficult . . . to obtain any information about the status of the file . . . [through] the online judicial filing system," ECF No. 7897-2, ¶ 9; and, as counsel also concedes, between February 1 and March 22, 2022, Plaintiffs themselves "received no formal notification of any kind from the Court," *id*.

      Even if Plaintiffs had given Saudi Arabia notice of their February 23 or March 15 filings (which they did not), it is undisputed that the Turkish court had not acted on either filing when Saudi Arabia's counsel departed for Istanbul on March 16.  Had the hearing gone forward, nothing in Plaintiffs' February 23 or March 15 filings would have stopped Plaintiffs from taking Karli's testimony and using it against Saudi Arabia.  Only on Friday, March 18, did Plaintiffs give notice that they no longer planned to proceed with Karli's testimony.  It was reasonable for Saudi Arabia's counsel to travel before that date and, once in Istanbul, to prepare for and attend the hearings until the Turkish court actually ruled that the testimony would not proceed.

      **2.**      Plaintiffs' cases (at 4-5) do not support their position.  Those cases teach that a party seeking relief under Rule 30(g) must show "facts indicating [the] expenditures could not have been averted," *Donini Int'l, S.P.A. v. Satec (U.S.A.), LLC*, 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006); and that "[w]hat notice is appropriate depends on the circumstances of cancellation," *Doe I v. Exxon Mobil Corp.*, 539 F. Supp. 3d 59, 81 (D.D.C. 2021).  Here, Saudi Arabia has shown that U.S. counsel reasonably traveled to Istanbul to assist Turkish counsel to prepare for live testimony that Plaintiffs had described as "key" and for which they had invoked this Court's authority and the Hague Convention.

      **3.**      Plaintiffs proffer four additional, erroneous reasons that they should not be required to pay reasonable fees and costs.  *First*, Plaintiffs err in relying (at 1) on this Court's order for depositions to proceed by videoconference.  That order did not bind the Turkish court in the conduct of its own proceedings.  Certainly, all counsel would have preferred if that court

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
April 25, 2022
Page 3

had agreed to video testimony. But Plaintiffs never suggested until March 18 that they would refuse to proceed with the in-person hearing the Turkish court had directed.

Plaintiffs' statement (at 1-2) that, when Saudi Arabia's counsel traveled to Istanbul, the Turkish court "had not yet decided whether U.S. counsel could appear by videoconference" is incorrect. That court's ruling against "any audio or video recording carried out by anyone outside the officer of the court during the trial under any circumstances," ECF No. 7852-1, at 2, ¶ 6, was clear.* Further, Plaintiffs conceded in their March 15 filing that there was not sufficient time to arrange videoconferencing. *See* ECF No. 7897-2, Ex. B, at 2 ("[I]t is clear that it is impossible to fulfill the necessary technological and administrative preparations by the hearing day."). Based on that statement, Plaintiffs knew (no later than) the morning of March 15 that any hearing on March 22 would be in-person. If that were their reason for declining to proceed, it would have taken mere moments for them to tell Saudi Arabia by email. Their delay of (at least) three days was not reasonable.

*Second*, Plaintiffs err in relying (at 2) on an alleged "established practice" that "travelling counsel contact other counsel prior to departure" to "confirm the arrangements" for an overseas deposition. We do not know what "practice" or "arrangements" Plaintiffs mean. Of course, when a deposition is taking place in a hotel or firm office, one side or the other usually reaches out to confirm start time and room number. But at issue here is a noticed hearing before a Turkish judge with a witness attending in person under compulsion. Plaintiffs appear to be suggesting that Saudi Arabia should have inferred from Plaintiffs' silence in the preceding weeks that Plaintiffs were not serious about that hearing. That suggestion is not reasonable.

*Third*, Plaintiffs err in suggesting (at 4) that Saudi Arabia's counsel traveled to Istanbul based on "an uncertain hope of attending the proposed hearing." The Turkish court had stated that "representatives of the Parties or appointed officers . . . will be allowed to be present" if they had "legal representative documents regarding their duties as well as their identifications." ECF No. 7852-1, at 2-3, ¶ 9. Saudi Arabia's Turkish counsel confirmed with the court at the March 21 meeting – which Plaintiffs skipped – that U.S. counsel could attend the March 22 hearing. *See* Ex. A, ¶¶ 8-9. The court even "arranged for a larger courtroom for the . . . hearing to accommodate the U.S. attorneys and the translators." *Id.* ¶ 9.

*Fourth*, Plaintiffs err in stating (at 4) that there is no "suggestion of bad faith on the[ir] part." Their shifting justifications for refusing to proceed with Karli's testimony and misrepresentations that Saudi Arabia had notice of their February 23 and March 15 motions are indeed in bad faith and confirm that the Court should award fees and costs.

---

\* Plaintiffs' Turkish counsel incorrectly suggests that the Turkish court could have used its own videoconferencing system. *See* ECF No. 7897-2, ¶ 8. That system is integrated with the electronic docketing system to which the court had already refused counsel access. *See* Ex. A, ¶ 11. Without such access, using the Turkish system was not a "realistic possibility." *Id.*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 25, 2022
Page 4

                                    Respectfully submitted,

                                    /s/ *Michael K. Kellogg*

                                    Michael K. Kellogg
                                    *Counsel for the Kingdom of Saudi Arabia*

cc:      All MDL Counsel of Record (via ECF)