# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: TERRORIST ATTACKS ON ) Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001 ) ECF Case

This document relates to:

*All actions*

## DECLARATION OF GÖKBEN ERDEM DIRICAN

I, Gökben Erdem Dirican, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that:

1. I am an attorney with the law firm of Dirican Gozutok Attorney Partnership and have been retained to represent Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in connection with the Turkish proceedings to take testimony from Alp Karli pursuant to the Request for International Judicial Assistance issued by this Court.

2. I have reviewed the April 18, 2022 Declaration submitted by Turkish counsel representing Plaintiffs, Sabahat Elif Ipek.

3. Ms. Ipek states in paragraphs 11 and 14 of her Declaration that, prior to the March 22, 2022 hearing, her firm filed several petitions or requests with the Turkish Court. Specifically, she states that: (i) on February 23, 2022, her firm filed a "petition for a declaratory order from the Istanbul Court stipulating which 'special procedures' from the Hague Convention Request would be adopted, and precisely how the proposed hearing on March 22, 2022 would be conducted"; (ii) on the same day, she "requested the Court to serve a summons on Mr. Karli"; and (iii) on March 15, 2022, her firm "filed a petition with the Court to adjourn the proposed March 22, 2022 hearing."

4. Prior to the March 22, 2022 hearing, I was not aware that Plaintiffs had filed any of the petitions or requests set forth in paragraph 3. Neither Ms. Ipek nor anyone at her firm ever served me with copies of the above petitions or requests, nor provided any notice that they had been filed. The Court also did not provide other parties with notice of Plaintiffs' petitions or requests prior to the March 22, 2022 hearing. I did not receive copies of any of the petitions or requests set forth in paragraph 3 until I reviewed Ms. Ipek's Declaration.

5. Ms. Ipek states in paragraph 15 of her Declaration that "[i]t is possible that other appearing counsel could have seen our petition on the online judicial filing system." This statement is false. In ordinary cases, the Turkish Court uses an electronic case management system called "UYAP," which is the National Judiciary Informatics System. UYAP allows attorneys and, in some cases, related parties to access court filings. Parties may also file documents electronically with the Court through UYAP. In relation to this matter (File No. 2021/157 Tal), however, the Court did not provide me or any other attorney representing Saudi Arabia with access to any of the court filings or the docket despite our requests – through UYAP or otherwise. Even now, I am unable to access any of the court filings or the docket on UYAP.

6. As Ms. Ipek correctly notes in paragraph 9 of her Declaration, the Turkish Court maintained strict confidentiality over the file in this matter. The clerk of the Court expressly informed me that none of the attorneys representing any of the parties to the proceeding, including Plaintiffs, had access to any of the court filings or the docket. Ms. Ipek appears to acknowledge this in paragraph 9 of her Declaration, stating that "[a] strong emphasis on confidentiality was a striking characteristic of the Istanbul Court's approach throughout its handing of this file" and that "[i]t was extraordinarily difficult for us, as duly approved Plaintiffs' counsel, to obtain any information about the status of the file or the Judge's intentions, either

from the Clerk of the Court, or by the means we would normally use to engage with the docket, such as the online judicial filing system." Ms. Ipek further acknowledges in paragraph 9 of her Declaration that, between February 1, 2022, and March 22, 2022, she "received no formal notification of any kind from the Court."

7. The copies of the petitions attached to Ms. Ipek's Declaration confirm that they were physically submitted to the Turkish Court and were not filed electronically through UYAP; none of the petitions includes an electronic signature.

8. Ms. Ipek states in paragraph 19 of her declaration that on March 21, 2022, her firm filed a "formal notification of cancellation of the scheduled March 22, 2022 Alp Karli deposition." This notification was also not available on UYAP and Plaintiffs' counsel never provided me a copy of the notification. It is my understanding based on my conversations with Mr. Karli's Turkish counsel that Mr. Karli's Turkish counsel asked Ms. Ipek's firm for a copy of that notification on the afternoon of March 21, 2022. Initially Ms. Ipek's firm told Mr. Karli's Turkish counsel that they would provide a copy, but then later said that they had spoken to the Kreindler firm and the Kreindler firm would not allow Ms. Ipek's firm to release a copy of the notice.

9. Ms. Ipek also states in paragraph 22 of her Declaration that, "[a]t the conclusion of the March 22, 2022 session, the Judge stated that the foreign attorneys for the parties would not have been permitted to attend and sit in the courtroom had the hearing of witness Mr. Karli gone ahead as proposed." This statement is false. The Court never made any such statements at the March 22, 2022 hearing. The Turkish Court prepared contemporaneous minutes of the March 22, 2022 hearing. As Ms. Ipek concedes, none of these statements appears in those minutes. Any such statements also contradict the statements in the Court's December 10, 2021

- 3 -



Preliminary Minutes, which were subsequently transmitted to this Court, stating that "the representatives of the Parties or appointed officers, consultants, Representatives of the United States of America, and a court reporter (clerk) will be allowed to be present throughout the witness taking process." Dkt. No. 7852-1, ¶9. At the March 21, 2022 meeting with the Court, which Ms. Ipek did not attend, the Court also expressly advised the parties that U.S. lawyers would be permitted to attend and sit in the courtroom for any testimony and further allowed the parties to bring translators to ensure that the U.S. lawyers could follow the proceedings. The Court also arranged for a larger courtroom for the March 22, 2022 hearing to accommodate the U.S. attorneys and the translators.

10. At the March 21, 2022 meeting, the Court further clarified that U.S. counsel would not be permitted to ask questions of Mr. Karli at the hearing. Our understanding following that meeting was that Turkish counsel could consult with their U.S. counterparts during the hearing to ensure that Turkish counsel asked the appropriate questions.

11. Ms. Ipek states in paragraph 8 of her Declaration that, "[s]ince video conferencing facilities are now generally available in Turkish courtrooms, we advised Kreindler that it would be feasible to seek authorization from the Turkish court to permit U.S. counsel to participate by video-link and question the witness. However, any such authorization would require an order from the Turkish court." Ms. Ipek is correct that videoconferencing facilities are now generally available in Turkish courtrooms. However, there are several procedures governing hearings that proceed by videoconference. Among other things, any videoconferencing must be conducted through the official e-hearing system, which is integrated into UYAP. Moreover, the identity of all participants must be authenticated through mobile or e-signature. Because the Court would



- 4 -

not even grant Turkish counsel access to this case through the UYAP platform, it was never a realistic possibility that the Court would allow the hearing to proceed by videoconference.

Dated: April 25, 2022

_____
Gökben Erdem Dirican
Dirican Gözütok
Attorney Partnership
Nispetiye Caddesi 4/1, Levent,
Beşiktaş, 3430, Istanbul, Turkey
Tel: +90 212 278 3170
Gdirican@dgb-law.com
www.dgb-law.com