**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |
|---|---|

This document relates to:

*Matthew Rowenhorst v. Islamic Republic of Iran,* No. 1:18-cv-12387 (GBD) (SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**RULE 60(a) MOTION FOR CORRECTIONS TO ORDER OF PARTIAL FINAL**
**DEFAULT JUDGMENTS AT ECF NO. 7521**

Plaintiffs, by undersigned counsel, submit this Memorandum of Law in support of their

Rule 60(a) Motion for Corrections to Order of Partial Final Default Judgments at ECF No. 7521,

and say:

**BACKGROUND**

On January 4, 2022, this Court entered an Order of Partial Final Default Judgments on

behalf of certain moving plaintiffs in *Matthew Rowenhorst v. Islamic Republic of Iran,* No. 1:18-

cv-12387, ECF No. 7521, who are each a spouse, parent, child, or sibling (or their estate) of a

victim killed in the terrorist attacks on September 11, 2001.  Each individual plaintiff was

awarded damages as set forth in Exhibits A to ECF No. 7521, which was prepared by plaintiffs'

counsel who, at the time of its filing, believed it to reflect a complete and accurate list of

plaintiffs for whom the Order should have been entered. Since the judgments at ECF No. 7521

were entered, plaintiffs' counsel became aware that Wesley Graf received a judgment against the

Islamic Republic of Iran ("Iran") on January 4, 2022 at ECF No. 7521 and a separate judgment

against Iran on January 4, 2022 at ECF No. 7522. Accordingly, Plaintiffs now respectfully move

for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 7521 to vacate the judgment for

Wesley Graf at ECF No. 7521 and direct the Clerk to remove Wesley Graf from the Judgment

Index for the judgment granted at ECF No. 7521.

## ARGUMENT

**I.      Rule 60(a) Permits the Court to Modify a Judgment Based**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments

to ensure the record reflects the actual intention of the parties and the court. *Emps. Mut. Cas.*

*Co. v. Key Pharms., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from

judgment based on clerical mistakes permits correction of not only clerical mistakes, but also

inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert*

*Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the

mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record,

and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*,

645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.

1968)); *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus.,*

*Inc.*, 694 F.2d 112 (5th Cir. 1982). When the Second reviewed the removal of a defendant's

corporate designation from judgment due to the revelation the defendant was not operating as an

incorporated entity, which impeded collection of the judgment, the court affirmed the matter

could be remedied under Rule 60(a) through substitution of the party without the incorrect

designation. *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 322 (2d. Cir. 1973). In

*Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, the United States District Court for the

Northern District of West Virginia specifically determined that the naming of an incorrect party

as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was

sufficient to correct the misnomer." *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, 226

F.R.D. 259, 262–63 (N.D.W. Va. 2004).  Here, the error is clerical in nature and does not require substantive judgment. Wesley Graf received a judgment against Iran on January 4, 2022 at ECF No. 7521, but Wesley Graf also received a separate judgment against Iran on January 4, 2022 at ECF No. 7522. Accordingly, Plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 7521 by vacating the judgment for Wesley Graf at ECF No. 7521 and directing the Clerk to remove Wesley Graf from the Judgment Index for the judgment at ECF No. 7521. We have submitted an application to the U.S. Victims of State Sponsored Terrorism Fund on Wesley Graf's behalf based on the judgment against Iran he received on January 4, 2022 at ECF No. 7522.

**CONCLUSION**

The correction requested by Plaintiffs is clerical in nature, does not raise issues with the substantive judgment contained in ECF No. 7521, and will not in any way change the Court's disposition.  For the foregoing reasons, plaintiffs respectfully request that the Court vacate the judgment for Wesley Graf  at ECF No. 7521 and direct the Clerk to remove Wesley Graf from the Judgment Index for the judgment granted at ECF No. 7521.

Dated:    New York, New York          Respectfully submitted,
          April 25, 2022

                                      /s/ Jerry S. Goldman
                                      ANDERSON KILL P.C.
                                      Jerry S. Goldman, Esq.
                                      Bruce E. Strong, Esq.
                                      Alexander Greene, Esq.
                                      1251 Avenue of the Americas
                                      New York, NY 10020
                                      Tel:  (212) 279-1000
                                      Fax: (212) 278-1733
                                      Email:  jgoldman@andersonkill.com
                                              bstrong@andersonkill.com
                                              agreene@andersonkill.com
                                      *Attorneys for Plaintiffs*