UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001<br><br>*This document relates to:*<br>All cases | No. 03 MDL 1570 GBD SN |

## REPLY DECLARATION OF ROBERT K. KRY

Pursuant to 28 U.S.C. § 1746, ROBERT K. KRY declares as follows:

1. I am a member of the bar of this Court and a partner at MoloLamken LLP. I represent defendant Dallah Trans Arabia Co. f/k/a Dallah Avco Trans Arabia Co. ("Dallah Avco") in this action. I submit this reply declaration in further support of Dallah Avco's letter motion for reimbursement of fees and expenses related to plaintiffs' last-minute purported cancellation of the hearing to take Alp Karli's testimony in Istanbul.

2. Plaintiffs' Turkish counsel state that, on February 23, 2022, plaintiffs filed with the Turkish court a petition seeking clarification of the procedures that would govern the March 22 hearing; and that, on March 15, 2022, plaintiffs filed with the Turkish court a petition seeking to adjourn the hearing. Ipek Decl. ¶¶ 11, 14 (Dkt. 7886-2). Plaintiffs never served our firm with a copy of either petition. To the best of my knowledge, plaintiffs also never served our Turkish counsel, Akinci Law Office, with a copy of either petition. I first learned about the petitions after we received a translation of the minutes following the March 22 hearing.

3. Plaintiffs' Turkish counsel state that "[i]t is possible that other appearing counsel could have seen our petition on the online judicial filing system." Ipek Decl. ¶ 15. In fact, our Turkish counsel reported to us that they were never able to access the filing system for the case. After we retained Akinci in August 2021, the firm repeatedly tried to register as counsel in the

1

case so they could access the docket.  According to Akinci, the court refused to allow them to register, apparently because the letters rogatory issued by this Court requested confidential treatment of the proceedings.  The Turkish court persisted in that rationale even after our Turkish counsel explained that Dallah Avco was identified as a named party in the letters rogatory.  As a result, to my knowledge, Akinci never obtained access to the court docket in the case.

4. Plaintiffs' Turkish counsel state that the Turkish judge commented at the March 22 hearing that foreign attorneys would not have been permitted to attend if Mr. Karli's testimony had gone ahead (although she acknowledges that this comment is not reflected in the official hearing minutes).  Ipek Decl. ¶22.  The Turkish court's original order setting the hearing stated that "representatives of the Parties" would be allowed to attend.  Dkt. 7852-1 ¶9.  In light of that order, we obtained formal documentation from our client appointing Eric Nitz and me as party representatives for purposes of attending the hearing, and furnished that documentation to Akinci for presentation to the Turkish court as necessary.  Following discussions with Akinci, I understood that this appointment letter would be sufficient under Turkish procedure to qualify us as party representatives permitted to attend the hearing.

5. After the procedural meeting on March 21, Akinci reported to us that the judge had expressed some misgivings about having included the party representative language in the order, but that he did not revoke the provision.  Accordingly, as of March 22, my understanding remained that Mr. Nitz and I would be permitted to attend the hearing.  We did in fact attend the hearing in its entirety.  During the portions of the hearing that our interpreters translated for us, I do not recall the judge making any comment about excluding foreign attorneys, although I cannot exclude the possibility that the judge made such a comment.  If he did, it would have been inconsistent with my expectations up to that point about whether we could attend.

6. I agree with plaintiffs' Turkish counsel that it was very difficult to obtain any information from the Turkish court about what procedures it planned to follow, at least until the procedural meeting on March 21, one day before the hearing. Our general strategy in response to that uncertainty was to plan that the hearing would likely go forward in some fashion, to obtain what legal advice we could about the procedures the Turkish court was likely to follow under Turkish law, and then to do our best to prepare for the various contingencies.

7. Plaintiffs' U.S. counsel state that "all parties in this MDL had adhered to an established practice regarding overseas travel for the purposes of conducting depositions" under which "all travelling counsel would contact opposing counsel prior to departure to confirm the arrangements in place for the deposition(s) in question." Maloney Decl. ¶12 (Dkt. 7886-1). I do not recall being aware of any such established practice. Dallah Avco's counsel never attended any overseas depositions in person for any other party's witnesses. Dallah Avco did present its own three witnesses for overseas depositions (one in London in September 2018 and then two on consecutive days in Madrid in January 2019). I endeavored to promptly inform plaintiffs' counsel about any developments as to whether the depositions would go forward – for example, I promptly notified plaintiffs' counsel when the U.K. immigration authorities denied one of our witnesses a visa to attend his deposition in London.

8. As explained in my prior declaration, my understanding as of March 19 was that, absent a formal withdrawal of the letters rogatory, the Turkish court hearing on March 22 was likely to go forward whether plaintiffs wanted to pursue Alp Karli's testimony or not. I did not consider our past experience with traditional out-of-court depositions arranged by the parties to have a significant bearing on how a Turkish court would conduct a Turkish court proceeding in response to letters rogatory that this Court issued under the Hague Convention.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2022  
Washington, D.C.

                                             Robert K. Kry