# SHER TREMONTE LLP

April 27, 2022

**BY ECF**

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001,* Case No. 03-md-1570 (GBD)(SN)
*In re Approximately $3.5 Billion of Assets on Deposit at the Federal Reserve Bank of New York in the Name of Da Afghanistan Bank*, Case No. 22-cv-03228 (GBD)

Dear Judge Daniels and Judge Netburn:

We appreciate the Court holding a conference yesterday and are greatly heartened by the Court's clear statements regarding an equitable distribution of the limited fund of DAB Assets. We are also mindful of the Court's concerns stated during the conference and repeat that our sole goal is to ensure that our clients and every victim of Taliban-sponsored terrorism are treated fairly and equitably. We welcome the Court's suggestion about possible appointment of a Special Master to help the parties work toward a global, equitable distribution paradigm.

Notwithstanding the encouraging statements at yesterday's conference, we remain troubled that the *Havlish*, *Doe*, *Federal Insurance*, and *Owens* plaintiffs believe, despite CPLR 5240, that they are entitled to "absolute priority" under New York law and have never stated otherwise. We are similarly troubled that both this Court and the *Owens* court previously indicated that New York's priority rules might apply even in these extraordinary circumstances involving the limited fund established to benefit victims of Taliban-sponsored terrorism pursuant to President Biden's Executive Order.

Indeed, judicial statements suggesting that distribution could be based on priority, rather than on equity, drove many 9/11 families to accede to a highly inequitable Framework Agreement. That Agreement proposed to give the 47 *Havlish* plaintiffs tens of millions of dollars each and insurance companies hundreds of millions of dollars, while

leaving the vast majority of 9/11 families with a minuscule fraction of the limited fund. A process based in equity under Rule 23 and not in the context of turnover proceedings governed by New York's priority rules would, unquestionably, result in a better outcome for not only the *Ashton* families, but those in the *Burnett* and *O'Neill* cases as well. It is still unclear, however, whether concerns about an inequitable priority distribution have been put to rest. At yesterday's conference, this Court initially stated, correctly, that a "first come first served" priority approach should not be applied, yet later commented that despite its intention to do equity, we may "face other legal hurdles with regard to priority." Apr. 26, 2022 Conf. Tr. 7, 36.

We take the Court's admonitions seriously and do not wish to continue to provoke the Court's ire; however, in light of these concerns, without (1) a ruling from this Court that the New York's ordinary priority rules will <u>not</u> apply in the turnover proceedings; (2) a ruling that the *Owens* plaintiffs will be brought into the MDL; and (3) agreement from the *Havlish*, *Doe*, *Federal Insurance*, and *Owens* plaintiffs not to contest an equitable distribution, we cannot withdraw the Class Action Complaint or our motion for a preliminary injunction. We remain convinced that adjudicating a limited fund class action in the context of this MDL as an *in rem* proceeding is the <u>only</u> procedural mechanism that gives this Court jurisdiction over the entirety of the DAB Assets themselves, consolidating any claims to those funds before this Court, and mandates an equitable distribution.[1]

Respectfully submitted,

| KREINDLER & KREINDLER LLP | SHER TREMONTE LLP |
|---|---|
| */s/ Megan Benett* | */s/ Theresa Trzaskoma* |
| Megan Benett | Theresa Trzaskoma |

---

[1] It is not at all uncommon for a class action to arise out of an MDL. *See* Elizabeth J. Cabraser & Samuel Issacharoff, *The Participatory Class Action*, 92 N.Y.U. L. REV. 846, 850 (2017) ("Increasingly, class actions are organized out of the centralizing function of MDL practice."). Nor is it unusual to propose a class action where most class members are represented by individual counsel. *See id*. 860 ("In short, at least some absent class members in an MDL-based class action already have separate, independent counsel and have individually asserted their own claims.").