April 29, 2022

VIA ECF

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)
       *Havlish, et al., v. Bin-Laden, et al.*, No. 03-cv-9848 (GBD) (SN)

Dear Judge Netburn:

On behalf of Judgment Creditors Fiona Havlish, *et al.* (the "Havlish Creditors"), we write with regard to Mr. Naseer Faiq's motion for leave to file an amicus brief in this turnover proceeding, MDL Dkt. 7903 (the "Motion"), the Court's order granting such leave, MDL Dkt. 7925 (the "Order"), and his notice of filing of an amended amicus brief, MDL Dkt. 7932.[1] While we had planned to submit a response to the Motion by no later than May 9, 2022 pursuant to Local Civil Rule 6.1(b),[2] we hereby submit this letter for the Court's consideration in light of its grant of the Motion on April 27, 2022.

The Havlish Creditors generally have no objection to the participation of amici in these turnover proceedings. This is an extraordinary case of significant importance, and we fully recognize and support the Court's desire to receive additional information and unique perspectives that can assist in the adjudication of these difficult issues. This is why the Havlish Creditors have not objected to the filing of any amicus brief to date, including the Civil Society Brief, MDL Dkt. 7896; the Unfreeze Afghanistan Brief, Havlish Dkt. 617; the Peaceful Tomorrows Brief, MDL Dkt. No. 7899; or the Women's Forum on Afghanistan Brief, MDL Dkt, 7823.

We are concerned, however, about the appropriateness of the Faiq Brief[3] based his brief's focus on issues that are, among other things, more appropriately raised by parties who are either

---

[1] All citations to the Faiq Brief herein are to the amended brief filed at MDL Dkt. 7932-1.

[2] Counsel for Mr. Faiq contacted counsel for the Havlish Creditors on Friday, April 22, 2022, to seek our position on the forthcoming Motion. The Havlish Creditors informed counsel for Mr. Faiq, based on counsel's description of the contents of the proposed amicus brief, that they took no position on the Motion at that time. *See* MDL Dkt. 7903 at 1. After reviewing the as-filed Motion and Faiq Brief, the Havlish Creditors are concerned that it contains material inappropriate for submission by an amicus of Mr. Faiq's nature.

[3] Yesterday, April 28, 2022, I contacted counsel for Mr. Faiq to ascertain information about when and how he was credentialed as the Islamic Republic of Afghanistan's Permanent Representative to the

April 29, 2022
Page 2

(1) participating in this proceeding, or (2) who are on notice of this proceeding but have not appeared in it. Our concerns are amplified by Mr. Faiq's controversial and unsettled diplomatic status, which we believe impacts the appropriateness of other arguments he makes. Because most of the issues he has raised are duplicative of issues raised by other amici who are equally well-positioned to raise them but who are not under a similar cloud of diplomatic uncertainty, the prudent approach would be to set Mr. Faiq's brief aside.

Mr. Faiq asserts that he is the head of the Permanent Mission of the Islamic Republic of Afghanistan to the United Nations and describes himself as the Chargé d'Affaires of the Islamic Republic of Afghanistan. Faiq Br. 1.[4] On February 4, 2022, the Minister of Foreign Affairs for the Islamic Republic of Afghanistan wrote to the Secretary General to inform him that Mr. Faiq had been serving as Chargé d'Affaires in only a temporary capacity while the Deputy Permanent Representative, Ambassador Mohammad Wali Naeemi, was ill. *See* Ex. B. at 1. The letter asserts that Ambassador Naeemi has replaced Mr. Faiq as Chargé d'Affaires effective on February 4, 2022. *Id.*; *see also* Najibullah Lalzoy, *Muhammad Wali Naeemi appointed Afghanistan's Permanent envoy to UN*, Khaama Press (Feb. 9, 2022), https://www.khaama.com/muhammad-wali-naeemi-appointed-afghanistans-permanent-envoy-to-un-6758976/. Mr. Faiq, however, has continued to assert that he remains the Chargé d'Affaires, asserting that the Minister's letter represented one of several "evil plots and conspiracies against [him], by corrupt individuals and traitors[.]" Naseer Faiq (@faiq_naseer), Twitter (Feb. 7, 2022, 5:02 PM), https://twitter.com/faiq_naseer/status/1490808179206332422; *see also* Catherine Putz, *Conflict Over Afghanistan's UN Seat Widens*, The Diplomat (Feb. 9, 2022), https://thediplomat.com/2022/02/conflict-over-afghanistans-un-seat-widens/.

