

May 3, 2022

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax       215-701-2105
scarter1@cozen.com

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
               *Federal Insurance, et al v. Al Qaida, et al.*, 03-cv-06978 (GBD) (SN)

Dear Judge Netburn:

      We write on behalf of Judgment Creditors in the above-referenced action (the "*Federal Insurance* Creditors") to request that the Court extend its prior publication order, ECF No. 7830, to apply to the turnover motion filed by the *Federal Insurance* Creditors at ECF Nos. 7936-7938.

      As detailed in their turnover motion, ECF No. 7937 at pp. 4-9, in late summer 2021, plaintiffs in *Havlish, et al. v. The Taliban, et al.*, Case No. 1:03-cv-09848 (GBD) (SN) (the "*Havlis*h Creditors"), and *John Does 1 Through 7 v. The Taliban, et al.*, Misc. Action No. 1:20-mc-00740 (GBD) (SN) (the "*Doe* Creditors"), levied writs of execution against property of Da Afghanistan Bank ("DAB Assets") at the Federal Reserve Bank of New York ("FRBNY") pursuant to judgments against the Taliban.  The *Havlish* and *Doe* Creditors moved for partial turnover of the DAB Assets on March 20, 2022.  As part of the turnover proceedings, the *Havlish* Creditors moved this Court for an Order for Alternative Service upon the Taliban and Da Afghanistan Bank ("DAB").  ECF Nos. 7783-7786.  On April 5, 2022, the Court granted the *Havlish* Creditors' motion and authorized alternative service on the Taliban and DAB.  ECF No. 7830.  Under that Order, the Court authorized alternative service on the Taliban as follows:

> Plaintiffs shall serve the Taliban by publication in the following manner.  They shall publish notice in *Al Quds Al-Arabi* and *The New York Times*.  These notices shall run once a week for at least four weeks.  That notice shall conform to the requirements of CPLR § 316.  As an alternative to publishing the full motion papers, however, the parties may, at their choosing, include an electronic address such as a URL or a QR code that directs the reader to easily accessible online versions of those papers. The notice must still, per CPLR § 316, include "a brief statement of the nature of the action and the relief sought." . . . .

One Liberty Place     1650 Market Street     Suite 2800     Philadelphia, PA 19103
215.665.2000     800.523.2900     215.665.2013 Fax     cozen.com

Honorable Sarah Netburn
May 3, 2022
Page 2

> In addition, as a supplement to these publications, the parties shall serve the Taliban by communications to the Twitter accounts of Taliban First Deputy Prime Minister Abudllah Azzam (@Abdullah_azzam7) and Taliban political spokesman Mohammad Naeem (@IeaOffice), or to any other Twitter accounts reported to belong to Taliban spokespersons.

See Opinion & Order at p. 9 (ECF No. 7830).

As to DAB, the *Havlish* Creditors had already affected service by personally serving Dr. Shah Mohammad Mehrabi, a U.S.-based member of DAB's Supreme Council, the bank's highest decision-making and policy-making body. While the *Havlish* Creditors believed this to be sufficient service under applicable law, the *Havlish* Creditors sought and the Court authorized supplemental service on DAB as follows:

> 1. Publication: notice shall be published in *Al Quds Al-Arabi* and *The New York Times*.[1] These notices shall run once a week for four weeks and shall conform to the requirements of CPLR § 316.
>
> 2. Email: notice and supporting papers shall be emailed to info@dab.gov.af, a general-purpose email address listed on DAB's website, https://dab.gov.af/.
>
> 3. Twitter: notice shall be provided by Twitter communication to @AFGCentralbank, the Twitter account to which DAB's website is linked.
>
> 4. Personal Service: per the Havlish Plaintiffs' request, the Court authorizes personal service on DAB at its offices in Ibni-Sina Watt, Kabul, Afghanistan. Given the precarious security situation in Afghanistan, personal service on DAB appears neither viable nor advisable. See ECF No. 7781-5 at 1 (U.S. State Department Travel Advisory warning that "the risk of kidnapping or violence against U.S. citizens in Afghanistan is high . . . .") If it can be safely carried out, however, the Court will not deny the Havlish Plaintiffs the opportunity to supplement their service by this method. Any failure to achieve personal service on DAB will not negatively affect the validity of service on DAB. . . .
>
> [T]he Court [further] authorizes the Havlish Plaintiffs to satisfy [§ 1608(b)(3)] by providing a translation in any language spoken by a substantial percentage of Afghanistan's population.

See Opinion & Order at p. 14 (ECF No. 7830).

Here, the claims of the *Federal Insurance* Creditors are substantially similar to the *Havlish* and *Doe* Creditors' claims, and the Taliban and DAB should already be aware of these

---

[1] In conformity with service on the Taliban, the Court ordered one less newspaper than the *Havlish* Creditors requested. If, out of an abundance of caution, they wish to publish in additional papers, they may, but that is not required to satisfy the notice authorized by the Court.

Honorable Sarah Netburn
May 3, 2022
Page 3

turnover proceedings by reason of the *Havlish* and *Doe* Creditors' service. Further, the *Federal Insurance* Creditors, like the *Havlish* Creditors, have already served their turnover papers on DAB by personally serving Dr. Shah Mohammad Mehrabi. *See* ECF No. 7943. Accordingly, the *Federal Insurance* Creditors request that the Court extend its prior Order allowing alternate service on the Taliban and DAB, ECF No. 7830, to the *Federal Insurance* Creditors to allow the *Federal Insurance* Creditors to serve their turnover papers on the Taliban and DAB by the same means as the *Havlish* Creditors.

Respectfully submitted,

COZEN O'CONNOR

SEAN P. CARTER

cc: The Honorable George B. Daniels (via ECF)
All MDL Counsel of Record (via ECF)

LEGAL\57783142\1