```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON                          03-MD-01570 (GBD)(SN)
    SEPTEMBER 11, 2001                                   ORDER

-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-9849

    Certain plaintiffs in Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al. (the "Burnett Plaintiffs") move for the entry of default judgment against the Taliban. ECF No. 7645. This motion does not comply with this District's procedures for submitting default judgments or the specific rules for seeking default judgments in this multidistrict litigation. Furthermore, the motion appears to request relief on behalf of plaintiffs who are already seeking defaults against the Taliban in other motions.

    Motions for default judgment against any defendant must include a declaration attesting that the attorney has complied with certain due diligence safeguards. ECF Nos. 3433, 3435. This District's Electronic Case Filing Rules also require that default judgment motions include the proposed default judgment as a separate event in ECF.[1] The Burnett Plaintiffs do not comply with either of these requirements.

---

[1] See United States District Court for the Southern District of New York, Electronic Case Filing Rules & Instructions §16.2(b) (Feb. 1, 2021), available at
https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20020121%20FINAL%20v2.pdf.

The Court is also concerned that this motion appears to seek default judgments for plaintiffs who are already seeking defaults against the Taliban in other motions. All of the plaintiffs applying for damages as estate representatives as part of this motion, see ECF No. 7645-1, are also listed as seeking default judgments against the Taliban as part of a motion filed at ECF No. 7843. See ECF No. 7845-2 at 3, 8, 14 (listing identical plaintiffs). Similarly, all of the plaintiffs listed as applying for solatium damages in the motion at ECF No. 7645-2, are also listed as applying for solatium damages as part of the motion at ECF No. 7843. See ECF No. 7845-3 at 15, 49, 96.

The Court's concerns about plaintiffs seeking duplicative judgments led to the institution of the safeguards ordered at ECF No. 3435. Given the renewed filling of duplicative motions, counsel for the Burnett Plaintiffs and the plaintiffs filing the motion at ECF No. 7843 shall meet, confer, and file a joint status letter with the Court by May 13, 2022. That letter shall explain whether the relief sought in these motions is duplicative and if so, how it was that they were filed despite the safeguards ordered by the Court.

Because the Burnett Plaintiffs' motion for default judgment against the Taliban does not comply with the safeguard requirements, it is denied without prejudice to renew. Any such renewed motion shall comply with the requirements at ECF Nos. 3433 and 3435, as well as the further requirements instituted by the Court's order at ECF No. 7870. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 7645.

**SO ORDERED.**

Dated: May 4, 2022
       New York, New York

_____
SARAH NETBURN
United States Magistrate Judge