```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                              03-MD-01570 (GBD)(SN)

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                              ORDER

-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    <u>O'Neill, et al. v. The Republic of Iraq, et al.</u>, No. 04-cv-1076

    Plaintiffs in <u>O'Neill, et al. v. The Republic of Iraq, et al.</u>, No. 04-cv-1076 (the "<u>O'Neill</u> Plaintiffs"), move to amend their complaint under Federal Rule of Civil Procedure 15, or in the alternative, to permit additional plaintiffs to intervene under Rule 24. They also request certain additional considerations to facilitate the intervention or amendment. ECF No. 7654.

    Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave. Courts are directed to "freely give leave when justice so requires." <u>Id.</u> This decision is committed to the discretion of the court, <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" <u>Bank v. Gohealth, LLC</u>, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999)). <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . .")

The O'Neill Plaintiffs' motion is GRANTED, and it is further ORDERED that:

- The underlying complaint in O'Neill, No. 04-cv-1076, is amended to include the parties identified in the O'Neill Plaintiffs' appendix at ECF No. 7660-1 as parties in the action against the Taliban;

- This amendment supplements, but does not displace, the underlying complaint in O'Neill, No. 04-cv-1076;

- Prior rulings, orders, and judgments entered in this case remain in effect as to all parties;

- Further service on the Taliban is not required as a result of this amendment, and prior service orders apply, including the Court's order on service by publication at ECF Nos. 445, 488; and

- O'Neill Plaintiffs shall file the amended complaint authorized by this Order by May 13, 2022. Any parties that have retained Anderson Kill P.C. before that date may be added to this amended complaint without further order of the Court. The terms of this Order shall apply with equal force to parties so added.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 7654, and the related motion at ECF No. 606 in O'Neill, No. 04-cv-1076.

**SO ORDERED.**

Dated: May 4, 2022
New York, New York

SARAH NETBURN
United States Magistrate Judge