Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 4, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") to supplement the Proposed Findings of Fact and Conclusions of Law of Saudi Arabia Relating to Kreindler & Kreindler LLP's ("Kreindler & Kreindler") Violation of the Court's Protective Orders (ECF No. 7389) and to alert the Court to yet another breach by Kreindler & Kreindler of the MDL Protective Order by publishing discovery materials on a public website.

      **1.**      On June 1, 2021, Kreindler & Kreindler, along with other members of the Plaintiffs' Executive Committees ("Plaintiffs"), filed with the Court an application for the issuance of a Letter of Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request"). ECF No. 6834-1 (filed under seal); *see* ECF No. 6834 (filed under seal). Plaintiffs insisted that these documents "bear[] directly on [Omar Al] Bayoumi's role in the 9/11 Attacks." ECF No. 6834, at 2. On June 9, 2021, the Court granted Plaintiffs' application and issued a Letter of Request to the United Kingdom's Senior Master of the Royal Courts of Justice. ECF No. 6858.

      Between March 23 and March 30, 2022, in response to this Court's Letter of Request, the United Kingdom's Metropolitan Police Service ("the MPS") provided Plaintiffs with "responsive materials." ECF No. 7831, at 2; *see* ECF No. 7832, at 3-4. The MPS production consists almost entirely of personal and private material gathered from Al Bayoumi's home in the United Kingdom. It included his financial and banking information, identification materials, personal contact information, and home videos depicting, among other things, his family and young children. On April 1, 2022, the Plaintiffs produced those materials to the Kingdom of Saudi Arabia. *See* Ex. A.

      **2.**      On April 27, 2022, Kreindler & Kreindler published almost of the MPS document production on a public website titled "9/11 Document Archive." *See* Ex. B ("Home" page as of

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
May 4, 2022
Page 2

April 28, 2022 at 11:47 AM).  The "Home" page of the website stated that it "contains documents obtained from the Metropolitan Police Service (MPS) in response to a request for international judicial assistance under the Hague Evidence Convention."  *Id.* at 1.  The "Home" page also stated that it was "published by Kreindler & Kreindler LLP."  *Id.*  In addition, the website contained a "Contact" page further stating:  "If you have any questions regarding the content or use of this website, please contact Kreindler & Kreindler LLP."  Ex. C ("Contact" page as of April 28, 2022 at 11:48 AM), at 1.

The materials made publicly available by Kreindler & Kreindler included Al Bayoumi's sensitive personal information, including but not limited to private financial information, and including at least two bank account numbers.  The website also included Al Bayoumi's home videos and photos, including personal photos such as Al Bayoumi and his wife in the hospital for the birth of their daughter.  Based on Saudi Arabia's preliminary review of the website materials, it appears that Kreindler & Kreindler edited some of the MPS photos and videos to exclude some portions depicting Al Bayoumi's children.  The photo of his wife in the hospital was among the published materials, however, as was at least one video clearly showing his then-minor children.[1]

That same day, Kreindler & Kreindler issued a public press release on its own website concerning the documents in this production with links to particular documents and to the 9/11 Document Archive website.  *See* Ex. D ("Trove of 9/11 Evidence Seized by U.K. Police in 2001 Now Made Public"; captured on April 29, 2022 at 6:00 AM).  That press release featured an arrest photo of Al Bayoumi and a prominent statement attributed to attorney James Kreindler claiming that "[t]he newly released materials point to Saudi government complicity in the attacks."  *Id.* at 11.  The press release further stated that the materials "have been produced during discovery in" this MDL.  *Id.*  At the bottom of the web page containing the press release was a solicitation for potential clients, including an offer of a "FREE, confidential case consultation."  *Id.* at 12-13.

Also that same day, CBS News released a story featuring its reporter Catherine Herridge.  The CBS News Story, which remains publicly available, features interviews with Kreindler & Kreindler personnel and discusses some of the published material in a light favorable to Kreindler & Kreindler's version of the case.  The public press release on Kreinder & Kreindler's website contained a link to and invited readers to "[w]atch the story on CBS News."  *Id.* at 5.

