KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 4, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") and its former employee Omar Al Bayoumi to request that the Court accept for filing under seal certain materials submitted in support of Saudi Arabia's request to supplement the Proposed Findings of Fact and Conclusions of Law of Saudi Arabia Relating to Kreindler & Kreindler LLP's ("Kreindler & Kreindler") Violation of the Court's Protective Orders (ECF No. 7389), which is also being filed today.

      As set forth in Saudi Arabia's request to supplement, Kreindler & Kreindler recently violated the MDL Protective Order, ECF No. 1900, by publishing discovery materials on a public website accompanied by a press release on Kreindler & Kreindler's own website. In support of its request to supplement, Saudi Arabia is submitting to the Court copies of certain materials that Kreindler & Kreindler published, including the press release. The press release is being filed as Exhibit D to the Declaration of Andrew C. Shen.

      Saudi Arabia is filing its letter on the public docket because the letter itself does not disclose any specific information in which Al Bayoumi asserts a confidentiality interest. The same is true for the Shen Declaration itself and for most of its Exhibits. However, Al Bayoumi does assert a confidentiality interest in some of the contents of the press release. For example, the press release includes a photo showing his detention by the British authorities – a detention that, to be clear, never led to him being charged with any offense.

      Maintaining the press release under seal is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), as interpreted and applied by this Court in its previous orders such as ECF No. 7600. Under this Court's analysis, the materials Saudi Arabia is submitting constitute "judicial documents" because they are being "filed to aid the Court in adjudicating the breach of protective orders." *Id.* at 2. Republishing the materials on the Court's docket would, however, "inflict[] a substantial privacy harm" on Al Bayoumi while "doing little

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
May 4, 2022
Page 2

to enhance the public's understanding of this matter or improve judicial accountability." *Id.* at 3. Nor is it in the interests of justice to require public filing of Kreindler & Kreindler's press release where the point of Saudi Arabia's motion is that the release was improperly published in the first place.

      Saudi Arabia therefore respectfully requests that the Court accept an unredacted version of the Shen Declaration for filing under seal and authorize the filing of a redacted version with Exhibit D redacted in its entirety.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)