UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

This document relates to:

*Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD) (SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT AT**
**ECF NO. 5049**

Plaintiffs, by undersigned counsel, submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment at ECF No. 5049, and say:

BACKGROUND

On September 3, 2019, this Court entered a Partial Final Judgment on behalf of certain moving plaintiffs in *Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD) (SN), ECF No. 5049, who are each a spouse, parent, child, or sibling (or their estate) of a victim killed in the terrorist attacks on September 11, 2001. Each individual plaintiff was awarded damages as set forth in Exhibit A to ECF No. 5049, which was prepared by plaintiffs' counsel who, at the time of its filing, believed it to reflect a complete and accurate list of plaintiffs for whom the Order should have been entered. Since the judgments at ECF No. 5049 were entered, plaintiffs' counsel became aware that a 9/11 victim's name was incorrectly spelled. Lines 47-52 of Exhibit A to ECF No. 5049 incorrectly list the 9/11 victim's name as John Christopher Henwood Jr. The correct name of the 9/11 victim is John Christopher Henwood (without "Jr." at the end). Accordingly, Plaintiffs now respectfully move for an order pursuant to

docs-100242263.3

Fed. R. Civ. P. 60(a) to correct lines 47-52 in Exhibit A to ECF No. 5049 to change the name of the 9/11 victim from "John Christopher Henwood Jr." to "John Christopher Henwood."

## ARGUMENT

**I.     Rule 60(a) Permits the Court to Modify a Judgment Based**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Emps. Mut. Cas. Co. v. Key Pharms., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)); *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982). When the Second reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity, which impeded collection of the judgment, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 322 (2d. Cir. 1973). In *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, 226

F.R.D. 259, 262–63 (N.D.W. Va. 2004). Here, the error is clerical in nature and does not require substantive judgment. Since the judgments at ECF No. 5049 were entered, plaintiffs' counsel became aware that a 9/11 victim's name was incorrectly spelled. Lines 47-52 of Exhibit A to ECF No. 5049 incorrectly list the 9/11 victim's name as John Christopher Henwood Jr. The correct name of the 9/11 victim is John Christopher Henwood (without "Jr." at the end). Accordingly, Plaintiffs now respectfully move for an order, pursuant to Fed. R. Civ. P. 60(a), to correct lines 47-52 of Exhibit A to ECF No. 5049 to change the name of the 9/11 victim from "John Christopher Henwood Jr." to "John Christopher Henwood."

## CONCLUSION

The correction requested by Plaintiffs is clerical in nature, does not raise issues with the substantive judgment contained in ECF No. 5049, and will not in any way change the Court's disposition. For the foregoing reasons, plaintiffs respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), correct lines 47-52 of Exhibit A to ECF No. 5049 to change the name of the 9/11 victim from "John Christopher Henwood Jr." to "John Christopher Henwood."

Dated: New York, New York
May 5, 2022

Respectfully submitted,

/s/ Jerry S. Goldman
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 279-1000
Fax: (212) 278-1733
Email:  jgoldman@andersonkill.com
         bstrong@andersonkill.com
         agreene@andersonkill.com
*Attorneys for Plaintiffs*