UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*
*Betru, et al. v. Islamic Republic of Iran,* 18-CV-08297 (GBD)(SN)

### *BETRU* PLAINTIFFS' MOTION FOR JUDGMENT OF DEFAULT AGAINST IRAN AS TO LIABILITY

For the reasons set forth below, those plaintiffs in the above-captioned case, (the "*Betru* Plaintiffs"), by and through their counsel Kreindler & Kreindler LLP, having effected service and obtained a certificate of default against defendant the Islamic Republic of Iran ("Iran") pursuant to the Foreign Sovereign Immunities Act, respectfully move this Court to enter a judgment of default as to liability against defendant Iran.

**I.     Procedural Summary**

The *Betru* Plaintiffs are all the estates of individuals killed in the terrorist attacks on September 11, 2001 ("September 11 Terrorist Attacks") or their immediate family members.

On September 12, 2018, the *Betru* Plaintiffs, represented by the same counsel representing plaintiffs in the *Ashton v. al Qaeda et al.* matter (02-cv-6977 (S.D.N.Y.)), filed an Iran Short Form Complaint with this Court. *See* 18-cv-8297 (S.D.N.Y.), ECF 1.[1]  In doing so, they adopted the jurisdictional and factual allegations and causes of actions set forth in the *Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant,*

---

[1] References to the docket in the *Betru* Plaintiffs' individual case or to other individual cases cite to the individual civil case number followed by the relevant ECF number; references to the MDL docket have only the ECF number.

1

*the Islamic Republic of Iran*, ECF 3237 ("*Ashton Amended Consolidated Complaint*"). See 18-cv-8297 (S.D.N.Y.), ECF 1 at 4-5.

On February 5, 2020, this Court ruled that any newly filed cases were "member cases" only of the MDL and that filing of the Iran Short Form Complaint did "not incorporate a new action into an earlier filed case." ECF 5856.  The Court stated that therefore the *Betru* Plaintiffs, among others, would have to complete the service requirements and obtain a certificate of default prior to obtaining a judgment against Iran. ECF 5856 at 3; ECF 5862 at 2.

On March 30, 2020, the *Betru* Plaintiffs sent by overnight mail the Notice of Suit, Complaint, Summons and other case initiating documents (such as related case statements) against Iran (along with certified Farsi translations of the same) to the Clerk of the Court for the Southern District of New York requesting that they be transmitted to the Foreign Minister of the Ministry of Foreign Affairs for Iran, pursuant to the service requirements of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(3). Kreindler Decl. at ¶ 4.  On June 22, 2020, the Clerk of the Court transmitted those materials to Iran. Kreindler Decl. at ¶ 4; ECF 6289.  On July 5, 2020 those materials were returned undelivered. Kreindler Decl. at ¶ 4.

The *Betru* Plaintiffs then served the case initiating materials against Iran pursuant to 28 U.S.C. § 1608(a)(4), via the United States Department of State. Kreindler Decl. at ¶ 5.  The *Betru* Plaintiffs subsequently received a copy of a diplomatic note dated June 14, 2021 from the United States Department of State certifying that the materials were forwarded for transmission to Iran. Kreindler Decl. at ¶ 5.  On December 6, 2021, the *Betru* Plaintiffs filed proof of service under the FSIA and moved for a certificate of default, which the Clerk of the Court granted the same day. ECF 7425-7428. Having now completed the service requirements and obtained a certificate of

default, the *Betru* Plaintiffs now move for a judgment on liability as described in more detail below.

## II.     Factual and Procedural History

This Court has previously granted other plaintiffs, including the *Ashton* Plaintiffs represented by the same counsel as the *Betru* Plaintiffs, a final judgment on liability against Iran based on Iran's provision of material support to and direct support of al Qaeda. *See, e.g.,* ECF 3021.  This Court has also previously awarded other plaintiffs, including the *Ashton* Plaintiffs represented by the same counsel as the *Betru* Plaintiffs, final damages awards for, among other things, the conscious pain and suffering experienced by those killed in the September 11 Terrorist Attacks, economic damages to the estates of those victims and solatium damages. *See, e.g.,* ECF 3226, 5926, 4880.

