UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
| --- | --- |

*This document relates to:*
*Betru, et al. v. Islamic Republic of Iran,* 18-CV-08297 (GBD)(SN)

### *BETRU* WRONGFUL DEATH PLAINTIFFS' MOTION FOR FINAL JUDGMENTS AGAINST THE ISLAMIC REPUBLIC OF IRAN

For the reasons set forth below, those plaintiffs in the above-captioned case, (the "*Betru* Plaintiffs"), by and through their counsel Kreindler & Kreindler LLP, having effected service and obtained a certificate of default against defendant the Islamic Republic of Iran ("Iran") pursuant to the Foreign Sovereign Immunities Act, respectfully move this Court to, conditional upon entry of a judgment of default as to liability against defendant Iran (filed at ECF 7973), issue an Order granting them:

1) Compensatory damages for conscious pain and suffering damages to each of the estates of those killed in the terrorist attacks on September 11, 2001 in the same amount previously awarded by this Court to other estates of individuals killed in the terrorist attacks on September 11, 2001;

2) Economic damages to each of the *Betru* Decedents as supported by the expert analysis and reports submitted herewith;

3) Pre-judgment interest on those damages at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

4) Permission to seek punitive damages and any other appropriate damages at a later date;

5) A finding that service of process was properly effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants

6) Permission for any other *Betru* Plaintiffs in this action to submit applications for damages awards in later stages, to the extend such awards have not previously been addressed.

As the awards described above and set forth in the proposed Order represent the only direct recovery against Iran on behalf of the *Betru* Plaintiffs listed in Exhibits A-1 and A-2 to the Declaration of James P. Kreindler ("Kreindler Decl."), any award issued to those individuals and estates will constituted final awards and judgments against Iran.

## I.  Factual and Procedural History

The *Betru* Plaintiffs are all the estates of individuals killed in the terrorist attacks on September 11, 2001 ("September 11 Terrorist Attacks") or their immediate family members.

On September 12, 2018, the *Betru* Plaintiffs filed an Iran Short Form Complaint with this Court. *See* 18-cv-8297 (S.D.N.Y.), ECF 1.[1]  In doing so, they adopted the jurisdictional and factual allegations and causes of actions set forth in the *Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran*, ECF 3237 ("*Ashton Amended Consolidated Complaint*"). *See* 18-cv-8297 (S.D.N.Y.), ECF 1 at 4-5.  The *Betru* Plaintiffs served their complaint in compliance with FSIA requirements through diplomatic channels, but Iran never answered and the *Betru* Plaintiffs then obtained a Certificate of Default from the Clerk of the Court. ECF 7425-7428.  The *Betru* Plaintiffs have filed, on the same day as this submission, a motion for a liability judgment against Iran consistent with the FSIA. ECF 7973.  Should this Court grant that pending motion, then the *Betru* Plaintiffs need only move for and obtain damages awards to render their judgments against Iran final.

---

[1] References to the docket in the *Betru* Plaintiffs' individual case or to other individual cases cite to the individual civil case number followed by the relevant ECF number; references to the MDL docket have only the ECF number.

This Court has previously granted other plaintiffs, including the *Ashton* Plaintiffs represented by the same counsel as the *Betru* Plaintiffs, a final judgment on liability against Iran based on Iran's provision of material support to and direct support of al Qaeda. *See, e.g.,* ECF 3021.  This Court has also previously awarded other plaintiffs, final damages awards for, among other things, the conscious pain and suffering experienced by those killed in the September 11 Terrorist Attacks and economic damages to the estates of those victims. *See, e.g.,* ECF 3226.

The *Betru* Plaintiffs, for the same reasons set forth in prior motions for default judgment on liability against Iran and for the reasons this Court set forth in prior Findings of Fact and Conclusions of Law concerning the role of, among others, in the 9/11 terrorist attacks (ECF 2515) ("Findings of Fact"), now likewise move for a final judgment on liability against Iran. ECF 2970 *et seq.*  The *Betru* Plaintiffs, for the same reasons set forth in prior motions for final damages judgments against Iran this Court has granted, now likewise also move for (1) awards of damages for conscious pain and suffering; (2) awards for economic loss; (3) prejudgment interest at the rate of 4.96 percent per annum; (4) permission for such plaintiffs to seek punitive damages, economic damages and any other appropriate damages at a later date; and (5) for all other plaintiffs in this action not appearing on Exhibits A-1 or A-2 to submit applications for damages awards in later stages, to the extent that such awards have not previously been addressed.

## II.    Damages

The *Betru* Plaintiffs claimed damages, as relevant here, pursuant to JASTA, ATA's civil damages provision, the TVPA, the FSIA and state law. *See* 18-cv-8297 (S.D.N.Y.) ECF 1 at 4 (adopting and incorporating the claims in the *Ashton Amended Consolidated Complaint* (ECF 3237) which, in turn, adopted all allegations and causes of action in the *Ashton* Sixth Amended

Complaint (02-cv-6977 (S.D.N.Y.) ECF 465 at 235-40) and at 5 (asserting wrongful death and personal injury damages claims under JASTA).

According to the caselaw governing terrorism litigation, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,* 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC,* 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA);  *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) ( allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive damages are not available under ATA, its civil action provision "provides for treble damages").

Though a claim under the FSIA is available only to a "claimant or … victim [who] was … a national of the United States; a member of the armed forces; or otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment," under the Alien Tort Statute, which was another source of jurisdiction the *Betru* Plaintiffs asserted, both U.S. nationals and non-U.S. nationals can assert claims for damages. *See* 28 U.S.C. § 1350.

