1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711          JENNER&BLOCK LLP

May 7, 2022

<u>VIA ECF</u>

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   ***In re Terrorist Attacks on September 11, 2001***, No. 03-md-1570 (GBD) (SN)
   ***Havlish, et al., v. Bin-Laden, et al.***, No. 03-cv-9848 (GBD) (SN)
   ***John Does 1 Through 7 v. Federal Reserve Bank of New York***, No. 20-mc-0740 (GBD) (SN)
   ***In re Approximately $3.5 Billion of Assets on Deposit at the Federal Reserve Bank of New York in the Name of Da Afghanistan Bank***, No. 22-cv-03228 (GBD)
   <u>**Letter Regarding the Ashton Plaintiffs' Unauthorized Sur-Reply**</u>

Dear Judges Daniels and Netburn:

We write on behalf of the Havlish Creditors in response to the letter submitted by the Ashton Plaintiffs on May 5, 2022, their latest effort to derail the pending turnover proceedings and related distribution arrangements worked out by every other party in these MDL proceedings in the event the Court grants turnover. Dkt. 7962. Although styled as a letter "to address developments following the April 26, 2022 conference," the Ashton Plaintiffs' submission is in fact an unauthorized sur-reply to the Havlish and Doe Creditors' reply brief. The Court should disregard and strike it. To the extent the Court intends to consider the letter, it is riddled with inaccuracies, and the Havlish Creditors are prepared to respond to its substance, if the Court wishes.[1]

The Ashton Plaintiffs did not seek leave to file a sur-reply, and the order setting the briefing schedule for the turnover motions did not provide for one. *See* Dkt. 7750. The Havlish and Doe Creditors were to file their turnover motions on March 21, 2022; the PECs' response was due April 20, 2022; and the Havlish and Doe Creditors' reply was due April 27, 2022. On April 18, 2022,

---

[1] The Federal Insurance, Doe and Framework Agreement Plaintiffs join in the request that the Ashton Plaintiffs' sur-reply be stricken, but also stand ready to respond substantively if the Court would like them to do so.

May 7, 2022
Page 2

Judge Netburn authorized the Ashton Plaintiffs to file "the 20-page brief originally allotted to" the PEC. Dkt. 7884. These briefs were timely filed. Dkt. 7764 (Turnover Br.), 7894 (Ashton Opposition Br.), 7928 (Reply Br.).

The Ashton Plaintiffs' submission disregards not only the briefing schedule, but also Magistrate Judge Netburn's March 30, 2022 directive—issued in response to a flurry of filings about the Framework Agreement—that "additional briefing on this question is not presently required" and "no further papers are to be filed regarding this proposal absent leave of the Court." Dkt. 7818.

"[N]either the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file surreplies." *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008). Although permitting a sur-reply "is a matter left to the court's discretion," *Endo Pharms. Inc. v. Amneal Pharms., LLC*, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016), as is striking one, *Aurora Loan Servs., Inc., v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 19 (S.D.N.Y. 2007), there is a "general principle that supplementary filings require leave of the court." *Endo Pharms.* at *9 (striking sur-reply where movant "neither sought nor received permission from the court to file" one). *See also Anthropologie, Inc. v. Forever 21, Inc.*, 2009 WL 690239, at *5 n.2 (S.D.N.Y. Mar. 11, 2009) (disregarding as "contemptuous of court rules" an "improper" "unauthorized sur-reply" "done without court permission").

The individual rules of Judge Daniels and Magistrate Judge Netburn similarly prohibit unauthorized sur-replies. *See* Individual Rules and Practices of Judge George B. Daniels, Rule IV.B ("Sur-reply memoranda will not be accepted without prior permission of this Court."); Individual Practices in Civil Cases, Magistrate Judge Sarah Netburn, III.B (same). *See also Fabrique Innovations, Inc. v. Fed. Ins. Co.*, 2020 WL 1467335, at *1 n.1 (S.D.N.Y. Mar. 26, 2020) (Daniels, J.) (denying leave to file sur-reply); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 2018 WL 11222556, at *1 n.1 (S.D.N.Y. Apr. 6, 2018) (Netburn, M.J.) ("ZTO Express also filed an unauthorized surreply that the Court declined to consider").

Despite their claim to be merely "address[ing] developments following the April 26, 2022 conference," the Ashton Plaintiffs' submission repeatedly references and quotes the Havlish-Doe reply brief, rehashes their opposition brief's arguments, and continues their attacks on the Framework Agreement. The submission also fails to identify any material issues raised for the first time in the Havlish-Doe reply brief. Courts in this district routinely decline to consider sur-replies when the moving party fails to demonstrate that the reply papers raised new issues. The Ashton Plaintiffs' procedurally improper submission should thus be stricken.[2]

---

[2] The Ashton Plaintiffs have already inconvenienced this Court and obstructed the turnover proceedings with inappropriate filings. *See, e.g.,* Apr. 26, 2022 Hr'g Tr. 12:23-25 ("I think it's totally inappropriate in this case") (Daniels, J.); Hr'g Tr. 16:25-17:7 ("That is not the appropriate way to proceed. It's not even the efficient way to proceed. It's the inefficient way to proceed, given the fact we are engaged in turnover proceedings") (Daniels, J.); Hr'g Tr. 27:18-20 ("Due warning to everyone is that you will do nothing but disadvantage your clients by this kind of

May 7, 2022
Page 3

Out of respect for the Court's rules and in the interest of avoiding "an endless volley of briefs," *Kapiti*, 2008 WL 754686, at *1 n.1, the Havlish Creditors will refrain at this time from addressing the sur-reply's many distortions. If the Court would find it productive, however, the Havlish Creditors are prepared to file a substantive response addressing (1) the Ashton Plaintiffs' misrepresentations regarding the Framework Agreement; (2) their mischaracterizations of New York law regarding enforcement priority and the extent of the Court's equitable powers; and (3) their attempt to undo the Framework Agreement negotiated by every other 9/11 plaintiff group through the appointment of a special master when the Framework Agreement already provides a mechanism for administering distributions following turnover.

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

cc: All counsel of record (by ECF)

---

conduct in the future") (Daniels, J.); Hr'g Tr. 21:6-9 ("And as a result, we have all spent, as Judge Daniels said, dozens and dozens of hours focusing on this charade instead of focusing on the real issue") (Netburn, M.J.).