# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

May 9, 2022

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The undersigned members of the Plaintiffs' Executive Committees ("PECs") write in response to the May 4, 2022 letter submitted by the Kingdom of Saudi Arabia ("the Kingdom"), ECF No. 7950, concerning Kreindler & Kreindler's handling of certain materials made public by the United Kingdom's Metropolitan Police Service ("the MPS"). Kreindler & Kreindler will be responding on its own with regard to the Kingdom's arguments concerning its handling of the MPS materials. We write separately to address in brief the Kingdom's arguments concerning the interpretation and operation of the omnibus Protective Order, ECF No. 1900, which have potentially broad implications to the interests and Constitutional rights of all plaintiffs.

In particular, the Kingdom's suggestion that the omnibus Protective Order prohibits the 9/11 community from publicly discussing or sharing any materials released as a result of discovery processes in this litigation, regardless of the nature of the materials or identity of producing party, is manifestly incorrect. Just by way of example, plaintiffs have pursued discovery from various U.S. Government agencies, through both Freedom of Information Act ("FOIA") requests and subpoenas.[1] To the extent the United States Government releases information in response to such FOIA requests or subpoenas, without claiming any confidentiality as to those materials, it plainly would be within the

---

[1] Plaintiffs refer here to materials produced outside of the declassification review process required by Executive Order No. 14040. The Executive Order. materials are by definition public, but plaintiffs have sought additional documents outside the scope of Executive Order No. 14040 from the government via the Freedom of Information Act (FOIA) and Rule 45 and may do so again in the future. The Kingdom's view of the Protective Order would preclude plaintiffs from discussing those additional government documents publicly, even if the United States asserted no privilege, confidentiality, or other protection as to them.

The Hon. Sarah Netburn
May 9, 2022
Page 2

---

constitutionally protected rights of plaintiffs to share such documents and information publicly. Indeed, such responsive materials in possession of the U.S. Government belong, by definition, to the American people.[2] Moreover, given the nature of the issues raised by this litigation, those materials are of intense public interest, to both the American people and policymakers. The fact that they may be produced to plaintiffs pursuant to discovery processes, whether involving FOIA or a Rule 45 subpoena, cannot serve to imbue them with extrinsic secrecy that precludes the 9/11 community from discussing those matters publicly. To conclude otherwise would mean that the Protective Order has the effect of restricting and extinguishing protected constitutional rights, including the 9/11 community's rights of free speech and to petition their government for redress of grievances.

While the above-offered examples are not intended to be exhaustive, the undersigned respectfully submit that they make clear that the Kingdom's reading of the Protective Order is manifestly incorrect and should not be endorsed by the Court.

Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | MOTLEY RICE LLC |
| By: /s/ Sean P. Carter | By: /s/ Robert T. Haefele |
| SEAN P. CARTER | ROBERT T. HAEFELE |
| COZEN O'CONNOR | MOTLEY RICE LLC |
| One Liberty Place | 28 Bridgeside Boulevard |
| 1650 Market Street, Suite 2800 | Mount Pleasant, SC 29465 |
| Philadelphia, Pennsylvania 19103 | Tel.: (843) 216-9184 |
| Tel.: (215) 665-2105 | Email: rhaefele@motleyrice.com |
| Email: scarter@cozen.com | For the Plaintiffs' Exec. Committees |
| For the Plaintiffs' Exec. Committees | |

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF

---

[2] "In a democracy, records belong to the people." Statement of the National Archives and Records Administration (NARA), https://www.archives.gov/publications/general-info-leaflets/1-about-archives.html.