KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
——————
(202) 326-7900
FACSIMILE:
(202) 326-7999

July 29, 2021

*Via ECF (under seal) and electronic mail*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:     *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this reply in support of its letter-motion for targeted Court-ordered discovery (ECF No. 6981) to determine how the confidential transcript of the deposition of Musaed Al Jarrah was provided to Michael Isikoff of Yahoo! News, and in reply to the letter of the Plaintiffs' Executive Committees ("Plaintiffs") in response (ECF No. 6988).

1.     As Saudi Arabia explained in its motion (at 3), the facts already available are sufficient for the Court to conclude that a serious violation of the MDL Protective Order, ECF No. 1900, occurred. The July 15, 2021 Isikoff article, ECF No. 6981-1, states that Isikoff obtained a copy of the Al Jarrah transcript and sets out specific facts corroborating that statement such as the number of pages and verbatim quotations. Plaintiffs profess (at 1) that they, "too, want to learn the source of the apparent violation of the Court's Order," but their own words undercut that statement in numerous ways and show the need for the Court to act.

Plaintiffs minimize the situation by calling (at 1) it an "apparent violation" of the MDL Protective Order. The violation is not merely "apparent" – it is clear. What remains to be established is the identity of the violator. Plaintiffs state incorrectly (at 1 n.1) that "nothing in the Isikoff article suggests" a violation of the FBI Protective Order, ECF No. 4255. That is both irrelevant (because a violation of the MDL Protective Order is sufficiently serious in itself) and incorrect. Although the article states that the transcript Isikoff received had "redactions for law-enforcement sensitive material," ECF No. 6981-1, at 2, the FBI is entitled to review proposed redactions before an FBI-protected transcript is made public, *see* ECF No. 4255, ¶ 10. That did not happen here. At the very least, therefore, there was a process violation of the FBI Protective

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 29, 2021
Page 2

Order, and it is impossible to know whether the transcript given to Isikoff contained substantive material that the FBI would have redacted without seeing it.

      **2.**    There is good reason to ask questions of Plaintiffs' counsel in particular about this leak. Isikoff indicated in early July that he had discussed confidential depositions with "Jim Kreindler," who had stated to him that confidential information available in this case "could" lead to "a resolution in Congress to declare war." ECF No. 6981-4, Ex. D3A. We have since learned that those statements were made by Mr. Kreindler on Isikoff's podcast *Conspiracyland* on July 10, 2021.[1] On that podcast, Mr. Kreindler also expressed disgust for the "damn gag order[s] imposed on us by the Saudis, our Department of Justice, and the Court." July 10 Podcast at 37:17-27. Mr. Kreindler went on to characterize the Al Jarrah, Al Bayoumi, and Al Thumairy depositions as containing "smoking guns" on liability issues and described the confidential deposition testimony of other witnesses as "lots and lots of people inculpating every Saudi official." *Id.* at 37:28-34.

      This is not Mr. Kreindler's first encounter with the limits of the Court's protective orders. In April 2017, the Court concluded that he had "breach[ed]" the MDL Protective Order by disclosing a confidential document to *Politico* magazine, gave him a "first warning," and warned him to be "exceedingly discreet" if in the future he "sp[oke] to the press." ECF No. 3619, at 9:21-10:5.[2] Later, in October 2019, he gave a speech at Dartmouth College, calling the FBI Protective Order "disgusting" and publicly disclosing what the FBI then considered confidential information from a 2012 FBI summary report.[3] In that instance, the Court admonished "everybody . . . at counsels' table" to show "heightened sensitivity." ECF No. 5334, at 36:6-8. That history reinforces the need for scrutiny of a clear violation of the MDL Protective Order.

      **3.**    Immediate, Court-ordered discovery is necessary to determine who leaked this confidential information to ensure that no further breaches will occur, and as a necessary first step for the Court to set the appropriate remedy. The discovery sought in Saudi Arabia's July 23, 2021 motion is appropriately tailored. Plaintiffs complain (at 2-3) that the discovery includes inquiry concerning disclosure of the Al Bayoumi and Al Thumairy deposition transcripts. The July 15 article refers to testimony given and instructions from Saudi Arabia's counsel at those confidential depositions. *See* ECF No. 6981-1, at 7-8. That is sufficient reason to ask whether

---

[1] Apple Podcasts, *Conspiracyland*, Bonus Episode 2: "Khashoggi and the 9/11 lawsuit" (July 10, 2021), https://podcasts.apple.com/us/podcast/bonus-episode-2-khashoggi-and-the-9-11-lawsuit/id1471037693?i=1000528441443 ("July 10 Podcast").

