KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

August 23, 2021

**REDACTED FOR PUBLIC FILING**

*Via ECF (under seal)*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") and non-party Musaed Al Jarrah[1] to request the Court's approval of proposed redactions to Saudi Arabia's July 23, 2021 letter-motion, ECF No. 6981, to enforce the general protective order in this litigation, ECF No. 1900 ("MDL Protective Order"); and of Exhibit B to that letter-motion, ECF No. 6981-2, which contains excerpts of the confidential transcript of Al Jarrah's deposition. Parts of those excerpts should be redacted from the public version of the filing. Parts of the letter-motion quote and discuss material from the deposition transcript that should be redacted, and those quotations and discussions should also be redacted.

      **1.**      Al Jarrah is a former employee of the Saudi Arabian government who worked in Saudi Arabia's Embassy in Washington, D.C. ("the Embassy") during the relevant period. As a former employee, Al Jarrah could not have been compelled to sit for a deposition. *See* ECF No. 6408, *objections overruled*, ECF No. 6842. He testified voluntarily. The Plaintiffs' Executive Committees ("Plaintiffs") took his deposition over two days, on June 17 and 18, 2021. Counsel for Saudi Arabia represented Al Jarrah in connection with the deposition. During Al Jarrah's deposition, Plaintiffs introduced a number of documents that Saudi Arabia had voluntarily produced from the Embassy's files and questioned Al Jarrah about those documents. *See* ECF No. 6981, at 1 (citing examples).

---

[1] I have been authorized by Al Jarrah to request the sealing of certain portions of Exhibit B to protect his personal privacy and his reputation, as set out below.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 23, 2021
Page 2

**REDACTED FOR PUBLIC FILING**



**2.**     Saudi Arabia requests that the Court authorize redactions of the portions of the letter-motion and of Exhibit B that reveal the contents of documents from the Embassy's files.[2] Embassy documents such as those introduced by Plaintiffs at Al Jarrah's deposition are protected by the Vienna Convention on Diplomatic Relations ("VCDR") and so "are 'inviolable,' 'at any time,' 'wherever they may be.'"  ECF No. 4696 (sealing order), at 5 (quoting VCDR, art. 24), *objections overruled*, ECF No. 6532; *see id.* at 6 ("[T]he inviolability of an embassy's papers is broad and far-reaching.").  The Court has already ruled that the VCDR's "inviolability protections" constitute " 'higher interests' " that justify sealing under the First Amendment.  *Id.* at 7.  Plaintiffs consent to these proposed redactions.  Defendant Dallah Avco takes no position.

**3.**     Al Jarrah requests that the Court authorize redactions of the portions of the letter-motion and of the transcript ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* ECF No. 6981, at 2 & n.1, 3, 5; ECF No. 6981-2, at ▮▮▮▮

---

[2] ECF No. 6981, at 1; ECF No. 6981-2, at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiffs do not consent to these proposed redactions and have indicated that they will file a response to this request. Dallah Avco takes no position.

To determine whether sealing is appropriate, courts in this Circuit first ask whether the document at issue is a "judicial document." ECF No. 4696, at 1 (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). Saudi Arabia's motion to enforce the protective order is a "judicial document" because it sought relief from the Court, and the exhibits to that motion are judicial documents because they "reasonably ha[d] the *tendency* to influence [the Court's] ruling on [that] motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). "A finding that a document is a 'judicial document' triggers a presumption of public access." ECF No. 4696, at 2 (quoting *Bernstein*, 814 F.3d at 141); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). One such competing consideration is "'the privacy interests of those resisting disclosure.'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1050).

