KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
—————
(202) 326-7900

FACSIMILE:
(202) 326-7999

August 27, 2021

**REDACTED FOR PUBLIC FILING**

*Via ECF (under seal)*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

   Re: *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

   I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") and non-party Musaed Al Jarrah in further support of the redactions proposed in our August 23, 2021 letter, ECF No. 7066, and in reply to the August 26 opposition of the Plaintiffs' Executive Committees ("Plaintiffs"), ECF No. 7078.

   The documents for which redactions are sought are subject only to a "lesser," though "still substantial," presumption of public access because they were filed in connection with a non-dispositive discovery motion. *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *see* ECF No. 7066, at 3. Plaintiffs do not and cannot contest that the motion for which redactions are sought was non-dispositive. Nor do they address *Brown*, which holds that the non-dispositive nature of the motion lessens the strength of the presumption.

   The presumption is further weakened because the line of questioning for which redactions are sought was irrelevant, harassing, and unrelated to the "'limited and targeted jurisdictional discovery' authorized by the Court." ECF No. 7066, at 3 (quoting ECF No. 3946, at 23). Plaintiffs do not proffer any reason that their questioning of Al Jarrah ███████ ███████████████████ was relevant to jurisdictional discovery and do not even deny harassing the witness. Instead, they vaguely assert (at 2 n.4) that Al Jarrah's testimony, in general and taken as a whole, "weighs on the issue of subject matter jurisdiction under the Justice Against Sponsors of Terrorism Act." But Plaintiffs make no attempt to show that the particular questions and answers before the Court in this motion are even colorably relevant to the jurisdictional inquiry.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 27, 2021          **REDACTED FOR PUBLIC FILING**
Page 2

Because he is a "nonparty" to this litigation, Al Jarrah's personal "privacy interest" constitutes a well-recognized higher value that this Court should protect through limited redactions to his deposition transcript.  ECF No. 7066, at 3-4 (quoting, e.g., *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *18 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.)).  Plaintiffs mischaracterize Al Jarrah's privacy interest (at 2) as "embarrassment" ████████ ████████████████ They have nothing but conjecture to support their insistence that ████████ [1] and nothing to contradict his testimony that ████████ ████████████████████████████

The testimony at issue came before the Court only because it was needed to show a breach of the Court's protective order through a disclosure of Al Jarrah's confidential testimony to a reporter with whom Plaintiffs' counsel was in direct personal contact at the relevant time.  *See* ECF No. 6981, at 2-3; ECF No. 6990, at 2.  Plaintiffs have denied under oath that they were responsible for the breach and have purported to express "concern[] about the apparent disclosure of confidential information."  ECF No. 6988-1, at 4.  Yet they now seek to exacerbate the injury to the witness from the disclosure – and from their improper and indefensible questioning at the deposition – by insisting on public disclosure of irrelevant material.  The Court has and should exercise authority to prevent that abuse of its discovery process.

Plaintiffs' opposition also makes three incorrect procedural points.  *First*, Plaintiffs err in contending (at 2) that Al Jarrah's testimony is not subject to the MDL Protective Order.  As a non-party witness, Al Jarrah has the right to designate his own testimony as protected material to protect his personal privacy.[2]  At the close of the deposition, counsel from our firm, who represented both Saudi Arabia and Al Jarrah at the deposition, designated the transcript as confidential in its entirety pending further review.  Line-by-line designations are due 90 days after the deposition, *see* ECF No. 6002-1, ¶ 63 (agreed deposition protocol), which will be September 16, 2021.  The testimony in dispute is thus protected today and will remain protected after further designation in due course.  In any event, the question before the Court is not the application of the MDL Protective Order but the partial sealing of a non-dispositive discovery motion, which is a separate balancing analysis.  *See* ECF No. 4696, at 1-3.

---

[1] Plaintiffs proffer (at 2) mere speculation that ████████████████ ████████████████████ That speculation fails even on its own terms. ████████ ████████████████████████

[2] *See* ECF No. 1900, ¶ II.B.2 ("Disclosure or Discovery Material" includes "testimony" and "transcripts"); *id.* ¶¶ II.B.3, II.B.5 ("Producing Party" and "Designating Party" include "non-part[ies]"); *id.* ¶ II.B.6 ("Confidential Information or Material" includes "all Disclosure or Discovery Material . . . designated by the Designating Party").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 27, 2021                    **REDACTED FOR PUBLIC FILING**
Page 3

*Second*, Plaintiffs err in questioning (at 2 n.3) Saudi Arabia's standing to protect Al Jarrah's personal privacy.  As our August 23 letter makes clear (at 1 & n.1, 2-3), our firm requests redactions on Al Jarrah's behalf as his counsel, with his express authorization to do so.

*Third*, Plaintiffs inaccurately complain (at 1 n.1) that we did not advise the Court of their intent to oppose the disputed redactions.  We stated their position and intent to file in the first full sentence at the top of page 3 of our opening letter.

Saudi Arabia is submitting to chambers proposed redactions to Plaintiffs' opposition (including its exhibit) and to this reply consistent with its request for redactions to ECF Nos. 6981 and 6981-2.  Saudi Arabia does not believe that any redactions to this reply are required for FBI protected information, but is requesting that the FBI review this letter to ensure that the FBI concurs.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:   Counsel for the Plaintiffs, the United States, and Dallah Avco (via e-mail)