KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 11, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") in further support of its May 4, 2022 letter, ECF No. 7950, and in reply to the May 9, 2022 letters of Kreindler & Kreindler LLP ("Kreindler & Kreindler"), ECF No. 7996 (filed under seal) and of the non-Kreindler Plaintiffs' Executive Committee members (the "non-Kreindler PECs"), ECF No. 7995.

      **1.**    The language of the MDL Protective Order is clear:  "All Disclosure or Discovery Material (or any copies, summaries or abstracts thereof) produced in the course of the MDL shall be used solely for the purpose of the prosecution or defense of the MDL, or preparation of the MDL for trial."  ECF No. 1900, § II.E.  The materials that Kreindler & Kreindler published in its press release and on the "9/11 Document Archive" website are Disclosure or Discovery Material because they were obtained through a Letter of Request issued by this Court under the Hague Convention.  Kreindler & Kreindler knew this when it published the materials – its press release described them as "produced during discovery in" this MDL.  ECF No. 7952-4, at 11 (filed under seal).  Accordingly, Kreindler & Kreindler was required to use them "solely" for "the prosecution . . . of the MDL" or for "preparation of the MDL for trial."  Its press release and "9/11 Document Archive" were neither.  That alone shows a violation of the Court's order.

      The non-Kreindler PECs argue (at 1) that the MDL Protective Order does not apply to "discovery from various U.S. Government agencies, through both Freedom of Information Act ('FOIA') requests and subpoenas."  That argument mixes up different types of material.  FOIA releases are not Disclosure or Discovery Material because FOIA is not "discovery *in this MDL*," ECF No. 1900, § II.B.2 (emphasis added), and FOIA releases are not restricted from non-litigation use because they are not "produced *in the course of th[is] MDL*," *id.* § II.E (same).  But the non-Kreindler PECs' other example (at 2), documents produced by the government under "a Rule 45 subpoena," are Disclosure or Discovery Material subject to the restrictions of § II.E.  All Plaintiffs should comply with the Court's orders in their use of all subpoenaed documents.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
May 11, 2022
Page 2

    **2.**    Kreindler & Kreindler repeatedly states (at 1-4), without any basis except the assertions of counsel, that the materials described in its press release were "produced as public information," were "made public," or "are public." We know of no publication of these materials before the "9/11 Document Archive," and Kreindler & Kreindler points to none. The previously filed MPS witness statement states that the documents are "no longer classified," but not that the MPS had made or would make them public. ECF No. 7832-1, ¶ 20.

    The same Kreindler & Kreindler attorney who declared under oath on Monday that "the MPS Materials are public" and were "published without any restrictions on their use," ECF No. 7996-1, ¶ 4, previously declared under oath that the MPS took measures "to preserve operational and information security in the handover of [its] materials to the Plaintiffs," ECF No. 7832, ¶ 8; provided some to him on an "encrypted hard-drive," *id.* ¶ 9; and "transferred" the "remaining materials . . . electronically via a secure MPS-approved file-share site, to which [he] was given short-term access," *id.* ¶ 10. The process he described is not publication. Nor does the contention that MPS purportedly did not impose "any restriction on [the materials'] use," ECF No. 7996-1, ¶ 4, affect Plaintiffs' obligations under the MDL Protective Order.

    Kreindler & Kreindler also states (at 2) that, "[o]ut of an abundance of caution, [it] redacted images of children from videos and still photographs prior to posting." If Kreindler & Kreindler believed the documents were already public, it is not plausible that it would have conducted even a perfunctory personal privacy review. Such an effort makes sense only if Kreindler & Kreindler knew it was publishing the documents for the first time. Also, as set out in our opening letter (at 2), and as Kreindler & Kreindler does not dispute, any review failed to identify (among other things) images of Omar Al Bayoumi's children and of his wife in the hospital after their daughter's birth.

