**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>    *Burnett, et al. v. Islamic Rep. of Iran, et al.*, No. 15-cv-9903 (GBD)(SN);<br>    *Arias, et al. v. Islamic Rep of Iran*, No. 19-cv-41 (GBD)(SN) | |

## DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF *BURNETT/IRAN* AND *ARIAS* PLAINTIFFS IDENTIFIED AT EXHIBITS A-1 AND A-2 WHO WERE NOT IMMEDIATE FAMILY MEMBERS OF A 9/11 DECEDENT

### (BURNETT/IRAN XXV)

JOHN M. EUBANKS, Esquire, hereby states under penalty of perjury that:

1.      I am an attorney with the law firm of Motley Rice LLC, attorneys for the Plaintiffs in the above-captioned matters. I submit this Declaration in support of this motion on behalf of the Plaintiffs identified in Exhibit A-1 (attached hereto) from the action titled *Burnett, et al., v. Islamic Rep. of Iran, et al.*, 15-cv-9903(GBD)(SN) ("*Burnett/Iran*"), and the Plaintiff identified in Exhibit A-2 (attached hereto) from the action titled *Arias, et al. v. Islamic Republic of Iran*, 19-cv-41 (GBD)(SN) ("*Arias*") (Collectively, the Plaintiffs identified in Exhibits A-1 and A-2 are hereinafter referred to as "the Burnett/Iran XXV Plaintiffs").

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

a.      The Court's order dated January 24, 2017 (ECF No. 34351), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has

previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 7, below.

b.      The Court's Orders dated October 14, 2016 and August 8, 2017 (ECF Nos. 3363 and 3676) concerning the amounts of solatium damage awards.

c.      The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.      The Court's Orders dated October 14, 2016 (ECF No. 3363) related to the case captioned as *Hoglan v. Islamic Rep. of Iran*, 11-CV-7550 (GBD)(SN), and August 8, 2017 (ECF No. 3676) related to the *Hoglan* case and, more specifically, to claims of non-family members for a determination that they qualify as "functional equivalents" of biological family members of a 9/11 decedent.

3.      The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted as to other plaintiffs in the *Burnett/Iran* action, in various orders issued from July 31, 2017 to the present. *See, e.g.,* ECF Nos. 3666, 4023, 4023, 4126, 4146, 4175, 5061, 5062, 5087. 5092. 5138, 5151, 5356, 5848, 5946, 5948, 5949, 5951, 5955, 5957, 5975, 5979, 6034, 6035, 6037, 6038, 6039, 7188, 7287, and 7494. It is also consistent with the form and relief requested and granted as to other plaintiffs in the *Arias* action, in various orders issued from September 9, 2019 to the present.  *See, e.g.,* ECF Nos. 5104, 5136, 5918, 5969, and 7180.

4.      The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the Burnett/Iran XXV Plaintiffs in connection with the September 11th terror attacks, other court records relating to the *In re Terrorist Attack on September 11, 2001* multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation, and conversations with these plaintiffs and the sworn statements of the plaintiffs attached hereto as Exhibits B through P. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

2

5.      The *Burnett/Iran* Plaintiffs identified in Exhibit A-1 and the *Arias* Plaintiff identified in Exhibit A-2 each have the functional equivalence of an "immediate family member" of decedents from the terrorist attacks on September 11, 2001, as indicated for each person on Exhibits A-1 and A-2. In support of their entitlement to solatium damages, the Burnett/Iran XXV Plaintiffs have affirmed the details of their relationships to their respective decedents in the declarations attached hereto as Exhibits B through P.

6.      Exhibit B is a true and correct copy of the Declaration of Davina Aryeh detailing that she was the functional equivalent of a child to 9/11 decedent Kevin P. Connors.

7.      Exhibit C is a true and correct copy of the Declaration of Karim Aryeh detailing that he was the functional equivalent of a child to 9/11 decedent Kevin P. Connors.

8.      Exhibit D is a true and correct copy of the Declaration of Troy M. Barrett detailing that he was the functional equivalent of a child to 9/11 decedent Brian T. Cummins.

9.      Exhibit E is a true and correct copy of the Declaration of Christian C. Croner detailing that he was the functional equivalent of a child to 9/11 decedent Joseph W. Flounders.

10.      Exhibit F is a true and correct copy of the Declaration of Dawn M. Curry detailing that she was the functional equivalent of a child to 9/11 decedent Stephen F. Masi.

11.      Exhibit G is a true and correct copy of the Declaration of Doreen Gray that she was the functional equivalent of a mother to 9/11 decedent James Gray.

12.      Exhibit H is a true and correct copy of the Declaration of Bianca Isabel Jerez that she was the functional equivalent of a child to 9/11 decedent Robert D. Cirri, Sr.

13.      Exhibit I is a true and correct copy of the Declaration of Jordan A. Lyles that he was the functional equivalent of a child to 9/11 decedent CeeCee Lyles.

14.     Exhibit J is a true and correct copy of the Declaration of Justin A. Lyles that he was the functional equivalent of a child to 9/11 decedent CeeCee Lyles.

15.     Exhibit K is a true and correct copy of the Declaration of Bryant Mitchell that he was the functional equivalent of a child to 9/11 decedent Richard Stadelberger.

16.     Exhibit L is a true and correct copy of the Declaration of Daniella Peters-Nylen that she was the functional equivalent of a child to 9/11 decedent Kevin P. Connors.

17.     Exhibit M is a true and correct copy of the Declaration of Michelle A. Stabile that she was the functional equivalent of a wife to 9/11 decedent Frank J. Koestner.

18.     Exhibit N is a true and correct copy of the Declaration of Doreen Noone Wheeler that she was the functional equivalent of a wife to 9/11 decedent Kevin M. Prior.

19.     Exhibit O is a true and correct copy of the Declaration of Joseph N. Shontere that he was the functional equivalent of a father to 9/11 decedent Angela Marie Houtz.

20.     Exhibit P is a true and correct copy of the Declaration of Tina Marie Wasielewski that she was the functional equivalent of a sister to 9/11 decedent Angela Marie Houtz.

21.     The solatium amounts set forth in Exhibits A-1 and A-2 are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent.

22.     After reviewing the records available to me regarding other judgments entered by this Court against the Iranian defendants, I have not identified any relief that has previously been awarded to any Burnett/Iran XXV Plaintiff.

23.     Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to

me regarding other judgments entered by this Court against the Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

        21.      Accordingly, a proposed Order of Partial Final Judgment for the Burnett/Iran XXV Plaintiffs, conforming to the Court's previous orders, has been provided with Plaintiffs' motion.

Dated: May 12, 2022

/s/ John M. Eubanks_____
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9218
Fax: 843-216-9450
Email: jeubanks@motleyrice.com