**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Arias, et al. v. The Islamic Republic of Iran* | 19-cv-41 (GBD)(SN)<br>ECF Case |

**DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF *ARIAS* PLAINTIFFS IDENTIFIED AT EXHIBIT A**

**(*ARIAS VI*)**

JOHN M. EUBANKS, Esquire, hereby states under penalty of perjury that:

1. I am a Member in the law firm of Motley Rice LLC, attorneys for the Plaintiffs in the above-captioned matters. I submit this Declaration in support of this motion on behalf of the Plaintiffs identified in Exhibit A (attached hereto) from the action titled *Arias, et al., v. The Islamic Republic of Iran*, 19-cv-41 (GBD)(SN) ("*Arias*").

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435[1]), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 7, below.

   b. The Court's Order dated October 14, 2016 (ECF No. 3363) concerning the amounts of solatium damage awards.

---

[1] Unless indicated differently, citations to ECF Nos. are to the docket in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN).

      c.      <u>The Court's Order dated October 14, 2016</u> (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

3. The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted as to other plaintiffs in the *Arias* action. *See* ECF Nos. 5104, 5136, 5918, 5969, and 7180.

4. Service of process on The Islamic Republic of Iran was executed pursuant to 28 U.S.C. § 1608(a) on July 3, 2019 by service through diplomatic channels.

5. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Arias* Plaintiffs listed in Exhibit A, in connection with the September 11th terror attacks, other court records relating to the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

6. The *Arias* Plaintiffs identified in Exhibit A are each decedents from the terrorist attacks on September 11, 2001, as indicated for each person on Exhibit A.

7. The pain and suffering amounts for the estates set forth in Exhibit A are the figures this Court has previously determined appropriate for compensatory damages for decedents' pain and suffering for decedents in this litigation. *See* ECF No. 2618 at 9; *see, e.g.,* ECF Nos. 3226 at 1; 3382 at 2.

8. The economic loss amounts set forth in Exhibit A are derived from the expert reports of economist Dr. Stan V. Smith, which are included in the attached Exhibit B which

includes summary economic-loss expert reports for each individual for whom economic-loss damages have been sought in Exhibit A. Exhibit B also contains a more fulsome report—for the Estate of Mark Bavis (whose personal representative is a plaintiff in *Burnett, et al. v. Islamic Rep. of Iran*, No. 15-cv-9903 (GBD)(SN)—to outline, introduce and delve into the expert methodology that Dr. Smith has employed in each of his summary economic-loss reports providing a breakdown of the summary of both past and future losses for the following categories: (1) loss of wages and benefits; (2) loss of pension benefits (if they exist); (3) loss of housekeeping and home management services; and (4) loss of value of life, also known as the loss of enjoyment of life. As Dr. Smith states in his report for the Bavis estate, "All opinions … are rendered in accordance with generally accepted standards within the field of economics and are expressed to a reasonable degree of economic certainty." *See* Bavis Report at 11.

9. Due to the sensitive financial information contained in these documents in addition to their size and volume, Plaintiffs have filed Exhibit B on ECF under seal pursuant to the Court's May 5, 2022 order. ECF No. 7963. Plaintiffs submit that these reports should remain off the public docket and under seal as has been the custom in other instances where this type of information has been submitted to the Court.

10. The following is a list of those 9/11 decedents whose economic-loss reports can be found on Exhibit B:

| 9/11 DECEDENT'S FIRST NAME | 9/11 DECEDENT'S MIDDLE NAME | 9/11 DECEDENT'S LAST NAME | SUFFIX |
|---|---|---|---|
| Theresa | Ann | Munson | |

3

11. After reviewing the records available to me regarding other judgments entered by this Court against the Iranian defendants, I have not identified any relief that has previously been awarded to any particular plaintiff identified in Exhibit A to *Arias VI other than pain-and-suffering damages entered for Theresa Munson in a prior Arias judgment as noted on Exhibit A.*

12. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against the Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

13. Accordingly, included with this motion is a proposed Order of Partial Final Judgment for the Plaintiffs Identified in Exhibit A, conforming to the Court's previous orders.

Dated: May 18, 2022  /s/   John M. Eubanks
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9218
Fax: 843-216-9450
Email: jeubanks@motleyrice.com