## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

July 27, 2021

### UNDER SEAL – SUBJECT TO MDL PROTECTIVE ORDER

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn,

Plaintiffs file this response to the letter motion that Saudi Arabia filed under seal (ECF No. 6981) requesting that the Court order discovery from Plaintiffs concerning the apparent disclosure of the Musaed al Jarrah deposition transcript to reporter Michael Isikoff in violation of this Court's Umbrella Protective Order, ECF No. 1900. Plaintiffs, too, want to learn the source of the apparent violation of the Court's Order and are committed to a process to identify that source.[1] Indeed, before the Kingdom filed its motion, Plaintiffs expressed their willingness to cooperate with the Kingdom's counsel to review the matter and offered to meet and confer. Ex 1 at 2-4.[2] The Kingdom, however, apparently saw some perceived advantage in proceeding immediately to motion practice and declined the proposed cooperation, resulting in its flawed one-sided proposal. *Id.* at 1. Accordingly, Plaintiffs recommend that the Court deny the Kingdom's motion without prejudice and instruct the parties to meet and confer to provide the Court with a joint proposal to resolve the relevant issues and address any remaining disagreements.

---

[1] While the actual content of the redacted transcript apparently obtained by Isikoff is uncertain, nothing in the Isikoff article suggests that there was a violation of the Privacy Act Order and Protective Order for FBI Documents (ECF No. 4255).

[2] Attached as Exhibit 1 are the relevant communications exchanged among counsel prior to the motion.

July 27, 2021
Page 2

Before Saudi Arabia filed its motion, Plaintiffs advised Saudi Arabia that each of the lead PEC firms had already conducted internal investigations into the handling of the Jarrah transcript and communications with Mr. Isikoff, and that as a result of those investigations, each of the lead PEC firms was confident that it was not the source of the leak to Mr. Isikoff. Ex. 1 at 2-4. In summary, each represented that, based on its internal reviews, each was confident that the Jarrah transcript referenced in Mr. Isikoff's article had not been released through their respective firms or others working with their firms, and that each firm was prepared to document the facts. *Id.*

The Kingdom refused to meet and confer with the Plaintiffs to resolve the issues, in violation of this Court's rules.[3] Rather than have the parties hash out the details, the Kingdom filed a proposal that presents significant scope and privilege concerns.

First, the Kingdom omitted from the scope of the inquiry certain individuals within the Kingdom's own group who had access to Jarrah's testimony. The Kingdom's proposal is limited to "each law firm . . . that has attended a deposition" and covers only persons "working at the Firm's direction." ECF No. 6982, ¶ 1. However, the Kingdom's proposal does not account for other individuals who were likely to have received the transcript on the Kingdom's side. For example, none of the 27 declarations of the Kellogg firm's attorneys, paralegals, and IT staff address whether the Kingdom's Saudi counsel or anyone else in Saudi Arabia received a copy of the transcript. The Kingdom does not state whether other Saudi counsel, consultants, or government officials received copies of the transcript (or whether that inquiry was even made). Any procedure devised should be evenhanded and require that anyone (with appropriate protections for privilege issues, addressed below) who received the transcript – including any counsel or any representative of a party – must answer to the inquiry.

Second, while the scope of the proposed inquiry is too narrow in that regard, it is overly broad in that it would demand disclosure of information unnecessary to determining who leaked the Jarrah transcript to Mr. Isikoff. The Isikoff article raises clear concerns about a leak of the Jarrah transcript; but notwithstanding the general reference to Omar al Bayoumi's and Fahad al Thumairy's depositions in the article, nothing in the article raised similar concerns that the Bayoumi and Thumairy transcripts had been disclosed. Nonetheless, any examination of who disclosed the Jarrah transcript would almost certainly reveal who (if anyone) disclosed any other transcript to Mr. Isikoff. The Kingdom's proposal is also overly broad in that it seeks communications with Mr. Isikoff back to June 1, but the Jarrah deposition did not take place until June 17 & 18 and the transcript was not circulated to counsel until June 28, 2021. Even the transcripts of the Bayoumi and Thumairy depositions were not circulated to counsel until long after June 1, 2021 (on June 23 for Bayoumi and July 14 & 15 for Thumairy).

Third, Saudi Arabia's proposal unnecessarily risks the forced disclosure of privileged information, including disclosure of experts and consultants in violation of Fed. R. Civ. P. 37(a)(1). For example, as drafted, the Kingdom's proposal would require that anyone who

---

[3] The Kingdom's letter-motion and supporting declarations do not include the certification required under Fed. R. Civ. P. 37(a) and the section II.C. of the Court's Individual Practices, that the Kingdom engaged in a good faith effort to meet and confer. Indeed, such a certification could not be made because the Kingdom declined the plaintiffs' offer to hold a conference to discuss the issues. Ex. 1 at 4.

July 27, 2021
Page 3

received a deposition transcript must file a declaration which would then be shared with Saudi Arabia.  ECF No. 6982, ¶ 8.  The Court's Umbrella Protective Order authorizes Plaintiffs to disclose information protected under the Order to "[o]utside consultants or [e]xperts retained for the purpose of assisting counsel in the MDL…." ECF No. 1900, §H.3.f.  Rule 26 protects the identity of those consultants and experts until disclosed at the time and in the sequence the Court requires.  Fed. R. Civ. P. 26 (b)(4)(C) and (a)(2)(B).  However, as proposed, Saudi Arabia would require Plaintiffs to identify to Saudi Arabia any unidentified consultant or expert, whether testifying or not, with whom Plaintiffs' counsel shared the testimony of Jarrah, Bayoumi, or Thumairy.  Although the review needs to account for those individuals, it must do so in a manner that protects Rule 26 work product and prevents the unnecessary identification of such consultants and experts – for example, perhaps by requiring counsel to obtain declarations from those witnesses and verifying whether any provided copies of the transcripts to any other recipient.

In sum, this Court should direct the parties to meet and confer to address the apparent wrongful disclosure of the Jarrah deposition transcript, address the concerns identified above in the Kingdom's filing along with any other concerns the parties may identify, and present a joint proposal to the Court.

Respectfully submitted,

| | |
|---|---|
| KREINDLER & KREINDLER | MOTLEY RICE |
| /s/ Steven R. Pounian | /s/ Robert T. Haefele |
| Steven R. Pounian, Esquire | Robert T. Haefele, Esquire |
| Andrew J. Maloney, Esquire | 28 Bridgeside Boulevard |
| Megan Benett, Esquire | Mt. Pleasant, SC 29464 |
| 485 Lexington Avenue | |
| New York, NY 10017 | For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |
| For the MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims | |

COZEN O'CONNOR

/s/ Sean P. Carter
Sean P. Carter, Esquire
1650 Market Street, Suite 2800
Philadelphia, PA 19103

For the MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims