# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**JOHN OSTER**
COUNSEL

May 20, 2022

**BY HAND DELIVERY**

The Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**BY ECF**

The Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The Hon. Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

The Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *Smith v. Taliban et al.*, 01-cv-10132 (LAK);
    *In re: Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GDB) (SN);
    *Owens et al. v. Taliban*, 22-cv-1949 (VEC)

Dear Judge Kaplan, Judge Daniels, Judge Netburn and Judge Caproni:

  I write on behalf of the Federal Reserve Bank of New York ("New York Fed"), an operating arm of the nation's central bank and a non-party to the above-captioned actions.

**FEDERAL RESERVE BANK *of* NEW YORK**

2

On May 12, 2022, plaintiffs in *Smith v. Taliban et al.*, 01-cv-10132 (LAK) ("Smith Litigation") filed a Motion for Turnover of Assets from Garnishee Federal Reserve Bank of New York ("Turnover Motion"). (*See Smith* Dkt. # 50, 51.) The Turnover Motion seeks to seize assets in accounts held at the New York Fed in the name of Da Afghanistan Bank ("DAB"), the central bank of Afghanistan and a non-party to the Smith Litigation, that are currently blocked pursuant to Executive Order 14064 ("Blocked DAB Assets"). Plaintiffs in the Smith Litigation seek to seize Blocked DAB Assets to satisfy judgments against the Taliban, the Islamic Emirate of Afghanistan, the Republic of Iraq and Osama bin Laden.

There are similar efforts underway related to Blocked DAB Assets in other actions before Your Honors. Plaintiffs in *In re: Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GDB) (SN) ("MDL") are seeking turnover of Blocked DAB Assets to satisfy judgments against the Taliban. Plaintiffs in *Owens et al. v. Taliban*, No. 22-cv-1949 (VEC) ("Owens Litigation") separately seek to confirm an *ex parte* pre-judgment order of attachment against Blocked DAB Assets. Plaintiffs in the Owens Litigation moved to intervene in the MDL and assert that their claim is third in priority behind the two creditor groups involved in the MDL. (*See Owens* Dkt. #22, 29). Plaintiffs in the Smith Litigation likewise assert that their claim is third in priority behind two creditor groups involved in the MDL. (*See Smith* Dkt. # 51 at 16 and Ex. E (Declaration of James E. Beasley Jr.) at ¶ 8.)

Recognizing the potential complications and the burden that may arise in connection with these multiple and potentially conflicting proceedings, we write to inform the Courts of these matters.

Sincerely,

 /s/ John Oster
John Oster
Federal Reserve Bank of New York
33 Liberty Street
New York, New York 10045
T: (212) 720-2679