UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| FIONA HAVLISH, individually and on behalf of the ESTATE OF DONALD G. HAVLISH, JR., Deceased, *et al.*, <br><br> Creditors, <br><br> v. <br><br> THE TALIBAN, *et al.*, <br><br> Debtors, <br><br> FEDERAL RESERVE BANK OF NEW YORK, <br><br> Garnishee. | Case No. 03-cv-9848 (GBD)(SN) |
| JOHN DOES 1 THROUGH 7, <br><br> Creditors, <br><br> v. <br><br> THE TALIBAN, *et al.*, <br><br> Debtors, <br><br> FEDERAL RESERVE BANK OF NEW YORK, <br><br> Garnishee. | Case No. 20-mc-0740 (GBD)(SN) |

**JOINT CERTIFICATE OF SERVICE BY PUBLICATION**

The undersigned, Benjamin D. Alter and Orlando do Campo, hereby certify as follows:

1. We are attorneys duly licensed to practice law in the state of New York and admitted to the bar of this Court. Mr. Alter is an associate with Jenner & Block LLP, which represents Movant-Creditors Fiona Havlish et al. (the "Havlish Creditors") in the above-captioned action (No. 03-cv-9848). Mr. do Campo is a partner with do Campo & Thornton, P.A., which represents Movant-Creditors John Does 1 through 7 (the "Doe Creditors") in the above-captioned action (No. 20-mc-740).

1

2. This joint certificate of service and the attached exhibits document steps taken to serve the Havlish and Doe Creditors' turnover motion papers (MDL Dkts. 7763–7771) on the Taliban and Da Afghanistan Bank ("DAB") by publication in the *New York Times* and *Al-Quds Al-Arabi*, in conformity with the Court's April 5, 2022 Order authorizing alternative service. *See* MDL Dkt. 7830. We are personally familiar with the instances of service by publication described below.

3. This certificate of service by publication supplements previous proofs of service submitted in connection with the Havlish and Doe Creditors' turnover proceedings. *See* MDL Dkts. 7904, 7910 (documenting the Havlish and Doe Creditors' service on the Taliban by Twitter and on DAB by Twitter and email); MDL Dkts. 7776, 7777 (documenting the Havlish and Doe Creditors' service of DAB via its officer or agent Dr. Shah Mehrabi); *see also* MDL Dkt. 7784 at 11 (explaining why DAB was properly served via Dr. Mehrabi).

4. On April 5, 2022, Magistrate Judge Sarah Netburn issued an Opinion and Order (the "Order") authorizing and directing alternative and supplemental service of the Havlish and Doe Creditors' turnover motion papers on the Taliban and DAB. *See* MDL Dkt. 7830.

5. The Order authorized service on the Taliban and DAB, *inter alia*, via publication in the *New York Times* and *Al-Quds Al-Arabi* pursuant to N.Y.C.P.L.R. § 316. Order at 9, 14. The Order authorized the Havlish and Doe Creditors to publicize "a single notice together, so long as the statement covers the nature of both of their actions." *Id*. at 9. The Order further authorized the Havlish and Doe Creditors, "[a]s an alternative to publishing the full motion papers," to include in their published notice "an electronic address such as a URL or a QR code that directs the reader to easily accessible online versions of those papers." *Id*. at 9.

6. To that end, we helped facilitate the creation of a public website— www.DABturnover.com—which contains links to PDFs of the Havlish Creditors' and Doe Creditors' turnover motion papers in both English and Pashto, as well as an English and Pashto notice describing the relief sought in the motions. We understand Pashto to be a "language spoken by a substantial percentage of Afghanistan's population." Order at 14.

7. Attached hereto as **Exhibit A** is a true and correct copy of a screen capture of www.DABturnover.com, captured on April 24, 2022. The English text of the notice reads as follows (the notice is also translated into Pashto on the website):

> **PUBLIC NOTICE**
> **To the Taliban and Da Afghanistan Bank**
>
> **In the United States District Court for the Southern District of New York, Case Nos. 03-MD-1570-GBD-SN, 03-CV-9848-GBD-SN, and 20-MC-740-GBD-SN, Judgment Creditors Fiona Havlish et al. ("the Havlish Creditors") and John Does 1 through 7 ("the Doe Creditors") have each filed a motion seeking a turnover of assets of Da Afghanistan Bank (DAB) held in the Federal Reserve Bank of New York (FRBNY). The Havlish Creditors seek these assets to satisfy the final judgment entered by the**

