# SHER TREMONTE LLP

May 31, 2022

**BY ECF**

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*,
       Case No. 03-md-1570 (GBD)(SN)

Dear Judge Daniels and Judge Netburn:

We write on behalf of the *Ashton* Plaintiffs, the estates of 842 victims killed in the 9/11 Terror Attacks and their family members, in brief response to various recent developments in this action: (1) the *Owens* Plaintiffs' Limited Motion to Intervene in the turnover proceedings before this Court (ECF 8020); (2) the letter of counsel for the Federal Reserve Bank of New York ("FRBNY") regarding the turnover motion filed in a separate action before Judge Kaplan, *Smith v. Taliban et al.*, 01-cv-10132 (LAK) (ECF 8040), now the *third* court in this district to be considering competing claims to the Da Afghanistan Bank ("DAB") assets; and (3) the memorandum of law filed by the *Federal Insurance* Plaintiffs in response to *Owens* Plaintiffs' Limited Motion to Intervene (ECF 8056). Specifically, we write to note that the *Ashton* Plaintiffs do not object to intervention by the *Owens* Plaintiffs, but we request again that this Court take unified control over the disposition of the DAB Assets – including the claims of the *Smith* Plaintiffs – in order to achieve an equitable distribution.

As this MDL Court is aware, the *Owens* Plaintiffs secured a prejudgment attachment in a separate proceeding that encumbers more than $1.3 billion of the DAB Assets. *Owens v. Taliban*, 22-cv-1949 (S.D.N.Y.) (VEC) (ECF 38). Through their Limited Motion to Intervene, the *Owens* Plaintiffs propose to insert themselves in this MDL but solely for the purpose of confirming what they view as their priority to the attached DAB Assets and in order to oppose the turnover of the attached funds to the *Federal Insurance* Plaintiffs on that basis. Indeed, the *Owens* Plaintiffs' motion makes clear their position that

their claim to the DAB Assets is not subject to the authority of this Court, but rather may only be adjudicated in the separate action before Judge Caproni and argues that their priority over the *Federal Insurance* Plaintiffs (and all other 9/11 families further back in line) is "indisputable" under New York law (ECF 8020, at 2). The *Federal Insurance* Plaintiffs respond that this Court has jurisdiction under the CPLR and should vacate the *Owens* Plaintiffs' prejudgment attachment, leaving the *Federal Insurance Plaintiffs* next in line after the *Havlish* and *Doe* Plaintiffs (ECF 8056, at 8-10). At the same time, the FRBNY letter underscores that the DAB Assets are subject to additional turnover motions in the *Smith* action, over which this Court also does not presently have jurisdiction, and that the FRBNY is confronting multiple conflicting and overlapping claims to distribution of the DAB Assets (ECF 8040 at 1-2).

The competing claims of priority among the *Owens*, *Smith*, *Havlish*, *Doe*, and *Federal Insurance* Plaintiffs thus highlight the critical importance of a unitary disposition of all claims against the DAB Assets. That can be done equitably only if there is unified control over the disposition of the corpus. Otherwise, as the competing interests identified in the *Owens* Plaintiffs' intervention motion and the *Federal Insurance* Plaintiffs' response make clear, there is no avoiding an unseemly race to perfect outsized claims through piecemeal turnover proceedings. Equity will neither be achieved by such a "first come, first served" race to priority, as this Court recognized at the April 26, 2022 conference, Apr. 26, 2022 Conf. Tr. at 7, nor by leaving victims of Taliban-sponsored terrorism who are not part of the MDL, such as the *Owens* and *Smith* Plaintiffs, out of the distribution altogether, as the *Federal Insurance* Plaintiffs urge.

The *Ashton* Plaintiffs have consistently maintained that fairness requires that one court adjudicate all claims concerning the distribution of the DAB Assets. That is why the Wodensheks filed their *in rem* class action complaint – to bring all claimants under the jurisdiction of one court. As explained at the April 26, 2022 conference, such an *in rem* proceeding would confer no special benefit on the named class plaintiff nor on the class counsel. *Id.* at 25. Rather, it would be a vehicle through which this Court could take jurisdiction over the DAB assets themselves and then decide *all* legal matters – both the threshold question of the availability of those funds to satisfy judgments against the Taliban as well as questions of payment methodology – without being bound by New York State priority laws. *Id.* As the Court knows, we have filed notices of appeal of the Court's orders dismissing the class action, but if the Court were willing to entertain revisiting that decision (which it would have jurisdiction to do on an indicative basis pursuant to FRAP 12.1), we would withdraw the appeals and file an amended Rule 23(b)(1)(B) class action complaint, which would include allegations concerning the *Smith* Plaintiffs.

In sum, the *Ashton* Plaintiff have no objection to – and indeed welcome – the intervention of the *Owens* Plaintiffs (and any other terrorism victims with claims against

the Taliban) in this action and this Court's unitary disposition of all claims against the funds.

Respectfully submitted,

| KREINDLER & KREINDLER LLP | SHER TREMONTE LLP |
| --- | --- |
| */s/ Megan Benett* | */s/ Theresa Trzaskoma* |
| Megan Benett | Theresa Trzaskoma |

cc: All counsel (via ECF)