**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) 03 MDL 1570 (GBD)(SN) <br> ) <br> ) <br> ) <br> ) |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO ADD ADDITIONAL PLAINTIFFS AGAINST THE TALIBAN**

Jerry S. Goldman, Esq.
Hon. Ethan Greenberg (ret.)
Bruce Strong, Esq.
Alexander Greene, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

*Attorneys for Plaintiffs*

docs-100494513.3

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

I.      THE COURT SHOULD PERMIT AMENDMENT TO INCLUDE
        ADDITIONAL PLAINTIFFS UNDER RULES 15 AND 21, AS PREVIOUSLY
        PERMITTED IN CASE MANAGEMENT ORDER #2 AND AS PREVIOUSLY
        PERMITTED FOR 3000+ PLAINTIFFS LAST MONTH. ............................................. 5

        (A)     Additional Plaintiffs Satisfy Rule 15(a). ............................................. 6

        (B)     Additional Plaintiffs Satisfy Rule 15(d). ............................................. 9

        (C)     Additional Plaintiffs Satisfy Rule 21. ................................................. 10

        (D)     While Additional Plaintiffs Need Not Satisfy the More Exacting Rule 16(b)
                "Good Cause" Standard to Be Added as Parties Against the Taliban, They
                Nevertheless Satisfy this Standard as Well. ........................................ 11

II.     CONCLUSION ............................................................................................................. 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaya v. Garden City Irrigation, Inc.*,
   No. 03 CV 2814 FB/RML, 2008 WL 2940529 (E.D.N.Y. July 28, 2008)...............................7

*Andujar v. Rogowski*,
   113 F.R.D. 151 (S.D.N.Y. 1986) ........................................................................................7

*Arab Afr. Int'l Bank v. Epstein*,
   10 F. 3d 168 (3d Cir. 1993).................................................................................................6

*In re Arred Elec'l Contracting Corp.*,
   106 B.R. 353 (Bankr. S.D.N.Y. Sept. 22, 1989)................................................................9

*Bartels v. Inc. Vill. of Lloyd Harbor*,
   No. 10-CV-5076 ADS GRB, 2012 WL 2576142 (E.D.N.Y. July 2, 2012)...........................5

*BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*,
   No. 14CIV10067KPFSN, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017).............................11

*Beckett v. Inc. Vill. of Freeport*,
   No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557 (E.D.N.Y. Mar. 31,
   2014))...............................................................................................................................11

*Block v. First Blood Assocs.*,
   988 F. 2d 344 (2d Cir. 1993)...............................................................................................8

*Buari v. City of New York*,
   530 F. Supp. 3d 356 (S.D.N.Y. 2021)..................................................................................6

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
   282 F.3d 83 (2d Cir. 2002)..................................................................................................6

*duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*,
   73 F.R.D. 313 (S.D.N.Y. 1976) ..........................................................................................8

*Fair Hous. Dev. Fund Corp. v. Burke*,
   55 F.R.D. 414 (E.D.N.Y. 1972) .....................................................................................5, 10

*Floyd v. City of New York*,
   770 F.3d 1051 (2d Cir. 2014)...............................................................................................4

*Forbes & Wallace, Inc. v. Chase Manhattan Bank*,
   79 F.R.D. 563 (S.D.N.Y. 1978) .........................................................................................10

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*Gonzalez v. Hasty*,
651 F.3d 318 (2d Cir. 2011)...................................................................................7

*Jackson v. Odenat*,
No. 09 Civ 5583, 2012 WL 505551 (S.D.N.Y. Feb. 14, 2012) ...............................9

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir.2007)...................................................................................12

*Ke v. 85 Fourth Ave. Inc.*,
No. 07 CIV. 6897, 2009 WL 185949 (S.D.N.Y. Jan. 22, 2009)...............................5

