# EXHIBIT 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ) <br> ) <br> ) <br> ) <br> ) 03 MDL 1570 (GBD)(SN) <br> ) ECF Case <br> ) <br> ) <br> ) |

This document relates to:
*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Thomas Burnett, Sr., at al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.*, Case No. 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, Case No. 04-cv-07065
*Euro Brokers, Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-07279

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT DUBAI ISLAMIC BANK'S FIRST SET OF REQUESTS FOR ADMISSION

Plaintiffs in all of the above-captioned related actions, by their undersigned attorneys, object and respond pursuant to Rule 36 of the Federal Rules of Civil Procedure, to Defendant Dubai Islamic Bank's ("DIB") First Set of Requests for Admission to Plaintiffs, dated February 21, 2020, as follows:

### GENERAL OBJECTIONS

1. Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify information in the possession, custody, or control of the Defendant, including but not limited to any documents drafted, published, or received by the Defendant. Moreover, until Defendant has provided full disclosure in response to the

Plaintiffs' discovery requests, Plaintiffs are unable to determine what information is in the possession, custody, or control of the Defendant.

2.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify or produce documents or information not within the care, custody or control of the plaintiffs.

3.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify information equally or more readily accessible to the Defendant and/or which is readily obtainable independently from the public domain.

4.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify information protected by the attorney-client privilege, work product protection, any joint prosecution and/or any other applicable privilege, or which were otherwise prepared in anticipation of litigation or preparation for trial that contains information, conclusions, opinions or legal theories of attorneys, or which are otherwise protected from discovery. Plaintiffs and their counsel hereby assert these privileges. In particular, without limiting the generality of the foregoing, information contained in letters, memoranda, and other writings transmitted by or between plaintiffs and their counsel, or information contained in writings prepared and maintained internally by Plaintiffs' counsel, are privileged and will not be produced.

5.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify documents or information that is non-discoverable expert information not required to be disclosed under the Federal Rules of Civil Procedure.

6.     Plaintiffs object to the Defendant's Requests for Admission to the extent they are vague, ambiguous, overly broad, unduly burdensome, do not specify the information sought with sufficient particularity, are not limited to the subject matter of the litigation, seek information in defendant's control, and/or are not relevant to the claims or defenses in this case and are thus creates a burden not proportional to the needs of this case.

7.     Plaintiffs object to the Defendant's Requests for Admission to the extent they purport to characterize plaintiffs' claims, allegations, or contentions in a manner that attempts to mischaracterize or redefine plaintiffs' claims. Plaintiff objects to the identification or production of any information in response to any such Requests for Admission is not intended as nor shall it be deemed to be an admission or representation that plaintiffs concede to Defendant's mischaracterizations or baseless assumptions here.

8.     Irrespective of whether Plaintiff provides information in response to the Requests, Plaintiff further reserves the right to: (i) amend, correct, supplement or clarify the content of this Response in accordance with the Federal Rules; (ii) provide additional responsive information in the future; (iii) object to further discovery in the action; (iv) rely upon any information and documents produced in the action, in any hearing or proceeding, including, without limitation, any hearing, proceeding, or trial in the action; and (v) challenge the authenticity or admissibility in any proceeding, hearing, or trial of any information or documents.

9.     The above-stated General Objections are hereby specifically incorporated into each of the plaintiffs' following responses to discovery requests, whether or not expressly repeated in response to a particular request.

## OBJECTIONS AND RESPONSES

REQUEST NO. 1:

Admit that Plaintiffs do not contend that DIB's customer, Ali Abdul Aziz Ali, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 1:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Ali Abdul Aziz Ali, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 2:

Admit that Plaintiffs do not contend that DIB's customer, Fayez Rashid Ahmed Hassan Al-Qadi, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 2:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Fayez Rashid Ahmed Hassan Al-Qadi, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 3:

Admit that Plaintiffs do not contend that DIB's customer, Khalid Amer Salim Ballayth. was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Khalid Amer Salim Ballayth, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs

reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 4:

Admit that Plaintiffs do not contend that DIB's customer, Seedi Al Madani Al-Ghazi Mustafa Al Tayyib, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Seedi Al Madani Al-Ghazi Mustafa Al Tayyib, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 5:

Admit that Plaintiffs do not contend that DIB's customer, Mamdoh Mahmoud Salim Ahmed, was ever designated by name as the subject of sanctions administered by the U.S.

Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 5:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Mamdoh Mahmoud Salim Ahmed, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that Mamdoh Mahmoud Salim Ahmed, a founding member of al Qaeda responsible for managing terrorist training camps in Afghanistan and Pakistan and undertaking efforts to obtain nuclear weapons for al Qaeda, was arrested by German authorities on September 16, 1998 for his role in the 1998 Embassy bombings with three DIB banking cards in his name. Defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 6:

Admit that Plaintiffs do not contend that DIB's customer, Ahmed Ali Jumale, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Ahmed Ali Jumale, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that Ahmed Ali Jumale was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council on November 9, 2011, for conduct prior to September 11, 2001. Defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 7:

Admit that Plaintiffs do not contend that DIB's customer, Barakaat Bank of Somalia, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Barakaat Bank of Somalia, was designated by that name as the subject of sanctions administered by the U.S. Office

of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that Barakaat Bank of Somalia was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council on November 9, 2011, for conduct prior to September 11, 2001. Defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 8:

Admit that Plaintiffs do not contend that DIB's customer, Al Baraka Exchange LLC, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Al Baraka Exchange LLC, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that Al Baraka Exchange LLC was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council on November 9, 2011, for conduct prior to September 11, 2001. Defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should

further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 9:

Admit that Plaintiffs do not contend that DIB's customer, Ali Saleh Mohammad Kahla Al-Marri, was ever designated by name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, Ali Saleh Mohammad Kahla Al-Marri, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

REQUEST NO. 10:

Admit that Plaintiffs do not contend that DIB's customer, International Islamic Relief Organization, was ever designated by name as the subject of sanctions administered by the U.S.

