# EXHIBIT 21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ) <br> ) <br> ) <br> ) 03 MDL 1570 (GBD)(SN) <br> ) ECF Case <br> ) <br> ) <br> ) |

This document relates to:
*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Thomas Burnett, Sr., at al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.*, Case No. 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, Case No. 04-cv-07065
*Euro Brokers, Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-07279

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT DUBAI ISLAMIC BANK'S THIRD SET OF REQUESTS FOR ADMISSION

Plaintiffs in all of the above-captioned related actions, by their undersigned attorneys,

object and respond pursuant to Rule 36 of the Federal Rules of Civil Procedure, to Defendant

Dubai Islamic Bank's ("DIB") Third Set of Request for Admission to Plaintiffs, dated June 25,

2021 as follows:

### GENERAL OBJECTIONS

1.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call

for the plaintiffs to identify information in the possession, custody, or control of the Defendant,

including but not limited to any documents drafted, published, or received by the Defendant.

Moreover, until Defendant has provided full disclosure in response to the Plaintiffs' discovery

requests, Plaintiffs are unable to determine what information is in the possession, custody, or

control of the Defendant.

2.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify or produce documents or information not within the care, custody or control of the plaintiffs.

3.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify information equally or more readily accessible to the Defendant and/or which is readily obtainable independently from the public domain.

4.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify information protected by the attorney-client privilege, work product protection, any joint prosecution and/or any other applicable privilege, or which were otherwise prepared in anticipation of litigation or preparation for trial that contains information, conclusions, opinions or legal theories of attorneys, or which are otherwise protected from discovery. Plaintiffs and their counsel hereby assert these privileges. In particular, without limiting the generality of the foregoing, information contained in letters, memoranda, and other writings transmitted by or between plaintiffs and their counsel, or information contained in writings prepared and maintained internally by Plaintiffs' counsel, are privileged and will not be produced.

5.      Plaintiffs object to the Defendant's Requests for Admission to the extent they call for the plaintiffs to identify documents or information that is non-discoverable expert information not required to be disclosed under the Federal Rules of Civil Procedure.

6.      Plaintiffs object to the Defendant's Requests for Admission to the extent they are vague, ambiguous, overly broad, unduly burdensome, do not specify the information sought with sufficient particularity, are not limited to the subject matter of the litigation, seek information in defendant's control, and/or are not relevant to the claims or defenses in this case and are thus creates a burden not proportional to the needs of this case.

7.     Plaintiffs object to the Defendant's Requests for Admission to the extent they purport to characterize plaintiffs' claims, allegations, or contentions in a manner that attempts to mischaracterize or redefine plaintiffs' claims. Plaintiff objects to the identification or production of any information in response to any such Requests for Admission is not intended as nor shall it be deemed to be an admission or representation that plaintiffs concede to Defendant's mischaracterizations or baseless assumptions here.

8.     Irrespective of whether Plaintiff provides information in response to the Requests, Plaintiff further reserves the right to: (i) amend, correct, supplement or clarify the content of this Response in accordance with the Federal Rules; (ii) provide additional responsive information in the future; (iii) object to further discovery in the action; (iv) rely upon any information and documents produced in the action, in any hearing or proceeding, including, without limitation, any hearing, proceeding, or trial in the action; and (v) challenge the authenticity or admissibility in any proceeding, hearing, or trial of any information or documents.

9.     The above-stated General Objections are hereby specifically incorporated into each of the plaintiffs' following responses to discovery requests, whether or not expressly repeated in response to a particular request.

## OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by its customer Ali Abdul Aziz Ali.

### RESPONSE TO REQUEST NO. 1:

Subject to and without waiver of each of the General Objections above, Plaintiffs object to Request No. 1 to the extent it calls for Plaintiffs to identify information in possession, custody, and control of the Defendants. Subject to and without waiver of all objections, following a

3

reasonable inquiry and diligent search, the information known or available to Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by its customer Ali Abdul Aziz Ali.

**REQUEST NO. 2:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by its customer Fayez Rashid Ahmed Hassan Al-Qadi.

### RESPONSE TO REQUEST NO. 2:

Subject to and without waiver of each of the General Objections above, Plaintiffs object to Request No. 2 to the extent it calls for Plaintiffs to identify information in possession, custody, and control of the Defendants. Subject to and without waiver of all objections, following a reasonable inquiry and diligent search, the information known or available to Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by its customer Fayez Rashid Ahmed Hassan Al-Qadi.

