KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 21, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to request that the Court set a schedule to brief a renewed motion to dismiss for lack of jurisdiction under the Foreign Sovereign Immunities Act of 1976, together with related *Daubert* motions, and address related matters such as page limits and confidentiality review. Saudi Arabia has met and conferred with the Plaintiffs' Executive Committees ("Plaintiffs") and Dallah Avco, but the parties have not reached agreement. Dallah Avco does not object to the dates set forth in this letter. Saudi Arabia has also consulted with the U.S. Attorney's Office concerning confidentiality review by the Federal Bureau of Investigation ("FBI"), and, based on that consulation, proposes a schedule for confidentiality review below.

      **1.**    **Jurisdictional statement of facts and evidence.** In early 2018, Saudi Arabia sought discovery of Plaintiffs so that it could squarely confront their contentions in its renewed motion to dismiss. The Court denied such discovery, but stated that it was "sensitive to the concern that [Saudi Arabia] raised about a potential sandbag" and suggested that "in advance of the motion to dismiss" Plaintiffs could file "a statement on this particular issue, say, findings of fact *à la* Rule 56.1"; that is, "a statement with supporting documents that the Kingdom can review and rely upon in making its motion." ECF No. 4015, at 38:24-39:2, 39:8-17. Plaintiffs responded: "Your Honor, in theory it sounds fine." *Id.* at 39:19; *see also* ECF No. 4237, at 33:24-34:4 (statement that Plaintiffs "were planning" to submit "a statement of facts and evidence that [they] would be relying on in support of jurisdiction[al] theories"). Plaintiffs again referred to this proposed procedure in a June 3, 2021 letter seeking additional time to submit their expert reports. *See* ECF No. 6847, at 5. They then stated that they were "amenable" to providing "a statement of facts and evidence" at the time they "serv[ed] . . . their expert reports, provided that they [we]re afforded until September 15, 2021 to provide those reports." *Id.* That proposal was not adopted. Ultimately, Plaintiffs served their expert reports on April 1, 2022.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
June 21, 2022
Page 2

The procedure suggested by the Court and agreed to by Plaintiffs remains appropriate. The Court should direct Plaintiffs to submit a jurisdictional statement of facts and evidence on which they will rely in opposition to Saudi Arabia's renewed motion to dismiss. The Court should further direct that the statement be in the form contemplated by Local Civil Rule 56.1 and be accompanied by all supporting documents on which Plaintiffs will rely to prove the facts set forth in the statement. Saudi Arabia proposes a date of **August 1, 2022** for this submission, which is four months after Plaintiffs served their expert reports; more than four months after the FBI's substantial completion of its additional document production pursuant to Executive Order 14040; and one month after the close of all expert discovery.[1] That is a generous amount of time and far more than Plaintiffs' June 2021 proposal suggested they would require.

    **2.**    **Renewed motion to dismiss briefing schedule.** Saudi Arabia proposes the following briefing schedule. Saudi Arabia's renewed motion to dismiss should be due **October 3, 2022**, 60 days after receiving Plaintiffs' jurisdictional statement of facts and evidence, plus two days because October 1 is a Saturday. Along with its renewed motion to dismiss, Saudi Arabia will file a response to Plaintiffs' jurisdictional statement of facts and evidence in the form contemplated by Local Civil Rule 56.1, and also Saudi Arabia's own statement of facts and evidence in such form, along with all supporting documents on which Saudi Arabia will rely to contest any fact set forth in Plaintiffs' statement or prove any fact set forth in Saudi Arabia's statement. In addition, Saudi Arabia will file together with its motion a statement or table concisely setting out all evidentiary objections to any document Plaintiffs have submitted with their August 1 filing.

Plaintiffs' opposition to Saudi Arabia's renewed motion to dismiss should be due 60 days after the motion, on **December 2, 2022**. The Court should direct Plaintiffs to file with their opposition a response to Saudi Arabia's jurisdictional statement of facts and evidence in the form contemplated by Local Civil Rule 56.1, along with all supporting documents on which Plaintiffs will rely to contest any fact set forth in Saudi Arabia's statement. In addition, Plaintiffs should submit together with their motion a statement or table concisely setting out all evidentiary objections they raise to any document that Saudi Arabia has submitted with its October 3 filing.

Saudi Arabia's reply in support of its motion to dismiss should be due **January 17, 2023**, 30 days after the opposition, plus two weeks (14 days) for the year-end holidays, plus two days because January 15 is a Sunday and January 16 is a federal holiday. Saudi Arabia will file with its reply a supplemental statement or table concisely setting out any evidentiary objections to any document Plaintiffs have submitted (or proffered for a new purpose) with their December 2 filing.

    **3.**    ***Daubert* motion briefing schedule.** Saudi Arabia anticipates filing one or more motions to limit or exclude the testimony of Plaintiffs' expert witnesses. Plaintiffs have not yet

---

[1] One expert deposition will be taken on July 11 because of unexpected medical issues for the witness, *see* ECF Nos. 8093, 8098, but that should not affect the overall schedule.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
June 21, 2022
Page 3

stated whether they intend to file any such motions as to Saudi Arabia's expert witnesses. Because the Court will be the finder of fact, it appears most efficient for such motions to be filed and considered alongside Saudi Arabia's renewed motion to dismiss. Saudi Arabia proposes that motions by either side seeking to limit or exclude expert testimony should be due with Saudi Arabia's motion to dismiss; oppositions to any such motions be due with Plaintiffs' opposition to Saudi Arabia's motion; and replies in support of any such motions be due with Saudi Arabia's reply in support of its motion to dismiss.

