USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    <u>John Does 1 through 7 v. The Taliban et al.</u>, No. 20-mc-740

    The plaintiffs in <u>John Does 1 through 7 v. The Taliban et al.</u>, No. 20-mc-740 ("<u>Doe</u>"), ask that their writ of execution targeting the assets of Da Afghanistan Bank be dated *nunc pro tunc* to the date they original applied for it. ECF No. 30.[1] This request is DENIED.

    The <u>Doe</u> Plaintiffs initially applied for a writ of execution on August 26, 2021. ECF No. 15. This proceeding was then stayed to allow the United States to file a statement of interest. ECF No. 19. While that stay was active, the Court permitted the <u>Doe</u> Plaintiffs to obtain a writ of execution and serve it. ECF No. 26. In granting this permission, however, the Court noted that the <u>Doe</u> Plaintiffs had not followed the proper procedures for obtaining a writ of execution. It therefore denied their request to endorse the proposed writ they submitted in their August 26 request. <u>Id.</u>

    "*Nunc pro tunc*, Latin for 'now for then,' refers to a court's inherent power to enter an order having retroactive effect." <u>Iouri v. Ashcroft</u>, 487 F.3d 76, 87 (2d Cir. 2007). "It is a far-reaching equitable remedy applied in certain exceptional cases, typically aimed at rectifying any

---

[1] Unless otherwise noted, all citations are to <u>John Does 1 through 7 v. The Taliban et al.</u>, No. 20-mc-740 (Dec. 14, 2020).

injustice to the parties suffered by them on account of judicial delay." Matter of Bouchard Transportation Co., Inc., No. 14-cv-0617 (PAC), 2018 WL 1581992, at *1 (S.D.N.Y. Mar. 28, 2018) (quoting Iouri, 487 F.3d at 87).

No delay or injustice merits a *nunc pro tunc* order. The Doe Plaintiffs have not identified any such injustice or delay nor do such circumstances exist. The Court permitted them to seek a writ of execution a little less than a month following their application. This application, moreover, failed to comport with the requirements for seeking a writ of execution. Thus, regardless of the stay, the writ they sought would not have been issued on the date for which they now seek a modification. Thus, *nunc pro tunc* modification would not remedy an injustice, but confer an inappropriate advantage.

Accordingly, the motion for a *nunc pro tunc* modification is denied. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 30.

**SO ORDERED.**

Dated: June 24, 2022
New York, New York

SARAH NETBURN
United States Magistrate Judge