**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                  }
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001  }
                                                                  }   **1:03 MDL 1570 (GBD)(SN)**
                                                                  }
                                                                  }
------------------------------------------------------------------X

**This Document Relates to**
<u>*Ryan, et al. v. Iran, et al.*</u>
**1:20-cv-0266 (GBD)(SN)**

### PLAINTIFFS' MOTION TO DIRECT THE CLERK TO DISPATCH DOCUMENTS TO AGENCY AND INSTRUMENTALITY AND GOVERNMENT OFFICIAL DEFENDANTS AS SET FORTH IN 28 U.S.C. §1608(a)(4)

The *Ryan* Plaintiffs, through counsel, hereby respectfully request the Court to direct the Clerk of Court for the United States District Court for the Southern District of New York to record on the docket and then dispatch the *Ryan* letters rogatory, the Complaint, Summons, Notice of Suit, a copy of the text of the FSIA, Farsi translations of each document, and certificates of translation, and an individual cover letter for each Defendant, provided by Plaintiffs' counsel, to the United States Department of State for diplomatic service on the Agency and Instrumentality Defendants and Government Official Defendants in the above-referenced case in conformity with the procedures set forth in the Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq.* ("FSIA"), for dispatching service documents to foreign state defendants and political subdivisions of foreign state defendants under FSIA §1608(a)(4), and in support thereof, state the following:

1.   The *Ryan* Plaintiffs' Complaint names as Defendants six agencies and instrumentalities of Iran that provided direct and material support for terrorist attacks of September 11, 2001.  The six Agency and Instrumentality Defendants in *Ryan* are (1) National Iranian Oil Company, (2) National Iranian Tanker Company, (3) National Iranian Gas Company,

(4) National Iranian Petrochemical Company, (5) Iran Airlines, and (6) Hezbollah (collectively, the "Agency and Instrumentality Defendants"). In addition, the *Ryan* Complaint names as Defendants two officials of the government of Iran: (1) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran, and (2) the Estate of Ali Akbar Hashemi Rafsanjani, the now-deceased former Chairman of the Expediency Discernment Counsel and former President of Iran (the "Government Official Defendants").

2. The United States Department of State is charged, under the FSIA, with carrying out service of process upon foreign states and their political subdivisions after other available service options have been exhausted.

3. The FSIA specifies that when service of process upon a *foreign state* or *political subdivision of a foreign state* cannot otherwise be effected under FSIA, including by mail pursuant to 28 U.S.C. §1608(a)(3), the Clerk of the District Court may dispatch a request to the United States Secretary of State for diplomatic service upon a foreign state or political subdivision of a foreign state defendant. *See* FSIA §1608(a)(4).

4. When service of an agency or instrumentality of a foreign state cannot be accomplished by any of the means identified in FSIA §1608(b), courts are permitted to authorize service by alternative means. *New England Merchants Nat. Bank v. Iran Power Generation and Transmission Company*, 495 F.Supp. 73, 78-79 (S.D.N.Y. 1980).

5. The *Ryan* Plaintiffs attempted service on the Agency and Instrumentality Defendants and the Government Official Defendants by causing the Clerk of the Court to dispatch the complaint documents by mail, with returned receipt requested, in late-March 2021 and early-April 2021. It has now been approximately fifteen (15) months since the Clerk of the Court dispatched service and the Clerk has yet to receive any response.

6.      Given the current international circumstances, the *Ryan* Plaintiffs have no other viable method of service.  The *Ryan* Plaintiffs thus request this Court to direct the SDNY Clerk's Office to record the pleadings service packages comprised of letters rogatory, the Complaint, Summons, Notice of Suit, a copy of the text of the FSIA, Farsi translations of each document, and certificates of translation, and an individual cover letter for each Defendant, provided by Plaintiffs' counsel, on the docket for the six Agency and Instrumentality Defendants and the two Government Official Defendants in this case and then to dispatch those letters rogatory and pleading service packages to the United States Department of State, in conformity with the FSIA procedures for "foreign state" and "political subdivision of a foreign state" defendants under FSIA §1608(a)(4).

