UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:

*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD) (SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)

## DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENTS FOR PLAINTIFFS IN EXHIBITS A

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney representing the Plaintiffs in the above-captioned litigations, and I submit this declaration in support of the motion for final judgment as to damages on behalf of the plaintiffs listed in annexed Exhibits A-1 to A-2 (collectively, "Exhibits A")[1] (the Plaintiffs identified in annexed Exhibits A are collectively referred to herein as the "Moving Plaintiffs") in the above-referenced actions. Such motion seeks the following requested relief:

   (1) an order determining that service of process by the Moving Plaintiffs was properly effected upon Defendant Islamic Republic of Iran ("Iran") in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;[2] AND,

---

[1] Exhibit B is intentionally omitted from this motion.
[2] This only applies for the plaintiff in this motion in the above-referenced 2018 matter.

docs-100500854.1

(2) an order awarding the Moving Plaintiffs judgments as to damages in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *O'Neill, Burnett, Havlish, Ashton, Bauer*, and other cases; AND,

(3) an order determining that:

(a) Joseph Dixon is the functional equivalent of a parent of DaJuan Hodges, who died in the Terrorist Attacks on September 11, 2001; AND,

(b) Eric Johnson is the functional equivalent of a spouse of Janice Brown, who died in the Terrorist Attacks on September 11, 2001; AND,

(c) Brian Wilkes is the functional equivalent of a spouse of Lorraine Antigua, who died in the terrorist attacks on September 11, 2001; AND,

(4) an order awarding solatium damages to the Moving Plaintiffs in the amounts of $12,500,000 per spouse and $8,500,000 per parent, as set forth in annexed Exhibits A; AND,

(5) an order awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(6) an order granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages at a later date; AND,

(7) an order granting permission for all other Plaintiffs in these actions not appearing in annexed Exhibits A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND

(8) granting the Moving Plaintiffs such other and further relief as this Honorable Court deems just and proper.

docs-100500854.1

2.      The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a.      The Court's January 24, 2017 Order, ECF No. 3435,[3] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee, ECF No. 3433] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b.      The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

    c.      The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

    d.      The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

    e.      The Court's December 6, 2019 Order, ECF No. 5338, setting forth the scheduling order.

    f.      The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

3.      The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C.

Due Diligence:

4.      The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past almost eighteen (18) years, my firm's representation of the Moving Plaintiffs in connection with the September 11th litigations, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiffs,

---

[3] All ECF numbers are to the MDL docket unless stated otherwise.

docs-100500854.1

communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the Moving Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5. The Plaintiffs identified in annexed Exhibits A are each functional equivalents of immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically set forth in annexed Exhibits A, which includes individuals who were not named in the complaints, but are otherwise members of the 9/11 decedent's family, and are entitled to receive a judgment for solatium based upon their relationship to the 9/11 decedent because there is a pending claim by the personal representative of that decedent's estate. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, as discussed in paragraphs 20 to 25 hereof (functional equivalents), which attest to a familial relationship eligible for recovery.

6. Intentionally omitted.

7. Intentionally omitted.

8. All of the decedents listed in annexed Exhibits A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in annexed Exhibits A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships as described in paragraphs 20 to 25 hereof.

4

docs-100500854.1

9. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in annexed Exhibits A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10. After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to any particular plaintiff identified in annexed Exhibits A.

11. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iran, no economic relief has previously been awarded to any plaintiff included in the proposed judgment.

12. Intentionally omitted.

13. We have verified via written documentation and/or interviews that the Moving Plaintiffs have not recovered for such losses by way of an award of this Court as to Iran.

14. We have further confirmed that none of the Moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks.

Notices of Amendment:

15. Among other things, Section II.D provides, "In instances where a default judgment is sought by a personal representative in favor of a solatium claimant who is not a named plaintiff in the action in which the award is sought, counsel requesting the

5

judgment will be asked to confirm that: (1) the personal representative has requested that a judgment be sought in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that he or she authorized the personal representative to seek the judgment in his or her favor; and (3) counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought has not retained other counsel or been named in any other action or, if he or she has, that counsel has communicated with the claimant's counsel and received authorization to seek the judgment via the estate's representative." ECF No. 3435.

