KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

July 1, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in further support of Saudi Arabia's scheduling and related requests in its June 21, 2022 letter, ECF No. 8131; and in reply to Plaintiffs' June 28, 2022 letter, ECF No. 8157.

      **1.**    **Jurisdictional statement of facts and evidence.**  As Saudi Arabia showed in its opening letter (at 1-2), a deadline of August 1, 2022 for Plaintiffs to file a jurisdictional statement of facts and evidence is reasonable and gives Plaintiffs four extra months in comparison to Plaintiffs' earlier June 2021 proposal, ECF No. 6847, at 5, to serve such a statement together with their opening expert reports.  Plaintiffs' counterproposal of September 30, 2022 rests on the assertion (at 3-4) that their statement must "synthesize the full record," including "final transcripts" for expert depositions.  Plaintiffs can do the vast majority of the work on their jurisdictional statement without the expert depositions at all – certainly, with rough versions.  The need to correct a few transcript citations from rough to final is not material.

      The Court should give no weight to Plaintiffs' assertion (at 3-4) that they have been involved in "intensive depositions" of "10 expert witnesses" during June.  There was no need to wait until June 2022 to start work on a statement that Plaintiffs agreed to provide in 2018 and reaffirmed they would provide in 2021.  Nor have Plaintiffs been strapped even in June.  Twelve attorneys from PEC-member firms appeared at the June 9 deposition of Plaintiffs' expert Steven Simon.  Twelve also appeared at the June 15 deposition of Plaintiffs' expert Emile Nakhleh.  Plaintiffs also suggest (at 5) that they may file two sets of papers (for the CAC Plaintiffs and for the *Ashton* Plaintiffs).  Plaintiffs are not short on resources and can meet a reasonable deadline.

      Plaintiffs offer two other unpersuasive reasons to put off any firm date for their jurisdictional statement.  *First*, they contend (at 1-2) that any schedule should await the Court's

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
July 1, 2022
Page 2

rulings on motions for reconsideration they filed in December, ECF Nos. 7431, 7481. It is for the Court to decide when and how it will resolve Plaintiffs' motions. Plaintiffs' mere filing of them does not warrant postponing long-awaited dispositive briefing. *Second*, Plaintiffs contend that the Court should hold a conference before setting any schedule. Whether to hold a conference is in the Court's discretion, but Plaintiffs' vague request (at 2) to raise "a range of complex and disputed issues" is not a substitute for dates on the calendar.

Plaintiffs also contend (at 2) that the briefing "protocols . . . must adhere to and reflect the applicable standards and burdens." The applicable standards and burdens are set forth in Judge Daniels' March 2018 Order: "'[O]nce the defendant presents a prima facie case that it is a foreign sovereign . . . , the plaintiff has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted, although the ultimate burden of persuasion remains with the alleged foreign sovereign.'" ECF No. 3946, at 5-6 (quoting *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 109, 114 (2d Cir. 2013)). Plaintiffs should cite in their statement all "evidence" on which they will rely to show that "immunity should not be granted." *Id.* To the extent standards and burdens are disputed (and it is not clear they are), that should be argued in the motion papers, not in briefing schedule letters.

**2.  Renewed motion to dismiss briefing schedule.** The parties agree in general terms that the schedule should allow 60 days for Saudi Arabia's motion, 60 days for Plaintiffs' opposition, and 30 days for Saudi Arabia's reply, adjusted for weekends and holidays.[*] Plaintiffs renew, however, their unwarranted request that the schedule include cross-motions. They insist (at 3) that they have a "right to move for an evidentiary hearing." As the case they cite about evidentiary hearings makes clear, "whether to hold an evidentiary hearing" is "vested . . . in the district court's discretion." *Filetech S.A. v. France Telecom S.A.*, 304 F.3d 180, 183 (2d Cir. 2002) (per curiam). It is not a matter of right. In any event, Plaintiffs can include in their opposition a request for an evidentiary hearing. Their proposal to build a cross-motion, cross-opposition, and cross-reply into the briefing schedule is unreasonable. In particular, any reply Plaintiffs file in support of a cross-motion for an evidentiary hearing will foreseeably become a surreply in opposition to the motion to dismiss, to which Plaintiffs are not entitled.

