

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

July 1, 2022

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY  10007

BY ECF

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570 (S.D.N.Y.)

Dear Judge Netburn:

Defendant Dallah Avco respectfully submits this letter in connection with the pending correspondence on a briefing schedule for renewed dispositive motions (Dkts. 8131, 8157).

Dallah Avco plans to submit a renewed motion to dismiss for lack of personal jurisdiction, and in the alternative, for summary judgment.  The Second Circuit remanded Dallah Avco for jurisdictional discovery nine years ago in 2013.  Since then, Dallah Avco has conducted years of wide-ranging document discovery that included a months-long excavation of a warehouse in the Saudi Arabian desert.  It presented for deposition its corporate representative as well as multiple former employees who had no obligation to testify.  Dallah Avco has endured far more discovery than most defendants undergo at the merits stage.

That discovery proved overwhelmingly what Dallah Avco has maintained from the outset: that Dallah Avco was a government contractor performing outsourced human resources functions for the Saudi Presidency of Civil Aviation's ANSS project.  Dallah Avco sent Omar Al Bayoumi paychecks in amounts determined by the PCA and subject to the PCA's reimbursement, just like Dallah Avco did for the other 1400 ANSS employees on the project.  As far as Dallah Avco knew, Al Bayoumi was in the United States with the PCA's blessing to pursue educational studies so he could advance his career at the agency.  No one ever told Dallah Avco otherwise.  The evidence is undisputed on that point.  By now, Dallah Avco has a compelling interest in being promptly excused from this long-running litigation.

For that reason, the Court should reject plaintiffs' requests for a "case management conference," for prior resolution of their Rule 54(b) motion, and for still more "limited discovery."  Those are delay tactics.  Instead, the Court should set a schedule for renewed dispositive motions.  Dallah Avco defers to the Court regarding the deadline for plaintiffs' statement of facts (whether August 1, September 30, or some date in between).  All parties agree that Dallah Avco should have 60 days thereafter to file its dispositive motions, plaintiffs should

have another 60 days for their oppositions, and Dallah Avco should have at least 30 days for its reply. If any party believes that an evidentiary hearing is necessary, the party can make that request in its briefing.

      Dallah Avco requests at least 40 pages for its principal brief and 20 pages for its reply brief. Plaintiffs' proposal of 25 pages and 10 pages is far too short. Although Dallah Avco will work to minimize any unnecessary overlap with the Kingdom's briefs, the two briefs will have different factual focuses and involve different legal standards (the Kingdom will be arguing sovereign immunity; Dallah Avco will be arguing lack of personal jurisdiction and no genuine disputes of fact). Given the volume of discovery over the nine-year history of this case since the Second Circuit's remand, page limits of 25 pages and 10 pages are inadequate.

      Dallah Avco does not expect to file its own *Daubert* motions and instead will simply join the Kingdom's motions as appropriate. Dallah Avco notes that it served an 80-page expert report from its Saudi employment law expert. No party served any rebuttal to that report, and no party even noticed a deposition of Dallah Avco's expert.

      We thank the Court for its time and attention to these matters.

      Respectfully submitted,

      Robert Kry

cc:    All counsel by ECF