# Exhibit 3

# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

TELEPHONE:  (212) 574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

BRIAN P. MALONEY
(212) 574-1448
maloney@sewkis.com

901 K STREET, N.W.
WASHINGTON, DC  20001
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

June 15, 2022

**VIA E-MAIL**

Mr. Lee S. Wolosky
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036

Re:   Discovery Proposals

Dear Lee:

Thank you for your June 3, 2022 letter.  Following our calls on May 31 and June 2, 2022, we have now had an opportunity to consider your follow-up requests to the March 28, 2022 responses and objections of non-party Respondents Oaktree Capital Management, L.P. ("OCM"), Fleetscape Capital Holdings Limited ("Fleetscape Holdings"), and Fleetscape Suez Rajan, LLC ("FSR") (collectively, "Respondents").  Subject to and without waiving any of Respondents' specific or general objections, please be advised as follows:

1. With respect to Document Request No. 2, we anticipate providing you with a production of documents and communications received from Empire Navigation Inc. ("Empire"), the party exercising the operation and management of the Vessel, concerning the *Suez Rajan*. We are assembling those materials and expect to provide them to you on a confidential basis by on or about June 17, 2022.

2. With respect to Document Request No. 4, we respectfully refer you to our updated response to Information Subpoena Request No. 12 below.

3. With respect to Information Subpoena Request Nos. 6, 8 and 9, Respondents state that, for the period between the date of the subpoena and June 15, 2022, which is the date of this letter, they lack knowledge of: (i) any property aboard the *Suez Rajan* (the "Vessel") in which any of the above-mentioned Judgment Debtors may have an interest, whether under the name of the debtor, under a trade or corporate name, in association with others, or otherwise; (ii) who currently has title to the oil aboard the Vessel; and (iii) whether the oil currently aboard the Vessel originated in Iran.

Mr. Lee S. Wolosky
June 15, 2022
Page 2

4. With respect to Information Subpoena Request No. 12, Respondents state that they understand that Empire Navigation Inc. has engaged in discussions concerning the possible refinancing of the Vessel.

   If such a refinancing were to conclude, it would involve a sale of the Vessel from its registered owner, FSR, to the bareboat charterer, Suez Rajan Limited. Respondents understand that such a transaction would enable Suez Rajan Limited (and Empire, the managers of the Vessel), to enter into another lending or financing arrangement with a different financier. Respondents understand that no such refinancing will occur without a prior resolution of the U.S. government's investigation into the origin of the cargo aboard the Vessel.

Finally, you have requested a deposition of Martin Graham which we understand to be directed at jurisdictional discovery in connection with the fully-briefed motion for turnover of assets now pending before the Court, including a request from the Hoglan Creditors to engage in additional limited discovery. But because among other things there is no genuine dispute that Respondents do not possess or have custody of the vessel or its cargo, Respondents see no need to engage in deposition discovery concerning the jurisdictional issues raised in the turnover motion while additional dispositive issues remain pending before the Court.

That said, as you may be aware, OCM is also responding to near-identical requests for discovery from another group of judgment creditors of Iran or its instrumentalities (the "Anderson Creditors"), as a non-party in the action styled *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* in the Central District of California (Case No. 02-cv-2160). The Anderson Creditors have also requested a deposition or in-court examination of a representative of OCM, and the parties are presently briefing similar jurisdictional issues related to the unavailability of the cargo aboard the Vessel, given that it is also not located within the United States. OCM believes that a deposition of Mr. Graham is unwarranted at this time in either proceeding, but should either Court direct such an examination, Respondents request the Hoglan Creditors' position on conducting a joint deposition of Mr. Graham, to reduce the burden on the witness and subject to further discussion and agreement concerning permissible topics of discovery in each case.

Sincerely,

Brian P. Maloney