UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to: *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

**PLAINTIFFS' NOTICE OF MOTION FOR FINAL JUDGMENT AS TO LIABILITY FOR ALL ADDITIONAL *O'NEILL* PLAINTIFFS AS AGAINST THE TALIBAN *AND* FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE TALIBAN FOR THOSE ADDITIONAL *O'NEILL* PLAINTIFFS WHO PREVIOUSLY RECEIVED DAMAGES JUDGMENTS AGAINST IRAN**

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, the Declaration of Jerry S. Goldman, Esq. with the exhibits appended and tendered (the "Goldman Declaration"), and all prior proceedings in the MDL, all plaintiffs in the above-captioned matter, *except* for John Patrick O'Neill, Jr., Christine Irene O'Neill, Carol O'Neill, Dorothy O'Neill,[1] and the Estate of John Patrick O'Neill, Sr. ("Original *O'Neill* Plaintiffs") (Plaintiffs in the above-captioned matter other than the Original *O'Neill* Plaintiffs are referred to herein as the "Additional *O'Neill* Plaintiffs"), by and through undersigned counsel, respectfully move this Court for an ORDER:

(1) extending the Court's Order at ECF No. 3067 granting a judgment as to liability for the Original *O'Neill* Plaintiffs, to the Additional *O'Neill* Plaintiffs; AND,

(2) granting the Additional *O'Neill* Plaintiffs' motion for entry of default judgment as to liability against the Taliban; AND,

(3) determining that service of process in the above-captioned matter was properly effected upon the Taliban; AND,

---

[1] Dorothy O'Neill has passed away and undersigned counsel previously moved to substitute in Christine O'Neill as the personal representative of the estate. ECF No. 8179. This motion is currently pending.

  (4) determining that this Court possesses personal jurisdiction over the Taliban; AND,

  (5) determining that this Court has subject-matter jurisdiction over the Taliban.

PLEASE TAKE FURTHER NOTICE that upon the accompanying Memorandum of Law, the Goldman Declaration, and all prior proceedings in this MDL, certain of the plaintiffs in the above-referenced matter who are identified in Exhibit A and Exhibit B to the Goldman Declaration ("Moving Plaintiffs"), by and through undersigned counsel, respectfully move this Court for an ORDER:

  (1) finding the Taliban jointly and severally liable with the Islamic Republic of Iran ("Iran") and awarding damages judgments to Moving Plaintiffs identified in Exhibit A and Exhibit B, against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); AND,

  (2) awarding solatium damages to those Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; AND,

  (3) awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount

previously awarded by this Court regarding other estates of decedents killed in the September 11th Attacks, as set forth in Exhibit B; AND,

(4)   awarding compensatory damages to those Moving Plaintiffs identified in Exhibit B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibit B; AND,

(5)   awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified in Exhibit B, an award of economic damages in the amounts as set forth in Exhibit B; AND,

(6)   awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a) in the amounts set forth in Exhibit A and Exhibit B; AND,

(7)   finding that the treble damages awarded are compensatory in nature and not punitive; AND

(8)   awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(9)   granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(10)   granting permission for all other Additional *O'Neill* Plaintiffs not appearing in Exhibit A and Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(11)   granting to the Plaintiffs such other and further relief as this honorable court deems just and proper.

All Moving Plaintiffs seeking damages judgments have previously received damages judgments against Iran by this Court.

Dated: New York, New York
July 7, 2022

Respectfully submitted,

/s/ Jerry S. Goldman
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
Ethan Greenberg, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 279-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
egreenberg@andersonkill.com
*Attorneys for Plaintiffs*