# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (212) 745-1157  Fax: (917) 591-5980
john@johnschutty.com

April 20, 2022                                              **Via ECF**

Honorable George B. Daniels
United States District Court Judge
Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York

      Re:    *In re Terrorist Attacks on September 11, 2001*
             MDL No. 03-MDL-1570 (GBD) (SN)
             *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
             (and member case *Burlingame v. Bin Laden, et al.*, 02-cv-7230 (GBD)(SN))
             *Havlish v. Bin_laden, et al.*
             Case No.: 03-cv-09848-GBD-SN

Your Honors:

I represent the Personal Representatives (all widows) of eight decedents killed in the World Trade Center on September 11, 2001.

On behalf of my clients, I object to the *Havlish* turnover motion since money is being claimed by individuals from a "limited fund" without regard to applicable law barring their recovery; the money is being taken from other deserving 9/11 widows and children.

I write at this time (apart from the PEC) because I have no choice – the attorneys within the PEC disagree with my office as to the applicability of state law in this litigation; this compels me to write separately to the Court about defects in the default judgment awards issued to the *Havlish* Plaintiffs in 2012, defects which should compel the Court to vacate at least portions of the *Havlish* default judgment under Fed. R. Civ. P. 60 (the default judgment is "defective," "incorrect" or "voidable"). I apologize for this additional filing, separate and apart from the PEC, but I must zealously represent the interests of my clients and I have no other choice.

My clients are within the *Ashton* and *Burlingame* actions, but their claims differ in one serious respect from the claims set forth by other lawyers within the *Ashton* and *Burlingame* actions (claims pursued by the leaders of the Plaintiff's Executive Committee ("PEC") for Personal Injury & Death) – my clients allege that the state administration of estates, and state wrongful death law, has been wrongfully ignored in awarding damages to certain plaintiffs within this multidistrict litigation (my clients claim that awards have been made to individuals who are not entitled to damage awards under applicable state

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
April 20, 2022, Page 2

law). Since all of the PEC law firms represent both "heirs" and "non-heirs" (under state law) within this litigation, the PEC attorneys cannot properly represent my clients (who are all "heirs" under state law: widows and children of 9/11 decedents); a conflict of interest exists. In short, my clients are presently deprived of a proper representation of their interests within the existing "PEC for Personal Injury & Death."

## THE DEFECTS IN THE DEFAULT JUDGMENT OBTAINED BY THE HAVLISH PLAINTIFFS AGAINST THE TALIBAN

A close examination of: (1) the Third Amended Complaint (ECF#263 in SDNY 03-CV-9848-GBD-SN) filed by the *Havlish* Plaintiffs against the Taliban, (2) the default judgment motion filed by the *Havlish* Plaintiffs, and (3) the default judgment awards entered by Magistrate Judge Frank Maas in their favor, all indicate that there are patent defects in the default judgment that are subject to challenge under Fed. R. Civ. P. 60 before money is paid under that judgment.

1. **The *Havlish* Third Amended Complaint (ECF#263 filed 06/23/10)**

In the *Havlish* Third Amended Complaint (filed in 2010, before the *Havlish* default judgment was filed) the Taliban was served as a "Non-Sovereign Defendant" as opposed to a "Sovereign Defendant" (*e.g.*, Iran, Iraq, etc.) by various individuals.

The only viable claims asserted against the Taliban by the *Havlish* Plaintiffs were/are based on "traditional" common law (state law) for wrongful death and survival damages. The *Havlish* Plaintiffs did not assert claims under the federal Anti-Terrorism Act, and no viable claim existed against the Taliban under the Foreign Sovereign Immunities Act.

2. **BRIEF -- *Havlish* Plaintiffs' Damages Inquest Memorandum (ECF#301 Filed February 14. 2012)**

*In claiming damages against ALL of the defendants, the Havlish Plaintiffs relied exclusively on the FSIA –* "Damages available under the FSIA-created cause of action include "economic damages, solatium, pain and suffering, and punitive damages," (Brief at 5) – even though the FSIA clearly does not provide a cause of action in favor of the *Havlish* Plaintiffs against the Taliban. No attempt was made in this application to distinguish between the claims asserted against Sovereign Defendants (FSIA claims) and the claims asserted against Non-Sovereign Defendants (traditional tort claims),

3. **REPORT AND RECOMMENDATION of Magistrate Judge Frank Maas Awarding Default Judgment Damage Awards Against All Defendants in Default (ECF# 314 Filed July 30, 2012)**

The bulk of Magistrate Judge Mass's opinion on damages dealt with the elements of damages that should be awarded against the "Sovereign Defendants" and this entailed only what damages were recoverable by the *Havlish* Plaintiffs under the FSIA (§ 1605A).

