UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| ESTATE OF ALICE HOGLAN, BY ITS PERSONAL REPRESENTATIVE CANDYCE S. HOGLAN, ET AL.,<br><br>    Plaintiffs-Judgment Creditors,<br><br>v.<br><br>OAKTREE CAPITAL MANAGEMENT, LP; FLEETSCAPE CAPITAL HOLDINGS LIMITED; AND FLEETSCAPE SUEZ RAJAN LLC;<br><br>    Garnishees. | Case No. 11-cv-7550 (GBD)(SN) |

**FLEETSCAPE CAPITAL HOLDINGS LIMITED AND FLEETSCAPE SUEZ RAJAN, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS-JUDGMENT CREDITORS' SECOND SUBPOENA DUCES TECUM**

Fleetscape Capital Holdings Limited ("Fleetscape Holdings") and Fleetscape Suez Rajan, LLC ("FSR") (collectively, the "Fleetscape Entities"), by and through their undersigned counsel, hereby respond and object to the Estate of Alice Hoglan et al.'s (the "Hoglan Creditors") Second Subpoena Duces Tecum, dated June 23, 2022 (the "Subpoena"), issued by Jenner & Block LLP, counsel for the Hoglan Creditors in the above-referenced action.

**GENERAL OBJECTIONS**

The following General Objections apply to each Definition, Instruction, and Request, and are specifically incorporated into each of the Fleetscape Entities' Specific Responses, as applicable, without restating the same:

1

1. The Fleetscape Entities' responses to the Subpoena shall in all respects be governed by the requirements of the New York Civil Practice Law and Rules (the "CPLR") and the Federal Rules of Civil Procedure (the "Federal Rules"). The Fleetscape Entities object to the Subpoena to the extent it otherwise purports to impose obligations in addition to, inconsistent with, or beyond the scope of those established by the CPLR, the Federal Rules, or other applicable law.

2. The Fleetscape Entities object to the Subpoena to the extent that it requires the Fleetscape Entities to engage in broad discovery prior to a judicial determination that the Fleetscape Entities are subject to the personal jurisdiction of this Court or are otherwise proper parties to this action.

3. The Fleetscape Entities object to the Subpoena to the extent that it seeks documents or communications that will not assist or that are not reasonably related to assisting the Hoglan Creditors in satisfying their judgments against the Judgment Debtors.

4. The Fleetscape Entities object to the Subpoena to the extent it requests documents or communications that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege and/or immunity from disclosure that may be applicable. The inadvertent or unintentional disclosure of any documents or communications by the Fleetscape Entities that would be subject to an assertion of privilege or otherwise protected from disclosure shall not be deemed to be a waiver in whole or in part of the confidential or privileged nature of the documents or communications disclosed, or as to any other documents or information relating thereto or on the same or a related subject matter.

5. The Fleetscape Entities object to the Subpoena as unduly burdensome to the extent it seeks the production of "all" documents and communications concerning a specific subject.

6. The Fleetscape Entities object to the Subpoena to the extent it seeks documents or communications that are not in the Fleetscape Entities' possession, custody, or control; or that are already in the Hoglan Creditors' possession, equally available to the Hoglan Creditors, or obtainable from a third party that is more convenient, less burdensome, or less expensive.

7. The Fleetscape Entities reserve their rights to supplement, modify, or amend their objections to the Subpoena, interpose objections to particular requests in the Subpoena, or move for a protective order or other relief, if necessary.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Any and all leases, sub-leases or contracts (collectively "Leases") concerning the use, rental, or occupancy of any property in the State of New York by the Fleetscape Entities covering the period from October 8, 2020 to the present, including, without limitation, any premises located at 277 Park Avenue, New York, NY, but excluding Leases concerning office space at 1301 Avenue of the Americas, New York, NY.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections, the Fleetscape Entities object to Request No. 1 on the grounds that it seeks information relating to third parties which will not assist in uncovering information about the Judgment Debtors' property that could be used to satisfy the Hoglan Creditors' judgment. The Fleetscape Entities further object to Request No. 1 because the Hoglan Creditors have not made a *prima facie* showing of personal jurisdiction over the Fleetscape Entities sufficient to support their request.

