UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 03-md-1570 (GBD)(SN) |
| ESTATE OF ALICE HOGLAN, BY ITS PERSONAL REPRESENTATIVE CANDYCE S. HOGLAN, ET AL.,<br><br>    Plaintiffs-Judgment Creditors,<br><br>v.<br><br>OAKTREE CAPITAL MANAGEMENT, LP; FLEETSCAPE CAPITAL HOLDINGS LIMITED; AND FLEETSCAPE SUEZ RAJAN LLC,<br><br>    Garnishees. | Case No. 11-cv-7550 (GBD)(SN) |

**REPLY MEMORANDUM OF LAW OF RESPONDENTS OAKTREE CAPITAL MANAGEMENT, LP, FLEETSCAPE CAPITAL HOLDINGS LIMITED, AND FLEETSCAPE SUEZ RAJAN LLC IN FURTHER SUPPORT OF THEIR MOTION TO QUASH THE HOGLAN CREDITORS' DEPOSITION SUBPOENA**

Respondents Oaktree Capital Management, L.P. ("OCM"), Fleetscape Capital Holdings Limited ("Fleetscape Holdings"), and Fleetscape Suez Rajan, LLC ("FSR" and collectively, "Respondents"), respectfully submit this reply memorandum of law in further support of their motion to quash the deposition subpoena for Martin Graham (the "Deposition Subpoena") served by the plaintiff-judgment creditors in this action (the "Hoglan Creditors").

## PRELIMINARY STATEMENT

Respondents established in their opposition to the Hoglan Creditors' motion for turnover of assets that a turnover motion is governed by the same standards and rules of decision that apply on a motion for summary judgment. *See* Dkt. 378 at 7-8.[1] And, in response to the Hoglan Creditors' motion, Respondents submitted evidence that a third party unaffiliated with Respondents was in full possession, custody, and control of the property that the Hoglan Creditors are seeking to have turned over. Dkt. 380 (Graham Decl.) at ¶¶ 15, 21, 23 and Ex. 8 at Clause 2. As such, the Hoglan Creditors' argument that there remains any "[s]ignificant [d]ispute of [f]act" (Dkt. 393 (Opp'n) at 11-12) in this matter rings hollow, because in the absence of evidence to controvert Respondents' submissions, this is contrary to the law concerning the summary proceeding that they have commenced. *Matter of Gonzalez v. City of New York*, 127 A.D.3d 632, 633 (1st Dep't 2015) ("where . . . a petition is unsupported by sufficient evidentiary proof, the petitioning party will not be entitled to remedy those deficiencies, thereby extending a procedure providing for summary disposition through 'unnecessary and unauthorized elaboration'") (citations omitted); *see also* Dkt. 378 at 7-8 (citing *Gonzalez* and other authorities); *cf. Bernstein v. Vill. of Wesley Hills*, 95 F. Supp. 3d 547, 569 (S.D.N.Y. 2015) (finding in dismissing a claim on summary judgment that "conclusory allegations . . . are not evidence") (citations omitted).

---

[1] "Dkt." references are to docket entries in *Hoglan et al v. Islamic Republic of Iran*, 11-cv-7550 (S.D.N.Y.).

1

Although Respondents have no quarrel with the Hoglan Creditors' pursuit of assets to satisfy their judgments, Respondents have submitted evidence to establish that the property the Hoglan Creditors seek—oil cargo aboard the *Suez Rajan* (the "Vessel")—is not in Respondents' possession or custody, but instead is located in international waters in the vicinity of Singapore and in the hands of a third party unaffiliated with any Respondent. This means that the Hoglan Creditors' supposed allegation to the contrary does not constitute a genuine dispute of fact sufficient to maintain or continue this proceeding. *See* Dkt. 378 at 7-8. The Hoglan Creditors nowhere even allege, let alone evidence, that the property they seek is in the possession or custody of any Respondent. *See* Dkt. 371 at 1 (alleging nowhere that the property that the Hoglan Creditors seek is in the possession or custody of any Respondent, and only asserting in conclusory fashion that the Vessel is "subject to the control of the Garnishees").[2]

