USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

The Kingdom of Saudi Arabia and Dallah Avco move for costs and attorneys' fees under Federal Rule of Civil Procedure 30(g)(1). ECF Nos. 7852, 7871. They assert that the Plaintiffs' Executive Committees ("PECs") canceled the deposition of nonparty witness Alp Karli without sufficient notice. This caused them to incur expenses for which they seek to be reimbursed. The facts presented by the parties, however, do not suggest either the delay or bad faith necessary to countenance such an award.

Federal Rule of Civil Procedure 30(g)(1) permits a court to award "reasonable expenses . . . including attorney's fees" if a party who notices a deposition fails to attend. This Rule "provides for the exercise of discretion," meaning that "'the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith.'" Edmonds v. Seavey, No. 08-cv-5646 (HB)(JCF), 2009 WL 1285526, at *2 (S.D.N.Y. May 5, 2009), aff'd, 379 F. App'x 62 (2d Cir. 2010) (quoting Barrett v. Brian Bemis Auto World, 230 F.R.D. 535, 537 (N.D.Ill. 2005)). Fees may be awarded even when notice is given that a party will not attend if that notice was not given far enough in advance. Seavey, 2009 WL 1285526, at *3.

The two key considerations guiding this determination are how far in advance notice was given and whether a party acted in bad faith. Absent bad faith, courts in this District have

generally declined to award costs where notice was given at least 48 hours in advance. See, e.g., Donini Int'l, S.P.A. v. Satec (U.S.A.), LLC, No. 03-cv-9471 (CSH), 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006) (declining to award fees where notice of a cancelled deposition was provided two days in advance). Conversely, courts are more likely to award fees where notice is given less than 48 hours in advance, particularly where there is evidence of bad faith or other obstructive litigation conduct. See, e.g., Seavey, 2009 WL 1285526, at *3 (awarding fees where counsel cancelled "on the eve of the deposition" in "an attempt to gain leverage with respect to unrelated discovery issues"), Root Bros. Farms v. Mak, No. 05-cv-10863 (LBS)(HBP), 2007 WL 2789481, at *8 (S.D.N.Y. Sept. 25, 2007) (awarding fees where cancellation notice was provided only by voicemail on Saturday before a Monday deposition).

The parties dispute details, but the essence of what transpired is clear. The PECs planned to depose Karli through a letters rogatory request issued by this Court on May 11, 2021. ECF No. 6803. The Republic of Turkey, through the Istanbul 22nd Civil Court of First Instance (the "Turkish Court"), accommodated this request and set March 22, 2022, as the date to take Karli's statement (the "March 22 Hearing"). ECF No. 7625 at 1.

There appears to have been some confusion about the procedures the Turkish Court would use to take this statement and the date on which the hearing would take place. On February 23, the PECs requested that the Turkish Court permit Karli's statement to be taken by videoconference. ECF No. 7886-2 at 5. The Turkish Court did not rule on that request. On March 15, Turkish Counsel for the PECs requested that the March 22 Hearing be adjourned. Id. at 6. The Turkish Court would not rule on this request until March 21. Turkish counsel for the PECs was not aware of whether counsel for Saudi Arabia and Dallah Avco could see these filings.

Saudi Arabia's Turkish Counsel reports that she could not even though she requested access to the relevant document management system. ECF No. 7905-1 at ¶ 5.

Further complicating matters, the PECs were informed on March 9 that the presiding Turkish judge would be on leave until March 21. ECF No. 7886-2 at 6. Additionally, all parties report substantial difficulty obtaining information from the Turkish Court on the course of these proceedings. See ECF No. 7886-2 at 4 (PECs), ECF No. 7905-1 at ¶ 6 (Saudi Arabia), ECF No. 7909-1 at ¶ 6 (Dallah Avco).

On March 16, counsel for Saudi Arabia departed for Istanbul, Turkey, to help local counsel prepare for the hearing. ECF No. 7852-2 at ¶ 2. Then, on the morning of March 18, the Turkish Court scheduled a March 21 hearing (the "Preliminary Hearing") to establish procedures for the March 22 Hearing. Id. at ¶ 6. Later that day, after the close of business in Istanbul, the PECs emailed the parties to inform them that they no longer planned to take Karli's deposition. Id. at ¶ 7. They also filed a letter with this Court stating that, given competing time pressures resulting from FBI disclosures, the Court's denial of an extension request, and the availability of other discovery materials, Karli's deposition was no longer either viable or necessary. ECF No. 7762.

Despite this, Dallah Avco's counsel remained unclear on whether the March 22 Hearing would actually be canceled and so traveled to Istanbul on March 19. ECF No. 7871-1 at ¶¶ 6–7. The PECs do not appear to have alerted the Turkish Court that they no longer wished to proceed with the March 22 Hearing that Friday, or over the weekend, but did so on the morning of March 21, both informally and through official notification to the Turkish Court. ECF No. 7886-2 at 8.

On March 21, the Turkish Court held the Preliminary Hearing and determined that the March 22 Hearing would go forward. ECF No. 7852-2 at ¶ 10. No representatives for the PECs

attended. ECF No. 7852-2 at ¶ 9. Once the Turkish Court determined that the hearing would go forward, Saudi Arabia filed an emergency motion to withdraw the letters rogatory request. This Court granted that request. ECF Nos. 7772, 7774. At the March 22 Hearing, the Turkish Court acknowledged it received this Order and decided not to proceed. ECF No. 7852-2 at ¶ 13. It also formally acknowledged, for the first time, the receipt of the PECs' February 23 and March 15 petitions. ECF No. 7886-2 at 9.

On these facts, the Court cannot say that the PECs provided either insufficient notice or operated in bad faith. The main takeaway from the parties' papers is that in the days preceding the March 22 Hearing, everyone was operating in an environment of uncertainty. The parties faced an unfamiliar legal environment, limited communication from the governing tribunal, and an unfortunately timed absence by the presiding officer at an important juncture. The fact that all of this occurred overseas unavoidably increased the costs and complication of the matter. Together, these factors mean that, even if all the parties made reasonable decisions, there was a risk that cost and inconvenience would result.

This is precisely what happened. In the run-up to the March 22 Hearing, the PECs had motions to adjourn the proceeding and to proceed by video conference, either of which would have reduced the logistic burdens of this hearing and the associated costs. Neither of these were timely acted on. When it became clear that the PECs would not be able to proceed, they alerted the parties three days in advance. Under this District's precedents that is normally a more than adequate amount of notice and the Court does not see any evidence of bad faith or gamesmanship in the timing of the PECs' notice or their conduct in the days preceding or following that notice, that would modify this determination.

Rather, it was the uncertainty surrounding the March 22 proceeding that generated the parties' costs. Even more advance notice would not have mitigated this issue. Saudi Arabia's counsel had left for Istanbul two days before the PECs' notice in order to have more time to brief their local counsel. Notice actually arrived in time for Dallah Avco's counsel, but they decided to travel anyway given the uncertain posture of the proceeding. These decisions were not unreasonable given the limited information the parties had from the Turkish Court and the uncertainty of how the March 22 Hearing might be conducted. But, it is that uncertainty, rather than the inadequacy of the PECs' notice, that caused these costs. As the PECs' are not to blame for this outcome, an award of costs is inappropriate.

Saudi Arabia and Dallah Avco's motions for fees are therefore denied. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 7852 and 7871.

**SO ORDERED.**

Dated: July 12, 2022
New York, New York

SARAH NETBURN
United States Magistrate Judge