# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441  Fax: (917) 591-5980
john@johnschutty.com

July 14, 2022                                                      **Via ECF**

Honorable George B. Daniels
United States District Court Judge
Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York

> Re:   *In re Terrorist Attacks on September 11, 2001*
>       MDL No. 03-MDL-1570 (GBD) (SN)
>       *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)
>       (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

Your Honors:

I refer to and acknowledge the effect of Magistrate Judge Netburn's Order dated July 11, 2022 (MDL ECF#8198) ("July 11 Order") regarding the denial of prior default judgments filed against the Taliban and the new requirements imposed by the Court to ensure that future applications are "complete."

As I previously advised, I represent the personal representatives (all widows) and "heirs" (qualified by applicable state law) of eight decedents killed within the World Trade Center on September 11, 2001.

The Court's July 11 Order now requires, among other things, that every plaintiff identify when they were added to the Complaint "against the relevant defendant" (p. 4). This will be most helpful, but I ask the Court to require at least two more items of each plaintiff claiming wrongful death damages:

1. Whether that plaintiff has been appointed the personal representative of the decedent's estate (and, if so, provide proof of that appointment); and

2. The familial relationship of that plaintiff to the decedent, *viz.*, whether that plaintiff qualifies as an "heir" under the estate administration law (and wrongful death law) of the state where the decedent was domiciled at the time of his/her death.

In addition, I respectfully ask the Court to issue a single Order that definitively determines: (1) who has standing/authorization to bring a wrongful death action against the Taliban, (2) when their action must have been filed to satisfy the applicable statute of

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
July 14, 2022, Page 2

limitations or laches (to distinguish between "timely" claims and "untimely" claims), and (3) who qualifies as an "heir" (under applicable state law). Should the Court not enter such an Order, the Court will be again inundated with very diverse filings by the numerous law firms pursuing Taliban claims. One Order of the Court can simplify the default judgment process.

When dealing with any defaulting defendant, some "adversary" party needs to advise the Court when certain plaintiffs, lacking standing and timely claims, seek money from a "limited fund," or those invalid claims will take money from court-authorized plaintiffs with timely, long-standing claims.

Again, I ask the Court to require briefing on the law applicable to recovery from the Taliban – the Plaintiff's Executive Committee on Personal Injury & Death can state its position on which plaintiffs are entitled to recover damages in a single brief, and any party who disagrees with the PEC's assessment should, in turn, be entitled to brief and challenge what the PEC claims is applicable law. In this manner the Court will hear from all "adversarial" parties with an interest in the limited fund of money that may be disbursed and the docket will be properly "policed."

My cursory review of the many complaints filed by plaintiffs against the Taliban indicates that there are two viable causes of action against this defendant: (1) a cause of action provided by the Anti-Terrorism Act, and (2) a common law cause of action for wrongful death based on state law.

My review of the seemingly applicable state law (*e.g.*, NY, NJ and CT) governing wrongful death claims shows that in a wrongful death action each such state: (1) requires that the plaintiff be an appointed personal representative of the decedent's estate, and (2) that each state strictly defines, by statute, which family members qualify as "heirs" of the decedent (defines who is entitled to a distribution of a wrongful death award).

The federal cause of action created by the Anti-Terrorism Act ("ATA")**,** 18 U.S.C. § 2333 provides (emphasis added):

> **Any national** of the United States **injured** in his or her person, property, or business **by reason of an act of international terrorism**, **or his or her estate, survivors, or heirs**, **may sue therefor** in any appropriate district court of the United States **and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees**.

In the event of a death resulting from an act of international terrorism, this cause of action is *silent* as to which individuals fit within the scope of the phrase "his or her estate, survivors, or heirs," and *silent* as to which individuals may pursue a claim for wrongful

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
July 14, 2022, Page 3

death[1]  In the default judgment applications filed against Iran, the Plaintiffs' Executive Committee ("PEC") has claimed that precedent issued by a different jurisdiction (the District of Columbia – a federal jurisdiction that applied "federal common law" in interpreting who may recover for a decedent's death under the ATA) is applicable; in turn, the PEC implicitly suggested that the MDL Court here could wholly ignore the interests and laws of the decedents' domiciles (state law) regarding wrongful death estate administration.[2]  Significantly, no precedent then existed within the District Court (S.D.N.Y.) or the governing Circuit (Second) on this issue to support the PEC's position.

---

[1]  When there are no well-established federal policies and no reasonable body of federal law, "as compared to the relative order and clarity of law established in state courts, the common law rule to be applied in federal court is thus uncertain and almost impossible to predict," which "combined with the substantive advantages to be gained by allowing states to formulate their own policies where feasible creates the presumption that state law should be applied."  Note, "The Federal Common Law," 82 Harv.L.Rev. 1512, 1519 (1969).

