UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

   JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1746, hereby states under penalty of perjury that:

   1.  I am an attorney representing the *Ashton* plaintiffs ("*Ashton*") in the above-captioned litigation. I submit this declaration in support of the motion for final judgment on behalf of certain plaintiffs injured in the terrorist attacks on September 11, 2001 ("*Ashton* Personal Injury 2 Plaintiffs"), as well as for permission to allow any remaining *Ashton* plaintiffs to move for the same or similar relief in separate stages.

   2.  The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

    c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

      d.    The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

<u>Due Diligence</u>:

      3.    The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 20 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly with the Plaintiffs listed in Exhibit A; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

      4.    Attached hereto as Exhibit B is a true and accurate copy of the Declaration of Timothy Frolich detailing the injuries he sustained on September 11, 2001.  Attached hereto as Exhibit C are true and accurate copies of medical records of Timothy Frolich.

      5.    Attached hereto as Exhibit D is a true and accurate copy of the Declaration of John Jermyn detailing the injuries his father John F. Jermyn sustained on September 11, 2001.  Attached to that declaration are true and accurate medical records of John F. Jermyn.  Further, attached hereto as Exhibit E is a true and accurate copy of the court order appointing John Jeremyn as the personal representative of the Estate of John F. Jermyn.

      6.    The *Ashton* Personal Injury 2 Plaintiffs identified in Exhibit A each sustained physical injures on September 11, 2001 as a proximate result of the terrorist attacks on September 11, 2001, as indicated for each person on Exhibit A.  I have reviewed the birth certificates for those individuals and confirm that they were both born in the United States and are therefore United States nationals. Attached to the Frolich Declaration as Exhibit A to that

declaration is a true and correct copy of his birth certificate and attached hereto as Exhibit F is a true and accurate copy of the birth certificate of John F. Jermyn.

7. Our firm represented Timothy Frolich in the original September 11 Victim Compensation Fund ("VCF") and I can confirm that he was issued an award for the injuries he sustained on September 11, 2001 in the terrorist attacks that day.

8. My firm did not represent John F. Jermyn in the original VCF but we have spoken to his son who stated that he believes with great certainty that his father participated in the original VCF and was issued an award for the injuries he sustained on September 11, 2001 in the terrorist attacks that day.

## Conclusion

9. For all of the reasons set forth in this declaration, the attached exhibits and the *Ashton* Personal Injury 2 Plaintiffs' Motion for Final Judgments, I respectfully request that this Court grant the proposed order filed herewith.

Dated: July 15, 2022
New York, NY

                                                /s/ James P. Kreindler
                                                James P. Kreindler