UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*: Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)))

*DECLARATION OF JOSEPH PETER DRENNAN
IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL
DEFAULT JUDGMENTS FOR SOLATIUM FOR CERTAIN PLAINTIFFS*

(*ANAYA/IRAN II*)

I, JOSEPH PETER DRENNAN, undersigned, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows, *viz.*:

1. I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN) (the "*Anaya* Plaintiffs"). I was admitted *pro hac vice* in the *Anaya* Action on 5 February 2019. I submit this Declaration in support of the motion by *Anaya* Plaintiffs Rosemary Puma, John Puma, and William J. Posa as personal representative of the Estate of Grace Posa (collectively, the "Movants") for an order, consistent with orders previously entered by this Honorable Court, awarding Movants—all of whom are (or represent) siblings of the late Debra Ann DiMartino who was killed in the terrorist attacks on 11 September 2001—compensatory damages and prejudgment interest for their loss of solatium.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a. The Court's order dated January 24, 2017 (MDL ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be

   accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

  b. The Court's Order dated October 14, 2016 (MDL ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

  c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

3. The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted to other *Anaya* Plaintiffs. *See*: MDL ECF No. 6877, 6878, 6879, 7178, 7580.

4. Service of process on The Islamic Republic of Iran in the *Anaya* Action was executed pursuant to 28 U.S.C. § 1608(a)(4) on 29 June 2020 through diplomatic channels. *See*: 18cv-12341, ECF No. 47 at ¶¶ 6-10 and Exhibit 3.

5. The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in respect of representing *Anaya* Plaintiffs in connection with the September 11th litigation; communications directly with the Movants; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; documents and public records copies of which are contained in my firm's files; and court records relating to the multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

6. My firm has been retained by the Movants, individually, to pursue claims against the Islamic Republic of Iran for its role in the September 11, 2001 terrorist attacks. The Movants are siblings of the late Debra Ann DiMartino who was killed in the terrorist attacks on 11

September 2001, and the personal representative of the estate of a sibling of Debra Ann DiMartino, who seek solatium damages. I have verified that none of the Movants has previously been awarded a judgment against the Islamic Republic of Iran or any Iranian government defendant in relation to the September 11th terrorist attacks.

7. All of the Movants have provided my firm with evidence of their United States citizenship, or the United States citizenship of the decedent they represent, as of September 11, 2001.

8. Each of the Movants has provided my firm with evidence such as birth certificates or declarations signed under penalty of perjury evidencing the familial relationship to the late Debra Ann DiMartino upon which their claim is based. Movant William J. Posa has provided my firm with proof that he has been appointed by a court as the personal representative of the Estate of Grace Posa, as well as proof that Grace Posa survived the death of her sister Debra Ann DiMartino.

9. Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433), and have personally verified that, based on my review of the records available to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the 11 September 2001 terrorist attacks and judgments entered by this Court in those actions, none of Movants has previously recovered their solatium damages, nor does any Movant have any other motion pending before this Honorable Court for compensation arising out of the September 11, 2001 terrorist attacks.

10. Movants each seek solatium in the amount of $4,250,000, which this Honorable Court has previously determined to be appropriate for solatium damages awards to siblings of a 9/11 Decedent. *See, e.g.*: MDL ECF No. 2623 (October 3, 2012) at p.4;

11. Previously, in connection with a motion for final judgment on behalf of *Ashton* claimants, this Honorable Court instructed counsel to present a proposed order with a rate of prejudgment interest of 4.96 percent, per *annum*, compounded annually. *See*: MDL ECF No. 3362 (October 14, 2016). The form of the proposed partial final judgment submitted herewith conforms to the Court's prior orders.

12. Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment in favor of each of the Movants against the Islamic Republic of Iran in the amount of $4,250,000 plus prejudgment interest.

I, Joseph Peter Drennan, undersigned, hereby and herewith declare under penalty of perjury that the foregoing is true and correct. Executed at the City of Alexandria, Virginia, on 21 July 2022.

_____
JOSEPH PETER DRENNAN