UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)))

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT FOR SOLATIUM FOR CERTAIN PLAINTIFFS

(*ANAYA/IRAN II*)

FLEISCHMAN BONNER & ROCCO LLP
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone:  646-415-1399

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

For the reasons set forth below and in the accompanying declaration of Joseph Peter Drennan executed on July 21, 2022, *Anaya/Iran* Plaintiffs Rosemary Puma, John Puma, and William J. Posa as personal representative of the Estate of Grace Posa (collectively, "Movants"), by and through their undersigned counsel, respectfully move this Court for an order awarding them: (1) solatium damages against the Islamic Republic of Iran in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (3) permission to seek punitive damages, or other damages at a later date; and (4) permission for other *Anaya/Iran* Plaintiffs to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks in the United States (the "September 11th Attacks"). The *Anaya/Iran* Plaintiffs are the personal representatives of sixteen individuals killed in the September 11th Attacks (each, a "9/11 Decedent"), and immediate family members of those 9/11 Decedents. The *Anaya/Iran* Plaintiffs sued the Islamic Republic of Iran ("Iran") for its role in sponsoring the September 11th Attacks. On June 23, 2021, the *Anaya/Iran* Plaintiffs, including the personal representative of the estate of Movant's late sister, Debra Ann DeMartino, moved for judgment as to Iran's liability to them under the Foreign Sovereign Immunity Act's private right of action against state sponsors of terrorism, codified at 28 U.S.C. § 1605A(c). *See* MDL ECF Nos. 6877, 6878, 6879. On October 5, 2021, the Court entered judgment as to liability against Iran. *See* MDL ECF No. 7178. Movants rely on that judgment of liability in now

requesting entry of default judgments against Iran awarding them solatium damages. Other *Anaya/Iran* Plaintiffs previously requested, and were awarded, solatium damages as part of the motion seeking judgment as to Iran's liability. *See* MDL ECF Nos. 6877, 6878, 6879, 7178.

### DAMAGES UNDER SECTION 1605A

Section 1605A of the Foreign Sovereign Immunities Act creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605(a)(1). The statute specifies that damages are available for "personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." MDL ECF No. 2623 at 2-3 (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010)).

Movants Rosemary Puma and John Puma are siblings of 9/11 Decedent Debra Ann DiMartino. Movant William J. Posa is the personal representative of the Estate of Grace Posa. The late Grace Posa was the sister of 9/11 Decedent Debra Ann DiMartino, and survived her. In accordance with the terms of the Foreign Sovereign Immunities Act, Movants are entitled to compensation under Section 1605A for their loss of solatium, and are also entitled to prejudgment interest. Movants are each entitled to solatium damages in the amount of $4,250,000 based on this Court's previous determinations in this and other related cases arising

from the September 11th Attacks.

### A. Solatium Damages

As explained above, Section 1605A(c) specifically provides for the award of solatium damages. *See* 28 U.S.C. § 1605A(c)(4). "'A claim for solatium refers to the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort.'" *Havlish v. Laden*, 2012 U.S. Dist. LEXIS 143525, *80-81 n.1 (S.D.N.Y. Oct. 3, 2012) ("*Havlish II*") (internal quotation omitted); *In re Terrorist Attacks on September 11, 2001*, 2016 U.S. Dist. LEXIS 142865, at *278 (S.D.N.Y. Oct. 12, 2016) (same).

In *Havlish II*, this Court approved the following solatium awards as appropriate for immediate family members of 9/11 Decedents:

| | |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *81 and Table 1. These amounts represent an upward departure from the benchmarks established in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), which this Court found warranted "[c]onsidering the extraordinarily tragic circumstances surrounding the September 11th attacks, the indelible impact on the lives of the victims' families, and the frequent reminders that each of the individual Plaintiffs face daily . . . ." *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *81. This Court has consistently awarded these same amounts to other plaintiffs in this MDL.

The solatium losses suffered by Movants are legally and factually comparable to those suffered by the plaintiffs in *Havlish* and other 9/11-related cases. Accordingly, Movants respectfully request the Court to grant them awards of solatium in the amount of $4,250,000

3

each, which is consistent with the amount established and applied in *Havlish* and other 9/11-related cases.

### B. Punitive Damages

Under Section 1605A(c)(4), plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4). In 2012, this Court awarded the *Havlish* plaintiffs punitive damages in the amount of 3.44 times their compensatory damages. *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *82. This Court subsequently applied the same ratio in awarding punitive damages to plaintiffs in other 9/11-related cases.

However, in an order dated October 14, 2016, in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 1:02-cv-6977-GBD-SN and *Bauer v. al Qaeda Islamic Army*, 1:02-cv-7236-GBD-SN, U.S. Magistrate Judge Netburn ordered prompt entry of final judgments for compensatory damages but deferral of awards of punitive damages until a later stage of this litigation. *See* ECF No. 3362 in 1:03-md-01570-GBD-SN (Oct. 14, 2016) noting that "[a]ny delay in the award of punitive damages will not prejudice plaintiffs in their applications to the [Victims of State Sponsored Terrorism Fund]"), *adopted by*, ECF No. 3384 in 1:03-md-01570-GBD-SN (Oct. 31, 2016). Since then, the Court has routinely entered final orders of judgment authorizing plaintiffs awarded compensatory damages to submit "an application for punitive damages . . . at a later date consistent with any future rules made by this Court on the issue." *See, e.g.,* ECF No. 5565 in 1:03-md-01570-GBD-SN (Feb. 18, 2020). Accordingly, Movants respectfully request permission to address the issue of punitive damages at a later date, in accordance with future rulings of the Court.

### C.  Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96 per cent per annum, compounded annually on their solatium and pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment.  *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *83.  Recently, this Court has affirmed that the 4.96% interest rate should be applied to all damages awarded in 9/11-related cases, regardless of whether the injuries arose in New York (where the statutory rate for prejudgment interest is 9%).  *See In re Terrorist Attacks on September 11, 2001*, 2016 U.S. Dist. LEXIS 144325, at *316-17 (S.D.N.Y. Oct. 14, 2016), *adopted by* 2016 U.S. Dist. LEXIS 151675, at *275 (S.D.N.Y. Oct. 24, 2016).  Movants respectfully request that the Clerk be directed to award prejudgment interest on their solatium damages awards at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

### CONCLUSION

For all of the foregoing reasons, Movants respectfully request that the Court enter partial final judgments against Iran and in favor of each of the Movants for solatium damages in the amount of $4,250,000, and prejudgment interest thereon at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

Dated: July 21, 2022
White Plains, New York

Respectfully submitted,

**FLEISCHMAN BONNER & ROCCO LLP**

By: /s/ James P. Bonner
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone: 646-415-1399

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com


P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

*Counsel for Plaintiffs*