```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON                                              03-MD-01570 (GBD)(SN)
    SEPTEMBER 11, 2001
                                                                      REPORT &
                                                                      RECOMMENDATION
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Ashton, et al., v. Islamic Republic of Iran, et al., No. 02-cv-6977

    Plaintiffs in Ashton, et al., v. Islamic Republic of Iran, et al., No. 02-cv-6977, move for default judgments against the Islamic Republic of Iran. ECF No. 8191.[1] These plaintiffs ask for economic and solatium damages resulting from the death of their loved ones in the September 11, 2001, terrorist attacks. In addition, while not the immediate family of a victim, one Plaintiff urges that her close relationship with the victim merits awarding damages. The Court recommends that this Motion be granted in part as described in this Report and Recommendation.

## DISCUSSION

    The Court assumes familiarity with the general background of this case. The procedural history of the Plaintiffs' Motion is addressed as part of the discussion of service on Iran.

---

[1] All ECF citations are to the MDL docket, 03-md-1570, unless otherwise noted.

I. **Iran Is Liable to These Plaintiffs and Was Properly Served**

Iran is liable to these Plaintiffs and was properly served. Service on a foreign sovereign must be achieved by one of the four means in 28 U.S.C. § 1605(a)(1)–(4), in descending order of preference from 28 U.S.C. § 1605(a)(1) to 28 U.S.C. § 1605(a)(4). Iran may not be served under 28 U.S.C. § 1605(a)(1) or 28 U.S.C. § 1605(a)(2) because there is no special arrangement between the United States and Iran and no international convention applies. The Plaintiffs attempted service through a mailing by the Clerk of the Court as required by 28 U.S.C. § 1605(a)(3), which failed when Iran rejected the mailing. Service was thus achieved by diplomatic means. The U.S. State Department transmitted service papers to the Swiss Government, which presented them to Iran. Ashton, No. 02-cv-6977, ECF No. 358. Iran, which has never appeared in this case, defaulted and a Clerk's Certificate of Default was issued, Id., ECF No. 651. A default judgment was entered on August 31, 2015. Id., ECF No. 759

The plaintiffs in this matter were either added by the time of the filing of the Sixth Amended Ashton Complaint or through subsequent notices of Amendment permitted by the Court's order at ECF No. 5234, and several similar predecessor orders. The ECF number of the pleading adding a plaintiff to Ashton is reflected in Table 1 at the end of this Report and Recommendation.

II. **Solatium and Economic Damages for Immediate Family Members**

This Court has consistently approved awards of solatium and economic damages for the estates of September 11 victims and their families. The framework for solatium awards for immediate family is well-established. Judge Maas recommended, and Judge Daniels adopted, a framework under which spouses of victims generally receive $12,500,000 in solatium damages, parents and children receive $8,500,000, and siblings receive $4,250,000. ECF Nos. 2618, adopted at 2623. This framework has been the basis for thousands of awards to family members.

See, e.g., ECF Nos. 3358 at 9, adopted at 3383, 3666, 4023, 4146, 5062, 5087, 5138. Additionally, the Court has consistently authorized the award of economic damages caused by a decedent's wrongful death where those damage calculations are appropriately supported by expert testimony. See, e.g., ECF Nos. 7521 at 18–28, 7523 at 21.

The Ashton Plaintiffs have supported their request for default judgments with several items. First, they include an affidavit stating that they have complied with the various safeguards this Court ordered for the submission of default judgments and that they have done suitable due diligence to confirm the identities of the people for whom they seek default judgments. ECF No. 8192. Second, they include reports from John Beauzile, an economist, to substantiate their claims for economic damages. ECF Nos. 8194, 8194-1 to 8194-7. Mr. Beauzile's calculations have been a sufficient factual basis for prior default judgments. See, e.g., ECF No. 7527. Finally, a separate affidavit supporting Ms. Shenan Bradshaw's request to be deemed a functional equivalent family member is located at ECF No. 8192-6.

The plaintiffs requesting solatium and economic damages are identified in tables at ECF Nos. 8193-1 and 8193-2. The Court has reviewed the economic and solatium damage requests in these tables as well as the supporting expert reports and finds the awards to be adequately supported. Accordingly, it recommends that the parties in Table 1 receive the economic and solatium awards set out in that table.

**III.   Functional Equivalent Family Members**

One plaintiff, Shenan M. Bradshaw, also seeks solatium damages on the grounds that she is a functional equivalent family member of Sandra W. Bradshaw. Solatium damages are generally restricted to the immediate family members of victims killed in a terrorist attack. In limited circumstances, however, damages have been awarded to non-immediate family members who are the "functional equivalent" of immediate family.

