IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*: Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)))

*DECLARATION OF JOSEPH PETER DRENNAN
IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT
JUDGMENTS FOR DAMAGES FOR ECONOMIC LOSSES FOR CERTAIN PLAINTIFFS
(ANAYA/IRAN III)*

I, JOSEPH PETER DRENNAN, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

1. I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN) (the "*Anaya* Action"). I was admitted *pro hac vice* in the *Anaya* Action on February 5, 2019. I submit this Declaration in support of the motion by the *Anaya* Plaintiffs identified at **Exhibit A** hereto, each of whom represents the estate of an individual who was killed in the terrorist attacks on 11 September 2001, as identified in **Exhibit A**, (collectively, the "Movants") for awards of economic damages in the respective amounts identified at **Exhibit A**, and prejudgment interest on those damages awards.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (MDL ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23,

    2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

  b. The Court's October 14, 2016 Order MDL ECF No. 3362 related to *Bauer v. Al Qaeda Islamic Army*, 02-cv-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN).

  c. The Court's May 5, 2022 Order MDL ECF No. 7963 setting forth procedures for filing expert reports containing confidential information under seal.

3. The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted to plaintiffs in *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN) and other cases in this multidistrict litigation.

4. Service of process on The Islamic Republic of Iran in the *Anaya* Action was executed pursuant to 28 U.S.C. § 1608(a)(4) on 29 June 2020, through diplomatic channels. *See*: 18-cv-12341 ECF No. 47 at ¶¶ 6-10 and Exhibit 3.

5. The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in representing *Anaya* Plaintiffs in connection with the September 11th litigation; communications with family members of the individuals killed in the attacks on September 11th and with the Movants; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; documents and public records copies of which are contained in my firm's files; and court records relating to the multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

6. My firm has been retained by the Movants to pursue claims against the Islamic Republic of Iran for its role in the 11 September 2001 terrorist attacks on behalf of the estates of Liam Joseph Colhoun, Carlos da Costa, Thomas E. Galvin, Susan M. Getzendanner, Babita

Girjamatie Guman, Don Jerome Kauth, Gary H. Lee, Michael Lowe, and Daniela R. Notaro (collectively, the "*Anaya III* Decedents"), all of whom were killed in the September 11th terrorist attacks. On October 5, 2021, this Court entered a judgment on default as to liability against the Islamic Republic of Iran in favor of the *Anaya* Plaintiffs, including the Movants, and awarded each of the *Anaya III* Decedents' estates $2,000,000 in compensatory damages for pain and suffering, consistent with orders entered in favor of other estates in this multidistrict litigation. *See*: MDL ECF 7178 and 18-cv-12341 ECF 70.

7. By the instant motion, Movants seek, on behalf of all survivors and all legally entitled beneficiaries and family members of the *Anaya III* Decedents, compensation for economic losses to the *Anaya III* Decedents' estates.

8. Movants have provided my firm with evidence that the *Anaya III* Decedents were citizens of the United States and that they perished in the September 11th terrorist attacks. Each of the Movants has provided my firm with proof that he or she been appointed by a court as the personal representative of the estate of an *Anaya III* Decedent as indicated in Exhibit A hereto.

9. Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the 23 January 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433), and have personally verified that, based on my review of the records available to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the 11 September 2001 terrorist attacks and judgments entered by this Honorable Court in those actions, none of the 9/11 Decedents' estates has previously been awarded damages for economic losses against the Islamic Republic of Iran or any Iranian government defendant in relation to the September 11th terrorist attacks. None of the Movants

has any other motion pending before this Court for compensation arising out of the 11 September 2001 terrorist attacks.

10. Movants seek damages for economic losses to the *Anaya III* Decedents' estates in the amounts indicated in **Exhibit A**, which amounts represent the present value of the estimated economic losses suffered as a result of each *Anaya III* Decedents' wrongful death. These amounts were calculated by actuary John E. Beauzile, who was retained by my co-counsel and me, to review and update the computations performed by the September 11th Victims Compensation Fund ("VCF"). With Movants' written authorization, my co-counsel obtained the relevant VCF files for each of the Anaya III Decedents' estates from the U.S. Department of Justice pursuant to the Freedom of Information Act. The VCF files include expert reports with supporting materials, reviews and analyses of same made by the VCF, compensation award determinations, applications and other relevant documentation. The VCF files were provided to Mr. Beauzile and form the basis for his calculations of the *Anaya III* Decedents' estates economic losses.

11. John E. Beauzile's 27 July 2022 declaration is annexed hereto as **Exhibit B** and incorporated herein (the "Beauzile Declaration"). As explained therein, Mr. Beauzile prepared an updated report for each of the *Anaya III* Decedents' estates identified in **Exhibit A** hereto, which reports are referenced in the Beauzile Declaration as Exhibits 2 through 10. In accordance with the Court's 5 May 2022 Order at MDL ECF No. 7963, **Exhibit B** hereto will be filed under seal. The Beauzile Declaration and reports set forth the bases for Mr. Beauzile's conclusions, along with his methodology and assumptions.

12. Previously, in connection with a motion for final judgment on behalf of *Ashton* claimants, this Honorable Court instructed counsel to present a proposed order with a rate of prejudgment interest of 4.96 percent, *per annum*, compounded annually. *See*: MDL ECF No. 3362 (October 14, 2016). The form of the proposed partial final judgment submitted herewith conforms to the Court's prior order.

13. Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgments in favor of the *Anaya III* Decedents, in the amounts set forth in **Exhibit A** hereto.

I declare under penalty of perjury that the foregoing is true and correct. Executed in the City of Alexandria, Virginia, on 28 July 2022.

*[signature]*
JOSEPH PETER DRENNAN