UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Burnett, et al. v. The Islamic Republic of Iran, et al.*, 15 Civ. 09903 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On May 9, 2022, sixteen *Burnett* Plaintiffs moved the Court to issue final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks. (Pls.' Notice of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 7987.)[1] Before the Court is Magistrate Judge Sarah Netburn's July 25, 2022 Report and Recommendation (the "Report"), recommending that the Court grant Plaintiffs' motion in part and recommending the amounts in which each Plaintiff should be awarded pain and suffering damages. (Report, ECF No. 8258, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.[2] (*Id.* at 42.)

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

[2] Any objections are due by August 8, 2022. Given Defendant's default in all related cases, no objections from Defendant are expected. If any party files timely objections, the Court will reconsider that portion of this order.

1

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, the Court reviews the Report for clear error. The Court ADOPTS Magistrate Judge Netburn's Report in full.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the September 11, 2001 terrorist attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs and is as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |

| | |
|---|---|
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(*Id.* at 6.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what type of injuries the Court will typically consider to be "significant," "severe," or "devastating," and she also reserved the Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6–9.)

The Court applied this framework to previous motions by *Burnett* Plaintiffs for personal injury damages.[3] Thus, Magistrate Judge Netburn Report correctly applied the same framework to the instant motion seeking damages for similar injuries. (Report at 2.)

## A. The Report Did Not Err in Determining Which Individual Plaintiffs Are Entitled to Pain and Suffering Damages and the Amount of such Damages.

Magistrate Judge Netburn properly determined that awards of pain and suffering damages, as listed in Exhibit A of this opinion, are appropriate. Plaintiffs submitted declarations wherein they extensively detailed the injuries they sustained during the September 11, 2001 terrorist attacks. (*See* Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 7989, Exhibits 2-17.) The Report accurately describes the relevant injuries and whether medical records confirm these injuries, especially in finding limitations of the evidence supporting certain injuries sustained by Plaintiffs Charles Freeman, Racquel Kelley, and David Moriarty. (Report at 3–13.)

---

[3] *See Burnett II*, ECF No. 5888 at 2; *Burnett III*, ECF No. 5909 at 2; *Burnett IV*, ECF No. 5932 at 2; and *Burnett V*, ECF No. 7323 at 2.

Additionally, Magistrate Judge Netburn appropriately found that (1) "Plaintiffs be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually;" (2) "Plaintiffs may apply for punitive, economic, and other damages at a later date;" and (3) "any *Burnett* plaintiffs not appearing in this motion who were not previously awarded damages may still submit applications for damages awards in later stages." (*Id.* at 13.)

### III.   CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 7987), is GRANTED.  It is

**ORDERED** that the *Burnett* Plaintiffs identified in the attached Exhibit A are awarded judgments for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, (ECF No. 7987), and 15 Civ. 9903, (ECF No. 583), accordingly.

Dated: JUL 2 8 2022
New York, New York

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

| Number | Plaintiff | Pain and Suffering Damages |
|---|---|---|
| 1 | Douglas W. Anderson | $5 million |
| 2 | Desiret Carvache | $5 million |
| 3 | Jose M. Contes | $7 million |
| 4 | Enrique Cruz | $5 million |
| 5 | Juan Alberto Cruz-Santiago | $15 million |
| 6 | Cynthia A. Delancey | $5 million |
| 7 | Patricia A. Farrar | $5 million |
| 8 | Charles M. Freeman | $5 million |
| 9 | Raquel K. Kelley | $5 million |
| 10 | Emanuel A. Lipscomb | $5 million |
| 11 | David M. Moriarty | $5 million |
| 12 | Victor D. Panzella | $5 million |
| 13 | Wilston L. Parris | $5 million |
| 14 | Filomena Roman | $5 million |
| 15 | Robert Senn | $7 million |
| 16 | Christopher L. Young | $5 million |