UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
------------------------------------x

This document relates to:

> *Hemenway, et al. v. Islamic Republic of Iran*, No. 18-cv-12277 (GBD) (SN)
> *BNY Mellon, et al. v. Islamic Republic of Iran*, No. 19-cv-11767 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On June 30, 2022, three Plaintiffs in the two related cases referenced above moved for default judgments against the Islamic Republic of Iran. (Pls.' Notice of Mot. for Entry of Partial Final Default J., ECF No. 8164.)[1] They also move for solatium damages on grounds that their close relationship with people killed in the September 11, 2001, terrorist attacks merit a finding that they are functionally family members of the victims ("functional equivalents"). (*Id.*) Before the Court is Magistrate Judge Sarah Netburn's July 26, 2022 Report and Recommendation (the "Report"), recommending that the Court grant Plaintiffs' motion in part and recommending the amounts in which each Plaintiff should be awarded solatium damages. (Report, ECF No. 8267, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.[2] (*Id.* at 42.)

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

[2] Any objections are due by August 9, 2022. Given Defendant's default in all related cases, no objections from Defendant are expected. If any party files timely objections, the Court will reconsider that portion of this order.

1

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, after a clear error review the Court ADOPTS Magistrate Judge Netburn's Report in full.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HER RECOMMENDATIONS ON DAMAGES

Magistrate Judge Netburn did not commit clear error in finding that Plaintiffs properly served Iran and that Iran is liable to these Plaintiffs. Service was rightfully achieved by diplomatic means, and it has become well-established that Iran has yet to appear in this action. (Report at 2.)" "The only outstanding question is [Plaintiffs'] damages." (Report at 2.)

"In limited circumstances…damages have been awarded to non-immediate family members who are the 'functional equivalent' of immediate family." (Report at 2.) On October 14, 2016, with refinements on August 8, 2017, this Court established a framework for determining if a Plaintiff is a functional equivalent of immediate family. (*See* ECF No.

2

3384; ECF No. 3795.)[3]  In addition, there has been a long-established framework for solatium damages awarded to family members of victims who died from the 9/11 attacks. (*See* ECF No. 2623.)  Magistrate Judge Netburn Report correctly applied these same frameworks to the instant motion seeking damages for similar injuries. (Report at 2-3.)

Specifically, Magistrate Judge Netburn properly recommended awards of solatium damages for Plaintiffs Joseph Dixon, Eric Johnson, and Brian Wilkes. Plaintiffs submitted declarations wherein they extensively detailed their relationships with victims of the 9/11 terrorist attacks. (*See* Decl. in Supp. of Mot. for Entry of Partial Final Default Js., ECF No. 8165, Exhibits 4-6.) The Report accurately describes the relevant relationships and considers the relevant factors in evaluating whether the relationships are functionally equivalent to familial relationships. (Report at 3–14.)  Therefore, Magistrate Judge Netburn did not commit clear error in recommending that Plaintiff Joseph Dixon be awarded $8,500,000 as a stepparent, Eric Johnson be awarded $12,500,000 as an unmarried partner, and Brian Wilkes be awarded $12,500,000 as an unmarried partner.

Additionally, Magistrate Judge Netburn appropriately found that (1) "Plaintiffs be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually;" (2) "Plaintiffs may apply for punitive, economic, and other damages at a later date;" and (3) "any plaintiffs in these two cases not appearing in this Motion who were not previously awarded damages may still submit applications for damages awards in later stages." (*Id.* at 13-14.)

### III.  CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 8164), is GRANTED. It is

---

[3] This framework has been used on four separate occasions. (*See, e.g.*, ECF No. 5950; ECF No. 5950.)

**ORDERED** that the Plaintiffs Joseph Dixon, Eric Johnson, and Brian Wilkes Joseph Dixon be awarded $8,500,000, $12,500,000, and $12,500,000, respectively, for solatium damages; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on this motion and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for these Plaintiffs or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, ECF No. 7987; No. 18-cv-12277, ECF No. 167; and No. 19-cv11767, ECF No. 90.

Dated: **JUL 2 8 2022**
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge