```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                               03-MD-01570 (GBD)(SN)

     TERRORIST ATTACKS ON                                            REPORT &
     SEPTEMBER 11, 2001                                              RECOMMENDATION

-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Hamilton, et al., v. Islamic Republic of Iran, No. 20-cv-10366

Raynard Hamilton seeks a partial default judgment for personal injuries suffered in the September 11 Attacks. ECF No. 50.[1] The Court recommends that this Motion be granted in part as described in this Report and Recommendation.

## DISCUSSION

The Court assumes familiarity with the background of this case and discusses only those aspects relevant to this Report and Recommendation. Mr. Hamilton was a plaintiff in the initial complaint. ECF No. 1-1. A default judgment as to liability was granted in his favor and against the Islamic Republic of Iran. ECF No. 46. The only outstanding question is damages.

The Court first addressed the question of personal injury damages in response to a motion brought by the plaintiffs in Burnett et al., v. The Islamic Republic of Iran, et al., No. 15-cv-9903. That Report and Recommendation, Burnett I, ECF No. 5879, defined a framework for assessing

---

[1] Unless otherwise noted, all citations are to the docket in Hamilton, et al., v. Islamic Republic of Iran, No. 20-cv-10366.

personal injury damage claims brought under 28 U.S.C. § 1605A. Id. at 2–10. This framework divides injuries into three categories with expected damages for each: the baseline "severe" injuries ($7,000,000), a "significant" injuries downward departure category ($5,000,000), and an upward departure "devastating" injuries category ($10,000,000). Id. at 6–10. For rare individuals with exceptionally traumatic injuries, the Court has recommended damages above $10 million. See, e.g., ECF No. 5909 at 12–13 (awarding damages of $25,000,000 where the plaintiff's injuries were "beyond devastating"). Conversely, "[t]he absence of medical records supporting and providing further information regarding an affiant's claims may support a downward departure in an award determination." ECF No. 5879 at 9.

The Court has used this framework to analyze five subsequent motions for personal injury damages made by the Burnett Plaintiffs: Burnett II, ECF No. 5888 at 2, Burnett III, ECF No. 5909 at 2, Burnett IV, ECF No. 5932 at 2, Burnett V, ECF No. 7323 at 2, and Burnett VI, ECF No. 8258 at 2. The Burnett I framework was also employed to assess two motions by plaintiffs in Ashton, et al., v. al Qaeda Islamic Army, et al., No. 02-cv-6977. ECF Nos. 5914 at 2, 8266 at 2.

The current motion seeks (1) compensatory damages for pain and suffering inflicted during the September 11, 2001 Terrorist Attacks, (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment, (3) leave for Mr. Hamilton to seek punitive damages, economic damages, or other damages at a later date, and (4) leave for all Hamilton plaintiffs to file applications for damages awards later if such awards have not been addressed already. See ECF No. 51 at 9.

I. <u>HAMILTON</u> PERSONAL INJURY PLAINTIFF

The Court analyzes Mr. Hamilton's claims for pain and suffering based on the <u>Burnett I</u> framework.

**1. Raynard Hamilton**

Raynard Hamilton was working as a maintenance worker and engineer tech at the Pentagon on the morning of the September 11 Attacks. ECF No. 52-1 at ¶ 3. He and several coworkers were watching the news about the attack on the World Trade Center in New York City when the Pentagon was struck. <u>Id.</u> at ¶ 7. He ran outside and saw a fireball erupt from the impact zone. <u>Id.</u> at ¶ 8. Mr. Hamilton fled the Pentagon, using a ladder to climb over an intervening wall and disregarding a security guard's warning that he and others would be shot if they continued trying to climb the wall. <u>Id.</u> at ¶ 9. He connected with his wife who worked close by, and they went home. <u>Id.</u> at ¶ 10. On September 13, he was called back to work at the Pentagon where he smelled the jet fuel and burnt flesh. Human remains from the attack were stored near his work site. <u>Id.</u> at ¶¶ 11–12. Over the next 14 years, he struggled with drug and alcohol abuse. <u>Id.</u> at ¶¶ 14–19. He was diagnosed with PTSD stemming from the attacks in 2015. <u>Id.</u> at ¶ 21. His medical records confirm his PTSD diagnosis and its connection to the September 11 Attacks. ECF No. 54 at Ex. B at 1–2, Ex. C at 2.

While Mr. Hamilton does not report any physical injuries, the <u>Burnett I</u> framework permits for the award of damages for purely emotional injuries suffered in a terrorist attack. ECF No. 5879 at 6 (identifying "mental health disorders" as a significant injury). Other cases awarding damages pursuant 28 U.S.C. § 1605A have similarly awarded damages for injuries that are primarily emotion. <u>See, e.g.</u>, <u>Valore v. Islamic Republic of Iran</u>, 700 F. Supp. 2d 52, 84 (D.D.C. 2010) (awarding damages where "injuries were . . . primarily emotional" and based largely on the destruction the victim witnessed while aiding people after an attack). The Court

3

accordingly find's that Mr. Hamilton's injuries are significant and recommends an award of $5,000,000.

## CONCLUSION

The Court recommends granting pain and suffering damages as set out in Table 1.

| Table 1: Plaintiff Damages | |
|---|---|
| **Plaintiff** | **Pain and Suffering Damages** |
| Raynard Hamilton | $5,000,000 |

Mr. Hamilton should also be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually. ECF No. 3358 adopted by ECF No. 3383.

He may apply for punitive, economic, and other damages at a later date and in a manner consistent with any applicable future Court rulings on the issue. Additionally, any Hamilton personal injury plaintiffs not appearing in this motion who were not previously awarded damages may still submit applications for damages awards in later stages.

In light of the August 1, 2022 deadline to file with the United States Victims of State Sponsored Terrorism Fund, Mr. Hamilton is encouraged to notify the Court as soon as possible if any objections will be filed. Upon resolution of this motion, the Court should terminate the motion in Hamilton, No. 20-cv-10366, ECF No. 50.

_____
SARAH NETBURN
United States Magistrate Judge

Dated: July 29, 2022
       New York, New York

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).