**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:
*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

**Declaration of Dorothea M. Capone**
**in Support of the *Bauer* Plaintiffs' Motion for**
**Final Judgments Against The Taliban and Muhammad Omar**

I, DOROTHEA M. CAPONE, Esq., pursuant to 28 U.S.C. § 1746, hereby state under

penalty of perjury that:

1.      I am a member of Baumeister & Samuels, P.C., the law firm representing the

Plaintiffs identified in the instant motion in the above-referenced matter,[1] and I submit this

Declaration in support of the *Bauer* Plaintiffs' motion for final judgments against the *Taliban*

and former leader of the Islamic Emirate of Afghanistan Emir Muhammad Omar (hereinafter the

*Taliban* and *Omar* Defendants) on behalf of the estates of those individuals murdered on

September 11, 2001 ("*Bauer* 9/11 Decedents") and their immediate family members or

functional equivalents.  This motion seeks the following relief which will constitute final

judgments:

> (1) awarding each estate of the *Bauer* 9/11 Decedents identified in Exhibit A
> damages for the decedent's conscious pain and suffering against the *Taliban*
> and *Omar* Defendants in the amount of $2,000,000 per decedent, which is the
> same amount this Court previously award to them;

---

[1]Baumeister & Samuels, P.C. was retained by the plaintiffs identified in Exhibits A, B, C-1 and
C-2 who are collectively described as "*Bauer* Plaintiffs".  The claims of these plaintiffs have, at
various times, been consolidated into and made a part of the action filed by Kreindler &
Kreindler entitled *Ashton v. al Qaeda Islamic Army, et al.*, 02-cv-6977.  *See infra*.

(2) awarding each estate of the *Bauer* 9/1 Decedents identified in Exhibit A damages for economic losses against the *Taliban* and *Omar* Defendants based on the same amounts that this Court previously awarded to those estates;

(3) awarding each of the immediate family members of the *Bauer* 9/11 Decedents identified in Exhibit B, who are estate representatives for those estates and immediate family members identified in the complaints underlying the relevant default judgment, solatium damages against the *Taliban* and *Omar* Defendants in the same amounts that this Court previously awarded to them;

(4) awarding each of the immediate family members of the *Bauer* 9/11 Decedents identified in Exhibits C-1 and C-2, who were added to the complaints underlying the relevant default judgment through the filing of Notices of Amendment as to the *Taliban* and *Omar* Defendants, solatium damages in the same amounts that this Court previously awarded to them;

(5) awarding treble damages to those *Bauer* Plaintiffs identified on Exhibits A, B and C-1 for claims under the Anti-Terrorism Act, 18 US.C. § 2333;

(6) awarding the *Bauer* Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

(7) granting the *Bauer* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

(8) granting permission for other *Bauer* Plaintiffs in this action not appearing on the Exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the proposed judgment represent the only direct recovery by the *Bauer* Plaintiffs against the *Taliban* and *Omar* Defendants, the proposed judgment would constitute final awards and judgments against the *Taliban* and *Omar* Defendants for the *Bauer* Plaintiffs.

2.     The form of this motion and the relief requested are intended to comply with the prior Orders of this Court.[2]  By Order dated April 11, 2022, this Court instructed counsel seeking

---

[2] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number and references to individual civil case docket entries are preceded by the case number.

default motions against the *Taliban* and *Omar* Defendants (and other defendants going forward) to (1) provide the ECF numbers of any prior damages awards made to the party seeking damages in the motion; and (2) provide the ECF number of the complaint, notice of amendment, substitution order, or other document adding the plaintiff to an action in which default judgment is sought. (ECF 7870).  The *Bauer* Plaintiff have complied with these requirements, as well as the additional requirements requested by the Court in its July 11, 2022 Order (ECF 8198)(setting forth information required to secure default judgments against non-sovereign defendants), and in prior Orders requiring the sworn declaration of due diligence safeguards and verification regarding any prior relief.  (ECF 3433, ECF 3435).

