# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

VIA CM/ECF                                                                                    August 2, 2022

The Honorable Sarah Netburn
Thurgood Marshall United States
Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (S.D.N.Y) (GBD) (SN)

Dear Judge Netburn:

    Defendant Dubai Islamic Bank ("DIB") respectfully requests this Court's guidance, in light of the Local Rules and this Court's Individual Rules, on the proper mechanism for challenging the "supplementary expert report" of Plaintiffs' expert Jonathan Winer as untimely and procedurally improper. The parties have met and conferred, but have not resolved this issue. DIB has prepared the attached motion and brief, and seeks to file it with this Court's permission.

    Without permission from this Court or prior notice to DIB, Plaintiffs served a third expert report from Mr. Winer on June 17—sixteen months after the deadline for expert reports, ten months after the close of expert discovery, and only as DIB was filing its renewed motion for summary judgment due to lack of personal jurisdiction (ECF 8127) in accordance with this Court's scheduling order (ECF 7929).

    The report is untimely and is not properly supplement either of Mr. Winer's two earlier reports in this MDL—neither of which even mentioned DIB. Plaintiffs will seek to justify the filing based upon four CIA documents made available to them in March 2022, but issues addressed in those documents have long been present in this litigation. Given that reality, Plaintiffs cannot show any substantial justification for this third report's tardiness. That is all the more so given the facial impropriety of the report's opinions, which suffer from many of the flaws infecting Mr. Winer's earlier reports and testimony (Defendants' bellwether *Daubert* challenge to which remains pending) and his declaration in support of those reports (of which the Court struck substantial portions, *see* ECF 7647). For these reasons, DIB believes that this Court should exclude Mr. Winer's report under Federal Rule of Civil Procedure 37.

    On July 7, 2022, I conferred by telephone with Plaintiffs' counsel, explaining DIB's position, requesting that Plaintiffs withdraw Mr. Winer's third report, and noting DIB's intention to move to exclude it if Plaintiffs did not withdraw it. Plaintiffs' counsel stated that they disagreed with DIB's position and would not withdraw the report.

JONES DAY

The Honorable Sarah Netburn
August 2, 2022
Page 2

      Under Local Civil Rule 37.2, which governs "discovery disputes," counsel seeking to move under Civil Rules 26 through 37 must "first request[ ] an informal conference with the Court by letter-motion for a pre-motion discovery conference."  S.D.N.Y. Local Civ. R. 37.2 (capitalization altered).  This Court's Individual Rules impose the same requirement on "[a]ny party wishing to raise a discovery dispute."  M.J. Netburn Individual R. at 3.  Counsel for DIB, however, is uncertain as to whether this Court would consider this issue to be a "discovery dispute":  expert as well as fact discovery concluded months before Plaintiffs served this expert report on DIB (and Plaintiffs did not ask to reopen expert discovery).

      In an abundance of caution, DIB thus requests the Court's permission to file the attached motion papers in accordance with a briefing schedule of the Court's choosing.  In the alternative, DIB requests an informal, pre-motion conference if the Court prefers that route.

      I thank the Court for its attention to this request.

                                        Sincerely yours,
                                        */s/ Steven T. Cottreau*

                                        Steven T. Cottreau
                                        *Counsel for Defendant Dubai Islamic Bank*

cc: All counsel by ECF