**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Hamilton, et al., v. Islamic Republic of Iran.*, 20-cv-10366 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On July 22, 2022, Plaintiff Raynard Hamilton moved this Court to issue final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks. (Pls.' Notice of Mot. for Entry of Partial Final Default Js. on Behalf of *Raynard Hamilton* Personal-Injury Pls., ECF No. 50.)[1] Before the Court is Magistrate Judge Sarah Netburn's July 29, 2022 Report and Recommendation (the "Report"), recommending that the Court grant Plaintiffs' motion in part and recommending the amounts in which each Plaintiff should be awarded pain and suffering damages. (Report, ECF No. 60, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.[2] (*Id.* at 5.)

---

[1] Unless otherwise noted, all citations are to the docket in *Hamilton, et al., v. Islamic Republic of Iran*, No. 20-cv10366.

[2] Any objections are due by August 12, 2022. Given Defendant's default in all related cases, no objections from Defendant are expected. If any party files timely objections, the Court will reconsider that portion of this order.

1

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, the Court reviews the Report for clear error. The Court ADOPTS Magistrate Judge Netburn's Report in full.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the September 11, 2001 terrorist attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs and is as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |

| | |
|:---:|:---:|
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(*Id.* at 6.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what type of injuries the Court will typically consider to be "significant," "severe," or "devastating," and she also reserved the Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6–9.)

The Court applied this framework to previous motions by Plaintiffs in this mdl for personal injury damages.[3] Thus, Magistrate Judge Netburn Report correctly applied the same framework to the instant motion seeking damages for similar injuries. (Report at 1-2.)

### A. The Report Did Not Err in Determining Plaintiff's Pain and Suffering Damages.

Magistrate Judge Netburn properly awarded Raynard Hamilton $5,000,000 for his injuries. Plaintiff submitted declarations and exhibits wherein he extensively detailed the injuries he sustained during the September 11, 2001 terrorist attacks. (*See* Decl. in Supp. of Mot. for Entry of Partial Final Default J. on Behalf of *Raynard Hamilton* Personal-Injury Pl., ECF No. 52-1.) The Report accurately describes the relevant injuries and whether medical records confirm these injuries. (Report at 3.)

Additionally, Magistrate Judge Netburn appropriately found that (1) "Plaintiff be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually;" (2) "Plaintiff may apply for punitive, economic, and other damages at a later date;" and (3) "any *Hamilton*

---

[3] *See Burnett II*, ECF No. 5888 at 2; *Burnett III*, ECF No. 5909 at 2; *Burnett IV*, ECF No. 5932 at 2; and *Burnett V*, ECF No. 7323 at 2.

plaintiffs not appearing in this motion who were not previously awarded damages may still submit applications for damages awards in later stages." (*Id.* at 4.)

### III. CONCLUSION

Plaintiff's Motion for Final Judgment, (ECF No. 50), is GRANTED. It is

**ORDERED** that Raynard Hamilton is awarded judgments for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the *Hamilton* Plaintiffs not appearing on this motion and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for Raynard Hamilton.

The Clerk of Court is directed to close the motion in *Hamilton*, No. 20-cv-10366, ECF No. 50, accordingly.

Dated: AUG 0 2 2022
New York, New York

SO ORDERED.

*George B Daniel*
GEORGE B. DANIELS
United States District Judge