**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

This document relates to:
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN) (SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENTS**

Plaintiffs, by undersigned counsel, submit this Memorandum of Law in support of their

Rule 60(a) Motion for Corrections to Partial Final Judgments at ECF Nos. 7522 and 7527, and

say:

**BACKGROUND**

On January 4, 2022, this Court entered Partial Final Judgments on behalf of certain

moving plaintiffs in *Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776

(GBD) (SN), *August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)

(SN), *Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN),

*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN), and

*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN), ECF Nos. 7522

and 7527, who are each the estate of a victim, or the spouse, parent, child, or sibling (or their

estate) of a victim killed in the terrorist attacks on September 11, 2001.  Each plaintiff was

awarded damages as set forth in Exhibits A and B to ECF Nos. 7522 and 7527, which was

prepared by plaintiffs' counsel who, at the time of its filing, believed it to reflect a complete and accurate list of plaintiffs for whom the judgments should have been entered.

Since the judgments at ECF Nos. 7522 and 7527 were entered, plaintiffs' counsel became aware that (i) the middle name of the 9/11 victim in line 69 of Exhibit A2 and line 21 of Exhibit A-3 to ECF No. 7522, and line 3 of Exhibit B-3 to ECF No. 7527 was incorrectly listed as "S." instead of "J."; (ii) the first name of the plaintiff in line 30 of Exhibit A-4 to ECF No. 7522 was incorrectly listed as "Rley" instead of "Riley"; (iii) the last name of the plaintiffs in lines 41-43 of Exhibit A-5 to ECF No. 7522 was incorrectly listed as "Narvas" instead of "Navas"; (iv) the last name of the plaintiff in line 68 of Exhibit A-5 to ECF No. 7522 was incorrectly listed as "Robertson-Jurcziak" instead of "Robertson-Jurczak"; and (v) the first name of the plaintiff in line 52 of Exhibit A-6 to ECF No. 7522 was incorrectly listed as "Christine" instead of "Christina."

Accordingly, Plaintiffs now respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), Order the following corrections:

(1) the middle name of the 9/11 victim in line 69 of Exhibit A-2 and line 21 of Exhibit A-3 to ECF No. 7522, and line 3 of Exhibit B-3 to ECF No. 7527 be changed from "S." to "J."

(2) the first name of the plaintiff in line 30 of Exhibit A-4 to ECF No. 7522 be changed from "Rley" to "Riley."

(3) the last name of the plaintiffs in lines 41-43 of Exhibit A-5 to ECF No. 7522 be changed from "Narvas" to "Navas."

(4) the last name of the plaintiff in line 68 of Exhibit A-5 to ECF No. 7522 be changed from "Robertson-Jurcziak" to "Robertson-Jurczak."

(5)   the first name of the plaintiff in line 52 of Exhibit A-6 to ECF No. 7522 be

changed from "Christine" to "Christina."

## ARGUMENT

## I.     Rule 60(a) Permits the Court to Modify a Judgment Based

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court.  *Emps. Mut. Cas. Co. v. Key Pharms., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995).  A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent.  *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007).  Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment."  *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)); *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982).  When the Second Circuit reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity, which impeded collection of the judgment, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation.  *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 322 (2d. Cir. 1973).  In *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer."  *Wheeling Downs Race Track & Gaming*

*Ctr. v. Kovach*, 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).  Here, the errors are clerical in nature and do not require substantive judgment.

Since the judgments at ECF Nos. 7522 and 7527 were entered, plaintiffs' counsel became aware that (i) the middle name of the 9/11 victim in line 69 of Exhibit A2 and line 21 of Exhibit A-3 to ECF No. 7522, and line 3 of Exhibit B-3 to ECF No. 7527 was incorrectly listed as "S." instead of "J."; (ii) the first name of the plaintiff in line 30 of Exhibit A-4 to ECF No. 7522 was incorrectly listed as "Rley" instead of "Riley"; (iii) the last name of the plaintiffs in lines 41-43 of Exhibit A-5 to ECF No. 7522 was incorrectly listed as "Narvas" instead of "Navas"; (iv) the last name of the plaintiff in line 68 of Exhibit A-5 to ECF No. 7522 was incorrectly listed as "Robertson-Jurcziak" instead of "Robertson-Jurczak"; and (v) the first name of the plaintiff in line 52 of Exhibit A-6 to ECF No. 7522 was incorrectly listed as "Christine" instead of "Christina." Accordingly, Plaintiffs now respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), Order the following corrections:

(1)   the middle name of the 9/11 victim in line 69 of Exhibit A-2 and line 21 of Exhibit A-3 to ECF No. 7522, and line 3 of Exhibit B-3 to ECF No. 7527 be changed from "S." to "J."

(2)   the first name of the plaintiff in line 30 of Exhibit A-4 to ECF No. 7522 be changed from "Rley" to "Riley."

(3)   the last name of the plaintiffs in lines 41-43 of Exhibit A-5 to ECF No. 7522 be changed from "Narvas" to "Navas."

(4)   the last name of the plaintiff in line 68 of Exhibit A-5 to ECF No. 7522 be changed from "Robertson-Jurcziak" to "Robertson-Jurczak."

(5)  the first name of the plaintiff in line 52 of Exhibit A-6 to ECF No. 7522 be changed from "Christine" to "Christina."

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature, do not raise issues with the substantive judgment contained in ECF Nos. 7522 and 7527, and will not in any way change the Court's disposition.  For the foregoing reasons, Plaintiffs now respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), Order the following typographical corrections:

(1)  the middle name of the 9/11 victim in line 69 of Exhibit A-2 and line 21 of Exhibit A-3 to ECF No. 7522, and line 3 of Exhibit B-3 to ECF No. 7527 be changed from "S." to "J."

(2)  the first name of the plaintiff in line 30 of Exhibit A-4 to ECF No. 7522 be changed from "Rley" to "Riley."

(3)  the last name of the plaintiffs in lines 41-43 of Exhibit A-5 to ECF No. 7522 be changed from "Narvas" to "Navas."

(4)  the last name of the plaintiff in line 68 of Exhibit A-5 to ECF No. 7522 be changed from "Robertson-Jurcziak" to "Robertson-Jurczak."

(5)  the first name of the plaintiff in line 52 of Exhibit A-6 to ECF No. 7522 be changed from "Christine" to "Christina."

The Court's January 4, 2022 Partial Final Judgments (ECF Nos. 7522 and 7527) would remain in force and all other final judgments awarded to the *Aron*, *Asaro*, *Bernaerts*, *Bodner*, and *Hargrave* Plaintiffs identified in the January 4, 2022 Partial Final Judgments (ECF Nos. 7522 and 7527) would remain in effect.

Dated:  New York, New York       Respectfully submitted,
         August 8, 2022

/s/ Jerry S. Goldman
_____
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 279-1000
Fax: (212) 278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com
*Attorneys for Plaintiffs*