**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:
*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN)

<u>**Declaration of Frank H. Granito, III, in Support of Certain *Burlingame* Wrongful Death and Personal Injury Plaintiffs' Motion for Final Judgments Against The Taliban and Muhammad Omar**</u>

I, FRANK H. GRANITO, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.      I am an attorney representing the plaintiffs in the above-referenced matter (the "*Burlingame* Plaintiffs") and a partner at Speiser Krause, P.C. ("Speiser Krause") and I submit this declaration in support of the Speiser Krause *Burlingame* motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("*Burlingame* 9/11 Decedents"), and their immediate family members or functional equivalents.  This motion seeks the following relief:

     a.   awarding the Estates of 9/11 Decedents identified in Exhibits A-1 and A-2, through their personal representatives, all of whom were listed as plaintiffs in a complaint against the Taliban and Muhammad Omar underlying the liability judgment against those defendants, an award for conscious pain and suffering and economic damages, which will constitute a final judgment in the amounts set forth on Exhibits A-1 and A-2;

     b.   awarding the *Burlingame* personal injury Plaintiffs identified in Exhibit A-1 an award of damages for pain and suffering, which will constitute a final judgment in the amounts set forth on Exhibit A-1;

     c.   awarding the immediate family members of the *Burlingame* 9/11 Decedents, who are also named as the representatives of those estates, all of whom were listed as plaintiffs in a complaint against the Taliban and Muhammad Omar underlying the liability judgment against those defendants, identified in

Exhibits B-1 and B-2 an award for solatium damages, which will constitute a final judgment in the amounts set forth on Exhibits B-1 and B-2;

d.  granting those Plaintiffs identified on those exhibits as asserting claims under the Anti-Terrorism Act treble damages, as set forth on Exhibits A-1 and B-1;

e.  awarding the Plaintiffs identified on those exhibits pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

f.  granting the Plaintiffs identified in those exhibits permission to seek punitive damages, economic damages, to the extent those damages are not requested in this motion, and other appropriate damages at a later date; and,

g.  granting permission for all other *Burlingame* plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2.  The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF 8198 (setting forth information required to renew motions for final damages), 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief); 8198 (listing the information that must be included in future motions for default judgments).[1]

Procedural Background

3.  On September 10, 2002, the *Burlingame* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others. See 02-cv-7230 (S.D.N.Y.) ECF 1.[1] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.*

---

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

(hereinafter "Ashton") master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv-6977, Doc. No. 5, Entered 11/19/2002. The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6977, Doc. No. 465, filed 03/30/2005. The master complaint was amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

4.      Speiser Krause, PC represents some but not all of the plaintiffs set forth on the *Burlingame* complaints. I anticipate that counsel for the non-Speiser Krause plaintiffs on the *Burlingame* complaints to separately move for relief similar to what is sought in this motion.

5.      Pursuant to this Court's order, the *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs) served the *Taliban* and *Omar* Defendants by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the *Taliban* and *Omar* Defendants, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[2] The *Taliban* and *Omar* Defendants never answered, and the *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs) thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797; *see also* Exhibit C hereto (true and accurate copy of the filing listing those *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs)) for whom a liability judgment was sought) and Exhibit D hereto (true and accurate copy of the filing listing those defendants against whom a

---

[2] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

liability judgment was sought, including the *Taliban* and *Omar* Defendants).[3]   That is, as of May 12, 2006, all of the *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs) named as of the Sixth Amended Complaint had a liability default judgment against the *Taliban* and *Omar* Defendants, among others.

6.      The *Burlingame* Plaintiffs now seek final damages judgments against those defendants.

Damages Due Diligence:

7.      The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Burlingame* Plaintiffs in connection with this litigation; communications directly from family members of the *Burlingame* 9/11 Decedents and personal injury Plaintiffs listed in Exhibits A-1, A-2, B-1 and B-2; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Burlingame* Plaintiffs are parties.   Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8.      All of the *Burlingame* 9/11 Decedents listed in Exhibits A-1 and A-2 died in the September 11, 2001 terrorist attacks.   My law firm has been retained by the representatives of the estates of the *Burlingame* 9/11 Decedents listed in Exhibits A-1 and A-2 to represent those estates.

