UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:
*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

**Declaration of Frank H. Granito, III, in Support of the *Burlingame II* Wrongful Death Plaintiffs' Motion for Final Judgments Against The Taliban and Muhammad Omar**

I, FRANK H. GRANITO, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1. I am an attorney representing the plaintiffs in the above-referenced matter (the "*Burlingame* Plaintiffs") and a partner at Speiser Krause, P.C. ("Speiser Krause") and I submit this declaration in support of the Speiser Krause *Burlingame II* motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("*Burlingame II* 9/11 Decedents"), and their immediate family members or functional equivalents. This motion seeks the following relief:

   a. awarding the Estates of 9/11 Decedents identified in Exhibits A-1 and A-2, through their personal representatives, all of whom were listed as plaintiffs in a complaint against the Taliban and Muhammad Omar underlying the liability judgment against those defendants, damages for economic loss which will constitute a final judgment in the amounts set forth on Exhibits A-1 and A-2;[1]

   b. granting those Plaintiffs identified on Exhibit A-1 as asserting claims under the Anti-Terrorism Act treble damages;

---

[1] A prior subset of *Burlingame* plaintiffs, which included the within named estates as well as others, previously moved the Court for damage judgments against the Taliban and Muhammad Omar in this matter. *See* 03-md-1570, ECF 8335, 8337. With respect to the current *Burlingame II* plaintiffs, the previous motion sought only non-economic damages for the pre-death pain and suffering of the decedents named in the instant motion and requested leave for all *Burlingame* plaintiffs to subsequently move the Court for economic damages, and other appropriate damages, to the extent not sought therein. The current motion seeking economic damages is filed pursuant to that request. *See id.*

  c. awarding the Plaintiffs identified on those exhibits pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

  d. granting the Plaintiffs identified in those exhibits permission to seek punitive damages, economic damages, to the extent those damages are not requested in this motion, and other appropriate damages at a later date; and,

  e. granting permission for all other *Burlingame* plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF 8198 (setting forth information required to renew motions for final damages), 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief); 8198 (listing the information that must be included in future motions for default judgments).[2]

Procedural Background

3. On September 10, 2002, the *Burlingame* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others. See 02-cv-7230 (S.D.N.Y.) ECF 1.[3] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.*

---

[2] As described in note 1, *supra*, a previous motion seeking non-economic damages has been brought on behalf of the *Burlingame II* plaintiffs, though that motion did not seek the relief being sought herein, to wit, economic damages against the Taliban and Muhammad Omar resulting from the *Burlingame II* decedents' deaths. Aside from the previous motion seeking non-economic damages for pre-death pain and suffering, no other motion has been filed seeking the same relief on behalf of the plaintiffs listed on Exhibit A-1 and A-2.

[3] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

(hereinafter "Ashton") master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv-6977, Doc. No. 5, Entered 11/19/2002. The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6977, Doc. No. 465, filed 03/30/2005. The master complaint was amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

4.      Speiser Krause, PC represents some but not all of the plaintiffs set forth on the *Burlingame* complaints. I anticipate that counsel for the non-Speiser Krause plaintiffs on the *Burlingame* complaints to separately move for relief similar to what is sought in this motion.

5.      Pursuant to this Court's order, the *Ashton* Plaintiffs (including the *Burlingame II* Plaintiffs) served the *Taliban* and *Omar* Defendants by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the *Taliban* and *Omar* Defendants, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[4] The *Taliban* and *Omar* Defendants never answered, and the *Ashton* Plaintiffs (including the *Burlingame II* Plaintiffs) thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797; *see also* Exhibit C hereto (true and accurate copy of the filing listing those *Ashton* Plaintiffs (including the *Burlingame II* Plaintiffs)) for whom a liability judgment was sought) and Exhibit D hereto (true and accurate copy of the filing listing those defendants against

---

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

whom a liability judgment was sought, including the *Taliban* and *Omar* Defendants).[5] That is, as of May 12, 2006, all of the *Ashton* Plaintiffs (including the *Burlingame II* Plaintiffs) named as of the Sixth Amended Complaint had a liability default judgment against the *Taliban* and *Omar* Defendants, among others.

6. The *Burlingame II* Plaintiffs now seek final damages judgments against those defendants.

Damages Due Diligence:

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Burlingame* Plaintiffs in connection with this litigation; communications directly from family members of the *Burlingame II* 9/11 Decedents listed in Exhibits A-1 and A-2; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Burlingame II* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. All of the *Burlingame II* 9/11 Decedents listed in Exhibits A-1 and A-2 died in the September 11, 2001 terrorist attacks. My law firm has been retained by the representatives of the estates of the *Burlingame II* 9/11 Decedents listed in Exhibits A-1 and A-2 to represent those

---

[5] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint and referred to the plaintiffs listed in Exhibit A and the defendants in Exhibit B. *See* ECF 1797. The Exhibits C and D filed herewith are the documents to which the May 12, 2006 order referred. Thus, when referring to *Burlingame* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are the personal representatives of or immediate family members of the estates added to the lawsuit as of the Sixth Amended Complaint.

estates.

9. For the *Burlingame II* 9/11 Decedents listed in Exhibit A-1, we have confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and / or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")) or personal interviews and / or written communications with the representatives of the Estates of those 9/11 Decedents and / or the family members of those 9/11 Decedents. The 9/11 Decedent listed in Exhibit A-2 is a non-U.S. citizen killed on September 11, 2001.

