UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD)(SN) ECF Case |
|---|---|
| This document relates to: *Basci et al v. Islamic Republic of Iran* | Case No. 20-cv-00415 (GBD)(SN) ECF Case |

**DECLARATION OF BARRY SALZMAN IN SUPPORT OF THE *BASCI* PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENTS**

Barry Salzman, Esq., hereby states under penalty of perjury as follows:

1. I am an attorney representing the Plaintiffs in the above-captioned matter (the "*Basci* Plaintiffs") in the above-captioned multidistrict litigation.

2. I submit this declaration in support of the present motion for entry of partial final judgments against the Islamic Republic of Iran ("Iran") on behalf of the *Basci* Plaintiffs in the amounts listed in the exhibits attached hereto as Exhibits A and B.

3. The form of the present motion and the relief requested therein are intended to comply with the following orders of this Court:

    a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."  For compliance with the required sworn declaration, please see below.

    b. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

4. The source of information and the basis for my belief in the statements contained herein are my personal involvement in this matter, my firm's representation of the *Basci* Plaintiffs

1

in connection with the September 11 terrorist attacks, my work in connection with the September 11 terrorist attacks, communications with the family members of the individuals killed as a result of the September 11 terrorist attacks, court records relating to the *In re Terrorist Attack on September 11, 2001* multidistrict litigation to which the *Basci* Plaintiffs are parties, my communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation, and documents and records relating to the *In re Terrorist Attack on September 11, 2001* multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5. I have been retained by the *Basci* Plaintiffs individually to pursue recovery for each of their wrongful death damages and solatium injuries arising out of the September 11 terrorist attacks.

6. I have verified that the *Basci* Plaintiffs identified in Exhibit A are each an immediate family member ("Family Member") of an individual who was injured and ultimately died as a result of September 11 terrorist attacks ("9/11 Decedent"), as specifically set forth in Exhibit A, and that each Family Member listed in Exhibit A did in fact suffer solatium losses as a result of the injuries to the 9/11 Decedent that resulted in that decedent's death. Exhibit A also includes the estates of Family Member plaintiffs who are now deceased; in each case, I have verified that the Family Member plaintiff suffered solatium losses prior to his or her death as a result of the injuries to the September 11 decedent that resulted in that September 11 decedent's death.

7. I have verified that each of the *Basci* Plaintiffs identified in Exhibit B was injured and ultimately died as a result of the September 11 terrorist attacks.[1]

---

[1] Due to uncertainties regarding potential limitations on recovery from the September 11 Victim's Compensation Fund for certain direct victims of the September 11 terrorist attacks, the personal representatives for the estates of

2

8.      Attached to this Declaration as Exhibits C and D are true and correct copies of documents establishing for each decedent who was injured and ultimately died as a result of the September 11 terrorist attacks that the decedent's death was caused by the September 11 terrorist attacks.[2]

9.      With respect to each estate plaintiff listed in Exhibit A or B, the personal representative has confirmed that he or she was appointed by the relevant court as the personal representative of the estate, except for those instances where a plaintiff or a personal representative of an estate passed away during the pendency of this suit and a personal representative or new personal representative has not yet been appointed.

10.     I have verified that each of the *Basci* Plaintiffs, or the relevant decedent for each estate plaintiff, was a United States citizen as of September 11, 2001.

11.     I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) by verifying with information provided by the Plaintiffs' Executive Committee that the *Basci* Plaintiffs have not sought nor been awarded any of the damages requested in the present motion for entry of partial final judgments, nor do any of them have a pending motion before this Court for compensation arising out of the September 11 terrorist attacks.

---

certain individuals killed as a result of those attacks have not filed claims for those estates in this litigation at this time, but certain family members of those decedents have filed claims. Accordingly, while each family member listed in Exhibit A has a compensable claim for damages for his or her pain and suffering, not every family member listed in Exhibit A corresponds to a decedent listed in Exhibit B. Also, because in some instances various members of a family decided at different times to bring their claims, there may be some family members listed in Exhibit A related to a decedent whose claim appears in another case in this MDL, and there may be some decedents listed in Exhibit B with family members whose claims appear in another case in this MDL.

