**EXHIBIT C**

# PART 104—SEPTEMBER 11TH VICTIM COMPENSATION FUND

### Subpart A—General; Eligibility

Sec.
104.1   Purpose.
104.2   Eligibility definitions and requirements.
104.3   Other definitions.
104.4   Personal Representative.
104.5   Foreign claims.
104.6   Amendments to this part.

### Subpart B—Filing for Compensation

104.21   Presumptively covered conditions.
104.22   Filing for compensation.

### Subpart C—Claim Intake, Assistance, and Review Procedures

104.31   Procedure for claims evaluation.
104.32   Eligibility review.
104.33   Hearing.
104.34   Publication of awards.
104.35   Claims deemed abandoned by claimants.

### Subpart D—Amount of Compensation for Eligible Claimants

104.41   Amount of compensation.
104.42   Applicable state law.
104.43   Determination of presumed economic loss for decedents.
104.44   Determination of presumed non-economic losses for claims on behalf of decedents.
104.45   Determination of presumed economic loss for injured claimants.
104.46   Determination of presumed non-economic losses for injured claimants.
104.47   Collateral sources.

### Subpart E—Payment of Claims

104.51   Payments to eligible individuals.
104.52   Distribution of award to decedent's beneficiaries.

### Subpart F—Limitations

104.61   Limitation on civil actions.
104.62   Time limit on filing claims.
104.63   Subrogation.

### Subpart G—Measures To Protect the Integrity of the Compensation Program

104.71   Procedures to prevent and detect fraud.

### Subpart H—Attorney Fees

104.81   Limitation on attorney fees.

| Department of Justice | § 104.2 |

AUTHORITY: Title IV of Pub. L. 107–42, 115 Stat. 230, 49 U.S.C. 40101 note; Title II of Pub. L. 111–347, 124 Stat. 3623; Title IV of Pub. L. 114–113, 129 Stat. 2242.

SOURCE: 81 FR 38941, June 15, 2016, unless otherwise noted.

## Subpart A—General; Eligibility

### § 104.1  Purpose.

This part implements the provisions of the September 11th Victim Compensation Fund of 2001, Title IV of Public Law 107–42, 115 Stat. 230 (Air Transportation Safety and System Stabilization Act), as amended by the James Zadroga 9/11 Health and Compensation Act of 2010, Title II of Public Law 111–347, and as amended by the James Zadroga 9/11 Victim Compensation Fund Reauthorization Act, Division O, Title IV of Public Law 114–113 (the ''Act'') to provide full compensation to eligible individuals who were physically injured (as defined herein) as a result of the terrorist-related aircraft crashes of September 11, 2001, or the rescue and recovery efforts during the immediate aftermath of such crashes or debris removal during the immediate aftermath of those crashes, and to the ''personal representatives'' of those who were killed as a result of the crashes or the rescue and recovery efforts during the immediate aftermath of such crashes or debris removal during the immediate aftermath of such crashes. All compensation provided through the Victim Compensation Fund will be on account of personal physical conditions, physical injuries or death. The provisions of these regulations that relate to filing and evaluation of claims, determination of eligibility, and determination of compensable loss shall apply to all claims that are defined as Group B claims in the Act and in these regulations. Eligibility and compensation for Group A claims has been determined prior to the effective date of these regulations, pursuant to the regulations previously in effect.

### § 104.2  Eligibility definitions and requirements.

(a) *Categories of claims*—(1) *Group A claims.* A claim is a Group A claim if the Special Master has transmitted a final award determination by sending a letter postmarked and transmitted on or before December 17, 2015 indicating the total amount of compensation to which the claimant is entitled for that claim, pursuant to the regulations and methodology in effect on December 17, 2015.

(2) *Group B claims.* A claim is a Group B claim if it is not a Group A claim. An individual can have both Group A claims and Group B claims.

(b) *Eligible claimants.* The term eligible claimants means:

(1) Individuals present at a 9/11 crash site at the time of or in the immediate aftermath of the terrorist-related aircraft crashes and who suffered physical harm, as defined herein, as a direct result of the crashes or the rescue and recovery efforts or debris removal;

(2) The Personal Representatives of deceased individuals aboard American Airlines flights 11 or 77 and United Airlines flights 93 or 175; and

(3) The Personal Representatives of individuals who were present at a 9/11 crash site at the time of or in the immediate aftermath of the crashes and who died as a direct result of the terrorist-related aircraft crash or the rescue and recovery efforts during the immediate aftermath of such crashes or the debris removal during the immediate aftermath of such crashes.

(4) The term eligible claimants does not include any individual or representative of an individual who is identified to have been a participant or conspirator in the terrorist-related crashes of September 11.

(c) *Immediate aftermath.* The term immediate aftermath means any period beginning with the terrorist-related aircraft crashes of September 11, 2001, and ending on May 30, 2002.

(d) *Physical harm.* The term physical harm shall mean:

(1) A WTC-Related Physical Health Condition; or

(2) A physical injury to the body resulting from the 9/11 attacks that was treated by a medical professional within a reasonable time from the date of discovering such harm and is verifiable by medical records created by or at the direction of the medical professional who provided the medical care contemporaneously with the care; but

493

(3) Not including any Mental Health Condition.

(e) *Mental Health Condition.* The term Mental Health Condition shall mean a mental health condition described in paragraph (1)(A)(ii) or (3)(B) of section 3312(a) of the Public Health Service Act (42 U.S.C. 300 mm–22(a)), or any mental health condition certified under section 3312(b)(2)(B)(iii) of such Act (including such certification as applied under section 3322(a) (42 U.S.C. 300mm–32(a) of such Act), or a mental health condition described in section 3322(b)(2) (42 U.S.C. 300mm–32(b)(2)) of such Act, or any other mental health condition.

(f) *Personal Representative.* The term Personal Representative shall mean the person determined to be the Personal Representative under § 104.4 of this part.

(g) *WTC Health Program.* The term WTC Health Program means the World Trade Center Health Program established by Title I of Public Law 111–347 (codified at Title XXXIII of the Public Health Service Act, 42 U.S.C. 300mm through 300mm–61).

(h) *WTC Program Administrator.* The WTC Program Administrator shall mean the WTC Program Administrator as defined in section 3306 of the Public Health Service Act (42 U.S.C. 300mm–5).

(i) *WTC-Related Physical Health Condition.* The term WTC-Related Physical Health Condition means a WTC-related health condition listed in Section 3312(a) of the Public Health Service Act (42 U.S.C. 300mm–22(a)), including the conditions listed in section 3322(b) of such Act (42 U.S.C. 300mm–32(b)), and including those health conditions added by the WTC Program Administrator through rulemaking pursuant to the Public Health Service Act, 42 CFR part 88, except that such term shall not include any Mental Health Condition.

(j) *9/11 crash site.* The term 9/11 crash site means:

(1) The World Trade Center site, Pentagon site, and Shanksville, Pennsylvania site; or

(2) The buildings or portions of buildings that were destroyed as a result of the terrorist-related airplane crashes of September 11, 2001; or

(3) The area in Manhattan that is south of the line that runs along Canal Street from the Hudson River to the intersection of Canal Street and East Broadway, north on East Broadway to Clinton Street, and east on Clinton Street to the East River; and

(4) Any area related to, or along, routes of debris removal, such as barges and Fresh Kills.