**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton, et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member case
*Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

### *Ashton-Burlingame-Dickey* Plaintiffs' Amended Motion
### for Final Judgments Against the Taliban and Muhammad Omar

For the reasons set forth below, and in the statements contained in the Declaration of John F.

Schutty, Esq. ("Schutty Declaration") dated August 17, 2022, the exhibits thereto, the accompanying

Memorandum of Points & Authorities, and the record in this case, those plaintiffs in the above-

captioned *Ashton* matter (a subset of original *Burlingame* plaintiffs,[1] hereinafter referred to as the

*Ashton-Burlingame-Dickey* Plaintiffs) who are represented by the Law Office of John F. Schutty,

P.C.,[2] described within the exhibits to the Schutty Declaration, respectfully move for an Order

determining the liability of the Taliban and the founder and former leader of the Islamic Emirate of

Afghanistan, Emir Muhammad Omar (hereinafter the "*Taliban* and *Omar* Defendants") for final

---

[1]     The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.* master docket number 02-cv-6977, with the filing of a consolidated master complaint. *See* 02-cv-6977, Doc. No. 15, entered 11/19/2002. There were 167 *Burlingame* Plaintiffs who brought claims for themselves and/or as representatives of their respective decedents' estates. 108 *Burlingame* Plaintiffs were named in the original *Burlingame* complaint (02-cv-7230). The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. *See, e.g.*, 02-cv-6977, Doc. No. 465, filed 03/30/2005.

[2]     The *Ashton* Complaints include the Plaintiffs represented by the Law Office of John F. Schutty P.C. Each of the Plaintiffs' claims identified in Exhibits A through H to the Declaration of John F. Schutty accompanying the instant motion were included in the *Ashton* 6th Amended Complaint filed September 30, 2005 (ECF 1463), which was the operative pleading at the time this Court issued a liability judgment for the consolidated *Ashton* plaintiffs against the *Taliban* and *Omar* Defendants (and others) on May 12, 2006, ECF 1797.

damages judgments in connection with the losses and injuries these Plaintiffs suffered as a result of the deaths of their decedents in the September 11, 2001 terrorist attacks.

As shown through the accompanying Schutty Declaration (and exhibits attached thereto): (a) all eight of the wrongful death claims at issue on this motion are being pursued by the "personal representative" of each respective decedent's estate, appointed in accordance with the law of the state (New York) where each decedent was domiciled at the time of his death, (b) all of the claimants seeking damages herein are "heirs" (widows and children of each decedent), qualified to receive wrongful death damages under the law of the state where each decedent was domiciled at the time of his death, (c) their claims against the *Taliban* and *Omar* Defendants were filed against these Defendants in a timely manner in 2002 (*See* 02-cv- 6977 (S.D.N.Y.) ECF 1.  That Complaint was consolidated and amended several times.  *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.), and (d) all the claimants were United States citizens domiciled in New York State at the time of each decedent's death.

In light of the base default liability judgment the *Ashton* plaintiffs previously obtained against, among others, the *Taliban* and *Omar* Defendants, the *Ashton-Burlingame-Dickey* Plaintiffs now specifically request an Order:

1.      Determining that a common law cause of action for wrongful death and/or a cause of action for wrongful death under the Anti-Terrorism Act (18 U.S.C. § 2333) each require an application of applicable state law on estate administration to determine: (a) who may bring such a wrongful death claim (*i.e.,* who are the recognized heirs, and who may bring such a claim on their behalf), (b) when such a claim must be brought to be timely (statute of limitations), and (c) the measure of damages on any such claim.  *See* the accompanying Memorandum of Points & Authorities.

2.      Awarding each Estate of the individuals killed in the September 11 terrorist attacks

listed in Exhibit J (the "*Ashton-Burlingame-Dickey* 9/11 Decedents") damages for their decedent's conscious pain and suffering against the *Taliban* and *Omar* Defendants in the amount of $2,000,000 per decedent, which is the same amount this Court previously awarded to them in a default judgment against the Defendant Islamic Republic of Iran (an item recoverable under applicable New York State law by each Estate) (MDL ECF#5376);

3.      Awarding each Estate of the *Ashton-Burlingame-Dickey* 9/11 Decedents herein damages as set forth in Exhibit J for economic loss against the *Taliban* and *Omar* Defendants, in the same amounts that this Court awarded to those Estates on the basis of the expert analysis and reports that these same Plaintiffs previously filed in their default judgment application against Iran (those same expert reports are filed here) (MDL ECF#5376);

4.      Awarding the Estate Personal Representatives listed in Exhibit J, who are named as such in the original Complaints, and who are also the widows of *Ashton* 9/11 Decedents (qualified heirs of each estate under New York State law), solatium damages in the same amount that this Court has previously awarded to these widows *(if New York State law is deemed not to apply)* (MDL ECF#5376);

5.      Awarding the children of the *Ashton* 9/11 Decedents listed in Exhibit J (qualified heirs of each estate under New York State law), whose 9/11 Decedents were named in the original Complaints, solatium damages in the same amounts that this Court has previously awarded to these children *(if New York State law is deemed not to apply* (MDL ECF#5376*)*;

6.      Awarding these *Ashton-Burlingame-Dickey* Plaintiffs treble damages under the Anti-Terrorism Act (18 U.S.C. § 2333).

7.      Awarding these *Ashton-Burlingame-Dickey* Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

8.      Granting these *Ashton-Burlingame-Dickey* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

9.      Granting permission for all other *Ashton* plaintiffs in this action, not appearing within the Exhibits to the Schutty Declaration, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the accompanying Proposed Order will represent the only direct recovery by these *Ashton-Burlingame-Dickey* Plaintiffs against the *Taliban* and *Omar* Defendants, the Proposed Order will constitute final awards and judgments against the *Taliban* and *Omar* Defendants for these Plaintiffs.

Dated: New York, New York
      August 17, 2022

Respectfully submitted,

LAW OFFICE OF JOHN F. SCHUTTY, P.C.

BY:   /s/ *John F. Schutty*
John F. Schutty, Esq. (JS2173)
445 Park Ave., 9th Floor
New York, New York 10022
Tel: (212) 745-1157
*Counsel for Ashton-Burlingame-Dickey Plaintiffs*