UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

This document relates to:
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENTS**

Plaintiffs, by undersigned counsel, submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgments at ECF Nos. 7522 and 7527, and say:

**BACKGROUND**

On January 4, 2022, this Court entered Partial Final Judgments on behalf of certain moving plaintiffs in *BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN) and *August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN), ECF Nos. 7522 and 7527, who are each a spouse, parent, child, or sibling (or their estate), or the estate of a victim killed in the terrorist attacks on September 11, 2001. Each plaintiff was awarded damages as set forth in Exhibit A to ECF No. 7522 and Exhibit B to ECF No. 7527, which was prepared by plaintiffs' counsel who, at the time of its filing, believed it to reflect a complete and accurate list of plaintiffs for whom the judgments should have been entered.

Since the judgments at ECF Nos. 7522 and 7527 were entered, plaintiffs' counsel became aware that (i) the middle name of the plaintiff in line 39 of Exhibit A-3 to ECF No. 7522 was incorrectly listed as "Noberto" instead of "Norberto," (ii) the middle name of the 9/11 victim in line 7 of Exhibit B-1 to ECF No. 7527 was incorrectly listed as "James" instead of "Gregory,"

and (iii) the middle name of the 9/11 victim in line 4 of Exhibit B-3 to ECF No. 7527 was incorrectly listed as "Girard" instead of "Gerard."

Accordingly, Plaintiffs now respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), Order the following corrections:

(1) the middle name of the plaintiff in line 39 of Exhibit A-3 to ECF No. 7522 be changed from "Noberto" to "Norberto."

(2) the middle name of the 9/11 victim in line 7 of Exhibit B-1 to ECF No. 7527 be changed from "James" to "Gregory."

(3) the middle name of the 9/11 victim in line 4 of Exhibit B-3 to ECF No. 7527 be changed from "Girard" to "Gerard."

## ARGUMENT

**I.   Rule 60(a) Permits the Court to Modify a Judgment Based**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Emps. Mut. Cas. Co. v. Key Pharms., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968)); *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112 (5th Cir. 1982). When the Second Circuit reviewed the removal of a

defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity, which impeded collection of the judgment, the court affirmed the matter could be remedied under Rule 60(a) through substitution of the party without the incorrect designation. *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 322 (2d. Cir. 1973). In *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." *Wheeling Downs Race Track & Gaming Ctr. v. Kovach*, 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004). Here, the errors are clerical in nature and do not require substantive judgment.

Since the judgments at ECF Nos. 7522 and 7527 were entered, plaintiffs' counsel became aware that (i) the middle name of the plaintiff in line 39 of Exhibit A-3 to ECF No. 7522 was incorrectly listed as "Noberto" instead of "Norberto," (ii) the middle name of the 9/11 victim in line 7 of Exhibit B-1 to ECF No. 7527 was incorrectly listed as "James" instead of "Gregory," and (iii) the middle name of the 9/11 victim in line 4 of Exhibit B-3 to ECF No. 7527 was incorrectly listed as "Girard" instead of "Gerard."

Accordingly, Plaintiffs now respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), Order the following corrections:

> (1) the middle name of the plaintiff in line 39 of Exhibit A-3 to ECF No. 7522 be changed from "Noberto" to "Norberto."
>
> (2) the middle name of the 9/11 victim in line 7 of Exhibit B-1 to ECF No. 7527 be changed from "James" to "Gregory."

(3) the middle name of the 9/11 victim in line 4 of Exhibit B-3 to ECF No. 7527 be changed from "Girard" to "Gerard."

## CONCLUSION

The corrections requested by Plaintiffs are clerical in nature, do not raise issues with the substantive judgment contained in ECF Nos. 7522 and 7527, and will not in any way change the Court's disposition. For the foregoing reasons, Plaintiffs now respectfully request that the Court, pursuant to Fed. R. Civ. P. 60(a), Order the following typographical corrections:

(1) the middle name of the plaintiff in line 39 of Exhibit A-3 to ECF No. 7522 be changed from "Noberto" to "Norberto."

(2) the middle name of the 9/11 victim in line 7 of Exhibit B-1 to ECF No. 7527 be changed from "James" to "Gregory."

(3) the middle name of the 9/11 victim in line 4 of Exhibit B-3 to ECF No. 7527 be changed from "Girard" to "Gerard."

The Court's January 4, 2022 Partial Final Judgments (ECF Nos. 7522 and 7527) would remain in force and all other final judgments awarded to the *BNY Mellon* and *Bernaerts* Plaintiffs identified in the January 4, 2022 Partial Final Judgments (ECF Nos. 7522 and 7527) would remain in effect.

Dated: New York, New York  
August 17, 2022

Respectfully submitted,

/s/ Jerry S. Goldman
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 279-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*Attorneys for Plaintiffs*

docs-100509798.1