# EXHIBIT B

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX:  212-278-1733
www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212-278-1569

_By Hand Delivery_                                                              January 14, 2021

Clerk of the Court, Ruby J. Krajick
United States District Court
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, New York 10007

        Re:    _Nicole Amato et al. v. Islamic Republic of Iran_,
                Case No.: 1:21-cv-10239

Dear Clerk of the Court, Ruby J. Krajick:

I represent the Plaintiffs in the above-referenced action.

I am writing to request you effect service on the Defendant, Islamic Republic of Iran, pursuant to 28 U.S.C. §1608(a)(4), at the following address:

        Minister of Foreign Affairs
        Ministry of Foreign Affairs of the Islamic Republic of Iran
        Iman Khomeini Avenue
        Tehran, Iran
        ATTN: H.E. Hossein Amir-Abdollahian

Service on Iran cannot be effected under 28 U.S.C. Sections 1608(a)(1) and (2) because the United States and Iran do not have any special arrangement for service of process upon Iran in accordance with sub-section (1), nor is service permitted by any applicable international convention under the provisions of sub-section (2).[1] _See Valore v. Islamic Republic of Iran_, 700 F. Supp. 2d 52, 70 (D.D.C. 2010).

On December 14, 2021, Plaintiffs, through the Clerk of the Court, attempted to serve the Defendant pursuant to the provision to 28 U.S.C. § 1608(a)(3).  Annexed hereto as **Exhibit 1** is a copy of the Certificate of Mailing.

---

[1] Iran is not a signatory to the convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**Anderson Kill P.C.**

January 14, 2021
Page 2

As of Friday, January 14, 2021, thirty (30) days have passed since the Certificate of Mailing has been issued and service had not been able to be completed under 28 U.S.C. § 1608(a)(3).  Annexed hereto as **Exhibit 2,** is a true and correct copy of the USPS tracking information of the package sent by the Clerk of the Court indicating that service has not been made.

Accordingly please serve the Defendant pursuant to 28 U.S.C. § 1608(a)(4) at the following address:

> Attn: Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison (CA/OCS/PRI)
> U.S. Department of State
> SA-29, 4th Floor
> 2201 C Street NW
> Washington, DC 20520

Enclosed please find copies of the following documents:

1. Summons
2. Complaint deemed filed on December 1, 2021
3. Civil Cover Sheet
4. Related Case Statement
5. Notice of suit prepared in accordance with 22 CFR § 93.2 with a copy of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611
6. Affidavit of Translator[2]
7. Translations of the above-mentioned documents

In total, we are providing three complete sets of the documents, in both English and Farsi. In accordance with pages 12-13 of the Court's Foreign Mailing Instructions, we are providing two sets for service on the Defendant and one set of documents for the Court's file.

We have also enclosed pre-paid a FedEx label and envelope for delivery to the address above. Please note that our firm FedEx account number is 628354049.

We further enclosed a cashier's check in the amount of $2,275.00 made payable to "U.S. Embassy Bern."

Should you have any questions or require any additional information please do not hesitate to contact me.

---

[2] The affidavit of the translator comports with the requirements of NY CPLR 2101(b).

**Anderson Kill P.C.**

January 14, 2021
Page 3

/s/ Jerry S. Goldman
_____
Jerry S. Goldman, Esq.

Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

*Attorney for the Plaintiffs*

JSG
Enclosures

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Amato, et al.

-v-

Islamic Republic of Iran

**CERTIFICATE OF MAILING**

Case No.: <u>1:21 cv 10239 (GBD)(SN)</u>
<u>03md1570(GBD)SN)</u>

I hereby certify under the penalties of perjury that on the <u>14th</u> day of <u>December</u>, <u>2021</u>, I served:

Attn: H.E. Hossein Amir-Abdollahian

Minister of Foreign Affairs

Ministry of Foreign Affairs of The Islamic Republic of Iran

Imam Khomeini Avenue

Tehran, Iran

☒    the head of the ministry of foreign affairs, pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(3).

__1__ copy(ies) of the  <u>Summons, Compliant deemed filed on December 1, 2021, Civil Cover</u>
<u>Sheet, Related Case Statement, Notice of Suit, prepared in accordance with 22 C.F.R. § 93.2, with a copy</u>
<u>of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611, Affidavit of Translator (along with translations</u>
<u>of each document in Farsi)</u>

by USPS Registered Mail RH003183095US

Dated:  New York, New York
<u>December 14, 2021</u>

RUBY J. KRAJICK
CLERK OF COURT

_____

<u>/s/JaVonn Ross</u>_____
DEPUTY CLERK

# EXHIBIT 2

# USPS Tracking®

FAQs >

### Track Another Package +

**Tracking Number:** RH003183095US

Remove ✕

## Not Trackable

USPS Tracking® is unavailable for this product for IRAN ISLAMIC REPUBLIC OF.

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As it relates to: 03 MDL 1570 (GBD) (SN) |

| | |
|---|---|
| NICOLE AMATO, et al., | Civil Docket Number: 1:21-cv-10239 |
| PLAINTIFFS, | **AFFIDAVIT OF TRANSLATOR** |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

STATE OF NEW YORK          )
                                              ) ss:
COUNTY OF NEW YORK      )


Jacqueline Yorke, being sworn, states:

1. I am an employee of TransPerfect Translations, Inc. and not a party to this action. To the best of my knowledge and belief, the provided English into Farsi translations of the following source documents are true and accurate:

   a.  Summons with appendix
   b.  Complaint with appendix
   c.  Civil cover sheet with appendix
   d.  Related case statement with appendix
   e.  Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)
   f.  Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over one hundred (100) offices on six (6) continents, is a leader in providing professional translations, has over twenty-five (25) years of experience translating into the above language pair, and its

work is accepted by business organizations, governmental authorities, and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by translator(s) who each are native Farsi speakers with a bachelor's degree in English. One translator also holds PhD in Political Science. The have been language consultants and translators for over 15 years.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not related to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

_____
Jacqueline Yorke, Project Manager

Sworn to before me
this __8th__ day of __December__, 20<u>21</u>

_____
Notary Public



2

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| چنانکه مربوط است به: ( ) 03 MDL 1570 (GBD) (SN | عطف به حملات تروریستی 11 سپتامبر 2001 |

| | |
|---|---|
| شماره پرونده مدنی: 1:21-cv-10239 | نیکول آماتو و دیگران، |
| **اظهارنامه مترجم** | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده، |

ایالت نیویورک        ( )

( ss: )

ناحیه نیویورک        ( )

Jacqueline Yorke ، با ادای سوگند، اظهار می‌دارد:

1. اینجانب کارمند شرکت Translations TransPerfect بوده و جزو طرفین این اقدام نیستم. تا آنجا که اطلاع و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد مبدأ ذکر شده در زیر صحیح و دقیق هستند:

   a.  احضاریه‌ها همراه با ضمیمه

   b.  شکایت همراه با ضمیمه

   c.  برگه جلد دادخواست مدنی همراه با ضمیمه

   d.  بیانیه پرونده مربوطه به همراه پیوست

   e.  ابلاغیه اقامه دعوی به همراه نسخه‌ای از 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d)، و قانون مصونیت حاکمیت خارجی (.28 U.S.C. 1602, et seq)

   f.  اظهارنامه مترجم

2. این درخواست توسط شرکت Anderson Kill P.C.، وکلای خواهان‌ها در این اقدام ارائه شد.

3. شرکت TransPerfect Translations یک سازمان ترجمه دارای بیش از یکصد (100) دفتر در شش (6) قاره بوده، پیشرو در زمینه ارائه ترجمه‌های حرفه‌ای است، بیش از بیست و پنج (25) سال سابقه ترجمه به جفت زبان مذکور را دارد و کارهای آن مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌ها در سرتاسر ایالات متحده و در سطح بین‌المللی قرار گرفته است.

4. ترجمه‌های اسناد مبدأ ذکر شده در بالا توسط مترجم(هایی) صورت گرفته است که که زبان مادری هرکدام از آنها فارسی بوده و دارای مدرک کارشناسی زبان انگلیسی هستند. یکی از مترجمان دارای مدرک دکترای علوم سیاسی است. آنها بیش از 15 سال مشاور زبان و مترجم بوده‌اند.

5. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته و همچنین نمایندگانی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و با هیچ‌یک از طرفین نامبرده در این سند (اسناد) مبدأ ارتباطی ندارند.

6. مطابق با CPLR 2101، ترجمه دقیق است.

_____

ژاکلین یورک، مدیر پروژه

نزد من سوگند یاد کرد

در روز __9__ ماه __دسامبر__ ، 2021

_____

دفتر اسناد رسمی



docs-100338136.1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Nicole Amato, et al. (see appendix) | ISLAMIC REPUBLIC OF IRAN |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)     ATTORNEYS (IF KNOWN)

Jerry S. Goldman, Esq., Anderson Kill
1251 Avenue of the Americas, New York, NY 10020
(212)-278-1000 / jgoldman@andersonkill.com

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 28 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑     Judge Previously Assigned

George B. Daniels

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed.  No ☒  Yes ☐  If yes, give date _____ & Case No. 1:03-md-1570

IS THIS AN INTERNATIONAL ARBITRATION CASE?     No ☒     Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*          NATURE OF SUIT

### TORTS

### ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110  INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120  MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130  MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140  NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | PROPERTY RIGHTS | [ ] 410 ANTITRUST |
| [ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | | | [ ] 430 BANKS & BANKING |
| | [ ] 345 MARINE PRODUCT LIABILITY | PERSONAL PROPERTY | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 450 COMMERCE |
| [ ] 151  MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | [ ] 830 PATENT | | [ ] 460 DEPORTATION |
| [ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | | SOCIAL SECURITY | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| [ ] 160  STOCKHOLDERS SUITS | | | LABOR | [ ] 861 HIA (1395ff) | |
| [ ] 190  OTHER CONTRACT | | PRISONER PETITIONS | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 195  CONTRACT PRODUCT LIABILITY | | [ ] 463 ALIEN DETAINEE | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 196 FRANCHISE | ACTIONS UNDER STATUTES | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 740 RAILWAY LABOR ACT | [ ] 864 SSID TITLE XVI | |
| | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 865 RSI (405(g)) | [x] 890 OTHER STATUTORY ACTIONS |
| | | [ ] 535 DEATH PENALTY | | | [ ] 891 AGRICULTURAL ACTS |
| REAL PROPERTY | [ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | [ ] 893 ENVIRONMENTAL MATTERS |
| | [ ] 441 VOTING | | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210  LAND CONDEMNATION | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 896 ARBITRATION |
| [ ] 220  FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | IMMIGRATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 230  RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 240  TORTS TO LAND | [ ] 446  AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245  TORT PRODUCT LIABILITY | [ ] 448 EDUCATION | | | | |
| [ ] 290  ALL OTHER REAL PROPERTY | | | | | |

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $ 150 billion     OTHER          JUDGE George B. Daniels     DOCKET NUMBER 1:03-md-1570

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO          NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*      **ORIGIN**

[x] 1 Original Proceeding    [ ] 2 Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation (Transferred)    [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*      **BASIS OF JURISDICTION**      *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] MANHATTAN

DATE 12/01/2021    /s/ Jerry Goldman

SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. May   Yr. 1980 )
Attorney Bar Code # 1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form      Save      Print

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Nicole Amato | VA | United States | Gary Smith | Child | United States | Solatium |
| 2 | Barry Amundson | OR | United States | Craig Amundson | Sibling | United States | Solatium |
| 3 | Najat Arsenault | MA | United States | Peter Hashem | Sibling | United States | Solatium |
| 4 | Grace Brennan | NJ | United States | Vincent DiFazio | Sibling | United States | Solatium |
| 5 | Ericka Brown | NY | United States | Jacquelyn Sanchez | Sibling | United States | Solatium |
| 6 | Tracy Zorpette as Personal Representative of the Estate of Dorothy Burke | DC | United States | Brooke Rosenbaum | Parent (Deceased) | United States | Solatium |
| 7 | Yolanda Calderon | NY | United States | Jorge Velazquez | Sibling | United States | Solatium |
| 8 | Sasha Cardona | NY | United States | Jose Cardona | Child | United States | Solatium |
| 9 | Teresa Cheezum | IN | United States | Gary Smith | Child | United States | Solatium |
| 10 | Kim Coleman | NY | United States | Jacquelyn Sanchez | Parent | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

A-1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|----|----|----|----|----|----|----|----|
| 11 | Michael Coleman | VA | United States | Jacquelyn Sanchez | Sibling | United States | Solatium |
| 12 | Helman Correa | NJ | TBD | Danny Correa-Gutierrez | Parent | United States | Solatium |
| 13 | Ryan John Cove | Vietnam | United States | James Cove | Child | United States | Solatium |
| 14 | Anane Crandon | NY | United States | Uhuru Houston | Sibling | United States | Solatium |
| 15 | Efia Crandon | NY | United States | Uhuru Houston | Sibling | United States | Solatium |
| 16 | Efia Crandon as Personal Representative of the Estate of Estella Crandon | NY | United States | Uhuru Houston | Parent (deceased) | United States | Solatium |
| 17 | Nolton Davis, Jr. | MD | United States | Ada Davis | Spouse | United States | Solatium |
| 18 | Nolton Davis, Jr. | MD | United States | Ada Davis | PR | United States | Solatium/ Wrongful Death |
| 19 | Robin Davis | IN | United States | Edward Rowenhorst | Sibling | United States | Solatium |
| 20 | Salvatore DiFazio | NJ | United States | Vincent DiFazio | Sibling | United States | Solatium |
| 21 | Barbara Echtermann as Personal Representative of the Estate of Helmut Echtermann | FL | United States | Margaret Echtermann | Parent (Deceased) | United States | Solatium |
| 22 | Dietrich Echtermann | CA | United States | Margaret Echtermann | Sibling | United States | Solatium |
| 23 | Heidemarie Echtermann-Toribio | Singapore | United States | Margaret Echtermann | Sibling | United States | Solatium |
| 24 | Brenda Fallon | NJ | United States | William Fallon | PR | United States | Solatium/ Wrongful Death |

A-2

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 25 | Brenda Fallon | NJ | United States | William Fallon | Spouse | United States | Solatium |
| 26 | Christopher Fallon | NC | United States | William Fallon | Child | United States | Solatium |
| 27 | Stephen Fallon | IN | United States | William Fallon | Sibling | United States | Solatium |
| 28 | Donald Fallon | NJ | United States | William Fallon | Sibling | United States | Solatium |
| 29 | Peter Fallon | NJ | United States | William Fallon | Sibling | United States | Solatium |
| 30 | Jacqueline Fanning | NY | United States | John Fanning | Child | United States | Solatium |
| 31 | Ryan Fanning | NY | United States | John Fanning | Child | United States | Solatium |
| 32 | Jeremy Fanning | NY | United States | John Fanning | Child | United States | Solatium |
| 33 | Farhan Syed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 34 | Leslie Faulstich | MO | United States | Katie McCloskey | Sibling | United States | Solatium |
| 35 | Ringo Fernandez | NY | United States | Julio Fernandez | Child | United States | Solatium |
| 36 | Diane L. Fredericks | CA | United States | Andrew Fredericks | Sibling | United States | Solatium |
| 37 | Nancy Jean Fredericks | WI | United States | Andrew Fredericks | Sibling | United States | Solatium |
| 38 | Julie Gardner | IN | United States | Katie McCloskey | Sibling | United States | Solatium |
| 39 | Wesley Gargano | NC | United States | Karen Renda | Sibling | United States | Solatium |
| 40 | Jessica Geier | NY | United States | Paul Hamilton Geier | Child | TBD | Solatium |
| 41 | Jessica Geier | NY | United States | Paul Hamilton Geier | PR | TBD | Solatium/ Wrongful Death |

A-3

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 42 | Jessica Geier and Nicole Rasanen as the Co-Personal Representatives of the Estate of Eleanor Geier | NY | United States | Paul Hamilton Geier | Spouse (deceased) | TBD | Solatium |
| 43 | Craig Hannan | NY | United States | Michael Hannan | Sibling | United States | Solatium |
| 44 | Andrea Hannan | SC | United States | Michael Hannan | PR | United States | Solatium/ Wrongful Death |
| 45 | Andrea Hannan | SC | United States | Michael Hannan | Spouse | United States | Solatium |
| 46 | Rachel Hannan | SC | United States | Michael Hannan | Child | United States | Solatium |
| 47 | Alexandra Hannan | SC | United States | Michael Hannan | Child | United States | Solatium |
| 48 | Jennifer Muller as Personal Representative of the Estate of Barbara Hannan | NY | United States | Michael Hannan | Parent (deceased) | United States | Solatium |
| 49 | Peter Hannan | NY | United States | Michael Hannan | Sibling | United States | Solatium |
| 50 | Abdo Hashem | MA | United States | Peter Hashem | Sibling | United States | Solatium |
| 51 | John Doe 99 | MA | United States | Peter Hashem | PR | United States | Solatium/ Wrongful Death |
| 52 | Najat Arsenault as Personal Representative of the Estate of Rose Sue Hashem | MA | United States | Peter Hashem | Sibling (Deceased) | United States | Solatium |
| 53 | Sabah Hashem-Daher | MA | United States | Peter Hashem | Sibling | United States | Solatium |

A-4

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 54 | Susan Hermer | NY | United States | Harvey Hermer | PR | United States | Solatium/ Wrongful Death |
| 55 | Kyra Houston | NY | United States | Uhuru Houston | Sibling | United States | Solatium |
| 56 | Teresa Kestenbaum | NJ | United States | Vincent DiFazio | Sibling | United States | Solatium |
| 57 | Banu Khursheed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 58 | Timothy Kuveikis | NY | TBD | Thomas Kuveikis | Sibling | TBD | Solatium |
| 59 | Kieran Lyons | CT | United States | Michael Lyons | Sibling | United States | Solatium |
| 60 | Mary Lyons | NY | United States | Michael Lyons | Child | United States | Solatium |
| 61 | Elaine Lyons | NY | United States | Michael Lyons | Spouse | United States | Solatium |
| 62 | Elaine Lyons | NY | United States | Michael Lyons | PR | United States | Solatium/ Wrongful Death |
| 63 | Caitlyn Lyons | NY | United States | Michael Lyons | Child | United States | Solatium |
| 64 | Mirella Matricciano | NY | United States | Marcellus Matricciano | Parent | United States | Solatium |
| 65 | Umberto Matricciano | NY | Canada | Marcellus Matricciano | Parent | United States | Solatium |
| 66 | Bruno Matricciano | AZ | United States | Marcellus Matricciano | Sibling | United States | Solatium |
| 67 | John Doe 98 | NY | United States | Marcellus Matricciano | PR | United States | Solatium/ Wrongful Death |
| 68 | Christine McKee | AZ | United States | Gary Smith | Sibling | United States | Solatium |
| 69 | Najwah Miceli | MA | United States | Peter Hashem | Sibling | United States | Solatium |
| 70 | Jennifer Muller | NY | United States | Michael Hannan | Sibling | United States | Solatium |
| 71 | Jamie Nelson | NY | United States | Peter A. Nelson | Child | United States | Solatium |

