## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD) (SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD) (SN)
*Burlingame v. Bin Laden, et al.*, 02-cv-7230 (GBD) (SN)
*Schneider et al. v. Islamic Republic of Iran*, 02-cv-7209 (GBD) (SN)

## DECLARATION OF ANDREW J. MALONEY, III, IN SUPPORT OF MOVANTS' *EX PARTE* EMERGENCY MOTION FOR ORDER OF ATTACHMENT

I, ANDREW J. MALONEY, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.      I am an attorney representing the plaintiffs in the above-referenced matter ("Movants")[1] and a partner at Kreindler & Kreindler LLP ("Kreindler & Kreindler"), and I submit this declaration in support of Movants' emergency motion for order of attachment against funds of Da Afghanistan Bank ("DAB" and the "DAB Assets") currently held in the Federal Reserve Bank of New York ("FRBNY").

2.      Movants are individuals harmed as a consequence of the 9/11 terror attacks, including individuals harmed themselves, and the estates and surviving family members of over 800 victims of the attacks. Movants consist of plaintiffs in the *Ashton* action, which was

---

[1] This motion is made on behalf of all *Ashton* Plaintiffs to which this Court's May 12, 2006 default liability judgment against the Taliban applied. This includes all defendants included up to and through the Sixth Amended Consolidated Master Complaint. ECF No. 1797. All of the *Ashton* Plaintiffs now seeking an order of attachment—Movants—were included in the suit as of the filing of the Sixth Amended Consolidated Master Complaint. *Ashton*, 02-cv-6799 (GBD) (SN) (S.D.N.Y.), ECF No. 465.

consolidated with the *Bauer*, 02-cv-7236, *Burlingame*, 02-cv-7230, and *Schneider*, 02-cv-7209, actions, and the plaintiffs in each of those actions join in this motion under the *Ashton* caption.

3.     On June 16, 2004, the Court designated Jim Kreindler of Kreindler & Kreindler LLP, counsel for Movants, and Ronald Motley, counsel for plaintiffs in *Burnett et al v. Al Baraka Investment and Development Co.*, 03-cv-9849 (S.D.N.Y.) (the "*Burnett* Plaintiffs"), as co-chairs of the Plaintiffs' Executive Committee for Personal Injury and Death Claims (the "Wrongful Death PEC"), and Elliot Feldman and Sean Carter of Cozen O'Connor P.C. as co-chairs of the Plaintiffs' Executive Committee for Commercial Claims (the "Commercial Claims PEC"). ECF Nos. 248-52.

4.     Movants seek this Attachment Order not to gain an advantage but only to protect their rights and ensure that they are not foreclosed by other creditors from obtaining recovery. Movants continue to support an equitable distribution of the DAB Assets to all victims of Taliban-sponsored terrorism and, to this end, should other claimants seek similar relief, support the simultaneous grant of any attachment or writs of execution so as to preclude any potential claims to priority.

5.     This Motion is necessary to preserve Movants' interest in the DAB Assets. Beginning in December 2021, Movants filed motions for final damages judgments against the Taliban, seeking to extend to the Taliban damages awarded against their co-tortfeasor, Iran. *See*, *e.g.*, ECF Nos. 7489-91 (*Ashton* Plaintiffs). On July 11, 2022, this Court denied those motions (and later-filed motions seeking similar relief brought by the *Burnett* Plaintiffs and others) without prejudice to refile, pursuant to the terms and procedures set forth in that dismissal order. ECF No. 8198.

6. On July 27, 2022, Movants began refiling their motions for final damages judgments in a manner designed to comply with those procedures, along with a proposed order. *See, e.g.*, ECF Nos. 8274-76, 8278 (*Ashton* Plaintiffs' refiled motion for final damages judgments).[2] The total compensatory damages Movants seek significantly exceeds the value of the blocked DAB Assets. The *Ashton* Plaintiffs' motion for final damages judgments, which is pending, alone seeks final compensatory damages awards against the Taliban in the amount of $10,491,535,243.[3] This amount is for compensatory damages and does not include the trebled damages available under the Anti-Terrorism Act (18 U.S.C. § 2333(a)), nor any award for punitive damages.

7. This motion seeks the following relief: An order of attachment in the consolidated *Ashton* action (inclusive of the *Bauer*, *Burlingame*, and *Schneider* actions) in the full amount of the approximately $3.5 billion in blocked DAB Assets. This is Movants' first request for such relief.

8. The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF No. 8198 (setting forth information required to renew motions for final damages); ECF Nos. 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief).

---

[2] Counsel for the *Ashton-Schneider* Plaintiffs has not yet filed a motion for final judgment on damages following this Court's July 11, 2022 Order denying motions without prejudice to renew. ECF No. 8198. They will be refiling and again, as with the other *Ashton* Plaintiffs, seeking to extend to the Taliban damages judgements already granted against Iran.

[3] The *Ashton-Bauer*, *Ashton-Burlingame*, and *Ashton-Schneider* Plaintiffs have refiled and/or are refiling their motions for final damages judgments in which they seek compensatory damages totaling approximately $5.7 billion. *See* ECF Nos. 8298-8300-4, 8376, 8379-8380-2, 8382 (*Ashton-Bauer* Plaintiffs' refiled motions); ECF Nos. 8335, 8337-1, 8337-2, 8341, 8363, 8364-1, 8364-2, 8366 (*Ashton-Burlingame* refiled motions); ECF Nos. 7805; 7806; 7815 (*Ashton-Schneider* original motions).

**Procedural Background**

9.      On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others. *See* 02-cv-6977 (S.D.N.Y.) ECF No. 1. That complaint was consolidated and amended several times. *See*, *e.g.*, 02-cv-6977 (S.D.N.Y.) ECF Nos. 2, 11, 32, 38, 111, 465.

