**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| **IN RE: TERRORIST ATTACKS ON** | : | **Civil Action No.** |
| **SEPTEMBER 11, 2001** | : | **03 MDL 1570 (GBD) (SN)** |
| | : | |

_____

*This document applies to:*

*Grazioso, et al. v. Islamic Emirate of Afghanistan
a/k/a The Taliban, et al., 1:22-cv-01188 (GBD)(SN)*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ADD
PLAINTIFFS AND TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs, through counsel, hereby respectfully submit this memorandum in support of

their Motion for Leave to Add Plaintiffs and to File Second Amended Complaint.

PROCEDURAL HISTORY

*Grazioso, et al. v. Islamic Emirate of Afghanistan, a/k/a The Taliban, et al.,* was brought

through the same counsel who represent the Plaintiffs in MDL cases *Havlish, et al. v. bin Laden,

et al.*, 1:03-cv-09848 (GBD)(SN), *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550

(GBD)(SN), *Ray, et al., v. Islamic Republic of Iran, et al.*, 1:19-cv-00012 (GBD)(SN), and *Ryan,

et al. v. Islamic Republic of Iran, et al.*, 1:20-cv-00266 (GBD)(SN).  The *Havlish* case named as

defendants, *inter alia*, the Islamic Emirate of Afghanistan, *aka*, the Taliban, as well as the other

three *Grazioso* defendants, Muhammad Omar, Osama bin Laden, deceased, and al Qaeda, and the

*Havlish* Plaintiffs obtained a final enforceable judgment for money damages against all of them

on October 12, 2012.  The *Hoglan*, *Ray*, and *Ryan* actions named as defendants the Islamic

Republic of Iran and fifteen of Iran's political subdivisions, agencies and instrumentalities, but did

not name the Taliban.

On February 11, 2022, counsel filed the original *Grazioso* Complaint, establishing civil action 1:22-cv-01188 (GBD)(SN). *Grazioso* Doc. No. 1. The *Grazioso* Plaintiffs are those *Hoglan*, *Ray*, and *Ryan* Plaintiffs who are not plaintiffs in other cases against the Taliban in this MDL.

At the time of the original filing, February 11, 2022, the *Grazioso* Plaintiffs indicated on the Civil Cover Sheet that the *Grazioso* case is related to the *In Re: September 11, 2001 Terrorist Attacks on the United States*, 03 MDL 1570 (GBD)(SN), and, as well, filed a Statement of Relatedness to the MDL. *Grazioso* Doc. Nos. 2 and 3.

On August 1, 2022, counsel filed an Amended Complaint in *Grazioso* in order to add certain Plaintiffs who are also represented by co-counsel in the *Ray* case. *Grazioso* Doc. No. 19. In connection with the filing of the Amended Complaint, counsel realized that the original *Grazioso* Complaint had not been placed onto the MDL docket and, therefore, the Amended Complaint could not be filed on the MDL docket, only on the *Grazioso* docket. In order to complete the filing of the Amended Complaint on August 1, 2022, counsel proceeded to file it on the *Grazioso* docket. Counsel then conferred telephonically with the Clerk of Court, and, based on information received thereby, subsequently re-filed the original Complaint, exactly as it was originally filed on February 11, 2022, on the MDL docket on August 19, 2022. MDL Doc. No. 8400. Again, after conferring with the Clerk's office, counsel also re-filed the Amended Complaint, exactly as it was filed on August 1, 2022, on the MDL docket on August 20, 2022. MDL Doc. No. 8416.

At the time of the original filing in February, 2022, Plaintiffs' counsel had not submitted a letter to Your Honors requesting that the case be placed into the 9/11 MDL. Realizing that omission, undersigned counsel did so on August 20, 2022. (That letter indicated the original filing

was on February 12, 2022; in fact, the original Complaint was actually filed on February 11, 2022.)

Following the re-filing of the Amended Complaint on the MDL docket, counsel learned that the claims of two Plaintiffs, both long-time Plaintiffs in this MDL, were inadvertently left off the Amended Complaint.  Accordingly, this Motion seeks leave of Court to add both of those parties as named Plaintiffs in a *Grazioso* Second Amended Complaint.

The first claim is that of Debra Zeplin as Personal Representative of the Estate of Marc Scott Zeplin, Deceased.  Debra Zeplin, as Personal Representative of the Estate of Marc Scott Zeplin, received a judgment against Iran in *Hoglan* on October 31, 2016.  MDL Doc. No. 3382.

The second claim is that of Joseph F. Maher, a surviving child of 9/11 decedent Daniel L. Maher.  Joseph F. Maher received a judgment against Iran on October 31, 2016, while represented by other counsel in *Bauer, et al. v. al-Qaeda Islamic Army, et al.*  MDL Doc. No. 3387.  This Court subsequently entered an Order on November 26, 2019, substituting the undersigned lead counsel as counsel for Joseph F. Maher, as well as certain others, for purposes of enforcement of the judgment against Iran obtained by those Plaintiffs, and certain others, in *Bauer*.  MDL Doc. No. 5312.

