

August 23, 2022

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax       215-701-2105
scarter1@cozen.com

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

RE: ***In re Terrorist Attacks on September 11, 2001***, No. 03-md-1570 (GBD) (SN)
   ***Havlish et al. v. Bin Laden et al.***, No. 03-cv-9848 (GBD) (SN)
   ***John Does 1 through 7 v. the Taliban***, No. 20-mc-740 (GBD) (SN)
   ***Federal Insurance Co., et al. v. al Qaida***, *et al.*, No. 03-cv-6978 (GBD) (SN)
   Deadlines for Taliban and DAB to Respond

Dear Judge Daniels and Judge Netburn:

On behalf of Judgment Creditors Fiona Havlish, *et al*. (the "Havlish Creditors") and Judgment Creditors Federal Insurance Co., *et al*. (the "Federal Insurance Creditors") (collectively "the Joint Judgment Creditors"), along with the Burnett, O'Neill, Hoglan, Grazioso, Ray, and Ryan Plaintiffs (collectively, the "Framework Agreement Plaintiffs"), we submit this letter to advise the Court of the expiration of the deadlines for the Taliban and Da Afghanistan Bank ("DAB") to appear in the Federal Insurance turnover proceeding, and to provide the Court with additional information concerning the Framework Agreement.

1. <u>The Deadline for the Taliban and DAB to Appear in the Federal Insurance Turnover Proceeding Has Expired.</u>

The Havlish and Doe Creditors previously wrote to the Court on July 27, 2022 to advise that the deadlines for the Taliban and DAB to appear in the Havlish and Doe turnover proceedings had passed. ECF No. 8277. That is now the case in the Federal Insurance turnover proceeding as well, regardless of which of several acts of service the Court deems to have completed service, and it is the case regardless of whether DAB is treated as an agency or instrumentality of a foreign state and thereby entitled to a sixty-day response deadline under 28 U.S.C. § 1608(d). As a result, all briefing in connection with the turnover proceedings is complete.

On May 2, 2022, the Federal Insurance Creditors served their turnover papers on DAB by personally serving Dr. Shah Mehrabi. Dkt. 7943; Dkt. 8125 ¶ 2. On May 4, 2022, Judge Netburn

August 23, 2022
Page 2

issued an Order permitting the Federal Insurance Creditors to "achieve supplemental and alternative service on the Taliban and DAB using the methods authorized by the Court at ECF No. 7830," which authorized alternative and supplemental service of the Havlish and Doe Creditors' turnover motions. *See* Dkt. 7946.

In accordance with the Court's Orders at Dkts. 7830 and 7946, the Federal Insurance Creditors first effected email service on DAB on May 20, 2022. *See* Dkt. 8125 ¶¶ 10-12. Next, on May 24, 2022, the Federal Insurance Creditors served the Taliban and DAB via Twitter. *Id.* ¶¶ 13-23. Finally, in conformity with the Court's Order at Dkt. 7830 and CPLR § 316, the Federal Insurance Creditors served the Taliban and DAB via publication in the *New York Times* and *Al-Quds Al-Arabi*. *Id.* ¶¶ 24-32. English-language notices of the turnover proceedings were published in the *New York Times* on May 23, 2022, May 30, 2022, June 6, 2022, and June 13, 2022. Arabic-language notices were published in *Al-Quds Al-Arabi* on May 25, 2022, June 1, 2022, June 8, 2022, and June 15, 2022. *Id.* ¶¶ 26-32. Each of the notices included links to a website containing the Federal Insurance Creditors' turnover papers. *Id.* at ¶¶ 7-9, 11, 14, 16, 18, 20, 22, 24.

The first date of publication of the Federal Insurance Creditors' motion was May 23, 2022, making service by publication—and all service—complete 28 days later on June 20, 2022. *See* CPLR § 316(c). At that point, as discussed above, the Taliban had either 21 days to respond under the federal rules (July 11, 2022) or 30 days to respond under the New York state rules (July 20, 2022). Under either regime, and assuming service on the Taliban was not complete until service by publication was complete, the latest possible deadline for the Taliban's appearance would have been in mid-to-late July and has now passed.

The same rules apply to DAB, unless the Court chooses to treat DAB as an agency or instrumentality of the State of Afghanistan for purposes of service, in which case DAB would have sixty days from the completion of service to respond. *See* 28 U.S.C. § 1608(d). If DAB is treated as an agency or instrumentality of a foreign sovereign, and even if the Court determines that service on DAB was not complete until service by publication was complete on June 20, 2022, the latest possible deadline for DAB to appear was August 19, 2022, which has now passed.

