1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                           JENNER&BLOCK LLP

August 23, 2022

<u>VIA ECF</u>

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)
     *Havlish, et al. v. Bin Laden, et al.*, No. 03-cv-9848 (GBD) (SN)
     *John Does 1 through 7 v. the Taliban, et al.*, No. 20-mc-740 (GBD) (SN)
     *Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978 (GBD) (SN)
     *Smith v. the Islamic Republic of Iraq*, No. 01-cv-10132 (GBD) (SN)
     *Ashton, et al. v. al Qaeda Islamic Army, et al.*, No. 02-cv-6977 (GBD) (SN)
     <u>**Ashton Plaintiffs' Letter of August 22, 2022 (Dkt. 8423)**</u>

Dear Judges Daniels and Netburn:

   On behalf of Judgment Creditors Fiona Havlish, *et al*. (the "Havlish Creditors"), Judgment Creditors John Does 1 through 7 (the "Doe Creditors"), Judgment Creditors Federal Insurance Co., *et al*. (the "Federal Insurance Creditors"), and Judgment Creditors Estate of Smith, *et al*. (the "Smith Creditors")—collectively, the "Joint Creditors"—we reluctantly write in response to the Ashton Plaintiffs' letter dated yesterday, August 22, 2022 (Dkt. 8423, the "Aug. 22 Letter"). The Joint Creditors have already provided the Court with ample legal authority for the summary denial of the Ashton Plaintiffs' improper Rule 62 motion. *See* Dkt. 8419. In the event the Court determines that more extensive briefing on the motion is appropriate, the Joint Creditors will reserve further responses to the legal points raised in the Aug. 22 Letter.

   The Joint Creditors nevertheless write to address the Ashton Plaintiffs' repeated references to the equities at stake in this dispute, which they invoke to yet again baselessly attack the Joint Creditors.[1] *See, e.g.*, Aug. 22 Letter at 2. While it is law rather than equity that must ultimately

---

[1] The Ashton Plaintiffs accuse the Joint Creditors of "vitriol" in their legal filings, but it is the Ashton Plaintiffs who have repeatedly resorted to attacks of the most vitriolic and personal nature. By means of example, counsel for the Ashton Plaintiffs have publicly called the Havlish Creditors' counsel "greedy pigs". Mike Kelly, *Biden's 9/11 settlement creates a nightmare families never wanted to face*, NorthJersey.com (Feb. 17, 2022),

Page 2

control the outcome of the ongoing turnover proceedings—and no equitable principle supports setting aside established legal principles—the Ashton Plaintiffs' untrue assertions regarding the equities as to the Framework Agreement must be answered.

As the Havlish and Doe Creditors have explained in detail, any weighing of equities in this case must account for the totality of the circumstances omitted from the Aug. 22 Letter. Dkt. 7928 at 2–4 ("[W]hen it comes to the DAB Assets, discussions of equity cannot leave out twenty years of decisions made by the 9/11 Community and their lawyers."). For example, the Ashton Plaintiffs fail to mention that they and their lawyers have recovered an amount believed to be in the hundreds of millions of dollars from the U.S. Victims of State Sponsored Terrorism Fund ("VSST"). (We do not know precisely how much, because the Ashton Plaintiffs and their lawyers have refused to disclose the total amount of their recovery.) That amount will increase when the VSST issues a fourth round of payments in the coming months. They also fail to mention that, unlike the Ashton Plaintiffs, the Havlish Creditors overwhelmingly elected not to participate in the VSST[2]—instead the Havlish Creditors elected to pursue justice and compensation by enforcing their judgments on a worldwide basis directly against those found liable for the September 11 terrorist attacks (and their agencies and instrumentalities, as provided by law). And, the Havlish Creditors respectfully submit, the Ashton Plaintiffs fail to mention that they (and their counsel) were able to collect their compensation from the VSST only because the Havlish Creditors built the case and developed the evidence that established that the Islamic Republic of Iran should be found liable for the 9/11 attacks, and developed the damages model used by the Court in all of the MDL cases—evidence and findings the Ashton Plaintiffs have expressly used (despite opposing, in open court, the Havlish plaintiffs' efforts to proceed to trial at all) to obtain judgments against Iran, thereby qualifying for the hundreds of millions of dollars in VSST distributions that they, but not the Havlish Creditors, have received. It makes no sense to limit the equitable lens in the way the Ashton Plaintiffs now opportunistically propose.

---

https://www.northjersey.com/story/news/columnists/mike-kelly/2022/02/17/biden-9-11-settlement-victims-families-face-money-conflict/6791659001/. On the day they filed their "Emergency Motion," the Ashton Plaintiffs publicly accused counsel for the Havlish Creditors of corruption. Joel Gehrke, *Biden's move to compensate Taliban victims leaves 9/11 families seething*, Wash. Examiner (Aug. 19, 2022), https://www.washingtonexaminer.com/policy/defense-national-security/bidens-taliban-families-seething. There are many more examples. The Joint Creditors have never engaged in attacks upon the motives of the Ashton Plaintiffs or their counsel. Instead, the Joint Creditors remain focused on what the law demands—all while holding the door open to the Ashton Plaintiffs to participate in the negotiation and consummation of the Framework Agreement. The Ashton Plaintiffs have repeatedly refused to take up these offers, but have instead resorted to personal attacks in the media and in Congress. Indeed, the Ashton Plaintiffs have acknowledged *to this Court* that they had the opportunity to participate in discussions concerning the Framework Agreement. Dkt. 7795.

[2] Of the $1.6 billion distributed to the 9/11 Community from the VSST, eight Havlish Creditors who elected to assign their VSST claims to the U.S. Government have received $9.8 million—or 0.5 percent of the total funds distributed from the VSST. *See* Dkt. 7928 at 3.

Page 3

In any case, "equity aids the vigilant, not those who sleep on their rights." *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998) (citation omitted). Thus, any consideration of principles of equity would have to begin with an examination of the parties' relative diligence in pursuing claims and final judgments against the Taliban. The Ashton Plaintiffs should not be permitted to invoke equity in support of an argument against turnover that they failed to raise four months ago. *See* Dkt. 8339 at 1–2. They should not be permitted to invoke equity to save themselves from litigation strategy decisions they consciously made more than fifteen years ago simply because they now wish they had decided differently. And, they should not be permitted to invoke equity when the result would perpetuate unequal treatment that has resulted from the VSST distributions they chose to take from the government while the Havlish Creditors were pursuing those directly liable for the attacks.

The Joint Creditors are grateful to the Court for considering these points, and we appreciate the Court's time and patience with this matter.

Respectfully submitted,

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell *(pro hac vice)*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

/s/ Orlando do Campo
Orlando do Campo
John Thornton (*pro hac vice)*
Daniela Jaramillo (*pro hac vice*)
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
od@dandtlaw.com

*Counsel for Judgment Creditors John Does 1-7*

Page 4

/s/ Sean P. Carter
Sean P. Carter, Esq.
Stephen A. Cozen, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2105
scarter1@cozen.com

*Counsel for Judgment Creditors Federal Insurance Co., et al.*

/s/ James Edwin Beasley
James Edwin Beasley
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215)-592-1000
jbj@beasleyfirm.com

*Counsel for Judgment Creditors Estate of Smith, et al.*

cc: All counsel of record (by ECF)