| | |
|---|---|
| do Campo & Thornton, P.A. | ATTORNEYS AT LAW |

CHASE BANK BUILDING
150 S.E. SECOND AVENUE • SUITE 602
MIAMI, FLORIDA 33131
PH 305 358 6600 • FAX 358 6601
DANDTLAW.COM

August 23, 2022

**VIA CM/ECF**
The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *John Does 1 Through 7 v. The Taliban et al.*, No. 20 Misc. 740 (GBD)(SN);
      *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)

Dear Judges Daniels and Netburn:

  Doe Judgment Creditors ("Doe Creditors"), while joining the Joint Creditors' letter filed contemporaneously herewith, provide the following in response to the Ashton Plaintiffs' letter dated yesterday, August 22, 2022 (Dkt. 8423) to address the particularities of the equities as they concern Doe Creditors.

  Doe Creditors – who went to Afghanistan in service of their nation and were bombed there in an attack orchestrated by the Taliban working in concert with al Qaeda and the Haqqani Network – not only have not elected, but they have no recourse from the VSST. Doe Creditors thus, like the Havlish Creditors, have diligently pursued the recoveries available to them pursuant to TRIA. Nearly one year ago, on August 26, 2021, Doe Creditors filed an emergency motion providing factual and legal support for all four TRIA requirements, and asking the Court to adjudicate the execution process for recovery of DAB assets according to established methods that ensured due process. Doe Dkt. 15. It is no fault of Doe Creditors that they were ordered into a slightly different process, and that the adjudication of their execution was so delayed. Meanwhile, the Ashton Plaintiffs seem uninterested in the work of locating and establishing the agency or instrumentality status of entities whose assets have been blocked, and particularly uninterested in the Taliban. They stood idly by while Doe Creditors have collected smaller sums from blocked assets related to al Qaeda. After 20 years, they have not even bothered to get a

money judgment against the Taliban, yet ask the Court to pretend that they had. They try to mislead the Court into believing that the particular blocked assets subject to the ripe turnover motions are the only ones that will ever be available. But TRIA (like the VSST) is a renewing resource, and assets associated with the Taliban and their other judgment debtors will continue to be blocked (and the Taliban especially, now that they control a nation). Their failure to see this is indicative of why the Ashton Plaintiffs are in the position they are in as concerns the DAB blocked assets. Regardless, one thing is clear: just as they never offered to share their VSST recoveries with Doe Creditors, they never would have offered to share anything with Doe Creditors had they not been so delinquent, but rather had been the diligent party. Indeed, they would have vigorously, and rightly, opposed any attempt by Doe Creditors to file papers in their proceedings. Equity does not favor them now.

                                                          Respectfully submitted,

*/s/ Orlando do Campo*
Orlando do Campo
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
Phone 305 358 6600
Email od@dandtlaw.com

*/s/ John Thornton*
John Thornton (*pro hac vice*)
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
Phone 305 358 6600
Email jt@dandtlaw.com

*/s/ Daniela Jaramillo*
Daniela Jaramillo (*pro hac vice*)
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
Phone 305 358 6600
Email dj@dandtlaw.com
*Counsel for the Doe Creditors*