UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

This document relates to:

*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.,* Case No. 03-cv-9849 (GBD)(SN)

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO CLARIFY THEIR PLEADINGS RELATED TO MULTIPLE-CAPACITY CLAIMS

Plaintiffs herein move to amend the caption of their Complaint to incorporate the multiple capacities of individual plaintiffs who were previously listed in their own name only without setting forth these multiple-capacity claims that are permitted under Fed. R. Civ. P. 17. The list of the plaintiffs named in this litigation between 2002 and 2005 who have pursued claims in multiple capacities that were not previously disclosed is set forth as Exhibit A to the Declaration of John M. Eubanks being filed contemporaneously with this memorandum of law. This motion seeks to identify those estates of individuals who were killed in the terrorist attacks on September 11, 2001 for whom these individual plaintiffs serve as estate representative and also to identify those minor children on whose behalf they were pursuing claims and permitting those previously minor children to be named in their own right in this litigation going forward as they are no longer minors. In an effort to streamline the identification of plaintiffs in this litigation and to provide clarity and ease of reference for the Court, Plaintiffs now seek to amend the caption in this case to set forth all of the separate parties and not just the nominal "real party in interest." This is the second such motion filed with the Court, and Plaintiffs do not intend to file any additional such motions. *See* ECF No. 8393.

**ARGUMENT**

**I.     Fed. R. Civ. P. 17(a) permits suit to be brought by the "real party in interest" without setting forth the various capacities in which that individual may be asserting claims.**

Rule 17 of the Federal Rules of Civil Procedure provides that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). It provides that an executor, administrator, guardian, bailee, trustee of an express trust, "a party with whom or in whose name a contract has been made for another's benefit", and "a party authorized by statute" may sue in his or her own name "without joining the person for whose benefit the action is brought[.]" *Id*. Rule 17(b) provides that the capacity of an individual to **sue** be determined by the law of the state where the court is located. *Jordan v. Metro-North Commuter R.R. Co.*, No. 3:13-cv-749 (JBA), 2015 U.S. Dist. LEXIS 129723, at *6 (D. Conn. Sep. 28, 2015); Fed. R. Civ. P. 17(b). Rule 17(b)(3) provides that New York law governs the subject estate's capacity to sue or be sued. *Architectural Body Research Found. v. Reversible Destiny Found., Inc.*, 335 F. Supp. 3d 621, 634 (S.D.N.Y. 2018); Fed. R. Civ. P. 17(b)(3). In this case, a significant number of individual plaintiffs were named without setting forth their capacity as either the personal representative of the estate of an individual killed in the terrorist attacks on September 11, 2001, or as the legal guardian of minor children notwithstanding that they were asserting claims in these capacities in addition to their individual capacities.

"An estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator" of the estate under New York law. *Wilmington Trust v. Estate of McClendon*, 287 F. Supp. 3d 353, 373 (S.D.N.Y. 2018), *quoting Visutton Assocs. v. Fastman*, 991 N.Y.S.2d 240, 242 (N.Y. App. 2d Dep't 2014). Thus, the real party in interest for an estate is the personal representative (or executor or administrator) of the estate. Here, the real parties in interest, the individuals ultimately responsible for bringing suit on behalf of the decedents' estates, are

2

already named plaintiffs in this action. Inserting Plaintiffs' appointments as personal representatives prevents any ultimate confusion, promotes judicial economy, and does not fundamentally change any fact, claim, or party in this matter. It would merely clarify Plaintiffs' roles as real parties in interest as representatives of the estates. The Court has graciously permitted such a clarification of pleadings within this MDL on the same grounds. *See* ECF No. 4778 (Aug. 9, 2019).

In addition to explicitly identifying with their already-named personal representatives all of the relevant estates of individuals killed in the terrorist attacks on September 11, 2001, Plaintiffs also seek to break out the claims of children of individuals who were killed in the terrorist attacks on September 11, 2001 who were minors at the time their surviving parent or legal guardian was named as a plaintiff in this litigation. A "minor or an incompetent person" may have their claims brought by a representative who is a guardian, committee, conservator, or "a like fiduciary." Fed. R. Civ. P. 17(c).  In this case, a large number of the individuals who were killed in the terrorist attacks on September 11, 2001, had children who were minors at the time of their death.  When this case was filed, the claims of these minor children, for the most part, were – pursuant to Fed. R. Civ. P. 17(a)(1) – subsumed within the claims of their guardian who was, in most circumstances, their surviving parent or a court-appointed legal guardian.  As their status as minors has dissipated over the course of this litigation, Plaintiffs now seek to clarify for the Court those real parties in interest whose claims were asserted at the outset through representatives in accordance with Rule 17(a)(1) and who are proceeding in accordance with the various pleadings that added plaintiffs to this litigation between 2002 and 2005.

Exhibit A to the Declaration of John M. Eubanks, which is being filed with this memorandum of law, sets forth a supplemental listing of individuals whose claims have been

asserted in this litigation who were pursuing claims in multiple capacities (individually, possibly as the personal representative of an estate, and/or as the parent or guardian of a minor child) when their claims were initially filed in court.[1] Exhibit A sets forth the initial pleading where the "real party in interest" first appears and also sets forth the multiple capacities in which they were pursuing this litigation. Plaintiffs seek a determination from the Court that each of the multiple-capacity claims constitute separate plaintiffs in this litigation relating back to the initial filing of the pleadings that contained the names of the real parties in interest.

## II.     The clarification sought here should be freely provided to permit the assertion of just claims in this litigation.

