UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

This document relates to:

*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.,* Case No. 03-cv-9849 (GBD)(SN)

## DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO CLARIFY THEIR PLEADINGS RELATED TO MULTIPLE-CAPACITY CLAIMS

JOHN M. EUBANKS, Esquire, hereby states under penalty of perjury that:

1. I am a Member Attorney with the law firm of Motley Rice LLC, attorneys for the Plaintiffs in the above-captioned matter. I submit this Declaration in support of Plaintiffs' Motion to Clarify Their Pleadings Related to Multiple-Capacity Claims in the action titled *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD)(SN).

2. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* Plaintiffs in connection with their claims arising out of the terrorist attacks on September 11, 2001, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack Personal knowledge are asserted herein upon information and belief.

3. The *Burnett* litigation was initially filed on August 15, 2002 in the United States District Court for the District of Columbia with Case No. 1:02-cv-01616-JR (D.D.C.). The initial complaint totaled 259 pages when filed. *See* ECF No. 1 in the D.C. case.

4. On September 4, 2002, Plaintiffs filed an Amended Complaint in the *Burnett* litigation in the United States District Court for the District of Columbia. The Amended Complaint totaled 495 pages. *See* ECF No. 3 in the D.C. case.

5. On November 22, 2002, Plaintiffs filed a Third Amended Complaint in the *Burnett* litigation in the United States District Court for the District of Columbia. The Third Amended Complaint consisted of a 406-page complaint with the case caption, allegations against the Defendants, and Counts asserted along with a separate 587-page appendix setting out plaintiff allegations. *See* ECF Nos. 26 and 29 in the D.C. case.

6. On October 7, 2002, District Judge James Robertson in the United States District Court for the District of Columbia entered Case Management Order No. 1 which provided, *inter alia*, that "Subsequent to the filing of the Third Amended Complaint, plaintiffs may without further leave of court add or remove parties by listing their names (and numbers) and filing the lists as supplemental pleadings under Rule 15(d)." *See* ECF No. 15 in the D.C. case.

7. Pursuant to this provision of Judge Robertson's Case Management Order No. 1, the *Burnett* Plaintiffs added lists of new plaintiffs as real parties in interest on the following dates in the D.C. case: February 21, 2003 (ECF No. 77); May 23, 2003 (ECF No. 155); August 1, 2003 (ECF No. 232); September 5, 2003 (ECF No. 305); September 10, 2003 (ECF No. 313); and December 19, 2003 (ECF No. 432).

8. On January 2, 2004, pursuant to an order from the Judicial Panel on Multidistrict Litigation, the *Burnett* case was transferred to the United States District Court for the Southern District of New York with Case No. 03-cv-9849 (RCC).

9. Following transfer to this Court, Plaintiffs filed an addition and removal of parties pursuant to Judge Robertson's prior Case Management Order in the D.C. case and Fed. R. Civ. P.

15(d) on March 10, 2004.  This was filed in-person in the Clerk's Office; however, it does not currently appear on the docket in this Court either in 03-cv-9849 or the docket for the MDL.

      10.      On June 16, 2004, Judge Casey issued Case Management Order #2 in this MDL. Pertinent to this motion was paragraph 12 which states, "Addition of parties: Joinder of additional parties must be accomplished by December 31, 2004.  Plaintiffs may without further leave of court add or remove parties by listing their names and filing the lists as supplemental pleadings under F.R.C.P. 15(d).  The caption in the docket for the Individual Action to which a plaintiff or defendant has been added or removed will be changed to reflect the names of the parties in the Individual Actions as amended by the filing.  Plaintiffs added by this procedure need not re-serve defendants who have already been served."  *See* ECF No. 247.

      11.      On December 31, 2004, the *Burnett* Plaintiffs sought to file an addition of plaintiffs pursuant to paragraph 12 of Case Management Order #2; however, the Court's Electronic Case Filing System was unavailable to accommodate a software upgrade, so the addition of plaintiffs was filed on January 3, 2005 when the Court's Electronic Case Filing System was restored.  *See* ECF No. 602.

      12.      Whereas certain plaintiffs were added to this litigation by means of lists served on the Court, these lists included only names, and those names were limited solely to the real party in interest pursuant to Fed. R. Civ. P. 17(a) in that individuals who were asserting individual claims in addition to claims as personal representatives for 9/11-decedent estates and/or as legal guardians of minors of 9/11 decedents were listed solely in their name without setting out these multiple capacities.

13. The same is true in certain circumstances within the initial Complaint, the Amended Complaint, and the Third Amended Complaint where allegations for certain plaintiffs did not incorporate all of the capacities in which they were asserting claims against the Defendants.

14. The purpose of Plaintiffs' instant motion is to provide clarity to the Court of the identities of all of the parties in the *Burnett* litigation including setting forth those claims of personal representatives on behalf of 9/11-decedent estates and in the names of children of 9/11 decedents who were minors at the time their claims were filed by their representatives and who are now asserting claims in their own right as real parties in interest.

15. Exhibit A, attached hereto, includes the following columns that address the multiple capacities in which the named plaintiffs were pursuing claims while also addressing how those capacities are broken out.

16. The column titled "9/11 Decedent Name" states the name of the individual who was killed in the terrorist attacks on September 11, 2001 whose death gives rise to the claims in this litigation for their loved ones and/or their estate.

17. The column titled "Plaintiff's Name Currently named in Complaint" sets forth the name of the real party in interest whose name was set forth in the pleadings in this case but who was pursuing claims in multiple capacities.

18. The column title "Reference to Plaintiff in Complaint" provides the ECF number and identifying information for where claims on behalf of the real party in interest were initially filed in this litigation.

19. The column titled "Plaintiff's Individual Capacity" sets forth the appropriate capacity caption for the named plaintiff in their individual capacity, e.g., "Concetta Rizzo, Individually as Spouse of John Frank Rizzo, Deceased."

4

20. The column titled "Additional Capacity to be reflected in Amended Caption identifying the estate representative of 9/11 Decedent" sets forth the capacity of the named plaintiff as the personal representative of the designated 9/11 decedent's estate.

21. The column titled "Additional Capacity as Parent or Guardian of Previously Minor Child" sets for the capacity of the named plaintiff at the time their claims were filed as the parent or guardian of a minor child of the 9/11 decedent.

22. The column titled "Name of previously minor child now a plaintiff in their own right" provides the clarifying caption for those formerly minor children who are proceeding in their own right as the real party in interest. Certain of these entries continue to have the surviving parent or guardian bringing the claim on behalf of these formerly minor children as Next of Kin as claims on behalf of these children were contemplated at filing of their parent's claim, but they have not retained counsel as adults to pursue claims on their behalf at the present time.

23. Finally, the last column states that each of these claims arise out of wrongful death-related claims, i.e., they arise from the death of an individual in the terrorist attacks on September 11, 2001.

24. Included with this motion is a proposed Order permitting the supplementation of the *Burnett* Plaintiffs' complaint with this clarifying information on the identity of the Plaintiffs and determining that this clarification relates back to when the real party in interest first filed their claim in this litigation based on the information provided in Exhibit A.

Dated: August 26, 2022

/s/     John M. Eubanks
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9218
Fax: 843-216-9450
Email: jeubanks@motleyrice.com