UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    <u>O'Neill, et al. v. Republic Iraq, et al.</u>, No. 04-cv-1076

Plaintiffs in <u>O'Neill, et al. v. Republic of Iraq, et al.</u>, No. 04-cv-1076 (the "<u>O'Neill</u> Plaintiffs"), make two motions to amend their complaint under Federal Rule of Civil Procedure 15, or in the alternative, to add parties under Rule 21. ECF Nos. 8301, 8451. They also request certain additional considerations to facilitate the amendment.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave. Courts are directed to "freely give leave when justice so requires." <u>Id.</u> This decision is committed to the discretion of the court, <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" <u>Bank v. Gohealth, LLC</u>, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999)). <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . .") These claims are not futile, will not unduly delay these proceedings or prejudice the Taliban, and were

not filed in bad faith or with a dilatory motive. The O'Neill Plaintiffs' motions are therefore GRANTED, and it is further ORDERED that:

- The underlying complaint in O'Neill, No. 04-cv-1076, is amended to include the 42 parties identified in the O'Neill Plaintiffs' appendixes at ECF No. 8304-1 (¶¶ 3089–3116) and ECF No. 8454-1 (¶¶ 3117–3130) as parties in the action against the Taliban;

- These amendments supplement, but do not displace, the underlying complaint in O'Neill, No. 04-cv-1076;

- Prior rulings, orders, and judgments entered in this case remain in effect as to all parties;

- Further service on the Taliban is not required as a result of these amendments, and prior service orders apply, including the Court's order on service by publication at ECF Nos. 445, 488; and

- The O'Neill Plaintiffs shall file an amended consolidated complaint reflecting these additions by September 9, 2022.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 8301 and 8451, and the related motions at ECF Nos. 656 and 668 in O'Neill, No. 04-cv-1076.

**SO ORDERED.**

Dated: August 30, 2022
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge