UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Hugh A. Chairnoff, et al. v. Islamic Republic of Iran*, 1:18-cv-12370 (GBD) (SN))

DECLARATION OF JOSEPH PETER DRENNAN IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENT
FOR DAMAGES FOR ECONOMIC LOSSES FOR ESTATE OF GEOFFREY E. GUJA
(*CHAIRNOFF/IRAN III*)

I, JOSEPH PETER DRENNAN, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

1.      I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Hugh A. Chairnoff, et al. v. Islamic Republic of Iran*, 1:18-cv-12370 (GBD) (SN) (the "*Chairnoff* Action"). I was admitted *pro hac vice* in the *Chairnoff* Action on 5 February 2019.

2.      I submit this Declaration in support of the motion by *Chairnoff* Plaintiff Debra Guja, who is the personal representative of the Estate of Geoffrey E. Guja, for an award of compensatory damages to that estate for economic losses resulting from Geoffrey Guja's premature death in the terrorist attacks on September 11, 2001 (the "September 11th Attacks"), and prejudgment interest on those damages.

3.      The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (MDL ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied

with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b. The Court's 14 October 2016 Order MDL ECF No. 3362 related to *Bauer v. Al Qaeda Islamic Army*, 02-cv-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN) directing that proposed default judgments for compensatory damages must not include awards of punitive damages and must state a rate of 4.96 percent per annum for prejudgment interest.

c. The Court's 5 May 2022 Order MDL ECF No. 7963 setting forth procedures for filing expert reports containing confidential information under seal.

4.      The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted to plaintiffs in *Ashton v. al Qaeda Islamic Army,* 02-cv-6977 (GBD)(SN) and other cases in this multidistrict litigation.

5.      Service of process on The Islamic Republic of Iran in the *Chairnoff* Action was executed pursuant to 28 U.S.C. § 1608(a)(4) on June 29, 2020 through diplomatic channels. *See* 18-cv-12370 ECF No. 46 at ¶¶ 6-10 and Exhibit 3.

6.      The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in representing *Chairnoff* Plaintiffs in connection with the September 11th litigation; communications with personal representatives and family members of the individuals killed in the September 11th Attacks including Debra Guja; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; documents and public records copies of which are contained in my firm's files; and court records relating to the multidistrict litigation.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7.      My firm has been retained by Debra Guja to pursue claims against The Islamic Republic of Iran for its role in the September 11th Attacks on behalf of the estate of Ms. Guja's

late husband Geoffrey E. Guja.  Ms. Guja has provided my firm with evidence of Geoffrey E. Guja's United States citizenship as of 11 September 2001.  Ms. Guja has provided my firm with proof that she has been appointed by a court as the personal representative of the Estate of Geoffrey E. Guja.

8.      On October 5, 2021, this Court entered a judgment on default as to liability against The Islamic Republic of Iran in favor of the *Chairnoff* Plaintiffs including the Estate of Geoffrey E. Guja (the "October 5, 2021 Judgment").  *See* MDL ECF 7173 and 18-cv-12370 ECF 64.  The 5 October 2021 Judgment also, among other things, awarded $2,000,000 in compensatory damages for conscious pain and suffering to the Estate of Geoffrey E. Guja.  *See id.*  The October 5, 2021 Judgment authorized the submission of applications to the Court on behalf of the Estate of Geoffrey E. Guja for economic, punitive or other damages at a later date. *See id.*

9.      Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the 23 January 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433), and have personally verified that, based on my review of the records available to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the September 11, 2001 terrorist attacks and judgments entered by this Court in those actions, the Estate of Geoffrey E. Guja has not previously been awarded damages for economic losses against the Islamic Republic of Iran or any Iranian government defendant in relation to the September 11th Attacks.  The Estate of Geoffrey E. Guja does not have any other motion pending before this Court for compensation arising out of the September 11th Attacks.

3

10.     Ms. Guja seeks compensatory damages for the Estate of Geoffrey E. Guja in the amount of $2,891,933, which represents the present value of the estimated economic losses suffered as a result of Geoffrey E. Guja's wrongful death, as calculated by actuary John E. Beauzile who was retained by my co-counsel and I to review and update the computation performed by the September 11th Victims Compensation Fund ("VCF"). With Ms. Guja's written authorization, my co-counsel obtained the relevant VCF file for the Estate of Geoffrey E. Guja from the U.S. Department of Justice pursuant to the Freedom of Information Act. The VCF file includes an expert report with supporting materials, reviews and analyses of same made by the VCF, a compensation award determination, application and other relevant documentation. The VCF file was provided to Mr. Beauzile and forms the basis for his calculation of the Guja Estate's economic losses.

11.     John E. Beauzile's 30 August 2022 declaration is annexed hereto as **Exhibit A** and incorporated herein (the "Beauzile Declaration"). As explained therein, Mr. Beauzile prepared a report for the Estate of Geoffrey E. Guja that is annexed to the Beauzile Declaration as Exhibit 1. The Beauzile Declaration and report set forth the bases for Mr. Beauzile's conclusions, along with his methodology and assumptions. In accordance with the Court's May 5, 2022 Order at MDL ECF No. 7963, the Beauzile Declaration will be filed under seal contemporaneously with the filing of my declaration.

12.     Previously, in connection with a motion for final judgment on behalf of *Ashton* claimants, this Court instructed counsel to present a proposed order with a rate of prejudgment interest of 4.96 percent, per annum, compounded annually. *See* MDL ECF No. 3362 (October 14, 2016). The form of the proposed partial final judgment submitted herewith conforms to the Court's prior order.

4

13.     Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment in favor of the Estate of Geoffrey E. Guja in the amount of $2,891,933 plus prejudgment interest at the rate of 4.96 percent, per annum, compounded annually from September 11, 2001 to the date of entry of the judgment.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Fredericksburg, Virginia, on 31 August 2022.

JOSEPH PETER DRENNAN