UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case
*Hugh A. Chairnoff, et al. v. Islamic Republic of Iran,* 1:18-cv-12370 (GBD) (SN))


MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT FOR
THE ESTATE OF GEOFFREY E. GUJA FOR DAMAGES FOR ECONOMIC LOSSES

*(CHAIRNOFF/IRAN III)*

FLEISCHMAN BONNER & ROCCO LLP
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone:  646-415-1399

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

For the reasons set forth below and in the accompanying declaration of Joseph Peter Drennan executed on August 31, 2022 ("Drennan Declaration"), Debra Guja, as personal representative of the Estate of Geoffrey E. Guja, a New York City firefighter who was killed in the terrorist attacks on September 11, 2001, respectfully moves this Court for an order awarding: (1) compensatory damages in the amount of $2,891,993 for economic losses to the Estate of Geoffrey E. Guja, on behalf of all survivors and all legally entitled beneficiaries and family members of the decedent; and (2) prejudgment interest on such damages at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (3) permission to seek punitive damages, or other damages, for the Estate of Geoffrey E. Guja at a later date; and (4) permission for other *Chairnoff/Iran* Plaintiffs to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks in the United States (the "September 11th Attacks"). Movant Debra Guja is the widow, and personal representative of the estate, of Geoffrey E. Guja who was killed when the World Trade Center in New York collapsed as a result of the September 11th Attacks. Ms. Guja, acting on her own behalf and on behalf of her late husband's estate, sued the Islamic Republic of Iran ("Iran") for its role in sponsoring the September 11th Attacks.

Ms. Guja was among the *Chairnoff/Iran* Plaintiffs who, on March 18, 2021, moved for judgment as to Iran's liability under the Foreign Sovereign Immunity Act's private right of action against state sponsors of terrorism, codified at 28 U.S.C. § 1605A(c). *See* MDL ECF Nos. 6668, 6669, 6670. On October 5, 2021, the Court entered judgment as to liability against

1

Iran and, *inter alia*, awarded $12.5 million in compensatory damages to Ms. Guja for loss of solatium and $2 million to the Estate of Geoffrey E. Guja for the decedent's conscious pain and suffering. *See* MDL ECF No. 7173. Ms. Guja relies on that judgment of liability in now requesting entry of a default judgment against Iran awarding compensatory damages to the Estate of Geoffrey E. Guja for economic losses.

## DAMAGES UNDER SECTION 1605A

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that the damages available for "personal injury or death" include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). Iran's liability to the Estate of Geoffrey E. Guja has already been established. *See* MDL ECF No. 7173. Debra Guja now seeks compensatory damages for economic losses to the estate in the amount of $2,891,993, based upon the expert report of actuary John E. Beauzile filed under seal as Exhibit A to the Drennan Declaration. *See* MDL ECF No. 8483-2.

A.   **Economic Damages for Estates**

The FSIA specifically provides for the payment of economic damages for deaths caused by a foreign state's sponsorship of terrorism. *See* 28 U.S.C. § 1605A(c). The statute's economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998). "The economic losses flowing from a person's untimely death

2

include the loss of accretions to his estate." *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 109 (D.D.C. 2000). "Loss of accretion damages 'are calculated by estimating a decedent's future earning potential based on the individual's work and education and adjusting that amount to account for inflation, rise in productivity, job advancement, and personal consumption.'" *Bova v. Islamic Republic of Iran*, 220 U.S. Dist. LEXIS 94785, at *33 (D.D.C. May 31, 2020) (quoting *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78, 87 (D.C. 2002)).

Ms. Guja's counsel retained the services of an expert, John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, to evaluate the economic losses resulting from her late husband's premature death in the September 11th Attacks. *See* Drennan Decl. at ¶¶ 10-11 and Exhibit A-1. Previously, in other cases in this multidistrict litigation, the Court has awarded damages for economic losses to the estates of individuals killed in the September 11th Attacks based on economic loss calculations prepared by Mr. Beauzile using the same methodology he used to calculate the economic damages for the Guja Estate as set forth in Exhibit A to the Drennan Declaration (which has been filed under seal as MDL ECF No. 8483). *See, e.g.*, MDL ECF Nos. 5574, 5582-4 and 5843; MDL ECF Nos. 5706, 5708-4 and 5864.

