```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

                                                                      03-MD-01570 (GBD)(SN)
    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                                ORDER

-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/1/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

   Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-9849

   Plaintiffs in Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-9849 (the "Burnett Plaintiffs"), move to amend their complaint under Federal Rules of Civil Procedure 15 and 17. ECF Nos. 8393, 8464. They seek to clarify the capacities of plaintiffs named in pleadings filed between August 15, 2002, and January 3, 2005. These plaintiffs were added, but the relevant pleading did not indicate that they were asserting claims both as individuals and as the personal representative of a victim's estate or the legal guardian of a minor child. ECF No. 8465 at 3. In the case of children, this includes plaintiffs who were minors when they were added to the case and whose claims were subsumed into that of their guardian. These parties have since reached the age of majority and are prosecuting their claims in their own name as the real party in interest. The proposed amendments do not materially change any fact, claim, or party in this matter. The Court has previously permitted similar amendments. See, e.g., ECF No. 4778.

   Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave. Courts are directed to "freely give leave when justice so requires." Id. This decision is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v.

Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)). See Foman v. Davis, 371 U.S. 178, 182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . .") The Court does not find any reason to deny leave to amend.

The Burnett Plaintiffs' motion is therefore GRANTED:

- The claims of plaintiffs named in pleadings set out in this case between August 15, 2002, and January 3, 2005, are clarified to include the multiple capacities in which various plaintiffs are pursuing claims, as provided for in ECF Nos. 8396-1 and 8467-1;

- Under Rule 15(c), this Order amends the operative pleadings in this action and relates back to when each of the individuals originally named in the pleading were added to this action.

The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 8393 and 8464, and the related motions at ECF Nos. 1009 and 1019 in Burnett, No. 03-cv-9849.

**SO ORDERED.**

Dated: September 1, 2022
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge