IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re*: Terrorist Attacks on September 11, 2001   *   Case No.: 03-md-1570
                                                   *   (GBD) (SN)

This document relates to:

*Hugh A. Chairnoff, et alii, vs. Islamic Republic of Iran (1:18-cv-12371) (GBD) (SN)*

**DEBRA GUJA'S DECLARATION OF FAMILIAL RELATIONSHIP**

I, Debra Guja, hereby declare under penalty of perjury, as provided for by 28 U.S.C., § 1746, that the following statements are true and correct, namely:

1. My name is Debra Guja, and I am the widow of the late Geoffrey E. Guja, a firefighter, who died on 11 September 2001, when the World Trade Center collapsed. I submit respectfully this Declaration for the purpose of demonstrating that Geoffrey E. Guja was the functional equivalent of my daughter known as Jamie K. Hawkins (née Gelormino).

2. While Geoffrey E. Guja was not the biological father of my daughter Jamie K. Hawkins, for the reasons set forth below, my late husband, Geoffrey E. Guja, should be deemed the functional equivalent of the father of my daughter Jamie K. Hawkins.

3. My daughter Jamie K. Hawkins was born in August, 1985, in Syosset, New York, as Jamie K. Gelormino. She is my second child, with my other child, Kelly Stevens, Jamie's half-sister, being five years older than Jamie.

4. Jamie K. Hawkins' biological father is my former husband, James Gelormino. In 1992, when Jamie was 7 years old, James Gelormino and I separated, and Jamie and I went to live, at first, with my mother, in Massapequa, New York, for a period of approximately six months, *i.e.,* until the end of May of 1993, when Jamie and I went to live with Geoffery, initially, on his houseboat, which he kept moored at Gilgo Beach, Long Island, New York, where we spent the

summer, and, after Labor Day, we went to live with Geoffrey, at Geoffrey's home, in Lindenhurst, New York; my older daughter, Kelly Stevens, did not join us in going to live with Geoffrey.

5.   In addition to taking my daughter Jamie and me into his household on his houseboat, at Gilgo Beach, in the summer of 1993, he embraced my extended family as well, inviting my brother, Donald Ebbecke, my sister-in-law, Tracy Ebbecke, and the couple's two children, namely, my niece, Courtney, then age 5, and my nephew, Daniel, then age 4, also spend the summer with us, at Gilgo Beach, staying in a camper kept by Geoffrey at the site where his houseboat was moored; my sister, Kerry Ebbecke, also would spend much of the summer with us, as a big, happy, veritable extended family, with these summerlong extended family gatherings continuing each summer, until Geoffrey's death on 11 September 2001, with the proviso that, following the death of my sister-in-law, Tracy Ebbecke, who succumbed to cervical cancer in October of 1999, Geoffrey acquired a second houseboat for my brother Donald, which was kept moored next to his, so that he and his children aforesaid could continue to spend their summers with Geoffrey, Jamie and me, at Gilgo Beach, up until 2001.

6.   Virtually from the moment that Jamie came to live with Geoffrey and me, Geoffrey treated Jamie as if she were his own daughter. Shortly after Jamie and I went to live with Geoffrey, Geoffrey hosted a birthday party for Jamie, in which he dressed in a chicken costume and gave Jamie a puppy as a birthday present. From that point forward, Geoffrey's annual birthday party for Jamie and her friends each August, wearing his iconic chicken costume, became a family tradition, and continued right up until her "Sweet 16" birthday party celebration in August of 2001, less than one month prior to Geoffrey's death on 11 September 2001.

7. Once Jamie ceased living with her biological father, at or about the age of 7, her relationship with her biological father quickly dissipated to the point where she would see him on the order of once a year or thereabouts, and her biological father provided no financial support for her.

8. By contrast, Geoffrey provided my daughter Jamie with full financial support, took her to school dance recitals and other school events, along with trips to Disneyworld and other family outings throughout her childhood.

