# EXHIBIT E

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879.5572
SCOTTREAU@JONESDAY.COM

*Via Email*

May 6, 2022

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 1007
Email: Netburn_NYSDChambers@nysd.uscourts.gov

Re: **In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Judge Netburn:

Dubai Islamic Bank ("DIB") and Plaintiffs with claims against DIB ("Plaintiffs") jointly write in response to the Court's Order seeking "further expla[nation]" as to why "discussions have broken down" in light of "the parties' repeated joint representations that they were likely to reach an agreement that would obviate the need for the Court to decide DIB's motion" and whether the Court's assistance "in the form of a settlement conference or otherwise will aid the parties in resolving their dispute more expeditiously than a new motion." ECF No. 7929. The parties met and conferred regarding the Court's Order but unfortunately were unable to agree on a single response. As a result, each side has detailed its position in two sections below. The parties thank the Court for its attention to this matter.

## A. Plaintiffs' Position

The Plaintiffs appreciate the Court's willingness and interest in facilitating the parties' dialogue and patience as the parties engaged in discussions and are certainly amenable to meeting with the Court and DIB if the Court so wishes. However, out of respect for the Court's valuable time and recognizing the Court's specific reference to a "settlement" conference, plaintiffs believe it important to advise the Court that they do not anticipate that the Court's participation in a conference has any potential to result in a settlement. Instead, Plaintiffs anticipate that it would be used as a forum by the defendant to preview the arguments that it will present in the revised motion the Court has authorized. Our discussions with DIB make clear to us that a settlement is not achievable at this time, and we are concerned that the Court could come to view the proposed meeting as a waste of the Court's time.

Up to this time, the parties had been engaged in dialogue that they expressly agreed, at the outset, would be treated as confidential in all respects and both sides anticipated, in good faith, might obviate the need for the Court to address the motion that DIB had filed. In light of the confidential nature of those discussions, Plaintiffs are refraining at this time from offering details

about the change in circumstances that brought those discussions to a conclusion, other than to note that the facts that the parties had been operating under changed from the start of the parties' dialogue. In this regard, the parties did previously reach agreement to advise the Court, at ECF No. 7927, that:

- "On March 29, 2022, the U.S. government provided Plaintiffs with access to new documents. DIB obtained access to those documents on April 18, 2022. As a result of these new documents, Plaintiffs amended their responses to DIB's requests for admission"; and

- "In light of this government production and Plaintiffs' amended discovery responses, the parties believe the most efficient way to proceed is for DIB to withdraw its brief that is presently pending before the Court and file a new brief in support of its challenge to personal jurisdiction that accounts for these developments."

Although DIB suggested during the meet and confer for this letter that it may consider waiving its confidentiality agreement with Plaintiffs for purposes of an in-person conference with the Court1, the circumstances indicate that such a waiver would not advance settlement discussions at this time. Moreover, it would require the parties to reach agreement on what aspects of the discussions were suitable for disclosure. Plaintiffs also have some concern that such a waiver by Plaintiffs may complicate Plaintiffs' efforts to have similar confidential conversations with parties in the future Nonetheless, if the Court believes a conference is warranted and deems it important to receive information about the parties' discussions for purposes of that conference, we will work with DIB to reach agreement on an appropriate scope of information to be shared with the Court in that setting.

As noted at the outset, Plaintiffs are of course amenable to meet with the Court and DIB to discuss the claims against DIB, if the Court so wishes. During the meet and confer, DIB counsel suggested to the PECs that any such conference should be held in the next two weeks (citing DIB counsel's conflicts in the following two weeks due to international travel). While we are respectful of counsel for DIB's travel schedule, Plaintiffs' counsel are unavailable to participate in a conference during the next two weeks due to a number of conflicts and obligations during that period (including, in the case of lead counsel for the Federal Insurance plaintiffs, a three day out-of-town volunteer service commitment from May 18-20). Given DIB counsel's additional conflicts in the following two weeks, Plaintiffs suggest that any conference

---

[1] During the discussions, DIB proposed waiving the confidentiality agreement for purposes of in-person discussions with the Court, but without addressing the impasse issues in writing in this letter.

2

the Court may set should be held after DIB has filed its renewed motion, at which point perhaps the parties will be better positioned to have an informed exchange.

**B. DIB's Position**

    **1. Parties' Discussions**

DIB would like to provide the Court with a summary of the parties' discussions that led to the three requests for extensions. On December 3, 2021, DIB sought the dismissal of the claims against it on the grounds that this Court lacked personal jurisdiction over it. ECF Nos. 7419-7420. On January 5, 2021, Plaintiffs approached DIB to have "discussions" but insisted that the parties keep those discussions confidential. DIB agreed.

The parties then engaged in discussions, as the parties represented to the Court: "Plaintiffs and DIB are in the process of discussing a stipulation, order, and/or agreement that they expect will obviate the need for the Court to decide the issues raised by DIB's motion" regarding personal jurisdiction. ECF No. 7586. Those discussions ended during the second half of April. DIB believes that the Court and the parties would benefit from a disclosure to the Court about the course of those discussions and the key issues.

As a result, DIB proposed to Plaintiffs that the parties waive the confidentiality of their discussions for the purpose of responding to this Court's inquiries. Plaintiffs refused to waive confidentiality for that limited purpose and insisted that the parties' discussions remain confidential. Because of the confidentiality agreement, DIB is unable to help the Court understand those discussions and the issues between the parties.

    **2. Court Conference**

DIB thanks this Court for its offer to engage the parties in the "form of a settlement conference or otherwise [to] aid the parties in resolving their dispute more expeditiously than a new motion." DIB believes that such a conference could be helpful to eliminate (or at least narrow) the issues impairing resolution of this matter. As a result, DIB proposed to Plaintiffs that the parties accept this Court's offer and to expeditiously schedule a conference with the Court, possibly within the next two weeks in light of the looming deadline for the renewed briefing on personal jurisdiction and scheduling conflicts at the end of May and early June. Plaintiffs did not agree to DIB's proposal.

