**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) |
|---|---|
| | ECF Case |
| This document relates to: | 21-cv-10239 (GBD)(SN) |
| *Nicole Amato, et al. v. Islamic Republic of Iran,* | ECF Case |

<u>**MEMORANDUM OF LAW FOR ENTRY OF PARTIAL**</u>
<u>**FINAL DEFAULT JUDGMENT ON BEHALF OF *AMATO/IRAN***</u>
<u>**PERSONAL-INJURY PLAINTIFFS**</u>

**(*AMATO/IRAN* PERSONAL INJURY I)**

For the reasons set forth below and in the accompanying declaration of John M. Eubanks ("Eubanks Declaration"), the Plaintiff identified in Exhibit A to the Eubanks Declaration filed contemporaneously with this application, by and through their counsel, respectfully moves this Court for an Order awarding (1) compensatory damages for pain and suffering in amounts commensurate with the injuries this individual sustained during the Terrorist Attacks on September 11, 2001 and in accordance with prior precedent in the U.S. District Court for the District of Columbia in similar cases, which factored in an upward departure on damages values based on the indelible impact of the Terrorist Attacks of September 11, 2001; (2) economic damages for the Plaintiff identified in the expert report attached as Exhibit C to the Eubanks Declaration; (3) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; and (4) leave for the *Amato/Iran* Personal-Injury Plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date.

Plaintiffs sued the Islamic Republic of Iran in connection with the 9/11 Attacks. On August 31, 2022, all Plaintiffs in the action *Nicole Amato, et al. v. Islamic Republic of Iran*, Case No. 21-cv-10239 (GBD)(SN) ("*Amato/Iran*"), moved for judgment as to liability only, which is currently pending. ECF No. 8475. The Plaintiff that is party to this application, as identified in Exhibit A, is

among the subset of Plaintiffs who are seeking liability judgments, and relies on that judgment as to liability only for her request for damages arising from personal injuries sustained in the Terrorist Attacks on September 11, 2001. The Plaintiff identified in Exhibit A requests entry of partial final default judgment against the Islamic Republic of Iran.

I.   **Procedural Background**

A.   **Related Cases**

Relying on evidence and arguments[1] submitted by Plaintiffs in *In re Terrorist Attacks on September 11, 2001*, the consolidated multidistrict litigation arising out of the 9/11 Attacks, this Court on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of the *Havlish, Ashton, O'Neill, Federal Insurance*, and *Hoglan* groups of plaintiffs against the Iran Defendants (*See* ECF Nos. 2516, 3014, 3016, 3020, 3020-23). After granting the *Havlish* Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* Plaintiffs and their decedents. Upon the submissions of the *Havlish* Plaintiffs, on October 3, 2012, this Court found that "Plaintiffs may recover for [, inter alia,] solatium . . . in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4).  In such an action, . . . family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010).

In that same decision in *Havlish,* this Court also found that Plaintiffs are entitled to punitive damages under the FSIA in an amount of 3.44 multiplied by their compensatory damages award.

[1] In each of the Orders of Judgment regarding Plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December 15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

ECF No. 2623 at 5.  The Court has also applied that 3.44 multiplier to judgments in the *Ashton* case. *See* ECF No. 3175, at 3 (Report and Recommendation to apply 3.44 punitive multiplier); ECF No. 3229 at 1 (Order adopting in its entirety Report and Recommendation to apply 3.44 punitive multiplier).  The Court applied the 3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett/Iran*.  ECF No. 3666.  However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn recommended that the Plaintiffs' request for punitive damages be denied without prejudice.  ECF Nos. 3358 at 11-16 and 3363 at 28.  Judge Daniels adopted Judge Netburn's Reports and Recommendations in their entirety. ECF Nos. 3383 at 2 and 3384 at 6.

**B.      *Amato, et al. v. Islamic Republic of Iran***

The *Amato/Iran* Plaintiffs filed suit on December 1, 2021, against The Islamic Republic of Iran. Service on Iran was effectuated on June 15, 2022. ECF No. 8407 at ¶ 2. At Plaintiffs' request, the Clerk of the Court issued a Certificate of Default as to Iran on August 24, 2022. ECF No. 8443. On August 31, 2022, Plaintiffs requested judgment as to liability against Iran, which is currently pending, (ECF Nos. 8475, 8477-79), after the Clerk of the Court issued a Certificate of Default on August 24, 2022. ECF No. 8443.

The *Amato/Iran* Plaintiff identified in Exhibit A respectfully requests that this Court grant an Order awarding (1) compensatory damages for pain and suffering in amounts commensurate with the injuries this individual sustained during the Terrorist Attacks on September 11, 2001 and in accordance with prior precedent in the U.S. District Court for the District of Columbia in similar cases factoring in an upward departure on damages values based on the indelible impact of the Terrorist Attacks of September 11, 2001; (2) economic damages for the Plaintiff identified in the expert report attached as Exhibit C to the Eubanks Declaration; (3) prejudgment interest at the rate

3

of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; and (4) leave for the *Amato/Iran* Personal-Injury Plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date.

