# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212-278-1569

*Via ECF*  September 15, 2022

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

> Re: *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (GBD) (SN); *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD) (SN); *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05339 (GBD) (SN); *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD) (SN); *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD) (SN); *BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD) (SN); *Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN); *Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN); *Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD) (SN); *Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN); *Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD) (SN); *Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD) (SN)

Dear Judge Netburn:

We write to respond to Your Honor's September 7, 2022 Order, ECF No. 8506.[1]

Under Fed. R. Civ. P. 25, "[a] motion for substitution may be made by any party or by the decedent's successor or representative." One need not be an appointed executor or representative to carry on the claim of a deceased plaintiff. *See Roe v. City of New York,* No. 00–CV–9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (immediate relative not appointed by Surrogate's Court deemed proper party for substitution); *see also Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("the addition of the word 'successor' to [Rule 25] means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate."); *see also McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985)

---

[1] Plaintiffs previously responded to the Court's request to submit expert reports in support of the economic damages claims of two 9/11 estates. *See* ECF No. 8509.

**Anderson Kill P.C.**

The Honorable Sarah Netburn
September 15, 2022
Page 2

(same). This flexibility is squarely in line with the rule makers' intention. *See Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. 1976) (purpose of 1963 amendments to Rule 25(a)(1) was "to liberalize the Rule and to allow flexibility in substitution of parties"); *see also National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 509 (E.D.N.Y. 1977) (same). Each of the three parties substituted and seeking partial final judgments against the Islamic Republic of Iran, ECF No. 8475, have pending and unopposed Surrogate's Court petitions and are proper parties under EPTL 4-1.1 and N.Y. Surr. Ct. Proc. Act Law § 1001. Accordingly, under applicable law, they can carry on the claims of the deceased plaintiffs.

Importantly, Plaintiffs' request that the Court rule on the motion will not usurp the powers of the Surrogate's Court, which will rule on the pending and unopposed estate petitions in due course.

Undersigned counsel can provide additional information upon request.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jerry Goldman*
Jerry S. Goldman, Esq.

*Attorney for the Plaintiffs*

Cc:

The Honorable George B. Daniels (via ECF)
All MDL Counsel of Record (via ECF)

docs-100519407.4