**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

       **TERRORIST ATTACKS ON**
       **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    9/23/2022

**03-MD-01570 (GBD)(SN)**

**AMENDED REPORT &**
**RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

        Ashton, et al. v. Al Qaeda, et al., No. 02-cv-06977
        Fed. Ins. Co., et al. v. Al Qaida, et al., No. 03-cv-06978
        Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-09849
        Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al., No. 04-cv-01922
        Cont'l Cas. Co., et al. v. Al Qaeda Islamic Army, et al., No. 04-cv-05970
        O'Neill, et al. v. Republic of the Sudan, et al., No. 18-cv-12114
        Aronow, et al. v. Republic of Sudan, No. 20-cv-07733
        Betru, et al. v. The Republic of Sudan, No. 20-cv-10615
        Parker, et al. v. The Republic of the Sudan, No. 20-cv-10657
        Nolan, et al. v. The Republic of the Sudan, No. 20-cv-10720

       Plaintiffs with claims against the Republic of the Sudan move for reconsideration under

Local Civil Rule 6.3 of the Court's Report and Recommendation on Sudan's motion to dismiss.

ECF No. 7942 (the "Sudan Report and Recommendation"). Their motion raises four items for

reconsideration: (1) the timeliness of certain secondary liability claims under the Antiterrorism

Act (ATA); (2) the timeliness of certain trespass claims; (3) the Court's subject matter

jurisdiction under the non-commercial tort exception of 28 U.S.C. §1605(a)(5); and (4) the

Court's analysis of specific claims under 28 U.S.C. §1605A(d). The motion for reconsideration

is GRANTED in part and DENIED in part. The Sudan Report and Recommendation is modified

as set out in this Amended Report and Recommendation.

**DISCUSSION**

"[T]o be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." In re Refco Cap. Markets, Ltd. Brokerage Customer Sec. Litig., No. 06-cv-643 (GEL), 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (quoting Keiser v. CDC Inv. Mgmt. Corp., No. 99-cv-12101(WHP), 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004)) (internal quotations omitted). "A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." Refco Cap. Markets, 2008 WL 4962985, at *1. Thus, "Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered." Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). The Court assumes familiarity with the Sudan Report and Recommendation.

**I.    The Burnett, Federal Insurance, and Continental Casualty Plaintiffs' Claims for Trespass and Secondary Liability Under the Antiterrorism Act Are Timely**

The Sudan Report and Recommendation recommended the dismissal of two sets of claims on timeliness grounds. It recommended the dismissal of secondary liability ATA claims in Burnett, Fed. Ins. Co. and Cont'l Cas. Co. because complaints in those cases appeared to have added new plaintiffs whose claims were time barred. ECF No. 7942 at 44–47. It also recommended the dismissal of trespass claims for all plaintiffs but those in Ashton and Burnett because those claims appeared to have been brought after September 11, 2004. ECF No. 7942 at 58–59.

Plaintiffs state that their secondary ATA liability complaints added no new plaintiffs and that their trespass claims were brought before September 11, 2004. ECF No. 8090 at 2–5. Sudan

does not contest this. ECF No. 8193 at 9–10. Accordingly, the motion for reconsideration is granted.

Despite conceding Plaintiffs' argument on reconsideration, Sudan re-argues its point that these claims should be dismissed because the Court lacks subject matter jurisdiction over the ATA claims and Plaintiffs have failed to adequately allege the requisite intent for trespass. Sudan has not, however, moved for reconsideration. Even if it did, its arguments fail for the reasons previously stated. The Court considered Sudan's arguments on subject matter jurisdiction and intent in the Sudan Report and Recommendation. ECF No. 7942 at 5–36 (subject matter jurisdiction), 56–57 (intent). It does not offer any change in controlling law or issues of fact that were overlooked that would suggest that these conclusions should be altered.

Accordingly, the Court grants Plaintiffs' motion for reconsideration and modifies the Sudan Report and Recommendation such that it does not recommend the dismissal of any plaintiffs' secondary liability ATA claims or trespass claims.

## II.     The Court's Findings on Secondary Liability Do Not Support the Existence of Subject Matter Jurisdiction Under the Non-Commercial Tort Exception

Read in the most generous light, Plaintiffs argue that the Court overlooked facts when it found that they had adequately alleged claims for aiding and abetting and conspiracy under the ATA but simultaneously held that the Court lacked subject matter jurisdiction under the non-commercial tort exception of 28 U.S.C. § 1605(a)(5). They further argue that Doe v. Bin Laden, 663 F.3d 64 (2d Cir. 2011), compels a different result than the Court recommended. These arguments are without merit.

