# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN)

## <u>DECLARATION OF JOHN M. EUBANKS IN SUPPORT OF *BURNETT* PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENTS AGAINST THE TALIBAN</u>

I, JOHN M. EUBANKS, declare, under penalty of perjury, as follows:

1.      I am an attorney admitted to practice in the above-captioned matter and Member

Attorney with the law firm Motley Rice LLC, counsel for the *Burnett* Plaintiffs in this MDL in the

above-referenced matter (the "*Burnett* Plaintiffs") that was initially filed in the United States

District Court for the District of Columbia on August 15, 2002 before being transferred to this

Court by order of the Judicial Panel on Multidistrict Litigation. I submit this Declaration in support

of the *Burnett* Plaintiffs' motion for entry of default judgement against The Taliban on behalf of

the estates of those victims murdered on September 11, 2001 ("*Burnett* 9/11 Decedents"), their

immediate family members or functional equivalents, and individuals who sustained personal

injuries in the terrorist attacks on September 11, 2001. This motion seeks the following relief:

   a.   extending to Defendant The Taliban the Court's previous rulings of Partial Final
        Default Judgment on Behalf of the *Burnett* Plaintiffs identified in Exhibits B-1, C-
        1, and D-1 who each also have default judgments against the Islamic Republic of
        Iran, the Islamic Revolutionary Guard Corps, and/or the Central Bank of the Islamic
        Republic of Iran (collectively the "Iran Defendants") pursuant to the default
        liability judgment entered on January 31, 2017 (Case No. 15-cv-9903, ECF No.
        85), or pursuant to default liability judgments entered on their behalf against the
        Iran Defendants in other cases within this MDL, and entering a default judgment
        under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) ("ATA"), against The Taliban
        in favor of the *Burnett* Plaintiffs in the amounts identified in Exhibits B-1, C-1, and
        D-1;

b. awarding the Estates of *Burnett* 9/11 Decedents who were U.S. nationals at the time of their death and who have not previously obtained judgments against the Iran Defendants, as identified on Exhibit B-2, through their representatives, judgments under the ATA for conscious pain and suffering in the amount of $2 million for each estate with the allowance that such judgments may be supplemented at a later date with proof of damages for economic loss;

c. entering a judgment for solatium damages under the ATA against The Taliban in favor of the *Burnett* solatium Plaintiffs identified in Exhibit C-2, who each have default liability judgments against The Taliban and as to whom previous judgements against the Iran Defendants were not entered and are either United States nationals or the immediate family members of a U.S.-national 9/11 decedent, in the amounts previously entered by the Court against the Iran Defendants based on the relationship of each plaintiff;

d. awarding the Estates of 9/11 Decedents who were either not U.S. nationals at the time of their death or their nationality at that time remains unconfirmed and who have not previously obtained judgments against the Iran Defendants, as identified on Exhibit B-3, through their representatives, judgments under New York common law for conscious pain and suffering in the amount of $2 million for each estate with the allowance that such judgments may be supplemented at a later date with proof of damages for economic loss;

e. entering a judgment for solatium/intentional-infliction-of-emotional-distress damages under New York common law against The Taliban in favor of the *Burnett* solatium Plaintiffs identified in Exhibit C-3, who each have default liability judgments against The Taliban and as to whom previous judgements against the Iran Defendants were not entered and were not U.S. nationals on September 11, 2001 (or their U.S.-national status remains unconfirmed as of that date) and their immediate family member who was killed on September 11, 2001 was either not a U.S. national or their U.S.-national status at the time of their death has not yet been confirmed, in the amounts previously entered by the Court against the Iran Defendants based on the relationship of each plaintiff;

f. awarding pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 1, 2001 until the date of the judgment for damages for those *Burnett* Plaintiffs included on Exhibits B-1, B-2, B-3, C-1, C-2, C-3, and D-1;

g. granting trebled damages under 18 U.S.C. § 2333(a) to the *Burnett* Plaintiffs identified on Exhibits B-1, B-2, C-1, C-2, and D-1;

h. permitting those *Burnett* Plaintiffs included on Exhibits D-2 and D-3 to pursue damages against The Taliban under the ATA (Exhibit D-2) or New York common law (Exhibit D-3) for personal injuries sustained as a proximate result of the

terrorist attacks on September 11, 2001 either to this Court under pre-established procedures, or should the Court so desire, before a Special Master;

i.  permitting those *Burnett* Plaintiffs included on Exhibits E-1 and E-2 to pursue solatium/intentional-infliction-of-emotional-distress damages against The Taliban under the ATA (Exhibit E-1) or New York common law (Exhibit E-2) as the functional equivalents of immediate family members of 9/11 Decedents either to this Court under pre-established procedures, or should the Court so desire, before a Special Master; and

j.  permitting the *Burnett* Plaintiffs to seek economic damages, punitive damages, and other damages at a later date, consistent with any applicable future rulings and to supplement the record as part of applications for those damages.

