```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**REPORT &
RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Ashton, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-6977
    Chairnoff, et al. v. Islamic Republic of Iran, No. 18-cv-12370

    Plaintiff Jamie K. Hawkins moves for a default judgment against the Islamic Republic of Iran. ECF No. 8494.[1] She also asks that the Court find that she is a functionally equivalent family member of Geoffrey E. Guja, who was killed in the September 11, 2001 terrorist attacks, entitling her to solatium damages. While not biologically part of Mr. Guja's immediate family, she urges that her close relationship with him merits a damages award. The Court recommends that this motion be granted as described in this Report and Recommendation.

## DISCUSSION

    The Court assumes familiarity with the general background of this case. The procedural history of Ms. Hawkins's motion is addressed as part of the discussion of service on Iran. Ms. Hawkins was added as a plaintiff in the Chairnoff action on July 21, 2022. Chairnoff, No. 18-cv-12370, ECF Nos. 86, 86-1.

---

[1] Unless otherwise noted, all ECF citations refer to the main docket for this multidistrict litigation, In re Terrorist Attacks, 03-md-1570.

I. **Iran Is Liable to Ms. Hawkins and Was Properly Served**

Iran is liable to Ms. Hawkins and was properly served. Service on a foreign sovereign must be achieved by one of the four means in 28 U.S.C. § 1605(a)(1)–(4), in descending order of preference from 28 U.S.C. § 1605(a)(1) to 28 U.S.C. § 1605(a)(4). Iran may not be served under 28 U.S.C. § 1605(a)(1) or 28 U.S.C. § 1605(a)(2) because there is no special arrangement between the United States and Iran and no international convention applies. The plaintiffs in Chairnoff attempted service through a mailing by the Clerk of the Court as required by 28 U.S.C. § 1605(a)(3), which failed when Iran rejected the mailing. Service was thus achieved by diplomatic means. The U.S. State Department transmitted service papers to the Swiss Government, which presented them to Iran. Iran, which has never appeared in this case, defaulted and a Clerk's Certificate of Default was issued, followed by a default liability judgment. The ECF numbers associated with the filings for each of these steps are collected in Table 1.

| **Table 1: Service, Default, and Liability** | | | |
|---|---|---|---|
| *All numbers are the ECF No. of the relevant filing on the member case docket* | | | |
| | Affidavit of Service | Clerk's Certificate of Default | Default Liability Judgment |
| Chairnoff, et al. v. Islamic Republic of Iran, No. 18-cv-12370 | 46 | 47 | 64 |

Iran thus is liable to Ms. Hawkins. The only outstanding question is her damages.

II. **Functional Equivalent Family Members**

Ms. Hawkins seeks solatium damages for Mr. Guja's loss in the September 11 Attacks. These damages are generally restricted to the immediate family members of victims killed in a terrorist attack. In limited circumstances, however, damages have been awarded to non-immediate family members who are the "functional equivalent" of immediate family.

The Court first defined the framework for determining functional equivalence in a report and recommendation issued on October 14, 2016. ECF No. 3363, adopted at ECF No. 3384. ("Hoglan II.") It refined this framework in "Hoglan IV," issued on August 8, 2017. ECF No. 3676, adopted at ECF No. 3795.[2] The Hoglan IV framework has been the basis for eight subsequent decisions on motions for damages based on functional equivalence. ECF Nos. 4175, 5154, 5387, 5483, 8264, 8267, 8268, 8269.

Solatium awards for family members are similarly well-established. Judge Maas recommended, and Judge Daniels adopted, a framework under which spouses of victims generally receive $12,500,000 in solatium damages, parents and children receive $8,500,000, and siblings receive $4,250,000. ECF Nos. 2618, adopted at 2623. This framework has been the basis for thousands of awards to family members, see, e.g., ECF Nos. 3358 at 9, adopted at 3383, 3666, 4023, 4146, 5062, 5087, 5138, and functional equivalent family members. See, e.g., ECF Nos. 3363 at 16, 4175 at 7, 5154 at 4, 5483 at 21–23. This award has been reduced where a functional equivalent relationship is found but is not fully comparable to a familial relationship. See, e.g., ECF Nos. 3363 at 22 (recommending a stepmother receive half of the normal award where she entered the decedent's life when he was 11), 5387 at 7 (recommending a stepsibling receive half the normal award where he began living with the decedent at 14). The Court therefore evaluates this motion under the Hoglan IV framework, and the damages framework set out by Judge Maas.

1. **Jamie K. Hawkins**

Jamie Hawkins began living with New York firefighter Geoffrey Guja when she was about eight years old. ECF No. 8496 at 6. Her biological parents had separated when she was

---

[2] Hoglan I involved solatium claims for immediate family members, ECF No. 3358, and Hoglan III concerned non-U.S. nationals. ECF No. 3374.

3

seven. ECF No. 8495-1 at ¶ 2. She received no financial support from her biological father after the separation and saw him only about once a year. ECF No. 8495-2 at ¶ 7. Mr. Guja stepped into the paternal role. For Ms. Hawkins's eighth birthday he welcomed her into his home by entertaining her in a chicken suit and gifting her a new puppy, Simba. ECF No. 8495-1 at ¶ 3. That chicken costume became a family birthday tradition. It continued up until Ms. Hawkins's sweet 16 birthday party, which Mr. Guja hosted less than a month before his death on September 11. ECF No. 8495-1 at ¶ 10; ECF No. 8495-2 at ¶ 6. He married her mother in October 1998, and Ms. Hawkins was part of the wedding celebration. ECF No. 8495-1 at ¶ at 6. Throughout their life together he supported her financially. He trained to become a nurse to supplement his income from the FDNY. ECF No. 8495-2 at ¶¶ 7, 9. He coached Ms. Hawkins through school, cared for her when she had appendicitis, and was there for every major life event. ECF No. 8495-1 at ¶¶ 8–9.

Given this supportive relationship and the limited role Ms. Hawkins's biological father played in her life, the Court recommends awarding Ms. Hawkins the full solatium award for children of September 11 victims: $8,500,000.

## CONCLUSION

The Court recommends finding that service was achieved on Iran and that Ms. Hawkins be granted solatium damages as follows in Table 2:

| Table 2: Solatium Awards | | | | |
|---|---|---|---|---|
| **Plaintiff** | **Decedent** | **Relationship** | **Functional Equivalent** | **Solatium Damages** |
| Jamie K. Hawkins | Geoffrey E. Guja | Stepdaughter | Child | $8,500,000 |

4

The Court further recommends that Ms. Hawkins be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually. ECF No. 3358, adopted at ECF No. 3383.

Plaintiffs in Chairnoff, No. 18-cv-12370, may apply for punitive, economic, and other damages at a later date and in a manner consistent with any applicable future Court rulings on the issue. Additionally, plaintiffs in this case not appearing in these motions who were not previously awarded damages may still submit applications for damages awards in later stages.

Upon resolution of these motions, the Court may terminate the motion at ECF No. 8494, and the related motion in Chairnoff, et al. v. Islamic Republic of Iran, No. 18-cv-12370, at ECF No. 94.

_____
SARAH NETBURN
United States Magistrate Judge

Dated: September 27, 2022
New York, New York

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).