**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ., IN SUPPORT OF MOTION FOR
FINAL JUDGMENT AS TO LIABILITY *AND* FOR PARTIAL FINAL DAMAGES
JUDGMENTS AGAINST THE TALIBAN FOR MOVING PLAINTIFFS WHO
PREVIOUSLY RECEIVED DAMAGES JUDGMENTS AGAINST IRAN**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for

by 28 U.S.C. § 1746, as follows:

1.      I am an attorney representing the Plaintiffs in the above-captioned

litigation.  I am submitting this declaration in support of the extension of the

determination of liability as to the Taliban, and in support of the motion for final

judgment as to damages, on behalf of the plaintiffs listed in annexed Exhibit A[1]

("Moving Plaintiffs"),[2] in the above-referenced action. This motion seeks the following

requested relief:

(1)      extending the Court's Order at ECF No. 3067 granting a judgment as to

liability for the members of the O'Neill family, to the Moving Plaintiffs; AND,

---

[1] Some of the plaintiffs herein claimed status as functional equivalents as to Iran (and as to the Taliban, herein).  The reasons for such a determination of functional equivalence is incorporated herein by reference to the underlying Iran motion, and this Court's determination thereof.  The proposed awards set forth in Exhibit A match the amounts awarded by this Court for those plaintiffs as to Iran.  We can produce additional documents if the Court requests documents related thereto.

[2] Moving Plaintiffs were added to the Fourth Amended First Consolidated Complaint against the Taliban on September 1, 2022. ECF No. 8486. Because Moving Plaintiffs were not named on a complaint in the above-captioned action on August 25, 2022, when we requested that the prior liability determination for members of the O'Neill family be "extended to all other Plaintiffs in the above-captioned matter," *see* ECF No. 8455, out of an abundance of caution, we are now requesting a liability determination for Moving Plaintiffs.

(2)      granting the Moving Plaintiffs' motion for entry of default judgment as to liability against the Taliban; AND,

(3)      determining that service of process in the above-captioned matter was properly effected upon the Taliban for the Moving Plaintiffs; AND,

(4)      determining that this Court possesses personal jurisdiction over the Taliban for the Moving Plaintiffs; AND,

(5)      determining that this Court has subject-matter jurisdiction over the Taliban for the Moving Plaintiffs; AND,

(6)      finding the Taliban jointly and severally liable with the Islamic Republic of Iran ("Iran")[3]  and awarding damages judgments to Moving Plaintiffs identified in Exhibit A, against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); AND,

(7)      awarding solatium damages to those Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse and $8,500,000 per child, as set forth in Exhibit A; AND,

(8)      awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a), for solatium damages, in the amounts set forth in Exhibit A; AND,

(9)      finding that the treble damages awarded are compensatory in nature and not punitive; AND

---

[3] Moving Plaintiffs have damages judgments against Iran. Undersigned counsel did not represent Moving Plaintiffs with regard to securing their damages judgments against Iran. Undersigned counsel solely represents them against the Taliban.

(10)     awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(11)     granting the Moving Plaintiffs permission to seek punitive damages, and other appropriate damages, at a later date; AND,

(12)     granting permission for all other Plaintiffs not appearing in Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(13)     granting to the Plaintiffs such other and further relief as this honorable court deems just and proper.

2.     The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

a.     The Court's January 24, 2017 Order, ECF No. 3435,[4] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee, ECF No. 3433] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.     Magistrate Judge Maas' July 30, 2012 Report & Recommendation, ECF No. 2618, and this Court's October 3, 2012 Order, ECF No. 2623, adopting the Report & Recommendation in its entirety concerning the award of damages.

c.     The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

d.     The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

e.     The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

---

[4] All ECF numbers are to the MDL docket unless stated otherwise.

   f.  The Court's December 6, 2019 Order, ECF No. 5338, setting forth the scheduling order.

   g.  The Court's April 11, 2022 Order, ECF No. 7870, setting forth specific procedures regarding seeking judgments for damages as to the Taliban.

   h.  The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

   i.  The Court's July 11, 2022 Order, ECF No. 8198, concerning requirements for motions for default against non-sovereign defendants.

   j.  The Court's September 20, 2022 Order, ECF No. 8541, setting forth procedures for filing expert reports submitted in support of default judgments.

