# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL JUDGMENT AS TO LIABILITY *AND* FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE TALIBAN FOR MOVING PLAINTIFFS WHO PREVIOUSLY RECEIVED DAMAGES JUDGMENTS AGAINST IRAN

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
Ethan Greenberg, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email:  jgoldman@andersonkill.com
          bstrong@andersonkill.com
          agreene@andersonkill.com
          egreenberg@andersonkill.com
*Attorneys for Plaintiffs*

Dated:   New York, New York
             September 28, 2022

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ............................................................................................................ 1

II.  PROCEDURAL BACKGROUND.................................................................................. 3

    A.   Applicable Orders ................................................................................................ 3

    B.   Related Cases ....................................................................................................... 4

    C.   Moving Plaintiffs ................................................................................................. 6

III. LIABILITY JUDGMENTS FOR MEMBERS OF THE O'NEILL FAMILY AT
    ECF No. 3067 SHOULD BE EXTENDED TO THE ADDITIONAL *O'NEILL*
    PLAINTIFFS ................................................................................................................... 7

    A.   The Complaint Was Duly Served ........................................................................ 7

    B.   Liability Was Determined As To Members of the O'Neill Family at ECF
        No. 3067................................................................................................................ 7

    C.   The Determination of Liability as to the Taliban Should Be Extended to
        Moving Plaintiffs ................................................................................................. 8

IV.  DAMAGES SHOULD BE AWARDED AGAINST THE TALIBAN JOINTLY
    AND SEVERALLY........................................................................................................ 8

    A.   Background ........................................................................................................... 8

    B.   Solatium Damages ............................................................................................. 10

    C.   Treble Damages ................................................................................................. 12

    D.   Punitive Damages .............................................................................................. 12

    E.   Prejudgment Interest ......................................................................................... 13

V.   CONCLUSION............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Socialist People's Libyan Arab Jamahirya*,
    775 F. Supp. 2d 48 (D.D.C. 2011) ........................................................................13

*Estate of Bland v. Islamic Republic of Iran*,
    831 F. Supp. 2d 150 (D.D.C. 2011) ......................................................................13

*Estate of Heiser v. Islamic Republic of Iran*,
    466 F. Supp. 2d 229 (D.D.C. 2006) ........................................................................5

*Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*,
    495 F. Supp. 3d 144 (E.D.N.Y. 2020) ..................................................................10

*Estates of Ungar ex rel. Strachman v. Palestinian Auth.*,
    304 F. Supp. 2d 232 (D.R.I. 2004) .........................................................................9

*Lelchook v. Commerzbank AG*,
    2011 WL 4087448 (S.D.N.Y. Aug. 2, 2011) .....................................................9, 10

*Miller v. Arab Bank, PLC*,
    372 F. Supp. 3d 33 (E.D.N.Y. 2019) .................................................................9, 11

*Rosenberg v. Lashkar-e-Taiba*,
    2016 U.S. Dist. LEXIS 87724 (E.D.N.Y. July 5, 2016) ........................................10

*In re Sept. 11 Litig.*,
    802 F.3d 314 (2d Cir. 2015) ..................................................................................14

*Smith ex rel. Smith v. Islamic Emirate of Afghanistan*,
    262 F. Supp. 2d 217 (S.D.N.Y. 2003) .....................................................................9

*Stansell v. Revolutionary Armed Forces of Columbia*,
    16-MC-00405 (LGS) (SN), ECF No. 443 (March 29, 2022) .................................12

*United States v. Kahn*,
    5 F.4th 167 (2d Cir. 2021) .....................................................................................12

*Valore v. Islamic Republic of Iran*,
    700 F. Supp. 2d 52 (D.D.C. 2010) .......................................................................5, 9

**Statutes**

28 U.S.C. § 1605A ......................................................................................... *passim*

ii

18 U.S.C. § 2333(a) ............................................................................................... *passim*

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, 115
    Stat. 230 (2001) ........................................................................................................... 14

docs-100522392.1

## I.     INTRODUCTION

This action arises out of the events of September 11, 2001, during which members of the al Qaeda[1] terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks on the United States (the "September 11th Attacks").  Plaintiffs in the above-captioned case are comprised of personal representatives and eligible family members of individuals killed in the September 11th Attacks.

Plaintiffs in Exhibit A ("Moving Plaintiffs")[2] to the Declaration of Jerry S. Goldman, Esq. ("Goldman Declaration"),[3] by and through their counsel, Anderson Kill P.C., respectfully submit this Memorandum of Law in support of their Motion for Final Judgment as to Liability for Partial Final Judgment as to Damages against the Taliban.

