UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

### [PROPOSED] ORDER OF FINAL JUDGMENT AS TO LIABILITY FOR ALL ADDITIONAL *O'NEILL* PLAINTIFFS AS AGAINST THE TALIBAN *AND* FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE TALIBAN FOR MOVING PLAINTIFFS

Upon consideration of the evidence and arguments submitted by Plaintiffs in the above-captioned matter, together with the entire record in the case, for all Plaintiffs in Exhibit A-1 and Exhibit B-1 ("Additional *O'Neill* Plaintiffs"), IT IS HEREBY

(1) ORDERED that the Court's Order at ECF No. 3067 granting a judgment as to liability for members of the O'Neill family, is extended to the Additional *O'Neill* Plaintiffs; and it is further

(2) ORDERED that the Additional *O'Neill* Plaintiffs' motion for entry of default judgment as to liability against the Taliban is GRANTED; and it is further

(3) ORDERED that service of process in the above-captioned matter was properly effected upon the Taliban for the Additional *O'Neill* Plaintiffs; and it is further

(4) ORDERED that this Court possesses personal jurisdiction over the Taliban for the Additional *O'Neill* Plaintiffs; and it is further

(5) ORDERED that this Court has subject-matter jurisdiction over the Taliban for the Additional *O'Neill* Plaintiffs.

Further, upon consideration of the evidence and arguments submitted by Plaintiffs in the above-captioned matter, together with the entire record in the case, for all Plaintiffs in Exhibit A-

1, Exhibit A-2 (Exhibit A-1 and Exhibit A-2 are collectively referred to as "Exhibits A"), Exhibit B-1, and Exhibit B-2 (Exhibit B-1 and Exhibit B-2 are collectively referred to as "Exhibits B") to the Goldman Declaration (Plaintiffs in Exhibits A and Exhibits B are collectively referred to as "Moving Plaintiffs"), IT IS HEREBY

(1) ORDERED that the Taliban is jointly and severally liable with the Islamic Republic of Iran ("Iran") and that damages judgments are awarded to all Moving Plaintiffs against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); and it is further

(2) ORDERED that solatium damages are awarded to those Moving Plaintiffs identified in Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibits A; and it is further

(3) ORDERED that the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in Exhibits B, are awarded compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th Attacks, as set forth in Exhibits B; and it is further

(4) ORDERED that compensatory damages are awarded to those Moving Plaintiffs identified in Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibits B; and it is further

-3-

(5) ORDERED that the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified in Exhibits B, are awarded an award of economic damages in the amounts as set forth in Exhibits B; and it is further

(6) ORDERED that Moving Plaintiffs identified in Exhibits A and Exhibits B are awarded treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a), for solatium, economic, and non-economic damages, in the amounts set forth in Exhibits A and Exhibits B; and it is further

(7) ORDERED that the treble damages awarded are compensatory in nature and not punitive; and it is further

(8) ORDERED that the Moving Plaintiffs identified in Exhibits A and Exhibits B are awarded prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; and it is further

(9) ORDERED that Moving Plaintiffs in Exhibits A and Exhibits B are granted permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; and it is further

(10) ORDERED that all other Plaintiffs not appearing in Exhibits A and Exhibits B are granted permission to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

(11) ORDERED that this order is not binding on the determination of damages for defendants besides the one against whom default judgment is being sought. *See*, *e.g.*, ECF No. 2582 at 3.

-4-

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 8577.

**SO ORDERED:**

_____
GEORGE B. DANIELS
United States District Judge

Dated: New York, New York
          _____ __, 202_