Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

Sumner Square
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036-3215
———
(202) 326-7900

Facsimile:
(202) 326-7999

September 30, 2022

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") and non-party witness Musaed Al Jarrah concerning the sealed letter submitted by Kreindler & Kreindler LLP ("Kreindler & Kreindler") on September 28, 2022, as ECF No. 8573. Saudi Arabia and Al Jarrah respectfully request that the court maintain Kreindler & Kreindler's letter under seal.

      Kreindler & Kreindler's letter refers to two documents (or portions of documents) that this Court has already ordered sealed. *First*, the letter cites and discusses confidential portions of Al Jarrah's deposition transcript. *See* ECF No. 8573, at 1-2. During the November 1 and 2, 2021, hearing, the Court ordered that the deposition transcript would remain under seal. *See*, *e.g.*, ECF No. 7349, at 314:11-15, 315:3-6. On November 3, 2021, it confirmed that ruling in a written order. *See* ECF No. 7314. On January 14, 2022 the Court also ordered sealed discussion of the deposition transcript in a previous Kreindler & Kreindler letter, enforcing its ruling that the transcript would remain under seal. *See* ECF No. 7600, at 4 (addressing ECF No. 7162, at 3).

      *Second*, Kreindler & Kreindler's letter cites and discusses sealed material from the declaration of Brian Weidener. *See* ECF No. 8573, at 2 (citing ECF No. 7379-1, ¶¶ 6, 8). On November 23, 2021, the Court ordered paragraphs 6 through 8 of the Weidener declaration sealed because they contained "gratuitous and irrelevant" material that concerned "'embarrassing conduct with no public ramifications.'" ECF No. 7381, at 1-2 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). The Court reaffirmed that ruling in its recent sanctions Opinion and Order. *See* ECF No. 8544, at 33, 42.

      Kreindler & Kreindler incorrectly contends that its letter "can be made public . . . since Saudi Arabia has not requested any redactions" to the sanctions Opinion and Order. ECF No. 8573, at 1. To the contrary, the Court's Opinion and Order does not disclose any sealed material

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
September 30, 2022
Page 2

from the deposition transcript or from the Weidener declaration.  Instead, the Opinion and Order follows the line the Court drew at the hearing, addressing the "allegations" that John Fawcett had testified "compelled" him to breach the Court's orders, but not disclosing "anything about questions that were asked, what was elicited during the deposition, [or] what was introduced as an exhibit."  ECF No. 7349, at 315:4-6.  Material that was sealed before the release of the Opinion and Order should therefore remain sealed now.

Because the sealing request in this letter relates to material that the Court has ordered sealed, no further discussion of the balancing analysis under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), is required.  Further, because the portions of Kreindler & Kreindler's letter that refer to sealed material constitute nearly the entire letter, preparing a redacted version would consume the Court's and the parties' time and resources without usefully informing the public.  Accordingly, the Court should direct that Kreindler & Kreindler's letter remain sealed in its entirety.

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:     All MDL Counsel of Record (via ECF)