UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br><br> ECF Case <br><br> **ORDER [Proposed]** |
|---|---|

This document relates to:

*Fiona Havlish, et al. v. Bin Laden, et al.*, Case No. 03-cv-09848
*John Does 1 Through 7 v. The Taliban, et al.*, Case No. 20-mc-00740
*Federal Insurance Co. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Estate of Smith, et al. v. The Islamic Republic of Iraq, et al.*, Case No. 01-cv-10132

**[PROPOSED] ORDER GRANTING THE JOINT TALIBAN CREDITORS'
MOTION FOR POST-JUDGMENT ATTACHMENT**

Upon consideration of the Motion for Post-Judgment Attachment by Judgment Creditors *Fiona Havlish, et al.* (the "*Havlish* Creditors"), *John Does 1 through 7* (the "*Doe* Creditors"), *Federal Insurance Co., et al.* (the "*Federal Insurance* Creditors"), and *Estate of Smith, et al.* (the "*Smith* Creditors") (collectively the "Joint Taliban Creditors"), and the relevant authorities, it is hereby;

**ORDERED** that the Joint Taliban Creditors have demonstrated that they are entitled to an order of attachment under Federal Rule of Civil Procedure 64(a) and New York Civil Practice Law and Rule § 6201(5), because (1) they have "a cause of action," (2) "it is probable that [they] will succeed on the merits," (3) "one or more grounds for attachment provided in section 6201 exist," and (4) "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff[s]." N.Y. CPLR § 6212(a).

**IT IS FURTHER ORDERED THAT** the Joint Taliban Creditors' Motion for Post-Judgment Attachment is GRANTED as follows:

- Attachment on behalf of the *Havlish* Creditors in the amount of $2,086,386,669.00;
- Attachment on behalf of the *Doe* Creditors in the amount of $138,418,741.00;
- Attachment on behalf of Creditor *Vigilant Insurance Company* in the amount of $126,917,799.72;
- Attachment on behalf of Creditor *Chubb Custom Insurance Company* in the amount of $1,837,755.00;
- Attachment on behalf of Creditor *Chubb Indemnity Insurance* Company in the amount of $12,251,634.60;
- Attachment on behalf of Creditor *Federal Insurance Company* in the amount of $4,541,002,792.17;
- Attachment on behalf of Creditor *Chubb Insurance Company of New Jersey* in the amount of $1,238,045.13;
- Attachment on behalf of Creditor *Chubb Insurance Company of Canada* in the amount of $151,357,187.13;
- Attachment on behalf of Creditor *Pacific Indemnity Company* in the amount of $29,809,609.98;
- Attachment on behalf of Creditor *Great Northern Insurance* Company in the amount of $1,787,991,341.37;
- Attachment on behalf of Creditor *AXA Art Insurance Corp.* in the amount of $42,862,629.00;
- Attachment on behalf of Creditor *AXA Global Risks (UK) Ltd.* in the amount of $32,959,870.71;
- Attachment on behalf of Creditor *AXA CSA UK Branch* in the amount of $194,339,649.00;
- Attachment on behalf of Creditor *AXA Insurance Company* in the amount of $395,088,134.88;
- Attachment on behalf of Creditor *AXA Reinsurance Company* in the amount of $248,144,334.00;

- Attachment on behalf of Creditor *AXA RE* in the amount of $317,370,069.00;

- Attachment on behalf of Creditor *AXA RE Canadian Branch* in the amount of $78,415,221.33;

- Attachment on behalf of Creditor *AXA RE UK Plc* in the amount of $54,488,105.10;

- Attachment on behalf of Creditor *AXA Versicherung* in the amount of $2,769,159.00;

- Attachment on behalf of Creditor *SPS RE* in the amount of $252,915,480.00;

- Attachment on behalf of Creditor *American Alternative Insurance Company* in the amount of $11,768,346.21;

- Attachment on behalf of Creditor *Princeton Excess and Surplus Lines Insurance Company* in the amount of $11,388,877.50;

- Attachment on behalf of Creditor *Great Lakes UK Reinsurance Company* in the amount of $298,534,281.06;

- Attachment on behalf of Creditor *OneBeacon Insurance Company* in the amount of $529,544,956.20;

- Attachment on behalf of Creditor *TIG* in the amount of $228,252,687.90; and

- Attachment on behalf of the *Smith* Creditors in the amount of $58,262,189.57;

plus prejudgment interest, in funds held in the name of Da Afghanistan Bank ("DAB") at the Federal Reserve Bank of New York ("FRBNY"), and any and all other funds belonging to Defendant in this district.

**IT IS FURTHER ORDERED THAT** the United States Marshal of the Southern District of New York, or any person appointed to act in his place and stead, shall levy, at any time before final judgment, upon service of this Order of Attachment, but refrain from taking into actual custody $11,634,315,565.56 (which represents the compensatory damages the Joint Taliban Creditors could recover upon), plus prejudgment interest, held in the name of DAB at FRBNY. The priority amongst the creditors that are party to this attachment is according to the order in which they are listed above.

**IT IS FURTHER ORDERED THAT** the Joint Taliban Creditors shall post an undertaking in the amount of $10,000.00 within 14 days of this Order of Attachment.

**IT IS FURTHER ORDERED THAT** within five calendar days of the receipt of the levy of this Order of Attachment, garnishees shall provide a garnishee's statement filed with this Court (under seal) and served on the Joint Taliban Creditors' designee – Douglass A. Mitchell, Esq., Jenner & Block LLP, 1099 New York Avenue, N.W., Suite 900, Washington, D.C. 20001 – complying with and addressing all matters specified in N.Y. CPLR § 6219. Garnishees are directed to acknowledge in writing to the U.S. Marshal, also served on counsel for Plaintiffs at the above-mentioned address, that the assets attached herein will be held on behalf of the U.S. Marshal such that garnishees, their agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of the property and/or debts described above, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Order of Attachment, will refrain from directly or indirectly transferring, or ordering, directing, or requesting or assisting in the transfer, or in any other way affecting the value of, any such property or debt.

**IT IS FURTHER ORDERED THAT** within 10 calendar days after the levy of this Order, the Joint Taliban Creditors shall move for an order confirming this Order of Attachment. The Joint Taliban Creditors shall serve their motion for confirmation of this Order of Attachment on Defendant and each garnishee.

**SO ORDERED**

Dated:  October ___, 2022  
New York, New York

_____  
SARAH NETBURN  
United States Magistrate Judge

LEGAL\59723503\1