## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

### NON-U.S. NATIONALS' NOTICE OF MOTION FOR FINAL JUDGMENTS AS TO LIABILITY AND FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE TALIBAN

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, the Declaration of Jerry S. Goldman, Esq. with the exhibits appended and tendered (the "Goldman Declaration"), and all prior proceedings in the MDL, non-U.S. National Plaintiffs in Exhibit A and Exhibit B[1] ("Moving Plaintiffs"),[2] by and through undersigned counsel, respectfully move this Court for an ORDER:

(1)  extending the Court's Order at ECF No. 3067 granting a judgment as to liability for the members of the O'Neill family to Moving Plaintiffs; AND,

(2)  granting Moving Plaintiffs motion for entry of default judgment as to liability against the Taliban; AND,

(3)  determining that service of process in the above-captioned matter was properly effected upon the Taliban for Moving Plaintiffs; AND,

---

[1] Exhibit A includes immediate family members of 9/11 decedents where the 9/11 decedent was not a U.S. National *and* the immediate family member was also not a U.S. National on September 11, 2001. Exhibit B includes 9/11 decedent estates where the 9/11 decedent was known not to have been a U.S. National on September 11, 2001.

[2] Moving Plaintiffs were not previously granted judgments against the Islamic Republic of Iran ("Iran") for the damages sought herein and do not have a pending judgment motion against Iran. It is anticipated that eligible Moving Plaintiffs will file a motion for judgment against Iran shortly.

(4) determining that this Court possesses personal jurisdiction over the Taliban for Moving Plaintiffs; AND,

(5) determining that this Court has subject-matter jurisdiction over the Taliban under the common law for actions arising out of wrongful death, assault, battery, and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in death, personal injury, and significance grief sustained by family members of those killed in the attacks;[3] AND,

(6) finding the Taliban jointly and severally liable with Iran and awarding damages judgments under applicable common law to Moving Plaintiffs identified in Exhibit A and Exhibit B against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran; AND,

(7) awarding intentional infliction of emotional distress (solatium) damages to those Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; AND,

(8) awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by Moving Plaintiffs set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount

---

[3] Plaintiffs' prior request for an order of liability, *see* ECF No. 8455 (August 25, 2022), included Moving Plaintiffs. However, because Moving Plaintiffs here include only those who were not U.S. Nationals on September 11, 2001, Moving Plaintiffs seek a determination of liability for their common law claims.

previously awarded by this Court regarding other estates of decedents killed in the September 11th Attacks, as set forth in Exhibit B; AND,

(9) awarding compensatory damages to those Moving Plaintiffs identified in Exhibit B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibit B; AND,

(10) awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified in Exhibit B, an award of economic damages in the amounts as set forth in Exhibit B; AND,

(11) awarding Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(12) granting Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(13) granting permission for all other Plaintiffs not appearing in Exhibit A and Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(14) granting Plaintiffs such other and further relief as this honorable court deems just and proper.

Dated: New York, New York
September 30, 2022

Respectfully submitted,

/s/ Jerry S. Goldman
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
Ethan Greenberg, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 279-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
egreenberg@andersonkill.com
*Attorneys for Plaintiffs*