UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

### PLAINTIFFS' NOTICE OF MOTION FOR ENTRY OF PARTIAL FINAL DAMAGES JUDGMENTS AS AGAINST THE TALIBAN ON BEHALF OF THE PERSONAL INJURY PLAINTIFFS

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, the Declaration of Jerry S. Goldman, Esq. with the exhibits appended and tendered (the "Goldman Declaration"), and all prior proceedings in the MDL, Manu Dhingra, the non-U.S. national plaintiff in Exhibit A-1 ("Non-U.S. Personal Injury Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an Order:

1. extending the Court's Order at ECF No. 3067 granting a judgment as to liability for the members of the O'Neill family to Manu Dhingra, the Non-U.S. Personal Injury Plaintiff; AND,

2. granting Manu Dhingra, the Non-U.S. Personal Injury Plaintiff's motion for entry of default judgment as to liability against the Taliban; AND,

3. determining that service of process in the above-captioned matter was properly effected upon the Taliban for Manu Dhingra, the Non-U.S. Personal Injury Plaintiff; AND,

4. determining that this Court possesses personal jurisdiction over the Taliban for Manu Dhingra, the Non-U.S. Personal Injury Plaintiff; AND,

5. determining that this Court has subject-matter jurisdiction over the Taliban under the common law for actions arising out of wrongful death, assault, battery, and

docs-100521758.4

intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in death, personal injury, and significance grief sustained by family members of those killed in the attacks.[1]

PLEASE TAKE FURTHER NOTICE that upon the accompanying Memorandum of Law, the Goldman Declaration, and all prior proceedings in the MDL, the plaintiff in Exhibit A-1 who was a non-U.S. national on September 11, 2001 and John McLoughlin and William Jimeno, the two U.S. Personal Injury Plaintiffs in Exhibit A-2 (the "U.S. National Personal Injury Plaintiffs") (the non-U.S. National Personal Injury Plaintiff and the U.S. National Personal Injury Plaintiffs collectively are referred to herein as the "Personal Injury Plaintiffs"),[2] by and through undersigned counsel, respectfully move this Court for an ORDER:[3]

1. finding the Taliban jointly and severally liable with Iran and awarding compensatory damages to the Personal Injury Plaintiffs against the Taliban for pain and suffering commensurate with the injuries sustained during the September 11, 2001 terrorist attacks, in accordance with prior precedent in the U.S. District Court for the District of Columbia in similar cases (and factoring in an upward departure on damages values based on the indelible impact of the September 11, 2001 terrorist attacks); AND,

---

[1] Plaintiffs' prior request for an order of liability, *see* ECF No. 8455 (August 25, 2022), included the Non-U.S. Personal Injury Plaintiff on Exhibit A-1. However, because the Non-U.S. Personal Injury Plaintiff on Exhibit A-1 was not a U.S. citizen on September 11, 2001, the Non-U.S. Personal Injury Plaintiff on Exhibit A-1 seeks a determination of liability for his common law claims.
[2] Moving Plaintiffs were not previously granted judgments against the Islamic Republic of Iran ("Iran") for the damages sought herein and do not have a pending judgment motion against Iran.
[3] Our request for an order of liability for all plaintiffs in the judgment motion at ECF No. 8455 (August 25, 2022) included the U.S. National Personal Injury Plaintiffs on Exhibit A-2, as set forth on Exhibit A-2. The relief requested herein is contingent on the granting of the motion at ECF No. 8455.

2. awarding the Personal Injury Plaintiffs economic damages in the amounts set forth in Exhibit A-1 and Exhibit A-2; AND,

3. awarding treble damages against the Taliban pursuant to the Anti-Terrorism Act, 18 U.S.C. §2333(a), for economic and personal injury/pain and suffering damages, only for John McLoughlin and William Jimeno, the U.S. National Personal Injury Plaintiffs, in the amounts as set forth in Exhibit A-2; AND,

4. finding that the treble damages awarded are compensatory in nature and not punitive; AND

5. awarding prejudgment interest against the Taliban at the rate of 4.96 percent per annum, compounded annually, for the period of September 11, 2001 until the date of judgment; AND,

6. granting leave for the Personal Injury Plaintiffs to seek punitive damages and other appropriate damages at a later date; AND,

7. granting permission for all other O'Neill Plaintiffs not appearing in Exhibit A-1 and Exhibit A-2 to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

8. granting to the Personal Injury Plaintiffs such other and further relief as this honorable court deems just and proper under the circumstances.

Dated: New York, New York
September 30, 2022

Respectfully submitted,

/s/ Jerry S. Goldman
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
Ethan Greenberg, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 279-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
egreenberg@andersonkill.com
*Attorneys for Plaintiffs*

4