# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

## [PROPOSED] ORDER OF PARTIAL FINAL JUDGMENT AS TO DAMAGES AGAINST THE TALIBAN FOR THE PERSONAL INJURY PLAINTIFFS

Upon consideration of the evidence and arguments submitted by Plaintiff Manu Dhingra, in the above-captioned matter, together with the entire record in the case, for, Manu Dhingra, the non-U.S. national plaintiff in Exhibit A-1 ("Non-U.S. Personal Injury Plaintiff"),

IT IS HEREBY

  1. ORDERED that the Court's Order at ECF No. 3067 granting a judgment as to liability for members of the O'Neill family, is extended to Manu Dhingra, the Non-U.S. Personal Injury Plaintiff; and it is further

  2. ORDERED that Manu Dhingra, the Non-U.S. Personal Injury Plaintiff's motion for entry of default judgment as to liability against the Taliban is GRANTED; and it is further

  3. ORDERED that service of process in the above-captioned matter was properly effected upon the Taliban for Manu Dhingra, the Non-U.S. Personal Injury Plaintiff; and it is further

  4. ORDERED that this Court possesses personal jurisdiction over the Taliban for Manu Dhingra, the Non-U.S. Personal Injury Plaintiff; and it is further

  5. ORDERED that this Court has subject-matter jurisdiction over the Taliban under the common law for actions arising out of wrongful death, assault, battery, and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians

docs-100522309.3

resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks.

Further, upon consideration of the evidence and arguments submitted by Plaintiffs in the above-captioned matter, together with the entire record in the case, for the non-U.S. National Plaintiff in Exhibit A-1 and the two U.S. National Personal Injury Plaintiffs, John McLoughlin and William Jimeno, identified on Exhibit A-2 (the "U.S. National Personal Injury Plaintiffs") (with the non-U.S. National Personal Injury Plaintiff and the U.S. National Personal Injury Plaintiffs collectively referred to herein as the "Personal Injury Plaintiffs"),

IT IS HEREBY

6. ORDERED that the Taliban is jointly and severally liable with the Islamic Republic of Iran ("Iran") and that compensatory damages judgments are awarded to the Personal Injury Plaintiffs against the Taliban for pain and suffering commensurate with the injuries sustained during the September 11, 2001 terrorist attacks, in accordance with prior precedent in the U.S. District Court for the District of Columbia in similar cases (and factoring in an upward departure on damages values based on the indelible impact of the September 11, 2001 terrorist attacks) as set forth in Exhibits A-1 and A-2; and it is further

7. ORDERED that economic damages are awarded to the Personal Injury Plaintiffs identified in Exhibit A-1 and Exhibit A-2; and it is further

8. ORDERED that the U.S. National Personal Injury Plaintiffs, John McLoughlin and William Jimeno only, as identified in Exhibit A-2, are awarded treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a), for personal injury/

pain and suffering damages and economic damages, in the amounts and for the plaintiffs as set forth in Exhibit A-2; and it is further

9.  ORDERED that the treble damages awarded are compensatory in nature and not punitive; and it is further

10.  ORDERED that the Personal Injury Plaintiffs identified in Exhibit A-1 and Exhibit A-2 are awarded prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; and it is further

11.  ORDERED that Personal Injury Plaintiffs in Exhibit A-1 and Exhibit A-2 are granted permission to seek punitive damages and other appropriate damages, at a later date; and it is further

12.  ORDERED that all other O'Neill Plaintiffs not appearing in Exhibit A-1 and Exhibit A-2 are granted permission to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

13.  ORDERED that this order is not binding on the determination of damages for defendants besides the one against whom default judgment is being sought. *See*, *e.g.*, ECF No. 2582 at 3.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 8595.

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

Dated:   New York, New York
         _____, 2022

docs-100522309.3