UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

### [PROPOSED] DEFAULT JUDGMENT AGAINST THE TALIBAN

Upon consideration of the evidence and arguments submitted by Plaintiffs in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD)(SN), whose collective claims arise from the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against *inter alia* The Taliban entered on April 7, 2006 in this Multi-District Litigation (ECF No. 1756), together with the entire record in this case, it is hereby:

**ORDERED** that this Court possesses personal jurisdiction over Defendant The Taliban by virtue of its conduct supporting the terrorist activities of Al-Qaeda including but not limited to the Terrorist Attacks on September 11, 2001 which involved terrorist attacks conducted on American soil in New York, Pennsylvania, and Virginia;

**ORDERED** that this Court possesses subject-matter jurisdiction under the ATA as thousands of United States nationals were injured by reason of the terrorist attacks on September 11, 2001 which constituted acts of international terrorism resulting in significant harm including injury and death;

**ORDERED** that this Court possesses subject-matter jurisdiction under the common law for actions arising out of wrongful death, assault, battery, and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001

that intentionally targeted innocent civilians resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks;

**ORDERED** that the prior judgments entered against the Islamic Republic of Iran and certain of its agencies and instrumentalities be extended against The Taliban as jointly and severally liable for the compensatory damages amounts previously awarded to the Plaintiffs set forth on Exhibits B-1, C-1, and D-1 to this Order in the values included therein under the civil-damages provision of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a); and it is

**ORDERED** that the Plaintiffs set forth on Exhibit B-2 to this Order be awarded judgment for damages for conscious pain and suffering in the amount of $2,000,000 for each estate as set forth on Exhibit B-2 under the ATA; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit C-2 to this Order be awarded solatium damages in the amounts previously awarded by this Court in similar actions arising out of the terrorist attacks on September 11, 2001: specifically that solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, be awarded to the Plaintiffs set forth on Exhibit C-2 according to the values set forth therein under the ATA; and it is

**ORDERED** that the compensatory-damages judgments for the ATA Plaintiffs set forth on Exhibits B-1, B-2, C-1, C-2, and D-1 be trebled in accordance with the mandatory provision of the ATA that provides that successful plaintiffs in an ATA action "shall recover threefold the damages he or she sustains and the cost of suit, including attorney's fees"; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibits B-1, B-2, C-1, C-2, and D-1 be awarded prejudgment interest at the rate of 4.96%, compounded annually, from September 11,

2001 through the date of the judgment entered in the amount of $_____; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibits B-1 and B-2 whose judgments do not already include economic-loss damages may supplement their judgments upon providing evidence related to their economic losses at a later date; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibit D-2 may submit additional motions seeking pain-and-suffering damages in accordance with this Court's prior practice related to the injuries they sustained which they allege were proximately caused by the terrorist attacks on September 11, 2001 at a later time; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibit E-1 may submit additional motions seeking recognition as the functional equivalents of immediate family members of individuals who were killed in the terrorist attacks on September 11, 2001 that would justify the award of solatium damages at a later time; and it is

**ORDERED** that under New York choice-of-law provisions, the Court will apply the law of the State of New York regarding claims of wrongful death, assault, battery, and intentional infliction of emotional distress for those Plaintiffs included on Exhibits B-3, C-3, D-3, and E-2 as the laws in Pennsylvania, Virginia, and New York are substantially similar justifying this Court to apply the law of the venue state; and it is

**ORDERED** that the compensatory-judgment values awarded to the ATA Plaintiffs will also apply to Plaintiffs whose claims arise under the common law; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit B-3 to this Order be awarded judgment for damages for conscious pain and suffering in the amount of $2,000,000 for each estate as set forth on Exhibit B-3 under New York common law; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit C-3 to this Order be awarded solatium damages in the amounts previously awarded by this Court in similar actions arising out of the terrorist attacks on September 11, 2001: specifically that solatium damages of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, be awarded to the Plaintiffs set forth on Exhibit C-3 according to the values set forth therein under New York common law; and it is

**ORDERED** that the Plaintiffs with claims arising under the common law as set forth on Exhibits B-3 and C-3 be awarded prejudgment interest at the rate of 4.96%, compounded annually, from September 11, 2001 through the date of the judgment entered in the amount of $_____; and it is

**ORDERED** that the Plaintiffs with claims arising under the common law as set forth on Exhibit B-3 whose judgments do not already include economic-loss damages may supplement their judgments upon providing evidence related to their economic losses at a later date; and it is

**ORDERED** that the Plaintiffs with claims arising under the common law as set forth on Exhibit D-3 may submit additional motions seeking pain-and-suffering damages in accordance with this Court's prior practice related to the injuries they sustained which they allege were proximately caused by the terrorist attacks on September 11, 2001 at a later time; and it is

**ORDERED** that the Plaintiffs with claims arising under the common law as set forth on Exhibit E-2 may submit additional motions seeking recognition as the functional equivalents of immediate family members of individuals who were killed in the terrorist attacks on September 11, 2001 that would justify the award of solatium damages at a later time; and it is

**ORDERED** that Plaintiffs identified in Exhibits B-1, B-2, B-3, C-1, C-2, C-3, and D-1 may submit an application for punitive damages or other damages (to the extent such awards have

not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that any default judgments issued by this Court against The Taliban as a Defendant in this MDL is not binding on the determination of damages for any other Defendant within this MDL.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 8559 in 03-MDL-1570 (GBD)(SN) and ECF No. 1040 in 03-cv-9849 (GBD)(SN).

Dated: New York, New York  **SO ORDERED:**
_____, 2022

_____
GEORGE B. DANIELS
United States District Judge