KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
___
(202) 326-7900

FACSIMILE:
(202) 326-7999

October 6, 2022

*Via ECF*

The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Daniels and Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") regarding the Motion by Proposed Order To Show Cause for Stay Pending Resolution of Rule 72(a) Objections filed by Kreindler & Kreindler LLP ("Kreindler & Kreindler") on October 4, 2022. *See* ECF No. 8607. On September 21, 2022, the Court entered an order sanctioning Kreindler & Kreindler for its willful violation of the Court's protective orders and, among other things, immediately removed the firm from the Plaintiffs' Executive Committees ("PECs"). *See* ECF No. 8544. Kreindler & Kreindler's motion by proposed order to show cause, which seeks a "stay" of its removal from the PECs, is procedurally improper and violates Local Rule 6.1(d). It should be denied without prejudice as procedurally improper, refiled as a notice of motion, and referred to Judge Netburn. Saudi Arabia should be given 14 days to respond, the ordinary time under this Court's Rules.

      **1.**     Local Rule 6.1(b) requires that, with the exception of certain discovery motions, "all civil motions, petitions, and applications" be brought by a notice of motion and provides that an opposition may be filed within 14 days. SDNY Local Rule 6.1(b). "No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary." SDNY Local Rule 6.1(d). This rule ensures that the non-movant is provided "a proper opportunity to respond" to the motion and that the Court can give "careful consideration" to the parties' filings. *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 650, 652 (S.D.N.Y. 2014).

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable George B. Daniels
The Honorable Sarah Netburn
October 6, 2022
Page 2

Instead of proceeding by notice of motion, Kreindler & Kreindler filed a "Proposed Order To Show Cause With Emergency Relief" that seeks an order requiring Saudi Arabia to "show cause" why this Court should not stay the sanctions order against Kreindler & Kreindler and requests an emergency stay pending the Court's disposition of the motion. *See* ECF No. 8607. It does not ask for a specific briefing schedule. Kreindler & Kreindler has failed to provide any "clear and specific showing" of "good and sufficient reasons" for a procedure requiring Saudi Arabia to defend the Court's ruling on an expedited basis. SDNY Local Rule 6.1(d). The accompanying corrected declaration of Andrew Maloney avers that removal of Kreindler & Kreindler will cause "immediate and irreparable injury" to Plaintiffs. ECF No. 8613, ¶ 1. But it makes no attempt to explain why "emergency relief" in the form of an "order to show cause" against Saudi Arabia (as opposed to normal motions practice) is necessary to avoid that purported harm.

There is no exigency here. The September 21, 2022 order removed Kreindler & Kreindler from the PECs "immediately." ECF No. 8544, at 65. The remaining PECs members have confirmed that the firm is "no longer involved in any of the PEC's operations." ECF No. 8603, at 1. Thus, although styled as a request for a stay, Kreindler & Kreindler's motion by order to show cause is really a request for reinstatement to the PECs. That Kreindler & Kreindler waited a full two weeks after it was removed from the PECs to file the present motion belies any claimed urgency. *See Donziger*, 37 F. Supp. 3d at 652 (denying emergency motion to stay court's order because party waited two weeks to file the motion and there was no "showing of likely irreparable injury in the period between the making of the motion and its disposition on a schedule consistent with the rules"). Fact and expert discovery was completed at the end of June 2022. All that remains is the briefing of *Daubert* motions and a renewed motion to dismiss. When a schedule for that briefing is set, the remaining members of the PECs are more than capable of handling that briefing. They have represented to the Court that they stand ready to "conduct[ ] all pre-trial proceedings involving common legal and factual issues, whether relating to liability or damages, on behalf of all Plaintiffs," and that no "structural changes to the PECs" are necessary following Kreindler & Kreindler's removal. ECF No. 8603, at 1.

**2.**     The Court should further direct that, if Kreindler & Kreindler chooses to refile its motion in compliance with the ordinary notice-of-motion procedure under Local Rule 6.1(b), the motion should be addressed to Judge Netburn in the first instance. Any motion to "stay" the Court's sanction order is a non-dispositive motion, which has been referred to Judge Netburn under the Court's June 6, 2018 referral order. *See* ECF No. 4018 (referring to Judge Netburn all "General Pretrial" matters, including "scheduling" and "non-dispositive pretrial motions," in the litigation against Saudi Arabia). Courts in this District consider stay requests to be non-dispositive motions that should be resolved by the magistrate judge where such a referral order is in place. *See Crane v. Poetic Prods. Ltd.*, 549 F. Supp. 2d 566, 568 (S.D.N.Y. 2008) ("PPL's motion to stay is nondispositive and therefore within the scope of Judge Jones's general pretrial referral to me."); *In re Pidwell for an Order Seeking Discovery from Centerbridge Partners L.P.*,

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable George B. Daniels
The Honorable Sarah Netburn
October 6, 2022
Page 3

2022 WL 443632, at *1 n.1 (S.D.N.Y. Feb. 14, 2022) (same); *Hansel 'N Gretel Brand, Inc. v. Savitsky*, 1997 WL 698179, at *2 (S.D.N.Y. Nov. 10, 1997) (magistrate judge issuing stay of his order pending Rule 72(a) objections); *see also CFTC v. Standard Forex, Inc.*, 882 F. Supp. 40, 41 (E.D.N.Y. 1995) (seeking stay of magistrate judge's order from the magistrate judge and then seeking a stay from the district judge).

  Judge Netburn is also best suited to resolve this motion in the first instance. She has overseen discovery in this matter for the last four years, is familiar with the efforts of the various firms serving on the PECs, and can assess the contention that a refusal to stay the sanctions order will irreparably injure Plaintiffs. *See Donziger*, 37 F. Supp. 3d at 651 (explaining that a request for a stay pending appeal should first be sought in district court because that "'court . . . is best and most conveniently able to exercise the nice discretion needed to determine th[e] balance of convenience'") (quoting *Cumberland Tel. & Tel. Co. v. Louisiana Pub. Serv. Comm'n*, 260 U.S. 212, 219 (1922)) (alteration in *Donziger*); *In re BGI, Inc.*, 504 B.R. 754, 765-66 (S.D.N.Y. 2014) (denying stay request that was not first presented to the bankruptcy judge so that the district court would have "the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency").

* * *

  For the reasons set forth above, Saudi Arabia respectfully requests that the Court deny Kreindler & Kreindler's motion by order to show cause without prejudice as procedurally improper and direct that, if the firm chooses to refile, it do so as an ordinary motion under Local Rule 6.1(b) to which Saudi Arabia shall have 14 days to respond. The Court should further confirm that, under its general pretrial referral order already in place, any such motion will be referred to Judge Netburn in the first instance.

            Respectfully submitted,

            /s/ *Michael K. Kellogg*

            Michael K. Kellogg
            *Counsel for the Kingdom of Saudi Arabia*

cc: All MDL Counsel of Record (via ECF)