# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

espiro@maglaw.com
212.880.9460

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

October 7, 2022

**Via ECF**

The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001*, No. 03-md-01570 (GBD) (SN)

Dear Judge Daniels:

I, together with Kirsch & Niehaus PLLC, write on behalf of Kreindler & Kreindler LLP ("K&K") regarding Defendant Kingdom of Saudi Arabia's letter to the Court yesterday evening. *See* ECF No. 8616 ("Def. Letter").

On October 4, 2022, K&K moved this Court for a stay of Magistrate Judge Sarah Netburn's recent Order "immediately" removing K&K from its decades-long leadership position on the Plaintiffs' Executive Committee for Death and Injury Claims ("PEC") in this multidistrict litigation. *See* ECF No. 8607-8610, 8613. K&K seeks a short-term stay until this Court can review and resolve K&K's Rule 72(a) objections. On October 5, 2022, the Clerk's Office notified the Court that K&K's request "was reviewed and approved as to form." *See* ECF Docket Entry (dated Oct. 5, 2022).

Defendant nevertheless argues that K&K's request (i) does not meet the requirements of Local Rule 6.1(d) and (ii) should have been filed with Magistrate Judge Netburn in the first instance. *See* Def. Letter 1-3. Defendant is doubly wrong.

1. To grant an "order to show cause to bring on a motion," Local Rule 6.1(d) requires "a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made." Although Defendant argues, in conclusory fashion, that K&K "makes no attempt" to explain why an order to show cause is "necessary to avoid" irreparable injury, *see* Def.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable George B. Daniels
October 6, 2022
Page 2

Letter 2, the Corrected Declaration of Andrew Maloney does just that, *see* ECF No. 8610 ("Decl.").[1]

"Plaintiffs need only show 'a *threat* of irreparable harm, not that irreparable harm already ha[s] occurred.'" *Make the Rd. New York v. Cuccinelli*, 419 F. Supp. 3d 647, 665 (S.D.N.Y. 2019) (Daniels, J.) (quoting *Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010)). In his declaration, Mr. Maloney details K&K's "lead role" handling "nearly every aspect" of this complex litigation against a foreign sovereign on behalf of thousands of 9/11 victims and their families ("Plaintiffs"), including "dispositive motions, investigation, discovery motions, depositions, witness interviews and statements, and experts." *See* Decl. ¶¶ 2-3, 10-19. He catalogues the specifics of such work, which K&K continues to handle on a "daily, full-time basis" and to which "[n]o other law firm" contributed, save two limited exceptions. *Id.* ¶¶ 3, 18-19.

K&K, for example, "obtained reports from six highly qualified experts" for Plaintiffs and "defended the depositions of those experts," while another member of the PEC obtained "the report of one expert and defended his deposition." *Id.* ¶ 17. K&K also "deposed the three experts retained by Saudi Arabia." *Id.* Briefing of *Daubert* motions remains outstanding and, based on K&K's knowledge and experience described in the Maloney declaration, K&K stands as the only PEC member properly positioned to handle the motions on behalf of Plaintiffs.

Defendant is simply wrong that "[a]ll that remains is the briefing of *Daubert* motions and a renewed motion to dismiss." Def. Letter 2. There are Plaintiffs' pending Rule 54 motions, *see* ECF Nos. 7431 & 7481, including a pending motion for additional discovery concerning various Saudi government officials based on newly discovered evidence, *see* ECF No. 7481; *cf.* Decl. ¶ 3 ("The investigation remains active and ongoing with several investigators working for [K&K] in the field as of today."). Magistrate Judge Netburn ruled that Plaintiffs' motions must be decided before setting a briefing schedule on Defendant's renewed motion to dismiss. *See* ECF No. 8542. Without detailing Plaintiffs' litigation strategy, Defendant cannot presume to know the importance of the work now being conducted by K&K (including investigation based on the new evidence recently produced by the FBI and the Metropolitan Police, *see* ECF Nos. 7743 & 7831), or the further motions that will need to be filed on behalf of Plaintiffs. Seeking delay, Defendant's procedural objections are no more than a collateral attack on the merits of K&K's stay motion, surreptitiously addressing the likelihood of irreparable injury while avoiding entirely the strong likelihood that the sanction was issued "contrary to law." *Nken v. v. Holder*, 556 U.S. 418, 434 (2009); Fed. R. Civ. P. 72(a).[2]

---

[1] Defendant does not dispute that K&K satisfied the latter requirement of the rule. *See* Decl. ¶ 29.

[2] Cited by Defendant (Def. Letter 2), *Chevron Corp. v. Donziger* actually *supports* K&K's motion. *See* 37 F. Supp. 3d 650, 651-52 (S.D.N.Y. 2014) ("In appropriate circumstances of urgency, a movant may seek an order to show cause to bring on a motion on shorter notice and interim relief pending the hearing of the motion."). A stay was denied there because, unlike here, the motion was "unsupported by any affidavit or other evidence." *Id.* at 651.

Morvillo Abramowitz Grand Iason & Anello P.C.

The Honorable George B. Daniels
October 6, 2022
Page 3

  2. Given the threat of irreparable harm to 9/11 Plaintiffs as K&K awaits a resolution of its Rule 72(a) objections, it is proper for this Court to address the emergency stay motion in the first instance. Unlike other federal district courts throughout the country, the Southern District of New York does not require litigants to seek a stay of an order with the issuing magistrate judge in the first instance. *Compare, e.g.*, D. Colo. Local Rule 30.2(b) ("A stay of the [Rule 72(a)] order shall be obtained by motion filed with the magistrate judge, and if denied, then with the assigned district judge."). Where, as here, there is no local rule that governs, district courts in this Circuit and other circuits have long reviewed emergency stay motions in the first instance. *See, e.g.*, *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 77 (S.D.N.Y. 1989); *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005); *Pablovich v. Rooms to Go Louisiana Corp.*, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021). Because the Magistrate Judge's Order "immediately" removed K&K from the PEC before this Court has had an opportunity to review K&K's pending Rule 72(a) objections, an application to this Court in the first instance is appropriate.

  Finally, K&K disagrees that Magistrate Judge Netburn is "best suited to resolve [K&K's stay] motion in the first instance." Def. Letter 3. The motion involves a pure question of law—namely, whether Rule 37(b) authorizes sanctions against a law firm—and district courts regularly make irreparable harm determinations in the first instance. *See, e.g.*, *Make the Rd. New York*, 419 F. Supp. 3d at 665. In any event, by imposing sanctions effective "immediately," the Magistrate Judge decided against any form of a stay. No further delay to a briefing schedule is warranted.

*  *  *

  K&K seeks a short-term stay to preserve a decades-long status quo until this Court has had an opportunity to review K&K's pending Rule 72(a) objections, due October 21, 2022. Given K&K's long-running leadership of the PEC and its ongoing investigation and prosecution of a complex case against a foreign sovereign for 9/11 Plaintiffs, a stay should be granted "to preserve the status quo pending the appeal" of the removal sanction. *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 565 (2d Cir. 1991). For the reasons set forth above, the Court should (i) set a hearing and briefing schedule for K&K's motion by order to show cause and (ii) stay the removal of K&K from the PEC pending resolution of the instant motion. *See* ECF No. 8607.

            Respectfully submitted,

            */s/ Edward M. Spiro*

            Edward M. Spiro
            *Counsel for Kreindler & Kreindler LLP*

Cc: All MDL Counsel of Record (via ECF)