# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) | Civil Action No. 03 MDL 1570 (GBD) (SN) ECF Case |

This document relates to: *All Actions*

## KINGDOM OF SAUDI ARABIA'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO THE COURT'S SEPTEMBER 21, 2022 OPINION & ORDER

Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

DISCUSSION ........................................................................................................................ 4

I.    The Hourly Rates Are Reasonable................................................................................ 4

II.   The Hours Spent Relating to Kreindler & Kreindler's Breach Are Reasonable ................ 9

III.  The Costs and Expenses Sought by Saudi Arabia Are Reasonable.................................. 10

CONCLUSION..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. City of New York*, 132 F. Supp. 2d 239 (S.D.N.Y. 2001) .......................................... 10

*APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*,
    2018 WL 5784544 (S.D.N.Y. Nov. 5, 2018) ............................................................................. 6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
    522 F.3d 182 (2d Cir. 2008) .................................................................................................. 4, 7

*CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2022 WL 4103221
    (S.D.N.Y. Sept. 8, 2022) ........................................................................................................... 4

*City of Almaty, Kazakhstan v. Ablyazov*, 2022 WL 1406248 (S.D.N.Y. May 4, 2022) ................. 6

*Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998) ....................................................................... 5

*Haggart v. United States*, 149 Fed. Cl. 651 (2020) ........................................................................ 8

*Hefler v. Wells Fargo & Co.*, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018),
    *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) .......................................... 7

*Hensley v. Eckhart*, 461 U.S. 424 (1983) .................................................................................. 4, 9

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) ......................................................... 6

*MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*,
    2017 WL 1194372 (S.D.N.Y. Mar. 30, 2017) .......................................................................... 6

*Parrish v. Sollecito*, 280 F. Supp. 2d 145 (S.D.N.Y. 2003) ............................................................ 5

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986) ............. 4

*Robinson v. City of New York*, 2009 WL 3109846 (S.D.N.Y. Sept. 29, 2009) .............................. 9

*Simmons v. New York City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) .................................... 4, 5

*U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*, 2016 WL 6996176
    (S.D.N.Y. Nov. 30, 2016) .......................................................................................................... 6

*USFL v. NFL*, 887 F.2d 408 (2d Cir. 1989) .................................................................................. 10

*Vista Outdoor Inc. v. Reeves Family Tr.*, 2018 WL 3104631 (S.D.N.Y. May 24, 2018) ............... 6

*Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999) ................................................................................. 3

**RULES**

Fed. R. Civ. P. 37 ................................................................................................................. 4

**INTRODUCTION**

Pursuant to the Court's September 21, 2022 Opinion and Order ("September 21, 2022 Order"), the Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this application for attorneys' fees and costs associated with investigating and addressing Kreindler & Kreindler LLC's ("Kreindler & Kreindler") violation of the protective orders entered by this Court. Saudi Arabia seeks fees of $1,390,281.50 and expenses of $36,504.42. Kreindler & Kreindler has recently made additional filings relating to its breach and has stated that it intends to file Rule 72(a) objections to the September 21, 2022 Order. Once those issues are resolved, Saudi Arabia will supplement this fee application for the fees and expenses incurred to respond to those filings.

**BACKGROUND**

In its September 21, 2022 Order, the Court held that Kreindler & Kreindler and John Fawcett ("Fawcett") "willfully breached the Court's protective orders," by leaking a confidential deposition transcript to a reporter in an effort "to embarrass Saudi Arabia and gain an advantage in this case." ECF No. 8544, at 64. Among other sanctions, the Court removed Kreindler & Kreindler "immediately from the Plaintiffs' Executive Committees [("PECs")] and required [it] to pay the attorneys' fees and costs for Saudi Arabia associated with this breach." *Id.*

Saudi Arabia was forced to expend substantial efforts and resources to investigate and respond to this willful breach. As the Court has held, in the face of the Court's and counsel's investigation, "Kreindler & Kreindler engaged in a sustained campaign of delay and obstruction." *Id.* "[I]t took months to overcome Kreindler & Kreindler's obstruction," which has consumed "both the Court and all parties' resources." *Id.* at 50.

