IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to: *All Actions*

## DECLARATION OF ANDREW C. SHEN

I, Andrew C. Shen, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that:

1. I am an attorney with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen") and represent Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in this litigation. I am admitted to practice in this Court.

2. Attached as Exhibit A is a spreadsheet containing a summary of contemporaneous billing records reflecting the fees expended by Saudi Arabia in response to this breach. Exhibit A reflects the actual historical fees that counsel has billed to, and collected from, Saudi Arabia. These are also the same historical rates that Kellogg Hansen charges and has collected from other clients.

3. Where a time record for a particular day reflects tasks relating to the protective order breach and other case-related tasks, each timekeeper has, where possible, used contemporaneous time-keeper records to separate out time relating solely to the breach. Where contemporaneous time-keeper notes were not available, each timekeeper has been exceedingly conservative in assigning time relating to the breach or, in many instances, has not sought to recover any such time at all. The portions of the time records that do not reflect work relating to the protective order breach have been redacted.

1

4. Exhibit A does not include fees for counsel who worked on the protective order breach but who are no longer working at Kellogg Hansen.

5. Exhibit A also does not contain all fees relating to any protective order breach addressed by the September 21, 2022 Order. For instance, although the Order concluded that Kreindler & Kreindler violated the MDL Protective Order by posting the cache of discovery material obtained from the United Kingdom's Metropolitan Police Service on its website, Exhibit A does not contain billing records relating to that breach. Exhibit A also does not contain billing records in connection with preparing and submitting this fee application.

6. Exhibit B contains the actual expense expended by Saudi Arabia relating to the breach, with the exception that hotel and meal expenses in connection with the evidentiary hearing have been reduced to reflect the 2021 United States per diem rates for New York City. Saudi Arabia also has not sought to recover Westlaw and other legal research expenses, which are several thousand dollars more.

7. Exhibit C is a true and correct copy of the Declaration of Gregg S. Levin and Exhibit 1 thereto, *Hefler v. Wells Fargo & Co.*, No. 3:16-cv-05479, ECF No. 240-6 (N.D. Cal. Nov. 13, 2018).

8. Exhibit D contains a biography of Kellogg Hansen and of each associate- and partner-level attorney who has submitted time relating to this fee application. These biographies are true and correct copies of pages taken from Kellogg Hansen's website.

9. Exhibit E contains an overview of Kellogg Hansen. This overview is a true and correct copy of a page taken from Kellogg Hansen's website.

10. Exhibit F is a true and correct copy of the Omnibus Order Approving Fee Applications, *In re Anderson News, LLC*, No. 09-10695, ECF No. 2671 (Bankr. D. Del. Dec. 13, 2019).

11. Exhibit G is a true and correct copy of the Order Granting Motion for Final Approval of Settlement, Interim Award of Attorneys' Fees, and Plan of Distribution, *Kleen Prods. LLC v. International Paper Co.*, No. 1:10-cv-05711, ECF No. 1411 (N.D. Ill. Oct. 17, 2017).

12. Exhibit H is a true and correct copy of the Order on Attorneys' Fees, Expenses, and Incentive Awards, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944, ECF No. 5169 (N.D. Cal. June 8, 2017).

13. Exhibit I is a true and correct copy of the Order Awarding Attorneys' Fees, Reimbursement of Litigation Expenses to Class Counsel, and Incentive Payments for Class Representatives from the Common Settlement Funds, *In re Steel Antitrust Litig.*, No. 1:08-cv-05214, ECF No. 680 (N.D. Ill. Feb. 16, 2017).

14. Exhibit J is a true and correct copy of an email chain between Emily Kirsch and myself. The most recent email is dated Oct. 7, 2022.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  October 12, 2022

_____
Andrew C. Shen