# EXHIBIT C

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Salvatore Graziano (*pro hac vice*)
Salvatore@blbglaw.com
Adam Wierzbowski (*pro hac vice*)
Adam@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
Rebecca.Boon@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Lead Counsel for Lead Plaintiff and the Settlement Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY HEFLER, MARCELO MIZUKI, GUY SOLOMONOV, UNION ASSET MANAGEMENT HOLDING AG, and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY, JOHN G. STUMPF, JOHN R. SHREWSBERRY, CARRIE L. TOLSTEDT, TIMOTHY J. SLOAN, DAVID M. CARROLL, DAVID JULIAN, HOPE A. HARDISON, MICHAEL J. LOUGHLIN, AVID MODJTABAI, JAMES M. STROTHER, JOHN D. BAKER II, JOHN S. CHEN, LLOYD H. DEAN, ELIZABETH A. DUKE, SUSAN E. ENGEL, ENRIQUE HERNANDEZ JR., DONALD M. JAMES, CYNTHIA H. MILLIGAN, FEDERICO F. PEÑA, JAMES H. QUIGLEY, JUDITH M. RUNSTAD, STEPHEN W. SANGER, SUSAN G. SWENSON, and SUZANNE M. VAUTRINOT,<br><br>Defendants. | Case No. 3:16-cv-05479-JST<br><br>CLASS ACTION<br><br>**DECLARATION OF GREGG S. LEVIN IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES FILED ON BEHALF OF MOTLEY RICE LLC**<br><br>Date:      December 18, 2018<br>Time:      2:00 p.m.<br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 9 |

I, Gregg S. Levin, declare as follows:

1. I am a member of the law firm of Motley Rice LLC. I submit this declaration in support of Lead Counsel's application for an award of attorneys' fees in connection with services rendered in the above-captioned class action (the "Action"), as well as for reimbursement of expenses incurred by my firm in connection with the Action. I have personal knowledge of the matters set forth herein, and if called upon, could and would testify thereto.[1]

**Introduction**

2. My firm served as counsel for Lead Plaintiff Union Asset Management Holding, AG ("Union" or "Lead Plaintiff") from the inception of the Action through May 17, 2017 and as Court-appointed Lead Counsel from January 5, 2017 through May 17, 2017. In this capacity, my firm performed the following tasks, among others: conducting an extensive factual and legal investigation of the claims asserted; preparing and participating in oral argument before the Court regarding Union's motion for appointment as lead plaintiff; and researching, drafting, and filing the Consolidated Complaint.

3. The information in this declaration and its exhibits regarding the time spent on the Action by the firm's attorneys and other professional support staff is based on contemporaneous daily time records regularly prepared and maintained by my firm. The information in this declaration and its exhibits regarding expenses is based on the records of my firm, which are regularly prepared and maintained in the ordinary course of business. These records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred. I am the member who oversaw and/or directed the day-to-day activities in the litigation and I reviewed these time and expense records (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.

4. The purpose of this review was to confirm both the accuracy of the time entries and expenses as well as the necessity for, and reasonableness of, the time and expenses committed to

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 30, 2018 (ECF No. 225-1).

GREGG S. LEVIN DECL. ISO MOT. FOR
ATTORNEYS' FEES AND EXPENSES          1                          Case No. 3:16-cv-05479-JST

the litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. In addition, (a) all time expended in preparing this application for fees and expenses and (b) all time spent on travel (unless the attorney was actively working on the case during the travel, for example, reviewing documents while on a plane) has been excluded. Further, all time billed by any timekeeper who spent fewer than ten hours working in the Action has been excluded.

5. As a result of this review and the adjustments made, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

6. The hourly rates for the attorneys and professional support staff in my firm included in the exhibits to this declaration are the usual and customary rates set by the firm in securities litigation. These hourly rates are the same as, or comparable to, the rates accepted by courts in other securities class action litigation or shareholder litigation including courts in this Circuit. My firm's rates are set based on periodic analysis of rates charged by firms performing comparable work and that have been approved by courts. Different timekeepers within the same employment category (*e.g.*, members, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current position (*e.g.*, years as a member), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms. For personnel who are no longer employed by my firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with my firm.

7. None of the timekeepers listed in the exhibits to this declaration and included in my firm's lodestar for the Action were "contract attorneys" or "contract paralegals." All of the timekeepers listed were either members of the firm or employees of the firm who were entitled to medical and other benefits.

