# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEEN PRODUCTS LLC, *et al*., individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL PAPER COMPANY., *et al*., <br><br> Defendants. | Case No. 1:10-cv-05711 <br><br> Hon. Harry D. Leinenweber |

**ORDER GRANTING MOTION FOR FINAL APPROVAL
OF SETTLEMENT, INTERIM AWARD OF ATTORNEYS' FEES,
AND PLAN OF DISTRIBUTION**

WHEREAS, Plaintiffs Kleen Products LLC, R.P.R. Enterprises, Inc., Mighty Pac, Inc., Ferraro Foods, Inc., Ferraro Foods of North Carolina, LLC, MTM Packaging Solutions of Texas, LLC, RHE Hatco, Inc., and TransPak, Inc. (collectively, "Plaintiffs"), on behalf of the Certified Class, by and through their counsel of record, have asserted claims for damages against Defendants Packaging Corporation of America, International Paper Company, Cascades Canada, Inc./Norampac Holdings U.S. Inc., Weyerhaeuser Company, Georgia Pacific LLC, Temple-Inland Inc., TIN Inc., and Smurfit-Stone Container Corporation (collectively, "Defendants") resulting from alleged violations of federal antitrust laws;

WHEREAS, the Class, consisting of all direct purchasers of Containerboard Products for use or delivery in the United States between February 15, 2004 through November 8, 2010, was certified and Freed Kanner London & Millen LLC and MoginRubin LLP (formerly The Mogin Law Firm, P.C.) were appointed Co-Lead Counsel for the Class on March 26, 2015;

WHEREAS, Plaintiffs have entered into and executed a Settlement Agreement with Defendants International Paper Company ("IP"), Temple-Inland Inc., now known as Temple-Inland LLC, and TIN Inc., now known as TIN LLC (collectively, "TIN"), and Weyerhaeuser Company ("WY"), collectively referred to herein as "Settling Defendants", in the amount of $354,000,000, which will resolve all claims against Settling Defendants;

WHEREAS, the Settlement was preliminarily approved on July 13, 2017;

WHEREAS, Defendants Packaging Corporation of America ("PCA") and Cascades Canada, Inc./Norampac Holdings U.S. Inc. ("Norampac") previously settled their claims for a combined $22,400,000;

WHEREAS, Settling Defendants deny any wrongdoing or liability for any of the allegations made by Plaintiffs, and it is agreed between and among the parties that the Settlement Agreement shall not constitute, and shall not be construed as or deemed to be evidence of, an admission of any fault, wrongdoing or liability by the Settling Defendants or any other person or entity;

WHEREAS, Settling Defendants have agreed that up to two-hundred-thousand dollars ($200,000) of the Settlement Amount will be allocated for the costs of Notice and Administration of the Settlement as further consideration;

WHEREAS, Settling Defendants have agreed to provide cooperation to Plaintiffs in furtherance of the continuing prosecution of this action as provided in Section F, Paragraph 19, of the Settlement Agreement;[1]

---

[1] On September 25, 2017, the Settling Defendants and Plaintiffs agreed to suspend negotiations over the scope of cooperation under Section F, Paragraph 19, of the Settlement Agreement pending resolution of the appeal of the Court's August 3, 2017 Memorandum Opinion & Order (Dkt. No. 1375) regarding certain Defendants' motions for summary judgment. *See* Dkt. Nos. 1403-1405

2

WHEREAS, Notice of the Settlement was issued to the Class through direct mail and publication in a timely manner and Class Members were afforded the opportunity to object or otherwise comment on the Settlement;

WHEREAS, on August 28, 2017, Plaintiffs sought approval of the proposed Plan of Distribution and moved for an interim award of attorneys' fees, seeking 30 percent of the Settlement Funds in accordance with the Settlement Agreement;

WHEREAS, the response by the Class to the Settlement was overwhelmingly positive.

WHEREAS, Plaintiffs and the Settling Defendants have agreed to the entry of this Final Approval Order (hereinafter, the "Order") other than Section V and the last sentence of Section VI.3, as to which Settling Defendants take no position;

WHEREAS, an opportunity to be heard was given to all persons requesting to be heard in accordance with this Court's orders; the Court has reviewed and considered the terms of the Settlement, the submissions of the parties in support thereof and any comments received in Response to the Notice, and after holding a hearing on October 17, 2017; and

WHEREAS, this is no just reason for delay;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**I.    JURISDICTION**

1.1    This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

**II.    DEFINITIONS**

2.1    As used in this Order, the same definitions shall apply as set forth in Plaintiffs' Motion for Final Approval of (A) Settlement with Defendants International Paper Company,

3

Temple-Inland, Inc., and Weyerhaeuser Company; (B) Interim Award of Attorneys' Fees; and (C) Plan of Distribution (Dkt. No. 1409).

