# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE: STEEL ANTITRUST LITIGATION** | **Case No. 08-cv-5214**<br><br>**Honorable Manish S. Shah** |
| **THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS:**<br><br>*Standard Iron Works v. ArcelorMittal, et al.,* **Case No. 08-cv-5214**<br><br>*Wilmington Steel Processing Co., Inc. v. ArcelorMittal, et al.,* **Case No. 08-cv-5371**<br><br>*Capow, Inc. d/b/a Eastern States Steel v. ArcelorMittal, et al.,* **Case No. 08-cv-5633**<br><br>*Alco Industries, Inc. v. ArcelorMittal, et al.,* **Case No. 08-cv-6197**<br><br>*Gulf Stream Builders Supply, Inc. v. ArcelorMittal, et al.,* **Case No. 10-cv-4236** | |

**ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES TO CLASS COUNSEL, AND INCENTIVE PAYMENTS FOR CLASS REPRESENTATIVES FROM THE COMMON SETTLEMENT FUNDS**

The Court, having considered Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Class Representatives, and the Memorandum of Law and exhibits in support thereof (Dkt. No. 666); having held hearings on February 16, 2017 concerning final settlement approval, attorneys' fees and other related issues; and having considered all of the submissions and arguments with respect thereto, pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure it is hereby ORDERED, ADJUDGED

AND DECREED that Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards for Class Representatives is GRANTED as follows:

1. Settlement Class Counsel have moved for attorneys' fees and reimbursement of litigation expenses out of the common settlement funds in this litigation. As a result of the Settlements with Nucor Corporation, Steel Dynamics, Inc. and SSAB Swedish Steel Corporation, Class Counsel have secured $30 million for the benefit of the Settlement Class, minus a $72.66 reduction for opt outs as provided in the settlement agreements, plus approximately $2,268 in interest accrued on the settlement funds through December 2016. Together with the prior settlements achieved in the case, Class Counsel have secured a total common fund recovery of approximately $193.9 million for the benefit of the Settlement Class.

2. After appropriate notice to the Settlement Class of their intention to seek up to 33% of the total common settlement fund as attorneys' fees and to seek reimbursement of litigation expenses and incentive awards for Class Representatives, and upon consideration of the motion and all related submissions and argument, and the response of the Settlement Class thereto; now therefore pursuant to Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure, this Court awards Settlement Class Counsel 33% of the net Settlement Fund (*i.e.*, 33% of the sum of the settlements obtained with Nucor, Steel Dynamics and SSAB after accounting for the opt-out reduction) as a fair and reasonable attorneys' fee.

3. The Court finds that a 33% fee comports with the prevailing market rate for legal services of similar quality in similar cases. The Court rests this conclusion on, *inter alia*, information provided by Class Counsel concerning market rates; the Court's consideration of fee awards in similar complex litigation, including many recent antitrust class actions in which 33% fees were awarded for similar work; the nature and complexity of this particular litigation; the

substantial risks of non-recovery borne by Class Counsel in prosecuting this matter on a purely contingent basis while advancing all litigation costs; the amount and quality of Class Counsel's work; and the results obtained on behalf of the Class.

4. Class Counsel initiated and developed this case with no assistance from any prior government investigation or prosecution, and handled the matter effectively through more than eight years of hard-fought litigation. The issues were risky and difficult, and Class Counsel's ultimate success in recovering an additional $30 million for the Class—payable promptly in cash—supports the requested fee award.

5. A lodestar "cross check" further supports a 33% fee award. Class Counsel devoted approximately $6 million in professional time to litigating this case during the period August 2014 through the present. The work involved, *inter alia,* supervising the claims and distribution process after the initial settlements were approved in 2014; continuing to build the case throughout the 2015-16 timeframe by interviewing fact witnesses; successfully opposing Defendants' Rule 23(f) petition after the certification of a litigation class; several rounds of motion practice to determine the proper scope and sequence of merits discovery; preparing for and taking the depositions of six senior executives from Nucor, Steel Dynamics and SSAB; reviewing documents, developing the record, and drafting papers in opposition to Defendants' summary judgment motions; extensive settlement negotiations with the remaining Defendants; and handling all filings, court appearances, and administration relating to the recent settlements.

6. The Court finds that Class Counsel performed their work reasonably and efficiently, that their billing rates are appropriate and consistent with market rates for attorneys of similar skill doing similar work, and that the lodestar totals are reasonable.

3

7. Based on historical billing rates, the requested lodestar "multiplier" is approximately 1.67. Based on current billing rates, the requested lodestar multiplier is approximately 1.61. The Court finds that Class Counsel's request is well within the range of reasonable multipliers awarded in similar contingent cases. The requested multiplier is further supported by the fact that Class Counsel bore all the risk of litigating this complex case (including more than $450,000 in litigation expenses) with no guarantee of reimbursement. Having shouldered these risks, and having achieved outstanding results for the Class, Class Counsel have earned their requested multiplier.

8. The reaction of the Class supports the requested fee award. The Settlement Class in this case includes thousands of direct purchasers, many of which are sophisticated business entities. The absence of objections indicates that the fee is fair and reasonable and consistent with prevailing market rates.

9. The Court directs that Co-Lead Counsel allocate the fee award among co-counsel in a reasonable manner consistent with Co-Lead Counsel's assessment of each firm's contribution to the prosecution of the case.

10. Class Counsel also requests reimbursement for $465,602.62 in expenses they have advanced in the prosecution of this lawsuit. The Court grants that request and finds the expenses to be fair and reasonably incurred to achieve the benefits to the Settlement Class obtained in the Settlement.

11. Class Counsel also requests incentive awards in the amount of $50,000 to each of the five Class Representatives. The Court grants that request and finds that the incentive awards are fair and reasonable in light of what the Class Representatives did and achieved for the Class. The Court finds that the Class Representatives (i) represented the Class adequately and

4

effectively throughout eight years of difficult litigation; and (ii) shouldered substantial discovery burdens to advance the claims of the Class, including preservation and production of tens of thousands of pages of sensitive business documents, preparing and sitting for depositions, answering written discovery, and monitoring the case and settlement negotiations. The Class Representatives undertook these efforts despite the business risks associated with filing class action litigation against their major steel suppliers, and by doing so the Class Representatives delivered a favorable recovery of more than $190 million for the benefit of the Class. Accordingly, incentive awards of $50,000 per Class Representatives are fair and reasonable.

WHEREFORE the Court grants an attorneys' fee award of 33% of the total common settlement funds (*i.e.*, 33% of $29,999,973, or a total fee of $9,899,991), authorizes Co-Lead Counsel to allocate the fee award among co-counsel at Co-Lead Counsel's discretion, awards Class Counsel reimbursement of their requested "out of pocket" litigation costs and expenses from the Settlement funds in the amount of $465,602.62, and awards incentive payments of $50,000 to each of the five Class Representatives.

SO ORDERED this the 16th day of February, 2017.

Manish S. Shah
United States District Judge