IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE:  TERRORIST ATTACKS ON           :
SEPTEMBER 11, 2001                     :         03-MDL-1570 (GBD)(SN)
_____

This Document Relates To:
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-06977 (GBD)(SN)
*Burlingame, et al. v. bin Laden, et al.*, Case No. 02-cv-07230 (GBD)(SN)

## DECLARATION OF TIMOTHY B. FLEMING
## IN SUPPORT OF MOTION FOR FINAL DEFAULT JUDGMENT
## ON BEHALF OF THE BREITWEISER PLAINTIFFS AGAINST THE TALIBAN

I, TIMOTHY B. FLEMING, Esq., hereby state under penalty of perjury that:

1. I am an attorney based in Washington, D.C. I am of counsel to the law firm Wiggins Childs Pantazis Fisher Goldfarb, PLLC.

2. Together with Dennis Pantazis, who is a member of Wiggins Childs Pantazis Fisher Goldfarb, LLC, based in Birmingham, Alabama (the firm is a PLLC in Washington, and a LLC in Alabama), and others, we represent Plaintiffs Kristen Breitweiser, as Personal Representative of the Estate of Ronald Breitweiser, Deceased, Kristen Breitweiser, individually in her own right, and Caroline Breitweiser, a child of Ronald and Kristen Breitweiser (hereinafter referred to collectively as the "Breitweiser Plaintiffs").

3. The Breitweiser Plaintiffs are all plaintiffs in *Burlingame, et al. v. bin Laden, et al.*, Case No. 02-cv-7230 (GBD)(SN), a member case of *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-6977 (GBD)(SN), which is part of the above-captioned multi-district litigation.

4. I submit this Declaration pursuant to 28 U.S.C. § 1746 in support of the Breitweiser Plaintiffs' Motion for Final Default Judgment against Defendant, the Taliban. The Breitweiser Plaintiffs do not seek any ruling against Mullah Mohammad Omar.

5. The form of this motion and declaration and the relief requested are intended to comply with the prior orders of this Court. MDL ECF Nos. 7870 and 8198 (directing plaintiffs filing default motions to include certain information), and MDL ECF Nos. 3433 and 3435 (requiring sworn declaration regarding due diligence safeguards and verification regarding any prior relief).

6. The sources of information and the bases for belief in the statements contained herein are the representation of the Breitweiser Plaintiffs listed in **EXHIBITS A** and **B** hereto by the law firm Wiggins Childs Pantazis Fisher Goldfarb in connection with the September 11th terror attacks, the firm's files, documents and information received from Kristen Breitweiser, the widow of Ronald Breitweiser, and Caroline Breitweiser, the daughter of Kristen Breitweiser and the late Ronald Breitweiser, and sworn Declarations filed by the Breitweiser Plaintiffs' former counsel, Frank Granito, III, of the Speiser Krause law firm, and Andrew J. Maloney, III, of the Kreindler & Kreindler LLP law firm, and other court records relating to this multi-district litigation to which the Breitweiser Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7. The Breitweiser Plaintiffs were formerly represented by the law firm of Speiser Krause, PC, and were named in a complaint captioned *Burlingame, et al. v. Bin Laden, et al.*, 1:02-cv-07230 (GBD)(SN) filed on September 10, 2002. *Burlingame, et al. v. Bin Laden*, *et al.*, 02-cv-7230, ECF Doc. No. 1; see Declaration of Frank H. Granito, III, *Burlingame* ECF Doc. No. 19, ¶ 3l. *Burlingame* was consolidated with *Ashton, et. al. v. al Qaeda Islamic Army*, 1:02-cv-6977 (GBD)(SN), within this MDL (hereinafter referred to as "*Burlingame/Ashton*"), of which Kreindler & Kreindler LLP serves as lead counsel.

8.      On May 25, 2018, the Breitweiser Plaintiffs' former counsel Speiser Krause, PC, filed a Declaration of Frank H. Granito, III, in Support of Motion for Final Judgments. *Burlingame*, 02-cv-7230, ECF Doc. No. 19.  This declaration and its supporting exhibits were the basis for seeking entry of final judgment on behalf of the Breitweiser Plaintiffs against the Islamic Republic of Iran.  Upon information and belief, the Breitweiser Plaintiffs rely upon the May 25, 2018 Granito Declaration and its exhibits.

