## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|
| | |

This document relates to:

*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD) (SN)
*Roberta Agyeman, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05320 (GBD) (SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD) (SN)
*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD) (SN)
*Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05339 (GBD) (SN)
*Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-11837 (GBD) (SN)
*Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD) (SN)
*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD) (SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD) (SN)
*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD) (SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD) (SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD) (SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD) (SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD) (SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD) (SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD) (SN)
*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD) (SN)

## NON-U.S. NATIONAL PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL JUDGMENT AS TO LIABILITY AND FOR PARTIAL FINAL JUDGMENT FOR DAMAGES AGAINST THE ISLAMIC REPUBLIC OF IRAN

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 278-1000
Fax:     (212) 278-1733
Email:  jgoldman@andersonkill.com
         bstrong@andersonkill.com
         agreene@andersonkill.com

*Attorneys for Plaintiffs*

Dated:  New York, New York
        October 13, 2022

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................ 1

DISCUSSION ..................................................................................................................... 11

I.      PROCEDURAL BACKGROUND .................................................................... 11

      A.     Applicable Orders ................................................................................. 11

      B.     Related Cases ....................................................................................... 12

      C.     Iran Was Duly Served and Default Was Duly Entered ........................ 14

            1.     Service by Mail Was Not Successful ...................................... 14

            2.     Iran Was Served Via Diplomatic Means .................................. 20

            3.     The Clerk Properly Entered Default Against Iran. ................... 27

      D.     Motions for Substitution/Notices of Amendment ................................ 33

            4.     Motions for Substitution ......................................................... 33

            5.     Notices of Amendment ........................................................... 35

                  (a)    Individuals Not Named in the Original Complaint Are Entitled to Solatium Damages (Notices of Amendment) ............ 35

II.     THE COURT HAS SUBJECT-MATTER JURISDICTION OVER MOVING PLAINTIFFS' CLAIMS AGAINST IRAN UNDER JASTA. ......................................... 36

III.    IRAN IS LIABLE TO MOVING PLAINTIFFS UNDER APPLICABLE COMMON LAW. ............................................................................................... 40

      A.     New York, Virginia and Pennsylvania Common Law Claims Are Substantially Identical Such that New York Law Applies ................................... 41

      B.     Iran Is Liable to Moving Plaintiffs for Wrongful Death Under Any Applicable Law. ............................................................................................. 42

      C.     Iran Is Liable to Moving Plaintiffs for IIED/Solatium Under Any Applicable Law. ............................................................................................. 44

      D.     Iran Is Liable to Moving Plaintiffs for Plaintiffs' Survival Count Under Any Applicable Law. ............................................................................. 47

i

**TABLE OF CONTENTS**
*(continued)*

Page

IV.   THE COURT SHOULD ENTER DAMAGES AWARDS AGAINST IRAN AND
      IN FAVOR OF MOVING PLAINTIFFS IN AMOUNTS PREVIOUSLY
      AUTHORIZED..................................................................................................... 48

      A.      Background ........................................................................................ 48

      B.      Solatium Damages ............................................................................ 52

      C.      Pain and Suffering Damages for Estates.......................................... 54

      D.      Economic Damages for Estates ........................................................ 55

      E.      Punitive Damages ............................................................................. 57

      F.      Prejudgment Interest ........................................................................ 58

V.          CONCLUSION.................................................................................... 60

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Armstead v. National RR Passenger Corp.*,
  954 F. Supp. 111 (1997) ............................................................................................41

*Ashton v. al Qaeda Islamic Army*,
  02-CV-6977 (GBD)(SN) ..................................................................................... *passim*

*Baker v. Socialist People's Libyan Arab Jamahirya*,
  775 F. Supp. 2d 48 (D.D.C. 2011) ...........................................................................58

*Bank of New York v. Yugoimport*,
  745 F.3d 599 (2d Cir. 2014) .....................................................................................40

*Barry v. Islamic Republic of Iran*,
  437 F. Supp. 3d 15 (D.D.C. 2020) ...........................................................................46

*Bauer v. Al Qaeda Islamic Army*,
  02-CV-7236 (GBD)(SN) ..................................................................................... *passim*

*Belkin v. Islamic Republic of Iran*,
  667 F. Supp. 2d 8 (D.D.C. 2009) .......................................................................46, 52

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
  137 S. Ct. 1312 (2017) ..............................................................................................37

*Cassirer v. Thyssen-Bornemisza Collection Found.*,
  No. 20-1566, 2022 WL 1177497 (U.S. Apr. 21, 2022) ......................................40, 41

*Copley v. Bactolac Pharm., Inc.*,
  No. 18-CV-575 (FB) (PK), 2021 WL 918313 (E.D.N.Y. Mar. 10, 2021) ...............41

*Dammarell v. Islamic Republic of Iran*,
  281 F. Supp. 2d 105 (D.D.C. 2003), vacated on other grounds, 404 F. Supp.
  2d 261 (D.D.C. 2005) ...............................................................................................52

*Emmet & Co., Inc. v. Catholic Health East*,
  37 Misc. 3d 854 (Sup 2012), *aff'd*, 114 A.D.3d 605 (1st Dep't 2014) ...................41

*Est. of Bland v. Islamic Republic of Iran*,
  831 F. Supp. 2d 150 (D.D.C. 2011) ..........................................................................53

# TABLE OF AUTHORITIES
### *(continued)*

**Page(s)**

*Est. of Heiser v. Islamic Republic of Iran*,
466 F. Supp. 2d 229 (D.D.C. 2006) ...........................................................13, 52, 53

*Est. of Hirshfeld v. Islamic Republic of Iran*,
330 F. Supp. 3d 107 (D.D.C. 2018) ....................................................................46

*Fed. Republic of Germany v. Philipp*,
141 S. Ct. 703 (2021) .........................................................................................37

*Flatow v. Islamic Republic of Iran*,
999 F. Supp. 1 (D.D.C. 1998) ............................................................................55

*Grosshandels-Und Lagerei-Berufsgenossenschaft v. World Trade Ctr. Props.,*
*LLC*,
435 F.3d 136 (2d Cir. 2006) ...............................................................................41

*Estate of Heiser v. Islamic Rep. of Iran*,
659 F. Supp. 2d 20 (D.D.C. 2009) ......................................................................51

*Hoglan v. Rafsanjani*,
759 F. App'x 99 (2d Cir. 2019) ................................................................. *passim*

*Hoy v. Angelone*,
456 Pa. Super. 596, 691 A.2d 476, *as modified*, 456 Pa. Super. 615, 691 A.2d
485 (1997) ..........................................................................................................44

*Jenco v. Islamic Rep. of Iran*,
154 F. Supp. 2d 27 (D.D.C. 2001) ......................................................................51

*Linde v. Arab Bank, PLC*,
384 F. Supp. 2d 571 (E.D.N.Y. 2005) .................................................................42

*MacPherson v. Magee Mem'l Hosp. for Convalescence*,
2015 PA Super 248, 128 A.3d 1209 (2015) .........................................................43

*McKesson Corp. v. Islamic Republic of Iran*,
672 F.3d 1066 (D.C. Cir. 2012) ..........................................................................37

*Neumeier v. Kuehner*,
31 N.Y.2d 121 (1972) .........................................................................................41

*Owens v. Republic of Sudan*,
826 F.Supp.2d 128 (D.D.C. 2011) .......................................................................45

iv

# TABLE OF AUTHORITIES
## *(continued)*

**Page(s)**

*Petkewicz v. Dutchess Cty. Dep't of Cmty. & Fam. Servs.*,
   137 A.D.3d 990 (2016) ...................................................................................................44

*Pisano v. Extendicare Homes, Inc.*,
   2013 PA Super 232, 77 A.3d 651 (2013) ........................................................................42

*Reed v. Islamic Republic of Iran*,
   845 F. Supp. 2d 204 (D.D.C. 2012) ...............................................................................26

*Roth v. Islamic Republic of Iran*,
   78 F. Supp. 3d 379 (D.D.C. 2015) .................................................................................55

*Russo v. White*,
   241 Va. 23 (1991) ...........................................................................................................44

*In re Sept. 11 Litig.*,
   802 F.3d 314 (2d Cir. 2015) ...........................................................................................59

*Shapiro v. Republic of Bolivia*,
   930 F.2d 1013 (2d Cir. 1991) .........................................................................................26

*SNS Bank, N.V. v. Citibank, N.A.*,
   7 A.D.3d 352 (1st Dep't 2004) .......................................................................................41

*Stethem v. Islamic Republic of Iran*,
   201 F.Supp. 2d 78 (D.D.C. 2002) .............................................................................45, 51

*Surette v. Islamic Rep. of Iran*,
   231 F. Supp. 2d 260 (D.D.C. 2002) ...............................................................................52

*In re Terrorist Attacks on Sept. 11, 2001*,
   No. 03 MDL 1570 (GBD), 2011 WL 13244047 (S.D.N.Y. Dec. 22, 2011) .........39, 43, 45, 47

*Valore v. Islamic Republic of Iran*,
   700 F. Supp. 2d 52 (D.D.C. 2010) .......................................................................14, 53, 55

**Statutes**

28 U.S.C. § 1604....................................................................................................................37

28 U.S.C. § 1605A .......................................................................................................... *passim*

28 U.S.C. § 1605A(c) ...........................................................................................................55

docs-100497626.10

## TABLE OF AUTHORITIES
### *(continued)*

**Page(s)**

28 U.S.C. § 1605A(c)(4) ........................................................................12, 57

28 U.S.C. § 1605B ..................................................................................*passim*

28 U.S.C. § 1606 ...........................................................................................40

28 U.S.C. § 1608(a) ..................................................................................2, 60

28 U.S.C. § 1608(a)(1) .................................................................................14

28 U.S.C. § 1608(a)(3) .................................................................................15

28 U.S.C. § 1608(a)(4)....................................................................16, 20, 21

28 U.S.C. § 1608(b) ..................................................................................2, 60

28 U.S.C. § 1608(c)(1) .................................................................................21

28 U.S.C. § 1608(d) .....................................................................................27

Air Transportation Safety and System Stabilization Act Pub. L. No. 107-42, 115
    Stat. 230 (2001)......................................................................................59

Anti-Terrorism Act, 18 U.S.C. § 2333(a) ....................................46, 49, 50

Federal Rule of Civil Procedure 55(a) ........................................................27

Freedom of Information Act, 5 U.S.C. § 552 ..............................................56

N.Y. Est. Powers & Trusts Law § 5-4.1 ................................................42, 43

N.Y. Est. Powers & Trusts Law § 11-3.2 (b)..............................................47

Va. Code Ann. § 8.01-25 .............................................................................47

Va. Code Ann. § 8.01-50 .............................................................................42

Va. Code Ann. § 8.01-50(c) .........................................................................43

**Other Authorities**

19A N.Y. Jur. 2d Conflict of Laws § 2 .......................................................41

Restatement (Second) of Torts.................................................................44, 46

## TABLE OF AUTHORITIES
### *(continued)*

**Page(s)**

Restatement (Second) of Torts § 46 (1965) ...................................................................................50

vii

## INTRODUCTION

A discrete number of non-U.S. Nationals were murdered during the September 11, 2001 attacks. The undersigned represents citizens from many nations who seek parity with their U.S. National counterparts.  Terrorism does not distinguish based on citizenship nor should this Court. Non-U.S. Nationals killed on 9/11 and their immediate family members who were not U.S. Nationals on 9/11 bring this motion for judgment of default against the Islamic Republic of Iran ("Iran").

