IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:  TERRORIST ATTACKS ON | : | |
| SEPTEMBER 11, 2001 | : | 03-MDL-1570 (GBD)(SN) |
| _____ | | |

This Document Relates To:
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-6977 (GBD)(SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD)(SN)
*Ryan, et al. v. Islamic Republic of Iran, et al*., Case No. 1:20-cv-00266 (GBD)(SN)

## DECLARATION OF TIMOTHY B. FLEMING IN SUPPORT OF MOTION FOR FINAL DEFAULT JUDGMENT ON BEHALF OF THE RYAN AND MAHER PLAINTIFFS AGAINST THE TALIBAN

I, TIMOTHY B. FLEMING, Esq., hereby state under penalty of perjury that:

1. I am an attorney based in Washington, D.C.  I am of counsel to the law firm Wiggins Childs Pantazis Fisher Goldfarb, PLLC.

2. Together with Dennis Pantazis, who is a member of Wiggins Childs Pantazis Fisher Goldfarb, LLC, based in Birmingham, Alabama (the firm is a PLLC in Washington, and a LLC in Alabama), and others, we represent Plaintiffs Patricia Ryan as Personal Representative of the Estate of John J. Ryan, Deceased, Katherine Maher as Personal Representative of the Estate of Daniel L. Maher, Deceased, Patricia Ryan (individually in her own right), Kristen Ryan, Colin Ryan, and Laura Ryan, who were, on September 11, 2001, minor children of John J. Ryan, Deceased, and Patricia Ryan, and are now adults, and Katherine Maher (individually in her own right) ("collectively, the "Ryan and Maher Plaintiffs").

3. The Ryan and Maher Plaintiffs are plaintiffs in *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD)(SN), a member case of *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-6977 (GBD)(SN), which is part of the above-captioned multi-district litigation.

4.  I submit this Declaration pursuant to 28 U.S.C. § 1746 in support of the Ryan and Maher Plaintiffs' Motion For Final Default Judgment against Defendant the Taliban, in the actions styled *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236), a member case in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-6977 (GBD)(SN), which are cases in this above-captioned MDL proceedings, *In Re: Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN).  The Ryan and Maher Plaintiffs do not seek any ruling against Mullah Mohammad Omar.

5.  The form of this motion and declaration and the relief requested are intended to comply with the prior orders of this Court.  MDL ECF Nos. 7870 and 8198 (directing plaintiffs filing default motions to include certain information), and MDL ECF Nos. 3433 and 3435 (requiring sworn declaration regarding due diligence safeguards and verification regarding any prior relief).

6.  The sources of information and the bases for belief in the statements contained herein are the representation of the Ryan and Maher Plaintiffs listed in **Exhibits A** and **B** hereto by the law firm Wiggins Childs Pantazis Fisher Goldfarb in connection with the September 11th terrorist attacks, the firm's files, documents and information received from the Ryan and Maher Plaintiffs, and sworn Declarations or Affidavits filed by the Ryan and Maher Plaintiffs' former counsel, Dorothea M. Capone of Baumeister and Samuels, PC, and Andrew J. Maloney, III, of Kreindler & Kreindler LLP, and other court records relating to this multi-district litigation to which the Ryan and Maher Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

.

7. The original *Bauer* Complaint names the Taliban as a Defendant. *Bauer* Complaint, *Bauer* ECF Doc. No. 1, in the caption at page 22, and in the body at ¶¶ 65-67, at pages 43 of 126, and at various parts thereafter

8. The Ryan and Maher Plaintiffs were formerly represented by the law firm of Baumeister & Samuels, P.C., and were named in a complaint captioned *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD)(SN), filed on September 10, 2002. *Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD)(SN), ECF Doc. No. 1.

