**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
2022 18th STREET, N.W. · # 110 · WASHINGTON, D.C.  20009-1813

Office Direct Dial: 202-467-4489 · Fax: 202-467-4489
Email: TFleming@wigginschilds.com · Internet: www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

October 17, 2022

*Via ECF Only*
The Honorable Sarah Netburn
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY  10007-1312

      **Re:**    *In Re Terrorist Attacks on Sept. 11, 2001*, **03-MDL-1570 (GBD)(SN)**
            *Ashton, et al. v. al Qaeda Islamic Army, et al.*, **02-cv-6977 (GBD)(SN)**
            *Bauer, et al. v. al Qaeda Islamic Army, et al.*, **02-cv-07236 (GBD)(SN)**
            *Ryan, et al. v. Islamic Republic of Iran, et al*., **20-cv-00266 (GBD)(SN)**
            Letter Motion re: severance of certain claims and placement into a separate case

Dear Magistrate Judge Netburn:

We submit this Letter Motion because we have received a letter from Baumeister and Samuels, PC, regarding our Notice of Entry of Appearance of Counsel (MDL ECF Doc. No. 8637), Notice of Amendment (MDL ECF Doc. No. 8636), Motion for Default Judgment on behalf of the Ryan and Maher Plaintiffs (MDL ECF Doc. Nos. 8638, 8640, and 8641) in *Bauer, et al. v. al Qaeda, et al.*, on Friday, October 14, 2022, objecting to such filings.

The Baumeister and Samuels firm appears to object to any continuing presence of the Ryan and Maher Plaintiffs (Plaintiffs Patricia Ryan as Personal Representative of the Estate of John J. Ryan, Deceased, Katherine Maher as Personal Representative of the Estate of Daniel L. Maher, Deceased, Patricia Ryan (individually in her own right), Kristen Ryan, Colin Ryan, and Laura Ryan, who were, on September 11, 2001, minor children of John J. Ryan, Deceased, and Patricia Ryan, and are now adults, and Katherine Maher (individually in her own right), and Daniel Maher and Joseph Maher, children of Daniel L. Maher, Deceased ("collectively, the "Ryan and Maher Plaintiffs") in *Bauer/Ashton* after the change in counsel and removal of the Ryan and Maher Plaintiffs' Iran claims, now judgments, from the *Bauer* case, transferring them because of the Ryan and Maher Plaintiffs' change of counsel.

The original complaint in *Ryan, et al. v. Islamic Republic of Iran*, 20-cv-00266 (GBD)(SN), presented only the Plaintiffs' claims against the Islamic Republic of Iran and fifteen other Iranian defendants.  New Ryan and Maher counsel Dennis G. Pantazis had submitted a letter to the Court on December 17, 2019, MDL ECF Doc. No. 5374, describing the need to transfer the Ryan and Maher Plaintiffs' claims against Iran and the Iranian Defendants into a discrete *Ryan* case for purposes of overseas judgment enforcement and collection efforts.  There is a long and complex docket of actions that affect the Plaintiffs' claims against the Taliban (and the Saudi Defendants),

The Honorable Sarah Netburn  October 17, 2022
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT  page 2
SOUTHERN DISTRICT OF NEW YORK

as described in the Declaration of Timothy B. Fleming, MDL ECF Doc. No. 8650, that made, and makes, simply shifting their Taliban and Saudi claims into the *Ryan* case problematic from the standpoint of an ordered record and international enforcement.  Not least of these is the matter of obtaining a default judgment against the Taliban based on actions taken by then-counsel in *Bauer/Ashton* years ago.

At the time *Ryan* was originally filed, the claims against the Taliban were basically dormant.  There was no order of the Court requested, nor entered, dismissing the Ryan and Maher's claims against the Taliban or any of the Saudi defendants in *Bauer/Ashton*.  No objection was heard from any counsel in *Bauer* or *Ashton* regarding the continuing presence of the Ryan and Maher Plaintiffs' Taliban and Saudi claims in *Bauer/Ashton*.  Indeed, no such objections were raised when the Ryan and Maher Plaintiffs filed motions for default judgment against the Taliban both on February 1, 2022, and again on March 16, 2022.  MDL ECF Doc. Nos. 7643, 7758-7759.  New counsel took the lack of objection throughout as suggesting there was none, and that continued pursuit of the Ryan and Maher Plaintiffs' claims against those defendants in *Bauer/Ashton* was unobjectionable, and that there was no problem with new counsel representing the Ryan and Maher Plaintiffs within those cases.

