

140 Broadway, 46th Floor  
New York, NY 10005  

DOROTHEA M. CAPONE  
tcapone@baumeisterlaw.com

212-363-1200  
866-363-1200  
212-363-1346 Fax  
www.baumeisterlaw.com

October 18, 2022

*VIA ELECTRONIC CASE FILING*

Honorable Magistrate Judge Sarah Netburn  
United States District Court for the  
Southern District of New York  
Thurgood Marshall U.S. Courthouse  
40 Foley Square  
New York, NY 10007

Re: In Re: September 11, 2001 Terror Attacks, 03-mdl-1570 (GBD)(SN)  
*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)  
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

Dear Judge Netburn:

We write in response to the letter filed last night by Timothy Fleming, counsel for the *Ryan* plaintiffs (ECF 8644) in connection with filings made by his firm on Friday, October 14, 2022. These filings, which are set forth below, were filed on behalf of the Estate of John J. Ryan, Patricia Ryan, Kristen Ryan, Colin Ryan, Laura Ryan, the Estate of Daniel L. Maher and Katherine Maher (Ryan and Maher plaintiffs), all of whom were formerly represented by Baumeister & Samuels until they elected to seek new representation with Mr. Fleming and the firm of Wiggins Childs Pantazis Fisher Goldfarb, PLLC in 2019.

The specific filings we bring to the Court's attention are:

- A Notice of Amendment adding the Ryan children as plaintiffs to the *Bauer* and *Ashton* complaints (ECF 8636);

- A Notice of Appearance filed in the *Bauer* action identifying Mr. Fleming as counsel for the Estate of John J. Ryan, Patricia Ryan, Kristen Ryan, Colin Ryan, Laura Ryan, Katherine Maher and the Estate of Daniel L. Maher (ECF 8367) in the *Bauer* action; and

- A motion seeking default judgments against the Taliban for each of the above identified plaintiffs together with supporting documents (ECF 8638, 8640, 8641).

Mr. Fleming's letter advised the Court that our firm objected to these filings on the *Bauer* and *Ashton* dockets, but fails to explain that the basis for our objections is Your Honor's November 26, 2019 Order (ECF 5312) that was issued following a hearing on the motion to substitute counsel filed by the Ryan and Maher plaintiffs.   A copy of this Order is attached as Exhibit A.  **This Order specifically directed the Ryan and Maher plaintiffs' substituted counsel to remove and transfer all claims for these plaintiffs from the *Bauer* and *Ashton* Complaints and include them in a new member case associated with the *Havlish* action.[1]**   As part of the process to facilitate this removal and transfer, Mr. Fleming's partner Dennis Pantazis filed a letter with the Court on December 17, 2019 (ECF 5374) advising the Court that he would file a motion by January 6, 2020 consistent with the Court's Order to "remove and transfer the claims [for the Ryan and Maher plaintiffs] from their current Complaints and establishing them in a new Complaint to be entitled *Ryan, et al. v. The Islamic Republic of Iran, et al.*".   The Court endorsed this request on December 19, 2019.   (ECF 5386).   On January 6, 2020, the Wiggins Childs firm filed a motion to file a new associated case (ECF 5444) in which they stated that plaintiffs were seeking to transfer their claims from their original SDNY actions and file a new case in the MDL associated with the *Havlish* and *Hoglan* actions consistent with the Court's November 26, 2019 Order.   On January 8, 2020, the firm filed a corrected motion to file a new associated case (ECF 5464) and included in their supporting Memorandum of Law a confirmation that "[a]ll of the *Ryan* plaintiffs have voluntarily withdrawn their claims from the *Ashton, Bauer* and *Burnett* actions".   (ECF 5465, Point II(A)).   Your Honor approved the filing of the *Ryan* complaint by text Order (ECF 5480) on January 9, 2020, and on January 16, 2020, the Clerk marked the *Ryan* action as associated with the 9/11 MDL docket.

Mr. Fleming's letter of October 17, 2022 states that our firm "appears to object to any continuing presence of the Ryan and Maher plaintiffs … in *Bauer/Ashton* after the change in counsel".   This Court **directed and ordered** the removal of the Ryan and Maher plaintiffs' claims from both the *Bauer* and *Ashton* complaints almost 3 years ago.   Mr. Fleming and his firm assumed the responsibility to protect all interests of these plaintiffs when they were substituted as counsel in 2019, and as part of their representation of the Ryan and Maher plaintiffs, they elected to protect their clients' claims through the filing of the *Ryan* action in January 2020.

