**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
2022 18th STREET, N.W. · # 110 · WASHINGTON, D.C. 20009–1813

Office Direct Dial: 202–467–4489 · Fax: 202–467–4489
Email: TFleming@wigginschilds.com · Internet: www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

October 20, 2022

*Via ECF Only*
The Honorable Sarah Netburn
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007-1312

>Re: *In Re Terrorist Attacks on Sept. 11, 2001*, 03-MDL-1570 (GBD)(SN)
>*Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
>*Bauer, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-07236 (GBD)(SN)
>*Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-cv-00266 (GBD)(SN)
>Letter Motion re: severance of certain claims and placement into a separate case

Dear Magistrate Judge Netburn:

We submit this Letter in response to a letter filed yesterday by Baumeister & Samuels, P.C. MDL ECF Doc. No. 8648.

We want to be clear that we are only trying to separate entirely the claims of the Ryan and Maher families from the *Bauer* case and to comply with the Court's prior orders. We have now moved to sever those claims against the non-Iranian defendants and place them in a new case. MDL ECF Doc. No. 8644. Consistent with what was done to their Iran claims, the Notice of Appearance (MDL ECF Doc. No. 8637) and the Notice of Amendment (MDL ECF Doc. No. 8636) that were filed last week in *Bauer*, to which Baumeister objects, were necessary to file because *Bauer* is the case where the claims against the Taliban reside and the default on liability was obtained in *Bauer/Ashton* in 2006. That was also our reason for filing in *Bauer* the earlier motions for default judgment against the Taliban on February 1, 2022, and again on March 16, 2022. MDL ECF Doc. Nos. 7643, 7758-7759. Baumeister did not indicate any objection to either of those filings. We had planned to sever the claims or judgments and place them into a new case after Court ruled on the default judgment motions, similar to what was done in regard to the Ryan and Maher Plaintiffs' claims against certain the Iran defendants. Nonetheless, in light of Baumeister's objection, our October 17, 2022 letter motion was filed, MDL ECF No. 8644, seeking to sever and move all of these matters into a new case, leaving no presence of the Ryan and Maher Plaintiffs in *Bauer*.

The Baumeister letter states that "What the Court cannot do … is sever claims from the *Bauer* and *Ashton* Complaints that are no longer there." Baumeister letter at p. 3. Yet, Baumeister cites no order dismissing these claims from Bauer for a good reason: there never was such an order. Further, the passage cited by Baumeister – "On January 8, 2020, the [Wiggins

The Honorable Sarah Netburn                                                             October 20, 2022
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT                                                                      page 2
SOUTHERN DISTRICT OF NEW YORK

Childs] firm filed a corrected motion to file a new associated case (ECF5464) and included in their supporting Memorandum of Law a confirmation that '[a]ll of the *Ryan* plaintiffs have voluntarily withdrawn their claims from the *Ashton, Bauer* and *Burnett* actions". (ECF 5465, Point II(A))'" – addressed the Ryan and Maher families' claims against Iran and none other. This fact is quite clear from the referenced motion itself: "It is the object of this Motion, and the filing and prosecution of the *Ryan* case itself, to preserve these Plaintiffs' respective existing judgments and to unify them with the judgments sought in *Ryan* [the estates] against the other Iranian Defendants who were previously adjudged liable in *Havlish* and *Hoglan*." MDL ECF Doc. No. 5464 at ¶ 3.  The corrected motion (or the original) cannot reasonably be read, in whole, or in any part, as somehow encompassing any defendants other than Iran and the other Iranian defendants.[1]

Again, we submit that severance is proper here under Rule 21 of the Federal Rules of Civil Procedure.  If a short-form complaint is not appropriate because a process has not yet specifically approved with respect to the Taliban, we stand ready to do whatever is necessary to effectuate one, or any other process as the Court may direct, or to file any other documents that the Court deems appropriate.

---

[1]     The point was specifically reiterated in the accompanying Memorandum with particular reference to the Order cited by Baumeister: "The November 26, 2019 Order also directed the *Ryan* Plaintiffs to 'file a new member case associated with the *Havlish* action, or otherwise file a status letter indicating how Plaintiffs will be removed from their current complaints.' (1:03-md-01570, Doc. No. 5312.) It is the object of the instant Motion to comply with this directive of the Court, and in doing so, and in the filing and prosecution of the *Ryan* case itself, to preserve these Plaintiffs' respective existing judgments and to unify them with the judgments sought in *Ryan* against the other Iranian Defendants who were previously adjudged liable in *Havlish* and *Hoglan*." MDL ECF Doc. No. 5465, at pp. 15-16.

We also did not, and do not, read the Court's approval order as indicating anything other than the Court's understanding that the scope of the transfer of claims to the *Ryan* case was limited to the Iranian Defendants: "… such Ryan Complaint shall relate back to the time of the filing of the above-listed Complaints with regard to those Defendants that were named in those cases." MDL ECF Doc. No. 5480, January 9, 2020.

The Honorable Sarah Netburn  October 20, 2022
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT  page 3
SOUTHERN DISTRICT OF NEW YORK

Date:  October 20, 2022               Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　 */s/ Timothy B. Fleming*
                                      Timothy B. Fleming (DC Bar No. 351114)
                                      WIGGINS CHILDS PANTAZIS
                                      FISHER GOLDFARB PLLC
                                      2202 18th Street, NW, #110
                                      Washington, DC 20009-1813
                                      tfleming@wigginschilds.com

                                      Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                      WIGGINS CHILDS PANTAZIS
                                      FISHER GOLDFARB LLC   (lead counsel)
                                      The Kress Building
                                      301 Nineteenth Street North
                                      Birmingham, Alabama 35203
                                      (205) 314-0500
                                      dgp@wigginschilds.com

                                      *Attorneys for Plaintiffs Patricia Ryan, as Personal Representative of the Estate of John J. Ryan, Deceased, Patricia Ryan, individually in her own right, Kristen Ryan, Laura Ryan, Colin Ryan, Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased, Katherine Maher, individually in her own right, Daniel Maher, and Joseph Maher*