UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document also relates to member case:**

*Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR AN ORDER CORRECTING ERROR IN COMPLAINT

*Anaya* Plaintiffs, by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion pursuant to Federal Rule of Civil Procedure 15(a)(2) for an order amending *Anaya* Plaintiffs' First Amended Short Form Complaint filed on February 22, 2019 (ECF No. 29[1]) ("FAC") to correctly reflect the name of Plaintiff Jasmine Jackman, the stepdaughter of the late Michael W. Lowe who was killed in the collapse of the World Trade Center on September 11, 2001.

### BACKGROUND

*Anaya* Plaintiffs are the personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2001. The only defendant in this case is Iran. Plaintiffs commenced this suit on December 29, 2018. *See* ECF No. 1. Iran was served with the FAC on June 29, 2020 pursuant to 28 U.S.C. Section 1608(a)(4). *See* ECF No. 47 at ¶¶ 9-10 and Exhibit 3. Iran failed to serve an answer or otherwise file a responsive pleading within sixty (60) days after service, and the Clerk issued a

---

[1] Unless otherwise noted, ECF citations are to the docket for the *Anaya* Action, 1:18-cv-12341-GBD-SN.

Certificate of Default on November 5, 2020. *See* ECF No. 52.

Certain of the *Anaya* Plaintiffs, not including Jasmine Jackman, have obtained default judgments against Iran awarding them compensatory damages for loss of solatium, pain and suffering, and/or economic losses. *See* ECF Nos. 70 (*Anaya I* entered on October 5, 2021), 97 (Corrected *Anaya I*, entered *nunc pro tunc* on January 10, 2022), 119 (*Anaya II* entered on July 28, 2022), and 123 (*Anaya III* entered on August 3, 2022).

In the course of preparing motion papers seeking entry of default judgments for solatium in favor of the three stepchildren of the late Michael W. Lowe—identified in the complaint as Jasmine Lanham, Gary Lanham, and Donovan Lanham—Plaintiffs' counsel learned for the first time that "Jasmine Lanham" is the former name of Michael W. Lowe's stepdaughter who is known by her married name, Jasmine Jackman. *See* Declaration of Patrick Joseph Donahue executed on October 20, 2022 at ¶¶ 2-3 and Exhibit 1 at ¶ 1. Accordingly, prefatory to filing the motion for default judgment on behalf of Michael W. Lowe's three stepchildren, Plaintiffs seek to correct Jasmine Jackman's name in the FAC and the case caption.

## ARGUMENT

**I.    LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "This 'permissive standard . . . is consistent with [the] strong preference for resolving disputes on the merits.'" *Media Glow Dig., LLC v. Panasonic Corp. of N. Am.*, 2018 U.S. Dist. LEXIS 207922, at *12 (S.D.N.Y. Dec. 10, 2018) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). It is well-settled that "[d]istrict courts are vested with broad discretion to grant a party leave to amend the pleadings." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009). Moreover, leave to amend should only be denied in "instances of futility,

undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

II. **PLAINTIFFS REQUEST FOR LEAVE TO AMEND SHOULD BE GRANTED UNDER THE PERMISSIVE STANDARD SET FORTH IN RULE 15(A)**

Here, Plaintiffs seek to correct what can best be characterized as a clerical error in the recording of Plaintiff Jasmine Jackman's name. Plaintiffs do not seek to assert any new claims or parties, or to make any changes to the substantive relief sought on behalf of Jasmine Jackman. This Court has consistently granted leave to amend 9/11 complaints in similar circumstances. *See, e.g.*, MDL ECF Nos. 4473, 4474, 4475, 6882. Although almost four years have elapsed since Plaintiffs commenced this action against Iran, "'[m]ere delay,…absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 2014 U.S. Dist. LEXIS 48412, at *18 (S.D.N.Y. April 8, 2014) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Iran will not suffer any prejudice if this technical amendment is allowed.

III. **NO ADDITIONAL SERVICE IS REQUIRED BECAUSE THE CORRECTION IS INSUBSTANTIAL**

*Anaya* Plaintiffs properly served Iran in accordance with the Foreign Sovereign Immunities Act. *See* ECF No. 47 at ¶¶ 9-10 and Exhibit 3. After Iran failed to timely respond, the Clerk of Court issued a Certificate of Default. *See* ECF No. 52. No additional service to notify Iran of a technical correction to the FAC should be required under these circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'" *Shoham v. Islamic Republic of Iran*, 922 F.

3

Supp. 2d 44, 47 (D.D.C. 2013) (citing *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009)).  *See also Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. . . . .  Accordingly, this Court will not require plaintiff to serve the amended complaint."); *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.").

Because the correction to Jasmine Jackman's name in the FAC is insubstantial, no additional service of an amended pleading should be required.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request the Court to enter an order correcting the First Amended Complaint and the case captions to reflect that Plaintiff "Jasmine Lahman" is "Jasmine Jackman," and excusing Plaintiffs from serving Iran with a copy of the First Amended Complaint that reflects this correction.

Dated:   October 20, 2022            Respectfully submitted,
         White Plains, New York

**FLEISCHMAN BONNER & ROCCO LLP**

By: /s/ James P. Bonner
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone:  646-415-1399

4

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com


P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

***Counsel for Plaintiffs***