# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441  Fax: (917) 591-5980
john@johnschutty.com

October 21, 2022                                                                                                **Via ECF**

Honorable George B. Daniels
United States District Court Judge
Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York

      Re:    *In re Terrorist Attacks on September 11, 2001*
             MDL No. 03-MDL-1570 (GBD) (SN)
             *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)
             (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

Your Honors:

I refer to Magistrate Judge Netburn's Order dated September 30, 2022 (MDL ECF#8590) ("Sept. 30 Order") regarding the resolution of default judgments motions filed against the Taliban "in a way that permits plaintiffs to 'proceed on equal footing with one another.'"[1]

As I have previously advised, I represent the personal representatives (all widows) and "heirs" (qualified by applicable state law) of eight decedents killed within the World Trade Center on September 11, 2001. My clients are *not* properly represented by the

---

[1] Where a limited fund of money may exist in the "possession" of a defendant-in-default, and that money is sought by a multitude of plaintiffs, the claims of various plaintiffs may be truly be adverse to one another, and their respective claims should be challenged to ensure that justice is obtained. The docket of the court would otherwise become a "blank-check-writing" enterprise for untested claims, rather than a court of law. Will there be no policing of who may bring suit and when the filing of new claims must end? *See, e.g., Shiekh v. Republic of Sudan*, 308 F.Supp.3d 46, 55 (D.D.C. 2018) ("The possibility of nearly endless litigation takes on a new and more troubling dimension when paired with the murky public policy consequences of enabling untimely judgments"), and *Maalouf v. Republic of Iran*, 306 F.Supp.3d 203, 211 (D.D.C. 2018) ("without some policing of time limits, plaintiffs may seek to exploit prior decisions finding nations liable for certain conduct to later pursue large damage awards decades after the fact . . . In this way, plaintiffs can continue piggybacking off of older decisions for decades to extract multimillion dollar judgments from absent sovereigns . . . As long as each crop of plaintiffs could show that they were victims or proper third-party claimants, they could continue racking up sizeable damage awards for decades in response to a single act."), *Shiekh* and *Maalouf both rev'd on other grounds by, Maalouf v. Republic of Iran*, 923 F.3d 1095 (D.C. Cir. 2019) (holding: district court may not raise a statute of limitations defense *sua sponte* against a defendant in default).

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
October 21, 2022, Page 2

existing "Plaintiffs Executive Committee for Personal Injury & Wrongful Death" ("PI&WD PEC") with respect to the wrongful death applications because the law firms on this Committee represent both "heirs" recognized under applicable state law, but also "other family members" who are not qualified heirs (or appointed personal representatives) and who have not filed timely claims under applicable state law. In short, surviving spouses and children (qualified heirs under applicable state law) are not properly represented on the Taliban default judgments for wrongful death damages, except through pleas and objections made by my office.

**Wrongful Death Claims Asserted Against the Taliban**

The wrongful death plaintiffs asserting claims against the Taliban must "proceed on equal footing" *based on applicable law*.[2]

My clients all have timely and viable claims filed against the Taliban,[3] while the PEC firms are pursuing wrongful death damage claims in violation of applicable state law by:

---

[2] The Court will recall that the Law Office of John F. Schutty, P.C. has sought leave to file a Fed. R. Civ. P. 60(b) motion to vacate the wrongful death default judgment obtained by the *Havlish* plaintiffs – on the ground that this default judgment was rendered without regard to the actual scheme of liability pled by those plaintiffs (common law, and not the FSIA). For the convenience of the Court, reference is made to my prior letter to the Court on this subject (Case 1:03-cv-09848-GBD-SN, Document 615 Filed 04/20/22). *In claiming damages against ALL of the defendants, the Havlish Plaintiffs relied exclusively on the FSIA* – "Damages available under the FSIA-created cause of action include "economic damages, solatium, pain and suffering, and punitive damages" – even though the FSIA clearly does *not* provide a cause of action in favor of the *Havlish* Plaintiffs against the Taliban. *Havlish* Plaintiffs' Damages Inquest Memorandum (ECF#301 Filed February 14. 2012) at 5. At an April 26, 2022 hearing, Judge Netburn stated on this subject: "I'll just note that I've received your letter application. I haven't acted on it. We will shortly." April 26, 2022 Transcript at 34. At this same hearing, Judge Daniels stated: "I can guarantee you that we will give you a full opportunity to be heard, as we have given you a full opportunity to be heard, on these issues – the issues of the availability of funds, *and who is entitled to some of the funds and what would be the best way to distribute available funds . . . So be assured that any concerns that you have about certain issues, the appropriate way to address them is to bring them to the attention of this Court and to the other side – anyone who disagrees with your position – be able to weigh in in this proceeding, in this MDL proceeding . . . you will all be heard."* April 26, 2022 Transcript at 37-38. The *Havlish* plaintiffs recently filed for an "Abstract of Judgment" so that they can file their defective Judgment in state court – does that send a signal that they may seek to avoid adverse rulings here in the SDNY?

