# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Sean Carter, *Co-Chair* <br> Stephen A. Cozen, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

October 21, 2022

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

  Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  The Plaintiffs' Executive Committees ("PECs") write pursuant to Your Honor's Order directing the PECs to propose how the Court can decide pending, or soon to be pending, motions for default judgment against the Taliban in a way that permits those plaintiffs to "proceed on equal footing with one another." ECF No. 8590 (quoting ECF No. 8535 at 2). When the PECs wrote to the Court on September 16, 2022 (ECF No. 8535), our concern was to ensure that all plaintiffs with pending, or soon to be pending, motions filed against the Taliban had their default judgment applications treated similarly, where some had been re-filed and others were in the process of being re-filed imminently. The PECs appreciate the opportunity to address the Court here.[1]

  Since the Court's Order of July 11, 2022 (ECF No. 8198), significant work has gone into re-filing and re-submitting materials in accordance with the Court's requirements. Since then, the vast majority of motions have been renewed and are now ripe for decision. For any Plaintiffs who had not previously named the Taliban, they now have moved—or will soon do so—to amend their pleadings under Fed. R. Civ. P. 15 in a manner consistent with the process that the Court has endorsed in the *O'Neill* case within this MDL. *See, e.g.,* ECF No. 7949. Plaintiffs filing such motions anticipate filing supplemental motions for default judgment on behalf of these additional plaintiffs imminently (if they have not already been filed). We would ask that these plaintiffs be afforded a brief period of ten business days after the entry of any order permitting the addition of these plaintiffs to file corresponding motions for default judgments before the Court begins to rule upon the outstanding Taliban default motions.

  It is the intent of the PECs and the other Plaintiff firms now seeking judgments against the Taliban to place those Plaintiffs in an equal position with each other. We attach a list of the relevant

---

[1] This letter takes no position on the issue of priority among those who already hold judgments against the Taliban and those with pending motions for judgments as consensus among the firms with pending motions could not be reached.

The Honorable Sarah Netburn
October 21, 2022
Page 2

---

docket numbers now before the Court for the wrongful death/personal injury plaintiffs. *See* Exhibit A. Further, the *Ashton*, *Burnett*, and *O'Neill* Plaintiffs anticipate filing motions to add additional plaintiffs imminently, and, if granted, promptly filing motions for damage judgments on behalf of those plaintiffs, in compliance with the Court's July 11, 2022 Order. With respect to both sets of these Plaintiff groups, the PECs desire to avoid any disputes regarding priority under N.Y. C.P.L.R. § 5234 for purposes of execution. To assist in achieving this result, the PECs request that, after the Court has considered all the renewed motions for judgment against the Taliban, the Court issue its Report and Recommendation on each of the motions or renewed motions referenced in Exhibit A (in addition to those filed subsequent to this letter) simultaneously. The Court could do this in such a way that separate default judgments for each plaintiff group can thereafter also be entered by Judge Daniels on the same date. Determining the pending motions simultaneously will serve to advance the goal of preventing any plaintiff with a pending claim from being advantaged, or disadvantaged, by the fact that the Court incidentally adjudicated a given application before any other pending application. This proposed procedure would maintain equal footing among those plaintiffs who are now seeking default judgments against the Taliban. Alternatively, the Court could rule on the pending, or soon to be pending, motions seriatim, and then issue a *nunc pro tunc* order modifying the date of all the orders to a single, common date and time to avoid a chronological sequence of issuance of the judgments.

If additional information or tools (such as native file submissions) are necessary or helpful to the Court in facilitating this, we ask that the Court direct the parties and the PEC as to what would best and most efficiently assist.

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | COZEN O'CONNOR |
| By: /s/ Robert T. Haefele | By: /s/ Sean P. Carter |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| MOTLEY RICE LLC | COZEN O'CONNOR |
| 28 Bridgeside Boulevard | One Liberty Place |
| Mount Pleasant, SC 29464 | 1650 Market Street, Suite 2800 |
| Tel.: (843) 216-9163 | Philadelphia, Pennsylvania 19103 |
| Email: rhaefele@motleyrice.com | Tel.: (215) 665-2105 |
| For Personal Injury and Death Claims PEC | Email: scarter1@cozen.com |
| For Plaintiffs' Executive Committees | For Commercial Claims PEC |
| | For Plaintiffs' Executive Committees |

cc:   The Honorable George B. Daniels, via ECF
        All Counsel of Record via ECF