# SPEISER KRAUSE
## COUNSELLORS AT LAW

*800 Westchester Avenue*
*Suite South 608*
*Rye Brook, New York 10573*

PHONE: (914) 220-5333  FAX: (914) 220-5334
WWW.SPEISERKRAUSE.COM

5555 GLENRIDGE CONNECTOR, NE
SUITE 550
ATLANTA, GA 30342
T: (404) 751-0632
F: (866) 936-6382

610 OLD YORK ROAD
SUITE 200
JENKINTOWN, PA 19046
T: (215) 884-8190
F: (215) 884-8266



70 years

October 24, 2022

VIA ECF
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
      *Ashton, et al v. Al Qaeda Islamic, et al.,* 1:02-cv-06977-GBD-SN

Dear Judge Netburn,

  On behalf of the over 800 estates of victims killed in the September 11, 2001 Terrorist Attacks and the thousands of their family members that are the *Ashton* consolidated action, we write to provide a proposal that we believe would best allow all plaintiffs "to proceed on equal footing with one another" as to pending default judgments against the Taliban.  ECF No. 8535.

  The PECs denied our requests to include this proposal in their letter to the Court and failed to also inform the Court that the *Ashton* plaintiffs objected to the single proposal contained in that letter.

  We therefore submit this supplemental letter to submit our proposal before the Court.  The intent of the proposal of the *Ashton* plaintiffs is to avoid any risk going forward of prioritizing one group of plaintiffs over another, an effort the *Ashton* plaintiffs have consistently pursued.

  Under N.Y. C.P.L.R. § 5234(b), a judgment holder obtains priority based on the timing of when a judgment is "delivered."  Given this provision, and the history to date of different groups of plaintiffs arguing for priority under that provision, the *Ashton* Plaintiffs asked that the PECs include a suggestion that all plaintiffs agree to the issuance of a single monetary judgment that would aggregate the collected default damages judgments filed by each group of plaintiffs.  This would have the certain effect of preventing any single group of plaintiffs from delivering a judgment (even if issued at the same time as other judgments) before any other group of plaintiffs, as there would only be a single monetary judgment that reflects the collective damages awarded to *all* 9/11 Families.

SPEISER KRAUSE

In sum, it is our proposal that:

1. the Court consider all pending motions and any additional filings within the time the PECs proposed;

2. plaintiffs file a proposed omnibus judgment that aggregates all of the money damages sought, with exhibits to that judgment showing the individual claims for damages of each group; and

3. the Court issue an Order that represents the omnibus judgment amount.

While this proposal may be imperfect, the sole proposal presented by the PECs may undermine the "equal footing" of all plaintiffs.  For example, the PECs' proposal may rely on an out of court agreement made by some of the parties not to race each other to execute before any *nunc pro tunc* order entered by the Court, a pledge many plaintiffs may be unable or unwilling to make.  Despite the PEC's refusal, we strongly believe that both options should have been presented to the Court, which is in the best position to decide the equitable path forward on this significant issue.

What also became clear during these discussions is that there clearly remains a substantial conflict between the interests of the *Federal* and *Havlish* plaintiffs with the vast majority of 9/11 Families.  Significantly, the parties that have continued to seek to prioritize their judgments over all others are now the same parties actively working through the PECs to direct the process by which others should obtain their judgments. As the Court is aware, and despite the Court's admonition that any potential distribution should not be on a "first come, first served" basis, the commercial and *Havlish* plaintiffs have consistently sought (and still seek) to satisfy their judgments ahead of the most of the 9/11 Families. And based upon our understanding of the so-called "Framework Agreement," any other reluctant parties to the agreement (those who are not yet Taliban judgment holders) must support those claims of priority in order to secure their potential for a small recovery out of the commercial and *Havlish* plaintiffs' judgments under the agreement.[1]  Therefore, any members of the PEC who are parties to the Framework Agreement simply cannot advance any position that challenges the priority of the *Federal* and *Havlish* judgments lest they lose their potential to share in those judgments. As the Court is well aware, the *Ashton* plaintiffs are not parties to the Framework Agreement, and instead believe in "equal footing" for all.

It is unfair and inappropriate that the counsel for parties seeking to claim priority over all others be the sole voice on a process in which all 9/11 victims should be treated on equal footing (as directed by the Court).  Indeed, counsel for those parties (including the signatories to the "Framework Agreement") are attempting through the PECs to advance their interests on this issue ahead of others, to the potential detriment of *Ashton* and other affected plaintiffs.

---

[1] We also note that it was only "[t]he PEC for the Wrongful Death and Personal Injury claims" that asked to meet with the Court to address an "equal footing" process. ECF 8535 at 2.

SPEISER KRAUSE

We thank the Court for its consideration of this alternate proposal on behalf of the more than 800 9/11 victims and the thousands of their family members represented by the undersigned.

                              Respectfully submitted,

                              Speiser Krause, PC
                              /s/ Jeanne M. O'Grady
                              Jeanne M. O'Grady, Esq.
                              800 Westchester Ave, Ste. S-608
                              Rye Brook, NY 10573
                              (914) 220-5333
                              jog@speiserkrause.com

                              Baumeister & Samuels, P.C.

                              /s/ Dorothea M. Capone
                              Dorothea M. Capone, Esq.
                              140 Broadway, 46th Floor
                              New York, New York 10005
                              (212) 363-1200
                              tcapone@baumeisterlaw.com

                              Kreindler & Kreindler LLP

                              /s/ Megan W. Benett
                              Megan W. Benett, Esq.
                              485 Lexington Avenue, 28th Fl.
                              New York, NY 10017
                              (212) 687-8181
                              mbenett@kreindler.com