## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

October 26, 2022

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees write to respond to *Ashton* counsels' October 24, 2022 letter (ECF No. 8666), which addressed the PECs' October 21, 2022 letter to the Court (ECF No. 8663). While avoiding disclosure of exchanges protected as attorney work product, the PECs advise the Court that we spent substantial time communicating among counsel for plaintiffs with default motions pending against the Taliban and assessing the positions offered. Ultimately, the view the PECs expressed at ECF No. 8663 was grounded in the law and intended to avoid an order that may disadvantage a party by creating unnecessary pitfalls in potential future enforcement actions.

Though the PECs carefully considered what *Ashton* counsel has proposed, we did not include that proposal in the submission to the Court because of the risks attendant to tying all the cases together into a single order. Notably, during potential future enforcement proceedings, which may proceed before other courts, each stage of each plaintiff group's final judgment may be assessed from the filing of the complaint through service and then from service through each step of the process leading to the entry of a final, enforceable judgment. If all the plaintiffs' groups are combined into a single order, a Court overseeing an enforcement action may ultimately be faced with an impossibly entangled knot, endangering the enforceability of one plaintiff group's judgments due to complications introduced by another group's procedural issues.

While the PECs are not prejudging complications any group may face, we have declined to propose a procedure that could unduly disadvantage one or more groups, certainly without unanimous consent of all the stakeholders—which was not the case here.

Accordingly, while the PECs recommend that the Court adjudicate the remaining default applications against the Taliban in a manner that prevents any party from gaining advantage simply by the fortuitous circumstance that one is decided before another, for the reason expressed here, we have not proposed to tie all the plaintiffs' groups together in a single order.

The Honorable Sarah Netburn
October 26, 2022
Page 2

    Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ Robert T. Haefele | By: /s/ Sean P. Carter |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| JODI WESTBROOK FLOWERS | J. SCOTT TARBUTTON |
| DONALD A. MIGLIORI | COZEN O'CONNOR |
| MOTLEY RICE LLC | One Liberty Place |
| 28 Bridgeside Boulevard | 1650 Market Street, Suite 2800 |
| Mount Pleasant, SC 29465 | Philadelphia, Pennsylvania 19103 |
| Tel.: (843) 216-9184 | Tel.: (215) 665-2105 |
| Email: rhaefele@motleyrice.com | Email: scarter@cozen.com |
| For the Plaintiffs' Exec. Committees | For the Plaintiffs' Exec. Committees |

cc:    The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF