UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

No. 03-MD-01570 (GBD) (SN)

This document relates to: *All Actions*

---

### SUPPLEMENTAL DECLARATION OF ANDREW MALONEY IN SUPPORT OF KREINDLER & KREINDLER LLP'S MOTION TO STAY

I, Andrew J. Maloney, III, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1. I submit this declaration to supplement my October 5, 2022 corrected declaration, ECF No. 8613, in support of the renewed motion of Kreindler & Kreindler LLP ("K&K") to stay the Opinion and Order of Magistrate Judge Sarah Netburn, dated September 21, 2022 (the "Order"), insofar as it ordered the immediate removal of K&K from the Plaintiffs' Executive Committee for Death and Injury Claims ("PEC" or "Committee").[1] ECF No. 8544. In its October 17, 2022 Memorandum Decision and Order, this Court denied "without prejudice" K&K's motion by proposed order to show cause for a stay pending resolution of K&K's then-anticipated Rule 72 objections, ECF No. 8607, and scheduled oral argument of those objections for December 8, 2022. ECF No. 8642. On October 25, 2022, K&K filed its objections (the "Objections"). ECF No. 8681. K&K is filing the instant motion returnable on December 8, 2022, so that this Court can consider during oral argument of the Objections whether to stay that

---

[1] For clarity, "PEC" or "Committee" refers only to the Plaintiffs' Executive Committee for Death and Injury Claims, not the Plaintiffs' Executive Committee for Commercial Claims, which is referenced herein as the "Commercial Claims PEC."

portion of the Order immediately removing K&K from the PEC pending the resolution of the Objections, because of the threat of irreparable harm to the 9/11 death and injury plaintiffs. Such removal, before resolution of the Objections, causes a drastic change in a nearly 20-year status quo.

2. As stated in my corrected declaration dated October 5, 2022, K&K continues at this time to assemble the proof, actively investigate the facts, and develop evidence as part of the prosecution of the case against Defendant Kingdom of Saudi Arabia ("Saudi Arabia"). That work involves close and trusted relationships between K&K and investigators, consultants and experts who have worked solely with K&K during this litigation. The immediate removal of K&K from the PEC threatens harm to the development of K&K's investigatory and discovery work to the detriment of all 9/11 death and injury plaintiffs. While K&K can provide further details, it can do so at the present time only on an *ex parte* basis, to protect its work product.

3. In addition, it is expected that the PEC will be required to address a series of key matters in the coming months. Pending before Magistrate Judge Netburn are motions under Federal Rule of Civil Procedure 54 to revise this Court's prior March 2018 order, and for further discovery. ECF Nos. 7431, 7481. Once these motions are decided, the PEC must immediately make strategic decisions and take the proper steps to move the litigation forward. Saudi Arabia has already made clear that it seeks to file a renewed motion to dismiss. *See* ECF No. 8542 (denying Saudi Arabia's motion for a schedule for its motion to dismiss "without prejudice to renew following the resolution of the Rule 54 motions"). If after the Magistrate Judge's rulings Saudi Arabia renews its motion to dismiss, the PEC must work promptly to assemble and prepare the vast factual record—including depositions, documents, witness statements, and expert reports. K&K's role in developing the factual record against Saudi Arabia has been unique and

2

the knowledge, familiarity, and relationships that K&K has developed over the past five years cannot be readily replaced. The immediate removal of K&K from the PEC in connection with that briefing would thus irreparably harm all of the wrongful death and personal injury plaintiffs.

4. The immediate removal of K&K from the PEC has and will continue to negatively impact the proper functioning of this litigation and representation of all plaintiffs in other areas as well. The PEC structure encouraged the death and injury firms to work together (and join with the Commercial Claims PEC led by Cozen O'Connor P.C. on issues where our interests were aligned) to present a single submission to the Court on behalf of all plaintiffs. The PEC structure with K&K and Motley Rice LLC as co-lead counsel motivated counsel to resolve disagreements, incorporate different viewpoints, and keep separate pleadings to a minimum.

5. Without that structure, the PEC does not have the same incentive to work cooperatively and collaboratively. One example of the issues arising out of the new PEC structure occurred last week, when the newly reconstituted PEC, now absent K&K and led solely by Motley Rice, filed its response to Magistrate Judge Netburn's request for a proposal on how to proceed with pending motions for judgments against the Taliban in a way that permits plaintiffs to "proceed on equal footing with one another." ECF No. 8590. The response of the PEC (which filed its letter jointly with the Commercial Plaintiffs PEC) included only one proposal to the Magistrate Judge that did not include the alternate proposal of the *Ashton* Plaintiffs, who constitute approximately one-quarter of the wrongful death plaintiffs (and a vast majority of the injury plaintiffs). *See* ECF No. 8663. Writing on behalf of the *Ashton* Plaintiffs, Speiser Krause P.C. advised the Magistrate Judge that the PEC "denied [*Ashton*'s] requests to include this proposal in their letter to the Court and failed to also inform the Court that the *Ashton* plaintiffs objected to the single proposal contained in that letter." ECF No. 8666. This

3

example, among others, arises directly from an immediate and fundamental shift in the PEC's structure after a nearly 20-year status quo.

6. As detailed in K&K's Rule 72 objections, (i) the Magistrate Judge issued sanctions against K&K under Rule 37(b) without authorization, (ii) the Magistrate Judge's finding that K&K "willfully breached" the governing protective orders cannot be sustained as a matter of law in light of the full record, and (iii) the sanctions imposed on K&K are neither just nor commensurate with the breach. ECF No. 8681. For these reasons and the reasons stated above, the pending risk of irreparable harm to 9/11 death and injury plaintiffs, coupled with the imposition of sanctions contrary to law, warrant the requested stay of K&K's immediate removal from the PEC, pending resolution of K&K's Objections.

Dated: New York, New York
   November 3, 2022

                        _____
                        Andrew J. Maloney, III