UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> Ashton, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-06977
> Bauer, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-07236
> Ryan, et al. v. Islamic Republic of Iran, et al., No. 20-cv-00266

On October 17, 2022, Patricia Ryan, Kristen Ryan, Colin Ryan, Laura Ryan, Katherine Maher, Daniel Maher, and Joseph Maher (collectively, "Plaintiffs") moved to sever their claims against the Taliban and the "Saudi defendants" from Bauer, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-07236 ("Bauer"), under Rule 21 of the Federal Rules of Civil Procedure. ECF No. 8644 at 2.[1] They also requested leave to file a short form complaint against the Taliban in a new member case to be consolidated with Ashton, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-06977 ("Ashton"). Id.

Plaintiffs' prior counsel, Baumeister & Samuels, P.C. ("Baumeister"), oppose severance on the grounds that Plaintiffs have no live claims in Ashton or Bauer, and therefore there is nothing for the Court to sever. ECF No. 8648 at 3. Plaintiffs, however, believe that their claims against the Taliban and the Saudi defendants remain in Ashton and Bauer and only their Iran

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

claims have been removed to Ryan, et al. v. The Islamic Republic of Iran, et al., No. 20-cv-00266 ("Ryan"). ECF No. 8650.

## DISCUSSION

The parties' current dispute has its genesis in Plaintiffs' September 2019 motion to substitute counsel. Plaintiffs named Dennis Pantazis of Wiggins Childs Pantazis Fisher Goldfarb LLC ("Wiggins Childs") as their new attorney. ECF Nos. 5164, 5165. Baumeister partially opposed the Plaintiffs' motions. ECF Nos. 5169, 5171.

On November 26, 2019, the Court held a conference to discuss the parties' central concern, which related to a charging lien. During the conference, the Court observed that it seemed "appropriate that [the] substitution should be granted and that the plaintiff[s] should be moved into a new case so that they can be represented by new counsel." ECF No. 5354 at 3:16–18. At the conclusion of the hearing, the Court directed the parties to "file a stipulation . . . to move these plaintiffs out of the Ashton and Bauer cases and into a new case." ECF No. 5354 at 27:23–25. Following the hearing, the Court issued an order granting the motions to substitute and stating:

> By Tuesday, December 10, 2019, Plaintiffs are directed to voluntarily withdraw their claims from the Ashton and Bauer actions and file a new member case associated with the Havlish action, or otherwise file a status letter indicating how Plaintiffs will be removed from their current complaints.

ECF No. 5312. Nothing in the order limited the withdrawal to Plaintiffs' Iran claims.

Thereafter, Plaintiffs submitted a status letter in December 2019 indicating that they planned to file a "motion to remove and transfer the claims from their current complaints" into a "new Complaint to be entitled Ryan, et al. v. The Islamic Republic of Iran, et al." ECF No. 5374 at 2. They filed that motion on January 6, 2020, and a corrected version on January 8, 2020. ECF Nos. 5444, 5464. The accompanying memorandum of law states: "All of the Ryan Plaintiffs

2

have voluntarily withdrawn their claims from the Ashton, Bauer and Burnett actions." ECF No. 5465 at 15. The Court granted Plaintiffs' motion on January 9, 2020. ECF No. 5480.

On August 3, 2020, Plaintiffs filed a motion seeking to "transfer[]" their claims against Sudan from the Ashton and Bauer cases into a new member case using a short form complaint. ECF No. 6354. The Plaintiffs acknowledged that the Court had directed Plaintiffs' claims to "be moved into a new case to be captioned Ryan, et. al.," but noted that, "[o]n the advice of co-counsel for European judgment enforcement, only defendants associated with Iran were made a part of the Ryan case." ECF No. 6350 at 4. The Plaintiffs specifically stated that they had not pursued their claims against Sudan and the Kingdom of Saudi Arabia for this reason. The Court denied the motion without addressing the status of Plaintiffs' claims in Ashton and Bauer. ECF No. 6374.

Separately, two Plaintiffs, Daniel and Joseph Maher, recently joined MDL member case Grazioso, et al. v. Islamic Emirate of Afghanistan, a/k/a The Taliban, et al., No. 22-cv-01188. This further indicates that Plaintiffs have no live claims against the Taliban in Ashton and Bauer.

The remaining Plaintiffs filed a notice of amendment and a motion for default judgment against the Taliban on October 14, 2022. ECF Nos. 8636, 8638. The default judgment motion is premised on a certificate of default issued in Ashton and therefore is proper only if Plaintiffs' Taliban claims remain in Ashton.

In short, Plaintiffs were ordered to withdraw their claims from Ashton and Bauer; they represented that they had done so in a motion to transfer their claims to a new member case; and then, as part of their litigation strategy, they chose to bring claims only against Iran in Ryan. On these facts, the Court is inclined to deny the motion to sever as moot.

A conference is SCHEDULED for Friday, November 18, 2022, at 10:00 a.m. in Courtroom 110, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, to discuss the status of any live claims against the Taliban and the Kingdom of Saudi Arabia. If this date is unavailable for any party, please contact Courtroom Deputy Rachel Slusher immediately at (212) 805-0286.

If the conference confirms the Court's tentative conclusion, the Court will deny the motion to sever and direct the Plaintiffs' current counsel to meet with the Plaintiffs' Executive Committees to propose a process for filing new claims against the Taliban via a short form complaint or other similar mechanism.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   November 4, 2022
         New York, New York