**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

This document relates to:

*Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.,* 02-cv-7236 (GBD)(SN)
*Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN)
*Schneider et al. v. Islamic Republic of Iran,* 02-cv-7209 (GBD)(SN)

**DECLARATION OF ANDREW J. MALONEY IN SUPPORT OF PLAINTIFFS' MOTION TO CLARIFY PLEADINGS RELATED TO MULTIPLE-CAPACITY CLAIMS**

I, ANDREW J. MALONEY, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.     I am an attorney representing the plaintiffs in the above-referenced matter and a partner at Kreindler & Kreindler LLP ("Kreindler & Kreindler").  I am familiar with the facts and circumstances of this case and am admitted to practice in this Court.

2.     I submit this Declaration in support of the consolidated-*Ashton* Plaintiffs' motion to Clarify Their Pleadings Related to Multiple-Capacity Claims in the actions titled. *Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977, *Bauer et al. v. al Qaeda Islamic Army, et al.,* 02-cv-7236, *Burlingame v. Bin Laden, et al.,* 02-cv-7230, and *Schneider et al. v. Islamic Republic of Iran,* 02-cv-7209 (the "*Ashton* plaintiffs").

3.     The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Ashton* Plaintiffs in connection with their claims arising out of the terrorist attacks on September 11, 2001, my discussions with these plaintiffs and other family members of these

plaintiffs and my familiarity with their case files; and my discussions with counsel for the

*Bauer*, *Burlingame* and *Schneider* Plaintiffs, whose claims are consolidated with *Ashton*. Any

matters about which I lack personal knowledge are asserted herein upon information and belief.

4.      I submit this Declaration in support of the *Ashton* Plaintiffs' motion to clarify the

multiple capacities of the plaintiffs previously named in the *Ashton* Sixth Amended Complaint,

as set forth in Exhibit A (*Ashton* Plaintiffs), Exhibit B (*Bauer* Plaintiffs), Exhibit C

(*Burlingame* Plaintiffs) and Exhibit D (*Schneider* Plaintiffs) in the above-captioned action.

5.      On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against

the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11,

2001 terrorist attacks.  *See* 02-cv-6977 (S.D.N.Y.) ECF 1.  That complaint was consolidated

and amended several times, with the final one being the Sixth Amended Complaint. *See, e.g.,*

02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

6.      Pursuant to this Court's order, the *Ashton* Plaintiffs served all non-sovereign

Defendants by publication. ECF 445 at 1, 8, 11.  Verification of service by publication on the

non-sovereign defendants was provided on March 16, 2005 and March 31, 2005, for publication

in both English and Arabic, consistent with the service Order. ECF 709, 735.[1]  After defendants

failed to answer, the *Ashton* Plaintiffs moved for a Certificate of Default and a default

judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797.  The Court

stated that the liability judgment applied to all claims, plaintiffs and defendants included up to

---

[1] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

and through the Sixth Amended Complaint. *See* ECF 1797.[2]

7.      On March 10, 2004, the Court entered Case Management Order No. 1 which

provided, among other things, that "Plaintiffs may, without further leave of court add or remove

parties by supplemental pleadings under Rule 15(d)." *See* ECF 16.

8.      On June 16, 2004, the Court issued Case Management Order No. 2, which

provided, among other things that plaintiffs were allowed:

> without further leave of court add or remove parties by listing their names and
> filing the lists as supplemental pleadings under Fed.R.Civ.P 15(d).  The caption
> in the docket for the Individual Action to which a plaintiff or defendant has been
> added or removed will be changed to reflect the names of the parties in the
> Individual Actions as amended by the filing.  Plaintiffs added by this procedure
> need not re-serve defendants who have already been served.

ECF No. 247.

9.      While all of the plaintiffs set forth on the attached Exhibits A, B, C and D

appear by name in the Sixth Amended Complaint (as verified by my office for Exhibit A and by

those law firms representing the plaintiffs on Exhibits B, C and D) and though the Sixth

Amended Complaint  asserted claims for those plaintiffs on their individual basis (including,

where the plaintiffs were minors at the time of filing, by their parent, guardian or fiduciary), the

caption of the Sixth Amended Complaint does not state those multiple-capacities for the named

plaintiffs.

10.     The purpose of the current motion is to provide clarity to the Court of the

identities of all of the parties in the *Ashton* litigation and to set forth those claims asserted by

named plaintiffs in their individual as well as representative capacities and to provide the names

of children of the victims killed on September 11, 2001 in the Terrorist Attacks who were

---

[2] The default judgment stated that it applied to all defendants "listed in Exhibit B" who had been
"served by publication pursuant to an Order of this Court … ." ECF 1797.

minors at the time their claims were filed and who are now asserting claims in their own right as real parties in interest.

11.      Exhibits A, B, C and D attached hereto, include the following columns that clarify the multiple capacities in which the named plaintiffs were pursuing claims as follows:

     a.  The first column provides the "9/11 Decedent's Name," listing the name of the individual victim killed on September 11, 2001 in the Terrorist Attacks;

     b.  The second column provides the "Plaintiff Currently Named in Complaint Identifying Representative Capacity of 9/11 Decedent," which states the representative capacity listed in the Sixth Amended Complaint;

     c.  The third column is the "Already-Named Plaintiff's Individual Capacity," providing the nature of the individual claim asserted by that multiple-capacity plaintiff for purposes of the clarified caption;[3]

     d.  The fourth column provides, where applicable, the already-named "Plaintiff's Capacity as Parent, Guardian or Fiduciary of Previously Minor Child";

     e.  The fifth column provides the name of the no-longer minor child who is now named in their individual capacity for purposes of the clarified caption;[4] and

     f.  The sixth column provides the nature of the claim, all of which arise out of the wrongful death of the decedent on September 11, 2001 in the Terrorist Attacks.

12.      All of the plaintiffs listed in Exhibits A, B, C and D were part of the Sixth Amended Complaint, docketed at ECF 465.

13.      For plaintiffs in those exhibits whose name has changed; where the previously-

---

[3] In some circumstances, Plaintiffs' names have been corrected in the second or third column to reflect changes to their marital status or updates to the capacities of estate representatives and are noted in the exhibits that accompany this Declaration as such.  Any further name or estate representative changes will be made by motion to this Court separately.

[4] Certain of these entries list the surviving parent, guardian or fiduciary bringing the claim on behalf of these formerly minor children where the formerly-minor children have not yet retained counsel as adults to pursue claims on their behalf at the present time.

named plaintiff has died and has been recently replaced by a new plaintiff; or where the name

was previously incorrect due to a scrivener's error, that is noted by asterisk in each table, with

the corrected information now verified by counsel representing that plaintiff.

14.     Included with this motion is a proposed Order permitting the supplementation

of the *Ashton* Plaintiffs' Sixth Amended Complaint with this clarifying information on the

identity of the multiple-capacity Plaintiffs and determining that this clarification relates back to

when the real party in interest first filed their claim in this litigation based on the information

provided in Exhibits A, B, C and D.

15.     This Court previously granted substantially similar relief on the same basis as

asserted herein to other plaintiffs. *See, e.g.,* ECF 4778, 8487.


Dated: November 4, 2022
        New York, New York

                                        /s/ Andrew J. Maloney, III
                                        Andrew J. Maloney, III