UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/07/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

>  Ashton, et al. v. al Qaeda Islamic Army, et al, No. 02-cv-06977
>  Bauer, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-07236
>  Burlingame, et al. v. Bin Laden, et al., No. 02-cv-07230
>  Schneider, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-07209

Plaintiffs in Ashton, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-06977 ("Ashton"), Bauer, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-07236 ("Bauer"), Burlingame, et al. v. Bin Laden et al., No. 02-cv-07230 ("Burlingame"), and Schneider, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-07209 ("Schneider"), (collectively, the "Ashton Plaintiffs"), move to amend their complaint under Federal Rule of Civil Procedure 15. ECF Nos. 8713.[1] They also request certain additional considerations to facilitate amendment.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave. Courts are directed to "freely give leave when justice so requires." Id. This decision is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v. Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)). See Foman v. Davis, 371 U.S. 178,

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . ."). These claims are not futile, will not unduly delay these proceedings or prejudice the Taliban, and were not filed in bad faith or with a dilatory motive. The Ashton Plaintiffs' motion is therefore GRANTED, and it is further ORDERED that:

- The underlying Sixth Amended Complaint in Ashton, No. 02-cv-06977, is amended to include the parties identified in the Ashton Plaintiffs' exhibits at ECF Nos. 8715-1, 8715-2, 8715-3, and 8715-4 as parties in the action against the Taliban;

- These amendments supplement, but do not displace, the underlying operative Sixth Amended Complaint in Ashton, No. 02-cv-06977;

- Prior rulings, orders, and judgments entered in this case remain in effect as to all parties; and

- Further service on the Taliban is not required as a result of these amendments, and prior service orders apply, including the Court's order on service by publication at ECF No. 445.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 8713 and the related motions at ECF No. 1825 in Ashton, No. 02-cv-06977, ECF No. 201 in Bauer, No. 02-cv-07236, ECF No. 257 in Burlingame, No. 02-cv-07230, and ECF No. 93 in Schneider, No. 02-cv-07209.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 7, 2022
         New York, New York