

**KIRSCH &**
**NIEHAUS**

**EMILY KIRSCH**
150 E. 58TH STREET  22ND FLOOR
NEW YORK, NY  10155
**O** (212) 832-0170
**M** (917) 744-2888
EMILY.KIRSCH@KIRSCHNIEHAUS.COM
KIRSCHNIEHAUS.COM

November 8, 2022

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

This firm, together with Morvillo Abramowitz Grand Iason & Anello P.C., represents Kreindler &
Kreindler ("K&K") in connection with the Court's Opinion and Order, dated September 21, 2022
(the "Order"). This letter addresses Defendant Kingdom of Saudi Arabia's suggestion, in its reply
brief in support of its motion for attorneys' fees ("Reply Brief"), that K&K "declined" to meet and
confer regarding reasonable attorneys' fees as directed by the Court.  *See* ECF 8699 at p. 1 & n.1.
Because Saudi Arabia raised the issue only in its Reply Brief, and because Saudi Arabia is wrong on
both the facts and the law, we write to correct the record.[1]

First, Saudi Arabia did not suggest in its moving papers that there was any failure to meet and
confer. This Court should therefore reject Saudi Arabia's argument for this reason alone. S*igmon v.
Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 677 n.5 (S.D.N.Y. 1995) (arguments may not
be made for the first time in a reply brief) (collecting cases).

Second, Saudi Arabia misstates the facts. Though directed to meet and confer on a reasonable fee
within two weeks of the Order, Saudi Arabia did not reach out to K&K until ten days later, on
Saturday, October 1, 2022. Saudi Arabia sent a three sentence email that did not seek to meet and
confer as directed, but conclusively stated, with no backup or explanation, that "Saudi Arabia
intends to seek $1,401,869.00 in fees and $36,504.42 in costs. Please let us know whether Kreindler
and Kreindler will agree to pay these amounts." A true and correct copy of the e-mail chain between
Emily Kirsch and Andy Shen is attached as Exhibit A.[2]

Counsel for K&K requested the backup "in order to have a productive call once we have had a
chance to review." *Exhibit A.* Saudi Arabia sent the requested backup at 7:51 pm Monday night,

---

[1] By merely correcting the record and Saudi Arabia's misstatements with respect to this one belated
argument, K&K does not intend to waive and does not waive any of its other opposition arguments.
[2] Exhibit A is identical to Exhibit J to Saudi Arabia's motion for attorneys' fees, ECF 8624-10, except that
Saudi Arabia's version of the email chain notably omits the last message in which Mr. Shen declines to speak
further with Ms. Kirsch despite her offer "I am available to discuss.""

# KIRSCH & NIEHAUS

October 3. (When Saudi Arabia was forced to produce the backup, it inexplicably revised its fees downward). *Id.* K&K immediately flagged that it had questions and concerns about the request's reasonableness based on a quick review, but because counsel would be out of the office beginning mid-afternoon on Tuesday October 4 for Yom Kippur, the mere five business hours Saudi Arabia afforded K&K would not provide time to review the records carefully, confer with the client, and meet and confer meaningfully before the October 5 filing deadline. *Id.*

Saudi Arabia, recognizing that it had been dilatory, unilaterally sought an extension from this Court. ECF 8612.[3] Counsel then sought to meet and confer on Friday, October 7, but schedules did not align. *Id.* K&K therefore previewed its position in writing, noting that we "certainly have questions and concerns about the ***reasonableness of the rates, the number of people involved, the number of tasks undertaken and the number of hours spent on each task.***" *Id. (emphasis added)*. Though it was K&K's position that no fee is reasonable while its objections are pending, the e-mail clearly stated: "I am available if you still wish to discuss." *Id.* It was Saudi Arabia that declined to further discuss or hear the specifics, not K&K. *See id.* (Mr. Shen responding, "We will note your position. Have a good weekend.").

These facts are not only a far cry from the facts of the *Freedom Watch* case,[4] miscited by Saudi Arabia, but are also a far cry from the misleading narrative presented by Saudi Arabia, suggesting that K&K did not take its meet and confer obligations seriously. ECF 8699 at p. 1. K&K absolutely met and conferred in good faith, gave Saudi Arabia fair notice that it found (i) the rates; (ii) number of timekeepers; (iii) number and scope of tasks; and (iv) amount of time spent on each task all unreasonable. Saudi Arabia declined to make itself available to discuss the specifics. What is more, by failing to advise the Court in its initial application of these four points of unreasonableness raised by K&K, Saudi Arabia did not in fact "note [K&K's] position" fully as it said it would.

Third, Saudi Arabia's suggestion that there is legal support for the argument that this Court has a basis to disregard K&K's objections is also misguided. In *Freedom Watch,* the relevant party was twice specifically ordered to meet and confer to "narrow the issues in dispute," but the party's counsel repeatedly refused to talk with his adversary over a period of months about the issues, did not review the underlying material subject to the order to meet and confer, and specifically told opposing counsel "I don't care to narrow the issues." *Id.* at 22. Here, counsel for K&K indicated the categories of reasonableness objections and was available to discuss. Saudi Arabia declined to hear the details. Saudi Arabia's belated and meritless argument that the Court may disregard K&K's objections as a procedural matter must be rejected.

Respectfully Submitted,


_____*/s/ Emily Kirsch*_____
Emily Bab Kirsch

---

[3] Saudi Arabia's statement that it requested extra time for K&K to "further review" the provided fee-and-expense schedule backup is misleading – at best. Reply at 1.
[4] *Freedom Watch, Inc. v. U.S. Dep't of State,* 324 F.R.D. 20, 21-23 (D.D.C. 2018).