UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:
*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN)

**Declaration of Frank H. Granito, III, in Support of Certain *Burlingame III* Wrongful Death Plaintiffs' Motion for Final Judgments Against the Taliban**

I, FRANK H. GRANITO, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1. I am an attorney representing the plaintiffs in the above-referenced matter (the "*Burlingame III* Plaintiffs") and a partner at Speiser Krause, P.C. ("Speiser Krause") and I submit this declaration in support of the Speiser Krause *Burlingame* motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("*Burlingame* 9/11 Decedents"), and their immediate family members or functional equivalents. This motion seeks the following relief:

    a. awarding the Estates of 9/11 Decedents identified in Exhibit A-1, through their personal representatives, an award for conscious pain and suffering and economic damages, which will constitute a final judgment in the amounts set forth on Exhibits A-1;

    b. awarding the immediate family members of the *Burlingame* 9/11 Decedents, identified in Exhibits A-1 and A-2 an award for solatium damages, which will constitute a final judgment in the amounts set forth on Exhibits A-1 and A-2;

    c. granting those Plaintiffs identified on those exhibits as asserting claims under the Anti-Terrorism Act treble damages, as set forth on Exhibit A-1;

    d. awarding the Plaintiffs identified on those exhibits pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

  e. granting the Plaintiffs identified in those exhibits permission to seek punitive damages, economic damages, to the extent those damages are not requested in this motion, and other appropriate damages at a later date; and,

  f. granting permission for all other *Burlingame* plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief); 8198 (listing the information that must be included in future motions for default judgments).[1]

Procedural Background

3. On September 10, 2002, the *Burlingame* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others. See 02-cv-7230 (S.D.N.Y.) ECF 1.[1] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.* (hereinafter "Ashton") master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv-6977, Doc. No. 5, Entered 11/19/2002. The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6977, Doc. No.

---

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

2

465, filed 03/30/2005. The master complaint was amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465. The Ashton plaintiffs (including the *Burlingame III* plaintiffs) amended their Sixth Amended Complaint to add additional plaintiffs and to clarify pleadings for multiple-capacity claims. See, e.g., 02-cv-6977 (S.D.N.Y.) ECF 1837, 1839, 1842. In granting these amendments, the Court Ordered that "prior rulings, orders, and judgments entered in this case remain in effect as to all parties," and, further, that "service on the Taliban is not required as a result of these amendments." *Id*.

4.     Speiser Krause, PC represents some but not all of the plaintiffs set forth on the *Burlingame* complaints. I anticipate that counsel for the non-Speiser Krause plaintiffs on the *Burlingame* complaints to separately move for relief similar to what is sought in this motion.

5.     Pursuant to this Court's order, the *Ashton* Plaintiffs (including the *Burlingame III* Plaintiffs) served the *Taliban* by publication. ECF 445 at 1, 8, 11.  Verification of service by publication on, among others, the *Taliban*, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[2] The *Taliban* never answered, and the *Ashton* Plaintiffs (including the *Burlingame III* Plaintiffs) thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797; *see also* Exhibit B hereto (true and accurate copy of the

---

[2] The publication notices directed the named defendant to the MDL docket and advised both in English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2. The jurisdictional and factual allegations against the Taliban Defendants as set forth in the operative complaint at the time of service did not change in subsequent amendments. *Compare* 02-cv-6977 (S.D.N.Y.) (*Ashton* Consolidated Master Complaint, Filed 03/06/2003), ECF 11 at ¶¶ 2, 10-12, 112-14, 178-79, 600, 602-03, 605-06, 608-09, 610-12, 615-19 *with* 02-cv-6977 (S.D.N.Y.) (Sixth Amended Complaint, Filed 09/03/2005) ECF 465 at ¶¶ 2, 10-12, 78-79, 123-25, 464-66, 469-70, 473-74, 477-78, 481-82. As discussed *supra*, the recent Orders amendments which added plaintiffs and clarified the capacities of previously named plaintiffs, directed that further service was not required. See, e.g., 02-cv-6977 (S.D.N.Y.) ECF 1837, 1839, 1842.

filing listing those *Ashton* Plaintiffs (including the *Burlingame III* Plaintiffs)) for whom a liability judgment was sought) and Exhibit C hereto (true and accurate copy of the filing listing those defendants against whom a liability judgment was sought, including the *Taliban*).[3] That is, as of May 12, 2006, all of the *Ashton* Plaintiffs (including the *Burlingame III* Plaintiffs) named as of the Sixth Amended Complaint had a liability default judgment against the *Taliban* Defendants, among others.

6. The *Burlingame III* Plaintiffs now seek final damages judgments against the *Taliban* Defendants.

Damages Due Diligence:

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Burlingame III* Plaintiffs in connection with this litigation; communications directly from family members of the *Burlingame* 9/11 Decedents and personal injury Plaintiffs listed in Exhibits A-1 and A-2; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Burlingame III* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. Those *Burlingame* 9/11 Decedents listed in Exhibit A-1 died in the September 11,

---

[3] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint and referred to the plaintiffs listed in Exhibit A and the defendants in Exhibit B. *See* ECF 1797. The Exhibits B and C filed herewith are the documents to which the May 12, 2006 order referred. Thus, when referring to *Burlingame* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are the personal representatives or immediate family members of the estates added to the Sixth Amended Complaint.

