IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *IN RE:* **TERRORIST ATTACKS ON** **SEPTEMBER 11, 2001** | : : : | Civil Action No. 03 MDL 1570 (GBD) (SN) |

*This document applies to:*

*Grazioso, et al. v. The Taliban, et al.*
1:22-cv-01188 (GBD) (SN)

## DECLARATION OF TIMOTHY B. FLEMING IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE OF PROCESS UPON THE TALIBAN

I, Timothy B. Fleming, Esquire, declare and state as follows:

1. I am an attorney duly licensed by the District of Columbia and admitted to practice before this Court *pro hac vice*. I am *of counsel* at the law firm of Wiggins Childs Pantazis Fisher Goldfarb PLLC and I represent the Plaintiffs in the above-captioned action.

2. I make this declaration pursuant to 28 U.S. Code § 1746 in support of Plaintiffs' Motion for an Order Directing Alternative Service of Process Upon The Taliban. I have personal knowledge of the facts stated in this Declaration and, if called upon, could and would testify competently thereto.

3. Plaintiffs seek to serve Defendant the Islamic Emirate of Afghanistan, aka the Taliban ("the Taliban") with the pleadings and related documents in the above-captioned matter by publication in two international newspapers, as well as via Twitter and via mail to an alternative address. Such service is warranted under the circumstances of this case as most likely to give notice to the Taliban, particularly as more traditional methods of service would be unfeasible.

4. I am aware of no international conventions governing service of process in this case. I am also not aware of a physical or email address where service could be directed upon the Taliban. As documented in the exhibits below, given the current security situation in Afghanistan, all of the usual forms of mail and international courier delivery are unavailable.

5. *Ex parte* disposition of the motion is appropriate because Plaintiffs are unable to serve Defendant the Taliban by traditional means. In light of the difficulties presented by executing service of process, along with the need for immediate relief, there are good and sufficient reasons for the Court to adjudicate this motion *ex parte*. No previous application for the relief requested in the motion has been made.

6. Service to Afghanistan from the United States via Federal Express is currently suspended. *See* **Exhibit A** (a screenshot of Federal Express website – *www.fedex.com* - dated September 28, 2022, indicating that: "Regulatory restrictions prohibit FedEx from processing this transaction. One of the countries selected in either the origin; destination or country of manufacture field is prohibited at this time.").

7. Service to Afghanistan from the United States via DHL International Courier is currently suspended. *See* **Exhibit B** (a screenshot of DHL website – *www.dhl.com* - dated September 29, 2022, indicating that "DHL Express service in Afghanistan is currently suspended. We will not be accepting shipments for this destination until further notice.").

8. Service to Afghanistan via the United Parcel Service ("UPS") from the United States is currently suspended. *See* **Exhibit C** (a screenshot of UPS website – *www.ups.com* - dated September 29, 2022, indicating that the Parcel Service will deliver packages only from the U.K and only to Kabul: "United Kingdom to Afghanistan: . . . Commercial (for example, non-military) shipments are only delivered to Kabul. For packages addressed to other towns/cities in

Afghanistan, the consignee is contacted and they are asked either to collect from the Kabul office or supply / authorise delivery to an alternate address in Kabul.").

9. Service to Afghanistan from the United States via the United States Postal Service ("USPS") is also currently suspended. *See* **Exhibit D** (a screenshot of the USPS website - *www.usps.com* - dated September 28, 2022, indicating that the Postal Service has "temporarily suspend[ed] international mail acceptance for certain destinations due to impacts related to the COVID-19 pandemic and other unrelated service disruptions" and listing "Afghanistan" as one such destination).

10. Attached hereto as **Exhibit E** is a true and correct copy of a screen capture of the U.S. Department of State's website[1] showing its travel advisory for Afghanistan, as of October 5, 2022. That advisory states Afghanistan is "Level 4: Do Not Travel" area "due to civil unrest, armed conflict, crime, terrorism, and kidnapping." The advisory further states:

> *Travel to all areas of Afghanistan is unsafe. The Department of State assesses the risk of kidnapping or violence against U.S. citizens in Afghanistan is high.*
>
> *The U.S. Embassy in Kabul suspended operations on August 31, 2021. While the U.S. government has withdrawn its personnel from Kabul, we will continue to assist U.S. citizens and their families in Afghanistan from Doha, Qatar.*

11. Attached as **Exhibit F** is a true and correct copy of a screen capture of the Twitter profile for @Abdullah_azzam7, from October, 2022; an account for Abdullah Azzam whose profile reads, "Personal Secretary 2 D 1st Deputy PM of D IEA, Mullah Abdul Ghani Baradar."

