| | |
|---|---|
| do Campo & Thornton, P.A. | ATTORNEYS AT LAW |

CHASE BANK BUILDING
150 S.E. SECOND AVENUE • SUITE 602
MIAMI, FLORIDA 33131
PH 305 358 6600 • FAX 358 6601
DANDTLAW.COM

November 18, 2022

**VIA CM/ECF**
The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *John Does 1 Through 7 v. The Taliban et al.*, No. 20 Misc. 740 (GBD)(SN); *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)

Dear Judges Daniels and Netburn:

Counsel for John Does 1-7 ("Doe Creditors") write in response to the Ashton Plaintiffs' letter filed November 16, 2022 in the MDL. *See* MDL Dkt. 8756 (the "Nov. 16 Letter").

The Nov. 16 Letter essentially argues that *Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91 (2d Cir. 2022) invalidates Doe Creditor's writ. The contention is meritless.[1]

---

[1] The contention is meritless for many reasons. For one, Doe Creditors' writ application, filed over 14 months ago (*Doe* Dkt. 15), in fact had conformed to the eventual decision in *Levinson*. (To remind, Judge Failla had erroneously found that Doe Creditors, by filing a formal motion requesting issuance of a writ, had not followed the proper procedures (*see Doe* Dkt. 26), and this Court adopted that erroneous finding (*see Doe* Dkt. 117). Doe Creditor's motion properly established the incontrovertible and uncontroverted facts that the assets at issue are blocked, that they are the assets of Da Afghanistan Bank, and that Da Afghanistan Bank is an instrumentality of the Taliban.) Several New York statutes, including the ones at issue in *Levinson*, provide authorization for the writ. Regardless of whether a particular state statute would allow for attachment prior to resolution of the turnover motion, a federal statute, TRIA, mandates that Doe Creditors are entitled to attachment, and that mandate must be carried out, including by maintaining Doe Creditors' restraint on the assets while rights to turnover are being adjudicated.

It then invites the Court to use *Levinson* to deny the Doe Creditors' turnover motion (*Doe* Dkt 79) – despite the fact that a writ is not a prerequisite for turnover – and instead to make the DAB Assets available to them and other parties hoping to get an eventual judgment.

Doe Creditors have no vehicle for responding to an argument that was not filed in Doe Creditors' action (and so have not filed a responsive brief). Doe Creditors maintain that it is improper for Ashton Plaintiffs to argue against turnover in the Doe action without first intervening in it (which they have no grounds to do). Doe Creditors request that the Court not consider the Ashton Plaintiffs' call to throw the rule of law aside. But if it is considering the Ashton Plaintiffs' arguments, Doe Creditors request the opportunity to respond.

Finally, Doe Creditors object to their rights being discussed in hearings at which they were not invited to participate.

Respectfully submitted,

Orlando do Campo
Bar Code: OD1969
do Campo & Thornton, P.A.
Chase Bank Building
150 S.E. 2nd Avenue, Suite 602
Miami, Florida 33131
Counsel for John Does 1 through 7