**SHER TREMONTE LLP**

November 18, 2022

**BY ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *In re Terrorist Attacks on September 11, 2001,* Case No. 03-md-1570 (GBD)(SN)

Dear Judge Netburn:

    We write on behalf of our clients, the *Ashton* Plaintiffs, a group that makes up approximately one-third of 9/11 victim families, to suggest a modest modification to the proposal raised in today's conference.

    As discussed today, we believe an order of attachment in favor of all plaintiffs holding liability judgments against the Taliban would prevent a race to deliver writs of execution and allow the Court to "decide [the] motions for default judgment against the Taliban in a way that permits plaintiffs to proceed on equal footing with one another." ECF No. 8704 (internal quotation marks omitted).  In response to that proposal, counsel for the *Havlish* Plaintiffs contended that the Court could not issue an order of attachment pursuant to TRIA § 201(a) because not all of the plaintiffs have final damages judgment. We disagree with that reading of TRIA – which refers only to persons who have "obtained *a judgment* against a terrorist party," *id.* (emphasis added) – and the *Havlish* Plaintiffs cited no authority for their more narrow interpretation of the statute. *Cf. Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of New York*, 346 F.3d 264, 271 (2d Cir. 2003) ("We believe that the plain meaning of that language is to give terrorist victims who actually receive favorable judgments a right to execute against assets that would otherwise be blocked.").

    Nevertheless, the Court need not resolve this question because it can simply invert the order of operations discussed on the record today; namely, the Court could (1) grant the plaintiffs' default judgments; (2) stay all judgments until all such plaintiffs have obtained final monetary judgments; and, at that point (3) enter an order of attachment prior to lifting the stay on the judgments. This is similar to the suggestion the Court made today, with simply moving the judgment-granting process ahead of the order of attachment, and thereby pausing any race to execute by staying judgments until an order of attachment is

in place.[1] We believe this proposal would have the intended effect of preventing a race to the courthouse and permitting *all* plaintiffs to proceed on equal footing (including the Joint Creditors, should their writs of execution be deemed invalid under *Levinson*), while also addressing any concerns about an order of attachment relying on a liability judgment.[2]

Respectfully submitted,

| KREINDLER LLP | SHER TREMONTE LLP |
|---|---|
| */s/ Megan Benett* | */s/ Theresa Trzaskoma* |
| Megan Benett | Theresa Trzaskoma |
| | Noam Biale |

---

[1] This simple solution to the legal issue discussed in court today was brought to our attention by Andrew C. Laufer, attorney for a subset of the *Ashton* Plaintiffs.

[2] Separately, after the conference, *Ashton* counsel reviewed the full MDL and *Havlish* civil dockets to confirm that, as stated earlier today, the writ of execution against Da Afghanistan Bank was not publicly available. Indeed, it appears that not only was the writ not filed on any docket but the minute entries corresponding to the date that the writ was issued state that the writ of execution was only against certain Iranian entities and Hezbelloh and *not* the Da Afghanistan Bank's holdings at the Federal Reserve Bank of New York. *See* August 27, 2021, Writ of Execution Issued, on 03-md-1570 and 03-cv-9848. Nothing in that entry identifies any Taliban or Da Afghanistan Bank assets.