# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441  Fax: (917) 591-5980
john@johnschutty.com

November 21, 2022                                                                                           **Via ECF**

Honorable George B. Daniels
United States District Court Judge
Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York

> Re:   *In re Terrorist Attacks on September 11, 2001*
>       MDL No. 03-MDL-1570 (GBD) (SN)
>       *Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN)
>       (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

Your Honors:

I write to respond to recent letters (MDL/ECF#8765 and 8766) filed by members of the Plaintiff's Executive Committee ("PEC"), and to supplement our discussions at the conference held this past Friday, regarding suggestions for resolving outstanding default judgment motions against the Taliban "in a way that permits plaintiffs to 'proceed on equal footing with one another.'"

I applaud the Court's concern expressed last Friday that, in evaluating what next steps should be taken to resolve the Taliban default judgment applications, the Court will not "rubber stamp" these applications and will attempt a degree of "quality control" to ensure fairness in the entry, execution and enforcement of any Taliban default judgments.

The *O'Neill* Plaintiffs (04-cv-1076), for example, have now written to the Court (MDL/ECF#8765) seeking confirmation of "liability judgments" against the Taliban. While the Court has issued a "general" liability judgment against the Taliban, that fact does not mean that every one of the new 2,900 *O'Neill* plaintiffs-claimants seeking damages is entitled to an award. I once again ask the Court to weigh the merits and standing of *each* plaintiff seeking an award of damages, especially where wrongful death claims appear to have been filed belatedly by thousands of plaintiffs, and where many claimants do not appear to be qualified personal representatives *or* "heirs" under applicable law. *See* my letter to the Court dated October 21, 2022 (MDL/ECF#8662).

I reiterate my request for a single Order from the Court (applying to all Taliban wrongful death claimants) that determines: (1) who may sue for wrongful death damages (only "personal representatives," as required by state law?), (2) when the wrongful death action must have been filed against the Taliban to be timely (under both state and federal law), and (3) what "heirs" may claim damages in a wrongful death context (does applicable

Honorable George P. Daniels & Magistrate Judge Sarah Netburn
November 21, 2022, Page 2

state estate administration law or new judicially-created federal common law apply to determine eligible "heirs"). *See* Ex. A – Summaries of the wrongful death laws of New York, New Jersey and Connecticut used previously by the United States Victim Compensation Fund. I am asking that the PEC be asked to explain and brief why state estate administration laws do not apply to the Taliban wrongful death claims.

Without an explicit resolution of these seminal wrongful death issues in a single Order, the Court is faced with resolving thousands of disparate default judgment claims, often through motions lacking the facts needed to determine each plaintiff's eligibility. A resolution of these issues in a preliminary Order will provide the "quality control" and docket cleansing that is now absolutely necessary in this ever-expanding litigation.

Finally, I remind the Court that a major hurdle in ensuring an equitable resolution and distribution of any fixed fund of Taliban money is the early wrongful death judgment issued to the *Havlish* Plaintiffs (03-cv-09848). I submit, once again (see my prior letter in 03-cv-09848 at ECF#615), that this judgment should be vacated on the ground that it is incorrect/defective as it was/is based on counsel's express misrepresentation to the Court that the *Havlish* Plaintiffs were entitled to damages under the Foreign Sovereign Immunities Act (when the Taliban was/is not a foreign sovereign, and the only viable claim asserted was a "state" wrongful death claim that was not evaluated in awarding damages). *See Havlish* Plaintiffs' Damages Inquest Memorandum (ECF#301 filed February 14. 2012).[1] If the Court were to vacate the *Havlish* default judgment on the ground that it is void or voidable under Fed. R. Civ. P. 60, that fact might place all Taliban wrongful death plaintiffs on an "equal footing."

In sum, I respectfully ask the Court to require briefing on the law applicable to recovery from the Taliban – the PEC can state its position on which plaintiffs are entitled to recover wrongful death damages in a single brief, and any party who disagrees with the PEC's assessment should, in turn, be entitled to brief and challenge what the PEC claims is applicable law. In this manner the Court will hear from all "adversarial" wrongful death parties with an interest in any limited fund of money that may be disbursed.

Sincerely yours,

*John F. Schutty*

---

[1] *In claiming damages against all of the defendants, the Havlish Plaintiffs relied exclusively on the FSIA* – "Damages available under the FSIA-created cause of action include "economic damages, solatium, pain and suffering, and punitive damages," (Brief at 5) – even though the FSIA clearly does not provide a cause of action in favor of the *Havlish* Plaintiffs against the Taliban. No attempt was made in their judgment application to distinguish between the claims asserted against Sovereign Defendants (FSIA claims) and the claims asserted against the Taliban, a Non-Sovereign Defendant (on a traditional state tort claim), nor was any attempt made to justify the requested damage awards under applicable state law.