

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629

office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

September 27, 2021

<u>Via ECF/CM</u>

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
              (Ashton 02-cv-6977 only)

Dear Judge Netburn:

      Kreindler & Kreindler LLP ("Kreindler") is filing this letter together with supplemental and additional declarations pursuant to this Court's inquiry into the article published by investigative reporter Michael Isikoff on Yahoo! News on July 15, 2021. ECF No. 7082.

      Immediately after that article was published, Kreindler began an internal investigation regarding the transcript of the Musaed al Jarrah deposition, including a complete review of our computer storage and email systems and questioning of all individuals with access to the transcript, which are described in the declarations filed today. Based on that investigation, we believed – and told the Court – that Kreindler was not the source of the Jarrah deposition obtained by Michael Isikoff. ECF No.7016. Unfortunately, we learned earlier today for the first time that our prior statements to the Court were wrong. For this, we are very sorry and we apologize to the Court and counsel for this error.

      For the first time today, a consultant to our firm notified Kreindler that he provided portions of the transcript of the Jarrah deposition to reporter Michael Isikoff. The declaration of the consultant is being filed with the Court. In that declaration, he explains how he forwarded the transcript and the efforts he took to keep Kreindler from learning of this. No Kreindler attorneys or staff had any involvement in the release of the Jarrah transcript or knowledge prior to today of what the consultant had done.

      Kreindler is immediately taking steps today to prevent this from happening again and has denied access to all confidential documents on our system to the consultant. We need time to further assess the situation and will make a further report to the Court shortly with our proposals to protect the integrity of its Protective Orders going forward.

**New York**                **Boston**                **Los Angeles**

September 27, 2021
Page 2

     To permit other parties to present any confidentiality claims to the consultant's declaration, we are filing that today under seal. Kreindler, however, does not believe that the declaration should remain under seal, though asks that a small portion of it remain redacted and available only to the Court, as described below.

     Kreindler moves for permission to file all or portions of two declarations before the Court *ex parte*. These materials are being sent separately to chambers via e-mail. First, Kreindler asks that a small portion of the declaration of the consultant be filed *ex parte* to protect the privacy interests of the individuals referenced in the section that has been redacted from the declaration being filed under seal (and that is highlighted in the version emailed *ex parte* to this Court).

     Second, the entire declaration of another an individual identified as Consultant 1 should be reviewed *ex parte*. The identity of and work by Kreindler's investigators and consultants is information developed to assist in this litigation, and thus squarely within the work-product privilege. *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) ("The work-product rule shields from disclosure materials prepared in anticipation of litigation by a party … absent a showing of substantial need.") (quotation marks omitted). The Kingdom does not have a substantial need that could overcome the privilege with respect to the Consultant 1 Declaration. Rather, the breach of the MDL protective order in this case is an issue for this Court to decide, the Court has access to all the materials that Kreindler proposes remain *ex parte* and under seal and Consultant 1 has declared under penalty of perjury that he/she did not share any portion of the Jarrah transcript with anyone. In addition, there are genuine personal safety issues for Consultant 1 because of his/her current work and location, and concerns about potential reprisals for his/her work investigating the role of various Kingdom officials should his/her identity be provided to the Kingdom.

                  Respectfully,

                  /s/ Megan Wolfe Benett
                  KREINDLER & KREINDLER LLP
                  485 Lexington Avenue
                  New York, New York 10017
                  Tel.: 212-687-8181
                  Email: mbenett@kreindler.com

Enclosures

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### DECLARATION OF JAMES KREINDLER

I, James P. "Jim" Kreindler, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.      I am an attorney duly admitted to practice before this Court, a partner at Kreindler & Kreindler LLP ("Kreindler") and co-chair of the Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims.

2.      I am fully familiar with the history of this lawsuit and this Court's inquiry into the Yahoo! News article published by Michael Isikoff on July 15, 2021.

3.      On June 17, 2021 and June 18, 2021 I attended on Zoom the deposition of Kingdom of Saudi Arabia official Musaed al-Jarrah conducted by Kreindler partner Megan Benett.

4.      I learned on July 15, 2021 that Yahoo! News investigative reporter Michael Isikoff had published an article in which he stated that he had obtained a copy of the transcript of the deposition of Jarrah.  That day, I discussed the Isikoff article with others at Kreindler working on the 9/11 litigation and, subsequently, in a conference call with other members of the Plaintiffs' Executive Committees in this lawsuit.

5.      After that call, I asked my Kreindler partner Andrew J. Maloney, Esq., who is co-liaison counsel to the Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims in this case, to conduct an internal investigation to determine whether anyone at Kreindler was responsible for providing the information to Isikoff.

