# KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

July 23, 2021

**FILED UNDER SEAL – SUBJECT TO MDL PROTECTIVE ORDER**

*Via ECF (under seal) and electronic mail*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

     Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

     I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to seek relief for a violation of the general protective order in this litigation, ECF No. 1900 ("MDL Protective Order"), through unauthorized disclosure of Musaed Al Jarrah's confidential deposition transcript to Michael Isikoff of Yahoo! News. Isikoff recently published details from the transcript, including verbatim quotations. *See* Ex. A (Michael Isikoff, *FBI tried to flip Saudi official in 9/11 investigation*, Yahoo! News, July 15, 2021). His article states that "a copy of the deposition – with some redactions for law-enforcement sensitive material – was obtained exclusively by Yahoo News." *Id.* at 2. The Court should order targeted discovery to determine who disclosed the transcript as a step towards enforcement of the MDL Protective Order.

     1.   On June 17 and June 18, 2021, the Plaintiffs' Executive Committees ("Plaintiffs") took Al Jarrah's deposition. *See* Ex. B (excerpts of Al Jarrah deposition transcripts). Al Jarrah is a former employee who worked in Saudi Arabia's Embassy during the relevant period. He had no obligation to testify. He voluntarily agreed to do so in part given the confidentiality protections in place. Undersigned counsel represented Al Jarrah in connection with his deposition. At the deposition, Plaintiffs introduced exhibits that were subject to the MDL Protective Order, and Al Jarrah answered questions about those exhibits. *See* Ex. B, ███████████████████████████████████████████████████. Those exhibits included documents that Saudi Arabia had voluntarily produced from the files of its Embassy that the Court has ruled are protected by the Vienna Convention on Diplomatic Relations and must be filed only under seal. *See id.* ███████████████████████████████████████████████████; *see also* ECF No. 4696 (sealing order), *objections overruled*, ECF No. 6532.

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**

The Honorable Sarah Netburn
July 23, 2021       **FILED UNDER SEAL**
Page 2       **SUBJECT TO MDL PROTECTIVE ORDER**



    At the close of Al Jarrah's deposition, counsel for Saudi Arabia and Al Jarrah designated the deposition as confidential. *See id.* at 609:17-21. The court reporter marked the transcripts as confidential. *See id.* (top line of all pages). On June 9-11, 2021 and June 28-30, 2021, Plaintiffs also took the depositions of Omar Al Bayoumi, and Fahad Al Thumairy. Those depositions also discussed confidential information and the transcripts were also designated as confidential. As set forth in declarations submitted with this motion, Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen"), is the only entity acting on behalf of Saudi Arabia that has received the Al Jarrah, Al Bayoumi, or Al Thumairy transcripts. No person at Kellogg Hansen has sent those transcripts to anyone not authorized to receive them.[2]

    2.     Michael Isikoff is a correspondent who covers this litigation. On July 5, 2021, Isikoff sent counsel for Saudi Arabia an email requesting comment on an article he was preparing. Ex. D3, ¶ 4 (Kellogg Decl.) & attach. A. That email asked for "any comments you can make in response to what Jim Kreindler had to say about where things stand – and how the depositions went." *Id.* The quotations attributed to "Jim Kreindler" stated: "If I could tell you now everything we knew about the Saudi role, you could see a resolution in Congress to declare war. I mean, it is so dramatic" and "[w]e are thrilled with how the depositions went . . . . I can say that we've exposed all kinds of lies. You know, one witness will contradict another. Each person wants to minimize their own role and point fingers at each other." *Id.* (boldface omitted). No one from Kellogg Hansen responded to Isikoff. *See* Exs. D2, ¶ 5, D3, ¶ 4.

