

KREINDLER & KREINDLER LLP | 750 Third Avenue | New York, NY 10017-2725
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

September 9, 2021

Via ECF/CM
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

   Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)
     (SN) (*Ashton* 02-cv-6977 only)

Dear Judge Netburn:

  On behalf of the *Ashton* Plaintiffs, we respectfully submit this letter in response to the Court's order directing any "interested parties" to file submissions regarding Oath Inc.'s motion to intervene, ECF No. 7094, arising out of the Court's August 30, 2021 Order "investigating the breach of protective orders." (ECF No. 7082) ("August 30 Order"). *See* ECF No. 7100.

  As a general matter, we join in Oath Inc.'s arguments about the overbreadth and vagueness of the August 30 Order and, for the reasons stated therein, believe that the August 30 Order must be modified. *See* ECF No. 7094 at 9-11. Communications with the media, provided they do not reveal protected material, are, of course, permitted. As written now the August 30 Order would encompass communications of counsel with the press that do not violate a protective order or bear directly on the current breach inquiry.

  As the Oath motion correctly points out, the August 30 Order should be modified to, at most, limit any response to (1) the relevant time period to investigate the leak (June 17 – the first day of the Jarrah deposition through July 15 – the day Yahoo News published the article in question) and (2) any communication that forwarded the Jarrah transcript and/or discussed details of the Jarrah testimony.

  Further, as the 9/11 Plaintiffs have repeatedly argued, the existing FBI and MDL Protective Orders deny the Plaintiffs and the public critical information about the 9/11 Attacks and the role that the Kingdom of Saudi Arabia and its agents played in the 9/11 plot. Oath Inc.'s motion underscores Plaintiffs' arguments in favor of public access to all judicial materials. Indeed, the United States government's motion for authorization to disclose certain grand jury materials filed earlier today demonstrates that even the arguments previously advanced in favor of ongoing sealing are quickly collapsing. *See* ECF No. 7102. There is no principled basis to deny the Plaintiffs, the press, and the public access to the information developed in this case.

New York   Boston   Los Angeles

KSAX-0051
Case No. 03-md-1570

Respectfully submitted,

KREINDLER & KREINDLER

 /s/ James P. Kreindler
James P. Kreindler, Esquire
Steven R. Pounian, Esquire
Andrew J. Maloney, Esquire
Megan Benett, Esquire

New York, NY 10017

*Attorneys for Ashton Plaintiffs*