# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

## DECLARATION OF JOHN HARTNEY

I, John Hartney, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1.      I am the head of Information Technology ("IT") at Kreindler & Kreindler LLP ("Kreindler") and manage the firm's email and document systems. In connection with the *In re Terrorist Attacks on September 11, 2001* suit, I am familiar with the system managing retention and sharing of documents and other electronically stored information. I can search Kreindler's email accounts and have access to all the drives within our network. I also have managerial access to Kreindler's cloud-based document storage system.

2.      On July 16, 2021, I was advised that journalist Michael Isikoff published an article the day before on Yahoo! News in which he reported that he had obtained a copy of a redacted deposition transcript of Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah") and asked to assist with an internal review to determine if Isikoff received it from a source at Kreindler. I was told that the Jarrah deposition took place on June 17, 2021 and June 18, 2021 and that there had been both a rough transcript and a final transcript for both days.

3.      In connection with that request, I reviewed Kreindler's proprietary server, its cloud-based storage system and its email system. Based on my review, I determined the following.

**KSAX-0056F**

Case No.
03-md-1570

4.      The rough Jarrah transcripts were saved on Kreindler's server within a share drive specific to documents related to the 9/11 litigation on June 17, 2021 and June 18, 2021.  The final Jarrah transcripts were saved on Kreindler's server within the same share drive on June 29, 2021.  The final Jarrah transcript was uploaded to the cloud-based storage system on June 29, 2021.  The rough Jarrah transcript was not uploaded to the cloud-based storage system.

5.      Only individuals given Kreindler login credentials have access to Kreindler's server.  To manage information relating to this lawsuit, I created a directory on a network share drive within the server where all 9/11 litigation-related documents can be saved.  That directory is for use only by individual Kreindler attorneys and staff involved in this litigation and one consultant to Kreindler, John Fawcett.  The Jarrah transcripts were saved within that network share.  I was told that the following had been able to access the Jarrah transcripts: Kreindler attorneys Jim Kreindler, Steven R. Pounian, Andrew J. Maloney, Megan Wolfe Benett, and Gavin Simpson; Kreindler staff members Debra Pagan, Julia Sienski and Lisa Ranieri; and Kreindler consultant John Fawcett.  I did not find any evidence that the Jarrah transcripts had been downloaded, printed, or emailed by anyone else.

6.      Consultants, experts, or others outside of Kreindler's system could access the Jarrah transcript on the cloud-based storage system if Kreindler provided them access to the system.  To view documents saved on that system the documents must be downloaded by the user.  The system tracks which users have downloaded documents.  On July 29, 2021, I reviewed the user history for the cloud-based system and determined that as of that date no one had downloaded the Jarrah transcript that was saved on the cloud-based storage system.

7.      Based on my search of Kreindler's e-mail system, I determined that the only Kreindler personnel who received the rough or final Jarrah transcripts via email from the court

reporting service Golkow Litigation Services ("Golkow") were Jim Kreindler, Steven R. Pounian, Andrew J. Maloney, Megan Wolfe Benett, and Debra Pagan.

8.      I also conducted a search of Kreindler's email system for any incoming or outgoing messages to misikoff@yahoo-inc.com, misikoff@oath.com, misikoff@verizonmedia.com and misikoff52@gmail.com between June 1, 2021 and August 1, 2021.

9.      I also searched the email server for all outgoing, incoming, saved or deleted messages during that same time period containing the names "Jarrah" or "Isikoff" or the name that Golkow had given to the Jarrah transcripts when they were originally provided to Kreindler.

10.      The only emails returned as a result of the searches I conducted are attached hereto as Exhibit 1. None of those emails had any portion of the Jarrah deposition transcripts attached to them.

