ATTORNEY WORK PRODUCT                                                                                   CONFIDENTIAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

DECLARATION OF JOHN ~~HARTNEY~~ FAWCETT

I, John ~~Hartney~~ Fawcett, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury the following:

1. I have worked for the 9/11 Families as a researcher and consultant to Kreindler & Kreindler since 2002.

2. As I told Kreindler & Kreindler for the first time earlier today, in early July 2021 I sent a redacted version of the transcript of the deposition of Musaed al Jarrah to Michael Isikoff. The redacted portions of the deposition I sent to Michael Isikoff were limited to Musaed al Jarrah's testimony about his possession of child pornography. I did not send any other portions of the deposition to Michael Isikoff.

3. Until today, no one other than Michael Isikoff and I knew that I sent the redacted transcript to Michael Isikoff. Until today, I had told Kreindler & Kreindler that I did not know how Michael Isikoff had obtained the transcript. I sent the transcript to Michael Isikoff using a non-Kreindler e-mail address. I did so to prevent the lawyers and staff of Kreindler & Kreindler from knowing about my intended action and to prevent them from stopping me, should they wish to do so. No one from Kreindler directed me to send the transcript to Michael Isikoff.

*Formatted: Indent: Left: 1.27 cm, First Line: 1.27 cm, Line spacing: Double*

KSAX-0118A
Case No.
03-md-1570

KK01468

CONFIDENTIAL - SUBJECT TO MDL PROTECTIVE ORDER
KSAX-0118A, Page 1 of 5

ATTORNEY WORK PRODUCT                                                                 CONFIDENTIAL

4.  I felt compelled to release the information because I thought that the media was the only venue available to protect the public and children from Musaed al Jarrah and his conduct. After the revelations at the deposition that he was a child pornographer, I did not believe that Musaed al Jarrah's criminal acts should remain a secret. The Saudi government's invocations of diplomatic immunity and the FBI's claims of secrecy about its own relationship with Musaed al Jarrah only served to protect Musaed al Jarrah rather than expose his dangers to children. No one was taking action to protect the children at risk because of the conduct of Musaed al Jarrah. I had a personal interest because Musaed al Jarrah worked for Saudi Arabia as a diplomat in Morocco for many years and still lives there, ████████████ and I know from my prior international humanitarian and human rights work that Morocco has a dreadful history of child sex trafficking.

5.  I accept responsibility for my actions.

1.  ~~I am the head of Information Technology ("IT") at Kreindler & Kreindler LLP ("Kreindler") and manage the firm's email and document systems. In connection with the *In re Terrorist Attacks on September 11, 2001* suit, I am familiar with the system managing retention and sharing of documents and other electronically stored information. I can search Kreindler's email accounts and have access to all the drives within our network. I also have managerial access to Kreindler's cloud-based document storage system.~~

2.  ~~On July 16, 2021, I was advised that journalist Michael Isikoff published an article the day before on Yahoo! News in which he reported that he had obtained a copy of a redacted deposition transcript of Kingdom of Saudi Arabia official Musaed al-Jarrah ("Jarrah") and asked to assist with an internal review to determine if Isikoff received it from a source at~~

> Formatted: Indent: Left: 0 cm

KK01469

CONFIDENTIAL - SUBJECT TO MDL PROTECTIVE ORDER
KSAX-0118A, Page 2 of 5

ATTORNEY WORK PRODUCT

CONFIDENTIAL

Kreindler. I was told that the Jarrah deposition took place on June 17, 2021 and June 18, 2021 and that there had been both a rough transcript and a final transcript for both days.

3. In connection with that request, I reviewed Kreindler's proprietary server, its cloud-based storage system and its email system. Based on my review, I determined the following.

4. The rough Jarrah transcripts were saved on Kreindler's server within a share drive specific to documents related to the 9/11 litigation on June 17, 2021 and June 18, 2021. The final Jarrah transcripts were saved on Kreindler's server within the same share drive on June 29, 2021. The final Jarrah transcript was uploaded to the cloud-based storage system on June 29, 2021. The rough Jarrah transcript was not uploaded to the cloud-based storage system.

5. Only Kreindler personnel have access to Kreindler's server. To manage information relating to this lawsuit, I created a network share drive within the server where all 9/11 litigation-related documents can be saved. That share drive is for use only by individuals Kreindler attorneys and staff involved in this litigation and one consultant to Kreindler, John Fawcett. The Jarrah transcripts were saved within that network share. I was told that the following had been able to access the Jarrah transcripts: Kreindler attorneys Jim Kreindler, Steven R. Pounian, Andrew J. Maloney and Megan Wolfe Benett; Kreindler staff members Debra Pagan, Julia Sienski and Lisa Ranieri; and Kreindler consultant John Fawcett. I did not find any evidence that the Jarrah transcripts had been downloaded, printed, or emailed by anyone else.

6. Consultants, experts, or others outside of Kreindler's system could access the Jarrah transcript on the cloud-based storage system if Kreindler provided them access to the system. To view documents saved on that system the documents must be downloaded by the

KK01470

ATTORNEY WORK PRODUCT

CONFIDENTIAL

user. The system tracks which users have downloaded documents. On July 29, 2021, I reviewed the user history for the cloud-based system and determined that as of that date no one had downloaded the Jarrah transcript that was saved on the cloud-based storage system.

7. Based on my search of Kreindler's e-mail system, I determined that the only Kreindler personnel who received the rough or final Jarrah transcripts via email from the court reporting service Golkow Litigation Services ("Golkow") were Jim Kreindler, Steven R. Pounian, Andrew J. Maloney, Megan Wolfe Benett, and Debra Pagan.

8. I also conducted a search of Kreindler's email system for any incoming or outgoing messages to misikoff@yahoo-inc.com, misikoff@oath.com, misikoff@verizonmedia.com and misikoff52@gmail.com between June 1, 2021 and August 1, 2021.

9. I also searched the email server for all outgoing, incoming, saved or deleted messages during that same time period containing the names "Jarrah" or "Isikoff" or the name that Golkow had given to the Jarrah transcripts when they were originally provided to Kreindler.

10. The only emails returned as a result of the searches I conducted are attached hereto as Exhibit 1. None of those emails had any portion of the Jarrah deposition transcripts attached to them.

11. I also determined that on two occasions between June 1, 2021 and August 1, 2021 the Jarrah transcripts were emailed from the Kreindler system to someone outside of the Kreindler firm: (1) an email from Kreindler consultant John Fawcett to another Kreindler consultant ("Consultant A"); and (2) an email from Debra Pagan to the law firm of Baumeister & Samuels. I determined that there were no other occasions when the Jarrah transcripts were emailed from the Kreindler system to anyone outside of the Kreindler firm.

ATTORNEY WORK PRODUCT

CONFIDENTIAL

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       September 27, 2021

~~KREINDLER & KREINDLER LLP~~

By: _____
    ~~JOHN HARTNEY~~
    ~~485 Lexington Avenue~~
    ~~New York, New York 10017~~
    ~~Tel.: 212-687-8181~~
    JOHN FAWCETT

**Formatted:** Indent: First Line: 1.27 cm

KK01472

**CONFIDENTIAL - SUBJECT TO MDL PROTECTIVE ORDER**
**KSAX-0118A, Page 5 of 5**