Mbi2TerC1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In re Terrorist Attacks on              03 MD 1570 (GBD)(SN)
September 11, 2001
                                        Conference
------------------------------x

                                        New York, N.Y.

                                        November 18, 2022
                                        10:20 a.m.


Before:

                 HON. SARAH NETBURN,

                                        U.S. Magistrate Judge


                        APPEARANCES

COZEN O'CONNOR
     Attorneys for Federal Insurance Plaintiffs
BY:  SEAN P. CARTER


MOTLEY RICE, LLP
     Attorneys for Burnett and Plaintiffs Executive Committee
BY:  ROBERT T. HAEFELE
     JOHN EUBANKS


KREINDLER & KREINDLER LLP
     Attorneys for Ashton Plaintiffs
BY:  MEGAN WOLFE BENETT
     ANDREW J. MALONEY III


ANDERSON KILL P.C.
     Attorneys for O'Neill Plaintiffs
BY:  JERRY S. GOLDMAN
```

APPEARANCES (continued)

SHER TREMONTE, LLP
    Attorneys for Ashton Plaintiffs
BY: NOAM BIALE

BAUMEISTER & SAMUELS, P.C.
    Attorneys for Bauer and Ashton Plaintiffs
BY: MICHEL F. BAUMEISTER
    DOROTHEA M. CAPONE

WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
    Attorneys for Ryan and Maher Plaintiffs
BY: DENNIS G. PANTAZIS
    TIMOTHY B. FLEMING

JENNER & BLOCK
    Attorneys for Ryan and Maher Plaintiffs
BY: DOUGLASS A. MITCHELL

LAW OFFICE OF JOHN F. SCHUTTY, P.C.
    Attorneys for Ashton-Burling-Dickey Plaintiffs.
BY: JOHN F. SCHUTTY

1          (Case called; all parties present)

2          THE COURT:  Good morning.  Good to see you all.  Thank
3  you for coming in.  Nice to have in-person conferences.

4          So this is how we are going to proceed this morning.
5  We have two different matters.  The first is in connection with
6  the Ryan and Maher claims, and so that's who we have here.  We
7  will then switch over to address the second issue, which
8  concerns generally the Taliban default judgments.

9          So in preparation for today's first conference, I
10  reviewed much of the history involved in this dispute,
11  including the conference transcript from the conference we had
12  on November 26, 2019 and the subsequent order that the Court
13  issued that same day.  I then received a letter from Wiggins
14  Childs dated December 17, 2019, advising the Court about its
15  intentions with respect to the Ryan and Maher claims and an
16  underlying motion that was filed in January of 2020, followed
17  by the Court's order issued on January 9, 2020.

18          And then that brings us to the current dispute which
19  was initiated by letter application from Wiggins Childs on
20  October 17.  There have been a few letters, including one that
21  was filed -- I guess two that were filed late last night, one
22  from Wiggins Childs indicating that it had a misunderstanding
23  of the intent of the Court's prior orders from 2019 and I think
24  acknowledging that maybe there was some confusion on the part
25  of counsel and, as I understand it, indicating that as a result

1  of further review it is the view that we should sever claims
2  from the Ashton and Bauer claims to move forward.
3          I have a letter from Ms. Capone filed late last night
4  indicating that they stand by their initial position which, as
5  I understand it, is that there is nothing to sever because all
6  claims were severed in I guess it would have been early 2020.
7          As I indicated in my order scheduling today's
8  conference, that is certainly my initial view of the facts
9  here, that there is no indication -- notwithstanding maybe a
10 genuinely held mistake from your part, there is no indication,
11 from my perspective, that the claims of your clients remain
12 over the last two years in a separate complaint represented by
13 separate counsel, because I don't believe any notices of
14 appearances were filed in that case on behalf of the clients
15 that you purported to represent.  So I stand by my initial view
16 of the state of affairs, and I'm not sure that your letter of
17 last night sort of moves me, but I'm happy to hear from
18 counsel.
19          MR. PANTAZIS:  Your Honor -- first of all, may I speak
20 from here?
