UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
                                       :
                                       :      **ORDER SEVERING AND**
                                       :      **TRANSFERRING CLAIMS**
                                       :      **AND PROCEEDINGS TO TWO**
                                       :      **NEW ASSOCIATED CASES,**
                                       :      *NUNC PRO TUNC*
                                       :
                                       :      **1:03 MDL 1570 (GBD) (SN)**
-------------------------------------------------------------------x
**This Document Relates to**
***Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977 (GBD) (SN)**
***Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD) (SN)**
***Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 1:17-cv-02003 (GBD) (SN)**

       The Court has before it a motion to sever the claims of certain plaintiffs from the

*Bauer/Ashton* consolidated cases, filed by Katherine Maher as Personal Representative of the

Estate of Daniel L. Maher, deceased; Katherine Maher, individually in her own right; Daniel R.

Maher; Joseph F. Maher; Patricia Ryan as Personal Representative of the Estate of John J. Ryan,

deceased; Patricia Ryan, individually in her own right; Kristen Ryan; Laura Ryan; and Colin

Ryan, (collectively, "the Maher and Ryan Plaintiffs") (MDL ECF 8644, 8759).  The Maher and

Ryan Plaintiffs are represented by Dennis G. Pantazis of Wiggins Childs Pantazis Fisher

Goldfarb LLC, who were substituted for their previous counsel, Baumeister & Samuels, P.C., by

motion filed September 20, 2019 (MDL ECF 5164, 5165) that was granted by this Court on

November 26, 2019 (MDL ECF 5326).

       The Court's November 26, 2019 Order directed the Wiggins firm to voluntarily withdraw

the Maher and Ryan claims from the *Bauer/Ashton* actions and file a new member case

associated with the *Havlish* action.  By Text Order issued January 9, 2020 (MDL ECF 5480),

this Court granted permission for the filing of a proposed action entitled *Ryan v. Islamic*

*Republic of Iran, et al.,* 20-cv-00266 (GBF) (SN) (*Ryan* ECF 1) and ordered that the case be associated with the *Havlish* and *Hoglan* actions as requested by the Wiggins firm.  On January 16, 2020, the Clerk designated the *Ryan* action as associated with the *In Re: 9/11* MDL docket.

On October 14, 2022, counsel for the Maher and Ryan Plaintiffs filed three documents in the *Bauer/Ashton* actions: A Notice of Amendment (MDL ECF 8636), a Notice of Appearance of Counsel (MDL ECF 8637), and a Motion for Final Default Judgment against the Taliban (MDL ECF 8638).  Baumeister & Samuels sent a letter to the Wiggins firm the same day advising that the Maher and Ryan claims were formally removed from the *Bauer/Ashton* by the Court on January 9, 2020, rendering the filings defective since no claims on behalf of these plaintiffs remained in the *Bauer/Ashton* actions.  In response, the Wiggins firm filed a letter to the Court on October 17, 2022 (MDL ECF 8644) requesting permission to sever claims against the Taliban and Saudi defendants from the *Bauer/Ashton* actions in accordance with Fed. R. Civ. P. 21.  While expressly stating that it had no wish to obstruct the Maher and Ryan Plaintiffs from receiving compensation for their losses, the Baumeister firm filed a letter with the Court on October 18, 2022 (MDL ECF 8648) stating that the Court's November 26, 2019 Order specifically directed and ordered counsel to remove the Maher and Ryan Plaintiffs from the *Bauer/Ashton* actions so nothing remained for the Court to sever.  The Wiggins firm wrote again to the Court on October 20, 2022 (MDL ECF 8650) requesting severance of the Maher and Ryan claims from the *Bauer/Ashton* actions and on November 4, 2022, the Court issued an Order (MDL ECF 8703) outlining the details of the Court's interaction on the issue of the removal of the Maher and Ryan claims from the *Bauer/Ashton* actions and setting the matter down for a hearing on November 18, 2022.  Counsel for the Maher and Ryan Plaintiffs filed a final letter with the Court on November 17, 2022 (MDL ECF 8759) advising that it had misinterpreted the

Court's November 26, 2019 Order and requesting relief to correct its misinterpretation.  The Baumeister firm filed a letter that same day (MDL ECF 8761) advising it stood by its previous submissions.

The Court held a hearing on this matter on November 18, 2022.  After a discussion as to how best to protect the claims of the Maher and Ryan Plaintiffs against defendants that failed to be included in the *Ryan* action filed by the Wiggins firm in 2020, the Court instructed the Wiggins firm and Baumeister & Samuels to submit a proposed Order that would enable it to direct that the Maher and Ryan claims previously filed by Baumeister & Samuels against all other defendants, including, but not limited to the Taliban and the Kingdom of Saudi Arabia, be withdrawn from the *Bauer/Ashton* actions and reassigned to new actions filed by the Wiggins firm with said Order to be issued *nunc pro tunc* to reflect a date of January 9, 2020.  *See* Transcript of Conference before the Hon. Sarah Netburn, U.S. Magistrate Judge, at pp. 6-10.

