# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers, *Co-Chair*<br>Donald A. Migliori, *Co-Chair*<br>Robert T. Haefele, *Liaison Counsel*<br>MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

December 2, 2022

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

The Plaintiffs' Executive Committees ("PECs") write to address certain issues in the recent filings of Kreindler & Kreindler ("Kreindler") and the Kingdom of Saudi Arabia ("Saudi Arabia"), concerning Judge Netburn's Opinion and Order of September 21, 2022 ("Order"; ECF No. 8544).[1]  The PECs have sought to stay out of these ancillary disputes and have participated only to the extent directed by the Court or where necessary to protect the privileges and interests of the Plaintiffs and the PECs themselves.  Because several of the filings relating to the Order implicate those privileges and interests, we are compelled to write to clarify the record on a few points and to object to any oral argument that discloses work product or strategy of the plaintiffs' law firms, as that work product and strategy are privileged and have no bearing on the questions before the Court.

*First*, in service of their respective interests, both Kreindler and Saudi Arabia have proffered arguments that presume that the jurisdictional inquiry concerning the claims against Saudi Arabia will require further proceedings concerning the involvement of Fahad al Thumairy, Omar al-Bayoumi, and other Saudi officials in establishing the support network for the first arriving hijackers.  These arguments largely or completely ignore Plaintiffs' pending Rule 54(b) Motion pursuant to the Second Circuit's decisions in *Kaplan v. Lebanese Canadian Bank* SAL, 999 F.3d 842 (2d Cir. 2021) and *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021).  As set forth in the PECs' briefs in support of that Motion, those decisions demonstrate that no further jurisdictional proceedings as to

---

[1] The filings concerning the Order include the filings regarding Kreindler's objections (ECF No. 8681/8754); Saudi Arabia's response to those objections (ECF No. 8751); Saudi Arabia's fee and cost petition and Kreindler's opposition to that petition (ECF Nos. 8623 (motion), 8624 (supporting declaration), 8685 (Kreindler opposition), 8699 (Saudi Arabia reply)), and Kreindler's motion for a stay and Saudi Arabia's opposition to that motion (ECF Nos 8700 (motion), 8701 (supporting declaration), 8760 (Saudi Arabia opposition), 8772 (Kreindler reply), and 8781).

The Honorable George B. Daniels
December 2, 2022

_____

Saudi Arabia are necessary, because jurisdiction has been established already. *See* ECF No. 7432 (Memorandum of Law in Support of Rule 54(b) Motion); ECF No. 7704 (Reply In Support of Rule 54(b) Motion); *see also* ECF No. 8157 (PECs' letter of June 28, 2022). On September 20, 2022, Judge Netburn issued an Order denying Saudi Arabia's request to set a schedule for a renewed motion to dismiss as to jurisdictional issues, finding that it would be inappropriate to do so "given the pending motions under Rule 54." ECF No. 8542.

*Second*, Kreindler has in various filings claimed credit for "leading" the litigation against Saudi Arabia. *See, e.g.*, ECF Nos. 8754 at 9, 22, 33, 37, 43; 8772 at 4, 7, 10; 8781 at 13. While we previously have expressed our view that the Kreindler narrative distorts the actual record, ECF No. 8620, we have refrained from addressing any of the specific claims, because doing so in a fulsome manner would require members of the PECs to disclose confidential and privileged aspects of the PECs' work and internal operations in a public setting. Although the PECs intend to continue to fulfill our obligation to protect Plaintiffs' privileges and work product, we are compelled to express our concerns that Kreindler continues to invite public inquiry into privileged matters, in service of its own interests.[2]

*Third*, regarding Kreindler's arguments about potential "prejudice," the PECs note (in addition to our first point above) that the Case Management Order establishing the PECs contemplates and provides a mechanism for "any plaintiffs' attorney" in this MDL to "give advice and suggestions to the" PECs. *See* ECF No. 248 at ¶ 13. We have invited Kreindler to cooperate pursuant to that mechanism.

*Fourth*, while the PECs take no position with regard to the Kellogg firm's fee and cost petition, we do reserve all rights with regard to the standards and rates this Court should apply in granting attorney's fees and cost awards in this complex multi-district litigation. As the Court is aware, the Anti-Terrorism Act (ATA) provides for mandatory attorney's fees and cost awards in favor of a prevailing plaintiff, and this Court has on several occasions awarded attorney's fees and costs to plaintiffs' counsel as a sanction against defendants for discovery abuses. The disputes relating to the Kellogg firm's fee and cost petition against the Kreindler firm thus indirectly implicate the interests of the Plaintiffs and PECs. Because the PECs believe the Plaintiffs' and their own interests are most

---

[2] Merely by way of one example, we point to Kreindler's claim in a recent Reply Brief, where it claimed that only Kreindler argued Saudi Arabia's Motion to Dismiss "for the PEC" (ECF No. 8772 at 4). In the case of that example, the public record demonstrates that Kreindler's assertion is not correct. In point of fact, Kreindler, on behalf of the *Ashton* Plaintiffs, and only the *Ashton* Plaintiffs, insisted on filing a separate post-JASTA complaint and separate brief in response to Saudi Arabia's motion to dismiss, and on presenting separate argument on behalf of the *Ashton* Plaintiffs. As the Court recognized at the time, Kreindler separated itself from the PECs for purposes of those filings, and it argued solely on behalf of the *Ashton* plaintiffs. Counsel for the PECs also presented key arguments in response to Saudi Arabia's motion to dismiss, and Kreindler did not argue for the PECs or any plaintiffs who joined the PECs' Consolidated Amended Complaint and brief. *See* Tr. (Jan. 18, 2018) at 36:7-83:7 (arguments presented by Sean Carter on behalf of the PECs' Consolidated Amended Complaint which includes the case within this MDL in which the largest number of 9/11 death claims are made, *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-CV-9849 (GBD)(SN)); *cf, id.* at 83:10 (Mr. Pounian of Kreindler begins his argument that he "represent[s] the Ashton plaintiffs in this case"); 99:15-99:16 (Judge Netburn noting that positions taken by Kreindler are "different than what the Plaintiffs' Executive Committee's position is"). *See also* Tr. at 22 (Oct. 13, 2018) (Kreindler attorney acknowledging that "[t]here are four different law firms working on this and we are all working separately and together trying to collaborate to get the job done….")

The Honorable George B. Daniels
December 2, 2022

_____

properly addressed and protected in the context of any later fee or cost petition by the PECs themselves, we will not burden the Court with any formal brief in relation to the present dispute, and instead simply reserve our rights and privileges without waiver.

                                                Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ Robert T. Haefele | By: /s/ Sean P. Carter |
| JODI WESTBROOK FLOWERS | SEAN P. CARTER |
| DONALD A. MIGLIORI | COZEN O'CONNOR |
| ROBERT T. HAEFELE | One Liberty Place |
| MOTLEY RICE LLC | 1650 Market Street, Suite 2800 |
| 28 Bridgeside Boulevard | Philadelphia, Pennsylvania 19103 |
| Mount Pleasant, SC 29465 | Tel.: (215) 665-2105 |
| Tel.: (843) 216-9184 | Email: scarter@cozen.com |
| Email: rhaefele@motleyrice.com | For the Plaintiffs' Exec. Committees |
| For the Plaintiffs' Exec. Committees | |

cc:    The Honorable Sarah Netburn (via ECF)
        All MDL Counsel of Record (via ECF)