

140 Broadway, 46th Floor　　　　　　　　　　　　　　　　　　　　　　　　212-363-1200
New York, NY 10005　　　　　　　　　　　　　　　　　　　　　　　　　　866-363-1200
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　212-363-1346 Fax
MICHEL F. BAUMEISTER　　　　　　　　　　　　　　　　　　　　　　　www.baumeisterlaw.com
mbaumeister@baumeisterlaw.com

December 11, 2022

**VIA ECF**

Honorable Judge George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

　　　　Re:　　In Re: September 11, 2001 Terror Attacks, 03-mdl-1570 (GBD)(SN)

Dear Judge Daniels:

　　　　I write to the Court as a member of the Plaintiffs' Executive Committee for the Wrongful Death and Personal Injury plaintiffs (WD/PI PEC) in the 9/11 litigation proceeding before this Court, having been appointed to serve in this role by Judge Casey in his June 16, 2004 Case Management Order #3 (ECF 248-2).  I have previously served as a member or co-lead counsel in dozens of complex multi-district litigation matters filed throughout the country for decades beginning with the crash of Eastern Airlines Flight 401 in the Florida Everglades in 1972.  Notably, I served as co-lead counsel for the families of the victims of the bombing of Pan Am 103 over Lockerbie Scotland on December 21, 1988 which included a three-month trial against the air carrier before the late Judge Thomas C. Platt in the Eastern District of New York prosecuted by myself and members of the Kreindler and Speiser Krause law firms.  Following the conclusion of this trial, Congress enacted a change to the Foreign Sovereign Immunities Act that permitted the 103 families to file civil suits against Libya as a state-sponsor of terrorism.  Several years later, we successfully negotiated a private settlement with Libya that brought compensation to the families, the first and only time such an agreement was made without the direct involvement of the U.S. government.

　　　　Due to the illness of a family member out of state, I was not able to be present at the hearing held on December 8, 2022 in which the Court held oral arguments as to the sanctions imposed on Kreindler & Kreindler which has resulted in their removal from the WD/PI PEC by Magistrate Judge Netburn in her Order of September 21, 2022 (ECF 8544).  I was, however, able to listen to the entire proceedings through the conference line established by the Court.  I write now in response to Your Honor's comments that the Court was unaware of any members of the PEC who support the continuation of the

Kreindler attorneys on the WD/PI PEC since I was unable to express my comments to the Court in person.

      I, and members of my firm, have worked with the lawyers for the Kreindler firm and other members of the WD/PI PEC to protect the interests of the victims of the 9/11 terror attacks and their families in this unprecedented litigation for more than 20 years.  My involvement in the 9/11 case and my work with the Kreindler firm and other members of the WD/PI PEC began within days of the attacks when I and others were appointed to serve as members of a task force established by the American Bar Association in response to draft legislation seeking to limit the liability of the air carriers involved in the 9/11 attacks which came to be known as the Air Transportation Safety and System Stabilization Act of 2001.  Our collective efforts resulted in the preservation of the families' right to pursue civil remedies against the individuals, entities and nation-states who were involved in or supported the hijackers efforts.  I spent months discussing strategies to pursue these rights with Jim Kreindler and the late Ron Motley basing our conclusions on similar strategies we successfully deployed in the Pan Am 103 case against Libya.  Although our litigation tactics may have differed at times, we worked together collaboratively and remained committed to protecting the interests of the 9/11 families in the civil suits we filed beginning in 2002 against hundreds of potential defendants who we believed played a role in facilitating the attacks.

      The prosecution of the 9/11 litigation significantly differed from the Pan Am 103 litigation in that the Kingdom of Saudi Arabia (KSA) had never been designated as a state sponsor of terrorism rendering it immune to the families' claims despite the existence of substantial evidence pointing to its facilitation and support for the attacks.  This recognition sparked the beginning of years-long efforts to enact legislation to provide the 9/11 families with the legal right to sue the KSA for its actions.  The Kreindler firm, and particularly Jim Kreindler, led those efforts which ultimately secured the passage of the Justice Against State Sponsors of Terrorism Act in 2016 (JASTA) enabling all families of the victims of the 9/11 attacks to commence civil suits against the KSA beginning in 2017.  Since that time, this Court has devoted countless hours to addressing the parties' disputes beginning with the constitutionality of JASTA, and now managing document and jurisdictional discovery disputes that involve the federal government and protected classified information.  The Court has also been called upon to address ancillary issues relating to the addition of thousands of new plaintiffs and the availability of assets to satisfy judgments against the Taliban to identify just a few of the issues currently before this Court.

      There is no way to overstate the complexity and uniqueness of the 9/11 litigation.  Over the years, and particularly since the enactment of JASTA, the workload of the WD/PI PEC has settled into an informal division of focus and support amongst its members.  The Kreindler firm has focused its efforts and resources at developing the 9/11 families' claims against the KSA, while other members of the WD/PI PEC have devoted substantial time and resources to assisting the Kreindler firm's efforts while actively and zealously pursuing other defendants in the case, including those who helped finance the hijackers' operations.  There is no dispute that all aspects of this massive litigation are critically important and require the undivided focus of the exceptional plaintiffs' attorneys involved.

      All of this background brings me to the reason for my letter, which is to specifically express to this Court the critical role the Kreindler firm has played in prosecuting the claims against the KSA on behalf of **all** of the 9/11 victims and their families, regardless of which law firm these individuals retained decades ago.  I have been personally involved in, and have witnessed these efforts, and I am

certain that the removal of the Kreindler firm from the WD/PI PEC will harm all of the 9/11 families. In making this statement, I in no way seek to disparage the work of other members of the WD/PI PEC who are also working tirelessly every day on the case.  I respect these attorneys and the work they continue to do every day on behalf of the 9/11 families.

       It is simply beyond dispute that the Kreindler firm has taken the lead in connection with the 9/11 families' claims against the KSA.   They have orchestrated and accumulated hundreds of thousands of documents evidencing the Saudis' connection to the 9/11 attacks with the aid of a team of investigators they put together made up of former FBI agents and other intelligence experts who spent years of their professional lives pursuing the wrongdoers involved in the attacks.   The lawyers from the Kreindler firm have taken the lead on putting together dozens of discovery motions most of which also include disputes with the federal government over access to classified documents pertaining to the 9/11 attacks. Lawyers from the Kreindler firm conducted more than 30 depositions over the last few years of Saudi and third-party witnesses, accumulating thousands and thousands of pages of sworn testimony.   They identified and retained 6 highly qualified experts to speak to the Saudis' culpability and took the lead on deposition testimony of almost every expert proffered in the case to date.

       In short, there are no lawyers on the WD/PI PEC with a greater breadth of direct personal knowledge as to the facts and the strategies essential to continue to pursue the KSA on behalf of **all** of the 9/11 victims and their families than the lawyers from the Kreindler firm.   The sanction of removal of the Kreindler lawyers from the WD/PI PEC, particularly at this stage of the case when the parties are directing their focus to the KSA's next motion to dismiss on jurisdictional grounds, would be unreasonable and would have a catastrophic effect and do irreparable harm to all of the plaintiffs that will be impossible to overcome.   I urge this Court to reflect upon the impact the removal of the Kreindler lawyers from the WD/PI PEC will have on the 9/11 families to avoid imposing even more harm upon them than they have already suffered.

                                         Respectfully,

                                       /s/ *Michel F. Baumeister*
                                       Michel F. Baumeister

MFB:cml

cc:     All MDL Counsel of Record (via ECF)