# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

December 13, 2022

The Honorable George B. Daniels, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

On behalf of the leadership of the Plaintiffs' Executive Committees ("PECs"), who have represented plaintiffs dating to before the inception of this MDL in 2003 and continue to represent the interests of all plaintiffs in this MDL through the PECs, we write with three short points in response to the December 11, 2022, post-hearing letter from *Ashton* counsel Michel Baumeister (ECF No. 8795).

*First*, we reaffirm the PECs' continuing commitment to lead this complex MDL on behalf of all plaintiffs, *see* ECF Nos. 8603, 8620, representing plaintiffs' interests zealously, no matter the Court's determination in the sanctions proceedings.

*Second*, though we dispute many of Mr. Baumeister's assertions,[1] we agree with his central premise that the Plaintiffs come first. This MDL is not about any one lawyer or law firm. It is essential for the Court to take the action necessary to retain trust in the PECs and re-focus the parties and the Court from the distraction that has resulted from the disclosure and the response to that disclosure, and to adjudicating the Plaintiffs' claims.

*Finally*, Mr. Baumeister's letter focuses on the Kreindler firm's purported necessity for proceedings (*i.e.*, Saudi Arabia's proposed renewed motion to dismiss) that *all* Plaintiffs have asserted are unnecessary given the Second Circuit's decisions in *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842 (2d Cir. 2021) and *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021).  That focus also

---

[1] As the PECs previously explained, at ECF No. 8787, though the PECs dispute many of Mr. Baumeister's assertions as distortive of the actual record and are certain that a full record would prove many of them to be demonstrably inaccurate, we continue to refrain from occupying the Court's attention with those details.

The Honorable George B. Daniels
December 13, 2022
Page 2

ignores this Court's Order that it would be inappropriate to set a schedule for any renewed motion to dismiss, given Plaintiffs' pending Rule 54(b) motions.[2]

Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ Robert T. Haefele<br>JODI WESTBROOK FLOWERS<br>DONALD A. MIGLIORI<br>ROBERT T. HAEFELE<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel.: (843) 216-9184<br>Email: rhaefele@motleyrice.com<br>For the Plaintiffs' Exec. Committees | By: /s/ Sean P. Carter<br>SEAN P. CARTER<br>STEPHEN A. COZEN<br>J. SCOTT TARBUTTON<br>COZEN O'CONNOR<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br>Tel.: (215) 665-2105<br>Email: scarter@cozen.com<br>For the Plaintiffs' Exec. Committees |

cc: The Honorable Sarah Netburn (via ECF)
All MDL Counsel of Record (via ECF)

---

[2] *See* ECF No. 8157 (correspondence of PECs, also signed by *Ashton* counsel, objecting to Saudi Arabia's request for motion to dismiss schedule on grounds that jurisdiction already has been established); ECF No. 8542 (Order denying Saudi Arabia's motion to schedule its renewed jurisdictional motion to dismiss, finding it inappropriate to set such a schedule until Plaintiffs' pending Rule 54(b) motions are resolved); *see also* ECF No. 7432 (PECs' MOL in support of CAC Plaintiffs' Rule 54(b) motion); ECF No. 7740 (PECs' Reply MOL); ECF No. 7481 (*Ashton* counsel joining the CAC Plaintiffs' Rule 54(b) motion); ECF No. 7742 (*Ashton* counsel adopting the CAC Plaintiffs' Reply MOL).