# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

December 19, 2022

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      In accordance with this Court's prior Orders (ECF Nos. 7503, 7749, 8070, 8605), Plaintiffs with claims against defendant Al Rajhi Bank ("ARB") write to respectfully request the Court's approval of a modified schedule for completion of jurisdictional fact discovery as to ARB, and to request the Court's authorization to file a second motion to compel, not to exceed 25 pages, in lieu of multiple letter motions. For the reasons discussed below, Plaintiffs request that the deadline for jurisdictional fact discovery be extended from February 17, 2023 to May 18, 2023, and that they be permitted to filed their second motion to compel on or before December 30, 2022.

      Plaintiffs wrote to counsel for ARB concerning the proposed modification of the schedule on Wednesday, December 14, 2022 . On Friday, December 16, 2022, counsel for ARB advised that ARB would respond by "early next week." In light of the impending holidays, and having still not heard from ARB as of this afternoon, Plaintiffs thought it imprudent to further delay submission of this request.

      The proposed modification of the schedule for completing fact discovery is necessary and appropriate for four principal reasons.

      First, translation and analysis of ARB's voluminous document production remains ongoing. As Plaintiffs explained in their October 4, 2022 letter (ECF No. 8601), ARB has produced a total of 39,552 pages to date. Although ARB committed to providing a true rolling production during the parties' meet and confers following the Court's November 22, 2021 Order authorizing discovery at ECF No. 7378 ("Discovery Order"), the vast majority of the bank's documents were not produced until the week of the July 22, 2022 deadline set by the Court for ARB to complete its production.[1] *See* ECF No. 8070. Specifically, 21,972 total pages of largely

---

[1] Following this Court's Discovery Order, the parties initially proposed a February 28, 2022 deadline for ARB to substantially complete production of documents within the scope of the parties' agreements, *see* ECF No. 7503, and the Court thereafter extended that deadline twice, to afford ARB additional time to complete its productions. *See* ECF Nos. 7749, 8070. The original schedule was structured to provide parity as between the time afforded ARB to search for, review and produce documents, and the time afforded to Plaintiffs to translate and analyze the documents, conduct follow up discovery, and complete depositions. However, the window of time for Plaintiffs to

Honorable Sarah Netburn
December 19, 2022
Page 2

_____

Arabic documents were received from ARB within the last three days prior to the July deadline – productions of 5,724 pages on July 20, 2022, and 16,248 pages on July 22, 2022. In the preceding two months, ARB produced 3,767 pages in June 2022, and 10,883 pages in May 2022. In total, ARB produced 36,622 pages of mostly Arabic documents in the final 3 months prior to the July 22, 2022 deadline (93% of its entire production).

Translation of ARB's production is proving more time consuming than anticipated. The two July 2022 productions alone contain more than 19,500 pages of account statements for the Da'wah Organizations, with tens of thousands of Arabic numerical figures relating to individual deposits, withdrawals, and account balances, in addition to Arabic transactional descriptions and individuals' names (far more words than a typical text document). Plaintiffs' linguists originally estimated that it would take six months from the receipt of the July 2022 productions to complete key translations, *see* ECF No. 8601, but we understand that more time is needed notwithstanding their diligent work. Importantly, once those translations are completed, Plaintiffs will still need adequate time to work with their subject matter experts to analyze those banking records.

Second, pursuant to the Court's directive, the parties have met and conferred extensively since the Court's Discovery Order in an effort to minimize disputes requiring this Court's intervention. Those discussions, aimed at identifying searches that would produce meaningful discovery without imposing an excessive burden on ARB, and further understanding whether proposals offered by ARB were plausibly calculated to provide meaningful discovery, have been ongoing until as recently as November 8, 2022. The parties have reached agreement on a number of searches to be conducted by ARB as a result of those discussions. However, the resulting process is by its nature iterative in certain cases, as Plaintiffs can only assess the reasonableness and adequacy of ARB's search proposals by reviewing the content of the records they produce (or fail to produce). For this reason, and to avoid serial motion practice, Plaintiffs agreed to move forward with several of ARB's proposals as a "first step," and then assess whether additional searches would be necessary to provide the discovery required by the Second Circuit's Remand Order.

Third, an extension of the current discovery schedule is also needed to allow time for the U.S. government to complete searches pursuant to compromise agreements reached by the parties. By way of background, Plaintiffs served subpoenas on the Central Intelligence Agency, Federal Bureau of Investigation, and Department of the Treasury early in discovery, for documents pertaining to ARB and its principals. Plaintiffs thereafter entered into extensive discussions with the Department of Justice concerning those subpoenas, and have reached compromises with the government that both sides anticipate will obviate the need for any court involvement in relation to the subpoenas, avoiding litigation over potential state secrets and privilege assertions. The FBI, however, has not yet completed its searches and production.

Finally, although the parties have made material progress in discovery through the meet and confer process, it is now apparent that they have reached impasse on several key discovery

---

complete their work was not correspondingly extended when the time for ARB to substantially complete its productions was extended.

Honorable Sarah Netburn
December 19, 2022
Page 3

_____

issues authorized by this Court. In lieu of filing several letter motions raising those matters to the Court's attention, Plaintiffs believe it will be more efficient to file a formal motion to compel, not to exceed 25 pages, and seek permission to do so on or before December 30, 2022.

Plaintiffs submit that an extension of the schedule for completion of jurisdictional fact discovery is warranted in light of the foregoing and respectfully ask the Court to endorse the proposed schedule as follows:

- Plaintiffs Second Motion to Compel, not to exceed 25 pages, to be filed on or before –December 30, 2022.

- Document discovery, interrogatories, requests for admission, and fact depositions shall be completed on or before May 18, 2023.

- Document requests, depositions, interrogatories, requests for admission, and any application to the Court with respect to the conduct of discovery must be initiated in time to be concluded by May 18, 2023.

- Absent extraordinary circumstances, no application to the Court regarding the conduct of discovery will be considered if made later than April 19, 2023.

- By April 4, 2023 (i.e., 45 days before the completion of jurisdictional fact discovery), the Parties shall submit a joint letter setting forth their joint proposal or separate proposals for expert discovery, if any.

We thank the Court in advance for the Court's attention to this matter.

Respectfully submitted,

COZEN O'CONNOR

By:  */s/ Sean P. Carter*
SEAN P. CARTER
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the Plaintiffs Executive Committees*

cc:     All MDL Counsel of Record (via ECF)

LEGAL\60773271\1