**WHITE & CASE**

December 21, 2022

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on Sept. 11, 2001*, **Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)**

Dear Judge Netburn:

On behalf of Al Rajhi Bank, undersigned counsel responds to Plaintiffs' letter to the Court dated Monday, December 19, 2022 (ECF No. 8806). Plaintiffs' requests for Court approval of a modified jurisdictional discovery schedule and for authorization to file a second motion to compel are premature and unwarranted.

Counsel for Al Rajhi Bank was surprised by Plaintiffs' rush to seek the Court's involvement without waiting to hear from the Bank on Plaintiffs' request to modify the jurisdictional discovery schedule. As Plaintiffs acknowledge, after receiving Plaintiffs' request on Wednesday, December 14, we informed Plaintiffs' counsel on Friday, December 16, 2022, that we were considering the request with our overseas client and anticipated responding early this week. Plaintiffs' counsel gave no indication that this timing would be a problem or that Plaintiffs intended to seek the Court's intervention by a particular date. In fact, Plaintiffs' counsel did not respond in any way until *five minutes before* Plaintiffs filed their December 19 letter with the Court, and even then Plaintiffs' counsel misleadingly told us they were "going to get something on file today," belying their intention to file forthwith.

Had Plaintiffs planned ahead or allowed the Bank a reasonable time to respond, they could have spared the Court and the parties the trouble of this exercise. The Bank does not oppose Plaintiffs' request to modify the discovery schedule, although the Bank is now compelled to correct the record in response to Plaintiffs' letter. As to Plaintiffs' proposed second motion to compel, the Bank does not believe that issue is ripe for the Court, considering that Plaintiffs have not met their meet-and-confer obligations under Your Honor's rules.

1.   **Plaintiffs' Lack Of Diligence Is No Reason To Hold Open Jurisdictional Discovery Against Al Rajhi Bank**

Plaintiffs' justifications for their request to hold open jurisdictional discovery against the Bank ring hollow. To begin, Plaintiffs' letter mischaracterizes and distorts the Bank's extensive, good-

**WHITE & CASE**

The Honorable Sarah J. Netburn
December 21, 2022

faith efforts to search for and produce responsive, non-privileged documents on a rolling basis. By May 2022, two months before the Bank's deadline for substantial completion, the Bank had produced 13,813 pages. Plaintiffs thus have had seven months to translate and review more than a third of the Bank's production. The Bank produced 3,767 more pages in June. The Bank also produced a substantial number of pages of documents in July — *five months* ago — the bulk of those documents are account statements, which are hardly burdensome to translate. (To meet its continuing discovery obligations, the Bank also made an additional production of 395 pages today. This small production plainly does not justify a three-month extension.)

Plaintiffs do not explain why translation of the Bank's productions is "proving more time consuming than anticipated." If anything, Plaintiffs have only their own overreaching requests and lack of diligence to blame. Plaintiffs served 58 document requests, not including subparts. *See* Pls. Mot. to Compel Ex. A, ECF No. 6996-3. They sought, among many other things, "all information" related to accounts, including account statements, of dozens of individuals and entities. *See id*. at Request Nos. 1-3, 9-10. Plaintiffs derided Al Rajhi Bank's objections that Plaintiffs' requests were overly burdensome and not proportional to the case. *See* Pls. Reply Mem. in Support of Mot. Compel 8-9, ECF No. 7164. Now, Plaintiffs have rushed to the Court to insist that the volume of the Bank's productions, most (of course) in Arabic, renders translation and review of the documents so burdensome — for *Plaintiffs* — that this Court must urgently grant an extension of the discovery schedule.

Plaintiffs sought, and even moved to compel, a high volume of documents (many of which the Bank had argued would be irrelevant, *see* Opp. to Mot. to Compel 5-16, ECF No. 7086), and Plaintiffs knew full well that most of the documents would require translation. Yet despite litigating numerous cases in this MDL for two decades, Plaintiffs' counsel was apparently unprepared to translate these documents quickly and efficiently. That lack of diligence does not justify dragging out jurisdictional discovery against the Bank.

Plaintiffs' next excuse, that Plaintiffs agreed to the Bank's search proposals as a "first step," with an eye to later "assess whether additional searches would be necessary," likewise is unavailing and merely highlights Plaintiffs' lack of diligence. Nearly five months after the Bank's substantial completion of production, Plaintiffs have not identified to the Bank or the Court any "additional searches" they believe are necessary, and, indeed, none is necessary. If Plaintiffs wished for the Bank to run additional searches, Plaintiffs should have presented those searches to the Bank for consideration before seeking the Court's involvement. And they should have done so months ago.

Plaintiffs' delays in completing non-party discovery are, likewise, a product of Plaintiffs' own lack of diligence. This Court ordered "limited" personal jurisdiction to begin on March 26, 2021. Plaintiffs did not serve subpoenas on the CIA, Treasury, and FBI until November 2021. Plaintiffs' counsel are quite familiar with the challenges associated with enforcing subpoenas on the national-security agencies, from whom Plaintiffs have previously sought and obtained discovery in this MDL. Plaintiffs' decision to wait *eight months* after the opening of "*limited*" jurisdictional discovery to even begin seeking FBI documents in this case is inexcusable, and certainly does not support keeping open jurisdictional discovery against the Bank.

**WHITE & CASE**

The Honorable Sarah J. Netburn
December 21, 2022

Moreover, Plaintiffs' letter suggests that Plaintiffs may still be far from actually obtaining documents from the FBI.  *See* Pls. Ltr. 2 (stating "both sides *anticipate*" compromises reached "will obviate the need for any court involvement" (emphasis added)); *id*. (asserting that the FBI "has not yet completed its searches and production").  Discovery cannot be held open indefinitely while Plaintiffs hunt for non-party documents the existence of which is merely Plaintiffs' speculation.

2.  **Plaintiffs' Request For A Second Motion To Compel Is Premature**

Plaintiffs' request for authorization to file a second motion to compel is even more premature and unnecessary than their request for a schedule extension.  The parties last met and conferred on September 26, 2022.  Counsel for the Bank wrote Plaintiffs' counsel on November 8, 2022, addressing several discovery issues, including by agreeing to several of Plaintiffs' requests in an effort to avoid burdening the Court.  Plaintiffs have never replied to that letter.  Even in their December 14 communication requesting consent to modify the discovery schedule, Plaintiffs did not raise their intent to seek authorization to file a motion to compel.  Plaintiffs have not even identified for the Bank the issues over which they believe the parties have "reached impasse."  Plaintiffs thus have plainly not met their obligations, under Local Civil Rule 37.2 and Rule II.C of Your Honor's Individual Practices in Civil Cases, to meet and confer in good faith to resolve whatever dispute they contend exists.  Nor have Plaintiffs explained why a 25-page second motion to compel is necessary in lieu of a five-page letter motion and five-page responsive letter per Rule II.C.

\*   \*   \*

While Al Rajhi Bank will not oppose Plaintiffs' request to extend the discovery schedule, it asks that the Court grant Plaintiffs' request on the express condition that this be the final extension.  As to Plaintiffs' premature request for permission to file a motion to compel, the Bank asks that the Court instruct Plaintiffs to meet and confer with the Bank in good faith, as required, so that the parties may bring any disputes to the Court only if necessary.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*

cc:   Counsel of Record (via ECF)