**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:                     :

TERRORIST ATTACKS ON    :
SEPTEMBER 11, 2001         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On July 15, 2021, reporter Michael Isikoff of *Yahoo! News* published an article about

the deposition of Musaed Al Jarrah, a non-party in this multi-district litigation. A subsequent

Court-ordered investigation revealed that Kreindler & Kreindler LLP consultant John

Fawcett leaked the confidential transcript to Isikoff in violation of two Protective Orders

governing information in this case.[1] Magistrate Judge Sarah Netburn's Opinion and Order

dated September 21, 2022, ("Op.," ECF No. 8544), sanctioned Kreindler & Kreindler by,

*inter alia*, removing Kreindler & Kreindler attorneys from the Plaintiffs' Executive

Committee ("PEC") for Personal Injury and Death Claims.

In response to Magistrate Judge Netburn's Opinion and Order, Kreindler & Kreindler

filed a motion by proposed order to show cause for a stay pending resolution of objections

pursuant to Federal Rule of Civil Procedure 72(a), (Proposed Order to Show Cause with

Emergency Relief, ECF No. 8607). On October 17, 2022, this Court denied that motion as

procedurally improper but granted oral argument as to the parties' Rule 72 objections to

Magistrate Judge Netburn's Opinion and Order. (Mem. Decision and Order, ECF No. 8642.)

Kreindler & Kreindler subsequently filed its Rule 72 objections, ("Objections," ECF No.

---

[1] The factual and procedural background of this case has been discussed at length in Magistrate Judge Netburn's Opinion and Order. Except for minor distinctions made in this Decision, this Court appropriately incorporates such background by reference.

8681), and the instant motion to stay nonmonetary sanctions pending resolution of its Objections, (Mot. to Stay, ECF No. 8700). For the reasons stated herein, Kreindler & Kreindler's motion to stay Magistrate Judge Netburn's decision pending resolution of its Objections is DENIED.

## I.   LEGAL STANDARD FOR GRANTING A STAY

Courts consider four factors when determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether [it] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties . . . ; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord SEC v. Daspin*, 557 F. App'x 46, 47–48 (2d Cir. 2014).

The first two factors are "the most critical." *Nken*, 556 U.S. at 434. The first factor—likelihood of success on the merits—can be satisfied when "there are 'serious questions' going to the merits of the dispute and the applicant is able to establish that the balance of hardships tips *decidedly* in its favor." *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (quoting *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)). "The degree to which a factor must be present varies with the strength of the others." *Daspin*, 557 F. App'x at 48. Specifically, the "'probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.'" *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

## II.     KREINDLER & KREINDLER HAS NOT DEMONSTRATED
A LIKELIHOOD OF SUCCESS ON THE MERITS

Kreindler & Kreindler has failed to show that it is likely to succeed on the merits in preventing its removal from the PEC for Personal Injury and Death Claims.  Kreindler & Kreindler's principal argument in opposition to Magistrate Judge Netburn's Opinion and Order is that the "sanctions against the entire [Kreindler & Kreindler] firm [were] without authority under Rule 37(b)(2)(A)."  (*See* Br. on Proposed Order to Show Cause, ECF No. 8608, at 20; *see also* Objections at 15–21.)  Yet, "[t]he failure to abide by a protective order is sanctionable under Rule 37."  *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345, 2018 WL 1229730, at *4 (S.D.N.Y. Mar. 5, 2018); (*see also* Op. at 36 (citing same)).  Rule 37(b) applies to attorneys as well as parties.  *See e.g.*, *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 128 F.3d 99, 102–03 (2d Cir. 1997) (sanctioning attorney for violating court order); *Markus v. Rozhkov*, 615 B.R. 679, 701 (S.D.N.Y. 2020) (sanctioning attorney for discovery misconduct).

Here, Judge Richard Conway Casey's 2004 Order establishing the PECs designates *individual* attorneys from Kreindler & Kreindler—not the law firm itself—to the PEC for Personal Injury and Death Claims, namely: James P. Kreindler, "Justin T. Green or Andrew J. Maloney," and Marc S. Moller.  (*See* Case Management Order No. 3, ECF No. 248, ¶ 6.)  In his Declaration, Kreindler & Kreindler partner Andrew Maloney agrees.  (*See* Corrected Decl. Maloney, ECF No. 8613, ¶ 6 ("Judge Casey appointed individual attorneys from various firms (and did not appoint law firms) to positions on the PEC.").)  Magistrate Judge Netburn's Order removing "Kreindler & Kreindler" from the PECs necessarily requires the removal of *individual* attorneys from the PEC for Personal Injury and Death Claims, (*see* Op. at 63)—an Order that the PECs swiftly implemented, (*see* 10/4/22 Letter to Magistrate

