

140 Broadway, 46th Floor
New York, NY 10005

DOROTHEA M. CAPONE
tcapone@baumeisterlaw.com

212-363-1200
866-363-1200
212-363-1346 Fax
www.baumeisterlaw.com

January 23, 2023

*VIA ELECTRONIC CASE FILING*

Honorable Magistrate Judge Sarah Netburn
United States District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

     Re:     In Re: September 11, 2001 Terror Attacks, 03-mdl-1570 (GBD)(SN)
             *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
             *Bauer, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)
             *Ashton, et al. v. Kingdom of Saudi Arabia,* 17-cv-02003 (GBD)(SN)
             <u>*Ryan, et al. v. Islamic Republic of Iran, et al,* 20-cv-00266 (GBD)(SN)</u>

Dear Judge Netburn:

     With great respect for the Court's time and resources, we are forced to write – yet again – in connection with the claims of our former clients, the Estate of John J. Ryan, Patricia Ryan, Kristen Ryan, Colin Ryan, and Laura Ryan ("Ryan Plaintiffs") and in response to the filings made Friday, January 20, 2023 by John F. Schutty seeking to be substituted as the third counsel of record for the Ryan Plaintiffs in place of Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC (Wiggins firm)(ECF 8836, 8836-1) to litigate their various claims against defendants in the 9/11 litigation.   Mr. Schutty asks the Court to order that the Ryan Plaintiffs' claims be permitted to "continue" in *Ashton/Bauer* (ECF 8836-1 ¶6), and he also requests that the Court transfer the claims for these plaintiffs from the complaint filed in January 2020 by the Wiggins firm in *Ryan, et al. v. Islamic Republic of Iran, et al,* (1:20-cv-00266)(*Ryan*) to the *Ashton/Bauer* actions (ECF 8836-1 ¶7).   The bottom line is simple and straightforward.   As your Honor has repeatedly acknowledged in its Orders and during a hearing on November 18, 2022 that dealt with this precise issue, **there are no claims for the Ryan Plaintiffs in the *Ashton* or *Bauer* cases**.[1]   Mr. Schutty does acknowledge that the *Ashton* docket includes a specific designation of "termination" next to the Ryan Plaintiffs' names (ECF 8836-1 ¶6), but he nevertheless argues

---

[1] We understand that Mr. Schutty has made misrepresentations to this Court in the January 20, 2023 filings that the Kreindler Firm will address in a separate filing so we do not address them in this letter.

that since no formal Notice of Dismissal was filed, the termination designation was an error that can be corrected by the Clerk.

Mr. Schutty glosses over the Court's termination designation, and ignores its more than 3-year history involving the removal of the Ryan Plaintiffs' claims from the *Ashton/Bauer* actions by suggesting that the Court simply execute his proposed substitution "without delay" by so-ordering his proposed Consent Order.   While we are very reluctant to add to the Court's sizeable burdens, we are compelled for context to summarize the Ryan Plaintiffs' procedural journey which began with a hearing as to the substitution of the Wiggins firm in our place in November 2019, their attempt in August 2020 to file a short form complaint and adopt the *Ashton* default against the Republic of Sudan, their attempt to secure default judgments against the Taliban relying on the *Ashton* default that began in October 2022, and now their current substitution of Mr. Schutty in place of the Wiggins firm in which he attempts yet again to rely on the *Ashton* proceedings even though the Ryan Plaintiffs' claims were removed from *Ashton/Bauer* more than three years ago.

In September 2019, the Wiggins firm filed a motion to be substituted as counsel for the Ryan Plaintiffs.[2]   The Court held a hearing on November 26, 2019 to resolve that motion and issued an Order the same day (ECF 5312) granting our firm a charging lien in connection with its 17-year representation of the Ryan Plaintiffs which is evidenced in the December 19, 2019 So-Ordered Consent Stipulation executed by all of the Ryan Plaintiffs (ECF 5379).   The Order also directed the Ryan Plaintiffs to voluntarily withdraw their claims from the *Ashton/Bauer* actions and pursue them in a new member case in the MDL litigation associated with the *Havlish* Plaintiffs' action who are represented by the Wiggins firm.

