UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1746, hereby states under penalty of perjury that:

1. I am an attorney representing the *Ashton* plaintiffs ("*Ashton*") in the above-captioned litigation. I submit this declaration in support of the motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("9/11 Decedents") and for immediate family members of the 9/11 Decedents, as well as for permission to allow any remaining *Ashton* plaintiffs to move for the same or similar relief in separate stages. This motion seeks the following relief:

    a. awarding the Estates of 9/11 Decedents identified on Exhibit A, through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedents, an award for economic damages, which, when combined with any previously-awarded compensatory damages for pain and suffering will constitute a final judgment in the amounts set forth on Exhibit A;

    b. awarding solatium damages for the immediate family members of 9/11 Decedents in the amounts as set forth on Exhibit B based on the relationship listed on Exhibit B;

    c. awarding the Plaintiffs identified on Exhibits A and B pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

    d. granting the Plaintiffs identified in Exhibits A and B permission to seek punitive damages, economic damages (to the extent not requested in this motion), and other appropriate damages at a later date;

  e. determining that service of process was properly effected upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

  f. granting permission for all other *Ashton* plaintiffs not appearing on Exhibits A or B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

  a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

  b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

  c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

  d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

<u>Due Diligence</u>:

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 20 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly from family members of the 9/11 Decedents listed in Exhibit A and B; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records

relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Based on our review of the above, it is my belief that all of the 9/11 Decedents listed in Exhibit A died on September 11, 2001 in the September 11th terrorist attacks.  My law firm has been retained by the representatives of the estates of the 9/11 Decedents listed in Exhibit A to represent those estates.  Before filing this motion, I have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on review by myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment.

5. For the 9/11 Decedents listed in Exhibits A and B, I or other representatives of Kreindler & Kreindler have confirmed that the 9/11 Decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents.

## Estate Claims

6. Exhibit A sets forth the compensatory damages amount this Court previously awarded to the Estates of certain 9/11 Decedents for conscious pain and suffering. *See* ECF No. 3226 (entries 256, 386, 560 and 636).

7. Exhibit A also sets forth claims by the Personal Representatives of the Estates of 9/11 Decedents seeking an award of economic damages in the amounts listed therein.

8.      For those Estates seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value.

9.      For example, in some of those cases in which Kreindler & Kreindler represented the Estate of the 9/11 Decedent now seeking economic damages in the September 11 Victim Compensation Fund ("VCF"), we previously retained the services of economic experts who, in turn, performed an analysis of the economic loss as of the date of those reports. In other cases, where, for example, Kreindler & Kreindler did not represent the Estate of the 9/11 Decedent in the VCF, we obtained VCF files from the Department of Justice via a Freedom of Information Act ("FOIA") request.[1] Sometimes those VCF files contained reports by economic experts and other times they contained only VCF economic valuation files and the supporting documentation (including tax returns, W-2 forms and other salary and income verification.) In those cases in which we did not have a prior economic damages report and the Department of Justice has not yet responded to the FOIA request, but we had other raw economic data, we provided earnings and tax data for a certain period of time prior to September 11, 2001 and engaged the services of an expert to calculate the economic loss and bring that figure up to present value, as discussed

---

[1] The Department of Justice requires each FOIA request to be accompanied by a Certification of Identity executed by the representative of the estate specifically authorizing counsel to obtain the VCF files, even if counsel provides a retainer agreement with the FOIA demand. After we received the authorization, my office made a formal FOIA demand for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, there are substantial delays in obtaining them. The Department of Justice has yet to process may of our FOIA requests, including those submitted more than two years ago. We regularly request updates on the requests, but have not received any assurances as to the timing of the production of VCF files.

4

further below.² The files can include expert reports dating back to the time that the application was filed, supporting materials in support of the expert report, reviews and computations of same made by the VCF, award determinations, applications and/or other relevant documentation such as tax returns, W-2s or statements of income and projected earnings from employers. In a few instances, we were able to receive the necessary documentation directly from the clients.

10. In one case here, the Department of Justice has not responded to a FOIA request sent on August 19, 2019 (with a follow-up FOIA inquiry submitted on February 19, 2021). The personal representative of that 9/11 Decedent's Estate had a copy of the letter from her VCF attorney that set forth the total award amount and the breakdown between economic loss and non-economic loss. In that case, we relied on the attorney's communication summarizing the VCF's economic loss determination as the base figure.

11. Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, whose affidavit describing his methodology and experience and attaching his curriculum vitae is attached hereto as Exhibit C. Mr. Beauzile reviewed, analyzed and updated the computations contained within the VCF files, from the material the client provided or, when necessary, calculated in the first instance an economic loss amount. Mr. Beauzile's methodology with respect to each claim for economic loss sought here, as well as the assumptions made and data relied upon, is described in the report he provided for each claim, all of which are filed separately as Exhibit D under seal pursuant to this Court's prior Order granting permission for such under seal filing. *See* ECF No. 7963.

---

² Where, in such a case, the report documenting the present value of the loss includes both a capped and a non-capped amount, the capped figure was based on an old VCF restriction limiting salary to $200,000 per year and not considering actual earnings history or reasonable projections beyond that amount. We have therefore used not the "capped" presumed loss but the higher presumed loss figure in such situations.

12. The economic loss figures set forth in the tables attached as Exhibit A represent the present value (based on the calculations attached in underlying expert reports) of the estimated economic losses suffered as a result of the wrongful deaths of plaintiffs' decedents.

### Solatium Claims – Immediate Family Members

13. The decedents listed in Exhibit B were killed in the September 11, 2001 terrorist attacks and are survived by the immediate family members listed in Exhibit B. The relationships set forth in Exhibit B have been personally verified by staff members at Kreindler & Kreindler who have obtained written documentation, retrieved biographical paperwork (such as marriage certificates, birth certificates, baptismal certificates, obituary notices and wedding announcements) and/or conducted interviews with the family members listed in Exhibit B (or with their other family members) confirming the relationships set forth there.

14. To minimize the chance of any human error, my firm has instituted a further level of quality control, during which each client's file is reviewed a second time and the relationships and other information contained in Exhibit B are corroborated, as is the fact that the claimants all survived the deaths of their loved ones in the September 11, 2001 terrorist attacks.

15. We have been retained by the plaintiffs listed in Exhibit B to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001. We have verified that none of the plaintiffs listed in Exhibit B has recovered for his or her solatium damages previously nor do they have any other pending motion before this Court for compensation against Iran arising out of the September 11, 2001 terrorist attacks by reviewing court dockets and cross-checking those individuals with other attorneys representing the relatives of persons killed in the September 11, 2001 terrorist attacks.

16. For the 9/11 Decedents listed in Exhibit B, Kreindler & Kreindler has confirmed

that either the decedent or the plaintiff was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents or their family members.

## Conclusion

17.     For all of the reasons set forth in this declaration and the *Ashton 25* Wrongful Death Plaintiffs' Motion for Final Judgments, I respectfully request that this Court grant the proposed order filed herewith.

Dated: January 27, 2023
    New York, NY

                                                /s/ James P. Kreindler
                                                  James P. Kreindler