UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/2023

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    The Federal Bureau of Investigation ("FBI") moves the Court to modify orders issued under Rule 6(e) of the Federal Rules of Criminal Procedure at ECF Nos. 5193, 6672, and 6854 ("Rule 6(e) orders"). The Rule 6(e) orders authorized disclosure of grand jury information subject to the terms of the FBI Protective Order, ECF No. 4255.

    By Executive Order, some of the grand jury information at issue in the Rule 6(e) orders is now publicly available, but the rest remains subject to the FBI Protective Order. According to the FBI, there is "no substantive difference between the types of grand jury information (largely phone, banking and financial records obtained pursuant to grand jury subpoenas)" that are publicly available and those that are not. ECF No. 8857 at 5. And "as a practical matter," the differing restrictions on grand jury information have "proven problematic as the parties and the FBI engage in review of documents such as expert reports and motion papers." Id. The FBI therefore requests that the Court permit public disclosure of all grand jury information to which the Rule 6(e) orders apply, "subject to any appropriate redactions including those required by the Privacy Act." Id.

    Courts have substantial discretion to determine whether grand jury material should be released. Matter of Fed. Grand Jury Proc., 760 F.2d 436, 439 (2d Cir. 1985). In the Rule 6(e) orders, the Court previously determined that the "particularized need" of the moving party

justified disclosure subject to the protective orders. Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 222 (1979). In so doing, the Court found that: disclosure was "needed to avoid a possible injustice" in this proceeding; "the need for disclosure" to the parties, subject to the protective orders, was "greater than the need for continued secrecy"; and the "request [was] structured to cover only [the necessary] material." Id.

The only question now is whether the need for *public* disclosure is greater than the need for *limited* secrecy. Because "[t]he United States does not see a continued need to maintain grand jury secrecy" with respect to this information, which is comparable to information previously made public, the Court finds that disclosure is warranted under Rule 6(e). ECF No. 8857 at 5.

The Court GRANTS the FBI's motion to modify the Rule 6(e) orders. The grand jury information at issue in ECF Nos. 5193, 6672, and 6854 is no longer subject to the FBI Protective Order and, conditional on any appropriate redactions including those required by the Privacy Act, may be publicly disclosed.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 3, 2023
         New York, New York