KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 16, 2023

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") to request that the Court set a schedule to brief a renewed motion to dismiss for lack of jurisdiction under the Foreign Sovereign Immunities Act of 1976, together with related *Daubert* motions, and address related matters such as page limits and confidentiality review. Defendant Dallah Avco, which intends to file a renewed motion to dismiss for lack of personal jurisdiction or in the alternative for summary judgment, joins in this letter.

      On June 21, 2022, near the close of jurisdictional expert discovery, Saudi Arabia requested that the Court set a schedule for its renewed motion to dismiss and for related *Daubert* motions. *See* ECF No. 8131. The Court denied that request without prejudice on September 20, 2022, explaining that pending before the Court were Plaintiffs' motions under Fed. R. Civ. P. 54(b) to revise the Court's March 28, 2018 order. *See* ECF No. 8542. The Court stated that Saudi Arabia could renew its scheduling request after the Court resolved those motions. *Id.* On February 7, 2023, Judge Daniels denied Plaintiffs' Rule 54(b) motions in their entirety. *See* ECF No. 8862. Saudi Arabia now respectfully renews its request to set a schedule for its renewed motion to dismiss and *Daubert* motions. Dallah Avco likewise requests a parallel schedule for its motion to dismiss or for summary judgment.

      **1.    Jurisdictional statement of facts and evidence.** In early 2018, Saudi Arabia sought discovery of Plaintiffs so that it could squarely confront their contentions in its renewed motion to dismiss. The Court denied such discovery, but stated that it was "sensitive to the concern that [Saudi Arabia] raised about a potential sandbag" and suggested that "in advance of the motion to dismiss" Plaintiffs could file "a statement on this particular issue, say, findings of fact *à la* Rule 56.1"; that is, "a statement with supporting documents that the Kingdom can review and rely upon in making its motion." ECF No. 4015, at 38:24-39:2, 39:8-17. Plaintiffs

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 16, 2023
Page 2

responded: "Your Honor, in theory it sounds fine." *Id.* at 39:19; *see also* ECF No. 4237, at 33:24-34:4 (statement that Plaintiffs "were planning" to submit "a statement of facts and evidence that [they] would be relying upon in support of jurisdiction[al] theories"). Plaintiffs again referred to this proposed procedure in a June 3, 2021 letter seeking additional time to submit their expert reports. *See* ECF No. 6847, at 5. They then stated that they were "amenable" to providing "a statement of facts and evidence" at the time they "serv[ed] . . . their expert reports, provided that they [we]re afforded until September 15, 2021 to provide those reports." *Id.* That proposal was not adopted. Ultimately, Plaintiffs served their reports on April 1, 2022.

The procedure suggested by the Court and agreed to by Plaintiffs remains appropriate. The Court should direct Plaintiffs to submit a jurisdictional statement of facts and evidence on which they will rely in opposition to Saudi Arabia's and Dallah Avco's renewed motions to dismiss. The Court should further direct that the statement be in the form contemplated by Local Civil Rule 56.1 and be accompanied by all supporting documents and deposition excerpts on which Plaintiffs will rely to prove the facts set forth in the statement. Saudi Arabia proposes a date of **April 6, 2023** for this submission, two months after the Court resolved Plaintiffs' Rule 54 motions.

**2.    Briefing schedule for renewed motion to dismiss.**  Saudi Arabia proposes the following briefing schedule for its renewed motion to dismiss. Saudi Arabia's renewed motion to dismiss should be due **June 5, 2023**, 60 days after receiving Plaintiffs' jurisdictional statement of facts and evidence. Along with its renewed motion to dismiss, Saudi Arabia will file a response to Plaintiffs' jurisdictional statement of facts and evidence in the form contemplated by Local Civil Rule 56.1, and also Saudi Arabia's own statement of facts and evidence in such form, along with all supporting documents and deposition excerpts on which Saudi Arabia will rely to contest any fact set forth in Plaintiffs' statement or prove any fact set forth in Saudi Arabia's statement. In addition, and together with its motion, Saudi Arabia will file a statement or table concisely setting out all evidentiary objections to any document or deposition excerpt Plaintiffs have submitted with their April 6 filing.

