# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, DC  20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 2028795572
SCOTTREAU@JONESDAY.COM

February 23, 2023

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

> Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Dear Judge Netburn:

Dubai Islamic Bank ("DIB"), through its counsel, writes to seek approval regarding limited expert discovery on files released last year pursuant to Executive Order 14040 ("Declassified Files").  Plaintiffs have agreed to DIB's request provided that such discovery go forward now.  To reach agreement, DIB has agreed to the timing condition and thus DIB hereby moves with Plaintiffs' consent for limited additional expert discovery.  Such discovery will be accelerated as detailed below—as such, it should not delay the resolution of the claims against DIB or require additional attention from the Court.

As the Court is aware, apparently pursuant to Executive Order 14040, the Central Intelligence Agency (CIA) and Federal Bureau of Investigation (FBI) released documents in March and April 2022—some of which pertain to DIB.  *See*, *e.g.*, MDL ECF 8720 (Order granting in part and denying in part Plaintiffs' motion to compel based on Declassified Files).  DIB has already explained that those Declassified Files are inadmissible and, in any event, do not prevent the granting of DIB's motion for summary judgment on the issue of personal jurisdiction.  *See* MDL ECF 8127 at 26-28 (detailing inadmissibility of Declassified Files as hearsay); MDL ECF 8532 at 11-13 (explaining lack of admissibility under public records exception and Rule 807); *see also* MDL ECF 8344 at 5-6 (motion to exclude noting DIB's arguments that Declassified Files are immaterial and inadmissible); MDL ECF 8539 at 2 (opposition to motion to compel noting speculative nature of Declassified Files).  In addition, Plaintiffs have put forth expert opinions from Jonathan Winer that address such files and other facts ("supplementary report"), about which DIB has a pending motion to exclude.  MDL ECF 8343, 8344.

In the event that the Court denies DIB's personal jurisdiction motion and concludes that the Declassified Files may be admissible, DIB would like to offer proper, reliable, and qualified expert opinions to address the Declassified Files (unlike those previously offered by Jonathan Winer), including the context in which they were created and the allegations in those Files and

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

VIA ECF
Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)
February 23, 2023
Page 2

their reliability.  In addition, as previously detailed, DIB would like the opportunity to address the supplementary report of Jonathan Winer if the Court does not exclude it.  MDL ECF 8344 at 24.

DIB initially proposed to Plaintiffs that the Parties await the outcome of DIB's personal jurisdiction motion to determine whether DIB's requests for additional expert testimony would even be necessary.  Plaintiffs, however, viewed that approach as inappropriate, for reasons they will explain separately, but indicated their willingness to consent provided that such additional discovery move forward at this time and that Plaintiffs have a chance to offer responsive and/or rebuttal expert testimony.  To reach agreement, DIB consented to Plaintiffs' requests and the Parties have also agreed that any rebuttal of Jonathan Winer's supplementary report also take place at the same time.

DIB has disclosed to Plaintiffs that it will offer reports from two experts to address, respectively, the CIA and FBI documents.  In the event that the Court grants this motion, DIB will immediately disclose the identity of the experts.  In addition, DIB will also offer a limited report from its Islam expert, Dr. Aisha Musa, on Mr. Winer's points regarding its former Shariah Board Chairman and Islam.

Accordingly, the Parties propose the following schedule to complete this requested discovery:

- March 10, 2023: DIB to serve expert reports addressing the Declassified Files and rebuttal of Jonathan Winer's supplementary report;

- April 25, 2023: Plaintiffs to serve rebuttal reports, if any, to DIB's March 10, 2023 reports addressing the Declassified Files.  If, after service of DIB's reports, Plaintiffs need additional time to coordinate with experts and accommodate their schedules, Plaintiffs shall propose such a request to the Court by April 18, 2023.

- May 31, 2023: Deadline to complete depositions of DIB's three experts on their March 10, 2023 expert reports, of any experts proffered in rebuttal by Plaintiffs pursuant to the April 2023 deadline, and of Jonathan Winer with respect to his supplementary report.[1]  If, after service of Plaintiffs' rebuttal reports, the Parties need additional time to coordinate with experts and accommodate their schedules for depositions, the Parties shall propose such a request to the Court by May 24, 2023.

---

[1] The Parties have agreed to limit Jonathan Winer's deposition regarding his supplementary report to six hours.  DIB also agrees to make a good faith effort to avoid rehashing information from Mr. Winer's prior reports or prior deposition that do not relate to his supplementary report.

JONES DAY

VIA ECF
Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)
February 23, 2023
Page 3


DIB thanks the Court for its consideration of this issue.

Sincerely,

*/s/ Steven T. Cottreau*
Steven T. Cottreau
JONES DAY
51 Louisiana Ave N.W.
Washington, D.C. 20001
scottreau@jonesday.com
202-879-5572
*Counsel for Defendant Dubai Islamic Bank*