**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean P. Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

February 24, 2023

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

     Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

     The Plaintiffs Executive Committees ("PECs"), for Plaintiffs with claims against Dubai Islamic Bank ("DIB"), write in response to the letter from counsel for DIB (ECF No. 8874), to clarify the record concerning Plaintiffs' position about DIB's request for leave to serve additional expert reports.

     DIB approached Plaintiffs in early January 2023, and during the parties' first call on January 9, 2023, DIB asked for Plaintiffs' consent for DIB to serve new expert reports addressing the FBI and CIA files first released in March/April 2022 pursuant to Executive Order 14040. During that call, in response to Plaintiffs' request that DIB explain the basis for its request to serve the new reports, counsel for DIB indicated that the documents were new evidence that supported a reopening of discovery.

     Plaintiffs agree that the CIA and FBI documents constituted new evidence when they were released; indeed, that was precisely why Plaintiffs served an expert report addressing those documents, promptly after the parties' discussions concerning a possible agreed upon course for additional document discovery concerning information contained in those government reports failed. *See* ECF No. 8471. DIB's current position underscores why there is no merit to DIB's prior assertions that "[n]one of this is new". ECF No. 8344 at 7.

     Under Federal Rule of Civil Procedure 26(e), parties have an affirmative duty to supplement expert discovery upon learning it is incomplete.[1] "[T]he duty to supplement arises when the [party] subsequently learns of information that was previously unknown or unavailable, and the new

---

[1] Fed. R. Civ. P. 26(e)(1)(A) (requiring a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect."); *see* ECF 8471 at 6 (Opposition to DIB's motion to exclude Winer's Supplementary Expert Report).

The Honorable Sarah Netburn
February 24, 2023
Page 2

_____

information renders the earlier report incomplete or inaccurate."[2]  Here, DIB has had the CIA and FBI documents since at least April 18, 2022, when the PECs provided counsel for DIB with the link to the FBI's public portal for the FBI documents and sent the CIA documents to DIB's counsel via electronic mail. Although DIB waited eight months to make its request, Plaintiffs were nonetheless amenable to allowing DIB to serve expert reports, because Plaintiffs are eager for their claims against DIB to be addressed on the basis of a full record.

DIB's request that its service of additional expert reports be delayed and conditional upon the Court's resolution of DIB's pending motions was, however, improper.  Such further delay would be inconsistent with the Federal Rules and would impede the progress of the litigation.  In addition, the conditional structure DIB proposed would have unfairly advantaged DIB, by effectively allowing it to use the Court's rulings on pending motions as advisory opinions for purposes of its expert reports.

Plaintiffs offer this clarification because DIB's letter discussed its initial, conditional proposal and its purported merits, without explaining why Plaintiffs had declined that approach in good faith. DIB also included unnecessary references in its letter to arguments presented in its pending motions about the documents.  ECF No. 8874 at 1. Plaintiffs have already responded to those points and will not further engage them here.

Subject to the foregoing clarification of the record, Plaintiffs confirm that they are in agreement with DIB concerning the further discovery and schedule set forth at the bottom of page two of DIB's letter.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ *Robert T. Haefele*
ROBERT T. HAEFELE
JODI WESTBROOK FLOWERS
DONALD A. MIGLIORI
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Executive Committee for Personal Injury and Death Claims*

COZEN O'CONNOR

By: /s/ *Sean P. Carter*
SEAN P. CARTER
STEPHEN A. COZEN
J. SCOTT TARBUTTON
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com

*For the Plaintiffs' Executive Committee for Commercial Claims*

---

[2] ECF 8471 at 6 (citing *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690 (S.D.N.Y. 2011) (internal quotations omitted).

The Honorable Sarah Netburn
February 24, 2023
Page 3

_____

cc:     The Honorable George B. Daniels, via ECF
        All Counsel of Record via ECF