

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

February 27, 2023

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY  10007

BY ECF

     **Re:**    *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570 (S.D.N.Y.)

Dear Judge Netburn:

     Defendant Dallah Avco respectfully submits this reply in support of its February 16, 2023, request for a briefing schedule on its dispositive motion, filed jointly with the Kingdom of Saudi Arabia.  Dkt. 8863.  The Kingdom already filed a reply.  Dkt. 8878.  Dallah Avco writes separately to add two points.

     First, as the Kingdom explains, the Court should not stay briefing pending plaintiffs' attempted interlocutory appeal from Judge Daniels' Rule 54(b) ruling.  Dkt. 8878 at 2.  Staying briefing pending those proceedings would be particularly unfair to Dallah Avco because Judge Daniels' Rule 54(b) ruling is completely unrelated to the claims against Dallah Avco, a non-sovereign entity.  Dkt. 8862.  Dallah Avco's dispositive motion has already been delayed for more than five months as plaintiffs pursued the Rule 54(b) motion itself.  Dkt. 8542.  The Court should not further protract those delays so plaintiffs can pursue an extraordinary appeal that, whatever its outcome, will have no possible impact on Dallah Avco.

     Second, the Court should put an end to the Kreindler firm's repeated attempts to circumvent this Court's sanctions by filing its own separate scheduling proposals and demanding to file its own separate responses to defendants' forthcoming dispositive motions.  Dkt. 8878 at 5.  This Court removed the Kreindler firm from the Plaintiffs' Executive Committees as a sanction for its role in the unauthorized leak of the confidential Jarrah deposition transcript.  Dkt. 8544 at 63.  Under the plain terms of the Case Management Order, that ruling means the Kreindler firm may no longer file its own separate submissions – it must offer input to the Plaintiffs' Executive Committees instead.  Dkt. 248 ¶¶ 10-13.  That sort of coordination is the whole point of having a plaintiffs' executive committee in the first place.  Nonetheless, the Kreindler firm insists on acting as if this Court's sanctions have no impact at all on what it can do in this litigation.  Indeed, the Kreindler firm acts as if the sanctions somehow ***improved*** its position by authorizing it to file its own unilateral submissions to which defendants like Dallah Avco must now also respond.

Dallah Avco never had any interest in the confidentiality of the Jarrah transcript and did not participate in the proceedings that resulted in the sanctions.  Nonetheless, the leak and ensuing proceedings have inflicted real prejudice on Dallah Avco.  As Judge Daniels explained, "Rather than focusing on the merits of this dispute twenty one years after 9/11, this Court and Magistrate Judge Netburn have spent the last year and a half adjudicating a law firm's purported misconduct."  Dkt. 8828 at 6-7.  Those delays have caused particular prejudice to Dallah Avco, which has been ready and willing to proceed with briefing on its dispositive motion since it served its unopposed expert report almost a year ago on April 1, 2022.  Yet the Kreindler firm now seeks to use the Court's sanctions as an excuse to inflict *still more* prejudice by effectively appointing itself as a "plaintiffs' executive committee of one," requiring Dallah Avco and other defendants to respond to twice as many submissions on matters both procedural and substantive.  That cannot have been what the Court intended.  Sanctions should have real consequences.[1]

Accordingly, the Court should disregard the Kreindler scheduling submissions in their entirety on the ground that they were procedurally improper.  The Court should also reject any suggestion that the Kreindler firm may file its own separate response to Dallah Avco's dispositive motion.  With respect to the other scheduling matters raised by the *real* Plaintiffs' Executive Committees, Dallah Avco refers the Court to the Kingdom's reply.

We thank the Court for its time and attention to these matters.

Respectfully submitted,

Robert Kry

cc:      All counsel by ECF

---

[1] The fact that Kreindler's letters are co-signed by the Speiser and Baumeister firms is beside the point.  Those two firms' status as non-chair members of the Plaintiffs' Executive Committees only underscores that the *Ashton* plaintiffs' views can and should be channeled through those committees instead.  Kreindler's letters clearly do not purport to reflect the views of the Plaintiffs' Executive Committees.  Moreover, Kreindler's listing of those two co-signatory firms on its letters should not obscure the reality of what is going on here.  The Speiser and Baumeister firms have never played any significant role in the litigation against Dallah Avco.  Kreindler is using its ejection from the Plaintiffs' Executive Committees as an excuse to make defendants like Dallah Avco respond to twice as many submissions.