# EXHIBIT A



**United States Department of State**

*Washington, D.C.   20520*

January 30, 2023

Ruby J. Krajick, Clerk of the Court
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: ***Susan King, et al. v. Islamic Republic of Iran,*** **1:22-cv-05193 (GBD) (SN)**

Dear Ms. Krajick:

    I am writing regarding the Court's request for transmittal of a Summons, Complaint, Civil Cover Sheet, Related Case Statement, Notice of Amendment (Doc. No. 8188), Notice of Amendment (Doc. No. 8189), Notice of Amendment (Doc. No. 8190), and Notice of Suit to the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

    Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1152-IE, dated December 11, 2022, and delivered on January 9, 2023. A certified copy of the diplomatic note is enclosed.

Sincerely,

Jared Hess
Attorney Adviser
Office of the Legal Adviser



U.S. Embassy
BERN, SWITZERLAND
https://ch.usembassy.gov
Customer. KING V. ISLAMIC REP OF
IRAN
Date: 11/22/2022 3:58:07 PM
Register: ACS Cash
Transaction: 15048143
Tender: U.S. Dollars
Exchange Rate: 1.00USD = 1.000LC

| Qty | Svc | Ctry | Visa | Price |
|-----|-----|------|------|-------|
| 1 | 51 | | | $2,275.00 |
| LETTERS | | | | CHF 2'275.00 |
| ROGATORY/FSIA FEE | | | | |



| | |
|---|---|
| **Balance** | $2,275.00 |
| **Amount Paid** | $2,275.00 |
| **Change** | $0.00 |

CUSTOMER COPY
**ALL TRANSACTIONS ARE
FINAL - NO REFUNDS**

Sensitive But Unclassified (SBU)

58752

||||||| ||| ||| |||||| ||| ||| ||||

Cc:    Jerry S. Goldman
       ANDERSON KILL P.C.
       1251 Avenue of the Americas
       New York, NY 10020



SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
mbassy of the United States of America )



ayward M. Alto, a consular officer at the Embassy of the United States at Bern,
itzerland, certify that this is a true copy of Embassy note number 27895 dated
vember 22, 2022, which was transmitted to the Swiss Ministry of Foreign Affairs on
vember 23, 2022, for further transmission to the American Interests Section of the
ss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

January 26, 2023
(Date)



*Embassy of the United States of America*

November 22, 2022

CONS NO.   2 7 8 9 5

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Susan King, et al. v. Islamic Republic of Iran, 1:22-cv-05193 (GBD) (SN)

REF:   ----

The Department of State has requested the delivery of the enclosed Summons, Complaint, Civil Cover Sheet, Related Case Statement, Notice of Amendment, Notice of Amendment (Doc. No. 8188), Notice of Amendment (Doc. No. 8189), Notice of Amendment (Doc. No. 8190), and Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Susan King, et al. v. Islamic Republic of Iran, 1:22-cv-05193 (GBD) (SN).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Summons, Complaint, Civil Cover Sheet, Related Case Statement, Notice of Amendment (Doc. No. 8188), Notice of Amendment (Doc. No. 8189), Notice of Amendment (Doc. No. 8190), and Notice of Suit to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit *Susan King, et al. v. Islamic Republic of Iran,* 1:22-cv-05193(GBD)(SN*),* which is pending in the United States District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits a Summons and Complaint, herewith. The U.S. District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed Summons and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Complaint, the Foreign Interests Section is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States, and certain other court documents that the plaintiff has requested be transmitted.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Summons, Complaint, Notice of Suit, Civil Cover Sheet, Related Case Statement, Notice of Amendment (Doc. No. 8188), Notice of Amendment (Doc. No. 8189), and Notice of Amendment (Doc. No. 8190)
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland              )
rn, Canton of Bern                      ) SS:
hbassy of the United States of America  )



ertify that the annexed document bears the genuine seal of the Swiss Federal
partment of Foreign Affairs.

ertify under penalty of perjury under the laws of the United States that the foregoing
rue and correct.

_____
(Signature of Consular Officer)


_____Hayward M. ALTO_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


January 26, 2023
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 27895 dated November 22, 2022 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

***Susan King, et al. v. Islamic Republic of Iran,*** **1:22-cv-05193 (GBD)(SN)**
- Note 1152-IE addressed to the Islamic Republic of Iran

dated December 11, 2022 and proof of service, dated January 09, 2023 as well as the certification by the Swiss Federal Chancellery dated January 24, 2023.

The section has received the above mentioned documents on December 05, 2022. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on January 09, 2023. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, January 25, 2023

*Enclosure(s) mentioned*



To the
Embassy of the
United States of America

Berne



SPECIFIC AUTHENTICATION CERTIFICATE

onfederation of Switzerland )
ern, Canton of Bern ) SS:
nbassy of the United States of America )

ertify that the annexed document is executed by the genuine signature and seal of the
llowing named official who, in an official capacity, is empowered by the laws of
itzerland to execute that document.

ertify under penalty of perjury under the laws of the United States that the foregoing
rue and correct.

<u>Alessandra MANOIERO</u>
(Typed name of Official who executed the annexed document)



(Signature of Consular Officer)

<u>Hayward M. ALTO</u>
(Typed name of Consular Officer)

<u>Consul of the United States of America</u>
(Title of Consular Officer)

<u>January 26, 2023</u>
(Date)



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1152-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Susan King, et al. v. Islamic Republic of Iran*, 1:22-cv-05193 (GBD)(SN), which is pending in the United States District Court for the Southern District of New York. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits a Summons and Complaint herewith. The U.S. District Court for the Southern District of New York has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4).

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Embassy requests that the enclosed Summons and Complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Complaint, the Embassy is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States, and certain other court documents that the plaintiff has requested be transmitted.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran - December 11, 2022

Attachments:
1. Summons, Complaint, Notice of Suit, Civil Cover Sheet, Related Case Statement, Notice of Amendment (Doc. No. 8188), Notice of Amendment (Doc. No. 8189), and Notice of Amendment (Doc. No. 8190)
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Christian Gobet, Head of the Foreign Interests Section of the Embassy of Switzerland in Iran, certify herewith that this is a true copy of Diplomatic Note No. 1152-IE, dated December 11, 2022. The delivery of this note and its enclosures was attempted on January 09, 2023, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Christian Gobet
Head of the Foreign Interests Section

Tehran - January 09, 2023

---

**APOSTILLE**
(Convention de la Haye du 5 octobre 1961)

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by    Christian Gobet

3. acting in the capacity of Head of the Foreign Interests Section

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne                    6.        the 24.01.2023

7. by  Alessandra Manolero
   functionary of the Swiss federal Chancellery

8. No ............ 001839

9. Seal/stamp:                    10.  Signature:

   Swiss federal Chancellery

ترجمه غیر رسمی

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE–1152

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان سوزان کینگ و دیگران علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره SN)(GBD) cv-05193-1:22، که در دادگاه ناحیه ای ایالات متحده برای ناحیه جنوب نیو یورک مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه ناحیه ای ایالات متحده برای ناحیه جنوب نیو یورک، یک فقره احضاریه و شکایت را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

طبق قوانین قابل اجرا ایالات متحد، خوانده یک پرونده می بایست ظرف 60 روز از تاریخ ابلاغ شکایت، در این مورد تاریخ یادداشت، پاسخی به شکایت یا دیگر پاسخی دفاعی در پرونده بگذارد. در غیر اینصورت، ممکن است حکمی بر ضد خوانده صادر گردد بدون آنکه خوانده فرصت ارائه شواهد و دفاعیه از طرف خود را داشته باشد. لذا، سفارت در خواست می نماید که احضاریه و شکایت، با این دید که اقدامات لازم جهت جلوگیری از حکم قصور انجام شود، برای مقامات مربوطه ایرانی ارسال گردد.

سفارت علاوه بر احضاریه و شکایت، ابلاغیه اقامه دعوی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، و بنا به درخواست شاکی تعدادی مدرک دیگر را به پیوست افاده می دارد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاهی صورت گیرد که موضوع در آن مفتوح می باشد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ بیستم آذر ماه 1401 (11 دسامبر 2022)

پیوست: 1- احضاریه، شکایت، ابلاغیه اقامه دعوی، برگه جلد دادخواست مدنی، اظهارات پرونده های مرتبط، ابلاغیه اصلاحیه (سند شماره 8188)، ابلاغیه اصلاحیه (سند شماره 8189)، ابلاغیه اصلاحیه (سند شماره 8190)
2- ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Susan King, et al. (see appendix)

_____
Plaintiff

v.

Islamic Republic of Iran
_____
Defendant

)
)
)
)
)
)
)

Civil Action No. 1:22-cv-05193(GBD)(SN)

## SUMMONS IN A CIVIL ACTION

To:      (Defendant's name and address)

    Islamic Republic of Iran
    c/o Ministry of Foreign Affairs
    Imam Khomeini Avenue
    Tehran, Iran

    A lawsuit has been filed against you.

    Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Jerry S. Goldman, Esq.
    ANDERSON KILL P.C.
    1251 Avenue of the Americas
    New York, NY 10020
    (212) 278-1000
    jgoldman@andersonkill.com

    If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: __06/22/2022__



s/ G. Pisarczyk
_____
Signature of Clerk or Deputy Clerk

28 USC 1608 Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

     ☞ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

     ☞ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

     ☞ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

     ☞ I returned the summons unexecuted because _____ ; or

     ☞ Other *(specify):*

 

 

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## APPENDIX

Susan M. King as the Personal Representative of the Estate of Amy King, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Amy King

Barbara Chucknick as the Personal Representative of the Estate of Steven Chucknick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Chucknick

Steven Chucknick, individually, as surviving child of Steven Chucknick

Kathleen Gelman, individually, as surviving sibling of Thomas Kuveikis

Jamie Brito as the Personal Representative of the Estate of Victoria Alvarez-Brito, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Victoria Alvarez-Brito

Raul Brito, individually, as surviving child of Victoria Alvarez-Brito

Beverly Carlone as the Personal Representative of the Estate of David Carlone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of David Carlone

Shweta Khandelwal as the Personal Representative of the Estate of Rajesh Khandelwal, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Rajesh Khandelwal

Lorraine Nedell as the Personal Representative of the Estate of Laurence Nedell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Laurence Nedell

Shivam Khandelwal, individually, as surviving child of Rajesh Khandelwal

Laura Nedell, individually, as surviving child of Laurence Nedell

Loubertha Williams as the Personal Representative of the Estate of Jacqueline Young, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jacqueline Young

Jennie Nedell, individually, as surviving child of Laurence Nedell

Josephine Tabick, individually, as surviving sibling of Debra DiMartino

Sol Newman, individually, as surviving sibling of Debra DiMartino

Angelo Puma, individually, as surviving sibling of Debra DiMartino

John McLoughlin, individually, as an injured person

Manu Dhingra, individually, as an injured person

William Jimeno, individually, as an injured person

Judith Knight, individually, as surviving sibling of Frank Wisniewski

Judith Knight as Personal Representative of the Estate of Mary Wisniewski deceased, the late parent of Frank Wisniewski

Judith Knight as Personal Representative of the Estate of Vincent Wisniewski deceased, the late parent of Frank Wisniewski

Vincent Wisniewski, individually, as surviving sibling of Frank Wisniewski

Gail Ingersoll Sezna as the Personal Representative of the Estate of Davis Sezna, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Davis Grier Sezna, Jr.

Davis Grier Sezna individually, as surviving parent of Davis Grier Sezna, Jr.

Masia Shurla Riley as the Personal Representative of the Estate of Scott Powell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Powell

Sydney Ayesha Powell, individually, as surviving child of Scott Powell

Scott Watkins, individually, as surviving child of Scott Powell

Art Edward Powell, individually, as surviving sibling of Scott Powell

Amanda Ruddle, individually, as surviving child of David Ruddle

John Doe 116 being intended to designate the Personal Representative of the Estate of David Ruddle, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of David Ruddle

Angela Eacobacci, individually, as surviving parent of Joseph Eacobacci

John Doe 118 being intended to designate the Personal Representative of the Estate of Joseph Eacobacci, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph Eacobacci

Lidia P. Alverez as the Personal Representative of the Estate of Juan Pablo Alvarez Cisneros, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Juan Pablo Alvarez Cisneros

Gillian Gransaull-Joseph as the Personal Representative of the Estate of Stephen Joseph, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Joseph

Tristan Joseph, individually, as surviving child of Stephen Joseph

Danielle Fehling-Wasnieski as the Personal Representative of the Estate of Lee Fehling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lee Fehling

Kaitlin Fehling, individually, as surviving child of Lee Fehling

Megan Fehling, individually, as surviving child of Lee Fehling

Gayle Regan as the Personal Representative of the Estate of Thomas Regan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Regan

Allaistar Regan, individually, as surviving child of Thomas Regan

Connor Regan, individually, as surviving child of Thomas Regan

Page Dantzler Dickerson as the Personal Representative of the Estate of Jerry Dickerson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jerry Dickerson

Elizabeth Bailey Dickerson, individually, as surviving child of Jerry Dickerson

William Dickerson, individually, as surviving child of Jerry Dickerson

Lisa A. Schunk as the Co-Personal Representative of the Estate of Edward W. Schunk, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward W. Schunk

Ana Cisneros, individually, as surviving sibling of Juan Pablo Alvarez Cisneros

Anne Lynn Hayashi as the Personal Representative of the Estate of Stuart (Soo-Jin) Lee, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stuart (Soo-Jin) Lee

Joseph E. Jurgens, individually, as surviving parent of Thomas Edward Jurgens

Joseph B. Jurgens, individually, as surviving sibling of Thomas Edward Jurgens

Jessica Lynn Jurgens, individually, as surviving sibling of Thomas Edward Jurgens

Mitchell Eacobacci, individually, as surviving parent of Joseph Eacobacci

Lynda T. Scarcella as the Personal Representative of the Estate of Paul Fiori, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Fiori

Brittley Wise as the Personal Representative of the Estate of Richard Salinardi, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard Salinardi, Jr.

Edith Skrzypek as the Personal Representative of the Estate of Paul Skrzypek, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Skrzypek

Albert Skrzypek, individually, as surviving parent of Paul Skrzypek

Edith Skrzypek, individually, as surviving parent of Paul Skrzypek

Laura Kingsbury, individually, as surviving sibling of Paul Skrzypek

Nicole Brathwaite-Dingle as the Personal Representative of the Estate of Jeffrey Dingle, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jeffrey Dingle

Jassiem Dingle, individually, as surviving child of Jeffrey Dingle

Nia Dingle, individually, as surviving child of Jeffrey Dingle

John Doe 126 being intended to designate the Personal Representative of the Estate of Thomas E. Jurgens, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Edward Jurgens

Cynthia Gomes as Personal Representative of the Estate of Dennis J. Gomes, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Dennis James Gomes

John Doe 128 being intended to designate the Personal Representative of the Estate of Michael S. Lamana, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael S. Lamana

John Doe 129 being intended to designate the Personal Representative of the Estate of John G. Scharf, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and

his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John G. Scharf

Ariel Martinez, individually, as surviving child of Betsy Martinez

Carlos G. Albert, individually, as surviving sibling of Ayleen J. Santiago

John Doe 130 being intended to designate the Personal Representative of the Estate of Rosemarie Carlson, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Rosemarie Carlson

John Doe 131 being intended to designate the Personal Representative of the Estate of Ayleen Santiago, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Ayleen Santiago

Stefanie Ciccone as the Personal Representative of the Estate of Alex Ciccone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alex Ciccone

John G. Duffy as the Personal Representative of the Estate of Christopher Duffy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Duffy

Kathleen Langan, individually, as surviving parent of Christopher Duffy

Dennis Ketcham as the Personal Representative of the Estate of Douglas Ketcham, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Douglas Ketcham

Denyse D. Kruse, individually, as surviving sibling of Douglas Ketcham

Michael Kuo, individually, as surviving child of Frederick Kuo, Jr.

Dean Taylor, individually, as surviving sibling of Kip P. Taylor

John Luke Taylor, individually, as surviving child of Kip P. Taylor

Dean Ross Taylor, individually, as surviving child of Kip P. Taylor

Vera Schleeter as the Personal Representative of the Estate of Kip P. Taylor, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kip P. Taylor

Vera Schleeter as Personal Representative of the Estate of Nancy Taylor, deceased, the late spouse of Kip P. Taylor

John Doe 132 being intended to designate the Personal Representative of the Estate of Myrna T. Maldonado-Agosto, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Myrna T. Maldonado-Agosto

John Doe 134 being intended to designate the Personal Representative of the Estate of Frederick Kuo, Jr., deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Frederick Kuo, Jr.

John Doe 135 being intended to designate the Personal Representative of the Estate of William Howard Pohlmann, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of William Howard Pohlmann

Valada Penny as the Personal Representative of the Estate of Richard Penny, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard Penny

Richard Penny, individually, as surviving child of Richard Penny

Eve Bucca as the Personal Representative of the Estate of Ronald P. Bucca, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ronald P. Bucca

Ronald Bucca, individually, as surviving child of Ronald P. Bucca

Thomas Kelleher as the Personal Representative of the Estate of Stephen Roach, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Roach

Angelina Jimenez as the Personal Representative of the Estate of Elena Ledesma, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Elena Ledesma

Angelina Jimenez, individually, as surviving child of Elena Ledesma

Shanhellen Jimenez, individually, as surviving child of Elena Ledesma

Elizabeth Rick as the Personal Representative of the Estate of Scott Bart, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Bart

Jessica Bucca-Hughes, individually, as surviving child of Ronald P. Bucca

Mackenzie Gomes, individually, as surviving child of Dennis James Gomes

Mackenzie Roach, individually, as surviving child of Stephen Roach

Eileen Roach, individually, as surviving child of Stephen Roach

Stephen Roach, Jr., individually, as surviving child of Stephen Roach

Amy Mulderry as the Personal Representative of the Estate of Stephen Mulderry, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Mulderry

Jeannette Ramos as the Personal Representative of the Estate of Anthony Alvarado, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Anthony Alvarado

June Pietruszkiewicz as the Personal Representative of the Estate of James Suozzo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of James Suozzo

دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک

سوزان کینگ و دیگران (به پیوست مراجعه کنید)



)                   _____
)                          خواهان
)
)                          علیه                اقدام مدنی شماره
)                   جمهوری اسلامی ایران
)
)                   _____
)                         مدعی علیه

احضاریه در یک اقدام مدنی

به: (نام و آدرس خوانده)

جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را براساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
شرکت اندرسون کیل
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

[مهر:] دادگاه ناحیه‌ای ایالات متحدهناحیه    منشی دادگاه
جنوب نیویورک
[امضا]

امضا/ جی. پیساریزیک          تاریخ:   06/22/2022
امضای منشی یا معاون منشی

28 USC 1608 احضاریه 12/11 (صفحه 2)

اقدام مدنی شماره

## گواهی ابلاغ
### (این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام (Fed. R. Civ. P. 4 (I))

این احضاریه مربوط به (نام فرد یا سمت، در صورت امکان) در (تاریخ) _____
_____ به من ابلاغ شد.

-    من شخصاً ابلاغیه را به فرد مذکور در (مکان) _____
 _____ در (تاریخ) _____ ابلاغ کردم؛ یا

-    من ابلاغیه را در محل زندگی فرد یا مکانی که معمولاً در آنجا حضور دارد، قرار دادم (نام) شخصی دارای سن و قدرت تشخیص
مناسب که در اینجا سکونت دارد، در (تاریخ) _____، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

-    من ابلاغیه را به این فرد تحویل دادم: (نام فرد) _____ که بنا به قانون اجازه دارد
ابلاغ احضاریه را از طرف (نام سازمان) _____
 _____ در (تاریخ) _____ بپذیرد؛ یا

-    من احضاریه را بدون ابلاغ برگرداندم زیرا _____ ؛ یا

-    سایر (مشخص کنید):

حق‌الزحمه من عبارت است از _____ دلار برای سفر و _____ دلار برای ابلاغ و جمعاً _____
دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ: _____                    _____

_____
امضای ابلاغ‌کننده

_____
نام و سمت با حروف بزرگ و خوانا نوشته شود

_____
نشانی ابلاغ‌کننده

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

<u>پیوست</u>

سوزان ام. کینگ، به عنوان نماینده شخصی ماترک امی کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده امی کینگ

باربارا چاکنیک، به عنوان نماینده شخصی ماترک استیون چاکنیک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون چاکنیک

استیون چاکنیک، انفراداً، به عنوان فرزند بازمانده استیون چاکنیک

کاتلین گلمن، انفراداً، به عنوان خواهر بازمانده توماس کوویکیس

جیمی بریتو به عنوان نماینده شخصی ماترک ویکتوریا آلوارز-بریتو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویکتوریا آلوارز-بریتو

رائول بریتو، انفراداً، به عنوان فرزند بازمانده ویکتوریا آلوارز-بریتو

بورلی کارلونه، به عنوان نماینده شخصی ماترک دیوید کارلونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید کارلونه

شوتا کهندلوال، به عنوان نماینده شخصی ماترک راجش کهندلوال، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده راجش کهندلوال

لورین ندل، به عنوان نماینده شخصی ماترک لارنس ندل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لارنس ندل

شیوام کهندلوال، انفراداً، به عنوان فرزند بازمانده راجش کهندلوال

لورا ندل انفراداً، به عنوان فرزند بازمانده لارنس ندل

لوبرتا ویلیامز به عنوان نماینده شخصی ماترک ژاکلین یانگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ژاکلین یانگ

جنی ندل انفراداً، به عنوان فرزند بازمانده لارنس ندل

جوزفین تابیک، انفراداً، به عنوان خواهر بازمانده دبرا دیمارتینو

سول نیومن، انفراداً، به عنوان برادر/خواهر بازمانده دبرا دیمارتینو

آنجلو پوما، انفراداً، به عنوان برادر/خواهر بازمانده دبرا دیمارتینو

جان مک‌لافلین، انفراداً، به‌عنوان شخص آسیب دیده

مانو دینگرا، انفراداً، به‌عنوان شخص آسیب دیده

ویلیام جیمنو، انفراداً، به‌عنوان شخص آسیب دیده

جودیث نایت، انفراداً، به عنوان خواهر بازمانده فرانک ویسنیفسکی

جودیث نایت به عنوان نماینده شخصی ماترک مری ویسنیفسکی، متوفی، والد متوفای فرانک ویسنیفسکی

جودیث نایت به عنوان نماینده شخصی ماترک وینسنت ویسنیفسکی، متوفی، والد متوفای فرانک ویسنیفسکی

وینسنت ویسنیفسکی، انفراداً، به عنوان برادر/خواهر بازمانده فرانک ویسنیفسکی

گیل اینگرسول سزنا به عنوان نماینده شخصی ماترک دیویس سزنا جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیویس گریر سزنا جونیور

دیویس گریر سزنا انفراداً به عنوان والد بازمانده دیویس گریر سزنا جونیور

ماسیا شورلا رایلی به عنوان نماینده شخصی ماترک اسکات پاول، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسکات پاول

سیدنی آیشا پاول، انفراداً، به عنوان فرزند بازمانده اسکات پاول

اسکات واتکینز، انفراداً، به عنوان فرزند بازمانده اسکات پاول

آرت ادوارد پاول، انفراداً، به عنوان برادر/خواهر بازمانده اسکات پاول

آماندا رادل، انفراداً، به عنوان فرزند بازمانده دیوید رادل

جان داو 116، که قصد دارد نماینده شخصی ماترک دیوید رادل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید رادل

آنجلا ایکوباکی، انفراداً، به عنوان والد بازمانده جوزف ایکوباکی

جان داو 118، که قصد دارد نماینده شخصی ماترک جوزف ایکوباکی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف ایکوباکی

لیدیا پی. آلورز به عنوان نماینده شخصی ماترک خوان پابلو آلوارز سیسنروس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوان پابلو آلوارز سیسنروس

گیلیان گرانسال- جوزف به عنوان نماینده شخصی ماترک استفن جوزف، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن جوزف

تریستان جوزف، انفراداً، به عنوان فرزند بازمانده استفن جوزف

دانیل فهلینگ- واسنیسکی به عنوان نماینده شخصی ماترک لی فهلینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لی فهلینگ

کاتلین فهلینگ، انفراداً، به عنوان فرزند بازمانده لی فهلینگ

مگان فهلینگ، انفراداً، به عنوان فرزند بازمانده لی فهلینگ

گیل ریگان به عنوان نماینده شخصی ماترک توماس ریگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس ریگان

آلایستار ریگان، انفراداً، به عنوان فرزند بازمانده توماس ریگان

کانر ریگان، انفراداً، به عنوان فرزند بازمانده توماس ریگان

پیج دانتزلر دیکرسون به عنوان نماینده شخصی ماترک جری دیکرسون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جری دیکرسون

الیزابت بیلی دیکرسون، انفراداً، به عنوان فرزند بازمانده جری دیکرسون

ویلیام دیکرسون، انفراداً، به عنوان فرزند بازمانده جری دیکرسون

لیزا ای. شونک به عنوان نماینده شخصی مشترک ماترک ادوارد دبلیو. شونک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوارد دبلیو. شونک

آنا سیسنروس، انفراداً، به عنوان خواهر بازمانده پابلو آلوارز سیسنروس

آن لین هایاشی به عنوان نماینده شخصی ماترک استوارت (سو-جین) لی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استوارت (سو-جین) لی

جوزف ای. یورگنس، انفراداً، به عنوان والد بازمانده توماس ادوارد یورگنس

جوزف بی. یورگنس، انفراداً، به عنوان برادر بازمانده توماس ادوارد یورگنس

جسیکا لین یورگنس، انفراداً، به عنوان خواهر بازمانده توماس ادوارد یورگنس

میچل ایکوباکی، انفراداً، به عنوان والد بازمانده جوزف ایکوباکی

لیندا تی. اسکارسلا به عنوان نماینده شخصی ماترک پل فیوری، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل فیوری

بریتلی وایز به عنوان نماینده شخصی ماترک ریچارد سالیناردی جونیور، متوفی، و از طرف تمام بازماندگان قانونی و اعضای خانواده ریچارد سالیناردی جونیور

ادیت اسکرزیپک به عنوان نماینده شخصی ماترک پل اسکرزیپک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل اسکرزیپک

آلبرت اسکرزیپک، انفراداً، به عنوان والد بازمانده پل اسکرزیپک

ادیت اسکرزیپک، انفراداً، به عنوان والد بازمانده پل اسکرزیپک

لورا کینگزبری، انفراداً، به عنوان خواهر بازمانده پل اسکرزیپک

نیکول براتویت- دینگل به عنوان نماینده شخصی ماترک جفری دینگل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جفری دینگل

جاسیم دینگل، انفراداً، به عنوان فرزند بازمانده جفری دینگل

نیا دینگل، انفراداً، به عنوان فرزند بازمانده جفری دینگل

جان داو 126، که قصد دارد نماینده شخصی ماترک توماس ادوارد یورگنس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس ادوارد یورگنس

سینتیا گومز به عنوان نماینده شخصی ماترک دنیس جی. گومز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دنیس جیمز گومز

جان داو 128، که قصد دارد نماینده شخصی ماترک مایکل اس. لامانا، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مایکل اس. لامانا

جان داو 129، که قصد دارد نماینده شخصی ماترک جان جی. شارف، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان جی. شارف

آریل مارتینز، انفراداً، به عنوان فرزند بازمانده بتسی مارتینز

کارلوس جی. آلبرت، انفراداً، به عنوان برادر بازمانده آیلین جی. سانتیاگو

جان داو 130، که قصد دارد نماینده شخصی ماترک رزماری کارلسون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رزماری کارلسون

