UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

*This document relates to*:
All Actions

### *ASHTON* PLAINTIFFS' REPLY TO SAUDI ARABIA'S OPPOSITION AND IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S FEBRUARY 7, 2023 ORDER

Saudi Arabia's Opposition to the *Ashton* Plaintiffs' Motion for Reconsideration, ECF 8884 at 17-20, does not take into account the extraordinary circumstances before this Court. Reconsideration is sought because of the divergent opinions of this Court and Magistrate Judge Netburn on a significant legal issue of first impression: the availability of aiding-and-abetting liability in claims against foreign states under the Justice Against Sponsors of Terrorism Act (JASTA). That novel legal issue will be the subject of oral argument at a hearing scheduled by this Court for April 19, 2023 on the Objections filed by the Republic of Sudan.

The Second Circuit has repeatedly upheld the authority of district courts to grant motions for reconsideration in the interests of justice, even absent "controlling" appellate authority. *Shrader v CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("additional relevant case law and substantial legislative history" established proper basis to grant reconsideration); *see Virgin Atl. Airways, Ltd. v Natl. Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) ("[t]he law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment."); *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 177, 197 (2d Cir. 2008) ("'…If matters appearing later indicate that no constitutional

1

violation occurred, society's interest in admitting all relevant evidence militates strongly in favor of permitting reconsideration.'")(citation omitted).

Plaintiffs did not, as Saudi Arabia claims, bring a "second" motion for reconsideration. ECF 8884 at 17.  Rather, Plaintiffs' motion raises the intervening May 2022 ruling of Magistrate Judge Netburn as a completely new issue for the first time.  Neither does the text of Local Rule 6.3 itself set a number limit on motions for reconsideration, as Saudi Arabia erroneously suggests.  *Id.*   A district court always retains its discretionary power to reconsider its prior decisions before a final judgment ― and it should do so whenever relevant, new developments so demand.  The cases cited by Saudi Arabia involve plainly distinguishable situations where litigants essentially refiled the same reconsideration motion twice, hoping for a different result.[1] None of those cases resemble the extraordinary circumstances before the Court on this motion. The Second Circuit has eschewed "bright-line rules" and upheld the "wisdom" of permitting district courts to exercise their discretion to reconsider prior rulings based on new information. *Terrorist Bombings of U.S. Embassies*, 552 F.3d at 197.

That the legal issue involving the JASTA/aiding-and-abetting liability of foreign states has never been addressed before by any other court (except Magistrate Judge Netburn) makes reconsideration even more appropriate.  The Second Circuit has held that is "eminently reasonable" to reconsider a legal question of first impression to determine whether or not the unique and significant issues presented were decided correctly and with the benefit of all available information.   *Id.*

---

[1] *Frederick v. Cap. One Bank (USA), N.A.*, 2017 WL 2666113, at *1 (S.D.N.Y. June 19, 2017) (denying motion of *pro se* plaintiffs that was "somewhat difficult to decipher" that repeated arguments previously made and decided by the court); *Guang Ju Lin v. United States*, 2015 WL 747115, at *2 (S.D.N.Y. Feb. 18, 2015) ("In his Second Motion for Reconsideration, Lin repeats the same arguments that he made either in the Section 2255 petition or in his First Motion for Reconsideration, or both."); *Montanile v. Nat'l Broadcasting Co*., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("Montanile's contentions are baseless and merely reiterate the same arguments that she made in her opposition to the Defendants' motion for summary judgment.")

Saudi Arabia argues that oral argument should be denied, ECF 8884 at 20, but ignores that that this Court already scheduled oral argument to review Magistrate Judge Netburn's decision on Plaintiffs' JASTA actions against Sudan, where the Court will hear argument on the very same aiding-and-abetting liability question.  These remarkable circumstances provide the grounds for this Court to reconsider its prior Order.

Dated: New York, New York
March 2, 2023

KREINDLER & KREINDLER LLP

By: /s/ *Steven R. Pounian*
Steven R. Pounian, Esq.
James P. Kreindler, Esq.
Andrew J. Maloney, Esq.
Megan W. Benett, Esq.
James Gavin Simpson, Esq.
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com
*Attorneys for Ashton Plaintiffs*

SPEISER KRAUSE, PC
Frank H. Granito, III, Esq.
Douglas A. Latto, Esq.
Jeanne M. O'Grady, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
*Attorneys for Ashton/Burlingame Plaintiffs*

BAUMEISTER & SAMUELS, P.C.
Michel F. Baumeister, Esq.
Dorothea M. Capone, Esq.
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
*Attorneys for Ashton/Bauer Plaintiffs*