UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

**This document relates to:**

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)))

MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENTS
FOR DAMAGES FOR ECONOMIC LOSSES FOR CERTAIN PLAINTIFFS

**(*ANAYA/IRAN V*)**

FLEISCHMAN BONNER & ROCCO LLP
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone:  646-415-1399

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 997-2591
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

For the reasons set forth below and in the accompanying declaration of Joseph Peter Drennan executed on March 2, 2022 ("Drennan Declaration"), the *Anaya/Iran* Plaintiffs identified at Exhibit A to the Drennan Declaration (collectively, "Movants"), each of whom represents the estate of an individual who was killed in the terrorist attacks on September 11, 2001, respectfully move this Court for an order awarding: (1) each of the estates Movants represent (collectively, the "*Anaya V* Decedents' estates"), on behalf of all survivors and all legally entitled beneficiaries and family members of the decedents, an award of economic damages in the amount set forth in Exhibit A to the Drennan Declaration; and (2) prejudgment interest on the damages awarded to *Anaya V* Decedents' estates at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (3) permission for Movants to seek punitive damages, or other damages, for the *Anaya V* Decedents' estates at a later date; and (4) permission for other *Anaya/Iran* Plaintiffs to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks in the United States (the "September 11th Attacks"). The *Anaya/Iran* Plaintiffs (including the Movants) are the personal representatives of sixteen individuals killed in the September 11th Attacks, and the immediate and non-immediate family members of those sixteen deceased individuals. The *Anaya/Iran* Plaintiffs sued the Islamic Republic of Iran ("Iran") for its role in sponsoring the September 11th Attacks.

On June 23, 2021, the *Anaya/Iran* Plaintiffs moved for judgment as to Iran's liability to them under the Foreign Sovereign Immunity Act's private right of action against state sponsors

of terrorism, codified at 28 U.S.C. § 1605A(c).  *See* MDL ECF Nos. 6877, 6878, 6879.  On October 5, 2021, the Court entered judgment as to liability against Iran and, *inter alia*, awarded to fifteen of the *Anaya/Iran* estates (including the *Anaya III* Decedents' estates) pain and suffering damages in the amount of $2,000,000 each.  *See* MDL ECF No. 7178 as corrected by MDL ECF No. 7580 (January 10, 2022).  Movants rely on that judgment of liability in now requesting entry of default judgments against Iran awarding damages for economic losses to the *Anaya V* Decedents' estates.

### DAMAGES UNDER SECTION 1605A

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency.  28 U.S.C. § 1605(a)(1). The statute specifies that damages are available for "personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages."  28 U.S.C. § 1605A(c)(4).  As Iran's liability to the *Anaya V* Decedents' estates has already been established, Movants now seek compensatory damages for economic losses to the *Anaya V* Decedents' estates in the amounts set forth in Exhibit A to the Drennan Declaration, which amounts are based upon the expert reports of actuary John E. Beauzile filed under seal as Exhibit B to the Drennan Declaration.  *See* MDL ECF No. 8893.

    A.    **Economic Damages for Estates**

The FSIA specifically provides for economic damages.  *See* 28 U.S.C. § 1605A(c).  The statute's economic damages provision is "designed to compensate [a] decedent's heirs-at-law for

economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998). "The economic losses flowing from a person's untimely death include the loss of accretions to his estate." *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 109 (D.D.C. 2000). "Loss of accretion damages 'are calculated by estimating a decedent's future earning potential based on the individual's work and education and adjusting that amount to account for inflation, rise in productivity, job advancement, and personal consumption.'" *Bova v. Islamic Republic of Iran*, 220 U.S. Dist. LEXIS 94785, at *33 (D.D.C. May 31, 2020) (quoting *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 78, 87 (D.C. 2002)).

Movants' counsel retained the services of an expert, John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, to evaluate the economic losses resulting from the *Anaya V* Decedents' deaths as a result of the September 11th Attacks. *See* Drennan Decl. at ¶ 10. Previously, in other cases in this multidistrict litigation, the Court has awarded damages for economic losses to the estates of individuals killed in the September 11th Attacks based on economic loss calculations prepared by Mr. Beauzile using the same methodology he used to calculate the economic damages for each of the *Anaya V* Decedents' estates as set forth in Exhibits A and B to the Drennan Declaration. *See, e.g.*, MDL ECF Nos. 5574, 5582-4 and 5843; MDL ECF Nos. 5706, 5708-4 and 5864.

