**WHITE & CASE**

March 2, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rules I(B) and II(C) of Your Honor's Individual Practices in Civil Cases, and this Court's Local Civil Rule 7.1(d), Al Rajhi Bank ("the Bank") submits this letter-motion to (1) quash Plaintiffs' Rule 45 subpoena on J.P. Morgan Chase Bank, N.A. ("JPM") ("JPM Subpoena" or "JPM Subp.") (attached as Ex. A), and (2) request that the Court direct Plaintiffs to submit a statement of jurisdictional facts and evidence on which they intend to rely in meeting their burden to establish personal jurisdiction.

I.  **The JPM Subpoena Should Be Quashed As Being Overbroad And Seeking Private, Irrelevant Information**

Plaintiffs' subpoena seeks "all records" relating to "any accounts" held at JPM by Al Rajhi Bank and its former Chairman (Suleiman Al Rajhi), including "all records" of transactions relating to those accounts. These requests are overbroad and seek private information irrelevant to the limited jurisdictional discovery authorized by the Second Circuit and ordered by this Court. This Court has already denied requests by Plaintiffs for "discovery into virtually every transaction ARB had in the United States from 1998 to 2002 regardless of whether the transacting parties were even associated with al Qaeda." *See* Order on Plaintiffs' Motion to Compel 11-12 (Nov. 22, 2021), ECF No. 7378 ("Order"). Plaintiffs' subpoena to JPM demands even broader discovery than the requests this Court has already denied. In addition, the subpoena seeks records from JPM without regard to the relevant time period — January 1, 1998 to December 31, 2002 — ordered by the Court for all requests relevant here. *Id.* at 6-8. Accordingly, the entire subpoena should be quashed outright as being overbroad, improperly seeking irrelevant private information, and attempting to sidestep this Court's Order.

The parties agreed that, to avoid unnecessarily burdening the Court, the Bank would not move to quash until JPM had completed its review, and Plaintiffs would not object to any motion to quash on timeliness grounds. The Bank conferred again on January 6, 2023 and February 8, 2023 by telephone with Plaintiffs, who oppose this motion. The Bank requested in a January 27, 2023 letter that Plaintiffs narrow the JPM subpoena to comply with the scope of discovery authorized by the Second Circuit and ordered by this Court, but Plaintiffs refused.

### A. Al Rajhi Bank Has Standing To Challenge Plaintiffs' Requests For The Bank's Banking Records

"[I]t is well-established that a party with a real interest in the documents [subpoenaed from a non-party] has standing to raise objections to their production." *Solow v. Conseco, Inc.*, No. 06-cv-5988, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008). Indeed, this Court has consistently held that parties, including corporate parties, "whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Arias-Zeballos v. Tan*, No. 06-cv-1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (collecting cases); *see also, e.g.*, *In re Lloyds Banking Grp., PLC*, No. 21-MC-0037, 2021 WL 3037388, at *2 (S.D.N.Y. July 19, 2021) (Netburn, M.J.) (holding party has standing to quash where "subpoena seeks bank records in which [the] party has a confidentiality interest"), *aff'd*, 2021 WL 5708721 (S.D.N.Y. Nov. 22, 2021).

Because Plaintiffs' subpoena seeks the Bank's own banking records with JPM, the Bank has standing to challenge "whether the information sought by the subpoena is tailored to the dispute's needs." *In re Lloyds*, 2021 WL 3037388, at *2. In particular, the Bank has standing to challenge the requests for the Bank's records as "excessively broad" and seeking "irrelevant private information." *Id.* (quoting *Aurelius Cap. Partners v. Republic of Argentina*, No. 07-cv-11327, 2013 WL 857730, at *2 (S.D.N.Y. Mar. 7, 2013)).

### B. The Court Has Independent Authority To Quash Requests For Documents Outside The Scope Of Limited Jurisdictional Discovery

The Court has independent authority to prevent a party from circumventing judicial limits on discovery through non-party requests. *See Chevron Corp. v. Donziger*, 2012 WL 6634680, at *2-5 (S.D.N.Y. Dec. 19, 2012) (exercising discretion to quash third-party subpoenas "inconsistent with the scope of discovery already drawn by this Court"), *appeal dismissed*, No. 13-332 (2d Cir. Apr. 10, 2013); Order at 3, *FHFA v. HSBC N. Am. Holdings Inc.*, Nos. 11 Civ. 6189 (DLC) et al., ECF No. 583 (S.D.N.Y. Dec. 18, 2013) (ordering defendants to "cease efforts to obtain from third parties the types of documents and information that this Court has previously ruled they may not obtain"). Plaintiffs are trying to use non-party discovery to obtain information on the accounts of the Bank and its former Chairman far beyond the scope of jurisdictional discovery authorized by this Court, including information substantially similar to materials this Court "has previously ruled they may not obtain." *See* Order at 3, *HSBC N. Am. Holdings Inc.*, Nos. 11 Civ. 6189 (DLC) et al., ECF No. 583. The Court should therefore exercise its authority to quash Plaintiffs' subpoena on JPM in its entirety, including as to requests for records of the Bank and of its former Chairman.

