# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York ▾

| | | |
|---|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) | |
| _____ | ) | |
| *Plaintiff* | ) | Civil Action No.  03 MDL 1570 |
| v. | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     J.P. Morgan Chase Bank, N.A.
        28 Liberty Street, New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### SEE ATTACHMENT A

| Place: Cozen O'Connor, 3 WTC, 175 Greenwich Street, 55th Floor, New York, NY  10007 | Date and Time: 07/15/2022 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/13/2022

CLERK OF COURT

                                                    OR
_____                         _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs' Executive Committees_____ , who issues or requests this subpoena, are:
Sean P. Carter and J. Scott Tarbutton, Cozen O'Connor, One Liberty Place, 1650 Market Street, 28th Fl., Phila., PA 19103; scarter1@cozen.com, starbutton@cozen.com; 215-665-2105 (Carter), 215-665-7255 (Tarbutton)

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 03 MDL 1570

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

**I.**   **Instructions and Definitions:**

1.  This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure and all documents specified below are required to be produced as required by Rule 45.

2.  Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3.  If You assert a privilege or other authorized protection with respect to any document requested herein, You must produce all non-privileged/protected portions of the document with those portions as to which a privilege/protection is claimed redacted, and You must provide a privilege log that conforms with the requirements set out by United States Magistrate Judge Frank Maas in the case captioned *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (S.D.N.Y.), by Order dated November 19, 2012 (ECF No. 2644), including providing the following information concerning each individual document withheld or redacted:

    a.  The type of document or information (*e.g.*, letter, notebook, telephone conversation, etc.);

    b.  The general subject matter of the document;

    c.  The date of the document;

    d.  The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

    e.  If the document is an electronic document, its file size; and

    f.  Each and every basis for the privilege or protection claimed; and if a privilege or protection asserted is based upon or governed by a law, statute, regulation, or rule, the specific law, statute, regulation, or rule being invoked.

4.  As used herein, the following terms are defined as follows:

    a.  "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" and "any designated tangible things" as used in Fed. R. Civ. P. 34(a)(1)(A) and (B).  A draft or non-identical copy is a separate document within the meaning of this term.

b. "Concerning" shall mean referring to, relating to, describing, evidencing, constituting, or in any way relevant to.

c. "All," "any," and "each" shall each be construed as encompassing any and all.

d. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

e. "JPMorgan Chase Bank, N.A." or "JPMorgan Chase Bank" shall mean JPMorgan Chase Bank, N.A., including all predecessors-in-interest; successors-in-interest; parent institutions, corporations or other entities; affiliated or subsidiary institutions, corporations or other entities; present or former employees, officers, directors, or agents; and others known to You to have acted on JPMorgan Chase Bank, N.A.'s behalf.

f. "You" and "Your" shall mean JPMorgan Chase Bank, N.A., as defined herein.

g. "Records" shall mean original and any non-identical copies of all written or otherwise recorded documents of any kind or character in your possession, custody or control, whether hard copy or electronically stored, and shall include without limitation documents concerning or comprising checking account records, savings account records, credit card records, signature cards, bank statements, canceled checks, debit and credit memos, wire transfers, deposit receipts, loan documents, notes, mortgages, ledgers, payment records, certificates of deposit, and any other document reflecting the existence of an account, including those documents sought and/or provided to any private or public security service or law enforcement agency, as well as any and all communications involving JPMorgan Chase Bank, N.A., its employees or agents.

h. The "applicable time period" is defined as from January 1, 1998 through and including December 31, 2002. A responsive Document that was prepared prior to the applicable time period but that was operative and in use during the applicable time period must be produced. If a Document is undated, the date of its preparation cannot be ascertained, and the Document is otherwise responsive to the Request, the Document shall be produced.

**II.**   **Documents to Be Produced**:

1. Any and all records concerning all accounts at JPMorgan Chase Bank established or held in the name of, on behalf of, and/or for the benefit of Al Rajhi Banking & Investment Corporation ("Al Rajhi Bank") during the applicable time period, including but not limited to, Account No. 021000128 (account originating with Chase Manhattan Bank).

2.  Any and all records concerning all accounts at JPMorgan Chase Bank established or held in the name of, on behalf of, and/or for the benefit of Suleiman Abdul Aziz al Rajhi during the applicable time period, including but not limited to, Account No. 7922635383 (account originating with Chase Manhattan Private Bank).

3.  Any and all records concerning all accounts at JPMorgan Chase Bank established or held in the name of, on behalf of, and/or for the benefit of the Suleiman Abdul Aziz Al Rajhi Charitable Foundation in Saudi Arabia during the applicable time period.

4.  Any and all records relating to any banking and/or financial transactions involving the accounts identified in response to Request Nos. 1-3 during the applicable time period.

5.  Any and all records identifying the individuals and/or entities that had signatory authority or any actual or potential beneficial interest in the accounts identified in response to Request Nos. 1-3 during the applicable time period.

6.  Any and all records relating to the establishment of a correspondent banking relationship between JPMorgan Chase Bank and Al Rajhi Banking and Investment Corporation ("Al Rajhi Bank"), and the time period during which any such relationship was in place.

7.  Any and all records concerning Your document destruction, retention, or storage procedures in effect between 1998 and the present, which could have caused records concerning the accounts and transactions identified in response to Request Nos. 1-3 to be destroyed or to no longer be in Your possession, custody, or control.

LEGAL\58144455\1

3