**WIGGINS CHILDS**
PANTAZIS FISHER
GOLDFARB
Advocates & Litigators

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
RACHEL LEE McGINLEY
JOSHUA R. GALE*
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
CHRISTINA MALMAT
LIESELOTTE CARMEN-BURKS
ERIC C. SHEFFER
NICKI L. LAWSEN

TIMOTHY B. FLEMING*
TERRILL W. SANDERS
OF COUNSEL
*Not Licensed in Alabama

ROBERT F. CHILDS, JR.
(1947-2018)

March 2, 2023

**VIA ECF**
Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *In re Terrorist Attacks on September 11, 2001*
MDL No. 03-MDL-1570 (GBD) (SN)
*Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-cv-00266 (GBD)(SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-07236 (GBD)(SN)
*Burlingame, et al. v. al Qaeda Islamic Army, et al.*,
Case No. 1:02-cv-07230 (GBD) (SN)
<u>*Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)</u>

**<u>Request for Court Conference</u>**

Your Honor:

I am the attorney for Plaintiffs in *Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-cv-00266 (GBD)(SN).

Within the *Ryan* action, the Breitweiser and Ryan Plaintiffs[1] and I, and my colleagues, have recently agreed to end our attorney-client relationship and to substitute attorney John F. Schutty of the Law Office of John F. Schutty, P.C. in our stead.

A "Consent & Proposed Order for Substitution of Attorneys" was filed on behalf of the Breitweiser Plaintiffs (MDL ECF No. 8835) and the Ryan Plaintiffs (MDL ECF #8836) on January 20, 2023 to substitute the Law Office of John F. Schutty, P.C. in the place and stead of my firm, Wiggins Childs Pantazis Fisher

---

[1] Plaintiffs Kristen Breitweiser, Individually as Spouse and as Personal Representative of the Estate of Ronald Breitweiser, and Caroline Breitweiser, and Plaintiffs Patricia Ryan, Individually as Spouse and as Personal Representative of the Estate of John Ryan, Jr. Deceased, and the adult children of Decedent John Ryan, Jr., Plaintiffs Laura Ryan, Colin Ryan and Kristen Ryan (hereinafter the "Breitweiser and Ryan Plaintiffs").

An Alabama Limited Liability Company
The Kress Building · 301 19th Street North · Birmingham, AL 35203
205-314-0500 Main · 205-254-1500 fax
WASHINGTON, D.C. · DELAND, FLORIDA
wigginschilds.com

March 2, 2023
Page 2

Goldfarb LLC. Neither of these "Consents" has yet been signed and entered by the Court.

Because the Breitweiser and Ryan Plaintiffs will no longer be represented by my firm (including Timothy Fleming, nor by the Jenner Block and Boies Schiller firms, nor any other member of my litigation group in this MDL), the Breitweiser and Ryan Plaintiffs have requested that I withdraw my request that their *Ashton* claims be severed and transferred into new actions that would have been created by the Clerk of the Court upon severance. See MDL ECF No. 5312. The Breitweiser and Ryan Plaintiffs wish to pursue existing claims asserted against the existing Defendants in the two *Ashton* Master Complaints, *Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN) and *Ashton, et al. v. Kingdom of Saudi Arabia,* 17-cv-02003 (GBD)(SN). In connection with that decision, they would voluntarily and formally withdraw their claims in *Ryan*.

I filed the *Ryan* action against the Islamic Republic of Iran and included as Plaintiffs all of the Breitweiser and Ryan Plaintiffs. As previously discussed in open court on November 18, 2022, our legal team misapprehended the scope of the Court's November 26, 2019 order (MDL ECF No. 5312) regarding the transfer of claims; we thought that the transfer involved only their Iran claims, but the scope of the transfer order was actually broader, and thus, we should have transferred all of their claims to *Ryan*, or to *Ryan* and other new cases. You will recall that the Baumeister & Samuels law firm objected to the Ryan Plaintiffs remaining in the *Ashton* Complaints. See MDL ECF No. 5312. The Breitweiser Plaintiffs' former counsel did not register any such objection. As a result, although steps were initiated to transfer the *Ashton* claims asserted by these families to a new action, the claims were never transferred from *Ashton*.

