WHITE & CASE

March 9, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Al Rajhi Bank respectfully submits this letter in reply to Plaintiffs' Opposition (ECF No. 8909) to the Bank's letter-motion (ECF No. 8897) (1) asking the Court to quash Plaintiffs' Rule 45 subpoena on J.P. Morgan Chase Bank, N.A., and (2) requesting that the Court direct Plaintiffs to submit a statement of jurisdictional facts and evidence. The Bank does not wish to occupy the Court's time with issues that have already been briefed, but is compelled to correct Plaintiffs' mischaracterizations and respond to arguments Plaintiffs raise for the first time in their Opposition.

I.  **The Bank Has Standing To Challenge The JPM Subpoena, Which Seeks Information Outside The Scope Of Authorized Discovery**

Contrary to Plaintiffs' assertion (at 2), in *In re Lloyds* this Court held that Ukraine, a party in post-judgment discovery, *did* have standing to challenge the subpoenas on non-party banks based on confidentiality grounds and its privacy interest in its own banking records. 2021 WL 3037388, at *2. Standing having been established, this Court then looked at the "probative value" of those records. *Id*. Here, the Bank has standing based on a privacy interest in its own records. Because Plaintiffs seek information for which this Court has *already* denied discovery, and which goes beyond the scope of authorized "limited" discovery, the probative value is minimal, and the subpoenas should be quashed.

In their Opposition, Plaintiffs raise — for the first time in this litigation — a correspondent-banking theory of specific personal jurisdiction against Al Rajhi Bank. For purposes of this motion, the Bank need not address Plaintiffs' faulty legal argument (at 4) that personal jurisdiction could lie from "even a single corresponding transaction." *See, e.g.*, *Licci v. Lebanese Canadian Bank SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (holding "frequency and deliberate nature" of a bank's use of its correspondent account to be "determinative" in finding personal jurisdiction). Rather, discovery into correspondent-banking information is simply out of the scope of the discovery authorized by the Second Circuit and ordered by this Court. Plaintiffs have never raised a correspondent-banking theory of personal jurisdiction against the Bank before now. *See, e.g.*, First Am. Compl.; Pls. Opp. to Mot. to Dismiss 8-19 (Dec. 5, 2017), ECF No. 3835. This theory was thus not before the district

**WHITE & CASE**

The Honorable Sarah J. Netburn
March 9, 2023

court when it granted the Bank's motion to dismiss, or before the Second Circuit when it authorized jurisdictional discovery.  Discovery into the Bank's correspondent-banking records is thus not authorized.  *See* Order 4 (Nov. 22, 2021), ECF No. 7378 ("[T]he proper scope of discovery is assessed based on what was authorized in the Remand Order."); *id*. at 6 ("[T]he plain reading [of the Second Circuit Summary Order] is that discovery is warranted into whether ARB provided financial support to both charities and known extremist operatives with the specific intent that this support be used to aid in terrorist acts in the United States.").

The documents that Plaintiffs attach to their Opposition as Exhibit G only underscore that the information Plaintiffs now seek is irrelevant and beyond the scope of authorized discovery.  Plaintiffs assert (at 3-4) that these documents show a purported "pattern of financial assistance from Suleiman al Rajhi and Abdul Rahman al Rajhi" — *not* Al Rajhi Bank — to so-called "radical elements," *none of which* is among the operatives and charity fronts at the center of Plaintiffs' allegations against the Bank in this case.  The Court authorized limited jurisdictional discovery into the Bank's alleged support to specific, named charities and operatives.  *See* Nov. 22, 2021 Order 6, 8-11.  Plaintiffs' subpoena tries to circumvent the Court's Order and seeks information on all transactions in the United States, without any limiting principle.  Plaintiffs (at 2-3) fall back on a confidential designation, but a confidential designation is no panacea to prevent disclosure of private information (*see, e.g.*, Order 5-11 (Sept. 21, 2022), ECF No. 8544).  And a confidentiality order does not cure over-breadth and irrelevance.

**II.     Ordering A Statement Of Jurisdictional Facts And Evidence Is Not "Premature"**

With only eight days left to serve fact discovery requests, it is not "premature" (at 4-5) to determine now whether Plaintiffs will be required to put forward a statement of jurisdictional facts at the close of discovery.  To the contrary, agreeing on this process now will help guide the information that the Bank will seek from Plaintiffs as fact discovery closes.  And the Bank does not raise unfounded concerns about "a potential sandbag," the issue this Court sought to alleviate by suggesting this approach in Plaintiffs' case against Saudi Arabia.  *See* Tr. 39:1-17 (June 5, 2018), ECF No. 4015.  Indeed, twice in the last week, Plaintiffs have relied on documents apparently from third parties, but which Plaintiffs never raised with the Bank in the meet-and-confer process.  *See* Pls. Opp. at Exh. G; Pls. Mot. to Compel (ECF No. 8902) at Exhs. 4, 7-11, 18-19.  Plaintiffs have not provided any production history or context for these documents.  Requiring Plaintiffs to submit a proposed statement of jurisdictional facts as to Al Rajhi Bank, with attached evidence, will help ensure that the Bank has adequate notice of the information on which Plaintiffs intend to rely in meeting their burden of establishing personal jurisdiction.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira
*Counsel for Al Rajhi Bank*

cc:   Counsel of Record (via ECF)

2