UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
IN RE:                                                                  :         MEMORANDUM DECISION
                                                                        :         AND ORDER
TERRORIST ATTACKS ON                                                    :
SEPTEMBER 11, 2001                                                      :         03 MDL 1570 (GBD) (SN)
                                                                        :
------------------------------------------------------------ x

This document relates to:

> *Mandelkow et al. v. Islamic Republic of Iran*, No. 20-cv-00315
> *Alcabes et al. v. Islamic Republic of Iran*, No. 20-cv-00340
> *Anderson et al. v. Islamic Republic of Iran*, No. 20-cv-00354
> *Ahearn et al. v. Islamic Republic of Iran*, No. 20-cv-00355
> *Asciutto et al. v. Islamic Republic of Iran*, No. 20-cv-00411
> *Amin et al. v. Islamic Republic of Iran*, No. 20-cv-00412
> *Basci et al. v. Islamic Republic of Iran*, No. 20-cv-00415

GEORGE B. DANIELS, United States District Judge:

On August 16, 2022, Plaintiffs moved this Court to issue partial final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of injuries sustained by Plaintiffs in the September 11, 2001 terrorist attacks ("9/11 Attacks"). (*See* ECF Nos. 8346, 8350, 8354, 8358, 8362, 8369, and 8373.)[1] These motions address two categories of victims: (1) people who developed ultimately fatal latent injuries and illnesses linked to the 9/11 Attacks ("Latent Injury Decedents"); and (2) the immediate family members of those who died from these latent injuries and illnesses linked to the 9/11 Attacks ("Surviving Family Members"). Before this Court is Magistrate Judge Sarah Netburn's March 3, 2023 Report and Recommendation (the "Report"), recommending that this Court grant the motions for default judgment brought by the estates of Latent Injury Decedents and deny the motions brought by the Surviving Family Members. (Report, ECF No. 8901, at 1–2.) Magistrate Judge Netburn advised

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation, *i.e.*, No. 03-md-1570.

1

the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 20.) Additionally, Magistrate Judge Netburn directed Plaintiffs to file supplemental evidence related to certain estates. (*See id.* at 26.) On March 7, 2023, Plaintiffs filed a letter requesting an extension of time to file objections and supplemental evidence in response to the Report. (*See* Pls.' Mar. 7, 2023 Letter, ECF No. 8908.)

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

After recommending that this Court grant the motions for default judgment brought by the estates of Latent Injury Decedents and deny the motions brought by the Surviving Family Members, (Report at 1–2), Magistrate Judge Netburn noted that evidentiary filings pertaining to five estates were deficient, (*id.* at 21–26). Magistrate Judge Netburn found that the Victim Compensation Fund ("VCF") appears to have erroneously attributed a subset of the decedents' medical conditions to their personal representatives, thus failing to show that the 9/11 Attacks caused the *decedents'* medical conditions. (*Id.* at 26.) In a second subset, Magistrate Judge Netburn found discrepancies that prevented the Court from concluding that one or more of the 9/11-linked medical conditions listed on the VCF letters caused the decedents' deaths, thereby breaking the requisite causal chain to award damages. (*Id.*) Magistrate Judge Netburn instructed Plaintiffs to file such evidence within the standard 14-day period for submitting objections to the Report, *i.e.*, by March 17, 2023. (*Id.*); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Plaintiffs' March 7, 2023 letter seeks a 45-day extension to file both written objections to the Report and the required supplemental evidence. Due to the medical nature of the supplemental

evidence at issue, this Court recommits the matter to the Magistrate Judge and grants Plaintiffs' request for an extension to file the supplemental evidence.[2] This Court directs Plaintiffs to file the supplemental evidence, as instructed in the Report, with Magistrate Judge Netburn no later than May 1, 2023.

## CONCLUSION

This Court GRANTS Plaintiffs' request for an extension to file the supplemental evidence. This Court RECOMMITS this matter to Magistrate Judge Netburn to receive and review Plaintiffs' supplemental evidence and issue a Supplemental Report and Recommendation, consistent with this decision. Upon service of the Supplemental Report and Recommendation, the parties shall have fourteen days to file written objections to that Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

The Clerk of Court is directed to close the open motions (ECF Nos. 8346, 8350, 8354, 8358, 8362, 8369, 8373, and 8908 in 03-md-01570; ECF Nos. 66 and 78 in 20-cv-00315; ECF Nos. 64 and 77 in 20-cv-00340; ECF Nos. 59 and 71 in 20-cv-00354; ECF Nos. 62 and 74 in 20-cv-00355; ECF Nos. 63 and 75 in 20-cv-00411; ECF Nos. 64 and 77 in 20-cv-00412; ECF Nos. 65 and 77 in 20-cv-00415).

Dated: March 13, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] Because this Court recommits the matter to the Magistrate Judge, Plaintiffs' request for an extension of time to file objections to the March 3, 2023 Report and Recommendation is DENIED as moot.