# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 2028795572
scottreau@jonesday.com

March 17, 2023

**VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Dear Judge Netburn:

      Counsel for Dubai Islamic Bank ("DIB") and Plaintiffs write pursuant to the Court's March 6, 2023 Order denying without prejudice DIB's request for limited expert discovery regarding files released pursuant to Executive Order 14040 ("Declassified Files") and Jonathan Winer's "supplementary report" and ordering the parties to file a status letter proposing next steps in light of the Court's exclusion of Jonathan Winer's supplementary report. MDL ECF 8906. Since that Order, Judge Daniels issued a decision granting DIB's motion for summary judgment based on lack of personal jurisdiction ("Dismissal Order"). MDL ECF 8911. The parties have met and conferred, but were unable to reach agreement on a joint response to the Court. The position of each side is set forth below.

**<u>DIB's Position</u>**

      Plaintiffs previously agreed to DIB's request for limited, expedited expert discovery to address both the Declassified Files and any rebuttal of Jonathan Winer's "supplementary report"—topics that could not have been addressed in DIB's earlier expert reports. *See*, *e.g.*, MDL ECF 8877. DIB had initially proposed to Plaintiffs that such discovery should be conditioned on the Court's denial of DIB's personal jurisdiction motion and a determination that the Declassified Files may be admissible—the narrow circumstances in which DIB believed additional expert testimony would be necessary. MDL ECF 8874. Plaintiffs and DIB, however, agreed that this limited expert discovery should commence immediately in early March. MDL ECF 8874, 8877.

      In the event that DIB's dismissal is overturned on appeal or otherwise does not remain the final judgment of this Court, DIB continues to believe that limited, qualified expert testimony on the Declassified Files is warranted. This need is highlighted by the Dismissal Order, in which the Court "admit[ted] the CIA files for the limited purposes of this motion" based upon the public records hearsay exception. MDL ECF 8911 at 13. In the event that the Court has to confront the issue of admissibility in the future, DIB believes that the Court could benefit immensely by having

VIA ECF
Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)
March 17, 2023
Page 2

the views of intelligence experts (with CIA and FBI expertise) explain the Declassified Files and put them in their proper context for the Court. In addition, DIB believes that targeted expert testimony would also help a trier of fact assess the weight, if any, to give to those Files.

DIB does not believe that such limited expert discovery needs to occur now: given the Court's Dismissal Order, the most efficient path forward would be to permit Plaintiffs to appeal that order. Last year, DIB was comfortable moving forward with its personal jurisdiction motion without interrupting and delaying the proceedings to engage in additional limited expert discovery because DIB did not believe that such expert discovery was necessary to obtain a dismissal for lack of personal jurisdiction. That remains the case.

In the event that the claims against DIB are remanded back to this Court after appeal, however, DIB believes that the proper course would be to permit it to quickly serve limited additional expert reports regarding the Declassified Files and to permit Plaintiffs to take depositions regarding those reports (as the parties previously agreed). If this Court fears that such limited expert discovery would unduly delay this case in the event of a remand, DIB is willing to complete that limited discovery now before any appeal by Plaintiffs.

DIB thanks the Court for its thoughtful attention to these issues.

**Plaintiffs' Position**

Plaintiffs submit this position statement based on the current state of proceedings as to DIB, and namely the fact that: (1) Judge Netburn has issued an Order granting DIB's motion to exclude entirely the supplemental expert report and opinions of Jonathan Winer ("Winer III") as "untimely" (ECF No. 8905); and (2) Judge Daniels has issued an Order granting summary judgment in favor of DIB, in which the Court declined to consider any facts or opinions offered solely in Winer III (ECF No. 8911). Subject to any objections Plaintiffs may file as to the Court's ruling excluding Winer III, Plaintiffs' view is that the record in the district court is now closed, and the Court should proceed to enter a Rule 54(b) final judgment as to DIB, so that the parties may proceed to appeal.

Plaintiffs object to any request by DIB that the Court enter an order providing that DIB may be entitled to reopen discovery in the event of remand, to belatedly serve expert reports concerning the CIA documents released pursuant to Executive Order 14040, or that discovery be reopened at the present time, after summary judgment has been issued in favor of DIB, to allow DIB to belatedly present expert opinions on those issues now. Any proposal along those lines is improper for at least three reasons.

JONES DAY

VIA ECF
Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)
March 17, 2023
Page 3

*First*, in the event the Second Circuit overturns this Court's Order granting summary judgment in DIB's favor, its decision will explain its reasoning for doing so, and that decision and the Second Circuit's mandate will guide any further proceedings before this Court on remand. To the extent the Second Circuit attributes particular significance to the CIA documents, the parties will be permitted to make applications to reopen discovery in light of the Second Circuit's assessments and holdings, and assert arguments about waiver. An order presumptively dictating a course for discovery on remand is thus unnecessary and improper, and the very existence of such an order, indicating that further discovery is warranted in relation to the issues addressed in the summary judgment motion, would raise obvious questions on appeal concerning the propriety of the Court's decision to proceed to summary judgment before the record had closed. There is no reason to interject such complexity and uncertainty into the appeal, which at present offers the Second Circuit a clear and clean record for review.[1]

*Second*, DIB has waived the right to request, and is estopped from requesting, that discovery be reopened for purposes of serving expert reports related to the CIA documents, by virtue of its 10-month delay in seeking that relief and arguments opposing any reopening of discovery. *See Intellivision v. Microsoft Corp.*, 484 Fed. Appx. 616, 620-21 (2d Cir. 2012); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). As the Court is aware, the CIA documents, which the CIA had previously withheld in discovery, were declassified and released under Executive Order 14040 on March 29, 2022 and April 1, 2022, and provided to DIB by Plaintiffs by April 18, 2022. Nonetheless, for nearly 10 months, DIB made no request (to Plaintiffs or the Court) to reopen discovery to offer expert opinions about the CIA documents. Instead, DIB argued that the documents provided no basis to reopen discovery and asked the Court to rule on DIB's motions to exclude Winer III and for summary judgment.

