# EXHIBIT A

# Summary of State Wrongful Death and Intestacy Statutes

| State | Wrongful Death | Intestacy | |
|---|---|---|---|
| | Economic Portion of the Presumed Award | Priority Under Intestate Laws | When there are Children of Different Generations (ie. grandchildren) |
| New York | Damages are distributed to those eligible to recover under intestate law, in proportion to their pecuniary loss, <u>except</u> that when there is a surviving spouse and parents, but no children (or grandchildren), the parents will also recover in proportion to their pecuniary loss.<br><br>Pecuniary loss is defined by the New York Wrongful Death statute and cases interpreting the statute.<br><br>See N.Y. Est. Powers & Trusts Law § 5-4.1 (McKinney 2002) | 1. A spouse and no children-- the whole to the spouse.<br><br>2. A spouse and children-- $50,000 and 1/2 of the balance of the estate to the spouse, and the remainder divided equally among the children as long as they are in the same generation.<br><br>3. Children and no spouse -- the whole to the children, divided equally as long as they are in the same generation.<br><br>4. One or both parents and no spouse and no children -- the whole to the surviving parent or parents.<br><br>5. Parent's children (brothers, sisters, or their children) and no spouse, children or parent -- the whole to the parent's children, divided equally as long as they are in the same generation.<br><br>See N.Y. Est. Powers & Trusts Law § 4-1.1 (McKinney 2002) | In New York, a share is set aside for each surviving child of the closest generation to the victim where there are survivors, and those survivors receive equal shares. An equal share is also set aside for each deceased member of the first generation who left behind children. Those shares are combined and distributed in equal shares to all the members of the next generation.<br><br>The New York Practice Commentary gives the following example:<br><br>Assume that an intestate victim with a net estate of $450,000 is survived by a husband and four children, A, B, C, and D. Her husband gets $50,000 plus one-half of the residue ($200,000), and the children get the rest in equal shares ($50,000 each). If A predeceases the victim, leaving Grandchild-1, Grandchild-2, and Grandchild-3, they share his $50,000 equally ($16,667 each). If B also predeceases the victim, leaving Grandchild-4 and Grandchild-5, the five grandchildren take $20,000 each (one-fifth of the $100,000 of A and B).<br><br>See N.Y. Est. Powers & Trusts Law § 4-1.1 (McKinney 2002) (Practice Commentary) |

This is a general summary. It is only meant to provide information to personal representatives regarding relevant state law in order to guide them in devising plans for distributions that are consistent with state law. It does not include distributions when none of the relatives set forth in these charts is alive. Calculation of the total award is determined by the Fund's regulations. This is not a substitute for state law, and to the extent state law varies with this chart, state law controls. For more information, an attorney familiar with state statutes and case law should be consulted.

# Summary of State Wrongful Death and Intestacy Statutes

| State | Wrongful Death Laws | Intestacy Laws | |
|---|---|---|---|
| | Economic Portion of the Presumed Award | Priority Under Intestate Laws | When there are Children of Different Generations (ie. grandchildren) |
| New Jersey | Damages are distributed to those eligible to recover under intestate law, in proportion to their pecuniary loss.<br><br>Pecuniary loss is defined by the New Jersey Wrongful Death statute and cases interpreting the statute.<br><br>See N.J. Stat. Ann. § 2A: 31-4 (2002). | 1. Spouse and no parents or children-- everything to spouse.<br><br>2. Spouse and children - spouse takes the first $50,000 plus ½ of the balance of the estate if the children are also the spouse's. If they are not, spouse only takes ½ of the estate. Remainder is divided equally among the children in the same generation.<br><br>3. Spouse and parents (no children) - spouse takes the first $50,000 plus ½ of the balance of the estate. Remainder is divided equally among parents.<br><br>4. No children but parents -- parents share equally.<br><br>5. No parents -- the parent's children take all (i.e. brothers and sisters or their descendants). Shares are divided equally among the children in the same generation.<br><br>See N.J. Stat. Ann. § 3B: 5-3 (2002). | The estate is divided into as many shares as there are living members of the nearest generation of children to the victim, including deceased children in the same generation who left behind children. Each surviving heir in the nearest generation to the victim receives one share and the share of each deceased person in the same generation is divided among his or her descendants in the same manner.<br><br>See N.J. Stat. Ann. § 3B: 5-3 (2002). |

This is a general summary. It is only meant to provide information to personal representatives regarding relevant state law in order to guide them in devising plans for distributions that are consistent with state law. It does not include distributions when none of the relatives set forth in these charts is alive. Calculation of the total award is determined by the Fund's regulations. This is not a substitute for state law, and to the extent state law varies with this chart, state law controls. For more information, an attorney familiar with state statutes and case law should be consulted.

# Summary of State Wrongful Death and Intestacy Statutes

| State | Wrongful Death Laws | Intestacy Laws | |
|---|---|---|---|
| | Economic Portion of the Presumed Award | Priority Under Intestate Laws | When there are Children of Different Generations (ie. grandchildren) |
| Connecticut | Damages are distributed to the class of people defined by the will or, if there is no will, in accordance with the intestate laws.<br><br>See Conn. Gen. Stat. § 45a-448(b) (2002). | 1. Spouse and no children or parent -- the whole estate goes to the spouse.<br><br>2. Spouse and parent (but no children) -- first $100,000 and 3/4 of the estate goes to the spouse. The remainder is divided equally among the parents.<br><br>3. Spouse and children -- spouse takes 1/2 the estate. If the children are also the spouse's, the spouse also takes $100,000. If they are not, spouse only takes 1/2. Whatever remains is divided equally among the children in the same generation.<br><br>4. Children, no spouse --- shares are divided equally among the children in the same generation.<br><br>5. No spouse or children – shares are divided equally among the parents.<br><br>5. No children, parents, or spouse-- shares go to brothers and sisters or descendants. Shares are divided equally if takers are in the same generation. If there are no brothers and sisters, then to the "next of kin in equal degree."<br><br>See Conn. Gen. Stat. §§ 45a-437, et. seq. (2002). | The estate is divided into as many shares as there are living members of the nearest generation of children, including deceased children in the same generation who left behind children. Each surviving heir in the nearest generation to the victim receives one share and the share of each deceased person in the same generation is divided among his or her descendants in the same manner.<br><br>See Conn. Gen. Stat. §§ 45a-437, et. seq. (2002). |

This is a general summary. It is only meant to provide information to personal representatives regarding relevant state law in order to guide them in devising plans for distributions that are consistent with state law. It does not include distributions when none of the relatives set forth in these charts is alive. Calculation of the total award is determined by the Fund's regulations. This is not a substitute for state law, and to the extent state law varies with this chart, state law controls. For more information, an attorney familiar with state statutes and case law should be consulted.