IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND ANTHONY SMITH, as Administrator of the Estate of George Eric Smith, deceased; and KATHERINE SOULAS, Executrix of the Estate of Timothy Soulas, deceased<br><br>      Plaintiffs,<br><br>      v.<br><br>THE ISLAMIC EMIRATE OF AFGHANISTAN, et al.<br><br>      Defendants. | CASE NO.  01-cv-10132-GBD-SN |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO RENEW AND EXTEND JUDGMENT AGAINST THE TALIBAN, THE ISLAMIC EMIRATE OF AFGHANISTAN, AND AL QAEDA/ ISLAMIC ARMY

**Jurisdiction and venue:**

Plaintiffs' Motion for Renewal of Judgment is properly before this court. The District Court has the inherent power to enforce its own judgments. See Epperson v. Ent. Express, Inc., 242 F.3d 100, 104-05 (2d Cir. 2001); Benjamin v. Jacobson, 172 F.3d 144, 157 (2d Cir. 1999) ("It is well established that a federal court . . . has the power to enforce its own orders and judgments.")(citations omitted). Venue is proper in the Southern District of New York because the original judgment was entered in this District, and the events on which this lawsuit is based occurred therein.

Moreover, this Court has jurisdiction to consider Plaintiffs' motion, even though the underlying action is currently on appeal to the Second Circuit[1]. The filing of a notice of appeal

---

[1] Smith v. Islamic Emirate of Afghanistan No. 23-304 (2d Cir. March 3, 2023).

does not divest the District Court of jurisdiction where, as here, the motion "involve[s] issues which are not "the same issues involved in the appeal." Lashley v. Artuz, No. 01-cv-11542, 2004 U.S. Dist. LEXIS 9707 at *2 (S.D.N.Y. May 25, 2004). The District Court therefore retains control over "those aspects of the case which are [not] involved in the appeal." Id. Accordingly, the District Court may maintain jurisdiction notwithstanding the filing of a notice of appeal where (as here) a motion is uniquely separable and collateral from the decision on the merits. See, e.g., Mary Ann Pensiero v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988). Indeed, this motion requests this Court to maintain the status quo while the case is on appeal. The role of the District Court pending appeal is to perform ministerial functions and preserve the status quo. Newton v. Consolidated Gas Co., 258 U.S. 165, 167 (1992)("Undoubtedly . . . the trial court may . . . preserve the status quo until decision by the appellate court.").

**Factual Background:**

On 7 May 2003, Plaintiffs, Raymond Anthony Smith, Administrator of George Smith Estate, and Katherine Soulas, Executrix of the Timothy Soulas Estate, obtained a verdict [ECF 25] against, *inter alia*, the Taliban in a civil action for damages arising out of the 11 September 2001 terrorist attacks on the United States of America.

Judgment in favor of Plaintiffs was docketed on 14 July 2003 (#03,1446) [ECF 28]. On 22 February 2022, the clerk issued a Writ of Execution as to the Judgment[2].

The United States Marshal served the Writ of Execution on the Federal Reserve Bank of New York on 14 March 2022. See Return of Service [ECF 41]. Plaintiffs promptly effectuated service of their Writ of Execution after the President of the United States issued an Executive

---

[2] On 30 April 2022, the Honorable Lewis A. Kaplan entered an Order (ECF 48) which extended the Writ of Execution. The Order states: "The Writ of Execution is hereby extended indefinitely and shall not expire until further order of the Court."

2

Order on 11 February 2022 (Exec. Order No. 14,064, 87 Fed. Reg 8391) which blocked "all property and interests in property" of Da Afghanistan Bank (DAB) "held in the United States by United States financial institutions," including the Federal Reserve Bank of New York (FRBNY), and directed the blocked property to be transferred to a consolidated account to be held at the FRBNY.

Plaintiffs thereafter filed their turnover motion [ECF 62] on 18 May 2022 to obtain the funds held in the Federal Reserve Bank[3]. That motion was denied by the Honorable George B. Daniels on 21 February 2023 [ECF 101][4]. Accordingly, to date, Plaintiffs have not been able to satisfy the judgment obtained against the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army.

