**WHITE & CASE**

March 28, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Al Rajhi Bank respectfully submits this letter requesting that the Court disregard and strike the 13-page declaration submitted by Plaintiffs' counsel (ECF No. 8954) ("Tarbutton declaration") attached to Plaintiffs' reply brief in support of their Second Motion to Compel (ECF No. 8953). The Tarbutton declaration is a flagrant attempt by Plaintiffs to increase the number of pages of argument for their reply brief beyond those authorized by the Court. The Court should not permit Plaintiffs to circumvent this Court's decisions governing these proceedings, and should disregard and strike the Tarbutton declaration. *See Curran v. Aetna Life Ins. Co.*, No. 13-cv-00289, 2016 WL 3843085, at *8 (S.D.N.Y. Jul. 11, 2016) (disregarding counsel declaration as "improper" attempt to advance legal arguments and circumvent page limits).

On December 19, 2022, Plaintiffs requested a 25-page opening brief for their motion to compel (*see* ECF No. 8806). The Court denied that request and directed the parties to submit a joint letter with the parties' "joint or separate proposals for a process to address" remaining disputes. Order 2 (Dec. 22, 2022), ECF No. 8812. In the parties' January 20, 2023 joint letter to the Court (ECF No. 8837), Plaintiffs (at 1 n.1) declined to put forward a specific proposal for the parties' briefing schedule or page limitations, but opposed (at 4) the Bank's proposal that the parties follow the Court's standard procedure of submitting five-page letter briefs. The Court ultimately set the page limitations for briefing on Plaintiffs' motion to compel at 15 pages for Plaintiffs' opening brief, 15 pages for the Bank's opposition, and 5 pages for Plaintiffs' reply brief.

The 13-page Tarbutton declaration attached to Plaintiffs' 5-page reply brief improperly expands Plaintiffs' reply brief in a blatant attempt to sandbag the Bank and circumvent this Court's Order setting page limits. *See Curran*, 2016 WL 3843085, at *8 ( "[I]nclusion of legal arguments in an attorney declaration is improper."); *Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 319-20 & n.3 (E.D.N.Y. Feb. 26, 2016) (disregarding all arguments made in counsel's declaration because "although it does not cite case law, the declaration largely reiterates the [defendants'] factual and legal arguments"). *But see* Tarbutton Decl. ¶¶ 5-8 (expanding Plaintiffs' arguments about purported relevance of documents relating to "Abdul Rahman al Rajhi"); *id*. ¶¶ 9-16 (expanding

The Honorable Sarah J. Netburn
March 28, 2023

Plaintiffs' arguments criticizing Bank's search for documents relating to Sulaiman Al Rajhi Charitable Foundation); *id*. ¶¶ 17-47 (expanding Plaintiffs' arguments asserting purported insufficiency of Bank's searches for documents concerning transactions, communications, email, and Sulaiman Al Rajhi's 2014 departure from the Bank); *id*. ¶¶ 48-52 (expanding Plaintiffs' arguments belittling the Bank's provision of lists and descriptions of Bank departments and committees).

Under Local Civil Rule 7.1, legal arguments must be set forth in a memorandum of law, not in an attorney declaration. *See Quattlander v. Ray*, No. 18-cv-3229, 2021 WL5043004, at *2 n.4 (S.D.N.Y. Oct. 29, 2021). The law of this Court is clear that declarations from counsel "are generally properly used only to describe the documents attached to them as exhibits for the Court's consideration, not to advance factual averments or legal arguments." *Curran*, 2016 WL 3843085, at *8 (quoting *Clark v. Kitt*, No. 12-cv-8061, 2014 WL 4054284, at *7 (S.D.N.Y. Aug. 15, 2014), *aff'd*, 619 Fed. App'x 34 (2d Cir. 2015)) (disregarding all arguments made in declaration from counsel). The Tarbutton declaration is not used to describe or attach any exhibits, or even aver to any facts on which Plaintiffs rely in their reply brief. Indeed, Plaintiffs' reply brief cites the Tarbutton declaration only three times: once (at 1) to introduce the declaration as a whole, and just twice (at 1, 5) to specific paragraphs that do not describe any attached exhibits, but merely elaborate on Plaintiffs arguments (*see* Tarbutton decl. ¶¶ 18-20, 30).

Accordingly, this Court should disregard and strike the Tarbutton declaration as an attempt to supplement Plaintiffs' reply brief in defiance of the Court's Order on page limits. *See Curran*, 2016 WL 3843085, at *8 ("[T]he Court will not tolerate such a blatant attempt to circumvent the rules."); *see also Avalos v. IAC/Interactivecorp.*, No. 13-cv-8351, 2014 WL 5493242, at *3 n.1 (S.D.N.Y. Oct. 30, 2014) (disregarding counsel's declaration as "a thinly veiled attempt to supplement" Plaintiffs' brief); *Clark*, 2014 WL 4054284, at *7 ("I will not allow counsel to bypass the page limits on memoranda of law by submitting additional argument in the form of a sworn declaration.").

