# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

March 30, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      The Plaintiffs Executive Committees, on behalf of Plaintiffs with claims against Al Rajhi Bank ("ARB"), write in response to ARB's letter of March 28, 2023, requesting that the Court strike the Declaration of J. Scott Tarbutton, Esq., at ECF No. 8954. ARB's claim that the Declaration is in any way inappropriate is entirely without merit,[1] and simply a pretext for attempting to submit an improper and unauthorized sur-reply. Plaintiffs respectfully submit that the Court should disregard ARB's letter at ECF No. 8970 entirely.

      First, the Tarbutton Declaration was submitted to attest to factual details concerning the parties' meet and confer process that has been ongoing since the Court's November 22, 2021 Order (ECF No. 7378), and to provide pinpoint citations to communications relating to that process that were previously submitted to the Court. ARB placed the meet and confer process in issue, through claims it made about it in its opposition at ECF No. 8935. The meet and confer discussions were carried out solely between counsel, and an attorney declaration is thus entirely appropriate to address factual matters concerning those discussions, and to direct the Court to the key portions of the related communications. *See* S.D.N.Y. Local Rule 7.1(3) (specifically authorizing "supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the Court's decision of the motion"). Consistent with the rules, it has been a common practice in this MDL for attorneys to submit declarations concerning relevant aspects of the discovery process based on their personal knowledge, and for the Court to consider those

---

[1] The cases cited by ARB are inapposite. None involve disputes implicating factual aspects of the meet and confer process within the personal knowledge of counsel. Instead, they all involve attempts to use attorney declarations to circumvent page limits by including legal argument or matters outside the attorney's personal knowledge, in relation to briefing of non-discovery motions. *Curran v. Aetna Life Ins. Co.,* 2016 WL 3843085 (S.D.N.Y. Jul. 11, 2016) (rejecting attempt to incorporate legal argument in attorney declaration that was not contained in memorandum of law during summary judgment motions); *Zaldivar v. JMC Caterers, Inc.,* 166 F. Supp. 3d 310 (E.D.N.Y. 2013) (rejecting legal arguments contained in an attorney declaration submitted in opposition to motion for class certification); *Quattlander v. Ray,* 2021 WL 5043004 (S.D.N.Y. Oct. 29, 2021) (rejecting attorney affirmation because it contained facts not based on personal knowledge and legal argument in response to motion for summary judgment); *Avalos v. IAC/Interactivecorp,* 2014 WL 5493242 (S.D.N.Y. Oct. 30, 2014) (rejecting attorney affidavit submitted in opposition to motion to dismiss because court cannot consider facts not contained in the complaint when deciding a motion to dismiss and rejecting legal argument in the affidavit as an attempt to bypass page limits); *Clark v. Kitt,* 2014 WL 4054284 (S.D.N.Y. Aug. 15, 2014) (same).

---

declarations.[2] The Tarbutton Declaration does not include any legal argument, and the factual matters it affirms are directly relevant to claims ARB made in its opposition.

Second, while ARB purportedly submitted the letter to challenge the propriety of the Tarbutton Declaration, the reality is that it was a pretext for ARB to submit an unauthorized and improper sur-reply. Indeed, ARB dedicates most of its letter to rehashing arguments previously asserted in its opposition, which have nothing to do with the content of the Tarbutton Declaration at all. *See* ARB letter at 2 (restating arguments concerning Abdul Rahman al Rajhi set forth in opposition at 7); ARB letter at 3 (restating arguments concerning donations to the Da'wah Organizations set forth in opposition at 6-7); *Id.* (restating arguments concerning communications with the Da'wah Organizations set forth in opposition at 8-10); *Id.* (restating arguments concerning email set forth in Opposition at 10-11); *Id.* (restating arguments concerning Suleiman al Rajhi's departure from ARB set forth in opposition at 13-14).

For the foregoing reasons, Plaintiffs respectfully submit that the Court should disregard ARB's March 28, 2023 letter, which raises no valid argument and serves merely as a pretext for submitting an unauthorized sur-reply brief.

Respectfully submitted,

COZEN O'CONNOR

By:  /s/ Sean P. Carter
SEAN P. CARTER
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the Plaintiffs' Executive Committees*

cc:   All MDL Counsel of Record (via ECF)

LEGAL\62462623\1

---

[2] *See, e.g.*, Declaration of AUSA Sarah S. Normand at ECF No. 6200 (providing factual details concerning the meet and confer process with the PECs in relation to the FBI's response to Plaintiffs' 2018 subpoena and *Touhy* request, including correspondence exchanged between the parties); Declaration of Waleed Nassar at ECF No. 3857-3 (detailing meet and confers and related correspondence with Plaintiffs concerning discovery disputes with defendants MWL and IIRO); Order at ECF No. 4142 (authorizing defendant WAMY to file attorney declarations in support of motion for reconsideration); Declarations of Omar T. Mohammedi, Frederick J. Goetz, and Elizabeth K. Kimundi at ECF Nos. 4166-68 (recounting factual details relating to WAMY's document collection efforts in support of motion for reconsideration).