```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:
                                                                    03-MD-01570 (GBD)(SN)
    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                                      ORDER


-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/4/2023

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> <u>Ashton, et al. v. Al Qaeda Islamic Army, et al.</u>, No. 02-cv-06977
> <u>Ryan, et al. v. Islamic Republic of Iran, et al.</u>, No. 20-cv-00266

Plaintiffs Patricia Ryan as personal representative of the Estate of John Ryan, Jr.; Patricia Ryan, individually; Laura Ryan; Colin Ryan; and Kristen Ryan (the "Ryan Plaintiffs"), and Kristen Breitweiser as personal representative of the Estate of Ronald Michael Breitweiser; Kristen Breitweiser, individually; and Caroline Breitweiser (the "Breitweiser Plaintiffs") first brought claims against various defendants in <u>Ashton, et al. v. Al Qaeda Islamic Army, et al.</u>, No. 02-cv-06977 ("<u>Ashton</u>"). After changing counsel, they pursued claims against Iran and several Iranian defendants in <u>Ryan, et al. v. Islamic Republic of Iran, et al.</u>, No. 20-cv-00266 ("<u>Ryan</u>"). Then, after a second change in counsel, they indicated that they wish to "withdraw all their claims in [Ryan] and pursue those claims in <u>Ashton</u>." ECF No. 8957 at 11:10–11.[1]

These changes in counsel have brought with them disputes over charging liens and the status of the Ryan Plaintiffs' claims. The Court has now held three hearings and issued several orders in its efforts to resolve these issues. <u>See</u> ECF Nos. 8703 (summarizing the procedural

---

[1] Unless otherwise noted, all ECF number refer to the main MDL docket, No. 03-md-01570.

history through November 2022), 8913 (scheduling third conference). In the most recent conference held on March 16, the Court proposed resolving the outstanding disputes by restoring the Ryan and Breitweiser Plaintiffs' claims in <u>Ashton</u> *nunc pro tunc* to January 1, 2019 (before the first change in counsel), correcting the <u>Ashton</u> docket to reflect their status as plaintiffs in that case, and dismissing their claims in <u>Ryan</u>. <u>See</u> ECF No. 8957. Current and former counsel agreed to this proposal and, at the Court's request, submitted proposed orders via email.

This order grants the relief requested in counsel's proposed order with certain revisions. The proposed order invoked Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure[2] as the basis for voluntarily dismissing the Ryan and Breitweiser Plaintiffs' claims from <u>Ryan</u>. That Rule permits plaintiffs to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Had the proposed order been filed on the docket, it would have sufficed to dismiss the Ryan and Breitweiser Plaintiffs' claims because the defendants in <u>Ryan</u> have served neither an answer nor a motion for summary judgment. Because counsel instead emailed the order to chambers as instructed, Rule 41(a)(1)(A)'s requirements are not met here. The Court therefore directs Plaintiffs to file notice consistent with Rule 41(a)(1)(A) or a status letter within 14 days of this order.

The Court orders that all claims and judgments of the Ryan and Breitweiser Plaintiffs are restored to the Consolidated Master Complaint in <u>Ashton</u> *nunc pro tunc* to their condition as of January 1, 2019, with one addition: a default judgment for economic damages entered in favor of Patricia Ryan as personal representative of the Estate of John Ryan, Jr. against Iran at ECF No.

---

[2] Subsequent references to "Rules" refer to the Federal Rules of Civil Procedure.

5999—filed concurrently in Ryan, No. 20-cv-00266, at ECF No. 10 (and later reentered and ordered *nunc pro tunc* to February 19, 2020 at ECF Nos. 11, 12)—is transferred and deemed incorporated into Ashton *nunc pro tunc* to February 19, 2020.[3]

The Ryan Plaintiffs agree that the Baumeister & Samuels firm has the right to a charging lien based upon the so-ordered consent stipulation signed by them and entered by this Court on December 19, 2019, at ECF No. 5379; the amount of said charging lien is to be determined in the future by the Court after an appropriate hearing; and said amount will be donated by Baumeister & Samuels to the September 11 National Memorial Museum in the name of decedent, John Ryan, Jr..

The Court also respectfully directs the Clerk of the Court to remove the May 29, 2018 entry on the Ashton docket sheet designating Plaintiff Kristen Breitweiser as "terminated" and remove the text designating her "TERMINATED: 05/29/2018" from the list of parties on the Ashton docket.

## CONCLUSION

As described above, the Court ORDERS that:

- the Ryan and Breitweiser Plaintiffs' claims and judgments in Ashton are restored to their condition as of January 1, 2019, *nunc pro tunc*;

- the default judgment for economic damages entered in favor of Patricia Ryan as personal representative of the Estate of John Ryan, Jr. against Iran at ECF No. 5999, and filed concurrently in Ryan, No. 20-cv-00266 at ECF No. 10, is transferred and incorporated into Ashton *nunc pro tunc* to February 19, 2020; and

- the Ryan and Breitweiser Plaintiffs must file either a notice consistent with Rule 41(a)(1)(A) or a status letter within 14 days.

---

[3] The Ryan Plaintiffs' liability judgments, pain and suffering damages judgment, and solatium damages judgments were initially granted in the Ashton action and remain there. See ECF Nos. 3014 (liability), 3226 (pain and suffering), 3387 (solatium). Once this order is entered, all judgments in favor of the Ryan Plaintiffs will reside in Ashton.

The Clerk of the Court is respectfully directed to correct the May 29, 2018 docket entries listing Plaintiff Kristen Breitweiser as "terminated" both on the docket sheet and the list of parties.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   April 4, 2023
         New York, New York

4