KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900
FACSIMILE:
(202) 326-7999

April 5, 2023

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") pursuant to the Court's March 13, 2023 Order, to set forth Saudi Arabia's position on the logistics of its upcoming motion to dismiss. *See* ECF No. 8923.

**1.** Saudi Arabia proposes the following page limits for briefing on its forthcoming motion to dismiss: 50 pages for Saudi Arabia's opening motion, 50 pages for Plaintiffs' opposition, and 25 pages for Saudi Arabia's reply. In view of the Court's scheduling order (ECF No. 8896), which does not contemplate any filing by Plaintiffs in advance of Saudi Arabia's motion, Saudi Arabia no longer proposes that the parties submit jurisdictional statements of facts and evidence.

The Court should clarify at the outset that it will enforce the page limits. For instance, the parties should not use attorney declarations to present argument. Any attorney declarations should be limited to introducing exhibits, without argument, summarization, or commentary. The parties also should not incorporate by reference portions of their prior filings or expert reports.

Evidentiary objections should be raised concisely in a table submitted with the filing that responds to the filing where the documents were submitted. Thus, Plaintiffs' evidentiary objections to material submitted with Saudi Arabia's motion to dismiss should be due with Plaintiffs' opposition brief. Saudi Arabia's evidentiary objections to material submitted with Plaintiffs' opposition should be due with Saudi Arabia's reply brief.

**2.** On March 30, 2023, Saudi Arabia shared the above proposal with the Plaintiffs' Executive Committees ("PECs"), including the PEC members who represent Plaintiffs joining in the *Ashton* Complaint. *See* Exh. A, at 1.

On April 4, 2023, the PECs responded that they intend to request an 80-page opposition to Saudi Arabia's motion to dismiss, which will also support "a cross-motion to establish jurisdiction." Exh. B, at 1. The PECs further propose that they be allowed to submit "a reply in support of that cross-motion, corresponding to the length of Saudi Arabia's reply brief," apparently to be filed sometime after Saudi Arabia submits its reply on January 19, 2024. *Id.* The PECs also state that they intend to submit "an averment of facts and evidence in support of jurisdiction, as part of plaintiffs' opposition to Saudi Arabia's renewed motion [to dismiss] and in support of their cross motion," and state that no page limit should apply to that "averment." *Id.* Finally, they oppose any ruling limiting the scope of attorney declarations as well as Saudi Arabia's proposal for raising evidentiary objections. *Id.*

On April 4, 2023, the *Ashton* Plaintiffs responded that they intend to request a separate 100-page opposition to Saudi Arabia's motion to dismiss, which will also include a cross-motion to establish jurisdiction. *See* Exh. C. The *Ashton* Plaintiffs similarly state their intention of filing a reply brief in support of that cross-motion (after Saudi Arabia's reply), and they oppose any page limits to any averment of facts or restrictions on attorney declarations. *Id.* The PECs have taken the position that, if the Court grants the *Ashton* Plaintiffs a separate opposition and cross-motion, it should not affect the page limit for the PECs' own opposition. Exh. B, at 1-2.

**3.** Plaintiffs' proposals are unreasonable and inconsistent with the Court's previous orders. *First*, the Court's March 2, 2023 Order setting a briefing schedule for Saudi Arabia's motion to dismiss does not contemplate that Plaintiffs will file any "cross-motion to establish jurisdiction." *See* ECF No. 8896. Nor do the Federal Rules or this Court's Rules contemplate any such motion. Cross-motions would encourage repetitive argument, extend the briefing schedule established by the Court, and effectively build a sur-reply into the motions practice. That is inappropriate because Saudi Arabia is the movant and (if Plaintiffs meet their burden of going forward with evidence) bears the ultimate burden of persuasion. *See* ECF No. 3946, at 5-6.

