# Exhibit B

| | |
|---|---|
| **From:** | Haefele, Robert |
| **To:** | Shen, Andrew C. |
| **Cc:** | Kellogg, Michael K.; Rapawy, Gregory G.; Kry, Robert; Nitz, Eric; Flowers, Jodi; Migliori, Don; Sean Carter,; Tarbutton, Joseph; Goldman, Jerry; Frank H. Granito,; Jeanne O'Grady, ; Baumeister, Michael; Capone, Thea |
| **Subject:** | [EXTERNAL] RE: In re 9/11 - motions to dismiss |
| **Date:** | Tuesday, April 4, 2023 3:03:38 PM |
| **Attachments:** | image001.png |

Dear Andy,

We write for the PECs in response to the issues you raised in your March 30 email and to outline the PECs' positions for the joint letter due April 5, 2023.

Given the scope of the record and legal issues to be addressed in the plaintiffs' opposition brief to the Kingdom's post-discovery motion, Saudi Arabia's proposal for a 50-page limit for the PECs' opposition brief is insufficient. For purposes of the plaintiffs' oppositions to the Kingdom's initial motion to dismiss in 2017, the parties agreed that the CAC Plaintiffs were entitled to an 80-page brief and the *Ashton* Plaintiffs were entitled to a 70-page brief (see ECF No. 3773, endorsing that proposal), and that motion practice was directed to the pleadings. The PECs believe an 80-page limit is appropriate for the PECs' opposition brief to the Kingdom's post-discovery motion. That brief will also be offered in support of plaintiffs' cross-motion to establish jurisdiction, and the PECs' will be requesting a reply in support of that cross-motion, corresponding to the length of Saudi Arabia's reply brief.

In accordance with Second Circuit authority, the PECs intend to offer an averment of facts and evidence in support of jurisdiction, as part of plaintiffs' opposition to Saudi Arabia's renewed motion and in support of their cross-motion.

The PECs also view Saudi Arabia's proposal as to attorney declarations to be unnecessary and inconsistent with the rules and practice. There is no reason to set special procedures for attorney affirmations or plaintiffs' submissions in support of their opposition and showing of jurisdiction. The existing rules already address those issues. If the Kingdom believes that plaintiffs' submissions are inconsistent with the rules or improper, it can present its arguments on those points in its reply.

The PECs also oppose Saudi Arabia's and Dallah Avco's proposals regarding raising evidentiary objections. If the defendants have additional legal support for this proposal, the PECs may reconsider the proposal. However, as framed, the proposals suggest additional motions for the Court's consideration without legal argument.

The PECs will agree to Dallah Avco's limit for 40-page initial briefs and a 20-page reply brief, except that the PECs object to Dallah Avco's application of that limit. The PECs object to Dallah Avco's proposal to limit the plaintiffs' response to Dallah Avco's Rule 56.1 statement to 40 pages. *First*, neither FRCP 56, nor Local Rule 56.1 include any page limitation. *Second*, Plaintiffs' Rule 56 submission will include a response to Dallah Avco's Statement and a separate Counterstatement, including citations to all relevant evidence. Accordingly, Dallah's proposal to limit plaintiffs' Rule 56 submissions is improper. As with Saudi Arabia's proposal, the existing rules already address the parties' obligations.

Counsel for the *Ashton* Plaintiffs advised us that they are reserving their right to file a separate opposition and that they will reach out to you separately in that context. However, to the extent

the Court concludes that a separate submission is proper, that should not impact the space afforded the PECs to respond to the Kingdom's or Dallah Avcos' motions.

Finally, the PECs' proposals for briefing on the motion to dismiss and cross-motion are without prejudice to the parties' rights to file motions seeking other appropriate relief in this context.

Regards,



**Robert Haefele** Attorney at Law

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
o. 843.216.9184
rhaefele@motleyrice.com

---

**From:** Shen, Andrew C. <ashen@kellogghansen.com>
**Sent:** Thursday, March 30, 2023 8:28 AM
**To:** Flowers, Jodi <jflowers@motleyrice.com>; Haefele, Robert <rhaefele@motleyrice.com>; Sean Carter, <scarter1@cozen.com>; Tarbutton, J. Scott <starbutton@cozen.com>; Goldman, Jerry S. <Jgoldman@andersonkill.com>; Frank H. Granito, <f3g@speiserkrause.com>; Jeanne O'Grady, <jog@speiserkrause.com>; Baumeister, Michael <mbaumeister@baumeisterlaw.com>; Capone, Thea <tcapone@baumeisterlaw.com>; Kry, Robert <rkry@mololamken.com>; Nitz, Eric <enitz@mololamken.com>; Migliori, Don <dmigliori@motleyrice.com>
**Cc:** Kellogg, Michael K. <mkellogg@kellogghansen.com>; Rapawy, Gregory G. <grapawy@kellogghansen.com>
**Subject:** In re 9/11 - motions to dismiss

CAUTION:EXTERNAL

Counsel:

I am writing regarding the Court's March 13, 2023 Order, which requires the parties to meet and confer regarding proposals for motions to dismiss to be filed by Saudi Arabia and Dallah Avco.

Saudi Arabia proposes the following page limits for briefing on its motion to dismiss: 50 pages for Saudi Arabia's motion to dismiss, 50 pages for Plaintiffs' opposition, and 25 pages for reply. In view of the Court's scheduling order, Saudi Arabia no longer proposes that the parties submit jurisdictional statements of facts and evidence. Saudi Arabia further proposes that any attorney declarations be limited to introducing exhibits, with no argument, summarization, or characterization of the exhibits. Evidentiary objections should be raised concisely in a table submitted together with the filing that responds to the filing where the documents were submitted. Thus, Plaintiffs' evidentiary objections to material cited in Saudi Arabia's motion to dismiss will be submitted with Plaintiffs' opposition brief. Saudi Arabia's evidentiary objections to material cited in Plaintiffs' opposition will be submitted with Saudi Arabia's reply brief. Saudi Arabia believes that Plaintiffs should file a single opposition brief. In the event the Court permits the Ashton Plaintiffs to file a separate opposition brief, all Plaintiffs should share a 50-page limit for their oppositions.

Dallah Avco proposes the following page limits for its motion to dismiss and in the alternative for

summary judgment:  40 pages for Dallah Avco's motion, 40 pages for Plaintiffs' opposition, and 20 pages for reply.  Because Dallah Avco will be moving for summary judgment in the alternative, it proposes to file a Rule 56.1 statement with its brief limited to 40 pages.  Plaintiffs' response to that statement (including any statement of additional facts) should also be limited to 40 pages, excluding the cut and pasted portions of Dallah Avco's statement.  Any attorney declarations a party submits should be limited in the manner set forth above.  Evidentiary objections should also be submitted in the manner set forth above.  Dallah Avco's position is that Plaintiffs should file a single opposition brief and a single response to the Rule 56.1 statement.

Please inform us of Plaintiffs' position by this Friday.  We are also available for a call if Plaintiffs believe that would be productive.

Regards,

Andrew C. Shen
Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Direct:  (202) 326-7963
Fax:  (202) 326-7999

The above communication contains information that may be confidential and/or privileged. Except for use by the intended recipient, or as expressly authorized by the sender, any person who receives this information is prohibited from disclosing, copying, distributing, and/or using it. If you have received this communication in error, please immediately delete it and all copies, and promptly notify the sender at the above telephone number or electronic mail address. Nothing in this communication is intended to operate as an electronic signature under applicable law.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.