**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean P. Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

April 5, 2023

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      We write on behalf of the Plaintiffs' Executive Committees ("PECs") pursuant to the Court's direction to meet and confer among the parties in an effort to reach an agreed proposal for the anticipated motion to dismiss, and the Court's invitation to outline the PECs' proposal. (ECF No. 8923). The PECs look forward to addressing these issues further with the Court at the conference scheduled for April 11, 2023.

      **The PECs propose that the page limit on the parties' opening briefs concerning Saudi Arabia's post-discovery motion to dismiss should be no less than 80-pages for each initial brief and 40 pages for the parties' reply briefs**. During the parties' meet and confer, Saudi Arabia proposed to limit the plaintiffs' opposition brief to Saudi Arabia's post-discovery motion to dismiss to 50-pages. Given the scope of the record and legal issues to be addressed in the plaintiffs' opposition brief to Saudi Arabia's post-discovery motion, Saudi Arabia's proposal for a 50-page limit for the PECs' opposition brief is insufficient. For purposes of the plaintiffs' oppositions to Saudi Arabia's initial motion to dismiss in 2017, which was directed to the pleadings, the parties and the Court agreed that the PECs were entitled to an 80-page brief (and the *Ashton* Plaintiffs were entitled to a 70-page brief) (*see* ECF No. 3773, endorsing that proposal). In the present context, the PECs believe an 80-page limit is appropriate for the PECs' opposition brief to Saudi Arabia's post-discovery motion.

      The PECs' brief will also be offered in support of plaintiffs' cross-motion to establish jurisdiction, and the PECs' will be requesting a reply in support of that cross-motion, corresponding to the length of Saudi Arabia's reply brief. This structure is appropriate given the unique burden shifting regime of the FSIA. Under that framework, plaintiffs' burden is merely one of production, and the ultimate burden of persuasion to show that jurisdiction does not exist rests with Saudi Arabia. *See, e.g., Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001); *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993). Plaintiffs' submissions will show that they have

The Honorable Sarah Netburn
April 5, 2023
Page 2

_____

met their burden of production. Plaintiff must then be afforded an opportunity to reply to Saudi Arabia's attempt through its reply to meet its burden of persuasion. The PECs propose a March 1, 2024 deadline for their reply brief.

**In accordance with Second Circuit authority, the PECs will also offer an averment of facts and evidence in support of jurisdiction**. Following jurisdictional discovery, a plaintiffs' showing necessary to defeat a jurisdiction testing motion may be met through "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); *see In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204 (2d Cir. 2003); *see also Mukaddam v. Permanent Mission of Saudi Arabia to the United Nations*, 136 F.Supp.2d 257, 259-60 (S.D.N.Y. 2001) (applying *Ball* approach to a motion to dismiss in the context of a FSIA case); *Alonso v. Saudi Arabian Airlines Corp.*, 1999 WL 244102, at *3 (S.D.N.Y. Apr. 23, 1999) (same). The Court may elect to hold a hearing on the issue of jurisdiction to resolve any relevant factual disputes, or it may defer resolution of those disputes to the merits trial. *Ball,* 902 F.2d at 197. In any case, Plaintiffs are entitled to proffer and averment, and it plays a critical role in the post-discovery dispute.

**The PECs would oppose excess, unnecessary restraints that Saudi Arabia and Dallah Avco proposed concerning attorney declarations**. During the parties' meet and confer, defendants proposed language that appears directed at unnecessary restraints concerning attorney declarations, inconsistent with existing rules and practice. In the parties' exchanges, the defendants were unable to identify any reason for setting special procedures for attorney affirmations or plaintiffs' submissions in support of plaintiffs' opposition filings and showing of jurisdiction. Because the existing rules already address concerns about the proper usage of attorney declaration, no additional constraints are needed. If Saudi Arabia or Dallah Avco believe plaintiffs' submissions are inconsistent with the rules or improper, they can present their arguments on those points in their replies.

**The PECs would also oppose defendants' proposals about raising evidentiary objections contemporaneous with plaintiffs' oppositions.** During the parties' meet and confer process, the defendants were unable to offer any legal support for requiring the parties to raise their evidentiary objections at this stage of proceedings. Accordingly, the PECs would oppose any proposal that would require the parties to assert evidentiary objections simultaneous with their substantive arguments, averments, and citations to the evidence, particularly without affording the parties the opportunity to brief those additional motions for the Court's consideration.

**The PECs will agree to Dallah Avco's limit for 40-page initial briefs and a 20-page reply brief, except that the PECs object to Dallah Avco's application of that limit.** The PECs object to Dallah Avco's proposal to limit the plaintiffs' response to Dallah Avco's Rule 56.1 statement to 40 pages. <u>First</u>, neither FRCP 56, nor Local Rule 56.1 include any page limitation. <u>Second</u>, Plaintiffs' Rule 56 submission will include a response to Dallah Avco's Statement and a separate Counterstatement, including citations to all relevant evidence. Accordingly, Dallah Avco's proposal to limit plaintiffs' Rule 56 submissions is improper. As with Saudi Arabia's proposal, the existing rules already address the parties' obligations.

The Honorable Sarah Netburn
April 5, 2023
Page 3

_____

**The PECs respond as follows to the Court's inquiry about whether separate briefing from the *Ashton* Plaintiffs is necessary or appropriate**. The PECs are committed to the obligations and authorizations set out in Case Management Order #3, ECF No. 248-2 (filed 6/16/2004) ("CMO3"), including, for example, the PECs' obligation to "coordinate and, wherever possible, submit joint … filings regarding all matters common to [each of the individual actions]." *Id* at ¶ 9; *see also* ¶ 10 (obligating the PECs to conduct all pretrial proceedings involving common legal and factual issues for all plaintiffs); ¶ 11 (authorizing the PECs to, inter alia, prepare, serve, and file motion papers and argue motions). Counsel for the *Ashton* Plaintiffs have advised the PECs that the *Ashton* Plaintiffs will seek to reserve their right to file a separate opposition. The PECs understand that such reservation is subject to the coordination requirements of CMO3.

To the extent the Court concludes that a separate submission by the *Ashton* Plaintiffs is proper, the decision of *Ashton* counsel to file a separate opposition should not impact the space afforded the PECs to respond to Saudi Arabia's or Dallah Avco's motions on behalf of the Consolidated Amended Complaint plaintiffs.

Finally, the PECs' proposals for briefing on the motion to dismiss and cross-motion are without prejudice to the parties' rights to file motions seeking other appropriate relief in this context.

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | COZEN O'CONNOR |
| | |
| By: /s/ *Robert T. Haefele* | By: /s/ *Sean P. Carter* |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| JODI WESTBROOK FLOWERS | STEPHEN A. COZEN |
| DONALD A. MIGLIORI | J. SCOTT TARBUTTON |
| MOTLEY RICE LLC | COZEN O'CONNOR |
| 28 Bridgeside Boulevard | One Liberty Place |
| Mount Pleasant, SC 29465 | 1650 Market Street, Suite 2800 |
| Tel.: (843) 216-9184 | Philadelphia, Pennsylvania 19103 |
| Email: rhaefele@motleyrice.com | Tel.: (215) 665-2105 |
| | Email: scarter@cozen.com |
| *For the Plaintiffs' Executive Committee for Personal Injury and Death Claims* | *For the Plaintiffs' Executive Committee for Commercial Claims* |

cc:   The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF