

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

April 5, 2023

VIA ECF
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    We write on behalf of the *Ashton* Plaintiffs to address the Court's request for a briefing protocol. ECF 8923 at 4.

    1.    We respectfully submit that the *Ashton* Plaintiffs may submit separate opposition papers in response to Saudi Arabia's motion to dismiss subject to the Case Management Order #3, ECF No. 248-2 ("CMO3"). We raised this issue with the PECs and counsel for Saudi Arabia and Dallah Avco. The PECs' position, which is explained in their submission today, is that any submission by the *Ashton* plaintiffs authorized by the Court is subject to the obligations under CMO3 (which we agree) and should not impact the page limits for the PECs' submissions. The defendants object.

    While the CAC and *Ashton* complaints present similar allegations about the Saudi government's support for the two hijackers in California, there are several material factual distinctions in the respective complaints. There is also an important distinction between the CAC and *Ashton* complaints in that *Ashton* complaint does not include any commercial plaintiffs. While the interests of the death and injury and commercial plaintiffs overlap, there have been material differences in their approach to handling the issues at stake.

    Indeed, the CAC and *Ashton* Plaintiffs previously made separate filings without objection on issues where counsel could not reach agreement on a common approach through the PECs. *See, e.g.,* ECF 7431 (CAC Plaintiffs' Rule 54(b) Motion); ECF 7481 (*Ashton* Plaintiffs' Motion to Compel). This Court previously endorsed the filing of separate papers on Saudi Arabia's first motion to dismiss. ECF 3773. Saudi Arabia consented to those separate filings.[1]

---

[1] While there are other Plaintiff groups represented by various counsel, there are only two complaints. All other plaintiffs used a short form to adopt either the CAC or *Ashton* complaint against the Kingdom.

  Preserving the right of *Ashton* to file separate papers is necessary because this Court removed *Ashton* lead counsel, Kreindler & Kreindler attorneys, from the Plaintiffs Committee for Death and Injury Claims.  ECF No. 8544 at 61.  This Court made clear however, that the Kreindler firm could continue to properly represent the interests of the *Ashton* Plaintiffs and that they would not be prejudiced.  *Id.* at 49, 55 ("Kreindler & Kreindler is not being barred entirely from the MDL" and "the Court will not void their [the *Ashton* Plaintiffs] right to select counsel by rendering Kreindler & Kreindler unable to represent them effectively"); ECF No. 8828 at 5 (Judge Daniels, citing the CMO3, confirms that the Kreindler firm may present its "individual and divergent positions").

  The Kreindler firm is continuing to interact with the experts it hired and conduct its own extensive investigation and research on behalf of the thousands of death and injury Plaintiffs who it represents in *Ashton*.  ECF No. 8610 at ¶ 3.  The Kreindler firm has and will make every effort to work with and share information with our fellow counsel on the Death/Injury PEC and Commercial PEC.  But as a consequence of being removed from the Death/Injury PEC, the Kreindler firm does not have a seat at the table with an equal voice on the approach and strategy for the arguments that will be presented by the PECs.  Given the circumstances – the continuing active work that the Kreindler firm is doing to represent its *Ashton* Plaintiffs; the limited time requirements; the complexity of the issues raised; and the difficulty of communicating and reaching agreement on a multitude of issues – we anticipate that separate filings will be necessary for the Kreindler firm to effectively and properly fulfill its obligations to its clients to present the complete facts and legal argument before the Court.  The Kreindler firm will make every effort to avoid unnecessary duplication.

  Saudi Arabia's newly formed objection and reversal of position on separate filings is unfair and highly prejudicial to the fundamental rights of the *Ashton* plaintiffs to present their case before the Court on the most critical dispositive motion.

  2. Regarding the motions involving Saudi Arabia, we propose main briefs of 100 pages given the factual detail required to address the issues.

  3. As previously raised with the Court, the *Ashton* Plaintiffs also plan to file motions to establish jurisdiction and for a jurisdictional hearing.  We propose that our main brief include our motions.  We also request the opportunity to reply to Saudi Arabia's opposition to our motions.

  4. There are no applicable page limits or other arbitrary restrictions on supporting papers that accompany the motions or oppositions filed by the parties.  The *Ashton* plaintiffs will endeavor to make its submissions concise and as short as possible, and to avoid duplication.

          Respectfully,

          KREINDLER & KREINDLER LLP

          By: /s/ *Steven R. Pounian*
          Steven R. Pounian, Esq.

James P. Kreindler, Esq.
Andrew J. Maloney, Esq.
Megan W. Benett, Esq.
James Gavin Simpson, Esq.
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com
*Attorneys for Ashton Plaintiffs*

SPEISER KRAUSE, PC
Frank H. Granito, III, Esq.
Douglas A. Latto, Esq.
Jeanne M. O'Grady, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
*Attorneys for Ashton/Burlingame Plaintiffs*

BAUMEISTER & SAMUELS, P.C.
Michel F. Baumeister, Esq.
Dorothea M. Capone, Esq.
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
*Attorneys for Ashton/Bauer Plaintiffs*