UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

TERRORIST ATTACKS ON SEPTEMBER 11, 2001

------------------------------------------------------------------X
This document relates to:

03-MD-01570 (GBD)(SN)

ORAL ARGUMENT
REQUESTED

*Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN)
AND ALL WRONGFUL DEATH ACTIONS FILED AGAINST THE TALIBAN

### NOTICE OF MOTION FOR AN ORDER CERTIFYING THE COURT'S MARCH 30 ORDER [ECF#8973] FOR APPEAL & MOTION FOR AN ORDER STAYING CLAIMS AGAINST THE TALIBAN PENDING THE APPEAL

PLEASE TAKE NOTICE that, on April 20, 2023, at 9:30 a.m., or as soon thereafter as counsel may be heard, in Courtroom 11A of the Daniel Patrick Moynihan United States Courthouse, located at 500 Pearl Street, New York, NY, the *Ashton-Dickey* Plaintiffs* will and hereby do move, pursuant to Fed. Rule of App. P. 5(a)(3) and 28 U.S.C. § 1292(b), for an order certifying the Court's March 30, 2023 "Memorandum Decision and Order" (the "Order") (MDL ECF#8973) affirming the Report & Recommendation of Magistrate Judge Sarah Netburn (ECF MDL#8929) (collectively, the "Order," since the March 30 Order adopts the reasoning of the Report & Recommendation in virtually all respects), for an interlocutory appeal. The *Ashton-Dickey* Plaintiffs seek this certification to petition the United States Court of Appeals for the Second Circuit to review the Order's holdings that: (1) Congress intended to preempt state wrongful death distribution law in enacting the Anti-Terrorism Act, 18 U.S.C. § 2333, and (2) the institutional interests of this Court do *not* require the enforcement of a statute of limitations against a defendant-in-default (in a two-decades-old litigation), despite an undeniable consequence: an ever-expanding-court-docket for decades to come.

District courts granting 28 U.S.C. § 1292(b) certification frequently also grant a stay of proceedings in the district court pending the appellate court's determination of the appeal, thus ensuring that the goal of interlocutory appeal – to avoid needless proceedings in the district court – is not undermined.  The *Ashton-Dickey* Plaintiffs therefore ask the Court to grant a stay as to all claims against the Taliban until the requested appeal is resolved in the Second Circuit.

This request is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the Order, all pleadings and papers on file with the Court in this action, and on such other matters as may be presented to the Court at or before the hearing of this Motion.

Dated:  April 6, 2023                                              Respectfully submitted,

By: *John F. Schutty*
John F. Schutty, Esq.
(JS2173)
Law Office of John F. Schutty, P.C.
Attorneys for the *Ashton-Dickey* Plaintiffs*
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441
Fax: (917) 591-5980
john@johnschutty.com

* The *Ashton-Dickey* Plaintiffs are the widows and personal representatives representing the estates of their late husbands, 9/11 decedents (their deceased husband's names follow in parentheses after their names: Irene Dickey (Joseph Dickey), Lisa O'Brien (Timothy O'Brien), Dara Seaman (Michael Seaman), Jacqueline Eaton (Robert Eaton), Joanne Kelly (James Kelly), Allison Wallice (John Wallice, Jr.), Susan Sliwak (Robert Sliwak), Eileen Lynch (Farrell Lynch), Patricia Ryan (John Ryan, Jr.) and Kristen Breitweiser (Ronald Breitweiser).