WHITE & CASE

April 11, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, **Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)**

Dear Judge Netburn:

Pursuant to Rules I(B) and II(C) of Your Honor's Individual Practices in Civil Cases, and this Court's Local Civil Rule 7.1(d), Al Rajhi Bank submits this letter-motion to compel Plaintiffs to produce documents responsive to the Bank's Requests for Production of Documents (Exh. 1).  The Parties met and conferred by telephone on March 29, but did not come to a resolution.

On February 2, 2023, the Bank served Plaintiffs with its Requests, which seek documents in Plaintiffs' possession, custody, or control relating to (i) the Bank, (ii) the allegations in Plaintiffs' Complaint, and (iii) Sulaiman Al Rajhi, Saleh Al Rajhi, Abdullah Al Rajhi, the Sulaiman Al Rajhi Charity Foundation, and any other individual or entity (other than the Bank) for which the Court orders the Bank to search for contributions to the "Da'wah Organizations" ("Alleged Potential Donors").  *See* Request Nos. 1-36; Def. No. 4.  Responsive documents include those that:

- Concern the Bank, allegations in Plaintiffs' Complaint, or Alleged Potential Donors, and that Plaintiffs have received from any party in this MDL or any non-party via discovery request, subpoena, informal request, FOIA request, or other means (Request No. 1);

- Plaintiffs may use to establish personal jurisdiction over the Bank (Request No. 2);

- Are responsive to Plaintiffs' Requests for Production directed to the Bank granted by the Court, excluding documents produced to Plaintiffs by the Bank (Request No. 3; Instr. 14);

- Include communications concerning the Bank, the Alleged Potential Donors, or the allegations in Plaintiffs' Complaint, excluding documents produced to Plaintiffs by Al Rajhi Bank (Request No. 4);

- Include witness testimony concerning the Bank, the Alleged Potential Donors, or the allegations in Plaintiffs' Complaint, excluding documents produced to Plaintiffs by Al Rajhi Bank (Request No. 5);

- Concern particular allegations in Plaintiffs' Complaint, including documents that may tend to contradict those allegations (Request Nos. 6-36).

On March 6, Plaintiffs served their Responses and Objections (Exh. 2).  First, Plaintiffs incorrectly argue that the Bank is not entitled to jurisdictional discovery at all.  Second, Plaintiffs propose to dump *more than 2.4 million pages* of documents on the Bank, without reviewing them to determine

The Honorable Sarah J. Netburn
April 11, 2023

whether they are responsive to the Requests.  Third, Plaintiffs refuse to produce entire categories of responsive documents.  Each of Plaintiffs' objections to production, and their purported justifications for refusing to review their production for responsiveness or to produce all responsive documents in their possession, fails.

**1.     Plaintiffs' Objections Are Meritless.**

**The Bank Is Entitled To Jurisdictional Discovery.**  Contrary to Plaintiffs' General Objection No. 1, the Bank is entitled to jurisdictional discovery, which is not "a one-way street."  *Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-cv-2144, 2020 WL 3206555, at *2 (D. Del. June 15, 2020) (granting defendant's request for jurisdictional discovery).  Where "evidence may exist to refute [p]laintiff's jurisdictional allegations," "[i]t is appropriate to permit [d]efendant the opportunity to discover and present such evidence."  *Young v. Bridgestone Ams. Tire Operations, LLC*, No. 19-cv-00099, 2021 WL 50478, at *2 (D. Utah Jan. 6, 2021).  This Court never limited jurisdictional discovery to only requests made by Plaintiffs, but has, by contrast, ordered the "*parties*" to conduct jurisdictional discovery.  Mar. 2021 Order 12 (emphasis added).  And none of this Court's discovery orders has precluded jurisdictional discovery requests by the Bank.  *See* ECF Nos. 7749, 8070, 8605, 8812.

