# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| *This document relates to:* <br><br> *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617. | |

**AL RAJHI BANK'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
<u>IN LIMITED JURISDICTIONAL DISCOVERY</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Civil Rule 26 of the Local Civil Rules for the United States District Court for the Southern District of New York, Defendant Al Rajhi Bank hereby requests that Plaintiffs produce for inspection and

copying each of the below requested documents within thirty (30) days of the date of service of these Document Requests.

## DEFINITIONS

The following terms (whether or not capitalized) shall have the meanings set forth below.

1. The terms "Communication," "Document," "Identify" (with respect to persons), "Identify" (with respect to documents), "Plaintiff," "Defendant," "Person," and "Concerning" shall have the meaning as defined in Local Civil Rule 26.3(c), unless specified otherwise in these Document Requests.

2. "This action" means any of the above-captioned consolidated cases.

3. "Al Qaeda" means the foreign terrorist organization known as Al Qaeda, Al Qaida, Al Qa'ida, or by any other spelling of the organization's name, and any of its affiliates, agents, associates, contractors, officers, officials, or representatives.

4. "Alleged Potential Donors" means Suleiman Al Rajhi, Saleh Al Rajhi, Abdullah Al Rajhi, the Suleiman Al Rajhi Charity Foundation, and any other individual or entity (other than Defendant) for which the Court orders Al Rajhi Bank to search for monetary donations or contributions to the "Da'wah Organizations."

5. "Complaint" means the First Amended Complaint filed in this action on May 22, 2017 (No. 16-cv-7853, ECF No. 56).

6. "Da'wah Organizations" has the meaning You assigned this term in Your First Set of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank.

7. "Defendant" means Al Rajhi Bank.

8. "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure.

9. "JPMorgan Chase Bank, N.A." has the meaning You assigned this term in Your Subpoena on JPMorgan Chase Bank, N.A., served on June 13, 2022.

10. "Metadata" means (i) information associated with a native files that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage or validity of the electronic file, or (ii) information generated automatically by the operation of a computer or other information technology systems when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

11. "This MDL" means any of the consolidated cases captioned *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD).

12. "Non-party" means any Person who is not a plaintiff or defendant in this MDL.

13. "September 11 Attacks" or "September 11, 2001 Attacks" or "9/11 Attacks" mean the acts of terrorists on September 11, 2001 that resulted in jet airliners crashing into the World Trade Center towers in New York, the Pentagon in Virginia, and a field in Stonycreek Township, Pennsylvania.

14. "You," "Your," "Plaintiff," and "Plaintiffs" refer to plaintiffs in this MDL who have asserted claims against defendant Al Rajhi Bank.

15. Nothing in these Definitions is intended to limit, or should be construed as limiting, the definitions set forth in Rule 26 and Rule 34.

16. These Definitions are provided only for purposes of discovery, in conformance with Rule 34(a), and are not intended to be used for any purpose other than discovery. Defendant reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

**INSTRUCTIONS**

1. The Definitions above and the individual Document Requests are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

2. The rules of construction set forth in Local Civil Rule 26.3(d) apply to the Document Requests.

3. The use of present tense includes past tense, and vice versa.

4. The Document Requests shall be deemed continuing, requiring You to produce supplemental answers and Documents and things promptly in accordance with Rule 26.

5. If You have any good-faith objections to any request or any part thereof, You shall state the specific nature of the objection and whether it applies to the entire request or to a part of the request. If You object to any part of a request, then You shall identify the part objected to and timely produce Documents responsive to the remaining unobjectionable part.

6. Any alteration of a responsive Document, including notes, underlining, stamps, drafts, revisions, modifications and other versions of a final Document, is a separate Document and is to be produced as a separate Document.

7. Each Document Request shall be answered on the basis of Your entire knowledge after You have made a reasonable and good faith inquiry and You have conducted a reasonably thorough search.

8. All Documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

9. With respect to any Document maintained or stored electronically, please collect it in a manner that maintains the integrity and readability of all data, including Metadata, such as file name, date created, date modified, and Document author.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant Metadata intact. Encrypted or password-protected Documents should be produced in a form permitting them to be reviewed.

