# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br><br>ECF Case |

This document relates to:

*Underwriting Members of Lloyd's Syndicate 2, et al., v. Al Rajhi Bank, et al.*, No. 16-cv-07853
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450
*Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887
*Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 17-cv-07914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617

**<u>PLAINTIFFS' RESPONSES AND OBJECTIONS TO AL RAJHI BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

March 3, 2023

### RESPONSES AND OBJECTIONS TO AL RAJHI BANK'S FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby submit the following responses and objections to defendant Al Rajhi Bank's ("ARB") First Set of Requests for Production dated February 2, 2023.

### GENERAL OBJECTIONS

1.      ARB's Requests grossly exceed the scope of jurisdictional discovery authorized against ARB by the Second Circuit's October 15, 2019 Summary Order. *See Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66 (2d Cir. 2019) (the "Summary Order"). Furthermore, ARB's Requests grossly exceed the scope of jurisdictional discovery authorized by the Court. *See* ECF 6681 (March 26, 2021 Order) (the "Court directs limited personal jurisdictional discovery pursuant to the mandate of the Court of Appeals."). The Summary Order and the District Court's Orders regarding the scope of permissible jurisdictional discovery do not authorize or contemplate discovery by ARB, and ARB has never requested an opportunity to conduct jurisdictional discovery of Plaintiffs, much less specified the specific character of the discovery it would seek if authorized to conduct such discovery. By virtue of failing to have done so, ARB has waived any right to conduct such discovery at the jurisdictional phase. Consistent with the fact that ARB never sought an opportunity to conduct jurisdictional discovery, none of the Court's orders authorize ARB to conduct discovery. To the extent ARB desired to conduct jurisdictional discovery of Plaintiffs, it was required by the Court's Order to raise the issue during one of the numerous Court ordered meet and confer sessions that have occurred over the last 23 months and to seek permission from the Court of ARB's intention to pursue such discovery. ARB never mentioned any desire or intention to pursue discovery from Plaintiffs during the many meet and confer sessions and related letter exchanges between Plaintiffs and ARB, nor has ARB

2

indicated in the numerous status reports to the Court a desire to do so. Accordingly, Plaintiffs object to each and every request because ARB's Requests are beyond the permissible scope of discovery authorized by the Second Circuit and the District Court, and because ARB waived any right it to such discovery.

2.      Plaintiffs object to ARB's Requests identified below, including to the Instructions and Definitions therein, because they seek to impose obligations that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, including but not limited to Rules 26 and 34, any applicable Local Rule for the Southern District of New York, or any applicable individual rule of Judge Daniels or Magistrate Judge Netburn. Plaintiffs will respond to ARB's Requests in the manner required by the Federal Rules of Civil Procedure.

3.      Plaintiffs object to ARB's Requests, including to the Instructions and Definitions therein, because, as set forth in more detail below, they seek to impose obligations that are inconsistent with or exceed those set forth in applicable Court Orders or decisions in this litigation. Plaintiffs in particular object to ARB's Requests because they seek to impose obligations that are inconsistent with or exceed those set forth in the Second Circuit's October 15, 2019 Summary Order authorizing jurisdictional discovery against ARB, which did not authorize or contemplate ARB serving discovery on Plaintiffs.

4.      Plaintiffs object to each of ARB's Requests because they do not identify the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Plaintiffs object to each Request identified below that employs imprecise or vague language to indicate the information sought. Plaintiffs will provide only that information that can reasonably be identified in each individual request.

5.      Plaintiffs object to ARB's Requests, except as specified further below, because they are overly broad, unduly burdensome, seek disclosure of material or information beyond the scope of permissible discovery, disproportional to the needs of the case, and seek documents and information that are not relevant to the jurisdictional inquiry authorized by the Second Circuit.

6.      Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, Plaintiffs object to ARB's Requests identified below where the discovery sought is unreasonably cumulative or duplicative, or is obtainable by some other source that is more convenient, less burdensome, or less expensive.

