# Exhibit 3

**WHITE & CASE**

April 5, 2023

VIA EMAIL

Sean P. Carter
J. Scott Tarbutton
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.)

Dear Sean and Scott:

We write regarding Al Rajhi Bank's First Set of Requests for Production of Documents ("Requests"), including Plaintiffs' March 6, 2023 Responses and Objections to those Requests ("R&Os"), the Bank's March 23, 2023 letter responding to each of Plaintiffs' R&Os, and the discussion of the Bank's Requests during our meet-and-confer call on March 29, 2023. The Bank will address separately the Parties' March 29 discussion of Plaintiffs' Second Set of Document Requests and the Bank's Responses and Objections to those Requests. This letter addresses only the issues that the Parties discussed regarding the Bank's Requests and Plaintiffs' R&Os. At the end of the March 29 discussion, we asked if Plaintiffs had any other items to discuss relating to the Bank's Requests, and Plaintiffs confirmed that they did not. The Bank thus understands that Plaintiffs had no further responses to the Bank's March 23 letter addressing Plaintiffs' R&Os.

1.      **Productions Of Documents Plaintiffs Have Agreed To Produce**

        A.      **Federal Agency Documents**

Plaintiffs agreed in their March 6, 2023 R&Os to produce recently declassified U.S. Treasury Department documents. Pls. R&Os to Request Nos. 1-2, 4-37. During our March 29 call, Plaintiffs also stated that these documents are text-searchable and that Plaintiffs will produce them as such. On March 31, Plaintiffs produced four U.S. Treasury-produced documents, totaling 121 pages. To date, this is the only production Plaintiffs have made in response to the Bank's Requests.

As we explained on the call, Al Rajhi Bank has a limited understanding of the quantity or content of the documents in Plaintiffs' possession, custody, or control that were produced to Plaintiffs and that are subject to the FBI Protective Order. The Bank asked that Plaintiffs inform the Bank of any such documents that are responsive the Bank's requests, so that the parties can determine the necessary steps to produce those documents. Plaintiffs stated that they did not yet know whether they will use documents covered by the FBI protective order to support their jurisdictional claims against Al Rajhi Bank, but that, if Plaintiffs intend to use any such covered documents, Plaintiffs will inform the Bank. As we explained, this proposal is insufficient, because the Bank has a right to all responsive documents in Plaintiffs' possession, custody, or control, regardless of whether Plaintiffs intend to use them. The Bank understands that Plaintiffs are refusing to produce any

Sean P. Carter & J. Scott Tarbutton
April 5, 2023

responsive documents subject to the FBI Protective Order, and are refusing to inform the Bank if any such responsive documents even exist.

Plaintiffs also stated that they have already produced documents received by federal agencies "in response to subpoenas served in support of the claims against ARB," and agreed that, "[t]o the extent federal agencies produce additional documents in response to subpoenas issued in support of the claims against ARB, Plaintiffs will produce those documents." Pls. R&Os to Request Nos. 1-2, 4-37. The Bank thus understands that, to date, no federal agencies have produced to Plaintiffs any such additional documents.

Finally, Plaintiffs have not responded to the Bank's concern, as explained in the Bank's March 23 letter, that Plaintiffs' responses to the Bank's Requests exclude from production responsive documents that Plaintiffs obtained from non-parties via FOIA request, informal request, or any other means. *See* Mar. 23, 2023 Ltr. to Pls. 5. The Bank understands that Plaintiffs are standing on their objections and refusing to produce any such responsive documents.

**B.      Documents Produced By Other Defendants In The MDL**

Plaintiffs have also agreed to produce "discovery documents produced by defendants in the MDL, and by non-parties in response to subpoenas issued in the MDL, in the format produced by the parties and non-parties so that ARB can search those records for any mention of its name," conditional upon the Bank "obtain[ing] approval of the Kingdom of Saudi Arabia and [the] Defendants' Executive Committee." Pls. R&Os to Request Nos. 1-2, 4-37. On the call, Plaintiffs stated that this production totals approximately two million pages of documents.

