# Exhibit 4

**WHITE & CASE**

March 23, 2023

VIA EMAIL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

whitecase.com

Sean P. Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103

*In re Terrorist Attacks on September 11, 2001*, **Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.)**

Dear Sean:

We write to respond to Plaintiffs' March 6 Responses and Objections to Al Rajhi Bank's First Set of Requests for Production, and to ask that Plaintiffs provide their availability to meet and confer on both (1) Plaintiffs' objections and the documents that Plaintiffs have objected to producing, and (2) the documents that Plaintiffs have agreed to produce.

**1.      Al Rajhi Bank Is Entitled To Jurisdictional Discovery**

Contrary to Plaintiffs' General Objection No. 1, Al Rajhi Bank is entitled to make document requests during jurisdictional discovery.  Jurisdictional discovery is not "a one-way street."  *See Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-cv-2144, 2020 WL 3206555, at *2 (D. Del. June 15, 2020) (granting defendant's request for jurisdictional discovery); *see also ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) ("*parties* have a 'qualified right to jurisdictional discovery'" (emphasis added)).  Indeed, where "evidence may exist to refute [p]laintiff's jurisdictional allegations," "it is appropriate to permit [d]efendant the opportunity to discover and present such evidence."  *Young v. Bridgestone Ams. Tire Operations, LLC*, No. 19-cv-00099, 2021 WL 50478, at *2 (D. Utah Jan. 6, 2021).

Neither the Second Circuit's Summary Order nor the Magistrate Judge's Opinion & Order limits jurisdictional discovery to requests made by Plaintiffs.  The Second Circuit ordered jurisdictional discovery to determine: "(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda."  *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66, 69 (2d Cir. 2019) ("Summary Order") (quoting *Terrorist Attacks VII*, 714 F.3d 659, 678 (2d Cir. 2013)).  If Plaintiffs have documents relevant to those issues, then the Bank is entitled to them.  Moreover, Magistrate Judge Netburn expressly directed that the "*parties* proceed to jurisdictional discovery."  Op. & Order 2, 10 & 11 (Mar. 26, 2021), ECF No. 6681 (emphasis added).  None of the Court's subsequent discovery orders has precluded jurisdictional discovery requests by Al Rajhi Bank.  *See* ECF Nos. 7749, 8070, 8605, 8812.

Sean Carter
March 23, 2023

**WHITE & CASE**

Nor has Al Rajhi Bank "waived any right" (*see* Pls. Gen. Obj. No. 1) to discovery. Fact discovery closes May 18, 2023. The Bank served its First Set of Requests for Production well within the schedule agreed by the parties. The Bank is well within its rights to request that Plaintiffs produce documents. *See ACLU of Fla.*, 859 F.3d at 1341 ("[A] district court abuses its discretion if it completely denies a party jurisdictional discovery . . . unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery.").

Finally, Plaintiffs are incorrect in asserting (at Pls. Gen. Obj. No. 1) that the Bank has "never mentioned any desire or intention to pursue discovery from Plaintiffs during the many meet and confer sessions and related letter exchanges between Plaintiffs and ARB." In fact, since November 2021, the Bank has repeatedly made known to Plaintiffs that the Bank intends to request the documents that Plaintiffs may rely on in attempting to meet their burden of establishing personal jurisdiction over the Bank. *See* Defs.' Jan. 19, 2023 Ltr. 6; Defs.' Jan. 27, 2023 Ltr. 3; Erb Ltr. 4-5 (Mar. 2, 2023), ECF No. 8897.

## 2.    Plaintiffs' Boilerplate Objections Are Without Merit

In Plaintiffs' Responses and Objections to Request Nos. 1-2 and 4-37, Plaintiffs repeat nearly verbatim the same boilerplate objections, none of which has merit.

### a.    Plaintiffs' "Scope, Relevancy and Undue Burden" Objections Are Unsupported

Plaintiffs' boilerplate objections that each of these Requests is "overly broad, unduly burdensome, not proportional to the needs of the case, and irrelevant" are not only incorrect, but lack the specificity required under the Federal Rules. *See* Fed. R. Civ. P. 26(b)(2)(B) (requiring responding party to "state with specificity the grounds for objecting to the request, including the reasons"); *see also Melendez v. Greiner*, No. 01-cv-7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.").

