# Exhibit 5

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA EMAIL**

April 7, 2023

Matthew S. Leddicotte, Esq.
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807

RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Matt:

We write in response to your April 5, 2023 letter, emailed to us at 6:17pm that same day, which requested a response from Plaintiffs by April 7, 2023, providing less than 48 hours to respond to your letter, all of which is taking place during the Passover and Easter holidays. We note that the time pressures set forth in your letter have been caused by ARB's failures to promptly serve discovery in this litigation, and serving overly broad and sweeping document requests on February 4, 2023, years after the Court ordered jurisdictional discovery, but only three months before the close of fact discovery on May 18, 2023, a deadline that you insist is immovable.

To the extent your April 5, 2023 letter suggests written communications are a prerequisite to the meet and confer process, that is plainly not correct. The Rules specifically direct parties to confer in person or by telephone, underscoring the preference for that type of communication to protracted exchanges of letters. Your April 5, 2023 letter does not ask for a second meet and confer, does not offer any compromise with respect to the requested discovery, and instead regurgitates your positions set forth in your letter of March 23, 2023, which combined with your posturing during the meet and confer of March 29, 2023, evidences an unwillingness to engage in a fulsome meet and confer process.

With that clarification of our views on the meet and confer process, we turn to several of the specific issues outlined in your April 5, 2023 letter.

### A.   Federal Agency Documents

#### 1. Documents Subject to The FBI Protective Order

As we attempted to explain during the March 29, 2023 meet and confer, Plaintiffs are willing to produce any and all records produced to us from the FBI subject to you securing permission from the Department of Justice ("DOJ"), given that the productions by the FBI are subject to the Protective Order at ECF No. 4255. We have not seen any communications from the DOJ authorizing us to share the documents with you so we are unable to produce them to you as such a production would violate the FBI Protective Order. Have you started the process of securing permission?

Matthew S. Leddicotte, Esq.
April 7, 2023

### 2. Documents Not Subject to The FBI Protective Order

On July 27, 2022, Plaintiffs provided you with two sets of CIA records: (1) documents received in response to Plaintiffs' October 19, 2021 subpoena directed to the CIA (CIA-SUB_0001-33); and (2) eight CIA reports released to the Plaintiffs pursuant to Executive Order 14040. On March 6, 2023 we provided you with a link to the publicly available FBI documents that were declassified pursuant to Executive Order 14040. On March 31, 2023, Plaintiffs produced 121 pages of documents produced by the Treasury Department. In addition, Plaintiffs informed you and the Court in the April 4, 2023 status report that the FBI has not yet finished its review of the documents it intends to produce in response to Plaintiffs' November 5, 2021 subpoena concerning ARB, but the DOJ recently indicated that the response should be forthcoming shortly. We have agreed to promptly produce those records as part of our rolling production subject to any protective order constraints by the DOJ.

### 3. Documents Secured by Way of Plaintiffs' Investigation Processes

Your statement that "Plaintiffs have not responded to the Bank's concern….that Plaintiffs' responses to the Bank's Requests exclude from production responsive documents that Plaintiffs obtained from non-parties via FOIA request, informal request, or any other means" is a self-serving mischaracterization of what was discussed during the meet and confer. Plaintiffs have never represented that we intend to exclude documents obtained via FOIA requests, and are in fact producing thousands of pages of FOIA documents today received from U.S. government agencies during the litigation.

### B.     Documents Produced By Other Defendants In The MDL

Now that you have finally secured consent from the Kingdom of Saudi Arabia, we are providing you today with the documents the Kingdom produced to Plaintiffs during the litigation, less than 48 hours after you informed us that you secured consent. You also indicated by email on April 6, 2023 that the DEC consented to the production of other defendants' discovery responses. We will endeavor to produce those records by April 14, 2023, but note that any perceived delay to produce those documents is the fault of ARB for failing to immediately secure the required authorizations from the Kingdom and the DEC as Plaintiffs requested in our March 6, 2023 Responses and Objections to ARB's First Set of Requests for Production of Documents. Instead, ARB did not seek that consent until after our March 29, 2023 meet and confer, and only obtained those authorizations this week (a month after receiving Plaintiffs' Responses and Objections).

