**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:                                                          :        MEMORANDUM DECISION
                                                                :                AND ORDER
TERRORIST ATTACKS ON                            :
SEPTEMBER 11, 2001                                 :        03 MDL 1570 (GBD) (SN)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to: *All Actions*

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs, asserting claims against Defendant Kingdom of Saudi Arabia through the

Plaintiffs' Executive Committees' Consolidated Amended Complaint ("CAC," ECF No. 3463)

(hereinafter "CAC Plaintiffs"), filed a motion to revise a March 2018 Order pursuant to Federal

Rule of Civil Procedure 54(b) and this Court's inherent powers.[1]  (CAC Mot. to Revise, ECF No.

7431.)  On February 7, 2023, this Court denied both the motion to revise and a separate motion

from *Ashton* Plaintiffs joining the CAC motion and seeking to compel Saudi Arabia to produce

further documents.  (The "Decision," ECF No. 8862, at 28 (denying *Ashton* Mot. to Compel and

Revise, ECF No. 7481).)

      Before this Court is *Ashton* Plaintiffs' motion to reconsider the rulings that aiding-and-

abetting and conspiracy causes of action under the Anti-Terrorism Act ("ATA"), 18 U.S.C. §

2333(d), are not available as causes of action against foreign sovereign defendants, and the separate

determination that two recent cases from the United States Court of Appeals for the Second Circuit,

*Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842 (2d Cir. 2021), and *Honickman v. BLOM Bank*

*SAL*, 6 F.4th 487 (2d Cir. 2021), are inapposite to Plaintiffs' claims against Saudi Arabia.  (*Ashton*

Mot. for Recons., ECF No. 8870.)  CAC Plaintiffs also moved to amend the Decision to certify

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on September 11, 2001,* No. 03-md-1570.

the same holdings for interlocutory appeal.[2]  (CAC Mot. to Certify, ECF No. 8864.)  Both *Ashton* Plaintiffs' and CAC Plaintiffs' motions are hereby DENIED.

## I.   BACKGROUND[3]

Plaintiffs in this multidistrict litigation seek to hold multiple defendants liable for allegedly financing, sponsoring, conspiring to sponsor, aiding and abetting, or otherwise providing material support to Osama bin Laden and the terrorist organization al Qaeda in the physical destruction, deaths, and injuries stemming from the terrorist attacks on September 11, 2001 (the "9/11 Attacks").  On March 28, 2018, this Court granted Plaintiffs limited jurisdictional discovery against Saudi Arabia on allegations of specific facts relevant to the immunity determination under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq. In re Terrorist Attacks on Sept. 11, 2001*, 298 F. Supp. 3d 631, 640 (S.D.N.Y. 2018).

On December 7, 2021, CAC Plaintiffs filed their motion to revise this Court's March 2018 Order regarding jurisdiction over Saudi Arabia pursuant to Federal Rule of Civil Procedure 54(b) and this Court's inherent powers, citing the Second Circuit's decisions in *Kaplan* and *Honickman*. (CAC Mot. to Revise.)  Relatedly, *Ashton* Plaintiffs filed a motion joining CAC Plaintiffs and seeking to compel Saudi Arabia to produce documents pursuant to the "limited jurisdictional discovery" granted in the March 2018 Order.  (*Ashton* Mot. to Compel and Revise.)  On February 7, 2023, this Court denied both motions, holding that the aiding-and-abetting and conspiracy causes of action under ATA 18 U.S.C. § 2333(d) are unavailable against foreign state defendants, and that *Kaplan* and *Honickman*'s framework for the § 2333(d) analysis was inapplicable against

---

[2] CAC Plaintiffs also moved to stay further proceedings as to Saudi Arabia during the interlocutory appeal process but subsequently withdrew the stay request.  (CAC Reply, ECF No. 8916, at 2 n.1.)

[3] This Court assumes familiarity with the general background of this case and will only restate relevant factual background as necessary to address the pending motions.

foreign sovereign Saudi Arabia. (*See* Decision at 12–21.) The instant motions seek reconsideration or the certification for interlocutory appeal of these holdings.

