UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Grazioso, et al. v. The Taliban, et al., No. 22-cv-01188

    Plaintiffs in Grazioso, et al. v. The Taliban, et al., No. 22-cv-01188 ("Grazioso"), move the Court to authorize alternative service on the Taliban. ECF No. 8749.[1] They propose serving the Taliban by publication in *Al-Quds Al-Arabi* and *The New York Times*, via Twitter, and by delivery to an address in Qatar. The Court grants this motion and orders service to be carried out in accordance with this opinion.

## BACKGROUND

    The Court assumes familiarity with this multidistrict litigation and summarizes only the relevant procedural and factual background.

    In 2021, the United States ended its decades-long presence in Afghanistan and the Taliban seized power. See ECF Nos. 8463 at 3–4, 8866 at 4–5 (citing Clayton Thomas, Cong. Rsch. Serv., Taliban Government in Afghanistan: Background and Issues for Congress (2021)). The Taliban maintains *de facto* control of the country, but the United States has declined to

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

recognize it as the *de jure* government. See ECF No. 7661 at 34. The State Department has issued a "Level 4: Do Not Travel" advisory for Afghanistan—the severest in its arsenal. ECF No. 8750-5 (travel advisory as of October 5, 2022); see *Afghanistan Travel Advisory*, U.S. Dep't of State https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/afghanistan-advisory.html (last visited Apr. 5, 2023). Certified mail service from the United States to Afghanistan has been suspended. See ECF No. 8750 at ¶¶ 6–9 (relating status of mail service for Federal Express, DHL, the United Parcel Service, and the United States Postal Service).

In light of this instability, the Grazioso Plaintiffs, who assert claims against the Taliban in their Second Amended Complaint, ECF No. 8428, seek leave to serve the Taliban by alternative means. See ECF No. 8752. They propose serving the Taliban by publishing notices consistent with New York's CPLR § 316 procedures in *Al-Quds Al-Arabi* and *The New York Times*; sending social media messages to Twitter accounts purportedly controlled by senior Taliban officials; and sending certified mail to an address in Qatar associated with the Embassy of Afghanistan. See id.

## DISCUSSION

**I.    Plaintiffs May Serve the Taliban by Publication and via Social Media**

The Taliban is a foreign "association" that cannot be served in a judicial district of the United States. Fed. R. Civ. P. 4(h)(2); see ECF No. 8428 at 20 (describing the Taliban as an "unincorporated association"). The Federal Rules of Civil Procedure[2] set out three methods by which plaintiffs can serve such entities:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

---

[2] Subsequent references to "Rules" are to the Federal Rules of Civil Procedure.

> Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > . . .
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).[3]

The first two avenues are unavailable. No international convention governs service of documents in this situation, so Rule 4(f)(1) is out. There is no recognized government of Afghanistan that can inform the proper means of service under Rule 4(f)(2), so that is out, too. See ECF No. 7661 at 34. And even if a government could authorize service by mail, commercial mail services from the United States to Afghanistan are suspended. See ECF No. 8750 at ¶¶ 6–9.

The only remaining option is Rule 4(f)(3). Under that Rule, the Court can order service by any means that "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Group One Ltd. v. GTE GmbH, 523 F. Supp. 3d 323, 342 (S.D.N.Y. 2021) (cleaned up). Service satisfies the Due Process Clause if it is "'reasonably

---

[3] Rule 4(h)(2) prohibits serving foreign corporations by personal service as described in Rule 4(f)(2)(C)(i).

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 344 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

Courts have "wide discretion" to fashion mechanisms for alternative service that meet these requirements. Stream SICAV v. Wang, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (cleaned up). Various courts have authorized service by email, social media, or publication in print or online. See, e.g., Doe v. Hyassat, 342 F.R.D. 53, 59–60 (S.D.N.Y. 2022) (approving service by email); CKR L. LLP v. Anderson Invs. Int'l, LLC, 525 F. Supp. 3d 518, 527 (S.D.N.Y. 2021) (approving service by email and WhatsApp message); Gurung v. Malhotra, 279 F.R.D. 215, 220–21 (S.D.N.Y. 2011) (approving service by email and publication in Indian newspapers); Birmingham v. Doe, 593 F. Supp. 3d 1151, 1160 (S.D. Fl. 2022) (approving service by email, Facebook, Instagram, and publication on the plaintiffs' website). Courts often use service by social media, specifically, "as a 'backstop' for service by other means." Doe v. Hyassat, 337 F.R.D. 12, 15 (S.D.N.Y. 2020) (collecting cases).

