**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**



-----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:   4/18/2023          │
└─────────────────────────────────┘
```

**03-MD-01570 (GBD)(SN)**

**<u>ORDER</u>**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    <u>Lefft et al. v. Kingdom of Saudi Arabia</u>, No. 18-cv-03353

    The Court recently received a letter from counsel for <u>Ashton, et al. v. al Qaeda Islamic Army, et al.</u>, No. 02-cv-06697 ("<u>Ashton</u>"), regarding a motion for default judgment against the Taliban filed by plaintiffs in <u>Lefft, et al. v. Kingdom of Saudi Arabia</u>, No. 18-cv-03353 ("<u>Lefft</u>"). The letter alleged that, although the <u>Lefft</u> plaintiffs claimed to be associated with <u>Ashton</u> and submitted moving papers almost identical to those submitted by <u>Ashton</u> plaintiffs, the <u>Lefft</u> plaintiffs have "no connection to the <u>Ashton</u> cases." ECF No. 8942 at 1.[1] The <u>Lefft</u> moving papers suggested that, like the <u>Ashton</u> plaintiffs, the <u>Lefft</u> plaintiffs had been killed in the 9/11 Attacks and had wrongful death judgments against Iran—when the <u>Lefft</u> plaintiffs instead "suffered latent injuries" and therefore "would need to assert [materially different allegations] in support of their motion for judgments." <u>Id.</u> at 2. <u>Ashton</u> counsel first learned of these discrepancies when the Court issued its Report and Recommendation on the motion because the

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

Lefft motion was filed only on the individual Lefft docket, not the multidistrict litigation ("MDL") docket. Id. at 1.

The Court ordered Lefft counsel to respond to Ashton counsel's letter by April 10 and appear for a conference on April 11. Counsel failed to promptly review the Court's order and consequently failed to comply. After the Court contacted Lefft counsel by phone, he filed a letter (again, only on the Lefft docket) stating that he "erroneously believed that, because we associated ourselves with the Ashton complaint against the Kingdom of Saudi Arabia that this also gave us leave to seek redress against any other defendants named by Ashton." No. 18-cv-03353 at ECF No. 92. He did not address Ashton counsel's claims that the Lefft case was unrelated to Ashton or that the allegations in the Lefft moving papers are not true for the Lefft plaintiffs. See id. The Court scheduled a conference to discuss those issues. ECF No. 9004.

During the conference, Lefft counsel confirmed that his clients are seeking redress from Saudi Arabia for latent injuries suffered in connection with the 9/11 Attacks via the Consolidated Amended Complaint. He further confirmed that his clients have no claims against the Taliban. He provided no explanation for his erroneous filing of the Lefft default judgment motion.

Counsel's admissions suggest that his conduct may be sanctionable under Rule 11 of the Federal Rules of Civil Procedure. At this time, however, the Court declines to issue an Order to Show Cause under Rule 11(c)(3). It instead admonishes Lefft counsel that this order serves as a final warning and requires him to take certain remedial steps.

By April 25, 2023, Lefft counsel must file a declaration on the main MDL docket confirming that he has reviewed and understands his obligations under Rule 11; the Court's directions for filing on the main MDL docket, see ECF No. 7354 at 4; and the orders regarding compliance safeguards for default judgment motions at ECF Nos. 3433, 3435, 7870, 7963, and

8198. The declaration must also state that he has reviewed the <u>Lefft</u> docket sheet (and the docket sheet of any other MDL member case in which he has entered his appearance as counsel) and list: (i) his clients, (ii) the defendants against which each client asserts claims, (iii) the nature of those claims (i.e. the legal and factual basis for those claims), and (iv) the complaint through which each claim is asserted.

Additionally, <u>Lefft</u> counsel must coordinate with <u>Ashton</u> counsel and, by April 28, 2023, take appropriate steps to correct the Notices of Amendment filed on the <u>Lefft</u> docket that incorrectly invoked the <u>Ashton</u> complaint, <u>see</u> No. 18-cv-03353 at ECF Nos. 39, 45, or file a status letter.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     April 18, 2023
           New York, New York