**WHITE & CASE**

April 19, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Al Rajhi Bank submits this letter-motion seeking a protective order quashing Plaintiffs' notice of deposition of the Bank's Chairman, Abdullah bin Sulaiman al Rajhi. The Parties met and conferred by telephone on April 13, but did not come to a resolution.

On April 4, 2023, Plaintiffs served the Bank with a notice of deposition of the Bank's Chairman to take place on May 17 and 18, 2023 (Exh. 1). The Court has not authorized fact witness depositions in this case, and the Bank's proposal limiting Plaintiffs to a single Rule 30(b)(6) deposition remains pending. *See* Erb Ltr. 2 (Apr. 18, 2023), ECF No. 9027. Notably, Plaintiffs have served the Bank with a Rule 30(b)(6) deposition notice (Exh. 2) that covers no fewer than forty-five topics with eighty-three distinct subparts; that deposition has not taken place yet, but has been noticed for May 11, 2023.

A deposition of the Bank's Chairman is improper under the apex doctrine because: (1) Plaintiffs have not established that he has unique personal knowledge relevant to the "limited" jurisdictional discovery inquiry authorized by the Second Circuit and ordered by the Court (*see* Order 2, 10 (Mar. 26, 2021), ECF No. 6681), (2) any information Plaintiffs seek can be obtained by less intrusive means, and (3) sitting for the deposition would pose an undue hardship on the Chairman and the Bank. *See Myun-Uk Choi v. Tower Rsch. Cap. LLC*, No. 14-cv-9912, 2019 WL 6271324, at *2 (S.D.N.Y. Nov. 25, 2019) (explaining apex doctrine "limits discovery that is unreasonably cumulative or duplicative or is obtainable from a 'more convenient, less burdensome, or less expensive' source" (quoting Fed. R. Civ. P. 26(b)(2))).

**1. Plaintiffs Have Not Established That The Bank's Chairman Has Unique Personal Knowledge Relevant To The Limited Jurisdictional Discovery Inquiry**

Plaintiffs have not established that the Bank's Chairman has unique personal knowledge of disputed issues that are relevant to the limited jurisdictional inquiry. *See, e.g., Burns v. Bank of Am.*, No. 03-cv-1685, 2007 WL 1589437, at *6 (S.D.N.Y. June 4, 2007) (denying motion to compel deposition of executive where plaintiffs failed to show that the proposed deponent possessed "unique, non-duplicative knowledge of relevant facts").

The Honorable Sarah J. Netburn  
April 19, 2023

**WHITE & CASE**

In these actions, the Second Circuit remanded for jurisdictional discovery into allegations that "Al Rajhi Bank provided financial services and donations to charities that it knew financially supported al Qaeda and provided financial services to known extremist operatives," and did so "with the specific intent to further al Qaeda's terrorism against the United States." *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 Fed. App'x 66, 68-69 (2d Cir. 2019). The Second Circuit limited the jurisdictional discovery inquiry into the Bank's alleged support "with this specific intent" to four areas: "(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda." *Id.* This Court has underscored that the jurisdictional inquiry is limited to "whether ARB provided financial support to both charities and known extremist operatives with the specific intent that this support be used to aid in terrorist acts in the United States." Order 6 (Nov. 22, 2021), ECF No. 7378.

Plaintiffs have asserted that they seek to depose the Bank's Chairman on particular alleged "relationships" between the so-called "Da'wah Organizations," on the one hand, and the Bank, the Chairman, the former Chairman, and other Al Rajhi family members, on the other hand. *See* Apr. 19, 2023 Ltr. 1-2 (Exh. 3). But as discussed further below, Plaintiffs already seek this information from the Bank's Rule 30(b)(6) representative. And Plaintiffs have not established that the Chairman has *unique* information relating to *the Bank's* knowledge of any of these topics beyond what a Rule 30(b)(6) designee would be prepared to provide.

Indeed, Plaintiffs now refuse to provide the Bank with Plaintiffs' position on the supposedly unique information they seek from the Bank's Chairman, notwithstanding their prior agreement to do so. When the Parties met and conferred on April 13, Plaintiffs acknowledged that the Bank's objections to Plaintiffs' notice of this deposition needed to be raised with the Court, and agreed to provide the Bank with Plaintiffs' position on the "unique information" they seek in writing. *Id*. at 2. But on the morning of April 18, Plaintiffs about-faced, informing the Bank that they would not provide this information until later in the week, after the Bank's April 19 deadline to seek a protective order. *Id*.; *see also* Dec. 22, 2022 Order 1 (setting Apr. 19, 2023 deadline for application to the Court regarding conduct of discovery). That afternoon, Plaintiffs retreated further, stating in a joint letter to the Court that they would only "address the merits" of the Bank's objections, as detailed to Plaintiffs on April 13, "once ARB has filed a motion for a protective order." Jt. Ltr. 4 n.2 (Apr. 18, 2023), ECF No. 9027. Plaintiffs have thus utterly failed to establish that their planned deposition of the Bank's Chairman would be to obtain "unique" information relevant to the limited jurisdictional inquiry into the Bank's alleged conduct and mental state. Plaintiffs apparently intend to sandbag the Bank yet again in their opposition by providing there information that Plaintiffs have withheld from the Bank during the meet-and-confer process.

