# Exhibit 3

**WHITE & CASE**

April 19, 2023

VIA EMAIL

Sean Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Sean:

We write to memorialize the Parties' April 13, 2023 meet-and-confer call, and to follow up on the issues raised during the Parties' discussion.

1. **Deposition Protocol**

During our March 29 call, the Bank had informed Plaintiffs that it accepted Plaintiffs' proposals for ¶¶ 75, 79-81, and the portion of ¶ 21 changing eight weeks to six weeks. In our email April 12 email, the Bank informed Plaintiffs that it would also accept Plaintiffs' proposal for ¶ 43, as well as Plaintiffs' revised proposals (sent April 12) to ¶¶ 54 and 58. The Parties remain in dispute over ¶¶ 6, 21 (in part), 56, and 63. We agreed to file a joint letter to the Court with our respective positions on the disputed provisions, along with an attached Proposed Order providing the Parties' proposals. The Parties exchanged positions and the Bank filed the letter on April 18.

2. **Fact Witness Deposition Notices**

On April 4, Plaintiffs served the Bank with notices of deposition for four witnesses, including the Bank's Chairman, Abdullah bin Suleiman al Rajhi. As the Bank explained on the April 13 call, the Bank's Chairman is a paradigmatic apex witness. *See, e.g., Myun-Uk Choi v. Tower Rsch. Cap. LLC*, No. 14-cv-9912, 2019 WL 6271324, at *2 (S.D.N.Y. Nov. 25, 2019) (explaining apex doctrine "limits discovery that is unreasonably cumulative or duplicative or is obtainable from a 'more convenient, less burdensome, or less expensive' source" (quoting Fed. R. Civ. P. 26(b)(2))). The Bank asked what unique personal knowledge Plaintiffs seek from the Bank's Chairman. *See, e.g., Burns v. Bank of Am.*, No. 03-cv-1685, 2007 WL 1589437, at *6 (S.D.N.Y. June 4, 2007) (denying motion to compel deposition of executive where plaintiffs failed to show that the proposed deponent possessed "unique, non-duplicative knowledge of relevant facts"). Plaintiffs

**WHITE & CASE**

Sean Carter
April 19, 2023

asserted that they sought information on "his, his father's, other family members', and the Bank's relationships with the Da'wah Organizations."

The Bank explained that any relevant information on these topics can be obtained from the Bank's Rule 30(b)(6) representative. In fact, Plaintiffs have already served a Rule 30(b)(6) deposition notice seeking testimony on those very topics. *See, e.g.*, Revised Notice of Rule 30(b)(6) Nos. 1, 2, 3, 12, 14, 15. Plaintiffs stated on the April 13 call that they would provide the Bank, in writing, with their position on the unique information they seek from a deposition of the Bank's Chairman, and agreed that the issue would need to be decided by the Court. The Bank followed up by email on April 17, and Plaintiffs replied on the morning of April 18 stating that they would not provide their position until later in the week (i.e., after the April 19 deadline to file any motion for a protective order).

On the call, the Bank also informed Plaintiffs that the other three individuals for whom Plaintiffs served deposition notices — Saleh bin Mansour al Jarbu, Ali Mubarak al Sfyian, and Abdel Aziz Abdel Rahman al Jarbu — are not employees of the Bank, and so the Bank cannot produce them. The Bank understands that Plaintiffs are withdrawing those notices of deposition, but may serve others.

3. **Al Rajhi Bank's Objections to Plaintiffs' Rule 30(b)(6) Notice**

The Parties walked through the Bank's objections (*see* Apr. 4, 2023 Ltr.) to the topics noticed in Plaintiffs' March 22, 2023 Rule 30(b)(6) Deposition Notice. The Bank objected to Plaintiffs' topics as overbroad, unduly burdensome, not proportional to the needs of the case, not stated with reasonable particularity, irrelevant, and outside the scope of the "limited" jurisdictional discovery inquiry. *See* Apr. 4 Ltr. 1-16.

Plaintiffs agreed to revise some of the forty-five topics and sixty-one subparts of their Rule 30(b)(6) deposition. On April 17, Plaintiffs served the Bank with a revised 30(b)(6) notice. Plaintiffs' revised notice does not remove any topics or subparts; indeed, Plaintiffs now seek testimony on forty-five topics and eighty-three distinct subparts. Plaintiffs do not appear to have narrowed any topics based on the Bank's relevance and scope objections. *See* Apr. 4 Ltr. 3-16. And despite Plaintiffs' revisions, the noticed topics remain overbroad and not stated with reasonable particularity, much less "painstaking specificity." *See* Apr. 4 Ltr. 1 (citing Order 3-4, *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, No. 14-cv-9371 (S.D.N.Y. Apr. 27, 2017), ECF No. 422 (Netburn, M.J.), *aff'd*, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017)); *see also, e.g.*, Pls. Revised 30(b)(6) Notice Nos. 12(c), 16(c) (seeking "[a]ll information concerning" topics); No. 36 ("[a]ll issues raised in"); Nos. 4, 5, 16, 38, 40, 45 (broadening scope of topics by adding "including but not limited to" indication); No. 1 (seeking information on unidentified, undefined "Principals" of "Organizations"). The Bank therefore understands that the Parties are at impasse on the Bank's objections.

4. **Al Rajhi Bank's RFAs and Interrogatories and Plaintiffs' Statement of Facts**

On the April 13 call, Plaintiffs accepted the Bank's proposal by which Plaintiffs agree to produce a statement of facts after the end of discovery, before the Bank files a motion that challenges personal jurisdiction, in exchange for the Bank's withdrawal of its Requests for Admission and

2

Sean Carter
April 19, 2023

**WHITE & CASE**

Interrogatories. The Bank filed a letter on April 17 on behalf of the Bank and Plaintiffs, requesting the Court's endorsement of the Parties' agreement.

5.  **Al Rajhi Bank's Responses and Objections to Plaintiffs' Second Set of Requests for Production**

On the April 13 call, the Parties discussed the Bank's Responses and Objections to several of Plaintiffs' Second Set of Requests for Production. After considering Plaintiffs' positions, the Bank reaffirmed its objections to Request Nos. 2-4, 7-10, and 12. Plaintiffs agreed to consider revising Request Nos. 9-10, 12.

Plaintiffs requested that the Bank confirm its position on the use of "beneficiaries" to identify recipients of funds transfers from accounts at the Bank. As explained in our January 19, 2023 Letter, for funds transfers outside the Bank, the Bank sets up a "Beneficiary" record, linked to the customer's record, identifying the beneficiary's name and account at any other domestic or international bank where the funds are to be transferred.

6.  **"Da'wah Organization" Accounts**

On the call, Plaintiffs stated that they had identified, based on Google searches, accounts that Al Haramain purportedly held at the Bank for which it did not appear the Bank had produced statements of account or Customer Information Files. Plaintiffs stated that they would provide the Bank with the account numbers by Friday, April 14, but did not do so. Instead, at 11:48 pm on April 18, Plaintiffs sent the Bank a letter listing purported "omissions," and informing the Bank that Plaintiffs "intend to raise this issue with the Court" in a motion to compel that Plaintiffs planned to file the following day. To the extent that the Bank can address Plaintiffs' belated information before Plaintiffs file their anticipated motion to compel, it will; in any event, the Bank will respond in its opposition to Plaintiffs' motion.

Sincerely,

Reuben J. Sequeira

*Counsel for Al Rajhi Bank*

cc:   Sean Carter
      J. Scott Tarbutton
      Abby J. Sher
      Robert Sheps
      James L. Bernard
      Patrick N. Petrocelli
      Christopher R. LoPalo