**WHITE & CASE**

April 19, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Al Rajhi Bank submits this letter-motion seeking a protective order to strike subject areas in Plaintiffs' Revised Notice of Oral Deposition of Defendant Al Rajhi Bank Pursuant to Rule 30(b)(6) (Exh. 1) that are overbroad, unduly burdensome, not stated with reasonable particularity, irrelevant, or beyond the scope of the limited jurisdictional inquiry authorized by the Second Circuit and ordered by this Court. The parties met and conferred by telephone on April 13, 2023, but were unable to resolve this dispute.

Under Rule 26 and Rule 30(b)(6), noticed topics "should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" Order 3, *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, No. 14-cv-9371 (S.D.N.Y. Apr. 27, 2017), ECF No. 422 (Netburn, M.J.), *aff'd*, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017). Plaintiffs must designate, "with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Id*. at 4.

The sheer volume of topics (forty-five, with eighty-three additional sub-parts) renders Plaintiffs' Notice overbroad, unduly burdensome, and not proportional to the needs of the case, particularly given the limited nature of the jurisdictional inquiry. *See Winfield v. City of New York*, No. 15-cv-05236, 2018 WL 840085, at *4 n.6 (S.D.N.Y. Feb. 12, 2018). Preparing a designee to testify on all 128 topics and subtopics would be "an impossible task." *Blackrock*, 2017 WL 3610511, at *11 (citation omitted). Although Plaintiffs served revised topics, Plaintiffs in fact added twenty-two new subtopics, and made no revisions based on the Bank's relevance objections. *See* Apr. 19, 2023 Ltr. 2 (Exh. 2). Plaintiffs' topics remain substantively overbroad, burdensome, and vague; irrelevant to the limited jurisdictional inquiry; and seek privileged information.

1. **Plaintiffs' Topics Are Overbroad, Unduly Burdensome, And Not Defined With Particularity (Nos. 1-5, 12, 13, 14, 16-35, 37, 38, 40, 45)**

Plaintiffs' topics are overbroad, unduly burdensome, and not described with requisite particularity, much less "painstaking specificity." *See* Netburn Order 3, *Blackrock*, No. 14-cv-9371.

Plaintiffs' use of the term "ARB" renders numerous topics overbroad, unduly burdensome, and not stated with specificity. The Notice does not define "ARB," but Plaintiffs previously defined it to include "Al Rajhi Bank and any branch office, ARB Principal, employee, consultant, agent,

alter ego, volunteer, or representative acting on Al Rajhi Bank's behalf." ECF No. 6996-3 at Def. 11; *id*. at Def. 12 (defining "ARB Principal" as "any ARB board member, ARB executive council member, ARB Shariah Board member, and/or any other ARB management level executive, trustee, director, or officer employed by and/or acting on Al Rajhi Bank's behalf, including without limitation, Suleiman al Rajhi, Saleh al Rajhi, Abdullah al Rajhi, Abdul Rahman al Rajhi, Abdul Aziz al Khereiji, Abdullah al Misfer, and Saleh al Hussayen"). Testifying on "ARB's" "knowledge," "relationships," "communications," "financial contributions," "understanding," "[i]nformation," or "use of email" (**Nos. 1-3, 12-14, 16-35, 37**) would be impossible.

Where Plaintiffs seek "[a]ll information concerning" (**Nos. 12(c), 16(c)**) or "[a]ll issues raised in" (**No. 36**) a subject area, it "is not possible to identify the outer limits" of the topics, and so "compliant designation is not feasible." *Blackrock*, 2017 WL 3610511, at *11 (quoting *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-cv-7350, 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008)). Likewise, topics with "including but not limited to" language (**Nos. 4, 5, 16, 38, 40, 45**) are inherently vague, overbroad, and not described with reasonable particularity or "painstaking specificity." *See Eng-Hatcher*, 2008 WL 4104015, at *5 (quashing as "overly broad" notice describing areas that "include but are not limited to" certain subjects).

