# Exhibit 3

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

April 11, 2023

VIA EMAIL

Sean Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Sean:

This letter is regarding Plaintiffs' Second Set of Document Requests, including the Bank's Responses and Objections, the issues raised during our March 29, 2023 meet and confer call, and Plaintiffs' letter dated April 4, 2023.

As we noted on the call, the Bank served its Responses and Objections to Plaintiffs' Second Set of Document Requests on March 6, 2023, three days before the deadline to respond. Plaintiffs did not respond in writing, nor did they ask to meet and confer until the Bank asked on March 23 to meet and confer on the Bank's own Requests, at which point Plaintiffs stated they were available on March 29 to meet on both the Bank's Requests and Plaintiffs' Requests.

Contrary to Plaintiffs' suggestion that they came to the March 29 call "prepared to discuss their positions," Pls. Apr. 4 Ltr. 1, Plaintiffs merely pressed the Bank on whether it had reconsidered its objections. As we stated on the call, Plaintiffs did not provide additional reasoning to support their Requests, or any basis on which the Bank should reconsider its objections. Nor did Plaintiffs propose any narrowing of their Requests. Instead, Plaintiffs insisted that, because the Bank was unwilling to "reconsider" its objections — without being offered any reason to do so — the Parties were necessarily at "an impasse." This engagement was neither "productive" nor "fruitful." *Id.*

Although Plaintiffs discussed only twelve of their twenty Requests during the call, their April 4 letter states that, "based on the discussions during the March 29, 2023 meet and confer, we will consider us at an impasse as to each of the requests." Plaintiffs have thus apparently declined the Bank's offer during the call to continue the discussion and instead have declared "an impasse" on eight Requests that the Parties have never even discussed.

**1.    The Bank's Objections Based On Saudi Law**

When we asked Plaintiffs during the March 29 call to provide additional reasoning that might persuade the Bank to reconsider any of its objections, Plaintiffs instead demanded for the first time

Sean Carter
April 11, 2023

that the Bank provide Plaintiffs "the language" of the Saudi laws and regulations that the Bank has cited in its objections and in its briefs to the Court.  *See* Objs. to Pls. 2d Requests Nos. 1-20; Opp. to Pls. 2d Mot. to Compel 14-15.  As we explained on the call, the issue of the Bank's objections based on Saudi law is fully briefed before the Court.  *See* Opp. to 2d Mot. Compel 14-15.  In any event, on January 19, 2023 the Bank identified for Plaintiffs the specific laws and regulations that form the bases of the Bank's objections.  *See* Jan. 19, 2023 Ltr. 3.

2. **Plaintiffs' Second Request No. 1**

On the March 29 call, Plaintiffs asked whether the Bank's position had changed with respect to its Responses and Objections to Plaintiffs' Second Request No. 1 that explain in detail why this Request is vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs' Second Request No. 1 seeks "account and transaction records retrievable from ARB's Core Banking System and the complete Know-Your-Customer ('KYC') files for all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of" various individuals, as well as "any ARB account for any entity in which [these] individuals held any beneficial interest, and/or any ARB account over which [these] individuals had signatory authority or had any actual or potential beneficial interest."  As the Bank stated in its Responses and Objections, among the flaws of this Request are that it seeks information about individuals and matters that are not relevant to the jurisdictional inquiry, not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Discovery Order, which denied a similar but even narrower Request from Plaintiffs.  *See* Nov. 22, 2021 Order 11-12.  Furthermore, this Request calls on the Bank to examine every account at the Bank to determine whether any of these individuals have "any actual or potential interest" in the account. As we stated on the call, Plaintiffs have provided no basis for the Bank to reconsider its objections, and so the Bank stands on its objections.

3. **Plaintiffs' Second Request No. 5**

In its Response and Objections, the Bank agreed, subject to its objections, to "conduct a reasonable and proportionate search for transaction details and information retrievable in Al Rajhi Bank's Core Banking System for the distributions by check identified in the Foundation's account statements at ARB 38079-38107 and ARB 39948-38859 (ARB Account No. SA[REDACTED]6006)," and, "[i]n conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities," to "produce any relevant, reasonably accessible, non-privileged documents responsive to this request."  The Bank is making a production to Plaintiffs today, and will make a further production by April 14, 2023.