Moreover, even while asserting that he "heads" his country's Mission to the United Nations, MDL Dkt. 7932, Mr. Faiq notes that "he does not represent the former government of Afghanistan", the current Taliban de facto government of Afghanistan, or any other government. Faiq Br. 1. And while the Court appears to have accorded him amici status on the basis of being a private citizen, *see* Order at 1 n.1–2, he claims to be a government official and delivered remarks in his purported capacity as "Charge d'affaires of the Islamic Republic of Afghanistan to the

---

United Nations because his representation in his brief that he served in that role, *see* MDL Dkt. 7903-1 at 1, conflicted with information in official United Nations records, *see* Ex. A. Following receipt of my email questioning his representations, Mr. Faiq filed an amended brief this morning clarifying that he is not, in fact, Afghanistan's Permanent Representative to the United Nations, notwithstanding his earlier representations to the contrary. MDL Dkt. 7932.

[4] Although no official UN records supported Mr. Faiq's initial assertion that he serves as Permanent Representative, the official records are somewhat unclear and contradictory as to Mr. Faiq's precise role at the Permanent Mission. Certain records of the United Nations demonstrate that the position that Mr. Faiq purports to occupy is vacant, *see* Ex. A, and instead, Mr. Faiq is listed as a "Minister Counsellor." *Id.* In other records, however, he does appear to be listed as Chargé d'Affaires. *See* MDL Dkt. 7932 at 1. Mr. Faiq also describes himself as "the only recognized Afghan diplomat in the United States[.]" Faiq Br. 2. Official United Nations' records contradict that assertion and indicate that there are other diplomatic representatives at the Permanent Mission of Afghanistan to the United Nations. *See* Ex. A. These records are kept up to date.

April 29, 2022
Page 3

United Nations" just last month. *See* Naseer Faiq (@faiq_naseer), Twitter (March 2, 2022, 3:09 PM), https://twitter.com/faiq_naseer/status/1499114752844476430. The Islamic Republic of Afghanistan is the former government of Afghanistan, and it no longer exists. Indeed, it is unclear how Mr. Faiq can purport to serve in this capacity at the United Nations given that, from his perspective, there appears to be no authority with the power to appoint or recall him.

In light of this unusual diplomatic situation and the lack of clarity as to Mr. Faiq's status, it is our view that the prudent measure is to set aside Mr. Faiq's brief. After all, this court must be careful to ensure that "only governments recognized by the United States and at peace with us are entitled to access to our courts." *Pfizer, Inc. v. Gov't of India*, 434 U.S. 308, 319–20 (1978); *see also Fed. Republic of Germany v. Elicofon*, 358 F. Supp. 747 (E.D.N.Y. 1970) (agency of unrecognized government could not participate in case), *aff'd*, 478 F.2d 231 (2d Cir. 1973).

Setting aside Mr. Faiq's brief would not materially diminish the Afghan perspectives and views before the Court. Mr. Faiq's brief primarily concerns the putative application of sovereign immunity to assets of DAB. *See* Faiq Br. 5–17. The Civil Society Brief treads similar ground. *See* Civil Society Br. 8–19.

Indeed, despite Mr. Faiq's representation that he does not speak on behalf of the government of Afghanistan, his arguments primarily concern issues relating to the prerogative of the Afghan central bank—issues which are more properly raised by Da Afghanistan Bank itself (which has actual notice of these proceedings) in light of the uncertainty surrounding Mr. Faiq's diplomatic status. *Cf. Weininger v. Castro*, 462 F. Supp. 2d 457, 469 (S.D.N.Y. 2006) (declining to consider amicus arguments more properly raised by judgment debtor).

Moreover, several of Mr. Faiq's other arguments concern implications for the United States' conduct of foreign policy and the Federal Reserve's role as a central bank. *See* Faiq Br. 6–7, 12, 20. The United States has appeared in this litigation and the Federal Reserve Bank of New York has been served with the turnover papers as garnishee. Both of these parties are competently represented and capable of raising the issues that Mr. Faiq raises if they believe it is appropriate to do so. *See Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-CV-7935, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (denying motion for leave to file amicus brief where parties to the case with competent counsel had "ample opportunity to argue their respective positions" and amicus' argument provided no "unique information of perspective" (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers)).

For these reasons, we would respectfully ask the Court to set aside the Faiq Brief.