**3.**     Because the MPS production was made pursuant to a Letter of Request issued by this Court, materials produced by the MPS are governed by the MDL Protective Order entered by Judge Casey in 2007.  That order recognizes that "[d]isclosure and discovery activity in the actions that make up [the MDL] are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any

---

[1] Counsel for Saudi Arabia retrieved these materials from the "911 Document Archive" on April 29, 2022, as set forth in the attached Declaration of Andrew C. Shen.  If the Court wishes to verify that the published materials included the personal information, videos, and photos set forth above, counsel can provide the materials on request.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
May 4, 2022
Page 3

purpose other than prosecuting this litigation will be warranted." ECF No. 1900, at 6, § II.A. The MDL Protective Order accordingly provides that "[a]ll Disclosure or Discovery Material (or any copies, summaries or abstracts thereof) produced in the course of the MDL shall be used *solely* for the purpose of the prosecution or defense of the MDL, or preparation of the MDL for trial." *Id.* at 8, § II.E (emphasis added). In addition, the MDL Protective Order permits parties and non-parties to designate material produced in the MDL as "Confidential." *Id.* at 7-9, §§ II.B.5, II.F.3. Material designated as "Confidential" may be disclosed only as permitted under the MDL Protective Order. *Id.* at 11, § II.H.1. But the § II.E restriction requiring the use of discovery materials "solely for the purpose of the prosecution of defense of the MDL" applies to "[a]ll" discovery materials, not just those materials marked "Confidential."

On April 27, 2022, Saudi Arabia learned of the existence of the "9/11 Document Archive" when Plaintiffs disclosed it to other defense counsel. On April 28, counsel for Saudi Arabia wrote to Plaintiffs, including Kreindler & Kreindler, to request that they cease publishing the MPS production materials and to designate the materials provisionally as confidential in order to permit adequate time for a confidentiality review.[2] *See* Ex. E, at 12-13. During meet-and-confer discussions, Kreindler & Kreindler agreed to remove the press release and website from public view in order to permit time for a confidentiality review. *See id.* at 2, 7. It has since restricted access to the "9/11 Document Archive" to require a password and has removed the press release from its website. Kreindler & Kreindler has refused, however, to agree that it will not republish any materials not designated as confidential. *See id.* at 1-2.

**4.** There is no legitimate reason for Kreindler & Kreindler to publish any discovery material on a public website. Certainly, there is no such reason for them to publish photos of Al Bayoumi's wife in a hospital bed, videos of him with his children, photos of his arrest, or unredacted copies of his bank accounts and phone records. Further, the combination of the publication with a self-promoting press release and press interviews from firm personnel shows that Kreindler & Kreindler published this discovery material and made it available as part of their general strategy of improperly providing documents to the press that are subject to the MDL Protective Order to engender publicity and favorable press coverage. *See* ECF No. 7389, ¶¶ 25-30 (unsealed) (discussing Kreindler & Kreindler's press strategy). That is an abuse of the discovery process and a violation of § II.E of the MDL Protective Order.

Kreindler and Kreindler's belated agreement to restrict access to permit time for a confidentiality review avoids the need for this Court to address this violation on an emergency basis. But that agreement does not excuse or cure the violation. The materials were, for several days, publicly available for anyone to download. At least some of the materials appear to have been deliberately shared with CBS News. Further, Kreindler & Kreindler has made clear that it plans to republish the discovery materials that are not marked as "Confidential" following our review. *See* Ex. E, at 1-2. As noted above, the § II.E requirement that discovery materials be used "solely for the purpose of the prosecution or defense of the MDL" applies to "[a]ll"

---

[2] Counsel for Saudi Arabia made these requests on behalf of Al Bayoumi, whom counsel represents in this litigation as a witness and former employee of Saudi Arabia.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
May 4, 2022
Page 4

discovery materials, not just those materials designated "Confidential." Materials that are not so designated may be publicly filed when relevant to a motion or filing, but cannot be published en masse to help solicit clients or attract press attention.

The present episode is at least Kreindler & Kreindler's third violation of the MDL Protective Order. *See* ECF No. 3619, at 9:21-10:5; ECF No. 7167 (discussing previous violations); ECF No. 7389, ¶¶ 31-41. The Court should weigh this most recent breach in determining the appropriate sanctions and other relief appropriate as against Kreindler & Kreindler and its attorneys. In addition, the Court should order Kreindler & Kreindler not to republish any of the MPS production and to use this material solely for purposes of litigating Plaintiffs' claims in the MDL.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   All MDL Counsel of Record (via ECF)