The *Betru* Plaintiffs, for the same reasons set forth in prior motions for default judgment on liability against Iran and for the reasons this Court set forth in prior Findings of Fact and Conclusions of Law concerning the role of, among others, in the 9/11 terrorist attacks (ECF 2515) ("Findings of Fact"), now likewise move for a final judgment on liability against Iran. ECF 2970 *et seq*.

### A.  Factual Background

The *Betru* Plaintiffs seek entry of default judgment against Iran as to liability, based on Iran's provision of material support to al Qaeda and direct support for the September 11th terrorist attacks.  Iran provided material support and resources to al Qaeda and bin Laden both directly and through its surrogates.  The support provided by Iran assisted in, and contributed to, the preparation and execution of the plans that culminated in the September 11 Terrorist Attacks and was necessary to allow al Qaeda to carry out those attacks.

The government of Iran has a long history of providing material support and resources to terrorist organizations targeting the United States and its citizens, including al Qaeda. In 2011, this Court entered Findings of Fact in the *In re Terrorist Attacks on September 11, 2001* MDL, specifically outlining Iran's longstanding role in the development of the al Qaeda network, and direct support for the September 11th attacks themselves. ECF 2515. This Court's prior Findings of Fact are supported by an array of government reports, including the Final Report of the National Commission on Terrorist Attacks Upon the United States (the "9/11 Commission Final Report"). Among other things, the 9/11 Commission Final Report concluded that Iran forged a cooperation agreement with al Qaeda in the early 1990's, pursuant to which Iran provided a range of training and assistance to al Qaeda for nearly a decade leading up to the September 11th attacks; and that Iran facilitated the travel of senior al Qaeda figures and several of the future hijackers into Afghanistan, thereby directly assisting al Qaeda in the planning and execution of the September 11 Terrorist Attacks. *See* Final Report of 9/11 Commission, available at https://9-11commission.gov/report/ (last accessed February 9, 2022) ("9/11 Commission Final Report"), at pp. 60-61, 240-241.

This Court has already entered judgment against Iran for identical claims in multiple related matters consolidated before this Court as part of *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, based on the prior evidentiary record. *See, e.g.,* ECF 2970 (*Ashton* and *Federal Insurance* Plaintiffs' Memorandum of Law in Support of Motion for Entry of Judgment by Default as to Liability Against Iran); ECF 3021 (Order of Judgment as to Liability Against Iran). The extension of those rulings to the *Betru* matter is appropriate and consistent with the specific objectives that prompted the Judicial Panel for Multidistrict Litigation to consolidate related proceedings before this Court and with well-established caselaw.

**B. Jurisdiction**

In their Iran Short Form Complaint, the *Betru* Plaintiffs asserted jurisdiction against Iran pursuant to the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1605A and 1605(a)(5)) and the Justice Against Sponsors of Terrorism Act (28 U.S.C. § 1605B). *See* 18-cv-8297 (S.D.N.Y.), ECF 1 at 4-5.  They also adopted all jurisdictional allegations in the *Ashton Amended Consolidated Complaint* (*id.* at 4), which asserted jurisdiction under the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1605A and 1605(a)(5)), the Alien Tort Act (28 U.S.C. § 1350) and the Torture Victim Protection Act (28 U.S.C. § 1350 note). ECF 3237 at 1.

This Court has previously concluded that it has subject matter jurisdiction over claims against Iran for the deaths of those killed in the 9/11 terrorist attacks and the resulting solatium damages of those decedents' immediate family members. ECF 2515 at 46-47; ECF 3020; ECF 3021; ECF 3022; ECF 3443.  As in those cases, the *Betru* Plaintiffs asserted claims against Iran arising out of the September 11 Terrorist Attacks, based on Iran's sponsorship of al Qaeda during the decade leading up to the attacks, and direct support for critical aspects of the September 11 Terrorist Attacks operation itself. The evidentiary and factual record supporting the present claims is identical to the record this Court considered in issuing prior judgments.