Further, the ATA (for U.S. nationals) and state law remedies (for U.S. nationals and non-U.S. nationals) also provide remedies for those killed or injured in an attack in the U.S., though jurisdiction against a sovereign defendant may only be asserted under the FSIA or JASTA.

### A. Conscious Pain and Suffering

Plaintiffs identified in Exhibits A-1 and A-2 are all representatives of estates of individuals who suffered through the September 11th Terrorist Attacks prior to their ~~murders~~ murdered on that day.  This Court has previously assessed claims for the extraordinary conscious pain and suffering experienced by those who lost their lives in the September 11th Terrorist Attacks. ECF Nos. 2618 at 7 – 9.  For the reasons that the Court has previously articulated, the estates of those killed in the September 11th Terrorist Attacks that have not already been awarded damages for conscious pain and suffering should receive compensatory damages amounts commensurate with other victims killed on September 11, 2001 in the terrorist attacks.  This Court has previously awarded $2,000,000 to the estate of victims killed in the September 11th Terrorist Attacks for each decedent's conscious pain and suffering that day. ECF Nos. 2618, 2624 at 1, 3 – 4.  Accordingly, the *Betru* Plaintiffs now respectfully request that this Court grant the victims who died in the September 11th Terrorist Attacks and whose estates are set forth in Exhibits A-1 and A-2, who have not received an award for conscious pain and suffering, a compensatory damages judgment of $2,000,000 each.

### B. Economic Damages

Economic damages are specifically contemplated in a suit against an officially designated state-sponsor of terrorism such as Iran. *See* 28 U.S.C. § 1605A(c).  The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp.

1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are] … entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore,* 700 F. Supp. 2d at 81-82, citing *Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229 (D.D.C. 2006.)  Thus, for example, United States District Court Royce C. Lambreth of the District of Columbia, in a series of decisions issuing final judgments against the Iran, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore,* 700 F.Supp.2d at 78.[2]

Previously, this Court awarded economic damages in prior claims against Iran for the "economic losses stemming from the wrongful death of the decedent[.]" ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports.  For those 9/11 Decedents on Exhibits A-1 and A-2 for whom economic damages are sought, the economic loss amount was calculated based on updated, present-value figures of either the economic damages calculation previously provided by an economic expert or generated by the September 11 Victim Compensation Fund ("VCF").

In this case, the *Betru* Plaintiffs retained the services of John E. Beauzile, who has a Master's Degree in Actuarial Science from Columbia University ("Expert") and expertise in mathematics, economics, accounting, applied statistics, financial and economic modeling as well as models for life contingencies, among other things, to evaluate the present value of the

---

[2] In adopting this estate-accumulations calculation, Judge Lambreth recognized that case law under the FSIA was "develop[ing] … a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth,* 78 F.Supp.3d at 82.

previously-calculated economic losses resulting from decedent's death as a result of the September 11, 2001 terrorist attacks.  Kreindler Decl. at ¶¶ 11-12

As described in more detail in the Kreindler Declaration, and Mr. Beauzile's declaration (Exhibit B to the Kreindler Decl.), relying on materials provided by plaintiffs, economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents and VCF valuation files, and applying the methodologies and assumptions described in Mr. Beauzile's declaration, the economic damages amounts set forth in Exhibits A-1 and A-2 are accurate to a reasonable degree of accounting and actuarial certainty. Kreindler Decl., Exhibit B (Beauzile Decl.) at ¶ 9.  The updated reports are provided as Exhibit C to the Kreindler Decl.

Accordingly, the *Betru* plaintiffs now respectfully request that this Court order economic loss awards to those victims who were killed in the September 11th Terrorist Attacks and whose estates are set forth in Exhibits A-1 and A-2 in the amounts set forth therein.

### C. Punitive Damages

Plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4).  Previously in this case, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2.  The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and

Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, a different magistrate judge recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28.  Judge Daniels adopted that recommendation, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, the *Betru* Plaintiffs request permission to address the issue of punitive damages at a later date.  *See, e.g.*, ECF No. 3666 (Judge Daniels' order authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

### D.  Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate.  *See* ECF No. 3175 at 1 – 2.  Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF No. 3384 at 6.   *See* 03-md-1570 (11-cv-7550).

Accordingly, the *Betru* Plaintiffs ask that this Court order prejudgment interest of 4.96 percent per annum to run on their awards from September 11, 2001 until the date of judgment, as was done previously in the other *Betru* cases, as well as for other plaintiffs in this consolidated

litigation.

## III.    Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and other plaintiffs, the *Betru* Plaintiffs respectfully request that this Court grant the proposed order filed herewith and

1)      Award them damages for conscious pain and suffering and economic loss in the amounts set forth on Exhibits A-1 and A-2 to the Kreindler Declaration;

2)      Award them pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3)      Grant them permission to seek punitive damages, economic damages (if not sought herein), and other appropriate damages at a later date;

4)      Find that service of process was properly effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

5)      Grant permission for all other plaintiffs in this action not appearing on Exhibits A-1 or A-2 to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Dated: New York, New York
       May 6, 2022

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY: /s/ James P. Kreindler
      James P. Kreindler, Esq.
      485 Lexington Avenue, 28th Floor
      New York, New York 10017
      Tel: (212) 687-8181
      Counsel for *Betru* Plaintiffs