[2] In so concluding, the Court declined to credit Mr. Kreindler's in-court statement that "neither the document . . . or any other piece of paper or any other bit of information designated confidential was ever, ever, ever released by me or anyone who works for me." ECF No. 3619, at 4:3-5. Despite that denial, the Court found that he had "convey[ed]" information to a reporter with a "direct link [to] confidential documents that were provided in this case." *Id.* at 9:1-4.

[3] *See* Ltr. from Sarah Normand to Hon. Sarah Netburn (Nov. 8, 2019) (filed under seal).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 29, 2021
Page 3

Isikoff has those transcripts or whether someone told him what occurred at those proceedings. Including communications back to June 1 is reasonable and not unduly burdensome.

Nor is there any concern that the limited requested relief would prematurely disclose the identity of experts. The Court's June 18, 2021 Order sets an August 4, 2021 deadline for Plaintiffs to disclose potential experts. *See* ECF No. 6872. The proposed order requires declarations within seven days of the Court's entry of an order – if entered today, that would call for disclosure after August 4. As for consultants, Plaintiffs themselves acknowledge (at 3) that targeted discovery must, to be complete, include consultants and any others who accessed these confidential transcripts. Declarations from those individuals need not disclose the substance of any communications with Plaintiffs or the nature of their consulting relationships. All that is needed are the fact that they received the transcripts, the identities of anyone else to whom they passed the transcripts on, and the nature of any communications with Isikoff.

Plaintiffs also mischaracterize the information Saudi Arabia itself has provided. They incorrectly assert (at 2) that the proposal "does not account for [certain] individuals who were likely to have received the transcript on the Kingdom's side," particularly "Saudi counsel, consultants, or government officials." We have submitted declarations from everyone who received or had access to the relevant transcripts. Each states whether the declarant provided the transcripts to any individuals or entities outside of this law firm, and if so to whom. As the declarations make clear, these transcripts were never provided to any Saudi counsel, any Saudi government officials, or any consultants. *See* Exs. D1-27; *see also* Ex. D1, ¶ 11 ("Copies of the rough and final transcripts of the Al Jarrah, Al Bayoumi, and Al Thumairy depositions have not been shared with any Saudi counsel representing Saudi Arabia.").

**4.**    Finally, Plaintiffs' assertion (at 2) that Saudi Arabia refused to meet and confer with them misstates the record. On July 21, 2021, Saudi Arabia wrote to Plaintiffs and all other counsel who had attended the relevant depositions, outlining the requested relief and asking for their positions. Plaintiffs requested two days, until July 23, to state their position. Saudi Arabia gave them that time as a courtesy. On July 23, Plaintiffs stated unequivocally that they "do not see the need for a formal court-ordered discovery process." ECF No. 6988-1, at 4. Nor did they agree to – or, in the principal email from Kreindler & Kreindler LLP, even address – production of communications to Isikoff from June 1, 2021, to the present, as Saudi Arabia had requested. *See id.* at 6. Saudi Arabia reasonably concluded the parties were at impasse and sought relief.

A clear and serious breach of the MDL Protective Order, and potentially the FBI Protective Order, has occurred. This breach implicates the diplomatic and sovereignty interests of Saudi Arabia, the personal interests of at least one non-party witness and former Saudi government official and diplomat, and potentially the security interests of the United States. Although Plaintiffs would prefer not to submit sworn declarations addressing this breach or to produce their communications with Isikoff, that is necessary and appropriate in light of the severity of the violation. The Court should be integrally involved in addressing and remedying this breach, and holding the offending party or individuals responsible.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
July 29, 2021
Page 4

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:     Counsel for Plaintiffs, Dallah Avco, and the FBI
        All counsel who attended the deposition of Musaed Al Jarrah, Omar Al Bayoumi, or
        Fahad Al Thumairy