Saudi Arabia's July 23 letter-motion was a non-dispositive "discovery motion[ ]" with a "lesser . . . presumption of public access." *Brown*, 929 F.3d at 53. "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Id.* at 50. That is because, "[a]lthough a court's authority to oversee discovery . . . surely constitutes an exercise of judicial power, . . . this authority is ancillary to the court's core role in adjudicating a case." *Id.*

Plaintiffs' examination of Al Jarrah ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is especially ancillary because it had nothing to do with the "limited and targeted jurisdictional discovery" authorized by the Court, which concerns "whether and to what extent [Fahad Al] Thumairy, [Omar Al] Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to . . . [the] 9/11 hijackers." ECF No. 3946, at 23; *see id.* at 41 (allowing "[l]imited jurisdictional discovery on specific factual allegations critical to the immunity determination"). Far from concerning the "adjudicati[on]" of this case, *Brown*, 929 F.3d at 50, the questioning at issue was harassing, irrelevant, and inappropriate, further diminishing its weight. *See id.* at 47 (recognizing that "[u]nscrupulous litigants can weaponize the discovery process to humiliate and embarrass their adversaries").

On the other side of the balance is "[t]he privacy interest of a nonparty," which is "a 'venerable common law exception to presumption of access.'" *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.) (quoting *Amodeo II*, 71 F.3d at 1051). Al Jarrah is properly considered a non-party in this instance because

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 23, 2021
Page 4

**REDACTED FOR PUBLIC FILING**

[REDACTED] is completely unrelated to any work he performed for Saudi Arabia. *See* ECF No. 6981-2, at [REDACTED] Where non-public "damaging material" would cause significant "harm[] to privacy and reputation" if it were to "irrevocably enter[] the public record," a non-party's privacy interests are at their strongest. *Brown*, 929 F.3d at 47; *see Amodeo II*, 71 F.3d at 1051 (noting that "embarrassing conduct with no public ramifications . . . will weigh more heavily against access than conduct affecting a substantial portion of the public"); *United States v. Gatto*, 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 3, 2019) (rejecting a request to disclose "materials relate[d] to potential [National Collegiate Athletic Association] rule violations of third-parties not on trial in th[e] action, which might be regarded by certain segments of the public as scandalous conduct"; recognizing that "[d]isclosure carries the risk of significant reputational and professional repercussions for those referenced in the documents"). Subjecting Al Jarrah to that harm is all the more unjustified in light of [REDACTED]

The public reporting by Michael Isikoff of Yahoo! News, who received a copy of Al Jarrah's deposition transcript through an unauthorized disclosure in violation of the MDL Protective Order, *see* ECF No. 6981, at 2-3, does not diminish Al Jarrah's privacy interests in that transcript. [REDACTED] "That some information relating to the documents in question already has been discussed on the public record or reported in the media does not mean that the third-parties concerned have lost any remaining privacy interests in their contents." *Gatto*, 2019 WL 4194569, at *8. The release of the transcript [REDACTED] Indeed, it would essentially validate a deliberate action in contempt of court.

This Court has the authority to protect Al Jarrah against the "embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c), [REDACTED] wholly irrelevant to the jurisdictional issues that the Court will decide when Saudi Arabia files its renewed motion to dismiss. Balancing the "lesser . . . presumption of public access" to discovery-related motions, *Brown*, 929 F.3d at 53, against the significant "privacy interest of a nonparty," *Royal Park*, 2018 WL 739580, at *18, the Court should maintain the testimony at issue under seal and approve Saudi Arabia's proposed redactions.

**4.** Saudi Arabia is submitting to chambers proposed redactions to ECF Nos. 6981 and 6981-2, with its proposed redactions highlighted in yellow. Saudi Arabia is also submitting a copy of this letter with proposed redactions consistent with the above requests. Saudi Arabia does not believe that any redactions to this letter are required for FBI protected information, but is requesting that the FBI review this letter to ensure that the FBI concurs.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 23, 2021
Page 5

**REDACTED FOR PUBLIC FILING**

                Respectfully submitted,

                /s/ *Michael K. Kellogg*

                Michael K. Kellogg
                *Counsel for the Kingdom of Saudi Arabia*

cc:    Counsel for the Plaintiffs, the United States, and Dallah Avco (via e-mail)