    Nor did Saudi Arabia have reason to know that Kreindler & Kreindler intended to publish the materials. On April 1, 2022, Kreindler & Kreindler served the materials on counsel for only Saudi Arabia and Dallah Avco. *See* Ex. A (service e-mail with Dropbox link redacted). Contrary to its attorney's statement, ECF No. 7996-1, ¶ 13, Kreindler & Kreindler did not give the documents to the other MDL Defendants until April 27. *See* Ex. B (e-mail from Alan Kabat stating that he "had not seen any invitation" from Plaintiffs before receiving a link to their public website). And when Plaintiffs sought leave to lodge the materials with the Court in their April 5 letter, they proposed "to deposit with the Court a USB thumb drive on which the entire MPS production [would be] saved." ECF No. 7831, at 2. If that request was intended to seek the Court's authorization to make the entire production available to the public – including personal family pictures and videos, unredacted financial documents, and unredacted passports and a personal identification card – then its wording was highly misleading. Certainly nothing in Plaintiffs's letter supports Kreindler & Kreindler's assertion (at 2, 4) that Plaintiffs proposed to file the MPS materials "on the public docket."

    **3.**    Kreindler & Kreindler errs in contending (at 3) that Saudi Arabia must make the showing required by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2010), in the context of the present dispute. *Lugosch* applies to "judicial documents," which are those

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
May 11, 2022
Page 3

"'relevant to the performance of the judicial function and useful in the judicial process'"; and "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Thus, even if the MPS documents had been lodged with the Court (which they never were), that would not make them judicial documents. They are merely discovery documents, governed by *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). Under that case, "where . . . a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Id.* at 37. The MDL Protective Order meets those requirements.

       **4.**    Kreindler & Kreindler has no basis for its contention that Saudi Arabia did not make its concerns about the improper use of the materials clear during the meet-and-confer process. Saudi Arabia contacted Plaintiffs within a day of their April 27, 2022 publication of the MPS materials and has repeatedly raised two points: (1) that publication of discovery materials violated § II.E of the MDL Protective Order by "using th[e] material for purposes other than litigating . . . claims," ECF No. 7957-5, at 12; *see also id.* at 1-2, 8-9, 10; and (2) that materials such as family videos and pictures, and unredacted bank statements, should be designated as Confidential Material and receive heightened protection under § II.H, *see id.* at 1, 6, 8, 13.

       To avoid an emergency motion to compel compliance, Kreindler & Kreindler agreed to a "temporary removal" so that Saudi Arabia could designate confidential material and apply "appropriate redactions." *Id.* at 2. But Kreindler & Kreindler also said – as it says again in its letter (at 4) – that it still intends to republish the press release and "9/11 Document Archive" website. When Saudi Arabia repeated its request "for Plaintiffs' commitment that after we finish the confidentiality review . . . Plaintiffs will not re-publish discovery material," ECF No. 7957-5, at 1, Kreindler & Kreindler refused, stating that it has "conducted all of [its] activities in a manner consistent with the Protective Orders in this MDL," *id.* The parties remain at impasse as to whether, after Saudi Arabia has designated certain materials as Confidential, Kreindler & Kreindler may republish the rest. The Court should apply the clear terms of the MDL Protective Order and order Kreindler & Kreindler not to republish.

       **5.**    In addition to prospective relief, the Court should also consider Kreindler & Kreindler's present violation in determining the appropriate sanction for Kreindler & Kreindler's past violations. Contrary to Kreindler & Kreindler's unsupported assertion (at 4) that the record must be reopened by motion, this Court "is free to consider 'the full record in the case in order to select the appropriate sanction.'" *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y 2002)). Kreindler & Kreindler's conduct underscores that it its attorneys will not comply with protective orders and will take every chance to misuse discovery material to advance their press strategy.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
May 11, 2022
Page 4

                                                Respectfully submitted,

                                                /s/ *Michael K. Kellogg*

                                                Michael K. Kellogg
                                                *Counsel for the Kingdom of Saudi Arabia*

cc:      All MDL Counsel of Record (via ECF)