2

**Court on October 16, 2012 against the Taliban, among others, in connection with the terrorist attacks of September 11, 2001. The Doe Creditors seek these assets to satisfy a final judgment entered in the Northern District of Texas on November 5, 2020 against the Taliban, among others, in connection with a terrorist attack in Kabul, Afghanistan on January 4, 2016. Pursuant to Federal Rule of Civil Procedure 69(a), N.Y. C.P.L.R. Sections 5225(b) and 5227, and Section 201(a) of the Terrorism Risk Insurance Act of 2002, the Havlish Creditors' and the Doe Creditors' motions seek to compel FRBNY to turn over the blocked assets of DAB in amount sufficient to satisfy the outstanding amounts of their awards of compensatory damages as of the date the motions were filed, namely $2,086,386,669 and $138,418,741, respectively.**

**This is a notice that the motions have been filed. The motion papers are available below in both English and Pashto.**

8. Following the creation of the website, the Havlish and Doe Creditors submitted a notice for publication in the *New York Times* and *Al-Quds Al-Arabi*. The notice included "a brief statement of the nature of the action[s] and the relief sought," *see* Order at 9; CPLR § 316, and the notice made reference to www.DABTurnover.com, which includes links to English and Pashto versions of the Havlish and Doe Creditors' turnover motion papers.

9. A copy of the English language version of the notice that was submitted for publication in the *New York Times* is attached hereto as **Exhibit B**. The notice was translated into Arabic for publication in *Al-Quds Al-Arabi*, and a copy of the Arabic translation of the notice is attached hereto as **Exhibit C**.

10. In conformity with the Order and CPLR § 316, the notices were published in the *New York Times* (both the U.S. and international editions) and *Al-Quds Al-Arabi* once per week for four consecutive weeks.

11. As further documented below and in the attached exhibits, English-language notices were published in the U.S. edition of the *New York Times* on April 26, 2022; May 3, 2022; May 10, 2022; and May 17, 2022. Arabic-language notices were published in *Al-Quds Al-Arabi* on April 28, 2022; May 4, 2022; May 11, 2022; and May 18, 2022. English-language notices were published in the international edition of the *New York Times* on April 28, 2022; May 5, 2022; May 12, 2022; and May 19, 2022.

12. Attached hereto as **Exhibit D** is a true and correct copy of an affidavit from the *New York Times* concerning the April 26, 2022 publication of the Havlish and Doe Creditors' notice in the U.S. edition of the *New York Times*. Attached hereto as **Exhibit E** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

13. Attached hereto as **Exhibit F** is a true and correct copy of an affidavit from the *New York Times* concerning the April 28, 2022 publication of the Havlish and Doe Creditors' notice in the international edition of the *New York Times*. Attached hereto as **Exhibit G** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

14. Attached hereto as **Exhibit H** is a true and correct copy of an affidavit from the *New York Times* concerning the May 3, 2022 publication of the Havlish and Doe Creditors' notice in the U.S. edition of the *New York Times*. Attached hereto as **Exhibit I** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

15. Attached hereto as **Exhibit J** is a true and correct copy of an affidavit from the *New York Times* concerning the May 5, 2022 publication of the Havlish and Doe Creditors' notice in the international edition of the *New York Times*. Attached hereto as **Exhibit K** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

16. Attached hereto as **Exhibit L** is a true and correct copy of an affidavit from the *New York Times* concerning the May 10, 2022 publication of the Havlish and Doe Creditors' notice in the U.S. edition of the *New York Times*. Attached hereto as **Exhibit M** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

17. Attached hereto as **Exhibit N** is a true and correct copy of an affidavit from the *New York Times* concerning the May 12, 2022 publication of the Havlish and Doe Creditors' notice in the international edition of the *New York Times*. Attached hereto as **Exhibit O** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

18. Attached hereto as **Exhibit P** is a true and correct copy of an affidavit from the *New York Times* concerning the May 17, 2022 publication of the Havlish and Doe Creditors' notice in the U.S. edition of the *New York Times*. Attached hereto as **Exhibit Q** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

19. Attached hereto as **Exhibit R** is a true and correct copy of an affidavit from the *New York Times* concerning the May 19, 2022 publication of the Havlish and Doe Creditors' notice in the international edition of the *New York Times*. Attached hereto as **Exhibit S** is a true and correct copy of a tearsheet showing the placement of the notice in the newspaper.

20. Attached hereto as **Exhibit T** is a true and correct copy of a declaration from Pat Sundram, the business manager of *Al-Quds Al-Arabi*, certifying that the Havlish and Doe Creditors' notice was published in that newspaper on April 28, 2022; May 4, 2022; May 11, 2022; and May 18, 2022. The declaration also includes true and correct copies of pages from *Al-Quds Al-Arabi* on those dates, each of which contains the published notice.

| | |
|---|---|
| Dated: May 31, 2022<br>New York, NY | /s/ *Benjamin D. Alter*<br>Benjamin D. Alter<br>JENNER & BLOCK LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>(212) 407-1755<br><br>/s/ *Orlando do Campo*<br>Orlando do Campo<br>DO CAMPO & THORNTON, P.A.<br>150 S.E. 2nd Avenue, Ste. 602<br>Miami, FL 33131<br>(305) 358-6600 |