*Kotler v. Bosco*,
No. 917CV0394GTSML, 2019 WL 12291097 (N.D.N.Y. Nov. 4, 2019) .........9, 10

*McClean v. Scully*,
No. 90 Civ. 2590, 1991 WL 274327 (S.D.N.Y. Dec. 9, 1991)................................9

*McGee v. Doe*,
568 Fed. Appx. 32 (2d Cir. 2014) ...........................................................................8

*Milanese v. Rusto-Leum Group*,
244 F.3d 104 (2d Cir. 2001)....................................................................................6

*In re NAHC, Inc. Sec. Lit.*,
306 F. 3d 1314 (3d Cir. 2002).................................................................................6

*New York State Nat'l Org. for Women v. Cuomo*,
182 F.R.D. 30 (S.D.N.Y. 1998) .............................................................................10

*Parker v. Columbia Pictures Indus.*,
204 F.3d 326 (2d Cir. 2000)..................................................................................11

*Pasternack v. Shrader*,
863 F.3d 162 (2d Cir. 2017)....................................................................................8

*Salomon v. Adderley Indus., Inc.*,
960 F. Supp. 2d 502 (S.D.N.Y. 2013)....................................................................12

*Voilas v. Gen. Motors Corp.*,
173 F.R.D. 389 (D.N.J. 1997)..................................................................................6

*Watson v. Wright*,
No. 08 Civ. 960 (A)(M), 2011 WL 1118608 (W.D.N.Y. Jan. 11, 2011) .........11, 12

**TABLE OF AUTHORITIES**
*(continued)*

<b>Page(s)</b>

**Other Authorities**

Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 § 1522.2 (3d ed.) ...................................................................................................................12

Supplemental Pleadings—Adding New Parties, 6A Fed. Prac. & Proc. Civ. § 1507 (3d ed.) .........................................................................................................5

Case Management Order #2 .......................................................................... *passim*

CPLR 203(f) .........................................................................................................7

6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) .............................................................6

7 Fed. Prac. & Proc. Civ. § 1688 (3d ed.) .............................................................8

7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.) ..........................................................3

Fed. R. Civ. P. 8 ...................................................................................................7

Fed. R. Civ. P. 15 ........................................................................................ *passim*

Fed. R. Civ. P. 16 ....................................................................................11, 12, 13

Fed. R. Civ. P. 21 ........................................................................................ *passim*

6A Wright & Miller, Federal Practice & Procedure § 1504 (3d ed. Supp. 2011) ....................5, 9

docs-100494513.3

## PRELIMINARY STATEMENT

On August 20, 2003, the Estate of John P. O'Neill, Sr. and various members of his family (collectively, the "O'Neill Plaintiffs") commenced this action against the Taliban and others. Mr. O'Neill, a retired Special-Agent-in-Charge of the National Security Division in the New York Field Office and then Chief of Security for the World Trade Center ("WTC"), was killed on September 11, 2001 while helping evacuate the WTC after it was deliberately attacked by terrorists. The O'Neill Plaintiffs allege that the Taliban and others provided material support to the terrorists who carried out the coordinated attacks of September 11, 2001 that killed thousands of people in Arlington, Virginia; in Shanksville, Pennsylvania; and in New York City, including John P. O'Neill, Sr.

The O'Neill Plaintiffs served an amended complaint on the Taliban in accordance with this Court's prior Orders. *See* Affidavit in Support of Entry of Default Judgment Solely as to Liability Against the Publication Defendants, filed September 21, 2015, ¶¶ 5-10, Exs. 1-4, ECF No. 3043. The Taliban failed to appear and the O'Neill Plaintiffs obtained a default judgment as to liability against the Taliban. ECF Nos. 3067, 3163, 3043-1. At that time, the Taliban had no collectible assets. But this may change shortly. Accordingly, on February 11, 2022, undersigned counsel previously sought to add approximately 3,000 plaintiffs to the above-referenced default case. ECF No. 7654. On April 18, 2022, while the prior Motion to Add Parties was pending, undersigned counsel filed a letter indicating that Anderson Kill P.C. intended to cease accepting new clients as to the Taliban at the end of the spring. ECF No. 7876. On May 4, 2022, this Court granted the motion to add parties. ECF No. 7949. Pursuant to that Order, on May 13, 2022, undersigned counsel added over 3,000 additional plaintiffs to the case against the Taliban. ECF No. 8017. Since that time, approximately seventy-one (71) clients have engaged Anderson Kill P.C. to represent them in the 9/11 litigations. *See* Declaration of Jerry S. Goldman, Esq., dated