Office of Foreign Assets Control or the United Nations Security Council prior to September 11, 2001.

**RESPONSE TO REQUEST NO. 10:**

Subject to and without waiver of the General Objections above, Plaintiffs object on the grounds of relevance given that Executive Order 13224 designation program did not exist prior to September 11, 2001. Subject to and without waiver of all objections, Plaintiffs admit that Plaintiffs do not contend that, prior to September 11, 2001, DIB's customer, International Islamic Relief Organization, was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council. Plaintiffs further answer that International Islamic Relief Organization was designated by that name as the subject of sanctions administered by the U.S. Office of Foreign Assets Control or the United Nations Security Council on August 3, 2006 (Philippines branch) for conduct prior to September 11, 2001. Defendant DIB had a duty to "know your customer" at all relevant times. Plaintiffs reserve their right to supplement this response should further information regarding this Request come into their possession and to supplement this answer based on expert or other discovery.

DATED:  March 23, 2020                                   Respectfully Submitted

                                                        MOTLEY RICE LLC

                                                        By: /s/_____
                                                            Jodi Westbrook Flowers
                                                            Donald A. Migliori
                                                            Robert T. Haefele
                                                            MOTLEY RICE LLC
                                                            28 Bridgeside Boulevard
                                                            Mount Pleasant, SC 29465
                                                            Tel.: (843) 216-9184
                                                            Email: jflowers@motleyrice.com
                                                            Email: dmigliori@motleyrice.com

Email: rhaefele@motleyrice.com

*For the MDL 1570 Plaintiffs'
Executive Committee for Personal
Injury and Death Claims*

COZEN O'CONNOR

By: /s/ _____
   Sean P. Carter
   Scott Tarbutton
   COZEN O'CONNOR
   One Liberty Place
   1650 Market Street, Suite 2800
   Philadelphia, Pennsylvania 19103
   Tel.: (215) 665-2105
   Email: scarter1@cozen.com
   Email: starbutton@cozen.com

*For the MDL 1570 Plaintiffs'
Executive Committee for
Commercial Claims*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ) <br> ) <br> ) <br> ) 03 MDL 1570 (GBD)(SN) <br> ) ECF Case <br> ) <br> ) <br> ) |

This document relates to:
*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Thomas Burnett, Sr., at al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.*, Case No. 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, Case No. 04-cv-07065
*Euro Brokers, Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-07279

## CERTIFICATE OF SERVICE

I, Richard Cashon, hereby certify that I have this 23rd day of March, 2020 caused to be served a true and correct copy of the foregoing document upon named plaintiffs and defendants in the above-captioned actions by sending the documents by electronic means, upon:

Steven T. Cottreau
Gabrielle Pritsker
Jones Day
51 Louisiana Ave., NW
Washington, DC 20001
Tel: (202) 879-5572
Email: scottreau@jonesday.com
Email: gpritsker@jonesday.com

Juan P. Morillo
Quinn Emanuel Urquhart & Sullivan LLP
777 Sixth St. NW
Washington, DC 20001
Tel: (202) 538-8174
Email: juanmorillo@quinnemanuel.com

*Counsel for Defendant Dubai Islamic Bank*

Alan Kabat
Bernabei & Kabat PLLC
1400 16th St. NW #500
Washington, DC 20036-2223
Tel: (202) 745-1942
Fax: (202) 745-2627
Email: kabat@bernabeiPLLC.com

*Defendants' Liaison Counsel in 03-MDL-1570*

Paul Hanly
Jayne Conroy
Simmons Hanly Conroy
112 Madison Avenue
New York, NY 10016
Tel: (212) 784-6402
Fax: (212) 784-6400
Email: phanly@simmonsfirm.com
Email: jconroy@simmonsfirm.com

James P. Kreindler
Andrew J. Maloney, III
Mark S. Moller
Justin T. Green
Kreindler & Kreindler, LLP
750 Third Avenue
New York, NY 10017
Tel: (212) 973-3440
Fax: (212) 972-9432
Email: jkreindler@kreindler.com
Email: amaloney@kreindler.com
Email: jgreen@kreindler.com

Jerry Goldman
Bruce Strong
Anderson Kill
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
Email: bstrong@andersonkill.com

Ken Nolan
Frank Granito, III
Speiser Krause Nolan & Granito
800 Westchester Ave., Ste. S-608
Rye Brook, NY 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
Email: spn@speiserkrause.com
Email: f3g@speiserkrause.com

Robert M. Kaplan
Ferber Chan Essner & Coller, LLP
One Grand Central Place
60 East 42nd Street, Suite 2050
New York, NY 10165
Tel: (212) 944-2200
Fax: (212) 944-7630
Email: rkaplan@ferberchan.com

*Counsel for Plaintiffs in Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.; Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.; Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.; Continental Casualty Co., et al. v. Al Qaeda, et al.; Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.; and/or Plaintiffs' Liaison Counsel in 03-MDL-1570*

                                                                    */s/ Richard Cashon*
                                                                    Richard Cashon