**REQUEST NO. 3:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by its customer Khalid Amer Salim Ballayth.

### RESPONSE TO REQUEST NO. 3:

Subject to and without waiver of each of the General Objections above, Plaintiffs object to Request No. 3 to the extent it calls for Plaintiffs to identify information in possession, custody, and control of the Defendants. Subject to and without waiver of all objections, following a reasonable inquiry and diligent search, the information known or available to Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer Khalid Amer Salim Ballayth.

**REQUEST NO. 4:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer Mamdoh Mahmoud
Salim.

### RESPONSE TO REQUEST NO. 4:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 4 to the extent it calls for Plaintiffs to identify information in possession, custody,

and control of the Defendants. Subject to and without waiver of all objections, following a

reasonable inquiry and diligent search, the information known or available to Plaintiffs is

insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer Mamdoh Mahmoud Salim.

**REQUEST NO. 5:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer Ahmed Ali Jumale.

### RESPONSE TO REQUEST NO. 5:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 5 to the extent it calls for Plaintiffs to identify information in possession, custody,

and control of the Defendants. Subject to and without waiver of all objections, following a

reasonable inquiry and diligent search, the information known or available to Plaintiffs is

insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer Ahmed Ali Jumale.

**REQUEST NO. 6:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer Barakaat Bank of
Somalia.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 6 to the extent it calls for Plaintiffs to identify information in possession, custody,

and control of the Defendants. Subject to and without waiver of all objections, following a

reasonable inquiry and diligent search, the information known or available to Plaintiffs is

insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer Barakaat Bank of Somalia.

**REQUEST NO. 7:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer Al Baraka Exchange
LLC.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 7 to the extent it calls for Plaintiffs to identify information in possession, custody,

and control of the Defendants. Subject to and without waiver of all objections, following a

reasonable inquiry and diligent search, the information known or available to Plaintiffs is

insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer Al Baraka Exchange LLC.

**REQUEST NO. 8:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer International Islamic
Relief Organization.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 8 to the extent it calls for Plaintiffs to identify information in possession, custody,

and control of the Defendants. Subject to and without waiver of all objections, following a

reasonable inquiry and diligent search, the information known or available to Plaintiffs is

insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer International Islamic Relief Organization.

**REQUEST NO. 9:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer Seedi Al Madani Al-
Ghazi Mustafa Al Tayyib.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 9 to the extent it calls for Plaintiffs to identify information in possession, custody,

and control of the Defendants. Subject to and without waiver of all objections, following a

reasonable inquiry and diligent search, the information known or available to Plaintiffs is

insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any

knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by

its customer Seedi Al Madani Al-Ghazi Mustafa Al Tayyib.

**REQUEST NO. 10:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any involvement in Al Qaeda by its customer Ali Saleh Mohammad
Kahla Al-Marri.

## RESPONSE TO REQUEST NO. 10:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 10 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al

Qaeda by its customer Ali Saleh Mohammad Kahla Al-Marri.

**REQUEST NO. 11:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Ali Abdul Aziz Ali's DIB account by Al Qaeda or for Al
Qaeda's purposes.

## RESPONSE TO REQUEST NO. 11:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 11 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Ali Abdul

Aziz Ali's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs assert that

the context and focus of the meeting between a U.S. and Emirati officials, in addition to

information sourced from a senior U.S. official regarding DIB's involvement with Osama bin

Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist Came

Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

**REQUEST NO. 12:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Fayez Rashid Ahmed Hassan Al-Qadi's DIB account by Al
Qaeda or for Al Qaeda's purposes.

<u>**RESPONSE TO REQUEST NO. 12:**</u>

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 12 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Fayez Rashid

Ahmed Hassan Al-Qadi's DIB account by Al Qaeda of for Al Qaeda purposes. However,

Plaintiffs assert that the context and focus of the meeting between a U.S. and Emirati officials, in

addition to information sourced from a senior U.S. official regarding DIB's involvement with

Osama bin Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist

Came Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

**REQUEST NO. 13:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Khalid Amer Salim Ballayth's DIB account by Al Qaeda or
for Al Qaeda's purposes.

## RESPONSE TO REQUEST NO. 13:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 13 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Khalid Amer

Salim Ballayth's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs assert

that the context and focus of the meeting between a U.S. and Emirati officials, in addition to

information sourced from a senior U.S. official regarding DIB's involvement with Osama bin

Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist Came

Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

## REQUEST NO. 14:
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Mamdoh Mahmoud Salim's DIB accounts Al Qaeda or for
Al Qaeda's purposes.

## RESPONSE TO REQUEST NO. 14:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 14 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Mamdoh

Mahmoud Salim's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs

assert that the context and focus of the meeting between a U.S. and Emirati officials, in addition

to information sourced from a senior U.S. official regarding DIB's involvement with Osama bin

Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist Came

Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

**REQUEST NO. 15:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Ahmed Ali Jumale's DIB account by Al Qaeda or for Al
Qaeda's purposes.