    **4.**    **Page limits.**  The size, importance, and complexity of this case, even at the jurisdictional stage, warrant an enlargement of page limits for the briefing. Saudi Arabia proposes limits of 50 pages for the memoranda in support of (and opposition to) the renewed motion to dismiss, and 25 pages for Saudi Arabia's reply memorandum. For the *Daubert* motions, Saudi Arabia proposes initial limits of 20 pages per motion and opposition, and 10 pages for reply.

    **5.**    **Confidentiality review.**  It is likely that the parties' submissions will include material previously ordered sealed by the Court either at the request of Saudi Arabia, *see* ECF No. 4696, or that of the FBI, *see* ECF No. 4255, or material substantially similar to previously sealed material. Although the showing needed to seal such information in a dispositive motion is higher than the showing needed for a discovery motion, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120-24 (2d Cir. 2006), Saudi Arabia (and, to the extent it deems necessary, the FBI) should be allowed to review materials containing their confidential information and to present arguments for continued sealing or for redactions. The complexity of the review process will further be increased because, under Executive Order 14040, the FBI has now released to the public much (but not all) of the material that had previously been sealed under the FBI protective order. The FBI has requested that the parties provide proposed redactions for FBI protected information on a rolling basis to allow sufficient time for review.

    Any filings in connection with the renewed motion to dismiss that contain information designated as confidential under the Court's protective orders should be made under seal. Saudi Arabia proposes that 30 days after each filing, the filing party provide to the FBI proposed redactions for FBI confidential material, including any proposal that any filed document be maintained under seal. Saudi Arabia similarly proposes to provide to the other parties and to the FBI proposals for redacting and sealing documents that contain Saudi Arabia's confidential information 30 days after each filing. The FBI should also have at least 30 days after the final filing in the sequence (that is, the replies) to respond to the parties' redactions. After the FBI does so, the parties and the FBI should meet and confer and advise the Court of any disputes, including a proposal for briefing such disputes. Although the FBI does not join in this letter, Saudi Arabia believes that the above proposal is consistent with the FBI's position. Establishing this procedure and due dates now will help to ensure that the parties complete this process in a reasonably timely way.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
June 21, 2022
Page 4

      **6.**     **Dallah Avco's motion.** Dallah Avco has indicated that it intends to file a renewed motion to dismiss for lack of personal jurisdiction, which may include an alternative request for summary judgment. Dallah Avco has further indicated that it is prepared to proceed on the same schedule, and with the same page limits, as Saudi Arabia has proposed above. Saudi Arabia takes no position on the timing or length of Dallah Avco's briefs.

      **7.**     **The meet-and-confer discussions and Plaintiffs' position.** Before submitting this letter, Saudi Arabia made several efforts to reach agreement among the parties on this proposal. Those efforts included (1) on June 1, 2022, sending an initial proposal to Plaintiffs; (2) on June 7, engaging in a meet-and-confer call with Plaintiffs; (3) later on June 7, sending a proposed compromise to Plaintiffs; (4) on June 9, modifying that proposal in light of concerns expressed by the FBI about the time required for confidentiality review; (5) on June 15, receiving a counterproposal from Plaintiffs; and (6) earlier today, advising Plaintiffs that the parties were at impasse and that Saudi Arabia would submit its scheduling proposal to the Court. Dallah Avco also participated in each stage of these discussions. Email chains showing the parties' discussions are as Exhibits A and B to this letter.[2]

      Among other issues on which the parties have failed to reach agreement, Plaintiffs have taken the position that any motion schedule should include time for them to cross-move against Saudi Arabia for "an evidentiary hearing or concerning discovery issues." *See* Ex. A, at 1. Plaintiffs do not need a separate briefing schedule to ask for an evidentiary hearing. As for a discovery motion, fact discovery is complete and expert discovery will be complete by July 1, 2022 (with the exception of one deposition to be taken on July 11). No further discovery motions are appropriate. In addition, including the time that Plaintiffs request for their cross-motion papers, along with other additional time they request, would delay the completion of the motion sequence to late March 2023, not including time for confidentiality review.

      Plaintiffs have also taken the position that each side should be limited to a single *Daubert* motion of 25 pages. *See id.* at 3. As Plaintiffs have served seven expert reports, this would restrict Saudi Arabia to three-and-a-half pages per expert. Saudi Arabia has long taken the position that expert testimony in the present jurisdictional discovery is unnecessary and unlikely to be helpful to the Court. *See* ECF No. 5235, at 4; Ltr. from M. Kellogg to M.J. Netburn (filed under seal Nov. 13, 2019), at 4-5. But as the expert reports have been served, expert depositions are underway, and the experts' testimony will be proffered to the Court, Saudi Arabia should have a reasonable opportunity to present arguments that the testimony should be excluded.

---

      [2] As part of its compromise proposal, Saudi Arabia offered to accept a September 1, 2022 date for Plaintiffs' jurisdictional statement of facts and evidence, but reserved the right to ask the Court for the August 1 date above if the parties did not reach agreement, which they did not.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
June 21, 2022
Page 5

                                      Respectfully submitted,

                                      */s/ Michael K. Kellogg*

                                      Michael K. Kellogg
                                      *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)