7.      Should final judgment be rendered against the Agency and Instrumentality Defendants and the Government Official Defendants in this case, the *Ryan* Plaintiffs will eventually be required to serve final judgment documents using the same methodology as required to serve initial pleading materials.  *See* §1608(e) and §1610(c).  The *Ryan* Plaintiffs expect the Agency and Instrumentality Defendants and the Government Official Defendants again would refuse service of the final judgment documents, just as they are refusing service of the complaint documents.  In this event, the *Ryan* Plaintiffs would further request this Court to direct the SDNY Clerk's Office to record the final judgment service packages on the docket for the six Agency and Instrumentality Defendants and the two Government Official Defendants and then to dispatch those service packages to the United States Department of State, in conformity with the FSIA procedures for "foreign state" and "political subdivision of a foreign state" defendants under FSIA §1608(a)(4).

8.        Therefore, the *Ryan* Plaintiffs respectfully ask the Court to include the Order a further directive to the SDNY Clerk authorizing docketing and dispatching of service to the State Department of any final judgment documents for diplomatic service on the Agency and Instrumentality and Government Official Defendants using the procedures set forth in 28 U.S.C. §1608(a)(4) after the *Ryan* Plaintiffs have attempted service by mail, return receipt requested, upon Plaintiffs' application therefor.

The grounds for this motion are set forth in the accompanying memorandum of law.

**WHEREFORE,** the *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ryan* Plaintiffs' Motion and directing the Clerk of Court to dispatch the letters rogatory, Complaint, Summons, Notice of Suit, a copy of the text of the FSIA, Farsi translations of each document, and certificates of translation and an individual cover letter provided by Plaintiffs' counsel to each of the *Ryan* Government Official Defendants and the *Ryan* Agency and Instrumentality Defendants in conformity with the provisions set forth in 28 U.S.C. §1608(a)(4) for the above-named Government Official and Agency and Instrumentality Defendants: (1) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran; (2) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, (3) National Iranian Oil Company; (4) National Iranian Tanker Company: (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah.  The Clerk of the Court shall record such action on the Court docket using the procedures followed for docketing service events pursuant to 28 U.S.C. §1608(a)(4).

The *Ryan* Plaintiffs further request that the Court direct, as part of its Order, or by further Order, as the Court deems appropriate, that should final judgment be entered in *Ryan*, and upon appropriate application thereafter by the *Ryan* Plaintiffs, the Clerk of Court shall follow the same

process to serve final judgment and related documents upon these same Government Official Defendants and Agency and Instrumentality Defendants and to record on the Court docket the service events without further Order by this Court.

                                            Respectfully submitted,

Date:  June 28, 2022                       /s/
                                            Timothy B. Fleming (DC Bar No. 351114)
                                            WIGGINS CHILDS PANTAZIS
                                            FISHER GOLDFARB PLLC
                                            2202 18th Street, N.W., # 110
                                            Washington, D.C. 20009-1813
                                            (202) 467-4489

                                            Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                            (lead counsel)
                                            WIGGINS CHILDS PANTAZIS
                                            FISHER GOLDFARB LLC
                                            The Kress Building
                                            301 19th Street North
                                            Birmingham, AL  35203
                                            (205) 314-0500

                                            Richard D. Hailey (IN Bar No. 7375-49)
                                            Mary Beth Ramey (IN Bar No. 5876-49)
                                            RAMEY & HAILEY
                                            9333 North Meridian Street, Suite 105
                                            Indianapolis, IN  46260
                                            (317) 582-0000

                                            Robert M. Foote (IL Bar No. 03124325)
                                            Craig S. Mielke (IL Bar No. 03127485)
                                            FOOTE, MIELKE, CHAVEZ
                                             & O'NEIL, LLC
                                            10 West State Street, Suite 200
                                            Geneva, IL  60134
                                            (630) 232-7450

                                            *Attorneys for the* Ryan *Plaintiffs*