16.     I hereby confirm that the Plaintiffs listed in annexed Exhibits C, which is attached hereto, are incorporated herein, are such claimants, and that: (1) the personal representatives of the estates set forth in annexed Exhibits C have requested that a judgment be sought in such claimant-plaintiffs favor; (2) the plaintiffs set forth in annexed Exhibits C have affirmed that he or she authorized the personal representative to seek this judgment; and (3) the plaintiffs set forth in annexed Exhibits C have not retained other counsel or been named in any other action and/or that I, or a representative of Anderson Kill, P.C., communicated with claimant's counsel and received authorization to seek the judgment via the estate's representative.[4]

Service of Process

17.     Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in depth in the Memorandum of Law, and by way of Affidavits of Service and Affidavits in Support of Requests for Clerk's Default by Jerry S. Goldman, Esq., previously filed as of record, under the ECF Nos. set forth in the Memorandum of Law.

---

[4] Notices of Amendment have been filed as set forth in Exhibits C.

Solatium:

19. We have been retained individually by the plaintiffs listed in annexed Exhibits A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. Each claimant listed in annexed Exhibits A is the functional equivalent of an immediate relative of a 9/11 decedent or is acting on behalf of the estate of the functional equivalent of an immediate relative of a 9/11 decedent, all of whom have previously been awarded a final default judgment only on liability against Iran in relation to the September 11th terrorist attacks. We have verified that none of the plaintiffs listed in annexed Exhibits A have recovered for their solatium damages previously, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks.

19. The solatium amounts set forth in annexed Exhibits A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See*, e.g., ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Functional Equivalents:

20. A true and correct copy of the Declaration of Joseph Dixon is attached hereto as Exhibit D.

21. Upon information and belief, Joseph Dixon was the stepfather of DaJuan Hodges who died at the age of 29 on September 11, 2001 when the World Trade Center collapsed. For the reasons set forth in the Declaration of Joseph Dixon, I believe that Mr. Dixon qualifies as a parent equivalent of DaJuan Hodges. *See* Exhibit D. In particular, upon information and belief, Joseph Dixon met DaJuan Hodges' mother, Pamela, when DaJuan was three years old and married her a short time later. From when Joseph and

7

docs-100500854.1

Pam became involved, Joseph regarded and treated DaJuan as his own son, and DaJuan treated and regarded Joseph as his father. Mr. Dixon lived with and raised DaJuan, and provided him with both emotional and financial support. *See* Exhibit D.

22. A true and correct copy of the Declaration of Eric Johnson is attached hereto as Exhibit E.

23. Upon information and belief, Eric Johnson was the life partner and in effect the common law husband of Janice J. Brown, who died on September 11, 2001 when the World Trade Center collapsed. For the reasons set forth in Eric Johnson's Declaration, I believe that Mr. Johnson qualifies as the spouse equivalent of Janice J. Brown. *See* Exhibit E. In particular, upon information and belief, from the late 1980's onward, Eric Johnson and Janice Brown shared a home, called each other husband and wife, and did all the things that married people do (including raising their son, Justin Johnson, born in 1990) together, until Janice's tragic death on 9/11. They were life partners and the love of each other's lives. *See* Exhibit E.

24. A true and correct copy of the Declaration of Brian Wilkes is attached hereto as Exhibit F.

25. Upon information and belief, Brian Wilkes was the fiancée and life partner of Lorraine Antigua, who died on September 11, 2001 when the World Trade Center collapsed. For the reasons set forth in the Declaration of Brian Wilkes, I believe that Mr. Wilkes qualifies as the spouse equivalent of Lorraine Antigua. *See* Exhibit F. In particular, upon information and belief, Brian Wilkes and Lorraine Antigua met in 1999 and regarded themselves as engaged to be married from the very first night they met. Brian gave up a job and moved from North Carolina to New Jersey in order to live with

Lorraine and her children. They lived together, supported one another, and planned to marry, have children of their own, and grow old together. *See* Exhibit F.

Conclusion:

26. Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgments as set forth in the Notice of Motion, including annexed Exhibits A.

Dated:  New York, New York
        June 30, 2022

_____
Jerry S. Goldman, Esq.

9