Plaintiffs do not address Saudi Arabia's proposal for concise statements or tables of evidentiary objections. The motion papers will likely contest the admissibility and reliability of hearsay documents such as internal FBI memoranda and Form 302s. A table making clear which documents are subject to which objections is likely to be helpful to the Court.

**3.  *Daubert* motions.** As Saudi Arabia explained in its opening motion, Plaintiffs original proposal for a single 25-page *Daubert* motion would have given Saudi Arabia three-and-a-half pages to address the qualifications, methodology, and reliability of each of Plaintiffs' seven experts. Plaintiffs now propose to allot 30 pages – about four-and-a-quarter pages per

---

[*] Saudi Arabia maintains its request that, to the extent its reply would otherwise be due in the last two weeks of December or the first two weeks of January, the Court add two weeks.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 1, 2022
Page 3

expert – to be combined with 50-page merits briefing for a total of 80 pages. That is inadequate and far less than the previous example they cite of 12 pages per expert. Saudi Arabia has no desire to file a full-length motion for each expert and will work to economize. But Saudi Arabia needs (and the Court's rules authorize) a significant number of *Daubert* pages because Plaintiffs have proffered numerous unqualified experts whose opinions have serious flaws.

Contrary to Plaintiffs' assertions (at 4-5), *Daubert* briefing remains relevant when a judge sits as finder of fact. Although the standard then has "greater flexibility," *Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Solstice ABS CBO II, Ltd.*, 910 F. Supp. 2d 629, 639 (S.D.N.Y. 2012), courts in this District can and do exclude unreliable or unhelpful expert evidence in bench trials. *See id.* at 648, 649-50 (doing so); *see also Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 392 F. Supp. 3d 382, 400, 401 (S.D.N.Y. 2019) (same); *New York v. United Parcel Serv., Inc.*, 2016 WL 4735368, at *8 (S.D.N.Y. Sept. 10, 2016) (same).

A common practice in bench-trial cases is for the judge to "receive the [expert] evidence and disregard it later if it fails to satisfy the strictures of Rule 702 and *Daubert*." *E.g.*, *Kortright*, 392 F. Supp. 3d at 397; *see also Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 220-21 (S.D.N.Y. 2019). That is essentially what Saudi Arabia proposes here, by synchronizing the motion-to-dismiss and *Daubert* briefing schedules. But that procedural efficiency does not mean that the Court should never scrutinize Plaintiffs' experts at all. *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 2022 WL 1515120, at *5 (S.D.N.Y. May 13, 2022) ("Although a court has general discretion to hear expert testimony and reserve on a *Daubert* motion until the conclusion of a bench trial, it still must perform a Rule 702 and *Daubert* analysis before it relies upon expert testimony.").

**4.     Page limits.** Leaving aside the cross-motion and *Daubert* disputes, the parties agree on 50 pages for Saudi Arabia's motion and Plaintiffs' opposition, and 25 for the reply. As Plaintiffs acknowledge (at 5), Saudi Arabia takes no position on whether the CAC and *Ashton* Plaintiffs should file two sets of papers, but reserves the right to request more pages if they do.

**5.     Confidentiality review.** Plaintiffs do not address timing for confidentiality review in their letter. The Court should adopt Saudi Arabia's proposal in its opening letter (at 3), which is reasonable and gives the FBI sufficient time for review.

**6.     Dallah Avco's motion.** Dallah Avco is replying separately to Plaintiffs' letter.

The time is ripe for the Court to set a briefing schedule. Saudi Arabia looks forward to answering the question that Judge Daniels posed in 2018: "whether and to what extent Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." ECF No. 3946, at 23. The evidence will show that no such thing occurred.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
July 1, 2022
Page 4

                    Respectfully submitted,

                    */s/ Michael K. Kellogg*

                    Michael K. Kellogg
                    *Counsel for the Kingdom of Saudi Arabia*

cc:    All MDL Counsel of Record (via ECF)