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
April 20, 2022, Page 3

When addressing what damages were recoverable against the Non-Sovereign Defendants (Taliban), Judge Mass merely stated the following:

> Although the Plaintiffs' submissions do not discuss their claims against **the Non-Sovereign Defendants** in great detail, **those Defendants are liable for the same damages as the Sovereign Defendants under traditional tort principles**.[3] See Valore, 700 F.Supp. 2d at 76-80. **The Non-Sovereign Defendants consequently should be held jointly and severally liable for the damages set forth above** and in the appendices to this Report and Recommendation.
>
> [3] The **Plaintiffs**, however, cannot recover treble damages against the Non-Sovereign Defendants pursuant to the **Antiterrorism Act**, 18 U.S.C. § 2333, see Smith, 262 F. Supp. 2d at 220-22, because they **did not assert such a claim in their Complaint**. (See Compl . ¶¶ 401-21).

Mass July 30, 2012 Opinion at 14 (emphasis added).

In fact, under traditional tort principles – wrongful death and survivor claims are governed by applicable state law – many of the *Havlish* Plaintiffs would be denied recovery (*e.g.*, no recovery permitted to parents or siblings under NYS law, if a decedent is survived by a spouse and children) and many of the items of damage awarded by Judge Maas would not be recoverable by these Plaintiffs (*e.g.*, solatium, grief, etc.) as against the Taliban. Thus, the damage awards sought and entered against the Taliban appear to be incorrect/invalid under applicable law, especially awards to individuals who are not qualified "heirs" under state law.

### THE LIABILITY OF THE TALIBAN TO THE HAVLISH PLAINTIFFS

The *Havlish* Plaintiffs are inextricably bound to the causes of action in their Third Amended Complaint, when the default judgment was entered and, thus, they are limited to traditional tort causes of action for wrongful death and survival damages (applicable state law). Thus, when Magistrate Judge Maas (and Judge Daniels) awarded the same damage awards to the *Havlish* Plaintiffs, as were awarded against the Islamic Republic of Iran, this was clear error, as damages under state law are limited to prescribed members of the individual decedent's estates and damages are similarly limited (*e.g.*, no solatium may be awarded under applicable state law).

In the default judgment obtained against the Taliban by the *Havlish* Plaintiffs, several of these Plaintiffs appear to be parents and siblings of 9/11 decedents (e.g., "Martina Lyne–Ann Panik, as the sister of Lt. Jonas Martin Panik") who have asserted individual and personal claims under "traditional tort theories" (wrongful death and survival claims) and many may have been belatedly added to the litigation after the state wrongful death statute of limitations had expired; these parents-siblings of decedents have not shown the

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
April 20, 2022, Page 4

Court that they are within the "estate" of their 9/11 decedent, as that "estate" is defined by governing state law.

Each American *state* has different laws surrounding the distribution of wrongful death proceeds in administering the estates of decedents. In New York, for example, wrongful death damages are distributed *only* to members of a decedent's defined "estate," *i.e.,* immediate family members explicitly described within a statute, in proportion to their financial loss. *See* N.Y. Estate Powers & Trusts Law ("EPTL") § 5-4.4. Where a 9/11 decedent is survived by a spouse and children, for example, parents and siblings of the decedent are denied wrongful death damages under New York law, regardless of any claimed injury.[1] *Id.* Also, New York State law gives the court-appointed personal representative of an estate the exclusive authority to bring an action for a wrongful death arising to a decedent's estate.[2] *See* EPTL, Section 5-4.1. New York "estate" law and wrongful death law, which requires a result different than that reached by Magistrate Judge Maas, was not only ignored, it was violated: (1) by awarding money damages in the *Havlish* action to individuals outside the state-prescribed and statutorily-defined "heirs of the estate" and (2) by awarding damages (solatium) beyond what New York law would allow.[3]

---

[1] *See also Sager v. City of Woodland Park*, 543 F. Supp. 282, 290 (D. Colo. 1982) (rejecting constitutional claim of siblings); *Carter v. City of Emporia*, 543 F. Supp. 354 (D. Kan. 1982) (only heirs may bring wrongful death actions under Kansas law). For example, courts that have considered the availability of § 1983 wrongful death claims by siblings who do not possess the right to sue under state law have generally refused to recognize a constitutional interest that can be enforced through a § 1983 wrongful death damage suit. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1245-48 (7th Cir. 1984); *Sager v. City of Woodland Park*, 543 F. Supp. 282, 290 (D. Colo. 1982); *Sanchez v. Marquez*, 457 F. Supp. 359, 362-63 (D. Colo. 1978); *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961)) ("Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits. Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." (citations omitted)).

[2] "It is settled beyond any doubt that under the New York wrongful death statute the right to prosecute, settle and compromise the wrongful death claim lies exclusively with the personal representative of the estate, who brings the suit in his or her representative capacity as statutory trustee for all of the statutory beneficiaries." https://www.kreindler.com/Publications/Aviation-Law-10.shtml.