July 5, 2022
New York, New York

                            SEWARD & KISSEL LLP

                    By:   *s/ Bruce G. Paulsen*
                          Bruce G. Paulsen (paulsen@sewkis.com)
                          Brian P. Maloney (maloney@sewkis.com)
                          One Battery Park Plaza
                          New York, New York 10004
                          (212) 574-1200

                  *Attorneys for Respondents Fleetscape Capital*
                  *Holdings Limited and Fleetscape Suez Rajan, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| ESTATE OF ALICE HOGLAN, BY ITS PERSONAL REPRESENTATIVE CANDYCE S. HOGLAN, ET AL., <br><br>    Plaintiffs-Judgment Creditors, <br><br>v. <br><br>OAKTREE CAPITAL MANAGEMENT, LP; FLEETSCAPE CAPITAL HOLDINGS LIMITED; AND FLEETSCAPE SUEZ RAJAN LLC; <br><br>    Garnishees. | Case No. 11-cv-7550 (GBD)(SN) |

**FLEETSCAPE CAPITAL HOLDINGS LIMITED AND FLEETSCAPE SUEZ RAJAN, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS-JUDGMENT CREDITORS' SECOND INFORMATION SUBPOENA**

Fleetscape Capital Holdings Limited ("Fleetscape Holdings") and Fleetscape Suez Rajan, LLC ("FSR") (collectively, the "Fleetscape Entities"), by and through their undersigned counsel, hereby respond and object to the Estate of Alice Hoglan et al.'s (the "Hoglan Creditors") Second Information Subpoena, dated June 23, 2022 (the "Subpoena"), issued by Jenner & Block LLP, counsel for the Hoglan Creditors in the above-referenced action.

**GENERAL OBJECTIONS**

The following General Objections apply to each Request, and are specifically incorporated into each of the Fleetscape Entities' Specific Responses, as applicable, without restating the same:

1. The Fleetscape Entities' responses to the Subpoena shall in all respects be governed by the requirements of the New York Civil Practice Law and Rules (the "CPLR") and the Federal

1

Rules of Civil Procedure (the "Federal Rules"). The Fleetscape Entities object to the Subpoena to the extent it otherwise purports to impose obligations in addition to, inconsistent with, or beyond the scope of those established by the CPLR, the Federal Rules, or other applicable law.

2. The Fleetscape Entities object to the Subpoena to the extent that it requires the Fleetscape Entities to engage in broad discovery prior to a judicial determination that the Fleetscape Entities are subject to the personal jurisdiction of this Court or are otherwise proper parties to this action.

3. The Fleetscape Entities object to the Subpoena to the extent that it seeks information that will not assist or that is not reasonably related to assisting the Hoglan Creditors in collecting their judgments against the Judgment Debtors.

4. The Fleetscape Entities object to the Subpoena to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege and/or immunity from disclosure that may be applicable. The inadvertent or unintentional disclosure of any information by the Fleetscape Entities that would be subject to an assertion of privilege or otherwise protected from disclosure shall not be deemed to be a waiver in whole or in part of the confidential or privileged nature of the information disclosed, or as to any other documents or information relating thereto or on the same or a related subject matter.

5. The Fleetscape Entities object to the Subpoena to the extent that it seeks confidential information or information subject to applicable data privacy laws (such as the European Union's General Data Protection Regulation or other similar laws) that may preclude or prohibit disclosure of such information.

6. The Fleetscape Entities object to the Subpoena to the extent it seeks information that is not in the Fleetscape Entities' possession, custody, or control; or that are already in the Hoglan Creditors' possession, equally available to the Hoglan Creditors, or obtainable from a third party that is more convenient, less burdensome, or less expensive.

7. The Fleetscape Entities reserve their rights to supplement, modify, or amend their objections to the Subpoena, interpose objections to particular requests in the Subpoena, or move for a protective order or other relief, if necessary.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Have the Fleetscape Entities—or the employees thereof—ever leased, sub-leased, rented, conducted business at, or otherwise occupied or used office space located at 277 Park Avenue, New York, NY?

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections, the Fleetscape Entities object to Request No. 1 on the grounds that the term "ever" is overbroad and vague in that it is unlimited in time, and the Request seeks information relating to third parties which will not assist in uncovering information about the Judgment Debtors' property that could be used to satisfy the Hoglan Creditors' judgment. The Fleetscape Entities further object to Request No. 1 because the Hoglan Creditors have not made a *prima facie* showing of personal jurisdiction over the Fleetscape Entities sufficient to support their request.

**REQUEST NO. 2:**

If the answer to (1) above is "yes", please indicate the approximate beginning dates of, and the contractual length of occupancy for, each such lease, sub-lease, rental, or occupancy or use.

**RESPONSE TO REQUEST NO. 2:**

The Fleetscape Entities respectfully refer the Hoglan Creditors to their response to Request No. 1.