Under these circumstances, conducting jurisdictional discovery concerning whether the Court has personal jurisdiction over Respondents is unwarranted while pending dispositive issues remain before the Court. And the Hoglan Creditors all but ignore in their opposition papers that the Deposition Subpoena remains deficient because it does not comply with the requirements of Rule 45, and imposes an undue burden on Respondents by seeking to compel a foreign citizen to comply with the Deposition Subpoena on short notice when the Court has no jurisdiction over that

---

[2] In their Opposition, the Hoglan Creditors suggest that emails produced by the Respondents in this action purportedly establish that the Respondents have the ability to control the "movements and operations" of the Vessel. Opp'n at 1, n.1. Even if these documents did support a finding that Respondents had the ability to exert control over the Vessel (which they do not), control is not the standard under New York law— the judgment creditor must establish that the garnishee is in *actual* possession or custody of a judgment debtor's property, which the Hoglan Creditors have not and cannot show here. *See Commonwealth of the N. Mariana Is. v. Canadian Imperial Bank of Commerce*, 21 N.Y.3d 55, 60-61 (holding that the omission of the word "control" from CPLR 5225(b) was "meaningful and intentional" and therefore "'possession or custody' requires actual possession"); *see also* Dkt. 378 at 12-13.

2

individual. As such, the Hoglan Creditors' deposition subpoena should be quashed, and this proceeding should be dismissed.

## ARGUMENT

### I. THE DEPOSITION SUBPOENA MUST BE QUASHED BECAUSE ADDITIONAL JURISDICTIONAL DISCOVERY IS UNWARRANTED BASED ON THE CURRENT EVIDENCE IN THE RECORD

The Hoglan Creditors assert in their opposition that they have made a "sufficient start" to warrant additional jurisdictional discovery. Opp'n at 5-6. But, in addition to the pending dispositive issues before the Court in the turnover motion, additional jurisdictional discovery is unwarranted here because this Court lacks personal jurisdiction over Respondents under New York's long-arm statute. *See Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550, n.6 (2d Cir. 2007) (finding that it was not an abuse of discretion for the district court to determine that there "exists no need for additional jurisdictional discovery" ); *Linde v. Arab Bank, PLC,* 262 F.R.D. 136, 146 (E.D.N.Y. 2009) (denying requests for jurisdictional discovery because "[t]he few facts asserted by [the requesting party] to suggest personal jurisdiction do not persuade the court that jurisdictional discovery is likely to lead to a finding of personal jurisdiction").[3]

The Respondents have already established—and it is not genuinely disputed—that the Fleetscape Entities do not conduct business in New York, and that Oaktree's business in New York is not sufficiently related to the transaction at issue to warrant an exercise of personal

---

[3] The Hoglan Creditors claim that they are not required to make a *prima facie* showing of personal jurisdiction in order to obtain additional jurisdictional discovery. *See* Opp'n at 5-6, n.6 (citing *Ehrenfeld* and *Linde*). But regardless of the standard applied, personal jurisdiction remains lacking.  The Hoglan Creditors' selective quoting of these cases also omits that in both cases the court found that jurisdictional discovery was unwarranted and that, in *Ehrenfeld*, the court was evaluating the sufficiency of allegations of personal jurisdiction of a named defendant. *See Linde*, 262 F.R.D. at 145 (distinguishing *Ehrenfeld* by noting that "the considerations for permitting jurisdictional discovery must of necessity differ when the issue concerns whether to require a non-party to provide evidence rather than whether to permit a lawsuit to proceed against a defendant" and "it is at least arguable that a somewhat greater showing is necessary with respect to jurisdictional discovery for [a non-party]").