[2]  *See, e.g., Tex. Indus. v. Radcliff Materials*, 451 U.S. 630, 640–41 (1981) (Burger, C.J.) ("The vesting of jurisdiction in the federal courts does not in and of itself give rise to authority to formulate federal common law.").  "The Supreme Court has put increasing emphasis on the notion that when determining the content of federal common law, forum state law should be adopted as federal law absent some good reason to displace it."  19 Fed. Prac. & Proc. § 4518 (3d ed. August 2019 update).  A federal court has discretion to borrow from state law when there are deficiencies or lacunae in the federal statutory scheme.  *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789 (2d Cir. 1999).  *U.S. v. Smith*, 832 F.2d 774 (2d Cir. 1987) (state commercial law furnished convenient solutions that in no way were inconsistent with adequate protection of federal interests).  When federal law does not expressly establish the legal rule for a federal question case, a federal court may borrow state law to fill the gap in the statutory scheme so long as the state rule does not impinge upon any federal interest.  Particularly in the area of family relationships and domestic relations, a federal court should defer to the well-established law of the several states.  *Nice v. Centennial Area School Dist.*, 98 F. Supp. 2d 665 (E.D. Pa. 2000).  *See also De Sylva v. Ballentine*, 351 U.S. 570, 580–581, 76 S. Ct. 974, 980, 100 L. Ed. 1415 (1956), where the issue was whether the illegitimate son of a copyright owner is one of the owner's "children" within the meaning of the copyright statute, the Supreme Court said: "The scope of a federal right is, of course, a federal question, but that does not mean that its content is not to be determined by state, rather than federal law. … This is especially true where a statute deals with a familial relationship; there is no federal law of domestic relations, which is primarily a matter of state concern. … We think it proper, therefore, to draw on the ready-made body of state law to define the word 'children' …." (Harlan, J.); *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1326 (5th Cir. 1994) ("[t]he law of family relations has been a sacrosanct enclave, carefully protected against federal intrusion") (abrogated on other grounds by, *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009)).

Footnote continued on next page

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
July 14, 2022, Page 4

In fact, each American *state* has different laws surrounding the determination and distribution of wrongful death proceeds in administering the estates of decedents. In New York, for example, wrongful death damages are distributed *only* to members of a decedent's defined "estate," *i.e.,* immediate family members explicitly described within a statute, in proportion to their financial loss. *See* N.Y. Estate Powers & Trusts Law ("EPTL) § 5-4.4. Where a 9/11 decedent is survived by a spouse and children, for example, parents and siblings of the decedent are denied wrongful death damages under New York law, regardless of any claimed injury of the parents and siblings. *Id*. Also, New York State law gives the court-appointed personal representative of an estate the *exclusive* authority to bring an action for a wrongful death on behalf of a decedent's estate.[3] *See* EPTL, Section 5-4.1. Thus, awarding money damages to individuals outside the state-prescribed and statutorily-defined "heirs of the estate"[4] (*e.g.*, parents and siblings, where the decedent is survived by a wife and children), and allowing individual family members to pursue death claims personally, expressly violates New York State law.

Typically, where a federal statute does not provide guidance on an issue relating to estate administration law (like the ATA), reference is made to applicable state law (here, the

---

Footnote continued from previous page
"[T]here is no federal common-law or statutory rule that explicitly prohibits the application of state common-law remedies to cases of wrongful death." S. Speiser, *Recovery for Wrongful Death*, § 6:61 (4th ed. July 2018 update).

[3]  "It is settled beyond any doubt that under the New York wrongful death statute the right to prosecute, settle and compromise the wrongful death claim lies exclusively with the personal representative of the estate, who brings the suit in his or her representative capacity as statutory trustee for all of the statutory beneficiaries." https://www.kreindler.com/Publications/Aviation-Law-10.shtml.

[4]  In fact, the probate exception to federal jurisdiction prohibits federal courts from hearing cases involving matters related to the probate of wills or administration of estates. *Markham v. Allen*, 326 U.S. 490, 494 (1946). It is a doctrine that has been described as "one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982). Yet, here, the PEC has urged the Court to give no regard to the interests of the states where the 9/11 decedents were domiciled – states left responsible for the future welfare and support of surviving widows and children. These states are undeniably responsible for administering the estates of decedents in this country and they therefore have a far greater interest in the administration of the decedents' estates than the federal government.

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
July 14, 2022, Page 5

law of the decedent's domicile).[5]  Federal law is interstitial and federal courts often look to the law of the forum state to fill gaps in federal statutes, usually under the general mandate of the Rules of Decision Act.[6]

In the interest of justice, I ask the Court to consider the above and issue an appropriate Order on the liability of the Taliban with respect to wrongful death claims, prior to accepting an avalanche of renewed and varied motions for default judgment damages against the Taliban.

Sincerely yours,

*John F. Schutty*

---

[5]  The District Court should determine how the ATA should be applied as a wrongful death remedy where state law seemingly applies and the federal cause of action requires a gap-filler.

[6]  28 U.S.C. § 1652. The Rules of Decision Act applies to federal question as well as diversity cases, and requires the use of state law in certain cases in which the underlying statute is silent.  *See* Hill, *State Procedural Law in Nondiversity Litigation*, 69 Harv. L. Rev. 66 (1955).