The Court first defined the framework for determining functional equivalence in a report and recommendation issued on October 14, 2016. ECF No. 3363, adopted at ECF No. 3384. ("Hoglan II.") It refined this framework in "Hoglan IV," issued on August 8, 2017. ECF No. 3676, adopted at ECF No. 3795.[2] The Hoglan IV framework has been the basis for four subsequent decisions on motions for damages based on functional equivalence. ECF Nos. 4175, 5154, 5387 adopted at 5950, 5483 adopted at 5950. Where a functional relationship is found damages are awarded under the same framework as immediate family members. See, e.g., ECF Nos. 3363 at 16, 4175 at 7, 5154 at 4, 5483 at 21–23, except that these awards may be reduced where a functional equivalent relationship is found but is not fully comparable to a familial relationship. See, e.g., ECF Nos. 3363 at 22 (recommending a stepmother receive half of the normal award where she entered the decedent's life when he was 11), 5387 at 7 (recommending a stepsibling receive half the normal award where he began living with the decedent at 14). The Court therefore evaluates Ms. Bradshaw's request under the Hoglan IV framework, and the damages framework set out by Judge Maas.

Ms. Bradshaw is the stepdaughter of Sandra W. Bradshaw. ECF No. 8192-6 at ¶ 1. She was four when her biological father married her stepmother, and they appear to have begun living together from then on. Id. at ¶ 4. She spent approximately half her time with her biological father and stepmother and the other half of her time with her biological mother. Id. at ¶¶ 5, 10. Specifically, "[d]uring school periods, [she] usually lived with [her] biological mother but spent weekends, every other holiday, and 3 months of the summer with [her] father" and stepmother. Id. at ¶ 5. Ms. Bradshaw reports an unhappy relationship with her biological mother—her stepmother provided the maternal presence in her life. Id. at ¶ 7. She provided most of Ms.

---

[2] Hoglan I involved solatium claims for immediate family members, ECF No. 3358, and Hoglan III concerned non-U.S. nationals. ECF No. 3374.

4

Bradshaw's emotional support and handled the normal parental tasks like supervising homework and arranging playdates for her. Id. at ¶ 10. Ms. Bradshaw does not indicate what, if any, financial support her stepmother provided her. She was 15 when her stepmother died on September 11. Id. at ¶ 11.

      Ms. Bradshaw presents a challenging case. While her relationship with her stepmother was undoubtably strong, her biological mother was not absent and indeed, had custody of Ms. Bradshaw about half of the time. The Court has not previously confronted comparable circumstances in any motion for solatium damages that might guide it so it returns to the criteria set out by Hoglan IV. This provides three general factors to consider for functional equivalent relationships with specific additional requirements for stepparent relationships. The first (and often decisive) factor is long-term residence in the descendant's household. ECF No. 3676 at 7. In the case of stepparents, the presumptive minimum requirement is two continuous years of cohabitation before the child reaches age 18. Id. at 13. Where continuous cohabitation begins after the child reaches age nine, the Court has awarded half solatium damages. See, e.g., ECF No. 5483 at 15.

      The second factor is the emotional, financial, and social supported the stepparent provided the stepchild. ECF No. 3676 at 8. The final factor is the presence or absence of the biological family member with whom functional equivalence is sought. As the Court noted in Hoglan IV, "a stepmother would be less likely to be considered a 'functional equivalent' of a (biological) parent if the decedent maintained close contact with and/or received support from his or her (biological) mother, even if they lived in the custody of their stepmother and received significant support from her. Id.

5

Applying these factors, the Court determines that an award of half solatium damages is appropriate. Ms. Bradshaw lived with her stepmother about half the time from when she was four to fifteen, but spent the other half of her time with her biological mother. Their cohabitation was thus substantial from an early age, but not so continuous as to resolve the question entirely in her favor. She received most of her emotional support from her stepmother but her ongoing cohabitation with her biological mother indicates that she received at least some financial support from her. As well, turning to the third factor, this means that she remained in close contact and received support from her biological mother, rather than facing total abandonment. Putting these factors together, Ms. Bradshaw's relationship with her stepmother merits a finding of functional equivalence, but the relationship is not fully comparable to the parental relationship for which full solatium damages are awarded. As in other cases where it has made similar findings, the Court recommends an award of $4,250,000.

## CONCLUSION

The Court recommends finding that service was achieved on Iran and that the Plaintiffs in this Report and Recommendation be awarded solatium and economic damages as set out in Table 1 appended below. The Court further recommends that Plaintiffs be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually. ECF No. 3358, <u>adopted at</u> ECF No. 3383.