**Procedural Background**

3.      On September 10, 2002, the *Bauer* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terror attacks, which included claims against the *Taliban* and *Omar* Defendants, among others. *See* 02-cv-7236 (S.D.N.Y.) ECF 1.[3]   By Stipulation and Order dated November 19, 2002, the claims of these *Bauer* Plaintiffs were consolidated into *Ashton v. al Qaeda Islamic Army, et. al.*, 02-cv-6977, ECF 5.  Additional claims were thereafter brought by Baumeister & Samuels on behalf of four additional estates and their immediate family members on July 2, 2003 in an action entitled *York v. al Qaeda Islamic Army, et al.*, 03-cv-5493, ECF 1.  The *York* action was consolidated into the *Ashton* 3rd Amended Complaint filed on September 5, 2003, 02-cv-6977, ECF 111.  On December 9, 2003, the Judicial Panel on Multidistrict Litigation ordered that all disputes arising out of the September 11, 2001 terror attacks be transferred to the Southern

---

[3] That complaint and subsequent complaints were consolidated and made a part of the action referred to in this litigation as *Ashton v. al Qaeda Islamic Army, et. al.*, which has been amended several times. *See, e.g.,* 02-cv-6977, ECF 11, 32, 38, 111, 465.

District of New York for coordinated or consolidated pre-trial proceedings under 03-md-1570.

The *York* Plaintiffs' claims were voluntarily dismissed on March 22, 2004 (03-cv-5493, ECF 8)

and the final *Bauer* Plaintiffs were added to the *Ashton* 5th Amended Complaint filed on

September 20, 2004 (ECF 447).  Each of the *Bauer* Plaintiffs' claims identified in the Exhibits

accompanying this motion were either included in the *Ashton* 6th Amended Complaint filed

September 30, 2005 (ECF 1463), which is the operative pleading at the time this Court issued a

liability judgment for the consolidated *Ashton* Plaintiffs against the *Taliban* and *Omar*

Defendants on May 12, 2006 (ECF 1797), or added to that and earlier *Ashton* complaints through

Notices of Amendment as to the *Taliban* and *Omar* Defendants filed April 11, 2002 (ECF 7856,

7858, 7859, 7860, 7861, 7862, 7863, 7864, 7865, 7867, 7868).

    4.    Pursuant to this Court's order, the *Bauer* Plaintiffs, as part of the *Ashton* action,

served the *Taliban* and *Omar* Defendants by publication.  (ECF 445 at 1, 8, 11).  Verification of

service by publication on, among others, the *Taliban* and *Omar* Defendants, was provided on

March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with

the service Order.  (ECF 709, 735).[4]  The *Taliban* and *Omar* Defendants never answered, and the

consolidated *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default

judgment, which this Court granted on May 12, 2006.  (ECF 1782 *et seq.*, 1797).[5]  Exhibit D

attached hereto is a true and accurate copy of Exhibit B to the *Ashton* default motion and lists all

---

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days.  ECF 709 at 2; 735 at 2.

[5] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the *Ashton* 6th Amended Complaint.  It included a list of all plaintiffs by name in Exhibit A to this Order, and a list of all defendants to whom the default was applicable in Exhibit B.

defendants against whom the default was applicable, including the *Taliban* and *Omar* Defendants.  (ECF 1782-5).

5.      Exhibit E attached hereto is a true and accurate copy of Exhibit A to the *Ashton* default motion and lists all plaintiffs for whom the default was secured against the *Taliban* and *Omar* Defendants, including the *Bauer* 9/11 Decedents and their estate representatives in their individual and representative capacities. (ECF 1782-4).

6.      Exhibit F attached hereto are true and accurate copies of the Notices of Amendment as to the *Taliban* and *Omar* Defendants filed by *Bauer* Plaintiffs on April 11, 2022 (ECF 7856, 7858, 7859, 7860, 7861, 7862, 7863, 7864, 7865, 7867, 7868) in accordance with the Court's Order of the same date.  (ECF 7870).

**Damages Due Diligence:**

7.      The *Bauer* Plaintiffs now seek final damages judgments against the *Taliban* and *Omar* Defendants.

8.      The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for more than 20 years; my firm's representation of the *Bauer* Plaintiffs in connection with this litigation; communications directly with immediate family members of the *Bauer* 9/11 Decedents listed in Exhibits A, B, C-1, C-2, F and G; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Bauer* Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

9.      All of the *Bauer* 9/11 Decedents listed in Exhibit A died in the September 11, 2001 terror attacks.  Shortly thereafter, Baumeister & Samuels was retained by the estate

representatives of the *Bauer* 9/11 Decedents listed in Exhibit A to pursue all claims arising out of their deaths on behalf of all individuals who may be entitled to recover damages.