---

[3] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint and referred to the plaintiffs listed in Exhibit A and the defendants in Exhibit B. *See* ECF 1797. The Exhibits C and D filed herewith are the documents to which the May 12, 2006 order referred.  Thus, when referring to *Burlingame* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are the personal representatives of or immediate family members of the estates added to the lawsuit as of the Sixth Amended Complaint.

9.      For the *Burlingame* 9/11 Decedents listed in Exhibit A-1, we have confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and / or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")) or personal interviews and / or written communications with the representatives of the Estates of those 9/11 Decedents and / or the family members of those 9/11 Decedents.  The 9/11 Decedents listed in Exhibit A-2 either non-U.S. citizens killed on September 11, 2001.

10.      Exhibits A-1 and A-2 set forth the compensatory damages amount this Court previously awarded to the Estates of the *Burlingame* 9/11 Decedents for conscious pain and suffering in connection with claims asserted against defendant the Islamic Republic of Iran ("Iran").

11.      Exhibits A-1 and A-2 also set forth claims by the Personal Representatives of the estates of the *Burlingame* 9/11 Decedents seeking an award of economic damages in the amounts listed therein.  For those estates seeking economic damages, such amounts are based upon reports prepared by an economic expert who, relying on materials provided by plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty.  The underlying materials included economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with our prior motion for economic damages on behalf of the estates of the *Burlingame* 9/11 Decedents, and are

5

the same amounts that this Court granted following prior motions for economic damages in connection with claims asserted against Iran.

12.     For some of the estates listed in Exhibits A-1 and A-2, we do not yet have economic loss data and will move for economic damages when we have the underling financial information. For example, in cases in which Speiser Krause did not represent the estate of the 9/11 Decedent in the VCF, we are seeking to obtain VCF files from the Department of Justice via a Freedom of Information Act ("FOIA") request. We routinely ask the representatives of the *Burlingame* 9/11 Decedents' estates to provide Speiser Krause with an authorization to obtain the relevant files from the VCF.  After we receive the authorization, we make a formal FOIA demand for a copy of that file.  Due to backlogs at the Department of Justice, which administered the VCF, and new procedures in redacting certain information in the VCF files, we have experienced substantial delays in obtaining VCF files.  We expect to have additional VCF files, and thus additional updated economic loss data, in the future and intend at that time to seek economic damages for the *Burlingame* 9/11 Decedent estates not currently making such a motion.

13.     All of the *Burlingame* 9/11 personal injury Plaintiffs listed in Exhibit A-1 were physically present and injured in one of the locations of the September 11, 2001 terrorist attacks in New York, New York (at the World Trade Center complex or surrounding area); or Arlington, Virginia (in or around the Pentagon).  My law firm has been retained individually by the individuals listed on Exhibit A-1 to pursue recovery for the economic and noneconomic losses arising out of the personal injuries they suffered as a direct and proximate result of the terrorist attacks on September 11, 2001.

14.     Exhibit A-1 also sets forth claims by the *Burlingame* personal injury plaintiffs listed, seeking an award of noneconomic damages in the amounts listed therein, amounts which

this Court previously granted pursuant to prior motions by the Plaintiffs on Exhibit A-3 made in relation to their claims against Iran.

15.     Exhibits A-1 and A-2 list the MDL ECF docket filings that correspond to the pain and suffering and economic loss damages this Court previously awarded, which we provide in support of the damages judgments sought here.

16.     This Court previously awarded solatium damages to the immediate family members listed in Exhibits B-1 and B-2 in the following amounts:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

In some cases, this Court issued a partial award to the functional equivalents of those individuals listed above.

17.     The *Burlingame* Plaintiffs listed in Exhibits B-1 and B-2 are both representatives of the estates of the *Burlingame* 9/11 Decedents named in the *Ashton* consolidated complaints underlying the default judgment against the *Taliban* and *Omar* Defendants, which asserted claims for all survivors of the *Burlingame* 9/11 Decedents and expressly identified solatium damages, and are also immediate family members (or the functional equivalents) of the *Burlingame* 9/11 Decedents named in those complaints in which solatium damages were sought. *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 485 at ¶ 482 (seeking, among other things, solatium damages).   These individuals were identified as Plaintiffs in the complaint against the Taliban and Omar.  We have

confirmed the relationship between the *Burlingame* 9/11 Decedent and the individuals listed in Exhibits B-1 and B-2 through documentary evidence and / or interviews with and written confirmation from our clients.