10. Exhibits A-1 and A-2 also set forth claims by the Personal Representatives of the Estates of the *Burlingame II* 9/11 Decedents seeking an award of economic damages in the amounts listed therein. For those Estates seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and include damages calculations that, calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, and each of those moving plaintiffs is now seeking a final order of damages in the amounts set forth on Exhibits A-1 and A-2.

11. In connection with the filing of claims to the September 11th Victim Compensation Fund on behalf of the decedents listed on Exhibit A-1 and A-2, the personal representatives of the decedents' estates obtained information and materials relevant to the calculation of economic loss attributable to their decedents' wrongful deaths as of the time their claims were submitted to the Victim Compensation Fund. That information has been provided to Gary Crakes, Ph.D, of Maher, Crakes and Associates, Economic Consultants. Dr. Crakes took the information that was obtained relevant to economic loss and prepared expert reports calculating the present value of the economic damages. Attached to each report is Dr. Crakes' curriculum vitae and a statement of Dr. Crakes'

methodology. Because of their sheer volume and the confidential nature of their contents, and in accordance with the January 22, 2020 Order of Magistrate Judge Sarah Netburn, ECF Doc. No. 7067, Dr. Crakes' reports of the economic losses suffered as a result of the wrongful deaths of the decedents on Exhibit A-1 and A-2 are being submitted to the Court separately, on disc, as Exhibit B1-B-19 for filing under seal.

12. The *Burlingame II* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran for their pre-death conscious pain and suffering but have received no final judgment against either the Taliban or Omar Defendants, nor have they collected anything close to the full amounts of their judgments against Iran.[6]

13. In order to allow them to proceed with satisfying any portion of the outstanding judgment amounts against the Taliban or Omar, the *Burlingame II* Plaintiffs respectfully request that this Court grant those *Burlingame II* 9/11 Decedents whose estates are set forth in Exhibits A-1 and A-2 compensatory damages judgment that reflects the economic losses listed for each 9/11 Decedent.

14. Under the Anti-Terrorism Act, 28 U.S.C. § 2333(a), this Court has jurisdiction to award United States nationals treble damages. The *Burlingame II* Plaintiffs respectfully ask the Court to award such treble damages against the *Taliban* and *Omar* defendants to those 9/11 Decedents whose estates are set forth in Exhibit A-1.

---

[6] A prior subset of *Burlingame* plaintiffs, which included the within named estates as well as others, previously moved the Court for damage judgments against the Taliban and Muhammad Omar in this matter. *See* 03-md-1570, ECF 8335, 8337. That motion has yet to be decided. With respect to the current *Burlingame II* plaintiffs, the previous motion sought only non-economic damages for the pre-death pain and suffering of the decedents named in the instant motion and requested leave for all *Burlingame* plaintiffs to subsequently move the Court for economic damages, and other appropriate damages, to the extent not sought therein. The current motion seeking only economic damages on behalf of the *Burlingame II* plaintiffs is filed pursuant to that request. *See id*. A review of the Court's docket has revealed no other request for the relief sought herein.

15. Exhibits A-1 and A-2 now include the following information:

   a. ECF number of the complaint naming a plaintiff to the action against the *Taliban* and *Omar* Defendants (column titled "MDL EDF – Plaintiff's Claim Against Taliban," identifying the MDL ECF number for the Sixth Amended Complaint in which the named plaintiff sued the Taliban);

   b. ECF number of the default liability judgment in favor of the plaintiff listed on the exhibit and against the *Taliban* and *Omar* defendants (column titled "MDL ECF Liability Judgment Against Taliban," which lists the ECF number for the default liability judgment which, in turn, was based on the documents included here as Exhibit C, setting forth plaintiffs, and Exhibit D, setting forth defendants);

   c. Nationality of plaintiff and decedent (as before and as noted on the exhibit headers, Exhibit A-1 include only plaintiffs and decedents who are United States nationals and Exhibit A-2 list non-United States nationals);

   d. Calculation of trebled damages where sought under the ATA;

   e. Statement of cause of action(s) for which damages are sought (included in the exhibit headers and applicable to all plaintiffs in each exhibit); and

   f. ECF number where on the MDL docket the prior award of damages can be found (titled "MDL ECF – Prior … Award" for pain and suffering, economic damages and/or solatium damages).

Additionally, where there has been a change between the plaintiff's name between when a prior entry of default judgment was entered and now, that change is listed as an "aka" in addition to the name as provided on the prior entry of default judgment and/or where the personal representative has been substituted the exhibit references the ECF Doc. No. of the substitution order. Those changes include changes in personal representatives (referred to on the exhibits as "PR"), spelling errors in names, clarification when an earlier document may have used a nickname and a later document uses the full name or when one document may have used both a middle and last name and another document used only the last name. Based on our review of our files and client information, I affirm that all of the parties for whom damages judgments are sought in Exhibits A-1 and A-2 whose names differ from the names in prior judgments are, in fact, the same persons.

7

16. For any *Burlingame* Plaintiffs not set forth in the attached exhibits, including those represented by other than *Burlingame* counsel but consolidated on the *Ashton* complaint, and for any damages not included herein, we expect additional claims to be asserted.

17. For all of the reasons set forth in this declaration and the *Burlingame II* Plaintiffs' Motion for Final Judgments against the Taliban and Omar, I respectfully request that this Court grant the proposed order filed herewith.

Dated: August 16, 2022
　　　　Rye Brook, NY

                                                          /s/ Frank H. Granito
                                                           Frank H. Granito