[2] The attached Exhibits contain documentation from the September 11th Victim Compensation Fund ("VCF") administered by the U.S. Department of Justice, which adjudicates claims for victims eligible for compensation due to injuries suffered "as a direct result" of the September 11 terrorist attacks and their aftermath. 28 CFR §104.2. Accordingly, attached to this Declaration is (1) the regulatory authority and VCF documentation establishing the criteria for eligibility for compensation from the VCF; and (2) for each *Basci* Plaintiff who died as a result of the September 11 terrorist attacks, the official letter from the Special Master of the September 11th VCF determining that the victim "has met the eligibility criteria established in the statute and regulations."

12. The damages amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium losses based on familial relationship to the September 11 decedent. *See, e.g.*, R. & R. at 11, July 30, 2012, ECF No. 2618; Order of Further Partial Judgment, June 16, 2016, ECF No. 3300; R. & R. at 9, Oct. 12, 2016, ECF No. 3358; R. & R. at 16, Oct. 14, 2016, ECF No. 3363; Order of Partial Final Default Judgments, July 31, 2017, ECF No. 3666; Corrected Order of Partial Final Default Judgments, June 8, 2018, ECF No. 4023.

13. The damages amounts set forth in Exhibit B are consistent with the figures this court has previously determined appropriate for compensatory damages for pain and suffering for individuals injured in the September 11 attacks, taking into account the nature of each of the 9/11 Decedent's injury and subsequent death; specifically, a baseline of Seven Million Dollars ($7,000,000.00) with upward departures to Ten Million Dollars ($10,000,000) as appropriate. *See, e.g.,* R. & R. 9, July 30, 2012, ECF No. 2618; Order of Further Partial Judgment, June 16, 2016, ECF No. 3300; R. & R. 7-8, Oct. 12, 2016, ECF No. 3358; Order of Partial Final Default Judgments, July 31, 2017, ECF No. 3666; R. & R. 6, Feb. 7, 2020, ECF No. 5879, *adopted by* Mem. Decision and Order, Feb. 14, 2020, ECF No. 5946; R. & R. 6, Feb. 7, 2020, ECF No. 5888, *adopted by* Mem. Decision and Order, Feb. 14, 2020, ECF No. 5984.

14. Simultaneously filed herewith is a "[Proposed] Partial Final Default Judgments on Behalf of *Basci* Plaintiffs Identified at Exhibits A and B" (the "Proposed Judgment") conforming with the Court's previous orders. This Proposed Judgment and exhibits thereto set forth the same damages amounts as Exhibits A and B hereto, consistent with the Court's prior awards.

15. Further, in accordance with the Court's January 5, 2022 Order (ECF No. 7557), attached hereto as Exhibits E through N are affidavits from the Family Members listed in Exhibit A (or the personal representative of the estate of the deceased immediate family members or, where

a personal representative has not yet been appointed, a close relative of the deceased immediate family member) and the personal representatives of the estates of the 9/11 Decedents listed in Exhibit B.[3] These affidavits provide further evidence of the pain and suffering endured by each of the *Basci* Plaintiffs as a direct result of the September 11, 2001 terrorist attacks.

16. Accordingly, I respectfully request that this Court grant the *Basci* Plaintiffs' present motion for entry of partial final judgments against Iran, enter the simultaneously filed Proposed Judgment, and award damages in the amounts listed in the exhibits attached hereto as Exhibits A and B.

Dated: August 16, 2022

/s/ *Barry Salzman*
Barry Salzman
Barasch & McGarry, P.C.
11 Park Place
18th Floor
New York, NY 10007
Phone: 212.385.8000
Fax: 212.385.7845

---

[3] Plaintiffs have been unable to obtain an affidavit describing the solatium injuries of Plaintiff Moira C. Carlock Rivas in advance of the filing deadline. Nevertheless, as a Family Member, Moira C. Carlock Rivas is entitled to solatium damages, and this Court has consistently awarded damages to Family Members based solely on their relationship to a 9/11 Decedent without requiring further evidence.