A-5

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 72 | Christine Peschel | CT | TBD | Thomas Kuveikis | Sibling | TBD | Solatium |
| 73 | Cedric Pitt, Jr. | NC | United States | Jacquelyn Sanchez | Child | United States | Solatium |
| 74 | Patricia Quinlan | VT | United States | William Fallon | Sibling | United States | Solatium |
| 75 | Shelly Ann Ramkhelawan | NY | United States | Vishnoo Ramsaroop | Child | United States | Solatium |
| 76 | Nadia Ramsaroop | NV | United States | Vishnoo Ramsaroop | Child | United States | Solatium |
| 77 | Michelle Ramsaroop | MO | United States | Vishnoo Ramsaroop | Child | United States | Solatium |
| 78 | Reehan Syed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 79 | Daniel Rowenhorst | VA | United States | Edward Rowenhorst | Sibling | United States | Solatium |
| 80 | Cedric Pitt Sr. | NC | United States | Jacquelyn Sanchez | PR | United States | Solatium/ Wrongful Death |
| 81 | Brian Schrang | FL | United States | Gerard P. Schrang | Child | United States | Solatium |
| 82 | Kathleen Shagi | NY | United States | Michael Shagi | PR | United States | Solatium/ Wrongful Death/ Personal Injury |
| 83 | Kathleen Shagi | NY | United States | Michael Shagi | Spouse | United States | Solatium |
| 84 | Christie Shagi | NY | United States | Michael Shagi | Child | United States | Solatium |
| 85 | Nicole Shagi | NY | United States | Michael Shagi | Child | United States | Solatium |
| 86 | Tracie Shagi-Uriguen | NY | United States | Michael Shagi | Child | United States | Solatium |
| 87 | Ann Smith | VA | United States | Gary Smith | Spouse | United States | Solatium |
| 88 | Ann Smith | VA | United States | Gary Smith | PR | United States | Solatium/ Wrongful Death |
| 89 | Natalie Smith | UT | United States | Gary Smith | Child | United States | Solatium |
| 90 | Kristina Smith | MD | United States | Gary Smith | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 91 | Mark Smith | VA | United States | Gary Smith | Sibling | United States | Solatium |
| 92 | Annette Smith and Mark Smith as Personal Representatives of the Estate of Dorothy Smith | VA | United States | Gary Smith | Parent (Deceased) | United States | Solatium |
| 93 | Stephan Smith | VA | United States | Gary Smith | Sibling | United States | Solatium |
| 94 | Mason Smith | CO | United States | Gary Smith | Sibling | United States | Solatium |
| 95 | Michael Trerotola | NJ | United States | Lisa Trerotola | PR | United States | Solatium/ Wrongful Death |
| 96 | Michael Trerotola | NJ | United States | Lisa Trerotola | Spouse | United States | Solatium |
| 97 | Amanda Trerotola | OH | United States | Lisa Trerotola | Child | United States | Solatium |
| 98 | Michael L. Trerotola | NJ | United States | Lisa Trerotola | Child | United States | Solatium |
| 99 | Yaseen Syed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 100 | Syed Zeeshan | India | India | Syed Abdul Fatha | Child | India | Solatium |

A-7

JS 44C/SDNY
اصلاحی
10/01/2020

برگه جلد دادخواست مدنی

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواهان‌ها | خوانده‌ها |
|---|---|
| NICOLE AMATO و دیگران (به ضمیمه مراجعه کنید) | جمهوری اسلامی ایران |

| وکلا (نام شرکت، آدرس و شماره تلفن) | وکلا (در صورت اطلاع) |
|---|---|
| وکیل دعاوی جری ان. اس. گلدمن، شرکت آندرسون کیل | |
| 1251 Avenue of the Americas, New York, NY 10020 | |
| jgoldman@andersonkill.com / 212)-278-1000) | |

علت اقدام (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را به‌طور خلاصه ذکر نمایید)
(به قوانین مصوب مربوط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف آرا)

28 U.S.C. §§ 1605A, 1605B و 18 U.S.C. § 2333

قاضی منصوب شده قبلی
George B. Daniels
پرونده شماره 1:03-md-1570
را ذکر کنید

آیا این اقدام پرونده یا دادرسی یا موردی دارای مشابهت اساسی قبلاً در SDNY در هر زمانی مطرح شده است؟ خیر ☐ بله ☒

اگر بله، آیا این پرونده داوطلبانه ☐ غیرداوطلبانه ☐ رد شده است. خیر ☒ بله ☐ اگر بله، تاریخ و را ذکر کنید

آیا این یک پرونده داوری بین‌المللی است؟ خیر ☒ بله ☐

(فقط یک کادر را با علامت [x] مشخص نمایید)

ماهیت اقامه دعوی

| شبه جرم | اقدام بر اساس قوانین مصوب | | |
|---|---|---|---|

**قرارداد**
[ ] 110 بیمه
[ ] 120 نیروی دریایی
[ ] 130 قانون میلر
[ ] 140 وسیله قابل مذاکره
[ ] 150 اجرای حکم و قانون مدنی
[ ] 151 قانون مدیکر
[ ] 152 استرداد اضافه پرداخت و اجرای حکم
[ ] 153 استرداد اضافه پرداخت مزایای کهنه سربازان
[ ] 160 دعاوی سهامداران
[ ] 190 سایر قراردادها
[ ] 195 قرارداد مسئولیت محصول
[ ] 196 فرانشیز

**اموال شخصی**
[ ] 370 سایر موارد کلاه
[ ] 371 حقیقت در مورد وام‌دهی
[ ] 380 سایر موارد آسیب به اموال شخصی
[ ] 385 مسئولیت در قبال آسیب محصول به اموال

**صدمه شخصی**
[ ] 367 بهداشت و درمان/صنعت داروی/ مسئولیت در قبال محصول
[ ] 365 مسئولیت در قبال صدمه شخصی ناشی از محصول
[ ] 368 مسئولیت در قبال صدمه شخصی ناشی از آزبست

**صدمه شخصی**
[ ] 310 هواپیما
[ ] 315 مسئولیت در قبال محصول هواپیما
[ ] 320 ضرب و جرح، افترا و توهین
[ ] 330 کارفرمایان فدرال
[ ] 340 دریایی
[ ] 345 مسئولیت در قبال محصول دریایی
[ ] 350 خودروهای موتوری
[ ] 355 مسئولیت در قبال محصول خودروهای موتوری
[ ] 360 سایر صدمه شخصی
[ ] 362 صدمه شخصی – سوء‌اقدام پزشکی

**ورشکستگی**
[ ] 422 درخواست تجدید نظر 28 مجموعه قوانین ایالات متحده 158
[ ] 423 استرداد 28 مجموعه قوانین ایالات متحده 157

**توقیف/جریمه**
[ ] 625 توقیف اموال مربوط به داروی/مسئولیت در قبال مصنوع مواد مخدر 21 USC 881
[ ] 690 سایر

**حقوق مالکیت**
[ ] 820 حقوق نسخه‌برداری
[ ] 830 ثبت اختراع
[ ] 835 کاربرد داروی جدید با نام ثبت شده مخفف
[ ] 840 علامت تجاری

**وضعیت‌های دیگر**
[ ] 375 ادعاهای واهی
[ ] 376 دعوی متقابل
[ ] 400 تفکیک مجدد ایالتی
[ ] 410 آزاد بر انحصار
[ ] 430 بانک‌ها و بانکداری
[ ] 450 تجارت
[ ] 460 اخراج
[ ] 470 از سازمان‌های تحت نفوذ تقلب و فساد (RICO)
[ ] 480 اعتبار مشتری
[ ] 485 قانون حفاظت از مصرف‌کننده تلفنی

[ ] 490 تلویزیون کابلی/ماهواره‌ای
[ ] 850 تضامین/ کالاها/ مبادله
[ ]x 890 سایر اقدامات قانونی
[ ] 891 قوانین کشاورزی
[ ] 893 دعاوی زیست محیطی
[ ] 895 قانون آزادی اطلاعات
[ ] 896 داوری
[ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان
[ ] 950 تطابق قوانین ایالتی با قانون اساسی

**تامین اجتماعی**
[ ] 861 HIA (1395ff)
[ ] 862 بیماری سیاه‌شش (923)
[ ] 863 DIWC/DIWW (405(g)
[ ] 864 SSID عنوان XVI
[ ] 865 RSI (405(g)

**نیروی کار**
[ ] 710 قانون استانداردهای کار منصفانه
[ ] 720 روابط کار/ مدیریت
[ ] 740 قانون کار راه‌آهن
[ ] 751 قانون مرخصی استعلاجی خانواده (FMLA)
[ ] 790 سایر دادخواهی‌های کار
[ ] 791 درآمد بازنشستگی کارکنان (ERISA)

**اعتراضات زندانی**
[ ] 463 درد بازداشتی بیگانه
[ ] 510 اقدام برای ابطال حکم 28 مجموعه قوانین ایالات متحده آمریکا 2255
[ ] 530 قرار احضار زندانی
[ ] 535 مجازات اعدام
[ ] 540 امریه و سایر

**پرونده‌های مالیاتی فدرال**
[ ] 870 مالیات‌ها (خواهان یا خوانده ایالات متحده)
[ ] 871 شخص ثالث IRS 26 USC 7609

**حقوق شهروندی**
[ ] 440 سایر حقوق مدنی (غیرزندانی)
[ ] 441 رأی‌دهی
[ ] 442 استخدام
[ ] 443 مسکن/ اقامتگاه
[ ] 445 آمریکایی‌های دچار معلولیت - اشتغال
[ ] 446 آمریکایی‌های دچار معلولیت - سایر
[ ] 448 آموزش

**املاک و مستغلات**
[ ] 210 تملک زمین
[ ] 220 ضبط ملک رهنی
[ ] 230 قرارداد اجاره و تخلیه
[ ] 240 اسیب به زمین
[ ] 245 مسئولیت آسیب به محصول تمام
[ ] 290 املاک دیگر

**مهاجرت**
[ ] 462 درخواست تابعیت
[ ] 465 سایر اقدامات مهاجرت

**حقوق شهروندی زندانی**
[ ] 550 حقوق مدنی
[ ] 555 شرایط زندان
[ ] 560 شرایط بازداشت شده حبس

اگر در شکایت تقاضای صدمه شده است، علامت بزنید:

اگر این اقدام جمعی است، علامت بزنید بر اساس F.R.C.P. 23

تقاضا $ 150 میلیارد سایر

فقط اگر در شکایت تقاضای صدمه شده است، "بله" را علامت بزنید
درخواست هیئت منصفه: ☒ بله ☐ خیر

آیا مدعی هستید که این پرونده که مربوط به پرونده مدنی در دست بررسی در S.D.N.Y است که طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

قاضی جورج بی. دنیلز
شماره پرونده 1:03-md-1570

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

منشأ

(فقط یک کادر را با علامت x مشخص نمایید)

| 1 ☒ رسیدگی اصلی | 2 ☐ خارج شده از دادگاه ایالتی | 3 ☐ تأیید شده در دادگاه تجدید نظر | 4 ☐ شروع مجدد یا پاسخ | 5 ☐ منتقل شده از (ناحیه را مشخص کنید) | 6 ☐ دادخواهی مربوط به چند ناحیه (منتقل شده) | 7 ☐ درخواست تجدید نظر از قاضی ناحیه بخش |

8 ☐ دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

☐ الف. وکلای همه طرفین حضور داشتند

☐ ب. حداقل یکی از طرفین بدون وکیل حضور دارد.

**مبنای صلاحیت**
(فقط یک کادر را با علامت x مشخص نمایید)

| 1 ☐ خواهان ایالات متحده | 2 ☐ خوانده ایالات متحده | 3 ☒ سؤال فدرال (ایالات متحده جزو طرفین نیست) | 4 ☐ تفاوت |

**در صورت تفاوت، در زیر تابعیت را مشخص کنید.**

**تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)**
(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | خواهان | خوانده | | خواهان | خوانده | | خواهان | خوانده |
|---|---|---|---|---|---|---|---|---|
| شهروند این ایالت | 1 [ ] | 1 [ ] | شهروند یا تبعه یک کشور خارجی | 3 [ ]ن | 3 [ ] | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | 5 [ ] | 5 [ ] |
| شهروند ایالتی دیگر | 2 [ ] | 2 [ ] | تأسیس شده یا محل اصلی کسب و کار در این ایالت | 4 [ ] | 4 [ ] | تابعیت خارجی | 6 [ ] | 6 [ ] |

آدرس(ها) و کشور(های) خواهان(ها)

به پیوست مراجعه کنید.

آدرس(ها) و کشور(های) خوانده(ها)

جمهوری اسلامی ایران
خطاب به وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانسته‌ام آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

**تخصیص به دادگاه**
بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18، 20 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

این اقدام باید به محل زیر اختصاص یابد:
علامت بزنید:

MANHATTAN ☒          WHITE PLAINS ☐

| تاریخ 12/01/2021 | /امضاء/ Jerry Goldman | پذیرفته شده برای اجرا در این ناحیه |
| امضای وکیل پرونده | | [ ] خیر |
| | | [×] بله (تاریخ پذیرش ماه می _____ سال 1980) |
| | | شماره کد وکیل در کانون وکلا 1302454 |

شماره رسید

قاضی بخش توسط منشی دادگاه منصوب می‌شود.

قاضی بخش _____

به این صورت تعیین شد.

Ruby J. Krajick، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____.

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

| پاک کردن فرم | ذخیره کردن | چاپ |

**ضمیمه 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از

ایران است که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2

ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی [1] 9/11 | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Nicole Amato | VA | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 2 | Barry Amundson | OR | ایالات متحده | Craig Amundson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 3 | Najat Arsenault | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | Grace Brennan | NJ | ایالات متحده | Vincent DiFazio | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | Ericka Brown | NY | ایالات متحده | Jacquelyn Sanchez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 6 | Tracy Zorpette به عنوان نماینده شخصی ماترک Dorothy Burke | DC | ایالات متحده | Brooke Rosenbaum | پدر/مادر (متوفی) | ایالات متحده | ترضیه خاطر |
| 7 | Yolanda Calderon | NY | ایالات متحده | Jorge Velazquez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | Sasha Cardona | NY | ایالات متحده | Jose Cardona | فرزند | ایالات متحده | ترضیه خاطر |
| 9 | Teresa Cheezum | IN | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 10 | Kim Coleman | NY | ایالات متحده | Jacquelyn Sanchez | والد | ایالات متحده | ترضیه خاطر |
| 11 | Michael Coleman | VA | ایالات متحده | Jacquelyn Sanchez | برادر/خواهر | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 12 | Helman Correa | NJ | TBD | Danny Correa-Gutierrez | والد | ایالات متحده | ترضیه خاطر |
| 13. | Ryan John Cove | ویتنام | ایالات متحده | فرانسیس کاو (James ) (Cove | فرزند | ایالات متحده | ترضیه خاطر |
| 14 | Anane Crandon | NY | ایالات متحده | Uhuru Houston | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15 | Efia Crandon | NY | ایالات متحده | Uhuru Houston | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | Efia Crandon به عنوان نماینده شخصی ماترک Estella Crandon | NY | ایالات متحده | Uhuru Houston | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 17 | Nolton Davis, Jr. | MD | ایالات متحده | Ada Davis | همسر | ایالات متحده | ترضیه خاطر |
| 18 | Nolton Davis, Jr. | MD | ایالات متحده | Ada Davis | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 19 | Robin Davis | IN | ایالات متحده | Edward Rowenhorst | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 20 | Salvatore DiFazio | NJ | ایالات متحده | Vincent DiFazio | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | Barbara Echtermann به عنوان وکیل شخصی ماترک Helmut Echtermann | FL | ایالات متحده | Margaret Echtermann | پدر/مادر (متوفی) | ایالات متحده | ترضیه خاطر |
| 22 | Dietrich Echtermann | CA | ایالات متحده | Margaret Echtermann | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 23 | Heidemarie Echtermann-Toribio | سنگاپور | ایالات متحده | Margaret Echtermann | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | Brenda Fallon | NJ | ایالات متحده | William Fallon | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 25 | Brenda Fallon | NJ | ایالات متحده | William Fallon | همسر | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 26 | Christopher Fallon | NC | ایالات متحده | William Fallon | فرزند | ایالات متحده | ترضیه خاطر |
| 27 | Stephen Fallon | IN | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | Donald Fallon | NJ | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | Peter Fallon | NJ | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | Jacqueline Fanning | NY | ایالات متحده | John Fanning | فرزند | ایالات متحده | ترضیه خاطر |
| 31 | Ryan Fanning | NY | ایالات متحده | John Fanning | فرزند | ایالات متحده | ترضیه خاطر |
| 32 | Jeremy Fanning | NY | ایالات متحده | John Fanning | فرزند | ایالات متحده | ترضیه خاطر |
| 33 | Farhan Syed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 34 | Leslie Faulstich | MO | ایالات متحده | Katie McCloskey | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 35 | Ringo Fernandez | NY | ایالات متحده | Julio Fernandez | فرزند | ایالات متحده | ترضیه خاطر |
| 36 | Diane L. Fredericks | CA | ایالات متحده | Andrew Fredericks | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | Nancy Jean Fredericks | ویسکانسین (WI) | ایالات متحده | Andrew Fredericks | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 38 | Julie Gardner | IN | ایالات متحده | Katie McCloskey | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 39 | Wesley Gargano | NC | ایالات متحده | Karen Renda | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 40 | Jessica Geier | NY | ایالات متحده | Paul Hamilton Geier | فرزند | TBD | ترضیه خاطر |
| 41 | Jessica Geier | NY | ایالات متحده | Paul Hamilton Geier | PR | TBD | ترضیه خاطر / جراحت شخصی |