10.      Pursuant to this Court's order, Movants served the Taliban and Omar by publication. ECF No. 445 at 1, 8, 11. Verification of service by publication on the Taliban and Omar, among others, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic. ECF Nos. 709, 735.[4] The Taliban and Omar never answered, and Movants thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF Nos. 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the Taliban and Omar Defendants).[5] In other words, as of May 12, 2006, Movants had a liability default judgment against the Taliban and Omar, among others.

11.      In 2015, Movants obtained default judgments against Iran, and the Court began issuing final damages judgments on a rolling basis, beginning on March 8, 2016. *See*, *e.g.*, ECF

---

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble, and punitive damages, within 60 days. ECF No. 709, at 2; 735, at 2.

[5] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs, and defendants included up to and through the Sixth Amended Complaint. ECF No. 1797. When referring to *Ashton* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are the personal representatives or immediate family members of the estates added to the lawsuit as of the Sixth Amended Complaint.

No. 3226. Beginning in December 2021, Movants then filed motions for final damages judgments against the Taliban, seeking to extend to the Taliban damages awarded against their co-tortfeasor, Iran. *See, e.g.*, ECF Nos. 7489-91 (*Ashton* Plaintiffs' motion). While Movants' motions for final damages judgments were pending, on February 11, 2022, President Joseph R. Biden issued Executive Order 14064 (the "Executive Order"), which blocked approximately $3.5 billion of DAB's assets at the FRBNY. Exec. Order 14064, 87 Fed. Reg. 8391 (2022).

12.     On July 11, 2022, this Court denied Movants' initial motions for final damages judgments (and related, later-filed motions seeking similar relief) without prejudice and with leave to refile, pursuant to the terms and procedures set forth in that dismissal order. ECF No. 8198. On July 27, 2022, Movants began refiling their motions for final damages judgments in a manner designed to comply with those procedures, along with a proposed order. *See, e.g.*, ECF Nos. 8274-76, 8278 (*Ashton* Plaintiffs' refiled motion for final damages judgments). The total compensatory damages for which Movants have moved (or will soon move) significantly exceeds the value of the blocked DAB Assets. For example, the *Ashton* Plaintiffs' motion for final damages judgments, which is pending, alone seeks final compensatory damages awards against the Taliban in the amount of $10,491,535,243. ECF Nos. 8274-75; 8278.[6]

13.     In connection with awarding Movants compensatory damages against Iran, this Court has already reviewed the *Ashton* Plaintiffs' (i) documentary evidence (such as copies of birth certificates, passports, and/or verified applications to the September 11, 2001 Victim

---

[6] As previously referenced, the *Ashton-Bauer*, *Ashton-Burlingame*, and *Ashton-Schneider* Plaintiffs have refiled and/or are refiling their motions for final damages judgments in which they seek compensatory damages totaling approximately $5.7 billion. *See* ECF Nos. 8298-8300-4, 8376, 8379-8380-2, 8382 (*Ashton-Bauer* Plaintiffs' refiled motions); ECF Nos. 8335, 8337-1, 8337-2, 8341, 8363, 8364-1, 8364-2, 8366 (*Ashton-Burlingame* refiled motions); ECF Nos. 7678, 7683, 7685 (*Ashton-Schneider* original motions).

Compensation Fund ("VCF")), or summaries of counsel; (ii) personal interviews and/or written communications; and (iii) expert economist reports in connection with the damages awards against co-defendant Iran. Movants' expert economist relied on documentary evidence, including economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions, and other earnings information, and applied generally accepted methodologies and assumptions to calculate the present value of economic losses to a reasonable degree of accounting and actuarial certainty. This Court also previously awarded damages to the estates of those *Ashton* Plaintiffs killed in the 9/11 terror attacks for conscious pain and suffering of each decedent in connection with claims asserted against defendant Iran at a value of $2,000,000.

14.    In addition, those *Ashton* Plaintiffs named in the Sixth Amended Complaint have asserted claims for solatium damages against the Taliban in the same amounts this Court granted them against Iran. This Court previously established the following schedule for solatium damages in this MDL:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

I and others in my office have confirmed the relationship between each decedent and the immediate family for whom solatium damages are sought and those *Ashton* Plaintiffs have liability judgments and pending damages judgments against the Taliban in the same amounts previously awarded against Iran.

15.     To enable them and the other Movants to satisfy any portion of their outstanding judgments amounts against the Taliban, while their refiled motions for final judgment are pending (or are soon to be refiled), Movants respectfully request that the Court issue an order of attachment on the DAB Assets in the full amount of the approximately $3.5 billion in blocked assets.

16.     As stated in their Memorandum of Law, counsel for the *Ashton* Plaintiffs has consistently advocated for an equitable distribution of DAB Assets to all victims of the 9/11 attacks and immediate family members who have obtained or will obtain judgments against the Taliban, just as intended by President Biden's February 11, 2022 Executive Order.[7] But because other parties have sought to establish priority and, consequently, an inequitable distribution of the DAB Assets, while Movants await the Court's ruling on their motions for final judgment, they must protect their interests in the DAB Assets by requesting this immediate attachment.

17.     For all the reasons set forth in this declaration and Movants' *Ex Parte* Emergency Motion for an Order of Attachment on the DAB Assets in the full amount of the approximately $3.5 billion in blocked assets, I respectfully request that this Court grant the proposed order filed herewith.

Dated: August 19, 2022
New York, NY

/s/ Andrew J. Maloney, III
Andrew J. Maloney, III

---

[7] Ned Price (Department of State Spokesperson), *Department Press Briefing-February 14, 2022*, U.S. Department of State Press Briefing (February 14, 2022), https://www.state.gov/briefings/department-press-briefing-february-14-2022/.