LEGAL DISCUSSION

Rule 15(a)(2), Fed.R.Civ.P., allows a plaintiff to file a second amended complaint with leave of Court.  The Rule provides that the Court "should freely give leave when justice so requires."  *Id.*

As a general matter, "[t]he district court has discretion whether or not to grant leave to amend …." 3 *Moore's Federal Practice* ¶15.08[4], at 15-64 (2d ed. 1992) (footnotes omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Evans v. Syracuse City School District*, 7-04 F.2d 44, 47 (2d Cir. 1983).  In exercising its discretion, the district court is required to heed

the command of Rule 15(a) to grant leave to amend "freely . . . when justice so requires." Fed.R.Civ.P. 15(a); *see Foman v. Davis,* 371 U.S. at 182; *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir. 1990) ("Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground"); 3 *Moore's Federal Practice* ¶ 15.08[4], at 15-65.

The Rule 15(a)(2) standard is clearly met here.   The *Grazioso* case has not yet proceeded in any substantive way, and all four defendants will be served (or at least, service will be attempted by Plaintiffs) in due course.   Notably, none of the *Grazioso* defendants have ever entered an appearance in any of the many actions brought against them arising out of the terrorist attacks of September 11, 2001.   Defendants will suffer no prejudice as a result of the filing of a Second Amended Complaint.   The *Grazioso* case is in its initial stages, the Defendants have not yet been served, all available defenses are still available to the Defendants, the claims of the two parties to be do not differ materially from the other Plaintiffs in the case, and no discovery or pretrial motion practice has yet occurred.

Moreover, all Defendants are, and have been for two decades, on notice that claims have been filed against them as a result of their roles in the terrorist attacks of September 11, 2001.   The four Defendants all failed to appear in *Havlish* during the liability phase of that case, and, further, the Defendant Taliban has failed to appear in the pending turnover litigation initiated by the *Havlish* Plaintiffs despite being served several different ways pursuant to Order of this Court. MDL Doc. No. 7830.   *See also* July 27, 2022, service letter submitted by the *Havlish* Plaintiffs, detailing their compliance with this Court's service Order in the turnover litigation.   MDL Doc. No. 8277.

Justice would also be served by granting this Motion.   Without leave, the two parties, both

long-time Plaintiffs in this MDL, would have to file a separate lawsuit to assert their rights against the four Defendants, rather than joining the instant suit which is already pending in this Court and has not proceeded beyond the initial filing.  Thus, a grant of this Motion would conserve both judicial and the parties' resources.

Finally, granting the Motion would add the above-mentioned two parties as Plaintiffs, but that would be the only change from the Amended Complaint.

CONCLUSION

Leave to file the proposed Second Amended Complaint in this case would be consistent with the standard of Rule 15(a) to grant leave to amend "freely . . . when justice so requires." Accordingly, Plaintiffs request that this Honorable Court grant the Motion and enter the proposed Order submitted with the Motion for Leave To Add Plaintiffs And To File Plaintiffs' Proposed Second Amended Complaint.

Respectfully Submitted,

Date: August 22, 2022                    /s/ Timothy B. Fleming
                                         Timothy B. Fleming (DC Bar No. 351114)
                                         WIGGINS CHILDS PANTAZIS
                                         FISHER GOLDFARB, PLLC
                                         2202 18th Street, N.W., #110
                                         Washington, DC  20009-1813
                                         (202) 467-4489

                                         Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                         WIGGINS CHILDS PANTAZIS
                                         FISHER GOLDFARB, LLC   (*Lead Counsel*)
                                         The Kress Building
                                         301 19th Street North
                                         Birmingham, AL  35203
                                         (205) 314-0500

                                         Richard D. Hailey (IN Bar No. 7375-49)
                                         Mary Beth Ramey (IN Bar No. 5876-49)
                                         RAMEY & HAILEY
                                         3905 Founders Road

Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

David C. Lee (TN Bar No. 015217)
422 South Gay Street, 3rd Floor
Knoxville, TN  37902
(865) 544-0101

Evan J. Yegelwel (FL Bar No. 319554)
TERRELL HOGAN ELLIS
   YEGELWEL, P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL  32202
(904) 632-2424

Edward H. Rubenstone (PA Bar No. 16542)
EDWARD H. RUBENSTONE, LLC
812 N. Fairway Rd.
Glenside, PA 19038
(215) 887-9786

*Attorneys for the* Grazioso *Plaintiffs, Debra Zeplin,
as Personal Representative of the Estate of Marc
Scott Zeplin, and Joseph R. Maher*

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401

*Co-Counsel for* Grazioso *Plaintiffs Harley
DiNardo, Individually, Harley DiNardo as Personal
Representative of the Estate of Esterina DiNardo;
Pio DiNardo; Andrew Economos, Individually;
Andrew Economos, as Co-Personal Representatives*

6

*of the Estate of Leon Economos; Olga Valinotti, Individually; Olga Valinotti, as Co-Personal Representative of the Estate of Leon Economos; Constance Finnicum; George Gabrielle a/k/a Gabe Gabrielle; Mary Ellen Murach, Individually; Mary Ellen Murach, as Personal Representative of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*