Because any potentially applicable deadlines for the Taliban and DAB to appear and respond to any of the turnover motions have now passed, *see* ECF No. 8277 (discussing expiration of deadlines in Havlish and Doe turnover proceedings), all of the Joint Judgment Creditors' turnover motions are ripe for adjudication as the Court sees fit.

2. <u>In the Event the Court Determines that the Blocked Assets are Subject to Turnover, the Joint Judgment Creditors and the Framework Agreement Plaintiffs are Prepared to Implement the Framework to Provide Broad Relief to the 9/11 Community.</u>

In the event the Court determines that the blocked DAB funds are subject to turnover pursuant to the pending turnover motions, the parties are prepared to promptly implement the Framework Agreement to distribute in excess of $1 billion to the nearly 10,000 individual members the 9/11 Community who are participating in that Agreement. For the Court's awareness, the Joint Judgment Creditors and the Framework Agreement Plaintiffs provide a few key details concerning the mechanics of how this would be achieved.

August 23, 2022
Page 3

---

As previously reported, *see* ECF No. 7790, the Framework Agreement contemplates and has been structured to accommodate the participation of approximately 10,000 individual plaintiffs who do not have judgments against the Taliban, many of whom may not be in a position to secure a judgment for some time. To achieve this result, the parties to the Framework Agreement contemplate that DAB funds deemed subject to turnover would be distributed through Qualified Settlement Funds ("QSFs") established pursuant to 26 CFR § 1.468B-1. If the Court determines that the DAB assets are subject to turnover, the Havlish, Federal Insurance Creditors and Framework Agreement Plaintiffs will request that the Court enter an order directing the FBRNY to turn over the blocked DAB funds subject to turnover to the QSFs, rather than to the Havlish and Federal Insurance Creditors directly. The QSFs would then serve as the vehicle for allocating and distributing funds to both the judgment creditors and the rest of the participating 9/11 Community, pursuant the Framework Agreement.

The Framework Agreement envisions a process by which the participating Framework Agreement Plaintiffs, all of whom have claims on file against the Taliban for wrongful death or personal injury caused by the September 11 attacks, will be able to apply to an outside claims administrator selected and retained by the parties in order to secure an award. Awards would be determined by the claims administrator on the basis of a defined set of relevant equitable considerations. These simple applications will be completed and submitted by counsel, so that the burden will not fall to the individual participants. *To be clear, under this approach, qualifying individual plaintiffs would not need to have secured final judgments against the Taliban in order to receive an award and distribution from the QSFs. The Framework Agreement provides the vehicle to apportion and distribute funds to the individual Framework Agreement Plaintiffs.*

As a result of a series of in-person meetings and numerous video conferences and phone discussions over the last several weeks, counsel for the Joint Judgment Creditors and the Framework Agreement Plaintiffs have finalized the operative documents necessary to implement the Framework Agreement. They have also reached agreement on an administrator for the QSFs, and have had discussions with two experienced individuals who have expressed interest in serving as administrators of the claims process to assist in reviewing applications from the individual Framework Agreement Plaintiffs.

The Joint Judgment Creditors and the Framework Agreement Plaintiffs stand ready to present the Court with fulsome details on all of these issues, when and if the Court deems it appropriate, and thank the Court in advance for its consideration of these matters.

August 23, 2022
Page 4

Respectfully submitted,

/s/ Sean P. Carter
Sean P. Carter, Esq.
Stephen A. Cozen, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2105
scarter1@cozen.com

*Counsel for Judgment Creditors Federal Insurance Co., et al.*

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Tel: (202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

/s/ Dennis G. Pantazis
Dennis G. Pantazis
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Tel: (205) 314-0500
dgp@wigginschilds.com

August 23, 2022
Page 5

---

Timothy B. Fleming
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC
2202 18th Street, N.W., #110
Washington, D.C. 20009
Tel: (202) 467-4489
tfleming@wigginschilds.com

*Counsel for the Hoglan, Grazioso, Ray, and Ryan Framework Agreement Plaintiffs*

/s/ Robert T. Haefele
Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel: (843) 216-9184
rhaefele@motleyrice.com

*Counsel for the Burnett Framework Agreement Plaintiffs*

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Anderson Kill
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
jgoldman@andersonkill.com

*Counsel for the O'Neill Framework Agreement Plaintiffs*


cc:     All MDL Counsel of Record (via ECF)


LEGAL\59262109\1