Rule 15 provides that, for amendments made before trial but outside the provisions of 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Leave to amend should be freely given in absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Morris v. Fordham Univ.*, 2004 U.S. Dist. LEXIS 7310, at *20 (S.D.N.Y. Apr. 27, 2004) (citing *Poloron Prods. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 560 (S.D.N.Y. 1976)). Ultimately, whether to allow amendment to a Complaint is a matter within this Court's discretion and should be determined so as "to secure the just, speedy, and inexpensive determination of every action." *Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161, 1169 (S.D.N.Y. 1979) (citing *Forman* at 182).

---

[1] The list found at Exhibit A is supplemental to the list provided to the Court in association with ECF No. 8393.

4

Here, Plaintiffs seek solely to include the multiple capacities under which individual plaintiffs—whose claims are already being pursued in this case—are proceeding. There is no dilatory motive and does not create any undue prejudice.

The instant case is factually similar to *Espinoza v. Eli Lilly & Co.*, 116 F. Supp. 2d 546 (D. Vt. 2000). In that case, the plaintiffs, mother and father of a decedent, sued for damages related to the death of decedent, including wrongful death, in their individual capacity. *Espinoza*, 116 F. Supp. 2d at 548. The operative wrongful death statute at issue there, as here, required an action for wrongful death to be brought in the name of the personal representative of the deceased. *Espinoza* at 549. The *Espinoza* plaintiffs filed a motion to amend the complaint to include the father in his capacity as the personal representative of the estate and, to avoid dismissal for statute of limitations, to allow relation back to the date of the original filing. Id. The court noted:

> The Second Circuit has held that "the substitution of [plaintiffs] after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances."

*Id.* (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997)). Furthermore, the court determined that a delay in amending a complaint to state plaintiff's capacity, without any resulting prejudice to the defendant or obvious procrastination to harass the defendant, should not serve as the reason to deny leave to amend after the expiry of the statute of limitations. *Espinoza* at 550.

Rules 15 and 17(a) have historically contemplated the proposed change of plaintiffs:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. *Also relevant is . . . Rule 17(a)* (real party in interest). *To avoid forfeitures of just claims*, . . . *Rule 17(a)* . . . *provides that no action shall be*

5

> *dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect ....*

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (citing Fed. R. Civ. P. 15 Advisory Committee Notes (1966)) (emphasis added).

Since the initial filing of the Complaint, defendants have been on notice of Plaintiffs' wrongful death and survival claims. Prejudice is absent where defendants have not moved to dismiss the claims of individual plaintiffs for failure to state a claim or on the grounds that Plaintiffs lack capacity to sue. Where statute promulgates that Plaintiffs' wrongful death and survival actions must be brought by the personal representatives of the decedents' estates, zero prejudice will result from the amendment of the Complaint in this matter to include Plaintiffs' multiple capacities under which this litigation was brought from the outset. The same is true for substituting the claims of children who were minors at the time their claims were asserted by their representatives. Permitting them to continue to pursue their claims in their own names as the real parties in interest now that they are no longer minors accords with the Second Circuit's rationale in *Advanced Magnetics* to "avoid forfeitures of just claims."

**III.    The clarification sought here relates back to the original pleadings**

Plaintiffs submit that the clarification sought here should relate back to the original pleadings on two grounds. First, the claims were initially asserted pursuant to Fed. R. Civ. P. 17(a) on behalf of the real parties in interest, and this clarification simply seeks to make clear to the Court and all parties all of the various distinct claimants who are asserting claims either pursuant to these original "real parties in interest" (specifically related to the estates of individuals killed in the terrorist attacks on September 11, 2001) or who have since that filing reached a sufficient age to permit them to be the "real parties in interest" in their own right (specifically, former minor children of individuals who were killed in the terrorist attacks on September 11, 2001).

Second, Plaintiffs' claims relate back pursuant to Fed. R. Civ. P. 15(c)(1)(B) which provides that an amendment relates back to the original pleadings where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Here, each of the claims arise out of the terrorist attacks on September 11, 2001, and Defendants were put on notice of the claims of family members and representatives of estates and minors of individuals who were killed in the terrorist attacks on September 11, 2001 such that these identified parties—whose claims were asserted through representatives under Fed. R. Civ. P. 17(a)—were known, or should have been known, by the Defendants such that no prejudice should inure to them by permitting each of these claims to relate back to the filing of claims on behalf of their "real party in interest" between August 15, 2002 and January 3, 2005.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to clarify their pleadings pursuant to Rules 15 and 17, and to permit the recognition of each of the multiple capacities set forth in Exhibit A to the Declaration of John M. Eubanks to be considered separate parties in this litigation including personal representatives suing in their individual capacities and on behalf of estates and also for formerly minor children to pursue their claims now as adults as real parties in interest in their own right.

Dated: August 26, 2022                                   Respectfully submitted,

                                                            /s/ John Eubanks                         
                                                           Jodi Westbrook Flowers, Esq.
                                                           Donald A. Migliori, Esq.
                                                           Michael Elsner, Esq. (SDNY Bar #ME8337)
                                                           Robert T. Haefele, Esq. (SDNY Bar #RH2811)
                                                           John Eubanks, Esq.
                                                           MOTLEY RICE LLC
                                                           Mount Pleasant, SC 29464

Telephone: (843) 216-9000
Facsimile: (843) 216-9450
jflowers@motleyrice.com
dmigliori@motleyrice.com
melsner@motleyrice.com
rhaefele@motleyrice.com
jeubanks@motleyrice.com

*Attorneys for the* Burnett *Plaintiffs*