Based on the foregoing and Mr. Beauzile's expert report (*see* MDL ECF No. 8483-2), Ms. Guja respectfully asks that this Court award economic damages to the Estate of Geoffrey E. Guja in the amount of $2,891,993.

**B.     Punitive Damages**

Under Section 1605A(c)(4), plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4). In 2012, this Court awarded the *Havlish* plaintiffs punitive damages in the amount of 3.44 times their compensatory damages. *In re Terrorist Attacks on September 11, 2001 (Havlish v. bin Laden)*, 2012 U.S. Dist. LEXIS 143525, at *82 (S.D.N.Y. Oct. 3, 2012)

("*Havlish II*").  This Court subsequently applied the same ratio in awarding punitive damages to plaintiffs in other 9/11-related cases.

However, in an order dated October 14, 2016, in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 1:02-cv-6977-GBD-SN and *Bauer v. al Qaeda Islamic Army*, 1:02-cv-7236-GBD-SN, U.S. Magistrate Judge Netburn ordered prompt entry of final judgments for compensatory damages but deferral of awards of punitive damages until a later stage of this litigation.  *See* ECF No. 3362 in 1:03-md-01570-GBD-SN (Oct. 14, 2016) (noting that "[a]ny delay in the award of punitive damages will not prejudice plaintiffs in their applications to the [Victims of State Sponsored Terrorism Fund]"), *adopted by*, ECF No. 3384 in 1:03-md-01570-GBD-SN (Oct. 31, 2016).  Since then, the Court has routinely entered final orders of judgment authorizing plaintiffs awarded compensatory damages to submit "an application for punitive damages . . . at a later date consistent with any future rules made by this Court on the issue."  *See, e.g.,* ECF No. 5565 in 1:03-md-01570-GBD-SN (Feb. 18, 2020).  Accordingly, Ms. Guja respectfully requests permission to address the issue of punitive damages at a later date, in accordance with future rulings of the Court.

    **C.**    **Prejudgment Interest**

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when estates recover damages for economic losses caused by acts of terrorism.  *See, e.g., Havlish v. bin Laden,* 2012 U.S. Dist. LEXIS 110673, at *99 (S.D.N.Y. July 30, 2012).  This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96 per cent per annum, compounded annually, on their economic damages awards, to be calculated from September 11, 2001 until the date of judgment.  *Id*. at *108-109.  Recently, this Court has affirmed that the 4.96% interest rate should be applied to all damages awarded in 9/11-related

4

cases, regardless of whether the injuries arose in New York (where the statutory rate for prejudgment interest is 9%). *See In re Terrorist Attacks on September 11, 2001*, 2016 U.S. Dist. LEXIS 144325, at *316-17 (S.D.N.Y. Oct. 14, 2016), *adopted by* 2016 U.S. Dist. LEXIS 151675, at *275 (S.D.N.Y. Oct. 24, 2016). Ms. Guja respectfully requests that the Clerk be directed to award prejudgment interest on the compensatory damages awarded to the Guja Estate for economic losses at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

## CONCLUSION

For all of the foregoing reasons, Ms. Guja respectfully requests that the Court enter a partial final judgment against Iran awarding to the Estate of Geoffrey E. Guja compensatory damages for economic losses in the amount of $2,891,993; and prejudgment interest thereon at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

Dated: August 31, 2022  
         White Plains, New York

Respectfully submitted,

**FLEISCHMAN BONNER & ROCCO LLP**

By: /s/ James P. Bonner  
James P. Bonner (jbonner@fbrllp.com)  
Patrick L. Rocco (procco@fbrllp.com)  
Susan M. Davies (sdavies@fbrllp.com)  
81 Main Street, Suite 515  
White Plains, New York 10601  
Telephone: 646-415-1399

Joseph Peter Drennan (admitted *pro hac vice*)  
218 North Lee Street, Third Floor  
Alexandria, Virginia 22314-2631  
Telephone: (703) 519-3773  
Telecopier: (703) 997-2591  
Mobile: (540) 226-0777  
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

***Counsel for Plaintiff Debra Guja, as Personal Representative of the Estate of Geoffrey E. Guja***