9. Geoffrey, who was a firefighter with the Fire Department of the City of New York, when Jamie and I went to live with him, and remained employed as a firefighter until he died, with the rank of Lieutenant, on 11 September 2001, furthered his education, and income earning potential, to help with his provision of economic support to Jamie and me, after we went to live with him, by entering and graduating from the Dorothea School of Nursing, at Mount Vernon Hospital, in Mount Vernon, New York. Once completing his nursing studies and becoming a licensed Registered Nurse ("RN"). Geoffrey would supplement his income by moonlighting, on a per diem basis, typically, for several days each month, as an RN, at Mercy Hospital, in Rockville Center, New York, and continued to do so until the time of his death.

10. In addition to providing a roof over Jamie's head at his home in Lindenhurst, New York, as adverted to above, Geoffrey would have Jamie and me live on his houseboat, kept at Gilgo Beach, New York, each summer, from Memorial Day weekend to Labor Day, spending incalculable quality time with her.

11. When I married Geoffrey, on 24 October 1998, Jamie participated in our wedding, even riding in the limousine with us.

12. A further indication of how Geoff saw Jamie as a beloved step-daughter of his may be seen in the fact that Geoff designated Jamie as an alternate (to me) beneficiary of his employment life insurance benefits, and I have attached hereto, as "EXHIBIT 'A'", a true copy of the life insurance beneficiary form executed by Geoff, on 24 September 1999, evincing Geoff's designation of Jamie as an alternate beneficiary.

13. I have read *JAMIE K. HAWKINS' DECLARATION OF FAMILIAL RELATIONSHIP*, executed by her on 23 July 2022, which I understand is being submitted to this Honorable Court in tandem with this declaration, am familiar with the facts referenced in her said declaration and vouch for the truth and accuracy of all of the factual averments contained in her said declaration.

14. Jamie was married on the 11th of June 2011, and assumed her married surname of Hawkins.

15. I certainly concur with Jamie's sentiment, contained in her said declaration, that Geoff's love for Jamie and his guidance and support throughout her childhood was instrumental in inspiring her educational and professional achievements in life.

I, Debra Guja, hereby declare, under the penalty of perjury, that the foregoing is accurate, true and correct.

Dated: 9/1/22

_____
DEBRA GUJA

4



EXHIBIT "A"

## DESIGNATION OF BENEFICIARY OF LIFE INSURANCE BENEFITS
This form is applicable to ALL members of the Fund.

TO THE BOARD OF TRUSTEES OF THE
NEW YORK FIRE DEPARTMENT LIFE INSURANCE FUND:

In accordance with Title 13 of the Administrative Code of the City of New York, I submit this nomination of beneficiary(ies). Should I survive the following beneficiary(ies), the benefits shall be paid to my estate. This designation revokes any designation previously filed with the Board of Trustees.

**PRINCIPAL BENEFICIARY(IES)**

| NAME | RELATIONSHIP | ADDRESS |
|---|---|---|
| Debra A Guja 25 E Riviera Dr Lindenhurst NY 1175 | wife | 25 E Riviera Dr Lindenhurst NY 11757 |

**ALTERNATE BENEFICIARY(IES)**

| NAME | RELATIONSHIP | ADDRESS |
|---|---|---|
| Jamie Gelormino | Step Daughter | 25 E. Riviera Lindenhurst NY 11757 |

If designating two beneficiaries = to share equally or survivor to take all; if three or more = to share equally or survivors to share equally.

I have hereunto affixed my signature this __24__ day of __Sept.__ 19 __99__
Name (Print) __GEOFFREY GUJA__   Signature __Geoffrey Guja__
Soc. Sec. No. _____   Tax Registry No. __907843__   Rank __LT__
Date of Appointment __7/5/88__   Unit __Assign B-43__

FORWARD THIS FORM TO: Headquarters, 9 MetroTech Center, Brooklyn, N.Y. 11201-3857 — Room 6W-4

STATE OF __New York__   COUNTY OF __Nassau__
On this __29th__ day of __September__, 19 __99__, personally appeared before me the said __Geoffrey Guja__ to me known to be the individual described in and who executed the foregoing instrument, and he/she duly acknowledged to me that he/she executed the same.

DEBRA A. EDWARDS
Notary Public, State of New York
No. 01ED4944783
Qualified in Nassau County
Commission Expires Nov. 29, 2000

SIGNATURE OF NOTARY OR COMMISSIONER OF DEEDS
AFFIX SEAL IF ANY

M-128-10 982276