DIB believes that this matter should be resolved on the same basis that the parties have been previously discussing. As the parties have highlighted for the Court:

> On March 29, 2022, the U.S. government provided Plaintiffs with access to new documents. DIB obtained access to those documents on April 18, 2022. As a result

3

of these new documents, Plaintiffs amended their responses to DIB's requests for admission.

ECF No. 7927. Plaintiffs additionally have indicated that they may seek to *reopen discovery* with the respect to their claims against DIB. DIB opposes the reopening of discovery and believes that the appropriate disposition in this case remains dismissal of the claims against DIB.

DIB believes that the Court could assist the parties regarding the implications of these disclosures in the context of a conference with the parties. To help the Court understand the context surrounding a potential conference with the parties, DIB believes that the Court would benefit from the following short summary of the litigation against DIB.

### a. Document Productions

Following the Court's resolution of motions to dismiss in June 2010, Plaintiffs served 108 document requests on DIB on October 15, 2010. Subject to its objections and the parties' meet and confer, DIB completed its productions with respect to these requests in August 2012. On July 31, 2012, one month before document discovery was set to close and after DIB had conducted an extensive document collection process, Plaintiffs served an additional 43 Supplemental Requests for Production of Documents, to which DIB objected in part as in violation of the Court's discovery deadline. Plaintiffs then waited nearly three years to bring their initial motions to compel in July 2015. ECF Nos. 2973-2974. On March 22, 2016, Judge Maas resolved those motions to compel and DIB completed supplementing its productions pursuant to his Order by August 11, 2016. In addition, Plaintiffs served a Second Set of Supplemental Requests for Production on DIB on March 21, 2016, to which DIB provided its responses and objections on April 25, 2016 and completed its production with respect to those requests in March 2017. Plaintiffs brought another motion to compel in October 2017. This Court ruled on Plaintiffs' motion on July 11, 2018 (ECF No. 4046) and DIB complied with that Order by September 10, 2018.

### b. Limited Fact Witness Discovery

Plaintiffs identified at least 37 fact witnesses in their case against DIB. ECF No. 3925. DIB in turn identified 7 fact witnesses. ECF No. 3931.

Despite being entitled to take up to 75 fact witness depositions against certain defendants (ECF No. 3894), Plaintiffs initiated only *one fact witness deposition* in discovery against DIB.

On October 4, 2019, Plaintiffs deposed DIB's former US outside counsel, now-Judge Alan Fine. Plaintiffs questioned him for less than two hours on the record.[2]

DIB initiated the only other fact witness deposition concerning the claims against DIB—that of DIB's former Sharia Board Chairman, Dr. Hussein Hamid Hassan in light of the witness's health challenges. ECF No. 3524. Plaintiffs opposed that deposition. ECF No. 3527. The Court permitted the deposition to go forward, which was held on August 1-3, 2017. Dr. Hassan passed away on or about August 20, 2020.

Plaintiffs did not even try to seek the depositions of other fact witnesses who they now may claim are key. For example, Plaintiffs previously listed as a witness DIB's founder and former Chairman, Saeed Ahmed Lootah. Plaintiffs, however, never sought his deposition, and he passed away on or about June 28, 2020.

### c. Expert Witnesses

DIB served seven expert reports in August 2020 in support of its defenses, including experts in the fields of terrorism, terrorist financing, anti-money laundering, Islamic banking, Islam, and the United Arab Emirates. Plaintiffs ***did not depose any*** of DIB's expert witnesses.

By contrast, Plaintiffs named 5 expert witnesses (affirmative and rebuttal) who arguably related to Plaintiffs' claims against DIB. Defendants, including DIB, deposed all of Plaintiffs' experts.

### d. Personal Jurisdiction Motions

Following discovery, DIB filed a strong motion challenging personal jurisdiction on December 3, 2021. The motion noted that Plaintiffs "'admit that they are not in possession of evidence' that any of the accountholders used DIB accounts to fund the '9/11 operations' or even for 'funding Al Qaeda' more generally" and "admit that after discovery they have 'insufficient' information to 'admit or deny that there is no evidence that DIB had any knowledge or awareness, prior to the September 11 Attacks, of any involvement in Al Qaeda by its customer[s]' or that any DIB accounts were used 'by al Qaeda' or 'for Al Qaeda's purposes.'" ECF No. 7420 (quoting Plaintiffs' responses to DIB's Requests for Admissions). Following the March 2022 disclosures from the U.S. government, Plaintiffs amended their responses to DIB's requests for admission.

---

[2] In addition, Plaintiffs took the deposition of co-defendant Yassin Kadi, whom Plaintiffs also named as a witness related to their claims against DIB. During that deposition, however, Plaintiffs did not ask any questions related to DIB.

5

### e. Conference

With this background and in light of the recent disclosure of documents by the U.S. government, DIB believes that a conference with the Court would be helpful. To avoid any confusion or misinterpretations about DIB's intentions, DIB wants to make clear that it does not intend to pay any money to resolve the claims with Plaintiffs. DIB continues to believe that it is not subject to the personal jurisdiction of this Court and that plaintiffs' substantive claims against it are without merit. DIB remains grateful for this Court's patience and thoughtful consideration.

* * *

Respectfully Submitted,

*/s/ Steven T. Cottreau*
Steven T. Cottreau
Jones Day
51 Louisiana Avenue, NW
Washington, D.C. 20001
*Counsel for Defendant Dubai Islamic Bank*

cc: Counsel for Plaintiffs