## II.      Damages Under § 1605A

Section 1605A of the Foreign Sovereign Immunities Act (FSIA) creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency.  28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages."  28 U.S.C. § 1605A(c)(4).

### A.      Personal-Injury Damages

The Plaintiff identified in Exhibit A includes an individual who was a fire fighter who was among those who entered the premises in the vicinity of the World Trade Center and was injured on September 11, 2001.  The injuries of individuals who were injured on September 11, 2001, range from smoke inhalation and broken bones to devastating burns and loss of limbs.  One injury that accompanies most of these physical injuries is the onset of post-traumatic stress disorder for most of the individuals who were caught in the horror of the attacks on September 11, 2001.  Under the FSIA, these injuries are all compensable, and given that these injuries occurred either as a direct result of the attacks, the ensuing chaos from the attacks in the immediate aftermath, or as a result of attempting to assist or render aid to the injured or endangered or to flee from the scene, the proximate causation of these injuries is not in question.

4

This Court has previously examined personal-injury damages in the context of the terrorist attacks on September 11, 2001. In the first Report and Recommendation issued by Magistrate Judge Netburn addressing personal-injury damages in this context (which was affirmed by Judge Daniels without objection), the Court found that an upward departure from prior D.C. Circuit precedent was appropriate where "personal injury plaintiffs cannot escape the memory of 9/11." *See* ECF No. 5879 at 5. This accorded with Magistrate Judge Maas' determination in 2012 that the "profound agony and grief" resulting from the attacks and the "frequent reminders of the events of that day" and "[c]onsidering the extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families, I find that it is appropriate to grant the upward departures from the [D.C. District Court] framework that the Individual Plaintiffs have collectively requested." *Havlish v. bin Laden*, 2012 U.S. Dist. LEXIS 110673, at *105 (S.D.N.Y. July 30, 2012) (adopted by Judge Daniels at *Havlish v. bin Laden*, 2012 U.S. Dist. LEXIS 143525, at *80-*82 (S.D.N.Y. Oct. 3, 2012)).

This Court then established "a baseline award of $7 million, an upward deviation of $10 million, and a downward deviation of $5 million for personal-injury damages for pain and suffering arising from injuries sustained on September 11, 2001. The Court, however, reserved its discretion to award further upward departures in exceptional cases." *Id.* at 6. The Court divided the categories of injuries into three classifications:

1. "Significant" injuries (presumptively $5 million for pain and suffering): "single broken bones; cuts/lacerations/bruises; mental health disorders; concussions; being covered in dust or debris; significant respiratory ailments including nasal irritations, chest pain, and asthmas from inhalation of smoke, soot and dust; cuts/bleeds; and significant orthopedic injuries such as strains, sprains, or fractures that cause continuing intermittent pain and may require surgery. This category will also include short term or relatively minor non-debilitating physical injuries, or even the absence of serious physical injuries combined with severe emotional injuries." *Id.* at 6-7.

2. "Severe" injuries (presumptively $7 million for pain and suffering): "multiple broken bones; burns; significant injuries from falling, being buried, or being trampled; severe orthopedic trauma requiring significant or multiple surgeries and/or causing severe constant pain or debilitation; muscular trauma; mental health trauma and disorders; severe head injuries causing frequent headaches, migraines, or some lasting cognitive impairment; and severe pulmonary or neurological traumas." *Id.* at 7.

3. "Devastating" injuries (presumptively $10 million for pain and suffering): "loss of limbs or multiple digits; severe pulmonary traumas; strokes, paraplegia; traumatic brain injuries causing muscle weakness, atrophy, or severe cognitive impairment; significant disfigurement; severe burns covering significant body area; pulmonary traumatic exposures; and acute systemic trauma. Injuries causing lasting physical effects severely limiting victims' mobility and activity will generally qualify for this category." *Id.* at 8.

The Court issued upward or downward departures based on the facts of each case presented. For example, in the case of Plaintiff Lauren Manning, this Court granted an upward departure and found that Manning was entitled to a $25,000,000 judgment, noting that Manning's injuries were "beyond devastating." *See* ECF No. 5955 at 3-4.