The non-commercial tort exception eliminates foreign sovereign immunity for injuries "caused by the tortious act or omission of that foreign state or of any official" that are not caused in connection with that foreign state's commercial activities in the United States. 28 U.S.C. §

1605(a)(5). "For this exception to apply, however, the 'entire tort' must be committed in the United States." O'Neill v. Saudi Joint Relief Committee, 714 F.3d 109, 115 (2d Cir. 2013). This means that "not only the injury but also the act precipitating that injury—must occur in the United States." Jerez v. Republic of Cuba, 775 F.3d 419, 424 (D.C. Cir. 2014). Thus, "any portion of plaintiffs' claims that relies upon acts committed by [a foreign nation] abroad cannot survive." O'Bryan v. Holy See, 556 F.3d 361, 385 (6th Cir. 2009). This narrow reading is sensible given that "Congress' primary purpose in enacting § 1605(a)(5) was to eliminate a foreign state's immunity for traffic accidents and other torts committed in the United States, for which liability is imposed under domestic tort law." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439–40 (1989).

Plaintiffs argue that the underlying tort occurred entirely in the United States. And because aiding and abetting liability attributes the consequences of that tort to those who act in concert, the Court has jurisdiction under § 1605(a)(5) to hold Sudan liable for the whole domestic tort. They argue Doe commands this conclusion.

Plaintiffs read Doe too expansively. Doe merely authorized jurisdictional discovery to determine whether claims against Afghanistan could be brought under the non-commercial tort exception. It "ma[d]e no judgment as to whether the allegations in the complaint are sufficient to state a claim or even to provide jurisdiction." Id. at 70–71. It thus provides little guidance. Doe was also decided before O'Neill squarely applied the entire tort rule to the non-commercial tort exception.

The cases relied on in Doe and cited by Plaintiffs, Liu v. Republic of China, 892 F.2d 1419 (9th Cir. 1989), and Letelier v. Republic of Chile, 488 F. Supp. 665 (D.D.C. 1980), are also distinguishable for the reasons ably stated in Doe v. Fed. Democratic Republic of Ethiopia:

"[b]oth involved actions 'occurring in the United States' that were—without reference to any action undertaken abroad—tortious." 851 F.3d 7, 11 (D.C. Cir. 2017). In <u>Fed. Democratic Republic of Ethiopia</u>, however, "integral aspects of the final tort," including the manifestation of the requisite intent, "lay solely abroad," so the non-commercial tort exception was unavailable. <u>Id.</u>

Even under a secondary liability theory, the Court looks to where the acts that Sudan allegedly took in concert with the tortfeasor happened. Everything that Sudan is alleged to have done to aid the Attacks took place abroad. ECF No. 7942 at 48–51 (aiding and abetting), 51–52 (conspiracy). Plaintiffs could, therefore, avail themselves of the non-commercial tort exception only if their secondary liability claims could stand without reference to any acts Sudan undertook abroad. Because they do not, the motion for reconsideration is denied and the Court affirms its recommendation on this point.

**III.    The Plaintiffs' Arguments about the Scope and Operation of § 1605A Are Not Proper Subjects of a Motion for Reconsideration**

Plaintiffs argue that the Court did not need to reach the scope of claims that § 1605A supports or the question of defining U.S. nationals. If the Court does consider these issues, they argue that it erred. In so doing, the Plaintiffs do not identify any change in controlling law or factual issues overlooked in the Sudan Report and Recommendation. The key statutes and decisions that Plaintiffs rely upon for support are either nonbinding decisions from other courts or cases that the Court addressed previously. In the absence of any controlling decisions overlooked by the Court, a motion for reconsideration is not proper.

**CONCLUSION**

The Court's Report and Recommendation on Sudan's motion to dismiss at ECF No. 7942 is modified according to the terms of this Amended Report and Recommendation. The Clerk of

the Court is respectfully directed to terminate the motion at ECF No. 8090. Absent further order

of the Court, any objections to the Sudan Report and Recommendation and Amended Report and

Recommendation shall be filed with Judge Daniels within 14 days. 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72(b).

Dated:  September 23, 2022
        New York, New York

SARAH NETBURN
United States Magistrate Judge