2.      The form of this motion and the relief requested herein are consistent with the form and relief requested and granted in the *Burnett/Iran* action, in orders located at ECF. Nos. 3666 (*Burnett I*), 3984 (corrected 4023) (*Burnett II*), 4126 (*Burnett III*), 4146 (*Burnett V*), 4175 (*Burnett IV*), 4712 (*Burnett VI*), 5061 (corrected 5062 and 6202) (*Burnett VII*), 5087 (corrected 6203 and 6205) (*Burnett IX*), 5092 (*Burnett VIII*), 5138 (*Burnett XI*), 5151 (*Burnett XII*), 5356 (*Burnett XIII*), 5854 (*Burnett XIV*), 5946 (*Burnett Personal Injury I*), 5948 (*Burnett Personal Injury II*), 5949 (*Burnett XV*), 5951 (*Burnett X*), 5955 (*Burnett Personal Injury III*), 5957 (*Burnett Personal Injury IV*), 5975 (*Burnett XVI*), 5979 (*Burnett XVII*), 6034 (*Burnett XIX*), 6035 (*Burnett XVIII*), 6037 (*Burnett XXII*), 6038 (*Burnett XXI*), 6039 (*Burnett XX*), 6042 (*Burnett Supp 1*), 6044 (*Burnett Supp 2*), 7188 (*Burnett XXIII*), 7287 (*Burnett XXIV*), 7494 (*Burnett Personal Injury V*), 8233 (*Burnett XXVI*), 8283 (*Burnett Personal Injury VI*), 8293 (*Burnett XXV*), and 8310 (*Burnett XXVII*).

3.      On August 15, 2002, the *Burnett* Plaintiffs filed their initial Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks in the United States District Court for the District of Columbia. That Complaint was twice amended before the case was transferred by

the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York on January 2, 2004.[1]

4.      The Taliban was added to the *Burnett* case pursuant to Case Management Order No. 2 on December 30, 2004, and service by publication (as permitted by a September 16, 2004 Order issued by Judge Richard C. Casey) was perfected on January 13, 2005. Proof of service was filed on March 4, 2005 and March 16, 2005, and Defendant The Taliban never answered. The *Burnett* Plaintiffs subsequently moved for a Certificate of Default and default judgment, which this Court granted on April 7, 2006. *See* ECF No. 1756.

5.      The *Burnett* Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, C-3, D-1, D-2, D-3, E-1, and E-2 now seek final damages judgments against The Taliban.

6.      The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* Plaintiffs in the MDL, my firm's representation of the *Burnett/Iran* Plaintiffs in connection with the terrorist attacks on September 11, 2001, other court records relating to this multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in this multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7.      On April 4, 2006, my colleague Robert T. Haefele provided an Affidavit for Entry of Default and Judgment by Default that was submitted to the Court with multiple exhibits.  Exhibit

---

[1] In addition, while still pending before Judge James Robertson in the U.S. District Court for the District of Columbia, Plaintiffs were permitted to add parties to the pleadings (both Plaintiffs and Defendants) pursuant to Fed. R. Civ. P. 15(d), and this practice was utilized on numerous occasions by the *Burnett* Plaintiffs to increase the number of parties—both Plaintiffs and Defendants—prior to the transfer of the case to this Court.

A to Mr. Haefele's April 4, 2006 Affidavit included the real parties in interest in the *Burnett* litigation, as that term is understood pursuant to Fed. R. Civ. P. 17(a).

8.      On September 1, 2022, this Court granted the *Burnett* Plaintiffs' motion to list all of the relevant claimants whose claims were encompassed within the filing of the real parties in interest including the explicit naming of estate plaintiffs and claims of minor children that were also encompassed within these original filings with filing dates relating back to the time when the original real party in interest joined this litigation. *See* ECF No. 8487.  Exhibit A to this Declaration lists all of the individual parties whose claims were encompassed within the April 7, 2006 default judgment as to liability entered by this Court against *inter alia* The Taliban.