  3.  The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C.

<u>Due Diligence</u>:

  4.  The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past eighteen years, my firm's representation of the Moving Plaintiffs in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Moving Plaintiffs, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the Moving Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

  5.  The Plaintiffs identified in annexed Exhibit A are each immediate family members of decedents from the terrorist attacks on September 11, 2001, as specifically

docs-100522394.1

set forth in annexed Exhibit A. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn declarations, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim.

6.      Intentionally omitted.[5]

7.      Intentionally omitted.

8.      All of the decedents listed in annexed Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in annexed Exhibit A. These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.  As to all plaintiffs for whom the exhibits state a different name was previously awarded a judgment, this claim relates to the same individual as previously corrected by motion.

9.      To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in annexed Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10.     After reviewing the records available to me regarding other judgments entered by this Court, I have not identified any relief that has previously been awarded to any particular plaintiff identified in annexed Exhibit A against the Taliban.

---

[5] We have attempted to track the format and structure of the Goldman Declaration utilized in our Iran motions, for the convenience of the Court. Given that there are no estate plaintiffs in this motion, such sections of the Declaration have been omitted.

11.     Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433, and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against the Taliban, no economic relief has previously been awarded against the Taliban to any plaintiff included in the proposed judgment.  We have complied with the safeguards for default judgments ordered by this court and the requests for default judgments as set forth in the joint rules of this District and ECF Rules.

12.     Intentionally omitted.

13.     We have verified via written documentation and/or interviews that the Moving Plaintiffs have not recovered for such losses by way of an award of this Court as to the Taliban.

14.     We have further confirmed that none of the Moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks as to the Taliban.

15.     Intentionally Omitted.[6]

16.     Intentionally Omitted.

Service of Process:

17.     The Original *O'Neill* Plaintiffs filed suit on August 20, 2003 and duly served the Taliban pursuant to publication orders, previously filed as of record, under ECF Nos. 445 and 488. *See* Affidavit of Jerry S. Goldman, ECF No. 3043 (September 21, 2015); *see also* ECF No. 3163 (December 11, 2015) (citing ECF No. 3043-1). Pursuant to

---

[6] Given that there is presently no procedure to add plaintiffs via Notices of Amendment as to the Taliban (and I have not added any plaintiffs via such a process as to the Taliban), such sections of the Declaration have been omitted.

this Court's Orders, the Moving Plaintiffs do not need to re-serve the Taliban. *See* Orders

at ECF Nos. 7949, 8111, 8150, and 8473 ("[f]urther service on the Taliban is not required

as a result of this amendment, and prior service orders apply, including the Court's order

on service by publication at ECF Nos. 445, 488").

Solatium:

18.     We have been retained individually by the plaintiffs listed in annexed

Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their

loved ones on September 11, 2001. Each claimant listed in annexed Exhibit A is the

immediate relative of a 9/11 decedent, all of whom have previously been awarded a final

default judgment against Iran in relation to the September 11th terrorist attacks. We have

verified that none of the plaintiffs listed in annexed Exhibit A have recovered for their

solatium damages previously against the Taliban, nor do they have any other pending

motion before this Court for compensation arising out of the September 11th terrorist

attacks against the Taliban.

19.     The solatium amounts set forth in annexed Exhibit A are the figures this

Court has previously determined appropriate for solatium damages based on familial

relationship to the decedent. *See*, e.g., ECF Nos. 2618, 2623, 2624, 3175 at 2, 3300 at 1,

3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Estates' Pain and Suffering and Economic Damages:

20.     Intentionally omitted.

21.     Intentionally omitted.

22.     Intentionally omitted.

23.     Intentionally omitted.

24.     Intentionally omitted.

7

25.     Intentionally omitted.

26.     Intentionally omitted.

27.     Intentionally omitted.

28.     Intentionally omitted.

Conclusion:

29.     Based on the foregoing, I respectfully request that this Court grant the

proposed partial final judgments as set forth in the Notice of Motion, including annexed

Exhibit A.


Dated:   New York, New York
         September 28, 2022

                                             /s/ *Jerry S. Goldman*
                                             Jerry S. Goldman, Esq.