For the reasons set forth below, the statements contained in the Goldman Declaration, as well as those set forth in prior motions for damages, Moving Plaintiffs[4] respectfully move this Court for an Order:

(1)     extending the Court's Order at ECF No. 3067 granting a judgment as to liability for the members of the O'Neill family, to the Moving Plaintiffs; AND,

---

[1] Arabic words and names are spelled differently in various sources. Plaintiffs have strived for consistency as much as possible, but original spellings are maintained in quoted sources.

[2] Moving Plaintiffs were added to the Fourth Amended First Consolidated Complaint against the Taliban on September 1, 2022. ECF No. 8486. Because Moving Plaintiffs were not named on a complaint in the above-captioned action on August 25, 2022, when we requested that the prior liability determination for members of the O'Neill family be "extended to all other Plaintiffs in the above-captioned matter," *see* ECF No. 8455, out of an abundance of caution, we are now requesting a liability determination for Moving Plaintiffs.

[3] All exhibits referenced herein are annexed to the Goldman Declaration, which is being filed contemporaneously with this Memorandum of Law. The plaintiffs listed in Exhibit A are the relatives of a 9/11 decedent.

[4] Undersigned counsel did not represent Moving Plaintiffs with regard to securing their damages judgments against Iran. Undersigned counsel solely represents them against the Taliban.

(2)     granting the Moving Plaintiffs' motion for entry of default judgment as to liability against the Taliban; AND,

(3)     determining that service of process in the above-captioned matter was properly effected upon the Taliban for the Moving Plaintiffs; AND,

(4)     determining that this Court possesses personal jurisdiction over the Taliban for the Moving Plaintiffs; AND,

(5)     determining that this Court has subject-matter jurisdiction over the Taliban for the Moving Plaintiffs; AND,

(6)     finding the Taliban jointly and severally liable with the Islamic Republic of Iran ("Iran")[5] and awarding damages judgments to Moving Plaintiffs identified in Exhibit A, against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); AND,

(7)     awarding solatium damages to those Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse and $8,500,000 per child, as set forth in Exhibit A; AND,

(8)     awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a), for solatium damages, in the amounts set forth in Exhibit A; AND,

(9)     finding that the treble damages awarded are compensatory in nature and not punitive; AND

---

[5] Moving Plaintiffs have damages judgments against Iran.

(10)     awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(11)     granting the Moving Plaintiffs permission to seek punitive damages and other appropriate damages, at a later date; AND,

(12)     granting permission for all other Plaintiffs not appearing in Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(13)     granting to the Plaintiffs such other and further relief as this honorable court deems just and proper.

The awards set forth in the attached Proposed Order represent the only direct recovery against the Taliban on behalf of the Moving Plaintiffs for the claims herein and will constitute final awards and judgments against the Taliban for the Moving Plaintiffs.

## II.     PROCEDURAL BACKGROUND

### A.     Applicable Orders

This motion is being submitted in accordance with various procedural orders entered by this Court, and the form of this motion and the relief requested herein are intended to comply with various orders of this Court, including the following:

a.     The Court's January 24, 2017 Order, ECF No. 3435, requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee, ECF No. 3433] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.     Magistrate Judge Maas' July 30, 2012 Report & Recommendation, ECF No. 2618, and this Court's October 3, 2012 Order, ECF No. 2623, adopting the Report & Recommendation in its entirety concerning the award of damages;

3

c.     The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

d.     The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

e.     The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

f.     The Court's December 6, 2019 Order, ECF No. 5338, setting forth the scheduling order.

g.     The Court's April 11, 2022 Order, ECF No. 7870, setting forth specific procedures regarding seeking judgments for damages as to the Taliban.

h.     The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

i.     The Court's July 11, 2022 Order, ECF No. 8198 setting forth requirements for motions for defaults against non-sovereign defendants.

j.     The Court's September 20, 2022 Order, ECF No. 8541, setting forth procedures for filing expert reports submitted in support of default judgments.

**B.     Related Cases**

Relying on evidence and arguments submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the September 11th Attacks, this Court, on April 7, 2006, May 12, 2006, December 22, 2011, and on October 13, 2015, granted Orders of Judgment on Liability in favor of certain of the *Federal Insurance*, *Burnett, Ashton*, *Havlish*, and *O'Neill* groups of plaintiffs against the Taliban (*see* ECF Nos. 1754-56, 1782-97, 2516, 3067).  This Court also considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the *Havlish* plaintiffs' submissions, on October 3, 2012 this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium…in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, …family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F.