In connection with Kreindler & Kreindler's breach, Saudi Arabia (among other things):

- prepared and submitted at least a dozen pre-hearing motions and related filings, *see* ECF Nos. 6981 (Letter-Motion To Enforce MDL Protective Order) (under seal), 6990 (Reply in Support of Letter-Motion To Enforce MDL Protective Order) (under seal), 7145

1

(Letter Submitting Declarations from various Defendants and from Court Reporter), 7157 (Letter Relating to Disclosure that Kreindler & Kreindler Is Responsible for the Deposition Leak) (under seal), 7215 (Letter-Motion for Discovery), 7251 (Joint Letter Regarding Motion for Discovery), 7254 (Letter Regarding Forensic Image of Fawcett's Laptop), 7271 (Joint Letter Regarding Update on Forensic Image of Fawcett's Laptop), 7275 (Joint Letter Regarding Discovery), 7278 (Letter in Support of Fawcett's Waiver of His Fifth Amendment Privilege), 7298 (Letter Supplementing the Record on Fawcett's Waiver of His Fifth Amendment Privilege) (under seal), 7306 (Letter Regarding Handling of Confidential Documents at the Hearing);

- opposed two pre-hearing motions or Rule 72 objections, *see* ECF Nos. 7097 (Opposition to Proposed Intervenor Oath Inc.'s Emergency Motion To Intervene, and To Reconsider and Modify August 30, 2021 Order), 7303 (Letter in Opposition to Fawcett's Emergency Rule 72 Objections to Magistrate Judge Netburn's Bench Ruling on Fawcett's Waiver of His Fifth Amendment Privilege);

- argued a pre-hearing motion and Rule 72 objections, *see* ECF Nos. 7338 (transcript of hearing before Magistrate Judge Netburn regarding Fawcett's Waiver of His Fifth Amendment privilege) (under seal), 7340 (transcript hearing before Judge Daniels regarding Fawcett's Rule 72 objections to Magistrate Judge Netburn's bench ruling on Fawcett's Waiver of His Fifth Amendment privilege) (under seal);

- engaged in pre-hearing discovery separately with Kreindler & Kreindler and Fawcett;

- prepared for and conducted a two-day evidentiary hearing involving six live witnesses, *see* ECF Nos. 7347 (transcript of November 1, 2021 evidentiary hearing) (under seal), 7349 (transcript of November 2, 2021 evidentiary hearing) (under seal);

- prepared and submitted three post-hearing motions, *see* ECF Nos. 7322 (Letter-Motion To Investigate Kreindler & Kreindler's Deposition Protocol Violation), 7327 (Letter-Motion To Move Exhibits Into Evidence), 7328 (Letter-Motion for Discovery); and

- prepared and submitted extensive proposed findings of fact and conclusions of law, *see* ECF No. 7386 (under seal).

Attached as Exhibit A is a spreadsheet containing the contemporaneous time entries of counsel for Saudi Arabia relating to Kreindler & Kreindler's breach. *See* Ex. A.[1] These are

---

[1] Where a time record for a particular day reflects tasks relating to the protective-order breach and other case-related tasks, counsel has, where possible, used contemporaneous time-keeper records to separate out time relating solely to the breach. Where contemporaneous time-keeper notes were not available, counsel has been exceedingly conservative in assigning time relating to the breach or, in many instances, has not sought to recover any such time at all. *See* Shen Decl. ¶ 3; *see*, *e.g.*, Ex. A at 2, 3, 9, 10, 12. Moreover, Saudi Arabia has not sought fees for two associate-level attorneys who are no longer working at Kellogg, Hansen, Todd, Figel &

2

actual historical fees that counsel has billed to, and collected from, Saudi Arabia. *See* Shen Decl. ¶ 2. Time billed in 2021 was billed at 2021 rates, and time billed in 2022 was billed at 2022 rates.