GREGG S. LEVIN DECL. ISO MOT. FOR
ATTORNEYS' FEES AND EXPENSES

2

Case No. 3:16-cv-05479-JST

**Hours and Lodestar Information**

8. Attached as Exhibit 1 is a summary lodestar chart which lists (1) the name of each timekeeper in my firm who devoted more than 10 hours to the Action; (2) their title or position (*e.g.*, member, associate, staff attorney, paralegal); (3) the total number of hours they worked on the Action from its inception through and including June 1, 2017; (4) their current hourly rate; (5) their lodestar (at both current and historical rates); and (6) a brief description of the primary work they performed in connection with this case.

9. As reflected in Exhibit 1, the total number of hours expended on this Action by my firm through June 1, 2017, is 2,127.50. The total lodestar for my firm for that period is $1,268,072.50 based on current rates and $1,175,325.00 based on historical rates.

10. Attached as Exhibit 2 are summary descriptions describing the principal tasks in which each attorney and the principal support staff in my firm were involved in this Action.

11. Exhibit 3 sets forth brief biographical summaries for each timekeeper listed in Exhibit 1, including information about their position, education, and relevant experience.

12. Exhibit 4 is an Excel spreadsheet which lists (1) the name and position of each timekeeper; (2) the hours incurred by that timekeeper in each month in each of 11 different categories; (3) the hourly rate charged for each timekeeper during that month; (3) his or her lodestar at that historic rate; (4) the current rate for each timekeeper (or most recent rate for former employees); and (6) his or her lodestar at the current rate. The time reflected includes time spent through June 1, 2017.

13. Exhibit 5 summarizes certain of the information contained in Exhibit 4. Specifically, Exhibit 5 (the "Summary of Categories by Month") reflects the total hours spent by all of my firm's timekeepers in each of the 11 categories during each month. Exhibit 5 also shows the total lodestar for all timekeepers for each month at both historic and current rates.

14. Exhibit 6 also summarizes certain of the information contained in Exhibit 4. Specifically, Exhibit 6 (the "Summary of Categories by Timekeeper") reflects the hours spent during the entire case by each timekeeper in each of the 11 categories, and also reflects each

timekeeper's individual hours and lodestar at their historic rates and current rate (or most recent rate for former employees).

**Expense Information**

15. My firm's lodestar figures are based upon the firm's hourly rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's hourly rates.

16. My firm seeks an award of $63,404.32 for expenses and charges incurred in connection with the prosecution of the litigation from its inception through June 1, 2017. Exhibit 7 is a chart summarizing these expenses and charges by category. Exhibit 8 is a detailed listing of all of my firm's individual expenses and charges through June 1, 2017, organized by category.

17. Consistent with this Court's order in *Rodman v. Safeway Inc.*, Case No. 11-cv-03003-JST (N.D. Cal. Mar. 21, 2018), we have attached copies of invoices and receipts for: (a) all expenses of experts, consultants and other professionals; (b) all travel, food, and lodging expenses; and (c) all other expenses or charges that exceed $500.

18. **Experts, Consultants, and other Professionals:** My firm expended a total of $517.50 on experts, consultants and other professionals.

   (a) **Pehl LLC – Translation services.**
Exhibit 9 includes copies of all invoices or receipts from Pehl LLC.

19. **Travel, Food, and Lodging Expenses:** In connection with the prosecution of this case, my firm expended a total of $6,702.73 on out-of-town travel, including travel costs such as airfare, lodging costs, and meals while traveling. Exhibit 10 includes copies of all underlying invoices or receipts relating to travel, food, and lodging, in chronological order and segregated by month. These expenses have been reviewed for reasonableness and accuracy. In addition, the expenses for which reimbursement is sought reflect the lesser of the actual expenses incurred by the firm or the following "caps": (i) airfare is capped at coach rates, (ii) hotel charges per night are capped at $350 for "high cost" locations and $250 for "lower cost" locations, as categorized by IRS guidelines; and (iii) meals while traveling are capped at $20 per person for breakfast, $25 per person for lunch, and $50 per person for dinner. Certain of the invoices in Exhibit 10 reflect costs

1  that were split among multiple cases. In those instances, the costs have been allocated equally
2  among the various cases to which the travel or the meal related, and the applicable amount for this
3  Action, after application of the caps described above, is shown in Exhibit 10.

4       20. **Other Expenses:** The following is additional information regarding certain other
5  categories of expenses:

6       (a) Court Fees**:** $1,290.00. These expenses were paid to the Court in connection with
7  certificates of good standing and *pro hac vice* motions.