### III. FINAL APPROVAL OF SETTLEMENT

3.1 The Court has considered the eight factors bearing upon whether the Settlement is fair, reasonable and adequate: (1) the strength of Plaintiffs' case, balanced against the amount offered in settlement; (2) the Defendants' ability to pay; (3) the complexity, length and expense of further litigation; (4) the amount of opposition to the settlement; (5) the presence of collusion in reaching the settlement; (6) the reaction of class members to the settlement; (7) the opinion of competent counsel; and (8) the stage of the proceedings and the amount of discovery completed. *See Armstrong v. Bd. Of Sch. Dirs. Of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980). For reasons discussed below, the Court finds that these factors weigh in favor of granting final approval.

3.2 **Strength of the Case Balanced Against Amount Offered.** The $354,000,000 Settlement represents a substantial recovery for the Class. The Settlement does not limit Plaintiffs' potential for full recovery since Settling Defendants' sales remain in the case and Non-Settling Defendants remain jointly and severally liable for any judgment entered in Plaintiffs' favor. Absent this Settlement, the Class is at risk of receiving a total recovery limited to the $22,400,000 recovered from prior settlements with PCA and Norampac absent the Settlement. For these reasons, the Court finds that this factor weighs in favor of final approval.

3.3 **Defendants' Ability to Pay.** Although Defendants collectively have substantial ability to pay, the size of the potential recovery weighs in favor of the Settlement for any judgment entered against them in this case.

3.4     **Complexity, Length, and Expense of Further Litigation**. Approving the Settlement eliminates IP, TIN, and WY from the case, thereby significantly reducing the complexity, length and expense of further litigation efforts. The Court finds that this factor weighs in favor of granting final approval.

3.5     **Opposition to the Settlement and Reaction of Class Members**. Out of 158,500 Class Members notified of the Settlement, only one Class Member responded by sending a letter regarding allocation of the Settlement Funds. This demonstrates that Class Members support the Settlement and attests to its fairness, particularly since the majority of Class Members are sophisticated businesses with the necessary resources and counsel to analyze the Settlement and make their own determination of its merits. *See Slaughter v. Wells Fargo Advisors, LLC*, No. 13-cv-06368, 2017 U.S. Dist. LEXIS 123535, *5, 7-8 (N.D. Ill. Aug. 4, 2017) (Leinenweber, J.); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 07 CV 2898, 2012 U.S. Dist. LEXIS 25265, at *28-33 (N.D. Ill. Feb. 28, 2012), appeal dismissed, 710 F.3d 754 (7th Cir. 2013); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 3d 631, 640 (E.D. Pa. 2003). The Court finds that this factor supports final approval as well.

3.6     **Absence of Collusion.** The Settlement was the product of lengthy, contentious and intense arm's length negotiations among skilled counsel, well-versed in the strengths and weaknesses of the case, over a protracted period of time. The Court finds that these negotiations do not indicate collusion and the Settlement is entitled great deference. *See Goldsmith v. Tech. Solutions Co.*, No. 92-C-4374, 1995 WL 17009594, at *3 n.2 (N.D. Ill. Oct. 10, 1995).

3.7     **Opinion of Competent Counsel.** The Settlement was negotiated by highly skilled and experienced antitrust and class action lawyers, who have held leadership positions in some of the largest class actions around the country. Counsel for both parties considered the

5

numerous legal issues the case presented, as well as the relative strengths and weaknesses of the litigation. These competent lawyers endorse the Settlement, and the Court finds that this factor supports final approval.

3.8    **Stage of the Proceedings.**  At the time the Settlement was signed, this litigation had been pending for nearly seven years. Discovery was extensive, the Class had been certified, the certification was affirmed by the Seventh Circuit and the Supreme Court considered and denied certiorari. *Daubert* and summary judgment motions were fully briefed. By all accounts, the case was in an advanced stage with trial near, and the record exceptionally well-developed at that time. The Court finds that the stage of the proceedings at which the Settlement was reached, in combination with the factors discussed above, demonstrates that final approval is warranted.

3.9    Plaintiffs have submitted two declarations confirming that mail and publication notice were given to the Class conforming to the requirements set forth in the Preliminary Approval Order.

3.10    The Court finds that the Notice and Notice Plan constituted the most effective and best notice practicable under the circumstances of the Settlement Agreement and the fairness hearing and constituted due and sufficient notice for all other purposes to all persons and entities entitled to receive notice.

3.11    For all of the reasons stated above, the Settlement is fair, adequate and reasonable and satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process. The Court hereby finally approves of the Settlement.