9.      The May 25, 2018 Granito Declaration and its exhibits detailed the lost earnings of the 9/11 decedent, Ronald Breitweiser, and the suffering of his widow, Kristen Breitweiser, and their child, Caroline Breitweiser.  Such lost earnings, as described in the May 25, 2018 Granito Declaration, were derived from a calculation of economic loss attributable to his wrongful death as of the time a claim was submitted to the Victim Compensation Fund by Gary Crakes, Ph.D., of Maher, Crakes and Associates, Economic Consultants, who "took the information [Speiser Krause] obtained relevant to economic loss and prepared an expert report calculating the present value of the economic damages."  See *Burlingame* ECF Doc. No. 19-2, Exhibit B to the Granito Declaration.

10.     This Court entered final judgments for compensatory damages against the Islamic Republic of Iran in favor of each of the Breitweiser Plaintiffs in *Burlingame/Ashton* on May 29, 2018.  MDL ECF Doc. No. 4110; *Burlingame*, 02-cv-7230, ECF Doc. No. 22.  These amounts were consistent with the paradigm for damages held applicable in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848.

11.     Dennis G. Pantazis and the law firm Wiggins Childs Pantazis Fisher Goldfarb, LLC, were retained in 2019 to represent the Breitweiser Plaintiffs in further proceedings. Accordingly, on August 28, 2019, the Breitweiser Plaintiffs moved, unopposed and with written

consent of former and current counsel, to substitute attorney Dennis Pantazis, of Wiggins Childs Pantazis Fisher Goldfarb LLC, in place of Speiser Krause attorney Frank Granito.  MDL ECF Doc. No. 5017.  The Court granted this motion by minute order on September 16, 2019.  MDL ECF Doc. No. 5157.

12.     Plaintiffs Kristen Breitweiser, as Personal Representative of the Estate of Ronald Breitweiser, Deceased, Kristen Breitweiser, and Caroline Breitweiser now seek entry of final default judgments against the Taliban in the same amounts as the Court entered in their favor against the Islamic Republic of Iran on May 29, 2018, *Burlingame*, 02-cv-7230, ECF Doc. No. 22; MDL ECF Doc. No. 4110, trebled as is allowed by the ATA.

13.     The Breitweiser Plaintiffs are not seeking any ruling that such damage amounts are determinative of any potential damage awards against any defendant other than the Taliban in this MDL.

14.     On or about January 13, 2022, the other *Burlingame* Plaintiffs represented by Speiser Krause filed a motion for default judgment against the Taliban and Muhammad Omar, in compensatory damages amounts corresponding to their judgments previously entered against Iran, trebled as allowed under the ATA.  MDL ECF Doc. No. 7634.  The *Burlingame* Plaintiffs supported their default judgment motion with an Affidavit of Frank Granito, III, attorney for those plaintiffs.  *Burlingame,* 02-cv-7230, ECF Doc. Nos. 182-184; MDL ECF Doc. Nos. 7594-7596.

15.     On behalf of the Breitweiser Plaintiffs, current counsel filed a Motion For Final Default Judgment against the Taliban and Muhammad Omar on February 1, 2022.  *Burlingame,* 02-cv-7230, ECF Doc. No. 190; MDL ECF Doc. No. 7644.

16. On April 11, 2022, this Court entered an Order setting forth certain requirements for the filing of motions for default judgment against the Taliban. MDL ECF Doc. No. 7870.

17. On July 11, 2022, the Court entered another Order rejecting the *Burlingame* motion, the Breitweiser Plaintiffs' motion, and all other MDL plaintiffs' pending motions for default judgment against the Taliban, and, where applicable, Muhammad Omar, and setting forth certain requirements for the refiling of such motions. MDL ECF Doc. No. 8198.

18. On August 16, 2022, the other *Burlingame* Plaintiffs filed a new motion for default judgment against the Taliban and Muhammad Omar, together with a Declaration of Frank Granito of Speiser Krause, exhibits thereto, and a proposed final judgment. *Burlingame,* 02-cv-7230, ECF Doc. Nos. 234-236; MDL ECF Doc. Nos. 8363, 8364, 8364-1 through 8364-5, and 8366.