For the reasons set forth below, the statements contained in the Declaration of Jerry S. Goldman, Esq., with exhibits appended thereto ("Goldman Declaration"), which is being filed contemporaneously with this Memorandum of Law, as well as those set forth in prior motions for damages made on behalf of other *O'Neill* wrongful death plaintiffs, certain non-U.S. National Plaintiffs in the above-captioned matters who are identified in Exhibits A-1 to A-16 (collectively, "Exhibits A")[1] and Exhibits B-1 to B-15 (collectively, "Exhibits B")[2] to the Goldman Declaration[3] by and through their counsel, Anderson Kill P.C., respectfully move this Court for an Order:

---

[1] The plaintiffs listed in Exhibits A are the immediate relatives of a 9/11 decedent, which includes individuals who are not named in the complaint but are entitled to receive judgments for solatium based on their relationship to the 9/11 decedent and were added by Notice of Amendment. As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative.  Goldman Declaration at ¶¶ 4-14.

[2] The plaintiffs listed in Exhibits B are the personal representatives of a 9/11 decedent.  In all cases, they are submitting claims for compensatory damages as a result of the 9/11 decedent's death.  Those personal representatives who, at this time, are seeking to solely recover compensatory damages for pain and suffering are specifically reserving their right to seek an additional judgment, at a future date, for economic damages, based upon then-submitted evidence.  As noted below, each personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the decedent. Goldman Declaration at ¶¶ 4-14, 20-28.

[3] Exhibits A include immediate family members of 9/11 decedents where the 9/11 decedent was not a U.S. National *and* the immediate family member was also not a U.S. National on September 11, 2001.

(1) determining that service of process in the above-captioned matters was properly effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;[4] AND,

(2) finding that the Court has subject-matter jurisdiction over the common law claims of the Plaintiffs identified in Exhibits A and Exhibits B (collectively, "Moving Plaintiffs") pursuant to 28 U.S.C. § 1605B; AND,

(3) determining that this Court has subject-matter jurisdiction over Iran under the common law for actions arising out of wrongful death, assault, battery, and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks; AND

(4) entering judgments as to liability for the Moving Plaintiffs for their common law claims; AND,

(5) finding Iran jointly and severally liable with the Taliban and awarding the Moving Plaintiffs damages judgments against Iran in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(6) awarding intentional infliction of emotional distress (solatium) damages to those Plaintiffs identified in Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibits A; AND,

---

Exhibits B include 9/11 decedent estates where the 9/11 decedent was known not to have been a U.S. National on September 11, 2001.

[4] This only applies for the plaintiffs in the above-referenced 2018 matters.

2

(7) awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Plaintiffs set forth in Exhibits B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibits B; AND,

(8) awarding compensatory damages to those Plaintiffs identified in Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibits B; AND,

(9) awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in Exhibits B, an award of economic damages in the amounts as set forth in Exhibits B; AND,

(10) awarding Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

(11) granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(12) granting permission for all other Plaintiffs in these actions not appearing in Exhibits A and Exhibits B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

(13) granting to the Moving Plaintiffs such other and further relief as this honorable court deems just and proper.

3

Moving Plaintiffs sued Iran in connection with the deaths of decedents in the 9/11 attacks. This Court has already entered liability and damages judgments for U.S. National Plaintiffs in the above matters as indicated in the charts below.[5]

| **NAME OF CASE:** | *Jessica DeRubbio, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO.: | No. 1:18-cv-05306 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 05/03/2019 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4508[6] |
| | DATE OF ORDER DETERMINING LIABILITY: | 05/28/2019 |
| | ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 4563 |
| | DATES OF ORDERS AWARDING DAMAGES: | 08/19/2019, 09/10/2019, 12/19/2019, 02/12/2020, 02/18/2020, 01/04/2022 |
| | ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 4885, 5123, 5323, 5919, 5977, 7521, 7523 |

| **NAME OF CASE:** | *Marinella Hemenway, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO.: | No. 1:18-cv-12277 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 08/14/2019 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4856 |
| | DATE OF ORDER DETERMINING LIABILITY: | 09/03/2019 |
| | ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5054 |
| | DATES OF ORDERS AWARDING DAMAGES: | 09/03/2019, 09/04/2019, 02/05/2020, 01/04/2022 |
| | ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5054, 5067, 5864, 5865, 7521, 7523 |

---

[5] The liability determinations noted in the charts herein were for U.S. National Plaintiffs under 28 U.S.C. § 1605A. These liability and damages determinations were based on the same service and clerks certificates of default applicable to non-U.S. National Plaintiffs as noted *infra*.

[6] All ECF numbers are to the MDL docket unless stated otherwise.

**NAME OF CASE:** *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11837 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 08/15/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4872 |
| DATE OF ORDER DETERMINING LIABILITY: | 09/03/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5048 |
| DATES OF ORDERS AWARDING DAMAGES: | 09/03/2019, 09/10/2019, 02/12/2020, 02/18/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5048, 5124, 5933, 5977, 7521, 7523 |

**NAME OF CASE:** *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-12387 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 08/14/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4860 |
| DATE ORDER DETERMINING LIABILITY: | 09/03/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5053 |
| DATES OF ORDERS AWARDING DAMAGES: | 09/03/2019, 09/13/2019, 02/05/2020, 02/18/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5053, 5155, 5853, 5977, 7521, 7523 |

**NAME OF CASE:** *Roberta Agyeman, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05320 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 05/23/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4534 |
| DATE OF ORDER DETERMINING LIABILITY: | 06/21/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 4597 |
| DATES OF ORDERS AWARDING DAMAGES: | 09/06/2019, 09/11/2019, |

5

|  |  |
|---|---|
|  | 02/05/2020, 02/18/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5093, 5126, 5843, 5977, 7521, 7523 |

**NAME OF CASE:** *Horace Morris, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-05321 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 05/23/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4542 |
| DATE ORDER DETERMINING LIABILITY: | 06/21/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 4595 |
| DATES OF ORDERS AWARDING DAMAGES: | 09/03/2019, 02/05/2020, 02/12/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5064, 5855, 5861, 5928, 7521 |

**NAME OF CASE:** *Laurence Schlissel, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-05331 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 05/23/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4550 |
| DATE ORDER DETERMINING LIABILITY: | 06/21/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 4598 |
| DATES OF ORDERS AWARDING DAMAGES: | 08/19/2019, 09/04/2019, 02/05/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 4884, 5072, 5849, 7521 |

**NAME OF CASE:** *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-12276 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 08/14/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4852 |
| DATE ORDER DETERMINING LIABILITY: | 09/03/2019 |

6

| | |
|---|---|
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5050 |
| DATES OF ORDERS AWARDING DAMAGES: | 09/03/2019, 09/04/2019, 02/05/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5050, 5068, 5845, 7521,7523 |

| | | |
|---|---|---|
| **NAME OF CASE:** | *Cheryl Rivelli, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-11878 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 08/15/2019 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4868 |
| | DATE ORDER DETERMINING LIABILITY: | 09/03/2019 |
| | ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5047 |
| | DATE OF ORDER AWARDING DAMAGES: | 09/03/2019, 09/04/2019, 01/30/2020, 02/05/2020, 02/12/2020, 02/18/2020, 01/04/2022 |
| | ECF NO. OF ORDER AWARDING DAMAGES: | ECF Nos. 5047, 5070, 5782, 5854, 5917, 5974, 7521 |

| | | |
|---|---|---|
| **NAME OF CASE:** | *Alexander Jimenez, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-11875 (GBD) (SN) |
| | DATE MOTION FOR LIABILITY FILED: | 08/15/2019 |
| | ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4876 |
| | DATE ORDER DETERMINING LIABILITY: | 09/03/2019 |
| | ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5056 |
| | DATES OF ORDERS AWARDING DAMAGES: | 09/03/2019, 09/13/2019, 02/04/2020, 02/12/2020, 01/04/2022 |

7

| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 5056, 5153, 5842, 5929, 7521 |
|---|---|

**NAME OF CASE:** *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05339 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 05/23/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4538 |
| DATE OF ORDER DETERMINING LIABILITY: | 06/21/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 4596 |
| DATES OF ORDERS AWARDING DAMAGES: | 08/26/2019, 09/04/2019, 02/05/2020, 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 4996, 5071, 5850, 7521, 7523 |

**NAME OF CASE:** *Chang Don Kim, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11870 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 08/14/2019 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 4841 |
| DATE OF ORDER DETERMINING LIABILITY: | 09/03/2019 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 5049 |
| DATE OF ORDER AWARDING DAMAGES: | 09/03/2019, 09/10/2019, 02/05/2020, 01/04/2022 |
| ECF NO. OF ORDER AWARDING DAMAGES: | ECF Nos. 5049, 5122, 5847, 7521, 7523 |

**NAME OF CASE:** *August Bernaerts, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:19-cv-11865 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
| DATE OF ORDER DETERMINING LIABILITY: | 01/04/2022 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 7522 |
| DATES OF ORDERS AWARDING DAMAGES: | 01/04/2022 |

8

|  |  |
|---|---|
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 7522, 7523, 7527 |

| **NAME OF CASE:** | *Ber Barry Aron, et al. v. Islamic Republic of Iran* |
|---|---|
| CASE NO.: | No. 1:20-cv-09376 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
| DATE OF ORDER DETERMINING LIABILITY: | 1/4/2022 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 7522 |
| DATES OF ORDERS AWARDING DAMAGES: | 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 7522, 7523, 7527 |

| **NAME OF CASE:** | *Paul Asaro, et al. v. Islamic Republic of Iran* |
|---|---|
| CASE NO.: | No. 1:20-cv-10460 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
| DATE OF ORDER DETERMINING LIABILITY: | 01/04/2022 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 7522 |
| DATES OF ORDERS AWARDING DAMAGES: | 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 7522, 7523, 7527 |

| **NAME OF CASE:** | *Deborah Bodner, et al. v. Islamic Republic of Iran,* |
|---|---|
| CASE NO.: | No. 1:19-cv-11776 (GBD) (SN) |
| DATE MOTION FOR LIABILITY FILED: | 11/12/2021 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 7329 |
| DATE ORDER DETERMINING LIABILITY: | 01/04/2022 |
| ECF NO. OF ORDER DETERMINING LIABILITY: | ECF No. 7522 |
| DATES OF ORDERS AWARDING DAMAGES: | 01/04/2022 |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | ECF Nos. 7522, 7527 |

| **NAME OF CASE:** | *Nicole Amato, et al. v. Islamic Republic of Iran,* |
|---|---|
| CASE NO.: | No. 1:21-cv-10239 (GBD) (SN) |

9

| | |
|---|---|
| DATE MOTION FOR LIABILITY FILED: | 08/31/2022 |
| ECF NO. OF MOTION FOR LIABILITY: | ECF No. 8475 |
| DATE ORDER DETERMINING LIABILITY: | (motion is pending) |
| ECF NO. OF ORDER DETERMINING LIABILITY: | (motion is pending) |
| DATES OF ORDERS AWARDING DAMAGES: | (motion is pending) |
| ECF NOS. OF ORDERS AWARDING DAMAGES: | (motion is pending) |

Moving Plaintiffs now seek a liability determination and default judgment as to their common law claims of intentional infliction of emotional distress (solatium), survival, and wrongful death. Moving Plaintiffs also seek a damages determination consistent with the determinations of prior subsets of the plaintiffs in the *O'Neill* cases that were granted judgments in the Court's orders as indicated in the charts above.