9. In the original *Bauer* Complaint, the Ryan and Maher Plaintiffs were listed on the caption as follows:

> KATHERINE MAHER, Individually and as
> Executrix of the Estate of DANIEL L. MAHER,
> deceased, and on behalf of all survivors of
> DANIEL L. MAHER
> . . . .
> PATRICIA RYAN, Individually and as Executrix
> of the Estate of JOHN J. RYAN, deceased, and on
> behalf of all survivors of JOHN J. RYAN,
> . . . .

*Bauer* ECF Doc. No. 1, pages 6 and 9 of 126, respectively.

10. The original *Bauer* Complaint names the Taliban as a Defendant. *Bauer* Complaint, *Bauer* ECF Doc. No. 1, in the caption at page 22, and in the body at ¶¶ 65-67, at pages 43 of 126, and at various parts thereafter.

11. *Bauer* was subsequently consolidated with *Ashton, et al. v. al Qaeda Islamic Army*, 1:02-cv-6977 (GBD)(SN), within this MDL (hereinafter referred to as "*Bauer/Ashton*"), of which Kreindler & Kreindler, LLP, serves as lead counsel.

12. On March 8, 2016, the Court entered an Amended Order of Judgment, entering non-economic compensatory damages awards for conscious pain and suffering for each 844

3

wrongful death estates of the 9/11 Decedents in *Ashton* each in the amount of $2,000,000. MDL ECF Doc. No. 3226; see also MDL ECF Doc. No. 3229, adopting findings and recommendation, and amending ECF Doc. No. 3021.

13. On October 21, 2016, the Ryan and Maher Plaintiffs' former counsel Baumeister & Samuels, PC, filed a Declaration of Dorothea M. Capone, in Support of a Motion for Final Judgments. *Bauer*, 02-cv-07236, ECF Doc. Nos. 19, and 19-1; MDL ECF Doc. No. 3371. The October 21, 2016, Capone Declaration and its supporting Exhibits were the basis for seeking entry of final judgment on behalf of some of the *Bauer* Plaintiffs, including the Ryan and Maher family member Plaintiffs, against the Islamic Republic of Iran. The Ryan Plaintiffs are listed on Exhibit 1 thereto, *Bauer*, 02-cv-07236, ECF Doc. No. 19-1, at page 15 of 19; MDL ECF Doc. No. 3371. The Maher Plaintiffs are listed on Exhibit 1 at page 13 of 19.

14. This Court entered final judgments for compensatory damages for solatium against the Islamic Republic of Iran in favor of each of the Ryan and Maher family member Plaintiffs in *Bauer* on October 31, 2016. *Bauer* ECF Doc. No. 20; MDL ECF Doc. No. 3387. These amounts were consistent with the paradigm for damages held applicable in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848, and the Order provided for a future opportunity for an application for economic damages on behalf of the Estates plaintiffs, also to be "approved on the same basis as previously awarded" in *Havlish*. *Id*.

15. Dennis G. Pantazis and the law firm Wiggins Childs Pantazis Fisher Goldfarb, LLC, were retained in 2019 to represent the Ryan and Maher Plaintiffs in further proceedings. On September 20, 2019, the Ryan and Maher Plaintiffs moved to substitute attorney Dennis G. Pantazis in place of Baumeister & Samuels, P.C. MDL ECF Doc. No. 5164, 5165. The Court

granted substitution on November 26, 2019. *Bauer* ECF Doc. No. 53; MDL ECF Doc. No. 5312.

16. Following a motion for leave to file a new complaint, MDL ECF Doc. No. 5444, on January 9, 2020, this Court ordered that the *Ryan* Complaint against the Islamic Republic of Iran be filed in a new case and placed within the MDL. MDL ECF Doc. No. 5480. The *Ryan* Complaint was filed on January 10, 2020. *Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-cv-00266, *Ryan* ECF Doc. No. 1.

17. The Ryan and Maher Plaintiffs' judgments against Iran were transferred to *Ryan, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:20-cv-00266 (GBD)(SN).