However, now that such an objection has been raised privately, the undersigned counsel does not wish to engage in debate about how the Ryan and Maher actions against *Bauer/Ashton* defendants other than the Iranian judgment defendants should be conducted or docketed.  The Ryan and Maher Plaintiffs accordingly move, under Rule 21, Fed.R.Civ.P., for leave to have their claims against the Taliban and the Saudi defendants severed from *Bauer* and placed into a new member case to be filed and to be consolidated with *Ashton* and made a member case of this MDL.  Counsel requests that the Ryan and Maher Plaintiffs be permitted to do so using the short-form complaint process.  All prior holdings of this Court would remain in effect with respect to such claims.[1]

Rule 21 of the Federal Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.  "A claim or counterclaim properly severed from another by virtue of Rule 21 'may be proceeded with separately,'" and the "justification for severance is not confined to misjoinder of parties…." *Spencer, White & Prentis v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) (citing *Wyndham Assoc. v. Blintlif*, 398 F.2d 614 (2d Cir.), cert. denied, 393 U.S. 977 (1968); 3 A MOORE'S FEDERAL PRACTICE, ¶ 21.05(2)).  While joinder here is not improper, the circumstances leading to the change of counsel for the Ryan and Maher Plaintiffs support severing the claims and proceeding as requested here.  This

---

[1] Because two members of the Maher family, Daniel Maher and Joseph Maher, both sons of 9/11 Decedent Daniel L. Maher, decided to join *Grazioso, et al. v. Islamic Emirate of Afghanistan, a/k/a The Taliban, et al., 1:22-cv-01188 (GBD)(SN)*, only their claims against the Saudi defendants need be transferred into a new case.  Alternatively, Daniel and Joseph Maher could file a separate case, against only the Saudi defendants, also using a short-form complaint.  There will be a separate filing to remove the two sons' claims against the Taliban from *Bauer*.

The Honorable Sarah Netburn  October 17, 2022
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT  page 3
SOUTHERN DISTRICT OF NEW YORK

Court possesses "the authority … to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder 'will not foster the objectives of the rule, but will result in prejudice, expense or delay.'" *Rose v. New York,* No. 21-CV-3164, 2021 WL 1857342, at *1 (S.D.N.Y. May 7, 2021) (quoting Wright & Miller, 7 FED. PRAC. & PROC. § 1652 (3d ed.) (internal quotation marks and citations omitted); see *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir. 1968) (Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); see also *Ghaly v. U.S. Dep't of Agric.,* 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002)("district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met").

Severance here would allow all plaintiffs to proceed in their own case with their own counsel, albeit as cases consolidated with *Ashton* and within this MDL. Further, there will be no increased burden to any defendant, or to this Court, in litigating the individual claims if the relief sought is granted here.

The undersigned stands ready to effectuate the above upon a "So-Order" of this letter motion by the Court, or upon any other guidance the Court sees fit to provide.

Date:  October 17, 2022

Respectfully Submitted,

  */s/ Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC 20009-1813
tfleming@wigginschilds.com

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC   (lead counsel)
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500
dgp@wigginschilds.com

*Attorneys for Plaintiffs Patricia Ryan, as Personal Representative of the Estate of John J. Ryan,*

Case 1:03-md-01570-GBD-SN   Document 8644   Filed 10/17/22   Page 4 of 4

The Honorable Sarah Netburn  
UNITED STATES MAGISTRATE JUDGE  
UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

October 17, 2022

page 4

*Deceased, Patricia Ryan, individually in her own right, Kristen Ryan, Laura Ryan, Colin Ryan, Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased, and Katherine Maher, individually in her own right*