---

[1] Our firm first communicated with Dennis Pantazis from the Wiggins Childs firm on the substitution of counsel on April 5, 2019 when we told him we had been advised by the Ryan and Maher plaintiffs that Mr. Pantazis would represent them "in connection with their claims against Iran, the Kingdom of Saudi Arabia and other defendants" in the 9/11 terror litigation. We also advised Mr. Pantazis of the need to file a motion for substitution and facilitate the removal of the Ryan and Maher claims from the *Ashton* action.   A copy of this email is attached as Exhibit B.   Receiving no response, I emailed Mr. Pantazis again on April 16, 2019 asking him to provide us with a motion to substitute his firm and provide us with information on a process to remove the Ryan and Maher plaintiffs from the *Ashton* actions.   The same day, Mr. Pantazis replied to advise us that he and his firm "are still in the process of determining if we can represent" the Ryan and Maher plaintiffs.   Copies of these emails are attached as Exhibit C.   On July 18, 2019 Mr. Pantazis sent letters to our firm advising he had been retained to represent the Ryan and Maher plaintiffs "regarding any and all litigation as a result of the 9/11 terrorist attacks" and requesting the clients' files.   Copies of these letters are attached as Exhibit D.   On August 12, 2019, Mr. Pantazis sent an email requesting the Ryan and Maher plaintiffs' files which I replied to on August 13, 2019 referring him to my April 5, 2019 email and the need to file a motion to substitute counsel and remove the Ryan and Maher plaintiffs' claims from the *Ashton* actions.   I also provided Mr. Pantazis with the history of filings done by our firm on behalf of those plaintiffs including the reasons behind the need to remove them from the *Ashton* actions.   Copies of these emails are attached as Exhibit E.   On August 22, 2019 the Wiggins Childs firm sent us their proposed motion to substitute counsel and we provided edits to same on August 28, 2019.   On September 10, 2019, Mr. Pantazis advised that his clients objected to our request for a lien.   By email of September 19, 2019, our firm advised Mr. Pantazis that we could not agree with his clients' position and would state our position for the Court in a separate filing.   Copies of these emails are attached as Exhibit F.

Mr. Fleming's current request that the Court sever the Ryan and Maher plaintiffs' claims from the *Bauer* and *Ashton* complaints under Rule 21 of the Federal Rules of Civil Procedure -- more than 3 years after they were removed and transferred to a new member case in the 9/11 MDL – is problematic and has wide ranging implications.   The first is clear in that the Ryan and Maher plaintiffs' claims have not been part of the *Bauer* and *Ashton* cases since January 2020 so there are no claims to sever under the case law cited by Mr. Fleming in his letter.

The second implication comes as a result of Mr. Fleming's request that his clients' severed claims against the Taliban and Saudi defendants be placed in a new member case to be consolidated with *Ashton* through "the short form complaint process."   There are two issues tied up in this request that the Court cannot easily resolve by way of a "So-Order" endorsement of his letter as suggested by Mr. Fleming.   The first is that although the Court previously amended its procedures for filing short form complaints against the Kingdom of Saudi Arabia (KSA) and the Islamic Republic of Iran in 2019 (ECF 5234, *see also* ECF 3543, 3982, 4010 and 4045), there is currently no "short form complaint process" approved by this Court with respect to the Taliban.   Such a request should properly involve the participation of the PEC who helped the Court create the protocols set forth in the Court's prior orders.   The second issue is Mr. Fleming's request that the Ryan and Maher plaintiffs be permitted to consolidate their proposed short form complaint against the KSA and the Taliban with the *Ashton* plaintiffs' claims, presumably to take advantage of the May 12, 2006 default against the Taliban issued in the *Ashton* action (ECF 1797) that they rely upon in their October 14, 2022 motion seeking default judgments against the Taliban for the Ryan and Maher plaintiffs.   (ECF 8638, 8640, 8641).   The Court has already considered the separation of the Ryan and Maher plaintiffs' claims within *Ashton*, and ordered that they be specifically **removed and transferred to a new action**.   Moreover, and not insignificant, the Wiggins Childs firm chose to include the *Havlish* plaintiffs' claims (the firm's original 9/11 clients) against the KSA in the Consolidated Amended Complaint and **not** the *Ashton* complaint filed against the KSA on March 20, 2017 (Civil Action No. 17-2003, ECF 1).   The Wiggins Childs firm will be unable to adequately and appropriately reconcile its clients' interests based upon two divergent sets of allegations that will also create administrative and efficiency issues for this Court that are overly burdensome and potentially irreconcilable.

It is not our intent to obstruct the Ryan and Maher plaintiffs attempts to seek compensation for their losses.   Our firm represented these plaintiffs for 17 years before they chose new counsel and during that time, we pursued every avenue to protect all potential claims they had, oftentimes going above and beyond efforts taken by other counsel to protect their clients in the 9/11 MDL.   Our objections are to the procedures proposed by Mr. Fleming in his October 17, 2022 letter.   Mr. Fleming and his firm can file a new action to incorporate the Ryan and Maher plaintiffs' claims as they did in the action they filed on February 11, 2022 entitled *Grazioso, et al. v. Islamic Emirate of Afghanistan, d/k/a The Taliban, et. al.* (Civ. Action No. 22-01188) which includes the claims of two of the Maher plaintiffs,[2] or they can follow the procedures recently used by other counsel in this MDL who filed motions to add plaintiffs.   (*See e.g.*, ECF 7654, 8017, 8106, 8146, 8301, 8451).   This Court has previously approved these procedures and issued orders adding those parties' claims to those against the Taliban.   (ECF 7949, 8111, 8150, 8473).   What the Court cannot do, however, is sever claims from the *Bauer* and *Ashton* Complaints that are no longer there.

---

[2] In footnote 1 to his October 17, 2022 letter, Mr. Fleming notes that Daniel Maher and Joseph Maher, sons of the 9/11 decedent Daniel L. Maher, are included as plaintiffs in the *Grazioso* action.

We appreciate the Court's attention to this matter.

                                        Respectfully submitted,

                                        */s/ Dorothea M. Capone*
                                        Dorothea M. Capone

DMC:cml