[3] On September 4, 2002, the *Ashton* Plaintiffs filed their first Complaint against the sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar (hereinafter the "*Taliban* and *Omar* Defendants"), among others. *See* 02-cv- 6977 (S.D.N.Y.) ECF 1. That Complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465. The *Taliban* and *Omar* Defendants never answered, and the *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a liability default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the *Taliban* and *Omar* Defendants).

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
October 21, 2022, Page 3

(1) requesting death damages for family members who are not represented by a state-appointed personal representative, (2) requesting death damages on behalf of non-heir individuals in violation of estate administration laws, and (3) adding additional non-heir family members to the litigation long after the statute of limitations for wrongful death has expired.

The undeniable conflict between state wrongful death law and the federal common law wrongful death urged by the PEC should be addressed and properly resolved in one MDL Order, rather than considered through a plethora of individual default judgment orders.

### A. Information Needed from Each Wrongful Death Plaintiff

The Court's July 11 Order requires, among other things, that every plaintiff identify when they were added to the Complaint "against the relevant defendant" (p. 4). This will be most helpful, but two more items should be identified by each plaintiff claiming wrongful death damages:

1. Whether that plaintiff has been appointed the personal representative of the decedent's estate (and, if so, provide proof of that appointment); and

2. The familial relationship of that plaintiff to the decedent, *viz.*, whether that plaintiff qualifies as an "heir" under the estate administration law (and wrongful death law) of the state where the decedent was domiciled at the time of his/her death.

The Court should issue a single Order that definitively determines: (1) who has standing/authorization to bring a wrongful death action against the Taliban, (2) when their action must have been filed to satisfy the applicable statute of limitations or laches (to distinguish between "timely" claims and "untimely" claims), and (3) who qualifies as an "heir" (under applicable state law). The Court has already been inundated with very diverse filings by the numerous law firms pursuing Taliban death claims. One Order of the Court can simplify the default judgment process and clean up the docket. As things stand now, any family member can file a wrongful death claim decades after the death of their decedent, as long as some family member has previously filed a timely claim.

When dealing with any defaulting defendant, some "adversary" party needs to advise the Court when certain plaintiffs, lacking standing and timely claims, seek money from a "limited fund," or those invalid claims will take money from court-authorized plaintiffs with timely, long-standing claims.

### B. State Law on Estate Administration Must Not Be Ignored

I respectfully ask the Court to require briefing on the law applicable to recovery from the Taliban – the PI&WD PEC can state its position on which plaintiffs are entitled to recover damages in a single brief, and any party who disagrees with the PEC's

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
October 21, 2022, Page 4

assessment should, in turn, be entitled to brief and challenge what the PEC claims is applicable law. In this manner the Court will hear from all "adversarial" wrongful death parties with an interest in any limited fund of money that may be disbursed.

A cursory review of the many complaints filed by plaintiffs against the Taliban indicates that there are two viable causes of action against this defendant: (1) a cause of action provided by the Anti-Terrorism Act, and (2) a common law cause of action for wrongful death based on state law.

The applicable state law (*e.g.*, NY, NJ and CT) governing wrongful death claims (estate administration law) shows that in a wrongful death action each such state: (1) requires that the plaintiff be an appointed personal representative of the decedent's estate, and (2) strictly defines, by statute, which family members qualify as "heirs" of the decedent (defines who is entitled to a distribution of a wrongful death award). Thus, there is an undeniable conflict between the applicable state law and state interests and the novel federal common law urged by the PI&WD PEC.

The federal cause of action created by the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333 provides (emphasis added):

> **Any national** of the United States **injured** in his or her person, property, or business **by reason of an act of international terrorism**, **or his or her estate, survivors, or heirs**, **may sue therefor** in any appropriate district court of the United States **and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees**.