2001 terrorist attacks. My law firm has been retained by the representatives of the estates of the *Burlingame* 9/11 Decedents listed in Exhibit A-1 to represent those estates.

9. For the *Burlingame* 9/11 Decedents listed in Exhibit A-1, we have confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and / or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")) or personal interviews and / or written communications with the representatives of the Estates of those 9/11 Decedents and / or the family members of those 9/11 Decedents. The 9/11 Decedents listed in Exhibit A-2 non-U.S. citizens killed on September 11, 2001.

10. Exhibit A-1 sets forth the compensatory damages amount this Court previously awarded to the Estates of the *Burlingame* 9/11 Decedents for conscious pain and suffering in connection with claims asserted against defendant the Islamic Republic of Iran ("Iran").

11. Exhibit A-1 also sets forth claims by the Personal Representatives of the estates of the *Burlingame* 9/11 Decedents seeking an award of economic damages in the amounts listed therein. For those estates seeking economic damages, such amounts are based upon reports prepared by an economic expert who, relying on materials provided by plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty. The underlying materials included economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with our prior

5

motion for economic damages on behalf of the estates of the *Burlingame* 9/11 Decedents, and are the same amounts that this Court granted following prior motions for economic damages in connection with claims asserted against Iran.

12. Exhibit A-1 lists the MDL ECF docket filings that correspond to the pain and suffering and economic loss damages this Court previously awarded, which we provide in support of the damages judgments sought here.

13. This Court previously awarded solatium damages to the immediate family members listed in Exhibits A-1 and A-2 in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

In some cases, this Court issued a partial award to the functional equivalents of those individuals listed above.

14. The *Burlingame III* Plaintiffs listed in Exhibits A-1 and A-2 are both representatives of the estates of the *Burlingame* 9/11 Decedents named in the consolidated Ashton complaints underlying the default judgment against the Taliban Defendants (which complaints asserted claims for all survivors of the Burlingame 9/11 Decedents and expressly identified solatium damages), and are also immediate family members (or the functional equivalents) of the *Burlingame* 9/11 Decedents named in those complaints. *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF

6

485 at ¶ 482 (seeking, among other things, solatium damages). These individuals were deemed added and incorporated into the Sixth Amended Complaint by this Court's Orders. See, e.g., 02-cv-6977 (S.D.N.Y.) ECF 1837, 1839, 1842. We have confirmed the relationship between the *Burlingame* 9/11 Decedent and the individuals listed in Exhibits A-1 and A-2 through documentary evidence and / or interviews with and written confirmation from our clients.

15. Exhibits A-1 and A-2 list the MDL ECF docket filing that corresponds to the damages this Court previously awarded, which we provide in support of the damages judgments sought here.[4]

16. The *Burlingame III* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran but have received no final judgment against the *Taliban* Defendants nor have they collected anything close to the full amounts of their judgments against Iran, with awards to most of the estates, spouses and dependents limited to 0.76% of their judgment amounts and to most of the siblings and parents limited to less than 4% of their judgment amounts.

17. In order to allow them to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban* Defendants, the *Burlingame III* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor Iran and as is reflected in Exhibits A-1 and A-2.

18. The *Burlingame III* Plaintiffs listed in Exhibit A-1 are United States nationals while those in Exhibit A-2 are not United States nationals.

19. Under the Anti-Terrorism Act, 28 U.S.C. § 2333(a), this Court has jurisdiction to award United States nationals treble damages. We sought such treble damages against the *Taliban*

---

[4] In some cases, references to individual civil case docket entries are preceded by the case number.

Defendants. We sought damages under other provisions of law, as well, including on behalf of non-United States nationals.

20. Exhibits A-1 and A-2 now include the following information:

   a. ECF number of the complaint naming a plaintiff to the action against the *Taliban* (column titled "MDL EDF – Plaintiff's Claim Against Taliban," identifying the MDL ECF number for the Sixth Amended Complaint in which the named plaintiff sued the Taliban);

   b. ECF number of the default liability judgment in favor of the plaintiff listed on the exhibit and against the *Taliban* (column titled "MDL ECF Liability Judgment Against Taliban," which lists the ECF number for the default liability judgment which, in turn, was based on the documents included here as Exhibit B, setting forth plaintiffs, and Exhibit C, setting forth defendants);

   c. Nationality of plaintiff and decedent (as before and as noted on the exhibit headers, Exhibit A-1 includes only plaintiffs and decedents who are United States nationals and Exhibit A-2 lists non-United States nationals);

   d. Calculation of trebled damages where sought under the ATA;

   e. Statement of cause of action(s) for which damages are sought (included in the exhibit headers and applicable to all plaintiffs in each exhibit); and

   f. ECF number where on the MDL docket the prior award of damages can be found (titled "MDL ECF – Prior … Award" for pain and suffering, economic damages and/or solatium damages).

21. For any *Burlingame* Plaintiffs not set forth in the attached exhibits, including those represented by other than the undersigned counsel but consolidated on the *Ashton* complaint, and for any damages not included herein, we expect additional claims to be asserted.

22. For all of the reasons set forth in this declaration and the *Burlingame III* Plaintiffs' Motion for Final Judgments against the Taliban, I respectfully request that this Court grant the proposed order filed herewith.

Dated: November 11, 2022
      Rye Brook, NY

                                                  /s/ Frank H. Granito
                                                    Frank H. Granito