---

[1] *https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/afghanistan-advisory.html.*

Mr. Azzam's Twitter account was one of the six Twitter accounts where alternative service of the pleadings was recently deemed sufficient notice. (*See Havlish, et al. v. bin Laden, et al.*, 03-cv-1570 (GBD)(FM), Opinion and Order, dated April 5, 2022, *Havlish* Dkt. 614, MDL Dkt. No. 7830.) The other five Twitter accounts used in the *Havlish* case for service upon the Taliban are noted below in paragraphs 12 through 16.

12. Attached as **Exhibit G** is a true and correct copy of a screen capture of the Twitter profile for @IeaOffice, from October, 2022; an account for Dr. M. Naeem whose profile reads, "Spokesman of the Political Office of the Islamic Emirate of Afghanistan."

13. Attached as **Exhibit H** is a true and correct copy of a screen capture of the Twitter profile for @QaharBalkhi, from October, 2022; an account for Abdul Qahar Balkhi whose profile reads, "MoFA [Ministry of Foreign Affairs] Spokesperson, Islamic Emirate of Afghanistan."

14. Attached as **Exhibit I** is a true and correct copy of a screen capture of the Twitter profile for @Zabehulah_M33, from October, 2022; an account for Zabihullah whose profile reads, "Official Twitter Account of the Spokesman of the Islamic Emirate of Afghanistan, Zabihullah Mujahid."

15. Attached as **Exhibit J** is a true and correct copy of a screen capture of the Twitter profile for @QyAhmadi21, from October, 2022; an account for Qari Yousaf Ahmadi whose profile reads, "Official twitter account, the spokesman of Islamic Emirate of Afghanistan."

16. Attached as **Exhibit K** is a true and correct copy of a screen capture of the Twitter profile for @suhailshaheen1, from October, 2022; an account for Suhail Shaheen whose profile

reads, "IEA Permanent Rep-desig. to UN, Head, Political Office, former Negotiations Team's Member."

17. The notices being published and being sent via Twitter will be in substantially the same form as the text in the draft pre-publication proof created by the staff of the New York Times on October 26, 2022, attached hereto as **EXHIBIT L**, with translations into Arabic and Pashto (one of the two official languages of Afghanistan[2]).

18. The proposed public website hosting the *Grazioso* pleadings is "www.wigginschilds/grazioso." The *Grazioso* Second Amended Complaint and amended summons will be posted in their entirety – in English and Pashto - along with the notice in English, Pashto and Arabic.

19. Senior leaders of the Taliban have been stationed continuously in Doha, Qatar, since the early-2010s.[3] As recently as October 8, 2022, a US delegation from the Central Intelligence Agency - headed by CIA Deputy Director David Cohen - met with an Afghan delegation in the Qatari capital.[4] Additionally, it was reported recently that Canadian government officials have met with representatives of the Taliban on at least thirteen occasions in Doha, Qatar since the Taliban regained power in Afghanistan in 2021.[5] Attached as **Exhibit M** is a true and correct copy of confirmation of mail delivery on behalf of the plaintiffs in *Owens, et al., v. The Taliban*, No. 22-cv-1949 (S.D.N.Y.) at Dkt. No. 53, upon the Taliban at the Embassy of Afghanistan, West Bay, Isteolal Street, P.O. Box: 22104, Doha, Qatar, dated May 6, 2022.

---

[2] AFGHANISTAN, CIA World Factbook (Apr. 26, 2022), https://www.cia.gov/the_world_factbook/countries/afghanistan (listing Dari and Pashto as official languages).
[3] *See* https://edition.cnn.com/2022/10/08/politics/us-taliban-talks-wasiq-qatar/index.html.
[4] *Id.*
[5] *See* https://www.cbc.ca/news/taliban-afghanistan-kabul-human-rights-1.6605925.

20. The notice being sent to the Taliban's Ambassador to Qatar will include the text in the draft pre-publication proof created by the staff of the New York Times on October 26, 2022 (in substantially the same form), attached hereto as **EXHIBIT L**, and will also include translations into Arabic and Pashto, as well as a cover letter in English and Arabic. The packages will also contain the *Grazioso* Second Amended Complaint and amended summons in both English and Pashto, along with certifications by the translators.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed within the United States on November 15, 2022.

*/s/ Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC  20009-1813
(202) 467-4489