6.      My specific answers to the inquiry of this Court's Order, ECF No. 7082 at 1, (set forth in italics) are underscored below:

- *identify all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021. Any written communication must be provided to the Court;*

  - I communicated with Michael Isikoff and his producer several times between June 1, 2021 and August 1, 2021.  Those communications concerned my appearance along with former FBI Special Agent Ali Soufan on Isikoff's Conspiracyland podcast on July 1, 2021 and preparations in advance of the podcast (including forwarding a letter from Senators Blumenthal, Gillibrand and Menendez to the Department of Justice expressing their concern about the invocation of the "state secrets privilege" in the lawsuit brought by the 9/11 Families); Kreindler's efforts to convince the Department of Justice to reverse its position regarding the state secrets privilege and its protective order that prevented the 9/11 Families and the public from accessing information developed during discovery; and my response to an article Isikoff published on July 10, 2021 concerning the death of Jamal Khashoggi and an interview Khashoggi gave to an investigator

working with the 9/11 Families. I recall having two phone calls with Isikoff. He called to ask me for a status report on the case including how the depositions were going. I told him that the depositions were going great but that I could not tell him about what came out during the depositions because of the "gag orders" in this case. The first call was on a Monday and I asked him to give me a couple of days to see if there was anything I could talk about. He called back on a Wednesday and I told him that there was nothing I could discuss about what developed during the depositions, but that Kreindler was planning to file a motion to revisit the state secrets assertion and the application of the protective orders in this case. I exchanged several e-mails with Isikoff, all of which are attached to the accompanying declaration of John Hartney.

- *declare whether they have ever discussed the contents of the Musaed Al Jarrah deposition with Michael Isikoff or anyone acting on his behalf. Any communication must be described in detail, including whether portions of the transcript were read or testimony was described;*
  - o I never discussed the content of the Jarrah deposition with Isikoff or anyone acting on his behalf..
- *state every person with whom they shared the Al Jarrah deposition transcript who has not already supplied the Court with a declaration in this investigation; and*
  - o None.

- *state every person that they know had access to the deposition transcripts who has not already supplied a declaration in this investigation.*
  - o <u>None.</u>

7.  For the first time today I learned the information set forth in the declaration of John Fawcett.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge and belief.

Dated: New York, New York
        September 27, 2021


KREINDLER & KREINDLER LLP


By: <u>/s/ James P. Kreindler</u>
JAMES P. KREINDLER
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### DECLARATION OF ANDREW MALONEY

I, Andrew Maloney, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

the following:

1.      I am an attorney duly admitted to practice before this Court, a partner at Kreindler & Kreindler LLP ("Kreindler") and liaison counsel to the Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims.

2.      I am fully familiar with the history of this lawsuit and this Court's inquiry into the Yahoo! News article published by Michael Isikoff on July 15, 2021.

3.      On June 17, 2021 and June 18, 2021 I attended on Zoom the deposition of Kingdom of Saudi Arabia official Musaed al-Jarrah conducted by Kreindler partner Megan Benett.

4.      I learned on July 15, 2021 that Yahoo! News investigative reporter Michael Isikoff had published an article in which he stated that he had obtained a copy of the redacted transcript of the deposition of Jarrah. That day, I discussed the Isikoff article with others at Kreindler working on the 9/11 litigation and, subsequently, in a conference call with other members of the Plaintiffs' Executive Committees in this lawsuit.

5.     On July 16, 2021, I conferred with Kreindler's information systems manager John Hartney and asked him to conduct an analysis of Kreindler's document storage and email systems to determine whether the Jarrah transcript had been sent to anyone outside of Kreindler. The rough and final Jarrah transcripts are saved in a directory within a network share drive along with materials relating to this lawsuit. Only individuals with Kreindler login credentials can access that directory. Anyone who intends to access materials produced pursuant to the Federal Bureau of Investigation protective order or the MDL protective order, saved on that case-specific directory, must first review those protective orders and agree to be bound by the direction that no materials subject to the protective orders or the information contained therein can be shared with anyone other than Plaintiffs' counsel. No one who has not signed those protective orders is permitted to review protected materials. Only the following individuals with Kreindler login credentials were provided access to the Jarrah transcripts: Jim Kreindler, Steven R. Pounian, myself, Megan Wolfe Benett, Gavin Simpson, John Fawcett, Debra Pagan, Julia Sienski, and Lisa Ranieri.

6.     Shortly after asking conferring with Mr. Hartney, I asked each of the individuals listed above if they had sent any portion of the Jarrah transcript to Isikoff or anyone working on his behalf. Each person told me that they had not.

7.     Some of the materials produced under the protective orders are uploaded to a cloud-based storage system which our experts and consultants can access. Any consultant or expert who is given permission to access those materials must first review the FBI and MDL protective orders and agree to be bound by them. Mr. Hartney and I reviewed the cloud-based storage system and determined that no one had accessed the Jarrah transcripts saved there.

8.    On July 16, 2021, I also asked Mr. Hartney to conduct a search of our email system to determine if the Jarrah transcripts and been sent from the Kreindler system to anyone other than the individuals listed in paragraph three, above.  The only emails within the Kreindler system forwarding any portion of the Jarrah transcripts went to a Kreindler consultant who had reviewed and agreed to be bound by the FBI and MDL protective orders ("Consultant 1"), who has provided a declaration in connection with this Court's inquiry into the Isikoff article, and to the law firm of Baumeister & Samuels.

9.    My specific answers to the inquiry of this Court's Order, ECF No. 7082 at 1, (set forth in italics) are underscored below:

- *identify all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021. Any written communication must be provided to the Court;*

    o I had no communications with Michael Isikoff or anyone acting on his behalf.