---

[1] 

[2] Exhibits D1 through D27 are declarations from everyone at Kellogg Hansen who has received or accessed the transcripts in the course of their work. Most who received the transcripts sent them to no one at all. *See* Ex. D3, D5-D27. Those who did share the transcripts sent them only to (1) employees of the firm, *see* Exs. D1, ¶¶ 3-5 (Shen Decl.), D2, ¶ 4 (Rapawy Decl.); (2) counsel for Plaintiffs, *see* Ex. D2, ¶ 3; (3) counsel for Dallah Avco, *see* Ex. D2, ¶ 3; (4) counsel for the FBI, *see* Exs. D1, ¶ 10, D2, ¶ 3; or (5) the Court and its personnel, *see* Ex. D2, ¶ 3, D4, ¶ 3. *See* ECF No. 1900, ¶ III.H.3 (setting out categories of persons authorized to receive confidential material); ECF No. 4255, ¶ 10 (authorizing disclosures of transcripts to FBI).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 23, 2021          FILED UNDER SEAL
Page 3          SUBJECT TO MDL PROTECTIVE ORDER

       On July 15, 2021, Yahoo! News published under Isikoff's byline the article attached as Exhibit A. As noted above, the article states that a "copy of the deposition – with some redactions for law-enforcement sensitive material – was obtained exclusively by Yahoo News." Ex. A, at 2. The FBI has not yet approved any redactions of the Al Jarrah transcripts.

       Details in the article corroborate Isikoff's statement that he has a copy of the transcripts. The article correctly identifies the number of pages (more than 600). It quotes verbatim from Al Jarrah's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ his denial that before the 9/11 attacks he ever heard the names of Khalid Al Mihdhar and Nawaf Al Hazmi. *Compare* Ex. A, at 4-5 *with* Ex. B, at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It also purports to give an exact count of the number of times that Al Jarrah used the words "I don't remember." *See* Ex. A, at 7.

       The July 15 article contains no direct quotations attributed to Plaintiffs' counsel. We also have not found any other published article containing the quotations that Isikoff attributed to Plaintiffs' counsel in his July 5 email. But the July 15 article does set out "[t]he families' lawyers[']" point of view on the matters it discusses, describing the Al Jarrah, Al Bayoumi, and Al Thumairy depositions as "frustrating" but stating that "the lawyers are . . . making what they believe can be a powerful circumstantial case." Ex. A, at 7-8. Counsel for Plaintiffs are also quoted by name in other articles that Isikoff has written this month referring to this litigation.[3]

     **3.**      The MDL Protective Order states that a "Receiving Party may use Protected Material . . . only for prosecuting, defending, or attempting to settle this litigation," ECF No. 1900, ¶ III.H.1; that "Protected Material may be disclosed only to the categories of persons and under the conditions described in this order," *id.*; and that "Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order," *id.* ¶ III.H.2. Depositions marked as containing confidential material "shall be treated in accordance with the provisions of this Order." *Id.* ¶ III.G.4. The deposition transcripts here were so marked.

       The facts before the Court show that a violation of the MDL Protective Order has occurred. The article's statement that "Yahoo News" had "obtained" a "copy of the deposition," combined with the corroborating details in the article about the contents of the confidential Al Jarrah deposition transcripts, indicate that Isikoff has a copy of those confidential transcripts. He could have obtained them only through a violation of the MDL Protective Order. Isikoff's public and private statements also provide reason to believe that he had substantive discussions with Plaintiffs' counsel concerning the depositions at the time he was preparing the July 15 article.

     **4.**      This Court has broad authority to enforce and devise remedies for violations of its discovery orders. Because the MDL Protective Order was issued pursuant to Federal Rule of

---

[3] *See* Ex. C, at 2, 6 (Michael Isikoff, *Prior to his murder, Jamal Khashoggi offered to help 9/11 victims suing Saudi Arabia*, Yahoo! News, July 10, 2021) (offering an "exclusive account" from Plaintiffs' investigator "Catherine Hunt," and quoting "Jim Kreindler").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 23, 2021           FILED UNDER SEAL
Page 4           SUBJECT TO MDL PROTECTIVE ORDER

Civil Procedure 26(c), *see* ECF No. 1900 preamble, the Court has authority to enforce it under Federal Rule of Civil Procedure 37(b). *See*, *e.g.*, *Jay v. Spectrum Brands Holdings, Inc.*, 2015 WL 6437581, at *5 (S.D.N.Y. Oct. 20, 2015) ("[T]his Court has consistently held that a protective order issued under Rule 26(c) can be enforced through Rule 37(b)."); *see also In re Bouchard Transp. Co.*, 2018 WL 1581992, at *1 (S.D.N.Y. Mar. 28, 2018); *Schiller v. City of New York*, 2007 WL 1623108, at *3 (S.D.N.Y. June 5, 2007). In addition, the Court also has "inherent power to enforce [its] own orders" and to "issue orders designed to correct wrongs committed through its process." *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012) (discussing the power to enforce confidentiality orders).