11.      I also determined that on two occasions between June 1, 2021 and August 1, 2021 the Jarrah transcripts were emailed from the Kreindler system to someone outside of the Kreindler firm: (1) an email from Kreindler consultant John Fawcett to another Kreindler consultant ("Consultant A"); and (2) an email from Debra Pagan to the law firm of Baumeister & Samuels. I determined that there were no other occasions when the Jarrah transcripts were emailed from the Kreindler system to anyone outside of the Kreindler firm.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Dated: New York, New York
        September 27, 2021


KREINDLER & KREINDLER LLP

By:
JOHN HARTNEY
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181

# EXHIBIT 1

**From:** Jim Kreindler <JKreindler@kreindler.com>
**Sent:** 6/28/2021 2:33:57 PM
**To:** Mark Seman <mark@yahoonews.com>
**Cc:** Michael Isikoff <misikoff@verizonmedia.com>;
**Subject:** Re: Thurs. July 1st 2:30pm - Isikoff - Conspiracyland Interview

Thanks

Sent from my iPhone

> On Jun 28, 2021, at 2:28 PM, Mark Seman <mark@yahoonews.com> wrote:

> ⚠️ **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Jim,

I hope you are well.
Mark here - Michael Isikoff's producer.

Here's the Zoom Intv. info for this Thurs. at 2:30pm

Mark Seman is inviting you to a scheduled Zoom meeting.

Topic: Isikoff w/ Jim Kreindler & Ali Soufan
Time: Jul 1, 2021 02:30 PM Eastern Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/89967891280?pwd=OWtVZDRvZGduUVlROC9UeUt0OVVsZz09

Meeting ID: 899 6789 1280
Passcode: 420714
One tap mobile
+16465588656,,89967891280#,,,,*420714# US (New York)
+13017158592,,89967891280#,,,,*420714# US (Washington DC)

Dial by your location
        +1 646 558 8656 US (New York)
        +1 301 715 8592 US (Washington DC)
        +1 312 626 6799 US (Chicago)
        +1 669 900 9128 US (San Jose)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
Meeting ID: 899 6789 1280
Passcode: 420714
Find your local number: https://us02web.zoom.us/u/kctag2jRM0


--
Mark Seman
Head of Audio / Podcasts
Yahoo News
917.723.4639

| **From:** | Jim Kreindler <JKreindler@kreindler.com> |
|---|---|
| **Sent:** | 7/1/2021 1:34:08 PM |
| **To:** | Mike Isikoff <Misikoff52@gmail.com> |
| **Subject:** | Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 - final.pdf |
| **Attachments:** | Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 .pdf |

Sent from my iPhone

July 1, 2021

The Honorable Merrick Garland
Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

The Honorable Christopher Wray
Director
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Dear Attorney General Garland and Director Wray:

We write again concerning the decision by the Department of Justice (DOJ) and Federal Bureau of Investigation (FBI), under the previous Administration, to invoke the "state secrets privilege" in litigation brought by victims of the terrorist attacks of September 11, 2001. For years, these survivors and family members have sought information from the DOJ and, in particular, the FBI, which has been withheld, purportedly for national security reasons. Unfortunately, in fact, the reasons for continued concealment of this potentially critical evidence have never been credibly or adequately explained.

As we have noted previously, on September 11, 2019, then-President Trump made a promise to the survivors and families that DOJ would disclose documents relevant to the case. Yet, the next day, then-Attorney General William Barr invoked the state secrets privilege to prevent the release of the very documents and information that the then-President vowed to disclose.[1]

The 9/11 families—many of whom we are honored to represent in Congress—have fought relentlessly for justice and to hold accountable all associated with the worst terrorist attack ever committed on American soil. We are now less than three months away from the twentieth anniversary of the 9/11 attacks. The lengthy passage of time since the attacks creates powerful questions about the need for continued classification of documents and the ongoing withholding of related information.

A fair day in court for these brave 9/11 families requires access to evidence. Their case and this cause is about truth, justice, and accountability. DOJ must not gratuitously stand in their way. If there is any credible reason to withhold facts, testimony, and documents concerning the attacks and the FBI's handling of subsequent investigations twenty years after 9/11, the American people deserve to know it.

---

[1] *See* Tim Golden and Sebastian Rotella, *The Saudi Connection: Inside the 9/11 Case That Divided the F.B.I.*, N.Y. TIMES (Jan. 23, 2020), https://www.nytimes.com/2020/01/23/magazine/9-11-saudi-arabia-fbi.html.

In previous appearances before the Senate Judiciary Committee,[2] you have both committed to review the situation in an effort to make documents and information available to the families to the greatest extent possible. As yet, however, there has been no tangible progress and we received no response to several additional letters on this issue. We again urge you to review past decisions to invoke the state secrets privilege and to meet with representatives of the families. We request a response to this letter no later than July 14, 2021. Thank you for your prompt consideration.