21          THE COURT:  Yes, you may.  And can I ask you to state
22 your name so that the court reporter—there are a lot of folks
23 here—so that she knows who is speaking.
24          MR. PANTAZIS:  My name is Dennis Pantazis on behalf of
25 Maher and Ryan.

1       Your Honor, I do want to address the Court because we
2  said it in the letter but I think it's important for me to
3  stand up in front of you and apologize to the Court and all the
4  parties for our misunderstanding and taking so much time up
5  with this Court and everybody.  But we think it is important,
6  your Honor, because the consequences could be severe for our
7  clients, and we are asking the Court not to affect or hurt our
8  clients because of our misunderstanding.
9       THE COURT:  What are those consequences?  I'm not sure
10 I even understand sort of the dispute beyond the procedural
11 one.
12      MR. PANTAZIS:  We can file new complaints and start
13 over again on a lot of this.  The problems are some of the
14 defendants could raise statute of limitations arguments, some
15 of the defendants could raise other issues because of the
16 timing.  The fact that we can transfer and sever these cases --
17 which there never was an official dismissal.  We understand
18 your order and, listen, we are wrong in interpreting your
19 directives.  But by transferring or severing these claims, we
20 preserve all of the filings that had occurred previously and
21 that protects our clients going forward in whatever eventually
22 happens on those cases.  It was never our intent to jettison
23 those claims or not pursue them.  And I believe -- I didn't
24 know it, but Tim Fleming just told me that we did file notices
25 of appearances for those clients in this case.

1         Tim, am I correct?

2         MR. FLEMING:  You did.

3         MR. PANTAZIS:  I did.

4         MR. FLEMING:  I did more recently.

5         MR. PANTAZIS:  We did.

6         Your Honor, what we are suggesting to the Court -- 7 and, again, it's our fault.  I'm not blaming anybody except me. 8 But I don't want our clients -- you know, we got into these 9 cases to protect these families.  We are trying to protect 10 these families, and by severing these claims we can protect any 11 and all of their claims in these cases going forward, and at 12 the same time we are not prejudicing anybody.  I don't have -- 13 I wish I had a fancy legal argument.  I don't.  It's my 14 misunderstanding, and I apologize.

15         Mr. Mitchell is here to talk about the mechanics of 16 severance and what we would propose if the Court wants to hear 17 that.

18         THE COURT:  I will in a minute.  So let me turn to 19 Ms. Capone.  Are you going to take the lead here or Baumeister.

20         MR. BAUMEISTER:  I will, your Honor.

21         THE COURT:  So I really don't want to make a big mess 22 out of this.  We have now spent a lot of time on this issue, 23 and I -- my interpretation of what we did in 2019 is clear to 24 me.  My question to you is what would be the harm of me issuing 25 an order today essentially doing what I did in 2020, directing

the claims to be withdrawn from your complaint and reassigned to an appropriate complaint handled by this counsel and issue that order *nunc pro tunc* to January 9, 2020?  It's inelegant, but what about that as solution?

MR. BAUMEISTER:  As long as it's clear -- I don't know if your Honor remembers that hearing that we had in terms of turning over the file with Ms. Ryan and Maher.  Plaintiffs were present with Mr. Vuotto, and it was quite a contentious hearing.  I don't know if you remember that.

THE COURT:  I have a vague recollection.  I think part of the issue was about liens.

MR. BAUMEISTER:  It was about liens, and there were certain things spoken by the attorney for Maher and Ryan.  And in the final analysis, Judge, now we have -- and I accept Mr. Pantazis's apology and his misunderstanding and I think he is being genuine and sincere, and I think we both do not want the clients to get harmed.  The issue really is, I want it clear on the record, that what's really being attempted here is to bootstrap on the work that Baumeister & Samuels did in getting a default in 2006 and that would enable the Maher and Ryan clients to go forward and try to perfect their judgments.  Because at the hearing that was a bone of contention in terms of the work product that had been done.