In accordance with the Court's direction, all work product performed by Baumeister & Samuels, P.C., including all complaints, claims, service events, motions, orders, stipulations, discovery, defaults, default judgments, and all other proceedings that took place in, and all filings that were made or were applicable to and binding upon the Maher and Ryan Plaintiffs in the *Bauer/Ashton* actions shall remain applicable to and binding upon the Maher and Ryan Plaintiffs in each of the new cases opened pursuant to this Order such that the status of the Maher and Ryan Plaintiffs' claims in the *Bauer/Ashton* actions prior to entry of this Order continues to be status of the Maher and Ryan Plaintiffs' claims in the newly created cases upon entry of this Order.

Accordingly, upon consideration of the Maher and Ryan Plaintiffs' motion, the arguments of counsel at the November 18, 2022 hearing, the terms of this Order and all the files and records herein,

IT IS HEREBY ORDERED, that all claims of the Maher and Ryan Plaintiffs, except for claims by Daniel R. Maher and Joseph F. Maher against the Islamic Emirate of Afghanistan, aka the Taliban, Sheikh Usamah Binmuhammad Bin-Laden, Deceased a/k/a Osama Bin Laden, Deceased, and Al-Qaeda a/k/a Al-Qaeda Islamic Army, an unincorporated association, Daniel R. Maher and Joseph F. Maher already being plaintiffs asserting claims against those Defendants in *Grazioso, et al. v. the Taliban, et al.*, 22-cv-01188, against all Defendants in *Bauer* 02-cv-7236 and *Ashton* 02-cv-6977 (other than those Defendants associated with the Defendant Islamic Republic of Iran, which were previously severed on January 9, 2020 (ECF 5480) and thereafter transferred to the *Ryan* action, 20-cv-00266), are hereby severed from *Bauer* 02-cv-7236 and *Ashton* 02-cv-6977, and all claims of the Maher and Ryan Plaintiffs and all filings in the *Bauer/Ashton* actions shall be transferred to, and continue to be prosecuted in, a new case opened pursuant to this Order, and it is further

ORDERED that all claims of the Maher and Ryan Plaintiffs against all Defendants in *Ashton* 17-cv-2003 are hereby severed from *Ashton* 17-cv-2003, and all claims and all filings in *Ashton* 17-cv-2003 shall be transferred to, and continue to be prosecuted in, a new case opened pursuant to this Order, and it is further

ORDERED that the Clerk of the Court,

(1) Open a case, to be styled *Maher, et al. v. al Qaeda, et al.*, to receive the severed claims of Katherine Maher as Personal Representative of the Estate of Daniel L. Maher, deceased; Katherine Maher, individually in her own right; Patricia Ryan as Personal

Representative of the Estate of John J. Ryan, deceased; Patricia Ryan, individually in her own right; Kristen Ryan; Laura Ryan; and Colin Ryan, against all Defendants that were named in the *Ashton* Sixth Amended Consolidated Master Complaint, Case No. 02-cv-06977 (*Ashton* ECF 465, MDL ECF 1463), filed September 30, 2005 (except for the Islamic Republic of Iran and the Iran-related Defendants);

(2) Transfer into *Maher, et al. v. al Qaeda, et al.*, all filings, of any kind, made in the *Bauer/Ashton* actions prior to the entry of this Order such that they appear on the docket of the newly opened *Maher, et al. v. al Qaeda, et al.* case;

(3) Open a case, to be styled *Maher, et al. v. Kingdom of Saudi Arabia*, to receive the severed claims of Katherine Maher as Personal Representative of the Estate of Daniel L. Maher, deceased; Katherine Maher, individually in her own right; Daniel R. Maher; Joseph F. Maher; Patricia Ryan as Personal Representative of the Estate of John J. Ryan, deceased; Patricia Ryan, individually in her own right; Kristen Ryan; Laura Ryan; and Colin Ryan, against the Kingdom of Saudi Arabia, as named in the First Amended Consolidated Complaint pending in *Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 17-cv-2003, ECF 21; and

(4) Transfer into *Maher, et al. v. Kingdom of Saudi Arabia* all filings, of any kind, that were made in Case No. 17-cv-2003 prior to the entry of this Order such that they appear on the docket of the newly opened *Maher, et al. v. Kingdom of Saudi Arabia* case, and it is further,

ORDERED, that both *Maher, et al. v. al Qaeda, et al.*, and *Maher, et al. v. Kingdom of Saudi Arabia* shall be accepted into the MDL entitled *In Re: Terrorist Attacks Upon the United States*, 03-MDL-1570 (GBD)(SN).

**SO ORDERED:**


Date: _____

      New York, New York

                                       _____

                                       SARAH NETBURN

                                       UNITED STATES MAGISTRATE JUDGE