3

Judge Netburn from PECs, ECF No. 8603; 10/11/22 Letter to Judge Daniels from PECs, ECF No. 8620). Kreindler & Kreindler has failed to advance a sufficient showing that it will succeed on the merits of its Rule 72 Objections, *i.e.*, that the removal of individual Kreindler & Kreindler attorneys from the PEC was beyond the bounds of Rule 37 or the inherent powers of this Court.

### III.   KREINDLER & KREINDLER HAS FAILED TO DEMONSTRATE IRREPARABLE INJURY

In arguing for irreparable harm, Kreindler & Kreindler mistakenly emphasizes work the firm *previously* handled in opposition to the Kingdom of Saudi Arabia. (*See* Br. on Proposed Order to Show Cause, at 20–22; Corrected Decl. Maloney, ¶¶ 9–18; Supplemental Decl. Maloney, ECF No. 8701, ¶ 2.) Irreparable harm "must be imminent or certain, not merely speculative." *Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir. 1995). Kreindler & Kreindler's previously incurred or sunk "litigation costs do not rise to the level of irreparable injury." *See Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013) (quoting *Daniels v. City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001)). Going forward, the remaining leaders of the PECs "are confident that [they] have ample resources available to fulfill their obligations in this complex case" without Kreindler & Kreindler on the PEC. (*See* 10/4/22 Letter to Magistrate Judge Netburn from PECs, at 2.) The PEC leaders have also reaffirmed their commitment to lead "this complex consolidation on behalf of *all* Plaintiffs." (10/11/22 Letter to Judge Daniels from PECs (emphasis in original).)

Furthermore, the *future* purported harm to the Plaintiffs that Kreindler & Kreindler has identified is neither "imminent [n]or certain"; indeed, it is "merely speculative." *See Jayaraj*, 66 F.3d at 39. The Supplemental Declaration of Andrew Maloney argues that the

4

PEC will have to "make strategic decisions and take the proper steps to move the litigation forward" once this Court resolves pending motions to revise a March 2018 Order and allows for any further discovery. (*See* Supplemental Decl. Maloney, ¶ 3.) The Declaration also points to the possibility of a renewed motion to dismiss from Saudi Arabia. (*Id.*) Such vague and hypothetical "strategic decisions" and "proper steps" fail to rise to the level of "imminent or certain" irreparable harm required for a stay. *See Jayaraj*, 66 F.3d at 39.

There are also substantial avenues to mitigate any of the hypothetical harm Kreindler & Kreindler presents. The 2004 Order establishing the PECs requires that "[a]ny plaintiffs' attorney may give advice and suggestions to the Plaintiffs' Executive Committees." (Case Management Order No. 3, ¶ 13.) Despite removal from the PECs, Kreindler & Kreindler may still advise the Committees on such "strategic decisions," if and when they occur. Indeed, the PECs have explicitly "invited Kreindler to cooperate pursuant to [this] mechanism." (12/2/22 Letter to Judge Daniels from PECs, ECF No. 8787, at 2.) Additionally, should the Plaintiffs be in disagreement, Kreindler & Kreindler may "present individual and divergent positions to the positions of the Plaintiffs' Executive Committees at pretrial conferences," (Case Management Order No. 3, ¶ 13), as the firm has been inclined to do, (*see, e.g.*, Kreindler & Kreindler's separate Opp'n Br. to Saudi Arabia's Mot. to Dismiss, ECF No. 3781; Kreindler & Kreindler's separate Mot. for Recons., ECF No. 7481). Kreindler & Kreindler has therefore failed to demonstrate irreparable injury absent a stay.

## IV.    THE ISSUANCE OF A STAY RISKS INJURING OTHER PARTIES

Staying the removal of Kreindler & Kreindler attorneys from the PEC and placing them back in a leadership position for this litigation risks further violations of the Court's Orders, to the detriment of all parties. The findings of fact in Magistrate Judge Netburn's

Opinion and Order are significant—nothing short of a law firm's personnel repeatedly flouting the Court's Protective Orders and then misrepresenting the truth of their actions. (*See, e.g.*, Op. at 52 ("[T]his investigation has revealed an almost complete lack of respect for the Court and its orders.").) This Court will thoroughly consider the parties' submissions in response to the Opinion and Order. Prior to that determination, this Court is unwilling to restore a law firm's attorneys to leadership positions when the attorneys have purportedly abused their position of influence to the detriment of all Plaintiffs, and indeed their own clients. (*See, e.g.*, Op. at 55 ("[T]he Court has lost faith in the [Kreindler & Kreindler] firm's ability to conduct this litigation responsibly and report honestly as a representative of all plaintiffs . . . .").