Through a motion filed January 6, 2020, and corrected January 8. 2020 (ECF 5444, 5464) the Wiggins firm requested permission to file the *Ryan* complaint with a statement in the accompanying Memorandum of Law that "[a]ll of the Ryan Plaintiffs have voluntarily withdrawn their claims from the *Ashton, Bauer* and *Burnett* actions."[3]   (ECF 5465, p. 15).   The Court granted this motion on January 9, 2020 (ECF 5480), and directed the Clerk to associate the *Ryan* case with the *Havlish* and *Hoglan* actions at the request of the Wiggins firm which was

---

[2]  The Wiggins firm's substitution motion was also filed on behalf of the Estate of Daniel L. Maher, Katherine Maher, Daniel R. Maher, and Joseph Maher (Maher Plaintiffs).   The proposed Consent Order Granting Substitution of Attorney and Mr. Schutty's supporting Declaration address only the claims of the Ryan Plaintiffs.

[3]  The January 2020 motion requesting permission to file the *Ryan* action identifies several other plaintiffs who had sought new representation through Wiggins including the Maher Plaintiffs, and Kristen Breitweiser, Individually as Spouse and as Personal Representative of the Estate of Ronald Michael Breitweiser and Caroline Breitweiser (Breitweiser Plaintiffs).   Mr. Schutty filed a similar proposed Consent Order Granting Substitution of Attorney and supporting Declaration on behalf of the Breitweiser Plaintiffs on January 20, 2023 (ECF 8835, 8835-1).   Other than noting the Wiggins firm's statement that the Breitweiser Plaintiffs – and others – had voluntarily withdrawn their claims from the *Ashton, Bauer* and *Burnett* actions, and a termination designation next to the Breitweiser Plaintiffs' names in the *Ashton* docket (ECF 8835-1, ¶ 6), we take no position on whether the Breitweiser Plaintiffs' claims remain viable in the *Ashton* action.   We do note, however, that Mr. Schutty's request to transfer the Breitweiser Plaintiffs' claims alleged in the *Ryan* action to the *Ashton* case is problematic for the same reasons as are discussed in this letter: the claims asserted by the Wiggins firm in the *Ryan* action are directed to different defendants relying on different evidence than the claims filed by counsel representing the *Ashton* plaintiffs.

completed on January 16, 2020.

On August 3, 2020, the Wiggins firm filed a motion and proposed Order seeking to "adopt" the Ryan Plaintiffs' claims, including the December 11, 2001 default against Sudan, from *Ashton/Bauer* into a new member case using a short form complaint.[4]   (ECF 6350, 6354). In this motion, counsel for the Ryan Plaintiffs explicitly stated that their claims were "withdrawn from the *Ashton* case as directed by the Court …".   (ECF 6350, ¶ 20).   Your Honor held a telephonic conference with counsel on August 5, 2020, and on August 6, 2020 issued a text Order (ECF 6374) denying the motion without addressing the status of the Ryan Plaintiffs' claims in *Ashton/Bauer*.   The court did, however, grant the Ryan Plaintiffs leave to refile their motion following the Court's adoption of procedures for notices to conform and short form complaints as to the Republic of Sudan.   On December 1, 2020, the Court established procedures for the filing of notices to conform, short form complaints and notices to amend as to Sudan.   (ECF 6547).   No further filings have been made since that time on behalf of the Ryan Plaintiffs in connection with claims against Sudan which are no longer contained in *Ashton/Bauer*.

On October 14, 2022, the Wiggins firm filed a Notice of Amendment to add some of the Ryan Plaintiffs to the *Ashton/Bauer* complaints (ECF 8636), a Notice of Appearance identifying itself as counsel for the Ryan Plaintiffs in the *Bauer* action (ECF 8637), and a motion seeking default judgments against the Taliban for the Ryan Plaintiffs relying on the *Ashton* default (ECF 8638-8641).   These submissions resulted in several filings.   (ECF 8644, 8648, 8650).   The Court issued an Order on November 4, 2022 stating that the motion for default judgments against the Taliban is only proper if the Ryan Plaintiffs' claims remain in *Ashton*.   (ECF 8703).   The Court ordered a hearing on the issue for November 18, 2022, and stated that it was inclined to deny the motion for default judgments against the Taliban since it believed no claims for the Ryan plaintiffs remained in *Ashton/Bauer* (ECF 8703).   By letter dated November 17, 2022 (ECF 8759), the Wiggins firm acknowledged that it had misinterpreted the Court's November 26, 2019 Order and proposed several procedural mechanisms to sever the Ryan Plaintiffs' claims against the Taliban and other defendants from *Ashton/Bauer*.

On November 18, 2022, the Court held a hearing to address the issues associated with several 9/11 litigation issues, including the status of the Ryan Plaintiffs' claims.   Mr. Schutty was present at this hearing.   The Court discussed, at length, procedures to protect the Ryan Plaintiffs' claims against defendants sued in the 9/11 litigation that were not included in the *Ryan* action filed by the Wiggins firm in January 2020.   These defendants include, but are not limited to, Sudan, the Taliban, and the Kingdom of Saudi Arabia.   The result of these discussions was an instruction by the Court that the Wiggins firm file a proposed Order detailing a process to sever and transfer the claims and proceedings *nunc pro tunc*.   (11/18/22 Hearing Tr., at pp. 6-9). On December 2, 2022, the Wiggins firm submitted a proposed Order Severing and Transferring Claims and Proceedings to Two New Associated Cases *Nunc Pro Tunc.*   (ECF 8786).   On December 7, 2022, the Wiggins firm submitted a Letter Motion and proposed Order requesting

---

[4]  The August 2020 motion also sought permission to "adopt" the claims and default against Sudan from the *Ashton* case for the Maher and Breitweiser Plaintiffs and incorporate them into a new case entitled *Maher, et al. v. Republic of Sudan*.   (ECF 6350, ¶ 1).   This action was never filed.   This same motion also states that a separate motion with respect to the Ryan, Maher and Breitweiser Plaintiffs' claims against Saudi Arabia will also be filed.   (ECF 6350, ¶ 7).   No motion was ever filed to sever or transfer these plaintiffs claims from *Ashton, et al. v. Kingdom of Saudi Arabia*, 17-cv-02003 (GBD)(SN).

that the Court transfer the existing judgments against Iran to the *Ryan* action.   (ECF 8794, 8794-1).   Recognizing the convoluted and disjointed manner in which the removal of the Ryan Plaintiffs' claims from *Ashton* have been presented to it over the last several years*,* the Court issued an Order on December 12, 2022, (ECF 8796), directing the Ryan Plaintiffs to file a letter (1) providing a list of all plaintiffs and a list of all defendants; and (2) for each new case proposed to be filed for them, a list of all pending matters (with ECF numbers) in *Ashton* and *Bauer* related to the Ryan Plaintiffs' claims against the defendants in the new case.   No filings were made by the Wiggins firm in response to this Order, and no Orders were subsequently entered by the Court in connection with the severance or transfer of the Ryan Plaintiffs' claims. **As such, the status of the Ryan Plaintiffs claims remains the same as it was before the hearing on November 18, 2022: there are no claims for the Ryan Plaintiffs in *Ashton/Bauer.*** Mr. Schutty now seeks to be substituted for the Wiggins firm as the third counsel for the Ryan Plaintiffs in the 9/11 litigation and bootstrap on to the proceedings in the *Ashton* case even though the Ryan Plaintiffs' claims were removed from this action more than three years ago.

While lengthy, it is important for the Court to have before it the full history of the removal of the Ryan Plaintiffs' claims from *Ashton/Bauer* that Mr. Schutty has chosen not to address in his proposed Consent Order or his supporting Declaration.   Nor has Mr. Schutty been transparent in his submission to the Court as to the existence of the Baumeister & Samuels charging lien acknowledged and specifically agreed to by the Ryan Plaintiffs in the Consent Stipulation of December 19, 2019 (ECF 5379) in an amount and method to be determined in the future for a donation by our firm to the September 11 National Memorial Museum in the name of John J. Ryan.   Mr. Schutty is certainly aware of this lien, and wrote an email to Michel Baumeister on January 10, 2023 asking him to "willingly let go of any **claimed** charging lien previously asserted".[5]   (Emphasis added).   A copy of this email is attached as Exhibit A. Instead, Mr. Schutty cleverly states in his Declaration that no charging liens have been claimed by "the outgoing attorney."   (ECF 8836-1, ¶ 8).

We apologize for burdening the Court again on the issue of the Ryan Plaintiffs' claims since it has already held two hearings and devoted countless hours to address this issue.   The status of their claims remains unchanged from when the Wiggins firm was representing them. There are no claims for the Ryan plaintiffs in the *Ashton/Bauer* actions for Mr. Schutty to seek to "continue."   The Clerk did not make an error by terminating their names from the *Ashton* docket.   Finally, the claims against Iran that were part of the *Ryan* action filed by the Wiggins firm cannot be simply "transferred" back to *Ashton* as suggested by Mr. Schutty.   As the Court will undoubtedly recall, the Ryan Plaintiffs claims were deliberately filed in a separate action because the Wiggins firm represents the *Havlish* and *Hoglan* plaintiffs who filed actions against different defendants relying on different evidence than the claims filed by counsel representing the *Ashton* plaintiffs.   By way of example, in their January 6, 2020 motion requesting permission to file the *Ryan* action, the Wiggins firm noted that the proposed complaint included claims against 16 Iranian defendants (ECF 5444, ¶ 9) while the Sixth Amended Complaint filed by the *Ashton* plaintiffs includes claims against 5 Iranian defendants.   (ECF 1463).   Trying to reconcile the competing claims within the *Ashton* action going forward will create even more burdens on this Court and unnecessarily consume scant judicial resources.

---

[5]  Baumeister & Samuels does not "claim" to have a charging lien in connection with its representation of the Ryan Plaintiffs.   It <u>has</u> a charging lien that was consented and agreed to by the Ryan Plaintiffs and So-Ordered by this Court on December 19, 2019 (ECF 5379).

What Mr. Schutty is attempting to do is circumvent the Court's prior Orders addressing the claims of the Ryan Plaintiffs.    These Orders were entered because the Ryan Plaintiffs no longer have viable claims against defendants including Sudan, the Taliban and the Kingdom of Saudi Arabia in *Ashton* or *Bauer*.   The Court has thoughtfully struggled to find a way to protect these plaintiffs' claims so they would not be harmed, and it now seeks clarification from whoever is going to represent the Ryan Plaintiffs going forward as to precisely which plaintiffs will sue which defendants in any future actions filed on their behalf so the issue of the status of their claims will be finally settled.

While we firmly believe they no longer have claims in *Ashton/Bauer,* our firm also does not want to see the Ryan Plaintiffs harmed.   As the Wiggins firm acknowledged during the November 18, 2022 hearing, if Mr. Schutty is permitted to substitute as counsel for the Ryan Plaintiffs, he can file new actions on their behalf against the defendants not included in the *Ryan* complaint filed in January 2020.   (11/18/22 Hearing Tr., at p. 5).   Alternatively, Mr. Schutty can file new short form complaints on behalf of the Ryan Plaintiffs against Sudan relying on this Court's guidance set forth in its December 2020 Order.   (ECF 6547).   He can also ask this Court to expand upon its November 4, 2022 Order (8703) and instruct the Plaintiffs' Executive Committee to propose a process for filing new claims against the Taliban.   (ECF 8703).

What Mr. Schutty cannot do, however, is ignore the Court's prior engagement in trying to craft a solution to protect the Ryan Plaintiffs who no longer have claims in the *Ashton/Bauer* action.   Nor can Mr. Schutty ignore the existence of this firm's lien in his submissions to this Court.   If Mr. Schutty is permitted to be substituted as counsel for the Ryan Plaintiffs in place of the Wiggins firm, any Order or Stipulation approved by this Court respectfully should include the existence of the Baumeister firm's charging lien and the firm's right to such a lien that this Court has previously ordered.

Respectfully submitted,

*/s/ Dorothea M. Capone*

Dorothea M. Capone

DMC:cml

5