Plaintiffs' opposition to Saudi Arabia's renewed motion to dismiss should be due 60 days after the filing of the motion, on **August 4, 2023**. The Court should direct Plaintiffs to file with their opposition a response to Saudi Arabia's jurisdictional statement of facts and evidence in the form contemplated by Local Civil Rule 56.1, along with all supporting documents on which Plaintiffs will rely to contest any fact set forth in Saudi Arabia's statement. In addition, and together with their opposition, Plaintiffs should submit a statement or table concisely setting out all evidentiary objections they raise to any document or deposition excerpt that Saudi Arabia has submitted with its June 5 filing.

Saudi Arabia's reply in support of its motion to dismiss should be due **September 5, 2023**, 30 days after the filing of the opposition, plus two days because September 3 is a Sunday and September 4 is Labor Day. Saudi Arabia will file with its reply a supplemental statement or

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
February 16, 2023
Page 3

table concisely setting out any evidentiary objections to any document or deposition excerpt Plaintiffs have submitted (or proffered for a new purpose) with their August 4 filing.

      3.      ***Daubert*-motion briefing schedule.** Saudi Arabia anticipates filing motions to limit or exclude the testimony of Plaintiffs' expert witnesses. Plaintiffs indicated in a previous letter that they intend to file such motions as to Saudi Arabia's expert witnesses. *See* ECF No. 8157, at 4-5. Because the Court will be the finder of fact, it will be most efficient for such motions to be filed and considered alongside Saudi Arabia's renewed motion to dismiss. Saudi Arabia proposes that motions by either side seeking to limit or exclude expert testimony should be due with Saudi Arabia's motion to dismiss; oppositions to any such motions be due with Plaintiffs' opposition to Saudi Arabia's motion to dismiss; and replies in support of any such motions be due with Saudi Arabia's reply in support of its motion to dismiss.

      4.      **Page limits.** The size, importance, and complexity of this case, even at the jurisdictional stage, warrant enlarged page limits for the briefing. Saudi Arabia proposes limits of 50 pages for the memoranda in support of (and opposition to) the renewed motion to dismiss and 25 pages for Saudi Arabia's reply memorandum. For the *Daubert* motions, Saudi Arabia proposes limits of 20 pages for each motion and opposition, and 10 pages for each reply.

      5.      **Confidentiality review.** It is likely that the parties' submissions will include material previously ordered sealed by the Court either at the request of Saudi Arabia, *see* ECF No. 4696, or that of the FBI, *see* ECF No. 4255, or material substantially similar to previously sealed material. Although the showing needed to seal such information in a dispositive motion is higher than the showing needed for a discovery motion, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120-24 (2d Cir. 2006), Saudi Arabia (and, to the extent it deems necessary, the FBI) should be allowed to review materials containing their confidential information and to present arguments for continued sealing or for redactions. The complexity of the review process will further be increased because, under Executive Order 14040, the FBI has now released to the public much (but not all) of the material that had previously been sealed under the FBI protective order. The FBI has requested that the parties provide proposed redactions for FBI protected information on a rolling basis to allow sufficient time for its review.

      Any filings in connection with the renewed motion to dismiss that contain information designated as confidential under the Court's protective orders should be made under seal. Saudi Arabia proposes that 30 days after each filing, the filing party provide to the FBI proposed redactions for FBI confidentiality material, including any proposal that any filed document be maintained under seal. Saudi Arabia similarly proposes to provide to the other parties and to the FBI proposals for redacting and sealing documents that contain Saudi Arabia's confidential information 30 days after each filing. The FBI should also have at least 60 days after the final filings in the sequence (that is, the replies) to respond to the parties' redactions. The parties and the FBI should then meet and confer, and advise the Court of any disputes, including providing a proposal for briefing such disputes. Establishing a procedure with due dates at this juncture will

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
February 16, 2023
Page 4

help to ensure that the parties complete the redaction review process in a reasonably timely way. The FBI has indicated that this proposal is acceptable.

      6.     **Dallah Avco's motion.**  Dallah Avco intends to file a renewed motion to dismiss for lack of personal jurisdiction, and in the alternative, for summary judgment. Dallah Avco is prepared to proceed on the same schedule as Saudi Arabia has proposed above, including with respect to Rule 56.1 statements but requests 40 pages for its motion and Plaintiffs' opposition, and 20 pages for reply. Dallah Avco does not intend to file its own *Daubert* motions but expects to join in Saudi Arabia's motions as appropriate.

      7.     **The meet-and-confer discussions and Plaintiffs' position.**  Before submitting this letter, Saudi Arabia made efforts to reach agreement among the parties on this proposal, including a written proposal on February 7, 2023, and a meet-and-confer videoconference on February 14. During that videoconference, Plaintiffs stated that they intend to seek a certification for an interlocutory appeal of the Court's February 7 order denying their Rule 54(b) motions, and intend to ask the Court to defer Saudi Arabia's renewed motion to dismiss and *Daubert* briefing pending resolution of this request and any appeal that may follow.

      Saudi Arabia will oppose any request for an interlocutory appeal and will further oppose any related effort to stay or otherwise delay proceedings in this Court. Jurisdictional fact discovery was completed in June 2021, and jurisdictional expert discovery was substantially completed in June 2022, with one deposition in July. It is time to present the results of that discovery to the Court. Further, Plaintiffs have no reasonable prospect of meeting the "'high standard'" that courts in this District apply to requests for interlocutory appeals, which are "rare and reserved for exceptional circumstances." *Hermès Int'l v. Rothschild*, 590 F. Supp. 3d 647, 651 (S.D.N.Y. 2022) (quoting *Prout v. Vladeck*, 319 F. Supp. 3d 741, 746 (S.D.N.Y. 2018)). Even if they were to obtain certification, no stay would be warranted because their appeal would involve "only part of the case," with no "threat[ ]" of "extensive duplication later on" or "loss of the benefits of the appeal." 16 C. Wright et al., *Federal Practice and Procedure* Juris. § 3929, at 469 (3d ed. 2012).

      Dallah Avco will also oppose any effort to stay or delay its motion pending any request for certification or appeal. As explained in Dallah Avco's letter of July 1, 2022 (ECF No. 8172), Dallah Avco has now been in jurisdictional discovery for approximately ten years and has a strong interest in prompt resolution of the claims against it. Moreover, the subject matter of the February 7 order – which concerns the Court's jurisdiction over, and Plaintiffs' claims against, Saudi Arabia as a foreign sovereign defendant – has nothing to do with Dallah Avco, a non-sovereign entity.

      Plaintiffs further stated that they will ask the Court to defer briefing of motions to dismiss until *Daubert* motions have been briefed and decided. Because the Court is acting as finder of fact on jurisdictional issues, there is no danger of prejudice from expert evidence being presented to the Court simultaneously with arguments that such evidence is unreliable and should be

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
February 16, 2023
Page 5

excluded.  *See*, *e.g.*, *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 220-21 (S.D.N.Y. 2019) (admitting expert testimony at bench trial subject to later *Daubert* ruling); *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 392 F. Supp. 3d 382, 397 (S.D.N.Y. 2019) (same). This procedure will avoid the need for two separate rounds of briefing and judicial decisions, and will give the Court added flexibility in determining whether *Daubert* rulings are unnecessary for experts whose testimony may not matter to its ruling.  It is also consistent with Plaintiffs' contention in previous briefing that "[t]he *Daubert* issues are linked to the jurisdictional facts and are best addressed together with the substantive matters." ECF No. 8157, at 5.

Finally, Plaintiffs stated that they will argue that 20 pages for each *Daubert* brief is excessive.  Saudi Arabia has long taken the position that expert testimony in the present jurisdictional discovery is unnecessary and unlikely to be helpful to the Court.  *See* ECF No. 5235, at 4; Ltr. from M. Kellogg to M.J. Netburn (filed under seal Nov. 13, 2019), at 4-5. Nevertheless, Plaintiffs have served seven expert reports and, so far as Saudi Arabia is aware, will proffer the testimony of all seven experts to the Court.  Saudi Arabia should be given a reasonable opportunity to present arguments that Plaintiffs' expert testimony is unreliable and should be excluded.  Further, the *Daubert* inquiry requires discussion of each expert's credentials and methodology.  That said, Saudi Arabia will attempt to economize and use fewer than 20 pages for experts whose testimony does not require extended discussion.

Respectfully submitted,

/s/ Michael K. Kellogg

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:     All MDL Counsel of Record (via ECF)