جان داو 131، که قصد دارد نماینده شخصی ماترک آیلین سانتیاگو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آیلین سانتیاگو

استفانی سیکونه به عنوان نماینده شخصی ماترک الکس سیکونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الکس سیکونه

جان جی. دافی به عنوان نماینده شخصی ماترک کریستوفر دافی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر دافی

کاتلین لانگان، انفراداً، به عنوان والد بازمانده کریستوفر دافی

دنیس کچام به عنوان نماینده شخصی ماترک داگلاس کچام، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده داگلاس کچام

دنیس دی. کروز، انفراداً، به عنوان برادر/خواهر بازمانده داگلاس کچام

مایکل کو، انفراداً، به عنوان فرزند بازمانده فردریک کو جونیور

دین تیلور، انفراداً، به عنوان برادر/خواهر بازمانده کیپ پی. تیلور

جان لوک تیلور، انفراداً، به عنوان فرزند بازمانده کیپ پی. تیلور

دین راس تیلور، انفراداً، به عنوان فرزند بازمانده کیپ پی. تیلور

ورا شلیتر به عنوان نماینده شخصی ماترک کیپ پی. تیلور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیپ پی. تیلور

ورا شلیتر به عنوان نماینده شخصی ماترک نانسی شلیتر، متوفی، همسر متوفای کیپ پی. تیلور

جان داو 132، که قصد دارد نماینده شخصی ماترک میرنا تی. مالدونادو- آگوستو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میرنا تی. مالدونادو- آگوستو

جان داو 134، که قصد دارد نماینده شخصی ماترک فردریک کو جونیور، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فردریک کو جونیور

جان داو 135، که قصد دارد نماینده شخصی ماترک ویلیام هوارد پولمن، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام هوارد پولمن

والدا پنی به عنوان نماینده شخصی ماترک ریچارد پنی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد پنی

ریچارد پنی، انفراداً، به عنوان فرزند بازمانده ریچارد پنی

ایو بوکا به عنوان نماینده شخصی ماترک رونالد پی. بوکا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رونالد پی. بوکا

رونالد بوکا، انفراداً، به عنوان فرزند بازمانده رونالد پی. بوکا

توماس کلهر به عنوان نماینده شخصی ماترک استفن روچ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن روچ

آنجلینا خیمنز به عنوان نماینده شخصی ماترک الِنا لدسما، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الِنا لدسما

آنجلینا خیمنز، انفراداً، به عنوان فرزند بازمانده الِنا لدسما

شانهلن خیمنز، انفراداً، به عنوان فرزند بازمانده الِنا لدسما

الیزابت ریک به عنوان نماینده شخصی ماترک اسکات بارت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسکات بارت

جسیکا بوکا- هیوز، انفراداً، به عنوان فرزند بازمانده رونالد پی. بوکا

مکنزی گومز، انفراداً، به عنوان فرزند بازمانده دنیس جیمز گومز

مکنزی روچ، انفراداً، به عنوان فرزند بازمانده استفن روچ

ایلین روچ، انفراداً، به عنوان فرزند بازمانده استفن روچ

استفن روچ جونیور، انفراداً، به عنوان فرزند بازمانده استفن روچ

امی مولدری به عنوان نماینده شخصی ماترک استفن مولدری، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن مولدری

جانت راموس به عنوان نماینده شخصی ماترک آنتونی آلوارادو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آنتونی آلوارادو

جون پیتروشکیویچ به عنوان نماینده شخصی ماترک جیمز سوزو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز سوزو

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

Susan M. King as the Personal Representative of the
Estate of Amy King, deceased, and on behalf of all
survivors and all legally entitled beneficiaries and
family members of Amy King

Barbara Chucknick as the Personal Representative of
the Estate of Steven Chucknick, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Steven
Chucknick

Steven Chucknick, individually, as surviving child of
Steven Chucknick

Kathleen Gelman, individually, as surviving sibling of
Thomas Kuveikis

Jamie Brito as the Personal Representative of the
Estate of Victoria Alvarez-Brito, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Victoria
Alvarez-Brito

Raul Brito, individually, as surviving child of Victoria
Alvarez-Brito

Beverly Carlone as the Personal Representative of the
Estate of David Carlone, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of David Carlone

Shweta Khandelwal as the Personal Representative of
the Estate of Rajesh Khandelwal, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Rajesh
Khandelwal

Civil Docket Number:

1:22-cv-05193(GBD)(SN)

**IRAN SHORT FORM
COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

docs-100497912.1

Lorraine Nedell as the Personal Representative of the
Estate of Laurence Nedell, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Laurence Nedell

Shivam Khandelwal individually, as surviving child
of Rajesh Khandelwal

Laura Nedell, individually, as surviving child of
Laurence Nedell

Loubertha Williams as the Personal Representative of
the Estate of Jacqueline Young, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of Jacqueline
Young

Jennie Nedell, individually, as surviving child of
Laurence Nedell

Josephine Tabick, individually, as surviving sibling of
Debra DiMartino

Sol Newman, individually, as surviving sibling of
Debra DiMartino

Angelo Puma, individually, as surviving sibling of
Debra DiMartino

John McLoughlin, individually, as an injured person

Manu Dhingra, individually, as an injured person

William Jimeno, individually, as an injured person

Judith Knight, individually, as surviving sibling of
Frank Wisniewski

Judith Knight as Personal Representative of the Estate
of Mary Wisniewski deceased, the late parent of
Frank Wisniewski

Judith Knight as Personal Representative of the Estate
of Vincent Wisniewski deceased, the late parent of
Frank Wisniewski

2

Vincent Wisniewski, individually, as surviving sibling of Frank Wisniewski

Gail Ingersoll Sezna as the Personal Representative of the Estate of Davis Sezna, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Davis Grier Sezna, Jr.

Davis Grier Sezna individually, as surviving parent of Davis Grier Sezna, Jr.

Masia Shurla Riley as the Personal Representative of the Estate of Scott Powell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Powell

Sydney Ayesha Powell, individually, as surviving child of Scott Powell

Scott Watkins, individually, as surviving child of Scott Powell

Art Edward Powell, individually, as surviving sibling of Scott Powell

Amanda Ruddle, individually, as surviving child of David Ruddle

John Doe 116 being intended to designate the Personal Representative of the Estate of David Ruddle, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of David Ruddle

Angela Eacobacci, individually, as surviving parent of Joseph Eacobacci

John Doe 118 being intended to designate the Personal Representative of the Estate of Joseph Eacobacci, deceased, said name being fictitious,

3

her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph Eacobacci

Lidia P. Alverez as the Personal Representative of the Estate of Juan Pablo Alvarez Cisneros, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Juan Pablo Alvarez Cisneros

Gillian Gransaull-Joseph as the Personal Representative of the Estate of Stephen Joseph, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Joseph

Tristan Joseph, individually, as surviving child of Stephen Joseph

Danielle Fehling-Wasnieski as the Personal Representative of the Estate of Lee Fehling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lee Fehling Kaitlin Fehling individually, as surviving child of Lee Fehling

Megan Fehling, individually, as surviving child of Lee Fehling

Gayle Regan as the Personal Representative of the Estate of Thomas Regan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Regan

Allaistar Regan, individually, as surviving child of Thomas Regan

Connor Regan, individually, as surviving child of Thomas Regan

4

Page Dantzler Dickerson as the Personal Representative of the Estate of Jerry Dickerson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jerry Dickerson

Elizabeth Bailey Dickerson, individually, as surviving child of Jerry Dickerson

William Dickerson, individually, as surviving child of Jerry Dickerson

Lisa A. Schunk as the Co-Personal Representative of the Estate of Edward W. Schunk, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward W. Schunk

Ana Cisneros, individually, as surviving sibling of Juan Pablo Alvarez Cisneros

Anne Lynn Hayashi as the Personal Representative of the Estate of Stuart (Soo-Jin) Lee, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stuart (Soo-Jin) Lee

Joseph E. Jurgens, individually, as surviving parent of Thomas Edward Jurgens

Joseph B. Jurgens, individually, as surviving sibling of Thomas Edward Jurgens

Jessica Lynn Jurgens, individually, as surviving sibling of Thomas Edward Jurgens

Mitchell Eacobacci, individually, as surviving parent of Joseph Eacobacci

Lynda T. Scarcella as the Personal Representative of the Estate of Paul Fiori, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Fiori

Brittley Wise as the Personal Representative of the Estate of Richard Salinardi, Jr., deceased, and on

5

docs-100497912.1

behalf of all survivors and all legally entitled
beneficiaries and family members of Richard
Salinardi, Jr.

Edith Skrzypek as the Personal Representative of the
Estate of Paul Skrzypek, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Paul Skrzypek

Albert Skrzypek, individually, as surviving parent of
Paul Skrzypek

Edith Skrzypek, individually, as surviving parent of
Paul Skrzypek

Laura Kingsbury, individually, as surviving sibling of
Paul Skrzypek

Nicole Brathwaite-Dingle as the Personal
Representative of the Estate of Jeffrey Dingle,
deceased, and on behalf of all survivors and all legally
entitled beneficiaries and family members of Jeffrey
Dingle

Jassiem Dingle, individually, as surviving child of
Jeffrey Dingle

Nia Dingle, individually, as surviving child of Jeffrey
Dingle

John Doe 126 being intended to designate the
Personal Representative of the Estate of Thomas E.
Jurgens, deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Thomas Edward Jurgens

Cynthia Gomes as Personal Representative of the
Estate of Dennis J. Gomes, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Dennis James Gomes

6

John Doe 128 being intended to designate the
Personal Representative of the Estate of Michael S.
Lamana, deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Michael S. Lamana

John Doe 129 being intended to designate the
Personal Representative of the Estate of John G.
Scharf, deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
John G. Scharf

Ariel Martinez, individually, as surviving child of
Betsy Martinez

Carlos G. Albert, individually, as surviving sibling of
Ayleen J. Santiago

John Doe 130 being intended to designate the
Personal Representative of the Estate of Rosemarie
Carlson, deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Rosemarie Carlson

John Doe 131 being intended to designate the
Personal Representative of the Estate of Ayleen
Santiago, deceased, said name being fictitious, her/his

7

docs-100497912.1

true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Ayleen Santiago

Stefanie Ciccone as the Personal Representative of the Estate of Alex Ciccone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alex Ciccone

John G. Duffy as the Personal Representative of the Estate of Christopher Duffy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Duffy

Kathleen Langan, individually, as surviving parent of Christopher Duffy

Dennis Ketcham as the Personal Representative of the Estate of Douglas Ketcham, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Douglas Ketcham

Denyse D. Kruse, individually, as surviving sibling of Douglas Ketcham

Michael Kuo, individually, as surviving child of Frederick Kuo, Jr.

Dean Taylor, individually, as surviving sibling of Kip P. Taylor

John Luke Taylor, individually, as surviving child of Kip P. Taylor

Dean Ross Taylor, individually, as surviving child of Kip P. Taylor

Vera Schleeter as the Personal Representative of the Estate of Kip P. Taylor, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kip P. Taylor

8

Vera Schleeter as Personal Representative of the
Estate of Nancy Taylor, deceased, the late spouse of
Kip P. Taylor

John Doe 132 being intended to designate the
Personal Representative of the Estate of Myrna T.
Maldonado-Agosto, deceased, said name being
fictitious, her/his true name is not presently known,
confirmed, and/or has not been duly appointed by a
court of competent jurisdiction (or having been so
appointed, his or her appointment has expired, and/or
he or she has ceased to serve, and his or her successor
has not yet been appointed) and on behalf of all
survivors and all legally entitled beneficiaries and
family members of Myrna T. Maldonado-Agosto

John Doe 134 being intended to designate the
Personal Representative of the Estate of Frederick
Kuo, Jr., deceased, said name being fictitious, her/his
true name is not presently known, confirmed, and/or
has not been duly appointed by a court of competent
jurisdiction (or having been so appointed, his or her
appointment has expired, and/or he or she has ceased
to serve, and his or her successor has not yet been
appointed) and on behalf of all survivors and all
legally entitled beneficiaries and family members of
Frederick Kuo, Jr.

John Doe 135 being intended to designate the
Personal Representative of the Estate of William
Howard Pohlmann, deceased, said name being
fictitious, her/his true name is not presently known,
confirmed, and/or has not been duly appointed by a
court of competent jurisdiction (or having been so
appointed, his or her appointment has expired, and/or
he or she has ceased to serve, and his or her successor
has not yet been appointed) and on behalf of all
survivors and all legally entitled beneficiaries and
family members of William Howard Pohlmann

Valada Penny as the Personal Representative of the
Estate of Richard Penny, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Richard Penny

9

Richard Penny, individually, as surviving child of
Richard Penny

Eve Bucca as the Personal Representative of the
Estate of Ronald P. Bucca, deceased, and on behalf of
all survivors and all legally entitled beneficiaries and
family members of Ronald P. Bucca

Ronald Bucca, individually, as surviving child of
Ronald P. Bucca

Thomas Kelleher as the Personal Representative of
the Estate of Stephen Roach, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Stephen Roach

Angelina Jimenez as the Personal Representative of
the Estate of Elena Ledesma, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Elena Ledesma

Angelina Jimenez, individually, as surviving child of
Elena Ledesma

Shanhellen Jimenez, individually, as surviving child
of Elena Ledesma

Elizabeth Rick as the Personal Representative of the
Estate of Scott Bart, deceased, and on behalf of all
survivors and all legally entitled beneficiaries and
family members of Scott Bart

Jessica Bucca-Hughes, individually, as surviving
child of Ronald P. Bucca

Mackenzie Gomes, individually, as surviving child of
Dennis James Gomes

Mackenzie Roach, individually, as surviving child of
Stephen Roach

Eileen Roach, individually, as surviving child of
Stephen Roach

Stephen Roach, Jr., individually, as surviving child of
Stephen Roach

10

Amy Mulderry as the Personal Representative of the
Estate of Stephen Mulderry, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Stephen Mulderry

Jeannette Ramos as the Personal Representative of the
Estate of Anthony Alvarado, deceased, and on behalf
of all survivors and all legally entitled beneficiaries
and family members of Anthony Alvarado

June Pietruszkiewicz as the Personal Representative
of the Estate of James Suozzo, deceased, and on
behalf of all survivors and all legally entitled
beneficiaries and family members of James Suozzo

                                              Plaintiffs,

                     -against-

Islamic Republic of Iran,

                                              Defendant.

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form
Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September
11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by
the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference
the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs'
Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No.
3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903
(GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual
and jurisdictional allegations of the complaint that has been joined as specified below; all causes

docs-100497912.1

of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at <u>Havlish v. Bin Laden</u>, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.      Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

12

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD) (SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.    In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.      The following allegations and information are alleged on behalf of each individual

who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein

referred to as "Plaintiffs."

a.  The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

b.  Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

c.  As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d.  For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e.  For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.  The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

docs-100497912.1

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic
Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file
suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class
that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in
this Iran Short Form Complaint as appropriate.

Dated: June 21, 2022

Respectfully submitted,

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*Attorneys for Plaintiffs*

15

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1. | Susan M. King | NY | United States | Amy King | PR | United States | Solatium/ Wrongful Death |
| 2. | Barbara Chucknick | NJ | United States | Steven Chucknick | PR | United States | Solatium/ Wrongful Death |
| 3. | Steven Chucknick | NJ | United States | Steven Chucknick | Child | United States | Solatium |
| 4. | Kathleen Gelman | NY | United States | Thomas Kuveikis | Sibling | United States | Solatium |
| 5. | Jamie Brito | NY | United States | Victoria Alvarez-Brito | PR | United States | Solatium/ Wrongful Death |
| 6. | Raul Brito | NY | United States | Victoria Alvarez-Brito | Child | United States | Solatium |
| 7. | Beverly Carlone | NJ | United States | David Carlone | PR | United States | Solatium/ Wrongful Death |
| 8. | Shweta Khandelwal | NJ | India | Rajesh Khandelwal | PR | India | Solatium/ Wrongful Death |
| 9. | Lorraine Nedell | NY | United States | Laurence Nedell | PR | United States | Solatium/ Wrongful Death |
| 10. | Shivam Khandelwal | NJ | United States | Rajesh Khandelwal | Child | India | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

docs-100497912.1

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 11. | Laura Nedell | NY | United States | Laurence Nedell | Child | United States | Solatium |
| 12. | Loubertha Williams | NY | United States | Jacqueline Young | PR | United States | Solatium/ Wrongful Death |
| 13. | Jennie Nedell | NY | United States | Laurence Nedell | Child | United States | Solatium |
| 14. | Josephine Tabick | NJ | United States | Debra DiMartino | Sibling | United States | Solatium |
| 15. | Sol Newman | NY | United States | Debra DiMartino | Sibling | United States | Solatium |
| 16. | Angelo Puma | NY | United States | Debra DiMartino | Sibling | United States | Solatium |
| 17. | John McLoughlin | FL | United States | John McLoughlin | Self (Injury) | United States | Personal Injury |
| 18. | Manu Dhingra | NY | India | Manu Dhingra | Self (Injury) | India | Personal Injury |
| 19. | William Jimeno | NJ | United States | William Jimeno | Self (Injury) | United States | Personal Injury |
| 20. | Judith Knight | GA | United States | Frank Wisniewski | Sibling | United States | Solatium |
| 21. | Judith Knight as Personal Representative of the Estate of Mary Wisniewski | NJ | United States | Frank Wisniewski | Parent (Deceased) | United States | Solatium |
| 22. | Judith Knight as Personal Representative of the Estate of Vincent Wisniewski | NJ | United States | Frank Wisniewski | Parent (Deceased) | United States | Solatium |
| 23. | Vincent Wisniewski | NY | United States | Frank Wisniewski | Sibling | United States | Solatium |
| 24. | Gail Ingersoll Sezna | DE | United States | Davis Grier Sezna, Jr. | PR | United States | Solatium/ Wrongful Death |
| 25. | Davis Grier Sezna | DE | United States | Davis Grier Sezna, Jr. | Parent | United States | Solatium |
| 26. | Masia Shurla Riley | MD | United States | Scott Powell | PR | United States | Solatium/ Wrongful Death |
| 27. | Sydney Ayesha Powell | MD | United States | Scott Powell | Child | United States | Solatium |
| 28. | Scott Watkins | MD | United States | Scott Powell | Child | United States | Solatium |
| 29. | Art Edward Powell | MD | United States | Scott Powell | Sibling | United States | Solatium |

17

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury) [2] |
|---|---|---|---|---|---|---|---|
| 30. | Amanda Ruddle | NY | United States | David Ruddle | Child | United States | Solatium |
| 31. | John Doe 116 | NY | United States | David Ruddle | PR | United States | Solatium/ Wrongful Death |
| 32. | Angela Eacobacci | FL | United States | Joseph Eacobacci | Parent | United States | Solatium |
| 33. | John Doe 118 | NY | United States | Joseph Eacobacci | PR | United States | Solatium/ Wrongful Death |
| 34. | Lidia P. Alverez | NJ | United States | Juan Pablo Alvarez Cisneros | PR | United States | Solatium/ Wrongful Death |
| 35. | Gillian Gransaull-Joseph | NJ | Trinidad | Stephen Joseph | PR | Trinidad | Solatium/ Wrongful Death |
| 36. | Tristan Joseph | AZ | United States | Stephen Joseph | Child | Trinidad | Solatium |
| 37. | Danielle Fehling-Wasnieski | NY | United States | Lee Fehling | PR | United States | Solatium/ Wrongful Death |
| 38. | Kaitlin Fehling | NY | United States | Lee Fehling | Child | United States | Solatium |
| 39. | Megan Fehling | NY | United States | Lee Fehling | Child | United States | Solatium |
| 40. | Gayle Regan | NJ | United States | Thomas Regan | PR | United States | Solatium/ Wrongful Death |
| 41. | Allaistar Regan | NJ | United States | Thomas Regan | Child | United States | Solatium |
| 42. | Connor Regan | NJ | United States | Thomas Regan | Child | United States | Solatium |
| 43. | Page Dantzler Dickerson | VA | United States | Jerry Dickerson | PR | United States | Solatium/ Wrongful Death |
| 44. | Elizabeth Bailey Dickerson | AR | United States | Jerry Dickerson | Child | United States | Solatium |
| 45. | William Dickerson | NY | United States | Jerry Dickerson | Child | United States | Solatium |
| 46. | Lisa A. Schunk | NY | United States | Edward W. Schunk | Co-PR | United States | Solatium/ Wrongful Death |
| 47. | Ana Cisneros | CA | United States | Juan Pablo Alvarez Cisneros | Sibling | United States | Solatium |
| 48. | Anne Lynn Hayashi | NY | Canada | Stuart (Soo-Jin) Lee | PR | Canada | Solatium/ Wrongful Death |
| 49. | Joseph E. Jurgens | FL | United States | Thomas Edward Jurgens | Parent | United States | Solatium |

18

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 50. | Joseph B. Jurgens | NY | United States | Thomas Edward Jurgens | Sibling | United States | Solatium |
| 51. | Jessica Lynn Jurgens | NY | United States | Thomas Edward Jurgens | Sibling | United States | Solatium |
| 52. | Mitchell Eacobacci | FL | United States | Joseph Eacobacci | Parent | United States | Solatium |
| 53. | Lynda T. Scarcella | NY | United States | Paul Fiori | PR | United States | Solatium/ Wrongful Death |
| 54. | Brittley Wise | NJ | United States | Richard Salinardi, Jr. | PR | United States | Solatium/ Wrongful Death |
| 55. | Edith Skrzypek | NY | United States | Paul Skrzypek | PR | United States | Solatium/ Wrongful Death |
| 56. | Albert Skrzypek | NJ | United States | Paul Skrzypek | Parent | United States | Solatium |
| 57. | Edith Skrzypek | NJ | United States | Paul Skrzypek | Parent | United States | Solatium |
| 58. | Laura Kingsbury | NJ | United States | Paul Skrzypek | Sibling | United States | Solatium |
| 59. | Nicole Brathwaite-Dingle | NY | United States | Jeffrey Dingle | PR | United States | Solatium/ Wrongful Death |
| 60. | Jassiem Dingle | CA | United States | Jeffrey Dingle | Child | United States | Solatium |
| 61. | Nia Dingle | TX | United States | Jeffrey Dingle | Child | United States | Solatium |
| 62. | John Doe 126 | NY | United States | Thomas Edward Jurgens | PR | United States | Solatium/Wrongful Death |
| 63. | Cynthia Gomes | NY | United States | Dennis James Gomes | PR | United States | Solatium/ Wrongful Death |
| 64. | John Doe 128 | VA | United States | Michael S. Lamana | PR | United States | Solatium/ Wrongful Death |
| 65. | John Doe 129 | NY | United States | John G. Scharf | PR | United States | Solatium/ Wrongful Death |
| 66. | Ariel Martinez | FL | United States | Betsy Martinez | Child | United States | Solatium |
| 67. | Carlos G. Albert | NY | United States | Ayleen J. Santiago | Sibling | United States | Solatium |
| 68. | John Doe 130 | NY | United States | Rosemarie Carlson | PR | United States | Solatium/ Wrongful Death |
| 69. | John Doe 131 | NY | United States | Ayleen Santiago | PR | United States | Solatium/ Wrongful Death |

docs-100497912.1

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury) [2] |
|---|---|---|---|---|---|---|---|
| 70. | Stefanie Ciccone | NY | United States | Alex Ciccone | PR | United States | Solatium/ Wrongful Death |
| 71. | John G. Duffy | NY | United States | Christopher Duffy | PR | United States | Solatium/ Wrongful Death |
| 72. | Kathleen Langan | NY | United States | Christopher Duffy | Parent | United States | Solatium |
| 73. | Dennis Ketcham | NY | United States | Douglas Ketcham | PR | United States | Solatium/ Wrongful Death |
| 74. | Denyse D. Kruse | FL | United States | Douglas Ketcham | Sibling | United States | Solatium |
| 75. | Michael Kuo | NY | United States | Frederick Kuo, Jr. | Child | United States | Solatium |
| 76. | Dean Taylor | CO | United States | Kip P. Taylor | Sibling | United States | Solatium |
| 77. | John Luke Taylor | CO | United States | Kip P. Taylor | Child | United States | Solatium |
| 78. | Dean Ross Taylor | CO | United States | Kip P. Taylor | Child | United States | Solatium |
| 79. | Vera Schleeter | VA | United States | Kip P. Taylor | PR | United States | Solatium/ Wrongful Death |
| 80. | Vera Schleeter as Personal Representative of the Estate of Nancy Taylor | VA | United States | Kip P. Taylor | Spouse (Deceased) | United States | Solatium |
| 81. | John Doe 132 | NY | United States | Myrna T. Maldonado-Agosto | PR | United States | Solatium/ Wrongful Death |
| 82. | John Doe 134 | NY | United States | Frederick Kuo, Jr. | PR | United States | Solatium/ Wrongful Death |
| 83. | John Doe 135 | NY | United States | William Howard Pohlmann | PR | United States | Solatium/ Wrongful Death |
| 84. | Valada Penny | NY | United States | Richard Penny | PR | United States | Solatium/ Wrongful Death |
| 85. | Richard Penny | GA | United States | Richard Penny | Child | United States | Solatium |
| 86. | Eve Bucca | NY | United States | Ronald P. Bucca | PR | United States | Solatium/ Wrongful Death |
| 87. | Ronald Bucca | PA | United States | Ronald P. Bucca | Child | United States | Solatium |
| 88. | Thomas Kelleher | NJ | United States | Stephen Roach | PR | United States | Solatium/ Wrongful Death |

docs-100497912.1

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 89. | Angelina Jimenez | NY | United States | Elena Ledesma | PR | United States | Solatium/ Wrongful Death |
| 90. | Angelina Jimenez | RI | United States | Elena Ledesma | Child | United States | Solatium |
| 91. | Shanhellen Jimenez | NY | United States | Elena Ledesma | Child | United States | Solatium |
| 92. | Elizabeth Rick | NY | United States | Scott Bart | PR | United States | Solatium/ Wrongful Death |
| 93. | Jessica Bucca-Hughes | NY | United States | Ronald P. Bucca | Child | United States | Solatium |
| 94. | Mackenzie Gomes | NC | United States | Dennis James Gomes | Child | United States | Solatium |
| 95. | Mackenzie Roach | MA | United States | Stephen Roach | Child | United States | Solatium |
| 96. | Eileen Roach | NJ | United States | Stephen Roach | Child | United States | Solatium |
| 97. | Stephen Roach, Jr. | NY | United States | Stephen Roach | Child | United States | Solatium |
| 98. | Amy Mulderry | NY | United States | Stephen Mulderry | PR | United States | Solatium/ Wrongful Death |
| 99. | Jeannette Ramos | NY | United States | Anthony Alvarado | PR | United States | Solatium/ Wrongful Death |
| 100. | June Pietruszkiewicz | NY | United States | James Suozzo | PR | United States | Solatium/ Wrongful Death |

21

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به: | |
| حملات تروریستی 11 سپتامبر 2001 | 03-MDL-1570 (GBD)(SN) |
| سوزان ام. کینگ، به عنوان نماینده شخصی ماترک امی کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده امی کینگ | شماره پرونده مدنی: |
| | 1:22-cv-05193 |
| باربارا چاکنیک، به عنوان نماینده شخصی ماترک استیون چاکنیک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون چاکنیک | **فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه** |
| استیون چاکنیک، انفراداً، به عنوان فرزند بازمانده استیون چاکنیک | |
| کاتلین گلمن، انفراداً، به عنوان خواهر بازمانده توماس کوویکیس | |
| جیمی بریتو به عنوان نماینده شخصی ماترک ویکتوریا آلوارز-بریتو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویکتوریا آلوارز-بریتو | |
| رائول بریتو، انفراداً، به عنوان فرزند بازمانده ویکتوریا آلوارز-بریتو | |
| بورلی کارلونه، به عنوان نماینده شخصی ماترک دیوید کارلونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید کارلونه | |
| شوتا کهندلوال، به عنوان نماینده شخصی ماترک راجش کهندلوال، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده راجش کهندلوال | |

لورین ندل، به عنوان نماینده شخصی ماترک لارنس ندل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لارنس ندل

شیوام کهندلوال انفراداً، به عنوان فرزند بازمانده راجش کهندلوال

لورا ندل انفراداً، به عنوان فرزند بازمانده لارنس ندل

لوبرتا ویلیامز به عنوان نماینده شخصی ماترک ژاکلین یانگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ژاکلین یانگ

جنی ندل انفراداً، به عنوان فرزند بازمانده لارنس ندل

جوزفین تابیک، انفراداً، به عنوان خواهر بازمانده دبرا دیمارتینو

سول نیومن، انفراداً، به عنوان برادر/خواهر بازمانده دبرا دیمارتینو

آنجلو پوما، انفراداً، به عنوان برادر/خواهر بازمانده دبرا دیمارتینو

جان مک‌لافلین، انفراداً، به‌عنوان شخص آسیب دیده

مانو دینگرا، انفراداً، به‌عنوان شخص آسیب دیده

ویلیام جیمنو، انفراداً، به‌عنوان شخص آسیب دیده

جودیت نایت، انفراداً، به عنوان خواهر بازمانده فرانک ویسنیفسکی

جودیت نایت به عنوان نماینده شخصی ماترک مری ویسنیفسکی، متوفی، والد متوفای فرانک ویسنیفسکی

جودیت نایت به عنوان نماینده شخصی ماترک وینسنت ویسنیفسکی، متوفی، والد متوفای فرانک ویسنیفسکی

2

docs-100497912.1

وینسنت ویسنیفسکی، انفراداً، به عنوان برادر/خواهر بازمانده فرانک ویسنیفسکی

گیل اینگرسول سزنا به عنوان نماینده شخصی ماترک دیویس سزنا جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیویس گریر سزنا جونیور

دیویس گریر سزنا انفراداً، به عنوان والد بازمانده دیویس گریر سزنا جونیور

ماسیا شورلا رایلی به عنوان نماینده شخصی ماترک اسکات پاول، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسکات پاول

سیدنی آیشا پاول، انفراداً، به عنوان فرزند بازمانده اسکات پاول

اسکات واتکینز، انفراداً، به عنوان فرزند بازمانده اسکات پاول

آرت ادوارد پاول، انفراداً، به عنوان برادر/خواهر بازمانده اسکات پاول

آماندا رادل، انفراداً، به عنوان فرزند بازمانده دیوید رادل

جان دو ۱۱۶، که قصد دارد نماینده شخصی ماترک دیوید رادل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید رادل

آنجلا ایکوباکی، انفراداً، به عنوان والد بازمانده جوزف ایکوباکی

جان دو ۱۱۸، که قصد دارد نماینده شخصی ماترک جوزف ایکوباکی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف ایکوباکی

docs-100497912.1

لیدیا پی. آلورز به عنوان نماینده شخصی ماترک خوان پابلو آلوارز سیسنروس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوان پابلو آلوارز سیسنروس

گیلیان گرانسال- جوزف به عنوان نماینده شخصی ماترک استفن جوزف، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن جوزف

تریستان جوزف، انفراداً، به عنوان فرزند بازمانده استفن جوزف

دانیل فهلینگ- واسنیسکی به عنوان نماینده شخصی ماترک لی فهلینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لی فهلینگکاتلین فهلینگ انفراداً، به عنوان فرزند بازمانده لی فهلینگ

مگان فهلینگ، انفراداً، به عنوان فرزند بازمانده لی فهلینگ

گیل ریگان به عنوان نماینده شخصی ماترک توماس ریگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس ریگان

آلایستار ریگان، انفراداً، به عنوان فرزند بازمانده توماس ریگان

کانر ریگان، انفراداً، به عنوان فرزند بازمانده توماس ریگان

4

docs-100497912.1

پیج دانتزلر دیکرسون به عنوان نماینده شخصی ماترک جری دیکرسون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جری دیکرسون

الیزابت بیلی دیکرسون، انفراداً، به عنوان فرزند بازمانده جری دیکرسون

ویلیام دیکرسون، انفراداً، به عنوان فرزند بازمانده جری دیکرسون

لیزا ای. شونک به عنوان نماینده شخصی مشترک ماترک ادوارد دبلیو. شونک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوارد دبلیو. شونک

آنا سیسنروس، انفراداً، به عنوان خواهر بازمانده پابلو آلوارز سیسنروس

آن لین هایاشی به عنوان نماینده شخصی ماترک استوارت (سو-جین) لی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استوارت (سو-جین) لی

جوزف ای. یورگنس، انفراداً، به عنوان والد بازمانده توماس ادوارد یورگنس

جوزف بی. یورگنس، انفراداً، به عنوان برادر بازمانده توماس ادوارد یورگنس

جسیکا لین یورگنس، انفراداً، به عنوان خواهر بازمانده توماس ادوارد یورگنس

میچل ایکوباکی، انفراداً، به عنوان والد بازمانده جوزف ایکوباکی

لیندا تی. اسکارسلا به عنوان نماینده شخصی ماترک پل فیوری، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل فیوری

بریتنی وایز به عنوان نماینده شخصی ماترک ریچارد سالیناردی جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد سالیناردی جونیور

5

ادیت اسکرزیپک به عنوان نماینده شخصی ماترک پل اسکرزیپک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل اسکرزیپک

آلبرت اسکرزیپک، انفراداً، به عنوان والد بازمانده پل اسکرزیپک

ادیت اسکرزیپک، انفراداً، به عنوان والد بازمانده پل اسکرزیپک

لورا کینگزبری، انفراداً، به عنوان خواهر بازمانده پل اسکرزیپک

نیکول براتویت- دینگل به عنوان نماینده شخصی ماترک جفری دینگل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جفری دینگل

جاسیم دینگل، انفراداً، به عنوان فرزند بازمانده جفری دینگل

نیا دینگل، انفراداً، به عنوان فرزند بازمانده جفری دینگل

جان داو 126، که قصد دارد نماینده شخصی ماترک توماس ادوارد یورگنس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس ادوارد یورگنس

سینتیا گومز به عنوان نماینده شخصی ماترک دنیس جی. گومز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دنیس جیمز گومز

docs-100497912.1

جان داو 128، که قصد دارد نماینده شخصی ماترک مایکل اس. لامانا، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مایکل اس. لامانا

جان داو 129، که قصد دارد نماینده شخصی ماترک جان جی. شارف، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان جی. شارف

آریل مارتینز، انفراداً، به عنوان فرزند بازمانده بتسی مارتینز

کارلوس جی. آلبرت، انفراداً، به عنوان برادر بازمانده آیلین جی. سانتیاگو

جان داو 130، که قصد دارد نماینده شخصی ماترک رزماری کارلسون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رزماری کارلسون

جان داو 131، که قصد دارد نماینده شخصی ماترک آیلین سانتیاگو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آیلین سانتیاگو

docs-100497912.1

استفانی سیکونه به عنوان نماینده شخصی ماترک الکس سیکونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الکس سیکونه

جان جی. دافی به عنوان نماینده شخصی ماترک کریستوفر دافی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر دافی

کاتلین لانگان، انفراداً، به عنوان والد بازمانده کریستوفر دافی

دنیس کچام به عنوان نماینده شخصی ماترک داگلاس کچام، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده داگلاس کچام

دنیس دی. کروز، انفراداً، به عنوان برادر/خواهر بازمانده داگلاس کچام

مایکل کو، انفراداً، به عنوان فرزند بازمانده فردریک کو جونیور

دین تیلور، انفراداً، به عنوان برادر/خواهر بازمانده کیپ پی. تیلور

جان لوک تیلور، انفراداً، به عنوان فرزند بازمانده کیپ پی. تیلور

دین راس تیلور، انفراداً، به عنوان فرزند بازمانده کیپ پی. تیلور

ورا شلیتر به عنوان نماینده شخصی ماترک کیپ پی. تیلور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیپ پی. تیلور

8

ورا شلیتر به عنوان نماینده شخصی ماترک نانسی شلیتر، متوفی، همسر
متوفای کیپ پی. تیلور

جان داو 132، که قصد دارد نماینده شخصی ماترک میرنا تی. مالدونادو-
آگوستو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی
وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد
صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب
شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و
جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و
ذینفعان قانونی و اعضای خانواده میرنا تی. مالدونادو- آگوستو

جان داو 134، که قصد دارد نماینده شخصی ماترک فردریک کو
جونیور، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی
وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد
صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب
شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و
جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و
ذینفعان قانونی و اعضای خانواده فردریک کو جونیور

جان داو 135، که قصد دارد نماینده شخصی ماترک ویلیام هوارد پولمن،
متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال
حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت
قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده،
انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین
وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان
قانونی و اعضای خانواده ویلیام هوارد پولمن

والدا پنی به عنوان نماینده شخصی ماترک ریچارد پنی، متوفی، و از
طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد پنی

9

docs-100497912.1

ریچارد پنی، انفراداً، به عنوان فرزند بازمانده ریچارد پنی

ایو بوکا به عنوان نماینده شخصی ماترک رونالد پی. بوکا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رونالد پی. بوکا

رونالد بوکا، انفراداً، به عنوان فرزند بازمانده رونالد پی. بوکا

توماس کلهر به عنوان نماینده شخصی ماترک استفن روچ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن روچ

آنجلینا خیمنز به عنوان نماینده شخصی ماترک النا لدسما، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده النا لدسما

آنجلینا خیمنز، انفراداً، به عنوان فرزند بازمانده النا لدسما

شانهلن خیمنز، انفراداً، به عنوان فرزند بازمانده النا لدسما

الیزابت ریک به عنوان نماینده شخصی ماترک اسکات بارت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسکات بارت

جسیکا بوکا- هیوز، انفراداً، به عنوان فرزند بازمانده رونالد پی. بوکا

مکنزی گومز، انفراداً، به عنوان فرزند بازمانده دنیس جیمز گومز

مکنزی روچ، انفراداً، به عنوان فرزند بازمانده استفن روچ

ایلین روچ، انفراداً، به عنوان فرزند بازمانده استفن روچ

استفن روچ جونیور، انفراداً، به عنوان فرزند بازمانده استفن روچ

docs-100497912.1

امی مولدری به عنوان نماینده شخصی ماترک استفن مولدری، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن مولدری

جانت راموس به عنوان نماینده شخصی ماترک آنتونی آلوارادو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آنتونی آلوارادو

جون پیتروشکیویچ به عنوان نماینده شخصی ماترک جیمز سوزو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز سوزو

خواهان‌ها،

– علیه –

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هر یک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره -15 53. شماره ECF ،CV-9903 (GBD)(SN) (S.D.N.Y. ALT-26247M)

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

11

docs-100497912.1

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش</u> <u>علیه بن لادن</u>، به شماره ECF ,(.S.D.N.Y) (GBD)(SN) 1:03-CV-9848 شماره‌های 263، 294، 295؛ <u>عطف به حملات</u> <u>تروریستی 11 سپتامبر 2001</u>، پرونده ECF ,(.S.D.N.Y) (GBD)(SN) 03-MDL-1570 شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011  .No ECF) (2540 را گنجانده‌اند.

## مکان

1.    مکان این ناحیه بر اساس (2)(b)1391 §§ U.S.C. 28 و (1)(f)1391 مناسب است چرا که بخش قابل توجهی از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه براساس 18 (a)2334 § .U.S.C مناسب است.

## صلاحیت قضایی

2.    صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله اما نه محدود به (a)1605 § .U.S.C 28 (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، A1605 § .U.S.C 28 (استثنای تروریسم قانون مصونیت حاکمیت خارجی) و B1605 § .U.S.C 28 (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علل اقدام

3.    بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط یک شکایت** را **علامت بزنید:**]

☐    <u>شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون</u> علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، پرینت علیه جمهوری اسلامی ایران، شماره S.D.N.Y. (SN) (GBD) 15-CV-9903 (Feb. 8, 2016)، شماره ECF 53

4. بهعلاوه، هر یک از خواهانها بدینوسیله علل اقدام اضافی زیر را نیز مطرح میکنند:

☒ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس U.S.C. § 1605B 28 (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و et seq. 18 U.S.C. § 2333 (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) بهعنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح میسازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات مینماید که، همانطور که در اینجا نشان داده شده است، جراحاتی که متحمل شدهاند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 بهعنوان اقدامات تروریسم بینالمللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بینالمللی مرتکب شده، برنامهریزی شده یا مجاز دانسته شده توسط سازمانی است که بهعنوان سازمان تروریستی خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران و معاضدت پرداخته و/یا دیگران که مرتکب اقدامات تروریسم بینالمللی شدهاند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 et seq. بوده است.

☐ فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و et seq. 18 U.S.C. § 2333 (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) بهعنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح میسازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده هاولیش که در بالا ذکر شد اثبات مینماید که، همانطور که در اینجا نشان داده شده است، جراحاتی که متحمل شدهاند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 بهعنوان اقدامات تروریسم بینالمللی ناقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بینالمللی مرتکب شده، برنامهریزی شده یا مجاز دانسته شده توسط سازمانی است که بهعنوان سازمان تروریستی خارجی بر اساس 8 U.S.C. § 1189 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 18 U.S.C. § 2331 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا دیگران که مرتکب اقدامات تروریسم بینالمللی شدهاند توطئه کرده و این کار موجب نقض 18 U.S.C. § 2333 et seq. بوده است.

## شناسایی خواهان‌های جدید

۵. اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در ضمیمه ۱ این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a. شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه ۱ این فرم کوتاه شکایت از ایران ذکر شده است.

b. خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c. همانگونه که در ضمیمه ۱ آمده است، خواهان (۱) نماینده وارثان شخصی است که در نتیجه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ کشته شده است؛ (۲) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ کشته شده است؛ و/یا (۳) در نتیجه حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ دچار صدمات جسمی شده است.

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه ۱ آمده در ۱۱ سپتامبر ۲۰۰۱ یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر به‌طور مشخص در ضمیمه ۱ ذکر گردیده است.

e. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه ۱، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کردهاند، خوانده و/یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه ۱ مطرح گردیده است.

f. نام، نسبت به فرد مجروح و/یا متوفی قربانی ۱۱ سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندهها در خصوص قتل غیرعمد و/یا دعاوی ترضیه خاطر در ضمیمه ۱ ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

**هویت خوانده**

6.   تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

**چشم‌پوشی نکردن از ادعاهای دیگر**

7.   خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی علیه هر یک از خوانده‌ها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8.   خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه**

9.   بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند.

بدینوسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را به صورت مقتضی دارند.

تاریخ: 21 ژوئن 2022

تقدیم با احترام،

/امضا/ جری اس. گلدمن
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
وکیل دعاوی جری اس. گلدمن
بروس استرانگ، وکیل دعاوی
وکیل دعاوی الکساندر گرین
شرکت آندرسون کیل
1251 Avenue of the Americas
New York, NY 10020
تلفن: 1000-278 (212)
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
وکلای خواهان‌ها

15

**پیوست 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که این ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 فرم کوتاه شکایت از ایران، ضمیمه 1 اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی 9/11[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 1. | سوزان ام. کینگ | نیویورک | ایالات متحده | امی کینگ | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 2. | باربارا چاکنیک | نیوجرسی | ایالات متحده | استیون چاکنیک | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 3. | استیون چاکنیک | نیوجرسی | ایالات متحده | استیون چاکنیک | فرزند | ایالات متحده | ترضیه خاطر |
| 4. | کاتلین گلمن | نیویورک | ایالات متحده | توماس کوویکیس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 5. | جیمی بریتو | نیویورک | ایالات متحده | ویکتوریا آلوارز- بریتو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 6. | رائول بریتو | نیویورک | ایالات متحده | ویکتوریا آلوارز- بریتو | فرزند | ایالات متحده | ترضیه خاطر |
| 7. | بورلی کارلونه | نیوجرسی | ایالات متحده | دیوید کارلونه | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 8. | شوتا کهندلوال | نیوجرسی | هندوستان | راجش کهندلوال | پورتو ریکو | هندوستان | ترضیه خاطر/قتل غیر عمد |
| 9. | لورین ندل | نیویورک | ایالات متحده | لارنس ندل | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 10. | شیوام کهندلوال | نیوجرسی | ایالات متحده | راجش کهندلوال | فرزند | هندوستان | ترضیه خاطر |

---

[1] در خصوص مواردی که مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک قربانی 9/11 و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

docs-100497912.1

| نام خواهان | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی 9/11، در تاریخ 9/11/01 | شهروندی/ تابعیت قربانی 9/11[1] | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 11. | لورا ندل | نیویورک | ایالات متحده | لارنس ندل | فرزند | ایالات متحده | ترضیه خاطر |
| 12. | روبرتا ویلیامز | نیویورک | ایالات متحده | ژاکلین یانگ | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد |
| 13. | جنی ندل | نیویورک | ایالات متحده | لارنس ندل | فرزند | ایالات متحده | ترضیه خاطر |
| 14. | جوزفین نابیک | نیوجرسی | ایالات متحده | دبرا دیمارتینو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15. | سول نیومن | نیویورک | ایالات متحده | دبرا دیمارتینو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16. | آنجلو پوما | نیویورک | ایالات متحده | دبرا دیمارتینو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 17. | جان مک‌لافلین | فلوریدا | ایالات متحده | جان مک‌لافلین | خود شخص (صدمه) | ایالات متحده | صدمه شخصی |
| 18. | مانو دینگرا | نیویورک | هندوستان | مانو دینگرا | خود شخص (صدمه) | هندوستان | صدمه شخصی |
| 19. | ویلیام جیمنو | نیوجرسی | ایالات متحده | ویلیام جیمنو | خود شخص (صدمه) | ایالات متحده | صدمه شخصی |
| 20. | جودیت نایت | جورجیا | ایالات متحده | فرانک ویسنیفسکی | والد/خواهر | ایالات متحده | ترضیه خاطر |
| 21. | جودیت نایت به عنوان نماینده شخصی ماترک مری ویسنیفسکی | نیوجرسی | ایالات متحده | فرانک ویسنیفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 22. | جودیت نایت به عنوان نماینده شخصی ماترک وینسنت ویسنیفسکی | نیوجرسی | ایالات متحده | فرانک ویسنیفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 23. | وینسنت ویسنیفسکی | نیویورک | ایالات متحده | فرانک ویسنیفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24. | گیل اینگرسول سزنا | دلاور | ایالات متحده | دیویس گریر سزنا جونیور | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد |
| 25. | دیویس گریر سزنا | دلاور | ایالات متحده | دیویس گریر سزنا جونیور | والد | ایالات متحده | ترضیه خاطر |
| 26. | ماسیا شورلا رایلی | مریلند | ایالات متحده | اسکات پاول | پورتو ریکو | ایالات متحده | ترضیه خاطر/ قتل غیرعمد |
| 27. | سیدنی آیشا پاول | مریلند | ایالات متحده | اسکات پاول | فرزند | ایالات متحده | ترضیه خاطر |
| 28. | اسکات واتکینز | مریلند | ایالات متحده | اسکات پاول | فرزند | ایالات متحده | ترضیه خاطر |
| 29. | آرت ادوارد پاول | مریلند | ایالات متحده | اسکات پاول | برادر/خواهر | ایالات متحده | ترضیه خاطر |

17

| نام خواهان | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی 9/11 [1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|---|
| 30. | آماندا رادل | نیویورک | ایالات متحده | دیوید رادل | فرزند | ایالات متحده | ترضیه خاطر |
| 31. | جان داو 116 | نیویورک | ایالات متحده | دیوید رادل | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 32. | انجلا ایکوباکی | فلوریدا | ایالات متحده | جوزف ایکوباکی | والد | ایالات متحده | ترضیه خاطر |
| 33. | جان داو 118 | نیویورک | ایالات متحده | جوزف ایکوباکی | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 34. | لیدیا پی. آلورز | نیوجرسی | ایالات متحده | خوان پابلو آلوارز سیسنروس | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 35. | گیلیان گرانسال- جوزف | نیوجرسی | ترینیداد | استفن جوزف | پورتو ریکو | ترینیداد | ترضیه خاطر/قتل غیر عمد |
| 36. | تریستان جوزف | آریزونا | ایالات متحده | استفن جوزف | فرزند | ترینیداد | ترضیه خاطر |
| 37. | دانیل فهلینگ- واسنیسکی | نیویورک | ایالات متحده | ای فهلینگ | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 38. | کاتلین فهلینگ | نیویورک | ایالات متحده | ای فهلینگ | فرزند | ایالات متحده | ترضیه خاطر |
| 39. | مگان فهلینگ | نیویورک | ایالات متحده | ای فهلینگ | فرزند | ایالات متحده | ترضیه خاطر |
| 40. | گیل ریگان | نیوجرسی | ایالات متحده | توماس ریگان | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 41. | آلیستار ریگان | نیوجرسی | ایالات متحده | توماس ریگان | فرزند | ایالات متحده | ترضیه خاطر |
| 42. | کاتر ریگان | نیوجرسی | ایالات متحده | توماس ریگان | فرزند | ایالات متحده | ترضیه خاطر |
| 43. | پیچ دانترلز دیکرسون | ویرجینیا | ایالات متحده | جری دیکرسون | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 44. | الیزابت بیلی دیکرسون | آرکانزاس | ایالات متحده | جری دیکرسون | فرزند | ایالات متحده | ترضیه خاطر |
| 45. | ویلیام دیکرسون | نیویورک | ایالات متحده | جری دیکرسون | فرزند | ایالات متحده | ترضیه خاطر |
| 46. | لیزا ای. شونک | نیویورک | ایالات متحده | ادوارد دبلیو. شونک | نماینده شخصی مشترک | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 47. | آنا سیسنروس | کالیفرنیا | ایالات متحده | خوان پابلو آلوارز سیسنروس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 48. | ان لین هایاشی | نیویورک | کانادا | استوارت (سو- جین) لی | پورتو ریکو | کانادا | ترضیه خاطر/قتل غیر عمد |
| 49. | جوزف ای. یورگنس | فلوریدا | ایالات متحده | توماس ادوارد یورگنس | والد | ایالات متحده | ترضیه خاطر |

| نام خواهان | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی/ قربانی 9/11[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 50. | جوزف بی. پورگنس | نیویورک | ایالات متحده | توماس ادوارد پورگنس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51. | جسیکا لین پورگنس | نیویورک | ایالات متحده | توماس ادوارد پورگنس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 52. | میچل ایکوباکی | فلوریدا | ایالات متحده | جوزف ایکوباکی | والد | ایالات متحده | ترضیه خاطر |
| 53. | لیندا تی. اسکارسلا | نیویورک | ایالات متحده | بل فیوری | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 54. | بریتنی وایز | نیوجرسی | ایالات متحده | ریچارد سالیناردی جونیور | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 55. | ادیت اسکرزیپک | نیویورک | ایالات متحده | بل اسکرزیپک | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 56. | آلبرت اسکرزیپک | نیوجرسی | ایالات متحده | بل اسکرزیپک | والد | ایالات متحده | ترضیه خاطر |
| 57. | ادیت اسکرزیپک | نیوجرسی | ایالات متحده | بل اسکرزیپک | والد | ایالات متحده | ترضیه خاطر |
| 58. | لورا کینگزبری | نیوجرسی | ایالات متحده | بل اسکرزیپک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 59. | نیکول براتویت- دینگل | نیویورک | ایالات متحده | جفری دینگل | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 60. | جاسیم دینگل | کالیفرنیا | ایالات متحده | جفری دینگل | فرزند | ایالات متحده | ترضیه خاطر |
| 61. | تیا دینگل | تگزاس | ایالات متحده | جفری دینگل | فرزند | ایالات متحده | ترضیه خاطر |
| 62. | جان دو 126 | نیویورک | ایالات متحده | توماس ادوارد پورگنس | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 63. | سینتیا گومز | نیویورک | ایالات متحده | دنیس جیمز گومز | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 64. | جان دو 128 | ویرجینیا | ایالات متحده | مایکل اس. لامانا | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 65. | جان دو 129 | نیویورک | ایالات متحده | جان جی. شارف | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 66. | اریل مارتینز | فلوریدا | ایالات متحده | بتسی مارتینز | فرزند | ایالات متحده | ترضیه خاطر |
| 67. | کارلوس جی. آلبرت | نیویورک | ایالات متحده | آیلین جی. سانتیاگو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 68. | جان دو 130 | نیویورک | ایالات متحده | رزماری کارلسون | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 69. | جان دو 131 | نیویورک | ایالات متحده | آیلین سانتیاگو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

19

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | نسبت خواهان با شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | تابعیت قربانی 9/11[1] | نام کامل قربانی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | الکس سیکونه | ایالات متحده | نیویورک | استفانی سیکونه | 70. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | کریستوفر دافی | ایالات متحده | نیویورک | جان جی. دافی | 71. |
| ترضیه خاطر | والد | ایالات متحده | کریستوفر دافی | ایالات متحده | نیویورک | کاتلین لانگان | 72. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | داگلاس کچام | ایالات متحده | نیویورک | دنیس کچام | 73. |
| ترضیه خاطر | برادر/خواهر | ایالات متحده | داگلاس کچام | ایالات متحده | فلوریدا | دنیس دی. کروز | 74. |
| ترضیه خاطر | فرزند | ایالات متحده | فردریک کو جونیور | ایالات متحده | نیویورک | مایکل کو | 75. |
| ترضیه خاطر | برادر/خواهر | ایالات متحده | کیپ پی. تیلور | ایالات متحده | کلرادو | دین تیلور | 76. |
| ترضیه خاطر | فرزند | ایالات متحده | کیپ پی. تیلور | ایالات متحده | کلرادو | جان لوک تیلور | 77. |
| ترضیه خاطر | فرزند | ایالات متحده | کیپ پی. تیلور | ایالات متحده | کلرادو | دین راس تیلور | 78. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | کیپ پی. تیلور | ایالات متحده | ویرجینیا | ورا شلیتر | 79. |
| ترضیه خاطر | همسر (متوفی) | ایالات متحده | کیپ پی. تیلور | ایالات متحده | ویرجینیا | ورا شلیتر به عنوان نماینده شخصی ماترک نانسی شلیتر | 80. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | میرنا تی. مالدونادو- آگوستو | ایالات متحده | نیویورک | جان داو 132 | 81. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | فردریک کو جونیور | ایالات متحده | نیویورک | جان داو 134 | 82. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | ویلیام هوارد پولمن | ایالات متحده | نیویورک | جان داو 135 | 83. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | ریچارد پنی | ایالات متحده | نیویورک | والدا پنی | 84. |
| ترضیه خاطر | فرزند | ایالات متحده | ریچارد پنی | ایالات متحده | جورجیا | ریچارد پنی | 85. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | روناد پی. بوکا | ایالات متحده | نیویورک | ایو بوکا | 86. |
| ترضیه خاطر | فرزند | ایالات متحده | روناد پی. بوکا | ایالات متحده | پنسیلوانیا | روناد بوکا | 87. |
| ترضیه خاطر/قتل غیرعمد | پورتو ریکو | ایالات متحده | استفن روچ | ایالات متحده | نیوجرسی | توماس کلهر | 88. |

docs-100497912.1

| نام خواهان | | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی 9/11[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| .89 | انجلینا خیمنز | نیویورک | ایالات متحده | النا لدسما | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| .90 | انجلینا خیمنز | رود آیلند | ایالات متحده | النا لدسما | فرزند | ایالات متحده | ترضیه خاطر |
| .91 | شاهان خیمنز | نیویورک | ایالات متحده | النا لدسما | فرزند | ایالات متحده | ترضیه خاطر |
| .92 | الیزابت ریک | نیویورک | ایالات متحده | اسکات بارت | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| .93 | جسیکا بوکا- هیوز | نیویورک | ایالات متحده | رونالد پی. بوکا | فرزند | ایالات متحده | ترضیه خاطر |
| .94 | مگنزی گومز | کارولینای شمالی | ایالات متحده | دنیس جیمز گومز | فرزند | ایالات متحده | ترضیه خاطر |
| .95 | مگنزی روچ | ماساچوست | ایالات متحده | استفن روچ | فرزند | ایالات متحده | ترضیه خاطر |
| .96 | ایلین روچ | نیوجرسی | ایالات متحده | استفن روچ | فرزند | ایالات متحده | ترضیه خاطر |
| .97 | استفن روچ جونیور | نیویورک | ایالات متحده | استفن روچ | فرزند | ایالات متحده | ترضیه خاطر |
| .98 | امی مولدری | نیویورک | ایالات متحده | استفن مولدری | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| .99 | جانت راموس | نیویورک | ایالات متحده | آنتونی آلوارادو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| .100 | جون پیتروشکیویچ | نیویورک | ایالات متحده | جیمز سوزو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

21

JS 44C/SDNY
REV.
10/01/2020

Case 1:22-cv-05193-UA   Document 2   Filed 06/22/22   Page 1 of 8

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Susan King, et al. (see appendix) | Islamic Republic of Iran |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., ANDERSON KILL P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000 / jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 18 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑

Judge Previously Assigned
George B. Daniels

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed.  No ☒  Yes ☐   If yes, give date _____ & Case No. 1:03-md-1570

Is THIS AN INTERNATIONAL ARBITRATION CASE?      No ☒      Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*      NATURE OF SUIT

### TORTS

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | **PROPERTY RIGHTS** | | [ ] 430 BANKS & BANKING |
| | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 450 COMMERCE |
| [ ] 151 MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 830 PATENT | | [ ] 460 DEPORTATION |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | **LABOR** | **SOCIAL SECURITY** | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) | |
| [ ] 160 STOCKHOLDERS SUITS | | **PRISONER PETITIONS** | [ ] 720 LABOR/MGMT RELATIONS | [ ] 862 BLACK LUNG (923) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 190 OTHER CONTRACT | | [ ] 463 ALIEN DETAINEE | [ ] 740 RAILWAY LABOR ACT | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 195 CONTRACT PRODUCT LIABILITY | **ACTIONS UNDER STATUTES** | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 864 SSID TITLE XVI | |
| | | | | [ ] 865 RSI (405(g)) | [x] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | | [ ] 891 AGRICULTURAL ACTS |
| | | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL MATTERS |
| | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 895 FREEDOM OF INFORMATION ACT |
| **REAL PROPERTY** | [ ] 441 VOTING | | **IMMIGRATION** | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 896 ARBITRATION |
| [ ] 210 LAND CONDEMNATION | [ ] 442 EMPLOYMENT | **PRISONER CIVIL RIGHTS** | [ ] 462 NATURALIZATION APPLICATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | | | |
| [ ] 240 TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 448 EDUCATION | | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | | | | | |

### ACTIONS UNDER STATUTES

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150 billion   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels   DOCKET NUMBER 1:03-md-1570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN  x  IN ONE BOX ONLY)* | **ORIGIN**

[x] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation (Transferred)  [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)* | **BASIS OF JURISDICTION** | *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
See attached appendix.

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 06/21/2022   /s/ Jerry Goldman
SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED  Mo. May____  Yr. 1980___ )
Attorney Bar Code # 1302454

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**APPENDIX 1**

Each line below is deemed an allegation, incorporating the allegations, language, and

references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall

be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of

Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury) [2] |
|---|---|---|---|---|---|---|---|
| 1. | Susan M. King | NY | United States | Amy King | PR | United States | Solatium/ Wrongful Death |
| 2. | Barbara Chucknick | NJ | United States | Steven Chucknick | PR | United States | Solatium/ Wrongful Death |
| 3. | Steven Chucknick | NJ | United States | Steven Chucknick | Child | United States | Solatium |
| 4. | Kathleen Gelman | NY | United States | Thomas Kuveikis | Sibling | United States | Solatium |
| 5. | Jamie Brito | NY | United States | Victoria Alvarez-Brito | PR | United States | Solatium/ Wrongful Death |
| 6. | Raul Brito | NY | United States | Victoria Alvarez-Brito | Child | United States | Solatium |
| 7. | Beverly Carlone | NJ | United States | David Carlone | PR | United States | Solatium/ Wrongful Death |
| 8. | Shweta Khandelwal | NJ | India | Rajesh Khandelwal | PR | India | Solatium/ Wrongful Death |
| 9. | Lorraine Nedell | NY | United States | Laurence Nedell | PR | United States | Solatium/ Wrongful Death |
| 10. | Shivam Khandelwal | NJ | United States | Rajesh Khandelwal | Child | India | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

16

docs-100497912.1

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 11. | Laura Nedell | NY | United States | Laurence Nedell | Child | United States | Solatium |
| 12. | Loubertha Williams | NY | United States | Jacqueline Young | PR | United States | Solatium/ Wrongful Death |
| 13. | Jennie Nedell | NY | United States | Laurence Nedell | Child | United States | Solatium |
| 14. | Josephine Tabick | NJ | United States | Debra DiMartino | Sibling | United States | Solatium |
| 15. | Sol Newman | NY | United States | Debra DiMartino | Sibling | United States | Solatium |
| 16. | Angelo Puma | NY | United States | Debra DiMartino | Sibling | United States | Solatium |
| 17. | John McLoughlin | FL | United States | John McLoughlin | Self (Injury) | United States | Personal Injury |
| 18. | Manu Dhingra | NY | India | Manu Dhingra | Self (Injury) | India | Personal Injury |
| 19. | William Jimeno | NJ | United States | William Jimeno | Self (Injury) | United States | Personal Injury |
| 20. | Judith Knight | GA | United States | Frank Wisniewski | Sibling | United States | Solatium |
| 21. | Judith Knight as Personal Representative of the Estate of Mary Wisniewski | NJ | United States | Frank Wisniewski | Parent (Deceased) | United States | Solatium |
| 22. | Judith Knight as Personal Representative of the Estate of Vincent Wisniewski | NJ | United States | Frank Wisniewski | Parent (Deceased) | United States | Solatium |
| 23. | Vincent Wisniewski | NY | United States | Frank Wisniewski | Sibling | United States | Solatium |
| 24. | Gail Ingersoll Sezna | DE | United States | Davis Grier Sezna, Jr. | PR | United States | Solatium/ Wrongful Death |
| 25. | Davis Grier Sezna | DE | United States | Davis Grier Sezna, Jr. | Parent | United States | Solatium |
| 26. | Masia Shurla Riley | MD | United States | Scott Powell | PR | United States | Solatium/ Wrongful Death |
| 27. | Sydney Ayesha Powell | MD | United States | Scott Powell | Child | United States | Solatium |
| 28. | Scott Watkins | MD | United States | Scott Powell | Child | United States | Solatium |
| 29. | Art Edward Powell | MD | United States | Scott Powell | Sibling | United States | Solatium |

17

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 30. | Amanda Ruddle | NY | United States | David Ruddle | Child | United States | Solatium |
| 31. | John Doe 116 | NY | United States | David Ruddle | PR | United States | Solatium/ Wrongful Death |
| 32. | Angela Eacobacci | FL | United States | Joseph Eacobacci | Parent | United States | Solatium |
| 33. | John Doe 118 | NY | United States | Joseph Eacobacci | PR | United States | Solatium/ Wrongful Death |
| 34. | Lidia P. Alverez | NJ | United States | Juan Pablo Alvarez Cisneros | PR | United States | Solatium/ Wrongful Death |
| 35. | Gillian Gransaull-Joseph | NJ | Trinidad | Stephen Joseph | PR | Trinidad | Solatium/ Wrongful Death |
| 36. | Tristan Joseph | AZ | United States | Stephen Joseph | Child | Trinidad | Solatium |
| 37. | Danielle Fehling-Wasnieski | NY | United States | Lee Fehling | PR | United States | Solatium/ Wrongful Death |
| 38. | Kaitlin Fehling | NY | United States | Lee Fehling | Child | United States | Solatium |
| 39. | Megan Fehling | NY | United States | Lee Fehling | Child | United States | Solatium |
| 40. | Gayle Regan | NJ | United States | Thomas Regan | PR | United States | Solatium/ Wrongful Death |
| 41. | Allaistar Regan | NJ | United States | Thomas Regan | Child | United States | Solatium |
| 42. | Connor Regan | NJ | United States | Thomas Regan | Child | United States | Solatium |
| 43. | Page Dantzler Dickerson | VA | United States | Jerry Dickerson | PR | United States | Solatium/ Wrongful Death |
| 44. | Elizabeth Bailey Dickerson | AR | United States | Jerry Dickerson | Child | United States | Solatium |
| 45. | William Dickerson | NY | United States | Jerry Dickerson | Child | United States | Solatium |
| 46. | Lisa A. Schunk | NY | United States | Edward W. Schunk | Co-PR | United States | Solatium/ Wrongful Death |
| 47. | Ana Cisneros | CA | United States | Juan Pablo Alvarez Cisneros | Sibling | United States | Solatium |
| 48. | Anne Lynn Hayashi | NY | Canada | Stuart (Soo-Jin) Lee | PR | Canada | Solatium/ Wrongful Death |
| 49. | Joseph E. Jurgens | FL | United States | Thomas Edward Jurgens | Parent | United States | Solatium |

18

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury) [2] |
|---|---|---|---|---|---|---|---|
| 50. | Joseph B. Jurgens | NY | United States | Thomas Edward Jurgens | Sibling | United States | Solatium |
| 51. | Jessica Lynn Jurgens | NY | United States | Thomas Edward Jurgens | Sibling | United States | Solatium |
| 52. | Mitchell Eacobacci | FL | United States | Joseph Eacobacci | Parent | United States | Solatium |
| 53. | Lynda T. Scarcella | NY | United States | Paul Fiori | PR | United States | Solatium/ Wrongful Death |
| 54. | Brittley Wise | NJ | United States | Richard Salinardi, Jr. | PR | United States | Solatium/ Wrongful Death |
| 55. | Edith Skrzypek | NY | United States | Paul Skrzypek | PR | United States | Solatium/ Wrongful Death |
| 56. | Albert Skrzypek | NJ | United States | Paul Skrzypek | Parent | United States | Solatium |
| 57. | Edith Skrzypek | NJ | United States | Paul Skrzypek | Parent | United States | Solatium |
| 58. | Laura Kingsbury | NJ | United States | Paul Skrzypek | Sibling | United States | Solatium |
| 59. | Nicole Brathwaite-Dingle | NY | United States | Jeffrey Dingle | PR | United States | Solatium/ Wrongful Death |
| 60. | Jassiem Dingle | CA | United States | Jeffrey Dingle | Child | United States | Solatium |
| 61. | Nia Dingle | TX | United States | Jeffrey Dingle | Child | United States | Solatium |
| 62. | John Doe 126 | NY | United States | Thomas Edward Jurgens | PR | United States | Solatium/Wrongful Death |
| 63. | Cynthia Gomes | NY | United States | Dennis James Gomes | PR | United States | Solatium/ Wrongful Death |
| 64. | John Doe 128 | VA | United States | Michael S. Lamana | PR | United States | Solatium/ Wrongful Death |
| 65. | John Doe 129 | NY | United States | John G. Scharf | PR | United States | Solatium/ Wrongful Death |
| 66. | Ariel Martinez | FL | United States | Betsy Martinez | Child | United States | Solatium |
| 67. | Carlos G. Albert | NY | United States | Ayleen J. Santiago | Sibling | United States | Solatium |
| 68. | John Doe 130 | NY | United States | Rosemarie Carlson | PR | United States | Solatium/ Wrongful Death |
| 69. | John Doe 131 | NY | United States | Ayleen Santiago | PR | United States | Solatium/ Wrongful Death |

19

docs-100497912.1

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury) [2] |
|---|---|---|---|---|---|---|---|
| 70. | Stefanie Ciccone | NY | United States | Alex Ciccone | PR | United States | Solatium/ Wrongful Death |
| 71. | John G. Duffy | NY | United States | Christopher Duffy | PR | United States | Solatium/ Wrongful Death |
| 72. | Kathleen Langan | NY | United States | Christopher Duffy | Parent | United States | Solatium |
| 73. | Dennis Ketcham | NY | United States | Douglas Ketcham | PR | United States | Solatium/ Wrongful Death |
| 74. | Denyse D. Kruse | FL | United States | Douglas Ketcham | Sibling | United States | Solatium |
| 75. | Michael Kuo | NY | United States | Frederick Kuo, Jr. | Child | United States | Solatium |
| 76. | Dean Taylor | CO | United States | Kip P. Taylor | Sibling | United States | Solatium |
| 77. | John Luke Taylor | CO | United States | Kip P. Taylor | Child | United States | Solatium |
| 78. | Dean Ross Taylor | CO | United States | Kip P. Taylor | Child | United States | Solatium |
| 79. | Vera Schleeter | VA | United States | Kip P. Taylor | PR | United States | Solatium/ Wrongful Death |
| 80. | Vera Schleeter as Personal Representative of the Estate of Nancy Taylor | VA | United States | Kip P. Taylor | Spouse (Deceased) | United States | Solatium |
| 81. | John Doe 132 | NY | United States | Myrna T. Maldonado-Agosto | PR | United States | Solatium/ Wrongful Death |
| 82. | John Doe 134 | NY | United States | Frederick Kuo, Jr. | PR | United States | Solatium/ Wrongful Death |
| 83. | John Doe 135 | NY | United States | William Howard Pohlmann | PR | United States | Solatium/ Wrongful Death |
| 84. | Valada Penny | NY | United States | Richard Penny | PR | United States | Solatium/ Wrongful Death |
| 85. | Richard Penny | GA | United States | Richard Penny | Child | United States | Solatium |
| 86. | Eve Bucca | NY | United States | Ronald P. Bucca | PR | United States | Solatium/ Wrongful Death |
| 87. | Ronald Bucca | PA | United States | Ronald P. Bucca | Child | United States | Solatium |
| 88. | Thomas Kelleher | NJ | United States | Stephen Roach | PR | United States | Solatium/ Wrongful Death |

20

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim [1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury) [2] |
|---|---|---|---|---|---|---|---|
| 89. | Angelina Jimenez | NY | United States | Elena Ledesma | PR | United States | Solatium/ Wrongful Death |
| 90. | Angelina Jimenez | RI | United States | Elena Ledesma | Child | United States | Solatium |
| 91. | Shanhellen Jimenez | NY | United States | Elena Ledesma | Child | United States | Solatium |
| 92. | Elizabeth Rick | NY | United States | Scott Bart | PR | United States | Solatium/ Wrongful Death |
| 93. | Jessica Bucca-Hughes | NY | United States | Ronald P. Bucca | Child | United States | Solatium |
| 94. | Mackenzie Gomes | NC | United States | Dennis James Gomes | Child | United States | Solatium |
| 95. | Mackenzie Roach | MA | United States | Stephen Roach | Child | United States | Solatium |
| 96. | Eileen Roach | NJ | United States | Stephen Roach | Child | United States | Solatium |
| 97. | Stephen Roach, Jr. | NY | United States | Stephen Roach | Child | United States | Solatium |
| 98. | Amy Mulderry | NY | United States | Stephen Mulderry | PR | United States | Solatium/ Wrongful Death |
| 99. | Jeannette Ramos | NY | United States | Anthony Alvarado | PR | United States | Solatium/ Wrongful Death |
| 100. | June Pietruszkiewicz | NY | United States | James Suozzo | PR | United States | Solatium/ Wrongful Death |

21

پرونده 1:22-cv-05193-UA   ارائه شده در تاریخ 06/22/22   سند 8   صفحه 1 از 8

JS 44C/SDNY
بازنگری
10/01/2020

## برگه جلد دادخواست مدنی

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنهاست، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است

| خواهان‌ها | خواندگان |
|---|---|
| سوزان کینگ و دیگران (به پیوست مراجعه کنید) | جمهوری اسلامی ایران |

| وکلا (نام شرکت، آدرس و شماره تلفن) | وکلا (در صورت اطلاع) |
|---|---|
| وکیل دعاوی جری ان. گلمن، شرکت اندرسون کیل<br>1251 Avenue of the Americas, New York, NY 10020<br>(212) 278-1000 / jgoldman@andersonkill.com | |

علت اقدام (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید)
(به قوانین مصوب مربوط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف‌ها را)
28 U.S.C. § 2333 و 18 U.S.C. §§ 1605A, 1605B

آیا این اقدام پرونده یا دادرسی با موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☐  بله ☑

قاضی منصوب شده قبلی
جورج بی. دانیلز

اگر بله، آیا این پرونده داوطلبانه ☐ غیرداوطلبانه ☐ رد شده است خیر ☐ بله ☐ اگر بله، تاریخ _____ و شماره پرونده را ذکر کنید 1:03-md-1570

آیا این یک پرونده داوری بین‌المللی است؟    خیر ☒  بله ☐

(لطفاً یک کادر را با علامت [x] مشخص نمایید)

## ماهیت اقامه دعوی

شبه جرم

| قرارداد | صدمه شخصی | صدمه شخصی |
|---|---|---|
| [ ] 110 بیمه | [ ] 310 هواپیما | [ ] 367 بهداشت و درمان/صدمات شخصی دارویی/مسئولیت در قبال محصول دارویی |
| [ ] 120 دریایی | [ ] 315 مسئولیت در قبال محصول هواپیما | |
| [ ] 130 قانون مؤثر | [ ] 320 حمله و ضرب و افترا و توهین | [ ] 365 مسئولیت در قبال صدمه شخصی ناشی از محصول |
| [ ] 140 اوراق بهادار | [ ] 330 مسئولیت کارفرمایان فدرال | |
| [ ] 150 استرداد اضافه پرداخت و اجرای حکم | [ ] 340 دریایی | [ ] 368 مسئولیت در قبال آزبست مسئولیت در قبال صدمه شخصی ناشی از محصول |
| [ ] 151 MEDICARE | [ ] 345 مسئولیت در قبال محصول دریایی | |
| [ ] 152 استرداد وام‌های تکول شده دانشجویی | [ ] 350 خودرو موتوری | اموال شخصی |
| | [ ] 355 مسئولیت در قبال محصول خودرو موتوری | [ ] 370 سایر موارد تقلب |
| [ ] 153 (به استثنای کهنه سربازان) استرداد اضافه پرداخت و مزایای کهنه سربازان | | [ ] 371 حقیقت در مورد وام و وام‌دهی |
| [ ] 160 دعاوی سهامداران | [ ] 360 سایر خسارات شخصی | |
| [ ] 190 سایر قراردادها | [ ] 362 صدمه شخصی - سوءاقدام پزشکی | [ ] 380 سایر موارد آسیب به اموال |
| [ ] 195 مسئولیت در قبال محصول قراردادی | | [ ] 385 مسئولیت در قبال آسیب محصول به دارایی‌ها |
| [ ] 196 فرانشیز | | |

| حقوق مالکیت | | اقدام بر اساس قوانین مصوب |
|---|---|---|
| [ ] 820 کپی‌رایت | | حقوق شهروندی |
| [ ] 830 حق اختراع | | [ ] 440 سایر حقوق مدنی (غیرزندانی) |
| [ ] 835 ثبت اختراع - کاربرد دارو | | [ ] 441 رأی‌دهی |
| [ ] 840 علامت تجاری | | [ ] 442 اشتغال |
| | | [ ] 443 مسکن/اقامتگاه |
| تأمین اجتماعی | | [ ] 445 آمریکایی‌های دارای معلولیت - اشتغال |
| [ ] 861 HIA (1395ff) | | [ ] 446 آمریکایی‌های دارای معلولیت - سایر |
| [ ] 862 بیماری ریماتیسمی (923) | | [ ] 448 آموزش |
| [ ] 863 DIWC/DIWW (405(g)) | | |
| [ ] 864 SSID عنوان XVI | | |
| [ ] 865 RSI (405(g)) | | |

| ورشکستگی | توقیف/جریمه | سایر قوانین مصوب |
|---|---|---|
| [ ] 422 درخواست تجدید نظر 28 USC 158 | [ ] 625 توقیف اموال مربوط به مواد مخدر 21 USC 881 | [ ] 375 ادعاهای واهی |
| [ ] 423 استرداد 28 USC 157 | [ ] 690 سایر | [ ] 376 دعوای متقابل |
| | | [ ] 400 تفکیک مجدد ایالتی |
| | | [ ] 410 بانک‌ها و بانکداری |
| | | [ ] 430 تجارت |
| | | [ ] 450 اخراج |
| | | [ ] 470 قانون سازمان‌های تحت نفوذ تقلب و فساد (RICO) |
| | | [ ] 480 اعتبار مشتری |
| | | [ ] 485 قانون حفاظت از مصرف‌کننده تلفنی |
| نیروی کار | | [ ] 490 تلویزیون کابلی/ماهواره‌ای |
| [ ] 710 قانون استانداردهای کار منصفانه | | [ ] 850 تضامین/کالا/مبادله |
| [ ] 720 روابط کار/مدیریت | | [X] 890 سایر اقدامات قانونی |
| [ ] 740 قانون راه‌آهن کار | | [ ] 891 قوانین کشاورزی |
| [ ] 751 قانون مرخصی استعلاجی خانواده (FMLA) | | [ ] 893 موضوعات زیست‌محیطی |
| [ ] 790 سایر دادخواهی‌های کار | | [ ] 895 قانون آزادی اطلاعات |
| | | [ ] 896 داوری |
| پرونده‌های مالیاتی فدرال | | [ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمانی |
| [ ] 870 مالیات‌ها (خواهان یا خوانده ایالات متحده) | | [ ] 950 تطابق قوانین ایالتی با قانون اساسی |
| [ ] 871 شخص ثالث IRS 26 USC 7609 | | |

| حقوق زندانی | |
|---|---|
| [ ] 463 اعتراضات بیگانه | |
| [ ] 510 افراد بازداشتی بیگانه | |
| [ ] 530 اقدام برای ابطال حکم 28 USC 2255 | |
| [ ] 535 مجازات اعدام | |
| [ ] 540 امریه و سایر | |

| مهاجرت |
|---|
| [ ] 462 درخواست‌های تابعیت |
| [ ] 465 سایر اقدامات مهاجرتی |

| املاک و مستغلات |
|---|
| [ ] 210 تملک زمین |
| [ ] 220 توقیف ملک |
| [ ] 230 قرارداد اجاره و تخلیه |
| [ ] 240 شبه‌جرم مربوط به زمین |
| [ ] 245 شبه جرم مسئولیت در قبال محصول |
| [ ] 290 تمام املاک دیگر |

| حقوق شهروندی - حقوق شهروندی زندانی |
|---|
| [ ] 550 حقوق شهروندی |
| [ ] 555 شرایط زندان |
| [ ] 560 شرایط بازداشت مدنی حبس |

گر در شکایت تقاضای تقاضا شده است، علامت بزنید:

آیا این یک اقدام جمعی بر اساس F.R.C.P. 23 است، علامت بزنید: ☐  آیا این پرونده به مربوط که این پرونده با مرتبط در دست بررسی در مدنی پرونده به هستند ادعی یک این آیا  S.D.N.Y  است که طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟

اگر پاسخ مثبت است، تکر کنید:

تقاضای 150 میلیارد دلار   سایر   قاضی جورج بی. دانیلز   پرونده شماره 1:03-md-1570

تقاضای در شکایت تقاضا شده است، "بله" را علامت بزنید:

درخواست هیئت منصفه: خیر ☐  بله ☒

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

پرونده UA-05193-cv-22:1    سند 8    ارائه شده در تاریخ 06/22/22    صفحه 2 از 8

## منشأ

(فقط یک کادر را با علامت x مشخص نمایید)

| ☒ 1 رسیدگی اصلی | ☐ 2 خارج شده از دادگاه ایالتی | ☐ 3 تأیید شده در دادگاه تجدید نظر | ☐ 4 شروع مجدد یا پاسخ داده شده | ☐ 5 منتقل شده از (ناحیه را مشخص کنید) | ☐ 6 دادخواهی مربوط به چند ناحیه (منتقل شده) | ☐ 7 درخواست تجدید نظر از قاضی ناحیه از قاضی بخش |

☐ a وکلای همه طرفین حضور دارند

☐ b. حداقل یکی از طرفین بدون وکیل حضور دارد.

☐ 8 دادخواهی مربوط به چند ناحیه (ارائه مستقیم)

## مبنای صلاحیت

*در صورت تفاوت، در زیر تابعیت را مشخص کنید.*

(فقط یک کادر را با علامت x مشخص نمایید)

| ☐ 1 خواهان ایالات متحده | ☐ 2 خوانده ایالات متحده | ☒ 3 بازپرسی فدرال (ایالات متحده یکی از طرفین نیست) | ☐ 4 مورد اختلاف |

## تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)

(با یک کادر [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| | خواهان خوانده | | | خواهان خوانده |
|---|---|---|---|---|
| شهروند این ایالت | [ ] 1 [ ] 1 | شهروند یا تبعه یک کشور خارجی | [ ] 3 [ ] 3 | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | [ ] 5 [ ] 5 |
| شهروند ایالتی دیگر | [ ] 2 [ ] 2 | تأسیس شده یا محل اصلی کسب و کار در این ایالت | [ ] 4 [ ] 4 | تابعیت خارجی | [ ] 6 [ ] 6 |

## آدرس(ها) و کشور(های) خواهان(ها)
**به پیوست مراجعه کنید.**

## آدرس(ها) و کشور(های) خوانده(ها)
جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

آدرس خوانده(ها) نامعلوم است
بدینوسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانستهام آدرس محل سکونت خواندهدیر زیر را مشخص نمایم.

## تخصیص به دادگاه

بدینوسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18، 20 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را علامت بزنید:    این اقدام باید به محل زیر اختصاص یابد:    ☐ وایت پلینز    ☒ منهتن

تاریخ 06/21/2022

/امضا/ جری گلدمن

امضای وکیل پرونده

امضای وکیل پرونده

شماره رسید

پذیرفته شده برای اجرا در این ناحیه
[ ] خیر
[X] بله (تاریخ پذیرش ماه می _____ سال  1980  )
شماره کد وکیل در کانون وکلا 1302454

قاضی بخش باید توسط منشی دادگاه تعیین شود.

قاضی بخش _____ به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____

دادگاه ناحیه‌ای ایالات متحده (جنوب نیویورک)

**پیوست 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که این

ضمیمه 1 به آن پیوست شده است و باید به عنوان اتهام 1 ضمیمه 1 فرم کوتاه شکایت از ایران، اتهام 2 ضمیمه 1 فرم کوتاه شکایت از ایران و

الی آخر مورد ارجاع قرار گیرد.

| نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی[1] 9/11 | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|
| 1. سوزان ام. کینگ | نیویورک | ایالات متحده | امی کینگ | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 2. باربارا چاکنیک | نیوجرسی | ایالات متحده | استیون چاکنیک | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 3. استیون چاکنیک | نیوجرسی | ایالات متحده | استیون چاکنیک | فرزند | ایالات متحده | ترضیه خاطر |
| 4. کاتلین گلمن | نیویورک | ایالات متحده | توماس کرویکیس | برادر/خواهر | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 5. جیمی بریتو | نیویورک | ایالات متحده | ویکتوریا آلوارز-بریتو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 6. رائول بریتو | نیویورک | ایالات متحده | ویکتوریا آلوارز-بریتو | فرزند | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 7. پورلی کارلونه | نیوجرسی | ایالات متحده | دیوید کارلونه | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 8. شوتا کهندلوال | نیوجرسی | هندوستان | راجش کهندلوال | پورتو ریکو | هندوستان | ترضیه خاطر/قتل غیرعمد |
| 9. نورین ندل | نیویورک | ایالات متحده | لارنس ندل | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 10. شیوم کهندلوال | نیوجرسی | ایالات متحده | راجش کهندلوال | فرزند | هندوستان | ترضیه خاطر |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی ماترک قربانی 9/11 و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌گردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

| نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 01/11/9 | نام کامل قربانی 11/9 | نسبت خواهان با قربانی[1] 11/9 | شهروندی/ تابعیت قربانی، 11/9، در تاریخ 01/11/9 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|
| 11. لورا ندل | نیویورک | ایالات متحده | لارنس ندل | فرزند | ایالات متحده | ترضیه خاطر |
| 12. روبرتا ویلیامز | نیویورک | ایالات متحده | ژاکلین یانگ | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 13. جنی ندل | نیویورک | ایالات متحده | لارنس ندل | فرزند | ایالات متحده | ترضیه خاطر |
| 14. جوزفین تابیک | نیوجرسی | ایالات متحده | دبرا دیمارتینو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 15. سول نیومن | نیویورک | ایالات متحده | دبرا دیمارتینو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 16. آنجلو پوما | نیویورک | ایالات متحده | دبرا دیمارتینو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 17. جان مک‌لافلین | فلوریدا | ایالات متحده | جان مک‌لافلین | خود شخص (صدمه) | ایالات متحده | صدمه شخصی |
| 18. مانو دینگرا | نیویورک | هندوستان | مانو دینگرا | خود شخص (صدمه) | هندوستان | صدمه شخصی |
| 19. ویلیام جیمنو | نیوجرسی | ایالات متحده | ویلیام جیمنو | خود شخص (صدمه) | ایالات متحده | صدمه شخصی |
| 20. جودیت نایت | جورجیا | ایالات متحده | فرانک ویسنفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 21. جودیت نایت به عنوان نماینده شخصی ماترک مری ویسنفسکی | نیوجرسی | ایالات متحده | فرانک ویسنفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 22. جودیت نایت به عنوان نماینده شخصی ماترک وینسنت ویسنفسکی | نیوجرسی | ایالات متحده | فرانک ویسنفسکی | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 23. وینسنت ویسنفسکی | نیویورک | ایالات متحده | فرانک ویسنفسکی | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 24. گیل اینگرسول سزنا | دلاور | ایالات متحده | دیویس گریر سزنا جونیور | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 25. دیویس گریر سزنا جونیور | دلاور | ایالات متحده | دیویس گریر سزنا جونیور | والد | ایالات متحده | ترضیه خاطر |
| 26. ماسیا شورلا رایلی | مریلند | ایالات متحده | اسکات پاول | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 27. سیدنی آیشا پاول | مریلند | ایالات متحده | اسکات پاول | فرزند | ایالات متحده | ترضیه خاطر |
| 28. اسکات واتکینز | مریلند | ایالات متحده | اسکات پاول | فرزند | ایالات متحده | ترضیه خاطر |
| 29. ارث ادوارد پاول | مریلند | ایالات متحده | اسکات پاول | برادر/خواهر | ایالات متحده | ترضیه خاطر |

17

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت قربانی 11/9، در تاریخ 01/11/9 | نسبت خواهان با قربانی 11/9[1] | نام کامل قربانی 11/9 | تابعیت/ ملیت خواهان در تاریخ 01/11/9 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | فرزند | دیوید رادل | ایالات متحده | نیویورک | آماندا رادل | 30. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | دیوید رادل | ایالات متحده | نیویورک | جان داو 116 | 31. |
| ترضیه خاطر | ایالات متحده | والد | جوزف ایکوباکی | ایالات متحده | فلوریدا | انجلا ایکوباکی | 32. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | جوزف ایکوباکی | ایالات متحده | نیویورک | جان داو 118 | 33. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | خوان پابلو آلوارز سیسنروس | ایالات متحده | نیوجرسی | لیدیا پی. آلورز | 34. |
| ترضیه خاطر/قتل غیر عمد | ترینیداد | پورتو ریکو | استفن جوزف | ترینیداد | نیوجرسی | گیلیان گرانسال- جوزف | 35. |
| ترضیه خاطر | ترینیداد | فرزند | استفن جوزف | ایالات متحده | آریزونا | تریستان جوزف | 36. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | فرزند | تی فهلینگ | ایالات متحده | نیویورک | دانیل فهلینگ- واسینسکی | 37. |
| ترضیه خاطر | ایالات متحده | فرزند | تی فهلینگ | ایالات متحده | نیویورک | کاتلین فهلینگ | 38. |
| ترضیه خاطر | ایالات متحده | فرزند | تی فهلینگ | ایالات متحده | نیویورک | مگان فهلینگ | 39. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | توماس ریگان | ایالات متحده | نیوجرسی | اگیل ریگان | 40. |
| ترضیه خاطر | ایالات متحده | فرزند | توماس ریگان | ایالات متحده | نیوجرسی | الیستار ریگان | 41. |
| ترضیه خاطر | ایالات متحده | فرزند | توماس ریگان | ایالات متحده | نیوجرسی | کاثر ریگان | 42. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | جری دیکرسون | ایالات متحده | ویرجینیا | پیج دانتزلر دیکرسون | 43. |
| ترضیه خاطر | ایالات متحده | فرزند | جری دیکرسون | ایالات متحده | آرکانزاس | الیزابت بیلی دیکرسون | 44. |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | فرزند | جری دیکرسون | ایالات متحده | نیویورک | ویلیام دیکرسون | 45. |
| ترضیه خاطر | ایالات متحده | نماینده شخصی مشترک | ادوارد دبلیو. شونک | ایالات متحده | نیویورک | الیزا ای. شونک | 46. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوان پابلو آلوارز سیسنروس | ایالات متحده | کالیفرنیا | آنا سیسنروس | 47. |
| ترضیه خاطر/قتل غیر عمد | کانادا | پورتو ریکو | استوارت (سو-جین) تی | کانادا | نیویورک | آن لین هایاشی | 48. |
| ترضیه خاطر | ایالات متحده | والد | توماس ادوارد بورگس | ایالات متحده | فلوریدا | جوزف ای. بورگس | 49. |

| نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی 9/11 [1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی) [2] |
|---|---|---|---|---|---|---|
| 50. جوزف بی. یورگنس | نیویورک | ایالات متحده | توماس ادوارد یورگنس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 51. جسیکا لین یورگنس | نیویورک | ایالات متحده | توماس ادوارد یورگنس | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 52. میچل ایکوباکی | فلوریدا | ایالات متحده | جوزف ایکوباکی | والد | ایالات متحده | ترضیه خاطر |
| 53. لیندا تی. اسکارسلا | نیویورک | ایالات متحده | بل فیوری | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 54. بریتنی وایز | نیوجرسی | ایالات متحده | ریچارد سالیناردی جونیور | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 55. ادیت اسکرزیپک | نیویورک | ایالات متحده | بل اسکرزیپک | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 56. آلبرت اسکرزیپک | نیوجرسی | ایالات متحده | بل اسکرزیپک | والد | ایالات متحده | ترضیه خاطر |
| 57. ادیت اسکرزیپک | نیوجرسی | ایالات متحده | بل اسکرزیپک | والد | ایالات متحده | ترضیه خاطر |
| 58. اورا کینگزبری | نیوجرسی | ایالات متحده | بل اسکرزیپک | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 59. نیکول براتویت- دینگل | نیویورک | ایالات متحده | جفری دینگل | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 60. جاسیم دینگل | کالیفرنیا | ایالات متحده | جفری دینگل | فرزند | ایالات متحده | ترضیه خاطر |
| 61. نیا دینگل | تگزاس | ایالات متحده | جفری دینگل | فرزند | ایالات متحده | ترضیه خاطر |
| 62. جان دو 126 | نیویورک | ایالات متحده | توماس ادوارد یورگنس | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 63. سینتیا گومز | نیویورک | ایالات متحده | دنیس جیمز گومز | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 64. جان دو 128 | ویرجینیا | ایالات متحده | مایکل اس. لامانا | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 65. جان دو 129 | نیویورک | ایالات متحده | جان جی. شارف | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 66. اریل مارتینز | فلوریدا | ایالات متحده | بتسی مارتینز | فرزند | ایالات متحده | ترضیه خاطر |
| 67. کارلوس جی. آلبرت | نیویورک | ایالات متحده | آیلین جی. سانتیاگو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 68. جان دو 130 | نیویورک | ایالات متحده | رزماری کارلسون | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 69. جان دو 131 | نیویورک | ایالات متحده | آیلین سانتیاگو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

docs-100497912.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | نسبت خواهان با قربانی 9/11[1] | نام کامل قربانی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | الکس سیکونه | ایالات متحده | نیویورک | استفانی سیکونه | .70 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | کریستوفر دافی | ایالات متحده | نیویورک | جان جی. دافی | .71 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | والد | کریستوفر دافی | ایالات متحده | نیویورک | کاتلین لانگان | .72 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | داگلاس کجام | ایالات متحده | نیویورک | دنیس کجام | .73 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | داگلاس کجام | ایالات متحده | فلوریدا | دنیس دی. کروز | .74 |
| ترضیه خاطر | ایالات متحده | فرزند | فردریک کو جونیور | ایالات متحده | نیویورک | مایکل کو | .75 |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | کیپ پی. تیلور | ایالات متحده | کلرادو | دین تیلور | .76 |
| ترضیه خاطر | ایالات متحده | فرزند | کیپ پی. تیلور | ایالات متحده | کلرادو | جان لوک تیلور | .77 |
| ترضیه خاطر | ایالات متحده | فرزند | کیپ پی. تیلور | ایالات متحده | کلرادو | دین راس تیلور | .78 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | کیپ پی. تیلور | ایالات متحده | ویرجینیا | ورا شلیتر | .79 |
| ترضیه خاطر | ایالات متحده | همسر (متوفی) | کیپ پی. تیلور | ایالات متحده | ویرجینیا | ورا شلیتر به عنوان نماینده شخصی ماترک نانسی شلیتر | .80 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | میرنا تی. مالدونادو - اگرستو | ایالات متحده | نیویورک | جان داو 132 | .81 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | فردریک کو جونیور | ایالات متحده | نیویورک | جان داو 134 | .82 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | ویلیام هوارد پولمن | ایالات متحده | نیویورک | جان داو 135 | .83 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | ریچارد پنی | ایالات متحده | نیویورک | والدا پنی | .84 |
| ترضیه خاطر | ایالات متحده | فرزند | ریچارد پنی | ایالات متحده | جورجیا | ریچارد پنی | .85 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | رونالد پی. بوکا | ایالات متحده | نیویورک | ابو بوکا | .86 |
| ترضیه خاطر | ایالات متحده | فرزند | رونالد پی. بوکا | ایالات متحده | پنسیلوانیا | رونالد بوکا | .87 |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | استفن روچ | ایالات متحده | نیوجرسی | توماس کلهر | .88 |

20

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی[1] 9/11 | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 89. | آنجلینا خیمنز | نیویورک | ایالات متحده | النا آدسما | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 90. | آنجلینا خیمنز | رود آیلند | ایالات متحده | النا آدسما | فرزند | ایالات متحده | ترضیه خاطر |
| 91. | شاهلن خیمنز | نیویورک | ایالات متحده | النا آدسما | فرزند | ایالات متحده | ترضیه خاطر |
| 92. | الیزابت ریک | نیویورک | ایالات متحده | اسکات بارت | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیر عمد |
| 93. | جسیکا بوکا- هیوز | نیویورک | ایالات متحده | رونالد پی. بوکا | فرزند | ایالات متحده | ترضیه خاطر |
| 94. | مکنزی گومز | کارولینای شمالی | ایالات متحده | دنیس جیمز گومز | فرزند | ایالات متحده | ترضیه خاطر |
| 95. | مکنزی روچ | ماساچوست | ایالات متحده | استفن روچ | فرزند | ایالات متحده | ترضیه خاطر |
| 96. | آیلین روچ | نیوجرسی | ایالات متحده | استفن روچ | فرزند | ایالات متحده | ترضیه خاطر |
| 97. | استفن روچ جونیور | نیویورک | ایالات متحده | استفن روچ | فرزند | ایالات متحده | ترضیه خاطر |
| 98. | می مولدری | نیویورک | ایالات متحده | استفن مولدری | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 99. | جانت راموس | نیویورک | ایالات متحده | انتونی آلوارادو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 100. | جون پترووشکیوچ | نیویورک | ایالات متحده | جیمز سوزو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |

IH-32

Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

Susan King, et al. (see appendix)

| Plaintiff | Case Number |

vs.

Islamic Republic of Iran

Defendant

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks on September 11, 2001

| Plaintiff | Case Number |

vs.

Case Numbers: 03 MDL 1570 (GBD) (SN)

Defendant

Page 1

IH-32                                                                 Rev: 2014-1

**Status of Earlier Filed Case:**

☐   Closed         (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.)

☑   Open           (If so, set forth procedural status and summarize any court rulings.)

Partial and/or full summary judgment as to Defendant Islamic Republic of Iran has been granted and ordered for select plaintiffs. This matter is still ongoing. On October 28, 2019, the Court entered an Order approving the "Iran Short Form Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-SN).

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

This is also a September 11th case for wrongful death and solatium against sponsors of terrorism, as the Defendant Islamic Republic of Iran is involved in the related MDL action. We are seeking similar relief in the form of damages from the Defendant. The Plaintiffs herein intend to participate in the underlying litigations as to the other defendants in due course.

This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The Republic of Iraq, et al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own right as the Parent of Thomas E. Burnett, Jr., Deceased, et al. v. The Islamic Republic of Iran, et al., 15-cv-09903-GBD-SN; and Kathleen Ashton et al. v. al Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The instant complaint is being filed in accordance with the Court's directives of October 28, 2019, ECF No. 5234 in 1:03-md-01570-GBD-SN.

Signature:   **/s/ Jerry S. Goldman**              Date: June 21, 2022

Anderson Kill P.C.

Firm:

Page 2

## APPENDIX

Susan M. King as the Personal Representative of the Estate of Amy King, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Amy King

Barbara Chucknick as the Personal Representative of the Estate of Steven Chucknick, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Steven Chucknick

Steven Chucknick, individually, as surviving child of Steven Chucknick

Kathleen Gelman, individually, as surviving sibling of Thomas Kuveikis

Jamie Brito as the Personal Representative of the Estate of Victoria Alvarez-Brito, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Victoria Alvarez-Brito

Raul Brito, individually, as surviving child of Victoria Alvarez-Brito

Beverly Carlone as the Personal Representative of the Estate of David Carlone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of David Carlone

Shweta Khandelwal as the Personal Representative of the Estate of Rajesh Khandelwal, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Rajesh Khandelwal

Lorraine Nedell as the Personal Representative of the Estate of Laurence Nedell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Laurence Nedell

Shivam Khandelwal, individually, as surviving child of Rajesh Khandelwal

Laura Nedell, individually, as surviving child of Laurence Nedell

Loubertha Williams as the Personal Representative of the Estate of Jacqueline Young, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jacqueline Young

Jennie Nedell, individually, as surviving child of Laurence Nedell

Josephine Tabick, individually, as surviving sibling of Debra DiMartino

Sol Newman, individually, as surviving sibling of Debra DiMartino

Angelo Puma, individually, as surviving sibling of Debra DiMartino

John McLoughlin, individually, as an injured person

Manu Dhingra, individually, as an injured person

William Jimeno, individually, as an injured person

Judith Knight, individually, as surviving sibling of Frank Wisniewski

Judith Knight as Personal Representative of the Estate of Mary Wisniewski deceased, the late parent of Frank Wisniewski

Judith Knight as Personal Representative of the Estate of Vincent Wisniewski deceased, the late parent of Frank Wisniewski

Vincent Wisniewski, individually, as surviving sibling of Frank Wisniewski

Gail Ingersoll Sezna as the Personal Representative of the Estate of Davis Sezna, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Davis Grier Sezna, Jr.

Davis Grier Sezna individually, as surviving parent of Davis Grier Sezna, Jr.

Masia Shurla Riley as the Personal Representative of the Estate of Scott Powell, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Powell

Sydney Ayesha Powell, individually, as surviving child of Scott Powell

Scott Watkins, individually, as surviving child of Scott Powell

Art Edward Powell, individually, as surviving sibling of Scott Powell

Amanda Ruddle, individually, as surviving child of David Ruddle

John Doe 116 being intended to designate the Personal Representative of the Estate of David Ruddle, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of David Ruddle

Angela Eacobacci, individually, as surviving parent of Joseph Eacobacci

John Doe 118 being intended to designate the Personal Representative of the Estate of Joseph Eacobacci, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Joseph Eacobacci

Lidia P. Alverez as the Personal Representative of the Estate of Juan Pablo Alvarez Cisneros, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Juan Pablo Alvarez Cisneros

Gillian Gransaull-Joseph as the Personal Representative of the Estate of Stephen Joseph, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Joseph

Tristan Joseph, individually, as surviving child of Stephen Joseph

Danielle Fehling-Wasnieski as the Personal Representative of the Estate of Lee Fehling, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lee Fehling

Kaitlin Fehling, individually, as surviving child of Lee Fehling

Megan Fehling, individually, as surviving child of Lee Fehling

Gayle Regan as the Personal Representative of the Estate of Thomas Regan, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Regan

Allaistar Regan, individually, as surviving child of Thomas Regan

Connor Regan, individually, as surviving child of Thomas Regan

Page Dantzler Dickerson as the Personal Representative of the Estate of Jerry Dickerson, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jerry Dickerson

Elizabeth Bailey Dickerson, individually, as surviving child of Jerry Dickerson

William Dickerson, individually, as surviving child of Jerry Dickerson

Lisa A. Schunk as the Co-Personal Representative of the Estate of Edward W. Schunk, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edward W. Schunk

Ana Cisneros, individually, as surviving sibling of Juan Pablo Alvarez Cisneros

Anne Lynn Hayashi as the Personal Representative of the Estate of Stuart (Soo-Jin) Lee, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stuart (Soo-Jin) Lee

Joseph E. Jurgens, individually, as surviving parent of Thomas Edward Jurgens

Joseph B. Jurgens, individually, as surviving sibling of Thomas Edward Jurgens

Jessica Lynn Jurgens, individually, as surviving sibling of Thomas Edward Jurgens

Mitchell Eacobacci, individually, as surviving parent of Joseph Eacobacci

Lynda T. Scarcella as the Personal Representative of the Estate of Paul Fiori, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Fiori

Brittley Wise as the Personal Representative of the Estate of Richard Salinardi, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard Salinardi, Jr.

Edith Skrzypek as the Personal Representative of the Estate of Paul Skrzypek, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Paul Skrzypek

Albert Skrzypek, individually, as surviving parent of Paul Skrzypek

Edith Skrzypek, individually, as surviving parent of Paul Skrzypek

Laura Kingsbury, individually, as surviving sibling of Paul Skrzypek

Nicole Brathwaite-Dingle as the Personal Representative of the Estate of Jeffrey Dingle, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jeffrey Dingle

Jassiem Dingle, individually, as surviving child of Jeffrey Dingle

Nia Dingle, individually, as surviving child of Jeffrey Dingle

John Doe 126 being intended to designate the Personal Representative of the Estate of Thomas E. Jurgens, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Thomas Edward Jurgens

Cynthia Gomes as Personal Representative of the Estate of Dennis J. Gomes, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Dennis James Gomes

John Doe 128 being intended to designate the Personal Representative of the Estate of Michael S. Lamana, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael S. Lamana

John Doe 129 being intended to designate the Personal Representative of the Estate of John G. Scharf, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and

his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of John G. Scharf

Ariel Martinez, individually, as surviving child of Betsy Martinez

Carlos G. Albert, individually, as surviving sibling of Ayleen J. Santiago

John Doe 130 being intended to designate the Personal Representative of the Estate of Rosemarie Carlson, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Rosemarie Carlson

John Doe 131 being intended to designate the Personal Representative of the Estate of Ayleen Santiago, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Ayleen Santiago

Stefanie Ciccone as the Personal Representative of the Estate of Alex Ciccone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Alex Ciccone

John G. Duffy as the Personal Representative of the Estate of Christopher Duffy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Duffy

Kathleen Langan, individually, as surviving parent of Christopher Duffy

Dennis Ketcham as the Personal Representative of the Estate of Douglas Ketcham, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Douglas Ketcham

Denyse D. Kruse, individually, as surviving sibling of Douglas Ketcham

Michael Kuo, individually, as surviving child of Frederick Kuo, Jr.

Dean Taylor, individually, as surviving sibling of Kip P. Taylor

John Luke Taylor, individually, as surviving child of Kip P. Taylor

Dean Ross Taylor, individually, as surviving child of Kip P. Taylor

Vera Schleeter as the Personal Representative of the Estate of Kip P. Taylor, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kip P. Taylor

Vera Schleeter as Personal Representative of the Estate of Nancy Taylor, deceased, the late spouse of Kip P. Taylor

John Doe 132 being intended to designate the Personal Representative of the Estate of Myrna T. Maldonado-Agosto, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Myrna T. Maldonado-Agosto

John Doe 134 being intended to designate the Personal Representative of the Estate of Frederick Kuo, Jr., deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Frederick Kuo, Jr.

John Doe 135 being intended to designate the Personal Representative of the Estate of William Howard Pohlmann, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of William Howard Pohlmann

Valada Penny as the Personal Representative of the Estate of Richard Penny, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Richard Penny

Richard Penny, individually, as surviving child of Richard Penny

Eve Bucca as the Personal Representative of the Estate of Ronald P. Bucca, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Ronald P. Bucca

Ronald Bucca, individually, as surviving child of Ronald P. Bucca

Thomas Kelleher as the Personal Representative of the Estate of Stephen Roach, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Roach

Angelina Jimenez as the Personal Representative of the Estate of Elena Ledesma, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Elena Ledesma

Angelina Jimenez, individually, as surviving child of Elena Ledesma

Shanhellen Jimenez, individually, as surviving child of Elena Ledesma

Elizabeth Rick as the Personal Representative of the Estate of Scott Bart, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Scott Bart

Jessica Bucca-Hughes, individually, as surviving child of Ronald P. Bucca

Mackenzie Gomes, individually, as surviving child of Dennis James Gomes

Mackenzie Roach, individually, as surviving child of Stephen Roach

Eileen Roach, individually, as surviving child of Stephen Roach

Stephen Roach, Jr., individually, as surviving child of Stephen Roach

Amy Mulderry as the Personal Representative of the Estate of Stephen Mulderry, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Stephen Mulderry

Jeannette Ramos as the Personal Representative of the Estate of Anthony Alvarado, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Anthony Alvarado

June Pietruszkiewicz as the Personal Representative of the Estate of James Suozzo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of James Suozzo

بازنگری:1-32 IH-32 2014

# دادگاه ناحیه‌ای ایالات متحده
جهت
## ناحیه جنوب نیویورک
اظهارات پرونده‌های مرتبط

عنوان کامل پرونده ارائه شده بعدی:

سوزان کینگ و دیگران (به پیوست مراجعه کنید)

|  | خواهان |
|---|---|
| شماره پرونده: | علیه |
|  | جمهوری اسلامی ایران |
|  | مدعی علیه |

عنوان کامل پرونده ارائه شده قبلی:
(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگی‌های مربوطه)

عطف به حملات تروریستی 11 سپتامبر 2001

|  | خواهان |
|---|---|
| شماره پرونده: | علیه |
| شماره پرونده:03 MDL 1570 (GBD) (SN) |  |
|  | مدعی علیه |

صفحه 1

وضعیت پرونده ارائه شده قبلی:

☐   بسته   (در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بررسی است یا خیر.)

✓   باز   (در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)


حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است. (نگاه کنید به ECF شماره 5234 در 1:03-md-01570-GBD-SN).


دلایل موضع خود را مبنی بر اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.


همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است. همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به پرونده جان پاتریک اونیل سنیور و دیگران علیه جمهوری عراق و دیگران، 04-1076-GBD-SN؛ توماس ای. برنت سنیور به عنوان والد توماس ای. برنت جونیور، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران، 09903-GBD-SN-cv-15؛ و کاتلین اشتون و دیگران علیه ارتش اسلامی القاعده و دیگران، 06977-GBD-FM-cv-02. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر 2019، ECF شماره 5234 در 1:03-md-01570-GBD-SN مطرح شده است.


تاریخ: 21 ژوئن 2022        /امضا/ جری اس. گلدمن        امضا: _____
                              Anderson Kill P.C.

                                                        شرکت حقوقی: _____

**پیوست**

سوزان ام. کینگ، به عنوان نماینده شخصی ماترک امی کینگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده امی کینگ

باربارا چاکنیک، به عنوان نماینده شخصی ماترک استیون چاکنیک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استیون چاکنیک

استیون چاکنیک، انفراداً، به عنوان فرزند بازمانده استیون چاکنیک

کاتلین گلمن، انفراداً، به عنوان خواهر بازمانده توماس کوویکیس

جیمی بریتو به عنوان نماینده شخصی ماترک ویکتوریا آلوارز-بریتو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویکتوریا آلوارز-بریتو

رائول بریتو، انفراداً، به عنوان فرزند بازمانده ویکتوریا آلوارز-بریتو

بورلی کارلونه، به عنوان نماینده شخصی ماترک دیوید کارلونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید کارلونه

شوتا کهندلوال، به عنوان نماینده شخصی ماترک راجش کهندلوال، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده راجش کهندلوال

لورین ندل، به عنوان نماینده شخصی ماترک لارنس ندل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لارنس ندل

شیوام کهندلوال، انفراداً، به عنوان فرزند بازمانده راجش کهندلوال

لورا ندل انفراداً، به عنوان فرزند بازمانده لارنس ندل

لوبرتا ویلیامز به عنوان نماینده شخصی ماترک ژاکلین یانگ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ژاکلین یانگ

جنی ندل انفراداً، به عنوان فرزند بازمانده لارنس ندل

جوزفین تابیک، انفراداً، به عنوان خواهر بازمانده دبرا دی‌مارتینو

سول نیومن، انفراداً، به عنوان برادر/خواهر بازمانده دبرا دی‌مارتینو

آنجلو پوما، انفراداً، به عنوان برادر/خواهر بازمانده دبرا دی‌مارتینو

جان مک‌لافلین، انفراداً، به‌عنوان شخص آسیب دیده

مانو دینگرا، انفراداً، به‌عنوان شخص آسیب دیده

ویلیام جیمنو، انفراداً، به‌عنوان شخص آسیب دیده

جودیت نایت، انفراداً، به عنوان خواهر بازمانده فرانک ویسنیفسکی

جودیت نایت به عنوان نماینده شخصی ماترک مری ویسنیفسکی، متوفی، والد متوفای فرانک ویسنیفسکی

جودیت نایت به عنوان نماینده شخصی ماترک وینسنت ویسنیفسکی، متوفی، والد متوفای فرانک ویسنیفسکی

وینسنت ویسنیفسکی، انفراداً، به عنوان برادر/خواهر بازمانده فرانک ویسنیفسکی

گیل اینگرسول سزنا به عنوان نماینده شخصی ماترک دیویس سزنا جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیویس گریر سزنا جونیور

دیویس گریر سزنا انفراداً، به عنوان والد بازمانده دیویس گریر سزنا جونیور

ماسیا شورلا رایلی به عنوان نماینده شخصی ماترک اسکات پاول، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسکات پاول

سیدنی آیشا پاول، انفراداً، به عنوان فرزند بازمانده اسکات پاول

اسکات واتکینز، انفراداً، به عنوان فرزند بازمانده اسکات پاول

آرت ادوارد پاول، انفراداً، به عنوان برادر/خواهر بازمانده اسکات پاول

آماندا رادل، انفراداً، به عنوان فرزند بازمانده دیوید رادل

جان داو 116، که قصد دارد نماینده شخصی ماترک دیوید رادل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دیوید رادل

آنجلا ایکوباکی، انفراداً، به عنوان والد بازمانده جوزف ایکوباکی

جان داو 118، که قصد دارد نماینده شخصی ماترک جوزف ایکوباکی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جوزف ایکوباکی

لیدیا پی. آلورز به عنوان نماینده شخصی ماترک خوان پابلو آلوارز سیسنروس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوان پابلو آلوارز سیسنروس

گیلیان گرانسال- جوزف به عنوان نماینده شخصی ماترک استفن جوزف، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن جوزف

تریستان جوزف، انفراداً، به عنوان فرزند بازمانده استفن جوزف

دانیل فهلینگ- واسنیسکی به عنوان نماینده شخصی ماترک لی فهلینگ، متوفی، و از طرف بازماندگان و ذینفعان قانونی و اعضای خانواده لی فهلینگ

کاتلین فهلینگ، انفراداً، به عنوان فرزند بازمانده لی فهلینگ

مگان فهلینگ، انفراداً، به عنوان فرزند بازمانده لی فهلینگ

گیل ریگان به عنوان نماینده شخصی ماترک توماس ریگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس ریگان

آلایستار ریگان، انفراداً، به عنوان فرزند بازمانده توماس ریگان

کانر ریگان، انفراداً، به عنوان فرزند بازمانده توماس ریگان

پیج دانتزلر دیکرسون به عنوان نماینده شخصی ماترک جری دیکرسون، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جری دیکرسون

الیزابت بیلی دیکرسون، انفراداً، به عنوان فرزند بازمانده جری دیکرسون

ویلیام دیکرسون، انفراداً، به عنوان فرزند بازمانده جری دیکرسون

لیزا ای. شونک به عنوان نماینده شخصی مشترک ماترک ادوارد دبلیو. شونک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوارد دبلیو. شونک

آنا سیسنروس، انفراداً، به عنوان خواهر بازمانده پابلو آلوارز سیسنروس

آن لین هایاشی به عنوان نماینده شخصی ماترک استوارت (سو-جین) لی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استوارت (سو-جین) لی

جوزف ای. یورگنس، انفراداً، به عنوان والد بازمانده توماس ادوارد یورگنس

جوزف بی. یورگنس، انفراداً، به عنوان برادر بازمانده توماس ادوارد یورگنس

جسیکا لین یورگنس، انفراداً، به عنوان خواهر بازمانده توماس ادوارد یورگنس

میچل ایکوباکی، انفراداً، به عنوان والد بازمانده جوزف ایکوباکی

لیندا تی. اسکارسلا به عنوان نماینده شخصی ماترک پل فیوری، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل فیوری

بریتلی وایز به عنوان نماینده شخصی ماترک ریچارد سالیناردی جونیور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد سالیناردی جونیور

ادیت اسکرزیپک به عنوان نماینده شخصی ماترک پل اسکرزیپک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده پل اسکرزیپک

آلبرت اسکرزیپک، انفراداً، به عنوان والد بازمانده پل اسکرزیپک

ادیت اسکرزیپک، انفراداً، به عنوان والد بازمانده پل اسکرزیپک

لورا کینگزبری، انفراداً، به عنوان خواهر بازمانده پل اسکرزیپک

نیکول براثویت- دینگل به عنوان نماینده شخصی ماترک جفری دینگل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جفری دینگل

جاسیم دینگل، انفراداً، به عنوان فرزند بازمانده جفری دینگل

نیا دینگل، انفراداً، به عنوان فرزند بازمانده جفری دینگل

جان داو 126، که قصد دارد نماینده شخصی ماترک توماس ادوارد یورگنس، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده توماس ادوارد یورگنس

سینتیا گومز به عنوان نماینده شخصی ماترک دنیس جی. گومز، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دنیس جیمز گومز

جان داو 128، که قصد دارد نماینده شخصی ماترک مایکل اس. لامانا، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مایکل اس. لامانا

جان داو 129، که قصد دارد نماینده شخصی ماترک جان جی. شارف، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان جی. شارف

آریل مارتینز ، انفراداً، به عنوان فرزند بازمانده بتسی مارتینز

کارلوس جی. آلبرت، انفراداً، به عنوان برادر بازمانده آیلین جی. سانتیاگو

جان داو 130، که قصد دارد نماینده شخصی ماترک رزماری کارلسون، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رزماری کارلسون

جان داو 131، که قصد دارد نماینده شخصی ماترک آیلین سانتیاگو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آیلین سانتیاگو

استفانی سیکونه به عنوان نماینده شخصی ماترک الکس سیکونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الکس سیکونه

جان جی. دافی به عنوان نماینده شخصی ماترک کریستوفر دافی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر دافی

کاتلین لانگان، انفراداً، به عنوان والد بازمانده کریستوفر دافی

دنیس کچام به عنوان نماینده شخصی ماترک داگلاس کچام، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده داگلاس کچام

دنیس دی. کروز، انفراداً، به عنوان برادر/خواهر بازمانده داگلاس کچام

مایکل کو، انفراداً، به عنوان فرزند بازمانده فردریک کو جونیور

دین تیلور، انفراداً، به عنوان برادر/خواهر بازمانده کیپ پی. تیلور

جان لوک تیلور، انفراداً، به عنوان فرزند بازمانده کیپ پی. تیلور

دین راس تیلور، انفراداً، به عنوان فرزند بازمانده کیپ پی. تیلور

ورا شلیتر به عنوان نماینده شخصی ماترک کیپ پی. تیلور، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیپ پی. تیلور

ورا شلیتر به عنوان نماینده شخصی ماترک نانسی شلیتر، متوفی، همسر متوفای کیپ پی. تیلور

جان داو 132، که قصد دارد نماینده شخصی ماترک میرنا تی. مالدونادو - آگوستو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میرنا تی. مالدونادو - آگوستو

جان داو 134، که قصد دارد نماینده شخصی ماترک فردریک کو جونیور، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فردریک کو جونیور

جان داو 135، که قصد دارد نماینده شخصی ماترک ویلیام هوارد پولمن، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ویلیام هوارد پولمن

والدا پنی به عنوان نماینده شخصی ماترک ریچارد پنی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ریچارد پنی

ریچارد پنی، انفراداً، به عنوان فرزند بازمانده ریچارد پنی

ایو بوکا به عنوان نماینده شخصی ماترک رونالد پی. بوکا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده رونالد پی. بوکا

رونالد بوکا، انفراداً، به عنوان فرزند بازمانده رونالد پی. بوکا

توماس کلهر به عنوان نماینده شخصی ماترک استفن روچ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن روچ

آنجلینا خیمنز به عنوان نماینده شخصی ماترک النا لدسما، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده النا لدسما

آنجلینا خیمنز، انفراداً، به عنوان فرزند بازمانده النا لدسما

شانهلن خیمنز، انفراداً، به عنوان فرزند بازمانده النا لدسما

الیزابت ریک به عنوان نماینده شخصی ماترک اسکات بارت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده اسکات بارت

جسیکا بوکا- هیوز، انفراداً، به عنوان فرزند بازمانده رونالد پی. بوکا

مکنزی گومز، انفراداً، به عنوان فرزند بازمانده دنیس جیمز گومز

مکنزی روچ، انفراداً، به عنوان فرزند بازمانده استفن روچ

ایلین روچ، انفراداً، به عنوان فرزند بازمانده استفن روچ

استفن روچ جونیور، انفراداً، به عنوان فرزند بازمانده استفن روچ

امی مولدری به عنوان نماینده شخصی ماترک استفن مولدری، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استفن مولدری

جانت راموس به عنوان نماینده شخصی ماترک آنتونی آلوارادو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده آنتونی آلوارادو

جون پیتروشکیویچ به عنوان نماینده شخصی ماترک جیمز سوزو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جیمز سوزو

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                                          03-MDL-1570 (GBD)(SN)

    **TERRORIST ATTACKS ON**                              **IRAN NOTICE OF**
    **SEPTEMBER 11, 2001**                                 **AMENDMENT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

This document relates to:

*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193-UA

      Plaintiffs file this Notice of Amendment with respect to the underlying Complaint in the

above-referenced matter, ECF No. 1, as permitted and approved by the Court's Order of October

28, 2019, MDL ECF No. 5234. Upon the filing of this Notice of Amendment, the underlying

Complaint is deemed amended to add the individual(s) listed below (the "New Plaintiff(s)") as

plaintiff(s) raising claims against the Islamic Republic of Iran. The underlying Complaint is

deemed amended to include the allegations, as indicated below, of (a) the Federal Insurance and

Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of

Iran, MDL ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran,

No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53. The amendment effected

through this Notice of Amendment supplements by incorporation into, but does not displace, the

underlying Complaint. This Notice of Amendment relates solely to the Islamic Republic of Iran

and does not apply to any other defendant.

      Upon filing this Iran Notice of Amendment, each New Plaintiff is deemed to have

adopted all factual and jurisdictional allegations of the complaint that has been joined as

specified below; all causes of action contained within that complaint; all prior filings in

docs-100502607.1

connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each New Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), MDL ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (MDL ECF No. 2540).

### CAUSES OF ACTION

Each New Plaintiff hereby adopts and incorporates herein by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against Iran, as set forth in the following complaint [**check only one complaint**]:

☐   Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, MDL ECF No. 3237

☒   Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

2

## IDENTIFICATION OF NEW PLAINTIFFS

Each New Plaintiff is or was a survivor of a person who died due to the terrorist attacks of September 11, 2001. For each New Plaintiff, the following chart lists the New Plaintiff's name, the New Plaintiff's residency and nationality, the name of the New Plaintiff's deceased family member, the New Plaintiff's relationship to the decedent, and the paragraph(s) of the underlying Complaint discussing the decedent and/or the decedent's estate.

| | New Plaintiff's Name (alphabetical by last name) | New Plaintiff's State of Residency at Filing (or death) | New Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Name | New Plaintiff's Relationship to 9/11 Decedent | Paragraphs of Complaint Discussing 9/11 Decedent |
|---|---|---|---|---|---|---|
| 1. | Anthony Joshua Alvarado, individually, as surviving child of Anthony Alvarado | NY | United States | Anthony Alvarado | Child | ECF No. 1 ¶ 5, App. ¶ 99 |
| 2. | Lidia Alvarez, individually, as surviving parent of Juan Pablo Alvarez Cisneros | CA | United States | Juan Pablo Alvarez Cisneros | Parent | ECF No. 1 ¶ 5, App. ¶ 34 |
| 3. | Joan Bischoff, individually, as surviving parent of Lee Fehling | PA | United States | Lee Fehling | Parent | ECF No. 1 ¶ 5, App. ¶ 37 |
| 4. | Nicole Brathwaite-Dingle, individually, as surviving spouse of Jeffrey Dingle | TX | United States | Jeffrey Dingle | Spouse | ECF No. 1 ¶ 5, App. ¶ 59 |
| 5. | Jamie Brito, individually, as surviving child of Victoria Alvarez-Brito | NY | United States | Victoria Alvarez-Brito | Child | ECF No. 1 ¶ 5, App. ¶ 5 |
| 6. | Jamie Brito, as Personal Representative of the Estate of Mario Brito, deceased, the late spouse of Victoria Alvarez-Brito | NY | United States | Victoria Alvarez-Brito | Spouse (Deceased) | ECF No. 1 ¶ 5, App. ¶ 5 |

3

| 7. | Alfred R. Bucca, individually, as surviving sibling of Ronald P. Bucca | NY | United States | Ronald P. Bucca | Sibling | ECF No. 1 ¶ 5, App. ¶ 86 |
|----|---|----|---|---|---|---|
| 8. | Astrid Bucca, individually, as surviving sibling of Ronald P. Bucca | NY | United States | Ronald P. Bucca | Parent | ECF No. 1 ¶ 5, App. ¶ 86 |
| 9. | Eve Bucca, individually, as surviving spouse of Ronald P. Bucca | NY | United States | Ronald P. Bucca | Spouse | ECF No. 1 ¶ 5, App. ¶ 86 |
| 10. | Astrid Bucca, as Personal Representative of the Estate of Joseph Bucca, deceased, the late parent of Ronald P. Bucca | NY | United States | Ronald P. Bucca | Parent (Deceased) | ECF No. 1 ¶ 5, App. ¶ 86 |
| 11. | Robert Bucca, individually, as surviving sibling of Ronald P. Bucca | NY | United States | Ronald P. Bucca | Sibling | ECF No. 1 ¶ 5, App. ¶ 86 |
| 12. | Beverly Carlone, individually, as surviving spouse of David Carlone | CT | United States | David Carlone | Spouse | ECF No. 1 ¶ 5, App. ¶ 7 |
| 13. | Barbara Chucknick, individually, as surviving spouse of Steven Chucknick | NJ | United States | Steven Chucknick | Spouse | ECF No. 1 ¶ 5, App. ¶ 2 |
| 14. | Alfonso Cisneros, individually, as surviving parent of Juan Pablo Alvarez Cisneros | CA | United States | Juan Pablo Alvarez Cisneros | Parent | ECF No. 1 ¶ 5, App. ¶ 34 |
| 15. | Page Dantzler Dickerson, individually, as surviving spouse of Jerry Dickerson | AR | United States | Jerry Dickerson | Spouse | ECF No. 1 ¶ 5, App. ¶ 43 |
| 16. | Brian Duffy, individually, as surviving sibling of Christopher Duffy | NY | United States | Christopher Duffy | Sibling | ECF No. 1 ¶ 5, App. ¶ 71 |
| 17. | John G. Duffy, individually, as surviving parent of Christopher Duffy | NY | United States | Christopher Duffy | Parent | ECF No. 1 ¶ 5, App. ¶ 71 |

4

| 18. | Kevin Duffy, individually, as surviving sibling of Christopher Duffy | NY | United States | Christopher Duffy | Sibling | ECF No. 1 ¶ 5, App. ¶ 71 |
| 19. | James Fehling, individually, as surviving sibling of Lee Fehling | NY | United States | Lee Fehling | Sibling | ECF No. 1 ¶ 5, App. ¶ 37 |
| 20. | Thomas Fehling, individually, as surviving sibling of Lee Fehling | NY | United States | Lee Fehling | Sibling | ECF No. 1 ¶ 5, App. ¶ 37 |
| 21. | Danielle Fehling-Wasnieski, individually, as surviving spouse of Lee Fehling | NY | United States | Lee Fehling | Spouse | ECF No. 1 ¶ 5, App. ¶ 37 |
| 22. | Adriana Fiori, individually, as surviving child of Paul Fiori | CT | United States | Paul Fiori | Child | ECF No. 1 ¶ 5, App. ¶ 53 |
| 23. | Debbi Fiori, individually, as surviving child of Paul Fiori | CT | United States | Paul Fiori | Child | ECF No. 1 ¶ 5, App. ¶ 53 |
| 24. | Cynthia M. Gomes, individually, as surviving spouse of Dennis James Gomes | NC | United States | Dennis James Gomes | Spouse | ECF No. 1 ¶ 5, App. ¶ 63 |
| 25. | Gillian Gransaull-Joseph, individually, as surviving spouse of Stephen Joseph | AZ | United States | Stephen Joseph | Spouse | ECF No. 1 ¶ 5, App. ¶ 35 |

Dated: July 8, 2022

Respectfully submitted,

/s/ Jerry S. Goldman

5

Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com

*Attorneys for Plaintiffs*

docs-100502607.1

<div dir="rtl">

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

عطف به:

03-MDL-1570 (GBD)(SN)

حملات تروریستی 11 سپتامبر 2001

ابلاغیه اصلاحیه ایران

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

این سند مربوط است به:

*سوزان ام. کینگ و دیگران علیه جمهوری اسلامی ایران، شماره UA-05193-cv-1:22*

خواهان‌ها این ابلاغیه اصلاحیه در خصوص شکایت اصلی در مورد موضوع فوق، ECF به شماره 1 را که بنا به دستور دادگاه به تاریخ 28 اکتبر 2019، MDL ECF به شماره 5234 مجاز دانسته شده و تأیید گردیده است، مطرح می‌نمایند. در هنگام ارائه این ابلاغیه اصلاحیه، فرض بر این خواهد بود که شکایت اصلی اصلاح شده، افراد مندرج در زیر ("خواهان‌های جدید") را به‌عنوان خواهان‌هایی اضافه می‌کند که دعاوی را علیه جمهوری اسلامی ایران مطرح می‌کنند. فرض بر این خواهد بود که شکایت اصلی اتهامات مشخص مندرج در زیر را شامل می‌شود: (الف) شکایت تجمیعی اصلاح شده خواهان‌ها *بیمه فدرال و اشتون* علیه خوانده، جمهوری اسلامی ایران، MDL ECF شماره 3237، یا (ب) یا شکایت اصلاح شده، *برنت علیه جمهوری اسلامی ایران*، شماره (S.D.N.Y (S.D.N.Y (GBD)(SN) به تاریخ 8 فوریه 2016) ECF شماره 53. اصلاحیه‌ای که از طریق این ابلاغیه اصلاحیه نافذ می‌شود، با درج در شکایت اصلی مکمل آن خواهد بود اما جایگزین آن نمی‌شود. این ابلاغیه اصلاحیه تنها مربوط به جمهوری اسلامی ایران بوده و به هیچ خوانده دیگری مربوط نمی‌شود.

فرض بر این خواهد بود که با ابلاغ این ابلاغیه اصلاحیه ایران، هریک از خواهان(های) جدید تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

</div>

docs-100502607.1

علاوه بر این، هر یک از خواهان‌های جدید اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در

پرونده هاولیش علیه بن لادن، به شماره ECF (S.D.N.Y.), 1:03-CV-9848 (GBD)(SN) شماره‌های 263، 294،

295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده MDL (S.D.N.Y.), 03-MDL-1570 (GBD)(SN)

ECF شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی

جورج بی. دانیلز در 15 دسامبر 2011(MDL ECF شماره 2540) را گنجانده‌اند.

### علل اقدام

بدین وسیله هریک از خواهان(های) جدید با ارجاع به تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و

درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط**

**یک شکایت** را علامت بزنید]:

☐ شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران،
MDL ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره (S.D.N.Y. 8 (SN) (GBD) 15-CV-9903 فوریه ECF(2016 شماره 53

2

**شناسایی خواهان‌های جدید**

هر خواهان جدید بازمانده شخصی بوده یا هست که در اثر حملات تروریستی 11 سپتامبر 2001 فوت کرده است.

برای هر خواهان جدید، جدول زیر این موارد را مشخص می‌کند: نام خواهان جدید، اقامت یا تابعیت خواهان جدید، نام عضو خانواده متوفی خواهان جدید، نسبت خواهان جدید با متوفی، بند(هایی) از شکایت اصلی در خصوص متوفی و/یا ماترک متوفی.

| نام خواهان جدید (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان جدید در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان جدید در تاریخ 9/11/2001 | نام متوفی 9/11 | نسبت خواهان جدید با متوفی 9/11 | بندهایی از شکایت در خصوص متوفی 9/11 |
|---|---|---|---|---|---|
| 1. آنتونی جاشوا آلوارادو، انفراداً، به عنوان فرزند بازمانده آنتونی آلوارادو | نیویورک | ایالات متحده | آنتونی آلوارادو | فرزند | ECF شماره 1 ¶ 5، ضمیمه99 ¶ |
| 2. لیدیا آلوارز، انفراداً، به عنوان والد بازمانده پابلو آلوارز سیسنروس | کالیفرنیا | ایالات متحده | خوان پابلو آلوارز سیسنروس | والد | ECF شماره 1 ¶ 5، ضمیمه34 ¶ |
| 3. جوان بیشهوف، انفراداً، به عنوان والد بازمانده لی فهلینگ | پنسیلوانیا | ایالات متحده | لی فهلینگ | والد | ECF شماره 1 ¶ 5، ضمیمه37 ¶ |
| 4. نیکول براتویت- دینگل، انفراداً، به عنوان همسر بازمانده جفری دینگل | تگزاس | ایالات متحده | جفری دینگل | همسر | ECF شماره 1 ¶ 5، ضمیمه59 ¶ |
| 5. جیمی بریتو، انفراداً، به عنوان فرزند بازمانده ویکتوریا آلوارز بریتو | نیویورک | ایالات متحده | ویکتوریا آلوارز- بریتو | فرزند | ECF شماره 1 ¶ 5، ضمیمه5 ¶ |
| 6. جیمی بریتو، به عنوان نماینده شخصی ماترک ماریو بریتو، متوفی، همسر متوفی ویکتوریا آلوارز- بریتو | نیویورک | ایالات متحده | ویکتوریا آلوارز- بریتو | همسر (متوفی) | ECF شماره 1 ¶ 5، ضمیمه5 ¶ |

docs-100502607.1

| | | | | | |
|---|---|---|---|---|---|
| ECF شماره ۱ ¶ ۵، ضمیمه۸۶ | برادر/خواهر | رونالد پی. بوکا | ایالات متحده | نیویورک | الفرد آر. بوکا، انفراداً، به عنوان برادر/خواهر بازمانده رونالد پی. بوکا | ۷. |
| ECF شماره ۱ ¶ ۵، ضمیمه۸۶ | والد | رونالد پی. بوکا | ایالات متحده | نیویورک | آسترید بوکا، انفراداً، به عنوان برادر/خواهر بازمانده رونالد پی. بوکا | ۸. |
| ECF شماره ۱ ¶ ۵، ضمیمه۸۶ | همسر | رونالد پی. بوکا | ایالات متحده | نیویورک | ایو بوکا، انفراداً، به عنوان همسر بازمانده رونالد پی. بوکا | ۹. |
| ECF شماره ۱ ¶ ۵، ضمیمه۸۶ | والد (متوفی) | رونالد پی. بوکا | ایالات متحده | نیویورک | آسترید بوکا، به عنوان نماینده شخصی ماترک جوزف بودکا، متوفی، والد متوفای رونالد پی. بوکا | ۱۰. |
| ECF شماره ۱ ¶ ۵، ضمیمه۸۶ | برادر/خواهر | رونالد پی. بوکا | ایالات متحده | نیویورک | رابرت بوکا، انفراداً، به عنوان برادر/خواهر بازمانده رونالد پی. بوکا | ۱۱. |
| ECF شماره ۱ ¶ ۵، ضمیمه۷ | همسر | دیوید کارلونه | ایالات متحده | کنکتیکات | بورلی کارلونه، انفراداً، به عنوان همسر بازمانده دیوید کارلونه | ۱۲. |
| ECF شماره ۱ ¶ ۵، ضمیمه۲ | همسر | استیون چاکنیک | ایالات متحده | نیوجرسی | باربارا چاکنیک، انفراداً، به عنوان همسر بازمانده استیون چاکنیک | ۱۳. |
| ECF شماره ۱ ¶ ۵، ضمیمه۳۴ | والد | خوان پابلو آلوارز سیسنروس | ایالات متحده | کالیفرنیا | آلفونسو سیسنروس، انفراداً، به عنوان والد بازمانده پابلو آلوارز سیسنروس | ۱۴. |
| ECF شماره ۱ ¶ ۵، ضمیمه۴۳ | همسر | جری دیکرسون | ایالات متحده | آرکانزاس | پیج دانترزلر دیکرسون، انفراداً، به عنوان همسر بازمانده جری دیکرسون | ۱۵. |
| ECF شماره ۱ ¶ ۵، ضمیمه۷۱ | برادر/خواهر | کریستوفر دافی | ایالات متحده | نیویورک | برایان دافی، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر دافی | ۱۶. |
| ECF شماره ۱ ¶ ۵، ضمیمه۷۱ | والد | کریستوفر دافی | ایالات متحده | نیویورک | جان جی. دافی، انفراداً، به عنوان والد بازمانده کریستوفر دافی | ۱۷. |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| 18. | کورین دافی، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر دافی | نیویورک | ایالات متحده | کریستوفر دافی | برادر/خواهر | ECF شماره 1 ¶ 5، ضمیمه71 |
| 19. | جیمز فهلینگ، انفراداً، به عنوان برادر بازمانده لی فهلینگ | نیویورک | ایالات متحده | لی فهلینگ | برادر/خواهر | ECF شماره 1 ¶ 5، ضمیمه37 |
| 20. | توماس فهلینگ، انفراداً، به عنوان برادر بازمانده لی فهلینگ | نیویورک | ایالات متحده | لی فهلینگ | برادر/خواهر | ECF شماره 1 ¶ 5، ضمیمه37 |
| 21. | دانیل فهلینگ- واسنیسکی، انفراداً، به عنوان همسر بازمانده لی فهلینگ | نیویورک | ایالات متحده | لی فهلینگ | همسر | ECF شماره 1 ¶ 5، ضمیمه37 |
| 22. | آدریانا فیوری، انفراداً، به عنوان فرزند بازمانده پل فیوری | کنتیکات | ایالات متحده | پل فیوری | فرزند | ECF شماره 1 ¶ 5، ضمیمه53 |
| 23. | دبی فلوری، انفراداً، به عنوان فرزند بازمانده پل فیوری | کنتیکات | ایالات متحده | پل فیوری | فرزند | ECF شماره 1 ¶ 5، ضمیمه53 |
| 24. | سینتیا ام. گومز، انفراداً، به عنوان همسر بازمانده دنیس جیمز گومز | کارولینای شمالی | ایالات متحده | دنیس جیمز گومز | همسر | ECF شماره 1 ¶ 5، ضمیمه63 |
| 25. | گیلیان گرانسال- جوزف، انفراداً، به عنوان همسر بازمانده استفن جوزف | آریزونا | ایالات متحده | استفن جوزف | همسر | ECF شماره 1 ¶ 5، ضمیمه35 |

تاریخ: 8 جولای 2022

تقدیم با احترام،

/امضا/ جری اس. گلدمن
_____

5

جری اس. گلدمن، وکیل دعاوی
بروس استرانگ، وکیل دعاوی
الکساندر گرین، وکیل دعاوی
شرکت آندرسون کیل
1251 Avenue of the Americas
New York, NY 10020
تلفن: (212) 278-1000
فکس:278-1733 (212)
ایمیل: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*وکلای خواهان‌ها*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

In re:                                                03-MDL-1570 (GBD)(SN)

   **TERRORIST ATTACKS ON**                    **IRAN NOTICE OF**
   **SEPTEMBER 11, 2001**                          **AMENDMENT**

------------------------------------X

This document relates to:

*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193-UA

      Plaintiffs file this Notice of Amendment with respect to the underlying Complaint in the

above-referenced matter, ECF No. 1, as permitted and approved by the Court's Order of October

28, 2019, MDL ECF No. 5234. Upon the filing of this Notice of Amendment, the underlying

Complaint is deemed amended to add the individual(s) listed below (the "New Plaintiff(s)") as

plaintiff(s) raising claims against the Islamic Republic of Iran. The underlying Complaint is

deemed amended to include the allegations, as indicated below, of (a) the <u>Federal Insurance</u> and

<u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of

Iran, MDL ECF No. 3237, or (b) the Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>,

No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53. The amendment effected

through this Notice of Amendment supplements by incorporation into, but does not displace, the

underlying Complaint. This Notice of Amendment relates solely to the Islamic Republic of Iran

and does not apply to any other defendant.

      Upon filing this Iran Notice of Amendment, each New Plaintiff is deemed to have

adopted all factual and jurisdictional allegations of the complaint that has been joined as

docs-100502874.1

specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each New Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at <u>Havlish v. Bin Laden</u>, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), MDL ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (MDL ECF No. 2540).

## CAUSES OF ACTION

Each New Plaintiff hereby adopts and incorporates herein by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, MDL ECF No. 3237

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

2

## IDENTIFICATION OF NEW PLAINTIFFS

Each New Plaintiff is or was a survivor of a person who died due to the terrorist attacks of September 11, 2001. For each New Plaintiff, the following chart lists the New Plaintiff's name, the New Plaintiff's residency and nationality, the name of the New Plaintiff's deceased family member, the New Plaintiff's relationship to the decedent, and the paragraph(s) of the underlying Complaint discussing the decedent and/or the decedent's estate.

| | New Plaintiff's Name (alphabetical by last name) | New Plaintiff's State of Residency at Filing | New Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Name | New Plaintiff's Relationship to 9/11 Decedent | Paragraphs of Complaint Discussing 9/11 Decedent |
|---|---|---|---|---|---|---|
| 1. | Anne Lynn Hayashi, individually, as surviving spouse of Stuart (Soo-Jin) Lee | NY | United States | Stuart (Soo-Jin) Lee | Spouse | ECF No. 1 ¶ 5, App. ¶ 48 |
| 2. | Dennis Ketcham, individually, as surviving parent of Douglas D. Ketcham | FL | United States | Douglas D. Ketcham | Parent | ECF No. 1 ¶ 5, App. ¶ 73 |
| 3. | Dennis Ketcham as Personal Representative of the Estate of Raenell Ketcham, deceased, the late parent of Douglas D. Ketcham | FL | United States | Douglas D. Ketcham | Parent (Deceased) | ECF No. 1 ¶ 5, App. ¶ 73 |
| 4. | Shweta Khandelwal, individually, as surviving spouse of Rajesh Khandelwal | NJ | India | Rajesh Khandelwal | Spouse | ECF No. 1 ¶ 5, App. ¶ 8 |
| 5. | Susan M. King as Personal Representative of the Estate of Stewart King, deceased, the late parent of Amy King | NY | United States | Amy King | Parent (Deceased) | ECF No. 1 ¶ 5, App. ¶ 1 |
| 6. | James McKenley, individually, as surviving sibling of Jacqueline Young | SC | United States | Jacqueline Young | Sibling | ECF No. 1 ¶ 5, App. ¶ 12 |

docs-100502874.1

| | | | | | | |
|---|---|---|---|---|---|---|
| 7. | Caitlin Duffy Meloy, individually, as surviving sibling of Christopher Duffy | MA | United States | Christopher Duffy | Sibling | ECF No. 1 ¶ 5, App. ¶ 71 |
| 8. | Amy Mulderry, individually, as surviving sibling of Stephen Mulderry | NY | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 9. | Andrew Mulderry, individually, as surviving sibling of Stephen Mulderry | NY | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 10. | Anne M. Mulderry, individually, as surviving parent of Stephen Mulderry | NY | United States | Stephen Mulderry | Parent | ECF No. 1 ¶ 5, App. ¶ 98 |
| 11. | Anne C. Mulderry, individually, as surviving sibling of Stephen Mulderry | NY | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 12. | Daniel Mulderry, individually, as surviving sibling of Stephen Mulderry | CA | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 13. | Darra Mulderry, individually, as surviving sibling of Stephen Mulderry | RI | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 14. | Peter Mulderry, individually, as surviving sibling of Stephen Mulderry | NY | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 15. | Amy Mulderry as Personal Representative of the Estate of William Mulderry, deceased, the late parent of Stephen Mulderry | NY | United States | Stephen Mulderry | Parent (Deceased) | ECF No. 1 ¶ 5, App. ¶ 98 |
| 16. | William J. Mulderry, individually, as surviving sibling of Stephen Mulderry | NJ | United States | Stephen Mulderry | Sibling | ECF No. 1 ¶ 5, App. ¶ 98 |
| 17. | Kara Mylod, individually, as surviving sibling of Christopher Duffy | GA | United States | Christopher Duffy | Sibling | ECF No. 1 ¶ 5, App. ¶ 71 |

4

docs-100502874.1

| 18. | Lorraine Nedell, individually, as surviving spouse of Laurence Nedell | NY | United States | Laurence Nedell | Spouse | ECF No. 1 ¶ 5, App. ¶ 9 |
| 19. | Stefanie Oliva, individually, as surviving spouse of Alex F. Ciccone | NY | United States | Alex F. Ciccone | Spouse | ECF No. 1 ¶ 5, App. ¶ 70 |
| 20. | Valada B. Penny, individually, as surviving spouse of Richard Penny | GA | United States | Richard Penny | Spouse | ECF No. 1 ¶ 5, App. ¶ 84 |
| 21. | June Pietruszkiewicz, individually, as surviving spouse of James Suozzo | SC | United States | James Suozzo | Spouse | ECF No. 1 ¶ 5, App. ¶ 100 |
| 22. | Gayle Regan, individually, as surviving spouse of Thomas Regan | NJ | United States | Thomas Regan | Spouse | ECF No. 1 ¶ 5, App. ¶ 40 |
| 23. | Elizabeth Rick, individually, as surviving spouse of Scott Bart | NY | United States | Scott Bart | Spouse | ECF No. 1 ¶ 5, App. ¶ 92 |
| 24. | Isabel Roach, individually, as surviving spouse of Stephen Roach | SC | United States | Stephen Roach | Spouse | ECF No. 1 ¶ 5, App. ¶ 88 |
| 25. | Lynda T. Scarcella, individually, as surviving spouse of Paul Fiori | CT | United States | Paul Fiori | Spouse | ECF No. 1 ¶ 5, App. ¶ 53 |

Dated: July 8, 2022

Respectfully submitted,

*/s/ Jerry S. Goldman*

5

docs-100502874.1

Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
         bstrong@andersonkill.com
         agreene@andersonkill.com

*Attorneys for Plaintiffs*

6

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

عطف به:

حملات تروریستی 11 سپتامبر 2001

03-MDL-1570 (GBD)(SN)

ابلاغیه اصلاحیه ایران

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

این سند مربوط است به:

*سوزان ام. کینگ و دیگران علیه جمهوری اسلامی ایران، شماره 1:22-cv-05193-UA*

خواهان‌ها این ابلاغیه اصلاحیه در خصوص شکایت اصلی در مورد موضوع فوق، ECF به شماره 1 را که بنا به

دستور دادگاه به تاریخ 28 اکتبر 2019، MDL ECF به شماره 5234 مجاز دانسته شده و تأیید گردیده است، مطرح

می‌نمایند. در هنگام ارائه این ابلاغیه اصلاحیه، فرض بر این خواهد بود که شکایت اصلی اصلاح شده، افراد مندرج در زیر

("خواهان‌های جدید") را به‌عنوان خواهان‌هایی اضافه می‌کند که دعاوی را علیه جمهوری اسلامی ایران مطرح می‌کنند.

فرض بر این خواهد بود که شکایت اصلی اتهامات مشخص مندرج در زیر را شامل می‌شود: (الف) شکایت تجمیعی اصلاح

شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، MDL ECF شماره 3237، یا (ب) یا شکایت

اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 15-CV-9903 (GBD)(SN) .S.D.N.Y. 8 فوریه 2016)

ECF شماره 53. اصلاحیه‌ای که از طریق این ابلاغیه اصلاحیه نافذ می‌شود، با درج در شکایت اصلی مکمل آن خواهد بود

اما جایگزین آن نمی‌شود. این ابلاغیه اصلاحیه تنها مربوط به جمهوری اسلامی ایران بوده و به هیچ خوانده دیگری مربوط

نمی‌شود.

فرض بر این خواهد بود که با ابلاغ این ابلاغیه اصلاحیه ایران، هریک از خواهان(های) جدید تمامی اتهامات

مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه

شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

docs-100502874.1

علاوه بر این، هر یک از خواهان‌های جدید اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در

پرونده <u>هاولیش علیه بن لادن</u>، به شماره ECF ‏،(.S.D.N.Y) (SN) (GBD) ‏1:03-CV-9848 شماره‌های 263، 294،

295؛ <u>عطف به حملات تروریستی 11 سپتامبر 2001</u>، پرونده MDL ‏،(.S.D.N.Y) (SN) (GBD) ‏03-MDL-1570

ECF شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی

جورج بی. دانیلز در 15 دسامبر 2011 ‏(MDL ECF شماره 2540) را گنجانده‌اند.

## علل اقدام

بدین وسیله هریک از خواهان(های) جدید با ارجاع به تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و

درخواست محاکمه با حضور هیئت منصفه از جمله تمام علل اقدام علیه ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط**

**یک شکایت** را علامت بزنید]:

☐   شکایت تجمیعی اصلاح شده خواهان‌ها <u>بیمه فدرال</u> و <u>اشتون</u> علیه خوانده، جمهوری اسلامی
ایران، MDL ECF شماره 3237

☒   شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره ‏(GBD) ‏15-CV-9903
‏(SN) ‏Y.S.D.N. به تاریخ 8 فوریه (2016، ECF شماره 53

2

docs-100502874.1

## شناسایی خواهان‌های جدید

هر خواهان جدید بازمانده شخصی بوده یا هست که در اثر حملات تروریستی ۱۱ سپتامبر ۲۰۰۱ فوت کرده است. برای هر خواهان جدید، جدول زیر این موارد را مشخص می‌کند: نام خواهان جدید، اقامت یا تابعیت خواهان جدید، نام عضو خانواده متوفی خواهان جدید، نسبت خواهان جدید با متوفی، بند(هایی) از شکایت اصلی در خصوص متوفی و/یا ماترک متوفی.

| نام خواهان جدید (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان جدید در زمان طرح دعوی | تابعیت/ ملیت خواهان جدید در تاریخ ۹/۱۱/۲۰۰۱ | نام متوفی ۹/۱۱ | نسبت خواهان جدید با متوفی ۹/۱۱ | بندهایی از شکایت در خصوص متوفی ۹/۱۱ | |
|---|---|---|---|---|---|---|
| ۱. | آن لین هایاشی، انفراداً به عنوان همسر بازمانده استوارت (سوجین) لی | نیویورک | ایالات متحده | استوارت (سوجین) لی | همسر | ECF شماره ۱ ¶ ۴۸، ضمیمه ۵ |
| ۲. | دنیس کچام، انفراداً، به عنوان والد بازمانده داگلاس دی. کچام | فلوریدا | ایالات متحده | داگلاس دی. کچام | والد | ECF شماره ۱ ¶ ۷۳، ضمیمه ۵ |
| ۳. | دنیس کچام به عنوان نماینده شخصی ماترک رائل کچام، متوفی، والد متوفای داگلاس دی. کچام | فلوریدا | ایالات متحده | داگلاس دی. کچام | والد (متوفی) | ECF شماره ۱ ¶ ۷۳، ضمیمه ۵ |
| ۴. | شویتا کهندلوال، انفراداً، به عنوان همسر بازمانده راجش کهندلوال | نیوجرسی | هندوستان | راجش کهندلوال | همسر | ECF شماره ۱ ¶ ۸، ضمیمه ۵ |
| ۵. | سوزان ام. کینگ به عنوان نماینده شخصی ماترک استوارت کینگ، متوفی، والد متوفای امی کینگ | نیویورک | ایالات متحده | امی کینگ | والد (متوفی) | ECF شماره ۱ ¶ ۱، ضمیمه ۵ |
| ۶. | جیمز مک‌نلی، انفراداً، به عنوان برادر بازمانده ژاکلین یانگ | کارولینای جنوبی | ایالات متحده | ژاکلین یانگ | برادر/خواهر | ECF شماره ۱ ¶ ۱۲، ضمیمه ۵ |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| ECF شماره ۱ ¶ ۷۱ ضمیمه ۵، | برادر/خواهر | کریستوفر دافی | ایالات متحده | ماساچوست | کاتلین دافی ملوی، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر دافی | 7. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | نیویورک | امی مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 8. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | نیویورک | آندرو مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 9. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | والد | استفن مولدری | ایالات متحده | نیویورک | آن ام. مولدری، انفراداً، به عنوان والد بازمانده استفن مولدری | 10. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | نیویورک | آن سی. مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 11. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | کالیفرنیا | دانیل مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 12. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | رود آیلند | دارا مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 13. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | نیویورک | پیتر مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 14. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | والد (متوفی) | استفن مولدری | ایالات متحده | نیویورک | امی مولدری به‌عنوان نماینده شخصی ماترک ویلیام مولدری، متوفی، والد متوفای استفن مولدری | 15. |
| ECF شماره ۱ ¶ ۹۸ ضمیمه ۵، | برادر/خواهر | استفن مولدری | ایالات متحده | نیوجرسی | ویلیام جی. مولدری، انفراداً، به عنوان برادر/خواهر بازمانده استفن مولدری | 16. |
| ECF شماره ۱ ¶ ۷۱ ضمیمه ۵، | برادر/خواهر | کریستوفر دافی | ایالات متحده | جورجیا | کارا میلود، انفراداً، به عنوان برادر/خواهر بازمانده کریستوفر دافی | 17. |

4

| | | | | | |
|---|---|---|---|---|---|
| 18. | لورین ندل، انفراداً، به عنوان همسر بازمانده لارنس ندل | نیویورک | ایالات متحده | لارنس ندل | همسر | ECF شماره 1 ¶ 9، ضمیمه5 |
| 19. | استفانی الیویا، انفراداً، به عنوان همسر بازمانده الکس اف. سیکونه | نیویورک | ایالات متحده | الکس اف. سیکونه | همسر | ECF شماره 1 ¶ 70، ضمیمه5 |
| 20. | والدا بی. پنی، انفراداً، به عنوان همسر بازمانده ریچارد پنی | جورجیا | ایالات متحده | ریچارد پنی | همسر | ECF شماره 1 ¶ 84، ضمیمه5 |
| 21. | جون پیتروشکیویچ، انفراداً، به عنوان همسر بازمانده جیمز سوزو | کارولینای جنوبی | ایالات متحده | جیمز سوزو | همسر | ECF شماره 1 ¶ 100، ضمیمه5 |
| 22. | گیل ریگان، انفراداً، به عنوان همسر بازمانده توماس ریگان | نیوجرسی | ایالات متحده | توماس ریگان | همسر | ECF شماره 1 ¶ 40، ضمیمه5 |
| 23. | الیزابت ریک، انفراداً، به عنوان همسر بازمانده اسکات بارت | نیویورک | ایالات متحده | اسکات بارت | همسر | ECF شماره 1 ¶ 92، ضمیمه5 |
| 24. | ایزابل روچ، انفراداً، به عنوان همسر بازمانده استفن روچ | کارولینای جنوبی | ایالات متحده | استفن روچ | همسر | ECF شماره 1 ¶ 88، ضمیمه5 |
| 25. | لیندا تی. اسکارسلا، انفراداً، به عنوان همسر بازمانده پل فیوری | کنکتیکات | ایالات متحده | پل فیوری | همسر | ECF شماره 1 ¶ 53، ضمیمه5 |

تاریخ: 8 جولای 2022

تقدیم با احترام،

*امضا / جری اس. گلدمن*
_____

جری اس. گلدمن، وکیل دعاوی

بروس استرانگ، وکیل دعاوی

الکساندر گرین، وکیل دعاوی

شرکت آندرسون کیل

1251 Avenue of the Americas

New York, NY 10020

تلفن: (212) 278-1000

فکس:1733-278 (212)

ایمیل: jgoldman@andersonkill.com

bstrong@andersonkill.com

agreene@andersonkill.com

*وکلای خواهان‌ها*

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                          **03-MDL-1570 (GBD)(SN)**

     **TERRORIST ATTACKS ON**            **IRAN NOTICE OF**
     **SEPTEMBER 11, 2001**                **AMENDMENT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

This document relates to:

*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193-UA

     Plaintiffs file this Notice of Amendment with respect to the underlying Complaint in the above-referenced matter, ECF No. 1, as permitted and approved by the Court's Order of October 28, 2019, MDL ECF No. 5234. Upon the filing of this Notice of Amendment, the underlying Complaint is deemed amended to add the individual(s) listed below (the "New Plaintiff(s)") as plaintiff(s) raising claims against the Islamic Republic of Iran. The underlying Complaint is deemed amended to include the allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, MDL ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53. The amendment effected through this Notice of Amendment supplements by incorporation into, but does not displace, the underlying Complaint. This Notice of Amendment relates solely to the Islamic Republic of Iran and does not apply to any other defendant.

     Upon filing this Iran Notice of Amendment, each New Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in

docs-100502875.1

connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each New Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed in <u>Havlish v. Bin Laden</u>, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), MDL ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (MDL ECF No. 2540).

## CAUSES OF ACTION

Each New Plaintiff hereby adopts and incorporates herein by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against Iran, as set forth in the following complaint [**check <u>only one</u> complaint**]:

- ☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, MDL ECF No. 3237

- ☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

2

## IDENTIFICATION OF NEW PLAINTIFFS

Each New Plaintiff is or was a survivor of a person who died due to the terrorist attacks

of September 11, 2001. For each New Plaintiff, the following chart lists the New Plaintiff's

name, the New Plaintiff's residency and nationality, the name of the New Plaintiff's deceased

family member, the New Plaintiff's relationship to the decedent, and the paragraph(s) of the

underlying Complaint discussing the decedent and/or the decedent's estate.

| | New Plaintiff's Name (alphabetical by last name) | New Plaintiff's State of Residency at Filing (or death) | New Plaintiff's Citizenship/ Nationality on 9/11/2001 | 9/11 Decedent's Name | New Plaintiff's Relationship to 9/11 Decedent | Paragraphs of Complaint Discussing 9/11 Decedent |
|---|---|---|---|---|---|---|
| 1. | Gail Ingersoll Sezna, individually, as surviving parent of Davis Grier Sezna, Jr. | MD | United States | Davis Grier Sezna, Jr. | Parent | ECF No. 1 ¶ 5, App. ¶ 24 |
| 2. | Walter William Sezna II, individually, as surviving sibling of Davis Grier Sezna, Jr. | FL | United States | Davis Grier Sezna, Jr. | Sibling | ECF No. 1 ¶ 5, App. ¶ 24 |
| 3. | Alex Suozzo, individually, as surviving child of James Suozzo | NY | United States | James Suozzo | Child | ECF No. 1 ¶ 5, App. ¶ 100 |
| 4. | Timothy Suozzo, individually, as surviving child of James Suozzo | SC | United States | James Suozzo | Child | ECF No. 1 ¶ 5, App. ¶ 100 |
| 5. | Ann Marie Taylor, individually, as surviving sibling of Kip P. Taylor | CO | United States | Kip P. Taylor | Sibling | ECF No. 1 ¶ 5, App. ¶ 79 |
| 6. | Kay Ann Taylor, individually, as surviving parent of Kip P. Taylor | CO | United States | Kip P. Taylor | Parent | ECF No. 1 ¶ 5, App. ¶ 79 |
| 7. | Loubertha Williams, individually, as surviving parent of Jacqueline Young | SC | United States | Jacqueline Young | Parent | ECF No. 1 ¶ 5, App. ¶ 12 |

3

| 8. | Brittley Wise, individually, as surviving spouse of Richard Salinardi, Jr. | NY | United States | Richard Salinardi, Jr. | Spouse | ECF No. 1 ¶ 5, App. ¶ 54 |
|---|---|---|---|---|---|---|

Dated: July 8, 2022

Respectfully submitted,

*/s/ Jerry S. Goldman*

Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com

*Attorneys for Plaintiffs*

4

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

عطف به:

**03-MDL-1570 (GBD)(SN)**

حملات تروریستی 11 سپتامبر 2001

ابلاغیه اصلاحیه ایران

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

این سند مربوط است به:

*سوزان ام.کینگ و دیگران علیه جمهوری اسلامی ایران*، شماره 1:22-cv-05193-UA

خواهان‌ها این ابلاغیه اصلاحیه در خصوص شکایت اصلی در مورد موضوع فوق، ECF به شماره 1 را که بنا به دستور دادگاه به تاریخ 28 اکتبر 2019، MDL ECF به شماره 5234 مجاز دانسته شده و تأیید گردیده است، مطرح می‌نمایند. در هنگام ارائه این ابلاغیه اصلاحیه، فرض بر این خواهد بود که شکایت اصلی اصلاح شده، افراد مندرج در زیر ("خواهان‌های جدید") را به‌عنوان خواهان‌هایی اضافه می‌کند که دعاوی را علیه جمهوری اسلامی ایران مطرح می‌کنند. فرض بر این خواهد بود که شکایت اصلی اتهامات مشخص مندرج در زیر را شامل می‌شود: (الف) شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، MDL ECF شماره 3237، یا (ب) یا شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره (S.D.N.Y 15-CV-9903 (GBD)(SN) به تاریخ 8 فوریه ECF(2016 شماره 53. اصلاحیه‌ای که از طریق این ابلاغیه اصلاحیه نافذ می‌شود، با درج در شکایت اصلی مکمل آن خواهد بود اما جایگزین آن نمی‌شود. این ابلاغیه اصلاحیه تنها مربوط به جمهوری اسلامی ایران بوده و به هیچ خوانده دیگری مربوط نمی‌شود.

فرض بر این خواهد بود که با ابلاغ این ابلاغیه اصلاحیه ایران، هریک از خواهان(های) جدید تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

docs-100502875.1

علاوه بر این، هر یک از خواهان‌های جدید اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولیش علیه بن لادن، به شماره ECF ,.S.D.N.Y) (SN)(GBD) 9848-CV-03:1 شماره‌های 263، 294، 295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده 1570-MDL-03 ECF MDL ,.S.D.N.Y) (SN) (GBD) شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF MDL شماره 2540) را گنجانده‌اند.

**علل اقدام**

بدین وسیله هریک از خواهان(های) جدید با ارجاع به تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه با حضور هیئت منصفه با تمام علل اقدام علیه ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط یک شکایت را علامت بزنید**]:

☐   شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF MDL شماره 3237

☒   شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y. 8) (GBD) (SN) 9903-CV-15) فوریه 2016)ECF شماره 53

docs-100502875.1

## شناسایی خواهان‌های جدید

هر خواهان جدید بازمانده شخصی بوده یا هست که در اثر حملات تروریستی 11 سپتامبر 2001 فوت کرده است. برای هر خواهان جدید، جدول زیر این موارد را مشخص می‌کند: نام خواهان جدید، اقامت یا تابعیت خواهان جدید، نام عضو خانواده متوفی خواهان جدید، نسبت خواهان جدید با متوفی، بند(هایی) از شکایت اصلی در خصوص متوفی و/یا ماترک متوفی.

| نام خواهان جدید (به ترتیب حروف الفبای نام خانوادگی) | ایالت اقامت خواهان جدید در زمان طرح دعوی (یا مریک) | تابعیت/ ملیت خواهان جدید در تاریخ 9/11/2001 | نام متوفی 9/11 | نسبت خواهان جدید با متوفی 9/11 | بندهایی از شکایت در خصوص متوفی 9/11 |
|---|---|---|---|---|---|
| 1. گیل اینگرسول سزنا، انفراداً، به عنوان والد بازمانده دیویس گریر سزنا جونیور | مریلند | ایالات متحده | دیویس گریر سزنا جونیور | والد | ECF شماره ¶ 1 5، ضمیمه24 ¶ |
| 2. والتر ویلیام سزنا دوم، انفراداً، به عنوان برادر بازمانده دیویس گریر سزنا جونیور | فلوریدا | ایالات متحده | دیویس گریر سزنا جونیور | برادر/خواهر | ECF شماره ¶ 1 5، ضمیمه24 ¶ |
| 3. الکس سوزو، انفراداً، به عنوان فرزند بازمانده جیمز سوزو | نیویورک | ایالات متحده | جیمز سوزو | فرزند | ECF شماره ¶ 1 5، ضمیمه100 ¶ |
| 4. تیموتی سوزو، انفراداً، به عنوان فرزند بازمانده جیمز سوزو | کارولینای جنوبی | ایالات متحده | جیمز سوزو | فرزند | ECF شماره ¶ 1 5، ضمیمه100 ¶ |
| 5. آن ماری تیلور، انفراداً، به عنوان خواهر بازمانده کیپ پی. تیلور | کلرادو | ایالات متحده | کیپ پی. تیلور | برادر/خواهر | ECF شماره ¶ 1 5، ضمیمه79 ¶ |
| 6. کی آن تیلور، انفراداً، به عنوان والد بازمانده کیپ پی. تیلور | کلرادو | ایالات متحده | کیپ پی. تیلور | والد | ECF شماره ¶ 1 5، ضمیمه79 ¶ |
| 7. لوبرتا ویلیامز، انفراداً، به عنوان برادر/خواهر بازمانده ژاکلین یانگ | کارولینای جنوبی | ایالات متحده | ژاکلین یانگ | والد | ECF شماره ¶ 1 5، ضمیمه12 ¶ |

docs-100502875.1

| | | | | | | 8. |
|---|---|---|---|---|---|---|
| ¶ شماره ECF 1، ضمیمه 54 ¶ 5 | همسر | ریچارد سالیناردی جونیور | ایالات متحده | نیویورک | بریتلی وایز، انفراداً، به عنوان همسر بازمانده ریچارد سالیناردی جونیور | |

تاریخ: 8 جولای 2022

تقدیم با احترام،

// امضا / جری اس. گلدمن //

جری اس. گلدمن، وکیل دعاوی

بروس استرانگ، وکیل دعاوی

الکساندر گرین، وکیل دعاوی

شرکت آندرسون کیل

1251 Avenue of the Americas

New York, NY 10020

تلفن: 1000-278 (212)

فکس: 1733-278 (212)

ایمیل: jgoldman@andersonkill.com

bstrong@andersonkill.com

agreene@andersonkill.com

وکلای خواهان‌ها

docs-100502875.1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As relates to 03 MDL 1570 (GBD) (SN) |
| SUSAN M. KING, et al., | Civil Docket Number:  1:22-cv-05193-UA |
| PLAINTIFFS, | |
| v. | |
| ISLAMIC REPUBLIC OF IRAN, | |
| DEFENDANT. | |

## NOTICE OF SUIT

1.  Title of legal proceeding:   *Susan M. King, et al. v. Islamic Republic of Iran*

    Full Name of Court:   United States District Court for the Southern District of New York

    Docket Number:   1:22-cv-05193-UA

    Judge:   Unassigned

2.  Name of foreign state concerned:   The Islamic Republic of Iran

3.  Identity of the other Parties:   None

4.  Nature of documents served:   Summons and Complaint (in English and Farsi)

5.  Nature and Purpose of Proceedings:   Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001.  The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.

6.  A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891). These sections of the United States Code are attached in English and Farsi.

Dated: June 24, 2022

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York
Telephone: 212-278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

docs-100338133.1

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

| | |
|---|---|
| مرتبط با (SN) (GBD) 1570 MDL 03 | عطف به حملات تروریستی 11 سپتامبر 2001 |
| شماره پرونده مدنی: 1:22-cv-05193-UA | سوزان ام. کینگ و دیگران، |
| | خواهان‌ها، |
| | علیه |
| | جمهوری اسلامی ایران، |
| | خوانده. |

**ابلاغیه اقامه دعوی**

1. عنوان دادرسی حقوقی:    *سوزان ام. کینگ و دیگران علیه جمهوری اسلامی ایران*

   نام کامل دادگاه:    دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک

   شماره پرونده:    1:22-cv-05193-UA

   قاضی:    اختصاص داده نشده

2. نام دولت خارجی مربوطه:    جمهوری اسلامی ایران

3. هویت طرفین دیگر:    وجود ندارد

4. ماهیت اسناد ابلاغ شده:    احضاریه و شکایت (به زبان انگلیسی و فارسی)

5. ماهیت و هدف دادرسی‌ها:    اقدام برای جبران خسارت قتل غیرعمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است.

6. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود. پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.

7. عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.

8. سؤالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشورهای خارجی براساس قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های 1330، 1391(f)، 1441(d)، و 1602 تا 1611، عنوان 28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583; 90 Stat. 2891). این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ: 24 ژوئن 2022

/امضا/ جری اس. گلدمن
وکیل دعاوی جری اس. گلدمن
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York تلفن: -212
278-1000
jgoldman@andersonkill.com وکلای
خواهان‌ها

2

docs-100338133.1

I.   *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

II.   *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

**(f)** Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)** in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)** in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)** in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS §*
*1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is
brought against a foreign state or political subdivision thereof.


### *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.


*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL*
*PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 89. DISTRICT COURTS;*
*REMOVAL OF CASES FROM STATE COURTS*


## § 1441. Removal of civil actions

**(d)** Actions against foreign states.  Any civil action brought in a State court against a
foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be
removed by the foreign state to the district court of the United States for the district and
division embracing the place where such action is pending. Upon removal the action shall
be tried by the court without jury. Where removal is based upon this subsection, the time
limitations of section 1446(b) of this chapter *[28 USCS § 1446(b)]* may be enlarged at any
time for cause shown.


### *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND*
*VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of
foreign states to immunity from the jurisdiction of such courts would serve the interests of justice
and would protect the rights of both foreign states and litigants in United States courts. Under
international law, states are not immune from the jurisdiction of foreign courts insofar as their
commercial activities are concerned, and their commercial property may be levied upon for the
satisfaction of judgments rendered against them in connection with their commercial activities.
Claims of foreign states to immunity should henceforth be decided by courts of the United States
and of the States in conformity with the principles set forth in this chapter *[28 USCS §§ 1602* et
seq.].

### *28 USCS § 1603*
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)** A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity—

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)** A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)** A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### *28 USCS § 1604*
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a)  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

(1)  in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2)  in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3)  in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4)  in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5)  not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

(A)  any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B)  any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

(6)  in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)** notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)** notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)** Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)** A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)** [Repealed]

**(g)** Limitation on discovery.

**(1)** In general.

**(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2)** Sunset.

**(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

**(i)** create a serious threat of death or serious bodily injury to any person;

**(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

**(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

**(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

**(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

**(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)** the taking occurred after 1900;

(iv) the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

(v) a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

(3) Definitions. For purposes of this subsection

(A) the term "work" means a work of art or other object of cultural significance;

(B) the term "covered government" means

(i) the Government of Germany during the covered period;

(ii) any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

(iii) any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

(iv) any government in Europe that was an ally of the Government of Germany during the covered period; and

(C) the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.

## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

(a) In general.

(1) No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

(2) Claim heard. The court shall hear a claim under this section if—

(A) (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

**(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

**(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

   **(I)** a national of the United States;

   **(II)** a member of the armed forces; or

   **(III)** otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

   **(IV)** in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

**(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

**(b)** Limitations.  An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

   **(1)** 10 years after April 24, 1996; or

   **(2)** 10 years after the date on which the cause of action arose.

**(c)** Private right of action.  A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

   **(1)** a national of the United States,

   **(2)** a member of the armed forces,

   **(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

**(4)** the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

**(d)** Additional damages. After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

**(e)** Special masters.

**(1)** In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

**(2)** Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (_42 U.S.C. 10603c_), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

**(f)** Appeal. In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this _title [28 USCS § 1292(b)]_.

**(g)** Property disposition.

**(1)** In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

**(A)** subject to attachment in aid of execution, or execution, under section 1610 [_28 USCS § 1610_];

**(B)** located within that judicial district; and

**(C)** titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

**(2)** Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

**(3)** Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

**(h)** Definitions.  For purposes of this section—

**(1)** the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

**(2)** the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

**(3)** the term "material support or resources" has the meaning given that term in section 2339A of title 18;

**(4)** the term "armed forces" has the meaning given that term in section 101 of title 10;

**(5)** the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

**(6)** the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

**(7)** the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

**(a)** Definition.  In this section, the term "international terrorism"

**(1)** has the meaning given the term in *section 2331 of title 18, United States Code*; and

**(2)** does not include any act of war (as defined in that section).

**(b)** Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

**(1)** an act of international terrorism in the United States; and

**(2)** a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

(c)  Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333]* if the foreign state would not be immune under subsection (b).

(d)  Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.

## 28 USCS § 1606
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

(a)  for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

(b)  arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

<div align="center">

**28 USCS § 1608**
**Current through PL 115-181, approved 6/5/18**

</div>

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1608. Service; time to answer; default**

**(a)**  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)**  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)**  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)**  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

  **(3)** if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

   **(A)** as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

   **(B)** by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

   **(C)** as directed by order of the court consistent with the law of the place where service is to be made.

 **(c)** Service shall be deemed to have been made—

  **(1)** in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

  **(2)** in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

 **(d)** In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

 **(e)** No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

<u>**28 USCS § 1609**</u>
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97. JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

<u>**§ 1609. Immunity from attachment and execution of property of a foreign state**</u>

  Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

**28 USCS § 1610**
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1610. Exceptions to the immunity from attachment or execution

(a)  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

(1)  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

(2)  the property is or was used for the commercial activity upon which the claim is based, or

(3)  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

(4)  the execution relates to a judgment establishing rights in property

(A)  which is acquired by succession or gift, or

(B)  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

(5)  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6)  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7)  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

(b)  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

    **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

    **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

    **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

    **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

    **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

    **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

    **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

    **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

    **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

**(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

**(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

**(B)** In providing such assistance, the Secretaries

**(i)** may provide such information to the court under seal; and

**(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

**(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

**(g)** Property in certain actions.

**(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

**(A)** the level of economic control over the property by the government of the foreign state;

**(B)** whether the profits of the property go to that government;

**(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

**(D)** whether that government is the sole beneficiary in interest of the property; or

**(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

**(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

(3)  Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

## 28 USCS § 1611
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

(a)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

(1)  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2)  the property is, or is intended to be, used in connection with a military activity and

(A)  is of a military character, or

(B)  is under the control of a military authority or defense agency.

(c)  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

صفحه 1 از 18

<div dir="rtl">

یک.   _**1330§ USCS 28**_

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی  > فصل 85. دادگاه‌های ناحیه؛ صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

(a)   دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ مورد اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش a(1603) این _عنوان [ 1603 (a) § 28 USCS]_ تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605 این _عنوان [ 1607-1605 § § USCS 2%]_ یا هرگونه موافقتنامه بین‌المللی نباشد.

(b)   در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این _عنوان [ 1608 § USCS 28]_ انجام شده باشد.

(c)   در خصوص اهداف زیربخش (b)، حضور دولت خارجی مؤید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این _عنوان [ 1605 § § USCS 28-1607]_ ناشی شده باشد.

دو.   _**28 USCS § 1391**_

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی> فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

(f) اقدام‌های مدنی علیه یک دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش a(1603) این _عنوان [ 28 USCS § 1603(a)]_ تعریف شده قابل انجام است-

(1)   در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

(2)   در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش b(1605) این _عنوان [ 28 USCS § 1605(b)]_ مطرح شده باشد؛

(3)   در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش b(1603) این _عنوان [ 28 USCS § 1603(b)]_ مطرح شده باشد؛ یا

(4) در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

</div>

سیاسی آن صورت گیرد.

*28 USCS § 1441*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54 < عنوان 28. دادرسی و رویه دادرسی < بخش چهارم. صلاحیت قضایی و محل اقامه دعوی < فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

## § 1441. انتقال اقدام‌های مدنی

(d) اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش 1603(a) این [عنوان *28 USCS § 1603(a)*] مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش 1446(b) این فصل [*28 USCS § 1446(b)*] را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

*28 USCS § 1602*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده ـ عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی ـ بخش چهارم. صلاحیت قضایی و*
*محل اقامه دعوی؛ فصل 97.*
*مصونیت‌های قضایی دولت‌های خارجی*

## § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری آنها مربوط می‌شود از صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل [*28 USCS §§ 1602* et seq.] تعیین شود.

### *1603 § 28 USCS*
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده – عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضایی دولت‌های خارجی**

### 1603. تعاریف

برای اهداف این فصل [28 USCS §§ 1602 et seq.]

**(a)** یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [28 USCS § 1608]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

**(b)** یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است –

**(1)** که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

**(2)** یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

**(3)** که شهروند دولت ایالات متحده بنا به تعریف بخش (c)1332 و (e) این عنوان [28 USCS § 1332(c) و (e)] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

**(c)** "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

**(d)** "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

**(e)** یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

### 28 USCS § 1604
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده – عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1604. مصونیت یک دولت خارجی در برابر صلاحیت قضایی

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1605-1607 این فصل [28 USCS §§ 1605-1607].

### 28 USCS § 1605
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده – عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

(a) یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

(1) که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هر گونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند بر اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

(2) که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمروی ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

(3) که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

(4) که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

(5) به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

(A) هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

(B) هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

(6) که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید آن ارجاع صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [28 USCS § 16071] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

(b) دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده مصون باشد که در آن دادخواست مربوط به اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: *به شرط آنکه—*

(1) ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نمایندگی از طرف مطرح‌کننده دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط مسئول خواهد بود؛ و

**(2)** ابلاغیه شروع دعوای دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

**(c)** هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوطه دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچ‌یک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

**(d)** دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [ 46 USCS §§ 31301 et seq.] and in و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

**(f)** ، **(e)** [منسوخ شد]

(g) محدودیت کشف.

(1)   بطور کلی.

(A)  در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ 28 USCS § 1604]، همچنین بخش 1605A یا بخش 1605B [28 USCS § 1605A] یا [1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل باطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد میکند و مربوط به حادثهای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

(B)  توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور کشف توقف را صادر میکند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دورههای 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف باطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد میکند و مربوط به حادثهای است که منجر به علت اقدام شده است.

(2)   شرط اول.

(A)  در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

(B)  پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

(i)  موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی میشود؛

(ii)  بر توانایی ایالات متحده در زمینه همکاری با سازمانهای مجری قانون خارجی و بینالمللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

(iii)  مانعی در پرونده کیفری مربوط به حادثهای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پروندهای را تضعیف کند.

(3)   ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه میشود باید به صورت غیابی و غیرحضوری انجام شود.

(4)   منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 6(b)(12) و 56 قوانین رویه دادرسی مدنی فدرال گردد.

(5)   رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که بطور معمول در دسترس ایالات متحده است.

(h)  مصونیت حوزه قضایی برای برخی از فعالیتهای نمایشگاههای هنری.

(1)    بهطور کلی. اگر

(A) اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم میسازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

(B) رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

(C) ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 ( 22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نمایندهٔ آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (a)(3) در نظر گرفته شود.

(2)    استثنائات.

(A) دعاوی دوران نازیها. بند (1) در هر پروندهای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بینالمللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمیشود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

(iii) دادگاه تصمیم میگیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 28 USCS [28 USCS § 1603(d)] [1603(d)] تعریف شده است؛ و

(iv) تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

(B) سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پروندهای که صلاحیت قضایی آن مربوط به بخش فرعی (a)(3) بوده و در آن حقوق مالکیت با نقض حقوق بینالمللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمیشود و

(i) اموال مورد نظر اثر شرح داده شده در بند (1) است؛

(ii) اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظاممند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیبپذیر تملک شده است؛

(iii) تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش 1603(d) ([28 USCS § 1603(d)]) تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (a)(3) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

---

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** به‌طور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که—

**(A)** (I) (i) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)** در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3)(c)1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 7)(a)1605) [ 28 _USCS § 1605(a)(7]_ (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101) قسمت A قانون عمومی 104-208 [_28 USCS § 1605_] تبصره] مطرح شده باشد؛

    **(ii)** مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

        **(I)** تبعه ایالات متحده باشد؛

        **(II)** عضو نیروهای مسلح باشد؛ یا

        **(III)** به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

        **(IV)** در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص قوانین ادعا به موجب پذیرفته شده داوری بین‌المللی داده شود؛ یا

    **(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره EGS) 1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

    **(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده و حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 7)(a)1605) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c) 101) قسمت A قانون عمومی 104-208 [_28 USCS 5 1605_] تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

    **(1)** 10 سال پس از 24 آوریل 1996؛ یا

    **(2)** 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

    **(c)** حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی (a)(2)(A)(i) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

    **(1)** تبعه ایالات متحده باشد،

    **(2)** یک عضو نیروهای مسلح باشد،

    **(3)** یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

‫(4)   نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1)، یا (3)، برای صدمه شخصی یا‬
‫مرگ ناشی از اعمال شرح داده شده در بخش (a)(1)  دولت خارجی، یا مقام رسمی، یا کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات‬
‫متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های‬
‫اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت‌های تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات،‬
‫کارکنان، یا عوامل خود مسئول است.‬

‫(d)   خسارت‌های بیشتر. پس از طرح اقدام بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست‬
‫رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل‬
‫مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.‬

‫(e)   سرپرستان ویژه.‬

‫(1)   [1]  بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع‬
‫دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.‬

‫(2)   انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون‬
‫قربانیان جرم سال 1984 *(42 U.S.C. 10603c)*، را به مدیر دادگاه ناحیه‌ای ایالات متحده که در پرونده‌های مورد رسیدگی مطرح‬
‫شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب‬
‫بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان‬
‫هزینه‌های دادگاه تلقی شود.‬

‫(f)   درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به‬
‫احکامی که‬
‫بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش (b)1292 این *عنوان 28]*‬
‫*[(USCS § 1292(b* مطرح گردد.‬

‫(g)   مقررات مربوط به اموال.‬

‫(1)   بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت‬
‫قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه‬
‫شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص هر ملک و دارایی شخصی منقول باشد که——‬

‫(A)   مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 *[28 USCS § 76701*‬
‫باشد؛‬

‫(B)   در ناحیه قضایی واقع شده باشد؛ و‬

‫(C)   سند آن به نام هر یک از خوانده‌ها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد‬
‫که تحت کنترل هر یک از خوانده‌ها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.‬

‫(2)   ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و‬
‫به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام‬
‫نهادهای تحت کنترل هر خوانده به آن پیوست باشد.‬

(3) قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این

عنوان [1651 USCS §§ 28 .et seq] قابل اجرا باشد.

(h) تعاریف. برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت (22)(a)1101 .U.S.C 8) است؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 (i 2405 .App .U.S.C 50) [46050 USCS § 50]، بخش 620A قانون کمک خارجی 1961 (2371 .U.S.C 22)، ، بخش 40 قانون کنترل صادرات اسلحه (2780 .U.S.C 22)، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (1350 .U.S.C 28 تبصره).

## § 1605B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

(a) تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در بخش 2331 عنوان 18، قانون ایالات متحده است؛ و

(2) شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

(c)   دعاوی اتباع ایالات متحده. علی‌رغم بخش (2)2337 عنوان 18 [*18 USCS § 2337(2)*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن عنوان [*18 USCS § 2333*] مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

(d)   قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

**28 USCS § 1606**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

**§1606. میزان مسئولیت**

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [*28 USCS § 1605*] یا [*1607*] از مصونیت برخوردار نیست، دولت خارجی باید به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

**28 USCS § 1607**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضائی دولت‌های خارجی

**§ 1607. دعاوی متقابل**

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود ـ

(a)   که در قبل آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [*28 USCS § 1605*] یا [*1605A*] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

(b)   ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c)   تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع از آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**
جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a)   در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)   با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2)   اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)   اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه؛ یا

(4)   اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b)   در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1)   با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2)   اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر، منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3)   اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A)   بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

درخواست یا

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد ـ

**(1)** در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی دولت خارجی مذکور صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را درخصوص غرامت و با استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال می‌شود.

**<u>28 USCS §1609</u>**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**<u>§ 1609. مصونیت در برابر توقیف اموال دولت خارجی</u>**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1610 و 1611 این فصل [<u>28 USCS 55 1610</u> و <u>1611</u>].

**28 USCS § 1610**

**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

## § 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم

(a)   اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [§ 1603(a) USCS 28]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ----

(1)   دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند در ادعا برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

(3)   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده یا نقض حقوق بین‌المللی مبادله شده باشد، یا

(4)   اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

(A)   که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

(B)   غیرمنقول بوده و در ایالات متحده واقع شده باشد: به شرطی‌که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

(5)   اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

(6)   حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

(7)   حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [USCS 28 § 1605A] با بخش 7(a)1605 [سابقاً (a)(7) § 1605 USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(b)   علاوه بر بخش فرعی (a)، هرگونه اموال یک سازمان یا نهاد دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ----

(1)   سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف یا اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2)   حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3 ((2)(a)1605، یا (5) یا (5) 1605(b این فصل [§ 1605(a)(2) USCS 28]، (3)، یا (5)، یا [1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر ، یا

(3) حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] با بخش (7)(a)1605 این فصل [سابقاً (7)(a) 1605 § USCS 28] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

(c) توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش (e)1608 این فصل [(e)1608 § USCS 28] سپری شده است.

(d) اموال دولت خارجی بنا به تعریف بخش (a)1603 این فصل [a1603 § USCS 28] که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف قبل از صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد، چنانچه ——

(1) دولت خارجی به صراحت به مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علیرغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

(2) هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

(e) کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط رهن ترجیحی که در بخش (d)1605 [(d)1605 § USCS 28] آمده است، مصون باشند.

(f) (A) (1) علیرغم سایر مفاد قانونی، از جمله اما نه محدود به بخش (f)208) قانون مأموریت خارجی ( 22 U.S.C. 4308f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش (b)5) قانون تجارت با دشمن (U.S.C. 50. ضمیمه (b)4305 5 USCS 50]] بخش (a)620) قانون کمک خارجی 1961 (2370a .U.S.C. 22)، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( .U.S.C. 50 1702–1701)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول  اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) را که توقیف مذکور بر اساس بخش (7)(a)1605 (7)(a)1605 [(7)(a)1605 § USCS 28] (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [1605A 5 USCS 28 شامل مصونیت نیست.

(B) چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی در اختیار بوده و به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

(A) بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش (7)(a)1605 (7)(a)1605 5 USCS 28] (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008] یا بخش 1605A [1605A § USCS 28 مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

(B) وزرای مذکور در ارائه چنان کمکی

(i) می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

(ii) باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

(3) چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

(g) اموال در برخی اقدامات.

(1) به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی
که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال
سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی
جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول
توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است،
صرف‌نظر از

(A) سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

(B) اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

(C) میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

(D) اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

(E) اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی
در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

(2) قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان
یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف در کمک به اجرای حکم یا اجرای حکم، بر اساس حکم
صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون
تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §5 1701 et
seq.] تحت نظارت دولت ایالات متحده قرار دارد.

(3) صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از
اختیار دادگاه برای جلوگیری از صحیح از وارد شدن صدمه به منافع در اختیار شخصی گردد که در قبال اقدام منجر به حکم مربوط به
اموال مورد توقیف برای کمک به اجرای حکم یا اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

**28 USCS §1611**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه
دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**§1611. برخی از انواع دارایی در برابر اجرای حکم مصون هستند**

(a) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 16101]، اموال سازمان‌های تعیین شده توسط رئیس
جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را
دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه
اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

(b) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای
حکم مصون باشد، چنانچه ——

(1) اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود،
مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود از توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کنند، بجز بر اساس شرایط چشم‌پوشی؛ یا

(2) اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

(A) دارای ماهیت نظامی باشد، یا

(B) تحت کنترل مقام نظامی سازمان دفاع باشد.

(c) علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [22 USCS § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN)<br><br>**AFFIDAVIT OF TRANSLATOR** |

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Shayna Himelfarb, being sworn, states:

1.  I am an employee of TransPerfect Translations, Inc. and not a party to this action. To the best of my knowledge and belief, the provided English into Farsi translations of the following source documents are true and accurate:

    a.  Notice of Amendment, Document No. 8188
    b.  Notice of Amendment, Document No. 8189
    c.  Notice of Amendment, Document No. 8190

2.  This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3.  TransPerfect Translations, Inc., a translation organization with over one hundred (100) offices on six (6) continents, is a leader in providing professional translations, has over twenty-five (25) years of experience translating into the above language pair, and its work is accepted by business organizations, governmental authorities, and courts throughout the United States and internationally.

4.  The translations of the source documents listed above were made by translator(s) who each are native Farsi speakers and competent to translate from English to Farsi. One translator also holds a PhD in Translation. They are experienced language consultants and translators.

5.  TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not related to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.



_____

Shayna Himelfarb, Project Assistant

Sworn to before me
this 12th day of July, 2022

_____

Notary Public

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001: | As relates to 03-MDL-1570 (GBD)(SN) |
| SUSAN M. KING, *et al.*, | Civil Docket Number: 1:22-cv-05193-UA |
| Plaintiffs, | |
| v. | **AFFIDAVIT OF TRANSLATOR** |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Jacqueline Yorke, being sworn, states:

1. I am an employee of TransPerfect Translations, Inc. and not a party to this action. To the best of my knowledge and belief, the provided English into Farsi translations of the following source documents are true and accurate:

   a. Summons with appendix
   b. Complaint with appendix
   c. Civil cover sheet with appendix
   d. Notice of Suit
   e. Related Case Statement
   f. Copy of 28 U.S.C. § 1330, 28 U.S.C. § 1391(f), 28 U.S.C. § 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. § 1602, et seq.)
   g. Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

3. TransPerfect Translations, Inc., a translation organization with over one hundred (100) offices on six (6) continents, is a leader in providing professional translations, has over twenty-five (25) years of experience translating into the above language pair, and its work is accepted by business organizations, governmental authorities, and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by translator(s) who each are native Farsi speakers and competent to translate from English to Farsi. One translator also holds a PhD in Translation. They are experienced language consultants and translators.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not related to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

_____
Jacqueline Yorke, Project Manager

Sworn to before me
this  9th  day of ____August____, 20_22_

_____
Notary Public



[stamp:] WENDY POON
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01PO6356754
MY COMMISION EXPIRES 04-03-2025

2

دادگاه منطقه‌ای ایالات متحده
منطقه جنوبی نیویورک

| | |
|---|---|
| بازگشت به حملات تروریستی 11 سپتامبر 2001: | مرتبط با (SN)(GBD) 03-MDL-1570 |
| سوزان ام. کینگ و دیگران، | شماره پرونده مدنی: 1:22-cv-05193-UA |
| خواهان‌ها، | |
| علیه | اظهارنامه مترجم |
| جمهوری اسلامی ایران، | |
| خوانده. | |

| ایالت نیویورک | ) | |
|---|---|---|
| | ) | ss: |
| کانتی نیویورک | ) | |

ژاکلین یورک، سوگند یاد کرد و اظهار می‌دارد:

1.  من کارمند شرکت Translations TransPerfect هستم و جزو طرف‌های این دعوا نیستم. تا آنجا که اطلاع و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده از اسناد مبدأ ذیل‌الذکر درست و دقیق هستند:

    a.  Summons with appendix
    b.  Complaint with appendix
    c.  Civil cover sheet with appendix
    d.  Notice of Suit
    e.  Related Case Statement
    f.  Copy of 28 U.S.C. § 1330, 28 U.S.C. § 1391(f), 28 U.S.C. § 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. § 1602, et seq.)
    g.  Affidavit of Translator

2.  این درخواست را شرکت Anderson Kill P.C، وکلای خواهان‌های این دعوا، ارائه کرده است.

3.  شرکت TransPerfect Translations یک سازمان ترجمه با بیش از یکصد (100) دفتر در شش (6) قاره، و پیشرو در زمینه ارائه ترجمه‌های حرفه‌ای است، بیش از بیست و پنج (25) سال سابقه ترجمه به جفت زبان مذکور را دارد و کارهای آن مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌ها در سرتاسر ایالات متحده و در سطح بین‌المللی قرار گرفته است.

docs-100338136.1

4. ترجمه‌های اسناد مبدأ ذکر شده در بالا توسط مترجم(هایی) صورت گرفته است که زبان مادری هرکدام از آنها فارسی بوده و صلاحیت ترجمه از انگلیسی به فارسی را دارند. یکی از مترجمین همچنین دارای مدرک دکترا در ترجمه است. آنها مشاورین و مترجمین ورزیده زبان هستند.

5. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته است و همچنین عواملی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و با هیچیک از طرف‌های نامبرده در این سند (اسناد) ارتباطی ندارند.

6. مطابق با CPLR 2101, ترجمه دقیق است.

_____
ژاکلین یورک، مدیر پروژه

نزد من سوگند یاد کرد
در روز ۹ از ، آگوست ، 20_22_

_____
دفتر اسناد رسمی



[مهر:] وندی پون
ایالت نیویورک
دفتر اسناد رسمی
واجد شرایط در کوئینز کانتی
01PO6356754
تاریخ انقضای کمیسیون من 2025-03-04 است

دادگاه ناحیه‌ای ایالات متحده
ناحیه جنوب نیویورک

| | |
|---|---|
| عطف به: | 03-MDL-1570 (GBD)(SN) |
| حملات تروریستی | اظهارنامه مترجم |
| 11 سپتامبر 2001 | |

| | | |
|---|---|---|
| ایالت نیویورک | ( | |
| | ( | :ss |
| کانتی نیویورک | ( | |

شانیا هیملفارب، که سوگند یاد می‌کند، اظهار می‌دارد:

1. اینجانب کارمند شرکت .TransPerfect Translations, Inc بوده و جزو طرفین این اقدام نیستم. تا آنجا که اطلاع و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد مبدأ ذکر شده در زیر صحیح و دقیق هستند:

2. شرکت

3. شرکت TransPerfect Translations یک سازمان ترجمه دارای بیش از یکصد (100) دفتر در شش (6) قاره بوده، پیشرو در زمینه ارائه ترجمه‌های حرفه‌ای است، بیش از بیست و پنج (25) سال سابقه ترجمه به جفت زبان مذکور را دارد و کارهای آن مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌ها در سرتاسر ایالات متحده و در سطح بین‌المللی قرار گرفته است.

4. ترجمه‌های اسناد مبدأ ذکر شده در بالا توسط مترجم(هایی) صورت گرفته است که زبان مادری هرکدام از آنها فارسی بوده و صلاحیت ترجمه از انگلیسی به فارسی را دارند. یکی از مترجمین همچنین دارای مدرک دکترا در ترجمه است. آنها مشاورین و مترجمین ورزیده زبان هستند.

5. شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته و همچنین نمایندگانی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و با هیچ‌یک از طرفین نامبرده در این سند (اسناد) مبدأ ارتباطی ندارند.

6.   مطابق با CPLR 2101، ترجمه دقیق است.

_____  [امضا]
شانیا هیملفارب، دستیار پروژه



نزد من سوگند یاد کرد
تاریخ 12 جولای  2022

[امضا]

_____

دفتر اسناد رسمی

2