Based on the foregoing, Movants respectfully ask that this Court award economic damages to each of the *Anaya V* Decedents' estates identified in Exhibit A to the Drennan Declaration in the amounts set forth therein, as supported by Mr. Beauzile's expert reports filed under seal as Exhibits B-2 to B-6 and B-8 of the Drennan Declaration. *See* MDL ECF No. 8893.

B.     **Punitive Damages**

Under Section 1605A(c)(4), plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4). In 2012, this Court awarded the *Havlish* plaintiffs punitive damages in the amount of 3.44 times their compensatory damages. *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *82. This Court subsequently applied the same ratio in awarding punitive damages to plaintiffs in other 9/11-related cases.

However, in an order dated October 14, 2016, in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 1:02-cv-6977-GBD-SN and *Bauer v. al Qaeda Islamic Army*, 1:02-cv-7236-GBD-SN, U.S. Magistrate Judge Netburn ordered prompt entry of final judgments for compensatory damages but deferral of awards of punitive damages until a later stage of this litigation. *See* ECF No. 3362 in 1:03-md-01570-GBD-SN (Oct. 14, 2016) noting that "[a]ny delay in the award of punitive damages will not prejudice plaintiffs in their applications to the [Victims of State Sponsored Terrorism Fund]"), *adopted by*, ECF No. 3384 in 1:03-md-01570-GBD-SN (Oct. 31, 2016). Since then, the Court has routinely entered final orders of judgment authorizing plaintiffs awarded compensatory damages to submit "an application for punitive damages . . . at a later date consistent with any future rules made by this Court on the issue." *See, e.g.,* ECF No. 5565 in 1:03-md-01570-GBD-SN (Feb. 18, 2020). Accordingly, Movants respectfully request permission to address the issue of punitive damages at a later date, in accordance with future rulings of the Court.

C.     **Prejudgment Interest**

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F.

4

Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96 per cent per annum, compounded annually on their solatium and pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment. *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *83.  Recently, this Court has affirmed that the 4.96% interest rate should be applied to all damages awarded in 9/11-related cases, regardless of whether the injuries arose in New York (where the statutory rate for prejudgment interest is 9%). *See In re Terrorist Attacks on September 11, 2001*, 2016 U.S. Dist. LEXIS 144325, at *316-17 (S.D.N.Y. Oct. 14, 2016), *adopted by* 2016 U.S. Dist. LEXIS 151675, at *275 (S.D.N.Y. Oct. 24, 2016).  Movants respectfully request that the Clerk be directed to award prejudgment interest on their solatium damages awards at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

## CONCLUSION

For all of the foregoing reasons, Movants respectfully request that the Court enter partial final judgments against Iran awarding to each of the *Anaya V* Decedents' estates identified in Exhibit A to the Drennan Declaration damages for economic losses in the amount set forth therein; and prejudgment interest thereon at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

| | | |
|---|---|---|
| Dated: | March 2, 2023<br>White Plains, New York | Respectfully submitted,<br><br>**FLEISCHMAN BONNER & ROCCO LLP**<br><br>By: /s/ James P. Bonner<br>James P. Bonner (jbonner@fbrllp.com)<br>Patrick L. Rocco (procco@fbrllp.com)<br>Susan M. Davies (sdavies@fbrllp.com)<br>81 Main Street, Suite 515<br>White Plains, New York 10601<br>Telephone:  646-415-1399<br><br>Joseph Peter Drennan (admitted *pro hac vice*)<br>218 North Lee Street, Third Floor<br>Alexandria, Virginia 22314-2631<br>Telephone: (703) 519-3773<br>Telecopier: (703) 997-2591<br>Mobile: (540) 226-0777<br>joseph@josephpeterdrennan.com<br><br>Patrick M. Donahue (admitted *pro hac vice*)<br>P. Joseph Donahue (admitted *pro hac vice*)<br>THE DONAHUE LAW FIRM, LLC<br>18 West Street<br>Annapolis, MD 21401<br>Telephone: (410) 280-2023<br>pmd@thedonahuelawfirm.com<br>pjd@thedonahuelawfirm.com<br><br>P. York McLane (admitted *pro hac vice*)<br>LAW OFFICE OF P. YORK MCLANE<br>14015 Park Dr., Ste. 111<br>Tomball, Texas 77377<br>yorkmclane@yahoo.com<br><br>***Counsel for Movants*** |

6