### C. The Second Circuit and this Court Authorized Only *Limited* Jurisdictional Discovery Within "Specific Boundaries"

This Court expressly circumscribed the "limited" personal jurisdiction discovery as to Al Rajhi Bank to the boundaries outlined by the Second Circuit. *See* Order 3-4 (citing *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66, 69 (2d Cir. 2019)). Specifically, this Court limited the scope of jurisdictional discovery to whether the Bank provided

financial support to "charities that it knew financially supported al Qaeda" or to "known extremist operatives" and "with the specific intent that this support would be used to aid in terrorist acts in the United States." *Id*. at 6. This Court also held that "January 1, 1998, is the proper start date for all discovery," and that the proper end date is December 31, 2002 (with limited exception not relevant here). *Id*. at 6-8.

Of particular relevance here, this Court rejected Plaintiffs' requests for "[a]ll documents" relating to transfers of money to "beneficiaries in the United States," or to "any mosque, Islamic center, religious institution, or charitable organization operating in California." *Id*. at 11-12 (citing Pls. Requests Nos. 23-25 (ECF No. 6996-3)). These rejected requests had sought "all documents" relating to transfers from "[Al Rajhi Bank], Suleiman al Rajhi, and/or any benevolent of charitable organization associated with [Al Rajhi Bank], Suleiman al Rajhi, or any member of the Al Rajhi family." Pls. Requests Nos. 23-25. This Court explained that these requests were overbroad because they sought "discovery into virtually every transaction ARB had in the United States from 1998 to 2002 regardless of whether the transacting parties were even associated with al Qaeda." Order 12.

### D. Plaintiffs' Requests To JPM Exceed The Scope Of Jurisdictional Discovery Authorized By This Court, Are Excessively Broad, And Seek Irrelevant Private Information

Despite this Court's Order establishing the scope of limited jurisdictional discovery as to Al Rajhi Bank, Plaintiffs served a subpoena on JPM that seeks "[a]ny and all records concerning all accounts" at JPM — including "[a]ny and all records relating to any banking and/or financial transactions involving" any such accounts — held "in the name of, on behalf of, and/or for the benefit of" Al Rajhi Bank, Suleiman Abdul Aziz al Rajhi, and the Suleiman Abdul Aziz Al Rajhi Charitable Foundation in Saudi Arabia ("Charitable Foundation"). JPM Subp. Request Nos. 1-4. Like the requests already denied by this Court, these requests to JPM seek information on "all transactions" by the Bank, Suleiman al Rajhi, and the Charitable Foundation "regardless of whether the transacting parties were even associated with al Qaeda." Order 12. The subpoena also seeks "[a]ny and all records identifying the individuals and/or entities that had signatory authority or any actual or potential beneficial interest" in any such accounts. JPM Subp. Request No. 5. Plaintiffs' JPM Subpoena requests should be quashed as "exceedingly broad" and having "little, if any, relevance" to the jurisdictional discovery inquiry as to Al Rajhi Bank. *See, e.g.*, *Morelli v. Alters*, No. 19-cv-10707, 2020 WL 6508858, at *6 (S.D.N.Y. Nov. 5, 2020) (granting party's motion to quash subpoenas on non-party banks for documents relating to "*all* loans" rather than the loan at issue (emphasis added)).

Not only are Plaintiffs' requests grossly overbroad, but they seek private information irrelevant to whether the Bank provided financial support to charities known to support al Qaeda or "known extremist operatives" with the "specific intent" of supporting terrorist acts in the United States. *See* Order 6. The requests on JPM implicate not only the Bank's interest in the privacy of its own financial affairs and that of its officers, but also its interest in protecting the privacy of its customers and counterparties. Plaintiffs seek records of transactions regardless of whether the transacting parties have any connection to al Qaeda. But this Court already made clear where Plaintiffs seek

documents on "virtually every transaction" by the Bank, Suleiman al Rajhi, or any charitable organization associated with the Bank or Suleiman al Rajhi, "regardless of whether the transacting parties were even associated with al Qaeda," such requests are out of bounds. *Id*. at 12 (rejecting Pls.' Request Nos. 23-25). Plaintiffs should not be permitted to circumvent the Court's Order by using non-party discovery to obtain documents the Court has already determined are overbroad and irrelevant. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-cv-3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sep. 13, 2006) (granting party's motion to quash non-party subpoena seeking "same or similar" information court had "already determined irrelevant").

Plaintiffs' request for "[a]ny and all records relating to the establishment of a correspondent banking relationship between" the Bank and JPM — including any of JPM's parents, affiliates, subsidiaries, employees, officers, and so on, *see* JPM Subp. Def. 4(a) — is overbroad, irrelevant, and an attempted end-run around the Court's prior Order. JPM Subp. Request No. 6. This request has no connection at all to the limited jurisdictional inquiry into whether the Bank provided support to charity fronts or "known extremist operatives" with the specific intent of supporting terrorist attacks in the United States. Order 6. Moreover, the request seeks records without any time limitation, blatantly ignoring the Court's Order that January 1, 1998, "is the proper start date for *all discovery*," and December 31, 2002, is the end date for all requests except those seeking information about post-9/11 investigations. *Id*. at 6, 8 (emphasis added).

For the foregoing reasons, Plaintiffs' subpoena on JPM circumvents this Court's clear orders, and the Court should quash the subpoena in its entirety.

**II.   Statement Of Jurisdictional Facts And Evidence**

The Bank requests that, as this Court suggested in jurisdictional discovery against Saudi Arabia, *see* Tr. 39:1-17 (June 5, 2018), ECF No. 4015, Plaintiffs be directed to submit a statement of jurisdictional facts, with attached evidence, that Plaintiffs intend to rely on in meeting their burden to establish personal jurisdiction.

The Bank's proposal helps ensure the efficiency of these proceedings and, as this Court noted in jurisdictional discovery against Saudi Arabia, helps alleviate concerns "about a potential sandbag." *Id*. at 39:1-2. There, this Court suggested Plaintiffs file "a statement with supporting documents that the Kingdom can review and rely upon in making its motion," akin to "findings of fact *à la* Rule 56.1." *Id*. at 38:24-39:2, 39:8-17. And counsel also representing Plaintiffs here responded, "[I]n theory it sounds fine. We have actually done something similar in the context of some of the personal jurisdiction motions that occurred earlier in the case and came forward after discovery with affirmations of facts in evidence that we were going to rely upon in support of our opposition to those motions. I think we have to talk about the timing of all of that; but, in theory, I don't think it is a problem."

The Bank asked that Plaintiffs agree to the same proposal that this Court put forward and that Plaintiffs' counsel agreed "sounds fine." The Bank first raised this issue with Plaintiffs in a November 2021 telephone call, and reiterated the request in letters sent on January 19, 2023 and January 27, 2023. But when the parties met and conferred by telephone on February 8, Plaintiffs



The Honorable Sarah J. Netburn
March 2, 2023

said they would not agree at this time. Plaintiffs offered no substantive disagreement, but asserted that the Bank's request was "premature."

Contrary to Plaintiffs' assertion, with fact discovery set to close on May 18, 2023, and with this Court having ordered that no further extensions will be granted, *see* Order 1 (Dec. 22, 2022), ECF No. 8812, now is an appropriate time to determine next steps in these proceedings. And if this Court is not inclined to grant the Bank's request, then the Bank will need time to prepare and serve contention interrogatories and requests for admission on Plaintiffs by March 17, in order to make any necessary application to the Court for relief by April 19, as contemplated by the discovery schedule agreed to by the parties and endorsed by the Court. *See id*.

Plaintiffs' assertion that the Bank's request is "premature" rings particularly hollow in light of Plaintiffs' recent conduct in jurisdictional discovery against Saudi Arabia. There, despite initially agreeing "in theory" to the Court's proposal discussed above, and raising only concerns about "timing," Plaintiffs reversed course after the close of discovery. *See* Letter to Magistrate Judge Netburn from PECs 3-4 (Feb. 22, 2023), ECF No. 8873. Plaintiffs' reversal of position there thus demonstrates the clear need to lock in a process here *before* the close of discovery, so that the Bank has an opportunity to use other methods at its disposal to obtain information on Plaintiffs' jurisdictional claims and avoid a "sandbag."

The Bank proposes that this Court direct Plaintiffs to submit a statement of jurisdictional facts and evidence on which they will rely in meeting their burden to establish personal jurisdiction. The statement should be in the form contemplated by Local Civil Rule 56.1 and be accompanied by all supporting documents and deposition excerpts on which Plaintiffs will rely to prove the facts set forth in the statement. The Bank further proposes that the deadline for Plaintiffs' submission should be thirty days following the close of jurisdictional discovery as to Al Rajhi Bank.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*

Attachment

cc:   Counsel of Record (via ECF)