This Court held a hearing on November 18, 2022, the result of which was that Your Honor ordered the Ryan Plaintiffs to prepare an order, satisfactory to the Baumeister firm, severing the Ryan Plaintiffs' claims from *Ashton* and transferring to new cases all the claims of the above-referenced Ryan Plaintiffs, *nunc pro tunc*. Because the Breitweiser Plaintiffs were in essentially the same position as the Ryan Plaintiffs, but did not have the opposition of their previous counsel remaining in *Ashton*, the Breitweiser Plaintiffs were not subject to the November 26, 2019 order (MDL ECF No. 5312), but it makes sense that they be treated in a similar manner.

Because the Breitweiser and Ryan Plaintiffs are terminating my firm's representation, they were not included in our renewed letter motion to sever and transfer filed March 1, 2023 on behalf of our Maher family clients. Per information provided to me by the incoming attorney, John Schutty, the Breitweiser and Ryan Plaintiffs now seek to remain in *Ashton* and dismiss altogether their claims from *Ryan* .

*Two minor complications need to be addressed by the Court and, for this reason, I request a court conference with Your Honor as soon as possible.*

*Request for Transfer of Default Judgment Against Iran.* In the *Ryan* action, my law office proved up the economic damages to the Estate of John Ryan, Jr., and thereafter obtained a final, supplemental default judgment against the Islamic Republic of Iran for Patricia Ryan, as Personal Representative of the Estate of John Ryan, Jr. on February 21, 2020 (*Ryan* ECF. No. 10; MDL

March 2, 2023
Page 3

ECF No. 5999). The Baumeister & Samuels firm had previously obtained a default judgment for the Ryan family member Plaintiffs for solatium damages in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (*see* MDL ECF No. 3387), and, for the Ryan Estate a partial default judgment that awarded compensatory damages for the pre-death conscious pain and suffering of John Ryan, Jr. (*see* MDL ECF Nos. 3226, 3229). Accordingly, the Ryan Plaintiffs now request that the fully assembled default judgment awarded to Patricia Ryan, as Personal Representative of the Estate of John Ryan, Jr., in *Ryan* (*Ryan* ECF No. 10; MDL ECF No. 5999) be transferred from *Ryan* to *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN), when all other Ryan Plaintiff claims are dismissed from the *Ryan* action. Because the existing judgments of the other Ryan family members against Iran (and the personal representative of the Ryan Estate, Patricia Ryan) were never actually transferred from *Ashton* to *Ryan*, it is submitted that the Court's Order need not transfer their judgments "back" to *Ashton*, but, should the Court take the view that the judgments were transferred, then the request is to return them so that all of the Ryan family "complete" default judgments exist in *Ashton*. The same is true of the Breitweiser family judgments if the Court takes the view that their final default judgments against Iran in *Ashton* were also transferred to *Ryan*; if so, they also should be returned to *Ashton*.

*Defects in the Ashton Docket Sheet.* The Breitweiser family has asked my office to petition the Court to clarify one matter that creates confusion on the *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) docket sheet. These docket entries of May 28, 2018 (*Ashton* ECF No. 904; MDL ECF No. 4011), apparently composed by the Clerk of the Court, indicate that Plaintiff Kristen Breitweiser was "terminated" as a plaintiff upon entry of a default judgment against the Islamic Republic of Iran ("***Party: Kristen Breitweiser terminated."). This incorrect docket entry was then also transferred to the top of the docket sheet where plaintiffs are listed: "Kristen Breitweiser – TERMINATED 05/28/2018." There was never an order of this Court terminating Plaintiff Kristen Breitweiser, nor should there have been one. Further, the Breitweiser family was in a similar position to the Ryan and Maher families except that there was never any objection to the Breitweiser Plaintiffs' non-Iran claims remaining in the *Burlingame/Ashton* case. Accordingly, it is submitted that a correction to the docket is needed.

The incoming attorney for the Breitweiser and Ryan Plaintiffs, John Schutty, has read and has approved of the contents of this letter.

As stated herein, I respectfully request the Court to schedule a status conference regarding this matter. We look forward to hearing from Your Honor.

Sincerely,

Dennis G. Pantazis

cc:   John F. Schutty, Esquire