To those ends, DIB asserted that "the CIA documents do not permit Plaintiffs to reopen expert discovery." *See* DIB Motion to Exclude Supplementary Expert Report of Jonathan Winer (ECF No. 8344) at 1. It argued that "[i]t is no news that these files existed: The 9/11 Commission Report, in 2004, cited all four of them in footnotes," and that "the files' content is also not new: Their gist appears to underlay the July 1999 Article that was the basis for the allegations in Plaintiffs' complaints." *See* DIB Motion for Summary Judgment & Renewed Motion to Dismiss (ECF No. 8127) at 23. These arguments were part of a calculated litigation strategy by DIB, focused on persuading the Court to exclude Mr. Winer's testimony and to adopt DIB's arguments that the CIA documents "are in any event not 'important' as relevant here, because as to DIB they

---

[1] Any proposal that expert discovery should go forward now, without disturbing the summary judgment order, is incoherent and would be deeply prejudicial to Plaintiffs. In addition to the points noted below, it would require Plaintiffs to expend time, money and resources on expert discovery after summary judgment has been granted on their claims against DIB.

JONES DAY

VIA ECF
Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)
March 17, 2023
Page 4

restate issues long known to Plaintiffs." *See* Reply in Support of Defendant Dubai Islamic Bank's Motion to Exclude Supplementary Expert Report of Jonathan Winer (ECF No. 8503) at 8. DIB adhered to those positions for 10 months, and significantly prevailed on the basis of same. By successfully arguing that the CIA documents themselves and their contents provide no basis to reopen expert discovery, DIB has waived, and is estopped from, any right to now reverse course and assert the contrary position.

*Third*, allowing DIB to reopen discovery solely for the purpose of offering expert testimony to attack the credibility of the CIA documents would be manifestly unfair and prejudicial to Plaintiffs. Plaintiffs have never been afforded an opportunity to conduct discovery to corroborate the content of those reports, which were unavailable to Plaintiffs until after the close of discovery. Moreover, the Court has now precluded Plaintiffs from offering expert testimony related to them, primarily because DIB opposed any reopening of discovery for 10 months after the CIA documents were released, as those very discovery issues were being litigated.

That circumstance played a critical role in how the case proceeded on virtually every front. Indeed, Plaintiffs' positions on the discovery issues and the proceedings before the Court relating to them would have been far different, if DIB had acknowledged at the outset that the CIA documents were "new' evidence warranting a reopening of discovery. In that very different circumstance, Plaintiffs would have pressed for broader discovery based on the content of the documents, including depositions and more robust document discovery. And DIB would not have been able to oppose such requests by claiming that the CIA documents offered nothing "new."

To the extent the Court is inclined to entertain DIB's application to reopen discovery, the aperture of the discovery authorized by this Court must afford Plaintiffs an opportunity to fully develop the record in support of the transactions and relationships detailed in the CIA documents. Once again, through no fault of Plaintiffs (who never had access to the documents until after discovery closed and promptly alerted DIB to their existence), Plaintiffs have never had an opportunity to conduct meaningful document discovery concerning the transactions and relationships described in the CIA documents, and have never had an opportunity to question DIB witnesses concerning those same issues. If discovery is to be reopened on the grounds that the CIA documents constitute new evidence, Plaintiffs must be afforded an opportunity to conduct meaningful discovery with regard to those documents and the transactions and events described therein.

Plaintiffs anticipate that DIB will attempt to argue that the proposal the parties submitted on February 23, 2023 (ECF No. 8874) justifies the relief it now seeks, but that is not correct. As Plaintiffs made clear, their assent to that proposal was conditional on it being accepted by the Court *before* the Court ruled on the motion to exclude Mr. Winer's testimony or the motion for summary

JONES DAY

VIA ECF
Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)
March 17, 2023
Page 5

judgment. *Id.* at 2; *see also* ECF No. 8875 at 2. As Plaintiffs noted, its adoption before any such rulings would have negated key arguments advanced by DIB about both Mr. Winer's testimony and the CIA documents themselves that remained unresolved. *See* ECF No. 8875. Those considerations and benefits, which were central to and a condition of Plaintiffs' position, were eliminated by the Court's decisions, a result that is solely attributable to DIB's delay in reversing course.[2] Plaintiffs also made clear that allowing DIB to await those decisions and then serve expert reports (regardless of the outcome) would be improper, because it would unfairly advantage DIB in preparing its reports. *Id.* at 2. And the proposal itself specified that Mr. Winer's testimony would be part of expert discovery, which is no longer the case.

\* \* \*

Sincerely,

*/s/ Steven T. Cottreau*
Steven T. Cottreau
JONES DAY
51 Louisiana Ave N.W.
Washington, D.C. 20001
scottreau@jonesday.com
202-879-5572
*Counsel for Defendant Dubai Islamic Bank*

---

[2] *See* ECF No 8089 at 1 (joint letter concerning CIA documents stating that "DIB believes that discovery is closed").