Under New York state law, a money judgment is enforceable for twenty (20) years. N.Y.C.P.L.R. 211(b). Hence, the aforementioned judgment, which was docketed 14 July 2003, may be deemed no longer enforceable and/or presumptively paid and satisfied twenty years therefrom, if not renewed. Plaintiffs hereby move for summary judgment (in lieu of complaint) in accordance with New York state execution of judgment law (N.Y. C.P.L.R. 3213).

Section 5014 of the New York Civil Procedure Law and Rules provides for a twenty-year extension of a judgment (that is, a "renewal judgment"). Edrich v. Festinger, No. 12-CV-4069, 2017 U.S. Dist. LEXIS 131576 (S.D.N.Y. August 17, 2017). Plaintiffs can make a *prima facie* showing of their entitlement to a renewal judgment: the 14 July 2003 judgment is the original

---

[3] On 26 August 2022 the Honorable Sarah Netburn issued a Report and Recommendation [ECF 80] that the turnover motions be denied. The judgement-creditors filed Objections [ECF 87] to the Report and Recommendation on 10 November 2022.

[4] Plaintiffs have filed an appeal to the Court of Appeals for the Second Circuit [case number 23-304] as to this Order.

judgment; Defendants are the judgment debtors; no part of the judgment has been paid/satisfied by the Defendants. Edrich, supra, 2017 U.S. Dist. LEXIS 131576 at *19.

The facts set forth above are undisputed. Plaintiffs therefore respectfully request that this Court enter an Order granting Plaintiffs' Motion for Summary Judgment and renewing and extending the judgment docketed on 14 July 2003 (Judgment #03,1446) for an additional twenty (20) years.

**The Applicable Legal Standards:**

Pursuant to Federal Rule of Civil Procedure 69(a)(1) a money judgment is enforced in accordance with the procedure of the state where the court is located. That is, Rule 69 states in relevant part:

> The procedure on execution--and in proceedings . . . in aid of judgment or execution--must accord with the procedure of the state where the court is located . . . .

Fed. R. Civ. P. 69(a)(1). Accordingly, the District Court must apply New York law as it pertains to enforcement of judgments.

In accordance with New York Civil Practice Law and Rules Section 5014, a judgment holder may commence an action upon a money judgment. As set forth in Section 5014:

> § 5014. Action upon judgment
> . . . an action upon a money judgment entered in a court of the state may [] be maintained between the original parties to the judgment where:
> 1. ten years have elapsed since the first docketing of the judgment…

Section 211 nevertheless states that a money judgment is conclusively *presumed to have been paid* after the expiration of twenty years from the time it is first enforceable:

> § 211. Actions to be commenced within twenty years
> ***
> (b) On a money judgment. A money judgment is *presumed to be paid and satisfied after the expiration of twenty years from the time*

4

> *when the party recovering it was first entitled to enforce it.* This presumption is *conclusive*, except as against a person who within the twenty years acknowledges an indebtedness, or makes a payment, of all or part of the amount recovered by the judgment, or his heir or personal representative, or a person whom he otherwise represents.

N.Y. C.P.L.R. 211.

Notwithstanding this twenty-year limitation on the life of a judgment, New York Civil Practice Law and Rules Section 3213 permits renewal of a judgment previously obtained by filing a motion for summary judgment in lieu of complaint. Section 3213 states in relevant part:

> § 3213. Motion for summary judgment in lieu of complaint.
>
> When *an action* is based upon . . . any judgment, the plaintiff may serve[5] with the summons a notice of motion for summary judgment and the supporting papers *in lieu of a complaint*. The summons served with such motion papers shall require the defendant to submit answering papers on the motion within the time provided in the notice of motion.

N.Y. C.P.L.R. 3213 (emphasis added).

This Honorable Court has previously enunciated the standard for disposition of motions for summary judgment:

> Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine issue[6] as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56[ ]; Vacold, L.L.C. v. Cerami, 545 F.3d 114, 121 (2d Cir. 2008). The burden rests upon the moving party to show that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A fact is "material" only where it will affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). For there to be a "genuine"

---

[5] As set forth herein, service of this motion is not required under *federal* procedural law (which, as further shown below, is applicable here), specifically Fed. R. Civ. Pro. 5(a)(2), as Defendants are defaulting parties.

[6] As the Notes of Advisory Committee on the 2010 Amendments to Federal Rule of Civil Procedure 56 explain, "[s]ubdivision (a) [of Rule 56] carries forward the summary-judgment standard expressed in former subdivision (c) [of the Rule], changing only one word-genuine 'issue' becomes genuine 'dispute'." That is because "'[d]ispute' better reflects the focus of a summary-judgment determination."

5

>issue about the fact, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." Id. In determining whether there is a genuine issue of material fact, the Court is required to resolve all ambiguities and draw all inferences in favor of [*7] the non-moving party. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). Where there is no evidence in the record "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is proper. Catlin v. Sobol, 93 F.3d 1112, 1116 (2d Cir. 1996). The nonmoving party can defeat summary judgment by presenting evidence sufficient to create a genuine issue of material fact, however, "[m]ere speculation and conjecture is insufficient to preclude the granting of the motion." Harlen Assocs. v. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

Valley Nat'l Bank v. Oxygen Unlimited, LLC, 2010 U.S. Dist. LEXIS 137587 at * (S.D.N.Y. Dec. 23, 2010).

In accordance with the afore-cited applicable law, movants request that this Court grant their Motion for Summary Judgment, and order the renewal of the 14 July 2003 judgment Plaintiffs obtained against the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army.

**Argument:**

### A. Plaintiffs are entitled to renewal of the judgment against the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army.

The aforementioned judgment for Plaintiffs, docketed 14 July 2003 [ECF 28] is the original judgment.  At least ten (10) years have passed since then. The Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army are judgment debtors.  No part of the judgment has ever been paid or satisfied by any of the Defendants.  Accordingly, Plaintiffs are entitled to a renewal of judgment against the Taliban, the Islamic Emirate of Afghanistan, and Al Qaed/Islamic Army. See, Edrich v. Festinger, No. 12-CV-4069, 2017 U.S. Dist. LEXIS 131576 at *19 (E.D.N.Y. August 17, 2017).   They respectfully request that this Court now enter summary judgment in their favor, and thereby renew the 14 July 2003 judgment (No.  03,1446).

6

B.   **Service upon the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army is not required.**

Under Federal Rule of Civil Procedure 5(a)(2), which is applicable here[7], the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army need not be served this motion because they are defaulting parties against whom Plaintiffs have obtained judgment. None of the aforementioned Defendants appeared at the hearing of this matter upon which judgment was entered by the District Court. Accordingly, under Fed. R. Civ. Pro. 5(a)(2), service of this motion is not required as to the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army because they are parties who defaulted by failing to appear in this action.

**WHEREFORE,** Plaintiffs respectfully request that this Court order that Plaintiffs' judgment against the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army is renewed and extended for an additional twenty (20) years.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

By:  /s/ *James E. Beasley, Jr.*
JAMES E. BEASLEY, JR. (*pro hac vice*)
DION G. RASSIAS
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
(215) 592-8360 (facsimile)
jbj@beasleyfirm.com
dgr@beasleyfirm.com
*Attorneys for Plaintiffs*

---

[7] As the Circuit Court has previously noted:

> Rule 69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable "statute of the United States." **This term includes The Federal Rules of Civil Procedure**, since they have the force and effect of federal statutes. 28 U.S.C.A. § 2072 . . . . Thus, under Rule 69(a) "if there is an applicable federal statute, it is controlling, *as is also any relevant Civil Rule*, since those rules have the force of a statute. . . ."

Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19 (2d Cir. 1995) (emphasis added).

7