Disregarding the Tarbutton declaration would not affect this Court's determination of Plaintiffs' motion to compel, because the arguments in the Tarbutton declaration are largely redundant and not persuasive, and have been roundly addressed in the Bank's Opposition:

- **Abdul Rahman Al Rajhi:** Contrary to the Tarbutton declaration (at ¶¶ 5-8), the Court granted Request No. 4 on the grounds that "[a]llegations that ARB and its *high-ranking executives* supported al Qaeda through charitable fronts like the da'wah organizations go directly to the inquiry ordered by the Court of Appeals." Nov. 22, 2021 Order 9 (emphasis added). Regardless of Plaintiffs' mischaracterization of Abdul Rahman Al Rajhi as an "ARB Principal," this Court's ruling does not encompass individuals with no role at the Bank. *See* Pls.' 1st Mot. to Comp. at Exh. A, Def. 12 (ECF No. 6996-3) (incorrectly defining "ARB Principal" as "including" Abdul Rahman Al Rajhi). Plaintiffs cannot be permitted to incorrectly inform the Court that Abdul Rahman Al Rajhi was an "ARB Principal," obtain an Order granting discovery into his transactions based on that misinformation, and then — even after learning he never had *any* role at the Bank — continue to rely on that Order to obtain overbroad, irrelevant information. *See* Opp. 7.

WHITE & CASE

The Honorable Sarah J. Netburn
March 28, 2023

- **Transactions to Da'wah Organizations:** Likewise, the Tarbutton declaration (at ¶¶ 9-22) does not overcome that the Bank conducted a reasonable search for transactions to the Da'wah organizations, including from the Sulaiman Al Rajhi Charitable Foundation.  Nor does it explain Plaintiffs' refusal to provide the Bank with Plaintiffs' supposed "evidence" of missing transactions, despite informing this Court they would do so.  *See* Opp. 6-7.

- **Communications:** The Tarbutton declaration (at ¶¶ 23-30) merely perpetuates Plaintiffs' baseless insistence that a lack of responsive Bank communications regarding any "earmarking" demonstrates that the Bank's search was somehow deficient.  As the Bank has explained, this speculation cannot be a basis to compel additional searches, and only highlights the lack of support for Plaintiffs' allegations.  Opp. 8-9.  The Tarbutton declaration asserts (at ¶ 30) that the "question remains unanswered" as to whether the searches were conducted of all CIFs.  But in fact the Bank has already informed Plaintiffs that:  "We have confirmed that the Bank searched for all responsive CIFs for all IIRO and Al Haramain accounts, and produced all responsive documents."  *See* Opp. Exh. 3 at 3.

- **Email:** The Tarbutton declaration (at ¶¶ 31-40) expands Plaintiffs' factual and legal arguments without addressing, much less refuting, that the Bank has conducted a reasonable search for email and produced what it found.  Opp. 10-11.  Moreover, the parties have not yet met and conferred on Plaintiffs' requests for documents on the Bank's 2009 email server crash, and so any dispute concerning that issue is not ripe.  *Id*.  Nor can the Tarbutton declaration overcome that "the Court cannot compel production of what does not exist."  Opp. 11 (quoting *Am. Banana Co.*, 2000 WL 521341, at *3).

- **Sulaiman Al Rajhi's 2014 Departure from the Bank:** The Tarbutton declaration (at ¶¶ 41-47) echoes Plaintiffs' baseless argument that the Bank should search for documents from as late as 2014, even though the Court set the relevant time period for this Request as January 1, 1998 through December 31, 2002 (and the Bank, as an accommodation, searched for the period ending December 31, 2004).  Opp. 13-14.  And the Tarbutton declaration continues to ignore that the Bank *did* search Legal files for documents responsive to this Request; the Bank simply did not locate any.  *Id*.

- **Departments and Committees:** Plaintiffs use the Tarbutton declaration (at ¶¶ 48-52) to raise a new argument concerning the Bank's provision to Plaintiffs of a list and descriptions of Bank departments and committees — a topic not covered either in Plaintiffs' motion or reply brief.  This new argument is plainly an improper attempt to circumvent the page limitation ordered by the Court and raise new legal and factual arguments.

    And if one of Plaintiffs' goals with the Tarbutton declaration was to demonstrate Plaintiff's own diligence, then their attempt fails.  On a January 12, 2022 telephone call, and again in a January 14, 2022 letter, the Bank provided Plaintiffs with a list of its departments.  *See* Pls. Exh. 13 at 1.  During the January 12 call and in the January 14 letter, the Bank explained that it believed the roles of most, if not all, of the departments were "self-explanatory," but that if Plaintiffs had questions about a specific department, the Bank would consider those questions.  *Id*. (listing departments as CEO Office, Finance Group,

**WHITE & CASE**

The Honorable Sarah J. Netburn
March 28, 2023

Human Resources Group, IT & Shared Services Group, Retail Banking Group, Sharia Group, Treasury Group General Manager Office, Corporate Banking Group, Consumer Finance, Alternative Channels, Sales and Network, Administration, Banking Operations, Corporate Credit Management, Credit Audit, Legal, and Risk Management Manager Office). In their February 1, 2022 response, Plaintiffs declined to ask any specific questions about the Bank's departments and committees. *See* Exh. 14 at 3. Instead, as the Tarbutton declaration concedes (at ¶ 51), "*[e]ight months passed*" before Plaintiffs followed up on the issue, at which point, in a spirit of compromise, the Bank provided Plaintiffs with descriptions of the departments and committees.

Thus, even if the Court considers and does not disregard or strike Plaintiffs' thirteen pages of additional, improperly submitted arguments, none of those arguments overcomes Plaintiffs' failure to show that any Bank search for responsive documents was insufficient.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira
*Counsel for Al Rajhi Bank*

cc:   Counsel of Record (via ECF)