*Second*, Plaintiffs' proposals collectively contemplate two opposition briefs totaling 180 pages, accompanied by at least one unlimited-length "averment of facts and evidence" and unbounded attorney declarations. The legal issues before the Court were briefed as part of Saudi Arabia's original motion to dismiss, and the Court's resolution of the parties' disputes on points of law are set forth in the Court's March 28, 2018 Order. *See* ECF No. 3946, at 5-15. The Court recently denied Plaintiffs' motions to reconsider that order based on purported changes in law. *See* ECF No. 8862. The factual basis for Saudi Arabia's forthcoming motion will be the absence of evidence that "Thumairy, Bayoumi, and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." ECF No. 3946, at 23. Fifty pages is enough to address Plaintiffs' failure of proof on those issues, and for Plaintiffs to present what evidence they contend supports their jurisdictional showing.

In addition, the Court's scheduling order directs Saudi Arabia to move on October 6, 2023; Plaintiffs to oppose on December 8, 2023; and Saudi Arabia to reply on January 19, 2024. That schedule is in itself wholly reasonable but is not consistent with Plaintiffs submitting 180

pages of argument and then hundreds more pages of factual contentions, whether called an "averment" or an "affidavit," to which Saudi Arabia can then respond only on reply. *See* ECF No. 3463-1 (Plaintiffs' last "Averment of Facts and Evidence," 157 pages); ECF No. 3780 (*Ashton* Plaintiffs' last "Attorney Affidavit," 68 pages). Reasonable, enforceable page limits will produce motions practice that is fairer to the parties and more helpful to the Court.

In their April 4, 2023 correspondence, Plaintiffs pointed to the fact that the parties stipulated that, for the initial motion to dismiss briefing in 2017, the Consolidated Action Plaintiffs submitted an opposition of 80 pages and the *Ashton* Plaintiffs submitted a separate opposition of 70 pages. *See* Exh. B, at 1. At that time, the two sets of Plaintiffs had collectively alleged many different jurisdictional theories, including allegations involving eight individuals and ten charities. The Court's March 28, 2018 Order dismissed all but one of these theories. Only a single jurisdictional theory remains based on specific factual allegations.

*Third*, there is no reason that the PECs and the Ashton Plaintiffs should file separate briefs. Saudi Arabia does not believe that there remains any material distinction between the relevant allegations of the Consolidated Amended Complaint and the *Ashton* Complaint; certainly Plaintiffs have identified none. The PECs should submit a single opposition on behalf of all Plaintiffs. If the Court permits the *Ashton* Plaintiffs to file a separate opposition, all Plaintiffs should share a single page limit equal to Saudi Arabia's page limit for its motion.

*Fourth*, the Court should consider evidentiary objections as part of the motion to dismiss. It is settled law that where (as here) a defendant's foreign sovereign status is established, "the plaintiff has the burden of going forward with *evidence* showing that, under exceptions to the FSIA, immunity should not be granted, although the ultimate burden of persuasion remains with the alleged foreign sovereign." ECF No. 3946, at 5-6 (emphasis added). Throughout these proceedings, Plaintiffs have relied on unreliable hearsay and conjecture, such as claims about what sympathetic current or former FBI agents believed or suspected.[*] Plaintiffs cannot meet their burden using materials that are not evidence. The straightforward mechanism Saudi Arabia proposes for evidentiary objections will assist the Court to separate admissible wheat from inadmissible chaff.

---

[*] *Compare*, *e.g.*, ECF No. 3782, at 45, 47 (emphasizing a purported FBI "finding" that an individual later named as Musaed Al Jarrah " 'tasked al-Thumairy and al-Bayoumi with assisting the hijackers' "), *with* ECF No. 5142, ¶ 22 (FBI's clarification "[i]n retrospect" that this and related statements should have been "phrase[d] . . . as an investigative theory being pursued by the FBI and not as objective statements of fact").

Respectfully submitted,

/s/ *Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc: All MDL Counsel of Record (via ECF)