Nor did the Bank "waive" its rights (Gen. Obj. No. 1) to seek discovery.  *See* Order 1 (Dec. 22, 2023), ECF No. 8812 (setting May 18, 2023 discovery cutoff date); Fed. R. Civ. P. 34(b)(2)(A) (requiring that receiving party respond within 30 days).  In fact, the Bank served its Requests several days before Plaintiffs served their Second Requests for Production of Documents and months before the close of fact discovery.  Moreover, the Bank repeatedly informed Plaintiffs of its intention to request documents that Plaintiffs may rely on in attempting to meet their burden of establishing personal jurisdiction over the Bank.  *See* Defs.' Jan. 19, 2023 Ltr. 6 (ECF No. 8904-19); Defs.' Jan. 27, 2023 Ltr. 3 (ECF No. 8936 at Exh. 6); Erb Ltr. 4-5 (Mar. 2, 2023), ECF No. 8897.

**Plaintiffs Cannot Dump Nonresponsive Documents On The Bank.**  Plaintiffs' proposed dump of *at least* 2.4 million pages of documents, without any determination as to the documents' responsiveness, would improperly shift the burdens and expense of discovery onto the Bank, and should not be permitted.  *See Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-cv-1318, 2019 WL 4727537, at *23 (S.D.N.Y. Sep. 26, 2019), *aff'd*, 2020 WL 1479018 (Mar. 26, 2020 S.D.N.Y.) (Daniels, J.) ("It is well-settled that a producing party cannot unilaterally shift the burden and expense of complying with its discovery obligations to its opponent by 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought.'" (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2213, at 189-90 (3d ed. 2010))); *see also Novak v. Yale Univ.*, No. 14-cv-153, 2015 WL 7313855, at *3 (D. Conn. Nov. 20, 2015) (sanctioning plaintiff for responding to discovery order with "'document dump,' which largely left defendant with a mass of unmanageable and unusable documents"); *In re Turkey Lake, LLC*, No. 15-12091, 2021 WL 4189696, at *9 (Bankr. N.D.N.Y. Sep. 14, 2021) (holding plaintiff cannot produce "document dump" on defendant, and explaining "[t]his type of gamesmanship is exactly what the discovery rules seek to prevent").

**The Bank's Requests Seek Responsive Documents, Not Attorney Work-Product.**  Plaintiffs erroneously argue that to analyze documents in their possession for responsiveness during

The Honorable Sarah J. Netburn
April 11, 2023

**WHITE & CASE**

discovery would somehow violate the attorney work-product protection.  Under Plaintiffs' misguided theory of the attorney work-product doctrine, discovery could never proceed.  Contrary to Plaintiffs' Objections and Plaintiffs' unfounded assertions on the March 29 call, *see* Exh. 3 at 4, the Bank is *not* requesting any attorney work-product.  Instead, the Bank is asking that Plaintiffs review the documents in their possession, custody, and control for responsiveness, and produce only the responsive documents.  Identifying responsive documents is not tantamount to the production of attorney work-product; it is part and parcel of the discovery process.  *See, e.g.*, *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2002) ("Not every selection and compilation of third-party documents by counsel transforms that material into attorney work product."); *United States v. Nachamie*, 91 F. Supp. 2d 552, 560 (S.D.N.Y. 2000) ("While the Government may have collected some of the responsive documents in its own investigation, it cannot and does not claim any work product privilege in these documents.").  The protection for selection and compilation is a "narrow exception," and Plaintiffs' "speculative" concern cannot meet their "burden of objective proof" that "counsel's thought processes will be exposed through disclosure of the compiled documents."  *See In re Grand Jury Subpoenas*, 318 F.3d at 386.  The large volume of the documents at issue further weighs against any notion that the documents in Plaintiffs' possession are protected by the narrow selection-and-compilation exception.  *See id.* at 387 ("[W]here document compilation is voluminous, risk of disclosing attorney strategy is minimized . . . .").

**Reviewing Documents For Responsiveness Is Not Unduly Burdensome.**  Plaintiffs offer no support for their rote objection (at Objs. 1-37; *see also* Exh. 3 at 4) that reviewing documents for responsiveness would be unduly burdensome.  *See* Pls.' Mem. in Support of Mot. to Compel 25 (ECF No. 6996-1) ("To defeat a motion to compel, the resisting party producing documents must assert more than conclusory reasons why the request is improper and must make a 'specific showing that the request would be overly burdensome.'" (quoting *Harris v. Bronx Parent House Network, Inc.*, 2020 WL 763740, *4 (S.D.N.Y. Feb. 14, 2020))).  On the contrary, Plaintiffs have demonstrated that they have little trouble identifying relevant documents from their database when they wish to use those documents affirmatively.  *See, e.g.*, Pls. 2d Mot. to Compel Exhs. 4, 6-10, 18-19.  And Plaintiffs' objection is belied by their earlier insistence that the Bank not only search and review electronic records, but also manually review for responsiveness voluminous, decades-old, *hard-copy* documents.  *See* Pls.' Reply Mem. in Support of Mot. to Compel 9 (ECF No. 7164) ("[A] party may not rely on the unwieldy state of its own records as a means to avoid discovery.").

**The Bank's Requests For Documents Concerning The Allegations In Plaintiffs' Complaint Are Proper.**  In **Requests 6-36**, the Bank seeks documents in Plaintiffs' possession, custody, or control that concern particular allegations made in Plaintiffs' First Amended Complaint.  These Requests are narrowly tailored to focus on particular allegations and seek relevant documents within the scope of this Court's orders.  Plaintiffs' arguments to the contrary fail.  First, Plaintiffs incorrectly argue that these allegation-specific requests are "interrogatories."  The only supporting authority Plaintiffs have identified to date, *Clean Earth Remediation & Construction Services v. American International Group, Inc.*, did not concern document requests served under Rule 34 of the Federal Rules of Civil Procedure, like the Requests at issue here, but interrogatories served under Rule 33, as limited by Local Civil Rule 33.3.  *See* 245 F.R.D. 137, 140 (S.D.N.Y. 2007).  Indeed, Local Civil Rule 33.3(b) expressly contemplates that, absent a court order, parties *must* seek such information first by a "request for production or a deposition" unless contention

interrogatories are "a more practical method of obtaining the information sought." *Id.* (quoting Local Civ. R. 33.3).

Second, Plaintiffs argue without any authority that these Requests are improper "contention requests." Neither the Federal Rules nor the Local Rules prohibit "contention requests." *See* Fed. R. Civ. P. 34; Local Civ. R. 34; *see also Huseby, LLC v. Bailey*, No. 20-cv-167, 2021 WL 723319, at *2-5 (D. Conn. Feb. 24, 2021) (compelling plaintiffs to respond to "'contention requests' tied to particular paragraphs or allegations in [plaintiffs'] amended complaint," such as requests to produce "any and all documents" that "relate to" specific paragraphs of complaint). The Bank has framed each Request by specific reference to particular allegations, and seeks documents relating only to that "category" of information. *See* Fed. R. Civ. P. 34(b)(1)(A); *see also, e.g.*, 7 Moore's Federal Practice - Civil § 34.11 ("Requested Materials May Be Identified by Item or Category").

**Plaintiffs' Additional Objections Are Baseless.** Contrary to Plaintiffs' boilerplate objections (Objs. 1-2, 4-37), none of the Bank's Requests calls for Plaintiffs to "obtain and produce" publicly available information, or "conduct a literature or library search." Rather, the Bank's Requests explicitly call for documents in Plaintiffs' possession, custody, or control. *See* Instr. 13. Also plainly wrong is Plaintiffs' objection that producing *any* documents responsive to Request No. 3 would "require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession." The Bank's instructions specifically exclude the Bank's documents. Instr. 14.

### 2.   Plaintiffs Must Produce *All* Responsive Documents, And Cannot Unilaterally Limit The Scope Of Their Production.

Plaintiffs, on the one hand, seek to dump more than 2.4 million pages of documents on the Bank without regard for responsiveness, while, on the other hand, refuse to produce documents that are actually responsive. For each of **Request Nos. 1-2, 4-37**, Plaintiffs impermissibly attempt to limit the scope of their production to categories of information that Plaintiffs define as "Party and Non-Party Discovery." Plaintiffs have offered no compelling basis to limit their productions to these categories. And as described below, Plaintiffs' responses exclude from production entire categories of responsive documents that are in Plaintiffs' possession, custody, or control. Plaintiffs cannot cherry-pick; they must produce all responsive documents in all of these categories:

**Non-Party Documents:** Plaintiffs' response excludes from production responsive documents that Plaintiffs obtained from non-parties via FOIA request, informal request, or any other means. *See* Mar. 23, 2023 Ltr. to Pls. 5 (Exh. 4). Plaintiffs have since informed the Bank that they will produce some documents obtained by FOIA request, but have not committed to produce all such documents. *See* Pls. Apr. 7, 2023 Ltr. 2 (Exh. 5). If Plaintiffs have in their possession other responsive documents obtained via informal request or by other means, Plaintiffs must produce them. Fed. R. Civ. P. 34(a). Plaintiffs have also refused to identify for the Bank any responsive documents in Plaintiffs' possession, custody, or control that are subject to the FBI Protective Order. *See* Exh. 3 at 1-2. If Plaintiffs are in possession of such responsive documents, they must inform the Bank and identify those documents by Bates number, so that the Bank can seek DOJ authorization to access those specific documents. *Id.*

**Plaintiffs' Own Documents:** Plaintiffs' proposal (at Objs. to Request Nos. 1-2, 4-37) to produce only those documents in their possession, custody or control that plaintiffs in the MDL have

The Honorable Sarah J. Netburn
April 11, 2023

WHITE & CASE

already produced to other defendants in the MDL is improper because it excludes from production, without any basis, documents in Plaintiffs' possession that are responsive to the Bank's Requests, but that plaintiffs have selectively *not* produced to other defendants. *See* Exh. 4 at 5. What is more, on March 29, Plaintiffs informed the Bank for the first time that Plaintiffs are not even producing all documents produced by plaintiffs in the MDL to other defendants. *See* Exh. 3 at 2-3. In fact, Plaintiffs are in possession of certain documents produced by plaintiffs in the MDL (such as the *Ashton* and *Burnett* plaintiffs) that they now say that they will *not* produce to the Bank. *Id.* If any of those documents are responsive, Plaintiffs must produce them. Plaintiffs cannot cherry-pick which responsive documents to produce. Nor, as Plaintiffs have suggested (Exh. 5 at 2), should the Bank be required to seek *by subpoena* documents that Plaintiffs admit are in Plaintiffs' possession. *See Chevron Corp. v. Donziger*, 296 F.R.D. 168, 189-90 (S.D.N.Y. 2013) (under Rule 34, "a party served with a document request must produce requested items 'in the responding party's possession, custody or control'").

**Expert Reports And Witness Testimony:**  Plaintiffs' response to **Request No. 5** excludes responsive deposition transcripts as well as any responsive documents concerning witness testimony that are not covered by Plaintiffs' proposal (at Pls. R&O to Request No. 5) to limit their production to so-called "Party and Non-Party Discovery." *See* Exh. 4 at 7. Plaintiffs may not unilaterally decide not to produce such documents. If documents relating to Request No. 5 are responsive, Plaintiffs must produce them.

**Additional Documents In Plaintiffs' Possession, Custody, Or Control:**  Plaintiffs' response to each of **Request Nos. 1-2, 4-37** — that Plaintiffs "will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court" — is improper. *See* Exh. 3 at 3. Plaintiffs' response (at Objs. to Request Nos. 1-2, 4-37) to each of these Requests excludes responsive documents in Plaintiffs' possession, custody, or control that may *tend to contradict* Plaintiffs' allegations but that do not meet Plaintiffs' definition of "Party and Non-Party Discovery." Plaintiffs' response to these Requests would unilaterally delay production of responsive documents until *after* the Court-ordered close of fact discovery. To avoid yet another sandbag by Plaintiffs, the Bank seeks access *now* to *all* documents responsive to its Requests, not just whichever documents Plaintiffs cherry-pick and attach to a future court filing.

*     *     *

For the foregoing reasons, Al Rajhi Bank respectfully requests that the Court grant its motion to compel Plaintiffs to produce all documents responsive to the Bank's Requests.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*