11. Documents attached to each other should not be separated.

12. Please produce all Documents maintained or stored in paper, hard-copy form as searchable .PDF and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

13. These Document Requests call for the production of all responsive Documents in Your possession, custody or control.

14. These Document Requests do not call for You to produce Documents produced to You by Al Rajhi Bank.

15. In responding to these Document Requests, include Documents obtained on Your behalf by Your counsel, employees, agents, or any other Persons acting on Your behalf.  If Your response is that the Documents are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such Document.  If Your response is that Documents are not under Your control, identify who has control and the location of the Documents.

16. Each request contemplates production of all Documents in their entirety.  If only a portion of a Document is responsive to one or more Document Requests, the Document shall be produced in its entirety.

17. If any Document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure, set out separately with respect to each withheld Document:

    a. the ground of privilege or protection claimed;

    b. every basis for the privilege or protection claimed;

    c. the type of Document;

    d. the Document's general subject matter;

    e. the Document's date; and

    f. other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Rule 26(b)(5), the Court's local rules, and the judge's individual practice rules.

18. To the extent You assert that a Document contains information that should be protected from disclosure under privilege or otherwise, You shall produce the non-privileged and non-protected information and portions of the Document must be produced.

19. Unless otherwise stated herein, all Documents requested cover the period January 1, 1998 through December 31, 2002.

## DOCUMENT REQUESTS

1. All Documents, irrespective of date, concerning Al Rajhi Bank, the Alleged Potential Donors, or concerning any allegation in Your Complaint, that You and/or any of Your attorneys have received from any party in this MDL, or any Non-party, whether as a result of a discovery request, subpoena, informal request, request through the Freedom of Information Act, 5 U.S.C. § 552, any other public-records request, or by any other means, whether before the filing of the Complaint or after.

2. All Documents, irrespective of date, that You may use to attempt to establish personal jurisdiction over Al Rajhi Bank.

3. All Documents responsive to any of Your Requests for Production of Documents Directed to Al Rajhi Bank granted by the Court. The relevant time period for this request is the period as ordered by the Court for each of Your Requests for Production of Documents Directed to Al Rajhi Bank.

4. All communications between You and/or any of Your attorneys, on the one part, and any party in this MDL or any Non-party, on the other part, concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint. Non-parties include, but are not limited to, the U.S. Federal Bureau of Investigation, Central Intelligence Agency, Department of the Treasury, any other U.S. or foreign government agency, and JPMorgan Chase Bank, N.A.

5. All Documents, irrespective of date, including but not limited to deposition transcripts, concerning any witness testimony given in this MDL or any other action concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint.

6. All Documents concerning Your allegation in Paragraph 87 of Your Complaint that Al Rajhi Bank "provided material support to al Qaeda over a period of many years, with knowledge of al Qaeda's intent to use resources provided to it to conduct terrorist attacks against the United States, and with the intent that al Qaeda would in fact use the support [it] provided to achieve that objective," including all Documents that may tend to contradict Your allegation.

7. All Documents concerning Your allegation in Paragraph 88 of Your Complaint that "the support provided by Al Rajhi Bank . . . enabled al Qaeda to obtain the global strike capabilities necessary to carry out the September 11th attacks, and was essential to the success of those attacks," including all Documents that may tend to contradict Your allegation.

8. All Documents concerning any of Your allegations in Paragraph 123 of Your Complaint that any Da'wah Organizations "operated hand-in-glove with al Qaeda within this framework during the years leading up to the September 11th attacks" and "had worked closely with bin Laden during the Afghan jihad," including all Documents that may tend to contradict Your allegations.

9. All Documents concerning any of Your allegations in Paragraph 123 of Your Complaint that any Da'wah Organizations "served as critical components of al Qaeda's infrastructure," including all Documents that may tend to contradict Your allegations.

10. All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "were repeatedly implicated in the sponsorship of al Qaeda . . . during the years preceding the September 11th attacks in public reporting in the Arab world," including all Documents that may tend to contradict Your allegations.

11. All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "serv[ed] as the conduits for the vast majority of the funding provided by al Qaeda's wealthy patrons," including all Documents that may tend to contradict Your allegations.

12. All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "were intimately involved in all aspects of al Qaeda's operations," including all Documents that may tend to contradict Your allegations.

13. All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "allowed al Qaeda to use their infrastructures and resources as platforms for carrying out terrorism," including all Documents that may tend to contradict Your allegations.

14. All Documents concerning any of Your allegations in Paragraph 126 of Your Complaint that "Suleiman al Rajhi . . . through banks under [his] control" provided Al Qaeda with "access to the international banking system to facilitate . . . unusual transactions carried out through its charities' accounts," including documents showing which "unusual transactions" would have "trigger[ed] any of the regulatory devices developed by the international banking system to identify illicit financial transactions," as well as all Documents that may tend to contradict Your allegations.

15. All Documents concerning any of Your allegations in Paragraph 136 and 137 of Your Complaint that "The funding provided by . . . Suleiman al Rajhi . . . enabled bin Laden to acquire the resources essential to those [9/11] Attacks," including all Documents that may tend to contradict Your allegations.

16. All Documents concerning any of Your allegations in Paragraph 136 and 137 of Your Complaint that Suleiman al Rajhi "ask[ed] to hear directly from bin Laden and require[ed] that [his] funds be leveraged to launch significant attacks," including all Documents that may tend to contradict Your allegations.

17. All Documents concerning Your allegation in Paragraph 139 of Your Complaint that "Suleiman al Rajhi . . . [was] particularly active in using multiple platforms under [his] control to provide various forms of support to al Qaeda," and was "at the very center of al Qaeda's financial and logistical support network," including all Documents that may tend to contradict Your allegation.

18. All Documents concerning Your allegation in Paragraph 139 of Your Complaint that Suleiman al Rajhi "aggressively deployed [Al Rajhi Bank] to provide financial services, funding

9

and other support to bin Laden and al Qaeda," including all Documents that may tend to contradict Your allegation.

19. All Documents concerning Your allegation in Paragraph 139 of Your Complaint that Suleiman al Rajhi "established [his] own charities to serve as fronts for delivering material support and resources to al Qaeda," including all Documents that may tend to contradict Your allegation.

20. All Documents concerning any of Your allegations in Paragraph 141 of Your Complaint that "During the many years that Al Rajhi Bank . . . [was] providing essential support to al Qaeda, bin Laden's intent to use that support to plan and carry out terrorist attacks against the United States was well known to those organizations and their principals," including all Documents that may tend to contradict Your allegations.

21. All Documents concerning any of Your allegations on pages 10-11 and footnote 4 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that "a senior ARB official named Abdullah al Misfer, who worked for one ARB's principals, simultaneously served as an official of Al Haramain.  The evidence suggests that Misfer was responsible for collections and transfers of donations to the special account opened by Al Haramain at ARB," including all Documents that may tend to contradict Your allegations.

22. All Documents concerning any of Your allegations in Paragraph 151 of Your Complaint, to the extent they concern Suleiman al Rajhi, that "the jihadist worldview bin Laden was promoting was . . . shared by al Qaeda's wealthy patrons," including all Documents that may tend to contradict Your allegations.

23. All Documents concerning Your allegation in Paragraph 155 of Your Complaint that there is "evidence demonstrating that Al Rajhi Bank was one of al Qaeda's most essential and critical

partners in the years preceding 9/11," including all Documents that may tend to contradict Your allegation.

24. All Documents concerning Your allegations in Paragraph 174 of Your Complaint that, "[a]t all times relevant, Al Rajhi Bank and the al Rajhi family members, including Suleiman al Rajhi, were expressly aware that the charities for which Al Rajhi Bank provided financial services and funding were al Qaeda fronts, and that the bank was being used as a vehicle for laundering funds on behalf of, and transferring funds to, that terrorist organization," including all Documents that may tend to contradict Your allegation.

25. All Documents concerning Your allegation in Paragraph 174 of Your Complaint that, with respect to any Da'wah Organizations, "Al Rajhi Bank advertised the existence and numerical designation of the accounts it maintained for those charities throughout the Muslim world, thereby assisting them in their fundraising activities," including all Documents that may tend to contradict Your allegation.

26. All Documents concerning Your allegation in Paragraph 175 of Your Complaint that Al Rajhi Bank had the "specific intent that its services and funding on behalf of those charities would be used by al Qaeda to attack the United States," including all Documents that may tend to contradict Your allegation.

27. All Documents concerning Your allegation in Paragraph 178 of Your Complaint that Al Rajhi Bank "handled IIRO 'charitable' contributions intended to benefit suicide bombers by directing Al Igatha (IIRO) Journal advertisements toward needs in Somalia, Sri Lanka, India, and the Philippines under IIRO Account No. ----- for 'the action most loved by Allah,'" including all Documents that may tend to contradict Your allegation.

28. All Documents concerning Your allegation in Paragraph 180 of Your Complaint that, during the relevant period, "several senior Al Rajhi Bank officials were simultaneously serving as senior officials of the IIRO and/or Sanabel," including all Documents that may tend to contradict Your allegation.

29. All Documents concerning Your allegation on page 2 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that "ARB principals simultaneously served in leadership positions of the Da'wah Organizations at a time when those al Qaeda charity fronts were publicly implicated in terrorist activities," including all Documents that may tend to contradict Your allegation. For the purpose of this request, the term "ARB principals" has the meaning You assigned this term in Your First Set of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank.

30. All Documents concerning Your allegation in Paragraph 181 of Your Complaint that, prior to September 11, 2001, Al Rajhi Bank officials "received express and repeated notifications of the pervasive involvement of the IIRO and its affiliates in supporting al Qaeda and terrorist activities," including all Documents that may tend to contradict Your allegation.

31. All Documents concerning Your allegation in Paragraph 182 of Your Complaint that Al Rajhi Bank had "an express awareness that" IIRO was "deeply integrated into al Qaeda's infrastructure, and using the services and funding provided by Al Rajhi Bank to advance al Qaeda's efforts to attack the United States," including all Documents that may tend to contradict Your allegation.

32. All Documents concerning Your allegation in Paragraph 184 of Your Complaint that there is "evidence concerning Al Rajhi Bank's sponsorship of al Qaeda through multiple platforms," including all Documents that may tend to contradict Your allegation.

33. All Documents concerning any of Your allegations in Paragraph 192 of Your Complaint that "a broad spectrum of evidence demonstrates that Suleiman al Rajhi was not merely a critical individual donor to al Qaeda, but an active architect and manager of al Qaeda's global financial and logistical support network who, along with others, actively deployed Al Rajhi Bank's resources to advance al Qaeda's continuous efforts to attack the United States," including all Documents that may tend to contradict Your allegations.

34. All Documents concerning Your allegation on page 3 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that "circumstances indicate" that "Suleiman al Rajhi's departure from ARB" was "significantly driven by his role in using the bank to support and foster terrorism," including all Documents that may tend to contradict Your allegation.

35. All Documents concerning any of Your allegations in Paragraph 192 of Your Complaint that '[t]he support and services Al Rajhi Bank provided to al Qaeda were essential to the development and maintenance of the infrastructure employed by al Qaeda to carry out the September 11th attacks, and designed to assist al Qaeda in attacking the United States," including all Documents that may tend to contradict Your allegations.

36. All Documents concerning any of Your allegations on page 14 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that Saleh al Hussayen was an "ARB official" and "an agent of ARB,"

and that he was involved in "activities at ARB in support of al Qaeda through the charities," including all Documents that may tend to contradict Your allegations.

37. All Documents concerning the Document excerpted at Exhibit E of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1), including a full, true, and correct copy of the Document itself.

Dated:   February 2, 2023
         Washington, DC

Respectfully submitted,

**WHITE & CASE**

 /s/ Matthew S. Leddicotte
Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte (*pro hac vice*)
Reuben J. Sequeira
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:   + 1 202 626 3600
Facsimile:    + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
mleddicotte@whitecase.com
rsequeira@whitecase.com

*Counsel for Al Rajhi Bank*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2023, I served via electronic mail a true and correct copy of Al Rajhi Bank's First Set of Jurisdictional Requests for Production of Documents upon the following:

Sean P. Carter, Esq.
William J. Clark, Jr., Esq.
J. Scott Tarbutton, Esq.
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-2000
SCarter1@cozen.com
WClark@cozen.com
STarbutton@cozen.com

James L. Bernard, Esq.
Patrick N. Petrocelli, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400
jbernard@stroock.com
ppetrocelli@stroock.com

Christopher R. LoPalo, Esq.
Napoli Shkolnik PLLC
400 Broadhollow Road, Suite 305
Melville, NY 11747
(212) 397-1000
clopalo@napolilaw.com

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
25 High Street
Huntington, NY 11743
(631) 249-5600
rsheps@shepslaw.com

                                              */s/ Matthew S. Leddicotte*
                                                 Matthew S. Leddicotte