7.      Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs object to each of ARB's Requests, except as specified further below, because the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the jurisdictional discovery inquiry.

8.      Plaintiffs object to each Request that uses phrases such as "all documents" and the like because the requests do not identify the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure, and because the requests are overly broad and unduly burdensome as they encompass, *inter alia*, chance references to ARB and other matters in documents that would not reasonably be expected to contain such references, and responding would therefore require an unreasonably detailed and extensive search of all documents collected in this multi-party MDL litigation.

9.      Plaintiffs object to each Request identified below that seeks the discovery of documents protected from disclosure by the attorney-client privilege, work-product doctrine, the joint-prosecution privilege, common interest privilege, or any other applicable privilege and/or

immunity recognized by the Federal Rules of Civil Procedure, federal statute, Court orders, or any other applicable federal or state rule or law ("Privilege"). Inadvertent production of any such documents and things shall not be deemed a waiver of any privilege or immunity pursuant to Federal Rule of Evidence 502(d). Plaintiffs reserve the right to object to the inspection, copying, and admissibility of any such privileged documents and to have any such inadvertently produced documents returned. Nothing contained in any of these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

10.    Plaintiffs object to each Request identified below that seeks documents that Plaintiffs are prohibited from disclosing by virtue of an agreement with or obligations to a third party, or other Court order.

11.    Plaintiffs' responses do not constitute admissions regarding the existence of any documents or information, the relevance or admissibility of any documents or information, or the truth or accuracy of any statement or characterization contained in ARB's Requests. All objections as to relevance, authenticity, or admissibility of any document are expressly preserved.

12.    Plaintiffs' representations that they will produce responsive documents means that they will make a reasonable, good faith effort to locate responsive documents and will produce non-privileged, responsive documents found. Plaintiffs further state that their investigation of this matter is ongoing, and that the responses to the Requests are based on information currently available and known following a reasonable investigation within the time and resources available to Plaintiffs at the time.

13.    Plaintiffs object to responding to the Requests before all or substantially all jurisdictional and liability discovery against the Defendant has been completed. Requiring the Plaintiffs to respond to the propounded Requests at this juncture is oppressive, unduly burdensome,

prejudicial, inefficient, and unjustified. Responding to the Requests now is particularly unjustified when balancing the burden and prejudice to the Plaintiffs and the inefficient expenditure of the parties' and the judiciary's time and resources that would result from responding to the Requests now against the likelihood that useful information not otherwise available to the Defendant will be produced, and the lack of prejudice to the Defendant of requiring Plaintiffs to proffer facts and evidence as to jurisdiction after discovery has concluded. Where Plaintiffs have not had complete discovery of Defendant's documents and no depositions have been conducted, it is impractical, infeasible, inefficient, and perhaps futile to compel Plaintiffs to respond to discovery requests requiring recitation of *all* facts and documents or the identity of *all* individuals with knowledge of the facts supporting the Plaintiffs' various allegations. At this juncture, Plaintiffs cannot be anticipated to identify all the facts and documents that support or that will support their claims. And any suggestion that Plaintiffs be called to respond based upon their current knowledge and supplement the responses as discovery proceeds is impracticable and points out the burdensome nature of the Requests at this time. Nonetheless, Plaintiffs' responses as set forth herein are based upon information presently known to Plaintiffs, before all investigation has been completed, before the conclusion of all formal discovery among the parties, and before Defendant has responded fully to formal discovery demands. Plaintiffs reserve the right to: (a) rely on any facts, documents, or other evidence which may develop or subsequently come to their attention; and (b) assert supplemental responses and objections and/or amend these responses should Plaintiffs discover additional information or grounds for objections.

14.    Plaintiffs object to the Requests because, notwithstanding the labels attached to them by the ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints,

and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c);

*see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D.

137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number

of cases have held that interrogatories seeking identification of all facts supporting a particular

allegation are inherently improper.").

15.     Plaintiffs object to the Requests because, notwithstanding the labels attached to

them by ARB, the Requests are what is commonly known as contention requests and contention

requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.

Neither Rule 34 nor the Advisory Committee Notes to Rule 34 make any reference to so-called

contention requests for production. Still further, requests for production under Rule 34(b)(1)(A)

must define with reasonable particularity the documents sought. Contention requests for

production are impermissible because the requesting party is not specifying what documents or

things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to

meet this requirement.

## RESPONSES AND OBJECTIONS TO EACH REQUEST

1.     All Documents, irrespective of date, concerning Al Rajhi Bank, the Alleged

Potential Donors, or concerning any allegation in Your Complaint, that You and/or any of Your

attorneys have received from any party in this MDL, or any Non-party, whether as a result of a

discovery request, subpoena, informal request, request through the Freedom of Information Act, 5

U.S.C. § 552, any other public-records request, or by any other means, whether before the filing

of the Complaint or after.

**RESPONSE:** In addition to the foregoing General Objections, which are expressly

incorporated herein, Plaintiffs object to this Request as follows:

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court, and instead seeks "All documents, irrespective of date, concerning Al Rajhi" from any source. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and

consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity. By specifically requesting documents that were obtained "by any other means," this request improperly seeks documents and information specifically protected as immune from discovery under: a) work product immunities of Federal Rule 26(b)(3)(A); b) the non-testifying immunity of Federal Rule 26(b)(4)(D); and c) the testifying expert immunity of Federal Rule 26(b)(4)(B) & (C).

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

2.      All Documents, irrespective of date, that You may use to attempt to establish personal jurisdiction over Al Rajhi Bank.

**RESPONSE:**   In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object and respond as follows:

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court, and instead seeks "All documents, irrespective of date, that You may use to attempt to establish personal jurisdiction over Al Rajhi Bank" from any source. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this

Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity. This request improperly seeks documents and information specifically protected as immune from discovery under: a) work product immunities of Federal Rule 26(b)(3)(A); b) the non-testifying immunity of Federal Rule 26(b)(4)(D); and c) the testifying expert immunity of Federal Rule 26(b)(4)(B) & (C).

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the

Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

3.     All Documents responsive to any of Your Requests for Production of Documents Directed to Al Rajhi Bank granted by the Court. The relevant time period for this request is the period as ordered by the Court for each of Your Requests for Production of Documents Directed to Al Rajhi Bank.

**RESPONSE:**   In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object and respond as follows:

Plaintiffs' Requests seek documents in the possession, custody, or control of ARB. As such, this Request necessarily seeks to require Plaintiffs to search for and produce ARB's own documents, including documents for which ARB has refused to conduct searches or has limited its searches. This Request is therefore improper, unduly burdensome, and disproportional to the needs of the case.

4.     All communications between You and/or any of Your attorneys, on the one part, and any party in this MDL or any Non-party, on the other part, concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint. Non-parties include, but are not limited to, the U.S. Federal Bureau of Investigation, Central Intelligence Agency, Department of the Treasury, any other U.S. or foreign government agency, and JPMorgan Chase Bank, N.A.

**RESPONSE:**  In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object and respond as follows:

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority

of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

5.      All Documents, irrespective of date, including but not limited to deposition transcripts, concerning any witness testimony given in this MDL or any other action concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint.

**RESPONSE:** In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court, and instead seeks "All documents, irrespective of date, … concerning Al Rajhi" from any source. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit

or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as

documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

6. All Documents concerning Your allegation in Paragraph 87 of Your Complaint that Al Rajhi Bank "provided material support to al Qaeda over a period of many years, with knowledge of al Qaeda's intent to use resources provided to it to conduct terrorist attacks against the United States, and with the intent that al Qaeda would in fact use the support [it] provided to achieve that objective," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil

20

Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and

produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act

("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

7.      All Documents concerning Your allegation in Paragraph 88 of Your Complaint that "the support provided by Al Rajhi Bank . . . enabled al Qaeda to obtain the global strike

capabilities necessary to carry out the September 11th attacks, and was essential to the success of those attacks," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting,

and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and

non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

8.    All Documents concerning any of Your allegations in Paragraph 123 of Your Complaint that any Da'wah Organizations "operated hand-in-glove with al Qaeda within this framework during the years leading up to the September 11th attacks" and "had worked closely with bin Laden during the Afghan jihad," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the

jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants'

Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

9.     All Documents concerning any of Your allegations in Paragraph 123 of Your Complaint that any Da'wah Organizations "served as critical components of al Qaeda's infrastructure," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007)

31

("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit

or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as

documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

34

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

10.     All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "were repeatedly implicated in the sponsorship of al Qaeda . . . during the years preceding the September 11th attacks in public reporting in the Arab world," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any

reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information,

documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

11.     All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "serv[ed] as the conduits for the vast majority of the

funding provided by al Qaeda's wealthy patrons," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting,

and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and

non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

12.     All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "were intimately involved in all aspects of al Qaeda's operations," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents

supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As

such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

44

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

13.   All Documents concerning any of Your allegations in Paragraph 124 of Your Complaint that any Da'wah Organizations "allowed al Qaeda to use their infrastructures and resources as platforms for carrying out terrorism," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

In addition to the foregoing General Objections, which are expressly incorporated herein, Plaintiffs object to this Request as follows:

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

47

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-

related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their

expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

14.    All Documents concerning any of Your allegations in Paragraph 126 of Your Complaint that "Suleiman al Rajhi . . . through banks under [his] control" provided Al Qaeda with "access to the international banking system to facilitate . . . unusual transactions carried out through its charities' accounts," including documents showing which "unusual transactions" would have "trigger[ed] any of the regulatory devices developed by the international banking system to identify illicit financial transactions," as well as all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production

under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this

Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

15.     All Documents concerning any of Your allegations in Paragraph 136 and 137 of Your Complaint that "The funding provided by . . . Suleiman al Rajhi . . . enabled bin Laden to

acquire the resources essential to those [9/11] Attacks," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies,

legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs

request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

16.     All Documents concerning any of Your allegations in Paragraph 136 and 137 of Your Complaint that Suleiman al Rajhi "ask[ed] to hear directly from bin Laden and require[ed] that [his] funds be leveraged to launch significant attacks," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007)

("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit

or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as

documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

17.    All Documents concerning Your allegation in Paragraph 139 of Your Complaint that "Suleiman al Rajhi . . . [was] particularly active in using multiple platforms under [his] control to provide various forms of support to al Qaeda," and was "at the very center of al Qaeda's financial and logistical support network," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production

under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this

Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

18.     All Documents concerning Your allegation in Paragraph 139 of Your Complaint that Suleiman al Rajhi "aggressively deployed [Al Rajhi Bank] to provide financial services,

funding and other support to bin Laden and al Qaeda," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies,

66

legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs

request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

19.     All Documents concerning Your allegation in Paragraph 139 of Your Complaint that Suleiman al Rajhi "established [his] own charities to serve as fronts for delivering material support and resources to al Qaeda," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007)

("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit

69

or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as

documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

20.    All Documents concerning any of Your allegations in Paragraph 141 of Your Complaint that "During the many years that Al Rajhi Bank . . . [was] providing essential support to al Qaeda, bin Laden's intent to use that support to plan and carry out terrorist attacks against the United States was well known to those organizations and their principals," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production

under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this

Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

21.     All Documents concerning any of Your allegations on pages 10-11 and footnote 4 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that "a senior ARB official named

Abdullah al Misfer, who worked for one ARB's principals, simultaneously served as an official of Al Haramain. The evidence suggests that Misfer was responsible for collections and transfers of donations to the special account opened by Al Haramain at ARB," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting,

and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and

non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

22.   All Documents concerning any of Your allegations in Paragraph 151 of Your Complaint, to the extent they concern Suleiman al Rajhi, that "the jihadist worldview bin Laden was promoting was . . . shared by al Qaeda's wealthy patrons," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after

the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand

review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World

Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

23.     All Documents concerning Your allegation in Paragraph 155 of Your Complaint that there is "evidence demonstrating that Al Rajhi Bank was one of al Qaeda's most essential and critical partners in the years preceding 9/11," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any

reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information,

documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

24.     All Documents concerning Your allegations in Paragraph 174 of Your Complaint that, "[a]t all times relevant, Al Rajhi Bank and the al Rajhi family members, including Suleiman al Rajhi, were expressly aware that the charities for which Al Rajhi Bank provided financial

services and funding were al Qaeda fronts, and that the bank was being used as a vehicle for laundering funds on behalf of, and transferring funds to, that terrorist organization," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies,

legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs

request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

25.     All Documents concerning Your allegation in Paragraph 174 of Your Complaint that, with respect to any Da'wah Organizations, "Al Rajhi Bank advertised the existence and numerical designation of the accounts it maintained for those charities throughout the Muslim world, thereby assisting them in their fundraising activities," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation*

& *Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and

produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World

Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

26.     All Documents concerning Your allegation in Paragraph 175 of Your Complaint that Al Rajhi Bank had the "specific intent that its services and funding on behalf of those charities would be used by al Qaeda to attack the United States," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any

reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information,

documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent

federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

27.    All Documents concerning Your allegation in Paragraph 178 of Your Complaint that Al Rajhi Bank "handled IIRO 'charitable' contributions intended to benefit suicide bombers by directing Al Igatha (IIRO) Journal advertisements toward needs in Somalia, Sri Lanka, India,

97

and the Philippines under IIRO Account No.  ----- for 'the action most loved by Allah,'" including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies,

legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs

request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants'
Executive Committee for the contemplated production of defendants' discovery documents, and
that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously
produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to
defendants Muslim World League, International Islamic Relief Organization, and World
Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter
that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will
produce any documents they intend to rely upon in support of jurisdiction in connection with their
expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed
to by the parties or directed by the Court.

28.     All Documents concerning Your allegation in Paragraph 180 of Your Complaint
that, during the relevant period, "several senior Al Rajhi Bank officials were simultaneously
serving as senior officials of the IIRO and/or Sanabel," including all Documents that may tend to
contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and
similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests
are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents
supporting various contentions contained in the Complaints, and may be served, if at all, only after
the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation
& Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007)

("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit

or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as

documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

29.     All Documents concerning Your allegation on page 2 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that "ARB principals simultaneously served in leadership positions of the Da'wah Organizations at a time when those al Qaeda charity fronts were publicly implicated in terrorist activities," including all Documents that may tend to contradict Your allegation. For the purpose of this request, the term "ARB principals" has the meaning You assigned this term in Your First Set of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention

requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available

and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain

documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

30.     All Documents concerning Your allegation in Paragraph 181 of Your Complaint that, prior to September 11, 2001, Al Rajhi Bank officials "received express and repeated notifications of the pervasive involvement of the IIRO and its affiliates in supporting al Qaeda and terrorist activities," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting,

and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and

non-parties so that ARB can search those records for any mention of its name. To ensure that no

defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs

request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants'

Executive Committee for the contemplated production of defendants' discovery documents, and

that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously

produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to

defendants Muslim World League, International Islamic Relief Organization, and World

Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter

that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will

produce any documents they intend to rely upon in support of jurisdiction in connection with their

expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed

to by the parties or directed by the Court.

31.     All Documents concerning Your allegation in Paragraph 182 of Your Complaint

that Al Rajhi Bank had "an express awareness that" IIRO was "deeply integrated into al Qaeda's

infrastructure, and using the services and funding provided by Al Rajhi Bank to advance al Qaeda's

efforts to attack the United States," including all Documents that may tend to contradict Your

allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and

similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests

are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents

supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As

such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

32.      All Documents concerning Your allegation in Paragraph 184 of Your Complaint that there is "evidence concerning Al Rajhi Bank's sponsorship of al Qaeda through multiple platforms," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil

Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and

produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act

("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

33.     All Documents concerning any of Your allegations in Paragraph 192 of Your Complaint that "a broad spectrum of evidence demonstrates that Suleiman al Rajhi was not merely

a critical individual donor to al Qaeda, but an active architect and manager of al Qaeda's global financial and logistical support network who, along with others, actively deployed Al Rajhi Bank's resources to advance al Qaeda's continuous efforts to attack the United States," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting,

and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and

non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

34.     All Documents concerning Your allegation on page 3 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that "circumstances indicate" that "Suleiman al Rajhi's departure from ARB" was "significantly driven by his role in using the bank to support and foster terrorism," including all Documents that may tend to contradict Your allegation.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents

supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As

such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

35.    All Documents concerning any of Your allegations in Paragraph 192 of Your Complaint that '[t]he support and services Al Rajhi Bank provided to al Qaeda were essential to the development and maintenance of the infrastructure employed by al Qaeda to carry out the September 11th attacks, and designed to assist al Qaeda in attacking the United States," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34.  Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-

related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their

expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

36.    All Documents concerning any of Your allegations on page 14 of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1) that Saleh al Hussayen was an "ARB official" and "an agent of ARB," and that he was involved in "activities at ARB in support of al Qaeda through the charities," including all Documents that may tend to contradict Your allegations.

**RESPONSE:**

**Improper Contention Request**: As an initial matter, Plaintiffs object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are essentially disguised contention interrogatories requiring Plaintiffs to identify all documents supporting various contentions contained in the Complaints, and may be served, if at all, only after the conclusion of other discovery. *See* S.D.N.Y. L.R. 33.3(c); *see also Clean Earth Remediation & Constr. Svcs., Inc., v. American Int'l Group, Inc.,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("[N]otwithstanding the limitations of Local Civil Rule 33.3, a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper.")

Plaintiffs also object to this Request and similar requests herein because, notwithstanding the labels attached to them by ARB, the Requests are what is commonly known as contention requests and contention requests are improper and not permissible under the Federal Rules of Civil Procedure 26 and 34. Neither Rule 34, nor the Advisory Committee Notes to Rule 34, make any reference to so-called contention requests for production. Still further, requests for production under Rule 34(b)(1)(A) must define with reasonable particularity the documents sought. Contention requests for production are impermissible because the requesting party is not

specifying what documents or things they expect to receive and simply quoting paragraphs of Plaintiffs' Complaint and fails to meet this requirement.

Plaintiffs further object to responding to this Request until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to this Request.

**Scope, Relevancy and Undue Burden.** This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning

ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies, legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants' Executive Committee for the contemplated production of defendants' discovery documents, and that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court.

37.    All Documents concerning the Document excerpted at Exhibit E of Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (ECF No. 6996-1), including a full, true, and correct copy of the Document itself.

**RESPONSE:**

134

**Scope, Relevancy and Undue Burden.**  This Request is overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant. The requested discovery is beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court. Plaintiffs in the MDL have received millions of pages of records from parties and non-parties. The vast majority of those records were not produced in a readily searchable format and are in foreign languages. As such, responding to this Request would require Plaintiffs to conduct a document by document hand review for all documents that mention ARB. This would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint merely because the document mentions ARB. It also is improper because it seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession.

**Public Information and Work Product and Expert Immunities**: Plaintiffs object to this Request to the extent it seeks the production of documents and things that are publicly available and therefore of no greater burden for ARB to obtain than it would be for Plaintiffs to obtain and produce. Plaintiffs will not conduct a literature or library search or collect or organize information, documents, or things that are as accessible to ARB, as they are to Plaintiffs. To the extent this Request seeks documents obtained by Plaintiffs from sources other than parties and non-parties, as defined by ARB's Requests, the search for, collection, and retention of documents concerning ARB's dealings with and financing of terrorists and terrorist support networks was conducted by counsel and consultants hired in anticipation of litigation. Researching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs, their attorneys, and consultants and discovery of such information would reveal counsel's thoughts and strategies,

135

legal theories, understanding of the case and his or her evaluation of the relative importance of the facts, data and information collected, all of which falls squarely within the work product immunity.

To the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice.

**Party and Non-Party Discovery**: Subject to the foregoing objections and without waiving same, Plaintiffs agree to respond as follows:

(1) Plaintiffs already have produced documents received by agencies of the federal government, in response to subpoenas served in support of the claims against ARB, as well as documents released by federal government agencies pursuant to Executive Order 14040 ("E.O. 14040"), that mention ARB. Additional documents released by the Federal Bureau of Investigation pursuant to E.O. 14040 are available at https://vault.fbi.gov/9-11-attacks-investigation-and-related-materials/9-11-material-released-in-response-to-executive-order-14040/. In addition, the Department of the Treasury has recently completed a voluntary declassification review of certain documents previously withheld, in whole or in part, in response to Freedom of Information Act ("FOIA") requests served in connection with the MDL, which will be produced. To the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents.

(2) On a rolling basis, and subject to the limitations of any applicable protective orders, Plaintiffs are willing to produce discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name. To ensure that no defendant objects to this proposed course of discovery, and to avoid unnecessary burden, Plaintiffs

request that ARB obtain the approval of the Kingdom of Saudi Arabia and THE Defendants'
Executive Committee for the contemplated production of defendants' discovery documents, and
that ARB identify any discovery documents that are in its possession already.

(3) On a rolling basis, Plaintiffs will produce documents Plaintiffs in the MDL previously
produced to defendants in the MDL.

(4) As part of their rolling production, Plaintiffs also will produce their expert reports as to
defendants Muslim World League, International Islamic Relief Organization, and World
Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter
that handled the depositions of those experts.

(5) To the extent not encompassed within the categories set forth above, Plaintiffs will
produce any documents they intend to rely upon in support of jurisdiction in connection with their
expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed
to by the parties or directed by the Court.

Dated: March 3, 2023                    Respectfully submitted,

                                        /s/  Sean P. Carter
                                        Sean P. Carter, Esq.
                                        William N. Clark, Jr., Esq.
                                        J. Scott Tarbutton, Esq.
                                        COZEN O'CONNOR
                                        1650 Market Street, Suite 2800
                                        Philadelphia, PA 19103
                                        (215) 665-2000

                                        Attorneys for *Lloyd's Syndicate 2*
                                        and *Muenchener* Plaintiffs

James L. Bernard, Esq.
Patrick N. Petrocelli, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Attorneys for *Arrowood* Plaintiffs


Christopher R. LoPalo, Esq.
NAPOLI SHKOLNIK PLLC
400 Broadhollow Road, Suite 305
Melville, NY  11747
(212) 397-1000

Attorneys for *Augilar*, *Abarca*, *Abedhajajreh*,
*Addesso*, *Aiken*, *Hodges*, and *Abbate* Plaintiffs


Robert C. Sheps, Esq.
SHEPS LAW GROUP, P.C.
25 High Street
Huntington, NY 11743
(631) 249-5600
Attorneys for *Charter Oak* Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the Plaintiffs' Responses and Objections to Al Rajhi

Bank's First Set of Requests for Production of Documents was served via electronic mail this 6th

day of March 2023, upon the following:

Matthew S. Leddicotte, Esq.
Reuben J. Sequeira, Esq.
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
mleddicotte@whitecase.com
rsequeira@whitecase.com


_____
J. Scott Tarbutton, Esq.

LEGAL\61879908\1