As we explained, it is unnecessary for the Bank to obtain "consent" from the DEC or Saudi Arabia in order for Plaintiffs to produce documents in Plaintiffs' possession, custody, or control, particularly given that the Bank is subject to the same protective order under which those documents were produced. Nonetheless, the Bank confirms that it has obtained from Saudi Arabia its consent to Plaintiffs' production to the Bank of documents Saudi Arabia previously produced to Plaintiffs in the MDL. Plaintiffs should thus begin producing these documents promptly. The Bank expects to obtain consent from the DEC forthwith, and so Plaintiffs should begin preparing those documents for production as well.

**C.      Documents Produced By Plaintiffs In the MDL**

Plaintiffs have also agreed to "produce documents [p]laintiffs in the MDL previously produced to defendants in the MDL." Pls. R&Os to Request Nos. 1-2, 4-37. On the call, Plaintiffs confirmed that they will produce these documents on a rolling basis. Plaintiffs stated that this production will total approximately 400,000 pages, which are primarily in English and will be produced as such. Plaintiffs agreed on March 6 to produce these documents, which have *already* been produced in this litigation, and yet as of April 5, Plaintiffs have not produced a single page. Please confirm by April 7 when Plaintiffs will begin making these productions.

On the call, Plaintiffs also stated that they are in possession of certain documents that "[p]laintiffs in the MDL previously produced to defendants in the MDL," but that they would not be producing

2

Sean P. Carter & J. Scott Tarbutton
April 5, 2023

such documents.  Those documents include documents produced by the *Ashton* and *Burnett* plaintiffs.  If any of those documents —which Plaintiffs conceded are in Plaintiffs' possession — are responsive to the Bank's Requests, then Plaintiffs must produce them.

In addition, Plaintiffs have not responded to the Bank's concern, as explained in the Bank's March 23 letter, that Plaintiffs' responses to the Bank's Requests exclude from production responsive documents that Plaintiffs have selectively *not* produced to other defendants in the MDL.  *See* Mar. 23, 2023 Ltr. to Pls. 5.  The Bank understands that Plaintiffs are standing on their objections and refusing to produce any such responsive documents.

> ### D.       Expert Reports And Witness Testimony

Plaintiffs agreed to "produce their expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth, and will provide ARB with contact information for the court reporter that handled the depositions of those experts." Pls. R&Os to Request Nos. 1-2, 4-37.  On the call, Plaintiffs stated that they possess ten expert reports, all of the reports are text-searchable, and that Plaintiffs will produce these documents the week of April 3.

Plaintiffs requested that Al Rajhi Bank obtain consent from the DEC before Plaintiffs produce these documents.  As discussed above, this consent is unnecessary; nonetheless, the Bank has sought the DEC's consent and Plaintiffs should prepare to make this production promptly.

Plaintiffs also agreed on March 6 to "provide ARB with contact information for the court reporter that handled the depositions of those experts."  Pls. R&Os to Request Nos. 1-2, 4-37.  As of April 5, Plaintiffs have not done so.  Please confirm by April 7 when Plaintiffs will provide this information.

Plaintiffs have not responded to the Bank's concern, as explained in the Bank's March 23 letter, that Plaintiffs' response to Request No. 5 excludes responsive deposition transcripts as well as any responsive documents concerning witness testimony that are not within Plaintiffs' definition (at Pls. R&O to Request No. 5) of "Party and Non-Party Discovery."  Mar. 23 Ltr. to Pls. 7.  The Bank understands that Plaintiffs are standing on their objections and refusing to produce any such responsive documents in their possession, custody, or control.

> ### E.       Additional Documents In Plaintiffs' Possession, Custody, Or Control

Plaintiffs have not responded to the Bank's concern, as explained in the Bank's March 23 letter, that Plaintiffs' response to each of Request Nos. 1-2, 4-37 that Plaintiffs "will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court" is improper.  *See* Mar. 23, 2023 Ltr. to Pls. 5.  Plaintiffs' response to each of these Requests excludes responsive documents in Plaintiffs' possession, custody, or control that may *tend to contradict* Plaintiffs' allegations but that do not meet Plaintiffs' definition (at R&Os to Request Nos. 1-2, 4-37) of "Party and Non-Party Discovery."   And

Sean P. Carter & J. Scott Tarbutton
April 5, 2023

Plaintiffs' response to these Requests would unilaterally delay production of responsive documents until after the Court-ordered close of fact discovery.

The Bank understands that Plaintiffs are standing on their objections and are refusing to produce additional responsive documents that may tend to contradict their allegations but that do not meet Plaintiffs' definition (at R&Os to Request Nos. 1-2, 4-37) of "Party and Non-Party Discovery." And the Bank understands that Plaintiffs are also refusing to produce additional responsive documents on which they *do* intend to rely until *after* the Court-ordered close of fact discovery.

## 2.      Plaintiffs Cannot Dump Nonresponsive Documents On The Bank

As we explained in our March 23, 2023 letter, to which Plaintiffs did not respond before the meet-and-confer call, and as we reiterated on the call, Plaintiffs cannot avoid their discovery obligations and shift the burdens and expense of discovery onto the Bank by dumping approximately 2.5 million pages of documents on the Bank without determining responsiveness.  *See* Mar. 23, 2023 Ltr. 5.  Contrary to Plaintiffs' R&Os and to Plaintiffs' assertions on the call, the Bank is not asking for attorney work-product.   The Bank is asking that Plaintiffs review documents in their possession, custody, and control for responsiveness, and to produce the responsive documents. Identifying responsive documents is not tantamount to the production of attorney work-product; it is part and parcel of the discovery process.  *See* Mar. 23 Ltr. 4 (citing *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2002) ("Not every selection and compilation of third-party documents by counsel transforms that material into attorney work-product."); *id*. at 385-86 (holding the "selection and compilation" protection is a "narrow exception," available, for instance, when "a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be"); *United States v. Nachamie*, 91 F. Supp. 2d 552, 560 (S.D.N.Y. 2000); *In re Grand Jury Subpoenas (Paul Weiss)*, 959 F.2d 1158, 1166-67 (2d Cir. 1992)).  That such a review may require the time and effort of Plaintiffs, their counsel, or their contractors, as Plaintiffs asserted on the call, does not render the Bank's request for only responsive documents unreasonable.

Contrary to Plaintiffs' assertion that their data dump is tantamount to records inspection, Plaintiffs are plainly *not* agreeing to allow the Bank to review and inspect Plaintiffs' files.  Plaintiffs are instead agreeing to produce documents, and they are identifying the documents to produce, and so they must refine those documents for responsiveness.  *See Novak v. Yale Univ.*, No. 3:14-cv-153, 2015 WL 7313855, at *3 (D. Conn. Nov. 20, 2015) (sanctioning plaintiff for responding to discovery order with "'document dump,' which largely left defendant with a mass of unmanageable and unusable documents").

The Bank understands that Plaintiffs are not willing to engage in any further discussion, and are refusing to review the documents in their possession for responsiveness based on their erroneous work-product objection.

WHITE & CASE

Sean P. Carter & J. Scott Tarbutton
April 5, 2023

### 3.      Plaintiffs' Additional Objections Are Without Merit

On the call, Plaintiffs raised only two other objections, both of which are addressed in the Bank's March 23 letter, and neither of which has merit.

First, Plaintiffs repeated their baseless argument that the Bank has served improper contention requests.  As we explained on the call and in the Bank's March 23 letter, the Bank's document requests are not "contention interrogatories," as Plaintiffs have incorrectly asserted (at R&Os Nos. 6-36).  *See* Mar. 23, 2023 Ltr. 7-8.  Plaintiffs have provided no authority to support their assertion that "contention" requests are prohibited under Rule 34, instead relying on *Clean Earth*, which is inapposite because it concerned *interrogatories*, not document requests.  *See id*. (citing 245 F.R.D. at 140); Pls.R&Os to Request Nos. 6-36.  Nor have Plaintiffs responded to the Bank's letter, which cites authorities confirming that (1) under Local Civil Rule 33.3, parties *should* seek information via document requests before serving contention interrogatories, and (2) Plaintiffs can be compelled to respond to "contention requests" for documents.  Mar. 23, 2023 Ltr. 7-8 (citing *Clean Earth*, 245 F.R.D. at 140 (explaining that, before serving interrogatories, parties should first seek information by "request[s] for production"); Local Civ. R. 33.3; Fed. R. Civ. P. 34; Local Civ. R. 34; *Huseby, LLC v. Bailey*, No. 20-cv-167, 2021 WL 723319, at *2-5 (D. Conn. Feb. 24, 2021) (compelling plaintiffs to respond to "'contention requests' tied to particular paragraphs or allegations in [plaintiff's] amended complaint")).

Second, Plaintiffs objected on the call to the Bank's Request No. 4, seeking Plaintiffs' communications "concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint."  Plaintiffs argued, without any basis, that this Request seeks documents that are not relevant, and mistakenly suggested it would require Plaintiffs to produce communications with parties and non-parties that do not concern the Bank.  Plaintiffs are incorrect on both accounts, as Request No. 4 is expressly limited to communications *"concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint*."  By the terms of the Request, any such communications concern the Bank, are relevant, and must be produced.  Plaintiffs repeated their assertion that they cannot be expected to review all their communications to determine whether they are responsive to the Bank's Request.  But that type of review is commonplace in discovery practice, likely involves a straightforward search of primarily (if not exclusively) electronic records, and is precisely what Plaintiffs have demanded of the Bank and what the Bank has dutifully undertaken.

At the end of the March 29 discussion on the Bank's Requests, the Bank asked if Plaintiffs had any other issues to discuss, and Plaintiffs stated that they did not.  The Bank therefore understands that Plaintiffs have no further responses to the issues raised in the Bank's March 23 letter, to which Plaintiffs have not responded outside the March 29 call.

\*          \*          \*

In sum, based on Plaintiffs' statements on the call, and their R&Os, the Bank understands that Plaintiffs are:

5

**WHITE & CASE**

Sean P. Carter & J. Scott Tarbutton
April 5, 2023

1) Refusing to produce responsive documents produced to Plaintiffs under the FBI Protective Order, or even inform the Bank whether any such responsive documents exist, so that the Parties could take any necessary steps to have them produced;

2) Refusing to produce all responsive documents in Plaintiffs' possession that "[p]laintiffs in the MDL previously produced to defendants in the MDL," despite Plaintiffs' previous agreement to do so;

3) Refusing to produce responsive documents in Plaintiffs' possession that Plaintiffs have selectively *not* produced to other defendants in this MDL;

4) Refusing to produce responsive deposition transcripts as well as any responsive documents concerning witness testimony that are not within Plaintiffs' definition (at Pls. R&O to Request No. 5) of "Party and Non-Party Discovery";

5) Refusing to review for responsiveness documents in Plaintiffs' possession, and instead producing millions of pages of documents regardless of responsiveness to the Bank's Requests;

6) Refusing to produce before the close of discovery any documents on which Plaintiffs intend to rely, but which do not meet Plaintiffs' definition (at Pls. R&Os to Request Nos. 1-2, 4-37) of "Party and Non-Party Discovery"; and,

7) Refusing to produce *any* documents in Plaintiffs' possession, custody, or control that tend to contradict Plaintiffs' allegations and that do not meet Plaintiffs' definition of "Party and Non-Party Discovery."

The Bank therefore understands that the Parties are at an impasse on these issues.

Please confirm no later than April 7 when Plaintiffs will begin making their productions of "discovery documents produced by defendants in the MDL," "documents [p]laintiffs in the MDL previously produced to defendants in the MDL," and "expert reports as to defendants Muslim World League, International Islamic Relief Organization, and World Assembly of Muslim Youth," and when Plaintiffs will provide the Bank "with contact information for the court reporter that handled the depositions of those experts."

Sincerely yours,

**Matthew S. Leddicotte**
Counsel

**T** +1 202 637 6246
**E** mleddicotte@whitecase.com

6

WHITE & CASE

Sean P. Carter & J. Scott Tarbutton
April 5, 2023

cc:   William N. Clark, Jr.
      Abby J. Sher
      Coleen D. Williams
      Robert Sheps
      James L. Bernard
      Patrick N. Petrocelli
      Christopher R. LoPalo