Without any specificity, Plaintiffs make the rote objection that each of these Requests is "beyond the scope of the Second Circuit's Summary Order, as it seeks evidence that is irrelevant to the jurisdictional inquiry authorized by the Second Circuit and the District Court," and because each "would also require Plaintiffs to search for and produce documents with no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint." *See* Pls. Objs. to Request Nos. 1-2, 4-37. In fact, each of the Bank's Requests is tailored to obtain information in Plaintiffs' possession, custody, or control that relates to Plaintiffs' specific allegations or that Plaintiffs intend to use to attempt to establish personal jurisdiction over the Bank. If Plaintiffs maintain that any Requests seek documents concerning allegations have "no connection to the jurisdictional inquiry ordered by the Second Circuit or to the jurisdictional allegations in the First Amended Complaint," Plaintiffs should identify such Requests and clarify which specific allegations Plaintiffs consider irrelevant to jurisdiction. Pls. Objs. to Request Nos. 6-37.

Sean Carter
March 23, 2023

WHITE & CASE

Plaintiffs' objection that collecting and producing documents responsive to each Request would be "unduly burdensome" and "not proportional to the needs of the case" fares no better.  To begin, Plaintiffs do not meet their burden, as the party resisting discovery, of showing the burden of production.  *See* Order 13-14 (Aug. 29, 2018), ECF No. 4130 (holding "general and conclusory objections" as to burden "are insufficient" (citation omitted)).

Plaintiffs contend that they possess "millions of pages of records," that "the vast majority of those records were not produced in a readily searchable format and are in foreign languages," and "[a]s such, responding to [each] Request would require Plaintiffs to conduct a document by document hand review."  *See* Pls. Objs. to Request Nos. 1-2, 4-37.  This objection ignores that Plaintiffs have demanded an even more burdensome search, collection, review, and production by the Bank, which has collected, reviewed, and produced tens of thousands of pages of documents, all decades-old and many in hard-copy form.

Moreover, Plaintiffs have demonstrated that they have little trouble identifying relevant documents from their database when they wish to use those documents affirmatively.  *See, e.g.*, Pls. Second Mot. to Compel Exhs. 5, 6-10, 18-19.  To avoid yet another sandbag by Plaintiffs, the Bank's Request seeks access *now* to *all* responsive documents, rather than receive only documents cherry-picked by Plaintiffs and attached to a future court filing.

Further, Plaintiffs repeatedly object that the "majority" of the documents in Plaintiffs' possession "*were* not produced a readily searchable format and are in foreign languages" (Pls. Objs. to Request Nos. 1-2, 4-37), but that assertion does not establish that Plaintiffs would *now* have an undue burden in searching and reviewing such documents.  It beggars belief that in more than a decade of discovery in the MDL, Plaintiffs would not have rendered documents searchable or obtained translations that are searchable, in order for Plaintiffs to review documents in their possession, custody, and control for responsiveness.  Indeed, Plaintiffs have attached certified translations of documents obtained from other defendant and non-parties to their motion papers.  *See, e.g.*, Pls. Second Mot. to Compel Exhs. 3, 6, 8, 10, 22.  And Plaintiffs have repeatedly cited the need to translate documents produced by the Bank as grounds for requesting extensions to the discovery schedule.  *See* Pls. Ltr. 1-2 (Dec. 19, 2022), ECF No. 8806 (requesting schedule extension because "[t]ranslation of ARB's production is proving more time consuming than anticipated"); *id*. at 1 n.1 (stating that "original schedule was structured" to include "time afforded to Plaintiffs to translate and analyze the documents").

Plaintiffs' objection that each of these Requests "seeks to require Plaintiffs to search for and produce ARB's own documents and documents in ARB's possession" is clearly wrong.  This boilerplate objection ignores that the Bank's Instructions make clear that its Requests "call for the production of all responsive Documents in [Plaintiffs'] possession, custody, or control," and "do not call for [Plaintiffs] to produce Documents produced to [Plaintiffs] by Al Rajhi Bank."  Instrs. 13-14.

Sean Carter
March 23, 2023

**WHITE & CASE**

> **b.**   **"Public Information and Work Product and Expert Immunities" Do Not Apply To The Bank's Requests**

Contrary to Plaintiffs' repeated objection, none of the Bank's Requests calls for Plaintiffs to "obtain and produce" publicly available information, or "conduct a literature or library search." Rather, the Bank's Requests explicitly call for documents in Plaintiffs' possession, custody, or control.  *See* Instrs. 13.

Plaintiffs' blanket, unsupported contention that "[r]esearching, searching for, collecting, and organizing documents reflects the core work product of Plaintiffs," and thus protects the underlying documents from production, likewise fails.  The work-product protection does not exempt Plaintiffs from producing responsive non-party documents in their possession, custody, or control, merely because they were collected or organized by counsel.  *See, e.g.*, *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2002) ("Not every selection and compilation of third-party documents by counsel transforms that material into attorney work product."); *see also United States v. Nachamie*, 91 F. Supp. 2d 552, 560 (S.D.N.Y. 2000) (explaining that, in response to a subpoena, "[w]hile the Government may have collected some of the responsive documents in its own investigation, it cannot and does not claim any work product privilege in these documents").  Indeed, the Second Circuit has made clear that the "selection and compilation" protection is a "narrow exception," available, for instance, when "a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be."  *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d at 386.  Plaintiffs' "speculative" concern cannot meet their "burden of objective proof" of establishing that counsel's thought processes "will be exposed through disclosure of the compiled documents."  *See id.*  The large volume of the documents at issue (*see, e.g.*, Pls. Objs. to Request Nos. 1-2, 4-37 ("Plaintiffs in the MDL have received millions of pages of records from parties and non-parties.")), further weighs against any finding that the non-party documents in Plaintiffs' possession are protected by the narrow selection-and-compilation exception.  *See id.* ("where document compilation is voluminous, risk of disclosing attorney strategy is minimized" (citing *In re Grand Jury Subpoenas (Paul Weiss)*, 959 F.2d 1158, 1167 (2d Cir. 1992))).

If Plaintiffs intend to withhold documents that Plaintiffs contend are protected, Plaintiffs must identify and describe any such documents in a privilege log so that the Bank may assess Plaintiffs' claims.  Fed. R. Civ. P. 26(b)(5)(A).

Plaintiffs must clarify their response, to each of these Requests, that "[t]o the extent that Plaintiffs intend to rely upon documents that are immune from discovery in support of jurisdiction, Plaintiffs will supplement this response at the conclusion of fact discovery, as part of their expert disclosure or in the context of motion practice."  This boilerplate objection is not made with sufficient specificity for the Bank to evaluate it.

### 3.     Plaintiffs Must Produce *All* Documents Responsive To The Bank's Requests

**Request Nos. 1-2, 4-37: Plaintiffs' May Not Unilaterally Limit Production To "Party and Non-Party Discovery"**

For each of Request Nos. 1-2, 4-37, Plaintiffs impermissibly attempt to limit the scope of their production to categories of information that Plaintiffs define as "Party and Non-Party Discovery." Plaintiffs offer no compelling basis to limit their productions to these categories.

Plaintiffs' responses exclude from production certain responsive documents that are in Plaintiffs' possession, custody, or control. For example, Plaintiffs only agree to "documents that Plaintiffs in the MDL produced to defendants in the MDL," but that excludes responsive documents that Plaintiffs have selectively *not* produced to defendants in the MDL. Likewise, Plaintiffs agree to produce documents produced "by non-parties in response to subpoenas issued in the MDL," but this would exclude documents Plaintiffs obtained from non-parties via FOIA request, informal request, or any other means.

Also improper is Plaintiffs' response to each Request that they "will produce any documents they intend to rely upon in support of jurisdiction in connection with their expert disclosures or prior to briefing any renewed motion to dismiss, subject to a schedule agreed to by the parties or directed by the Court." Critically, this response excludes responsive documents in Plaintiffs' possession, custody, or control that may tend to contradict Plaintiffs' allegations. Nor may Plaintiffs unilaterally delay production of responsive documents until *after* the close of fact discovery. If Plaintiffs have responsive documents, they must produce them *before* the close of fact discovery.

Furthermore, Plaintiffs have provided no authority entitling them to produce mass quantities of documents without first searching and refining for relevancy. Plaintiffs cannot shift the burdens of discovery onto the Bank by producing "millions" of pages without regard for relevance. *See Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-cv-1318, 2019 WL 4727537, at *23 (S.D.N.Y. Sep. 26, 2019), *aff'd*, 2020 WL 1479018 (Mar. 26, 2020 S.D.N.Y.) (Daniels, J.) ("It is well-settled that a producing party cannot unilaterally shift the burden and expense of complying with its discovery obligations to its opponent by 'simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought.'" (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2213, at 189-90 (3d ed. 2010))); *see also Novak v. Yale Univ.*, No. 3:14-cv-153, 2015 WL 7313855, at *3 (D. Conn. Nov. 20, 2015) (sanctioning plaintiff for responding to discovery order with "'document dump,' which largely left defendant with a mass of unmanageable and unusable documents"); *Levene v. City of New York*, No. 97-cv-7985, 1999 WL 397482, at *3 (S.D.N.Y. June 15, 1999) (dismissing case pursuant to Rule 37(b) where plaintiff responded to discovery orders by "dump[ing] on defendants over 10,000 pages of documents," most of which were not responsive), *aff'd*, 216 F.3d 1072 (2d Cir. 2000).

Plaintiffs also fail to justify their response to each Request that the Bank must "obtain the approval of the Kingdom of Saudi Arabia and the Defendants' Executive Committee for the contemplated production of defendants' discovery documents." The documents that Plaintiffs have agreed to produce are currently in Plaintiffs' possession, custody, and control, which should render any

further consent from these defendants unnecessary, and in any event, the Bank is a litigant in the MDL and so is covered by the protective order.  *See* Protective Order 11 (ECF No. 1900) (providing that a Receiving Party "may disclose" confidential material produced in discovery to "Counsel for the Parties who are actively engaged in the conduct of the MDL on behalf of the named Parties").  To the extent there are documents responsive to the Bank's Requests that Plaintiffs assert they are prohibited from producing to the Bank because of the FBI Protective Order or other reasons, Plaintiffs must disclose the existence of such documents to the Bank.

**Request No. 1:**

Plaintiffs' response to Request No. 1 excludes categories of responsive information, including documents concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegations in Plaintiffs' Complaint that were received by Plaintiffs or Plaintiffs' attorneys from any party in the MDL or any non-party as a result of any informal request, FOIA request, other public-records request, or any other means.  Documents in Plaintiffs' possession, custody, or control that Plaintiffs have obtained from parties in this MDL and non-parties, and that concern the Bank, the Alleged Potential Donors, or the allegations in Plaintiffs' Complaint, are relevant to Plaintiffs' attempt to establish personal jurisdiction over the Bank.  Plaintiffs must search for and produce any such documents.

**Request No. 2:**

Plaintiffs' response to Request No. 2 excludes documents in their possession, custody, or control but that do not meet Plaintiffs' definition of "Party and Non-Party Discovery."  In particular, Plaintiffs' response excludes from production all responsive documents that have not already been produced in this MDL.  Contrary to Plaintiffs' response, Plaintiffs may not wait until *after* the close of discovery to produce responsive documents.  Documents that Plaintiffs "may use to attempt to establish personal jurisdiction over Al Rajhi Bank" are plainly relevant to the inquiry into whether Plaintiffs can establish personal jurisdiction over Al Rajhi Bank.  Plaintiffs must produce such documents promptly, and before the close of fact discovery.

**Request No. 3:**

Plaintiffs' objection to Request No. 3 ignores that the Bank's Instructions made clear that its Requests "call for the production of all responsive Documents in [Plaintiffs'] possession, custody, or control," and "do not call for [Plaintiffs] to produce Documents produced to [Plaintiffs] by Al Rajhi Bank."  Instrs. 13-14.  This Request seeks documents that are in Plaintiffs' possession, custody, and control and that Plaintiffs contend are responsive to requests served by Plaintiffs on Al Rajhi Bank and granted by the Court.  Such documents plainly exist, because Plaintiffs attached them as Exhibits to their Second Motion to Compel.  *See, e.g.*, Pls. Second Mot. to Compel Exhs. 5, 6-10, 18-19.  Plaintiffs cannot reasonably argue that any such documents are irrelevant or beyond the scope.  To the extent there are responsive documents in *Plaintiffs'* possession, custody, or control, and that are not included in Plaintiffs' definition of "Party and Non-Party Discovery," then Plaintiffs must produce them.

Sean Carter
March 23, 2023

**WHITE & CASE**

**Request No. 4:**

Plaintiffs' response to Request No. 4 excludes from production communications concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Plaintiffs' Complaint that are not included in Plaintiffs' definition of "Party and Non-Party Discovery." By way of example, Plaintiffs' response excludes from production Plaintiffs' responsive communications with MDL parties and non-parties concerning the Bank, including communications with MDL parties and non-parties who ultimately produced documents and those who did not.

Plaintiffs' boilerplate and unsupported assertion that such documents are "irrelevant" is baseless. This Request seeks communications concerning the Bank and Plaintiffs' allegations and so are relevant. For example, this Request expressly seeks communications between Plaintiffs, on the one part, and the FBI, CIA, Department of the Treasury, or JPMorgan Chase Bank, on the other part — all non-parties on whom Plaintiffs have served subpoenas under the authority of the Court in connection with Plaintiffs' action against the Bank. Plaintiffs should produce them promptly.

**Request No. 5:**

Plaintiffs' response to Request No. 5, which seeks documents "concerning any witness testimony or any other action concerning Al Rajhi Bank, the Alleged Potential Donors, or any allegation in Your Complaint," including, but not limited to, deposition transcripts, appears to exclude deposition transcripts as well as any documents concerning witness testimony that are not within Plaintiffs' definition of "Party and Non-Party Discovery." Plaintiffs fail to offer any justification for this exclusion. Plaintiffs should produce all responsive documents.

**Requests Nos. 6-37: The Bank's Allegation-Specific Requests Are Not "Improper Contention Requests"**

Plaintiffs are incorrect in asserting that Request Nos. 6-37 are "contention interrogatories." These Requests are narrowly tailored to seek documents in Plaintiffs' possession, custody, or control that concern specific allegations made by Plaintiffs. If Plaintiffs possess documents supporting these specific allegations, the Bank has a right to see them. *Clean Earth* is readily distinguishable. That case concerned not document requests served under Federal Rule of Civil Procedure 34, as are the Requests at issue here, but interrogatories served under Federal Rule 33, as limited by Local Civil Rule 33.3. *See Clean Earth*, 245 F.R.D. at 140. Indeed, as *Clean Earth* makes clear, Local Civil Rule 33.3(b) expressly contemplates that, during discovery, parties should seek information first by "request[s] for production" (unless contention interrogatories are "a more practical method of obtaining the information sought"). *Id*. (quoting Local Civ. R. 33.3).

Plaintiffs' objection that these Requests are also "contention requests" (in addition, apparently, to being "contention interrogatories") and are thus improper likewise fails. To begin, Plaintiffs cite no authority for this assertion. Indeed, neither the Federal Rules nor the Local Rules prohibit "contention requests." *See* Fed. R. Civ. P. 34; Local Civ. R. 34; *see also Huseby, LLC v. Bailey*, No. 20-cv-167, 2021 WL 723319, at *2-5 (D. Conn. Feb. 24, 2021) (compelling plaintiffs to respond to "'contention requests' tied to particular paragraphs or allegations in [plaintiff's] amended complaint," such as requests for "production of 'any and all documents that evidence,

Sean Carter
March 23, 2023

**WHITE & CASE**

support, corroborate, and/or otherwise pertain or relate to'" specific paragraphs of the complaint). Moreover, contrary to Plaintiffs' assertion that the Requests are "contention requests" because they are not made with "reasonable particularity," the Bank has in fact framed each of its Requests by reference to the specific language of particular allegations and seeks documents concerning that "category" of information. *See* Fed. R. Civ. P. 34(b)(1)(A); *see also, e.g.*, 7 Moore's Federal Practice - Civil § 34.11 ("Requested Materials May Be Identified by Item or Category").

Finally, there is no basis whatsoever to Plaintiffs' objection to responding to each of these Requests "until and unless ARB identifies and produces all documents in its possession, custody, and control that are responsive to" each Request. Plaintiffs offer no support for this objection, nor can they: Plaintiffs' obligation to produce documents responsive to the Bank's Requests obviously cannot be conditional on the Bank's production of documents that Plaintiffs have never even requested. In any event, the Bank substantially completed production of documents responsive to Plaintiffs' First Set of Document Requests on July 22, 2022, approximately eight months ago.

**4.      Coordination On Production Of Documents**

Reserving all rights and preserving all objections to Plaintiffs' responses and objections, the Bank asks that Plaintiffs meet and confer to discuss the documents that Plaintiffs have agreed to produce. To ensure a productive discussion, the Bank proposes that Plaintiffs (or their technical advisors) be prepared to answer questions including:

- How many responsive documents are there?

- How many documents are in English?

- Will Plaintiffs produce translations that they have prepared for documents that are not in English?

- How many of the documents are OCR searchable?

- Will the documents be produced as images or PDFs?

- Will the documents be organized according to family or according to document custodian?

- What metadata will be included with the production?

- How will Plaintiffs ensure that duplicates will not be produced?

- Will all Excel sheets and audio/video files be produced in their native format?

- When will Plaintiffs be able to start and complete the production?

*      *      *

Sean Carter
March 23, 2023

**WHITE & CASE**

By Friday, March 24, please provide your availability to meet and confer on each of the Bank's Requests and Plaintiffs' Responses and Objections.

Sincerely yours,

**Matthew S. Leddicotte**
Counsel

**T** +1 202 637 6246
**E** mleddicotte@whitecase.com