### C.     Documents Produced By Plaintiffs In The MDL

We are also producing today the documents previously produced by Plaintiffs to defendants in the MDL. You are correct that we are not producing the documents produced by the *Ashton* and *Burnett* Plaintiffs, but you are free to contact them to secure their earlier productions.

Matthew S. Leddicotte, Esq.
April 7, 2023

_____

Again your letter mischaracterizes the meet and confer discussions. You never raised the issue set forth on page 2, paragraph 2 during the meet and confer and, as such, it was not addressed during the meet and confer. Frankly, we do not understand your concern and we invite you to participate in a meet and confer to explain the concern so that we can have a meaningful discussion on this issue.

### D.     Expert Reports And Witness Testimony

Now that you have secured the consent of the DEC, we will provide you with Plaintiffs' previously produced expert reports as to defendants Muslim World League ("MWL"), International Islamic Relief Organization ("IRO"), and World Assembly of Muslim Youth ("WAMY"), and will endeavor to produce those reports by April 14, 2023 as part of our rolling production. Again, we note that any perceived delay in the production of these documents is due to ARB's inaction over the past month to secure the required authorizations from the DEC.

Consistent with our agreement, following is the contact information for the court reporters that handled the depositions of Plaintiffs' experts as to the MWL, IIRO, and WAMY.

- Matthew A. Levitt – April 7-8, 2021 Deposition – Court reporter was Jineen Pavesi, Veritext Legal Solutions (Tel: 202-857-3376; 800-734-5292).

- Brian M. Jenkins – April 12, 2021 Deposition – Court reporter was Jineen Pavesi, Veritext Legal Solutions (Tel: 202-857-3376; 800-734-5292).

- Jimmy Gurule – July 7, 2021 Deposition – Court reporter was Jineen Pavesi, Veritext Legal Solutions (Tel: 202-857-3376; 800-734-5292).

- Jonathan M. Winer – July 13-14, 2021 Deposition – Court reporter was Debra A. Dibble, Golkow Litigation Services (Tel: 877-370-DEPS; Fax: 917-591-5672; Email: deps@golkow.com).

- Victor Comras – July 23, 2021 Deposition – Court reporter was Eric J. Finz, Veritext Legal Solutions (Tel: 202-857-3376; 800-734-5292).

- Evan F. Kohlmann – August 5-6, 2021 Deposition – Court reporters were Jineen Pavesi (August 5) and Todd DeSimone (August 6), Veritext Legal Solutions (Tel: 202-857-3376; 800-734-5292).

### E.     Additional Records In Plaintiffs' Possession, Custody And Control

Again, as we tried to explain during the meet and confer, with the exception of work product privilege (documents collected by counsel for Plaintiffs and their investigators/experts) and the documents that Plaintiffs agreed to produce in its responses, Plaintiffs are not in possession, custody or control of any other responsive documents. As we have explained on numerous occasions, to the extent that Plaintiffs or their experts rely on work product investigatory materials,

Matthew S. Leddicotte, Esq.
April 7, 2023

---

we will produce those materials as part of Plaintiffs' expert disclosures or in support of Plaintiffs' opposition to ARB's renewed motion to dismiss for lack of personal jurisdiction.

### F. Plaintiffs Are Not Conducting A Document Dump But Are Producing Documents In Compliance With Rule 34

Contrary to ARB's argument, as explained during the meet and confer, Plaintiffs have agreed to produce the responsive records in the same manner in which they were produced to Plaintiffs as that is what is required by Rule 34. Rule 34(b)(2)(E)(i) requires, absent stipulation or Court Order, that a party produce records "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." The documents Plaintiffs have produced and have agreed to produce will be produced in compliance with Rule 34(b)(2)(E)(i) as we have and will produce the records in the ordinary way they were kept both by the parties that produced them to Plaintiffs and in the method that Plaintiffs have stored the responsive documents. It is worth noting that ARB produced its records in the way ARB kept its records in the usual course of business and did not organize, label, or produce them to correspond to the categories in Plaintiffs' requests.

### G. Plaintiffs' Additional Objections

As previously explained, ARB's requests are improper contention requests. Plaintiffs are under no obligation to provide you with legal authority for that proposition although numerous cases have held as such and we note that the authority you cite is not from the Southern District of New York.

As to Request No. 4, we believe you misunderstand what was discussed. We explained that Request No. 4 would require the production of correspondence between counsel and all other parties and non-parties to the litigation if the correspondence mentions ARB or the Alleged Potential Donors, which given the length and complexity of the MDL constitutes thousands of letters and emails. During the March 29, 2023 meet and confer, we reminded you that your initial obligation is to show the relevancy of the requested information and asked you to articulate how routine correspondence between parties to the MDL is relevant to the jurisdictional inquiry at issue, but you refused to do so. Not only has ARB failed to show relevancy, but the search for and production of documents responsive to this requests is not remotely proportional to the needs of the case and is unduly burdensome. Please advise if you are willing to meet and confer so that you can explain how this request meets your threshold burden of relevancy and to explain how it is proportional to the personal jurisdiction questions currently at issue.

### H. ARB's Summary List

1) You are incorrect. We will produce all documents covered by the FBI Protective Order once you secure permission from the DOJ.

2) You are incorrect. Plaintiffs have agreed to produce documents previously produced to defendants in the MDL litigation and are doing so today.

Matthew S. Leddicotte, Esq.
April 7, 2023

3) We do not understand this item and request a meet and confer so that you can explain what you mean. To the extent you are asking for Plaintiffs' investigative files and materials, you are correct that we will not produce those materials unless we decide to use those materials to establish personal jurisdiction over ARB.

4) You are incorrect. We have agreed to send you the names of the court reporters so that you can order your own copies of the deposition transcripts, which we have done in this letter. Pursuant to Rule 30, a court reporter is entitled to a reasonable fee for copies of transcripts and we are not comfortable sending you free copies.

5) You are incorrect. We are producing the documents in the form produced to Plaintiffs and in the form they are kept by counsel for Plaintiffs.

6) You are correct. Plaintiffs will not produce a very narrow set of records – documents located and compiled by counsel for Plaintiffs or expert consultants as part of their investigation that were not produced to Plaintiffs in the MDL by federal agencies or parties. Plaintiffs will disclose these investigative materials if Plaintiffs or their experts choose to rely on them in establishing personal jurisdiction over ARB.

7) You are correct. Plaintiffs are producing all party and non-party discovery so any documents that "tend to contradict Plaintiffs' allegations" that were produced to Plaintiffs in this MDL will be produced, but Plaintiffs will not produce their investigative files and materials if we do not intend to use them in support of establishing personal jurisdiction over ARB.

Best regards,

COZEN O'CONNOR

By: _/s/ Sean P. Carter_
 Sean P. Carter
 COZEN O'CONNOR
 One Liberty Place
 1650 Market Street, Suite 2800
 Philadelphia, PA 19103
 Tel: (215) 665-2105
 E-mail: scarter1@cozen.com

*On behalf of the Plaintiffs' Exec. Committees*

5

Matthew S. Leddicotte, Esq.
April 7, 2023

cc: Reuben J. Sequeira, Esq.
　　William N. Clark, Jr., Esq.
　　J. Scott Tarbutton, Esq.
　　Robert Sheps, Esq.
　　James L. Bernard, Esq.
　　Patrick N. Petrocelli, Esq.
　　Christopher R. LoPalo, Esq.

LEGAL\62755023\1