## II.   LEGAL STANDARDS

### A. Reconsideration

Under Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Narrow grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

### B. Certification for Immediate Appeal

District courts may certify an issue for immediate appeal under 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id.* This provision is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Id.* Use of "this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (cleaned up).

"The party seeking an interlocutory appeal has the burden of showing [these] 'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation.'" *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)). The determination of whether a party has carried this burden is "committed to the discretion of the district court." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

## III.  *ASHTON* PLAINTIFFS' MOTION FOR RECONSIDERATION IS DENIED AS MERITLESS AND IMPROPER

*Ashton* Plaintiffs move for reconsideration on the flawed ground that Magistrate Judge Sarah Netburn's May 2, 2022 proposed Report and Recommendation on the Republic of Sudan's motion to dismiss (the "Sudan Report") "diverge[s]" from this Court's Decision. (*See Ashton* Mot. for Recons. at 2 (citing Sudan Report, ECF No. 7942).) As presented in the Sudan Report, the Magistrate Judge's recommendation on the aiding-and-abetting and conspiracy liability of foreign sovereigns under § 2333(d) has not been adopted by this Court. Moreover, the Magistrate Judge's Sudan Report is neither a "decision" nor a "controlling" one that might justify reconsideration of the district court order. *See* Local R. 6.3 ("controlling decisions" as grounds for reconsideration).

The Sudan Report is also not a "matter" this Court "overlooked." *See id.* This Court had in hand, thoroughly reviewed, and fully considered the Sudan Report's relevant recommendations prior to rendering its Decision on the motions to revise, despite *Ashton* Plaintiffs' meritless suggestion that this Court "may have overlooked" the Sudan Report. (*Ashton* Mot. for Recons. at 1.)

*Ashton* Plaintiffs' remaining "contentions [regarding the statutory interpretations of the ATA, FSIA, and JASTA] are baseless and merely reiterate the same arguments," *see Montanile v. Nat'l Broadcasting Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002), that they joined in their original motion to revise this Court's March 2018 Order. (*Compare* CAC Reply on Mot. to Revise, ECF No. 7740, at 1–7, *with Ashton* Mot. for Recons.) Their repetitive motion to revisit that issue flouts the high standard for such motions and the underlying principles that seek a "conservation of scarce judicial resources," *U.S. Bank Nat'l Ass'n*, 352 F. Supp. 3d at 246 (citation omitted), particularly in light of the volume of activity in this multidistrict litigation. *Ashton* Plaintiffs' current motion constitutes an improper second[4] motion for reconsideration, and it fails to present any argument that might warrant the extraordinary further reconsideration of this Court's Decision on the motions to revise its March 2018 Order.

## IV.   CAC PLAINTIFFS' MOTION TO CERTIFY AN INTERLOCUTORY APPEAL IS DENIED

CAC Plaintiffs fail to establish the exceptional circumstances necessary to certify an interlocutory appeal. Based on the jurisprudence for certification, CAC Plaintiffs do not establish

---

[4] *Ashton* Plaintiffs improperly move to reconsider the same March 2018 Decision that it asked this Court to revise; in effect, *Ashton* Plaintiffs filed an impermissible second motion to reconsider the jurisdictional ruling in that Order. They erroneously assert that "Local Rule 6.3 itself" does not "set a number limit on motions for reconsideration." (*Ashton* Reply, ECF No. 8892, at 2.) "As Courts in this District have consistently recognized, '[a] litigant is entitled to a single motion for reconsideration.'" *Frederick v. Cap. One Bank (USA), N.A.*, No. 14-CV-5460 (AJN), 2017 WL 2666113, at *1 (S.D.N.Y. June 19, 2017) (citation omitted). *Ashton* Plaintiffs point to no extraordinary circumstances or new *controlling* authority that might justify deviation from the rule that a party is entitled to only a single, timely motion for reconsideration, absent an intervening change of law or new evidence.

5

that (1) the Decision involves a "controlling question of law," (2) a "substantial ground for difference of opinion" exists, or (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## A. The Decision Does Not Rest on a Controlling Question of Law

CAC Plaintiffs argue that this Court's ruling that the ATA's aiding-and-abetting and conspiracy causes of action are unavailable in cases against foreign states constitute "controlling questions of law" satisfying § 1292(b)'s first element. (CAC Mem. of Law on Mot. to Certify, ECF No. 8865, at 4.) A "'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (citation omitted). CAC Plaintiffs assert that the Decision turns on "threshold questions of statutory interpretation" regarding the ATA and FSIA, both amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (2016). (*See* CAC Mem. of Law on Mot. to Certify at 4.)

While the Decision concerned a statutory "question of law," this question is not a "controlling" one. A question of law is not "controlling" within the meaning of § 1292(b) where there is "at least one alternative basis" for the order that decides that question. *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95–96 (2d Cir. 2004); *see also Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 395–96 (S.D.N.Y. 2014) (holding that a finding was not controlling because it was "an *alternative* basis" for the court's ruling). The question presented to this Court in the Rule 54(b) motions was whether *Kaplan* and *Honickman* made "an intervening change of controlling law" that necessitated revision of this Court's March 2018 Order. (*See* Decision at 21 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)).) This Court held that *Kaplan* and *Honickman* did not change the law for Plaintiffs' claims against Saudi Arabia because neither case concerned a foreign sovereign

6

defendant nor applied JASTA for such a claim.  (*Id.* at 19–20.)  This "alternative basis" for not revising the March 2018 Order exists in the Decision apart from the JASTA statutory interpretation questions, making the statutory questions not "controlling" within the meaning of § 1292(b).

Moreover, contrary to the CAC Plaintiffs' arguments, an appellate ruling would not "effectively resolve the jurisdictional inquiry" so as to substantiate the "controlling" nature of the statutory questions.  (*Contra* CAC Mem. of Law on Mot. to Certify at 4–5.)  An appellate ruling on the statutory questions would merely frame the ATA standard and consequential application of *Kaplan* and *Honickman*, not apply that standard to the issue of jurisdiction over Saudi Arabia.  The ultimate jurisdictional inquiry is not yet before this Court and will turn on Plaintiffs' allegations of specific facts relevant to the FSIA immunity determination.  *See In re Terrorist Attacks*, 298 F. Supp. 3d at 640.  The lack of resolution from a hypothetical appellate ruling illustrates that what CAC Plaintiffs in fact seek is the certification of a discretionary ruling that relies in part on a question of law, but also rests on alternative legal reasoning amid underdeveloped factual assertions.  Such a request for certification, prior to the assessment of specific facts in the forthcoming briefing on the availability of this Court's jurisdiction over Saudi Arabia, (*see* March 2, 2023 Order on Br. Schedule, ECF No. 8896), is inappropriate.  CAC Plaintiffs thus fail to meet the standard for a "controlling question of law" ripe for appellate review.

### B.  CAC Plaintiffs Fail to Show Substantial Ground for Difference of Opinion

The second factor for certification is "substantial ground for difference of opinion" on the question of law.  28 U.S.C. § 1292(b).  Substantial ground for differences of opinion may exist where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (S.D.N.Y. 2013) (citation omitted).

7

No "conflicting authority" on the issue presented exists. Similar to *Ashton* Plaintiffs, CAC Plaintiffs cite Magistrate Judge Netburn's Sudan Report as "[i]n conflict with this Court's [Decision]." (CAC Mem. of Law on Mot. to Certify at 7 (citing Sudan Report).)  An unadopted recommendation set forth in a magistrate judge's report is just that—a recommendation—to which a district judge may reject "in whole or in part." 28 U.S.C. § 636(b)(1)(C); *see also* discussion *supra* Part III (magistrate judge's unadopted recommendation is not a "controlling decision").  A proposed recommendation from a magistrate judge to the district court is not evidence of an "intra-district split," and CAC Plaintiffs fail to cite any "decisions from other circuits" indicating that "a substantial basis . . . for difference of opinion [exists]." (*See* CAC Mem. of Law on Mot. to Certify at 7 (quoting *Glatt v. Fox Searchlight Pictures Inc.*, No. 11-CV-6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013)).)

In fact, Plaintiffs note the opposite conclusion by asserting that this Court's Decision "addressed a matter of first impression concerning JASTA's construction." (CAC Reply, ECF No. 8916, at 4.)  In some circumstances, novel legal questions can substantiate a finding of substantial ground for difference of opinion, *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990), but "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient," *In re Flor*, 79 F.3d at 284.  This District has also disfavored treating certification as "a 'vehicle to provide early review of difficult rulings in hard cases.'" *SEC v. Credit Bancorp., Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) (citation omitted).  Even construed as a "difficult ruling" in this complex multidistrict litigation, CAC Plaintiffs do not demonstrate the substantial ground for difference of opinion that might warrant early review by simply pointing to a pending unadopted Report and Recommendation from the Magistrate Judge.

### C. CAC Plaintiffs Fail to Demonstrate That Interlocutory Appeal Would Materially Advance the Ultimate Termination of the Litigation

Most importantly, certification would stymie rather than "materially advance the ultimate termination of th[is] litigation." *See* 28 U.S.C. § 1292(b). Material advancement occurs when an appeal "promises to advance the time for trial or shorten the time required therefor." *Youngers*, 228 F. Supp. 3d at 302 (citation omitted). This factor focuses on the "institutional efficiency of both the district court and the appellate court," *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 392 (S.D.N.Y. 2020) (citation omitted), because "efficiency of the federal court system is among the chief concerns underlying Section 1292(b)," *Credit Bancorp.*, 103 F. Supp. 2d at 226. As noted above, a ruling from the Second Circuit here may not turn on the statutory question and, even if it did, that ruling would not "effectively resolve the jurisdictional dispute [so as to] avoid protracted and piecemeal litigation." (*Contra* CAC Mem. of Law on Mot. to Certify at 8); *see also* discussion *supra* Section IV.A (lack of resolution from hypothetical appellate ruling). Certification would instead have the effect of delaying the disposition of the jurisdictional inquiry to await "piecemeal" appellate review that may not alter the legal standard under JASTA.

Nor would certification help bring this multidistrict litigation to its "ultimate termination." 28 U.S.C. § 1292(b). Certification is inappropriate where "the actual result would be to further prolong what has already been a protracted litigation." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 573 (S.D.N.Y. 2001). Here, CAC Plaintiffs allege that without certification, the "primary liability" standards for claims against Saudi Arabia under the ATA would "not include consideration of Plaintiffs' additional theories of jurisdiction based on the full range of [Saudi Arabia]'s aiding and abetting of al Qaeda, such as its aiding and abetting of al Qaeda through 'charity' intermediaries." (CAC Mem. of Law on Mot. to Certify at 9–10.) Such conclusory allegations fail to articulate what facts might be sufficient under a secondary liability standard, as

opposed to a primary liability standard, requiring this Court to guess how a theoretical appellate ruling might apply to vague, undefined factual allegations.[5]   Rather than materially advance this multidistrict litigation, certification would delay the assessment of facts and jurisdictional findings as to Saudi Arabia's alleged waiver of foreign sovereign immunity and its ultimate liability in the 9/11 Attacks.   This result, as presented by CAC Plaintiffs' motion, does not establish the exceptional circumstances necessary to certify an interlocutory appeal.

## V.   CONCLUSION

Because *Ashton* Plaintiffs' motion for reconsideration of this Court's Decision is both meritless and procedurally improper, *Ashton* Plaintiffs' motion for reconsideration (ECF No. 8870) is DENIED.   Because CAC Plaintiffs fail to establish the exceptional circumstances necessary to certify an interlocutory appeal, CAC Plaintiffs' motion to certify (ECF No. 8864) is DENIED.

The Clerk of Court is directed to close the open motions at ECF Nos. 8864 and 8870.

Dated: April 17, 2023
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[5] CAC Plaintiffs also do not explain how the analysis of factual allegations against Saudi Arabia for "aiding and abetting" al Qaeda in the 9/11 Attacks might differ from the analysis of Plaintiffs' overlapping claims that Saudi Arabia "provid[ed] funding and other forms of material support" to al Qaeda. (*See, e.g.*, CAC ¶¶ 337–46 (citing 18 U.S.C. §§ 2339A, 2339B, and 2339C).)