Service by such methods is particularly appropriate where plaintiffs show that the defendants have actual knowledge of the suit or are likely to receive the communication. See, e.g., Sec. & Exch. Comm'n v. Anticevic, No. 05-cv-06991 (KMW), 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (approving service by publication in part because the defendant's "actual knowledge" of the case "may increase the likelihood that published service will ultimately come to his attention"); Sec. & Exch. Comm'n v. China Northeast Petroleum Holdings Ltd., 27 F. Supp. 3d 379, 399 (S.D.N.Y. 2014) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." (cleaned up)). For example, the Court of Appeals has endorsed service by publication in the

*International Herald Tribune* where international investors like the defendants were "likely to . . . read" the publication and could "be expected to be aware" of such a "high[-]visibility" case. Sec. & Exch. Comm'n v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987).

Indeed, the Court has previously authorized service by publication in this case. See, e.g., In re Terrorist Attacks on Sept. 11, 2001, 718 F. Supp. 2d 456, 491 (S.D.N.Y. 2010) (finding service by publication was appropriate as to Dubai Islamic Bank). And in April 2022 it authorized service on the Taliban by publication and via Twitter. See ECF No. 7830.

Consistent with these prior decisions, the Court orders service by publication and social media here. The Grazioso Plaintiffs shall serve the Taliban by publishing notice of this action at least once per week for four consecutive weeks in *Al-Quds Al-Arabi* and the United States and international editions of *The New York Times*. The content and timing of these notices must follow the requirements of CPLR § 316 and include "a brief statement of the nature of the action and the relief sought." They must also include either all the materials required to be served or a link to publicly accessible online versions of those materials. The Grazioso Plaintiffs shall additionally serve the Taliban via messages to the Twitter accounts @Abdullah_azzam7, @IeaOffice, @QaharBalkhi, @Zabehulah_M33, @QyAhmadi21, and @suhailshaheen1, or any other Twitter accounts reported to belong to Taliban spokespersons. The Twitter messages should be sent in English, with translations into Arabic and Pashto, and contain the same information as the notices published in *Al-Quds Al-Arabi* and *The New York Times*.[4]

---

[4] The Grazioso Plaintiffs may additionally attempt to serve the Taliban via certified mail to the Embassy of Afghanistan, West Bay, Isteolal Street, P.O. Box: 22104, Doha, Qatar, but that is not required to effectuate service under this Order.

These means of service are appropriate for several reasons. First, the Court is aware of no international agreement that prohibits them. Second, publication in these newspapers and via these Twitter accounts has been used to effectuate service on the Taliban in the past. See ECF No. 7830; Smith v. Islamic Emirate of Afghanistan, No. 01-cv-10132 (HB), 2001 WL 1658211, at *3 (S.D.N.Y. Dec. 26, 2001) (approving service by publication in *Al-Quds Al-Arabi*); Mwani v. bin Laden, 417 F.3d 1, 5 (D.C. Cir. 2005) (same). And third, the "defendant[] demonstrably already ha[s] knowledge of the lawsuit"—as evidenced by senior Taliban officials' public comments about claims against the Taliban in this multidistrict litigation. F.T.C. v. PCCare247 Inc., No. 12-cv-7189 (PAE), 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013); see ECF No. 7830 at 7 (citing newspaper articles). The Court therefore determines that these means of alternative service are "'reasonably calculated, under all the circumstances, to apprise'" the Taliban of this litigation. Group One, 523 F. Supp. 3d 323 at 344 (quoting Mullane, 339 U.S. at 314).

## CONCLUSION

The Court GRANTS the Grazioso Plaintiffs' motion for alternative service and directs them to serve the Taliban by publication and via Twitter as described above. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 8749 and the related motion at ECF No. 32 in No. 22-cv-01188.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 17, 2023
         New York, New York