**2. Any Relevant Information Plaintiffs Seek Can Be Obtained By Less Intrusive Means**

The Rule 30(b)(6) deposition presents "another source [that] could provide identical information" to Plaintiffs, making a deposition of the Bank's Chairman "redundant" and unnecessary. *Treppel v. Biovail Corp.*, No. 03-cv-3002, 2006 WL 468314, at *2 (S.D.N.Y. Feb. 28, 2006). Indeed, Plaintiffs have served the Bank with a Rule 30(b)(6) notice that covers forty-five topics and eighty-

The Honorable Sarah J. Netburn
April 19, 2023

**WHITE & CASE**

three distinct subparts, which overlap with the topics for which Plaintiffs seek to depose the Bank's Chairman.

In particular, Plaintiffs seek to depose the Bank's Chairman on any "relationships" that the Bank, its former Chairman Sulaiman Al Rajhi, other Al Rajhi family members, and the Chairman himself had with the so-called "Da'wah Organizations." Yet Plaintiffs already seek Rule 30(b)(6) testimony on "ARB's knowledge of the relationships between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, [and] the Da'wah Organizations . . . with respect to" "financial contributions," "communications," and "membership or service on" boards. *See* Area of Inquiry 1, 1(a)-(d); *see also* Area of Inquiry 2, 2(a)-(g) ("ARB's knowledge of the relationships between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and the Ministry of Islamic Affairs, with respect to" "financial contributions" and "communications"); Area of Inquiry 3, 3(a)-(h) ("ARB's knowledge of communications between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and the Saudi Arabian Monetary Authority"); Area Inquiry 12, 12(a)-(e) ("ARB's knowledge of [the] relationships between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and the Suleiman Abdul Aziz Al Rajhi Charitable Foundation"); Area of Inquiry 14, 14(a)-(j) ("ARB's knowledge of the financial contributions provided to" a list of supposed beneficiaries "by ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and/or the Foundation"); Area of Inquiry 15 ("[t]he reasons for Suleiman al Rajhi's departure from, and relinquishment of control over, ARB").

The Bank has challenged many of those topics and sub-topics as overbroad and irrelevant, yet any information relevant to the limited jurisdictional inquiry into the Bank's conduct and state of mind can be obtained through an appropriately tailored Rule 30(b)(6) deposition, and the Court should preclude Plaintiffs from pursuing duplicative testimony from the Bank's Chairman for this information. *See In re Ski Train Fire of Nov. 11, 2000 Karpun Aus.*, No. MDL 1428, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006) ("[I]f [the Bank] prefer[s] to proffer a Rule 30(b)(6) witness to testify on behalf of the corporation . . . there can be no harm to Plaintiffs."); *see also Myun-Uk Choi*, 2019 WL 6271324, at *2-3 (affirming order quashing deposition of corporate executive after 30(b)(6) deposition showed executive's testimony was unnecessary). The Bank's Rule 30(b)(6) witness will be prepared to convey any responsive information that the Chairman has.

In the unlikely event Plaintiffs establish that the Bank's Chairman possesses any unique and relevant information that cannot be obtained from the Bank through its Rule 30(b)(6) witness, Plaintiffs should be required to serve focused interrogatories or a notice of a deposition by written questions. This reasonable alternative is less intrusive than compelling the Bank's Chairman to sit for a deposition. *See In re Ski Train Fire*, 2006 WL 1328259, at *10 (denying motion to compel deposition of senior executives, concluding that plaintiffs could depose a Rule 30(b)(6) witness, or, alternatively, agree with defendants on "focused interrogatories"); *see also Cmty. Fed. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 96 F.R.D. 619, 621 (D.D.C. 1983) (finding depositions of board members unnecessary where agency was willing to respond by "answering interrogatories, or by designating a single representative to speak for the agency on deposition in accordance with Fed. R. Civ. P. 30(b)(6)").

The Honorable Sarah J. Netburn
April 19, 2023

**WHITE & CASE**

**3.    Deposing The Bank's Chairman Would Create Significant Business Disruption**

Deposing the Bank's Chairman is improper for the further reason that the "[l]ikelihood of harassment and business disruption . . . is significant" both to the Chairman and the Bank. *Burns*, 2007 WL 1589437, at *3-4.

Requiring the Bank's Chairman to prepare for questioning about events occurring more than two decades ago and then sit for a full day of deposition would create a signification disruption to the organizations that he leads, including the Bank. Specifically, during the week of May 14, the Bank's Chairman is scheduled to attend several significant meetings, including an Al Rajhi Bank Board meeting, which he must chair. He is also the Chairman of the Board of two other companies, both of which have board meetings scheduled for that week that he must chair. Numerous individuals, including key executives at Al Rajhi Bank and these other organizations, have arranged their schedules and the schedules of their staff to meet with him. Several of these individuals, besides the Bank's Chairman, have made travel arrangements. On top of incurring costs to change these travel arrangements, any cancellation of these appointments will disrupt not only his schedule, but also the schedules of those other individuals and the organizations that they are responsible for, including Al Rajhi Bank. Imposing this "harassment and disruption" is unwarranted, particularly prior to determining that the Bank is subject to this Court's jurisdiction. *See, e.g.*, *Circle Click Media LLC v. Regus Mgmt. Group LLC*, No. 12-cv-04000, 2014 WL 1340674, at *2 (N.D. Cal. Apr. 3, 2014) (finding "burden and expense associated with [CFO's] deposition far outweighs the relevance of this limited issue of revenue to the already narrow scope of jurisdictional discovery").

\*    \*    \*

For the foregoing reasons, Al Rajhi Bank respectfully requests that the Court grant its motion for a protective order quashing the notice of deposition of the Bank's Chairman.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*