The Notice is further overbroad and not stated with reasonable particularity where Plaintiffs employ vague, undefined terms. *See N. Shore Window & Door, Inc. v. Andersen Corp.*, No. 19-cv-06194, 2022 WL 16788807, at *2 (E.D.N.Y. Sept. 14, 2022) (holding plaintiff's 30(b)(6) topic failed "reasonable particularity" test "by lacking sufficient specificity and using vague and overly broad terms"). **No. 1 and its subparts** seek information on "relationships between," accounts of, contributions to, and communications between "Principals" of the "Da'wah Organizations," and information on accounts held "for the benefit of" the "Da'wah Organizations and their Principals." Complying with this request would subject the Bank to the impossible task of (a) determining who qualifies as a "Da'wah Organization Principal," (b) assessing every account at the Bank to determine whether it is held "for the benefit of" the "Da'wah Organizations" or their "Principals," and (c) preparing a 30(b)(6) witness to testify to each of the "relationships," accounts, contributions, and communications implicated by this sweeping topic.

Plaintiffs' Notice ignores this Court's prior holdings that nearly verbatim requests are overbroad. **No. 2 and its subparts** seek information "on the relationships between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and the Ministry of Islamic Affairs," as well as on "communications between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and the Ministry of Islamic Affairs." But the Court has stricken nearly identical requests in this MDL as to WAMY, where Plaintiffs sought "[a]ll information concerning the relationship between WAMY and the Kingdom of Saudi Arabia (including but not limited to . . . the Ministry of Islamic Affairs . . .)," including "[c]ommunications between WAMY and the Kingdom of Saudi Arabia." ECF No. 4571-2 at ¶¶ 1, 1(a); *see* Order 4 (ECF No. 4588) (striking ¶¶ 1, 1(a) as "overly broad and unduly burdensome"). No. 2 is *even broader* than the topics the Court denied as to WAMY, because those requests were limited to relationships and communications involving WAMY itself, whereas this request seeks information on purported relationships and communications of Sulaiman Abdulaziz Al Rajhi, whether or not within his capacity at the Bank, and "Abdul Rahman al Rajhi," who had no role at the Bank. This topic is at least as broad as Plaintiffs' document request for "all communications between the ARB Principals and the Da'wah Organizations," a request this Court denied as "overbroad," lacking "any restrictive principle," "disproportionate to the needs of this dispute," and "likely to reveal vast amounts of superfluous information." Nov. 22, 2021 Order 9.

The Honorable Sarah J. Netburn  
April 19, 2023

**WHITE & CASE**

**2. Plaintiffs' Topics Seek Information Irrelevant To The "Limited" Jurisdictional Inquiry**

The subject areas noticed by Plaintiffs also seek information that is irrelevant and beyond the scope of the Court's "limited" jurisdictional inquiry. *See* Order 2, 10 (Mar. 26, 2021), ECF No. 6681. The personal jurisdiction inquiry is limited to "whether ARB provided financial support to both charities and known extremist operatives with the specific intent that this support be used to aid in terrorist acts in the United States." Nov. 22, 2021 Order 6-8. The Second Circuit limited jurisdictional discovery to four areas: "(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda." *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 Fed. App'x 66, 68-69 (2d Cir. 2019). The topics Plaintiffs have noticed far exceed this "limited" jurisdictional inquiry.

    **a. Information That Does Not "Connect To" The Bank Is Irrelevant (Nos. 1, 2, 3, 12, 13, 14, 15, 16, 19, 25, 35, 45)**

Under the Court's November 2021 Order, to be relevant to the "limited" jurisdictional inquiry into the Bank's conduct and alleged specific intent, Plaintiffs' discovery must "necessarily connect to" Al Rajhi Bank. *See* Nov. 22, 2021 Order 13 (denying Plaintiffs' request for documents on alleged transfers of funds by Sulaiman Al Rajhi in 2002 because of insufficient nexus to the Bank). Several of Plaintiffs' noticed topics do not seek information relating to the Bank's conduct or alleged specific intent, and so do not "connect" to the Bank. These include:

- **Nos. 1(a)-(d), 2(a)-(g), 3(a)-(h), 12(a)-(e), 13(e)-(g), 14(a)-(j),** seeking information on "Abdul Rahman al Rajhi," who has never had any role at the Bank (*see* Opp. to 2d Mot. to Compel 7 (Mar. 17, 2023), ECF No. 8935).

- **Nos. 12(a)-(e), 14(a)-(j),** seeking information on the Sulaiman al Rajhi Charitable Foundation, which is not, and never has been, a parent, subsidiary, or affiliate of the Bank (*see* Apr. 11, 2023 Ltr. to Pls. 6-7 (Exh. 3)).

- **Nos. 1(a)-(d), 2(a)-(g), 3(a)-(h), 12(a)-(e), 13(e)-(g), 14(a)-(j), 15, 19, 25, 45(b),** seeking information on Sulaiman Abdulaziz Al Rajhi, without regard for whether the information sought implicates his activities involving or on behalf of the Bank.

- **No. 16 and its subparts,** seeking information on Saleh al Hussayen and his alleged 2001 travel, even though the Bank has confirmed to Plaintiffs that Hussayen served on the Bank's Sharia Board only until 1999 and was never a Bank employee. *See* Pls. 2d Mot. to Compel Exh. 2 at 3.

- **No. 35 and its subparts,** seeking information on Towayan Abdallah al Towayan, even though the Bank confirmed to Plaintiffs that this individual was a mid-level employee, and never a "high-ranking executive" of the Bank, and so discovery into his conduct is not relevant to show Bank conduct or specific intent and has not been authorized by the Court. *See* Exh. 3 at 3-4; *see also* Nov. 22, 2021 Order 9 (granting discovery into Bank's "high-ranking executives"). The FBI Reports Plaintiffs rely on for this request underscore the irrelevance of any discovery about Towayan. The FBI reports cite specific records and intelligence controverting the FBI's earlier conclusion that Towayan overlapped with the hijackers in the United States. *See* Sept. 27, 2001 FBI Report at EO 14040-002857-59 (rental records showing Towayan moved into Parkwood

Apartments Apr. 7, 2001 and moved out Aug. 5, 2001); EO14040-002209 (rental records showing that al Qaeda operatives Mihdar and Hazmi *vacated* Parkwood Apartments in May 2000). The 9/11 Commission Report (incorporated by reference into Plaintiffs' First Amended Complaint, *see, e.g.*, FAC ¶¶ 252-66 (ECF No. 56)) confirms this updated FBI intelligence. *See* 9/11 Commission Report Ch. 7 (Midhar moved back to Yemen on June 9, 2000); *id*. (after Hanjour's Dec. 8, 2000 arrival, Hazmi and Hanjour left San Diego "almost immediately and drove to Arizona"); *id*. (Hanjour and Hanzi arrived in Falls Church, VA as early as Apr. 4, 2001).

### b. Information Unrelated To The Limited Jurisdictional Inquiry Is Irrelevant (Nos. 2, 13, 14, 36)

Several of Plaintiffs' noticed topics exceed the scope of the jurisdictional discovery ordered by the Court, because they seek information on purported accounts, transactions, communications, and undefined "relationships" beyond the "limited" jurisdictional inquiry into "whether ARB provided financial support to both charities and known extremist operatives with the specific intent that this support be used to aid in terrorist acts in the United States." Nov. 22, 2021 Order 6-8. These include:

- **No. 2 and its subparts,** seeking information on "ARB's knowledge of the relationships between ARB, Suleiman al Rajhi, Abdul Rahman al Rajhi, and the Ministry of Islamic Affairs," including "with respect to . . . Khalid al Sowailem and the Da'wah Office in America . . . operating out of the Saudi Embassy in Washington D.C."; in fact, none of these is mentioned in Plaintiffs' Complaint or alleged to be a charity supporting al Qaeda or "known extremist operative."

- **No. 13 and its subparts,** seeking information on "ARB's relationship with Chase Manhattan Bank." The Court has already denied Plaintiffs' similar request for "discovery into virtually every transaction ARB had in the United States from 1998 to 2002 regardless of whether the transacting parties were even associated with al Qaeda." Nov. 22, 2021 Order 11-12. No. 13 and its subparts seek broader discovery than the requests the Court has already denied, because No. 13 seeks information on purported "relationships," not just transactions, the time period for this topic extends until 2004, and the topic covers "charitable donations to beneficiaries *overseas* on behalf of Suleiman al Rajhi," not just in the United States.

- **No. 14 and its subparts,** seeking information on ten individuals and entities, none of which is mentioned in Plaintiffs' Complaint, much less alleged to be a charity supporting al Qaeda or "known extremist operative."

- **No. 36,** seeking information on *Al Rajhi Banking & Investment Corp. v. Wall Street Journal Europe*, [2003] EWHC 1358 (QB), a separate litigation in the United Kingdom. This litigation involved defamatory statements against the Bank by a media entity and is irrelevant to the present jurisdictional inquiry. The topic is also overbroad, because it seeks to cover an *entire foreign litigation* without any restrictive principle.

### c. Information "Temporally and Geographically" Removed From The 9/11 Attacks Is Irrelevant (Nos. 3, 9, 13, 14, 15, 20, 23, 24, 26, 36, 38, 44)

Plaintiffs' Notice further defies the Court's admonition that the discovery sought is irrelevant and beyond the permitted scope if the request is "too far removed both temporally and geographically from the September 11 Attacks," lacks "any connection . . . to specific attacks inside the United

States," or concerns "entities that have no apparent connection to the United States." Nov. 22, 2021 Order 10, 13-14 (denying Plaintiffs' request for documents relating to "AHIF activities in Bosnia" and transfers to Germany and Indonesia). Topics seeking information geographically "far removed" from the United States are thus irrelevant and beyond the scope of jurisdictional discovery. *See* **Nos. 14(b)** ("Saudi Embassy in Zambia"), **14(c)** ("Religious Attaché Office in Sudan"), **14(f)** ("Al Noor Mosque, Berlin, Germany"), **14(i)** ("Al Furqan Institute," an alleged "Bosnia-based NGO" (FAC Exh. A ¶ 204) (ECF No. 56-1)); **20** ("al Qaeda fighters in Chechnya"), **22** ("Islamic extremists in Yemen"), **24** ("Bosnian Mujahideen"), **and 26** ("Afghan Mujahideen").

Furthermore, *all* of Plaintiffs' topics seek irrelevant information beyond the scope of the limited jurisdictional inquiry because the Notice includes no temporal limitations and ignores the relevant time period ordered by the Court. Some topics *expressly* seek information outside the Court-ordered discovery period. *See* **Nos. 3(f)** (seeking information on treatment of Al Haramain and IIRO accounts after the organizations' 2008 and 2006 OFAC designations), **7** (seeking information after Dec. 31, 2002), **9** (same), **13(a) and (c)** (same), **15** (seeking information on Sulaiman Abdulaziz Al Rajhi's 2014 departure from the Bank), **23** ("the early 1980s"), **26** ("the early 1990s"), **36** ("2003"), **38** ("in 2009"), **44** ("through the present").

### d. Information On Unauthorized Collateral Discovery Is Irrelevant (Nos. 37-39)

Discovery on discovery, or collateral discovery, is generally "frowned upon." *E. Mishan & Sons, Inc. v. Tekno Prods*, No. 19-cv-1910, 2020 U.S. Dist. LEXIS 212121, at *2 (S.D.N.Y. Nov. 12, 2020). The requesting party must provide "an adequate factual basis" that collateral discovery is warranted, and requests should be "closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15-cv-0293, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (citation omitted). **Nos. 37-39,** which seek information on "ARB's use of email" and the Bank's 2009 email archive server crash, amount to unauthorized collateral discovery, and have no relevance to the limited jurisdictional inquiry.

### 3. Plaintiffs' Topics Seek Privileged Information (Nos. 38(k), 45)

Information relating to a litigation hold is protected by both the attorney-client privilege and work-product doctrine, and is therefore immune from discovery. *See, e.g.*, *Pearlstein v. BlackBerry Ltd.*, No. 13-cv-07060, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (holding that litigation hold notice is "just like any other communication with counsel," and denying motion to compel production of hold notice). **Nos. 38(k) and 45 (including subparts)** seek information on "any litigation hold." Not only are these topics overbroad and irrelevant, as discussed above, but they also seek privileged information. Testimony on these topics would necessarily "reflect[] counsel's mental processes about factual information needed for . . . legal actions" as well as "legal advice." *Id.*

*     *     *

For the foregoing reasons, Al Rajhi Bank respectfully requests that the Court grant the Bank's motion for a protective order and strike the topics identified above from Plaintiffs' Revised Notice of Rule 30(b)(6) Deposition.

The Honorable Sarah J. Netburn
April 19, 2023

WHITE & CASE

Respectfully submitted,

/s/ *Nicole Erb*
Christopher M. Curran
Nicole Erb
Reuben J. Sequeira
WHITE & CASE LLP

*Counsel for Al Rajhi Bank*

6