4. **Plaintiffs' Second Request No. 6**

On the March 29 call, Plaintiffs asked whether the Bank's position has changed with respect to its Responses and Objections to Plaintiffs' Second Request No. 6 that explain in detail why this Request is vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs' Second Request No. 6 seeks "all documents relating to shared

2

WHITE & CASE

Sean Carter
April 11, 2023

personnel, shared office or building space, shared contact information and addresses, and/or shared IT infrastructure (e.g., email servers, network servers, shared drives, network storage, backup systems, and data center facilities), between ARB and the Foundation." As the Bank stated in its Responses and Objections, among the flaws of this Request are that it seeks documents that are not relevant to the jurisdictional discovery inquiry, not related to matters raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Discovery Order. Indeed, the Request has no restrictive principle. As we stated on the call, Plaintiffs have provided no basis for the Bank to reconsider its objections, and so the Bank stands on its objections.

**5.     Plaintiffs' Second Request No. 11**

On the March 29 call, Plaintiffs asked whether the Bank's position has changed with respect to its Responses and Objections to Plaintiffs' Second Request No 11 that explain in detail why this Request is vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case because, among other things, it seeks documents that are irrelevant and privileged concerning the 2009 failure of the Bank's email archive server. As we stated on the call, Plaintiffs have provided no basis for the Bank to reconsider its objections.

Plaintiffs' April 4 letter (at 3) fails to establish the relevance of this Request, which seeks "discovery on discovery" that is unrelated to the limited jurisdictional discovery authorized in the Second Circuit's Summary Order and the November 22, 2021 Discovery Order. Plaintiffs' speculative and inflammatory assertion, raised for the first time in their letter, that the email archive server failure purportedly "concerns a potential *destruction* of emails directly responsive to discovery mandated by the Second Circuit in the Court's November 22, 2021 Discovery Order," and that "[s]uch discovery would be relevant to issues of potential *spoliation* of evidence," is baseless and should not be credited. Pls.' Apr. 4 Ltr. 3 (emphases added). *See Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (explaining that a "party must provide 'an adequate factual basis' for its belief that discovery on discovery is warranted," and court should "closely scrutinize[]" request "in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*") (quoting *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014)).

During the call, Plaintiffs repeated their request for information on "any litigation hold" in place at the Bank before the 2009 server failure, but as the Bank explained on the call, that information is privileged. *See, e.g.*, *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (stating that a litigation hold notice is "just like any other communication with counsel," and denying motion to compel production of hold notice as "protected both by the attorney-client privilege and work product doctrine").

**6.     Plaintiffs' Second Request Nos. 13-17**

On the March 29 call, Plaintiffs asked the Bank for the first time for more information related to "Towayan Abdallah al Towayan," the subject of Plaintiffs' Request Nos. 13-17 in Plaintiffs' Second Set of Document Requests. In the Bank's Responses and Objections, the Bank explained

3

**WHITE & CASE**

Sean Carter
April 11, 2023

in detail why these Requests seek irrelevant information and are vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case.  *See* Objs. to Request Nos. 13-17.  Plaintiffs have not responded to those Responses and Objections.  Instead, Plaintiffs used the call to insist that the Bank rearticulate its relevancy objections.

During the call, Plaintiffs asked for the first time whether "Towayan Abdallah al Towayan" was ever an employee of the Bank.  We can confirm that an individual by this name held mid-level positions at the Bank from 1996 to 2002.  As the Bank stated in its objections, this individual was not an officer or director of the Bank, and thus his conduct is not relevant to show any specific intent or conduct by the Bank.  *See* Objs. to Request Nos. 13-17.

Furthermore, as shown in the Bank's Objections to Request Nos. 13-17 to which Plaintiffs have not responded, a comprehensive review of the FBI Reports, as well as the 9/11 Commission Report, makes clear that the information sought by these Requests is irrelevant.  *See* Objs. to Request Nos. 13-17; *see also* April 4 Ltr. to Pls. at 13 (pointing to records and updated FBI intelligence controverting the FBI's earlier conclusion that Towayan overlapped with certain 9/11 hijackers in the United States).  The Bank has thus shown that the FBI reports, far from "form[ing] the basis for Plaintiffs['] good faith belief that discovery as to Towayan is directly relevant to the jurisdictional analysis," Pls. Apr. 4 Ltr. 2, actually negate Plaintiffs' rationale for these Requests.

**7.    Plaintiffs' Second Request No. 18**

On the March 29 call, Plaintiffs asked whether the Bank's position has changed with respect to its Responses and Objections to Plaintiffs' Second Request No. 18.  This Request seeks "all documents identifying all other individuals ARB sponsored, assisted, funded, or supported for relocation or transfer to the United States, for educational, academic, or other activities in the United States."  As the Bank stated in its Responses and Objections, among the flaws of this Request are that it has no restrictive principle, seeks documents that are not relevant to the jurisdictional discovery inquiry and not related to individuals and matters raised by the pleadings, and is beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Discovery Order.

During the call, Plaintiffs suggested that they believe this Request is relevant because, Plaintiffs assert, they are entitled to information about "other ARB employees" that Al Rajhi Bank purportedly may have "deployed" to the United States "during the relevant period," and who purportedly may have had contacts with terrorist networks in the United States.  *See also* Pls. Apr. 4 Ltr. 2-3.  As we noted on the call, this characterization contradicts the broad language of the Request, which seeks "*all* documents identifying *all* other individuals ARB sponsored, assisted, funded, or supported for relocation or transfer to the United States, for educational, academic, *or other* activities in the United States," with no restrictive principle related to the identity of the individuals involved, the time period, or the Bank's purported purpose. (Emphases added).  Even if the Request were so narrowed, it would still be a blatant and impermissible fishing expedition.  To the extent Plaintiffs rely on erroneous assertions about Towayan to seek information about "other" Bank employees, this Request is baseless, *see supra*.

4

**WHITE & CASE**

Sean Carter
April 11, 2023

Plaintiffs' April 4 letter (at 2-3) focuses only on the Bank's burden objections, but as the Bank made clear on the call and in its Objections, the Bank objects to this Request because it seeks documents that are not relevant, is overbroad, unduly burdensome, not proportional to the needs of the case, vague, ambiguous, imprecise, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order. Plaintiffs have not meaningfully responded to any of these objections, which the Bank explained in detail, *see* Objs. to Pls. 2d Request No. 18, and have provided no basis for the Bank to reconsider its objections. As we stated on the call, the Bank thus stands on its objections to this Request.

**8.    Plaintiffs' Second Request No. 19**

On the March 29 call, Plaintiffs asked whether the Bank's position has changed with respect to its Responses and Objections to Plaintiffs' Second Request No. 19 that explain in detail why this Request is vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs' Second Request No. 19 seeks "all documents relating to any investigation, inquiry, review, or audit conducted by ARB, the Saudi government, and/or the United States government which references or addresses any of the individuals, entities, accounts, transactions, and/or events identified in Request Nos. 1- 18." As the Bank stated in its Responses and Objections, among the flaws of this Request are that it has no restrictive principle, it seeks documents that are not relevant to the jurisdictional discovery inquiry and not related to matters raised by the pleadings, is beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Discovery Order, and is cumulative and duplicative of Requests in Plaintiffs' First Set of Document Requests. As we stated on the call, Plaintiffs have provided no basis for the Bank to reconsider its objections, and so the Bank stands on its objections.

Plaintiffs' only justification for this Request, as Plaintiffs explained on our call, is that the Request acts as a "catchall" to capture any investigative materials that might otherwise be withheld. Plaintiffs' characterization of this Request only supports the Bank's objections that among its other flaws Request No. 19 is overbroad, unduly burdensome, cumulative, and duplicative. *See, e.g.*, Nov. 22, 2021 Order 12 (denying as "unduly burdensome and cumulative" Request seeking "all documents" related to inquiries "already covered by other requests"). In any event, as we stated on the call, the Bank has not withheld any relevant, reasonably accessible, non-privileged documents responsive to Requests granted by the Court. This is also true for documents responsive to Request Nos. 47-54 in Plaintiffs' First Set of Document Requests, as to which Request No. 19 in Plaintiffs' Second Set of Document Requests is cumulative and duplicative.

**9.    Plaintiffs' Second Request No. 20**

On our March 29 call, Plaintiffs asked whether the Bank's position has changed with respect to its Responses and Objections to Second Request No. 20 that explain in detail why this Request is vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs' Second Request No. 20 seeks "all documents relating to" a letter from Sulaiman Al Rajhi (then Chairman of the Bank) to IIRO explaining that he had sent many letters of resignation from the IIRO board, and was attaching copies of those letters. ARB-00039593. As the Bank stated in its Responses and Objections, among the flaws of this Request are that it

5

Sean Carter
April 11, 2023

would require the Bank to search documents and repositories not within the control of the Bank, it has no restrictive principle, it seeks documents that are not relevant to the jurisdictional discovery inquiry and not related to matters raised by the pleadings, is beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Discovery Order, and is cumulative and duplicative of Requests in Plaintiffs' First Set of Document Requests. As we stated on the call, Plaintiffs have provided no basis for the Bank to reconsider its objections, and so the Bank stands on its objections.

This Request sets the relevant time period for each of the Request's four subparts (a-d) as January 1, 1992 through December 31, 2002, in clear defiance of the November 2021 Discovery Order, which set January 1, 1998 as the proper start date.

As the Bank has repeatedly explained, *see* Objs. to 2d Request No. 20; Jan. 27, 2023 Ltr. 1-2, including on the March 29 call, the letter that the Bank produced is dated April 11, 1998, and so is within the relevant time period ordered by the Court. As stated in the letter, the letter attaches several earlier letters. ARB-00039594-605. The Bank thus produced the letter and its attachments. Producing this letter in the form in which it is ordinarily maintained at the Bank does not obligate the Bank to search for additional documents outside the Court-ordered relevant period. *See* Fed. R. Civ. P. 34(b)(2)(E).

Contrary to Plaintiffs' letter (at 3), we did not agree on the March 29 call to reconsider the Bank's position on Request Nos. 20(a) and (b). Rather, we asked whether Plaintiffs were narrowing their Request to include only subparts (a) and (b) and withdrawing subparts (c) and (d). Yet Plaintiffs stated on the call that they were not narrowing their Request, and Plaintiffs' April 4 letter likewise does not propose any narrowing.

### 10. Plaintiffs Request Nos. 2-4, 7-10, 12

At the end of the call, we asked if Plaintiffs would like to continue the discussion the next day, March 30. Plaintiffs stated that they would need to confer among themselves, and might want to meet on Monday, April 3. Plaintiffs never contacted the Bank about continuing to meet and confer, and thus the Parties have not discussed Plaintiffs' Requests Nos. 2-4, 7-10 & 12. Nor have Plaintiffs replied in writing to the Bank's written objections to these Requests. Plaintiffs did not discuss these Requests with any specificity in their April 4 letter. Instead, Plaintiffs state with respect to each of these Requests that Plaintiffs "understand that we are at an impasse concerning the remaining requests as [Al Rajhi Bank] continues to assert that the remaining requests are not relevant to the jurisdictional inquiry." Pls. Apr. 4 Ltr. 4. With no engagement at all from Plaintiffs on any of these Requests, the Bank has no reason to "reconsider its position," *id*. Nor does the Bank believe that Plaintiffs have met their obligation to meet and confer in good faith.

### 11. Sulaiman Abdul Aziz Al Rajhi Charitable Foundation

On the call, and again in Plaintiffs' April 4 letter, Plaintiffs ask the Bank to "explain when the Suleiman Abdul Aziz Al Rajhi Charitable Foundation was set up as a separate juridical entity recognized by the Saudi government." Plaintiffs stated on the call that the basis of this request is

6

**WHITE & CASE**

Sean Carter
April 11, 2023

Plaintiffs' understanding that the Foundation was not a separate entity from the Bank during the relevant period.  But Plaintiffs have offered no basis for this purported understanding.  As the Bank has explained in the Bank's April 4 letter to Plaintiffs, the Foundation is not a parent, subsidiary, or affiliate of the Bank.  *See* Apr. 4 Ltr. to Pls. 9-10.  In any event, the Bank has also explained that it searched both its own accounts *and* all Foundation accounts at the Bank for any potential donations to the charities at issue, and has produced the responsive transactions that it found.

*   *   *

We remain available to meet and confer on Plaintiffs' Second Set of Document Requests.

Sincerely,

[signature]

Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*

cc:     Sean Carter
        J. Scott Tarbutton
        Abby J. Sher
        Robert Sheps
        James L. Bernard
        Patrick N. Petrocelli
        Christopher R. LoPalo

7