April 29, 2022
Page 4

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

cc: All counsel of record (by ECF)

# Exhibit A

DPC: Date of presentation of credentials to the Secretary-General

* Asterisk indicates that the title "Ambassador", if used with respect to the representative of an entity other than a Member State, should not be understood as indicating in itself an entitlement to diplomatic privileges and immunities

+ Cross indicates that the delegate also serves as Ambassador Extraordinary and Plenipotentiary to the United States of America

Printed on: 4/28/2022 6:12 PM

# Afghanistan

| | |
|---|---|
| Address | Permanent Mission of Afghanistan to the United Nations 633 Third Avenue, 27th Floor New York, NY 10017 |
| Telephone | [212-972-1212](#) |
| Telefax | 212-972-1216 |
| E-mail | [info@afghanistan-un.org](mailto:info@afghanistan-un.org) |
| Correspondence | English |
| National holiday | Independence Day, 19 August |

| | |
|---|---|
| | Ambassador Extraordinary and Plenipotentiary |
| | Permanent Representative (DPC: …) |
| [212-972-1212](#) | Mr. Naseer Ahmed **Faiq** |
| | Minister Counsellor |
| | Mrs. Zarah Amini |
| [212-972-1212](#) | Mr. Ahmad Suhail **Hedayat** |
| | Counsellor |
| | Mr. Ghulam Ali **Farzam** |
| | Counsellor |
| | Mrs. Marzia Farzam |
| | Mr. Nazir Ahmad **Foshanji** |
| | Second Secretary |
| | Mrs. Amena Foshanji |
| [212-972-1212](#) | Mr. Ahmad Sadiq **Allemyar** |
| | Second Secretary |
| | Mrs. Shiba Allemyar |

# Exhibit B



د افغانستان اسلامي جمهوریت
د بهرنیو چارو وزارت

Islamic Republic of Afghanistan
MINISTRY of FOREIGN AFFAIRS

جمهوری اسلامی افغانستان
وزارت امور خارجه

4 February 2022

His Excellency António Guterres
Secretary General of the United Nations

Excellency,

I have the honor to refer to a letter dated 15 December 2021 from the Permanent Mission of the Islamic Republic of Afghanistan to the United Nations in New York, addressed to Your Excellency, in which the former Ambassador and Permanent Representative of Afghanistan, Mr. Ghulam M. Isaczai, informed you of his decision to relinquish his position. Since the Deputy Permanent Representative, Ambassador Mohammad Wali Naeemi, was not in good health condition at the time, based on my instructions and through the same letter, Mr. Naseer Ahmad Faiq, Minister Counselor, was introduced as the Charge d'affaires.

Since Ambassador Mohammad Wali Naeemi, Minister and Deputy Permanent Representative of the Permanent Mission of the I.R. of Afghanistan to the United Nations has recovered and is in good health now, in accordance with the UN protocol and hierarchy of the Mission, I would like to inform you that Ambassador Naeemi will assume the leadership of the Permanent Mission in his capacity as Charge d'affaires. effective 4 February 2022.

Please accept, Excellency, the assurances of my highest consideration.

Yours sincerely,

**Mohammad Haneef Atmar**
Minister of Foreign Affairs
The Islamic Republic of Afghanistan

2 of 2

پـه ملګرو ملتونـو کـې د افغانستان اسلامي جمهوريت دايمي نمايندګي   نمایندگی دایمی جمهوری اسلامی افغانستان در سازمان ملل متحد

نيويارک - د امريکا متحده ايالات   نیویارک - ایالات متحده امریکا

PERMANENT MISSION of THE ISLAMIC REPUBLIC of AFGHANISTAN to THE UNITED NATIONS

New York - United States of America

No: 2022/02/608

The Permanent Mission of the Islamic Republic of Afghanistan to the United Nations presents its compliments to the Executive Office of the Secretary General and has the honor to forward herewith a copy of a letter from H.E. Mohammad Haneef Atmar, Minister of Foreign Affairs of the Islamic Republic of Afghanistan, addressed to H.E. Antonio Guterres, Secretary General of the United Nations, introducing the new Charge d'affaires of the Permanent Mission.

The Permanent Mission of the Islamic Republic of Afghanistan has further the honor to request the Executive Office of the Secretary General to forward the attached letter to its highest destination.

The Permanent Mission of the Islamic Republic of Afghanistan to the United Nations avails itself of this opportunity to renew to the Executive Office of the Secretary General the assurances of its highest consideration.

New York, 4 February 2022

Executive Office of the Secretary General
of the United Nations
New York

633 Third Avenue, 27th Floor, New York, N.Y. 10017
Tel: +1 212-972-1212 | Fax: +1 212-972-1216 | Web: un.mfa.af | Email: un@mfa.af | Facebook & Twitter: AfghanistanInUN