Those prior rulings that a proper basis for subject matter jurisdiction for claims against Iran has been established should not, and the issue need not, be re-litigated in the context of the present default judgment proceedings. *Federal Insurance Co. v. Kingdom of Saudi Arabia*, 741 F.3d 353, 358 (2d Cir. 2013) (explaining that the "September 11 cases were centralized in part to 'prevent inconsistent pretrial rulings'"); *see also United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotations omitted) ("when a court has ruled on an issue that decision should generally be adhered to by that court in subsequent stages in the same case").

That this Court has subject matter over these claims has already been established in this MDL and those prior findings should apply to the *Betru* Plaintiffs claims just as they did to other identical claims in this MDL.

As for personal jurisdiction, "[u]nder the FSIA, . . . personal jurisdiction equals subject matter jurisdiction plus valid service of process." *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991).[2] Service under the FSIA is governed by 28 U.S.C. § 1608(a).

Consistent with that statute, following the filing of the complaint and the issuance of a summons, the *Betru* Plaintiffs secured a certified translation of the complaint, summons and notice of suit into Farsi, and took steps to serve Iran.

Service on Iran could not be effected under 28 U.S.C. § 1608(a)(1) because the United States and Iran do not have any special arrangement for service of process, nor is service permitted by any applicable international convention under the provisions of 28 U.S.C. § 1608(a). *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 70 (D.D.C. 2010).

Accordingly, the *Betru* Plaintiffs first attempted to serve Iran in accordance with § 1608(a)(3) of the FSIA. Section 1608(a)(3) provides that

> if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

The Southern District of New York's Clerk's Office Foreign Mailing Instructions provide plaintiffs with instructions for service by U.S. Postal Service ("USPS"), Fed-Ex or

---

[2] The Second Circuit has ruled that foreign states are not persons within the meaning of the Due Process Clause. *Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic*, 582 F.3d 393, 399-401 (2d Cir. 2009). Thus, the personal jurisdiction analysis as to Iran does not include a due process component.

DHL. *See* United States District Court Southern District of New York Clerk's Office Foreign Mailing Instructions at p. 2.

The *Betru* Plaintiffs attempted to serve their Iran Short Form Complaint consistent with those instructions. *See* Declaration of Megan W. Benett in Support of Request for Clerk's Certificate of Default ("Benett Decl."), ECF 7427 at ¶¶ 6-7; ECF 7427-1.[3] They prepared a package for mailing along with a prepaid and addressed label and package and delivered that to the Clerk of the Court. On June 22, 2022, the Clerk of the Court, consistent with the Southern District of New York's Clerk's Office Foreign Mailing Instructions and 28 U.S.C. § 1608 (a)(3), attempted to serve the Service Packet on Iran. *See* Clerk's Certificate of Mailing. ECF 7427-1. Iran refused to accept the service package. Benett Decl., ECF 7427, at ¶ 7.

Because service by mail could not be effected within 30 days, Plaintiffs proceeded to effect service by diplomatic channels pursuant to §1608(a)(4) through the Department of State's Director of Consular Services. Therefore, pursuant to 28 U.S.C. § 1608(a)(4), after service by mail was rejected, the *Betru* Plaintiffs delivered to the Clerk of the Court for the U.S. District Court for the Southern District of New York the following items: cover letter; a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern; and English and Farsi copies of the Complaint; Notice of Suit; Summons; Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602; and Civil Cover Sheet. All Farsi documents were accompanied by an affidavit of translation. *See* Benett Decl., ECF 7427, at ¶ 8.

On April 28, 2021, the consular services office at the Embassy of the United States at Bern, Switzerland transmitted those materials to the American Interests Section of the Swiss

---

[3] The service package also contained two copies of the summons and complaint and notice of suit, together with a translation in the official language of the state (Farsi) and a certification of the same.

Embassy in Tehran, Iran. ECF 7425-2 at 2.  The American Interests Section of the Swiss Embassy transmitted those materials on May 30, 2021 and the Iranian Ministry of Foreign Affairs refused delivery of those documents on the same day. ECF 7425-5 at 6.  The United States Department of State confirmed the details of the transmission in a Diplomatic Note dated June 14, 2021. ECF 7425-2 at 2.

Pursuant to 28 U.S.C. § 1608(c)(1), in instances of service under § 1608(a)(4), service is deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."  As documents in the Diplomatic Note, the transmittal was completed on May 30, 2021. ECF 7425-2 at 5. Based on the foregoing, Plaintiffs filed a Declaration of Service confirming service was effected on Iran as of May 30, 2021. *See* Benett Decl. (ECF 7427) at 3.

Because service upon Iran was proper, and this Court has subject matter jurisdiction over the *Betru* Plaintiffs' claims against Iran as described above, this Court has personal jurisdiction over Iran. *Shapiro*, 930 F.2d at 1020; *see also Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 209 (D.D.C. 2012).

**C.  The Clerk of the Court Properly Entered a Default Against Iran**

Iran did not file any responsive pleading or otherwise defend the *Betru* Plaintiffs' suit. Rule 55(a) of the Federal Rules of Civil Procedure, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id*.

On December 6, 2021 the *Betru* Plaintiffs requested that the Clerk enter default against defendant Iran because

1. Iran was obligated to "serve an answer or other responsive pleading to the complaint within sixty days after service [was effectuated]." 28 U.S.C. § 1608(d).

8

2. Iran was served on May 30, 2021;

3. More than sixty (60) days elapsed since service, and Iran had not served an answer or other responsive pleading, or taken any other steps to defend the *Betru* Plaintiffs' action since receiving service.

ECF 7427. Upon the *Betru* Plaintiffs' application, the Clerk of the Court properly issued a Certificate of Default on December 6, 2021. ECF 7428.

### III. This Court Should Enter a Liability Judgment Against Iran

Under federal law, "[n]o judgment by default shall be entered by a court of the United States or of a state against a foreign state . . . unless the claimant established his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e); *see also Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 232 (D.C. Cir. 2003) ("The court still has an obligation to satisfy itself that plaintiffs have established a right to relief."). To prevail in a default proceeding against a sovereign defendant, a plaintiff must present a "legally sufficient evidentiary basis for a reasonable jury to find for plaintiff." *Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.D.C. 2002). This standard is the same standard used for granting judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). *See*, *e.g.*, *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 223 (S.D.N.Y. 2003) (adopting standard used in *Ungar*).

### A. Plaintiffs Need Only Make a *Prima Facie* Case Against the Defaulting Sovereign Defendant and No Evidentiary Hearing is Required and the Court May Rely on its Prior Findings of Fact and Conclusions of Law in This MDL

Courts have ruled that to obtain a liability judgment against a defaulting sovereign defendant a plaintiff need merely demonstrate a *prima facie* case. *See Ungar*, 211 F. Supp. 2d at 98. A plaintiff can meet this burden of proof by affidavit or similar evidence, *Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13, 19 (D.D.C. 2002), and a court considering entry of

9

default judgment may "accept plaintiffs' uncontroverted evidence as true." *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181, 193 (D.D.C. 2008); *Valore v. Islamic Republic of Iran*, 478 F. Supp. 2d 101, 106 (D.D.C. 2007). No evidentiary hearing is required to establish liability when a foreign sovereign is in default. *See Comm. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) (finding evidence in form of affidavits and exhibits sufficient to satisfy § 1608(e)); *Int'l Road Fed'n v. Embassy of the Democratic Republic of the Congo*, 131 F. Supp. 2d 248, 262 (D.D.C. 2001) (accepting as true plaintiffs' uncontroverted factual allegations supported by documentary and affidavit evidence without evidentiary hearing); *Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 22 (D.D.C. 2001) (adopting findings by relying on affidavit testimony and certified transcript from another proceeding is sufficient to establish Iran's provision of material support and resources to al Qaeda).

Courts also may rely on evidence presented in other, related cases without requiring parties to go through "the formality of having that evidence reproduced." *Weinstein*, 175 F. Supp. 2d at 22; *see also Harrison v. Republic of Sudan*, 882 F. Supp. 2d 23, 31 (D.D.C. 2012) ("when a court has found facts relevant to a FSIA case involving material support to terrorist groups, courts in subsequent, related cases may 'rely upon the evidence presented in earlier litigation . . . without necessitating the formality of having that evidence reproduced'" (quoting *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 6-7 (D.D.C. 2011)); *see also Haim v. Islamic Republic of Iran*, 784 F. Supp. 2d 1, 10 (D.D.C. 2011) (taking judicial notice of sworn testimony and documentary evidence presented in prior proceedings which arose out of 1995 Gaza strip bombing at issue in Haim litigation). Courts may even take judicial notice of the record in related proceedings. *Wultz v. Islamic Republic of Iran*, 864 F. Supp. 2d 24, 29 (D.D.C. 2012) ("a FSIA court may take judicial notice of related proceedings and records in cases before

10

the same court."); *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 59 (D.D.C. 2010) ("'the FSIA does not require this Court to re-litigate issues that have already been settled' in previous decisions . . . . Instead, the Court may review evidence considered in an opinion that is judicially noticed, without necessitating the re-presentment of such evidence.") (quoting *Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d. 229, 264 (D.D.C. 2006)) (taking judicial notice of findings of fact and conclusions of law made in *Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46 (D.D.C. 2003), which also arose out of 1983 Beirut bombing); *Fain v. Islamic Republic of Iran*, 856 F. Supp. 2d 109 (D.D.C. 2012) (same); *Heiser*, 466 F. Supp. 2d at 263 (taking judicial notice of factual findings made in case brought against same defendants for damages arising from same 1996 attack on Khobar Towers); *see also Leibovitch v. Syrian Arab Republic*, 25 F. Supp. 3d 1071 (N.D. Ill. 2014) (taking judicial notice of findings of fact in related proceedings arising out of terrorist attack where defendants failed to appear or otherwise plead).

Accordingly, it is proper and appropriate in this case for the Court to rely on its prior Findings of Fact and Conclusions of Law and evidence filed in connection with other matters consolidated as part of this MDL when considering

### B. The *Betru* Plaintiffs Have Stated Viable Causes of Action Against Iran

By adopting the allegations in the *Ashton Amended Consolidated Complaint* and by the allegations in the Iran Short Form Complaint, the *Betru* Plaintiffs, both United States nationals and non-nationals, made claims for damages for the deaths, injuries and losses they and their decedents suffered in the September 11th Terrorist Attacks under state law, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)(7)) ("FSIA"), the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"), the

11

Anti-Terrorism Act (18 U.S.C. § 2333) ("ATA") and the Justice Against Sponsors of Terrorism Act (28 U.S.C. § 1605B) ("JASTA"). *See* 18-cv-8297 (S.D.N.Y.) ECF 1 at 4-5 (adopting allegations and causes of action in *Ashton Amended Consolidated Complaint* and including JASTA cause of action); ECF 3237 at 2 (*Ashton Amended Consolidated Complaint* adopting all allegations and causes of action in the *Ashton* Sixth Amended Complaint); 02-cv-6977 (S.D.N.Y.) ECF 465 at 235-40 (*Ashton* Sixth Amended Complaint asserting substantive causes of action under common law, ATA, ATS, TVPA and FSIA).

### C. There is a Factual Basis for Establishing Liability

The *Betru* Plaintiffs seek entry of default judgment as to liability against Iran based on Iran's provision of material support to al Qaeda and direct support for, and sponsorship of, the September 11th Attacks. As set forth below, Iran provided material support and resources to al Qaeda and bin Laden both directly and through Iran surrogate, Hezbollah. The support provided by Iran materially assisted in, and contributed to, the preparation and execution of the plans that culminated in the September 11th Attacks.

The government of Iran has a long history of providing material support and resources to terrorist organizations targeting the United States and its citizens, including al Qaeda. In 2011, as part of the *In re Terrorist Attacks on September 11, 2001 MDL*, this Court specifically outlined Iran's longstanding role in the development of the al Qaeda network and direct support for the September 11th Attacks themselves. *See* ECF 2515 (Findings of Fact and Conclusions of Law); *see also* ECF 2970 (*Ashton* and *Federal Insurance* Plaintiffs' Memorandum of Law in Support of Motion for Entry of Judgment by Default as to Liability Against Iran); ECF 3021 (Order of Judgment as to Liability Against Iran).

This Court's prior Factual Findings were supported by an array of government reports,

including the 9/11 Commission Final Report. Among other relevant findings as to Iran, the 9/11 Commission concluded that Iran forged a cooperation agreement with al Qaeda in the early 1990's, pursuant to which Iran provided a range of training and assistance to al Qaeda for nearly a decade leading up to the September 11th Terrorist Attacks; and that Iran facilitated the travel of senior al Qaeda figures and several of the future 9/11 hijackers into Afghanistan, thereby directly assisting al Qaeda in the planning and execution of the September 11th Terrorist Attacks. *See* 9/11 Commission Final Report at pp. 60-61, 240-241.

Although the 9/11 Commission's findings as to the nature and scope of Iran's sponsorship of al Qaeda are themselves sufficient to support entry of judgment by default in these proceedings, those findings were further corroborated by the affidavits of 9/11 Commission members, investigators and terrorism experts previously provided to this Court, including those of Dietrich L. Snell (ECF 2431-5), Dr. Daniel L. Byman (ECF 2431-3), Janice L. Kephart (ECF 2431-4), Dr. Patrick Clawson (ECF 2431-8), Claire M. Lopez and Dr. Bruce D. Tefft (ECF 2431-6), Dr. Ronen Bergman (ECF 2431-7), and Kenneth Timmerman (ECF 2431-2). Relying on the government reports and affidavits, this Court has already found that the evidence established to a degree "satisfactory to the Court that the Islamic Republic of Iran provided material support and resources to al Qaeda for acts of terrorism, including the extrajudicial killing of the victims of the September 11, 2001 attacks." ECF 2515 at 50.

While additional materials could be offered to augment that record, the Court's prior holding finding that Iran provided material support to al Qaeda and its order holding Iran liable for its role in the September 11th Terrorist Attacks is controlling in this long-running MDL. Under the circumstances here, with cases consolidated as part of the MDL to conserve judicial resources, the submission of additional or repetitive evidence would merely impose an

13

unnecessary burden on the Court. To avoid that result, the *Betru* Plaintiffs respectfully request that the Court enter default judgment against Iran as to liability on the basis of the evidence the Court previously received and analyzed, and which already forms part of the record in this MDL proceeding. As to the content and import of that evidence, Plaintiffs respectfully refer the Court to its own findings of fact and law, which comprehensively review the Court's findings upon review of that evidence. *See* ECF 2515.

As set forth in detail above, this Court's prior findings of fact, and the affidavits and documentary evidence already of record, provide a detailed record of Iran's involvement with and sponsorship of al Qaeda and the September 11, 2001 attacks, and are more than sufficient to support entry of default judgment against Iran as to liability in the *Morris* action, pursuant to the liability standards governing their Section 1605A(c) claims.

## IV. Conclusion

For all the reasons herein, the *Betru* Plaintiffs respectfully request that the Court grant their motion for a judgment by default as to liability against Iran and enter an order in the form submitted herewith, which tracks the language and format of other Orders of Judgment issued against Iran. *See, e.g.,* ECF 3021.  Plaintiffs further respectfully reserve their rights to seek judgment on other causes of action which have not otherwise been addressed by the Court in the future, if necessary.  The *Betru* Plaintiffs are also filing a motion today seeking a judgment for damages, conditional upon resolution of this motion for a liability judgment, along with supporting documentation, to allow them to promptly serve both motions together, should this Court grant them.

Dated: New York, New York
        May 6, 2022

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY: /s/ James P. Kreindler
    James P. Kreindler, Esq.
    485 Lexington Avenue, 28th Floor
    New York, New York 10017
    Tel: (212) 687-8181
    Counsel for *Betru* Plaintiffs