June 14, 2022 ("Goldman Declaration") at ¶¶ 2-3. Through this Motion undersigned counsel seeks to add these additional clients as plaintiffs solely against the Taliban.[1] The Court should allow additional plaintiffs to pursue claims and obtain similar judgments against the Taliban for facilitating the September 11, 2001 Attacks.

All approximately seventy-one (71) additional plaintiffs are identified individually in the accompanying Appendix 1 starting at number 3,017 ("Additional Plaintiffs").[2] *See* Goldman Declaration at Exhibit A, Appendix 1. They are victims of the September 11th Attacks who have not previously sued the Taliban. Additional Plaintiffs are all spouses, children, parents, siblings, or their estate representatives, or estate representatives of those killed in the September 11th Attacks. The complaint would remain the same in all respects but for the identity of the Additional Plaintiffs against the Taliban.

Additional Plaintiffs, Plaintiffs added pursuant to the Court's May 4, 2022 Order (ECF No. 7949), and the O'Neill Plaintiffs (collectively, "Plaintiffs") move pursuant to Fed. R. Civ. P. Rules 15 and 21 and in accordance with Case Management Order #2, ¶ 12, for leave to include Additional Plaintiffs as parties.

To ensure both fairness and judicial economy, Plaintiffs further request that the Court grant the Motion on the condition that all parties be bound by all prior rulings made in this case, including the Court's prior order on service by publication, ECF Nos. 445, 488, and also request

---

[1] Anderson Kill P.C. intends to cease accepting new 9/11 clients at the end of the spring and does not intend to file another motion to add additional new plaintiffs into suit against the Taliban (but reserves the right to substitute parties as needed). *See* Goldman Declaration at ¶ 4.

[2] Additional Plaintiffs do not seek to be added as parties against the Islamic Republic of Iran ("Iran"). Additional Plaintiffs also do not seek to be added as named plaintiffs against other defendants in the case at this time. (Additional Plaintiffs are using the Court's short-form procedure for filing new claims against Iran.)

that the Court allow Case Management Order #2, ECF No. 247, ¶ 12 to apply to Additional Plaintiffs.

In prior motion practice before this Court, there was some confusion about whether Rule 15(a) or Rule 15(d) applied when updating a complaint. And because this Motion seeks only to add parties, there is additional tension between Rule 15 and Rule 21. To be clear, Plaintiffs desire to add parties without otherwise affecting any prior service, order, or judgment entered in the case, and the Court has previously endorsed such an approach on multiple occasions in Case Management Order #2 and in the short form orders applicable to Iran, the Kingdom of Saudi Arabia, and Sudan. *See* ECF No. 247, ¶ 12 (authorizing adding parties as supplemental pleadings without leave of the court and without requiring additional service on defendants); ¶ 13 (authorizing plaintiffs to file more definite statements or additional allegations against defendants in lieu of filing an additional amended complaint) and ¶ 14 (authorizing Federal Insurance to file a RICO statement incorporated by reference into earlier complaint); ECF No. 5234 at 7, 26, 31 (authorizing short forms for addition of new claims against Saudi Arabia and Iran, and specifically providing that "[t]he amendment effected through this Notice to Conform supplements by incorporation into, but does not displace, Plaintiffs' underlying Complaint" . . . "[t]he amendment effected through this Notice of Amendment supplements by incorporation into, but does not displace, the underlying Complaint"); *see also* ECF No. 6547 (Sudan). The Court has the authority to impose such a condition, *see* 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.), and such a condition will prevent relitigation of legal issues long since decided by this Court.

The procedural devices of adding parties either through Rule 15 and 21 should be granted "when justice so requires," "on just terms," and are designed to balance the "efficient[]

administrat[ion] [of] legal disputes by resolving all related [matters] in one lawsuit" with the need to ensure that the lawsuit does not become "unnecessarily complex, unwieldy or prolonged." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)). Here, the most practical and equitable means for Additional Plaintiffs to pursue their claims is for this Court to grant their Motion to be added to an existing case with the condition that all parties will be bound by all prior rulings in this case, as the Court previously recognized in issuing Case Management Order #2.

Adding parties now will not unduly delay or prejudice the Taliban's rights as it has already defaulted. The Taliban already has had judgments entered against it. The Taliban already knows that its heinous acts affected tens of thousands of people still waiting for justice. If the Taliban eventually appears, it is difficult to identify any prejudice the terrorist group would suffer since it defaulted, and Additional Plaintiffs have not delayed. Rather it is the Taliban that has delayed by ignoring this case for decades.

If this Court denies the Motion, then Additional Plaintiffs would be left with only two alternatives. They could simply surrender their claims against the Taliban for the wrongful death of their loved ones. Or they could start over and bring approximately seventy-one (71) new claims against the Taliban in the form of new complaints.

The former course of action would result in an obvious and terrible injustice. The latter would be a massive waste of time, effort, and legal resources and would subject Additional Plaintiffs to potential additional defenses not otherwise available to the Taliban. This mass tort case calls out for collective adjudication so that Additional Plaintiffs can economically litigate their claims.

4

I.     **THE COURT SHOULD PERMIT AMENDMENT TO INCLUDE ADDITIONAL PLAINTIFFS UNDER RULES 15 AND 21, AS PREVIOUSLY PERMITTED IN CASE MANAGEMENT ORDER #2 AND AS PREVIOUSLY PERMITTED FOR 3000+ PLAINTIFFS LAST MONTH.**

Additional Plaintiffs move under Rule 15(a) or (d) to amend or supplement the *O'Neill* Complaint to be included as additional parties. *See Bartels v. Inc. Vill. of Lloyd Harbor*, No. 10-CV-5076 ADS GRB, 2012 WL 2576142, at *5 (E.D.N.Y. July 2, 2012); *see also* 6A Wright & Miller, Federal Practice & Procedure § 1504 (3d ed. Supp.2011) ("Litigants also have been allowed to supplement their original pleadings to include new parties when events make it necessary to do so."); Case Management Order #2, ECF No. 247, ¶ 12; § 1474 Types of Amendments Permitted Under Rule 15(a), 6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) (collecting cases). Rule 15(a)(2) provides in relevant part: "[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Rule 15(d) in turn provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading" which includes adding additional plaintiffs, under applicable case law. § 1507 Supplemental Pleadings—Adding New Parties, 6A Fed. Prac. & Proc. Civ. § 1507 (3d ed.); Case Management Order #2, ECF No. 247, ¶ 12; *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 422 (E.D.N.Y. 1972). Rule 21 adds that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "The general standard" to add parties under Rule 21 "is the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Burke*, 55 F.R.D. at 419; *Ke v. 85 Fourth Ave. Inc.*, No. 07 CIV. 6897, 2009 WL 185949, at *3 (S.D.N.Y. Jan. 22, 2009) (granting motion to add parties). Indeed, this Court previously encouraged plaintiffs to use Rule 15(d) to add parties without the need to re-serve defendants. *See* ECF No. 247, ¶ 12. And as discussed below, Additional Plaintiffs satisfy the applicable legal standard under 15(a), 15(d), and 21. Additional Plaintiffs accordingly request the Court utilize

5

the rule it deems most appropriate, including reinstating a limited version of Case Management Order #2 (paragraph 12) to facilitate adding parties against the Taliban without affecting any prior service, orders, or judgments entered in the case.

(A)     Additional Plaintiffs Satisfy Rule 15(a).

"A party may make a Rule 15(a) amendment to add…parties to the action." 6 Fed. Prac. & Proc. Civ. § 1474 and n.22 (3d ed.) (collecting authorities). Leave to amend is a matter committed to the sound discretion of the District Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F. 3d 168, 174 (3d Cir. 1993). However, the District Court must exercise such discretion consistent with Rule 15(a)'s mandate that "amendments are to be granted freely in the interests of justice." *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 395-96 (D.N.J. 1997). Ordinarily, a District Court must therefore grant amendment absent "futility," "unfair prejudice," "undue delay," "dilatory motive," or "bad faith." *Milanese v. Rusto-Leum Group*, 244 F.3d 104, 110 (2d Cir. 2001). None of these grounds apply.

Additional Plaintiffs' "amendment" is not futile. An amendment is "futile" if the "complaint, as amended, would fail to state a claim upon which relief could be granted." *In re NAHC, Inc. Sec. Lit.*, 306 F. 3d 1314, 1322 (3d Cir. 2002). Here, the Complaint unequivocally states cognizable claims against the Taliban. *See* ECF No. 1568, ¶¶ 38, 41, 63, 95-96, 138, 167-171, 201, 215, 219, 221-278 (describing the Taliban's extensive role in the September 11, 2001 Attacks and resulting harm). These allegations have not been challenged and must be taken as true. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (accepting factual allegations in initial and proposed amended complaints as true in motion to amend); *Buari v. City of New York*, 530 F. Supp. 3d 356, 410 (S.D.N.Y. 2021) (same). Further, the Taliban has already defaulted as to the O'Neill Plaintiffs and thousands of other plaintiffs in

6

sister MDL cases, and the Court has already found for liability against the Taliban. ECF Nos.

3067, 3163, 3043-1. Additional Plaintiffs' claims are plainly not futile.

Their claims are also timely under relation back principles. *See Andujar v. Rogowski*, 113

F.R.D. 151 (S.D.N.Y. 1986) (if a defendant knows the number of plaintiffs injured, claims raised

by new plaintiffs relate back to a previously filed claim by another plaintiff); *Amaya v. Garden

City Irrigation, Inc.*, No. 03 CV 2814 FB/RML, 2008 WL 2940529 (E.D.N.Y. July 28, 2008)

(same). Here, the Taliban was aware, or should have been aware, that Additional Plaintiffs could

bring claims arising out of the September 11th Attacks against it. The *O'Neill* Complaint

describes the thousands killed or seriously impacted in the Attacks. *See, e.g.*, ECF No. 1568, ¶¶

1-8, 63, 212. Thousands of plaintiffs filed suit against the Taliban in the early 2000s. The Taliban

knows of its massive potential exposure. Under applicable precedent, Additional Plaintiffs can

therefore bring claims against the Taliban that relate back to the original filings.

But even if Rule 15 relation back principles did not apply, the Taliban would still need to

assert the statute of limitations as an affirmative defense, and it has the burden of proof. *See* Rule

8(c); *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). They would also have to explain why

the statutes of limitations are not otherwise tolled due to pending criminal cases (i.e., the ongoing

criminal proceedings in Guantanamo Bay and the prior criminal proceedings against Zacarias

Moussaoui), the disappearance and/or death of defendants, newly discovered evidence, on

account of infancy (for certain Additional Plaintiffs), and due to other applicable tolling

principles that "allow[] relation back." *See* Rule 15(c)(1)(A). New York law, for example, allows

for relation back "unless the original pleading does not give notice of the transactions,

occurrences, or series of transactions or occurrences, to be proved pursuant to the amended

pleading." *See* CPLR 203(f). Even if the Taliban appeared *and* asserted a statute of limitations

defense, *and* relation back principles did not apply, it *still* could not meet its burden of proof because the claims are timely.

The Taliban will also suffer no prejudice. "[P]rejudice" in this context arises when the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute…" *Block v. First Blood Assocs.*, 988 F. 2d 344, 350 (2d Cir. 1993). However, delay (and its necessary consequence litigation expense), without more, does not constitute prejudice. *Block*, 988 F.2d at 350-51; *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). To the contrary, time, effort, and money expended in litigation do not, as a general matter, constitute prejudice that would justify denial of leave to amend. *McGee v. Doe*, 568 Fed. Appx. 32, 40 (2d Cir. 2014). The Taliban will plainly <u>not</u> be prejudiced by the proposed amendment. It has defaulted thousands of times against thousands of plaintiffs in multiple cases in this MDL, including this one. It has not expended any resources defending itself. The addition of new parties would not result in it expending additional resources either. The only "delay" or expenditure of resources would occur if the Taliban subsequently appears. In that case, the delay and expenditures would not be prejudicial or undue and would not be a result of this Motion. It would just be a belated attempt by the Taliban to defend itself generally in this MDL.

In sum, Additional Plaintiffs satisfy the liberal standards for amendment provided by Rule 15(a). The Court should therefore grant leave to amend to include the Additional Plaintiffs as parties to the *O'Neill* action.

The Court also has the authority to grant an amendment that adds or drops parties with conditions imposed. *See* Fed. R. Civ. P. 21 ("…the court may at any time, <u>on just terms</u>, add or drop a party.") (emphasis added); 7 Fed. Prac. & Proc. Civ. § 1688 and n.19 (3d ed.); *duPont*

*Glore Forgan, Inc. v. Arnold Bernhard & Co.*, 73 F.R.D. 313, 314 (S.D.N.Y. 1976) (collecting authorities for proposition that amendment under Rules 15 and 21 to add or drop parties may be made subject to conditions). Given the stated goal of adding parties without affecting any prior service, order or judgment entered in the case, Additional Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable subpart that accomplishes this goal and extends Case Management Order #2, ECF No. 247, ¶ 12 to apply to the plaintiffs added through this Motion against the Taliban.

  (B)  Additional Plaintiffs Satisfy Rule 15(d).

  As discussed above, the Court can authorize that additional parties be added under Rule 15(d), and this Court has done so previously without requiring new service. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019) ("Courts in the Second Circuit routinely permit the addition of parties through the filing of a supplemental pleading pursuant to Civil Rule 15(d)."); *Jackson v. Odenat*, No. 09 Civ. 5583, 2012 WL 505551, at *3 (S.D.N.Y. Feb. 14, 2012); *McClean v. Scully*, No. 90 Civ. 2590, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (recognizing that relief under Civil Rule 15(d) "may include the addition of new defendants and new claims, if adequately related to the originally stated claims"); ECF No 247, ¶ 12. Courts often blur the distinction between an amendment and a supplement. 6A C. Wright and A. Miller, Federal Practice and Procedure § 1504 (3d ed.) ("Parties and courts occasionally confuse pleadings and mislabeling is common. However, these misnomers are not of any significance . . . . the court's' inattention to the formal distinction between amendment and supplementation is of no consequence."); *see In re Arred Elec'l Contracting Corp.*, 106 B.R. 353, 358-59 (Bankr. S.D.N.Y. Sept. 22, 1989) (treating motion to amend as a motion to amend or supplement). The standard for filing a supplemental complaint is the same as filing an amendment. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL

12291097, at *5 (N.D.N.Y. Nov. 4, 2019) ("Rule 15(d) motions are evaluated under the same liberal standards used to evaluate motions to amend pleadings under Rule 15(a)."); *New York State Nat'l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y. 1998); *Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 565 (S.D.N.Y. 1978).

For the same reasons discussed *supra* pp. 4-9, Additional Plaintiffs satisfy the Rule 15(d) standard for supplementation. And given the goal of adding parties without otherwise affecting any prior service, orders, or judgments entered in the case, Additional Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable subpart that accomplishes this goal. The Court has previously created such a framework applicable to the Kingdom of Saudi Arabia, Sudan, and Iran, *see* ECF Nos. 5234 & 6547 and could do so here by extending Case Management Order #2, ECF No. 247, ¶ 12 to apply to the plaintiffs added through this Motion against the Taliban.

(C)     Additional Plaintiffs Satisfy Rule 21.

Just like the Court can rely on Rule 15(a) or 15(d) to add parties, the Court can also rely on Rule 21. *See* Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."). The standard for adding a party under Rule 21 is similar if not identical to Rule 15. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019)("Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15."); *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). For the reasons discussed above, the Court should add Additional Plaintiffs as parties against the Taliban.[3]

---

[3] In the prior February 11, 2022 Motion to Add Parties Against the Taliban, ECF No. 7654, Plaintiffs sought to intervene in the alternative. On May 4, 2022, the Court granted Plaintiffs' Motion to Add Parties by amendment, rendering the request to intervene moot. Accordingly, given the Court's prior preference to add plaintiffs by amendment and not through intervention, plaintiffs have sought to be

(D)     While Additional Plaintiffs Need Not Satisfy the More Exacting Rule 16(b) "Good Cause" Standard to Be Added as Parties Against the Taliban, They Nevertheless Satisfy this Standard as Well.

Where a district court has set a deadline for amending pleadings, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline[.]" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). However, a party need not show good cause when no deadline has been set or when a party does not seek to modify that deadline. *See BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CIV10067KPFSN, 2017 WL 3610511, at *14 n.7 (S.D.N.Y. Aug. 21, 2017) ("it is not clear to the Court that [plaintiff] is required to show "good cause" under Federal Rule of Civil Procedure 16(b)(4) "since this latter provision pertains solely to motions to *amend*—not motions to *supplement* pleadings." *Beckett v. Inc. Vill. of Freeport*, No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014)") (emphases in original); *Watson v. Wright*, No. 08 Civ. 960 (A)(M), 2011 WL 1118608, at *5 (W.D.N.Y. Jan. 11, 2011) ("Unlike motions to amend ...Rule 16's plain language does not require courts to set a deadline for filing a motion to supplement and the parties in this case did not set such a deadline in their Scheduling Order."), *adopted by* 2011 WL 1099981 (W.D.N.Y. Mar 24, 2011). Further, the good cause standard connotes "flexibility" in allowing relief from a scheduling order. The Advisory Committee states that this "liberal standard" was "included in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of a fear that an extension

---

added by amendment here. Should the Court wish to add plaintiffs by intervention, the prior memo of law, ECF No. 7657, at pp. 13-20, contains the requisite analysis.

11

would be impossible." *See* § 1522.2 Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. §

1522.2 (3d ed.); *see also* Advisory Committee's Note to the 1983 amendments to Rule 16.

Here, Additional Plaintiffs do not seek to depart from an existing scheduling order, so the

"good cause" standard should not apply. Case Management Order #2 states that joinder of

additional parties must be accomplished by December 31, 2004 using Rule 15(d), *without leave*

*of the Court*. The Order never set a deadline to file supplemental pleadings or to file a motion to

add parties. Rather, Case Management Order #2 provided a method of adding parties using Rule

15(d) *without leave of the Court* up until a certain date. Similarly, the Order sets a deadline to

amend pleadings under Rule 15(a) *without leave of the Court*, simply noting that Court approval

would be required after July 31, 2005 (which was later extended to September 30, 2005). *See*

ECF No. 247, ¶¶ 12-13. Accordingly, Additional Plaintiffs need not satisfy the "good cause"

16(b) standard to modify a scheduling order to be added as parties under Rule 15(a), (d), or Rule

21. *See Beckett*, 2014 WL 1330557, at *6; *Watson*, 2011 WL 1118608, at *5. Notwithstanding

the forgoing, Additional Plaintiffs satisfy the "good cause" standard.

The "good cause" standard generally hinges on the diligence of the party seeking to be

added and the prejudice it would cause the non-moving party, along with any other pertinent

factor. *See Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (good

cause standard met to amend complaint); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229,

243–44 (2d Cir.2007). Additional Plaintiffs satisfy the good cause standard here for myriad

reasons, including: (1) the Taliban had no collectible assets in 2004 so there was no point in

adding parties to the case against the Taliban (diligence), (2) Additional Plaintiffs moved quickly

to join the case against the Taliban once it became possible that the Taliban could obtain

collectible assets (diligence), (3) Additional Plaintiffs had not retained counsel for this litigation

when the time limits in Case Management Order #2 passed and cannot be bound by a scheduling

order entered in a case to which they were not yet a party (impossible to comply with scheduling

order), (4) the Taliban defaulted in the case so the time limits in Case Management Order #2

were not relied on or followed by the Taliban in formulating a defense (diligence when

compared to the Taliban and no prejudice to Taliban), (5) the Court has previously endorsed such

amendments/supplementations to add parties even after the time limits set forth in Case

Management Order #2 against other defendants in this MDL, including the Kingdom of Saudi

Arabia, Sudan, and especially as to Iran, which has also defaulted (no prejudice and diligence),

(6) Additional Plaintiffs do not seek to add new allegations or causes of action against the

Taliban, they just seek to join an existing lawsuit with identical allegations (no prejudice), and

(7) Additional Plaintiffs could file new lawsuits against the Taliban but at considerably higher

costs and subject to potential additional procedural defenses should the Taliban appear (no

prejudice).

Point five in particular should resonate. As to Iran, another defaulted defendant in the

above-captioned case and in the MDL, the Court has already allowed counsel to add plaintiffs

notwithstanding earlier Case Management Orders. The Court should similarly allow Additional

Plaintiffs to be added to this case to pursue their claims against the Taliban.

For these reasons, Additional Plaintiffs satisfy the good cause standard under Rule 16(b),

if it even applies.

## II.  CONCLUSION

For the reasons stated herein, this Court should grant this Motion to Add Additional

Plaintiffs Against the Taliban without otherwise affecting any prior service, order or judgment

entered in the case. Plaintiffs further request that the Motion to Add Additional Plaintiffs be

granted on the condition that all parties be bound by all prior rulings made in this action to the

same extent and in the same manner as the existing parties are currently bound. In particular,

Additional Plaintiffs request that the Court allow service on the Taliban by publication and

extend Case Management Order #2, ¶ 12, to apply to all Additional Plaintiffs.[4]

Dated:   New York, New York
         June 14, 2022

                                          ANDERSON KILL P.C.

                                          By:   /s/ Jerry S. Goldman
                                                Jerry S. Goldman, Esq.
                                                Hon. Ethan Greenberg (ret.)
                                                Bruce Strong, Esq.
                                                Alexander Greene, Esq.
                                                1251 Avenue of the Americas
                                                New York, NY 10020
                                                Tel: 212-279-1000
                                                Fax: 212-278-1733
                                                Email: jgoldman@andersonkill.com
                                                      egreenberg@andersonkill.com
                                                      bstrong@andersonkill.com
                                                      agreene@andersonkill.com

                                                *Attorneys for Plaintiffs*

---

[4] The proposed Second Amended First Consolidated Complaint is attached as Exhibit A to the Goldman Declaration.

docs-100494513.3