**RESPONSE TO REQUEST NO. 15:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 15 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Ahmed Ali

Jumale's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs assert that the

context and focus of the meeting between a U.S. and Emirati officials, in addition to information

sourced from a senior U.S. official regarding DIB's involvement with Osama bin Laden, reported

in the New York Times article "U.S. Officials Say Air for Terrorist Came Through Two Persian

Gulf Nations" by James Risen with Benjamin Weiser (produced by Plaintiffs at PECDIB000839-

11

842 and PECDIB000813-815 and by DIB at DIB000880-884), indicate that someone at DIB was

aware it held accounts being used by Al Qaeda or for Al Qaeda purposes.

**REQUEST NO. 16:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Barakaat Bank of Somalia's DIB account by Al Qaeda or
for Al Qaeda's purposes.

## RESPONSE TO REQUEST NO. 16:

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 16 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Barakaat

Bank of Somalia's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs

assert that the context and focus of the meeting between a U.S. and Emirati officials, in addition

to information sourced from a senior U.S. official regarding DIB's involvement with Osama bin

Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist Came

Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

**REQUEST NO. 17:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Al Baraka Exchange LLC's DIB account by Al Qaeda or
for Al Qaeda's purposes.

**RESPONSE TO REQUEST NO. 17:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 17 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Al Baraka

Exchange LLC's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs assert

that the context and focus of the meeting between a U.S. and Emirati officials, in addition to

information sourced from a senior U.S. official regarding DIB's involvement with Osama bin

Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist Came

Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

**REQUEST NO. 18:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of International Islamic Relief Organization's DIB account by
Al Qaeda or for Al Qaeda's purposes.

**RESPONSE TO REQUEST NO. 18:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 18 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of International

Islamic Relief Organization's DIB account by Al Qaeda of for Al Qaeda purposes. However,

Plaintiffs assert that the context and focus of the meeting between a U.S. and Emirati officials, in

addition to information sourced from a senior U.S. official regarding DIB's involvement with

Osama bin Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist

Came Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by

Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884),

indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al

Qaeda purposes.

**REQUEST NO. 19:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the
September 11 Attacks, of any use of Seedi Al Madani Al-Ghazi Mustafa Al Tayyib's DIB
accounts by Al Qaeda or for Al Qaeda's purposes.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiver of each of the General Objections above, Plaintiffs object

to Request No. 19 to the extent it calls for Plaintiffs to identify information in possession,

custody, and control of the Defendants. Subject to and without waiver of all objections,

following a reasonable inquiry and diligent search, the information known or available to

Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB

had any knowledge or awareness, prior to the September 11 Attacks, of any use of Seedi Al

Madani Al-Ghazi Mustafa Al Tayyib's DIB account by Al Qaeda of for Al Qaeda purposes.

However, Plaintiffs assert that the context and focus of the meeting between a U.S. and Emirati

officials, in addition to information sourced from a senior U.S. official regarding DIB's

involvement with Osama bin Laden, reported in the New York Times article "U.S. Officials Say

Air for Terrorist Came Through Two Persian Gulf Nations" by James Risen with Benjamin

Weiser (produced by Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884), indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al Qaeda purposes.

**REQUEST NO. 20:**
Admit that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any use of Ali Saleh Mohammad Kahla Al-Marri's DIB account by Al Qaeda or for Al Qaeda's purposes.

## RESPONSE TO REQUEST NO. 20:

Subject to and without waiver of each of the General Objections above, Plaintiffs object to Request No. 20 to the extent it calls for Plaintiffs to identify information in possession, custody, and control of the Defendants. Subject to and without waiver of all objections, following a reasonable inquiry and diligent search, the information known or available to Plaintiffs is insufficient to enable Plaintiffs to admit or deny that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any use of Ali Saleh Mohammad Kahla Al-Marri's DIB account by Al Qaeda of for Al Qaeda purposes. However, Plaintiffs assert that the context and focus of the meeting between a U.S. and Emirati officials, in addition to information sourced from a senior U.S. official regarding DIB's involvement with Osama bin Laden, reported in the New York Times article "U.S. Officials Say Air for Terrorist Came Through Two Persian Gulf Nations" by James Risen with Benjamin Weiser (produced by Plaintiffs at PECDIB000839-842 and PECDIB000813-815 and by DIB at DIB000880-884), indicate that someone at DIB was aware it held accounts being used by Al Qaeda or for Al Qaeda purposes.

**REQUEST NO. 21:**
Admit that the document produced at BUR-PEC014984-14987 does not contain the phrase or mention in any way an "Islamic Bank of Dubai."

*       *       *       *

[pages omitted]

DATED:  August 5, 2021

Respectfully Submitted

MOTLEY RICE LLC

By: /s/
    Jodi Westbrook Flowers
    Donald A. Migliori
    Robert T. Haefele
    MOTLEY RICE LLC
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465
    Tel.: (843) 216-9184
    Email: jflowers@motleyrice.com
    Email: dmigliori@motleyrice.com
    Email: rhaefele@motleyrice.com


ANDERSON KILL

By: /s/
Jerry S. Goldman
Bruce E. Strong
ANDERSON KILL
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
Email: bstrong@andersonkill.com

*For the Personal Injury and*
*Wrongful Death Plaintiffs*

COZEN O'CONNOR

By: /s/
    Sean P. Carter
    Scott Tarbutton
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pennsylvania 19103
    Tel.: (215) 665-2105
    Email: scarter@cozen.com
    Email: starbutton@cozen.com

*For the Commercial Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| _____ | ) |
| | ) |
| | ) |
| In re Terrorist Attacks on September 11, 2001 | ) 03 MDL 1570 (GBD)(SN) |
| | ) ECF Case |
| | ) |
| | ) |
| _____ | ) |

This document relates to:
*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Thomas Burnett, Sr., at al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.*, Case No. 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, Case No. 04-cv-07065
*Euro Brokers, Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-07279

## <u>CERTIFICATE OF SERVICE</u>

I, Jade A. Haileselassie, hereby certify that I have this 5th day of August, 2021 caused to be

served a true and correct copy of the foregoing document upon named plaintiffs and defendants

in the above-captioned actions by sending the documents by electronic means, upon:

Steven T. Cottreau                          Juan P. Morillo
Gabrielle Pritsker                          Quinn Emanuel Urquhart & Sullivan LLP
Jones Day                                   777 Sixth St. NW
51 Louisiana Ave., NW                       Washington, DC 20001
Washington, DC 20001                        Tel: (202) 538-8174
Tel: (202) 879-5572                         Email: juanmorillo@quinnemanuel.com
Email: scottreau@jonesday.com
Email: gpritsker@jonesday.com

*Counsel for Defendant Dubai Islamic Bank*

*Alan Kabat*
*Bernabei & Kabat PLLC*
*1400 16th St. NW #500*
*Washington, DC 20036-2223*
*Tel: (202) 745-1942*
*Fax: (202) 745-2627*
*Email: kabat@bernabeiPLLC.com*

*Defendants' Liaison Counsel in 03-MDL-1570*

Jayne Conroy
Simmons Hanly Conroy
112 Madison Avenue
New York, NY 10016
Tel: (212) 784-6402
Fax: (212) 784-6400
Email: jconroy@simmonsfirm.com

James P. Kreindler
Andrew J. Maloney, III
Mark S. Moller
Justin T. Green
Kreindler & Kreindler, LLP
750 Third Avenue
New York, NY 10017
Tel: (212) 973-3440
Fax: (212) 972-9432
Email: jkreindler@kreindler.com
Email: amaloney@kreindler.com
Email: jgreen@kreindler.com

Michel Baumeister
Dorothea Capone
Baumeister & Samuels, P.C.
140 Broadway, 46th Floor
New York, NY 10005
Tel: (212) 363-1200
Fax: (212) 363-1346
Email: mbaumeister@baumeisterlaw.com
Email: tcapone@baumeisterlaw.com

Edward M. Pinter
Catherine B. Altier
Ford Marrin Esposito
Witmeyer & Gleser, L.L.P.
Wall Street Plaza
New York, NY 10005
Tel:  (212)-269-4900
Fax:  (212) 344-4294
Email: cbaltier@FMEW.com
Email: empinter@FMEW.com

Jack Cordray
Cordray Law Frim
Post Office Drawer 22857
Charleston, SC 29413
Tel: (843) 577-9761
Fax: (843) 853-6330
Email: jack@cordraylawfirm.com

Ken Nolan
Frank Granito, III
Speiser Krause Nolan & Granito
800 Westchester Ave., Ste. S-608
Rye Brook, NY 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
Email: spn@speiserkrause.com
Email: f3g@speiserkrause.com

Dennis G. Pantazis
Wiggins, Childs, Wuinn and Pantazis LLC
201 18th St. North
Birmingham, AL 35203
Email: dgp@wigginschilds.com

*Counsel for Plaintiffs in Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.; Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.; Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.; Continental Casualty Co., et al. v. Al Qaeda, et al.; Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.; and/or Plaintiffs' Liaison Counsel in 03-MDL-1570*

/s/ Jade A. Haileselassie
Jade A. Haileselassie