[3] In fact, the probate exception to federal jurisdiction prohibits federal courts from hearing cases involving matters related to the probate of wills or administration of estates. *Markham v. Allen*, 326 U.S. 490, 494 (1946). It is a doctrine that has been described as "one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982). Yet, here, the court failed to give any regard to the interests of the states where the 9/11 decedents were domiciled – states left responsible for the future welfare and support of surviving widows and children. These states are undeniably responsible for administering the estates of decedents in this country and they therefore have a far greater interest in the administration of the decedents' estates than the federal government.

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
April 20, 2022, Page 5

### Choice of Law - When Traditional Tort Law Applies in a Wrongful Death Context

Where a plaintiff proceeds with wrongful death and survival claims that arise out of traditional tort principles, that plaintiff must establish that a given state law applies to those claims through a choice of law analysis. Typically, the law of the decedent's domicile will be applied in a wrongful death context (here the possibilities are likely New York, New Jersey, Connecticut and Pennsylvania). Here, however, no attempt was made by the *Havlish* attorneys (or the Court) to explain what state law (traditional common law) governed the wrongful death (or personal injury) claims of the *Havlish* Plaintiffs against the Taliban. Magistrate Judge Maas merely *assumed* incorrectly that the claims asserted against the Sovereign Defendants were identical to the claims asserted against the Taliban (a Non-Sovereign Defendant), an entity not subject to § 1605A of the FSIA.

Here, the laws of the domiciles of the decedents have been given no regard in evaluating the *Havlish* wrongful death claims: (1) some of these Plaintiffs appear to be outside the "estate, survivors, or heirs" explicitly recognized by state law, and the (2) the damages awarded (e.g., solatium) are clearly not recoverable under existing New York law. On matters of estate law and wrongful death damages distribution, the laws of the domiciles of the decedents should have been addressed, especially if an award of wrongful death damages is requested on behalf of a family member in direct disregard of state law, state interests and state policy.

### Joint & Several Liability

Also incorrect is the finding by both Magistrate Judge Maas that the 9/11 defendants in default (Sovereign Defendants and Non-Sovereign Defendants) are "jointly and severally" liable to the *Havlish* Plaintiffs. This suggestion *cannot* be true as to *Havlish* Plaintiffs *who are not qualified heirs of the decedent's estate under state law*. Certain *Havlish* Plaintiffs simply do not have standing to assert claims damages against the Taliban, so there is no joint and several liability that can be afforded to these individuals.

### The Statute of Limitations for State Law Wrongful Death Claims

A final issue of significance is whether all of the *Havlish* Plaintiffs have filed timely wrongful death actions. If the *Havlish* Plaintiffs are, indeed, bound by state law, then their claims are subject to state statute of limitations for wrongful death. New York law, for example, has a two year statute of limitations for wrongful death that begins to accrue upon the death of the decedent. N.Y. Est. Powers & Trust Law § 5-4.1.

### Asserting a Challenge to the *Havlish* Plaintiffs' Existing Taliban Default Judgment

Fed. R. Civ. P. 60 (emphasis added below) affords a remedy for seeking relief from a prejudicial *partial* default judgment that "takes" money from a "limited fund" and thereby deprives other worthy plaintiffs of money in the MDL litigation:

Case 1:03-md-01570-GBD-SN   Document 8187-1   Filed 07/08/22   Page 6 of 7
Case 1:03-cv-09848-GBD-SN   Document 615   Filed 04/20/22   Page 6 of 7

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
April 20, 2022, Page 6

**Rule 60. Relief from a Judgment or Order**

\*   \*   \*

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. **On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:**

- (1) **mistake**, inadvertence, surprise, or excusable neglect;

- (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

- (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

- (4) **the judgment is void**;

- (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

- (6) **any other reason that justifies relief**.

(c) TIMING AND EFFECT OF THE MOTION.

- (1) **Timing.** A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

- (2) **Effect on Finality.** The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. **This rule does not limit a court's power to:**

- **(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;**

- (2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

- **(3) set aside a judgment for fraud on the court.**

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
April 20, 2022, Page 7

Your Honor, because I have learned only today that my clients would not be properly represented by the PEC in opposing the *Havlish* turnover motion (the PEC has a 20-page brief limitation), I have not had a full and fair opportunity to research and review precedent for the filing of a Fed. R. Civ. P. 60 motion to vacate the *Havlish* default judgment under the circumstances present here, but Rule 60(b)(6) and 60(d)(1 and 3) certainly appear to allow a challenge to what would be an improper payment of money under a defective judgment.

In the interest of justice, I ask the Court to consider the above in resolving the difficult issues now before the Court.

Sincerely yours,

*John F. Schutty*