July 5, 2022
New York, New York

            SEWARD & KISSEL LLP

        By: *s/ Bruce G. Paulsen*
           Bruce G. Paulsen (paulsen@sewkis.com)
           Brian P. Maloney (maloney@sewkis.com)
           One Battery Park Plaza
           New York, New York 10004
           (212) 574-1200

*Attorneys for Respondents Fleetscape Capital Holdings Limited and Fleetscape Suez Rajan, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| ESTATE OF ALICE HOGLAN, BY ITS PERSONAL REPRESENTATIVE CANDYCE S. HOGLAN, ET AL.,<br><br>Plaintiffs-Judgment Creditors,<br><br>v.<br><br>OAKTREE CAPITAL MANAGEMENT, LP; FLEETSCAPE CAPITAL HOLDINGS LIMITED; AND FLEETSCAPE SUEZ RAJAN LLC;<br><br>Garnishees. | Case No. 11-cv-7550 (GBD)(SN) |

**OAKTREE CAPITAL MANAGEMENT, L.P.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS-JUDGMENT CREDITORS' SECOND SUBPOENA DUCES TECUM**

Oaktree Capital Management, L.P. ("OCM"), by and through its undersigned counsel, hereby responds and objects to the Estate of Alice Hoglan et al.'s (the "Hoglan Creditors") Second Subpoena Duces Tecum, dated June 23, 2022 (the "Subpoena"), issued by Jenner & Block LLP, counsel for the Hoglan Creditors in the above-referenced action.

**GENERAL OBJECTIONS**

The following General Objections apply to each Definition, Instruction, and Request, and are specifically incorporated into each of OCM's Specific Responses, as applicable, without restating the same:

1. OCM's responses to the Subpoena shall in all respects be governed by the requirements of the New York Civil Practice Law and Rules (the "CPLR") and the Federal Rules of Civil

1

Procedure (the "Federal Rules").  OCM objects to the Subpoena to the extent it otherwise purports to impose obligations in addition to, inconsistent with, or beyond the scope of those established by the CPLR, the Federal Rules, or other applicable law.

2.  OCM objects to the Subpoena to the extent that it requires OCM to engage in broad discovery prior to a judicial determination that OCM is subject to the personal jurisdiction of this Court or otherwise is a proper party to this action.

3. OCM objects to the Subpoena to the extent that it seeks documents or communications that will not assist or that is not reasonably related to assisting the Hoglan Creditors in satisfying their judgments against the Judgment Debtors.

4. OCM objects to the Subpoena to the extent it requests documents or communications that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege and/or immunity from disclosure that may be applicable.  The inadvertent or unintentional disclosure of any documents or communications by OCM that would be subject to an assertion of privilege or otherwise protected from disclosure shall not be deemed to be a waiver in whole or in part of the confidential or privileged nature of the documents or communications disclosed, or as to any other documents or information relating thereto or on the same or a related subject matter.

5. OCM objects to the Subpoena as unduly burdensome to the extent it seeks the production of "all" documents and communications concerning a specific subject.

6. OCM objects to the Subpoena to the extent it seeks documents or communications that are not in OCM's possession, custody, or control; or that are already in the Hoglan Creditors' possession, equally available to the Hoglan Creditors, or obtainable from a third party that is more convenient, less burdensome, or less expensive.

7. OCM reserves its rights to supplement, modify, or amend its objections to the Subpoena, interpose objections to particular requests in the Subpoena, or move for a protective order or other relief, if necessary.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Any and all leases, sub-leases or contracts (collectively "Leases") concerning the use, rental, or occupancy of any property in the State of New York by Oaktree Capital Management LP covering the period from October 8, 2020 to the present, including, without limitation, any premises located at 277 Park Avenue, New York, NY, but excluding Leases concerning office space at 1301 Avenue of the Americas, New York, NY.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections, OCM objects to Request No. 1 on the grounds that it seeks information relating to third parties which will not assist in uncovering information about the Judgment Debtors' property that could be used to satisfy the Hoglan Creditors' judgment. OCM further objects to Request No. 1 because the Hoglan Creditors have not made a *prima facie* showing of personal jurisdiction over OCM sufficient to support their request.

July 5, 2022
New York, New York

                                    SEWARD & KISSEL LLP

                                    By:   *s/ Bruce G. Paulsen*
                                           Bruce G. Paulsen (paulsen@sewkis.com)
                                           Brian P. Maloney (maloney@sewkis.com)
                                           One Battery Park Plaza
                                           New York, New York 10004
                                           (212) 574-1200

                                    *Attorneys for Respondent Oaktree Capital Management, L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| ESTATE OF ALICE HOGLAN, BY ITS PERSONAL REPRESENTATIVE CANDYCE S. HOGLAN, ET AL., <br><br> Plaintiffs-Judgment Creditors, <br><br> v. <br><br> OAKTREE CAPITAL MANAGEMENT, LP; FLEETSCAPE CAPITAL HOLDINGS LIMITED; AND FLEETSCAPE SUEZ RAJAN LLC; <br><br> Garnishees. | Case No. 11-cv-7550 (GBD)(SN) |

**OAKTREE CAPITAL MANAGEMENT, L.P.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS-JUDGMENT CREDITORS' SECOND INFORMATION SUBPOENA**

Oaktree Capital Management, L.P. ("OCM"), by and through its undersigned counsel, hereby responds and objects to the Estate of Alice Hoglan et al.'s (the "Hoglan Creditors") Second Information Subpoena, dated June 23, 2022 (the "Subpoena"), issued by Jenner & Block LLP, counsel for the Hoglan Creditors in the above-referenced action.

**GENERAL OBJECTIONS**

The following General Objections apply to each Request, and are specifically incorporated into each of OCM's Specific Responses, as applicable, without restating the same:

1. OCM's responses to the Subpoena shall in all respects be governed by the requirements of the New York Civil Practice Law and Rules (the "CPLR") and the Federal Rules of Civil Procedure (the "Federal Rules"). OCM objects to the Subpoena to the extent it otherwise

1

purports to impose obligations in addition to, inconsistent with, or beyond the scope of those established by the CPLR, the Federal Rules, or other applicable law.

2. OCM objects to the Subpoena to the extent that it requires OCM to engage in broad discovery prior to a judicial determination that OCM is subject to the personal jurisdiction of this Court or otherwise is a proper party to this action.

3. OCM objects to the Subpoena to the extent that it seeks information that will not assist or that is not reasonably related to assisting the Hoglan Creditors in collecting their judgments against the Judgment Debtors.

4. OCM objects to the Subpoena to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege and/or immunity from disclosure that may be applicable.  The inadvertent or unintentional disclosure of any information by OCM that would be subject to an assertion of privilege or otherwise protected from disclosure shall not be deemed to be a waiver in whole or in part of the confidential or privileged nature of the information disclosed, or as to any other documents or information relating thereto or on the same or a related subject matter.

5. OCM objects to the Subpoena to the extent that it seeks confidential information or information subject to applicable data privacy laws (such as the European Union's General Data Protection Regulation or other similar laws) that may preclude or prohibit disclosure of such information.

6. OCM objects to the Subpoena to the extent it seeks information that is not in OCM's possession, custody, or control; or that are already in Hoglan Creditors' possession, equally available to Hoglan Creditors, or obtainable from a third party that is more convenient, less burdensome, or less expensive.

7. OCM reserves its rights to supplement, modify, or amend its objections to the Subpoena, interpose objections to particular requests in the Subpoena, or move for a protective order or other relief, if necessary.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Has Oaktree Capital Management LP—or the employees thereof—ever leased, sub-leased, rented, conducted business at, or otherwise occupied or used office space located at 277 Park Avenue, New York, NY?

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections, OCM objects to Request No. 1 on the grounds that the term "ever" is overbroad and vague in that it is unlimited in time, and the Request seeks information relating to third parties which will not assist in uncovering information about the Judgment Debtors' property that could be used to satisfy the Hoglan Creditors' judgment. OCM further objects to Request No. 1 because the Hoglan Creditors have not made a *prima facie* showing of personal jurisdiction over OCM sufficient to support their request.

**REQUEST NO. 2:**

If the answer to (1) above is "yes", please indicate the approximate beginning dates of, and the contractual length of occupancy for, each such lease, sub-lease, rental, or occupancy or use.

**RESPONSE TO REQUEST NO. 2:**

OCM respectfully refers the Hoglan Creditors to its response to Request No. 1.

July 5, 2022
New York, New York

SEWARD & KISSEL LLP

3

By:    *s/ Bruce G. Paulsen*
      Bruce G. Paulsen (paulsen@sewkis.com)
      Brian P. Maloney (maloney@sewkis.com)
      One Battery Park Plaza
      New York, New York 10004
      (212) 574-1200

*Attorneys for Respondent Oaktree Capital Management, L.P.*

4