3

jurisdiction in these proceedings. Mov. Mem. at 10. The Hoglan Creditors claim that the evidence submitted by the Respondents was supposedly "inconsistent" with the public record because it only provides evidence of the Respondents' lack of presence in New York as of March 28, 2022 and does not address whether the Respondents were located in New York at the time of the acquisition of the Vessel in the sale-leaseback transaction in February 2021. *See* Opp'n at 6-7. The Hoglan Creditors also insinuate that the Respondents are avoiding discovery requests regarding purported ties to an office space at 277 Park Avenue, as indicated by a Fleetscape LinkedIn page and a Lloyd's List posting—neither of which contain any information regarding when they were last updated, or whether they are actively maintained by the Fleetscape Entities. *See id.* at 5-7; Dkt. 394 (Mitchell Decl.) Exs. D-E.

The Hoglan Creditors issued the information and document subpoenas relating to the 277 Park Avenue property along with the Deposition Subpoena on June 23, 2022 with a return date of July 5, 2022. Mitchell Decl. Exs. A-B. This provided the Respondents with only twelve days—including over a holiday weekend—to gather information and prepare responses. The Respondents validly and in good faith objected to the information and document subpoenas because (i) the information sought was unrelated to the Judgment Debtors or their property and therefore beyond the permissible scope of inquiry, and (ii) the Hoglan Creditors have not made a *prima facie* showing of personal jurisdiction such that they are entitled to additional jurisdictional discovery. *See* Mitchell Decl. Ex. C; Mov. Mem. at 7-10.

Following the filing of the instant motion, and without waiving its objections to the Hoglan Creditors' subpoenas, the Respondents have since identified that:

- The 277 Park Avenue property was the office of Highstar Capital, an affiliate of Oaktree that was acquired in 2014. Declaration of Bryan Groppi dated July 11, 2022 ("Groppi Decl.") ¶ 4.

4

- When Tobias Backer began working with OCM, he occasionally utilized the office space at 277 Park Ave. Second Declaration of Christian Tobias Backer dated July 11, 2022 ("2d Backer Decl.") ¶ 2.

- OCM vacated the premises at 277 Park Avenue in or about December 2018. Groppi Decl. ¶ 5.

- No OCM or OCM-affiliated personnel have worked at 277 Park Avenue since OCM vacated those premises. Groppi Decl. ¶ 6.

- In April 2019, the office space at 277 Park Avenue was subleased to a law firm, Pierce Bainbridge Beck Price & Hecht LLP ("Pierce Bainbridge"). Groppi Decl. ¶¶ 3-4, and Ex. 1 (Amended and Restated Sublease); Ex. 2 (Sublease Agreement between OCM and Piece Bainbridge).

In sum, none of the Fleetscape Entities have had any offices or operations, or conducted any business within the state of New York, since at least January 2020—over a year prior to the execution of the Bareboat Agreement in March 2021 and two years prior to the voyage at issue in these proceedings. 2d Backer Decl. ¶ 3 (confirming New York operations ceased in January 2020); Dkt. 380-8 (Bareboat Agreement, dated March 3, 2021); Dkt. 371 at 3 (alleging ship-to-ship transfer of cargo on February 13, 2022). Therefore, based on the foregoing and the evidence in the record to date, not only is the deposition of Mr. Graham improper as a matter of law, but the deposition of Mr. Graham is also unwarranted because it will not provide any additional information that could lead to a finding of personal jurisdiction. *See Ehrenfeld*, 489 F.3d at 550, n.6; *Linde*, 262 F.R.D. at 146.

## II. THE HOGLAN CREDITORS' SUGGESTION TO SCHEDULE A REMOTE DEPOSITION DOES NOT CURE THE SUBPOENA'S DEFICIENCIES UNDER RULE 45

The Hoglan Creditors suggest that having this Court modify the Deposition Subpoena to require Mr. Graham to appear for a remote deposition in London rectifies the subpoena's failure to comply with Rule 45's one-hundred-mile geographical limit. Opp'n at 9-10. But courts have confirmed that the territorial restrictions of Rule 45 cannot be disregarded, as this would be

"inconsistent with the text of Rule 45(c)." *See Broumand v. Joseph*, 522 F. Supp. 3d 8, 23-24 (S.D.N.Y. 2021). In *Broumand*, this Court declined to modify a subpoena to permit remote testimony at an arbitration hearing because to permit remote testimony "would render Rule 45(c)'s geographical limitations a nullity and bestow . . . the unbounded power to compel remote testimony from any person residing anywhere in the country." *Id.*; *see also Lin v. Horan Capital Mgmt., LLC*, No. 14-cv-5202, 2014 U.S. Dist. LEXIS 114631, at *2, 4 (S.D.N.Y. Aug. 13, 2014) (declining to permit remote testimony at an arbitration hearing where requiring the testifying witness to appear in person would violate Rule 45).

      The cases relied on by the Hoglan Creditors to the contrary are plainly distinguishable because the deponents in those cases were either United States citizens or were personally served while they were located within the United States. *See, e.g.*, *United States v. $110,000 in United States Currency*, No. 21-cv-981, 2021 U.S. Dist. LEXIS 108951, at *8-9 (N. D. Ill. June 10, 2021) (involving U.S. citizen in Chicago for action pending in Nebraska); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 19-md-2885, 2021 U.S. Dist. LEXIS 121444, at *7, 14 (N.D. Fla. May 28, 2021) (involving testimony from two U.S. citizens residing in Indiana and Minnesota for trial in Florida); *Int'l Seaway Trading Corp. v. Target Corp.*, No. 20-mc-00086, 2021 U.S. Dist. LEXIS 31755, at *10, 16 (D. Minn. Feb. 22, 2021) (involving U.S. citizen in St. Louis for arbitration seated in Minneapolis); *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 813 (D. Md. 2020) (involving Maryland corporation and Maryland resident where deposition was noticed for Baltimore); *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*, 180 F. Supp. 3d 290, 293-294 (S.D.N.Y. 2016) (involving Turkish citizen who was personally served while attending film festival in United States).

Here, Mr. Graham is neither a resident of New York, conducts any business in New York, nor was personally served in New York, and as such this court lacks the authority to compel Mr. Graham's compliance with the Deposition Subpoena by remote means. *See supra* Section I; *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 320 (S.D.N.Y. 2018) ("[i]t is axiomatic that, before compelling a nonparty to comply with a subpoena pursuant to Federal Rule of Civil Procedure 45, a court must have personal jurisdiction over that nonparty") (citing *Gucci Am. v. Bank of China*, 768 F.3d 122, 141 (2d Cir. 2014)). As discussed in Respondents' opening memorandum, to the extent that the Hoglan Creditors seek to compel Mr. Graham, a non-party citizen and resident of the United Kingdom, to be produced to provide testimony relating to foreign activities conducted by foreign entities in this matter, the Hoglan Creditors would need to comply with the Hague Convention on the Taking of Evidence Abroad, which they have not done. Mov. Mem. at 7, n.6; *see also Linde*, 262 F.R.D. at 146 (noting that the denial of requests for jurisdictional discovery from foreign non-parties does "not prevent [the requesting party] from seeking the information it desires . . . through the Hague Convention").

## **CONCLUSION**

For the foregoing reasons, the Court should quash the deposition subpoena of Martin Graham, dismiss the turnover proceeding, and grant Respondents such other and further relief as is just and proper.

July 11, 2022
New York, New York

              SEWARD & KISSEL LLP

              By:  *s/ Bruce G. Paulsen*
                  Bruce G. Paulsen (paulsen@sewkis.com)
                  Brian P. Maloney (maloney@sewkis.com)
                  One Battery Park Plaza

New York, New York 10004
(212) 574-1200

*Attorneys for Respondents Oaktree Capital Management, L.P., Fleetscape Capital Holdings Limited, and Fleetscape Suez Rajan LLC*