Plaintiffs may apply for punitive, economic, and other damages at a later date and in a manner consistent with any applicable future Court rulings on the issue. Additionally, any parties in these seven cases not appearing in this Motion who were not previously awarded damages may still submit applications for damages awards in later stages. In light of the August 1, 2022 deadline to file with the United States Victims of State Sponsored Terrorism Fund, parties are encouraged to notify the Court as soon as possible if any objections will be filed. Upon

resolution of these motions, the Court may terminate the motion at ECF No. 8191, and the related motions in Ashton, No. 02-cv-6977, ECF No. 1666.

Dated: July 26, 2022
New York, New York

SARAH NETBURN
United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

| Plaintiff | Decedent | ECF No. Reflecting Plaintiff's Addition to Ashton[3] | Solatium Relationship | Functional Equivalent | Prior Awards | Economic Damages | Solatium Damages | Total Judgment |
|---|---|---|---|---|---|---|---|---|
| Paula H. Cottoy | Conrod Cottoy Sr. | 465 | N/A | N/A | $2,000,000.00 | $683,023.00 | N/A | $2,683,023.00 |
| Victoria Higley | Robert Higley | 465 | N/A | N/A | $2,000,000.00 | $7,294,150.00 | N/A | $9,294,150.00 |
| Marjorie Miller | Joel Miller | 465 | N/A | N/A | $2,000,000.00 | $1,708,341.00 | N/A | $3,708,341.00 |
| Jennifer Mingione | Thomas Mingione | 465 | N/A | N/A | $2,000,000.00 | $5,366,845.00 | N/A | $7,366,845.00 |
| Merrilly E. Noeth | Michael Noeth | 465 | N/A | N/A | $2,000,000.00 | $762,237.00 | N/A | $2,762,237.00 |
| Emily Vega-Faltas | Harold Lizcano | 465 | N/A | N/A | $2,000,000.00 | $1,677,804.00 | N/A | $3,677,804.00 |
| Janine Snyder | Leonard J. Snyder Sr. | 465 | N/A | N/A | $2,000,000.00 | $7,430,264.00 | N/A | $9,430,264.00 |
| Ashley Amato | James M. Amato | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Katherine Amato | James M. Amato | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Sean Amato | James M. Amato | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Tara Amato | James M. Amato | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Michael Esposito | Michael Esposito | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Andrew Esposito | Michael Esposito | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Alexandra Fallone | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Katherine Fallone | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Patrick Fallone | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |

Table 1: Plaintiff Damages

---

[3] All citations in this column are to the Ashton docket: 02-cv-6977.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Anthony Fallone, III | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Melissa A. Fatha Van Ness | Syed A. Fatha | 1658 | Spouse | N/A | N/A | N/A | $12,500,000.00 | N/A |
| Aaron Gill | Paul J. Gill | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Joshua Gill | Paul J. Gill | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Jennifer H. Castellano | Emeric J. Harvey | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Antoinette McCarthy | Emeric J. Harvey | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Hafeezah Legree | Anthony Hawkins | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Stephen C. LaMantia | Stephen LaMantia | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Emily LaMantia | Stephen LaMantia | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Lorraine H. Gardella | Diane T. Lipari | 1664 | Parent | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Lorraine A. Gardella | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Susan Kraljic | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Joseph Lipari | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Michael Lipari | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Christopher J. Maggitti | Joseph Maggitti | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Lauren Salbeck | Joseph Maggitti | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Christopher J. Monahan | John G. Monahan | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Terrence M. Monahan | John G. Monahan | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |

| Plaintiff | 9/11 Decedent | 9/11 Decedent | Relationship | | | | Solatium | |
|---|---|---|---|---|---|---|---|---|
| Alexandra Morell | George W. Morell | 1658 | Personal Representative of the Estate of Anthony X. Morell, deceased Sibling of 9/11 Decedent George W. Morell | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Lisa P. Aram | Richard Prunty | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Christopher Prunty | Richard Prunty | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Jeanne Kennedy | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Christine Reilly | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Thomas E. Reilly | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| William J. Reilly | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Alex Ryjov | Tatiana Ryjova | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Daniel Ryjov | Tatiana Ryjova | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Aaron Sand | Eric Sand | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| John P. Sarle | Paul F. Sarle | 1516 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Leeann Sarle | Paul F. Sarle | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Paul J. Sarle | Paul F. Sarle | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Norma A. Sarle | Paul F. Sarle | 1573 | Parent | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Christopher Snyder | Leonard J. Snyder, Jr. | 1517 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Nicholas Torres | Luis E. Torres | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Kevin Torres | Luis E. Torres | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Priscilla Stumm | Martin Wohlforth | 1573 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Elizabeth Tatsuno | Martin Wohlforth | 1573 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |

| Elizabeth C. Wohlforth | Martin Wohlforth | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Shenan M. Bradshaw | Sandra W. Bradshaw | 1350 | Stepdaughter | Child | N/A | N/A | $4,250,000.00 | N/A |