10.     All of the *Bauer* 9/11 Decedents listed in Exhibit A were U.S. nationals at the time of their deaths as evidenced by documentary evidence obtained by my law firm including copies of birth certificates, passports and verified applications to the September 11th Victims Compensation Fund, and personal interviews and/or written communications with the representatives of the estates of the *Bauer* 9/11 Decedents and their immediate family members.

11.     Exhibit A sets forth the compensatory damages amount this Court previously awarded to the estates of the *Bauer* 9/11 Decedents for conscious pain and suffering in connection with claims asserted against another defendant in the litigation, the Islamic Republic of Iran ("Iran").

12.     Exhibit A also sets forth claims by the personal representatives of the estates of the *Bauer* 9/11 Decedents seeking awards of economic damages in the amounts listed therein. These amounts are based upon reports prepared by economic experts who, relying on materials provided by the *Bauer* Plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty.  The underlying materials included economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with the *Bauer* Plaintiffs' prior motions for economic

damages filed on behalf of the estates of the *Bauer* 9/11 Decedents,[6] and are the same amounts that this Court granted in connection with claims asserted against Iran.

13.     Exhibit A lists the MDL ECF docket filing numbers that this Court previously awarded to the *Bauer* 9/11 Decedents for pain and suffering, together with economic loss damages this Court previously awarded.

14.     This Court previously awarded solatium damages to the immediate family members listed in Exhibits B, C-1 and C-2 in the following amounts which are provided in support of the damage judgments sought in the instant motion:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

15.     The *Bauer* Plaintiffs listed in Exhibit B are representatives of the estates of the *Bauer* 9/11 Decedents named in the complaints underlying the default judgment against the *Taliban* and *Omar* Defendants, who asserted claims for themselves individually and for all survivors of the *Bauer* 9/11 Decedents.  They are also immediate family members of the *Bauer* 9/11 Decedents named in the *Ashton* 6th Amended Complaint in which solatium damages were sought.[7]  *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 485 at ¶ 482 (seeking, among other things,

---

[6] *See* ECF 3334, 5437, 5440, 5446, 5455, 5469, 5474, 5488, 5501, 5504.

[7] The personal representative of the Estate of Adam J. Lewis (#29 on Exhibit B) and the Estate of Sean Rooney (#37 on Exhibit B) are not immediate family members of those decedents.  Claims

solatium damages).  I have confirmed the relationship between each *Bauer* 9/11 Decedent and the individuals listed in Exhibit B through documentary evidence and/or interviews with and written confirmation from our clients.  Exhibit B lists the MDL ECF docket filing numbers that correspond to the solatium damages this Court previously awarded to each personal representative of the *Bauer* 9/11 Decedents.

16.     The *Bauer* Plaintiffs listed in Exhibits C-1 (U.S. nationals) and C-2 (non-U.S. nationals) are all immediate family members of the *Bauer* 9/11 Decedents.  Although the personal representatives of each of the estates of the *Bauer* 9/11 Decedents have been pursuing claims on their behalf through litigation for almost twenty years, the names of these immediate family members of the *Bauer* 9/11 Decedents were added to the litigation through Notices of Amendment filed on April 11, 2022[8] in accordance with this Court's Order of the same day. (ECF 7870).  Exhibits C-1 and C-2 specify the nature of each *Bauer* Plaintiff's relationship to the *Bauer* 9/11 Decedent as either spouse, child, parent or sibling.[9]  We have confirmed the relationship between each *Bauer* 9/11 Decedent and the individuals listed in Exhibits C-1 and C-2 through documentary evidence and/or interviews with and written confirmation from our clients.  Exhibits C-1 and C-2 list the MDL ECF docket filing numbers that correspond to the solatium damages this Court previously awarded to each immediate family member of the *Bauer* 9/11 Decedents.

---

for the solatium losses of Patricia Lewis, wife of the decedent Adam J. Lewis, and Beverly Eckert, wife of the decedent Sean Rooney, are identified on Exhibit C-1.

[8] *See* ECF 7856, 7858, 7859, 7860, 7861, 7862, 7863, 7864, 7865, 7867, 7868.

[9] In ECF 5701, this Court recognized the stepdaughter of one of the victims as "functionally equivalent" to his natural child.  This Court awarded her full solatium damages of $8,500,000.00 (ECF 5947).

17.     Some of the *Bauer* Plaintiffs identified in Exhibit G are children of the *Bauer* 9/11 Decedents.  At the time this Court initially issued solatium damage awards against Iran for these children in 2016, they were minors such that their names were redacted from the original judgments in accordance with Fed. R. Civ. P. 5-2.  (ECF 3341, 3387).  On April 7, 2022, while conducting a review of the *Bauer* Plaintiffs' original motion for default judgment against the *Taliban* and *Omar* Defendants (ECF 7156), this Court requested clarification as to these children's judgments.  (ECF 7837).  By letter dated April 7, 2022, (ECF 7838), I confirmed for the Court that the children listed in Table 1 to that motion were minors at the time their award for solatium damages against Iran was issued and have now reached the age of majority.  I also confirmed for the Court that *Bauer* Plaintiffs identified in Table 2 of the original Order (ECF 3387) who appeared to have different names or spelling discrepancies between their 2016 solatium damage judgments against Iran and their current requests for the same judgments against the *Taliban* and *Omar* Defendants, are the same people.  I repeat my previous affirmation that the *Bauer* Plaintiffs whose names were redacted due to their minority in their original 2016 solatium damage judgments against Iran are the same individuals who are now identified in Exhibit G.  I also repeat my previous affirmation to the Court that the individuals listed in Table 2 of the Court's April 7, 2022 Order are the same people.  Exhibit F is attached for the Court's convenience to lay out the variations between the 2016 solatium damage awards and their ECF numbers and any *Bauer* Plaintiff's current name or spellings.

18.     The *Bauer* Plaintiffs listed on Exhibits A, B, C-1 and C-2 to this Declaration have received final judgments against Iran but have not received final judgments against either of the *Taliban* and *Omar* Defendants, nor have they collected anything close to the full amounts of their

judgments against Iran, with awards to most of the estates, spouses and dependents from the U.S. Victims of State Sponsored Terrorism Fund limited to less than 1% of their judgment amounts.

19.     In order to allow them to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban* or *Omar* Defendants, the *Bauer* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor Iran and as is reflected in Exhibits A, B, C-1 and C-2.

20.     The *Bauer* Plaintiffs listed in Exhibits A, B and C-1 are U.S. nationals while those identified in Exhibit C-2 are not U.S. nationals.

21.     Under the Anti-Terrorism Act, 28 U.S.C. § 2333(a), this Court has jurisdiction to award treble damages to U.S. nationals.  In the complaints filed underlying the default judgment against the *Taliban* and *Omar* Defendants, the *Bauer* Plaintiffs sought such treble damages as well as damages under other provisions of law, including on behalf of non-U.S. nationals.

22.     In accordance with the Court's April 11, 2022 Order (ECF 7870) and its July 11, 2022 Order (ECF 8198), Exhibits A, B, C- and C-2 include the following information:

- ECF number of any prior damages awards to the party seeking damages in the motion;[10]

- ECF number of the complaint, notice of amendment, substitution order, or other document adding the plaintiff to an action to which default judgment is sought;[11]

- ECF number of the document (if any) determining liability between that plaintiff and defendant;

---

[10] The Court's July 11, 2002 Order (ECF 8198) restates the instruction from the Court's April 11, 2002 Order by stating, "if damages are sought based in part on a prior award of damages (e.g., personal injury or economic damages), the case and ECF numbers of that award".

[11] The Court's July 11, 2022 Order (ECF 8198) restates the instruction from the Court's April 11, 2022 Order by stating, in relevant part, that plaintiffs seeking judgment must include "the ECF number of the document adding the plaintiff to the complaint against the relevant defendant".

- the nationality of the plaintiff and any decedent relevant to the adjudication of liability and damages;

- the cause of action or causes of action for which the plaintiffs seek damages, including whether damages are sought under the ATA.  If damages for multiple causes of action are identical, only the causes of action relevant to the sum of damages must be listed;

- if damages are sought under the ATA, the calculation of trebled damages;

- if damages or liability are sought in part based on a prior entry of default judgment, and the plaintiff's name differs, the name under which judgment was previously entered as well as an affirmation in the supporting Declaration that all such parties are the same; and

- if damages are sought based in part on a prior determination that the plaintiff is functionally equivalent to an immediate family member, the case and ECF numbers of that determination.

23.     For all of the reasons set forth in this Declaration and the *Bauer* Plaintiffs' Motion

for Final Judgments against the *Taliban* and *Omar* Defendants, I respectfully request that this

Court grant the proposed judgment filed herewith.

Dated: July 29, 2022
         New York, NY

                                                          /s/ *Dorothea M. Capone*
                                                          Dorothea M. Capone