18.     Exhibits B-1 and B-2 list the MDL ECF docket filing that corresponds to the damages this Court previously awarded, which we provide in support of the damages judgments sought here.[4]

19.     The *Burlingame* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran but have received no final judgment against either the *Taliban* nor *Omar* Defendants nor have they collected anything close to the full amounts of their judgments against Iran, with awards to most of the estates, spouses and dependents limited to 0.76% of their judgment amounts and to most of the siblings and parents limited to less than 4% of their judgment amounts.

20.     In order to allow them to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban* or *Omar* Defendants, the *Burlingame* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor Iran and as is reflected in Exhibits A-1, A-2, B-1 and B-2.

21.     The *Burlingame* Plaintiffs listed in Exhibits A-1 and B-1 are United States nationals while those in Exhibits A-2 and B-2 are not United States nationals.

22.     Under the Anti-Terrorism Act, 28 U.S.C. § 2333(a), this Court has jurisdiction to award United States nationals treble damages.  We sought such treble damages against the *Taliban*

---

[4] In some cases, references to individual civil case docket entries are preceded by the case number.

and *Omar* defendants.  We sought damages under other provisions of law, as well, including on

behalf of non-United States nationals.

23.     Exhibits A-1, A-2, B-1 and B-2 now include the following information:

a.  ECF number of the complaint naming a plaintiff to the action against the *Taliban* and *Omar* Defendants (column titled "MDL EDF – Plaintiff's Claim Against Taliban," identifying the MDL ECF number for the Sixth Amended Complaint in which the named plaintiff sued the Taliban);

b.  ECF number of the default liability judgment in favor of the plaintiff listed on the exhibit and against the *Taliban* and *Omar* defendants (column titled "MDL ECF Liability Judgment Against Taliban," which lists the ECF number for the default liability judgment which, in turn, was based on the documents included here as Exhibit C, setting forth plaintiffs, and Exhibit D, setting forth defendants);

c.  Nationality of plaintiff and decedent (as before and as noted on the exhibit headers, Exhibits A-1 and B-1 include only plaintiffs and decedents who are United States nationals and Exhibits A-2 and B-2 list non-United States nationals);

d.  Calculation of trebled damages where sought under the ATA;

e.  Statement of cause of action(s) for which damages are sought (included in the exhibit headers and applicable to all plaintiffs in each exhibit); and

f.  ECF number where on the MDL docket the prior award of damages can be found (titled "MDL ECF – Prior … Award" for pain and suffering, economic damages and/or solatium damages).

Additionally, where there has been a change between the plaintiff's name between when a prior

entry of default judgment was entered and now, that change is listed as an "aka" in addition to the

name as provided on the prior entry of default judgment and/or where the personal representative

has been substituted the exhibit references the ECF Doc. No. of the substitution order.  Those

changes include changes in personal representatives (referred to on the exhibits as "PR"), spelling

errors in names, clarification when an earlier document may have used a nickname and a later

document uses the full name or when one document may have used both a middle and last name

and another document used only the last name. Based on our review of our files and client

information, I affirm that all of the parties for whom damages judgments are sought in Exhibits A-

1, A-2, B-1 and B-2 whose names differ from the names in prior judgments are, in fact, the same persons.

24.     For any *Burlingame* Plaintiffs not set forth in the attached exhibits, including those represented by other than *Burlingame* counsel but consolidated on the *Ashton* complaint, and for any damages not included herein, we expect additional claims to be asserted.

25.     For all of the reasons set forth in this declaration and the *Burlingame* Plaintiffs' Motion for Final Judgments against the Taliban and Omar, I respectfully request that this Court grant the proposed order filed herewith.

Dated: August 12, 2022
        Rye Brook, NY

                                            /s/ Frank H. Granito
                                            Frank H. Granito