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 42 | Jessica Geier و Nicole Rasanen به عنوان نمایندگان شخصی مشترک ماترک Eleanor Geier | NY | ایالات متحده | Paul Hamilton Geier | همسر (متوفی) | TBD | ترضیه خاطر |
| 43 | Craig Hannan | NY | ایالات متحده | Michael Hannan | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 44 | Andrea Hannan | SC | ایالات متحده | Michael Hannan | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 45 | Andrea Hannan | SC | ایالات متحده | Michael Hannan | همسر | ایالات متحده | ترضیه خاطر |
| 46 | Rachel Hannan | SC | ایالات متحده | Michael Hannan | فرزند | ایالات متحده | ترضیه خاطر |
| 47 | Alexandra Hannan | SC | ایالات متحده | Michael Hannan | فرزند | ایالات متحده | ترضیه خاطر |
| 48 | Jennifer Muller، به عنوان نماینده شخصی ماترک Barbara Hannan | NY | ایالات متحده | Michael Hannan | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 49 | Peter Hannan | NY | ایالات متحده | Michael Hannan | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 50 | Abdo Hashem | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51 | John Doe 99 | MA | ایالات متحده | Peter Hashem | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 52 | Najat Arsenault به عنوان نماینده شخصی ماترک Rose Sue Hashem | MA | ایالات متحده | Peter Hashem | خواهر/برادر (متوفی) | ایالات متحده | ترضیه خاطر |
| 53 | Sabah Hashem-Daher | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |

A.-4

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 54 | Susan Hermer | NY | ایالات متحده | Harvey Hermer | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 55 | Kyra Houston | NY | ایالات متحده | Uhuru Houston | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 56 | Teresa Kestenbaum | NJ | ایالات متحده | Vincent DiFazio | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 57 | Banu Khursheed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 58 | Timothy Kuveikis | NY | TBD | Thomas Kuveikis | برادر/خواهر | TBD | ترضیه خاطر |
| 59 | Kieran Lyons | CT | ایالات متحده | Michael Lyons | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | Mary Lyons | NY | ایالات متحده | Michael Lyons | فرزند | ایالات متحده | ترضیه خاطر |
| 61 | Elaine Lyons | NY | ایالات متحده | Michael Lyons | همسر | ایالات متحده | ترضیه خاطر |
| 62 | Elaine Lyons | NY | ایالات متحده | Michael Lyons | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 63 | Caitlyn Lyons | NY | ایالات متحده | Michael Lyons | فرزند | ایالات متحده | ترضیه خاطر |
| 64 | Mirella Matricciano | NY | ایالات متحده | Marcellus Matricciano | والد | ایالات متحده | ترضیه خاطر |
| 65 | Umberto Matricciano | NY | کانادا | Marcellus Matricciano | والد | ایالات متحده | ترضیه خاطر |
| 66 | Bruno Matricciano | AZ | ایالات متحده | Marcellus Matricciano | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 67 | John Doe 98 | NY | ایالات متحده | Marcellus Matricciano | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 68 | Christine McKee | AZ | ایالات متحده | Gary Smith | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 69 | Najwah Miceli | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | Jennifer Muller | NY | ایالات متحده | Michael Hannan | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 71 | Jamie Nelson | NY | ایالات متحده | Peter A. Nelson | فرزند | ایالات متحده | ترضیه خاطر |

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 72 | Christine Peschel | CT | TBD | Thomas Kuveikis | برادر/خواهر | TBD | ترضیه خاطر |
| 73 | Cedric Pitt, Jr. | NC | ایالات متحده | Jacquelyn Sanchez | فرزند | ایالات متحده | ترضیه خاطر |
| 74 | Patricia Quinlan | (VT)ورمونت | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | Shelly Ann Ramkhelawan | NY | ایالات متحده | Vishnoo Ramsaroop | فرزند | ایالات متحده | ترضیه خاطر |
| 76 | Nadia Ramsaroop | NV | ایالات متحده | Vishnoo Ramsaroop | فرزند | ایالات متحده | ترضیه خاطر |
| 77 | Michelle Ramsaroop | MO | ایالات متحده | Vishnoo Ramsaroop | فرزند | ایالات متحده | ترضیه خاطر |
| 78 | Reehan Syed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 79 | Daniel Rowenhorst | VA | ایالات متحده | Edward Rowenhorst | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | Cedric Pitt Sr. | NC | ایالات متحده | Jacquelyn Sanchez | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 81 | Brian Schrang | FL | ایالات متحده | جرالد پ. شرانگ | فرزند | ایالات متحده | ترضیه خاطر |
| 82 | Kathleen Shagi | NY | ایالات متحده | Michael Shagi | PR | ایالات متحده | ترضیه خاطر/ قتل غیر عمد/صدمه شخصی |
| 83 | Kathleen Shagi | NY | ایالات متحده | Michael Shagi | همسر | ایالات متحده | ترضیه خاطر |
| 84 | Christie Shagi | NY | ایالات متحده | Michael Shagi | فرزند | ایالات متحده | ترضیه خاطر |
| 85 | Nicole Shagi | NY | ایالات متحده | Michael Shagi | فرزند | ایالات متحده | ترضیه خاطر |
| 86 | Tracie Shagi-Uriguen | NY | ایالات متحده | Michael Shagi | فرزند | ایالات متحده | ترضیه خاطر |
| 87 | Ann Smith | VA | ایالات متحده | Gary Smith | همسر | ایالات متحده | ترضیه خاطر |
| 88 | Ann Smith | VA | ایالات متحده | Gary Smith | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 89 | Natalie Smith | UT | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 90 | Kristina Smith | MD | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | وضعیت اقامت خواهان در هنگام اقامه دعوا (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11[1] | شهروندی/تابعیت متوفی 9/11 در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 91 | Mark Smith | VA | ایالات متحده | Gary Smith | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 92 | Annette Smith و Mark Smith به عنوان نمایندگان شخصی ماترک Dorothy Smith | VA | ایالات متحده | Gary Smith | پدر/مادر (متوفی) | ایالات متحده | ترضیه خاطر |
| 93 | Stephan Smith | VA | ایالات متحده | Gary Smith | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 94 | Mason Smith | کلارادو (CO) | ایالات متحده | Gary Smith | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 95 | Michael Trerotola | NJ | ایالات متحده | Lisa Trerotola | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 96 | Michael Trerotola | NJ | ایالات متحده | Lisa Trerotola | همسر | ایالات متحده | ترضیه خاطر |
| 97 | Amanda Trerotola | OH | ایالات متحده | Lisa Trerotola | فرزند | ایالات متحده | ترضیه خاطر |
| 98 | Michael L. Trerotola | NJ | ایالات متحده | Lisa Trerotola | فرزند | ایالات متحده | ترضیه خاطر |
| 99 | Yaseen Syed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 100 | Syed Zeeshan | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    TERRORIST ATTACKS ON<br>    SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

Nicole Amato, individually, as surviving child of
Gary Smith

Barry Amundson, individually, as surviving sibling of
Craig Amundson

Najat Arsenault, individually, as surviving sibling of
Peter Hashem

Grace Brennan, individually, as surviving sibling of
Vincent DiFazio

Ericka Brown, individually, as surviving sibling of
Jacquelyn Sanchez

Tracy Zorpette as Personal Representative of the
Estate of Dorothy Burke, deceased, the late parent of
Brooke Rosenbaum

Yolanda Calderon, individually, as surviving sibling
of Jorge Velazquez

Sasha Cardona, individually, as surviving child of
Jose Cardona

Teresa Cheezum, individually, as surviving child of
Gary Smith

Kim Coleman, individually, as surviving parent of
Jacquelyn Sanchez

Michael Coleman, individually, as surviving sibling
of Jacquelyn Sanchez

Helman Correa, individually, as surviving parent of
Danny Correa-Gutierrez

Ryan John Cove, individually, as surviving child of
James Cove

Civil Docket Number:

_____

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Anane Crandon, individually, as surviving sibling of Uhuru Houston

Efia Crandon, individually, as surviving sibling of Uhuru Houston

Efia Crandon as Personal Representative of the Estate of Estella Crandon, deceased, the late parent of Uhuru Houston

Nolton Davis, Jr., individually, as surviving spouse of Ada Davis

Nolton Davis, Jr., as the Personal Representative of the Estate of Ada Davis, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ada Davis

Robin Davis, individually, as surviving sibling of Edward Rowenhorst

Salvatore DiFazio, individually, as surviving sibling of Vincent DiFazio

Barbara Echtermann as Personal Representative of the Estate of Helmut Echtermann, deceased, the late parent of Margaret Echtermann

Dietrich Echtermann, individually, as surviving sibling of Margaret Echtermann

Heidemarie Echtermann-Toribio, individually, as surviving sibling of Margaret Echtermann

Brenda Fallon, as the Personal Representative of the Estate of William Fallon, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of William Fallon

Brenda Fallon, individually, as surviving spouse of William Fallon

Christopher Fallon, individually, as surviving child of William Fallon

Stephen Fallon, individually, as surviving sibling of William Fallon

2

Donald Fallon, individually, as surviving sibling of William Fallon

Peter Fallon, individually, as surviving sibling of William Fallon

Jacqueline Fanning, individually, as surviving child of John Fanning

Ryan Fanning, individually, as surviving child of John Fanning

Jeremy Fanning, individually, as surviving child of John Fanning

Farhan Syed, individually, as surviving child of Syed Abdul Fatha

Leslie Faulstich, individually, as surviving sibling of Katie McCloskey

Ringo Fernandez, individually, as surviving child of Julio Fernandez

Diane L. Fredericks, individually, as surviving sibling of Andrew Fredericks

Nancy Jean Fredericks, individually, as surviving sibling of Andrew Fredericks

Julie Gardner, individually, as surviving sibling of Katie McCloskey

Wesley Gargano, individually, as surviving sibling of Karen Renda

Jessica Geier, individually, as surviving child of Paul Hamilton Geier

Jessica Geier, as the Personal Representative of the Estate of Paul Hamilton Geier, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Hamilton Geier

docs-100423374.1

Jessica Geier and Nicole Rasanen as the Co-Personal Representatives of the Estate of Eleanor Geier, deceased, the late spouse of Paul Hamilton Geier

Craig Hannan, individually, as surviving sibling of Michael Hannan

Andrea Hannan, as the Personal Representative of the Estate of Michael Hannan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Hannan

Andrea Hannan, individually, as surviving spouse of Michael Hannan

Rachel Hannan, individually, as surviving child of Michael Hannan

Alexandra Hannan, individually, as surviving child of Michael Hannan

Jennifer Muller as Personal Representative of the Estate of  Barbara Hannan, deceased, the late parent of Michael Hannan

Peter Hannan, individually, as surviving sibling of Michael Hannan

Abdo Hashem, individually, as surviving sibling of Peter Hashem

John Doe 99, being intended to designate the Personal Representative of the Estate of Peter Hashem, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Hashem

Najat Arsenault as Personal Representative of the Estate of Rose Sue Hashem, deceased, the late sibling of Peter Hashem

4

Sabah Hashem-Daher, individually, as surviving sibling of Peter Hashem

Susan Hermer, as the Personal Representative of the Estate of Harvey Hermer, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Harvey Hermer

Kyra Houston, individually, as surviving sibling of Uhuru Houston

Teresa Kestenbaum, individually, as surviving sibling of Vincent DiFazio

Banu Khursheed, individually, as surviving child of Syed Abdul Fatha

Timothy Kuveikis, individually, as surviving sibling of Thomas Kuveikis

Kieran Lyons, individually, as surviving sibling of Michael Lyons

Mary Lyons, individually, as surviving child of Michael Lyons

Elaine Lyons, individually, as surviving spouse of Michael Lyons

Elaine Lyons, as the Personal Representative of the Estate of Michael Lyons, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Lyons

Caitlyn Lyons, individually, as surviving child of Michael Lyons

Mirella Matricciano, individually, as surviving parent of Marcellus Matricciano

Umberto Matricciano, individually, as surviving parent of Marcellus Matricciano

Bruno Matricciano, individually, as surviving sibling of Marcellus Matricciano

John Doe 98, being intended to designate the Personal Representative of the Estate of Marcellus Matricciano,

5

deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Marcellus Matricciano

Christine McKee, individually, as surviving sibling of Gary Smith

Najwah Miceli, individually, as surviving sibling of Peter Hashem

Jennifer Muller, individually, as surviving sibling of Michael Hannan

Jamie Nelson, individually, as surviving child of Peter A. Nelson

Christine Peschel, individually, as surviving sibling of Thomas Kuveikis

Cedric Pitt, Jr., individually, as surviving child of Jacquelyn Sanchez

Patricia Quinlan, individually, as surviving sibling of William Fallon

Shelly Ann Ramkhelawan, individually, as surviving child of Vishnoo Ramsaroop

Nadia Ramsaroop, individually, as surviving child of Vishnoo Ramsaroop

Michelle Ramsaroop, individually, as surviving child of Vishnoo Ramsaroop

Reehan Syed, individually, as surviving child of Syed Abdul Fatha

Daniel Rowenhorst, individually, as surviving sibling of Edward Rowenhorst

Cedric Pitt Sr., as the Personal Representatives of the Estate of Jacquelyn Sanchez, deceased, and on behalf

docs-100423374.1

of all survivors and all legally entitled beneficiaries and family members of Jacquelyn Sanchez

Brian Schrang, individually, as surviving child of Gerard P. Schrang

Kathleen Shagi, as the Personal Representative of the Estate of Michael Shagi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Shagi

Kathleen Shagi, individually, as surviving spouse of Michael Shagi

Christie Shagi, individually, as surviving child of Michael Shagi

Nicole Shagi, individually, as surviving child of Michael Shagi

Tracie Shagi-Uriguen, individually, as surviving child of Michael Shagi

Ann Smith, individually, as surviving spouse of Gary Smith

Ann Smith, as the Personal Representative of the Estate of Gary Smith, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gary Smith

Natalie Smith, individually, as surviving child of Gary Smith

Kristina Smith, individually, as surviving child of Gary Smith

Mark Smith, individually, as surviving sibling of Gary Smith

Annette Smith and Mark Smith as Personal Representatives of the Estate of Dorothy Smith, deceased, the late parent of Gary Smith

Stephan Smith, individually, as surviving sibling of Gary Smith

7

Mason Smith, individually, as surviving sibling of Gary Smith

Michael Trerotola, as the Personal Representative of the Estate of Lisa Trerotola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lisa Trerotola

Michael Trerotola, individually, as surviving spouse of Lisa Trerotola

Amanda Trerotola, individually, as surviving child of Lisa Trerotola

Michael L. Trerotola, individually, as surviving child of Lisa Trerotola

Yaseen Syed, individually, as surviving child of Syed Abdul Fatha

Syed Zeeshan, individually, as surviving child of Syed Abdul Fatha

<div align="center">Plaintiff(s),</div>

<div align="center">-against-</div>

Islamic Republic of Iran,

<div align="center">Defendant.</div>

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

<div align="center">8</div>

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at <u>Havlish v. Bin Laden</u>, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.     Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

9

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD) (SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.      In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5. The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein referred to as "Plaintiffs."

a. The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

b. Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c. As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d. For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e. For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f. The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

11

## IDENTIFICATION OF THE DEFENDANT

6.     The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.     By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.     By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.     Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: December 1, 2021

Respectfully submitted,

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

Attorneys for Plaintiffs

docs-100423374.1

## APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1 | Nicole Amato | VA | United States | Gary Smith | Child | United States | Solatium |
| 2 | Barry Amundson | OR | United States | Craig Amundson | Sibling | United States | Solatium |
| 3 | Najat Arsenault | MA | United States | Peter Hashem | Sibling | United States | Solatium |
| 4 | Grace Brennan | NJ | United States | Vincent DiFazio | Sibling | United States | Solatium |
| 5 | Ericka Brown | NY | United States | Jacquelyn Sanchez | Sibling | United States | Solatium |
| 6 | Tracy Zorpette as Personal Representative of the Estate of Dorothy Burke | DC | United States | Brooke Rosenbaum | Parent (Deceased) | United States | Solatium |
| 7 | Yolanda Calderon | NY | United States | Jorge Velazquez | Sibling | United States | Solatium |
| 8 | Sasha Cardona | NY | United States | Jose Cardona | Child | United States | Solatium |
| 9 | Teresa Cheezum | IN | United States | Gary Smith | Child | United States | Solatium |
| 10 | Kim Coleman | NY | United States | Jacquelyn Sanchez | Parent | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the Decedent's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such Decedent as noted in the case caption.

docs-100423374.1

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 11 | Michael Coleman | VA | United States | Jacquelyn Sanchez | Sibling | United States | Solatium |
| 12 | Helman Correa | NJ | TBD | Danny Correa-Gutierrez | Parent | United States | Solatium |
| 13 | Ryan John Cove | Vietnam | United States | James Cove | Child | United States | Solatium |
| 14 | Anane Crandon | NY | United States | Uhuru Houston | Sibling | United States | Solatium |
| 15 | Efia Crandon | NY | United States | Uhuru Houston | Sibling | United States | Solatium |
| 16 | Efia Crandon as Personal Representative of the Estate of Estella Crandon | NY | United States | Uhuru Houston | Parent (deceased) | United States | Solatium |
| 17 | Nolton Davis, Jr. | MD | United States | Ada Davis | Spouse | United States | Solatium |
| 18 | Nolton Davis, Jr. | MD | United States | Ada Davis | PR | United States | Solatium/ Wrongful Death |
| 19 | Robin Davis | IN | United States | Edward Rowenhorst | Sibling | United States | Solatium |
| 20 | Salvatore DiFazio | NJ | United States | Vincent DiFazio | Sibling | United States | Solatium |
| 21 | Barbara Echtermann as Personal Representative of the Estate of Helmut Echtermann | FL | United States | Margaret Echtermann | Parent (Deceased) | United States | Solatium |
| 22 | Dietrich Echtermann | CA | United States | Margaret Echtermann | Sibling | United States | Solatium |
| 23 | Heidemarie Echtermann-Toribio | Singapore | United States | Margaret Echtermann | Sibling | United States | Solatium |
| 24 | Brenda Fallon | NJ | United States | William Fallon | PR | United States | Solatium/ Wrongful Death |

14

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 25 | Brenda Fallon | NJ | United States | William Fallon | Spouse | United States | Solatium |
| 26 | Christopher Fallon | NC | United States | William Fallon | Child | United States | Solatium |
| 27 | Stephen Fallon | IN | United States | William Fallon | Sibling | United States | Solatium |
| 28 | Donald Fallon | NJ | United States | William Fallon | Sibling | United States | Solatium |
| 29 | Peter Fallon | NJ | United States | William Fallon | Sibling | United States | Solatium |
| 30 | Jacqueline Fanning | NY | United States | John Fanning | Child | United States | Solatium |
| 31 | Ryan Fanning | NY | United States | John Fanning | Child | United States | Solatium |
| 32 | Jeremy Fanning | NY | United States | John Fanning | Child | United States | Solatium |
| 33 | Farhan Syed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 34 | Leslie Faulstich | MO | United States | Katie McCloskey | Sibling | United States | Solatium |
| 35 | Ringo Fernandez | NY | United States | Julio Fernandez | Child | United States | Solatium |
| 36 | Diane L. Fredericks | CA | United States | Andrew Fredericks | Sibling | United States | Solatium |
| 37 | Nancy Jean Fredericks | WI | United States | Andrew Fredericks | Sibling | United States | Solatium |
| 38 | Julie Gardner | IN | United States | Katie McCloskey | Sibling | United States | Solatium |
| 39 | Wesley Gargano | NC | United States | Karen Renda | Sibling | United States | Solatium |
| 40 | Jessica Geier | NY | United States | Paul Hamilton Geier | Child | TBD | Solatium |
| 41 | Jessica Geier | NY | United States | Paul Hamilton Geier | PR | TBD | Solatium/ Wrongful Death |

15

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 42 | Jessica Geier and Nicole Rasanen as the Co-Personal Representatives of the Estate of Eleanor Geier | NY | United States | Paul Hamilton Geier | Spouse (deceased) | TBD | Solatium |
| 43 | Craig Hannan | NY | United States | Michael Hannan | Sibling | United States | Solatium |
| 44 | Andrea Hannan | SC | United States | Michael Hannan | PR | United States | Solatium/ Wrongful Death |
| 45 | Andrea Hannan | SC | United States | Michael Hannan | Spouse | United States | Solatium |
| 46 | Rachel Hannan | SC | United States | Michael Hannan | Child | United States | Solatium |
| 47 | Alexandra Hannan | SC | United States | Michael Hannan | Child | United States | Solatium |
| 48 | Jennifer Muller as Personal Representative of the Estate of Barbara Hannan | NY | United States | Michael Hannan | Parent (deceased) | United States | Solatium |
| 49 | Peter Hannan | NY | United States | Michael Hannan | Sibling | United States | Solatium |
| 50 | Abdo Hashem | MA | United States | Peter Hashem | Sibling | United States | Solatium |
| 51 | John Doe 99 | MA | United States | Peter Hashem | PR | United States | Solatium/ Wrongful Death |
| 52 | Najat Arsenault as Personal Representative of the Estate of Rose Sue Hashem | MA | United States | Peter Hashem | Sibling (Deceased) | United States | Solatium |
| 53 | Sabah Hashem-Daher | MA | United States | Peter Hashem | Sibling | United States | Solatium |

16

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 54 | Susan Hermer | NY | United States | Harvey Hermer | PR | United States | Solatium/ Wrongful Death |
| 55 | Kyra Houston | NY | United States | Uhuru Houston | Sibling | United States | Solatium |
| 56 | Teresa Kestenbaum | NJ | United States | Vincent DiFazio | Sibling | United States | Solatium |
| 57 | Banu Khursheed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 58 | Timothy Kuveikis | NY | TBD | Thomas Kuveikis | Sibling | TBD | Solatium |
| 59 | Kieran Lyons | CT | United States | Michael Lyons | Sibling | United States | Solatium |
| 60 | Mary Lyons | NY | United States | Michael Lyons | Child | United States | Solatium |
| 61 | Elaine Lyons | NY | United States | Michael Lyons | Spouse | United States | Solatium |
| 62 | Elaine Lyons | NY | United States | Michael Lyons | PR | United States | Solatium/ Wrongful Death |
| 63 | Caitlyn Lyons | NY | United States | Michael Lyons | Child | United States | Solatium |
| 64 | Mirella Matricciano | NY | United States | Marcellus Matricciano | Parent | United States | Solatium |
| 65 | Umberto Matricciano | NY | Canada | Marcellus Matricciano | Parent | United States | Solatium |
| 66 | Bruno Matricciano | AZ | United States | Marcellus Matricciano | Sibling | United States | Solatium |
| 67 | John Doe 98 | NY | United States | Marcellus Matricciano | PR | United States | Solatium/ Wrongful Death |
| 68 | Christine McKee | AZ | United States | Gary Smith | Sibling | United States | Solatium |
| 69 | Najwah Miceli | MA | United States | Peter Hashem | Sibling | United States | Solatium |
| 70 | Jennifer Muller | NY | United States | Michael Hannan | Sibling | United States | Solatium |
| 71 | Jamie Nelson | NY | United States | Peter A. Nelson | Child | United States | Solatium |

17

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 72 | Christine Peschel | CT | TBD | Thomas Kuveikis | Sibling | TBD | Solatium |
| 73 | Cedric Pitt, Jr. | NC | United States | Jacquelyn Sanchez | Child | United States | Solatium |
| 74 | Patricia Quinlan | VT | United States | William Fallon | Sibling | United States | Solatium |
| 75 | Shelly Ann Ramkhelawan | NY | United States | Vishnoo Ramsaroop | Child | United States | Solatium |
| 76 | Nadia Ramsaroop | NV | United States | Vishnoo Ramsaroop | Child | United States | Solatium |
| 77 | Michelle Ramsaroop | MO | United States | Vishnoo Ramsaroop | Child | United States | Solatium |
| 78 | Reehan Syed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 79 | Daniel Rowenhorst | VA | United States | Edward Rowenhorst | Sibling | United States | Solatium |
| 80 | Cedric Pitt Sr. | NC | United States | Jacquelyn Sanchez | PR | United States | Solatium/ Wrongful Death |
| 81 | Brian Schrang | FL | United States | Gerard P. Schrang | Child | United States | Solatium |
| 82 | Kathleen Shagi | NY | United States | Michael Shagi | PR | United States | Solatium/ Wrongful Death/ Personal Injury |
| 83 | Kathleen Shagi | NY | United States | Michael Shagi | Spouse | United States | Solatium |
| 84 | Christie Shagi | NY | United States | Michael Shagi | Child | United States | Solatium |
| 85 | Nicole Shagi | NY | United States | Michael Shagi | Child | United States | Solatium |
| 86 | Tracie Shagi-Uriguen | NY | United States | Michael Shagi | Child | United States | Solatium |
| 87 | Ann Smith | VA | United States | Gary Smith | Spouse | United States | Solatium |
| 88 | Ann Smith | VA | United States | Gary Smith | PR | United States | Solatium/ Wrongful Death |
| 89 | Natalie Smith | UT | United States | Gary Smith | Child | United States | Solatium |
| 90 | Kristina Smith | MD | United States | Gary Smith | Child | United States | Solatium |

| | Plaintiff's Name (alphabetical by last name) | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Decedent's Full Name | Plaintiff's Relationship to 9/11 Decedent[1] | 9/11 Decedent's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 91 | Mark Smith | VA | United States | Gary Smith | Sibling | United States | Solatium |
| 92 | Annette Smith and Mark Smith as Personal Representatives of the Estate of Dorothy Smith | VA | United States | Gary Smith | Parent (Deceased) | United States | Solatium |
| 93 | Stephan Smith | VA | United States | Gary Smith | Sibling | United States | Solatium |
| 94 | Mason Smith | CO | United States | Gary Smith | Sibling | United States | Solatium |
| 95 | Michael Trerotola | NJ | United States | Lisa Trerotola | PR | United States | Solatium/ Wrongful Death |
| 96 | Michael Trerotola | NJ | United States | Lisa Trerotola | Spouse | United States | Solatium |
| 97 | Amanda Trerotola | OH | United States | Lisa Trerotola | Child | United States | Solatium |
| 98 | Michael L. Trerotola | NJ | United States | Lisa Trerotola | Child | United States | Solatium |
| 99 | Yaseen Syed | India | India | Syed Abdul Fatha | Child | India | Solatium |
| 100 | Syed Zeeshan | India | India | Syed Abdul Fatha | Child | India | Solatium |

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

| | |
|---|---|
| (03-MDL-1570 (GBD)(SN) | عطف<br>به:<br><br>حملات تروریستی 11 سپتامبر 2001 |
| شماره پرونده مدنی: | Nicole Amato، منفرداً، به عنوان فرزند بازمانده Gary Smith |
| ــــــــــــــــــــــ<br><u>فرم کوتاه شکایت از ایران و تقاضای برگزاری<br>محاکمه همراه با هیئت منصفه</u> | Barry Amundson، منفرداً، به عنوان برادر/خواهر بازمانده Craig Amundson |
| | Najat Arsenault، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem |
| | Grace Brennan، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio |
| | Ericka Brown، منفرداً، به عنوان برادر/خواهر بازمانده Jacquelyn Sanchez |
| | Tracy Zorpette به عنوان نماینده شخصی ماترک Dorothy Burke، متوفی، والد متوفای Brooke Rosenbaum |
| | Yolanda Calderon، منفرداً، به عنوان برادر/خواهر بازمانده Jorge Velazquez |
| | Sasha Cardona، منفرداً، به عنوان فرزند بازمانده Jose Cardona |
| | Teresa Cheezum، منفرداً، به عنوان فرزند بازمانده Gary Smith |
| | Kim Coleman، منفرداً، به عنوان والد بازمانده Jacquelyn Sanchez |
| | Michael Coleman، منفرداً، به عنوان برادر/خواهر بازمانده Jacquelyn Sanchez |
| | Helman Correa، منفرداً، به عنوان والد بازمانده Danny Correa-Gutierrez |
| | Ryan John Cove، منفرداً، به عنوان فرزند بازمانده James Cove |

Anane Crandon، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Efia Crandon، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Efia Crandon به عنوان نماینده شخصی ماترک Estella Crandon، متوفی، والد متوفای Uhuru Houston

Nolton Davis, Jr.، منفرداً، به عنوان همسر بازمانده Ada Davis

Nolton Davis, Jr.، به عنوان نماینده شخصی ماترک Ada Davis، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Ada Davis

Robin Davis منفرداً، به عنوان برادر/خواهر بازمانده Edward Rowenhorst

Salvatore DiFazio، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Barbara Echtermann به عنوان وکیل شخصی ماترک Helmut Echtermann، متوفی، والد متوفای Margaret Echtermann

Dietrich Echtermann منفرداً، به عنوان برادر/خواهر بازمانده Margaret Echtermann

Heidemarie Echtermann-Toribio، منفرداً، به عنوان برادر/خواهر بازمانده Margaret Echtermann

Brenda Fallon، به عنوان نماینده شخصی ماترک William Fallon، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده William Fallon

Brenda Fallon، منفرداً، به عنوان همسر بازمانده William Fallon

Christopher Fallon، منفرداً، به عنوان فرزند بازمانده William Fallon

Stephen Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

2

| |
|---|
| Donald Fallonمنفرداً، به عنوان برادر/خواهر بازمانده William Fallon |
| Peter Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon |
| Jacqueline Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning |
| Ryan Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning |
| Jeremy Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning |
| Farhan Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha |
| Leslie Faulstich، منفرداً، به عنوان برادر/خواهر بازمانده Katie McCloskey |
| Ringo Fernandez، منفرداً، به عنوان فرزند بازمانده Julio Fernandez |
| Diane L. Fredericksمنفرداً، به عنوان برادر/خواهر بازمانده Andrew Fredericks |
| Nancy Jean Fredericksمنفرداً، به عنوان برادر/خواهر بازمانده Andrew Fredericks |
| Julie Gardnerمنفرداً، به عنوان برادر/خواهر بازمانده Katie McCloskey |
| Wesley Garganoمنفرداً، به عنوان برادر/خواهر بازمانده Karen Renda |
| Jessica Geier, individuallyمنفرداً، به عنوان فرزند بازمانده Paul Hamilton Geier |
| Jessica Geier، به عنوان نماینده شخصی ماترک Paul Hamilton Geier، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Paul Hamilton Geier |

3

Jessica Geier و Nicole Rasanen به عنوان نمایندگان شخصی مشترک ماترک Eleanor Geier، متوفی، همسر متوفای Paul Hamilton Geier

Craig Hannan، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Andrea Hannan، به عنوان نماینده شخصی ماترک Michael Hannan، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Hannan

Andrea Hannan، منفرداً، به عنوان همسر بازمانده Michael Hannan

Rachel Hannan، منفرداً، به عنوان فرزند بازمانده Michael Hannan

Alexandra Hannan، منفرداً، به عنوان فرزند بازمانده Michael Hannan

Jennifer Muller به عنوان نماینده شخصی ماترک Barbara Hannan، متوفی، والد متوفای Michael Hannan

Peter Hannan، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Abdo Hashem، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

John Doe 99، که قصد دارد نماینده شخصی ماترک Peter Hashem، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Peter Hashem

Najat Arsenault به عنوان نماینده شخصی ماترک Rose Sue Hashem، متوفی، برادر/خواهر متوفای Peter Hashem

4

Sabah Hashem-Daher، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Susan Hermer، به عنوان نماینده شخصی ماترک Harvey Hermer، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Harvey Hermer

Kyra Houston منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Teresa Kestenbaum منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Banu Khursheed منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Timothy Kuveikis منفرداً، به عنوان برادر/خواهر بازمانده Thomas Kuveikis

Kieran Lyons منفرداً، به عنوان برادر/خواهر بازمانده Michael Lyons

Mary Lyons منفرداً، به عنوان فرزند بازمانده Michael Lyons

Elaine Lyons منفرداً، به عنوان همسر بازمانده Michael Lyons

Elaine Lyons، به عنوان نماینده شخصی ماترک Michael Lyons، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Lyons

Caitlyn Lyons منفرداً، به عنوان فرزند بازمانده Michael Lyons

Mirella Matricciano منفرداً، به عنوان والد بازمانده Marcellus Matricciano

Umberto Matricciano منفرداً، به عنوان والد بازمانده Marcellus Matricciano

Bruno Matricciano منفرداً، به عنوان برادر/خواهر بازمانده Marcellus Matricciano

John Doe 98، که قصد دارد نماینده شخصی ورثه Marcellus Matricciano، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف

5

تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Marcellus
Matricciano

منفرداً، به عنوان برادر/خواهر بازمانده Christine McKee
Gary Smith

منفرداً، به عنوان برادر/خواهر بازمانده Najwah Miceli
Peter Hashem

منفرداً، به عنوان برادر/خواهر بازمانده Jennifer Muller
Michael Hannan

منفرداً، به عنوان فرزند بازمانده Jamie Nelson
Peter A. Nelson

منفرداً، به عنوان برادر/خواهر بازمانده Christine Peschel
Thomas Kuveikis

منفرداً، به عنوان فرزند بازمانده Cedric Pitt, Jr.
Jacquelyn Sanchez

منفرداً، به عنوان برادر/خواهر بازمانده Patricia Quinlan
William Fallon

منفرداً، به عنوان فرزند بازمانده Shelly Ann Ramkhelawan
Vishnoo Ramsaroop

منفرداً، به عنوان فرزند بازمانده Nadia Ramsaroop
Vishnoo Ramsaroop

منفرداً، به عنوان فرزند بازمانده Michelle Ramsaroop
Vishnoo Ramsaroop

منفرداً، به عنوان فرزند بازمانده Reehan Syed
Syed Abdul Fatha

منفرداً، به عنوان برادر/خواهر بازمانده Daniel Rowenhorst
Edward Rowenhorst

به عنوان نماینده شخصی ماترک Cedric Pitt Sr.
Jacquelyn Sanchez، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و
اعضای خانواده Jacquelyn Sanchez

6

Brian Schrang، منفرداً، به عنوان فرزند بازمانده  .Gerard P
Schrang

Michael ماترک شخصی نماینده عنوان به ،Kathleen Shagi
و قانونی ذینفعان و بازماندگان تمام طرف از و متوفی ،Shagi
Michael Shagi خانواده اعضای

Michael بازمانده همسر عنوان به ،منفرداً ،Kathleen Shagi
Shagi

Michael بازمانده فرزند عنوان به ،منفرداً ،Christie Shagi
Shagi

Michael بازمانده فرزند عنوان به ،منفرداً ،Nicole Shagi
Shagi

بازمانده فرزند عنوان به ،منفرداً ،Tracie Shagi-Uriguen
Michael Shagi

Gary Smith بازمانده همسر عنوان به ،منفرداً ،Ann Smith

،Gary Smith ماترک شخصی نماینده عنوان به ،Ann Smith
اعضای و قانونی ذینفعان و بازماندگان تمام طرف از و متوفی
Gary Smith خانواده

Gary Smith بازمانده فرزند عنوان به ،منفرداً ،Natalie Smith

Gary Smith بازمانده فرزند عنوان به ،منفرداً ،Kristina Smith

Gary بازمانده خواهر/برادر عنوان به ،منفرداً ،Mark Smith
Smith

شخصی نمایندگان عنوان به Mark Smith و Annette Smith
Gary Smith متوفای والد ،متوفی ،Dorothy Smith ماترک

Gary بازمانده خواهر/برادر عنوان به ،منفرداً ،Stephan Smith
Smith

7

Gary ‏، منفرداً، به عنوان برادر/خواهر بازمانده Mason Smith
Smith

Lisa ‏، به عنوان نماینده شخصی ماترک Michael Trerotola
Trerotola، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و
اعضای خانواده Lisa Trerotola

Lisa ‏، منفرداً، به عنوان همسر بازمانده Michael Trerotola
Trerotola

Lisa ‏، منفرداً، به عنوان فرزند بازمانده Amanda Trerotola
Trerotola

Lisa ‏، منفرداً، به عنوان فرزند بازمانده Michael L. Trerotola
Trerotola

Syed Abdul ‏، منفرداً، به عنوان فرزند بازمانده Yaseen Syed
Fatha

Syed Abdul ‏، منفرداً، به عنوان فرزند بازمانده Syed Zeeshan
Fatha

خواهان(ها)،

-علیه-

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده

جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001")

ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هر یک

از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها

بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری

اسلامی ایران، شماره 9903-CV-15 (GBD)(SN) (S.D.N.Y. تاریخ 8 فوریه (2016)، ECF شماره 53.

8

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولیش علیه بن لادن، به شماره ECF (S.D.N.Y.) (GBD)(SN) 1:03-CV-9848، شماره‌های 263، 294، 295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده ECF (S.D.N.Y.) (GBD)(SN) 03-MDL-1570، شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

### مکان

1.   این منطقه بر اساس 28 مجموعه قوانین ایالات متحده آمریکا §§ 1391(b)(2) و 1391(f)(1))، به عنوان جزیی بنیادی از رویدادهای زمینه‌ساز دعاوی مطرح شده در اینجا که در این منطقه رخ داد است، برای رسیدگی به این دعوا مناسب است. همچنین محل اقامه دعوی در این ناحیه براساس 18 مجموعه قوانین ایالات متحده آمریکا § 2334(a) مناسب است.

### صلاحیت قضایی دادگاه

2.   صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به 28 مجموعه قوانین ایالات متحده آمریکا § 1605(a) (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 28 مجموعه قوانین ایالات متحده آمریکا § 1605A (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و 28 مجموعه قوانین ایالات متحده آمریکا § 1605B (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

### علت اقدام

3.   بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [ فقط یک شکایت را علامت بزنید]:

9

☐ شکایت تجمیعی اصلاح شده خواهان‌ها <u>بیمه فدرال</u> و <u>اشتون</u> علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، <u>Burnett</u> علیه جمهوری اسلامی ایران، شماره (SN)(GBD) 9903-CV-15 (S.D.N.Y. 8 فوریه 2016), ECF شماره 53

4. به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 1605B § مجموعه قوانین ایالات متحده آمریکا 28 مجموعه قوانین ایالات متحده آمریکا (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 18 مجموعه قوانین ایالات متحده آمریکا 2333 § و *ادامه آن.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده <u>هاولیش</u> که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § U.S.C. 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § U.S.C. 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب § U.S.C. 18 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 2333 § U.S.C. 18 *et seq* بوده است.

☐ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. 28 1605B § (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § U.S.C. 18 و *ادامه آن.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده <u>هاولیش</u> که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § U.S.C. 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § U.S.C. 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب § U.S.C. 18 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 2333 § U.S.C. 18 *et seq* بوده است.

docs-100423374.1

**شناسایی خواهان‌های جدید**

5. ‏اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه

در ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a. ‏شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b. ‏خواهان مشمول دریافت خسارت شده در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. ‏همان‌گونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

d. ‏در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر به‌طور مشخص در ضمیمه 1 ذکر گردیده است.

e. ‏در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا همان‌گونه که در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f. ‏نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

11

**هویت خوانده**

6. تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7. خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی علیه هر یک از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8. خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه:**

9. بدین‌وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند.

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به صورت مقتضی دارند.

تاریخ: 1 دسامبر 2021

تقدیم با احترام،

_/امضا/ جری اس. گلدمن (Jerry S. Goldman)_

وکیل دعاوی جری اس. گلدمن

بروس استرانگ، وکیل دعاوی

Alexander Greene, Esq.

اندرسون کیل (.Anderson Kill P.C)

1251 Avenue of the Americas

New York, NY 10020

تلفن: (1000-278 212)

jgoldman@andersonkill.com

bstrong@andersonkill.com

agreene@andersonkill.com

_وکلای خواهان‌ها_

12

**ضمیمه 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از

ایران است که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2

ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | 9/11 نام کامل متوفی | نسبت خواهان با متوفی 9/11 [1] | 9/11 شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 1 | Nicole Amato | VA | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 2 | Barry Amundson | OR | ایالات متحده | Craig Amundson | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 3 | Najat Arsenault | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 4 | Grace Brennan | NJ | ایالات متحده | Vincent DiFazio | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5 | Ericka Brown | NY | ایالات متحده | Jacquelyn Sanchez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 6 | Tracy Zorpette به عنوان نماینده شخصی ماترک Dorothy Burke | DC | ایالات متحده | Brooke Rosenbaum | پدر/مادر (متوفی) | ایالات متحده | ترضیه خاطر |
| 7 | Yolanda Calderon | NY | ایالات متحده | Jorge Velazquez | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 8 | Sasha Cardona | NY | ایالات متحده | Jose Cardona | فرزند | ایالات متحده | ترضیه خاطر |
| 9 | Teresa Cheezum | IN | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 10 | Kim Coleman | NY | ایالات متحده | Jacquelyn Sanchez | والد | ایالات متحده | ترضیه خاطر |
| 11 | Michael Coleman | VA | ایالات متحده | Jacquelyn Sanchez | برادر/خواهر | ایالات متحده | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده متوفای مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

13

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 12 | Helman Correa | NJ | TBD | Danny Correa-Gutierrez | والد | ایالات متحده | ترضیه خاطر |
| .13 | Ryan John Cove | ویتنام | ایالات متحده | فرانسیس کاو (James Cove) | فرزند | ایالات متحده | ترضیه خاطر |
| 14 | Anane Crandon | NY | ایالات متحده | Uhuru Houston | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15 | Efia Crandon | NY | ایالات متحده | Uhuru Houston | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16 | Efia Crandon به عنوان نماینده شخصی ماترک Estella Crandon | NY | ایالات متحده | Uhuru Houston | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 17 | Nolton Davis, Jr. | MD | ایالات متحده | Ada Davis | همسر | ایالات متحده | ترضیه خاطر |
| 18 | Nolton Davis, Jr. | MD | ایالات متحده | Ada Davis | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 19 | Robin Davis | IN | ایالات متحده | ادوارد روونهورست | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 20 | Salvatore DiFazio | NJ | ایالات متحده | Vincent DiFazio | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21 | Barbara Echtermann به عنوان وکیل شخصی ماترک Helmut Echtermann | FL | ایالات متحده | Margaret Echtermann | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 22 | Dietrich Echtermann | CA | ایالات متحده | Margaret Echtermann | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 23 | Heidemarie Echtermann-Toribio | سنگاپور | ایالات متحده | Margaret Echtermann | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24 | Brenda Fallon | NJ | ایالات متحده | William Fallon | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |

14

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی در تاریخ 9/11/01 9/11 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 25 | Brenda Fallon | NJ | ایالات متحده | William Fallon | همسر | ایالات متحده | ترضیه خاطر |
| 26 | Christopher Fallon | کارولینای شمالی(NC) | ایالات متحده | William Fallon | فرزند | ایالات متحده | ترضیه خاطر |
| 27 | Stephen Fallon | IN | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 28 | Donald Fallon | NJ | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 29 | Peter Fallon | NJ | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 30 | Jacqueline Fanning | NY | ایالات متحده | John Fanning | فرزند | ایالات متحده | ترضیه خاطر |
| 31 | Ryan Fanning | NY | ایالات متحده | John Fanning | فرزند | ایالات متحده | ترضیه خاطر |
| 32 | Jeremy Fanning | NY | ایالات متحده | John Fanning | فرزند | ایالات متحده | ترضیه خاطر |
| 33 | Farhan Syed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 34 | Leslie Faulstich | میسوری (MO) | ایالات متحده | Katie McCloskey | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 35 | Ringo Fernandez | NY | ایالات متحده | Julio Fernandez | فرزند | ایالات متحده | ترضیه خاطر |
| 36 | Diane L. Fredericks | CA | ایالات متحده | اندرو فردریک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 37 | Nancy Jean Fredericks | ویسکانسین (WI) | ایالات متحده | اندرو فردریک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 38 | Julie Gardner | IN | ایالات متحده | Katie McCloskey | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 39 | Wesley Gargano | کارولینای شمالی(NC) | ایالات متحده | Karen Renda | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 40 | Jessica Geier | NY | ایالات متحده | Paul Hamilton Geier | فرزند | TBD | ترضیه خاطر |
| 41 | Jessica Geier | NY | ایالات متحده | Paul Hamilton Geier | PR | TBD | ترضیه خاطر / جراحت شخصی |

15

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 42 | Jessica Geier و Nicole Rasanen به عنوان نمایندگان شخصی مشترک ماترک Eleanor Geier | NY | ایالات متحده | Paul Hamilton Geier | همسر (متوفی) | TBD | ترضیه خاطر |
| 43 | Craig Hannan | NY | ایالات متحده | Michael Hannan | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 44 | Andrea Hannan | کارولینای جنوبی(SC) | ایالات متحده | Michael Hannan | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 45 | Andrea Hannan | کارولینای جنوبی (SC) | ایالات متحده | Michael Hannan | همسر | ایالات متحده | ترضیه خاطر |
| 46 | Rachel Hannan | کارولینای جنوبی(SC) | ایالات متحده | Michael Hannan | فرزند | ایالات متحده | ترضیه خاطر |
| 47 | Alexandra Hannan | کارولینای جنوبی(SC) | ایالات متحده | Michael Hannan | فرزند | ایالات متحده | ترضیه خاطر |
| 48 | Jennifer Muller ، به عنوان نماینده شخصی ماترک Barbara Hannan | NY | ایالات متحده | Michael Hannan | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 49 | Peter Hannan | NY | ایالات متحده | Michael Hannan | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 50 | Abdo Hashem | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51 | John Doe 99 | MA | ایالات متحده | Peter Hashem | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 52 | Najat Arsenault به عنوان نماینده شخصی ماترک Rose Sue Hashem | MA | ایالات متحده | Peter Hashem | خواهر/برادر (متوفی) | ایالات متحده | ترضیه خاطر |
| 53 | Sabah Hashem-Daher | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |

16

docs-100423374.1

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 54 | Susan Hermer | NY | ایالات متحده | Harvey Hermer | PR | | ترضیه خاطر/ جراحت شخصی |
| 55 | Kyra Houston | NY | ایالات متحده | Uhuru Houston | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 56 | Teresa Kestenbaum | NJ | ایالات متحده | Vincent DiFazio | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 57 | Banu Khursheed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 58 | Timothy Kuveikis | NY | TBD | Thomas Kuveikis | برادر/خواهر | TBD | ترضیه خاطر |
| 59 | Kieran Lyons | CT | ایالات متحده | Michael Lyons | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 60 | Mary Lyons | NY | ایالات متحده | Michael Lyons | فرزند | ایالات متحده | ترضیه خاطر |
| 61 | Elaine Lyons | NY | ایالات متحده | Michael Lyons | همسر | ایالات متحده | ترضیه خاطر |
| 62 | Elaine Lyons | NY | ایالات متحده | Michael Lyons | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 63 | Caitlyn Lyons | NY | ایالات متحده | Michael Lyons | فرزند | ایالات متحده | ترضیه خاطر |
| 64 | Mirella Matricciano | NY | ایالات متحده | Marcellus Matricciano | والد | ایالات متحده | ترضیه خاطر |
| 65 | Umberto Matricciano | NY | کانادا | Marcellus Matricciano | والد | ایالات متحده | ترضیه خاطر |
| 66 | Bruno Matricciano | AZ | ایالات متحده | Marcellus Matricciano | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 67 | John Doe 98 | NY | ایالات متحده | Marcellus Matricciano | PR | ایالات متحده | ترضیه خاطر/ جراحت شخصی |
| 68 | Christine McKee | AZ | ایالات متحده | Gary Smith | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 69 | Najwah Miceli | MA | ایالات متحده | Peter Hashem | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 70 | Jennifer Muller | NY | ایالات متحده | Michael Hannan | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 71 | Jamie Nelson | NY | ایالات متحده | Peter A. Nelson | فرزند | ایالات متحده | ترضیه خاطر |

17

| | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل متوفی 9/11 | نسبت خواهان با متوفی 9/11 [1] | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 72 | Christine Peschel | CT | TBD | Thomas Kuveikis | برادر/خواهر | TBD | ترضیه خاطر |
| 73 | Cedric Pitt, Jr. | کارولینای شمالی (NC) | ایالات متحده | Jacquelyn Sanchez | فرزند | ایالات متحده | ترضیه خاطر |
| 74 | Patricia Quinlan | ورمونت (VT) | ایالات متحده | William Fallon | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 75 | Shelly Ann Ramkhelawan | NY | ایالات متحده | Vishnoo Ramsaroop | فرزند | ایالات متحده | ترضیه خاطر |
| 76 | Nadia Ramsaroop | NV | ایالات متحده | Vishnoo Ramsaroop | فرزند | ایالات متحده | ترضیه خاطر |
| 77 | Michelle Ramsaroop | میسوری (MO) | ایالات متحده | Vishnoo Ramsaroop | فرزند | ایالات متحده | ترضیه خاطر |
| 78 | Reehan Syed | هندوستان | هندوستان | Syed Abdul Fatha | فرزند | هندوستان | ترضیه خاطر |
| 79 | Daniel Rowenhorst | VA | ایالات متحده | ادوارد روونهورست | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 80 | Cedric Pitt Sr. | کارولینای شمالی (NC) | ایالات متحده | Jacquelyn Sanchez | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 81 | Brian Schrang | FL | ایالات متحده | جرالد ب. شرانگ | فرزند | ایالات متحده | ترضیه خاطر |
| 82 | Kathleen Shagi | NY | ایالات متحده | Michael Shagi | PR | ایالات متحده | ترضیه خاطر / قتل غیرعمد/صدمه شخصی |
| 83 | Kathleen Shagi | NY | ایالات متحده | Michael Shagi | همسر | ایالات متحده | ترضیه خاطر |
| 84 | Christie Shagi | NY | ایالات متحده | Michael Shagi | فرزند | ایالات متحده | ترضیه خاطر |
| 85 | Nicole Shagi | NY | ایالات متحده | Michael Shagi | فرزند | ایالات متحده | ترضیه خاطر |
| 86 | Tracie Shagi-Uriguen | NY | ایالات متحده | Michael Shagi | فرزند | ایالات متحده | ترضیه خاطر |
| 87 | Ann Smith | VA | ایالات متحده | Gary Smith | همسر | ایالات متحده | ترضیه خاطر |
| 88 | Ann Smith | VA | ایالات متحده | Gary Smith | PR | ایالات متحده | ترضیه خاطر / جراحت شخصی |
| 89 | Natalie Smith | UT | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 90 | Kristina Smith | MD | ایالات متحده | Gary Smith | فرزند | ایالات متحده | ترضیه خاطر |
| 91 | Mark Smith | VA | ایالات متحده | Gary Smith | برادر/خواهر | ایالات متحده | ترضیه خاطر |

18

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/تابعیت متوفی در تاریخ 9/11/01 | نسبت خواهان با متوفی 9/11 [1] | نام کامل متوفی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان (به ترتیب حروف الفبای نام خانوادگی) | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | پدر/مادر (متوفی) | Gary Smith | ایالات متحده | VA | Annette Smith و Mark Smith به عنوان نمایندگان شخصی ماترک Dorothy Smith | 92 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Gary Smith | ایالات متحده | VA | Stephan Smith | 93 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | Gary Smith | ایالات متحده | کلرادو | Mason Smith | 94 |
| ترضیه خاطر/ جراحت شخصی | ایالات متحده | PR | Lisa Trerotola | ایالات متحده | NJ | Michael Trerotola | 95 |
| ترضیه خاطر | ایالات متحده | همسر | Lisa Trerotola | ایالات متحده | NJ | Michael Trerotola | 96 |
| ترضیه خاطر | ایالات متحده | فرزند | Lisa Trerotola | ایالات متحده | OH | Amanda Trerotola | 97 |
| ترضیه خاطر | ایالات متحده | فرزند | Lisa Trerotola | ایالات متحده | NJ | Michael L. Trerotola | 98 |
| ترضیه خاطر | هندوستان | فرزند | Syed Abdul Fatha | هندوستان | هندوستان | Yaseen Syed | 99 |
| ترضیه خاطر | هندوستان | فرزند | Syed Abdul Fatha | هندوستان | هندوستان | Syed Zeeshan | 100 |

19

IH-32                                                                                    Rev: 2014-1

# United States District Court
### for the
## Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

Nicole Amato, et al. (see appendix)

|  |  |
|---|---|
| Plaintiff | Case Number |
| vs. | |
| Islamic Republic of Iran | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks on September 11, 2001

|  |  |
|---|---|
| Plaintiff | Case Number |
| vs. | Case Numbers: 03 MDL 1570 (GBD) (SN) |
| Defendant | |

Rev: 2014-1

Status of Earlier Filed Case:

| ☐ Closed | (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.) |
| ☑ Open | (If so, set forth procedural status and summarize any court rulings.) |

Partial and/or full summary judgment as to Defendant Islamic Republic of Iran has been granted and ordered for select plaintiffs. This matter is still ongoing. On October 28, 2019, the Court entered an Order approving the "Iran Short Form Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-SN).

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This is also a September 11th case for wrongful death and solatium against sponsors of terrorism, as the Defendant Islamic Republic of Iran is involved in the related MDL action. We are seeking similar relief in the form of damages from the Defendant. The Plaintiffs herein intend to participate in the underlying litigations as to the other defendants in due course.

This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The Republic of Iraq, et al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own right as the Parent of Thomas E. Burnett, Jr., Deceased, et al. v. The Islamic Republic of Iran, et al., 15-cv-09903-GBD-SN; and Kathleen Ashton et al. v. al Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The instant complaint is being filed in accordance with the Court's directives of October 28, 2019, ECF No. 5234 in 1:03-md-01570-GBD-SN.

Signature: **/s/ Jerry S. Goldman**          Date: December 1, 2021
Anderson Kill P.C.

Firm: _____

## **APPENDIX**

Nicole Amato, individually, as surviving child of Gary Smith

Barry Amundson, individually, as surviving sibling of Craig Amundson

Najat Arsenault, individually, as surviving sibling of Peter Hashem

Grace Brennan, individually, as surviving sibling of Vincent DiFazio

Ericka Brown, individually, as surviving sibling of Jacquelyn Sanchez

Tracy Zorpette as Personal Representative of the Estate of Dorothy Burke, deceased, the late parent of Brooke Rosenbaum

Yolanda Calderon, individually, as surviving sibling of Jorge Velazquez

Sasha Cardona, individually, as surviving child of Jose Cardona

Teresa Cheezum, individually, as surviving child of Gary Smith

Kim Coleman, individually, as surviving parent of Jacquelyn Sanchez

Michael Coleman, individually, as surviving sibling of Jacquelyn Sanchez

Helman Correa, individually, as surviving parent of Danny Correa-Gutierrez

Ryan John Cove, individually, as surviving child of James Cove

Anane Crandon, individually, as surviving sibling of Uhuru Houston

Efia Crandon, individually, as surviving sibling of Uhuru Houston

Efia Crandon as Personal Representative of the Estate of Estella Crandon, deceased, the late parent of Uhuru Houston

Nolton Davis, Jr., individually, as surviving spouse of Ada Davis

Nolton Davis, Jr., as the Personal Representative of the Estate of Ada Davis, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ada Davis

Robin Davis, individually, as surviving sibling of Edward Rowenhorst

Salvatore DiFazio, individually, as surviving sibling of Vincent DiFazio

Barbara Echtermann as Personal Representative of the Estate of Helmut Echtermann, deceased, the late parent of Margaret Echtermann

Dietrich Echtermann, individually, as surviving sibling of Margaret Echtermann

Heidemarie Echtermann-Toribio, individually, as surviving sibling of Margaret Echtermann

Brenda Fallon, as the Personal Representative of the Estate of William Fallon, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of William Fallon

Brenda Fallon, individually, as surviving spouse of William Fallon

Christopher Fallon, individually, as surviving child of William Fallon

Stephen Fallon, individually, as surviving sibling of William Fallon

Donald Fallon, individually, as surviving sibling of William Fallon

Peter Fallon, individually, as surviving sibling of William Fallon

Jacqueline Fanning, individually, as surviving child of John Fanning

Ryan Fanning, individually, as surviving child of John Fanning

Jeremy Fanning, individually, as surviving child of John Fanning

Farhan Syed, individually, as surviving child of Syed Abdul Fatha

Leslie Faulstich, individually, as surviving sibling of Katie McCloskey

Ringo Fernandez, individually, as surviving child of Julio Fernandez

Diane L. Fredericks, individually, as surviving sibling of Andrew Fredericks

Nancy Jean Fredericks, individually, as surviving sibling of Andrew Fredericks

Julie Gardner, individually, as surviving sibling of Katie McCloskey

Wesley Gargano, individually, as surviving sibling of Karen Renda

Jessica Geier, individually, as surviving child of Paul Hamilton Geier

Jessica Geier, as the Personal Representative of the Estate of Paul Hamilton Geier, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Hamilton Geier

Jessica Geier and Nicole Rasanen as the Co-Personal Representatives of the Estate of Eleanor Geier, deceased, the late spouse of Paul Hamilton Geier

Craig Hannan, individually, as surviving sibling of Michael Hannan

Andrea Hannan, as the Personal Representative of the Estate of Michael Hannan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Hannan

Andrea Hannan, individually, as surviving spouse of Michael Hannan

Rachel Hannan, individually, as surviving child of Michael Hannan

Alexandra Hannan, individually, as surviving child of Michael Hannan

Jennifer Muller as Personal Representative of the Estate of Barbara Hannan, deceased, the late parent of Michael Hannan

Peter Hannan, individually, as surviving sibling of Michael Hannan

Abdo Hashem, individually, as surviving sibling of Peter Hashem

John Doe 99, being intended to designate the Personal Representative of the Estate of Peter Hashem, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Hashem

Najat Arsenault as Personal Representative of the Estate of Rose Sue Hashem, deceased, the late sibling of Peter Hashem

Sabah Hashem-Daher, individually, as surviving sibling of Peter Hashem

Susan Hermer, as the Personal Representative of the Estate of Harvey Hermer, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Harvey Hermer

Kyra Houston, individually, as surviving sibling of Uhuru Houston

Teresa Kestenbaum, individually, as surviving sibling of Vincent DiFazio

Banu Khursheed, individually, as surviving child of Syed Abdul Fatha

Timothy Kuveikis, individually, as surviving sibling of Thomas Kuveikis

Kieran Lyons, individually, as surviving sibling of Michael Lyons

Mary Lyons, individually, as surviving child of Michael Lyons

Elaine Lyons, individually, as surviving spouse of Michael Lyons

Elaine Lyons, as the Personal Representative of the Estate of Michael Lyons, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Lyons

Caitlyn Lyons, individually, as surviving child of Michael Lyons

Mirella Matricciano, individually, as surviving parent of Marcellus Matricciano

Umberto Matricciano, individually, as surviving parent of Marcellus Matricciano

Bruno Matricciano, individually, as surviving sibling of Marcellus Matricciano

John Doe 98, being intended to designate the Personal Representative of the Estate of Marcellus Matricciano, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Marcellus Matricciano

Christine McKee, individually, as surviving sibling of Gary Smith

Najwah Miceli, individually, as surviving sibling of Peter Hashem

Jennifer Muller, individually, as surviving sibling of Michael Hannan

Jamie Nelson, individually, as surviving child of Peter A. Nelson

Christine Peschel, individually, as surviving sibling of Thomas Kuveikis

Cedric Pitt, Jr., individually, as surviving child of Jacquelyn Sanchez

Patricia Quinlan, individually, as surviving sibling of William Fallon

Shelly Ann Ramkhelawan, individually, as surviving child of Vishnoo Ramsaroop

Nadia Ramsaroop, individually, as surviving child of Vishnoo Ramsaroop

Michelle Ramsaroop, individually, as surviving child of Vishnoo Ramsaroop

Reehan Syed, individually, as surviving child of Syed Abdul Fatha

Daniel Rowenhorst, individually, as surviving sibling of Edward Rowenhorst

Cedric Pitt Sr., as the Personal Representatives of the Estate of Jacquelyn Sanchez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jacquelyn Sanchez

Brian Schrang, individually, as surviving child of Gerard P. Schrang

Kathleen Shagi, as the Personal Representative of the Estate of Michael Shagi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Shagi

Kathleen Shagi, individually, as surviving spouse of Michael Shagi

Christie Shagi, individually, as surviving child of Michael Shagi

Nicole Shagi, individually, as surviving child of Michael Shagi

Tracie Shagi-Uriguen, individually, as surviving child of Michael Shagi

Ann Smith, individually, as surviving spouse of Gary Smith

Ann Smith, as the Personal Representative of the Estate of Gary Smith, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gary Smith

Natalie Smith, individually, as surviving child of Gary Smith

Kristina Smith, individually, as surviving child of Gary Smith

Mark Smith, individually, as surviving sibling of Gary Smith

Annette Smith and Mark Smith as Personal Representatives of the Estate of Dorothy Smith, deceased, the late parent of Gary Smith

Stephan Smith, individually, as surviving sibling of Gary Smith

Mason Smith, individually, as surviving sibling of Gary Smith

Michael Trerotola, as the Personal Representative of the Estate of Lisa Trerotola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lisa Trerotola

Michael Trerotola, individually, as surviving spouse of Lisa Trerotola

Amanda Trerotola, individually, as surviving child of Lisa Trerotola

Michael L. Trerotola, individually, as surviving child of Lisa Trerotola

Yaseen Syed, individually, as surviving child of Syed Abdul Fatha

Syed Zeeshan, individually, as surviving child of Syed Abdul Fatha

# دادگاه ناحیه‌ای ایالات متحده

برای

# ناحیه جنوب نیویورک

پرونده‌های مرتبط اظهارات

---

عنوان کامل پرونده بعداً ارائه شده:

NICOLE AMATO و دیگران (به ضمیمه مراجعه کنید)

| | |
|---|---|
| شماره پرونده | خواهان |
| | علیه |
| | جمهوری اسلامی ایران |
| | خوانده |

عنوان کامل پرونده ارائه شده قبلی:

(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگی‌های مربوطه)

عطف به حملات تروریستی 11 سپتامبر 2001

| | |
|---|---|
| شماره پرونده | خواهان |
| شماره پرونده: (SN) (GBD) 1570 MDL 03) | علیه |
| | خوانده |

وضعیت پرونده ارائه شده قبلی:

☐ مختومه (در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بررسی است یا خیر.)

☑ باز (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است. (نگاه کنید به ECF شماره 5234 در 1:03-md-01570-GBD- SN).

دلایل موضع خود را مبنی بر اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.

همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه خاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است. همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به پرونده جان پاتریک اونیل سنیور و دیگران علیه جمهوری عراق و دیگران، -04-1076 GBD-SN؛ توماس ای. برنت سنیور به عنوان والد توماس ای. برنت جونیور، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران، 15-cv-09903-GBD-SN؛ و کاتلین اشتون و دیگران علیه ارتش اسلامی القاعده و دیگران، -02-cv 06977-GBD-FM. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر 2019 ECF شماره 5234 در -1:03-md 01570-GBD-SN مطرح شده است.

امضا: /امضا/ جری اس. گلدمن

تاریخ: 1 دسامبر 2021

شرکت حقوقی: Anderson Kill P.C.

### ضمیمه

Nicole Amato، منفرداً، به عنوان فرزند بازمانده Gary Smith

Barry Amundson، منفرداً، به عنوان برادر/خواهر بازمانده Craig Amundson

Najat Arsenault، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Grace Brennan، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Ericka Brown، منفرداً، به عنوان برادر/خواهر بازمانده Jacquelyn Sanchez

Tracy Zorpette به عنوان نماینده شخصی ماترک Dorothy Burke، متوفی، والد متوفای Brooke Rosenbaum

Yolanda Calderon، منفرداً، به عنوان برادر/خواهر بازمانده Jorge Velazquez

Sasha Cardona، منفرداً، به عنوان فرزند بازمانده Jose Cardona

Teresa Cheezum، منفرداً، به عنوان فرزند بازمانده Gary Smith

Kim Coleman، منفرداً، به عنوان والد بازمانده Jacquelyn Sanchez

Michael Coleman، منفرداً، به عنوان برادر/خواهر بازمانده Jacquelyn Sanchez

Helman Correa، منفرداً، به عنوان والد بازمانده Danny Correa-Gutierrez

Ryan John Cove، منفرداً، به عنوان فرزند بازمانده James Cove

Anane Crandon، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Efia Crandon، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Efia Crandon به عنوان نماینده شخصی ماترک Estella Crandon، متوفی، والد متوفای Uhuru Houston

Nolton Davis, Jr.، منفرداً، به عنوان همسر بازمانده Ada Davis

Nolton Davis, Jr.، به عنوان نماینده شخصی ماترک Ada Davis، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Ada Davis

Robin Davis، منفرداً، به عنوان برادر/خواهر بازمانده Edward Rowenhorst

Salvatore DiFazio، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Barbara Echtermann به عنوان وکیل شخصی ماترک Helmut Echtermann، متوفی، والد متوفای Margaret Echtermann

Dietrich Echtermann، منفرداً، به عنوان برادر/خواهر بازمانده Margaret Echtermann

1-A

Heidemarie Echtermann-Toribio، منفرداً، به عنوان برادر/خواهر بازمانده Margaret Echtermann

Brenda Fallon، به عنوان نماینده شخصی ماترک William Fallon، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده William Fallon

Brenda Fallon، منفرداً، به عنوان همسر بازمانده William Fallon

Christopher Fallon، منفرداً، به عنوان فرزند بازمانده William Fallon

Stephen Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Donald Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Peter Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Jacqueline Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning

Ryan Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning

Jeremy Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning

Farhan Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Leslie Faulstich، منفرداً، به عنوان برادر/خواهر بازمانده Katie McCloskey

Ringo Fernandez، منفرداً، به عنوان فرزند بازمانده Julio Fernandez

Diane L. Fredericks، منفرداً، به عنوان برادر/خواهر بازمانده Andrew Fredericks

Nancy Jean Fredericks، منفرداً، به عنوان برادر/خواهر بازمانده Andrew Fredericks

Julie Gardner، منفرداً، به عنوان برادر/خواهر بازمانده Katie McCloskey

Wesley Gargano، منفرداً، به عنوان برادر/خواهر بازمانده Karen Renda

Jessica Geier، منفرداً، به عنوان فرزند بازمانده Paul Hamilton Geier

Jessica Geier، به عنوان نماینده شخصی ماترک Paul Hamilton Geier، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Paul Hamilton Geier

Jessica Geier و Nicole Rasanen به عنوان نمایندگان شخصی مشترک ماترک Eleanor Geier، متوفی، همسر متوفای Paul Hamilton Geier

Craig Hannan، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

2-A

Andrea Hannan، به عنوان نماینده شخصی ماترک Michael Hannan، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Hannan

Andrea Hannan، منفرداً، به عنوان همسر بازمانده Michael Hannan

Rachel Hannan، منفرداً، به عنوان فرزند بازمانده Michael Hannan

Alexandra Hannan، منفرداً، به عنوان فرزند بازمانده Michael Hannan

Jennifer Muller به عنوان نماینده شخصی ماترک Barbara Hannan، متوفی، والد متوفای Michael Hannan

Peter Hannan، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Abdo Hashem، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

John Doe 99، که قصد دارد نماینده شخصی ماترک Peter Hashem، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Peter Hashem

Najat Arsenault به عنوان نماینده شخصی ماترک Rose Sue Hashem، متوفی، برادر/خواهر متوفای Peter Hashem

Sabah Hashem-Daher، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Susan Hermer، به عنوان نماینده شخصی ماترک Harvey Hermer، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Harvey Hermer

Kyra Houston، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Teresa Kestenbaum، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Banu Khursheed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Timothy Kuveikis، منفرداً، به عنوان برادر/خواهر بازمانده Thomas Kuveikis

Kieran Lyons، منفرداً، به عنوان برادر/خواهر بازمانده Michael Lyons

Mary Lyons، منفرداً، به عنوان فرزند بازمانده Michael Lyons

Elaine Lyons، منفرداً، به عنوان همسر بازمانده Michael Lyons

3-A

Elaine Lyons، به عنوان نماینده شخصی ماترک Michael Lyons، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Lyons

Caitlyn Lyons، منفرداً، به عنوان فرزند بازمانده Michael Lyons

Mirella Matricciano، منفرداً، به عنوان والد بازمانده Marcellus Matricciano

Umberto Matricciano، منفرداً، به عنوان والد بازمانده Marcellus Matricciano

Bruno Matricciano، منفرداً، به عنوان برادر/خواهر بازمانده Marcellus Matricciano

John Doe 98، که قصد دارد نماینده شخصی ورثه Marcellus Matricciano، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Marcellus Matricciano

Christine McKee، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Najwah Miceli، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Jennifer Muller، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Jamie Nelson، منفرداً، به عنوان فرزند بازمانده Peter A. Nelson

Christine Peschel، منفرداً، به عنوان برادر/خواهر بازمانده Thomas Kuveikis

Cedric Pitt, Jr.، منفرداً، به عنوان فرزند بازمانده Jacquelyn Sanchez

Patricia Quinlan، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Shelly Ann Ramkhelawan، منفرداً، به عنوان فرزند بازمانده Vishnoo Ramsaroop

Nadia Ramsaroop، منفرداً، به عنوان فرزند بازمانده Vishnoo Ramsaroop

Michelle Ramsaroop، منفرداً، به عنوان فرزند بازمانده Vishnoo Ramsaroop

Reehan Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Daniel Rowenhorst، منفرداً، به عنوان برادر/خواهر بازمانده Edward Rowenhorst

Cedric Pitt Sr.، به عنوان نماینده شخصی ماترک Jacquelyn Sanchez، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Jacquelyn Sanchez

Brian Schrang، منفرداً، به عنوان فرزند بازمانده Gerard P. Schrang

Kathleen Shagi، به عنوان نماینده شخصی ماترک Michael Shagi، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Shagi

Kathleen Shagi، منفرداً، به عنوان همسر بازمانده Michael Shagi

Christie Shagi، منفرداً، به عنوان فرزند بازمانده Michael Shagi

Nicole Shagi، منفرداً، به عنوان فرزند بازمانده Michael Shagi

Tracie Shagi-Uriguen، منفرداً، به عنوان فرزند بازمانده Michael Shagi

Ann Smith، منفرداً، به عنوان همسر بازمانده Gary Smith

Ann Smith، به عنوان نماینده شخصی ماترک Gary Smith، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Gary Smith

Natalie Smith، منفرداً، به عنوان فرزند بازمانده Gary Smith

Kristina Smith، منفرداً، به عنوان فرزند بازمانده Gary Smith

Mark Smith، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Annette Smith و Mark Smith به عنوان نمایندگان شخصی ماترک Dorothy Smith، متوفی، والد متوفای Gary Smith

Stephan Smith، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Mason Smith، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Michael Trerotola، به عنوان نماینده شخصی ماترک Lisa Trerotola، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Lisa Trerotola

Michael Trerotola، منفرداً، به عنوان همسر بازمانده Lisa Trerotola

Amanda Trerotola، منفرداً، به عنوان فرزند بازمانده Lisa Trerotola

Michael L. Trerotola، منفرداً، به عنوان فرزند بازمانده Lisa Trerotola

Yaseen Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Syed Zeeshan، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As it relates to 03 MDL 1570 (GBD) (SN) |
| NICOLE AMATO, et al., | Civil Docket Number: 1:21-cv-10239 |
| PLAINTIFFS, | |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

<u>**NOTICE OF SUIT**</u>

1.  Title of legal proceeding:     *Nicole Amato, et al. v. Islamic Republic of Iran*

2.  Full Name of Court:     United States District Court for the Southern District of New York

3.  Docket Number:     1:21-cv-10239

4.  Judge:     United States District Judge George B. Daniels

5.  Name of foreign state concerned:     The Islamic Republic of Iran

6.  Identity of the other Parties:     None

7.  Nature of documents served:     Summons and Complaint (in English and Farsi)

8.  Nature and Purpose of Proceedings:     Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.

9.  A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

10. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

11. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). These sections of the United States Code are attached in English and Farsi.

Dated:  December 1, 2021

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

| | |
|---|---|
| مرتبط با (SN) (GBD) 1570 MDL 03 | عطف به حملات تروریستی 11 سپتامبر 2001 |
| شماره پرونده مدنی: 1:21-cv-10239 | NICOLE AMATO و دیگران |
| | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده، |

**اخطاریه دادرسی**

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | *Nicole Amato و دیگران علیه جمهوری اسلامی ایران* |
| 2. | نام کامل دادگاه: | دادگاه ناحیه‌ای ایالات متحده برای ناحیه جنوب نیویورک |
| 3. | شماره پرونده: | 1:21-cv-10239 |
| 4. | قاضی: | قاضی ناحیه ایالات متحده جورج بی. دانیلز |
| 5. | نام دولت خارجی مربوطه: | جمهوری اسلامی ایران |
| 6. | هویت طرفین دیگر: | فاقد |
| 7. | ماهیت اسناد ابلاغ شده: | احضاریه و شکایت (به زبان انگلیسی و فارسی) |
| 8. | ماهیت و هدف دادرسی‌ها: | اقدام برای جبران خسارت قتل غیر عمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است. |

9. پاسخ «احضاریه» و «شکایت» باید ظرف مدت شصت (60) روز از تاریخ دریافت این اسناد به دادگاه تسلیم شود. پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.

10. قصور در ارائه پاسخ بهنگام به دادگاه ممکن است به صدور حکم غیابی و درخواست اجرای حکم منجر شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.

11. پرسش‌های مربوط به مصونیت دولتی و صلاحیت دادگاه‌های ایالات متحده برای رسیدگی به دعوا علیه دولت‌های خارجی مشمول قانون 1976 مصونیت دولت‌های خارجی است که در بخش‌های 1330، 1391(f)، 1441(d) و 1602 تا 1611 از عنوان 28 قانون ایالات متحده (Pub. L. 94–583; 90 Stat. 2891). این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ: 1 دسامبر 2021

*/امضا/ جری اس. گلدمن*

وکیل دعاوی جری اس.
گلدمن ( .Jerry S
Goldman)
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
تلفن: (1000-278 (212
jgoldman@andersonkill.com
*وکلای خواهان‌ها*

2

# I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  > PART IV. JURISDICTION AND VENUE  >  CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**   The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**   Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**   For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

# II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)**   Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)**   in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)**   in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)**   in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)**  in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.


### *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.


*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*


## § 1441. Removal of civil actions

 **(d)**  Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.


### *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)**  A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)**  An "agency or instrumentality of a foreign state" means any entity—

**(1)**  which is a separate legal person, corporate or otherwise, and

**(2)**  which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)**  which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)**  The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)**  A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)**  A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

**(a)**  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

**(1)**  in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)**  in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)**  in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)**  in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)**  not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

**(A)**  any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

**(B)**  any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

**(6)**  in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)**  notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)**  notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)**  Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)**  [Repealed]

**(g)**  Limitation on discovery.

**(1)**  In general.

**(A)**  Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)**  A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)**  Sunset.

**(A)**  Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)**  After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)**  create a serious threat of death or serious bodily injury to any person;

**(ii)**  adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)**  obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)**  Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)**  Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)**  Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)**  Jurisdictional immunity for certain art exhibition activities.

**(1)**  In general. If

**(A)**  a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)**  the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)**  the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),

any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)**  Exceptions.

**(A)**  Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)**  the property at issue is the work described in paragraph (1);

**(ii)**  the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)**  the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)**  a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)**  Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)**  the property at issue is the work described in paragraph (1);

**(ii)**  the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)**  the taking occurred after 1900;

          **(iv)**  the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

          **(v)**  a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

     **(3)**  Definitions. For purposes of this subsection

       **(A)**  the term "work" means a work of art or other object of cultural significance;

       **(B)**  the term "covered government" means

          **(i)**  the Government of Germany during the covered period;

          **(ii)**  any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

          **(iii)**  any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

          **(iv)**  any government in Europe that was an ally of the Government of Germany during the covered period; and

       **(C)**  the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

     **(a)**  In general.

     **(1)**  No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

     **(2)**  Claim heard. The court shall hear a claim under this section if—

       **(A)**  (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

**(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

**(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

**(I)** a national of the United States;

**(II)** a member of the armed forces; or

**(III)** otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

**(IV)** in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

**(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

**(b)** Limitations.  An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

**(1)** 10 years after April 24, 1996; or

**(2)** 10 years after the date on which the cause of action arose.

**(c)** Private right of action.  A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

**(1)** a national of the United States,

**(2)** a member of the armed forces,

**(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

(4)  the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

(d)  Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

(e)  Special masters.

(1)  In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

(2)  Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

(f)  Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

(g)  Property disposition.

(1)  In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

(A)  subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

(B)  located within that judicial district; and

(C)  titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

(2)  Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)  Enforceability.** Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this _title [28 USCS §§ 1651_ et seq.].

**(h)  Definitions.**  For purposes of this section—

**(1)**  the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)**  the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)**  the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)**  the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)**  the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (_8 U.S.C. 1101(a)(22)_);

**(6)**  the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (_50 U.S.C. App. 2405(j)_ [_50 USCS § 4605(j)_]), section 620A of the Foreign Assistance Act of 1961 (_22 U.S.C. 2371_), section 40 of the Arms Export Control Act (_22 U.S.C. 2780_), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)**  the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (_28 U.S.C. 1350_ note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)  Definition.**  In this section, the term "international terrorism"

**(1)**  has the meaning given the term in _section 2331 of title 18, United States Code_; and

**(2)**  does not include any act of war (as defined in that section).

**(b)  Responsibility of foreign states.**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)**  an act of international terrorism in the United States; and

**(2)**  a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)**  Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)**  Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)**  for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)**  arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.


## 28 USCS § 1608
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

**(a)**  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)**  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)**  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)**  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

      **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

        **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

        **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

        **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

    **(c)** Service shall be deemed to have been made—

      **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

      **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

    **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

    **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## 28 USCS § 1609
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1609. Immunity from attachment and execution of property of a foreign state

    Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

## 28 USCS § 1610
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

**(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

**(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)**  the property is or was used for the commercial activity upon which the claim is based, or

**(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)**  the execution relates to a judgment establishing rights in property

**(A)**  which is acquired by succession or gift, or

**(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

**(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

(1)  the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

(2)  the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

(3)  the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

(c)  No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

(d)  The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

(1)  the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

(2)  the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

(e)  The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

(f)  (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

**(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

**(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

**(B)** In providing such assistance, the Secretaries

**(i)** may provide such information to the court under seal; and

**(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

**(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

**(g)** Property in certain actions.

**(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

**(A)** the level of economic control over the property by the government of the foreign state;

**(B)** whether the profits of the property go to that government;

**(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

**(D)** whether that government is the sole beneficiary in interest of the property; or

**(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

**(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

   **(3)** Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

<div align="center">

**28 USCS § 1611**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1611. Certain types of property immune from execution

   **(a)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

   **(b)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

   **(1)** the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

   **(2)** the property is, or is intended to be, used in connection with a military activity and

     **(A)** is of a military character, or

     **(B)** is under the control of a military authority or defense agency.

   **(c)** Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

## یک. ‏*28 USCS § 1330*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

‏(a)    دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش 1603(a)‏ این *عنوان [a]1603 § USCS 28]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی در موردی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605 این *عنوان (1607-1605 §§ USCS 28% 2]* یا هرگونه موافقتنامه بین‌المللی نباشد.

‏(b)    در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a)‏ صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [1608 § USCS 28]* انجام شده باشد.

‏(c)    در خصوص اهداف زیربخش (b)‏، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این *عنوان [1605 §§ USCS 28-1607]* ناشی شده باشد.

## دو. ‏*28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

‏(f)‏ اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش 1603(a)‏ این *عنوان [ 28 § 1603a USCS]* تعریف شده قابل انجام است-

‏(1)    در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

‏(2)    در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش 1605(b)‏ این *عنوان [1605(b) § USCS 28]* مطرح شده باشد؛

‏(3)    در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش 1603(b)‏ این *عنوان 28 [1603(b) § USCS]* مطرح شده باشد؛ یا

‏(4)‏ در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

### *USCS 28 § 1441*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

---

## § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش (a)1603) این *عنوان [a)1603(a § 28 USCS]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش (b)1446) این فصل *[b)1446 § 28 USCS]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

### *USCS 28 § 1602*
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

---

### § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی دادگاه‌هایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[USCS 28 §§ 1602 et seq]* تعیین شود.

### 1603 § 28 USCS
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضایی دولت‌های خارجی**

### 51603. تعاریف

برای اهداف این فصل [1602 §§ 28 USCS et seq.].

**(a)** یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [1608 § 28 USCS]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)** که شهروند دولت ایالات متحده بنا به تعریف بخش (c)1332) و (e) این عنوان [ § 28 USCS 1332(c)] و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

### 28 USCS § 1604
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1607-1605 این فصل [1605 §§ 28 USCS-16071].

### 28 USCS § 1605
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

**(a)** یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

**(1)** که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

**(2)** که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

**(3)** که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

**(4)** که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

**(5)** به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

**(A)** هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

**(B)** هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

**(6)** که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [ 28 USCS 16071 § ] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

**(b)** دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه—

**(1)** ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط مسئول خواهد بود؛ و

**(2)** ابلاغیه شروع دعوت دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [1608 § USCS 28] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز میگردد.

**(c)** هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواستهای عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی میتواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت میشود، به استثنای اینکه دادگاه نمیتواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محمولهای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پروندههای دریایی و حوزه صلاحیت دریایی هستند. هیچیک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

**(d)** دولت خارجی نمیتواند از صلاحیت قضایی دادگاههای ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [46 §§ USCS 31301 et seq.] and in و همچنین بر اساس اصول قانون و و قواعد مربوط به دادخواستهای عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی میتواند ابقا گردد.

**(f) ، (e)** [منسوخ شد]

**(g)** محدودیت کشف.

**(1)** به‌طور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ § 28 USCS 1604]،همچنین بخش 1605A یا بخش 1605B [§ 28 USCS 1605A] یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف به‌طور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

**(2)** شرط افول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

**(4)** منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6)(b)(12) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

**(5)** رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

**(1)** به‌طور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت دادن چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 ( 22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت دادن چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) [28 USCS § 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

**(iii)** تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش (d)1603 [(d)1603 § 28 USCS] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** (B) اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که—

**(A)** (I) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)**در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3)(c)1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 7)(a)1605) [ *28 USCS § 1605(a)(7)* ] (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101) قسمت A قانون عمومی 104-208) [ *28 USCS* $ *1605* ] تبصره] مطرح شده باشد؛

**(ii)** مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

**(I)**    تبعه ایالات متحده باشد؛

**(II)**    عضو نیروهای مسلح باشد؛ یا

**(III)**    به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

**(IV)**    در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره EGS) 1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 7)(a)1605) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش

c )101) قسمت A قانون عمومی 104-208) [ *28 USCS* 5 *1605* ] تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

**(1)**    10 سال پس از 24 آوریل 1996؛ یا

**(2)**    10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

(c)    حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی a)(2)(A)(i) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

**(1)**    تبعه ایالات متحده باشد،

**(2)**    یک عضو نیروهای مسلح باشد،

**(3)**    یک کارمند دولت ایالات متحده یا فردی باشد که قرار دادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

**(4)** نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1)1، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارات تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به از ای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

**(d)** خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیم‌خامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

**(e)** سرپرستان ویژه.

**(1)** [1] بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

**(2)** انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 (*42 U.S.C. 10603c*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

**(f)** درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش 1292(b)) این *عنوان [28 USCS § 1292(b)]* مطرح گردد.

**(g)** مقررات مربوط به اموال.

**(1)** بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و یا دارایی شخصی منقول باشد که——

**(A)** مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 76701*]

باشد؛

**(B)** در آن ناحیه قضایی واقع شده باشد؛ و

**(C)** سند آن به نام هر یک از خواندهها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندهها است، در صورتی که چنان ابلاغیهای شامل لیست آن نهاد تحت کنترل باشد.

**(2)** ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

**(3)** قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این
عنوان [ *1651 §§ 28 USCS* et seq.] قابل اجرا باشد.

**(h)** تعاریف. برای اهداف این بخش-

**(1)** اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1
کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

**(2)** اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه
گروگان‌گیری به آن داده شده است؛

**(3)** اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش
2339A عنوان 18 است؛

**(4)** اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101
عنوان 10 است؛

**(5)** اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش
101(a)(22) قانون مهاجرت و تابعیت (*(22)(8 U.S.C. 1101(a))* است؛

**(6)** اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور
خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 [*50 U.S.C. App. 2405(i)*] [*50 USCS § 46050*])، بخش
620A قانون کمک خارجی 1961 (*22 U.S.C. 2371*). ، بخش 40 قانون کنترل صادرات اسلحه (*22 U.S.C. 2780*)، یا هر مفاد
قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

**(7)** اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این
اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (*28 U.S.C. 1350* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

**(a)** تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

**(1)** دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده*
است؛ و

**(2)** شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

**(b)** مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر
پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ
در ایالات متحده رخ داده و ناشی از موارد زیر باشد

**(1)** یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

**(2)** یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در
حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده
باشد.

**(c)** دعاوی اتباع ایالات متحده. علی‌رغم بخش 2(2337) عنوان 18 *[(1)2(2337) § USCS 18]*، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 3333 آن *عنوان [ 3333 § USCS 18]* مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

**(d)** قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضانی دولت‌های خارجی**

### 1606§. میزان مسنولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [1605 § USCS 28 یا 1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضانی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

**(a)** که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [ 28 USCS § 1605 یا 1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

**(b)** ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

**(c)** تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

**(a)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

**(3)** اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

**(4)** اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و از ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

**(b)** در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

**(1)** با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

**(2)** اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

**(3)** اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

**(A)** بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)** در صورت ابلاغ بر اساس بخش فرعی (a)(4)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، بر اساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ بر اساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را در خصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید بر اساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

## **28 USCS §1609**
### **جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### **§ 1609. مصونیت در برابر توقیف اموال دولت خارجی**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

## 28 USCS § 1610
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم

**(a)** اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [a)1603 § USCS 28]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه —

**(1)** دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

**(3)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

**(4)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

**(A)** که از طریق ارث یا به‌عنوان هدیه کسب شده یا

**(B)** غیرمنقول بوده و در ایالات متحده واقع شده باشد: *به شرطی که*، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان چنان چنان مأموریتی استفاده نشود، یا

**(5)** اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

**(6)** حکم بر اساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

**(7)** حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [ USCS 28 § 1605A] یا بخش 1605(a)(7) [سابقاً 7)(a)1605 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(b)** علاوه بر بخش فرعی (a)، هرگونه اموال یک نهاد یا سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه —

**(1)** سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3) ،(2)(a)1605)، یا (5) یا 1605(b) این فصل [a)1605 5 USCS 28)]، (3)، یا (5)، یا [1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل  [ 28 §USCS 1605A] یا بخش 1605(a)(7)] این فصل [سابقاً 1605(a)(7) 28 USCS §] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز در بر اساس بخش e(1608) این فصل [1608(e) 28 USCS §] سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش a(1603) این فصل [1603(a) 28 USCS §] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

**(1)** دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش d(1605) [1605(d) 28 USCS §] آمده است، مصون باشند.

**(f)**  (A) (1) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش f(208) قانون مأموریت خارجی ( 22 U.S.C. 4308(f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که به مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش b(5) قانون تجارت با دشمن (50 U.S.C. ضمیمه 4305 5 USCS) [5(b) 50 USCS] قانون کمک خارجی 1961 (2370(a) 22 U.S.C.)، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( 50 U.S.C. 1701-1702)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول  اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش 1605(a)(7) [1605(a)(7) 28 USCS §] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A1 5 USCS] شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی که به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی بر برابر آن بر اساس بخش 1605(a)(7) [1605(a)(7) 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A1 USCS 28] مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

**(3)** چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

**(g)** اموال در برخی اقدامات.

**(1)** به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است، صرف‌نظر از

**(A)** سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

**(B)** اینکه آیا منافع اموال در اختیار آن دولت می‌گیرد یا خیر؛

**(C)** میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

**(D)** اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

**(E)** اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

**(2)** قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم، بر اساس حکم صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [1701 50 USCS §5 et seq.] تحت نظارت دولت ایالات متحده قرار دارد.

**(3)** صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

## 28 USCS §1611
**جاری از طریق PL 115-181، تأیید تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی**

### §1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند

**(a)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 16101]، اموال سازمان‌های تعیین شده توسط رئیس جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

**(b)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم مصون باشد، چنانچه —

**(1)** اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود، مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

**(A)** دارای ماهیت نظامی باشد، یا

**(B)** تحت کنترل مقام نظامی سازمان دفاع باشد.

**(c)** علی‌رغم مفاد بخش 1610 این فصل [1610 § USCS 28]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [ USCS 22 6082 §] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Nicole Amato, et al. (see appendix)

|  |  |  |
|---|---|---|
| _____ | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 21cv10239 |
| ISLAMIC REPUBLIC OF IRAN | ) | |
| _____ | ) | |
| Defendant | ) | |

## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)

Islamic Republic of Iran
c/o
Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: 12/02/2021

/S/ V. BRAHIMI

Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❑ I returned the summons unexecuted because _____ ; or

    ❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                    _____
                    *Server's signature*

                    _____
                    *Printed name and title*

                    _____
                    *Server's address*

Additional information regarding attempted service, etc:

## APPENDIX

Nicole Amato, individually, as surviving child of Gary Smith

Barry Amundson, individually, as surviving sibling of Craig Amundson

Najat Arsenault, individually, as surviving sibling of Peter Hashem

Grace Brennan, individually, as surviving sibling of Vincent DiFazio

Ericka Brown, individually, as surviving sibling of Jacquelyn Sanchez

Tracy Zorpette as Personal Representative of the Estate of Dorothy Burke, deceased, the late parent of Brooke Rosenbaum

Yolanda Calderon, individually, as surviving sibling of Jorge Velazquez

Sasha Cardona, individually, as surviving child of Jose Cardona

Teresa Cheezum, individually, as surviving child of Gary Smith

Kim Coleman, individually, as surviving parent of Jacquelyn Sanchez

Michael Coleman, individually, as surviving sibling of Jacquelyn Sanchez

Helman Correa, individually, as surviving parent of Danny Correa-Gutierrez

Ryan John Cove, individually, as surviving child of James Cove

Anane Crandon, individually, as surviving sibling of Uhuru Houston

Efia Crandon, individually, as surviving sibling of Uhuru Houston

Efia Crandon as Personal Representative of the Estate of Estella Crandon, deceased, the late parent of Uhuru Houston

Nolton Davis, Jr., individually, as surviving spouse of Ada Davis

Nolton Davis, Jr., as the Personal Representative of the Estate of Ada Davis, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ada Davis

Robin Davis, individually, as surviving sibling of Edward Rowenhorst

Salvatore DiFazio, individually, as surviving sibling of Vincent DiFazio

Barbara Echtermann as Personal Representative of the Estate of Helmut Echtermann, deceased, the late parent of Margaret Echtermann

Dietrich Echtermann, individually, as surviving sibling of Margaret Echtermann

Heidemarie Echtermann-Toribio, individually, as surviving sibling of Margaret Echtermann

Brenda Fallon, as the Personal Representative of the Estate of William Fallon, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of William Fallon

Brenda Fallon, individually, as surviving spouse of William Fallon

Christopher Fallon, individually, as surviving child of William Fallon

Stephen Fallon, individually, as surviving sibling of William Fallon

Donald Fallon, individually, as surviving sibling of William Fallon

Peter Fallon, individually, as surviving sibling of William Fallon

Jacqueline Fanning, individually, as surviving child of John Fanning

Ryan Fanning, individually, as surviving child of John Fanning

Jeremy Fanning, individually, as surviving child of John Fanning

Farhan Syed, individually, as surviving child of Syed Abdul Fatha

Leslie Faulstich, individually, as surviving sibling of Katie McCloskey

Ringo Fernandez, individually, as surviving child of Julio Fernandez

Diane L. Fredericks, individually, as surviving sibling of Andrew Fredericks

Nancy Jean Fredericks, individually, as surviving sibling of Andrew Fredericks

Julie Gardner, individually, as surviving sibling of Katie McCloskey

Wesley Gargano, individually, as surviving sibling of Karen Renda

Jessica Geier, individually, as surviving child of Paul Hamilton Geier

Jessica Geier, as the Personal Representative of the Estate of Paul Hamilton Geier, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Hamilton Geier

Jessica Geier and Nicole Rasanen as the Co-Personal Representatives of the Estate of Eleanor Geier, deceased, the late spouse of Paul Hamilton Geier

Craig Hannan, individually, as surviving sibling of Michael Hannan

Andrea Hannan, as the Personal Representative of the Estate of Michael Hannan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Hannan

Andrea Hannan, individually, as surviving spouse of Michael Hannan

Rachel Hannan, individually, as surviving child of Michael Hannan

Alexandra Hannan, individually, as surviving child of Michael Hannan

Jennifer Muller as Personal Representative of the Estate of Barbara Hannan, deceased, the late parent of Michael Hannan

Peter Hannan, individually, as surviving sibling of Michael Hannan

Abdo Hashem, individually, as surviving sibling of Peter Hashem

John Doe 99, being intended to designate the Personal Representative of the Estate of Peter Hashem, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Peter Hashem

Najat Arsenault as Personal Representative of the Estate of Rose Sue Hashem, deceased, the late sibling of Peter Hashem

Sabah Hashem-Daher, individually, as surviving sibling of Peter Hashem

Susan Hermer, as the Personal Representative of the Estate of Harvey Hermer, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Harvey Hermer

Kyra Houston, individually, as surviving sibling of Uhuru Houston

Teresa Kestenbaum, individually, as surviving sibling of Vincent DiFazio

Banu Khursheed, individually, as surviving child of Syed Abdul Fatha

Timothy Kuveikis, individually, as surviving sibling of Thomas Kuveikis

Kieran Lyons, individually, as surviving sibling of Michael Lyons

Mary Lyons, individually, as surviving child of Michael Lyons

Elaine Lyons, individually, as surviving spouse of Michael Lyons

A-3

Elaine Lyons, as the Personal Representative of the Estate of Michael Lyons, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Lyons

Caitlyn Lyons, individually, as surviving child of Michael Lyons

Mirella Matricciano, individually, as surviving parent of Marcellus Matricciano

Umberto Matricciano, individually, as surviving parent of Marcellus Matricciano

Bruno Matricciano, individually, as surviving sibling of Marcellus Matricciano

John Doe 98, being intended to designate the Personal Representative of the Estate of Marcellus Matricciano, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Marcellus Matricciano

Christine McKee, individually, as surviving sibling of Gary Smith

Najwah Miceli, individually, as surviving sibling of Peter Hashem

Jennifer Muller, individually, as surviving sibling of Michael Hannan

Jamie Nelson, individually, as surviving child of Peter A. Nelson

Christine Peschel, individually, as surviving sibling of Thomas Kuveikis

Cedric Pitt, Jr., individually, as surviving child of Jacquelyn Sanchez

Patricia Quinlan, individually, as surviving sibling of William Fallon

Shelly Ann Ramkhelawan, individually, as surviving child of Vishnoo Ramsaroop

Nadia Ramsaroop, individually, as surviving child of Vishnoo Ramsaroop

Michelle Ramsaroop, individually, as surviving child of Vishnoo Ramsaroop

Reehan Syed, individually, as surviving child of Syed Abdul Fatha

Daniel Rowenhorst, individually, as surviving sibling of Edward Rowenhorst

Cedric Pitt Sr., as the Personal Representatives of the Estate of Jacquelyn Sanchez, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jacquelyn Sanchez

Brian Schrang, individually, as surviving child of Gerard P. Schrang

Kathleen Shagi, as the Personal Representative of the Estate of Michael Shagi, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael Shagi

Kathleen Shagi, individually, as surviving spouse of Michael Shagi

Christie Shagi, individually, as surviving child of Michael Shagi

Nicole Shagi, individually, as surviving child of Michael Shagi

Tracie Shagi-Uriguen, individually, as surviving child of Michael Shagi

Ann Smith, individually, as surviving spouse of Gary Smith

Ann Smith, as the Personal Representative of the Estate of Gary Smith, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Gary Smith

Natalie Smith, individually, as surviving child of Gary Smith

Kristina Smith, individually, as surviving child of Gary Smith

Mark Smith, individually, as surviving sibling of Gary Smith

Annette Smith and Mark Smith as Personal Representatives of the Estate of Dorothy Smith, deceased, the late parent of Gary Smith

Stephan Smith, individually, as surviving sibling of Gary Smith

Mason Smith, individually, as surviving sibling of Gary Smith

Michael Trerotola, as the Personal Representative of the Estate of Lisa Trerotola, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lisa Trerotola

Michael Trerotola, individually, as surviving spouse of Lisa Trerotola

Amanda Trerotola, individually, as surviving child of Lisa Trerotola

Michael L. Trerotola, individually, as surviving child of Lisa Trerotola

Yaseen Syed, individually, as surviving child of Syed Abdul Fatha

Syed Zeeshan, individually, as surviving child of Syed Abdul Fatha

IH 6 احضاریه 28 USC 1608
4/17

دادگاه ناحیه‌ای ایالات متحده
برای
ناحیه جنوب نیویورک

NICOLE AMATO و دیگران (به ضمیمه مراجعه کنید)

)
)
)
(اقدام مدنی شماره 21cv10239)
)
)
)

خواهان

علیه

جمهوری اسلامی ایران

خوانده

احضاریه در یک اقدام مدنی

به:   (نام و آدرس خوانده)

جمهوری اسلامی ایران
خطاب به
وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا دفاعیه ای را بر اساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن (Jerry S. Goldman, Esq.)
اندرسون کیل (Anderson Kill P.C.)
1251 Avenue of the Americas
New York, NY 10020
212) 278-1000)
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

[مهر :] دادگاه ناحیه‌ای ایالات متحده برای ناحیه جنوب نیویورک [امضا]

منشی دادگاه

V. BRAHIMI /امضا/

تاریخ: 12/02/2021

امضای منشی یا معاون منشی

28 مجموعه قوانین ایالات متحده آمریکا 1608 احضاریه (12/11) (صفحه 2)

اقدام مدنی شماره

<div dir="rtl">

**گواهی ابلاغ**

***(این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام Fed. R. Civ. P. 4 (l))***

این ابلاغیه مربوط به *(نام فرد یا سمت، در صورت امکان)* _____ به من

ابلاغ شد در *(تاریخ)* _____ .

٬ من شخصاً ابلاغیه را به فرد مذکور در *(مکان)* _____

ابلاغ کردم ، یا _____ در *(تاریخ)* _____

٬ من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم *(نام)* _____

_____ ، شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد، در

در *(تاریخ)* _____ ، و یک نسخه از آن را با آخرین نشانی موجود از فرد ارسال کردم؛ یا

٬ من ابلاغیه را به این فرد تحویل دادم *(نام شخص)* _____ ، که بنا به قانون

اجازه دارد خدمات پردازش را قبول کند به نمایندگی *(نام سازمان)* _____

_____ در *(تاریخ)* _____ ؛ یا

من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

٬ سایر *(مشخص کنید)*:

.

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ و جمعاً _____

دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____

_____
امضای ابلاغ کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
آدرس ابلاغ کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

</div>

<u>ضمیمه</u>

Nicole Amato، منفرداً، به عنوان فرزند بازمانده Gary Smith

Barry Amundson، منفرداً، به عنوان برادر/خواهر بازمانده Craig Amundson

Najat Arsenault، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Grace Brennan، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Ericka Brown، منفرداً، به عنوان برادر/خواهر بازمانده Jacquelyn Sanchez

Tracy Zorpette به عنوان نماینده شخصی ماترک Dorothy Burke، متوفی، والد متوفای Brooke Rosenbaum

Yolanda Calderon، منفرداً، به عنوان برادر/خواهر بازمانده Jorge Velazquez

Sasha Cardona، منفرداً، به عنوان فرزند بازمانده Jose Cardona

Teresa Cheezum، منفرداً، به عنوان فرزند بازمانده Gary Smith

Kim Coleman، منفرداً، به عنوان والد بازمانده Jacquelyn Sanchez

Michael Coleman، منفرداً، به عنوان برادر/خواهر بازمانده Jacquelyn Sanchez

Helman Correa، منفرداً، به عنوان والد بازمانده Danny Correa-Gutierrez

Ryan John Cove، منفرداً، به عنوان فرزند بازمانده James Cove

Anane Crandon، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Efia Crandon، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Efia Crandon به عنوان نماینده شخصی ماترک Estella Crandon، متوفی، والد متوفای Uhuru Houston

Nolton Davis, Jr، منفرداً، به عنوان همسر بازمانده Ada Davis

Nolton Davis, Jr، به عنوان نماینده شخصی ماترک Ada Davis، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Ada Davis

Robin Davis، منفرداً، به عنوان برادر/خواهر بازمانده Edward Rowenhorst

Salvatore DiFazio، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Barbara Echtermann به عنوان وکیل شخصی ماترک Helmut Echtermann، متوفی، والد متوفای Margaret Echtermann

Dietrich Echtermann، منفرداً، به عنوان برادر/خواهر بازمانده Margaret Echtermann

Heidemarie Echtermann-Toribio، منفرداً، به عنوان برادر/خواهر بازمانده Margaret Echtermann

Brenda Fallon، به عنوان نماینده شخصی ماترک William Fallon، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده William Fallon

Brenda Fallon، منفرداً، به عنوان همسر بازمانده William Fallon

Christopher Fallon، منفرداً، به عنوان فرزند بازمانده William Fallon

Stephen Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Donald Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Peter Fallon، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Jacqueline Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning

Ryan Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning

Jeremy Fanning، منفرداً، به عنوان فرزند بازمانده John Fanning

Farhan Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Leslie Faulstich، منفرداً، به عنوان برادر/خواهر بازمانده Katie McCloskey

Ringo Fernandez، منفرداً، به عنوان فرزند بازمانده Julio Fernandez

Diane L. Fredericks، منفرداً، به عنوان برادر/خواهر بازمانده Andrew Fredericks

Nancy Jean Fredericks، منفرداً، به عنوان برادر/خواهر بازمانده Andrew Fredericks

Julie Gardner، منفرداً، به عنوان برادر/خواهر بازمانده Katie McCloskey

Wesley Gargano، منفرداً، به عنوان برادر/خواهر بازمانده Karen Renda

Jessica Geier، منفرداً، به عنوان فرزند بازمانده Paul Hamilton Geier

Jessica Geier، به عنوان نماینده شخصی ماترک Paul Hamilton Geier، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Paul Hamilton Geier

Jessica Geier و Nicole Rasanen به عنوان نمایندگان شخصی مشترک ماترک Eleanor Geier، متوفی، همسر متوفای Paul Hamilton Geier

Craig Hannan، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Andrea Hannan، به عنوان نماینده شخصی ماترک Michael Hannan، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Hannan

Andrea Hannan، منفرداً، به عنوان همسر بازمانده Michael Hannan

Rachel Hannan، منفرداً، به عنوان فرزند بازمانده Michael Hannan

Alexandra Hannan، منفرداً، به عنوان فرزند بازمانده Michael Hannan

Jennifer Muller به عنوان نماینده شخصی ماترک Barbara Hannan، متوفی، والد متوفای Michael Hannan

Peter Hannan، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Abdo Hashem، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

John Doe 99، که قصد دارد نماینده شخصی ماترک Peter Hashem، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Peter Hashem

Najat Arsenault به عنوان نماینده شخصی ماترک Rose Sue Hashem، متوفی، برادر/خواهر متوفای Peter Hashem

Sabah Hashem-Daher، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Susan Hermer، به عنوان نماینده شخصی ماترک Harvey Hermer، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Harvey Hermer

Kyra Houston، منفرداً، به عنوان برادر/خواهر بازمانده Uhuru Houston

Teresa Kestenbaum، منفرداً، به عنوان برادر/خواهر بازمانده Vincent DiFazio

Banu Khursheed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Timothy Kuveikis، منفرداً، به عنوان برادر/خواهر بازمانده Thomas Kuveikis

Kieran Lyons، منفرداً، به عنوان برادر/خواهر بازمانده Michael Lyons

Mary Lyons، منفرداً، به عنوان فرزند بازمانده Michael Lyons

Elaine Lyons، منفرداً، به عنوان همسر بازمانده Michael Lyons

Elaine Lyons، به عنوان نماینده شخصی ماترک Michael Lyons، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Lyons

Caitlyn Lyons، منفرداً، به عنوان فرزند بازمانده Michael Lyons

Mirella Matricciano، منفرداً، به عنوان والد بازمانده Marcellus Matricciano

Umberto Matricciano، منفرداً، به عنوان والد بازمانده Marcellus Matricciano

Bruno Matricciano، منفرداً، به عنوان برادر/خواهر بازمانده Marcellus Matricciano

John Doe 98، که قصد دارد نماینده شخصی ورثه Marcellus Matricciano، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Marcellus Matricciano

Christine McKee، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Najwah Miceli، منفرداً، به عنوان برادر/خواهر بازمانده Peter Hashem

Jennifer Muller، منفرداً، به عنوان برادر/خواهر بازمانده Michael Hannan

Jamie Nelson، منفرداً، به عنوان فرزند بازمانده Peter A. Nelson

Christine Peschel، منفرداً، به عنوان برادر/خواهر بازمانده Thomas Kuveikis

Cedric Pitt, Jr.، منفرداً، به عنوان فرزند بازمانده Jacquelyn Sanchez

Patricia Quinlan، منفرداً، به عنوان برادر/خواهر بازمانده William Fallon

Shelly Ann Ramkhelawan، منفرداً، به عنوان فرزند بازمانده Vishnoo Ramsaroop

Nadia Ramsaroop، منفرداً، به عنوان فرزند بازمانده Vishnoo Ramsaroop

Michelle Ramsaroop، منفرداً، به عنوان فرزند بازمانده Vishnoo Ramsaroop

Reehan Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Daniel Rowenhorst، منفرداً، به عنوان برادر/خواهر بازمانده Edward Rowenhorst

Cedric Pitt Sr.، به عنوان نماینده شخصی ماترک Jacquelyn Sanchez، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Jacquelyn Sanchez

Brian Schrang، منفرداً، به عنوان فرزند بازمانده Gerard P. Schrang

Kathleen Shagi، به عنوان نماینده شخصی ماترک Michael Shagi، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Michael Shagi

Kathleen Shagi، منفرداً، به عنوان همسر بازمانده Michael Shagi

Christie Shagi، منفرداً، به عنوان فرزند بازمانده Michael Shagi

Nicole Shagi، منفرداً، به عنوان فرزند بازمانده Michael Shagi

Tracie Shagi-Uriguen، منفرداً، به عنوان فرزند بازمانده Michael Shagi

Ann Smith، منفرداً، به عنوان همسر بازمانده Gary Smith

Ann Smith، به عنوان نماینده شخصی ماترک Gary Smith، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Gary Smith

Natalie Smith، منفرداً، به عنوان فرزند بازمانده Gary Smith

Kristina Smith، منفرداً، به عنوان فرزند بازمانده Gary Smith

Mark Smith، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Annette Smith و Mark Smith به عنوان نمایندگان شخصی ماترک Dorothy Smith، متوفی، والد متوفای Gary Smith

Stephan Smith، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Mason Smith، منفرداً، به عنوان برادر/خواهر بازمانده Gary Smith

Michael Trerotola، به عنوان نماینده شخصی ماترک Lisa Trerotola، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده Lisa Trerotola

Michael Trerotola، منفرداً، به عنوان همسر بازمانده Lisa Trerotola

Amanda Trerotola، منفرداً، به عنوان فرزند بازمانده Lisa Trerotola

Michael L. Trerotola، منفرداً، به عنوان فرزند بازمانده Lisa Trerotola

Yaseen Syed، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha

Syed Zeeshan، منفرداً، به عنوان فرزند بازمانده Syed Abdul Fatha