### B. Punitive Damages

Under the FSIA, Plaintiff is also entitled to punitive damages. *See* 28 U.S.C. §1605A(c)(4). In the *Havlish* Report and Recommendation on Damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." (ECF No. ECF 2619, at 13, citing *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory) (ECF No. 2623). The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF No. 3175, at 3 (Magistrate Judge Maas Report and Recommendation to apply 3.44 punitive multiplier); ECF No. 3229, at 1 (Judge Daniels adopting in its entirety Judge Maas' Report and Recommendation to apply 3.44 multiplier); ECF No. 3300, at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the Plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363, at 28. Judge Daniels adopted Judge Netburn's Report in its entirety, denying without prejudice the Plaintiffs' request for punitive damages. ECF No. 3384, at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiff herein requests leave to address the issue of punitive damages at a later date.

C.    **Prejudgment Interest**

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* Plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment (ECF No. 2619 at 13-14). This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* Plaintiffs' expert.

After the *Havlish* award, Plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See* ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). *World Trade Farmers Market, Inc. v. American Airlines, Inc.* (*In Re: September 11th Litigation*), 2015 U.S. App. LEXIS 16619, *66 (2d Cir. Sept. 17, 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest. *Id*. Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the Plaintiffs' 9/11 claims. *Id*.

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. ECF No. 3384 at 6.

In light of the Court's decision in the *Hoglan* matter, applying the 4.96 percent rate to prejudgment interest, the *Amato/Iran* Plaintiff identified in Exhibit A respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

## III.    Individualized Case Assessment

Plaintiffs' current motion addresses one personal injury claim for a Plaintiff who was injured at or within close proximity to the World Trade Center.  What follows is a summary of the attached proof.

A.      **Kathleen Shagi, as Personal Representative of the Estate of Michael Shagi**
        **Injury Category:  Falling Debris**
        **Severity:  Severe**

On September 11, 2001, Michael Shagi worked as a firefighter for the Fire Department of New York (FDNY) as part of Ladder 2. *See* Eubanks Decl., Exh. B, Decl. of Kathleen Shagi, as Personal Representative of the Estate of Michael Shagi, at ¶ 5. Once the second passenger jet, United Airlines Flight 175, struck the South Tower, Mr. Shagi and all his colleagues at the fire station were immediately dispatched to the World Trade Center area. *Id*. Upon arrival, Mr. Shagi saw people leaping to their deaths from both Towers. He further watched helplessly as one of his fellow firefighters was killed when he was struck by the body of a 9/11 victim who had jumped from one of the burning buildings. *Id*. at ¶ 6.

While Mr. Shagi attempted to rescue victims at the scene, the South Tower collapsed, and he was engulfed in a thick cloud of dust and debris. Mr. Shagi damaged his lungs as he inhaled large quantities of dust, debris, and chemicals that had filled the air. As he then worked to rescue survivors of the collapsed South Tower, the North Tower collapsed, and he was crushed by the falling debris. *Id*. at ¶¶ 7-8. Mr. Shagi suffered severe injuries on September 11, 2001, including a torn ligament of his right knee, multiple spinal column disc herniations, asthma, reduced lung capacity, a heavy cough (the World Trade Center cough), significant nasal dysfunction, numerous eye ailments, chronic fatigue syndrome, memory loss, and impaired memory recall. He further suffered from extreme PTSD and anxiety due to his experience on 9/11. *Id*. at ¶¶ 9, 11. Mr. Shagi was unable to return to work as a firefighter. *Id*. at ¶ 10. As Mr. Shagi suffered from extreme survivor's guilt, his depression and emotional injuries eventually led him to take his own life on June 22, 2007. *Id*. at ¶ 13.

**IV.    Conclusion**

For all of the reasons herein, as well as those set forth in the submissions of the other Plaintiffs in this case and Plaintiffs in the other 9/11 related cases in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the *Amato/Iran* Plaintiff identified in Exhibit A respectfully requests that this Court award (1) compensatory damages for pain and suffering in amounts commensurate with the injuries this individual sustained during the Terrorist Attacks on September 11, 2001 and in accordance with prior precedent in the U.S. District Court for the District of Columbia in similar cases factoring in an upward departure on damages values based on the indelible impact of the Terrorist Attacks of September 11, 2001; (2) economic damages for the Plaintiff identified in the expert report attached as Exhibit C to the Eubanks Declaration; (3) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; and (4) leave for the *Amato/Iran* Personal-Injury Plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date.

Dated:    New York, New York            Respectfully submitted,
        September 9, 2022

                                    /s/ Jerry S. Goldman
                                    ANDERSON KILL P.C.
                                    Jerry S. Goldman, Esq.
                                    Bruce E. Strong, Esq.
                                    Hon. Ethan Greenberg (Ret.)
                                    Alexander Greene, Esq.
                                    1251 Avenue of the Americas
                                    New York, NY 10020
                                    Tel: (212) 278-1000
                                    Fax: (212) 278-1733
                                    Email:  jgoldman@andersonkill.com
                                            bstrong@andersonkill.com
                                            egreenberg@andersonkill.com
                                            agreene@andersonkill.com
                                    *Attorneys for Plaintiffs*