9.      While Exhibit A to this Declaration lists all of the *Burnett* Plaintiffs encompassed within the April 7, 2006 default judgment as to liability regardless of whether they are included as plaintiffs in other pending lawsuits against The Taliban within this MDL, the *Burnett* Plaintiffs have taken care not to include on the other exhibits attached to this Declaration the names of Plaintiffs for whom default judgment has been sought by other counsel against The Taliban within this MDL.  We recognize that certain claims may be duplicated across the motions; however, we have taken care not to do so to the extent this was at all possible.

10.      Exhibit B-1 sets forth claims brought by personal representative of *Burnett* 9/11 Decedent estates included on Exhibit A for whom prior judgments have been entered against the Iran Defendants in this MDL where the 9/11 decedent was a United States national at the time of their death.  The values of the prior judgments are set forth in Exhibit B-1 including damages for conscious pain and suffering, economic loss, and total damages amounts previously awarded. To the extent that economic-loss damages have not yet been awarded, Plaintiffs request that the Court permit them to submit motions for supplemental damages for economic loss at a later date. Given

the U.S. nationality of each 9/11 decedent in Exhibit B-1, these claims are being pursued under the ATA.

11.     Exhibit B-2 sets forth claims brought by personal representatives of *Burnett* 9/11 Decedent estates included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL where the 9/11 decedent was a United States national at the time of their death.  The putative value for the judgments for these claims is $2 million for conscious pain and suffering.  As economic-loss damages have not yet been awarded for these claims, Plaintiffs seek the ability to submit motions for supplemental damages for economic loss at a later date.  Given the U.S. nationality of each 9/11 decedent in Exhibit B-2, these claims are being pursued under the ATA.

12.     Exhibit B-3 sets forth claims brought by personal representatives of *Burnett* 9/11 Decedent estates included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL where the 9/11 decedent was either not a United States national at the time of their death or their nationality at the time of their death has not yet been confirmed. The putative value for the judgments for these claims is $2 million for conscious pain and suffering.  As economic-loss damages have not yet been awarded for these claims, Plaintiffs seek the ability to submit motions for supplemental damages for economic loss at a later date.  Given the lack of U.S. nationality (or lack to date of documentation of such nationality) of each 9/11 decedent in Exhibit B-3, these claims are being pursued under New York common law as set forth in the Memorandum of Law in Support of this motion.

13.     Exhibit C-1 sets forth those solatium claimants included on Exhibit A for whom prior judgments have been entered against the Iran Defendants in this MDL and who are either U.S. nationals in their own right and/or they are the immediate family members of a U.S.-national

9/11 decedent.  The values of the prior judgments are set forth in Exhibit C-1.  In general, these values include: $12,500,000 for the spouse of a 9/11 decedent; $8,500,000 for the child of a 9/11 decedent; $8,500,000 for the parent of a 9/11 decedent; and $4,250,000 for the sibling of a 9/11 decedent.  Given the U.S. nationality of either the immediate family member or the 9/11 decedent for each Plaintiff in Exhibit C-1, these claims are being pursued under the ATA.

14.     Exhibit C-2 sets forth those solatium claimants included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL and who are either U.S. nationals in their own right and/or they are the immediate family members of a U.S.-national 9/11 decedent.  In general, the values for these solatium claims include: $12,500,000 for the spouse of a 9/11 decedent; $8,500,000 for the child of a 9/11 decedent; $8,500,000 for the parent of a 9/11 decedent; and $4,250,000 for the sibling of a 9/11 decedent, and the value based on the familial relationship of each individual included on Exhibit C-2 is set forth on the exhibit.  Given the U.S. nationality of either the immediate family member or the 9/11 decedent for each Plaintiff in Exhibit C-2, these claims are being pursued under the ATA.

15.     Exhibit C-3 sets forth those solatium/intentional-infliction-of-emotional-distress claimants included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL and who were not U.S. nationals in their own right on September 11, 2001 (or whose nationality on that date is unconfirmed) and they are the immediate family members of a non-U.S.-national 9/11 decedent (or a 9/11 decedent for whom their nationality at the time of their death remains unconfirmed).  In general, the values for these solatium/intentional-infliction-of-emotional-distress claims include: $12,500,000 for the spouse of a 9/11 decedent; $8,500,000 for the child of a 9/11 decedent; $8,500,000 for the parent of a 9/11 decedent; and $4,250,000 for the sibling of a 9/11 decedent, and the value based on the familial relationship of each individual

7

included on Exhibit C-3 is set forth on the exhibit.  Given the lack of U.S. nationality of either the immediate family member or the 9/11 decedent for each Plaintiff in Exhibit C-3, these claims are being pursued under New York common law as set forth in the Memorandum of Law in Support of this motion.

16.     Exhibit D-1 sets forth claims brought by individuals included on Exhibit A who were United States nationals on September 11, 2001 and who sustained personal injuries proximately caused by the terrorist attacks on September 11, 2001 and who have prior judgments for pain-and-suffering damages entered in this MDL against the Iran Defendants.  The value of those prior judgments has been reflected on Exhibit D-1.  Given the U.S. nationality at the time of injury of each of the *Burnett* Plaintiffs listed on Exhibit D-1, these claims are being pursued under the ATA.

17.     Exhibit D-2 sets forth claims brought by individuals included on Exhibit A who were United States nationals on September 11, 2001 and who sustained personal injuries proximately caused by the terrorist attacks on September 11, 2001 and who do not have prior judgments for pain-and-suffering damages entered in this MDL against the Iran Defendants.  These Plaintiffs seek the Court's permission and leave to file motions for damages supported by their declarations and contemporaneous medical records and such other evidence substantiating their claims at a later date.  Given the U.S. nationality at the time of injury of each of the *Burnett* Plaintiffs listed on Exhibit D-2, these claims are being pursued under the ATA.

18.     Exhibit D-3 sets forth claims brought by individuals included on Exhibit A who were not United States nationals on September 11, 2001 (or whose nationality on September 11, 2001 has not yet been confirmed) and who sustained personal injuries proximately caused by the terrorist attacks on September 11, 2001 and who do not have prior judgments for pain-and-

suffering damages entered in this MDL against the Iran Defendants. These Plaintiffs seek the Court's permission and leave to file motions for damages supported by their declarations and contemporaneous medical records and such other evidence substantiating their claims at a later date. Given the lack of U.S. nationality at the time of injury of each of the *Burnett* Plaintiffs listed on Exhibit D-3, these claims are being pursued under New York common law as set forth in the Memorandum of Law in Support of this motion.

19.     Exhibit E-1 sets forth those Plaintiffs included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL and who are either U.S. nationals in their own right and/or they are seeking a determination that they are the functional equivalents of an immediate family member of a U.S.-national 9/11 decedent.[2] These Plaintiffs seek the Court's permission and leave to file motions for damages supported by their declarations and other evidence substantiating their claims as functional equivalents to immediate family members at a later date. Given the U.S. nationality of either the Plaintiff listed on Exhibit D-1 or the 9/11 decedent, these claims are being pursued under the ATA.

20.     Exhibit E-2 sets forth those Plaintiffs included on Exhibit A for whom prior judgments have not been entered against the Iran Defendants in this MDL and who were not U.S. nationals in their own right on September 11, 2001 (or whose nationality on that date is unconfirmed) and they are seeking a determination that they are the functional equivalents of an immediate family member of a non-U.S.-national 9/11 decedent (or a 9/11 decedent whose nationality at the time of their death remains unconfirmed). These Plaintiffs seek the Court's permission and leave to file motions for damages supported by their declarations and other

---

[2] Plaintiffs who have received a determination from the Court that they have properly asserted functional-equivalent status and have obtained judgments against the Iran Defendants have been included on Exhibit C-1 based on their prior solatium awards.

evidence substantiating their claims as functional equivalents to immediate family members at a later date.  Given the lack of U.S. nationality of either the Plaintiff listed on Exhibit D-2 and the 9/11 decedent, these claims are being pursued under New York common law as set forth in the Memorandum of Law in Support of this motion.

21.     The judgment values for the *Burnett* Plaintiffs provided on Exhibits B-1, B-2, C-1, C-2, and D-1 also include a separate column accounting for the mandatory statutory trebling under 18 U.S.C. § 2333(a).

22.     Included with this motion is a proposed Order of Partial Final Judgment against The Taliban for the Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, C3, and D-1 and also addresses future supplemental filings for estates without economic-loss damages, pain-and-suffering damages to be sought for personal-injury plaintiffs, and the assertion of functional-equivalent status for Plaintiffs who have not yet obtained judgments through other means within this MDL.

23.     In accordance with the Court's July 11, 2022 Order, the relief sought in this motion, and any default judgments entered as a result of this and supplemental motions against Defendant The Taliban is not binding on the determination of damages against any Defendant within this MDL other than Defendant The Taliban.

September 26, 2022                              /S/  John M. Eubanks_____
                                               John M. Eubanks, Esq.
                                               MOTLEY RICE LLC
                                               28 Bridgeside Blvd.
                                               Mount Pleasant, SC 29464
                                               Tel:    (843)216-9218
                                               Fax:    (843)216-9450
                                               Email: jeubanks@motleyrice.com