4

Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the following solatium awards for

family members are appropriate, as an upward departure from the framework in *Est. of Heiser v.*

*Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006):

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2623 at 4.

The Court has applied the same solatium values to claims of other solatium plaintiffs as

to Iran in *Burnett, Ashton, O'Neill* and other solatium plaintiffs in other cases coordinated in the

*In re Terrorist Attacks on September 11, 2001* multidistrict litigation against Iran and sought

against the Taliban. *See, e.g.*, ECF Nos. 2618, 2623-24, 3175 at 2, 3300 at 1, 3358 at 9, 3363 at

16, 3399, 3666, 3977 at 7, 4023, 4126, 4146, 4175, 5061-62, 5087, 5138, and 5356.

In that same decision in *Havlish*, this Court also found that plaintiffs are entitled to

punitive damages under the Foreign Sovereign Immunities Act ("FSIA") in an amount of 3.44

multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that

3.44 multiplier also to judgments in *Ashton*. *See* ECF No. 3175 at 3 (Report and

Recommendation to apply 3.44 punitive multiplier); ECF No. 3229 at 1 (Order adopting in its

entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the

3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No.

3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn

recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF

Nos. 3358 at 11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the plaintiffs' solatium damages. ECF No. 2623 at 5.  The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. ECF No. 3175 at 7-8.  Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and *Bauer*. *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims. ECF Nos. 3358 at 17-20, 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6.  The Court applied that interest rate, 4.96 percent per annum, to other plaintiffs' awards in *Burnett*.

### C.  Moving Plaintiffs

Pursuant to the Orders entered at ECF Nos. 7949, 8111, 8150, and 8473, Plaintiffs were granted leave to add additional plaintiffs to the complaint in *O'Neill, et al., v The Republic of Iraq, et al*, 04-CV-1076 (GBD-SN).  The Orders specifically provide that (i) the amendments supplement but do not displace the underlying complaint; (ii) prior rulings, orders and judgments entered in this case remain in effect as to all parties; and (iii) that further service on the Taliban is not required as a result of the amendments; and (iv) that prior service orders applied.

Moving Plaintiffs were added via the Fourth Amended First Consolidated Complaint, ECF No. 8486 (September 1, 2022).

docs-100522392.1

### III.   LIABILITY JUDGMENTS FOR MEMBERS OF THE O'NEILL FAMILY AT ECF NO. 3067 SHOULD BE EXTENDED TO MOVING PLAINTIFFS

#### A.   The Complaint Was Duly Served

Members of the O'Neill family, in the above-captioned action, filed suit on August 20, 2003 and duly served the Taliban pursuant to publication orders, previously filed as of record, under ECF Nos. 445 and 488.  *See* Affidavit of Jerry S. Goldman, ECF No. 3043 (September 21, 2015); *see also* ECF No. 3163 (December 11, 2015) (citing ECF No. 3043-1). Goldman Declaration at ¶ 17.

Pursuant to this Court's Orders, Moving Plaintiffs do not need to re-serve the Taliban. *See* Orders at ECF Nos. 7949, 8111, 8150, and 8473 ("[f]urther service on the Taliban is not required as a result of this amendment, and prior service orders apply, including the Court's order on service by publication at ECF Nos. 445, 488").

#### B.   Liability Was Determined As To Members of the O'Neill Family at ECF No. 3067

The Clerk's Office previously issued a Clerk's Certificates of Default in the above-captioned matter. *See* ECF No. 3043-4.

As set forth below, members of the O'Neill family filed a motion for default judgments against the Taliban for liability.  Such motion was granted, with leave to seek a determination of damages at a later date.

**NAME OF CASE:**   *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*

|  |  |
|---|---|
| CASE NO: | 04-cv-1076 |
| DATE MOTION FOR LIABILITY FILED: | 09/21/2015 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 3042 |
| DATE ORDER DETERMINING LIABILITY: | 10/13/2015 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 3067 (*see also* ECF Nos. 3163, 3043-1) |

7

**C.     The Determination of Liability as to the Taliban Should Be Extended to Moving Plaintiffs**

For the reasons set forth in the motion seeking an entry of a default judgment against the Publication Defendants (including the Taliban) (ECF Nos. 3042, 3043, 3043-1), Moving Plaintiffs respectfully request that the Order entered at ECF No. 3067 be extended to Moving Plaintiffs.

Further, for the reasons set forth in this Court's Order at ECF No. 3163, and in this Court's Orders regarding Moving Plaintiffs at ECF Nos. 7949, 8111, 8150, and 8473, the Taliban has been properly served, and this Court has personal jurisdiction over the Taliban and subject-matter jurisdiction.[6]

## IV.     DAMAGES SHOULD BE AWARDED AGAINST THE TALIBAN JOINTLY AND SEVERALLY

By way of the instant motion, Moving Plaintiffs respectfully request that partial final judgments for damages be entered in their favor and against the Taliban jointly and severally.

**A.     Background**

According to the caselaw governing terrorism litigation, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.*, 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish

---

[6] In light of this Court's prior Orders, the motion for the extension of the liability judgments against the Talban to Moving Plaintiffs may not be necessary.  *See* ECF Nos. 7949, 8111, 8150, and 8473 ("[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties").  Out of an abundance of caution, we are now requesting a liability determination for Moving Plaintiffs.

8

experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) (allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive damages are not available under ATA, its civil action provision "provides for treble damages").

Moving Plaintiffs identified in Exhibit A are immediate family members of those killed on 9/11, as demonstrated by documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents, or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery. *See* Goldman Declaration at ¶¶ 4-14, 18-19.

As liability has been requested herein, each Moving Plaintiff should be entitled to damages in the amounts set forth in Exhibit A, which reflect the damage amounts previously established and applied by this Court in this and other related cases arising from the September 11th Attacks. In accordance with the ATA, Moving Plaintiffs are entitled to solatium, pain and suffering, and compensatory damages, as applicable, and are also entitled to treble damages and prejudgment interest.

Finally, all of the Moving Plaintiffs have already obtained damages judgments in the identical amounts sought here (except for trebling) against Iran,[7] as set forth in the Exhibit A. Under principles of joint and several liability and traditional tort principles, the Taliban is jointly

---

[7] Undersigned counsel did not represent Moving Plaintiffs with regard to securing their damages judgments against Iran. Undersigned counsel solely represents them against the Taliban.

9

and severally liable for those damages. *See* ECF Nos. 2618, 2623-24 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants who were determined to be jointly and severally liable with Iran under traditional tort principles).

### B.    Solatium Damages

Whereas Moving Plaintiffs' collective claims against Iran arose pursuant to 28 U.S.C. § 1605A(c) which provides an explicit right to solatium damages under the private right of action, Plaintiffs' claims against the Taliban arise under a number of different statutory schemes including 18 U.S.C. § 2333(a) (the civil-damages provision of the ATA) and the common law. Courts addressing claims under the ATA have almost uniformly allowed "solatium damages in suits brought under the ATA regardless of the availability of such damages under the general tort law of the state in which the district court sits" as such damages evince the deterrent intent of the ATA as a mechanism in the fight against terrorism. *See Rosenberg v. Lashkar-e-Taiba*, 2016 U.S. Dist. LEXIS 87724, at *75-*76 (E.D.N.Y. July 5, 2016); *see also Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) ("permitting Plaintiffs to pursue claims for solatium damages is consistent with both the purpose of the ATA, and Congress' intention to incorporate traditional tort-law principles into the statute"); *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 152-53 (E.D.N.Y. 2020). "Family members do not need to be present for the terrorist attacks to recover under the ATA, because 'a terrorist attack is precisely the sort of situation in which presence at the time is not required in light of the severity of the act and the obvious range of potential grief and distress that directly results from such a heinous act.'" *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019). In short, courts addressing the viability of solatium claims under the ATA have adopted an almost-uniform view that solatium damages are available under the ATA in the same

10

manner that they are available under the private right of action under 28 U.S.C. § 1605A(c) of the Foreign Sovereign Immunities Act.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 Attacks, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11th Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2618 at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, ECF No. 2623, and applied to the solatium claims against the Taliban. *See* ECF Nos. 2618, 2623-24.

The solatium losses suffered by the Moving Plaintiffs before the Court in this application are legally and factually comparable to those suffered by the plaintiffs in *Havlish*, as to the Taliban, as well as those granted as to Iran, and sought and currently pending against the Taliban in *Ashton*, *Bauer*, *Hoglan*, *O'Neill* (as to these plaintiffs), and *Burnett*.[8]  As such, Moving Plaintiffs identified in Exhibit A respectfully request that the Court grant awards of solatium in the same amounts indicated herein, consistent with this Court's application of those values

---

[8] Some of the plaintiffs herein claimed status as functional equivalents as to Iran (and as to the Taliban, herein).  The reasons for such a determination of functional equivalence is incorporated herein by reference to the underlying Iran motion, and this Court's determination thereof.  The proposed awards set forth in Exhibit A match the amounts awarded by this Court for those plaintiffs as to Iran. We can produce additional documents if the Court requests documents related thereto.

11

established and applied in *Havlish* against the Taliban, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, *Hoglan*, *O'Neill*, and *Burnett* cases against the Taliban.

### C.     Treble Damages

Moving Plaintiffs submit that, under the express terms of the ATA, they "shall recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the word "shall." *See United States v. Kahn*, 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, Moving Plaintiffs submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. Plaintiffs submit that under existing precedent, these trebled judgment amounts should also be considered compensatory damages. *See Stansell v. Revolutionary Armed Forces of Columbia*, 16-MC-00405 (LGS) (SN), ECF No. 443 (March 29, 2022) ("**The ATA's Treble Damages Provision is Compensatory**") (emphasis in original). A separate column is included on Exhibit A and Exhibit B indicating the final judgment after trebling of the damages values.

### D.     Punitive Damages

Moving Plaintiffs are also entitled to punitive damages.  In the *Havlish* Report and Recommendation on damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory).  ECF No. 2623 at 2.  The Court has applied that ratio to awards for plaintiffs in other related cases.  *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44

punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date. *See*, e.g., ECF No. 3666 (Judge Daniels' Order in *Burnett* authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

### E.    Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment. ECF No. 2618 at 13-14. This Court, recognizing that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

13

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states.  *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343 (2d Cir. 2015).  In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest.  *Id.*  Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks.  *Id.*

However, subsequently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29.  Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims.  ECF No. 3384 at 6.  Thereafter, in *Burnett/Iran II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to prejudgment interest, the Moving Plaintiffs respectfully request that the clerk be directed to

14

award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

## V.    CONCLUSION

For the reasons set forth herein, the statements contained in the Goldman Declaration, as well as those set forth in prior motions for damages made on behalf of Moving Plaintiffs[9] as to Iran, along with the previous decisions of this Court as to damages, Moving Plaintiffs respectfully request that the Court grant an Order:

(1)    extending the Court's Order at ECF No. 3067 granting a judgment as to liability for the members of the O'Neill family, to the Moving Plaintiffs; AND,

(2)    granting the Moving Plaintiffs' motion for entry of default judgment as to liability against the Taliban; AND,

(3)    determining that service of process in the above-captioned matter was properly effected upon the Taliban for the Moving Plaintiffs; AND,

(4)    determining that this Court possesses personal jurisdiction over the Taliban for the Moving Plaintiffs; AND,

(5)    determining that this Court has subject-matter jurisdiction over the Taliban for the Moving Plaintiffs; AND,

(6)    finding the Taliban jointly and severally liable with Iran and awarding damages judgments to Moving Plaintiffs identified in Exhibit A, against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs

---

[9] Moving Plaintiffs were added to the Fourth Amended First Consolidated Complaint against the Taliban on September 1, 2022. ECF No. 8486. Because Moving Plaintiffs were not named on a complaint in the above-captioned action on August 25, 2022, when we requested that the prior liability determination for members of the O'Neill family be "extended to all other Plaintiffs in the above-captioned matter," *see* ECF No. 8455, out of an abundance of caution, we are now requesting a liability determination for Moving Plaintiffs.

in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); AND,

(7)     awarding solatium damages to those Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse and $8,500,000 per child, as set forth in Exhibit A; AND,

(8)     awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a), for solatium damages, in the amounts set forth in Exhibit A; AND,

(9)     finding that the treble damages awarded are compensatory in nature and not punitive; AND

(10)     awarding the Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(11)     granting the Moving Plaintiffs permission to seek punitive damages and other appropriate damages, at a later date; AND,

(12)     granting permission for all other Plaintiffs not appearing in Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(13)     granting to the Plaintiffs such other and further relief as this honorable court deems just and proper.

Dated:    New York, New York            Respectfully submitted,
          September 28, 2022

                                        /s/ Jerry S. Goldman
                                        ANDERSON KILL P.C.
                                        Jerry S. Goldman, Esq.
                                        Bruce E. Strong, Esq.
                                        Alexander Greene, Esq.
                                        Ethan Greenberg, Esq.
                                        1251 Avenue of the Americas
                                        New York, NY 10020
                                        Tel:  (212) 279-1000
                                        Fax: (212) 278-1733
                                        Email:  jgoldman@andersonkill.com
                                                bstrong@andersonkill.com
                                                agreene@andersonkill.com
                                                egreenberg@andersonkill.com
                                        *Attorneys for Plaintiffs*

17