Notably, Saudi Arabia has not sought recovery of all fees relating to every protective-order breach addressed by the September 21, 2022 Order. For instance, although the Order concluded that Kreindler & Kreindler violated the MDL Protective Order by posting the cache of discovery material obtained from the United Kingdom's Metropolitan Police Service on its website, *see* ECF No. 8544, at 33-34, Saudi Arabia does not seek fees relating to that breach. Nor has it sought fees in connection with preparing and submitting this fee application, even though Plaintiffs did so when they previously submitted a fee application in this MDL. *See* ECF No. 2830, at 19 (citing *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999)). Exhibit B contains Saudi Arabia's actual costs and expenses relating to the breach, with the exception that hotel and meal expenses in connection with the November 1 and 2, 2021 evidentiary hearing have been reduced to reflect the 2021 United States per diem rates for New York City. *See* Ex. B. Saudi Arabia also has not sought to recover Westlaw and other legal research expenses, which are several thousand dollars more. Saudi Arabia has incurred actual fees of at least $1,390,281.50 and costs and expenses of at least $36,504.42.

Saudi Arabia informed Kreindler & Kreindler that it would seek these amounts before submitting this application. Kreindler & Kreindler responded that, "in light of our pending motion to stay now and our forthcoming objections, our position is that because the Magistrate Judge's opinion is incorrect in finding that K&K was complicit in the leak or that its internal investigation was deficient, no fee is reasonable." Ex. J (Email from E. Kirsch to A. Shen et al. (Oct. 7, 2022)).

---

Frederick, P.L.L.C. ("Kellogg Hansen"). Accordingly, the fees sought by this application are less than the fees that Saudi Arabia actually incurred and paid.

**DISCUSSION**

This Court has already determined that an award of fees and expenses is appropriate. The sole issue before the Court is thus whether Saudi Arabia's requested fees and expenses are reasonable.

The Second Circuit has held that the starting point for determining an attorneys' fee award is the "presumptively reasonable fee," *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009), which is best calculated as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983); *see CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2022 WL 4103221, at *1 (S.D.N.Y. Sept. 8, 2022) (applying standard to fees awarded under Federal Rule of Civil Procedure 37). The Court should consider "*all* of the case-specific variables that . . . courts have identified as relevant," including "[t]he reasonable hourly rate . . . a paying client would be willing to pay," "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). While a court is permitted to make adjustments to the "presumptively reasonable fee," there is "[a] strong presumption that [this initial calculation] . . . represents a 'reasonable' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Two inquiries are relevant – the reasonableness of the rates charged and the number of hours spent. The fees submitted by Saudi Arabia are reasonable on both fronts.

**I.      The Hourly Rates Are Reasonable**

Determination of a reasonable hourly rate is a factual issue within the discretion of the court. *See Arbor Hill*, 522 F.3d at 183-84. It is typically defined as the market rate a paying client is willing to pay. *See id.* "A reasonable starting point for determining the hourly rate for purposes of a [presumptively reasonable fee] calculation is the attorney's customary rate."

4

*Parrish v. Sollecito*, 280 F. Supp. 2d 145, 169-70 (S.D.N.Y. 2003). Courts in the Second Circuit apply the "forum rule," under which courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons*, 575 F.3d at 174 (cleaned up); *see also Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).

The hourly rates charged by Kellogg Hansen attorneys and staff are set forth below:

| Time Keeper | Position | 2021 Rate | 2022 Rate |
| --- | --- | --- | --- |
| Kellogg, Michael K. | Partner | $1,265.00 | n/a |
| Hansen, Mark C. | Partner | $1,265.00 | n/a |
| Klineberg, Geoffrey M. | Partner | $980.00 | n/a |
| Rapawy, Gregory G. | Partner | $980.00 | $1,125.00 |
| Shen, Andrew C. | Partner | $950.00 | $1,125.00 |
| Dorris, Daniel V. | Partner | $890.00 | n/a |
| Duffy, Matthew M. | Associate | $805.00 | n/a |
| Young, Christopher M. | Associate | $575.00 | n/a |
| Schechinger, Caroline A. | Associate | $575.00 | n/a |
| Briggs, Kimberly A. | Senior Staff Attorney | $460.00 | n/a |
| Moore, Robert L. | Staff Attorney | $460.00 | n/a |
| Endo, Mary Ann K. | Research Director | $455.00 | n/a |
| Coben, Spencer J. | Research Analyst | $145.00 | n/a |
| Murphy, Bernadette M. | Paralegal Director | $430.00 | n/a |
| Cohen, Susan D. | Paralegal | $430.00 | n/a |
| Burke, David M. | Paralegal | $430.00 | $465.00 |
| Leverette, Darrin D. | Paralegal | $430.00 | n/a |
| Sella, Chandler J. | Paralegal | $315.00 | n/a |

These are the actual historical rates that counsel has charged to Saudi Arabia in connection with this matter. *See* Shen Decl. ¶ 2. Counsel also has charged these historical rates to other paying clients in other matters. *See id.* Although the Second Circuit has explained that, in many cases, "current rates, rather than historical rates should be applied in order to

5

compensate for the delay in payment," *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998), and Plaintiffs themselves have sought recovery using current rates in a prior fee application, *see* ECF No. 2830, at 12-15, Saudi Arabia has not sought reimbursement for historical time at current rates.

The rates set forth above are consistent with, and in many instances below, those charged in recent years by other firms handling similar (or even less) sophisticated litigation matters. *See Vista Outdoor Inc. v. Reeves Family Tr.*, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (approving "hourly billing rate[s]" between $1,165 and $1,260 for Gibson Dunn partners in breach-of-contract action; concluding that the rates "are not excessive in the New York City 'big firm' market"); *see also*, *e.g.*, *City of Almaty, Kazakhstan v. Ablyazov*, 2022 WL 1406248, at *4-5 (S.D.N.Y. May 4, 2022) (approving hourly rates as high as $1,180 for fees incurred by Boies Schiller Flexner attorneys in connection with addressing a defendant's discovery misconduct); *APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 2018 WL 5784544, at *5 (S.D.N.Y. Nov. 5, 2018) (approving rates "between $185 per hour for the most junior paralegal and $1058.25 for the most senior partner" in breach-of-contract action); *MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) ("Plaintiff charged at rates ranging from $210.75 (€200) to $437.30 (€415) per hour for non-legal staff; $569.02 (€540) to $753.42 (€715) per hour for associates; and $874.60 (€830) to $1,048.47 (€995) per hour for partners at Gibson Dunn.  These rates are reasonable under the circumstances, given the experience and work performed by the particular individuals."); *U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (concluding that "rates ranging from $250 per hour to $1,055 per hour" were reasonable in complex commercial litigation; commenting that "partner billing rates

6

in excess of $1,000 an hour are by now not uncommon in the context of complex commercial litigation") (cleaned up).

Attorneys at firms serving on the PEC have submitted fee applications in other cases at similar rates. *See* Ex. C (Ex. 1 to Decl. of Gregg S. Levin in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses Filed on Behalf of Motley Rice LLC, *Hefler v. Wells Fargo & Co.*, No. 3:16-cv-05479, ECF No. 240-6 (N.D. Cal. Nov. 13, 2018) (requesting rates as high as $1,050 per hour, which the court later found to be reasonable[2])). More than eight years ago, members of the PEC submitted a fee application seeking attorney hourly rates from $475 to $800. *See* ECF No. 2830, at 15 (January 2014 fee application seeking rates of $800 per hour for Jim Kreindler and $750 per hour for Andrew Maloney); *see also* ECF No. 3487, at 11 (March 2017 fee application seeking rates of up to $750 per hour for an associate-level attorney).

In setting a reasonable rate, the Second Circuit also has instructed courts to consider the "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively, . . . the timing demands of the case, [and] whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself." *Arbor Hill*, 522 F.3d at 184. The present matter is uniquely complicated, spanning more than two decades and involving expansive multidistrict litigation and multiple appeals. As set forth in the attached firm and counsel biographies, Saudi Arabia's counsel brings the necessary resources and experience to effectively represent a sovereign nation and litigate this matter. *See* Ex. D. Every associate- and partner-level attorney working on this matter has clerked on a United States Court

---

[2] *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020).

of Appeals; three have clerked on the United States Supreme Court. Team members have extensive government experience as federal prosecutors, in the United States Solicitor General's Office, and the United States Department of State. They also have been lead counsel in many of the most high-profile and highest impact federal litigation in the country in the district courts, the courts of appeals, and the U.S. Supreme Court – on both the defense and the plaintiff sides. *See* Ex. E.

Courts have regularly approved attorneys' fees for Kellogg Hansen based on the firm's standard hourly rates. *See Haggart v. United States*, 149 Fed. Cl. 651, 669 (2020) (approving as "reasonable" hourly rates for work in 2015-2020 at partner rates ranging from $650 to $1,265, associate rates ranging from $395 to $750; researcher rates ranging from $150 to $455; and paralegal rates ranging from $205 to $430); Ex. F (Omnibus Order Approving Fee Applications at 2, *In re Anderson News, LLC*, No. 09-10695, ECF No. 2671 (Bankr. D. Del. Dec. 13, 2019) (approving as "reasonable" hourly rates for work in 2010-2018 at partner rates ranging from $500 to $1,100; associate rates ranging from $330 to $660; a summer associate rate of $185; paralegal rates ranging from $170 to $320; and researcher and litigation support rates ranging from $100 to $185)); Ex. G (Order Granting Motion for Final Approval of Settlement, Interim Award of Attorneys' Fees, and Plan of Distribution at 10, *Kleen Prods. LLC v. International Paper Co.*, No. 1:10-cv-05711, ECF No. 1411 (N.D. Ill. Oct. 17, 2017) (approving as "reasonable" hourly rates for work in 2016-2019 at partner rates ranging from $650 to $1,100; associate rates ranging from $360 to $460; staff attorney rates ranging from $135 to $350; paralegal rates ranging from $205 to $300; and a litigation support rate of $85)); Ex. H (Order on Attorneys' Fees, Expenses, and Incentive Awards at 6, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944, ECF No. 5169 (N.D. Cal. June 8, 2017) (approving hourly rates for work

in 2014-2016 at partner rates ranging from $850 to $900; an associate rate of $395; and staff attorney rates of $350)).

## II.     The Hours Spent Relating to Kreindler & Kreindler's Breach Are Reasonable

Saudi Arabia has sought reasonable hours relating to Kreindler & Kreindler's breach of the protective orders. *See Robinson v. City of New York*, 2009 WL 3109846, at *2 (S.D.N.Y. Sept. 29, 2009) ("[H]ours 'reasonably expended' are those actually expended by counsel minus 'excessive, redundant, or otherwise unnecessary' hours.") (quoting *Hensley*, 461 U.S. at 434). As set forth above, this breach required extensive briefing, argument, discovery, a two-day evidentiary hearing with testimony from six witnesses, and expansive proposed findings of fact and conclusions of law. *See supra* pp. 1-2. The attorneys involved in the pre-hearing briefing consisted primarily of four attorneys (Michael Kellogg, Gregory Rapawy, Andrew Shen, and Christopher Young). Additional attorneys assisted with the hearing itself and post-hearing briefing (primarily Mark Hansen, Geoff Klineberg, Caroline Schechinger, and Daniel Dorris). In total, Saudi Arabia seeks recovery of fees from nine attorneys at the partner and associate level, who collectively billed 1,329.85 hours.[3] It seeks an additional 374.6 hours billed by staff members, including staff attorneys and paralegals.

By way of comparison, when Plaintiffs (including Kreindler & Kreindler) sought fees in January 2014 relating to a far less complex discovery dispute with Defendants Al Harriman and Wael Jelaidan, which did not involve an evidentiary hearing or the preparation of proposed findings of fact and conclusions of law, Plaintiffs submitted an application stating that they had expended 1,075 hours from 12 attorneys at the partner and associate level and one researcher (Fawcett), totaling $682,147.50. *See* ECF No. 2830, at 17; ECF No. 2831, at 6-7. Plaintiffs then

---

[3] Saudi Arabia does not seek to recover fees billed by two associate-level attorneys who have billed time on the protective-order issues, but have since left Kellogg Hansen.

9

sought a multiplier on these fees of 1.5 times to "achieve the necessary deterrent effect of the Rule 37 sanction and to put an end to the continued noncompliance of the various defendants," thus ultimately seeking a recovery of $1,023,206.25 in fees. ECF No. 2830, at 18. The amount that Plaintiffs have sought for far less egregious conduct and that involved far less effort by Plaintiffs to address demonstrates that the hours and total amounts requested by Saudi Arabia here are reasonable.

Courts have concluded that the contemporaneous hours billed by Kellogg Hansen in other cases have been reasonable and efficient. *See*, *e.g.*, Ex. I (Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses to Class Counsel, and Incentive Payments for Class Representatives from the Common Settlement Funds at 3, *In re Steel Antitrust Litig.*, No. 1:08-cv-05214, ECF No. 680 (N.D. Ill. Feb. 16, 2017) (holding that Kellogg Hansen "performed their work reasonably and efficiently, that their billing rates are appropriate and consistent with market rates for attorneys of similar skill doing similar work, and that the lodestar totals are reasonable")); Ex. H at 5 (approving fee request resulting in an imputed lodestar multiplier of 2.152).

## III. The Costs and Expenses Sought by Saudi Arabia Are Reasonable

Kreindler & Kreindler is required to pay the costs and expenses incurred by Saudi Arabia in response to the breach. *See* ECF No. 8544, at 34, 64. These include those "reasonable costs that are ordinarily charged to clients in the legal marketplace." *Anderson v. City of New York*, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001); *see also USFL v. NFL*, 887 F.2d 408, 416 (2d Cir. 1989).

The costs and expenses incurred by Saudi Arabia in connection with the breach are set forth in Exhibit B. These are the actual costs and expenses that Saudi Arabia has paid, with the exception that hotel and meals have been adjusted downward to be consistent with the 2021

United States per diem rates for New York City.[4] Saudi Arabia also has not sought to recover Westlaw and other legal research expenses, which are several thousand dollars more. In total, Saudi Arabia seeks $36,504.42 in costs and expenses.

## CONCLUSION

For the foregoing reasons, the Court should award Saudi Arabia fees of $1,390,281.50 and expenses of $36,504.42. Moreover, because Saudi Arabia continues to respond to filings made by Kreindler & Kreindler relating to its breach, Saudi Arabia intends to supplement its fee application once those filings are resolved by the Court.

Dated:  October 12, 2022

Respectfully submitted,

/s/  Michael K. Kellogg
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

---

[4] *See* U.S. General Services Administration Daily lodging and meals & Incidentals rates for New York City (showing that per diem lodging rates are $286 per night and setting out per diem meal rates), *available at* https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results/?action=perdiems_report&state=NY&fiscal_year=2021&zip=&city=. Notably, Plaintiffs did not adjust their lodging or meal expenses in their 2014 fee application. *See*, *e.g.*, ECF No. 2831-2.

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 12, 2022, I caused a copy of the foregoing Application for Attorneys' Fees and Expenses Pursuant to the Court's September 21, 2022 Opinion & Order to be served on all counsel of record by ECF.

/s/ Michael K. Kellogg
Michael K. Kellogg
*Attorney for the Kingdom of Saudi Arabia*