8       (b) Online Legal and Factual Research: $6,538.15. This category includes payments to
9  vendors such as Westlaw, Lexis/Nexis, and PACER. These resources were used to obtain access to
10 court filings, to conduct legal research and cite-checking of briefs, and to obtain factual information
11 regarding the claims asserted through access to various databases. These expenses represent the
12 actual expenses incurred by the firm for use of these services in connection with this litigation and
13 do not reflect any surcharge by the firm. The charges for these vendors vary depending upon the
14 type of services requested.

15       (c) Photocopies**:** $245.80. In connection with this case, the firm made 2,416 in-house
16 black and white copies, charging $0.10 per copy for a total of $241.60. Each time an in-house copy
17 machine is used, our billing system requires that a case or administrative billing code be entered
18 and that is how the 2,416 copies were identified as related to this case. My firm also paid $4.20 to
19 outside copy vendors.

20       21. Attached as Exhibit 11 are receipts for all of my firm's other expenses that exceed
21 $500 individually, organized by category and then chronologically.

22       **Conclusion**

23       22. Attached as Exhibit 12 is a brief resume describing the background and experience
24 of my firm.

25       23. Electronic copies of the three Excel spreadsheets, Exhibits 4, 5, and 6, will be
26 lodged with the Courtroom deputy. We will provide the Court with any further documentation or
27 explanation with respect to our lodestar or expenses, including our detailed daily time records,
28 upon request by the Court.

GREGG S. LEVIN DECL. ISO MOT. FOR                                                         Case No. 3:16-cv-05479-JST
ATTORNEYS' FEES AND EXPENSES                 5

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, this 6th day of November, 2018.

_____
Gregg S. Levin

# Exhibit 1

EXHIBIT 1

*Hefler v. Wells Fargo Co.*, No. 3:16-cv-05479-JST

Motley Rice LLC
Summary Lodestar Chart
Inception - July 1, 2018

| Name | Position | Total Hours | Current Rate | Historical Lodestar | Current Lodestar | Brief Summary of Work Performed |
|---|---|---|---|---|---|---|
| William Narwold | Member | 118.75 | $1,050 | $120,893.75 | $124,687.50 | Lead Plaintiff motion; Complaint; Substitution of BLB&G |
| Gregg Levin | Member | 292.25 | $925 | $262,012.50 | $270,331.25 | Day-to-day oversight of case; primary role on Complaint |
| Joshua Littlejohn | Member | 269.50 | $775 | $173,250.00 | $208,862.50 | Assisted with Lead Plaintiff motion and Complaint |
| Ann Ritter | Senior Counsel | 45.25 | $950 | $41,018.75 | $42,987.50 | Primary client relationship responsibility |
| Deborah Sturman | Co-Counsel | 17.25 | $950 | $15,743.75 | $16,387.50 | Client communications; Lead Plaintiff motion |
| Andrew Arnold | Associate | 88.50 | $500 | $40,337.50 | $44,250.00 | Initial evaluation of case and client losses; assisted with Complaint |
| Christopher Moriarty | Associate | 27.75 | $600 | $14,087.50 | $16,650.00 | Memos to client |
| Meredith Weatherby | Associate | 17.25 | $550 | $8,756.25 | $9,487.50 | Case starting activities |
| William Tinkler | Associate | 114.25 | $550 | $59,806.25 | $62,837.50 | Factual and legal research for Complaint |
| Annie Kouba | Associate | 435.00 | $400 | $160,943.75 | $174,000.00 | Drafted sections of Complaint & FOIA requests |
| Elizabeth Camputaro | Associate | 402.00 | $500 | $190,100.00 | $201,000.00 | Drafted sections of Complaint; significant factual research |
| Victoria Blackiston | Paralegal | 28.25 | $350 | $9,181.25 | $9,887.50 | Paralegal work |
| Katherine Weil | Paralegal | 82.25 | $350 | $25,462.50 | $28,787.50 | Paralegal work |
| Lynn Shaarda | Paralegal | 32.50 | $350 | $10,562.50 | $11,375.00 | Paralegal work |
| Lisa Ashby | Paralegal | 11.50 | $270 | $2,942.50 | $3,105.00 | Paralegal work |
| Arden Wilson | Paralegal | 10.50 | $275 | $2,650.00 | $2,887.50 | Paralegal work |
| Lenique Harris | Financial Analyst | 60.50 | $210 | $11,876.25 | $12,705.00 | Researched potential client losses & insider trading analyses |
| Evelyn Richards | Law Clerk | 74.25 | $375 | $25,700.00 | $27,843.75 | Support in preparation, editing & filing of case documents |
| **TOTALS:** | | **2,127.50** | | **$1,175,325.00** | **$1,268,072.50** | |