### IV.    APPROVAL OF PLAN OF DISTRIBUTION

4.1    The Court finds that the proposed Plan of Distribution is fair and reasonable. The proposed mechanism for distributing Settlement Funds, *pro rata* to all Allowed Claimants based

on the Allowed Purchases, is recommended by experienced and competent Co-Lead Counsel, and has a reasonable rational basis having been approved for use by District Courts in this Circuit and elsewhere in similar cases. *See In re Ready-Mixed Concrete Antitrust Litig.*, No. 1:05-cv-00979-SEB-JMW, 2009 U.S. Dist. LEXIS 132343, *17-18 (S.D. Ind. Mar. 31, 2009) (collecting cases).

4.2     The Court likewise approves the proposed Claim Forms. The Claim Forms are relatively simple for Class Members to complete, with Class Members receiving pre-populated Claim Forms based on transactional data obtained from Defendants, and a general Claim Form being available for download on the Class website (www.containerboardproducts.com) as well. Class Members may simply sign the release on the pre-populated Claim Form under penalty of perjury and return it to the Settlement Administrator to receive the Payment Amount. Alternatively, Class Members may submit proof of purchase documentation and either (1) correct information directly on the Claim Form, or (2) complete a general Claim Form. The proposed cover letter further explains to Class Members how to obtain payment. In exchange for receiving their respective Payment Amount, Allowed Claimants will reaffirm their release of Settling Defendants from the Released Claims. This is fair and reasonable. *Id*. at 18-22. The Court therefore approves the Claim Forms and cover letter as submitted as Exhibits 4-A, 4-B, and 4-D to Plaintiffs' Motion for Final Approval of Settlement.

4.3     All Claim Forms shall be submitted to and reviewed by the Settlement Administrator in the manner described in the Plan of Distribution. This level of review is designed to eliminate duplicative or fraudulent claims, further lending support to the reasonableness and fairness of the Plan of Distribution.

4.4     In addition, the Plan of Distribution provides for payment of costs for providing notice to the Class, taxes and related expenses, Court-approved attorneys' fees, and any other Court-ordered payment, which is fair and reasonable.

4.5     Based on the foregoing, the Court approves the Plan of Distribution and Claim Forms. Co-Lead Counsel are to issue the pre-populated Claim Forms to Class Members and post the general Claim Form on the Class website by December 5, 2017. To be considered a Qualifying Claim, the completed Claim Form must be returned to the Settlement Administrator, postmarked by February 6, 2018. By August 3, 2018, the Settlement Administrator shall complete all work to allow or deny a claim and issue a report to Co-Lead Counsel identifying the number of approved claims and the total amount of Allowed Purchases. Co-Lead Counsel are then to distribute the Settlement Funds to Class Members in the manner described in the Plan of Distribution, without further order of the Court. Payment of costs for providing notice to the Class, taxes and related expenses, attorneys' fees as approved in this Order, and any other payments as provided in this Order may be made immediately, without further order of the Court.

## V. ATTORNEYS' FEES

5.1     The Court finds that the request for an interim award of attorneys' fees is fair, adequate and reasonable. The relevant factors used to determine the reasonableness of the requested fee award in common fund cases such as this are the market rate, fee awards in similar matters, the nature of this case – including the risk of non-recovery, and amount and quality of Class Counsel's work. The Court finds that all of these factors support awarding the interim fee request of 30 percent of the Settlement Funds.

5.2     **Market Rate.**  The requested fees are fair and reasonable under the two approaches used to award attorneys' fees, the "percentage of recovery" and the "lodestar" approach. The percentage of recovery method is used in this District and in many class actions. The requested 30 percent recovery is well-within the range of acceptable fees and is less than the 33 1/3 % referenced in the Settlement Agreement. As a cross-check, using the lodestar method produces a very low, less than a 1.1 multiplier calculated using Class Counsel's historical hourly rates. This Circuit permits counsel to seek fees based on current hourly rates as well; had Class Counsel submitted current rates, the multiplier would have been less than one. In addition, a portion of Class Counsel's awarded fees will remain in escrow until the Reduction Clause resolves, and the amount is proportionate to the Settlement Funds withheld from distribution to the Class under the same Reduction Clause. This is another indicium of fairness. The Court therefore approves the hourly rates Class Counsel submitted as reasonable and finds that the 30 percent requested recovery is within the market rate for fee requests.

5.3     In support of their request for an interim fee award, Class Counsel submitted declarations of two respected attorneys, Paul E. Slater and Marc M. Seltzer. Both attorneys demonstrate that the requested fee percentage is reasonable and within the range of fees sought in their non-contingent cases. The Court finds these declarations persuasive, and supportive of 30 percent as within the market rate.

5.4     **Fee Awards in Similar Matters.**  The Court further finds that the requested 30 percent is within range of the market rates approved in other complex antitrust cases, demonstrating the reasonableness of the request. *See, e.g., City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 909 (S.D. Ill. 2012) (collecting cases and awarding one-third from common fund settlement as fees).

5.5     **Nature of the Case and Risks.**  The Court finds that the risk of nonpayment in this case further justifies the requested 30 percent fee award.  Antitrust cases are particularly complex and risky, and this case proved no different.  Notwithstanding, Class Counsel vigorously represented their clients against substantial motion practice, including motions to dismiss, numerous discovery-related motions, significant opposition to class certification including related appeals, summary judgment and motions to exclude expert testimony under *Daubert*.  If the case proceeded to trial, Plaintiffs would likely face additional evidentiary challenges, trial risks on liability and damages, post-trial motions, appeals, and more.  These risks, several of which were successfully navigated, combined with the fact that Class Counsel litigated this case for nearly seven years without compensation but while contributing significant of their own funds up front, support the requested 30 percent award.

5.6     **Amount and Quality of Class Counsel's Work.**  Finally, the Court finds that the amount and quality of the work performed by Class Counsel in this case justifies the requested interim fee request.  This case was a massive undertaking, with Class Counsel litigating the case for nearly seven years and more than 220,000 hours.  However, the amount of work performed was proportionate to the complexity of the case and risks assumed by Class Counsel.  Unlike many other antitrust cases, this case was developed solely by counsel, without the aid of government investigations or indictments.  Class Counsel argued their case professionally and effectively at each stage of the litigation.  The Court finds that Class Counsel's representation was vigorous, efficient and effective, and the facts and theory developed were key in achieving the Settlement, an outstanding result for the Class.

5.7     Based on the foregoing factors, the Court finds that the requested interim fee award of 30 percent of the Settlement Funds is fair and reasonable, and hereby grants Plaintiffs'

motion. Co-Lead Counsel may, without further Court approval, allocate the attorneys' fee award among Class Counsel based on Co-Lead Counsels' determination of the Class Counsels' relative contribution to the litigation.

## VI. RESPONSE BY CLASS MEMBERS

6.1     The Court finds that the response by Class Members to the Settlement, Plan of Distribution and Request for Interim Payment of Attorneys' fees supports the decision in this Order.

6.2     The response by Class Members to the Settlement, Plan of Distribution, and Request for an Interim Award of Attorneys' Fees has been overwhelmingly positive.

6.3     One Class Member sent a letter regarding allocation of the Settlement Funds. Co-Lead counsel subsequently corresponded with this Class Member explaining the allocation.[2] The Court has been advised that only one opt-out case has been filed and there were 51 requests to be excluded from the Class,[3] approximately half of which were non-U.S. companies. This further demonstrates that the Settlement, Plan of Distribution and Interim Award of Attorneys' Fees are fair and reasonable. *See Slaughter*, 2017 U.S. Dist. LEXIS 123535, at \*5, 7-8.

## VII. DISMISSAL OF ACTION AND RELEASE OF CLAIMS

7.1     As to the Settling Defendants and other Releasees only, any and all currently pending class action lawsuits directly related to the subject matter of this litigation are dismissed

---

[2] *See* Declaration of Michael J. Freed In Support of Plaintiffs' Motion for Final Approval of: (A) Settlement with Defendants International Paper Company, Temple-Inland Inc., and Weyerhaeuser Company; (B) Interim Award of Attorneys' Fees; and (C) Plan of Distribution. Dkt. No. 1409-1, ¶ 6.

[3] The Court certified the Class in March 2015, and notice of pendency of the litigation was properly issued to the Class in 2016, with all requests for exclusion to be postmarked by December 5, 2016, subject to limited exceptions approved by this Court. For this reason, Class Members were not provided with an additional opportunity to opt-out of the Settlement. If Class Members did not wish to be bound by the Settlement or other actions taken in this case, they should have requested to be excluded from the Certified Class by December 5, 2016.

with prejudice and in their entirety, on the merits, and without costs, except as provided for in the Settlement Agreement. This dismissal shall not affect, in any way, Releasors' right to pursue claims, if any, outside the scope of the Release set forth in the Settlement Agreement.

7.2     The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and further finds that there is no just reason for delay in the entry of Judgment, as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith as to the Settling Defendants.

7.3     Upon the occurrence of the Effective Date, Releasees shall be completely released, acquitted and forever discharged from the Released Claims by Releasors.

7.4     This Final Judgment does not settle or compromise any claims by Plaintiffs or the Class against the Settling Defendants or other persons or entities other than the Released Claims against Releasees by Releasors, and all rights against Releasees or any other Defendant or other person or entity are specifically reserved.

7.5     Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction for the purposes of: (a) enabling any of the Settling Parties to apply to this Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of the Settlement Agreement and this Final Judgment, (b) for the enforcement or compliance herewith, and (c) for Co-Lead Counsel to apply to the Court for further payment of fees or to obtain a disbursement for payment of expenses from the Settlement Fund as provided in the Settlement Agreement. SO ORDERED.

Dated this 17th day of October, 2017.

_____
Harry D. Leinenweber
United States District Court Judge