19. Upon information and belief, the Breitweiser Plaintiffs now rely upon the August 16, 2022 Granito Declaration and its exhibits. The Breitweiser Plaintiffs were represented by Frank Granito of Speiser Krause at the time the pertinent events and actions took place that are the subjects of the Granito Declaration pertaining to the original filing of the *Burlingame* complaint, the consolidation with *Ashton*, service of process by publication, an April 27, 2006 motion for default judgment on liability against the Taliban, and the Court's grant of that motion on May 12, 2006. Those facts, actions, and documents referenced in the August 16, 2022 Granito Declaration apply to the Breitweiser Plaintiffs in the same manner as they do to the other *Burlingame* Plaintiffs.

20. Further, upon information and belief, the Breitweiser Plaintiffs rely upon two affidavits filed in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-6977 (GBD)(SN): first, an affidavit by *Ashton* counsel, Andrew J. Maloney, III, dated April 13, 2006

and filed April 27, 2006, with all its exhibits, MDL ECF Doc. Nos. 1782 through 1782-9, and second, an affidavit by *Ashton* counsel, Andrew J. Maloney, III, and all its exhibits, filed on July 27, 2022, MDL ECF Doc. No. 8275.  The Breitweiser Plaintiffs were, and are, part of the *Burlingame/Ashton* case at the time the pertinent events and actions took place that are the subjects of the two above-referenced Maloney Affidavits.  Those Affidavits detailed the filing of the *Ashton* complaints, the plaintiffs and defendants therein, service of process by publication upon, *inter alia*, the Taliban of, *inter alia*, the *Ashton* Third Amended Master Consolidated Complaint.  The facts, actions, and documents referenced in the July 27, 2022 Maloney Affidavit apply to the Breitweiser Plaintiffs in the same manner as they did to the other *Burlingame/Ashton* Plaintiffs.

21.     The July 27, 2022, Maloney Affidavit, MDL ECF Doc. No. 8275, also addressed the April 27, 2006 motion for default judgment on liability (for which the April 13, 2006 Maloney Affidavit was submitted) and its relevance to the Taliban, and the Court's grant of that motion on May 12, 2006.  The facts, actions, and documents referenced in the July 27, 2022 Maloney Affidavit apply to the Breitweiser Plaintiffs in the same manner as they do to the other *Burlingame/Ashton* Plaintiffs.

22.     Plaintiff Kristen Breitweiser is the widow of Ronald Breitweiser, a September 11, 2001, terrorist attacks decedent, and she was his spouse on September 11, 2001.  She is a citizen of the United States, and she has provided to me a copy of her birth certificate that confirms her U.S. citizenship by birthright.  The birth certificate is not filed herewith, for reasons of security, but should the Court wish to review it, it could be made available *in camera* or, alternatively, filed under seal.

23. Plaintiff Kristen Breitweiser is also the Personal Representative of the Estate of Ronald Breitweiser.

   a. Ronald Breitweiser was a citizen of the United States who died in the September 11, 2001 terrorist attacks. Ronald Breitweiser's surviving spouse, Kristen Breitweiser, has provided to me a copy of Ronald Breitweiser's birth certificate that confirms his U.S. citizenship by birthright.

   b. Kristen Breitweiser has also provided to me a copy of the death certificate for Ronald Breitweiser. The death certificate states that Ronald Breitweiser perished on September 11, 2001, at the World Trade Center.

   c. Kristen Breitweiser has also provided to me copies of Letters of Administration and a Short Certificate, both issued on November 19, 2001 by the Surrogate's Court of Monmouth County, New Jersey. The Letters of Administration state that Kristen Breitweiser has been appointed the administrator over the Estate of Ronald Breitweiser and the Short Certificate confirms that such letters have not been revoked and remain in effect.

   d. None of these documents are filed herewith, for reasons of security, but should the Court wish to review them, they may be made available *in camera* or, alternatively, filed under seal.

24. Plaintiff Caroline Breitweiser is the child of Ronald and Kristen Breitweiser. She was a minor at the time the original *Burlingame* case was filed in 2002. Caroline Breitweiser is a citizen of the United States. Her mother, Kristen Breitweiser, has provided to me a copy of Caroline Breitweiser's birth certificate that confirms her U.S. citizenship by birthright. The birth certificate also confirms that Plaintiff Caroline Breitweiser was a minor on September 11, 2001,

and that she is now an adult. The birth certificate is not filed herewith, for reasons of security, but should the Court wish to review it, it could be made available *in camera* or, alternatively, filed under seal.

25. A Notice of Amendment has been filed for Caroline Breitweiser, who was a minor at the time the original suit was filed, but who is now an adult. *Burlingame* ECF Doc. No. 247, *Ashton* Doc. No. 1766, MDL ECF Doc. No. 8625.

26. The Breitweiser Plaintiffs were named in the *Ashton* Third Amended Consolidated Master Complaint, filed on September 5, 2003, as follows:

> KRISTEN BREITWEISER, Individually,
> as Personal Representative of the Estate of
> RONALD BREITWEISER, Deceased, and on behalf of
> all survivors of RONALD BREITWEISER

*Ashton* Third Amended Consolidated Master Complaint. *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-06977, ECF Doc. Nos. 111-2, at p. 69.

27. Naming the Ronald Breitweiser estate and his immediate family members as set forth above comports with New York state wrongful death law, which grants standing to the personal representative of a decedent to bring an action exclusively for the benefit of the decedent's distributees. EPTL § 5-4.1; § 5-4.4(a); *Frometa v. Mar-Can Transportation Company, Inc.*, 148 N.Y.S.3d 613 at 624, 72 Misc.3d 316 at 326-27 (2021) (because only the personal representative can bring an action for wrongful death for the exclusive benefit of the distributees, "a spouse or child, in their individual capacity, lack standing to assert such claims on behalf of the decedent" and proposed causes of action based on their individual claims were "duplicative").

28. The Taliban was named as a Defendant in the *Ashton* Third Amended Consolidated Master Complaint. *See Ashton* ECF Doc. No. 111-2, at p. 38 of 53. See August

8

16, 2022 Declaration of Frank Granito, MDL ECF No. 8364, at ¶¶ 3, 5 and Exhibit D thereto, the April 27, 2006 Affidavit of Andrew J. Maloney Affidavit, III, MDL ECF No. 1782, at ¶¶ 3, 5, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 3, 5.

29.    On September 16, 2004, the Court entered an Order permitting service by publication on numerous MDL Defendants, including the Taliban. *Ashton* ECF Doc. No. 194, MDL ECF Doc. No. 445.  The *Burlingame/Ashton* Plaintiffs served the Defendants by publication and provided proof of service to the Court on March 4, 2005, MDL ECF Doc. No. 709, and March 16, 2005, MDL ECF Doc. No. 735.  See August 16, 2022 Declaration of Frank Granito, MDL ECF No. 8364, at ¶ 5 and Exhibit D thereto, the April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF No. 1782, at ¶¶ 5, 8 and Exhibit B thereto, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, ¶ 5.

30.    The Taliban was among the Defendants listed in the published notice regarding this litigation. See August 16, 2022 Declaration of Frank Granito, MDL ECF No. 8364, at ¶ 5 and Exhibit D thereto, the April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF No. 1782,at ¶¶ 5, 8, and Exhibit B thereto, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 3, 5 and Exhibit D thereto.

31.    The Taliban never answered or otherwise responded to the Complaints served by publication. See August 16, 2022 Declaration of Frank Granito, MDL ECF Doc. No. 8364, at ¶ 5 and Exhibit D thereto, the April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF Doc. No. 1782, at ¶¶ 5, 8 and Exhibit B thereto, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 3, 5 and Exhibit D thereto.

32.    On April 27, 2006, the *Ashton* Plaintiffs moved for a Certificate of Default and a default judgment as to liability, MDL ECF Doc. No. 1782, against numerous Defendants who

were served the *Ashton* Third Amended Consolidated Master Complaint by publication, including the Taliban, but who did not answer or otherwise respond to the complaint, including the Taliban.  See August 16, 2022 Declaration of Frank Granito, MDL ECF No. 8364, at ¶¶ 5 the April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF No. 1782, at ¶¶ 5-6, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 2, 5, 6, 8, and Exhibit D thereto.

33. The April 27, 2006 *Ashton* Motion for Default Judgment as to liability contained lists and exhibits.  The first, called a "Statement of Damages," was a list of plaintiffs for whom damages were sought, the amount to be determined at a future hearing.  Plaintiff Kristen Breitweiser, who was a plaintiff in the case representing herself individually and, as Personal Representative, the Estate of Ronald Breitweiser, and all survivors of Ronald Breitweiser, which included then-minor child Caroline Breitweiser, see ¶ 24, *supra*, was listed therein.  MDL ECF Doc. No. 1782-3, at page 52 of 58.

34. Exhibit "A" to that filing comprised a list of Plaintiffs seeking default judgments. Plaintiff Kristen Breitweiser, who was a plaintiff in the case representing herself individually and, as Personal Representative, the Estate of Ronald Breitweiser, and all survivors of Ronald Breitweiser, which included then-minor child Caroline Breitweiser, see ¶¶ 24-27, *supra*, was listed therein.  MDL ECF Doc. No. 1782-4, at page 52 of 57.

35. Exhibit "B" listed the Defendants against which default judgment was sought. The Taliban is listed.  MDL ECF Doc. No. 1782-5, at page 5 of 5; *Ashton* ECF Doc. No. 524-5, at p. 91 of 314.

36. Exhibit C to the 2006 *Ashton* Motion for Default Judgment was the *Ashton* Third Amended Consolidated Master Complaint itself.  MDL ECF Doc. 1782-6.  Again, the Taliban is

listed as a Defendant, at p. 91 of 314.  Kristen Breitweiser is listed on Exhibit A thereof at page 69 of 314, see ¶ 24, *supra*, as representing herself individually and, as Personal Representative, the Estate of Ronald Breitweiser, and all survivors of Ronald Breitweiser, which included then-minor child Caroline Breitweiser.

37. The Court determined that the Taliban, *inter alia*, are liable to, *inter alia*, the Breitweiser Plaintiffs and granted default judgments in the Court's Order dated May 12, 2006. MDL ECF Doc. No. 1797; see August 16, 2022 Declaration of Frank Granito, MDL ECF No. 8364, at ¶ 5, and footnote 5, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶ 5 and footnote 3.

38. The Breitweiser Plaintiffs submit that the compensatory damages awarded in this matter should be the same as the amounts the Court entered in their favor against the Islamic Republic of Iran on May 29, 2018, *Burlingame*, 02-cv-7230, ECF Doc. No. 22; MDL ECF Doc. No. 4110, trebled as allowed by the ATA.  These compensatory damages amounts are consistent with the paradigm for damages held applicable in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848.  They are supported by the evidence previously submitted on May 25, 2018, in the Declaration of Frank H. Granito, III, filed by the Breitweiser Plaintiffs' former counsel Speiser Krause, PC, *Burlingame* ECF Doc. No. 19, as the basis for seeking damages and final judgment on behalf of the Breitweiser Plaintiffs against Iran, as set forth in ¶¶ 8, 9 *supra*.

39. Plaintiff Kristen Breitweiser, on behalf of the Estate of Ronald Breitweiser, Plaintiff Kristen Breitweiser on behalf of herself individually and in her own right, and Plaintiff Caroline Breitweiser, who was a minor child on September 11, 2001, and is a survivor of Ronald Breitweiser, now request from this Court final judgment with awards of damages, trebled under

11

the Anti-Terrorism Act, 18 U.S.C. § 2333(a) ("ATA"), in the amounts set forth on **EXHIBITS A** and **B** hereto.

40. Such damages awards, though sought only against the Taliban, would be consistent with this Court's May 29, 2018 Order, referenced above.

41. The Breitweiser Plaintiffs submit that such damages awards would not be determinative of damages against any defendant other than the Taliban in this case.

42. No other motions seeking the same relief against the Taliban on behalf of the Breitweiser Plaintiffs have been granted or are pending.

43. The Breitweiser Plaintiffs reserve their rights to file future applications for punitive damages, and for an award of attorneys' fees and costs pursuant to the ATA.

*I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2022.*

                                                             /s/ Timothy B. Fleming
                                                            Timothy B. Fleming

*Attorney for Plaintiffs Kristen Breitweiser, as Personal Representative of the Estate of Ronald Breitweiser, Deceased, Kristen Breitweiser, Individually in her own right, and Caroline Breitweiser*