Moving Plaintiffs, like thousands of other similarly situated plaintiffs, request entry of final default judgment against Iran in the amounts indicated in Exhibits A and B.

The only material difference between the thousands of Plaintiffs with damages judgments against Iran and Moving Plaintiffs, is that the Moving Plaintiffs were not U.S. Nationals on September 11, 2001. Nonetheless, the Moving Plaintiffs' claims against Iran are fully supported by existing record evidence that should be applied to Moving Plaintiffs' common law claims for wrongful death, intentional infliction of emotional distress, and survival. Thus, this Court should extend its liability determination and enter damages judgments against Iran for Moving Plaintiffs' common law claims in accordance with 28 U.S.C. § 1605B ("JASTA") and applicable common law.

**DISCUSSION**

**I.    PROCEDURAL BACKGROUND**

**A.    Applicable Orders**

This motion is being submitted in accordance with various procedural orders entered by

this Court, and the form of this motion and the relief requested herein are intended to comply

with various orders of this Court, including the following:

a.  The Court's January 24, 2017 Order, ECF No. 3435, requiring that "[a]ll

further motions for final judgment against any defaulting defendant shall be

accompanied by a sworn declaration attesting that the attorney has (1)

complied with the due diligence safeguards [referenced in Section II.D. of the

January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No.

3433)] and (2) personally verified that no relief has previously been awarded

to any plaintiff included in the judgment (or, if relief has been awarded, the

nature of that relief)."

b.  The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts

of solatium damage awards.

c.  The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al

Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda

Islamic Army*, 02-CV-6977 (GBD)(SN).

d.  The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated

procedural rules.

e.  The Court's December 6, 2019 Order, ECF No. 5338, setting forth the

scheduling order.

     f.   The Court's April 11, 2022 Order, ECF No, 7870, setting forth additional

         content to include in proposed orders.

     g.   The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for

         filing expert reports submitted in support of default judgments.

## B.    Related Cases

Relying on evidence and arguments[7] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the September 11th attacks, this Court, on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of certain of the *Havlish*, *Ashton*, *O'Neill*, *Federal Insurance*, and *Hoglan* groups of plaintiffs against Iran (*see* ECF Nos. 2516, 3014, 3016, 3020, 3020-23).  Subsequently, other liability findings were made for additional *O'Neill* plaintiffs. After granting *Havlish* plaintiffs' Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the *Havlish* plaintiffs' submissions, on October 3, 2012 this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium…in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, …family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the

---

[7] In each of the Orders of Judgment regarding plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December 15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

following solatium awards for family members are appropriate, as an upward departure from the

framework in *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2623 at 4.

The Court has applied the same solatium values to claims of other solatium plaintiffs in

*Burnett* (ECF Nos. 3666, 4023, 4126, 4146, 4175, 5061, 5062, 5087, 5138, and 5356) and other

solatium plaintiffs in other cases coordinated in the *In re Terrorist Attacks on September 11,*

*2001* multidistrict litigation. *See*, e.g., ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16,

3399, and 3977 at 7.

In that same decision in *Havlish*, this Court also found that Plaintiffs are entitled to

punitive damages under the Foreign Sovereign Immunities Act ("FSIA") in an amount of 3.44

multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that

3.44 multiplier also to judgments in *Ashton*. *See* ECF No. 3175 at 3 (Report and

Recommendation to apply 3.44 punitive multiplier); ECF No. 3229 at 1 (Order adopting in its

entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the

3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No.

3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn

recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF

13

Nos. 3358 at 11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the Plaintiffs' solatium damages. ECF No. 2623 at 5.  The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. ECF No. 3175 at 7-8. Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and *Bauer*. *See* ECF Nos. 3229 at 2; 3300 at 1, 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims. ECF Nos. 3358 at 17-20, 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6.  The Court applied that interest rate, 4.96 percent per annum, to other plaintiffs' awards in *Burnett*.

## C.    Iran Was Duly Served and Default Was Duly Entered.

Iran was duly served in this case. Service was effectuated as set forth below.

### 1.    Service by Mail Was Not Successful

Service on Iran could not be effected under 28 U.S.C. § 1608(a)(1) because the United States and Iran do not have any special arrangement for service of process, nor is service permitted by any applicable international convention under the provisions of subsection (2).  *See Valore*, 700 F. Supp. 2d at 70.

14

Accordingly, the Moving Plaintiffs first attempted to serve Iran in accordance with Section 1608(a)(3) of the FSIA.  Section 1608(a)(3) provides that:

> if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

The Southern District of New York's Clerk's Office Foreign Mailing Instructions provide plaintiffs with instructions for service by U.S. Postal Service ("USPS"), FedEx, or DHL.  *See* United States District Court for the Southern District of New York Clerk's Office Foreign Mailing Instructions at 2.

On the dates set forth in the table below, the instant Plaintiffs attempted to utilize DHL or USPS for service under § 1608(a)(3).[8] Pursuant to the Southern District of New York's Clerk's Office Foreign Mailing Instructions, plaintiffs prepared an envelope along with the requisite service documents for the Clerk of the District Court as prescribed, and delivered a Service Packet[9] to the Clerk.  The Clerk of Court, in accordance with the Southern District of New York's Clerk's Office Foreign Mailing Instructions and 28 U.S.C. § 1608(a)(3), attempted to serve the Service Packet on Iran via DHL or USPS.[10]  As set forth in Jerry S. Goldman's Affidavits in Support of Requests for Clerk's Default (the "Goldman Default Affidavits"), Iran refused to accept the Service Packet**.**  Because service by mail could not be effected within 30

---

[8] FedEx was not delivering packages to Iran at the time service was effectuated.

[9] The Service Packet, in addition to pre-paid postage, contained an envelope, two copies of the summons and complaint and notice of suit, together with a translation in the official language of the foreign state (Farsi), and a certification of same.

[10] We used DHL early in the litigation to expedite the process. As a result of the reimposition of sanctions, we were compelled to use USPS as DHL was unavailable.

15

days, Plaintiffs proceeded to effect service by diplomatic channels pursuant to §1608(a)(4).  *See*

Jerry S. Goldman's Affidavits of Service (the "Goldman Affidavits of Service"); *see also*

Goldman Default Affidavits; *see also* Clerk's Certificates of Mailing, all as identified in the

following table:

| | | |
|---|---|---|
| **CASE NAME:** | *Jessica DeRubbio, et al. v. Islamic Republic of Iran* CASE NO.: | No. 1:18-cv-05306 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 21 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 49 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 54 (docket for individual case) |
| | | |
| **CASE NAME:** | *Roberta Agyeman, et al. v. Islamic Republic of Iran* CASE NO.: | No. 1:18-cv-05320 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 22 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |
| | | |
| **CASE NAME:** | *Horace Morris, et al. v. Islamic Republic of Iran* CASE NO.: | No. 1:18-cv-05321 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 22 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 5 (docket for individual case) |
| | | |
| **CASE NAME:** | *Laurence Schlissel, et al. v. Islamic Republic of Iran* CASE NO.: | No. 1:18-cv-05331 (GBD) (SN) |

16

| | |
|---|---|
| DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 20 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 53 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 47 (docket for individual case) |

**CASE NAME:** *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05339 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 06/29/2018 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 21 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |

**CASE NAME:** *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11837 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/14/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 11 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4687 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4799 |

**CASE NAME:** *Chang Don Kim, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11870 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 16 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4690 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4805 |

**CASE NAME:** *Alexander Jimenez, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11875 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4685 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4803 |

17

**CASE NAME:**   *Cheryl Rivelli, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-11878 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4692 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4811 |

**CASE NAME:**   *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-12276 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4686 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4797 |

**CASE NAME:**   *Marinella Hemenway, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-12277 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4694 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4801 |

**CASE NAME:**   *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-12387 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 02/20/2019 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 11 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4693 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4815 |

**CASE NAME:**   *Deborah Bodner, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:19-cv-11776 (GBD) (SN) |
| DATE OF ATTEMPTED SERVICE BY MAIL: | 1/23/2020 |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 11 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6897 |

18

GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:          ECF No. 6926

| | | |
|---|---|---|
| **CASE NAME:** | *August Bernaerts, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:19-cv-11865 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 1/22/2020 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 8 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6895 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6924 |

| | | |
|---|---|---|
| **CASE NAME:** | *Ber Barry Aron, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:20-cv-09376 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 11/24/2020 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 8 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6894 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6932 |

| | | |
|---|---|---|
| **CASE NAME:** | *Paul Asaro, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:20-cv-10460 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 12/14/2020 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 8 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6900 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6971 |

| | | |
|---|---|---|
| **CASE NAME:** | *Nicole Amato, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:21-cv-10239 (GBD) (SN) |
| | DATE OF ATTEMPTED SERVICE BY MAIL: | 12/14/2021 |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 10 (individual docket) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 8407 |

19

GOLDMAN DEFAULT AFFIDAVIT-ECF NO.:     ECF No. 8411

### 2.      Iran Was Served Via Diplomatic Means

Under 28 U.S.C. § 1608(a)(4), if service cannot be made within 30 days under paragraph (3), service can be made by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Therefore, pursuant to 28 U.S.C. § 1608(a)(4), after service by mail was rejected, the instant Plaintiffs delivered to the Clerk of the Court for the U.S. District Court for the Southern District of New York the following items: cover letter, a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern, copies of the Complaint in English, copies of the Complaint in Farsi, Notice of Suit in English, Notice of Suit in Farsi, Summons in English, Summons in Farsi, Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602, Civil Cover Sheet, Affidavits from translators, and a U.S. Airbill (from FedEx) (collectively, "Service Documents").[11]  The Clerk was requested to transmit these documents to the United States State Department in Washington, D.C.  *Id.*  In accordance with the statute and the protocol of the Department of State, it would, in turn, transmit one copy of the papers through diplomatic

---

[11] Also included were United States Airbills from the State Department to the Embassy in Bern and back, as well as to the Southern District of New York Clerk.

20

channels to the foreign state and send the clerk of the court a certified copy of the diplomatic

note indicating when the papers were transmitted.  Plaintiffs met all of those requirements in this

case.  *See* Goldman Default Affidavits and Goldman Affidavits of Service.

As set forth in the below table, the Clerk of the Court transmitted the Service Documents

to the Secretary of State, Director of Consular Services, Office of Policy Review and Inter-

Agency Liaison, United States Department of State for service on Iran under 28 U.S.C.

§ 1608(a)(4).  *See* Goldman Default Affidavits and Goldman Affidavits of Service.

As evidenced by letter from Jared Hess, Attorney Advisor, Overseas Citizens Services,

Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, Clerk of Court,

service was effectuated on Iran as set forth in the below table, when the U.S. Department of

State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran,

delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of

diplomatic notes, whose number is in the below table.  Pursuant to 28 U.S.C. § 1608(c)(1), in

instances of service under § 1608(a)(4), service shall be deemed to have been made "as of the

date of transmittal indicated in the certified copy of the diplomatic note."  *See* Goldman Default

Affidavits, Goldman Affidavits of Service, Clerk's Certificates, and Diplomatic Notes.

| **CASE NAME:** | *Jessica DeRubbio, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO.: | No. 1:18-cv-05306 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO.: | 1080-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 24 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 49 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 54 (docket for individual case) |

21

| | | |
|---|---|---|
| **CASE NAME:** | *Roberta Agyeman, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-05320 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO: | 1078-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 25 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |
| | | |
| **CASE NAME:** | *Horace Morris, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-05321 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO: | 1077-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 25 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 55 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |
| | | |
| **CASE NAME:** | *Laurence Schlissel, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-05331 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| | DIPLOMATIC NOTE NO: | 1079-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 23 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 53 (docket for individual case) |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 51 (docket for individual case) |
| | | |
| **CASE NAME:** | *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-05339 (GBD) (SN) |

| | |
|---|---|
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 09/26/2018 |
| DIPLOMATIC NOTE NO: | 1076-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 24 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 51 (docket for individual case) |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 53 (docket for individual case) |

**CASE NAME:** *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11837 (GBD) (SN) |
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| DIPLOMATIC NOTE NO: | 1039-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 13 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO: | ECF No. 4687 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4799 |

**CASE NAME:** *Chang Don Kim, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11870 (GBD) (SN) |
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| DIPLOMATIC NOTE NO: | 1038-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 18 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4690 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4805 |

**CASE NAME:** *Alexander Jimenez, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11875 (GBD) (SN) |
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| DIPLOMATIC NOTE NO: | 1043-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 14 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4685 |

|  | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4803 |

| **CASE NAME:** | *Cheryl Rivelli, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-11878 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1040-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4692 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4811 |

| **CASE NAME:** | *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-12276 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1044-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO: | ECF No. 4686 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4797 |

| **CASE NAME:** | *Marinella Hemenway, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-12277 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |
| | DIPLOMATIC NOTE NO: | 1045-IE |
| | CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4694 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4801 |

| **CASE NAME:** | *Matthew Rowenhorst, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-12387 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/11/2019 |

24

|  |  |
|---|---|
| DIPLOMATIC NOTE NO: | 1042-IE |
| CLERK'S CERTIFICATE OF MAILING-ECF NO.: | ECF No. 13 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 4693 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 4815 |

**CASE NAME:** *Deborah Bodner, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:19-cv-11776 (GBD) (SN) |
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/29/2020 |
| DIPLOMATIC NOTE NO: | No. 1083-IE |
| CLERK'S CERTIFICATION OF MAILING-ECF NO.: | ECF No. 15 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO: | ECF No. 6897 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6926 |

**CASE NAME:** *August Bernaerts, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:19-cv-11865 (GBD) (SN) |
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/29/2020 |
| DIPLOMATIC NOTE NO: | No. 1084-IE |
| CLERK'S CERTIFICATION OF MAILING-ECF NO.: | ECF No. 12 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6895 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6921 |

**CASE NAME:** *Ber Barry Aron, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:20-cv-09376 (GBD) (SN) |
| DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 04/14/2021 |
| DIPLOMATIC NOTE NO: | No. 1044-IE |
| CLERK'S CERTIFICATION OF MAILING-ECF NO.: | ECF No. 9 (docket for individual case) |
| GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6894 |
| GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6932 |

25

| **CASE NAME:** | *Paul Asaro, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO.: | No. 1:20-cv-10460 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 04/21/2021 |
| | DIPLOMATIC NOTE NO: | No. 1050-IE |
| | CLERK'S CERTIFICATION OF MAILING-ECF NO.: | ECF No. 9 (docket for individual case) |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 6900 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 6971 |

| **CASE NAME:** | *Nicole Amato, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO.: | No. 1:21-cv-10239 (GBD) (SN) |
| | DATE OF DELIVERY OF THE DIPLOMATIC NOTE AND SERVICE DOCUMENTS: | 06/15/2022 |
| | DIPLOMATIC NOTE NO: | No. 1052-IE |
| | CLERK'S CERTIFICATION OF MAILING-ECF NO.: | 08/19/2022 |
| | GOLDMAN AFFIDAVIT OF SERVICE-ECF NO.: | ECF No. 8407 |
| | GOLDMAN DEFAULT AFFIDAVIT-ECF NO.: | ECF No. 8411 |

Based on the foregoing, Plaintiffs filed an Affidavit of Service confirming service was effected on Iran on the dates of the diplomatic notes as set forth above.

Because service upon Iran was proper, and because Section 1605B of the FSIA provides subject-matter jurisdiction for the Plaintiffs' claims against Iran (*see infra* at 36-40), this Court also has personal jurisdiction over Iran. *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991); *see also Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 209 (D.D.C. 2012). *See* Goldman Declaration at ¶ 17.

### 3.     The Clerk Properly Entered Default Against Iran.

Iran did not file any responsive pleading or otherwise defend the suit.  Rule 55(a) of the Federal Rules of Civil Procedure, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id*.

The within Plaintiffs requested, on the dates set forth in the following table, that the Clerk enter default against Iran because:

- Iran was obligated to "serve an answer or other responsive pleading to the complaint within sixty days after service [was effectuated]." 28 U.S.C. § 1608(d);

- Iran was served on the dates set forth in the table; and

- More than sixty (60) days elapsed since service, and Iran failed to file an answer or other responsive pleading, or take any other steps to defend this action.

Upon the Moving Plaintiffs' application, the Clerk issued a Certificate of Default as set forth below.

As Iran failed to timely answer or move in response to the duly served summons and complaint, the Clerk of the Court properly issued a Certificate of Default.

| CASE NAME: | *Jessica DeRubbio, et al. v. Islamic Republic of Iran* | |
|---|---|---|
| | CASE NO.: | No. 1:18-cv-05306 (GBD) (SN) |
| | DATE OF SERVICE: | 09/26/2018 |
| | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 01/18/2019 |
| | ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 53 (docket for individual case) |
| | DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 01/18/2019 |
| | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 55 (docket for individual case) |

| CASE NAME: | *Roberta Agyeman, et al. v. Islamic Republic of Iran* |
|---|---|

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05320 (GBD) (SN) |
| DATE OF SERVICE: | 09/26/2018 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 52 (docket for individual case) |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 01/28/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 54 (docket for individual case) |

**CASE NAME:**   *Horace Morris, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05321 (GBD) (SN) |
| DATE OF SERVICE: | 09/26/2018 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 52 (docket for individual case) |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 54 (docket for individual case) |

**CASE NAME:**   *Laurence Schlissel, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05331 (GBD) (SN) |
| DATE OF SERVICE: | 09/26/2018 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 50 (docket for individual case) |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 52 (docket for individual case) |

**CASE NAME:**   *Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-05339 (GBD) (SN) |
| DATE OF SERVICE: | 09/26/2018 |

|  |  |
|---|---|
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 52 (docket for individual case) |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 01/24/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 54 (docket for individual case) |

| | | |
|---|---|---|
| **CASE NAME:** | *Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-11837 (GBD) (SN) |
| | DATE OF SERVICE: | 06/11/2019 |
| | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| | ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4798 |
| | DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4807 |

| | | |
|---|---|---|
| **CASE NAME:** | *Chang Don Kim, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-11870 (GBD) (SN) |
| | DATE OF SERVICE: | 06/11/2019 |
| | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| | ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4804 |
| | DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4817 |

| | | |
|---|---|---|
| **CASE NAME:** | *Alexander Jimenez, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:18-cv-11875 (GBD) (SN) |
| | DATE OF SERVICE: | 06/11/2019 |
| | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |

|  |  |  |
|---|---|---|
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4803 | |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 | |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4818 | |

**CASE NAME:** *Cheryl Rivelli, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-11878 (GBD) (SN) |
| DATE OF SERVICE: | 06/11/2019 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4810 |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/14/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 23 (docket for individual case) |

**CASE NAME:** *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-12276 (GBD) (SN) |
| DATE OF SERVICE: | 06/11/2019 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4796 |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4806 |

**CASE NAME:** *Marinella Hemenway, et al. v. Islamic Republic of Iran*

| | |
|---|---|
| CASE NO.: | No. 1:18-cv-12277 (GBD) (SN) |
| DATE OF SERVICE: | 06/11/2019 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4800 |

30

docs-100497626.10

|  |  |
|---|---|
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4814 |

**CASE NAME:** *Matthew Rowenhorst, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:18-cv-12387 (GBD) (SN) |
| DATE OF SERVICE: | 06/11/2019 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4812 |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/13/2019 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 4819 |

**CASE NAME:** *Deborah Bodner, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:19-cv-11776 (GBD) (SN) |
| DATE OF SERVICE: | 06/29/2020 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 07/09/2021 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6926 |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 07/09/2021 |
| ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6934 |

**CASE NAME:** *August Bernaerts, et al. v. Islamic Republic of Iran*

|  |  |
|---|---|
| CASE NO.: | No. 1:19-cv-11865 (GBD) (SN) |
| DATE OF SERVICE: | 06/29/2020 |
| DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 07/09/2021 |
| ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6924 |
| DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 07/09/2021 |

31

|  | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6933 |
|---|---|---|

| **CASE NAME:** | *Ber Barry Aron, et al. v. Islamic Republic of Iran* | |
|---|---|---|
|  | CASE NO.: | No. 1:20-cv-09376 (GBD) (SN) |
|  | DATE OF SERVICE: | 04/14/2021 |
|  | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 07/09/2021 |
|  | ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6932 |
|  | DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 07/09/2021 |
|  | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6937 |

| **CASE NAME:** | *Paul Asaro, et al. v. Islamic Republic of Iran* | |
|---|---|---|
|  | CASE NO.: | No. 1:20-cv-10460 (GBD) (SN) |
|  | DATE OF SERVICE: | 04/21/2021 |
|  | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 07/20/2021 |
|  | ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6971 |
|  | DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 07/20/2021 |
|  | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 6972 |

| **CASE NAME:** | *Nicole Amato, et al. v. Islamic Republic of Iran* | |
|---|---|---|
|  | CASE NO.: | No. 1:21-cv-10239 (GBD) (SN) |
|  | DATE OF SERVICE: | 06/15/2022 |
|  | DATE OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | 08/19/2022 |
|  | ECF NO. OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 8411 |
|  | DATE OF CLERK'S CERTIFICATE OF DEFAULT: | 08/24/2022 |

32

|  | ECF NO. OF CLERK'S CERTIFICATE OF DEFAULT: | ECF No. 8443 |
|---|---|---|

## D.    Motions for Substitution/Notices of Amendment

### 4.    Motions for Substitution

Certain of the within Plaintiffs filed motions to substitute parties as set forth below.

| **CASE NAME:** | *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran* | |
|---|---|---|
|  | CASE NO.: | No. 1:18-cv-12276 (GBD) (SN) |
|  | DATE OF MOTION TO SUBSTITUTE: | 12/02/2021 |
|  | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 7403 |
|  | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 12/06/2021 |
|  | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 7429 |
| **PLAINTIFF:** | Jermaine Cook as Personal Representative of the Estate of Helen Cook, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Helen Cook | |

| **CASE NAME:** | *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran* | |
|---|---|---|
|  | CASE NO.: | No. 1:18-cv-12276 (GBD) (SN) |
|  | DATE OF MOTION TO SUBSTITUTE: | 08/14/2019 |
|  | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 4845 |
|  | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 08/23/2019 |
|  | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 4990 |
| **PLAINTIFF:** | Angela Alleyne, as the co-Personal Representative of the Estate of Godwin Forde, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Godwin Forde | |

| **CASE NAME:** | *Marinella Hemenway, et al. v. Islamic Republic of Iran* | |
|---|---|---|
|  | CASE NO.: | No. 1:18-cv-12277 (GBD) (SN) |
|  | DATE OF MOTION TO SUBSTITUTE: | 01/04/2022 |
|  | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 7539 |

33

|  |  |  |
|---|---|---|
| | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 01/06/2022 |
| | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 7565 |
| PLAINTIFFS: | Nur Miah as the co-Personal Representative of the Estate of Nurul Miah, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Nurul Miah | |
| | Rokshana Miah as the co-Personal Representative of the Estate of Nurul Miah, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Nurul Miah | |
| CASE NAME: | *August Bernaerts, et al. v. Islamic Republic of Iran* | |
| | CASE NO.: | No. 1:19-cv-11865 (GBD) (SN) |
| | DATE OF MOTION TO SUBSTITUTE: | 06/22/2022 |
| | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 8134 |
| | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 06/23/2022 |
| | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 8139 |
| PLAINTIFF: | Josephine Fink as the Personal Representative of the Estate of Derek O. Sword, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Derek O. Sword | |
| CASE NAME: | *Deborah Bodner, et al. v. Islamic Republic of Iran*, | |
| | CASE NO.: | No. 1:19-cv-11776 (GBD) (SN) |
| | DATE OF MOTION TO SUBSTITUTE: | 06/22/2022 |
| | ECF NO. OF MOTION TO SUBSTITUTE: | ECF No. 8135 |
| | DATE OF ORDER GRANTING MOTION TO SUBSTITUTE: | 06/23/2022 |
| | ECF NO. OF ORDER GRANTING MOTION TO SUBSTITUTE: | ECF No. 8142 |
| PLAINTIFFS: | Katherine Collier as the co-Personal Representative of the Estate of Stephen Philip Morris, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Philip Morris | |

34

Andrew Morris as the co-Personal Representative
of the Estate of Stephen Philip Morris, deceased,
and on behalf of all survivors and all legally
entitled beneficiaries and family members of
Stephen Philip Morris

## 5.    Notices of Amendment

Certain of the Plaintiffs herein have been added pursuant to a Notice of Amendment as

set forth in Exhibits C-1 to C-2 (collectively, "Exhibits C") to the Goldman Declaration, which

includes the MDL docket numbers and dates of the Notices of Amendment pursuant to which

those plaintiffs were added.

### (a)    Individuals Not Named in the Original Complaint Are Entitled to Solatium Damages (Notices of Amendment)

Certain of the Plaintiffs set forth in Exhibits C (and Exhibits A) to the Goldman

Declaration have been added pursuant to a Notice of Amendment.[12]

Pursuant to paragraph 5 of Section II(D) of the Plaintiffs' Executive Committee January

23, 2017 letter, ECF No. 3433, which was adopted by the Court through its January 25, 2017

Order, ECF No. 3435, individuals who are not named in the complaint, but are otherwise a

member of the 9/11 decedent's family, are entitled to receive a judgment for solatium based upon

their relationship to the 9/11 decedent and where there is a pending claim by the personal

representative of that decedent's estate. The letter provides "[i]n instances where a default

judgment is sought by a personal representative in favor of a solatium claimant who is not a

named plaintiff in the action in which the award is sought, counsel requesting the judgment will

be asked to confirm that: (1) the personal representative has requested that a judgment be sought

---

[12] Such Notices of Amendment have been filed prior to this motion as described in Exhibits C.

35

in favor of the solatium claimant; (2) the solatium claimant has been contacted and affirmed that

he or she authorized the personal representative to seek the judgment in his or her favor; and (3)

counsel has confirmed that the solatium claimant in favor of whom the judgment is being sought

has not retained other counsel or been named in any other action or, if he or she has, that counsel

has communicated with the claimant's counsel and received authorization to seek the judgment

via the estate's representative."  ECF No. 3433 at 7; *see also* ECF No. 5234 (October 28, 2019).

Such individuals are identified and the compliance with such procedure is described in

Goldman Declaration at ¶¶ 15-16 and Exhibits C to the Goldman Declaration.

Accordingly, judgment should be entered in such Plaintiffs' favor as if they were named

plaintiffs, in the same amounts indicated herein, consistent with this Court's application of those

values established and applied in prior proceedings in this MDL.

## II.   THE COURT HAS SUBJECT-MATTER JURISDICTION OVER MOVING PLAINTIFFS' CLAIMS AGAINST IRAN UNDER JASTA.

As the Court is aware, the victims of the terrorist attacks on September 11, 2001 were not

solely United States Nationals; however, relief under the State Sponsored Terrorism exception to

the FSIA is limited to U.S. Nationals or immediate family members (or functional equivalents)

of U.S. National decedents. Nevertheless, this Court's jurisdiction reaches the claims of these

non-nationals who were injured or killed, and their family members, by virtue of the fact that the

terrorist attacks took place on U.S. soil with the largest number of victims being injured or killed

only blocks from this courthouse at the World Trade Center complex in lower Manhattan.

Moving Plaintiffs identified on Exhibits A are immediate family members of 9/11 decedents

where the 9/11 decedent was not a U.S. National and the immediate family member was not a

U.S. National on September 11, 2001. Moving Plaintiffs identified on Exhibits B are the

Personal Representatives of 9/11 decedent estates where the 9/11 decedent was known not to be a United States National on September 11, 2001.

The terrorists who carried out the attacks on September 11, 2001 did not differentiate their victims by nationality. Individuals working in the North Tower of the World Trade Center when it was hit were not somehow sequestered based on their citizenship status. The terrorists attacked the United States, and while the vast majority of those who were killed in the orchestrated attacks against the United States were U.S. Nationals, a significant percentage of the victims were not. This does not mean that they were treated differently by the terrorists or that their loved ones did not experience the grief and loss that U.S. Nationals did.

Moving Plaintiffs' claims against Iran are predicated on the FSIA generally, and more specifically, JASTA. The FSIA "supplies the ground rules for 'obtaining jurisdiction over a foreign state in the courts' of the United States." *Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703, 709 (2021) (citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)). Further, the FSIA is "purely jurisdictional in nature, and creates no cause of action." *McKesson Corp. v. Islamic Republic of Iran*, 672 F.3d 1066, 1075 (D.C. Cir. 2012). However, the FSIA "starts with a premise of immunity and then creates exceptions to the general principle." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1321 (2017) (internal quotations omitted) (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480 (1983)). Thus, a Court is required to find that one of the FSIA's exceptions applies to Iran to establish jurisdiction. *See* 28 U.S.C. § 1604 ("a foreign state shall be immune for the jurisdiction of the courts of the United States…except as provided in sections 1605-1607."). One exception, created in 1996 with the enactment of the Anti-terrorism and Effective Death Penalty

Act, 28 U.S.C. § 1605, provides an exception to sovereign immunity when a foreign state has been officially designated as a state sponsor of terror by the United States. Iran was designated a state sponsor of terrorism on January 19, 1984, and has remained a designee since. This Court has found jurisdiction over Iran and entered numerous default judgments in this case pursuant to that exception to the FSIA.

The Justice Against Sponsors of Terrorism Act, Pub. L. 114-222, now codified at 28 U.S.C. § 1605B ("JASTA"), confers jurisdiction to this Court to award damages to the estates of non-U.S. national decedents and non-U.S. national family members of those decedents. JASTA includes no requirement that common law claims can only be maintained by U.S. nationals. In fact, JASTA simply states that "a foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by: 1) an act of international terrorism **in the United States;** and 2) **a tortious act or acts** of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred." *See* § 1605B(b) (emphasis added). Clearly, Congress intended that the only requirements to maintain common law claims against a foreign sovereign under JASTA are that the attack *occurred in the United States* and that the foreign state committed a tort. These jurisdictional requirements are easily met here for the same reasons the Court previously found jurisdiction over Iran under 28 U.S.C. § 1605A: Namely, that "Plaintiffs have established by evidence satisfactory to the Court that the Islamic Republic of Iran provided material support and resources to al Qaeda for acts of terrorism, including the extrajudicial killing of the victims of the

38

September 11, 2001 attacks" in "the World Trade Center, the Pentagon, and Washington, D.C.

(Shanksville, Pennsylvania)." *See, e.g.*, *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL

1570 (GBD), 2011 WL 13244047, at *39-40 (S.D.N.Y. Dec. 22, 2011) (conclusions of law ¶¶

18, 19, 23) (ECF No. 2515).

Plaintiffs also previously proved, and the Court previously found "a tortious act or acts of

[Iran], or of any official, employee, or agent of [Iran]". For example, the Court found:

> [T]he Islamic Republic of Iran provided material support or resources . . . to al Qaeda generally. Such material support or resources took the form of, inter alia, planning, funding, facilitation of the hijackers' travel and training, and logistics, and included the provision of services, money, lodging, training, expert advice or assistance, safehouses, false documentation or identification, and/or transportation. Beyond the evidence that the Islamic Republic of Iran provided general material support or resources to al Qaeda, plaintiffs have established that Iran provided direct support to al Qaeda specifically for the attacks on the World Trade Center, the Pentagon, and Washington, DC (Shanksville, Pennsylvania), on September 11, 2001. Such material support or resources took the form of, inter alia, planning, funding, facilitation of the hijackers' travel and training, and logistics, and included the provision of services, money, lodging, training, expert advice or assistance, safehouses, false documentation or identification, and/or transportation. Such provision of material support or resources by various Iranian officials, including, but not limited to, Iran's Supreme Leader the Ayatollah Ali Khamenei and his subordinates, by officers of the IRGC/Qods Force, by the MOIS, and by the intelligence apparatus of the Supreme Leader, was engaged in by Iranian officials, employees, or agents of Iran while acting within the scope of his or her office, employment, or agency.

*See generally, id.* at ¶¶ 18-35.

Plaintiffs here have clearly shown and the Court has already found "a tortious act or acts

of" Iran and an act of international terrorism in the United States for purposes of finding subject-

matter jurisdiction under JASTA.

39

Importantly, § 1605B acts as a pass through for state law claims.[13]  This Court so-held in rejecting the Motion to Dismiss filed by the Republic of the Sudan. *See* ECF No. 7942 at 34 ("Nothing in § 1605B(b)'s text suggests that the jurisdictional grant is limited to 'U.S. nationals'—the phrase does not even appear in the subsection."); *see also id.* at 53-54 (rejecting argument that 1605B is not a "gateway," holding that "Plaintiffs' state law claims are not preempted."). Moving Plaintiffs assert common law claims for wrongful death, intentional infliction of emotional distress, and survival that this Court has jurisdiction to hear.

## III.  IRAN IS LIABLE TO MOVING PLAINTIFFS UNDER APPLICABLE COMMON LAW.

Moving Plaintiffs seek a determination that Iran is liable to non-U.S. National Plaintiffs based on the same record evidence, and findings of fact and conclusions of law already made by the Court and seek an extension of liability judgments rendered under Section 1605A to these plaintiffs' wrongful death, intentional infliction of emotional distress, and survival common law claims. As discussed below, New York law applies or is substantially similar to Virginia and Pennsylvania law. Iran clearly is liable to Moving Plaintiffs for common law wrongful death, intentional infliction of emotional distress, and survival claims.

---

[13] *See Bank of New York v. Yugoimport*, 745 F.3d 599, 609 n.8 (2d Cir. 2014) ("The FSIA operates as a pass-through, granting federal courts jurisdiction over otherwise ordinary actions brought against foreign states. It provides foreign states and their instrumentalities access to federal courts only to ensure uniform application of the doctrine of sovereign immunity.'); *id.* ("The FSIA contains no express choice of law provision, but Section 1606 provides that a foreign sovereign 'shall be liable in the same manner and to the same extent as a private individual under like circumstances.' 28 U.S.C. § 1606."); *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. 20-1566, 2022 WL 1177497, at *4 (U.S. Apr. 21, 2022) ("Section 1606 directs a 'pass-through' to the substantive law that would govern a similar suit between private individuals. . . . The provision thus ensures that a foreign state, if found ineligible for immunity, must answer for its conduct just as any other actor would.")

## A.   New York, Virginia and Pennsylvania Common Law Claims Are Substantially Identical Such that New York Law Applies

Federal courts must apply the choice of law rules of the state in which they sit, which in this case is New York. *Armstead v. National RR Passenger Corp.*, 954 F. Supp. 111, 112 (1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Here, under New York conflicts law, the law of the place of injury would apply. *See Neumeier v. Kuehner*, 31 N.Y.2d 121, 128 (1972) (If law is "conduct regulating" apply law of place of injury. If law is "loss-allocating" and plaintiff and defendants do not reside in same domicile, which is the case here, generally use place of injury); *Grosshandels-Und Lagerei-Berufsgenossenschaft v. World Trade Ctr. Props., LLC*, 435 F.3d 136, 137 (2d Cir. 2006). ("Given that wrongful death and survival actions relate to loss allocation, . . . and that the parties are domiciled in a number of different states, the presumption is that New York's rules apply.").

Following this precedent, Plaintiffs' common law claims would be analyzed under the laws of New York for the overwhelming majority of claims, and Pennsylvania and Virginia law for a comparatively small number of claims. However, as is the case here, when the laws of different states (or the federal common law) are substantially the same, there is no conflict, and the forum state's law prevails. *See, e.g.*, 19A N.Y. Jur. 2d Conflict of Laws § 2; *Copley v. Bactolac Pharm., Inc.*, No. 18-CV-575 (FB) (PK), 2021 WL 918313, at *3 (E.D.N.Y. Mar. 10, 2021); *SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352 (1st Dep't 2004); *Emmet & Co., Inc. v. Catholic Health East*, 37 Misc. 3d 854 (Sup 2012), *aff'd*, 114 A.D.3d 605 (1st Dep't 2014); *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. 20-1566, 2022 WL 1177497 (U.S. Apr. 21, 2022) (finding that, in an FSIA case, use forum state's choice-of-law rules, not a rule deriving from federal common law, to determine the substantive law). Here, the claims made under New

41

York, Pennsylvania, and Virginia law are substantially identical and arise from a common scheme born of the same plot, the September 11, 2001 Attacks.[14] Plaintiffs brought claims against Iran based on its material support and sponsorship of al Qaeda leading up to September 11, 2001, support that enabled al Qaeda to carry out the September 11th Attacks.[15] These facts and allegations are identical among all Plaintiffs irrespective of citizenship. Thus, because Moving Plaintiffs' allegations arise from identical questions of law and fact, New York law should apply.

**B.  Iran Is Liable to Moving Plaintiffs for Wrongful Death Under Any Applicable Law.**

New York, Virginia, and Pennsylvania require satisfaction of similar elements as to wrongful death claims as their statutes are virtually identical.

|  | **Wrongful Death Elements** | |
| --- | --- | --- |
| New York[16] requires: | (1) wrongful act, neglect or default | (2) which caused the decedent's death |
| Virginia[17] requires: | (1) the death of a person | (2)  caused by the wrongful act, neglect, or default of any person or corporation |
| Pennsylvania[18] requires: | (1)  the death of an individual | (2)  caused by the wrongful act or neglect or unlawful violence or negligence of another |

---

[14] Indeed, this Court previously found that Iran provided direct support for the attacks on the "World Trade Center, the Pentagon, and Washington, DC (Shanksville, Pennsylvania) on September 11, 2001." ECF No. 2515, ¶ 19.

[15] Courts in the Second Circuit have also recognized common schemes as a basis for liability against an aider and abettor of terrorism. *See Linde v. Arab Bank, PLC*, 384 F. Supp. 2d 571, 585 (E.D.N.Y. 2005) ("The factual allegations of the complaints sufficiently support an inference that Arab Bank and the terrorist organizations were participants in a common plan under which Arab Bank would supply necessary financial services to the organizations which would themselves perform the violent acts.").

[16] N.Y. Est. Powers & Trusts Law § 5-4.1.

[17] Va. Code Ann. § 8.01-50 (West).

[18] 42 Pa. Stat. and Cons. Stat. Ann. § 8301 (West); *see also Pisano v. Extendicare Homes, Inc.*, 2013 PA

Further, the appropriate individual to bring a wrongful death claim is the same under New York, Virginia, and Pennsylvania law.

|  | **Standing - Wrongful Death** |
|---|---|
| New York[19]: | (1) The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death… |
| Virginia[20]: | (c) Every such action under subsection A shall be brought by and in the name of the personal representative of such deceased person. |
| Pennsylvania[21]: | (b) Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased, whether or not citizens or residents of this Commonwealth or elsewhere.<br><br>(d) if no person is eligible to recover damages under subsection (b), the personal representative of the deceased may bring an action to recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death.<br><br>The Superior Court of Pennsylvania has noted that wrongful death claims pursuant to § 8301(b) are "usually commenced by the personal representative on behalf of the beneficiaries" but "belong[] to the designated relatives"[22] |

This Court previously found that Iran's "provision of material support or resources" to al Qaeda in connection with the 9/11 Attacks caused the extrajudicial killings of plaintiffs. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD), 2011 WL 13244047 (S.D.N.Y. Dec. 22, 2011) (conclusions of law ¶¶ 18-35) (ECF No. 2515). The Court should extend these factual findings to Moving Plaintiffs here by finding that the 9/11 decedents referenced in

---

Super 232, 77 A.3d 651 (2013).

[19] N.Y. Est. Powers & Trusts Law § 5-4.1.

[20] Va. Code Ann. § 8.01-50 (c) (West).

[21] 42 Pa. Stat. and Cons. Stat. Ann. § 8301 (West).

[22] *MacPherson v. Magee Mem'l Hosp. for Convalescence*, 2015 PA Super 248, 128 A.3d 1209, 1226 (2015).

Exhibits B (1) died during the 9/11 attacks and (2) that their deaths were caused by a wrongful act of Iran. (These findings also rise above the level of mere negligence). Iran is thus liable to the personal representatives of the estate Plaintiffs listed in Exhibits B.

    **C.**    **Iran Is Liable to Moving Plaintiffs for IIED/Solatium Under Any Applicable Law.**

New York, Virginia, and Pennsylvania each recognize intentional infliction of emotional distress and require similar elements to be met to establish a finding of liability in tort.

| | Solatium (IIED) | | | |
|---|---|---|---|---|
| New York requires[23]: | (1) extreme and outrageous conduct | (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress | (3) a causal connection between the conduct and injury | (4) severe emotional distress. |
| Virginia, by clear and convincing evidence, requires[24]: | (1) the wrongdoer's conduct is intentional or reckless | (2) the conduct is outrageous and intolerable | (3) the alleged wrongful conduct and emotional distress are causally connected | (4) the distress is severe. |
| Pennsylvania, tracking the Restatement (Second) of Torts, which requires[25]: | (1) the conduct must be extreme and outrageous; | (2) it must be intentional or reckless; | (3) it must cause emotional distress; | (4) that distress must be severe. |

---

[23] *Petkewicz v. Dutchess Cty. Dep't of Cmty. & Fam. Servs*., 137 A.D.3d 990 (2016).

[24] *Russo v. White*, 241 Va. 23 (1991) (citing *Womack v. Eldridge*, 215 Va. 338, 342 (1974)).

[25] *Hoy v. Angelone*, 456 Pa. Super. 596, 691 A.2d 476, *as modified*, 456 Pa. Super. 615, 691 A.2d 485 (1997), and *aff'd*, 554 Pa. 134, 720 A.2d 745 (1998), and *aff'd*, 554 Pa. 134, 720 A.2d 745 (1998).

Acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress. *Stethem v. Islamic Republic of Iran*, 201 F.Supp. 2d 78, 89 (D.D.C. 2002). Plaintiffs have clearly met the requisite elements of intentional infliction of emotional distress ("IIED") under each state's common law. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD), 2011 WL 13244047 (S.D.N.Y. Dec. 22, 2011) (conclusions of law ¶¶ 18-35) (ECF No. 2515). This Court has previously found that "[t]he 9/11 terrorist attacks are contrary to the guarantees 'recognized as indispensable by civilized peoples.'" ECF No. 2515 at 50. Further, this Court also found that "plaintiffs have established that the 9/11 attacks were caused by Defendants' [including Iran's] provision of material support to al Qaeda," *id.* at 52, and met the solatium requirements under 1605A(c). *Id.* at 53. Specifically, this Court found Iran liable for providing wide-ranging material support for al Qaeda in connection with the 9/11 Attacks. Under the above-referenced black letter law, this conduct clearly is "outrageous" and "extreme," clearly disregarded "a substantial probability of causing, severe emotional distress" and caused resulting emotional distress. While this Court previously found Iran liable under Section 1605A and therefore "an analysis of liability under state law [wa]s unnecessary", *id.* at n.9, this Court then cited *Owens v. Republic of Sudan*, 826 F.Supp.2d 128 (D.D.C. 2011), a case which found Sudan liable under state common law for similar facilitating conduct. In a subsequent decision less than a year later, this Court then entered judgments against non-sovereign defendants under state common law traditional tort principles, for similar facilitating conduct Iran was found to have committed. *See* ECF No. 2618 at 14. The Court should similarly extend its prior 1605A judgments against Iran based on identical state common law considerations.

Moving Plaintiffs here have valid solatium claims vis-à-vis their common law IIED claims. Regarding solatium claims, "courts in this Circuit have found IIED and solatium claims to be 'indistinguishable.'" *Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15 (D.D.C. 2020). In fact, solatium claims and IIED are so "closely connected" plaintiffs cannot recover under both theories simultaneously, presumably because that would be duplicative. *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In recent FSIA cases, IIED and solatium have been concurrently analyzed as IIED is "recognized as giving rise to liability under the FSIA." *Est. of Hirshfeld v. Islamic Republic of Iran*, 330 F. Supp. 3d 107, 140 (D.D.C. 2018). Further, the "standard for an IIED claim in a 1605A(c) case draws heavily upon principles set forth in the Restatement (Second) of Torts." *Id.* In other words, the solatium provision of 1605A precisely mirrors IIED. Courts have even gone so far as to rely on "the discussion of common law intentional infliction of emotional distress…to determine which classes of family members may recover solatium damages in an FSIA terrorism case." *Hoglan v. Rafsanjani*, 759 F. App'x 99, 105 (2d Cir. 2019). Because Moving Plaintiffs' IIED claims are indistinguishable from solatium claims as provided under 1605A, recovery for Moving Plaintiffs listed in Exhibits A and B here should also be identical to the solatium damages framework, set forth below, that has been entered numerous times in this case. *See* ECF No. 2618 at 14 (awarding *Havlish* plaintiff spouses, children, parents, and siblings common law tort damages against non-sovereign defendants in same amounts as § 1605A claims against Iran "under traditional tort principles" even though *Havlish* plaintiffs did not maintain Anti-Terrorism Act claims against these defendants and Section 1605A claims were inapplicable as to these non-sovereign defendants).

46

D.      **Iran Is Liable to Moving Plaintiffs for Plaintiffs' Survival Count Under Any Applicable Law.**

Survival actions in New York, Virginia, and Pennsylvania are similarly indistinguishable.

| | Survival Statutes |
|---|---|
| New York[26]: | No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent. |
| Virginia[27]: | Every cause of action whether legal or equitable... shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause of action existed, or the death of both such persons |
| Pennsylvania[28]: | All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants. |

Here, Iran's actions caused the deceased victims identified in Exhibits A and B severe and intense harmful bodily contact, personal injury, and battery prior to their deaths, as described in the *Burnett* complaint that has been incorporated by reference into Moving Plaintiffs' short form complaints against Iran. *See* Complaint, 15-cv-09903, ECF No. 53, dated Feb. 8, 2016, at ¶¶ 5067 – 5070 (incorporated by reference into short form complaints). As a result of Iran's tortious conduct, *see In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD), 2011 WL 13244047 (S.D.N.Y. Dec. 22, 2011) (conclusions of law ¶¶ 18-35) (ECF No. 2515), Moving Plaintiffs in Exhibits A and B are entitled to survival damages for those injured and killed on September 11, 2001.

---

[26] N.Y. Est. Powers & Trusts Law § 11-3.2 (b).

[27] Va. Code Ann. § 8.01-25 (West).

[28] 42 Pa. Stat. and Cons. Stat. Ann. § 8302 (West).

47

IV.    **THE COURT SHOULD ENTER DAMAGES AWARDS AGAINST IRAN AND IN FAVOR OF MOVING PLAINTIFFS IN AMOUNTS PREVIOUSLY AUTHORIZED.**

A.    **Background**

Plaintiffs now respectfully request that this Court grant them a Judgment awarding them (1) solatium (IIED) damages for the plaintiffs on Exhibits A for the losses they suffered as the immediate family members (in this instance, spouses, parents, children, and siblings, or the estate of a spouse, parent, child, or sibling) of their decedents (as indicated in Exhibits A to the Goldman Declaration) in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs; (2) compensatory damages for the plaintiffs on Exhibits B for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the terrorist attacks on September 11, 2001; (3) economic damages for the plaintiffs so designated on Exhibits B as set forth in the expert reports attached as Exhibit D to the Goldman Declaration; (4) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (5) permission for plaintiffs identified in Exhibits A or B to seek punitive damages, economic damages, or other damages at a later date; and (6) for all other Plaintiffs not appearing on Exhibits A or B, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Plaintiffs identified in Exhibits A are immediate family members of those killed on 9/11, as demonstrated by documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents, or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which

48

reflects that the claimant did not predecease the 9/11 victim.[29]  *See* Goldman Declaration at ¶¶ 4-14, 18-19.

Plaintiffs identified in Exhibits B are comprised of the estates of victims who perished on 9/11, in claims asserted by their personal representatives, as demonstrated by documentary evidence in the form of official documents from probate and administration proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies.  *See* Goldman Declaration at ¶¶ 4-14, 20-28.

With respect to each estate plaintiff (in both Exhibits A and Exhibits B), the personal representative has provided the undersigned counsel with proof that he or she has been appointed by the court as the personal representative of the deceased relative and/or 9/11 decedent estate. This Court should adopt and apply the damages procedure for non-U.S. National Plaintiffs' § 1605B claims that has been applied numerous times in this case to actions maintained under § 1605A. Equity dictates that non-U.S. National Plaintiffs be entitled to the same damages regime as had been applied to § 1605A claims throughout this case. *See* ECF No. 2618 at 14 (awarding *Havlish* plaintiffs common law damages against non-sovereign defendants in same amounts as § 1605A claims against Iran "under traditional tort principles" even though *Havlish* plaintiffs did not maintain Anti-Terrorism Act claims against these defendants and Section 1605A claims were inapplicable as to these defendants).

In an October 12, 2016 Report and Recommendation issued by Magistrate Judge Netburn (and adopted by Judge Daniels), while addressing the appropriate rate of prejudgment interest, the Court provided a discussion of "common law wrongful death actions" in New York and

---

[29] Such evidence is consistent with that contemplated in the Court's July 10, 2018 Order, ECF No. 4045.

docs-100497626.10

stating that only pecuniary damages—like those sought for the estates of 9/11-decedent estates in

this case under both the Anti-Terrorism Act, 18 U.S.C. § 2333(a), and FSIA—are to be awarded

in a wrongful-death action in New York which "does not permit recovery for, inter alia, the grief

of survivors, the loss of their decedent's love, companionship and society, or loss of

consortium." ECF No. 3358 at 18. But in the same Report and Recommendation, this Court held,

"[b]ecause of the extreme and outrageous conduct inherent in acts of terrorism, courts have held

that solatium claims in FSIA terrorism cases are 'indistinguishable' from claims of intentional

infliction of emotional distress." ECF No. 3358 at 8 (citing *Surette v. Islamic Rep. of Iran*, 231 F.

Supp. 2d 260, 267 n.5 (D.D.C. 2002) (quoting *Wagner v. Islamic Rep. of Iran*, 172 F. Supp. 2d

128, 135 n.11 (D.D.C. 2001)). Specific to the terrorist attacks on September 11, 2001, the Court

continued:

> Terrorist attacks, by their very nature, are meant to inflict severe
> emotional distress upon society as a whole, but the loved ones of
> their victims bear a burden which is unquestionably heavier. As the
> September 11 attacks have left deep scars in the consciousness of
> this city and this nation, family members of the decedents are left
> with constant and stark reminders of their tragic losses.

*Id.* This Court has held that "the common law of intentional infliction of emotional distress

governs questions of who is entitled to recover damages…. This is necessarily so because of the

'interest in promoting uniformity of determinations with respect to [state sponsored terrorist

acts]' and the fact that generally accepted legal standards of the states provide the only steady

foundation for the rules of decision." ECF No. 3363 at 2 (emphasis added) (quoting *Estate of

Heiser v. Islamic Rep. of Iran*, 659 F. Supp. 2d 20, 24-25 (D.D.C. 2009)). In fact, the courts

addressing solatium damages have relied on the Restatement (Second) of Torts § 46 (1965),

which is the precise source of the law in each of New York, Virginia, and Pennsylvania. *Id.* at 3.

50

While physical proximity to the incident giving rise to the emotional distress is typically a required element of international infliction of emotional distress claims, "courts have uniformly held that a terrorist attack—by its nature—is directed not *only at the victims but also at the victims' families." Id. (*quoting *Salazar v. Islamic Rep. of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)); *Jenco v. Islamic Rep. of Iran*, 154 F. Supp. 2d 27, 35 (D.D.C. 2001). Acts of terrorism are, by their very definition, extreme and outrageous and intended to cause the highest degree of emotional distress. *Stethem v. Islamic Rep. of Iran*, 201 F. Supp. 2d 78, 89 (D.D.C. 2002). This Court has previously found that "[t]he 9/11 terrorist attacks are contrary to the guarantees 'recognized as indispensable by civilized peoples.'" ECF No. 2515 at 50. As these Plaintiffs' intentional infliction of emotional distress claims mirror those of the solatium claims actionable under 1605A for U.S. National plaintiffs in claims arising from the same nexus of events, the Plaintiffs' recovery here under the common law should be identical to the solatium damages framework established by this Court against Iran and applied to the claims under the 1605A. In the FSIA context, this Court has emphasized the "interest in promoting uniformity of determinations with respect to [state sponsored terrorist acts]", but the Court's citation to *Estate of Heiser* goes on to explain that this uniformity is achieved through "well-established standards of state common law." *See* ECF No. 3363 at 2 (quoting *Estate of Heiser*, 659 F. Supp. 2d 20, 24-25 (D.D.C. 2009)). Such uniformity in outcome between plaintiffs who sustained injury arising from the same terrorist attacks should be simple given the application of "well-established standards of state common law" which is the undergirding of the claims of Moving Plaintiffs who lack standing to assert claims under the 1605A.

Accordingly, while JASTA confers jurisdiction, the appropriate damages framework for Moving Plaintiffs' common law claims should be the same framework that has been applied to claims maintained under § 1605A, as set forth below.

### B.   Solatium Damages

As set forth above, the FSIA specifically provides for an award of solatium damages. Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009).  In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress. *See*, e.g., *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress" (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001))).

When previously awarding solatium damages in other cases related to the 9/11 attacks, such as those noted above, this Court looked at the framework established by District Court Judge Royce C. Lamberth in *Heiser*, 466 F. Supp. 2d at 229, where the court awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.*  This formula,

52

however, may be adjusted upward or downward when circumstances warrant.  *See*, e.g., *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 attacks, Magistrate Judge Maas concluded that an upward departure from Judge Lamberth's framework in *Heiser* was appropriate because the decedents' immediate family members suffered, and continue to suffer "profound agony and grief" and "[w]orse yet, …are faced with frequent reminders of the events of that day."  ECF No. 2618 at 10-12.  Judge Maas noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families . . ."  *Id.* at 11.  In that Report and Recommendation, with which this Court later agreed, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the 9/11 attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Id.* at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, ECF No. 3300, in the September 12, 2016 Order pertaining to plaintiffs in

53

*Bauer*, ECF No. 3341, in the October 14, 2016 Report and Recommendation, ECF No. 3363, and in the October 31, 2016 Order in *Hoglan*, ECF No. 3384.  These amounts were, again, adopted by this Court in its April 24, 2018 Order relating to the claims of additional *Ashton* plaintiffs, ECF No. 3977 at 6–7.  The same amounts were recently adopted in the Court's June 8, 2018 (Corrected) Order of Partial Final Default Judgment in the matter known as "*Burnett/Iran II*,"[30] No. 15-cv-09903, ECF No. 101.

The solatium losses suffered by the Exhibits A Plaintiffs before the Court in this application are legally and factually comparable to those suffered by the plaintiffs in *Havlish*, *Ashton*, *Bauer*, *Hoglan*, *O'Neill*, and *Burnett*.  As such, Plaintiffs identified in Exhibits A respectfully request that the Court grant awards of solatium to the immediate family members identified in Exhibits A in the same amounts indicated herein, consistent with this Court's application of those values established and applied in *Havlish*, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, *Hoglan, O'Neill*, and *Burnett* cases.

### C.    Pain and Suffering Damages for Estates

As noted above, the plaintiffs identified in Exhibits B include the personal representatives of the estates of individuals who were killed in the 9/11 Attacks.[31] This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. ECF No. 2618 at 7-9.

---

[30] The same values were applied to the claims of other plaintiffs in the earlier *Burnett* case in this Court's order of July 31, 2017. ECF No. 3666.

[31] Some estates in Exhibits B only seek pain and suffering damages and other estates seek both pain and suffering damages and economic damages.

54

For the reasons articulated by this Court previously, the above stated estates as set forth in Exhibits B respectfully request that the Court grant awards for the decedent's pain and suffering in the amount of Two Million Dollars ($2,000,000) per estate. *See Id.* at 9; ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate).  *See* Goldman Declaration at ¶ 20.

### D.    Economic Damages for Estates

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c).  The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998).  Accordingly, "the beneficiaries of each decedent's estate [are]…entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore*, 700 F. Supp. 2d at 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d at 229.  Thus, for example, United States District Court Judge Royce C. Lamberth, in a series of decisions issuing final judgments Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[32]

---

[32] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Valore*, 700 F.Supp. 2d at 82.

Previously, this Court awarded economic damages in prior Iran cases for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports.

Certain of the Estates set forth in Exhibits B and as specifically identified and set forth therein,[33] and which provided economic expert reports, transmitted to the Court in the Goldman Declaration, seek economic damages, similar to the plaintiffs in the prior Iran cases in this Court under the standards set in the District of Columbia cases cited herein.  Goldman Declaration at ¶¶ 21-28.

As described at length in the Goldman Declaration, in these cases, plaintiffs retained the services of an expert, John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University ("Expert"), to evaluate the economic losses resulting from decedent's death as a result of the 9/11 attacks.  Goldman Declaration at ¶¶ 21-28.

As described in more detail in the Goldman Declaration, and the Expert's Declaration (which is Exhibit D to the Goldman Declaration), we obtained, generally through a Freedom of Information Act ("FOIA") request, entire September 11th Victim Compensation Fund ("VCF") files for a substantial number of the *O'Neill* plaintiffs.[34]  Those files, along with other materials provided by the clients, contained various economic expert reports, VCF applications, VCF work papers and distribution plans, VCF determinations, underlying economic documents, and the like.  Using methodology and assumptions described in his declaration, relying on earlier expert

[33] To the extent other estates are referenced in Exhibits A, these are estates of family members of 9/11 decedents who themselves have passed away in the years following the September 11th attacks, as opposed to the estates of the 9/11 decedents who are listed in Exhibits B.

[34] We are still awaiting receipt of additional files which has adversely become impacted by both "normal" delays in receiving responses to FOIA requests and COVID.

56

reports, determinations by the VCF, and other documents, the Expert prepared up-to-date economic loss expert reports, copies of which are deemed appended to the Expert's Declaration (Exhibit D) and being filed on ECF with access restricted to the Court pursuant to the Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports ("Expert Reports") in support of default judgments.

Based on the foregoing, the Moving Plaintiffs respectfully ask that this Court award economic damages to the estates set forth in Exhibits B in the amounts stated therein, as supported by the Expert Reports.

### E.  Punitive Damages

Moving Plaintiffs are also entitled to punitive damages under the FSIA. 28 U.S.C. § 1605A(c)(4).  In the *Havlish* Report and Recommendation on damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory).  ECF No. 2623 at 2.  The Court has applied that ratio to awards for plaintiffs in other related cases.  *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibits A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for

57

punitive damages be denied without prejudice.  ECF No. 3363 at 28.  Judge Daniels adopted

Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs'

request for punitive damages.  ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive

damage issues until a later stage of the litigation, Plaintiffs herein request permission to address

the issue of punitive damages at a later date.  *See*, e.g., ECF No. 3666 (Judge Daniels' Order in

*Burnett* authorizing plaintiffs to make an application for punitive damages at a later date

consistent with any future rulings of the Court).

### F.     Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is

warranted when plaintiffs are delayed in recovering compensation for non-economic injuries

caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F.

Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* plaintiffs prejudgment interest

at a rate of 4.96% on their pain and suffering damages awards, to be calculated from

September 11, 2001, until the date of judgment. ECF No. 2618 at 13-14.  This Court, recognizing

that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate

judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting

the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed,

that prejudgment simple interest at the New York State statutory rate of nine percent per annum

was appropriate in cases where the injuries arose in New York and the prejudgment interest used

in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those

cases where the injuries arose in other states.  *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343 (2d Cir. 2015).  In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest.  *Id.*  Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the 9/11 Attacks.  *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims.  ECF No. 3363 at 28-29.  Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims.  ECF No. 3384 at 6.  Thereafter, in *Burnett/Iran II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to prejudgment interest, the Moving Plaintiffs respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

59

## V.      CONCLUSION

For all of the reasons herein, in the Goldman Declaration, and in the papers previously submitted to this Court in support of damages against Iran in this MDL, Moving Plaintiffs respectfully request that this Honorable Court enter an Order:

1)  determining that service of process in the above-captioned matters was properly effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants;[35] AND,

2)  finding that the Court has subject-matter jurisdiction over the common law claims of the Moving Plaintiffs pursuant to 28 U.S.C. § 1605B; AND,

3)  determining that this Court has subject-matter jurisdiction over Iran under the common law for actions arising out of wrongful death, assault, battery, and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks; AND

4)  entering judgments as to liability for the Moving Plaintiffs for their common law claims; AND,

5)  finding Iran jointly and severally liable with the Taliban and awarding the Moving Plaintiffs damages judgments against Iran in the same amounts previously awarded

---

[35] This only applies for the plaintiffs in the above-referenced 2018 matters.

60

docs-100497626.10

by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

6)   awarding intentional infliction of emotional distress (solatium) damages to those Plaintiffs identified in Exhibits A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibits A; AND,

7)   awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified by the Plaintiffs set forth in Exhibits B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibits B; AND,

8)   awarding compensatory damages to those Plaintiffs identified in Exhibits B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibits B; AND,

9)   awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in Exhibits B, an award of economic damages in the amounts as set forth in Exhibits B; AND,

10)  awarding Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; AND,

61

11) granting the Moving Plaintiffs permission to seek punitive damages, economic

damages, and other appropriate damages, at a later date; AND,

12) granting permission for all other Plaintiffs in these actions not appearing in Exhibits

A and Exhibits B to submit applications for damages awards in later stages, to the

extent such awards have not previously been addressed.

13) granting to the Moving Plaintiffs such other and further relief as this honorable court

deems just and proper.

Dated:   New York, New York            Respectfully submitted,
         October 13, 2022

                                       /s/ Jerry S. Goldman
                                       _____
                                       ANDERSON KILL P.C.
                                       Jerry S. Goldman, Esq.
                                       Bruce E. Strong, Esq.
                                       Alexander Greene, Esq.
                                       1251 Avenue of the Americas
                                       New York, NY 10020
                                       Tel:  (212) 279-1000
                                       Fax: (212) 278-1733
                                       Email:  jgoldman@andersonkill.com
                                               bstrong@andersonkill.com
                                               agreene@andersonkill.com
                                       *Attorneys for Plaintiffs*

62

docs-100497626.10