18. On February 11, 2020, Plaintiff Patricia Ryan, as Personal Representative of the Estate of John J. Ryan, Deceased, and for Plaintiff Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased, filed a Motion For Entry of Partial Final Default Judgments against Iran, supported by a Declaration of Dennis G. Pantazis and expert reports of Stan V. Smith regarding economic damages, in *Ryan*, at MDL ECF Doc. Nos. 5908, 5911, and 5913. Damages findings based upon this evidence were entered by the Court for each of the Estates on February 21, 2020. *Ryan* ECF Doc. No. 10; MDL ECF Doc. No. 5999.

19. On December 31, 2021, the *Bauer* Plaintiffs other than the Ryan and Maher families, represented by Baumeister & Samuels, filed a motion for entry of default judgment against Defendants the Taliban and Muhammad Omar, along with a proposed form of judgment, in amounts corresponding to their judgments previously entered against Iran. *Bauer* ECF Doc. Nos. 132, 134; MDL ECF Doc. Nos. 7516, 7518. The *Bauer* Plaintiffs supported their default judgment motion with a Declaration of Dorothea M. Capone, one of the attorneys for those plaintiffs. *Bauer* ECF Doc. No. 133, MDL ECF Doc. No. 7517.

20. On behalf of the Ryan and Maher Plaintiffs, the undersigned also filed a Motion For Partial Final Default Judgment against the Taliban and Muhammad Omar on February 1, 2022. *Bauer* ECF Doc. No. 135; MDL ECF Doc. No. 7643.

21. On April 11, 2022, this Court entered an Order setting forth certain requirements for the filing of motions for default judgment against the Taliban. MDL ECF Doc. No. 7870.

22. On July 11, 2022, the Court entered another Order rejecting the *Bauer* motion, the Ryan and Maher Plaintiffs' motion, and all other parties' pending motions for default judgment against the Taliban, and, where applicable, Muhammad Omar, and setting forth certain requirements for the refiling of such motions. MDL ECF Doc. No. 8198.

23. On July 29, 2022, the other *Bauer* Plaintiffs filed a new motion for default judgment against the Taliban and Muhammad Omar, together with an Affidavit of Dorothea M. Capone, with exhibits thereto, and a proposed final judgment. *Bauer* ECF Doc. No. 167 through 169; MDL ECF Doc. Nos. 8298 through 8300.

24. Upon information and belief, the Ryan and Maher Plaintiffs now rely upon the Capone Declaration and exhibits, and *Bauer* ECF Doc. Nos. 167 through 169; MDL ECF Doc. Nos. 8298 through 8300. The Ryan and Maher Plaintiffs were represented by Baumeister and Samuels, P.C., at the time the pertinent events and actions took place that are the subjects of the Capone Declarations pertaining to the original filing of the *Bauer* complaint, the consolidation with *Ashton*, service of process by publication, and the 2006 motion for default judgment against the Taliban. Those facts, actions taken by Plaintiffs' prior counsel, Baumeister & Samuels, P.C., and documents referenced in the above-cited Capone Declarations and the exhibits filed therewith on December 31, 2021, and July 29, 2022, *Bauer* ECF Doc. No. 133, MDL ECF Doc. No. 7517; *Bauer* ECF Doc. No. 168; MDL ECF Doc. No. 8299, in support of motions for default

6

judgments in favor of the other *Bauer* plaintiffs, apply to the Ryan and Maher Plaintiffs in the same manner as they do to the other *Bauer* Plaintiffs.

25. Upon information and belief, the Ryan and Maher Plaintiffs also rely upon two affidavits filed in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-6977 (GBD)(SN): first, an affidavit by *Ashton* counsel, Andrew J. Maloney, III, dated April 13, 2006 and filed April 27, 2006, with all its exhibits, MDL ECF Doc. Nos. 1782 through 1782-9, and second, an affidavit by *Ashton* counsel, Andrew J. Maloney, III, and all its exhibits, filed on July 27, 2022, MDL ECF Doc. No. 8275. The Ryan and Maher Plaintiffs were, and are, part of the *Bauer/Ashton* case at the time the pertinent events and actions took place that are the subjects of the two above-referenced Maloney Affidavits. Those Affidavits detailed the filing of the *Ashton* complaints, the plaintiffs and defendants therein, service of process by publication upon, *inter alia*, the Taliban of, *inter alia*, the *Ashton* Third Amended Master Consolidated Complaint. The facts, actions, and documents referenced in the July 27, 2022 Maloney Affidavit apply to the Ryan and Maher Plaintiffs in the same manner as they did to the other *Bauer/Ashton* Plaintiffs.

26. The July 27, 2022, Maloney Affidavit, MDL ECF Doc. No. 8275, also addressed the April 27, 2006 motion for default judgment on liability (for which the April 13, 2006 Maloney Affidavit was submitted) and its relevance to the Taliban, and the Court's grant of that motion on May 12, 2006. The facts, actions, and documents referenced in the July 27, 2022 Maloney Affidavit apply to the Ryan and Maher Plaintiffs in the same manner as they do to the other *Bauer/Ashton* Plaintiffs.

27. Upon information and belief, for the purpose of this Motion For Final Default Judgment Against the Taliban, the Ryan and Maher Plaintiffs rely upon the above-referenced Capone Declarations and Maloney Affidavits, and their exhibits, and the economic damages

7

findings previously made (see ¶ 18, *supra*), for the Estate of John J. Ryan and the Estate of Daniel L. Maher in *Ryan*.

28.     Plaintiff Patricia Ryan is the widow of John J. Ryan, Deceased, a September 11, 2001, terrorist attacks decedent, and she was his spouse on September 11, 2001.  She is a citizen of the United States, and I have in my possession a copy of her birth certificate that confirms her U.S. citizenship by birthright.  Patricia Ryan has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

29.     Plaintiff Patricia Ryan is also the Personal Representative of the Estate of John J. Ryan.  John J. Ryan was a citizen of the United States, and I have in my possession a copy of John J. Ryan's birth certificate that confirms his U.S. citizenship by birthright.  Patricia Ryan has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

30.     Plaintiff Patricia Ryan has also provided to me a copy of a Marriage Certificate confirming that she and the 9/11 Decedent John J. Ryan were married on December 5, 1981.  Patricia Ryan has confirmed to me that the document she sent to me is a true and correct copy of the original document.

31.     Plaintiff Patricia Ryan has also provided to me a copy of the death certificate for John J. Ryan.  The death certificate states that John J. Ryan perished on September 11, 2001, at the World Trade Center.  Patricia Ryan has confirmed to me that the document she sent to me is a true and correct copy of the original document.

32.     Plaintiff Patricia Ryan has also provided to me copies of Letters Testamentary and an Executor's Short Certificate, both issued on November 30, 2001 by the Surrogate's Court of Mercer County, New Jersey.  The Letters Testamentary state that Patricia Ryan has been

appointed the administrator over the Estate of John J. Ryan, and the Executor's Short Certificate confirms that such letters have not been revoked and remain in effect. Patricia Ryan has confirmed to me that the documents she sent to me are true and correct copies of the original document.

33. Plaintiff Kristen Ryan is the daughter of John J. Ryan and Patricia Ryan. She was a minor on September 11, 2001. She is a citizen of the United States, and I have in my possession a copy of her birth certificate that confirms her U.S. citizenship by birthright. It also confirms that she was a minor on September 11, 2001. Her mother, Patricia Ryan, has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

34. Plaintiff Laura Ryan is the daughter of John J. Ryan and Patricia Ryan. She was a minor on September 11, 2001. She is a citizen of the United States, and I have in my possession a copy of her birth certificate that confirms her U.S. citizenship by birthright. It also confirms that she was a minor on September 11, 2001. Patricia Ryan has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

35. Plaintiff Colin Ryan is the son of John J. Ryan and Patricia Ryan. He was a minor on September 11, 2001. He is a citizen of the United States, and I have in my possession a copy of his birth certificate that confirms his U.S. citizenship by birthright. It also confirms that he was a minor on September 11, 2001. Patricia Ryan has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

36. Plaintiff Katherine Maher is the widow of Daniel L. Maher, a September 11, 2001, terrorist attacks decedent, and she was his spouse on September 11, 2001. She is a citizen of the United States, and I have in my possession a copy of her birth certificate that confirms her U.S. citizenship by birthright. Katherine Maher has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

37. Plaintiff Katherine Maher is also the Personal Representative of the Estate of Daniel L. Maher. Daniel L. Maher was a citizen of the United States, and I have in my possession a copy of Daniel L. Maher's birth certificate that confirms his U.S. citizenship by birthright. Katherine Maher has confirmed to me that the document she sent to me demonstrating such U.S. citizenship is a true and correct copy of the original document.

38. Plaintiff Katherine Maher has also provided to me a copy of a Marriage Certificate confirming that she and the 9/11 Decedent Daniel L. Maher were married on October 19, 1975. Katherine Maher has confirmed to me that the document she sent to me is a true and correct copy of the original document.

39. Plaintiff Katherine Maher has provided to me a copy of the death certificate for Daniel L. Maher. The death certificate states that Daniel L. Maher perished on September 11, 2001, at the World Trade Center. Katherine Maher has confirmed to me that the document she sent to me is a true and correct copy of the original document.

40. Plaintiff Katherine Maher has provided to me a copy of an Executor Short Certificate, issued on October 15, 2001. by the Surrogate's Court of Mercer County, New Jersey. The Executor Short Certificate states that Katherine Maher was appointed the administrator over the Estate of Daniel L. Maher, was issued Letters Testamentary, and confirms that such Letters

Testamentary have not been revoked and remain in effect.  Katherine Maher has confirmed to me that the document she sent to me are true and correct copies of the original document.

41. None of the above-referenced documents are filed herewith, for reasons of security, but should the Court wish to review any of them, they may be made available *in camera* or, alternatively, filed under seal, as the Court may direct.

42. Patricia Ryan is the surviving widow of John J. Ryan.  Laura Ryan, Colin Ryan, and Kristen Ryan are surviving children of John J. Ryan, Deceased.  Kristen Ryan, Colin Ryan, and Laura Ryan were all minors when the *Bauer* and *Ashton* cases were filed.  They were all included in the original September 10, 2002, *Bauer* Complaint caption as:

> PATRICIA RYAN, Individually and as Executrix
> of the Estate of JOHN J. RYAN, deceased, and on behalf of all
> survivors of JOHN J. RYAN,

*Bauer*, ECF Doc. No. 1, p. 9.

43. The Ryan minor children were described in the body of the original *Bauer* Complaint as follows:

> Plaintiff, PATRICIA RYAN, is the wife of the decedent JOHN J. RYAN, and has been appointed the Administratrix, Executrix, and/or Personal Representative of her husband's estate.  Plaintiff brings this action on behalf of herself individually, as well as in a representative capacity on behalf of all potential heirs, survivors, next of kin, and/or beneficiaries of the decedent, JOHN J. RYAN, and on behalf of any other individual entitled to recover under the applicable law.

*Bauer*, ECF Doc. No. 1, p. 24 (39 of 126), at ¶ 52.

44. Patricia Ryan and the Ryan minor children were thereafter included in the *Ashton* Third and Sixth Amended Consolidated Master Complaints as:

> PATRICIA RYAN, Individually and as Executrix
> of the Estate of JOHN J. RYAN, deceased,

*Ashton* ECF Doc. No. 111-2, at p. 88; ECF Doc. No. 465, at p. 96.

45. Laura Ryan, Colin Ryan, and Kristen Ryan were minor children at the time of the filing of the underlying *Bauer* and *Ashton* complaints and were not specifically named in the underlying original *Bauer* Complaint and *Ashton* Third and Sixth Amended Consolidated Master Complaint, but their claims were represented by their mother, Patricia Ryan. Their claims are encompassed in the original *Bauer* Complaint in the language "on behalf of all survivors of John J. Ryan" and, within the body of the Complaint as "as in a representative capacity on behalf of all potential heirs, survivors, next of kin, and/or beneficiaries of the decedent, JOHN J. RYAN …."

46. In the *Ashton* Third Amended Consolidated Complaint, they were within the ambit of the Estate of John J. Ryan because, first, *Bauer* was consolidated with *Ashton*, and second, because naming the minor Ryan children as set forth above comports with New York state wrongful death law, which grants standing only to the personal representative of a decedent to bring an action exclusively for the benefit of the decedent's distributees. EPTL § 5-4.1; § 5-4.4(a); *Frometa v. Mar-Can Transportation Company, Inc.*, 148 N.Y.S.3d 613 at 624, 72 Misc.3d 316 at 326-27 (2021) (because only the personal representative can bring an action for wrongful death for the exclusive benefit of the distributees, "a spouse or child, in their individual capacity, lack standing to assert such claims on behalf of the decedent" and proposed causes of action based on their individual claims were "duplicative").

47. Katherine Maher was named in the original Bauer Complaint caption as follows:

> KATHERINE MAHER, Individually and as Executrix
> of the Estate of DANIEL L. MAHER, deceased, and on behalf of all
> survivors of DANIEL L. MAHER,

48. Katherine Maher was described in the body of the original *Bauer* Complaint as follows:

12

> Plaintiff, KATHERINE MAHER, is the wife of the decedent DANIEL L. MAHER, and has been appointed the Administratrix of her husband's estate. Plaintiff brings this action on behalf of herself individually, as well as in a representative capacity on behalf of all potential heirs, survivors, next of kin, and/or beneficiaries of the decedent, DANIEL L. MAHER, and on behalf of any other individual entitled to recover under the applicable law.

*Bauer*, ECF Doc. No. 1, p. 17 (32 of 126), at ¶ 23.

49. Katherine Maher was named in the *Ashton* Third Amended Consolidated Master Complaint, filed on September 5, 2003, as follows:

> KATHERINE MAHER, Individually and as
> Executrix of the Estate of DANIEL L. MAHER,
> Deceased

*Ashton* Third Amended Consolidated Master Complaint. *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-06977, ECF Doc. No. 111-2, at p. 85, ECF Doc. No. 465, at p. 94.

50. Naming the Personal Representatives of the Ryan and Maher estates, *i.e.*, the 9/11 Decedents, as set forth above, comports with New York state wrongful death law, which grants standing to the personal representative of a decedent to bring an action exclusively for the benefit of the decedent's distributees. EPTL § 5-4.1; § 5-4.4(a); *Frometa v. Mar-Can Transportation Company, Inc.*, 148 N.Y.S.3d 613 at 624, 72 Misc.3d 316 at 326-27 (2021) (because only the personal representative can bring an action for wrongful death for the exclusive benefit of the distributees, "a spouse or child, in their individual capacity, lack standing to assert such claims on behalf of the decedent" and proposed causes of action based on their individual claims were "duplicative").

51. A Notice of Amendment has been filed for Kristen Ryan, Colin Ryan, and Laura Ryan who were all minors at the time the original suit was filed, but who are all now adults. *Bauer* ECF Doc. No. 187, *Ashton* ECF Doc. No. 1771, MDL ECF Doc. No. 8636.

52.     The Taliban was named as a Defendant in the original *Bauer* Complaint and in the *Ashton* Third Amended Consolidated Master Complaint.  See *Bauer* ECF Doc. No. 1, at, *inter alia*, pp. 22, 43, and 65 of 126, *Ashton* ECF Doc. No. 111, at p. 91, and at various places within the body of the *Ashton* Complaint, *e.g.*, ¶¶ 10-12, at pp. 105-06.

53.     On September 16, 2004, the Court entered an Order permitting service by publication on numerous MDL Defendants, including the Taliban.  *Ashton* ECF Doc. No. 194, MDL ECF Doc. No. 445.  The *Bauer/Ashton* Plaintiffs served the Defendants by publication and provided proof of service to the Court on March 4, 2005, MDL ECF Doc. No. 709, and March 16, 2005, MDL ECF Doc. No. 735.  See April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF No. 1782, at ¶¶ 5, 8 and Exhibit B thereto, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, ¶ 5.

54.     The Taliban was among the Defendants listed in the published notice regarding this litigation.  See April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF No. 1782, at ¶¶ 5, 8, and Exhibit B thereto, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 3, 5 and Exhibit D thereto.

55.     The Taliban never answered or otherwise responded to the Complaints served by publication.  See April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF Doc. No. 1782, at ¶¶ 5, 8 and Exhibit B thereto, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 3, 5 and Exhibit D thereto.

56.     On April 27, 2006, the *Ashton* Plaintiffs moved for a Certificate of Default and a default judgment as to liability, MDL ECF Doc. No. 1782, against numerous Defendants who were served the *Ashton* Third Amended Consolidated Master Complaint by publication, including the Taliban, but who did not answer or otherwise respond to the complaint, including

the Taliban.  See April 27, 2006 Affidavit of Andrew J. Maloney, III, MDL ECF No. 1782, at ¶¶ 5-6, and the July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶¶ 2, 5, 6, 8, and Exhibit D thereto.

57.     The April 27, 2006 *Ashton* Motion for Default Judgment as to liability contained lists and exhibits.  The first, called a "Statement of Damages," was a list of plaintiffs for whom damages were sought, the amount to be determined at a future hearing.  Patricia Ryan and Katherine Maher were listed therein.  MDL ECF Doc. No. 1782-3, at pages 57 and 56 of 58, respectively.

58.     Exhibit "A" to that Motion comprised a list of Plaintiffs seeking default judgments.  Patricia Ryan and Katherine Maher, who are plaintiffs in the case representing themselves individually and, as Personal Representative, the Estates of their husbands, were listed therein.  MDL ECF Doc. No. 1782-4, at pp. 56 and 57 of 57, respectively.

59.     Exhibit "B" listed the Defendants against which default judgment was sought.  The Taliban is listed.  MDL ECF Doc. No. 1782-5, at page 5 of 5; *Ashton* ECF Doc. No. 524-5, at p. 91 of 314.

60.     Exhibit C to the 2006 *Ashton* Motion for Default Judgment was the *Ashton* Third Amended Consolidated Master Complaint itself.  MDL ECF Doc. 1782-6.  Again, the Taliban is listed as a Defendant, at p. 91 of 314.  Patricia Ryan and Katherine Maher are listed on Exhibit A thereof at pages 85 and 87 of 314, respectively, as representing themselves individually and, as Personal Representative, the Estate of the late husbands, and, derivatively thereof, all survivors of their husbands, which included then-minor children Kristen Ryan, Colin Ryan, and Laura Ryan.  See ¶¶ 42-46, *supra*.

61. The Court determined that the Taliban, *inter alia*, are liable to, *inter alia*, the Ryan and Maher Plaintiffs and granted default judgments in the Court's Order dated May 12, 2006. MDL ECF Doc. No. 1797; see July 27, 2022 Affidavit of Andrew J. Maloney, III, MDL ECF No. 8275, at ¶ 5 and footnote 3; see also July 29, 2022 Declaration of Dorothea M. Capone, MDL ECF Doc. No. 8299, ¶ 4 and footnote 5.

62. The Ryan and Maher Plaintiffs submit that compensatory damages should be awarded in the same amounts as the Court entered in their favor against the Islamic Republic of Iran on May 29, 2018, MDL ECF Doc. No. 4110, but trebled as allowed by the ATA. These compensatory damages amounts are consistent with the paradigm for damages held applicable in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848, and with the non-economic and economic damage awards to the two Estate Plaintiffs, in *Bauer/Ashton* on March 8, 2016, and in *Ryan* February 21, 2020. MDL ECF Doc. Nos. 3226 and 5999.

63. The Ryan and Maher Plaintiffs now request from this Court final judgments against the Taliban, trebled under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) ("ATA"), in the amounts set forth on **EXHIBITS A** and **B** hereto, based on the Default Judgment as to liability entered in their favor by this Court on May 12, 2006. Such damages awards are supported by the following prior findings of this Court:

   a. The March 8, 2016, Amended Order of Judgment for non-economic compensatory damages for conscious pain and suffering in favor of all *Ashton* wrongful death plaintiffs, including Plaintiff Patricia Ryan, as Personal Representative of the Estate of John J. Ryan, Deceased, and Plaintiff Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased,

16

each in the amount of $2,000,000, against the Islamic Republic of Iran, MDL ECF Doc. No. 3226;

b.  The February 21, 2020, Order of Further Partial Final Judgment in favor of *Bauer/Ashton* Plaintiff Patricia Ryan, as Personal Representative of the Estate of John J. Ryan, Deceased, against the Islamic Republic of Iran, for economic compensatory damages comprising loss of earnings, which was supported by expert reports and analyses submitted by Dr. Stan V. Smith, in the amount of $21,160,744, to be added to the existing judgment for $2,000,000 for pain and suffering, *Ryan* ECF Doc. No. 10, MDL ECF Doc. No. 5999; re-entered on March 6, 2020, *Ryan* Doc. No. 11, and ordered to be effective as of February 19, 2020, *nunc pro tunc*, *Ryan* Doc. No. 12;

c.  The February 21, 2020, Order of Further Partial Final Judgment in favor of *Bauer/Ashton* Plaintiff Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased, against the Islamic Republic of Iran, for economic compensatory damages comprising loss of earnings, which was supported by expert reports and analyses submitted by Dr. Stan V. Smith, in the amount of $7,662,835, to be added to the existing judgment for $2,000.000 for pain and suffering, *Ryan* ECF Doc. No. 10, MDL ECF Doc. No. 5999; re-entered on March 6, 2020, *Ryan* Doc. No. 11, and ordered to be effective as of February 19, 2020, *nunc pro tunc*, *Ryan* Doc. No. 12; and

d.  The October 31, 2016, Order of Further Partial Judgment in favor of certain *Bauer* Plaintiffs against the Islamic Republic of Iran, among them Patricia Ryan, individually in her own right, Kristen Ryan, Laura Ryan, Colin Ryan, who were

dependent minor children on September 11, 2001 and survivors of John J. Ryan, and Katherine Maher, individually in her own right, for solatium in amounts consistent with the damages awards in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848, *Bauer* ECF Doc. No. 20, MDL ECF Doc. No. 3387, see *Bauer* ECF Doc. No. 19-1, MDL ECF Doc. No. 3371-1.

64. The Ryan and Maher Plaintiffs are not seeking any ruling that such damage amounts are determinative of any potential damages awards against any other defendant in this MDL.  MDL ECF Doc. No. 3387.

65. I have complied with the due diligence safeguards referenced in Section II.D. of the January 23, 2017, letter from the Plaintiffs' Executive Committees (MDL ECF Doc. No. 3433).

66. I affirm that, after review of the matter by myself and attorneys affiliated with me in this action, no other motions seeking the same relief against the Taliban on behalf of the Ryan and Maher Plaintiffs have been granted or are pending.

67. The Ryan and Maher Plaintiffs reserve their rights to file future applications for punitive damages, and for an award of attorneys' fees and costs pursuant to the ATA.

*I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 14, 2022.*

              /s/ Timothy B. Fleming
              Timothy B. Fleming

              *Attorney for Plaintiffs Patricia Ryan, as Personal Representative of the Estate of John J. Ryan, Deceased, Patricia Ryan, individually in her own right, Kristen Ryan, Laura Ryan, Colin Ryan, Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased, and Katherine Maher, individually in her own right*