In the event of a death resulting from an act of international terrorism, this cause of action is *silent* as to which individuals fit within the scope of the phrase "his or her estate, survivors, or heirs," and is *silent* as to which individuals may pursue a claim for wrongful death.[4] In the default judgment applications filed against Iran, the PI&WD PEC has claimed that precedent issued by a different jurisdiction (the District of Columbia – a federal jurisdiction that applied "federal common law" in interpreting who may recover for a decedent's death under the ATA) is applicable; in turn, the PEC implicitly suggested that the MDL Court here could wholly ignore the interests and laws of the decedents' domiciles (state law) regarding wrongful death estate administration.[5]

---

[4]  When there are no well-established federal policies and no reasonable body of federal law, "as compared to the relative order and clarity of law established in state courts, the common law rule to be applied in federal court is thus uncertain and almost impossible to predict," which "combined with the substantive advantages to be gained by allowing states to formulate their own policies where feasible creates the presumption that state law should be applied." Note, "The Federal Common Law," 82 Harv.L.Rev. 1512, 1519 (1969).

[5]  *See, e.g., Tex. Indus. v. Radcliff Materials*, 451 U.S. 630, 640–41 (1981) (Burger, C.J.) ("The vesting of jurisdiction in the federal courts does not in and of itself give rise to authority to

Footnote continued on next page

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
October 21, 2022, Page 5

Significantly, no precedent then existed within the District Court (S.D.N.Y.) or the governing Circuit (Second) on this issue to support the PEC's position.

In fact, each American *state* has different laws surrounding the determination and distribution of wrongful death proceeds in administering the estates of decedents. In New York, for example, wrongful death damages are distributed *only* to members of a decedent's defined "estate," *i.e.,* immediate family members explicitly described within a statute, in proportion to their financial loss. *See* N.Y. Estate Powers & Trusts Law ("EPTL) § 5-4.4. Where a 9/11 decedent is survived by a spouse and children, for example, parents and siblings of the decedent are denied wrongful death damages under New York law, regardless of any claimed injury of the parents and siblings. *Id*. Also, New York State law gives the court-appointed personal representative of an estate the *exclusive* authority to bring an action for a wrongful death on behalf of a decedent's estate.[6] *See* EPTL, Section 5-4.1. Thus, awarding money damages to individuals outside

---

Footnote continued from previous page

formulate federal common law."). "The Supreme Court has put increasing emphasis on the notion that when determining the content of federal common law, forum state law should be adopted as federal law absent some good reason to displace it." Wright & Miller, 19 Fed. Prac. & Proc. § 4518 (3d ed. August 2019 update). A federal court has discretion to borrow from state law when there are deficiencies or lacunae in the federal statutory scheme. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789 (2d Cir. 1999); *U.S. v. Smith*, 832 F.2d 774 (2d Cir. 1987) (state commercial law furnished convenient solutions that in no way were inconsistent with adequate protection of federal interests). When federal law does not expressly establish the legal rule for a federal question case, a federal court should borrow state law to fill the gap in the statutory scheme so long as the state rule does not impinge upon any federal interest. Particularly in the area of family relationships and domestic relations, a federal court should defer to the well-established law of the several states. *Nice v. Centennial Area School Dist.*, 98 F. Supp. 2d 665 (E.D. Pa. 2000). *See also De Sylva v. Ballentine*, 351 U.S. 570, 580–581, 76 S. Ct. 974, 980, 100 L. Ed. 1415 (1956), where the issue was whether the illegitimate son of a copyright owner is one of the owner's "children" within the meaning of the copyright statute, the Supreme Court said: "The scope of a federal right is, of course, a federal question, but that does not mean that its content is not to be determined by state, rather than federal law. … This is especially true where a statute deals with a familial relationship; there is no federal law of domestic relations, which is primarily a matter of state concern. … We think it proper, therefore, to draw on the ready-made body of state law to define the word 'children' …." (Harlan, J.); *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1326 (5th Cir. 1994) ("[t]he law of family relations has been a sacrosanct enclave, carefully protected against federal intrusion") (abrogated on other grounds by, *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009)). "[T]here is no federal common-law or statutory rule that explicitly prohibits the application of state common-law remedies to cases of wrongful death." S. Speiser, *Recovery for Wrongful Death*, § 6:61 (4th ed. July 2018 update).

[6]   "It is settled beyond any doubt that under the New York wrongful death statute the right to prosecute, settle and compromise the wrongful death claim lies exclusively with the personal representative of the estate, who brings the suit in his or her representative capacity as statutory

Footnote continued on next page

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
October 21, 2022, Page 6

the state-prescribed and statutorily-defined "heirs of the estate"[7] (*e.g.*, parents and siblings, where the decedent is survived by a wife and children), and allowing individual family members to pursue death claims personally, expressly violates New York State law. On matters of estate law and wrongful death damages distribution, the laws of the domiciles of the decedents should have been addressed, especially if an award of wrongful death damages is requested on behalf of a family member in direct disregard of state law, state interests and state policy.

Moreover, where a federal statute does not provide guidance on an issue relating to estate administration law (like the ATA), reference is made to applicable state law (here, the law of the decedent's domicile).[8] Federal law is interstitial and federal courts often look to the law of the forum state to fill gaps in federal statutes, usually under the general mandate of the Rules of Decision Act.[9]

Common law wrongful death and Anti-Terrorism Act (18 U.S.C. § 2333) claims are each subject to applicable state law. This Court should reach this result since the law of the decedent's domicile has a great interest in the outcome of this litigation and the eventual administration of each estate. Here, assuming that a decedent was domiciled in New York (the case for all of the *Ashton-Burlingame-Dickey* Plaintiffs that I represent), New

---

Footnote continued from previous page
trustee for all of the statutory beneficiaries."  https://www.kreindler.com/Publications/Aviation-Law-10.shtml.

[7]  In fact, the probate exception to federal jurisdiction prohibits federal courts from hearing cases involving matters related to the probate of wills or administration of estates. *Markham v. Allen*, 326 U.S. 490, 494 (1946). It is a doctrine that has been described as "one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982). Yet, here, the PEC has urged the Court to give no regard to the interests of the states where the 9/11 decedents were domiciled – states left responsible for the future welfare and support of surviving widows and children. These states are undeniably responsible for administering the estates of decedents in this country and they therefore have a far greater interest in the administration of the decedents' estates than the federal courts.

[8]  The District Court should determine how the ATA should be applied as a wrongful death remedy where state law seemingly applies and the federal cause of action requires a gap-filler. When there are no well-established federal policies and no reasonable body of federal law, "as compared to the relative order and clarity of law established in state courts, the common law rule to be applied in federal court is thus uncertain and almost impossible to predict," which "combined with the substantive advantages to be gained by allowing states to formulate their own policies where feasible creates the presumption that state law should be applied." Note, "The Federal Common Law," 82 Harv. L. Rev. 1512, 1519 (1969).

[9]  28 U.S.C. § 1652. The Rules of Decision Act applies to federal question as well as diversity cases, and requires the use of state law in certain cases in which the underlying statute is silent. *See* Hill, *State Procedural Law in Nondiversity Litigation*, 69 Harv. L. Rev. 66 (1955).

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
October 21, 2022, Page 7

York State law determines the parameters of each wrongful death claim – *viz.*, who is authorized to pursue the death claim, which "heirs" are entitled to recover, and the measure of damages that may be awarded.  This is true also as to the Anti-Terrorism Act ("ATA") claims simply because the ATA does not explicitly provide answers to these questions, and a federal court should resort to applicable state law to "fill in" the gaps in a federal, statute-created cause of action for money damages; creating federal common law in such instances, and ignoring otherwise applicable state law, lacks viable precedent.

Finally, and very importantly, the PI&WD PEC is promoting an "unlimited" statute of limitations as against the Taliban, *i.e.*, they have argued that one wrongful death lawsuit, filed by any family member, protects any subsequent wrongful death lawsuit filed by any other family member of the decedent against the statute of limitations.  *See, e.g.*, ECF MDL#5095 at 1, 5096 at 1 and 5097 at 1; *see also* recent, belated filing by 2,900 plaintiffs seeking to be added to the litigation against the Taliban – MDL ECF#7654, 7657 and 7660.  My clients have objected to this suggestion, contending that a "personal representative" appointed under New York State law (or other domicile-state law) is the *only* individual authorized to represent those individuals expressly within the "estate" of their decedent as defined in N.Y. Estate Powers & Trusts Law § 5-4.4.  Untimely actions, filed by non-heirs under state law, should be dismissed.  This objection has, thus far, been ignored (and thousands of parents and siblings – non-heirs – have been added belatedly to this litigation).  Individuals "outside" the state-defined "estate," cannot claim that they are protected by a wrongful death filing by the "personal representative" appointed by the State of New York, *or a filing by any other family member for that matter*.

In the interest of justice, I ask the Court to consider all of the above and issue an appropriate Order on the liability of the Taliban with respect to wrongful death claims, prior to issuing Orders on an avalanche of renewed and varied motions for default judgment damages against the Taliban.

Sincerely yours,

*John F. Schutty*