- *declare whether they have ever discussed the contents of the Musaed Al Jarrah deposition with Michael Isikoff or anyone acting on his behalf. Any communication must be described in detail, including whether portions of the transcript were read or testimony was described;*

    o I have not discussed the contents of the deposition with Michael Isikoff or anyone acting on his behalf.

- *state every person with whom they shared the Al Jarrah deposition transcript who has not already supplied the Court with a declaration in this investigation; and*

- o  <u>None.</u>

- *state every person that they know had access to the deposition transcripts who*

  *has not already supplied a declaration in this investigation.*

  - o  <u>None.</u>

10.     For the first time today I learned the information set forth in the declaration of

John Fawcett.

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge and belief.

Dated: New York, New York
           September 27, 2021


KREINDLER & KREINDLER LLP


By:  <u>/s/ Andrew J. Maloney</u>
ANDREW J. MALONEY
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

## DECLARATION OF MEGAN WOLFE BENETT

I, Megan Wolfe Benett, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.    I am an attorney duly admitted to practice before this Court, am a partner at Kreindler & Kreindler LLP ("Kreindler") and represent the family members of those killed in the 9/11 Terrorist Attacks as well as the survivors of those attacks.  I am fully familiar with the history of this lawsuit and this Court's inquiry into the Yahoo! News article published by Michael Isikoff on July 15, 2021.

2.    On June 17, 2021 and June 18, 2021 I took the deposition of Kingdom of Saudi Arabia official Musaed al-Jarrah via Zoom.

3.    I learned on July 15, 2021 that Yahoo! News investigative reporter Michael Isikoff had published an article in which he stated that he had obtained a copy of the transcript of the deposition of Jarrah.  That day, I discussed the Isikoff article with others at Kreindler working on the 9/11 litigation and, subsequently, in a conference call with other members of the Plaintiffs' Executive Committees in this lawsuit.

4.    The paralegal I previously described as having been on the Jarrah transcript distribution list from the court reporting service Golkow Litigation Services was Debra Pagan. *See* ECF No. 7016 at 3.

5. My specific answers to the inquiry of this Court's Order, ECF No. 7082 at 1, (set forth in italics) are underscored below:

- *identify all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021. Any written communication must be provided to the Court;*
    - I had no communications with Michael Isikoff or anyone acting on his behalf.

- *declare whether they have ever discussed the contents of the Musaed Al Jarrah deposition with Michael Isikoff or anyone acting on his behalf. Any communication must be described in detail, including whether portions of the transcript were read or testimony was described;*
    - I have not discussed the contents of the deposition with Michael Isikoff or anyone acting on his behalf.

- *state every person with whom they shared the Al Jarrah deposition transcript who has not already supplied the Court with a declaration in this investigation; and*
    - None.

- *state every person that they know had access to the deposition transcripts who has not already supplied a declaration in this investigation.*
    - None.

6. For the first time today I learned the information set forth in the declaration of John Fawcett.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Dated: New York, New York
         September 27, 2021

   KREINDLER & KREINDLER LLP


   By:  /s/ Megan Wolfe Benett
   Megan Wolfe Benett
   485 Lexington Avenue
   New York, New York 10017
   Tel.: 212-687-8181

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

## DECLARATION OF STEVEN R. POUNIAN

I, Steven R. Pounian, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.      I am an attorney duly admitted to practice before this Court, am of counsel at Kreindler & Kreindler LLP ("Kreindler") and represent the family members of those killed in the 9/11 Terrorist Attacks as well as the survivors of those attacks.  I am fully familiar with the history of this lawsuit and this Court's inquiry into the Yahoo! News article published by Michael Isikoff on July 15, 2021.

2.      On June 17, 2021 and June 18, 2021 I attended on Zoom the deposition of Kingdom of Saudi Arabia official Musaed al-Jarrah conducted by Kreindler partner Megan Benett.

3.      I learned on July 15, 2021 that Yahoo! News investigative reporter Michael Isikoff had published an article in which he stated that he had obtained a copy of the transcript of the deposition of Kingdom of Saudi Arabia employee Jarrah.  That day, I discussed the Isikoff article with others at Kreindler working on the 9/11 litigation and, subsequently, in a conference call with other members of the Plaintiffs' Executive Committees in this lawsuit.

4.      My specific answers to the inquiry of this Court's Order (set forth in italics) are underscored below:

- *identify all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021. Any written communication must be provided to the Court;*
  - <u>I had no communications with Michael Isikoff or anyone acting on his behalf.</u>
- *declare whether they have ever discussed the contents of the Musaed Al Jarrah deposition with Michael Isikoff or anyone acting on his behalf. Any communication must be described in detail, including whether portions of the transcript were read or testimony was described;*
  - <u>I have not discussed the contents of the deposition with Michael Isikoff or anyone acting on his behalf.</u>
- *state every person with whom they shared the Al Jarrah deposition transcript who has not already supplied the Court with a declaration in this investigation; and*
  - <u>None.</u>
- *state every person that they know had access to the deposition transcripts who has not already supplied a declaration in this investigation.*
  - <u>None.</u>

5.      For the first time today I learned the information set forth in the declaration of John Fawcett.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York

September 27, 2021

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
Steven R. Pounian
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### DECLARATION OF JAMES GAVIN SIMPSON

I, James Gavin Simpson, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.      I am an attorney duly admitted to practice before this Court, working as a consultant to Kreindler & Kreindler LLP ("Kreindler") on behalf of the family members of those killed in the 9/11 Terrorist Attacks, as well as the survivors of those attacks.  I am familiar with the history of this lawsuit and this Court's inquiry into the Yahoo! News article published by Michael Isikoff on July 15, 2021.

2.      My specific answers to the inquiry of this Court's Order (set forth in italics) are underscored below:

- *identify all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021. Any written communication must be provided to the Court;*

  - <u>I had no communications with Michael Isikoff or anyone acting on his behalf.</u>

- *declare whether they have ever discussed the contents of the Musaed Al Jarrah deposition with Michael Isikoff or anyone acting on his behalf. Any*

communication must be described in detail, including whether portions of the transcript were read or testimony was described;

- o <u>I have not discussed the contents of the deposition with Michael Isikoff or anyone acting on his behalf.</u>

- *state every person with whom they shared the Al Jarrah deposition transcript who has not already supplied the Court with a declaration in this investigation;*

- o <u>None.</u>

- *state every person that they know had access to the deposition transcripts who has not already supplied a declaration in this investigation.*

- o <u>None.</u>

3. For the first time today I learned the information set forth in the declaration of John Fawcett.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
         September 27, 2021

KREINDLER & KREINDLER LLP

By: <u>/s/ James Gavin Simpson</u>
James Gavin Simpson
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### DECLARATION OF JOHN HARTNEY

I, John Hartney, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1. I am the head of Information Technology ("IT") at Kreindler & Kreindler LLP ("Kreindler") and manage the firm's email and document systems. In connection with the *In re Terrorist Attacks on September 11, 2001* suit, I am familiar with the system managing retention and sharing of documents and other electronically stored information. I can search Kreindler's email accounts and have access to all the drives within our network. I also have managerial access to Kreindler's cloud-based document storage system.

2. On July 16, 2021, I was advised that journalist Michael Isikoff published an article the day before on Yahoo! News in which he reported that he had obtained a copy of a redacted deposition transcript of Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah") and asked to assist with an internal review to determine if Isikoff received it from a source at Kreindler. I was told that the Jarrah deposition took place on June 17, 2021 and June 18, 2021 and that there had been both a rough transcript and a final transcript for both days.

3. In connection with that request, I reviewed Kreindler's proprietary server, its cloud-based storage system and its email system. Based on my review, I determined the following.

4. The rough Jarrah transcripts were saved on Kreindler's server within a share drive specific to documents related to the 9/11 litigation on June 17, 2021 and June 18, 2021. The final Jarrah transcripts were saved on Kreindler's server within the same share drive on June 29, 2021. The final Jarrah transcript was uploaded to the cloud-based storage system on June 29, 2021. The rough Jarrah transcript was not uploaded to the cloud-based storage system.

5. Only individuals given Kreindler login credentials have access to Kreindler's server. To manage information relating to this lawsuit, I created a directory on a network share drive within the server where all 9/11 litigation-related documents can be saved. That directory is for use only by individual Kreindler attorneys and staff involved in this litigation and one consultant to Kreindler, John Fawcett. The Jarrah transcripts were saved within that network share. I was told that the following had been able to access the Jarrah transcripts: Kreindler attorneys Jim Kreindler, Steven R. Pounian, Andrew J. Maloney, Megan Wolfe Benett, and Gavin Simpson; Kreindler staff members Debra Pagan, Julia Sienski and Lisa Ranieri; and Kreindler consultant John Fawcett. I did not find any evidence that the Jarrah transcripts had been downloaded, printed, or emailed by anyone else.

6. Consultants, experts, or others outside of Kreindler's system could access the Jarrah transcript on the cloud-based storage system if Kreindler provided them access to the system. To view documents saved on that system the documents must be downloaded by the user. The system tracks which users have downloaded documents. On July 29, 2021, I reviewed the user history for the cloud-based system and determined that as of that date no one had downloaded the Jarrah transcript that was saved on the cloud-based storage system.

7. Based on my search of Kreindler's e-mail system, I determined that the only Kreindler personnel who received the rough or final Jarrah transcripts via email from the court

reporting service Golkow Litigation Services ("Golkow") were Jim Kreindler, Steven R. Pounian, Andrew J. Maloney, Megan Wolfe Benett, and Debra Pagan.

8.    I also conducted a search of Kreindler's email system for any incoming or outgoing messages to misikoff@yahoo-inc.com, misikoff@oath.com, misikoff@verizonmedia.com and misikoff52@gmail.com between June 1, 2021 and August 1, 2021.

9.    I also searched the email server for all outgoing, incoming, saved or deleted messages during that same time period containing the names "Jarrah" or "Isikoff" or the name that Golkow had given to the Jarrah transcripts when they were originally provided to Kreindler.

10.    The only emails returned as a result of the searches I conducted are attached hereto as Exhibit 1.  None of those emails had any portion of the Jarrah deposition transcripts attached to them.

11.    I also determined that on two occasions between June 1, 2021 and August 1, 2021 the Jarrah transcripts were emailed from the Kreindler system to someone outside of the Kreindler firm: (1) an email from Kreindler consultant John Fawcett to another Kreindler consultant ("Consultant A"); and (2) an email from Debra Pagan to the law firm of Baumeister & Samuels.  I determined that there were no other occasions when the Jarrah transcripts were emailed from the Kreindler system to anyone outside of the Kreindler firm.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Dated: New York, New York
     September 27, 2021


KREINDLER & KREINDLER LLP

By: _____
JOHN HARTNEY
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# EXHIBIT 1

**From:** Jim Kreindler <JKreindler@kreindler.com>
**Sent:** 6/28/2021 2:33:57 PM
**To:** Mark Seman <mark@yahoonews.com>
**Cc:** Michael Isikoff <misikoff@verizonmedia.com>;
**Subject:** Re: Thurs. July 1st 2:30pm - Isikoff - Conspiracyland Interview

---

Thanks

Sent from my iPhone

On Jun 28, 2021, at 2:28 PM, Mark Seman <mark@yahoonews.com> wrote:

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Jim,

I hope you are well.
Mark here - Michael Isikoff's producer.

Here's the Zoom Intv. info for this Thurs. at 2:30pm

Mark Seman is inviting you to a scheduled Zoom meeting.

Topic: Isikoff w/ Jim Kreindler & Ali Soufan
Time: Jul 1, 2021 02:30 PM Eastern Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/89967891280?pwd=OWtVZDRvZGduUVlROC9UeUt0OVVsZz09

Meeting ID: 899 6789 1280
Passcode: 420714
One tap mobile
+16465588656,,89967891280#,,,,*420714# US (New York)
+13017158592,,89967891280#,,,,*420714# US (Washington DC)

Dial by your location
        +1 646 558 8656 US (New York)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 669 900 9128 US (San Jose)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
Meeting ID: 899 6789 1280
Passcode: 420714
Find your local number: https://us02web.zoom.us/u/kctag2jRM0


--
Mark Seman
Head of Audio / Podcasts
Yahoo News
917.723.4639

**From:**      Jim Kreindler <JKreindler@kreindler.com>
**Sent:**      7/1/2021 1:34:08 PM
**To:**        Mike Isikoff <Misikoff52@gmail.com>
**Subject:**   Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 - final.pdf

**Attachments:** Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 .pdf

Sent from my iPhone



# United States Senate
WASHINGTON, DC 20510

July 1, 2021

The Honorable Merrick Garland          The Honorable Christopher Wray
Attorney General                       Director
United States Department of Justice    Federal Bureau of Investigation
950 Pennsylvania Avenue, N.W.          935 Pennsylvania Avenue, N.W.
Washington, D.C. 20530                 Washington, D.C. 20535

Dear Attorney General Garland and Director Wray:

We write again concerning the decision by the Department of Justice (DOJ) and Federal Bureau of Investigation (FBI), under the previous Administration, to invoke the "state secrets privilege" in litigation brought by victims of the terrorist attacks of September 11, 2001. For years, these survivors and family members have sought information from the DOJ and, in particular, the FBI, which has been withheld, purportedly for national security reasons. Unfortunately, in fact, the reasons for continued concealment of this potentially critical evidence have never been credibly or adequately explained.

As we have noted previously, on September 11, 2019, then-President Trump made a promise to the survivors and families that DOJ would disclose documents relevant to the case. Yet, the next day, then-Attorney General William Barr invoked the state secrets privilege to prevent the release of the very documents and information that the then-President vowed to disclose.[1]

The 9/11 families—many of whom we are honored to represent in Congress—have fought relentlessly for justice and to hold accountable all associated with the worst terrorist attack ever committed on American soil. We are now less than three months away from the twentieth anniversary of the 9/11 attacks. The lengthy passage of time since the attacks creates powerful questions about the need for continued classification of documents and the ongoing withholding of related information.

A fair day in court for these brave 9/11 families requires access to evidence. Their case and this cause is about truth, justice, and accountability. DOJ must not gratuitously stand in their way. If there is any credible reason to withhold facts, testimony, and documents concerning the attacks and the FBI's handling of subsequent investigations twenty years after 9/11, the American people deserve to know it.

---

[1] *See* Tim Golden and Sebastian Rotella, *The Saudi Connection: Inside the 9/11 Case That Divided the F.B.I.*, N.Y. TIMES (Jan. 23, 2020), https://www.nytimes.com/2020/01/23/magazine/9-11-saudi-arabia-fbi.html.

In previous appearances before the Senate Judiciary Committee,[2] you have both committed to review the situation in an effort to make documents and information available to the families to the greatest extent possible. As yet, however, there has been no tangible progress and we received no response to several additional letters on this issue. We again urge you to review past decisions to invoke the state secrets privilege and to meet with representatives of the families. We request a response to this letter no later than July 14, 2021. Thank you for your prompt consideration.

Sincerely,

RICHARD BLUMENTHAL
United States Senate

KIRSTEN GILLIBRAND
United States Senate

ROBERT MENENDEZ
United States Senate

---

[2] The Nomination of the Honorable Merrick Brian Garland to be Attorney General of the United States: Day 1, Hearing before the Senate Judiciary Committee, 117th Cong. (Feb. 22, 2021), *available at* https://www.judiciary.senate.gov/meetings/the-nomination-of-the-honorable-merrick-brian-garland-to-be-attorney-general-of-the-united-states-day-1; Oversight of the Federal Bureau of Investigation, Hearing before the Senate Judiciary Committee, 116th Cong. (July 23, 2019), *available at* https://www.judiciary.senate.gov/meetings/07/23/2019/oversight-of-the-federal-bureau-of-investigation.

2

**From:**    Michael Isikoff <misikoff52@gmail.com>
**Sent:**    7/1/2021 2:14:32 PM
**To:**      Jim Kreindler <JKreindler@kreindler.com>
**Subject:** Re: Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 - final.pdf

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Thanks, Looking forward to our chat at 2:30

On Thu, Jul 1, 2021 at 1:34 PM Jim Kreindler <JKreindler@kreindler.com> wrote:

Sent from my iPhone

**From:**    Jim Kreindler <JKreindler@kreindler.com>
**Sent:**    7/1/2021 2:15:24 PM
**To:**      Michael Isikoff <misikoff52@gmail.com>
**Subject:** Re: Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 - final.pdf

Me too

Sent from my iPhone

> On Jul 1, 2021, at 2:14 PM, Michael Isikoff <misikoff52@gmail.com> wrote:

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Thanks, Looking forward to our chat at 2:30

On Thu, Jul 1, 2021 at 1:34 PM Jim Kreindler <JKreindler@kreindler.com> wrote:

Sent from my iPhone

**From:**   Jim Kreindler <JKreindler@kreindler.com>
**Sent:**   7/10/2021 10:18:57 AM
**To:**    Mike Isikoff <Misikoff52@gmail.com>
**Subject:**

Great article. Thanks mike

Sent from my iPhone

**From:**      John Fawcett <Jfawcett@kreindler.com>
**Sent:**      7/12/2021 11:38:05 AM
**To:**      Michael Isikoff <misikoff@verizonmedia.com>
**Subject:**
**Attachments:** 2021_5-6_Unclassified_privilege_log_updated_May_6_2021.pdf ,image001.jpg

**John Fawcett**

**Kreindler & Kreindler LLP**

**KREINDLER...**   485 Lexington Ave     T: 212.973.3469  ·  E-mail: **jfawcett@kreindler.com**
               New York, NY 10017    F: 212.972.9432  ·  Web:  **www.kreindler.com**

Please consider the environment before printing this e-mail.

**FBI PRIVILEGE LOG**
**Tranche 26**
**May 6, 2021**
*In re Terrorist Attacks on September 11, 2001 Litigation*
**Civil Action No. MDL 03-1570**

| Log No. | Document Type | Pages | Date | Subject Matter | Bases for Withholding |
|---|---|---|---|---|---|
| 1 | Investigative Accomplishments Report | 6 pages | January 2008 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 2 | Confidential Human Source Reporting Document | 3 pages | November 2009 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 3 | Teletype | 3 pages | March 2010 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 4 | Letter | 3 pages | March 2011 | Communication with foreign government (not the Kingdom of Saudi Arabia) re Confidential Human Source | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 5 | Electronic Communication | 3 pages | April 2003 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |

2

| 6 | Electronic communication | 11 pages | January 2007 | Communication re intelligence information provided to the FBI by a foreign government (not the Kingdom of Saudi Arabia) and coordination between FBI and foreign government | Classified/Law Enforcement Privileged/National Security Act/ State Secrets Privilege |
|---|---|---|---|---|---|
| 7 | Report | 8 pages | December 2006 | Communication from foreign government to FBI containing intelligence information and reflecting coordination between FBI and foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 8 | Letter | 2 pages | July 2017 | Communication from foreign government to FBI containing intelligence information and reflecting coordination between FBI and foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 9 | Electronic Communication | | | Communication re initiation of investigation of Bayoumi | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |
| 10 | Electronic Communication | | | Communication re initiation of investigation of Thumairy | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |

3

| 11 | Electronic Communication | | | Communication re initiation of investigation of third subject identified in 2012 FBI report | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |
| --- | --- | --- | --- | --- | --- |
| 12 | Electronic Communication | 16 pages | April 2016 | Analytic review and assessment of case | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Deliberative Process Privilege/State Secrets Privilege |
| 13 | Briefing document | 6 pages | February 2010 | Case overview | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Deliberative Process Privilege/Work Product Privilege/State Secrets Privilege |
| 14 | Electronic Communication | 15 pages | September 2010 | Communication re information to be disseminated to foreign government | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |
| 15 | Electronic Communication | 13 pages | December 2009 | Working document outlining results of investigation | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Deliberative Process Privilege/State Secrets Privilege |

4

| 16 | Electronic Communication | 3 pages | January 2003 | Communication re bank records acquired with assistance from foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
|---|---|---|---|---|---|
| 17 | Memorandum | 3 pages | February 2016 | Report from foreign government of communication from witness | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 18 | Electronic Communication | 5 pages | November 2002 | Report of interview by foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 19 | Electronic communication | 9 pages | May 2008 | Report of interview involving foreign government | Classified/Law Enforcement Privileged/National Security Act/Privacy/State Secrets Privilege |
| 20 | Electronic communication | 9 pages | December 2007 | Report of interview involving foreign government | Classified/Law Enforcement Privileged/National Security Act/Privacy/State Secrets Privilege |

5

| 21 | Classified Record(s): Because the FBI cannot provide any description of certain record(s) without thereby disclosing classified information, a classified privilege log describing such record(s) will be provided separately to the Court | | | | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Privacy/State Secrets Privilege |
|----|----|----|----|----|----|
| 22 | Electronic communication | 12 pages | February 2010 | Discussion of investigative results | Classified/Law Enforcement Privileged/National Security Act/ Privacy/Deliberative Process Privilege/ State Secrets Privilege[*]/Privacy |
| 23 | Teletype | 9 pages | March 2010 | Report of briefing | Classified/Law Enforcement Privileged/National Security Act/ Privacy/Deliberative Process Privilege/ State Secrets Privilege[*]/Privacy |
| 24 | Electronic communication | 5 pages | June 2010 | Document outlining research results | Classified/Law Enforcement Privileged/National Security Act/ Privacy/State Secrets Privilege[*]/Privacy |

---

[*] The documents listed at entries 22-36 and 38-45 of the Privilege Log were identified and processed after the Attorney General asserted the state secrets privilege on April 13, 2020. However, these documents contain classified information falling within one or more of the categories of information over which the Attorney General asserted the state secrets privilege.

6

| 25 | Electronic communication | 4 pages | November 2001 | Request regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Deliberative Process Privilege/Privacy/ State Secrets Privilege* |
| 26 | Electronic communication | 4 pages | November 2001 | Request regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Deliberative Process Privilege/Privacy/ State Secrets Privilege* |
| 27 | Memorandum | 5 pages | February 2004 | Investigative summary for foreign government | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege* |
| 28 | Teletype | 9 pages | December 2004 | Information Report for various federal agencies and foreign governments | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 29 | Electronic communication | 5 pages | January 2002 | Approval regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 30 | Electronic communication | 3 pages | June 2002 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |

7

| 31 | Teletype | 7 pages | July 2004 | Information Report for various federal agencies re Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 32 | Electronic communication | 2 pages | August 2002 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 33 | Electronic communication | 3 pages | August 2005 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 34 | Electronic communication | 2 pages | March 2006 | Administrative document relating to Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 35 | Memorandum | 5 pages | March 2004 | Investigative summary for foreign government | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege[*] |
| 36 | Electronic communication | 4 pages | June 2004 | Report of investigative updates | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |

8

| 37 | FD-302 | 1 page | October 2001 | Interview of witness requesting identity be protected; content determined to be source-identifying | Law Enforcement Privileged/Informant Privilege/Privacy |
|---|---|---|---|---|---|
| 38 | Memorandum | 2 pages | November 2001 | Report of investigative activity | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 39 | Electronic communication | 16 pages | October 2007 | Communication re initiation of investigation | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 40 | Electronic communication | 6 pages | December 2007 | Request regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 41 | Electronic communication | 3 pages | July 2004 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 42 | Electronic communication | 5 pages | November 2005 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |

9

| 43 | Electronic communication | 2 pages | February 2006 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
|----|--------------------------|---------|---------------|-------------------------------------|-------------------------------------------------------------------------------------------------------------------|
| 44 | Memorandum | 8 pages | August 2002 | Communication to foreign government regarding investigative information | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege[*] |
| 45 | Electronic Communication | 7 pages | April 2008 | Interview of witness requesting identity be protected; content determined to be source-identifying | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |

**From:**    Michael Isikoff <misikoff@verizonmedia.com>
**Sent:**    7/13/2021 11:53:29 AM
**To:**      Jim Kreindler <JKreindler@kreindler.com>
**Subject:** checking in

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on writing something this week.
Mike Isikoff
c 202-258-2535

**From:**   Jim Kreindler <JKreindler@kreindler.com>
**Sent:**   7/13/2021 12:31:26 PM
**To:**     Michael Isikoff <misikoff@verizonmedia.com>
**Subject:** Re: checking in

---

Still working on motion.  Too many chefs….

Sent from my iPhone

> On Jul 13, 2021, at 11:53 AM, Michael Isikoff <misikoff@verizonmedia.com> wrote:

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on
writing something this week.
Mike Isikoff
c 202-258-2535

**From:** Michael Isikoff <misikoff@verizonmedia.com>
**Sent:** 7/13/2021 1:25:28 PM
**To:** Jim Kreindler <JKreindler@kreindler.com>
**Subject:** Re: [E] Re: checking in

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Ok, aiming to write something for Thursday or Friday -- so if any update by then, let me know.

On Tue, Jul 13, 2021 at 12:31 PM Jim Kreindler <JKreindler@kreindler.com> wrote:
> Still working on motion.  Too many chefs….
>
> Sent from my iPhone
>
>
>     On Jul 13, 2021, at 11:53 AM, Michael Isikoff <misikoff@verizonmedia.com> wrote:
>
>
**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.
> Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on
> writing something this week.
> Mike Isikoff
> c 202-258-2535

**From:**   Jim Kreindler <JKreindler@kreindler.com>
**Sent:**   7/13/2021 1:26:11 PM
**To:**     Michael Isikoff <misikoff@verizonmedia.com>
**Subject:** Re: [E] Re: checking in

Will do

Sent from my iPhone

> On Jul 13, 2021, at 1:25 PM, Michael Isikoff <misikoff@verizonmedia.com> wrote:

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Ok, aiming to write something for Thursday or Friday -- so if any update by then, let me know.

On Tue, Jul 13, 2021 at 12:31 PM Jim Kreindler <JKreindler@kreindler.com> wrote:
> Still working on motion.  Too many chefs….
>
> Sent from my iPhone
>
>
> > On Jul 13, 2021, at 11:53 AM, Michael Isikoff <misikoff@verizonmedia.com> wrote:
>
> > **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.
> > Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on writing something this week.
> > Mike Isikoff
> > c 202-258-2535

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### DECLARATION OF DEBRA PAGAN

I, Debra Pagan, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.     I am a paralegal at Kreindler & Kreindler LLP ("Kreindler") and am involved in Kreindler's work in the *In re Terrorist Attacks on September 11, 2001* suit.

2.     I was asked to provide a declaration in connection with this Court's inquiry into how investigative reporter Michael Isikoff obtained a copy or portions of the deposition transcript of Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah").

3.     On June 17 and 28, 2021, I received an email from Golkow Litigation Services with the rough transcript of the Jarrah deposition transcripts. I forwarded those to Kreindler employee Julia Sienski. On June 29, 2021, I received an email from Golkow that included a link providing access to the final Jarrah transcripts, which I forwarded to Julia Sienski.

4.     My specific answers to the inquiry of this Court's Order, ECF No. 7082 at 2, (set forth in italics) are underscored below:

- *whether the declarant shared with anyone any portion of the Al Jarrah deposition transcript (either by providing copies of any portion of the transcript, reading any portion of the transcript, or describing it);*

- I shared the Jarrah transcripts with the law firm Baumeister & Samuels. I did not share any portion of the Jarrah transcripts with anyone else.

- *identify and describe all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021.*

  - I have never had any communications with Isikoff or anyone acting on his behalf.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
      September 27, 2021

KREINDLER & KREINDLER LLP

By: _____
Debra Pagan
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

DECLARATION OF JULIA SIENSKI

I, Julia Sienski, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury

the following:

     1.     I am a client liaison and case manager at Kreindler & Kreindler LLP

("Kreindler") and am involved in Kreindler's work in the *In re Terrorist Attacks on September

11, 2001* suit.

     2.     I was asked to provide a declaration in connection with this Court's inquiry into

how investigative reporter Michael Isikoff obtained a copy or portions of the deposition

transcript of Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah").

     3.     Kreindler paralegal Debra Pagan forwarded to me the email with the rough

transcripts of former Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah") and the link

from court reporters Golkow Litigation Services providing access to the final Jarrah transcripts.

I saved the rough Jarrah transcripts on Kreindler's server on June 17, 2021 and June 18, 2021

and the final Jarrah transcripts on June 29, 2021. I also uploaded the final Jarrah transcript to

Kreindler's cloud-based storage system on June 29, 2021.

     4.     My specific answers to the inquiry of this Court's Order, ECF No. 7082 at 2, (set

forth in italics) are underscored below:

      *i.*    *whether the declarant shared with anyone any portion of the Al Jarrah*

            *deposition transcript (either by providing copies of any portion of the*

            *transcript, reading any portion of the transcript, or describing it);*

           o  <u>I have not shared any portion of the Jarrah transcript with anyone.</u>

    •  *identify and describe all communications with Michael Isikoff or anyone*

       *acting on his behalf, whether oral or written, from June 1, 2021, to August 1,*

       *2021.*

         o  <u>I have never had any communications with Isikoff or anyone acting on his</u>

          <u>behalf.</u>

I declare under penalty of perjury that the foregoing is true and correct to the best

of my knowledge and belief.

Dated: New York, New York
       September 27, 2021

KREINDLER & KREINDLER LLP

By: _____
JULIA SIENSKI
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

## DECLARATION OF LISA RANIERI

I, Lisa Ranieri, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.  I am a legal secretary at Kreindler & Kreindler LLP ("Kreindler") and am involved in Kreindler's work in the *In re Terrorist Attacks on September 11, 2001* suit.

2.  I was asked to provide a declaration in connection with this Court's inquiry into how investigative reporter Michael Isikoff obtained a copy or portions of the deposition transcript of Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah").

3.  My specific answers to the inquiry of this Court's Order, ECF No. 7082 at 2, (set forth in italics) are underscored below:

- *whether the declarant shared with anyone any portion of the Al Jarrah deposition transcript (either by providing copies of any portion of the transcript, reading any portion of the transcript, or describing it);*
  - o  I emailed the transcript to Megan Wolfe Benett.  I did not share any portion of the Jarrah transcripts with anyone else.

- *identify and describe all communications with Michael Isikoff or anyone acting on his behalf, whether oral or written, from June 1, 2021, to August 1, 2021.*

- o <u>I have never had any communications with Isikoff or anyone acting on his behalf.</u>

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       September 27, 2021

KREINDLER & KREINDLER LLP

By:_____
LISA RANIERI
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

CONSULTANT 1 DECLARATION
FILED UNDER SEAL AND EX PARTE

JOHN FAWCETT DECLARATION
FILED UNDER SEAL