       Rule 37(b) states that the Court may "issue further just orders" upon a finding that a discovery order has been violated, including but not limited to sanctions. The Court's inherent powers include "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The MDL Protective Order provides that "any violation of this Order is punishable by money damages . . . equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate." ECF No. 1900, ¶ III.M.2. All of these sources grant the Court flexibility to investigate and remedy the violation of the MDL Protective Order here.

       **5.**      The Court should investigate or authorize Saudi Arabia to investigate the circumstances of this serious violation. Saudi Arabia respectfully submits that the Court should follow the procedure suggested in *Schiller v. City of New York* to deal with a similar situation.

       In that case, the City of New York and its Police Department (collectively, the "City") produced confidential police intelligence documents to protestors who alleged they had been wrongfully arrested. *See* 2007 WL 1623108, at *1. The *New York Times* published articles suggesting its reporters had the documents. *See id.* at *2. The City asked the Court to order the protestors' attorneys to declare under oath whether they had or had not given the *Times* the documents. *See id.* at *4. Judge Francis declined, but said he would "consider granting the relief requested by the defendants" if he "were satisfied that any breach of the protective orders most likely originated with plaintiffs' counsel." *Id.* That would require the City to "provide declarations from everyone who had access to the Intelligence Documents, attesting that they did not disclose the documents in violation of the protective order, and identifying everyone to whom they did provide the documents." *Id.* By doing so, the City could establish "a complete and accurate chain of custody" and its "lack of responsibility for the breach." *Id.*

       Here, Saudi Arabia is showing it was not responsible for the breach of confidentiality by submitting sworn declarations from every individual who, while acting as counsel, or at the direction of counsel for Saudi Arabia in this matter, accessed or received the Al Jarrah deposition transcripts. That is enough to "shift . . . the burden . . . [to] demonstrat[e] . . . innocence," *id.*, to the other parties who received the transcripts – particularly counsel for Plaintiffs who have been in contact with Isikoff about his recent articles. Saudi Arabia respectfully requests that the Court now direct all other entities or individuals with access to the transcripts to submit declarations to

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 23, 2021          **FILED UNDER SEAL**
Page 5          **SUBJECT TO MDL PROTECTIVE ORDER**

the Court similar to those submitted by Saudi Arabia. Further, because counsel for Plaintiffs communicated with Isikoff concerning the Al Jarrah, Al Bayoumi, and Al Thumairy depositions at or around the time that Isikoff published the article, the Court should direct similar disclosures as to the Al Bayoumi and Al Thumairy transcripts; and should direct each declarant also to identify, describe, and where applicable produce, communications with Isikoff from June 1, 2021 to the present. A proposed order is being sent to chambers with this letter.

    In the alternative, if the Court does not order that the above disclosures be made to the Court directly, Saudi Arabia respectfully requests authorization to conduct limited, targeted party and third-party discovery to investigate this violation of the MDL Protective Order.

    Before sending this letter, Saudi Arabia requested the positions of Plaintiffs, Dallah Avco, all parties whose counsel attended the deposition, and the FBI on the relief sought. Various Plaintiffs' firms responded separately, including some not on the Plaintiffs' Executive Committees. All Plaintiffs who responded represented that they had not given the transcripts to Isikoff. Some, but not all, represented that they had no communications with him. Several disagreed that the intervention of the Court was required and suggested a voluntary exchange of information. Dallah Avco consented to the relief requested. The FBI agreed that inquiry was warranted, but asked that the FBI and the Department of Justice ("DOJ") not be required to submit declarations, at least for now.[4] Saudi Arabia proceeded with this motion because a Court-supervised process is appropriate to investigate this violation of the Court's order and because inquiry into communications with Isikoff is a necessary part of that process.

* * *

    As the Second Circuit observed in *Eli Lilly & Co. v. Goldstein*, 617 F.3d 186 (2d Cir. 2010), inability to enforce protective orders would "eviscerate courts' ability to manage discovery, and, hence, litigation." *Id.* at 195. Saudi Arabia has voluntarily produced thousands of pages of confidential material from its Embassy and the highest offices of its government, relying on the MDL Protective Order to keep those documents confidential. Al Jarrah testified voluntarily ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. He too should have been able to rely on the MDL Protective Order for protection against the "embarrassment, oppression, or undue burden," Fed. R. Civ. P. 26(c), of having those questions and answers made public. The Court and the parties have also spent untold hours developing and applying rules and procedures to protect confidential information. The party or counsel who disclosed the transcripts to Isikoff has shown contempt for that process. The Court should act to protect the integrity of its proceedings and ensure future respect for its orders.

---

    [4] Saudi Arabia agrees that the FBI need not submit declarations at this time because, to the best of our knowledge, the FBI had only rough versions of the Al Jarrah transcripts and the page count in the Isikoff article ("more than 600") matches the final versions, not the rough.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 23, 2021 **FILED UNDER SEAL**
Page 6 **SUBJECT TO MDL PROTECTIVE ORDER**

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc: Counsel for Plaintiffs, Dallah Avco, and the FBI
All counsel who attended the deposition of Musaed Al Jarrah, Omar Al Bayoumi, or Fahad Al Thumairy

FILED UNDER SEAL – SUBJECT TO MDL PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 ) ) ) ) | Civil Action No. 03 MDL 1570 (GBD) (SN) ECF Case |

This document relates to:

*All cases*

## DECLARATION OF MICHAEL K. KELLOGG

I, Michael K. Kellogg, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that:

1. I am an attorney with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. ("Kellogg Hansen"). I represent the Kingdom of Saudi Arabia ("Saudi Arabia") in the above-captioned action.

2. I have received and accessed copies of the rough and final transcripts of the depositions of Mussaed Al Jarrah (on June 17 and 18, 2021), Omar Al Bayoumi (June 9, 10, and 11, 2021), and Fahad Al Thumairy (June 28, 29, and 30, 2021).

3. I have never provided copies of the rough or final transcripts of these depositions to anyone outside of Kellogg Hansen.

4. I have never shared any copy of the rough or final transcripts of the Al Jarrah, Al Bayoumi, or Al Thumairy depositions with Michael Isikoff. I have no knowledge of anyone at Kellogg Hansen, or anyone working at Kellogg Hansen's direction, who has shared copies of the rough or final transcript of the Al Jarrah, Al Bayoumi, or Al Thumairy depositions with Mr. Isikoff. Mr. Isikoff has contacted me in the past to request comment on a story he was working

- 1 -

**Exhibit D3**

on, but I have never given him comment about this case. A true and correct copy of a July 5, 2021 email from Mr. Isikoff to me is attached as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 20, 2021

_____
Michael K. Kellogg

- 2 -

**Exhibit D3**

**From:** Michael Isikoff <misikoff@verizonmedia.com>
**Date:** July 5, 2021 at 12:59:34 PM EDT
**To:** "Kellogg, Michael K." <mkellogg@kellogghansen.com>, mkellog@khhte.com
**Subject: [EXTERNAL] questions for 9/11 lawsuit story**

Michael Kellogg-
With the depoistions of Jarrah, Bayoumi and Thumairy now completed, am doing a story on the state of the 9/11 lawsuit in which I would appreciate any comments you can make in response to what Jim Kreindler had to say about where things stand-- and how the depositions went:   **"If I could tell you now everything we knew about the Saudi role, you could see a resolution in Congress to declare war. I mean, it is so dramatic…"We are thrilled with how the depositions went,. I can say that we've exposed all kinds of lies. You know, one witness will contradict another. Each person wants to minimize their own role and point fingers  at each other."**
This would be for a story slated for Wednesday so any comment appreciated by mid afternoon tomorrow.
Mike Isikoff
Yahoo News
c 202-258-2535

**Exhibit D3A**