Sincerely,

_____
RICHARD BLUMENTHAL
United States Senate

_____
KIRSTEN GILLIBRAND
United States Senate

_____
ROBERT MENENDEZ
United States Senate

---

[2] The Nomination of the Honorable Merrick Brian Garland to be Attorney General of the United States: Day 1, Hearing before the Senate Judiciary Committee, 117th Cong. (Feb. 22, 2021), *available at* https://www.judiciary.senate.gov/meetings/the-nomination-of-the-honorable-merrick-brian-garland-to-be-attorney-general-of-the-united-states-day-1; Oversight of the Federal Bureau of Investigation, Hearing before the Senate Judiciary Committee, 116th Cong. (July 23, 2019), *available at* https://www.judiciary.senate.gov/meetings/07/23/2019/oversight-of-the-federal-bureau-of-investigation.

From:     Michael Isikoff <misikoff52@gmail.com>
Sent:     7/1/2021 2:14:32 PM
To:       Jim Kreindler <JKreindler@kreindler.com>
Subject:  Re: Letter from Sen. Blumenthal, Gillibrand, Menendez to DOJ + FBI re State Secrets Privilege - v6 - final.pdf

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Thanks, Looking forward to our chat at 2:30

On Thu, Jul 1, 2021 at 1:34 PM Jim Kreindler <JKreindler@kreindler.com> wrote:

Sent from my iPhone

**From:** Michaeli IslehkMaeli Isleofeli Isle<m5c2
**Sent:** @g.g>7>.h>/.1/>0h:4
**To:** 4im3PlshJKif5rrhkciKif5rr1>oncPis<m5c2
**Subject:** dl/hRlLLlehre5chtl <hSsBcl L3Psuh,issiGeP Iuh41 l IlbhL5hzDMhOh+SJhelhtLPLlhtlmelLKh:eiFislnlhvhF-hvhri Ps<6Ir

---

41hL55

tl Lhre5chcphi:35 l

  D hMBsh.uh>7>.uhPLh>/.0h:4uh4im3PlshJKif5rrhkciKif5rr1>oncPis**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

w3P fKuhR55fi nhr5eTPeIhL5h5Behm3PLhPLh>/y7h

  D hw3BuhMBsh.uh>7>.hPLh./y0h:4Michaeli IslehkMaeli Isleofeli Isle<m5c2hTe5Ll/

  |
  |
  |
  | tl Lhre5chcphi:35 l

**From:** Jim Kreindler <JKreindler@kreindler.com>
**Sent:** 7/10/2021 10:18:57 AM
**To:** Mike Isikoff <Misikoff52@gmail.com>
**Subject:**

Great article. Thanks mike

Sent from my iPhone

| From: | John Fawcett <Jfawcett@kreindler.com> |
|---|---|
| Sent: | 7/12/2021 11:38:05 AM |
| To: | Michael Isikoff <misikoff@verizonmedia.com> |
| Subject: | |
| Attachments: | 2021 5-6 Unclassified_privilege_log_updated_May 6 2021.pdf ,image001.jpg |

**John Fawcett**

**KREINDLER**

**Kreindler & Kreindler LLP**
485 Lexington Ave     T: 212.973.3469     ·     E-mail: jfawcett@kreindler.com
New York, NY 10017     F: 212.972.9432     ·     Web:     www.kreindler.com

Please consider the environment before printing this e-mail.

**FBI PRIVILEGE LOG**
**Tranche 26**
**May 6, 2021**
*In re Terrorist Attacks on September 11, 2001 Litigation*
**Civil Action No. MDL 03-1570**

| Log No. | Document Type | Pages | Date | Subject Matter | Bases for Withholding |
|---------|---------------|-------|------|----------------|------------------------|
| 1 | Investigative Accomplishments Report | 6 pages | January 2008 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 2 | Confidential Human Source Reporting Document | 3 pages | November 2009 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 3 | Teletype | 3 pages | March 2010 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 4 | Letter | 3 pages | March 2011 | Communication with foreign government (not the Kingdom of Saudi Arabia) re Confidential Human Source | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |
| 5 | Electronic Communication | 3 pages | April 2003 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/Privacy/ National Security Act/State Secrets Privilege |

| 6 | Electronic communication | 11 pages | January 2007 | Communication re intelligence information provided to the FBI by a foreign government (not the Kingdom of Saudi Arabia) and coordination between FBI and foreign government | Classified/Law Enforcement Privileged/National Security Act/ State Secrets Privilege |
|---|---|---|---|---|---|
| 7 | Report | 8 pages | December 2006 | Communication from foreign government to FBI containing intelligence information and reflecting coordination between FBI and foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 8 | Letter | 2 pages | July 2017 | Communication from foreign government to FBI containing intelligence information and reflecting coordination between FBI and foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 9 | Electronic Communication | | | Communication re initiation of investigation of Bayoumi | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |
| 10 | Electronic Communication | | | Communication re initiation of investigation of Thumairy | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |

| 11 | Electronic Communication | | | Communication re initiation of investigation of third subject identified in 2012 FBI report | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |
|----|----|----|----|----|----|
| 12 | Electronic Communication | 16 pages | April 2016 | Analytic review and assessment of case | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Deliberative Process Privilege/State Secrets Privilege |
| 13 | Briefing document | 6 pages | February 2010 | Case overview | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Deliberative Process Privilege/Work Product Privilege/State Secrets Privilege |
| 14 | Electronic Communication | 15 pages | September 2010 | Communication re information to be disseminated to foreign government | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege |
| 15 | Electronic Communication | 13 pages | December 2009 | Working document outlining results of investigation | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Deliberative Process Privilege/State Secrets Privilege |

| 16 | Electronic Communication | 3 pages | January 2003 | Communication re bank records acquired with assistance from foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| --- | --- | --- | --- | --- | --- |
| 17 | Memorandum | 3 pages | February 2016 | Report from foreign government of communication from witness | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 18 | Electronic Communication | 5 pages | November 2002 | Report of interview by foreign government | Classified/Law Enforcement Privileged/National Security Act/State Secrets Privilege |
| 19 | Electronic communication | 9 pages | May 2008 | Report of interview involving foreign government | Classified/Law Enforcement Privileged/National Security Act/Privacy/State Secrets Privilege |
| 20 | Electronic communication | 9 pages | December 2007 | Report of interview involving foreign government | Classified/Law Enforcement Privileged/National Security Act/Privacy/State Secrets Privilege |

| 21 | Classified Record(s): Because the FBI cannot provide any description of certain record(s) without thereby disclosing classified information, a classified privilege log describing such record(s) will be provided separately to the Court | | | | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/Privacy/State Secrets Privilege |
|---|---|---|---|---|---|
| 22 | Electronic communication | 12 pages | February 2010 | Discussion of investigative results | Classified/Law Enforcement Privileged/National Security Act/ Privacy/Deliberative Process Privilege/ State Secrets Privilege*/Privacy |
| 23 | Teletype | 9 pages | March 2010 | Report of briefing | Classified/Law Enforcement Privileged/National Security Act/ Privacy/Deliberative Process Privilege/ State Secrets Privilege*/Privacy |
| 24 | Electronic communication | 5 pages | June 2010 | Document outlining research results | Classified/Law Enforcement Privileged/National Security Act/ Privacy/State Secrets Privilege*/Privacy |

* The documents listed at entries 22-36 and 38-45 of the Privilege Log were identified and processed after the Attorney General asserted the state secrets privilege on April 13, 2020. However, these documents contain classified information falling within one or more of the categories of information over which the Attorney General asserted the state secrets privilege.

| 25 | Electronic communication | 4 pages | November 2001 | Request regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Deliberative Process Privilege/Privacy/ State Secrets Privilege* |
| 26 | Electronic communication | 4 pages | November 2001 | Request regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Deliberative Process Privilege/Privacy/ State Secrets Privilege* |
| 27 | Memorandum | 5 pages | February 2004 | Investigative summary for foreign government | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege* |
| 28 | Teletype | 9 pages | December 2004 | Information Report for various federal agencies and foreign governments | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 29 | Electronic communication | 5 pages | January 2002 | Approval regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 30 | Electronic communication | 3 pages | June 2002 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |

| 31 | Teletype | 7 pages | July 2004 | Information Report for various federal agencies re Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| --- | --- | --- | --- | --- | --- |
| 32 | Electronic communication | 2 pages | August 2002 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 33 | Electronic communication | 3 pages | August 2005 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 34 | Electronic communication | 2 pages | March 2006 | Administrative document relating to Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |
| 35 | Memorandum | 5 pages | March 2004 | Investigative summary for foreign government | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege* |
| 36 | Electronic communication | 4 pages | June 2004 | Report of investigative updates | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege* |

| 37 | FD-302 | 1 page | October 2001 | Interview of witness requesting identity be protected; content determined to be source-identifying | Law Enforcement Privileged/Informant Privilege/Privacy |
| 38 | Memorandum | 2 pages | November 2001 | Report of investigative activity | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 39 | Electronic communication | 16 pages | October 2007 | Communication re initiation of investigation | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 40 | Electronic communication | 6 pages | December 2007 | Request regarding investigative action | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 41 | Electronic communication | 3 pages | July 2004 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
| 42 | Electronic communication | 5 pages | November 2005 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |

| 43 | Electronic communication | 2 pages | February 2006 | Confidential Human Source reporting | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |
|---|---|---|---|---|---|
| 44 | Memorandum | 8 pages | August 2002 | Communication to foreign government regarding investigative information | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/State Secrets Privilege[*] |
| 45 | Electronic Communication | 7 pages | April 2008 | Interview of witness requesting identity be protected; content determined to be source-identifying | Classified/Law Enforcement Privileged/Informant Privilege/National Security Act/ Privacy/State Secrets Privilege[*] |

**From:**   Michael Isikoff <misikoff@verizonmedia.com>
**Sent:**   7/13/2021 11:53:29 AM
**To:**   Jim Kreindler <JKreindler@kreindler.com>
**Subject:** checking in

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on writing
something this week.
Mike Isikoff
c 202-258-2535

**From:**  Jim Kreindler <JKreindler@kreindler.com>
**Sent:**  7/13/2021 12:31:26 PM
**To:**  Michael Isikoff <misikoff@verizonmedia.com>
**Subject:** Re: checking in

---

Still working on motion.  Too many chefs….

Sent from my iPhone

> On Jul 13, 2021, at 11:53 AM, Michael Isikoff <misikoff@verizonmedia.com> wrote:

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on writing something this week.
Mike Isikoff
c 202-258-2535

**From:**     Michael Isikoff <misikoff@verizonmedia.com>
**Sent:**     7/13/2021 1:25:28 PM
**To:**       Jim Kreindler <JKreindler@kreindler.com>
**Subject:**  Re: [E] Re: checking in

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

Ok, aiming to write something for Thursday or Friday -- so if any update by then, let me know.

On Tue, Jul 13, 2021 at 12:31 PM Jim Kreindler <JKreindler@kreindler.com> wrote:
> Still working on motion.  Too many chefs….
>
> Sent from my iPhone
>
>
>     On Jul 13, 2021, at 11:53 AM, Michael Isikoff <misikoff@verizonmedia.com> wrote:
>
>
>     CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.
>     Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on writing something this week.
>     Mike Isikoff
>     c 202-258-2535

**From:** Jim Kreindler <JKreindler@kreindler.com>
**Sent:** 7/13/2021 1:26:11 PM
**To:** Michael Isikoff <misikoff@verizonmedia.com>
**Subject:** Re: [E] Re: checking in

---

Will do

Sent from my iPhone

> On Jul 13, 2021, at 1:25 PM, Michael Isikoff <misikoff@verizonmedia.com> wrote:

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.

> Ok, aiming to write something for Thursday or Friday -- so if any update by then, let me know.

> On Tue, Jul 13, 2021 at 12:31 PM Jim Kreindler <JKreindler@kreindler.com> wrote:
>> Still working on motion.  Too many chefs….
>>
>> Sent from my iPhone
>>
>>> On Jul 13, 2021, at 11:53 AM, Michael Isikoff <misikoff@verizonmedia.com> wrote:
>>>
>>> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you are expecting the link or attachment from the sender and know the content is safe.
>>> Hi Jim-- where do you stand on your request to DOJ to lift the state secrets privilege and gag order? Am planning on writing something this week.
>>> Mike Isikoff
>>> c 202-258-2535