So I'm not quite sure that there is any harm because we are here, as you said—and this is the larger issue for

me—as you said -- I stand by your November 4 order, by the way. I'm not going to argue that again. Our submissions are our submissions, and I think your reasoning was correct.

In terms of the second conference today—and this is the larger issue that's kind of the 800-pound gorilla in the room—you said, let's really sit down, in the second order, and say, "How can the Court decide motions for default judgment against the Taliban in a way that permits plaintiffs to"—and this is critical to me because this is at the heart of what's going on here *sub rosa*—"proceed on equal footing with one another."

That, to me, is the most important thing, Judge. If you issue an order today *nunc pro tunc* and it helps Mr. Pantazis and it helps the Maher and Ryan clients, that's fine. The more important issue to me is if you didn't issue that order, we are going to set up a procedure more importantly that puts the Maher and Ryan plaintiffs on the same footing as the 47 clients represented by Pantazis, as the insurance claimants. That to me is the more important issue.

THE COURT: Right, which is on the agenda for the second part of this conference.

MR. BAUMEISTER: Exactly, your Honor so. That's a long-winded way of saying I agree with your analysis. I accept the apology from the Court [sic]. I don't want to prejudice the clients' rights, but this race to the courthouse that is in

1  existence today has caused enormous problems within the PEC and
2  within the client community.  Every 9/11 victim has to be put
3  on the same footing if there is going to be money that comes
4  out of the Biden administration, and I say that's a big if.
5  So that's essentially what my position is, your Honor.
6  THE COURT:  Okay.  Would you be comfortable if I
7  directed Mr. Pantazis to prepare a short order that I would ask
8  for you to review and sign off on before it is submitted to the
9  Court that grants their clients leave to withdraw their claims
10 *nunc pro tunc* and amend the existing complaints to add them
11 into that case?  Would you accept that as a resolution to this
12 dispute?
13 MR. BAUMEISTER:  I would, but I would like something
14 in there about the fact that they are relying on the
15 Baumeister & Samuels work product, which is the reason they are
16 doing it.  They want to bootstrap back to our 2006 --
17 THE COURT:  I understand that, and they will rely on
18 that 2006 judgment, I assume.
19 MR. BAUMEISTER:  Exactly.
20 THE COURT:  So I don't know that they need to state
21 what is clear on the docket.
22 MR. BAUMEISTER:  It's important for a number of
23 reasons, maybe not necessarily to this Court, but it's
24 important to show that they are relying on the Baumeister &
25 Samuels work product.

Mbi2TerC1

1       MR. PANTAZIS:  Your Honor, if I may, we would put into
2  that order that we are asking -- that it would be severed
3  including all of the work that was done by prior counsel.  We
4  would reference that.
5       MR. BAUMEISTER:  By name?
6       MR. PANTAZIS:  By name.
7       MR. BAUMEISTER:  I would be happy to do that, your
8  Honor.
9       THE COURT:  Okay.  So I think that brings us to a
10 resolution of this dispute.
11      MR. PANTAZIS:  I think it does.
12      THE COURT:  If I can just direct——I know Thanksgiving
13 is coming——in the next two weeks if you can get a draft order
14 to Mr. Baumeister for his sign-off and then submit it to the
15 Court as a proposed order with a cover letter just indicating
16 that they have consented to the filing of that proposed order.
17      MR. PANTAZIS:  I will do.  Thank you, your Honor.
18 Thank you, Mr. Baumeister.
19      MR. BAUMEISTER:  Thank you.
20      THE COURT:  Anything further on this issue?
21      MR. PANTAZIS:  No, your Honor.
22      THE COURT:  I am sure the next one will be just as
23 easy.  I will take a quick recess.
24           (Continued in second volume)
25                                  - - -