Further, the remaining leaders on the PECs have consistently indicated their concurrence with Magistrate Judge Netburn's findings, going so far as to "dispute the veracity of the facts and characterizations as recited in Mr. Maloney's [October 4, 2022] declaration." (*See* 10/11/22 Letter to Judge Daniels from PECs.) The immediate restoration of Kreindler & Kreindler's attorneys to the PEC runs the risk of further violations of the Protective Orders, injuring both Defendants and Plaintiffs in litigating the merits of this case. (*See generally* Op. at 53–54 (describing repeated violations of the Protective Orders by the Kreindler & Kreindler firm).)

## V.    THE ISSUANCE OF A STAY LIES OUTSIDE THE PUBLIC INTEREST

Finally, staying Magistrate Judge Netburn's nonmonetary sanctions is not within the public interest. The public interest in this multi-district litigation lies in swiftly holding all those responsible for the worst terrorist attack in our nation's history. Rather than focusing on the merits of this dispute twenty one years after 9/11, this Court and Magistrate Judge

Netburn have spent the last year and a half adjudicating a law firm's purported misconduct. This Court agrees with the remaining leadership on the PEC that it is not "productive to engage in any further distractions created by the Kreindler firm." (*See* 10/11/22 Letter to Judge Daniels from PECs.)

Moreover, while the public interest lies in uncovering the truth of all those responsible for 9/11, Kreindler & Kreindler has been found to be unable to uncover the truth behind its own leak, or represent the truth to the Court regarding the firm's deficient and self-inhibited investigation. Kreindler & Kreindler could have conducted a thorough investigation on its own in July 2021, when the leak first surfaced, to discover how the transcript leaked. Instead, in the words of a Kreindler & Kreindler partner, the firm chose a strategy of "sticking to . . . 'only answer what [Magistrate Judge Netburn] asked for'" because the partner was "so irritated" by the Court's scrutiny of her firm. (*See* App. of Exs. from Nov. 1-2, 2021 Hr'g, ECF No. 8768-25, at KK61.) It was Magistrate Judge Netburn's "irritat[ing]" August 30, 2021 Order, (*see* ECF No. 7082), not any proactive investigative steps by Kreindler & Kreindler, that ultimately prompted John Fawcett to confess to the leak, (*see* Decl. Fawcett, ECF No. 7166-1). Now, Kreindler & Kreindler requests this Court to continue uninterrupted to trust in the firm to "actively investigate the facts" of 9/11 by restoring its attorneys as leaders on the PEC. (*See* Supplemental Decl. Maloney, ¶ 2.) Although "[a] litigant chooses counsel at his peril," *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979), while reviewing the Magistrate Judge's Order, this Court cannot allow Kreindler & Kreindler to lead the Plaintiffs' investigation of 9/11 when the firm proved utterly incapable of leading an

investigation into the firm's own illegal activity.  The Plaintiffs—and indeed the public—deserve better.

V.     **CONCLUSION**

Attorneys from Kreindler & Kreindler may continue to advocate for 9/11 families and draw on their expertise litigating against the Kingdom of Saudi Arabia, but this Court will not now restore them to the PEC during its review of the Objections to Magistrate Judge Netburn's Opinion and Order.  As ordered by Magistrate Judge Netburn on September 21, 2022, (*see* Op. at 63), the following Kreindler & Kreindler attorneys remain removed from the PEC: James P. Kreindler, Justin T. Green, Andrew J. Maloney, and Marc S. Moller, (*see* Case Management Order No. 3, ¶ 6).  This Court will also not disturb Magistrate Judge Netburn's denial of Kreindler & Kreindler's request to replace Justin T. Green with Steven R. Pounian and Marc S. Moller with Megan Wolfe Benett on the PEC.  (*See* Op. at 64 (denying request at ECF No. 7153).)

Therefore, Kreindler & Kreindler's motion to stay nonmonetary sanctions pending resolution of its Rule 72 Objections is DENIED.  The Clerk of Court is directed to close the open motion at ECF No. 8700.

Dated: January 12, 2023
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge